# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) CASE NO.  1:17 MD 2804 ) ) JUDGE DAN AARON POLSTER ) ) MINUTES OF TELECONFERENCE ) and |
| This document applies to All Cases. | ) SCHEDULING ORDER ) |

The Court held an initial teleconference with Counsel in this Multidistrict Litigation ("MDL") on December 13, 2017.  As a preliminary matter, the Court thanked Attorney James Peterson and his staff (especially Pamela Perkins and Attorney Aaron Harrah) for their help in organizing the teleconference.

The Court then reported that the main MDL docket is now up and running, and most of the 64 cases identified in the initial Transfer Order have been successfully transferred to this Court.

The Court noted that any lawyers in the MDL who have Electronic Case Filing accounts in federal district courts across the country need not file Pro Hac Vice Motions in this district court.  The Court also noted that lawyers who have already filed notices of appearance in the transferor courts need not file notices of appearance when their cases are transferred here.

The following agenda items were discussed.

**1.    Organization of Counsel**

It was agreed that, no later than 12:00 noon Eastern Time on Wednesday, December 20, 2017, Counsel for Plaintiffs and Defendants shall file a Motion to Approve Liaison Counsel and

Steering Committees.  The Court suggested there be a single Defendants' Steering Committee with at least one representative from each of the categories of Defendants (Manufacturers, Distributors, Physicians).  The Court wants three Liaison Counsel for Plaintiffs and three Liaison Counsel for Defendants.  These attorneys should be prepared at a moment's notice to participate in brief, impromptu teleconferences with the Court and, if one or two of the three Counsel are unavailable, the other(s) will be able to participate on behalf of all three.

**2.     Appointment of a Special Master**

All agreed with the Court's suggestion that it would be beneficial to appoint a Special Master to assist in handling this MDL.  So, no later than 12:00 noon Eastern Time on Wednesday, December 20, 2017, Counsel shall caucus and file any recommendations of specific persons.

**3.     Remand Motions**

There are currently pending 16 cases with remand motions where Defendants removed the case to federal court based ostensibly on diversity jurisdiction, contending that the non-diverse Distributor Defendants were fraudulently joined.  Plaintiffs have filed motions to remand arguing that those Defendants were not fraudulently joined.  The Court explained that it would be better to leave the motions pending for the time being for reasons stated on the record, and Counsel agreed.

There is, however, one remand motion pending in a case that Defendants removed to federal court a second time, after the district judge granted plaintiffs' motion to remand.  *State of West Virginia, et al. v. McKesson Corp.*, C.A. No. 2:17-03555.  The Court has directed the Clerk of Court to transfer that case back to the transferor court for a ruling on the pending motion to remand.  Should the district judge deny the motion, it shall transfer the case back to this MDL.

**4.     Cases Filed by Non-Government Entities and Cases Filed by Individuals**

All but about 7 or 8 cases of the 64 cases initially transferred here by the Judicial Panel on Multidistrict Litigation were brought by government entities.  The Court anticipates that many more non-government entities, including hospitals and Indian tribes, and individuals will be filing cases in this MDL.  The Court has discretion over how to organize the MDL and asked Counsel to consider and provide suggestions on how the Court should handle the non-government cases.

**5.     Exploring Early Resolution**

The Court stated that it intends to explore early resolution with Counsel at the next in-person conference, and it will discuss resolution with Counsel representing the various parties separately.

**6.     Next Conference**

The Court has scheduled a conference beginning at **9:00 a.m. on Tuesday, January 9, 201**8  This is an in-person conference for Counsel only.  At that time, the Court will, among other things, schedule an in-person conference for Counsel, clients and insurance representatives.

**7.     State and Federal Cases**

Attorney Joe Rice, who represents parties in California state court cases that commenced in 2014, has agreed to provide the Court with suggestions on how to coordinate discovery between the state and MDL cases.  Attorney Mark Troutman, who represents the Ohio Attorney General, agreed to provide the Court with a list of related state court cases.

**8.     Miscellaneous**

The Court agreed that Plaintiffs and Defendants may each email to the Court, **no later than 12:00 noon Eastern Time on Friday, January 5, 2018**, suggestions they believe will

assist the Court in organizing and managing this MDL.  These suggestions should be exchanged.  If Plaintiffs and/or Defendants have suggestions relative to settlement, they may email them to the Court without exchanging them.

9. The Court **granted** Counsel's verbal request to extend the deadline for achieving service to 60 days after the expiration of the time period under Fed. R. Civ. P. 4(m).  Because the Court is still in the early stages of organizing the MDL, the Court has put a **moratorium** on all filings, other than the ones mentioned herein, for 60 days.

**IT IS SO ORDERED.**

 /s/ *Dan A. Polster     December 14, 2017*
**Dan Aaron Polster**
**United States District Judge**