UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | * | MDL No. 2804 |
| | * | |
| OPIATE LITIGATION | * | CASE NO. 1:17CV2804 |
| | * | |
| | * | JUDGE DAN AARON POLSTER |
| | * | |
| *This document relates to: All cases* | * | |
| | * | |
| | * | |
| | * | |

*******************************************

**MEMORANDUM IN RESPONSE TO MOTION FILED TO APPROVE A LIST OF INDIVIDUALS TO SERVE AS CO-LEADS, CO-LIAISON AND A PLAINTIFFS EXECUTIVE COMMITTEE ON BEHALF OF PLAINTIFFS IN THIS MDL ALSO TO APPOINT LIAISON COUNSEL AND LEADERSHIP COMMITTEES FOR A SEPARATE CASE TRACK FOR LABOR UNIONS AND THIRD PARTY PAYOR PLAINTIFFS'**

I.  **INTRODUCTION**

This Honorable Court held a telephone conference on December 13, 2017 during which the Court requested plaintiffs' counsel meet and confer regarding recommendation for liaison and steering committees. The Court requested recommendations be submitted to the Court by noon eastern time on December 20, 2017.[1]

On December 18, 2017, Plaintiffs' Counsel held an Organizational Meeting in Cleveland, Ohio where the leadership organizational structure was discussed.  At that meeting, a slate of counsel was presented and approved by a voice vote.  Shortly before the noon deadline on December 20, a motion entitled Plaintiffs' Motion to Approve Co-Leads, Co-Liaisons, and

---

[1] Rec doc. 16 p. 50, l. 13-20.

1

Plaintiffs' Executive Committee was filed (Record Doc. 16) seeking the appointment of the slate of counsel presented at the December 18, 2017 organizational meeting.

This response memorandum is presented by a group of attorneys who represent Third Party Payors (TPP's). TPP's are Health Insurers, Union Health, Welfare, and Benefit Funds, and other end payors who provide health and welfare benefits including prescription drug benefits. This category of plaintiffs comprises large national health insurers, international union health and welfare funds, and small local union health and welfare funds, and everything in between, making up a class of more than 30,000 health insurers, union funds, and other end payors. The TPP's pay for and/or provide reimbursement for some or the entire purchase price on behalf of their members for prescription, including prescription opioids which are manufactured, marketed, promoted, sold, and/or distributed by the Defendants. In addition, unlike governmental entities and other plaintiff categories, TPP's damages can be determined from the review and analysis of their prescription purchases during the relevant period. As such, the presence of TPPs in the litigation will result in defenses that are unique to TPP's, certain discovery that is unique to TPP's, settlement discussion that is unique to TPPs, as well as litigation strategies and motion practice that is unique to TPPs. Thus, the TPPs suggest that in addition to the slate of counsel submitted by Plaintiffs on December 20, a separate TPP track and leadership committee to manage those issues that are unique to TPPs.

Such an approach has been used in other complex litigation. Indeed, just this summer *in In re Generic Pharmaceutical Pricing Antitrust Litigation*, MDL 2724, Judge Rufe appointed three separate plaintiff steering committees consisting of a Direct Purchasers PSC, and End Payor (i.e., Third Party Payor) PSC, and an Indirect Reseller PSC.[2]

---

[2] See attached *in In re Generic Pharmaceutical Pricing Antitrust Litigation*, MDL 2724, PTO 21 (entered May 19, 2017).

2

On December 21, 2017 the Plaintiffs filed an amended Motion to Approve Co-Leads, Co-Liaisons, and Executive Committee.[3] In that amended motion, the plaintiffs suggest the creation of Plaintiff Steering Committees to be composed of lawyers who represent many of the diverse interests and wide range of categories of clients that are part of this litigation.[4] As stated above one such category is the Third-Party Payor, and in keeping with the plaintiffs' suggestion to appoint PSC's, undersigned counsel suggests the appointment of a TPP PSC comprised of the lawyers listed, *infra.*

Counsel for the TPP Plaintiffs held a telephone conference on December 19, 2017, during which the proposed TPP track committees were discussed. Afterwards, upon reviewing the slate of committee members proposed by the Plaintiffs in their Motion, James Dugan recognized the absence of John Climaco from the proposal. He contacted Mr. Climaco about participating on behalf of TTP and unions due to Mr. Climaco's extensive experience representing unions.

