## JAYNE A. GOLDSTEIN

Ms. Goldstein, one of the principal SFMS attorneys litigating this matter, has thirty-one years' legal experience[1] and has recovered billions of dollars for classes. She has extensive antitrust experience,[2] with robust experience in representing Third Party Payer Plaintiffs ("TPPs") in pharmaceutical class actions. Ms. Goldstein was a registered nurse before pursuing law, and currently maintains an active nursing license. Prior to 2000, she had a wide-ranging practice in Philadelphia, Pennsylvania and tried numerous complex civil actions. Since 2000, she focused on serving as plaintiffs' lead or co-lead counsel in antitrust, consumer, and securities class actions.[3] In leading classes, Ms. Goldstein has gone to trial and in countless instances negotiated with defendants, fielded hearings, authored and argued dispositive motions, led discovery, corralled plaintiffs' firms' efforts, and presented these efforts to courts.

Ms. Goldstein spearheaded the charge challenging pharmaceutical companies' harmful anticompetitive conduct, including pay-for-delay agreements that artificially inflate prescription-drug prices by keeping generic versions off the market. Her active role in pioneering these antitrust cases began in the early 2000s, when generic-suppression cases had their genesis.[4] She was interim co-lead counsel for TPPs in *In re Androgel II Antitrust Litig.* (N.D. Ga.), the companion case to the seminal U.S. Supreme Court pay-for-delay decision in *F.T.C. v. Actavis,*

---

[1] Ms. Goldstein graduated from the Temple University School of Law in 1986.
[2] A few examples of her active involvement in antitrust cases representing direct and indirect purchasers follow: *In Re OSB Antitrust Litig.* (E.D. Pa.) (discovery team); *In re Baby Products Antitrust Litig.* (E.D. Pa.) (discovery team and allocation counsel); *In re Dynamic Random Access Memory Antitrust Litig.* (N.D. Cal.) ($325 million settlement).
[3] An example of Ms. Goldstein's notable victories is her having achieved the largest settlement ever against a food company, $35 million, in a false-advertising case. *Gemelas v. Dannon Co., Inc.* (N.D. Ohio) (class counsel).
[4] By way of example, Ms. Goldstein was involved in *Ryan-House v. GlaxoSmithKline* (E.D. Va.), *In re Buspirone Antitrust Litig.* (S.D.N.Y.), *In re Plavix Indirect Purchaser Antitrust Litig.* (S.D. Oh.) (executive committee), *In re Remeron Antitrust Litig.* (D.N.J.), *In re Relafen Antitrust Litig.* (D. Mass.), *In re KDur Antitrust Litig.* (D.N.J.), and *In re Androgel II Antitrust Litig.* (N.D. Ga.) (interim co-lead counsel).

*Inc.*, 133 S. Ct. 2223 (2013).  Ms. Goldstein served as co-lead counsel and was a member of the trial team in *In re Nexium (Esomeprazole) Antitrust Litig.* (D. Mass.), the first pay-for-delay trial after *Actavis*.  She also serves as interim co-lead counsel in *In re Actos End Payor Antitrust Litig.* (S.D.N.Y.) and on the executive committees of *In re Lipitor Antitrust Litig.* (D. N.J.), *In re Loestrin Antitrust Litig.* (D. Conn.), *In re Solodyn Antitrust Litig.* (D. Mass.), and *In re Niaspan Antitrust Litig.* (E.D. Pa.).  She is also currently serving on the Indirect Purchaser Plaintiffs' Steering Committee in *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.), a series of complex cases alleging price fixing of eighteen generic drugs.

Equipped with a background as a registered nurse and extensive experience litigating pharmaceutical antitrust class actions, Ms. Goldstein has enhanced ability to work seamlessly with medical experts, mobilize her comprehensive knowledge of the pharmaceuticals at issue, and understand the health-care system complexities.  This exceptional experience arms Ms. Goldstein with knowledge tailor-made for this action.  She is fluent in the intricacies of the payment system by which TPPs interact with their pharmacy-benefit-manager conduits for prescription-drug-benefit payments.  Also, she has facility with various documents that plaintiffs must produce, including formularies, pharmacy-benefit-manager agreements, and summary plan documents, resulting in her often being called upon to lead or assist TPPs' document productions.  Moreover, moving for class certification on behalf of TPPs demands knowledge about the prescription-drug-process participants, key experts to be retained, and potential pitfalls to avoid.  Notably, Ms. Goldstein as co-lead counsel in *Nexium* helped certify a litigation class. This is one of few classes, since *Actavis*, certified on behalf of TPPs during litigation and was affirmed by the First Circuit Court of Appeals, a seminal appellate decision in this arena.

Through Ms. Goldstein's experience, she has forged strong working relationships with leading medical experts and trial consultants in the pharmaceutical antitrust arena.

Ms. Goldstein is admitted to practice law in the States of Illinois and Florida as well as Commonwealth of Pennsylvania.  She is also admitted to practice law in the Supreme Court of the United States, numerous federal courts, including the United Sates District Courts for the Northern, Southern and Middle District of Florida; the Eastern District of Pennsylvania; the Northern District of Illinois; and the United States Court of Appeals for the First, Second, Third, Seventh, and Eleventh Circuits.

She is a member of the American Association for Justice, Florida Public Pension Trustees Association and the Illinois Public Pension Fund Association.  She is a contributor to a book published by the American Bar Association, <u>The Road to Independence: 101 Women's Journeys to Starting Their Own Law Firms</u>.  Since 2010, she has served as co-chair of P.L.I.'s Class Cation Litigation Strategies Annual Conference held in New York.  Last year, Ms. Goldstein developed and chaired a new program for P.L.I. entitled Women Lawyers in Leadership which was such a success that the program is now an annual event every January. Last year Ms. Goldstein also served on a panel addressing Generic Drug Litigation.  She has been a frequent speaker and recently appeared on panels at the Florida Public Pension Trustees' Association and Illinois Public Pension Fund Association.