IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No.  2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Case No. 17-md-02804 |
| ALL CASES | ) ) | Judge Dan Aaron Polster |

## Motion to Establish a Proper Leadership Structure for the Hospital Plaintiffs Filed by Baptist Hospital, Inc., et al.

Baptist Hospital, Inc. ("Baptist Hospital"), Jay Hospital, Inc. ("Jay Hospital"), and Rush Health Systems, Inc. ("Rush Hospitals"), through their undersigned counsel, file this Motion to Establish a Proper Leadership Structure for the Hospital Plaintiffs, and in support thereof, state as follows:

1. Baptist Hospital and Jay Hospital filed the first Prescription Opioids civil actions wherein the plaintiff is a hospital or hospital system. That action, *Baptist Hospital, Inc., et al. vs. McKesson Corporation, et al.,* Case No. 3:17-cv-816 (N.D. Fla.), was filed by the law firms of Beggs & Lane, RLLP of Pensacola, Florida and Frazer, PLC of Nashville, Tennessee. (hereinafter collectively referred to as the "Baptist Hospital Group").

2. During the Court's initial telephonic conference held on December 13, 2017 with all counsel of record, Mr. J. Nixon Daniel, III ("Mr. Daniel"), counsel for the Baptist Hospital Group, notified the Court of the need for a separate track within this MDL for hospital cases.  The Court seemed to agree with Mr. Daniel, responding, "I think you are right." Transcript of Teleconference at p. 50.  While this MDL, at present, is heavily weighted with municipal and state government filed cases, hospitals and health

care providers continue to file new actions, with claims, causes of action, defenses, and legal issues very distinct to hospitals. One issue in particular that poses a conflict between government plaintiffs and private hospital plaintiffs is that the latter will not be subject to a superior *parens patriae* (or similar) claims of the State Attorneys General cases. Consistent with this, the JPML suggested at the hearing on establishing this MDL that separate tracks or even separate MDLs might even be preferred for plaintiffs who are not State, county, or municipal governments.

3. In accordance with the Court's initial telephonic conference held on December 13, 2017, counsel for the various plaintiffs in this MDL met on December 18, 2017 in Cleveland, Ohio. The purported purpose of the meeting was to consider, review, discuss, and decide upon proposals for the leadership of the Plaintiffs Steering Committee ("PSC") in this MDL.

4. Five attorneys led the December 18 meeting, and all five represented state, municipal, and/or county governments. Not a single hospital lawyer was included. In a PowerPoint presentation, the names of 21 attorneys were presented for a Plaintiffs Executive Committee ("PEC") with an underlying PSC structure to be decided later. On the PEC PowerPoint slate, three liaison counsel, three co-lead counsel, and 15 at large PEC members were displayed as a complete slate (21 attorneys) with some law firms getting more than one representative. The subsequent "Plaintiffs' Motion to Approve Co-Leads, Co-Liaisons, and Plaintiffs' Executive Committee" was consistent with the PowerPoint slate presented at the meeting.

5. Baptist Hospital filed a response to the "Plaintiffs" Motion. In Baptist Hospital's response, it was brought to the Court's attention that no lawyers on the

proposed PEC slate were representing a hospital. This Court entered an Order that, *inter alia*, required the Plaintiffs to submit a new slate with at least one hospital lawyer on the PEC.

6. Besides the Baptist Hospital Group, there is one collective group of other law firms representing hospitals in MDL No. 2804. This group of law firms filed a putative class action on behalf of all "hospitals" in the United States, with Southwest Mississippi Regional Medical Center as the lead plaintiff, shortly after the Baptist Hospital case was filed. Those six law firms are Barrett Law Group, P.A. of Lexington, Mississippi; Taylor Martino, P.C. of Mobile, Alabama; Abdallah Law of Ridgeland, Mississippi; Clifford Law Offices of Chicago, Illinois; Cuneo, Gilbert & LaDuca of Washington, D.C.; and Povall & Jeffreys, P.A. (hereinafter collectively referred to as the "Barrett Group"). Not a single law firm in the Barrett Group sought a spot on the PEC prior to the Court's ruling on Baptist Hospital's Response. In fact, Mr. Barrett was the lawyer who made the initial motion at the Cleveland meeting of Plaintiffs counsel to adopt the PEC slate as presented without any representation by a lawyer who had filed a hospital case. In other words, the Barrett Group and all the law firms on the PEC slate were perfectly content with no lawyers who represented hospitals being on the PEC.

