IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 17-md-02804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Judge Dan Aaron Polster |
| ALL CASES | ) | |

**Plaintiffs' Renewed Motion
to Approve Co-Leads, Co-Liaisons, and Executive Committee**

Pursuant to the Court's December 21, 2017, Order (Doc. #22), Plaintiffs submit this Renewed Motion to Approve Co-Leads, Co-Liaisons, and Executive Committee. Plaintiffs' Renewed Motion addresses and resolves all objections to Plaintiffs' original Motion (Doc. #16) and complies with this Court's Order (Doc. #22) regarding those objections.

Plaintiffs filed their original Motion to Approve Co-Leads, Co-Liaisons and Plaintiffs' Executive Committee on December 20, 2017. The Court subsequently requested, and Plaintiffs' filed, an Amended Motion further describing the function of the proposed leadership structure (Doc. #17). There were three objections to Plaintiffs' amended motion; one from a group representing hospitals (Doc. #19), one from a group representing Third-Party Payors (TPPs) (Doc. # 20) and a third from a group representing seven governmental entities in southern West Virginia. (Doc. #18). All groups sought inclusion on the Plaintiffs' Executive Committee.

After reviewing Plaintiffs' motion and the three objections, the Court issued an order providing the following (Doc. #22):

- The Court has "not decided whether to keep non-government cases in this MDL, and if so, whether to create separate tracks."
- Accordingly, the leadership team should include at least one attorney handling Third-Party Payor cases and one attorney handling Hospital cases.
- There should also be no more than one person from any one law firm on the Executive Committee.

Plaintiffs' counsel from across the country subsequently worked diligently to create an organizational structure that addressed and resolved the three objections and comports with the Court's Order. They are pleased to represent that they have done so and there is general consensus regarding the designation of Co-Leads, Co-Liaisons, and an Executive Committee. Each of the objecting groups now has representation on the Plaintiffs' Executive Committee outlined in this Renewed Motion.  Specifically, pursuant to the Court's Order, the proposed Plaintiffs' Executive Committee now includes several additional members including: (1) an additional member designated to exclusively represent the interests of Third-Party Payor cases, James R. Dugan, II;   (2) an additional member designated to exclusively represent the interests of hospitals, Don Barrett; (3) and a representative from the third group to file an objection, James Young of MORGAN & MORGAN. The proposed PEC has also been revised to include no more than one person from any one law firm.

## THE ORGANIZATION AND NOMINATION PROCESS

The process by which the proposed leadership structure was selected has been fair, open and transparent.  The Judicial Panel on Multidistrict Litigation ordered that the nationwide federal court cases proceed in MDL 2804 on December 5, 2017.  Following that order, counsel with docketed cases from around the United States began discussing a leadership structure.   The proposed leadership slate that came out of

these discussions included attorneys representing the vast majority of the filed cases from across the country, counsel with extensive trial and resolution experience, and counsel with decades of leadership experience in MDL proceedings.

So that the process could be as inclusive as possible and the proposed nominations could be shared with all counsel of record in opiate litigation, an invitation was sent to all counsel of record for the plaintiffs to attend a caucus on December 18, 2017, in Cleveland, Ohio.   The meeting was attended by 150 lawyers from 97 law firms (attendance roster attached as Appendix A), and 191 of the 206 docketed opiate cases were represented in person by at least one counsel of record.    At the meeting, nominations were made for co-leads, co-liaison, and plaintiff's executive committee in the form of the proposed slate that had been discussed and developed in the weeks following the JPML order.   A motion was made from the floor to adopt the slate, and was seconded.   A voice vote was called and the slate was approved with yeas.   No nays were voiced during the vote. No other candidates were proposed. Subsequently, a motion to approve the proposed leadership discussed at the meeting was submitted to this Court on December 20, 2017.

After Plaintiffs' original Motion was submitted, three objections were filed.  The Court subsequently entered an Order (noted above) addressing those objections.  Since that time, Plaintiffs' counsel have addressed and resolved those objections, including adding additional attorneys to the Plaintiffs' Executive Committee from each of the objecting groups.

Thus, movants have complied with the Court's Order, have resolved all objections, and now submit this renewed motion to the Court.

## ORGANIZATION

The undersigned are acutely aware of the magnitude of this litigation and have strived to propose a leadership structure that accounts for and can provide coordination and organization for the various Plaintiffs included in the MDL. The proposed leadership includes a leadership structure with three co-leads and a diverse executive committee to serve as a superstructure and provide oversight for various committees populated from a steering committee.

The selection of the three proposed co-leads received unanimous support of counsel of record. Each co-lead brings a combination of experience, expertise and vision while representing a substantial portion of the MDL's case inventory. Likewise, the selection of liaison counsel has received the unanimous support of counsel of record and each is well known to the Court.[1]

Plaintiffs believe a Plaintiffs' Executive Committee (PEC) is necessary to coordinate, organize and effectively litigate an MDL of this magnitude. Counsel attending the December 18 caucus approved Plaintiffs' proposal of selecting a Plaintiffs' Executive Committee (PEC) before appointing a steering committee. Plaintiffs believe this is a necessary and critical initial step to provide the PEC with the flexibility to build a leadership infrastructure to respond to the demands of this litigation.

---

[1] Troy Rafferty is a partner in the law firm of LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR and served as Co-Lead Counsel in the *In re: Gadolinium Based Contrast Action Litigation* (MDL No. 1909). Mr. Rafferty has been nominated as one of the three co-liaisons for the Executive Committee. Because his law partner Peter Mougey has been nominated to serve on the Plaintiffs' Executive Committee, and due to the Court's directive that no more than one person from any one law firm serve on the Executive Committee, plaintiffs and Mr. Rafferty request that he permitted to serve as co-liaison counsel in an *ex officio* capacity to the Executive Committee.

Plaintiffs ask that the Court approve this leadership structure and allow that leadership structure to create and organize a Plaintiffs' Steering Committee to carry out the work of the litigation.

Generally, Plaintiffs' proposed organizational structure is envisioned as follows:



Plaintiffs' counsel concur with the JPML's observation in the *Transfer Order* that "the transferee judge might find it useful … to establish different tracks for the different types of parties or claims." MDL 2804 *Transfer Order* (Doc. 328). It is anticipated that separate tracks may be necessary to address:

(1) Marketing claims directed at the manufacturer defendants, a group of at least seven separate corporate defendants,[2] and

---

[2] The manufacturing defendants are: (a) Purdue Pharma L.P., Purdue Pharma, Inc. and The Purdue Frederick Company, Inc.; (b) Mallinckrodt PLC and Mallinckrodt LLC; (c) Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; (d) Teva Pharmaceuticals Industries, Ltd., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; (e) Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc.; and (f) Allergan PLC f/k/a Actavis PLS.

(2)     Diversion claims directed at the manufacturer defendants and distributor defendants, the latter group including at least three different corporate defendants and two categories of smaller market defendants.[3]

(3)     Third Party Payor claims

(4)     Hospital claims

(5)     Individual claims

(6)     Tribal claims

(7)     Client committees (for example, the Government Entity Committee) suggested by the Court.

Under each of the Steering Committee tracks, Plaintiffs anticipate forming additional working groups to give multiple voices representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program, for example.  Manual for Complex Litigation (Fourth) § 10.221 (2004).

Once Co-Lead Counsel, Co-Liaison Counsel and a Plaintiffs' Executive Committee has been approved then that leadership structure will move to populate the various committees and subcommittees with counsel from around the United States.

