UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE POLSTER<br><br><u>APPOINTMENT ORDER</u> |

    This Court earlier requested from the parties suggestions regarding appointment of one or more Special Masters in this extremely complex litigation. *See* Minute Order (Dec. 14, 2017). Having considered the parties' thoughtful suggestions, and with the parties' consent, the Court now enters this Order of Appointment, pursuant to Fed. R. Civ. P. 53(a)(1)(A).

**I.    Appointment of Special Masters.**

    The Court appoints as Special Masters the following three individuals:

| | | |
|---|---|---|
| David R. Cohen<br>24400 Chagrin Blvd.<br>Suite 300<br>Cleveland, OH 44122<br>216.831.0001 tel<br>866.357.3535 fax<br>david@specialmaster.law | Francis McGovern<br>401 W. Alabama<br>Houston, TX 77006<br>202.744.6750<br>McGovern@law.duke.edu | Cathy Yanni<br>JAMS<br>2 Embarcadero Center<br>Suite 1500<br>San Francisco, CA 94111<br>415.774.2635<br>cathy@cathyyanni.com |

    This appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the Court. As Rule 53 requires, the Court sets out below the duties and terms of the Special Masters and

reasons for appointment, and orders the Masters to "proceed with all reasonable diligence," Rule 53(b)(2).

**II.     Rule 53(b)(2).**

Rule 53 requires an order of appointment to include certain contents. *See* Fed. R. Civ. P. 53(b)(2). The following discussion sets forth the matters required.

**A.     Special Masters' Duties.**

Rule 53(a)(1)(A) states the Court may appoint a Special Master to "perform duties consented to by the parties." In addition, Rule 53(a)(1)(C) states the Court may appoint a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." The Court has reviewed legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution.[1] Consistent with this legal authority and the currently-anticipated needs of the Court, as well as the parties' consent, the Court states that the Special Masters shall have the authority to: (1) meet separately and together with various groups to facilitate communications between and amongst (a) the parties, (b) any relevant outside entities, and (c) the Court; (2) assist the Court with mediating resolution of any part of the parties' disputes; (3) provide legal analysis of the parties' submissions; (4) ensure coordination with any related litigation or governmental action; (5) assist with preparation for attorney conferences (including formulating

---

[1] *See generally* Fed. R. Civ. P. 53, advisory committee's notes, 2003 amendment (discussing the range of duties and authority of a Special Master); *Appointing Special Masters and Other Judicial Adjuncts: A Benchbook for Judges and Lawyers* (5th ed. 2013).

2

agendas), court scheduling, and case management; (6) interpret any agreements reached by the parties; and (7) direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders. The Special Masters shall organize their activity to ensure non-duplication of effort and appropriate attention to the various groups of interested parties and counsel. The Court may direct the Special Masters to undertake additional duties as the case progresses.

### B. Communications with the Parties and the Court.

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the [Special Masters] may communicate ex parte with the court or a party." The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, regarding logistics, the nature of their activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. The Special Masters may communicate *ex parte* with any party or its attorney, as each Special Master deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of part or all of any dispute related to this case. The Special Masters shall not communicate to the Court any substantive matter the Special Master learned during an *ex parte* communication between the Special Master and any party.

### C. Special Masters' Record.

Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Special Masters'] activities." The Special Masters shall maintain normal

3

billing records of their time spent on this matter, with reasonably detailed descriptions of the activities and matters worked upon. If the Court asks a Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for filing on the case docket. The Special Masters need not preserve for the record any documents created by the Special Masters that are docketed in this or any other court, nor any documents received by the Special Masters from counsel or parties in this case.

### D.     Review of the Special Masters' Rulings.

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [Special Masters'] orders, findings, and recommendations." The Special Masters shall either: (1) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"); or (2) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter. Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Masters within 21 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Masters' orders, findings, reports, rulings, or recommendations.[2] Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Special Masters shall be deemed

---

[2] Rule 53(f)(2) provides that parties may file objections "no later than 21 days after a copy of the [Special Masters' order, report, or recommendations] is served, unless the court sets a different time." Motions for extensions of time to file objections will not normally be granted unless good cause is shown. The Special Masters may, however, provide in an order, finding, report, or recommendation that the period for filing objections to that particular document is some period longer than 21 calendar days, if a longer period appears warranted.

4

approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4, 5), the Court shall decide de novo all objections to conclusions of law made or recommended by the Special Masters; and the Court shall set aside a ruling by the Special Masters on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Masters enter an order, finding, report, ruling, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 21 calendar day time period set forth herein; *see* Rule 53(f)(3). Failure to meet this deadline results in permanent waiver of any objection to the Special Masters' findings of fact.

### E. Compensation.

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Special Masters'] compensation;" *see also* Rule 53(g) (addressing compensation). The Special Masters shall be compensated at their current MDL rates, with defendants bearing 50% of

this cost and plaintiffs bearing 50% of this cost. The Special Masters shall incur only such fees and expenses as may be reasonably necessary to fulfill their duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

From time to time, on approximately a monthly basis, the Special Masters shall each file <u>under seal</u> an Itemized Statement of fees and expenses (not to include overhead). Given that, at this juncture in the litigation, the duties of the Special Masters include assisting the Court with mediating resolution of their disputes, and legal analysis of the parties' submissions, the Court expects these Itemized Statements may reveal confidential communications between the Special Masters and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Special Masters shall file with their Itemized Statements a Summary Statement, which shall list only the total amount billed, <u>shall not be filed under seal</u>, and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. The parties shall then remit to the Special Masters their proportionate share of any Court-approved amount, within 20 calendar days of Court approval.

    F.    **Other Matters**.

    1.    **Affidavit**.

Rule 53(b)(3)(A) notes that the Court may enter an Order of appointment "only after the

[Special Master] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." *See also* Rule 53(a)(2) (discussing grounds for disqualification). This Order shall become effective as to each Special Master on the date on which the Special Master files with the Court an affidavit disclosing there is no ground for his disqualification under 28 U.S.C. §455 or, if a ground for disqualification is disclosed, that the Parties have consented subject to the Court's approval to waive the disqualification.

   2.   **Cooperation.**

The parties and their counsel, including their successors in office, agents, and employees, shall provide full cooperation to the Special Masters, and any staff or consultant employed by the Special Masters, and observe faithfully the requirements of any orders of the Court and rulings by the Special Masters. The Parties shall timely comply with rulings of the Special Masters issued pursuant to this Order. Pursuant to Rule 53(c)(2), the Special Masters may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Masters (and those working at their direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[3]

---

[3] *See, e.g., Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

3.  **Access to Information.**

The parties will make readily available to the Special Masters any and all individuals, information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Special Masters require to perform their duties. The parties will make readily available to the Special Masters any and all facilities, files, databases, computer programs, and documents necessary to fulfill the Special Masters' functions under this Order.

The Special Masters may require reports from any party in a format specified by the Special Master, as reasonably required to enable the Special Masters to perform all assigned duties.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 11, 2018**