# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION                                              MDL No. 2804

## TRANSFER ORDER

**Before the Panel**: Plaintiff, four generic drug manufacturer defendants[1] and defendant Comprehensive Pain Specialists, Inc., move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the individual wrongful death action (*Hughes*) listed on the attached Schedule A to MDL No. 2804.[2] Defendant Par Pharmaceutical, Inc., opposes the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the alleged improper marketing of and/or inappropriate distribution of various prescription opiate medications into cities, states and towns across the country. *See In re: National Prescription Opiate Litig.,* 2017 WL 6031547 (J.P.M.L. Dec. 5, 2017). Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at *2. We held that "all actions involve common factual questions about, *inter alia*, the manufacturing and distributor

---

[1] Amneal Pharmaceuticals of New York, LLC, Impax Laboratories, Inc., KVK-Tech, Inc., and West-Ward Pharmaceuticals Corp.

[2] Recently-served defendants Dr. Christopher Creighton and Advanced Pain Specialists, Inc., notified the Panel in a supplemental filing that they also oppose transfer of *Hughes*. These newly-submitted arguments do not change our conclusion that *Hughes* should be transferred to MDL No. 2804. Defendants assert that transfer is inappropriate due to a purported lack of subject matter jurisdiction, but such arguments are not an impediment to transfer. Defendants (and plaintiff, who has moved to remand the action to state court) can present their jurisdictional arguments to the transferee judge at the appropriate time. *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Defendants' other arguments opposing transfer are largely duplicative of those advanced by other parties.

-2-

defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs." *Id.*

When we decided to create this MDL, we noted that, although the cases on the initial transfer motion were brought by political subdivisions, there were potential tag-along actions brought by individuals, consumers, hospitals and third party payors. *Id.* at *3. Further, we recognized that "this litigation might evolve to include additional categories of plaintiffs and defendants, as well as different types of claims." *Id*. The question now before us in *Hughes* is whether individual wrongful death actions are appropriate for inclusion in MDL No. 2804. We hold that, at this early stage, they are. Plaintiff in *Hughes* alleges that manufacturers of various prescription opioid medications improperly marketed and failed to warn about the unreasonably dangerous or defective nature of those drugs. *Hughes* therefore falls within the MDL's ambit.

The parties opposing transfer argue that *Hughes* presents unique issues that are inappropriate for transfer to an MDL largely containing claims brought by local governments. The generic drug manufacturers in *Hughes* also argue that the claims against them are preempted and could be resolved more quickly in the transferor court than in the MDL. We do not find these arguments persuasive. If, as defendants argue, the claims against them are without merit because they are preempted by federal law, then transfer offers a single forum to make that decision. Indeed, transfer may prove particularly helpful in determining common preemption issues, given that *Hughes* defendants Mallinckrodt and Actavis are each defendants in over 150 cases in the MDL. Further, as the parties note, there already is one case brought by an individual in the MDL. *See Lewis v. Purdue Pharma L.P., et al.*, W.D. Arkansas, Case No. 5:17-cv-05118 (putative statewide class action against generic and branded drug manufacturers by patients who were prescribed opioids and became addicted).

Opponents of transfer also stress the inconvenience that transfer may cause, given that their respective witnesses are primarily located in Missouri. But, in deciding issues of Section 1407 transfer, the Panel looks to the overall convenience of the parties and witnesses in the litigation as a whole.[3] Here, overall convenience will be served by transfer of *Hughes,* in light of the factual issues the case shares with other MDL cases. Moreover, we note that "since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *See In re: Cygnus Telecommunications Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

While we are of the opinion that efficiencies will be gained by transferring *Hughes* to the MDL at this time, we recognize that the litigation may evolve to a point where continued inclusion of individual wrongful death cases like *Hughes* may be more appropriately resolved in the courts in

---

[3]  *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

-3-

which they were filed.  If the transferee judge determines that Section 1407 remand of any claim or type of action is appropriate, then he can suggest remand with a minimum of delay.  *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Lewis A. Kaplan
R. David Proctor     Ellen Segal Huvelle
Catherine D. Perry

**IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION**  MDL No. 2804

## SCHEDULE A

<u>Eastern District of Missouri</u>

HUGHES V. MALLINCKRODT BRAND PHARMACEUTICALS, INC, ET AL., C.A. No. 4:17-2426