

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

February 12, 2018

Paul T. Ferrell, Esq.
Greene, Ketchum, Farrell, Bailey & Tweel, LLP
419 Eleventh Street
Huntington, WV 25724-2389
*Sent via electronic mail to: paul@greeneketchum.com*

Re:   *In Re: National Prescription Opiate Litigation.*
      N.D. Ohio Case No. 1:17-MD-2804

Dear Mr. Farrell:

On February 2, 2018, the Court in the above-captioned case directed Plaintiffs to discuss with the Drug Enforcement Administration (DEA) disclosure of information contained in the ARCOS/DADS database. Consistent with DEA's prior commitment "to continue discussions with plaintiffs concerning the disclosure of ARCOS data[,]" DEA remains willing to engage with the parties and the Court to address what ARCOS data can be provided in this case to assist the parties in resolving their claims. As the parties are aware, DEA's response to the Court's Order and any disclosures to Plaintiffs in connection therewith are governed by the United States Department of Justice's *Touhy* regulations. 28 C.F.R. §§ 16.21-.29. These regulations apply, *inter alia*, where, as here, the United States is not a party to the proceeding. Absent express authorization, current and former DEA employees are prohibited from disclosing official information. *Id.* at § 16.22(a).

The Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees. *U.S. ex rel. Touhy v. Ragen*, 340 US. 462 (1951). In *Touhy*, the United States Supreme Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. *Id.* at 468. Nor did such regulations invade the authority of the Courts to determine the admissibility of evidence. *Id.* at 468-70.

Pursuant to 28 C.F.R. § 16.22, the United States Attorney for the Northern District of Ohio is the official responsible for consulting with the DEA and authorizing any disclosure in this case. Federal regulations require the United States Attorney to consider whether disclosure is

appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). The release of official information is prohibited if disclosure would:

1. Violate a specific statute or regulation;

2. Reveal classified information;

3. Reveal a confidential source or informant;

4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or

5. Reveal trade secrets without the owner's consent.

*Id.* at § 16.26(b).

When deciding whether to make a disclosure, the United States Attorney must consider "[w]hether such disclosure is appropriate under the rules of the case…in which the demand arose." *Id.* at § 16.26(a)(1). In this case, the Court stayed all discovery and required the parties to mediate the case. To the extent that the Court's Order seeks to have the Department of Justice consider authorizing the disclosure of information within the ARCOS/DADS database to advance settlement discussions, federal regulations require a summary of the information sought and how such information is relevant to the ongoing settlement discussions in the case. *Id.* at § 16.22(c).

Your letter of February 5, 2018, did not provide that information. Accordingly, we request that you supply that information so that the Department of Justice can determine whether to authorize in response to the Court's order any disclosures based on the factors contained in the regulations. If the Department of Justice authorizes any disclosures, it will then address the format questions and other issues raised in your recent letter.

                Sincerely,

                DAVID A. SIERLEJA
                First Assistant United States Attorney
                Northern District of Ohio
                Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____
       JAMES R. BENNETT II (Ohio Bar #0071663)
       Assistant United States Attorney
       801 W. Superior Ave., Suite 400
       Cleveland, Ohio 44113
       216-622-3988 (Direct)
       216-522-4982 (Fascimile)
       james.bennett4@usdoj.gov