**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL No. 2804<br><br>Case No. 1:16-cv-06378-RJS<br><br>Judge Dan Aaron Polster |

**DISTRIBUTOR DEFENDANTS' STATUS REPORT ON ARCOS**
**DISCLOSURE DISCUSSIONS WITH DEA**

In response to the Court's request for a report on the meeting of representatives of plaintiffs, the DEA, and distributors concerning plaintiffs' request for ARCOS data, the undersigned counsel for Cardinal Health and AmerisourceBergen Drug Corporation who attended the meeting on behalf of the distributors submit the following report.[1] Representatives for distributors present at the meeting asserted their understanding that the Court's interest in ARCOS data is to aid the Court and the parties in their current efforts to identify all the relevant stakeholders who might participate in prospective initiatives to ameliorate the opioid abuse problem.

Plaintiffs seek extensive discovery dating back to 2006, which is unnecessary to identify stakeholders and unrelated to prospective initiatives. The DEA explained the many practical, public policy, investigatory, and legal hurdles that restrict their compliance with plaintiffs' effort to discover in civil litigation the entire proprietary, confidential database of a federal government agency used strictly for regulatory and law enforcement purposes. The DEA and distributors

---

[1] Although the attending representatives communicated with the larger group of defendants, other distributors and pharmacies may also have independent or additional interests and concerns regarding the proposed release of ARCOS data. This report is only on behalf of the attending distributors.

also explained the sensitive nature of the data from many perspectives (non-party privacy concerns, the proprietary business confidential classification of the data, danger of compromising ongoing investigations, potential competitive harm to pharmacies and distributors) that call for, at most, targeted requests and production under an appropriate protective order. Many of the stated concerns are before the Court in the DEA's objections to the original proposed subpoena in the *City of Cincinnati* case. *See* 17-cv-00713, Dkt. 101.[2]

Regarding the stated reason to obtain the database—finding out the identities of others who should participate in this resolution phase of the litigation that is focused on forward-looking initiatives and actions to help ameliorate the opioid crisis—the distributor representatives and the DEA explained that this information could easily be made available and the DEA made the offer set out in its report regarding doing so and including a general indication of market share for the manufacturers listed. The distributors expressed the view that such a list would meet the needs of the Court and parties at this time.

While expressing the enormous commitment of time and energy that would be required to do so, the DEA also offered to provide the following information:

- Transactional data showing date, state, and 3-digit zip code (unless it would effectively identify a particular pharmacy because there is only one located in that zip code) for oxycodone, hydrocodone, hydromorphone, and fentanyl and combination products;
- For a two-year period;[3]
- Provided in Excel format;
- Nationwide, including Puerto Rico;

---

[2] Plaintiffs' submissions regarding their request for all ARCOS database information—**information to which no distributor has ever had access**—make clear that they wish to try to hold distributor defendants responsible for knowledge that was **never** in their possession.

[3] Distributors urge that if a two-year period is used it should be the most recent data available, consistent with the Court's focus on prospective initiatives.

- Including a unique code for buyers and sellers;
- Under the data transfer & security requirements proposed by plaintiffs; and
- Subject to a protective order.

Further, if plaintiffs' analysis revealed allegedly potential "bad actors" or "soft spots" the DEA offered to consider requests to unblind those particular transactions.  Thus, plaintiffs would have access to data while protecting privacy, law enforcement, and other stated interests.

Plaintiffs rejected the DEA's offers and indicated that they intend for the ARCOS data they seek as part of this Court's resolution process to be provided to the media and parties (both states and other entities) that are pursuing litigation pending outside the jurisdiction of this Court and opposing attempts to transfer cases to this Court.  Plaintiffs' position is inconsistent with the Court's Order instructing that while "[t]here is a legitimate need for Plaintiffs to obtain this data, . . . the Court believes that production must be tailored – perhaps through a protective order – in a way to address the DEA's concerns regarding breadth, years in question, potential interference in investigations and enforcement actions, and divulging the location of warehouses where opioids are stored."  Dkt. 112.

In addition to the DEA's law-enforcement concerns, providing access to sales volumes and timing nationwide is a serious business and security concern for both distributors and pharmacies, many of whom have reached out through counsel to express those concerns.  The DEA's offer to provide a list of entities in each state who comprise 95% or more of the market share is sufficient to identify stakeholders whose presence at the table to consider prospective actions might be desired.  Given the nature of the data, no disclosure beyond that should be considered unless accomplished under an attorneys' eyes only protective order—with reasonable exceptions for experts.

The distributors' understanding is that the Court requested only our report of the negotiations, so we do not here attempt to fully express our positions on the merits of the plaintiffs' request or the DEA's offer.  We respectfully request the opportunity to do so at the hearing on February 26.  If the Court deems it appropriate at any time to hear—in  more detail or in writing—from us or the other defendants (and perhaps from non-parties whose data, privacy, and business confidential ARCOS information is also at issue) as to our positions, we are of course happy to comply.

Dated: February 25, 2018    Respectfully submitted,

AMERISOURCEBERGEN DRUG CORPORATION

/s/ *Alvin L. Emch*
Alvin L. Emch, Esq.
aemch@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
PO Box 553
Charleston, WV 25322
(304) 340-1000

CARDINAL HEALTH, INC.

/s/ *Jennifer G. Wicht*
jwicht@wc.com
Williams & Connolly LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5000

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th day of February, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Ashley Hardin*
Ashley Hardin