UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br><br>**MEMORANDUM IN SUPPORT OF DEA'S MOTION FOR PROTECTIVE ORDER REGARDING ARCOS DATA** |

  This Court is overseeing the National Prescription Opiate Multi-District Litigation, in which plaintiffs have sued manufacturers, distributors, and retailers of prescription opiate drugs, alleging that the defendants are liable for the public health crisis relating to opioids. To assist in settlement efforts, the plaintiffs indicated a need for certain data that federal regulations require the defendants to report to the United States Drug Enforcement Agency ("DEA")—specifically, the opioid transaction information that the defendants submit to DEA's Automation of Reports and Consolidated Orders System ("ARCOS") database.

  Specific policies govern the disclosure of official Department of Justice information by a federal agency, including the DEA, in a lawsuit in which the agency is not a party. *See* 28 C.F.R. § 16.21, *et seq.* ("*Touhy* regulations"). After considering the plaintiffs' request for access to the ARCOS database pursuant to the applicable *Touhy* regulations, the DEA authorized disclosure of some of the data—provided the Court first entered a suitable protective order. (Notice of Compliance, ECF No. 145.) The Court directed the plaintiffs and DEA to file an agreed protective order no later than 12:00 noon on Friday, March 2, 2018. (Order, ECF No. 155 at PageID # 819.)

  On Monday, February 26, 2018, the DEA circulated a draft protective order for the parties to review. On Thursday, March 1, 2018, the DEA circulated a revised protective order to the

parties.  Later that day, the plaintiffs sent DEA a protective order.  The parties and DEA held a telephone conference after receiving the plaintiffs' proposal and agreed to discuss the protective order further on March 2, 2018.  Defendants then submitted suggested changes to the protective order, and the parties held a second telephone conference.  DEA incorporated most of the changes proposed by the plaintiffs and the defendants.  Unfortunately, the DEA, the plaintiffs, and the defendants were unable to reach an agreement on the protective order in the allotted timeframe—despite everyone's best efforts.  In the end, the primary areas of disagreement were the DEA's and the defendants' request for two-tiered confidentiality protection, and the plaintiffs' desire to share all of the ARCOS data with their clients and with state and local law enforcement agencies.

      The DEA reiterates its willingness to produce a subset of ARCOS data provided the Court enters a suitable protective order, and, by this motion, moves the Court for entry of the order attached hereto as Exhibit A to enable it to make such a production.  The DEA urges the Court to adopt its proposed protective order for the foregoing reasons.  First, this protective order is the result of combining the proposals of the plaintiffs, the defendants, and the DEA.  While the other parties do not consent to all of the terms contained therein, it is a good faith effort to comply with the Court's Order.  Second, it is the DEA's data that the Order is designed to protect, and the attached proposed order properly accounts for the DEA's legitimate law enforcement, Privacy Act, trade secret, and other concerns.

      As to the two primary sticking points, the DEA notes that an Attorneys' Eyes Only designation is necessary to protect Privacy Act information, law-enforcement-sensitive information, and the defendants' proprietary information.  Indeed, the defendants have expressed to DEA numerous objections to disclosure of the data, many of which relate to the proprietary nature of their customer identities and volumes.  In addition, although the DEA's proposed

protective order contains an Attorneys' Eyes Only provision, it also allows the parties, including the plaintiffs, to object to such a designation if it feels the DEA improperly identified a document as Attorneys' Eyes Only.

The other issue was whether the plaintiffs would be able to disclose the data to their clients and to all state and local law enforcement entities, as provided in their proposed document. The DEA believes this is contrary to the Court's intent expressed during the February 26 hearing. The Court indicated that the DEA's production could be *used* for two purposes: for purposes of this litigation, or for law-enforcement purposes.  The Court did not say that the DEA's production could be *distributed* widely to every single law enforcement entity in the country, even if the entity was not a party to this litigation.  If the Court allows production to non-parties, the DEA has concerns about further distribution to persons over which this Court has no jurisdiction.

For all of these reasons, the DEA requests that the Court enter the protective order attached hereto as Exhibit A so that it may begin producing the authorized materials.

                                              Respectfully submitted,

                                              DAVID A. SIERLEJA
                                              First Assistant United States Attorney
                                              Attorney for the United States
                                              Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/ James R. Bennett II
        JAMES R. BENNETT II (OH #0071663)
        KAREN E. SWANSON HAAN (OH #0082518)
        Assistant U.S. Attorneys
        Carl B. Stokes U.S. Courthouse
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio  44113-1852
        Telephone:  (216) 622-3600
        E-mail:  James.Bennett4@usdoj.gov
        E-mail:  Karen.Swanson.Haan@usdoj.gov

        Attorneys for United States Department of Justice,
        Drug Enforcement Administration

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief is three (3) pages in length and within the page limitations set by Local Rule 7.1(f).

    /s/ James R. Bennett II
    JAMES R. BENNETT II
    Assistant U.S. Attorney