## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br><br>**PROTECTIVE ORDER REGARDING DEA ARCOS DATA** |

The United States Drug Enforcement Administration ("DEA") has moved that the Court enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the interests of the DEA and the respective parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Purpose:** The Court enters this Protective Order ("Order") to protect any disclosure of official Department of Justice ("DOJ") information collected and maintained by the United States Drug Enforcement Administration ("DEA") in DEA's Automation of Reports and Consolidated Orders System ("ARCOS") database. Specifically, the Court and the parties acknowledge that the DEA is bound by the objectives of DOJ *Touhy* regulations, 28 U.S.C. §§ 16.21 *et seq.*; the Privacy Act, 5 U.S.C. § 552a; and all applicable federal law.

2. **Scope:** This Order applies to all documents or electronically stored information ("ESI") provided by the DEA to the Court, counsel, or any parties in the above-captioned litigation ("the Litigation"), including but not limited to any data produced directly from DEA's ARCOS database; any reports generated from DEA's ARCOS database; any information collected and maintained by DEA in its ARCOS database; and any derivative documents that the parties or their employees, agents, or experts create using ARCOS data.



GOVERNMENT EXHIBIT A

3. **Form and Timing of Designation.**  Prior to the production or disclosure of documents, the DEA shall designate all documents as confidential and restricted in disclosure under this Order by stamping either "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document.  The DEA will mark a document "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" only if it contains law-enforcement-sensitive information, proprietary trade secret information, sensitive personal information, private commercial business or financial information, personally identifying information, or information otherwise protected by the Privacy Act, 5 U.S.C. § 552a.  If the DEA produces ESI that cannot itself be marked with one of these two designations, the DEA shall place the applicable designation on the physical media used to produce the ESI or in the title of any secure server, link, or file used to produce the ESI.

4. **Inadvertent Production.**  If DEA inadvertently produces any document or ESI without a confidentiality designation, it does not forfeit the right to later stamp the document(s) or ESI with a confidentiality designation and obtain for it the full protection of this Order.

5. **Authorized Use.**  Documents and/or ESI designated "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order (hereafter, collectively "Confidential Information") shall not be used by the parties, counsel for the parties, or any other authorized persons or entities identified in ¶ 6 for any purpose whatsoever other than (1) to mediate, settle, prosecute, or defend the above-captioned litigation, or (2) for law enforcement purposes.  Specifically, Confidential Information shall not be used by any person or entity for commercial purposes, in furtherance of business objectives, or to gain a competitive advantage.

6. **Authorized Individuals.** Documents and/or ESI designated "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be available only to counsel of record for the parties in the Litigation. Documents and/or ESI designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be available only to the parties and attorneys for the parties. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except:

    a. Employees and agents of counsel assisting with the Litigation who have a need to view the Confidential Information in connection with the Litigation;
    b. Court reporters in the Litigation, the judge and his/her employees or clerks working on the Litigation, and Special Masters assisting with the Litigation; and
    c. Experts or consultants retained by the parties to assist in the Litigation.

Any person to whom disclosure is made shall be bound by the terms of this Order. Confidential Information shall not be communicated to the public or media in any way or form. Counsel shall take measures to prevent unauthorized disclosure of Confidential Information.

Prior to receipt of any Confidential Information provided pursuant to this Order, any third-person or entity authorized pursuant to the terms of this Order receiving the materials shall sign the "Acknowledgement of Protective Order" attached hereto. A copy of the signed "Acknowledgement of Protective Order" shall be provided to the DEA, through its DOJ counsel, electronically or otherwise. The original, signed "Acknowledgement of Protective Order" shall be retained by counsel until the above-captioned case is conclusively resolved.

7. **Copies.** Prior to providing Confidential Information, including documents and/or ESI, to an authorized person or entity under ¶ 6, all copies shall be marked with the applicable designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

8. **Filing and Admission Into Evidence:** If filed, any Confidential Information must be marked with the applicable confidentiality designation, designated as "Subject to Protective Order," and filed under seal with prior Court approval. The parties are obligated to seek *in camera* treatment of such information. Nothing in this Order authorizes the admission into evidence of any Confidential Information provided pursuant to this Order. Any party to the Litigation who intends to introduce Confidential Information into the formal record in the Litigation—whether in a deposition, in an open hearing, at trial, or otherwise—must provide DEA, through its DOJ counsel, five (5) days advance written notice. This Order does not constitute a waiver by any party, or by the DEA, of any right to object to the admission into evidence or into the formal record in the Litigation of any Confidential Information.

9. **Non-Waiver:** This Order does not preclude the United States of America, the DEA, or DOJ from asserting the law enforcement investigatory privilege, or any other applicable privilege, and declining to produce documents or ESI or portions of such documents or ESI where the United States of America, the DEA, or DOJ deems it appropriate.

10. **De-Designation of Confidential Information.** Any party may formally challenge with the Court the designation of a document or ESI as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." However, before filing any such motions or objections with the Court, the objecting party shall meet and confer in a good faith effort to resolve the objection by agreement. If an agreement is reached confirming or waiving a confidentiality designation, the DEA shall notify all parties, in writing, of the agreement to confirm or waive the confidentiality designation.

11. **Improper Disclosure.** Disclosure of Confidential Information to any unauthorized person or entity shall subject the disclosing person or entity to such sanctions and

remedies as the Court may deem appropriate, including the power to hold parties or other violators of this Order in contempt.  All other remedies available to any person(s) injured by a violation of this Order are fully reserved.  This Court retains jurisdiction over all of the parties in this action and any person or entity obtaining information pursuant to this Order for purposes of any proceeding arising from any violation of this Order.

12. **Public Records Requests.**  Because many of the plaintiffs in the Litigation are governmental entities, the plaintiffs may be subject to public records laws, including but not limited to state sunshine laws, the Freedom of Information Act, or other similar acts.  As such, the plaintiffs may receive requests for Confidential Information under these or other public records laws.  If the plaintiffs receive such requests, the plaintiffs shall immediately notify the DEA and the defendants of the request, through their counsel of record in the Litigation.  If the DEA or any of the defendants challenge the public records request, the challenging party must file an appropriate challenge in this Court within seven (7) days after notification of the request.  Where such a challenge is filed with this Court, the plaintiffs shall not release any Confidential Information in the absence of an order from this Court.

13. **Obligations on Conclusion of Litigation.**  Confidential Information shall at all times remain the property of DOJ, subject to DEA control.  Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and copies thereof shall be returned to the DEA, through its DOJ counsel, unless the parties and DOJ agree in writing to destruction in lieu of return.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order.  After dismissal or entry of

final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

      IT IS SO ORDERED.

_____          _____
JUDGE DAN A. POLSTER                              DATE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned litigation, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order. The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated as either "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" solely for purposes of the above-captioned action or for law enforcement purposes, and that disclosure of any such documents to third-persons is prohibited except in accordance with the Protective Order.

_____
Signature

_____
Date