

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

March 5, 2018

Paul T. Farrell, Jr.
Farrell, Bailey & Tweel LLP
419 Eleventh Street
Huntington, WV 25724-2389
Sent via e-mail: paul@greeneketchum.com

Re:   *In Re: National Prescription Opiate Litigation.*
      N.D. Ohio Case No. 1:17-MD-2804

Dear Mr. Farrell:

The United States Department of Justice ("DOJ") is in receipt of your prior correspondence and the March 1, 2018 Order issued in the above-captioned case seeking disclosure of the following additional ARCOS information from the United States Drug Enforcement Administration ("DEA"):

> [I]dentification of manufacturers and distributors who sold 95% of the opiates in each state during the time period 1/1/2006 through 12/31/2014—with an aggregate amount of pills sold and the market shares of each manufacturer and distributor—on a state-by-state basis.

(3/1/18 Order, ECF No. 155, at PageID # 819.)

Pursuant to DOJ's *Touhy* regulations, the DEA agrees that it is in the public interest to provide a limited authorization to release the names and market share of all manufacturers and distributors in each state who comprise 95% or more of the market share for certain opioids provided that the release of this information is covered by an acceptable protective order.

The DOJ and the DEA are committed to combating the epidemic of prescription drug abuse and appreciate the opportunity to assist in this litigation. In order to share information to assist you in your efforts, the DOJ must follow the law and policies that govern disclosure of official DOJ information by federal employees and agencies, including the DEA. *See* 28 C.F.R. § 16.21-.29 ("*Touhy* regulations"). The *Touhy* regulations apply, *inter alia*, in situations such as this, where

**GOVERNMENT EXHIBIT A**

the United States is not a party to the proceeding. Under those regulations, current and former DEA employees are prohibited from disclosing official information absent express authorization from the DOJ. 28 C.F.R. § 16.22(a).

The Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees. *U.S. ex rel. Touhy v. Ragen*, 340 US. 462 (1951). In *Touhy*, the Supreme Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. *Id.* at 468. Nor did such regulations invade the authority of the Courts to determine the admissibility of evidence. *Id.* at 468-70.

Pursuant to 28 C.F.R. § 16.22, I am the official responsible for consulting with the DEA and authorizing any disclosure in this case in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). I am prohibited from releasing official information if disclosure would:

1. Violate a specific statute or regulation;
2. Reveal classified information;
3. Reveal a confidential source or informant;
4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or
5. Reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

After carefully considering your request, consulting with the DEA, applying all of the above factors, reviewing the relevant procedural and substantive law, and for the reasons and analysis set forth in my authorization letter dated February 26, 2018, I have determined that a limited authorization to provide additional information to assist the Court and the parties in attempting to reach a settlement in this case is in the public interest. Indeed, I believe that providing the information is consistent with the DOJ's own efforts to combat the devastating opioid crisis that is ravaging families and communities across America.

The DOJ has taken a number of steps to stem the tide of this urgent problem, by, among other things, prosecuting those who overprescribe opioid painkillers and those who flood our streets with drugs. The DOJ has launched a pilot program to utilize data and focus prosecutions on opioid-related health care fraud including pill mill schemes and pharmacies that unlawfully divert or dispense prescription opioids for illegitimate purposes. To combat the opioid crisis, the DOJ also has provided millions of dollars in grants to state and local law enforcement agencies to take heroin, methamphetamines, cocaine, and other illicit and diverted drugs off our streets.

I have determined that a limited disclosure of additional information to you would further purposes complementary to those efforts. However, any disclosure must be pursuant to a protective order that requires, at a minimum, that: (1) all extracted ARCOS data must be kept

confidential and may not be publically filed or disclosed; (2) all information remains the property of DOJ/DEA and must be returned or destroyed at the conclusion of litigation; (3) no commercial use of the information is permitted; and (4) certain information may be marked by DEA as "Attorney Eyes Only" and will be kept so restricted. Upon the issuance of such a protective order by the Court, I hereby authorize the designated official from the Diversion Control Division, DEA, to provide the identification of manufacturers and distributors who sold 95% of the opiates in each state during the time period 1/1/2006 through 12/31/2014—with an aggregate amount of pills sold and the market shares of each manufacturer and distributor—on a state-by-state basis.

This additional information will enable the Court and the plaintiffs to determine whether there are any other manufacturing and/or distribution stakeholders who need to be involved in the ongoing settlement proceedings.

Sincerely,

DAVID A. SIERLEJA
First Assistant United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515