UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) ALL CASES ) ) ) ) | MDL No. 2804 Case No. 17-MD-2804 Judge Dan Aaron Polster <u>PROTECTIVE ORDER RE:</u> <u>DEA'S ARCOS/DADS DATABASE</u> |

The Court conducted a hearing on February 26, 2018 and entered an Order informing the parties and the United States of America that the Court intended to consider entering a protective order regarding the anticipated disclosure of certain data by the United States Drug Enforcement Administration ("DEA") related to the Automated Records and Consolidated Orders System/Diversion Analysis and Detection System ("ARCOS").  (Doc #: 155.)  The Court, having reviewed the proposed protective orders submitted by Plaintiffs and the DEA, has determined that any such disclosure shall remain confidential and shall be used only for litigation purposes or in connection with state and local law enforcement efforts.  More specifically, the Court concludes that disclosure may be made to the governmental Plaintiffs, which includes cities, counties and Native American tribes, for this litigation and/or law enforcement purposes, and disclosure may be made to State Attorneys General for litigation and law enforcement purposes.  All lawyers and parties must read this Protective Order and sign the Acknowledgement of Protective Order and Agreement to Be Bound (Ex. A).

The DEA proposed, and Defendants agreed with, two levels of confidentiality designations: (1) "Attorneys' Eyes Only – Subject to Protective Order," and (2) "Confidential - Subject to Protective Order."  (See Doc #: 162-2 ¶ 3.)  The DEA proposed marking documents "Attorneys' Eyes Only - Subject to Protective Order" "only if the document contains law-enforcement-sensitive information, proprietary trade secret information, sensitive personal information, private commercial business or financial information, sensitive personal information, private commercial business or financial information, personally identifying information, or information otherwise protected by the Privacy Act, 5 U.S.C. § 552a."  (Doc #: 162-2 at 2 ¶ 3.)  Plaintiffs proposed one level of confidentiality, "Confidential - Subject to Protective Order."  The Court believes that one level of protection is sufficient to cover the data being produced at this time.  However, the Court may re-visit this issue in the future should additional ARCOS data be produced.

Accordingly, it is hereby ORDERED:

1. **Purpose.**  The Court enters this Protective Order to govern the disclosure of official Department of Justice ("DOJ") information collected and maintained by the DEA in its ARCOS database.

2. **Scope.**  This Order applies to all documents or electronically stored information ("ESI") provided by the DEA to the Court, counsel, or any parties in the above-captioned litigation, including but not limited to: any data produced directly from DEA's ARCOS database; any reports generated from DEA's ARCOS database; any information collected and maintained by DEA in its ARCOS database; and any derivative documents that the parties or their employees, agents or experts create using ARCOS data (collectively, "ARCOS Data").

3. **Form and Timing of Designation.**  Prior to the production or disclosure of documents, the DEA shall designate all documents as confidential and restricted in disclosure under the Order by stamping "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order does not constitute a finding that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  If the DEA produces ESI that cannot itself be marked with one of these two designations, the DEA shall place the designation on the physical media used to produce the ESI or in the title of any secure server, link, or file used to produce the ESI.

4. **Inadvertent Production.**  If the DEA inadvertently produces any document without a confidentiality designation, it does not forfeit the right to later stamp the document(s) with a confidentiality designation and obtain for the document(s) the full protection of this Order.

5. **Authorized Use.**  The ARCOS data designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order (collectively, "Designated Information") shall not be used by the parties, counsel for the parties, or any other authorized persons identified in ¶ 6 for any purpose whatsoever other than (1) to mediate, settle, prosecute, or defend the above-captioned litigation, or (2) for law enforcement purposes.  Specifically, Designated Information shall not be used by any person or entity for commercial purposes, in furtherance of business objectives, or to gain a competitive advantage.

6. **Authorized Individuals.**  Documents and/or ESI designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be available only to the parties and attorneys for the

parties and State Attorneys General.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Designated Information to any third person or entity except:

      a.    Employees and agents of counsel assisting with the Litigation who have a need to view the Designated Information in connection with the Litigation;

      b.    Court reporters in the Litigation, the judge and his employees or clerks working on the Litigation, and Special Masters assisting with the Litigation;

      c.    Experts employed to assist in the Litigation, but only after completing the certification contained in Attachment A, Acknowledgement of Protective Order and Agreement to be Bound, the original of which shall be retained by counsel until the above-captioned case is conclusively resolved;

      d.    State and local law enforcement including State Attorneys General; and

      e.    Other persons only upon order of the Court and on such conditions as may be agreed or ordered, as set out in the paragraph below concerning "Public Records Requests."

Any person to whom disclosure is made shall be bound by the terms of this Order.  Designated Information shall not be communicated to the public or media in any way or form without prior approval of the Court.  Counsel shall take measures to prevent unauthorized disclosure of Designated Information.

    7.    **Copies.**  All copies of Designated Information shall thereafter be entitled to the protection of this Order.

    8.    **Filing Documents Containing Designated Information.**  If contained in a pleading, motion, or other document filed with this Court, any Designated Information must be marked with the applicable confidentiality designation, designated as "Subject to Protective Order," and filed under seal with prior Court authorization.  Only the portions of the filed document containing Designated Information are subject to being filed under seal, and a party shall file both a redacted version for the public docket and an unredacted version for sealing.

9. **Deposition Testimony Concerning the Designated Information.** Deposition testimony concerning the Designated Information, and exhibits to depositions containing the Designated Information, shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated within ten days of the deposition. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

10. **Use of Designated Information at Trial.** All trials are open to the pubic. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other parties and to the DEA at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents of information at trial. Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

11. **De-Designation of Documents Stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order.** Any Designated Information is subject to challenge by

any party or nonparty with standing to object (hereafter, "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

12. **Obligations on Conclusion of Litigation.** Designated Information shall at all times remain the property of DOJ, subject to DEA control. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Designated Information and copies thereof shall be returned to the DEA, through its DOJ counsel, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure, or (2) the parties agree to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

13. **Public Record Requests.** Because many of the Plaintiffs in this litigation are governmental entities, they may be subject to Public Records Laws, including, but not limited to, the Freedom of Information Act (collectively, "Public Records Laws"). As such, the Plaintiffs may receive requests for the Designated Information under applicable Public Records Laws ("Public Records Requests"). If Plaintiffs receive such requests, they shall immediately notify the DEA and Defendants of the request. Plaintiff will provide the notification to the DEA and Defendants via email to counsel of

record for the Defendants and for the DEA in this litigation.  Should Defendants or the DEA decide to challenge the Public Records Request, the challenging party must, within two business days after notification of the existence of the request, file an appropriate action in this Court, opposing production of the records.  Where such a challenge is filed with this Court, Plaintiffs shall not release any Designated Information without order of this Court.

**IT IS SO ORDERED.**

 **/s/ Dan A. Polster     March 6, 2018**
**Dan Aaron Polster**
**United States District Judge**

**[Exhibit A]**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 17-MD-2804 |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) | Judge Dan Aaron Polster |
| | ) ) ) ) | ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND |

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned litigation, understands its terms, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order.  The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" solely for purposes of the above-captioned action or for law enforcement purposes, and that disclosure of any such documents to third-persons is prohibited except in accordance with the Protective Order or with permission of the Court.

_____
Signature

_____
Date