

March 6, 2018

**VIA ELECTRONIC FILING**

The Honorable Judge Dan Aaron Polster
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re: <u>Halting the flow of Opioids, Data & PBM Defendants</u>
Webb County, Texas Opioid Litigation and PBMs
*County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 1:18-op-45175 (N.D. Ohio)
*In Re: National Prescription Opiate Litigation,* Case No. 1:17-md-02804 (N.D. Ohio)

Dear Judge Polster:

My firm is lead counsel to Webb County, Texas which is the only plaintiff in this MDL – and perhaps the country – who has named Pharmacy Benefit Managers ("PBMs") as defendants in any opioid litigation. PBMs control which opioids are dispensed and reimbursed by Medicare, Medicaid and private insurers. They possess the data the Court and plaintiffs are seeking – at the NDC level – regarding whose drugs were dispensed into which community. They have the power to halt the flow of opioids immediately by adjusting their formularies to prevent ongoing improper opioid distribution. The nation's three largest PBMs (Express Scripts, OptumRx and Caremark) alone control pharmacy reimbursement for over 250 million Americans.

Your Honor has repeatedly said that the Court's first priority is to stop the pain caused by this crisis. The PBMs are uniquely situated to do just that, and to produce the data everybody wants. The legal and financial consequences of what they and the other named defendants have done can be addressed afterwards, just as the Court has said.

Respectfully submitted,

Joanne Cicala
THE CICALA LAW FIRM PLLC

cc: Joseph F. Rice (jrice@motleyrice.com)
Paul T. Farrell, Jr. (paul@greeneketchum.com)
Paul J. Hanly, Jr. (phanly@simmonsfirm.com)
Kevin H. Sharp (ksharp@sanfordheisler.com)
Ross B. Brooks (RBrooks@sanfordheisler.com)