

U.S. Department of Justice

United States Attorney
Northern District of Ohio

United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
Main: 216-622-3600
Facsimile: 216-522-4982

March 14, 2018

Paul T. Farrell, Jr.
Farrell, Bailey & Tweel LLP
419 Eleventh Street
Huntington, WV 25724-2389
Sent via e-mail: paul@greeneketchum.com

Re:   *In Re: National Prescription Opiate Litigation.*
      N.D. Ohio Case No. 1:17-MD-2804

Dear Mr. Farrell:

As you are aware, the United States Department of Justice ("DOJ") authorized the disclosure of certain information from the United States Drug Enforcement Administration's ("DEA") ARCOS database—provided "this information is covered by an acceptable protective order." (*See* 2/26/18 Authorization Letter at pp. 2 & 7; 3/5/18 Authorization Letter at pp. 1 & 2-3.) To be acceptable, my previous authorizations required that the protective order contain the following provisions: (1) all extracted ARCOS data must be kept confidential and may not be publically filed or disclosed; (2) all information remains the property of DOJ/DEA and must be returned or destroyed at the conclusion of litigation; (3) no commercial use of the information is permitted; and (4) certain information may be marked by DEA as "Attorney Eyes Only" and will be kept so restricted. (*Id.*) On March 6, 2018, the Court entered a protective which does not contain all of these terms. (See ECF No. 167 at PageID #938 (declining to include "Attorneys' Eyes Only" provision); PageID # 939 at ¶ 5 (expanding authorized use); PageID # 940 at ¶ 6(d) (allowing dissemination to any state and local law enforcement including State Attorneys General); PageID # 942 at ¶ 13 (requiring notification to DEA of only those public records requests received by "Plaintiffs")). Therefore, this protective order may not fully safeguard trade secrets, Privacy Act protected information, or law enforcement sensitive information.

Nevertheless, I find that identifying the manufacturers and distributors who sold 95% of opiates (consisting of hydrocodone, hydromorphone, oxycodone and fentanyl, including combination products) in each state during the time period 1/1/2006 through 12/31/2014—with an aggregate

**GOVERNMENT EXHIBIT A**

amount in grams[1] of such opiates sold and the market shares of each manufacturer and distributor—on a state-by-state basis to the Court and the parties pursuant to the current protective order is not contrary to considerations contained in 28 C.F.R. § 16.26. Likewise, I find that providing the Court and the parties with de-identified transaction data from January 1, 2012 through December 31, 2013, that uses a unique numerical identifier for each buyer and seller for each state and Puerto Rico pursuant to the current protective order is also not contrary to the considerations contained in 28 C.F.R. § 16.26. Therefore, I hereby amend my previous authorizations dated February 26, 2018 and March 5, 2018, to authorize John J. Martin, Assistant Administrator, DEA Diversion Control Division, to disclose the information set forth therein be made pursuant to protections set forth the Court's order issued on March 6, 2018. (*See* ECF No. 167 at PageID #937.) I find that this amended authorization is in the public interest and consistent with the DOJ's own efforts to combat the opioid crisis, and that the data issued will not compromise any business or privacy interests under the current version of the protective order.

In the event the Plaintiffs or the Court request additional information from the DEA or its ARCOS database, the DOJ and the DEA may be unable to release additional data under the current protective order. The DEA and the DOJ reserve their right to object to any further production under the current protective order, to appeal any order directing the DEA or DOJ to produce additional information under the current protective order, and/or to petition the Court for a revised protective order pursuant to the Court's statement that it is willing to re-visit the order for the issue of an additional confidentiality designation for "Attorneys' Eyes Only." (ECF No. 167 at PageID # 938.)

Sincerely,

DAVID A. SIERLEJA
First Assistant United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515

---

[1] Grams is used here as a standardized measure for all forms of a drug, including pills, liquids and powders.