UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE POLSTER<br><br>**ORDER REGARDING**<br>**SETTLEMENT DISCUSSIONS** |

Pursuant to its case management and settlement facilitation role under Rule 16(a) of the Federal Rules of Civil Procedure, the Court has periodically met with the parties in this litigation to discuss various matters, such as a resolution of this litigation through settlement and the terms of a settlement proposal that would satisfy both the parties and the Court. During one of these sessions on January 31, 2018, the Court directed the distributor Defendants to discuss a settlement that would include the distributor Defendants sharing their respective techniques for identifying "suspicious orders" in order to develop recommendations for improved monitoring and/or reporting. The Court is aware that to facilitate these discussions, the distributor Defendants must share certain data, algorithms, or other business processes that are proprietary and confidential to each company. Three of the Distributor Defendants -- AmerisourceBergen Drug Company, Cardinal Health, Inc. and McKesson Corporation ("the Movants") -- have raised the concern that sharing proprietary and confidential information could, in some instances, be viewed as violations of U.S. or state antitrust laws. The Court does not find that such data, algorithms, or other business processes, which are related to techniques for identifying suspicious orders, are related to topics of competitive concern under U.S. and state antitrust laws, such as price, output, or customer allocation. The public interest in solving the opioid crisis and

the parties' interest in identifying practices to prevent fraudulent orders of opioid medications outweigh any slight risk of anticompetitive harm. *See Cement Manufacturers Protective Ass'n v. United States,* 268 U.S. 588, 603-04 (1925); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 884-86 (9th Cir. 1982); *Michelman v. Clark-Schwebel Fiber Glass Corp.,* 534 F.2d 1036, 1048 (2d Cir. 1976).

Moreover, given the parties' interest in resolving this litigation and preventing further litigation by private parties or state Attorneys General, the Court finds that negotiating and implementing a settlement that includes information-sharing in furtherance of improvements in monitoring and/or reporting is activity immune from federal antitrust laws under the *Noerr-Pennington* doctrine. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

Therefore, it is hereby ordered that:

- the Movants continue to discuss a settlement that includes the information sharing concerning practices for identifying suspicious orders and to share any confidential and proprietary information as is necessary to achieve that goal;
- this order is without prejudice to other distributors participating in such discussions; and
- the parties submit any final settlement agreement that includes the above to the Court for approval of the terms therein.

**IT IS SO ORDERED.**

/s/Dan Aaron Polster
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** ____March 27____, 2018