UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | )  CASE NO.:  1:17-MD-02804 )  )  JUDGE DAN A. POLSTER )  )  MAGISTRATE JUDGE DAVID A. RUIZ )  )  **UNITED STATES' MEMORANDUM IN** )  **SUPPORT OF ITS MOTION TO** )  **PARTICIPATE IN SETTLEMENT** )  **DISCUSSIONS AND AS FRIEND OF** )  **THE COURT** |

      In the face of this national public health emergency, the United States has deployed extensive resources to combat the opioid crisis, which not only claims tens of thousands of Americans' lives each year but is also a substantial economic burden on the public and its federal government.  The United States' broad efforts have included the use of criminal and civil tools pursuant to federal law to hold actors within the distribution chain—manufacturers, distributors, pharmacies, and physicians—accountable for their unlawful actions.  In accordance with the United States' active efforts in combating the opioid crisis, the United States requested 30 days to evaluate whether to participate in the consolidated actions before this Court at this time. *Statement of Interest of the United States of America*, ECF No. 161.  After evaluating applicable federal statutes, the federal government's numerous other opioids efforts and its statutory authority to recover funds when the United States has paid for or provided medical treatments, the United States has determined that it can best assist the Court in this litigation as a "friend of the Court."  Accordingly, the United States files this motion to (1) to participate in forthcoming settlement discussions in the above-captioned matter and (2) to participate as friend of the Court

1

by providing information to the Court and the parties to facilitate effective non-monetary remedies to address problems arising from the national opioid crisis.

The traditional role of a friend of the court is to provide information that "is timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991); *see also United States v. Barnett*, 330 F.2d 369, 423 n.80 (5th Cir. 1963) (extensively discussing the role of a friend of the court). Here, the United States has a unique interest and expertise regarding the subjects at issue in this litigation and can provide information and expertise to assist the parties and the Court in reaching a comprehensive and effective resolution of the issues in this case. The United States will lend its knowledge and understanding of the federal government and its agencies for the benefit of the litigation and provide the nationwide view of this crisis of national scope whenever it is called upon by the Court. For example, the United States can facilitate the coordination of information requests from the Court and parties among different agencies and provide briefing about applicable governing law and regulations. The United States will endeavor to promptly review and address any questions the Court may have and will cooperate with the Court to the fullest extent permissible by law and consistent with protecting its interests in holding criminal actors accountable.

The United States also requests to participate in settlement discussions as a friend of the Court. Because of the United States' unique national perspective, the government's participation in settlement discussions could help ensure that remedial action in the multi-district litigation is structured to serve the public interest. In particular, the United States has expertise and information that can assist the parties in carefully crafting non-monetary remedies that will effectively combat the opioid crisis on a nationwide basis, all in accordance with applicable law.

The Court recognized this fact in its prior requests for information directed to the Drug Enforcement Administration (DEA) and Food and Drug Administration (FDA).  In particular, the Court has acknowledged that information from DEA's Automation of Reports and Consolidated Orders Systems (ARCOS) database (which contains information reported by manufacturers and distributors to DEA about certain controlled substances, including opioids) could assist the Court in its efforts to resolve this litigation.  On March 20, 2018, pursuant to the applicable *Touhy* regulations, and subject to a protective order issued by the Court, DEA provided to the Court and to the parties the names and market share of all manufacturers and distributors in each state who comprise 95% or more of the market share for certain opioids.  In addition, pursuant to the protective order, on April 5, 2018, DEA will provide the Court and the parties with de-identified transaction data from ARCOS for January 1, 2012 through December 31, 2013 that uses a unique numerical identifier for each buyer and seller for each state and Puerto Rico.

Moreover, the government's participation in settlement discussions is consistent with the legal avenues, several of which are described in the Statement of Interest, that provide the United States with numerous ways in which to seek reimbursement for its direct and indirect costs of providing medical care to opioid users.  *See id.* at 4-7.  The United States' substantial financial stake in combatting the opioid epidemic has implications for the proper allocation of any monetary settlement of the claims asserted in the multi-district litigation.  Accordingly, the United States has an interest in facilitating discussions regarding the parties' legal obligations.

Though the United States' multiple opioids efforts pursuant to federal statutes are not proper to consolidate with the actions in this multidistrict litigation, the United States has expertise and information that can assist the parties in crafting a settlement that will effectively

3

combat the opioid crisis on a nationwide basis.  For these reasons, the United States respectfully moves this Court to participate in settlement discussions and participate as friend of the Court in this litigation.

Dated:  April 2, 2018                                              Respectfully submitted,

DAVID A. SIERLEJA
First Assistant United States Attorney
Northern District of Ohio

/s/James R. Bennett II
JAMES R. BENNETT II (OH #0071663)
KAREN E. SWANSON HAAN (OH #0082518)
Assistant U.S. Attorneys
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio  44113-1852
Telephone:  (216) 622-3600
Facsimile:  (216) 522-4982
E-mail:  James.Bennett4@usdoj.gov
E-mail:  Karen.Swanson.Haan@usdoj.gov

ALEXANDER K. HAAS
Special Counsel to the Assistant Attorney General
Civil Division
ALICE SHIH LACOUR
ERIC J. SOSKIN
Counsel to the Assistant Attorney General, Civil Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-8679 (Haas)
(202) 514-3180 (LaCour)
(202) 514-1500 (Soskin)
E-mail: alex.haas@usdoj.gov
E-mail: alice.s.lacour@usdoj.gov
E-mail: eric.soskin@usdoj.gov

*Attorneys for the United States of America*

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Motion to Participate in Settlement Discussions and as Friend of the Court is four (4) pages in length and within the limitations of an unassigned matter.

/s/James R. Bennett II
JAMES R. BENNETT II (OH: #0071663)
Assistant United States Attorney