UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                           MDL No. 2804

**TRANSFER ORDER**

**Before the Panel**:[*]  Plaintiffs in eight actions (all actions listed on the attached Schedule A, except the Northern District of Georgia *Fulton County* action) and defendant Bloodworth Wholesale Drugs, Inc. (in *Fulton County*), move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring their actions to MDL No. 2804. The responding defendants[1] oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the alleged improper marketing of and/or inappropriate distribution of various presription opiate medications into cities, states and towns across the country. *See In re: National Prescription Opiate Litig.,* 2017 WL 6031547 (J.P.M.L. Dec. 5, 2017). Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at \*2. We held that "all actions involve common factual questions about, *inter alia*, the manufacturing and distributor

---

[*]  Judges Lewis A. Kaplan, Ellen Segal Huvelle and R. David Proctor did not participate in the decision of this matter.

[1]  AmerisourceBergen Corp., AmerisourceBergen Drug Corp., Cardinal Health, Inc., and McKesson Corp. (distributor defendants); Allergan plc f/k/a Actavis PLC, Actavis LLC, Actavis Pharma, Inc., Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; INSYS Therapeutics, Inc.; Janssen Pharmaceutica Inc., Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinckrodt LLC; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc.; Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc., and Watson Pharmaceuticals, Inc. (manufacturing defendants) and Wal-Mart Stores, Inc.

defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs." *Id.*

Despite some factual variances among the actions, all of the cases now before us contain a factual core common to the MDL actions: the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

Plaintiff St. Croix Tribe opposes transfer of the action it filed in the Western District of Wisconsin by arguing that its case presents unique tribal sovereignty, damages, and counsel selection issues. It further argues that the transferee court lacks personal jurisdiction over it. The Panel has long denied objections to transfer based on the transferee court's purported lack of personal jurisdiction. In *In re: FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976), we held that "[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue" and that "[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." (citing *In re Plumbing Fixture Cases*, 298 F.Supp. 483, 495-96 (J.P.M.L.1968)).[2] The transferee judge can accommodate any unique interests that may arise due to the St. Croix Tribe's status as a sovereign. Indeed, the transferee judge already has approved an organizational structure that includes representation for Native American litigation. Plaintiff's counsel can ask to join the MDL leadership and, of course, plaintiff may keep its own lawyers throughout the proceeding.

The parties in the remaining eight actions oppose transfer largely based on contentions that federal jurisdiction is lacking over their cases. But arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[3] Several parties also assert that their respective action involves unique claims and/or defendants. The transferee judge can accommodate any unique discovery needs that may arise.

---

[2] *Cf. In re: Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004) ("Underlying the appellants' argument for the local contacts analysis is an assumption that the court's personal jurisdiction is limited to the state to which the class action has been transferred. That assumption is unwarranted. Consolidation of the underlying class action in Pennsylvania is only for pretrial purposes pursuant to 28 U.S.C. § 1407. As correctly concluded by the District Court, the transferee court can exercise personal jurisdiction to the same extent that the transferor court could.").

[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

-3-

      IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

                      PANEL ON MULTIDISTRICT LITIGATION

                                Sarah S. Vance
                                    Chair

Marjorie O. Rendell        Charles R. Breyer
Catherine D. Perry

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                                           MDL No. 2804

# SCHEDULE A

    Northern District of Georgia

THE COUNTY OF FULTON v. PURDUE PHARMA, LP, ET AL.,
    C.A. No. 1:17‑04757

    Eastern District of Kentucky

THE COUNTY OF FLOYD v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:17‑00186
PIKE v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 7:17‑00193
KNOTT v. PURDUE PHARMA L.P., ET AL., C.A. No. 7:18‑00006

    Middle District of Louisiana

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE
    CROSS AND BLUE SHIELD OF LOUISIANA, ET AL. v. PURDUE PHARMA,
    LP, ET AL., C.A. No. 3:17‑01766

    District of New Jersey

CITY OF PATERSON v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:17‑13433

    Southern District of Ohio

JEFFERSON COUNTY, OHIO v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 2:18‑00037

    District of Oregon

COUNTY OF MULTNOMAH v. PURDUE PHARMA, LP, ET AL.,
    C.A. No. 3:17‑02010

    Western District of Wisconsin

ST. CROIX CHIPPEWA INDIANS OF WISCONSIN v. MCKESSON
    CORPORATION, ET AL., C.A. No. 3:17‑00914