**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>***APPLIES TO ALL CASES*** | Case No. 1:17-CV-2804<br><br>**Hon. Dan A. Polster** |

<u>**CASE MANAGEMENT ORDER ONE**</u>

The parties in this case have been pursuing, and are continuing to pursue, settlement discussions, and they have made good progress. The parties have indicated, however, they believe settlement will be made more likely if, in addition to the "settlement track" they are currently pursuing, the Court also creates a "litigation track." Accordingly, the Court hereby enters this Case Management Plan, which directs the parties to engage in motion practice, discovery, and trial preparation for certain cases in this MDL.

1. <u>**APPLICABILITY AND SCOPE OF ORDER**</u>

    a. **Scope.** This CMO is intended to conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. *See* Fed. R. Civ. P. 1. This Order and, unless otherwise specified, any subsequent pretrial or case management orders issued in this MDL, shall govern the practice and procedure in: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on December 5, 2017, (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: National Prescription Opiate*

*Litigation*, MDL No. 2804 ("MDL 2804").  These cases will be referred to as the "MDL proceedings."

The provisions of this Order, and any subsequent pretrial order or case management order issued in the MDL proceedings, shall supersede any inconsistent provisions of the Local Rules for the United States District Court, Northern District of Ohio ("Local Rules").  The coordination of MDL Proceedings, including certain of these cases that have been or may be directly filed into this MDL, does not constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  This CMO shall not be construed to affect the governing law or choice-of-law rules in any case subject to the CMO.

b.      **Application to All Parties and Counsel.**  This Order and all subsequent pretrial or case management orders shall be binding on all parties and their counsel in all cases currently pending, or subsequently transferred to, removed to, or pending in the MDL proceedings, and shall govern each case in the MDL proceedings unless the order explicitly states that it relates only to specific cases.

c.      **Amendment and Exceptions.**  This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.  The Court expects it will issue subsequent case management orders addressing the cases mentioned in this CMO and other MDL proceedings.

2.      **MOTIONS TO DISMISS**

a.      The parties and Court agree that it will be efficient and informative to proceed with briefing on threshold legal issues on common claims.  Accordingly, the Court sets out below a process for choosing certain cases to brief these threshold legal issues, where these cases: (1) are filed in a representative variety of jurisdictions, (2) by a representative variety of

2

Plaintiffs, (3) against a representative variety of Defendants, and (4) which raise a representative variety of issues.

      b.     **Cases filed by local governmental entities in Ohio and Illinois**.  **No later than Wednesday, April 25, 2018**, and subject to paragraph 2.j, Plaintiffs in the following cases shall amend their Complaints or provide notice that the Complaint will not be amended, and Defendants may file motions to dismiss in any or all of these cases within **28 days thereafter**: (1)  *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); and (2) *The City of Chicago, Illinois v. Purdue Pharma L.P.,* Case No. 17-OP-45169 (N.D. Ohio).

      c.     **Cases filed by local governmental entities in West Virginia, Michigan, and Florida.  No later than Wednesday, April 25, 2018**, and subject to paragraph 2.j, Plaintiffs in the following cases shall amend their Complaints or provide notice that the Complaint will not be amended, and Defendants may file motions to dismiss in any or all of these cases within **42 days thereafter**: (1) *Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp.*, Case No.  17-OP-45053 (N.D. Ohio); (2) *County of Monroe, Michigan v. Purdue Pharma L.P.*, Case No. 18-OP-4515 (N.D. Ohio); and (3) *Broward County, Florida v. Purdue Pharma L.P.*, Case No. 18-OP-45332 (N.D. Ohio).

      d.     **Cases filed by Sovereigns – Alabama and Indian Tribes.  No later than Wednesday, May 9, 2018,** and subject to paragraph 2.j, Plaintiff in the following case shall amend the Complaint or provide notice that the Complaint will not be amended, and Defendants may file motions to dismiss within **42 days thereafter**: *The State of Alabama v. Purdue Pharma L.P.,* Case No. 18-OP-45236 (N.D. Ohio).  In addition, the Court will issue a supplemental case management order addressing the Indian Tribes cases.

