IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br><br>*All Cases* | **Case No.: 1:17-md-2804-DAP**<br><br>**Honorable Dan Aaron Polster** |

CASE MANAGEMENT ORDER NO. \_\_\_\_:
PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED

On January 4, 2018 [Dkt.37], the Court appointed Plaintiffs' Co-Lead Counsel ("Co-Lead Counsel"), Plaintiffs' Liaison Counsel ("Liaison Counsel") and Plaintiffs' Executive Committee ("PEC") (the three groups sometimes referred herein to as "Plaintiffs' Counsel").  Pursuant to that Order, the Court now sets specific guidelines and rules for work performed and expenses and costs incurred in this MDL.

**ADOPTION OF CASE MANAGEMENT PROTOCOLS FOR WORK PERFORMED**

**1.** The Court hereby adopts the following rules for the management of case staffing, timekeeping, cost reimbursement, and related issues. The recovery of attorneys' fees and expense reimbursements will be limited to "Participating Counsel." Participating Counsel shall be defined as Co-Lead Counsel, Liaison Counsel and members of the PEC (along with attorneys and staff of their respective firms), or any other counsel authorized in writing (via email or letter) by Co-Lead Counsel to perform work that may be considered of value to the MDL, provided said authorized counsel consents and agrees to be bound by this Order and the PEC's compensation structure.  That compensation structure, set forth in this Order, shall be implemented by the Co-Lead Counsel upon application to and review and approval by this Court.  Co-Lead Counsel shall

also have the responsibility and discretion to allocate any Court awarded attorneys' fees and expenses to Participating Counsel in their respective plaintiff groups subject to the Court's review and approval as set forth above. If, and to the extent that any portion of this MDL is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and expenses, including for common interest work, will be consistent with the standards and procedures of Rule 23, including Rule 23(h). Any award of fees and/or expenses shall be approved by the Court.

**2.** In addition, Participating Counsel shall be eligible to receive attorneys' fees and reimbursement of expenses only if the time expended and expenses incurred, and activity in question were (a) beneficial to the prosecution of the MDL; (b) authorized in writing by Co-Lead Counsel; (c) timely submitted; (d) reasonable; and (e) non-duplicative. Co-Lead Counsel shall have the primary responsibility and discretion to determine the extent to which these factors have been met by any Participating Counsel seeking fees, subject to the Court's approval.

**3.** Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to the Court's jurisdiction and agreeing that the Court has plenary authority during the MDL regarding the award of attorneys' fees and expense reimbursements in this matter. Participating Counsel shall also have the responsibility of maintaining throughout the pendency of this MDL documentation of Co-Lead Counsel's permission to perform specified work.

**4.** Co-Lead Counsel will be responsible for collecting monthly time and expense submissions from Participating Counsel, auditing such submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order. Co-Lead Counsel's auditing responsibility

notwithstanding, the ultimate determination of what is compensable work, and the extent or rate at which it is be compensable, is within the purview of this Court.

**5.** In the event that Participating Counsel are unsure if the action they are about to undertake is compensable hereunder, they shall ask Co-Lead Counsel in advance in writing for authority to do such work. Work performed without the authority of Co-Lead Counsel shall not be submitted to the Court for approval, and will not be compensable.

**I.  Compensable Work**

**1.** Compensable work is defined as work authorized by Co-Lead Counsel which is in the common interest of the MDL. In determining whether work meets this standard, the Court will rely on the procedures set forth in this Order, the advice of Co-Lead Counsel on the type and quality of the work performed by Participating Counsel, and the Court's judgment regarding how work performed contributed to the outcome of the MDL. It is anticipated that much of the work performed will be performed for the common interest of the MDL. Co-Lead Counsel will be expected to prosecute this case efficiently and to monitor attorney billing and expenses in order to minimize duplicative and unnecessary work. Co-Lead Counsel shall balance this need for efficiency with the need to maintain quality and thoroughness in prosecuting this MDL.

**2.** In order to provide Participating Counsel guidance about what may not be compensable work in the eyes of the Court, the following are some examples:

> **a.  Pleadings and Briefs**: Factual and legal research and preparation of class action complaints, motions to dismiss, class certification, Daubert, and summary judgment will be deemed compensable. Although several attorneys may work on a brief, expert reports and/or other complex filings, they should only do so based on a specific assignment from Co-Lead Counsel. Mere review of other attorneys'

work without being specifically asked to work on an assignment may not be compensable.

