UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) ) No. 14 CV 4361 |
| Plaintiff, | ) ) ) |
| v. | ) Magistrate Judge Young B. Kim |
| PURDUE PHARMA L.P., et al., | ) ) ) September 29, 2015 |
| Defendants. | ) |

**AGREED QUALIFIED PROTECTIVE ORDER
FOR PROTECTED HEALTH INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of this qualified protective order and ORDERS as follows:

1. Plaintiff the City of Chicago (the "City"), its attorneys, the Defendants, and the attorneys for Defendants are hereby authorized to receive, subpoena, and securely transmit "Protected Health Information" pertaining to the above-captioned litigation (the "Action").

2. For purposes of this Stipulated Qualified Protective Order for Protected Health Information (the "Order"), "Protected Health Information" shall encompass information within the scope and definition set forth in 45 C.F.R. § 160.103 that is provided to the parties by a covered entity as defined by 45 C.F.R. § 160.103 ("Covered Entities") or by a business associate of a Covered Entity as defined by 45 C.F.R. § 160.103 ("Business Associate") in the course of the Action.

3. Any Party who produces Protected Health Information in this Action shall designate such discovery material "Confidential Protected Health Information" in accordance with the provisions of this Protective Order.

4. Unless otherwise agreed between counsel for the Parties, the designation of discovery material as "Confidential Protected Health Information" shall be made at the following times: (a) for documents or things at the time of the production of the documents or things; (b) for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first; and (c) for testimony, at the time such testimony is given by a statement designating the testimony as "Confidential Protected Health Information" made on the record or within 10 days after receipt of the transcript of the deposition. The designation of discovery material as "Confidential Protected Health Information" shall be made in the following manner: (a) or documents, by placing the notation "Confidential Protected Health Information" or similar legend on each page of such document; (b) for tangible things, by placing the notation "Confidential Protected Health Information" on the object or container thereof or if impracticable, as otherwise agreed by the parties; (c) for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Protected Health Information, by placing the notation "Confidential Protected Health Information" both on the face of such document and on any particular designated pages of such document; and (d) for testimony, by orally designating such testimony

as being "Confidential Protected Health Information" at the time the testimony is given.

5. All Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103) are hereby authorized to disclose Protected Health Information pertaining to the Action to counsel representing the parties in this Action.

6. The Parties shall not use or disclose Protected Health Information for any purpose other than the Action, including any appeals. Accordingly, the Parties may, inter alia, disclose Protected Health Information to (a) Counsel for the Parties and employees of counsel who have responsibility for the Action; (b) the Court and its personnel; (c) Court reporters; (d) experts and consultants; and (e) other entities or persons involved in the Action.

7. Prior to disclosing the Protected Health Information to persons involved in this litigation, counsel shall inform each such person that the Protected Health Information may not be used or disclosed for any purpose other than this litigation.

8. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, the Parties, their counsel, and any person or entity in possession of Protected Health Information received pursuant to this Order shall return the Protected Health Information to the Covered Entity or destroy all copies of Protected Health Information pertaining to the Action. Any Protected Health Information destroyed pursuant to this paragraph must be rendered unusable, unreadable, or indecipherable consistent with the United States Department of

Health and Human Services Guidance to Render Unsecured Protected Health Information Unusable, Unreadable, or Indecipherable to Unauthorized Individuals.

9. Nothing in this Order authorizes the parties to obtain Protected Health Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

       **ENTER:**

       _____
       **Young B. Kim**
       **United States Magistrate Judge**

4