UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE POLSTER<br><br>**SECOND ORDER**<br>**REGARDING ARCOS DATA** |

On April 11, 2018, the Court entered an *ARCOS Data Order* (docket no. 233), directing the United States Drug Enforcement Agency ("DEA") to produce to the parties certain data contained in the DEA's Automated Records and Consolidated Orders System/Diversion Analysis and Detection System ("ARCOS/DADS") database. The DEA complied, timely producing complete transactional ARCOS data for the States of Ohio, West Virginia, Illinois, Alabama, Michigan, and Florida, for the period of January 1, 2006 through December 31, 2014.

The ARCOS data for these six States has proved to be extremely informative. For example, it has allowed plaintiffs in these States to identify previously-unknown entities involved in the manufacturing and distribution of opioids. Plaintiffs are now in the process of amending their complaints to add these entities as defendants. Conversely, the ARCOS data has allowed plaintiffs to identify improperly-named defendants, and plaintiffs are now in the process of amending their complaints to remove these entities as defendants.[1]

---

[1] For example, plaintiffs knew that The Kroger Company distributed opioid products in Ohio, so plaintiffs named Kroger as a defendant in *Cuyahoga County, Ohio v. Purdue*, case no. 17-OP-45004 (N.D. Ohio). The ARCOS data, however, revealed Kroger did not sell opioid products in Cuyahoga County, so plaintiffs are releasing Kroger from that case.

Furthermore, the Special Masters have reported to the Court that the parties are engaged in fruitful (if nascent) settlement discussions.  As the Court noted in its first *ARCOS Data Order*, the detailed transactional ARCOS data, which shows the precise number of opioid pills delivered to each City and County in America, partitioned by manufacturer and distributor and pharmacy, will prove essential in settlement discussions regarding apportionment of any obligation amongst defendants, and allocation of any settlement funds to plaintiffs.  *See ARCOS Data Order* at 15 n.8.

In other words, the ARCOS data is allowing both the litigation and settlement tracks of this MDL to proceed based on meaningful, objective data, not conjecture or speculation.  Moreover, the ARCOS data is providing invaluable, highly-specific information regarding historic patterns of opioid sales, which are proving very interesting to law enforcement.

All of the above-described benefits flowing from release of the ARCOS data, however, are so far limited to the six States listed in the first *ARCOS Data Order*.  This means that: (1) plaintiffs in all other States cannot identify various entities who *should* be named as defendants; (2) plaintiffs in all other States are bringing clams against defendants who should *not* be named; (3) the parties cannot intelligently and fully address the topic of allocation in settlement discussions; and (4) law enforcement in these other States cannot obtain critical information that could help stem the opioid crisis.

Accordingly, the Court now extends the reach of the first *ARCOS Data Order* to include all of the States and Territories. Specifically, the Court **ORDERS** that DEA shall produce to the parties complete transactional ARCOS data, and also all Suspicious Order Reports, for the entire United States, for the period of January 1, 2006 through December 31, 2014.  Production of the ARCOS data shall take place on or before May 25, 2018, using the protocols previously agreed to by DEA

and plaintiffs.  The DEA and the parties shall confer before data production begins to arrange for production of data on a rolling basis, and also to discuss the data fields and data keys, in order to ensure an efficient transfer of information.  Production of the Suspicious Order Reports shall take place as soon as reasonably possible.[2]

As ordered earlier, use of the ARCOS database shall be limited to this litigation and for State and local law enforcement purposes only.  No person shall disclose the data or allow use of the data except as necessary for a submission to the Court or at trial.  The ARCOS data produced pursuant to this Order shall be governed by the Protective Order previously entered at docket no. 167, including any subsequent amendments thereto.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 7, 2018**

---

[2] Of course, the DEA need not re-produce data or Suspicious Order Reports that it already produced.