UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br><u>**MEMORANDUM IN SUPPORT OF DEA'S MOTION TO AMEND PROTECTIVE ORDER**</u> |

This Court is overseeing the National Prescription Opiate Multi-District Litigation, in which plaintiffs have sued manufacturers, distributors, and retailers of prescription opiate drugs, alleging that the defendants are liable for the public health crisis relating to opioids. In connection with this litigation, the plaintiffs requested certain data from the United States Drug Enforcement Administration ("DEA")—specifically, the opioid transaction information that the defendants submit to DEA's Automation of Reports and Consolidated Orders System ("ARCOS") database. Prior to the disclosure of ARCOS data, the Court entered a Protective Order limiting the permissible uses of the data sets, as well as the persons authorized to receive them. (*See* Doc. No. 167.) Thereafter, the DEA produced a portion of ARCOS data to all parties in the litigation.

On April 11, 2018, the Court ordered the DEA to produce additional ARCOS data, as well as all Suspicious Order Reports, for six select states for a nine-year period from 2006 through 2014. (Doc. No. 233, PageID No. 1104.) The Court stated that "*[t]he ARCOS data* produced pursuant to this Order shall be governed by the Protective Order previously entered at docket no. 167." (*Id.* (emphasis added).) In turn, the Protective Order exclusively "govern[s] the disclosure of . . . information collected and maintained by the DEA in its ARCOS database." (Doc. No. 167, PageID No. 938.) The Protective Order applies to "data produced directly from DEA's ARCOS

database; any reports generated from DEA's ARCOS database; any information collected and maintained by DEA in its ARCOS database; and any derivative documents that the parties or their employees, agents, or experts create using ARCOS data." (*Id.*)

The Suspicious Order Reports ("SORs") that the Court recently ordered the DEA to produce are not contained in or reported to the ARCOS database. SORS are also not stored in, generated from, collected by, or maintained by the DEA's ARCOS database. Thus, neither the Court's April 11 Order nor its March 6 Protective Order provides the necessary protection for the SORs to be produced by the DEA.

Moreover, the SORs, like ARCOS, are law-enforcement-sensitive because the DEA uses them to generate investigatory leads. The Court has previously acknowledged the need to protect ongoing law enforcement operations. (Doc. No. 112, PageID No. 686 ("[T]he Court believes that production must be tailored . . . to address the DEA's concerns regarding . . . potential interference in investigations and enforcement actions[.]").)

For all of these reasons, the DEA asks the Court to enter the Amendment to Protective Order attached hereto as Exhibit A, so that it is clear and unambiguous that the SORs are covered by the Court's Protective Order.

                Respectfully submitted,

                DAVID A. SIERLEJA
                First Assistant United States Attorney
                Attorney for the United States
                Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/ James R. Bennett II
                JAMES R. BENNETT II (OH #0071663)
                KAREN E. SWANSON HAAN (OH #0082518)
                Assistant U.S. Attorneys
                Carl B. Stokes U.S. Courthouse
                801 West Superior Avenue, Suite 400
                Cleveland, Ohio  44113-1852
                Telephone:  (216) 622-3600
                E-mail:  James.Bennett4@usdoj.gov
                E-mail:  Karen.Swanson.Haan@usdoj.gov

                Attorneys for United States Department of Justice,
                Drug Enforcement Administration

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), I certify that the foregoing memorandum is three (3) pages in length and thus within the 20-page limitation for memoranda in standard-track cases.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that, on May 8, 2018, I filed a copy of the foregoing electronically.  The Court's electronic filing system will send notice of this filing to all parties.  Parties may access this filing through the Court's system.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney