**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | MDL 2804 |
| OPIATE LITIGATION | ) | |
| | ) | Case No. 1:17-md-2804-DAP |
| This document relates to: | ) | |
| | ) | Judge Dan Aaron Polster |
| *State of Alabama v. Purdue Pharma LP, et al.* | ) | |
| Case No. 1:18-OP-45236-DAP (N.D. Ohio) | ) | |

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) | No. 14 CV 4361 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| PURDUE PHARMA L.P., et al., | ) | |
| | ) | December 8, 2016 |
| Defendants. | ) | |

## AMENDED AGREED CONFIDENTIALITY ORDER

The parties in this action have agreed to the terms of this Amended Agreed Confidentiality Order. Accordingly, it is ORDERED:

1. **Scope.**

   **(a)     Generally.**     All materials produced or adduced in the course of discovery in this Action including initial or amended disclosures, responses to interrogatories and requests for admission, responses to discovery requests, deposition testimony and exhibits, documents, and testimony, data, and other information produced or disclosed ("Discovery Material"), shall be subject to this Order concerning Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**(b)     Party Definitions.**  A Party (or, if applicable, non-party) producing information covered by this Order shall be referred to as the "Designating Party." Any Party (or, if applicable, non-party) receiving Discovery Material covered by this Order shall be referred to as the "Receiving Party."

**(c)     Derivative Material, Compilations.**  The protections conferred by this Order cover not only Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only but also (1) any information copied or extracted from such Discovery Material; and (2) all copies, excerpts, summaries, or compilations of such Discovery Material.

**(d)     Material Not Covered.**  The protections conferred by this Order do not cover any information  that is in the public domain or that is not Discovery Material as defined in Paragraph 1(a) of this Order.

**(e)     Designations by a Non-Party.**  Any non-Party to this Action may designate any Discovery Material it produces as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the terms of this Order, and in so designating the non-party and the Parties agree that the restrictions and terms of this Order shall be applicable to all such Discovery Material to the same extent as Discovery Material produced by a Party.  The non-Party producing Discovery Material must first complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**2.     Confidential Information.**  As used in this Order, "Confidential" Information means information designated as "Confidential" by the Designating

Party that falls within one or more of the following categories: (a) information prohibited from disclosure by any applicable laws and regulations; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Designating Party has maintained as confidential; (d) medical information, except "Protected Health Information," concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

**3.** **Highly Confidential – Attorneys' Eyes Only Information.** As used in this Order, "Highly Confidential – Attorneys' Eyes Only Information" means information designated as "Highly Confidential – Attorneys' Eyes Only" by the Designating Party that the Designating Party in good faith believes could reasonably result in commercial, financial or business injury to the Designating Party (other than injury to the Designating Party's position in this Action) in the event of the disclosure, dissemination or use by or to any of the persons not enumerated in Paragraph 7(c).

**4.** **Designation**

**(a)** The Designating Party may designate a document or other tangible Discovery Material at the time of production as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" on each page of the document or material and on all copies in a manner that will not interfere with the legibility of the document or material.

**(b)**    As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  Electronic media (such as CDs and DVDs) shall, at the time of production, be designated by affixing a label to such media.  In the case of initial or amended disclosures, interrogatory answers, responses to requests for admissions, and other similar documents providing information, the designation shall be made by means of a statement in the relevant document specifying that the document or specific parts thereof are designated Confidential or Highly Confidential – Attorneys' Eyes Only.

**(c)**    Applying the marking Confidential or Highly Confidential – Attorneys' Eyes Only to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked Confidential or Highly Confidential – Attorneys' Eyes Only shall also be so marked.  Indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information are not required to be marked.  The designation of Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is a certification by an attorney or a party appearing pro se that the

Discovery Material contains Confidential Information or Highly Confidential –
Attorneys' Eyes Only Information as defined in this Order.

