IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 17-md-02804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| ALL CASES | ) ) | |

**MOTION FOR MODIFICATION OF CASE MANAGEMENT ORDER ONE
FILED BY BAPTIST HOSPITAL, INC.**

**AND JOINED IN BY
RUSH HEALTH SYSTEMS, INC.,
APOLLOMD BUSINESS SERVICES, LLC,
GREENWOOD-LEFLORE HOSPITAL,
EL CAMPO MEMORIAL HOSPITAL,
JAY HOSPITAL, INC., AND
J. PAUL JONES HOSPITAL**

Baptist Hospital, Inc. files this Motion for Modification of Case Management Order ("CMO") One (Doc. # 232). Joining in this Motion are certain hospitals and health care organizations that filed civil actions transferred to this MDL: Rush Health Systems, Inc.; ApolloMD Business Services, LLC; Greenwood-Leflore Hospital; El Campo Memorial Hospital; Jay Hospital, Inc.; and J. Paul Jones Hospital. In support of this Motion, Baptist Hospital states as follows:

1.  Baptist Hospital, Inc. filed the first hospital action against the Prescription Opioids Industry.[1] In fact, Baptist Hospital's federal complaint was in the original transfer order constituting this MDL.

---

[1] *Baptist Hospital, Inc. et al. vs. McKesson Corp., et al.*, Case No. 3:17-cv-00816 (N.D. Fla.).

2.     Baptist Hospital sought a leadership role in this MDL. The self-designated Plaintiffs Executive Committee ("PEC") made an initial proposal to constitute the PEC. Baptist Hospital was concerned with the lack of any hospital plaintiff representation on the PEC slate, and thus filed an objection on that ground (Doc # 19). This Court agreed with Baptist Hospital, and ordered the PEC to add, *inter alia*, a hospital representative (Doc # 22). The PEC slate included J.W. Barrett of Lexington, Mississippi, who, following the Court's order, the PEC designated as the lone PEC representative to represent all hospitals in the MDL. Thus, a single lawyer to represent hospitals was added to a 23-person PEC dominated by lawyers representing municipal and county governments.

3.     Mr. Barrett had filed a nationwide putative class action of hospitals, unlimited in size, with three hospitals in Alabama and Mississippi as the class representatives. Mr. Barrett's complaint alleged jurisdiction based on a federal RICO claim. Baptist Hospital's complaint, filed prior to the Barrett class action, alleged diversity jurisdiction.

4.     This Court entered CMO One,[2] providing in paragraph 2.e. that the PEC's "Hospital Representative" [Mr. Barrett] must identify a "single MDL case filed by a hospital, the claims of which are governed by the law of one of the States listed in paragraphs 2.b. and 2.c." [Ohio, Illinois, West Virginia, Michigan, or Florida] by May 11, 2018. At the time CMO One was entered, April 4, 2018, the *only* MDL case filed in any of those states was the Baptist Hospital civil action, making the Baptist Hospital case the *only* choice for Mr. Barrett.

5.     One of the attorneys for Baptist Hospital, J. Nixon Daniel, III, promptly wrote Mr. Barrett an email pointing this fact out and stating Baptist Hospital's willingness to move forward as the bellwether hospital plaintiff. That email is attached hereto as Exhibit 2.

---

[2] CMO One was entirely consistent with Baptist Hospital's submission to the Special Masters in advance of the issuance of CMO One (attached hereto as Exhibit 1).

6. There was no reply by Mr. Barrett to Mr. Daniel's email (Exhibit 2).

7. Mr. Daniel then wrote another email to Mr. Barrett, attached hereto as Exhibit 3. There was no response to that email until May 7, 2018, when Mr. Barrett replied by email attached as Exhibit 4. In that email, Mr. Barrett said he had selected a different hospital.[3] Mr. Barrett's email refers to "jockeying." There was no jockeying by Baptist's counsel as the Baptist Hospital case had been in the MDL from its inception and was the only case meeting the Court's criteria. Mr. Barrett's chosen case was filed directly in the MDL so as to avoid the inevitable delay by the JPML in issuing a transfer order and thus making that case a potential case to satisfy the criteria of CMO One.

8. Although issues of Florida law are raised in the Barrett-chosen action, none of the attorneys of record on that complaint are Florida lawyers.

9. Given the eleventh hour machinations of Mr. Barrett, the Court should reject his choice of the bellwether hospital and select Baptist Hospital, Inc. as the bellwether plaintiff.

10. There are other issues for the Court to consider. One of the concerns of the administration at Baptist Hospital related to Mr. Barrett's selection by the PEC slate to be the "Hospital Representative" is that Mr. Barrett has a long history of suing hospitals that he purports to represent in his class action case. In fact, in one of the largest litigation efforts against hospitals, Mr. Barrett led the charge in filing "charity" actions against hospitals and the American Hospital Association. These filings and Mr. Barrett's avowed antagonism toward

---

[3] Baptist Hospital learned that Mr. Barrett just recently filed a new hospital action directly in the MDL on May 4, 2018, under seal. At this writing, Baptist Hospital does not know if Mr. Barrett filed another class action, or an individual plaintiff action. If it is an individual action, the obvious question is why Mr. Barrett filed an individual action, given the pendency of his national putative class action? If this new filing is a class action case, the obvious question is why Mr. Barrett filed a duplicative class action?

hospitals and health care organizations create irreconcilable conflicts of interest than cannot be overcome.

