IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

*FILED ELECTRONICALLY*

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL NO. 2804<br><br>Case No. 17-md-02804<br><br>HON. DAN A. POLSTER |

**FAMILY PRACTICE CLINIC OF BOONEVILLE, INC.,
AND FAMILY HEALTH CARE CLINIC, PSC'S
RESPONSE IN OPPOSITION TO MOTION FOR MODIFICATION OF
CASE MANAGEMENT ORDER ONE FILED BY BAPTIST HOSPITAL, INC.**

COME NOW the Plaintiffs, Family Practice Clinic of Booneville, Inc., and Family Health Care Clinic, PSC ("Rural Health Clinic Plaintiffs"), by and through counsel, and on behalf of themselves and all others similarly situated, hereby submit the following Response in Opposition to Baptist Hospital Inc.'s Motion for Modification of Case Management Order One ("Modification Motion") (Dkt. No. 405). Due to their alignment with the Hospital Case Track established by the Court, as is outlined in greater detail below, the Rural Health Clinic Plaintiffs have a substantial interest on the issue raised by Baptist's Motion for Modification.

The Rural Health Clinic Plaintiffs have been closely studying each of the Case Management Orders entered by this Court, and in doing so, have determined that their interests are closely aligned with the Case Track that has been established for hospitals. Because immediate hospital access is often unavailable to the underserved patient populations to which the Rural Health Clinic Plaintiffs provide treatment, they routinely act as a hospital substitute. Thus, similar

to hospitals, they are on the "front lines" of America's opioid epidemic. As such, the Rural Health Clinic Plaintiffs have a legitimate interest in the matter now before the Court, and submit the following as their response and objection to Baptist Hospital Inc.'s Modification Motion.

Rural Health Clinic Plaintiffs agree with and adopt the response to Baptist Hospital Inc.'s Modification Motion filed by West Boca Medical Center, Inc. (Dkt. No. 414.) In addition, the suggestion by Baptist Hospital, Inc., that an attorney cannot be adverse to a category of claimants in one matter and then be an advocate for them in some unrelated matter years later is unfounded and unsupported. Lawyers must be strong advocates for their clients, but they have never been restricted in the manner outlined in the Modification Motion. As is well known and established, lawyers who have served on the defense of a case can advocate for those same plaintiffs in other unrelated matters, all of course subject to rules of professionalism and the bounds of ethics. Relatedly, lawyers against an industry on one issue can advocate for the rights of that industry on another issue. There is not now, nor should there ever be, a rule that proclaims that once a lawyer files suit against a hospital for one matter, he/she has a perpetual conflict of interest and is barred from representing the interests of hospitals in other matters.

Two of the undersigned attorneys, Bob Finnell and John Crongeyer[1], have known and worked with Don Barrett for many years. In their personal experience, Mr. Barrett has always been a zealous advocate for his clients, and has not demonstrated an antagonism to hospitals. Instead, he has staunchly advocated for both patients' rights and the rights of hospitals, depending upon the issue, as is entirely appropriate and consistent with our legal system. The fact that approximately 326 hospitals have chosen to hire Mr. Barrett and his group is a testament to his

---

[1] For whom a Motion to Admit *Pro Hac Vice* is forthcoming, in the original action from which this case was transferred (U.S. District Court for the Eastern District of Kentucky, Case No. 6:18-cv-00087).

great skill and success as champion for the rights and interests of his clients and speaks to the hospitals' confidence in him and his team on this precise litigation.

Furthermore, the undersigned attorneys associated with McBrayer, McGinnis, Leslie & Kirkland, PLLC, are aware of Mr. Barrett by reputation, and believe his skill and integrity aligns with not only the description provided by Mr. Finnell and Dr. Crongeyer, but also with what has been attested to as a sterling reputation by a variety of other trusted colleagues.

Finally, West Boca Medical Center's ongoing involvement with the management of the opioid crisis cannot be understated. The facility maintains both an emergency department and a Level III Neonatal Intensive Care Unit—the highest designation granted by the State of Florida, and one which indicates an ability to provide the most extensive medical services possible for premature and at-risk babies. West Boca Medical Center is located within one of the jurisdictions selected by the Court, but it is also part of one of the nation's largest hospital systems, Tenet Healthcare. As such the facility's combined local and national leadership have the resources and the broader incentives to serve as an effective leader and bellwether Plaintiff in this litigation.

In sum, to somehow suggest that hospitals such as West Boca Medical Center should be disqualified from consideration for a leadership or bellwether role would be to effectively infringe upon the right of claimant to choose their counsel. Moreover, the idea that clients can be limited or restricted based upon their choice of attorney is similarly meritless, and is tantamount to a disqualification motion, without being labeled as such. Thus, based upon the foregoing information, it is clear that Baptist Hospital Inc.'s Modification Motion lacks merit in this instance, and should be denied.

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
& KIRKLAND, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780

and

THE FINNELL FIRM
1 W. 4th Street, Suite 200
Rome, GA 30161
Phone: (706) 235-7272

*/s/ David J. Guarnieri*
LISA E. HINKLE
JARON P. BLANDFORD
DAVID J. GUARNIERI
BOB FINNELL (GBA # 261575)
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2018, a true and correct copy of the foregoing was served via electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ David J. Guarnieri*
LISA E. HINKLE
JARON P. BLANDFORD
DAVID J. GUARNIERI
BOB FINNELL (GBA # 261575)