# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) **This document relates to:** ) ) *County of Webb v. Purdue Pharma, L.P. et al.* ) **Case No. 1:18-op-45175-DAP (N.D. Ohio)** ) | **MDL 2804** **Case No. 1:17-md-2804-DAP** **Judge Dan Aaron Polster** |

## PLAINTIFF COUNTY OF WEBB'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT UNDER SEAL

### INTRODUCTION

Pursuant to Case Management Order One, ECF Doc. 232 (hereinafter "CMO-1"), the May 3, 2018 Order clarifying CMO-1 (ECF Doc. 371) (the "Clarification Order"), Local Rule 5.2, and as advised by the Special Masters, Plaintiff, County of Webb ("Plaintiff"), seeks leave to file an amended complaint in the above-listed case under seal. Plaintiff files this Motion and Proposed Order (attached as Exhibit A) to ensure compliance with the following Orders:

1. CMO-1;

2. The Clarification Order; and

3. The Protective Order Re: DEA's ARCOS/DADS Database, ECF Doc. 167 (hereinafter "ARCOS Protective Order").

### ANALYSIS

Plaintiff, County of Webb, respectfully requests leave to file its amended complaint under seal in order to comply with CMO-1, the Clarification Order and the ARCOS Protective Order. Filing under seal is requested because Webb's amended complaint contains information designated

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by the ARCOS Protective Order. That order provides, in pertinent part,

> If contained in a pleading, motion, or other document filed with this Court, any Designated Information must be marked with the applicable confidentiality designation, designated as "Subject to Protective Order," and filed under seal with prior Court authorization.

ARCOS Protective Order, at ¶ 8.

After requesting same from the MDL leadership, Plaintiff received its initial production of ARCOS market share data[1] from the Plaintiffs' Executive Committee ("PEC") on March 30, 2018. Plaintiff received ARCOS de-identified transaction data[2] from the PEC on April 24, 2018. Plaintiff has used the initial ARCOS productions, among other data and information, to prepare the amended complaint that is the subject of this motion.

Both CMO-1 and the Clarification Order provide that Plaintiff may file an amended complaint without leave by May 25, 2018.[3] Local Rule 5.2 and the ARCOS Protective Order

---

[1] ARCOS market share data was produced by the United States Drug Enforcement Administration ("DEA") to the PEC on March 20, 2018 pursuant to a Notice of Service, ECF Doc. 182.

[2] ARCOS de-identified transaction data was produced by the DEA to the PEC on April 5, 2018 pursuant to a Notice of Service, ECF Doc. 222.

[3] CMO-1 provides:

> In cases other than those mentioned in paragraphs 2 and 3, Plaintiffs shall file any amended pleading, including any amendment to add a party to a case, no later than Friday, May 25, 2018. After that date, no complaint shall be amended by Plaintiffs to add a party or otherwise, absent leave of Court or stipulation of the parties.

CMO-1, at § 6(b).

The Clarification Order provides:

> [I]f a plaintiff in an MDL case wants to file an amended complaint without leave of Court, it must do so by May 25, 2018. Thereafter, all cases not designated in paragraphs 2 or 3 of CMO-1 are stayed until further notice of a Court. If a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend. And,

require this motion for leave to file under seal. Plaintiff respectfully requests that its motion be granted so there are no inadvertent disclosures of Defendants' confidential information or information subject to the ARCOS Protective Order.

Plaintiff understands that there will be future productions of ARCOS data (as discussed during the May 10, 2018 hearing) and other discovery including the production from *The City of Chicago, Illinois v. Purdue Pharma L.P.,* Case No. 17-OP-45169 (N.D. Ohio). Naturally, Plaintiff reserves its right to seek leave for future amendments to its pleadings after receipt and review of that discovery, or for any other reason permitted by the Fed. R. Civ. P. during the course of the litigation.

It may be worth noting that Plaintiff's counsel received an email yesterday (May 22, 2018) from Co-Liaison Counsel Peter H. Weinberger, Esq. suggesting that, notwithstanding CMO-1 and the Clarification Order, Plaintiff should "hold off" filing an amended complaint without leave. (May 22, 2018 email attached as Exhibit B).

Plaintiff is unclear if Mr. Weinberger is speaking for the Court or if Mr. Weinberger's email, by itself, alters the dates referenced in both CMO-1 and the Clarification Order. Plaintiff is aware the Court discussed the timing of amendments based on future ARCOS productions at the May 10, 2018 hearing. The relevant excerpt appears to be:

> The CMO made clear, I thought it was clear, that for those cases that aren't set now for trial, plaintiffs are not under any imminent deadline to amend their complaints so there's no need for someone to say, look, if I don't get this ARCOS data in the next 30 days and either add defendants or subtract defendants, I'll be barred from doing that. In fact, it's the opposite. … I'm going to request that lawyers on the

---

plaintiffs retain the right to move to file further amended pleadings if deemed appropriate, such as because additional defendants were identified by ARCOS data.

Clarification Order, at ¶ 1.

> non litigation cases … that those lawyers hold off.  You'll have plenty of time to request that data if and when your case is set for trial and that to hold off contacting the PEC for the data.

Transcript of May 10, 2018 Status Conference held before the Hon. Dan Aaron Polster, ECF Doc No. 418, p 11, lines 3-19.

The Court's remarks during the May 10, 2018 hearing do not appear to address the situation presented here, where Plaintiff seeks to file an amended complaint based, in part, on ARCOS data already received.  Nor has the Court, either during the May 10, 2018 hearing or since, formally changed the non-bellwether amended complaint deadlines set forth in CMO-1 and the Clarification Order.  Hence, this motion represents Plaintiff's effort to comply with what it understands to be the operative orders in this case and to file its amended pleading as of right.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion for Leave to File Amended Complaint Under Seal.

Date: May 23, 2018                                      Respectfully submitted,

                                                        THE CICALA LAW FIRM PLLC

                                                        /s/ Joanne Cicala
                                                        Joanne Cicala
                                                        joanne@cicalapllc.com

                                                        Jocelyn R. Normand
                                                        jnormand@cicalapllc.com
                                                        101 College Street
                                                        Dripping Springs, Texas 78620
                                                        Tel: (512) 275-6550
                                                        Fax: (512) 858-1801

                                                        *Lead Counsel for Plaintiff County of Webb*

SANFORD HEISLER SHARP, LLP

Judge Keven Sharp
ksharp@sanfordheisler.com
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020

Ross Brooks
RBrooks@sanfordheisler.com
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Tel: (646) 402-5668
Fax: (646) 402-5651

*Co-counsel to The Cicala Law Firm PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

/s/ Jocelyn R. Normand
Jocelyn R. Normand