UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>JUDGE DAN AARON POLSTER |

**PLAINTIFFS' MOTION FOR MODIFICATION OF CMO 1 REGARDING RELATION BACK AND TOLLING**

Plaintiffs respectfully request that the Court enter the attached Proposed Order Regarding Relation Back and Tolling ("Proposed Order") to amend Case Management Order Number 1 (docket no. 232) ("CMO 1"). In CMO 1, the Court created a "litigation track" to conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. Those same interests would be served by permitting the Plaintiffs to review and analyze ARCOS and other data before amendment, as this would enable complaints and the naming and identification of the Defendants to be evidence-based and eliminate the confusion or fear of missing statutes of limitation that have not otherwise run.

Thus, Plaintiffs request that the Court: 1) stay the due date for Plaintiffs whose cases are not designated in paragraphs 2 or 3 of CMO 1 to file amended pleadings to add or delete defendants without leave of court, which is currently set for May 25, 2018; and 2) order that for any civil action which is now part of the MDL Proceedings (as defined in CMO 1 at ¶1.a), or which later becomes part of the MDL Proceedings, there

is a rebuttable presumption the amendment of any Complaint to add any additional Defendant(s) relates back, under Fed.R.Civ.P.15(c), to the filing date of the original Complaint in that civil action subject to the Tolling Period as described below.

## DISCUSSION

### I. Access to the ARCOS Data Prior to Amendment Will Aid the Litigation

On April 11, 2018, the Court entered an *ARCOS Data Order* ordering the production of ARCOS data for the Six States designated in CMO 1 (docket no. 233). On May 8, 2018, the Court entered a *Second Order Regarding ARCOS Data* (docket no. 397) ordering production of the ARCOS data for all of the States and Territories. The Court found that access to the ARCOS data allowed "both the litigation and the settlement tracks of this MDL to proceed on meaningful, objective data, not conjecture or speculation." (*id.*). Among other things, such access has allowed Plaintiffs both to identify previously-unknown entities involved in the manufacturing and distribution of opioids and to identify improperly-named Defendants (*id.*). Access and analysis of the ARCOS data is essential to the evidence-based pleading of claims in the MDL.

CMO 1 sets out that Plaintiffs whose cases are not designated in paragraphs 2 or 3 of CMO 1 may file amended pleadings with leave of Court by May 25, 2018. (docket no. 232). At its May 10, 2018 hearing, the Court noted that "plaintiffs are not under any imminent deadline to amend their complaints . . ." Hearing Tr. at 11, and affirmatively requested that Plaintiffs' counsel in the cases not set for trial <u>not</u> to seek access to the ARCOS data to add or delete defendants at this time. (*see* id.). Plaintiffs now request that the Court formalize its request into a stay of filings seeking to add defendants to existing cases.

The production of the ARCOS data for all the States and Territories as required under the *Second Order Regarding ARCOS Data* (docket no. 397), is to take place on or before May 25, 2018. As analysis of that data takes time, Plaintiffs who amend on or before May 25, 2018, will not benefit from the analysis and review of the data. Staying the May 25, 2018 due date for amendment without leave of Court will reduce premature or duplicative amendments. To clarify the CMO 1 stay, Plaintiffs request that further motions to amend and complaint amendments, other than as to those actions named in CMO 1, are stayed until there has been an opportunity, in due course and without disrupting the preparation of bellwether cases for trial, for Plaintiffs to review and analyze ARCOS data under the guidance and with the assistance of the Plaintiffs' Executive Committee.

Thus, Plaintiffs request that in keeping with its May 10th statements, this Court should clarify CMO 1 to provide a stay of all filings seeking to add defendants to existing cases.

## II. A Rebuttable Presumption for Equitable Tolling

An additional measure which would aid the progress of the MDL would be an Order that creates a rebuttable presumption of tolling with regard to Fed.R.Civ.P.15(c) so Plaintiffs can take adequate time to analyze the ARCOS and other data without fear of missing statutes of limitation that have not otherwise run.

Plaintiffs additionally request that the Court order that for any civil action which is now part of the MDL Proceedings (as defined in CMO 1 at ¶1.a), or which later becomes part of the MDL Proceedings, the amendment of any Complaint to add any additional Defendant(s) and which alleges claims arising from the facts and circumstances related to the manufacture, marketing, distribution, and/or sale of

3

prescription opioids against such additional Defendant(s), there is a rebuttable presumption that it relates back, under Fed.R.Civ.P.15(c), to the filing date of the original Complaint in that civil action.

