UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) CASE NO. 17-md-2804 <br> ) <br> ) JUDGE POLSTER <br> ) <br> ) <br> ) |

**[PROPOSED] ORDER REGARDING RELATION BACK AND TOLLING**

In Case Management Order Number 1 (docket no. 232) ("CMO 1"), the Court created a "litigation track" to conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. The Court finds those same interests would be served by this Order Regarding Relation Back and Tolling ("Order"). Thus, the Court hereby **GRANTS** Plaintiffs' Motion for Modification of CMO 1 Regarding Relation Back and Tolling to provide Plaintiffs with a reasonable opportunity to obtain and analyze the ARCOS data before deciding whether to amend their complaints.

On April 11, 2018, the Court entered an *ARCOS Data Order* ordering the production of the ARCOS data for the Six States designated in CMO 1 (docket no. 233). On May 8, 2018, the Court entered a *Second Order Regarding ARCOS Data* (docket no. 397) for all of the States and Territories. The Court found that access to the ARCOS data allows "both the litigation and the settlement tracks of this MDL to proceed on meaningful, objective data, not conjecture or speculation." (*id.*). Among other things, such access has allowed Plaintiffs both to identify previously-unknown entities involved

in the manufacturing and distribution of opioids and to identify improperly-named defendants (*Id.*).

Accordingly, the Court **ORDERS** that the deadline set out in CMO 1 ¶ 6.b, and in the Court's May 3, 2018 Order regarding CMO 1, requiring Plaintiffs whose cases are not designated in paragraphs 2 or 3 of CMO 1 to file amended pleadings without leave of Court by May 25, 2018, is expressly stayed.  The stay regarding these cases instituted by CMO 1 and the May 3, 2018 Order shall remain in place, and the Plaintiffs in these cases shall be provided a later opportunity to amend without leave of Court.

As ordered earlier, this stay does not limit the rights of any MDL Plaintiffs to access the ARCOS data when it can reasonably made available by the PEC or to access any other documents and information produced or generated through the discovery process, subject to this Court's Protective Order(s).  This stay will provide the PEC with the opportunity to analyze and organize the ARCOS to promote an orderly, considered, and economical amendment process that will not conflict with the deadlines in CMO 1.

The Court hereby **ORDERS** that, as to any civil action which is now part of the MDL Proceedings (as defined in CMO 1 at ¶1.a), or which later becomes part of the MDL Proceedings, the amendment of any Complaint to add any additional Defendant(s) and which alleges claims arising from the facts and circumstances related to the manufacture, marketing, distribution, and/or sale of prescription opioids against such additional Defendant(s), there is a rebuttable presumption that it relates back, under Fed.R.Civ.P.15(c), to the filing date of the original Complaint in that civil action.

This Order tolls as a rebuttable presumption, based on the considerations set forth in this Order, and pursuant to Rule 15's relation back principles, all potentially applicable statutes of limitations, statutes of repose, time-related defenses, other periods governing the filing and pursuit of claims, and any notices required to be given in order to preserve rights to claims, whether statutory, contractual, or otherwise, and whether at law, in equity, or otherwise, in any jurisdiction, which may fix or limit the period within which a claim may be brought (collectively, "the Time-Based Defenses") which are or may be applicable to any claim arising from the facts and circumstances related to the manufacture, distribution, and/or sale of prescription opioids and the duties related to those activities which any Plaintiff or prospective Plaintiff might assert in the current or future civil actions in the MDL Proceedings.

The Court **FINDS** the factual situation in this unique set of circumstances meets the high bar for equitable tolling. "Equitable tolling has two requirements: (1) petitioner must establish that he has been pursuing his rights diligently. And [(2)], the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *North v. County of Cuyahoga,* No. 1:15-CV-1124, 2017 WL 3065502, at *9 (N.D. Ohio July 19, 2017) (internal citations omitted). Plaintiffs in the non-trial cases filed in the MDL have diligently pursued their rights but are in the extraordinary circumstance of being prevented from identifying additional Defendants because they have not had sufficient time to access to the ARCOS database.

The Court further **FINDS** that the relation back of any such amendments will not prejudice the potential Defendant(s). The potential Defendant(s), whose parent, subsidiaries, or sister companies have been sued in this litigation, who share counsel,

or who are registrants distributing opioids under the Controlled Substances Act and who are therefore included in the ARCOS database, however, should have on constructive, if not actual, notice of this litigation.  Such Defendant(s) should be on notice of the MDL Proceedings, the opioid epidemic, and the potential claims against defendant(s), though certain factors, including the confidential nature of the ARCOS database, have delayed or prevented the ability of the Plaintiffs in the MDL Proceedings to identify all Defendants to their civil actions.  Thus, the Court will presume that the relation back of any such amendments is appropriate and will not prejudice the newly added Defendant(s), unless any Defendant(s) rebut(s) that presumption.

While the Court **FINDS** that this constructive notice is sufficient, *North v. Cty. of Cuyahoga, supra*, the Court Orders Plaintiffs to make a good faith effort to mail a copy of this Order to all manufacturers and distributors of opioids identified in the ARCOS data at the addresses contained therein.

The Tolling Period for each Defendant and potential Defendant shall begin on the *earliest* of the following dates:

(1) the date on which the Defendant or potential Defendant was first named in a civil action which is now, or will become, part of the MDL Proceedings or

(2) December 5, 2017, the date on which the United States Judicial Panel on Multidistrict Litigation entered the initial Transfer Order in the MDL Proceedings or

(3) the date the original complaint was first filed.

5

The Tolling Period shall extend until 60 days after the Court lifts this Order. This Order does not affect or alter any Time-Based Defense, or similar time limitation, that has already expired as of the beginning of the Tolling Period.

 

_____
HON. DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

Dated: _____