UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>Case No. 17-op-45004<br><br>*City of Cleveland, Ohio*, et al. *v. AmerisourceBergen Drug Corp.*, et al.,<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF RITE AID CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Rite Aid Corporation ("RAC") respectfully moves this Court to dismiss Plaintiffs'[1] claims against RAC for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2).

**PRELIMINARY STATEMENT**

Plaintiffs' Complaints assert claims against RAC for the wholesale distribution of prescription opioids in two Ohio counties, but RAC—which is merely a holding company—does not distribute prescription opioids or any other pharmaceutical in these counties or anywhere else. Plaintiffs' claims do not arise from RAC's limited activities as a holding company, and

---

[1] The Plaintiffs are: the entities listed in paragraph one, footnote one of the Second Amended Complaint and Jury Demand filed by the County of Summit, Ohio, *et al.* (the "Summit Plaintiffs") on May 18, 2018 (the "Summit Complaint"); the entities listed in paragraph one of the Second Amended Complaint filed by the County of Cuyahoga, Ohio, *et al.* (the "Cuyahoga Plaintiffs") on May 18, 2018 (the "Cuyahoga Complaint"); and the entities listed in paragraph one of the Second Amended Complaint filed by the City of Cleveland, Ohio, *et al.* (the "Cleveland Plaintiffs") on May 18, 2018 (the "Cleveland Complaint"). The Summit Plaintiffs, Cuyahoga Plaintiffs, and Celeveland Plaintiffs are referred to collectively as "Plaintiffs."

RAC does not continuously and systematically conduct business in Ohio. Accordingly, the Court lacks personal jurisdiction over RAC.

## FACTS AND PROCEDURAL HISTORY

At the May 2, 2018 status conference, Plaintiffs represented to the Court that they needed to file the Second Amended Complaints to conform them (specifically, the named defendants) to information they had discovered in the ARCOS data. The Court presumably granted Plaintiffs' request based on this representation. Plaintiffs filed their Second Amended Complaints on May 18, 2018, in which they substituted RAC as a defendant in place of Rite Aid of Maryland, Inc. (d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.), which had been named as a defendant in the First Amended Complaints. But the ARCOS database identifies "Rite Aid Mid-Atlantic"—not RAC—as a distributor of opioids in Ohio. Thus, when Plaintiffs replaced Rite Aid of Maryland, Inc. with RAC in their Second Amended Complaints, they did the opposite of what they told the Court they planned to do.

RAC is grouped with the other alleged "Distributor Defendants" in the Complaints. Summit Compl. ¶ 127; Cleveland Compl. ¶ 96; Cuyahoga Compl. ¶ 95. Plaintiffs state that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law." Summit Compl. ¶ 107; Cleveland Compl. ¶ 81; Cuyahoga Compl. ¶ 81. Specifically, RAC is alleged to have "distributed prescription opioids throughout the United States, including in Ohio." Summit Compl. ¶ 124; Cleveland Compl. ¶ 92; Cuyahoga Compl. ¶ 91.

Contrary to the Complaints' allegations, RAC does not manufacture, distribute, or dispense opioids in Ohio or elsewhere. *See* Declaration of Ron. S. Chima ("Chima Decl.") ¶ 4. Instead, RAC is a holding company, with no operations other than those related to its status as a

holding company. *Id.* ¶ 4. RAC has no offices, facilities, assets, income, employees, or operations in Ohio. *Id.* ¶ 4. RAC is organized under the laws of Delaware and has its principal place of business in Pennsylvania. *Id.* ¶ 3. RAC is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency. *Id.* ¶ 5. While RAC has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities. *Id.* ¶ 6. RAC does not have any direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids. *Id.* ¶ 6.

## LEGAL STANDARD

Plaintiffs have the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). In response to a motion to dismiss, a plaintiff "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## ANALYSIS

Personal jurisdiction over RAC exists only if Plaintiffs can demonstrate that Ohio's long-arm statute has been satisfied and if the exercise of personal jurisdiction would not deny RAC due process. *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012). Plaintiffs can satisfy neither requirement.

**A. RAC is not amenable to service of process under Ohio's long-arm statute.**

The Sixth Circuit has recognized that Ohio's long-arm statute "does not extend to the constitutional limits of the Due Process Clause." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Instead, the statute permits the exercise of personal jurisdiction over

3

persons who commit certain, specified acts in Ohio, such as "[t]ransacting any business," "[c]ontracting to supply services or goods," or "[c]ausing tortious injury by an act or omission." OHIO REV. CODE § 2307.382(A).  RAC has not satisfied any of these predicates.

