# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**This document relates to:**<br><br>*Broward County, Florida v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45332 (N.D. Ohio);<br><br>*Cabell County Commission, West Virginia v. AmerisourceBergen Drug Corp., et al.,* Case No. 17-OP-45053 (N.D. Ohio); and<br><br>*County of Monroe, Michigan v. Purdue Pharma L.P., et al.,* Case No. 18-OP-4515 (N.D. Ohio). | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster<br><br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINTS** |

Pursuant to Federal Rule of Civil Procedure 15, in light of this Court's Case Management Orders, and at the direction of Special Master David Cohen, Plaintiffs Broward County, Florida, Cabell County, West Virginia, and Monroe County, Michigan, (collectively, "Plaintiffs") respectfully submit this Motion for Leave to File Second Amended Complaints.

## INTRODUCTION

Plaintiffs' request is straightforward and modest. Plaintiffs seek to file Second Amended Complaints, both in unredacted form under seal and in redacted form, in order to: (1) to clarify and to correct the names of certain defendants; (2) to add defendants discovered through further analysis of the ARCOS data; (3) correct errors; and (4) to apply agreed upon redactions requested by Defense Counsel. As set forth more fully below, there is good cause for permitting the amendments. Therefore, the Court should grant Plaintiffs' Motion for Leave to File Second Amended Complaints.

-1-

1564785.1

## ARGUMENT

In Case Management Order Number 1 (docket no. 232) ("CMO 1") and amended in Case Management Order Number 4 (docket no. 485) ("CMO 4"), the Court created a "litigation track" to conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation.

The liberal approach to pleading under the Federal Rules of Civil Procedure provides that a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2); *See Foman v. Davis*, 371 U.S. 178 (1962). "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Troxel Mfg. Co. v. Schwinn Bicycle Co*., 489 F.2d 968, 970 (6th Cir. 1973) (quoting *Foman*, 371 U.S. at 182); *see also* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1484 (3d ed. 2015) (Leave to amend "will normally be granted" as long as, on "examin[ation of] the effect and the timing of the proposed amendments," the court finds no "prejudice [to] the rights of any of the other parties to the suit.").

Here, there has been no undue delay, bad faith, or dilatory motive.  To the contrary, Plaintiffs file this motion to amend pursuant to CMO 1 and 4 and at the direction of the Special Master.  This litigation is still in the initial stages. As such, no prejudice will exist to any party.

The alterations to defendants' names and addition of parties is a direct result of the analysis  of the ARCOS data recently provided and additional research Plaintiffs have conducted.  While  further analysis is needed to fully examine the ARCOS data, Plaintiffs

were able to identify additional defendants based on this incomplete review. The corrections, which have been reviewed and culled by Defense Liaison Counsel to delete substantive changes, are agreed upon. Similarly, the redactions have been negotiated and agreed upon by Defense Liaison Counsel as well.

Plaintiffs file this motion to amend after diligently pursuing their rights. Plaintiffs have made every effort to identify the entities responsible for the harm to their respective counties caused by the opioid epidemic. The complex structure of the Defendants' organizations made the naming the proper parties difficult, but because they are all indeed members of the same corporate structure, no prejudice would befall Defendants if these new divisions and/or subsidiaries are added now.

Second, the amendment would not be futile because the cause of actions have not been changed, simply the names of some of the Defendants' other divisions and/or related entities have been included.

Finally, this amendment should be allowed to relate back to the date of the initial pleading because pursuant to Fed. R. Civ. P. 15(c), the Plaintiffs are simply including additional divisions and/or subsidiaries of the parties who were already named in First Amended Complaint. The additional defendants were on notice of this action and thus would not be prejudiced in defending on the merits. The other parties knew or should have known the action would have been brought against them, but for a mistake concerning the parties' proper identities. Fed. R. Civ. P. 15(c)(1)(C).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Motion for Leave to File Second Amended Complaints be granted.

1564785.1

DATED: May 29, 2018  Respectfully submitted,

By: */s/ Elizabeth J. Cabraser*
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
ELIZABETH J. CABRASER
MARK P. CHALOS
PAULINA DO AMARAL
KENNY S. BYRD
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 212/355-9500
ecabraser@lchb.com
mchalos@lchb .com
pdoamaral@lchb.com
kbyrd@lchb.com

*Attorneys for Broward County*

By: */s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &
  LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*pweinberger@spanglaw.com*

*Plaintiffs' Co-Liaison Counsel*

By: */s/ Paul Geller*
ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
FL BAR NO. 984795
MARK J. DEARMAN
FL BAR NO. 982407
AELISH M. BAIG
DOROTHY P. ANTULLIS
FL BAR NO. 890421
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: 561/750-3000
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
abaig@rgrdlaw.com
dantullis@rgrdlaw.com

*Attorneys for Broward County, Florida and Monroe County, Michigan*

By: */s/ Anthony J. Majestro*
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com
Peter J. Mougey
Troy Rafferty
Page A. Poerschke
Laura S. Dunning
Neil E. "Ned" McWilliams
Jeffrey Gaddy

*Attorneys for Cabell County, West Virginia*

By: */s/ Laura Dunning*
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
nmcwilliams@levinlaw.com
jgaddy@levinlaw.com

*Attorneys for Cabell County, West Virginia*

1564785.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.

*/s/Elizabeth Cabraser*

Elizabeth Cabraser

*Attorney for Plaintiff Broward County, Florida*

1564785.1