UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | CASE NO.: 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | JUDGE DAN A. POLSTER |
| ALL CASES | |

**MOTION FOR LEAVE TO FILE MSP PLAINTIFFS' MOTION FOR APPOINTMENT TO A POSITION ON THE PLAINTIFFS' EXECUTIVE COMMITTEE**

Plaintiffs, MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC and MAO-MSO Recovery II, LLC (collectively, "the MSP Plaintiffs"), on behalf of themselves and a class of similarly-situated entities and their assignees, by and through undersigned counsel, respectfully move for leave to file a Motion for Appointment to a Position on the Plaintiffs' Executive Committee. In support, the MSP Plaintiffs state as follows:

1. The MSP Plaintiffs filed two separate, but similar, class action complaints that are now pending before this Court: *MSP Recovery Claims, Series LLC v. Purdue Pharma, L.P., et al.*, Case No.: 1:18-OP-45091 (N.D. Ohio); and *MSPA Claims 1, LLC, et al. v. Anda, Inc., et al.,* Case No.: 1:18-OP-45526 (N.D. Ohio).  The MSP Plaintiffs and putative class members have the unique position of being "**payors of last resort**" in that they stand in the same shoes as their respective state Medicaid agencies ("PLR Class"). [1] This class of Plaintiffs may be the largest in the litigation,

---

[1] Medicaid, as used herein, means the joint federal-state medical assistance program authorized by Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq.  Under the federal scheme, Medicaid is intended to be the "payor of last resort." *See* Federal Register, Vol. 81, No. 88, 27498 through 27901, 27769 (May 6, 2016).  Title XIX of the Act requires state Medicaid agencies to identify and seek payment from liable third parties, before billing Medicaid.

will have a profound effect on many other cases in the litigation, and has absolutely no adequate representation whatsoever on the Plaintiffs' Executive Committee.

2. As "payors of last resort," the MSP Plaintiffs and PLR Class are in a separate class of plaintiffs with significantly distinct rights of recovery from the Third-Party Payors, Hospital, and Governmental Entity plaintiffs, that are currently represented by the Plaintiffs' Co-Leads, Co-Liaisons, and Plaintiffs' Executive Committee. Based on the current composition of the Plaintiffs' leadership structure, however, the MSP Plaintiffs and PLR Class are not being adequately and appropriately represented on the Plaintiffs' Executive Committee and/or on the Plaintiffs' settlement negotiating team approved by this Court. *See* January 4, 2018 Order (docket no. 37), granting Plaintiffs' Renewed Motion to Approve Co-Leads, Co-Liaisons and Executive Committee (docket no. 34).

3. Moreover, the MSP Plaintiffs and PLR Class's claims for damages are potentially adverse to some of the claims for damages being asserted by the State Attorneys General and other Governmental Entity plaintiffs to the extent they are seeking reimbursement for opioid-related health care and services paid on behalf of Medicaid beneficiaries that were actually paid for by the MSP Plaintiffs and PLR Class. The sheer size of the MSP Plaintiffs PLR Class and their extensive rights of recovery under the mandatory Medicaid managed care systems implemented by many states, could potentially encompass and override a substantial portion of the damages being sought by the State Attorneys General and Governmental Entity plaintiffs.

4. As set forth in greater detail in the proposed Motion for Appointment to a Position on the Plaintiffs' Executive Committee, the MSP Plaintiffs and PLR Class are an indispensable and critically important stakeholder in this litigation and will play a pivotal role in any potential global resolution of this matter.

5. The MSP Plaintiffs, by and through undersigned counsel, directly raised these concerns with the Plaintiffs' leadership and Special Masters. Having received no formal response, the MSP Plaintiffs and PLR Class are left with no choice but to file the proposed Motion and seek the Court's intervention.

6. Pursuant to ¶ 6(g) of CMO-1 (docket no. 232), the MSP Plaintiffs and PLR Class respectfully request that this Court enter an Order granting leave to file the proposed Motion for Appointment to a Position on the Plaintiffs' Executive Committee.

7. A proposed Order is attached as **Exhibit A** and the proposed Motion for Appointment to a Position on the Plaintiffs' Executive Committee is attached as **Exhibit B**.

DATED this 1st day of June, 2018.

    Respectfully submitted,

    *Attorney for Plaintiffs, MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC and MAO-MSO Recovery II, LLC*

    By: */s/ James L. Ferraro*
    James L. Ferraro, Esq.
    Florida Bar No.: 381659
    Ohio Bar No.: 0076089
    Janpaul Portal, Esq.
    Florida Bar No.: 0567264
    James L. Ferraro, Jr., Esq.
    Florida Bar No.: 107494
    **THE FERRARO LAW FIRM, P.A.**
    Brickell World Plaza
    600 Brickell Avenue
    38th Floor
    Miami, Florida 33131
    Telephone: (305) 375-0111
    Facsimile: (305) 379-6222
    Email:  jlf@ferrarolaw.com
           jpp@ferrarolaw.com
           jjr@ferrarolaw.com

    **AND**

        John H. Ruiz, Esq.
Florida Bar No.: 928150
Frank C. Quesada, Esq.
Florida Bar No.: 29411
**MSP Recovery Law Firm**
5000 S.W. 75th Avenue, Suite 300
Miami, Florida 33155
Telephone: (305) 614-2239
Email:	jruiz@msprecovery.com
	fquesada@msprecovery.com
	serve@msprecovery.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, I electronically filed the foregoing document with the Clerk for the United States District Court, Northern District of Ohio. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ James L. Ferraro*
James L. Ferraro, Esq.
