# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | |
| ALL CASES | Judge Dan Aaron Polster |

## RESPONSE TO PLAINTIFFS' MOTION FOR MODIFICATION OF CMO-1 REGARDING RELATION BACK AND TOLLING

Defendants respectfully file this response to Plaintiffs' motion for modification of Case Management Order One (Dkt. 232) ("CMO-1").[1]  Plaintiffs contend that due to the need to review and analyze the ARCOS database, they were unable to satisfy the May 25 deadline to file amended pleadings in cases not designated in paragraphs 2 or 3 of CMO-1.  Mot. (Dkt. 487) at 2.  Plaintiffs seek three forms of relief: (1) a "stay" of the deadline to file amended pleadings; (2) an order creating a "rebuttable presumption that [any amendment] relates back, under [Rule] 15(c), to the filing date of the original Complaint," Mot. at 3; and (3) "the application of equitable tolling," Mot. at 4.

With respect to the first request, an extension of the May 25 deadline to a specific date—but not the indefinite "stay" sought by Plaintiffs—is generally unobjectionable.[2]  If this Court

---

[1] This response is submitted on behalf of all manufacturer, distributor, and chain pharmacy defendants that have appeared in any case in this MDL proceeding to date.

[2] We understand that Plaintiffs' request for a stay of the amendment deadline applies only to those cases not identified in paragraphs 2 or 3 of CMO-1.  To the extent Plaintiffs are seeking the broader relief suggested in one part of the motion requesting "a stay of all filings seeking to add defendants to existing cases," Mot. at 3, Defendants object to that request, particularly with respect to cases in which dispositive motions are pending.  To ensure that the litigation track continues to progress,

concludes that due to the timing of the production of the ARCOS data, it is necessary to extend the May 25 deadline, then the appropriate order would be a limited extension (rather than "stay") of the deadline to file amended pleadings.  Forty-five days would be an appropriate extension.  *Cf.* Dkt. 418 (May 10 Hr'g Tr.) at 10–11 (Mr. Rice: "[I]t would be helpful if we had some indication from the Court that we could have 30, 45 days to report back to the Court and not have people bombard us for wanting the data until our team can get it into workable shape.").

The second and third requests are extraordinary and unwarranted.  They should be denied.  The relief sought by Plaintiffs goes far beyond relief related to the ARCOS data and far beyond what the Federal Rules of Civil Procedure and controlling Sixth Circuit cases permit.  Plaintiffs ask this Court to create a "Tolling Period" that would extend all "time-related defenses" for all claims in any civil actions now (or which later become) part of the MDL Proceedings.  But Plaintiffs fail to even attempt to demonstrate that the requirements for any tolling, relation back, or other doctrine are satisfied for any specific claim in any specific case, much less for all claims in all cases.  Plaintiffs offer neither authority nor justification for such extraordinary relief.  There is none.

With respect to both future amendments and Defendants added after the filing of the original complaint—some as recently as May 18, 2018—the request for a "rebuttable presumption that [an amended complaint to add additional defendants] relates back, under Fed.R.Civ.P.15(c), [sic]" Mot. at 4, is contrary to black-letter law, which places the burden of proof regarding relation back squarely with the moving party.  More fundamentally, Plaintiffs' arguments are inconsistent with Rule 15(c), which "allows the correction of misnomers, but not the addition or substitution

---

this Court should rule on dispositive motions in the cases identified in paragraphs 2 and 3 of CMO-1 and not permit any additional amendment in those cases.

of new parties." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991).

Nor can Plaintiffs demonstrate that they are entitled to equitable tolling of the statute of limitations, which requires a claim-specific, plaintiff-specific, and case-specific analysis. Plaintiffs erroneously treat equitable tolling as a matter of federal law, rather than state law, and they cite the wrong standard under federal law. Under the correct federal test for equitable tolling, which they fail to cite, Plaintiffs have failed to establish that they have exercised diligence in identifying potential defendants, and several of their filings suggests that they have not. Plaintiffs' request for a blanket ruling as to all parties and claims is nothing more than a transparent attempt to avoid their burden in any particular case.

