# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-MD-2804 |
| *Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*, Case No. 17-op-45053 | Judge Dan Aaron Polster |
| *County of Monroe, Michigan v. Purdue Pharma L.P., et al.*, Case No. 18-op-45158 | |
| *Broward County, Florida v. Purdue Pharma L.P., et al.*, Case No. 18-op-45332 | |

# MEMORANDUM IN SUPPORT OF WALGREENS BOOTS ALLIANCE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In addition to the grounds for dismissal set forth in the various pending motions to dismiss, Plaintiffs' claims against Walgreens Boots Alliance, Inc. ("WBA") must be dismissed for an additional reason: there is no personal jurisdiction over WBA, a holding company incorporated under Delaware law that conducts no activities in Florida, Michigan, or West Virginia ("the Forum States").[1]

**Background**

WBA was incorporated in September 2014 and, on December 31, 2014, became the parent company of Walgreen Co. pursuant to a merger and corporate reorganization into a holding company structure. Decl. of Mark Weisz ¶ 2 (Ex. A). WBA is incorporated under Delaware law and has its headquarters and principal place of business in Deerfield, Illinois. *Id.*

Walgreen Co. has been a subsidiary of WBA since 2014 and continues to operate retail drug stores with pharmacies across the country, as it did before the merger. *Id.* ¶ 4. Walgreen Co. and indirect subsidiaries of WBA, including Walgreen Eastern Co. and Walgreen Arizona Drug Co., were formerly involved in the regulated distribution of opioid medications to Walgreen Co.'s retail pharmacies. *Id.* ¶ 5.

Although one the Complaints in the above-captioned cases refers to "Walgreens Boots Alliance, Inc. a/k/a Walgreen Co.," *Broward County* 2d Am. Compl. ¶ 1, WBA is a legally distinct entity from its subsidiary Walgreen Co. and does not conduct business under the Walgreen Co. name. Weisz Decl. ¶ 6.

---

[1] Counsel for WBA has alerted Plaintiffs' counsel to the jurisdictional problem with claims against WBA and requested that Plaintiffs withdraw their claims against WBA and, if necessary, substitute a proper party.

1

**Argument**

Plaintiffs bear the burden of proving personal jurisdiction where it is challenged. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887–88 (6th Cir. 2002); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). And no matter how long the reach of a state's longarm statute, a court's exercise of personal jurisdiction must in all cases comply with Constitutional due process requirements. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). The constitutionally permissible exercise of personal jurisdiction may involve either "'general' (sometimes called 'all-purpose') jurisdiction" or "'specific' (sometimes called 'case-linked') jurisdiction." *Id.* at 1779–80.[2]

As explained below, there is neither general nor specific personal jurisdiction over WBA in any of the Forum States. WBA is not "at home" in the Forum States for purposes of general jurisdiction and has not engaged in activities connected to the Forum States or to Plaintiffs' claims for purposes of specific jurisdiction. And the fact that there might be personal jurisdiction over subsidiaries of WBA in the Forum States is insufficient as a matter of law to create personal jurisdiction over WBA.

**I.    There Is No General Personal Jurisdiction over WBA in the Forum States.**

To be subject to general personal jurisdiction, an out-of-state defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render them essentially at home in

---

[2] While *Bristol-Myers* and other cases cited below were decided under the Due Process Clause of the Fourteenth Amendment to the Constitution (applicable to cases in state court and federal diversity cases), the analysis is the same under the Due Process Clause of the Fifth Amendment that applies when a case is subject to federal question jurisdiction. *See*, *e.g.*, *Maclin v. Reliable Reports of Texas, Inc.*, No. 1:17 cv 2612, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) ("[T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome . . . than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in *Bristol-Myers* to . . . state courts.").

the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  For corporations, the "paradigm" forums are "the place of incorporation and principal place of business."  *Id.* at 137.  Only in an "exceptional" case may a court find general personal jurisdiction elsewhere.  *Id.* at 139 n.19.

As the Plaintiffs allege, WBA is incorporated in Delaware and has its principal place of business in Illinois.  *Cabell County* 2d Am. Compl. ¶ 90; *Monroe County* 2d Am. Compl. ¶ 85; *Broward County* 2d Am. Compl. ¶ 92; *see also* Weisz Decl. ¶ 2.  That is the beginning and the end of the inquiry.  Plaintiffs have alleged no facts to support a finding that this is an "exceptional" case where general jurisdiction would nevertheless be proper in any of the Forum States.  Nor could they, when WBA is a holding company with no employees or operations in the Forum States.  Weisz Decl. ¶ 3; *see*, *e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that BNSF is not subject to general personal jurisdiction in Montana, despite having facilities, more than 2,000 employees, and over 2,000 miles of railroad track in the state).

**II.     There Is No Specific Personal Jurisdiction over WBA in the Forum States.**

Specific jurisdiction requires a close nexus between the defendant's activities, the forum state, and the plaintiff's claims.  *See Bristol-Myers*, 137 S. Ct. at 1780.  The Sixth Circuit, for example, has adopted "a three-prong test" that requires a court to find (1) that the defendant "purposefully avail[ed] himself of the privilege of acting in the forum state," (2) that the plaintiff's cause of action "arise[s] from the defendant's activities" in the forum state, and (3) that the defendant's conduct has "a substantial enough connection" with the forum state to make the exercise of jurisdiction over the defendant "reasonable."  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).  The analysis under Fourth and Eleventh Circuit law is virtually identical.  *See*,

*e.g.*, *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

There is no conceivable basis in these cases for the exercise of specific personal jurisdiction over WBA in the Forum States.  Without any operations or employees in the Forum States, it is plain that WBA has not "personally avail[ed] [itself] of the privilege of acting" in the Forum States, far less conducted activities in the Forum States that relate to Plaintiffs' claims regarding the distribution and sale of prescription opioids.  Under these circumstances, the exercise of personal jurisdiction over WBA in these cases would be patently unreasonable.

## III. Potential Jurisdiction over Subsidiaries of WBA in the Forum States Does Not Create Personal Jurisdiction over WBA.

The fact that there might be personal jurisdiction over Walgreen Co. or other WBA subsidiaries in one of the Forum States is insufficient to create personal jurisdiction over WBA itself.

Specific jurisdiction over a parent company based on a subsidiary's contacts with the forum state requires an extraordinary showing that "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008); *see also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276–77 (4th Cir. 2005); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).  Plaintiffs have not alleged—and could not allege—any facts to support such a finding here.

## CONCLUSION

All claims against WBA should be dismissed for lack of personal jurisdiction.

Dated:  June 8, 2018  Respectfully submitted,

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Ste. 300
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Walgreens Boots Alliance, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is four pages in length and within the pages limitations permitted by CMO 1 and CMO 4 in this matter.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, this 8th day of June, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*