# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:17-op-45053-DAP (S.D. W. Va.) | Judge Dan Aaron Polster |

## MEMORANDUM IN SUPPORT OF RITE AID CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Rite Aid Corporation ("RAC") respectfully moves this Court to dismiss Plaintiff Cabell County Commission's[1] claims against RAC for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).

## PRELIMINARY STATEMENT

Plaintiff's Second Amended Complaint asserts claims against RAC for the wholesale distribution of prescription opioids in West Virginia, but RAC—which is merely a holding company—does not distribute prescription opioids or any other pharmaceutical in West Virginia or anywhere else.  Plaintiff's claims do not arise from RAC's limited activities as a holding company, and RAC does not continuously and systematically conduct business in West Virginia. Furthermore, the Court does not have personal jurisdiction over RAC under 18 U.S.C. § 1965. Accordingly, the Court lacks personal jurisdiction over RAC and must dismiss Plaintiff's claims.

## FACTS AND PROCEDURAL HISTORY

At the May 2, 2018 status conference, Plaintiff (through counsel) represented to the Court that it needed to file an amended complaint to conform it (specifically, the named defendants) to

---

[1] Cabell County Commission will be referred to herein as "Plaintiff."

information it had discovered in the ARCOS data.  The Court presumably granted Plaintiff's request based on this representation.  Plaintiff filed its Second Amended Complaint on May 30, 2018, in which it named RAC as a defendant in addition to the previously named Rite Aid of Maryland, Inc. (d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.).  But the ARCOS database only identifies "Rite Aid Mid-Atlantic"—not RAC—as a distributor of opioids in West Virginia.  Thus, when Plaintiff added RAC as a defendant in its Second Amended Complaint, it did the opposite of what it told the Court it planned to do.

RAC and Rite Aid of Maryland, Inc. are grouped with the other alleged "Distributor Defendants" in the Second Amended Complaint.  Cabell Compl. ¶ 94.  Plaintiff states that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law."  Cabell Compl. ¶ 81.  Specifically, RAC is alleged to have "distributed prescription opioids throughout the United States, including in West Virginia."  Cabell Compl. ¶ 88.

Contrary to the Plaintiff's allegations, RAC does not manufacture, distribute, or dispense opioids in West Virginia or elsewhere.  *See* Declaration of Ron. S. Chima ("Chima Decl.") ¶ 4. Instead, RAC is a holding company, with no operations other than those related to its status as a holding company.  *Id.* ¶ 4.  RAC has no offices, facilities, assets, income, employees, or operations in West Virginia.  *Id.* ¶ 4.  RAC is organized under the laws of Delaware and has its principal place of business in Pennsylvania.  *Id.* ¶ 3.  RAC is not qualified as a foreign corporation under the laws of West Virginia, does not have a registered agent for service of process there, and is not regulated by any West Virginia state agency.  *Id.* ¶ 5.  While RAC has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities.  *Id.* ¶ 6.  RAC does not have any direct involvement

2

in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids. *Id.* ¶ 6.

## LEGAL STANDARD

Under Rule 12(b)(2), the plaintiff bears the burden of producing facts supporting the existence of jurisdiction upon a challenge by the defendant.  *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).  In response to a motion to dismiss, a plaintiff "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## ANALYSIS

"In order for a court to validly exercise personal jurisdiction over a non-resident defendant: (1) a statute must authorize service of process on the non-resident defendant, and (2) the service of process must comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997).  Because West Virginia's long-arm statute is coextensive with the full reach of due process, it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. *Id.* at 627–28.  "Rather, the statutory inquiry necessarily merges with the Constitutional inquiry [and the] . . . inquiry centers on whether exercising personal jurisdiction . . . is consistent with the Due Process Clause." *Id.* at 628.

### A.    The Due Process Clause prohibits the exercise of jurisdiction over RAC.

The Due Process Clause permits two types of personal jurisdiction: (1) "general jurisdiction," which requires a showing of continuous and systematic activities in the forum state, and (2) "specific jurisdiction," which may be established if the defendant's qualifying contacts with the forum state also constitute the basis for the suit. *Universal Leather, LLC v.*

3

*Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014).  This Court can exercise neither type of jurisdiction over RAC.

