**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>    *County of Monroe, Michigan v. Purdue Pharma L.P., et al.*,<br>    Case No. 18-OP-45158 (N.D. Ohio) | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF RITE AID CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Rite Aid Corporation ("RAC") respectfully moves this Court to dismiss Plaintiff County of Monroe, Michigan's[1] claims against RAC for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

**PRELIMINARY STATEMENT**

Plaintiff's Second Amended Complaint asserts claims against RAC for the wholesale distribution of prescription opioids in Monroe County, Michigan, but RAC—which is merely a holding company—does not distribute prescription opioids or any other pharmaceutical in Michigan or anywhere else. Plaintiff's claims do not arise from RAC's limited activities as a holding company, and RAC does not continuously and systematically conduct business in Michigan. Accordingly, the Court lacks personal jurisdiction over RAC.

**FACTS AND PROCEDURAL HISTORY**

At the May 2, 2018 status conference, Plaintiff (through counsel) represented to the Court that it needed to file a Second Amended Complaint to conform it (specifically, the named defendants) to information it had discovered in the ARCOS data. The Court presumably granted

---

[1] Plaintiff County of Monroe, Michigan will be referred to herein as "Plaintiff."

Plaintiff's request based on this representation. Plaintiff filed its Second Amended Complaint on May 30, 2018, in which it named RAC as a defendant in addition to the previously named Rite Aid of Maryland, Inc. (d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.). But the ARCOS database only identifies "Rite Aid Mid-Atlantic"—not RAC—as a distributor of opioids in Michigan. Thus, when Plaintiff added RAC as a defendant in its Second Amended Complaint, it did the opposite of what it told the Court it planned to do.

RAC and Rite Aid of Maryland, Inc. are grouped with the other alleged "Distributor Defendants" in the Second Amended Complaint. Monroe Compl. ¶ 88. Plaintiff states that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law." Monroe Compl. ¶ 77. Specifically, RAC is alleged to have "distributed prescription opioids throughout the United States, including in Michigan and Monroe County specifically." Monroe Compl. ¶ 84.

Contrary to Plaintiff's allegations, RAC does not manufacture, distribute, or dispense opioids in Michigan or elsewhere. *See* Declaration of Ron. S. Chima ("Chima Decl.") ¶ 4. Instead, RAC is a holding company, with no operations other than those related to its status as a holding company. *Id.* ¶ 4. RAC has no offices, facilities, assets, income, employees, or operations in Michigan. *Id.* ¶ 4. RAC is organized under the laws of Delaware and has its principal place of business in Pennsylvania. *Id.* ¶ 3. RAC is not qualified as a foreign corporation under the laws of Michigan, does not have a registered agent for service of process there, and is not regulated by any Michigan state agency. *Id.* ¶ 5. While RAC has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities. *Id.* ¶ 6. RAC does not have any direct involvement in directing,

managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids. *Id.* ¶ 6.

## LEGAL STANDARD

Plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In response to a motion to dismiss, a plaintiff "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## ANALYSIS

Personal jurisdiction over RAC exists only if Plaintiff can demonstrate that Michigan's long-arm statutes have been satisfied and if the exercise of personal jurisdiction would not deny RAC due process. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007); *Akbar v. Bangash*, No. 15-CV-12688, 2016 WL 4060930, at *3 (E.D. Mich. July 29, 2016). Plaintiff can satisfy neither requirement.

### A. Personal jurisdiction over RAC does not exist under Michigan's long-arm statutes.

Michigan's long-arm statutes extend both general and limited jurisdiction over nonresident individuals and corporations. *See* Mich. Comp. Laws Ann. § 600.701 (general, individuals); Mich. Comp. Laws Ann. § 600.705 (limited, individuals); Mich. Comp. Laws Ann. § 600.711 (general, corporations); Mich. Comp. Laws Ann. § 600.715 (limited, corporations). The long-arm statutes enumerate the specific circumstances under which Michigan courts may exercise personal jurisdiction. RAC, however, cannot satisfy any of the predicates of the Michigan long-arm statutes.

Plaintiff appears to allege that the long-arm statutes apply to RAC based on its allegation that the Distributor Defendants "availed [themselves] of the privilege of exploiting forum-based business opportunities." Monroe Compl. • 25. But RAC is a holding company, not an operating company. Chima Decl. ¶ 4. RAC did not distribute prescription opioids (in Michigan or elsewhere) and does not direct, manage, or supervise the operations or employees of its subsidiaries that distribute prescription opioids. *Id.* ¶¶ 4, 6. As a holding company, RAC has no real business operations at all, and it has no relevant contacts with Michigan. *Id.* ¶ 4. Accordingly, Plaintiff cannot establish that jurisdiction over RAC is proper under Michigan's long-arm statutes.

