# Exhibit 8

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into on the 28 day of December, 2016, ("Effective Date"), by and between the State of West Virginia ex rel. Patrick Morrisey, Attorney General, Joseph Thornton acting in his capacity as Secretary of the West Virginia Department of Military Affairs and Public Safety, an agency of the State of West Virginia, Karen Bowling acting in her capacity as Secretary of the West Virginia Department of Health & Human Resources, an agency of the State of West Virginia (collectively, the "State and/or Plaintiffs") and H. D. Smith, LLC, formerly known as H. D. Smith Wholesale Drug Company ("H. D. Smith") (collectively, the "Parties"), and is intended to set forth the terms of the agreement reached by the Parties in connection with all disputes between them.

### 1. RECITALS

A. H. D. Smith is a privately owned wholesale distributor headquartered in Springfield, Illinois. At all times relevant to this Agreement, H. D. Smith has held a wholesale distributor's license issued by the West Virginia Board of Pharmacy (the "Board").

B. On June 26, 2012, the State of West Virginia, by and through the West Virginia Attorney General, filed a Complaint in the Circuit Court of Boone County, West Virginia, against H. D. Smith and twelve (12) other pharmaceutical wholesale distributors, captioned *State of West Virginia ex rel Darrell V. McGraw, Jr., Attorney General v. AmerisourceBergen Drug Corporation, et al.*, Civil Action No. 12-C-141 (the "Complaint"). On January 3, 2014, the State of West Virginia amended the Complaint to add named plaintiffs Joseph Thornton acting in his capacity as Secretary of the West Virginia Department of Military Affairs and Public Safety, an agency of the State of West Virginia, and Karen Bowling acting in her capacity as Secretary of

the West Virginia Department of Health & Human Resources, an agency of the State of West Virginia (the "Amended Complaint"). On January 13, 2015, the State of West Virginia filed a Second Amended Complaint against H. D. Smith and the other wholesaler distributors that included allegations regarding each wholesaler distributor's data (the "Second Amended Complaint," collectively with the Complaint and Amended Complaint, the "State Lawsuit").

C. *Inter alia*, the State and Plaintiffs allege in the State Lawsuit that H. D. Smith contributed to addiction, increased injury, death and other adverse consequences arising from prescription drug abuse in West Virginia by negligently or intentionally distributing excessive amounts of controlled substances to pharmacies in West Virginia in violation of common and statutory law (the "Allegations").

D. H. D. Smith has asserted a number of defenses to the State Lawsuit and has expressly denied and disclaimed any wrongdoing or liability of any kind in connection with its conduct in the State of West Virginia, and has affirmatively contended that its actions have been consistent and in compliance with all applicable laws and regulations, and in particular H.D. Smith alleges that:

1. The West Virginia Board of Pharmacy has at all relevant times annually issued a wholesale distributor license to H. D. Smith and has never instituted any administrative action, complaint or other enforcement action against H. D. Smith for violation of any West Virginia Board of Pharmacy statute or regulation;

2. Prior to 2013, the West Virginia Board of Pharmacy did not require H. D. Smith, as an out-of-state wholesale distributor with a valid DEA permit to distribute controlled substances, to hold or to pay for a separate West Virginia controlled substances permit as a condition of distributing controlled substances in West Virginia. Based on the West Virginia

00893687.DOCX

HDS00010538

Board of Pharmacy's practice prior to 2013, H. D. Smith in good faith believed and understood it was not a "registrant" within the meaning of W. Va. C.S.R. §§ 15-2-3.1 and 15-2-4.4 and as such was not subject to any requirement to report suspicious orders of controlled substances to the West Virginia Board of Pharmacy;

    3.    H. D. Smith did not violate any provision of the Uniform Controlled Substances Act, W. Va. Code § 60A-3-301 *et seq.*, or any regulations promulgated thereunder, or 21 U.S.C. § 801 et seq., and 21 C.F.R. § 1301.74(b); and

    4.    H. D. Smith never has been found to be in violation of any state or federal regulations or guidelines concerning the distribution of controlled substances in West Virginia.

    E.    The Plaintiffs have determined that this Agreement is in the public interest.

    F.    The H. D. Smith products (hereafter, the "H. D. Smith Covered Products") at issue in this action are any and all Controlled Substances, as that term is defined by W. Va. Code § 60A-1-101(e), distributed by H. D. Smith into the State of West Virginia or which were used or ingested by persons who resided in West Virginia at any time prior to the effective date of this Agreement.

    G.    The conduct that is addressed by this Agreement (the "H. D. Smith Covered Conduct") is (a) the conduct of H. D. Smith alleged in the State Lawsuit; (b) conduct similar to that of the conduct alleged in the State Lawsuit engaged in by H. D. Smith at any time prior to the Effective Date of the Agreement; and (c) H. D. Smith's conduct related to the H. D. Smith Covered Products at any time prior to the Effective Date of this Agreement.

