**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | **MDL No. 2804** |
| | **Case No. 17-MD-2804** |
| This document relates to: | **Judge Dan Aaron Polster** |
| *Broward County, Florida v. Purdue Pharma L.P., et al.*, Case No. 18-op-45332 | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
CVS HEALTH CORPORATION, WALGREENS BOOTS
ALLIANCE, INC., AND WALMART INC.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION, STATEMENT OF THE ISSUES, AND SUMMARY OF THE
    ARGUMENT ................................................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.       Plaintiff Lacks Standing ................................................................................................. 2

II.     Plaintiff Fails to State a Claim Against the Moving Defendants as Pharmacies .............. 2

III.    Plaintiff's Claims Fail Because It Cannot Establish Proximate Cause ............................ 3

IV.   The Municipal Cost Recovery Rule Prohibits the Recovery that Plaintiff Seeks ............. 5

V.    Plaintiff's Individual Claims Fail as a Matter of Law ..................................................... 6

      A.    Plaintiff's Negligence Claims Fail Because the Moving Defendants Do
            Not Owe It a Duty (Claims 8 and 9) ...................................................................... 6

      B.    Florida Law Does Not Recognize Plaintiff's Public Nuisance Claim
            (Claim 6) ............................................................................................................ 9

      C.    The Fraud-Based Claims Do Not Satisfy Rule 9(b) (Claims 5, 11, and 12) ........ 10

      D.    Plaintiff's Fraud Claim Does Not State a Cause of Action (Claim 11) ............... 11

      E.    The Florida Deceptive and Unfair Trade Practices Act Does Not Permit
            Plaintiff's Claim (Claim 5) ................................................................................ 12

      F.    Plaintiff Fails to State a Civil Conspiracy Claim (Claim 12) ............................. 15

      G.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law (Claim 10) ......... 16

      H.    Plaintiff's Cause of Action for Punitive Damages Does Not Exist (Claim
            13) ..................................................................................................................... 16

CONCLUSION ........................................................................................................................ 16

i

# TABLE OF AUTHORITIES

## Cases

*Aprigliano v. Am. Honda Motor Co.*,
   979 F. Supp. 2d 1331 (S.D. Fla. 2013) ................................................................. 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................... 3

*Brooks v. Blue Cross & Blue Shield of Fla.*,
   116 F.3d 1364 (11th Cir. 1997) ........................................................................ 11

*Bruner v. Anheuser-Busch, Inc.*,
   153 F. Supp. 2d 1358 (S.D. Fla. 2001),
   *aff'd*, 31 F. App'x 932 (11th Cir. 2002) ............................................................ 3

*Buckner v. Allergan Pharm., Inc.*,
   400 So. 2d 820 (Fla. Dist. Ct. App. 1981) ......................................................... 4

*City of Bloomington v. Westinghouse Elec. Corp.*,
   891 F.2d 611 (7th Cir. 1989) ........................................................................... 10

*City of Flagstaff v. Atchison, Topeka, & Santa Fe Ry. Co.*,
   719 F.2d 322 (9th Cir. 1983) ............................................................................. 5

*Clark v. Boeing Co.*,
   395 So. 2d 1226 (Fla. Dist. Ct. App. 1981) ....................................................... 3

*Coley v. Lucas Cty., Ohio*,
   2014 WL 273235 (N.D. Ohio Jan. 23, 2014),
   *aff'd*, 799 F.3d 530 (6th Cir. 2015) ................................................................ 15

*Cook v. MillerCoors, LLC*,
   829 F. Supp. 2d 1208 (M.D. Fla. 2011) ............................................................ 7

*Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*,
   693 So. 2d 602 (Fla. Dist. Ct. App. 1997) .................................................. 13, 14

*District of Columbia v. Air Florida, Inc.*,
   750 F.2d 1077 (D.C. Cir. 1984) ........................................................................ 5

*Doe v. Evans*,
   814 So. 2d 370 (Fla. 2002) .............................................................................. 12

*Eagletech Comms., Inc. v. Bryn Mawr Inv. Grp., Inc.*,
   79 So. 3d 855 (Fla. Dist. Ct. App. 2012) ................................................................ 15

*Estate of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC*,
   983 So. 2d 1175 (Fla. Dist. Ct. App. 2008) .............................................................. 8

*Extraordinary Title Servs., LLC v. Florida Power & Light Co.*,
   1 So. 3d 400 (Fla. Dist. Ct. App. 2009) ................................................................... 16

*Friedman v. Am. Guardian Warranty Servs.*,
   837 So. 2d 1165 (Fla. Dist. Ct. App. 2003) ............................................................ 12

*Grand Union Co. v. Rocker*,
   454 So. 2d 14 (Fla. Dist. Ct. App. 1984) .................................................................. 8

*Grunow v. Valor Corp. of Fla.*,
   904 So. 2d 551 (Fla. Dist. Ct. App. 2005) ................................................................ 8

*Harris v. Purdue Pharma, L.P.*,
   218 F.R.D. 590 (S.D. Ohio 2003) ............................................................................. 4

*Knight v. Merhige*,
   133 So. 3d 1140 (Fla. Dist. Ct. App. 2014) .............................................................. 7

