**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Cabell County Commission v. AmerisourceBergen Drug Corp.*, et al., Case No. 17-op-45053 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

FACTS AND PROCEDURAL HISTORY ........................................................................................... 1

LEGAL STANDARD ............................................................................................................................ 3

ANALYSIS ............................................................................................................................................. 3

    A.  There Is No Specific Jurisdiction over CVS Health in West Virginia. .......................... 4

    B.  There Is No General Jurisdiction over CVS Health in West Virginia. .......................... 5

CONCLUSION ....................................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*BNSF Ry. Co. v. Tyrrell*,
   137 S.Ct. 1549 (2017) .................................................................................................. 5, 6

*Callum v. CVS Health Corp.*,
   137 F. Supp. 3d 817 (D.S.C. 2015) ........................................................................... 1, 5, 6

*Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc.*,
   334 F.3d 390 (4th Cir. 2003) ....................................................................................... 3, 4

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
   561 F.3d 273 (4th Cir. 2009) ........................................................................................... 3

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) .......................................................................... 1, 5

*HSBC Bank USA, Nat'l Ass'n v. Resh*,
   No. 3:12-cv-00668, 2015 WL 4772524 (S.D.W. Va. Aug. 12, 2015) .............................. 4

*Landis v. Jarden Corp.*,
   No. 2:11-CV-101, 2012 WL 12892209 (N.D.W. Va. Mar. 9, 2012) ............................ 3, 5

*Wince v. Easterbrooke Cellular Corp.*,
   681 F. Supp. 2d 688  (N.D.W. Va. 2010) ..................................................................... 3, 5

**STATUTES**

18 U.S.C. § 1965(b) ............................................................................................................... 4

**PRELIMINARY STATEMENT**

This motion is straightforward—Plaintiff Cabell County Commission ("Plaintiff") has sued the wrong party. While the Second Amended Complaint asserts claims against CVS Health Corporation ("CVS Health") for the wholesale distribution of prescription opioids in West Virginia, CVS Health does not distribute prescription opioids or any other pharmaceutical. Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission. Plaintiff's claims do not arise out of these limited activities, and these activities do not take place in West Virginia, where Cabell County is located. Personal jurisdiction therefore does not lie. Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).

Based on the allegations in the complaint, Plaintiff apparently wishes to pursue claims against one or more CVS distribution entities that it believes distributed prescription opioids into Cabell County (by way of example, other suits in this MDL name as a distributor defendant CVS Indiana, L.L.C.). The entities that distributed prescription opioids into Cabell County presumably are identified in the ARCOS data that has been produced in this litigation, and counsel for CVS Health is willing to cooperate with Plaintiff to substitute CVS defendants in an efficient manner.

**FACTS AND PROCEDURAL HISTORY**

On May 30, 2018, Plaintiff filed its Second Amended Complaint in this multi-district litigation. Plaintiff's allegations stem from the "misuse, abuse, and over-prescription of opioids" and manufacturers' and distributors' alleged roles in "contributing to the oversupply of such

drugs and [in] fueling an illegal secondary market" for them in West Virginia. Second Am. Compl. ¶¶ 2, 9.

CVS Health is grouped with the other alleged "Distributor Defendants" in the complaint. Second Am. Compl. ¶ 94. Plaintiff states that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law." Second Am. Compl. ¶ 81. Specifically, CVS Health is alleged to have "distributed prescription opioids throughout the United States, including in West Virginia and Plaintiff's Community." Second Am. Compl. ¶ 86.

Contrary to the complaint's allegations, CVS Health does not manufacture, distribute, or dispense opioids in West Virginia or elsewhere. *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss ("Moffatt Decl.") ¶ 9. In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service. *Id.*

Rather than a distributor of controlled substances, CVS Health is a holding company with no operations other than those related to its status as a holding company. *Id.* ¶ 4. Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. *Id.*

CVS Health has no offices, facilities, assets, income, employees, or operations in West Virginia. *Id.* ¶ 6. It is organized under the laws of Delaware and has its principal place of business in Rhode Island. *Id.* ¶ 5. It is not qualified as a foreign corporation under the laws of West Virginia, does not have a registered agent for service of process there, and is not regulated

by any West Virginia state agency. *Id.* ¶ 6. It does not hold, nor has it ever held, a wholesale distributor license in West Virginia. *Id.*

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities. *Id.* ¶ 10. CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids. *Id.* ¶ 8.

