**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>    *City of Chicago v.*<br>    *Cardinal Health Inc.*, et al.,<br>    Case No. 18-op-45281 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
**FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

FACTS AND PROCEDURAL HISTORY .........................................................................1

LEGAL STANDARD..........................................................................................................3

ANALYSIS...........................................................................................................................3

    A.  There Is No Specific Jurisdiction over CVS Health in Illinois......................................3

    B.  There Is No General Jurisdiction over CVS Health in Illinois. ....................................5

CONCLUSION.....................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*BNSF Ry. Co. v. Tyrrell*,
  137 S.Ct. 1549 (2017) .................................................................................................... 5

*Callum v. CVS Health Corp.*,
  137 F. Supp. 3d 817 (D.S.C. 2015) ............................................................................. 1, 4, 5

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ........................................................................ 1, 4, 5

*N. Grain Mktg., LLC v. Greving*,
  743 F.3d 487 (7th Cir. 2014) ........................................................................................ 3, 4

*Sotelo v. DirectRevenue, LLC*,
  384 F. Supp. 2d 1219 (N.D. Ill. 2005) .......................................................................... 3, 4

## PRELIMINARY STATEMENT

This motion is straightforward—Plaintiff City of Chicago ("Plaintiff") has sued the wrong party.  While the First Amended Complaint asserts claims against CVS Health Corporation ("CVS Health") for the wholesale distribution of prescription opioids in Chicago, CVS Health does not distribute prescription opioids or any other pharmaceutical.  Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission.  Plaintiff's claims do not arise out of these limited activities, and these activities do not take place in Chicago.  Personal jurisdiction therefore does not lie.  Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities.  *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).

Based on the allegations in the complaint, Plaintiff apparently wishes to pursue claims against one or more CVS distribution entities that it believes distributed prescription opioids into Chicago (by way of example, other suits in this MDL name as a distributor defendant CVS Indiana, L.L.C.).  The entities that distributed prescription opioids into Chicago presumably are identified in the ARCOS data that has been produced in this litigation, and counsel for CVS Health is willing to cooperate with Plaintiff to substitute CVS defendants in an efficient manner.

## FACTS AND PROCEDURAL HISTORY

On May 10, 2018, Plaintiff filed its First Amended Complaint in this multi-district litigation.  Plaintiff's allegations stem from the "misuse, abuse, and over-prescription of opioids" and distributors' alleged roles in "contributing to the oversupply of such drugs and [in] fueling an illegal secondary market" for them in Chicago.  First Am. Compl. ¶¶ 2, 9.

CVS Health is grouped with the other alleged "Distributors" in the complaint.  First Am. Compl. ¶ 43.  Plaintiff states that the Distributors "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law."  First Am. Compl. ¶ 33.  Specifically, CVS Health is alleged to have "distributed prescription opioids throughout the United States, including in Illinois and Chicago."  First Am. Compl. ¶ 41.

Contrary to the complaint's allegations, CVS Health does not manufacture, distribute, or dispense opioids in Illinois or elsewhere.  *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss ("Moffatt Decl.") ¶ 9.  In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service.  *Id.*

Rather than a distributor of controlled substances, CVS Health is a holding company with no operations other than those related to its status as a holding company.  *Id.* ¶ 4.  Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission.  *Id.*

CVS Health has no offices, facilities, assets, income, employees, or operations in Illinois. *Id.* ¶ 6.  It is organized under the laws of Delaware and has its principal place of business in Rhode Island.  *Id.* ¶ 5.  It is not qualified as a foreign corporation under the laws of Illinois, does not have a registered agent for service of process there, and is not regulated by any Illinois state agency.  *Id.* ¶ 6.  It does not hold, nor has it ever held, a wholesale distributor license in Illinois.  *Id.*

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities.  *Id.* ¶ 10.  CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees

of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids.  *Id.* ¶ 8.

## LEGAL STANDARD

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant.  *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). The Court may consider affidavits submitted by the parties, and while it must resolve any factual *disputes* in Plaintiff's favor, it must also accept all *undisputed* factual allegations as true.  *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1225 (N.D. Ill. 2005) (citations omitted).

## ANALYSIS

Where the Court's subject matter jurisdiction is based on diversity jurisdiction, as Plaintiff alleges here, First Am. Compl. ¶ 22, personal jurisdiction is determined based on the forum state's long-arm statute and due process.  *Sotelo*, 384 F. Supp. 2d at 1225.  Because the Illinois long-arm statute allows for jurisdiction on any basis permitted by the Illinois Constitution and U.S. Constitution, the statutory and constitutional questions merge.  *Greving*, 743 F.3d at 491-92.  The Due Process Clause permits two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit need not arise from the defendant's contacts.  *Greving*, 743 F.3d at 492.  Neither applies here.

### A.      There Is No Specific Jurisdiction over CVS Health in Illinois.

Under the Due Process Clause, specific jurisdiction exists only where (1) the defendant has purposefully directed its activities at the state or purposefully availed itself of conducting business there; and (2) the alleged injury arises out of those forum-related activities.  *Greving*,

743 F.3d at 492 (citation omitted).  The defendant's connection with the forum also must be substantial enough to make jurisdiction reasonable.  *Id.*

Plaintiff alleges that specific jurisdiction exists over CVS Health based on its allegations that the Distributors distributed prescription opioids in Illinois and thus conducted business in Illinois or otherwise directed their actions toward the state.  First Am. Compl. ¶ 23.  But, as noted above, CVS Health is a holding company, not an operating company.  It is not the entity that distributed prescription opioids and does not direct, manage, or supervise the operations or employees of its subsidiaries that did distribute prescription opioids.  Moffatt Decl. ¶¶ 8-9.  As a holding company, it has no real business operations at all, and it has no relevant contacts with Illinois.  *Id.* ¶¶ 4, 6.

Plaintiff's other allegations regarding jurisdiction are similarly misplaced.  Contrary to its allegations, First Am. Compl. ¶ 23, CVS Health has not registered an agent for service of process in Illinois, and it does not hold, and never has held, an Illinois wholesale distributor license.  Moffat Decl. ¶ 6.  The fact that some of CVS Heath's subsidiaries and affiliates may have done so does not create jurisdiction over CVS Health, as CVS Health is a separate and distinct company from its subsidiaries.  *Id.* ¶ 10; *see Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Sotelo*, 384 F. Supp. 2d at 1226 ("A holding company that neither transacts business nor contracts to provide products or services in Illinois is not subject to personal jurisdiction in Illinois.").  Specific jurisdiction simply does not exist.

### B.     There Is No General Jurisdiction over CVS Health in Illinois.

Plaintiff does not even try to allege that general jurisdiction over CVS Health would be proper.  First Am. Compl. ¶ 23.  And for good reason.  CVS Health is a Delaware corporation with its principal place of business in Rhode Island.  Moffatt Decl. ¶ 5.  It does no business in Illinois and has no offices, facilities, assets, income, employees, or operations there.  *Id.* ¶ 6. There is no ground whatsoever to subject CVS Health to general jurisdiction in Illinois.

Indeed, corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state."  *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citation omitted).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business.  *Id.*  Illinois is neither CVS Health's state of incorporation nor its principal place of business; general jurisdiction therefore does not exist.  *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).

**CONCLUSION**

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 8, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions.  Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: June 8, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 8, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky