**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*County of Monroe, Michigan v. Purdue Pharma L.P.*, et al.,<br>Case No. 18-op-45158 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT <u>FOR LACK OF PERSONAL JURISDICTION</u>**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTS AND PROCEDURAL HISTORY ............................................................................1

LEGAL STANDARD............................................................................................................3

ANALYSIS............................................................................................................................3

      A.  There Is No Specific Jurisdiction over CVS Health in Michigan.................................4

      B.  There Is No General Jurisdiction over CVS Health in Michigan. ................................5

CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**

*Akbar v. Bangash*,
   No. 15-cv-12688, 2017 WL 4334912 (E.D. Mich. July 11, 2017) ............................................ 3

*BNSF Ry. Co. v. Tyrrell*,
   137 S.Ct. 1549 (2017) ................................................................................................. 5, 6

*Callum v. CVS Health Corp.*,
   137 F. Supp. 3d 817 (D.S.C. 2015) ................................................................................ 1, 4, 5

*Conn v. Zakharov*,
   667 F.3d 705 (6th Cir. 2012) .......................................................................................... 3, 5

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) ............................................................................ 1, 4, 5

*Lafarge Corp. v. Altech Environment, U.S.A.*,
   220 F. Supp. 2d 823 (E.D. Mich. 2002) .......................................................................... 3, 4, 5

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) ........................................................................................... 3

**STATUTES**

Mich. Comp. Laws § 600.711 .................................................................................................. 5

Mich. Comp. Laws § 600.715 ............................................................................................... 4, 5

## PRELIMINARY STATEMENT

This motion is straightforward—Plaintiff Monroe County ("Plaintiff") has sued the wrong party. While the Second Amended Complaint asserts claims against CVS Health Corporation ("CVS Health") for the wholesale distribution of prescription opioids in Monroe County, CVS Health does not distribute prescription opioids or any other pharmaceutical. Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission. Plaintiff's claims do not arise out of these limited activities, and these activities do not take place in Michigan, where Monroe County is located. Personal jurisdiction therefore does not lie. Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).

Based on the allegations in the complaint, Plaintiff apparently wishes to pursue claims against one or more CVS distribution entities that it believes distributed prescription opioids into Monroe County (by way of example, other suits in this MDL name as a distributor defendant CVS Indiana, L.L.C.). The entities that distributed prescription opioids into Monroe County presumably are identified in the ARCOS data that has been produced in this litigation, and counsel for CVS Health is willing to cooperate with Plaintiff to substitute CVS defendants in an efficient manner.

## FACTS AND PROCEDURAL HISTORY

On May 30, 2018, Plaintiff filed its Second Amended Complaint in this multi-district litigation. Plaintiff's allegations stem from the "misuse, abuse, and over-prescription of opioids" and manufacturers' and distributors' alleged roles in "contributing to the oversupply of such

drugs and [in] fueling an illegal secondary market" for them in Michigan.  Second Am. Compl. ¶¶ 2, 9.

CVS Health is grouped with the other alleged "Distributor Defendants" in the complaint.  Second Am. Compl. ¶ 88.  Plaintiff states that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law."  Second Am. Compl. ¶ 77.  Specifically, CVS Health is alleged to have "distributed prescription opioids throughout the United States, including in Michigan and Monroe County."  Second Am. Compl. ¶ 82.

Contrary to the complaint's allegations, CVS Health does not manufacture, distribute, or dispense opioids in Michigan or elsewhere.  *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss ("Moffatt Decl.") ¶ 9.  In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service.  *Id.*

Rather than a distributor of controlled substances, CVS Health is a holding company with no operations other than those related to its status as a holding company.  *Id.* ¶ 4.  Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission.  *Id.*

CVS Health has no offices, facilities, assets, income, employees, or operations in Michigan.  *Id.* ¶ 6.  It is organized under the laws of Delaware and has its principal place of business in Rhode Island.  *Id.* ¶ 5.  It is not qualified as a foreign corporation under the laws of Michigan, does not have a registered agent for service of process there, and is not regulated by any Michigan state agency.  *Id.* ¶ 6.  It does not hold, nor has it ever held, a wholesale distributor license in Michigan.  *Id.*

2

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities. *Id.* ¶ 10. CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids. *Id.* ¶ 8.

