## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*County of Monroe, Michigan v.*<br>*Purdue Pharma L.P.*, et al.,<br>Case No. 18-op-45158 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br>Magistrate Judge David Ruiz |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY CVS HEALTH CORPORATION, THE KROGER CO., RITE AID CORPORATION, RITE AID OF MARYLAND, INC., D/B/A RITE AID MID-ATLANTIC CUSTOMER SUPPORT <u>CENTER, WALGREENS BOOTS ALLIANCE, INC., AND WALMART INC.</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    Plaintiff Lacks Standing to Sue the Moving Defendants ...................................................... 2

II.   Plaintiff States No Claims Against the Moving Defendants as Pharmacies ......................... 2

III.  Michigan's Drug Immunity Statute Bars Plaintiff's Common Law Claims ......................... 4

IV.  Plaintiff Fails to State a Claim under the Michigan Consumer Protection Act
(Third Claim) ..................................................................................................................... 6

V.    Plaintiff Fails to State a Public Nuisance Claim (Fourth Claim) ......................................... 9

VI.  Plaintiff Fails to State a Negligence Claim (Fifth Claim) ................................................... 10

    A.  The Moving Defendants Owe No Duty to Plaintiff ...................................................... 10

        1.   The Moving Defendants Owe No Common Law Duty to Plaintiff ..................... 10

        2.   No Duty Arises from the Controlled Substances Acts .......................................... 13

    B.  Plaintiff Cannot Establish Proximate Cause ................................................................ 13

VII.  Plaintiff Fails to State a Fraud Claim (Sixth Claim) ........................................................... 13

VIII. Plaintiff Fails to State an Unjust Enrichment Claim (Seventh Claim). .............................. 15

IX.  Plaintiff Fails to State a Civil Conspiracy Claim (Eighth Claim) ....................................... 16

CONCLUSION ........................................................................................................................ 17

# TABLE OF AUTHORITIES

## CASES

*Adkins v. Mong*,
    425 N.W.2d 151 (Mich. Ct. App. 1988) ................................................................... 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................. 2, 3, 7, 15

*Attorney General v. Merck Sharp & Dohme Corp.*,
    807 N.W.2d 343 (Mich. Ct. App. 2011) .............................................................. 4, 5

*Avemco Ins. Co. v. Rooto Corp.*,
    967 F.2d 1105 (6th Cir. 1992) ............................................................................... 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................. 2, 3, 7, 15

*Belle Isle Grill Corp. v. Detroit*,
    666 N.W.2d 271 (Mich. Ct. App. 2003) ............................................................... 15

*Campbell v. Speedway LLC*,
    225 F. Supp. 3d 663 (E.D. Mich. 2016)................................................................. 13

*Cataldo v. U.S. Steel Corp.*,
    676 F.3d 542 (6th Cir. 2012) ............................................................................ 7, 14

*City of Cleveland v. Ameriquest Mort. Sec., Inc.*,
    615 F.3d 496 (6th Cir. 2010) ............................................................................... 11

*Cloverleaf Car Co. v. Phillips Petroleum Co.*,
    540 N.W.2d 297 (Mich. Ct. App. 1995) ................................................................. 9

*Coffey v. Foamex L.P.*,
    2 F.3d 157 (6th Cir. 1993) ................................................................................ 7, 14

*Demo v. Red Roof Inns, Inc.*,
    274 Fed. Appx. 477 (6th Cir. 2008)....................................................................... 13

*Dix v. Am. Bankers Life Assurance Co. of Fla.*,
    415 N.W.2d 206 (Mich. 1987)................................................................................ 9

*Duronio* v. *Merck & Co. Inc.*,
    2006 WL 1628516 (Mich. Ct. App., June 13, 2006) ........................................... 4, 5

*Dybek v. Fedex Trade Networks Transp. & Brokerage, Inc.*,
    997 F. Supp. 2d 767 (E.D. Mich. 2014) ................................................................... 10

*Erickson v. United States*,
    2016 WL 316725 (W.D. Mich. Jan. 27, 2016) ........................................................... 3

*Gelman Scis. Inc. v. Dow Chem. Co.*,
    508 N.W.2d 142 (Mich. Ct. App. 1993) .................................................................... 9

*Glanda v. Twenty Pack Mgmt. Corp.*,
    2008 WL 4445257 (E.D. Mich. Sept. 29, 2008) ....................................................... 11

*Graham v. Rite Aid Corp.*,
    2003 WL 21079858 (Mich. Ct. App. May 13, 2003) .................................................. 3

*Griffus v. Novartis Pharm. Corp.*,
    2006 WL 2583129 (E.D. Mich. Sept. 6, 2006) ........................................................... 4

*Hendricks v. DSW Shoe Warehouse, Inc.*,
    444 F. Supp. 2d 775 (W.D. Mich. 2006) ............................................................. 8-9, 14

*Hill v. Sears, Roebuck and Co.*,
    822 N.W.2d 190 (Mich. 2012) ................................................................................. 11

*Home Owners Ins. Co. v. ADT LLC*,
    109 F. Supp. 3d 1000 (E.D. Mich. 2015) ................................................................ 6, 7

*Hooper v. Perry Drug Stores, Inc.*,
    1996 WL 33359076 (Mich. Ct. App., Sept. 20, 1996) ................................................ 3

*Hope v. Hewlett-Packard Co.*,
    2016 WL 301950 (E.D. Mich. Jan. 25, 2016) .......................................................... 10

*Hord v. Environ. Research Ins. of Mich.*,
    617 N.W.2d 543 (Mich. 2000) ................................................................................. 14

*Iverson Indus., Inc. v Metal Mgt. Ohio, Inc.*,
    525 F. Supp. 2d 911 (E.D. Mich. 2007) ................................................................... 16

*Kintigh v. Abbott Pharmacy*,
    503 N.W.2d 657 (Mich. Ct. App. 1993) .................................................................... 3

*Lauderdale v. Wells Fargo Home Mortg.*,
    552 Fed. Appx. 566 (6th Cir. 2014) ......................................................................... 16

*Lee v. Putz*,
    2006 WL 1791304 (W.D. Mich. June 27, 2006) ........................................................ 3

iii

*Leoni v. Rogers*,
   719 F. Supp. 555 (E.D. Mich. 1989) ................................................................................ 14

*Liss v. Lewiston-Richards, Inc.*,
   732 N.W.2d 514 (Mich. 2007) ...................................................................................... 7

*Lucas v. Awaad*,
   830 N.W.2d 141 (Mich. Ct. App. 2013) ...................................................................... 8

*MacDonald v. Thomas M. Cooley Law Sch.*,
   880 F. Supp. 2d 785 (W.D. Mich. 2012) ................................................................... 14

*McGhee v. GMC Truck & Coach Div.*,
   296 N.W.2d 286 (Mich. Ct. App. 1980) .................................................................... 12

*Miller v. Mylan Inc.*,
   741 F.3d 674 (6th Cir. 2014) ...................................................................................... 6

*Murdock v. Higgins*,
   559 N.W.2d 639 (Mich. 1997) .................................................................................. 11

*Neibarger v. Universal Cooperatives, Inc.*,
   450 N.W.2d 88 (Mich. Ct. App. 1989) ...................................................................... 12

*Power & Tel. Supply Co. v. SunTrust Banks, Inc.*,
   447 F.3d 923 (6th Cir. 2006) .................................................................................... 12

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
   683 F.3d 239 (6th Cir. 2012) .................................................................................... 15

*Romain v. Frankenmuth Mut. Ins. Co.*,
   762 N.W.2d 911 (Mich. 2009) .................................................................................. 10

*Rust-Pruf Corp. v. Ford Motor Co.*,
   431 N.W.2d 245 (Mich. Ct. App. 1988) .................................................................... 12

*Sanderson v. HCA-The Healthcare Co.*,
   447 F.3d 873 (6th Cir. 2006) .................................................................................... 14

*Schultz v. Consumers Power Co.*,
   506 N.W.2d 175 (Mich. 1993) .................................................................................. 13

*Simmons v. Apex Drug Stores, Inc.*,
   506 N.W.2d 562 (Mich. Ct. App. 1993) ...................................................................... 3

*Smith v. Glenmark Generics, Inc.*,
   2014 WL 4087968 (Mich. Ct. App. Aug. 19, 2014) .............................................. 15, 16

iv

*Smith v. Globe Life Ins. Co.*,
    597 N.W.2d 28 (Mich. 1999) ........................................................................................ 7, 8

*Smith v. Hickenlooper*,
    164 F. Supp. 3d 1286 (D. Colo. 2016) ............................................................................. 13

*Taylor v. Smithkline Beecham Corp.*,
    658 N.W.2d 127 (Mich. 2003) ..................................................................................... 4, 5

*White v. SmithKline Beecham Corp.*,
    538 F. Supp. 2d 1023 (W.D. Mich. 2008) ........................................................................ 5

## STATUTES

Mich. Admin. Code R. 338.493c ............................................................................................ 13

Mich. Comp. Laws Ann. § 445.903(1)(cc) ............................................................................. 8

Mich. Comp. Laws Ann. § 445.903(1)(s) ............................................................................... 8

Mich. Comp. Laws Ann. § 445.904(1)(a) ............................................................................... 7

Mich. Comp. Laws Ann. § 600.2912d .................................................................................... 3

Mich. Comp. Laws Ann. § 600.2945(h) .................................................................................. 5

Mich. Comp. Laws Ann. § 600.2946(5) ............................................................................. 4, 6

## RULES

Federal Rule of Civil Procedure 12(b)(1) ............................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 1

Federal Rule of Civil Procedure 8 ..................................................................................... 7, 15

Federal Rule of Civil Procedure 9(b) ..................................................................... 1, 6, 7, 14, 15

In accordance with Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure and Case Management Order One, Defendants CVS Health Corporation, The Kroger Co., Rite Aid Corporation, Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Walgreens Boots Alliance, Inc., and Walmart Inc., ("Moving Defendants") submit this memorandum in support of their motion to dismiss the Second Amended Complaint ("Complaint") filed by the County of Monroe, Michigan ("Plaintiff").

## INTRODUCTION

Plaintiff's Complaint is nearly identical to the complaint filed by Summit County, Ohio, against which motions to dismiss already have been filed.  Similar to the *Summit County* complaint on which it is modeled, Plaintiff names the Moving Defendants as "Distributor Defendants" and, in its nearly 300 pages and 913 paragraphs, identifies not a single act of diversion in Monroe County in which any Moving Defendant participated.

For largely the same reasons that Summit County's complaint fails to state a claim against the Moving Defendants, the Complaint filed by Monroe County also is deficient. Accordingly, the Moving Defendants incorporate by reference Parts I, II, IV, V(b), VI, and VII of their memorandum of law in support of their motion to dismiss the Summit County complaint.[1]  This memorandum also addresses additional grounds for dismissal under Michigan law, not the least of which is that Plaintiff's claims are foreclosed by Michigan's product liability statute, which renders immune all sellers of FDA-approved drugs from tort liability, and because

---

[1] *See* Mem. of Law in Support of Mot. to Dismiss Compl. by Defs. Walmart Inc., CVS Health Corp., Rite Aid Corp., and Walgreens Boots Alliance, Inc., *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090 (N.D. Ohio) (MDL Dkt. No. 497-1) ("Moving Defs.' Summit County Br.").

the Michigan Consumer Protection Act does not apply to the highly-regulated transactions between wholesale distributors of controlled substances and pharmacies.[2]

## ARGUMENT

Of the eight causes of action set forth in the Complaint, Plaintiff alleges six against the Moving Defendants (Claims Three through Eight): a violation of the Michigan Consumer Protection Act, public nuisance, negligence, unjust enrichment, fraud, and civil conspiracy.  Each of these claims fails, for the reasons set forth in the Moving Defendants' *Summit County* brief and under Michigan law, as explained below.

**I.        Plaintiff Lacks Standing to Sue the Moving Defendants.**

The Moving Defendants incorporate the arguments they raised in *Summit County*, which apply with equal force here.  *See* Moving Defs.' Summit County Br. at 4-7.

**II.       Plaintiff States No Claims Against the Moving Defendants as Pharmacies.**

The Complaint purports to state claims against the Moving Defendants in their capacities as distributors, not pharmacies.  To the extent Plaintiff also intends to plead claims against the Moving Defendants as pharmacies, *see* Compl. ¶¶ 560-623, those claims fail and should be dismissed.  Plaintiff's allegations are so vague and conclusory that they are insufficient to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  *See* Moving Defs.' Summit County Br. at 7-8.

In addition, Plaintiff failed to file with its Complaint an affidavit of merit.  Because a pharmacy is "considered a health care provider for the purposes of Michigan's malpractice

---

[2] In addition, Defendants AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc. (the "Major Distributors") have explained why Monroe County's claims fail as a matter of law.  *See* Mem. in Support of Distributors' Mot. To Dismiss ("Major Distributors' Memorandum") (MDL Dkt. No. 572-1) filed today in the above-captioned case.  The Moving Defendants incorporate the Major Distributors' arguments by reference here.

statutes," when a plaintiff's claim is based on the alleged negligence of a pharmacist, an affidavit of merit is required under Mich. Comp. Laws Ann. ("MCL") § 600.2912d.  *Graham v. Rite Aid Corp.*, 2003 WL 21079858, at *2 (Mich. Ct. App. May 13, 2003) (dismissing negligence claim against pharmacy for failure to provide pre-suit notice and an affidavit of merit); *accord Simmons v. Apex Drug Stores, Inc.*, 506 N.W.2d 562, 564 (Mich. Ct. App. 1993) ("Pharmacists are considered health care providers for the purposes of our malpractice statutes.").  The affidavit must be filed with the complaint and must explain how the defendant pharmacy was negligent. MCL § 600.2912d.[3]

Furthermore, under Michigan law, "a pharmacist will not be held liable for correctly filling a prescription issued by a licensed physician."  *Adkins v. Mong*, 425 N.W.2d 151, 152 (Mich. Ct. App. 1988).  Nor do Michigan pharmacists have a duty to "monitor and intervene with a customer's reliance on drugs prescribed by a licensed physician" or to "discover a customer's addicted status."  *Hooper v. Perry Drug Stores, Inc.*, 1996 WL 33359076, at *2 (Mich. Ct. App., Sept. 20, 1996) (citing *Adkins* and *Kintigh v. Abbott Pharmacy*, 503 N.W.2d 657, 658 (Mich. Ct. App. 1993)).

Because Plaintiff failed to attach to its Complaint an affidavit of merit, and because Michigan law does not recognize the duty on which a pharmacy claim could be based, any claim against the Moving Defendants as pharmacies—if Plaintiff is asserting such a claim—must be dismissed not only under *Iqbal* and *Twombly*, but for these reasons as well.

---

[3] This requirement applies to cases brought in federal court because "it is clear that § 600.2912(d) is substantive in nature." *Lee v. Putz*, 2006 WL 1791304, at *5 (W.D. Mich. June 27, 2006); *see also Erickson v. United States*, 2016 WL 316725, at *2 (W.D. Mich. Jan. 27, 2016).

### III.  Michigan's Drug Immunity Statute Bars Plaintiff's Common Law Claims.

The crux of Plaintiff's Complaint is that the Moving Defendants caused it to "suffer significant financial consequences as a result of opioid over-prescription and addiction." Compl. ¶ 664.  In other words, Plaintiff contends that the Moving Defendants sold dangerous drugs at unreasonable volumes which caused Plaintiff to lose money.  Under Michigan law, however, an action against a seller of a drug for injury to property (including loss of money) constitutes a "product liability action."  And MCL § 600.2946(5) provides broad immunity from tort liability for product liability actions.  With exceptions that have no application here, sellers of prescription drugs are immune from all tort liability, so long as "the drug was approved for safety and efficacy by the United States food and drug administration, and the drug and its labeling were in compliance with the United States food and drug administration's approval at the time the drug left the control of the manufacturer or seller."  *Id.*

Indeed, under MCL § 600.2946(5), "a manufacturer or seller of a drug that has been approved by the FDA has ***an absolute defense*** to a products liability claim."  *Taylor v. Smithkline Beecham Corp.*, 658 N.W.2d 127, 131 (Mich. 2003) (emphasis added); *see also Attorney General v. Merck Sharp & Dohme Corp.*, 807 N.W.2d 343, 347 (Mich. Ct. App. 2011); *Griffus v. Novartis Pharm. Corp.*, 2006 WL 2583129, at *2 (E.D. Mich. Sept. 6, 2006) ("[T]he statute provides an absolute defense to product liability . . . .").

That Plaintiff has not styled its causes of action as product liability claims is of no consequence.  *See Attorney General*, 807 N.W.2d at 347.  Courts applying Michigan law "are not bound by a party's choice of labels for its action," and a plaintiff's "mere allegation that [it] is not pursuing a product liability action is not controlling."  *Duronio v. Merck & Co. Inc.*, 2006 WL 1628516, at *3 (Mich. Ct. App. June 13, 2006) (internal citation omitted).  Rather, whether a

4

party is pursuing a product liability action is determined by statute. Under Michigan law, a "product liability action" is any action that is "based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product." MCL § 600.2945(h). "Production" is defined to include "selling." *Id.* If a claim meets this definition, it must be dismissed—even if it is couched as a claim for negligence or fraud or a violation of the Michigan Consumer Protection Act. *White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1029 (W.D. Mich. 2008) (fraud and negligence); *Duronio*, 2006 WL 1628516, at *3 (Consumer Protection Act).

Further, while Plaintiff has alleged that the Marketing Defendants[4] promoted certain drugs for "off-label uses," Compl. ¶¶ 376, 443, 450, "[t]he statute does not limit the protection to situations when the drug is used for its approved purposes." *White*, 538 F. Supp. 2d at 1030. Nor does the statute apply only to suits by consumers; it applies to suits by government officers and political subdivisions. *E.g.*, *Attorney General*, 807 N.W.2d at 347-48. Indeed, a seller of a drug has immunity whenever: (1) the action is based on a legal or equitable theory of liability; (2) the action is brought for an injury or damage to property, including the loss of money; and (3) that loss is alleged to have resulted from the sale of an FDA-approved drug. *Id.* The grant of immunity is so broad that at least one Justice of the Supreme Court of Michigan has referred to it as a "'tort-elimination' statute." *Taylor*, 658 N.W.2d at 139 (Kelly, J., dissenting).

Here, all of Plaintiff's claims against the Moving Defendants are based on legal or equitable theories of liability and are brought for alleged injury or damage resulting from the production or selling of a product, and there is no dispute that the prescription opioids at issue (as well as their labeling) were approved by the FDA. *See* Compl. ¶¶ 67, 71, 259, 271, 287, 405,

---

[4] The "Marketing Defendants" include the Purdue entities, Actavis entities, Cephalon entities, Janssen entities, Endo entities, Insys Therapeutics, Inc., and the Mallinckrodt entities. Compl. ¶ 76.

433, 555.[5]   Accordingly, all of Plaintiff's claims qualify as product liability claims under Michigan law and therefore all of Plaintiff's claims are barred by MCL § 600.2946(5).

## IV.    Plaintiff Fails to State a Claim under the Michigan Consumer Protection Act (Third Claim).

In contrast to its Michigan Consumer Protection Act ("MCPA") claim against the Marketing Defendants, which alleges false and misleading statements about the risks of opioids, Compl. ¶ 856, Plaintiff asserts in a single allegation that *each* of the defendants (apparently including each of the Moving Defendants) supposedly violated the MCPA by "omitting the material fact of its failure to monitor, report, and stop the filling of suspicious orders of controlled substances." *Id.* ¶ 857.  Plaintiff's allegation fails to state a claim for at least three reasons: (1) Plaintiff has failed to comply with Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"); (2) the MCPA does not apply to regulated activity; and (3) the Moving Defendants had no duty to Plaintiff under the MCPA to disclose—or not to omit—information about their compliance with regulations governing suspicious order monitoring.

*First*, Rule 9(b) requires a party to plead "with particularity" claims brought under the MCPA.  *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015). "The Sixth Circuit reads Rule 9(b) liberally, requiring a plaintiff, at a minimum, to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the

---

[5] Plaintiff alleges that the opioid drugs at issue in this case include combination products and devices as those terms are used in Section 201 of the Federal Food, Drug, and Cosmetic Act.  *See* Compl. ¶ 625. The Sixth Circuit has held that if a product is better defined under federal law as a "combination product" than a "drug," then a seller or manufacturer is not entitled to immunity under the Michigan statute. *Miller v. Mylan Inc.*, 741 F.3d 674, 677 (6th Cir. 2014).  The only potential combination products at issue here are the transdermal fentanyl patch and the sublingual fentanyl spray.  Plaintiff does not allege that the sublingual spray is a combination product.  And it remains an open question whether the patch constitutes a "combination product."  *See id.* at 678.  No other product at issue is even arguably a combination product.

fraudulent scheme; the fraudulent intent; and the injury resulting from the fraud.'"  *Id.* (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

Plaintiff's Complaint fails to meet any of these requirements.  Plaintiff does not identify when any Moving Defendant made the alleged omission, where any of the Moving Defendants made it, or to whom it was made.  Plaintiff instead rests on a single conclusory allegation that identifies no facts or circumstances, and that purports to apply to all defendants without any differentiation.  *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012).  Plaintiff's bald allegation is so deficient that it does not even satisfy the lesser standard required by *Iqbal* and *Twombly*.  *See, e.g.*, *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 436 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 69 (2017).  Plaintiff's MCPA claim does not come close to meeting the requirements of Rule 9(b)—or Rule 8 for that matter—and should be dismissed on that basis alone.

*Second*, the MCPA does not apply to the highly regulated transactions of a wholesale distributor of the controlled substances that are at issue.  These transactions are regulated extensively at the federal and state level, and are, accordingly, exempt from the MCPA.  The statute, by its own terms, is "inapplicable to a 'transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state.'"  *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 36 (Mich. 1999) (quoting MCL § 445.904(1)(a)); *see also Liss v. Lewiston-Richards, Inc.*, 732 N.W.2d 514, 521 (Mich. 2007).  In determining whether a transaction or conduct is outside the scope of the MCPA, "the relevant inquiry is not whether the specific misconduct alleged by the plaintiff is 'specifically authorized.'  Rather, it is whether the *general* transaction is specifically authorized by law, ***regardless of***

*whether the specific misconduct alleged is prohibited*."  *Lucas v. Awaad*, 830 N.W.2d 141, 154 (Mich. Ct. App. 2013) (quoting *Smith*, 597 N.W.2d at 38) (second emphasis added).

There is no dispute that the "general transaction" at issue—distributing prescription opioids in Michigan—is authorized by law.  Nor is there any dispute that the disclosure of suspicious orders is governed by statutes and regulations.  Compl. ¶ 466.  As the Complaint itself makes clear, this commercial activity is subject to an extensive statutory and regulatory scheme. *See id.* ¶¶ 466, 633.  The Moving Defendants therefore are exempt from any claims under the MCPA.

*Third*, even if the MCPA otherwise applied to the Moving Defendants' alleged regulated conduct, the two provisions on which Plaintiff presumably relies to assert MCPA claims against the Moving Defendants do not apply to transactions between wholesalers and retailers.  Compl. ¶ 853.  Those provisions prohibit "[f]ailing to reveal a material fact, the omission of which tends to mislead or deceive *the consumer*," and "[f]ailing to reveal facts that are material *to the transaction* in light of representations of fact made in a positive manner."  MCL § 445.903(1)(s) & (cc) (emphasis added).  But Plaintiff is not a consumer.  Nor is Plaintiff a party to the transactions between wholesale distributors and retailers.  Thus, any alleged failure by the Moving Defendants to inform Plaintiff that they were violating suspicious order regulations cannot have been "material" to any "consumer" or "transaction."  As a result, these two provisions of the MCPA cannot apply to the Moving Defendants' alleged conduct.

*Finally*, as noted above, Plaintiff's claim against the Moving Defendants is based on alleged omissions about suspicious order monitoring.  *See* Compl. ¶ 857.  An omission is actionable under the MCPA only when a duty to disclose arises from the making of a false or misleading statement.  *See Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 782

(W.D. Mich. 2006).  But Plaintiff does not allege that the Moving Defendants made *any* representations to Plaintiff, let alone *mis*representations that would give rise to a duty not to omit information about suspicious order monitoring.  Put another way, the MCPA does not impose on businesses a general duty to inform county governments whether they are in violation of a state or federal regulatory requirement.  *See, e.g.*, *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987) ("The Consumer Protection Act was enacted to provide an enlarged remedy for consumers who are [defrauded] by deceptive business practices . . . .").

## V.  Plaintiff Fails to State a Public Nuisance Claim (Fourth Claim).

The Moving Defendants incorporate the arguments they raised in *Summit County*.  *See* Moving Defs.' Summit County Br. at 19-20.  The Moving Defendants also incorporate the arguments by the Major Distributors in Part III of the Major Distributors' Memorandum.

As in Ohio, a plaintiff in Michigan asserting a public nuisance claim must establish, among other things, "an unreasonable interference with a common right enjoyed by the general public."  *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 540 N.W.2d 297, 300 (Mich. Ct. App. 1995).  In addition, under Michigan law, "[i]f a commercial transaction is involved, control of the nuisance at the time of the injury is required."  *Id.* at 301.  "Because a seller in a commercial transaction relinquishes ownership and control of its products when they are sold, it lacks the legal right to abate whatever hazards its products may pose."  *Id.; see also Gelman Scis. Inc. v. Dow Chem. Co.*, 508 N.W.2d 142, 144 (Mich. Ct. App. 1993).  That is exactly what happened here.  The Moving Defendants relinquished control over the prescription opioids they distributed long before any prescription opioid caused any injury that Plaintiff alleges.  As a result, the Moving Defendants lack the control requisite for Plaintiff to state a claim against them for public nuisance.

## VI.    Plaintiff Fails to State a Negligence Claim (Fifth Claim).

In Michigan, as in other jurisdictions, to state a claim for negligence, a plaintiff must adequately plead that defendants owed a duty to the plaintiff, that defendants breached this duty, and that the breach proximately caused plaintiff's injury.  *See Dybek v. Fedex Trade Networks Transp. & Brokerage, Inc.*, 997 F. Supp. 2d 767, 771 (E.D. Mich. 2014).  Yet the Complaint fails to allege any of these elements.  Most notably, the Moving Defendants do not owe Plaintiff any duty, based either on the common law or statute, and Plaintiff fails to plausibly plead that any conduct by the Moving Defendants proximately caused Plaintiff's alleged injuries.  The Moving Defendants also incorporate all of the arguments made by the Major Distributors in Part IV of the Major Distributors' Memorandum, which further make clear that Plaintiff cannot state a claim for negligence.

### A.    The Moving Defendants Owe No Duty to Plaintiff.

The existence of a legal duty the defendant owes the plaintiff is "fundamental" to a negligence claim and is a question of law for the court to determine.  *Hope v. Hewlett-Packard Co.*, 2016 WL 301950, at *5 (E.D. Mich. Jan. 25, 2016) (quoting *Romain v. Frankenmuth Mut. Ins. Co.*, 762 N.W.2d 911, 913-14 (Mich. 2009)).  The Complaint fails to identify any duty the Moving Defendants owed to Plaintiff.

#### 1.    The Moving Defendants Owe No Common Law Duty to Plaintiff.

Plaintiff alleges that the Moving Defendants have a general common law duty to exercise care in the distribution of opioids, and specifically a duty to detect, identify, or report suspicious orders.  Compl. ¶¶ 77, 486, 540, 542, 567, 633, 875-876.  Plaintiff further suggests that a duty exists because its alleged injuries, which flowed from the efforts of other persons in Monroe County to divert prescription opioids to illegitimate uses, were a foreseeable result of the Moving

10

Defendants' alleged distribution of opioids without proper controls.  *See id*. ¶¶ 463, 649, 876-877.  But the common law imposes no duty on the Moving Defendants to identify or report to Plaintiff suspicious controlled substances orders.  Nor do the Moving Defendants owe a duty to protect Plaintiff from third parties' misuse of lawful products or from purely economic losses.

*First*, Plaintiff's principal assertion is that the Moving Defendants failed to prevent individuals in its community from wrongfully obtaining and abusing prescription opioids, and thus failed to prevent Monroe County from suffering economic harm that eventually flowed from the conduct of those individuals.  But absent a special relationship, "an individual has no duty to protect another who is endangered by a third person's conduct."  *Glanda v. Twenty Pack Mgmt. Corp.*, 2008 WL 4445257, at *3 (E.D. Mich. Sept. 29, 2008) (quoting *Murdock v. Higgins*, 559 N.W.2d 639, 643 (Mich. 1997)).  The Complaint contains no allegations suggesting that the Moving Defendants had a special relationship with Monroe County.  Nor could it.  A special relationship exists in this context only where the plaintiff "entrusts himself to the control and protection of another."  *Hill v. Sears, Roebuck and Co.*, 822 N.W.2d 190, 199 (Mich. 2012) (citation omitted).

*Second*, any link between Plaintiff's alleged damages and the Moving Defendants' conduct is far too attenuated to state a negligence claim.  Not only did the Moving Defendants not proximately cause Plaintiff's injuries, but there are so many links in the causal chain between Plaintiff's alleged damages (added healthcare, law enforcement, and other expenses) and the Moving Defendants' alleged misconduct (negligently distributing prescription opioids to pharmacies), that no duty could possibly run between the Moving Defendants and Plaintiff.  *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 505 (6th Cir. 2010); *Avemco Ins. Co. v. Rooto Corp.*, 967 F.2d 1105, 1108 (6th Cir. 1992) (applying Michigan law) (finding that

11

plaintiff could not recover under a negligence theory for damages resulting from the "superseding, unforeseeable, intervening" conduct of a third party).

*Third*, the Moving Defendants owe no duty to Plaintiff for its derivative economic injuries.  Under the longstanding "economic loss rule," a Michigan plaintiff who sustains purely economic loss caused by another's negligence may not recover damages in the absence of physical harm to a person, property, or special relationship.  "The damages claimed are economic and therefore not recoverable in tort."  *Neibarger v. Universal Coops., Inc.*, 450 N.W.2d 88, 90 (Mich. Ct. App. 1989), *vacated*, 467 N.W.2d 309 (Mich. Mar. 27, 1991), *aff'd*, 486 N.W.2d 612 (Mich. 1992) (action for negligence); *see also McGhee v. GMC Truck & Coach Div.*, 296 N.W.2d 286, 291 (Mich. Ct. App. 1980); *Rust-Pruf Corp. v. Ford Motor Co.*, 431 N.W.2d 245, 246 (Mich. Ct. App. 1988).

Plaintiff's injuries fall squarely within this rule.  Plaintiff seeks damages related to the diagnosis and treatment of abuse and addiction of others, for the costs of care and treatment of others, for law enforcement costs associated with opioid addiction, abuse, and diversion, and for care of children in the foster care system.  *See* Compl. ¶¶ 19-20.  And while Plaintiff also purports to seek costs for property damage, the Complaint fails to state what type of property was damaged or how that damage occurred.  *See, e.g.*, *id*. ¶¶ 761, 787, 813, 815, 816, 818.

*Finally*, Plaintiff cannot ground a common law duty in "industry standards," *see id*. ¶ 570, because industry standards do not establish a legal duty of care.  Although industry standards may help establish the *level* of care owed where a duty already exists, they do not establish the existence of a duty in the first place.  *See Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932-33 & n.5 (6th Cir. 2006) (noting breach of standard of care, not underlying duty, may be established by industry standards).  "An argument on the basis of

12

industry standards, therefore, goes to the question whether a defendant breached its duty of ordinary care, not whether a duty existed." *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 180 (Mich. 1993).

2. <u>No Duty Arises from the Controlled Substances Acts.</u>

The Moving Defendants incorporate the arguments made in *Summit County*.  Moving Defs.' Summit County Br. at 11-13.  As explained in *Summit County*, the federal CSA "does not create a private right of action."  *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016).  Neither does the Michigan licensing regulations that Plaintiff cites.  *See* Mich. Admin. Code R. 338.493c; see also Major Distributors' Mem. at Part IV.A, which the Moving Defendants specifically incorporate by reference.

**B. Plaintiff Cannot Establish Proximate Cause.**

Defendants also incorporate the arguments they raised in *Summit County*.  Moving Defs.' Summit County Br. at 14-17.  There is no substantial difference between Michigan and Ohio law on proximate cause.  *See Campbell v. Speedway LLC*, 225 F. Supp. 3d 663, 667 (E.D. Mich. 2016); *Demo v. Red Roof Inns, Inc.*, 274 Fed. Appx. 477, 478 (6th Cir. 2008) (quoting *Schultz*, 506 N.W.2d at 177).

**VII. Plaintiff Fails to State a Fraud Claim (Sixth Claim).**

Plaintiff's fraud claim includes 34 sub-paragraphs devoted to the Marketing Defendants and attributes particular statements to specific Marketing Defendants.  As to the Moving Defendants, however, the Complaint rests on a single, general allegation, asserted collectively not just against the Moving Defendants but against all other defendants as well.  The entirety of that allegation is this cryptic assertion that "Defendants knowingly made false statements regarding their compliance with state and federal law regarding their duties to prevent diversion,

their duties to monitor, report and halt suspicious orders, and/or concealed their noncompliance with these requirements."  Compl. ¶ 890.

But as noted above, under Rule 9(b), fraud allegations must be pleaded with particularity, alleging "the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Coffey*, 2 F.3d at 161-62 (6th Cir. 1993) (internal quotations omitted).  Put another way, Rule 9(b) requires that the plaintiff specify the "'who, what, when, where, and how' of the alleged fraud."  *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

Plaintiff has not alleged a single fraudulent statement or omission by any Moving Defendant, let alone the "who, what, when, where, and how" of any alleged statement or omission.  *See Leoni v. Rogers*, 719 F. Supp. 555, 569 (E.D. Mich. 1989) ("Plaintiffs fail to give the time, place, and content of the alleged misrepresentations.  Instead, they have supplied vague, unspecific allegations. These allegations are insufficient for Fed.R.Civ.P. 9(b) purposes.").  Plaintiff does not even specify whether the Moving Defendants are accused of concealment or affirmative misrepresentation (and instead alleges both).[6]  Nor does Plaintiff differentiate among the many defendants.  *See Cataldo*, 676 F.3d at 551 (complaint insufficient under Rule 9(b) where it "refer[ed] vaguely only to 'defendants,' of which there are many in this case").  As with Plaintiff's MCPA claim, its allegations of fraud are so cursory that they do not even satisfy the

---

[6] As noted *supra*, under Michigan law, silent fraud—or concealment—depends on a duty to disclose that arises from a false or misleading statement. *Hendricks*, 444 F. Supp. 2d at 782.  Indeed, "a legal duty to make a disclosure will arise most commonly in a situation where inquiries are made by the plaintiff, to which the defendant makes incomplete replies that are truthful in themselves but omit material information."  *Hord v. Environ. Research Ins. of Mich.*, 617 N.W.2d 543, 550 (Mich. 2000); *see also MacDonald v. Thomas M. Cooley Law Sch.*, 880 F. Supp. 2d 785, 798 (W.D. Mich. 2012).  Plaintiff's Complaint, however, contains no allegations to this effect.

14

requirements of Rule 8 under *Iqbal* and *Twombly*, much less Rule 9(b).  *Harper*, 842 F.3d at 436;

*Republic Bank & Tr. Co. v. Bear Stearns & Co.,* 683 F.3d 239, 260-261 (6th Cir. 2012) (claim

dismissed under Rule 8 and Rule 9(b) for failure to identify either fraudulent misrepresentation

or omission).

Finally, Plaintiff does not adequately allege reliance. Plaintiff's sole conclusory

allegation: "Plaintiff relied on Defendants' representations and/or concealments, both directly

and indirectly," Compl. ¶ 893, is entitled to no weight under Rule 9(b) and *Iqbal*/*Twombly*.

Plaintiff does not point to any action that it took (or did not take) to its detriment in reliance on

the alleged misstatements or omissions.  Nor does Plaintiff explain how it would have behaved

differently but for the alleged fraud.  Simply put, Plaintiff's fraud count does not come close to

stating to a claim against the Moving Defendants.

**VIII.  Plaintiff Fails to State an Unjust Enrichment Claim (Seventh Claim).**

To establish a claim for unjust enrichment, a plaintiff must show "receipt of a benefit by

the defendant from [the] plaintiff."  *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 280

(Mich. Ct. App. 2003).  And Michigan case law "make[s] it clear" that "the benefit must be

received directly from the plaintiff."  *Smith v. Glenmark Generics, Inc.*, 2014 WL 4087968, at *1

(Mich. Ct. App. Aug. 19, 2014).  Plaintiff alleges that it conferred a benefit on each defendant

through "payments for opioids distributed by Defendants . . . which inured to the profits of

Defendants." Compl. ¶ 883.  But the Complaint alleges no facts to this effect.  Nowhere does it

allege how or when Plaintiff paid for opioids distributed by any Moving Defendant.  And it most

certainly alleges no facts indicating that Plaintiff purchased opioids "directly" from the Moving

Defendants—nor could it, for it alleges that the Moving Defendants "are engaged in 'wholesale

distribution'" of pharmaceuticals to pharmacies.  Compl. ¶ 77; *see Smith*, 2014 WL 4087968, at

*1 (rejecting unjust enrichment claim where "the facts show that defendant did not receive a direct benefit from plaintiff" because defendant "did not sell the [mislabeled] contraceptives directly to plaintiff, and plaintiff admitted that she did not purchase the contraceptives from defendant, but rather from a pharmacy").

Because the Complaint fails to allege that the Moving Defendants received any benefit from Monroe County, it fails to state an unjust enrichment claim.  *See Lauderdale v. Wells Fargo Home Mortg.*, 552 Fed. App'x. 566, 573 (6th Cir. 2014) (affirming dismissal of unjust enrichment claim where plaintiffs failed to present any admissible evidence that defendants received any benefit from plaintiffs); *Iverson Indus., Inc. v Metal Mgt. Ohio, Inc.*, 525 F. Supp. 2d 911, 922 (E.D. Mich. 2007) (dismissing unjust enrichment claim where no proof of inequitable benefit to defendant).

## IX. Plaintiff Fails to State a Civil Conspiracy Claim (Eighth Claim).

The Moving Defendants incorporate the arguments they raised in *Summit County*. Moving Defs.' Summit County Br. at 21-23.

16

## CONCLUSION

For the foregoing reasons, all claims against the Moving Defendants should be dismissed with prejudice.

Dated: June 8, 2018

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Health Corporation*

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/ Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid Corporation and
Rite Aid of Maryland, Inc.*

17

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Attorneys for Walgreens Boots Alliance, Inc.*

/s/ Ronda Harvey
Ronda L. Harvey
Fazal A. Shere
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
Phone: (304) 347-1701
Fax: (304) 347-1746
E-mail: rharvey@bowlesrice.com
E-mail: fshere@bowlesrice.com

*Attorneys for The Kroger Co.*

18

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

In accordance with Local Rule 7.1(f), Case Management Order One, and Case Management Order Number 4, I certify that the foregoing memorandum of law constitutes 16 pages of the 100-page limit that this Court has allotted the defendant pharmacies for their motions to dismiss the complaints filed in: (1) *Chicago-I*; (2) *Chicago-II*; (3) *Summit County, Ohio*; (4) *Cabell County, West Virginia*; (5) *Monroe County, Michigan*; and (6) *Broward County, Florida*.


*/s/ Eric R. Delinsky*
Eric R. Delinsky