# EXHIBIT C

**Cabell County Resolution:**

In addition to all other powers and duties now conferred by law upon county commissions, the Cabell County Commission is "authorized to enact ordinances, issue orders and take other appropriate and necessary actions for the elimination of hazards to public health and safety and to abate or cause to be abated anything which the commission determines to be a public nuisance." W. Va. Code § 7-1-3kk [2002].

"A *public nuisance* is an act or condition that unlawfully operates to hurt or inconvenience an indefinite number of persons. The distinction between a public nuisance and a private nuisance is that the former affects the general public, and the latter injures one person or a limited number of persons only. Ordinarily, a suit to abate a public nuisance cannot be maintained by an individual in his private capacity, as it is the duty of the proper public officials to vindicate the rights of the public." *Sharon Steel Corp. v. City of Fairmont*, 175 W. Va. 479, 483, 334 S.E.2d 616, 620 (1985).

Between 2007 and 2012, more than 40 million doses of prescription pain pills were sold in Cabell County which has a 2010 census population of 96,319. The dumping of millions of pain pills into our community has spawned a public health and safety hazard to the residents of Cabell County, devastated our families, hurt our economy, wasted our public resources and created a generation of narcotic dependence.

Those in the chain of distribution have wrongfully abused the privilege of providing medication to our residents and must be held accountable. It is the duty of the Cabell County Commission to vindicate the rights of the residents of Cabell County and take action to abate this public nuisance.

Therefore, **BE IT RESOLVED** that the Cabell County Commission hereby declares that the unlawful distribution of prescription pain pills, including hydrocodone and oxycodone, has created a public nuisance to the people of Cabell County.

**FURTHERMORE**, the Cabell County Commission hereby retains the law firm of GREENE, KETCHUM, FARRELL, BAILEY & TWEEL and WOELFEL & WOELFEL, LLP as counsel, on a contingent fee basis, to hold accountable those in the chain of distribution who caused this public nuisance and abate the same by seeking all civil remedies which may be afforded under West Virginia law. Paul T. Farrell, Jr., Esq. shall serve as lead counsel. Any division of fees requires the prior approval and consent of the Cabell County Commission.

The adoption of the foregoing motion, having been made by Nancy Cartmill Commissioner, seconded by Bob Bailey, Commissioner, the vote thereon was as follows:

Bob Bailey, President .................................................................. AYE

Nancy Cartmill, Commissioner .................................................. AYE

Jim Morgan, Commissioner ........................................................ AYE

Whereupon, Bob Bailey, Commission President, declared said motion duly adopted; and it is therefore ADJUDGED and ORDERED that said motion be, and the same is hereby adopted.

_____
Bob Bailey, President

_____
Nancy Cartmill, Commissioner

_____
Jim Morgan, Commissioner