UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

***FIRST*** **NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) AND DOCUMENT REQUEST PURSUANT TO RULE 30(B)(2) AND RULE 34 TO DEFENDANT CARDINAL HEALTH, INC.**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Cardinal Health, Inc., (hereinafter "Cardinal") on a date, time and location to be determined at the mutual convenience of the parties. The deposition will be recorded stenographically, by video, and through instant visual display of testimony by means of LiveNote or other similar technology, before a notary public or other person authorized to administer oaths pursuant to Fed. R. Civ. P. 28(a). The deposition will be conducted in accordance with the protocol(s) established by the Court.

Pursuant to Fed. R. Civ. P. 30(b)(6), Cardinal shall designate and produce a representative or representatives, as may be required, who are knowledgeable and prepared to testify fully on behalf of Cardinal concerning the topics identified in **Schedule A** below.

Pursuant to Fed. R. Civ. P. 30(b)(2) and 34 Cardinal shall produce all documents identified in **Schedule B**, for the purposes of inspection and/or photocopying by June 25 or seven days (7 days) prior to the deposition.

Plaintiff requests that Cardinal produce at each deposition a copy of the designated representative's current curriculum vitae or résumé for the purposes of inspection and/or photocopying.

**Duty to Designate**

By designating a representative, Cardinal indicates its representative has authority to speak on its behalf on the matters listed in this notice – not only to facts, but also to subject beliefs and opinions.

**Duty to Substitute**

If it becomes clear that the chosen representative is unable to respond to questions on the matters for which he or she has been designated, Cardinal must immediately provide a substitute knowledgeable witness. This is required even if the initial designation was made in good faith.

**Duty to Prepare**

The testimony elicited in the deposition represents Cardinal's knowledge, not the individual deponent's knowledge. Cardinal must conduct a thorough investigation in response to the deposition notice and must prepare a witness to testify to all matters "known or reasonably available to the organization." Therefore, if Cardinal's designee is not knowledgeable about the matters specified in the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain. An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.

## SCHEDULE A
## (Cardinal)

**I. DEFINITIONS**

This section sets forth specific definitions applicable to certain words and terms used herein. Unless words or terms have been given a specific definition in this section or in a specific request, each word or term shall be given its usual and customary dictionary definition, except where a word or term has a specific customary and usage definition in your trade and industry. In that case, the word or term shall be interpreted in accordance with the specific customary and usage definition.

1. "Action" refers to *In re National Prescription Opiate Litigation*, No. 17-md-2804-DAP (N.D. Ohio).

2. "Concerning," "Concerns," "Relating To" and "Referring To" and derivations thereof each mean reflecting, concerning, relating to, referring to, describing, discussing, evidencing, addressing or constituting in any way.

3, "Controlled Substance(s)" has the definition provided by the CSA (defined below), 21 U.S.C. §802(6).

4. "CSA" means Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801, *et seq.*, inclusive of all regulations adopted thereunder.

5. "DEA" means Drug Enforcement Administration.

6. "Defendant(s)" means the named Defendants in the above-captioned Action.

7. "Diversion" means the unlawful channeling of a licit Controlled Substance for an illicit purpose or use.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Fed. R.

3

Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term. In all events, the definition of "Document" shall include "Communications" as defined below.

      9.      "Suspicious Order" shall be as defined by the DEA and shall include, but not be limited to, orders for Opioids or Opioid Products of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

      10.      "You" or "Your" means Defendants Cardinal and Cardinal's officers, directors, employees, partners, representatives, agents, corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on its behalf or controlled by Cardinal.

      11.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the 30(b)(6) topic all subject matters that might otherwise be construed to be outside of its scope.

      12.      The terms "all," any" and "each" shall be construed as encompassing "any and all."

## II. RELEVANT TIME PERIOD

Except as otherwise specified, the Relevant Time Period applicable to the Subject Matters for Testimony is 1995 to the present, inclusive.

## III. SUBJECT MATTERS FOR TESTIMONY

Your duty and the basis of said duty, relating to the "maintenance of effective control against diversion" (21 USC §823) and/or your duty and the basis of said duty to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR 1301.74(b) including but not limited to:

      a.      Your past/present suspicious orders monitoring system, SOMS program, policies and procedures;

4

b. Your past/present "Know Your Customer" program, policies and procedures;

c. Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law;

d. Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C Cir. 2017);

e. How Your interpretation and compliance with the Reporting Requirement has changed over time;

f. How Your interpretation and compliance with the Shipping Requirement has changed over time;

g. Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C Cir. 2017);

h. Your past/present policies and procedures related to due diligence following the detection of a suspicious order;

i. Your past/present policy, procedures, standards and metrics used to identify orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency;

j. How your policy, procedures, standards and metrics used to identify suspicious orders has changed over time;

k. Your policies, procedures, standards and metrics used to set and/or alter thresholds; and

l. Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances;

m. Your past/present programs, policies and procedures relating to "maintenance of effective controls against diversion" (21 USC § 823);

n. Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C Cir. 2017);

o. The identity of any consultant or other third party retained to assist you in the "maintenance of effective controls against diversion" (21 USC §

5

823) or in meeting your obligations to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR 1301.74(b).

## SCHEDULE B

1. All documents which deponent has consulted or reviewed or plans to consult in preparation for his or her deposition and has relied upon or will rely upon for testimony on the above deposition topics.

Dated:  June 18th, 2018          *s/Michael J. Fuller, Jr.*
                                                 Michael J. Fuller, Jr. (0090250)
                                                 **McHugh Fuller Law Group**
                                                 97 Elias Whiddon Road
                                                 Hattiesburg, MS  39402
                                                 (601) 261-2220
                                                 (601) 261-2481 (FAX)
                                                 *mike@mchughfuller.com*
                                                 Plaintiffs' Co-Liaison Counsel

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 18th day of June 2018, the foregoing has been served via email only to the following defense liaison counsel:

>Mark Cheffo, Esq.
>**Dechert LLP**
>Three Bryant Park
>1095 Avenue of the Americas
>New York, NY  10036
>mark.cheffo@dechert.com
>
>Carol Rendon, Esq.
>**Baker Hostetler**
>Key Tower, 127 Public Square
>Cleveland, OH  44114
>crendon@bakerlaw.com
>
>Enu Mainigi, Esq.
>**Williams & Connolly**
>725 Twelfth Street, NW.
>Washington, DC  20005
>emainigi@wc.com
>
>Shannon McClure, Esq.
>**ReedSmith**
>Three Logan Square
>1717 Arch Street, Suite 3100
>Philadelphia, PA  19103
>smcclure@reedsmith.com
>
>Geoffrey E. Hobart, Esq.
>**Covington & Burling**
>One CityCenter
>850 Tenth Street, NW
>Washington, DC  20001
>ghobart@cov.com
>
>Kaspar Stoffelmayr, Esq.
>**Bartlit Beck**
>54 West Hubbard Street, Ste 300
>Chicago, IL  60654
>Kaspar.stoffelmayr@bartlit-beck.com

Tina Tabacchi, Esq.
**Jones Day**
77 West Wacker Drive
Chicago, IL  60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
**Gordon & Rees**
41 S. High Street, Suite 2495
Columbus, OH  43215
ttarney@grsm.com

Steven Pyser, Esq.
**Williams & Connolly**
725 Twelfth Street, NW.
Washington, DC  20005
spyser@wc.com

Neelum Wadhwani, Esq.
**Williams & Connolly**
725 Twelfth Street, NW.
Washington, DC  20005
nwadhwani@wc.com

*s/Michael J. Fuller, Jr.*
Michael J. Fuller, Jr.
Plaintiffs' Co-Liaison Counsel