UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>*APPLIES TO ALL CASES* | Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster |

## ORDER ESTABLISHING DEPOSITION PROTOCOL

This Order shall govern the conduct of depositions in all of the following cases: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on December 5, 2017, (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: National Prescription Litigation*, MDL No. 2804 ("MDL 2804"). These cases will be referred to as the "MDL Proceedings."

I.   **General Provisions**

   a.  **Noticing Depositions**

      1.   *Notice of Deposition Procedures*. All deposition notices shall comply with the requirements of Federal Rule of Civil Procedure 30(b). If a deposition is cross-noticed, the notice shall comply with the rules of the relevant jurisdiction. A party that cross-notices a deposition in one or more cases outside the MDL Proceedings is responsible for service of both the original notice and cross-notice on all parties entitled to receive such notice, both in this MDL and the other action(s). All depositions noticed or properly cross noticed in this MDL are subject to this deposition protocol. All deposition notices shall be served to email addresses

1

provided by the parties.

2.  *Third-Party Depositions.* All third-party subpoenas seeking deposition testimony shall comply with Federal Rule of Civil Procedure 45. A copy of this Protocol shall be attached to each third-party subpoena issued or served in the MDL Proceedings requesting deposition testimony. All third-party subpoenas requesting deposition testimony shall be served as provided in section I.a.1.

   b. **Scheduling**

Absent extraordinary circumstances, counsel for the noticing party should consult in advance with counsel for the deponent in an effort to schedule depositions at mutually convenient times and locations. After counsel have agreed on a mutually acceptable date and location for a deposition, all parties shall be notified of the scheduled deposition pursuant to section I.a.1. If the parties cannot agree on a date, time, or location for the deposition after undertaking good faith efforts to reach agreement, the deposition may still be noticed, subject to appropriate motions to quash.

The noticing party shall provide a call-in number and any other information necessary to attend a deposition by phone. Once a deposition has been scheduled, except upon agreement of counsel for the noticing party and the deponent, or upon leave of the Court, it shall not be taken off the calendar, postponed, or rescheduled fewer than three (3) calendar days in advance of the date upon which the deposition has been scheduled to occur.

   c. **Location for Depositions**

Unless the parties agree otherwise, depositions of the parties and their current or former officers and employees will take place within seventy-five (75) miles of the location where the deponent resides, is employed, or regularly transacts business in person, or, where agreed by both the noticing party and the deponent, at the offices of counsel for that party, the federal

courthouse in the witness's home federal jurisdiction, or the courthouse in the Northern District of Ohio Eastern Division. Counsel will make reasonable efforts to obtain the agreement of former employees to appear at designated locations. Unless otherwise agreed, the deposition of an expert witness will take place in the expert witness's home federal jurisdiction or, where agreed, at the offices of counsel for the party who has retained the expert witness. Federal Rule of Civil Procedure 45(c) shall govern the location of third-party depositions.

   d. **Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

   e. **Attendance**

   1.     *Who May Be Present*. Unless otherwise ordered under Federal Rule of Civil Procedure 26(c) and subject to the terms of the Protective Order entered in the MDL Proceedings, only the following individuals may attend depositions: counsel of record or attorneys and employees of their firms; attorneys specially engaged by a party for purposes of the deposition; parties or in-house attorneys of a party; court reporters; videographers; the deponent; and counsel for the deponent. An expert or non-testifying consultant for a party may attend if the party employing that expert or non-testifying consultant provides: (a) advance notice of their attendance, per section e.3; and (b) confirmation that the expert or consultant has signed attestations confirming adherence to all applicable protective orders. Any party that objects to the attendance of such expert or consultant may seek relief from the Court in advance of the deposition. Under no circumstances shall a person attend any part of a deposition in person, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record.

   2.     *Unnecessary Attendance*.  Unnecessary attendance by counsel is discouraged.

Counsel who have only marginal connection with a deposition or who expect their interests to be adequately represented by other counsel should not attend.

  3.  *Notice of Intent to Attend a Deposition.* In order for counsel to make arrangements for adequate deposition space, representatives from the Plaintiffs' group and Defendants' group shall share the number of expected attendees with each other no fewer than two (2) business days prior to the deposition, whenever feasible. Nothing in this section shall prevent a party or counsel hosting a deposition from requiring, for security purposes, the names of all attendees appearing at the deposition.  If requested, this information must be provided at least two (2) business days in advance of the deposition.

 **f. Coordination of Depositions**

  1.  *Coordination with State Court Proceedings.*  Pursuant to CMO 1, paragraph 7, the parties to this MDL shall use their best efforts to communicate, cooperate, and coordinate with State court litigants to schedule and take depositions, including working on agreements for the cross-noticing of depositions. The Court recognizes that the State courts are independent jurisdictions; the parties to this MDL, with the assistance of the special masters, shall facilitate communication with State courts to efficiently conduct discovery.  In a coordinated deposition, this Court expects counsel for plaintiffs in the MDL Proceedings and counsel for plaintiffs in the State Court Proceedings to cooperate in selecting the primary examiners described below in section II.a.  Nothing in this Order applies to or limits in any way or sets requirements within any attorney general investigation or attorney general action pending in state court.

   2.  *Limitation on Repeated Depositions.*  Depositions taken in this MDL pursuant to this Order shall not be retaken in this MDL without further order of the court upon good cause shown or an agreement of the parties.  Depositions taken pursuant to an attorney general investigation or attorney general action pending in State court shall not be the subject of

4

this limitation.  Counsel for any witness, and, in the case of former employees, for a party affiliated with that witness, shall use best efforts to minimize the necessity for the continued or further deposition of any witness by ensuring that deposing counsel have the complete production of information relevant to the witness sufficiently in advance of the deposition to permit proper and comprehensive examination of the witness on the dates scheduled.  The Court may enter additional provisions regarding repeated depositions in subsequent Orders.

       3.    *Cross-Noticing of Depositions.* Any deposition notice pursuant to this Order in the MDL proceedings may be cross-noticed by any party in any State court in which a filed action is pending.  Each cross-notice shall comply with Fed. R. Civ. P. 30(b) or applicable state rules.  Nothing herein shall be deemed to waive or limit the right of a party to object to or otherwise move to quash a cross-notice on such grounds as may be appropriate under applicable law.

       4.    *Use of Depositions.* All depositions noticed in this MDL or appropriately cross-noticed pursuant to this Protocol are deemed noticed and taken in the MDL Proceedings, subject to appropriate evidentiary objections to the admission of deposition testimony or exhibits on summary judgment or at trial.

**II.**    **Conduct of Depositions**

  a.  **Examination**

Absent extraordinary circumstances, questioning related to the MDL deposition notice or cross-notice should be conducted by no more than two MDL examiners for all MDL plaintiffs in the case of depositions noticed by plaintiffs.[2] Likewise, for depositions noticed by defendants, questioning should be conducted by no more than two attorneys for each defendant

---

[2] This Order does not address the permitted number of examiners by parties in State Court Proceedings. The Court expects this issue will be subject to a separate agreement involving those parties, *see* section I f.1, *Coordination with State Court Proceedings.*

group (i.e., manufacturers, pharmacies, distributors). Additional questioners may be permitted only to follow up concerning testimony that specifically addressed their client.  Nothing in this protocol requires parties to waive their rights to question a witness. Counsel shall confer prior to the deposition concerning allocation of time to question a deponent. Counsel's failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition shall not constitute grounds to extend a deposition. Counsel should cooperate in the allocation of time to ensure efficiency for witnesses, and to comply with the time limits set by the Court.

      1.      *Sequence of Questioning*. The questioning of current or former employees of parties will be conducted in the following presumptive sequence: (1) examination by the opposing party, followed by questioning by similarly-aligned State court counsel; (2) counsel for the witness and the witness's employer; (3) questioning by other parties; (4) any reexamination by the counsel listed above.  In the event that a party contends that the presumptive examination sequence should not apply to a particular deposition, the affected parties shall, upon receipt of the notice, promptly meet and confer in an attempt to resolve the matter; if the matter cannot be resolved by agreement of counsel, it shall be submitted to the Court so that the deposition can proceed without delay. Counsel designated to conduct the examinations shall coordinate with each other to conduct as thorough and non-duplicative and non-repetitive an examination as is practicable and to ensure that the needs of all examining parties are reasonably accommodated.

      2.      *Production of Documents by Third-Party Witnesses*. If a third-party witness subpoenaed to produce documents does not provide documents within ten (10) calendar days before the date of a scheduled deposition, the noticing party shall have the right to reschedule the deposition to allow time for inspection of the documents before the examination

commences.

3. *Copies*. Counsel conducting an examination should have at least four (4) copies of all exhibits utilized with the witness available for use by witness (1 copy), the witness's counsel (1 copy) and other counsel (2 copies).

4. *Objections to Documents*. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are preserved pending a later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

5. *Adherence to the Protective Order*. All parties shall adhere to all Protective Orders entered in this matter and shall take steps to ensure deponents adhere to Protective Orders as applicable. Nothing in this Protocol modifies the terms of any Protective Order entered by the Court in the MDL Proceedings.

   b. **Duration**

Absent agreement of the Parties or a Court order allowing additional time, pursuant to the Court's Order of May 31, 2018 (docket no. 544), the time limit for fact witness depositions is seven (7) hours of examination by the MDL Plaintiff examiners (7 hours for the combined examination of both MDL Plaintiff examiners) or by the MDL Defendant examiners (7 hours for the combined examination of all MDL Defendant examiners), in each case depending on whether an MDL Plaintiff or MDL Defendant noticed the deposition.[3] If a deposition is cross-noticed in State Court Proceedings, a party may request of the party defending the deposition an

---

[3] This Order does not address the duration of examination permitted by attorneys in State Court Proceedings. The Court expects this issue will be subject to a separate agreement involving those parties, *see* section I.f.1, *Coordination with State Court Proceedings*.

extension of the presumptive 7-hour limit.  The seven (7) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel.  The noticing party shall be entitled to a minute-for-minute re-cross following any examination conducted by the defending party or other opposing counsel.  To the extent that the party defending the deposition or other opposing counsel conducts a further re-direct examination following the noticing party's re-cross, the noticing party shall be entitled to a minute-for-minute re-recross.  To the extent the party defending the deposition or other opposing counsel anticipates that its questioning will exceed ninety (90) minutes, it will provide notice at least two (2) calendar days before the scheduled deposition.

   c.  **Objections and Directions Not to Answer**

Counsel shall comply with the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the Northern District of Ohio. Any objection by a Defendant at a deposition shall be deemed to have been made on behalf of all other Defendants. Any objection by a Plaintiff shall be deemed to have been made on behalf of all other Plaintiffs. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness.

   d.  **Disputes During Depositions**

Disputes between the parties shall be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.  However, if the dispute arises during the examination of a State Court examiner who is not a member of a PEC firm then the dispute between the parties shall be addressed to the applicable State Court.

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Special Master Cohen or, if he is unavailable, to the Court by telephone at (216) 357-7190.

In the event the Court and Special Master Cohen are unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); (2) file an appropriate motion with Special Master Cohen after the deposition, and appear personally before Special Master Cohen, or (3) file a motion to prevent any decision or recommendation of Special Master Cohen from taking effect as may be otherwise permitted.

### e. Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Real-Time Feed.* All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities.

2. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. *Attendance.* Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. Under no circumstances may a person attend the deposition remotely in any manner without being

identified, pursuant to section I.e above.

    4.    *Standards*. Unless physically incapacitated, the deponent and examiner shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be videotaped against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view shall be nonobtrusive to the deponent, and will be changed only as necessary to record accurately the natural body movements of the deponent. All parties may inspect the image to be recorded, including the framing of the witness as it will appear on camera.  Exhibits or demonstrative aids used in the examination may be video recorded by separate video recording equipment at the expense of the party wishing to do so.  Any demonstrative aids used in the examination will be marked as exhibits for future determination by the Court as to whether inclusion on screen is appropriate. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

    5.    *Filing*. The video operator(s) shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

    6.    *Interruptions*.  No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel.

    7.    *Other Recording*. No one shall use any form of recording device to record the deposition during the course of a deposition other than the designated videographer or court reporter.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Any person who violates this provision shall

be immediately identified and reported to the Court for the possible imposition of sanctions. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

      8.     *Stenographic Record*: A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Federal Rules of Civil Procedure 30(e) and 30(f).

**f. Correction and Signing of Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty calendar days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty calendar days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

**g. Cost of Deposition**

The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

## III. Limits on Fact Witness Depositions in Track One Cases

Plaintiffs may take up to 420 depositions. Plaintiffs may decide how they want to allocate those depositions among the Defendant Families.

Defendants may take 120 depositions. That is 40 per Defendant Group (i.e., manufacturers, distributors, and retail pharmacies). The Defendants can allocate the 120 depositions any way they want among themselves. If defendants cannot agree, each Defendant Group will be allotted 40 depositions. Defendants may allocate the 120 depositions any way they wish among the plaintiffs.

The time limit for depositions is seven (7) hours.  If any deposition exceeds seven (7) hours, the aggregate number will reduce pro rata.  For example, if a deposition takes 14 hours, that counts as two depositions.

The foregoing limitations do not apply to the depositions of third-parties or place a limit on the number of depositions the parties may take of third-parties.  Nothing in this provision shall limit the parties from seeking agreement for a party to notice and take additional depositions in excess of the above limits or seeking leave of Court to notice and take additional depositions.

### IV.     Rule 30(b)(6) Depositions

1.      *Combination Fact and Rule 30(b)(6) Depositions.* A party who elects to produce a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and also as a fact witness shall provide written notice of that intention, within ten (10) calendar days of service of the Notice of 30(b)(6) Deposition, identifying the topic or topics on which the witness will be designated for purposes of the portion of the deposition covered by Rule 30(b)(6). Where the parties cannot agree on a single deposition of a deponent who is both a corporate designee and a fact witness, the dispute shall be submitted promptly to Special Master Cohen for resolution in advance of the scheduled deposition.

2.      Each side (plaintiff and defense) may serve no more than two 30(b)(6) deposition notices to any party, and must do so by July 1, 2018.  If a party designates one individual across both notices, a seven (7) hour time limit is imposed.  If a party designates two or more individuals across both notices, a fourteen (14) hour time limit is imposed.  There shall be no more than fifty (50) topics noticed. The parties are encouraged to state each subject matter with particularity to ensure fair notice and ensure responsive answers. Participation by non-MDL

parties shall not diminish the limitations set forth above, but such participation may be the subject of further limitations set by the Special Masters.  Nor shall 30(b)(6) depositions count towards any limitation on the number of party deponent fact witness depositions set forth earlier in the Court's Order Regarding Deposition Protocol (docket no. 544).  Nothing herein shall prohibit either side from seeking leave for additional 30(b)(6) deposition notices, extended time, and/or expanded subject matters for good cause shown.

V. **Federal Rules of Civil Procedure Applicable**

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 20, 2018**