# EXHIBIT C

Case: 1:17-md-02804-DAP Doc #: 654-3 Filed: 06/22/18 2 of 6. PageID #: 15920

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

STATE OF WASHINGTON,

Plaintiff,

v.

PURDUE PHARMA L.P.; PURDUE PHARMA INC.; and THE PURDUE FREDERICK COMPANY; DOES 1 through 99; and DOE CORPORATIONS 1 through 99,

Defendants.

NO. 17-2-25505-0 SEA

ORDER GRANTING IN PART AND DENYING IN PART PURDUE DEFENDANTS' MOTION TO DISMISS AND ORDER DIRECTING STATE TO REPLEAD CERTAIN ALLEGATIONS

THIS MATTER came before the Court on the Motion to Dismiss of Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and the Purdue Frederick Company (collectively, "Purdue"). The Court has reviewed the Motion to Dismiss, the supporting Declaration of Thomas Adams and exhibits thereto; the State's Opposition brief, the supporting Declaration of Tad Robinson O'Neill and exhibits thereto; and Purdue's Reply; and has heard oral argument on the Motion.

Being fully familiar with the records and files herein, the Court finds the following:

**Background and Judicial Notice**

1. The State of Washington has brought suit against Purdue under the Washington Consumer Protection Act, the public nuisance statute, and common law negligence, stemming from Purdue's marketing and sale of its opioid products in Washington State. Purdue has moved to dismiss the complaint under a number of theories.

ORDER DENYING IN PART AND GRANTING IN PART PURDUE DEFENDANTS' MOTION TO DISMISS AND ORDER DIRECTING STATE TO REPLEAD CERTAIN ALLEGATIONS - 1
07760-00001/10109773.1
#1168560 v2 / 72285-004

ORIGINAL

2. Purdue submitted 23 exhibits with its Motion and requested judicial notice of those materials. The Court finds that Adams Exhibits 2, 11, 12, 13, and 14 are not appropriate for judicial notice and as such they will not be considered at this stage of the proceedings. The remaining exhibits to the Adams Declaration are documents that were referenced in the Complaint or are otherwise appropriate for judicial notice and will be considered. The Court has the authority to consider these exhibits without converting the Motion to one for summary judgment.

**Legal Standard**

3. Washington has a low standard for surviving a motion to dismiss under CR 12(b)(6). When reviewing a motion to dismiss pursuant to CR 12(b)(6), this Court accepts as true the allegations in the complaint and any reasonable inferences therefrom. A motion to dismiss may only be granted where there is no conceivable set of facts consistent with the complaint that would entitle the plaintiff to relief.

**Preemption**

4. Purdue argues that the State's claims are preempted by federal law because they would require Purdue to stop selling opioid medications in Washington and because they conflict with FDA labeling decisions.

5. For the reasons set forth in the State's motion, the Court disagrees. The Court finds that the State has alleged that Purdue engaged in conduct that exceeded the parameters of the FDA labeling. For issues that touch on Purdue's labeling, the Court finds that Purdue failed to establish conflict preemption. Impossibility preemption does not apply to the facts alleged in the Complaint. Likewise, the Court finds that Purdue has not established that the FDA would have rejected proposed labels that were more conservative. The State's claims are not preempted by federal law, and the Court will deny Purdue's motion to dismiss on those grounds.

Case: 1:17-md-02804-DAP Doc #: 654-3 Filed: 06/22/18 4 of 6. PageID #: 15922

**Consumer Protection Act Claim**

6. Purdue asserts that, if not preempted, the State's CPA claims are barred by the safe harbor provision in RCW 19.86.170. Purdue also argues that the distribution of third party materials does not constitute an act within trade or commerce.

7. The Court concludes that RCW 19.86.170, the Consumer Protection Act safe harbor, does not apply to Purdue's alleged conduct.

8. The Court further finds that Purdue's alleged solicitation and distribution of materials from third parties as part of its marketing and sales efforts was activity within trade or commerce under the CPA. As alleged in the Complaint, these third party materials were a part of Purdue's overall marketing strategy, which was intended to create and expand the market for selling opioids in general and Purdue's products in particular. Such third party materials gave the impression of independent reliable information, which Purdue used in order to enhance its sales. The Complaint amply alleges activity within trade or commerce.

9. Accordingly, the Court will deny Purdue's motion to dismiss the State's CPA claim.

**Nuisance and Negligence**

10. Purdue moves to dismiss the State's public nuisance claim for failure to plead a relationship to real property. The Court finds that the statute is quite clear that it applies to interference with life ***or*** property, and that inference with real property is not required. The Court further finds that, even if there were such a requirement, the State has made threshold allegations that would connect Purdue's conduct to real property in the State. The Court will therefore deny Purdue's motion to dismiss the State's public nuisance claim.

11. Purdue asks the Court to dismiss the State's negligence cause of action. Regarding negligence, the Court finds that the State has pled facts from which reasonable inferences can be drawn that Purdue had a duty of care and that it violated that duty of care.

ORDER DENYING IN PART AND
GRANTING IN PART PURDUE
DEFENDANTS' MOTION TO DISMISS
AND ORDER DIRECTING STATE TO
REPLEAD CERTAIN ALLEGATIONS - 3
07760-00001/10109773.1
#1168560 v2 / 72285-004

Case: 1:17-md-02804-DAP Doc #: 654-3 Filed: 06/22/18 5 of 6. PageID #: 15923

Likewise, the State has pled sufficient facts to establish that Purdue's violation of the duty of care resulted in foreseeable harm, particularly the addiction of many Washingtonians to opioids. Thus, the Court will deny Purdue's motion to dismiss the State's negligence claim.

12. To the extent Purdue asked the Court to limit the State's claim for negligence to situations in which a specific prescriber was misled by Purdue's conduct, the Court declines to limit the State's negligence claim.

**2007 Consent Judgment**

13. Purdue and the State are parties to a 2007 Consent Judgment arising out of a prior consumer protection investigation into Purdue's marketing of OxyContin. The Consent Judgment is in the record at Adams Ex. 19, and is appropriate for judicial notice.

14. The Court finds that the 2007 Consent Judgment was drafted by sophisticated parties and specifically preserves certain types of non-released claims, none of which are at issue here. On this basis, the Court finds that the 2007 Consent Judgment released Purdue from any liability for its marketing of OxyContin prior to the Consent Judgment's effective date, regardless of the legal theory asserted for recovery. The Court finds that claims arising from conduct occurring before the Consent Judgment's effective date are barred.

15. This ruling does not limit the State's presentation of evidence of pre-2007 conduct for other purposes, such as to demonstrate knowledge or duty.

**Allegations Regarding Other Manufacturer's Sales**

16. The Court finds that the Complaint is overbroad in its allegations regarding the sale of other manufacturer's products, and will direct that such allegations be excised from the pleading. Purdue is not liable for other manufacturers' conduct.

17. The Court has fully considered and rejected all other arguments presented by Purdue. Any basis for the motion to dismiss not specifically mentioned in the Court's Order is denied.

ORDER DENYING IN PART AND GRANTING IN PART PURDUE DEFENDANTS' MOTION TO DISMISS AND ORDER DIRECTING STATE TO REPLEAD CERTAIN ALLEGATIONS - 4
07760-00001/10109773.1
#1168560 v2 / 72285-004

Case: 1:17-md-02804-DAP Doc #: 654-3 Filed: 06/22/18 6 of 6. PageID #: 15924

**ORDER**

Based on the foregoing, the Motion to Dismiss is DENIED IN PART and GRANTED IN PART.

The State is directed to file an Amended Complaint within thirty days that excises allegations as to Purdue's pre-2007 marketing of OxyContin and allegations about other manufacturers' sales of their opioid medications.

IT IS SO ORDERED.

DATED this 14 day of May, 2018.

THE HONORABLE CATHERINE MOORE
King County Superior Court

ORDER DENYING IN PART AND GRANTING IN PART PURDUE DEFENDANTS' MOTION TO DISMISS AND ORDER DIRECTING STATE TO REPLEAD CERTAIN ALLEGATIONS - 5
07760-00001/10109773.1
#1168560 v2 / 72285-004