UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | Case No. 17-md-2804 Hon. Dan Aaron Polster |

**PLAINTIFFS' RESPONSE TO [DOC. NO. 499-2] MANUFACTURER DEFENDANTS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MANUFACTURER DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Without conceding the relevance of any of the documents submitted in the Manufacturer Defendants' Request for Judicial Notice, the truth of any matter set forth therein, or any argument made by the Manufacturer Defendants' as to the contents thereof, Plaintiffs the County of Summit, Ohio and City of Akron do not object to the Court taking judicial notice of the existence of those documents. *See In re Omnicare, Inc. Sec. Litig*., 769 F.3d 455, 468 (6th Cir. 2014); *Ramirez v. Medtronic, Inc*., 961 F. Supp. 2d 977, 984 (D. Ariz. 2013) (courts limit judicial notice of public records to the "authenticity and existence of the records, but not the validity of the allegations or claims made therein"); *see also Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 511 (4th Cir. 2015) (courts decline to take judicial notice where a party seeks "notice of its own interpretation of the contents of . . . documents and not just notice of their existence") (internal quotation marks omitted).[1]

---

[1] Plaintiffs also note that the selected documents are a small subset of a much larger universe of documents concerning the regulatory treatment of opioids. To the extent that the documents at issue are publicly available (*e.g.,* from the FDA website), myriad other sources on the same topics are likewise available, and courts must remain vigilant to prevent judicial notice from being used as an expedient for summary judgment proceedings on a full record or to "upset the procedural rights of litigants to present evidence on disputed matters." *Goldfarb*, 791 F.3d at 511. In February, California state court, in *State of California v. Purdue Pharma L.P*.,

Dated: June 23, 2018

Respectfully submitted,

 /s/ Linda Singer

Joseph F. Rice
Lisa Saltzburg
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
jrice@motleyrice.com
lsaltzburg@motleyrice.com

Linda Singer
Louis Bograd
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
lbograd@motleyrice.com

Donald W. Davis, Jr.
Adam D. Fuller
Elizabeth Shively Boatwright
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, OH 44308
Tel: 330-253-5060
dwdavis@bmdllc.com
adfuller@bmdllc.com
esboatwright@bmdllc.com

---

Case No. 30-2014-00725287-CU-BT-CXC (Super. Ct. of Calif., Orange Cty. Feb. 13, 2018), rejected a request for judicial notice to prevent a motion to dismiss proceeding from being "turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable"  The court held that judicial notice was reserved for "those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed." Order Attached as Exh. A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of June 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF System. The foregoing will be served on counsel of record.

        */s/ Linda Singer*
Linda Singer

*Attorney for the Plaintiffs*