**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br>MAGISTRATE JUDGE DAVID A. RUIZ<br><br>MOTION FOR ACCESS TO THE <u>UNREDACTED</u> BRIEF IN SUPPORT OF OBJECTIONS TO DISCLOSURE OF ARCOS DATA<br><br>FILED ON BEHALF OF THE WASHINGTON POST COMPANY, LLC |

Now comes The Washington Post Company, LLC, ("The Post"), by and through undersigned counsel, and hereby moves the Court to reconsider its order granting the United States Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA") (collectively "Government") permission to file under seal for the Court's eyes only its Brief in Support of Objections to Disclosure of ARCOS Data and the declaration and exhibit in support thereof. The Post, granted the right to intervene for the limited purpose of addressing its Public Records

1

Requests (Doc. #611), is to file its brief favoring disclosure on or before July 9, 2018.

However, the Government's Brief in Support of Objections contains redactions that make it impossible for The Post to adequately and accurately respond.  Further, The Post was not afforded an opportunity to object to the sealing, as the Government's Motion to File Under Seal was filed on Friday, June 22, 2018, (Doc. #652) and granted two non-business days later, on Sunday, June 24, 2018 (Doc. #656).  The Post was not notified of the Government's request to file its brief under seal for the Court's eyes only, and therefore it was unable to file a timely objection before the Government's request was granted.

This is an issue of immense public concern. Since 2000, prescription painkillers have claimed 200,000 lives across the country, more than three times the number of U.S. military deaths in the entire Vietnam War. Today, more Americans die of opioid overdoses than car accidents and gun-related deaths.[1]  Because this epidemic is such a scourge on communities across America, any order limiting access to information about the manufacture and distribution of those drugs must be carefully weighed.  And while the Court does have discretion to accept pleadings under seal, it must balance the interests of the Government, seeking to file its brief under seal, with the interests of The Post, seeking access to the unredacted document so that The Post's counsel have a full and fair opportunity to respond to the Government's position. There is no more compelling social tragedy happening in America today than the opioid epidemic.

---

[1] Sources, The Washington Post:
https://www.washingtonpost.com/graphics/2017/investigations/dea-drug-industry-congress/?utm_term=.a00bcf4800b9;
https://www.washingtonpost.com/news/politics/wp/2017/10/16/murder-and-crime-gets-trumps-attention-drug-overdoses-kill-far-more-people/?utm_term=.c51a572c2125;
https://www.cdc.gov/media/releases/2018/p0306-vs-opioids-overdoses.html

The balancing test required in advance of sealing a record or closing a courtroom stems from this country's long history of access to judicial proceedings.  See *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306 (1978). (Court has discretion to seal records, but public also has a "presumptive right . . . to inspect and copy judicial documents and files.")  *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814 (1980). (The right to attend trials encompasses both a "right of access" and a "right to gather information.")  *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819 (1984) ("*Press-Enterprise I* "). ("[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" and that "[t]he interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.")  *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 106 S.Ct. 2735 (1986) ("*Press-Enterprise II*").  (Creating the "experience and logic" test, "whether the place and process have historically been open to the press and general public.")   See also *Joy v. North,* 692 F.2d 880, 894 (2d Cir. 1982), holding that a "naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The Report is no longer a private document.  It is part of a court record. Since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny."  (Not followed on other grounds.)

While opioids are relatively new, the issue is not; almost four decades ago, the 6th Circuit addressed whether FTC records pertaining to the tobacco industry could be sealed. See *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165 (6th Cir. 1983).   In reversing the District Court's decision to seal records potentially embarrassing to the tobacco industry, the 6th Circuit

expressly "decline[d] to carve out an exception to the right of access in order to protect the secrecy of an administrative record.  The public has a strong interest in obtaining the information contained in the court record.  The subject of this litigation potentially involves the health of citizens who have an interest in knowing . . . .  The public has an interest in knowing how the government agency has responded."  *Id.* at 1180-1181.

As the litany of cases cited above shows, a right of access is presumptive and may be overcome only if the District Court articulates specific facts that justify closure or sealing.  In this case, the Court merely granted the Government's Motion to File Under Seal, without articulating any findings demonstrating that closure is essential to preserve a higher value and is narrowly tailored to serve that interest, as required by *Press-Enterprise I, supra.*

In its Motion to File Under Seal, the Government cites no specifics, only "sensitive law enforcement information related to DEA's pending investigations and/or prosecutions" and "sensitive law enforcement information related to investigative techniques and procedures, the effectiveness of which would be impaired by disclosure to the parties and the public."  With all due respect, that is insufficient to merit sealing any portion of the Government's Brief in Support of Objections to Disclosure of ARCOS Data.  Such sealing or redaction denies The Post the opportunity to fully and accurately respond in its Brief in Support of Disclosure.

For all these reasons, The Washington Post Company, LLC, respectfully requests that the Court order the Government to provide an unredacted copy of its Brief in Support of Objections to Disclosure of ARCOS Data to The Post's counsel to enable them to adequately and accurately draft their Brief in Support of Disclosure before the due date of July 9, 2018.

Respectfully submitted,

       THE LEFTON GROUP, LLC

       */S/ Karen C. Lefton*
       KAREN C. LEFTON (0024522)
       TIMOTHY D. SMITH (0007636)
       3480 W. Market Street, Suite 304
       Akron, Ohio  44333
       330-864-2003 - office
       330-606-8299 - cell
       Karen@theleftongroup.com
       tdsmith@kent.edu

       *Attorneys for The Washington Post Company, LLC*

## CERTIFICATE OF SERVICE

I certify that on June 27, 2018, a copy of the foregoing Motion for Access to the Unredacted Brief in Support of Objections to Disclosure of ARCOS Data was electronically filed and served on all counsel of record for this case through the Court's electronic filing system.

       */s/ Karen C. Lefton*
       KAREN C. LEFTON (0024522)
       An Attorney for The Washington Post Company, LLC