# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp., et al.*, Case No. 18-op-45530 | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

# MEMORANDUM IN SUPPORT OF WALGREENS BOOTS ALLIANCE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Walgreens Boots Alliance, Inc. ("WBA") previously moved to dismiss the *Broward County* complaint for lack of personal jurisdiction.[1] Plaintiff's claims against WBA must be dismissed for the same reason: There is no personal jurisdiction over WBA, a holding company incorporated under Delaware law that conducts no activities in Florida.[2]

## Background

WBA is the parent holding company of Walgreen Co. Decl. of Mark Weisz ¶ 2 (Ex. A). WBA is incorporated under Delaware law and has its headquarters and principal place of business in Illinois. *Id.* Walgreen Co. is a subsidiary of WBA that operates retail drug stores with pharmacies across the country. *Id.* ¶ 4. Walgreen Co. and indirect subsidiaries of WBA were formerly involved in the regulated distribution of opioid medications to Walgreen Co.'s retail pharmacies. *Id.* ¶ 5. Although the Complaint states that WBA is "also known as Walgreen Co.," Compl. ¶ 152, at 39, WBA is a legally distinct entity from Walgreen Co. and does not conduct business under the Walgreen Co. name. Weisz Decl. ¶ 6.

## Argument

For the reasons laid out in WBA's motion to dismiss in *Broward County*, there is neither general nor specific personal jurisdiction over WBA in Florida. WBA is not "at home" in Florida for purposes of general jurisdiction and has not engaged in activities connected to Florida or to Plaintiff's claims for purposes of specific jurisdiction. WBA's Broward County Br. at 2–4.

---

[1] *See* Mem. in Supp. of Walgreen Boots Alliance, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, filed in *Broward County, Fla. v. Purdue Pharma L.P., et al.*, No. 18-op-45332 (MDL Doc. No. 576-1) ("WBA's Broward County Br.").

[2] Counsel for WBA has alerted Plaintiff's counsel to the jurisdictional problem with claims against WBA and requested that Plaintiff withdraw its claims against WBA and, if necessary, substitute a proper party.

1

And the fact that there might be personal jurisdiction over subsidiaries of WBA in Florida is insufficient as a matter of law to create personal jurisdiction over WBA.  *Id.* at 4.

## CONCLUSION

All claims against WBA should be dismissed for lack of personal jurisdiction.

Dated:  June 29, 2018                                       Respectfully submitted,


/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Ste. 300
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Walgreens Boots Alliance, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is 2 pages in length and within the pages limitations permitted by CMO 1 and CMO 4 in this matter.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 29th day of June, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*