# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corporation, et al.*, Case No. 18-op-45530 | **MDL No. 2804**<br><br>**Case No. 17-MD-2804**<br><br>**Judge Dan Aaron Polster** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS CVS HEALTH CORPORATION, THE KROGER CO., WALGREENS BOOTS ALLIANCE, INC., AND WALMART INC.**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

I.      Plaintiff Fails to State a Claim Against the Moving Defendants as Pharmacies ............... 1

II.     Plaintiff's Claims Fail Because It Cannot Establish Proximate Cause ............................. 2

III.    Plaintiff's Individual Claims Fail ........................................................................................ 3

        A.       Plaintiff's RICO Claims Fail as a Matter of Law (Claims 1 and 2) ...................... 3

        B.       Plaintiff's Negligence Claims Fail Because the Moving Defendants Do Not Owe It a Duty (Claims 6, 7, 8, and 10) ............................................................ 4

        C.       Florida Law Does Not Recognize Plaintiff's Nuisance Claim (Claim 11) ............ 4

        D.       FDUTPA Does Not Allow Plaintiff's Claim (Claim 3) ......................................... 5

        E.       Plaintiff Cannot Plead an Implied Warranty Claim (Claim 5) .............................. 5

        F.       Plaintiff Has Not Pleaded an Unjust Enrichment Claim (Claim 12) ..................... 6

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Armadillo Distrib. Enter., Inc. v. Hai Yun Musical Instruments Mfr. Co.*,
   142 F. Supp. 3d 1245 (M.D. Fla. 2015) ................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 2

*Grunow v. Valor Corp. of Fla.*,
   904 So. 2d 551 (Fla. Dist. Ct. App. 2005) ............................................................... 4

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*,
   917 So. 2d 368 (Fla. Dist. Ct. App. 2005) ............................................................... 4

**Statutes**

Fla. Stat. § 672.315 ......................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................. 3

Fed. R. Civ. P. 9 ......................................................................................................... 3, 5

**Other Authorities**

Fla. Chamber of Commerce, *Did You Know Floridians Pay $1.4 Billion Due to
   Uncompensated Care?* ............................................................................................ 3

Kaiser Comm'n on Medicaid and the Uninsured, *Uncompensated Care for Uninsured in
   2013* (2014) ............................................................................................................. 2

Defendants CVS Health Corporation, Walgreens Boots Alliance, Inc., and Walmart Inc. previously moved to dismiss the *Broward County* complaint, explaining why the claims asserted there fail under Florida law.[1]  The same claims asserted here, again under Florida law, by a private, for-profit hospital, fail for the same reasons.  And Plaintiff's new claims, which Broward County chose not even to assert, fare no better.

Accordingly, Defendants CVS Health Corporation, The Kroger Co., Walgreens Boots Alliance, Inc., and Walmart Inc. (the "Moving Defendants") move to dismiss Plaintiff's claims against the Moving Defendants with prejudice.

## ARGUMENT

Plaintiff's Complaint asserts 10 claims against the Moving Defendants:  RICO (Claims 1 and 2), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Claim 3), breach of implied warranty (Claim 5), negligence (Claim 6), wanton negligence (Claim 7), negligence *per se* (Claim 8), negligent distribution (Claim 10), nuisance (Claim 11), and unjust enrichment (Claim 12).

Each of these claims must be dismissed for the reasons set forth below and in the Major Distributors' brief (which the Moving Defendants incorporate by reference).

**I.     Plaintiff Fails to State a Claim Against the Moving Defendants as Pharmacies.**

Plaintiff's Complaint here, like the others, contains gratuitous allegations regarding alleged misconduct by the Moving Defendants acting as retail pharmacies, which are

---

[1] *See* Mem. in Supp. of Mot. to Dismiss by Defs. CVS Health Corp., *et al.*, filed in *Broward County, Fla. v. Purdue Pharma L.P., et al.*, No. 18-op-45332 (MDL Doc. No. 582-1) ("Moving Defs. Broward County Br.").  In certain instances, the *Broward County* brief referred to and incorporated by reference Defendants' previously filed *Summit County* brief.  *See* Mem. of Law in Supp. of Mot. to Dismiss Compl. by Defs. Walmart Inc., *et al.*, filed in *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, No. 18-op-45090 (MDL Doc. No. 497-1) ("Moving Defs. Summit County Br.").

1

unconnected to any actual cause of action.  As in *Broward County* and *Summit County*, to whatever extent Plaintiff intended to assert claims against the Moving Defendants as pharmacies rather than as distributors, its pleading does not pass muster under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See* Moving Defs. Broward County Br. 2-3; Moving Defs. Summit County Br. 7-8.

**II.     Plaintiff's Claims Fail Because It Cannot Establish Proximate Cause.**

The Moving Defendants' *Broward County* brief explains in detail why Florida law precludes a finding of proximate cause in these cases—as a matter of Florida's "sole proximate cause" doctrine, the learned intermediary rule, and the general law of causation.  *See* Moving Defs. Broward County Br. 3-5.

Plaintiff's inability to show proximate cause is exacerbated here by the fact that Plaintiff is a private hospital alleging that the Moving Defendants' conduct caused it to lose money by providing medical care for which it was not reimbursed.  Among the additional factors that complicate causation are whether and why the patients at issue presented at Plaintiff's emergency room and with what specific injuries; how those injuries may or may not be tied to the Moving Defendants' alleged conduct; the reasons why those patients lacked insurance, despite the Affordable Care Act's individual mandate during most of the relevant time period, or were not eligible for Medicaid or Medicare; the extent to which Plaintiff's provision of uncompensated medical care was supported by public funds;[2] and the extent to which Plaintiff,

---

[2] *See* Kaiser Comm'n on Medicaid and the Uninsured, *Uncompensated Care for Uninsured in 2013*, at 13-14 (2014) (describing various sources of funding to providers of uncompensated care) (available at https://kaiserfamilyfoundation.files.wordpress.com/2014/05/8596-uncompensated-care-for-the-uninsured-in-2013.pdf).

2

as is typical of a private hospital, shifted the costs of uncompensated care to paying patients and their insurers.[3]

### III. Plaintiff's Individual Claims Fail.

Beyond the general defects described above, Plaintiff's Complaint also fails to plead each of its individual causes of action.

#### A. Plaintiff's RICO Claims Fail as a Matter of Law (Claims 1 and 2).

In their *Summit County* briefs, the manufacturer defendants and the major distributors explain in detail why the RICO claims asserted in that case must fail.[4] All of the same reasons also require dismissal of Plaintiff's RICO claims against the Moving Defendants in this case.

If anything, Plaintiff's RICO claims against the Moving Defendants are even more implausible than RICO claims against the other defendants. Whatever the other bellwether plaintiffs may have believed to be the merits of a RICO claim against the manufacturer or major distributor defendants, they have uniformly recognized that no such claim is feasible against the Moving Defendants. Alone among the bellwether plaintiffs, Plaintiff here asserts RICO claims against the Moving Defendants as well.

Moreover, because its RICO claims sound in fraud, Plaintiff must satisfy both Rule 8 and the heightened pleading requirements of Rule 9(b). *See* Moving Defs. Broward County Br. 10-11. But Plaintiff's RICO allegations are taken almost verbatim from sections of other bellwether

---

[3] *See* Fla. Chamber of Commerce, *Did You Know Floridians Pay $1.4 Billion Due to Uncompensated Care?* (describing the "cost shift" for uncompensated care from providers to insured patients) (available at http://www.flchamber.com/bending-floridas-healthcare-cost/).

[4] *See* Mem. of Law in Supp. of the Mfr. Defs.' Joint Mot. to Dismiss Pls.' 2d Am. Compl. ("Manufacturers' Summit County Br."), filed in *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, No. 18-op-45090 (MDL Doc. No. 499-1), at 9-33; Mem in Supp. of Distribs.' Mot. to Dismiss 2d Am. Compl. ("Distributors' Summit County Br."), filed in *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, No. 18-op-45090 (MDL Doc. No. 491-1), at 7-21.

complaints that exclude the Moving Defendants from their RICO claims.  *Compare* Compl. ¶¶ 812-74, *with Summit County* 2d Am. Compl. ¶¶ 814-77.  Needless to say, such allegations include nothing about the Moving Defendants that would support a RICO claim against them.  Rather, Plaintiff's copy-and-paste approach represents the most egregious form of "group pleading" that requires dismissal.  *See* Manufacturers' Summit County Br. 25; Distributors' Summit County Br. 17 & n.14.[5]

### B. Plaintiff's Negligence Claims Fail Because the Moving Defendants Do Not Owe It a Duty (Claims 6, 7, 8, and 10).

However styled, any negligence claim under Florida law requires a showing that the defendant owed a duty specifically to the plaintiff.  *See ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So. 2d 368, 374 (Fla. Dist. Ct. App. 2005).  In the *Broward County* papers, the Moving Defendants demonstrate why there can be no such duty to Plaintiff in this case.  *See* Moving Defs. Broward County Br. 6-9.  Assertion of a claim for negligence *per se* (Claim 8) does not assist Plaintiff.  *See id.* at 8 & n.2.  And Plaintiff's purported claim for "negligent distribution" of legal opioid medications (Claim 10) does not exist under Florida law.  *See*, *e.g.*, *Grunow v. Valor Corp. of Fla.*, 904 So. 2d 551, 554 (Fla. Dist. Ct. App. 2005) ("Florida does not recognize a cause of action for negligent distribution of a non-defective firearm.").

### C. Florida Law Does Not Recognize Plaintiff's Nuisance Claim (Claim 11).

The Moving Defendants' brief in *Broward County* explains why Florida law does not allow Plaintiff's nuisance claim.  *See* Moving Defs. Broward County Br. 9-10.

---

[5] Plaintiff's conclusory allegations against Moving Defendants in Claim 1 do not cure these pleading deficiencies.  Compl. ¶ 882(F).  Those allegations merely parrot verbatim the allegations levied against the major distributors.  Compl. ¶ 882(D).

4

### D.    FDUTPA Does Not Allow Plaintiff's Claim (Claim 3).

Just as in *Broward County*, Plaintiff's FDUTPA claim is insufficiently pleaded under Rule 9(b), *see* Moving Defs. Broward County Br. 10-11, and falls well outside of what FDUTPA permits, *see id.* at 12-15.  As in *Broward County*, Plaintiff does not identify a single instance in which it supposedly purchased a prescription opioid from any of the Moving Defendants.[6]  And Plaintiff's theory of liability here is even more implausible than in *Broward County*.  The logic of Plaintiff's claim is that any business is liable under FDUTPA for every sale it makes if there is any blemish on its regulatory record that it does not affirmatively announce to every one of its private customers.

### E.    Plaintiff Cannot Plead an Implied Warranty Claim (Claim 5).

Plaintiff asserts a UCC claim, which Broward County did not, for breach of an implied warranty of fitness for a particular purpose.  But, again, Plaintiff does not allege any actual purchase of prescription opioids from the Moving Defendants.  Yet an "implied warranty" under the Florida UCC can run only from a "seller" who "has reason to know any particular purpose for which the goods are required."  Fla. Stat. § 672.315.

Moreover, an implied warranty of fitness for a particular purpose requires a known "particular purpose" other than "a use to which the goods are ordinarily put."  *Armadillo Distrib. Enter., Inc. v. Hai Yun Musical Instruments Mfr. Co.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015).  The allegations of Plaintiff's Complaint reveal just the opposite—that it purchased

---

[6] Like many hospitals, West Boca Medical Center operates its own pharmacy.  *E.g.,* https://www.westbocamedctr.com/fsedlp (describing "Clinical Pharmacy Services" that Plaintiff provides to emergency room patients).  It would be odd indeed if—and Plaintiff does not allege that—Plaintiff nevertheless purchased prescription medications directly from chain pharmacies like the Moving Defendants.

5


prescription opioids for exactly their ordinary purpose.  *See* Compl. ¶ 924 (Plaintiff's intended purpose was to use opioids "to provide pain relief in an appropriate way").

    **F.**    **Plaintiff Has Not Pleaded an Unjust Enrichment Claim (Claim 12).**

Plaintiff's unjust enrichment claims must be dismissed under Florida law for the same reasons that this claim fails in *Broward County*.  *See* Moving Defs. Broward County Br. 16.

## CONCLUSION

All claims against the Moving Defendants should be dismissed with prejudice.

Dated:  June 29, 2018                              Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC  20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Health Corporation*

/s/ Ronda L. Harvey (consent)
Gerald R. Stowers
Ronda L. Harvey
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25326
(304) 347-1100
gstowers@bowlesrice.com
rharvey@bowlesrice.com

*Counsel for The Kroger Co.*


/s/ Tina M. Tabacchi (consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Motion to Dismiss by CVS Health Corporation, The Kroger Co., Walgreens Boots Alliance, Inc., and Walmart Inc. is within the pages limitations permitted by CMO 1 and CMO 4 in this matter.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this 29th day of June, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*