**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp.*, et al., Case No. 18-op-45330 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S
MOTION TO DISMISS THE COMPLAINT FOR
<u>LACK OF PERSONAL JURISDICTION</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................................1

FACTS AND PROCEDURAL HISTORY .........................................................................................1

LEGAL STANDARD..........................................................................................................................2

ANALYSIS..........................................................................................................................................3

    A.  There Is No Specific Jurisdiction over CVS Health in Florida or Ohio ........................3

    B.  There Is No General Jurisdiction over CVS Health in Florida or Ohio.........................5

CONCLUSION....................................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Bird v. Parsons*,
   289 F. 3d 865 (6th Cir. 2002) ................................................................................................. 3

*BNSF Ry. Co. v. Tyrrell*,
   137 S.Ct. 1549 (2017) ................................................................................................... 5, 6

*Buschle v. Coach, Inc.*,
   No. 1:16cv471, 2017 WL 1154089 (S.D. Ohio Mar. 28, 2017) ............................................... 3

*Callum v. CVS Health Corp.*,
   137 F. Supp. 3d 817 (D.S.C. 2015) ................................................................................ 1, 4, 6

*Conn v. Zakharov*,
   667 F.3d 705 (6th Cir. 2012) ......................................................................................... 2, 3, 5

*Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) ............................... 1, 4, 6

*Garlock v. Ohio Bell Tel. Co. Inc.*,
   No. 1:13CV02200, 2014 WL 2006781 (N.D. Ohio May 15, 2014) .......................................... 4

*Internet Solutions Corp. v. Marshall*,
   557 F.3d 1293 (11th Cir. 2009) ............................................................................................... 3

*MacDonald v. Navistar Int'l Transp. Corp.*,
   143 F. Supp. 2d 918 (S.D. Ohio 2001) .................................................................................... 5

*Posner v. Essex Ins. Co., Ltd.*,
   178 F.3d 1209 (11th Cir. 1999) ............................................................................................... 5

*Tarkett USA, Inc. v. Harnix Corp.*,
   No. 1:16CV2400, 2017 WL 2443139 (N.D. Ohio June 6, 2017) ............................................. 5

*Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*,
   No. 16-81180-CIV, 2017 WL 1832436  (S.D. Fla. May 8, 2017) ......................................... 3, 5

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
   No. 8:12-cv-755-T-26TBM, 2012 WL 2952452 (M.D. Fla. July 19, 2012) ............................. 3

**STATUTES**

Fla. Stat. Ann. § 48.193(2) .............................................................................................................. 5

**PRELIMINARY STATEMENT**

This motion is straightforward—Plaintiff West Boca Medical Center, Inc. ("Plaintiff") has sued the wrong party.  While the Complaint asserts claims against CVS Health Corporation ("CVS Health") for the wholesale distribution of prescription opioids in Florida, where Plaintiff operates, CVS Health does not distribute prescription opioids or any other pharmaceutical.  Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission.  Plaintiff's claims do not arise out of these limited activities, and these activities do not take place in Florida.  Personal jurisdiction therefore does not lie.  Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities.  *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).

**FACTS AND PROCEDURAL HISTORY**

On May 3, 2018, Plaintiff filed its Complaint in this multi-district litigation.  The Complaint alleges that "Defendants' unlawful marketing, sales, and distribution of prescription opioids" caused the opioid epidemic in the United States.  Compl. ¶ 4.  Plaintiff alleges that CVS Health "distributed prescription opioids throughout the United States, including in Florida and Palm Beach County."  Compl. ¶ 149.  Despite focusing its allegations on acts that occurred in Florida, Plaintiff asserts jurisdiction is proper in both Florida and Ohio.  Compl. ¶ 78.

Contrary to the Complaint's allegations, CVS Health does not manufacture, distribute, or dispense opioids in Florida, Ohio, or elsewhere.  *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss (May 22, 2018) (Ohio) ¶ 9; Exhibit B, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss (June 5, 2018)

(Florida) ¶ 9.[1]  In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service.  Ex. A. ¶ 9; Ex. B ¶ 9.

Rather than a distributor of controlled substances, CVS Health is a holding company with no operations other than those related to its status as a holding company.  Ex. A ¶ 4; Ex. B ¶ 4. Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission.  Ex. A ¶ 4; Ex. B ¶ 4.

CVS Health has no offices, facilities, assets, income, employees, or operations in Florida or Ohio.  Ex. A ¶ 6; Ex. B ¶ 6.  It is organized under the laws of Delaware and has its principal place of business in Rhode Island.  Ex. A ¶ 5; Ex. B ¶ 5.  It is not qualified as a foreign corporation under the laws of Florida or Ohio, does not have a registered agent for service of process in those states, and is not regulated by any Florida or Ohio state agency.  Ex. A ¶ 6; Ex. B ¶ 6.

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities.  Ex. A ¶ 10; Ex. B ¶ 10. CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids.  Ex. A ¶ 8; Ex. B ¶ 8.

## LEGAL STANDARD

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citation omitted);

---

[1]  CVS Health has filed motions to dismiss for lack of personal jurisdiction in Florida and Ohio in other cases in this MDL.  *See* MDL Docket Nos. 495 (May 25, 2018) (City of Cleveland; Summit and Cuyahoga Counties); 587 (June 8, 2018) (Broward County).  The declarations filed by Mr. Moffatt in those cases are equally applicable here, and CVS Health attaches the declarations from those filings as Exhibits A (regarding Ohio) and B (regarding Florida) to this memorandum.

*Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). "In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction." *Buschle v. Coach, Inc.*, No. 1:16cv471, 2017 WL 1154089, at *2 (S.D. Ohio Mar. 28, 2017); *see also Conn*, 667 F.3d at 711 (stating that a plaintiff must offer specific facts in support of jurisdiction); *Internet Solutions Corp.*, 557 F.3d at 1295 (stating that a plaintiff must prove jurisdiction with "affidavits, testimony or documents").

## ANALYSIS

Personal jurisdiction is determined based on the forum state's long-arm statute[2] and due process. *See Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 2952452, at *3 & n.34 (M.D. Fla. July 19, 2012). Both Florida's and Ohio's long-arm statutes, as well as the Due Process Clause, permit two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit need not arise from the defendant's contacts. *Conn*, 667 F.3d at 712-13; *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2017 WL 1832436, at *4 (S.D. Fla. May 8, 2017). Neither applies here.

### A. There Is No Specific Jurisdiction over CVS Health in Florida or Ohio.

In Florida, courts must first determine whether the requirements of its long-arm statute are met and, if so, then consider whether jurisdiction comports with due process. *Unitedhealthcare*, 2017 WL 1832436, at *4. The same is true in Ohio. *Conn*, 667 F.3d at 712;

---

[2] Because the Complaint alleges jurisdiction is proper in Florida and Ohio, Compl. ¶ 78, CVS Health analyzes jurisdiction under both states' long-arm statutes.

3

*Garlock v. Ohio Bell Tel. Co. Inc.*, No. 1:13CV02200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014).  Plaintiff alleges that specific jurisdiction is appropriate in Florida and Ohio because CVS Health "engaged in substantial business activities in Florida and Ohio and purposefully directed [its] actions toward these States." Compl. ¶ 78.  But, as noted above, CVS Health is a holding company, not an operating company.  It is not the entity that distributed prescription opioids and does not direct, manage, or supervise the operations or employees of its subsidiaries that did distribute prescription opioids.  Ex. A ¶¶ 8-9; Ex. B ¶¶ 8-9.  As a holding company, it has no real business operations at all, and it has no relevant contacts with Florida or Ohio. Ex. A ¶¶ 4, 6; Ex. B ¶¶ 4, 6.

Plaintiff also alleges that CVS Health "consensually submitted to the jurisdiction of these States when obtaining a manufacturer or distributor license." Compl. ¶ 78.  But this allegation only reinforces that Plaintiff has sued the wrong party—CVS Health does not hold, and has never held, a manufacturer or distributor license in Florida or Ohio.  *See* Ex. A ¶ 6; Ex. B ¶ 6; *see also* DBPR Online Services, https://www.myfloridalicense.com/wl11.asp?mode=1&SID=&brd=&typ=N (Florida Department of Business & Professional Regulation license verification website); eLicense Ohio Professional Licensure, https://elicense.ohio.gov/oh_verifylicense.[3]

And while the Complaint alleges that each of the Defendants in the case includes those Defendants' subsidiaries, Plaintiff ignores the fact that CVS Health is a separate and distinct company from its subsidiaries.  Ex. A ¶ 10; Ex. B ¶ 10; *see also Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Garlock*, 2014 WL

---

[3] CVS Health Corporation is not listed as a holder of any manufacturer or distributor license in Florida or Ohio.

4

2006781, at *3 (finding no specific jurisdiction over AT & T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it was AT & T Inc.'s subsidiaries and affiliates that are conducting business in Ohio, not AT & T Inc. itself"); *Unitedhealthcare*, 2017 WL 1832436, at *5-8 (no jurisdiction over parent company even though parent and subsidiary shared directors and officers; filed consolidated financial statements; shared a website, address, phone number, and the same generic trademarks; and profits from the subsidiary flowed up to the parent).[4]  Specific jurisdiction simply does not exist.

### B. There Is No General Jurisdiction over CVS Health in Florida or Ohio.

Plaintiff does not appear to allege that general jurisdiction over CVS Health would be proper.  Compl. ¶ 78.  And for good reason.  General jurisdiction does not lie under Florida's long-arm statute, Ohio's long-arm statute, or the U.S. Constitution.  *See* Fla. Stat. Ann. § 48.193(2) (requiring substantial activity within the state); *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (general jurisdiction requires "continuous and systematic" contacts); *see also Conn*, 667 F.3d at 717-18 (stating that "Ohio law does not appear to recognize general jurisdiction over non-resident defendants" and instead only allows for specific jurisdiction).[5]  CVS Health is a Delaware corporation with its principal place of business in Rhode Island.

---

[4] Even if the long-arm statute was satisfied, personal jurisdiction would be improper under the Due Process Clause, which looks to whether: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the state; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable.  *Conn*, 667 F.3d at 712-13 (citation omitted); *see also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (similar test in the Eleventh Circuit).  CVS Health engages in only limited activities relating to its status as a holding company.  Plaintiff's causes of action do not arise out of these activities, which did not take place in Florida or Ohio.  CVS Health has no property, assets, employees, operations, or income from Florida or Ohio and does no business in those states.  Accordingly, CVS Health did not avail itself of the privilege of acting in Florida or Ohio and does not have a substantial connection to those states.

[5] *See also Tarkett USA, Inc. v. Harnix Corp.*, No. 1:16CV2400, 2017 WL 2443139, at *4 (N.D. Ohio June 6, 2017) (quoting *Conn*, 667 F.3d at 717); *MacDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001) ("[E]ven though the due process clause allows for general jurisdiction, Ohio's long-arm statute precludes general personal jurisdiction in this forum." (citation omitted)).

5

Ex. A ¶ 5; Ex. B ¶ 5.  It does no business in Florida or Ohio and has no offices, facilities, assets, income, employees, or operations in those states.  Ex. A ¶ 6; Ex. B ¶ 6.  There is no ground whatsoever to subject CVS Health to general jurisdiction in Florida or Ohio.

Indeed, corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF*, 137 S.Ct. at 1558 (citation omitted).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business.  *Id.*  Florida is neither CVS Health's state of incorporation nor its principal place of business; the same is true of Ohio.  General jurisdiction therefore does not exist.  *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: June 29, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: June 29, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 29, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio*, et al. v. *Purdue Pharma L.P.*, et al.,<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. v. *Purdue Pharma L.P.*, et al.,<br>Case No. 17-op-45004<br><br>*City of Cleveland, Ohio*, et al. v. *AmerisourceBergen Drug Corp.*, et al.,<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## DECLARATION OF THOMAS S. MOFFATT IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS

I, Thomas S. Moffatt, hereby affirm, under penalty of perjury, that I am over 18 years of age and am competent to make the following declaration:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I am authorized to make this declaration on behalf of Defendant CVS Health Corporation. I authorize the use of this declaration in connection with the above-captioned lawsuits.

2. I have been employed with CVS Pharmacy, Inc. since 1997, and currently hold the position of Vice President, Secretary, and Assistant General Counsel – Corporate Services of CVS Pharmacy, Inc.

3. I am familiar with the corporate structure of CVS Health Corporation, and over the past twenty years in my role at CVS Pharmacy, Inc., I have become familiar with the nature of

CVS Health Corporation's primary business functions and the business functions of certain of its subsidiaries.

4. CVS Health Corporation is a holding company and has no operations other than those related to its status as a holding company. Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. It also performs certain other functions related to those primary functions.

5. CVS Health Corporation is organized under the laws of the State of Delaware. Its principal place of business is located in the State of Rhode Island.

6. CVS Health Corporation has no offices or facilities in Ohio. None of its limited business functions regularly occur there. It has no assets, income, employees, or operations in Ohio. It is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency.

7. CVS Health Corporation has agreements with a limited number of senior executives who are officers of CVS Health Corporation and who are employed by and provide services to various subsidiaries of CVS Health Corporation. None of these officers is located in Ohio.

8. CVS Health Corporation has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids.

9. CVS Health Corporation does not manufacture, distribute, or dispense opioids, in Ohio or elsewhere. In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service.

10. CVS Health Corporation is a separate and distinct company from its subsidiaries, each of which observe and enforce corporate formalities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd of May, 2018, in Woonsocket, Rhode Island.

_____
THOMAS S. MOFFATT

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>　*City of Chicago v.*<br>　*Cardinal Health Inc.*, et al.,<br>　Case No. 18-op-45281<br><br>　*County of Monroe, Michigan v.*<br>　*Purdue Pharma L.P.*, et al.,<br>　Case No. 18-op-45158<br><br>　*Cabell County Commission v.*<br>　*AmerisourceBergen Drug Corp.*, et al.,<br>　Case No. 17-op-45053<br><br>　*Broward County, Florida v.*<br>　*Purdue Pharma L.P.*, et al.,<br>　Case No. 18-op-45332 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**DECLARATION OF THOMAS S. MOFFATT IN SUPPORT OF**
**CVS HEALTH CORPORATION'S MOTION TO DISMISS**

　　I, Thomas S. Moffatt, hereby affirm, under penalty of perjury, that I am over 18 years of age and am competent to make the following declaration:

　　1.　　I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I am authorized to make this declaration on behalf of Defendant CVS Health Corporation. I authorize the use of this declaration in connection with the above-captioned lawsuits.

2. I have been employed by CVS Pharmacy, Inc. since 1997, and currently hold the position of Vice President, Secretary, and Assistant General Counsel – Corporate Services of CVS Pharmacy, Inc.

3. I am familiar with the corporate structure of CVS Health Corporation, and over the past twenty years in my role at CVS Pharmacy, Inc., I have become familiar with the nature of CVS Health Corporation's primary business functions and the business functions of certain of its subsidiaries.

4. CVS Health Corporation is a holding company and has no operations other than those related to its status as a holding company. Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. It also performs certain other functions related to those primary functions.

5. CVS Health Corporation is organized under the laws of the State of Delaware. Its principal place of business is located in the State of Rhode Island.

6. CVS Health Corporation has no offices or facilities in Illinois, Michigan, West Virginia, or Florida. None of its limited business functions regularly occur in any of those states, and CVS Health Corporation has no assets, income, employees, or operations in any of those states. It is not qualified as a foreign corporation under the laws of Illinois, Michigan, West Virginia, or Florida, and does not have a registered agent for service of process in any of those states. CVS Health Corporation is not regulated by any Illinois, Michigan, West Virginia, or Florida state agency, and it does not hold, and has never held, a manufacturer or distributor license in Illinois, Michigan, West Virginia, or Florida.

7. CVS Health Corporation has agreements with a limited number of senior executives who are officers of CVS Health Corporation and who are employed by and provide

services to various subsidiaries of CVS Health Corporation. None of these officers is located in Illinois, Michigan, West Virginia, or Florida.

8. CVS Health Corporation has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids.

9. CVS Health Corporation does not manufacture, distribute, or dispense opioids in Illinois, Michigan, West Virginia, Florida, or elsewhere. In fact, it does not directly provide or offer any product or service, or directly place into the stream of commerce any product or service.

10. CVS Health Corporation is a separate and distinct company from its subsidiaries, each of which observe and enforce corporate formalities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th of June, 2018, in Woonsocket, Rhode Island.

THOMAS S. MOFFATT