# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  )<br>)<br>) | CASE NO. 1:17-MD-2804<br><br>SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO:  )<br>"*Track One Cases*"  )<br>)<br>)<br>)<br>)<br>) | <br><br>**TRACK ONE DISCOVERY ORDER REGARDING HEALTH-RELATED INFORMATION** |

The undersigned has received numerous emails and letters from the parties regarding Track One Plaintiffs' responses to Defendants' requests for production of databases and documents containing confidential health-related information. These requests include: (1) reports reflecting analysis or investigations conducted by a Public Health Department, Coroner, or Medical Examiner's Office; (2) documents relied upon by the Plaintiffs' Public Health Department, Coroner, or Medical Examiner in connection with those reports; and (3) databases reflecting individual opioid prescriptions that were reimbursed, or denied payment for, on behalf of Plaintiffs, including their employees, incarcerated persons, retirees, and pension fund beneficiaries. At least some of this discovery requested by Defendants includes information protected by HIPAA and possibly other privacy laws.

The Court has already entered an order addressing discovery of "HIPAA-Protected Information," *see* CMO-2 at 32-34 (docket no. 441), and the parties state they intend to abide by those provisions. There remain two issues, however: (1) it will take substantial time for Plaintiffs to redact the requested discovery, and Defendants need the information as soon as possible; and (2)

the parties disagree over the extent to which redaction is necessary.  Accordingly, the Special Master now **ORDERS** as follows:

- Plaintiffs in the Track One cases shall make available for inspection by Defendants, in the form that they are currently maintained, records in the custody and control of the Medical Examiner's office, while Plaintiffs process and produce the documents in a more formal manner.

- Unless Plaintiffs in Track One cases can *immediately* produce the requested data with a unique identifier that does not include patient-identifying information, Plaintiffs in the Track One cases shall make available for inspection by Defendants, in the form that they are currently maintained, claims information for any patient who received an opioid prescription, including records of medical treatment for that patient where no opioid prescription was provided, while Plaintiffs process and produce the information in a more formal manner (if necessary).  However, Plaintiffs may produce in de-identified format any claims records concerning the treatment of substance abuse that are within the scope of Title 42, Part 2 of the Code of Federal Regulations; and Plaintiffs shall produce these records as soon as possible.[1]

- All material produced pursuant to this Order shall be designated "Highly Confidential – Attorneys' Eyes Only," pursuant to CMO-2.  *See also* CMO-3 ¶6(h,i) (docket no. 443)

---

[1] The regulation applies only to records maintained by a "federally-assisted drug abuse program." 42 C.F.R. §2.12(a).  Thus, the regulation appears not to extend to records maintained by a Coroner or Medical Examiner – neither of which "hold[] itself out as providing . . . substance abuse disorder diagnosis, treatment, or referral for treatment," 42 C.F.R. §2.11.6 – unless those records originated with a federally-assisted drug abuse program and were transferred to the Coroner or Medical Examiner.

(setting out provisions regarding production of hard-paper documents containing confidential information).

- The parties shall meet and confer and, if necessary, submit a proposed order further addressing any procedures that are required to protect the confidentiality of the materials addressed above, or change their privacy designation, or relate to additional redaction or unredaction. Absent agreement or further Order, all such information shall remain "Highly Confidential – Attorneys' Eyes Only."

- Absent agreement or further Order, Defendants shall not use any material produced pursuant to this Order in connection with any formal or informal third-party discovery of individuals or entities, including but not limited to: (i) requests to or about individual patients whose records are produced in the medical insurance claims data; and (ii) requests to health care providers concerning the treatment of patients described in the medical insurance claims data.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: July 3, 2018**