UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | ) ) ) ) ) MDL No. 2804 ) ) ) ) Case No. 17-MD-2804 ) Judge Dan Aaron Polster ) |

SUPPLEMENTAL DECLARATION OF JOHN J. MARTIN
IN SUPPORT OF THE UNITED STATES OF AMERICA'S BRIEF POSING
OBJECTIONS TO DISCLOSURE OF ARCOS DATA

I, John J. Martin, hereby make this declaration pursuant to 28 U.S.C. § 1746. I declare as follows:

1. I make the factual statements herein based on my personal knowledge and on information provided to me during my employment by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), and my personal consideration of information provided by my staff. If called as a witness, I could and would competently testify to the factual statements herein.

2. I am currently the Assistant Administrator for the Diversion Control Division ("Diversion") for DEA. I have been employed by DEA since 1997 and have held the position of Assistant Administrator for Diversion since March 2018.

3. On June 25, 2018, I submitted a declaration in this action entitled, "Declaration of John J. Martin in Support of the United States of America's Briefing Posing Objections to Disclosure of ARCOS Data" ("First Declaration"), in which DEA invoked the law enforcement privilege.

GOVERNMENT EXHIBIT 1

1

4. I now submit this Supplemental Declaration in support of certain redactions that were previously made in the United States' Brief and in my First Declaration with respect to law enforcement sensitive information that, if not redacted, would reveal law enforcement procedures, tactics and systems.

5. Paragraphs 19 through 21 of my First Declaration redact the names of the computer systems and tools that DEA queried and used, and how it utilizes those systems and tools to determine the number of open opioid cases that could potentially implicate ARCOS data from 2006 to 2014.

6. Those systems and tools support DEA's core capabilities to carry out its key mission priorities. The systems and tools are accessible only by DEA personnel. It is not readily known to the public that DEA uses these systems and tools to store and index vital law enforcement information, such as targets and intelligence gathering, as well as personally identifiable information. The DEA systems and tools contain sensitive information concerning the identification of targets, sources and means of collection. DEA routinely compiles this information in furtherance of DEA's mission in combatting diversion and combatting the illicit drug trade.

7. DEA's ability to use these systems and tools, the manner in which they can be used and searched, how data can be organized or filtered, and what reports can be run to summarize the results, are internal techniques used by DEA in furtherance of its mission. Such information is not known to the public. Thus, disclosure of redacted information about DEA's systems and tools would reveal investigative techniques and procedures that DEA uses and would adversely impact its mission.

8. Paragraphs 19 through 21 of my First Declaration were filed with minimal redactions such that only the names of the systems and tools were redacted in those paragraphs.

9. Therefore, Paragraphs 19 and 21, as filed, disclose that DEA has case tracking tools to which it can apply DEA-specific filters to generate desired results.

10. Although the names of certain DEA systems and tools may be in the public domain, information about their specific capabilities and how DEA uses them in support of its mission, including its law enforcement efforts, is not publicly available.

11. Identifying these system capabilities and tools by name by unredacting their names in Paragraphs 19 through 21 would be detrimental to DEA's law enforcement efforts. Outside entities could specifically target these systems and tools based on the understanding they have gained from the unredacted portions of my First Declaration about how they operate and how DEA queries them. This could render the systems and tools vulnerable to unlawful intrusion and manipulation, such as by hacking.

12. Paragraphs 22 through 25 of my First Declaration contain redactions explaining how DEA utilized one of its law enforcement tools to assist it in determining the number of open opioid cases that could potentially implicate ARCOS data from 2006 to 2014. The redacted information contained in Paragraphs 22 through 25 is not publicly available.

13. Paragraphs 22 and 23 of my First Declaration contain redactions explaining how DEA uses this law enforcement tool in furtherance of its mission, such as to monitor and investigate criminal activities. Paragraphs 24 and 25 of my First Declaration contain redactions that discuss and identify the specific codes for eight opioid drugs that DEA queried using its systems and tools.

14. Disclosing the redacted information about how DEA uses the systems and tools and the codes could enable criminals to employ countermeasures to avoid detection. Information about the codes is not publicly available. DEA uses the codes internally for law enforcement purposes.

15. The codes can be used to filter, collect and organize data that DEA needs in its investigations. Knowledge of the codes could enable criminals to circumvent the law because they could manipulate their activities in a way that they thought would not trigger a particular code that DEA uses to monitor illicit activities. Therefore, revealing the codes and their purpose would be detrimental to DEA's mission.

16. Paragraphs 26 through 28 of my First Declaration, contain redactions explaining the results DEA obtained after using its systems and tools, including the codes. Those paragraphs, as redacted, identify the number of open cases that DEA has pending from 2006 to 2014 involving opioids. Those results are summarized, in redacted format, in Exhibit A to my First Declaration. The information contained in Paragraphs 26 through 28, and in Exhibit A as redacted, is not publicly available.

17. Disclosing the redacted information in Paragraphs 26 through 28, and Exhibit A, would be detrimental to DEA's law enforcement efforts. This information, consisting of the types and number of particular cases, and when they were first opened, would give criminals insight about the specific activities that DEA monitors, as well as about what resources DEA has at its disposal.

18. For example, revealing the number of open cases each year by drug code as listed in Exhibit A would enable criminals to better understand the scope and focus of the

investigations that DEA conducts, how long cases remain open, which types of cases DEA is prioritizing, and how many cases of each kind DEA has open at any given time.

19. Access to such information would enable criminals to employ countermeasures to avoid detection. Criminals could change their activities to avoid or minimize trafficking of a particular drug that DEA appears to be monitoring more closely, or as to which it has more open cases.

20. Paragraphs 29-30 of my First Declaration, contain redactions discussing a pending administrative action that relies on ARCOS information. Such information is not publicly available. Disclosing the redacted information in Paragraphs 29 and 30 would be detrimental to DEA's efforts to prosecute the action because doing so would reveal the status of the action and the strategies that DEA is employing in the action.

21. Paragraph 31 of my First Declaration, contain redactions discussing an open investigation based on ARCOS information in which DEA is exploring imposition of a civil fine. Such information is not publicly available. Disclosing the redacted information in Paragraph 31 would be detrimental to DEA's ability to bring the matter to closure because doing so would reveal the status of current law enforcement efforts, and the strategies DEA is employing in the matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

7/6/18
Date

John J. Martin
Assistant Administrator for the
Diversion Control Division
Drug Enforcement Administration