IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | Judge Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: "*Track One Cases*" | ) ) | |

### MDL PLAINTIFFS BRIEF FAVORING DISCLOSURE RE: PUBLIC RECORD REQUESTS

COME now the MDL Plaintiffs, by and through its Co-Leads and Plaintiffs' Executive Committee, and submit this brief ***favoring*** disclosure[1] pursuant to the *Briefing Order Re: Public Record Requests* (Doc #: 611) (Filed: 06/13/18). Plaintiffs position regarding the release of the ARCOS data is well established on the record. See *Report by MDL Plaintiffs on Status of ARCOS/DADS Disclosure Discussions with DOJ/DEA* (Doc #: 137) (Doc #: 137-1) (Filed: 02/23/18). Nonetheless, Plaintiffs respect the authority and discretion of the Court and will abide by the protective orders entered. MDL Plaintiffs take this opportunity to emphasize several points.

*First*, the right of public access is a fundamental element of the rule of law. *Matter of Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 300 F. Supp. 3d 61, 79 (D.D.C. 2018) (noting "[t]his is not the only court with a significant volume of sealed government surveillance records on secret dockets that remain inaccessible to the public."). "[I]t is among the most elementary functions of a government to serve in a representative capacity on behalf of its people. In matters of public law litigation that may affect great numbers of citizens,

---

[1] As Justice Brandeis once said, "sunshine is the best disinfectant." *United States v. Hubbard*, 650 F.2d 293, 323 (D.C. Cir. 1980).

it is the government's basic duty to represent the public interest." *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013).  MDL Plaintiffs are some 800+ governmental entities[2] asserting the rights of the public to abate the national prescription opiate epidemic.  Consequently, MDL Plaintiffs are obligated to support public access to certain facts contained within the ARCOS database.

*Second*, something less than full disclosure to the public may serve the balance of equities.  For instance, the DOJ/DEA publishes statewide summary reports online from data extracted from the ARCOS database.[3]  Moreover, the DOJ/DEA did not request the sealing of the Second Amended Complaints filed in the Case Track One cases (which included data retrieved from the ARCOS database).  It is apparent that the DOJ/DEA's interests in confidentiality are dependent upon which facts from the ARCOS database are made public.  Consequently, something less than a blanket order sealing all extracted data seems appropriate.  For instance, historic summaries by county which demonstrate aggregate doses, milligrams and morphine milligram equivalency (MME) by opioid family may provide temporary translucency (if not transparency) sufficient to serve the public interest.

*Third*, MDL Plaintiffs wish to acknowledge the DOJ/DEA has been open, cooperative and provided valuable guidance since the Court has ordered disclosure of the ARCOS database to the Plaintiffs' Executive Committee (PEC).  See *Order Regarding Arcos Data* (Doc #: 233) (Filed: 04/11/18).  MDL Plaintiffs do not wish to interfere with any ongoing criminal investigations related to diversion and applaud its renewed emphasis on regulatory control of the marketplace.

---

[2] These governmental entities are subject to a wide and diverse range of public record laws.  Plaintiffs favor disclosure in this instance because of its unique importance and relevance to broad and urgent public health and public safety concerns.  Moreover, the data at issue has been acknowledged to be unrelated to any current criminal investigation and does not implicate any confidential health care information nor any individuals.

[3] https://www.deadiversion.usdoj.gov/arcos/retail_drug_summary/index.html

*Fourth*, and finally, MDL Plaintiffs wish to emphasize the conflicting positions taken by the Distributor Defendants in this litigation.  Distributor Defendants have consistently opposed efforts to gain access to its transactional data as well as the ARCOS database as "trade secrets."  See Transcript of Proceedings, *Kanawha County Commission v. AmerisourceBergen Drug Co. et al.*, Civil Action No. 3:17-cv-01666 (Doc. # 81) (S.D.W. Va. **May 2, 2017**).  Nonetheless, Distributor Defendants have refused to voluntarily enter into tolling agreements which will force the PEC to widely disseminate the ARCOS data to some 800+ governmental Plaintiffs in MDL2804.[4]  The inescapable conclusion is that Distributor Defendants value preserving its affirmative defenses more than maintaining the tightest control over the data.  The same balancing of equities should be afforded to the public.

        Respectfully submitted,

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (Ohio Bar No. 0070257)
**GREENE, KETCHUM, FARRELL, BAILEY &TWEEL, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Phone: 800.479.0053 or 304.525.9115
Fax: 304.529.3284
Email: paul@greeneketchum.com

---

[4] See MDL PEC correspondence to Judge Polster dated July 5, 2018 attached as Exhibit A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

s/*Peter H. Weinberger*
Peter H. Weinberger
*Plaintiffs' Co-Liaison Counsel*
