**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

**VIA EMAIL: Dan_Polster@ohnd.uscourts.gov**

July 5, 2018

Hon. Dan Aaron Polster
United States District Judge
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, OH 44113-1837

    Re:  *In Re: National Prescription Opiate Litigation*, Case No.1:17-MD-2804

Dear Judge Polster:

    We write as Co-Lead Counsel for Plaintiffs to address concerns that have arisen regarding ARCOS data.

    The Court has expressly recognized that "plaintiffs retain the right to move to file further amended pleadings if deemed appropriate, such as because additional defendants were identified by ARCOS data."  MDL Docket, Doc # 371 at 1-2.  The Court has further suggested that it may set a deadline of 120 days for amendments to add new defendants.  Because the statute of limitations may continue to run with respect to some claims against some or all parties who may be named as defendants, plaintiffs in cases other than the Track One cases have expressed interest in amending their complaints promptly and, in aid of such amendments, have begun requesting ARCOS data to assist in their identification of defendants appropriately named in their particular jurisdictions.  This is also true for plaintiffs, including state Attorneys General, who have filed, or are contemplating filing, cases in state courts around the country.[1]  In addition, the availability of the information may prompt jurisdictions that have not filed claims to seek ARCOS data in order to do so.  We anticipate that as many as 900 jurisdictions may request that we provide ARCOS data over the next 120 days.  In many, if not most, instances, plaintiffs are unable to ensure that they have named all potentially responsible parties without access to

---

[1] The Court has directed that "[u]se of the ARCOS database shall be limited to this litigation and for State and local law enforcement purposes only."  MDL Docket, Doc. # 233 at 22; *see also* Doc. #167 at 1 ("disclosure may be made to the governmental Plaintiffs, which includes cities, counties and Native American tribes, for this litigation and/or law enforcement purposes, and disclosure may be made to State Attorneys General for litigation and law enforcement purposes.").  State and local governmental units are all involved in law enforcement with respect to opioids and the PEC understands that this language may include all local governmental entities who request ARCOS data for use in litigation as part of their enforcement efforts.

*We stand for our clients.*

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
|  |  | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 |  |

Hon. Dan Aaron Polster
July 5, 2018                                                                                              Page 2

the information in the ARCOS data.

The volume of these requests presents two distinct issues that we wish to bring to the Court's attention. The first issue is that responding to 900 requests for specific ARCOS data will be an expensive and time-consuming process for the PEC. Although we have created a database with the ARCOS information and can run jurisdiction-specific reports, processing the requests, running the reports, and providing administrative and technical support to those receiving them will nonetheless occupy substantial time and, unless additional staff is hired, deflect personnel from tasks necessary to prepare the Track One cases. Nor is there a common-benefit procedure for us to recoup these costs for non-MDL cases. Accordingly, we request the Court's permission to charge all entities with non-MDL cases other than state Attorneys General a reasonable fee, to be determined by the PEC and submitted to the Court for approval, for providing ARCOS data reports.

Our second concern is, perhaps, less easily addressed. As noted, we expect the number of request for ARCOS data to number in the many hundreds, including local governmental entities throughout the country. As required by the Court, each of these entities, and their counsel, will be required to read the Court's Protective Order and sign the Acknowledgement of Protective Order and Agreement to Be Bound. Nonetheless, we are concerned that information distributed so widely and made available to so many people may not, in fact, remain confidential. It seems likely to us that each additional recipient of this information increases the risk that some of the information will be leaked, and makes it more difficult to identify the source of any leak. We believe it would be appropriate to apprise the Defendants as well as the Drug Enforcement Administration of this risk before we begin disseminating the information around the country; to solicit their views on how to protect this information; and to explore with them, and with the Court, alternatives, if any, to this widespread dissemination.

    Respectfully,
    /s/
    Paul J. Hanly, Jr.

    /s/
    Joseph F. Rice

    /s/
    Paul T. Farrell, Jr.

    Co-Lead Plaintiffs' Counsel – MDL 2804