UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) ) This filing relates to: ) Case No. 1:18-op-45682 ) | Case No. 1:17-MD-2804<br><br>JUDGE POLSTER |

**PLAINTIFF COMMONWEALTH OF KENTUCKY'S SUBMISSION OF ADDITIONAL AUTHORITY IN SUPPORT OF MOTION TO REMAND**

Pursuant to this Court's June 28, 2018 Order Regarding Remand Briefing, Doc. 677,[1] the Commonwealth of Kentucky, plaintiff in *Commonwealth of Kentucky, ex rel. Andy Beshear, Attorney General v. McKesson Corp.*, Case No. 1:18-op-45682, submits additional authority in support of its pending Motion to Remand this case to state court for want of federal jurisdiction. Recent decisions by the United States District Courts for both the District of Delaware and the District of New Mexico, in highly similar cases brought by States against distributors of prescription opioids, reject precisely the arguments for federal jurisdiction raised by McKesson here and reaffirm that these cases do not belong in federal court, but rather must be returned to state court. *See New Mexico, ex rel. Balderas, Attorney General, v. Purdue Pharma L.P.*, Case No. 1:18-cv-00386-JCH-KBM, 2018 WL 2943246 (D.N.M. June 12, 2018); *Delaware, ex rel. Denn, Attorney General of Delaware v.*

---

[1] Unless otherwise noted, all references to "Doc. __" are to the master docket in *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP) (N.D. Ohio).  The Court's Order Regarding Remand Briefing is also filed as Doc. 23 in the individual case docket for *Commonwealth of Kentucky, ex rel. Andy Beshear, Attorney General v. McKesson Corp.*, Case No. 1:18-op-45682.

*Purdue Pharma L.P., et al.*, 1:18–383–RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018). Both the New Mexico and Delaware rulings concur with the reasoning of the earlier decision by the Southern District of West Virginia in *West Virginia ex rel. Morrisey v. McKesson Corp.*, No. 16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2017), on which the Commonwealth relied in its earlier briefing on this issue.

Both the Delaware and New Mexico rulings began by articulating the legal standard for this motion. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Denn*, 2018 WL 1942363, at *1 (internal quotations and citation omitted). "Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at *2. Additionally, the Court addressed the Substantial Federal Question standard by stating,

> Alternatively, some state law claims can implicate federal jurisdiction when they "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). These cases are exemplary and constitute a "special and small category" of federal question jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). To determine whether a state-law claim implicates federal question jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 545 U.S. at 314. But, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

*Id.*; *see also Balderas*, 2018 WL 2943246, at *3.

The New Mexico court then proceeded to reject McKesson's contention that the plaintiffs' complaints arise directly under federal law because certain counts "facially plead[] a federal cause of action" by including allegations of violations of the federal CSA, the same argument McKesson makes here.[2] The *Balderas* court correctly recognized that the State had only asserted claims arising under state law. As the New Mexico ruling explained: "Plaintiff's Complaint does not allege a federal cause of action under the FCSA—nor could it have because the FCSA provides no federal cause of action." 2018 WL 2943246, at *4. Here, too, the Commonwealth asserts only causes of action arising under Kentucky statutory and common law.

Both courts then turned to McKesson's argument that federal jurisdiction existed under the four-part *Grable* test. Each ruled that McKesson's argument failed three separate prongs of that test, finding that the federal issue identified by McKesson was neither "necessarily raised," nor "substantial," nor could it be resolved in federal court "without disrupting the federal-state balance approved by Congress." *See Denn,* 2018 WL 1942363, at *2-*5; *Balderas*, 2018 WL 2943246, at *5-*6.

First, each court found that the federal issue of whether McKesson violated its obligations under the federal CSA was not "necessarily raised." The Delaware court reasoned:

---

[2] McKesson apparently did not make this argument for federal jurisdiction in the Delaware case: "*Because there is no dispute that Plaintiff's claims arise under state law*, McKesson must show that a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress." 2018 WL 1942363, at *2 (citing *Grable;* emphasis added)

3

> Although a determination of whether Defendants violated the FCSA may occur while addressing Plaintiff's claims, there is also the possibility that the claims will be resolved without resolution of the federal issue at all. Based on the complaint, it is possible for the state law claims to be resolved solely under state law. Although the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law.

2018 WL 1942363, at *2 (citation omitted). In particular, the Delaware court concluded that the State could prevail on its Delaware Consumer Fraud Act claim based on alleged misrepresentations "unrelated to federal law," on its public nuisance claim "by showing Defendants violated the Delaware Controlled Substances Act," and on its negligence claim by showing conduct that fell below standards of care that did not reference federal law. *Id.* at *3.

> The New Mexico court engaged in an identical analysis:

> [C]ontrary to McKesson's claim that Plaintiff can prevail only by showing that Defendants violated the FCSA, it appears that Plaintiff could show that Defendants violated state law duties to control, report and guard against the diversion of prescription drug orders, meaning that the federal statute is not necessarily raised. While a determination of a duty and violation of that duty under the FCSA will likely occur in examining Plaintiff's claims, so also will examination of New Mexico common law, statutes, and promulgated rules to determine Defendants' duty, if any, to prevent "diversion" of prescription drugs into illicit channels. . . . New Mexico state law provides alternate theories for a finding of liability against McKesson and its codefendants because the Complaint implicates numerous alleged duties under state law. Thus, as in *Merrell Dow*, the Complaint refers to the FCSA, its regulations, and the DEA letters as "available criter[ia] for determining whether" Defendants are liable, but their liability, if any, does not hinge *exclusively* on federal law, as McKesson argues.

2018 WL 2943246, at *6 (citation omitted).

The same analysis applies to the pending motion. The Commonwealth's complaint specifically alleges alternative state law bases for the duties McKesson violated. For

4

example, paragraph 112 of the Complaint alleges that the Kentucky Controlled Substances Act, as well as the federal statute, "create[s] a broad duty on the part of wholesalers to monitor, detect, investigate, refuse to fill, and report suspicious orders of prescription opioids." Complaint, ¶112 (citing state statutes and regulations). Similarly, paragraph 136 alleges that 201 KAR 2:105 § 7 "expressly prohibits distributors [of opioids] from operating in a manner that endangers the public [health]." *Id.* ¶136. Because McKesson may be found liable on the Commonwealth's claims based on alternate theories that do not require violations of federal law, no federal issue is "necessarily raised" under the first prong of the *Grable* test.

Turning to the third prong, both the Delaware and New Mexico courts found that the federal issue identified by McKesson was not "substantial" enough to justify federal jurisdiction. As *Denn* explained:

> Federal issues must be significant "to the federal system as a whole." "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." . . . The determination of whether Defendants violated the FCSA is not substantial to the government as a whole. Most importantly, the parties do not seek to interpret the FCSA such that it affects the manner in which the government operates. . . . Rather, the federal issues in this case will be substantial only to the parties. The outcome will not necessarily be dispositive of Plaintiff's claims and will not be controlling in any other case, as it will involve a factual determination relating to Defendants' conduct.

2018 WL 1942363, at *4 (quoting *Gunn v. Minton*, 568 U.S. 251, 260, 264 (2013)). The *Balderas* court concurred, 2018 WL 2943246, at *6, adding that the fact that "Plaintiff's claims will be 'fact-bound and situation-specific' and do not readily present a pure issue of law which federal adjudication could resolve 'once and for all,'" as well as "'the

5

absence of a private right of action' under the FCSA" were additional factors that weighed against a finding of substantiality. *Id.* McKesson's alleged violations of the federal CSA were insufficiently substantial to support federal jurisdiction under *Grable* in both New Mexico and Delaware, and are equally insufficient to support federal jurisdiction in this case.

Finally, both the Delaware and New Mexico courts ruled that upholding federal jurisdiction over the removed actions would "disrupt the federal-state balance approved by Congress." As *Denn* explained:

> In this case, the federal issues are merely elements of state common law claims. . . . Here, much like *Merrell Dow*, entertaining "garden variety" state law tort claims resting on federal statutory violations, such as negligence and fraud, could lead to a flood of state law claims entering federal courts and could disturb congressional intent regarding federal question jurisdiction in § 1331. Considering this potential threat to the structural division of labor between state and federal courts, in addition to the absence of a federal cause of action, it is "improbable that the Congress … would have meant to welcome any state-law tort case implicating federal law" merely because the federal statutes create standards of care or elements to causes of action under state law. Thus, the Court cannot entertain Plaintiff's state law claims without disturbing the congressionally-approved division of labor between federal and state courts.

2018 WL 1942363, at *5 (quoting *Grable*, 545 U.S. at 319; citation omitted); *See also Balderas*, 2018 WL 2943246, at *6 (quoting and following reasoning in *Denn*). That same reasoning is directly, and equally, applicable to the present case.

Thus, at least three separate United States District Courts have expressly and unanimously rejected McKesson's arguments that federal jurisdiction exists over lawsuits brought by State governments against opioid distributors that include allegations that defendants violated the federal CSA but assert only claims arising under

6

state law. *Balderas,* 2018 WL 2943246; *Denn,* 2018 WL 1942363; *Morrisey*, 2017 WL 357307. And each ordered the case before it remanded to state court. *Id.* For the same reasons, as well as those in the Commonwealth's memoranda in support of its Motion to Remand, the Commonwealth of Kentucky urges this Court to grant its remand motion and return this case to state circuit court where it properly belongs.

July 9, 2018                                    Respectfully submitted,

                        ANDY BESHEAR
                        ATTORNEY GENERAL

            By:   */s/ Linda Singer*_____
                    Linda Singer

                    LeeAnne Applegate
                    Elizabeth U. Natter
                    Charles W. Rowland
                    Assistant Attorneys General
                    Office of Consumer Protection
                    OFFICE OF THE ATTORNEY GENERAL
                    1024 Capital Center Drive, Suite 200
                    Frankfort, Kentucky 40601
                    (502) 696-5300
                    (502) 573-573-8317 FAX
                    LeeAnne.Applegate@ky.gov
                    Elizabeth.Natter@ky.gov
                    Charlie.Rowland@ky.gov

                    Wesley W. Duke
                    C. David Johnstone
                    Brian C. Thomas
                    Assistant Attorneys General
                    Office of Medicaid Fraud and Abuse
                    OFFICE OF THE ATTORNEY GENERAL
                    1024 Capital Center Drive, Suite 200
                    Frankfort, Kentucky 40601
                    (502) 696-5300
                    (502) 573-8316 FAX
                    Wesley.Duke@ky.gov
                    David.Johnstone@ky.gov

Brian.Thomas@ky.gov

Linda Singer *
Elizabeth Smith*
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
lsinger@motleyrice.com
esmith@motleyrice.com
Tel: (202) 232-5504
Fax: (202) 386-9622

James D. Young*
Sarah A. Foster*
MORGAN & MORGAN COMPLEX LITIGATION GROUP
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
jyoung@forthepeople.com
sarahfoster@forthepeople.com
Tel: (904) 398-2722

W. Mark Lanier*
Richard D. Meadow*
Evan Janush*
Reagan E. Bradford*
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, Texas 77069
wml@LanierLawFirm.com
Richard.Meadow@LanierLawFirm.com
Reagan.Bradford@LanierLawFirm.com
evan.janush@LanierLawFirm.com
Tel: (713) 659-5200

(*denotes counsel who will seek pro hac vice admission)

*Attorneys for Plaintiff the Commonwealth of Kentucky*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*/s/ Linda Singer*
Linda Singer
*Attorney for Plaintiffs*