UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Commonwealth of Kentucky v. McKesson Corporation*<br>**Case No. 1:18-op-45682** | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to the Court's June 28, 2018 Order Regarding Remand Briefing (Dkt. No. 677), Defendant McKesson Corporation ("McKesson") hereby submits supplemental authority in support of its opposition to the Commonwealth of Kentucky's ("Kentucky") motion to remand in *Commonwealth of Kentucky v. McKesson Corp.*, No. 1:18-op-45682.  As additional authority, McKesson submits three decisions, each issued after briefing closed on Kentucky's motion to remand: *Trawick v. Tri-Star Rest. Grp., LLC*, No. 17-00456 LEK-RLP, 2018 WL 2337285 (D. Haw. May 23, 2018) (Exhibit A); *Valley v. IBM Corp.*, No. 3:17-cv-1413-AC, 2018 WL 3148246 (D. Or. Mar. 14, 2018) (Exhibit B); and *McDaniel v. Upsher-Smith Labs., Inc.*, No. 17-5741, 2018 WL 3192933 (6th Cir. June 29, 2018) (Exhibit C).

In both *Trawick* and *Valley*, federal district courts declined to remand cases like Kentucky's, in which plaintiffs purported to bring exclusively state law claims but adjudication of those claims necessitated the interpretation and application of federal statutes.

In *Trawick*, plaintiffs brought suit in state court alleging, *inter alia*, that a restaurant group violated Hawaii unfair competition and wage and hour laws by allowing non-tipped

employees to participate in a tip pool. *Trawick*, 2018 WL 2337285 at *2. Although the plaintiffs had pled only Hawaii state law claims, the district court to which the case had been removed found that the federal Fair Labor Standards Act and related federal common law provided the sole source of any duty not to include non-tipped employees in a tip pool. *Id.* at *4. As such, the plaintiffs' tip-pooling claims "necessarily raise[d] stated federal issues that will be actually disputed in this case, and that are substantial," and the court denied remand. *Id.* at *6. Because Kentucky's claims—though pled largely in the guise of state tort violations—depend on the violation of reporting and alleged pharmaceutical shipment-halting duties that exist solely under the federal Controlled Substances Act, they likewise "necessarily raise . . . federal issues that will be actually disputed in this case, and that are substantial," and should remain in this Court.

In *Valley*, the plaintiff brought suit in state court alleging, *inter alia*, that his former employer had breached an Oregon contract and violated Oregon wage and hour law by improperly over-withholding taxes from his paychecks, resulting in unpaid wages. *Valley*, 2018 WL 3148246 at *1-2. Although the plaintiff had pled only Oregon state law claims, the district court to which the case had been removed looked beyond the plaintiff's characterization of his claims as relating to "unpaid wages" and found that he was actually "seeking to recover sums he alleges Defendants wrongfully collected as a tax." *Id.* at *7. Because any attempt to recover amounts collected as a federal tax is governed by 26 U.S.C. § 7422, the plaintiff's "complaint necessarily raise[d] a federal issue . . . [and] alleged a federal question establishing federal subject matter jurisdiction." *Id.* This Court should likewise look beyond Kentucky's characterization of its claims as state-law-dependent, given that Kentucky has not identified any state-law basis for the exclusively federal reporting and alleged stop-shipment duties on which its claims are premised.

The Sixth Circuit's recent decision in *McDaniel* addresses federal preemption rather than federal question jurisdiction, but it likewise stands for the proposition that controls here: a plaintiff may not evade federal entanglement by couching its claims in state tort law, when the tort duty allegedly violated is a creature of federal law. In *McDaniel*, the plaintiff brought state tort claims alleging that a drug manufacturer failed to distribute a guide that would have warned patients about adverse effects from a heart drug. Although the plaintiff had pled only Tennessee law claims, the Sixth Circuit held that the duty to distribute a medication guide arises exclusively from the federal Food, Drug, and Cosmetic Act, and that the plaintiff's claims were therefore preempted. *McDaniel*, 2018 WL 3192933 at *2-5. Like Kentucky here, the plaintiff in *McDaniel* attempted to "salvage her [case] by hanging her hat on a generic duty . . . under Tennessee law," but because that law did not actually "create a parallel duty," the Sixth Circuit rejected the argument. *Id.* at *3. This Court should do the same with respect to Kentucky's generic appeals to "Kentucky law," when it has failed to identify any law that creates a "parallel duty" to the federal Controlled Substances Act duties on which its claims are premised.

                                        Respectfully submitted,

Dated: July 9, 2018                      /s/Geoffrey E. Hobart
                                                    Geoffrey E. Hobart
                                                    Covington & Burling LLP
                                                    850 10th St. NW
                                                    Washington, DC 20001
                                                    ghobart@cov.com

                                                    *Counsel for McKesson Corporation*

**CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record this the 9th day of July, 2018.

> */s/ Geoffrey E. Hobart*
> Geoffrey E. Hobart