# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Cleveland Bakers & Teamsters Health & Welfare Fund and Pipe Fitters Local Union No. 120 Insurance Fund v. Purdue Pharma L.P.*, et al.<br>Case No. 18-op-45432 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT <u>FOR LACK OF PERSONAL JURISDICTION</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

FACTS AND PROCEDURAL HISTORY ...................................................................... 1

LEGAL STANDARD ...................................................................................................... 3

ANALYSIS ...................................................................................................................... 3

    A.  There Is No Specific Jurisdiction over CVS Health in Ohio ......................................... 3

    B.  There Is No General Jurisdiction over CVS Health in Ohio ......................................... 5

CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Best v. AT&T Inc.*,
   No. 1:12-cv-564, 2014 WL 12571407 (S.D. Ohio Sept. 16, 2014)........................................... 4

*Bird v. Parsons*,
   289 F. 3d 865 (6th Cir. 2002) ................................................................................................. 3

*BNSF Ry. Co. v. Tyrrell*,
   137 S.Ct.  1549 (2017)........................................................................................................... 6

*Buschle v. Coach, Inc.*,
   No. 1:16cv471, 2017 WL 1154089 (S.D. Ohio Mar. 28, 2017) ................................................ 3

*Callum v. CVS Health Corp.*,
   137 F. Supp. 3d 817 (D.S.C. 2015)..................................................................................... 1, 4, 6

*Conn v. Zakharov*,
   667 F.3d 705 (6th Cir. 2012) ............................................................................................. 3, 4, 5, 6

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) .............................................................................. 1, 4, 6

*Garlock v. Ohio Bell Tel. Co. Inc.*,
   No. 1:13CV02200, 2014 WL 2006781 (N.D. Ohio May 15, 2014) ...................................... 3, 4

*MacDonald v. Navistar Int'l Transp. Corp.*,
   143 F. Supp. 2d  918 (S.D. Ohio 2001) ................................................................................ 5

*Smith v. Turfway Park*,
   Case No. 3:97-145, Doc #13 (Mar. 13, 1998) ...................................................................... 5

*Tarkett USA, Inc. v. Harnix Corp.*,
   No. 1:16CV2400, 2017 WL 2443139 (N.D. Ohio June 6, 2017)............................................ 5

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) ............................................................................................... 3

## PRELIMINARY STATEMENT

This motion is straightforward—Plaintiffs Cleveland Bakers and Teamsters Health and Welfare Fund and Pipe Fitters Local Union No. 120 Insurance Fund (together, "Plaintiffs") have sued the wrong party.  While the Amended Complaint asserts claims against CVS Health Corporation ("CVS Health") for the wholesale distribution of prescription opioids in Ohio, CVS Health does not distribute prescription opioids or any other pharmaceutical.  Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission.  Plaintiffs' claims do not arise out of these limited activities, and these activities do not take place in Ohio.  Personal jurisdiction therefore does not lie.  Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities.  *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).

## FACTS AND PROCEDURAL HISTORY

On June 18, 2018, Plaintiffs filed their Amended Complaint in this multi-district litigation.  The allegations in the Amended complaint stem from the "misuse, abuse, and over-prescription of opioids" and manufacturers' and distributors' alleged roles in "contributing to the oversupply of such drugs and [in] fueling an illegal secondary market" for them in Ohio.  Am. Compl. ¶¶ 2, 9.

CVS Health is grouped with the other alleged "Distributor Defendants" in the Amended Complaint.  Am. Compl. ¶ 93.  Plaintiffs state that the Distributor Defendants "distributed, supplied, sold, and placed into the stream of commerce the prescription opioids" and "engaged in 'wholesale distribution,' as defined under state and federal law."  Am. Compl.¶ 79.  Specifically,

CVS Health is alleged to have "distributed prescription opioids throughout the United States, including in Ohio."  Am. Compl. ¶ 83.

Contrary to the complaints' allegations, CVS Health does not manufacture, distribute, or dispense opioids in Ohio or elsewhere.  *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corporation's Mot. to Dismiss ("Moffatt Decl.") ¶ 9.[1]  In fact, it does not provide or offer any product or service, or place into the stream of commerce any product or service.  *Id.*

Rather than a distributor of controlled substances, CVS Health is a holding company with no operations other than those related to its status as a holding company.  *Id.* ¶ 4.  Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission.  *Id.*

CVS Health has no offices, facilities, assets, income, employees, or operations in Ohio.  *Id.* ¶ 6.  It is organized under the laws of Delaware and has its principal place of business in Rhode Island.  *Id.* ¶ 5.  It is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency.  *Id.* ¶ 6.

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities.  *Id.* ¶ 10.  CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies, including any of its subsidiaries that ever have engaged in the distribution of prescription opioids.  *Id.* ¶ 8.

---

[1] CVS Health has already filed a motion to dismiss for lack of personal jurisdiction in Ohio in other cases in this MDL.  See MDL Docket No. 495 (May 25, 2018).  The declaration filed by Mr. Moffatt in those cases is equally applicable here, and CVS Health attaches the declaration from that filing as Exhibit A to this memorandum.

## LEGAL STANDARD

Plaintiffs have the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citation omitted). "In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction." *Buschle v. Coach, Inc.*, No. 1:16cv471, 2017 WL 1154089, at *2 (S.D. Ohio Mar. 28, 2017) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)); *see also Conn*, 667 F.3d at 711 (stating that a plaintiff must offer specific facts in support of jurisdiction).

## ANALYSIS

Where the Court's subject matter jurisdiction is based on a federal question, as Plaintiffs have alleged here,[2] personal jurisdiction is determined based on the forum state's long-arm statute and due process. *Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002) (citation omitted). There are two types of personal jurisdiction: (1) specific, where the cause of action arises from the defendant's conduct in the state; and (2) general, where the lawsuit does not arise from the defendant's contacts. *Conn*, 667 F.3d at 712-13. Neither applies here.

### A.    There Is No Specific Jurisdiction over CVS Health in Ohio.

In Ohio, personal jurisdiction over a non-resident exists only if the long-arm statute confers jurisdiction and jurisdiction is proper under the Due Process Clause. *Conn*, 667 F.3d at 711 (citation omitted); *see also Garlock v. Ohio Bell Tel. Co. Inc.*, No. 1:13CV02200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014). Because Ohio's long-arm statute does not extend to the constitutional limits of the Due Process Clause, jurisdiction under the long-arm statute is a threshold issue. *Conn*, 667 F.3d at 712; *Garlock*, 2014 WL 2006781, at *3. Specific jurisdiction

---

[2] *See* Am. Compl. ¶ 25.

exists only where the cause of action arises out of the defendant's contacts with the forum. *Conn*, 667 F.3d at 712-13.

Plaintiffs appear to allege specific jurisdiction lies under the long-arm statute based on their allegations that the Distributor Defendants distributed prescription opioids in Ohio and thus transacted business in Ohio, supplied goods in Ohio, and/or caused injury in Ohio. *See* Am. Compl. ¶ 26. But, as noted above, CVS Health is a holding company, not an operating company. It is not the entity that distributed prescription opioids and does not direct, manage, or supervise the operations or employees of its subsidiaries that did distribute prescription opioids. Moffatt Decl. ¶¶ 8-9. As a holding company, it has no real business operations at all, and it has no relevant contacts with Ohio. Moffatt Decl. ¶¶ 4, 6.

Plaintiffs allege that CVS Health "through its various DEA registrant subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor." Am. Compl. ¶ 83. But that allegation ignores the fact that CVS Health is a separate and distinct company from its subsidiaries. Moffatt Decl. ¶ 10; *see also Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Garlock*, 2014 WL 2006781, at *3 (finding no specific jurisdiction over AT & T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it was AT & T Inc.'s subsidiaries and affiliates that are conducting business in Ohio, not AT & T Inc. itself"); *Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 WL 12571407, at *7 (S.D. Ohio Sept. 16, 2014) (no specific jurisdiction over holding company because there was "simply no evidence showing that AT&T Inc., as an entity separate and apart from the conduct of its subsidiaries and affiliates, has the minimum contacts with the State of

4

Ohio necessary to establish that this Court has personal jurisdiction over it").[3]  Specific jurisdiction simply does not exist.

### B.     There Is No General Jurisdiction over CVS Health in Ohio.

Plaintiffs do not allege that general jurisdiction over CVS Health would be proper.  Am. Compl. ¶ 26.  And for good reason.  CVS Health is a Delaware corporation with its principal place of business in Rhode Island.  Moffatt Decl. ¶ 5.  It does no business in Ohio, and has no offices, facilities, assets, income, employees, or operations there.  *Id.* ¶ 6.  There is no ground whatsoever to subject CVS Health to general jurisdiction in Ohio.

In the first place, "Ohio law does not appear to recognize general jurisdiction over non-resident defendants."  *See Conn*, 667 F.3d at 717; *Tarkett USA, Inc. v. Harnix Corp.*, No. 1:16CV2400, 2017 WL 2443139, at *4 (N.D. Ohio June 6, 2017) (quoting *Conn*, 667 F.3d at 717); *MacDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001) ("[E]ven though the due process clause allows for general jurisdiction, Ohio's long-arm statute precludes general personal jurisdiction in this forum." (citing *Smith v. Turfway Park*, Case No. 3:97-145, Doc #13 (Mar. 13, 1998) (Rice, J.)).  "[I]t is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant *only if* specific jurisdiction can be found under . . . Ohio's long-arm statute."  *Conn*, 667 F.3d at 718 (emphasis added).  Because, as

---

[3] For the same reasons, personal jurisdiction is improper under the Due Process Clause, which looks to whether: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the state; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable.  *Conn*, 667 F.3d at 713 (citation omitted). CVS Health engages in only limited activities relating to its status as a holding company.  Plaintiffs' causes of action do not arise out of these activities, which did not take place in Ohio in any event.  CVS Health has no offices, assets, employees, operations, or income from Ohio and does no business there. Accordingly, CVS Health did not avail itself of the privileges of Ohio and does not have a substantial connection to the state.

explained above, specific jurisdiction under the long-arm statute does not exist, there is no jurisdiction over CVS Health.

Even if Ohio recognized general jurisdiction, it would not apply to CVS Health. Corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citation omitted). A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.* Ohio is neither CVS Health's state of incorporation nor its principal place of business. General jurisdiction therefore would not exist. *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state); *Conn*, 667 F.3d at 718-19 (owning property, vehicles, and bank account in Ohio; traveling to Ohio on a yearly basis; and engaging in unrelated litigation in Ohio insufficient for general jurisdiction).

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: July 23, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions.  Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: July 23, 2018                                  Respectfully submitted,

                                                     */s/ Eric R. Delinsky*
                                                     Eric R. Delinsky
                                                     Zuckerman Spaeder LLP
                                                     Suite 1000
                                                     1800 M Street, NW
                                                     Washington, DC 20036
                                                     202-778-1800
                                                     202-822-8106 (fax)
                                                     edelinsky@zuckerman.com

                                                     *Counsel for CVS Health Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky