UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Cleveland Bakers and Teamsters Health and Welfare Fund, et al. v. Purdue Pharma, L.P., et al.*, Case No. 18-op-45432 | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF WALGREENS BOOTS ALLIANCE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

In addition to the grounds for dismissal set forth in the various pending motions to dismiss, Plaintiffs' claims against Walgreens Boots Alliance, Inc. ("WBA") must be dismissed for an additional reason: there is no personal jurisdiction over WBA, a holding company incorporated under Delaware law that conducts no activities in Ohio.[1]

## Background

WBA was incorporated in September 2014 and, on December 31, 2014, became the parent company of Walgreen Co. pursuant to a merger and corporate reorganization into a holding company structure. Decl. of Mark Weisz ¶ 2 (Ex. A). WBA is incorporated under Delaware law and has its headquarters and principal place of business in Deerfield, Illinois. *Id.*

Walgreen Co. has been a subsidiary of WBA since 2014 and continues to operate retail drug stores with pharmacies across the country, as it did before the merger. *Id.* ¶ 4. Walgreen Co. and indirect subsidiaries of WBA, including Walgreen Eastern Co. and Walgreen Arizona Drug Co., were formerly involved in the regulated distribution of opioid medications to Walgreen Co.'s retail pharmacies. *Id.* ¶ 5. Although the Complaint refers to "Walgreens Boots Alliance, Inc. a/k/a Walgreen Co.," 1st Am. Compl. ¶ 1, WBA is a legally distinct entity from its subsidiary Walgreen Co. and does not conduct business under the Walgreen Co. name. Weisz Decl. ¶ 6.

## Argument

Plaintiffs bear the burden of proving personal jurisdiction where it is challenged. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887–88 (6th Cir. 2002). In all cases, a court's exercise of personal jurisdiction must comply with Constitutional due process

---

[1] Counsel for WBA has alerted Plaintiffs' counsel to the jurisdictional problem with claims against WBA and requested that Plaintiffs withdraw their claims against WBA and, if necessary, substitute a proper party.

1

requirements.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017); *Community Trust Bancorp, Inc. v. Community Trust Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012).  The constitutionally permissible exercise of personal jurisdiction may involve either "'general' (sometimes called 'all-purpose') jurisdiction" or "'specific' (sometimes called 'case-linked') jurisdiction."  *Bristol-Myers Squibb*, 137 S. Ct. at 1779-80.[2]

As explained below, there is neither general nor specific personal jurisdiction over WBA in Ohio.  WBA is not "at home" in Ohio for purposes of general jurisdiction and has not engaged in activities connected to Ohio or to Plaintiffs' claims for purposes of specific jurisdiction.  And the fact that there might be personal jurisdiction over subsidiaries of WBA in Ohio is insufficient as a matter of law to create personal jurisdiction over WBA.

## I.     There Is No General Personal Jurisdiction over WBA in Ohio.

To be subject to general personal jurisdiction in a state, an out-of-state defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render them essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  For corporations, the "paradigm" forums are "the place of incorporation and principal place of business."  *Id.* at 137.  Only in an "exceptional" case will general personal jurisdiction be found elsewhere.  *Id.* at 139 n.19.

---

[2]  While *Bristol-Myers Squibb* and other cases cited below were decided under the Due Process Clause of the Fourteenth Amendment to the Constitution (applicable to cases in state court and federal diversity cases), the analysis is the same under the Due Process Clause of the Fifth Amendment that applies when a case is subject to federal question jurisdiction.  *See, e.g.*, *Maclin v. Reliable Reports of Texas, Inc.*, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) ("[T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome . . . than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in *Bristol-Myers* to . . . state courts.").

As the Plaintiffs allege, WBA is incorporated in Delaware and has its principal place of business in Illinois. 1st Am. Compl. ¶ 91; *see also* Weisz Decl. ¶ 2. That is the beginning and the end of the inquiry. Plaintiffs have alleged no facts to support a finding that this is an "exceptional" case where general jurisdiction would nevertheless be proper in Ohio. Nor could they, when WBA is a holding company with no employees or operations in Ohio. Weisz Decl. ¶ 3; *see*, *e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that BNSF is not subject to general personal jurisdiction in Montana, despite having facilities, more than 2,000 employees, and over 2,000 miles of railroad track in Montana).

## II. There Is No Specific Personal Jurisdiction over WBA in Ohio.

Specific jurisdiction requires a close nexus between the defendant's activities, the forum state, and the plaintiff's claims. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit has adopted "a three-prong test" that requires a court to find (1) that the defendant "purposefully avail[ed] himself of the privilege of acting in the forum state," (2) that the plaintiff's cause of action "arise[s] from the defendant's activities" in the forum state, and (3) that the defendant's conduct has "a substantial enough connection" with the forum state to make the exercise of jurisdiction over the defendant "reasonable." *Id.* (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

There is no conceivable basis in these cases for the exercise of specific personal jurisdiction over WBA in Ohio. Without any operations or employees in Ohio, it is plain that WBA has not "personally avail[ed] [itself] of the privilege of acting" in Ohio, far less conducted activities in Ohio that relate to Plaintiffs' claims regarding the distribution and sale of prescription opioids. Under these circumstances, the exercise of personal jurisdiction over WBA in this case would be patently unreasonable.

3

### III. Potential Jurisdiction over WBA Subsidiaries in Ohio Does Not Create Personal Jurisdiction over WBA.

The fact that there might be personal jurisdiction over Walgreen Co. or other WBA subsidiaries in Ohio is insufficient to create personal jurisdiction over WBA.

Specific jurisdiction over a parent company based on a subsidiary's contacts with the forum state requires an extraordinary showing that "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008). Plaintiffs have not alleged—and could not allege—any facts to support such a finding here. As a result, they cannot "overcome the general presumption" that "a parent corporation is not liable for the actions of its subsidiary, even if the subsidiary is wholly owned by the parent corporation." *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, 2006 WL 2225821, at *7 (N.D. Ohio Aug. 2, 2006).

### CONCLUSION

All claims against WBA should be dismissed for lack of personal jurisdiction.

Dated: July 23, 2018                                                Respectfully submitted,

                                                                    /s/ Kaspar J. Stoffelmayr
                                                                    Kaspar J. Stoffelmayr
                                                                    Bartlit Beck Herman Palenchar & Scott LLP
                                                                    54 West Hubbard Street, Ste. 300
                                                                    Chicago, Illinois 60654
                                                                    (312) 494-4400
                                                                    kaspar.stoffelmayr@bartlit-beck.com

                                                                    *Counsel for Walgreens Boots Alliance, Inc.*

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Walgreens Boots Alliance, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is four pages in length and within the pages limitations permitted by CMO 1 and CMO 4 in this matter.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 23rd day of July, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*