# **EXHIBIT 8**

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

## DECLARATION OF ALLISON LEE

1. My name is Allison Lee. I am a Senior Project Manager at Epiq.

2. I am assisting Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan") and outside counsel Kirkland & Ellis LLP ("Kirkland") in the above captioned MDL. Epiq is Allergan's e-discovery vendor in this action.

3. I submit this declaration in support of Donna Welch's July 11, 2018 letter to Special Master Cohen regarding the June 30, 2018 Discovery Ruling No. 2 ("June 30 Ruling"). The statements herein are based on my personal knowledge or based on my review of documents and discussions with persons involved in Allergan's document production efforts.

### Status of Allergan's Discovery Efforts

4. Allergan has made six document productions in this action. To date, Allergan has produced more than 254,000 documents in this matter, including more than 1.48 million pages. Additionally, Allergan is preparing to make a substantial additional production on July 17, with subsequent productions scheduled on a rolling basis through early August.

5. Prior to the June 30 Ruling, I understand from counsel that counsel was aiming to substantially complete Allergan's document production by early August 2018.

1

**Use of Plaintiffs' Proposed Search Terms**

6. I understand that Plaintiffs have proposed the use of more than 14,000 additional search terms that include, among others, terms involving generic opioid products.[1]

7. To estimate the additional burden of reviewing additional documents, attorneys at Kirkland asked Epiq to run Plaintiffs' proposed search terms across data collected for Allergan to date. The results show that, including full families, these search terms would require promotion into the review database of over 3.7 million additional documents (and likely many more depending on the precise date range applied). Assuming a review rate of 40 documents per hour, this would require tens of thousands of hours of additional attorney time just for first level review. That estimate does not take into account second level privilege review or the creation of privilege logs.

8. Applying Plaintiffs' proposed search terms to the collected documents of the 10 individuals whose depositions I understand from counsel Plaintiffs have requested to date, and removing the front-end date restriction, would result in promotion into the review database of more than 945,000 documents.

9. I declare under penalty of perjury that the statements in this declaration are true to the best of my knowledge and belief.

Dated July 17, 2018

Respectfully submitted,

_Allison Lee_
Allison Lee
Epiq

---

[1] More specifically, Plaintiffs' proposed terms were sent in two separate lists. One list, titled "Plaintiffs' Proposed Search Terms for Actavis/Allergan Documents," purported to include 216 terms. Many of these entries included the phrase "[list drugs]." The second list included the words to be inserted where "[list drugs]" appears; there are 52 entries on this second list. The result of combining the two lists and properly writing out the terms to be run is more than 14,000 terms.

2