**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Cherokee Nation v. McKesson Corp., et al.,* No. 6:18-cv-00056 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**DEFENDANT MCKESSON CORPORATION'S MOTION FOR AN ORDER DIRECTING THE CLERK OF THE COURT TO STAY EXECUTION OF ANY REMAND ORDER FOR 14 DAYS PURSUANT TO FED. R. CIV. P. 62(A)**

Defendant McKesson Corporation ("McKesson") respectfully moves this Court for an order directing the Clerk of the Court to stay execution of any remand order for fourteen days, pursuant to Federal Rule of Civil Procedure 62(a). Although a remand order is generally not reviewable on appeal, in 2011 Congress amended 28 U.S.C. § 1447(d) to grant a direct right of appeal from an order remanding a case that was removed pursuant to section 1442, on which McKesson has based removal in this case.[1] McKesson maintains that remand is not appropriate, as set forth in Defendants' opposition to Plaintiffs' motion, but are filing this motion in light of the complicated procedural mechanism for remanding cases removed pursuant to section 1442 and to ensure that the appropriate procedure for appellate review of any remand order is preserved.[2]

As reflected in the proposed order submitted herewith, McKesson agrees to file a notice of appeal and a motion for a stay pending appeal within seven days after entry of any order

---

[1] *See* Removal Clarification Act of 2011, Pub. L. No. 112–51, 125 Stat. 545, 546 (2011).

[2] On January 19, 2018, Plaintiffs filed this lawsuit in the District Court of Sequoyah County, Oklahoma. On February 26, 2018, McKesson timely removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *Cherokee Nation v. McKesson Corp., et*

remanding this action to state court. It is possible, however, that before those filings are docketed, the Clerk of the Court could follow the usual procedure with respect to non-appealable remand orders and execute the remand order by mailing a "certified copy of the order of remand . . . to the clerk of the State court." 28 U.S.C. § 1447(c). At that point, "[t]he State court may . . . proceed with such case," *id.*, which could lead to "nightmarish procedural complications arising from parallel proceedings in state and federal court" if the Sixth Circuit ultimately concludes that McKesson properly removed this action. *Northrop Grumman Tech. Servs., Inc. v. DynCorp Intl. LLC*, 2016 WL 3346349, at *4 (E.D. Va. June 16, 2016). To avoid any potential confusion regarding which court possesses jurisdiction, McKesson respectfully requests that the Court enter an order directing the Clerk of the Court to withhold transmittal of any remand order for fourteen days. Such an order is consistent with the requirements of Federal Rule of Civil Procedure 62(a) and will help to ensure the efficient and orderly consideration of any motion to stay pending appeal that McKesson would file in the event that Plaintiffs' remand motion is granted.

## ARGUMENT

**A.     Execution of Any Remand Order Should Be Automatically Stayed for Fourteen Days.**

Federal Rule of Civil Procedure 62(a) provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have a passed after its entry." Fed. R. Civ. P. 62(a). Rule 54(a), in turn, defines "judgment" as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). While normally "[a]n order remanding a case to the State

---

*al.*, No. 6:18-cv-00056 (E.D. Okla.). On March 1, 2018, Plaintiffs filed a Motion to Remand, which Defendants opposed. *Cherokee Nation*, ECF No. 12. On June 6, 2018, this case was transferred to the multidistrict litigation before this Court. ECF No. 559.

court from which it was removed is not reviewable on appeal," an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title *shall* be reviewable by appeal or otherwise."  28 U.S.C. § 1447(d) (emphasis added); *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) ("This timely appeal of the remand order is authorized by 28 U.S.C. § 1447(d) because [defendants] removed the case under 28 U.S.C. § 1442.").

Because a remand order denying federal officer removal jurisdiction is an "order from which an appeal lies," pursuant to 28 U.S.C. § 1447(d), such an order qualifies as a "judgment" within the meaning of Rule 62(a).  *See Tenn. ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016).  Accordingly, under Rule 62(a)'s automatic-stay provision, this Court must withhold "execution" of any remand order—namely, mailing a "certified copy of the order of remand . . . to the clerk of the State court," 28 U.S.C. §1447(c)—until "14 days have passed after . . . entry" of any such remand order.  *See Tenn. ex rel. Slatery*, 2018 WL 3092942, at *1 ("[T]he remand order . . . was subject to the 14-day automatic stay provision of Rule 62(a)."); *Northrop Grumman*, 2016 WL 3180775, at *2 (same); *see also Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (court erred in failing to "automatically stay the remand order as provided in Rule 62(a)").

### B. Execution of Any Remand Order Should Be Stayed to Allow Orderly and Efficient Resolution of a Motion to Stay Pending Appeal by McKesson.

Staying the execution of any remand order for fourteen days not only is mandated by Rule 62(a), but also will ensure that this Court and, if necessary, the Sixth Circuit, has sufficient time to consider and rule upon any motion to stay pending appeal that McKesson files.  As explained above, McKesson has an unequivocal right to appeal any remand order.  If this case were remanded before the Sixth Circuit has the opportunity to rule on the threshold jurisdictional

issue raised in Plaintiffs' remand motion, it would frustrate the purpose of appellate review that Congress specifically authorized in federal officer removal cases to ensure that such defendants are not erroneously forced to litigate their cases, including their federal defenses, in state court. *See* 157 Cong. Rec. H1371-01, H1372 (daily ed. Feb. 28, 2011) ("The purpose underlying the Federal officer removal statute is to prevent State litigants from interfering with the Federal Government's operations.") (statement of Henry C. Johnson, Jr.); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such [federal] defenses litigated in the federal courts.").

In light of these significant federal interests, McKesson will timely move this Court to stay the execution of any remand order pending appeal.[3] There are strong grounds to believe that a stay pending appeal would be granted by this Court or the Sixth Circuit. Indeed, courts have recognized that "where [a] pending appeal addresses remand of a case initially removed pursuant to 28 U.S.C. § 1442, a stay is appropriate to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman*, 2016 WL 3346349, at *3 (collecting cases); *see also, e.g.*, *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."); *Vision Bank*, 2012 WL 1592985, at *2 ("Once the FDIC appealed [the remand order], a stay order should have been issued. To do otherwise would make the right of appeal nugatory.").

---

[3] In deciding whether to enter a stay, a court must evaluate "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The four factors are not independent prerequisites for relief— instead, they are "interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

A stay of any remand order would also avoid the jurisdictional confusion that might otherwise arise. Specifically, if a remand order were not stayed pending appeal but the Sixth Circuit ultimately concluded that McKesson properly removed the action, the Court would have to wrestle with the effects of any state court rulings made while the remand order was on appeal, creating a "rat's nest of comity and federalism issues." *Northrop Grumman*, 2016 WL 3346349, at *4. District courts routinely grant motions to stay remand orders where appeals are authorized precisely because of these concerns. *See, e.g.*, *id.* at *3 (collecting cases); *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013) (staying remand order due to risk of "inconsistent outcomes if the state court rules on any motions while the case is pending" on appeal); *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013) (same).

## CONCLUSION

For the reasons set forth above, McKesson respectfully requests that the Court enter an order directing the Clerk of the Court to stay transmission to the state court of any order remanding this case to Oklahoma state court for fourteen days pursuant to Federal Rule of Civil Procedure 62(a).

July 26, 2018

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Megan Crowley
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
ghobart@cov.com

*Counsel for McKesson Corporation*

5

## **CERTIFICATE OF SERVICE**

I, Geoffrey Hobart, hereby certify that this the 26th day of July, 2018 the foregoing document was served via the Court's ECF system to all counsel of record.

>*/s/ Geoffrey E. Hobart*
>Geoffrey E. Hobart