# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**

**This document relates to:**

| | |
|---|---|
| *Cabell County Commission v.* | **MDL No. 2804** |
| *AmerisourceBergen Drug Corporation,* | **Case No. 17-md-2804** |
| *et al.* | **Judge Dan Aaron Polster** |
| **Case No. 17-OP-45053-DAP** | |

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT
BY DEFENDANTS CVS INDIANA, LLC, CVS RX SERVICES, INC.,
CVS TENNESSEE DISTRIBUTION, LLC, THE KROGER CO.,
RITE AID OF MARYLAND, INC., WALGREEN EASTERN CO.,
<u>WALGREEN CO., AND WALMART INC.</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTORY STATEMENT OF THE ISSUES AND SUMMARY OF ARGUMENT ....... 1

ARGUMENT .................................................................................................................. 1

I.    Plaintiff Lacks Authority to Challenge Lawful Activities
      Otherwise Regulated by the State. ............................................................. 1

II.   Plaintiff States No Claims Against the Moving Defendants as
      Pharmacies. ................................................................................................ 2

III.  Plaintiff's Negligence Claim is Legally Deficient. .................................... 3

      A.    The Moving Defendants owe no duty to Plaintiff. ...................... 3

      B.    Plaintiff has not pled a breach of the Moving Defendants'
            alleged duty to it. ...................................................................... 5

      C.    Plaintiff cannot establish proximate cause. ................................ 5

IV.   Plaintiff Fails to State a Public Nuisance Claim. ...................................... 6

V.    Plaintiff's Unjust Enrichment Claim Fails. ............................................... 7

VI.   Plaintiff Fails to Establish an Actionable Civil Conspiracy Claim. ......... 8

VII.  Plaintiff's Claims Against Moving Defendants are Barred by West
      Virginia Code § 30-5-21. .......................................................................... 9

VIII. The Free Public Services Doctrine Bars Plaintiff's Claim. ...................... 9

IX.   The Economic Loss Rule Bars Plaintiff's Claim. ...................................... 10

CONCLUSION ............................................................................................................... 11

i

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Aikens v. Dubow,*
    541 S.E.2d 576 (W. Va. 2000) ........................................................................ 10

*Butler v. Tucker,*
    416 S.E.2d 262 (W. Va. 1992) ........................................................................ 2

*City of Huntington v. State Water Comm'n,*
    73 S.E.2d 833 (W. Va. 1952) .......................................................................... 2

*Duff v. Morgantown Energy Assocs.,*
    421 S.E.2d 253 (W. Va. 1992) ........................................................................ 6

*Employer Teamsters-Local Nos. 175/505 Health & Welfare Trust Fund v. Bristol*
    *Myers Squibb Co.*, 969 F. Supp. 463 (S.D. W. Va. 2013) ................................ 6

*EQT Prod. Co. v. Wender,*
    191 F. Supp. 3d 583 (S.D. W. Va. 2016) ........................................................ 2

*In re Oil Spill by the Amoco Cadiz,*
    954 F.2d 1279 (7th Cir. 1992) ........................................................................ 10

*Jackson v. Putnam Cty. Bd. of Educ.,*
    221 W. Va. 170, 653 S.E.2d 632 (2007) ......................................................... 5

*Miller v. Whitworth,*
    455 S.E.2d 821 (W. Va. 1995) ........................................................................ 4

*Prudential Ins. Co. of Am. v. Couch,*
    376 S.E.2d 104 (W. Va. 1988) ..................................................................... 7, 8

*Realmark Developments, Inc. v. Ranson,*
    588 S.E.2d 150 (W. Va. 2005) ........................................................................ 8

*Rhodes v. E.I. duPont de Nemours and Co.,*
    657 F. Supp. 2d 751 (S.D. W. Va. 2009) ........................................................ 6

*Robertson v. LeMaster,*
    301 S.E.2d 563 (W. Va. 1983) ........................................................................ 3

*State v. St. Clair,*
    355 S.E.2d 418 (W. Va. 1987) ........................................................................ 9

*White v. Wyeth,*
    705 S.E.2d 828 (W. Va. 2010) ........................................................................ 6

**Statutes**

W. Va.  Code § 30-5-10(c) .......................................................................................... 9

W. Va. Code § 30-5-21 ........................................................................................... 1, 9

W. Va. Code § 30-5-21(a) ......................................................................................... 9

**Other Authorities**

57A Am. Jur. 2d Negligence § 78 (2004) ................................................................. 5

Restatement (Second) of Torts § 821B(1) ............................................................... 7

## INTRODUCTORY STATEMENT OF THE ISSUES
## AND SUMMARY OF ARGUMENT

The Court should dismiss all claims against CVS Indiana, LLC, CVS RX Services, Inc., CVS Tennessee Distribution, LLC, The Kroger Co., Rite Aid of Maryland, Inc., Walgreen Eastern Co., Walgreen Co., and Walmart Inc. (collectively, the "Moving Defendants").[1]  Plaintiff's Opposition does not refute the Moving Defendants' arguments that Plaintiff lacks authority to challenge lawful activities otherwise regulated by the State, that claims based on pharmacy-level (as opposed to distributor) conduct should be dismissed, that the Second Amended Complaint (SAC) fails to state claims for negligence, public nuisance, unjust enrichment, and civil conspiracy, and that Plaintiff's claims are barred by West Virginia Code § 30-5-21, the free public services doctrine, and the economic loss doctrine.[2]

## ARGUMENT

**I.  Plaintiff Lacks Authority to Challenge Lawful Activities Otherwise Regulated by the State.**

As a threshold matter, Plaintiff lacks authority to challenge lawful activities otherwise regulated by the State.  *See* Moving Defs.' Br. 2-3.  Plaintiff does not adequately respond to the Moving Defendants' argument that a county commission has only the authority expressly granted to it by the state constitution or legislature.  Plaintiff also fails to adequately address *EQT Prod. Co.*

---

[1] Walgreen Boots Alliance, Inc., CVS Health Corporation, and Rite Aid Corporation were parties to the initial motion to dismiss.  Since that time, Plaintiff has voluntarily dismissed its claims against Walgreen Boots Alliance, Inc. and added Walgreen Eastern Co. and Walgreen Co. as parties, which step into the shoes of Walgreen Boots Alliance, Inc. for purposes of this motion.  Plaintiff voluntarily dismissed CVS Health Corporation, as well, adding CVS Indiana, LLC, CVS RX Services, Inc., and CVS Tennessee Distribution, LLC in its place.  Similarly, Plaintiff voluntarily dismissed Rite Aid Corporation, leaving Rite Aid of Maryland, Inc. in its place.

[2] Plaintiff's Brief in Opposition [Doc. 163] incorporates the Introduction and Summary of Issues and Argument as set forth in the *Summit County* case [Doc. 654]. Pls. Br. 1.  The Moving Defendants similarly incorporate the Introductory Statement of the Issues and Summary of Argument set forth in the Defendants' Reply filed in the *Summit County* case [Doc. 742].  The Moving Defendants also incorporate the Major Distributors' relevant arguments filed in this case.

*v. Wender*, which held that counties cannot use their general power to abate nuisances "to interfere with an area of law that the state has expressly reserved wholly to its own authority." 191 F. Supp. 3d 583, 594 (S.D. W. Va. 2016) (citing *Butler v. Tucker*, 416 S.E.2d 262 (W. Va. 1992)).  *See* Moving Defs.' Br. 2-3, Pl. Br. 14-18, 32-35.   Instead, Plaintiff makes circuitous arguments regarding whether a county ordinance in *EQT* conformed with state law.  Pl. Br. 33.  But none of those arguments change the fact that Plaintiff's suit effectively attempts to usurp authority expressly granted to the Board of Pharmacy (BOP) (by the West Virgiia Legislature) and the Drug Enforcement Agency (DEA) (by the U.S. Congress).  Moving Defs.' Br. 2.

Plaintiff's attempt to distinguish *City of Huntington v. State Water Comm'n*, 73 S.E.2d 833 (W. Va. 1952), likewise fails.  *City of Huntington* holds that "[p]ublic health is a matter of statewide rather than local or municipal interest or concern and in the regulation of public health the power of the state is supreme."  Moving Defs.' Br. 3, citing Syllabus Pt. 5, in *Huntington*.  Plaintiff only argues that *Huntington* deals with the police power of the State to compel municipalities to perform certain duties of state concern.  Pl. Br. 35.  While that issue was discussed in *Huntington*, that discussion does not change the fact that the case also stands for the proposition quoted above.

## II.    Plaintiff States No Claims Against the Moving Defendants as Pharmacies.

The Moving Defendants' opening brief noted that vague allegations in the SAC might be read as asserting claims against them as pharmacies rather than as distributors and moved to dismiss any such claims.

In response, Plaintiff concedes that it does not sue the Moving Defendants as pharmacies: "Plaintiffs [sic] allegations against the Pharmacy defendants are based on their duties *as distributors* …."  Pl. Br. 48.  To avoid confusion, the Court should dismiss any claims against the Moving Defendants in their retail pharmacy capacities, to the extent that the SAC can be read to assert such claims.

2

### III.    Plaintiff's Negligence Claim is Legally Deficient.

As the Major Distributors and the Moving Defendants explained in their opening briefs, Plaintiff's negligence claim fails as a matter of law. Among other things, Plaintiff fails to identify any duty the Moving Defendants owed to Plaintiff, either at common law or under statute, and fails to adequately plead proximate cause. *See, e.g.*, Moving Defs.' Br. 4-8.

### A.    The Moving Defendants owe no duty to Plaintiff.

Plaintiff disclaims any intent to rely on statutory duty. *See, e.g.,* Pl. Br. 18-19.  Plaintiff is therefore left to argue that a common-law duty exists, but to no avail.  Plaintiff broadly asserts that all Defendants—including the Moving Defendants—have a general duty of care in the distribution and marketing of opioids, and (more specifically) a duty to identify or report suspicious orders and diversion.  *Id.* 14-18.  But Plaintiff identifies no authority recognizing a common-law duty to monitor pharmacy orders or halt or report suspicious orders—let alone one that would run to municipalities indirectly injured by harms caused by the misuse of those orders.

Instead, Plaintiff falls back on general principles, stating that "it is irrelevant if the duty to monitor and report suspicious orders was unknown to or implied under the common law, because [d]efendants were under the obligation to use reasonable care like everyone else in West Virginia." Pl. Br. 16 (citations omitted).  But Plaintiff offers no limiting principle for this broad and overgeneralized proposition—including by defining what "reasonable care" means or to whom such a far-reaching duty would run—and, as a result, their rule would impose tort liability in a breathtaking array of cases.  As the principal case on which Plaintiff relies explained, "this duty must be brought home to the particular plaintiff, for 'a duty owing to everybody can never become the foundation of an action until some individual is placed in a position which gives him particular occasion to insist upon its performance.'"  *Robertson v. LeMaster*, 301 S.E.2d 563, 567 (W. Va. 1983) (citation omitted).

Perhaps recognizing that imposing such a vague and sweeping duty running from the Moving Defendants to Plaintiff would upend fundamental principles of tort law, *see* Moving Defs.' Br. 5-6, Plaintiff asks the Court to recognize a duty on the part of the Moving Defendants to prevent an indirect harm to Plaintiff caused by the conduct of third parties—including manufacturers, prescribing doctors, opioid users, and drug dealers—who (Plaintiff says) are directly responsible for the opioid epidemic. *Id.* But West Virginia imposes no duty to prevent a third party from causing harm by deliberate unlawful conduct. *Id.* 5, citing, *e.g.*, *Miller v. Whitworth*, 455 S.E.2d 821, 825 (W. Va. 1995).

Plaintiff also asserts that "[w]hile criminal conduct may have exacerbated the opioid crisis, the SAC states a negligence claim that is rooted in the breach by Defendants of their duty of care regardless of the acts of non-parties." Pl. Br. 17. But, at least as to the Moving Defendants, this claim is incorrect. As Plaintiff itself asserts, there would have been no opioid crisis in the first place if no manufacturer had misled doctors about opioids, no doctor had written improper prescriptions or operated a pill mill, and no dealers or users had improperly obtained opioids. *See id.* at 1.[3]

Finally, Plaintiff suggests incorrectly that recognizing a duty is appropriate because of the supposed foreseeability of the injury at issue in this case. *See* Pl. Br. 14-16. But none of the cases Plaintiff cites suggests that foreseeability can—contrary to the principle discussed above—create a duty to prevent harm caused by third parties. And Plaintiff's argument that foreseeability is a jury issue (*id.* at 15) is wrong because a jury is not entitled to recognize a duty where none exists as a matter of law.

---

[3] *Id.* at 1 incorporates Plaintiff's Doc. 654 filing, where that assertion is made at p. 1.

**B.**     **Plaintiff has not pled a breach of the Moving Defendants' alleged duty to it.**

Even if a duty is somehow imposed on the Moving Defendants, Plaintiff has not adequately pled that the Moving Defendants breached it.  As the Moving Defendants explained in their opening brief, "[n]o facts are alleged that the Moving Defendants distributed a single pill in Cabell County that was used for anything other than legitimate purposes."  Moving Defs.' Br. 6

Plaintiff responds that this argument "cannot be taken seriously given the numbers."  Pl. Br. 20.  Plaintiff asserts that the Distributors sold 40 million doses of prescription opioids, approximately half of which were sold by the Pharmacy Defendants.  *Id.*  Even assuming those numbers are accurate, this *res ipsa loquitor* reasoning does not suffice to establish that the Moving Defendants breached any alleged duty of care—not least because all opioids distributed by the Moving Defendants were intended for sale **only** pursuant to valid prescriptions written by a licensed physician.  Absent specific allegations about why particular orders were suspicious, Plaintiff's claim of breach fails.

**C.**     **Plaintiff cannot establish proximate cause.**

Plaintiff also fails to adequately allege that the Moving Defendants proximately caused its claimed damages.  Plaintiff's initial response to this argument is that questions of negligence and causation are jury questions not appropriate for a motion to dismiss.  Pl. Br. 21.  However, "[t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law."  *Jackson v. Putnam Cty. Bd. of Educ.*, 221 W. Va. 170, 175, 653 S.E.2d 632, 637 (2007); *see also*, 57A Am. Jur. 2d Negligence § 78 (2004) (stating that the determination of duty, in the context of alleged negligence, "is an issue of law for the court rather than for the jury").

Plaintiff also attempts to distinguish two cases cited in the Moving Defendants' Brief on the irrelevant ground that they are not even negligence cases.  Pl. Br. 21.  But both cases are instructive on the question of causation under West Virginia law, which does not vary with the underlying causes of action.  *Employer Teamsters-Local Nos. 175/505 Health & Welfare Trust Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 463, 472-475 (S.D. W. Va. 2013), concluded that a pharmaceutical manufacturer's actions were too remote *as a matter of law* to constitute proximate cause.  And *White v. Wyeth*, 705 S.E.2d 828 (W. Va. 2010), similarly explained that it is necessary to limit the permissible scope of recovery where an alleged injury involves a potentially complex chain of causation with intervening actions.  Moving Defs.' Br. 7.

## IV.     Plaintiff Fails to State a Public Nuisance Claim.

Plaintiff's public nuisance claim fails for two reasons: (1) the Moving Defendants' activity cannot constitute an unreasonable interference with a public right when that activity is endorsed and fully regulated by the government; and (2) the Moving Defendants' alleged improper actions are not the proximate cause of Plaintiff's claimed harm.  Moving Defs.' Br. 8-9.

Plaintiff argues that the SAC properly alleges an interference with a public right, and incorporates the arguments made in the *Summit County* Opposition.  Pl. Br. 2.  However, neither that brief nor Plaintiff's brief in opposition properly addresses either of the concerns listed above, as is discussed in the Moving Defendants' *Summit County* Reply.  *See* Doc. 742, pp. 13-16.

Additionally, Plaintiff's attempt to distinguish *Duff v. Morgantown Energy Assocs.*, 421 S.E.2d 253 (W. Va. 1992), and *Rhodes v. E.I. duPont de Nemours and Co.*, 657 F. Supp. 2d 751 (S.D. W. Va. 2009), is unsuccessful. *See* Moving Defs.' Br. 8-9.  Plaintiff points out that *Duff* involved reversal of an injunction of prospective activity by a non-governmental party.  Pl. Br. 3.  This is true but irrelevant, since Moving Defendants cited *Duff* merely for the proposition that

6

West Virginia has adopted the definition of "public nuisance" found in the Restatement (Second) of Torts § 821B(1)).  *See* Moving Defs.' Br. 8, citing *Duff*, 421 S.E.2d 253, 257, n.6.

Plaintiff also asserts that *Rhodes* involved the court's rejection of a public nuisance claim by a class of private citizens.  Pl. Br. 3.  That too is irrelevant.  *Rhodes* stands for the proposition that a public nuisance is an activity that society deems unreasonable.  Moving Defs.' Br. 8, citing *Rhodes*, 657 F. Supp. 2d 751, 768.  Here, the Moving Defendants' activity was not "unreasonable," but rather a fully regulated activity with governmental oversight, and government-dictated avenues of enforcement.  Plaintiff cannot, and does not, contest those facts.

## V.  Plaintiff's Unjust Enrichment Claim Fails.

Plaintiff concedes that an unjust enrichment claim requires a benefit conferred by a plaintiff upon a defendant.  Pl. Br. 26 (citing *Employer Teamsters*, 969 F. Supp. 2d at 471).  Plaintiff then argues that the Defendants "us[ed] Plaintiff to fund [their] negative externalities (*i.e.*, the cost of harms caused by their wrongful practices)," thereby "allowing them to sell and distribute more opioids, and make more money, than if they had internalized the actual cost of their activities.  Defendants have thereby received a benefit unjustly financed by the Plaintiff."  Pl. Br. 26 (citation omitted).

This argument fails.  An unjust enrichment claim requires that a plaintiff allege that the defendant retains money or benefits that in justice and equity belong to the plaintiff.  *See, e.g.*, *Prudential Ins. Co. of Am. v. Couch*, 376 S.E.2d 104, 108 (W. Va. 1988).  Here, Plaintiff implies that the Moving Defendants reaped a benefit because Plaintiff, rather than the Moving Defendants, shouldered the "externalities" generated by their conduct by providing municipal law enforcement, medical, infrastructure, rehabilitation and other services.  But that theory fails, because Plaintiff cannot credibly allege that the Moving Defendants would have had to provide those services if Plaintiff had not.

7

Plaintiff also cites *Prudential Ins. Co. v. Couch*, 376 S.E.2d 104, 109 (W. Va. 1988), and *Realmark Developments, Inc. v. Ranson,* 588 S.E.2d 150 (W. Va. 2005), for the proposition that a person may be unjustly enriched not only when he receives money or property but also where he receives a benefit, such as saved expense or loss. Pl. Br. 27. But Plaintiff fails to mention that in *Prudential*, the defendant was enriched by the plaintiff's payment satisfying an obligation that was the responsibility of the defendant. Here, as noted, providing municipal services was not one of the Moving Defendants' obligations. *Prudential* is therefore irrelevant. *Realmark,* likewise, is beside the point, because it involved a tangible benefit provided from one party directly to the other. 588 S.E.2d at 151.

## VI.     Plaintiff Fails to Establish an Actionable Civil Conspiracy Claim.

The Moving Defendants' Brief explained that "Plaintiffs' civil conspiracy claim fails because the Complaint contains no legally cognizable allegations that the Moving Defendants engaged in any conspiracy." Moving Defs.' Br. 12. The SAC contains no specific allegations about fraudulent activity on their part. Moving Defs.' Br. 12. And, to the extent the SAC stated general conspiracy allegations, those bare-bones allegations do not state a conspiracy claim under West Virginia law. *Id.* 12-14. Rather, the cause of action is created not by conspiracy but by wrongful acts done by a defendant to injure the plaintiff. Moving Defs.' Br. 13 (citation omitted). Here, because Plaintiff's tort claims fail, the conspiracy claims fail as well.

Plaintiff attempts to respond to these arguments by citing generalized allegations in the SAC. Pl. Br. 31-32. But the SAC at most describes parallel conduct by the Moving Defendants as they engage in a lawful, highly regulated activity. Under *Twombly*, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to state a claim. Moving Defs.' Br. 13 (citations omitted).

## VII.  Plaintiff's Claims Against Moving Defendants are Barred by West Virginia Code § 30-5-21.

West Virginia Code § 30-5-21(a) provides immunity against all claims for public nuisance, unjust enrichment, and negligence to distributors that deliver drugs in their original package to retail customers.  Moving Defs.' Br. 10-11.  Because there is no allegation that the Moving Defendants altered the packaging of the opioids they distributed, the Moving Defendants are exempt from liability.  *Id.*

Plaintiff argues that West Virginia Code § 30-5-21 does not apply because it relates only to claims based on the "quality" of drugs, whereas Plaintiff is asserting a claim based on the "quantity" distributed.  Pl. Br. 45-47.  This argument is facially at odds with the SAC, which is replete with the allegations that opioid medications are dangerously addictive and unsafe for long-term use.  *See* Moving Defs.' Br. 11 (citations to SAC omitted).  Plaintiff also contradicts itself by stating that West Virginia Code § 30-5-10(c) "explicitly imposes a duty to warn on the part of the pharmacist when, as here, the medicine is 'poisonous, deleterious, or habit-forming.'"  Pl. Br. 46 n.47.  Plaintiff cannot have it both ways: asserting that they are only alleging "quantity," not "quality," of drugs and then citing to a duty to warn provision, based on the quality of drug, especially when a failure to warn is not even an allegation in this case.

## VIII.  The Free Public Services Doctrine Bars Plaintiff's Claim.

Plaintiff repeatedly contends that it is seeking compensation from the Moving Defendants for costs allegedly incurred by Plaintiff in responding to the "opioid epidemic."  *See, e.g.,* SAC ¶¶ 2, 166.  But the free public services doctrine bars Plaintiff from recovering costs incurred in performing its public duties and responsibilities.  Moving Defs.' Br. 14 (citations omitted).  The principle has been applied in West Virginia to bar claims against inmates in county jail for room and board.  *Id.* (*State v. St. Clair*, 355 S.E.2d 418, 419-20 (W. Va. 1987)).

9

Plaintiff responds by asserting that West Virginia has rejected the free public service doctrine, but it cites only two trial court decisions.[4]  Pl. Br. 36.  As other courts have held, however, the free public services doctrine applies "when the legislature has been silent."  *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1311 (7th Cir. 1992).   And, here, the West Virginia legislature has indeed been silent on reallocating costs to a private party on behalf of the government.

Plaintiff also maintains that the *St. Clair* court did not adopt this doctrine.  But the court expressly held that a "public charge on the county" cannot "be collected . . . . [absent] statutory authority."  355 S.E.2d at 419-20.

## IX.   The Economic Loss Rule Bars Plaintiff's Claim.

Plaintiff's claims are also barred by the economic loss rule, which requires a showing of physical harm or property damage to prevent tort law from swelling into "a liability in an indeterminate amount for an indeterminate time, to an indeterminate class."  Moving Defs.' Br. 15, citing *Aikens v. Dubow*, 541 S.E.2d 576, 581 (W. Va. 2000).  Plaintiff asserts *only* economic losses related to the cost of providing governmental services it has a duty to provide.  Plaintiff does not allege any physical harm or property damage.  *Id.*

Plaintiff again cites trial court decisions to argue that West Virginia has rejected the economic loss rule, Pl. Br. 40, but of course those cannot overcome the binding higher court decision in *Aikens*.  And Plaintiff cannot avoid *Aikens* by arguing that the economic loss rule does not apply where "the defendant had a duty imposed by law."  Pl. Br. 39-40 (citations omitted).  The Moving Defendants do not have any "duty imposed by law."  In fact, the WVCSA and the

---

[4] On July 25, 2018, Plaintiff filed a Notice of Supplemental Authority in five MDL cases including the present case [Doc. 168].  The Notice cites and attaches three state trial court decisions from Kentucky, Alaska, and New York, denying motion to dismiss in opioid case.  Again, for the reasons stated *supra*, these trial court decisions are irrelevant and not binding on this Court.

CSA preclude Plaintiff from pursuing these causes of action, relegating the enforcement of the attendant obligation to the BOP and the DEA, respectively. *See* discussion *supra*, pp. 1-2.

## CONCLUSION

For all the above reasons, all claims against the Moving Defendants should be dismissed with prejudice.

Dated:  July 30, 2018.

Respectfully submitted,

/s/ Ronda L. Harvey
Gerard R. Stowers (WVSB #3633)
Ronda L. Harvey (WVSB 6326)
Fazal A. Shere (WVSB #5433)
BOWLES RICE LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia  25325-1386
Telephone:  (304) 347-1100
Facsimile: (304) 347-1756
gstowers@bowlesrice.com
rharvey@bowlesrice.com
fshere@bowlesrice.com
*Counsel for The Kroger Co.*

/s/ Eric R. Delinsky (consent)
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER
1800 M. Street, NW, Suite 1000
Washington, DC  20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106
Email:  edelinsky@zuckerman.com
Email:  smiller@zuckerman.com
*Attorneys for CVS Indiana, LLC,*
*CVS RX Services, Inc., and*
*CVS Tennessee Distribution, LLC*

/s/ Kaspar Stoffelmayr (consent)
Kaspar Stoffelmayr
BARTLIT BECK HERMAN
   PALENCHART & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
Email:Kaspar.stoffelmayr@bartlit-beck.com
*Attorney for Walgreen Eastern Co. and*
*Walgreen Co.*

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, Illinois  60601
Telephone: (312) 269-4335
Facsimile: (312) 782-8585
Email:  tfumerton@jonesday.com
*Attorneys for Walmart Inc.*

/s/ Kelly A. Moore (consent)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
Telephone: (212) 309-6612
Facsimile:  (212)309-6001
Email:  kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
Telephone:  (215) 963-5917
Facsimile:  (215) 963-5001
Email:  elisa.mcenroe@morganlewis.com
*Attorneys for Rite Aid of Maryland, Inc.*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)</u>

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing

Reply in Support of Motion to Dismiss Complaint by Defendants CVS Indiana, LLC, CVS RX

Services, Inc., CVS Tennessee Distribution, LLC, The Kroger Co., Rite Aid of Maryland, Inc.,

Walgreen Eastern Co., Walgreen Co., and Walmart Inc. is within the pages limitations permitted

by CMO 1 and CMO 4 in this matter, subject to a pending motion for additional pages.

/s/ Ronda L. Harvey
Gerard R. Stowers (WVSB #3633)
Ronda L. Harvey (WVSB # 6326)
Fazal A. Shere (WVSB #5433)
BOWLES RICE LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25326-1386
Telephone:  304-347-1100
Facsimile:  304-347-1756
rharvey@bowlesrice.com
*Counsel for The Kroger Co.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE NATIONAL PRESCRIPTION**
**OPIATE LITIGATION**

**This document relates to:**

*Cabell County Commission v.*                    **MDL No. 2804**
*AmerisourceBergen Drug Corporation,*            **Case No. 17-md-2804**
*et al.*                                          **Judge Dan Aaron Polster**
**Case No. 17-OP-45053-DAP**

**CERTIFICATE OF SERVICE**

I hereby certify that this 30th day of July 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Ronda L. Harvey
Gerard R. Stowers (WVSB #3633)
Ronda L. Harvey (WVSB #6326)
BOWLES RICE LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25326-1386
Telephone:  304-347-1100
Facsimile:  304-347-1756
rharvey@bowlesrice.com
*Counsel for The Kroger Co.*

10316823.1