**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE NATIONAL PRESCRIPTION OPI-
ATE LITIGATION

This document relates to:
*Cabell County Commission v. AmerisourceBer-*
*gen Drug Corporation, et al.*
Case No. 17-op-45053

MDL No. 2804

Case No. 17-md-2804

Hon. Dan Aaron Polster

<u>**REPLY IN SUPPORT OF THE MANUFACTURER DEFENDANTS' JOINT MOTION**</u>
<u>**TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

I.     THE COUNTY LACKS STANDING TO BRING ITS CLAIMS ...................... 1

II.    THE ABSENCE OF CAUSATION IS FATAL TO ALL THE
       COUNTY'S CLAIMS .......................................................................... 2

III.   THE RICO CLAIMS FAIL FOR ADDITIONAL REASONS ........................... 2

       A.     The County Fails to Plead Required Elements ......................................... 2

IV.    THE COUNTY'S STATE LAW CLAIMS ARE PREEMPTED......................... 3

V.     THE ECONOMIC LOSS RULE APPLIES ............................................... 3

VI.    THE COMMON LAW PUBLIC NUISANCE CLAIM FAILS .......................... 4

       A.     The County Fails to Plead Unreasonable Interference with a Public
              Right.............................................................................................. 4

       B.     The County Cannot Seek Damages For Its Public Nuisance Claim. ......... 5

VII.   THE FRAUD CLAIM FAILS .................................................................. 6

VIII.  THE NEGLIGENCE CLAIM FAILS ........................................................ 6

IX.    THE UNJUST ENRICHMENT CLAIM FAILS.......................................... 7

X.     THE CIVIL CONSPIRACY CLAIM FAILS............................................... 7

XI.    THE PUNITIVE DAMAGES "CLAIM" FAILS .......................................... 8

XII.   ALL CLAIMS SHOULD BE DISMISSED, IN PART, AS TIME-
       BARRED ......................................................................................... 8

CONCLUSION.................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aikens v. Debow*,
   541 S.E.2d 576 (W. Va. 2000) ........................................................................... 3, 4

*Arbaugh v. Bd. of Educ.*,
   591 S.E.2d 235 (W. Va. 2003) ................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 8

*Bennett v. Skyline Corp.*,
   52 F. Supp. 3d 796 (N.D. W. Va. 2014) .............................................................. 6, 7

*Bledsoe v. Cmty. Health Sys., Inc.*,
   501 F.3d 493 (6th Cir. 2007) ................................................................................... 3

*Bradley v. Williams*,
   465 S.E.2d 180 (W. Va. 1995) ................................................................................. 9

*Camden Cty. Bd. of Chosen Freeholders v. Beretta U.S.A. Corp.*,
   273 F.3d 536 (3d Cir. 2001) .................................................................................... 5

*Copier Word Processing Supply, Inc. v. WesBanco Bank, Inc.*,
   640 S.E.2d 102 (W. Va. 2006) ................................................................................. 9

*Cordial v. Ernst & Young*,
   483 S.E.2d 248 (W. Va. 1996) ................................................................................. 6

*Delardas v. Morgantown Water Comm'n*,
   137 S.E.2d 426 (W. Va. 1964) ................................................................................. 1

*Eastern Steel Constructors, Inc. v. City of Salem*,
   549 S.E.2d 266 (W. Va. 2001) ................................................................................. 4

*Emp'r Teamsters-Local Nos. 175/505 Health & Welfare Trust Fund v. Bristol Myers Squibb Co.*,
   969 F. Supp. 2d 463 (S.D.W. Va. 2013) .................................................................. 3

*EQT Prod. Co. v. Wender*,
   191 F. Supp. 3d 583 (S.D.W. Va. 2016) .............................................................. 1, 5

*Garnes v. Fleming Landfill, Inc.*,
   413 S.E.2d 897 (W. Va. 1991) ................................................................................. 5

*Glaser v. Enzo Biochem, Inc.*,
   464 F.3d 474 (4th Cir. 2006) ................................................................................... 6

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Good v. W. Va.-Am. Water Co.*,
  2018 WL 2976108 (S.D. W. Va. June 8, 2018)........................................................ 5

*Harrison v. Porsche Cars N. Am., Inc.*,
  2016 WL 1455864 (W. Va. Apr. 12, 2016) .............................................................. 6

*Holmes v. Secs. Inv. Prot. Corp.*,
  503 U.S. 258 (1992)................................................................................................. 2

*Hoover v. Langston Equip. Assoc.*,
  958 F.2d 742 (6th Cir. 1992) ................................................................................... 8

*In re Lead Paint Litig.*,
  924 A.2d 484 (N.J. 2007) ........................................................................................ 5

*J.C. ex rel. Michelle C. Pfizer, Inc.*,
  814 S.E.2d 234 (W. Va. 2018).................................................................................. 2

*Kline v. Mortg. Elec. Sec. Sys.*,
  2015 WL 1442842 (S.D. Ohio Mar. 27, 2015) ........................................................ 8

*Lengyel v. Lint*,
  280 S.E.2d 66 (W. Va. 1981).................................................................................... 6

*Morrisey v. AmerisourceBergen Drug Corp.*,
  2014 WL 12814021 (W. Va. Cir. Ct. Dec. 12, 2014)............................................... 4

*Morrisey v. W. Va. Office of Disciplinary Counsel*,
  764 S.E.2d 769 (W. Va. 2014).................................................................................. 2

*Prudential Ins. Co. of Am. v. Couch*,
  376 S.E.2d 104 (W. Va. 1988).................................................................................. 7

*Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*,
  491 F.3d 522 (6th Cir. 2007) ................................................................................... 6

*Sergent v. City of Charleston*,
  549 S.E.2d 311 (W. Va. 2001).................................................................................. 2

*Sidney Hillman Health Ctr. v. Abbott Labs.*,
  873 F.3d 574 (7th Cir. 2017) ................................................................................... 2

*State v. Aaer Sprayed Insulations*,
  1987 WL 1428107 (W. Va. Cir. Ct. Sept. 4, 1987) ................................................. 6

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Stevens v. MTR Gaming Grp., Inc.*,
   788 S.E.2d 59 (W. Va. 2016) ........................................................................... 6

*Stratton v. Arch Coal, Inc.*,
   2017 WL 2312840 (S.D.W. Va. May 26, 2017) ............................................... 8

*Traders Bank v. Dils*,
   704 S.E.2d 691 (W. Va. 2010) ......................................................................... 6

*Travelers Indem. Co. v. Cephalon, Inc.*,
   620 F. App'x 82 (3d Cir. 2015) ........................................................................ 3

*Witteried v. City of Charles Town*,
   2018 WL 2175820 (W. Va. May 11, 2018) ....................................................... 5

**Statutes**

W. Va. Code § 55-7-30(a) ...................................................................................... 2

W. Va. Code § 7-1-3kk .......................................................................................... 1

**Treatises**

Restatement (Second) of Torts § 821B cmt. g ....................................................... 4

**Constitutional Provisions**

W. Va. Const. art. IX § 11 ..................................................................................... 1

## INTRODUCTION

The County's arguments in its Omnibus Memorandum in Opposition (Dkt. 727) ("Opp.")[1] do not save any of its claims.  All of them fail because the County is the wrong party to bring such claims—only the Attorney General may do so—and because the causal chain between the alleged wrongs and harm to the County is simply too indirect and remote.  The individual counts fail for additional count-specific reasons, for the same reasons stated in the *Summit* Reply (Dkt. 746) and for the additional reasons below.

## ARGUMENT

## I.  THE COUNTY LACKS STANDING TO BRING ITS CLAIMS

The County does not dispute that its claims regard statewide matters, that the State is pursuing its own related claims, and that the County's limited powers are subordinate to the State's. Opp. 32-35; *see also Summit* Reply 3-5. Instead, it argues that the West Virginia Constitution and a statute allow it to litigate a statewide issue. Opp. 32-33. But the relevant constitutional provision grants counties limited power only over certain "internal" affairs. W. Va. Const. art. IX, § 11. And the statute is limited to the abatement of a "public nuisance" within the County's geographic limits, W. Va. Code § 7-1-3kk, and yields to matters of statewide concern. *EQT Prod. Co. v. Wender*, 191 F. Supp. 3d 583, 598-99 (S.D.W. Va. 2016) (matter of statewide concern had "left no room for local control," thus preempting ordinance passed under § 7-1-3kk). Contrary to the County's assertion, its suit *is* "in conflict with state law and policy" (Opp. 35) because the Attorney General has already brought litigation on the same issues, creating a risk of inconsistent positions and rulings. *See* JM 2 n.7; *Delardas v. Morgantown Water Comm'n*, 137 S.E.2d 426, 433 (W. Va. 1964);

---

[1] Unless otherwise noted, capitalized terms and acronyms are defined in the Memorandum in Support of the Manufacturer Defendants' Joint Motion to Dismiss (Dkt. 594-1) ("JM"), emphasis in quotations is added, and internal citations, quotation marks, and alterations are omitted.

*see also Summit* Reply 3-5; *Morrisey v. W. Va. Office of Disciplinary Counsel*, 764 S.E.2d 769, 785, 789 (W. Va. 2014) (only the Attorney General may litigate a statewide nuisance).

## II.  THE ABSENCE OF CAUSATION IS FATAL TO ALL THE COUNTY'S CLAIMS

The County's proposed causal chain is too attenuated to establish a "direct relation" between its asserted harm and the alleged conduct. *Holmes v. Secs. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). The County argues that the learned intermediary doctrine applies only to conduct occurring after 2016 simply because that was when the doctrine was codified by W. Va. Code § 55-7-30. Opp. 9. But nothing in the statute purports to limit its applicability to conduct after 2016. *See* W. Va. Code § 55-7-30(a). The County's cited authority on retroactivity discusses the statute's inapplicability to ***cases filed*** before the statute's enactment, not to ***conduct occurring*** before that date. *J.C. ex rel. Michelle C. Pfizer, Inc.*, 814 S.E.2d 234, 238 n.9 (W. Va. 2018).[2] The County also argues that the many intervening third-party criminal acts of diversion and abuse were foreseeable. Opp. 10-11.[3] The argument ignores both the Supreme Court's holding that "foreseeability alone is not sufficient" under *Holmes*, and the many distinctions between this case and the RICO authority on which the County relies. *Summit* Reply 9-10, 29 n.25.

## III.  THE RICO CLAIMS FAIL FOR ADDITIONAL REASONS

### A.  The County Fails to Plead Required Elements

The County's "RICO allegations echo *Summit*'s," JM 3, as do most of its responses, so the

---

[2] Moreover, the doctrine's underlying rationale—accepted by the West Virginia legislature when enacting W. Va. Code § 55-7-30—applies equally to RICO claims; as the Seventh Circuit has held, "improper representations made to physicians do not support a RICO claim" because there are "so many layers, and so many independent decisions between promotion and payment." *Sidney Hillman Health Ctr. v. Abbott Labs.*, 873 F.3d 574, 578 (7th Cir. 2017); *see Summit* MTD 15.

[3] The County's purported authorities regarding "foreseeability" (Opp. 10), involve plaintiffs injured directly by defendant conduct, not derivative harms. *See, e.g., Sergent v. City of Charleston*, 549 S.E.2d 311, 313 (W. Va. 2001) (claim against police by bicyclist struck by suspect in hot pursuit).

Manufacturer Defendants incorporate their *Summit* Reply 6-11, 14-24. Further, unlike in *Summit* or *Chicago*, the County does not allege that it interviewed even one Cabell County prescriber before filing suit, *see* JM 4, indeed; it still cannot identify any alleged misrepresentations or omissions to any Cabell prescribers or patients. The County suggests that there is "no authority requiring Plaintiff to connect any misrepresentations directly to a prescription, prescriber, or patient in Cabell County." Opp. 12. Not so. Courts have dismissed false marketing claims against pharmaceutical manufacturers for precisely that reason. *See, e.g.*, *Emp'r Teamsters-Local Nos. 175/505 Health & Welfare Trust Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 2d 463, 572-75 (S.D.W. Va. 2013) (allegations insufficient which did not provide "who received these misrepresentations" or "how the misrepresentations influenced doctors"); *Cleveland Bakers* Mfrs.' MTD (Dkt. 777-1) at 6-7 n.3 (collecting cases). This Court should do the same.[4]

## IV.    THE COUNTY'S STATE LAW CLAIMS ARE PREEMPTED

The County relies on its preemption arguments in *Summit*; as in *Summit*, its arguments fail. *Summit* Reply 11-13. Further, by incorporating *Summit*, the County acknowledges that several of its claims are preempted by federal law. *See Summit* Reply 11-13; *Summit* Opp. 116-19.

## V.    THE ECONOMIC LOSS RULE APPLIES

The economic loss rule bars the County's negligence and public nuisance claims. The County seeks to avoid this rule (Opp. 39-40) based on one sentence from *Aikens v. Debow*, 541 S.E.2d 576 (W. Va. 2000)—a case holding that economic damages were ***unavailable*** to a putative

---

[4] The County argues that Rule 9(b) is relaxed because information "is obviously within the Manufacturer Defendants' knowledge." But the Manufacturer Defendants "did not have exclusive control over significant information" given the third parties involved. *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 n.4 (3d Cir. 2015). Regardless, the County must still "set forth the factual basis for [its] belief," which it has failed to do, despite having years to investigate and bring this lawsuit. *Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 512 (6th Cir. 2007).

tort plaintiff, and establishing that such damages are available *only when an adequate* "*barrier against limitless liability*" can be identified. *Id.* at 590. The County's citation merely describes the continuing viability of abatement for property nuisances and does not swallow the general rule set forth in *Aikens*. *Id.*; *see also* JM 5 n.13.[5] The only other West Virginia case the County cites on this point, *Morrisey v. AmerisourceBergen Drug Corp.*, misstates the holding of *Aikens* and, as an unpublished trial court order involving only prescription drug distributors, is non-binding and inapplicable to the Manufacturer Defendants. 2014 WL 12814021 (W. Va. Cir. Ct. Dec. 12, 2014).

## VI.    THE COMMON LAW PUBLIC NUISANCE CLAIM FAILS

### A.    The County Fails to Plead Unreasonable Interference with a Public Right

*No public right.* The County argues its claims involve general public health. Opp. 2-4. But a public right must be "collective in nature." Restatement (Second) of Torts § 821B cmt. g. That many individuals may suffer from opioid addiction does not make that collection of individual issues "collective in nature." *Id.*; *see also Summit* MTD 15-16, 43-44; *Summit* Reply 27-28.

The County's effort to distinguish the Manufacturer Defendants' West Virginia authorities (Opp. 3-4) just concedes their key holdings—that "an interference with public rights" is required (*id.* at 2), and is "not simply a matter of counting the number of people affected" (*id.* at 3). *See also id.* at 4 (admitting "examples of interferences previously held to constitute nuisances" are nothing like the alleged interference here). The County cites no authority for its remarkable position that both fraud and failure to report a suspicious order are interference with a "public" right.

---

[5] *See, e.g.*, *Eastern Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 272 (W. Va. 2001) (*Aikens* "established the existence of a well settled general rule against permitting recovery in negligence for purely economic damages"). Further, the "collective" harm necessary to a public nuisance claim is incompatible with the "special and narrowly defined relationship" necessary to pursue economic damages under *Aikens*. *Id.*

*No unreasonable interference.* Admitting that lawful conduct cannot constitute an unreasonable interference (Opp. 5), the County instead alleges that "Defendants" violated federal and West Virginia law. *Id.* But the County's diversion theory rests on the erroneous contention that the Manufacturer Defendants had an obligation to monitor distributors' *downstream* sales for suspicious orders. *See* Summit MTD 32. The two West Virginia trial court decisions cited by the County (Opp. 5 & n.8) rest on allegations that distributors failed to report suspicious orders from their *own* customers. Opp. Ex. 1, ¶ 9. The County's effort to distinguish *Camden Cty. Bd. of Chosen Freeholders v. Beretta U.S.A. Corp.*, 273 F.3d 536 (3d Cir. 2001) (Opp. 4 n.5) thus fails.

**B.     The County Cannot Seek Damages For Its Public Nuisance Claim.**

The County's sole source of authority for its public nuisance claim is West Virginia Code § 7-1-3kk (Opp. 6), which authorizes *only* the elimination or abatement of a public nuisance—not restitution, disgorgement of profits, compensatory damages, or punitive damages for past conduct. *See EQT Prod.*, 191 F. Supp. 3d at 595. The County contends that West Virginia law recognizes "broad remedies in abatement," but none of its cases interprets § 7-1-3kk to authorize far-reaching economic damages. Opp. 6-7; 2AC ¶ 929. While the court in *Witteried v. City of Charles Town* allowed the city to abate a nuisance and charge the costs to the landowner—under a statute that granted the right to seek that relief, 2018 WL 2175820, at *7-8 (W. Va. May 11, 2018)—§ 7-3-1-kk grants no such authority.[6] The County also wrongly claims that § 7-1-3kk authorizes "restitution damages." Opp. 7-8. The statute is limited to forward-looking relief to "eliminat[e]" or "abate" *ongoing* "hazards"; it does not contemplate prior expenditures. The County's only West Virginia

---

[6] The County's other cases are equally inapposite. *See, e.g., Good v. W. Va.-Am. Water Co.*, 2018 WL 2976108, at *3 (S.D. W. Va. June 8, 2018) (private action; no discussion of § 7-3-1-kk); *In re Lead Paint Litig.*, 924 A.2d 484, 502 (N.J. 2007) (not applying § 7-3-1-kk); *Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 897, 900 (W. Va. 1991) (private nuisance action).

case regarding restitution damages, *State v. Aaer Sprayed Insulations*, 1987 WL 1428107 (W. Va. Cir. Ct. Sept. 4, 1987), predates § 7-1-3kk and concerns the state rather than county commissions.

## VII.    THE FRAUD CLAIM FAILS

The County has not stated a claim for fraud because it alleges only misrepresentations to third parties.[7] JM 10. To state a fraud claim, the "***complaining party*** must [] have relied upon the representations claimed to be false." *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981). The County's cases (Opp. 25) underscore the fatal absence of reliance allegations in this case. Both *Traders Bank v. Dils*, 704 S.E.2d 691, 697 (W. Va. 2010), and *Cordial v. Ernst & Young*, 483 S.E.2d 248 (W. Va. 1996), involved specific allegations or findings of reliance.[8]

## VIII.    THE NEGLIGENCE CLAIM FAILS

Unable to plead any duty the Manufacturer Defendants owed ***to the County***, *see* JM 9, the County argues that "a duty running to a third party can give rise to liability." Opp. 16. But, even in the case cited by the County most analogous to the instant matter, the West Virginia Supreme Court held that "[n]o duty of care under West Virginia law exists on the part of manufacturers of video lottery terminals . . . to protect users from compulsively gambling." *Stevens v. MTR Gaming Grp., Inc.*, 788 S.E.2d 59, 60 (W. Va. 2016); Opp. 14-15. The County also argues that statutes establish a standard of care (Opp. 18-19), but does not articulate how any statute creates a standard

---

[7] Contrary to the County's argument (Opp. 24), reliance and fraud can be decided on a Rule 12(b)(6) motion. *See, e.g.*, *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 523 (6th Cir. 2007) (affirming dismissal of common law fraud claim); *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474 (4th Cir. 2006) (same); *Harrison v. Porsche Cars N. Am., Inc.*, 2016 WL 1455864, at *4 n.5 (W. Va. Apr. 12, 2016) (same); *Bennett v. Skyline Corp.*, 52 F. Supp. 3d 796 (N.D. W. Va. 2014) (same).

[8] The County also argues that it alleges direct reliance. *See* Opp. 24 n.29. In support, it cites just two paragraphs from the 2AC, both of which contain only conclusory allegations, without identifying a single alleged statement or omission made by a Manufacturer Defendant to the County.

of care for the Manufacturer Defendants. Further, even if it could do so, the County has not identified an implied private cause of action under any such statute. *Arbaugh v. Bd. of Educ.*, 591 S.E.2d 235, 238-39 (W. Va. 2003). Thus, the County's negligence claim fails.

## IX. THE UNJUST ENRICHMENT CLAIM FAILS

The unjust enrichment claim fails for the same reasons as in *Summit*. *Summit* MTD 51; *Summit* Reply 33-34. An unjust enrichment plaintiff must directly confer a benefit on a defendant to recover. *Prudential Ins. Co. of Am. v. Couch*, 376 S.E.2d 104, 108 (W. Va. 1988). The County fails to plausibly allege that it directly conferred a benefit on the Manufacturer Defendants (2AC ¶¶ 994-100), so it argues instead that a direct transaction is unnecessary, citing cases that either **concern a direct relationship** or otherwise do not stand for what the County implies. Opp. 26-28.

The County also invokes "negative externalities" in an attempt to avoid the direct economic transaction requirement, arguing that the Manufacturer Defendants have not yet paid the true "costs" of doing business—namely, the County's alleged damages. *Id.* This puts damages before liability. Not only does the County fail to cite any West Virginia authority endorsing such theory,[9] it fails to adequately allege it. *See* Opp. 26-28; 2AC ¶¶ 999, 1002; *Summit* Reply 33-34.

## X. THE CIVIL CONSPIRACY CLAIM FAILS

The County concedes a civil conspiracy claim requires an underlying tort or harm. Opp. 29. It has not adequately alleged any underlying claim, so its conspiracy claim fails. *Bennett*, 52 F. Supp. 3d at 814. Moreover, the County has not pleaded the existence of **any** agreement between **any** of the defendants, relying instead on conclusory and speculative allegations that Defendants must have "worked together" simply because they "participat[ed] in trade associations" and did

---

[9] The County cites *Prudential* as authorizing unjust enrichment claims where a defendant is "saved expense or loss." Opp. 26. The citation concerns a defendant's retention of insurance benefits—not the nonpayment of a hypothetical "saved expense or loss." Opp. 26.

not monitor one another's diverted orders. Opp. 31. These are paradigmatic examples of "parallel conduct that could just as well be independent action" by competitors in a highly competitive industry, and thus insufficient as a matter of law to plead a conspiracy. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Stratton v. Arch Coal, Inc.*, 2017 WL 2312840, at *4 (S.D.W. Va. May 26, 2017); *see also* JM 11-12; *Summit* Reply 34-35.

## XI.  THE PUNITIVE DAMAGES "CLAIM" FAILS

The County agrees "a punitive damages claim is not a separate cause of action," but insists dismissal would "serv[e] no purpose." Opp. 48. Not so. Retaining the "claim" would go against "a common goal of the Court and the parties: to diminish the complexity of this litigation." *Kline v. Mortg. Elec. Sec. Sys.*, 2015 WL 1442842, at *7 (S.D. Ohio Mar. 27, 2015).[10]

## XII.  ALL CLAIMS SHOULD BE DISMISSED, IN PART, AS TIME-BARRED

The Court may dismiss the County's claims in part as time-barred.[11] *See Summit* Reply 30, 36 & n.40. The County does not question that it relies on alleged conduct committed outside the limitations periods, JM 12-14,[12] but instead invokes various exceptions. *See* Opp. 40-41. None applies. The discovery rule does not apply because the County was on notice of its claims—including the "identity of the manufacturers . . . who engaged in commerce," Opp. 42—before 2013. *See, e.g.*, 2AC ¶¶ 36, 116 n.17, 124 n.24, 159, 166, 238, 248, 265, 281, 395-411. Fraudulent concealment and equitable estoppel do not apply because the County does not allege the Manufacturer

---

[10] Contrary to the County's assertion (Opp. 48), the Manufacturer Defendants also challenge its entitlement to punitive damages on its other claims.

[11] Courts routinely consider whether claims are time-barred on a Rule 12(b)(6) motion. *See, e.g.*, *Hoover v. Langston Equip. Assoc.*, 958 F.2d 742, 745 (6th Cir. 1992); *Summit* Reply 36 & n.40. The County cites no contrary authority. Opp. 40-41.

[12] Nuisance claims are not exempt from statutes of limitations. The County's cases hold that a public nuisance is abated only in the context of the continuing violation doctrine, which does not apply here. *See infra* p. 9.

Defendants kept it from filing suit sooner (*id.* ¶¶ 721-29). *See Summit* MTD 55-56; *Summit* Reply 36-37; *see also, e.g.*, *Bradley v. Williams*, 465 S.E.2d 180, 185 (W. Va. 1995).

The continuing violation doctrine also does not apply because it is available only for "continuing" claims that "are identical [and] occur repeatedly." *Copier Word Processing Supply, Inc. v. WesBanco Bank, Inc.*, 640 S.E.2d 102, 108 (W. Va. 2006). Representative "examples" (Opp. 44) and vague allegations of damages (*id.*) do not convert discrete acts into a continuing violation. *See Summit* Reply 37-38; *Copier*, 640 S.E.2d at 108.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the 2AC with prejudice.

Dated: July 30, 2018                    Respectfully submitted,


                                        /s/ Charles C. Lifland

                                        Charles C. Lifland
                                        Sabrina H. Strong
                                        O'MELVENY & MYERS LLP
                                        400 S. Hope Street
                                        Los Angeles, CA 90071
                                        Telephone: (213) 430-6000
                                        Facsimile: (213) 430-6407
                                        clifland@omm.com
                                        sstrong@omm.com

                                        Daniel M. Petrocelli
                                        O'MELVENY & MYERS LLP
                                        1999 Avenue of the Stars
                                        8th Floor
                                        Los Angeles, CA 90067
                                        Telephone: (310) 553-6700
                                        Facsimile: (310) 246-6779
                                        dpetrocelli@omm.com

                                        *Attorneys for Defendants Janssen*
                                        *Pharmaceuticals, Inc., Johnson &*
                                        *Johnson, Janssen Pharmaceutica, Inc.*
                                        *n/k/a Janssen Pharmaceuticals, Inc., and*
                                        *Ortho-McNeil-Janssen Pharmaceuticals,*
                                        *Inc. n/k/a Janssen Pharmaceuticals, Inc.*


                                        /s/ Mark. S. Cheffo (consent)

                                        Mark S. Cheffo
                                        Sheila L. Birnbaum
                                        Hayden A. Coleman
                                        DECHERT LLP
                                        Three Bryant Park
                                        1095 Avenue of the Americas
                                        New York, NY 10036
                                        Telephone: (212) 698-3500
                                        Mark.Cheffo@dechert.com
                                        Sheila.Birnbaum@dechert.com

10

Hayden.Coleman@dechert.com

*Counsel for Defendants Purdue Pharma L.P.,*
*Purdue Pharma Inc., and The Purdue Frederick*
*Company*


/s/ Jonathan L. Stern (consent)

Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Phone: 202-942-5000
Fax: 202-942-5999
Email: jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Phone: 213-243-4000
Fax: 213-243-4199
Email: sean.morris@arnoldporter.com

*Attorneys for Endo Health Solutions Inc. and*
*Endo Pharmaceuticals Inc.*

*Attorneys for Par Pharmaceutical, Inc., and Par*
*Pharmaceutical Companies, Inc. f/k/a Par Phar-*
*maceutical Holdings, Inc. (and n/k/a Endo Ge-*
*nerics Holding) (not yet served or appearing)*


/s/ Steven A. Reed (consent)

Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
T: 215.963.5603
F: 215.963.5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com

11

rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
(305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, U.S.A.,
Inc., Cephalon, Inc., Watson Laboratories, Inc.,
Actavis LLC, and Actavis Pharma, Inc.*


/s/ Donna M. Welch (consent)

Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com

*Counsel for Allergan Finance, LLC f/k/a Actavis,
Inc. f/k/a Watson Pharmaceuticals, Inc.*


/s/ Eric H. Zagrans (consent)

Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
Telephone: 216.771.1000
Facsimile: 866.261.2008
eric@zagrans.com

J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Facsimile: 503.241.8014
matt.donohue@hklaw.com

12

joe.franco@hklaw.com

Nicholas A. Sarokhanian
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Telephone: 214.964.9500
Facsimile: 214.964.9501
nicholas.sarokhanian@hklaw.com

*Counsel for Insys Therapeutics, Inc.*

/s/ Brien T. O'Connor (consent)

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendant Mallinckrodt LLC*

/s/ Daniel G. Jarcho (consent)

Daniel G. Jarcho*
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
daniel.jarcho@alston.com

Cari K. Dawson*
Georgia Bar No. 213490
Jenny A. Mendelsohn*
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309

13

Tel.: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.mendelsohn@alston.com

*Attorneys for Noramco, Inc.*

*\* denotes national counsel who will seek pro hac vice admission*

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this case has been assigned to the "litigation track" pursuant to CMO One and that this reply brief adheres to the page limitations set forth in CMO Four at 3.

Dated: July 30, 2018                /s/ Charles C. Lifland

Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, a copy of the foregoing **Reply in Support of the Manufacturer Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: July 30, 2018

/s/ Charles C. Lifland

Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

1