# EXHIBIT E

MINUTES, 12th day of June, 2018

# IN THE CIRCUIT COURT FOR SULLIVAN COUNTY
## AT KINGSPORT, TENNESSEE

| | |
|---|---|
| BARRY STAUBUS, in his official capacity as the District Attorney General for the Second Judicial District and on behalf of all political subdivisions therein, including SULLIVAN COUNTY, CITY OF BLUFF, CITY OF BRISTOL, CITY OF KINGSPORT; TONY CLARK, in his official capacity as the District Attorney General for the First Judicial District and on behalf of all political subdivisions therein, including CARTER COUNTY, CITY OF ELIZABETHTON, CITY OF WATAUGA, JOHNSON COUNTY, CITY OF MOUNTAIN CITY, UNICOI COUNTY, TOWN OF UNICOI, TOWN OF ERWIN, WASHINGTON COUNTY, CITY OF JOHNSON CITY, TOWN OF JONESBOROUGH; DAN ARMSTRONG, in his official capacity as the District Attorney General for the Third Judicial District and on behalf of all politic al subdivisions therein, including GREENE COUNTY, CITY OF TUSCULUM, TOWN OF BAILEYTON, TOWN OF GREENVILLE, TOWN OF MOSHEIM, HAMBLEN COUNTY, CITY OF MORRISTOWN, HANCOCK COUNTY, TOWN OF SNEEDVILLE; HAWKINS COUNTY; CITY OF CHURCH HILL; TOWN OF BULLS GAP; TOWN OF MOUNT CARMEL, TOWN OF ROGERSVILLE, TOWN OF SURGOINSVILLE; and BABY DOE, by and through his Guardian Ad Litem, <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA, L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY; MALLINCKRODT LLC; ENDO HEALTH SOLUTIONS, INC; ENDO PHARMACEUTICALS, INC; ELIZABETH ANN BOWERS CAMPBELL; PAMELA MOORE; and ABDELRAHMAN HASSABU MOHAMED, <br><br> Defendants. | JURY DEMAND <br> Case No. C-41916 <br> Division C <br><br>  <br> FILED <br> 6-12-18  10:40 am <br> Tommy R. Kerns <br> CIRCUIT COURT CLERK <br> SULLIVAN CO., TN |

## ORDER ON MOTIONS TO DISMISS AND/OR STRIKE

This Order concerns motions to dismiss and/or strike filed by certain defendants. The Court heard oral argument on May 8, 2018. The Court ruled from the bench at the May 8, 2018 on these motions. For the reasons stated by the Court at the May 8, 2018 hearing, and for the reasons set forth herein, the Court hereby finds as follows:

### **PROCEDURAL HISTORY**

On February 15, 2018, Plaintiffs filed a Second Amended Complaint ("SAC"), which asserted four counts: (1) claims under the Drug Dealer Liability Act asserted by Baby Doe (Count I), (2) claims under the Drug Dealer Liability Act asserted by three District Attorneys General (the "DAG Plaintiffs") (Count II), (3) common law nuisance claims (Count III), and (4) statutory nuisance claims. The SAC also asserted a constitutional challenge to the damages caps set forth in the Tennessee Civil Justice Act.

On March 23, 2018, the following motions were docketed: (1) a Motion to Dismiss Plaintiffs' Second Amended Complaint and Motion to Strike by Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and the Purdue Frederick Company (collectively, "Purdue"); (2) a Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendant Mallinckrodt LLC ("Mallinckrodt"); (3) a Motion to Dismiss and Strike Second Amended Complaint filed by Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); and (4) Manufacturer Defendants' Motion to Dismiss Second Amended Complaint, filed jointly by Defendants Purdue, Mallinckrodt, and Endo (collectively, the "Manufacturer Defendants"). Pursuant to an Agreed Scheduling Order filed on March 5, 2018, Plaintiffs filed Responses in

2

Opposition to each of these motions on April 20, 2018, and Endo, Mallinckrodt, Purdue, and the Manufacturer Defendants filed Replies on May 1, 2018.

On January 25, 2018, defendant Abdelrahman Hassabu Mohamed ("Mohamed") filed a Motion to Dismiss relative to the First Amended Complaint, to which Plaintiffs filed a Response in Opposition on April 20, 2018. On April 27, 2018, Mohamed filed a subsequent Motion to Dismiss the Second Amended Complaint, to which Plaintiffs filed a Response in Opposition on May 3, 2018.[1] The Motion to Dismiss included, *inter alia*, a constitutional challenge to the DDLA.

On April 5, 2018, Plaintiffs filed a Notice of Voluntary Nonsuit of the statutory nuisance claims, which were dismissed without prejudice. On April 13, 2018, Plaintiffs filed an additional Notice of Voluntary Dismissal, pursuant to which the following claims were voluntarily dismissed without prejudice: (1) any DDLA claims by the DAG Plaintiffs on behalf of the State of Tennessee; (2) the common law nuisance claims; and (3) the DAG Plaintiffs' challenge to the constitutionality of the punitive damages caps.

On May 3, 2018, the Tennessee Attorney General's Office sent a letter to the Court indicating that it had received notice of Mohamed's constitutional challenge to the DDLA on April 27, 2018, that it had contacted counsel for Mohamed and the Plaintiffs to inform them that the notice did not provide sufficient time for the State to determine, before the May 8, 2018 hearing, whether the State's interests required intervention, and that these parties therefore agreed that the constitutionality question was not ready to be heard at the May 8, 2018 hearing.

---

[1] Mohamed was not a party to the Agreed Scheduling Order filed on March 5, 2018. Plaintiffs' April 20, 2018 brief responded to arguments that Mohamed subsequently re-asserted in his April 27, 2018 Motion to Dismiss. Plaintiffs' May 3, 2018 brief incorporated by reference Plaintiffs' April 20, 2018 Response brief.

On May 8, 2018, the Court held a hearing on the motions filed by Purdue, Endo, Mallinckrodt, the Manufacturer Defendants, and Mohamed. At the hearing, the parties agreed that: (1) in light of the Tennessee Attorney General's request for additional time to review the matter, Mohamed's argument concerning the constitutionality of the DDLA was not ready for determination at the hearing; and (2) Baby Doe's request for a declaratory judgment concerning the constitutionality of the Tennessee Civil Justice Act's damages caps was premature and not ripe for determination until after a judgment.

## **LEGAL STANDARD**

Tennessee follows the liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the other party and to the court. Under Rule 8, a complaint need not contain detailed allegations of all the facts giving rise to the claim, but it must contain sufficient factual allegations to state a claim for relief. A plaintiff must make only (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief and, (2) a demand for judgment for the relief that plaintiff seeks. By filing a motion to dismiss, the defendants admit the truth of all the relevant material allegations contained in the complaint for purposes of the motion to dismiss, but assert that the allegations stated fail to establish a cause of action. Therefore, the Court must construe the complaint liberally, presuming all factual allegations to be true and giving plaintiffs the benefit of all reasonable inferences. Allegations must not be analyzed in isolation, but read in the context of the entire complaint. A court should grant a motion to dismiss only when it appears that the plaintiff can provide no set of facts in support of the claim that would entitle the plaintiff to relief.

4

## FINDINGS

**I.     Manufacturer Defendants' Joint Motion**

(1)     With respect to the argument that the DAG Plaintiffs lack standing, the motion is **DENIED**.

(2)     With respect to the argument that Plaintiffs fail to state a claim under the DDLA, the motion is **DENIED**.

(3)     With respect to the argument that Plaintiffs fail to plead causation, the motion is **DENIED**.

(4)     With respect to the argument that Plaintiffs' claims based on conduct outside the statute of limitations should be dismissed, the Courts finds that the statute of limitations is set two years before the date of the filing of the Complaint, or June 13, 2015. To that extent, the Motion is **GRANTED**. However, the Court does not rule at this time on any particular issue with regard to the statute of limitations.

**II.     Endo's Motion**

(1)     With respect to the argument that the Court should strike the SAC's references to the settlement between Endo and the New York Attorney General, the Court takes that argument **UNDER ADVISEMENT**. It may be that, as the case continues, the Court may allow part or none of that agreement depending on the progress of the case.

(2)     With respect to the argument that the SAC does not allege any conduct for which Endo can be held liable, the motion is **DENIED**.

(3)     With respect to the argument that the SAC does not plausibly or with requisite specificity connect Endo to any cognizable harm, the motion is **DENIED**.

5

### III. Mallinckrodt's Motion

(1) With respect to the argument that Plaintiffs' undifferentiated allegations as to all defendants fail to state a claim against Mallinckrodt, the motion is **DENIED**.

(2) With respect to the argument that Plaintiffs' allegations concerning third-party funding do not state a claim against Mallinckrodt, the motion is **DENIED**.

(3) With respect to the argument that Plaintiffs' allegations regarding Mallinckrodt's manufacture and sale of legal FDA-approved medications do not state a claim against Mallinckrodt, the motion is **DENIED**.

(4) With respect to the argument that Plaintiffs fail to meet the pleading requirements of Rule 8 and 9.02, the motion is **DENIED**.

### IV. Purdue's Motion

(1) With respect to the argument that Plaintiffs fail to plead alleged fraud with particularity, the motion is **DENIED**.

(2) With respect to the argument that Plaintiffs failed to adequately plead causation, the motion is **DENIED**.

(3) With respect to the argument that Plaintiffs fail to state a claim under the DDLA, the motion is **DENIED**.

(4) With respect to the argument that Plaintiffs' claims should be dismissed in part as time barred, the motion is **DENIED**, subject to the Court's previously stated ruling that the statute of limitations is two years back from the date that the initial Complaint was filed.

(5) With respect to the argument that references to a 2007 complaint by, and resulting settlement agreement with, the Tennessee Attorney General should be stricken, the Court takes

6

that matter **UNDER ADVISEMENT** for the same reasons previously stated relative to Endo's settlement with the New York Attorney General, because the Court might at a later time admit part or none of the settlement depending on how the case develops.

## V. Mohamed's Motion

(1) With respect to the argument that this action is controlled by the Tennessee Healthcare Liability Act, the motion is **DENIED**.

(2) With respect to the argument that the cause of action under the DDLA should be dismissed for being filed beyond the statute of limitations, the motion is **DENIED**.

(3) With respect to the argument that the DAG Plaintiffs lack standing, the motion is **DENIED**.

(4) With respect to the argument that Plaintiffs' claims against Mohamed are barred by the intervening acts/omissions of third parties that are not parties to the civil action, the motion is **DENIED**.

(5) With respect to the argument that Plaintiffs have failed to allege facts that Mohamed participated in the illegal distribution of any medications consumed by Mary Doe, Baby Doe's mother, or the illegal distribution in any of the districts of the DAG Plaintiffs, the motion is **DENIED**.

(6) With respect to the argument that the DAG Plaintiffs failed to established facts to support their standing pursuant to the DDLA as they failed to allege that any of the funds expended by the governmental entities that they represent were spent for the treatment of individual drug users within their districts, the motion is **DENIED**.

(7) With respect to the argument that the Court does not have jurisdiction over

7

Mohamed because the matter was filed in an improper venue, the motion is **DENIED**.

(8) With respect to the argument that Plaintiffs have failed to include indispensable parties, the motion is **DENIED**.

(9) With respect to the argument concerning the Americans with Disabilities Act, the motion is **DENIED**.

(10) With respect to the argument in Mohamed's Reply brief that Plaintiffs lacked leave to file a Second Amended Complaint, the motion is **DENIED**.

(11) With respect to the argument that Plaintiffs' theory of causation under the DDLA as to Mohamed is unconstitutional, the Court **RESERVES** judgment because the issue is not yet ripe for determination.[2]

## VI. Conclusion

For the reasons set herein and for the reasons set forth on the record at the May 8, 2018 hearing, and except as specifically noted above, the motions to dismiss and/or strike filed by Purdue, Endo, Mallinckrodt, the Manufacturer Defendants, and Mohamed are hereby **DENIED**, and Plaintiffs' remaining claims under the DDLA are allowed to proceed.

IT IS SO ORDERED on the _____ day of _____, 2018.

_____
CIRCUIT COURT JUDGE

---

[2] After rendering its rulings concerning the pending motions, the Court asked the parties whether the Court had overlooked any grounds that needed a specific ruling. Counsel for the moving defendants did not identify any additional matters that required a ruling.

8

PREPARED FOR AND APPROVED FOR ENTRY:

*[signature]*

James G. Stranch, III (BPR 2542)
J. Gerard Stranch, IV (BPR 23045)
Tricia A. Herzfeld (BPR 26014)
Benjamin A. Gastel (BPR 28699)
Branstetter Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Ste. 200
Nashville, TN 37203
615-254-8801
615-736-7189 fax
jims@bsjfirm.com
gerards@bsjfirm.com
triciah@bsjfirm.com
beng@bsjfirm.com

William Killian, Of Counsel
Leitner, Williams, Dooley & Napolitan, PLLC
200 W. ML King Blvd, Suite 500
Tallan Building
Chattanooga, TN 37402
(423) 424-3901
(423) 308-0901 fax
Bill.killian@leitnerfirm.com

HAGOOD MOODY HODGE PLC
L. Jeffrey Hagood (BPR # 012419)
Bradley H. Hodge (BPR #013829)
Timothy A. Housholder (BPR # 020792)
900 S. Gay Street, Suite 2100
Knoxville, TN 37902
Tel.: 865-525-7313
Fax: 865-525-0858

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Proposed Order on Motions to Dismiss and/or Strike was served by email and/or U.S. Mail on the 30th day of May, 2018 as follows:

*Attorneys for the Tennessee Attorney General:*

Tennessee Attorney General's Office
Herbert H. Slatery III
Leslie Anne Bridges
Katherine M. Dix
Steve Hart
P.O. Box 20207
Nashville, TN 37207
Leslie.Bridges@ag.tn.gov
Katherine.Dix@ag.tn.gov
Steve.hart@ag.tn.gov

*Attorneys for Purdue Defendants:*

NEAL & HARWELL, PLC
Aubrey B. Harwell, Jr. (BPR # 2559)
James G. Thomas (BPR # 7028)
Mariam A. Stockton (BPR #29750)
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street
Nashville, TN 37213
(615) 244-1713
aharwell@nealharwell.com
jthomas@nealharwell.com
mstockton@nealharwell.com
jharbison@nealharwell.com

QUINN EMANUEL URQUHART & SULLIVAN
Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
51 Madison Avenue
New York, NY 10010
(212) 849-7000
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

10

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Patrick Fitzgerald
R. Ryan Stoll
4 Times Square
New York, NY 10036

*Attorneys for Endo Defendants:*

BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
Ronald S. Range, Jr. (BPR # 013928)
P.O. Box 3038
100 Med Tech Parkway, Suite 2000
Johnson City, TN 37602
(423) 975-7602
rrange@bakerdonelson.com

ARNOLD & PORTER KAYE SCHOLER LLP
Ingo W. Sprie, Jr.*
250 West 55th Street
New York, NY 10019
(212) 836-8000
ingo.sprie@apks.com

Sean Morris
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
sean.morris@apks.com

*Elizabeth Ann Bowers Campbell, pro se*
1390 Milligan Highway
Johnson City, TN 37601

*Attorneys for Pamela Moore:*

LAW OFFICE OF JEFFERSON B. FAIRCHILD
Jefferson B. Fairchild
PO Box 7
Rogersville, TN 37857
(423) 272-2142
jfairchild@jfairchildlaw.com

11

*Attorneys for Mallinckrodt:*

BASS, BERRY, & SIMS PLC
Jessalyn H. Zeigler (TN Bar No. 016139)
Sarah B. Miller (TN Bar No. 033441)
150 Third Avenue South Suite 2800
Nashville, TN 37201 (615) 742-6289
JZeigler@bassberry.com

ROPES & GRAY LLP
Brien T. O'Connor (admitted pro hac)
Andrew J. O'Connor (admitted pro hac)
Prudential Tower, 800 Boylston Street
Boston, MA 02199
(617) 235 4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Abdelrahman Hassabu Mohamed:*

Herndon, Coleman, Brading & McKee
Charles T. Herndon, IV (BPR No. 1366)
Elizabeth M. Hutton (BPR No. 026390)
K. Justin Hutton (BPR No. 026391)
P.O. Box 1160
Johnson City, TN 37605-1160
ehutton@lawyerfirm.com
kjhutton@lawyerfirm.com

/s/ James G. Stranch III
James G. Stranch III

## CERTIFICATE OF SERVICE

      I certify that a true and exact copy of the foregoing Order on Motions to Dismiss and/or Strike has been served upon all parties listed on this Order by mailing a copy of same by U.S. mail, postage prepaid.

This the 12th day of June, 2018.

_____
Deputy Clerk