# EXHIBIT J

# IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**                                                                  **PLAINTIFF**



v.                                                                  CAUSE NO. G2015-1814 O/3

PURDUE PHARMA L.P.; PURDUE PHARMA INC.;
THE PURDUE FREDERICK COMPANY, INC.;
TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.;
JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.;
ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.
n/k/a JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA, INC. n/k/a
JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH
SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.;
ALLERGAN PLC f/k/a ACTAVIS PLC;
ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.;
WATSON LABORATORIES, INC.; ACTAVIS LLC; and
ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,         **DEFENDANTS**

## ORDER AND OPINION OF THE COURT

THIS MATTER is before the Court on *Defendants' Joint Rule 12 Motion to Transfer for Improper Venue and to Dismiss Plaintiff's Complaint for Failure to State a Claim*. Having heard arguments on the matter and all premises considered, this court finds the following:

### STATEMENT OF FACTS

Defendants are competing manufacturers of opioid analgesics—FDA-approved prescription drugs for pain management. They manufacture a range of these medications, including extended-release and long-acting ("ER/LA") opioids, immediate-release ("IR") opioids, and opioid/non-opioid combination products. The drugs come in various formulations and potencies and are approved for a variety of indications. For the ER/LA drugs primarily at

issue in this case, the FDA-approved indications include the management of pain severe enough to require daily, around the clock, long-term opioid treatment and for which alternative treatment options are inadequate. As the State concedes, the FDA-mandated labeling and Risk Evaluation and Mitigation Strategies ("REMS") for these drugs fully disclose that they carry serious health risks.

As the *Complaint* states, the State accuses the Defendants of conducting a 20-year-long fraudulent scheme to promote opioids for what the State of Mississippi (the "State") claims is an unsafe and ineffective use—namely, long-term treatment of chronic non-cancer pain. The Complaint alleges that each Defendant generated and disseminated false and misleading information overstating the efficacy of opioid treatment and minimizing its risks. Each Defendant allegedly did so on its own, jointly with other Defendants, and with prominent pain doctors (referred to by the State as "Key Opinion Leaders," or "KOLs"), professional medical societies, and patient advocacy groups (referred to by the State as "Front Groups"). The Complaint claims that the alleged fraudulent scheme caused Mississippi doctors to write medically inappropriate opioid prescriptions, some of which the Mississippi Division of Medicaid ("Mississippi Medicaid") reimbursed. It also blames Defendants for myriad social problems, including opioid abuse and increased trafficking in heroin and other illicit drugs. The Complaint asserts six claims for relief, all sounding in fraud: (1) violations of Mississippi's Medicaid Fraud Control Act ("MFCA"); (2) violations of Mississippi's Consumer Protection Act ("MCPA"); (3) common law fraud; (4) negligent misrepresentation; (5) unjust enrichment; and (6) public nuisance. It seeks declaratory and injunctive relief, damages, civil penalties, restitution, and abatement of public nuisance.

2

On March 8, 2016, the Defendants filed their *Joint Motion to Transfer Venue, Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim*. The Defendants allege that the State failed to plead its claims with particularity as required by Mississippi Rule of Civil Procedure 9(b). The Defendants also argue that the State did not plead a causal nexus between the Defendants' alleged conduct and some alleged harm to the State.

Defendants further contend that the Court must transfer this action to Rankin County, where two defendants have registered agents, because the State's reading of the recently enacted Registered Agents Act, MISS. CODE ANN. § 79-35-15 ("the RAA") would overrule Mississippi jurisprudence establishing that a nonresident foreign corporation is a resident of the county in which its registered agent resides. In the alternative, the Defendants provide that this action must be governed by Mississippi's general venue statute, MISS. CODE ANN. § 11-5-1.

## LEGAL ANALYSIS

The sole basis for Defendants' motion to transfer venue of this action to Rankin County is that certain defendants have registered agents there. ("The Rankin County Defendants reside in Rankin County because their respective registered agents are located there."). The RAA provides: "the address of the agent does not determine venue in an action or proceeding involving the entity." MISS. CODE. ANN. § 79-35-15 (emphasis added).

To get around this result, Defendants make the argument that, while the RAA provides "the address of the agent does not determine venue," it "does not state that a court may not consider the location of the resident agent when analyzing venue." No language in the RAA itself supports Defendants' suggestion that, while the location of a registered agent is not dispositive on the question of venue, it may still be considered by the Court. Moreover, even if the Court were to consider that two of the multiple defendants in this action have registered agents in

3

Rankin County, those concerns would not outweigh those in support of maintaining venue in this Court. Left without any regulation that would make venue appropriate in Rankin County, or any facts that would make it more convenient to litigate there, transferring this matter would be inconsistent with Mississippi law.

The Defendants also argue that if the CPA's venue provision does not apply, this action must be governed by Mississippi's general chancery court venue statute, MISS. CODE ANN. § 11-5-1. But a closer look at § 11-5-1, as informed by the RAA, reveals that § 11-5-1 cannot govern in this case for the same reason that the Consumer Protection Act's ("CPA") venue provision, MISS. CODE ANN. § 75-24-9, does not apply. Specifically, after passage of the RAA, neither of those statutes provide for proper venue in an action brought exclusively against foreign corporations, none of which have a principal place of business in Mississippi.

Section 11-5-1 provides only that:

> Suits to confirm title to real estate, and suits to cancel clouds or remove doubts therefrom, shall be brought in the county where the land, or some part thereof, is situated; suits against executors, administrators, and guardians, touching the performance of their official duties, and suits for an account and settlement by them, and suits for the distribution of personalty of decedents among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court in which the will was admitted to probate, or letters of administration were granted, or the guardian was appointed; other suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be; and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found....

MISS. CODE. ANN. § 11-5-1 (emphasis added).

Like the venue provisions in § 75-24-9 of the CPA, § 11-5-1 simply no longer provides for an appropriate venue under the undisputed facts of this case, which only involves foreign corporate defendants that do not have a principal place of business in Mississippi. As a result, the

4

Court must look to the generally applicable venue provisions of § 11-11-3 to determine proper venue in this case.

Mississippi's general venue statute, MISS. CODE ANN. § 11-11-3, the only state venue statute that identifies criteria other than the location of a registered agent as relevant, specifically addresses civil actions against nonresident defendants. Put plainly, § 11-11-3 is the only venue statute in Mississippi that identifies factors relevant to venue that were not effectively overruled by the RAA. Further, the Mississippi Supreme Court has consistently held it to be applicable in chancery court as well. *See Wilkerson v. Goss*, 113 So. 3d 544, 547 (Miss. 2013) ("We find that the chancery court properly applied the general venue statute [§ 11-11-3] in this case."). In sum, for the same reason that registered agents are now irrelevant to the venue analysis under § 75-24-9 of the CPA, those agents are also immaterial for purposes of venue under the "may reside or be found" language of § 11-5-1.

## CONCLUSION

For the foregoing reasons, this Court denies *Defendants' Joint Rule 12 Motion to Transfer for Improper Venue and to Dismiss Plaintiff's Complaint for Failure to State a Claim*.

SO ORDERED, ADJUDGED, and DECREED this the 13TH day of February 2017.

_____
CHANCELLOR DENISE OWENS