UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp., et al.*<br>Case No. 18-op-45530-DAP | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DISTRIBUTORS' OPPOSITION TO
MOTIONS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEFS**

The Mississippi Hospital Association and 44 hospitals seek leave to file *amicus curiae* briefs.  Distributor Defendants (McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation) oppose the motions for four reasons.

First, *amici* briefs are inappropriate here.  CMO-1 identified bellwether cases (or a process for quickly selecting them) and established a tight timetable for briefing six waves of motions to dismiss.  The whole point of selecting "bellwether" cases is that they are representative.  If other parties (and, more especially, non-parties) are permitted to add their two cents, then the bellwether cases lose much of their purpose.  In fact, counsel for one of the *amici* objected to having West Boca Hospital serve as the bellwether hospital plaintiff and sought instead to have one of his cases selected as the bellwether case (and to be the hospital representative on the Plaintiffs' Executive Committee).  MDL Doc. No. 33, 405.  The Court overruled the objection.  Allowing that counsel nevertheless to file a brief is an end run around the bellwether selection process.

Second, the *amici* briefs are duplicative and unnecessary.  The *amicus* briefs merely elaborate arguments that West Boca Hospital already has made in its 69-page opposition brief, and leave should be denied where a proposed *amicus curiae* brief covers the same ground as argued by the parties.  *See* Circuit Rule 29(a); FRAP 29, Notes of Advisory Committee on 1998 Amendments, Note to Subdivision (b) ("An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court.  An *amicus curiae* brief which does not serve this purpose simply burdens the staff and facilities of the Court and its filing is not favored."); *see also Ryan v CFTC*, 125 F3d 1062 (7th Cir. 1997); *Choices v Ill. Bell Tel. Co.*, 339 F3d 542 (7th Cir. 2003); *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) ("Classical participation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts,' depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.") (internal citations omitted).

The Court has allowed *amici* briefing in cases involving sovereigns (states and tribes).  It has not allowed *amici* briefs in cases involving the local governments, hospitals, and third-party payors.  The latter entities are represented on the Plaintiffs' Executive Committee ("PEC") and have both the ability and responsibility to confer and coordinate with similarly situated entities— e.g., the hospital representative with other plaintiff-hospitals—to present the best arguments on behalf of all.  Don Barrett, who represents West Boca Hospital, is the hospital-plaintiff representative on the PEC. MDL Doc. No. 34, 37.  At the time he was appointed (seven months ago), Mr. Barrett represented more than 25 hospitals.  It was his responsibility to include the

hospitals' critical arguments in opposition to Defendants' motions to dismiss, and the Court should presume that he did.

Second, the motions are untimely. The Court selected West Boca Hospital as the hospital bellwether plaintiff and set the briefing schedule more than two months ago, on May 22, 2018. CMO-4 (Doc. No. 485). That was the time for *amici* to come forward—not two weeks before Distributors' reply briefs are due. *Amici* offer no reason why they failed to seek leave earlier.

Third, to the extent that the *amicus* briefs make any new arguments (and Distributors do not believe they do), the briefs operate to circumvent the page limits established by the Court. Given the several waves of briefing, the Court already has to deal with almost 1,000 total pages of briefing. Surely more are not necessary, or particularly helpful—likely another reason that the Court did not permit *amici* in the bellwether briefing cases other than in the State of Alabama and tribe cases.

Finally, as to Distributors, the *amicus* briefs are wide of the mark and unhelpful. They carelessly predicate their arguments on the claim that "the medical community was a direct target of the ***defendants'*** marketing scheme,"[1] when West Boca Hospital does not allege (nor do any of the bellwether plaintiffs) that Distributors created and conducted a marketing scheme involving opioid medications.

---

[1] Br. of 44 Hospital Amici, at 10 (emphasis added); *id*. at 12 ("the medical community itself was misled and indeed specifically targeted by the manufacturer and distributor defendants"); *see also* Br. of *Amicus Curiae* Mississippi Hospital Association, at 5 ("Defendants' misrepresentations and fraudulent marketing schemes"); *id*. at 9 ("Defendants' false representations and concealment of material facts concerning the use of opioids for treatment of chronic pain form the basis of hospitals' claims of fraud.").

The Court therefore should deny leave.  If the Court nevertheless grants leave for filing of the *amici* briefs, Distributors request an extension of one week (until August 24, 2018) for filing their reply brief.

Dated:  August 6, 2018

Respectfully submitted,

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation*

*/s/ Geoffrey Hobart*
Geoffrey Hobart
Mark Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

*/s/ Enu Mainigi*

Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

>*/s/ Ashley W. Hardin*
>
>Ashley W. Hardin