# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Cherokee Nation v. McKesson Corp., et al.*,<br>18-cv-00056 (E.D. Okla.);<br>18-cv-45695 (N.D. Ohio). | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### THE CHEROKEE NATION'S REQUEST FOR ORAL ARGUMENT ON ITS MOTION FOR REMAND

Plaintiff, the Cherokee Nation, respectfully requests this Court hold oral argument on the Cherokee Nation's motion for remand. In support of this request, the Cherokee Nation states:

1. On April 20, 2017, the Cherokee Nation initially filed its opioid-related lawsuit against the defendants in the District Court of Cherokee Nation in Tahlequah, Oklahoma.

2. On June 8, 2017, the defendants filed a complaint in the Federal District Court for the Northern District of Oklahoma seeking to enjoin the Cherokee Nation's lawsuit, claiming the absence of tribal court jurisdiction. The district court entered a preliminary injunction on January 9, 2018.

3. On January 19, 2018, the Cherokee Nation voluntarily dismissed the tribal court lawsuit and refiled in Oklahoma state court in the District Court of Sequoyah County, Oklahoma.

4. On February 26, 2018, McKesson removed the Cherokee Nation's state-court case to Federal District Court for the Eastern District of Oklahoma, invoking the federal officer removal statute, 28 U.S.C. § 1442.

5. The Cherokee Nation moved for remand on March 1, 2018, claiming the absence of federal jurisdiction under § 1442. The Cherokee Nation's motion for remand has been fully briefed for over four months, since March 26, 2018.

6. This Court's resolution of the disputed factual and legal issues raised by McKesson's notice of removal and the Cherokee Nation's motion for remand will impact more than a dozen opioid lawsuits that sovereign Indian tribes initially filed in state courts in Oklahoma, California, and Wisconsin (and potentially elsewhere) that McKesson removed to federal court. Similar motions to remand are pending in these cases.

7. The Court's resolution of the Cherokee Nation's motion for remand will also impact the opioid cases filed by sovereign Indian tribes that are still currently pending state court, and which have not yet been removed as of the date of this filing.

8. Due to the importance of the issues raised in the parties' briefing, oral argument will give the parties an opportunity to explain and clarify their positions and respond to any questions or concerns from the Court to help in the Court's decision-making process.

For the foregoing reasons, and for good cause shown, the Cherokee Nation respectfully requests the Court hold oral argument on the Cherokee Nation's motion for remand.

Respectfully submitted,

*/s/ Tyler Ulrich*
Tyler Ulrich
Patricia A. Melville
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
tulrich@bsfllp.com
pmelville@bsfllp.com
Tel: (305) 539-8400
Fax: (305) 539-1307

William S. Ohlemeyer
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
wohlemeyer@bsfllp.com
Tel: (914) 749-8440
Fax: (914) 749-8300

Todd Hembree
Attorney General
Chrissi Ross Nimmo
John Young
Assistant Attorneys General
THE CHEROKEE NATION
P.O. Box 948
Tahlequah, OK 74464
chrissi-nimmo@cherokee.org
john-young@cherokee.org
Tel: (918) 453-5000
Fax: (918) 458-5099

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I, Tyler Ulrich, certify that on August 9, 2018, the foregoing document was served via the Court's ECF system to all counsel of record.

                                                                                    */s/ Tyler Ulrich*
                                                                                    Tyler Ulrich