IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 17-md-02804 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | Judge Dan Aaron Polster |
| ALL CASES | ) | |

### 28 Sovereign Indian Tribes
### Notice of Support of The Cherokee Nation's
### Request for Oral Argument on Its Motion to Remand

Undersigned counsel represent 28 Sovereign Indian Tribes in the opioid litigation, Tribes stretching from coast to coast, from California to Long Island, New York, from the great upper Midwest Great Lakes and into south Louisiana, and in the center of the United States. [1] Undersigned counsel hereby submit this Joinder in Support of the Cherokee Nation's Request for Oral Argument on Its Motion to Remand (Dkt. No. 870). The 28 Sovereign Indian Tribes have a substantial interest on certain issues raised by the Cherokee Nation's Request for Oral Argument and its Motion to Remand for the following reasons:

1.     Indian Tribes must be heard on critical issues of their sovereignty, and their rights to have their cases decided in the state courts of their choosing when there is no federal jurisdiction.

---

[1] These 28 Sovereign Indian Tribes are the St. Croix Chippewa Indians of Wisconsin, Cheyenne & Arapaho Tribes of Oklahoma, Red Cliff Band of Lake Superior Chippewa Indians, Lac Courte Oreilles Band of Lake Superior Chippewa Indians, Bad River Band of Lake Superior Chippewa Tribe, Lac Du Flambeau Band of Lake Superior Chippewa Indians, Shinnecock Indian Nation, Fond du Lac Band of Lake Superior Chippewa Indians, Chitimacha Tribe of Louisiana, Walker River Paiute Tribe, Fallon Paiute Shoshone Tribe, Reno Sparks Indian Colony, Pyramid Lake Paiute Tribe, Round Valley Tribe, Coyote Valley Band of Pomo Indians, Potter Valley Tribe, Big Valley Band of Pomo Indians, Guidiville Band of Pomo Indians, Redwood Valley Little River Band of Pomo, Scotts Valley Band of Pomo Indians, Hopland Band of Pomo Indians, Koi Nation, Big Sandy Rancheria, Robinson Rancheria, Resighini Rancheria, Cahto Tribe of Laytonville Rancheria, Manchester-Point Arena Band of Pomo Indians, and the Cher-Ae Heights Indian Community of the Trinidad Rancheria ("28 Sovereign Indian Tribes").

2. Most of the 28 Sovereign Indian Tribes have filed prescription opioid cases in various state courts with motions to remand filed (and fully briefed) before their cases were transferred to MDL 2804. Although some of the 28 Sovereign Indian Tribes have filed cases directly in federal court, all are federally recognized tribes with a substantial interest in the issues raised by the Cherokee Nation's Motion to Remand and consequentially the corresponding Request for Oral Argument.

3. The resolution of the disputed factual and legal issues raised by the Cherokee's Motion to Remand will affect dozens of lawsuits filed by Sovereign Indian Tribes, in state courts throughout the United States. Clarity is needed now to avoid the attendant time and costs associated with the wrongful removal tactics of the Defendants.

4. For example, against incontrovertible law and facts, Defendant McKesson Corporation has routinely and wrongfully removed all cases filed by Indian Tribes in state courts, relying on the same or similar legal theories presented in the Cherokee Nation's Motion to Remand. McKesson is doing everything it can to subvert the ends of justice for Indian Tribes, resulting in the perpetuation of the ravages of the opioids epidemic upon Indian Country, Indian Tribes, and Native American adults, adolescents, children, and babies. It is time for this Court to put an end to the wrongful removals and allow Sovereign Indian Tribes that desire a state court venue to have their motions for remand heard.

5. Sovereign Indian Tribes are not state governments. Sovereign Indian Tribes are not political subdivisions of state governments in stark contrast to the hundreds of municipalities and counties that predominate MDL 2804. No Indian Tribe entered into any settlement agreements or consent judgments with any of the Defendants, *contra* states, municipalities, and counties. Sovereign Tribes have unfettered *parens patriae* authority on behalf of their members and citizens.

Sovereign Indian Tribes are entitled to have their unique issues addressed by this Court at the earliest possible time.

6. The significance of the issues raised in the Cherokee Nation's Motion to Remand for all Sovereign Indian Tribes cannot be overstated. The Court should set oral argument and should rule on the Cherokee Nation's Motion to Remand, as well as motions filed by other Sovereign Indian Tribes.

Wherefore, Premises Considered, Undersigned Counsel for the 28 Sovereign Indian Tribes respectfully request the Court to hold oral argument on the Cherokee Nation's Motion to Remand.

Respectfully Submitted:

*/s/ T. Roe Frazer II*
T. Roe Frazer II
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
(615) 647-6464
roe@frazer.law


*/s/ J. Nixon Daniel, III*
J. Nixon Daniel, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
(850) 432-2451
jnd@beggslane.com

## **CERTIFICATE OF SERVICE**

I, T. Roe Frazer II, certify that on August 20, 2018, the foregoing document was served via the Court's ECF system to all counsel of Record.

                                                              */s/ T. Roe Frazer II*
                                                              T. Roe Frazer II