# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>　*The Muscogee (Creek) Nation v.*<br>　*Purdue Pharma L.P.*, et al.,<br>　Case No. 18-op-45459 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### MEMORANDUM IN SUPPORT OF CVS HEALTH CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT <u>FOR LACK OF PERSONAL JURISDICTION</u>

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

FACTS AND PROCEDURAL HISTORY ..............................................................................1

LEGAL STANDARD...............................................................................................................3

ANALYSIS................................................................................................................................3

    A.  There Is No Specific Jurisdiction over CVS Health in Oklahoma ...............................4

    B.  There Is No General Jurisdiction over CVS Health in Oklahoma................................5

CONCLUSION..........................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**

*AST Sports Science, Inc. v. CLF Distrib. Ltd.*,
  514 F.3d 1054 (10th Cir. 2008) .................................................................................................. 3

*BNSF Ry. Co. v. Tyrrell*,
  137 S.Ct. 1549, 1558 (2017) .................................................................................................. 5, 6

*Bruner v. Midland Funding, LLC*,
  No. CIV-16-1371-D, 2018 WL 3999722 (W.D. Okla. Aug. 21, 2018) .................................. 4, 5

*Callum v. CVS Health Corp.*,
  137 F. Supp. 3d 817 (D.S.C. 2015) ................................................................................... 1, 5, 6

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) .............................................................................. 1, 5, 6

*Harris v. Am. Int'l Grp., Inc.*,
  923 F. Supp. 2d 1299 (W.D. Okla. 2013) ............................................................................. 3, 5

*Johnson v. Warren Federal Credit Union*,
  No. CIV-15-1354-D, 2016 WL 3633437 (W.D. Okla. June 29, 2016) ..................................... 3

**RULES**

F. R. C. P. 4(k)(1)(A) ..................................................................................................................... 3

## PRELIMINARY STATEMENT

This motion is straightforward—Plaintiff the Muscogee (Creek) Nation ("Plaintiff") has sued a CVS entity over which jurisdiction does not lie. While the First Amended Complaint asserts claims against CVS Health Corporation ("CVS Health"), in addition to two other CVS entities, for failing to comply with its purported legal obligations relating to prescription opioid diversion, CVS Health does not sell prescription opioids or any other pharmaceutical. Instead, CVS Health is a holding company whose primary functions are the issuance of stock and reporting to the Securities and Exchange Commission. Plaintiff's claims do not arise out of these limited activities, and these activities do not take place in Oklahoma. There is therefore no personal jurisdiction over CVS Health in this action. Courts in other cases have likewise found personal jurisdiction lacking over CVS Health given its limited activities. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979-84 (N.D. Cal. 2016); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 836-37 (D.S.C. 2015).[1]

## FACTS AND PROCEDURAL HISTORY

On July 9, 2018, Plaintiff filed its First Amended Complaint in this multi-district litigation. Plaintiff's allegations relate to "an epidemic of prescription opioid abuse," which Plaintiff claims was caused by the "misconduct of Defendants, including their consistent failure to comply with their legal obligations." First Am. Compl. ¶ 15.

CVS Health is grouped together with CVS Pharmacy, Inc. and Oklahoma CVS Pharmacy, L.L.C. and thereafter referred to collectively as "CVS" throughout the First Amended Complaint. *Id.* ¶ 63. Plaintiffs then allege that the collective "CVS" sold and continues to sell

---

[1] In addition to those two decisions, CVS Health has filed a number of motions to dismiss for lack of personal jurisdiction in other cases in this multi-district litigation, resulting in plaintiffs filing, and the Court granting, unopposed motions to dismiss CVS Health from those cases.

"prescription opioids at locations in Oklahoma that serve Nation citizens." *Id.*  The collective "CVS" is then lumped together with each of the "Pharmacy Defendants" and is alleged to have "failed to comply with its legal obligations concerning prescription opioid diversion." *Id.* ¶ 92.[2]

Contrary to the complaint's allegations, CVS Health has no operations unrelated to its status as a holding company and does not sell prescription medications. *See* Exhibit A, Decl. of Thomas S. Moffatt in Supp. of CVS Health Corp.'s Mot. to Dismiss ("Moffatt Decl.") ¶ 5.[3]  CVS Health is a holding company with no operations other than those related to its status as a holding company. *Id.* ¶ 5.  Its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. *Id.*

CVS Health has no offices, facilities, assets, income, employees, or operations in Oklahoma. *Id.* ¶ 6.  It is organized under the laws of Delaware and has its principal place of business in Rhode Island. *Id.*  It is not qualified as a foreign corporation under the laws of Oklahoma, does not have a registered agent for service of process there, and is not regulated by any Oklahoma state agency. *Id.*

While CVS Health has subsidiaries, it is a separate and distinct company from those subsidiaries.  For instance, Oklahoma CVS Pharmacy, L.L.C., also a defendant in this case, is a separate company, with its own governing documents, corporate records, bank accounts, and employees. *Id.* ¶ 8.  CVS Health has no direct involvement in directing, managing, or supervising the operations or the employees of any of its subsidiary companies. *Id.*

---

[2] This motion is limited to CVS Health.  It does not challenge personal jurisdiction as to CVS Pharmacy, Inc. or Oklahoma CVS Pharmacy, L.L.C.

[3] CVS Health filed a motion to dismiss for lack of personal jurisdiction in *The Cherokee Nation v. McKesson Corporation*, No. CV-2017-203 (D. Cherokee Nation June 12, 2017).  As part of that filing, CVS Health included a declaration by Mr. Moffatt addressing CVS Health's contacts with Oklahoma.  That affidavit is equally applicable here and is attached as Exhibit A.

**LEGAL STANDARD**

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Harris v. Am. Int'l Grp., Inc.*, 923 F. Supp. 2d 1299, 1303 (W.D. Okla. 2013) (citing *AST Sports Science, Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). A plaintiff must come forth with affidavits or other evidence to support a *prima facie* case of jurisdiction. *Id.* (citations omitted).

**ANALYSIS**

Plaintiff asserts personal jurisdiction over "all Defendants" based on their purported contacts with Oklahoma, "including by . . . selling prescription opioids in Oklahoma." First Am. Compl. ¶ 94. In other words, Plaintiff alleges personal jurisdiction based on Federal Rule of Civil Procedure 4(k)(1)(A), which authorizes service based on the Oklahoma long-arm statute. *See Johnson v. Warren Federal Credit Union*, No. CIV-15-1354-D, 2016 WL 3633437, at *2 (W.D. Okla. June 29, 2016) (citations omitted). Since Oklahoma's long-arm statute extends to the constitutional limit, "the personal jurisdiction inquiry is simply a due process analysis." *Id.*, at *2 (citations omitted); *Harris*, 923 F. Supp. 2d at 1303 ("In Oklahoma [the personal jurisdiction] test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process." (citation omitted)). The Due Process Clause permits two types of personal jurisdiction: (1) specific, where a defendant has purposefully directed its activities at residents of the forum and the cause of action arises out of or relates to those activities; and (2) general, where a defendant has continuous and systematic general business contacts with the forum. *Johnson*, 2016 WL 3633437, at *2-3. Neither applies here.

3

### A. There Is No Specific Jurisdiction over CVS Health in Oklahoma.

Under the Due Process Clause, specific jurisdiction exists only where (1) the defendant has purposefully directed its activities at residents of the state; and (2) the plaintiff's injuries arise out of the defendant's forum-related activities. *Bruner v. Midland Funding, LLC*, No. CIV-16-1371-D, 2018 WL 3999722, at *2 (W.D. Okla. Aug. 21, 2018) (citations omitted). Purposeful direction requires "(a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state." *Id.* (citations and footnote call number omitted). The relationship between the defendant and the forum must arise out of contacts the defendant has itself created and those contacts must create a substantial connection with the forum. *Id.* (citations omitted).

Plaintiff alleges that specific jurisdiction exists over CVS Health based on its allegations that the defendants had "substantial contacts and business relationships with Oklahoma, including consenting to be sued in Oklahoma by registering an agent for service of process" in the state. First Am. Compl. ¶ 94. But, as noted above, CVS Health is not qualified as a foreign corporation in Oklahoma and does not have a registered agent for service of process in the state. Moffatt Decl. ¶ 6. And it has no "substantial contacts" or "business relationships" with the state—CVS Health is a holding company, with no real business operations at all and no relevant contacts with Oklahoma. *Id.* ¶¶ 5-6. Plaintiff also alleges that defendants purposefully availed themselves of business opportunities by "selling prescription opioids in Oklahoma." First Am. Compl. ¶ 94. But CVS Health does not sell prescription medications and has no direct involvement in directing, supervising, or managing its subsidiaries that do sell prescription medications. Moffatt Decl. ¶¶ 5, 7. There is no intentional action by CVS Health expressly aimed at Oklahoma to which Plaintiff can point to support jurisdiction.

Plaintiff's decision to refer to CVS Health, CVS Pharmacy, Inc., and Oklahoma CVS Pharmacy, L.L.C. collectively as "CVS," *see* First Am. Compl. ¶ 63, does not change the fact that no jurisdiction exists over CVS Health.  "A court may not automatically exercise jurisdiction over a parent corporation merely because such jurisdiction may be exercised over the parent's subsidiary." *Harris*, 923 F. Supp. 2d at 1304 (citation omitted) (finding jurisdiction did not exist over parent company); *see also Corcoran*, 169 F. Supp. 3d at 981-84 (finding actions of CVS Health subsidiary did not confer specific jurisdiction over CVS Health); *Callum*, 137 F. Supp. 3d at 836-37 (finding no specific jurisdiction where CVS Health had only sporadic contacts that did not relate to the cause of action); *Bruner*, 2018 WL 3999722, at *3 ("The existence of contacts between Encore's subsidiaries and Oklahoma is insufficient by itself to establish personal jurisdiction over Encore in this state." (citations omitted)).  Specific jurisdiction simply does not exist.

### B.  There Is No General Jurisdiction over CVS Health in Oklahoma.

Plaintiff does not even try to allege that general jurisdiction over CVS Health would be proper.  First Am. Compl. ¶ 94.  And for good reason.  CVS Health is a Delaware corporation with its principal place of business in Rhode Island.  Moffatt Decl. ¶ 6.  It does no business in Oklahoma and has no offices, facilities, assets, income, employees, or operations there.  *Id.*  There is no ground whatsoever to subject CVS Health to general jurisdiction in Oklahoma.

Indeed, corporations are only subject to general jurisdiction where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citation omitted).  A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.*  Oklahoma is neither CVS Health's state of incorporation nor its principal place of business;

5

general jurisdiction simply does not exist. *See Corcoran*, 169 F. Supp. 3d at 980-81 (no general jurisdiction over CVS Health where plaintiffs alleged that CVS Health "has a substantial number of pharmacies, maintains two distribution centers, and solicits employees in California"); *Callum*, 137 F. Supp. 3d at 837 (no general jurisdiction over CVS Health notwithstanding the guaranty of leases on property in the state, the payment of settlement proceeds to the state, and an agreement to monitor day-to-day compliance activities of subsidiaries in the state); *see also BNSF*, 137 S.Ct. at 1559 (defendant with over 2,000 miles of railroad track and more than 2,000 employees in the state was not subject to general jurisdiction in that state).

## CONCLUSION

For the foregoing reasons, CVS Health respectfully requests that the Court dismiss the claims against it with prejudice.

Date: August 31, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

## LOCAL RULE 7.1(f) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Eric Delinsky, hereby certify that this *Memorandum in Support of CVS Health Corporation's Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction* complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Date: August 31, 2018

Respectfully submitted,

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 31, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky