# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | |
| **This document relates to:** | |
| *Cleveland Bakers & Teamsters Health & Welfare Fund and Pipe Fitters Local Union No. 120 Insurance Fund v. Purdue Pharma L.P., et al.* <br> Case No. 18-OP-45432 (N.D. Ohio) | **MDL No. 2804** <br> **Case No. 17-md-2804** <br> **Judge Dan Aaron Polster** |

## REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANTS WALMART INC., CVS HEALTH CORP., RITE AID OF MARYLAND, INC., AND WALGREENS BOOTS ALLIANCE, INC.

## INTRODUCTION

Like their Complaint, Plaintiffs' Brief in Opposition focuses almost entirely on the conduct of the Manufacturer Defendants and conflates the alleged actions of the Manufacturer Defendants with those of the Moving Defendants (Walmart, Inc., CVS Health Corp., Rite Aid of Maryland, Inc., and Walgreens Boots Alliance, Inc.).  For instance, Plaintiffs refer to "nearly 30 pages of allegations wherein Plaintiffs explain, in assiduous detail, the myriad ways in which Defendants jointly and individually targeted them," (Pls. Br. 4), and then go on to recite allegations that relate exclusively to the Manufacturer Defendants.  It remains the case that Plaintiffs have made no allegations against the Moving Defendants remotely sufficient to withstand a motion to dismiss.

Plaintiffs also cannot distinguish the long line of authority limiting third-party payors' ability to recover for their members' health care costs.  And their other arguments against dismissal just recycle the meritless arguments advanced by Summit County and the other plaintiffs in response to prior motions to dismiss.  Accordingly, the Court should dismiss Plaintiffs' claims.

## ARGUMENT

### I.     Plaintiffs Lack Standing to Sue the Moving Defendants.

As a threshold matter, Plaintiffs lack standing to sue the Moving Defendants, because their claimed injuries are (1) derivative of harms suffered by third parties and (2) not fairly traceable to any alleged conduct by the Moving Defendants.  *See* Moving Defs. Br. 2-4.  Plaintiffs' only response to the Moving Defendants' standing argument is to incorporate by reference the arguments in the *Summit County* Opposition Brief.  Pls. Br. 3, n.4.  The Moving Defendants' reply brief in *Summit County* explains why those arguments fall short.  *Summit County* Reply 2-4.  What is more, Plaintiffs' standing problems in this case are potentially even worse than those in *Summit County*, arising from Plaintiffs' role as third-party payors (as opposed to a political subdivision like Summit County)—a point as to which Plaintiffs make no attempt to respond.  As further

2

explained below, the chain of causation relating to Plaintiffs' claimed injuries as third-party payors is so remote and speculative that they are not cognizable under Article III.  *See* Moving Defendants' Br. 4.

## II.    Plaintiffs State No Claim Against the Moving Defendants as Pharmacies.

The Moving Defendants' opening brief noted that, to the extent Plaintiffs attempt to state a pharmacy claim against Moving Defendants, the Plaintiffs' ambiguous allegations against them as pharmacies (as opposed to as distributors) are manifestly insufficient under *Iqbal* and *Twombly*. Defs. Br. 4-5; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Plaintiffs offer no response other than to restate one vague allegation in the context of their causation argument, an impermissible bit of vague, conclusory group pleading alleging that "the National Retail Pharmacies' 'actions and omissions in failing to effectively prevent diversion and failing to monitor, report, and prevent suspicious orders have contributed significantly to the opioid crisis by enabling, and failing to prevent, the diversion of opioids.'" Pls. Br. 13-14 (quoting Pls. Compl. ¶622).  But this assertion—regarding the monitoring of suspicious orders—concerns Plaintiffs' distributor claims; it does not address Moving Defendants' conduct as pharmacies.  And even if it somehow did, this collective "'naked assertion' devoid of 'further factual enhancement'" is legally insufficient under *Iqbal* and *Twombly*, leaving unanswered all of the questions that a proper pleading must answer to survive a motion to dismiss—such as which actions or omissions Plaintiffs challenge, by whom, where, or when.

Plaintiffs do not make any other arguments against the Moving Defendants indicating that they seek to pursue claims against them in their capacity as pharmacies or that the Complaint provides any basis for such claims.  The Court should accordingly grant the motion to dismiss with respect to any claims against the Moving Defendants in their capacities as retail pharmacies.

3

### III.    The Ohio Products Liability Act Abrogates Plaintiffs' Tort Claims.

For the reasons set forth in the Major Distributors' opening brief, the Court should dismiss Plaintiffs' tort claims because they have been abrogated by the Ohio Products Liability Act ("OPLA").  *See* Major Distributors' Br. Part VI.

### IV.    Plaintiffs' Negligence Claim is Legally Deficient (Count 7).

As the Moving Defendants explained in their opening brief, a long line of precedent— including tobacco litigation, but extending to other contexts as well—precludes third-party payors from suing in tort to recover for their beneficiaries' health care costs.  Moving Defs. Br. 5-8.  The rule established in these cases was designed to prevent third-party payors from doing precisely what Plaintiffs are attempting to do here: an end-run around the principles of subrogation.  *See id.* (citing *Tex. Carpenters Health Benefit Fund v. Philip Morris Inc.*, 199 F.3d 788, 789-90 (5th Cir. 2000)).  Plaintiffs ignore the reasoning of these decisions and instead offer the meaningless distinction that the third-party payors in the tobacco litigation never bought cigarettes, while Plaintiffs paid for opioids.  Pls. Br. 6.  But what matters is that Plaintiffs paid for their beneficiaries' health care, including their medication, and today are suing for the injuries *to those beneficiaries*.  Their suit is therefore precluded by *Perry v. Am. Tobacco Co.*, 324 F.3d 845 (6th Cir. 2003), among other cases, because it is entirely derivative of the injuries of others.  *See also SEIU Health & Welfare Fund v. Philip Morris Inc.*, 249 F.3d 1068, 1076 (D.C. Cir. 2001) (concluding that alleged injuries of union health and welfare funds were too remote to have been proximately caused by alleged conduct of tobacco companies).

Plaintiffs argue that their injuries are somehow not derivative because "this case is about injuries suffered by Plaintiffs as a result of false marketing."  Pls. Br. 6.  But this argument just impermissibly lumps the Moving Defendants together with the Marketing Defendants.  Plaintiffs do not allege (because they cannot) that the Moving Defendants ever marketed opioids.  So by

4

Plaintiffs' own allegations, the Moving Defendants had nothing to do with any alleged false marketing scheme.  The fraud lawsuits against manufacturers that Plaintiffs rely on as supplanting *Perry* and related cases (*see* Pls. Br. 2) are thus irrelevant with respect to the Moving Defendants. Plaintiffs' injuries are too remote under *Perry* and the law of every other circuit that has considered this issue, and their claims should be dismissed.

Plaintiffs cannot salvage their negligence claim—on grounds of causation, duty, or anything else—by their repeated reliance on *City of Cincinnati v. Beretta U.S.A., Corp.*, 768 N.E.2d 1136 (Ohio 2002).  *Beretta* was a sharply divided decision that was an outlier even when it was decided.  Its reasoning remains unpersuasive and inconsistent with other courts' analyses. More to the point, the Ohio General Assembly abrogated the decision when it enacted the Ohio Product Liability Act ("OPLA").  *See Summit County* Reply 9.

As explained in the opening brief, Plaintiffs' negligence claim also fails as a matter of law for other reasons beyond causation.  Plaintiffs did not address these arguments in their response, and instead focused solely on the Manufacturer and Distributor Defendants.  Those additional arguments do not apply to the Moving Defendants as discussed in the Moving Defendants' *Summit County* Reply Brief.  *See Summit County* Reply 5-13.

## V.     Plaintiffs' Public Nuisance Claims Fail (Counts 5, 6).

The Major Distributors and Moving Defendants explained in their opening briefs that even if Plaintiffs' public nuisance claims were not abrogated by OPLA, they would fail on their own terms.  Ohio law provides a limited statutory cause of action for government entities, which does not include third-party payors.  *See* Ohio Rev. Code. § 4729.35.  Plaintiffs' public nuisance claims also fail for the reasons explained in the *Summit County* Motion to Dismiss.  *See Summit County* Motion to Dismiss 17-21.  Nothing in Plaintiffs' Brief changes these conclusions.

**VI.    Plaintiffs' Unjust Enrichment Claim Fails Because Plaintiffs Conferred No Benefit On the Moving Defendants (Count 10).**

Plaintiffs once again rely on the *Summit County* Opposition Brief for their unjust enrichment argument.  That argument fails here for the reasons explained in the *Summit County* Reply (at 16-19) and *Perry*.  *Perry* is consistent with other decisions holding that third-party payors' damages are too remote to sustain a claim for unjust enrichment.  *See, e.g.*, *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 937 (3d Cir. 1999) ("We can find no justification for permitting plaintiffs to proceed on their unjust enrichment claim once we have determined that the District Court properly dismissed the traditional tort claims because of the remoteness of plaintiffs' injuries from defendants' wrongdoing.").  And Plaintiffs have not conferred any benefit on the Moving Defendants, because the Moving Defendants do not have a legal obligation to pay for medical expenses.  *See, e.g.*, *Oregon Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 968 (9th Cir. 1999) ("Plaintiffs allege that they conferred a 'benefit' on defendants by paying the medical bills of the smokers.  Plaintiffs do not, however, allege that defendants had any legal obligation to pay the medical expenses of the smokers.  Without a legal obligation on the part of defendants to pay, the payment by plaintiffs did not 'benefit' defendants.").

**VII.   Plaintiffs Fail to Establish an Actionable Civil Conspiracy Claim (Count 11).**

Plaintiffs allege a civil conspiracy to "commit fraud and misrepresentation" in conjunction with their unlawful distribution of opioids.  First, Plaintiffs never allege (and certainly not with Rule 9(b) particularity) that the Moving Defendants engaged in marketing fraud.  Second, even if Plaintiffs have pled fraud with regard to the Moving Defendants, that claim again fails for the reasons explained in the *Summit County* Reply (at 19-22).

**VIII.    Plaintiffs' Claim Under Ohio Rev. Code § 2307.60 Fails on Multiple Grounds (Count 9).**

In their opening brief, the Moving Defendants explained that Plaintiffs failed to plead a claim under Ohio Revised Code § 2307.60 because they have not alleged prior criminal convictions against the Moving Defendants.  Pls. Br. 322-25.  Neither of Plaintiffs' responses on this point suffices.

First, Plaintiffs wrongly argue that *Buddenberg v. Weisdack*, No. 1:18-cv-00522, 2018 WL 3159052 (N.D. Ohio June 28, 2018), supports their argument that § 2017.60 does not require a predicate criminal conviction.  In reality, this Court explained in *Buddenberg* that the fact that a criminal conviction can establish a presumption of liability does not mean that civil liability can lie in the *absence* of a conviction.  2018 WL 3159052 at *5; *see also Jacobson v. Kaforey*, 75 N.E.3d 203, 206 (Ohio 2016) (§ 2307.60(A)(1) "specifically authorize[s] a civil action for damages based on the violation of any criminal statute").  This Court observed that "[a] criminal conviction requires proof beyond a reasonable doubt," whereas "civil liability can be established by a preponderance of the evidence" and expressed skepticism that the General Assembly would "mean to let a plaintiff do an end-run around the higher burden of proof required to establish a crime." *Buddenberg*, 2018 WL 3159052 at *5.

Second, Plaintiffs mischaracterize some of the Moving Defendants' settlement agreements, in connection with potential *civil* proceedings, as supposedly establishing that "Defendants have pled guilty" to a crime.  Of course, the Moving Defendants did no such thing.  Plaintiffs' mischaracterization fails for the reasons set forth in the *Summit County* Reply.  *See Summit County* Reply 22-24.

## CONCLUSION

For the foregoing reasons, all claims against the Moving Defendants should be dismissed with prejudice.


Dated:  10 September 2018


Respectfully submitted,

/s/  Tara A. Fumerton

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/   Eric R. Delinsky (consent)

Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Health Corporation*

/s/    Kelly A. Moore (consent)

Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc.*

/s/    Kaspar Stoffelmayr (consent)

Kaspar Stoffelmayr
BARTLIT BECK HERMAN
   PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Attorney for Walgreens Boots Alliance, Inc.*

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), I hereby certify that this Court has ordered that length limitations applicable to complex cases apply to this matter, ECF No. 232 at 4 (No. 1:17-MD-2804), and that the foregoing Memorandum of Law is 8 pages in length and within Rule 7.1(f)'s 30-page limit for a complex case.

/s/  Tara A. Fumerton

Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

10