# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) ) | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) ) | Hon. Dan Aaron Polster |
| *The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,* <br> **Case No. 1:18-op-45459-DAP** ) ) ) | |

# AMNEAL PHARMACEUTICALS, INC.'S
# MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
# BASED ON IMPROPER SERVICE, IMPROPER SERVICE OF PROCESS, AND LACK
# OF PERSONAL JURISDICTION

Amneal Pharmaceuticals, Inc. ("API"), moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for an order dismissing all claims asserted against it in plaintiff The Muscogee (Creek) Nation's First Amended Complaint ("FAC"). Plaintiff's claims against API must be dismissed due to improper service, improper service of process, and lack of personal jurisdiction. This motion is supported by the pleadings, the record, the accompanying memorandum of law, oral argument, the Declaration of Sheldon V. Hirt, and any other evidence requested or permitted by the Court.

Amneal Pharmaceuticals, Inc., respectfully requests that this Court grant its motion and dismiss all plaintiff's claims against it with prejudice.

Dated: August 31, 2018  Respectfully submitted,

By: */s/ Paul J. Cosgrove*

Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
Email:  jpeck@ulmer.com

ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Paul J. Cosgrove*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL No. 2804 <br><br> Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Hon. Dan Aaron Polster |
| *The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,* <br><br> Case No. 1:18-op-45459-DAP | ) ) ) | |

**MEMORANDUM IN SUPPORT OF AMNEAL PHARMACEUTICALS, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
BASED ON IMPROPER SERVICE, IMPROPER SERVICE OF PROCESS, AND LACK
OF PERSONAL JURISDICTION**

**I.   INTRODUCTION**

Plaintiff's claims against Amneal Pharmaceuticals, Inc. ("API"), must be dismissed due to insufficient process, insufficient service of process, and because the Court lacks personal jurisdiction over it.  API did not exist before October 4, 2017, was not named in plaintiff's original complaint, and never manufactured or sold any prescription opioid medication.  Plaintiff did not serve API pursuant to the Federal Rules of Civil Procedure, but rather merely filed its First Amended Complaint ("FAC") adding API as a party – that is insufficient.  Further, plaintiff cannot demonstrate that this Court has personal jurisdiction over API consistent with the requirements of Due Process under the United States Constitution.

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff's original Complaint was filed in the Northern District of Oklahoma on April 3, 2018. The Judicial Panel for Multidistrict Litigation issued the Conditional Transfer Order on April 18, 2018, transferring this case to the Northern District of Ohio, Case No. 1:18-op-45459-DAP, which occurred on April 26, 2018. Plaintiff filed its FAC on July 9, 2018, on the Court's ECF system. The FAC was not served on API as required by the Civil Rules, nor was a summons issued or served on API.

Amneal Pharmaceuticals, Inc., is a corporation that was formed under the laws of Delaware, on October 4, 2017, with its principal place of business in New Jersey. (*See* Declaration of Sheldon V. Hirt, Ex. A, at ¶3 ("Hirt Decl.").) API is a holding company and has not manufactured, promoted, sold, or supplied any medications during the short time it has been in existence. (*Id.* at ¶4.)

## III. LAW AND ARGUMENT

### A. REQUIREMENTS FOR SERVICE OF PROCESS HAVE NOT BEEN SATISFIED

Rule 4 of the Federal Rules of Civil Procedure sets out the requirements for a summons and service of a complaint. Rule 4(h) sets out the requirements for serving a corporation. It provides that a corporation must be served either by following state law for serving a summons or by delivering a copy of the summons and complaint to an officer or an agent authorized to receive it. Here, plaintiff did neither. Instead, the Nation merely filed the FAC with this Court. That does not satisfy the service requirements and mandates dismissal of API from this lawsuit.

2

### B.     THE COURT LACKS PERSONAL JURISDICTION OVER API

In its FAC, plaintiff alleges personal jurisdiction over API in Oklahoma.  (*See* FAC at 24, ¶94 (Doc. #19).)  The case is pending in the Northern District of Ohio, and it is that Court that plaintiffs ask to assert jurisdiction over API in the first instance. Regardless of whether personal jurisdiction is asserted over API in Ohio or Oklahoma, the result is the same. There is no personal jurisdiction over API in either state with respect to any claims alleged against API by plaintiff in the FAC.

A prerequisite to a court's exercise of personal jurisdiction over a defendant is effective service.  *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 105 (1987) (noting service is a prerequisite to a court's exercise of personal jurisdiction); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) ("[J]urisdiction may not be obtained unless process is served in compliance with applicable law.").  Here, plaintiff has not served API in compliance with applicable law and, for that reason alone, the FAC must be dismissed as to API as the Court lacks of personal jurisdiction over it.

In addition, the Court's exercise of personal jurisdiction over API would not be consistent with due process requirements.  A court may exercise personal jurisdiction over a defendant only when that exercise is consistent with the due process requirements of the United States Constitution.  "[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."  *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).

It would offend all notions of fair play and substantial justice to require API to be hauled into court in Ohio or Oklahoma, states with which it has no contacts.  API is not "at home" in Ohio or Oklahoma, and therefore, it is not subject to the jurisdiction of courts in Ohio or

Oklahoma. *See Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, 137 S. Ct. 1773 (2017); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Walden v. Fiore*, 134 S. Ct. 1115 (2014); *Goodyear Dunlop v. Brown*, 564 U.S. 915 (2011); *J. McIntyre*, 564 U.S. 873.

### 1. Standards for the Exercise of Personal Jurisdiction

In addition to proper service, courts may exercise personal jurisdiction over a non-resident defendant only if the requirements of both the due process clause of the Fourteenth Amendment to the United States Constitution and the state's long-arm statute are satisfied. The Oklahoma Supreme Court has stated that the "intent of the long-arm statute is to extend the jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the Oklahoma Constitution and the due process clause of the United States Constitution." *Mastercraft Floor Covering, Inc. v. Charlotte Flooring, Inc.*, 2013 OK 87, ¶10, 313 P.3d 911 (2013). In Ohio, personal jurisdiction over a non-resident exists only if the long arm statute confers jurisdiction and jurisdiction is proper under the Due Process Clause. *Garlock v. Ohio Bell Tel. Co. Inc.,* No. 1:13-cv-02200, 2014 WL 2006781, at *3 (N.D. Ohio, May 5, 2014). As a result, the requirements of the Ohio and Oklahoma long-arm statute are met only where the exercise of personal jurisdiction over a non-resident defendant comports with due process. *Id.*

In recent years, the United States Supreme Court confirmed long-standing personal jurisdiction jurisprudence in five separate decisions. *See Bristol-Myers Squibb*, 137 S. Ct. 1773; *Daimler*, 134 S. Ct. 746; *Walden*, 134 S. Ct. 1115; *Goodyear*, 564 U.S. 915; *J. McIntyre*, 564 U.S. 873. Three of those decisions (*Bristol-Myers Squibb*, *Walden*, and *J. McIntyre*) involved specific personal jurisdiction; while *Daimler* and *Goodyear* involved general personal jurisdiction. In all five decisions, however, the Court discussed the requirements and limitations of both specific and general jurisdiction.

4

In its decisions, the Court reiterated that to satisfy the due process requirement when attempting to assert personal jurisdiction over an out-of-state defendant, the plaintiff must prove that the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Walden*, 134 S. Ct. at 1121 (*quoting Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)); *see also Daimler*, 134 S. Ct. at 754; *Goodyear*, 131 S. Ct. at 2853; *J. McIntyre*, 131 S. Ct. at 2787.  The "fair play and substantial justice" component of the due process inquiry requires a showing of facts that support either general or specific personal jurisdiction that is constitutionally permissible.  *See Goodyear*, 131 S. Ct. at 2853.  Thus, in order to establish personal jurisdiction that satisfies constitutional requirements, plaintiff is required to show that specific or general jurisdiction exists as to API.  Plaintiff cannot make either showing.

### 2. The Court Lacks Jurisdiction over API

#### a. *General Jurisdiction Does Not Exist over API*

General jurisdiction may be exercised over a defendant only where that defendant is "at home in the forum State." *Daimler*, 134 S. Ct. at 754; *Goodyear*, 564 U.S. at 919.  For a corporation, "home" is where it is incorporated and where it maintains its principal place of business. *See Goodyear*, 564 U.S. at 924.  Indeed, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre*, 564 U.S. at 881.

As acknowledged by plaintiff (FAC, ¶ 38), and as established by the Hirt Declaration, API is organized and existing under the laws of Delaware and its principal place of business is in New Jersey.  (Hirt Decl., ¶ 3.)  Accordingly, API is not at home in Ohio or Oklahoma and is not

5

subject to general jurisdiction in either Ohio or Oklahoma courts. *See Goodyear*, 564 U.S. at 924; *see also Daimler*, 134 S. Ct. at 760.

### b. *Specific Jurisdiction Does Not Exist Over API*

For specific jurisdiction to exist, the cause of action must arise out of or relate to the nonresident defendant's contacts with the state. "Specific jurisdiction … depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State …." *Goodyear*, 564 U.S. at 919 (internal quotations omitted); *Bristol-Myers Squibb*, 137 S. Ct. at 1776. In other words, specific jurisdiction arises only if the defendant's activities in the state were "purposefully" directed to the forum and the litigation involves injuries that allegedly "arise out of or relate to those activities." *Daimler*, 134 S. Ct. at 754; *see also Walden*, 134 S. Ct. at 1122; *Goodyear*, 564 U.S. at 924; *J. McIntyre*, 564 U.S. at 880. Without proving that the cause of action arose from acts of API within Ohio or Oklahoma, plaintiff cannot establish specific jurisdiction.

Plaintiff has not pled any facts (as opposed to conclusory allegations) that if proven true would satisfy the purposeful availment requirement of specific jurisdiction. That is not surprising because there are no facts establishing that API purposefully availed itself of the benefits of doing businesss in Ohio or Oklahoma. But the Court need not reach those issues because plaintiff cannot show that its claims arise out of any purported activities of API within Ohio or Oklahoma. The claims plaintiff attempts to allege in the FAC against API are based on the premise that API manufactured, promoted, sold or supplied prescription opioid medications within Oklahoma. As demonstrated by the Hirt Declaration, however, API has not done any of those activities in Oklahoma (or anywhere). Further, plaintiff's FAC allegations are directed at periods before API came into existence less than a year ago on October 4, 2017. (*See* FAC at

6

30, ¶110 (discussing alleged conduct of "Marketing Manufacturer Defendants" in "late 1990s and early 2000s"; and at 33-34, ¶¶116-123 (discussing alleged conduct of "Marketing Manufacturer Defendants" from 2004-2016) (Doc. #19).) For these reasons, individually and collectively, plaintiff cannot establish specific jurisdiction of this Court (or a court in Oklahoma) over API.

By itself, those facts demonstrate plaintiff cannot establish specific jurisdiction over API.

## IV. CONCLUSION

Based on the foregoing, Amneal Pharmaceuticals, Inc., requests an order dismissing the claims against it with prejudice.

Dated: August 31, 2018               Respectfully submitted,

By: */s/ Paul J. Cosgrove*
Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
Email:  jpeck@ulmer.com

ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Paul J. Cosgrove*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL No. 2804<br><br>Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Hon. Dan Aaron Polster |
| *The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,*<br><br>Case No. 1:18-op-45459-DAP | ) ) ) | |

### DECLARATION OF SHELDON V. HIRT

I, Sheldon V. Hirt, hereby declare:

1. I am the Company Secretary of Amneal Pharmaceuticals, Inc., and make this declaration in my capacity as the Company Secretary. As a result of my experience and my role as the Company Secretary of Amneal Pharmaceuticals, Inc., I am personally familiar with the organization, existence, and general activities of Amneal Pharmaceuticals, Inc.

2. I have personal knowledge, including personal knowledge gained through corporate sources of the matters stated in this Declaration.

3. Amneal Pharmaceuticals, Inc., was incorporated on October 4, 2017, under the laws of Delaware. Its principal place of business is in Bridgewater, New Jersey.

4. Amneal Pharmaceuticals, Inc., is a holding company and it has not manufactured, sold, promoted or supplied any prescription medications, including prescription opioid medications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of August 2018

Sheldon V. Hirt
Secretary