# EXHIBIT A



Sanford Heisler Sharp, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7000
Fax: (615) 434-7020
www.sanfordheisler.com

*Kevin H. Sharp*, Nashville Managing Partner
(615) 434-7000
ksharp@sanfordheisler.com

New York | Washington D.C. | San Francisco| San Diego | Nashville

January 26, 2018

**VIA EMAIL**
Joseph F. Rice
Motley Rice LLC
jrice@motleyrice.com

Paul T. Farrell, Jr.
Greene Ketchum Farrell Bailey & Tweel LLP
paul@greeneketchum.com

Paul J. Hanly, Jr.
Simmons Hanly Conroy LLC
phanly@simmonsfirm.com

Re: Proposal of a Fourth Pharmacy Benefit Manager ("PBM") Track for *In Re: National Prescription Opiate Litigation*, Case No. 17-md-2804 (N.D. Ohio)

Dear Counsel:

Sanford Heisler Sharp and The Cicala Law Firm PLLC are collaborating on a number of matters related to the national opioid crisis. Yesterday we filed a complaint on behalf of Webb County, Texas, in the United States District Court for Southern District of Texas, Laredo Division. We anticipate that our Webb matter will shortly be transferred to the MDL and we will support that transfer. The Cicala Law Firm is lead counsel in the case; Sanford Heisler Sharp is co-counsel. Other cases involving our firms will follow in federal and/or state court on behalf of other public entities.

Because of the high likelihood that our claims will be rolled into the MDL, we write to propose an additional track to the organizational structure moving forward.

As in so many of the cases already pending before Judge Polster and around the country, Webb County has named opioid manufacturers and distributors as defendants engaged in an unlawful scheme to promote opioid utilization, leading to staggering consequences for communities and individuals nationwide. As counsel addressing the harm that has resulted from this heartless and intentional effort to place profit over public safety and legal obligation, we are all familiar with the enormous damage opioid addiction has caused – economic and social – cutting across all demographics.

However, unlike any matter filed to date, Webb County has also named Pharmacy Benefit Managers ("PBMs") as defendants complicit in this scheme. Our perspective is that any effort to address

the harm inflicted by the opioid crisis, or to abate the crisis, must include, at minimum, the nation's three largest PBMs (Caremark, Optum Rx, and Express Scripts) who control somewhere between 80% and 95% of all pharmacy claims in the United States and have been essential to the dissemination of opioids through formulary placement. The opioid manufacturers' and distributors' scheme described in the cases consolidated into this MDL to date would have failed entirely without the direct assistance – and complicity – of the PBMs. In other words, opioids could not have reached the communities seeking redress here absent the PBMs.

We also know that PBMs' complicity in the scheme has not been inadvertent and that PBMs have profited mightily from their opioid-related activities. Given the financial relationships between PBMs and the opioid manufacturers, the inducements provided to ensure favorable formulary treatment for the drugs at issue in these matters, the vital role of PBMs in the opioid manufacturers' scheme is unmistakable. Our Webb pleading describes in detail the nature of PBMs' role in the scheme, and demands that PBMs contribute to the damages recovered, including the costs of abatement.

We are aware that Judge Polster seeks, in the first instance, to abate the flow of opioids into American communities. It is virtually impossible to meaningfully accomplish that without the presence of those who control the flow – the PBMs, through their formularies – in the courtroom. Even apart from the Court's stated initial objective, as described in the Webb complaint, it is our view that PBMs are necessary parties to the legal claims being advanced. The Court's January 9, 2018 Minutes tell us that it has "directed Defense Counsel to bring a representative group of Insurers to the conference." The PBMs, as you know, routinely interface with insurance companies in connection with their pharmacy benefit services. The Court's request of Defense Counsel is consistent with its remarks in earlier transcripts emphasizing that all involved in pharmacy distribution bear some responsibility for the instant crisis. It seems plain to us that the Court's ameliorative objective – and the plaintiffs' settlement leverage – would both be well served if all responsible parties are named outright as defendants, not merely invited to appear as a "representative group" by other defendants.

We see that the initial MDL organization contemplates three defendant tracks: manufacturers, distributors, and individual physicians. We send this communication not only to inform you of our Webb filing and the introduction of PBMs into this litigation, but also to propose a fourth PBM track.

Apart from the benefits identified above, the PBMs' unique position in the pharmacy marketplace as well as the information that only they can provide in discovery with respect to their formularies, reimbursements, and customer communications all illustrate the merits of adding a fourth track to the MDL's organizational structure as this complicated litigation unfolds. We see the inclusion of the PBM track as a manageable, necessary, and beneficial addition given Judge Polster's stated objectives and our appreciation of the important role his Honorable Court has in addressing this matter of enormous national public concern.

Sanford Heisler Sharp and The Cicala Law Firm are singularly positioned to manage the fourth PBM track described given our origination and development of the unique PBM claims and our understanding of PBM operations. Additionally, and importantly, the attorneys involved from each firm

January 26, 2018
Page 3 of 3

have substantial experience in complex healthcare litigation, including representation of governmental entities in protracted multi-jurisdiction proceedings and MDLs.

We would welcome the opportunity to discuss this proposal with you all in advance of the hearing set for January 31, 2018. Please feel free to contact Kevin or Joanne, or perhaps we can meet in person the evening before Judge Polster's hearing. More generally, we look forward to coordinating with you all on this important litigation to the benefit of all our clients.

In all events, we will see you next Wednesday in Cleveland.

Sincerely,

Kevin H. Sharp
Sanford Heisler Sharp, LLP
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7001
Fax: (615) 434-7020
ksharp@sanfordheisler.com

Joanne Cicala
The Cicala Law Firm PLLC
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

Cc:
David Sanford
Ross B. Brooks

# The Cicala Law Firm PLLC

January 31, 2018

**VIA ELECTRONIC FILING**

The Honorable Judge Dan Aaron Polster
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re: Webb County, Texas Opioid Litigation and PBM Defendants
*County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 5:18-cv-00011 (S.D. Tex.)
*In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (N.D. Ohio)

Dear Judge Polster:

My firm is lead counsel to Webb County, Texas which filed the enclosed complaint last Thursday, January 25, 2018 in the United States District Court, Southern District of Texas, Laredo Division. Sanford Heisler Sharp, LLP, of Nashville and New York City, is co-counsel to my firm in the Webb matter.

We know that the Court is in the midst of a full-day closed hearing in the above-referenced multi-district litigation ("MDL") but nevertheless wished to communicate the existence of our Webb County pleading. Webb County names a critical defendant group — pharmacy benefit managers ("PBMs") — that no other plaintiff before this Honorable Court has yet named. It is our view that PBMs are necessary parties to any effort to abate the opioid crisis and to address the legal issues presented by these matters of public importance. We know that abatement and constructive solutions to this crisis are at the forefront of this Court's mind.

The Sanford firm and I reached out to the MDL Plaintiffs' Co-Lead Counsel last week after the Webb complaint was filed to discuss the inclusion of PBMs in this litigation, including today's hearing, and any abatement efforts being considered. Co-Lead Counsel responded that today's hearing was closed, but there would be future opportunities for us to present our perspective to your Honor.

We certainly respect the position of Co-Lead Counsel. However, we have read your Honor's numerous comments that the Court seeks to have all responsible parties in the Courtroom. In addition, in today's Law360 article, the Court is quoted as saying that it is "open to suggestions from the lawyers and the parties on how to manage the case."[1] Given these remarks, we felt the inclusion of PBMs in these matters was of sufficient importance to warrant bringing it to the Court's immediate attention.

---

[1] Emily Field and Jeff Overley, *Meet The Judge Who's Steering The Epic Opioid MDL*, Law360 (Jan. 30, 2018), https://www.law360.com/articles/1003044/meet-the-judge-who-s-steering-the-epic-opioid-mdl

Judge Polster
January 31, 2018
Page 2

      In the interest of efficiency, we specifically direct the Court to the Introduction and the "PBM Factual Allegations" sections of the enclosed pleading.

      We thank your Honor for consideration of our perspective.

Respectfully submitted,

Joanne Cicala
THE CICALA LAW FIRM PLLC

Enclosure

cc:    Joseph F. Rice (jrice@motleyrice.com)
        Paul T. Farrell, Jr. (paul@greeneketchum.com)
        Paul J. Hanly, Jr. (phanly@simmonsfirm.com)
        Kevin H. Sharp (ksharp@sanfordheisler.com)
        Ross B. Brooks (RBrooks@sanfordheisler.com)



# The Cicala Law Firm PLLC

March 6, 2018

**VIA ELECTRONIC FILING**

The Honorable Judge Dan Aaron Polster
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re: Halting the flow of Opioids, Data & PBM Defendants
Webb County, Texas Opioid Litigation and PBMs
*County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 1:18-op-45175 (N.D. Ohio)
*In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (N.D. Ohio)

Dear Judge Polster:

My firm is lead counsel to Webb County, Texas which is the only plaintiff in this MDL – and perhaps the country – who has named Pharmacy Benefit Managers ("PBMs") as defendants in any opioid litigation. PBMs control which opioids are dispensed and reimbursed by Medicare, Medicaid and private insurers. They possess the data the Court and plaintiffs are seeking – at the NDC level – regarding whose drugs were dispensed into which community. They have the power to halt the flow of opioids immediately by adjusting their formularies to prevent ongoing improper opioid distribution. The nation's three largest PBMs (Express Scripts, OptumRx and Caremark) alone control pharmacy reimbursement for over 250 million Americans.

Your Honor has repeatedly said that the Court's first priority is to stop the pain caused by this crisis. The PBMs are uniquely situated to do just that, and to produce the data everybody wants. The legal and financial consequences of what they and the other named defendants have done can be addressed afterwards, just as the Court has said.

Respectfully submitted,

Joanne Cicala
THE CICALA LAW FIRM PLLC

cc: Joseph F. Rice (jrice@motleyrice.com)
Paul T. Farrell, Jr. (paul@greeneketchum.com)
Paul J. Hanly, Jr. (phanly@simmonsfirm.com)
Kevin H. Sharp (ksharp@sanfordheisler.com)
Ross B. Brooks (RBrooks@sanfordheisler.com)

# The Cicala Law Firm PLLC

March 16, 2018

**VIA EMAIL**

David Rosenblum Cohen, Esq.
Law Office of David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, Ohio 44122
david@davidrcohen.com

Francis E. McGovern II, Esq.
401 West Alabama Avenue
Houston, Texas 77006
mcgovern@law.duke.edu

Catherine A. Yanni, Esq.
2 Embarcadero Center, Ste. 1500
San Francisco, California 94111
cathy@cathyyanni.com

Re: <u>Suggestions from Webb County, Texas Regarding the Appropriate Timing and Scope of Discovery for Litigation Track</u>
*County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 1:18-op-45175 (N.D. Ohio)
*In Re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (N.D. Ohio)

Dear Special Masters Cohen, McGovern and Yanni:

Plaintiff, the County of Webb ("Webb"), by and through its counsel, respectfully submits this statement pursuant to the Court's Minutes of 3/6/2018 Conference and Order (Dkt. No. 170, Filed 3/7/2018).

Webb anticipates that the Plaintiff Co-Leads, Co-Liaison and/or Executive Committee of this MDL will propose a CMO that permits discovery as to the claims they and others in the MDL have advanced against opioid manufacturers, wholesalers, certain doctors and retailers. Webb will participate in that discovery in the ordinary course.

In addition, however, Webb respectfully requests that any CMO entered by this Court also permit Webb to timely conduct the additional discovery Webb requires to advance its claims against Pharmacy Benefit Managers ("PBMs"), a defendant group that only Webb has named. That discovery will include, among other relevant information, documents related to the creation of PBM formularies and data informing as to which opioids were paid for or reimbursed within

Special Masters
March 16, 2018
Page 2

the State of Texas, and Webb County, in particular; when; in what quantities; and to whom (using unique, HIPAA-compliant patient identifiers). Webb would be pleased to provide additional detail regarding this discovery, or the essential role of PBMs as defendants in this litigation, if helpful.

Respectfully submitted,

Joanne Cicala
THE CICALA LAW FIRM PLLC
*Lead Counsel for Plaintiff County of Webb*

cc: Kevin H. Sharp, Esq. (ksharp@sanfordheisler.com)
    Ross B. Brooks, Esq. (RBrooks@sanfordheisler.com)
    SANFORD HEISLER SHARP LLP
    *Co-Counsel to County of Webb*