**PARISH GUY CASTILLO, PC**
William H. Parish (State Bar No. 95913)
parish@parishlegal.com
1919 Grand Canal Boulevard, Suite A-5
Stockton, California  95207-8114
Telephone:  (209) 952-1992
Facsimile:   (209) 952-0250

**LAW OFFICES OF FRANCIS O. SCARPULLA**
Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:  (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Attorneys for Plaintiffs*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | 1:17-md-02804-dap<br>MDL No. 2804<br>Judge Dan Aaron Polster |
| This Document Relates To:<br><br>COUNTY OF SAN JOAQUIN, CITY OF STOCKTON, and MONTEZUMA FIRE PROTECTION DISTRICT,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC. TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC. ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC.; McKESSON CORPORATION; and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | Case No. 1:17-op-45017-DAP<br><br>**PLAINTIFFS' OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET; and MEMORANDUM IN SUPPORT OF OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET** |

1
PLAINTIFFS' OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET; and MEMORANDUM IN SUPPORT OF OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET

## OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET

Plaintiffs County of San Joaquin, City of Stockton, and Montezuma Fire District subject to their motion to remand, objects to filing responses to the government plaintiff fact sheet for the reasons set forth in the accompanying memorandum in support of objections to filing responses to the government plaintiff fact sheet.

Plaintiffs respectfully request that the Court sustain Plaintiffs' objections as set forth in Plaintiffs' memorandum submitted in support of Plaintiffs' objections.

## MEMORANDUM IN SUPPORT OF OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET

Plaintiffs County of San Joaquin, City of Stockton, and Montezuma Fire District submit the following memorandum of points and authorities in support of their objections to filing responses to the government plaintiff fact sheet:

## STATEMENT OF FACTS

Plaintiffs are public entities located in the state of California. Plaintiffs filed this action to recover the multi-million dollar expenses Plaintiffs' have incurred in treating the opioid epidemic that Defendants created. Plaintiffs sued manufacturers and distributors in California state court. Among the defendants named in Plaintiffs' action is McKesson Corporation ("McKesson"). McKesson is a distributor of opioids and its principal place of business is located in California.

Defendants, excluding McKesson, removed this case to the District Court for the Eastern District of California asserting that McKesson had been fraudulently joined in the action and, therefore, the District Court had authority to act on the basis of diversity jurisdiction. Plaintiffs filed a timely motion to remand. Plaintiffs' case was transferred to this Court without a ruling on the motion to remand. Plaintiffs motion to remand remains pending before this Court. Plaintiffs assert that there is no basis for the exercise of federal jurisdiction regarding this matter.

///

///

## GOVERNING LAW

The foundational legal principles upon which this motion is based were succinctly described by the Court in an order dated August 23, 2018 (MDL 2804, Doc. 899):

> Moreover, the United States Supreme Court has consistently held that the federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U. S. 375, 377 (1994)). Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal bears the burden of demonstrating that removal is proper. *Coyne,* 183 F.3d at 495.

While the *State of Montana* order from which this quotation was borrowed involved an issue of federal question jurisdiction, the parameters within which federal courts may assume subject matter jurisdiction over a proceeding are accurately described by this order.

This Honorable Court previously faced the identical legal question in the Gadolinium MDL, as explained in *Geffen v. General Elec. Co.,* 575 F. Supp. 2d 865 (N.D. Ohio 2008). In that proceeding, as in the case at bar, a mass tort lawsuit was removed to federal court by one of several defendants on the basis of diversity of citizenship. There, as here, the plaintiff had joined citizens of the Plaintiffs state of residence. The removing defendant relied upon a novel "misjoinder" argument that would have the court ignore the presence of the citizen defendants by using severance to create diversity. Your Honor declined to adopt this reasoning, stating:

> Instead, the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance. The state court is also then in a position to potentially address a motion to sever the parties and claims for further proceedings. *See Osborn,* 341 F.Supp.2d at 1127 ("I thus conclude that the better rule would require [the removing defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court."). Here, the California state court is in the best position to determine if the Geffens appropriately joined the Medical Defendants under California's liberal joinder laws, and, if not, whether the proper remedy is to sever *872 the parties and claims into two different cases.

*Id.* at 871-72 (footnotes omitted).  The same outcome is appropriate in the case under consideration. Thus, as urged in their motion to remand, Plaintiffs continue to proclaim that their lawsuit should be remanded to California state court for further action. In the interim, respectfully, this Honorable Court is without

jurisdiction or authority to order Plaintiffs to complete and file the fact sheet or to otherwise participate in MDL 2804.

## LACK OF JURISDICTION AND, THEREFORE, DUE PROCESS

Plaintiffs have been thwarted from prosecuting its claims because it was involuntarily and wrongfully removed to federal court without the removing parties presenting even a scintilla of proof of diversity jurisdiction. The diversity statute - 28 U.S.C. § 1332 - requires "complete diversity," meaning that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

The removing defendants failed to produce evidence to satisfy the above requirements in the case at bar. McKesson headquarters is located in California. The Judicial Panel on Multi-District Litigation has determined that the opioid litigation will "implicate common fact questions as to the allegedly improper marketing and widespread diversion of prescription opiates into states, counties and cities across the nation" and that actions involve common factual questions about, inter alia, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates...." (MDL 2804, Doc. 328). Hence, the joinder of manufacturers and distributors is appropriate.

"The burden of proving all jurisdictional facts is on the party asserting jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.,* 298 U.S. 178, 189 (1936)). The removing party bears the burden of establishing federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Federal Rule 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Fed. R. Civ. P.* 12(h)(3). Thus, a court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim

4
PLAINTIFFS' OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET; and MEMORANDUM IN SUPPORT OF OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET

in the suit." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007).  All courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

A federal court has continuing authority to determine whether it has jurisdiction to hear a particular case. *United States v. Ruiz,* 536 U.S. 622, 628 (2002); *United States v. Mine Workers of Am.,* 330 U.S. 258, 291 (1947). The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  "*Arbaugh,* 546 U.S. at 506; *see also Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.,* 509 F.3d 271, 272 (6th Cir. 2007).

At the time the removal petition was filed by the defendants, these defendants knew that at least one of the defendants, McKesson, was a citizen of California and that there is no legitimate basis for federal jurisdiction.  Nevertheless, defendants asserted that McKesson was fraudulently joined in the action.  The "fraudulently misjoinder" claim is belied by the hundreds of cases, many now pending in this Court, that name McKesson as a defendant.  This court's ruling in the Gadolinium litigation concluded:

> Conducting fraudulent misjoinder analysis in this case necessarily requires the Court to wade into a thorny thicket of unsettled law; disagreements exist as to numerous questions about the doctrine, and "the last thing the federal courts need is more procedural complexity." *Osborn,* 341 F.Supp.2d at 1127. Whether to apply the doctrine in the first place, whether the doctrine requires egregious misjoinder or some other level of bad faith before it can be invoked, whether to apply state or federal joinder law, and whether a federal court should be deciding issues of state joinder law in the first instance are among the unresolved inquiries the Court declines to decide here.

*Geffen v. General Elec. Co., 575* F. Supp. 2d at 871. Nonetheless, the removing parties presented no evidence of misjoinder under the California Code of Civil Procedure, no evidence of egregious conduct by the Plaintiffs, and no evidence the joinder was calculated solely to defeat jurisdiction.

///

///

# CONCLUSION

For all of the foregoing reasons, Plaintiffs request that their objection be sustained.

**DATED**:  September 14, 2018           **PARISH GUY CASTILLO, PC**


By_____/s/William H. Parish_____
   **WILLIAM H. PARISH**
   Attorneys for Plaintiffs


**DATED**:  September 14, 2018           **LAW OFFICES OF FRANCIS O. SCARPULLA**


By_____/s/Francis O. Scarpulla_____
   **FRANCIS O. SCARPULLA**
   **PATRICK B. CLAYTON**
   Attorneys for Plaintiffs

**Additional Counsel:**

**J. Mark Myles**
*jmyles@sjgov.org*
County Counsel
San Joaquin County
44 North San Joaquin Street
Sixth Floor, Suite 679
Stockton, CA  95202
Telephone: (209) 468-2980
Facsimile: (209) 468-0315

*Counsel for San Joaquin County*

**John M. Luebberke**
*John.luebberke@stoctkonca.gov*
City Attorney
City of Stockton
425 North El Dorado Street, Second Floor
Stockton, CA  95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

*Counsel for City of Stockton*

PLAINTIFFS' OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET; and MEMORANDUM IN SUPPORT OF OBJECTIONS TO FILING RESPONSES TO THE GOVERNMENT PLAINTIFF FACT SHEET