# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| **This document relates to:** | Master Docket No.: 1:17-MD-02804-DAP |
| Case No. 1:18-op-45459-DAP | Hon. Judge Dan A. Polster |
| THE MUSCOGEE (CREEK) NATION, | |
| PLAINTIFF, | JURY TRIAL DEMANDED |
| v. | |
| PURDUE PHARMA L.P., *et al.*, | |
| DEFENDANTS. | |

**MOTION TO SUBSTITUTE OPERATING ENTITIES AMNEAL PHARMACEUTICALS LLC AND AMNEAL PHARMACEUTICALS OF NEW YORK, LLC IN PLACE OF HOLDING COMPANY AMNEAL PHARMACEUTICALS, INC.**

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff in the above-captioned case hereby moves (1) to add Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (collectively, the "Amneal Operating Entities") as Defendants in this case in place of Amneal Pharmaceuticals, Inc. (the "Amneal Holding Company"), and (2) provided that the Amneal Operating Entities are added, to dismiss the Amneal Holding Company without prejudice.

**BACKGROUND**

On July 9, 2018, the Muscogee (Creek) Nation (the "Nation") filed an amended complaint in which it named the Amneal Holding Company as a Defendant. On August 31, 2018, the Amneal Holding Company moved to dismiss for lack of personal jurisdiction, arguing that it is a holding company and has not manufactured, sold, promoted, or supplied any prescription medications, including prescription opioid medications. *See* Mot. to Dismiss Pl.'s First Am. Compl. 2, ECF No.

50 ("Amneal's Motion to Dismiss").[1]  If this motion is granted, Amneal's Motion to Dismiss will be moot.  It is Plaintiff's understanding that the Amneal Operating Entities manufacture, sell, promote, or supply prescription medications, including prescription opioid medications, including in Oklahoma, where the Nation is located, and are therefore subject to the Court's jurisdiction.  Plaintiff further understands that the Amneal Holding Company and the Amneal Operating Entities are all represented by the same counsel ("Counsel for Amneal"), and that the Amneal Operating Entities are aware of the basis for the Nation's claims.

In an effort to resolve Amneal's Motion to Dismiss without involving the Court, the Nation sought consent from Counsel for Amneal to substitute the Amneal Operating Entities in place of the Amneal Holding Company.  Counsel for Amneal withheld consent.

The Nation therefore now files this procedural motion seeking to substitute the Amneal Operating Entities, which were inadvertently omitted from the Nation's complaint, for the Amneal Holding Company, which was inadvertently included in the Nation's complaint.  It is Plaintiff's intent that this motion be without prejudice to any defenses, counterclaims, cross-claims, arguments, or other legal positions available to the Amneal Operating Entities

## **ARGUMENT**

Rule 21 provides:  "On motion or on its own, the court may any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  It is appropriate to add a party when that party has knowledge of the lawsuit and will not be required to expend significant resources to defend itself, particularly where the proposed party will merely join other pleadings. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, No. 1:07-CV-2036, 2008 WL 239550, at *4 (N.D. Ohio Jan. 28, 2008) (finding that "[t]he just and speedy resolution of this lawsuit will be enhanced by the addition of . . . a third

---

[1] Amneal also moved to dismiss based on a purported lack of service.  The Nation has responded to both arguments in the Consolidated Opposition to Motions to Dismiss being filed September 28, 2018.

party defendant and will not create additional expense or prejudice towards the parties"); *see also Morataya v. Metro RTA*, No. 5:17-CV-1133, 2017 WL 5495123, at *2 (N.D. Ohio Nov. 16, 2017) (granting motion to add additional party defendants even though "some additional discovery and an adjustment of the dates and deadlines may be necessary").

Plaintiffs in related proceedings routinely have used Rule 21 to substitute operating entities for holding companies, consistently with defendants' consent. *See, e.g.*, *In re: National Prescription Opiate Litigation*, Case No. 1:17-md-2804 (N.D. Ohio), ECF Nos. 637, 705, 706, 708, 709, 712, 763, 764, 793.

Here, the Amneal Operating Entities will be able to join defenses already raised by the Amneal Holding Company and other Defendants.  And, to the extent the Amneal Operating Entities will rely on unique defenses not already raised by the Amneal Holding Company and other Defendants, they are not prejudiced because no Answers to the Complaint have been filed.  At this stage of the litigation and under these circumstances, the requested substitution constitutes "just terms" under Rule 21.  Additionally, as explained in the Nation's Consolidated Opposition to Motions to Dismiss being filed September 28, 2018, substitution is a more appropriate and efficient avenue for resolving this dispute than dismissal, which would merely result in the Nation filing a separate lawsuit, because substitution reaches the same result while also "conserve[ing] judicial resources, reduc[ing] duplicative service, . . . and promot[ing] the just and efficient conduct of [the National Prescription Opiate Litigation]." *See* Case Management Order One § 1.a, *In re: National Prescription Opiate Litigation*, Case No. 1:17-md-2804 (N.D. Ohio), ECF No. 232.

## **CONCLUSION**

Wherefore, Plaintiff respectfully requests that the Court (1) add Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC as Defendants in this case in place of Amneal Pharmaceuticals, Inc., and (2) dismiss Amneal Pharmaceuticals, Inc. without prejudice.

3

Date: September 28, 2018

OF COUNSEL:

Gregory M. Utter
Joseph M. Callow, Jr.
Thomas F. Hankinson Sarah V. Geiger
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400 Cincinnati, OH 45202
gmutter@kmklaw.com
jcallow@kmklaw.com
thankinson@kmklaw.com
sgeiger@kmklaw.com

Richard W. Fields
FIELDS PLLC
1700 K Street, NW, Suite 810
Washington, DC 20006
fields@fieldslawpllc.com

Lloyd B. Miller
Donald J. Simon
Whitney A. Leonard
SONOSKY CHAMBERS SACHSE ENDRESON & PERRY, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
lloyd@sonosky.net
dsimon@sonosky.net
whitney@sonosky.net

William S. Ohlemeyer
Patricia Melville Tyler Ulrich
Stephen N. Zack
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
wohlemeyer@bsfllp.com
pmelville@bsfllp.com
tulrich@bsfllp.com
szack@bsfllp.com

/s/ Kevin Dellinger
Attorney General Kevin Dellinger, OBA #15612
MUSCOGEE (CREEK) NATION
P.O. Box 580 Okmulgee, OK 74447
kdellinger@mcnag.com


/s/ Joseph M. Callow, Jr.
Scott D. Gilbert
Richard Shore Peter Meringolo Michael B. Rush Jenna A. Hudson
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
gilberts@gotofirm.com
shorer@gotofirm.com
meringolop@gotofirm.com
rushm@gotofirm.com
hudsonj@gotofirm.com


*Attorneys for the Muscogee (Creek) Nation*

4

## CERTIFICATE OF SERVICE

      I, Jenna A. Hudson, hereby certify that on September 28, 2018 the foregoing document was served via the Court's ECF system to all counsel of record.

                                                /s/ *Jenna A. Hudson*
                                                Jenna A. Hudson

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:18-op-45459-DAP<br><br>THE MUSCOGEE (CREEK) NATION,<br><br>        PLAINTIFF,<br><br>v.<br><br>PURDUE PHARMA L.P., *et al.,*<br><br>        DEFENDANTS. | MDL No. 2804<br><br>Master Docket No.:<br>1:17-MD-02804-DAP<br><br>Hon. Judge Dan A. Polster<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE OPERATING ENTITIES AMNEAL PHARMACEUTICALS LLC AND AMNEAL PHARMACEUTICALS OF NEW YORK, LLC IN PLACE OF HOLDING COMPANY AMNEAL PHARMACEUTICALS, INC. |

Plaintiff Muscogee Creek Nation moves for leave to file a motion to (1) add Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (collectively, the "Amneal Operating Entities") as Defendants in this case in place of Amneal Pharmaceuticals, Inc. (the "Amneal Holding Company"), and (2) provided that the Amneal Operating Entities are added, dismiss the Amneal Holding Company without prejudice.

The Court finds that the terms substituting the Amneal Operating Entities as Defendants in place of the Amneal Holding Company are just within the meaning of Rule 21.

Plaintiff's Motion for Leave to File Motion Substituting Amneal Defendants is hereby GRANTED.

    IT IS SO ORDERED.

Dated: _____

                                              _____
                                              HON. DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE