# EXHIBIT L

IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

STATE OF OKLAHOMA,          )
                           )
            Plaintiff(s)   )
                           )
v.                         )        Case No. CJ 96-1499
                           )
R.J. REYNOLDS, et al.      )
                           )
            Defendant(s)   )

STATE OF OKLAHOMA }
CLEVELAND COUNTY } S.S

F I L E D In The
Office Of The Court Clerk

AUG 28 1998

DOCKET ___ PAGE ___ RECORDED

Rhonda Hall, Court Clerk
_____ DEPUTY

# ORDER AND OPINION

## I. DEFENDANT BATCO'S MOTION TO APPLY FOREIGN PRIVILEGES

Defendant BATCO seeks by this motion to assert (A) the legal-professional privilege
and (B.) the patent agent privilege under English law.  This defendant seeks protection by
way of privilege in addition to asserting attorney client work-product and the joint defense
privilege under Oklahoma law.

The legal-professional privilege asserted by defendant is divided into two classes, (i)
"litigation materials" -- -- being documents that are only privileged if litigation was
contemplated or pending when they were made or came into existence, and (ii) "lawyer-
client materials" -- -- which are documents that are privileged whether or not litigation was
contemplated or pending whenever made or came into existence.

As defendant asserts, "litigation materials" is a similar concept to the attorney-client
privilege as it relates to litigation and work-product privilege doctrines under Oklahoma law.
The "lawyer-client" material privilege is also similar to the attorney-client privilege in a non-
litigation context.

As to the question of whether or not the English legal privileges should be recognized

by this court, I find as follows.

Considering the legal-professional privilege first, defendant's motion to recognize this English privilege doctrine is **DENIED** with the following findings: applying the Restatement (2d) Conflicts of Laws considerations, I find that there is little need to apply the English privilege concept, as it is virtually identical to Oklahoma's attorney-client privilege and work product privilege. I find that Oklahoma privilege law provides sufficient privilege protection to this defendant, that Oklahoma conflicts law favors applying Oklahoma law where possible and, as occurs here, the reasonable expectations of protection are met without having to apply the foreign law. Defendant is afforded certainty of determination of privilege issues based on the same legal considerations afforded all defendants in this case which encourages consistency of legal privilege determinations and application of privilege determinations as made by this court in the area of attorney-client and work product privilege. 12 O.S. §§ 2502; 3226(2).

With respect to the Foreign Patent Agent communication privilege, this court finds that this privilege assertion should not be recognized in this case, and this request is also **DENIED** consistent with this opinion.

It is well-settled that the party asserting the privilege bears the burden of proving the applicability of the privilege, and in this case, whether or not international concepts of comity should apply to recognize the Patent Agent privilege. The proponent must offer more than conclusory statements, and comity, in the legal sense, is not a matter of absolute right. In this case, defendant seeks application of the privilege for documents and communications generated for use in England and other continent countries, in the course of patent applications and related uses. It asks this court to recognize a privilege that does not exist in

U.S. jurisprudence, and, in effect, to create a new class of privileged documents, if recognized. This defendant asserts that these documents relate solely to activities outside the United States. However, this court finds that it would be unlikely that a patent document being drafted and processed for an international tobacco manufacturing company doing business in the United States that would not involve activities related to the citizens of the United States and which "touched base" with the state of Oklahoma. Thus, even though the patent agents' role was confined to England and other continent countries, the client's acivities were not, and the documents being withheld most likely may disclose relevant evidence concerning the issues involved in this case that directly touched citizens of Oklahoma.

I further find that to recognize this privilege would violate the expressed open and liberal discovery rules that exist in this State. Comity cannot be extended to a foreign law that violates the public policy in the state of Oklahoma with regard to liberal discovery described both in title 12 § 2102 and under the cases and statutes dealing with attorney client and work product privilege in § 2501, et seq. To recognize this privilege would provide a cloak of privilege to communications between this defendant and a person who is not an attorney which contravenes the public policy of this state as it relates to liberal versus restrictive discovery. I find recognition of the English patent agent privilege to be an unfair restraint on discovery in this case, in violation of our liberal discovery precedent. Therefore, under *Beard v. Viene*, 826 P. 2d 990, (Okla. 1992) and the Restatement 2d, Conflict of Laws, (1) application of the privilege violates Oklahoma public policy; (2) that the defendant in this case chose to do business within the United States, specifically the state of Oklahoma; knowing the laws that would apply by making that choice; (3).that considerations of certainty

and predictability are lost by not applying Oklahoma law as to all defendants; and (4) to apply such a privilege would involve complicated examination into the entire area of English Patent Agent privilege to be able to make determinations of exceptions, waiver, and other legal considerations dealing with proper application of the privilege.

## II. CERTAIN DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

These defendants seek partial adjudication on the issue of the state's claim alleging violations of the Oklahoma Consumer Protection Act. The state seeks recovery of damages for "consumer fraud, unlawful trade practices, deceptive trade practices and false advertising". I find that the defendant's motion for partial summary judgment must be **SUSTAINED** as a relates to the state's claim for damages under the Oklahoma Consumer Protection Act, title 15 O.S. Supp.1998, § 751, et seq .

This issue is really a matter of statutory construction. Oklahoma law is clear that where the language of the statute is plain and unambiguous in its meaning and is clear and unmistakable, there is no room for statutory construction. Where there is ambiguity, the court must seek to ascertain and follow legislative intent. Here, one ambiguity does exist. That involves the definition of "person" under § 752, and whether or not the term "any other legal entity" includes the state itself and its public agencies. I find that it does not. It is clear that the state seeks recovery of damages, as a part of this claim, to recover damages for increased medical expenses on behalf of state agencies as a public body. That any damages recovered would be paid into the state general fund and would not be paid directly to any "aggrieved consumer". The state is not bringing the action on behalf of an individual aggrieved consumer, but, asserts that under § 756.1(C)(2), this court may "make such orders or judgments as may be necessary to compensate any person for damages sustained," relying

4

on the above definition to include the state.  I find this to be an overly broad construction of the statute when the statute is read as a whole.  This act is designed to give aggrieved consumers statutory protection in consumer transactions.  Under § 756.1 (A) the Attorney General or a District Attorney is authorized to bring an action on behalf of an aggrieved consumer, in an individual action only.  The statute limits the authority to recover damages and civil penalties to these individual actions on behalf of consumers.  It seems clear that to define "person" as including a body politic, would create an irreconcilable conflict in the remedy provisions available.  The statute clearly provides separate and different remedies to the State and those that are available to the consumer.

As argued by the defendants, the statutory history is revealing in that the authority to bring an action for any type of redress was originally vested only in the Attorney General. Amendments later added authority to the District Attorneys and later created a private right of action in an individual.  I am guided by the reasoning in *Holbert v. Echeverria*, 744 P2d 960(Okla. 1987).  This case is the case that ultimately resulted in a private right of action being expressly included by legislative action in the statute.  Using the same reasoning, in effect, the state is seeking to create a right of action in the state and its agencies that does not now exist.  The Court in *Holbert*, supra, discussed that the Legislature expressed who should be able to bring an action under the act and, in that case, decided not to judicially confer a remedy on private individuals.  Similarly, this court should not create a right of action in the State based upon the state's argument concerning the definition of "person".

Review of other Oklahoma case law, in particular, *State v. Apco Oil Corp.*, 569 P2d 434 (1977), where the Supreme Court refused to include the state of Oklahoma within the meaning of "person" included in the Title 79 Anti-Trust Act, provides further precedent that

where the state Legislature intended to create a right of action in a body politic, it does so expressly.  Therefore, I must answer the question of whether or not concepts of statutory construction grant the State a claim for damages under the consumer protection act in the negative.

This motion was restrictive to considerations of summary adjudication on the issue of the state's claim for damages under the Consumer Protection Act only.  Summary adjudication is on this issue alone and does not reach any issues that may arise relating to the State's request for declaratory judgment, penalties, disgorgement of proceeds, injunctive relief or other relief authorized under the Consumer Protection Act.

**IT IS SO ORDERED this 26th day of August, 1998.**

William C. Hetherington, Jr.
District Judge

## CERTIFICATE OF MAILING

I hereby certify that on this _____ day of August, 1998, I forwarded a true and correct copy of the foregoing to the following, via facsimile transmission:

Yasodhara Mohanty
Assistant Attorney General
4545 N. Lincoln, Suite 260
Oklahoma City, OK 73105-3498
Fax: 528-1867

Henry A. Meyer, III
Pray, Walker, Jackman, Williamson &
Marlar
211 N. Robinson, Suite 1601
Oklahoma City, OK 73102
Fax: 236-0011

Preston A. Trimble
Attorney at Law
231 S. Peters
Norman, OK 73069
Fax: 321-9857

Richard C. Ford
Crowe & Dunlevy
1800 Mid-America Tower
20 N. Broadway
Oklahoma City, OK 73102-8273
Fax: 239-6651

Robert D. Tomlinson
McKinney, Stringer & Webster
Bancfirst Building
101 N. Broadway, Suite 800
Oklahoma City, OK 73102
Fax: 239-7902

George W. Dahnke
Abowitz & Rhodes
10th Floor, Colcord Bldg.
15 N. Robinson
Oklahoma City, OK 73102
Fax: 239-2843

_____
William C. Hetherington, Jr.

7