# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>**All cases**<br><br>ALLERGAN FINANCE, LLC,<br><br>        Third Party Plaintiff,<br><br>        v.<br><br>PFIZER INC. and KING PHARMACEUTICALS, INC., n/k/a KING PHARMACEUTICALS LLC,<br><br>        Third Party Defendants. | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**MEMORANDUM OF LAW IN SUPPORT OF PFIZER INC. AND KING PHARMACEUTICALS LLC'S MOTION TO DISMISS ALLERGAN FINANCE, LLC'S THIRD PARTY COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

I. The Third Party Complaint Must Be Dismissed Because the Agreement Establishes New York as the Exclusive Forum for These Claims ..................................... 4

    A. The Third Party Complaint Should Be Dismissed Under the Doctrine of Forum Non Conveniens ................................................................................. 4

        1. The Forum Selection Clause Is Valid and Enforceable ............................. 5

        2. Public Interests Do Not "Overwhelmingly Disfavor" Dismissal ............... 6

        3. Allergan Asserts No Legal Justification for Bringing This Action in Ohio ..................................................................................................... 8

    B. The Third Party Complaint Should Be Dismissed for Failure to State a Claim ................................................................................................................ 10

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Amto, LLC v. Bedford Asset Mgt., LLC*,
   168 F. Supp. 3d 556 (S.D.N.Y. 2016) .................................................................................. 5

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) ........................................................................................................... 4, 6

*D & S Consulting, Inc. v. Kingdom of Saudi Arabia*,
   322 F. Supp. 3d 45, 2018 WL 3995882 (D.D.C. 2018) ......................................................... 6

*Discount Drug Mart, Inc. v. Devos, Ltd.*,
   No. 1:12-cv-00386, 2013 WL 5820044 (N.D. Ohio Oct. 29, 2013) ..................................... 10

*In re Howmedica Osteonics Corp.*,
   867 F.3d 390 (3d Cir. 2017), *cert. denied*, 138 S.Ct. 1288 (2018) ......................................... 8

*In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010*,
   No. 2:10-md-2179, 2017 WL 5157533 (E.D. La. Nov. 7, 2017) ........................................... 8

*In re Qualcomm Antitrust Litig.*,
   292 F. Supp. 3d 948 (N.D. Cal. 2017) ................................................................................ 10

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
   No. 16-md-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ................................ 8

*Isaacs v. Prestige Packaging Co.*,
   No. 1:15-cv-430, 2016 WL 279113 (S.D. Ohio Jan. 22, 2016) ............................................. 9

*Langley v. Prudential Mortg. Capital Co., LLC*,
   546 F.3d 365 (6th Cir. 2008) .............................................................................................. 10

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ................................................................................................................ 5

*Ohio Savings Bank v. Manhattan Mortgage Company*,
   No. 1:04-cv-128, 2006 WL 2045891 (N.D. Ohio July 20, 2006) .......................................... 5

*Orthopaedic & Spine Ctr., LLC v. Henry*,
   No. 2:16-cv-0893, 2017 WL 6035234 (S.D. Ohio Dec. 6, 2017) ...................................... 4, 6

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ............................................................................................................ 7

*Quantlab Financial, LLC v. Tower Research Capital*, LLC,
   715 F. Supp. 2d 542 (S.D.N.Y. 2010) .................................................................................. 9

*Ricketts v. hybris AG*,
    No. 1:15-cv-277, 2015 WL 13679481 (N.D. Ohio June 19, 2015) ................................... 6, 7

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*,
    549 U.S. 422 (2007) ............................................................................................................ 4

*Smith v. Aegon Companies Pension*,
    769 F.3d 922 (6th Cir. 2014) ........................................................................................... 10

*Whirlpool Corp. v. Ohio Edison Co.*,
    No. 3:09-cv-735, 2009 WL 10690003 (N.D. Ohio Oct. 30, 2009) ..................................... 9

*Wong v. PartyGaming Ltd.*,
    589 F.3d 821 (6th Cir. 2009) ......................................................................................... 5, 6

**Statutes**

28 U.S.C. § 1331 ........................................................................................................................... 9

28 U.S.C. § 1332 ........................................................................................................................... 9

28 U.S.C. § 1367 ........................................................................................................................... 9

Third Party Defendants Pfizer Inc. and King Pharmaceuticals, Inc. n/k/a King Pharmaceuticals LLC ("King" and collectively with Pfizer Inc., "Pfizer") hereby move to dismiss the Third Party Complaint filed by Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan") under the doctrine of *forum non conveniens,* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Allergan's filing of a complaint in this Court contravenes its express agreement to exclusive venue in New York for disputes related to King. Allergan asserts indemnification claims based on a December 17, 2008 Asset Purchase Agreement (the "Agreement" or "APA") between King and Actavis Elizabeth, LLC ("Actavis"). Compl. ¶ 1. Allergan claims to be the successor to all of Actavis's rights and obligations under the Agreement. *Id.* ¶ 3.

The Agreement specifically requires that all disputes arising out of the Agreement be litigated in New York. *See* Compl. Ex. A § 14.10; Compl. ¶ 17. The Agreement could not be more clear. It states in bold, capital letters:

> **ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT (OTHER THAN APPEALS THEREFROM) SHALL BE INITIATED AND TRIED EXCLUSIVELY IN THE LOCAL AND FEDERAL COURTS LOCATED IN THE SOUTHERN DISTRICT OF NEW YORK. THE AFOREMENTIONED CHOICE OF VENUE IS INTENDED BY THE PARTIES TO BE MANDATORY AND NOT PERMISSIVE IN NATURE, THEREBY PRECLUDING THE POSSIBILITY OF LITIGATION BETWEEN THE PARTIES WITH RESPECT TO OR ARISING OUT OF THIS AGREEMENT IN ANY JURISDICTION OTHER THAN THAT SPECIFIED IN THIS SECTION.**

Compl. Ex. A § 14.10 (emphasis in original). Flouting its obligations under the Agreement, Allergan has instead filed its Third Party Complaint in this Court in Ohio.

Where forum selection clauses mandate a particular forum, courts make the parties keep to their bargain.  The Supreme Court has long held that forum selection clauses are presumptively valid and further that such clauses should be enforced under the doctrine of *forum non conveniens* by dismissing a complaint filed in violation of the forum selection clause.  For this reason, Allergan's Third Party Complaint should be dismissed.

Recognizing its failure to comply with the Agreement, Allergan claims that it could have brought this action in the Southern District of New York ("SDNY") and had the action transferred to this MDL: "Were Allergan to bring this action in SDNY, it would likewise undoubtedly be transferred to this MDL."  Compl. ¶ 17.  Allergan overlooks, however, the fact that **Allergan never could have initiated this action in the SDNY.**  There is no diversity of citizenship and Allergan raises no federal question jurisdiction.  Third-party Plaintiff Allergan and third-party Defendants Pfizer and King all have Delaware citizenship.  Compl. ¶¶ 12-14.[1]  Any complaint Allergan initiated in the SDNY would not and could not have been transferred to this Court.  Instead, it would have been dismissed for lack of subject matter jurisdiction.

Finally, for reasons similar to those outlined above, this Court should dismiss the Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because, by violating the forum selection clause, as a matter of law Allergan has failed to state a valid claim under the Agreement.

## BACKGROUND

Allergan asserts indemnification claims based on conduct allegedly undertaken by King and its predecessor when they owned and marketed the medicine Kadian.  Compl. ¶ 49.

---

[1]  Allergan is a Nevada limited liability company, whose sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with a principal place of business in Madison, New Jersey.  *Id*. ¶ 12.

2

King acquired the Kadian business in November 2008 and sold it to Actavis on December 17, 2008 ("Closing").  In the Agreement, King agreed to indemnify Actavis for damages resulting from certain conduct including the use of marketing materials *prior to the Closing* on or about December 17, 2008.  *See* Compl. Ex. A § 12.02(a).  In turn, Allergan agreed to indemnify King for damages resulting for the same conduct occurring *after the Closing*.  *See id.* § 12.02(b).

The Agreement's forum selection clause clearly states that all litigation arising out of the Agreement must be brought in state or federal court within the Southern District of New York:

> **THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT (OTHER THAN APPEALS THEREFROM) SHALL BE INITIATED AND TRIED EXCLUSIVELY IN THE LOCAL AND FEDERAL COURTS LOCATED IN THE SOUTHERN DISTRICT OF NEW YORK. THE AFOREMENTIONED CHOICE OF VENUE IS INTENDED BY THE PARTIES TO BE MANDATORY AND NOT PERMISSIVE IN NATURE, THEREBY PRECLUDING THE POSSIBILITY OF LITIGATION BETWEEN THE PARTIES WITH RESPECT TO OR ARISING OUT OF THIS AGREEMENT IN ANY JURISDICTION OTHER THAN THAT SPECIFIED IN THIS SECTION.**

Compl. Ex. A § 14.10 (emphasis in original).  Unlike more limited forum selection clauses that specify that *trial* must be in a particular jurisdiction, the Agreement's forum selection clause broadly requires all actions be "**INITIATED AND TRIED**" in local or federal courts located within the SDNY and rules out the possibility of litigation in any other jurisdiction.  *Id.* (emphasis in original).

On November 10, 2017, Allergan sent Pfizer and King a claim asserting indemnification rights with respect to 105 actions, subpoenas, and civil investigation demands

3

related to the marketing and sale of Kadian. Compl. ¶ 40. On November 29, 2017, Pfizer responded and disputed Allergan's request for indemnification. *Id.* ¶ 41.

On August 1, 2018, Allergan filed a Third Party Complaint against Pfizer and King in this Court alleging that Pfizer and King must indemnify Allergan for complaints filed after the Closing. According to Allergan, there are "hundreds" of lawsuits asserting Kadian liability for pre-Closing marketing conduct. *See* Compl. ¶¶ 6, 38.

## ARGUMENT

I. **The Third Party Complaint Must Be Dismissed Because the Agreement Establishes New York as the Exclusive Forum for These Claims**

   A. **The Third Party Complaint Should Be Dismissed Under the Doctrine of *Forum Non Conveniens***

The doctrine of *forum non conveniens* requires dismissal of an action if a different forum is the "more appropriate and convenient forum for adjudicating the controversy." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*, 549 U.S. 422, 425 (2007). Here, the Agreement unambiguously requires all actions "arising in connection with" the Agreement be brought in the federal or local courts within the Southern District of New York. Allergan contravened this requirement by filing its Third Party Complaint in the Northern District of Ohio. For this reason alone, its Complaint should be dismissed.

Here, as admitted by Allergan, the forum selection clause is valid and enforceable as to Allergan. Compl. ¶¶ 3, 5, 17. Once a court has determined that "a forum selection clause is valid, the clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013); *see also Orthopaedic & Spine Ctr., LLC v. Henry*, No. 2:16-cv-0893, 2017 WL 6035234, at *2 (S.D. Ohio Dec. 6, 2017).

The Supreme Court has long held that district courts should dismiss actions that defy the parties' bargained-for forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 8 (1972) (holding that complaint should be dismissed where forum selection clause required different forum); *see also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 834 (6th Cir. 2009) (same). This standard applies with equal force where, as here, a third-party plaintiff attempts to implead a third-party defendant into ongoing litigation in the wrong forum. *See, e.g.*, *Amto, LLC v. Bedford Asset Mgt., LLC*, 168 F. Supp. 3d 556, 569 (S.D.N.Y. 2016) (dismissing third-party complaint under doctrine of *forum non conveniens* based on forum selection clause); *Ohio Savings Bank v. Manhattan Mortgage Company*, No. 1:04-cv-128, 2006 WL 2045891, at *2 (N.D. Ohio July 20, 2006) (transferring action under 28 U.S.C. § 1404 on same grounds).

### 1. The Forum Selection Clause Is Valid and Enforceable

The Sixth Circuit has made clear that "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *See Wong*, 589 F.3d at 828. To overcome this strong presumption, one of three factors invalidating the forum selection clause must apply. *See id.* Allergan does not allege any of them.

*First*, Allergan does not allege that the forum selection clause was entered into due to "fraud, duress, or other unconscionable means." *Id.* The Agreement was entered into between sophisticated commercial parties represented by legal counsel through arm's length negotiations as part of a transaction that was worth $127,500,000.

*Second*, Allergan does not allege that a New York court would "ineffectively or unfairly handle the suit." *Id.* New York state courts regularly and competently adjudicate indemnification disputes. Indeed, New York has a renowned Commercial Division sitting side-by-side with the SDNY that specializes in adjudicating complex commercial matters, with an experienced judiciary dedicated solely to this docket.

*Third*, Allergan does not allege that the "designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* In fact, New York would likely be more convenient for Allergan than Ohio, as both its parent Allergan PLC and sole member Allergan W.C. Holdings are headquartered in New Jersey.

Because Allergan cannot show why the forum selection clause should be set aside, the parties' forum selection is valid and must be enforced.

### 2. Public Interests Do Not "Overwhelmingly Disfavor" Dismissal

Although courts are required to consider public interest factors even where a forum selection clause applies, public interest factors will "rarely defeat" dismissal for *forum non conveniens*. *See Ricketts v. hybris AG*, No. 1:15-cv-277, 2015 WL 13679481, at *2 (N.D. Ohio June 19, 2015) (quoting *Atlantic Marine*, 571 U.S. at 64). There must be an exceptional case where the public interest factors "overwhelmingly disfavor" dismissal. *Atlantic Marine*, 571 U.S. at 64; *see D & S Consulting, Inc. v. Kingdom of Saudi Arabia*, 322 F. Supp. 3d 45, 2018 WL 3995882 (D.D.C. 2018).[2] Here, Allergan has cited no public interest factors that "overwhelmingly disfavor" dismissal, and there are none.

Allergan claims without explanation that the "unique circumstances of this litigation" entitle Allergan to flout the forum selection clause to which it agreed. Compl. ¶ 17. But however "unique" the circumstances of this MDL may be, they do not have any bearing on whether the relevant public interests overwhelmingly disfavor dismissal.

---

[2] Three factors are typically considered when a district court determines a motion to dismiss under the *forum non conveniens* doctrine: the plaintiff's choice of forum, the parties' private interests, and public interests. *See Orthopaedic*, 2017 WL 6035234, at *4 (citing *Atlantic Marine*, 571 U.S. at 63). However, when a valid forum selection clause applies, the parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation," and "the parties' private interests are given no consideration" *Id.*

> To the contrary, the public interest factors favor dismissal. These factors include:
>
> [1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Ricketts*, No. 1:15-cv-277, 2015 WL 13679481, at *2 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Each of these factors favors a New York forum.

*First*, the administrative difficulties in litigating this extraneous contract dispute could delay and interrupt the proceedings of the MDL. By contrast, bringing the action by itself in New York would not interrupt or delay any other actions.

*Second*, none of the parties are at home in Ohio. The parties are all Delaware citizens, with headquarters in or near New York.

*Third*, New York courts are best able to apply New York law, which governs the dispute. *See* Compl. Ex. A § 14.09.

*Fourth*, any choice of law issues favor the New York forum given New York courts' familiarity with New York choice of law rules.

*Fifth*, the unfairness of burdening citizens in an unrelated forum with jury duty counsels against imposing on Ohio jurors to decide this dispute between two corporations headquartered and incorporated in other states.

The "unique circumstances" of the MDL Allergan alleges are not sufficient public interest factors to require dismissal. Other MDL courts have enforced forum selection clauses in the face of similar arguments. *See, e.g.*, *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010*, No. 2:10-md-2179, 2017 WL 5157533, at *5 (E.D. La. Nov. 7,

7

2017) (dismissing complaint pursuant to forum selection clause in accordance with standards set forth in *Atlantic Marine*); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK, 2017 WL 3727318, at *52 (N.D. Cal. Aug. 30, 2017) (same); *see also In re Howmedica Osteonics Corp.*, 867 F.3d 390, 398 (3d Cir. 2017), *cert. denied*, 138 S.Ct. 1288 (2018) (applying *Atlantic Marine* principles to multi-party litigation).  Although the purpose of an MDL is to serve the interests of judicial economy and administrative efficiency, those interests militate here in favor of a New York forum.  The MDL was created because the consolidated underlying actions involve "common questions of fact, and [] centralization in the Northern District of Ohio would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  *See* Transfer Order at 3 (Dkt. No.1).  Rather than serve those goals, Allergan's Third Party Complaint will import extraneous and tangential issues into the MDL, expanding the scope of what is already broad-ranging discovery and further complicating this thousand-plaintiff litigation.

### 3. Allergan Asserts No Legal Justification for Bringing This Action in Ohio

Allergan's arguments that the Northern District of Ohio is a proper forum are not valid.  To justify bringing this action in Ohio, Allergan cites to this Court's Order (Dkt. No. 232) that "any Plaintiff whose case would be subject to transfer to these MDL proceedings may file its case directly in this District."  Compl. ¶ 17.  The Order is inapposite for multiple reasons.

*First*, the quoted language covers cases brought by "any Plaintiff" and Allergan is not a "Plaintiff" as that term is used in the Order.  Allergan asserts without elaboration that "the logic and rationale of the Court's order applies equally to third-party plaintiffs."  Compl. ¶ 17.  They do not.  According to the first Transfer Order in this MDL, each of the actions "involve common questions of fact."  Transfer Order (Dkt. No. 1) at 3.  The various plaintiffs generally

allege fraud by manufacturers and distributors of opioids on various cities, counties, and states. *Id.* By contrast, Allergan's Third Party Complaint raises different factual and legal issues; namely, whether Pfizer and King are required by the Agreement to indemnify Allergan for conduct that pre-dates the Closing.

    *Second*, contrary to Allergan's suggestion, Allergan could not have brought, and cannot bring, an indemnification action against Pfizer in the federal courts in the SDNY. There is no federal question jurisdiction. *See* 28 U.S.C. § 1331. There is no diversity jurisdiction because Pfizer, King, and Allergan's sole member, Allergan W.C. Holdings, are Delaware corporations. *See* 28 U.S.C. § 1332; *Quantlab Financial, LLC v. Tower Research Capital*, LLC, 715 F. Supp. 2d 542 (S.D.N.Y. 2010) (limited liability company is citizen of each state in which one of its members is a citizen). Allergan claims supplemental jurisdiction under 28 U.S.C. § 1367. However, the transfer of two SDNY actions to this MDL does not create a jurisdictional basis for this Third Party Complaint seeking adjudication of Allergan's indemnification claims under New York state contract law with respect to hundreds of other underlying cases.[3]

---

[3] As it relates to the two underlying SDNY actions in particular, Allergan's Third Party Complaint fails as a matter of law because those two complaints do not allege liability against Allergan on account of pre-Closing conduct by King. The two complaints originally filed in the SDNY – *Laborers 17 Health Benefit Fund v. Purdue Pharma, L.P.*, No. 18-op-45072 and *Klodzinski v. Purdue Pharma L.P.*, No. 18-op-45938 – assert clams against Actavis for its own conduct after it acquired Kadian from King in December 2008. Courts routinely dismiss third-party complaints under Federal Rule of Civil Procedure 12(b)(6) where they fail to allege sufficient facts to show that a third-party defendant owed an indemnification obligation. *See Isaacs v. Prestige Packaging Co.*, No. 1:15-cv-430, 2016 WL 279113, at *3 (S.D. Ohio Jan. 22, 2016) (dismissing third-party complaint where contract did not grant third-party plaintiff indemnification right over litigation liability); *see also Whirlpool Corp. v. Ohio Edison Co.*, No. 3:09-cv-735, 2009 WL 10690003, at *1 (N.D. Ohio Oct. 30, 2009) (dismissing third-party complaint where third-party plaintiff failed to allege facts setting out claim for implied indemnity).

*Third*, even if an action could have been initiated in federal court in the SDNY, it would not be "subject to transfer" to the MDL because the Panel on Multidistrict Litigation would give effect to the Agreement's forum selection clause. Even in multidistrict litigation, the Panel has refused to transfer actions to an MDL in the face of a forum selection clause, despite the fact that refusal to transfer would result in multiple courts having to decide similar factual and legal issues, unlike here, where the issues are completely different. *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 962 n.1 (N.D. Cal. 2017) (action excluded from MDL because of forum selection clause).

### B. The Third Party Complaint Should Be Dismissed for Failure to State a Claim

The Third Party Complaint should also be dismissed for failure to state a claim. The Sixth Circuit has held that courts may dismiss a contract action governed by a forum selection clause for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Smith v. Aegon Companies Pension*, 769 F.3d 922, 925 (6th Cir. 2014) (holding that district court did not abuse its discretion in dismissing case under Rule 12(b)(6) where plaintiff brought action in the wrong federal district court under applicable forum selection clause); *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008); *see also Discount Drug Mart, Inc. v. Devos, Ltd.*, No. 1:12-cv-00386, 2013 WL 5820044, at *2 (N.D. Ohio Oct. 29, 2013) ("When a party seeks to enforce a forum selection clause, the district court may enforce the forum selection clause through dismissal. . . . [T]he issue is properly considered under Federal Rule of Civil Procedure 12(b)(6)."). Even if this Court were to find that the *forum non conveniens* arguments do not succeed, dismissal would nevertheless still be appropriate under Rule 12(b)(6). *See Aegon*, 769 F.3d at 925 (court did not abuse its discretion by dismissing

action under Rule 12(b)(6) pursuant to forum selection clause even where dismissal for *forum non conveniens* was not available).

The Third Party Complaint fails to state a claim under the Agreement because Allergan failed to perform its predicate contractual obligations under the forum selection clause. The forum selection clause provides that "[a]ll actions or proceedings arising in connection with this Agreement (other than appeals therefrom) shall be initiated and tried exclusively in the local and federal courts located in the Southern District of New York." Compl. Ex. A § 14.10. As admitted by Allergan, the forum selection clause is valid and enforceable. Thus, Allergan breached the Agreement, and its claim for contractual relief fails as a matter of law.

## CONCLUSION

For the reasons set forth above, Allergan's Third Party Complaint should be dismissed in its entirety.

Dated: October 1, 2018

SIMPSON THACHER & BARTLETT LLP

By: /s/ *George S. Wang*
Lynn K. Neuner (lneuner@stblaw.com)
George S. Wang (gwang@stblaw.com)
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Third Party Defendants Pfizer Inc. and King Pharmaceuticals, Inc. n/k/a King Pharmaceuticals LLC*

**LOCAL RULE 7.1(F) CERTIFICATION**

 I certify that this Memorandum adheres to the page limitations set forth in CMO One §§ 6(f), 2(h), and L.R. 7.1(f).


Dated: October 1, 2018

           SIMPSON THACHER & BARTLETT LLP

           By:  /s/ *George S. Wang*
             Lynn K. Neuner (lneuner@stblaw.com)
             George S. Wang (gwang@stblaw.com)
             425 Lexington Avenue
             New York, New York 10017-3954
             Telephone: (212) 455-2000
             Facsimile: (212) 455-2502

             *Attorneys for Third Party Defendants*
             *Pfizer Inc. and King Pharmaceuticals, Inc.*
             *n/k/a King Pharmaceuticals LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, a copy of the foregoing **Memorandum of Law in Support of Pfizer Inc. and King Pharmaceuticals LLC's Motion to Dismiss Allergan Finance, LLC's Third-Party Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: October 1, 2018

SIMPSON THACHER & BARTLETT LLP

By: /s/ *George S. Wang*
    Lynn K. Neuner (lneuner@stblaw.com)
    George S. Wang (gwang@stblaw.com)
    425 Lexington Avenue
    New York, New York 10017-3954
    Telephone: (212) 455-2000
    Facsimile: (212) 455-2502

*Attorneys for Third Party Defendants
Pfizer Inc. and King Pharmaceuticals, Inc.
n/k/a King Pharmaceuticals LLC*