# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION, <br><br> This document relates to: <br><br> *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.* <br> Member Case No.:1:17-op-45004 (N.D. Ohio) | MDL No. 2804 <br><br> Case No. 17-md-2804 <br><br> Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CORRECTED COMPLAINT FOR LACK OF PERSONAL JURISDICTION BY DEFENDANTS H. D. SMITH HOLDINGS, LLC AND H. D. SMITH HOLDING COMPANY**

Defendants H. D. Smith Holdings, LLC and H. D. Smith Holding Company respectfully move this Court to dismiss them for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

**PRELIMINARY STATEMENT**

On April 25, 2018, Plaintiffs named H. D. Smith Holdings, LLC and H. D. Smith Holding Company (collectively, the "H. D. Smith Holding Companies") as new defendants in Plaintiffs' Second Amended Corrected Complaint (the "Complaint"). However, the caption is the only place in which the H. D. Smith Holding Companies are mentioned as defendants. Not a whisper about them or against them appears anywhere in the text of the Complaint. As such, the Complaint fails to raise a single allegation against either entity. This Court should dismiss the H. D. Smith Holding Companies on this basis alone.

But more specifically, the Court lacks personal jurisdiction over the H. D. Smith Holding Companies and must dismiss them accordingly. The H. D. Smith Holdings Companies do not distribute or sell any products, goods or services anywhere in the United States, and they have never sold any opioid products in Ohio, including in Cuyahoga County, specifically. Indeed, they have never had a presence of any kind in Ohio. Plaintiffs' inclusion of the H. D. Smith Holding Companies as new defendants in the caption of their Complaint cannot arise from the H. D. Smith Holding Companies' limited activities as holding companies even if the Complaint made allegations to that effect. Accordingly, the Court lacks personal jurisdiction over the H. D. Smith Holding Companies and must dismiss them from this case.

## FACTS AND PROCEDURAL HISTORY

On April 25, 2018, Plaintiffs filed their Amended Complaint pursuant to the Court's Case Management Order. [Doc. 232.] H. D. Smith Holdings, LLC and H. D. Smith Holding Company were not previously defendants in this case, and were added to the caption only in the Second Amended Corrected Complaint, filed on May 18, 2018. The text of the Complaint does not complain any allegations about the H. D. Smith Holding Companies; they are merely listed as new defendants in the case caption.

The H. D. Smith Holding Companies do not manufacture, distribute, or dispense opioids in Ohio or elsewhere. *See* Exhibit A, Decl. of Robert J. Appleby ¶¶ 14, 17. In fact, neither H. D. Smith Holdings, LLC nor H. D. Smith Holding Company provide, offer, or place into the stream of commerce any product or service. *Id.*

H. D. Smith Holdings, LLC, formed on February 17, 2014, is a Delaware limited liability company. *Id.* ¶ 5. Its principal (and only) place of business is in Springfield, Illinois. *Id.* ¶ 6. As a passive holding company, H. D. Smith Holdings, LLC does not engage in business operations. *Id.* ¶¶ 8, 20. This entity was formed to engage in joint ventures and making future

investments. *Id.* ¶ 8. H. D. Smith Holdings, LLC is a passive investment vehicle and it has no offices, facilities, assets, income, employees, bank accounts or other property, or operations of any kind in Ohio. *Id.* ¶ 18. H. D. Smith Holdings, LLC is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency. *Id.* ¶ 19.

H. D. Smith Holding Company, also created on February 17, 2014, is a Delaware corporation formed to serve as the sole member of H. D. Smith Holdings, LLC. *Id.* ¶¶ 7, 9. Its principal (and only) place of business is in Springfield, Illinois. *Id.* ¶ 6. As a passive holding company, it does not engage in business operations. *Id.* ¶¶ 7, 20. H. D. Smith Holding Company has no offices, facilities, assets, income, employees, bank accounts or other property, or operations of any kind in Ohio. *Id.* ¶ 15. H. D. Smith Holding Company is not qualified as a foreign corporation under the laws of Ohio, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency. *Id.* ¶ 16.

When H. D. Smith Wholesale Drug Company was reorganized in August/September of 2014 to adopt a Delaware holding company structure, H. D. Smith, LLC was the new and surviving entity, and it continued its predecessor's business operations without interruption. *Id.* ¶ 21. H. D. Smith Holdings, LLC became its sole member, and H. D. Smith Holding Company remained the sole member of H. D. Smith Holdings, LLC. *Id.* ¶ 10.

Neither H. D. Smith Holding Company nor H. D. Smith Holdings, LLC is a representative, agent, employee or alter ego of H. D. Smith, LLC. *Id.* ¶ 12. H. D. Smith, LLC functions autonomously; neither H. D. Smith Holdings, LLC or H. D. Smith Holding Company exercises any control over H. D. Smith, LLC. *Id.*

## LEGAL STANDARD

"The plaintiff bears the burden of establishing through specific facts that personal jurisdiction exists over a non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (internal quotation marks and citations omitted).  If the Court does not hold an evidentiary hearing, plaintiffs still must show at least "a 'prima facie' case that the court has personal jurisdiction." *Id.* (citation omitted).  "In the Sixth Circuit, a party opposing dismissal for lack of personal jurisdiction may not rest on the pleadings alone." *Zen Indus., Inc. v. Hoffman Mfg., Inc.*, 2017 WL 5298697, at *2 (N.D. Ohio Jan. 12, 2017).  The plaintiff must, "by affidavit or otherwise, set forth specific evidence supporting jurisdiction." *Nicholson v. Jayco, Inc.*, 2016 WL 5463215, at *3 (N.D. Ohio Sept. 29, 2016) (citing *Theunissen*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  Here, Plaintiffs cannot provide any specific facts or legal authority to satisfy their burden of proving that the Court may exercise personal jurisdiction over the H. D. Smith Holding Companies.

## ANALYSIS

"Federal courts apply the law of the forum state when determining whether personal jurisdiction exists." *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 848 (N.D. Ohio 2018) (quoting *Mid-West Materials, Inc. v. Tougher Indus., Inc.*, 484 F. Supp. 2d 726, 729 (N.D. Ohio 2007)).  Where the Court's subject matter jurisdiction is based on a federal question, as Plaintiffs have alleged here,[1] personal jurisdiction is determined based on the forum state's long-arm statute and due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted).  The same is true if a federal court is sitting in diversity. *See Conn*, 667 F.3d at 711 (quoting *Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) ("A federal

---

[1] *See* Comp. ¶ 24 ("This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 . . . .").

court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law – and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution.")). Thus, Plaintiffs bear the burden to establish that the exercise of personal jurisdiction over the H. D. Smith Holding Companies meets the requirements of both Ohio's long-arm statute and constitutional due process. *See Bird*, 289 F.3d at 871.

The court applies a two-step inquiry when determining whether it has personal jurisdiction over out-of-state defendants. *Garlock v. Ohio Bell Tel. Co. Inc.*, 2014 WL 2006781, at *2 (N.D. Ohio May 15, 2014). "First, we must determine whether Ohio law authorizes jurisdiction. If it does, we must determine whether that authorization comports with the Due Process Clause of the Fourteenth Amendment." *Id.* (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d 357, 361 (6th Cir. 2008)).

Importantly, however, "[u]nlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause." *Conn*, 667 F.3d at 712 (collecting authorities).

> **A.    This Court may not exercise general jurisdiction over the H. D. Smith Holding companies because they are not "at home" in Ohio.**

"First, as [the Sixth Circuit has] explained, Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute." *Conn*, 667 F.3d at 717. "Second, even if Ohio law does recognize general jurisdiction over non-resident defendants," *id.*, it could not be found here because the H. D. Smith Holding Companies are not "at home" in Ohio.

The Supreme Court has consistently "distinguished between specific or case-linked jurisdiction and general or all-purpose jurisdiction." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549,

5

1558 (2017) (collecting authorities). A court may assert general jurisdiction over non-resident defendants, consistent with the Due Process Clause, only "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Id.* (internal quotation marks and citations omitted). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business . . . ." *Id.* (citations omitted) (reversing the Montana Supreme Court's assertion of general jurisdiction over a railroad despite its having more than 2,000 miles of track and more than 2,000 employees in Montana).

Because the H. D. Smith Holding Companies have never had any presence of any kind in Ohio, they are not "at home" in Ohio. Accordingly, this Court may not exercise general jurisdiction over them.

### B. The H. D. Smith Holding Companies are not subject to jurisdiction under Ohio's Long-Arm Statute.

"Ohio's long-arm statute pertains to specific jurisdiction as the statute expressly requires that the injury arise out of the contacts with Ohio. *See* Ohio Rev. Code § 2307.382(C) ('When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.')." *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, 2006 WL 2225821, at *4 (N.D. Ohio Aug. 2, 2006). Ohio's long-arm statute permits, in relevant part, personal jurisdiction over an out-of-state defendant where the cause of action arises from that defendant: (1) transacting any business in this state; (2) contracting to supply services or goods in this state; (3) causing tortious injury by an act or omission in the state; and (4) causing tortious injury in the state by an act or omission outside the state if it regularly conducts business in the state. Ohio Rev. Code § 2307(A)(1)-(4).[2] Plaintiffs

---

[2] Ohio's long-arm statute permits jurisdiction over out-of-state defendants on other grounds not raised in the Complaint. *See* Ohio Rev. Code § 2307.382(A)(5)-(9).

6

cannot establish any of those requirements.  This fact is fatal to establishing personal jurisdiction in this Court.

Formed in Delaware and headquartered in Springfield, Illinois, the H. D. Smith Holding Companies conduct no business in Ohio.  Further, they do not have offices, employees, facilities, assets, income, real estate, bank accounts or other property in Ohio.  They have never sold products in Ohio.  Because H. D. Smith Holdings, LLC and H. D. Smith Holding Company are passive holding companies only, their sole purpose is to hold the stock of other companies.  The H. D. Smith Holding Companies do not supply goods or services and, because they are holding companies, do not have any employees so as to cause a tortious injury–either in Ohio or outside the state.  As passive holding companies, the H. D. Smith Holding Companies have no real business operations at all and no contacts – let alone relevant contacts – with Ohio.  Thus, Ohio's long-arm statute fails to reach the H. D. Smith Holding Companies.

      **C.**      **The Long-Arm Statute does not reach the H. D. Smith Holding Companies based on their relationship with H. D. Smith, LLC.**

As explained above, the Complaint is devoid of *any* allegations with respect to the H. D. Smith Holding Companies.  The Holding Companies are only listed in the case caption.  Thus, there are no allegations that H. D. Smith, LLC's contacts, or the torts alleged against it, should be imputed to the H. D. Smith Holding Companies under an alter ego analysis allowing any corporate veil to be pierced.

Yet more fundamentally, Delaware's Limited Liability Company Act provides that "[e]xcept as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company, whether arising on contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member of the limited liability

company." 6 *Del. C.* § 18-303.  Thus, H. D. Smith Holdings, LLC's status as the sole member of H. D. Smith, LLC is insufficient as a matter of law to assert jurisdiction over it or to impute liability to it.  Similarly, H. D. Smith Holding Company's status as the sole member of H. D. Smith Holdings, LLC is insufficient to assert jurisdiction over it or to impute liability to it.  Indeed, it is two steps removed from H. D. Smith, LLC.

Accordingly, the H. D. Smith Holding Companies should be dismissed on jurisdictional grounds because Ohio's long-arm statute does not reach them as out of-of-state holding companies, and the Complaint makes no allegation that would suggest a different result.

## CONCLUSION

For the foregoing reasons, H. D. Smith Holdings, LLC and H. D. Smith Holding Company respectfully request that the Court dismiss them from this case with prejudice on the basis of lack of personal jurisdiction.

Dated: October 2, 2018　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kathleen L. Matsoukas*
　　　　　　　　　　　　　　　　　　　　　　　Kathleen L. Matsoukas (IN No. 31833-49)
　　　　　　　　　　　　　　　　　　　　　　　William E. Padgett (IN No. 18819-49)
　　　　　　　　　　　　　　　　　　　　　　　BARNES & THORNBURG LLP
　　　　　　　　　　　　　　　　　　　　　　　11 South Meridian Street
　　　　　　　　　　　　　　　　　　　　　　　Indianapolis, IN 46204
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (317) 236-1313
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (317) 231-7433
　　　　　　　　　　　　　　　　　　　　　　　Email: kathleen.matsoukas@btlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　william.padgett@btlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Company, H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

## **LOCAL RULE 7.1(f) CERTIFICATION**

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I, Kathleen L. Matsoukas, hereby certify that this Memorandum in Support of Defendants H. D. Smith Holdings, LLC and H. D. Smith Holding Company's Motion to Dismiss Second Amended Corrected Complaint for Lack of Personal Jurisdiction complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Dated October 2, 2018                     Respectfully submitted,

*/s/ Kathleen L. Matsoukas*
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Email: kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith Holdings, LLC, H. D. Smith Holding Company, and H. D. Smith, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 2, 2018, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

>/s/ Kathleen L. Matsoukas
>Kathleen L. Matsoukas

# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION, <br><br> This document relates to: <br><br> *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al* <br> Member Case No: 1:17-op-45004 (N.D. Ohio) | MDL No. 2804 <br><br> Case No. 17-md-2804 <br><br> Judge Dan Aaron Polster |

**DECLARATION OF ROBERT J. APPLEBY**

I, Robert J. Appleby, declare as follows:

1. I am a competent adult over 19 years of age. I have personal knowledge of the facts in this declaration, and am competent to testify to them if called upon to do so.

2. I am and have been President of H. D. Smith, LLC since January 1, 2018.

3. I base my statements upon my own personal knowledge and experience as President, H. D. Smith, LLC, its corporate records, documents maintained by H. D. Smith, LLC, H. D. Smith Holdings, LLC, and H. D. Smith Holding Company in the regular course of business, and other information obtained by me in the ordinary course of business. I have reviewed Plaintiffs' Second Amended Corrected Complaint filed on May 30, 2018 in the above captioned case.

4. This Declaration is provided regarding the action brought by Plaintiffs The County of Cuyahoga, Ohio and State of Ohio ex Rel., Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley, against a number of Defendants, including, H. D. Smith, LLC, H. D. Smith Holdings, LLC, and H. D. Smith Holding Company, filed in *In re: National*

*Prescription Opiate Litigation*, MDL No. 2804 in the United States District Court for the Northern District of Ohio, member case *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P. , et al.*, Member Case No: 1:17-op-45004 (N.D. Ohio).

5. H. D. Smith Holdings, LLC is a Delaware limited liability company and H. D. Smith Holding Company is a Delaware corporation. Both entities were formed on February 17, 2014.

6. The principal – and only – place of business for both H. D. Smith Holding Company and H. D. Smith Holdings, LLC is Springfield, Illinois.

7. H. D. Smith Holding Company, formed on February 17, 2014, does not engage in any business operations; it is a passive holding company. H. D. Smith Holding Company was established as an entity to function as the ultimate parent company for H. D. Smith Holdings, LLC and H. D. Smith, LLC and to provide all benefits and protections associated with a holding company structure to these entities.

8. H. D. Smith Holdings, LLC, formed on February 17, 2014, does not engage in any business operations either; it is a passive holding company. H. D. Smith Holdings, LLC was established as entity to engage in joint ventures and make future investments.

9. H. D. Smith Holdings, LLC is wholly owned by H. D. Smith Holding Company. H. D. Smith Holding Company was formed to serve as the sole member of H. D. Smith Holdings, LLC.

10. The sole member of H. D. Smith, LLC is H. D. Smith Holdings, LLC. H. D. Smith, LLC, formed on September 1, 2014, was formerly known as H. D. Smith Wholesale Drug Co. H. D. Smith Holdings, LLC became its sole member, and H. D. Smith Holding Company remained the sole member of H. D. Smith Holdings, LLC.

11. H. D. Smith Holding Company was acquired via a stock sale by AmerisourceBergen Corporation on January 1, 2018.

12. Neither H. D. Smith Holding Company nor H. D. Smith Holdings, LLC is a representative, agent, employee or alter ego of H. D. Smith, LLC. H. D. Smith, LLC functions autonomously; neither H. D. Smith Holdings, LLC or H. D. Smith Holding Company exercises any control over H. D. Smith, LLC.

13. H. D. Smith Holding Company and H. D. Smith Holdings, LLC are separate entities. H. D. Smith Holdings, LLC does not engage in any activities and, therefore, H. D. Smith Holding Company does not exert any control over H. D. Smith Holdings, LLC.

14. H. D. Smith Holding Company does not manufacture, market, sell, or distribute any products or services. More specifically, H. D. Smith Holding has never has distributed, supplied, dispensed, sold, or placed into the stream of commerce, any prescription opioids.

15. H. D. Smith Holding Company has no offices, facilities, assets, income, employees, bank accounts or other property, or operations of any kind in Ohio.

16. H. D. Smith Holding Company is not registered to do business in Ohio and does not have a registered agent for service of process in Ohio and is not regulated by any Ohio state agency.

17. H. D. Smith Holdings, LLC does not manufacture, market, sell, or distribute any products or services. More specifically, H. D. Smith Holdings, LLC has never has distributed, supplied, dispensed, sold, or placed into the stream of commerce, any prescription opioids.

18. H. D. Smith Holdings, LLC is not registered to do business in Ohio and, as a passive investment vehicle, does not have offices, facilities, assets, income, employees, bank accounts or other property, or operations of any kind in Ohio.

19. H. D. Smith Holdings, LLC is not qualified as a foreign corporation under the laws of Ohio and does not have a registered agent for service of process in Ohio and is not regulated by any Ohio state agency.

20. H. D. Smith Holdings, LLC and H. D. Smith Holding Company do not transact any business in Ohio, contract to supply services or goods in Ohio, or engage in any activity in Ohio.

21. When H. D. Smith Wholesale Drug Company was reorganized in August/September of 2014 to adopt a Delaware holding company structure, H. D. Smith, LLC was the new and surviving entity, and it continued its predecessor's business operations without interruption.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of August 2018 in Springfield County, Sangamon

I declare under the penalty for perjury that the foregoing facts are true and correct.

_____
Robert J. Appleby

4