**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### PROTOCOL FOR STATE AND FEDERAL COURT COORDINATION

This Order supplements the June 20th, 2018 Order Establishing a Deposition Protocol and specifically those provisions set forth in Section I(f)(1). Doc 643.

**I.      General Provisions and Scope**

a.      This Court's goal is to engage in a cooperative effort to coordinate, to the extent practicable, parallel and overlapping proceedings in the federal and state cases in order to reduce costs and avoid unnecessary duplication of effort. While there are important benefits to coordination for all parties, this Court has also recognized that "state courts are independent jurisdictions," Doc. 643, Section I(f)(1), and no party waives any jurisdictional rights or obligations with regard to discovery, trial setting, or trial by agreeing to coordinate with the MDL, including participating in MDL depositions that are cross-noticed in state cases.

b.      As the *Manual for Complex Litigation* notes, "[s]tate and federal judges, faced with the lack of a comprehensive statutory scheme, have undertaken innovative efforts to coordinate parallel or related litigation." To that end, this Order sets forth procedures that will apply in *In re National Prescription Opiate Litigation*, MDL No. 2804 (the "MDL Proceeding") in order to facilitate, to the maximum extent possible, coordination with parallel state court cases. The Court

welcomes the opportunity to communicate with any state court about issues of common interest to prescription opiate cases.

c.  Pursuant to CMO 1, paragraph 7, this Court previously ordered that the "parties to this MDL shall use their best efforts to communicate, cooperate, and coordinate with State court litigants to schedule and take depositions, including working on agreements for the cross-noticing of depositions." Doc. 643, Section I(f)(1).  This order applies to all cases that are today or may in the future become part of the MDL Proceeding, and it binds all the parties, their counsel, and their law firms, in such cases, including all attorneys appointed by this Court to leadership positions in the MDL Proceeding.  However, nothing in this Order applies to or limits in any way or sets requirements within any attorney general investigation or attorney general action pending in state court. Doc. 643, Section I(f)(1).

**II.     Special Master and Responsibilities of MDL State-Federal Designees**

a.  This Court previously appointed Special Master Cathy Yanni to oversee state and federal coordination efforts and established a State-Federal Coordination Committee comprised of the following designees from the Plaintiffs' leadership committees:  Jayne Conroy, Joe Rice, and Steve Skikos (hereinafter "State-Federal Plaintiffs' Designees); and the following representatives for the Manufacturer, Distributor, and Chain Pharmacy Defendants:  Mark Cheffo (Sara Roitman), Dale Rice, and Paul Hynes (hereinafter "State-Federal Defendants' Designees"). Doc. 616.  In order to enhance efficiency and avoid duplication of effort and unwarranted expense, the State-Federal Coordination Committee shall communicate on a regular basis with Special Master Yanni in order to coordinate discovery and case schedules in the MDL proceeding with discovery and case schedules in the state court cases to the maximum extent possible.

b.  The State-Federal Plaintiffs' Designees are responsible for communicating with plaintiffs' counsel in the state court proceedings regarding the status, schedule, and procedural

developments in the MDL Proceeding and concerning discovery and scheduling related issues in the state court cases to the extent such issues potentially impact state/federal coordination. The State-Federal Defendants' Designees are responsible for communicating with defense counsel in the state court proceedings regarding the status, schedule, and procedural developments in the MDL Proceedings and concerning discovery and scheduling related issues in the state court cases to the extent such issues potentially impact state/federal coordination.

    c.    This Court further recognizes that state courts may designate liaisons among the parties in their cases to work with the MDL State Federal Coordination Committee concerning any of the issues addressed in this protocol or in the previous protocol entered on June 20th 2018. The MDL State Federal Coordination Committee and the Special Master are available to any state court designated liaison to facilitate cooperation and communication.

**III.**    **Joint Database of All Cases Filed In State and Federal Court.**

    a.    Under the supervision of Special Master Yanni, the parties shall jointly maintain a comprehensive and up-to-date database maintained and administered by a third party vendor selected by the parties. The database shall include at least all state court prescription opiate cases, including each of the parties named in the case, all attorneys listed on filings, the name of the state in which the case was filed, venue and the assigned judge, if applicable. The database will have the capacity to provide information to counsel in state court cases concerning coordination issues, including the notice, calendaring, and tracking of information concerning the scheduling and cross-noticing of MDL depositions in state cases. The database will further track the status of state court protective orders and the availability of documents produced in the MDL to state court litigants.

    b.    The database costs shall be shared equally between the MDL PEC and applicable MDL Defendants. At this time, discovery is only proceeding in the MDL Track One cases and as a result, the cost-sharing responsibilities for MDL Defendants is limited only to those Defendants

3

who are named in the Track One cases.  To the extent that discovery in the MDL begins for other cases, the MDL Defendant cost-sharing responsibilities may be expanded to include additional Defendants who are also named in the non-Track One cases where discovery has commenced.

    c.    Counsel for parties in the MDL are required to register to receive and accept communications through the joint database.  However, database communications are not intended to replace service requirements, which will be governed by applicable state law for any MDL depositions cross-noticed in that state court.

## IV. **Production of Documents**

    a.    This Court recognizes the relationship between the availability of documents to be reviewed in preparation for depositions and ability to achieve the goals of avoiding unnecessary duplication of efforts.  As set forth in the Order Establishing Deposition Protocol, with respect to depositions occurring in the MDL, "[c]ounsel for any witness and, in the cases of former employees, for a party affiliated with that witness, shall use best efforts to minimize the necessity for the continued or further deposition of any witness by ensuring that the deposing counsel have the complete production of information relevant to the witness sufficiently in advance of the deposition to permit proper and comprehensive examination of the witness on the date scheduled."  Doc 643, Section I(f)(2).  This obligation exists whether or not the documents have been requested through discovery in the state court cases.

    b.    The restrictions set forth in paragraph 33(l) of CMO 2 concerning disclosure of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in litigation pending outside the MDL are hereby modified consistent with the provisions below.  In state cases where MDL depositions are anticipated to be cross-noticed and where state court litigants agree to

coordinate[1], the cross-noticing Defendant/party producing the witness shall work with plaintiffs to cooperatively and efficiently make or deem available all documents the applicable cross-noticing Defendant/party producing the witness has produced in the MDL, subject to a state court protective order. Such coordination may include using available productions and PEC funded databases, including the RICOH platform, without requiring re-production[2]. The Special Master is directed to work with the parties on guidelines and procedures to facilitate access to documents produced in the MDL in order to reduce the burden of multiple simultaneous productions especially in cases in which MDL Counsel represent parties in the pertinent state court case.

      c.      If a protective order has not yet been entered in a state court proceeding, the cross-noticing Defendant/party producing the witness agrees to produce documents to the particular state court plaintiffs if such plaintiffs agree to coordinate and agree to be bound by the MDL Protective Order until an appropriate protective order is entered in the state court case. By agreeing to be bound by the terms of the MDL Protective Order, state court plaintiffs do not consent to jurisdiction by the MDL Court for their state court cases except as to issues concerning the enforcement of the terms of the MDL Protective Order and only until such time as the state court enters its own governing protective order.

      d.      Defendants shall further report on the status of the general production of MDL documents in state court cases to the Special Master and the MDL State-Federal Designees.

---

[1] A state court Plaintiff's decision to cooperate with the MDL PEC by signing onto a Participation Agreement and share work product is voluntary. The signing of the Participation Agreement is not a condition to a state court Plaintiff's ability to attend and participate in a properly cross-noticed deposition. For purposes of this Protocol a state court litigant agrees to coordinate and obtain access to the PEC funded RICOH database and other work product by signing the MDL Participation Agreement.

[2] *See supra* FN 1.

    e.    Custodial Files.

    1.    For MDL witnesses whose depositions are cross-noticed in state cases and for whom a custodian file was produced in the MDL, the witness's custodian file will be produced to the state court plaintiffs where the deposition is expected to be cross-noticed at least 14 calendar days prior to the deposition presuming state court plaintiffs agree to coordinate and either an appropriate state court protective order is entered at the time or the state court plaintiffs agree to be bound by the terms of the MDL Protective Order until an appropriate protective order is entered in the state proceeding.

    2.    Subject to agreement otherwise, for witnesses whose depositions are cross-noticed in state cases and for whom a custodial file was agreed to be produced in the MDL but has not yet been produced in the MDL, the cross-noticing Defendant/Party producing the witness shall utilize the RICOH platform to make custodial productions simultaneously to the MDL and to any state court case in which the deposition has been cross-noticed and where the state court plaintiffs agree to coordinate and either an appropriate state court protective order is entered or plaintiffs agree to be bound by the terms of the MDL Protective Order.

    3.    A cross-noticing Defendant shall promptly inform the database vendor when the Defendant has produced the custodian file of a witness whose deposition has been or is anticipated to be cross-noticed in one or more state cases with the database vendor to promptly send a notification of the production to counsel in the applicable state court cases through the database. In addition, the cross-noticing Defendant shall provide notice of the custodian productions to applicable state court Plaintiffs in cases where cross-notices are anticipated and counsel for the state court Plaintiffs have not otherwise registered to receive notifications via the joint database.

      f.      Plaintiffs in a state court case where a cross-notice has been served may inquire of the cross-noticing Defendant/Party producing the witness whether, upon Defendants' information and belief, the witness has personal knowledge of state-specific issues, including possibly state-specific documents in their custodian file.  Defendants shall in good faith state generally whether the witness has case specific documents particular to a state court proceeding and shall state if these documents are being produced. If the documents are not being produced, Defendant shall state the reasons for not producing the documents and Defendants agree to meet and confer in good faith on such production.

**V.**      **Procedures Related to Cross-Noticing Depositions**

      a.      To afford adequate notice to state court plaintiffs of MDL depositions that a party seeks to cross-notice in state court cases, unless good cause shown, within five days of a deposition date being agreed upon in writing by both sides, the party seeking to cross-notice the deposition shall provide to State-Federal Liaison Designees and to the company responsible for the joint database, even before formal notice or cross-notices are served, the following information: requesting party; responding party; deponent; agreed deposition date; anticipated location; anticipated start time; and the state court cases in which the requesting party intends to cross-notice the deposition.  It is the obligation of the party seeking to cross-notice to promptly provide any updates to the same via the joint database.

      b.      Cross-notices of depositions noticed in the MDL Proceeding will be served within the timeframe required under any applicable local rule.  In addition to service pursuant to any applicable local rules, cross-notices will be made available to MDL and state court counsel registered to receive notice via the joint database by copying the administrator of the joint database, which shall promptly post the cross-notice.

    c.    The parties shall work cooperatively with respect to the division of time with any participating state court plaintiff's counsel.  The parties shall conduct examinations so as to avoid duplicative questioning.  To effectuate this objective, at least five days before any deposition noticed in the MDL Proceeding, the State-Federal Plaintiffs' Designees will notify the party producing the witness which, if any, state court plaintiffs intend to attend and participate in the deposition, and the amount of time state court plaintiffs' counsel anticipate seeking for non-duplicative questioning of the witness.  The parties shall thereafter meet and confer to resolve any issues around deposition length, and to the extent that disputes remain, Special Master Yanni shall be available to mediate any disputes at least three days before the date of the deposition.

    d.    Sequencing of questioning shall be in accordance with the Deposition Protocol, Section II(a).

**VI.**    **Objections and Disputes**

    a.    The Plaintiffs' State-Federal Designees shall promptly notify Defendants of any objection by state court plaintiffs to a cross-notice of a deposition noticed in the MDL Proceeding that is brought to their attention.  Likewise, the Defendants' State-Federal Designees shall promptly notify the Plaintiff's State-Federal Designees of any objection by state court plaintiffs to a cross-notice of a deposition noticed in the MDL Proceeding that is brought to their attention. The Plaintiffs' and Defendants' State-Federal Designees will use their best efforts to meet and confer with the parties in the state court case in which the objection is pending and shall keep Special Master Yanni informed of any disputes.  Special Master Yanni is available for consultation to both the MDL State-Federal Designees, the parties in the state court case in which the objection is pending, and to the state courts themselves.

    b.    The State-Federal Coordination Designees and any other counsel involved in the dispute must meet and confer prior to submitting a dispute to Special Master Yanni.  To satisfy the

meet and confer requirements of this provision, either (1) a party must identify the issue in writing and either have a joint teleconference or meeting between counsel or jointly agree in writing to submit the issue to Special Master Yanni or (2) the parties shall also have the option to jointly request a telephonic conference with the Special Master on shortened time. Under option (1), if the opposing side to any issue is non-responsive within 48 hours to these meet-and-confer attempts, the moving party may inform Special Master Yanni in writing that they requested a meet and confer but the opposing party failed to respond. For the purposes of Order, email communication is sufficient to satisfy the writing requirement.  Any disputes submitted to Special Master Yanni must be stated in writing with each side limited to submissions that total no more than two double spaced pages, except if agreed to by Special Master Yanni beforehand.  Any meet and confer with Special Master Yanni shall be concluded within seven (7) days except as agreed to by the parties and the Special Master.

      c.      The State-Federal Designees and the parties to these MDL proceedings shall be available to meet and confer regarding such objections and are encouraged to do so with the Special Master in advance of the filing of any motion to quash, motion for protective order, or other motion relating to the cross-notice or deposition.  In the event that disputes are not resolved through the parties' meet and confer efforts or consultation with Special Master Yanni, if state court plaintiffs file any motion to quash, motion for a protective order, or other motion relating to the cross-notice of deposition, any such motion will be governed by the law of state in which the cross-notice is served and subject to the jurisdiction of the state court responsible for the case.

      d.      Disputes during the questioning of a deponent and the law applicable to such disputes will be resolved by the applicable court as established pursuant to section II(d) of the Order Establishing Deposition Protocol.  Doc. 643.

## VII. Deposition of Witnesses Already Taken in the Federal MDL

a. Once a deposition of a defendant party-affiliated witness, including former employees and independent contractors, has already been cross-noticed and taken in the federal MDL, if a state court plaintiff who is also represented by MDL Counsel believes good cause exists for taking that witness's deposition again in the state court case, the state-court plaintiff shall provide notice to the applicable defendant and meet and confer concerning (i) plaintiff's grounds for seeking to depose the witness in the state court case; (ii) the anticipated state-specific subjects of questioning, (iii) plaintiff's basis for asserting that the witness has personal knowledge concerning the state-specific subject matters at question; and (iv) the amount of time that plaintiff anticipates needing for the examination. If the parties are unable to resolve the issues through a meet and confer, the parties remain free to raise the issue with the state court judge presiding over the state case.

b. To the extent that an MDL witness is allowed to be re-deposed in a later state court action, the scope of any additional deposition questioning by MDL Counsel shall be governed by the parties' agreement to permit the later deposition to proceed or pursuant to any applicable order or parameters set by the state court.

**IT IS SO ORDERED.**

 */s/ Dan Aaron Polster*  *October 9, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**