# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*Track One Cases*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 5 |

This *Ruling* addresses Interrogatories propounded by defendants that ask plaintiffs to identify (1) specific, inappropriate opioid prescriptions, and (2) specific persons who became addicted due to those prescriptions. Plaintiffs insist this discovery is inappropriate and irrelevant, and also imposes an excessive burden. Defendants respond their Interrogatories are highly relevant and directed at the heart of plaintiffs' claims, and the burden is reasonable.

Having considered the parties' position statements, and also oral arguments related to similar topics, the Special Master concludes as follows. The plaintiffs' objections are upheld in part, to the extent that plaintiffs do not have to identify **all** prescriptions and **every** person, as requested in the Interrogatories. Rather, the Special Master rules that plaintiffs must respond to the five

Interrogatories at issue *as rewritten below*.[1]

\* \* \* \* \*

**Manufacturer Interrogatory No. 6**

Identify and describe <mark>all prescriptions</mark> of opioids that were written in [Plaintiff's jurisdiction] in reliance on any alleged misrepresentations, omissions or other alleged wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission, or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representative(s), employee(s), or agent(s) of the Defendant that made or committed the alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement.[2]

**Plaintiffs must answer this Interrogatory, but shall replace '<mark>all prescriptions</mark>' with '500 prescriptions.' Plaintiffs' responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant. In addition, Manufacturer Defendants may amend this**

---

[1] The Special Master issued via email an informal ruling on this matter on October 2, 2018. Plaintiffs then timely asked the Special Master to formally document the ruling. *See Order of Appointment* (docket no. 69) at 5 ("If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived.").

[2] In letters, defendants have characterized this Interrogatory as asking: "*Which prescriptions, if any, of each Defendant's opioids were written in Plaintiff's jurisdiction in reliance on any Defendant's alleged misrepresentations, omissions or other alleged wrongdoing?*"

**Interrogatory to identify 200 specific prescriptions and require Plaintiffs to state whether each prescription was "written in [Plaintiff's jurisdiction] in reliance on any alleged misrepresentations, omissions or other alleged wrongdoing by any Defendant," and if so the details thereof (e.g. who made the misrepresentations and what they were).**

**Manufacturer Interrogatory No. 7**

Identify ==every person== who allegedly became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid(s) in [Plaintiff's jurisdiction]. Include in the identification of each such individual: (i) the particular type of alleged harm that the individual experienced, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was written, and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.[3]

**Plaintiffs must answer this Interrogatory, but shall replace '==every person==' with '300 persons." Plaintiffs' responses must include information for at least 10 persons who were prescribed an opioid sold by each manufacturing defendant. In addition, Manufacturer Defendants may amend this Interrogatory to identify 100 specific persons in Plaintiff's jurisdiction and require Plaintiffs to state whether each person became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid(s).**

---

[3] Defendants have characterized this Interrogatory as asking: "*Who, if anyone, purportedly became addicted or was otherwise harmed as a result of such prescriptions in Plaintiff's jurisdiction?*"

3

Case: 1:17-md-02804-DAP Doc #: 1027 Filed: 10/05/18 4 of 7. PageID #: 25149

**Manufacturer Interrogatory No. 10**

Identify and describe all prescriptions of opioid(s) that Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful. Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective or harmful; and whether, by whom, and for how much the prescription was approved for reimbursement.[4]

**Plaintiffs must answer this Interrogatory, but shall replace 'all prescriptions' with '500 prescriptions.' Plaintiffs' responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant. In addition, Manufacturer Defendants may amend this Interrogatory to identify 200 specific prescriptions and require Plaintiffs to state whether those prescriptions were "unauthorized, medically unnecessary, ineffective, or harmful," and if so the basis therefor.**

\* \* \* \* \*

(The following Pharmacy Interrogatories are largely duplicative of the Manufacturing Interrogatories above, and so the rulings are essentially the same.)

**Pharmacy Interrogatory No. 2**

Identify each prescription upon which you base, or which you contend supports, Your claims in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

---

[4] Defendants have characterized this Interrogatory as asking: "*Which prescriptions, if any, were unauthorized, medically unnecessary, ineffective, or harmful?*

**Plaintiffs must answer this Interrogatory, but shall replace 'each prescription' with '500 prescriptions.' Plaintiffs' responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant. In addition, Pharmacy Defendants may amend this Interrogatory to identify 200 specific prescriptions and require Plaintiffs to state whether and how each prescription supports Plaintiffs' claims.**

**Pharmacy Interrogatory No. 3**

Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Plaintiffs must answer this Interrogatory, but shall replace 'each prescription' with '500 prescriptions.' Plaintiffs' responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant. In addition, Pharmacy Defendants may amend this Interrogatory to identify 200 specific prescriptions and require Plaintiffs to state whether and how each prescription supports Plaintiffs' claims.**

\* \* \* \* \*

In addition, the Special Master clarifies as follows. For a given plaintiff: (1) the '500 prescriptions' referred to in Manufacturer Interrogatory Nos. 6 and 10 and Pharmacy Interrogatory Nos. 2 and 3 *may* all be the same 500 prescriptions; (2) the '200 specific prescriptions' referred to in Manufacturer Interrogatory Nos. 6 and 10 and Pharmacy Interrogatory Nos. 2 and 3 *must* all be the same 200 prescriptions; (3) the 300 persons identified in Manufacturer Interrogatory No. 7 *may* overlap with the 500 prescriptions; and (4) the '100 specific persons' identified in Manufacturer

Interrogatory No. 7 *may* overlap with the '200 specific prescriptions'.

Finally, the Special Master observes that, if any plaintiff expert or defense expert relies on any specific prescriptions, or specific persons who obtained prescriptions, those prescriptions and persons must be identified with specificity in the expert's disclosure and should also be identified to opposing counsel substantially before the deadline for non-expert discovery. The parties will negotiate this deadline.

In addition, I direct the parties to negotiate deadlines for responding to the re-written interrogatories. My suggestions are that: (a) plaintiffs should identify and provide information regarding prescriptions/persons within 28 days; (b) defendants should identify prescriptions/persons within 21 days, and plaintiffs should provide responsive information within 14 days thereafter.[5] If the parties cannot come to agreement regarding these deadlines on or before October 15, 2018, they must let me know and I will resolve it.

*       *       *       *       *

Given the amount of time left for fact discovery; the fact that these issues were first raised by defendants two months ago, on August 4, 2018; and that the parties have been negotiating and briefing this issue since then; the Special Master further orders as follows:

- objections to this *Ruling* must be filed on or before October 10, 2018;

- responses to objections must be filed on or before October 12, 2018; and

- regardless of whether any party files an objection, all parties remain obligated to negotiate the above-described deadlines and take actions consistent with this *Ruling* being affirmed

---

[5] Defendants' suggested deadline assumes plaintiffs have produced databases from which defendants can identify relevant prescriptions and persons.

by the Court. In other words, no party may rely on the filing of an objection to avoid or postpone any obligation described in this *Ruling*; these obligations remain in full force unless and until the Court modifies this *Ruling*.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: October 6, 2018**