# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SUMMIT COUNTY COMBINED GENERAL HEALTH DISTRICT; CITY OF AKRON, OHIO; CITY OF BARBERTON, OHIO; VILLAGE OF BOSTON HEIGHTS, OHIO; BOSTON TOWNSHIP, OHIO; THE VILLAGE OF CLINTON, OHIO; COPLEY TOWNSHIP, OHIO; COVENTRY TOWNSHIP, OHIO; THE CITY OF CUYAHOGA FALLS, OHIO; THE CITY OF FAIRLAWN, OHIO; THE CITY OF GREEN, OHIO; THE VILLAGE OF LAKEMORE, OHIO; THE VILLAGE OF MOGADORE, OHIO; THE CITY OF MUNROE FALLS, OHIO; THE CITY OF NORTON, OHIO; THE VILLAGE OF PENINSULA, OHIO; VILLAGE OF RICHFIELD, OHIO; VILLAGE OF SILVER LAKE, OHIO; SPRINGFIELD TOWNSHIP, OHIO; THE CITY OF STOW, OHIO; CITY OF TALLMADGE, OHIO; and VALLEY FIRE DISTRICT, | |
| *Plaintiff*, | |
| v. | Case No. 1:18-op-45090 |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN | Hon. Judge Dan. A. Polster |

| | |
|---|---|
| PHARMACEUTICA, INC. N/K/A <br> JANSSEN PHARMACEUTICALS, INC.; <br> ENDO HEALTH SOLUTIONS INC.; ENDO <br> PHARMACEUTICALS INC.; INSYS <br> THERAPEUTICS, INC.; CARDINAL <br> HEALTH, INC.; MCKESSON <br> CORPORATION; <br> AMERISOURCEBERGEN DRUG <br> CORPORATION; and JANE DOES 1-50 <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MANUFACTURER DEFENDANTS' <br> FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as the Case Management Order in *In re National Prescription Opiate Litigation* (Dkt. No. 232 in No. 1:17-cv-2804), Manufacturer Defendants[1] hereby request that each Plaintiff in the above-captioned action individually respond to the following Interrogatories (the "Interrogatories") in accordance with their obligations under the Federal Rules of Civil Procedure. Responses to the Interrogatories shall be provided in the manner required by Rule 33(b), the Local Rules of the Northern District of Ohio, the Court's Case Management Order One, filed April 11, 2018, Doc. No. 232, and any other applicable law or rules, within thirty (30) days of the service of these Interrogatories.

In the interest of efficiency and cooperation, the Manufacturer Defendants have included only one brief Definition in conjunction with these Interrogatories. If any Plaintiff finds any term or other aspect of the Interrogatories vague, ambiguous, or otherwise objectionable and intends to

---

[1]The Manufacturer Defendants are Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Insys Therapeutics, Inc.

2

so object, counsel for the Manufacturer Defendants offer to promptly meet with counsel for Plaintiff to resolve any issues.

## DEFINITION

1. "Identify" means:

a. With respect to a natural person, the complete name, date of birth, telephone number, occupation, last known place of employment, the street and mailing address for both home and business at the time in question, and (if different) the last known home and business street and mailing addresses as of the time of answering these Interrogatories; and

b. With respect to a document, its identification number, its title, its date, its location, its signatory, any authors and recipients, its description (e.g., memorandum, letter, contract, form), and the number of pages.

## INSTRUCTION

1. Each Plaintiff must individually respond to each of these Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every doctor or other healthcare provider who Plaintiff alleges participated in "speaker programs" or "speakers' bureaus" on behalf of or in relation to any Defendant, as alleged in Plaintiff's Complaint. For each identified doctor or other healthcare provider, please also identify in the response the events or programs that Plaintiff alleges the doctor or other healthcare provider attended or spoke at and identify the amount of payment allegedly provided by each Defendant.

**INTERROGATORY NO. 2:**

Identify each entity or natural person, including without limitation healthcare providers, patients, addiction treatment specialists, alleged key opinion leaders (as that term is used throughout the Complaint), alleged front groups, or any other third party, from whom Plaintiff

received or attempted to obtain documents, testimony, sworn affidavits, or any other form of information in connection with Plaintiff's investigation of any Defendant's advertising or marketing of opioids, or otherwise in connection with this litigation, and include in the response identification of all information sought or received from each entity or natural person.

**INTERROGATORY NO. 3:**

Identify any doctors, addiction treatment specialists, healthcare providers, and law enforcement and public health officials who Plaintiff contends agree with the proposition that prescription opioids have caused or contributed to the opioid epidemic (as that term is used throughout the Complaint).

**INTERROGATORY NO. 4:**

Describe each cost, expenditure, damage, loss, or harm for which Plaintiff seeks equitable or monetary relief, including any penalty or fine, from each Defendant. For each cost, expenditure, damage, loss, penalty, fine or harm for which Plaintiff seeks relief, provide (i) the nature and amount of that cost, expenditure, damage, loss, penalty, fine or harm; (ii) the Defendant or Defendants from which the relief is sought; and (iii) how and by whom the cost, expenditure, damage, loss, penalty, fine, or harm was determined and calculated, and the specific conduct of that Defendant or those Defendants that allegedly caused the cost, expenditure, damage, loss, penalty, fine, or harm.

**INTERROGATORY NO. 5:**

Identify and describe all alleged key opinion leaders (as that term is used throughout the Complaint), alleged front groups, and other third parties with whom any Defendant allegedly conspired or acted in concert in furtherance of the alleged misconduct described in the Complaint, including the identity of each Defendant that allegedly conspired and all facts supporting Plaintiff's contention that such Defendant(s) did so.

**INTERROGATORY NO. 6:**

Identify and describe all prescriptions of opioids that were written in the Plaintiff's county, city, village, or township in reliance on any alleged misrepresentations, omissions or other alleged

4

wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission; or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representative(s), employee(s), or agent(s) of the Defendant that made or committed the alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement.

**INTERROGATORY NO. 7:**

Identify every person who allegedly became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid(s) in the Plaintiff's county, city, village, or township. Include in the identification of each such individual: (i) the particular type of alleged harm that the individual experienced, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was written; and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.

**INTERROGATORY NO. 8:**

Identify any "unbranded advertising" or "unbranded marketing" (as those terms are used throughout the Complaint) disseminated in the Plaintiff's county, city, village, or township in which any Defendant participated or to which any Defendant contributed in any way. Include in the response the identity of the Defendant(s) that participated or contributed and the identity of the person or persons to whom the "unbranded advertising" or "unbranded marketing" was distributed.

**INTERROGATORY NO. 9:**

Identify and describe all statements or omissions made or disseminated in the Plaintiff's county, city, village, or township by any Defendant (or any other person whose statements you attribute, in whole or in part, to a Defendant) that you claim were false, misleading, unfair, deceptive or otherwise actionable. Include in your identification of each statement or omission:

5

(i) the name, employer, and position(s) of the speaker, writer, or other person who issued the statement; (ii) the name(s) and position(s) of the recipient(s) of such statement; (iii) when and where the allegedly false, misleading, or deceptive statement was made; (iv) a description of the content of the statement; and (v) all reasons you claim the statement was false, misleading, or deceptive.

**INTERROGATORY NO. 10:**

Identify and describe all prescriptions of opioid(s) that Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful.  Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective, or harmful; and whether, by whom, and for how much the prescription was approved for reimbursement.

Date:   April 25, 2018                              Respectfully submitted,

<p style="margin-left: 40%">By: /s/ <i>Charles C. Lifland</i><br>
Charles C. Lifland<br>
O'MELVENY & MYERS LLP<br>
400 S. Hope Street<br>
Los Angeles, CA 90071<br>
(213) 430-6000<br>
clifland@omm.com</p>

<p style="margin-left: 40%"><i>Attorney for Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc.</i></p>

<p style="margin-left: 40%">By: <i>/s/ Mark S. Cheffo</i><br>
Mark S. Cheffo<br>
QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>
51 Madison Avenue, 22nd Floor<br>
New York, New York 10010<br>
Tel: (212) 849-7000<br>
Fax: (212) 849-7100<br>
markcheffo@quinnemanuel.com</p>

<p style="margin-left: 40%"><i>Attorney for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company</i></p>

<p style="margin-left: 40%">By: <i>/s/ Steven A. Reed</i><br>
Steven A. Reed<br>
MORGAN, LEWIS & BOCKIUS LLP<br>
1701 Market Street<br>
Philadelphia, PA 19103<br>
Tel: (215) 963-5603<br>
Fax: (215) 963-5001<br>
steven.reed@morganlewis.com</p>

<p style="margin-left: 40%"><i>Attorney for Defendants Teva Pharmaceuticals USA, Inc. and Cephalon, Inc.</i></p>

By: */s/ Jonathan L. Stern*
Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
jonathan.stern@arnoldporter.com

*Attorney for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

By: */s/ J. Matthew Donohue*
J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com

*Attorney for Defendant Insys Therapeutics, Inc.*

## **CERTIFICATE OF SERVICE**

I, Mark S. Cheffo, among the liaison counsel for the Manufacturer Defendants, certify that on April 25, 2018, I caused the foregoing to be served via electronic mail on the individuals on the attached service list.

<div style="text-align: right">/s/ *Mark S. Cheffo*</div>

## SERVICE LIST

*Counsel for Plaintiffs*

Linda Singer
MOTLEY RICE, LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
lsinger@motleyrice.com

Lisa Saltzburg
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
lsaltzburg@motleyrice.com

Donald W. Davis, Jr.
Adam D. Fuller
Elizabeth Shively Boatwright
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
dwdavis@bmdllc.com

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
Telephone: (805) 435-7000

trafferty@levinlaw.com

11