# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY, OHIO PLAINTIFF ENTITIES**
**INITIAL RESPONSES AND OBJECTIONS TO**
**MANUFACTURER DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt No. 232), the County of Summit, Ohio; the Summit County Combined General Health District; the City of Akron, Ohio; the City of Barberton, Ohio; the Village of Clinton, Ohio; Copley Township, Ohio; Coventry Township, Ohio; the City of Cuyahoga Falls, Ohio; the City of Fairlawn, Ohio; the City of Green, Ohio; the Village of Lakemore, Ohio; the Village of Mogadore, Ohio; the City of Munrowe Falls, Ohio; the City of Norton, Ohio, the Village of Peninsula, Ohio; the Village of Richfield, Ohio; the Village of Silver Lake, Ohio; Springfield Township, Ohio; the City of Stow, Ohio; the City of Tallmadge, Ohio; the City of New Franklin, Ohio; and the Valley Fire District (collectively "Plaintiff") hereby responds to the Manufacturer Defendants'[1] First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

---

[1] The Manufacturer Defendants are Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Insys Therapeutics, Inc.

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information produced or identified.

3.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

4.      No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for

trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.      Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to disclose information or produce documents that are in the public domain or otherwise available to Manufacturer Defendants as easily from other sources as from Plaintiff, and thus would impose an undue cost and burden on Plaintiff to collect such information.

7.      Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product or attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.     Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12.     Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.     Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal

3

conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.     Plaintiff's lack of objection to any specific Interrogatory is not an admission that Plaintiff has possession, custody or control over any such information; and any statement by Plaintiff that it will search for or produce documents does not mean that Plaintiff has possession, custody or control of any responsive document, or that any such documents exist.

15.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

16.     Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

17.     Plaintiff objects to the Manufacturer Defendants' instruction that: "Each Plaintiff must individually respond to each of these Interrogatories."  No federal rule prevents Plaintiff from submitting collective answers to Manufacturer Defendants' collective Interrogatories. Where the responses and objections to these Interrogatories are the same for each Plaintiff, a collective response herein will in no way prejudice Defendants.  In each instance where the answers are not the same for each Plaintiff, any differences have been set forth herein with particularity.

## NON-WAIVER

1.      Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action.

2.      If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3.      Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.      Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1:

Identify each and every doctor or other healthcare provider who Plaintiff alleges participated in "speaker programs" or "speakers' bureaus" on behalf of or in relation to any Defendant, as alleged in Plaintiff's Complaint. For each identified doctor or other healthcare provider, please also identify in the response the events or programs that Plaintiff alleges the doctor or other healthcare provider attended or spoke at and identify the amount of payment allegedly provided by each Defendant.

## PLAINTIFFS' RESPONSE:

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "each and every" doctor or healthcare provider who "participated" in "speaker programs" or "speakers' bureaus".  Further objecting, Plaintiff objects to this Interrogatory as

overly broad and also to the extent it seeks information that is in Defendants' possession or publicly available, and thus seeks to impose an undue burden and unnecessary expense on Plaintiff. Each Defendant has, or should have, records that identify each and every doctor or other healthcare provider who participated in "speaker programs" or "speakers' bureaus" on behalf of or in relation to the subject Defendant. Therefore, Defendants have far superior access to this information which is also the subject of Plaintiff's discovery in this case. Notwithstanding and without waiving this objection, Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify doctors and healthcare providers wo participated in "speaker programs" or "speakers' bureaus". Subject to and without waiving objections, once Plaintiff has this information, Plaintiff will provide it.

## INTERROGATORY NO. 2:

Identify each entity or natural person, including without limitation healthcare providers, patients, addiction treatment specialists, alleged key opinion leaders (as that term is used throughout the Complaint), alleged front groups, or any other third party, from whom Plaintiff received or attempted to obtain documents, testimony, sworn affidavits, or any other form of information in connection with Plaintiff's investigation of any Defendant's advertising or marketing of opioids, or otherwise in connection with this litigation, and include in the response identification of all information sought or received from each entity or natural person.

## PLAINTIFF'S RESPONSE:

Plaintiff objects to this Interrogatory as overly broad, vague and ambiguous in that it fails to adequately or specifically define the term "entity or natural person" from whom each Plaintiff received information, and Plaintiff therefore will construe the term to exclude entities and natural persons who are part of the subject Plaintiff's governmental structure. Plaintiff also objects to

this Interrogatory on the grounds that it calls for production of information subject to the work-product doctrine, especially to the extent the Interrogatory seeks the identification of entities and natural persons from whom Plaintiff "attempted" to obtain information in furtherance of Plaintiff's "investigation."   Disclosure of such information necessarily would reveal Plaintiff's and its counsel's mental impressions and legal strategies formed in anticipation of this litigation, and is therefore objectionable.  Lastly, discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

Notwithstanding and without waiving all objections, Plaintiff received documents, evidence or other information from sources, including, but not limited to, the following individuals:

| Name | Title | General description |
| --- | --- | --- |
| Dr. William Reed | Doctor | Visited by drug reps:  Nucynta, Purdue, Actiq, Opana, Kadian |
| Dr. William Lonsdorf | Doctor | Visited by Purdue, Opana, Nucynta, |
| Dr. Kendrick Bashor | Doctor | Visited by drug reps:  Purdue |
| Dr. Michael Louwers | Doctor | Visited by drug reps:  Purdue, Xtampza, Nucynta, Actiq/Fentora |
| Dr. Syed Ali | Doctor | Visited by drug reps:  Purdue, Xtampza, Nucynta-Janssen/Depomed, Teva, Subsys, Endo, Cephalon, Xalgo, Kadian, Insys |
| Dr. Clayton Seiple | Doctor | Visited by drug reps:  Purdue.  Was a speaker for Endo, Depomed (Nucynta) |
| Bernie Rochford | Executive Vice President of Administrative Services and Business Relations, Oriana House | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Galen Sievert | Clinical Supervisor, Mature Services | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Laura Kidd | Behavioral Health Clinical Coordinator, AxessPointe Community Health Center at Arlington | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |

| James Orlando | President of Summit Psychological Associates | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| --- | --- | --- |
| Brittney Becker | Doctor, Community Health Center | Treatment center for those suffering from OUD, knowledgeable on trends, prevalence and impact of opioids |
| Michael M. Hughes | President, Summa Health System, Barberton Campus | Illnesses related to opioid use |
| Joseph P. Myers | Doctor, Vice President of Medical Affairs, Summa Barberton and Summa Wadsworth-Rittman Hospitals | Illnesses related to opioid use |
| Roslyn Greene | Family member | Personal loss |
| Charlene Maxen | Pediatric oncologist nurse, Akron Children's Hospital | Personal loss |
| Travis Bornstein | Family member | Personal loss |

**INTERROGATORY NO. 3:**

Identify any doctors, addiction treatment specialists, healthcare providers, and law enforcement and public health officials who Plaintiff contends agree with the proposition that prescription opioids have caused or contributed to the opioid epidemic (as that term is used throughout the Complaint).

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory as vastly over-broad and unduly burdensome. Plaintiff objects to the extent it requests "any" doctors, addiction treatment specialists, health care providers and law enforcement and public health officials that agree with the proposition that prescription opioids have caused or contributed to the opioid epidemic. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete, or until a pre-trial conference. See FRCP 33(a)(2). Plaintiff will construe the phrase "Plaintiff contends" to refer to any such contentions in Plaintiff's Second Amended Complaint, and Plaintiff refers Defendants to Plaintiff's Second Amended Complaint for this information.

8

Plaintiff objects to this Interrogatory as vague, ambiguous and calling for speculation in seeking information about the beliefs of individual third parties.  Plaintiff notes that there is a vast amount of peer-reviewed and other literature, testimony before public entities, and on-line information in the public domain, equally available to Defendants, which may provide the answer, at least in large part, to Defendants' Interrogatory.  Lastly, discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Describe each cost, expenditure, damage, loss, or harm for which Plaintiff seeks equitable or monetary relief, including any penalty or fine, from each Defendant. For each cost, expenditure, damage, loss, penalty, fine or harm for which Plaintiff seeks relief, provide (i) the nature and amount of that cost, expenditure, damage, loss, penalty, fine or harm; (ii) the Defendant or Defendants from which the relief is sought; and (iii) how and by whom the cost, expenditure, damage, loss, penalty, fine, or harm was determined and calculated, and the specific conduct of that Defendant or those Defendants that allegedly caused the cost, expenditure, damage, loss, penalty, fine, or harm.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad as propounded, to the extent that it is vague and ambiguous in failing to adequately and specifically define the term "harm," and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Subject to and without waiving objections, for the identification of the Defendant or Defendants from which relief is sought, Plaintiff refers Defendants to Plaintiff's Second Amended Complaint.  Plaintiff further responds as follows:

Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and will produce all non-privileged documents and communication that are sufficient to identify, describe and quantify the monetary and other relief Plaintiff seeks in this case.

In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Further subject to and without waiving all objections, Plaintiff identifies the following non-exhaustive list of programs and other expenditures either that have been initiated because of the opioid crisis or which have experienced increased funding needs because of the opioid crisis. Such programs and expenditures include, but are not limited to, the following:

| Jurisdiction | Efforts to Address Opioid Epidemic |
|---|---|
| Summit County | • Summit County Alcohol, Drug Addiction and Mental Health Board:  Quick Response Teams, DAWN, Addiction Helpline; Opiate Task Force and the planning, maintaining and executing responses to the opioid epidemic; purchase of Narcan; manages waitlists for residential treatment facilities; additional training, education and treatment;<br><br>• Summit County Medical Examiner:  increased number of deaths caused by the opioid epidemic for the Summit County Medical Examiner's office to process and investigate; additional staffing and resources, additional costs for contractors/vendors;<br><br>• Summit County Prosecutors: increased caseload and prosecutions relating to the opioid epidemic;<br><br>• Summit County Court of Common Pleas (including probation and specialty courts, like drug court): increased caseload and probation services relating to the opioid epidemic; Opioid Unit in adult probation department; two drug court judges do community outreach re opioids and other drugs; Indigent Defense – increased County expenditures to fund this Court program for indigent defendants;<br><br>• Summit County Juvenile Court (including probation and specialty courts): increase in number of parents participating in Family Reunification Through Recovery Court due to opioid use; increase in staff trainings related to opioid use; |

| | |
|---|---|
| | • Summit County Children Family Services: host Northeast Ohio Regional Training Center which provides trainings related to opioids, 25% of the staff trainings they do relate to opioids; social workers who exclusively deal with families and substance abuse issues; collaborate with juvenile court program, Family Reunifications through Recovery; Oriana House; provides licensure hours for Close Up which addresses opioids increased costs due to increased placement of children abused and neglected due to opioid addictions;<br><br>• Summit County Sheriff:  services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic; members of Quick Response Team; DARE education; drug task force members meet with community organizations to discuss opioids; drug take back days; implement House Bill 277 aka Good Samaritan Law; receive Narcan training;<br><br>• Summit County General Health District: purchase of Narcan; Quick Response Team; Syringe Harm Reduction Program; educational campaigns, expanded medically assisted treatment programs;<br><br>• Summit County Executive: Incident Management Assistance Team ("IMAT") coordinates activities of the Opiate Task Force and the Addiction Counsel |
| | |
| Akron | • Opioid-focused Quick Response Team (QRT);<br><br>• Purchases of Narcan, drug testing kits, and Immunity Hearing Requirement forms;<br><br>• Increased Police/Fire/EMS service calls for overdoses;<br><br>• Increased Police Division services for opioid investigations, including training, detailing of staff to task forces;<br><br>• Safety Communications handling of increased dispatches and related Police/Fire/EMS support;<br><br>• Law Department Criminal Division's increased prosecutions relating to the opioid epidemic;<br><br>• Municipal Court's increased caseload and probation load relating to the opioid epidemic;<br><br>• Planning and executing a response to the opioid  epidemic, including community educational awareness by Police, the Mayor's office, and other city departments;<br><br>• Funding of third party entities that provide various support services related to the opioid epidemic, including Oriana House, Interval Brotherhood Home, Summit Co. Public Health, etc.<br><br>http://www.akronohio.gov/ |
| | |

| | |
|---|---|
| Barberton | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.cityofbarberton.com |
| Cuyahoga Falls | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.cityofcf.com |
| City of Fairlawn | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.cityoffairlawn.com |
| City of Green | • Increased Police/Fire/EMS service calls for overdoses<br><br>https://www.cityofgreen.org |
| City of Stow | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://stowohio.org |
| City of Tallmadge | • Increased Police/Fire/EMS service calls for overdoses<br><br>https://tallmadge-ohio.org |
| Village of Boston Heights | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.villageofbostonheights.com |
| Village of Clinton | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://clintonvillageohio.com |
| Village of Mogadore | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://mogadorevillage.org |
| Village of Peninsula | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://villageofpeninsula-oh.gov |
| Village of Richfiled | • Increased Police/Fire/EMS service calls for overdoses<br><br>https://www.richfieldvillageohio.org |
| Boston Township | • Increased Police/Fire/EMS service calls for overdoses<br><br>https://www.bostontownship.org |

| | |
|---|---|
| Copley Township | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.copley.oh.us |
| Coventry Township | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.coventrytownship.com |
| Valley Fire District | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.valleyfire.us |
| Summit County Combined General Health District | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.scph.org |
| Village of Lakemore | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.lakemoreohio.org |
| Munroe Falls | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.munroefalls.com |
| Norton | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.cityofnorton.org |
| Village of Silver Lake | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.villageofsilverlake.com |
| Springfield Township | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.springfieldtownship.us |
| City of New Franklin | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.newfranklin.org |
| Valley Fire District | • Increased Police/Fire/EMS service calls for overdoses<br><br>http://www.valleyfire.us |

**INTERROGATORY NO. 5:**

Identify and describe all alleged key opinion leaders (as that term is used throughout the Complaint), alleged front groups, and other third parties with whom any Defendant allegedly conspired or acted in concert in furtherance of the alleged misconduct described in the Complaint, including the identity of each Defendant that allegedly conspired and all facts supporting Plaintiff's contention that such Defendant(s) did so.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome in that it seeks information that is uniquely in Defendants' possession, and thus imposes an undue burden and unnecessary expense on Plaintiff.  Plaintiff further objects to this Request as vague, overly broad and unduly burdensome to the extent it requests Plaintiff to identify and describe all key opinion leaders, alleged front groups and other third parties. Further objecting, the Interrogatory contains a reference to several ambiguous phrases, namely, "alleged front groups," "allegedly conspired," "acted in concert," "in furtherance of," and "alleged misconduct".

Notwithstanding and without waiving this objection, Plaintiff states that discovery is ongoing, and refers Defendants to Plaintiff's Second Amended Complaint, which identifies key opinion leaders, alleged front groups, and other third parties acting in concert with Defendants. Plaintiff also responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  <u>See</u> FRCP 33(a)(2).  Furthermore, Plaintiff responds that discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6:**

Identify and describe all prescriptions of opioids that were written in the Plaintiff's county, city, village, or township in reliance on any alleged misrepresentations, omissions or other alleged

wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission; or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representative(s), employee(s), or agent(s) of the Defendant that made or committed the alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory because of its vast over breadth and in that it seeks information that is not relevant to any party's claim or defense, as Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts.  Plaintiff also objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost and burden to the Plaintiff to identify and describe responsive materials, and the substantial risk of harm to the privacy interests and rights held by the individuals whose private medical files are the subject of this request.  Plaintiff also responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete, or until a pre-trial conference.  See FRCP 33(a)(2).  Furthermore, Plaintiff responds that discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7:**

Identify every person who allegedly became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid(s) in the Plaintiff's county, city, village, or township. Include in the identification of each such individual: (i) the particular type of alleged harm that the individual experienced, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was written; and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.

**PLAINTIFF'S RESPONSE:**

See answer to Interrogatory No. 6.  Plaintiff objects to this Interrogatory as grossly over-broad and unduly burdensome as propounded.  Plaintiff objects because this Interrogatory seeks information not relevant to any party's claim or defense or the legal theories in this case.  Subject to and without waiving objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.  Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost and burden to identify and describe responsive materials, which would cause substantial harm to the privacy interests and rights held by the individuals whose private medical files are the subject of this request.  Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws, including but not limited to, the federal Health Insurance Portability and Accountability Act ("HIPAA").

**INTERROGATORY NO. 8:**

Identify any "unbranded advertising" or "unbranded marketing" (as those terms are used throughout the Complaint) disseminated in the Plaintiff's county, city, village, or township in which any Defendant participated or to which any Defendant contributed in any way. Include in the response the identity of the Defendant(s) that participated or contributed and the identity of the person or persons to whom the "unbranded advertising" or "unbranded marketing" was distributed.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests Plaintiff to identify any "unbranded advertising" or "unbranded marketing" disseminated in Plaintiff's jurisdiction in which any Defendant participated or contributed. Plaintiff further objects to this Interrogatory to the extent it seeks information that is in Defendants' possession or publicly available, and thus imposes an undue burden and unnecessary expense on Plaintiff. Notwithstanding and without waiving this objection, Plaintiff states that discovery is ongoing, but Plaintiff's current information on this subject is contained in Plaintiff's Second Amended Complaint, and any additional information will be supplemented as discovery proceeds and pursuant to the Federal Rules of Civil Procedure. Plaintiff further responds that discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**

Identify and describe all statements or omissions made or disseminated in the Plaintiff's county, city, village, or township by any Defendant (or any other person whose statements you attribute, in whole or in part, to a Defendant) that you claim were false, misleading, unfair, deceptive or otherwise actionable. Include in your identification of each statement or omission:

(i) the name, employer, and position(s) of the speaker, writer, or other person who issued the statement; (ii) the name(s) and position(s) of the recipient(s) of such statement; (iii) when and where the allegedly false, misleading, or deceptive statement was made; (iv) a description of the content of the statement; and (v) all reasons you claim the statement was false, misleading, or deceptive.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests Plaintiff to identify and describe "all" statements or omissions made or disseminated in Plaintiff's jurisdiction by any Defendant that were false, misleading, unfair, deceptive or otherwise actionable. Further objecting, the Interrogatory contains a reference to an undefined phrase, "otherwise actionable."

Plaintiff further objects to the extent it seeks information that is in Defendants' possession or publicly available, and thus imposes an undue burden and unnecessary expense on Plaintiff.  Notwithstanding and without waiving this objection, Plaintiff states that discovery is ongoing, and Plaintiff's current knowledge of this subject is reflected in Plaintiff's Second Amended Complaint, and any additional information will be supplemented as discovery proceeds pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**

Identify and describe all prescriptions of opioid(s) that Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful. Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective, or harmful; and whether, by whom, and for how much the prescription was approved for reimbursement.

**PLAINTIFF'S RESPONSE:**

See answer to Interrogatory No. 6.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded.  Plaintiff objects because this Interrogatory seeks information not relevant to any party's claim or defense, or the legal theories in this case. Subject to and without waiving objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.  Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request.  Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws.


Dated: May 25, 2018                                              Respectfully submitted,

                                                                          By:  /s/  Linda Singer
                                                                          Linda Singer

                                                                          Joseph F. Rice
                                                                          Jodi Westbrook Flowers
                                                                          Anne McGinness Kearse
                                                                          David I. Ackerman
                                                                          Jeffrey C. Nelson
                                                                          MOTLEY RICE LLC
                                                                          401 9th Street NW, Suite 1001
                                                                          Washington, DC 20004
                                                                          Tel: (202) 232-5504

**CERTIFICATE OF SERVICE**

I, Jeffrey Nelson, certify that on May 25, 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order in this case (ECF #232).

*/s/* Jeffrey Nelson_____