# EXHIBIT 10

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Donna M. Welch, P.C.
To Call Writer Directly:
(312) 862-2425
Donna.welch@kirkland.com

300 North LaSalle
Chicago, IL 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 24, 2018

*Via Electronic Mail*

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837
david@specialmaster.law

### *CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER*

Re:    *In re National Prescription Opiate Litigation*, MDL No. 2804
        *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090
        *City of Cleveland, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-451312
        *County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45004

Dear Special Master Cohen:

      I write on behalf of the Manufacturer Defendants to respond to Track 1 Plaintiffs' August 17, 2018 letter regarding their refusal to provide information in response to Interrogatory Nos. 6, 7 and 10 and to produce documents responsive to RFP No. 10.

      As detailed below, these discovery requests call for information that is indisputably relevant to both Plaintiffs' claims and to Manufacturer Defendants' defenses.  And, for a host of reasons, there is no basis to conclude that the effort required of Plaintiffs to provide these critical facts is either undue or disproportionate to Manufacturer Defendants' legitimate need for the information.  In the bold-faced headings of their letter, Plaintiffs protest that their responses are "PROPER," but the substance of their letter makes clear that Plaintiffs seek not to respond *at all*. In their attempt to evade these basic discovery obligations, Plaintiffs seek to recast their claims with sweeping assertions that make no sense as a matter of law or logic, yet notably have failed to include those assertions in sworn interrogatory responses; they should be required to do so and held to them at trial.

      Plaintiffs' 300+ page Complaints allege at their core that through a "false and deceptive marketing of prescription opioids," Manufacturer Defendants "have contributed substantially to the opioid crisis by selling . . . far greater quantities of prescription opioids than they know could

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 2

be necessary for legitimate medical uses."  Cleveland Corrected Sec. Am. Compl. (Dkt. 508) ¶ 9, 14; Summit Corrected Sec. Am. Compl. (Dkt. 514) ¶ 9, 14; Cuyahoga Corrected Sec. Am. Compl. (Dkt. 521) ¶ 9, 14.  Given that theory, Manufacturer Defendants are entitled to know which prescriptions in each of Plaintiffs' respective jurisdictions Plaintiffs contend should not have been written; and, for such prescriptions, who wrote them, what caused them to be written, and what harm they allegedly caused (if any).  Plaintiffs varyingly and inconsistently respond to that straightforward proposition, claiming that *no* particular prescription was inappropriate while at the same time hypothesizing that *every* prescription might have been:

> "Plaintiffs do *not* contend that particular prescriptions were medically unnecessary, ineffective, or harmful."  Aug. 17, 2018 Hanly Ltr. at 6 (emphasis in original).

> "Plaintiffs contend that Defendants' misrepresentations affected *every* prescription for opioid therapy . . . ."  *Id.* at 2 (emphasis in original).

This hemming and hawing is exactly why Plaintiffs must answer Interrogatory Nos. 6, 7 and 10.  Plaintiffs filed fraud-based claims against each Manufacturer Defendant expressly alleging that medically unnecessary opioid prescriptions were written in reliance on the Manufacturer Defendants' alleged misstatements.  To defend themselves against these claims, Manufacturer Defendants are entitled to discovery about the medically unnecessary prescriptions their conduct supposedly caused—regardless of whether Plaintiffs wish to introduce those facts (to the extent they exist).

## Interrogatory Nos. 6, 7 and 10

*First, Plaintiffs do not dispute that the information sought by Interrogatory Nos. 6, 7 and 10 is relevant to Manufacturer Defendants' defenses*.  *Id.* at 4.  Their only response is a "proportionality" argument that is not only unsupported by any authority but also devoid of any detail about the supposed burden Plaintiffs face.  That is because the burden is in fact minimal.  The information sought is the kind Plaintiffs should have gathered during pre-suit investigations and pleaded under Rule 9(b).  Yet Plaintiffs will not even respond to the limited data sets that Manufacturer Defendants have provided as examples.  *See* Aug. 4, 2018 Welch Ltr. at 4 (noting examples of relevant prescriptions, such as 52 total prescriptions for ACTIQ® in Summit County from 2011 through the first half of 2018).  The minimal burden on Plaintiffs cannot possibly be disproportionate in light of their expansive claims and the demands on Manufacturer Defendants.[1]

---

[1] Plaintiffs claim they have not "balked at providing evidence to support the[ir] allegations," Aug. 17, 2018 Hanly Ltr. at 2, as they have, collectively, "produced a total of 3,851,301 pages of documents." *Id.* at 2 n.3.  But that production is dwarfed by the approximately *33 million* pages of documents Manufacturer Defendants have produced to Plaintiffs to date.  Moreover, Plaintiffs have certainly "balked" at producing relevant evidence based on unsupported claims of "undue burden," only to have their own witnesses subsequently reveal that the information was readily available.  *See*

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 3

For that reason, the City of Chicago was ordered to produce exactly the same type of information before its action was transferred to the MDL.

Because Plaintiffs cannot realistically argue undue burden here, their proportionality argument is based on an attempt to marginalize the admitted relevance of the information Manufacturer Defendants seek.  While it is unsurprising that Plaintiffs would attempt to diminish the value of evidence fatal to their case, a discovery motion is not the place to weigh the evidence. Plaintiffs attempt to obfuscate that fact by conflating their discovery obligations with case law on the sufficiency of proof (all of which are distinguishable here, and not the law in the Sixth Circuit), as well as your prior ruling that it is premature to decide whether aggregate evidence is sufficient for **Plaintiffs to prove** causation.  *See* Discovery Ruling No. 1 (Dkt. 606) at 4.  Discovery is undoubtedly broader than what Plaintiffs believe is necessary to prove their claims, as you have reminded them explicitly, June 22, 2018 Email from Special Master Cohen (defendants are not precluded from "obtaining . . . discovery necessary to support or challenge plaintiffs' claims or defendants' defenses"), and as Plaintiffs' own cases highlight.  In *In re Neurontin Mktg. & Sales Practices Litigation*, 712 F.3d 21, 29 (1st Cir. 2013), for example, the parties in fact received individual discovery: "Defendants stress that no physician in this case, or in the Neurontin MDL as a whole, testified that he or she prescribed Neurontin because of defendants' fraudulent off-label marketing. But Kaiser presented **other evidence** as to causation, and **evidence as to why such individual testimony was unreliable**."  (emphasis added).  Under Discovery Ruling No. 1, the viability of Plaintiffs' theory is fundamentally an evidentiary question—whether aggregate proof is sufficient as a matter of law to prove causation in these circumstances—for another day.  And, regardless of the answer to that question, the factfinder is entitled to weigh Defendants' individual evidence against whatever evidence or arguments Plaintiffs choose to present.  Plaintiffs cannot preempt Defendants' ability to obtain admittedly relevant discovery because they intend to proceed on a flawed theory of proof.

*Second, Plaintiffs must include their substantive responses in sworn interrogatories and answer the questions asked in sufficient detail.*  Given the answers that appear in their letter, it is clear why Plaintiffs are fighting not to answer these interrogatories.  Plaintiffs' letter contains a number of contentions they have conveniently omitted from their sworn interrogatory responses.  For example, Plaintiffs admit that they "have not themselves performed the analysis" to provide answers to the interrogatories and that "Plaintiffs do **not** contend that particular prescriptions were medically unnecessary, ineffective, or harmful."  Aug. 17, 2018 Hanly Ltr. at 6 (emphasis in original).  Plaintiffs must put these answers in sworn interrogatory responses.  *See* Fed. R. Civ. P. 33(b)(3).  Similarly, in responding to Defendants' argument that Plaintiffs must identify the doctors they claim wrote prescriptions in reliance on each Defendants'

---

Aug. 13, 2018 Cheffo Ltr. to Special Master Cohen (concerning Summit and Cuyahoga Plaintiffs' refusal to produce their Medical Examiner's records).

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 4


alleged misstatements, Plaintiffs still do not identify even one such doctor.  Instead, they vaguely claim in their letter that every prescription was "affected" by the alleged misstatements.  Aug. 17, 2018 Hanly Ltr. at 2.  That nonresponse makes clear that Plaintiffs have yet to identify even a single doctor who relied on a particular statement of a Manufacturer Defendant in writing prescriptions in their jurisdictions.  Plaintiffs cannot evade that failure of proof by changing the focus of Interrogatory No. 6 from prescriptions written "in reliance" on particular alleged misstatement(s) to those "affected" by all alleged misstatements.  If Plaintiffs contend that every opioid prescription in their jurisdictions was written in reliance on every alleged misstatement cited in their Complaints, then they must answer as such in a sworn interrogatory response.  Likewise, if they do not so contend or cannot identify any prescription written in reliance on any alleged misstatement, they must state that too.

Plaintiffs' argument that ***Manufacturer Defendants*** ought to identify these prescriptions is similarly misplaced.  Manufacturer Defendants cannot discern which, if any, opioid prescriptions ***Plaintiffs*** claim were medically unnecessary or written in reliance on an alleged misstatement.  Defendants thus cannot, and should not be required to, answer for Plaintiffs on these issues.  Plaintiffs are required to do that, and if the answer is "none," as Plaintiffs' letter states, they are required to say so, under oath.

Moreover, the data Plaintiffs have produced is insufficient to answer the interrogatories.  Plaintiffs trumpet their supplemental interrogatory responses, served after their August 17 opposition letter, but those merely highlight the insufficiency of Plaintiffs' non-answers.  The City of Cleveland, for example, supplemented its response to Interrogatory No. 6, which asks Plaintiffs to identify opioid prescriptions written in reliance on Defendants' misstatements, by "provid[ing] the following documents from which Defendants may identify individuals who were prescribed opioids, and/or became addicted to opioids."  Ex. 1 (Cleveland Sec. Am. Resp. to Man. Defs.' First Set of Interrogs.) at 8.  And although you ordered Plaintiffs to produce claims data on July 3, 2018, including records of medical treatment, Plaintiffs barely have begun to produce this sort of data.  For example, Cleveland still has not produced data from CVS, Medical Mutual of Ohio, or Caremark, and Cuyahoga County still has not produced data from CVS.  While each Plaintiff has produced some data from the Ohio Bureau of Workers' Compensation, the excerpts they produced from that database are woefully insufficient.  They do not include any patient identifying information (not even a unique identifier) or the related medical claims data.  All that Plaintiffs have produced is a list of prescriptions submitted to the Ohio Bureau of Workers Compensation, without the corresponding information that would provide the context about the prescription to determine why Plaintiffs might contend it was not medically necessary when written.  While this likely will be the subject of a separate motion to compel, this point bares emphasizing here:  Plaintiffs are refusing to answer interrogatories about reliance on alleged misstatements and the allegedly resulting medically unnecessary prescriptions, while simultaneously refusing to

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 5

produce information in their possession or control that would be necessary to determine how many, if any, such prescriptions exist for each Defendant and product at issue.

**RFP No. 10**

Contrary to their contention, Plaintiffs had never agreed to produce all documents responsive to RFP No. 10 in their custody and control.  As noted in our August 4 letter, Plaintiffs had never agreed to produce *communications* related to the evaluations, assessments, analyses, models or reviews themselves.  Even though Plaintiffs have now agreed to produce all documents, including communications, Manufacturer Defendants still request an order requiring them to provide details about the custodial and noncustodial sources they are searching for this request, particularly given their shifting position on production.

**Request for Oral Argument**

Given the importance of these issues, the Manufacturer Defendants respectfully request in-person oral argument before you on this Motion.

Sincerely,

/s/ *Donna M. Welch*
Donna M. Welch

*Counsel for Defendant Allergan Finance, LLC (f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.)*

Enclosure

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 6

## **Electronic Service List**

*Plaintiffs' Executive Committee*

Don Barrett
Barrett Law Group, P.A.
donbarrettpa@gmail.com

Elizabeth J. Cabraser
Lieff Cabraser Heimann & Bernstein
ecabraser@lchb.com

James E. Cecchi
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
jcecchi@carellabyrne.com

Erin Dickinson
Crueger Dickinson LLC
ekd@cruegerdickinson.com

James R. Dugan, II
The Dugan Law Firm, APLC
jdugan@dugan-lawfirm.com

Paul J. Geller
Robbins Geller Rudman & Dowd LLP
pgeller@rgrdlaw.com

Michael J. Fuller
McHugh Fuller
mike@mchughfuller.com

R. Eric Kennedy
Weisman Kennedy & Berris Co.
ekennedy@weismanlaw.com

Mark Lanier
Lanier Law Firm
wml@lanierlawfirm.com

## KIRKLAND & ELLIS LLP

August 24, 2018
Page 7


Peter J. Mougey
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
pmougey@levinlaw.com

Ellen Relkin
Weitz & Luxenberg, P.C.
erelkin@weitzlux.com

Lynn Sarko
Keller Rohrback
lsarko@kellerrohrback.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
hunter@napolilaw.com

Christopher A. Seeger
Seeger Weiss LLP
cseeger@seegerweiss.com

Roland Tellis
Baron & Budd, P.C.
rbudd@baronbudd.com

James D. Young
Morgan & Morgan
jyoung@forthepeople.com

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
(216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 8


One Sansome Street, Suite 2830
San Francisco, CA 94104
(415) 546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Pensacola, FL 32502
(805) 435-7000
trafferty@levinlaw.com


*Counsel for Plaintiff City of Cleveland*

Peter H. Weinberger (Ohio Bar No. 0022076)
Dustin Herman (Ohio Bar No. 0093163)
SPANGENBERG SHIBLEY &
LIBER, LLP
1001 Lakeside Ave East, Suite 1700
Cleveland, OH 44114
Tel: 216-696-3232
Fax: 216-696-3924
pweinberger@spanglaw.com
dherman@spanglaw.com

Paul T. Farrell, Jr. (Ohio Bar No. 0070257)
Bert Ketchum
GREENE, KETCHUM, FARRELL,
BAILEY & TWEEL, LLP
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Tel.: 800-479-0053 or 304-525-9115
Fax: 304-529-3284
paul@greeneketchum.com
bert@greeneketchum.com

Anthony J. Majestro
POWELL & MAJESTRO, PLLC

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 9


405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com

Michael J. Fuller, Jr. (Ohio Bar No. 0090250)
Amy Quezon (Ohio Bar No. 0091798)
McHUGH FULLER LAW GROUP, PLLC
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

Peter J. Mougey
Troy Rafferty
Page A. Poerschke
Laura S. Dunning
Neil E. "Ned" McWilliams
Jeffrey Gaddy
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
nmcwilliams@levinlaw.com
jgaddy@levinlaw.com

Russell W. Budd
J. Burton LeBlanc, IV
Laura J. Baughman
S. Ann Saucer

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 10


Christine C. Mansour
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 11 00
Dallas, TX 752 19
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
lbaughman@baronbudd.com
asaucer@baronbudd.com
cmansour@baronbudd.com

*Counsel for Plaintiff County of Cuyahoga*

Robert J. Triozzi, Director
Cuyahoga County Department of Law
2079 East 9th Street, 7th floor
Cleveland, Ohio  44115
Telephone: (216) 698-6464
Facsimile: (216) 698-2744
rtriozzi@cuyahogacounty.us

Robin M. Wilson
County Administrative Headquarters
2079 East 9th Street, 7th Floor
Cleveland, Ohio 44115
Phone: (216) 443-7042 / (216) 698-2744 (Fax)
rwilson@cuyahogacounty.us

Frank Gallucci
PLEVIN & GALLUCCI COMPANY, L.P.A.
55 Public Square
Suite 2222
Cleveland, Ohio 44113
FGallucci@pglawyer.com

Paul J. Napoli
Joseph L. Ciaccio
Salvatore C. Badala
NAPOLI SHKOLNIK, PLLC

## KIRKLAND & ELLIS LLP

August 24, 2018
Page 11


400 Broadhollow Road - Suite 350
Melville, New York 11747
pnapoli@napolilaw.com

Scott Elliot Smith
SCOTT ELLOT SMITH LP A
5003 Horizons Dr. Ste. 200
Columbus Oh. 43220
614-846-1700
ses@sestriallaw.com

Leo M. Spellacy, Jr., Esq.
THRASHER DINSMORE & DOLAN LPA
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
Telephone: (216) 255-5431
Fax: (216) 255-5450
lspellacy@tddlaw.com

*Counsel for Plaintiffs County of Summit and City of Akron*

Joseph F. Rice
Lisa Saltzburg
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
jrice@motleyrice.com
lsaltzburg@motleyrice.com

Linda Singer
Louis Bograd
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
lbograd@motleyrice.com

# KIRKLAND & ELLIS LLP

August 24, 2018
Page 12


Donald W. Davis, Jr.
Adam D. Fuller
Elizabeth Shively Boatwright
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
Tel: 330-253-5060
dwdavis@bmdllc.com
adfuller@bmdllc.com
esboatwright@bmdllc.com

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to:<br>*City of Cleveland v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:18-op-45132 | Judge Dan Aaron Polster |

**PLAINTIFF CITY OF CLEVELAND'S <u>SECOND</u> AMENDED RESPONSES AND OBJECTIONS TO MANUFACTURER DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt No. 232), the City of Cleveland ("Plaintiff") hereby provides its Second Amended Responses to Interrogatories Numbers 6, 7, and 10 of Manufacturer Defendants' First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

## <u>OBJECTIONS</u>

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

1

2.      Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevancy of the information produced or identified.

3.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

4.      No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.      Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to disclose information or produce documents that are in the public domain or otherwise available to Manufacturer Defendants as easily from other sources as from Plaintiff, and thus would impose an undue cost and burden on Plaintiff to collect such information.

7.      Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.     Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product or attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.     Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12.     Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.     Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.     Plaintiff's lack of objection to any specific Interrogatory is not an admission that Plaintiff has possession, custody or control over any such information; and any statement by Plaintiff that it will search for or produce documents does not mean that Plaintiff has possession, custody or control of any responsive document, or that any such documents exist.

15.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

16.     Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and

3

objections in the event that additional information becomes available.

17.     Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC SECOND AMENDED RESPONSES AND OBJECTIONS TO INTERROGATORIES NOS. 6, 7, AND 10

**Interrogatory No. 6:**

Identify and describe all prescription of opioids that were written in the City of Cleveland in reliance on any alleged misrepresentations, omissions or other alleged wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission; or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representatives(s), employee(s), or agent(s) of the Defendant that made or commit ted the alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement.

**Response to Interrogatory No. 6:**

Plaintiff objects to this Interrogatory because of its vast over breadth and in that it seeks information that is not relevant to any party's claim or defense, as Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act or other individualized damage counts.

Plaintiff also objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost and burden to the Plaintiff to identify and describe responsive materials, and the substantial risk of harm to the privacy interests and rights held by the individuals whose private medical files are the subject of this request. Plaintiff also responds that this Interrogatory is contention discovery more appropriately answered once written discovery is

completed. *See* FRCP 33(a)(2). Furthermore, Plaintiff responds that discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiff identifies the following list of opioids:

- OxyContin
- Dilaudid
- Butrans
- Targiniq ER
- Norco
- Fentora
- Nucynta
- Opana ER
- Percodan
- Generic Oxycodone
- Generic Hydromorphone
- Fentanyl
- Roxicodone
- Methadose
- Generic Morphine Sulfate Oral Solution
- Generic Oral Transmucosal Fentanyl Citrate
- Generic Hydrocodone Bitartrate and Acetaminophen

- Generic Hydromorphone
  Hydrochloride ER

- Generic Oxymorphone Hydrochloride

- Generic Oxycodone Hydrochloride

- MS Contin

- Dilaudid-HP

- Hysingla ER

- Kadian

- Actiq

- Duragesic

- Nucynta ER

- Opana

- Percocet

- Generic Oxymorphone

- Generic Hydrocodone

- Exaglo

- Xartemis XR

- Generic Methadone Hydrochloride

- Generic Fentanyl Transdermal System

- Generic Oxycodone and
  Acetaminophen

- Generic Hydromorphone
  Hydrochloride

- Generic Naltrexone Hydrochloride

- Generic Methadone Hydrochloride

- Generic Buprenorphine and Naloxone

Plaintiff further responds that the increased volume of opioid prescribing correlates directly to skyrocketing addiction, overdose and death; black markets for diverted prescription opioids; and a concomitant rise in heroin and fentanyl abuse by individuals who could no longer legally acquire or simply could not afford prescription opioids. Plaintiff also responds and incorporates the answers to Interrogatories No. 5 and No 9 and states that the topic of broad requests for discovery regarding information on every opioid prescription within Plaintiff's boundaries was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1. Further responding, during the meet and confer conferences on interrogatories and document requests, defense counsel has requested medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. The City has objected to these requests but has nevertheless begun making inquiries for this information from the City's third-party contractors that have this information.

Plaintiff reserves the right to supplement or modify this list as discovery proceeds and based upon further investigation.

**Supplemental Response to Interrogatory No. 6:**

In addition to the objections and response above, the City further supplements that it has provided the following documents from which Defendants may identify individuals who were prescribed opioids, and/or became addicted to opioids, to the extent that such responsive information exists:

- Worker's compensation claims data pertaining to prescription opioid claims (CLEVE_000251601;CLEVE_000272162)
- Cleveland Division of Corrections records pertaining to medical care provided to inmates (Production volumes CLEVE005, CLEVE006, CLEVE008)
- Cleveland Division of Police records identifying potential instances of prescription opioid diversion (CLEVE_000251307 through CLEVE_000251394; CLEVE_000251271)
- Data from the Cuyahoga County Medical Examiner's Office, identifying drug overdose deaths (cumulative of Cuyahoga County's production).
- Data on individual Cleveland EMS call-outs involving opioid overdoses (CLEVE_000274705; entire de-identified database export in volumes CLEVE036, CLEVE038).

Plaintiff reserves the right to supplement and amend this response based upon further

investigation.

**Interrogatory No. 7:**

Identify every person who allegedly became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid(s) in the City of Cleveland. Include in the identification of each such individual: (i) the particular type of alleged harm that the individual experienced, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was written; and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.

**Response to Interrogatory No. 7:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded and seeks information beyond Plaintiff's possession, custody, and control. Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "experienced" and "other opioids."

Plaintiff objects because this Interrogatory seeks information not relevant to any party's claim or defense or the legal theories in this case.  Subject to and without waiving objections, Plaintiff responds that Plaintiff is not representing the interests of individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.

Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost and burden to identify and describe responsive materials, which would cause substantial harm to the privacy interests and rights held by the individuals whose private medical files are the subject of this request. Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and

protected by privacy laws, including but not limited to, the federal Health Insurance Portability and Accountability Act ("HIPAA"). These objections were set forth in the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1. Further responding, during the meet and confer conferences on interrogatories and document requests, defense counsel has requested medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. The City has objected to these requests but has nevertheless begun making inquiries for this information from the City's third-party contractors that have this information.

Plaintiff reserves the right to supplement or modify this response as discovery proceeds and based upon further investigation.

**Supplemental Response to Interrogatory No. 7:**

In addition to the objections and response above, see supplemental response to Interrogatory No. 6. The City further supplements that it has provided the following documents from which Defendants may identify individuals who were prescribed opioids, and/or became addicted to opioids, to the extent that such responsive information exists:

- Worker's compensation claims data pertaining to prescription opioid claims (CLEVE_000251601;CLEVE_000272162)
- Cleveland Division of Corrections records pertaining to medical care provided to inmates (Production volumes CLEVE005, CLEVE006, CLEVE008)
- Cleveland Division of Police records identifying potential instances of prescription opioid diversion (CLEVE_000251307 through CLEVE_000251394; CLEVE_000251271)
- Data from the Cuyahoga County Medical Examiner's Office, identifying drug overdose deaths (cumulative of Cuyahoga County's production).
- Data on individual Cleveland EMS call-outs involving opioid overdoses (CLEVE_000274705; entire de-identified database export in volumes CLEVE036, CLEVE038).

Despite its continued objection, the City is still in the process of inquiring with third-party contractors regarding Defendants' request for medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. Plaintiff reserves the right to supplement and amend this response based upon further investigation.

10

**Interrogatory No. 10:**

Identify and describe all prescriptions of opioid(s) that Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful. Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective, or harmful; and whether, by whom, and for how much the prescription was approved for reimbursement.

**Response to Interrogatory No. 10:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded. Plaintiff objects because this Interrogatory seeks information not relevant to any party's claim or defense, or the legal theories in this case. Subject to and without waiving objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.

Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request. Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws, including but not limited to, the federal Health Insurance Portability and Accountability Act ("HIPAA"). These objections were set forth in the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.  Further responding, during the meet and confer conferences on interrogatories and

document requests, defense counsel has requested medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. The City has objected to these requests but has nevertheless begun making inquiries for this information from the City's third-party contractors that have this information.

Plaintiff reserves the right to supplement or modify this response as discovery proceeds and based upon further investigation.

As discovery continues, Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1. Subject to and without waiving all objections, Plaintiff incorporates its Response to Interrogatory Nos. 6 and 7 and states that Plaintiff will comply with the procedure and deadline as set forth in Case Management Order No. 1.

**Supplemental Response to Interrogatory No. 10:**

In addition to the objections and response above, see supplemental response to Interrogatory No. 6 and 7. The City further supplements that it has provided the following documents from which Defendants may identify individuals who were prescribed opioids, and/or became addicted to opioids, to the extent that such responsive information exists:

- Worker's compensation claims data pertaining to prescription opioid claims (CLEVE_000251601;CLEVE_000272162)
- Cleveland Division of Corrections records pertaining to medical care provided to inmates (Production volumes CLEVE005, CLEVE006, CLEVE008)
- Cleveland Division of Police records identifying potential instances of prescription opioid diversion (CLEVE_000251307 through CLEVE_000251394; CLEVE_000251271)
- Data from the Cuyahoga County Medical Examiner's Office, identifying drug overdose deaths (cumulative of Cuyahoga County's production).
- Data on individual Cleveland EMS call-outs involving opioid overdoses (CLEVE_000274705; entire de-identified database export in volumes CLEVE036, CLEVE038).

Despite its continued objection, the City is still in the process of inquiring with third-party contractors regarding Defendants' request for medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. Plaintiff reserves the right to supplement and amend this response based upon further investigation.

Respectfully submitted,

*/s/ Ami J. Patel*
Stephen S. Zashin (Ohio Bar No. 0064557)
Ami J. Patel (Ohio Bar No.0078201)
Christopher S. Caspary (Ohio Bar No. 0091350)
ZASHIN & RICH CO. LPA
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Tel: 216-696-4441
Fax: 216-696-1618
ssz@zrlaw.com
ajp@zrlaw.com
cdc@zrlaw.com

Paul T. Farrell, Jr. (Ohio Bar No. 0070257)
GREENE, KETCHUM, FARRELL,
    BAILEY & TWEEL, LLP
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Tel.: 800-479-0053 or 304-525-9115
Fax: 304-529-3284
paul@greeneketchum.com

Peter H. Weinberger (Ohio Bar No. 0022076)
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Ave East, Suite 1700
Cleveland, OH 44114
Tel: (216) 696-3232
Fax: 216-696-3924
pweinberger@spanglaw.com

Peter J. Mougey
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com

Michael J. Fuller, Jr. (Ohio Bar No. 0090250)
MCHUGH FULLER LAW GROUP, PLLC
97 Elias Whiddon Rd.

13

Hattiesburg, MS  39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com

R. Edison Hill
HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
Tel.: 304-345-5667
Fax: 304-345-1519
rehill@hpcbd.com

J. Burton LeBlanc, IV
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
bleblanc@baronbudd.com

Mark Pifko
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel.: 818-839-2333
Fax: 214-520-1181
mpifko@baronbudd.com

Anthony J. Majestro POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com

*Counsel for Plaintiff City of Cleveland*

Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114-1149
Tel.: 216-696-3232
pweinberger@spanglaw.com

14

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Tel: 415-546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
  RAFFERTY & PROCTOR P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel: 805-435-7000
trafferty@levinlaw.com

*Liaison Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via electronic mail on the

individuals on the attached service list this 17th day of August, 2018.

/s/  Ami J. Patel
Ami J. Patel (Ohio Bar No.0078201)

SERVICE LIST

## *Counsel for Defendants*

Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
mark.cheffo@dechert.com
*Counsel for Defendants Purdue Pharma L.P.; Purdue Pharma Inc.; and The Purdue Frederick Company*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
clifland@omm.com
*Counsel for Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc.*

15

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
steven.reed@morganlewis.com
*Counsel for Defendants Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
jonathan.stern@arnoldporter.com
*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

Brien T. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
brien.oconnor@ropesgray.com
*Counsel for Mallinckrodt LLC*

Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
donna.welch@kirkland.com
*Counsel for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Daniel G. Jarcho
ALSTON & BIRD
950 F Street, NW
Washington, DC 20004
daniel.jarcho@alson.com
*Counsel for Defendant Noramco, Inc.*

## *Liaison Counsel for Manufacturer Defendants*

Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
mark.cheffo@dechert.com

Carole Rendon
BAKER HOSTETLER
127 Public Square, Suite 2000
Cleveland, OH 44114
crendon@bakerlaw.com


*Liaison Counsel for Distributor Defendants*

Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com

Shannon McClure
REED SMITH, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
ghobart@cov.com

*Liaison Counsel for Chain Pharmacies*

Kaspar J. Stoffelmayr
BARTLIT, BECK, HERMAN, PALENCHAR & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60654
kaspar.stoffelmayr@bartlit-beck.com


*Liaison Counsel for Physician Defendants*

Tyler Tarney
GORDON & REES, LLP
41 South High Street, Suite 240
Columbus, OH 43215
ttarney@grsm.com

17

18