# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY AND CITY OF AKRON, OHIO PLAINTIFFS' INITIAL
RESPONSES AND OBJECTIONS TO THE NATIONAL RETAIL PHARMACY
DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), the County of Summit, Ohio, and the City of Akron, Ohio ("Plaintiff") hereby respond to The National Retail Pharmacy Defendants'[1] First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek

---

[1] The National Retail Pharmacy Defendants include the following defendants: CVS Indiana, LLC, CVS Rx Services, Inc., Rite Aid of Maryland, dba Mid-Atlantic Customer Service Center, Walgreens Boots Alliance, Inc., and Walmart Inc. fka Wal-Mart Stores, Inc.

to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the ESI Protocol entered in this matter, or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      Plaintiff objects to each Interrogatory to the extent it seeks information restricted from dissemination pursuant to court order, statute, or regulation.  Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency, or relevance of the information produced or identified.

3.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein.  All such objections and the grounds therefore are hereby reserved.

4.      No admission of any nature whatsoever is to be implied or inferred in these responses.  The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and have not yet completed their preparation for trial.  Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.      Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to produce documents that are in the public domain or otherwise available to Defendants as easily from other sources as from Plaintiff.

7.      Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.      Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.      Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12.      Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.      Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.      Plaintiff's lack of objection to any specific Interrogatory is not an admission that Plaintiff has possession, custody, or control over any such information; and any statement by

3

Plaintiff that it will search for or produce documents does not mean that Plaintiff has possession, custody, or control of any responsive document, or that any such documents exist.

15.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

16.     Plaintiff reserves the right to supplement, revise, correct, or clarify their responses and objections in the event that additional information becomes available.

17.     Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding their responses to the Interrogatories.  All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

18.     No federal rule prevents Plaintiff from submitting collective answers to collective Interrogatories.  Where the responses and objections to these Interrogatories are the same for each Plaintiff, a collective response herein will in no way prejudice Defendants.  In each instance where the answers are not the same for each Plaintiff, any differences have been set forth herein with particularity.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving their right to object (on the grounds of relevancy, hearsay, materiality, competency, or any other ground) to the use of their responses in any subsequent stage or proceeding in this action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of their rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information they have been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement their objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory 1

State the years during which You claim each National Retail Pharmacy Defendant engaged in the conduct for which You seek damages.

### Response 1

Plaintiff objects that this Interrogatory contains a reference to an ambiguous phrase, "conduct."  Subject to and without waiving all objections, Plaintiff incorporates the allegations in their Corrected Second Amended Complaint and Jury Demand ("Second Amended Complaint"). In addition, Plaintiff's investigation of their damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving any objections, Plaintiff responds that every year a given National Retail Pharmacy Defendant distributed opioids is relevant.  Plaintiff recently received the ARCOS data from the Department of Justice, to which the Distributor Defendants objected, which reveals conduct dating back to January 2006.  Plaintiff believes the Distributor Defendants

5

engaged in actionable conduct dating back to at least this timeframe and have reason to believe discovery and Plaintiff's investigation will reveal additional conduct dating back to the introduction of OxyContin into the national marketplace.  Plaintiff further responds that the years from 1995 to the present are the relevant time period for the conduct alleged, and all years from 2006 to the present are the relevant time period for the measure of damages (in addition to abatement or other remedies).  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 2**

Identify each prescription upon which You base, or which You contend supports, Your claims in this case.  For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response 2**

Plaintiff objects to this Interrogatory as overly broad in seeking to identify "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control, or just as available to Defendants from their own business dealings or third-party sources as may be available to Plaintiff.  Plaintiff also objects to this Interrogatory as placing an undue burden not proportional to the needs of the case.  Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert

witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope. Plaintiff further objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request. Plaintiff responds that to the extent it has such data and it is not being sought outside the bounds of Special Master Cohen's Order No. 1, it has been or will be produced.

Plaintiff reserves the right to amend, supplement or modify this response as discovery proceeds and based upon further investigation. As discovery continues, Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1.

**Interrogatory 3**

Identify each prescription the filling of which caused or led to harm for which You seek to recovery in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response 3**

Plaintiff objects to this Interrogatory as to the over breadth and burden of identifying "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims. Individual proof is not relevant here.

7

Once again, Defendants misapprehend the nature of the case at hand.  This is not an individual case, nor a series of individual cases; it is brought by public entities.  Individual proof is neither relevant nor admissible.  The burden is totally disproportional to the needs of the case.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.  Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request.  Plaintiff also objects to the extent this Interrogatory calls for Confidential Information not in Plaintiff's possession and protected by privacy laws.  This topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.

Subject to and without waiving all objections, Plaintiff responds as follows:  the ARCOS database identifies the following pharmacies as having suspicious orders for opioids within Summit County, Ohio[2]:

| PHARMACY/BUYER NAME | CITY/STATE |
| --- | --- |
| Dr. A. J. GINGO | AKRON, OH |
| THE FRED W ALBRECHT GROCERY CO | STOW, OH |
| RITZMAN PHARMACY #107 | AKRON, OH |
| SUMMIT PAIN SPECIALISTS PHARMACY | STOW, OH |
| RITZMAN PHARMACY #106 | NORTON, OH |

[2] This does not account for the flood of opioids from surrounding counties and states; Plaintiff expressly reserves its right to amend, modify, or supplement on this point.

8

| | |
|---|---|
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| SKILLED CARE PHARMACY-CLEV | TWINSBURG, OH |
| WALGREEN CO. | CUYAHOGA FALLS, OH |
| RITZMAN PHARMACY #101 | AKRON, OH |
| OHIO CVS STORES, L.L.C. | AKRON, OH |
| ACME PHARMACY #11 | TALLMADGE, OH |
| WALGREEN CO. | AKRON, OH |
| MARC GLASSMAN INC | AKRON, OH |
| RITE AID OF OHIO, INC. | BARBERTON, OH |
| TARGET STORES A DIV. OF TARGET CORP. | AKRON, OH |
| KLEIN'S PHARMACY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4036 | CUYAHOGA FALLS, OH |
| CHILDRENS HOSPITAL MED CTR | AKRON, OH |
| FRED W ALBRECHT GROCERY CO | AKRON, OH |
| GLASSMAN INC | SAGAMORE HILLS, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| RITE AID OF OHIO, INC. | TALLMADGE, OH |
| SUMMA HEALTH SYSTEM | AKRON, OH |
| GIANT EAGLE PHARMACY #5878 | CUYAHOGA FALLS, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| AKRON PHARMACY | AKRON, OH |
| GIANT EAGLE PHARMACY #6299 | NORTHFIELD, OH |
| KLEIN'S COMMUNITY HEALTH | AKRON, OH |
| MARCS CHAPEL HILL INC | CUYAHOGA FALLS, OH |
| TARGET STORES A DIV.OF TARGET CORP. | FAIRLAWN, OH |
| KMART PHARMACY #7383 | BARBERTON, OH |
| THE FRED W ALBRECHT GROC CO | NORTON, OH |
| RITZMAN PHARMACY #105 | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | HUDSON, OH |
| RITE AID OF OHIO, INC. | FAIRLAWN, OH |

| THE FRED W ALBRECHT GROCERY | STOW, OH |
|---|---|
| RITE AID OF OHIO, INC. | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4031 | BARBERTON, OH |
| GIANT EAGLE PHARMACY #4030 | TALLMADGE, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| COLONIAL PHARMACY | BATH, OH |
| MARC | AKRON, OH |
| NEW CHOICE PHARMACY | CUYAHOGA FALLS, OH |
| VA OUTPATIENT CLINIC | AKRON, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| GIANT EAGLE PHARMACY #4124 | AKRON, OH |
| GIANT EAGLE PHARMACY #4029 | AKRON, OH |

Further, Plaintiff identifies the following pharmacies as having the largest shipments of opioids:

| PHARMACY NAME | ADDRESS |
|---|---|
| KLEIN'S PHARMACY | KLEIN BARRY E<br>2015 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| THE FRED W ALBRECHT GROCERY CO | 4302 ALLEN RD SUITE #110<br>STOW, OH  44224 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 325 EAST WATERLOO ROAD<br>AKRON, OH  44319 |
| RITZMAN PHARMACY #101 | 1323 COPLEY RD<br>AKRON, OH  44320 |
| OHIO CVS STORES, L.L.C. | 590 EAST MARKET STREET<br>AKRON, OH  44304 |
| SUMMIT PAIN SPECIALISTS PHARMACY | 4302 ALLEN RD SUITE 300<br>STOW, OH  44224 |
| GIANT EAGLE PHARMACY #4031 | 41 5TH STREET SE<br>BARBERTON, OH  44203 |
| WALGREEN CO. | 2645 STATE RD<br>CUYAHOGA FALLS, OH  44223 |

| | |
|---|---|
| WALGREEN CO. | 302 CANTON ROAD<br>AKRON, OH  44312 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #18<br>2147 EAST AVENUE<br>AKRON, OH  44314 |
| WALGREEN CO. | 1130 S. ARLINGTON ST<br>AKRON, OH  44306 |
| OHIO CVS STORES, L.L.C. | 3352 KENT ROAD<br>STOW, OH 44224 |
| WALGREEN CO. | 900 WOOSTER RD NORTH<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 1540 CANTON ROAD<br>AKRON, OH  44312 |
| HIGHLAND SQUARE PHCY | 786 W MARKET ST<br>AKRON, OH  44303 |
| OHIO CVS STORES, L.L.C. | 1225 CANTON RD<br>AKRON, OH  44312 |
| WALGREEN CO. | 1303 COPLEY ROAD<br>AKRON, OH  44320 |
| RITZMAN PHARMACY #107 | 157 WEST CEDAR STREET<br>AKRON, OH  44307 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 1047 KENMORE BOULEVARD<br>AKRON, OH  44314 |
| GIANT EAGLE PHARMACY #4124 | 484 EAST WATERLOO RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 830 BRITTAIN RD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 235 EAST CUYAHOGA FALLS AVE<br>AKRON, OH  44310 |
| OHIO CVS STORES, L.L.C. | 4195 S. CLEVELAND-MASSILLON ROAD<br>NORTON, OH  44203 |
| WALGREEN CO. | 834 W. MARKET STREET<br>AKRON, OH  44303 |
| WALGREEN CO. | 3009 W. MARKET ST.<br>FAIRLAWN, OH  44333 |
| RITZMAN PHARMACY #102 | 390 ROBINSON AVENUE, SUITE A<br>BARBERTON, OH  44203 |
| FRED W ALBRECHT GROCERY CO | DBA ACME PHARMACY #14<br>3235 MANCHESTER RD<br>AKRON, OH  44319 |
| OHIO CVS STORES, L.L.C. | 2091 EASTWOOD AVENUE<br>AKRON, OH  44305 |

| | |
|---|---|
| OHIO CVS STORES, L.L.C. | 780 BRITTAIN ROAD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 1711 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| OHIO CVS STORES, L.L.C. | 426 ROBINSON AVE.<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 2975 WEST MARKET STREET<br>FAIRLAWN, OH  44333 |
| OHIO CVS STORES, L.L.C. | 1949 WEST MARKET STREET<br>AKRON, OH  44313 |
| RALEY DRUG STORE, INC | 1760 GOODYEAR BLVD<br>AKRON, OH  44305 |
| WALGREEN CO. | 1925 W. MARKET ST.<br>AKRON, OH  44313 |
| OHIO CVS STORES, L.L.C. | 10380 NORTHFIELD ROAD<br>NORTHFIELD, OH  44067 |
| DISCOUNT DRUG MART #33 | 655 PORTAGE TRAIL<br>CUYAHOGA FALLS, OH  44221 |
| GIANT EAGLE PHARMACY #4029 | 2801 EAST WATERLOO ROAD<br>AKRON, OH  44312 |
| GIANT EAGLE PHARMACY #4030 | 205 WEST AVE<br>TALLMADGE, OH  44278 |
| WALGREEN CO. | 9043 DARROW RD<br>TWINSBURG, OH  44087 |
| RITE AID OF OHIO, INC. | 4053 SOUTH MAIN STREET<br>AKRON, OH  44319 |
| RITE AID OF OHIO, INC. | 1403 WOOSTER ROAD WEST<br>BARBERTON, OH  44203 |
| COPE PHARMACY INC | 941 WEST NIMISILA RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 2086 GRAHAM RD.<br>STOW, OH  44224 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #2<br>2420 WEDGEWOOD DRIVE<br>AKRON, OH  44312 |
| RITE AID OF OHIO, INC. | 45 EAST AVENUE<br>TALLMADGE, OH  44278 |
| THE FRED W ALBRECHT GROC CO | DBA: ACME PHARMACY 6<br>3200 GREENWICH ROAD<br>NORTON, OH  44203 |
| HEALTHSPAN INTEGRATED CARE | 1260 INDEPENDENCE AVE<br>AKRON, OH  44310 |

In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 4**

Identify each person in Your geographic area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or who sought to obtain any Prescription Opioid through a forged or otherwise improper prescription.

**Response 4**

Plaintiff objects to the vast over breadth asking for "each person" who "forged" or "improperly altered"  "any prescription for any Opioid."  Plaintiff objects that this is not relevant to the claims in this case.  Plaintiff objects to this Interrogatory in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff wholly disproportional to the needs of the case.

Subject to and without waiving all objections, Plaintiff responds that such local prescriber- and patient-level data would be in the possession of the data mining companies frequently used by Defendants to monitor such information.  These companies include, but are not limited to, IMS Health, QuintilesIMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, and PRA Health Science.  Pursuant to comments from the U.S. Department of Justice Drug Enforcement Administration ("DEA"), Defendants also compiled "know your customer"

questionnaires and files that would contain such data and information.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 5**

Identify every instance during the Relevant Time Period in which You requested information relating to Prescription Opioids from the Ohio Automated Rx Reporting System (OARRS), including the date of the request, the subject matter of the request, the information You requested, the information You obtained in response to the request, and any action You took based on that information.

**Response 5**

Plaintiff objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in seeking "every instance" in which Plaintiff "requested information" "relevant to" OARRS, "including the date of the request," "the subject matter," "the information requested," "the information obtained in response," and "any action You took based on that instruction." Plaintiff also objects to this Interrogatory in that it is unduly burdensome and possibly illegal to identify the requested information, and impossible to know each stakeholder or doctor who accessed this information within the County.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.

**Interrogatory 6**

Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, otherwise had access to information on OARRS, during the Relevant Time Period.  This includes, but is not limited to, all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS.  For each such person, state when access was first obtained and, if applicable, discontinued.

**Response 6**

14

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," "who otherwise had access to information on OARRS," when obtained and when/if discontinued.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Plaintiff further objects in that the requested information is in the possession of a third party.

Subject to and without waiving all objections, Plaintiff responds that individuals who use OARRS within Summit County include, but are not limited to, Dr. Lisa Kohler and Donna Skoda. Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 7**

Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

**Response 7**

Plaintiff objects to the over breadth of this Interrogatory.  Plaintiff objects that this Interrogatory is vague as to "Suspicious Orders."  Plaintiff further objects to this request in that it calls for information in the possession or control of the National Retail Pharmacy Defendants, and more readily and efficiently available to Defendants from their own business records or third-party sources than available to Plaintiff, and thus places an undue burden on Plaintiff.

Subject to and without waiving all objections, Plaintiff responds as follows:  the Controlled Substances Act ("CSA") requires manufacturers and distributors of Schedule II substances like opioids to:  (a) limit sales within a quota set by the DEA for the overall production of Schedule II

substances like opioids; (b) register to manufacture or distribute opioids; (c) maintain effective controls against diversion of the controlled substances that they manufacture or distribute; and (d) design and operate a system to identify suspicious orders of controlled substances, halt such unlawful sales, and report them to the DEA.

Defendants have several responsibilities under state and federal law with respect to control of the supply chain of opioids.  The DEA provides a series of guidelines on Suspicious Orders Reporting ("SOR"), contained in the Chemical Handlers Manual, that "are intended to assist chemical manufacturers, distributors, wholesalers and retailers to be alert to suspicious orders involving listed chemicals," which include opioids.  "The guidelines are intended to apply to all aspects of commercial chemical manufacturing and distribution."  Defendants must set up a system to prevent diversion, including excessive volume and other suspicious orders. This includes reviewing Defendants' own data, relying on their observations of prescribers and pharmacies, and following up on reports or concerns of potential diversion.  All suspicious orders must be reported by Defendants to relevant enforcement authorities. Further, distributors must also stop shipment of any order which is flagged as suspicious and only ship orders which were flagged as potentially suspicious if, after conducting due diligence, they can determine that the order is not likely to be diverted into illegal channels.

To ensure that even drugs produced within quota are not diverted, federal regulations issued under the CSA mandate that all registrants, manufacturers, and distributors alike, "design and operate a system to disclose to the registrant suspicious orders of controlled substances."  21 C.F.R. § 1301.74(b).  Registrants are not entitled to be passive (but profitable) observers, but rather "shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant."  *Id.*  Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.  *Id.*  Other red flags

may include, for example, "[o]rdering the same controlled substance from multiple distributors." *Id.*

These criteria are disjunctive and are not all inclusive.  For example, if an order deviates substantially from a normal pattern, the size of the order does not matter and the order should be reported as suspicious.  Likewise, a distributor or manufacturer need not wait for a normal pattern to develop over time before determining whether a particular order is suspicious.  The size of an order alone, regardless of whether it deviates from a normal pattern, is enough to trigger the responsibility to report the order as suspicious.   The determination of whether an order is suspicious depends not only on the ordering patterns of the particular customer but also on the patterns of the entirety of the customer base and the patterns throughout the relevant segment of the industry.  For this reason, identification of suspicious orders serves also to identify excessive volume of the controlled substance being shipped to a particular region.

Despite Defendants' obligations to monitor, report, and promote control of suspicious orders, the ARCOS database identifies these pharmacies as having filled suspicious orders for opioids within Summit County, Ohio[3]:

| PHARMACY/BUYER NAME | CITY/STATE |
|---|---|
| Dr. A. J. GINGO | AKRON, OH |
| THE FRED W ALBRECHT GROCERY CO | STOW, OH |
| RITZMAN PHARMACY #107 | AKRON, OH |
| SUMMIT PAIN SPECIALISTS PHARMACY | STOW, OH |
| RITZMAN PHARMACY #106 | NORTON, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| SKILLED CARE PHARMACY-CLEV | TWINSBURG, OH |
| WALGREEN CO. | CUYAHOGA FALLS, OH |

---

[3] This does not account for the flood of opioids from surrounding counties and states; Plaintiff expressly reserves its right to amend, modify, or supplement on this point.

| RITZMAN PHARMACY #101 | AKRON, OH |
|---|---|
| OHIO CVS STORES, L.L.C. | AKRON, OH |
| ACME PHARMACY #11 | TALLMADGE, OH |
| WALGREEN CO. | AKRON, OH |
| MARC GLASSMAN INC | AKRON, OH |
| RITE AID OF OHIO, INC. | BARBERTON, OH |
| TARGET STORES A DIV. OF TARGET CORP. | AKRON, OH |
| KLEIN'S PHARMACY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4036 | CUYAHOGA FALLS, OH |
| CHILDRENS HOSPITAL MED CTR | AKRON, OH |
| FRED W ALBRECHT GROCERY CO | AKRON, OH |
| GLASSMAN INC | SAGAMORE HILLS, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| RITE AID OF OHIO, INC. | TALLMADGE, OH |
| SUMMA HEALTH SYSTEM | AKRON, OH |
| GIANT EAGLE PHARMACY #5878 | CUYAHOGA FALLS, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| AKRON PHARMACY | AKRON, OH |
| GIANT EAGLE PHARMACY #6299 | NORTHFIELD, OH |
| KLEIN'S COMMUNITY HEALTH | AKRON, OH |
| MARCS CHAPEL HILL INC | CUYAHOGA FALLS, OH |
| TARGET STORES A DIV.OF TARGET CORP. | FAIRLAWN, OH |
| KMART PHARMACY #7383 | BARBERTON, OH |
| THE FRED W ALBRECHT GROC CO | NORTON, OH |
| RITZMAN PHARMACY #105 | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | HUDSON, OH |
| RITE AID OF OHIO, INC. | FAIRLAWN, OH |
| THE FRED W ALBRECHT GROCERY | STOW, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | CUYAHOGA FALLS, OH |

18

| GIANT EAGLE PHARMACY #4031 | BARBERTON, OH |
|---|---|
| GIANT EAGLE PHARMACY #4030 | TALLMADGE, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| COLONIAL PHARMACY | BATH, OH |
| MARC | AKRON, OH |
| NEW CHOICE PHARMACY | CUYAHOGA FALLS, OH |
| VA OUTPATIENT CLINIC | AKRON, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| GIANT EAGLE PHARMACY #4124 | AKRON, OH |
| GIANT EAGLE PHARMACY #4029 | AKRON, OH |

Further, Plaintiff identifies the following pharmacies as having the largest shipments of opioids:

| PHARMACY NAME | ADDRESS |
|---|---|
| KLEIN'S PHARMACY | KLEIN BARRY E 2015 STATE RD CUYAHOGA FALLS, OH  44223 |
| THE FRED W ALBRECHT GROCERY CO | 4302 ALLEN RD SUITE #110 STOW, OH  44224 |
| NEW CHOICE PHARMACY | 1900 23RD STREET CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 325 EAST WATERLOO ROAD AKRON, OH  44319 |
| RITZMAN PHARMACY #101 | 1323 COPLEY RD AKRON, OH  44320 |
| OHIO CVS STORES, L.L.C. | 590 EAST MARKET STREET AKRON, OH  44304 |
| SUMMIT PAIN SPECIALISTS PHARMACY | 4302 ALLEN RD SUITE 300 STOW, OH  44224 |
| GIANT EAGLE PHARMACY #4031 | 41 5TH STREET SE BARBERTON, OH  44203 |
| WALGREEN CO. | 2645 STATE RD CUYAHOGA FALLS, OH  44223 |
| WALGREEN CO. | 302 CANTON ROAD AKRON, OH  44312 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #18 2147 EAST AVENUE AKRON, OH  44314 |

| | |
|---|---|
| WALGREEN CO. | 1130 S. ARLINGTON ST<br>AKRON, OH  44306 |
| OHIO CVS STORES, L.L.C. | 3352 KENT ROAD<br>STOW, OH 44224 |
| WALGREEN CO. | 900 WOOSTER RD NORTH<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 1540 CANTON ROAD<br>AKRON, OH  44312 |
| HIGHLAND SQUARE PHCY | 786 W MARKET ST<br>AKRON, OH  44303 |
| OHIO CVS STORES, L.L.C. | 1225 CANTON RD<br>AKRON, OH  44312 |
| WALGREEN CO. | 1303 COPLEY ROAD<br>AKRON, OH  44320 |
| RITZMAN PHARMACY #107 | 157 WEST CEDAR STREET<br>AKRON, OH  44307 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 1047 KENMORE BOULEVARD<br>AKRON, OH  44314 |
| GIANT EAGLE PHARMACY #4124 | 484 EAST WATERLOO RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 830 BRITTAIN RD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 235 EAST CUYAHOGA FALLS AVE<br>AKRON, OH  44310 |
| OHIO CVS STORES, L.L.C. | 4195 S. CLEVELAND-MASSILLON ROAD<br>NORTON, OH  44203 |
| WALGREEN CO. | 834 W. MARKET STREET<br>AKRON, OH  44303 |
| WALGREEN CO. | 3009 W. MARKET ST.<br>FAIRLAWN, OH  44333 |
| RITZMAN PHARMACY #102 | 390 ROBINSON AVENUE, SUITE A<br>BARBERTON, OH  44203 |
| FRED W ALBRECHT GROCERY CO | DBA ACME PHARMACY #14<br>3235 MANCHESTER RD<br>AKRON, OH  44319 |
| OHIO CVS STORES, L.L.C. | 2091 EASTWOOD AVENUE<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 780 BRITTAIN ROAD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 1711 STATE RD<br>CUYAHOGA FALLS, OH  44223 |

| | |
|---|---|
| OHIO CVS STORES, L.L.C. | 426 ROBINSON AVE. BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 2975 WEST MARKET STREET FAIRLAWN, OH  44333 |
| OHIO CVS STORES, L.L.C. | 1949 WEST MARKET STREET AKRON, OH  44313 |
| RALEY DRUG STORE, INC | 1760 GOODYEAR BLVD AKRON, OH  44305 |
| WALGREEN CO. | 1925 W. MARKET ST. AKRON, OH  44313 |
| OHIO CVS STORES, L.L.C. | 10380 NORTHFIELD ROAD NORTHFIELD, OH  44067 |
| DISCOUNT DRUG MART #33 | 655 PORTAGE TRAIL CUYAHOGA FALLS, OH  44221 |
| GIANT EAGLE PHARMACY #4029 | 2801 EAST WATERLOO ROAD AKRON, OH  44312 |
| GIANT EAGLE PHARMACY #4030 | 205 WEST AVE TALLMADGE, OH  44278 |
| WALGREEN CO. | 9043 DARROW RD TWINSBURG, OH  44087 |
| RITE AID OF OHIO, INC. | 4053 SOUTH MAIN STREET AKRON, OH  44319 |
| RITE AID OF OHIO, INC. | 1403 WOOSTER ROAD WEST BARBERTON, OH  44203 |
| COPE PHARMACY INC | 941 WEST NIMISILA RD AKRON, OH  44319 |
| WALGREEN CO. | 2086 GRAHAM RD. STOW, OH  44224 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #2 2420 WEDGEWOOD DRIVE AKRON, OH  44312 |
| RITE AID OF OHIO, INC. | 45 EAST AVENUE TALLMADGE, OH  44278 |
| THE FRED W ALBRECHT GROC CO | DBA: ACME PHARMACY 6 3200 GREENWICH ROAD NORTON, OH  44203 |
| HEALTHSPAN INTEGRATED CARE | 1260 INDEPENDENCE AVE AKRON, OH  44310 |

Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2) In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness

opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 8**

Identify the "national comparative benchmarks and indefensible outliers" related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch.

**Response 8**

Plaintiff objects to this Interrogatory as vague and ambiguous in seeking a definition of what legal counsel meant.  Plaintiff further objects on the basis of relevance and its attempt to place a burden of response on Plaintiff not proportional to the needs of the case.  Plaintiff also objects to this Interrogatory in that it calls for speculation into counsel's thoughts, mental impressions, and/or work product.  Plaintiff objects in that the information requested is not in their possession, custody, or control.

Subject to and without waving all objections, Plaintiff responds that Mr. Farrell's email speaks for itself.

**Interrogatory 9**

Identify all physicians and any other health care providers who prescribed Prescription Opioids during the Relevant Time Period and who, at the time, were employed by You or practiced at facilities owned, operated, supported, or affiliated with You, including any public health care systems or facilities.  For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response 9**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome in seeking identifies of "all physicians and any other health care providers who prescribed Prescription

Opioids" who were "employed by" or practicing at "facilities owned, operated, supported or affiliated" with Summit County or the City of Akron, "including any public health care system or facilities" along with "his or her place of work."  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession, custody, or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds that they are public entities and not in the business of prescribing drugs.  Individuals who use OARRS within Summit County include, but are not limited to, Dr. Lisa Kohler and Donna Skoda.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 10**

Identify all pharmacies that, during the Relevant Time Period, were owned, operated, supported, or affiliated with You, including through any public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period.  For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response 10**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff objects to this Interrogatory as to the use of the phrase "all pharmacies and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies," including their title and place(s) of work.  Plaintiffs objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds they are not in the pharmacy business; they are public entities.

**Interrogatory 11**

Identify each instance in which a person identified in response to Interrogatory Nos. 9 and 10 was involved in the diversion of Prescription Opioids during the Relevant Time Period—including without limitation the improper prescribing or filling of Prescription Opioids or the submission to a distributor of a Suspicious Order.  For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

**Response 11**

Plaintiff objects to this Interrogatory as vague and ambiguous to the extent the term "involved in" is undefined.  Subject to and without waiving all objections, Plaintiff responds that neither Dr. Lisa Kohler nor Donna Skoda have ever "diverted" opioids.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 12**

Identify all communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos 9 and 10 and any National Retail Pharmacy Defendant, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy Defendant, including the date of the communication, the substance of the communication, and the parties to the communication.

**Response 12**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff also objects to this Interrogatory as vague and ambiguous as to the phrase "acting on behalf or in concert with" as subject to differing interpretations.  Plaintiff further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.

Plaintiff also objects to this request in that it calls for information in the Distributor Defendants' possession or control.   The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Plaintiff responds that discovery is ongoing and Plaintiff is producing or has produced responsive documents from the custodial files of Dr. Lisa Kohler and Donna Skoda, if any such files exist.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 13**

Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos 9 and 10 from any Defendant named in Your Second Amended Complaint or from anyone who You maintain was acting on behalf of or in concert with any Defendant named in Your Second Amended Complaint.

**Response 13**

Plaintiff objects to this Interrogatory as overly broad in seeking "any fees, reimbursements, honoraria, gifts or other items of value received."  Plaintiff also objects to this Interrogatory as unduly burdensome and overly broad in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiffs further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Plaintiff is willing to meet and confer to discuss narrowing the scope of this Interrogatory.

**Interrogatory 14**

Identify the individuals referenced anonymously in Your Second Amended Complaint as sources of information, including the name, address, and profession of each source.

**Response 14**

Plaintiff objects to the term "individuals referenced anonymously" and "sources of information" as vague and ambiguous and subject to varying interpretations.  Plaintiff further objects to the extent it cannot determine which portions of the Corrected Second Amended Complaint are being referred.  Plaintiff also objects to the extent this Interrogatory is seeking attorney-client or work product privileged information.

Subject to and without waving all objections, Plaintiff refers Defendants to paragraph 658 of the Corrected Second Amended Complaint:  "On information and belief, because of (among other sources of information) regulatory and other actions taken against the National Retail Pharmacies directly, actions taken against others pertaining to prescription opioids obtained from their retail stores, complaints and information from employees and other agents, and the massive volume of opioid prescription drug sale data that they developed and monitored, the National Retail Pharmacies were well aware that their distribution and dispensing activities fell far short of legal requirements."  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 15**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any pharmacy in Your geographic area about Prescription Opioids.  This includes without limitation each instance You or anyone acting on Your behalf notified any pharmacy in Your geographic area that You suspected or believed Prescription Opioids were being

diverted from it.  For each such communication, identify the pharmacy with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response 15**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome as to "identify each instance," "including but not limited to," "health care and law enforcement agencies," "anyone," "communicated with any pharmacy" regarding prescription opioids.  Plaintiff further objects to this Interrogatory as to the vast over breadth of "including but not limited to," "communicated with any pharmacy," and "without limitation."  Plaintiff also objects to this Interrogatory as overly broad and burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Such a request is burdensome beyond the needs proportional to the case.

Subject to and without waiving all objections, Plaintiff responds that it believes responsive materials, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 16**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and the law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids.  This includes without limitation each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that Prescription Opioids shipped by the distributor were being diverted in Your geographic area.  For each such communication, identify the distributor

with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response 16**

Plaintiff objects to this Interrogatory as vague and ambiguous as to "health care and law enforcement agencies."  Plaintiff further objects to this Interrogatory as overbroad by asking Plaintiff to identify "each instance" anyone notified the distributor, "communicated with any distributor," "including but not limited to," and "without limitation."  Plaintiff objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiff further objects to this request in that it calls for information in the possession or control of Defendants.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff; and demanding Plaintiff somehow divines this defies the requirements of Fed. R. Civ. P. 26.  Plaintiff objects that the language "the persons who were party to" each communication is overly broad.

Subject to and without waiving all objections, Plaintiff responds that it believes responsive materials, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 17**

Identify all persons (other than Your attorneys in this action) from whom You have obtained information about alleged diversion in Your geographic area by a National Retail Pharmacy Defendant during the Relevant Time Period.  Describe the information that each person possesses and identify the National Retail Pharmacy Defendant to which it pertains.

**Response 17**

Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the term "obtained information."  Plaintiff further objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant ("identify the National Retail Pharmacy Defendant to which it pertains").  Plaintiff objects to the extent this Interrogatory seeks attorney-client or work product privileged information.  Plaintiff also objects to the extent that the information requested is not in their possession, custody, or control.

Subject to and without waiving all objections, Plaintiff responds that it has received ARCOS information from the Drug Enforcement Agency, and that responsive documents, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 18**

Identify each employee, contractor or other person to whom You provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids.

**Response 18**

Plaintiff objects to the vast over breadth of this Interrogatory.  Plaintiff further objects to this Interrogatory as overly broad, vague, and ambiguous as to "each employee, contractor or other person," who "provided compensation," or "worked on addressing," "the problems."  These terms are subject to such widely varying interpretations that they make this Interrogatory incomprehensible.  Plaintiff also objects to this request in that it calls for information in the

29

National Retail Pharmacy Defendants' possession, custody, or control.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds that organizational charts have already been produced by Plaintiff in this litigation and persons with knowledge have been identified.

**Interrogatory 19**

Identify each state or federal official or agency (including but not limited to the United States Drug Enforcement Administration, the United States Department of Justice, a United States Attorney's Office, the Ohio Department of Medicaid and its constituent providers, the Ohio Department of Public Safety, the Ohio Attorney General's Office, the State of Ohio Board of Pharmacy, and the State Medical Board of Ohio), insurer, or third party benefit manager who provided information to You about diversion of Prescription Opioids during the Relevant Time Period, including but not limited to information about Suspicious Orders, improper prescriptions, or individuals responsible for diversion of Prescription Opioids.  Include in Your response a description of the information and date it was provided.

**Response 19**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome.  Plaintiff also objects to it seeking information beyond Plaintiff's possession, custody, and control.  Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "excessive dispensing" and "improper prescribing."  Plaintiff objects to the extent this calls for a legal conclusion by asking for "individuals

responsible."  Plaintiff also objects to this Interrogatory because certain responsive information may be subject to the law enforcement privilege and/or privacy rights and privileges.

Subject to and without waiving all objections, Plaintiff answer as follows:  Plaintiff refers Defendants to https://www.ohiopmp.gov/Reports.aspx for available OARRS data.  Plaintiff will supplement this answer with non-privileged information responsive to this Interrogatory once the information is available to Plaintiff.

**Interrogatory 20**

Provide a computation of each category of damages, monetary sums, and injunctive relief that You seek from each National Retail Pharmacy Defendant.

**Response 20**

Plaintiff objects to this Interrogatory to the extent it calls for Plaintiff to identify the specific conduct or liability of each Defendant.  Subject to and without waiving objections, for the identification of the Defendant or Defendants from which relief is sought, Plaintiff refers Defendants to Plaintiff's Corrected Second Amended Complaint.

Subject to and without waiving all objections, Plaintiff responds as follows:  Plaintiff is conducting a reasonable and diligent search for and has produced or will produce all non-privileged documents that identify, describe, and quantify the monetary and other relief Plaintiff seeks in this case. In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Further subject to and without waiving all objections, Plaintiff identifies the following non-exhaustive list of programs and other expenditures either that have been initiated because of the opioid crisis or which have experienced increased funding needs because of the opioid crisis. Such programs and expenditures include, but are not limited to, the following:

| Jurisdiction | Efforts to Address Opioid Epidemic |
|---|---|
| Summit County | • Summit County Alcohol, Drug Addiction and Mental Health Board:  Quick Response Teams, DAWN, Addiction Helpline; Opiate Task Force and the planning, maintaining and executing responses to the opioid epidemic; purchase of Narcan; manages waitlists for residential treatment facilities; additional training, education and treatment; <br><br> • Summit County Medical Examiner:  increased number of deaths caused by the opioid epidemic for the Summit County Medical Examiner's office to process and investigate; additional staffing and resources, additional costs for contractors/vendors; <br><br> • Summit County Prosecutors: increased caseload and prosecutions relating to the opioid epidemic; <br><br> • Summit County Court of Common Pleas (including probation and specialty courts, like drug court): increased caseload and probation services relating to the opioid epidemic; Opioid Unit in adult probation department; two drug court judges do community outreach re opioids and other drugs; Indigent Defense – increased County expenditures to fund this Court program for indigent defendants; <br><br> • Summit County Juvenile Court (including probation and specialty courts): increase in number of parents participating in Family Reunification Through Recovery Court due to opioid use; increase in staff trainings related to opioid use; <br><br> • Summit County Children Family Services: host Northeast Ohio Regional Training Center which provides trainings related to opioids, 25% of the staff trainings they do relate to opioids; social workers who exclusively deal with families and substance abuse issues; collaborate with juvenile court program, Family Reunifications through Recovery; Oriana House; provides licensure hours for Close Up which addresses opioids increased costs due to increased placement of children abused and neglected due to opioid addictions; <br><br> • Summit County Sheriff:  services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic; members of Quick Response Team; DARE education; drug task force members meet with community organizations to discuss opioids; drug take back days; implement House Bill 277 aka Good Samaritan Law; receive Narcan training; <br><br> • Summit County General Health District: purchase of Narcan; Quick Response Team; Syringe Harm Reduction Program; educational campaigns, expanded medically assisted treatment programs; |

| Jurisdiction | Efforts to Address Opioid Epidemic |
|---|---|
| | • Summit County Executive: Incident Management Assistance Team (IMAT) coordinates activities of the Opiate Task Force and the Addiction Counsel |
| | |
| Akron | • Opioid-focused Quick Response Team (QRT); <br><br> • Purchases of Narcan, drug testing kits, and Immunity Hearing Requirement forms; <br><br> • Increased Police/Fire/EMS service calls for overdoses; <br><br> • Increased Police Division services for opioid investigations, including training, detailing of staff to task forces; <br><br> • Safety Communications handling of increased dispatches and related Police/Fire/EMS support; <br><br> • Law Department Criminal Division's increased prosecutions relating to the opioid epidemic; <br><br> • Municipal Court's increased caseload and probation load relating to the opioid epidemic; <br><br> • Planning and executing a response to the opioid  epidemic, including community educational awareness by Police, the Mayor's office, and other city departments; <br><br> • Funding of third party entities that provide various support services related to the opioid epidemic, including Oriana House, Interval Brotherhood Home, etc. |

In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

Dated:  July 23, 2018

/s/  *Linda Singer*

Linda Singer

Joseph F. Rice
Jodi Westbrook Flowers
Anne McGinness Kearse
David I. Ackerman
Jeffrey C. Nelson
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: (202) 232-5504
Fax:  (202) 232-5513
lsinger@motleyrice.com
jrice@motleyrice.com
jflowers@motleyrice.com
akearse@motleyrice.com
dackerman@motleyrice.com
jnelson@motleyrice.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Colleen Hemelgarn, certify that on July 23, 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order in this case (Dkt. No. 232).

<em>/s/ Colleen Hemelgarn/</em>