# EXHIBIT 12

# BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
www.bartlit-beck.com

CHICAGO OFFICE

COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE

1801 WEWATTA STREET
SUITE 1200
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:

(312) 494-4434
kaspar.stoffelmayr@bartlit-beck.com

September 24, 2018

*Via Email*

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, OH 44122

> Re:   *In re National Prescription Opiate Litigation*, MDL No. 2804
> Plaintiffs' Refusal to Respond to the Pharmacy Defendants' Interrogatories 2, 3
> and 7 Regarding Prescriptions and Suspicious Orders

Dear Special Master Cohen:

I write on behalf of CVS, Rite Aid of Maryland, Walgreens, and Walmart (collectively, the "Pharmacy Defendants") regarding an impasse we have reached with Plaintiffs[1] over their refusal to respond to the Pharmacy Defendants' Interrogatories seeking information related to prescriptions (Nos. 2 and 3) and suspicious orders (No. 7).  On August 24, 2018, the Pharmacy Defendants sent letters to Plaintiffs outlining the deficiencies in their responses.  On September 14, 2018, the parties met and conferred on these issues and could not reach agreement.[2]  We therefore request that you order Plaintiffs to supplement their responses to Interrogatory Nos. 2, 3, and 7.

We understand that you have scheduled oral argument on September 28 on one of the issues raised below (prescriptions) as it pertains to the Manufacturer Defendants' discovery requests.  If appropriate, we will be prepared to address the prescription-related issues discussed below at that time.

## Interrogatory Nos. 2 and 3

Interrogatory Nos. 2 and 3 seek information about the opioid prescriptions underlying Plaintiffs' claims.  They state:

> Identify each prescription upon which You base, or which you contend supports,
> Your claims in this case.  For each prescription, identify the prescriber, dispensing

---

[1] References to Plaintiffs include City of Cleveland, Cuyahoga County, Summit County, and City of Akron.

[2] We continue to meet and confer with Plaintiffs regarding other deficiencies in their responses.

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 2

> pharmacy, dispensing pharmacist, and dispensing date, and explain how it
> supports Your claims.

> Identify each prescription the filling of which caused or led to harm for which you
> seek to recover in this case.  For each prescription, identify the prescriber,
> dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain
> how it supports Your claims.

We previously brought these Interrogatories to your attention and foreshadowed a discovery
dispute related to them in an August 24, 2018 letter from Kaspar Stoffelmayr.  (A copy is
attached as Exhibit A.)  For the reasons stated in that letter, the information sought in
Interrogatory Nos. 2 and 3 is relevant to the claims against the Pharmacy Defendants.

Plaintiffs, however, have refused to provide us the prescription-level information
requested in Interrogatory Nos. 2 and 3.  Plaintiffs simultaneously respond that "[i]ndividual
proof is not relevant here" and that "this evidence will be the subject of fully-supported and
detailed expert witness opinion(s)."  (Plaintiffs' Interrogatory Responses are attached as Exhibits
B-D.)

During our meet and confer, Plaintiffs explained that they stand on their objections and
that they intend to prove their claims through "aggregate proof" rather than individual
prescriptions.  In doing so, they referred us to their prior submissions to you on this topic.  *See,
e.g.*, Aug 17, 2018 Letter from Paul Hanly to Special Master David Cohen at 2 ("Plaintiffs'
claims do not turn on the contention that particular prescriptions were medically unnecessary or
improper.") and at 4 (explaining intention to prove claims through aggregate proof).

First, all of Plaintiffs' claims against the Pharmacy Defendants about harms caused by
"suspicious orders" the Pharmacy Defendants allegedly shipped to their own stores are premised
on a claim that the medications shipped in those orders were then dispensed improperly.
Otherwise, these orders could not have caused any harm to Plaintiffs and would only result in
additional medications sitting locked up in inventory.  Whatever "aggregate proof" Plaintiffs
intend to offer of such allegedly improper dispensing, it must be based on factual data of some
kind.  There is no question that Defendants are entitled to that data as part of fact discovery if
Plaintiffs have it.  And if in fact no data supports Plaintiffs' claims (as we believe), then they
must say so.

Second, if Plaintiffs do not intend to prove that any individual prescriptions caused or led
to any of the harm for which they seek to recover (that is, if Plaintiffs do not contend that any
individual prescription supports their claims), they should be required to say so definitively in
sworn responses to Interrogatory Nos. 2 and 3 so that we can prepare our defenses accordingly.
In the alternative, to the extent Plaintiffs do base their claims on and contend that they suffered
as a result of any individual prescription, they need to identify those prescriptions so that we may

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 3

prepare defenses as to those prescriptions.  The scope of discovery is not restricted based on how Plaintiffs say they will prove up their cases but includes "any nonprivileged matter that is relevant to any party's claim *or defense*."  Fed. R. Civ. Pro. 26(b)(1) (emphasis added).

Finally, while Plaintiffs say they will use "aggregate proof," they have conspicuously avoided saying that they do not have and will not attempt to offer evidence, perhaps for "color," about particular pharmacies or prescriptions that they say should not have been filled.  If Plaintiffs intend to use evidence involving specific prescriptions that they allege should not have been filled, they must provide that evidence so that Defendants may prepare their defense.  Or Plaintiffs must say clearly that they have no such evidence and do not intend to offer any such evidence in these cases.

**Interrogatory No. 7**

Interrogatory No. 7 asks Plaintiffs to identify the suspicious orders that form the basis of their claims.  It states:

> Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

In response, Plaintiff Cuyahoga County provided a list of the "highest dispensing opioid pharmacies in Cuyahoga County," and Summit County and City of Akron responded by providing lists of pharmacies that received the largest shipments of opioids and pharmacies that "the ARCOS database identifies [] as having filled [sic] suspicious orders."  (Cuyahoga County's and Summit County's Responses to Interrogatory No. 7 are attached as Exhibits B and C.)  These lists are non-responsive to Interrogatory No. 7 and fail to identify any order that Plaintiffs contend is suspicious.

For its part, Cleveland stated that it cannot respond until discovery has progressed further and it has an opportunity to complete its review of the ARCOS data.  (City of Cleveland's Response to Interrogatory No. 7 is attached as Exhibit D.)  Cleveland reiterated this position during the meet and confer, and the other Plaintiffs adopted it.

But each Plaintiff alleged—under penalty of Rule 11—in its complaint that the Pharmacy Defendants failed to adequately detect and disclose "suspicious orders."  This Interrogatory goes to the core of Plaintiffs' claims against the Pharmacy Defendants.  If Plaintiffs truly cannot, at this stage of the litigation, identify even a single "suspicious order" that the Pharmacy Defendants failed to detect and disclose, then serious questions arise regarding whether Plaintiffs

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 4

had a good-faith basis for asserting any claims against the Pharmacy Defendants in the first place.  *Cf.* Fed. R. Civ. P. 11(b)(3).  The Pharmacy Defendants are, at the very least, entitled to a clear statement on the record that Plaintiffs are not aware of a single suspicious order that any of them is alleged to have shipped.

Even if further discovery might lead to the identification of additional suspicious orders, the Pharmacy Defendants are entitled to have Plaintiffs identify every suspicious order, if any, of which they are currently aware.  That Plaintiffs are currently aware of such orders is strongly suggested by a June 13, 2018 email sent by Plaintiffs' counsel Paul Farrell to Mark Lynch (counsel for McKesson) and others, in which Mr. Farrell states that Plaintiffs have identified certain shipments as "indefensible outliers."[3]  (A copy of Mr. Farrell's email is attached as Exhibit E.)  Plaintiffs have provided no excuse for failing to identify these orders, at least, in response to Interrogatory No. 7.  And if Mr. Farrell's statement was incorrect and Plaintiffs have in fact identified no such "indefensible outliers," Defendants and the Court are entitled to know that.

For the reasons stated above, we request that Plaintiffs be ordered to provide substantive responses to Interrogsatory Nos. 2, 3, and 7.

Respectfully submitted,

Kaspar J. Stoffelmayr

cc:    All Liaison Counsel

---

[3] Our Interrogatory No. 8 asks Plaintiffs to "Identify the 'national comparative benchmarks and indefensible outliers' related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch."  Plaintiffs' failure to provide a substantive response to this Interrogatory is the subject of ongoing discussions with Plaintiffs.

# EXHIBIT A

# BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE
1801 WEWATTA STREET
SUITE 1200
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4434
kaspar.stoffelmayr@bartlit-beck.com

August 24, 2018

*Via Email*

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, OH 44122

  Re: *In re National Prescription Opiate Litigation*, MDL No. 2804

Dear Special Master Cohen:

  You have asked for additional briefing from the Manufacturer Defendants related to their discovery dispute with Plaintiffs regarding medically inappropriate prescriptions. We write to advise you that the Pharmacy Defendants have a similar discovery dispute percolating, which is not yet ripe for your review. We respectfully request that any ruling you issue with respect to Manufacturers' Interrogatories 6, 7 and 10 not apply to the Pharmacy Defendants' requests for prescription information (Interrogatories 2 and 3) until we have had an opportunity to meet and confer with Plaintiffs and, if necessary, brief the issue as it relates to our requests and the claims asserted against us.[1]

  The arguments proffered by both the Manufacturers and Plaintiffs in the pending discovery dispute center on the fraud allegations against the Manufacturers. The Manufacturers contend that the identification of medically inappropriate prescriptions written in reliance on their alleged misrepresentations is critical to their defense, arguing that they "have never been involved in a case where plaintiffs asserting fraud-based claims have refused to even identify the parties who supposedly received and relied upon the alleged fraudulent statements." Plaintiffs, in turn, contend that their fraud claims "do not turn on the contention that particular prescriptions were medically unnecessary or improper" because the alleged "misrepresentations affected *every* prescription."

---

[1] Our relevant interrogatories are as follows:

  2. Identify each prescription upon which You base, or which you contend supports, Your claims in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

  3. Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
August 24, 2018
Page 2


Although the dispute between Plaintiffs and the Pharmacy Defendants also concerns discovery regarding prescriptions, it involves very different claims and different arguments.

As Plaintiffs have repeatedly made clear, as recently as Mr. Farrell's letter to you of August 17, they have sued the Pharmacy Defendants in their capacity as distributors, primarily based on allegations that the Pharmacy Defendants failed to adequately detect and disclose "suspicious orders" pursuant to 21 CFR 1301.74(b).  (Farrell letter, p. 5).  This regulation corresponds to the requirement in the Controlled Substances Act that all registrants maintain "effective controls against diversion of particular controlled substances *into other than legitimate medical, scientific, and industrial channels*."  21 U.S.C. § 823 (emphasis added).

The key claims against the Pharmacy Defendants are thus based on a discrete set of orders—"suspicious orders"—that Plaintiffs allege that the Pharmacy Defendants failed to detect and disclose.  Plaintiffs do not suggest that the Pharmacy Defendants engaged in any misconduct with respect to orders that were not "suspicious."  There is thus no possibility that the wrongful conduct of the Pharmacy Defendants in allegedly failing to detect suspicious orders "affected *every* prescription."

Moreover, even if Plaintiffs could show that the Pharmacy Defendants breached any duty with respect to suspicious orders (which the Pharmacy Defendants deny), establishing that this breach harmed Plaintiffs would require Plaintiffs to prove that the orders were not used to fill legitimate prescriptions and rather were put to illegitimate use.  Evidence of medically inappropriate prescriptions—or lack thereof— therefore goes the heart of Plaintiffs' liability theories against the Pharmacy Defendants.  If all of the "suspicious" orders filled by a distributor were used to fill legitimate medically necessary prescriptions, there could be no causation and no recovery against that distributor.

These differences between the claims against the Manufacturers and the claims against the Pharmacy Defendants warrant separate briefing and consideration of the issues.  We respectfully request the opportunity to fully brief this issue as it relates to our discovery requests and the Plaintiffs' claims against us, once the meet-and-confer process is complete.


Respectfully submitted,


Kaspar J. Stoffelmayr


cc:     All Liaison Counsel

# EXHIBIT B

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| Case No. 17-OP-45004 (N.D. Ohio) | |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S  RESPONSES AND OBJECTIONS TO NATIONAL RETAIL PHARMACY DEFENDANTS' FIRST SET OF INTERROGATORIES |
| Plaintiffs, | |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CORPORATION, AMERISOURCEBERGEN
CORPORATION, HEALTH MART
SYSTEMS, INC., H. D. SMITH, LLC d/b/a
HD SMITH, f/k/a H.D. SMITH
WHOLESALE DRUG CO., H. D. SMITH
HOLDINGS, LLC, H. D. SMITH HOLDING
COMPANY, CVS HEALTH
CORPORATION, WALGREENS BOOTS
ALLIANCE, INC. a/k/a WALGREEN CO.,
and WAL-MART INC. f/k/a WAL-MART
STORES, INC.,

                    Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case

Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232),

The County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga

County, Michael C. O'Malley, ("Plaintiff") hereby responds to National Retail Pharmacy

Defendants'[1] First Set of Interrogatories (the "Interrogatories" and, each individually, a

"Interrogatory"), as follows:

## **OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific

objections are cited in response to an individual Interrogatory, those specific objections are provided

because they are applicable to that specific Interrogatory and are not a waiver of the objections

applicable to information falling within the scope of such Interrogatory.

1.        Plaintiff objects to each Interrogatory to the extent they are overly broad, vague,

unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks

to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the

---

[1] The National Retail Pharmacy Defendants are CVS Indiana, LLC, CVS Rx Services, Inc., Rite Aid
of Maryland, dba Mid-Atlantic Customer Service Center, Rite Aid Corporation, Walgreens Boots
Alliance, Inc., and Walmart Inc. F/K/A Wal-Mart Stores, Inc.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.  Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3.  These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4.  The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.  Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.  Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Manufacturers as easily from other sources as from Plaintiff.

7.  Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.  Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.      Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.      Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12.      Any response stating that Plaintiff will produce information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.      Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.      Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

15.      Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16.      Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

### NON-WAIVER

1. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2. If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3. Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4. Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

### SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

State the years during which You claim each National Retail Pharmacy Defendant engaged in the conduct for which You seek damages.

**Response to Interrogatory No. 1:**

Plaintiff objects that this Interrogatory contains a reference to an ambiguous phrase, "conduct." Subject to and without waiving all objections, Plaintiff incorporates the allegations in

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

their Corrected Second Amended Complaint and Jury Demand ("Second Amended Complaint"). In addition, Plaintiff's investigation of their damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving any objections, Plaintiff responds that every year a given National Retail Pharmacy Defendant distributed opioids is relevant. Plaintiff recently received the ARCOS data from the Department of Justice, to which the Distributor Defendants objected, which reveals conduct dating back to January 2006. Plaintiff believes the Distributor Defendants engaged in actionable conduct dating back to at least this timeframe and have reason to believe discovery and Plaintiff's investigation will reveal additional conduct dating back to the introduction of OxyContin into the national marketplace. Plaintiff further responds that the years from 1995 to the present are the relevant time period for the conduct alleged, and all years from 2006 to the present are the relevant time period for the measure of damages (in addition to abatement or other remedies). Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory No. 2:**

Identify each prescription upon which You base, or which you contend supports, Your claims in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response to Interrogatory No. 2:**

Plaintiff objects to this Interrogatory as overly broad in seeking to identify "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant. Plaintiff objects to this request in that it calls for information in the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

National Retail Pharmacy Defendants' possession or control, or just as available to Defendants from their own business dealings or third-party sources as may be available to Plaintiff.  Plaintiff also object to this Interrogatory as placing an undue burden not proportional to the needs of the case. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.  Plaintiff further objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request.  Plaintiff also objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws, including but not limited to, the federal Health Insurance Portability and Accountability Act ("HIPAA").  These objections were set forth in the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.  Plaintiff responds that to the extent they have such data and it is not being sought outside the bounds of Special Master Cohen's Order No. 1, it has been or will be produced.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Plaintiff reserves the right to supplement or modify this response as discovery proceeds and based upon further investigation. As discovery continues, Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1.

**Interrogatory No. 3:**

Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response to Interrogatory No. 3:**

Plaintiff objects to this Interrogatory as to the over breadth and burden of identifying "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims. Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not and individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case. Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control. The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff. Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request. Plaintiff also objects to the extent this Interrogatory calls for Confidential Information not in Plaintiff's possession and protected by privacy laws, including but not limited to, HIPAA. These objections were set forth in the June 11,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.

Further, Plaintiff identifies the highest dispensing opioid pharmacies in Cuyahoga County, which include but are not limited to:

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Ohio CVS Stores, L.L.C. | 2007 Brookpark Road | Cleveland |
| Rite Aid Of Ohio, Inc. | 3402 Clark Avenue | Cleveland |
| Walgreen Co. | 5400 Pearl Road | Parma |
| Walgreen Co. | 16803 Lorain Ave | Cleveland |
| Walgreen Co. | 3415 Clark Avenue | Cleveland |
| Walgreen Co. | 11701 Detroit Ave | Lakewood |
| Ohio CVS Stores, L.L.C. | 11223 Granger Rd. | Garfield |
| Ohio CVS Stores, L.L.C. | 212 West Bagley Road | Berea |
| Walgreen Co. | 4265 State Rd. | Cleveland |
| Walgreen Co. | 22401 Lake Shore Blvd | Euclid |
| Ohio CVS Stores, L.L.C. | 3171 West Blvd. | Cleveland |
| Ohio CVS Stores, L.L.C. | 23351 Lorain Road | North Olmstead |
| Walgreen Co. | 6300 Pearl Rd. | Parma Heights |
| Ohio CVS Stores, L.L.C. | 13777 Pearl Rd. | Strongsville |
| Discount Drug Mart | 6476 York Road | Parma Heights |
| Ohio CVS Stores, L.L.C. | 10022 Madison Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 8000 Euclid Ave. | Cleveland |
| Ohio CVS Stores, L.L.C. | 22001 Lakeshore Blvd | Euclid |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Rite Aid Of Ohio, Inc. | 5795 State Road | Parma |
| Walgreen Co. | 6410 Broadway Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 11706 Clifton Boulevard | Lakewood |
| Walgreen Co. | 12777 Rockside Road | Garfield Heights |
| Walgreen Co. | 7260 Pearl Road | Middleburg Heights |
| Rite Aid Of Ohio, Inc. | 7109 Harvard Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 6301 Harvard Avenue | Cleveland |
| Walgreen Co. | 15609 Lake Shore Blv | Cleveland |
| Discount Drug Mart #31 | Kevin M Ryan, Rph | Euclid |
| Ohio CVS Stores, L.L.C. | 14372 Snow Rd | Brook Park |
| Walgreen Co. | 20485 Euclid Ave | Euclid |
| Walgreen Co. | 520 Broadway Ave | Bedford |
| Walgreen Co. | 127 E Pleasant Valley Rd | Seven Hills |
| Ohio CVS Stores, L.L.C. | 4240 Pearl Rd | Cleveland |
| Discount Drug Mart Inc. #5 | 15412 Detroit Ave | Lakewood |
| Rite Aid Of Ohio, Inc. | 6512 Franklin Boulevard | Cleveland |
| Rite Aid Of Ohio, Inc. | 15149 Snow Road | Brook Park |
| Walgreen Co. | 14525 Euclid | East Cleveland |
| Discount Drug Mart #28 | 8191 Columbia Road | Parma Heights |
| Discount Drug Mart #41 | 13123 Detroit Avenue | Lakewood |
| Discount Drug Mart Inc. #15 | 17815 Puritas Avenue | Cleveland |
| Discount Drug Mart Inc. #17 | 4170 Fulton Road | Cleveland |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Discount Drug Mart Inc. #8 | 24485 Lorain Rd | North Olmsted |
| Discount Drug Mart Inc. #10 | 27300 Detroit Rd | Westlake |
| Discount Drug Mart #18 | 6160 Brecksville Road | Independence |
| Discount Drug Mart | 6148 Dunham Road | Maple Heights |
| Discount Drug Mart | 5500 Wallings Road | North Royalton |
| Discount Drug Mart Inc. #21 | Store #21 | 3889 East 71st Street |
| Discount Drug Mart, Inc. | 13919 Prospect Rd | Strongsville |
| Discount Drug Mart #82 | 765 Alpha Dr | Highland Heights |

In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory No. 4:**

Identify each person in Your geographic area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or who sought to obtain any Prescription Opioid through a forged or otherwise improper prescription.

**Response to Interrogatory No. 4:**

Plaintiff objects to the vast over breadth asking for "each person" who "forged" or "improperly altered" "any prescription for any Opioid." Plaintiff object that this is not relevant to the claims in this case.  Plaintiff objects to this Interrogatory in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff wholly disproportional to the needs of the case.

Subject to and without waiving all objections, Plaintiff responds that such local prescriber- and patient-level data would be in the possession of the data mining companies frequently used by Defendants to monitor such information.  These companies include, but are not limited to, IMS Health, QuintilesIMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, and PRA Health Science.  Pursuant to comments from the U.S. Department of Justice Drug Enforcement Administration ("DEA"), Defendants also compiled "know your customer" questionnaires and files which would contain such data and information.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory No. 5:**

Identify every instance during the Relevant Time Period in which You requested information relating to Prescription opioids from the Ohio Automated Rx Reporting System (OARRS), including the date of the request, the subject matter of the request, the information You requested, the information You obtained in response to the request, and any action You took based on that information.

**Response to Interrogatory No. 5:**

Plaintiff objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in seeking "every instance" in which Plaintiff "requested information" "relevant to" OARRS, "including the date of the request," "the subject matter," "the information requested," "the information obtained in response," and "any action You took based on that instruction."  Plaintiff also objects to this Interrogatory in that it is unduly burdensome and possibly illegal to identify the requested information, and impossible to know each stakeholder or doctor who accessed this

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

information within the County. Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.

**Interrogatory No. 6:**

Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period. This includes but is not limited to al OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS. For each such person, state when access was first obtained and, if applicable, discontinued.

**Response to Interrogatory No. 6:**

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," "who otherwise had access to information on OARRS," when obtained and when/if discontinued. Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Plaintiff further objects in that the requested information is in the possession of a third party.

**Interrogatory No. 7:**

Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

**Response to Interrogatory No. 7:**

Plaintiff objects to the over breadth of this Interrogatory. Plaintiff objects that this Interrogatory is vague as to "Suspicious Orders."  Plaintiff further objects to this request in that it calls for

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

information in the possession or control of the National Retail Pharmacy Defendants, and more readily and efficiently available to Defendants from their own business records or third-party sources than available to Plaintiff, and thus places an undue burden on Plaintiff.  Plaintiff further respond that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2)

Subject to and without waiving all objections, Plaintiff responds as follows:  the Controlled Substances Act ("CSA") requires manufacturers and distributors of Schedule II substances like opioids to:  (a) limit sales within a quota set by the DEA for the overall production of Schedule II substances like opioids; (b) register to manufacture or distribute opioids; (c) maintain effective controls against diversion of the controlled substances that they manufacture or distribute; and (d) design and operate a system to identify suspicious orders of controlled substances, halt such unlawful sales, and report them to the DEA.

Defendants have several responsibilities under state and federal law with respect to control of the supply chain of opioids.  The DEA provides a series of guidelines on Suspicious Orders Reporting ("SOR"), contained in the Chemical Handlers Manual, that "are intended to assist chemical manufacturers, distributors, wholesalers and retailers to be alert to suspicious orders involving listed chemicals," which include opioids.  "The guidelines are intended to apply to all aspects of commercial chemical manufacturing and distribution."  Defendants must set up a system to prevent diversion, including excessive volume and other suspicious orders. This includes reviewing Defendants' own data, relying on their observations of prescribers and pharmacies, and following up on reports or concerns of potential diversion.  All suspicious orders must be reported by Defendants to relevant enforcement authorities. Further, distributors must also stop shipment of any order which is flagged as suspicious and only ship orders which were flagged as potentially

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

suspicious if, after conducting due diligence, they can determine that the order is not likely to be diverted into illegal channels.

To ensure that even drugs produced within quota are not diverted, federal regulations issued under the CSA mandate that all registrants, manufacturers, and distributors alike, "design and operate a system to disclose to the registrant suspicious orders of controlled substances." 21 C.F.R. § 1301.74(b). Registrants are not entitled to be passive (but profitable) observers, but rather "shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." *Id.* Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency. *Id.* Other red flags may include, for example, "[o]rdering the same controlled substance from multiple distributors." *Id.*

These criteria are disjunctive and are not all inclusive. For example, if an order deviates substantially from a normal pattern, the size of the order does not matter and the order should be reported as suspicious. Likewise, a distributor or manufacturer need not wait for a normal pattern to develop over time before determining whether a particular order is suspicious. The size of an order alone, regardless of whether it deviates from a normal pattern, is enough to trigger the responsibility to report the order as suspicious. The determination of whether an order is suspicious depends not only on the ordering patterns of the particular customer but also on the patterns of the entirety of the customer base and the patterns throughout the relevant segment of the industry. For this reason, identification of suspicious orders serves also to identify excessive volume of the controlled substance being shipped to a particular region.

Further, Plaintiff identifies the highest dispensing opioid pharmacies in Cuyahoga County, which include but are not limited to:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Ohio CVS Stores, L.L.C. | 2007 Brookpark Road | Cleveland |
| Rite Aid Of Ohio, Inc. | 3402 Clark Avenue | Cleveland |
| Walgreen Co. | 5400 Pearl Road | Parma |
| Walgreen Co. | 16803 Lorain Ave | Cleveland |
| Walgreen Co. | 3415 Clark Avenue | Cleveland |
| Walgreen Co. | 11701 Detroit Ave | Lakewood |
| Ohio CVS Stores, L.L.C. | 11223 Granger Rd. | Garfield |
| Ohio CVS Stores, L.L.C. | 212 West Bagley Road | Berea |
| Walgreen Co. | 4265 State Rd. | Cleveland |
| Walgreen Co. | 22401 Lake Shore Blvd | Euclid |
| Ohio CVS Stores, L.L.C. | 3171 West Blvd. | Cleveland |
| Ohio CVS Stores, L.L.C. | 23351 Lorain Road | North Olmstead |
| Walgreen Co. | 6300 Pearl Rd. | Parma Heights |
| Ohio CVS Stores, L.L.C. | 13777 Pearl Rd. | Strongsville |
| Discount Drug Mart | 6476 York Road | Parma Heights |
| Ohio CVS Stores, L.L.C. | 10022 Madison Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 8000 Euclid Ave. | Cleveland |
| Ohio CVS Stores, L.L.C. | 22001 Lakeshore Blvd | Euclid |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
| --- | --- | --- |
| Rite Aid Of Ohio, Inc. | 5795 State Road | Parma |
| Walgreen Co. | 6410 Broadway Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 11706 Clifton Boulevard | Lakewood |
| Walgreen Co. | 12777 Rockside Road | Garfield Heights |
| Walgreen Co. | 7260 Pearl Road | Middleburg Heights |
| Rite Aid Of Ohio, Inc. | 7109 Harvard Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 6301 Harvard Avenue | Cleveland |
| Walgreen Co. | 15609 Lake Shore Blv | Cleveland |
| Discount Drug Mart #31 | Kevin M Ryan, Rph | Euclid |
| Ohio CVS Stores, L.L.C. | 14372 Snow Rd | Brook Park |
| Walgreen Co. | 20485 Euclid Ave | Euclid |
| Walgreen Co. | 520 Broadway Ave | Bedford |
| Walgreen Co. | 127 E Pleasant Valley Rd | Seven Hills |
| Ohio CVS Stores, L.L.C. | 4240 Pearl Rd | Cleveland |
| Discount Drug Mart Inc. #5 | 15412 Detroit Ave | Lakewood |
| Rite Aid Of Ohio, Inc. | 6512 Franklin Boulevard | Cleveland |
| Rite Aid Of Ohio, Inc. | 15149 Snow Road | Brook Park |
| Walgreen Co. | 14525 Euclid | East Cleveland |
| Discount Drug Mart #28 | 8191 Columbia Road | Parma Heights |
| Discount Drug Mart #41 | 13123 Detroit Avenue | Lakewood |
| Discount Drug Mart Inc. #15 | 17815 Puritas Avenue | Cleveland |
| Discount Drug Mart Inc. #17 | 4170 Fulton Road | Cleveland |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
| --- | --- | --- |
| Discount Drug Mart Inc. #8 | 24485 Lorain Rd | North Olmsted |
| Discount Drug Mart Inc. #10 | 27300 Detroit Rd | Westlake |
| Discount Drug Mart #18 | 6160 Brecksville Road | Independence |
| Discount Drug Mart | 6148 Dunham Road | Maple Heights |
| Discount Drug Mart | 5500 Wallings Road | North Royalton |
| Discount Drug Mart Inc. #21 | Store #21 | 3889 East 71st Street |
| Discount Drug Mart, Inc. | 13919 Prospect Rd | Strongsville |
| Discount Drug Mart #82 | 765 Alpha Dr | Highland Heights |

In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory No. 8:**

Identify the "national comparative benchmarks and indefensible outliers" related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch.

**Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory as vague and ambiguous in seeking a definition of what legal counsel meant.  Plaintiff further objects on the basis of relevance and its attempt to place a burden of response on Plaintiff not proportional to the needs of the case.  Plaintiff also objects to this Interrogatory in that it calls for speculation into counsel's thoughts, mental impressions, and/or work product.  Plaintiff objects in that the information requested is not in their possession, custody, or control.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waving all objections, Plaintiff responds that Defendants should ask Mr. Farrell what he meant.

**Interrogatory No. 9:**

Identify all physicians and any other health care providers who prescribed Prescription Opioids during the Relevant Time Period and who, at the time, were employed by You or practiced at facilities owned, operated, supported, or affiliated with You, including The MetroHealth System and any other public health care systems or facilities. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome in seeking identifies of "all physicians and any other health care providers who prescribed Prescription Opioids" who were "employed by" or practicing at "facilities owned, operated, supported or affiliated" with Cuyahoga County, "including any public health care system or facilities" along with "his or her place of work." Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession, custody, or control. The requested information is more readily available to Defendants from their own business dealings or third-party sources. Plaintiff further objects to this Interrogatory as it requests identification of individuals who are not employed by Plaintiff. Specifically, while MetroHealth System receives funding from Plaintiff, Plaintiff is not in possession, custody or control of any records responsive to this request other than those also in the possession, custody or control of the Defendants.

Subject to and without waving all objections, Plaintiff responds that they are public entities and not in the business of prescribing drugs. Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## Interrogatory No. 10:

Identify all pharmacies that, during the Relevant Time Period, were owned, operated, supported, or affiliated with You, including through The MetroHealth System and any other public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

## Response to Interrogatory No. 10

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff objects to this Interrogatory as to the use of the phrase "all pharmacies and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies," including their title and place(s) of work. Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control. The requested information is more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds it is not in the pharmacy business; it is a public entity.

## Interrogatory No. 11

Identify each instance in which a person identified in response to Interrogatory Nos. 9 and 10 was involved in the diversion of Prescription Opioids during the Relevant Time Period—including without limitation the improper prescribing or filling of Prescription Opioids or the submission to a distributor of a Suspicious Order. For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 11**

Plaintiff objects to this Interrogatory as overly broad, and unduly burdensome in that it calls for Plaintiff to identify the specific conduct of each Defendant alleged to have engaged in diversion. Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory No. 12**

Identify all communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos. 9 and 10 and any National Retail Pharmacy Defendant, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy Defendant, including the date of the communication, the substance of the communication, and the parties to the communication.

**Response to Interrogatory No. 12**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff also objects to this Interrogatory as vague and ambiguous as to the phrase "acting on behalf or in concert with" as subject to differing interpretations.  Plaintiff further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  Plaintiff also objects to this request in that it calls for information in the Distributor Defendants' possession or control.  The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.  Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

## Interrogatory No. 13

Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos. 9 and 10 from any Defendant named in Your Second Amended Complaint or from anyone who You maintain was acting on behalf of or in concert with any Defendant named in Your Second Amended Complaint.

## Response to Interrogatory No. 13

Plaintiff objects to this Interrogatory as overly broad in seeking "any fees, reimbursements, honoraria, gifts or other items of value received." Plaintiff also objects to this Interrogatory as unduly burdensome and overly broad in that it calls for Plaintiff to identify the specific conduct of each Defendant. Plaintiff further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control. The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Plaintiff refers Defendants to the allegations contained in Plaintiff's Second Amended Complaint in response. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

## Interrogatory No. 14

Identify the individuals referenced anonymously in Your Second Amended Complaint as sources of information, including the name, address, and profession of each source.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Response to Interrogatory No. 14**

Plaintiff objects to the term "individuals referenced anonymously" and "sources of information" as vague and ambiguous and subject to varying interpretations.  Plaintiff further objects to the extent it cannot determine which portions of the Second Amended Complaint are being referred.  Plaintiff also objects to the extent this Interrogatory is seeking attorney-client or work product privileged information.

Subject to and without waving all objections, Plaintiff refers Defendants to paragraph 658 of the Second Amended Complaint:  "On information and belief, because of (among other sources of information) regulatory and other actions taken against the National Retail Pharmacies directly, actions taken against others pertaining to prescription opioids obtained from their retail stores, complaints and information from employees and other agents, and the massive volume of opioid prescription drug sale data that they developed and monitored, the National Retail Pharmacies were well aware that their distribution and dispensing activities fell far short of legal requirements."

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory No. 15**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any pharmacy in Your geographic area about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any pharmacy in Your geographic area that You suspected or believed Prescription opioids were being diverted from it. For each such communication, identify the pharmacy with which You had the communication, the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

substance of the communication, the date of the communication, and the persons who were party to it.

**Response to Interrogatory No. 15**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome as to "identify each instance," "including but not limited to," "health care and law enforcement agencies," "anyone," "communicated with any pharmacy" regarding prescription opioids.  Plaintiff further objects to this Interrogatory as to the vast over breadth of "including but not limited to," "communicated with any pharmacy," and "without limitation."  Plaintiff also objects to this Interrogatory as overly broad and burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.   Such a request is burdensome beyond the needs proportional to the case.

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P.   In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Without waiving any objection, Plaintiff responds that it believes responsive materials are included in the documents Plaintiff has already produced, or will produce, in this MDL.

**Interrogatory No. 16**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that prescription Opioids shipped by the distributor were being diverted in Your geographic area. For each such communication, identify the distributor with which you had

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response to Interrogatory No. 16**

Plaintiff objects to this Interrogatory as vague and ambiguous as to "health care and law enforcement agencies." Plaintiff further objects to this Interrogatory as overbroad by asking Plaintiff to identify "each instance" anyone notified the distributor, "communicated with any distributor," "including but not limited to," and "without limitation." Plaintiff objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant. Plaintiff further objects to this request in that it calls for information in the possession or control of Defendants. The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff, and demanding Plaintiff somehow divine this defies the requirements of Fed. R. Civ. P. 26. Plaintiff objects that the language "the persons who were party to" each communication is overly broad.

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure. Plaintiff further responds this information is found in the Second Amended Complaint. Without waiving any objection, Plaintiff responds that it believes responsive materials are included in the documents Plaintiff has already produced, or will produce, in this MDL.

**Interrogatory No. 17**

Identify all persons (other than Your attorneys in this action) from whom you have obtained information about alleged diversion in Your geographic area by a National Retail Pharmacy

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Defendant during the Relevant Time Period. Describe the information that each person possesses and identify the National Retail Pharmacy Defendant to which it pertains.

**Response to Interrogatory No. 17**

Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the term "obtained information." Plaintiff further objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant ("identify the National Retail Pharmacy Defendant to which it pertains"). Plaintiff objects to the extent this Interrogatory seeks attorney-client or work product privileged information.  Plaintiff also objects to the extent that the information requested is not in its possession, custody, or control.

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory No. 18**

Identify each employee, contractor or other person to whom you provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids.

**Response to Interrogatory No. 18**

Plaintiff objects to the vast over breadth of this Interrogatory.  Plaintiff further objects to this Interrogatory as overly broad, vague, and ambiguous as to "each employee, contractor or other person," who "provided compensation," or "worked on addressing," "the problems."  These terms are subject to such widely varying interpretations that they make this Interrogatory incomprehensible.  Plaintiff also objects to this request in that it calls for information in the National

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Retail Pharmacy Defendants' possession, custody, or control. The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds that organizational charts have already been produced by Plaintiff in this litigation and persons with knowledge have been identified. Discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory No. 19**

Identify each state or federal official or agency (including but not limited to the United States Drug Enforcement Administration, the United States Department of Justice, a United States Attorney's Office, the Ohio Department of Medicaid and its constituent providers, the Ohio Department of Public Safety, the Ohio Attorney General's Office, the State of Ohio Board of Pharmacy, and the State Medical Board of Ohio), insurer, or third party benefit manager who provided information to You about diversion of Prescription opioids during the Relevant Time Period, including but not limited to information about Suspicious Order, improper prescriptions, or individuals responsible for diversion of Prescription Opioids. Include in Your response a description of the information and date it was provided.

**Response to Interrogatory No. 19**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome. Plaintiff also objects to it seeking information beyond Plaintiff's possession, custody, and control. Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case. Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "excessive dispensing" and "improper prescribing." Plaintiff

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

objects to the extent this calls for a legal conclusion by asking for "individuals responsible." Plaintiff also objects to this Interrogatory because certain responsive information may be subject to the law enforcement privilege and/or privacy rights and privileges.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff refers Defendants to https://www.ohiopmp.gov/Reports.aspx for available OARRS data. Plaintiff will supplement this answer with non-privileged information responsive to this Interrogatory once the information is available to Plaintiff. Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory No. 20**

Provide a computation of each category of damages, monetary sums, and injunctive relief that You seek from each National Retail Pharmacy Defendant.

**Response to Interrogatory No. 20**

Plaintiff objects to this Interrogatory to the extent it calls for Plaintiff to identify the specific conduct or liability of each Defendant. Subject to and without waiving objections, for the identification of the Defendant or Defendants from which relief is sought, Plaintiff refers Defendants to Plaintiff's Second Amended Complaint.

Subject to and without waiving all objections, Plaintiff responds as follows: Plaintiff will conduct a reasonable and diligent search for and will produce all non-privileged documents that identify, describe, and quantify the monetary and other relief Plaintiff seeks in this case. In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert

witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Further subject to and without waiving all objections, Plaintiff identifies the following non-exhaustive list of programs and other expenditures either that have been initiated because of the opioid crisis or which have experienced increased funding needs because of the opioid crisis. Such programs and expenditures include, but are not limited to, the following:

- Cuyahoga County Opiate Task Force;
- ADAMHS Board of Cuyahoga County;
- Cuyahoga County Opiate Collaborative/Project DAWN
- Cuyahoga County Heroin Initiative;
- Cuyahoga County Drug Court;
- Cuyahoga County Prosecutor's Office;
- Cuyahoga County Homeless Services;
- Cuyahoga County Foster Care Services;
- Cuyahoga County Emergency Medical Services;
- Cuyahoga County Sherriff's Offices;
- Cuyahoga County Health Department;
- Cuyahoga County Medical Examiner's Office;
- Cuyahoga County Health and Human Services/Children and Family Services; and
- Cuyahoga County Jail/Regional Corrections.

Also, Plaintiff has already produced budget information identifying such expenditure, such as:

CUYAH_000000001- CUYAH_000000064

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000000065 - CUYAH_000000132

CUYAH_000000133 - CUYAH_000000199

CUYAH_000000200 - CUYAH_000000718

CUYAH_000000719 - CUYAH_000000747

CUYAH_000000748 - CUYAH_000000819

CUYAH_000000820 - CUYAH_000001135

CUYAH_000001136 - CUYAH_000001646

CUYAH_000001647 - CUYAH_000001730

CUYAH_000001731 - CUYAH_000001811

CUYAH_000001812 - CUYAH_000001874

CUYAH_000001875 - CUYAH_000001931

CUYAH_000001932 - CUYAH_000002439

CUYAH_000002440 - CUYAH_000002502

CUYAH_000002503 - CUYAH_000002563

CUYAH_000002564 - CUYAH_000003072

CUYAH_000003073 - CUYAH_000003099

CUYAH_000003100 - CUYAH_000003172

CUYAH_000003173 - CUYAH_000003436

CUYAH_000003437 - CUYAH_000003508

CUYAH_000003509 - CUYAH_000004006

CUYAH_000004007 - CUYAH_000004036

CUYAH_000004037 - CUYAH_000004294

CUYAH_000004295 - CUYAH_000004374

CUYAH_000004375 - CUYAH_000004523

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000004524 - CUYAH_000004552

CUYAH_000004553 - CUYAH_000004798

CUYAH_000004799 - CUYAH_000004968

CUYAH_000004969 - CUYAH_000005145

CUYAH_000005146 - CUYAH_000005327

CUYAH_000005328 - CUYAH_000005496

CUYAH_000005497 - CUYAH_000005739

CUYAH_000005740 - CUYAH_000006329

CUYAH_000006330 - CUYAH_000006573

CUYAH_000006574 - CUYAH_000006844

CUYAH_000006845 - CUYAH_000006986

CUYAH_000006987 - CUYAH_000007216

CUYAH_000007217 - CUYAH_000007427

CUYAH_000007428 - CUYAH_000007466

CUYAH_000007467 - CUYAH_000007687

CUYAH_000007688 - CUYAH_000007711

CUYAH_000007712 - CUYAH_000007929

CUYAH_000007930 - CUYAH_000008002

CUYAH_000008003 - CUYAH_000008640

CUYAH_000008641 - CUYAH_000008680

CUYAH_000008681 - CUYAH_000008907

CUYAH_000008908 - CUYAH_000009206

CUYAH_000009207 - CUYAH_000009269

CUYAH_000009270 - CUYAH_000009290

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000009291 - CUYAH_000009316

CUYAH_000009317 - CUYAH_000009326

CUYAH_000009327 - CUYAH_000009345

CUYAH_000009346 - CUYAH_000009367

CUYAH_000009368 - CUYAH_000009613

CUYAH_000009614 - CUYAH_000009831

CUYAH_000010261 - CUYAH_000010288

CUYAH_000012351 - CUYAH_000014730

CUYAH_000010320 - CUYAH_000010329

CUYAH_000010330 - CUYAH_000010367

CUYAH_000010368 - CUYAH_000010423

CUYAH_000010424 - CUYAH_000010826

CUYAH_000010827 - CUYAH_000010845

CUYAH_000010846 - CUYAH_000010896

CUYAH_000010897 - CUYAH_000010909

CUYAH_000010910 - CUYAH_000011080

CUYAH_000011081 - CUYAH_000011251

CUYAH_000011252 - CUYAH_000011262

CUYAH_000011263 - CUYAH_000011318

CUYAH_000011319 - CUYAH_000011347

CUYAH_000017939 - CUYAH_000018600

CUYAH_000011403 - CUYAH_000011443

CUYAH_000011444 - CUYAH_000011492

CUYAH_000011493 - CUYAH_000011525

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000011526 - CUYAH_000011570

CUYAH_000011596 - CUYAH_000011615

CUYAH_000011616 - CUYAH_000011623

CUYAH_000011642 - CUYAH_000011797

CUYAH_000011799 - CUYAH_000011884

CUYAH_000011885 - CUYAH_000011982

CUYAH_000011997 - CUYAH_000012044

CUYAH_000012351 - CUYAH_000012362

CUYAH_000012363 - CUYAH_000012370

CUYAH_000012371 - CUYAH_000012382

CUYAH_000012383 - CUYAH_000012396

CUYAH_000012397 - CUYAH_000012408

CUYAH_000012409 - CUYAH_000012420

CUYAH_000012421 - CUYAH_000012432

CUYAH_000012433 - CUYAH_000012444

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012481 - CUYAH_000012496

CUYAH_000012497 - CUYAH_000012512

CUYAH_000012513 - CUYAH_000012528

CUYAH_000012529 - CUYAH_000012544

CUYAH_000012545 - CUYAH_000012560

CUYAH_000012561 - CUYAH_000012576

CUYAH_000012577 - CUYAH_000012592

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000012593 - CUYAH_000012594

CUYAH_000012595 - CUYAH_000012943

CUYAH_000013464 - CUYAH_000013479

CUYAH_000013806 - CUYAH_000013812

CUYAH_000013813 - CUYAH_000013817

CUYAH_000013818 - CUYAH_000013820

CUYAH_000018030 - CUYAH_000018037

CUYAH_000018038 - CUYAH_000018066

CUYAH_000018067 - CUYAH_000018072

CUYAH_000018073 - CUYAH_000018075

CUYAH_000018076 - CUYAH_000018078

CUYAH_000018079 - CUYAH_000018115

CUYAH_000018116 - CUYAH_000018118

CUYAH_000018119 - CUYAH_000018141

CUYAH_000018142 - CUYAH_000018154

CUYAH_000018155 - CUYAH_000018161

CUYAH_000018162 - CUYAH_000018174

CUYAH_000018175 - CUYAH_000018177

CUYAH_000018178 - CUYAH_000018178

CUYAH_000018179 - CUYAH_000018179

CUYAH_000018180 - CUYAH_000018199

CUYAH_000018200 - CUYAH_000018219

CUYAH_000018220 - CUYAH_000018232

CUYAH_000018233 - CUYAH_000018248

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000018249 - CUYAH_000018264

CUYAH_000018265 - CUYAH_000018277

CUYAH_000018278 - CUYAH_000018281

CUYAH_000018282 - CUYAH_000018294

CUYAH_000018295 - CUYAH_000018322

CUYAH_000018323 - CUYAH_000018327

CUYAH_000018328 - CUYAH_000018355

CUYAH_000018356 - CUYAH_000018360

CUYAH_000018361 - CUYAH_000018488

CUYAH_000018489 - CUYAH_000018509

CUYAH_000018510 - CUYAH_000018533

CUYAH_000018534 - CUYAH_000018549

CUYAH_000018550 - CUYAH_000018577

CUYAH_000018578 - CUYAH_000018582

CUYAH_000018613 - CUYAH_000018627

CUYAH_000018676 - CUYAH_000018726

CUYAH_000020380 - CUYAH_000020439

Plaintiff's damages in this matter are expected to include at least the following:

- Losses caused by the decrease in funding available for Plaintiff's public services for which funding was lost because it was diverted to other public services designed to address the opioid epidemic;

- Costs for providing healthcare and medical care for patients suffering from opioid-related addiction or disease, including overdoses and deaths;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Costs of training emergency and/or first responders in the proper treatment of drug overdoses;

- Costs associated with providing naloxone – an opioid antagonist used to block the deadly effects of opioids in the context of overdose;

- Costs associated with the Sherriff's Office's responses to opioid overdoses;

- Costs for providing mental-health services, treatment, counseling, rehabilitation services, and social services to victims of the opioid epidemic and their families;

- Costs associated with law enforcement and public safety relating to the opioid epidemic, including but not limited to attempts to stop the flow of opioids into local communities, to arrest and prosecute street-level dealers, to prevent the current opioid epidemic from spreading and worsening, and to deal with the increased levels of crimes that have directly resulted from the increased homeless and drug-addicted population;

- Costs associated with various public safety and health initiatives related to the opioid epidemic;

- Costs associated with increased burden on Plaintiff's drug court;

- Costs associated with clean-up of public parks, spaces and facilities of needles and other debris and detritus of opioid addiction;

- Loss of tax revenue due to the decreased efficiency and size of the working population in Plaintiff's community and due to other impacts on property values and other tax generators for Plaintiff;

- Losses caused by decreased business investment and tax revenue;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Plaintiff's contributions to the Alcohol, Drug Addiction, and Mental Health Services (ADAMHS) board;

- Increased public safety services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic;

- Plaintiff's Health Department costs related to the opioid epidemic;

- Costs associated with impact of opioid epidemic on Plaintiff's vehicle fleet; and

- Costs for Plaintiff to properly and adequately abate the nuisance created by the opioid epidemic.

In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated: July 23, 2018

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804
Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**<u>CERTIFICATE OF SERVICE</u>**

I, Salvatore C. Badala, certify that on this 23rd day of July 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

<u>*s/ Salvatore C. Badala*</u>

## **VERIFICATION**

I, Joseph W. Boatwright, IV declare:

I am Chief Corporate Counsel for the County of Cuyahoga, Ohio. I am authorized to make this verification on behalf of the Plaintiffs the County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga County, Michael C. O'Malley (together, "Plaintiff").

The foregoing Plaintiff's Responses and Objections to National Retail Pharmacy Defendants' First Set of Interrogatories represents a municipal corporate response, based on information, in part, assembled by Plaintiff's employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Plaintiff's knowledge, true and correct. Plaintiff reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Cuyahoga, Ohio on this 23rd day of July, 2018.

_____
Joseph W. Boatwright, IV

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY AND CITY OF AKRON, OHIO PLAINTIFFS' INITIAL**
**RESPONSES AND OBJECTIONS TO THE NATIONAL RETAIL PHARMACY**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), the County of Summit, Ohio, and the City of Akron, Ohio ("Plaintiff") hereby respond to The National Retail Pharmacy Defendants'[1] First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory.  To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.       Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek

---

[1] The National Retail Pharmacy Defendants include the following defendants:  CVS Indiana, LLC, CVS Rx Services, Inc., Rite Aid of Maryland, dba Mid-Atlantic Customer Service Center, Walgreens Boots Alliance, Inc., and Walmart Inc. fka Wal-Mart Stores, Inc.

to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the ESI Protocol entered in this matter, or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      Plaintiff objects to each Interrogatory to the extent it seeks information restricted from dissemination pursuant to court order, statute, or regulation.  Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency, or relevance of the information produced or identified.

3.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein.  All such objections and the grounds therefore are hereby reserved.

4.      No admission of any nature whatsoever is to be implied or inferred in these responses.  The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and have not yet completed their preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.      Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to produce documents that are in the public domain or otherwise available to Defendants as easily from other sources as from Plaintiff.

7.      Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.     Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12.     Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.     Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.     Plaintiff's lack of objection to any specific Interrogatory is not an admission that Plaintiff has possession, custody, or control over any such information; and any statement by

Plaintiff that it will search for or produce documents does not mean that Plaintiff has possession, custody, or control of any responsive document, or that any such documents exist.

15.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

16.     Plaintiff reserves the right to supplement, revise, correct, or clarify their responses and objections in the event that additional information becomes available.

17.     Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding their responses to the Interrogatories.  All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

18.     No federal rule prevents Plaintiff from submitting collective answers to collective Interrogatories.  Where the responses and objections to these Interrogatories are the same for each Plaintiff, a collective response herein will in no way prejudice Defendants.  In each instance where the answers are not the same for each Plaintiff, any differences have been set forth herein with particularity.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving their right to object (on the grounds of relevancy, hearsay, materiality, competency, or any other ground) to the use of their responses in any subsequent stage or proceeding in this action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of their rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information they have been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement their objections and responses to the Interrogatories, consistent with further investigation and discovery.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Interrogatory 1**

State the years during which You claim each National Retail Pharmacy Defendant engaged in the conduct for which You seek damages.

**Response 1**

Plaintiff objects that this Interrogatory contains a reference to an ambiguous phrase, "conduct."  Subject to and without waiving all objections, Plaintiff incorporates the allegations in their Corrected Second Amended Complaint and Jury Demand ("Second Amended Complaint"). In addition, Plaintiff's investigation of their damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving any objections, Plaintiff responds that every year a given National Retail Pharmacy Defendant distributed opioids is relevant.  Plaintiff recently received the ARCOS data from the Department of Justice, to which the Distributor Defendants objected, which reveals conduct dating back to January 2006.  Plaintiff believes the Distributor Defendants

engaged in actionable conduct dating back to at least this timeframe and have reason to believe discovery and Plaintiff's investigation will reveal additional conduct dating back to the introduction of OxyContin into the national marketplace.  Plaintiff further responds that the years from 1995 to the present are the relevant time period for the conduct alleged, and all years from 2006 to the present are the relevant time period for the measure of damages (in addition to abatement or other remedies).  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 2**

Identify each prescription upon which You base, or which You contend supports, Your claims in this case.  For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response 2**

Plaintiff objects to this Interrogatory as overly broad in seeking to identify "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control, or just as available to Defendants from their own business dealings or third-party sources as may be available to Plaintiff.  Plaintiff also objects to this Interrogatory as placing an undue burden not proportional to the needs of the case.  Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert

6

witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope.  Plaintiff further objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request.  Plaintiff responds that to the extent it has such data and it is not being sought outside the bounds of Special Master Cohen's Order No. 1, it has been or will be produced.

Plaintiff reserves the right to amend, supplement or modify this response as discovery proceeds and based upon further investigation.  As discovery continues, Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1.

**Interrogatory 3**

Identify each prescription the filling of which caused or led to harm for which You seek to recovery in this case.  For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response 3**

Plaintiff objects to this Interrogatory as to the over breadth and burden of identifying "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims.   Individual proof is not relevant here.

Once again, Defendants misapprehend the nature of the case at hand.  This is not an individual case, nor a series of individual cases; it is brought by public entities.  Individual proof is neither relevant nor admissible.  The burden is totally disproportional to the needs of the case.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.  Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request.  Plaintiff also objects to the extent this Interrogatory calls for Confidential Information not in Plaintiff's possession and protected by privacy laws.  This topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.

Subject to and without waiving all objections, Plaintiff responds as follows:  the ARCOS database identifies the following pharmacies as having suspicious orders for opioids within Summit County, Ohio[2]:

| PHARMACY/BUYER NAME | CITY/STATE |
|---|---|
| Dr. A. J. GINGO | AKRON, OH |
| THE FRED W ALBRECHT GROCERY CO | STOW, OH |
| RITZMAN PHARMACY #107 | AKRON, OH |
| SUMMIT PAIN SPECIALISTS PHARMACY | STOW, OH |
| RITZMAN PHARMACY #106 | NORTON, OH |

---

[2] This does not account for the flood of opioids from surrounding counties and states; Plaintiff expressly reserves its right to amend, modify, or supplement on this point.

| | |
|---|---|
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| SKILLED CARE PHARMACY-CLEV | TWINSBURG, OH |
| WALGREEN CO. | CUYAHOGA FALLS, OH |
| RITZMAN PHARMACY #101 | AKRON, OH |
| OHIO CVS STORES, L.L.C. | AKRON, OH |
| ACME PHARMACY #11 | TALLMADGE, OH |
| WALGREEN CO. | AKRON, OH |
| MARC GLASSMAN INC | AKRON, OH |
| RITE AID OF OHIO, INC. | BARBERTON, OH |
| TARGET STORES A DIV. OF TARGET CORP. | AKRON, OH |
| KLEIN'S PHARMACY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4036 | CUYAHOGA FALLS, OH |
| CHILDRENS HOSPITAL MED CTR | AKRON, OH |
| FRED W ALBRECHT GROCERY CO | AKRON, OH |
| GLASSMAN INC | SAGAMORE HILLS, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| RITE AID OF OHIO, INC. | TALLMADGE, OH |
| SUMMA HEALTH SYSTEM | AKRON, OH |
| GIANT EAGLE PHARMACY #5878 | CUYAHOGA FALLS, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| AKRON PHARMACY | AKRON, OH |
| GIANT EAGLE PHARMACY #6299 | NORTHFIELD, OH |
| KLEIN'S COMMUNITY HEALTH | AKRON, OH |
| MARCS CHAPEL HILL INC | CUYAHOGA FALLS, OH |
| TARGET STORES A DIV.OF TARGET CORP. | FAIRLAWN, OH |
| KMART PHARMACY #7383 | BARBERTON, OH |
| THE FRED W ALBRECHT GROC CO | NORTON, OH |
| RITZMAN PHARMACY #105 | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | HUDSON, OH |
| RITE AID OF OHIO, INC. | FAIRLAWN, OH |

| | |
|---|---|
| THE FRED W ALBRECHT GROCERY | STOW, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4031 | BARBERTON, OH |
| GIANT EAGLE PHARMACY #4030 | TALLMADGE, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| COLONIAL PHARMACY | BATH, OH |
| MARC | AKRON, OH |
| NEW CHOICE PHARMACY | CUYAHOGA FALLS, OH |
| VA OUTPATIENT CLINIC | AKRON, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| GIANT EAGLE PHARMACY #4124 | AKRON, OH |
| GIANT EAGLE PHARMACY #4029 | AKRON, OH |

Further, Plaintiff identifies the following pharmacies as having the largest shipments of opioids:

| PHARMACY NAME | ADDRESS |
|---|---|
| KLEIN'S PHARMACY | KLEIN BARRY E<br>2015 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| THE FRED W ALBRECHT GROCERY CO | 4302 ALLEN RD SUITE #110<br>STOW, OH  44224 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 325 EAST WATERLOO ROAD<br>AKRON, OH  44319 |
| RITZMAN PHARMACY #101 | 1323 COPLEY RD<br>AKRON, OH  44320 |
| OHIO CVS STORES, L.L.C. | 590 EAST MARKET STREET<br>AKRON, OH  44304 |
| SUMMIT PAIN SPECIALISTS PHARMACY | 4302 ALLEN RD SUITE 300<br>STOW, OH  44224 |
| GIANT EAGLE PHARMACY #4031 | 41 5TH STREET SE<br>BARBERTON, OH  44203 |
| WALGREEN CO. | 2645 STATE RD<br>CUYAHOGA FALLS, OH  44223 |

| | |
|---|---|
| WALGREEN CO. | 302 CANTON ROAD<br>AKRON, OH  44312 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #18<br>2147 EAST AVENUE<br>AKRON, OH  44314 |
| WALGREEN CO. | 1130 S. ARLINGTON ST<br>AKRON, OH  44306 |
| OHIO CVS STORES, L.L.C. | 3352 KENT ROAD<br>STOW, OH 44224 |
| WALGREEN CO. | 900 WOOSTER RD NORTH<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 1540 CANTON ROAD<br>AKRON, OH  44312 |
| HIGHLAND SQUARE PHCY | 786 W MARKET ST<br>AKRON, OH  44303 |
| OHIO CVS STORES, L.L.C. | 1225 CANTON RD<br>AKRON, OH  44312 |
| WALGREEN CO. | 1303 COPLEY ROAD<br>AKRON, OH  44320 |
| RITZMAN PHARMACY #107 | 157 WEST CEDAR STREET<br>AKRON, OH  44307 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 1047 KENMORE BOULEVARD<br>AKRON, OH  44314 |
| GIANT EAGLE PHARMACY #4124 | 484 EAST WATERLOO RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 830 BRITTAIN RD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 235 EAST CUYAHOGA FALLS AVE<br>AKRON, OH  44310 |
| OHIO CVS STORES, L.L.C. | 4195 S. CLEVELAND-MASSILLON ROAD<br>NORTON, OH  44203 |
| WALGREEN CO. | 834 W. MARKET STREET<br>AKRON, OH  44303 |
| WALGREEN CO. | 3009 W. MARKET ST.<br>FAIRLAWN, OH  44333 |
| RITZMAN PHARMACY #102 | 390 ROBINSON AVENUE, SUITE A<br>BARBERTON, OH  44203 |
| FRED W ALBRECHT GROCERY CO | DBA ACME PHARMACY #14<br>3235 MANCHESTER RD<br>AKRON, OH  44319 |
| OHIO CVS STORES, L.L.C. | 2091 EASTWOOD AVENUE<br>AKRON, OH  44305 |

| | |
|---|---|
| OHIO CVS STORES, L.L.C. | 780 BRITTAIN ROAD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 1711 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| OHIO CVS STORES, L.L.C. | 426 ROBINSON AVE.<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 2975 WEST MARKET STREET<br>FAIRLAWN, OH  44333 |
| OHIO CVS STORES, L.L.C. | 1949 WEST MARKET STREET<br>AKRON, OH  44313 |
| RALEY DRUG STORE, INC | 1760 GOODYEAR BLVD<br>AKRON, OH  44305 |
| WALGREEN CO. | 1925 W. MARKET ST.<br>AKRON, OH  44313 |
| OHIO CVS STORES, L.L.C. | 10380 NORTHFIELD ROAD<br>NORTHFIELD, OH  44067 |
| DISCOUNT DRUG MART #33 | 655 PORTAGE TRAIL<br>CUYAHOGA FALLS, OH  44221 |
| GIANT EAGLE PHARMACY #4029 | 2801 EAST WATERLOO ROAD<br>AKRON, OH  44312 |
| GIANT EAGLE PHARMACY #4030 | 205 WEST AVE<br>TALLMADGE, OH  44278 |
| WALGREEN CO. | 9043 DARROW RD<br>TWINSBURG, OH  44087 |
| RITE AID OF OHIO, INC. | 4053 SOUTH MAIN STREET<br>AKRON, OH  44319 |
| RITE AID OF OHIO, INC. | 1403 WOOSTER ROAD WEST<br>BARBERTON, OH  44203 |
| COPE PHARMACY INC | 941 WEST NIMISILA RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 2086 GRAHAM RD.<br>STOW, OH  44224 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #2<br>2420 WEDGEWOOD DRIVE<br>AKRON, OH  44312 |
| RITE AID OF OHIO, INC. | 45 EAST AVENUE<br>TALLMADGE, OH  44278 |
| THE FRED W ALBRECHT GROC CO | DBA: ACME PHARMACY 6<br>3200 GREENWICH ROAD<br>NORTON, OH  44203 |
| HEALTHSPAN INTEGRATED CARE | 1260 INDEPENDENCE AVE<br>AKRON, OH  44310 |

In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 4**

Identify each person in Your geographic area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or who sought to obtain any Prescription Opioid through a forged or otherwise improper prescription.

**Response 4**

Plaintiff objects to the vast over breadth asking for "each person" who "forged" or "improperly altered"  "any prescription for any Opioid."  Plaintiff objects that this is not relevant to the claims in this case.  Plaintiff objects to this Interrogatory in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff wholly disproportional to the needs of the case.

Subject to and without waiving all objections, Plaintiff responds that such local prescriber- and patient-level data would be in the possession of the data mining companies frequently used by Defendants to monitor such information.  These companies include, but are not limited to, IMS Health, QuintilesIMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, and PRA Health Science.  Pursuant to comments from the U.S. Department of Justice Drug Enforcement Administration ("DEA"), Defendants also compiled "know your customer"

questionnaires and files that would contain such data and information.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 5**

Identify every instance during the Relevant Time Period in which You requested information relating to Prescription Opioids from the Ohio Automated Rx Reporting System (OARRS), including the date of the request, the subject matter of the request, the information You requested, the information You obtained in response to the request, and any action You took based on that information.

**Response 5**

Plaintiff objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in seeking "every instance" in which Plaintiff "requested information" "relevant to" OARRS, "including the date of the request," "the subject matter," "the information requested," "the information obtained in response," and "any action You took based on that instruction." Plaintiff also objects to this Interrogatory in that it is unduly burdensome and possibly illegal to identify the requested information, and impossible to know each stakeholder or doctor who accessed this information within the County.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.

**Interrogatory 6**

Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, otherwise had access to information on OARRS, during the Relevant Time Period.  This includes, but is not limited to, all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS.  For each such person, state when access was first obtained and, if applicable, discontinued.

**Response 6**

14

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," "who otherwise had access to information on OARRS," when obtained and when/if discontinued.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Plaintiff further objects in that the requested information is in the possession of a third party.

Subject to and without waiving all objections, Plaintiff responds that individuals who use OARRS within Summit County include, but are not limited to, Dr. Lisa Kohler and Donna Skoda.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 7**

Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

**Response 7**

Plaintiff objects to the over breadth of this Interrogatory.  Plaintiff objects that this Interrogatory is vague as to "Suspicious Orders."  Plaintiff further objects to this request in that it calls for information in the possession or control of the National Retail Pharmacy Defendants, and more readily and efficiently available to Defendants from their own business records or third-party sources than available to Plaintiff, and thus places an undue burden on Plaintiff.

Subject to and without waiving all objections, Plaintiff responds as follows:  the Controlled Substances Act ("CSA") requires manufacturers and distributors of Schedule II substances like opioids to:  (a) limit sales within a quota set by the DEA for the overall production of Schedule II

substances like opioids; (b) register to manufacture or distribute opioids; (c) maintain effective controls against diversion of the controlled substances that they manufacture or distribute; and (d) design and operate a system to identify suspicious orders of controlled substances, halt such unlawful sales, and report them to the DEA.

Defendants have several responsibilities under state and federal law with respect to control of the supply chain of opioids. The DEA provides a series of guidelines on Suspicious Orders Reporting ("SOR"), contained in the Chemical Handlers Manual, that "are intended to assist chemical manufacturers, distributors, wholesalers and retailers to be alert to suspicious orders involving listed chemicals," which include opioids. "The guidelines are intended to apply to all aspects of commercial chemical manufacturing and distribution." Defendants must set up a system to prevent diversion, including excessive volume and other suspicious orders. This includes reviewing Defendants' own data, relying on their observations of prescribers and pharmacies, and following up on reports or concerns of potential diversion. All suspicious orders must be reported by Defendants to relevant enforcement authorities. Further, distributors must also stop shipment of any order which is flagged as suspicious and only ship orders which were flagged as potentially suspicious if, after conducting due diligence, they can determine that the order is not likely to be diverted into illegal channels.

To ensure that even drugs produced within quota are not diverted, federal regulations issued under the CSA mandate that all registrants, manufacturers, and distributors alike, "design and operate a system to disclose to the registrant suspicious orders of controlled substances." 21 C.F.R. § 1301.74(b). Registrants are not entitled to be passive (but profitable) observers, but rather "shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." *Id.* Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency. *Id.* Other red flags

may include, for example, "[o]rdering the same controlled substance from multiple distributors." *Id.*

These criteria are disjunctive and are not all inclusive.  For example, if an order deviates substantially from a normal pattern, the size of the order does not matter and the order should be reported as suspicious.  Likewise, a distributor or manufacturer need not wait for a normal pattern to develop over time before determining whether a particular order is suspicious.  The size of an order alone, regardless of whether it deviates from a normal pattern, is enough to trigger the responsibility to report the order as suspicious.   The determination of whether an order is suspicious depends not only on the ordering patterns of the particular customer but also on the patterns of the entirety of the customer base and the patterns throughout the relevant segment of the industry.  For this reason, identification of suspicious orders serves also to identify excessive volume of the controlled substance being shipped to a particular region.

Despite Defendants' obligations to monitor, report, and promote control of suspicious orders, the ARCOS database identifies these pharmacies as having filled suspicious orders for opioids within Summit County, Ohio[3]:

| PHARMACY/BUYER NAME | CITY/STATE |
| --- | --- |
| Dr. A. J. GINGO | AKRON, OH |
| THE FRED W ALBRECHT GROCERY CO | STOW, OH |
| RITZMAN PHARMACY #107 | AKRON, OH |
| SUMMIT PAIN SPECIALISTS PHARMACY | STOW, OH |
| RITZMAN PHARMACY #106 | NORTON, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| SKILLED CARE PHARMACY-CLEV | TWINSBURG, OH |
| WALGREEN CO. | CUYAHOGA FALLS, OH |

---

[3] This does not account for the flood of opioids from surrounding counties and states; Plaintiff expressly reserves its right to amend, modify, or supplement on this point.

| RITZMAN PHARMACY #101 | AKRON, OH |
|---|---|
| OHIO CVS STORES, L.L.C. | AKRON, OH |
| ACME PHARMACY #11 | TALLMADGE, OH |
| WALGREEN CO. | AKRON, OH |
| MARC GLASSMAN INC | AKRON, OH |
| RITE AID OF OHIO, INC. | BARBERTON, OH |
| TARGET STORES A DIV. OF TARGET CORP. | AKRON, OH |
| KLEIN'S PHARMACY | CUYAHOGA FALLS, OH |
| GIANT EAGLE PHARMACY #4036 | CUYAHOGA FALLS, OH |
| CHILDRENS HOSPITAL MED CTR | AKRON, OH |
| FRED W ALBRECHT GROCERY CO | AKRON, OH |
| GLASSMAN INC | SAGAMORE HILLS, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| RITE AID OF OHIO, INC. | TALLMADGE, OH |
| SUMMA HEALTH SYSTEM | AKRON, OH |
| GIANT EAGLE PHARMACY #5878 | CUYAHOGA FALLS, OH |
| THE FRED W ALBRECHT GROCERY | AKRON, OH |
| AKRON PHARMACY | AKRON, OH |
| GIANT EAGLE PHARMACY #6299 | NORTHFIELD, OH |
| KLEIN'S COMMUNITY HEALTH | AKRON, OH |
| MARCS CHAPEL HILL INC | CUYAHOGA FALLS, OH |
| TARGET STORES A DIV.OF TARGET CORP. | FAIRLAWN, OH |
| KMART PHARMACY #7383 | BARBERTON, OH |
| THE FRED W ALBRECHT GROC CO | NORTON, OH |
| RITZMAN PHARMACY #105 | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | HUDSON, OH |
| RITE AID OF OHIO, INC. | FAIRLAWN, OH |
| THE FRED W ALBRECHT GROCERY | STOW, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| THE FRED W ALBRECHT GROCERY | CUYAHOGA FALLS, OH |

| GIANT EAGLE PHARMACY #4031 | BARBERTON, OH |
|---|---|
| GIANT EAGLE PHARMACY #4030 | TALLMADGE, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| COLONIAL PHARMACY | BATH, OH |
| MARC | AKRON, OH |
| NEW CHOICE PHARMACY | CUYAHOGA FALLS, OH |
| VA OUTPATIENT CLINIC | AKRON, OH |
| RITE AID OF OHIO, INC. | AKRON, OH |
| GIANT EAGLE PHARMACY #4124 | AKRON, OH |
| GIANT EAGLE PHARMACY #4029 | AKRON, OH |

Further, Plaintiff identifies the following pharmacies as having the largest shipments of opioids:

| PHARMACY NAME | ADDRESS |
|---|---|
| KLEIN'S PHARMACY | KLEIN BARRY E<br>2015 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| THE FRED W ALBRECHT GROCERY CO | 4302 ALLEN RD SUITE #110<br>STOW, OH  44224 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 325 EAST WATERLOO ROAD<br>AKRON, OH  44319 |
| RITZMAN PHARMACY #101 | 1323 COPLEY RD<br>AKRON, OH  44320 |
| OHIO CVS STORES, L.L.C. | 590 EAST MARKET STREET<br>AKRON, OH  44304 |
| SUMMIT PAIN SPECIALISTS PHARMACY | 4302 ALLEN RD SUITE 300<br>STOW, OH  44224 |
| GIANT EAGLE PHARMACY #4031 | 41 5TH STREET SE<br>BARBERTON, OH  44203 |
| WALGREEN CO. | 2645 STATE RD<br>CUYAHOGA FALLS, OH  44223 |
| WALGREEN CO. | 302 CANTON ROAD<br>AKRON, OH  44312 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #18<br>2147 EAST AVENUE<br>AKRON, OH  44314 |

| | |
|---|---|
| WALGREEN CO. | 1130 S. ARLINGTON ST<br>AKRON, OH  44306 |
| OHIO CVS STORES, L.L.C. | 3352 KENT ROAD<br>STOW, OH 44224 |
| WALGREEN CO. | 900 WOOSTER RD NORTH<br>BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 1540 CANTON ROAD<br>AKRON, OH  44312 |
| HIGHLAND SQUARE PHCY | 786 W MARKET ST<br>AKRON, OH  44303 |
| OHIO CVS STORES, L.L.C. | 1225 CANTON RD<br>AKRON, OH  44312 |
| WALGREEN CO. | 1303 COPLEY ROAD<br>AKRON, OH  44320 |
| RITZMAN PHARMACY #107 | 157 WEST CEDAR STREET<br>AKRON, OH  44307 |
| NEW CHOICE PHARMACY | 1900 23RD STREET<br>CUYAHOGA FALLS, OH  44223 |
| RITE AID OF OHIO, INC. | 1047 KENMORE BOULEVARD<br>AKRON, OH  44314 |
| GIANT EAGLE PHARMACY #4124 | 484 EAST WATERLOO RD<br>AKRON, OH  44319 |
| WALGREEN CO. | 830 BRITTAIN RD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 235 EAST CUYAHOGA FALLS AVE<br>AKRON, OH  44310 |
| OHIO CVS STORES, L.L.C. | 4195 S. CLEVELAND-MASSILLON ROAD<br>NORTON, OH  44203 |
| WALGREEN CO. | 834 W. MARKET STREET<br>AKRON, OH  44303 |
| WALGREEN CO. | 3009 W. MARKET ST.<br>FAIRLAWN, OH  44333 |
| RITZMAN PHARMACY #102 | 390 ROBINSON AVENUE, SUITE A<br>BARBERTON, OH  44203 |
| FRED W ALBRECHT GROCERY CO | DBA ACME PHARMACY #14<br>3235 MANCHESTER RD<br>AKRON, OH  44319 |
| OHIO CVS STORES, L.L.C. | 2091 EASTWOOD AVENUE<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 780 BRITTAIN ROAD<br>AKRON, OH  44305 |
| OHIO CVS STORES, L.L.C. | 1711 STATE RD<br>CUYAHOGA FALLS, OH  44223 |

| | |
|---|---|
| OHIO CVS STORES, L.L.C. | 426 ROBINSON AVE. BARBERTON, OH  44203 |
| RITE AID OF OHIO, INC. | 2975 WEST MARKET STREET FAIRLAWN, OH  44333 |
| OHIO CVS STORES, L.L.C. | 1949 WEST MARKET STREET AKRON, OH  44313 |
| RALEY DRUG STORE, INC | 1760 GOODYEAR BLVD AKRON, OH  44305 |
| WALGREEN CO. | 1925 W. MARKET ST. AKRON, OH  44313 |
| OHIO CVS STORES, L.L.C. | 10380 NORTHFIELD ROAD NORTHFIELD, OH  44067 |
| DISCOUNT DRUG MART #33 | 655 PORTAGE TRAIL CUYAHOGA FALLS, OH  44221 |
| GIANT EAGLE PHARMACY #4029 | 2801 EAST WATERLOO ROAD AKRON, OH  44312 |
| GIANT EAGLE PHARMACY #4030 | 205 WEST AVE TALLMADGE, OH  44278 |
| WALGREEN CO. | 9043 DARROW RD TWINSBURG, OH  44087 |
| RITE AID OF OHIO, INC. | 4053 SOUTH MAIN STREET AKRON, OH  44319 |
| RITE AID OF OHIO, INC. | 1403 WOOSTER ROAD WEST BARBERTON, OH  44203 |
| COPE PHARMACY INC | 941 WEST NIMISILA RD AKRON, OH  44319 |
| WALGREEN CO. | 2086 GRAHAM RD. STOW, OH  44224 |
| THE FRED W ALBRECHT GROCERY | DBA ACME PHARMACY #2 2420 WEDGEWOOD DRIVE AKRON, OH  44312 |
| RITE AID OF OHIO, INC. | 45 EAST AVENUE TALLMADGE, OH  44278 |
| THE FRED W ALBRECHT GROC CO | DBA: ACME PHARMACY 6 3200 GREENWICH ROAD NORTON, OH  44203 |
| HEALTHSPAN INTEGRATED CARE | 1260 INDEPENDENCE AVE AKRON, OH  44310 |

Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2) In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness

opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 8**

Identify the "national comparative benchmarks and indefensible outliers" related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch.

**Response 8**

Plaintiff objects to this Interrogatory as vague and ambiguous in seeking a definition of what legal counsel meant. Plaintiff further objects on the basis of relevance and its attempt to place a burden of response on Plaintiff not proportional to the needs of the case. Plaintiff also objects to this Interrogatory in that it calls for speculation into counsel's thoughts, mental impressions, and/or work product. Plaintiff objects in that the information requested is not in their possession, custody, or control.

Subject to and without waving all objections, Plaintiff responds that Mr. Farrell's email speaks for itself.

**Interrogatory 9**

Identify all physicians and any other health care providers who prescribed Prescription Opioids during the Relevant Time Period and who, at the time, were employed by You or practiced at facilities owned, operated, supported, or affiliated with You, including any public health care systems or facilities. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response 9**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome in seeking identifies of "all physicians and any other health care providers who prescribed Prescription

Opioids" who were "employed by" or practicing at "facilities owned, operated, supported or affiliated" with Summit County or the City of Akron, "including any public health care system or facilities" along with "his or her place of work."  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession, custody, or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds that they are public entities and not in the business of prescribing drugs.  Individuals who use OARRS within Summit County include, but are not limited to, Dr. Lisa Kohler and Donna Skoda.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 10**

Identify all pharmacies that, during the Relevant Time Period, were owned, operated, supported, or affiliated with You, including through any public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period.  For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response 10**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiff objects to this Interrogatory as to the use of the phrase "all pharmacies and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies," including their title and place(s) of work.  Plaintiffs objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds they are not in the pharmacy business; they are public entities.

**Interrogatory 11**

Identify each instance in which a person identified in response to Interrogatory Nos. 9 and 10 was involved in the diversion of Prescription Opioids during the Relevant Time Period—including without limitation the improper prescribing or filling of Prescription Opioids or the submission to a distributor of a Suspicious Order.  For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

**Response 11**

Plaintiff objects to this Interrogatory as vague and ambiguous to the extent the term "involved in" is undefined.  Subject to and without waiving all objections, Plaintiff responds that neither Dr. Lisa Kohler nor Donna Skoda have ever "diverted" opioids.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

**Interrogatory 12**

Identify all communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos 9 and 10 and any National Retail Pharmacy Defendant, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy Defendant, including the date of the communication, the substance of the communication, and the parties to the communication.

**Response 12**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff also objects to this Interrogatory as vague and ambiguous as to the phrase "acting on behalf or in concert with" as subject to differing interpretations.  Plaintiff further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.

Plaintiff also objects to this request in that it calls for information in the Distributor Defendants' possession or control.   The requested information is therefore more readily available to Defendants, from their own business dealings or from third-party sources.

Plaintiff responds that discovery is ongoing and Plaintiff is producing or has produced responsive documents from the custodial files of Dr. Lisa Kohler and Donna Skoda, if any such files exist.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 13**

Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos 9 and 10 from any Defendant named in Your Second Amended Complaint or from anyone who You maintain was acting on behalf of or in concert with any Defendant named in Your Second Amended Complaint.

**Response 13**

Plaintiff objects to this Interrogatory as overly broad in seeking "any fees, reimbursements, honoraria, gifts or other items of value received."  Plaintiff also objects to this Interrogatory as unduly burdensome and overly broad in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiffs further objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Plaintiff is willing to meet and confer to discuss narrowing the scope of this Interrogatory.

**Interrogatory 14**

Identify the individuals referenced anonymously in Your Second Amended Complaint as sources of information, including the name, address, and profession of each source.

**Response 14**

Plaintiff objects to the term "individuals referenced anonymously" and "sources of information" as vague and ambiguous and subject to varying interpretations.  Plaintiff further objects to the extent it cannot determine which portions of the Corrected Second Amended Complaint are being referred.  Plaintiff also objects to the extent this Interrogatory is seeking attorney-client or work product privileged information.

Subject to and without waving all objections, Plaintiff refers Defendants to paragraph 658 of the Corrected Second Amended Complaint:  "On information and belief, because of (among other sources of information) regulatory and other actions taken against the National Retail Pharmacies directly, actions taken against others pertaining to prescription opioids obtained from their retail stores, complaints and information from employees and other agents, and the massive volume of opioid prescription drug sale data that they developed and monitored, the National Retail Pharmacies were well aware that their distribution and dispensing activities fell far short of legal requirements."  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 15**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any pharmacy in Your geographic area about Prescription Opioids.  This includes without limitation each instance You or anyone acting on Your behalf notified any pharmacy in Your geographic area that You suspected or believed Prescription Opioids were being

diverted from it.  For each such communication, identify the pharmacy with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response 15**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome as to "identify each instance," "including but not limited to," "health care and law enforcement agencies," "anyone," "communicated with any pharmacy" regarding prescription opioids.  Plaintiff further objects to this Interrogatory as to the vast over breadth of "including but not limited to," "communicated with any pharmacy," and "without limitation."  Plaintiff also objects to this Interrogatory as overly broad and burdensome as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.   Such a request is burdensome beyond the needs proportional to the case.

Subject to and without waiving all objections, Plaintiff responds that it believes responsive materials, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 16**

Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and the law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids.  This includes without limitation each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that Prescription Opioids shipped by the distributor were being diverted in Your geographic area.  For each such communication, identify the distributor

with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response 16**

Plaintiff objects to this Interrogatory as vague and ambiguous as to "health care and law enforcement agencies."  Plaintiff further objects to this Interrogatory as overbroad by asking Plaintiff to identify "each instance" anyone notified the distributor, "communicated with any distributor," "including but not limited to," and "without limitation."  Plaintiff objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiff further objects to this request in that it calls for information in the possession or control of Defendants.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff; and demanding Plaintiff somehow divines this defies the requirements of Fed. R. Civ. P. 26.  Plaintiff objects that the language "the persons who were party to" each communication is overly broad.

Subject to and without waiving all objections, Plaintiff responds that it believes responsive materials, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 17**

Identify all persons (other than Your attorneys in this action) from whom You have obtained information about alleged diversion in Your geographic area by a National Retail Pharmacy Defendant during the Relevant Time Period.  Describe the information that each person possesses and identify the National Retail Pharmacy Defendant to which it pertains.

**Response 17**

Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the term "obtained information."  Plaintiff further objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant ("identify the National Retail Pharmacy Defendant to which it pertains").  Plaintiff objects to the extent this Interrogatory seeks attorney-client or work product privileged information.  Plaintiff also objects to the extent that the information requested is not in their possession, custody, or control.

Subject to and without waiving all objections, Plaintiff responds that it has received ARCOS information from the Drug Enforcement Agency, and that responsive documents, if they exist, are included in the documents Plaintiff has already produced, or will produce, in this litigation.  Plaintiff reserves the right to supplement, modify, or amend this response as discovery proceeds.

**Interrogatory 18**

Identify each employee, contractor or other person to whom You provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids.

**Response 18**

Plaintiff objects to the vast over breadth of this Interrogatory.  Plaintiff further objects to this Interrogatory as overly broad, vague, and ambiguous as to "each employee, contractor or other person," who "provided compensation," or "worked on addressing," "the problems."  These terms are subject to such widely varying interpretations that they make this Interrogatory incomprehensible.  Plaintiff also objects to this request in that it calls for information in the

National Retail Pharmacy Defendants' possession, custody, or control.  The requested information is therefore more readily available to Defendants from their own business dealings or third-party sources.

Subject to and without waving all objections, Plaintiff responds that organizational charts have already been produced by Plaintiff in this litigation and persons with knowledge have been identified.

**Interrogatory 19**

Identify each state or federal official or agency (including but not limited to the United States Drug Enforcement Administration, the United States Department of Justice, a United States Attorney's Office, the Ohio Department of Medicaid and its constituent providers, the Ohio Department of Public Safety, the Ohio Attorney General's Office, the State of Ohio Board of Pharmacy, and the State Medical Board of Ohio), insurer, or third party benefit manager who provided information to You about diversion of Prescription Opioids during the Relevant Time Period, including but not limited to information about Suspicious Orders, improper prescriptions, or individuals responsible for diversion of Prescription Opioids.  Include in Your response a description of the information and date it was provided.

**Response 19**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome.  Plaintiff also objects to it seeking information beyond Plaintiff's possession, custody, and control.  Plaintiff further objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "excessive dispensing" and "improper prescribing." Plaintiff objects to the extent this calls for a legal conclusion by asking for "individuals

responsible."  Plaintiff also objects to this Interrogatory because certain responsive information may be subject to the law enforcement privilege and/or privacy rights and privileges.

Subject to and without waiving all objections, Plaintiff answer as follows:  Plaintiff refers Defendants to https://www.ohiopmp.gov/Reports.aspx for available OARRS data.  Plaintiff will supplement this answer with non-privileged information responsive to this Interrogatory once the information is available to Plaintiff.

**Interrogatory 20**

Provide a computation of each category of damages, monetary sums, and injunctive relief that You seek from each National Retail Pharmacy Defendant.

**Response 20**

Plaintiff objects to this Interrogatory to the extent it calls for Plaintiff to identify the specific conduct or liability of each Defendant.  Subject to and without waiving objections, for the identification of the Defendant or Defendants from which relief is sought, Plaintiff refers Defendants to Plaintiff's Corrected Second Amended Complaint.

Subject to and without waiving all objections, Plaintiff responds as follows:  Plaintiff is conducting a reasonable and diligent search for and has produced or will produce all non-privileged documents that identify, describe, and quantify the monetary and other relief Plaintiff seeks in this case. In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Further subject to and without waiving all objections, Plaintiff identifies the following non-exhaustive list of programs and other expenditures either that have been initiated because of the opioid crisis or which have experienced increased funding needs because of the opioid crisis. Such programs and expenditures include, but are not limited to, the following:

31

| Jurisdiction | Efforts to Address Opioid Epidemic |
|---|---|
| Summit County | • Summit County Alcohol, Drug Addiction and Mental Health Board:  Quick Response Teams, DAWN, Addiction Helpline; Opiate Task Force and the planning, maintaining and executing responses to the opioid epidemic; purchase of Narcan; manages waitlists for residential treatment facilities; additional training, education and treatment;<br><br>• Summit County Medical Examiner:  increased number of deaths caused by the opioid epidemic for the Summit County Medical Examiner's office to process and investigate; additional staffing and resources, additional costs for contractors/vendors;<br><br>• Summit County Prosecutors: increased caseload and prosecutions relating to the opioid epidemic;<br><br>• Summit County Court of Common Pleas (including probation and specialty courts, like drug court): increased caseload and probation services relating to the opioid epidemic; Opioid Unit in adult probation department; two drug court judges do community outreach re opioids and other drugs; Indigent Defense – increased County expenditures to fund this Court program for indigent defendants;<br><br>• Summit County Juvenile Court (including probation and specialty courts): increase in number of parents participating in Family Reunification Through Recovery Court due to opioid use; increase in staff trainings related to opioid use;<br><br>• Summit County Children Family Services: host Northeast Ohio Regional Training Center which provides trainings related to opioids, 25% of the staff trainings they do relate to opioids; social workers who exclusively deal with families and substance abuse issues; collaborate with juvenile court program, Family Reunifications through Recovery; Oriana House; provides licensure hours for Close Up which addresses opioids increased costs due to increased placement of children abused and neglected due to opioid addictions;<br><br>• Summit County Sheriff:  services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic; members of Quick Response Team; DARE education; drug task force members meet with community organizations to discuss opioids; drug take back days; implement House Bill 277 aka Good Samaritan Law; receive Narcan training;<br><br>• Summit County General Health District: purchase of Narcan; Quick Response Team; Syringe Harm Reduction Program; educational campaigns, expanded medically assisted treatment programs; |

| Jurisdiction | Efforts to Address Opioid Epidemic |
|---|---|
|  | • Summit County Executive: Incident Management Assistance Team (IMAT) coordinates activities of the Opiate Task Force and the Addiction Counsel |
|  |  |
| Akron | • Opioid-focused Quick Response Team (QRT); |
|  | • Purchases of Narcan, drug testing kits, and Immunity Hearing Requirement forms; |
|  | • Increased Police/Fire/EMS service calls for overdoses; |
|  | • Increased Police Division services for opioid investigations, including training, detailing of staff to task forces; |
|  | • Safety Communications handling of increased dispatches and related Police/Fire/EMS support; |
|  | • Law Department Criminal Division's increased prosecutions relating to the opioid epidemic; |
|  | • Municipal Court's increased caseload and probation load relating to the opioid epidemic; |
|  | • Planning and executing a response to the opioid epidemic, including community educational awareness by Police, the Mayor's office, and other city departments; |
|  | • Funding of third party entities that provide various support services related to the opioid epidemic, including Oriana House, Interval Brotherhood Home, etc. |

In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement, modify, or amend this response as discovery

proceeds.

Dated:  July 23, 2018                    /s/  *Linda Singer*
                                         Linda Singer

                                         Joseph F. Rice
                                         Jodi Westbrook Flowers
                                         Anne McGinness Kearse
                                         David I. Ackerman
                                         Jeffrey C. Nelson
                                         MOTLEY RICE LLC
                                         401 9th Street NW, Suite 1001
                                         Washington, DC 20004
                                         Tel: (202) 232-5504
                                         Fax:  (202) 232-5513
                                         lsinger@motleyrice.com
                                         jrice@motleyrice.com
                                         jflowers@motleyrice.com
                                         akearse@motleyrice.com
                                         dackerman@motleyrice.com
                                         jnelson@motleyrice.com

## CERTIFICATE OF SERVICE

I, Colleen Hemelgarn, certify that on July 23, 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order in this case (Dkt. No. 232).

*/s/ Colleen Hemelgarn/*

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*City of Cleveland v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:18-op-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFF CITY OF CLEVELAND, OHIO'S ANSWERS TO THE NATIONAL
RETAIL PHARMACY DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt No. 232), the City of Cleveland ("Plaintiff") hereby responds to the National Retail Pharmacy Defendants' First Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.      Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevancy of the information produced or identified.

3.      These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

4.      No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.      Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.      Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to disclose information or produce documents that are in the public domain or otherwise available to the National Retail Pharmacy Defendants as easily from other sources as from Plaintiff, and thus would impose an undue cost and burden on Plaintiff to collect such information.

7.      Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product or attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.     Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12.     Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.     Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.     Plaintiff's lack of objection to any specific Interrogatory is not an admission that Plaintiff has possession, custody or control over any such information; and any statement by

3

Plaintiff that it will search for or produce documents does not mean that Plaintiff has possession, custody or control of any responsive document, or that any such documents exist.

15.     Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

16.     Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

17.     Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently discloses information that is or could be the subject of the objections stated herein, such disclosure is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information disclosed.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

1.     State the years during which You claim each National Retail Pharmacy Defendant engaged in the conduct for which You seek damages.

**Response to Interrogatory No. 1:**

Plaintiff objects that this Interrogatory contains a reference to an ambiguous phrase, "conduct."  Subject to and without waiving all objections, Plaintiff incorporates the allegations in its Corrected Second Amended Complaint and Jury Demand ("Second Amended Complaint"). In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving any objections, Plaintiff responds that every year a given National Retail Pharmacy Defendant distributed opioids is relevant.  Plaintiff recently received the ARCOS data from the Department of Justice, over objection, which reveals conduct dating back to January 2006.  Plaintiff believes the Defendants engaged in actionable conduct dating back to at least this timeframe and has reason to believe discovery and Plaintiff's investigation will reveal additional conduct dating back to the introduction of OxyContin into the national marketplace.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

2.      Identify each prescription upon which You base, or which you contend supports, Your claims in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response to Interrogatory No. 2:**

Plaintiff objects to this Interrogatory as overly broad in seeking to Identify "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims.   Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded, in that it calls for Plaintiff to identify the specific conduct of each Defendant.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control, or just as available to Defendants from their own business dealings or third-party sources as may be available to Plaintiff.  Plaintiff also objects to this Interrogatory as placing an undue burden not proportional to the needs of the case.  Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete.  *See* Fed. R. Civ. P. 33(a)(2).  In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded and seeks information not relevant to any party's claim or defense.  Subject to and without waiving all objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the

burden of an Interrogatory this broad in scope. Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request. Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws, including but not limited to, the federal Health Insurance Portability and Accountability Act ("HIPAA"). These objections were set forth in the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1. Further responding, during the meet and confer conferences on interrogatories and document requests, defense counsel has requested medical and prescription claims data for City employees and covered individuals under the City's health benefit plans. The City has objected to these requests but has nevertheless begun making inquiries for this information from the City's third-party contractors that have this information.

Plaintiff reserves the right to supplement or modify this response as discovery proceeds and based upon further investigation. Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1.

3.     Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Response to Interrogatory No. 3:**

Plaintiff objects to this Interrogatory as to the over breadth and burden of identifying "each prescription," the "dispensing pharmacy," "dispensing pharmacist," and "dispensing date" and how each individual prescription supports Plaintiff's claims. Individual proof is not relevant here. Once again, Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case. Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession or control. The requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as propounded. Plaintiff objects because this Interrogatory seeks information not relevant to any party's claim or defense, or the legal theories in this case. Subject to and without waiving objections, Plaintiff responds that Plaintiff is not representing the interests of any individuals who were harmed by opioids or the interests of any payor of opioid prescription costs; nor has Plaintiff alleged any False Claims Act counts or other claims that justify the burden of an Interrogatory this broad in scope. Plaintiff objects to this Interrogatory because it is not proportional to the needs of the case considering (1) the lack of relevance or importance of the materials to the claims and defenses in this litigation, as described above, and (2) the substantial cost to identify and describe responsive materials, which would cause substantial harm to the privacy interests held by the individuals whose private medical files are the subject of this request. Plaintiff further objects to the extent this Interrogatory calls for Confidential Information not in the Plaintiff's possession and protected by privacy laws, including but not limited to, the

federal Health Insurance Portability and Accountability Act ("HIPAA").  These objections were set forth in the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master Cohen's June 11, 2018 Discovery Ruling No. 1.  Further responding, during the meet and confer conferences on interrogatories and document requests, defense counsel has requested medical and prescription claims data for City employees and covered individuals under the City's health benefit plans.  The City has objected to these requests but has nevertheless begun making inquiries for this information from the City's third-party contractors that have this information.

Plaintiff reserves the right to supplement or modify this response as discovery proceeds and based upon further investigation.

As discovery continues, Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1.  Subject to and without waiving all objections, Plaintiff incorporates its Response to Interrogatory No. 6 and states that Plaintiff will comply with the procedure and deadline as set forth in ¶ 9(1)(iii) of Case Management Order No. 1.

In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement, amend, or modify this response as discovery proceeds.

4.      Identify each person in Your geographic area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or

who sought to obtain any Prescription Opioid through a forged or otherwise improper prescription.

**Response to Interrogatory No. 4:**

Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Plaintiff also objects to this Interrogatory in that it calls for information in the possession of the National Retail Pharmacy Defendants or the requested information is more readily available to Defendants from their own business dealings or third-party sources than available to Plaintiff.

5.      Identify every instance during the Relevant Time Period in which You requested information relating to Prescription Opioids from the Ohio Automated Rx Reporting System (OARRS), including the date of the request, the subject matter of the request, the information You requested, the information You obtained in response to the request, and any action You took based on that information.

**Response to Interrogatory No. 5:**

Plaintiff objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in seeking "every instance" in which Plaintiff "requested information" "relevant to" OARRS, "including the date of the request," "the subject matter," "the information requested," "the information obtained in response," and "any action You took based on that instruction." Plaintiff also objects to this Interrogatory in that it is unduly burdensome and possibly illegal to identify the requested information, and impossible to know each stakeholder or doctor who

10

accessed this information within the County. Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.

6.     Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period. This includes but is not limited to all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS. For each such person, state when access was first obtained and, if applicable, discontinued.

**Response to Interrogatory No. 6:**

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," "who otherwise had access to information on OARRS," when obtained and when/if discontinued.  Plaintiff objects to this Interrogatory in that it places an undue burden on Plaintiff not proportional to the needs of the case.  Plaintiff further objects in that the requested information is in the possession of a third party.

7.     Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and

amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

**Response to Interrogatory No. 7:**

As outlined in the Second Amended Complaint, a "suspicious order" is defined by federal law as orders of an unusual size, orders deviating substantially from a normal pattern and orders of unusual frequency. Plaintiff recently received the ARCOS data from the Department of Justice, to which the Distributor Defendants objected, which reveals the orders placed by pharmacies with the Distributor Defendants dating back to 2006. Hence, once Plaintiff's analysis of the ARCOS data is complete, this response will be limited to this timeframe until Plaintiff is able to conduct discovery. Moreover, the Distributor Defendants owe a duty under federal law to report suspicious orders to the DEA. So far, the Distributor Defendants have refused to disclose this information. Finally, Plaintiff is aware each Distributor Defendant uses its own set of metrics to define a suspicious order. These metrics have been requested in discovery. As soon as practicable, Plaintiff intends to define a suspicious order using the Distributor Defendants' own metrics as well as national, regional and local metrics from the data available. As Plaintiff continues its investigation and analyzes the ARCOS data, this response will be supplemented as appropriate, and may include expert opinions in accordance with CMO No. 1 and the Federal Rules of Civil Procedure. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2).

8.      Identify the "national comparative benchmarks and indefensible outliers" related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch.

**Response to Interrogatory No. 8**:

Plaintiff objects to this request because discovery and Plaintiff's investigation into Defendants' wrongdoing is continuing.  Without waiving any objection, Plaintiff states that it will identify the "national comparative benchmarks and indefensible outliers" in one of more of its expert reports in accordance with CMO 1 and the Federal Rules of Civil Procedure.

9.      Identify all physicians and any other health care providers who prescribed Prescription Opioids during the Relevant Time Period and who, at the time, were employed by You or practiced at facilities owned, operated, supported, or affiliated with You, including The MetroHealth System and any other public health care systems or facilities. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response to Interrogatory No. 9**:

Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Without waiving any objections, Plaintiff states that it does not employ providers that prescribe Prescription Opioids.  Plaintiff objects to this request in that it calls for information in the National Retail Pharmacy Defendants' possession, custody, or control.  The requested information is more readily available to Defendants from their own business dealings or third-party sources.

10.     Identify all pharmacies that, during the Relevant Time Period, were owned, operated, supported, or affiliated with You, including through The MetroHealth System and any other public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

**Response to Interrogatory No. 10:**

Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Without waiving any objections, Plaintiff states that it does not own or operate any pharmacies.

11.     Identify each instance in which a person identified in response to Interrogatory Nos. 9 and 10 was involved in the diversion of Prescription Opioids during the Relevant Time Period—including without limitation the improper prescribing or filling of Prescription Opioids or the submission to a distributor of a Suspicious Order. For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

**Response to Interrogatory No. 11:**

See responses to Nos. 9 and 10 above.

12.     Identify all communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos. 9 and 10 and any National Retail Pharmacy Defendant, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy Defendant, including the date of the communication, the substance of the communication, and the parties to the communication.

**Response to Interrogatory No. 12:**

See responses to Nos. 9 and 10 above.

13.     Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos. 9 and 10 from any Defendant named in Your Second Amended Complaint or from anyone who You maintain was acting on behalf of or in concert with any Defendant named in Your Second Amended Complaint.

**Response to Interrogatory No. 13:**

See responses to Nos. 9 and 10 above.

14.     Identify the individuals referenced anonymously in Your Second Amended Complaint as sources of information, including the name, address, and profession of each source.

**Response to Interrogatory No. 14:**

Plaintiff objects to this Interrogatory because Plaintiff cannot determine which portions of the complaint is being referenced.  Plaintiff also objects to the extent this Interrogatory is seeking attorney-client or work product privileged information.

15.    Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any pharmacy in Your geographic area about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any pharmacy in Your geographic area that You suspected or believed Prescription Opioids were being diverted from it. For each such communication, identify the pharmacy with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response to Interrogatory No. 15:**

Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome as to "identify each instance," "including but not limited to," "health care and law enforcement agencies," "anyone," "communicated with any pharmacy" regarding prescription opioids.  Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Without waiving any objection, Plaintiff responds that it believes responsive

materials to this request will be included in the documents that Plaintiff has already produced, or will produce, in this MDL.

16.     Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that Prescription Opioids shipped by the distributor were being diverted in Your geographic area. For each such communication, identify the distributor with which you had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

**Response to Interrogatory No. 16:**

Plaintiff objects to this Interrogatory as vague and ambiguous as to "health care and law enforcement agencies."  Plaintiff further objects to this Interrogatory as overbroad by asking Plaintiffs to identify "each instance" anyone notified the distributor, "communicated with any distributor," "including but not limited to," and "without limitation."  Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Without waiving any objection, Plaintiff responds that it believes responsive materials to this request will be included in the documents that Plaintiff has already produced, or will produce, in this MDL.

17.    Identify all persons (other than Your attorneys in this action) from whom you have obtained information about alleged diversion in Your geographic area by a National Retail Pharmacy Defendant during the Relevant Time Period. Describe the information that each person possesses and identify the National Retail Pharmacy Defendant to which it pertains.

**Response to Interrogatory No. 17:**

Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the term "obtained information."  Plaintiff further objects to this Interrogatory as overly broad as propounded, and in that it calls for Plaintiff to identify the specific conduct of each Defendant ("identify the National Retail Pharmacy Defendant to which it pertains").  Plaintiff objects to the extent this Interrogatory seeks attorney-client or work product privileged information.  Plaintiff also objects to the extent that the information requested is not in its possession, custody, or control.

Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Without waiving any objection, Plaintiff responds that it believes responsive materials to this request will be included in the documents that Plaintiff has already produced, or will produce, in this MDL.

18.    Identify each employee, contractor or other person to whom You provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids.

**Response to Interrogatory No. 18:**

Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome and the terms "problems You experienced" is ambiguous.  Plaintiff is unable to respond to this Interrogatory and cannot understand what is being requested.

Subject to and without waiving all objections, Plaintiff responds that organizational charts have already been produced by Plaintiff in this litigation and persons with knowledge have been identified.

19.    Identify each state or federal official or agency (including but not limited to the United States Drug Enforcement Administration, the United States Department of Justice, a United States Attorney's Office, the Ohio Department of Medicaid and its constituent providers, the Ohio Department of Public Safety, the Ohio Attorney General's Office, the State of Ohio Board of Pharmacy, and the State Medical Board of Ohio), insurer, or third party benefit manager who provided information to You about diversion of Prescription Opioids during the Relevant Time Period, including but not limited to information about Suspicious Orders, improper prescriptions, or individuals responsible for diversion of Prescription Opioids. Include in Your response a description of the information and date it was provided.

**Response to Interrogatory No. 19:**

Subject to and without waiving all objections, the City of Cleveland is unaware of any such notification, nor any duty to do so, but will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify such instances.

20.    Provide a computation of each category of damages, monetary sums, and injunctive relief that You seek from each National Retail Pharmacy Defendant.

**Response to Interrogatory No. 20:**

Plaintiff objects to this Interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information. Also, the Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control. Further objecting, the Interrogatory contains a reference to several ambiguous phrases and terms, namely, "penalty," "fine," and "specific conduct."

Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify Plaintiff's equitable and monetary relief.  In addition, Plaintiff's investigation of its costs, expenditures, damages, losses or harms caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving objections, Plaintiff identifies the following:

- Losses caused by the decrease in funding available for Plaintiff's public services for which funding was lost because it was diverted to other public services designed to address the opioid epidemic;

- Costs for providing healthcare and medical care for patients suffering from opioid-related addiction or disease, including overdoses and deaths;

- Costs of training emergency and/or first responders in the proper treatment of drug overdoses;

- Costs associated with providing police officers, firefighters, and emergency and/or first responders with naloxone – an opioid antagonist used to block the deadly effects of opioids in the context of overdose;

- Costs associated with emergency responses by police officers, firefighters, and emergency and/or first responders to opioid overdoses;

- Costs for providing mental-health services, treatment, counseling, rehabilitation services, and social services to victims of the opioid epidemic and their families;

- Costs associated with law enforcement and public safety relating to the opioid epidemic, including but not limited to attempts to stop the flow of opioids into local communities, to arrest and prosecute street-level dealers, to prevent the current opioid epidemic from spreading and worsening, and to deal with the increased levels of crimes that have directly resulted from the increased homeless and drug-addicted population;

- Costs associated with various public safety and health initiatives related to the opioid epidemic, such as:

  o Plaintiff's Division of Police's participation in the High Intensity Drug Trafficking Area (HIDTA), which tracks opioid use in the City;

  o Plaintiff's Division of Police's involvement in the Northern Ohio Law Enforcement Task Force (one Commander and three detectives from Plaintiff), which focuses on the heroin dealing;

  o The Drug Enforcement Agency (DEA) task force (including one narcotics officer from Plaintiff who specializes in pill investigations), which monitors heroin and fentanyl use in the region;

     o     The Homeland Security Investigations Task Force (one employee from Plaintiff, who has special FBI credentials);

     o     Plaintiff's participation, along with the ADAMHS Board, in a Law Enforcement Assisted Detox (LEAD) program. Partnering with Stella Maris, Rosary Hall and the Salvation Army, the ADAMHS Board began to pay the health insurance for drug overdose victims who could not afford their medical stay;

     o     Plaintiff's partnership with Metrohealth on Project DAWN.

- Costs associated with increased burden on Plaintiff's drug court;

- Costs associated with clean-up of public parks, spaces and facilities of needles and other debris and detritus of opioid addiction;

- Loss of tax revenue due to the decreased efficiency and size of the working population in Plaintiff's community and due to other impacts on property values and other tax generators for Plaintiff;

- Losses caused by decreased business investment and tax revenue;

- Plaintiff's contributions to the Alcohol, Drug Addiction, and Mental Health Services (ADAMHS) board, such as its $250,000 for substance abuse beds (in conjunction with Cuyahoga County);

- Increased public safety services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic;

- Plaintiff's Health Department costs related to the opioid epidemic, such as the Centerpoint Program, which provides services targeted to patients with substance abuse problems including opioid related matters;

- Costs associated with impact of opioid epidemic on Plaintiff's vehicle fleet;

- Costs need for the City to properly and adequately abate the nuisance created by the opioid epidemic.

As referenced above, Plaintiff's investigation of its damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Plaintiff will continue to produce documents that identify costs, expenditures, damages, losses, or harm for which Plaintiff seeks equitable or monetary relief.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

Respectfully submitted,

*/s/Peter J. Mougey*
Peter J. Mougey
Jeff Gaddy
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
    RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
jgaddy@levinlaw.com

Paul T. Farrell, Jr. (Ohio Bar No. 0070257)
GREENE, KETCHUM, FARRELL,
    BAILEY & TWEEL, LLP
419 - 11th Street (25701)/ P.O. Box 2389

Huntington, West Virginia 25724-2389
Tel.: 800-479-0053 or 304-525-9115
Fax: 304-529-3284
paul@greeneketchum.com


Peter H. Weinberger (Ohio Bar No. 0022076)
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Ave East, Suite 1700
Cleveland, OH 44114
Tel: (216) 696-3232
Fax: 216-696-3924
pweinberger@spanglaw.com

Michael J. Fuller, Jr. (Ohio Bar No. 0090250)
MCHUGH FULLER LAW GROUP, PLLC
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com

R. Edison Hill
HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Tel.: 304-345-5667
Fax: 304-345-1519
rehill@hpcbd.com

J. Burton LeBlanc, IV
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
bleblanc@baronbudd.com

Anthony J. Majestro
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889

Fax: 304-346-2895
amajestro@powellmajestro.com

*Counsel for Plaintiff City of Cleveland*

Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114-1149
Tel.: 216-696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Tel: 415-546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
   RAFFERTY & PROCTOR P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel: 805-435-7000
trafferty@levinlaw.com

*Liaison Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served via electronic mail on the individuals on the attached service list this 23rd day of July, 2018.

*/s/Peter J. Mougey*
Attorney at Law

## SERVICE LIST

### *Counsel for Defendants*

Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
mark.cheffo@dechert.com
*Counsel for Defendants Purdue Pharma L.P.; Purdue Pharma Inc.; and The Purdue Frederick Company*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
clifland@omm.com
*Counsel for Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc.*

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
steven.reed@morganlewis.com
*Counsel for Defendants Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
jonathan.stern@arnoldporter.com
*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

Brien T. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
brien.oconnor@ropesgray.com
*Counsel for Mallinckrodt LLC*

Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
donna.welch@kirkland.com
*Counsel for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a
Watson Pharmaceuticals, Inc.*


**_Liaison Counsel for Manufacturer Defendants_**

Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
mark.cheffo@dechert.com

Carole Rendon
BAKER HOSTETLER
127 Public Square, Suite 2000
Cleveland, OH 44114
crendon@bakerlaw.com


**_Liaison Counsel for Distributor Defendants_**

Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com

Shannon McClure
REED SMITH, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
ghobart@cov.com

***Liaison Counsel for Chain Pharmacies***

Kaspar J. Stoffelmayr
BARTLIT, BECK, HERMAN, PALENCHAR & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60654
kaspar.stoffelmayr@bartlit-beck.com


***Liaison Counsel for Physician Defendants***

Tyler Tarney
GORDON & REES, LLP
41 South High Street, Suite 240
Columbus, OH 43215
ttarney@grsm.com

# EXHIBIT E

| | |
|---|---|
| **From:** | Paul Farrell <Paul@Greeneketchum.com> |
| **Sent:** | Wednesday, June 13, 2018 9:56 AM |
| **To:** | Lynch, Mark |
| **Cc:** | Mainigi, Enu; mark.cheffo@dechert.com; McClure, Shannon E.; Rendon, Carole S.; Hobart, Geoffrey; ttarney@grsm.com; Troy Rafferty; Peter H. Weinberger; Peter Mougey; Paul Hanly; Rice, Joe; Jayne Conroy; Elizabeth J. Cabraser; Anthony J. Majestro; Laura Dunning; Erin Dickinson; MDL Opioid All Distributors (S) |
| **Subject:** | RE: Relation back motion |

Mark,

Have not heard back from you on the Monday email (below).

The Court reiterated yesterday, during the telephone status conference, that it does not envision 800 complaints getting amended.  So, let's see if we can fashion a solution amenable to all.

The PEC has possession of the national ARCOS database.  We conducted extensive analysis in an attempt to identify the proper defendants for the CT1 cases.  For instance, we reviewed the individual transactions between each distributor and each pharmacy and attempted to identify outliers involving "suspicious orders" of unusual size, unusual frequency and/or deviations from a normal pattern.  Each distributor is in exclusive possession of the criteria internally utilized to establish orders of usual size, usual frequency and normal patterns.  Discovery related to these unique "metrics" is ongoing.  In the absence of public knowledge on each set of metrics, the PEC made recommendations for the CT1 cases based on all information reasonably available including national comparative benchmarks and indefensible outliers.

While we appreciate your position regarding the necessity to name every tortfeasor in all 800 cases, to do so will require the broad dissemination of your metrics and the ARCOS data for each jurisdiction (or perhaps the entire data set) to every Plaintiff.  This seems at odds with your current position related to the confidentiality of the ARCOS data and conflicts with the Court's directive to the PEC to focus on the CT1 cases and Motion Track.

It seems to us the Court has broad discretion to craft a remedy to this dilemma.  If not "relation back" nor "tolling" then perhaps you have a better idea?  We are open to discussion.

**Paul T. Farrell, Jr., Esq.**
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
phone:    304.525.9115
              800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*"Facts are stubborn things."*
        -John Adams
          President of the United States.
          Trial lawyer.



**From:** Paul Farrell
**Sent:** Monday, June 11, 2018 8:34 PM
**To:** Lynch, Mark <mlynch@cov.com>
**Cc:** Mainigi, Enu <EMainigi@wc.com>; mark.cheffo@dechert.com; McClure, Shannon E. <SMcClure@ReedSmith.com>; Rendon, Carole S. <crendon@bakerlaw.com>; Hobart, Geoffrey <ghobart@cov.com>; ttarney@grsm.com; Troy Rafferty <trafferty@levinlaw.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Peter Mougey <pmougey@levinlaw.com>; Paul Hanly <phanly@simmonsfirm.com>; Rice, Joe <jrice@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Elizabeth J. Cabraser <ECABRASER@lchb.com>; Anthony J. Majestro <amajestro@powellmajestro.com>; Laura Dunning <ldunning@levinlaw.com>; Erin Dickinson <ekd@cruegerdickinson.com>; MDL Opioid All Distributors (S) <rsMDLOpioidAllDistributors@ReedSmith.com>
**Subject:** Re: Relation back motion

We would like to avoid amending 700+ complaints to add additional defendants until the case is selected for a Case Track. Our motion offers a solution which you have rejected. Do you have a counter-proposal which protects and preserves the right of the governmental entities to pursue a recovery?

**Paul T. Farrell, Jr., Esq.**
Greene Ketchum
419 Eleventh Street
Huntington, WV 25701
phone:    304.525.9115
            800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*"Facts are stubborn things."*
            -John Adams
            President of the United States.
            Trial lawyer.

On Jun 11, 2018, at 8:05 PM, Lynch, Mark <mlynch@cov.com> wrote:

Dear Paul:
I write on behalf of liaison counsel for the distributor and retailer defendants.
Plaintiffs filed a motion asking for a ruling on the relation-back issue.  Defendants filed an opposition.  The next step is a reply from plaintiffs and then a hearing if the Court wishes one.
If, however, you have a compromise proposal, please share it with us, and we can meet-and-confer.  We do not believe it is appropriate to invite the Court to a conference where a compromise is presented to defendants for the first time and has not been the subject of any effort by the parties to work out an agreed resolution of the motion plaintiffs filed.   Accordingly, we object to your proposal to invite the Court to the conference you envision.
I also note that relation-back is an issue of particular importance to the distributors and retailers that have been named in only a few suits.  It will be important for them to be heard at any hearing, meet-and-confer or conference on this issue.
Best Regards,

Mark

---

**From:** Paul Farrell <
**Sent:** Monday, June 11, 2018 4:50 PM
**To:** Mainigi, Enu <EMainigi@wc.com>; mark.cheffo@dechert.com; McClure, Shannon E.
<SMcClure@ReedSmith.com>; Rendon, Carole S. <crendon@bakerlaw.com>; Hobart, Geoffrey
<ghobart@cov.com>; ttarney@grsm.com
**Cc:** Troy Rafferty <trafferty@levinlaw.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Peter
Mougey (pmougey@levinlaw.com) <pmougey@levinlaw.com>; Paul Hanly
<phanly@simmonsfirm.com>; Rice, Joe <jrice@motleyrice.com>; Jayne Conroy
<jconroy@simmonsfirm.com>; Elizabeth J. Cabraser <ECABRASER@lchb.com>; Anthony J. Majestro
<amajestro@powellmajestro.com>; Laura Dunning <ldunning@levinlaw.com>; Erin Dickinson
<ekd@cruegerdickinson.com>
**Subject:** Relation back motion

Liaison Counsel,

As you know, Plaintiffs have filed a motion we have dubbed "relation back" which attempts to permit our
resources to be dedicated to the Case Track One cases rather than amending 700+ complaints pending in
MDL2804.  I would like to set up a conference call and invite the Court to participate in an attempt to
work through these issues and reach a compromise acceptable to all.

Please advise if you are willing to participate.

**Paul T. Farrell, Jr., Esq.**
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
phone:     304.525.9115
                800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*"Facts are stubborn things."*
        -John Adams
         President of the United States.
         Trial lawyer.

