UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2804 <br><br> Case No. 1:17-md-2804 <br><br> Hon. Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: | | |
| *The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45459-DAP | | |

**AMNEAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION SUBSTITUTING AMNEAL DEFENDANTS**

**I.      INTRODUCTION**

Amneal Pharmaceuticals, Inc. ("API"), by and through undersigned counsel, submits its Response to Plaintiff's Motion for Leave to File Motion "Substituting" Amneal Defendants (Doc. 1006), filed September 28, 2018.  It is important to briefly review the context of the road Plaintiff is asking the Court to travel, even at this first step.[1]  API was not named in plaintiff's original 90-page Complaint.  API was first named in the First Amended Complaint ("FAC") Plaintiff filed on July 9, 2018, as part of a last minute indiscriminate shotgun addition of defendants in connection with the Court's first deadline to amend the complaint.  Further proof of Plaintiff's indiscriminate naming of API is found in the fact that API did not come into existence until October 4, 2017, a date long after the acts and omissions alleged in plaintiff's Complaint.  Tellingly, nowhere in the FAC does Plaintiff plead a single factual allegation specific to API, or, for that matter, the two entities Plaintiff now proposes to "substitute" for API.  Plaintiff's failure to plead <u>facts </u>supporting any particular wrongful conduct by API whatsoever

---

[1] API appreciates the procedural aspect of the instant motion, and reserves its right to respond more fully should the court grant plaintiff leave to file its Motion Substituting Amneal Defendants.  API files the instant response to apprise the Court of its good faith basis for withholding consent to Plaintiff's motion, which is defective under both the Court's Orders and the Federal Rules of Civil Procedure.

in the entirety of the FAC is described in the Generic Manufacturers' Motion to Dismiss Pl.'s First Am. Compl., Doc. 929 and API's Motion to Dismiss Pl.'s First Am. Compl., Doc. 978, both filed August 31, 2018. Those same problems exist for any entity that might be "substituted" for API.

The Court gave Plaintiff an additional 31-days to amend its FAC, but Plaintiff did not. Now having done nothing to address the defects in its FAC by the Court's deadlines, Plaintiff attempts to use the guise of "substitution" to add two new entities. However, what Plaintiff proposes is not a substitution under the Federal Rules of Civil Procedure, and that "substitution" would simply result in application of the same vague non-specific conclusory allegations against two entities Plaintiff did not think should be named in any of its prior complaints in the first place. Rule 21 is not intended to be a vehicle by which a party can circumvent the requirements of other applicable civil rules or the orders of this Court, as Plaintiff proposes to use it. And Plaintiff does nothing to explain away the logical fallacy of how the indiscriminate naming of two entities can be a proper "substitution" for the indiscriminate naming of one entity. Plaintiff's attempted end run around the Court's directives for efficient management of this litigation should not be countenanced.

There is a second reason why plaintiff's attempted reliance is improper. Rule 21 addresses misjoinder of parties. It assumes that an entity has been joined in the first instance. That is not the situation here. Plaintiff should not be afforded relief under Rule 21 as API has not been "misjoined."

## II.    ARGUMENT

Plaintiff's Motion for Leave to File a Motion to Substitute is an improper attempt to avoid the deadlines clearly prescribed by this Court for amending complaints in this litigation. Plaintiff filed its original Complaint in the Northern District of Oklahoma on April 3, 2018. The

2

Judicial Panel for Multidistrict Litigation finalized its Conditional Transfer Order on April 18, 2018.  Thereafter, on April 26, 2018, the case was transferred to the Northern District of Ohio, Case No. 1:18-op-45459-DAP.  The Court initially set a deadline to amend in this matter of July 9, 2018. (*See* CMO 5, Doc. 666, filed June 26, 2018.)  The Court subsequently extended the deadline to amend again in this matter to August 3, 2018. (*See* CMO 6, Doc. 770, filed July 23, 2018.)  As described above, plaintiff filed the FAC before the July 9, 2018, deadline.  Though the Court extended the deadline to amend yet again, to August 3, 2018, Plaintiff elected not to amend.

Rule 16(b) provides that a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  Plaintiff's Motion for Leave makes no showing of good cause for its late amendment.  Indeed, in Plaintiff's proposed Motion to Substitute, Plaintiff claims simply that the entities it proposes to substitute "were inadvertently omitted" from its original and subsequent complaints.  (Proposed Mot. at 2, Doc. 1006-1.)  Despite this, Plaintiff desires to obtain leave to file the functional equivalent of what could and should be a Second Amended Complaint, which contains zero substantive allegations against the proposed new parties, and in fact requires judicial discretion to "deem" those new defendants inserted into the pleading.  In any event, Plaintiff's inadvertent error is insufficient to demonstrate good cause for its untimely attempt to amend the FAC.  *See, e.g.*, *Eberhard v. Old Republic Natl. Title Ins. Co.*, No. 1:11 CV 834, 2013 WL 12293449, *4 (N.D. Ohio Sept. 2013) (holding that "inadvertent error" does not demonstrate good cause).

Further, the applicable case management orders, including CMOs 1, 5, and 6, were modified already or were entered specifically to accommodate Plaintiff's amendments to its complaints, but all those deadlines have passed. (*See* CMO 1, Doc. 232, filed April 11, 2018;

CMO 5, filed June 26, 2018, and CMO 6, filed July 23, 2018; *see also* Fed. R. Civ. P. 16(b).) Plaintiff has made no showing that Rule 21 is a proper vehicle to modify a case management order. *See Univ. Comm. Hosp., Inc., v. Prof'l Serv. Inds., Inc.*, 2017 WL 254089 (M.D. Fla.) (denying motion to add defendant under Rule 21 following three modifications of case management order); *Heilman v. J. Cook, et al.*, 2016 WL 11281160 (S.D. Cal.)(denying motion to add defendant under Rule 21 in absence of motion to modify court's scheduling order).

Rule 21 governs misjoinder and nonjoinder of parties and makes no mention of substitution of parties. Plaintiff should not be permitted to use Rule 21 incorrectly to "substitute" parties because it failed to follow the proper avenue of filing an amended complaint in accordance with the deadlines set forth in the Court's Case Management Orders. Courts have recognized the impropriety of relying upon Rule 21 to substitute parties in such a circumstance. *See, e.g.*, *Fox v. Bd. of Trustees of State Univ. of New York*, 148 F.R.D. 474, 484 (N.D.N.Y. 1993), aff'd, 42 F.3d 135 (2d Cir. 1994) (refusing to permit substitution of parties under Rule 21); *Sable Communications of California v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 n. 13 (9th Cir. 1989) ("Nothing on the face of Rule 21 allows substitution of parties. The rule by its terms creates means to cure '[m]isjoinder of parties.'")

In addition, Plaintiff should not be afforded relief under Rule 21 as API has not been "misjoined." Rule 21 states in pertinent part: "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." The fact is, plaintiff attempted to serve API in this case with a defective summons. (*See* API's Motion to Dismiss, Doc. 978, filed August 31, 2018, also explaining that jurisdiction is lacking over API.) Because Rule 21 applies to properly joined parties, and API has not been properly joined to this case, it is therefore not subject to a Rule 21 misjoinder cure.

Plaintiff's assertion that "[i]t is Plaintiff's intent that this motion be without prejudice to any defenses, counterclaims, cross-claims, arguments, or other legal positions available to the Amneal Operating Entities," ignores the fact that the initial question is whether what Plaintiff requests is proper under applicable rules and orders.  Moreover, it is not correct.  First, Plaintiff asks the Court to allow it to insert two entities (for one) into the case under the guise of substitution when it has not provided any facts indicating that either, let alone both, engaged in conduct that would meet pleading or personal jurisdiction tests.  As to the latter, Plaintiff does not explain how it is that the two entities it proposes to substitute can challenge personal jurisdiction, or make other challenges that might be unique to each entity, under the current schedule.  Those entities are prejudiced by Plaintiff's proposal.

Further, Plaintiff's proposal that API be dismissed only if the other two entities are substituted purports to deprive API of the right to secure dismissal based on lack of personal jurisdiction irrespective of the status of the other two separate entities.  Finally, it is simply premature to say there is no prejudice for other reasons. There may be statute of limitations and laches issues that may be implicated by Plaintiff's scheme.  In other words, while the full extent of the prejudice is not known at this time, we do know that the prejudice to API and the "substituted entities" is readily apparent.[2]

### III.    CONCLUSION

Therefore, for the foregoing reasons, Plaintiff should not be granted leave to file its Motion Substituting Amneal Defendants.

---

[2] Plaintiff also claims that Rule 21 has been used in related proceedings to "substitute operating entities for holding companies."  (Pl.'s Mot. at 3.)  A review of those docket entries, however, demonstrates that the plaintiffs in those cases did not move to substitute parties, but instead moved to dismiss one party and add new parties, which actually is not a substitution.

Dated: October 12, 2018    Respectfully submitted,

By: */s/ Paul J. Cosgrove*

Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
Email:  jpeck@ulmer.com

ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Paul J. Cosgrove*