# EXHIBIT 2

**MotleyRice** LLC

ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct:  202.849.4962
dackerman@motleyrice.com

October 10, 2018

*VIA ELECTRONIC MAIL*

Donna M. Welch
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois  60654
Donna.welch@kirkland.com

> Re:     *In Re National Prescription Opioid Litigation*, Case No. 17-md-2804
> Response to October 3, 2018 Letter

Dear Donna:

I write on behalf of all Bellwether Plaintiffs in response to your October 4, 2018 letter regarding medical and prescription claims data for county employees and their family members produced in this action.

*First*, your letter omits reference to the following claims data which has been produced in this case, specifically: AKRON_000909837 to AKRON_000909838; SUMMIT_001233906; SUMMIT_001474873 to SUMMIT_001474874; SUMMIT_001146952; CUYAH_001547632; CUYAH_002354909 to CUYAH_002362700[1]; CLEVE_ 000251601.[2]  It is unclear whether Defendants considered these additional documents when claiming that "Plaintiffs have not produced nearly all of their medical and pharmacy claims."  Please identify any information you believe is missing.

*Second*, as we have advised, Plaintiffs are not in possession of the medical records data and did not assign the anonymous identifiers to the patient-identifying information.  Special Master Cohen's July 3, 2018 Order authorized production of data using anonymous identifiers.  The third-party vendors were provided with the text of the Order and were requested to comply with the terms.  To the extent that Plaintiffs need to reproduce data, any such conversation will require coordination with those vendors.

*Third*, we dispute your claim that the claims records provided do not contain information sufficient "to link [the records] to information for the same patients in other data sources."  The Medical Mutual of Ohio reports for pharmacy and claims data use a consistent identifier, as do the OHWC reports.  However, the identifiers are not consistent between MMO and OHWC.  To the extent there are specific issues with the

---

[1] Please be advised that on October 10, 2018, Cuyahoga received CVS data which is in the process of being prepared for production. In addition, Cuyahoga has requested data from United Health Care which has not yet been received.

[2] To the extent that your letter references, CLEVE_00046167, it is assumed that you are referring to CLEVE_000466167.

Donna M. Welch
October 10, 2018
Re: Response to October 3, 2018 Letter
Page 2

data provided, the Plaintiffs can re-request the data from the third-party vendors.  Plaintiffs are willing to discuss with the Defendants any alternative methods to produce the data without de-identifying the patients.

Finally, to the extent that the Defendants are requesting that the Plaintiffs unmask the data and provide social security numbers for the patients for the purposes of cross-referencing the data sources, the Plaintiffs do not agree to unmask this extremely patient-sensitive information.

We look forward to discussing this matter during the meet and confer teleconference scheduled for October 11, 2018 at 5 pm EST.

Sincerely,

David I. Ackerman

cc:      Defendants' Counsel
         Plaintiffs' Counsel