IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Master Docket No.: 1:17-MD-02804-DAP |
| Case No. 1:18-op-45459-DAP | Hon. Judge Dan A. Polster |
| THE MUSCOGEE (CREEK) NATION, | |
| PLAINTIFF, | JURY TRIAL DEMANDED |
| v. | |
| PURDUE PHARMA L.P., *et al.*, | |
| DEFENDANTS. | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
MOTION SUBSTITUTING AMNEAL DEFENDANTS**

Plaintiff requests leave from the Court to file a routine motion pursuant to Federal Rule of Civil Procedure 21 that would (1) add Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (collectively, the "Amneal Operating Entities") as Defendants in this case in place of Amneal Pharmaceuticals, Inc. ("API" or the "Amneal Holding Company"), and (2) provided that the Amneal Operating Entities are added, dismiss the Amneal Holding Company without prejudice (the "Motion").  API has opposed this motion, arguing that leave should be denied because Rule 21 does not allow for the substitution of parties and, even if it did, there is no "good cause" to permit substitution at this stage and, even if there was, the Amneal Operating Entities would suffer prejudice.  These arguments are unavailing.

**I.      Rule 21 Permits Adding Amneal Operating Entities in Place of the Holding Company.**

First, Defendant's argument that Rule 21 does not allow for the addition of operating entities in connection with the dismissal of a holding company is perplexing in light of the fact that

this Court has already granted at least 10 nearly identical motions. *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), ECF Nos. 749, 751, 752, 753, 754, 755, 756, 757, 801-1, and 802.[1] Moreover, that the defendants in each of those motions consented to substitution under Rule 21 underscores the very uncontroversial nature of such a motion. *See id.* Indeed, other courts have routinely granted similar motions without opposition. *See, e.g., Arch v. Am. Tobacco Co., Inc.*, 984 F. Supp. 830, 842 (E.D. Pa. 1997) (after granting parent company's motion to dismiss for lack of personal jurisdiction, granting plaintiff's Rule 21 motion to add subsidiary company and noting no opposition).

Defendant's cases are inapposite, because they are adding completely different parties at vastly different stages of litigation. For instance, *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 148 F.R.D. 474, 484 (N.D.N.Y. 1993), *aff'd*, 42 F.3d 135 (2d Cir. 1994) refused to add a new university student plaintiff in place of the former plaintiff who lost standing after graduating because the Court had already entered an order declaring the matter moot; thus, adding a new plaintiff to revive the matter was inappropriate in that instance. In *Sable Commc'ns of Cal. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989), the court refused to add members of a utility commission as defendants in their individual capacities after judgment had already been entered against the utility commission, finding that prejudice would result. Here, the Nation seeks to add parties from the same corporate family at the pleading stage.

Further, although it is of little consequence to Plaintiff, Defendant's contention that API cannot be dismissed under Rule 21 because "Rule 21 applies to properly joined parties, and API has not been properly joined to this case," is illogical. API's Response to Pl.'s Mot. for Leave to

---

[1] Defendant points out in a footnote that these cases did not truly "substitute" any parties, but merely added operating entities while dismissing the holding companies. Plaintiff's Motion would do the same.

2

File Mot. for Substituting Amneal Defendants ("API's Response") at 4.  On its face, Rule 21 applies to parties that were "misjoined" and "nonjoined."  In fact, it is precisely because the Amneal Holding Company has been misjoined to this case, and that the Amneal Operating Entities were nonjoined, that Rule 21 applies.  *See Glendora v. Tele-Communications, Inc.*, No. 96 CIV. 4270, 1996 WL 721077, at *1 (S.D.N.Y. Dec. 13, 1996) ("To remedy the *improper joinder* of parties, '[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'").  And, Rule 21 gives the Court the power to "on just terms, add or drop a party."  Therefore, the Amneal Holding Company may be dropped and the Amneal Operating Entities may be added under Rule 21.

**II.     Plaintiff's Rule 21 Motion Is Proper Without Amending the Scheduling Order.**

Defendant also insists that Plaintiff's Motion must fail under Rule 16(b) because it violates the Court's scheduling order, which set a deadline for amending complaints.  *See* API's Response at 3–4.  Defendants are wrong – adding the Amneal Operating Entities as defendants in place of the Amneal Holding Company does not require changing or violate the Court's scheduling order in any way.  Indeed, it appears that not a single plaintiff in these MDL proceedings has even filed an amended complaint to effectuate adding an operating corporate subsidiary in place of a dropped non-operating holding company.  Moreover, the Court's scheduling order expressly preserved "Plaintiff's right to move to file further amended pleadings . . . if deemed appropriate."  Case Management Order 1 § 2.k, *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), ECF No. 232.  Notably, at least one of the previously successful Rule 21 motions in this MDL was filed outside the time to amend, which, as is the case here, was set for the purpose of teeing up

3

motions to dismiss and expressly preserved the right to make further amendments to pleadings.[2] These circumstances are therefore unlike those in *Univ. Cmty. Hosp., Inc. v. Prof'l Serv. Indus., Inc.*, No: 8:15-cv-628-T-27EAJ, 2017 WL 354089 (M.D. Fla. Jan. 23, 2017), where the movant essentially sought to pierce a corporate veil to add an involuntary plaintiff after the scheduling order had been extended "significantly" three times, and the movant failed to make the necessary showing that the new party was "required" under Rule 19, or in *Heilman v. Cook*, No.: 14cv1412-JLS, 2016 WL 11281160 (S.D. Cal. Oct. 31, 2016), where the plaintiff had already moved to dismiss a defendant at the outset of discovery, and then sought to add the same defendant to the litigation again at the end of discovery without showing any newly acquired information that the defendant was a proper party.  Therefore, it is simply not the case that, in these circumstances, Plaintiff must show "good cause" for modifying the scheduling order so that its Motion may be granted.

To the extent "good cause" is required, however, it plainly exists for at least two reasons. First, if the Court were to deny Plaintiff's Motion, the alternative would be for Plaintiff to file a separate lawsuit against the Amneal Operating Entities, resulting in "multiplicity of suits," which Rule 21 seeks to avoid.  *See Heilman*, 2016 WL 11281160, at *2 ("The test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits.").  Second, Plaintiff did not become aware that API was a non-operating entity, and that it

---

[2] The West Boca Medical Center, Inc. moved to dismiss Defendant Walgreens-Boots Alliance, Inc. and add Walgreen Co. as a Defendant on July 26, 2018, nearly two months after the expiration of the deadline to amend its complaint under Case Management Order 4.  *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), ECF Nos. 485, 763.  The Court granted the Motion on July 27, 2018 without amending the schedule previously set forth.  *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), ECF No. 801-1.

should name the Amneal Operating Entities in its place, until Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction on August 31, 2018 – weeks after the time to amend Plaintiff's complaint had passed.  At that point, Plaintiff promptly sought Defendant's consent for substitution, without which Plaintiff was ultimately forced to seek leave to file its Motion.  These circumstances are therefore also unlike the case *Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 1:11 CV 834, 2013 WL 12293449, at *4 (N.D. Ohio Sept. 13, 2013), where the plaintiff had failed to effectuate proper service for more than a year.  However, it is worth noting that the court in *Eberhard* still allowed the plaintiff to cure the service deficiency in order to promote judicial efficiency and fairness.  *See id.*

**III.     The Amneal Operating Entities Will Not Suffer Prejudice As a Result of Substitution.**

Defendant raises the specter of prejudice without explaining what prejudice would result, or how.  *See* API's Response at 5.  Defendant suggests, for instance, that the newly added Amneal Operating Entities might be unable to raise jurisdictional defenses because the time to file motions to dismiss has passed, and that the Amneal Operating Entities would perhaps raise other challenges not brought forth by other defendants in this action.  *Id.*  In so doing, Defendant ignores that the Court has preserved Defendants' rights to assert any defenses not raised in the initial motions to dismiss, including jurisdictional defenses.  Case Management Order 1 § 2.j, *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), ECF No. 232.  Moreover, the prospect that the Amneal Operating Entities would assert entirely new bases for dismissal seems unlikely given the thoroughly exhaustive briefing defendants—including the Amneal Holding Company— already produced in connection with the initial motions to dismiss; it is especially unlikely in light of Defendant's assertion that, if the Motion is granted, Plaintiff will have failed to state a claim against the Amneal Operating Entities for the same reasons that Plaintiff has allegedly failed to

5

state a claim against the Amneal Holding Company.  API Response at 2.  In any event, Defendant's mere suggestion that prejudice *could* result, without showing how prejudice is *likely* to result, is insufficient to defeat a Rule 21 motion.  *Compare Kimbro v. Miranda*, No. 2:12-cv-2154, 2015 WL 7353927, at *3 (E.D. Cal. Nov. 20, 2015) (declining to exercise discretion to sever claims under Rule 21 where "any risk of prejudice . . . is purely speculative") *with Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *3 (E.D. La. Jan. 17, 2007) (exercising discretion to sever claims under Rule 21 where "[a]ny practical benefits accrued through the conservation of judicial resources are likely to be outweighed").

## **CONCLUSION**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a Motion (1) adding Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC as Defendants in this case in place of Amneal Pharmaceuticals, Inc., and (2) dismissing Amneal Pharmaceuticals, Inc. without prejudice.

Date:  October 19, 2018

OF COUNSEL:
Gregory M. Utter
Joseph M. Callow, Jr.
Thomas F. Hankinson
Sarah V. Geiger
KEATING MUETHING &
KLEKAMP PLL
One East Fourth Street, Suite
1400 Cincinnati, OH 45202
gmutter@kmklaw.com
jcallow@kmklaw.com
thankinson@kmklaw.com
sgeiger@kmklaw.com

Richard W. Fields
FIELDS PLLC
1700 K Street, NW, Suite 810
Washington, DC 20006
fields@fieldslawpllc.com

Lloyd B. Miller
Donald J. Simon
Whitney A. Leonard
SONOSKY CHAMBERS SACHSE
ENDRESON & PERRY, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
lloyd@sonosky.net
dsimon@sonosky.net
whitney@sonosky.net

William S. Ohlemeyer
Patricia Melville
Tyler Ulrich
Stephen N. Zack
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
wohlemeyer@bsfllp.com
pmelville@bsfllp.com
tulrich@bsfllp.com
szack@bsfllp.com

*/s/ Kevin Dellinger*
Attorney General Kevin Dellinger, OBA #15612
MUSCOGEE (CREEK) NATION
P.O. Box 580 Okmulgee,
OK 74447
kdellinger@mcnag.com


*/s/ Jenna A. Hudson*
Scott D. Gilbert
Richard Shore
Peter Meringolo
Michael B. Rush
Jenna A. Hudson
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
gilberts@gotofirm.com
shorer@gotofirm.com
meringolop@gotofirm.com
rushm@gotofirm.com
hudsonj@gotofirm.com

*Attorneys for the Muscogee (Creek) Nation*

**CERTIFICATE OF SERVICE**

  I, Jenna A. Hudson, hereby certify that on October 19, 2018 the foregoing document was served via the Court's ECF system to all counsel of record.

                   /s/ *Jenna A. Hudson*
                   Jenna A. Hudson