# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 1:18-OP-45090 (N.D. Ohio)<br><br>*County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 1:17-OP-45004 (N.D. Ohio)<br><br>*City of Cleveland v. AmerisourceBergen Drug Corp., et al.,* Case No. 1:18-OP-45132 (N.D. Ohio) | MDL NO. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## BELLWETHER PLAINTIFFS' SUBMISSION
## IN RESPONSE TO DISCOVERY RULING NO. 5

Set out below, on behalf of Plaintiffs Cuyahoga and Summit Counties and the Cities of Akron and Cleveland ("Plaintiffs"), are the responses to Defendants' Interrogatories that were the subject of Discovery Ruling 5, as amended by this Court on October 17, 2018.

While maintaining their objections to the Ruling as set forth in Plaintiffs' briefing and oral argument, Plaintiffs respond below. In responding, Plaintiffs will not rely on their own claims data.

Plaintiffs' production of data in response to any of these Interrogatories is subject to prior rulings limiting the disclosure and use of claims and health related information. Each incident of addiction, overdose, and death represents a loss that is tragic and personal, that cannot be conveyed in a spreadsheet of any length, and that is entitled to privacy.

1

This response is provided only with respect to the jurisdictions set forth above, and is not binding on any other plaintiff in the MDL.

**Manufacturer Interrogatory No. 6**

Identify and describe 500 prescriptions of opioids that were written in [Plaintiff's jurisdiction] in reliance on any alleged misrepresentations, omissions, or other alleged wrongdoing by any Defendant.  Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the specific misrepresentation, omission, or wrongdoing that allegedly caused the prescription to be written; the Defendant and the specific sales representative(s), employee(s), or agent(s) of the Defendant that made or committed the alleged misrepresentation, omission, or wrongdoing; the person or persons to whom the alleged misrepresentation or omission was made or to whom the alleged wrongdoing was directed; and whether, by whom, and for how much the prescription was approved for reimbursement.  Your response must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

**Plaintiffs' Response:**

Plaintiffs contend that, for the time period relevant to each Defendant, <u>all</u> prescriptions for opioids in Cuyahoga and Summit Counties and the Cities of Akron and Cleveland were influenced by Defendants' deceptive marketing, in that, based on misrepresentations and omissions of material fact regarding their products and opioids more generally, prescribers initiated and/or maintained patients on opioids, often at increasingly and dangerously high doses, switched them to extended-release or purportedly abuse-deterrent formulations, added immediate-release and/or

rapid-onset opioids for "breakthrough" pain, and failed to monitor for or recognize signs of addiction or abuse.

However, Plaintiffs do not intend to assert, either in expert opinions or factual presentations at trial, that any specific prescription was unauthorized, medically unncessary, ineffective, or harmful, or that the filling of any specific prescription caused or led to harm for which Plaintiffs seek to recover.  Plaintiffs instead will rely, at trial and in expert opinions, solely on a theory of aggregate proof in asserting that Defendants' conduct violated the law, caused their damages and/or created a public nuisance, as more fully alleged in their Complaints and proved at trial.

**Manufacturer Interrogatory No. 7**

Identify 300 persons who allegedly became addicted to any substance or were allegedly harmed as a result of any prescription of an opioid(s) in [Plaintiff's jurisdiction].  Include in the identification of each such individual: (i) the particular type of alleged harm that the individual experience, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was written, and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.  Your response must include information for at least 10 persons who were prescribed an opioid sold by each manufacturing defendant.

**Plaintiffs' Response:**

Plaintiffs do not intend to assert, either in expert opinions or factual presentations at trial, that any specific prescription caused or led to harm for which Plaintiffs seek to recover.  Plaintiffs intend to rely, at trial and in expert opinions, on a theory of aggregate proof in asserting that

Defendants' conduct violated the law and caused their damages and/or created a public nuisance, as alleged more fully in their Complaints and proved at trial.

Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs, as opposed to individuals, and to address any contingencies that come to light during discovery, Plaintiffs will identify individuals sufficient to respond to the interrogatory as modified by Discovey Ruling 5, by November 2, 2018.

**Manufacturer Interrogatory No. 10**

Identify and describe 500 prescriptions of opioid(s) that Plaintiff contents were unauthorized, medically unnecessary, ineffective, or harmful.  Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective or harmful; and whether, by whom, and for how much the prescription was approved for reimbursement.  Your response must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

**Plaintiffs' Response:**

Plaintiffs do not intend to assert, either in expert opinions or factual presentations at trial, than any specific prescription was unauthorized, medically unncessary, ineffective, or harmful. Plaintiffs intend to rely, at trial and in expert opinions, on a theory of aggregate proof in asserting that Defendants' conduct violated the law caused their damages and/or created a public nuisance, as more fully alleged in their Complaints and proved at trial.

4

Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs, as opposed to individuals, and to address any contingencies that come to light during discovery, Plaintiffs will identify individuals sufficient to respond to the interrogatory as modified by Discovey Ruling 5, by November 2, 2018.

**Pharmacy Interrogatory No. 2**

Identify 500 prescriptions upon which you base, or which you contend supports, Your claims in this case.  For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

**Plaintiffs' Response:**

Plaintiffs do not base their claims on, or intend to support their claims with, any specific prescription or prescriptions.  Plaintiffs intend to rely, at trial and in expert opinions, on a theory of aggregate proof in asserting that Defendants' conduct violated the law and caused their damages and/or created a public nuisance, as more fully alleged in their Complaints and proved at trial.

Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs as opposed to individuals and to address any contingencies that come to light during discovery, Plaintiffs will identify individuals sufficient to respond to the interrogatory as modified by Discovey Ruling 5, by November 2, 2018.

**Pharmacy Interrogatory No. 3**

Identify 500 prescriptions the filling of which caused or led to harm for which you seek to recover in this case.  For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacists, and dispensing date, and explain it supports Your claims.  Your responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

**Plaintiffs' Response:**

Plaintiffs do not intend to assert, either in expert opinions or factual presentations at trial, that any specific prescription caused or led to harm for which Plaintiffs seek to recover.  Plaintiffs intend to rely, at trial and in expert opinions, on a theory of aggregate proof in asserting that Defendants' conduct violated the law and caused their damages and/or created a public nuisance, as more fully alleged in their Complaints and proved at trial.

Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs, as opposed to individuals, and to address any contingencies that come to light during discovery, Plaintiffs will identify individuals sufficient to respond to the interrogatory as modified by Discovey Ruling 5, by November 2, 2018.

                      Respectfully Submitted,

                      */s/ Linda Singer*
                      Linda Singer
                      Motley Rice LLC
                      401 9th Street, Suite 1001
                      Washington, DC 20016
                      202-386-9626
                      lsinger@motleyrice.com

                      *Attorney for Plaintiffs Summit County and City of Akron, Ohio*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/ Linda Singer
Linda Singer

*Attorney for Plaintiffs Summit County and the City of Akron, Ohio*