UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Palm Bay v. Purdue Pharma L.P., et al.*,<br>Case No. 6:18-cv-01554-RBD-DCI | MDL No.: 2804<br><br>Case No.: 1:18-op-46132<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S, EDGE PHARMACY, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... 3

INTRODUCTION, STATEMENT OF THE ISSUES, AND SUMMARY OF THE ARGUMENT ............................................................................................................................ 4

ARGUMENT ........................................................................................................................ 7

    I. Because Plaintiff Lacks Standing To Bring Forth Its Complaint Against Moving Defendant, The Court Must Dismiss Plaintiff's Complaint .................................................................. 7

    II. Plaintiff's Claims Fail Because Plaintiff Is Unable To Establish Proximate Cause ................. 7

    III. The Municipal Cost Recovery Rule Prohibits The Recovery Of Damages That Plaintiff Is Attempting To Recover In Its Complaint ................................................................. 8

    IV. Additionally, Or In The Alternative, Plaintiff's Individual Causes Of Action Fail As A Matter Of Law, And, Therefore, The Court Should Dismiss Plaintiff's Complaint ............................. 9

        A. Plaintiff's Negligence Claims Fail As A Matter of Law Because Moving Defendant Does Not Owe Plaintiff a Duty ((Count 3) Negligence Per Se; (Count 8) Negligent Marketing; and (Count 9) Negligence) .................................................................. 9

        B. Florida Law Does Not Recognize Plaintiff's Public Nuisance Claim (Count 2) ............ 10

        C. Plaintiff's Fraud-Based Claims Do Not Satisfy Rule 9(b) Of The Federal Rules Of Civil Procedure ((Count 1) Violation Of The Florida Deceptive and Unfair Trade Practices Act; (Count 5) Violation Of Medicaid/Social Welfare Law; (Count 6) Fraud; And (Count 7) Fraudulent Practices - Misleading Advertising) ............................................... 11

        D. The Florida Deceptive And Unfair Trade Practices Act Does Not Authorize Plaintiff's Claim For Violation Of The Florida Deceptive And Unfair Trade Practices Act (Count 1) .............................................................................................................. 12

        E. Florida Law Does Not Authorize Plaintiff's Seventh Cause Of Action ((Count 7) Fraudulent Practices - Misleading Advertising) .................................................. 12

        F. As a Matter of Law, Plaintiff's Unjust Enrichment Claim Fails (Count 4) .................. 14

        G. Plaintiff's Cause Of Action For Mandatory Injunction (Count 10) Is Not A Claim For Relief .................................................................................................................... 14

    V. In The Alternative, Plaintiff's Complaint Is Subject To A More Definite Statement .............. 15

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................. 6, 10, 11, 12, 13, 14, 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................... 6, 10, 11, 12, 13, 14, 15

*Silver v. Queen's Hosp.*, 53 F.R.D. 223 (D. Haw. 1971) ............................................... 15

*Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007) .. 13

*Westgate Resorts, Ltd., et al., Plaintiffs, v. U.S. Consumer Attorneys, P.A., Henry N. Portner & Robert A. Sussman, Defendants.*, 618CV359ORL31TBS, 2018 WL 4898947 (M.D. Fla. Oct. 9, 2018) .......................................................................................................... 12

**Statutes**

21 U.S.C. § 801 ............................................................................................................... 5

Fla. Stat. § 499.0121 ....................................................................................................... 5

Fla. Stat. § 817.41 ..................................................................................................... 12, 13

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 14, 15

Fed. R. Civ. P. 9 ........................................................................................................... 6, 11

Fed. R. Civ. P. 12 ........................................................................................................ 4, 15

**U.S. Constitution**

U.S. Const. art. III ......................................................................................................... 5, 7

For many of the same reasons that the *Summit County* Complaint fails under Ohio law[1] and the *Broward County* Complaint fails under Florida law,[2] Plaintiff's, City of Palm Bay ("Plaintiff"), Complaint also fails under Florida law. Defendant, Edge Pharmacy ("Moving Defendant"), therefore respectfully moves this Court for the entry of an Order dismissing Plaintiff's Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, requiring a More Definite Statement from Plaintiff, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, regarding the allegations set forth in Plaintiff's Complaint.

### INTRODUCTION, STATEMENT OF THE ISSUES, AND SUMMARY OF THE ARGUMENT

Plaintiff's Complaint rests on similar, if not the same, allegations as the *Summit County* Complaint and *Broward County* Complaint. Plaintiff's Complaint devotes over 100 pages exclusively to the so-called "Manufacturer Defendants" and "Wholesale Defendants," (*see* first paragraph of Compl. at page 2), but only mentions the Moving Defendant by name in eight (8) out of the 491 allegations in its Complaint. (*See* Compl. ¶¶ 103-10.) Obviously, this is no surprise given that Plaintiff's entire Complaint revolves on allegations ranging from: (1) the City of Palm Bay experiencing an unprecedented opioid addiction and overdose epidemic costing millions of dollars in increased law enforcement and public works expenditures,

---

[1] *See generally* Mem. of Law in Supp. of Mot. to Dismiss Compl. by Defs. Walmart Inc., CVS Health Corp., Rite Aid Corp., and Walgreens Boots Alliance, Inc. filed in *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090 (MDL Doc. No. 497-1) ("Moving Defs. Summit County Br.").
[2] *See generally* Mem. in Supp. of Mot. to Dismiss Compl. by Defs. CVS Health Corp., Walgreens Boots Alliance, Inc., and Walmart, Inc. filed in *Broward County, Florida v. Purdue Pharma L.P., et al.*, Case No. 18-op-45332 (MDL Doc. No. 582-1) ("Moving Defs. Broward County Br.").

increased expenditures for overtime, the hiring of additional City employees, mental health treatment and workers' compensation for its employees, increased emergency and treatment services, damage to emergency equipment and vehicles, and lost productivity, economic opportunity, and tax revenue; (2) promoting and marketing the use of opioids for indications not federally approved; (3) the circulation of false and misleading information concerning opioids' safety and efficacy; (4) downplaying or omitting the risk of addiction arising from opioid use; (5) Manufacturer Defendants and Wholesale Defendants omitting material facts of its failure to design and operate a system to disclose suspicious orders of controlled substances; and, *inter alia*, (6) subverting the public order, decency, and morals of, and causing inconvenience and damages to, the City of Palm Bay by (a) failing to design and operate a system that would disclose the existence of suspicious orders of controlled substances or (b) by failing to report suspicious orders of opioids as required by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* ("CSA" or "Controlled Substances Act") and by the State of Florida, § 499.0121(10) and (15)(b), Florida. Statutes. (*See* Compl. ¶¶ 423-424, 433-435, 439-441, 445-447, 453, 466-467, 473, 480, 488.)

Notwithstanding the foregoing, Plaintiff proclaims ten (10) causes of action against the Moving Defendant: (1) Violation of the Florida Deceptive and Unfair Trade Practices Act; (2) Public Nuisance; (3) Negligence Per Se; (4) Unjust Enrichment; (5) Violation of Medicaid/Social Welfare Law; (6) Fraud; (7) Fraudulent Practices - Misleading Advertising; (8) Negligent Marketing; (9) Negligence; and (10) Mandatory Injunction.

However, all of Plaintiff's causes of action fail because Plaintiff lacks standing to bring forth its Complaint against Moving Defendant under Article III of the United States Constitution.

Additionally, Plaintiff's claims fail because Plaintiff is <u>unable</u> to establish proximate cause. Moreover, the municipal cost recovery rule <u>prohibits</u> the recovery of damages that Plaintiff is attempting to recover in its Complaint. Further, as it pertains to Plaintiff's individual causes of action against Moving Defendant: (1) Plaintiff's negligence claims fail as a matter of law because Moving Defendant does not owe Plaintiff a duty; (2) Florida law does not recognize Plaintiff's public nuisance claim; (3) Plaintiff's fraud-based claims do not satisfy Rule 9(b) of the Federal Rules of Civil Procedure; (4) The Florida Deceptive and Unfair Trade Practices Act does not authorize Plaintiff's claim for violation of the Florida Deceptive and Unfair Trade Practices Act; (5) Florida law does not authorize Plaintiff's seventh cause of action (Fraudulent Practices - Misleading Advertising); (6) As a matter of law, Plaintiff's unjust enrichment claim fails; (7) Plaintiff's cause of action for mandatory injunction is not a claim for relief; and (8), in addition to the previously referenced, some, if not all, of Plaintiff's claims against Moving Defendant are subject to dismissal as insufficiently plead pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Therefore, based on the aforementioned and as set forth more fully below, the Court should dismiss, with prejudice, all of Plaintiff's claims against Moving Defendant.

**[SPACE INTENTIONALLY LEFT BLANK]**

## ARGUMENT

**I. BECAUSE PLAINTIFF *LACKS STANDING* TO BRING FORTH ITS COMPLAINT AGAINST MOVING DEFENDANT, THE COURT MUST DISMISS PLAINTIFF'S COMPLAINT.**

As more specifically explained in the Moving Defendants' *Summit County* brief, because Plaintiff merely asserts generalized grievances common to the general public and derivative injuries, Plaintiff undisputedly lacks standing to bring forth its Complaint against Moving Defendant under Article III of the United States Constitution. (*See* Moving Defs. Summit County Br. 4-7.)

**II. PLAINTIFF'S CLAIMS FAIL BECAUSE PLAINTIFF IS *UNABLE TO* ESTABLISH PROXIMATE CAUSE.**

As more specifically explained in the Moving Defendants' *Broward County* brief, because Plaintiff is unable to establish that Moving Defendant's alleged conduct is the proximate cause of its injuries, Plaintiff's claims fail. (*See* Moving Defs. Broward County Br. 3-5.)

First, pursuant to Florida's sole proximate cause doctrine, any injuries that Plaintiff may try to connect to the Moving Defendant's conduct undisputedly stems from the intentional misuse of diverted prescription opioids. Florida law deems that misuse—and not any preceding conduct of the Moving Defendant—to be the sole proximate cause of Plaintiff's injuries. (*See* Moving Defs. Broward County Br. 3-5.)

Second, pursuant to Florida's learned intermediary doctrine, a doctor's independent prescribing decision supersedes and breaks any causal link to Moving Defendant. (*See* Moving Defs. Broward County Br. 3-5.)

Last, as in *Summit County* and *Broward County*, Plaintiff's asserted causal chain between

Moving Defendant's alleged conduct and Plaintiff's injuries is too attenuated to withstand a finding of proximate cause. (*See* Moving Defs. Broward County Br. 3-5.) Moreover, as stated in the Moving Defendants' Broward County brief at 5, the intervening causes at issue here include the criminal misconduct from third-parties, which, as a matter of law, breaks the chain of causation.

### III. THE MUNICIPAL COST RECOVERY RULE *PROHIBITS* THE RECOVERY OF DAMAGES THAT PLAINTIFF IS ATTEMPTING TO RECOVER IN ITS COMPLAINT.

On the other hand, if the Court was to find that Plaintiff's causes of action were otherwise viable, the municipal cost recovery rule <u>forbids</u> Plaintiff from recovering the damages that it seeks in its Complaint (*see* Moving Defs. Broward County Br. 5), to wit:  millions of dollars in increased law enforcement and public works expenditures, increased expenditures for overtime, the hiring of additional City employees, mental health treatment and workers' compensation for its employees, increased emergency and treatment services, damage to emergency equipment and vehicles, lost productivity, economic opportunity, and tax revenue—among other things. (*See* Compl. ¶¶ 36, 198, 435, 441, 447.)

**[SPACE INTENTIONALLY LEFT BLANK]**

## IV. ADDITIONALLY, OR IN THE ALTERNATIVE, PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL AS A MATTER OF LAW, AND, THEREFORE, THE COURT SHOULD *DISMISS* PLAINTIFF'S COMPLAINT.

### A. Plaintiff's Negligence Claims Fail As A Matter of Law Because Moving Defendant *Does Not* Owe Plaintiff a Duty ((Count 3) Negligence Per Se; (Count 8) Negligent Marketing; and (Count 9) Negligence).

As more specifically explained in the Moving Defendants' *Broward County* brief, because Plaintiff alleges that Moving Defendant's actions occurred only after third parties (1) improperly marketed opioids by: (a) overstating the benefits of chronic opioid therapy, promising improvement in patients' function and quality of life, and failing to disclose the lack of evidence supporting long-term use; (b) trivializing or obscuring opioids' serious risks and adverse outcomes, including the risk of addiction, overdose, and death; (c) overstating opioids' superiority compared with other treatments, such as other non-opioid analgesics, physical therapy, and other alternatives; (d) mischaracterizing the difficulty of withdrawal from opioids and the prevalence of withdrawal symptoms; (e) marketing opioids for indications and benefits that were outside of the opioids' labels and not supported by substantial evidence and (2) illegally diverting prescription opioid medications for improper use thereby increasing further illegal activities, drug abuse, and, *inter alia*, addiction, Moving Defendant owed no duty to Plaintiff to protect it from the actions of such third parties. (*See generally* Moving Defs. Broward County Br. 6-9.) Without the imposition of a duty, any cause of action sounding in negligence fails, and, therefore, the Court must dismiss with prejudice: (Count 3) Negligence Per Se,[3] (Count 8) Negligent Marketing, and (Count 9) Negligence. (*See*

---

[3] On its face, Plaintiff's negligence per se claim only references the Manufacturer Defendants and Wholesale Defendants, therefore Plaintiff's generic and conclusory term that it is bringing a

CASE NO.: 1:18-op-46132
Page 10 of 20

*generally* Moving Defs. Broward County Br. 6-9.)

**B. Florida Law *Does Not* Recognize Plaintiff's Public Nuisance Claim (Count 2).**

As more specifically explained in the Moving Defendants' *Broward County* brief, and in addition to the previously mentioned issues dealing with standing, proximate cause, and damages, Plaintiff's cause of action sounding in public nuisance also fails on two (2) additional grounds: (1) Florida law does not recognize a cause of action sounding in public nuisance based on the sale of a lawful product and (2) liability will not be imposed for harms that are caused when the property causing a nuisance is outside the defendant's control. (*See* Moving Defs. Broward County Br. 9-10.) Therefore, the Court must dismiss with prejudice Plaintiff's public nuisance claim (Count 2).[4]

**[SPACE INTENTIONALLY LEFT BLANK]**

---

claim sounding in negligence per se "Against All Defendants" is clerical error. However, to the extent Plaintiff is bringing a claim sounding in negligence per se against Moving Defendant, then, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

[4] On its face, Plaintiff's public nuisance claim only references the Manufacturer Defendants and Wholesale Defendants, therefore Plaintiff's generic and conclusory term that it is bringing a claim sounding in public nuisance "Against All Defendants" is clerical error. However, to the extent Plaintiff is bringing a claim sounding in public nuisance against Moving Defendant, then, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

C. **Plaintiff's Fraud-Based Claims *Do Not* Satisfy Rule 9(b) of the Federal Rules of Civil Procedure ((Count 1) Violation of the Florida Deceptive and Unfair Trade Practices Act; (Count 5) Violation of Medicaid/Social Welfare Law; (Count 6) Fraud; and (Count 7) Fraudulent Practices - Misleading Advertising).**

In the case at bar, four (4) of the causes of action against the Moving Defendant—Violation of the Florida Deceptive and Unfair Trade Practices Act, Violation of Medicaid/Social Welfare Law, Fraud, and Fraudulent Practices - Misleading Advertising—sound in fraud and, therefore, are subject to the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. (*See generally* Moving Defs. Broward County Br. 10-12.) However, Plaintiff has not plead a single fraudulent act, statement, or omission by the Moving Defendant, nor has Plaintiff plead with particularity any fraudulent act, statement, or omission by the Moving Defendant as required by Rule 9(b) of the Federal Rules of Civil Procedure. Therefore, the Court must dismiss with prejudice: (Count 1) Violation of the Florida Deceptive and Unfair Trade Practices Act, (Count 5) Violation of Medicaid/Social Welfare Law, (Count 6) Fraud, and (Count 7) Fraudulent Practices - Misleading Advertising. (*See generally* Moving Defs. Broward County Br. 10-12.)[5]

**[SPACE INTENTIONALLY LEFT BLANK]**

---

[5] Plaintiff's claims for Violation of Medicaid/Social Welfare Law (Count 5) and Fraud (Count 6) are patently insufficient under *Iqbal* and *Twombly* because they are vague, conclusory, and generic boilerplate and simply offer context, not allegations of any conduct by the Moving Defendant. As such, in addition to the above-referenced, such claims must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

### D. The Florida Deceptive and Unfair Trade Practices Act *Does Not* Authorize Plaintiff's Claim for Violation of the Florida Deceptive and Unfair Trade Practices Act (Count 1).

As more specifically explained in the Moving Defendants' *Broward County* brief, Plaintiff's cause of action sounding in violation of the Florida Deceptive and Unfair Trade Practices Act also fails on several grounds—in addition to the Complaint's failure to establish causation or plead fraud with particularity. (*See* Moving Defs. Broward County Br. 12-15.) Therefore, the Court must dismiss with prejudice Plaintiff's cause of action sounding in violation of the Florida Deceptive and Unfair Trade Practices Act (Count 1).[6]

### E. Florida Law *Does Not* Authorize Plaintiff's Seventh Cause of Action ((Count 7) Fraudulent Practices - Misleading Advertising).

In the case at bar, Plaintiff's cause of action sounding in violation of Section 817.41, Florida Statutes, which is entitled "Misleading advertising prohibited," fails on several grounds—in addition to the Complaint's failure to establish causation or plead fraud with particularity. (*See generally* Moving Defs. Broward County Br. 12-15.) *See also WESTGATE RESORTS, LTD., et al., Plaintiffs, v. U.S. CONSUMER ATTORNEYS, P.A., HENRY N. PORTNER & ROBERT A. SUSSMAN, Defendants.*, 618CV359ORL31TBS, 2018 WL 4898947, at *7 (M.D. Fla. Oct. 9, 2018) ("If the party alleging misleading advertising is a ***consumer***, direct

---

[6] On its face, Plaintiff's cause of action sounding in violation of the Florida Deceptive and Unfair Trade Practices Act only references the Manufacturer Defendants and Wholesale Defendants, therefore Plaintiff's generic and conclusory term that it is bringing a claim sounding in violation of the Florida Deceptive and Unfair Trade Practices Act "Against All Defendants" is clerical error. However, to the extent Plaintiff is bringing a claim sounding in violation of the Florida Deceptive and Unfair Trade Practices Act against Moving Defendant, then, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

CASE NO.: 1:18-op-46132
Page 13 of 20

reliance is required for asserting a state . . . claim under § 817.41, but if 'the party alleging misleading advertising is a ***competitor*** of the defendant in selling the goods or services to which the misleading advertisement relates, an allegation of competition is permitted to "stand-in" for the element of direct reliance.'") (emphasis added) (quoting *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007)) ("A ***consumer party*** may state a claim for statutory misleading advertising under Florida law . . . .") (emphasis added).

Therefore, as more specifically explained in the Moving Defendants' *Broward County* brief at 12-15 regarding the Florida Deceptive and Unfair Trade Practices Act not authorizing Plaintiff's claim for violation of the Florida Deceptive and Unfair Trade Practices Act, then, by analogy, the same arguments apply to Plaintiff's cause of action sounding in violation of Section 817.41, Florida Statutes. (*See generally* Moving Defs. Broward County Br. 12-15.) Thus, the Court must dismiss with prejudice Plaintiff's cause of action sounding in violation of Section 817.41, Florida Statutes ((Count 7) Fraudulent Practices - Misleading Advertising).[7]

**[SPACE INTENTIONALLY LEFT BLANK]**

---

[7] Plaintiff's claim for violation of Section 817.41, Florida Statutes ((Count 7) Fraudulent Practices - Misleading Advertising) is patently insufficient under *Iqbal* and *Twombly* because it is vague, conclusory, and generic boilerplate and simply offers context, not allegations of any conduct by the Moving Defendant. As such, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

### F. As a Matter of Law, Plaintiff's Unjust Enrichment Claim Fails (Count 4).

As more specifically explained in the Moving Defendants' *Broward County* brief, because Plaintiff's 152-page Complaint fails to identify one instance in which Plaintiff purchased prescription opioids from Moving Defendant or otherwise conferred a benefit that Moving Defendant voluntarily accepted and retained, Plaintiff's cause of action sounding in unjust enrichment fails as a matter of law. (*See* Moving Defs. Broward County Br. 16.)[8]

### G. Plaintiff's Cause of Action for Mandatory Injunction (Count 10) Is *Not* a Claim for Relief.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim for relief if it contains:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).

In the case at bar, Plaintiff is attempting to establish that a mandatory injunction is a claim for relief. However, a mandatory injunction is not a claim for relief, but rather just relief.

---

[8] On its face, Plaintiff's cause of action sounding in unjust enrichment only references the Manufacturer Defendants and Wholesale Defendants, therefore Plaintiff's generic and conclusory term that it is bringing a claim sounding in unjust enrichment "Against All Defendants" is clerical error. However, to the extent Plaintiff is bringing a claim sounding in unjust enrichment against Moving Defendant, then, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

CASE NO.: 1:18-op-46132
Page 15 of 20

*See Silver v. Queen's Hosp.*, 53 F.R.D. 223, 225–26 (D. Haw. 1971) ("Every plaintiff filing a complaint in a Federal District Court ***must prepare*** his complaint in conformity with Fed.R.Civ.Rule 8(a). It is ***not the function*** of trial judges to redraft, edit or otherwise conform complaints to the requirements of the cited rule.") (emphasis added) (citation omitted).

Therefore, Plaintiff's cause of action for mandatory injunction (Count 10), which attempts to assert a distinct cause of action, must be dismissed with prejudice.[9]

## V. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT IS SUBJECT TO A MORE DEFINITE STATEMENT.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

In this case, not only is Plaintiff's Complaint subject to dismissal on the aforementioned grounds, but Plaintiff's Complaint is also subject to: a more definite statement. Plaintiff's causes of action against Moving Defendant, as specifically referenced above, are so vague, indefinite, and/or ambiguous that Moving Defendant is <u>unable</u> to frame a responsive pleading to Plaintiff's Complaint.

---

[9] On its face, Plaintiff's cause of action for mandatory injunction <u>only</u> references the Manufacturer Defendants and Wholesale Defendants, therefore Plaintiff's generic and conclusory term that it is bringing a claim for mandatory injunction "Against All Defendants" is clerical error. However, to the extent the Court finds that there is a cause of action for mandatory injunction against Moving Defendant, then, in addition to the above-referenced, such claim must be dismissed as insufficiently plead under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See also* Moving Defs. Summit County Br. 7-8.)

CASE NO.: 1:18-op-46132
Page 16 of 20

## CONCLUSION

Based on the aforementioned, Moving Defendant respectfully moves this Court for the entry of an Order: (1) dismissing, with prejudice, Plaintiff's Complaint against Moving Defendant or, in the alternative, (2) requiring a More Definite Statement from Plaintiff regarding the allegations set forth in Plaintiff's Complaint against Moving Defendant.

Dated this 26th day of October, 2018.

                                            Respectfully submitted,

By: /s/ John J. Goran
JOHN J. GORAN
Florida Bar No. 999970
BRIAN A. EVES
Florida Bar No. 43794
MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court,
Suite 300
Miami, Florida 33126
Phone: (305) 774-9966
Fax: (305) 774-7743
Emails: JGoran@DefenseCounsel.com
           Beves@defensecounsel.com
***Trial Counsel for Defendant, EDGE PHARMACY***

CASE NO.: 1:18-op-46132<br>Page 17 of 20

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of Defendant's, Edge Pharmacy, Motion to Dismiss Plaintiff's Complaint, Or, in the Alternative, for a More Definite Statement is within the page limitations permitted by CMO One in this matter.

By: /s/ John J. Goran
JOHN J. GORAN
Florida Bar No. 999970
*Trial Counsel for Defendant, EDGE PHARMACY*

CASE NO.: 1:18-op-46132
Page 18 of 20

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 26th day of October, 2018, by using the CM/ECF System, which will send a notice of electronic filing to all counsel, or parties, of record on the service list attached.

By: /s/ John J. Goran
JOHN J. GORAN
Florida Bar No. 999970

*Counsel for Plaintiff City of Palm Bay:*
Michael H. Kahn, Esq.
Michael Kahn, P.A.
482 N. Harbor City Blvd.
Melbourne, FL 32935

*Counsel for Plaintiff City of Palm Bay:*
John Romano, Esq.
Romano Law Group, P.A.
1005 Lake Avenue
Lake Worth, fl 33460
Ph:
Fax:

*Counsel for Defendant Purdue Pharma L.P.:*
Daniel J. Kissane, Esq.
COLE, SCOTT & KISSANE, P.A.
4686 Sunbeam Rd
Jacksonville, FL 32257
Ph:
Fax:

*Counsel for Defendant Purdue Pharma, LP:*
Rachel R. Chewning, Esq.
COLE, SCOTT & KISSANE, P.A.
4686 Sunbeam Road
Jacksonville, FL 32257
Ph:
Fax: (904) 672-4050

*Counsel for Defendant Purdue Pharma, LP:*
Daniel A. Shapiro, Esq.
COLE SCOTT & KISSANE, P.A.
4301 West Boy Scout Blvd., Ste 400
Tampa, FL 33607

*Counsel for Defendant Purdue Pharma, L.P.:*
Christopher J. Donegan
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Blvd.
Suite 400
Tampa, FL 33607
Fax: (813) 286-2900

*Counsel for Defendant Purdue Pharma, L.P.:*
Erik Snapp, Esq.
Dechert LLP
35 W. Wacker Drive, Ste. 3400
Chicago, IL 60601-1738
Ph:
Fax: (312) 646-5888

*Counsel for Defendant Endo International PLC and Endo Pharmaceuticals, Inc.:*
Amy E. Furness, Esq.
CARLTON FIELDS
Miami Tower
100 S.E. 2nd Street, Ste. 4200
Miami, FL 33131-2113
Ph:
Fax:

*Counsel for Defendant Mallinckrodt Pharmaceuticals:*
Robert R. Hearn, Esq.
Phelps Dunbar LLP
100 S Ashley Drive, Suite 1900
Tampa, Florida 33602
Ph:
Fax:

*Counsel for Defendant Mallinckrodt Pharmaceuticals:*
Sharon Carlstedt, Esq.
Phelps Dunbar LLP
100 S Ashley Drive, Suite 1900
Tampa, Florida 33602
Fax: (813) 472-7570

*Counsel for Defendant Mallinckrodt Pharmaceuticals:*
Brian T. O'Connor, Esq.
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

**_Counsel for Defendant Janssen Pharmaceuticals, Inc.:_**
Charles C. Lifland, Esq.
O'MELVENY & MYERS, LLP
400 S. Hope Street
Los Angeles, CA 90071
Ph:
Fax:

**_Counsel for Defendant Cephalon, Inc.:_**
Brian M. Ercole, Esq.
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131
Ph:
Fax: (305) 415-3001

**_Counsel for Defendant Cephalon, Inc.:_**
Harvey Bartle, IV, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
Ph:
Fax:

**_Counsel for Defendant Cephanlon, Inc.:_**
Steven A. Reed, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Ph:
Fax:

**_Counsel for Defendant Insys Therapeutics, Inc.:_**
William N. Shepherd, Esq.
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Ste. 1000
West Palm Beach, FL 33401
Fax: (561) 650-8399

**_Counsel for Defendant nsys Therapeutics, Inc.:_**
J. Matthew Donohue, Esq.
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Fax: (503) 243-2300

**_Counsel for Defendant nsys Therapeutics, Inc.:_**
Joseph L. Franco, Esq.
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Fax: (503) 243-2300

**_Counsel for Defendant McKesson Corporation :_**
Shannon McKenna, Esq.
Clarke Silverglate, P.A.
799 Brickell Plaza Ste 900
Miami, FL 33131-2805

**_Counsel for Defendant, Pro Se Ibem R. Borges, M.D.:_**
Debbie Satyal, Esq.
Adams and Reese, LLP
350 E. Las Olas Boulevard 1110
Ft. Lauderdale, FL 33301
Fax: (941) 316-7676

**_Counsel for Defendant, Pro Se:_**
Victor Thiagaraj Selvaraj, M.D.
28 Pinnacle Drive
Charleston, WV 25311