UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090<br>*City of Cleveland, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-451312<br>*County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## MANUFACTURER DEFENDANTS' MOTION TO COMPEL IMMEDIATE AND FULL COMPLIANCE WITH DISCOVERY RULING NO. 5

The Track 1 Plaintiffs' Response to this Court's Order on Discovery Ruling No. 5 (Dkt. 1058) is their latest attempt to have it both ways.  Specifically, Plaintiffs seek to evade a requirement that they provide admittedly relevant information while simultaneously trying to keep an escape hatch open in case they later want to rely on the information sought themselves.  In doing so, they have flouted the Court's unambiguous direction.  The Court allowed Track 1 Plaintiffs to "elect not to answer" three interrogatories (Nos. 6, 7, and 10) pursuant to Discovery Ruling No. 5 *only if* they "categorically and affirmatively" state that:

> (1) they will not assert, either in expert opinions or factual presentations at trial, that any specific prescriptions "were unauthorized, medically unnecessary, ineffective, or harmful" or that the "filling of any specific prescriptions caused or led to harm for which Plaintiffs seek to recover," and (2) Plaintiffs instead will rely, at trial and in expert opinions, solely on a theory of aggregate proof.

Dkt. 1047 at 1 (footnote and brackets omitted).  The Court left no ambiguity that Plaintiffs had only two choices: (1) make the categorical and affirmative statement quoted above in response to all three interrogatories **or** (2) fully comply with Discovery Ruling No. 5 and respond to each of them as set forth in Discovery Ruling 5.

Plaintiffs did neither.  Instead, in contravention of the Court's Order, Plaintiffs hedged their bets, splitting their responses to the set of interrogatories and responding in two different ways (neither of which complied).  With respect to Interrogatory No. 6, Plaintiffs rewrote the Court's categorical and affirmative language, equivocating with respect to their current "intention" regarding trial; with respect to Interrogatories Nos. 7 and 10, Plaintiffs both rewrote the Court's language and added language that makes it clear they still may attempt to use individual patient- and prescription-level information in connection with experts and at trial.

Plaintiffs' equivocal and evasive responses underscore that the information sought in these interrogatories is highly relevant—not only to the Manufacturer Defendants' defenses but also to Plaintiffs' claims.  Because Plaintiffs did not comply with the Court's Order, Manufacturer Defendants request an order compelling immediate and full compliance with Discovery Ruling No. 5.

\*          \*          \*

After months of delay, in which Plaintiffs simply refused to respond to Interrogatories Nos. 6, 7, and 10, the Special Master recognized that the information sought was relevant to the Manufacturer Defendants' defenses (as Plaintiffs conceded) and ordered that each Track 1 Plaintiff respond to the modified interrogatories by, *inter alia*:

- Identifying and describing 500 prescriptions of opioids that were written in the Plaintiff's jurisdiction in reliance on any alleged misrepresentations, omissions or other alleged wrongdoing by any Defendant (No. 6);

- Identify 300 persons who allegedly became addicted to any substance or was otherwise harmed as a result of any prescription of an opioid in the Plaintiff's jurisdiction (No. 7); and

- Identifying and describing 500 prescriptions of opioids that the Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful (No. 10).

Dkt. 1027. Given the broad scope of Plaintiffs' allegations and the harms for which they seek recovery, the modest effort Discovery Ruling No. 5 required of Plaintiffs was more than reasonable. Indeed, this information represents only a tiny fraction of the opioid prescriptions in the Track 1 jurisdictions that Plaintiffs allege were improper (*e.g.*, medically unnecessary), would not have been written but for Manufacturer Defendants' alleged misrepresentations, and resulted in harm.[1]

Rather than comply with their discovery obligations, Plaintiffs objected to the Special Master's Ruling, insisting that the aggregate proof they "intend" to use to prove their claims—the details of which they have never articulated—renders the information sought irrelevant to ***their claims***. *E.g.*, Dkt. 1031 at 14. Putting Plaintiffs' contentions to the test, the Court kept in place Discovery Ruling No. 5 but allowed Plaintiffs a very specific out: "Instead of answering the disputed interrogatories as required by the Discovery Ruling, Plaintiffs may instead elect not to answer them ***on the condition*** that Plaintiffs instead ***categorically and affirmatively*** respond to the disputed interrogatories by" making the statements set forth by the Court. Dkt. 1047 at 1 (second emphasis added). The Order concluded: "Given the short time remaining for fact discovery, Plaintiffs are directed to choose whether they will comply with Discovery Ruling #5 or make the aforementioned affirmative statements by **Monday, October 22, 2018**." *Id.* at 2. After receiving a two-day extension, Plaintiffs failed to comply with the Court's Order—they did not

---

[1] Defendants dispute that any medically unnecessary or medically inappropriate prescription were written as a result of wrongful conduct by a defendant that led to recoverable harm suffered by Plaintiffs. That is why Defendants have repeatedly sought (in a variety of ways) evidence Plaintiffs purport to have to the contrary. Defendants are entitled to any and all of the information Plaintiffs have regarding such medically unnecessary or inappropriate prescriptions, regardless of how Plaintiffs state they may attempt to prove their claims. For purposes of this motion, however, Defendants seek only compliance with Discovery Ruling 5, which ordered that a small subset of that information be provided.

did not choose Option 1 or Option 2 as directed but cobbled together their own third option, depriving Defendants of critical discovery once again.

**Response to Interrogatory No. 6:** After opening their response to Interrogatory No. 6 with a non-responsive narrative, Plaintiffs changed the Court's language: "Plaintiffs ***do not intend*** to assert, either in expert opinions or factual presentations at trial, that any specific prescription was unauthorized, medically unn[e]cessary, ineffective, or harmful, or that the filling of any specific prescription caused or led to harm for which Plaintiffs seek to recover." Dkt. 1058 at 3 (emphasis added). Plaintiffs' unilateral modification guts the Court's explicit condition—that Plaintiffs affirmatively state that they "***will not assert***" these things. Dkt. 1047 at 1.

Plaintiffs not only changed the Court's language, they added to it in a way that makes it unclear whether they will seek to use specific patient- and prescription-level information at trial. The Court's Order also required the Plaintiffs to state affirmatively that they "will rely, at trial and in expert opinions, solely on a theory of aggregate proof"—full stop. Dkt. 1047 at 2. In response to Interrogatory No. 6, however, Plaintiffs have added the qualifying phrase at the end of the sentence: "in asserting that Defendants' conduct violated the law, caused their damages and/or created a public nuisance, as more fully alleged in their Complaints and proved at trial." Dkt. 1058 at 3. Particularly in light of their amended responses to the other two interrogatories (described below), this qualifying phrase indicates that Plaintiffs may well attempt to use patient- and prescription-level information in some manner at trial that does not fall exclusively into the categories they have identified.

**Response to Interrogatories Nos. 7 and 10:** Plaintiffs again craft their own language in response to Interrogatory No. 7, stating "Plaintiffs ***do not intend*** to [as opposed to "will not"] assert, either in expert opinions or factual presentations at trial, that any specific prescription

4

caused or led to harm for which Plaintiffs seek to recover." Dkt. 1058 at 3 (emphasis added). Similarly, Plaintiffs open their new response to Interrogatory No. 10 by again stating "Plaintiffs ***do not intend*** to [as opposed to "will not"] assert, either in expert opinions or factual presentations at trial, than any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful." *Id.* at 4 (emphasis added). Not only have Plaintiffs changed the unequivocal "will not" to "do not intend" in response to these requests, neither response includes all of the language required by subpart (1) of the Court's order.[2]

Further, for each of these interrogatories, Plaintiffs fail to affirmatively state that they will "solely" rely on a theory of aggregate proof; they conspicuously leave that word out of their responses. Plaintiffs instead state:

> Notwithstanding this response, and solely for the purpose of preserving Plaintiffs' right to present additional evidence in expert opinions and at trial to address the harm alleged to Plaintiffs, as opposed to individuals, and to address any contingencies that come to light during discovery, *Plaintiffs will identify individuals sufficient to respond to the interrogatory as modified by Discove[r]y Ruling 5*, by November 2, 2018.

Dkt. 1058 at 3, 4 (emphasis added). The Court did not give Plaintiffs the choice to only "identify individuals sufficient to respond to the interrogatory." Nor can the identification of individuals alone sufficiently respond to these interrogatories. Interrogatory No. 7 requires each Track 1 Plaintiff to identify not only 300 individuals in the Plaintiff's jurisdiction harmed by an opioid prescription but also:

> (i) the particular type of alleged harm that the individual experienced, (ii) the particular opioid(s) that he or she took and/or was prescribed, (iii) when each prescription at issue was written, (iv) the condition for which each prescription was

---

[2] In response to Interrogatory No. 7, Plaintiffs fail to state that they will not assert that "any specific prescriptions were unauthorized, medically unnecessary, ineffective, or harmful." In the response to Interrogatory No. 10 they omit the representation that they will not assert that "any specific prescriptions caused or led to harm for which Plaintiffs seek to recover."

5

> written, and (v) the allegedly false, misleading, or deceptive statement or omission that purportedly caused the healthcare provider to write the prescription.

Dkt. 1027 at 3.  Interrogatory No. 10 asks for information about "unauthorized, medically unnecessary, ineffective, or harmful" *prescriptions*, not individuals, including (among other information) "the basis for [the Plaintiff's] assertion that the prescription was unauthorized, medically unnecessary, ineffective or harmful." *Id.* at 4.

Taken together, Plaintiffs' responses demonstrate that they are not "categorically" committing to anything.  They do not state, as they were ordered to, (1) that they "**will not assert**, either in expert opinions or factual presentations at trial, that any specific prescriptions 'were unauthorized, medically unnecessary, ineffective, or harmful' or that the 'filling of any specific prescriptions caused or led to harm for which Plaintiffs seek to recover,'"; **and** (2) that they will "rely, at trial and in expert opinions, *solely* on a theory of aggregate proof." Dkt. 1047 at 1-2 (emphasis added).  Instead, their responses are full of equivocations and purposeful additions or deletions of language.  This gamesmanship should not be tolerated, and Plaintiffs should be compelled to provide full and complete answers to <u>all</u> of the interrogatories as required by Discovery Ruling 5.

Put simply, there is no way to take the constituent parts—individual interactions, doctors, prescriptions, individuals, and harms—out of this case just because Plaintiffs claim they intend to proceed on an "aggregate" basis. *Cf. Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998) ("In sum, plaintiffs portrayed the class at trial as a large, unified group that suffered a uniform, collective injury. And [the defendant] was often forced to defend against a fictional composite without the benefit of deposing or cross-examining the disparate individuals behind the composite creation."); *see also Arcangelo, Inc. v. DirectBuy, Inc.*, 2015 WL 5148513, at *3 (N.D. Ind. Sept. 2, 2015) ("[A] party is entitled to seek discovery on its theory of the facts

6

and the law, and is not limited in discovery by the opponent's theory.") (quoting 8 Fed. Prac. & Proc. Civ. § 2011 (3d ed.)). Setting aside the legal infirmities with this approach, any aggregate proof upon which Plaintiffs intend to rely must necessarily be the sum of individual prescriptions that were improper. Defendants must be permitted discovery to challenge those constituent parts.

Plaintiffs' evasive language only reinforces the Manufacturer Defendants' concern that the modest numbers ordered in Discovery Ruling No. 5 will be insufficient to provide critical and admittedly relevant information that go to the essence of their defenses. For now, however, because Plaintiffs failed to meet the explicit condition this Court adopted if Plaintiffs wanted to avoid providing the information required by Discovery Ruling No. 5, Defendants seek an order compelling immediate and full compliance, particularly "[g]iven the short time remaining for fact discovery." Dkt. 1047 The Manufacturer Defendants respectfully request that the Court order each of the Track 1 Plaintiffs to respond fully and completely to the requests (as modified by Discovery Ruling No. 5) by November 2—a date Plaintiffs themselves committed to on October 11. Dkt. 1043-1.

Dated: October 29, 2018                    Respectfully submitted,

/s/ *Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

7

/s/ *Steven A. Reed* (consent)
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*


/s/ *Mark S. Cheffo* (consent)
Mark S. Cheffo
Sheila L. Birnbaum
Hayden A. Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com
Sheila.Birnbaum@dechert.com
Hayden.Coleman@dechert.com

*Attorneys for Defendants Purdue Pharma L.P.; Purdue Pharma Inc.; and The Purdue Frederick Company*

8

/s/ *Charles C. Lifland* (consent)
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ *Jonathan L. Stern* (consent)

Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Defendants Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; and Par Pharmaceuticals Companies, Inc.*

/s/ *Brien T. O'Connor* (consent)

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC*

/s/ *Eric. H. Zagrans* (consent)
Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
Tel: (216) 771-1000
eric@zagrans.com

J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
matt.donohue@hklaw.com
joe.franco@hklaw.com

Nicholas A. Sarokhanian
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Tel: 214.964.9500
nicholas.sarokhanian@hklaw.com

*Attorneys for Insys Therapeutics, Inc.*

## LOCAL RULE 7.1(f) CERTIFICATION

I certify that this case has been designated a "complex case" under CMO One §2(h) [Dkt. 232], and that this memorandum adheres to the page limitations for complex cases set forth in Local Rule 7.1(f).

Dated: October 29, 2018

/s/ *Donna M. Welch*

Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

**Certificate of Service**

I hereby certify that on October 29, 2018, a copy of the foregoing Manufacturer Defendants' Motion To Compel Immediate And Full Compliance With Discovery Ruling No. 5 was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com