**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MANUFACTURER DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH DISCOVERY RULING NO. 5**

Without bothering to meet and confer, or in any way seek to raise or resolve their concerns short of motion practice, the Manufacturer Defendants ("Manufacturers") have filed a premature motion to compel based on a misreading and misunderstanding of the Bellwether Plaintiffs' Submission in Response to Discovery Ruling No. 5 ("Submission").[1] As described below, Plaintiffs are in full compliance with Discovery Ruling No. 5 (the "Ruling") as modified by this Court. For two of the three Manufacturer interrogatories, Plaintiffs have chosen to respond in full. For these interrogatories, the Manufacturers' motion is based on misreading Plaintiffs' Submission and on unwarranted assumptions about the scope of the answers that will be provided on November 2. For the third interrogatory, Plaintiffs' response fully complies with the order of this Court; Manufacturers' arguments to the contrary are based on misunderstandings that could easily have been cleared up, but that Plaintiffs clarify in this response. No further order is warranted or appropriate.

On October 6, 2018, Special Master Cohen issued the Ruling, ordering Plaintiffs to answer five interrogatories posed by the Manufacturer and Pharmacy Defendants, as modified by the Ruling, over Plaintiffs' objections that such interrogatories were superfluous and unnecessary based upon the fact that Plaintiffs intended to pursue their proof on an aggregate basis. (The three Manufacturer

---

[1] Manufacturer Defendants have, on other occasions, objected vociferously when Plaintiffs have raised issues with the Special Masters that Defendants did not believe had been sufficiently aired among the parties in advance. In this instance, Plaintiffs had no warning at all that the Manufacturers thought the Submission was defective in any way.

1

Interrogatories at issue here are numbered 6, 7, 10; the other two interrogatories, propounded by the Pharmacies, are not at issue.) Following Plaintiffs' objection to the Ruling, on October 16, 2018, this Court upheld the Special Master's Ruling, but provided Plaintiffs with an alternative: instead of answering any of the interrogatories at issue, Plaintiff could affirmatively state that they would rely only on aggregate proof and would not make the assertions about individual prescriptions or individuals called for in the interrogatories. Nothing in either the Ruling or this Court's Order precluded the Plaintiffs, at their option, from answering the interrogatories as rewritten without limitation on the proofs they will be entitled to present.

On October 24, 2018, Plaintiffs filed their Submission. Manufacturers argue in their motion that Plaintiffs are trying to "have it both ways" and are seeking to avoid making the election the Court required. Nothing could be further from the truth. In fact, what the Submission shows is that Plaintiffs chose among the alternatives offered by the Court, but made different choices with respect to different interrogatories. If this looked like having it both ways to the Manufacturers, it is only because they failed to read carefully what Plaintiffs submitted and failed to raise any questions they had with the Plaintiffs before filing their motion.

In the Submission, Plaintiffs elected the Court's alternative only with respect to Interrogatory No. 6. With respect to Interrogatories 7 and 10, Plaintiffs stated their intention to provide full responses as required by the Ruling. Plaintiffs added additional language explaining their decision as to these interrogatories, but because Plaintiffs have elected to answer them, and to do so by November 2, 2018, any motion to compel with respect to these interrogatories is both premature and improper.

Manufacturers speculate that the answers to be provided on November 2 will be incomplete, but they cannot seek an order commanding more complete answers until they have seen the answers, and should not waste this Court's time with unfounded, anticipatory objections. In particular, Manufacturers object to Plaintiffs' statement that they will identify individuals "*sufficient to respond to the interrogatory* as modified by Discovery Ruling 5," arguing incoherently that is not sufficient to provide information sufficient to respond to the interrogatory. Manufacturers assume that such identifications will not be accompanied by the remainder of the information requested, but nothing in Plaintiffs'

2

Submission supports that conclusion.  Had Manufacturers raised their concerns with the Plaintiffs before filing a motion, Plaintiffs could have assured them that the November 2 answers will contain more than bare identifications and that Plaintiffs are well aware of the various types of information the interrogatories call for. The language in the Submission does not reasonably suggest otherwise.

Manufacturers also object to Plaintiffs' explanation of their choice to answer the questions, but that objection, too, should be rejected. Nothing in the Ruling or in the order of this Court placed any limit whatsoever on the forms of proof Plaintiffs would be permitted to offer at trial *if they elected to answer the interrogatory*.  Only if they declined to answer an interrogatory would Plaintiffs be limited in the proof they could offer.  Having chosen to *answer* the interrogatories in full, it was entirely proper for Plaintiffs to explain, in any language they choose, that they *nonetheless* still intend to use aggregate proof.[2]  But because the Court's alternative could limit the Plaintiffs in unanticipated ways, Plaintiffs chose to answer the interrogatories in full. Given that they will receive the information they asked for, Manufacturers have no basis to object to Plaintiffs' statement about how they intend to prove their case at trial.  The motion to compel should be denied in its entirety with respect to Interrogatories 7 and 10.

Manufacturers also object to the Submission with respect to the one interrogatory (number 6) Plaintiffs do not intend to answer and for which they elected the Court's alternative course.[3] Manufacturers raise two objections to Plaintiffs' wording with respect to this interrogatory, both of which could have been cleared up had the Manufacturers raised them with the Plaintiffs before filing their motion. First, Manufacturers object that Plaintiffs used the phrase "do not intend to" instead of "will not."  Plaintiffs did not intend that change in wording to have substantive import.  To remove

---

[2] For this reason, Manufacturers' argument that Plaintiffs have failed to state that they will rely "solely" on aggregate proof with respect to the issues raised in interrogatories 7 and 10 misses the mark. Because Plaintiffs have elected to answer these interrogatories, they are not limited to only aggregate proof.

[3] Interrogatory 6 calls for identification of prescriptions that were written "in reliance on any alleged misrepresentations, omissions, or other alleged wrongdoing by any Defendant."

3

all doubt, and because Manufacturers attach such great significance to the issue, Plaintiffs have amended the Submission to use the phrase "will not" instead of "do not intend to" in their statement about interrogatory 6; the amended Submission is provided hereto as Exhibit A. This revision would have been promptly provided had the Manufacturers simply asked for it.

Second, Manufacturers object that Plaintiffs have added the italicized phrase to the second sentence required by the Court: "Plaintiffs instead will rely, at trial and in expert opinions, solely[4] on a theory of aggregate proof *in asserting that Defendants' conduct violated the law, caused their damages and/or created a public nuisance, a more fully alleged in their Complaints and proved at trial*." The added language simply clarifies what Plaintiffs believe was inherent in the Court's order, which is that Plaintiffs may not use individualized proof *to prove their claims*. To the extent *Manufacturers* offer proof of individual prescriptions they say contradict Plaintiffs' aggregate theories with respect to reliance, however, Plaintiffs should not be precluded from offering specific evidence pertaining to those same prescriptions in order to rebut Manufacturers' evidence. Plaintiffs do not believe that the Court intended to preclude Plaintiffs from contesting individualized facts offered by Manufacturers in rebuttal. Plaintiffs further do not believe that they have changed the meaning of the statement regarding aggregate proof, nor that they have failed to commit sufficiently to the use of aggregate proof. For this reason, the motion to compel with respect to Interrogatory 6 should also be denied in its entirety.

## CONCLUSION

For the foregoing reasons, this Court should deny the Manufacturers' motion to compel in its entirety.

Respectfully submitted,

/s/ Linda Singer
Linda Singer
MOTLEY RICE LLC

---

[4] As noted above, Plaintiffs have included the word "solely" in this response.

4

401 9th Street NW, Suite 1001
Washington, DC 20004
202-386-9626
lsinger@motleyrice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of November, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/ Linda Singer
Linda Singer
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
202-386-9626
lsinger@motleyrice.com