# EXHIBIT 2

**MotleyRice** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
 I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Jodi Westbrook Flowers**
*Licensed in SC*
direct: 843.216.9163
jflowers@motleyrice.com

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

July 16, 2018

**VIA ELECTRONIC MAIL**

Mark S. Cheffo, Esq.
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
mark.cheffo@dechert.com

Carole Rendon, Esq.
BAKER HOSTETLER
Key Tower, 127 Public Square
Cleveland, OH 44114
crendon@bakerlaw.com

Geoffrey E. Hobart, Esq.
COVINGTON & BURLING
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
ghobart@cov.com

Shannon McClure, Esq.
REEDSMITH
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Enu Mainigi, Esq.
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
emainigi@wc.com

Kaspar Stoffelmayr, Esq.
BARTLIT BECK
54 West Hubbard Street, Suite 300
Chicago, IL 60654
kaspar.stoffelmayr@bartlit-beck.com

Tyler Tarney, Esq.
GORDON & REES
41 South High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

    RE:    *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
              *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 1-18-op-45090
              CMO No. 1 ¶ 9(I)(iii)

Counsel:

We are writing on behalf of the County of Summit and the City of Akron, Ohio pursuant to CMO No. 1 ¶ 9(l)(iii). CMO No. 1 ¶ 9(l)(iii) provides,

> **No later than, Monday, July 16, 2018**, each Plaintiff in cases in Track One that alleges money damages based upon unnecessary prescriptions shall identify: (a) the



July 16, 2018
Re:  CMO No. 1 ¶ 9(I)(iii)
Page 2

>prescriptions that each Plaintiff asserts were medically unnecessary or medically inappropriate, to whom they were written, and whether Plaintiff reimbursed for them; (b) the physicians or healthcare providers who wrote the prescriptions; and (c) Plaintiff's basis for identifying the prescriptions that it asserts are medically unnecessary or medically inappropriate.
>
>*Id.* (emphasis in the original).

The County of Summit and the City of Akron, Ohio are not seeking reimbursement for opioid prescriptions paid based on the allegation that they were medically unnecessary or medically inappropriate as cited in its Corrected Second Amended Complaint and Jury Demand, at Fn. 224., "Plaintiffs in this action do not assert any claim for spending on prescription opioids by their health plans, workers compensation, or other programs."

Therefore, CMO No. 1 ¶ 9(l)(iii) does not apply to the County of Summit and the City of Akron, Ohio.

Sincerely,

/s/ *Jodi Westbrook Flowers*

Jodi Westbrook Flowers