# EXHIBIT 5

# Morgan Lewis

**Steven A. Reed**
Partner
+1.215.963.5603
steven.reed@morganlewis.com

July 27, 2018

Jodi Westbrook Flowers
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
jflowers@motleyrice.com

Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio
Napoli Shkolnik PLLC
360 Lexington Avenue
11th Floor
New York, NY 10017
hunter@napolilaw.com

David J. Butler
Taft Stettinius & Hollister LLP
65 East State Street
Suite 1000
Columbus, OH 43215
dbutler@taftlaw.com

Re:    *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
       *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 17-md-2804
       CMO No. 1 ¶ 9(l)(iii)
       *City of Cleveland v. Purdue Pharma L.P., et al.*; Case No. 1:18-op-45132
       CMO No. 1 ¶ 9(l)(iii)
       *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 1-18-op-45090
       CMO No. 1 ¶ 9(I)(iii)

Dear Counsel:

I write on behalf of the Manufacturer Defendants in response to your separate, but substantially-identical, July 16, 2018 letters with respect to the requirements of CMO-1, Section 9(l)(iii).

The relevant language of CMO-1, Section 9(I)(iii), provides:

> **No later than, Monday, July 16, 2018,** each Plaintiff in cases in Track
> One that alleges money damages based upon unnecessary prescriptions
> shall identify: (a) the prescriptions that each Plaintiff asserts were medically
> unnecessary or medically inappropriate, to whom they were written, and
> whether Plaintiff reimbursed for them; (b) the physicians or healthcare
> providers who wrote the prescriptions; and (c) Plaintiff's basis for identifying
> the prescriptions that it asserts are medically unnecessary or medically
> inappropriate.

**Morgan, Lewis & Bockius LLP**

1701 Market St.
Philadelphia, PA  19103-2921        ☎ +1.215.963.5000
United States                        🖷 +1.215.963.5001

Jodi Westbrook Flowers
Hunter J. Shkolnik
David J. Butler
July 27, 2018
Page 2

The July 16 deadline has come and gone, and none of your clients has provided the required information.  Your letters assert that this requirement in the Court's Order "does not apply" because your clients are not seeking reimbursement for opioid prescriptions based on the allegation that they were medically unnecessary or medically inappropriate.  Manufacturer Defendants disagree. The requirement in CMO-1 is not limited to claims for reimbursement.  Indeed, one of the questions the Order required to be answered for each allegedly unnecessary prescription was **whether** your client had reimbursed for it, which plainly contemplates that there would be some allegedly inappropriate prescription for which your client did not reimburse but nevertheless sought money damages.  There is no ambiguity; the Order expressly applies to "**each Plaintiff in Track One that alleges money damages based upon unnecessary prescriptions.**"

There can be no cognizable damage claim under any of your legal theories based upon medically **necessary** or medically **appropriate** prescriptions of the Manufacturer Defendants' opioid products, each of which was approved by the FDA to be dispensed when lawfully prescribed.  Thus, the clear implication of your clients' failure to identify any medically unnecessary or medically inappropriate prescriptions by the Court's deadline is that all claims for damages have been waived.  Any argument to the contrary would be foreclosed by your clients' failure to comply with the express requirements of CMO-1, Section 9(l)(iii).

To be clear, it is the Manufacturer Defendants' position that Plaintiffs also cannot pursue claims for injunctive or any other relief without providing the categories of information listed in Section 9(l)(iii) of CMO-1.  Further, such information is relevant to the Manufacturer Defendants' defenses.  Yet, you have consistently refused to provide it in response to our discovery requests.  We reserve all rights with respect to your clients' election under Section 9(l)(iii) of CMO-1 and their continued failure to comply with their discovery obligations.

Regards,

_/s/ Steven A. Reed_

Steven A. Reed


cc: All Liaison Counsel