# EXHIBIT 6



July 31, 2018

**VIA EMAIL**

Steven A. Reed
Morgan Lewis
1701 Market St.
Philadelphia, PA 19103-2921

Re:  *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 17-md-2804
CMO No. 1 ¶ 9(l)(iii)
*City of Cleveland v. Purdue Pharma L.P., et al.*; Case No. 1:18-op-45132
CMO No. 1 ¶ 9(l)(iii)
*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 1-18-op-45090
CMO No. 1 ¶ 9(l)(iii)

Dear Mr. Reed:

We write on behalf of Track One Plaintiffs in response to your letter of July 27, 2018 to Jodi Flowers, Hunter Shkolnik, *et al.*, and David Butler concerning the requirements of Section 9(l)(iii) of CMO 1. As should be clear from the prior correspondence you have received from counsel in all three Track One cases, Plaintiffs completely disagree with your construction of this provision of CMO 1, which is self-evidently inconsistent with the Court's language and intent.

As you correctly note, Section 9(l)(iii) provides:

> No later than, Monday, July 16, 2018**,** each Plaintiff in cases in Track One that alleges *money damages based upon unnecessary prescriptions* shall identify: (a) the prescriptions that each Plaintiff asserts were *medically unnecessary or medically inappropriate*, to whom they were written, and whether Plaintiff reimbursed for them; (b) the physicians or healthcare providers who wrote the prescriptions; and (c) Plaintiff's basis for identifying the prescriptions that it asserts are medically unnecessary or medically inappropriate.

(Emphasis added.)

As should be evident from the foregoing language, this provision concerns only claims for money damages incurred in the payment of the *cost of opioid prescriptions* Plaintiffs believe to have been medically unnecessary or inappropriate. Plaintiffs in the Track One cases fully satisfied their obligations under Section 9(l)(iii) in their July 16, 2018 letters informing you that Plaintiffs were not seeking such reimbursements. Although Plaintiffs do seek relief, including the payment of money, arising from the improper marketing of opioids, the money Plaintiffs seek does not pertain to reimbursement of the cost of unnecessary or inappropriate prescriptions, but rather to the host of harms inflicted on Plaintiffs and their communities by the Defendants' fraudulent marketing of their dangerous opioid products. These injuries are suffered equally by governmental entities that have



never paid for a prescription of any kind and plainly fall outside the requirements of the Section 9(1)(iii).

Your contrary argument that "[t]he requirement in CMO-1 is not limited to claims for reimbursement" ignores not only the plain language of the CMO (in particular the phrases "money damages based upon unnecessary prescriptions" and "prescriptions that . . . were medically unnecessary or medically inappropriate") but also the substantive discussions with the Special Masters that preceded the Court's issuance of CMO 1. These discussions occurred against the backdrop of arguments made in a number of opioid cases filed prior to the start of this MDL. In those cases, governmental plaintiffs had sought damages for reimbursement of unnecessary prescriptions and defendants had contended that they could not properly litigate such reimbursement claims without discovery identifying the precise prescriptions the governmental plaintiffs claimed were unnecessary or inappropriate. The Manufacturer Defendants made the same argument to the Special Masters here in connection with the drafting of CMO 1; Judge Polster apparently accepted that argument and ordered plaintiffs in the Track One cases to produce responsive information, *if* they sought reimbursement for such payments. Given that Plaintiffs do *not* seek such reimbursement, the discovery that would have been required under Section 9(1)(iii) is not called for.

To the extent that you continue to insist on your unjustified reading of CMO 1, we invite you to raise the issue through the normal process by way of a motion to compel.

    Sincerely,
    */s/ Hunter J. Shkolnik*
    Hunter J. Shkolnik
    Salvatore C. Badala
    Joseph L. Ciaccio

cc:    Liaison counsel for Defendants