UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 1:18-cv-45090 | MDL No. 1:17-cv-02804<br><br>Case No. 1:18-op-45090<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge David A. Ruiz |

### PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE DAVID A. RUIZ

Plaintiffs County of Summit, Ohio and City of Akron, Ohio object to two specific recommended rulings in Magistrate Judge Ruiz's October 5, 2018 Report and Recommendation ("R&R") on Defendants' Motions to Dismiss the Second Amended Complaint.[1] Specifically, Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' absolute public nuisance claim in Count 6 be dismissed. In addition, the City of Akron objects to the recommendation that the statutory public nuisance claim in Count 5 be dismissed as to the City "to the extent it is based on violations of Ohio or federal drug laws, or the rules of the board of pharmacy." R&R, p. 103.

### I. PLAINTIFFS' EQUITABLE ABSOLUTE PUBLIC NUISANCE CLAIM (COUNT 6) SHOULD NOT BE DISMISSED.

The R&R incorrectly concludes that the Ohio Legislature's 2007 amendment to the Ohio Product Liability Act[2] abrogated this Court's equitable jurisdiction to abate a public nuisance.

---

[1] By order dated October 10, 2018, this Court extended the deadline for objecting to the R&R to November 2, 2018. *See* Order Regarding Objections to R&R, Doc. #1032.

[2] That amendment added the following sentence to the definition of a "product liability claim" under OPLA: "'Product liability claim' also includes any public nuisance claim or cause of

OPLA does not bar the Plaintiffs' absolute public nuisance claim because: (1) the Plaintiffs have not brought a "public nuisance claim . . . at common law;" and (2) the Plaintiffs do not seek "to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question." R.C. § 2307.71(A)(13). The Magistrate Judge's contrary conclusion is inconsistent with the Ohio legislature's express statement that the 2007 Amendments were "not intended to be substantive but are intended to clarify the General Assembly's original intent in enacting [OPLA]." 2006 Ohio Laws 2291. It is also contrary to the state court ruling in an analogous opioids suit brought by the Ohio Attorney General. *See State of Ohio ex rel. Mike DeWine, Ohio Attorney General v. Purdue Pharma L.P., et al.,* Case No. 17 CI 261, slip op. at 8 (Ohio C.P. Aug. 22, 2018) (holding that "plaintiff's common law nuisance claim . . . [is] not abrogated under the OPLA").

### A. Because the Plaintiffs' Absolute Public Nuisance Claims Are Equitable in Nature, They Are Not Abrogated by OPLA.

The express language of OPLA limits the application of the public nuisance amendment to common law public nuisance claims: "'Product liability claim' also includes any public nuisance claim or cause of action ***at common law*** . . . ." R.C. § 2307.71(A)(13) (emphasis added).

OPLA does not apply here because the Plaintiffs' absolute public nuisance claim for abatement is not a *common law* claim. Instead, Count 6 seeks an abatement remedy that arises solely out of this Court's equitable jurisdiction. *See State ex rel. Miller v. Anthony*, 72 Ohio St. 3d 132, 136 (1995) ("an abatement order was 'unknown to an action at common law'" and is "'not a

---

action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." R.C. §2307.71(A)(13).

2

common law action, but a summary proceeding more in the nature of a suit in equity.'").[3] Case law from this Circuit is clear that equitable actions are not common law claims. *See Veda, Inc. v. U.S. Dep't of the Air Force*, 111 F.3d 37, 40 (6th Cir. 1997) (Courts have "long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief-which may include an order . . . 'the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions.'"). Thus, OPLA on its face does not apply to this case.

The R&R's reliance on *Hodges v. Ettinger*, 189 N.E. 113, 115 (Ohio 1934) for the proposition that "the distinction between legal and equitable claims [has been] abolished" does not compel a different result. The abolition of this distinction applies only "to the form of the action and the pleadings. . . . [I]nherent distinctions between equitable and legal rights existing in the same subject to which they relate are not affected." 1 Ohio Jur. 3d Actions § 8 (2018). "Every cause of action must invoke either the law or equity powers of the court as completely as in separate proceedings for that purpose under the old practice." *Id.*

Because the Plaintiffs' claim for equitable abatement of an absolute public nuisance is not a common law claim under Ohio law, the provisions of OPLA do not abrogate the claim.[4]

---

[3] In their opposition to the Motions to Dismiss, Plaintiffs expressly disclaimed any claim for compensatory damages under their absolute public nuisance cause of action: "Summit County and Akron herein assert only an equitable public nuisance claim brought in their representative capacity to abate a public health crisis." Doc. #654 at 8, n.6.

[4] The remaining cases cited in the R&R for the proposition that public nuisance claims are common law claims are not applicable to the Plaintiffs' equitable claim. Those are all cases seeking compensatory damages for public nuisances and therefore are properly categorized as common law public nuisance claims. *See Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, 863 F.3d 474, 477 (6th Cir. 2017) (ruling on "a damages claim for common law public nuisance. . . "); *Cleveland v. JP Morgan Chase Bank, N.A.*, 2013 WL 1183332, at *3 (Ohio Ct. App. Mar. 21, 2013) (ruling on a public nuisance claim wherein the Plaintiff had alleged "purely economic

3

### B. Because The Plaintiffs Do Not Seek Compensatory Damages For "Harm" In Their Absolute Public Nuisance Claim, The Plaintiffs' Claims Are Not Abrogated.

The plain language of OPLA states:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question. …

R.C. § 2301.71(A)(13).[5]  As the R&R correctly noted, the Plaintiffs' negligence claims do not allege claims for compensatory damages within the framework of OPLA and are therefore not subsumed by the Act.  R&R at 60 ("Because Plaintiffs' negligence claim seeks only damages for non-physical property damage and expenses related to governmental expenditures, it is not abrogated by OPLA to the extent it seeks recovery solely for economic loss and not for harm.").  *See also LaPuma v. Collinwood Concrete*, 75 Ohio St. 3d 64, 66-67 (1996) ("R.C. [§] 2307.72 makes it clear that although a cause of action may concern a product, it is not a product liability claim within the purview of Ohio's product liability statutes unless it alleges damages other than economic ones, and that a failure to allege other than economic damages *does not destroy the claim, but rather removes it from the purview of those statutes*.") (emphasis added). This is equally true for the Plaintiffs' absolute public nuisance claim, which does not seek compensatory damages at all, but rather the equitable remedy of abatement, which is outside of the express scope of OPLA.  *See* R.C. § 2307.72.  Therefore, OPLA cannot apply to Count 6 of the Complaint.

---

damages."); *Brown v. Scioto Cty. Bd. of Commrs.*, 622 N.E.2d 1153, 1156 (Ohio Ct. App. 1993) (public nuisance case in which plaintiffs sought "compensatory and punitive damages against appellees.")  None of these cases stand for the proposition that claims like the one filed by the Plaintiffs here for abatement only are common law claims.

[5] OPLA separately defines "death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question" as "harm." R.C. § 2307.71(A)(7). "Economic loss is not 'harm.'" *Id.*

The R&R avoids this conclusion by erroneously treating OPLA as recognizing two completely separate types of product liability claims: "(1) product-related causes of action seeking compensatory damages for physical injury or for physical property damage (other than the product in question); and (2) public nuisance-type actions alleging unreasonable interference with a right common to the general public," R&R at 58, and reasoning that the statutory limitations on "Type 1" claims—application only to claims for compensatory damages for "harm"—do not apply to "Type 2" public-nuisance type product liability claims. *Id.* at 64-65.

But that is far from a necessary reading of the statutory definition of product liability claims in R.C. § 2307.71(A)(13). It is at least equally plausible that the phrase "also includes any public nuisance claim or cause of action at common law" in the 2007 amendment to the definition of a "product liability claim" means "[in addition to] a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80," and subject to the same limitations thereunder [*i.e.*, seeking recovery of compensatory damages for "harm"]. That reading is also far more consistent with the rest of OPLA, which establishes a statutory cause of action for product liability claims for damages, but makes no provision whatsoever for equitable relief. And, as discussed below, it is the only reading that can be squared with the statement in the legislative history that the 2007 amendments "are not intended to be substantive."

Moreover, Plaintiff's proposed reading of the statutory definition is the one adopted by an Ohio state court in *Ohio v. Purdue Pharma,* Case No. 17 CI 261 (Ohio C.P. Aug. 22, 2018), a case the Magistrate Judge failed to cite. In that case, the court considered a virtually identical public nuisance claim brought by the State of Ohio against the manufacturers and distributors of opioids. The court, in rejecting the very same arguments advanced by the Defendants here, found expressly that:

5

> Section 2307.72(c) ORC specifically exempts claims for economic loss from abrogation under the Ohio Products Liability Act. Further, "product liability claim" is statutorily defined as a claim seeking "compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress or physical damage to property." Reviewing the four corners of the complaint, it does not appear that the plaintiff is seeking these types of damages. The plaintiff's common law nuisance claim . . . [is] not abrogated under the OPLA.

*Id.* at 8. This same conclusion is applicable here.

### C. The Report and Recommendation is Contrary to the Legislative Findings of OPLA

In enacting the OPLA, the State legislature indicated that the 2007 Amendments were "not intended to be substantive but are intended to clarify the General Assembly's original intent." 2006 Ohio Laws 2291; *Carrel v. Allied Prods. Corp.*, 78 Ohio St. 3d 284, 287 (1997). Broadly construing the 2007 amendment to the OPLA to abrogate all public nuisance claims regardless of the remedy sought would, however, mark a substantive change to more than a century of jurisprudence recognizing the ability of a court in equity to abate a public nuisance. It would also mark a substantive change to OPLA itself, which has always been limited to claims for "compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question. . . ." R.C. § 2307.71 (A)(13).

*First*, Ohio law has clearly recognized the ability of a government entity to sue a product manufacturer for creating a public nuisance. *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136 (Ohio 2002). In the *Beretta* case, the Ohio Supreme Court found a public nuisance claim could lie against gun manufacturers who were alleged to have "created and maintained a public nuisance by manufacturing, marketing, distributing, and selling firearms in ways that unreasonably interfere with the public health, welfare, and safety in Cincinnati . . ." *Id.* at 1141. This public nuisance claim was supported by almost a century of precedent recognizing the ability of government

entities in Ohio to pursue equitable remedies through public nuisance actions to *prevent* a public health hazard *before* it impairs public health, safety and welfare.  *See Lindsay v. Cincinnati*, 172 Ohio St. 137, 138 (1961) (police powers include claims for abatement of public nuisances to protect the public safety, health, and morals)*;* Restatement (Second) of Torts § 821B, comment i ("an award of damages is retroactive, applying to past conduct, while an injunction applies only to the future.  In addition, for damages to be awarded significant harm must have been actually incurred, while for an injunction harm need only be threatened and need not actually have been sustained at all.").  To conclude that OPLA abrogates the Plaintiffs' equitable claim for abatement of an absolute public nuisance would be a substantive change to public nuisance law and to OPLA, which is contrary to the legislative history.

*Second*, both the plain language of OPLA and Ohio law interpreting it have consistently held that the statute does *not* apply to claims that do not seek compensatory damages for "physical injury to person, emotional distress, or physical damage to property other than the product in question . . ."  R.C. § 2301.71(A)(13).  Furthermore, the remedial sections of OPLA only provide for compensatory or punitive damages.  *See* R.C. § 2307.73 (when manufacturer liable for compensatory damages); § 2307.78 (when supplier liable for compensatory damages); and § 2307.80 (when manufacturer or supplier liable for punitive damages).  Nowhere does OPLA provide for the type of equitable and injunctive relief sought by the Plaintiffs in this action.  To conclude now that OPLA does in fact bar claims for equitable and injunctive relief, despite the plain language of the statute, would mark a substantive change (and expansion) to OPLA, something that is contrary to the legislative intent of the statute and its amendments.

Contrary to the R&R, the conclusion that the Plaintiffs' absolute public nuisance claim may proceed does not render the 2007 amendments to OPLA a "nullity."  R&R at 64.  As Plaintiffs

7

explained in their opposition to the motions to dismiss, public nuisance actions may be brought both as equitable actions for abatement by governmental plaintiffs in their representative capacity, and also as actions at law "for damages by private actors who 'have suffered harm of a kind different from that suffered by other members of the public exercising the right common to the general public that was the subject of interference.'" Doc. #654 at 7-8 & n.6 (quoting Restatement (Second) of Torts § 821C(1)); *see also Brown v. Cty. Comm'rs,* 622 N.E.2d 1153, 1160 (Ohio Ct. App. 1993) (same). The 2007 Amendment may fairly be interpreted to abrogate that latter category of common law public nuisance claims for compensatory damages for harms caused by a product. But the Amendment should not be read to abrogate traditional public nuisance claims sounding in equity and seeking only the equitable remedy of abatement.

**II.    THE CITY OF AKRON'S STATUTORY PUBLIC NUISANCE CLAIM (COUNT 5) SHOULD NOT BE PARTIALLY DISMISSED.**

Separately, the R&R errs in recommending partial dismissal of the City of Akron's statutory public nuisance claim "to the extent it is based on violations of Ohio or federal drug laws, or the rules of the board of pharmacy." R&R, p. 103. The Magistrate based this recommendation on an incorrect understanding of the interplay between three separate Ohio statutes authorizing public nuisance actions, R.C. §§ 715.44, 3767.03, and 4729.35.

Section 4729.35 declares that violations of federal and Ohio laws or Ohio Board of Pharmacy rules controlling the distribution of drugs of abuse "constitute a public nuisance," and authorizes the attorney general, county prosecuting attorneys, and the state board of pharmacy to "maintain an action in the name of the state to enjoin" these violations. Separately, R.C. § 3767.03 affirms that "*[w]henever* a nuisance exists . . . [the] city director of law, or . . . the prosecuting attorney of the county in which the nuisance exists; . . . *may bring an action* in equity . . . *to abate* the nuisance and to perpetually enjoin the person maintaining the nuisance

8

from further maintaining it." *Id.* (emphasis added). Further, R.C. § 715.44 allows municipal corporations to "(A) Abate *any* nuisance and prosecute . . . *any person* who creates, continues, contributes to, or suffers such nuisance to exist; [and] (C) Prevent injury and annoyance from any nuisance . . . ." The Magistrate Judge reasoned that the exclusion of municipalities and city law departments from R.C. § 4729.35, means that the City may not bring a statutory public nuisance action pursuant to its authority under R.C. §§ 715.44 and 3767.03 for conduct that constitutes a public nuisance under that section. R&R at 69-70.

That is incorrect. R.C. § 715.44 allows Akron to abate "*any* nuisance," while R.C. § 3767.03 authorizes the city director of law to bring an equitable nuisance action "[*w*]henever a nuisance exists," and R.C. § 3767.01(C)(1) defines "nuisance" to include anything that is "defined and declared by statutes to be a nuisance," thus including the violations of law deemed to be public nuisances by R.C. § 4729.35. Section 4729.35 says nothing about, and imposes no express limitations on, either R.C. § 715.44 or § 3767.03. And, the general rule of construction in Ohio law is that, when two statutes address the same subject, "they shall be construed, if possible, so that effect is given to both." R.C. § 1.51. This result is achieved by permitting the City of Akron to bring an action under either R.C. § 715.44 or § 3767.03 to abate a statutory nuisance defined by R.C. § 4729.35. *Cf. State ex rel. DeWine v. Fred's Party Ctr., Inc.,* 13 N.E.3d 699, 705 (Ohio Ct. App. 2014) (upholding nuisance judgment obtained by the Attorney General under both R.C. §§ 4729.35 and 3719.10).

Magistrate Judge Ruiz rejected Plaintiffs' argument regarding the proper way to give effect to all three statutes as an "attempt to circumvent the limitations on who may bring . . . a suit" under R.C. § 4729.35. R&R at 70. But that conclusion rests on a misunderstanding of the purpose of that code section. Section 4729.35 is properly understood not as a *limitation* on when

municipalities can bring statutory nuisance actions, but rather as an *expansion* of authority to bring such actions. For it is only R.C. § 4729.35 that empowers the state board of pharmacy, as well as the prosecutor of the county in which the person committing the offense resides (as opposed to the county in which the offense takes place), to bring a nuisance action for violations of that section. Section 4729.35 also expands the jurisdictions in which such a nuisance action may be brought, to include the county in which the offender resides. Nothing in the language of R.C. § 4729.35 suggests that it was in any way intended to limit the authority of municipal governments to bring nuisance actions under other statutory authority.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' Memorandum in Opposition to the Motions to Dismiss (Doc. #654), Plaintiffs respectfully urge the Court to reject the recommendation of the Magistrate Judge that Count 6 of the Second Amended Complaint should be dismissed, as well as the recommendation for partial dismissal of Count 5.

Dated:  November 2, 2018

Respectfully submitted,

By:  /s/ *Linda Singer*

Joseph F. Rice
Lisa Saltzburg
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
jrice@motleyrice.com
lsaltzburg@motleyrice.com

Linda Singer
Louis Bograd
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504

Fax: 202-386-9622
lsinger@motleyrice.com
lbograd@motleyrice.com

Donald W. Davis, Jr.
Adam D. Fuller
Elizabeth Shively Boatwright
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, OH 44308
Tel: 330-253-5060
dwdavis@bmdllc.com
adfuller@bmdllc.com
esboatwright@bmdllc.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF System. The foregoing will be served on counsel of record.

*/s/ Linda Singer*
Linda Singer

*Attorney for the Plaintiffs*