UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL No. 2804<br><br>Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO:<br><br>*The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,*<br><br>**Case No. 1:18-op-45459-DAP** | ) ) ) ) ) ) | Hon. Dan Aaron Polster |

**AMNEAL PHARMACEUTICALS, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT BASED ON IMPROPER SERVICE, IMPROPER SERVICE OF
PROCESS, AND LACK OF PERSONAL JURISDICTION**

**I.    INTRODUCTION**

Amneal Pharmaceuticals, Inc. ("API"), hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint Based on Improper Service, Improper Service of Process, and Lack of Personal Jurisdiction. As set forth in its Motion to Dismiss, API did not exist before October 4, 2017, was not named in plaintiff's original complaint, and never manufactured or sold any prescription opioid medication. Instead of serving API in accordance with the Federal Rules of Civil Procedure and this Court's CMO-1, plaintiff simply filed its First Amended Complaint ("FAC") purporting to add API as a party. The mere act of naming API as a party, though, does not satisfy the requirements set forth in the Federal Rules of Civil Procedure,

and plaintiff failed to serve API within the deadline set by this Court. Accordingly, dismissal of API from this case is warranted.

In addition, dismissal of API is proper as plaintiff cannot demonstrate that this Court has personal jurisdiction over API consistent with the requirements of due process under the United States Constitution, an argument to which plaintiff does not respond. Finally, and for the reasons set forth in API's Response to Plaintiff's Motion for Leave to File Motion "Substituting" Amneal Defendants [Doc. 88], incorporated here by reference, plaintiff should not be permitted to add Amneal Pharmaceuticals of New York, LLC, and Amneal Pharmaceuticals, LLC, as defendants in this case, and certainly not as a cure to plaintiff's deficient service of API in this lawsuit or in an effort to establish personal jurisdiction over API.

**II.    LAW AND ARGUMENT**

The entirety of plaintiff's response to API's Motion to Dismiss is encompassed in a page and a half buried within plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss the Nation's First Amended Complaint. [*See* Doc. 84 at 72-74.][1] As relevant to API's Motion to Dismiss, plaintiff (1) does not contest its failure to serve API with a summons and the FAC, yet contends that plaintiff had more time to perfect service, and (2) does not attempt to show that jurisdiction exists over API, but asks for a pass in light of a pending attempt to add different parties and dismiss API. As explained in more detail below, both arguments fail – the date by which plaintiff was required to serve API came and went without plaintiff perfecting service on API, and plaintiff's purported substitution is both improper and cannot result in a finding of jurisdiction over API (or the entities plaintiff attempts to add).

---

[1] Except as otherwise noted, references to Document numbers in this reply are based on the docket for Case No. 1:18-op-45459-DAP.

### A. PLAINTIFF FAILED TO SATISFY THE REQUIREMENTS FOR SERVICE OF PROCESS

Rule 4(h) provides that a corporation, like API, must be served either by following state law for serving a summons or by delivering a copy of the summons and complaint to an officer or an agent authorized to receive it. Here, plaintiff did not timely do either and, instead, merely filed the FAC with this Court without perfecting service of that pleading or the summons on API by the deadline this Court set to do so. Plaintiff does not argue otherwise, but instead contends that its FAC should not be dismissed because, according to plaintiff, it had until October 9, 2018, to perfect service upon API in this case. (*See* Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss the Nation's First Amended Complaint at 73 [Doc. 84].) That is not accurate. In CMO-1, this Court stated that it "expects the Plaintiffs in all filed cases as of the date of this Order [April 11, 2018] to effectuate service by **Wednesday, July 18, 2018**." [MDL 2084 Doc. 232 at ¶ 6(d) (emphasis in original).] This lawsuit was filed on April 3, 2018 [Doc. 2], and by its own admission, plaintiff did not serve API before July 18, 2018.[2] Thus, plaintiff has offered no basis to deny API's Motion to Dismiss on service grounds.

### B. THE COURT LACKS PERSONAL JURISDICTION OVER API

Plaintiff's argument against API's personal jurisdiction defense likewise fails. In opposition to API's Motion to Dismiss, plaintiff does not respond directly to API's argument that API is not subject to jurisdiction in this Court. Instead, plaintiff argues that because it is attempting to add what it contends are the proper entities in API's place, API's motion should be denied.[3] API has opposed plaintiff's attempted "substitution" and, for the same reasons

---

[2] Instead, it appears plaintiff attempted to serve API on October 1, 2018, months **after** the Court's deadline to do so.

[3] Plaintiff contends that API's "jurisdictional argument should not result in dismissal **because a motion to substitute is pending**." (Opp. at 73 [Doc. 84] (emphasis added).) That is incorrect. There is no pending motion to substitute, only a motion for leave to file such a motion, which API has opposed.

expressed in API's Response to Plaintiff's Motion for Leave to File Motion to Substitute Amneal Defendants [Doc. 88], incorporated here by reference, plaintiff's opposition to API's Motion to Dismiss should be rejected. Specifically, plaintiff has failed to plead a single factual allegation specific to API or the two entities plaintiff now proposes to "substitute" for API and, for those reasons, its efforts to add Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC, for API should be rejected. Because plaintiff's Motion for Leave to Substitute should fail it cannot provide a basis to deny API's Motion to Dismiss. Further, nothing about plaintiff's "substitution" argument says anything about why jurisdiction would be proper **as to API**, the only Amneal entity that is a party to this lawsuit and which has moved to dismiss the FAC.

Additionally, plaintiff fails to address, much less rebut, settled law on personal jurisdiction, which requires a dismissal of API. In short:

- The Court lacks personal jurisdiction over API because, as explained above, plaintiff has not served API in compliance with applicable law. For that reason alone, the FAC as to API must be dismissed. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 105 (1987) (noting service is a prerequisite to a court's exercise of personal jurisdiction); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) ("[J]urisdiction may not be obtained unless process is served in compliance with applicable law.").

- Additionally, plaintiff has failed to establish that API is subject to either general or specific jurisdiction in Ohio or in Oklahoma (where this case originated) as it must to satisfy constitutional due process requirements. Specifically, plaintiff has not established that API is "at home" in Ohio or Oklahoma, which precludes a finding of general jurisdiction. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011); *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, 137 S. Ct. 1773 (2017); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Walden v. Fiore*, 134 S. Ct. 1115 (2014); *Goodyear Dunlop v. Brown*, 564 U.S. 915 (2011). Plaintiff also fails to establish that there is a causal nexus between API's purported purposeful availment of the benefits of doing business in Ohio or Oklahoma and plaintiff's alleged injury, such that exercising specific jurisdiction over API is proper. *See J. McIntyre Machinery, supra* at 873; *Daimler AG, supra* at 754; *Walden, supra* at 1122; *Goodyear Dunlop, supra* at 880.

4

Having failed to properly serve API, and because API is subject to neither general nor specific jurisdiction here, API is entitled to a dismissal. These arguments are set forth in more detail in API's Motion to Dismiss, without any response to them from plaintiff.

### III. CONCLUSION

For the reasons set forth above, and those more fully stated in API's Motion to Dismiss, Amneal Pharmaceuticals, Inc., respectfully requests this Court grant its Motion to Dismiss and enter an order dismissing the claims against it with prejudice.

Dated: November 2, 2018

Respectfully submitted,

By: */s/ Paul J. Cosgrove*

Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
Email:  jpeck@ulmer.com

ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I hereby certify that API's Reply Memorandum in Support of its Motion to Dismiss complies with the page limitation set forth in Local Rule 7.1(f) for complex cases.

/s/ Paul J. Cosgrove

Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
Email:  jpeck@ulmer.com

ATTORNEYS FOR DEFENDANT AMNEAL PHARMACEUTICALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*/s/ Paul J. Cosgrove*</u>