**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004<br><br>*City of Cleveland, Ohio, et al. v. AmerisourceBergen Drug Corp., et al.*<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### CARDINAL HEALTH, INC. AND McKESSON CORPORATION'S MEMORANDUM IN SUPPORT OF THE MANUFACTURER DEFENDANTS' JOINT MOTION TO DISMISS TRACK 1 PLAINTIFFS' CLAIMS FOR DAMAGES

Cardinal Health, Inc. and McKesson Corporation (collectively, "Movants") join in Manufacturer Defendants' motion and the requested relief. Movants agree that "[t]he Track 1 Plaintiffs' claims depend upon the existence of medically *unnecessary* or medically *inappropriate* … prescriptions."[1] The claim against Movants is that they failed to report and halt shipment of allegedly "suspicious" pharmacy orders. But even if a Movant failed to take those steps, a medically necessary or medically appropriate prescription breaks the chain of causation between a "suspicious" order and any direct harm to any individual, or indirect harm to the County. Movants cannot be liable for opioids prescribed by a doctor for medically appropriate reasons even

---

[1] Mem. in Supp. of the Manufacturer Defs.' Joint Mot. to Dismiss Track 1 Pls.' Claims for Damages Pursuant to Rule 41(b), at 2 [Dkt. 1073-3].

1

if the pills were part of a "suspicious order."[2]  Because one chain of causation begins with identification of prescriptions that were medically unnecessary or medically inappropriate, Movants as well as Manufacturers were entitled to the information on that subject ordered in CMO No. 1 and therefore join in Manufacturer Defendants' motion.

Dated:  November 6, 2018

Respectfully submitted,

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
EMainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com
*Counsel for Cardinal Health, Inc.*

*/s/ Geoffrey Hobart*
Geoffrey Hobart
Mark Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
*Counsel for McKesson Corporation*

---

[2]  This is true even though distributors do not know, and have no way of knowing, who the prescribing doctors or patients are and on what basis the doctor has determined the prescription is appropriate for the patient.  A distributor sees only its customer-pharmacy's wholesale order.

## CERTIFICATE OF SERVICE

    I, Ashley W. Hardin, hereby certify that the foregoing document and supporting papers were served via the Court's ECF system to all counsel of record.

> */s/ Ashley W. Hardin*
> Ashley W. Hardin