UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases Not Designated in Paragraphs 2 or 3 of CMO-1* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**RESPONSE TO PLAINTIFFS' MOTION FOR MODIFICATION OF CMO-1 REGARDING ARCOS MARKET SHARE DATA AND AMENDING COMPLAINTS**

Defendants do not oppose a *reasonable* extension of time for plaintiffs to amend their complaints. The Court originally required that any amendments to add parties to existing cases be complete by May 25, 2018. CMO-1, Dkt. 232 at 9. At Plaintiffs' request, that deadline was extended by almost six months, to November 16, 2018. Two weeks before the amendment deadline, Plaintiffs now seek yet another extension, to March 16, 2019 (almost ten months after the original deadline).

Plaintiffs have (at least in theory) been diligently preparing their amended complaints over the last several months. They cannot seriously contend it took more than 100 days to recognize that the reports created pursuant to the Court's July 13, 2018 Order included all distributors and manufacturers. To the extent the Court is inclined to grant Plaintiffs' request for another extension for the filing of amended MDL complaints, Defendants respectfully request that the new deadline be no later than December 31, 2018.

Defendants oppose Plaintiffs' additional request to reconsider the existing orders to allow the creation and dissemination of market-share based reports. As this Court recognized, the protective order "was rigorously negotiated over a significant period of time by the parties in the

MDL and the United States." Opinion and Order, Dkt. 800 at 2. "ARCOS data that distributors are required to submit is sensitive to pharmacies and distributors because it is confidential business information; and it is sensitive from the DEA's perspective because it is crucial to law enforcement efforts. Extensive federal laws and regulations limit the circumstances in which the DEA may disclose ARCOS data." *Id.* at 9-10.

This Court has "authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004). "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998), *aff'd sub nom. Chao v. Hall Holding Co.*, 285 F.3d 415 (6th Cir. 2002).

Plaintiffs do not identify any circumstances—legal or factual—that have changed since the prior orders. The arguments Plaintiffs raise were fully available months ago. In July, the Court made clear in granting the Plaintiffs' prior request for an extension of time that the report to be prepared by the PEC (protective order signatories) "shall not reveal any data regarding the *amounts or types of opioids* distributed in the counties; rather, the report shall set forth only the *identity* of entities that manufactured, distributed, or sold opioids in the counties." Dkt. 739 at 4 (emphases in original). Nothing has changed to justify Plaintiffs' request to reverse that decision and include market share data. Plaintiffs claim that a change in the Court's Order is needed to allow amendment of complaints. But plaintiffs have already amended Track 1 complaints without any modification to the ARCOS Protective Order. As the Court noted, "Plaintiffs have

2

used [ARCOS] data to dismiss some defendants they had sued initially, and to add some defendants not initially sued." Opinion and Order, Dkt. 800 at 11.

Plaintiffs' proposal is also overbroad and unnecessary because it contemplates preparing reports based on market share for *every* county in the United States. If, as Plaintiffs assert, the purpose of the modified reports is to facilitate amendment of the existing MDL complaints, such work on behalf of non-litigants is unnecessary.[1]

Most importantly, Plaintiffs' request is based on a faulty premise. Plaintiffs claim that if they do not have market share reports to identify manufacturers or distributors with 5% market shares for a particular county in at least three of the nine years of available ARCOS data, they will name "hundreds of additional defendants with *de minimus* market share in more than a thousand amended complaints." Dkt. 1077 at 2. But the market share of a particular defendant is not determinative of whether that defendant engaged in allegedly wrongful conduct. For example, a party with a large market share may have done nothing wrong. If Plaintiffs intend to file or amend their complaints solely based on an entity's market share in the distribution of FDA-approved medications to DEA licensed pharmacies—as Plaintiff's motion suggests they do—that poses a serious problem. Plaintiffs have an obligation to file complaints only upon belief after reasonable inquiry that the factual contentions have evidentiary support. Accordingly, it would be improper to add any defendant based solely on that entity's distribution

---

[1] Nor is the content of the proposed expanded reports clear. Plaintiffs' proposed order contemplates disclosure of information regarding "prescription opioids distributed in that county." Dkt. 1077-1 at 1. Previously, Plaintiffs' notice of ARCOS disclosure made reference to "the 8 Opioid drug families", which were specifically described as Buprenorphine, Fentanyl, Hydrocodone, Hydromorphone, Morphine, Oxycodone, Oxymorphone and Tapentadol. Dkt. 767 at 1. Defendants requested clarification about whether the general reference to "prescription opioids" contemplates any medications beyond those identified in the prior notices, but Plaintiffs did not provide the requested information.

in a particular county, which Plaintiffs suggest will occur if the Court does not grant their motion.

Finally, to the extent the Court considers Plaintiffs' *de minimis* 5% threshold approach, certain defendants, but not all, take the position—consistent with Plaintiffs' judicial economy argument—that any modified order should specifically state that a distributor or manufacturer who does not meet that 5% threshold will ***not*** be included as a defendant in future amended complaints.[2]

WHEREFORE, Defendants respectfully request that the Court grant Plaintiffs' Motion only to the extent that it seeks a limited extension of time for the MDL Plaintiffs to file Amended Complaints, but that Plaintiffs' Motion otherwise be denied and the existing orders relating to disclosure of ARCOS data be sustained.

---

[2] These defendants include at least Anda, H. D. Smith, Discount Drug Mart, KeySource Medical, Inc., and Henry Schein.  In taking this position, these defendants in no way concede or suggest that market share liability of any type is a viable legal theory in these cases.

Dated:  November 6, 2018						Respectfully submitted,

/s/ Mark S. Cheffo							/s/ Enu Mainigi
Mark S. Cheffo							Enu Mainigi
DECHERT LLP							Steven M. Pyser
Three Bryant Park						WILLIAMS & CONNOLLY LLP
1095 Avenue of the Americas					725 Twelfth Street, N.W.
New York, NY 10036						Washington, DC 20005
Tel: (212) 698-3500						Tel: (202) 434-5000
Mark.Cheffo@dechert.com					Fax: (202) 434-5029
								emainigi@wc.com
*Manufacturer Defendants' Co-Liaison*				lheard@wc.com
*Counsel on behalf of Purdue, Insys, Teva,*			spyser@wc.com
*Endo, Janssen, Allergan, and Mallinckrodt*			ahardin@wc.com

								*Distributor Defendants' Co-Liaison Counsel*

/s/ Shannon E. McClure
Shannon E. McClure						/s/ Kaspar J. Stoffelmayr
REED SMITH LLP							Kaspar J. Stoffelmayr
Three Logan Square						BARTLIT BECK LLP
1717 Arch Street, Suite 3100					54 West Hubbard Street
Philadelphia, PA 19103						Chicago, IL 60654
Tel: (215) 851-8100						Tel: (312) 494-4400
Fax: (215) 851-1420						Fax: (312) 494-4440
rnicholas@reedsmith.com					kaspar.stoffelmayr@bartlit-beck.com
smcclure@reedsmith.com

								*Chain Pharmacy Defendants' Liaison*
*Distributor Defendants' Co-Liaison Counsel*			*Counsel*


/s/ Geoffrey Hobart
Geoffrey E. Hobart
Mark H. Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Distributor Defendants' Co-Liaison Counsel*

5

**CERTIFICATE OF SERVICE**

    I, Steven M. Pyser, hereby certify that the foregoing document and supporting papers were served via the Court's ECF system to all counsel of record.

                                                 */s/ Steven M. Pyser*
                                                 Steven M. Pyser