UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases Not Designated in Paragraphs 2 or 3 of CMO-1* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR MODIFICATION OF CMO-1 REGARDING ARCOS MARKET SHARE DATA AND AMENDING COMPLAINTS**

As the Department of Justice does not oppose the dissemination of market share information from the ARCOS data as requested by plaintiffs, the defendants have no basis for opposing it either.  Indeed, the defendants do not offer any reason for opposing plaintiffs' motion other than suggesting that the plaintiffs could have asked the court for permission to disseminate this information sooner.

The final DEA ARCOS data export was received by Plaintiffs on August 23, 2018. The complete ARCOS data comprises more than 400 million of lines of data. Plaintiffs have spent the intervening months processing and analyzing the ARCOS data to determine the breadth and extent of the contributions by manufacturers, distributors, and pharmacies to the epidemic of opioids that made their way into the cities and counties that currently have cases filed in the MDL.  Less than sixty days after plaintiffs' receipt of the final ARCOS export, following good faith analysis and due diligence by the Plaintiffs, the volume of potential defendants became evident and members of PEC leadership reached out to the defendants.  The parties were unable to reach an agreement and as a result, plaintiffs filed their motion seeking modification.

Defendants argue that market share is not the main factor in determining culpability for the epidemic. While Plaintiffs agree that market share is not the only factor to be considered, the Court and the parties have consistently recognized, in prior discussions regarding ARCOS data, that this data is important in determining which manufacturers, distributors, and pharmacies had major roles in the high volume of opioids distributed to the public during the years 2006 -2014. The balance of equities in this MDL militates in favor of this limited requested market share information being fully disclosed so that each of the more than 1000 plaintiffs can conduct a more informed analysis of which Defendants' conduct warrants inclusion in the lawsuits. Defendants cannot both contend that requested market share information is not important and also argue that dissemination of the requested ARCOS data to the plaintiffs in the MDL should not be allowed.

Defendants have argued against the requested disclosure of the ARCOS data despite the fact that they have complete access to the ARCOS data as well as access their own internal transactional data. Defendants have also requested, and received from the plaintiffs, the plaintiffs' analysis of suspicious orders derived from the ARCOS data and now have the data that applies to their own conduct as well as the conduct of all of their co-defendants (to the extent they did not already have this information). Denying the plaintiffs the requested access to this transactional data results in unfair disadvantage and will result in the naming of hundreds of additional defendants with *de minimus* market share in over a thousand amended complaints.

Respectfully submitted,

*s/Peter H. Weinberger*
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114-1149
Tel.: 216-696-3232
pweinberger@spanglaw.com

*Plaintiffs' Co-Liaison Counsel*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of November 2018, I electronically filed the foregoing with he Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

*s/Peter H. Weinberger*
Peter H. Weinberger
*Plaintiffs' Co-Liaison Counsel*