**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) **MDL 2804** )  ) **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) ) **Judge Dan Aaron Polster** |
| *ALL CASES* | ) ) **MINUTES AND ORDER** |

On November 8, 2018, the Court held a regularly scheduled status teleconference with lead counsel. At that time, the Court noted its understanding that the parties recently had problems related to the taking of depositions. As a result, the Court scheduled an in-person meeting with lead counsel on November 20, 2018 to determine how to relieve problems related to depositions. However, raising this subject led to further discussions on issues not mentioned in the Joint Status Report.

One issue related to the ability of 30(b)(6) witnesses to respond to questions about foreign entities that are related to MDL Defendants but have not been served. Attorney Steve Reed pointed out that service of foreign defendants was stayed in CMO No. 1 ¶ 6(d). Doc. #: 232 at 10 ("Service on a foreign corporation is suspended until further order of the Court."). Furthermore, many of the related entities don't sell prescription opiates in the United States. Under the circumstances, the Court rules as follows.

Paragraph 6(d) of CMO No. 1 is modified to lift the suspension of service upon any foreign entity that is a parent or subsidiary of any corporate defendant in the MDL to the extent that the MDL Defendant must accept service for the foreign entity. Should it turn out that a Plaintiff

amends its complaint to add a foreign subsidiary or parent that has not sold or distributed prescription opiates in the United States during the relevant time period, the Court will impose monetary sanctions upon that Plaintiff and/or counsel.

Another issue not raised in the Joint Status Report related to an emergency motion to quash cross-notices of depositions filed by the State of Illinois in *The State of Illinois v. Purdue, et al.*, Circuit Court of Cook County, Illinois, Case No. 2017 L 013180—a case that is clearly related to this MDL. The Court has learned that Associate Judge Allen Price Walker recently granted that motion.

The Protocol for State and Federal Court Coordination contains the procedures for the noticing and deposition of witnesses. Doc. #: 1029. It is the spirit of MDL proceedings to avoid duplication of discovery among federal cases and between related federal and state cases. This Court believes firmly in the necessity of active federal-state cooperation in order to achieve a seamless discovery process. Such coordination is necessary to conserve the resources of the state and federal courts involved and the resources of the parties—many of which are public entities with serious budgetary concerns. State court judges may, of course, make their own determinations regarding federal-state coordination. And this federal court can only reach out to state court judges and parties to encourage such cooperation.

That said, when the same issues, topics, and/or subject matter are involved in the deposition of the same witness in federal and state court, the undersigned orders that there should be only one MDL deposition conducted after the completion of the cross-noticing and other deposition procedures. When, however, there is no symmetry in the discovery process or no identity in the issues, topics, and/or subject matter among depositions, there will be no duplication issues in the discovery process. In those circumstances, the scope of any additional deposition noticed in state

courts shall be conducted "pursuant to any applicable order or parameters set by the state court." Doc. #: 1029 at 10.

**IT IS SO ORDERED.**

 /s/ **Dan Aaron Polster** *November 9, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**