**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION  *This document relates to:*  *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,* Case No. 18-op-45090 | MDL 2804  Case No. 17-md-2804  Hon. Dan Aaron Polster  Mag. Judge David A. Ruiz |

# PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO CERTIFY QUESTIONS OF LAW TO THE OHIO SUPREME COURT

## INTRODUCTION

Plaintiffs Summit County and the City of Akron ("Plaintiffs"), file this Opposition to the Motion for Leave to File Motion to Certify Questions of Law to the Ohio Supreme Court (Doc. 1088) filed by Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation ("Distributor Defendants").

The Distributor Defendants' motion for leave should be denied because the motion they seek to file will be highly disruptive to the case schedule set forth in CMO 1 and the efforts of the parties and the Court to prepare the CT1 cases for trial. By including a five-page discussion of the Ohio Product Liability Act ("OPLA") not included in the Distributor Defendants' contemporaneously-filed Objections to the Report and Recommendation of Magistrate Judge Ruiz, the motion also appears to be an end-run around this Court's order limiting the Distributor Defendants to a single 15-page Objection. Finally, the motion for leave is improper and unnecessary because Magistrate Judge Ruiz has already ruled on the OPLA issues the Distributor Defendants seek to certify and because the proper avenue for the OPLA issues to reach the Ohio Supreme Court is through the action of the Ohio Attorney General currently pending in the Court of Common Pleas of Ross County.

1

## FACTS AND PRIOR PROCEEDINGS

This case was commenced in the Court of Common Pleas, Summit County, Ohio, and removed by the Defendants to this Court on January 22, 2018, whereupon it was assigned to the MDL.[1]

On April 11, 2018, the Court entered Case Management Order One ("CMO 1").  Doc. 232. CMO 1 was entered at the request of the parties based on their representation to the Court that settlement of these cases would be more likely if the Court created a "litigation track." *Id.* at 1.  CMO 1 created "a Case Management Plan, which directs the parties to engage in motion practice, discovery, and trial preparation for certain cases in this MDL." *Id.*

The initial focus of the Case Management Plan was preparation for trial of three bellwether cases which the Court designated as Case Track One Cases ("CT1 Cases").  *Id.* at 6.  All three CT1 cases (this case, *County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio) along with *County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio) were filed by plaintiffs located within this District and the state-law claims in all three are asserted under Ohio law.  CMO 1 set a case-management schedule culminating in a trial which is currently set for September 3, 2019. CMO 1 at 6-8; Case Management Order 7 ("CMO 7") (Doc. 876) at 2.

At the request of the defendants, most loudly championed by Distributor Defendants, the Court also set a motion track for "briefing on threshold legal issues on common claims."  CMO 1 at 19.  This case was the only one of the CT1 cases also designated as a motion-track bellwether case.

---

[1] The case was removed by Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.  All of the moving Distributor Defendants here consented to the removal, as did the other Manufacturer Defendants.  No. 1:18-op-45090-DAP, Doc. 1, p.14, ¶ 70 ("they [Cardinal, McKesson, and AmerisourceBergen] consent to removal.").  Defendants have similarly removed *every* governmental opioid case filed in Ohio except the case brought by the Ohio Attorney General. (This includes the case filed by Cuyahoga County, which, like this one, was commenced in the Court of Common Pleas and then removed to federal court by the Defendants.)  As a result of these removals, Plaintiffs understand that the Attorney General case is the only governmental opioid case now pending in the Ohio state courts.

*Id.* at 20. It was included in the group of motion-track bellwether cases with the earliest briefing deadlines. *Id.*

Prior to entering CMO 1, the Court directed the parties to submit to the Special Masters "their suggestions regarding the appropriate scope and timing of a litigation track and the contents of a case management order ("CMO"), including identification of test cases, sequencing of discovery, timing of motion practice (including issues related to remand), and any other relevant matters." Doc. 170 at 1. No party suggested that Ohio law was so unclear that it would be necessary to include in a CMO an opportunity for certification of questions to the Ohio Supreme Court.

As part of CMO 1, the Court recognized that the parties and the Court would be unable to meet the deadlines in CMO 1 if there was not a limit on the filing of motions other than those permitted by the CMO 1 motions tracks. Thus, CMO 1 provided: "No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties." *Id.* at 11, ¶ 6(g).

Following the entry of CMO 1, amended complaints were filed in the CT1 cases including this case. Doc. 301. Thereafter, the defendants filed the motions to dismiss authorized by CMO 1. Doc. 491 (Distributor Defendants); Doc. 497 (Pharmacy Defendants); Doc. 499 (Manufacturer Defendants). Responses and replies followed, with the parties filing hundreds of pages of briefing addressing the pending motions to dismiss. Doc. 654 (Summit Response); Doc 742 (Pharmacy Reply); Doc. 744 (Distributors Reply); Doc. 746 (Manufacturers Reply). A significant portion of that briefing addressed questions concerning the scope and applicability of OPLA to Plaintiffs' claims. At no time during the briefing of the motions did any party suggest that certification to the Ohio Supreme Court might be necessary or advisable. Ultimately, Magistrate Judge Ruiz filed a 103-page Report and Recommendation ("Summit R&R") which accepted in part and rejected in part each side's OPLA arguments. Doc. 1025 at 57-66.

While these proceedings are have been ongoing, similar Ohio claims are being litigated in the Court of Common Pleas of Ross County in the action brought by the Ohio Attorney General. In that action, Judge Nusbaum has issued a ruling on essentially the same OPLA issues raised in this case. *Ohio ex rel. Dewine v. Purdue Pharma, L.P.,* No. 17-CI-2601 (Doc. 911-1). Like Magistrate Judge Ruiz, Judge Nusbaum was able to determine those issues without certifying any questions to the Ohio Supreme Court. Nor has there been an order for certification of an interlocutory appeal in that case or even a request for such an order by these Defendants. (The only appellate proceeding in that case is an attempted appeal based of the rejection of a jurisdictional challenge by one of the Manufacturer Defendants.)

Following the filing of Magistrate Judge Ruiz's Report and Recommendation, this Court entered an Order regarding any objections to the Summit R&R. The order emphasized the limited purpose of the objection process: "the purpose of filing Written Objections is not to reiterate points or rehash arguments made in briefings on the motions, but to set forth, clearly and concisely, findings in the Magistrate's R&R that they believe are erroneous or contrary to law, and should include the bases for the objections as well as support from legal authority." Doc. 1032, Order Regarding Objections to Report and Recommendation at 1. The Order limited each group of Defendants – Manufacturers, Distributors, and Pharmacies – to a single 15-page Objection.[2] . *Id.* at 2.

On November 2, 2018, pursuant to the deadline set by the Court, Defendants, including the Distributor Defendants, filed their objections to the R&R. The Distributor Defendants filed a 15-page Objection with scant discussion of OPLA. Later that same evening, the Distributor Defendants filed this motion seeking leave to file a motion for certification to the Ohio Supreme Court of three questions concerning the construction of OPLA. (The proposed motion to certify contains an

---

[2] After Defendants sought additional pages, the Court offered them the alternative of filing a single 60-page Objection on behalf of all the Defendants. Defendants chose to file the three 15-page Objections authorized by the Court's initial order.

additional five pages of briefing argument on the same substantive issue – the impact of OPLA on Plaintiffs' claims – that Distributor Defendants devoted barely one page to in their Objection. *Compare* Doc. 1088-1 at 4-8 *with* Doc. 1079 at 12-13.) For the reasons discussed below, the motion for leave should be denied.

**ARGUMENT**

The instant motion for leave should be denied. Distributor Defendants have shown no cause for an exception to the Court's decision to defer all motions not specified in CMO 1 to a later date. First, no exception should be granted because, if granted, Defendants' motion would disrupt and delay the agreed-to bellwether trial schedule. Second, although the Distributor Defendants contend they must seek leave now, before the Court answers the questions they seek to certify, in fact, the Magistrate Judge has already answered the questions. Additional circumstances – including the pendency of similar issues in the Attorney General's action and the Distributor Defendants' apparent attempt to evade this Court's 15-page limit on Objections – also counsel against consideration of a motion for certification at this time.

**I.    THE COURT SHOULD NOT ALLOW THE MOTION FOR LEAVE BECAUSE CERTIFICATION WOULD BE DISRUPTIVE TO THE CURRENT LITIGATION TRACK SCHEDULE.**

The Court should not consider the Distributor Defendants' motion for certification at this time because granting such a motion now would disrupt the pending schedule and trial date. Certification to the Ohio Supreme Court is likely to take a year or more. *See* Cochran, *Federal Court Certification of Questions of State Law to State Courts: A Theoretical and Empirical Study*, 29 J. Legis. 157, 217 (2003) ("In the Ohio study, time between federal court certification and Ohio Supreme Court resolution averaged nearly twelve months.); *see id.* at Appendix G (noting examples of resolution time of two years or more). Nor is there any guarantee of receiving an answer. *Id.* at 170 (study noting that certifying court received answers from Ohio Supreme Court for only 36 out of 55 cases); Hughes, *Are you in federal court, considering the certification of state-law questions to the Ohio Supreme Court?*

5

*Some past and present points to ponder,*

https://www.porterwright.com/content/uploads/2017/11/appellatewhitepapersept2017.pdf (September 2017) (updating Cochran study and finding "Since 2002, the Ohio Supreme Court has declined to answer over a dozen questions certified to it by federal judges. This is a sizeable percentage of the entire pool of questions certified in that period. In three instances, the Supreme Court's unexplained rejection of the certified questions has come only after full briefing and oral argument on the merits—hundreds of days after the questions were certified.").

The parties have committed substantial resources towards preparing these cases for trial. Certification now risks the viability of that date. *Cf. Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. 08CV1307, 2012 WL 141494, at *2 & n.1 (W.D. Pa. Jan. 18, 2012) (declining motion to certify questions as untimely when certification would disrupt impending trial). This case is thus distinguishable from *Buddenberg v. Weisdack*, 2018 WL 3949557, at *2 (N.D. Ohio Aug. 17, 2018), where this Court found that certification to the Ohio Supreme Court would not delay the case because the defendant had already taken an interlocutory appeal to the Sixth Circuit. Certification will require the parties to divert resources to create an appellate record and brief and argue the issues in a new Court. As this Court has recently emphasized, the purpose of the stay for motions not authorized by CMO 1 was to avoid wasting judicial resources that are better directed towards implementing the litigation track deadlines set forth in CMO 1 and CMO 7. *See* Docs. 1072, 1074. This Court should not consider wasting resources considering a motion that, if granted, would surely disrupt the scheduled trial, without even a guarantee that any certified question would be answered.

## II. DISTRIBUTOR DEFENDANTS HAVE SHOWN NO BASIS FOR AN EXCEPTION BECAUSE THE MAGISTRATE JUDGE HAS ALREADY RULED ON THE ISSUES THEY SEEK TO CERTIFY

Distributor Defendants' sole argument for seeking leave to file at this time is their contention that they "must seek certification now, before this Court answers the questions at issue."

Doc. 1088 at 1 (citing *Antioch Co. Litig. Tr. v. Morgan*, 633 F. App'x 296, 304 (6th Cir. 2015)). Instead of constituting good cause for the leave Defendants seek, *Antioch Co.* instead shows why the Court should deny the request. As explained in *Antioch Co.*: "Certification is generally disfavored when it is sought only after the district court has resolved the issue." 633 F. App'x at 304 (citing *City of Columbus v. Hotels.com, L.P.,* 693 F.3d 642, 654 (6th Cir.2012)). The rule is designed to prevent initial determinations from becoming "nothing but a gamble with certification sought only after an adverse decision." *City of Columbus,* 693 F.3d at 654 (citations and internal quotations omitted). As noted above, Magistrate Judge Ruiz has already issued his Report and Recommendation with respect to Defendants' motions, including the issues pertaining to OPLA. Defendants have thus already had a chance to see the R&R before deciding whether to seek certification.

The presumption against certification is particularly strong where, as here, the party who selected the federal jurisdiction is the party seeking a post-decision certification. *City of Columbus,* supra; *see also Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC*, 311 F. App'x 827, 832 (6th Cir. 2009) ("'[t]here is nothing to bar a party from suggesting the desirability of certification but the court should be slow to honor a request for certification from a party who chose to invoke federal jurisdiction.' 17A Arthur R. Miller, Edward H. Cooper, Vikram David Amar, FEDERAL PRACTICE & PROCEDURE § 4248 (2008)."); *In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig..*, 852 F.3d 601, 607–08 (6th Cir. 2017) (same). Given these Defendants' removal of every single opioid case brought by an Ohio city or county, the presumption should be very high against certification.

The presumption applies to requests for certification first made on appeal, *Antioch Co. Litig. Tr., supra,* and to requests made in the district court after an initial adverse determination. *City of Columbus*, *supra.* In both cases, the courts disfavor granting the losing party a second bite at the apple after significant federal judicial resources have been expended on predicting state law. *See also Gascho*

*v. Glob. Fitness Holdings, LLC,* 918 F. Supp. 2d 708, 713 (S.D. Ohio 2013) ("But to certify the question at this procedural juncture would allow Plaintiffs another bite at the apple, which is not the function of the certification process."). Those concerns should apply equally to the R&R, where the parties and the Court have expended tremendous resources in determining the scope of Ohio law, and Defendants have already seen the Magistrate Judge's report and recommendation.

Distributor Defendants' attempt to avoid the post-decision presumption against certification shows a lack of respect for the substantial resources and time already expended by Magistrate Judge Ruiz and the parties. Because the Magistrate Judge has already ruled on the issues the Distributor Defendants seek to certify, it is already too late for these Defendants to seek certification before the Court rules on the issues and no need to lift the stay on motions at this time. Rather than constituting cause, the requirement that there be a pre-decision request provides the basis for denying the motion for leave.

### III.  ADDITIONAL FACTORS COUNSEL AGAINST CONSIDERATION OF THE MOTION FOR CERTIFICATION

There are additional reasons to deny the motion for leave to file at this time. First, as set forth above, the Distributor Defendants have chosen this forum, rather than a state court forum, for these claims, removing not only the Summit County case, but every opioid case filed in state court in Ohio other than the Attorney General case. Second, the Distributor Defendants have not sought leave to appeal the decision in the Court of Common Pleas on the OPLA issues that were the subject of Judge Nusbaum's order in the Attorney General Case. Their attempt to seek certification to the Ohio Supreme Court in this case, rather than appellate review there, appears to circumvent orderly procedure in the state court litigation. Finally, the coincidence of Defendants' filing their extensive discussion of OPLA on the same day as their Objections to the Summit R&R, which include only scant discussion of the same issues, and the practical reality that the proposed motion in effect has extended the page limits set by the Court, should not be ignored. The Court should

8

not consider the arguments set forth in the proposed motion, and thus should deny the motion for leave to file the motion for certification.[3]

Dated: November 9, 2018             Respectfully submitted,

                                             */s/ Linda Singer*

Joseph F. Rice
Lisa Saltzburg
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
jrice@motleyrice.com
lsaltzburg@motleyrice.com

Linda Singer
Louis Bograd
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
lbograd@motleyrice.com

---

[3] While consideration of the merits of the motion to certify is beyond the scope of this brief, Plaintiffs do not believe that Distributor Defendants' motion has established sufficient grounds to meet the requirements for certification -- (1) that the question of Ohio law is determinative of the proceeding and (2) that there is no controlling Ohio Supreme Court precedent on the issue. Ohio Sup. Ct. R. Prac. XVIII, § 1. Plaintiffs note that certification is discretionary even if this test is met. *In re Amazon.com, Inc.*, 852 F.3d at 607–08 ("Moreover, we are not inclined to trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. . . . When we see a reasonably clear and principled course, we will seek to follow it ourselves. . . . The state court need not have addressed the exact question, so long as well-established principles exist to govern a decision." (citations and internal quotations omitted)). If the Court grants the motion for leave, Plaintiffs reserve the right to file a response to the substance of the motion to certify.

9

Donald W. Davis, Jr.
Adam D. Fuller
Elizabeth Shively Boatwright
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, OH 44308
Tel:  330-253-5060
dwdavis@bmdllc.com
adfuller@bmdllc.com
esboatwright@bmdllc.com

*Attorneys for the Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF System. The foregoing will be served on counsel of record.

    /s/ Linda Singer
Linda Singer

*Attorney for the Plaintiffs*