**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE DAVID A. RUIZ**

Magistrate Judge Ruiz's Report and Recommendation, Dkt. 1025 ("R&R"), appropriately applied basic principles of statutory interpretation to recommend dismissal of (i) Summit County and Akron's (collectively, "Plaintiffs") absolute public nuisance claim and (ii) Akron's "statutory" public nuisance claim to the extent that it is based on violations of controlled-substances laws or regulations.  R&R 60–66, 69–70, 102–03.  The Court should overrule Plaintiffs' objections and adopt the R&R's recommendation to dismiss these claims, both for the reasons stated in the R&R and for additional reasons explained below.

## I.   THE OPLA ABROGATES PLAINTIFFS' ABSOLUTE PUBLIC NUISANCE CLAIM.

The R&R correctly determined that, because the OPLA abrogates public nuisance causes of action "at common law," it abrogates Plaintiffs' "self-styled 'common law tort claim for absolute public nuisance.'"  R&R 62–66 (quoting Compl. ¶ 1037).  As we explain in Part III, the OPLA does even more.

### A.   Plaintiffs Alleged a "Common Law" Public Nuisance Claim.

Plaintiffs contend that their absolute public nuisance cause of action is not "at common law" and is instead "equitable in nature" because they seek an abatement remedy.  Dkt. 1080 ("Pls.' Obj.") at 2.  This argument fails for two reasons.

First, Plaintiffs expressly pled a common law cause of action:  "Plaintiffs assert this Cause of Action as a ***common law*** tort claim for absolute public nuisance …."  Compl. ¶ 1037.[1]  Even if it were possible to allege a non-"common law" absolute public nuisance cause of action (it is not), Plaintiffs have not done so.

---

[1]   Unless otherwise stated, all emphasis in quotations is added and internal quotation marks and citations are omitted.

Second, Ohio law does not support Plaintiffs' proposed distinction between "equitable" and "common law" nuisance causes of action. As the R&R recognized, Ohio long ago "abolished" "the distinction between legal and equitable claims." R&R 62–63 (quoting *Hodges v. Ettinger*, 189 N.E. 113, 115 (Ohio 1934)). Modern Ohio case law regularly refers to nuisance abatement actions as "common law" actions. *Solly v. City of Toledo*, 218 N.E.2d 463, 465 (Ohio 1966) ("The summary abatement of nuisances without judicial process or proceeding was well known to the ***common law*** …."); *State v. French*, 73 N.E. 216, 217 (Ohio 1905) (referring to "the ***common-law*** right of abatement of nuisances"); *Vlcek v. Chodkowski*, 34 N.E.3d 446, 476 (Ohio Ct. App. 2015) ("Under ***common law***, the State of Ohio has the authority to abate public nuisances."); *Fifth Urban, Inc. v. Bd. of Bldg. Standards*, 320 N.E.2d 727, 734 (Ohio Ct. App. 1974) (describing "the ***common law*** right of the government to abate nuisances"); *see also Salem Iron Co. v. Hyland*, 77 N.E. 751, 752 (Ohio 1906) ("There is no such thing as an equitable nuisance."). Plaintiffs rely on a historical factoid—that abatement actions were not recognized as a jury issue at common law prior to adoption of the Ohio Constitution in 1802.[2] But that does not mean that such actions are not "common law" causes of action; indeed, as the above-cited cases demonstrate, when the General Assembly added the public nuisance language to the OPLA in 2006, public nuisance actions for abatement expressly were recognized as "common law" causes of action. The OPLA follows modern Ohio case law's recognition that an action to abate a nuisance is a "public nuisance … cause of action at common law."

---

2 Pls.' Obj. 2–3 (citing *State ex rel. Miller v. Anthony*, 647 N.E.2d 1368, 1371 (Ohio 1995) (citing *Cameron v. United States*, 148 U.S. 301 (1893))); *see Mason v. State*, 50 N.E. 6, 9 (Ohio 1898).

### B. Plaintiffs' Public Nuisance Claim Is Abrogated Regardless of Whether It Seeks Compensatory Damages.

The OPLA has long defined a "[p]roduct liability claim" to include a "claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages." § 2307.71(A)(13). In 2007, the General Assembly added an additional definition for "product liability claim": "'Product liability claim' also includes any public nuisance claim or cause of action at common law …." *Id.* The R&R correctly recognized that the OPLA thus defines two ***independent*** "types" of product liability claims: Type 1 "civil action[s] … for compensatory damages" and Type 2 "public nuisance claim[s] or cause[s] of action at common law." R&R 57–58, 64–65 & n.43. Plaintiffs contend, however, that "[i]t is at least equally plausible that the phrase 'also includes any public nuisance claim or cause of action at common law' … means '[in addition to] a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80,' and subject to the same limitations thereunder," i.e., also limited to claims for compensatory damages. Pls.' Obj. 5.

Plaintiffs' reading is not plausible at all. The phrase "also includes" is additive, not clarifying. It cannot be rewritten to mean "in addition to and subject to the same limitations thereunder"—rather, it indicates an additional category of abrogated "product liability claims," independent of the category defined in the prior clause. The U.S. Supreme Court recently construed a similar statutory provision just as the R&R did. The Age Discrimination in Employment Act initially defined an "employer" as a person "in an industry affecting commerce" who employs a certain number of employees. *Mount Lemmon Fire Dist. v. Guido*, 2018 WL 5794639, at *2 (U.S. Nov. 6, 2018). Congress later added a second sentence to the definition so that it read, "The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees …. The term ***also means*** (1) any agent of such a person, and (2) a

State or political subdivision of a State …." *Id.* at *3 (quoting 29 U.S.C. § 630(b)). The Supreme Court held that the new sentence added an additional category of "employer," independent of the category described in first sentence (and not subject to the numerical limitation therein) because "the ordinary meaning of 'also means' is additive rather than clarifying." *Id.* Similarly here, the plain meaning of "also includes" refutes Plaintiffs' contention that § 2307.71(A)(13)'s public nuisance sentence should be read as subject to limitations articulated in the first sentence. As in *Mount Lemmon Fire District*, the Court "is not at liberty to insert the absent qualifier" that Plaintiffs seek to add to the public nuisance sentence and, thus, cannot restrict the types of "product liability claims" abrogated by the OPLA. *Id.* at *4.[3]

Plaintiffs also are incorrect that their proposed construction is "far more consistent with the rest of the OPLA" because the OPLA "makes no provision whatsoever for equitable relief." Pls.' Obj. 5. The OPLA does, in fact, make such provision: Section 2307.72(D)(1) preserves "relief in the form of the abatement of a nuisance … that arises, in whole or in part, from contamination or pollution of the environment." There would be no need to carve out this category of equitable relief if the OPLA did not otherwise abrogate claims for equitable relief. Thus, it is consistent with the whole of the OPLA to read § 2307.71(A)(13) as abrogating abatement claims that, like Plaintiffs', have nothing to do with environmental pollution.[4]

---

[3] It also refutes the construction suggested by *State of Ohio ex rel. DeWine v. Purdue Pharma L.P.*, Case No. 17 CI 261 (Ohio Ct. Com. Pl. Aug. 22, 2018). That decision's unexplained suggestion that a common law nuisance claim is not abrogated unless it seeks "compensatory damages," *id.* at 8, is inconsistent with the OPLA's plain text. This Court should reject Plaintiffs' invitation to follow *DeWine*.

[4] *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714 (Ohio 1996) does not contradict the R&R's conclusion because *LaPuma* was decided before the 2005 and 2007 amendments clarified the scope of the OPLA's abrogation. *See Meta v. Target Corp.*, 74 F. Supp. 3d 858, 863 (N.D. Ohio 2015). *LaPuma* did not construe § 2307.71(A)(13), as amended, and the amended provision unambiguously abrogates "any" product-related public nuisance claim, regardless of whether it seeks compensatory damages.

### C. Legislative History Confirms the R&R's Interpretation.

Because the plain text of the OPLA is unambiguous, this Court should enforce that language as written and not resort to legislative history. *Hubbard v. Canton City Sch. Bd. of Educ.*, 780 N.E.2d 543, 546 (Ohio 2002) ("[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom."). In any event, Plaintiffs are wrong that there is any tension between the R&R and the General Assembly's legislative findings.

Plaintiffs' entire argument relies on reading a half-sentence from the General Assembly's statement of legislative intent out of context. Plaintiffs seize on the statement that the 2007 amendments to the OPLA were "not intended to be substantive" and argue that the R&R's interpretation is impermissible because it effects a substantive change to pre-2005 case law. Pls.' Obj. 6–8. Read in context, the phrase "not intended to be substantive" refers to the General Assembly's intent to clarify, through the 2005 and 2007 amendments, what it meant when it enacted the OPLA:

> The General Assembly declares its intent that the amendments made by this act … are not intended to be substantive but are intended ***to clarify the General Assembly's original intent*** in enacting the Ohio Product Liability Act, … as initially expressed in [the 2005 amendment], ***to abrogate all*** common law product liability causes of action including ***common law public nuisance causes of action, regardless of how the claim is described, styled, captioned, characterized, or designated***, including claims against a manufacturer or supplier for a public nuisance allegedly caused by a manufacturer's or supplier's product.

2006 Ohio Laws File 198 (Am. Sub. S.B. 117 § 3).

The 2005 amendment worked a substantive change, not to the original intent of the OPLA itself, but to case law that had misinterpreted the OPLA, including *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136 (Ohio 2002), which read the OPLA to abrogate only a narrow set of product liability claims. *See also Piskura v. Taser Int'l*, 2012 WL 5378805, at *18 (S.D. Ohio

Oct. 29, 2012) (explaining that the 2005 amendment overruled *Carrel v. Allied Prods. Corp.*, 677 N.E.2d 795 (Ohio 1997)).  By its plain language, the 2005 amendment (as properly interpreted in light of the 2007 amendment) makes clear that the OPLA abrogates a broad swath of common law product liability claims (including those sounding in public nuisance).  Plaintiffs' suggestion that the amendments should be read to make no change to pre-2005 case law makes no sense, as it would mean that the General Assembly acted twice for no reason.

A natural interpretation of the statute's plain language counsels for a finding that the OPLA amendments limit a local government's authority to abate ***product-related*** public nuisances.  The OPLA, as amended, does not restrict a local government's ability to abate the types of nuisances traditionally recognized at common law.  It merely overrules *Beretta*'s "ill-advised" decision to expand public nuisance law to encompass the distribution of lawful products.  *See* 768 N.E.2d at 1157–58 (Cook, J., dissenting); *see also City of Toledo v. Sherwin-Williams Co.*, 2007 WL 4965044, at n.2 (Ohio Ct. Com. Pl., Lucas Cty. Dec. 12, 2007) (holding the 2007 amendment overruled *Beretta* and prevented plaintiff for seeking abatement for a product-related public nuisance).  The R&R's interpretation of the 2007 amendment gives effect to the General Assembly's intent to abrogate product-related nuisance claims like Plaintiffs'.

## II.  AKRON'S STATUTORY PUBLIC NUISANCE CLAIM SHOULD BE (AT LEAST) PARTIALLY DISMISSED.

The R&R also correctly recommended dismissal of the City of Akron's statutory public nuisance claim to the extent that it is based on controlled-substances laws or regulations.  R&R 102–03.  The City lacks authority to bring such an action under Ohio law.  *Id.* at 69–70.

While Ohio Rev. Code § 4729.35 provides that violations of laws and Board of Pharmacy rules concerning the distribution of controlled-substances are public nuisances, it authorizes only the attorney general, county prosecuting attorneys, and the state Board of Pharmacy to bring

actions to enjoin such nuisances. The text of this provision plainly empowers only those three actors—not cities—to enjoin the violation of these laws. Ohio courts follow the maxim *expressio unius est exclusio alterius*—"the expression of one item of a class implicitly excludes other items of the class that are not specifically mentioned." *Smith v. Friendship Vill. of Dublin, Ohio, Inc.*, 751 N.E.2d 1010, 1014 (Ohio 2001). Section 4729.35 specifically enumerates three categories of plaintiffs who are entitled to maintain lawsuits to enjoin violations of the controlled-substances laws; it therefore "excludes other [potential plaintiffs]"—such as cities "that are not specifically mentioned." *Id.*

Akron wrongly contends that the R&R's interpretation of § 4729.35 conflicts with two provisions that generally authorize nuisance abatement actions: § 715.44 (granting municipal corporations a general power to abate nuisances) and § 3767.03 (authorizing certain actors—including the attorney general, county prosecutors, and city directors of law[5]—to bring actions in the name of the state to abate nuisances). Pls.' Obj. 8–10. As the R&R recognized, the only way to harmonize the three statutes is to recognize that, for the specific nuisance § 4729.35 defines, it authorizes only certain persons to sue, and no others. In Ohio, as elsewhere, a "specific grant of authority" "governs [a more] general statute." *Hitt v. Tressler*, 447 N.E.2d 1299, 1303 (Ohio 1983). Where, as here, the legislature enacts both a "general authorization" and a "more limited, specific authorization" that "deliberately target[s] specific problems with specific solutions," "the terms of the specific authorization must be complied with." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). Sections 715.44 and 3767.03 grant broad

5 Section 3767.03 authorizes, among others, the "city director of law" to bring an action in the name of the state to abate certain nuisances. But it does not authorize a city itself to bring such an action. Since only Summit County and Akron objected to the R&R—and Akron's Director of Law did not—Akron cannot rely on § 3767.03 to sustain its purported statutory public nuisance claim.

authorization to bring nuisance actions. By contrast, § 4729.35 grants a more limited and specific authorization to bring nuisance actions of a particular kind: it targets a specific problem (controlled-substances violations) with a specific solution (lawsuits by the attorney general, county prosecutors, and the state Board of Pharmacy). The terms of this specific authorization therefore control and supersede the general authorizations in §§ 715.44 and 3767.03.

This Court must interpret § 4729.35 to "give effect to every word and clause in it." *Boley v. Goodyear Tire & Rubber Co.*, 929 N.E.2d 448, 452 (Ohio 2010). Plaintiffs' interpretation violates this cardinal principle because it would give effect to one part of the state controlled-substances statute but negate another part of the same statute. The controlled-substances statute establishes both substantive rules that govern drug distribution and procedural rules that stipulate who may sue drug distributors for violations of those substantive rules. Plaintiffs seek to enforce the substantive rules, but freed from the statute's procedural restrictions. "The City of Akron cannot claim that the very nuisance it seeks to abate is the one caused by a violation of Ohio or federal drug laws, as set forth in O.R.C. § 4729.35, but then attempt to circumvent the limitations on who may bring such a suit as set forth in the same statute simply by claiming to rely on a different portion of the Revised Code." R&R 70.[6]

Plaintiffs also argue that § 4729.35 "is properly understood not as a *limitation*," "but rather as an *expansion* of authority to bring such actions." Pls.' Obj. 10 (emphases in original). That argument is doubly unconvincing. In the first place, the whole point of the maxim *expressio unius est exclusio alterius* is that statutory lists operate as both expansions ***and*** limitations. Section

---

6 Furthermore, a nuisance action brought under the City's § 715.44 power is a "public nuisance … cause of action at common law" that is plainly abrogated by the 2007 OPLA amendment. Section 715.44—which is part of the chapter of the Revised Code articulating municipal corporations' "general powers"—merely grants the City the *power* to abate nuisances; it does not create a statutory cause of action.

4729.35 grants authority to the entities that it names (and is in that sense an expansion), but it also denies authority to the entities that it does not name (and is in that sense a limitation). Plaintiffs set up a false dichotomy by insisting that § 4729.35 can only be one or the other.

In the second place, reading § 4729.35 solely as an "expansion" of authority to bring lawsuits would violate the principle that "no part [of a statute] should be treated as superfluous unless that is manifestly required." *Boley*, 929 N.E.2d at 513. Section 4729.35 authorizes the attorney general and county prosecuting attorneys to abate controlled-substances nuisances, while § 3763.03 authorizes the attorney general and county prosecuting attorneys to abate nuisances generally. Under Plaintiffs' reading, the references to the attorney general and county prosecuting attorneys in § 4729.35 are needless, as those officials already possess authority to sue under § 3763.03. Thus, Plaintiffs fail to harmonize the two provisions, but construe the limitations in § 4729.35 on who may sue out of the statute.

The R&R's interpretation gives effect to all three statutes: Sections 715.44 and 3767.03 authorize certain officials to bring nuisance actions in general, while § 4729.35 authorizes certain other officials to bring controlled-substances nuisance actions in particular. Plaintiffs' interpretation, by contrast, does not, because it fails to give full effect to the procedural limitations imposed by § 4729.35, and would render parts of that statute superfluous.

## III. THE OPLA ABROGATES ALL OF PLAINTIFFS' PUBLIC NUISANCE CLAIMS.

In 2005, the Ohio General Assembly added language clarifying its intent that the OPLA "abrogate all common law product liability claims or causes of action," Ohio Rev. Code § 2307.71(B). Two years later, it further clarified that "product liability claim" includes "any public nuisance claim or cause of action at common law in which it is alleged that the … supply, marketing, distribution, promotion, advertising, … or sale of a product unreasonably interferes

with a right common to the general public," § 2307.71(A)(13). The OPLA thus abrogates ***both*** "any public nuisance claim" and "any public nuisance … cause of action at common law." Plaintiffs argue (and the R&R found) that "at common law" modifies both "public nuisance claim" and "cause of action," but that reading ignores two basic rules of statutory construction.

First, in Ohio, "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." *Indep. Ins. Agents of Ohio, Inc. v. Fabe*, 587 N.E.2d 814, 817 (Ohio 1992). According to the last-antecedent rule, the limiting clause "at common law" modifies only the phrase "cause of action"—not the phrase "public nuisance claim." Thus, the OPLA term "product liability claim" encompasses "any public nuisance claim," including statutory public nuisance claims.

Second, not applying the last-antecedent rule would fail to give effect to, and render superfluous, portions of the statute, thereby contravening the well-settled rule against surplusage. *See State ex rel. Carna v. Teays Valley Local Sch. Dist. Bd. of Educ.*, 967 N.E.2d 193, 198 (Ohio 2012). If "at common law" modified both "any public nuisance claim" and "cause of action," then the phrase "any public nuisance claim" would be redundant; it would add nothing to the phrase "cause of action at common law."

Properly read, the OPLA abrogates ***all*** public nuisance claims whether "at common law" or not. Therefore, it is irrelevant whether Plaintiffs' public nuisance claims are "equitable" or "statutory," Pls.' Obj. 1, because each is plainly a "public nuisance claim."

## CONCLUSION

This Court should adopt the R&R's recommendation to dismiss (i) Plaintiffs' absolute public nuisance claim and (ii) Akron's statutory public nuisance claim, at least insofar as it rests on purported violations of controlled-substances laws and regulations.

Dated: November 12, 2018                  Respectfully submitted,

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Steven M. Pyser
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ Robert A. Nicholas (consent)*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Geoffrey Hobart (consent)*
Geoffrey Hobart
Mark Lynch
Christian Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281

ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

*/s/ Tara A. Fumerton (consent)*
Tina M. Tabacchi
Tara A. Fumerton
**JONES DAY**
77 West Wacker
Chicago, IL 60601
Tel: (312) 269-4335
Fax: (312) 782-8585
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

*/s/ Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW
Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

*/s/ Kelly A. Moore (consent)*
Kelly A. Moore
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc.*

*/s/ Kaspar Stoffelmayr (consent)*
Kaspar Stoffelmayr
**BARTLIT BECK LLP**
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

*/s/ Charles C. Lifland (consent)*
Charles C. Lifland
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals,Inc. n/k/a Janssen Pharmaceuticals, Inc.*

*/s/ Mark S. Cheffo (consent)*
Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

*Counsel for Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*


*/s/ Jonathan L. Stern (consent)*
Jonathan L. Stern
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Email: jonathan.stern@arnoldporter.com

Sean O. Morris
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
Fax: (213) 243-4199
Email: sean.morris@arnoldporter.com

*Counsel for Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

*Counsel for Par Pharmaceutical, Inc., and Par  Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. (and n/k/a Endo Generics Holding) (not yet served or appearing)*


*/s/ Steven A. Reed (consent)*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
Fax: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
**MORGAN, LEWIS & BOCKIUS LLP**
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Counsel for Teva Pharmaceuticals, U.S.A.,
Inc., Cephalon, Inc., Watson Laboratories,
Inc., Actavis LLC, and Actavis Pharma, Inc.*


*/s/ Donna M. Welch (consent)*
Donna M. Welch, P.C.
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Counsel for Allergan Finance, LLC f/k/a
Actavis, Inc. f/k/a Watson Pharmaceuticals,
Inc.*


*/s/ Eric H. Zagrans (consent)*
Eric H. Zagrans (0013108)
**ZAGRANS LAW FIRM LLC**
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
Tel: (216) 771-1000
Fax: (866) 261-2008
eric@zagrans.com


J. Matthew Donohue
Joseph L. Franco
**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com

Nicholas A. Sarokhanian
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, TX 75201
Tel: (214) 964-9500
Fax: (214) 964-9501
nicholas.sarokhanian@hklaw.com

*Counsel for Insys Therapeutics, Inc.*


*/s/ Brien T. O'Connor (consent)*
Brien T. O'Connor
Andrew J. O'Connor
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for Defendant Mallinckrodt LLC*


*/s/ Daniel G. Jarcho (consent)*
Daniel G. Jarcho*
D.C. Bar No. 391837
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004
Tel: (202) 239-3254
Fax: (202) 239-333
daniel.jarcho@alston.com

Cari K. Dawson*
Georgia Bar No. 213490
Jenny A. Mendelsohn*
Georgia Bar No. 447183
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.mendelsohn@alston.com

*Counsel for Noramco, Inc.*

* denotes national counsel who will seek pro hac vice admission

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that the foregoing document and supporting papers were served via the Court's ECF system to all counsel of record.

*/s/ Ashley W. Hardin*
Ashley W. Hardin