# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO CERTIFY QUESTIONS OF LAW

Distributors have asked the Court to certify three determinative questions of law to the Ohio Supreme Court because it is unusually important to "get the law right," not simply because this litigation is important and the Summit County case is a bellwether, but because the ruling on these questions of law will apply in the more than 100 other Ohio cases that are pending in this MDL proceeding.[1]  Plaintiffs raise a flurry of ill-considered procedural objections, and tacitly concede by their silence that the three questions are important enough to warrant certification.

1.      Plaintiffs say the Motion to Certify Questions of Law to the Ohio Supreme Court (Dkt. 1088) ("the Motion") is "an end-run" around the 15-page limit on Objections to the Magistrate Judge's October 5, 2018 Report and Recommendation ("R&R") and improperly includes "a five-page discussion of the … OPLA" that was not included in Distributors' Objections to the R&R.  Opp. 1.  The simple fact is that requests for certification ordinarily are made by

---

[1] Of that number, more than 90 were filed in federal court, demonstrating that it was the Plaintiff cities and counties, not Distributors, that overwhelmingly chose federal court.  *See* Opp. 7.  Summit County also expressly invoked federal court jurisdiction when it amended its complaint to add RICO claims.  *See* Compl. ¶ 25.

1

motion, and a motion must be supported by a memorandum of law.² Had Distributors requested certification in a footnote to their Objections, Plaintiffs undoubtedly would be opposing certification because we failed to file a formal motion.

2.  Plaintiffs also say the Motion will disrupt the case schedule and trial date. Opp. 5–6. It need not do so. The Court can request expedited consideration of the questions in light of the trial date. The Ohio Supreme Court certainly understands the importance of the litigation. If the Supreme Court has not decided the questions by the time of the first trial, this Court can decide then whether to delay the trial or not. As Plaintiffs note, Distributors have maintained from the beginning that resolution of the many cases could not be had without legal rulings that narrowed the issues for trial. To that end, the parties have spent an enormous effort in briefing motions to dismiss in eight rounds of bellwether cases. Distributors believe that Ohio case law and proper application of the canons of construction mark the pathway to answers to the three questions. It nevertheless is true that the Ohio Supreme Court has not answered them, and, therefore, should the Court believe that a definitive ruling would be useful, then the Court should certify the questions now.³

3.  Plaintiffs also claim that the motion is too late because the Magistrate Judge already has answered the questions. But, as the case cited by Plaintiffs states, certification is disfavored

---

[2] N.D. Ohio LR 7.1(b) (motions must be in writing); LR 7.1(c) ("The moving party must serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion.").

[3] The situation here is nothing like *University of Pittsburgh of the Commonwealth System of Higher Education v. Varian Medical Systems, Inc.*, 2012 WL 141494 (W.D. Pa. Jan. 18, 2012), relied on by Plaintiffs. There, the request to certify a question pursuant to 28 U.S.C. § 1292(b) was made *three days* before the trial. The court denied the request because the case had been pending for four years, and the court already had ruled on "voir[] dire, admissibility of exhibits, deposition designation[s], witnesses, preliminary jury instructions, and final jury instructions." *Id.* at *2.

"when it is sought only after **the district court** has resolved the issue." Opp. 7 (quoting *Antioch Co. Litig. Tr. v. Morgan*, 633 F. App'x 296, 304 (6th Cir. 2015)). The Magistrate's R&R is not a ruling of this Court unless and until the Court adopts it, which it has not done. 28 U.S.C. § 636(b)(1).[4] The time to request certification of a question is before the Court rules on it. Thus, Distributors are not taking a "second bite at the apple." They are entitled to *de novo* review by the Court of the three questions, and they are requesting certification before the Court conducts that review.

4. Finally, Plaintiffs argue that "Distributor Defendants have not sought leave to appeal the decision … of Judge Nusbaum[] in the Attorney General case." Opp. 8. Distributors have not appealed because they are not parties to that case.

Thus, for these reasons and for the reasons given in the Motion, Distributors request leave to file the Motion.

---

[4] *See Hollingsworth v. Timmerman-Cooper*, 2010 WL 6815825, at *1 (S.D. Ohio Nov. 23, 2010), *report and recommendation adopted*, 2011 WL 2532410 (S.D. Ohio June 24, 2011), *certified question answered*, 978 N.E.2d 116 (Ohio 2012) (granting certification requested after R&R recommended resolution of issue).

3

Dated:  November 12, 2018				Respectfully submitted,

*/s/ Robert A. Nicholas*				*/s/ Enu Mainigi*
Robert A. Nicholas					Enu Mainigi
Shannon E. McClure					F. Lane Heard III
**REED SMITH LLP**					Steven M. Pyser
Three Logan Square					Ashley W. Hardin
1717 Arch Street, Suite 3100				**WILLIAMS & CONNOLLY LLP**
Philadelphia, PA 19103				725 Twelfth Street, NW
Tel: (215) 851-8100					Washington, DC 20005
Fax: (215) 851-1420					Tel: (202) 434-5000
rnicholas@reedsmith.com				Fax: (202) 434-5029
smcclure@reedsmith.com				EMainigi@wc.com
							lheard@wc.com
*Counsel for AmerisourceBergen Drug*			spyser@wc.com
*Corporation*						ahardin@wc.com

							*Counsel for Cardinal Health, Inc.*

*/s/ Geoffrey Hobart*
Geoffrey Hobart
Mark Lynch
Christian Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

4

5

## CERTIFICATE OF SERVICE

I, Ashley W. Hardin, hereby certify that the foregoing document and supporting papers were served via the Court's ECF system to all counsel of record.

                                            */s/ Ashley W. Hardin*
                                            Ashley W. Hardin