# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *"Track One Cases"* | ) ) ) | |
| | ) | **DISCOVERY RULING NO. 9** |
| | ) | |

The Special Master hereby resolves the parties' dispute regarding production by defendants of sworn statements made and testimony given by defendants (or their employees, officers, or agents) in parallel State court Opioid proceedings.[1] For the reasons stated below, defendants' objections to producing the requested discovery are **sustained in part and overruled in part.** Defendants shall produce the requested discovery in accord with the parameters set out below.

Plaintiffs contend the requested information is relevant and discoverable, and that any burden of producing the information is minimal. The Special Master agrees: the potential relevance of sworn statements and testimony in parallel litigation is obvious, and the burden on defendants of simply producing copies of existing statements or deposition transcripts from State court proceedings is *de minimis*.

Defendants respond, however, that their obligation should be narrowed in three ways. First,

---

[1] These proceedings include State court cases, mediations, arbitrations, government hearings, and government investigations that address claims related to the marketing, distribution, or sale of Opioids. *See* Plaintiffs' Request No. 11 propounded to Manufacturer Defendants and Request No. 18 propounded to Distributor Defendants.

defendants contend that, to the extent any State-court testimony or statements must be produced, plaintiffs are not entitled to testimony or statements given after January 25, 2019, which is the discovery cut-off date for the MDL Track One cases. The Special Master agrees that this limitation is appropriate. "The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 933 (9th Cir. 2002).[2] The MDL discovery cut-off applies equally to the obligation to produce parallel State court testimony or statements.

      Second, defendants assert they should not be required to produce sworn statements given to State Attorneys General, because many States grant their Attorney General pre-litigation investigative powers that work to "relax state or federal rules of civil procedure;" accordingly, there may be "due process concerns" with producing those statements in this MDL. Letter from Sabrina Strong to Special Master Yanni at 5 (Oct. 29, 2018) ("Strong letter"). This objection comes too late. Over seven months ago, the Court ordered defendants to "review documents previously produced pursuant to any civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities involving the marketing or distribution of opioids and . . . produce to the PEC non-privileged documents relevant to the claims in this MDL proceeding." CMO-1 §9.k.ii at 15 (docket no. 232). Defendants complied with this directive. The instant *Ruling* simply requires defendants to "update" their production related to "any civil investigation" through January 25, 2019. Moreover, defendants provide no authority in support of the proposition that the identified due process concerns should preclude *discovery* of the testimony

---

[2] This discovery cut-off is connected to the Track One cases. In future MDL trials, the Special Master may rule differently regarding the appropriate cut-off date for discovery of sworn statements and testimony in State court cases.

and statements in question, as opposed to precluding their admission.

Third, defendants seek to limit which State court witnesses' deposition transcripts they must produce. Defendants suggest they should be required to produce transcripts of only (a) "national-level witnesses" who (b) will also be deposed in the MDL.[3] Further, defendants request that, for any such witness, plaintiffs be required to first meet and confer with defendants and show good cause before taking the deposition of a witness who was deposed in State court. The Special Master rejects these requested restrictions. Defendants give no cogent reason to believe only "national-level witness" statements will be relevant; and even if "state-level witness" statements are potentially *less* relevant, the burden of merely producing such a witness's transcript in the MDL is very low.[4] *See* Fed. R. Civ. P. 26(b)(1) (requiring a court to determine "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Also, these State-court witness statements are likely to have relevance beyond simply showing whether an MDL witness testified consistently, so there is no good reason to limit production to only statements made by witnesses

---

[3] During negotiations, plaintiffs apparently agreed to some of these limitations contingent on defendants' agreement on other points. Because the parties could not reach final agreement, plaintiffs no longer agree that defendants should be required to produce transcripts of only "national-level witnesses" who will also be deposed in the MDL. Notably, in addition to the reasons discussed below, the Special Master rejects the defendants' requested limitation in order to avoid later disputes over who qualifies as a "national-level witness."

[4] Of course, the question of whether MDL plaintiffs should be allowed to pursue *new discovery within this MDL* of information from local, non-Ohio custodians is different from whether they should be allowed to obtain *otherwise-already-existing statements and testimony* from "state-level witnesses" that is obtained in parallel State court proceedings. If, for example, a defendant's Tulsa district manager testifies in an Oklahoma State court case, the burden on defendants of simply producing the state-court transcript in the MDL is exceedingly low. This is in contrast to the burden/benefit ratio of plaintiffs seeking new testimony in this MDL of various Oklahoma district managers. *See also* footnote 6 below.

3

who will be deposed in the MDL.[5]  Furthermore, following lengthy negotiation by the parties, the Court has already recently and fully addressed the issue of State/Federal deposition coordination, *see* docket no. 1029, and the undersigned will not accept defendants' invitation to use this "new" issue to now modify the Court's *Order Regarding Protocol for State and Federal Court Coordination.*  That said, however, the Special Master believes the *Order Regarding Protocol* already requires (if only by inference) the parties to avoid taking a second deposition of a witness who has already been deposed in State court, and whose deposition transcript would be subject to production in the MDL, absent good reason.

In sum, except for a date limitation, defendants' objections seeking narrowing of plaintiffs' discovery requests are overruled.  Defendants shall produce to the MDL plaintiffs copies of all sworn statements, testimony, and video-taped testimony given by defendants (including defendants' current or former employees, officers, or directors, or agents) on or before January 25, 2019, in any court case, mediation, government investigation, government hearing, or arbitration regarding the marketing, sales, or distribution of Opioids or Opioid Products, including any exhibits referred to in that testimony.[6]

---

[5] Defendants assert it "would be patently unfair to allow Plaintiffs access to untold numbers of additional depositions and testimony from other jurisdictions that would allow them to far exceed the [deposition] limitations imposed by the [MDL] Court. It would also incentivize Plaintiffs to seek depositions in state cases with the intent of using them in the MDL." Strong letter at 3. The Special Master concludes these concerns of defendants, while not frivolous, are undue.

[6] The Special Master notes that this *Ruling* is generally consistent with *Discovery Ruling No. 2*, which stated: "If a defendant produced discovery in *any* prior litigation that involved the marketing or distribution of opioids, that discovery must be produced in the MDL." Docket no. 693 at 6 (emphasis in original). Of course, the limited geographic scope of discovery described in *Discovery Ruling No. 3* is irrelevant to the question addressed in this *Ruling* – that is, the burden of undertaking *new* MDL discovery related to jurisdictions outside the Track One cases is entirely different from the burden of simply producing *existing* discovery from parallel State court cases.

Because the parties' communications on this issue indicate they have already formed potential objections, the Special Master rules that parties must file any objection to this *Discovery Ruling* on or before November 16, 2018.  A successful objection must demonstrate abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(5); *Order of Appointment* (docket no. 69) at 5.

**RESPECTFULLY SUBMITTED,**

<u>/s/ David R. Cohen</u>
**David R. Cohen**
**Special Master**

**Dated: November 12, 2018**