# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document applies to:<br><br>*City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 | )<br>)<br>)<br>) **MDL No. 2804**<br>)<br>) **Case No. 17-md-2804**<br>)<br>) **Judge Dan Aaron Polster**<br>)<br>)<br>)<br>) |

## DISTRIBUTOR DEFENDANTS' FOURTH SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as the Case Management Order in *In re National Prescription Opiate Litigation* (Dkt. No. 232 in No. 1:17-cv-2804), Distributor Defendants hereby request that each Plaintiff in the above-captioned civil action individually respond to the following Interrogatories in accordance with their obligations under the Federal Rules of Civil Procedure. Responses to the Interrogatories shall be provided in the manner required by Rule 33, the Local Rules of the Northern District of Ohio, this Court's Case Management Order One entered on April 11, 2018, Doc. No. 232, and any other applicable law or rules, within thirty (30) days of the service of these Interrogatories.

If any Plaintiff finds any term or other aspect of any of the Interrogatories vague, ambiguous, or otherwise objectionable and intends to so object, counsel for the Distributor Defendants offer to promptly meet with counsel for that Plaintiff to endeavor to resolve any issues.

1

## DEFINITIONS

1. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

2. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Complaint for the wholesale distribution of which Plaintiffs seek to hold the Distributor Defendants liable.

3. "Plaintiff" means each of the twenty-three individual plaintiffs named in this action, including the executive and legislative branches, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other persons or entities acting on each named plaintiff's behalf or controlled by each named plaintiff.  When the pronouns "You" or "Your" are used, their antecedent is each individual responding Plaintiff.

4. "Suspicious Order(s)" means any order of Prescription Opioids placed by any source that Plaintiff believes, suspects, or contends should have been reported to the DEA or Ohio authorities, including the Ohio Board of Pharmacy.  Suspicious Orders are not limited to those placed with the Distributor Defendants, but include those placed with any entity that has a regulatory reporting obligation.

5. "Timeframe" includes each year during which plaintiff claims any Distributor

Defendant engaged in any allegedly wrongful or unlawful conduct that caused damage to the Plaintiff or such other time period as the parties may later agree or the Court determines should apply to each side's discovery in this action.

## INSTRUCTIONS

Each Plaintiff must individually respond to each of these Interrogatories.

## INTERROGATORIES

23   Identify each Suspicious Order that you believe was shipped to Your geographic area by a Distributor Defendant during the time period for which you seek damages in this lawsuit. For each order, identify the date the order was shipped, the medication shipped, the number of dosage units shipped, the number of dosage units that you contend would have been permissible to ship, the reason you believe the order was suspicious, the Distributor Defendant that shipped the allegedly Suspicious Order, and the person or entity that placed the order.

24.   Identify all false and/or fraudulent information that You allege any Distributor Defendant supplied to the Drug Enforcement Administration about Suspicious Orders as alleged in Paragraph 819 of the Second Amended Complaint.

25.   Identify with specificity each of the predicate acts of racketeering activity You allege each of AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation committed, conspired to commit, and/or aided and abetted the commission of for the time period you seek damages in this lawsuit. For each predicate act, provide the date, the conduct that constituted the predicate act, the Defendant(s) involved, the reason that conduct constituted a predicate act of racketeering, and any other individuals/entities involved.

3

26. Identify all facts and evidence that support Your contention that the Distributor Defendants agreed to implement similar tactics regarding their distribution of Prescription Opioids and in their refusal to report Suspicious Orders as alleged in Paragraph 882 of the Second Amended Complaint.

27. Identify and describe each statement or omission relating to Prescription Opioids that were made or disseminated by any of the Manufacturer Defendants and that You allege the Distributor Defendants knew were false, misleading, unfair, deceptive or otherwise actionable and, for each, identify each specific Distributor Defendant who had such knowledge, explain the basis for your contention that it had such knowledge, state the specific act(s) or omission(s) that each Distributor Defendant took with such knowledge, and describe how such act(s) or omission(s) caused a quantifiable harm to You.

28. Describe how, if at all, You used the information contained in the Ohio Automated Rx Reporting System (OARRS), to address prescription drug diversion and abuse.

29. For each Suspicious Order that You contend was shipped into Your geographic area by a Distributor Defendant, identify how, if at all, the Prescription Opioids were used following the shipment, including what percentage of the Prescription Opioids were diverted, abused, used for legitimate medical purposes, used in some other manner, or destroyed, and if the Prescription Opioids were diverted, abused, or otherwise used improperly, who was involved in such diversion, abuse, or other improper use.

        **DISTRIBUTOR DEFENDANTS,**

        **By Liaison Counsel**

        */s/ Shannon E. McClure*
        Robert A. Nicholas
        Shannon E. McClure
        **REED SMITH, LLP**

Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
**JACKSON KELLY PLLC**
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com
lheard@wc.com
spyser@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ Mark Lynch*
Mark H. Lynch
Geoffrey E. Hobart
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
Phone: (202) 662-6000
mlynch@cov.com
ghobart@cov.com
ghobart@cov.com

Emily Johnson Henn
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive
Suite 700

5

                        Redwood Shores, CA  94065
                        Phone:  (650) 632-4700
                        ehenn@cov.com

                        *Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

I, Shannon E. McClure, among the liaison counsel for the Distributor Defendants, certify that on August 1, 2018, I caused the foregoing to be served on the individuals on the attached service list by the manner indicated.

*/s/ Shannon E. McClure*

## SERVICE LIST

**BY HAND DELIVERY AND ELECTRONIC MAIL:**

David J. Butler
Taft Stettinius & Hollister LLP
65 E. State Street, Suite 1000
Columbus, OH 4215
dbutler@taftlaw.com

**BY ELECTRONIC MAIL:**

*Liaison Counsel for Plaintiffs:*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114-1149
(216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
(415) 546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
(805) 435-7000
trafferty@levinlaw.com

*Counsel for Plaintiffs:*

Paul T. Farrell, Jr.
GREENE, KETCHUM, FARRELL,
BAILEY & TWEEL, LLP
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800-479-0053 or 304-525-9115
paul@greeneketchum.com

Anthony J. Majestro

2

POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889
amajestro@powellmajestro.com

Michael J. Fuller, Jr.
McHUGH FULLER LAW GROUP, PLLC
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
601-261-2220
mike@mchughfuller.com

Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
rbudd@baronbudd.com

James C. Peterson
HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
304-345-5667
jcpeterson@hpcbd.com

Roland K. Tellis
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
818-839-2333
rtellis@baronbudd.com

*Liaison Counsel for Defendants:*

Mark Cheffo
Dechert LLP
Three Bryant Park,
1095 Avenue of the Americas,
New York, NY 10036-6797
mark.cheffo@dechert.com

Carol Rendon

3

Baker Hostetler
Key Tower, 127 Public Square
Cleveland, OH 44114
crendon@bakerlaw.com

Enu Mainigi, Esq.
Williams & Connolly
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Shannon McClure, Esq.
ReedSmith
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart, Esq.
Covington & Burling
One CityCenter
850 Tenth Street, NW.
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr, Esq.
Bartlit Beck
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.stoffelmayr@bartlit-beck.com

Tina Tabacchi, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com