# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This Document Relates To:<br><br>*City of Cleveland, Ohio v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45132 | Case No. 1:17-md-2804<br><br>Hon. Dan A. Polster |

### THE NATIONAL RETAIL PHARMACY DEFENDANTS' FIRST SET OF INTERROGATORIES TO CITY OF CLEVELAND, OHIO

The National Retail Pharmacy Defendants named in the above-captioned Track One cases under Case Management Order No. 1 ¶ 3(a)[1] request Plaintiff City of Cleveland to respond to the following interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District of Ohio, and Case Management Order No. 1. If Plaintiff finds any term or other aspect of any of the Interrogatories objectionable and intends to object, counsel for the National Retail Pharmacy Defendants offer to promptly confer with counsel for Plaintiff to attempt to resolve any issues.

---

[1] The National Retail Pharmacy Defendants include the following defendants: CVS Indiana, LLC, CVS Rx Services, Inc., Rite Aid of Maryland, dba Mid-Atlantic Customer Service Center, Walgreens Boots Alliance, Inc., and Walmart Inc. F/K/A Wal-Mart Stores, Inc. Walgreens Boots Alliance, Inc. has filed a motion to dismiss this case for lack of personal jurisdiction and, by serving these requests, does not consent to jurisdiction or waive its position on jurisdiction in any respect. Because less than three months remain for fact discovery under the current schedule and it is uncertain when the Court will decide the personal jurisdiction motion (it is not even fully briefed), Walgreens Boots Alliance, Inc. risks losing the right to obtain necessary discovery – either on its own behalf, if the motion is denied, or on behalf of other entities that may be named in its place if further amendments of the complaints are permitted – if it abstains from participating until the motion is resolved.

## DEFINITIONS

1.  "Plaintiff" refers to Plaintiff City of Cleveland, including without limitation its agencies, offices, departments, divisions, commissions, agents, employees, boards, agents, boards, instrumentalities, vendors, administrators, executive and legislative branches, and anyone other person or entity acting on its behalf or controlled by it. Plaintiff further includes without limitation The MetroHealth System and any other health care systems or facilities owned, affiliated, operated or supported by or with Plaintiff. When the pronouns "You" or "Your" are used, the antecedent is the Plaintiff.

2.  "Relevant Time Period" means the time period during which You claim any National Retail Pharmacy Defendant engaged in any conduct for which you seek damages, or such time period as the parties stipulate or the Court determines should apply to each side's discovery requests in this action.

3.  "Prescription Opioids," as used in these Interrogatories, refers to the Prescription Opioids referenced in the Complaint as to which You seek to hold any National Retail Pharmacy Defendant liable.

4.  "Suspicious Orders" means any order of Prescription Opioids placed by any source that You contend should have been reported to the DEA or state authorities, including the Board of Pharmacy or equivalent. Suspicious orders are not limited to those placed with the National Retail Pharmacy Defendants, but include those placed with any entity that has a regulatory reporting obligation.

## INTERROGATORIES

1. State the years during which You claim each National Retail Pharmacy Defendant engaged in the conduct for which You seek damages.

2. Identify each prescription upon which You base, or which you contend supports, Your claims in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

3. Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

4. Identify each person in Your geographic area who during the Relevant Time Period forged or otherwise improperly altered any prescription for any Prescription Opioid or who sought to obtain any Prescription Opioid through a forged or otherwise improper prescription.

5. Identify every instance during the Relevant Time Period in which You requested information relating to Prescription Opioids from the Ohio Automated Rx Reporting System (OARRS), including the date of the request, the subject matter of the request, the information You requested, the information You obtained in response to the request, and any action You took based on that information.

6. Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period. This includes but is not limited to all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS. For each such person, state when access was first obtained and, if applicable, discontinued.

7. Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

8. Identify the "national comparative benchmarks and indefensible outliers" related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch.

9. Identify all physicians and any other health care providers who prescribed Prescription Opioids during the Relevant Time Period and who, at the time, were employed by You or practiced at facilities owned, operated, supported, or affiliated with You, including The MetroHealth System and any other public health care systems or facilities. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

10. Identify all pharmacies that, during the Relevant Time Period, were owned, operated, supported, or affiliated with You, including through The MetroHealth System and any other public health care systems or facilities, and all pharmacists and pharmacy technicians who were employed by, compensated by, or otherwise worked in those pharmacies during the Relevant Time Period. For each individual, identify her or his place(s) of work and title(s) during the Relevant Time Period.

11. Identify each instance in which a person identified in response to Interrogatory Nos. 9 and 10 was involved in the diversion of Prescription Opioids during the Relevant Time Period—including without limitation the improper prescribing or filling of Prescription Opioids

or the submission to a distributor of a Suspicious Order. For each instance, identify the person, the nature of her or his involvement in the diversion, and the date of the diversion.

12. Identify all communications during the Relevant Time Period between any of the individuals identified in response to Interrogatory Nos. 9 and 10 and any National Retail Pharmacy Defendant, or anyone who You maintain was acting on behalf of or in concert with any National Retail Pharmacy Defendant, including the date of the communication, the substance of the communication, and the parties to the communication.

13. Identify any fees, reimbursements, honoraria, gifts or other items of value received in the Relevant Time Period by any individual identified in response to Interrogatory Nos. 9 and 10 from any Defendant named in Your Second Amended Complaint or from anyone who You maintain was acting on behalf of or in concert with any Defendant named in Your Second Amended Complaint.

14. Identify the individuals referenced anonymously in Your Second Amended Complaint as sources of information, including the name, address, and profession of each source.

15. Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any pharmacy in Your geographic area about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any pharmacy in Your geographic area that You suspected or believed Prescription Opioids were being diverted from it. For each such communication, identify the pharmacy with which You had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

16. Identify each instance during the Relevant Time Period in which You or anyone acting on Your behalf, including but not limited to Your health care and law enforcement agencies, communicated with any distributor of Prescription Opioids about Prescription Opioids. This includes without limitation each instance You or anyone acting on Your behalf notified any such distributor that You suspected or believed that Prescription Opioids shipped by the distributor were being diverted in Your geographic area. For each such communication, identify the distributor with which you had the communication, the substance of the communication, the date of the communication, and the persons who were party to it.

17. Identify all persons (other than Your attorneys in this action) from whom you have obtained information about alleged diversion in Your geographic area by a National Retail Pharmacy Defendant during the Relevant Time Period. Describe the information that each person possesses and identify the National Retail Pharmacy Defendant to which it pertains.

18. Identify each employee, contractor or other person to whom You provided compensation during the Relevant Time Period (other than Your attorneys in this action) who worked on addressing, or who provided information to You about, the problems You experienced or expenses You incurred from the diversion of Prescription Opioids.

19. Identify each state or federal official or agency (including but not limited to the United States Drug Enforcement Administration, the United States Department of Justice, a United States Attorney's Office, the Ohio Department of Medicaid and its constituent providers, the Ohio Department of Public Safety, the Ohio Attorney General's Office, the State of Ohio Board of Pharmacy, and the State Medical Board of Ohio), insurer, or third party benefit manager who provided information to You about diversion of Prescription Opioids during the Relevant Time Period, including but not limited to information about Suspicious Orders,

improper prescriptions, or individuals responsible for diversion of Prescription Opioids. Include in Your response a description of the information and date it was provided.

20. Provide a computation of each category of damages, monetary sums, and injunctive relief that You seek from each National Retail Pharmacy Defendant.

Dated June 21, 2018

Respectfully submitted,

/s/ Eric R. Delinsky

Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana, LLC & CVS Rx Services, Inc.*

Kaspar J Stoffelmayr
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreens Boots Alliance, Inc.*

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacci@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc. F/K/A Wal-Mart Stores, Inc.*

Kelly A. Moore, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6612
kelly.moore@morganlewis.com

Elisa P. McEnroe, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5917
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., dba Mid-Atlantic Customer Service Center, and Rite Aid Corporation*

## CERTIFICATE OF SERVICE

I, Eric R. Delinsky, do hereby certify that I caused a true and correct copy of the foregoing to be served by email on Plaintiffs' Liaison Counsel and Defendants Liaison Counsel pursuant to Case Management Order No. 1, ¶ 9(c).

/s/ Eric R. Delinsky