# Exhibit C

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE
1801 WEWATTA STREET
SUITE 1200
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4434
kaspar.stoffelmayr@bartlit-beck.com

September 24, 2018

*Via Email*

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, OH 44122

Re:   *In re National Prescription Opiate Litigation*, MDL No. 2804
      Plaintiffs' Refusal to Respond to the Pharmacy Defendants' Interrogatories 2, 3
      and 7 Regarding Prescriptions and Suspicious Orders

Dear Special Master Cohen:

I write on behalf of CVS, Rite Aid of Maryland, Walgreens, and Walmart (collectively, the "Pharmacy Defendants") regarding an impasse we have reached with Plaintiffs[1] over their refusal to respond to the Pharmacy Defendants' Interrogatories seeking information related to prescriptions (Nos. 2 and 3) and suspicious orders (No. 7).  On August 24, 2018, the Pharmacy Defendants sent letters to Plaintiffs outlining the deficiencies in their responses.  On September 14, 2018, the parties met and conferred on these issues and could not reach agreement.[2]  We therefore request that you order Plaintiffs to supplement their responses to Interrogatory Nos. 2, 3, and 7.

We understand that you have scheduled oral argument on September 28 on one of the issues raised below (prescriptions) as it pertains to the Manufacturer Defendants' discovery requests.  If appropriate, we will be prepared to address the prescription-related issues discussed below at that time.

**<u>Interrogatory Nos. 2 and 3</u>**

Interrogatory Nos. 2 and 3 seek information about the opioid prescriptions underlying Plaintiffs' claims.  They state:

Identify each prescription upon which You base, or which you contend supports, Your claims in this case.  For each prescription, identify the prescriber, dispensing

---

[1] References to Plaintiffs include City of Cleveland, Cuyahoga County, Summit County, and City of Akron.

[2] We continue to meet and confer with Plaintiffs regarding other deficiencies in their responses.

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 2

>pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.
>
>Identify each prescription the filling of which caused or led to harm for which you seek to recover in this case. For each prescription, identify the prescriber, dispensing pharmacy, dispensing pharmacist, and dispensing date, and explain how it supports Your claims.

We previously brought these Interrogatories to your attention and foreshadowed a discovery dispute related to them in an August 24, 2018 letter from Kaspar Stoffelmayr. (A copy is attached as Exhibit A.) For the reasons stated in that letter, the information sought in Interrogatory Nos. 2 and 3 is relevant to the claims against the Pharmacy Defendants.

Plaintiffs, however, have refused to provide us the prescription-level information requested in Interrogatory Nos. 2 and 3. Plaintiffs simultaneously respond that "[i]ndividual proof is not relevant here" and that "this evidence will be the subject of fully-supported and detailed expert witness opinion(s)." (Plaintiffs' Interrogatory Responses are attached as Exhibits B-D.)

During our meet and confer, Plaintiffs explained that they stand on their objections and that they intend to prove their claims through "aggregate proof" rather than individual prescriptions. In doing so, they referred us to their prior submissions to you on this topic. *See, e.g.*, Aug 17, 2018 Letter from Paul Hanly to Special Master David Cohen at 2 ("Plaintiffs' claims do not turn on the contention that particular prescriptions were medically unnecessary or improper.") and at 4 (explaining intention to prove claims through aggregate proof).

First, all of Plaintiffs' claims against the Pharmacy Defendants about harms caused by "suspicious orders" the Pharmacy Defendants allegedly shipped to their own stores are premised on a claim that the medications shipped in those orders were then dispensed improperly. Otherwise, these orders could not have caused any harm to Plaintiffs and would only result in additional medications sitting locked up in inventory. Whatever "aggregate proof" Plaintiffs intend to offer of such allegedly improper dispensing, it must be based on factual data of some kind. There is no question that Defendants are entitled to that data as part of fact discovery if Plaintiffs have it. And if in fact no data supports Plaintiffs' claims (as we believe), then they must say so.

Second, if Plaintiffs do not intend to prove that any individual prescriptions caused or led to any of the harm for which they seek to recover (that is, if Plaintiffs do not contend that any individual prescription supports their claims), they should be required to say so definitively in sworn responses to Interrogatory Nos. 2 and 3 so that we can prepare our defenses accordingly. In the alternative, to the extent Plaintiffs do base their claims on and contend that they suffered as a result of any individual prescription, they need to identify those prescriptions so that we may

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 3

prepare defenses as to those prescriptions.  The scope of discovery is not restricted based on how Plaintiffs say they will prove up their cases but includes "any nonprivileged matter that is relevant to any party's claim *or defense*."  Fed. R. Civ. Pro. 26(b)(1) (emphasis added).

Finally, while Plaintiffs say they will use "aggregate proof," they have conspicuously avoided saying that they do not have and will not attempt to offer evidence, perhaps for "color," about particular pharmacies or prescriptions that they say should not have been filled.  If Plaintiffs intend to use evidence involving specific prescriptions that they allege should not have been filled, they must provide that evidence so that Defendants may prepare their defense.  Or Plaintiffs must say clearly that they have no such evidence and do not intend to offer any such evidence in these cases.

**Interrogatory No. 7**

Interrogatory No. 7 asks Plaintiffs to identify the suspicious orders that form the basis of their claims.  It states:

> Identify all Suspicious Orders for Prescription Opioids shipped by any National Retail Pharmacy Defendant in Your geographic area during the Relevant Time Period, including for each the name and location of the pharmacy that placed the order, the distributor to whom it was placed, the respective dates that it was placed and shipped, the manufacturer, name and amount of the medication that was ordered and shipped, and the reason(s) why the order was suspicious.

In response, Plaintiff Cuyahoga County provided a list of the "highest dispensing opioid pharmacies in Cuyahoga County," and Summit County and City of Akron responded by providing lists of pharmacies that received the largest shipments of opioids and pharmacies that "the ARCOS database identifies [] as having filled [sic] suspicious orders."  (Cuyahoga County's and Summit County's Responses to Interrogatory No. 7 are attached as Exhibits B and C.)  These lists are non-responsive to Interrogatory No. 7 and fail to identify any order that Plaintiffs contend is suspicious.

For its part, Cleveland stated that it cannot respond until discovery has progressed further and it has an opportunity to complete its review of the ARCOS data.  (City of Cleveland's Response to Interrogatory No. 7 is attached as Exhibit D.)  Cleveland reiterated this position during the meet and confer, and the other Plaintiffs adopted it.

But each Plaintiff alleged—under penalty of Rule 11—in its complaint that the Pharmacy Defendants failed to adequately detect and disclose "suspicious orders."  This Interrogatory goes to the core of Plaintiffs' claims against the Pharmacy Defendants.  If Plaintiffs truly cannot, at this stage of the litigation, identify even a single "suspicious order" that the Pharmacy Defendants failed to detect and disclose, then serious questions arise regarding whether Plaintiffs

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Special Master David R. Cohen
September 24, 2018
Page 4

had a good-faith basis for asserting any claims against the Pharmacy Defendants in the first place.  *Cf.* Fed. R. Civ. P. 11(b)(3).  The Pharmacy Defendants are, at the very least, entitled to a clear statement on the record that Plaintiffs are not aware of a single suspicious order that any of them is alleged to have shipped.

Even if further discovery might lead to the identification of additional suspicious orders, the Pharmacy Defendants are entitled to have Plaintiffs identify every suspicious order, if any, of which they are currently aware.  That Plaintiffs are currently aware of such orders is strongly suggested by a June 13, 2018 email sent by Plaintiffs' counsel Paul Farrell to Mark Lynch (counsel for McKesson) and others, in which Mr. Farrell states that Plaintiffs have identified certain shipments as "indefensible outliers."[3]  (A copy of Mr. Farrell's email is attached as Exhibit E.)  Plaintiffs have provided no excuse for failing to identify these orders, at least, in response to Interrogatory No. 7.  And if Mr. Farrell's statement was incorrect and Plaintiffs have in fact identified no such "indefensible outliers," Defendants and the Court are entitled to know that.

For the reasons stated above, we request that Plaintiffs be ordered to provide substantive responses to Interrogsatory Nos. 2, 3, and 7.

                                                       Respectfully submitted,

                                                       Kaspar J. Stoffelmayr

cc:      All Liaison Counsel

---

[3] Our Interrogatory No. 8 asks Plaintiffs to "Identify the 'national comparative benchmarks and indefensible outliers' related to the Track One cases referred to in Paul Farrell's June 13, 2018 email to Mark Lynch."  Plaintiffs' failure to provide a substantive response to this Interrogatory is the subject of ongoing discussions with Plaintiffs.