# Exhibit D

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ENU MAINIGI
(202) 434-5420
emainigi@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 4, 2018

**Via Electronic Mail**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837
david@specialmaster.law

Re:   *In re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Special Master Cohen,

Tuesday's ruling on the subject of unnecessary prescriptions indicates that you are considering "tak[ing] the same approach to defense interrogatories directed at identification of suspicious orders." Ruling at 3. Distributor Defendants wish to underscore that discovery requests seeking identification of "suspicious orders" are different from the issue of unnecessary prescriptions in significant respects. Accordingly, for the reasons set forth below, Distributor Defendants request that Plaintiffs be directed to answer Interrogatory No. 23 in full and as drafted.

*First*, Plaintiffs do not deny that they can identify allegedly suspicious orders; they simply say that they should not be required to do so until expert reports are due. That is too late. The identification of allegedly suspicious orders will be the springboard for discovery by Distributor Defendants. That discovery will be of at least three types: (1) discovery from the pharmacies that placed the allegedly suspicious orders to show that the orders were not, in fact, suspicious; (2) discovery from the DEA and other regulators to show that they would not have acted even had the order been reported; and (3) discovery to show that the order, even if "suspicious" per certain factors identified in the regulation, cannot be traced to diversion that harmed Plaintiffs. Either Plaintiffs must provide the expert reports that identify the suspicious orders (as well as the pharmacies that placed them) well before the close of fact discovery, or fact discovery for this purpose must remain open well after Plaintiffs provide the reports.

That is to say, it is pointless to squabble over whether the information is factual or expert in nature. In any event, Distributor Defendants have a right to pursue discovery that cannot

WILLIAMS & CONNOLLY LLP

October 4, 2018
Page 2

begin until Plaintiffs identify specific suspicious orders and the pharmacies that placed them.[1] This discovery goes to the threshold question of whether there was any *breach* of a legal duty in the first place.

*Second*, Plaintiffs have the ability to identify suspicious orders now. They have maintained from the beginning of this litigation that they could prove that Distributor Defendants failed to report suspicious orders once they had ARCOS data and Distributor Defendants' transactional data. Paul Farrell, for example, wrote on behalf of Plaintiffs in February 2018:

> The [ARCOS] data requested will enable the plaintiffs, defendants and the Court to determine which distributors sold which pills in which amounts in each jurisdiction. *The data will identify with particularity "suspicious orders" of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency*.[2]

Plaintiffs have had this information for months. Indeed, in June 2018, Plaintiffs wrote that they already had identified "indefensible outlier[]" orders.[3] They cannot argue, as they did regarding prescriptions, that the information is not readily available to them.

*Third,* there are far fewer pharmacy orders than there are prescriptions. Stated another way, each individual pharmacy order translates into multiple individual prescriptions of varying doses, limitations, etc. Any burden of responding to this interrogatory is substantially less than that associated with the requests addressed in your October 2 order.

\* \* \*

Unless Plaintiffs are required to identify all orders—that is, the alleged breaches of a legal duty—that are at issue in this case *now*, so that fact discovery about them can be accomplished, Distributor Defendants will be denied a fair opportunity to defend against

---

[1] Distributor Defendants separately have moved to compel answers to their Interrogatory Nos. 2 and 3, which seek identification of the pharmacies that Plaintiffs contend placed suspicious orders and/or were involved in diversion. *See* Letter from L. Flahive Wu to S.M. Cohen (September 25, 2018) (also addressing Interrogatory Nos. 14 and 15). Distributor Defendants need both the identification of the specific alleged suspicious orders as well as the pharmacies that allegedly placed them in order to conduct necessary additional discovery to defend against Plaintiffs' claims.
[2] Ex. A, Ltr. from P. Farrell, Jr. to Assistant U.S. Attorney J. Bennett, II, at 2 (Feb. 13, 2018) (emphasis added).
[3] Ex. B, E-mail from P. Farrell, Jr. to Mark Lynch (June 13, 2018).

WILLIAMS & CONNOLLY LLP

October 4, 2018
Page 3

Plaintiffs' claims.  Plaintiffs therefore should be directed to answer Interrogatory No. 23 in full and as drafted.

                                            Respectfully Submitted,

                                            */s/ Enu Mainigi*

                                            Enu Mainigi

CC: All Liaison Counsel