# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

*The County of Summit, Ohio, et al. v. Purdue
Pharma L.P., et al.*, Case No. 18-OP-45090

*The County of Cuyahoga v. Purdue Pharma
L.P.*, Case No. 17-OP-45004

*City of Cleveland v. AmerisourceBergen Drug
Corp.*, Case No. 18-OP-45132

MDL No. 2804

Case No. 17-md-2804

Hon. Dan Aaron Polster

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
## THE MANUFACTURER DEFENDANTS' JOINT MOTION TO DISMISS TRACK 1
## PLAINTIFFS' CLAIMS FOR DAMAGES PURSUANT TO RULE 41(b)

Track 1 Plaintiffs ("Plaintiffs") ask this Court not to address their willful disregard of an

unambiguous requirement in CMO-1.  Plaintiffs do not dispute that they never challenged or

sought to alter Paragraph 9 of CMO-1; they have refused to provide the information required by

Paragraph 9(l)(iii) of CMO-1 for months; and they were warned by Special Master Cohen that

the failure to comply would result in forfeiture of any claims for money damages based upon

medically unnecessary or inappropriate ("MU/MI") prescriptions.  *See* Discovery Ruling No. 1,

ECF No. 606, at 6 ("A plaintiff who fails to fulfill this requirement: (1) forfeits any claim for

money damages based upon unnecessary prescriptions . . .").  To date, with only a few months

remaining in discovery, Manufacturer Defendants still do not know which opioid prescriptions

Plaintiffs believe were improper and why—despite the fact that Plaintiffs seek damages that they

claim were a result of prescriptions that should not have been written.  As a result, Manufacturer

Defendants have been unable to take even the basic third-party discovery they need to challenge

Plaintiffs' alleged theory of causation and damages.  CMO-1, which was heavily negotiated by the parties with extensive involvement by the Special Masters, including the specific provision at issue, was meant to avoid the prejudice that Manufacturer Defendants have suffered.

Rather than trying to justify their non-compliance or even explain why their misconduct does not mandate dismissal of all claims for monetary damages (as Special Master Cohen made clear it would), Plaintiffs ask the Court to simply decline to consider the issue because of the existing moratorium on motions.  *See* CMO-1 § 6(g).  But the Court should not permit Plaintiffs to willfully violate its case management Order and then avoid the consequences by invoking the same Order they violated.  Each of Plaintiffs' arguments demonstrates why the Court not only should consider but also should grant the Manufacturer Defendants' Rule 41(b) motion.

*First*, Plaintiffs argue that the motion to dismiss under Rule 41(b) is moot, because "[w]hatever obligation Plaintiffs may or may not have had under CMO-1 to identify prescriptions that were medically unnecessary has been superseded by the rulings of the Special Master and this Court with respect to Interrogatory 10."  (Opp., ECF No. 1113, at 6).  This makes no sense—particularly given how that interrogatory was amended by the Special Master and, subsequently, by the Court.  CMO-1 was entered at the outset of the case, and set forth initial obligations *separate and apart* from any obligation by Plaintiffs to comply with specific discovery responses.  As Plaintiffs concede, CMO-1 "set deadlines and procedures to streamline litigation and ensure prompt resolution."  (*Id.* at 3).  One of those deadlines was for Plaintiffs to identify and provide basic information, at the outset of this case, about all MU/MI prescriptions that Plaintiffs contend are at issue—to help facilitate discovery on those prescriptions and to avoid future discovery-related disputes.  Plaintiffs admit that they have not done so.  The Court's subsequent discovery rulings—which were entered in the context of the fuller obligations

2

required by CMO 1—do not, and surely were not intended to, supersede this threshold obligation much less give Plaintiffs a pass to avoid the consequences of their non-compliance.

Plaintiffs ask the Court to allow a violation of its Order without any consequence. To make matters worse, Plaintiffs argue that their obligation has somehow been overridden by an independent discovery order, with which they also have not complied. Indeed, while simultaneously ignoring CMO-1, Plaintiffs objected to the Manufacturer Defendants' discovery requests regarding MU/MI prescriptions, which Plaintiffs themselves concede are relevant to the Manufacturer Defendants' defenses, and forced repeated motion practice before both Special Master Cohen and the Court—yet they still have not complied with Discovery Order No. 5 or the Court's Order Regarding Discovery Order No. 5.[1]  Plaintiffs assert that "[t]he Court has adjudicated Plaintiffs' obligation to identify prescriptions they contend are medically unnecessary." (Opp. 7). Defendants agree: The Court did so in CMO-1, and required this information to be produced by July 16, 2018. That the Court later ordered Plaintiffs to provide a subset of that information in response to interrogatories did not change this underlying obligation. Plaintiffs' obligation to comply with CMO-1 was not at issue in those discovery motions, and Plaintiffs never sought to revisit that obligation. Instead, Plaintiffs have demonstrated their belief that they can simply ignore the Court's Order and refuse to produce the

---

[1]      Plaintiffs argue that the "information has actually been provided in response to Interrogatory Response No. 10." (Opp. 7). Not so. Plaintiffs' response to Interrogatory Response No. 10 does not even purport to identify all medically inappropriate prescriptions that are at issue, much less provide the specific details called for by CMO-1. In fact, not only do Plaintiffs fail to provide all the information called for in Interrogatory No. 10, they (and/or their vendor) have refused to make the underlying data available to Defendants—which only exacerbates the delay and prejudice. Manufacturer Defendants are separately seeking to address these deficiencies pursuant to the Court's direction.

facts necessary to support their damages claims, and get away with it.  The Court should not permit this to happen.

*Second*, Plaintiffs argue that granting leave to file the Rule 41(b) motion should be denied because this motion would somehow "delay this litigation" and thwart settlement.  (Opp. 8).  These arguments also make no sense, and are not a legitimate basis for the Court to avoid consideration of Plaintiffs' willful violation of CMO-1.  Plaintiffs cannot avoid judicial review of their conduct—which defies this Court's Order, Special Master Cohen's admonition, and the Manufacturing Defendants' legitimate efforts to defend themselves—by arguing that the motion seeking to address that conduct is somehow too disruptive *to them*.

Moreover, rather than cause delay, granting the Rule 41(b) motion will streamline the case and, as a result, facilitate settlement discussions.  It will allow the Court and the parties to focus on Plaintiffs' claims for prospective injunctive relief with respect to an ongoing public-health crisis—rather than Plaintiffs' claims for damages based upon allegedly improper opioid prescriptions that they have refused to identify.  Narrowing the case to claims for prospective injunctive relief, in turn, would streamline the issues for trial.  With the focus on injunctive relief, such a result also may help facilitate settlement-related discussions—both with respect to the Track 1 cases and globally.  And, briefing the Manufacturer Defendants' Rule 41(b) motion will not impose any additional burden on the parties, as it will take only a short time to complete briefing and discovery  is proceeding concurrently.[2]

---

[2]    Plaintiffs argue that "any motions seeking to limit any party's proofs based on discovery deficiencies" can be "assessed all at once after the completion of discovery, in connection with motions for summary judgment or pretrial proceedings."  (Opp. 9).  But the Rule 41(b) motion is separate and apart from any motion addressing the sufficiency of Plaintiffs' discovery responses.  They are, of course, insufficient, but that is irrelevant where, as here, Plaintiffs have made the repeated tactical decision to willfully ignore a critical provision of CMO-1.

*Lastly*, without challenging Manufacturer Defendants' interpretation of Paragraph 9(l)(iii) of CMO-1 (or disputing that they have produced no responsive information), Plaintiffs argue that there is no factual basis for the Rule 41(b) motion and that the requested sanction of dismissal is too "extreme."  (Opp. 10).  However, there is no reading of CMO-1 that would allow Plaintiffs to avoid their obligations under Paragraph 9(l)(iii) merely because they have decided not to seek reimbursement for "medically unnecessary or medically inappropriate opioid prescriptions" (Opp. 11)—only one particular type of money damages.  In Paragraph 9(1)(iii) of CMO-1, the Court expressly required Plaintiffs to provide specifically-enumerated categories of facts regarding prescriptions, including "**whether** Plaintiff reimbursed for [the MU/MI prescriptions]"—a requirement that would be unnecessary if Plaintiffs were **only** required to identify MU/MI prescriptions for which they reimbursed.  Plaintiffs' interpretation would impermissibly make meaningless one of the most heavily negotiated provisions of Paragraph 9, from which Plaintiffs never sought relief.  Plaintiffs have been on notice for more than three months of Defendants' position that they have violated this provision—they should now face the consequences of their choice to disregard this Court's clear Order.

Nor is dismissal too "extreme," as the numerous cases cited in Manufacturer Defendants' Rule 41(b) motion to dismiss make clear.  The courts in each of these cases dismissed claims brought by plaintiffs in an MDL action because they failed to comply with the terms of a CMO. *See, e.g., Dzik v. Bayer Corp*., 846 F.3d 211, 216 (7th Cir. 2017) (affirming dismissal for failure to comply with CMO); *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc*., 668 F. App'x 173, 175 (7th Cir. 2016) (affirming dismissal for failure to comply with CMO requiring factsheets and production of medical records); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (applying Rule 41(b) to dismiss for failure to comply

with CMO regarding fact sheets); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d

1217, 1236 (9th Cir. 2006) (same); *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices*

*& Prod. Liab. Litig.*, No. 2:14-CV-0523, 2015 WL 12844944, at \*2 (D.S.C. Mar. 23, 2015)

(same).  The same result should apply here.

Put simply, Manufacturer Defendants should be permitted to file a motion that holds

Plaintiffs accountable for their refusal to comply with CMO-1 and the prejudice caused by this

non-compliance.  For the foregoing reasons, Manufacturer Defendants respectfully request that

the Court grant leave to file their proposed Rule 41(b) motion.

Dated:  November 15, 2018                    Respectfully submitted,


/s/ Steven A. Reed
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals U.S.A., Inc.,*
*Cephalon, Inc., Watson Laboratories, Inc., Actavis*
*LLC, and Actavis Pharma, Inc.*

/s/ Charles C. Lifland (consent)

Charles C. Lifland
Sabrina Heron Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

*Attorney for Defendants Janssen
Pharmaceuticals, Inc., Johnson &
Johnson, Janssen Pharmaceutica, Inc.
n/k/a Janssen Pharmaceuticals, Inc., and
Ortho-McNeil-Janssen Pharmaceuticals,
Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Mark S. Cheffo (consent)

Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
DECHERT
Three Bryant Park
1095 Avenue of the Americas
New York, NY
Telephone: (212) 698-3500
Fax: (212) 698-3599
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
hayden.colemen@dechert.com

*Counsel for Defendants Purdue Pharma L.P.,
Purdue Pharma Inc., and The Purdue Frederick
Company*

/s/ Jonathan L. Stern (consent)

Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001

7

Phone: 202-942-5000
Fax: 202-942-5999
Email: jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Phone: 213-243-4000
Fax: 213-243-4199
Email: sean.morris@arnoldporter.com

*Attorneys for Endo Health Solutions Inc. and
Endo Pharmaceuticals Inc., as well as Par
Pharmaceutical, Inc., and Par Pharmaceutical
Companies, Inc. f/k/a Par Pharmaceutical
Holdings, Inc.*


/s/ Donna M. Welch (consent)

Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North Lasalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com

*Counsel for Allergan Finance LLC f/k/a Acatvis,
Inc. f/k/a Watson Pharmaceuticals, Inc.*

/s/ J. Matthew Donohue (consent)

J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
matt.donohue@hklaw.com
joe.franco@hklaw.com

Nicholas A. Sarokhanian
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600

8

Dallas, TX 75201
Telephone: 214.964.9500
nicholas.sarokhanian@hklaw.com

*Counsel for Insys Therapeutics, Inc.*


/s/ Brien T. O'Connor (consent)

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendant Mallinckrodt LLC and SpecGX LLC*

*/s/ Daniel G. Jarcho (consent)*

Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street, N.W.
Wasthington, D.C. 200004-1404
(202) 239-3254
Daniel.jarcho@alston.com

*Counsel for Noramco, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, a copy of the foregoing **REPLY BIREF IN SUPPORT OF MOTION FOR LEAVE TO FILE THE MANUFACTURING DEFENDANTS' JOINT MOTION TO DISMISS TRACK 1 PLAINTIFFS' CLAIMS FOR DAMAGES PURSUANT TO RULE 41(b)** and supporting papers were filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: November 1, 2018                                     /s/ Steven A. Reed
                                                           Steven A. Reed