UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track One Cases*" | ) ) ) ) ) ) | SPECIAL MASTER COHEN  DISCOVERY RULING NO. 10 |

In anticipation of a weekly discovery teleconference held on November 15, 2018, the parties submitted to the Special Master written communications they had traded regarding the deposition of Walgreens witness Sean Barnes. Barnes is an IT manager who was in charge of technological systems compliance, including Walgreens' controlled substance ordering system. Plaintiffs complained that Walgreens had not produced much of Barnes' custodial file before his deposition, and so wanted to re-open it for five hours. Walgreens responded that plaintiffs' request was not well-taken. Via email, the Special Master ruled in favor of plaintiffs, as follows:

> I have reviewed all submissions related to Ps' request that Mr. Barnes' deposition be re-opened.
> I reject Walgreens' assertion that Plaintiffs "identified nothing material in Mr. Barnes' [late-produced] documents that you were unable to question Mr. Barnes about in his deposition." Desh letter (11/1/18). To the contrary, *see* Mougey letter at 3 (11/13/18). Moreover, the simple fact that 40% of Barnes' documents were produced post-depo is reason enough for re-opening, even without more definite proof that some of those documents raised issues that Ps could question him about.
> Accordingly, I rule that Plaintiffs are permitted to re-open the deposition of Mr. Barnes for up to 3 hours to complete his deposition, and that whatever amount of time is used only counts against Plaintiff's total deposition allowance as a single deposition.

>        Going forward, Walgreens (and all parties) must do a much better job of getting full custodial file production finished well before the deposition, including privilege review.  I understand that 100% production is probably unattainable, but 60% does not come close to being acceptable.  If you all have to figure out a different way to get this done – for example, production with claw-back rights – then you need to do that.
>        I am not happy about having to make this ruling and do NOT want this to be precedential for re-opening depos.  You need to get your document productions out, so that depo questioning can be comprehensive in one go.

Email from Special Master to parties (Nov. 15, 2018 8:36 AM).

Walgreens then asked the Special Master to formalize this ruling, so that it could object. This is the requested formal ruling.

Because the parties' communications on this issue indicate they have already formed potential objections, the Special Master rules that parties must file any objection to this *Discovery Ruling* on or before November 30, 2018.  A successful objection must demonstrate abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(5); *Order of Appointment* (docket no. 69) at 5.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: November 28, 2018**