UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION ) <br> OPIATE LITIGATION ) <br> ) <br> This document relates to: ) <br> **All cases** ) <br> ) <br> ) MDL No. 2804 <br> ALLERGAN FINANCE, LLC ) Case No. 17-md-2804 <br> ) <br>     Third Party Plaintiff, ) Judge Dan Aaron Polster <br> ) <br>             v. ) <br> ) <br> PFIZER, INC. and KING ) <br> PHARMACEUTICALS, INC., n/k/a KING ) <br> PHARMACEUTICALS LLC ) <br> ) <br>     Third Party Defendants. ) <br> ) | |

**ALLERGAN FINANCE, LLC'S BRIEF IN OPPOSITION TO PFIZER, INC.'S
AND KING PHARMACEUTICALS LLC'S MOTION TO DISMISS**

### I. INTRODUCTION

Allergan Finance, LLC's ("Allergan") third-party complaint for indemnification arises directly out of the hundreds, if not thousands, of cases that are currently pending before this Court in connection with the National Prescription Opiate multi-district litigation. Third-Party Defendants Pfizer Inc. ("Pfizer") and King Pharmaceuticals LLC ("King") argue that Allergan's

complaint should be dismissed for lack of jurisdiction and because of a forum selection clause. Neither argument compels dismissal.

First, regarding jurisdiction, the case law is clear: where a third-party complaint is brought under Rule 14, the Court does not need an independent basis for jurisdiction so long as the Court has jurisdiction over the underlying case. Because various plaintiffs initiated multiple cases against Allergan in the Southern District of New York, Allergan could have filed its third-party complaint in that forum. But given that those cases have already been transferred to this Court as part of the MDL, Allergan appropriately filed its third-party complaint here (and could not have filed it anywhere else).

Second, with respect to the forum selection clause, Third-Party Defendants' reliance on *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013) ("*Atlantic Marine*"), is misplaced. *Atlantic Marine* considered a transfer under 28 U.S.C. §1404 – the federal change of venue statute. The instant litigation being an MDL, however, transfers are governed by a wholly separate statute, 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation ("JPML") has repeatedly held, even after *Atlantic Marine*, that transfers under Section 1407 are not impacted by forum selection clauses.

This Court has undertaken the challenge to resolve the opioid crisis, and it cannot do so without all of the stakeholders before it. As the manufacturer of the prescription opioid drug Kadian® during the years 1998–2008, Pfizer and King are undoubtedly among those stakeholders. Both the law and the exceptional factual circumstances of this case compel Pfizer's and King's inclusion in these MDL proceedings before this Court. Their motion to dismiss should be denied.

## II. STATEMENT OF FACTS

King previously manufactured the prescription opioid Kadian®. (*See* Third Party Cmplt., Dkt. 832, at ¶¶1, 2.) On or around December 17, 2008, Allergan's predecessor in interest, Actavis Elizabeth, LLC, purchased from King the right to manufacture and market Kadian®. (*Id*. at ¶¶1, 3). To effectuate that purchase, the parties entered into a binding and enforceable Asset Purchase Agreement.

In Section 12.02(a) of the Asset Purchase Agreement, the parties expressly included an indemnification clause whereby King agreed to indemnify Allergan for "the use by [King] or its Affiliates of the [Kadian®] Marketing Materials prior to the [December 2008] Closing," and any third-party claims arising out of the manufacture or ownership of Kadian® prior to the December 2008 closing. (*Id*. at ¶4.) Pursuant to this unambiguous indemnification obligation, Allergan requested indemnification from King and King's successor in interest Pfizer relating to the lawsuits alleging false or deceptive marketing of Kadian® prior to December 2008. (*Id*. at ¶¶40, 41.) Pfizer refused Allergan's request for indemnification, disclaiming any liability and its obligation to indemnify Allergan. (*Id.*) Allergan therefore brought this third-party complaint for indemnification (and other related claims) under Federal Rule of Civil Procedure 14.

## III. LAW & ARGUMENT

### A. Allergan Could Have Filed in the Southern District of New York.

Pfizer and King argue that this case must be dismissed for lack of diversity jurisdiction. This overlooks, however, that an independent basis of subject matter jurisdiction is not required for a Rule 14 third-party complaint. *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004). Instead, so long as the Court has proper subject matter jurisdiction over the *original* complaint (*i.e.*, between the plaintiff and the defendant), the court may exercise

3

supplemental jurisdiction over the third-party complaint. *See id.* (holding that it is "well-settled" that supplemental jurisdiction exists over third-party complaints without regard to any independent basis of jurisdiction because the purpose of the supplemental jurisdiction statute, 28 U.S.C. §1367, is to prevent plaintiffs, and not defendants or third parties, from avoiding diversity requirements); *see also Continental Cas. Co. v. Auto Plus Ins. Agency, LLC*, 676 F. Supp. 2d 657, 665 (N.D. Ohio 2009) (exercising supplemental jurisdiction over third-party complaint notwithstanding lack of diversity, as "there is no requirement that [third-party plaintiffs'] claims . . . have an independent jurisdictional basis"); *Snap-On Bus. Solutions, Inc. v. Hyundai Motor Am.*, No. 5:07-CV-1961, 2008 U.S. Dist. LEXIS 71395, at *7 (N.D. Ohio Sept. 5, 2008) (granting leave to file third-party complaint notwithstanding lack of diversity between third-party plaintiff and third-party defendants, finding third-party complaints fall under supplemental jurisdiction).

Pfizer and King acknowledge that at least two cases transferred to this MDL were originally filed in the Southern District of New York: *Laborers 17 Health Benefit Fund v. Purdue Pharma, L.P.*, No. 17-cv-09877 (S.D.N.Y.) (asserting federal question jurisdiction), and *Klodzinski v. Purdue Pharma L.P.*, No. 18-cv-03927 (S.D.N.Y.) (asserting diversity jurisdiction). Both cases assert that wrongful conduct occurred prior to Allergan's December 2008 acquisition of Kadian®. In *Klodzinski*, the complaint alleges that "[Allergan's] predecessor caused a patient brochure to be distributed **in 2007** that claimed opioid addiction is possible, but 'less likely if you have never had an addiction problem.'" (Cmplt., Case No. 18-cv-03927, Dkt. 4, at ¶71) (emphasis added). The complaint also alleges that Allergan's predecessor (King, now Pfizer) created a patient brochure that falsely portrayed dosage increases as not indicative of addiction. (*Id.* at ¶103.)

Likewise, the plaintiff in *Laborers 17* alleges that in the late 1990s all of the manufacturing defendants began a coordinated and deceptive marketing scheme that became more sophisticated in 2006. (Cmplt., Case No. 17-cv-09877, Dkt. 1, at ¶8.) That same complaint also asserts that the predecessor manufacturer of Kadian® created and distributed a false patient brochure in 2007 which falsely downplayed the risk of addiction. (*Id*. at ¶¶ 133(a); 144(a).) The plaintiffs in both *Klodzinski* and *Laborers 17* claim that these representations were false and misleading, thus violating New York and federal law.

Because Allergan's indemnification claims necessarily arise out of the same common nucleus of fact as these two cases properly brought in federal court, it is entitled to bring a Rule 14 third-party complaint against Pfizer and King regardless of whether there is an independent basis for subject matter jurisdiction. Allergan thus could have filed this complaint in the Southern District of New York, but because those actions had already been transferred to the Northern District of Ohio for purposes of consolidation in connection with the MDL, Allergan was required to file its third-party complaint in this Court. *See also* Case Management Order, Dkt. 232, at ¶6(a) ("[A]ny Plaintiff whose case would be subject to transfer to these MDL proceedings may file its case directly in this District.").

    **B.**    **The Forum Selection Clause Has No Effect on Consolidation of Proceedings in Multi-District Litigation.**

The Asset Purchase Agreement's forum selection clause does not preclude the transfer of this action to this Court if Allergan had filed it in New York. Transfers of cases in connection with multi-district litigation are governed by 28 U.S.C. § 1407, and the JPML has time and again held that a forum selection clause does not affect the transfer of a case under Section 1407. *See In re Disposable Contact Lens Antitrust Litig.*, 109 F. Supp. 3d 1369, 1371 (J.P.M.L. 2015) ("Costco's forum selection clause does not affect our authority to transfer Costco to the Middle

5

District of Florida."); *In re Park W. Galleries, Inc., Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009) ("Contractual forum selection clauses thus do not limit the Panel's authority with respect to the selection of a transferee district.") (quoting *In re Med. Resources Sec. Litig.*, 1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998)).

*In re Qualcomm Antitrust Litigation*, 292 F. Supp. 3d 948 (N.D. Cal. 2017), provides no support for Pfizer and King.[1] True, the district court there stated that Apple's action against Qualcomm had been excluded from the MDL because of a forum selection clause. *Id*. at 962 n.1. But that was incorrect, as the JPML did exactly the opposite. In fact, the JPML explicitly stated that forum selection clauses like the one agreed to by Apple and Qualcomm "do not limit the Panel's authority under Section 1407." *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1376 n. 3 (J.P.M.L. 2017). In reality, the JPML decided against transferring the action to the MDL not because of the forum selection clause, but because of Apple's factually unique claims that bore no resemblance to those in the other actions already before the MDL. *Id*. at 1375-76.

Because the forum selection clause would be irrelevant to the JPML's decision to transfer this litigation to this MDL, the JPML would consider whether there is "one or more common questions of fact" between this action and the others in the MDL such that it would be efficient to coordinate or consolidate pretrial proceedings. 28 U.S.C. §1407. There are undoubtedly common questions of fact here; indeed, Allergan's third-party complaint is based on the allegations in the other cases in the MDL—allegations that assert Pfizer and King engaged in

---

[1] None of the other cases cited by Pfizer and King addresses the issue of whether a forum selection clause impacts transfer under Section 1407. The case *In re Oil Spill by the Rig "Deepwater Horizon*," 2017 U.S. Dist. LEXIS 183897 (E.D. La. Nov. 7, 2017), involved a fee dispute between a law firm and its client relating to the firm's representation in the MDL; the dispute had nothing to do with the MDL itself. *In re Howmedica Osteonics Corp*., 867 F.3d 390 (3d Cir. 2017) is not an MDL, but merely a multi-party case, and *In re Yahoo! Inc. Customer Data Sec. Breach Litigation*, 2017 U.S. Dist. LEXIS 140212, at *180 (N.D. Cal. Aug. 30, 2017), was not a motion to transfer at all, but a dismissal based on the fact that the plaintiffs had asserted claims under California law, and the forum selection clause prohibited the application of California law.

unlawful conduct related to Kadian® before December 2008. Plus, this Court's management of the pre-trial discovery and other proceedings maximizes efficiencies; it makes no sense to send this case to a court in New York that has no familiarity with the issues presented by these opioid-related cases and which has no ability to coordinate depositions, discovery, motion practice, or, resolution.

        C.     *Atlantic Marine* Does Not Govern and, to the Extent Persuasive, Weighs Against Transfer.

Pfizer and King's arguments notwithstanding, *Atlantic Marine* is inapposite. There, the Supreme Court considered how forum-selection clauses interact with 28 U.S.C. § 1404's change-of-venue provisions. 571 U.S. at 52. It did not, however, have reason to address whether, and to what extent, forum-selection clauses impact the operation of JPML transfers under 28 U.S.C. § 1407. Indeed, the Fifth Circuit recently explained as much:

> Strictly speaking, *Atlantic Marine* does not implicate transfer decisions by the Panel on Multidistrict Litigation. Those decisions are made pursuant to 28 U.S.C. § 1407, while *Atlantic Marine*, by its terms, only speaks to transfer motions brought under section 1404(a).

*In re Rolls Royce Corp.*, 775 F.3d 671, 682 (5th Cir. 2014). Because the instant case concerns transfers under Section 1407 rather than transfers under Section 1404, *Atlantic Marine* has limited, if any, impact.[2]

Even if the Court considered *Atlantic Marine* in evaluating the propriety of a transfer to this MDL, the conclusion that this is the proper forum would not change. *Atlantic Marine*

---

[2] In addition, *Atlantic Marine* may be even less instructive here because it did not involve a Rule 14 third-party complaint and therefore presented a materially different procedural posture. Several courts have found that forum selection clauses should not be enforced in the context of Rule 14 because of the risks of inconsistent verdicts and the public interest in the considerable efficiencies of a combined trial. *See Am. Licorice Co. v. Total Sweeteners, Inc.*, Case No. C-13-1929, 2014 U.S. Dist. LEXIS 27705, *21-*22 (N.D. Cal. March 4, 2014) (denying motion to transfer, finding that Fed. R. Civ. P. 14 overrides venue considerations and that the public interest in economical and expeditious administration of justice outweighed a forum selection clause); *Mystic, Inc. v. Kroy LLC*, Case No. 16-cv-147, 2016 U.S. Dist. LEXIS 128354, at * 11 (N.D. Ohio Sept. 20, 2016) (denying third party defendant's motion to dismiss for *forum non conveniens* despite forum selection clause, finding that the venue of third party proceedings follows that of the original proceedings, and third parties may be added without regard to venue) (Gwin, J.).

instructs that forum selection clauses may be disregarded when it is in the public interest to do so.  *See* 571 U.S. at 64.  *In re Rolls Royce* is instructive.  There, the Fifth Circuit explained that judicial economy is of significant concern in an MDL and, thus, *Atlantic Marine*'s "independent force is much dissipated in the world of MDL."  775 F.3d at 682.  Hence, when faced with multi-party disputes, courts have found that "the need – rooted in the valued public interest in judicial economy – to pursue the same claims in a single court can trump a forum-selection clause." *Ashley Furniture v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 964 (W.D. Wis. 2017); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2014 U.S. Dist. LEXIS 55234, *76 (N.D. Cal. April 14, 2014) (denying motion to transfer pursuant to forum selection clause in multi-district litigation because of the public interest in efficient resolution of controversies).

      Pfizer and King's argument that the unique circumstances of this MDL do not have any bearing on the public interest is perplexing.  The entire premise of the federal statutory scheme underlying multi-district litigation is that there are efficiencies gained from coordinated and consolidated pre-trial proceedings.  *See* 28 U.S.C. § 1407(a) (transfer "will promote the just and efficient conduct of such actions").  Here, it certainly is more efficient to permit this Court to supervise the pre-trial proceedings, discovery, and any potential global resolution that would include Allergan's third-party claims against Pfizer and King than if Allergan's third-party complaint was sent to another court with no knowledge of the thousands of other related cases and no ability to coordinate discovery, evidentiary rulings, or facilitate a global resolution.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.132 ("One of the values of multidistrict proceedings is that they bring before a single judge all of the federal cases, parties, and counsel comprising the litigation.  They therefore afford a unique opportunity for the negotiation of a

global settlement."). At bottom, granting Pfizer and King's motion would likely generate additional expense, untold inefficiencies, and significant delays in resolving these matters.

What's more, as this Court has explained, this is not an ordinary MDL. (Trans. Dkt. 71, at p. 3:19-25.) Our country faces an ongoing epidemic that this Court recognizes it is best positioned to resolve. (*Id*. at 9:25-10:3.) As the MDL transferee court, this Court has the authority and power to gather all of the stakeholders and lead the parties to a true resolution. (*Id*., at 4:1-6:25.) But if cases like Allergan's against Pfizer and King are outside the Court's reach, then global resolution is endangered. The public interest here is not in the enforcement of a forum selection clause—particularly at the pre-trial stage of litigation—but in this Court doing all that it can to resolve these opioid-related issues. That includes retaining jurisdiction over Allergan's third-party complaint.

### IV. CONCLUSION

For the foregoing reasons, Third Party Defendants' motion to dismiss should be denied.

Respectfully Submitted,

*/s/John R. Mitchell*
John R. Mitchell (#0066759), Trial Attorney
\*\*Primary Responsibility from Thompson Hine LLP
Matthew D. Ridings (#0079402)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone:  216-566-5500
Facsimile:  216-566-5800
John.Mitchell@ThompsonHine.com

Anthony C. White (#0062146)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio  43215-6101
Tel:  (614) 469-3200

Fax:  (614) 469-3361
Anthony.White@ThompsonHine.com

*Attorneys for Defendant Allergan Finance LLC f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018, I electronically filed the foregoing with the

Clerk of Court using the ECF system, which will send notification of such filing to all counsel of

record.


*/s/ John R. Mitchell*
Anthony C. White (#0062146)
John R. Mitchell (#0066759), Trial Attorney
\*\*Primary Responsibility from Thompson Hine LLP
Matthew D. Ridings (#0079402)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216-566-5500
Facsimile: 216-566-5800
John.Mitchell@ThompsonHine.com

*Attorney for Defendant Allergan Finance LLC*
*f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.*


**CERTIFICATION**

This case is assigned to the complex track and this brief conforms with the page limit requirements of Local Rule 7.1.

*/s/ John R. Mitchell*