# EXHIBIT L

NOV 10 1998 11:58 FR THOMPSON COBURN B    314 552 7000 TO  3636791850-9133 P.02/08

Sent by: McKINNEY STRINGER          405 272 3199;          11/10/98 11:27AM;JetFax #557;Page 2/8

P. 11/8/98

IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

| STATE OF OKLAHOMA, | ) |
|---|---|
| Plaintiff(s) | ) |
| | ) |
| v. | ) Case No. CJ 96-1499 |
| | ) |
| R.J. REYNOLDS, et al. | ) |
| | ) |
| Defendant(s) | ) |

## ORDER AND OPINION

NOW, on this 5th day of November, 1998, the Court being fully advised in the premises and having heard argument of counsel regarding the motions that are the subject of this order and opinion, find his follows:

**(1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE STATE'S PUBLIC NUISANCE CLAIM**

This is in part a renewal of defendants' motion for summary judgment regarding Count Three of the State's claim for public nuisance. This motion challenges by summary adjudication the State's attempt to recover damages for smoking related health care expenditures. By this claim, the State seeks to recover both actual and punitive damages, in excess of "abatement damages", and defendants allege there is no question of fact, and that as a matter of law summary adjudication should deny the State plaintiffs any recovery of damages, to include abatement damages.

As previously found by this Court, I once again hold that Oklahoma nuisance law is a creature of statute that is to be strictly construed. Title 50 §§ 1 through 20 proscribed the remedies granted and to whom the remedies are granted to; that Title 50 authorizes a private

86314585

person to maintain an action civilly for damages sounding in public nuisance; that the Legislature did not include "public body" as it did in § 11. Therefore, I again find that where the State Legislature intended to create a right of action in a public body, Oklahoma law and similar acts compel a finding that it does so expressly. As with similar acts, such as the "Consumer Protection Act," these acts provide separate and distinct remedies for injured private individuals and public bodies. "Person" under Title 50 does not include these State plaintiffs.

Plaintiffs urge *Mackey v. State, ex rel, Harris*, 495 P2d 105 (Okl. 1972); *State, ex rel, Pollution Control Coordinating Bd. v. Kerr-McGee Corp.*, 619 P2d 858 (Okl. 1980) and The L. Mark Walker & Dale E Cottingham, *An Abridged Primer On The Law Of Public Nuisance*, Tulsa L.J.(1994) law review article, for the proposition that the State can be allowed a claim for damages under Oklahoma nuisance law. I do not read the ruling in *Mackey*, supra, to be so broad as to extend to the State a right of action for damages. *Kerr-McGee*, supra, is a pollution control statute claim, not one for public nuisance, and only allowed damages for abatement and restocking fish. I do not consider as persuasive the Walker law review article, specifically the wording "...action for abatement and/or damages...", as broadly as plaintiffs argue. This statement can equally be read to allow only damages necessary as costs to complete the abatement remedy. By so finding, I do not believe this ruling restricts plaintiffs' common-law rights of action and does not violate common-law concepts and jurisprudence as they relate to public nuisance. Finally, review of the State plaintiffs damage model evidence, by the very nature of the health care expenditure calculation, the State's claimed measure of damages would include more than damages related to proven wrongful acts. It would include damage calculations related to legal activities.

2

NOV 10 1998 11:58 FR THOMPSON COBURN 8    314 552 7000 TO  2636791850-9133 P.04/08

Sent by: McKINNEY STRINGER                405 272 3199;        11/10/98 11:28AM;JetFax_#557;Page 4/8

As defendants appropriately argue, this finding is supported by The Restatement 2d, Public Nuisance, § 821 (B) and (C) and 58 AmJur 2d §§ 259 and 260.

Therefore, the expressed remedies provided to a public body under Title 50, as a matter of law, restricts these State plaintiffs to those provided under Title 50, and any claim for damages is limited to damages sufficient to complete the abatement remedy as to any proven wrongful acts.

Therefore, defendants' motion for summary judgment is SUSTAINED IN PART AND DENIED IN PART, consistent with this opinion.

**(2) CERTAIN DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE STATE'S CLAIM FOR DISGORGEMENT OF PROCEEDS AND CIVIL PENALTIES UNDER THE OKLAHOMA CONSUMER PROTECTION ACT**

Here, the State plaintiffs seek to recover disgorgement of "proceeds" from the sale of cigarettes under Title 15 § 756.1 (C) (4), and recovery of civil penalties under Title 15 § 761.1 (C). The State plaintiffs concede that the effective date of the provisions that authorized sequestration of assets was effective September 1, 1994, and that any award under (C)(4) or civil penalty must be calculated after September 1, 1994, and for civil penalties for proven wrongful acts after September 1, 1994. The State plaintiffs do not concede that as a matter of law the finder of fact is limited to consideration of fact evidence after September 1, 1994. State plaintiffs allege that the finder of fact may consider facts arising before September 1, 1994, in applying the Consumer Protection Act remedies, and that following trial, the court in its inherent equitable power, must fashion complete relief under the Oklahoma Consumer Protection Act remedies.

These defendants argue that the Oklahoma Consumer Protection Act does not provide a "disgorgement" remedy when it allows the court under subsection (4) to "appoint a master or

3

86314587

NOV 10 1998 11:59 FR THOMPSON COBURN 8      314 552 7000 TO   8636791850-9133 P.05/08

Sent by: McKINNEY STRINGER          405 272 3199;          11/10/98 11:28AM;JetFax_#557;Page 5/8

receiver or order sequestration of assets to prevent the use or enjoyment of proceeds derived through the illegal means and assess the expenses of a master or receiver against the defendant." See § 756.1 (C) (4). They argue that any calculation of sequestration of assets or civil penalties that might be assessed, cannot be considered retroactively and must be limited to acts occurring after September 1, 1994; that this case is not brought in the name of an individual injured victim or victims, and, therefore, a claim for disgorgement cannot lie, as the Oklahoma Consumer Protection Act's remedies for sequestration of assets is designed to preserve protection of the assets for injured victims. These defendants ask for summary adjudication, arguing that the State's attempt to seize "proceeds" for the benefit of the state is not provided for under the Act as a matter of law, and is in reality a "forfeiture".

This motion requires the court to analyze both the legal remedies and equitable relief sought by the State plaintiffs.

Considering the legal remedy for civil penalty under § 761.1 (C) first, I find as follows:

I find it clear under the Act that recovery of civil penalties is limited to penalty assessment for proven acts of wrongful conduct subsequent to September 1, 1994. The original version of the Act in 1972 authorized the Attorney General to recover civil penalties from any person who violated a permanent injunction issued under the Act. In 1980 this provision was replaced, increasing the amount of civil penalties available, but still requiring a violation of a permanent injunction. Then in September of 1994 the provision was amended to allow that "any person who is found to be in violation of the Oklahoma Consumer Protection Act...or who willfully violates the terms of any injunction or court order..." is subject to forfeiture and payment of civil penalty to be assessed at $10,000 per violation. The issue here is whether or not as a matter of

4

86314588

NOV 10 1998 11:59 FR THOMPSON COBURN 8     314 552 7000 TO  2636791850-9133 P.06/08

Sent by: McKINNEY STRINGER            405 272 3199;          11/10/98 11:28AM;JetFax #557;Page 6/8

law the finder of fact in its consideration of civil penalties, must be denied the opportunity to hear evidence of wrongful acts prior to September 1, 1994. I find they are not. Although I am finding that this statute must operate prospectively, and cannot be applied retroactively, I also find that the legitimate intent of the statute cannot be fully considered without the benefit of consideration of all the evidence the State plaintiffs argue should be considered. I am satisfied that although Oklahoma law does not specifically determine this issue, I have considered *In Re: Bombardner*, 711 P2d 92 (Okl.1985), and authority from other jurisdictions when I conclude that this statute is not being applied retroactively, simply because facts from pre-enactment are being considered by the finder of fact. I find under the facts presented in this litigation, to include the allegations concerning deceptive trade practices, that this case is more consistent with the authority which allows consideration of facts upon which subsequent action depends, can be drawn from facts occurring at a time antecedent to the effective date of the statute. The fact finder may consider facts allowed into evidence which transpired before the 1994 amendment, and this does not constitute impermissible retroactive application as long as any civil penalties assessed are done so upon acts which were committed subsequent to September 1, 1994.

Considering the equitable remedy of "disgorgement" I find as follows:

Under Title 15 § 756.1 (C) (4), as amended September 1, 1994, the court is now authorized to sequester a defendant's assets to prevent the use or enjoyment of proceeds derived through "illegal means." These defendants argue that this amendment to the statute only intended to allow preservation of assets in order to protect an injured victim's rights to recovery - a "provisional" remedy. Plaintiffs allege that the amendment and the legislative intent behind it was much broader than to provide a provisional remedy and the Act now allows sequestration of

5

86314589

assets to prevent use or enjoyment of proceeds - clearly, plaintiffs argue, intended as a deterrent or punitive remedy to set an example for wrongful acts.

I first adopt the reasoning of my opinion stated above as it relates to consideration of evidence by this Court, sitting in equity, prior to September 1, 1994. I again find that to consider prior evidence does not constitute retroactive application of subsection (4).

Next, I am persuaded by the State's argument and offer of authority, particularly, consideration of a reading of the Act itself, to include the § 752 (2) definition of "consumer transaction" and acts described therein; and *Day v. Southwest Mineral Energy, Inc.*, 617 P2d 1334 (S.Ct. 1980), that I must overrule this portion of the motion for summary judgment and reserve for consideration after trial, based upon the evidence presented, imposition of subsection (4) following hearing. I find that the Legislature did intend to create a deterrent remedy available to the state. I find that in my equitable capacity, considering the consumer protection allegations made, other equitable relief requested and the evidence to be presented, I must await the evidence at trial, and determine by declaratory pronouncement whether any proven conduct violates the Consumer Protection Act as it relates to the application of § (C) (4), and the injunctive relief requested by plaintiffs. I am persuaded that, if proven, in a case involving significant public interest, it can be this Court's obligation to craft an equitable decree that is flexible in character and molded to satisfy as best as possible, the equitable necessities of complete relief as demanded by the evidence in this particular case; that this relief may include sequestration of assets and disgorgement to the state as an ancillary remedy.

Therefore, these defendants' motion for summary judgment on this issue is SUSTAINED in part and DENIED in part.

86314590

Source: http://industrydocuments.library.ucsf.edu/tobacco/docs/frcw0067

IT IS SO ORDERED this ___6th___ day of November, 1998.


William C. Hetherington, Jr.
District Judge

**CERTIFICATE OF DELIVERY**

I hereby certify that on this 6th day of November, 1998, I hand delivered a true and correct copy of the foregoing to liaison counsel attending a hearing in the above-styled matter.

William C. Hetherington, Jr.

86314591

** TOTAL PAGE.08 **

**40**

863145923

Source: http://industrydocuments.library.ucsf.edu/tobacco/docs/frcw0067

NOV 13 1998 17:43 FR THOMPSON COBURN 8      314 552 7000 TO  8636791850-9133 P.02/03

Received Nov 13 05:09PM (01:08) on FAX1 Line [15] for '2ZADTOB'    WORKSRV4 printed 22A364C68114461 on Nov 13 05:10PM * Pg 3/4
Sent by: McKINNEY STRINGER                405 272 3199;              11/13/98   6:14PM;JetFax #800;Page 3/4
                       11/13/98   18:45   JEQUITA HARTON NAPOLI                             001

D 11/13/97

## IN THE DISTRICT COURT OF CLEVELAND COUNTY

### STATE OF OKLAHOMA

THE STATE OF OKLAHOMA, et al.,       )
                                     )
                   Plaintiff(s)      )
                                     )
vs.                                  )   Case No. CJ-96-1499 L. (H)
                                     )
R. J. REYNOLDS TOBACCO COMPANY, et al., )
                                     )
                   Defendant(s)      )

### AMENDED AGENDA AND STATUS HEARING ORDER

Due to media coverage concerning pending settlement and in the best interest of the status of this case and judicial economy; court orders status hearing with liaison counsel only at 1:30 p.m., November 16, 1998. Further determination of appropriateness of resetting (1) certain Defendant's Motion for Partial Summary Judgment on the State's claim for Indemnity and (2) consideration of Trial Management Order issues, to be made and necessary orders entered, following status hearing.

_____
                                      Hetherington
                                      District Judge

86314593

Source: http://industrydocuments.library.ucsf.edu/tobacco/docs/frcw0067

NOV 13 1998 17:44 FR THOMPSON COBURN 8     314 552 7000 TO  636791850-9133 P.03/03

Received Nov 13 05:09PM (01:08) on FAX1 line [15] for '22ADTOB'    WORKSRV4 printed 22A364C68114461 on Nov 13 05:10PM * Pg 4/4
Sent by: McKINNEY STRINGER        405 272 3199;         11/13/98   6:15PM;JetFax #600;Page 4/4
           11/13/98      18:46      JEQUITA HARMON NAPOLI              002

## CERTIFICATE OF NOTICE

I hereby certify that on this 13th day of November, 1998, I faxed and mailed a true and correct copy of the foregoing to liaison counsel.

William C. Hetherington
District Judge

86314594

** TOTAL PAGE.03 **

Source: http://industrydocuments.library.ucsf.edu/tobacco/docs/frcw0067