UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*TRACK ONE CASES* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**WALGREENS' MOTION FOR RECONSIDERATION**

Walgreens seeks reconsideration of the Court's November 21, 2018 Order, in which it directed the pharmacies to respond to plaintiffs' "Combined Discovery Requests" just nine days later, on November 30.  (*See* Doc. 1147 ¶ 1.)[1]  Walgreens has worked hard to produce the documents responsive to those requests—and has been doing so for months—to the extent possible on the Court's tight schedule and in light of discovery rulings calling for documents going back more than a decade.[2]  But it is not feasible to provide complete responses to the narrative portions of these requests in the compressed timeframe contemplated by the Court's order.  More time is needed to respond to the interrogatory portions of these requests.

The need for additional time is driven by the procedural history behind this discovery, which the pharmacies were not given the opportunity to present to the Court at the hearing on November 20.  Indeed, plaintiffs provided no notice to the Court or the pharmacies that they planned to raise these discovery requests at that hearing.  In addition, there is no transcript because the Court closed the hearing and denied the request that it be on the record.  However, the pharmacies understood from the Court's remarks—expressly excluding the pharmacies from its order—that it recognized the "Combined Discovery Requests" raised different issues for the pharmacies than it did for other defendants because of the particular procedural posture as to the pharmacies.  The pharmacies also understood the Court to have directed the parties to raise the pharmacy-specific issues with these requests with the Special Master separately, and to have granted plaintiffs' request to present those issues to the Special Master this week.

---

[1] Although situated differently because of the nature of their productions, Rite Aid and Walmart nevertheless join in the recitation of the procedural history, including the recounting of the November 20 hearing, and in the objection to the method and timing by which the pharmacies have been required to respond to these requests.

[2] For example, Walgreens has produced over 5,000 Suspicious Control Drug Orders (i.e. Suspicious Order Reports) for the Track One jurisdictions.

The full record regarding the relevant procedural history includes these facts:

- Plaintiffs' "Combined Discovery Requests" exceeded the number of discovery requests they were permitted to serve on the pharmacy defendants under the Court's Case Management Order No. 1.  Therefore, Rite Aid and Walmart both informed plaintiffs that, to the extent the "Combined Discovery Requests" represented new and/or additional requests, they would not be responding to them.  *See* Ex. A, 7/13/18 Rite Aid Email; Ex. B, 8/2/18 Walmart Email.  Plaintiffs did not contest that position in any subsequent communications.

- To the contrary, plaintiffs told the pharmacies that the "Combined Discovery Requests" were not new requests but were intended to "tailor" their prior discovery requests.  Indeed, on July 18, 2018, plaintiffs' counsel expressly told counsel for Walgreens that they "don't consider them to be additional written discovery that requires a response."  Ex. C, 7/18/18 Badala Email.

- On July 30, 2018, the Special Master sent an email to the parties regarding the "Combined Discovery Requests," advising as follows: "As much as possible, defendants should read Plaintiffs 'additional requests' as <u>prioritizations</u> of existing requests – that is, as a request for production of certain documents first."  Ex. D, 7/30/18 SM Cohen Ruling (emphasis in original).

- On August 17, 2018, Walgreens advised plaintiffs that it would treat the "Combined Discovery Requests" as the Special Master had advised the parties to treat them: as efforts to prioritize existing requests, but not as unauthorized new requests that required separate answers.  *See* Ex. E, 8/17/18 Walgreens Email.

- At no time during the many meet-and-confer emails and discussions relating to discovery responses that took place over the ensuing four months did plaintiffs ever express any disagreement with this approach.

Despite their own prior agreement that these "Combined Discovery Requests" did not require separate responses—and despite months of silence on the topic if they had changed their view—plaintiffs nevertheless obtained an order last week, after minimal argument and no prior notice, in a closed court proceeding, that the "Combined Discovery Requests" actually do require separate responses after all.  Moreover, the pharmacies were ordered to respond within 10 calendar days, a time span that included the Thanksgiving holiday weekend.

The Court may have assumed that responding was merely a matter of confirming that documents responsive to the requests (as narrowed by subsequent orders on the proper scope of discovery at this stage of the proceedings) had been produced.  If that were the case, the burden might not have been so great.  But on their face, that is not all the "Combined Discovery Requests" require.  The requests also include detailed interrogatories that go much further than anything that can reasonably be accomplished in a matter of just a few days.

To begin with, the requests call not merely for the production of documents, but also for the production of lists of Bates numbers for every responsive document.  *See generally* Ex. F, Combined Discovery Requests.  It is no trivial task to do so with any degree of accuracy.

Beyond providing Bates numbers, Combined Request No. 3 asks the parties not just to identify "each suspicious order" over a twelve-year period but also to "describe" each and every one of those orders.  *Id.*  No plaintiff has ever explained what exactly such a description might entail (the requests contain no instructions or definitions), but the task threatens to be significant, to say the least.  Combined Request No. 5 then demands that the parties "describe in as much detail as possible the reasons" for any one of those "suspicious orders" that was not reported to the DEA.  *Id.*  Request No. 6 involves a different time-consuming research project: to determine on an order-by-order basis whether each of the "suspicious orders" reported to the DEA over a twelve-year period was declined or shipped.

None of this was before the Court at the November 20 hearing.  The Court heard only brief argument and did not have the actual "Combined Discovery Requests" before it.

Under the circumstances, if the Court intended to order responses to the interrogatory portions of the "Combined Discovery Requests," those responses require the full 30 days allotted under the Federal Rules.  *See* Fed. R. Civ. P. 33(b)(2).  There is no reason why the response time

3

should be so severely truncated here, in a massive litigation of great public interest. If there is any urgency at all, it is entirely the result of plaintiffs' earlier statement that they did not expect separate responses to these "prioritizing" requests, followed by their decision to remain silent on the point for four months rather than raising the issue at any one of the many discovery hearings that have been convened on an almost weekly basis since.

    Accordingly, Walgreens requests that it be permitted until December 21, 2018 to respond to the interrogatory portions of plaintiffs' "Combined Discovery Requests."

Dated:  November 30, 2018                                Respectfully submitted,


                /s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

/s/ Elisa P. McEnroe (with consent)
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
elisa.mcenroe@morganlewis.com

Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
kelly.moore@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc.*

/s/ Tina M. Tabacchi (with consent)
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker Avenue
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this 30th day of November 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co.*