# EXHIBIT C

| | |
|---|---|
| **From:** | Salvatore C. Badala |
| **To:** | "Jeff Gaddy"; Kate Swift |
| **Cc:** | Kaspar Stoffelmayr; Sharon Desh; Laura Dunning; Conroy, Jayne; Andrew Dressel; Hunter Shkolnik; Joseph L. Ciaccio |
| **Subject:** | RE: MDL: Walgreens Search Terms |
| **Date:** | Wednesday, July 18, 2018 3:57:19 PM |

Kate,

We would like to discuss the following discovery issues:

1. Walgreens generally limited its responses to April 25, 2015 to the date of response. Walgreens made this limitation express in response to the following responses-RFPs 1, 2, 4, 7-28, 31, 32 and Interrogatories 1-7, 11-13, 16, 18, 25, 28, 29. Please confirm that Walgreens will be abiding by the temporal scope set forth in the Discovery Orders to date, going back to January 1, 1996 for transactional data and suspicious order reports and back to January 1, 2006 for all other discovery. Note that this includes discovery responses in which Walgreens stated it did not distribute opioids after April 25, 2015. To the extent Walgreens has responsive documents or information prior to that date range that falls within the temporal scope set forth by the discovery orders, that information, and those documents, must be produced.

2. Regarding the Combined Discovery Requests that you raised on Friday, these were intended to tailor the already issued Interrogatories and RFPs to the terms of Discovery Ruling 2, and we don't consider them to be additional written discovery that requires a response. We do expect that Walgreens will be making amended responses that the Combined Requests refined, including, but not limited to, Interrogatory No. 4 and RFPs 21, 23, 31, and 32.

3. Walgreens uses the phrase "Walgreens has not distributed Opioids to any pharmacies in the timeframe from April 25, 2015 to the date of this response" in its responses to Interrogatories 1,2 and 25 and RFP 4. For example, Interrogatory No. 1 asks Walgreens to "Identify the name, address and DEA registration number of each of Your distribution centers that shipped Opioids or Opioid Products to Customers in Ohio between January 1, 1990 to the present." Walgreens's response is that "Walgreens has not distributed Opioids to any pharmacies in the timeframe from April 25, 2015 to the date of this response." This is not responsive to the Interrogatory. Should this response be taken to mean that Walgreens has no distribution centers that shipped opioids or Opioid Products to Customers in Ohio between January 1, 1990 to the present? For all Interrogatories for which this response is used, please clarify the meaning of this phrase as it relates to the Interrogatory posed.

4. Please let Plaintiff know when it can expect a full production encompassing the full temporal scope set forth in the discovery order. Given the schedule set forth by Judge Polster, timely compliance is important. Plaintiff believes that Walgreens should have these productions ready and should not have relied upon the Court affirming Walgreens's objections to the temporal scope.

5. Search Terms

- Regarding #40, we recognize that you have objected on the basis that these documents do not exist.  If Walgreens will agree to produce all contracts between Walgreens and any distributor or manufacturer of opioids within the timeframe laid out in Discovery Ruling 3, we are willing to withdraw this search string for the time being.

- Regarding #41, you had requested that this be bound by the drug list, and we neglected to do so in the latest draft.  We will bind this one with the drug list as you requested which should resolve your objection.

- Regarding #42, you had indicated that your objections were "primarily temporal," but also based on it not being tied the drug list.  We have now tied the string to the drug list and Discovery Ruling 3 should resolve the temporal objection.

6.  The Scheduling of 30(b)(6) Depositions and custodian depositions, including the schedule for producing completed custodian files.

7.  Your further review of the documents identified in your privilege log.

8.  Additional custodians, including those filling the positions reflected in our July 9 email.

9.  There are a number of interrogatories which call for the identification of individuals, documents, and/or data, such as Interrogatories 5, 6, 12, 13, 28 and 29. Please identify the individuals, document, and/or data that are responsive to these Interrogatories. Please identify the bates ranges of any documents that are responsive to these Interrogatories.

10. Organizational charts for the whole time period at issue.

Please let us know what times you are available to discuss these issues.

Regards,
Sal

---

**From:** Jeff Gaddy [mailto:jgaddy@levinlaw.com]
**Sent:** Wednesday, July 18, 2018 1:41 PM
**To:** Kate Swift; Salvatore C. Badala
**Cc:** Kaspar Stoffelmayr; Sharon Desh; Laura Dunning; Conroy, Jayne; Andrew Dressel; Hunter Shkolnik
**Subject:** RE: MDL: Walgreens Search Terms

Hey Kate,

We would like to schedule a meet and confer call with you tomorrow to hopefully finalize the search terms and discuss other matters related to scheduling and productions in light the Special Master's Order yesterday.  We will send an email later today that will include an agenda of items we would like to discuss.

Please let us know what time works best for you tomorrow.

Thank you,
Jeff

---

**From:** Kate Swift [mailto:kate.swift@bartlit-beck.com]
**Sent:** Tuesday, July 17, 2018 9:33 PM
**To:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Cc:** Jeff Gaddy <jgaddy@levinlaw.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>; Sharon Desh <Sharon.desh@bartlit-beck.com>
**Subject:** FW: MDL: Walgreens Search Terms

Sal,

As we discussed on our call last week, we do not agree to add terms 40, 41, or 42.

We have been trying to run all of the other search terms you proposed since you sent them to us on Friday, in an effort to determine how your proposed changes would affect our review population. Because of the large number and the length of the terms you proposed, that is taking a long time.  I will let you know when we have more information on those searches.

Katherine M. Swift **|** Bartlit Beck Herman Palenchar & Scott LLP

54 West Hubbard Street, Suite 300, Chicago, IL  60654

P:  312.494.4405   F:  312.494.4440   C:  773.531.6118

kate.swift@bbhps.com  |   www.bartlit-beck.com

---

**From:** Salvatore C. Badala <SBadala@NapoliLaw.com>
**Sent:** Friday, July 13, 2018 2:20 PM
**To:** Kate Swift <kate.swift@bartlit-beck.com>
**Cc:** 'Jeff Gaddy' <jgaddy@levinlaw.com>; Joseph L. Ciaccio <JCiaccio@NapoliLaw.com>; Laura Dunning <ldunning@levinlaw.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>; Andrew Dressel <ADressel@NapoliLaw.com>
**Subject:** OPC: MDL: Walgreens Search Terms

Kate,

As per our call, attached is the list of revised search terms.

Please confirm these are acceptable to you, and that you will begin running the amended search terms.

Regards,
Sal


**Salvatore C. Badala**
**Senior Associate | Assistant General Counsel**

(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
360 Lexington Avenue, Eleventh Floor, New York, NY 10017 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

## Salvatore C. Badala
**Senior Associate | Assistant General Counsel**



(212) 397-1000 Ext. 1045 | SBadala@NapoliLaw.com
360 Lexington Avenue, Eleventh Floor, New York, NY 10017 | vCard

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.