# EXHIBIT D

# Kate Swift

**Subject:** FW: MDL 2804 - Response to Plaintiffs' July 26, 2018 Email re Combined Discovery Requests

**From:** David R. Cohen <David@SpecialMaster.Law>
**Sent:** Monday, July 30, 2018 2:33 PM
**To:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>; Rice, Dale <drice@cov.com>
**Cc:** Paul Farrell (Paul@Greeneketchum.com) <Paul@Greeneketchum.com>; mark.cheffo@dechert.com; crendon@bakerlaw.com; emainigi@wc.com; Shannon E. McClure (smcclure@reedsmith.com) <smcclure@reedsmith.com>; Hobart, Geoffrey <ghobart@cov.com>; External User - Tina Tabacchi <tmtabacchi@jonesday.com>; ttarney@grsm.com; jmatthews@foley.com; External User - Eric Delinsky <edelinsky@zuckerman.com>; rnicholas@reedsmith.com; External User - Tim Johnson <tjohnson@cavitch.com>; gmoscarino@mosctreu.com; dean.barnhard@btlaw.com; Lynch, Mark <mlynch@cov.com>; brandan.montminy@lockelord.com; lmiller@jacksonkelly.com; cgp@pelini-law.com; External User - Elisa McEnroe <elisa.mcenroe@morganlewis.com>; pmougey@levinlaw.com; Hunter@NapoliLaw.com; Rice, Joe (jrice@motleyrice.com) <jrice@motleyrice.com>; lsinger@motleyrice.com; pweinberger@spanglaw.com; sskikos@skikoscrawford.com; trafferty@levinlaw.com; lora@greeneketchum.com; jconroy@simmonsfirm.com; MDL Opioid All Distributors (S) <rsMDLOpioidAllDistributors@ReedSmith.com>
**Subject:** RE: MDL 2804 - Response to Plaintiffs' July 26, 2018 Email re Combined Discovery Requests

Dear Counsel:

Please review the following directives, which are only partial rulings on the issues raised below.  I hope that these directives, combined with additional meet-and-confers, help you to reach full resolution of this and related disputes.

- All parties should do their best to honor requests for identification of Bates numbers that identify certain categories of documents.  This mutual and reciprocal obligation simply helps parties identify certain documents within enormous productions.  I see this as a request for clarification and not an additional ROG or RFP.  Note that this directive does not, however, relieve the document **recipients** of their own obligation to undertake searches for particular documents within the productions they receive.

- As much as possible, defendants should read Plaintiffs "additional requests" as prioritizations of existing requests -- that is, as a request for production of certain documents first.  Thus, when Plaintiffs make this "additional request: "Please produce all *transactional data* related to Opioids and/or Opioid Products from January 1, 1996 to the present; please identify the Bates stamp range for each related to *Case Track One*.",  it really is asking for essentially the same information as earlier RFP No. 32, but is asking for this production to be prioritized.  Defendants should treat all "additional requests" as such to the fullest extent and honor them as much as possible.  I understand, however, that not all of Plaintiffs' "additional requests" can be neatly and entirely mapped to earlier RFPs.

- All of the Plaintiffs' "additional requests" are necessarily limited by the geographic scope I set out in Discovery Ruling No. 3, so I read "new requests" nos. 3 & 4 as implicitly including these geographic restrictions.  Defendants should respond accordingly.

Please use these directives and additional meet-and-confers as you work through these issues, and contact me again if necessary.

Thanks,

-David

==========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


-------- Original Message --------
Subject: MDL 2804 - Response to Plaintiffs' July 26, 2018 Email re Combined Discovery Requests
From: Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>
Date: Fri, July 27, 2018 6:59 pm
To: "Rice, Dale" <drice@cov.com>, "david@specialmaster.law" <david@specialmaster.law>
Cc: "Paul Farrell (Paul@Greeneketchum.com)" <Paul@Greeneketchum.com>, "mark.cheffo@dechert.com" <mark.cheffo@dechert.com>, "crendon@bakerlaw.com" <crendon@bakerlaw.com>, "emainigi@wc.com" <emainigi@wc.com>, "Shannon E. McClure (smcclure@reedsmith.com)" <smcclure@reedsmith.com>, "Hobart, Geoffrey" <ghobart@cov.com>, External User - Tina Tabacchi <tmtabacchi@jonesday.com>, "ttarney@grsm.com" <ttarney@grsm.com>, "jmatthews@foley.com" <jmatthews@foley.com>, External User - Eric Delinsky <edelinsky@zuckerman.com>, "rnicholas@reedsmith.com" <rnicholas@reedsmith.com>, External User - Tim Johnson <tjohnson@cavitch.com>, "gmoscarino@mosctreu.com" <gmoscarino@mosctreu.com>, "dean.barnhard@btlaw.com" <dean.barnhard@btlaw.com>, "Lynch, Mark" <mlynch@cov.com>, "brandan.montminy@lockelord.com" <brandan.montminy@lockelord.com>, "lmiller@jacksonkelly.com" <lmiller@jacksonkelly.com>, "cgp@pelini-law.com" <cgp@pelini-law.com>, External User - Elisa McEnroe <elisa.mcenroe@morganlewis.com>, "pmougey@levinlaw.com" <pmougey@levinlaw.com>, "Hunter@NapoliLaw.com" <Hunter@NapoliLaw.com>, "Rice, Joe (jrice@motleyrice.com)" <jrice@motleyrice.com>, "lsinger@motleyrice.com" <lsinger@motleyrice.com>, "pweinberger@spanglaw.com" <pweinberger@spanglaw.com>, "sskikos@skikoscrawford.com" <sskikos@skikoscrawford.com>, "trafferty@levinlaw.com" <trafferty@levinlaw.com>, "lora@greeneketchum.com" <lora@greeneketchum.com>, "jconroy@simmonsfirm.com" <jconroy@simmonsfirm.com>, "MDL Opioid All Distributors (S)" <rsMDLOpioidAllDistributors@ReedSmith.com>

Dear Special Master Cohen,

I am writing on behalf of CVS, Rite Aid, Walgreens, and Walmart in response to Mr. Farrell's email.

CMO 1 provides that "[a]bsent leave of Court, the PEC may serve up to 35 Requests for Production and up to 35 Interrogatories on each Defendant Family." Before serving their 8 new "combined discovery requests"—which together amount to 8 requests for production and 13 interrogatories—Plaintiffs were already at or near the limits permitted under CMO 1. They had already served 35 document requests on CVS, Rite Aid, and Walmart, and 34 on Walgreens; and they had already served 35 interrogatories on Rite Aid, 30 on CVS and Walgreens, and 28 on Walmart. Plaintiffs have nevertheless refused to reduce the number of new requests to comply with CMO 1. Rather, Plaintiffs'

2

incongruous position is that, while the new requests are entirely duplicative of earlier requests, Defendants are still obligated to respond a second time.

As an initial matter, responses to these new discovery requests are not even due yet.  Moreover, counsel for CVS previously asked Plaintiffs to match each new request to the initial requests that are claimed to subsume it, so that we could evaluate Plaintiffs' position and, if necessary, meet and confer on the subject.  Plaintiffs indicated that they would do so, but never did, at least not before Mr. Farrell's email below seeking immediate relief from the Special Master and circumventing any meaningful discussion.

In any event, Plaintiffs' new combined discovery requests are not actually "restated subsets" of their previous requests.  If they were, the new requests obviously would not be necessary and any disputes about the adequacy of Defendants' responses would be resolved in the context of Plaintiffs' original requests.  In fact, the new requests modify and add to Plaintiffs' earlier requests in significant ways and so should be counted as additional requests against the discovery limits that the Court ordered in CMO 1.

For example:

- New Request No. 3 adds a document request seeking all suspicious orders identified by the Pharmacy Defendants **on a national basis**.  Plaintiffs previously sought suspicious orders **only for Summit and Cuyahoga counties**.  Compare New Request No. 3 with CVS RFP No. 33.  New Request No. 3 also adds a new interrogatory seeking the Bates range for all identified suspicious orders, a request that does not appear in plaintiffs' previous interrogatories.

- Similarly, New Request No. 4 adds a document request seeking all suspicious order reports to the DEA **on a national basis**.  Plaintiffs previously sought suspicious order reports **only for Summit and Cuyahoga counties**.  Compare New Request No. 4 with CVS RFP No. 33.  New Request No. 4 also adds a new interrogatory seeking the Bates range for all suspicious order reports related to the Track One Cases.

- New Request No. 5 adds two entirely new interrogatories, (1) seeking "in as much detail as possible" the reasons for any suspicious order that was identified but not reported to the DEA, and (2) seeking the Bates range for all such suspicious orders related to Track One jurisdictions.  Plaintiffs' original requests did not seek this information.

- New Request No. 5 also adds a new document request for all documents related to the reasons for any suspicious orders that were identified but not reported to the DEA.  Again, Plaintiffs never sought this information before.

Plaintiffs' other new discovery requests similarly add either a new document request, a new interrogatory, or both.  Presumably, that is why Plaintiffs served them: after they decided late in the game that they wanted more information from Defendants than they had previously asked for.  At the same time, the prejudice to Defendants from an eleventh-hour rewriting and expansion of previously served discovery requests—e.g., from seeking information about two counties to information about over 3,000 counties—is apparent.

3

To be clear, the question raised by Mr. Farrell's email is not whether the new discovery requests seek properly discoverable information (which is a separate issue).  It is simply whether Plaintiffs may unilaterally help themselves to additional discovery requests beyond the number permitted by CMO 1 without first seeking leave of the Court for good cause, as any party would normally be required to do.

Thank you for your consideration.

Kaspar

**Kaspar Stoffelmayr  |  Bartlit Beck Herman Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300, Chicago, IL 60654
P: 312.494.4434  |  M: 312.391.1721  |  kaspar.stoffelmayr@bartlit-beck.com

This message may contain confidential or privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Rice, Dale <drice@cov.com>
**Sent:** Friday, July 27, 2018 4:17 PM
**To:** david@specialmaster.law
**Cc:** Paul Farrell (Paul@Greeneketchum.com) <Paul@Greeneketchum.com>; mark.cheffo@dechert.com; crendon@bakerlaw.com; emainigi@wc.com; Shannon E. McClure (smcclure@reedsmith.com) <smcclure@reedsmith.com>; Hobart, Geoffrey <ghobart@cov.com>; External User - Tina Tabacchi <tmtabacchi@jonesday.com>; ttarney@grsm.com; jmatthews@foley.com; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>; External User - Eric Delinsky <edelinsky@zuckerman.com>; rnicholas@reedsmith.com; External User - Tim Johnson <tjohnson@cavitch.com>; gmoscarino@mosctreu.com; dean.barnhard@btlaw.com; Lynch, Mark <mlynch@cov.com>; brandan.montminy@lockelord.com; lmiller@jacksonkelly.com; cgp@pelini-law.com; External User - Elisa McEnroe <elisa.mcenroe@morganlewis.com>; pmougey@levinlaw.com; Hunter@NapoliLaw.com; Rice, Joe (jrice@motleyrice.com) <jrice@motleyrice.com>; lsinger@motleyrice.com; pweinberger@spanglaw.com; sskikos@skikoscrawford.com; trafferty@levinlaw.com; lora@greeneketchum.com; jconroy@simmonsfirm.com; MDL Opioid All Distributors (S) <rsMDLOpioidAllDistributors@ReedSmith.com>
**Subject:** MDL 2804 - ABDC Cardinal McKesson Response to Plaintiffs' July 26, 2018 Email re Combined Discovery Requests

Special Master Cohen,

We write on behalf of AmeriSourceBergen, Cardinal Health and McKesson ("Distributors") in response to Mr. Farrell's July 26, 2018 email.  Mr. Farrell's email raises a supposed discovery dispute with "Distributor Defendants" regarding combined discovery requests served by plaintiffs on July 1, 2018.  Distributors cannot speak for the National Chain Pharmacy Defendants (which, according to Mr. Stoffelmayr, will be responding separately), but there is no ripe dispute with Distributors.  Contrary to Mr. Farrell's assertions, Distributors have not lodged objections to the July 1 requests.  Indeed, Distributors have not proffered any responses to the requests because they are not yet due.  And there has been no meet and confer among Plaintiffs and Distributors relating to these requests.

We note, however, that the additional document requests in this set exceed the discovery limits set by the Court - Plaintiffs already propounded 35 requests for production to each of the Distributors before

serving the July 1 requests.  Plaintiffs did not seek permission to exceed the limit set by the Court, nor did they (or can they) show good cause for doing so.

Plaintiffs argue that these requests are necessary because they seek "identification of Bates stamp ranges to avoid hours of hunting like pigs for truffles."  Notwithstanding the colorful language, Plaintiffs already have what they need to locate specific types of documents in Distributors' productions.  The ESI provisions requested by Plaintiffs call for very detailed metadata and the produced images are text searchable.  In addition, Distributors have identified document categories or custodial sources for their productions.  Thus, while it is incumbent on Plaintiffs to review the documents being produced in response to their requests, they also have additional information about the productions and the ability to conduct targeted searches for specific types of documents.

Distributors will serve their objections and responses to Plaintiffs' July 1, 2018 requests next week when they are due.  If there are any disputes once those responses have been served, Distributors will make themselves available to meet and confer.  At this time, there is no dispute and no basis for seeking your assistance with regard to Distributors.

Respectfully submitted,

Dale Rice
Covington & Burling LLP
Counsel for McKesson Corporation

**Dale A. Rice**
Covington & Burling LLP
One Front Street, San Francisco, CA 94111-5356
T +1 415 591 7081 | drice@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>
**Sent:** Friday, July 27, 2018 11:56 AM
**To:** Paul Farrell <Paul@Greeneketchum.com>; Mark Cheffo <mark.cheffo@dechert.com>; Schwartz Rendon, Carole <crendon@bakerlaw.com>; Mainigi, Enu <emainigi@wc.com>; McClure, Shannon E. <SMcClure@ReedSmith.com>; Hobart, Geoffrey <ghobart@cov.com>; External User - Tina Tabacchi <tmtabacchi@jonesday.com>; Tyler Tarney <ttarney@grsm.com>; James M. Matthews <jmatthews@foley.com>; External User - Eric Delinsky <edelinsky@zuckerman.com>; Robert Nicholas <rnicholas@reedsmith.com>; External User - Tim Johnson <tjohnson@cavitch.com>; George Moscarino <gmoscarino@mosctreu.com>; Dean Barnhard <Dean.Barnhard@btlaw.com>; Lynch, Mark <mlynch@cov.com>; Brandan Montminy <brandan.montminy@lockelord.com>; Laurie Miller <lmiller@jacksonkelly.com>; Craig Pelini <cgp@pelini-law.com>; External User - Elisa McEnroe <elisa.mcenroe@morganlewis.com>
**Cc:** Peter Mougey <pmougey@levinlaw.com>; Hunter Shkolnik

<Hunter@NapoliLaw.com>; Joe Rice (jrice@motleyrice.com) <jrice@motleyrice.com>; Linda Singer <lsinger@motleyrice.com>; Pete Weinberger (PWeinberger@spanglaw.com) <PWeinberger@spanglaw.com>; Steven Skikos <sskikos@skikos.com>; Troy Rafferty (trafferty@levinlaw.com) <trafferty@levinlaw.com>; Lora Chafin <Lora@Greeneketchum.com>; Jayne Conroy <jconroy@simmonsfirm.com>
**Subject:** RE: MDL 2804 - Plaintiffs' (FIRST) Combined Discovery Requests to National Chain Pharmacies Defendants

Dear Special Master Cohen,

We will have a response to you later today. Needless to say, we respectfully disagree with Mr. Farrell's description of the new discovery requests.

Thank you.

Kaspar

**Kaspar Stoffelmayr  |  Bartlit Beck Herman Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300, Chicago, IL 60654
P: 312.494.4434  |  M: 312.391.1721  |  kaspar.stoffelmayr@bartlit-beck.com

This message may contain confidential or privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Paul Farrell <Paul@Greeneketchum.com>
**Sent:** Thursday, July 26, 2018 3:34 PM
**To:** Mark Cheffo <mark.cheffo@dechert.com>; Schwartz Rendon, Carole <crendon@bakerlaw.com>; Mainigi, Enu <emainigi@wc.com>; McClure, Shannon E. <SMcClure@ReedSmith.com>; Hobart, Geoffrey <ghobart@cov.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlit-beck.com>; External User - Tina Tabacchi <tmtabacchi@jonesday.com>; Tyler Tarney <ttarney@grsm.com>; James M. Matthews <jmatthews@foley.com>; External User - Eric Delinsky <edelinsky@zuckerman.com>; Robert Nicholas <rnicholas@reedsmith.com>; External User - Tim Johnson <tjohnson@cavitch.com>; George Moscarino <gmoscarino@mosctreu.com>; Dean Barnhard <Dean.Barnhard@btlaw.com>; Mark Lynch <mlynch@cov.com>; Brandan Montminy <brandan.montminy@lockelord.com>; Laurie Miller <lmiller@jacksonkelly.com>; Craig Pelini <cgp@pelini-law.com>; External User - Elisa McEnroe <elisa.mcenroe@morganlewis.com>
**Cc:** Peter Mougey <pmougey@levinlaw.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>; Joe Rice (jrice@motleyrice.com) <jrice@motleyrice.com>; Linda Singer <lsinger@motleyrice.com>; Pete Weinberger (PWeinberger@spanglaw.com) <PWeinberger@spanglaw.com>; Steven Skikos <sskikos@skikos.com>; Troy Rafferty (trafferty@levinlaw.com) <trafferty@levinlaw.com>; Lora Chafin <Lora@Greeneketchum.com>; Jayne Conroy <jconroy@simmonsfirm.com>
**Subject:** RE: MDL 2804 - Plaintiffs' (FIRST) Combined Discovery Requests to National Chain Pharmacies Defendants

Special Master Cohen,

Plaintiffs are seeking your early input regarding a discovery dispute. Plaintiffs previously served interrogatories and requests for production of documents on the Distributor Defendants. On July 1, 2018, Plaintiffs served an additional 8 discovery requests which attempted to emphasize and clarify certain subject matters. Several of the Distributor Defendants have objected on grounds that we have exceeded the limits placed by the Court. We have attempted to explain that these discovery requests are not "new" but rather bluntly restated subsets. We have reached an impasse with no time for additional delay. Attached hereto are the original discovery sets served on CVS (as an exemplar) as well as the July 1st set. For your convenience, the following are the 8 discovery requests followed by a direct reference to the original request (which has gone largely unanswered):

1. Please produce all **transactional data** related to Opioids and/or Opioid Products from January 1, 1996 to the present; please identify the Bates stamp range for each related to *Case Track One*.
Cf. Request for Production No. 32

2. Please produce each of your **Suspicious Order Monitoring System (SOMS)** policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect. Cf. Request for Production Nos. 22 and 24.

3. Please identify and describe each **suspicious order** your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*. Cf. Interrogatory No. 4(a); Request for Production No. 33.

4. Please identify each suspicious order you **reported** to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*. Cf. Interrogatory No. 4(c); Request for Production No. 33.

5. For each suspicious order you identified but did not report to the DEA since January 1, 2006, please describe in as much detail as possible the reasons and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*. Cf. Interrogatory No. 4(d); Request for Production No. 33.

6. For each suspicious order you reported to the DEA since January 1, 2006, please identify whether you **declined** the order or **shipped** the order and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*. Cf. Interrogatory No. 4(e)(f); Request for Production No. 33.

7. For each suspicious order you reported and then shipped since January 1, 2006, please produce all documents related to your "**due diligence**" for each; please identify the Bates stamp range for each related to *Case Track One*. Cf. Interrogatory No. 4(d); Request for Production Nos. 25, 26 and 33.

8. Please produce and identify the Bates stamp range of all communications to and/or from the DEA since January 1, 2006, related to Opioids and/or Opioid Products (including the 2006/2007 "**Rannazzisi letters**"). Cf. Request for Production No. 17.

We ask that the Distributor Defendants withdraw its objections or seek your leave to require each of them to timely respond. Please note that some of these discovery requests may be subject to Discovery Decision 3

which was published after service.  Finally, please note the purpose of this set of discovery is to emphasize certain subject matters of importance and require the identification of Bates stamp ranges to avoid hours of hunting like pigs for truffles.

**Paul T. Farrell, Jr., Esq.**
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
phone:     304.525.9115
               800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*"Facts are stubborn things."*
          -John Adams
            President of the United States.
            Trial lawyer

---

**From:** Paul Farrell
**Sent:** Tuesday, July 03, 2018 4:15 PM
**To:** Mark Cheffo <mark.cheffo@dechert.com>; Schwartz Rendon, Carole <crendon@bakerlaw.com>; Mainigi, Enu <emainigi@wc.com>; McClure, Shannon E. <SMcClure@ReedSmith.com>; Hobart, Geoffrey <ghobart@cov.com>; Stoffelmayr, Kaspar <kaspar.stoffelmayr@bartlit-beck.com>; Tabacchi, Tina <tmtabacchi@jonesday.com>; Tyler Tarney <ttarney@grsm.com>; James M. Matthews <jmatthews@foley.com>; Eric Delinsky <edelinsky@zuckerman.com>; Robert Nicholas <rnicholas@reedsmith.com>; Timothy Johnson <tjohnson@cavitch.com>; George Moscarino <gmoscarino@mosctreu.com>; Dean Barnhard <Dean.Barnhard@btlaw.com>; Mark Lynch <mlynch@cov.com>; Brandan Montminy <brandan.montminy@lockelord.com>; Laurie Miller <lmiller@jacksonkelly.com>; Craig Pelini <cgp@pelini-law.com>; Elisa McEnroe <elisa.mcenroe@morganlewis.com>
**Cc:** Peter Mougey <pmougey@levinlaw.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>; Joe Rice (jrice@motleyrice.com) <jrice@motleyrice.com>; Linda Singer <lsinger@motleyrice.com>; Pete Weinberger (PWeinberger@spanglaw.com) <PWeinberger@spanglaw.com>; Steven Skikos <sskikos@skikos.com>; Troy Rafferty (trafferty@levinlaw.com) <trafferty@levinlaw.com>; Lora Chafin <Lora@Greeneketchum.com>
**Subject:** RE: MDL 2804 - Plaintiffs' (FIRST) Combined Discovery Requests to National Chain Pharmacies Defendants

Defendant Liaison Counsel,

Plaintiffs have received several inquiries related to the recently served "combined" discovery requests.  This email is intended to provide some clarity.

First, we have evolving titles for sets and subsets of defendants.  On July 1 we served the combined discovery on the Distributor Defendants.  I must admit that I intended this term to be all inclusive but failed to define the term internally.  We used this term to define a narrow subset of defendants in the CT1 cases.  The "chain" distributors rightfully point out that they are referenced as "National Chain Pharmacies Defendants."  So,

attached please find an identical set of discovery requests directed to the National Chain Pharmacies Defendants.  We should have now captured all the distributors.

Second, some have suggested that this "new" set of discovery may exceed the allotment of ROGs and RFPs.  None of the subject matters referenced in the combined set should be "new."  We have expanded and restricted the geographical limitations and temporal restrictions to reflect the Special Masters recent *Discovery Decision 2*.  We have also included requests to identify Bates stamp ranges for CT1 documents to expedite discovery.  If you believe either is improper, please notify me directly and in writing so we may quickly resolve the dispute.

**Paul T. Farrell, Jr., Esq.**
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
phone:    304.525.9115
          800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
"*Facts are stubborn things.*"
        -John Adams
         President of the United States.
         Trial lawyer

**From:** Paul Farrell
**Sent:** Sunday, July 01, 2018 10:55 PM
**To:** Mark Cheffo <mark.cheffo@dechert.com>; Schwartz Rendon, Carole <crendon@bakerlaw.com>; Mainigi, Enu <emainigi@wc.com>; McClure, Shannon E. <SMcClure@ReedSmith.com>; Hobart, Geoffrey <ghobart@cov.com>; Stoffelmayr, Kaspar <kaspar.stoffelmayr@bartlit-beck.com>; Tabacchi, Tina <tmtabacchi@jonesday.com>; Tyler Tarney <ttarney@grsm.com>; James M. Matthews <jmatthews@foley.com>; Eric Delinsky <edelinsky@zuckerman.com>; Robert Nicholas <rnicholas@reedsmith.com>; Timothy Johnson <tjohnson@cavitch.com>; George Moscarino <gmoscarino@mosctreu.com>; Dean Barnhard <Dean.Barnhard@btlaw.com>; Mark Lynch <mlynch@cov.com>; Brandan Montminy <brandan.montminy@lockelord.com>; Laurie Miller <lmiller@jacksonkelly.com>; Craig Pelini <cgp@pelini-law.com>; Elisa McEnroe <elisa.mcenroe@morganlewis.com>
**Cc:** Peter Mougey <pmougey@levinlaw.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>; Joe Rice (jrice@motleyrice.com) <jrice@motleyrice.com>; Linda Singer <lsinger@motleyrice.com>; Pete Weinberger (PWeinberger@spanglaw.com) <PWeinberger@spanglaw.com>; Steven Skikos <sskikos@skikos.com>; Troy Rafferty (trafferty@levinlaw.com) <trafferty@levinlaw.com>; Paul Farrell <Paul@Greeneketchum.com>; Lora Chafin <Lora@Greeneketchum.com>
**Subject:** MDL 2804 - Plaintiffs' (FIRST) Combined Discovery Requests to Distributor Defendants

Liaison Counsel, please find attached "Plaintiffs' (FIRST) Combined Discovery Requests to Distributor Defendants" in the Track One cases.  We attempted to serve counsel for each of the distributors.  I would ask that defendants' liaison counsel please forward to anyone we omitted.

In addition, if you believe we have exceeded our allotment of discovery requests, please advise sooner rather than later.   Thank you.


**Paul T. Farrell, Jr., Esq.**
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
phone:    304.525.9115
             800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*Honor.  Courage.  Safety.  Friendship.*

