UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*TRACK ONE CASES* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**WALGREENS' OBJECTION TO
DISCOVERY RULING NO. 10 REGARDING RE-OPENING THE DEPOSITION OF
SEAN BARNES**

Walgreens files this objection to Discovery Ruling No. 10, requiring it to re-open the deposition of Sean Barnes based on subsequently-produced documents. Walgreens and Mr. Barnes should not be penalized for Walgreens' prompt compliance with the order to accelerate his deposition.

First, the Special Master ordered Walgreens, over its objections, to offer an early date for Mr. Barnes' deposition—several weeks in advance of the deadline for substantial completion of document production—because he was also the company's Rule 30(b)(6) designee on certain document retention processes. Ex. A. Walgreens complied with this order despite the significant burden and the fact that complete production of Mr. Barnes' documents in advance of this deposition was impossible.

Second, Walgreens was fully transparent on this issue with Plaintiffs, and Plaintiffs never complained. In multiple production update letters Walgreens explained that it would do its best to substantially complete production of Mr. Barnes' file in advance of his deposition, but that "[s]ubstantial completion does not include production resulting from privilege review, which is being conducted pursuant to the schedule set forth in CMO 1." *See, e.g.*, Exs. B, C.[1]

It goes without saying that a major privilege review typically results in a determination that some documents initially withheld from production for further review are not privileged and therefore should be produced. Indeed, Cuyahoga County has recently admitted in confidential correspondence that preparing its own belated privilege logs may result in the production of

---

[1] CMO 1 provides that privilege logs are due within 45 days following a production of documents.

additional responsive documents long after the deadline for substantial completion of document production.[2]

In addition, the requirements placed on Walgreens and Mr. Barnes do not appear to apply equally to Plaintiffs.  When Defendants requested a 30(b)(6) deposition on Cleveland's document retention policies, Special Master Cohen agreed that the parties need additional clarity but declined to order a 30(b)(6) deposition because of the concern that it would take too much time.  *See* 11/19/18 Discovery Teleconference Tr. at 16:10-22; 25:12-26:5.  Yet that is exactly what Walgreens was required to do at a much earlier point in the litigation, and for which it is now being punished.[3]

Plaintiffs have identified nothing material in later-produced documents that they were unable to ask Mr. Barnes about, or that they could not ask other witnesses about in future depositions.  Walgreens respectfully submits that it is an abuse of discretion to burden Mr. Barnes with a second deposition based on requirements that (1) virtually guaranteed that additional documents from his files would be produced afterwards, and (2) do not apply equally to all parties.

---

[2] Both Cleveland and Cuyahoga have failed to produce privilege logs for the majority of their production in violation of CMO 1.  There is no visibility into when their privilege reviews will be complete.

[3] At the time of this ruling, Special Master Cohen stated that he had limited memory of the circumstances giving rise to the requirement that Mr. Barnes sit for an early deposition. 11/19/18 Discovery Teleconference Tr. at 26:10-23.

Dated:  November 30, 2018          Respectfully submitted,

         <u>/s/ Kaspar J. Stoffelmayr</u>
         Kaspar J. Stoffelmayr
         BARTLIT BECK LLP
         54 West Hubbard Street
         Chicago, IL 60654
         (312) 494-4400
         kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

    I hereby certify that this 30th day of November, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co.*