UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) ) | |
| | ) | Judge Dan Aaron Polster |
| | ) | |

**TWENTY-THREE SOVEREIGN INDIAN TRIBES' MOTION FOR LEAVE TO FILE MOTION TO BE ALLOWED TO CONDUCT DISCOVERY ON CERTAIN ISSUES THAT ARE UNIQUE TO THE CLAIMS OF INDIAN TRIBES**

Plaintiffs, St. Croix Chippewa Indians of Wisconsin, Red Cliff Band of Lake Superior Chippewa Indians, Lac Courte Oreilles Band of Lake Superior Chippewa Indians, Lac Du Flambeau Band of Lake Superior Chippewa Indians, Shinnecock Indian Nation, Fond du Lac Band of Lake Superior Chippewa Indians, Chitimacha Tribe of Louisiana, Walker River Paiute Tribe, Paiute-Shoshone Tribe of the Fallon Reservation and Colony, Reno Sparks Indian Colony, Pyramid Lake Paiute Tribe, Ely Shoshone Tribe of Nevada, Battle Mountain Band of the Te-Moak Tribe of Western Shoshone Indians, South Fork Band of the Te-Moak Tribe of Western Shoshone Indians, Round Valley Tribe, Coyote Valley Band of Pomo Indians, Big Valley Band of Pomo Indians, Guidiville Rancheria of California, Redwood Valley Little River Band of Pomo, Scotts Valley Band of Pomo Indians, Hopland Band of Pomo Indians, Big Sandy Rancheria, and Robinson Rancheria (collectively, "Indian Tribe Movants"), file this Motion for Leave to File Motion to be Allowed to Conduct Discovery on Certain Issues That Are Unique to the Claims of Indian Tribes, and in support thereof, state as follows:

1.  Indian Tribe Movants are all sovereign Indian Tribes, fully recognized by the United States Government and the U.S. Constitution.

2. Defendants have raised certain issues that are unique to the claims of the Indian Tribe Movants. These issues are: (a) the contracts that McKesson, and perhaps other Defendants, have had with the U.S. Government regarding the distribution of prescription opiates on or into the Reservation lands of the Indian Tribe Movants; (b) the contracts that McKesson, and perhaps other Defendants, have had with the U.S. Government regarding the pricing of prescription opiates on or into the Reservation lands of the Indian Tribe Movants; (c) the role of Indian Health Services in the sale, distribution, and use of prescription opiates on the Reservation lands of the Indian Tribe Movants; and (d) the Defendants' knowledge, actual and constructive, of the relative addictiveness of prescription opiates and other substances in and among the peoples of the Indian Tribe Movants as compared with the general, non-Indian public.

3. Discovery on the foregoing issues, and related issues, will assist the Indian Tribe Movants and the Defendants in identifying the contentions between them, the contested facts as well as the uncontested facts, and the legal issues unique to these Indian Tribe specific facts.

4. This will allow the Indian Tribe Movants and the Defendants to properly evaluate the claims of the Tribes as well as the defenses to those claims. This will result in efficiencies in the overall litigation of these Tribes' claims in MDL No. 2804, including proper settlement evaluation.

5. If the Indian Tribe Movants are foreclosed from conducting this discovery they will have been treated disparately in this litigation in comparison to Municipal and County Governments, and the State Attorney General cases. The Indian Tribe Movants will be at extreme substantive and time disadvantages without the benefit of the foregoing discovery.

6. The purposes of any MDL include the promotion of efficiencies, the provision of a common source and access to discovery documents and depositions, and to centralize the

resolution of the litigation, including by settlement discussions. The Indian Tribe Movants have not realized any of these purposes and goals of multi-district litigation. It is imperative that the Indian Tribe Movants be allowed to conduct the discovery unique to Tribes in order to protect their sovereign rights and authority, as well as to properly evaluate their claims.

7. For the foregoing reasons, and for good cause shown, the undersigned Indian Tribes, by and through their duly authorized counsel, move for leave to file the foregoing motion and be allowed to conduct the requested discovery unique to Indian Tribes.

Respectfully submitted,

*/s/ T. Roe Frazer II*
T. Roe Frazer II
Patrick D. McMurtray
Trey Frazer
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215
roe@frazer.law
patrick@frazer.law
trey@frazer.law
Tel: (615) 647-6464
Fax: (866) 314-2466

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, T. Roe Frazer II, certify that on December 3, 2018, the foregoing document was served via the Court's ECF system to all Counsel of Record.

                                             */s/ T. Roe Frazer II*
                                             T. Roe Frazer II