# BartlitBeck LLP

Kaspar J. Stoffelmayr
Kaspar.Stoffelmayr@BartlitBeck.com

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4434

BartlitBeck.com

December 5, 2018

The Honorable Dan Aaron Polster
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re: *In re National Prescription Opiate Litigation* (17-md-2804)

Dear Judge Polster:

Walgreens submits this letter to correct the record from Plaintiffs' Response in Opposition to Walgreens' Objection to Discovery Ruling No. 9 (Doc. 1151), ordering Walgreens to produce the custodial file for Kermit Crawford.

While we did not have an opportunity to submit a reply brief to the Court, we feel that it is nevertheless important to correct some of the most significant misstatements in Plaintiffs' filing.

For example:

- Walgreens is not, by any stretch of the imagination, "the third largest distributor of prescription opioids into Cuyahoga County . . .".  Resp. Br. 2.  The confidential ARCOS data available to all parties show that this statement is not even close to being correct.  Moreover, Walgreens completely ceased distributing prescription opioids many years ago and only ever distributed prescription opioids to its own stores.

- Walgreens did not enter into any $80 million settlement for "two out of three" Schedule II distribution centers.  Resp. Br. 1.  The settlement related to a distribution center in Florida outside the Track One jurisdictions.

- Walgreens' Pharmaceutical Integrity Department was not staffed with "employees who were predominantly either new to Walgreens or new to this duty."  Resp. Br. 2.  While this specific function was new in 2012 and 2013, the six document custodians Plaintiffs have requested from the Pharmaceutical Integrity Department have a combined total of approximately 100 years of experience at Walgreens.  Each brought special skills—in pharmacy operations, data analytics,

BartlitBeck LLP

December 5, 2018
Page 2 of 2

and loss prevention, among others—that made them uniquely qualified for the Department.

- Plaintiffs mispresent, without any citation, the testimony of Walgreens witnesses on due diligence.  Resp. Br. 2.  The Walgreens Pharmaceutical Integrity Department manager to which Plaintiffs refer provided concrete testimony on due diligence prior to 2013.  *See* Stahmann 10/16/18 Dep. Tr. 156:14-18.

- Walgreens does not "wholly own[]" Rite Aid.  Resp. Br. 5. n.5.  Although Walgreens has acquired certain Rite Aid stores, Rite Aid is an entirely independent company with publicly traded stock.

Thank you for your consideration.

Respectfully submitted,

Kaspar J. Stoffelmayr