**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION *This document relates to:* Track One Cases | MDL 2804 Case No. 17-md-2804 Hon. Dan Aaron Polster |

**OPPOSITION TO WALGREENS'S OBJECTION TO DISCOVERY RULING NO. 10 REGARDING RE-OPENING THE DEPOSITION OF SEAN BARNES**

Walgreens's challenge to Discovery Ruling 10 regarding the reopening of Sean Barnes's deposition is due to be denied because Walgreens has failed to meet its burden of demonstrating that Special Master Cohen abused his discretion.[1] Walgreens fails to meet its burden for the following reasons: (1) Mr. Barnes's deposition date was not set based on an accelerated request for 30(b)(6) testimony and Plaintiffs never agreed to waive production of Mr. Barnes's complete custodial file prior to the deposition, (3) there is no dispute that 40% of Mr. Barnes's custodial file was produced, without warning, after Mr. Barnes's deposition, and (4) despite no requirement to do so, Plaintiffs have identified that the post-deposition production relates to facts and issues about which Plaintiffs are entitled to question Mr. Barnes.[2]

1. **Mr. Barnes's Fact Deposition was Not Set as the Result of Accelerated 30(b)(6) Discovery and Plaintiffs Did not Waive Full Production of Mr. Barnes's Custodial File.**

Mr. Barnes's October 22, 2018 fact witness deposition was not set as a result of an accelerated schedule related to 30(b)(6) Document Preservation and was not accompanied by any waiver of full, complete production, but was a standard fact deposition set according to normal protocols, as Walgreens's own discovery correspondence confirms. Mr. Barnes was not designated as a 30(b)(6) witness on these topics until later.

Plaintiffs first requested the deposition and custodial file of Mr. Barnes as early as July 11, 2018. *See* **Exh. A**, July 11, 2018 letter from Paul Farrell requesting that Walgreens "prioritize[e] completing custodial files" for and "provide[] deposition date[]" for Mr. Barnes". On September 13, 2018, Walgreens offered October 23, 2018 as for fact deposition of Sean Barnes. *See* **Exh. B**, Sept. 13, 2018 email from Kate Swift. While Walgreens footnoted their offer of an October 2018 date for Mr. Barnes (and for the four other fact witness deposition dates Walgreens offered at that time) with a general statement that "several of these witnesses will be designated on one or more 30(b)(6)

---

[1] *See* Discovery Ruling 10 [Doc. 1154] at 2 ("A successful objection must demonstrate abuse of discretion.") (citing Fed. R. Civ. P. 53(f)(5); *Order of Appointment* [Doc. 69] at 5.).
[2] Walgreens's Motion does not address any other portions of Special Master Cohen's Discovery Ruling 10, which confirmed prior Discovery Orders by this Court. Accordingly, Plaintiffs' filing here addresses only the challenge to re-opening Mr. Barnes's deposition.

topics," Mr. Barnes was not yet identified as a 30(b)(6) witness on any topic, including document retention. In fact, Walgreens expressly stated just two days earlier that Walgreens was "not going to offer a witness for an accelerated 30(b)(6) deposition." *See* **Exh. C**, Sept. 11, 2018 email from Kate Swift. Mr. Barnes was not designated as the 30(b)(6) witness for document preservation and litigation holds until a week later, on September 19. *See* **Exh. D**, Sept. 19, 2018 letter from Kate Swift. Accordingly, the date of Mr. Barnes's October 2018 deposition was not set as the result of any accelerated 30(b)(6) schedule related to document retention.

Further, Plaintiffs did not waive complete custodial production in advance of the deposition. When Walgreens offered an October 2018 date for Mr. Barnes's fact witness deposition, it stated that it "offered [the] dates … [for the witnesses] Plaintiffs requested" in "accordance with the Court's September 6 Amended Discovery Order." *See* Ex. B. This Court's September 6, 2018 Amended Discovery Order states: "**Absent contrary agreement of the parties**, custodial file production, if requested and agreed to (or ordered by the Court**), must be complete at least 14 calendar days before the deposition**, and **deposition dates should be set with that in mind**." [Doc. 941 at 4] (emphasis added). While Walgreens added a boiler plate footnote to some of its discovery update correspondence setting out "substantial completion" estimates for certain categories of documents and noting that these "substantial completion" estimates did not include documents screened for privilege review, such boiler plate language did not replace the court ordered requirement for *actual* completion 14 days in advance of the deposition, nor did it constitute an agreement that Plaintiffs would take Mr. Barnes's fact witness deposition without full production of his custodial file.

Walgreens's own correspondence makes it clear that there was no expectation Mr. Barnes's deposition would be taken without the benefit of his complete custodial file. Such a lack of agreement regarding Mr. Barnes's deposition is highlighted by comparison to another witness deposition, for which Plaintiffs did waive full custodial production. When Plaintiffs agree to take the deposition of Walgreens witness Eric Stahmann on October 16, 2018 prior to completion of his custodial file, Walgreens expressly asked "if plaintiffs were willing to depose one of our fact witnesses without a complete custodial file production. Are you?" *See* **Exh. E,** September 21, 2018 email from Kate Swift. Plaintiffs responded that Eric Stahmann was the "one … fact witness" which Plaintiffs agreed to take prior to production of a "complete custodial file." *See* **Exh. F,** September 25, 2018 email from Kate Swift. Notably, Mr. Barnes was not the "one… fact witness" agreed upon. This agreement was in writing, documented by a clear exchange between the parties. Walgreens's correspondence makes it clear that Walgreens knew and intended that this agreement was extraordinary and applied to a single witness – Mr. Stahmann – and not Mr. Barnes.

## 2. It is Undisputed that 40% of Mr. Barnes's Custodial File was Produced after his Fact Deposition.

There is no dispute that two hours after the conclusion of Mr. Barnes's October 22, 2018 deposition, Walgreens produced more than 17,900 pages (1,346 documents) from Mr. Barnes's custodial file. See **Exh. G**, November 13, 2018 letter from Peter Mougey. Further, there is no dispute that this post-deposition production by Walgreens was deliberate and not inadvertent. This post deposition production was not agreed to and was a direct violation of this Court's orders and Plaintiffs' requests.

2

**3. Despite Having No Obligation to do so, Plaintiffs have Identified Topics and Documents Covered by the New Production.**

Contrary to Walgreens's representation to this Court, Plaintiffs have provided examples of documents produced post-deposition that Plaintiffs were unable to ask Mr. Barnes about. For example, Plaintiffs pointed Special Master Cohen and Walgreens to documents concerning the DEA's 2013 investigation of Walgreens's Perrysburg, Ohio schedule 2 controlled substance distribution center, of which Mr. Barnes disavowed all knowledge. These documents showed that not only was Mr. Barnes aware of the investigation, but that he was assigned to be the "Project Manager" in charge of the "DEA issue at Perrysburg." *See* **Exh. G**, November 13, 2018 letter from Peter Mougey.

For these reasons, Plaintiffs submit that Walgreens's challenge to Discovery Ruling 10 regarding the reopening of Sean Barnes's deposition is due to be denied.

Dated: December 7, 2018                              Respectfully submitted,

/s/ *Peter J. Mougey*

Peter J. Mougey
**LEVIN, PAPANTONIO, THOMAS,
   MITCHELL, RAFFERTY &
   PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com

3

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                  /s/ *Peter J. Mougey*
                                                  Peter J. Mougey
                                                  *Counsel for Plaintiffs*