# EXHIBIT A

 **GREENE KETCHUM**

**FARRELL BAILEY & TWEEL LLP**

Attorneys and Counsellors at Law
419 Eleventh Street • Huntington, WV 25701
P.O. Box 2389 • Huntington, WV 25724-2389
304.525.9115 • Fax: 304.529.3284 • 1.800.479.0053
www.greeneketchum.com

Lawrence J. Tweel - WV & KY
Bert Ketchum - WV & GA
Paul T. Farrell, Jr. - WV, OH & KY
Larry A. Bailey - WV, OH & KY
Clayton J. Maddox - WV

July 11, 2018

**VIA ELECTRONIC EMAIL**

Kaspar Stoffelmayr
Bartlit Beck
54 West Hubbard Street
Suite 300
Chicago, IL 60654
Kaspar.stoffelmayr@bartlit-beck.com

        Re:    *In re National Prescription Opioid Litigation*, Case No. 17-md-2804
                Production of Custodial Files

Dear Kaspar:

On yesterday's telephone conference, Special Master Cohen emphasized that all parties should prioritize completing custodial files for individuals whose depositions have been requested. To that end, Plaintiffs request that Walgreens produce the custodial files of the following individuals no later than July 24, and provide dates during the last week of July for the individuals' depositions:

- Barb Martin
- Denman Murray
- Tomson George
- Sean Barnes
- Ed Bratton

Further, in addition to describing your production of custodial files, please address whether Walgreens has produced the following materials in its productions to date. If it has produced these materials, please provide the bates numbers. If it has not produced these materials, advise as to when production will occur:

1. Policies, procedures, metrics and formulas for detecting, investigating, and addressing suspicious orders or customers (all versions over time period).
2. Files reflecting customer onboarding and diligence investigations for all suspicious orders in Ohio and states identified in the Special Master's last discovery order.
3. Any audits, reviews, or recommendations regarding controlled substance compliance/anti-diversion efforts.

Kaspar Stoffelmayr
Page 2
July 11, 2018

4. Documents sufficient to identify the number of personnel involved in and budget for investigating new customers and suspicious orders in each year during time period.
5. Documents related to every order that was not filled and all customers that were terminated in Ohio and states identified in Discovery Order #2.
6. Board minutes and memos re. controlled substance compliance or diversion of opioids.
7. Communications with and about DEA regarding controlled substance compliance or diversion of opioids.
8. Communications related to the reporting, investigation, or decision-making for any suspicious order or customer related to opioids.
9. Communications with or about HDA or HDMA re. controlled substance compliance and diversion.
10. Communications with or about any opioid manufacturer regarding suspicious prescribing or orders.
11. Agreements and communications with any opioids manufacturer regarding pricing or chargebacks or the promotion, education, or adherence programs related to opioids
12. Revenue from the distribution or marketing of opioids, including chargebacks, by year, nationally and in Ohio and states identified in Discovery Order #2.
13. Lobbying or educational efforts related to the enforcement of controlled substance laws and regulations or quotas for opioids.

Sincerely,

Paul Farrell, Jr.

cc:     Hunter Shkolnik
        Sal Badala
        Joe Ciaccio
        Jeff Gaddy
        Peter Mougey
        Jayne Conroy
        Kate Swift