# EXHIBIT D

# BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP

www.bartlit-beck.com

CHICAGO OFFICE

COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60654
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE

1801 WEWATTA STREET
SUITE 1200
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4405
kate.swift@bartlit-beck.com

September 19, 2018

**BY E-MAIL**

Special Master David R. Cohen
24400 Chagrin Blvd., Ste. 300
Cleveland, OH 44122
David@SpecialMaster.Law

**Re**:     *MDL 2804 – Walgreens' Request for Reconsideration on Plaintiffs' Demand for an Accelerated 30(b)(6) Deposition on Document Retention and Litigation Holds*

Dear Special Master Cohen:

Walgreens seeks reconsideration and clarification of your Saturday night ruling on Walgreens' request for a protective order to prevent Plaintiffs' from taking an accelerated 30(b)(6) deposition on document retention and litigation holds.  Your ruling improperly requires Walgreens to provide testimony on subjects that are clearly protected by both the attorney-client privilege and the attorney work-product doctrine.[1]

Your ruling states, in full:

I conclude Ps have not carried their burden of proving they are entitled to an accelerated deposition from Walgreens on Topic 1 on or before September 24.  But neither is it appropriate to push this deposition off until the last possible week.  Walgreens must do as it has promised, which includes: (1) producing its document-retention policies in the next production; and (2) provide a 30b6 witness on those policies.  Given the circumstances presented, the latter event must occur on or before October 10, 2018.  Questioning may include: (a) history of litigation holds; (b) actions of document preservation and discard taken in accord with litigation holds and document retention policies; and (c) whether "discarded" documents are available through other means.  I am highly unlikely to hear arguments regarding spoliation, but Ps are entitled to learn what happened to documents and whether any that were 'discarded' are still available somehow.

Your ruling requires reconsideration for two reasons.  First, it purports to permit discovery of Walgreens' litigation holds in this and other cases, which are protected work product and privileged communications.  Second, your ruling unnecessarily orders a deposition by October 10, when Walgreens has already offered a witness to testify on its document retention policies just 12 days later, on October 22, when the appropriate witness is available.  There is no

---

[1] This issue is separate from the issue of whether Ed Bratton's deposition should be split over two days, which Walgreens has addressed in a separate letter.  Mr. Bratton is not designated on document retention or litigation holds.

B ARTLIT  B ECK  H ERMAN  P ALENCHAR  &  S COTT  LLP

Page 2

need for that deposition to occur any earlier, or for it to cover more than Walgreens' document retention policies.

## I.   Without a showing of spoliation, litigation holds are privileged and not discoverable.

It is settled law that, absent evidence of spoliation by a party in pending or anticipated litigation, litigation holds are privileged attorney work product, and not discoverable.  *See, e.g.*, *Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*, 2013 WL 5311292, at *3 (S.D. Ohio Sept. 20, 2013) ("although hold letters are generally privileged, such letters become a proper subject of discovery *if spoliation occurs*") (citation omitted and emphasis added); *Major Tours v. Colorel*, 2009 WL 2413631, at *2 (D. N.J. Aug. 4, 2009) ("Although in general hold letters are privileged, the prevailing view, which the Court adopts, is that when spoliation occurs the letters are discoverable.") (collecting cases).  It is only "*[o]nce a party reasonably anticipates litigation*" that it "must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents."  *Id.* (emphasis added).

You expressly declined to find—and Plaintiffs have offered no evidence—that Walgreens has failed to preserve documents in the time period since these cases could have been reasonably anticipated, or that Walgreens has "discarded" documents, to use your word, at any time.  Setting aside Plaintiffs' misstatements about the circumstances of earlier cases (*see* 9/13/18 Mougey Letter; *contra* 9/15/18 Swift Letter), all that Plaintiffs point to is the completely unremarkable fact that Walgreens changed email servers in 2012 and 2013, years before anyone (including Plaintiffs) could even guess that these cases would be filed against Walgreens.[2]

Absent evidence of spoliation by Walgreens—again, there is *none*—Walgreens cannot be required to offer a witness to testify on privileged subject matter as you have ordered.  We request that you either reconsider and clarify your order, or stay it so that Walgreens may seek appropriate relief.

## II.   Walgreens' date for a deposition on its document retention policies should stand.

Your ruling also ordered Walgreens to offer a witness on its document retention policies "on or before October 10, 2018."  Walgreens has already offered a witness who is available to testify just 12 days later, on October 22.  Walgreens must substantially complete the witness's custodial file production 14 days earlier, by October 8, less than three weeks from now.  Meanwhile, Walgreens will produce its document retention policies in its next production.  There

---

[2] For their part, Plaintiffs have flat out refused to provide *any* information about their own preservation efforts, even in the face of sworn testimony by Cuyahoga County's longest-tenured finance employee, Christopher Murray, that to this day he has never received a litigation hold notice or done anything to preserve potentially relevant documents for purposes of this litigation.  *See* Murray Tr. 37:21-25; *id.* 29:25-31:1.  Your ruling that Walgreens must produce discovery on litigation holds in the absence of any evidence of spoliation, but that Plaintiffs need not do so in the presence of such evidence, smacks of a double standard.

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Page 3

is no reason for the document retention deposition to occur any earlier than October 22, and no prejudice to Plaintiffs from the date that Walgreens has offered.

Finally, your ruling that the deposition on Walgreens' document retention policies must include "actions of document … discard" and "whether 'discarded' documents are available through other means" is ambiguous and goes beyond what Plaintiffs requested in their 30(b)(6) notice.  It would be difficult, if not impossible, to prepare a witness on, for example, whether documents that Walgreens discarded more than five years ago, before Walgreens anticipated this litigation, may nonetheless still exist somewhere.  Such information is, by definition, outside of Walgreens' possession.

Plaintiffs have not requested that information in their 30(b)(6) topics in any event.  The topics focus more narrowly on Walgreens' retention policies.[3]  Walgreens objected to aspects of those topics (e.g., related to litigation holds) but agreed to offer a witness to testify on most aspects, including "its filing and retention of custodial and non-custodial sources of documents that are potentially responsive to Plaintiffs' document requests, including sources of suspicious order reports, distribution data, policies and procedures regarding suspicious-order monitoring and the evaluation of orders for Schedule II opioids from Walgreens pharmacies, and ARCOS data reported to the DEA."  To the extent your ruling contemplates testimony on more than that—indeed, on more than what Plaintiffs have requested—it should be reconsidered.

\*        \*        \*

Your ruling should be reconsidered and clarified to make clear that Walgreens is not required to provide privileged attorney work product about litigation hold notices, or any other information that Plaintiffs are not also required to provide, or that is outside of Walgreens' possession.  Your ruling regarding the timing of the deposition on document retention policies should be reconsidered in light of the October 22 deposition that Walgreens has already offered.

Sincerely,

Katherine M. Swift
Counsel for Walgreens

---

[3] Plaintiffs' topics on document retention state: "Defendant's document retention policy for hard copy and electronic documents, including but not limited to: a. Defendant's policies and procedures for preserving documents in connection with litigation; b. Defendant's filing system for both hard copies of documents and electronic copies of documents; c. The identification and description of all files identified and/or searched for purposes of responding to plaintiffs' requests for production; d. The current and any prior system(s) used for purposes of creating, transmitting, storing, backing up, retrieving, and deleting E-mail and/or electronic records, including but not limited to, the name and version, installation dates, number of users, and location of users' mail files; e. Defendant's retention of records related to reporting information to the ARCOS system maintained by the DEA; f. Defendant's retention of records related to reporting of suspicious orders to the DEA; and g. Defendant's storage and retention of all sales transactions of all controlled substances (opioid products)."

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**

Page 4

Cc:    Liaison counsel
        Peter Mougey
        Jeff Gaddy