To date there are 179 opioid cases which have been transferred into the MDL, of which 173 are on behalf of states, counties, and other governmental entities. To date there are ten TPP cases transferred or to be transferred to the MDL:

   a. *Sheet Metal Workers Local 25 Health & Welfare Fund on behalf of itself and all others similarly situated v. Purdue Pharma, LP, et al*, No.17-cv-5079;

   b. *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania on behalf of itself and all others similarly situated  v. Purdue Pharma  LP, et al*. No. 17-cv-5078.

   c. *Philadelphia Federation of Teachers Health and Welfare Fund, Individually and on Behalf of All Others Similarly Situated v Purdue Pharma, LP, et al*., No 2:17-cv-4746;

   d. *IBEW Local 38 Health and Welfare Fund, on behalf of itself and all others similarly situated v. Purdue Pharma, LP, et al*, 1:17-cv-02171 (ND Ohio).

---

[3] Record Doc. 17.
[4] *Id*., p.2

e. *Laborers 17 Health Benefit Fund v. Purdue Pharma, L.P., et al*, 1:17-cv-09877- (S.D.N.Y.)

f. *Teamsters Local 493 Health Services and Insurance Plan v. Purdue Pharma, et al.,* Case No.: 3:17-cv-02092 (D. Conn.);

g. *Teamsters Local 671 Health Services and Insurance Plan v. Purdue Pharma, et al.,* Case No.: 3:17-cv-02093 (D. Conn.);

h. *Teamsters Local 677 Health Services and Insurance Plan v. Purdue Pharma, et al.,* Case No.: 3:17-cv-02094 (D. Conn.);

i. *IBEW Local 90 Benefits Plan v. Purdue Pharma, L.P., et al*., Case No.: 3:17-cv-02095 (D. Conn.);

j. *Teamsters Health Services and Insurance Plan Local 404 v. Purdue Pharma, LP et al*., 3:17-cv-12342 (D. Mass).

Inasmuch as during the telephone conference on December 13, 2017, the possibility of separate case tracks and leadership were discussed; and further that plaintiffs have amended their motion to suggest, consistent with the Manual For Complex Litigation (4th Edition), the creation of PSCs, the undersigned Third Party Payor counsel have conferred and agreed upon the following leadership committees and liaison counsel for the TPP Plaintiffs' Case Track, which they now submit for the Court's consideration:

Co-Lead Counsel
- James Dugan – The Dugan Law Firm
- Gerry Lawrence – Lowey Dannenberg Cohen & Hart, P.C.
- John Climaco, Climaco, Wilcox, Peca & Garofoli, L.P.A

Liaison Counsel
- John R. Climaco, Climaco, Wilcox, Peca & Garofoli, L.P.A

Executive Committee
- Frank Schirripa – Hach Rose Schirripa & Cheverie LLP
- Pam B. Slate and Mark M. Sandmann – Hill, Hill, Carter, Franco, Cole & Black, P.C.
- Adam Pessin – Fine, Kaplan & Black, R.P.C.
- Eric Young and Jayne Goldstein – Sheperd, Finkelman, Miller & Shaw, LLP
- James L. Ferraro – The Ferraro Law Firm, P.A.

4

The Third Party Payor Plaintiffs' Liaison Counsel and Leadership Committees will work in concert with the leadership committees appointed for the governmental entities to best facilitate the just and efficient conduct of this litigation.

## II. LEGAL STANDARDS

The Sixth Circuit applies Rule 23(g) from the Federal Rules of Civil Procedure, pertaining to class actions. According to the rule, in relevant part, the Court must consider:[5]

(i) the work counsel has done in identifying or investigating potential claims in the action
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class

The Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.[6] Similarly, Rule 23(g)(4) adds that Class counsel must fairly and adequately represent the interests of the class.[7] Rule 23(g)(2) specifically states that applicants must be adequate under 23(g)(1) and 23(g)(4) to meet the standard for court appointment.[8]

Rule 23(g)(1)(A) *mandates* consideration of the four factors identified in that sub-section, and Rule 23(g)(1)(B) permits consideration of "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[9] Similarly, Rule 23(g)(4) *requires* class counsel to represent the class "fairly and adequately."[10] The court should be confident that any

---

[5] Fed. R. Civ. P. 23(g)(1)(A).
[6] Fed. R. Civ. P. 23(g)(1)(B).
[7] Fed. R. Civ. P. 23(g)(4).
[8] See Fed. R. Civ. P. 23(g)(2); see also *Pund v. City of Bedford, Ohio*, No. 1:16CV1076, 2017 WL 3219710, at *6-7 (N.D. Ohio July 28, 2017).
[9] *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 319 (N.D. Ohio 2009) (emphasis included); see also, e.g., *Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 781862, at *9 (S.D. Ohio Mar. 24, 2008).
[10] *Stanich*, 259 F.R.D. at 319

counsel appointed will fulfill its obligation to act fairly, efficiently, and economically in the interest of all parties and parties' counsel.[11]

## III. ARGUMENT

Movers herein represent TPP's, i.e., Health Insurers, Union Health, Welfare, and Benefit Funds, and other end payors who provide health and welfare benefits including prescription drug benefits The proposed TPP co-lead counsel, as detailed in the *curricula vitae*, have years of experience. Their collective experiences include representing various third-party payors, including Taft-Hartley plans, self-funded employer plans, smaller regional health plans and large national health. The group includes the thought leaders in the field over the last twenty five years.

### Co-Lead Counsel

**James Dugan, The Dugan Law Firm**: James R. Dugan, II, is the founding partner of The Dugan Law Firm, APLC. Mr. Dugan began his career working with the late Wendell H. Gauthier and the Law Firm of Gauthier, Downing, LaBarre, Beiser & Dean in the areas of class action, mass tort, and complex litigation, beginning with the seminal class action lawsuit filed against the tobacco industry on the basis of nicotine addiction, *Castano v. American Tobacco, et al.* which resulted in a multi-billion settlement. After Mr. Gauthier's untimely death in December of 2001, Mr. Dugan formed the Dugan & Browne Law Firm, the predecessor to The Dugan Law Firm and he continues to specialize in class action and mass tort litigation.

Over the years, Mr. Dugan has specialized in the area of complex litigation representing numerous consumers and third party-payors, including Blue Cross of Louisiana and other health insurers in cases against the manufacturers of Synthroid, Fen-Phen, Rezulin, Neurontin, Vioxx, Zyprexa, Bextra/Celebrex, Oxycontin, Ketek, Effexor, Prograf, Skelaxin, Nexium, and

[11] See *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 555 (S.D. Ohio 2005) (internal citations omitted).

Suboxone. Mr. Dugan also represented the Louisiana Attorney General in the Synthroid, Baycol, Rezulin, Vioxx, and Ketek litigations to recoup medical costs the state Medicaid program expended over these drugs.

As a result of his demonstrated skill and experience in class action and mass tort practice, Mr. Dugan has been appointed by the court to serve in key leadership positions in a number of large national federal court class actions, a list of which is included in Mr. Dugan's curriculum vitae.[12]

**Gerald Lawrence, Lowey Dannenberg, P.C.:** since the 1960s, Lowey Dannenberg ("Lowey") has represented sophisticated clients in complex litigation involving healthcare cost recovery actions, antitrust violations, commodities, securities, and shareholder and board actions. Lowey Dannenberg has recovered hundreds of millions of dollars for these clients, which include Fortune 100 companies such as nationwide health insures Aetna, Inc., Anthem, Inc., Cigna, and Humana. Lowey Dannenberg is prosecuting or has successfully prosecuted, as court appointed lead or co-lead class counsel or individual plaintiff's counsel, numerous complex actions involving healthcare and prescription drug overcharge litigation, a list of which is include in the firm curriculum vitae attached. Besides Lowey Dannenberg's extensive experience and success in actions involving healthcare and prescription drug overcharge litigation Lowey has also been appointed co-lead or lead class counsel in cases involving manipulation and restraints of trade of commodity and commodity futures markets. Lowey Dannenberg has 40 years of experience in prosecuting and funding complex class action litigation, and a staff of over forty attorneys prepared to vigorously and efficiently litigate this case on behalf of the Plaintiffs and the class. The firm has advanced millions of dollars on behalf of the classes they have represented, is well-

---

[12] Ex. 2, James Dugan curriculum vitae.

capitalized, and is prepared to advance similar substantial sums in the prosecution.[13]

Mr. Lawrence is the Chief Operating Officer of the Firm.  Mr. Lawrence has been seven times recognized as one of the "Top 100 Lawyers in Pennsylvania" or as one of the "Top 100 Lawyers in Philadelphia" in a survey of lawyers and judges published in *Philadelphia Magazine*, and previously published in the *Philadelphia Inquirer*.  In 2016, he was also again selected by *American Lawyer Media* as "one of New York's Top Rated Lawyers" as published in the *New York Law Journal* and *New York Magazine*.  In addition, he has been recognized as a "Pennsylvania Super Lawyer" every year since 2005.

**John R. Climaco, Climaco, Wilcox, Peca & Garofoli, L.P.A.:** John R. Climaco, a 1967 graduate of Case Western Reserve University Law School, began his career as a sole practitioner which eventually evolved into a 65-member law firm with offices in Cleveland and Columbus, Ohio, Washington, D.C. and Louisiana. Climaco, Wilcox, Peca & Garofoli Co., L.P.A. John served as General Counsel of the International Brotherhood of Teamsters ("IBT") from 1984 until 1988.

**As General Counsel to the IBT, among other significant matters, John**:

- Negotiated the re-affiliation of the IBT with the AFL-CIO.
- Developed a truce with Cesar Chavez, co-founder of the United Farm Workers, and the IBT over migrant farm workers in California.
- Represented the IBT and its elected officials before Congressional Committees, in particular the U.S. Senate's Labor, Judiciary and Permanent Subcommittee on Investigations.
- Represented the IBT and its elected officials before the President's Commission on Organized Crime.
- Represented the IBT in the early stages of the Civil Rico government takeover action and was counsel in the IBT's only victory.
- Developed and successfully litigated the first Civil Rico case filed by a Labor Union against an employer -- Central Transport.
- Represented the Central Conference of Teamsters Pension and Health and Welfare Funds.

---

[13] Ex. 3, Lowey Dannenberg curriculum vitae.

John also served as General Counsel to a newly chartered statewide Ohio Teamster Public Employee Union. As a result, at the personal request of then Ohio Governor John G. Gilligan, he quelled a statewide "wildcat strike" by an Ohio Prison Guards' Union, which led to the enactment of Ohio's Public Employment Collective Bargaining Laws.

John has served in Leadership roles in MDL's before the Honorable Dan Aaron Polster. January 27, 2010 Dannon Activia - $45 Million national class settlement including injunctive relief removing "scientifically proven" "clinically proven" and "immunity" language from all packaging, labeling and advertising. John was Co-Lead Counsel and one of five Class Counsel. *Gemelas v. The Dannon Co., Inc., et al.*, U.S.D.C. N.D. Ohio, Case No. 1:08-cv-236 alleging violations of the consumer protection laws on behalf of a national class of consumers arising from Dannon's contention that its DanActive yogurt is "scientifically and clinically proven" to aid digestion.

July, 2010 Fleet Oral Sodium Phosphate $100+ Million Dollar Mass Tort (443 cases) Confidential Settlement, John was appointed National Liaison Counsel by The Honorable Ann Aldrich and subsequently by the Honorable Dan Aaron Polster, *In re: Oral Sodium Phosphate Solution-Based Products Liability Action*, Case No. 1:09-sp-80000, (MDL Docket No. 2066), United States District Court, Northern District Of Ohio, Eastern Division[14].

**Liaison Counsel**

**John R. Climaco, Climaco, Wilcox, Peca & Garofoli Co., L.P.A.:** (SEE ABOVE)

**Executive Committee**

**Frank Schirripa, Hach Rose Schirripa & Cheverie** LLP: Frank Schirripa focuses his practice on representing institutional investors – predominantly Taft-Hartley pension and benefit

---

[14] Ex. 1- John R. Climaco curriculum vitae.

9

funds – that have been damaged as the result of securities fraud or corporate malfeasance. Throughout his career, Mr. Schirripa has specialized in handling highly complex multi-party litigation in federal and state courts throughout the United States and has served in a lead, co-lead or representative capacity across a full spectrum of industries (cellular and landline telecommunications, financial services, healthcare, insurance, manufacturing, pharmaceuticals, retail, stock broker and exchange, technology, and utilities) and practices (antitrust, consumer and investor fraud and protection, employment, and shareholder derivative actions) that encompass HRSC's complex litigation practice.  Mr. Schirripa has represented the rights of consumers, shareholders and investors in high profile and precedent-setting class action litigation involving such companies as BNY Mellon, Bombardier, Inc., Consolidated Rail Company, Darden Restaurants, Inc., Dynex Capital, Inc., Facebook, Inc., Leap Wireless, Inc., Nicor Corp., The Rawlings Company, SPX Corp., Tidel Technologies, Inc., Volkswagen AG, Westar Energy, Inc., and Williams Companies, Inc. Prior to founding the Firm, Mr. Schirripa practiced securities and consumer class action law at two prominent New York class action law firms.

Mr. Schirripa's skills and expertise as a class action litigator have been recognized by colleagues, courts and private institutions.  Mr. Schirripa's skill, perseverance and diligent advocacy was acknowledged by the Courts.  Most recently, in In re BNY Mellon FOREX Transaction Litigation, MDL No. 2335 (S.D.N.Y. Sept. 24, 2015), Judge Kaplan noted:

> This really was an extraordinary case in which plaintiffs' counsel performed, at no small risk, an extraordinary service, ….  They did a wonderful job in this case, and I've seen a lot of wonderful lawyers over the years.  This was a great performance. This was an outrageous wrong committed by the Bank of New York  Mellon, and plaintiffs' counsel deserve a world of credit for taking it on, for  running the risk, for financing it and doing a great job.

In In re SPX Corp. Securities Litigation, 3:04-CV-99 (W.D.N.C.), the Court commended class counsel for its "skill perseverance[,] … diligent advocacy" and "aggressive representation"

of the class in achieving "from a financial standpoint. A very fair settlement" aggregating $10 million, or approximately 22 percent of the maximum recoverable damages, noting that class counsel is among the "leading attorneys in the country in the area of class actions" and is "extremely competent" and "very experienced."[15]

**Pamela B. Slate & Mark M. Sandmann, Hill, Hill, Carter, Franco, Cole & Black, P.C.:** Hill Hill Carter's health care recovery practice is operated out of Montgomery, Alabama, and Louisville, Kentucky. The firm was established in 1924 in Montgomery, but now has offices in four locations with 25 lawyers, and is a WBE-certified woman-owned business and a member of the National Association of Minority and Women-Owned Law Firms. For decades the firm has provided representation to a great variety of clients in complex litigation, including health insurers and other TPPs in both class and individual litigation. Ms. Slate and Mr. Sandmann have each provided health care recovery representation to dozens of TPP clients over the past 20 years, in both antitrust and healthcare fraud litigation and in mass tort subrogation. Their clients include Blue Cross plans, large national insurers, and regional and local health plans.

Ms. Slate, who heads the practice from the Alabama offices, is a recognized expert in complex and class action litigation. She holds degrees from Birmingham-Southern College (mathematics), the University of Alabama at Birmingham (mechanical engineering), and Cumberland School of Law. She began practicing in the area of products liability, expanded her practice to include health care and environmental law, and has represented a variety of clients in complex litigation over the years, from the State of Alabama and large health insurers and healthcare providers, to whistleblowers and members of ERISA retirement funds. She was the managing partner of Slate Carter Comer for over 10 years and merged her practice into Hill Hill Carter in 2012, where she serves as a member of the firm's management committee. She was co-

---

[15] Ex. 4, Frank Schirripa curriculum vitae.

lead counsel with James Dugan's firm for a class of TPPs in *In re Synthroid Marketing Litigation*, MDL 1182 (N.D. Ill.), where they successfully sought class certification for the first TPP class in the country. She also served as co-lead counsel in *In re Terazosin Hydrochloride Antitrust Litigation*, MDL 1317 (S.D. Fla.), in other leadership positions in multiple similar actions, and as appointed TPP allocation counsel in other matters.[16]

Mr. Sandmann heads the Kentucky office's health care recovery efforts, and joined the firm in 2015. He holds a B.S from the University of Missouri and a J.D. from Syracuse University College of Law. He has served as counsel for TPPs individually or as class counsel in many antitrust actions, including those related to Flonase, Hytrin, Skelaxin and Tricor, and currently serves as counsel to Medical Mutual of Ohio in *In re Effexor XR Antitrust Litigation*, 3:11-cv-05479 (PGS/LHG) (D.N.J.). He has recovered hundreds of millions of dollars for individual TPPs and classes of TPPs and consumers in pharmaceutical antitrust and marketing cases, and has recovered hundreds of millions more for his clients in mass tort subrogation.[17]

**Adam Pessin, Fine, Kaplan & Black, R.P.C**.: Fine, Kaplan and Black is a nationally recognized firm located in Philadelphia, Pennsylvania, which devotes its practice entirely to litigation, with particular emphasis on antitrust, class actions, complex commercial litigation, consumer protection and white collar criminal defense.  Since its formation in 1975, the Firm has been involved in many of the most significant antitrust and class action cases in federal and state courts.[18]

Mr. Pessin has served on the leadership team for class plaintiffs in multiple cases, including *In re Aftermarket Filters Antitrust Litig.*, MDL No. (N.D. Ill.) (resolved for settlements totaling approximately $20 million) and *Standard Iron Works v. ArcelorMittal*, No. 08-5124

---

[16] http://www.hillhillcarter.com/attorneys/pamela-b-slate/
[17] http://www.hillhillcarter.com/attorneys/mark-m-sandmann/
[18] Ex. 5, Fine, Kaplan and Black, R.P.C. curriculum vitae.

(N.D. Ill.) (resolved for settlements totaling approximately $200 million), and is currently part of the leadership team for end-payor plaintiffs (including third-party payers) in *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.).  Mr. Pessin's roles in these and other class action cases have included overseeing and managing all aspects of complex litigation, including discovery, class certification and dispositive motions.

Adam J. Pessin is a partner at Fine Kaplan and Black in Philadelphia, where he focuses his practice on class actions, antitrust and complex commercial litigation. He is a graduate of Yale University, the University of Oxford (England) and the University of Pennsylvania Law School, magna cum laude, where he was an editor of the Law Review. Thereafter, he served as a law clerk for the Honorable Maryanne Trump Barry on the United States Court of Appeals for the Third Circuit. A list of representative cases is included in his curriculum vitae attached.[19]

### Eric Young and Jayne Goldstein, Shepherd Finkelman Miller & Shah LLP:

Shepherd, Finkelman, Miller & Shah, LLP is a results driven law firm that is focused on delivering the highest level of service possible to our clients throughout the globe.  SFMS believes that approaching the representation of our clients with considered judgment and candor, as well as the highest degree of courtesy, professionalism and zeal possible, provides the best opportunity for our clients to achieve and exceed their goals in any given matter.  Having begun over ten years ago as a litigation boutique, SFMS has grown into a full-service firm that is able to meet its clients' needs in virtually any matter.  The Firm maintains a number of offices in the United States that are strategically located to serve our clients.  In addition, through a highly respected, global network of independent law, fiduciary trust and accounting firms, as well as affiliate offices, SFMS is able to effectively meet the needs of its clients throughout the world.  Although our practice has grown in terms of geographic scope to meet client needs, SFMS

---

[19] Ex. 6. Adam Pessin curriculum vitae.

maintains the culture of a boutique law firm with attorneys and staff working in an interdisciplinary, team-based manner across and between different offices.[20]

Ms. Goldstein, one of the principal SFMS attorneys litigating this matter, has thirty-one years' legal experience and has recovered billions of dollars for classes. She has extensive antitrust experience, with robust experience in representing Third Party Payer Plaintiffs ("TPPs") in pharmaceutical class actions. Ms. Goldstein was a registered nurse before pursuing law, and currently maintains an active nursing license. Prior to 2000, she had a wide-ranging practice in Philadelphia, Pennsylvania and tried numerous complex civil actions. Since 2000, she focused on serving as plaintiffs' lead or co-lead counsel in antitrust, consumer, and securities class actions. In leading classes, Ms. Goldstein has gone to trial and in countless instances negotiated with defendants, fielded hearings, authored and argued dispositive motions, led discovery, corralled plaintiffs' firms' efforts, and presented these efforts to courts.

Ms. Goldstein spearheaded the charge challenging pharmaceutical companies' harmful anticompetitive conduct, including pay-for-delay agreements that artificially inflate prescription-drug prices by keeping generic versions off the market. Her active role in pioneering these antitrust cases began in the early 2000s, when generic-suppression cases had their genesis. Equipped with a background as a registered nurse and extensive experience litigating pharmaceutical antitrust class actions, Ms. Goldstein has enhanced ability to work seamlessly with medical experts, mobilize her comprehensive knowledge of the pharmaceuticals at issue, and understand the health-care system complexities. This exceptional experience arms Ms. Goldstein with knowledge tailor-made for this action. She is fluent in the intricacies of the payment system by which TPPs interact with their pharmacy-benefit-manager conduits for prescription-drug-benefit payments. Also, she has facility with various documents that plaintiffs

---

[20] Ex. 7, Shepherd, Finkelman, Miller & Shah, LLP curriculum vitae.

must produce, including formularies, pharmacy-benefit-manager agreements, and summary plan documents, resulting in her often being called upon to lead or assist TPPs' document productions. Moreover, moving for class certification on behalf of TPPs demands knowledge about the prescription-drug-process participants, key experts to be retained, and potential pitfalls to avoid.[21]

Attorney Eric L. Young, based in Philadelphia, has served as an advocate for the rights of labor organizations and employees for most of his legal career. He has represented union pension and health and welfare funds in a wide array of class actions involving corporate fraud and misconduct during the course of his 18-year legal career. Capitalizing on this experience, Attorney Young has become one of the nation's leading whistleblower attorneys. Attorney Young represents individuals filing qui tam lawsuits under the False Claims Act as well as those submitting tips to the Securities and Exchange Commission, Commodity Futures Trading Commission, and Internal Revenue Service. Attorney Young has also represented union benefit funds in numerous class action cases involving areas including, but are not limited to, securities fraud, anti-trust, and health care fraud. Prior to entering private practice, Attorney Young served as General Counsel of the United Food and Commercial Workers, Local 1776. UFCW Local 1776 is one of the largest local unions in the country.[22]

**James Ferraro, The Ferraro Law Firm**: Since 1985, the trial attorneys at The Ferraro Law Firm have been vigorously and successfully fighting for the rights of individuals injured due to the negligence or wrongful acts of others. With offices in Miami, Florida, Washington, D.C., and an affiliated office, Kelley & Ferraro, located in Cleveland, Ohio, as well as a significant presence nationwide, the Firm has earned its place as one of the top five law firms in the United

---

[21] Ex. 8, Jayne Goldstein curriculum vitae.
[22] Ex. 9, Eric Young curriculum vitae.

State in the areas of product liability, asbestos and environmental toxic tort lawsuits. Additionally, the Firm's attorneys have consistently and successfully represented victims of serious personal injuries, medical malpractice and defective drugs throughout Florida and the nation. Under the direction of founder James L. Ferraro, The Ferraro Law Firm concentrates on resolving the most serious injury cases, such as cancers caused by defective drugs, asbestos, work place diseases, catastrophic accidents, medical malpractice, product liability, environmental toxins, automobile defects and wrongful death. The Firm also has experience with over twenty (20) asbestos trusts for which Mr. Ferraro sits on the creditors' committees. The Ferraro Law Firm has the highest rating (AV) from Martindale-Hubbell, the leading rating service for law firms. As a leading plaintiff firm for mass torts and serious injury cases, The Ferraro Law Firm has the resources and expertise to argue and win even the most challenging cases. Through skillfully negotiated settlements and numerous jury trials, The Ferraro Law Firm has secured over $1 billion for its clients in product liability matters.[23]

As demonstrated above, the proposed counsel is a capable and successful when acting as lead counsel or interim lead counsel in class actions.

I. **CONCLUSION**

The Third-Party Payor and Union Plaintiffs agree with the suggestion that the appointment of PSCs is advisable to represent many of the diverse interests and wide range of categories of clients that are part of this litigation, and respectfully request this Honorable Court Appoint the TPP PSC as set forth herein.

Dated December 21, 2017                                             Signatures on following page.

---

[23] Ex. 10, The Ferraro Law Firm curriculum vitae.

Respectfully submitted:

*/s James Dugan*
James R. Dugan, II (LSBA# 24785)
Douglas R. Plymale (LSBA# 28409)
David S. Scalia (LSBA #21369)
Bonnie A. Kendrick (LSBA #31806)
Lanson Bordelon (LSBA# 34251)
**THE DUGAN LAW FIRM, APLC**
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
Email: jdugan@dugan-lawfirm.com
Email: dplymale@dugan-lawfirm.com
Email: dscalia@dugan-lawfirm.com
Email: lbordelon@dugan-lawfirm.com
Email: bonnie@dugan-law.com


By: */s Gerald Lawrence*
Gerald Lawrence
Uriel Rabinovitz
Adam Settle
LOWEY DANNENBERG, P.C.
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
(610) 941-2670


*/s John R. Climaco*
John R. Climaco (0011456)
Scott Kalish (Of Counsel)
Michael Czack (Of Counsel)
Patrick G. Warner (Of Counsel)
CLIMACO, WILCOX, PECA &
GAROFOLI CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, OH   44113
(P) 216-621-8484
(F) 216-771-1632

Email: jrclim@climacolaw.com
scottkalishcollc@cs.com
mczack@czacklaw.com
pwarner@leistwarner.com

*/s Frank Schirripa*
Frank R. Schirripa, Esq.
David R. Cheverie, Esq.
Daniel B. Rehns, Esq.
HACH ROSE SCHIRRIPA & CHEVERIE LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028
Email: fschirripa@hrsclaw.com
Email: dcheverie@hrsclaw.com
Email: drehns@hrsclaw.com

*/s James Ferraro*
James L. Ferraro, Esq.
Florida Bar No.: 381659
Ohio Bar No.: 0076089
New York Bar No.: 4007688
James L. Ferraro, Jr., Esq.
Florida Bar No.: 107494
Janpaul Portal, Esq.
Florida Bar No.: 0567264
**FERRARO LAW**
Brickell World Plaza
600 Brickell Avenue
38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
Email: jlf@ferrarolaw.com
jjr@ferrarolaw.com
jpp@ferrarolaw.com

*/s Jayne Goldstein*
Jayne A. Goldstein
Eric Young
SHEPHERD FINKELMAN MILLER & SHAH LLP
1625 N. Commerce Parkway
Suite 320
Ft. Lauderdale, FL 33326

18

        Tel: 954-515-0123
        Direct Dial: 954-903-3170
        Fax: 866-300-7367
        jgoldstein@sfmslaw.com

        */s Adam Pessin*
        Adam J. Pessin, Esquire
        FINE, KAPLAN AND BLACK, R.P.C.
        One South Broad Street, 23rd Floor
        Philadelphia, PA  19107
        (215) 567-6565
        apessin@finekaplan.com

        */s Pamela B. Slate*
        Hill, Hill, Carter, Franco, Cole, and Black, P.C.
        425 South Perry Street
        Montgomery, AL 36104
        Tel.: 334-386-4380
        Fax: 334-386-4381
        Email: pslate@hillhillcarter.com

        */s Mark M. Sandmann*
        Hill, Hill, Carter, Franco, Cole, and Black, P.C.
        11902 Brinley Avenue, Suite 201
        Louisville, KY  40243
        Tel.:    502-815-3180
        Fax:    502-815-3181
        Email:  msandmann@hillhillcarter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through the Court CM/ECF Systems.

<div style="text-align:right">

*/s/ John R. Climaco*
*John R. Climaco (0011456)*

</div>