7. The Court's ruling, *inter alia*, to require at least one lawyer who represented a hospital case to be on the PEC resulted in one of the proposed PEC original slate lawyers, Mr. Joe Rice, emailing the Barrett Group and the Baptist Hospital Group, requesting that they meet and confer regarding the lawyer for the "hospital lawyer" seat on the PEC. Shortly after that email, Mr. Barrett of the Barrett Group sent an email

stating that he would host a telephone conference on the matter and invited his co-counsel in the Barrett Group to attend, as well as the two law firms in the Baptist Hospital Group.

8. After very little discussion, at the teleconference hosted by Mr. Barrett, one of the six law firms in the Barrett Group nominated Mr. Barrett for the hospital seat. When asked a question as to the voting protocol, Mr. Barrett advised that each law firm would get one (1) vote. Thus, the Barrett Group with six law firms on its one complaint would get six (6) votes and the Baptist Hospital Group with two (2) law firms on its complaints would get two (2) votes. Notwithstanding the voting process, co-counsel for the Baptist Hospital Group nominated Mr. Daniel. A vote was taken, and the Barrett Group voted for its leader, Mr. Barrett, for the hospitals PEC leadership position, all six (6) of their votes going to Mr. Barrett, with two votes going to Mr. Daniel by the two lawyers of the Baptist Hospital Group

9. Mr. Daniel has 40 years experience representing hospitals in litigation. His law firm, Beggs & Lane, the oldest law firm in the State of Florida has decades of collective corporate and litigation experience representing hospitals in a wide range of matters. Mr. Daniels' resume is attached hereto as Exhibit "A."

10. Without knowing what the new proposed PEC slate is going to be, the Plaintiffs Baptist Hospital, Jay Hospital, and Rush Health Systems, as well as their undersigned counsel, respectfully move and request the following: (a) that the Court place Mr. J. Nixon Daniel II on the PEC as the hospital plaintiffs' representative; or (b) that the Court place Mr. J. Nixon Daniel III on the PEC through the addition of a second hospital lawyer PEC seat; and/or (c) that the Court place Mr. J. Nixon Daniel III as a Co-Lead Counsel, given the conflicts and differences between the government and hospital

cases; and/or (d) that the Court establish an entirely separate "Health Care" or "Hospital" Track within MDL No. 2804 with its own executive leadership structure with Mr. J. Nixon Daniel III as the head of such leadership structure, and on a co-equal basis with the heads of the other tracks --- government cases and third-party payor cases.

11. It is important that the process of establishing and the structure of the PEC and PSC of MDL No. 2804 be consistent with §§ 10.22, 10.221, 10.224 of the *Manual for Complex Litigation Fourth.* The undersigned believe that the options set forth in paragraph 10 herein are entirely consistent in all pertinent respects, and will result in a more efficient, transparent, and conflict-free PEC and PSC leadership structure.

WHEREFORE, PREMISES CONSIDERED, Baptist Hospital, Inc., Jay Hospital, Inc., and Rush Health Systems, Inc., respectfully request the Court to appoint J. Nixon Daniel, III to the Executive Committee and/or appoint him as Plaintiffs' Co-Lead Counsel as set forth above.

RESPECTFULLY SUBMITTED:

BAPTIST HOSPITAL, INC.
JAY HOSPITAL, INC.
RUSH HEALTH SYSTEMS, INC.

By and Through Their Attorneys,

*/s/ J. Nixon Daniel, III*
J. Nixon Daniel, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
jnd@beggslane.com

*/s/ T. Roe Frazer II*
T. Roe Frazer II

        FRAZER PLC
        1 Burton Hills Blvd., Suite 215
        Nashville, TN 37215
        (615) 647-6464
        Fax: (866) 314-2466
        roe@frazer.law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

        /s/ T. Roe Frazer II
        T. Roe Frazer II