## LEADERSHIP NOMINATIONS

We recognize that this is uniquely demanding litigation, with the health and safety of hundreds of thousands of Americans, and the governmental and private entities dedicated to their care, at stake in a crisis that advances daily.  Both experience and

---

[3] The distributor defendants are (a) McKesson Corporation; (b) Amerisource Bergen Drug Company; (c) Cardinal Health, Inc., Cardinal Health 110, LLC, Cardinal Health 105, Inc., Cardinal Health 108, LLC, Cardinal Health 112, LLC, Cardinal Health 414, LLC, and Cardinal Health subsidiary The Harvard Drug Group, L.L.C.; (d) Chain store distributors (*e.g.*, CVS Indiana, L.L.C., Rite Aid Of Maryland, Inc. dba Rite Aid Mid-Atlantic Customer Support Center, Inc., Wal-Mart Stores East, LP dba Wal-Mart Pharmacy Warehouse #46, Kroger Limited Partnership II, Walgreen Eastern Co., Inc.); and (e) Independent distributors (*e.g.*, J M Smith Corporation *dba* Smith Drug Company, H. D. Smith Wholesale Drug Co., Miami-Luken, Inc., The Harvard Drug Group, L.L.C., Anda Pharmaceuticals, Inc., Masters Pharmaceutical, Inc., Keysource Medical, Inc., Generics Bidco I, LLC, Bellco Drug Corp., Qualitest Pharmaceuticals, Inc.).

innovation are essential to this litigation's fair, efficient, and ultimately successful outcome.  Accordingly, the credentials of the proposed leadership counsel demonstrate an appropriate and unparalleled diversity of litigation experience.  This experience includes not only deep, longstanding, and broad MDL experience, but trial and settlement experience in state court and other non-MDL contexts, including the successful resolution of major mass tort and economic damages litigation.  These varied experiences and perspectives will inform and energize this litigation to advance its diligent prosecution and provide the best possible potential for an expeditious and innovative resolution.  Diversity of experience, expertise and perspective will be further ensured by the population of a broad, diverse and inclusive plaintiffs' steering committee.

The following attorneys have been nominated to serve as the proposed Co-Lead Counsel, Co-Liaison Counsel and Plaintiffs' Executive Committee and to commit their personal energy and the energies and resources of their firms for the benefit of the Opiate MDL Plaintiffs:

## **Co-Lead Counsel**

Lead Counsel is charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically, they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of

deponents, employing experts, arranging for support services, and seeing that schedules are met.  Manual for Complex Litigation (Fourth) § 10.221 (2004).

The following individuals are nominated to serve as co-lead counsel to provide leadership for the plaintiffs in MDL 2804:

**Paul J. Hanly, Jr.** is a founding member of SIMMONS HANLY CONROY LLC (80+ attorneys) headquartered in Alton, Illinois, which has served in leadership roles in *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740 (E.D. La. 2016), *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545 (N.D. Ill. 2015), *In re Volkswagen "Clean Diesel*, MDL 2672 (N.D. Cal. 2015), *In re Syngenta AG MIR162 Corn Litigation*, MDL 2591 (D. Kan. 2015), *In re Lipitor Products Liability Litigation*, MDL 2502 (D.S.C. 2014), *In re DePuy Pinnacle Hip Implant Products Liability Litigation*, MDL 2244 (N.D. Tex. 2012), *In re Propecia (Finasteride) Product Liability Litigation*, MDL 2331 (E.D.N.Y. 2012), *In re Zoloft Products Liability Litigation*, MDL 2342 (E.D. Pa. 2012), *In re Pelvic Repair System Products Liability Litigation*, MDL 2325, 2326 & 2327 (S.D. W. Va. 2012), *In re Actos Products Liability Litigation*, MDL 2299 (W.D. La. 2011), *In re DePuy ASR Hip Implant Products Liability Litigation*, MDL 2197 (N.D. Ohio 2010), *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 Litigation*, MDL 2179 (E.D. La. 2010), *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL 2151 (C.D. Cal. 2010), *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100 (S.D. Ill. 2009), *In re Chantix (Varenicline) Products Liability Litigation*, MDL 2092 (N.D. Ala. 2009), *In re Gadolinium-Based Contrast Agents Products Liability Litigation*, MDL 1909 (N.D. Oh. 2008), *In re Zyprexa Products Liability Litigation,* MDL 1596 (E.D.N.Y. 2008), *In re Ephedra Products Liability Litigation*, MDL 1598 (S.D.N.Y. 2008), *In re Bextra and Celebrex Products Liability Litigation*, MDL 1699 (N.D. Cal. 2005) and *In re Terrorist Attacks on September 11, 2001* (S.D.N.Y. 2002).  Mr. Hanly is lead counsel of record for 40+ docketed cases in MDL 2804 and widely recognized by his peers as a pioneer and authority regarding the marketing claims directed against the manufacturers.

**Joseph F. Rice** is a founding partner of MOTLEY RICE LLC (100+ attorneys) headquartered in Mount Pleasant, South Carolina, whose attorneys haves served in leadership roles in *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381 (J.P.M.L. 2017); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs. & Prods. Liab. Litig.,* MDL No. 2777, 2017 WL 1282901 (J.P.M.L. Apr. 5, 2017); *In re Atrium Med. Corp. C-QUR Mesh Prods. Liab. Litig.*, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Prods. Litig.*, No. 16-7891, 2017 WL 4570289 (D.N.J. Oct. 12, 2017); *In re KBR, Inc., Burn Pit Litig.,* 925 F. Supp. 2d 752 (D. Md. 2013); *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357 (J.P.M.L. 2737); *In re Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, 224 F. Supp. 3d 1330 (J.P.M.L. 2016); *In re. Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Pros. Liab. Litig.*, 148 F. Supp. 3d 1367 (J.P.M.L. 2015); *In re Power Morcellator Prods. Liab. Litig.,* 140 F. Supp. 3d 1351

(J.P.M.L. 2015); *In re Bard IVC Filter Prods. Liab. Litig.*, 122 F. Supp. 3d 1375 (J.P.M.L. 2015); *In re Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.,* 844 F. Supp. 2d 1359 (J.P.M.L. 2012); *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.,* MDL No. 2327, 2014 WL 505234 (S.D.W.Va. Feb. 5, 2014); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343 (J.P.M.L. Apr. 7, 2015); *In re Boston Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.,* MDL No. 2326, 2014 WL 1329944 (S.D.W.Va. Mar. 31, 2014); *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521 (S.D.N.Y. 2015); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, MDL No. 2502, 2015 WL 7769022 (J.P.M.L. June 8, 2015); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010); *In re Asbestos Prods Liab. Litig.,* 614 F. Supp. 2d 550 (E.D.Pa. 2009); *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d. 1377 (J.P.M.L. 2003); *In re Welding Fume Prods. Liab. Litig.,* No. 1:03–CV–17000, 2010 WL 7699456 (N.D. Ohio June 4, 2010); *In re Hum. Tissue Prods. Liab. Litig.,* 255 F.R.D. 151 (D.N.J 2008); *In re Nat'l Sec. Agency Telecomms. Recs. Litig.,* 564 F. Supp. 2d (N.D. Cal 2008); *In re Kugel Mesh Hernia Patch Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L 2007); *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 753 F. Supp. 2d 1378 (J.P.M.L. 2010); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.,* MDL Docket No. 3:11–MD–2244–K, 2014 WL 3557345 (N.D. Tex. July 18, 2014); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.,* 543 F. Supp. 2d 1376 (J.P.M.L. 2008); *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.,* 536 F. Supp. 2d 1375 (J.P.M.L. 2008); *In re Trasylol Prods. Liab. Litig.,* No. 08–MD–1928, 2013 WL 1192300 (S.D. Fla. Mar. 22, 2013); *In re Levaquin Prods. Liab. Litig.,* MDL No. 1943, 2014 WL 11395078 (D. Minn. Nov. 21, 2014); *In re NuvaRing Prods. Liab. Litig.,* 572 F. Supp. 2d 1382 (J.P.M.L. 1964); *In re Digitek Prods. Liab. Litig.,* 648 F. Supp. 2d 795 (S.D.W.Va 2009); *In re Hydroxycut Mktg. & Sales Pracs. Litig.,* 810 F. Supp. 2d 1100 (S.D. Cal. 2011); *In re Zicam Cold Remedy Mktg., Sales Pracs. & Prods. Liab. Litig.,* No. 09–md–2096 PHX–FJM, 2010 WL 3402490 (D. Ariz. Aug. 26, 2010); *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.,* 26 F.Supp.3d 449 (E.D.Pa. 2014). *In re A.H. Robins Co., Inc., "Dalkon Shield" IUD Prods. Liab. Litig. (No. II),* 610 F.Supp. 1099 (J.P.M.L. 1985); *In re San Juan DuPont Plaza Hotel Fire Litig.,* No. MDL 721, 1989 WL 168401 (D.P.R. Dec. 2, 1988); *In re Showa Denko K.K. L-tryptophan Prods. Liab. Action,* 953 F.2d 162 (4th Cir. 1992); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* MDL 2592, 2017 WL 3188456 (E.D.La. May 21, 2017); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.,* 844 F. Supp. 1553 (J.P.M.L. 1994); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.,* 659 F. Supp. 2d 1371 (J.P.M.L. 2009), *In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II),* Civ. No. 03–4558 (HAA), 2008 WL 4126264 (D.N.J. Sept. 2, 2008). Mr. Rice is counsel of record in the *City of Chicago* case docketed in MDL 2804 and is recognized as a skillful and innovative negotiator of complex litigation settlements, having served as the lead negotiator in some of the largest civil actions our courts have seen in the last 20 years including serving as the lead private counsel in the negotiation of the States Master Tobacco Settlement and more recently the co-lead negotiator in the BP Deepwater Horizon settlement and the Volkswagen Clean Diesel Economic class in MDL 2672.

**Paul T. Farrell Jr.** is a partner in the law firm GREENE KETCHUM, FARRELL, BAILEY & TWEEL, LLP (5 attorneys) in Huntington, West Virginia, and served in a leadership role in *In re Pelvic Repair System Products Liability Litigation*, MDL 2325, 2326 & 2327 (S.D. W. Va. 2012) including serving as trial counsel in a $2 million dollar bellwether verdict in *In re C.R. Bard, Inc.*, 810 F.3d 913, 917 (4th Cir. 2016) and an $18.5 million bellwether verdict in 4 consolidated cases in *Campbell v. Boston Sci. Corp.*, 2016 WL 5796906, at *19 (S.D.W. Va. Oct. 3, 2016) (No. 2:12-CV-08633) (appeal pending). Mr. Farrell is lead counsel of record for 100+ docketed cases in MDL 2804 on behalf of governmental entities from 11 states and widely recognized by his peers as a pioneer of and authority on the diversion claims directed against the manufacturers and distributors.

## Plaintiffs' Executive Committee

A plaintiffs' executive committee (PEC) is proposed to assist and advise lead counsel in the massive undertaking of coordinating and conducting pre-trial proceedings. The size of the executive committee is intended to achieve efficiency and economy without jeopardizing fairness to the parties. Manual for Complex Litigation (Fourth) § 10.221 (2004). Importantly, the PEC is charged with the task of forming and populating sub-committees to carry out a comprehensive litigation plan and ensure oversight, accountability and coordination between the tracks of litigation. The PEC is vital to ensuring the functional success of this litigation.

**Don Barrett** is the founder of Barrett Law Group, P.A., a 7-attorney law firm in Lexington, Mississippi, which specializes in pharmaceutical, consumer fraud, mass tort, and RICO litigation around the nation. His firm has served in leadership positions in the following MDLs: *In re: Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, MDL No. 1373 (S.D. Ind.), *In re: Inter-Op Hip Prosthesis Liability Litigation*, MDL No. 1401 (N.D. Ohio), *In re: Welding Fume Litigation*, MDL No. 1535 (N.D. Ohio), *In re: Neurontin Marketing and Sales Practices Litigation*, MDL No. 1629 (D. Mass.), *In re: High Sulfur Content Gasoline Products Liability Litigation*, MDL No. 1632 (E.D. La.), *In re: Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (D. Minn.), and *In re: Coca-Cola Products Marketing and Sales Practices Litigation*, MDL No. 14-0255 (N.D. Cal.). Mr. Barrett is lead counsel in the class action lawsuit on behalf of U.S. hospitals pending in this MDL No. 2804. He represents an additional twenty-five (25) hospitals and with his team has been asked by three different major hospital chains to provide a damages assessment as they consider joining in the class action. The Barrett firm is also co-counsel of record in one third-party payer case, filed in the Northern

District of Ohio and now part of MDL No. 2804. Mr. Barrett has an active practice in actually trying lawsuits, having tried major cases through successful jury verdicts in California, Illinois, Massachusetts, Tennessee, and Mississippi.

**Elizabeth Cabraser** is a founder of LIEFF CABRASER HEIMANN & BERNSTEIN, LLP (75+ attorneys) with main offices headquartered in New York, San Francisco and Nashville, which has served in leadership roles in *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777 (N.D. Cal.), *In re: Volkswagen "Clean Diesel" MDL,* MDL No. 2672 (N.D. Cal.), *In re Oil Spill By the Oil Rig "Deepwater Horizon" In the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. LA.), *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2151 (C.D. Ca.), *In re Chase Bank USA "Checkloan" Contract Litigation*, MDL No. 2032 (N.D. Ca.), *In re Yamaha Motor Corp. Rhino ATV Products Liability Litigation*, MDL No. 2016 (W.D. Ky.), *In re ConAgra Peanut Butter Products Liability Litigation*, MDL No. 1845 (N.D. Ga.), *In re Guidant Defibrillators Products Liability Litigation*, MDL No. 1708 (D. Minn.), *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D.La.), *In re Bextra/Celebrex Products Liability Litigation*, MDL No. 1699 (N.D.Ca.), *In re Tri-State Crematory Litigation*, MDL No. 1467 (N.D. Ga.), *In re Baycol Products Liability Litigation*, MDL No. 1431 (D. Minn.), *In re Bridgestone/Firestone Tires Products Liability Litigation*, MDL No. 1371 (S.D. Ind.), *In re Providian Financial Corp. Credit Card Terms Litigation*, MDL No. 1301 (E.D. Pa.), *In re American Family Publishers Business Practices Litigation*, MDL No. 1235 (D.N.J.), *In re Diet Drugs Products Liability Litigation*, MDL No. 1203 (E.D. Pa.), *Castano v. American Tobacco*, No. 94-1044 (N.D. La.), *In re Telectronics Pacing Systems, Inc. Accufix Atrial "J" Leads Products Liability Litigation*, MDL No. 1057 (S.D. Ohio), *Roberts v. Bausch & Lomb* (N.D. Ala.) *In re Felbatol Products Liability Litigation*, MDL No. 1048 (N.D. Cal.), *In re Copley Pharmaceutical, Inc. "Albuterol" Products Liability Litigation*, MDL No. 1013 (D. Wyo.), *In re General Motors Corporation Pickup Truck Fuel Tank Products Liability Litigation*, MDL No. 961 (E.D. Pa.), *In re Sears Automotive Center Consumer Litigation*, Civ. No. C-92-2341-RHS (N.D. Cal.), *In re Silicone Gel Breast Implants Products Liability Litigation*, MDL No. 926 (N.D. Ala.), *In re Cordis Pacemaker Product Liability Litigation*, MDL No. 850 (S.D. Ohio), *In re Precious Metals Securities Litigation*, MDL No. 904 (C.D. Cal.), *In re First Capital Investment Product Litigation*, MDL No. 901 (C.D. Cal.), *In re First American Center Partnerships Securities Litigation*, MDL No. 868 (S.D.N.Y.), *In re Air Disaster Near Honolulu, Hawaii on February 24, 1989*, MDL No. 807 (N.D. Cal.), *In re First Commodity Corp. of Boston Customer Accounts Litigation*, MDL No. 713 (D. Mass.), *In Re: Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2590 (N.D. Ill.), *In re: Whirlpool Corp. Front-Loading Washer Litig.*, MDL No. 2001 (N.D. Ohio), *In re: Capital One TCPA Litig.*, MDL No. 2416 (N.D. Ill.), *In re: Imprelis Herbicide Litig.,* MDL No. 2281 (E.D. Pa.), *In re: Mercedes-Benz Tele Aid Contract Litig.,* MDL No. 1914 (D.N.J), *Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, MDL No. 2441 (D. Minn.), *In re Zimmer Durom Hip Cup Products Liability Litigation*, MDL No. 2158 (D.N.J.), *Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100 (S.D. Ill), *DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litig*ation, MDL 2197 (N.D. Ohio), *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation*, MDL 1905 (D. Minn.), *In re: Guidant Corp.*

*Implantable Defibrillators Products Liability Litigation*, MDL 1708 (D. Minn.), *Ortho Evra Products Liability Litigation*, MDL 1742 (N.D. Ohio) and *In re: Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL Docket No. 1629 (D. Mass.).  Ms. Cabraser is lead counsel of record in docketed cases in MDL 2804 including a national class action filed on behalf of third-party payors.[4]  Ms. Cabraser has over four decades of experience in pharmaceutical and medical device, product liability, financial and consumer fraud, mass tort, RICO, and human rights litigation in federal and state courts.  Ms. Cabraser speaks and writes extensively on multidistrict litigation and class action issues (most recent publication, "The Participatory Class Action", 92 NYU L. Rev. 846, October 2017) and on the advancement of women in the profession, and teaches complex litigation and class action law at Berkeley and Columbia Law Schools.

**James E. Cecchi** is a partner of CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. (31+ attorneys) with offices in Roseland, New Jersey.  The firm is unique in that it specializes in both plaintiffs' class-action litigation as well as complex commercial litigation on the defense side.  Its founding partner is the former two term Governor of the State of New Jersey.  Mr. Cecchi, a former Federal Prosecutor, heads the firm's complex litigation practice, and has been honored to serve as lead, co-lead, liaison, and committee member in the following multidistrict litigations: *In re FieldTurf Artificial Turf Mktg. and Sales Practices Litig.*, MDL No. 2779 (D.N.J.); *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, MDL No. 2750 (D.N.J.); *In re Liquid Aluminum Sulfate Antitrust Litig.*, MDL No. 2687 (D.N.J.); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Ca.); *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599 (S.D. Fla.); *In re Caterpillar, Inc., C13 And C15 Engine Prods. Liab. Litig.*, MDL 2540 (D.N.J.*); In re AZEK Building Products, Inc., Mktg. & Sales Practices Litig.*, MDL 2506 (D.N.J.); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1969 (D.D.C.); *In Re: Vytorin/Zetia Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1938 (D.N.J.); *In Re: Elk Cross Timbers Decking Mktg., Sales Practices And Prods. Liab. Litig.*, MDL No. 2577 (D.N.J.); *In re Aetna UCR Litig.*, MDL 2020 (D.N.J.); *In Re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, MDL 2415 (D.N.J.); *In Re: Tropicana Orange Juice Mktg. & Sales Practices Litig.*, MDL 2353 (D.N.J.); *In Re Simply Orange Orange Juice Mktg. & Sales Practices Litig.*, MDL No. 2361 (W.D.Mo.); *In re: Lipitor Antitrust Litig.*, MDL No. 2332 (D.N.J.); *In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1938 (D.N.J.); *In Re: Fosamax Femur Litig.,* MDL No. 2243 (D.N.J); *In Re: Vehicle Carrier Services Antitrust Litig.*, MDL 2471 (D.N.J.); *In re Mercedes-Benz Tele-Aid Contract Litig.*, MDL No. 1914 (D.N.J.); *In Re: Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.).  Mr. Cecchi is counsel of record in cases on behalf of the City of Irvington, New Jersey and Bloomfield Township, New Jersey.  He is also counsel to a number of significant cities and counties which are preparing pleadings to be filed in connection with this litigation including Camden County, New Jersey, Essex County, New Jersey and Jersey City, New Jersey.  Collectively these clients represent 1.5 million citizens effected by the Opioid crisis.  Mr. Cecchi has 27 years' experience in complex commercial litigation (both prosecution and defense), patent, pharmaceutical

---

[4]  See *American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan v. Purdue Pharma L.P. et al.*, Civil Action No. 1:17-cv-2585 (N. D. Ohio).

and medical device, product liability, securities fraud (both prosecution and defense), consumer fraud, mass tort, and RICO litigation in federal and state courts.  Mr. Cecchi speaks regularly on multidistrict litigation and class action issues.

**Erin Dickinson** is a founding partner of CRUEGER DICKINSON LLC (3 attorneys) located in Milwaukee, Wisconsin, which serves in a leadership role in *In re: Windsor Wood Clad Window Products Liability Litigation*, MDL No. 2688 (E.D. Wis. 2016).  Ms. Dickinson is counsel of record in 48 docketed cases in MDL 2804 and represents over 90 counties across 4 states including Wisconsin, Iowa, Indiana, and Minnesota.  Ms. Dickinson maintains a national class action practice and has served as co-lead counsel in cases across the United States, most recently obtaining a unanimous jury verdict on behalf of 7000 class members in *Jammal, et. al., v. American Family Insurance Group, et al.*, No. 1:13- CV-437 (N.D. of Ohio 2017).

**James R. Dugan, II** is the founding partner of The Dugan Law Firm, APLC.  Mr. Dugan began his career working with the late Wendell H. Gauthier and the Law Firm of Gauthier, Downing, LaBarre, Beiser & Dean in the areas of class action, mass tort, and complex litigation, beginning with the seminal class action lawsuit filed against the tobacco industry on the basis of nicotine addiction, *Castano v. American Tobacco, et al.* which resulted in a multi-billion settlement.  After Mr. Gauthier's untimely death in December of 2001, Mr. Dugan formed the Dugan & Browne Law Firm, the predecessor to The Dugan Law Firm and he continues to specialize in class action and mass tort litigation. Over the years, Mr. Dugan has specialized in the area of complex litigation representing numerous consumers and third party-payors, including Blue Cross of Louisiana and other health insurers in cases against the manufacturers of Synthroid, Fen-Phen, Rezulin, Neurontin, Vioxx, Zyprexa, Bextra/Celebrex, Oxycontin, Ketek, Effexor, Prograf, Skelaxin, Nexium, and Suboxone. Mr. Dugan also represented the Louisiana Attorney General in the Synthroid, Baycol, Rezulin, Vioxx, and Ketek litigations to recoup medical costs the state Medicaid program expended over these drugs.  As a result of his demonstrated skill and experience in class action and mass tort practice, Mr. Dugan has been appointed by the court to serve in key leadership positions in a number of large national federal court class actions.

**Paul J. Geller** is a founding partner of ROBBINS GELLER RUDMAN & DOWD LLP (200+ attorneys in ten offices throughout the country) and managing partner of its Boca Raton, Florida office.  He and his firm have served in leadership roles in *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, MDL No. 2785 (D. Kan. filed Apr. 24, 2017); *In re FieldTurf Artificial Turf Marketing and Sales Practices Litigation*, MDL No. 2779 (D.N.J. filed Mar. 1, 2017); *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2777 (N.D. Cal. filed Feb. 9, 2017); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, MDL No. 2752 (N.D. Cal. filed Sept. 28, 2016); *In re Invokana (Canaglifozin) Products Liability Litigation*, MDL No. 2750 (D.N.J. filed Sept. 20, 2016); *In re Liquid Aluminum Sulfate Antitrust Litigation*, MDL No. 2687 (D.N.J. filed Dec. 2, 2015); *In re Treasury Securities Auction Antitrust Litigation*, MDL No. 2673 (S.D.N.Y. filed Sept. 24, 2015); *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal. filed Sept. 23, 2015); *In re National Hockey*

*League Players' Concussion Injury Litigation*, MDL No. 2551 (D. Minn. filed Apr. 25, 2014); *In re Lidoderm Antitrust Litigation*, MDL No. 2521 (N.D. Cal. filed Dec. 23, 2013); *In re Aggrenox Antitrust Litigation*, MDL No. 2516 (D. Conn. filed Dec. 13, 2013); *In re Aluminum Warehousing Antitrust Litigation*, MDL No. 2481 (S.D.N.Y. filed Aug. 7, 2013); *In re Ford Fusion and C-Max Fuel Economy Litigation*, MDL No. 2450 (S.D.N.Y. filed Apr. 3, 2013); *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, MDL No. 2258 (S.D. Cal. filed May 9, 2011); *In re POM Wonderful LLC Marketing and Sales Practices Litigation*, MDL No. 2199 (C.D. Cal. filed Oct. 5, 2010); *In re Apple iPhone 4 Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2188 (N.D. Cal. filed July 15, 2010); *In re Aftermarket Automotive Lighting Products Antitrust Litigation*, MDL No. 2007 (C.D. Cal. filed Oct. 27, 2008); and *In re Aqua Dots Products Liability Litigation*, MDL No. 1940 (N.D. Ill. filed Jan. 25, 2008). Mr. Geller is counsel of record in docketed cases in MDL 2804 representing governmental entities including the largest Counties in Michigan and the City of Phoenix, Arizona, among other municipalities. Mr. Geller is one of the most experienced lawyers in the country in MDL, consumer fraud, and complex class action litigation including having successfully resolved numerous cases brought against pharmaceutical manufacturers and distributors.

**Michael J. Fuller** is a senior partner and founding member of MCHUGH FULLER LAW GROUP (6 attorneys) located in Hattiesburg, Mississippi. Mr. Fuller is lead counsel for 25 docketed cases in MDL 2804 representing governmental entities across four states as well as the Eastern Band of Cherokee Indians. His law practice has focused on complex medical cases across the eastern United States and has amassed over 300 million dollars in verdicts against some of the largest corporate defendants in America. His firm has successfully handled appeals before State Supreme Courts, the 4th, 5th, and 11th Circuit Courts of Appeal and the United States Supreme Court. Mr. Fuller brings to this litigation his vast experience in corporate law, regulatory law as well dedicating his elite trial teams to the MDL 2408.

**R. Eric Kennedy** is a partner at WEISMAN KENNEDY & BERRIS CO., LPA (3 attorneys) in Cleveland, Ohio which has served in leadership roles in *In re: Silicone Gel Breast Implant Products Liability Litigation*, (MDL No. 926), *In re: Air Disaster at New York LaGuardia Airport on March 22, 1992*, (MDL No. 936), *In re: Orthopedic Bone Screws Products Liability Litigation*, (MDL 1014), *In re: Telectronics (cardiac monitoring leads) Pacing Systems, Inc.*, (MDL No. 1057), *In re: Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Products Liability Litigation*, (MDL No. 1203), *In re: Sulzer Hip Prosthesis and Knee Prosthesis Liability Litigation*, (MDL No. 1401), *In re: Welding Fume Litigation*, (MDL 1535), *In re: DePuy ASR Hip Implant Products Liability Litigation*, (MDL 2197) and *In re: Stryker Rejuvenate and ABG-II Hip Implants Products Liability Litigation*, (MDL 2441). Mr. Kennedy is counsel of record in a class action third-party payor case docketed in MDL 2804 and is widely recognized for his litigation expertise and experience in pharmaceutical and medical device liability, medical malpractice and class actions.

**Mark Lanier** is the founder the LANIER LAW FIRM (53 attorneys) in Houston, Texas which has served in leadership roles in *In re Johnson & Johnson Talcum Powder Prods,*

*Mktg., Sales Practices & Prods. Liab. Litig.*, 3:16-md-02738 (D.N.J.); *In re DePuy Orthopedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 3:11-md-2244 (N.D. Tex.); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, 6:11-md-2299 (W.D. La.); *In re DePuy Orthopaedics, Inc., ASR Hip Implant Prod. Liab. Litig.*, 1:10-md-2197 (N.D. Ohio); *In re Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2325 (S.D.W. Va.); *In re Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2326 (S.D.W. Va.); *In re Ethicon, Inc., Pelvic Repair Sys. Prods., Liab. Litig.*, MDL No. 2327 (S.D.W. Va.); *In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187 (S.D.W. Va.); *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, MDL No. 2272 (N.D. Ill.); *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, 2:05-md-1657 (E.D. La.); *In re Bextra and Celebrex Mktg., Sales Practices & Prods. Liab. Litig.*, M:05-cv-01699, (N.D. Cal.); *In re Testosterone Therapy Prods. Liab. Litig.*, 1:14-cv-1748 (N.D. Ill.); *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 3:12-md-2391 (N.D. Ind.); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2100 (S.D. Ill.); *In re Zyprexa Prods. Liab. Litig.*, 04-md-1596 (E.D.N.Y.); *In re Mirena IUD Prods. Liab. Litig.,* 13-md-2434 (S.D.N.Y.); *In re Lipitor (Atorvastatin Calcium) Prods. Liab. Litig.*, 14-mn-2502 (D.S.C.); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 07-md-01871 (E.D. Pa.); *In re Neurontin Mktg. & Sales Practices Litig.*, 04-cv-10981 (D. Mass.); *In re Levaquin Prods. Liab. Litig.*, 08-md-1943 (D. Minn.); *In re Propecia (Finasteride) Prods. Liab. Litig.*, 1:12-md-02331 (E.D.N.Y.); *In re Heparin Prods. Liab. Litig.*, 1:08-hc-60000 (N.D. Ohio); *In re Digitek Prods. Liab. Litig.*, MDL No. 1968 (S.D.W. Va.); and *In re Chantix (Varenicline) Prods. Liab. Litig.*, 2:2009-cv-02039 (N.D. Ala.).  Mr. Lanier represents several governmental entities in Texas including Dallas County (Dallas), Tarrant County (Fort Worth) and Travis County (Austin).  Mr. Lanier has earned international recognition as an MDL trial lawyer with verdicts exceeding $13 billion including bellwether trials in the Pinnacle MDL, Actos MDL and multiple Vioxx jury trials.

**Peter J. Mougey** is a partner with LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, PA (40+ attorneys) which has served in leadership roles in *In Re: Asbestos Products Liability Litigation ( VI)* MDL 875*; In Re:  Breast Implant Products Liability Litigation* MDL 926*; In Re: Amtrak "Sunset Limited" Train Crash in Bayou Canot* MDL 1003; *In Re: Rezulin Products Liability Litigation*, MDL 1348; *In Re: Propulsid Products Liability Litigation* MDL  1355*; In Re: Phenylpropanolamine (PPA) Products Liability Litigation* MDL  1407*; In Re: America Online, Inc., Version 6.0 Software Litigation* MDL  1412*; In Re: Serzone Products Liability Litigation* MDL  1477*; In Re: Baycol Products Liability Litigation* MDL 1431; *In Re: Cisco Systems, Inc., Securities & Derivative Litigation* MDL 1527*; In Re: Welding Fume Products Liability Litigation* MDL 1535; *In Re: Factor VIII or IX Concentrate Blood Products Litigation* MDL 986; *In Re: Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation* MDL 1203; *In Re: Zyprexa Products Liability Litigation* MDL 1596; *In Re: High Sulfur Content Gasoline Products Liability Litigation* MDL  1632; *In Re: Vioxx Products Liability Litigation* MDL 1657; *In Re: Bextra and Celebrex Marketing Sales Practices and Products Liability Litigation* MDL  1699; *In Re: Guidant Defibrillators Products Liability Litigation* MDL 1708; *In Re: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation* MDL 1726; *In Re: Fosamax Products Liability Litigation* MDL 1789; *In Re: Ortho Evra Products Liability Litigation* MDL 1742; *In Re: Gadolinium Based Contrast*

*Agents Products Liability Litigation* MDL 1909*; In Re: Trasylol Products Liability Litigation* MDL 1928; *In Re: Heparin Products Liability Litigation* MDL1953; *In Re: Digitek Products Liability Litigation* MDL 1968; *In Re: Yamaha Motor Corp. Rhino ATV Products Liability Litigation* MDL 2016; *In Re: Chinese Drywall Products Liability Litigation* MDL 2047; *In Re: Yasmin & Yaz (Drospirenone) Marketing, Sales, and Products Liability Litigation* MDL 2100; *In Re: Deepwater Horizon (BP) Oil Spill in the Gulf* MDL 2179; *In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* MDL 2197; *In Re: LIBOR-based Financial Instruments Antitrust Litigation* MDL 2262; *In Re: Actos (Pioglitazone) Products Liability Litigation* MDL 2299; *In Re: Fosamax (Alendronate Sodium) Products Liability Litigation ( II)* MDL 2243; *In Re: Accutane Products Liability Litigation* MDL 1626; *In Re: Automotive Parts Antitrust Litigation* MDL 2311; *In Re: Pelvic Repair System Products Liability Litigation* MDL 2325, MDL 2326, MDL  2327; *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation* MDL2385; *In Re: Blue Cross Blue Shield Antitrust Litigation* MDL2406; *Re: Fresenius GranuFlo/Naturalyte Dialysate Prods. Liability. Litigation* MDL 2428; *In Re: E.I. Du Pont De Nemours & Co. C-8 Personal Injury Litigation* MDL 2433; *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation* MDL 2441; *In Re: Testosterone Replacement Therapy Products Liability Litigation* MDL 2545; *In Re: Benicar (Olmesartan) Products Liability Litigation* MDL 2606; and *In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation* MDL 2666.  Mr. Mougey is counsel of record for 100+ docketed cases in MDL 2804 filed on behalf of governmental entities from 11 states and has 20 years of experience successfully litigating complex, high-profile cases including financial fraud, corporate misconduct, business torts, and securities fraud. He has represented hundreds of governmental entities, including cities, counties, pension plans, public utilities, and hospitals.

**Ellen Relkin** is of counsel to WEITZ & LUXENBERG, P.C. (100 attorneys) with offices in New York City, Cherry Hill, New Jersey, Detroit, and Los Angeles which has served in leadership roles in *In re: Actos (Plioglitazone) Products Liability Litigation*, MDL 2299; *In re: Biomet M2a Magnum Hip Implant Products Liability Litigation*, MDL 2391; *In re: Cook Medical, Inc., IVC Filters Marketing Sales Practice and Product Liability Litigation*, MDL 2570; *In re: Ethicon, Inc., Power Morcellator Products Liability Litigation*, MDL 2652; *In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Litigation*, MDL 2197; *In re: Depuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, MDL 2244; *In re: Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, MDL 2782; *In re: Farxiga Products Liability Litigation*, MDL 2776; *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL 1708; *In re: Invokana (Canagliflozin) Products Liability Litigation, US District Court, New Jersey*, MDL 2750; *In re: Ortho Evra Products Liability Litigation,* MDL 1742; *In re: Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789; *In re: Seroquel Products Liability Litigation*, MDL 1769; *In re: Stryker LFit V40 Femoral Head Products Liability Litigation*, MDL 2768; *In re: Xarelto (Rivaroxaban) Products Liability Litigation -* MDL 2592; *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100; and *In re: Zimmer NexGen Knee Implant Products Liability Litigation*, MDL 2272.  Ms. Relkin in counsel of record in 9 docketed

cases in MDL 2804 representing governmental entities including the City of Detroit. Ms. Relkin co-chairs the MDL Roundtable of the Emory Law School Institute for Complex Litigation and Claims and focuses her practice on pharmaceutical and medical device litigation. She recently served as co-lead counsel in *In Re: DePuy Orthopaedics, ASR Hip Implant Products Liability Litigation* in the Northern District of Ohio in 2010.

**Lynn Sarko** is a partner in KELLER ROHRBACK (72 attorneys) lawyers with offices in five states (Washington, California, Arizona, Montana, New York) which has served in leadership roles in *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation,* MDL No. 2785; *In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability*, MDL No. 2777; *In re: Liquid Aluminum Sulfate Antitrust Litigation*, MDL No. 2687; *In re: Volkswagen "Clean Diesel" Litigation*, MDL No. 2672; *In re JPMorgan Chase Mortgage Modification Litigation*, MDL No. 2290; *In re Online DVD Rental Antitrust Litigation*, MDL No. 2029; *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, MDL No. 1967; *In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*, MDL No. 1897; *In re Delphi Corp.*, MDL No. 1725; *In re Merck & Co., Inc. "ERISA" Litigation,* MDL No. 1658; *In re: Enron Corp.*, MDL No. 1446; *In re: Microsoft Corp. Antitrust Litigation*, MDL No. 1332; *In re IKON Office Solutions, Inc. Securities Litigation*, MDL No. 1318; *In re: Vitamins Antitrust Litigation,* MDL 1285; and *In re Linerboard Antitrust Litigation,* MDL No. 1261. Mr. Sarko is counsel of record in docketed cases in MDL 2804 and represents a TPP, the Arizona Municipal Risk Retention Pool, whose members comprise 76 Arizona cities and towns. Mr. Sarko is a nationally recognized leader in complex litigation and was honored to receive the Trial Lawyers for Public Justice Trial Lawyer of the Year Award for his work on the Exxon Valdez Oil Spill trial team, and was a member of the legal team nominated for the 2016 Nobel Peace Prize for seeking enforcement of the Nuclear Non-Proliferation Treaty on behalf of the Republic of the Marshall Islands.

**Hunter J. Shkolnik** is a founding partner of NAPOLI SHKOLNIK PLLC (60 attorneys) in New York, New York, which has served in leadership roles in *In Re: Bayer Healthcare LLC and Merial Limited Flea Control Marketing and Sales Practices Litigation* (MDL No.2319); *In Re: Fleet Oral Sodium Phosphate Solutions Litigation* (MDL No. 2066); *In re Flint Water Crisis Litigation* (16-cv-10444); *In Re: Eliquis (Apixaban) Product Liability Litigation* (1:17-md-02754); *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation* (MDL No. 2385); *In Re: Daily Fantasy Sports Marketing And Sales Practices Litigation* (MDL No. 2677); *In Re: Taxotere (Docetaxel) Products Liability Litigation* (MDL No. 2740); *In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation* (MDL No. 2738); *In re: New York Diet Drug (Phentermine, fenfluramine, dexfenfluramine) Products Liability Litigation*; *In Re: New York Sulzer Inter Op Hip and Knee Implant Litigation; In Re: Guidant Corp. Implantable Defibrillators Products Liability Litigation* (MDL No. 1708); *In Re: Bausch & Lomb, Inc., Contact Lens Solution Product Liability Litigation* (MDL No. 1785); *In Re: Medtronic, Inc., Sprint Fidelis Leads Product Liability Litigation* (MDL No. 1905*); In Re: Medtronic Inc* ( MDL No. 1726); *In Re: PepsiCo. Inc., Bottled Water Marketing and Sales Practices Litigation* (MDL No. 1903); *In Re: Pom Wonderful Sales and Marketing Practices Litigation* (MDL No. 2199); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*

(MDL 2151); *In Re: Kaba Simplex Push Button Lock Sales and Marketing Litigation* (MDL No. 2220); *In Re: Nuvaring Products Liability Litigation* (MDL No. 1964); *In Re: Zimmer NexGen Knee Implant Products Liability Litigation* (MDL No. 2272); *In re New Jersey Reglan/Metoclopramide Products Liability Litigation*; *In Re: DePuy Orthopaedics. Inc., Pinnacle Hip Implant Products Liability Litigation* (MDL No. 2244); *In re: Incretin Mimetics Product Liability Litigation* (MDL No. 1331); *In Re: American Medical Systems, Inc., Pelvic Repair Systems Products Liability Litigation* (MDL No. 2325); *In Re: Invokana (Canagliflozin) Products Liability Litigation* (MDL No. 2750); *In re: Opioid Litigation, New York State Coordinated Opioid Proceeding*, (Index No.: 400000/2017*)*; *In re: MTBE (Methyl Tertiary Butyl Ether) Products Liability Litigation* (MDL No. 1358); *In re Rezulin Products Liability Litigation* (MDL No. 1348); *In re: World Trade Center Disaster Site Litigation* (270 F. Supp. 2d 357); *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation* (MDL No. 2775); *In Re: Plavix Product Liability and Marketing Litigation* (MDL No. 24118); *In Re: Proton-Pump Inhibitor Products Liability Litigation* (MDL No. 2789); *Abilify (Aripiprazole) Products Liability Litigation* (MDL No. 2734); *Viagra (Sildenafil Citrate) Products Liability Litigation* (MDL No. 2691); and *Paxil Products Liability Litigation* (MDL No. 1574). Mr. Shkolnik is counsel of record in 11 docketed cases in MDL 2804 representing governmental entities including Cuyahoga County, Ohio. Mr. Shkolnik has a vast amount of experience in managing MDL litigation having served as lead-counsel, on executive committees, as liaison counsel and numerous steering committees involving various drug and other mass torts.

**Christopher A. Seeger** is a founding member of SEEGER WEISS LLP (25 attorneys) in New York, New York, which has served in leadership roles in *In re German Auto. Mfrs. Antitrust Litig.*, MDL No. 2796 (N.D. Cal.), *In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*, MDL No. 2789 (D.N.J.), *In re FieldTurf Artificial Turf Mktg. and Sales Practices Litig.*, MDL No. 2779 (D.N.J.), *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, MDL No. 2750 (D.N.J.), *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.), *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan.), *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (N.D. Ill.), *In re Caterpillar, Inc., C13 and C15 Engine Prods. Liab. Litig.*, MDL No. 2540 (D.N.J.), *In re Ford Fusion and CMax Fuel Economy Litig.*, MDL No. 2450 (S.D.N.Y), *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*, MDL No. 2441 (D. Minn.), *In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig.*, MDL 2436 (E.D. Pa.), *In re Mirena IUD Prods. Liab. Litig.*, MDL No. 2434 (S.D.N.Y.), *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, MDL No. 2428 (D. Mass.), *In re Simply Orange Juice Mktg. & Sales Practices Litig.*, MDL No. 2361 (W.D. Mo.), *In re National Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.), *In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 2299 (W.D. La.), *In re Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Multidistrict Litig.*, MDL No. 2197 (N.D. Ohio), *In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196 (N.D. Ohio), *In re Yasmin and YAZ Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2100 (S.D. Ill.), *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation*, MDL No. 2074 (C.D. Cal.), *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.), *In re Aetna UCR Litig.*, MDL No. 2010 (D.N.J.), *In re Whirlpool Corp. Front Loading Washer Prods. Liab. Litig.*, MDL No. 2001 (N.D. Ohio), *In re Vytorin/Zetia Mktg. Sales*

*Practices and Prod. Liab. Litig.*, MDL No. 1938 (D.N.J.), *In re Gadolinium-Based Contrast Agents Prods. Liab. Litig.*, MDL No. 1909 (N.D. Ohio), *In re Vonage Mktg. and Sales Practices Litig.*, MDL No. 1862 (D.N.J.), *In re Genetically Modified Rice Litigation*, MDL No. 1811 (E.D. Mo.), *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (S.D.N.Y.), *In re Ortho Evra Prods. Liab. Litig.*, MDL No. 1742 (N.D. Ohio), *In re Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 1726 (D. Minn.), *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 1708 (D. Minn.), *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.), *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (E.D.N.Y.), *In re IPO Sec. Litig.*, MDL No. 1554 (S.D.N.Y.), *In re Delta Air Lines Inc. "ERISA" Litig.*, MDL No. 1424 (N.D. Ga.), *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL No. 1407 (W.D. Wash.), *In re StarLink Corn Prods. Liab. Litig.*, MDL No. 1403 (N.D. Ill.), *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Prods. Liab. Litig.*, MDL No. 1373 (S.D. Ind.), *In re Propulsid Prods. Liab. Litig.*, MDL No. 1355 (E.D. La.), *In Re Rezulin Prods. Liab. Litig.*, MDL. No. 1348 (S.D.N.Y.) and *In re MCI Non-Subscriber Telephone Rates Litig.*, MDL No. 1275 (S.D. Ill.). Mr. Seeger is counsel of record in docketed cases in MDL 2804 and recently served as co-lead counsel representing approximately 20,000 retired NFL players in litigation against the NFL concerning concussion injuries.

**Roland Tellis** is a shareholder with BARON & BUDD, P.C. (60 attorneys) headquartered in Dallas, Texas which has served in leadership roles in *In Re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL 2777; *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL 2672; *In Re: Zofran (Ondansetron) Products Liability Litigation*, MDL 2657; *In Re: Fluoroquinolone Products Liability Litigation*, MDL 2642; *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641; *In Re: Takata Airbag Products Liability Litigation*, MDL 2599; *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation*, MDL 2570; *In Re: Neomedic Pelvic Repair System Products Liability Litigation*, MDL No. 2511; *In Re: Cook Medical, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2440; *In Re: Coloplast Corp. Pelvic Support Systems Products Liability Litigation*, MDL No. 2387; *In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327; *In Re: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation*, MDL No. 2326; *In Re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2325; *In Re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, MDL No. 2428; *In Re: C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2187; *In Re: Deepwater Horizon (BP) Oil Spill in the Gulf*, MDL 2179; *In Re: Checking Account Overdraft Litigation*, MDL 2036; and *In Re: Methyl Teritary Butyl Ether (MTBE)*, MDL 1898. Mr. Tellis is counsel of record in 100+ docketed cases in MDL 2804 representing governmental entitles across 11 states. Mr. Tellis has more than twenty years of experience in complex, high-profile litigation helping recover more than $17 billion dollars for his clients involving consumer class actions, financial fraud, business torts, corporate misconduct and securities fraud cases.

**James D. Young** is a partner in MORGAN & MORGAN (364 attorneys) based in Jacksonville, Florida, which has served in leadership roles in *In re Yahoo! Inc. Customer Data Breach Litigation*, No. 5:16-md-02752 (N.D. Cal.) (filed Sept. 28, 2016); *In re*

*Home Depot, Inc., Customer Data Security Litigation,* No. 1:14-md-02583-TWT (N.D. Ga.)(filed Dec. 11, 2014); *In re Target Corporation Customer Data Security Breach Litigation,* No. 0:14-md-2522 (D. Minn.)(filed Dec. 24, 2013); *In re Pelvic Repair Systems*, No. 2:12-md-2325 (S.D. WV)(filed Nov. 23, 2011); *In re IVC Filters*, No. 2:15-md-2641 (D. Ariz.)(filed May 18, 2015); *In re Testosterone Replacement*, No. 1:14-cv-1748 (N.D. Ill.)(filed Mar. 28, 2014); *In re Lipitor*, No. 2:14-mn-2502 (D.S.C.) (filed Feb. 20, 2014); *In re Yasmin and Yaz*, No. 3:09-md-2100 (S.D. Ill.) (filed Oct. 1, 2009); *In re Avandia*, No. 2:07-md-1871 (E.D. Pa.) (filed June 11, 2007);  *In re Digitek*, No. 2:08-md-1968 (S.D. W. Va.)( filed Aug. 13, 2008); *In re Biomet Hip*, No. 3:12-md-2391 (N.D. Ind.) (filed June 27, 2012); *In re Stryker Rejuvenate Hip Implant*, No. 0:13-md-2441 (D. Minn.) (filed Feb. 19, 2013);  *In re Incretin Based Therapies*, No. 3-13-md-2452 (S.D. Cal.) (filed April 5, 2013); *In re Vioxx*, No. 2:05-md-1657 (E.D. La) (filed Oct. 8, 2004););  *In re Levaquin,* No. 0:08-md-1943 (D. Minn.) (filed June 16, 2008); *In re Zofran,* No. 1:15-md-2657 (D. Mass.) (filed Oct. 13, 2015); *In re Viagra*, No. 3:16-md-2691 (N.D. Cal.) (filed Dec. 11, 2015); *In re Zoloft*, No. 2:12-md-2342 (E.D. Pa.) (filed Jan. 18, 2012); *In re Trasylol*, No. 1:08-md-1928 (S.D. Fla.) (Apr. 7, 2008); *In re Nuvaring*, No. 4:08-md-1964 (E.D. Mo.) (filed May 9, 2008).  Mr. Young is counsel of record in eight docketed cases (subject to remand) in MDL 2408 filed on behalf of governmental entities in southern West Virginia.  Mr. Young previously spent 10 years investigating and litigating pharmaceutical fraud cases as Special Counsel to three Florida Attorneys General and served as co-chair of the Government Plaintiff Committee in the Vioxx Product Liability Litigation (MDL No. 1657).

### Co-Liaison Counsel

Traditionally Liaison Counsel is charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Manual for Complex Litigation (Fourth) § 10.221 (2004).

**Peter Weinberger** is the managing partner of the firm of SPANGENBERG SHIBLEY & LIBER, LLP located in Cleveland, Ohio.  The Spangenberg firm has had a long history of litigation against the pharmaceutical industry beginning with cases involving the drug thalidomide in the 60s and 70s, followed by cases involving the drugs Halcion, Albuterol, and many others. Mr. Weinberger specializes in product liability, medical malpractice, and catastrophic accidents.  Mr. Weinberger was liaison counsel in the

*Gadolinium Contrast Dyes Products Liability Litigation*, MDL No. 1909 (N.D.Ohio), served on the executive committee, and managed the fee committee. He worked with the court and special master extensively in the settlement efforts that helped resolve more than 600 cases. Mr. Weinberger also served on the plaintiffs' steering committee in the *Teflon Product Liability Litigation*, MDL No. 1733, and was on the trial team that presented the class certification issues at trial. Most recently, Mr. Weinberger served on the plaintiffs' executive committee in *Benicar (Olmesartan) Products Liability Litigation*, MDL No. 2606. In addition to his MDL experience, Mr. Weinberger has been recognized for his success as a trial lawyer, having been selected as a fellow in the American College of Trial Lawyers and the International Society of Barristers. He was recently named by "Super Lawyers" publication as one of the Top 10 lawyers in the State of Ohio for 2018.

**Steve Skikos** is the founding partner of Skikos, Crawford, Skikos and Joseph, located in San Francisco, with offices in Cleveland and Orange County. The firm focuses on cases against the pharmaceutical industry, and Mr. Skikos has acted as co-lead counsel on national cases, most recently as Co-Lead Counsel appointment by the Honorable David A. Katz in the *In re: DePuy Orthopedics Inc. ASR Hip Implant Prods. Multidistrict Litigation*, MDL No. 2197 (N.D. Ohio) and the *California Coordinated Proceeding Reglan/Metoclopramide Cases Litigation*, JCCP No. 4631, which did not have an MDL. Mr. Skikos has also served before this Court on the Plaintiffs' Executive Committee and Plaintiffs' Steering Committee in *In re: Gadolinium Contrast Dyes Products Liability Litigation*, MDL No. 1909 (N.D. Ohio). Mr. Skikos has been court appointed liaison more than ten times in California Coordinated Proceedings as well as state-federal liaison counsel, including in the *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2100 (S.D. Illinois).

**Troy Rafferty** is a partner in the law firm of Levin, Papantonio, Thomas, Mitchell, Rafferty and Proctor located in Pensacola, Florida. He specializes in litigating mass tort, pharmaceutical and major personal injury cases throughout the country. He has tried and litigated numerous pharmaceutical and mass tort cases. He has been appointed to leadership positions in several MDLs, including to be Co-Lead Counsel in the *In re: Gadolinium Based Contrast Action Litigation* (MDL No. 1909), the Plaintiffs' Steering Committee and as Co-Chair of the Plaintiffs' Discovery Committee in the *In re: Vioxx Products Liability Litigation* (MDL No. 1657), the Plaintiffs' Executive Committee in the *In re: Yamaha Motor Corp. Rhino ATV Products Liability Litigation* (MDL No. 2016), the Plaintiffs' Steering Committee in *In re: Zyprexa Products Liability Litigation* (MDL No. 1596), the Plaintiffs' Steering Committee in *In re: Fosamax (Alendronate Sodium) Products Liability Litigation (No.II)* (MDL No. 2243), the Plaintiffs' Steering Committee in *In re: Actos (Pioglitazone) Products Liability Litigation* (MDL No. 2299), the Plaintiffs' Steering Committee in *In res Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation* (MDL No. 2428), the Plaintiffs' Executive Committee in the *In re: Benicar Products Liability Litigation* (MDL No. 2606), the Plaintiffs' Executive Committee in the *In re: Abilify Products Liability Litigation* (MDL No. 2734), and the Plaintiffs' Executive Committee in the *In re: Proton-Pump Inhibitor Litigation* (MDL No. 2789).

Having complied with the Court's directives, and having dealt favorably with the objections submitted, plaintiffs respectfully request that the court enter an order approving these appointments.

Respectfully submitted,

s/Peter H. Weinberger
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*pweinberger@spanglaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

s/Peter H. Weinberger
Peter H. Weinberger

22