e.     **Cases filed by Hospitals and Third-Party Payors.  No later than Friday, May 11, 2018**, the Hospital Representative of the Plaintiffs' Executive Committee ("PEC") shall identify for the parties and the Court a single MDL case filed by a hospital, the claims of which are governed by the law of one of the States listed in paragraphs 2.b and 2.c. Furthermore, **no later than Friday, May 11, 2018**, Defendants shall notify the parties and the Court that they have identified a single MDL case filed by a third-party payor, the claims of which are governed by the law of one of the States listed in paragraphs 2.b and 2.c.  The Court will issue a subsequent case management order setting deadlines in these cases.

f.     Plaintiffs may respond to the motions in each of the above actions within **28 days** after the motions are filed, and Defendants may file replies within **21 days** thereafter. State Attorneys General may file amicus briefs in response to any motions to dismiss filed in *State of Alabama v. Purdue Pharma L.P.*

g.     The parties shall endeavor to coordinate and consolidate briefing on all of the motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.  For example: (1) manufacturer Defendants shall endeavor to file a single motion to dismiss in each case, addressing issues common to all manufacturers; (2) distributor Defendants shall endeavor to file a single motion to dismiss in each case, addressing issues common to all distributors; (3) manufacturer and distributor Defendants shall endeavor to present common issues together; (4) the parties shall not repeat arguments in subsequent cases or briefs; (5) Defendants shall raise only those issues they believe are most critical and most relevant to the settlement process; and so on.

h.     The Court will strictly enforce provisions regarding length of memoranda filed in support of motions; and the Court will apply limitations applicable to complex cases. *See*

4

Local Rule 7.1.  Motions for relief from the length restrictions must show good cause for such relief and must be made <u>sufficiently in advance</u> to permit the Court to rule and the Clerk's Office to issue the ruling by regular mail.  Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.  In no event shall the request to exceed page limitations extend the time for filing of the underlying memorandum.

       i.     Chambers will not accept courtesy copies of motions or briefs unless expressly requested by the Court.  Exception: motions or briefs filed within two (2) business days of a conference/hearing/trial shall be emailed to the Court as well as opposing counsel on the same day it is filed.  The Court's email address for these filings is Polster_Chambers@ohnd.uscourts.gov.  Also, counsel shall provide to Special Master Cohen: (1) three-hole-punched, two-side-printed, written copies of all papers related to the motions to dismiss; and (2) thumb-drives containing as-filed PDFs of all papers related to the motions to dismiss, and also PDFs of all cases cited.

       j.     Defendants do not waive and shall be deemed to have preserved any defenses not addressed in the initial motions filed pursuant to the foregoing provisions, including but not limited to insufficient service of process and lack of personal jurisdiction.  Further, nothing in this Order is intended to waive any Defendant's right to file an individual motion to dismiss in any or all of the above-listed cases in the future on any grounds, including lack of personal jurisdiction.

       k.     Nothing in this Order is intended to waive any Plaintiff's right to move to file further amended pleadings in the above-listed cases if deemed appropriate.  Defendants reserve all rights related to any such motion or filings.

3. **CASE TRACKS**

a. **Track One.** The following three cases are included in Track One: (1) *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio).

b. **Amendments to Track One Complaints.  No later than Wednesday, April 25, 2018**, Plaintiffs in Track One Cases shall amend their Complaints or provide notice that the Complaint will not be amended at this time.

c. **Written Discovery in Track One.** Subject to the parameters in paragraph 9 below, written discovery in Track One Cases shall commence upon entry of this Order.

d. **Insurance Information in Track One Cases**.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), the parties shall produce any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Track One Cases, or to indemnify or reimburse for payments made to satisfy any judgment.  This includes agreements insuring against general liability, product liability, druggist liability, directors and officers liability, and any other applicable agreements.  The parties shall also produce charts that depict the insurance coverage that is or may be applicable to the claims in the Track One Cases.  The insurance agreements and coverage charts shall be produced within **30 days of the issuance of the protective order** referred to in paragraph 9.d.  The protective order shall include a provision that permits the parties' insurance companies to have access to, and communicate concerning, the materials produced in the Track One Cases.

6

      e.    **Depositions in Track One Cases**.  Depositions of parties will proceed in the Track One Cases as set forth below.

      i.    The parties will meet and confer and submit a proposal, **no later than Monday, May 21, 2018**, regarding numerical limits on fact witness depositions.

      ii.    Beginning on **June 4, 2018**, the parties may begin noticing fact witness depositions, which shall be completed by **August 31, 2018**.

      f.    **Close of Fact Discovery in Track One Cases.**  Fact discovery in the Track One Cases shall be completed by **August 31, 2018**.

      g.    **Expert Discovery in Track One Cases.**

      i.    By **September 7, 2018**, Plaintiffs shall serve expert reports in the Track One Cases and, for each expert, provide two proposed deposition dates between **September 17 and October 5, 2018**.

      ii.    By **October 12, 2018**, Defendants shall serve expert reports in the Track One Cases and, for each expert, provide two proposed deposition dates between **October 22 and November 9, 2018**.

      h.    **Schedule for Daubert and Dispositive Motions in Track One Cases.**

| | |
|---|---|
| **November 16, 2018** | Deadline for *Daubert* and dispositive motions in Track One trial cases. |
| **December 14, 2018** | Deadline for responses to *Daubert* and dispositive motions. |
| **January 7, 2019** | Deadline for replies in support of *Daubert* and dispositive motions. |
| **Week of January 14, 2019** | Hearing on *Daubert* and dispositive motions, or as otherwise set by the Court, if necessary. |

      i.    **Initial Trial Setting.**  The Court's current intention is to consolidate all three Track One Cases for trial, and to try all then-surviving claims against all then-surviving

Defendants.  The Court intends to begin the trial at **9:00 a.m. Eastern Time on Monday, March 18, 2019**, to last for a period of three weeks.  The parties shall meet and confer and submit to the Court, **no later than Friday, January 25, 2019,** joint or competing proposals addressing issues relating to the structure of the first trial and deadlines for other pretrial submissions and additional activities through trial.  The Court may accept or modify completely the parties' proposals.

        j.      **Additional Case Tracks.**  The parties and the Special Masters shall confer by **August 17, 2018**, to adopt a process and schedule for additional case tracks, which shall involve cases from the state and tribal jurisdictions identified in paragraph 2.  These additional cases need not necessarily be the cases listed in paragraph 2.  The parties and the Special Masters shall confer regularly as the Track One cases progress, to determine whether any modifications to this CMO are necessary, including whether any other cases should be set for discovery.

        4.      **ELECTRONIC FILING PROCEDURES**

The parties are expected to follow the Northern District of Ohio's policies and procedures on Electronic Case Filing.  All counsel of record are hereby directed to take steps as necessary to be registered as electronic filers in the master docket, No. 1:17-MD-2804.  All filings discussed in this CMO shall be filed electronically in the master MDL docket.  Any document that pertains to one or multiple specific cases shall be electronically filed in each case docket *and* in the master MDL docket.  Electronic case filing of a document, other than an initial pleading, in the master docket shall be deemed to constitute proper service on all parties.  Discovery and other documents not filed with the Court shall be served by electronic mail on the appropriate Lead and Liaison Counsel and other appropriate counsel as set forth below in paragraph 9.c.

5.     **COMMUNICATIONS WITH THE COURT**

Unless otherwise ordered by the Court, all substantive communications with the Court shall be filed.  Excepted from this rule is correspondence with the Special Masters and discovery disputes, which are governed by paragraph 9.o below.

6.     **PLEADINGS AND MOTIONS**

a.     **Direct Filing.**  In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to these MDL proceedings may file its case directly in this District.  Direct filing shall not constitute a waiver of any party's contention that jurisdiction or venue is improper or that the action should be dismissed or transferred.  Direct filing shall not impact the choice of law to be applied in the case.

At the conclusion of pretrial proceedings, should the parties agree that a case filed directly in the MDL proceedings should be transferred <u>and</u> the district to which it should be transferred, the parties will jointly advise the Court of the district to which the case should be transferred at the appropriate time.  Should the parties disagree as to the district to which a case should be transferred, nothing in this Order precludes any party from filing a motion to transfer pursuant to 28 U.S.C. §1404(a) or §1406 at the conclusion of pretrial proceedings.

b.     **Amendment of Pleadings and Addition of Parties.**  In cases other than those mentioned in paragraphs 2 and 3, Plaintiffs shall file any amended pleading, including any amendment to add a party to a case, **no later than Friday, May 25, 2018**.  After that date, no complaint shall be amended by Plaintiffs to add a party or otherwise, absent leave of Court or stipulation of the parties.  The deadline for Defendants to add a party without leave of Court shall be **45 days before the close of fact discovery** applicable to a particular case.

9

c. **Service of Summons and Complaint.**  Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1).

d. Plaintiffs shall not name as a Defendant, nor seek to serve, any entity as to which Plaintiffs lack a good faith basis to assert that the entity is subject to personal jurisdiction in this Court.  Notwithstanding the foregoing, waiving service of a summons does not waive any objection to personal jurisdiction or to venue.  Fed. R. Civ. P. 4(d)(5).  **No later than Wednesday, April 25, 2018**, each Defendant shall file a notice in the master docket that attaches a proper form of a waiver request and a designated person to electronically accept the same. Such waiver requests shall be timely executed and returned to the requesting party for filing with the Court.  The Court previously tolled the deadline to achieve service of the summons and complaints through **May 18, 2018**.  The Court expects the Plaintiffs in all filed cases as of the date of this Order to effectuate service by **Wednesday, July 18, 2018**.  Service on a foreign corporation is suspended until further order of the Court.

e. **Voluntary Dismissal.**  At this point, with the parties actively engaged in working towards global resolution, including through a litigation track, dismissal without prejudice of Trial Track cases or cases designated for motion to dismiss briefing has a potentially detrimental effect on the Court, the parties, and the MDL process.  Accordingly, because the timeframe for responsive pleading has been extended beyond that ordinarily contemplated by Fed. R. Civ. P. 41(a)(1)(A)(i), and notwithstanding the fact that Defendants may not yet have answered, any voluntary dismissals pending in this MDL as of the date of this Order or filed hereafter that would result in the dismissal of any such action against all named Defendants shall require leave of Court.

    f.  **General Motions and Briefing Requirements.** Except as otherwise provided herein, all motions and briefs shall conform to Local Rule 7.1.  All motions on behalf of Plaintiffs or PEC or Plaintiffs' Steering Committee must be signed by Plaintiffs' Lead Counsel.  All motions on behalf of all Defendants or a Defendants' Steering Committee must be signed by Lead Counsel for each moving Defendant.

    g.  **Motions.** No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.  However, nothing in this Order limits the right of a State Attorney General to seek remand of any case brought by the Attorney General that is removed to the MDL. The Court shall decide any such motion on the merits.

   7.  **COORDINATION WITH STATE COURT PROCEEDINGS**

    The Court acknowledges it has no jurisdiction over related State court proceedings.  To achieve the full benefits and efficiencies of the MDL proceedings, however, this Court intends to coordinate with State courts presiding over related cases to the greatest extent possible, in order to avoid unnecessary duplication and inconsistency.  This includes efforts at coordination of written discovery and deposition protocols and cross-noticing of depositions.  The Court appoints Special Master Yanni to oversee these efforts.

   8.  **PRESERVATION**

    a.  All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information ("ESI"), and things that are potentially relevant.

    b.  The parties will meet and confer regarding a procedure for directing third-party records custodians to preserve records.

9.     **PRELIMINARY DISCOVERY PLAN AND PROCEDURES**

a.     **Discovery Under the Plan.**  No party may conduct any discovery of another party in this MDL proceeding not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.

b.     **Waiver of Initial Disclosures.**  For all cases in the MDL proceedings, the parties are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)(1) unless otherwise directed by the Court.

c.     **Service of Discovery.**  Unless otherwise directed by this Court, the parties shall serve all papers that are not to be filed with the Court, including, but not limited to, discovery requests or responses, deposition notices, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison Counsel and Defendant's Liaison Counsel.  Such papers are not to be filed with the Clerk, nor are courtesy copies to be delivered to the Court, except when specifically ordered by the Court or to the extent needed in connection with a motion, and only in accordance with the protective order governing the MDL proceedings.  Where a paper is applicable to all cases or substantially all cases, or such categories of cases as may be defined in subsequent Orders, Plaintiffs' Liaison Counsel also shall electronically serve such paper on counsel of record for the individual Plaintiff(s) to whom the paper is applicable.  Where a paper to be served by a Defendant is applicable to a particular case, Defendants' Liaison Counsel shall electronically serve such paper on the counsel of record for the individual Plaintiff(s) in that case as well as Plaintiffs' Liaison Counsel.

All discovery directed to Defendants and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the direction of, the PEC on behalf of all Plaintiffs with cases in these MDL proceedings.

d.     **Protective Order.**   Disclosure and discovery in this proceeding may involve production of confidential, proprietary, and private information for which special protection from public disclosure and from any purpose other than prosecuting this litigation would be warranted, including insurance information discussed in paragraph 3.d.  The parties will meet and confer and submit to the Court, **no later than Monday, April 30, 2018**, a proposed Protective Order, binding on all parties and counsel, to ensure the protection of confidential information, including any HIPAA-protected information.

e.     **Format of Production.**   The parties will meet and confer and submit to the Court, **no later than Monday, April 30, 2018**, a proposed Document Production Protocol governing the format of production of documents.

f.     **Deposition Protocol.**   The parties will meet and confer and submit to the Court, **no later than Monday, May 21, 2019**, a protocol governing depositions, including with respect to the scheduling, noticing, taking, and recording of depositions, and procedures to ensure that, absent agreement or court order, a witness will not be deposed more than once across any state or federal cases.

g.     **Assertion of Privilege.**   Any party that withholds the production of requested documents or materials on the ground of any privilege or application of the work-product doctrine must provide a Privilege Log.  Each Privilege Log shall describe each document or thing for which a privilege or the work product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether to dispute any such assertion.  This will include but is not limited to information regarding the document's subject, date, author, and all recipients, the specific privilege asserted, and the factual basis for the privilege.  Each party withholding materials shall provide opposing counsel a copy of the Privilege Log within **45 days**

**after the production**, absent agreement of the parties.  If a partial production is made, the party shall produce a privilege log relating to such partial production.  The parties will raise privilege issues with Magistrate Judge Ruiz, in accord with the procedures set out in paragraph 9.0, as soon as reasonably possible.

   h.  **Ex Parte Communications with Treating or Prescribing Healthcare Providers.**  Absent further order of the Court, contact with a non-party treating or prescribing healthcare provider for any patient whose medical care or treatment is the basis of any Plaintiff's claims shall be governed by the relevant procedural rules in the jurisdiction in which the healthcare provider resides.  The parties reserve the right to seek a further order governing ex parte communications with such non-party healthcare providers.

   i.  **Fact Sheets.**  The parties shall meet and confer and submit to the Court, **no later than Monday, April 30, 2018,** a proposed Order regarding Plaintiff Fact Sheets and Defendant Fact Sheets.  The fact sheets shall apply to each case within MDL 2804, and in all other cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this Court.  The parties may agree to an exception regarding whether they will produce Fact Sheets, or their content, with regard to Track One Cases.

   j.  **Joint Records Collection.**  The parties are directed to confer and reach an agreement regarding the selection of one or more Joint Custodian(s) to collect and retain certain medical or other records from any third-party designated as a record custodian by either Plaintiffs or Defendants and present to the Court a protocol and Stipulated Joint Records Collection Order **no later than Monday, April 30, 2018**.

14

        **k.**    **Prior Document Disclosures.**

        i.    Upon entry of this Order, all documents, including ESI, that were previously produced by any Defendant in *City of Chicago v. Purdue Pharma L.P.*, Case No. 14-CV-04361 (N.D. Ill.), shall be deemed produced to all Plaintiffs in MDL 2804 and shall be made immediately available to the PEC by any parties or counsel in possession of same, at no cost to the party or counsel in possession.

        ii.    **No later than Monday, June 11, 2018**, all Defendants shall review documents previously produced pursuant to any civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities involving the marketing or distribution of opioids and shall produce to the PEC non-privileged documents relevant to the claims in this MDL proceeding.  Defendants shall engage in rolling production of previously-produced documents during this 61-day period, and shall engage in rolling production of privilege logs and lodging of objections.

        iii.    After Defendants complete the foregoing document productions, to the extent the PEC believes there are other documents that were produced by a Defendant in another proceeding that are discoverable in this proceeding, the PEC shall notify the Defendant and identify the specific document(s) and basis for requesting production, and the parties shall meet and confer to attempt to resolve the issue.  To the extent the parties are unable to resolve the issue, the PEC shall bear the burden to demonstrate to the Court that the document(s) should be produced in this proceeding.

        iv.    Unless and until other arrangements are made by this Court regarding these specific materials, and in the interests of expediting discovery, Plaintiffs in MDL 2804 will be subject to any pre-existing Protective Orders or confidentiality agreements

governing this material.  As such, at this time, review by Plaintiffs and their experts of

discovery that has been produced in other cases and which is deemed produced in this MDL is

subject to any Protective Orders or confidentiality agreements entered in those cases.  The entry

of a Protective Order in this MDL proceeding, however, will supersede any pre-existing

Protective Order.

    l.  **Written Discovery.**

     i.  Any written discovery served on a Defendant pursuant to

paragraph 3 above shall be coordinated and served by the PEC.  Absent leave of Court, the PEC

may serve up to 35 Requests for Production and up to 35 Interrogatories on each Defendant

Family in cases in Track One and subsequent Case Tracks identified pursuant to paragraph

3.  For purposes of this requirement, a "Defendant Family" shall consist of all corporate

affiliates that are named as a Defendant in any action that is part of this MDL.  For illustration

purposes only, Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company

Inc. shall be treated as a single Defendant Family.

     ii.  Each group of Defendants named in a case (e.g., the Manufacturer

Defendants, the Distributor Defendants, and the Retail Pharmacy Defendants) may serve up to

35 Requests for Production and up to 35 Interrogatories on each Plaintiff in cases in Track One

and subsequent Case Tracks identified pursuant to paragraph 3.

     iii.  **No later than, Monday, July 16, 2018**, each Plaintiff in cases in

Track One that alleges money damages based upon unnecessary prescriptions shall identify: (a)

the prescriptions that each Plaintiff asserts were medically unnecessary or medically

inappropriate, to whom they were written, and whether Plaintiff reimbursed for them; (b) the

physicians or healthcare providers who wrote the prescriptions; and (c) Plaintiff's basis for

identifying the prescriptions that it asserts are medically unnecessary or medically inappropriate.

        m.    **Third-Party Discovery.**  The parties may conduct appropriate third-party discovery in Track One cases, including discovery to identify the information discussed in paragraph l.iii.  Any party intending to serve third-party discovery shall comply with Fed. R. Civ. P. 45(a)(4).

        n.    **Extension of Discovery Deadlines.**   Nothing in this Order shall be interpreted to restrict the ability of the parties to move, separately or (preferably) jointly, for an extension of discovery deadlines as permitted by the Rules.  Please note that the granting of an extension of any discovery deadline <u>shall not change the trial date, and the Court does not intend to move the trial date of the Track One case(s)</u>.  Should any of the deadlines set forth above become infeasible as a result of an unexpected technical or similar matter, the responding party shall provide advance notice and an estimated date for the response.  If, after meeting and conferring in good faith, the receiving party objects to any modified date, it may seek a conference with the Court.

        o.    **Discovery Dispute Resolution.**  Counsel shall comply with Local Rule 37.1.  Specifically, the parties shall resolve discovery disputes by following these steps: (1) good faith resolution efforts by counsel; (2) telephone conference-call to Judge Polster's chambers, at which time the Court will direct the parties how and when they will present their issues to either Judge Polster or Magistrate Judge Ruiz; (3) if requested by the Court, position letters (normally not to exceed 3 pages); and (4) if required, discovery motion pursuant to Fed. R. Civ. P. 37.

        p.    **Filing of Discovery Materials.**  No discovery materials shall be filed without leave of Court, except as necessary to support dispositive motions.  If a party intends to

rely on deposition testimony in support of a motion, the Court prefers the filing of the entire deposition <u>in condensed form</u> rather than excerpts, unless the party truly believes that excerpts are sufficient.  If any other party believes the excerpts offered are not sufficient, that party is free to file the entire deposition <u>in condensed form</u>.  In any event, discovery material submitted in support of a party's position shall be filed at the same time as that party's memorandum setting forth its position.

       10.    **<u>EXPERT REPORTS AND EXPERT MATERIALS</u>**

      a.    The designation of experts whose opinions may be submitted at trial must be accompanied by a report that complies with Fed. R. Civ. P. 26(a)(2)(B).  The report must be provided contemporaneously with the expert designation.  All parties' experts whose opinions may be submitted at trial shall be subject to deposition as directed in Fed. R. Civ. P. 26(b)(4)(A) prior to the close of expert discovery.

      b.    Unless otherwise stipulated or ordered by the Court, each disclosed expert will produce his or her final report pursuant to and consistent with Fed. R. Civ. P. 26(a)(2)(B), together with identification of all documents that the expert has considered in preparing and/or rendering the expert's opinion.  No other documents relating to expert reports will be produced, provided, however, that nothing in this order is intended to bar discovery of documents that are otherwise discoverable from a party or third party outside of the context of expert discovery. Consistent with Fed. R. Civ. P. 26(b)(4), no party will seek discovery of any experts' notes, drafts of expert reports, or communications with counsel, provided, however, that counsel may serve discovery or inquire at a deposition about any facts, data, or assumptions provided to the expert by counsel and upon which such expert is relying in expressing the expert's opinions.  Each party also agrees to bear its own expert costs.

11.    **SUBSEQUENT TRIAL SETTINGS**

The parties shall meet and confer to discuss pretrial and trial schedules for subsequent trial settings, including as to cases that may be remanded to transferor courts for trial.  The  parties shall inform the Court if a proposed trial schedule would result in overlapping trial settings.

12.    **MOTIONS FOR REMAND**

In accord with paragraph 6.f, the Court will adopt a procedure, based on input from the parties, to efficiently address the filing and briefing of motions for remand at an appropriate time in the MDL proceedings.

13.    **REGULAR TELEPHONIC STATUS CONFERENCES**

The Court will hold regularly-scheduled telephonic status conferences, on roughly a biweekly basis.  Lead and Liaison Counsel for Plaintiffs and Defendants shall confer before each status conference and submit a joint status report three (3) business days before the conference. This joint report should include:  (a) a list of expected participants, (b) a summary of resolution discussions or efforts conducted since the last status conference; (c) a summary of discovery conducted since the last status conference; (d) a summary of any pending motions; (e) updates about related state cases; (f) any scheduling issues or other issues that the parties wish to raise with the Court; and (g) if the parties have differing views on issues raised with the Court, a brief statement of their respective positions on these issues.  The first such status conference shall be on **Wednesday, April 18, 2018 at noon Eastern Time**, and the second shall be on **Wednesday, May 2, 2018 at noon Eastern Time**.  A call-in number will be provided.

14.    **CONDUCT**

Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written

19

communications with each other and the Court.  Submissions that do not conform to this standard will be rejected.  Nothing in this Order precludes the Court from entering sanctions against a party or counsel if warranted.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2018

20