**b.** **Depositions:** Overstaffing depositions with attorneys that are not primarily responsible for taking or defending the deposition is frowned upon. Although there is no hard and fast rule about how many attorneys are needed to prepare and take a deposition, the number of attorneys who attend should be commensurate with the difficulty and importance of the deposition. Unnecessary attendance by counsel may not be compensated in any fee application pursuant to Rule 23 or hereunder.

**c.** **Periodic MDL Status Conferences:** The Court intends to hold periodic status conferences to ensure that the MDL moves forward efficiently and that legal issues are resolved with guidance from or formal rulings by the Court. Individual attorneys are free to attend any status conference held in open court to stay up to date on the status of the litigation, but except for Co-Lead Counsel, Liaison Counsel and members of the PEC or their designees, attending and listening to such conferences is not compensable unless specifically authorized by a Co-Lead Counsel.

**d.** **Emails and Correspondence:** Emails are another area where only those attorneys essential to the issue which is the subject of the email may be compensated for their time in reviewing an email. Emails often go to more than those who are working on a particular matter, and time spent reviewing emails on which the attorney is not the writer nor the recipient may be scrutinized and disapproved.

4

   **e.**  **Review of Court Filings and Orders:** Counsel, especially Participating Counsel, have a duty to keep themselves advised of the progress of the case; especially to the extent that a particular matter uniquely affects their client. However, an attorney who chooses to review pleadings and attend court hearings, even though not assigned responsibility for the matters being briefed or heard, are hereby advised that their time spent on such matters may not be compensable.

 **3.** It is not the intent of the Court to micro-manage the work of counsel. However, these examples, amongst other areas not specifically set forth, can be fertile grounds for unnecessary and duplicative work. The Court will rely on the efficacy of the procedures set forth herein and the enforcement of same by Co-Lead Counsel to assure that the work done is meaningful and adds value. Participating Counsel, and all other counsel, are subject to their time being eliminated or reduced by either Co-Lead Counsel and/or the Court if this Order is not followed.

**II.** **Timekeeping Protocols**

 **1.** All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with work performed, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").

 **2.** Each time entry must be categorized using one of the categories set for the below.

 **3.** In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

 **4.** The acceptable categories follow, and the examples contained therein are for

guidance. They are not exclusive of the work that may be performed in each category:

    **a.** **Investigation/Factual Research**: This includes such matters as interviewing witnesses, developing facts from internet research, consulting with industry participants including clients, and preparing memos relating to the same.

    **b.** **Attorney Meetings/Strategy**: This includes planning meetings where counsel coordinate their efforts, meetings to prepare for arguments and depositions, meetings within the respective firms, and meetings of Co-Lead Counsel and the PEC.

    **c.** **Attorney Communications**: Communicating with plaintiffs' and/or defendants' counsel regarding matters pertinent to the case.

    **d.** **Client Communications**: This includes status reports to the clients, answering their questions, keeping them advised of the progress of the case and strategy decisions, and preparations for document discovery and depositions.

    **e.** **Case Management**: This includes scheduling, administrative matters, assignments, and managing personnel and resources working on the case as well as meet and confers for case management conferences and preparation of statements therefor.

    **f.** **Legal Research**: This includes research into legal matters associated with pleadings, discovery and issues that may come up in hearings.

    **g.** **Pleadings/Motions**: This includes work on and motions related to the operative complaints, class certification and summary judgment, and should be work by those primarily responsible for researching and briefing these matters.

    **h.** **Written Discovery/ Plaintiff s' Document Production**: This includes

drafting and responding to written discovery, as well as work related to preservation of and production of Plaintiffs' documents.

**i.** **Court Appearances**: This includes appearances at status conferences, motion hearings, and other pre-trial hearings for those attorneys primarily responsible preparing for and arguing such matters.

**j.** **Depositions (Prepare/Take/Defend)**: This includes development of deposition outlines, gathering and review of exhibits, appearances at depositions for the purposes of being the first chair in taking or defending the deposition, or helping support the first chair.

**k.** **Document Review Tier 1**: This includes document review by less senior attorneys through an established document review platform. This usually involves making the initial cut of documents and is subject to the hourly rate cap described below.

**l.** **Document Review Tier 2**: This includes review of the work of the Tier 1 document reviewers to determine the quality and efficiency of their work as well as to make a further cut of documents. This work is usually done by more senior attorneys who are coding documents for a specific use in the case.

**m.** **Experts/Consultants**: This includes working with the testifying experts as well as the staff working up their reports. It typically involves a deep dive into the econometrics being used, review of the reports, preparation for testimony, as well as review of the reports of defense experts and taking their depositions.

**n.** **Settlement/Mediation**: This includes preparation of mediation statements, participation in settlement negotiations, and documenting the settlements.

  **o.** **Trial Preparation**: This includes meet and confers leading up to the preparation of a joint pre-trial statement as well as getting the case ready for trial. This involves all substantive matters required to be submitted with the joint pre-trial statement in this District, such as motions in limine, jury instructions, trial exhibits, presentations, and video excerpts, as well as garnering the evidence to be presented at trial.

  **p.** **Trial**: This includes all aspects of a trial.

  **q.** **Appeals**: This includes any type of appeal that may come up in the context of the case, and would primarily involve appellate brief writers and those making appellate arguments.

### III. Time Records and Hourly Rates

 **1.** **Recording Requirements:** All Participating Counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys and paralegals. Counsel shall bill in tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded. Counsel will not be reimbursed for any item of time nor expense not described in sufficient detail to determine the nature and purpose of the service or expense.

 **2.** **Hourly Rates**

  **a.** Customary billing rates shall be used in the monthly time reports submitted to Co-Lead Counsel. Use of these rates does not guarantee their payment. Billing rates should be the then- current billing rates, and if those change, that needs to be reflected in the relevant report. The

  **b.** Court reserves the discretion to determine appropriate rates as the

circumstances may warrant.

3. **Document Review**

   a. Document review can be the most challenging area of a case to keep control over time and expenses. Co-Lead Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. Co-Lead Counsel are encouraged to consider the use of technology assisted review ("TAR") and/or predictive coding to prioritize and/or categorize documents produced by Defendants and/or third parties to obtain efficiencies and enhance the quality of any systematic document review.

   b. In general, once a document database is established on an electronic platform, searches may be used to create a universe of documents to be reviewed by the Tier 1 document reviewers. A remote document review system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of the review.

   c. Depending on the volume of documents produced, it is possible that a large number of document reviewers will be needed. Where it proves economically advantageous, Co-Lead Counsel may employ contract attorneys to perform efficient and focused document review. Those attorneys would be subject to the procedures set forth herein.

IV. **Expense Protocol**

   1. **Shared Expenses**

      a. "Shared Expenses" are costs and expenses that will be timely paid out of a

litigation fund administered by Co-Lead Counsel (the "Litigation Fund"). Participating Counsel shall contribute to the Litigation Fund at such times and in such amounts as sufficient to cover plaintiffs' expenses for the prosecution of this MDL. The timing and amount of each assessment will be determined by Co-Lead Counsel.  Each assessment will be paid within 14 days or within such other time as determined by Co-Lead Counsel.  Failure to pay assessments timely will be grounds for removal from the positions held by the defaulting attorney(s).  Shared Expenses are incurred for the common interest of the plaintiff groups in this MDL. All Shared Expenses must be approved by Co-Lead Counsel prior to payment.

**b.** All costs and expenses that meet the requirements of a Shared Expense and fall under the following categories shall qualify for submission and payment directly from the Litigation Fund, as well as for reimbursement from any settlements or satisfaction of judgment as appropriate:

1) Court, filing, and service expenses related to common issues, e.g. a Joint Status Report;

2) Court reporter and interpreter expenses for depositions;

3) Document (both electronic and hard copy) depository creation and hosting, operation, staffing, equipment, and administration including outside third- party vendor expenses associated therewith;

4) Document review platform expenses;

5) Co-Lead, Liaison or PEC or Participating Counsel extraordinary

administration expenses, subject to the prohibition described below regarding office overhead and profit margins within a firm. (e.g., expenses for equipment, technology, courier services, long distance, telecopies, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls);

6) Legal, tax, and accountant fees relating to the Litigation Fund or settlement funds;

7) Expert witness and consultant fees and expenses for experts whose opinions and testimony would be for the common interest of all plaintiffs as agreed by Co-Lead counsel;

8) Printing, copying, coding, and scanning related to the above;

9) Research by outside third-party vendors/consultants/attorneys for common issues;

10) Translation expenses;

11) Bank or financial institution charges relating to the Litigation Fund and/or settlement fund;

12) Investigative services; and

13) Any assessment paid by Participating Counsel, or by a non-Participating Counsel firm from whom an assessment was requested by Co-Lead Counsel.

14) Co-Lead Counsel may request as much detail as is necessary to validate the legitimacy of expenses incurred.

2. **Non-Shared Expenses**

   a. Each Participating Counsel may incur expenses that are not Shared Expenses as defined above ("Non-Shared Expenses"). Participating Counsel may submit those expenses to the appropriate Co-Lead Counsel on a monthly basis but those expenses shall be carried by the advancing counsel until the conclusion of the litigation, at which point they shall be subject to review and approval by Co-Lead Counsel and the Court. Examples of Non-Shared expenses that shall be carried include airfare, rental cars, hotels and meals while traveling in connection with tasks duly authorized by Co-Lead Counsel.  Only reasonable Non-Shared

   b. Expenses will be eligible for reimbursement upon conclusion of the litigation.  A firm's office overhead and the inclusion of a profit margin on the actual cost of administrative tasks (e.g. adding a percentage amount to actual costs of copying) shall not be reimbursable no matter how characterized.

3. **Travel Limitations**

   a. Counsel for plaintiffs shall only seek reimbursement for refundable, changeable, and convenient coach-class airfare, or its equivalent, for travel on routine domestic flights. For international travel or transcontinental flights with a total duration exceeding four hours, reasonable business class fares may be approved at the discretion of Co-Lead Counsel. Counsel are welcome to travel by any means they choose, but may only seek reimbursement in accordance with these limitations except as otherwise permitted by the Court.

   b. Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable hotel accommodations, not to exceed

$450 per night plus tax unless a comparable rate is not reasonably available. The per diem meal expenses will not exceed $120 per person. Automobile rentals must be reasonable both in terms of the costs and duration, taking into account the date and location of the rental.

    **4.**    **Non-Travel Limitations**

    **a.**    The following are reimbursable as Non-Shared expenses at the conclusion of the litigation to the extent they reflect the actual out-of-pocket expense incurred by Participating Counsel: long-distance, conference, and cellular telephone charges; shipping, overnight, courier, or delivery expenses, postage, fax, photocopies, computerized legal research (Lexis, Westlaw). All expenses should be broken out individually, documented, and contain an explanation of the basis for the expense in sufficient detail to determine if the expense is properly reimbursable.

**V.**    **Protocols for Submission of Time and Expenses**

    **1.**    **Format**

    **a.**    Co-Lead Counsel shall maintain all time submissions in a sortable and searchable format.

    **b.**    All of the time and expense submissions must be provided by submitting counsel in the format approved by Co-Lead Counsel. Participating Counsel must report in the format provided by Co-Lead Counsel, and failure to provide the requested reports in the proper format or timely manner is reason to exclude the time and expenses from consideration for payment or reimbursement. An exemplar of the format is attached as Exhibit A and Co-Leads will provide an

electronic version of the approved format for time and expense submission.

    **2. Deadlines**

        **a.** All Participating Counsel shall submit time and expenses in a format and with such required backup as shall be directed by Co-Lead Counsel.

        **b.** Co-Lead Counsel will conduct a quarterly review of submitted time records and expenses to ensure that they are reasonable.

        **c.** Co-Lead Counsel shall take particular care to ensure that duplicative work is not being performed, and shall adhere to the procedures set forth herein. Co-Lead Counsel shall have the power to discount or eliminate non-compliant or unnecessary hours or expense. Co-Lead Counsel may use a third-party vendor to collect time and expense reports, the invoices from which may be paid out of the Litigation Fund.

**VI. Oversight**

    **1.** Co-Lead Counsel are invited to address this Court for guidance and/or rulings if issues arise concerning any of the Case Management Protocols set forth in this Order.

    **IT IS SO ORDERED.**

DATED: April _____, 2018

                                        _____
                                        Honorable Dan Aaron Polster