   **5.**  **Depositions.** Deposition testimony is protected by this Order only if
designated as Confidential or Highly Confidential – Attorneys' Eyes Only on the
record at the time the testimony is taken or by serving a Notice of Designation on
all parties of record identifying the specific portions of the transcript that are
designated Confidential Information or Highly Confidential – Attorneys' Eyes Only
Information within thirty days after the Designating Party receives a certified copy
of the deposition transcript from the court reporter.  All deposition transcripts shall
be treated as Highly Confidential – Attorneys' Eyes Only Information until the
expiration of the 30-day period to make a written confidentiality designation.  The
failure to serve a timely Notice of Designation waives any designation of deposition
testimony as Confidential Information or Highly Confidential – Attorneys' Eyes
Only Information, except for that testimony that was so designated on the record at
the time of the testimony, unless otherwise ordered by the Court.  Where
confidentiality designations of deposition testimony are made orally on the record
during a deposition, the Designating Party shall confirm that designation in a
writing within 30 days after receiving the transcript.

   **6.**  **Non-Documentary and Non-Testimonial Material.** Non-
documentary and non-testimonial material, such as oral statements, shall be
designated as Confidential Information or Highly Confidential – Attorneys' Eyes

Only Information if and as appropriate at the time of disclosure or in writing within 30-days of their disclosure.

**7.    Protection of Confidential Material.**

**(a)    General Protections.** Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this Action and any appeal thereto, except as the Designating Party may agree in writing.

**(b)    Limited Third-Party Disclosures of Confidential Information.** The Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(11).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1)    Counsel.** Counsel for the Parties and employees of counsel who have responsibility for the Action;

**(2)    Parties.** Individual Parties and present or former officers, directors, and employees of a Party (provided that no former employee shall be shown documents prepared after the date of his or her departure) but only to the extent counsel for the Receiving Party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action and provided that

6

such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(3)**    **The Court and its Personnel**;

    **(4)**    **Court Reporters and Recorders.**  Court reporters, recorders, and other personnel engaged for transcribing or videotaping testimony in this Action ("Court Reporters and Recorders");

    **(5)**    **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of Discovery Material or organizing or processing Discovery Material, including outside vendors hired to process electronically stored documents, copying services, litigation support services, translation services, graphics and design services, and document review and handling services, as well as investigators, trial consultants, jury consultants, and mock jurors, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound ("Contractors");

    **(6)**    **Experts.** Retained experts and expert consultants employed by the parties or counsel for the parties to assist in the preparation and trial of this action subject to the provisions of Sections 8-9 below but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound ("Experts");

    **(7)**    **Witnesses at Depositions.**  In connection with their depositions, witnesses in this Action to whom disclosure is reasonably necessary, but only after

such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts, and must return all copies after their review.  Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  In no event will a current or prior officer, director, or employee, or affiliate of one defendant be shown the Confidential Discovery Material of another defendant unless the witness authored, sent, modified or received the Discovery Material in the ordinary course of business;

**(8)    Author, Sender or Recipient.**  Any non-Party witnesses to the extent that the person authored, modified, sent or received the Discovery Material prior to its production in this Action in the ordinary course of business, provided that the non-Party witnesses shall only be shown the specific portions of the Discovery Material authored, sent or received by the witness, that counsel for the Receiving Party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Action, and that such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

8

(9) **Special Masters.** Special masters, mediators, arbitrators, or other third parties appointed by the Court or jointly retained by the Parties for settlement purposes or resolution of discovery or other disputes in this Action and their necessary staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound ("Special Masters");

(10) **Others by Consent.** Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered; and

(11) **Law Enforcement Entities.** To the extent the Receiving Party believes it is allowed by state or federal law or regulation to disclose Discovery Material to a state or federal law enforcement agency, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Disclosure pursuant to this subparagraph will be made only after the Designating Party has been given 21 days' notice of the Receiving Party's intent to disclose, and a description of the materials the Receiving Party intends to disclose. If the Designating Party objects to disclosure, the Designating Party may request a meet and confer and may seek a protective order from the Court.

(c) **Limited Third-Party Disclosures of Highly Confidential – Attorneys' Eyes Only Information.** The Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any Highly

Confidential – Attorneys' Eyes Only Information to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential – Attorneys' Eyes Only Information:

(1) **Outside Counsel.** Outside counsel for the Parties in this Action and employees of outside counsel who have responsibility for the Action;

(2) **Court and its Personnel, Court Reporters and Recorders, Contractors, Experts, and Special Masters**;

(3) **Witnesses at Depositions.** In connection with their depositions, witnesses in this Action to whom disclosure is reasonably necessary, but only when the witness authored, sent, modified or received the Discovery Material in the ordinary course of business and provided that the witness shall only be shown the specific portions of the Discovery Material to which access is reasonably necessary, with all other designated material redacted, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Highly Confidential – Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts, and must return all copies after their review. Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Highly Confidential – Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound

by the court reporter and may not be disclosed to anyone except as permitted under this Order. In no event will a current or prior officer, director, or employee, or affiliate of one defendant be shown the Highly Confidential – Attorney's Eyes Only Discovery Material of another defendant unless the witness authored, sent, modified or received the Discovery Material in the ordinary course of business.

(4) **Author, Sender or Recipient.** Any witness, to the extent that it is evident that the person authored, sent or received the Discovery Material prior to its production in this Action in the ordinary course of business, provided that the witnesses shall only be shown the specific portions of the Discovery Material authored, sent or received by the witness, with all other designated material redacted, and has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5) **Others by Consent.** Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered; and

(6) **Experts:** Retained experts and expert consultants employed by the parties or counsel for the parties to assist in the preparation and trial of this action subject to the provisions of Section 8-9 below but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

(d) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential

Information and Highly Confidential – Attorneys' Eyes Only Information. Counsel to the Party employing, examining, or interviewing witnesses shall be responsible for obtaining the executed Acknowledgment of Understanding and Agreement to Be Bound, shall maintain the originals of that form for a period of three years after the termination of the case, and shall serve it on counsel upon request.

8. **Disclosure to Experts and Expert Consultants.** Confidential Information or Highly Confidential – Attorneys' Eyes Only Information may be provided to retained experts and expert consultants assisting counsel to the Parties in this Action only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action and provided that the expert or expert consultant is using said Confidential Information or Highly Confidential – Attorneys' Eyes Only Information solely in connection with the rendition of expert services in this Action and is not currently a partner, director, officer, employee, or other affiliate of the Designating Party. Nothing herein shall be construed as a waiver of any objection to retaining a former partner, director, officer, employee or other affiliate of the Designating Party to serve as a retained expert or expert consultant in this Action.

9. **Limitations.** Entering into, agreeing to, producing, or receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information pursuant to this Order, or the taking of any action pursuant to this Order shall not:

    **(a)**    Limit or restrict a Party's handling and use of its own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that has been designated as such solely by that Party.

    **(b)**    Prejudice in any way the rights of any Party to petition the Court to seek additional protection for Discovery Material for any reasons not specifically addressed by this Order;

    **(c)**    Prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information subject to this Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing; or

    **(d)**    Prevent the interested Parties from agreeing, in writing, to alter or waive the provisions or protections of this Order with respect to any particular document, information, or person.

    **10.**    **Inadvertent Failure to Designate and Mis-Designation.**  An inadvertent failure to designate Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or mis-designation of Discovery Material does not, standing alone, waive the right to designate or re-designate the Discovery Material or constitute a waiver of a claim of confidentiality; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. A failure to designate or correctly designate

Discovery Material may be corrected by prompt written notice upon discovery of such failure, accompanied by appropriately designated substitute copies of the Discovery Material. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If a party designates or re-designates Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information after it was initially produced, the Receiving Party, on notification of the designation and receipt of substitute copies, must make a reasonable effort to promptly destroy or return to the Designating Party all copies of such non-designated or mis-designated Discovery Material and shall treat the substitute Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as appropriate as if it had been initially so designated. If the Receiving Party disclosed Discovery Material that was subsequently designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, it shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to access to such Discovery Material and prevent further disclosures except as authorized under the terms of this Order.

**11.    Inadvertent Production of Privileged Information.**

**(a)    Generally.**  Any inadvertent disclosure of Discovery Material subject to a claim of attorney client privilege, attorney work product protection, common-interest privilege, or any other privilege, immunity or protection from production or disclosure ("Privileged Information") will not in any way prejudice or otherwise constitute a waiver of, or estoppel as to, such Privileged Information or generally of such privilege.

**(b)**    Given the complexities associated with large-scale discovery, production of Privileged Information shall be deemed inadvertent whenever the Designating Party asserts in writing that such production was inadvertent.

**(c)**    Notice of Inadvertent Production.  If a Party or non-Party discovers that it has inadvertently produced Privileged Information, it shall promptly notify the Receiving Party of the inadvertent production in writing, shall identify the inadvertently produced Privileged Information by Bates range where possible, and may demand that the Receiving Party return or destroy the Privileged Information. In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Disclosing Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Disclosing Party in writing that the Receiving Party possesses potentially Privileged Information.  The Disclosing Party shall have fourteen (14) days to assert privilege over the identified information.  If the Disclosing Party does not assert a

claim of privilege within the fourteen day period, the information in question shall be deemed non-privileged.

**(d)** Claw Back of Privileged Information. If the Designating Party has notified the Receiving Party of inadvertent production, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall within fourteen (14) days of receiving such notification or confirmation: (1) destroy or return to the Designating Party all copies or versions of the inadvertently produced Privileged Information requested to be destroyed returned or destroyed; (2) delete from its work product or other materials any quoted or paraphrased portions of the inadvertently produced Privileged Information; (3) ensure that inadvertently produced Privileged Information is not disclosed in any manner to any Party or non-Party. Notwithstanding the above, the Receiving Party may segregate and retain one copy of the clawed back information solely for the purpose of disputing the claim of privilege. The Receiving Party shall not use any inadvertently produced Privileged Information in connection with this Action or for any other purpose other than to dispute the claim of privilege. The Receiving Party may file a motion disputing the claim of privilege and seeking an order compelling production of the material at issue; the Disclosing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege.

**12.    Unauthorized Disclosure.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly

Confidential – Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of this Order, and (d) request such person or persons complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

13.    **Filing of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.**  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court, or file a motion, brief, or other submission containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, must comply with Civil Local Rules 5.7 and 26.2.  The Designating Party shall have the opportunity to join in a motion to file under seal and file supplemental briefing in support of the motion.

14.    **No Greater Protection of Specific Documents.**    Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**15. Challenges by a Party to Designation as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.** The designation of any material or document as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    **(a) Meet and Confer.** A Party challenging the designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. If the Receiving Party believes that portion(s) of a document are not Confidential or Highly Confidential – Attorneys' Only Information, it will identify the specific information that it believes is not confidential and the Designating Party will review and respond, as laid out in this paragraph, with respect to that specific information. The Designating Party must respond to the challenge within five (5) days of the meet and confer.

    **(b) Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the

movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as appropriate, under the terms of this Order.

**16.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**17.** **Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at Trial or Hearings.** A Party that intends to present Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at a hearing shall bring that issue to the Court's and Parties' attention by motion without disclosing the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at the hearing. The use of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at trial shall be governed by a separate stipulation and/or court order.

**18.    Confidential Information or Highly Confidential – Attorneys'
Eyes Only Information Requested by Third Party; Procedure Following
Request.**

**(a)**    If any person receiving Discovery Material covered by this Order (the
"Receiver") is served with a subpoena, a request for information, or any other form
of legal process that would compel disclosure of any Confidential Information or
Highly Confidential – Attorneys' Eyes Only Information  that was produced by a
person or entity other than the Receiver ("Request"), the Receiver must so notify the
Designating Party, in writing, immediately and in no event more than three court
days after receiving the Request.  Such notification must include a copy of the
Request.

**(b)**    The Receiver also must immediately inform the party who made the
Request ("Requesting Party") in writing that some or all the requested material is
the subject of this Order.  In addition, the Receiver must deliver a copy of this Order
promptly to the Requesting Party.

**(c)**    The purpose of imposing these duties is to alert the interested persons
to the existence of this Order and to afford the Designating Party in this case an
opportunity to try to protect its Confidential Information or Highly Confidential –
Attorneys' Eyes Only Information.  The Designating Party shall bear the burden
and the expense of seeking protection of its Confidential Information or Highly
Confidential – Attorneys' Eyes Only Information, and nothing in these provisions
should be construed as authorizing or encouraging the Receiver in this Action to

disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiver has in its possession, custody or control Confidential Information or Highly Confidential – Attorneys' Eyes Only Information by the other Party in this Action.

**(d)** Materials that have been designated as Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material shall not be provided or disclosed to any third party in response to a request under the Illinois Freedom of Information Act ("IFOIA"), or any similar federal, state or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to 5 ILCS 140/7(1)(a), and may be exempt under other provisions. If the City receives such a request, it shall (i) provide a copy of this Order to the requesting party and inform it that the requested materials are exempt from disclosure and that the City is barred by this Order from disclosing them, and (ii) promptly inform the party that has produced the requested material that the request has been made, identifying the name of the requesting party and the particular materials sought. The restrictions in this paragraph shall not apply to materials that (i) the Designating Party expressly consents in writing to disclosure; or (ii) this Court has determined by court order to have been improperly designated as Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material. The provisions of this section shall apply to any entity in receipt of Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material governed by this Order. Nothing in this Order shall be deemed to (1) foreclose any party from

arguing that Discovery Material is not a public record for purposes of the Public Disclosures Law, (2) prevent any party from claiming any applicable exemption to the Public Disclosure Laws; or (3) limit any arguments that a party may make as to why Discovery Material is exempt from disclosure.

**19. Information Subject to Existing Obligation of Confidentiality.** In the event that a Party is required by a valid discovery request to produce any information held by it subject to an obligation of confidentiality in favor of a third party, the Party shall, promptly upon recognizing that such third party's rights are implicated, provide the third party with a copy of this Order and inform the third party in writing (i) of the Party's obligation to produce such information in connection with this Action and of its intention to do so, subject to the protections of this Order; (ii) of the third party's right within twenty one (21) days to seek further protection or other relief from the Court if, in good faith, it believes such information to be confidential under the said obligation and either objects to the Party's production of such information or regards the provisions of this Order to be inadequate; and (iii) seek the third party's consent to such disclosure if it does not plan to object. Thereafter, the Party shall refrain from producing such information for a period of twenty one (21) days in order to permit the third party an opportunity to seek relief from the Court, unless the third party earlier consents to disclosure. If the third party fails to seek such relief, the Party shall promptly produce the information in question subject to the protections of this Order, or

alternatively, shall promptly seek to be relieved of this obligation or for clarification of this obligation by the Court.

**20. Challenges by Members of the Public to Sealing Orders.** A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**21. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Highly Confidential – Attorneys' Eyes Only Information under this Order, including copies as defined in Paragraph 4(a) above, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the producing party that it has done so. Except, however, that nothing in this paragraph shall modify the City's obligations regarding the maintenance and disposal of records

under the Illinois Local Records Act, 50 ILCS 205/1 et seq. To the maximum extent possible and as early as possible, pursuant to the provisions of 50 ILCS 205/1 et seq., the City shall seek written permission to return to the producing party the materials described in this section. If permission to return materials cannot be obtained in advance of dismissal or entry of final judgment not subject to further appeal, then within sixty-three days after dismissal or entry of final judgment not subject to further appeal, pursuant to the provisions of 50 ILCS 205/1 et seq., the City shall seek written permission to return to the producing party the materials described in this section. Nothing in this paragraph shall modify the City's obligations under Paragraph 18 of this Order. It is also agreed and understood that the confidential business information at issue is not of historical value and these records are not of the type to be provided to the State archivist.

    **(c)** **Retention of Work Product and one set of Discovery Material.** Notwithstanding the above requirements to return or destroy documents, City's counsel and Defendants' outside counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall continue to be protected under this Order. An

attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

22. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

23. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

Case: 1:14-cv-04361 Document #: 487 Filed: 12/08/16 Page 26 of 28 PageID #:14344

24. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

ENTER:

_____
**Young B. Kim**
**United States Magistrate Judge**

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF CHICAGO, a municipal corporation,** | ) ) ) | **No. 14 CV 4361** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **District Judge Jorge L. Alonso** |
| **PURDUE PHARMA L.P., et al.,** | ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Amended Agreed Confidentiality Order entered in the above-captioned action on December 8, 2016, and attached hereto, understands the terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Amended Agreed Confidentiality Order and understands that the terms of the Amended Agreed Confidentiality Order obligate him/her to use materials designated as Confidential information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Amended Agreed Confidentiality Order may result in penalties of contempt of court.

**Name:**          _____

**Job Title:**     _____

**Employer:**     _____

**Business Address:**  _____

                          _____

                          _____

**Date:**           _____

**Signature:**    _____