11. The following is a list of federal actions (primarily class actions) that Mr. Barrett, as counsel for the plaintiffs, filed against numerous hospitals, including the Movant here, Baptist Hospital, regarding claims that the hospitals, although 501(c)(3) entities, were not providing appropriate charity care:

*Patel v. Cleveland Clinic Foundation, et al.*, No. 1:04-cv-01330-PRM (N.D. Ohio)
- Defendants: Cleveland Clinic Foundation, Cleveland Clinic Health System, Fairview Hospital

*Collins v. Baptist Hospital, Inc., et al.*, No. 3:04-cv-00276-MCR-MD (N.D. Fla.)
- Defendants: Baptist Hospital Inc., American Hospital Association

*Colomar v. Mercy Hospital Inc., et. al.*, No. 1:05-cv-22409-PAS (S.D. Fla.)
- Defendants: Mercy Hospital Inc., Catholic Health East, Inc.

*Wright, et al. v. St. Dominic Health, et al.*, No. 3:04-cv-00521-TSL-AGN (S.D. Miss.)
- Defendants: St. Dominic Health Services, St. Dominic-Jackson Memorial Hospital, American Hospital Association

*Daly v. Baptist Health, et al.*, No. 4:04-cv-00789-GH (E.D. Ark.)
- Defendants: Baptist Health, American Hospital Association

*Valencia, et al v. MS Baptist Medical, et al.*, No. 3:04-cv-00628-WHB-AGN (S.D Miss.)
- Defendants: Mississippi Baptist Medical Center, Mississippi Baptist Health Systems, American Hospital Association

*Jackubiec v. Sacred Hearth Health Systems, et al.*, No. 3:04-cv-00274-MCR-EMT (N.D. Fla.)
- Defendants: Sacred Heart Health Systems, Ascension Health, American Hospital Association

*Ellis v. Phoebe Putney Health, et al.*, No. 1:04-cv-00080-WLS (M.D. Ga.)
- Defendants: Phoebe Putney Health System, Phoebe Putney Memorial Hospital, American Hospital Association

*Hogland v. ARHS, et al.*, No. 3:04-cv-00050-CAR (M.D. Ga.)
- Defendants: Athens Regional Health Services, Athens Regional Medical Center, American Hospital Association

*Washington v. Medical Center, et al.*, No. 5:04-cv-00185-CAR (M.D. Ga.)
- Defendants: Medical Center of Central Georgia Inc., Central Georgia Health Systems Inc., Medcen Community Health Foundation Inc., American Hospital Association

*Frimpong v. DeKalb Medical Center, et al.*, No. 1:04-cv-01745-WCO (N.D. Ga.)
- Defendants: DeKalb Medical Center, DeKalb Regional Healthcare Systems, American Hospital Association

*Cruz, et al v. Wellstar Health Syst., et al.*, No. 1:04-cv-01746-GET (N.D. Ga.)
- Defendants: Wellstar Health System Inc., Douglas Hospital Inc., Kennestone Hospital Inc., Cobb Hospital Inc., American Hospital Association

*Lively v. MCG Health, et al.*, No. 1:04-cv-00113-DHB (S.D. Ga.)
Defendants: MCG Health Inc., Medical College of Georgia Foundation Inc., American Hospital Association

12. In this charity hospital litigation alone, Mr. Barrett has been adverse to at least twenty-nine (29) hospitals and health care organizations, including the Movant Baptist Hospital and the American Hospital Association. The charitable care at issue in that litigation included the same types of care at issue in this litigation – uncompensated emergency department and inpatient care. Baptist Hospital cannot find any place in the record of this MDL, or in any filing otherwise to or by the PEC, that discloses Mr. Barrett's conflicts in serving as the Hospital Representative. It is unclear what criteria the PEC employed in selecting Mr. Barrett for this important role in this important MDL, but it certainly appears that no consideration was given to Mr. Barrett's historic role as an adversary of hospitals and health care providers, which should have disqualified him from serving as the sole leadership representative for this category of plaintiffs.

13. The bellwether hospital case in this litigation should be one that is representative of the interests of hospitals without any suggestion of conflict or other interests. The implication of the rulings which will come from the designated case will affect all hospital claims. Hospitals should be afforded representation free from any appearance of conflict or other interest.

WHEREFORE, Baptist Hospital, Inc. respectfully requests that the case which it filed first in this litigation be designated as the bellwether hospital case for purposes of paragraph 2.e. of CMO One, all matters to be prescribed in a subsequent case management order, and further requests that its counsel be designated as lead counsel to assert its interests as it is entitled to do as the litigant.

Respectfully submitted,

PLAINTIFF BAPTIST HOSPITAL, INC.

By Its Attorneys:

*/s/ J. Nixon Daniel, III*
J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
jnd@beggslane.com
mjb@beggslane.com
jrz@beggslane.com

Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Ste 450
Birmingham, Alabama  35203
(205) 252-6127
ftk@thekuykendallgroup.com

T. Roe Frazer II
Patrick D. McMurtray
Trey Frazer
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN  37215
(615) 647-6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law