> Rule 15 provides that an amendment relates back when:
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The provisions of Rule 15 and the unique factual situation in these MDL Proceedings merit the application of equitable tolling for these cases. "Equitable tolling has two requirements: (1) petitioner must establish 'that he has been pursuing his rights diligently. And [(2)], the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *North v. County of Cuyahoga,* No. 1:15-CV-1124, 2017 WL 3065502, at *9 (N.D. Ohio July 19, 2017) (internal citations omitted).

Plaintiffs in the non-trial cases filed in the MDL have not sat on their rights but rather are in the extraordinary circumstance of being prevented from identifying additional defendants because they have not had sufficient time to access to the ARCOS database. Plaintiffs are diligently pursuing their rights, but the analysis of the ARCOS data is not instantaneous. The delay in identifying potential defendants is a

4

direct result of the extensive research efforts Plaintiffs are undertaking specifically to accurately determine which defendants to make party to each of their actions.

The potential Defendants who later receive notice of their addition to these actions will not be prejudiced in defending on the merits because should have on constructive, if not actual, notice of this litigation. Many such Defendants have a parent, subsidiaries, or sister companies who have been sued in this litigation, who share counsel, or who are registrants distributing opioids under the Controlled Substances Act and who are therefore included in the ARCOS. Thus, the Court should presume and order that the relation back of any such amendments is appropriate and will not prejudice the newly added Defendant(s), unless any defendant(s) rebut(s) that presumption. Such Defendant(s) should be on notice of the MDL Proceedings, the opioid epidemic, and the potential claims against Defendant(s), though certain factors, including the confidential nature of the ARCOS database, have delayed or prevented the ability of the Plaintiffs in the MDL Proceedings to identify all Defendants to their civil actions. While this constructive notice is sufficient, *North v. Cty. of Cuyahoga*, *supra*, Plaintiffs will make a good faith effort to mail a copy of the requested order on all manufacturers and distributors of opioids identified in the ARCOS data at the addresses contained therein.

Plaintiffs request that the Court enter the attached Proposed Order to toll, as a rebuttable presumption, based on the considerations and needs of the MDL Proceedings and pursuant to Rule 15, all potentially applicable statutes of limitations, statutes of repose, time-related defenses, other periods governing the filing and pursuit of claims, and any notices required to be given in order to preserve rights to claims,

whether statutory, contractual, or otherwise, and whether at law, in equity, or otherwise, in any jurisdiction, which may fix or limit the period within which a claim may be brought (collectively, "the Time-Based Defenses") which are or may be applicable to any claim arising from the facts and circumstances related to the manufacture, distribution, and/or sale of prescription opioids and the duties relative to those activities which any Plaintiff or prospective Plaintiff might assert in the current or future civil actions in the MDL Proceedings.

Plaintiffs propose a Tolling Period for each Defendant and potential Defendant shall begin on the *earliest* of the following dates:

(1) the date on which the Defendant or potential Defendant was first named in a civil action which is now, or will become, part of the MDL Proceedings;

(2) December 5, 2017, the date on which the United States Judicial Panel on Multidistrict Litigation entered the initial Transfer Order in the MDL Proceedings; or

(3) the date the original complaint was first filed.

The Tolling Period shall extend until 60 days after the Court lifts this Order. The requested relief would not affect or alter any Time-Based Defense, or similar time limitation, that has already expired as of the beginning of the Tolling Period.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Proposed Order accompanying this motion in order to 1) stay the May 25, 2018 due date for Plaintiffs to file amended pleadings without leave of Court, so that Plaintiffs may review the ARCOS and other data; and 2) create a rebuttable presumption the

6

amendment of any Complaint to add any additional Defendant(s) relates back, under Fed.R.Civ.P.15(c) and the doctrine of equitable tolling, as described above for any civil action which is now part of the MDL Proceedings or which later becomes part of the MDL Proceedings.

Dated:  May 23, 2018            Respectfully submitted,

By: *s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*pweinberger@spanglaw.com*
*Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

s/Peter H. Weinberger
Peter H. Weinberger

*Plaintiffs' Co-Liaison Counsel*