Plaintiffs appear to allege that the long-arm statute applies to RAC based on their allegations that the Distributor Defendants distributed prescription opioids in Ohio and thus transacted business in Ohio, supplied goods in Ohio, and/or caused injury in Ohio.  *See* Summit Compl. ¶ 26; Cleveland Compl. ¶ 25; Cuyahoga Compl. ¶ 25.  But RAC is a holding company, not an operating company.  Chima Decl. ¶ 4.  RAC did not distribute prescription opioids (in Ohio or elsewhere) and does not direct, manage, or supervise the operations or employees of its subsidiaries that distribute prescription opioids.  *Id.* ¶¶ 4, 6.  As a holding company, RAC has no real business operations at all, and it has no relevant contacts with Ohio.  *Id.* ¶ 4.  Accordingly, Plaintiffs cannot establish that jurisdiction over RAC is proper under Ohio's long-arm statute.

  **B.** **The Due Process Clause prohibits the exercise of jurisdiction over RAC**.

Even if the Ohio long-arm statute would permit the exercise of personal jurisdiction over RAC, the Federal Due Process Clause prohibits it.  The Due Process Clause permits two types of personal jurisdiction: (1) general jurisdiction, where the cause of action does not arise from the defendant's contacts with the forum state; and (1) specific jurisdiction, where the cause of action arises from the defendant's contacts with the forum state.  *Conn*, 667 F.3d at 712–13.  This Court can exercise neither type of jurisdiction over RAC.

    **1.** **This Court cannot exercise general jurisdiction over RAC**.

Plaintiffs do not allege that general jurisdiction over RAC would be proper.  Summit Compl. ¶ 26; Cleveland Compl. ¶ 25; Cuyahoga Compl. ¶ 25.  Nor could they.  RAC is a Delaware corporation with its principal place of business in Pennsylvania.  Chima Decl. ¶ 3.

4

RAC has no offices, facilities, assets, income, employees, or operations in Ohio.  *Id.* ¶ 4.  There is no ground whatsoever to subject RAC to general jurisdiction in Ohio.

Corporations are subject to general jurisdiction only where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business.  *Id.*  Ohio is neither RAC's state of incorporation nor its principal place of business and thus general jurisdiction does not exist.  *See id.* at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state); *Conn*, 667 F.3d at 718–19.  There is no allegation—much less evidence—that would permit this Court to exercise general jurisdiction over RAC.

### 2. This Court cannot exercise specific jurisdiction over RAC.

Specific jurisdiction exists only where the cause of action arises out of the defendant's contacts with the forum state.  *Conn*, 667 F.3d at 712–13.  The Due Process Clause permits the exercise of specific jurisdiction only when: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises of out the defendant's activities in the forum; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable.  *Id.* at 713; *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).

Plaintiffs' claims do not arise out of RAC's activities within Ohio.  Indeed, the claims do not arise from RAC's activities at all.  RAC engages in only limited activities relating to its status as a holding company.  Chima Decl. ¶ 4.  RAC did not avail itself of the privileges of acting in Ohio and cannot be said to have any connection at all to the state, where it has no property, assets, employees, income, or operations, and in which it conducts no business.  *Id.* ¶ 4.

5

*see also Garlock v. Ohio Bell Tel. Co. Inc.*, No. 1:13CV02200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014) (finding no specific jurisdiction over AT&T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it was AT&T Inc.'s subsidiaries and affiliates that are conducting business in Ohio, not AT&T Inc. itself"); *Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 WL 12571407, at *7 (S.D. Ohio Sept. 16, 2014).

Plaintiffs allege that RAC "through its various DEA registrant subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor."  Summit Compl. ¶ 124; Cleveland Compl. ¶ 92; Cuyahoga Compl. ¶ 91.  But these allegations ignore the fact that RAC is a separate and distinct company from its subsidiaries.  Chima Decl. ¶ 6.  Specific jurisdiction over a parent company based on a subsidiary's contacts with the forum state requires an extraordinary showing that "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Estate of Thomas v. Toyota Motor Corp.*, 545 F.3d 357, 362 (6th Cir. 2008).  Plaintiffs have not alleged—and could not allege—any facts to support such a finding here.  As a result, Plaintiffs cannot overcome the general presumption that "[a] parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007).  Accordingly, Plaintiffs cannot establish that jurisdiction over RAC is proper under either the Ohio long-arm statute or the Due Process Clause.

## CONCLUSION

For the foregoing reasons, RAC respectfully requests that the Court dismiss the claims against it with prejudice.

| | |
|---|---|
| Date: May 25, 2018 | Respectfully submitted,<br><br>*/s/ Elisa P. McEnroe*<br>Elisa P. McEnroe, Esq.<br>elisa.mcenroe@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>T: 215-963-5917<br>F: 215-963-5001<br><br>Kelly A. Moore, Esq.<br>kelly.moore@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>T: 212-309-6612<br>F: 212-309-6001<br><br>*Counsel for Rite Aid Corporation* |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing memorandum complies with the page limitations of LR 7.1(f) (for complex cases) and those set by the Court.

/s/ *Elisa P. McEnroe*
Elisa P. McEnroe