Moreover, to the extent that they concern future amendments, both requests are premature. Plaintiffs ask this Court to enter an order affecting hypothetical future claims that might be asserted against parties not presently before the Court. Due process entitles these parties to notice and an opportunity to be heard.

This Court should, if necessary, extend the deadline for Plaintiffs to file amended pleadings by no more than 45 days, but deny all other relief sought.

## BACKGROUND

On April 11, 2018, this Court entered "Case Management Order One," which requires Plaintiffs to "file any amended pleading, including any amendment to add a party to a case, **no later than Friday, May 25, 2018**." CMO-1 (Dkt. 232) § 6(b) (emphasis in original).

The same day, this Court entered an "Order Regarding ARCOS Data," which required the Drug Enforcement Agency ("DEA") to produce ARCOS data for Ohio, West Virginia, Illinois, Alabama, Michigan, and Florida. Dkt. 233. On May 8, this Court entered a "Second Order

Regarding ARCOS Data," which required the DEA to produce its ARCOS data for all the states by May 25.  Dkt. 397.

At a hearing on May 10, co-lead counsel for Plaintiffs (Joe Rice) requested "some indication from the Court that we could have 30, 45 days to report back to the Court and not have people bombard us for wanting the data until our team can get it into workable shape."  Dkt. 418, at 11–12.  In response, this Court explained that "for those cases that aren't set now for trial, plaintiffs are not under any imminent deadline to amend their complaints" and that plaintiffs would not be barred from adding or subtracting defendants "if [they] don't get this ARCOS data in the next 30 days."  Dkt. 418, at 11–12.  Neither this Court nor any party raised the issue of the May 25 amendment deadline with respect to these comments.

Mr. Rice also noted "a concern about the statute of limitations issues and the concept of relation back to the original filings, as to the new parties."  Dkt. 418, at 12.  This Court asked the parties to "to try and work out that relation back issue" but offered to "get involved" if the parties could not agree.  Dkt. 418, at 12.

On May 23, Plaintiffs filed a motion asking the Court to "stay the May 25, 2018 due date" and requesting relief regarding the relation-back doctrine and equitable tolling.  Dkt. 487.

## ARGUMENT

### I.     This Court Should Consider the Potential Limited Extension—Not Stay—of the Amendment Deadline.

To the extent that this Court concludes that Plaintiffs need additional time to amend their complaints in light of the ARCOS data, this Court should consider extending the amendment deadline for a limited period.  A fixed deadline will ensure that the "litigation track" will continue to progress steadily, aiding in resolution of the legal issues.  *See* Dkt. 418, at 7 (transcript of report by Special Master Cohen, discussing the litigation track).  Based on the comments by Mr. Rice

quoted above, Defendants believe that 45 days would provide Plaintiffs with ample time to make any necessary amendments in light of the ARCOS data.

But Defendants object to the indefinite "stay" requested by Plaintiffs, which would eliminate any deadline for Plaintiffs to amend their complaints and removes any incentive for Plaintiffs to diligently review and incorporate the ARCOS data.

Consistent with this Court's CMO-1, to the extent that this Court concludes that Plaintiffs require extra time for amendment in light of the ARCOS data and provides them with extra time for amendment, the deadline should be extended for a specific period, not stayed indefinitely.

## II.    This Court Should Deny Plaintiffs' Other Requests.

Even if this Court extends the amendment deadline under the Case Management Order, Plaintiffs must act diligently because statutes of limitations continue to run on their claims.  In addition to seeking more time to amend—a reasonable request—Plaintiffs ask this Court to enter a sweeping order, affecting all "timing-related defenses" asserted in all cases.  Plaintiffs make no serious attempt to justify and cite no authority in support of such extraordinary relief.

### A.    Plaintiffs cannot establish that the relation-back doctrine should apply.

The relief requested with respect to the relation back doctrine is particularly improper. Plaintiffs cannot satisfy their burden to show that any amendments that have added (or will add) claims against additional defendants would relate back to the date of the original complaint.  Rule 15(c) provides:

> (1)    *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C)     the amendment changes the party or the naming of the party against
        whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if,
        within the period provided by Rule 4(m) for serving the summons
        and complaint, the party to be brought in by amendment:

        (i)     received such notice of the action that it will not be
                prejudiced in defending on the merits; and

        (ii)    knew or should have known that the action would have been
                brought against it, but for a mistake concerning the proper
                party's identity.

Fed. R. Civ. P. 15(c).

        Plaintiffs cannot establish that any new claims would relate back under Rule 15(c).  The

Sixth Circuit holds that "an amendment which adds a new party creates a new cause of action and

there is no relation back to the original filing for purposes of limitations."  *In re Kent Holland Die*

*Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*,

489 F.2d 1057, 1064 (6th Cir. 1973)).  Rule 15(c) "allows the correction of misnomers, but not the

addition or substitution of new parties."  *Id.* at 1450; *see also Cox v. Treadway*, 75 F.3d 230, 240

(6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the

statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity'

requirement . . . ."); *Asher v. Unarco Material Handling*, Inc., 596 F.3d 313, 318 (6th Cir. 2010)

("[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates

a new cause of action and there is no relation back to the original filing for purposes of

limitations.' ").

        Plaintiffs candidly admit that they are seeking to use the ARCOS data to "identif[y]

additional defendants," Mot. at 4—not to correct a "mistake concerning the proper party's

identity."  *See also id.* (noting the "delay in identifying potential defendants"); Mot. at 5

(acknowledging the inability of Plaintiffs to "identify all Defendants").  Plaintiffs cannot rely on

relation back under Rule 15(c) in their attempts to add claims against "additional defendants."

Plaintiffs "did not make a mistake about the identity of the parties [they] intended to sue." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). They simply did not know whom to sue." *Id.*; *see also Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 549 (6th Cir. 2016) (noting that the relationship back doctrine did not apply because the plaintiff "failed to establish that his lack of knowledge of [defendants'] identities was due to a 'mistake' "). By their own admission, Plaintiffs "did not know who [the proper defendants] were" before review of the ARCOS database. *Smith*, 476 F. App'x at 69. "The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Id.* (citing *Kent Holland Die Casting & Plating*, 928 F.2d at 1449–50) (emphasis in original).

Rule 15(c) thus offers no protection to Plaintiffs. To the extent that they identify new defendants through the ARCOS data, they cannot show that their lack of knowledge of these defendants' identities was due to a "mistake." There has been no misnomer and no mistake about the parties Plaintiffs intended to sue. According to Plaintiffs, they have simply not yet identified who the proper defendants might be. Rule 15(c) does not permit such amendments to relate back to the filing of the original complaint.

Nor have Plaintiffs satisfied their burden, under Rule 15(c)(1)(C)(i), to show that a defendant added in an amendment "received such notice of the action that it will not be prejudiced in defending on the merits." Making this determination would require receiving evidence and hearing argument—specific to that defendant and that action—regarding whether it will suffer prejudice. Plaintiffs contend that "[m]any such [newly-added] Defendants" have parents or subsidiaries who have been sued or should otherwise have received notice of the broader MDL proceeding. Mot. at 5. But this argument fails to establish that these hypothetical defendants "received such notice of the action that [they] will not be prejudiced in defending on the merits."

7

This speculation cannot substitute for evidence of the notice that any new defendant received regarding the action to which it has been added.[3]

Nor is a general awareness of "the MDL Proceedings, the opioid epidemic, and the potential claims against Defendant(s)," Mot. at 5, or participation as a defendant in other cases within the MDL, is insufficient to satisfy Rule 15(c)(1)(C)(ii)'s requirement that the newly added defendant "knew or should have known" it would be added in a particular action. *See Goodwin v. Summit Cty.*, 703 F. App'x 379, 383-84 (6th Cir. 2017) (holding that a defendant's knowledge of an action was insufficient for an amended complaint to relate back when the defendants did not know the plaintiff "intended to hold them individually liable").

Moreover, the form of relief that Plaintiffs request—a "rebuttable presumption that [an amended complaint to add additional defendants] relates back, under Fed.R.Civ.P.15(c), [sic]" Mot. at 4—would impermissibly shift the burden of proof regarding relation back. That is, rather than carrying their burden to prove that a new complaint relates back, Plaintiffs ask this Court to order that defendants must disprove relation back.

This request is contrary to black-letter law, which places the burden on Plaintiffs to prove that the requirements of Rule 15(c) have been satisfied. *See, e.g.*, *Cooper v. Montgomery County, Ohio*, 199 F. Supp. 3d 1189, 1197 (S.D. Ohio 2016) ("Plaintiff bears the burden of establishing relation back . . . ."), *Covey v. Assessor of Ohio County*, 666 F. App'x 245, 248 (4th Cir. 2016) ("[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied."); *Dodson v. Hillcrest Sec. Corp.*, 95 F.3d 52 (5th Cir. 1996)

---

[3] Indeed, for example, several new distributor defendants were recently added to the Summit County, OH case (including HBC Service Company, Henry Schein, Inc., and Henry Schein Medical Systems, Inc.) that, on information and belief, are not related to any other corporate party in the MDL (and have not yet entered an appearance in the litigation, despite the fact that motions to dismiss were filed in that case on May 25, 2018).

(holding that a plaintiff "had the burden of proof to rebut the statute of limitations grounds by relation back under Rule 15(c)"); *Cooper v. Montgomery County, Ohio*, 199 F. Supp. 3d 1189, 1197 (S.D. Ohio 2016) ("Plaintiff bears the burden of establishing relation back[.]").  No authority permits this Court to shift the burden of proof (or production) from Plaintiffs to Defendants by imposing a rebuttable presumption of relation back.  Plaintiffs' request for a "rebuttable presumption" regarding relation back should be denied.

   **B.**  **Plaintiffs fail to establish the propriety of equitable tolling.**

   Plaintiffs also ask this Court to hold that equitable tolling should apply to any claims asserted against additional defendants.  Mot. at 4-5.  To argue that equitable tolling is appropriate, Plaintiffs rely only on a single federal district court case.  Mot. at 4.  But state law—not federal law—applies to Plaintiffs' state-law claims: "As to . . . state-law claims, however, federal tolling doctrine does not apply; instead, claims arising under state law are governed by state tolling doctrine." *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017); *see also Orange v. Burge*, 451 F. Supp. 2d 957, 963 (N.D. Ill. 2006) ("State, rather than federal, doctrine of equitable tolling governs cases, where the statute of limitations is borrowed from state law.").  Any analysis of tolling must be determined under the specific state or federal tolling law applicable to each claim. For this reason alone, Plaintiffs have not met their burden and the motion should be denied.

   Nor could Plaintiffs establish a right to tolling under federal law.  "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).  The party seeking equitable tolling bears the burden of proving entitlement to it. *Robertson*, 624 F.3d at 784.

Under federal law, this Court should consider five factors to determine whether equitable tolling should apply in a civil matter:

(1) lack of notice of the filing requirement;

(2) lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the defendant; and

(5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (same); *McElfresh v. Comm'r of Soc. Sec.*, No. 17-3012, 2017 WL 6820168, at *2 (6th Cir. Sept. 15, 2017) (same).

Plaintiffs offer no argument regarding these factors.  They rely, instead, on the two-factor test for equitable tolling that applies in habeas cases.  *See* Mot. at 4 (quoting *North v. Cnty. of Cuyahoga*, No. 1:15-CV-1124, 2017 WL 3065502, at *9 (N.D. Ohio July 19, 2017)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (discussing the circumstances in which a habeas petitioner is entitled to equitable tolling under AEDPA).  The Sixth Circuit has expressly rejected the extension of the *Holland* test to equitable tolling of state-law claims.  *See Zappone v. United States*, 870 F.3d 551, 557 (6th Cir. 2017) (declining to adopt the *Holland* test for state law claims because, *inter alia*, "the Supreme Court has never expressly adopted the *Holland* test outside of the habeas context"); *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434–35 (6th Cir. 2013) ("Outside of the context of a habeas corpus suit, we look to the five-factor balancing test . . . to determine whether equitable tolling is appropriate.").  Standing alone, Plaintiffs' failure to address the correct test means that they have failed to satisfy their burden to establish that they are entitled to equitable tolling.

For example, Plaintiffs have failed to demonstrate that they have exercised diligence in seeking to identify potential defendants. Their motion recites only that they have not had sufficient time to access the ARCOS data. Mot. at 4. But they fail to address their diligence in filing suit and whether they acted diligently in using other methods to learn the identities of potential defendants. *Cf. Ruiz-Bueno v. Maxim Healthcare Servs., Inc.*, No. 2:14-CV-2548, 2015 WL 3743147, at *4 (S.D. Ohio June 15, 2015), *aff'd*, 659 F. App'x 830 (6th Cir. 2016) ("Plaintiffs argue that they worked diligently to discover who was responsible for Peterson's injury (death caused by inadequate medical care) but were incapable of discovering that Defendants (those tasked with providing Peterson's medical care) were responsible for Peterson's injuries, but this argument defies common sense. Plaintiffs had two years to discover Defendants' identities and file suit against them.").

Indeed, several Complaints allege that Defendants' misconduct has been ongoing since the 1990s. *See, e.g.*, City of Cleveland Am. Compl. ¶ 4 (alleging that "the push to expand opioid use began in the late 1990s"). Plaintiffs also cite enforcement actions filed against Defendants by federal and state governments as far back as 2007. *See, e.g.*, *id.* ¶¶ 43, 548, 555, 757. These filings demonstrate that Plaintiffs were on notice of their claims but chose not to pursue them earlier. At the very least, these admissions confirm that equitable tolling must necessarily be considered on a claim-by-claim, plaintiff-by-plaintiff, and defendant-by-defendant basis, particularly given the different state laws involved. *See, e.g.*, *Truitt*, 148 F.3d at 648 ("The propriety of equitable tolling must necessarily be determined on a case-by-case basis.").

Plaintiffs' request for a blanket ruling, at this time, regarding equitable tolling of all claims asserted against any existing and potential defendants is erroneous, contrary to well-established law, and should be denied.

11

### C. Due process prohibits entry of any order adjudicating the rights of defendants who are not presently before this Court.

Moreover, the order Plaintiffs would have this Court enter would violate fundamental constitutional rights.  Plaintiffs request an order regarding claims against "potential Defendants who later receive notice of their addition to these actions."  Mot. at 5.  But the Due Process Clause of the United States Constitution prevents this Court from adjudicating the rights of "potential defendants," who have received neither notice of any hearing regarding their rights nor any opportunity to be heard.  *E.g.*, *Greene v. Lindsey*, 456 U.S. 444, 449 (1982) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (noting the need to determine "whether the litigant whose rights have thus been adjudicated has been afforded such notice and opportunity to be heard as are requisite to the due process which the Constitution prescribes").  "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."  *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 110 (1969).  Under the Due Process Clause, "adequate notice is required where individual interests may be adversely affected by a proceeding or adjudication."  *Int'l Ass'n of Machinists Nat'l Pension Fund v. Estate of Dickey*, 808 F.2d 483, 486 (6th Cir. 1987) (citing, *inter alia, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)).

These principles preclude this Court from determining the rights of "potential defendants" who are not presently before the court.  Before adjudicating the rights of "potential defendants," those defendants must be properly before this Court.  They must receive notice of the motion and an opportunity to be heard.  *Greene v. Lindsey*, 456 U.S. 444, 449 (1982) ("The fundamental requisite of due process of law is the opportunity to be heard.").  Plaintiffs cite no authority—there is none—that would permit this Court to adjudicate the rights of potential future defendants.

### D.    Plaintiffs request extraordinary relief related to claims that have already been filed.

Nor do Plaintiffs limit their request for relief to future amendments.  Although their motion is based on the need to "review and analyze ARCOS and other data," Mot. at 1, Plaintiffs appear to ask this Court to enter a sweeping order, covering all claims that have already been asserted against all Defendants.  *See* Mot. at 6 (asking this Court to enter a "Tolling Period" applicable to each Defendant).  Plaintiffs' request extends beyond potential defendants who may be added in future amendments based on ARCOS data and would extend to every Defendant that has been added since the filing of the original complaint.  Thus, even for current Defendants who were not added until as recently as May 18, 2018, Plaintiffs are asking for equitable tolling and relation back to the date of the original complaints, which in some cases was years ago.

Plaintiffs make no serious attempt to establish entitlement to this extraordinary relief.  This Court cannot simply, as Plaintiffs request, group all time-related defenses (including statutes of repose and notice periods) together and rule on them collectively.  Some—such as statutes of repose—cannot be tolled at all.  *See, e.g.*, *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) ("Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control.").  And to the extent that these deadlines and defenses are even hypothetically subject to some form of extension or tolling, Plaintiffs make no attempt to show what standards would apply or establish that those standards have been satisfied.

Nor do Plaintiffs make any attempt to demonstrate that every claim already filed against every Defendant relates back to their original complaint.  *See* Mot. at 6 (asking that the tolling period for every Defendant to begin no later than the filing of original complaint).  Plaintiffs offer no analysis of any specific claim in any specific case.  And as discussed in detail above, black-

13

letter law establishes that the assertion of claims against new defendants does not relate back under Rule 15(c).  Plaintiffs have not met their burden.

These are merely some of the many flaws in the relief sought by Plaintiffs.  Defendants cannot respond fully to Plaintiffs' request because Plaintiffs simply have failed to offer any cognizable argument—much less any legal authority—that would entitle them to the relief that they seek.  The request has nothing to do with Plaintiffs' need for additional time to review the ARCOS data, the purported basis for their motion, and should be denied.

## CONCLUSION

To the extent that Plaintiffs required additional time to review the ARCOS database, they should have filed a routine motion to extend the deadline to amend their pleadings.  They did not do so.  Instead, Plaintiffs have asked this Court to eliminate ("stay") any deadline for amendment; to hold (without any analysis of any specific claims) that Plaintiffs may, at any time in the future, assert any number of new claims against any number of new defendants, without concern for any applicable statutes of limitations or repose; and to adjudicate the rights of parties not presently before the Court.

This Court should, at most, extend the amendment deadline by 45 days.  Plaintiffs' other requests for relief should be denied.

Date: June 6, 2018

Respectfully submitted,

*/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlit-beck.com

*Liaison Counsel for the Chain Pharmacy
Defendants*


*/s/ Mark S. Cheffo* (consent)
Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3814
Fax: (212) 698-3599
markcheffo@dechert.com

*Co-Liaison Counsel for the Manufacturer
Defendants*

*/s/ Enu Mainigi* (consent)
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Co-Liaison Counsel for the Distributor
Defendants*

*/s/ Carole S. Rendon* (consent)
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Co-Liaison Counsel for the Manufacturer
Defendants*

*/s/ Geoffrey Hobart* (consent)
Geoffrey Hobart
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC  20001-4956
Telephone: (202) 662-5281
ghobart@cov.com

*Co-Liaison Counsel for the Distributor
Defendants*

/s/ Shannon McClure (consent)
Shannon McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
Telephone: (215) 851-8226
Fax: (215) 851-1420
smcclure@reedsmith.com

*Co-Liaison Counsel for the Distributor Defendants*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)</u>

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Response to Plaintiffs' Motion for Modification of Case Management Order One complies with the page limitations of LR 7.1(f) (for complex cases) and those set by the Court in CMO 1 and CMO 4.

*/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr

*Liaison Counsel for the*
*Chain Pharmacy Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this 6th day of June, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*