### 1. This Court cannot exercise general jurisdiction over RAC.

Plaintiff does not allege that general jurisdiction over RAC would be proper.  Cabell Compl. ¶ 28.  Nor could it.  RAC is a Delaware corporation with its principal place of business in Pennsylvania.  Chima Decl. ¶ 3.  RAC has no offices, facilities, assets, income, employees, or operations in West Virginia.  *Id.* ¶ 4.  There is no ground whatsoever to subject RAC to general jurisdiction in West Virginia.

Corporations are subject to general jurisdiction only where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum State."  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business.  *Id.*  West Virginia is neither RAC's state of incorporation nor its principal place of business and thus general jurisdiction does not exist.  *See id.* at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).  There is no allegation—much less evidence—that would permit this Court to exercise general jurisdiction over RAC.

### 2. This Court cannot exercise specific jurisdiction over RAC.

Specific jurisdiction exists only where the cause of action arises out of the defendant's contacts with the forum state.  *Universal Leather*, 773 F.3d at 559.  The Due Process Clause permits the exercise of specific jurisdiction only when: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the forum; and (3) there is a substantial enough connection with the

forum to make jurisdiction reasonable.  *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 302–03 (4th Cir. 2012).

Plaintiff's claims do not arise out of RAC's activities within West Virginia.  Indeed, the claims do not arise from RAC's activities at all.  RAC engages in only limited activities relating to its status as a holding company.  Chima Decl. ¶ 4.  RAC did not avail itself of the privileges of acting in West Virginia and cannot be said to have any connection at all to the state, where it has no property, assets, employees, income, or operations, and in which it conducts no business.  *Id.* ¶ 4; *see also* Proposed Findings and Recommendation at 7, *Sears v. The Kroger Co., et al.*, No. 17-cv-04394 (S.D.W. Va. May 5, 2018), ECF No. 40 (recommending that the district court dismiss the plaintiff's claims against RAC because personal jurisdiction does not exist over RAC in West Virginia); *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 692 (N.D.W. Va. 2010) (finding no specific or general jurisdiction over AT&T Inc., a holding company, where AT&T conducted no business in West Virginia, had no employees or real property in West Virginia, was not licensed to conduct business in West Virginia, and had no registered agent in West Virginia).

Plaintiff alleges that RAC "through its various DEA registered subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor."  Cabell Compl. ¶ 88.  But this allegation ignores the fact that RAC is a separate and distinct company from its subsidiaries.  Chima Decl. ¶ 6.  "A parent-subsidiary relationship between corporations, one of which is 'doing business' in this state, does not without the showing of additional factors subject the nonresident corporation to [West Virginia's] jurisdiction."  *Norfolk S. Ry. Co. v. Maynard*, 190 W. Va. 113, 117, 437 S.E.2d 277, 281 (1993); *see also Toney v. Family Dollar Stores, Inc.*, 273 F. Supp. 2d 757, 762 (S.D.W. Va. 2003) (listing factors).  Plaintiff has not alleged—and could not allege—

5

any "additional factors" to support such a finding here.  As a result, Plaintiff cannot overcome the general rule that parent corporations are "not liable for the acts of their subsidiaries."  *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, No. 5:09-CV-00467, 2012 WL 1112162, at *17 (S.D.W. Va. Mar. 30, 2012).   Accordingly, Plaintiff cannot establish that jurisdiction over RAC is proper under the Due Process Clause.

> **B.  The Court does not have personal jurisdiction over RAC under 18 U.S.C. § 1965.**

In paragraph 25 of its Second Amended Complaint, Plaintiff asserts that "[t]his Court also has personal jurisdiction over all of the defendants under 18 U.S.C. § 1965(b)" because the "interests of justice require that Plaintiff be allowed to bring all members of the nationwide RICO enterprise before the court in a single trial."  Cabell Compl. ¶ 25.  As discussed below, however, Plaintiff's attempt to use section 1965 to obtain personal jurisdiction over RAC is misguided and improper.

> **1.  Section 1965 does not provide a basis for personal jurisdiction over RAC because Plaintiff has not asserted a RICO claim against RAC.**

One of the sources enumerated in Federal Rule of Civil Procedure 4(k) for service of process that effectively enables the exercise of personal jurisdiction over a defendant is "a federal statute."  Fed. R. Civ. P. 4(k)(1)(C).  Section 1965 of the federal RICO statute authorizes nationwide service of process in civil RICO actions.  18 U.S.C. § 1965; *see also ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997).

Here, while 18 U.S.C. § 1965 may provide a basis for personal jurisdiction over the defendants that Plaintiff asserted RICO claims against, section 1965 does not provide a basis for personal jurisdiction over RAC.  *See* Cabell Compl. ¶¶ 827–886.  Indeed, Plaintiff has not asserted a RICO claim against RAC, which means that there is no "federal statute" to serve as a

basis for exercising personal jurisdiction over RAC.  *See* Fed. R. Civ. P. 4(k)(1)(C); *see also HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12-CV-00668, 2015 WL 4772524, at *4 (S.D.W. Va. Aug. 12, 2015) (stating that, for personal jurisdiction to exist over a defendant under section 1965, the plaintiff must have a colorable RICO claim against the defendant); *Goodwin v. Bruggeman-Hatch*, No. 13-CV-02973-REB-MEH, 2014 WL 3057115, at *5 (D. Colo. July 7, 2014) ("Indeed, RICO could authorize personal jurisdiction over only Defendant Cook, because she is the only one of the Individual Redwood Defendants against whom Plaintiff asserts a RICO claim.").

> ### 2. Pendent personal jurisdiction does not apply because Plaintiff has not asserted a RICO claim against RAC.

In *ESAB Group, Inc. v. Centricut, Inc.*, the Fourth Circuit stated as follows:

> When a federal statute authorizes a federal district court to exercise personal jurisdiction over a defendant beyond the borders of the district and the defendant is effectively brought before the court, . . . the court [may] adjudicate a state claim properly within the court's subject matter jurisdiction so long as the facts of the federal and state claims arise from a common nucleus of operative fact.

126 F.3d at 628; *see also Hernandez v. Vanderbilt Mortg. & Fin., Inc.*, No. CIV. A. C-10-67, 2010 WL 1875796, at *6 (S.D. Tex. May 6, 2010) ("A defendant who already is before the court to defend a federal claim is unlikely to be severely inconvenienced by being forced to defend a state claim whose issues are nearly identical or substantially overlap the federal claim.").  This is known as the doctrine of "pendent personal jurisdiction."

Plaintiff may argue that even though personal jurisdiction against RAC is not authorized by 18 U.S.C. § 1965, the doctrine of pendent personal jurisdiction nevertheless extends the Court's personal jurisdiction to Plaintiff's state law claims against RAC because the claims arise from the "same nucleus of facts" as Plaintiff's RICO claims against other defendants.  *ESAB Group*, 126 F.3d at 629.  This argument fails, however, because federal courts applying the

doctrine of pendent personal jurisdiction have not used the doctrine to assert personal jurisdiction over state law claims against defendants who were not also parties to a RICO claim.  Instead, courts have applied the doctrine exclusively to the concomitant state law claims asserted against the ***same defendants*** that were also named in the RICO claim.  *See, e.g.*, *id.*; *D'Addario v. Geller*, 264 F. Supp. 2d 367, 387 (E.D. Va. 2003) ("Because in personam jurisdiction over defendants Geller, Harris, and Marsh is established pursuant to RICO's nationwide service provision, the court may exercise pendent personal jurisdiction over all the claims against ***these defendants***." (emphasis added)); *Morley v. Cohen*, 610 F. Supp. 798, 822 (D. Md. 1985) ("When the federal court properly asserts in personam jurisdiction over these defendants under the federal statute, it may likewise exercise in personam jurisdiction over the ***same defendants*** in deciding pendent state claims." (emphasis added)).[2]  Thus, pendent personal jurisdiction does not extend personal jurisdiction to Plaintiff's claims against RAC because Plaintiff has not asserted a RICO claim against RAC.

## CONCLUSION

For the foregoing reasons, RAC respectfully requests that the Court dismiss the claims against it with prejudice.

---

[2] *See also Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) ("When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts."); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 335 F. Supp. 2d 126, 128 (D. Me. 2004) ("Therefore, pendent personal jurisdiction provides jurisdiction over these ***same defendants*** for the state law claims, because they arise out of the same nucleus of operative facts." (emphasis added)).

Date: June 8, 2018

Respectfully submitted,

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, Esq.
elisa.mcenroe@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

Kelly A. Moore, Esq.
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

*Counsel for Rite Aid Corporation*
*and Rite Aid of Maryland, Inc.*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)</u>

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing memorandum complies with the page limitations of LR 7.1(f) (for complex cases) and those set by the Court.

/s/ *Elisa P. McEnroe*
Elisa P. McEnroe