**B.  The Due Process Clause prohibits the exercise of jurisdiction over RAC**.

Even if Michigan's long-arm statutes would permit the exercise of personal jurisdiction over RAC, the Federal Due Process Clause prohibits it. The Due Process Clause permits two types of personal jurisdiction: (1) general jurisdiction, where the cause of action does not arise from the defendant's contacts with the forum state; and (2) specific jurisdiction, where the cause of action arises from the defendant's contacts with the forum state. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). This Court can exercise neither type of jurisdiction over RAC.

**1.  This Court cannot exercise general jurisdiction over RAC**.

Plaintiff does not allege that general jurisdiction over RAC would be proper. Monroe Compl. ¶ 25. Nor could it. RAC is a Delaware corporation with its principal place of business in Pennsylvania. Chima Decl. ¶ 3. RAC has no offices, facilities, assets, income, employees, or operations in Michigan. *Id.* ¶ 4. There is no ground whatsoever to subject RAC to general jurisdiction in Michigan.

Corporations are subject to general jurisdiction only where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.* Michigan is neither RAC's state of incorporation nor its principal place of business and thus general jurisdiction does not exist. *See id.* at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state). There is no allegation—much less evidence—that would permit this Court to exercise general jurisdiction over RAC.

**2.     This Court cannot exercise specific jurisdiction over RAC**.

Specific jurisdiction exists only where the cause of action arises out of the defendant's contacts with the forum state. *Air Prods.*, 503 F.3d at 553. The Due Process Clause permits the exercise of specific jurisdiction only when: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the forum; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable. *Neogen Corp.*, 282 F.3d at 890.

Plaintiff's claims do not arise out of RAC's activities within Michigan. Indeed, the claims do not arise from RAC's activities at all. RAC engages in only limited activities relating to its status as a holding company. Chima Decl. ¶ 4. RAC did not avail itself of the privileges of acting in Michigan and cannot be said to have any connection at all to the state, where it has no property, assets, employees, income, or operations, and in which it conducts no business. *Id.* ¶ 4; *see also Garlock v. Ohio Bell Tel. Co. Inc.*, No. 1:13CV02200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014) (finding no specific jurisdiction over AT&T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it was AT&T Inc.'s subsidiaries and

affiliates that are conducting business in Ohio, not AT&T Inc. itself"); *Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 WL 12571407, at *7 (S.D. Ohio Sept. 16, 2014).

Plaintiff alleges that RAC "through its various DEA registered subsidiaries and affiliated entities, distributed prescription opioids throughout the United States, including in Michigan and Monroe County specifically." Monroe Compl. ¶ 84. But these allegations ignore the fact that RAC is a separate and distinct company from its subsidiaries. Chima Decl. ¶ 6; *see also Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 827 (E.D. Mich. 2002) ("Personal jurisdiction over a parent company does not arise merely because the forum state properly asserts jurisdiction over one of its subsidiaries."). Specific jurisdiction over a parent company based on a subsidiary's contacts with the forum state requires an extraordinary showing that "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Estate of Thomas v. Toyota Motor Corp.*, 545 F.3d 357, 362 (6th Cir. 2008); *Indah v. S.E.C.*, No. 09-10943, 2009 WL 2144211, at *3 (E.D. Mich. July 15, 2009). Plaintiff has not alleged—and could not allege—any facts to support such a finding here. As a result, Plaintiff cannot overcome the general presumption that "[a] parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007); *accord Finnsugar Bioproducts, Inc. v. Monitor Sugar Co.*, No. 00-10381-BC, 2002 WL 31758644, at *4 (E.D. Mich. Sept. 30, 2002). Accordingly, Plaintiff cannot establish that jurisdiction over RAC is proper under either Michigan's long-arm statutes or the Due Process Clause.

## CONCLUSION

For the foregoing reasons, RAC respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 8, 2018                                   Respectfully submitted,

                                                     */s/ Elisa P. McEnroe*
                                                     Elisa P. McEnroe, Esq.
                                                     elisa.mcenroe@morganlewis.com
                                                     Morgan, Lewis & Bockius LLP
                                                     1701 Market Street
                                                     Philadelphia, PA 19103-2921
                                                     T: 215-963-5917
                                                     F: 215-963-5001

                                                     Kelly A. Moore, Esq.
                                                     kelly.moore@morganlewis.com
                                                     Morgan, Lewis & Bockius LLP
                                                     101 Park Avenue
                                                     New York, NY 10178-0060
                                                     T: 212-309-6612
                                                     F: 212-309-6001

                                                     *Counsel for Rite Aid Corporation
                                                     and Rite Aid of Maryland, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing memorandum complies with the page limitations of LR 7.1(f) (for complex cases) and those set by the Court.

/s/ *Elisa P. McEnroe*
Elisa P. McEnroe