    H.    As used herein, the term "State" refers to the State of West Virginia, including without limitation, any and all of its constitutional offices, departments, agencies, boards, and/or officers. As used herein, the term "State Claims" refers to any claims whether at law or in equity

HDS00010539

for which the West Virginia Attorney General has authority to prosecute that have been or could have been asserted by the State in the State Lawsuit, including, without limitation, (i) any and all claims in *parens patriae* that have been or could have been asserted by the State in the State Lawsuit, (ii) any claims on behalf of consumers in the State of West Virginia that have been or could have been asserted by the State in the State Lawsuit; and (iii) any and all claims for damages or relief of any nature whatsoever related to the allegations in the State Lawsuit, the H. D. Smith Covered Conduct and/or the H. D. Smith Covered Products.

I.  The Parties recognize that the outcome of this State Lawsuit is uncertain and a final resolution through the litigation process likely would require protracted litigation.

J.  Therefore, without any admission of liability or wrongdoing, the Parties now mutually desire to enter into this Agreement to provide for the full resolution, settlement, release and discharge of any and all of the State Claims that the State has brought or could have brought against H. D. Smith in the State Lawsuit now pending before the Circuit Court of Boone County, West Virginia, upon the terms and conditions set forth in this Agreement and to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation of the State Claims.

## II. AGREEMENT

Therefore, in consideration of the mutual promises, terms, and conditions hereinafter expressed, the adequacy of which is hereby acknowledged by both Parties, it is agreed by and between the State and H. D. Smith, as follows:

1.  The foregoing Recitals are incorporated herein and constitute an express term of this Agreement.

HDS00010540

2. **Terms of Payment from H. D. Smith to the State of West Virginia:**

    a. H. D. Smith shall pay to the State of West Virginia the sum of Three Million Five Hundred Thousand and No/100ths Dollars ($3,500,000.00) within forty-five (45) days of the execution of this Agreement (the "Settlement Amount"). The Settlement Amount will be wired to the IOLTA account of DiTrapano Barrett DiPiero McGinley & Simmons, PLLC and will remain there until such time as the manner of distribution is agreed by the named Plaintiffs. The Settlement Amount shall constitute the full, total, and final amount of funds that H. D. Smith shall have to pay to the State of West Virginia in connection with the resolution of the claims set forth in and described by the Release provisions in Paragraph 2, including its subparts, below.

    b. The State represents that the Settlement Amount does not represent a payment of any Medicare or Medicaid payments. The funds paid as a result of this Agreement represent damages alleged to have been sustained by the State of West Virginia and do not represent damages related to federal money or penalties of any kind.

    c. In view of the reason for and purpose of the State Lawsuit, H. D. Smith requests and Plaintiffs agree to consider depositing a significant portion of the Settlement Amount to the Fight Substance Abuse Fund, established pursuant to W. Va. Code § 60A-9-8 and administered by the West Virginia Bureau for Public Health, to assure that the funds paid pursuant to this Agreement are applied, in whole or in part, to costs the State alleges it incurred for substance abuse prevention, treatment, treatment coordination, recovery and education.

3. **Release**: The Parties acknowledge that the instant Release and Covenant Not to Sue Provisions are integral parts of this Agreement.

HDS00010541

      a.    In consideration for the payment provided in Paragraph 2 above, the State, on behalf of itself and any and all of its constitutional offices, departments, agencies, boards, subdivisions, officers and attorneys, and anyone claiming by or through them [sometimes collectively referred to as the "Releasor"], hereby agrees to release, remise, acquit and forever discharge, to the fullest extent permitted by law, H. D. Smith and all of its past and present parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, and transferees and each and all of their current and former officers, directors, members, shareholders, employees, insurers, attorneys, contractors, representatives, agents, predecessors, successors in interest, assigns and anyone acting or purporting to act on their behalf (sometimes collectively referred to as the "Released Parties"), from any and all claims, demands, debts, damages, liabilities, penalties, restitution, disgorgement, reimbursement, fines, expenses, actions and causes of action whatsoever known and unknown, foreseen, unforeseen or unforeseeable, which the State has asserted or could have asserted on its own behalf or in its *parens patriae* capacity that the State now has or may have in the future against the Released Parties in any way growing out of, relating to, or concerning the State Lawsuit now pending before the Circuit Court of Boone County, West Virginia, subject to the conditions set forth herein.  This is a full, final, and complete release of the Released Claims and totally and completely bars any further future claims or demands of any kind or character whatsoever as a result of or relating to the Released Claims by the State, or by any agency, person, or entity claiming through the State or Plaintiffs, against the Released Parties, provided, that this release may not be construed to apply to (a) future conduct of the Released Parties, (b) conduct that is not related to or concerning the State Lawsuit now pending before the Circuit Court of Boone County, West Virginia, and (c) conduct

HDS00010542

of a successor in interest or assign independent of the conduct of H. D. Smith, its parent and subsidiaries.

    b.  Upon the payment of the Settlement Amount by H. D. Smith, no default by any Party in the performance of any covenant or obligation under this Agreement or any order entered in connection therewith shall affect the dismissal of the State Lawsuit, the *res judicata* effect of the dismissal of the State Lawsuit, or the foregoing releases; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Agreement shall remain available to all Parties.

    4.  **Suspicious Order Reporting**: H. D. Smith agrees to follow any legal requirement that it report suspicious orders of controlled substances to any government agency, including but not limited to a legal requirement to report suspicious orders of controlled substances to the West Virginia Board of Pharmacy. H. D. Smith has no objection, and fully authorizes the West Virginia Board of Pharmacy to provide copies of any suspicious order reports it files to the West Virginia State Police and the West Virginia Attorney General.

    5.  **Concurrent Dismissal With Prejudice**: Concurrent with the execution of this Agreement, the State shall deliver to H. D. Smith an executed Order of Dismissal with Prejudice of Plaintiffs' claims against H. D. Smith in the State Lawsuit.

    6.  **No Admission of Liability**: The Parties are entering this Agreement solely and exclusively for the purpose of settlement and nothing in this Agreement shall be taken or construed as an admission by any Party or its representatives of the validity of any claims or defenses by any other Party or of any wrongdoing or violation of law or regulation on their part, any such alleged wrongdoing, violation of law and/or liability being expressly denied. The State agrees that it will not urge or seek to admit this Agreement as evidence of any fault or liability of

HDS00010543

H. D. Smith in any investigation, administrative claim, action, suit, or proceeding or federal or state court or arbitration proceeding.

7. **Actions of the Board:** The Plaintiffs are aware of no administrative action the West Virginia Board of Pharmacy plans to take or has considered or is considering taking as a result of the allegations in this case with respect to H. D. Smith's license to distribute prescription drugs in West Virginia for any reason arising out of, associated with, or in any way related to the Released Claims.

8. **Responsibility for Third Party Claims:** The State assumes full responsibility for any claim by any third party to entitlement to any portion of the Settlement Amount. The State does not assume any responsibility for any claims or lawsuits filed by individuals or others who are not a party to this settlement that are filed directly against H.D. Smith.

9. **Attorneys' Fees:** The Parties shall bear their own attorneys' fees and costs associated with the Agreement and the litigation that led to it.

10. **Severability:** The Parties mutually agree that if any provision of this Agreement is found to be unenforceable, said provision shall be severed from the Agreement and shall have no effect on the enforceability of any other provision in the Agreement.

11. **Complete and Final Agreement between the Parties:** This Agreement constitutes the complete understanding between the Parties in this matter and supersedes any and all prior or contemporaneous representations, promises, inducements, understandings, and agreements. This Agreement may not be amended except by a written instrument signed by the Parties.

12. **Successors in Interest:** The Parties acknowledge that each and every covenant, warranty, release, and agreement contained herein shall enure to the benefit of, and be binding

HDS00010544

upon, the citizens, the agencies, the agents, members, managers, employees, assigns, and successors in interest of the Parties.

13. **Return of Documents:** The Parties acknowledge that protective orders govern the production of documents used in connection with the State Lawsuit and agree that they and their attorneys shall comply with all such orders, including the handling of documents upon execution of this Agreement.

14. **Governing Law:** This Agreement shall be governed by the laws of the State of West Virginia.

15. **Execution in Counterpart:** This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same Agreement. The Parties agree that facsimile or electronic signatures shall be deemed as effective as original.

AGREED TO BY:          ATTORNEY GENERAL OF WEST VIRGINIA

                       By: Vaughn T. Sizemore
                       Its: Deputy Attorney General

                       DATED this _____ day of _____, 2016

                       WEST VIRGINIA DEPARTMENT OF MILITARY
                       AFFAIRS AND PUBLIC SAFETY

                       By: Joseph Thornton
                       Its: Secretary

HDS00010545

DATED this _____ day of _____, 2016

HDS00010546

WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES

_____
By: Karen Bowling
Its: Secretary

DATED this _____ day of _____, 2016

**H. D. SMITH, LLC, formerly known as H. D. Smith Wholesale Drug Company**

_____
By: J. Christopher Smith
Its: President and CEO

DATED this 28 day of December, 2016

HDS00010547