*Labzda v. Purdue Pharma, L.P.*,
   292 F. Supp. 2d 1346 (S.D. Fla. 2003) ............................................................ 3, 6, 7

*Macbeg de Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*,
   2013 WL 12145905 (S.D. Fla. June 25, 2013) ........................................................ 10

*Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd.*,
   193 So. 3d 902 (Fla. Dist. Ct. App. 2015) .............................................................. 15

*Michael & Philip, Inc. v. Sierra*,
   776 So. 2d 294 (Fla. Dist. Ct. App. 2000) ................................................................ 6

*Mizzaro v. Home Depot, Inc.*,
   544 F.3d 1230 (11th Cir. 2008) .............................................................................. 11

*Murthy v. N. Sinha Corp.*,
   644 So. 2d 983 (Fla. 1994) ....................................................................................... 8

*N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*,
   666 F. Supp. 2d 1299 (M.D. Fla. 2009) .................................................................. 13

*Penelas v. Arms Tech., Inc.*,
   1999 WL 1204353 (Fla. Cir. Ct. Dec. 13, 1999),
   *aff'd*, 778 So. 2d 1042 (Fla. Dist. Ct. App. 2001) ......................................... passim

*PNR, Inc. v. Beacon Property Mgmt.*,
    842 So. 2d 773 (Fla. 2003) ........................................................................... 13

*Porsche Cars N. Am., Inc. v. Diamond*,
    140 So. 3d 1090 (Fla. Dist. Ct. App. 2014) ...................................... 13, 14

*Prohias v. Pfizer, Inc.*,
    490 F. Supp. 2d 1228 (S.D. Fla. 2007) ................................................ 16

*R.J. Reynolds Tobacco Co. v. Calloway*,
    201 So. 3d 753 (Fla. Dist. Ct. App. 2016) ........................................... 12

*R.J. Reynolds Tobacco Co. v. Martin*,
    53 So. 3d 1060 (Fla. Dist. Ct. App. 2010) ........................................... 11

*Republic of Venezuela ex rel. Garrido v. Philip Morris Cos.*,
    827 So. 2d 339 (Fla. Dist. Ct. App. 2002) ............................................. 5

*Reyes v. Wyeth Labs.*,
    498 F.2d 1264 (5th Cir. 1974) ................................................................ 4

*Rodriguez v. Recovery Performance & Marine, LLC*,
    38 So. 3d 178 (Fla. Dist. Ct. App. 2010) ....................................... 13, 15

*Rollins, Inc. v. Heller*,
    454 So. 2d 580 (Fla. Dist. Ct. App. 1984) ........................................... 14

*Russo v. Fink*,
    87 So. 3d 815 (Fla. Dist. Ct. App. 2012) ............................................. 15

*Smith v. 2001 S. Dixie Highway, Inc.*,
    872 So. 2d 992 (Fla. Dist. Ct. App. 2004) ........................................... 14

*Smith v. Hickenlooper*,
    164 F. Supp. 3d 1286 (D. Colo. 2016) ................................................... 8

*Soffer v. R.J. Reynolds Tobacco Co.*,
    187 So. 3d 1219 (Fla. 2016) ................................................................. 16

*Sorenson v. Prof'l Compounding Pharmacists of W. Pa.*,
    191 So. 3d 929 (Fla. Dist. Ct. App. 2016) ............................................. 8

*Sosa v. Coleman*,
    646 F.2d 991 (5th Cir. 1981) ................................................................. 5

*State v. Beach Blvd Automotive Inc.*,
    139 So. 3d 380 (Fla. Dist. Ct. App. 2014) ........................................... 14

*T.W.M. v. Am. Med. Sys., Inc.*,
  886 F. Supp. 842 (N.D. Fla. 1995) .......................................................... 8

*Trespalacios v. Valor Corp. of Fla.*,
  486 So. 2d 649 (Fla. Dist. Ct. App. 1986) .............................................. 7

*U.S. ex rel. Clausen v. Lab. Corp. of Am.*,
  290 F.3d 1301 (11th Cir. 2002) ............................................................ 11

*U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga.*,
  755 F. Supp. 1040 (S.D. Ga. 1990) ....................................................... 11

*Urling v. Helms Exterminators, Inc.*,
  468 So. 2d 451 (Fla. Dist. Ct. App. 1985) ............................................ 13

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*,
  917 So. 2d 368 (Fla. Dist. Ct. App. 2005) .............................................. 8

**Statutes**

Fla. Stat. § 501.202 ................................................................................ 13

Fla. Stat. § 501.203 ................................................................................ 13

Fla. Stat. § 501.207 .......................................................................... 13, 14

Fla. Stat. § 501.212 .......................................................................... 13, 14

**Rules**

Fed. R. Civ. P. 12 .................................................................................... 1

Fed. R. Civ. P. 9 ........................................................................ 10, 11, 15

**Other Authorities**

Restatement (Second) of Torts § 314 ....................................................... 6

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 56 (5th ed. 1984) .................... 7

For many of the same reasons that the *Summit County* complaint fails under Ohio law, the *Broward County* complaint also fails under Florida law.[1]  Defendants CVS Health Corporation, Walgreens Boots Alliance, Inc., and Walmart Inc. (the "Moving Defendants") therefore move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION, STATEMENT OF THE ISSUES, AND SUMMARY OF THE ARGUMENT

Broward County's cookie-cutter pleading rests on the same substantive allegations as the *Summit County* complaint.  It is thus no surprise that the 300-page Second Amended Complaint fails to allege one specific fact about how anything that any one of the Moving Defendants supposedly did (or did not do) impacted Broward County or any of its residents.  Indeed, while the Complaint devotes over 100 pages to a detailed description of an alleged "multi-pronged scheme" by the so-called "Marketing Defendants," *see* 2d Am. Compl. ¶¶ 143-464, it barely mentions the Moving Defendants by name.  If there was any actual evidence of a single instance where one of the Moving Defendants shipped a suspicious order to Broward County or filled an improper prescription in Broward County, such an allegation surely would have found its way into one of the Complaint's 1000 paragraphs.

Nevertheless, Plaintiff asserts eight separate claims against the Moving Defendants: a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Claim 5), public nuisance (Claim 6), negligence and gross negligence (Claims 8 and 9), unjust enrichment (Claim 10), common law fraud (Claim 11), civil conspiracy (Claim 12), and punitive damages (Claim 13).

---

[1]  *See generally* Mem. of Law in Supp. of Mot. to Dismiss Compl. by Defs. Walmart Inc., CVS Health Corp., Rite Aid Corp., and Walgreens Boots Alliance, Inc. filed in *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, No. 18-op-45090 (MDL Doc. No. 497-1) ("Moving Defs. Summit County Br.").

Every one of Plaintiff's claims fails because the Complaint rests on the same generalized injuries alleged in *Summit County* that fail to establish Article III standing.  Moreover, to the extent that Plaintiff intends to assert claims against the Moving Defendants as pharmacy chains rather than as distributors, the Complaint contains no allegations to support such a claim.  In addition, the municipal cost recovery rule bars all of the damages that Plaintiff seeks.  And the entire theory of Plaintiff's lawsuit—that intervening criminal acts and other conduct by third parties resulted in injuries to Broward County—negates any finding of proximate cause.

Even looking past those general failings, the Complaint asserts negligence claims that are unsupported by any legally cognizable duty; a public nuisance theory that the Florida courts have already rejected; and a hodgepodge of other claims that are insufficiently pleaded (fraud, deceptive trade practices, and civil conspiracy), inapplicable on their face (deceptive trade practices and unjust enrichment), or simply nonexistent (punitive damages).

For these reasons and others, as set forth more fully below and in the Major Distributors' Brief (which the Moving Defendants incorporate by reference), the Court should dismiss all of Plaintiff's claims against the Moving Defendants with prejudice.

## ARGUMENT

### I.    Plaintiff Lacks Standing.

As explained in the Moving Defendants' *Summit County* brief, Plaintiff's assertion of only generalized grievances common to the general public and derivative injuries means that Plaintiff lacks standing under Article III.  *See* Moving Defs. Summit County Br. 4-7.

### II.    Plaintiff Fails to State a Claim Against the Moving Defendants as Pharmacies.

Plaintiff's Complaint refers to the Moving Defendants as "Distributor Defendants," *e.g.*, 2d Am. Compl. ¶ 95, but then also includes factual allegations, unconnected to any cause of action, about some of the Moving Defendants' retail pharmacies.  As in *Summit County*, to

2

whatever extent Plaintiff intends to assert claims against the Moving Defendants as pharmacies rather than as distributors, such claims must be dismissed as insufficiently pleaded under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Moving Defs. Summit County Br. 7-8.

## III. Plaintiff's Claims Fail Because It Cannot Establish Proximate Cause.

Each of Plaintiff's claims fails because Plaintiff cannot establish that the alleged conduct of the Moving Defendants is the proximate cause of its injuries.

*First*, under Florida's "sole proximate cause" doctrine, the intentional misuse of a product such as a prescription opioid is, as a matter of law, the only legally relevant proximate cause of resulting injuries. *See Labzda v. Purdue Pharma, L.P.*, 292 F. Supp. 2d 1346, 1356 (S.D. Fla. 2003) ("Florida courts routinely apply the doctrine of sole proximate cause when the user intentionally misuses a product to his detriment."); *Clark v. Boeing Co.*, 395 So. 2d 1226, 1229 (Fla. Dist. Ct. App. 1981) (collecting cases). Thus, the court in *Labzda* held that the doctrine barred a lawsuit seeking to hold the manufacturer of the prescription opioid OxyContin liable for injuries caused by its misuse. 292 F. Supp. 2d at 1356 ("the intentional misuse of an intoxicating product is the sole proximate cause of the injury under Florida law"); *see also*, *e.g.*, *Bruner v. Anheuser-Busch, Inc.*, 153 F. Supp. 2d 1358, 1361 (S.D. Fla. 2001), *aff'd*, 31 F. App'x 932 (11th Cir. 2002) ("In Florida . . . voluntary drinking of alcohol is the proximate cause of an injury, rather than the manufacture or sale of those intoxicating beverages to that person.").

Any injuries that Broward County might try to connect to the Moving Defendants' conduct necessarily stem from the intentional misuse of diverted prescription opioids. Florida law deems that misuse—and not any preceding conduct of the Moving Defendants—to be the sole proximate cause of Plaintiff's injuries.

*Second,* the learned intermediary doctrine under Florida law precludes a finding of proximate cause.  Plaintiff seeks recovery based on the misuse of prescription opioids that were largely, if not entirely, obtained pursuant to doctors' prescriptions.  The learned intermediary doctrine charges a prescribing physician with knowledge of the risks and benefits of these medications and with responsibility for independently deciding whether to prescribe them to a patient.  *Buckner v. Allergan Pharm., Inc.*, 400 So. 2d 820, 822 (Fla. Dist. Ct. App. 1981) (the "medical expert" prescribing physician has "the task of weighing the benefits of any medication against its potential dangers," and "[t]he choice he makes is an informed one, an individualized medical judgment bottomed on a knowledge of both patient and palliative") (quoting *Reyes v. Wyeth Labs.*, 498 F.2d 1264, 1276 (5th Cir. 1974)).

Thus, if a prescription opioid falls into the wrong hands, the doctor's independent prescribing decision supersedes and breaks any causal link back to a distributor's prior shipment of the medication to a pharmacy where the patient happened to fill it.  *See*, *e.g.*, *Harris v. Purdue Pharma, L.P.*, 218 F.R.D. 590, 598 (S.D. Ohio 2003) ("The physician is sophisticated and can ascertain whether pressure from a patient is an indication of addictive behavior, and use his clinical judgment to address the problem.").

*Third*, just as in *Summit County*, the asserted causal chain between the alleged conduct of the Moving Defendants and Broward County's injuries is far too attenuated to sustain a finding of proximate cause.  *See* Moving Defs. Summit County Br. 14-17.  Under analogous circumstances, a Florida court rejected another county's attempt to recover for services provided to residents injured by firearms, holding that such damages "are purely derivative of damages suffered by third parties and are therefore too remote to be recoverable."  *Penelas v. Arms Tech., Inc.*, 1999 WL 1204353, *2 (Fla. Cir. Ct. Dec. 13, 1999), *aff'd*, 778 So. 2d 1042 (Fla. Dist. Ct.

App. 2001); *see also*, *e.g.*, *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos.*, 827 So. 2d 339, 341 (Fla. Dist. Ct. App. 2002) (where government sought "to recover for smoking-related medical expenses incurred by its citizens," the claims were "too remote, indirect, and derivative to survive").  Moreover, as noted in the Moving Defendants' Summit County brief at 14-15, the intervening causes at play here include third-party criminal misconduct, which generally breaks the chain of causation as a matter of law.  *See*, *e.g.*, *Sosa v. Coleman*, 646 F.2d 991, 993-94 (5th Cir. 1981) ("Only where the intervening criminal act was foreseeable will the original tortfeasor's negligence be the proximate cause of the injury") (applying Florida law).

## IV.    The Municipal Cost Recovery Rule Prohibits the Recovery that Plaintiff Seeks.

Even if Plaintiff's claims were otherwise viable, the municipal cost recovery rule forbids Broward County from recovering the damages that it seeks.

Plaintiff's claimed damages are textbook examples of the costs that a government entity may not recover through litigation: the costs of police, fire, and emergency services; expenses incurred providing residents with medical care; and the burden on the judicial system.  *See, e.g.*, 2d Am. Compl. ¶ 917.  In Florida, as elsewhere, the government may not seek "reimbursement for expenditures made in its performance of governmental functions" absent "express legislative authorization."  *Penelas*, 1999 WL 1204354, at *2.  Rather "the government's decision to provide tax-supported services," for which the costs are "borne by the public as a whole," is a "legislative policy determination" that a court may not modify.  *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1080 (D.C. Cir. 1984); *see also City of Flagstaff v. Atchison, Topeka, & Santa Fe Ry. Co.*, 719 F.2d 322, 324 (9th Cir. 1983) ("If the government has chosen to bear the cost . . . the decision implicates fiscal policy; the legislature and its public deliberative processes, rather than the court, is the appropriate forum to address such fiscal concerns.").

## V.      Plaintiff's Individual Claims Fail as a Matter of Law.

Beyond the general defects described above, Plaintiff's individual causes of action are also deficient as a matter of Florida law, federal pleading standards, or, in most cases, both.

### A.      Plaintiff's Negligence Claims Fail Because the Moving Defendants Do Not Owe It a Duty (Claims 8 and 9).

Any negligence claim requires a showing that the defendant owed a duty to the plaintiff. *Michael & Philip, Inc. v. Sierra*, 776 So. 2d 294, 296 (Fla. Dist. Ct. App. 2000). "The issue of whether a duty of care exists . . . is a question of law." *Id.* And it is clear as a matter of Florida law—just as it is under Ohio law in *Summit County*—that whatever common law duties the Moving Defendants might owe to others, they owe no relevant duty to Plaintiff Broward County itself. *See* Moving Defs. Summit County Br. 8-14.

Plaintiff does not allege that any of its injuries were caused directly by the Moving Defendants. Instead, Plaintiff's claimed injuries for which it blames the Moving Defendants occurred *only* after third parties illegally diverted prescription opioid medications to improper use, allegedly fueling further illegal activity, drug abuse, and addiction.

But the Moving Defendants owe no duty to Plaintiff to protect it from such actions of third parties. Recognizing the "general rule. . . that there is no duty to prevent the misconduct of third persons," the "Florida courts have long been loath to impose liability based on a defendant's failure to control the conduct of a third party." *Michael & Philip*, 776 So. 2d at 297 (citations and internal quotation marks omitted); *see also* Restatement (Second) of Torts § 314 ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.").

So, for example, in *Labzda*, the court held that OxyContin's manufacturer had no duty under Florida law to control the prescribing practices of a doctor whose patient died after

6

misusing the drug.  292 F. Supp. 2d at 1353-55 (finding no "duty on the defendants to interfere

with the physician-patient relationship, even if they were aware that the product may have been

prescribed inappropriately").  More generally, courts applying Florida law have routinely held

that those who make or sell a potentially dangerous product have no common law duty to stop its

misuse by a third party, including when the misuse is foreseeable.  *E.g.*, *Cook v. MillerCoors,

LLC*, 829 F. Supp. 2d 1208, 1217 (M.D. Fla. 2011) ("The common law has long recognized that

a commercial maker of alcoholic beverages owes no duty of care as regards the intended and

well recognized properties of their products.") (internal quotation marks omitted); *Trespalacios

v. Valor Corp. of Fla.*, 486 So. 2d 649, 651 (Fla. Dist. Ct. App. 1986) ("neither the manufacturer

nor distributor had a duty to prevent the sale of handguns to persons who are likely to cause harm

to the public").

Plaintiff cannot avoid this principle of Florida law by asserting in the most generic and

conclusory terms that "all Defendants" have a "special relationship" with Broward County by

virtue of their roles as "manufacturers, distributors, or dispensers" and allegedly "superior and

exclusive knowledge" of opioid medications.  2d Am. Compl. ¶ 950.

There is no support in Florida law for a "special relationship" that would impose on the

Moving Defendants an obligation to protect Plaintiff from the conduct of others.  The law

recognizes only a few such relationships, which are "'protective by nature, requiring the

defendant to guard his charge against harm from others.'"  *Knight v. Merhige*, 133 So. 3d 1140,

1145 (Fla. Dist. Ct. App. 2014) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law

of Torts* § 56, at 383 (5th ed. 1984)) (collecting examples).  Florida courts have never recognized

such a relationship under circumstances remotely like those present here, but have consistently

rejected them in analogous cases.  *See, e.g.*, *Labzda*, 292 F. Supp. 2d at 1355 (no "special

7

relationship" to support a duty in case against opioid manufacturer based on patient's death); *Penelas*, 1999 WL 1204353, at *3 ("The County does not and cannot allege a special relationship between it" and gun distributors and other defendants, or between "defendants and the third persons who allegedly cause injury to the County's citizens" through gun violence); *Grunow v. Valor Corp. of Fla.*, 904 So. 2d 551, 556 (Fla. Dist. Ct. App. 2005) (special relationship exception did not require distributor to prevent foreseeable misuse of firearms).

Finally, Plaintiff cannot manufacture a duty where none exists by citing legal obligations that arise under the federal Controlled Substances Act or the Florida Drug and Cosmetic Act. *See* Moving Defs. Summit County Br. 11-14.  Neither statute permits a private right of action. *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (CSA); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844-45 (N.D. Fla. 1995) (Florida Drug and Cosmetic Act).  Under Florida law, a statute that does not create private right of action likewise does not create a new legal duty that can support a negligence claim.  *Estate of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC*, 983 So. 2d 1175, 1181-82 (Fla. Dist. Ct. App. 2008).  At most, the statute may serve as evidence of the standard of care when a duty already exists.  *Id.* at 1182.[2]

Without a duty, there can be no cause of action for negligence, and Claims 8 and 9 for negligence and gross negligence must be dismissed.  *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co.*

---

[2]  Plaintiff cannot rescue its claim with an off-hand reference to "negligence *per se*."  2d Am. Compl. ¶ 947.  Abrogating earlier case law, the state supreme court has made clear that Florida law will not recognize a cause of action based on a statutory violation absent a clear legislative intent to create civil liability.  *See Sorenson v. Prof'l Compounding Pharmacists of W. Pa.*, 191 So. 3d 929, 933-34 (Fla. Dist. Ct. App. 2016) (citing *Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994), and describing the evolution of negligence *per se* in Florida).  And even under prior law, Plaintiff would not have been able to make the required showing that the statutes at issue are "designed to protect . . . a particular class of individuals" that includes Plaintiff, rather than "the general public."  *Grand Union Co. v. Rocker*, 454 So. 2d 14, 16 (Fla. Dist. Ct. App. 1984).

*of Md.*, 917 So. 2d 368, 374 (Fla. Dist. Ct. App. 2005) (both regular and gross negligence claims require plaintiff "to demonstrate that [the defendant] owed it a duty of care").

> **B.      Florida Law Does Not Recognize Plaintiff's Public Nuisance Claim (Claim 6).**

On top of the problems with standing, proximate cause, and damages, Plaintiff's public nuisance cause of action fails for two additional reasons:  Florida law does not recognize public nuisance claims based on the sale of a lawful product, and it will not impose liability for harms caused when the property causing a nuisance is outside the defendant's control.

*First*, as in other jurisdictions, *see* Moving Defs. Summit County Br. 19-20, Florida courts have rejected the nuisance theory advanced by Plaintiff.  In *Penelas v. Arms Technology, Inc.*, Miami-Dade County sued gun manufacturers, retailers, and trade associations, seeking injunctive relief and damages for costs incurred as a result of gun violence.  The trial court dismissed the county's nuisance claim, holding under Florida law that "[p]ublic nuisance does not apply to the design, manufacture, and distribution of a lawful product."  1999 WL 1204353, at *4.  The court of appeals agreed and characterized the county's claim as an improper attempt to "regulate firearms and ammunition through the medium of the judiciary."  *Penelas v. Arms Tech., Inc.*, 778 So. 2d 1042, 1045 (Fla. Dist. Ct. App. 2001).

The holding of *Penelas* requires dismissal here as well, where Plaintiff similarly attempts to create nuisance liability based on the distribution and sale of a lawful product that has, through third-party misuse, contributed to costly social problems.

*Second*, Plaintiff's nuisance claim fails because the Moving Defendants did not own or control the prescription opioids at issue when they are alleged to have caused Plaintiff's injuries.  The public nuisance here, according to the Complaint, is "opioid abuse, addiction, morbidity and mortality."  2d Am. Compl. ¶ 32.  Plaintiff does not—and could not—allege that any of that occurred while the Moving Defendants still had control over the prescription opioids that they

distributed.  Rather, the alleged nuisance did not occur until *after* the medications were in the hands of third parties and no longer within the Moving Defendants' control.

Under Florida law, "a party cannot be held liable for nuisance absent control of the activity which creates the nuisance." *Penelas*, 1999 WL 1204353, at *4.  Thus, just as there could be no nuisance claim in *Penelas* based on "the criminal or reckless misuse of firearms by third parties who are beyond the control of the defendants," *id.*, Florida law does not recognize a nuisance claim against the Moving Defendants based on the misuse of prescription opioids and associated criminality by third parties who are outside of the Moving Defendants' control.  *See also*, *e.g.*, *City of Bloomington v. Westinghouse Elec. Corp.*, 891 F.2d 611, 614 (7th Cir. 1989) (public nuisance claim based on improper disposal of PCBs by Monsanto's customer failed when "the pleadings do not set forth facts from which it could be concluded that Monsanto retained the right to control the PCBs beyond the point of sale").

### C.     The Fraud-Based Claims Do Not Satisfy Rule 9(b) (Claims 5, 11, and 12).

Three of the claims against the Moving Defendants—FDUTPA, common law fraud, and civil conspiracy—sound in fraud and are subject to the particularity requirement of Federal Rule of Civil Procedure 9(b).[3]

To satisfy Rule 9(b), "the complaint must allege: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of

---

[3]  Plaintiff's FDUTPA claim alleges an omission of material facts about compliance with regulatory requirements.  2d Am. Compl. ¶ 926; *see Macbeg de Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, 2013 WL 12145905, *3 (S.D. Fla. June 25, 2013) (when a "FDUTPA claim 'sounds in fraud,' courts have applied the heightened pleading standard set forth in Rule 9(b)").  For its civil conspiracy claim, Plaintiff alleges a "conspiracy to commit fraud and misrepresentation," "concerted action to perpetrate a fraud," and damages "as a result of Defendants' conspiracy to commit fraud."  2d Am. Compl. ¶¶ 993, 996-97.

omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'" *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013) (quoting *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).  That is, the plaintiff must "plead the who, what, when, where, and how."  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).  And "when Rule 9(b) applies 'pleadings generally cannot be based on information and belief.'"  *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga.*, 755 F. Supp. 1040, 1052 (S.D. Ga. 1990)).

Plaintiff has not pleaded a single fraudulent statement or omission by any of the Moving Defendants at all, much less with the particularity that Rule 9(b) requires.  Plaintiff relies instead on broad and conclusory allegations, *e.g.*, 2d Am. Compl. ¶ 926; *id.* ¶¶ 972–73; *id.* ¶¶ 980–82; *id.* ¶¶ 993, 996–98, assertions based on "information and belief," *e.g.*, *id.* ¶ 974, and attenuated inferences, *e.g.*, *id.* ¶ 985.  Consequently, all three fraud-based claims must be dismissed.

### D.     Plaintiff's Fraud Claim Does Not State a Cause of Action (Claim 11).

Beyond Plaintiff's failure to meet Rule 9(b)'s pleading standard, the few facts that Plaintiff does plead could not amount to actionable fraud under Florida law.

If Plaintiff has a fraud claim against the Moving Defendants, it is premised on an alleged fraudulent concealment of material facts.  *See* 2d Am. Compl. ¶ 971; *id.* ¶ 980–82.  The only fraud-related allegation potentially relevant to the Moving Defendants is that they supposedly "failed to disclose the prevalence of diversion of controlled substances, including opioids within Broward County."  *Id.* ¶ 972.  To prevail on such a concealment claim, Plaintiff must establish that the Moving Defendants "had a duty to disclose" this information to Plaintiff.  *R.J. Reynolds Tobacco Co. v. Martin*, 53 So. 3d 1060, 1068 (Fla. Dist. Ct. App. 2010).

But such a duty to disclose only "arises when one party has information which the other party has a right to know *because* there is a fiduciary or other relation of trust or confidence." *Friedman v. Am. Guardian Warranty Servs.*, 837 So. 2d 1165, 1166 (Fla. Dist. Ct. App. 2003) (emphasis added). Under Florida law, "[a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another." *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002). And a "relation of trust and confidence exists . . . where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused." *Id.* Plaintiff has pleaded no facts that would permit a finding that it had either such relationship with any of the Moving Defendants in support of its fraudulent concealment claim.

Moreover, Plaintiff's allegations of reliance and causation are legally inadequate. While it is well-settled that the reliance element of a fraud claim "cannot be satisfied by assumptions," *R.J. Reynolds Tobacco Co. v. Calloway*, 201 So. 3d 753, 766 (Fla. Dist. Ct. App. 2016), assumptions are all that Plaintiff pleads. *See*, *e.g.*, 2d Am. Compl. ¶ 985 (Plaintiff's "detrimental reliance can be inferred from the widespread, pervasive, misleading, and effective opioid marketing campaign" it alleges). And despite the requirement for a fraudulent concealment claim that, "but for the alleged . . . nondisclosure, the [plaintiff] would not have entered the transaction," *R.J. Reynolds*, 201 So. 3d at 766, Plaintiff has not identified any transaction involving the Moving Defendants that it would have declined if they had said more.

### E. The Florida Deceptive and Unfair Trade Practices Act Does Not Permit Plaintiff's Claim (Claim 5).

Plaintiff's FDUTPA claim fails on numerous grounds in addition to the Complaint's failure to establish causation or plead fraud with particularity.

*First*, Plaintiff's claim bears no resemblance to what FDUTPA contemplates and the Florida courts have upheld.  FDUTPA's purpose is to protect consumers from "unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer."  *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010) (quoting *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. Dist. Ct. App. 1985)); *see also* Fla. Stat. § 501.202(2).[4]

The Moving Defendants are aware of no Florida authority permitting a FDUTPA claim anything like this one, which is (1) brought not by a consumer but by a local government without enforcement power[5] and (2) based not on any misleading statement or omission *to* consumers or *about* a product or service—or even *related to* any identifiable consumer transaction.  As well as can be discerned, Plaintiff's FDUTPA theory is that each Moving Defendant should have told Plaintiff (and, presumably, every other Florida government entity) that it was supposedly out of compliance with DEA monitoring and reporting rules.  *See* 2d Am. Compl. ¶ 926.  Plaintiff

---

[4] The statutory text and Florida precedent bear out the court's finding in *Rodriguez* that FDUTPA's purpose is to protect consumers from unfair business practices when they purchase goods or services.  For example, an unfair act or practice under FDUTPA must result in injury "to the consumer."  *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1096 (Fla. Dist. Ct. App. 2014).  Deception under FDUTPA requires a "representation, omission, or practice that is likely to mislead *the consumer* acting reasonably in the circumstances, to *the consumer's* detriment."  *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 666 F. Supp. 2d 1299, 1311 (M.D. Fla. 2009) (quoting *PNR, Inc. v. Beacon Property Mgmt.*, 842 So. 2d 773, 777 (Fla. 2003)) (emphasis added).  And damages under FDUTPA are limited to "the economic diminution in value of a product or service."  *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So. 2d 602, 606 (Fla. Dist. Ct. App. 1997); *see also* Fla. Stat. § 501.212(3) (FDUTPA does not apply to "[a] claim for personal injury or death or a claim for damage to property other than the property that is the *subject of the consumer transaction*") (emphasis added).

[5] In places, Plaintiff appears to say that it might itself be a "consumer" under FDUTPA.  *See* 2d Am. Compl. ¶ 922.  But it has not identified a single purchase of any prescription opioid from any of the Moving Defendants.  Nor can Broward County bring a FDUTPA claim on behalf of its residents.  The statute permits public enforcement only by the "enforcing authority"—which expressly includes the Office of the State Attorney and the Florida Department of Legal Affairs, but *not* individual county governments.  Fla. Stat. §§ 501.203(2), 501.207(1).

13

would thus have the Court read FDUTPA to impose a duty on every business in Florida to inform all government entities of noncompliance with any regulation, even government entities that did not impose the regulation at issue, and even when the regulation creates no duty to that government entity and no consumer has been misled.  The statute cannot bear the weight of such an implausible interpretation that would vastly expand FDUTPA's reach beyond anything suggested in its text or Florida precedent.

*Second*, deception occurs under FDUTPA only "if there is a representation, omission, or practice that is likely to mislead consumers acting reasonably in the circumstances, to the consumers' detriment."  *State v. Beach Blvd Automotive Inc.*, 139 So. 3d 380, 387 (Fla. Dist. Ct. App. 2014).  And unfairness requires a consumer injury that is (1) "substantial," (2) not "outweighed by any countervailing benefits to consumers or competition," and (3) "an injury that consumers themselves could not have reasonably avoided."  *Porsche Cars*, 140 So. 3d at 1096. The conclusory allegations of Plaintiff's Complaint suggest no facts that could support such a finding of an unfair or deceptive act or practice here.

*Third*, to the extent that Plaintiff seeks relief based on harm to its residents who abused, became addicted to, or were otherwise injured by opioids, FDUTPA expressly bars the claim. Fla. Stat. § 501.212(3) (FDUTPA "does not apply to . . . [a] claim for personal injury or death").

*Fourth*, the only damages available under FDUTPA are "actual damages," *id.* § 501.207(1), defined as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered."  *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. Dist. Ct. App. 1984); *see also Delgado*, 693 So. 2d at 606 (damages limited to "economic diminution in value").  Plaintiff pleads no such damages anywhere in its Complaint.  *See Smith v. 2001 S. Dixie Highway, Inc.*,

14

872 So. 2d 992, 993-94 (Fla. Dist. Ct. App. 2004) (no special or consequential damages under

FDUTPA).  And "when a plaintiff . . . fails to allege a recoverable loss under FDUTPA, the

complaint fails to state a cause of action under FDUTPA."  *Rodriguez*, 38 So. 3d at 180.

### F.      Plaintiff Fails to State a Civil Conspiracy Claim (Claim 12).

Aside from the failure to comply with Rule 9(b), Plaintiff's attempt to plead a civil

conspiracy claim fails on its face.

Plaintiff's Complaint is devoid of any specific allegations that could show an agreement

(much less an actionable "conspiracy") among the Moving Defendants to do anything.  Rather,

the Complaint offers only the vaguest of generalizations, such as that "through an express or

implied agreement among them, all Defendants were involved in a concerted action to perpetrate

a fraud on Plaintiff by the unlawful distribution and diversion of opioids into and around

Broward County."  2d Am. Compl. ¶ 993(b).  Florida law, however, requires "'clear, positive,

and specific allegations of civil conspiracy.'"  *Eagletech Comms., Inc. v. Bryn Mawr Inv. Grp.,

Inc.*, 79 So. 3d 855, 863 (Fla. Dist. Ct. App. 2012); *see also, e.g.*, *Coley v. Lucas Cty., Ohio*,

2014 WL 273235, *12 (N.D. Ohio Jan. 23, 2014), *aff'd*, 799 F.3d 530 (6th Cir. 2015) ("It is well

settled that 'conspiracy claims must be pled with some degree of specificity, and vague or

conclusory allegations that are unsupported by material facts will not be sufficient to state a

claim.'").

But even if Plaintiff had pleaded something resembling a conspiracy, the claim still could

not succeed.  The elements of a civil conspiracy claim include "'an agreement between two or

more parties'" to "'do an unlawful act or to do a lawful act by unlawful means.'"  *Russo v. Fink*,

87 So. 3d 815, 819 (Fla. Dist. Ct. App. 2012).  Because Plaintiff cannot establish an underlying

cause of action for the reasons explained above, there is no "unlawful act" or "unlawful means"

to serve as a basis for its conspiracy claim. *See Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd.*,

15

193 So. 3d 902, 909 (Fla. Dist. Ct. App. 2015) ("If a particular wrong is not pled as the underlying basis for the conspiracy, then the complainant must be precluded from recovery on the basis of any conspiracy to commit that wrong.") (internal quotation marks omitted).

### G.     Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law (Claim 10).

Under Florida law, the doctrine of unjust enrichment "only applies where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it." *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1235-36 (S.D. Fla. 2007).

Plaintiff's 300-page Complaint does not identify one instance in which it purchased prescription opioids from any of the Moving Defendants or otherwise conferred a benefit that the Moving Defendants "voluntarily accepted and retained."  Plaintiff's unjust enrichment claim therefore fails as a matter of law.  *See Extraordinary Title Servs., LLC v. Florida Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009); Moving Defs. Summit County Br. 21.

### H.     Plaintiff's Cause of Action for Punitive Damages Does Not Exist (Claim 13).

"[A] demand for punitive damages is 'not a separate and distinct cause of action'" in Florida, but is only "'auxiliary to, and dependent upon, the existence of an underlying claim.'" *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1221 (Fla. 2016).  Claim 13, which purports to assert such a distinct cause of action, must therefore be dismissed.

**CONCLUSION**

All claims against the Moving Defendants should be dismissed with prejudice.

Dated:  June 8, 2018                    Respectfully submitted,

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC  20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Health Corporation*

/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Motion to Dismiss by CVS Health Corporation, Walgreens Boots Alliance, Inc., and Walmart Inc. is within the pages limitations permitted by CMO 1 and CMO 4 in this matter.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that this 8th day of June, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*