## LEGAL STANDARD

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Landis v. Jarden Corp.*, No. 2:11-CV-101, 2012 WL 12892209, at *2 (N.D.W. Va. Mar. 9, 2012) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)). A plaintiff must come forth with affidavits or other evidence to support a *prima facie* case of jurisdiction. *Id.* (citations omitted).

## ANALYSIS

Personal jurisdiction is determined based on the forum state's long-arm statute and due process. *Landis*, 2012 WL 12892209, at *2; *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 691 (N.D.W. Va. 2010) (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009)). West Virginia's long-arm statute extends to the constitutional limit and thus the statutory and due process inquiries merge. *Landis*, 2012 WL 12892209, at *2 (citations omitted). The Due Process Clause permits two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit need not arise from the defendant's contacts. *Carefirst*, 334 F.3d at 397. Neither applies here.

### A. There Is No Specific Jurisdiction over CVS Health in West Virginia.

Under the Due Process Clause, specific jurisdiction exists only where (1) the defendant has purposefully availed itself of conducting business in the state; (2) the plaintiff's claims arise out of those activities directed at the state; and (3) the exercise of jurisdiction would be constitutionally reasonable. *Carefirst*, 334 F.3d at 397 (citations omitted).

Plaintiff alleges that specific jurisdiction exists over CVS Health based on its allegations that the Distributor Defendants distributed prescription opioids into West Virginia and thus conducted business in West Virginia or otherwise directed their actions toward the state.[1] Second Am. Compl. ¶ 28. But, as noted above, CVS Health is a holding company, not an operating company. It is not the entity that distributed prescription opioids and does not direct, manage, or supervise the operations or employees of its subsidiaries that did distribute prescription opioids. Moffatt Decl. ¶¶ 8-9. As a holding company, it has no real business operations at all, and it has no relevant contacts with West Virginia. *Id.* ¶¶ 4, 6.

Plaintiff's other allegations regarding jurisdiction are similarly misplaced. Contrary to its allegations, Second Am. Compl. ¶ 28, CVS Health has not registered an agent for service of process in West Virginia, and it does not hold, and never has held, a manufacturer or distributor license in West Virginia. Moffat Decl. ¶ 6. And while Plaintiff alleges that CVS Health conducts business as a licensed wholesale distributor "through its various DEA registered subsidiaries," Second Am. Compl. ¶ 86, this allegation ignores the fact that CVS Health is a

---

[1] Plaintiff also alleges that this Court has personal jurisdiction over all of the defendants based on 18 U.S.C. § 1965(b). Second Am. Compl. ¶ 25. Section 1965 allows for nationwide service of process for RICO claims, and Plaintiff alleges that the "interests of justice require . . . all members of the national RICO enterprise" be brought before the court in a single trial. *Id.* But section 1965 does not apply to CVS Health—no RICO claim is asserted against it. *See generally* Second Am. Compl.; *HSBC Bank USA, Nat'l Ass'n v. Resh*, No. 3:12-cv-00668, 2015 WL 4772524, at *4 (S.D.W. Va. Aug. 12, 2015) (stating that, for personal jurisdiction to exist over a defendant under section 1965, the plaintiff must have a colorable RICO claim against the defendant (citation omitted)).

separate and distinct company from its subsidiaries.  Moffatt Decl. ¶ 10; *see Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Landis*, 2012 WL 12892209, at *3 (no personal jurisdiction over defendant that was "a passive holding company of its subsidiary defendant companies"); *Wince*, 681 F. Supp. 2d at 692 (no personal jurisdiction over "holding company that conducts no business and sells no services or products in West Virginia, or elsewhere").  Specific jurisdiction simply does not exist.

**B.     There Is No General Jurisdiction over CVS Health in West Virginia.**

Plaintiff does not even try to allege that general jurisdiction over CVS Health would be proper.  Second Am. Compl. ¶ 28.  And for good reason.  CVS Health is a Delaware corporation with its principal place of business in Rhode Island.  Moffatt Decl. ¶ 5.  It does no business in West Virginia and has no offices, facilities, assets, income, employees, or operations there.  *Id.* ¶ 6.  There is no ground whatsoever to subject CVS Health to general jurisdiction in West Virginia.

Indeed, corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state."  *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citation omitted).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business.  *Id.*  West Virginia is neither CVS Health's state of incorporation nor its principal place of business; general jurisdiction therefore does not exist.  *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California");

5

*Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 8, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: June 8, 2018
Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 8, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

                                                /s/ *Eric R. Delinsky*
                                                Eric R. Delinsky