## LEGAL STANDARD

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citation omitted). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted); *see also Conn*, 667 F.3d at 711 (stating that a plaintiff must offer specific facts in support of jurisdiction).

## ANALYSIS

Personal jurisdiction is determined based on the forum state's long-arm statute and due process. *Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F. Supp. 2d 823, 827 (E.D. Mich. 2002) (diversity case); *Akbar v. Bangash*, No. 15-cv-12688, 2017 WL 4334912, at *5 (E.D. Mich. July 11, 2017) (federal question); *see also* Second Am. Compl. ¶ 24 (alleging both federal question and diversity jurisdiction). There are two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit need not arise from the defendant's contacts. *Conn*, 667 F.3d at 712-13; *see also Akbar*, 2017 WL 4334912, at *6 (citing *Conn*). Neither applies here.

### A.  There Is No Specific Jurisdiction over CVS Health in Michigan.

In Michigan, courts must first determine whether the requirements of its long-arm statute are met and, if so, then consider whether jurisdiction comports with due process. *Lafarge*, 220 F. Supp. 2d at 828. Plaintiff appears to allege specific jurisdiction lies under Michigan's long-arm statute based on its allegations that the Distributor Defendants distributed prescription opioids in Michigan and thus transacted business in Michigan, supplied goods in Michigan, and/or caused injury in Michigan. Second Am. Compl. ¶ 25 (citing Mich. Comp. Laws § 600.715). But, as noted above, CVS Health is a holding company, not an operating company. It is not the entity that distributed prescription opioids and does not direct, manage, or supervise the operations or employees of its subsidiaries that did distribute prescription opioids. Moffatt Decl. ¶¶ 8-9. As a holding company, it has no real business operations at all, and it has no relevant contacts with Michigan. *Id.* ¶¶ 4, 6.

Plaintiff also alleges that CVS Health "through its various DEA registrant subsidiaries and affiliated entities, distributed prescription opioids . . . in Michigan." Second Am. Compl. ¶ 82. But these allegations ignore the fact that CVS Health is a separate and distinct company from its subsidiaries. Moffatt Decl. ¶ 10; *see Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Lafarge*, 220 F. Supp. 2d at 827 (stating that the jurisdictional "analysis must focus on what the parent corporation has done, not its subsidiary," and finding no jurisdiction over the parent corporation).[1] Specific jurisdiction does not exist.

---

[1]  Even if the long-arm statute was satisfied, personal jurisdiction would be improper under the Due Process Clause, which looks to whether: (1) the defendant has purposefully availed itself of the privilege

4

### B. There Is No General Jurisdiction over CVS Health in Michigan.

Plaintiff does not even try to allege that general jurisdiction over CVS Health would be proper. Second Am. Compl. ¶ 25 (citing the specific jurisdiction statute, Mich. Comp. Laws § 600.715, but not the general jurisdiction statute, Mich. Comp. Laws § 600.711). And for good reason. General jurisdiction does not lie under Michigan's long-arm statute or the U.S. Constitution. *See* Mich. Comp. Laws § 600.711 (allowing for general jurisdiction where corporation is incorporated in the state, has consented to jurisdiction, or has continuous and systematic contacts with the state); *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017). CVS Health is a Delaware corporation with its principal place of business in Rhode Island. Moffatt Decl. ¶ 5. It does no business in Michigan and has no offices, facilities, assets, income, employees, or operations there. *Id.* ¶ 6. There is no ground whatsoever to subject CVS Health to general jurisdiction in Michigan.

Indeed, corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF*, 137 S.Ct. at 1558 (citation omitted). A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.* Michigan is neither CVS Health's state of incorporation nor its principal place of business; general jurisdiction therefore does not exist. *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no

---

of acting in the forum; (2) the cause of action arises out of the defendant's activities in the state; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable. *Conn*, 667 F.3d at 713 (citation omitted); *see also Lafarge*, 220 F. Supp. 2d at 828. CVS Health engages in only limited activities relating to its status as a holding company. Plaintiff's causes of action do not arise out of these activities, which did not take place in Michigan in any event. CVS Health has no property, assets, employees, operations, or income from Michigan and does no business there. Accordingly, CVS Health did not avail itself of the privileges of Michigan and does not have a substantial connection to the state.

general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 8, 2018                                         Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: June 8, 2018                                                  Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 8, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky