# EXHIBIT G



KIMBERLY LAMBERT ADAMS
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
JEFF GADDY
REBECCA D. GILLILAND
 *(LICENSED ONLY IN ALABAMA)*

RACHAEL R. GILMER
FREDRIC G. LEVIN
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
CLAY MITCHELL
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
A. RENEE PRESTON
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
LEO A. THOMAS
BRETT VIGODSKY

OF COUNSEL:
LAURA S. DUNNING
 *(LICENSED ONLY IN ALABAMA)*
BEN W. GORDON, JR.
ARCHIE C. LAMB, JR.
PAGE A. POERSCHKE
 *(LICENSED ONLY IN ALABAMA)*
CHRISTOPHER V. TISI
 *(LICENSED IN WASHINGTON, D.C.
 AND MARYLAND)*

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

November 13, 2018

**VIA EMAIL**
David R. Cohen
24400 Chargin Blvd. Suite 300
Cleveland, OH 44122
david@specialmaster.law

   RE: Walgreens Post-Deposition Custodial File Production – Plaintiff's Request to Re-Open the Deposition of Sean Barnes

Dear Special Master Cohen,

  On October 22, Plaintiffs took the deposition of Walgreens employee Sean Barnes. **Two hours *after* the conclusion of Mr. Barnes's deposition**, **Walgreens produced 1,346 documents** - **more than 17,900 pages** (including nearly 300 excel workbooks, each counted here as a single page) - from Mr. Barnes's custodial file, a production comprising 40% of Mr. Barnes's total produced custodial file.[1] The vast majority of these documents were non-duplicates and were produced for the first time after Mr. Barnes's deposition had concluded.  Many of these documents were highly relevant to the issues at the heart of Plaintiffs' case and provide evidence which directly contradicts the testimony of Mr. Barnes.

  In meet and confers, Walgreens freely admitted that the post-deposition production was deliberate, not inadvertent.  Walgreens maintained that, if it had identified any custodial document for potential privilege review, it was under no obligation whatsoever to complete that privilege review in time to produce the nonprivileged documents by the 14-day deadline.  Further, Walgreens counsel expressed that Walgreens intended to continue its practice of failing to complete privilege review such that non-privileged documents would be produced 14 days in advance of depositions.   Walgreens has evidenced its deliberate continued practice with respect to at least two subsequent depositions. [2]

---

  [1] Additional highly relevant documents from Mr. Barnes's file have been produced since that time, further compounding the issue.

  [2] This is not a one-time issue.  When pressed by Plaintiffs, Walgreens advised on November 1st that there were up to 560 documents that were being withheld and reviewed for privilege from the custodial file of Steven Mills, who was scheduled to be deposed one week later.  When none of those documents had been produced by Walgreens as of November 6th, fewer than 48 hours before the deposition, Plaintiffs re-inquired of Walgreens and was informed that although approximately 50 documents had been cleared as non-privileged, ***they did not intend to produce these cleared documents until after the deposition of Mr. Mills had been completed***.  It was not until Plaintiffs filed a motion for emergency relief with Special Master Yanni that those 50 documents were produced,

David R. Cohen
Page 2
November 13, 2018

RE:  Walgreens Post-Deposition Custodial File Production – Plaintiff's Request to Re-Open the Deposition of Sean Barnes

Production of 40% of a witness's custodial file after his deposition is a blatant violation of requirements set out in your September 6th, 2018 Order on Discovery in Track One Cases (Doc. #941). That Order mandates that "**Absent contrary agreement of the parties, custodial file production** … **must be complete at least 14 calendar days before the deposition, and deposition dates should be set with that in mind**."

Importantly, Walgreens proposed the date for Mr. Barnes's deposition on September 13th, a week after your Order was issued. Plaintiffs accepted the date of October 22nd with the full understanding that Walgreens would comply with your Discovery Ruling and that production of Mr. Barnes's file would be complete 14 days prior to the deposition. At no time did Plaintiffs agree to any deviation from the production schedule mandated by you, and at no time did Walgreens ever advise Plaintiffs that more than 17,900 pages of relevant, responsive, and non-privileged documents were being deliberately withheld.

Walgreens brazenly attempts to justify this practice of producing a substantial percentage of Mr. Barnes's custodial file after his deposition by pointing to a boilerplate footnote regarding their self-imposed definition of "substantial completion" that they added to Walgreens weekly production tracker.[3] However, this footnote does not provide notice of Walgreens intent to violate your 14-day actual completion requirement, nor does any provision in CMO 1 permit a failure to comply the 14-day actual completion requirement. Further, your September 6th Order removes any ambiguity by requiring that "deposition dates should be set with (the 14-day completion requirement) in mind." Walgreens attempts to extrapolate CMO 1's 45-day privilege log grace period into license to deliberately withhold significant portions of a witness's custodial file from production under the guise of a continued privilege review. CMO 1 makes no such provision. The grace period for producing a privilege log in no way contemplates an extension of actual production deadlines, but, instead, permits parties time to formalize and produce the logs themselves, which can be a cumbersome process if parties are properly formulating the logs and disclosing all appropriate information on them.

---

fewer than 24 hours before the deposition. It now appears that this last minute production by Walgreens was not even complete as Walgreens made another production from Mr. Mills' custodial file mere hours ago – 5 days after his deposition concluded. Similarly, on November 8th, Walgreens (only when asked by Plaintiffs) informed Plaintiffs that approximately 2,100 documents from the custodial file of Patty Daugherty had not yet been produced and were still being reviewed for potential privilege. While this means that Walgreens has already violated your September 6th Order, they did not even commit to produce all remaining non-privileged documents prior to Ms. Daugherty's deposition. In fact, just today, a mere 2 days prior to Ms. Daugherty's deposition, Walgreens made another production consisting of documents from Ms. Daugherty's custodial file.

[3] That footnote states: "Substantial completion does not include production resulting from privilege review, which is being conducted pursuant to the schedule set forth in CMO 1. Additional documents may be produced as a result of such search."

David R. Cohen
Page 3
November 13, 2018

RE:    Walgreens Post-Deposition Custodial File Production – Plaintiff's Request to Re-Open the Deposition of Sean Barnes

There is no support for the mental gymnastics Walgreens has attempted here. Were Walgreens's interpretation correct, your September 6th Order would be meaningless as Defendants would be incentivized to hold back significant percentages of custodial files for "privilege review" (as Walgreens did) to only produce the documents after the deposition had been completed so the witness could not be questioned about them. This clearly was not the intent of your Order.

Walgreens also attempts to justify their standard practice of producing a substantial percentage of custodial files post-deposition by pointing to a single incident where Summit County produced 103 documents 6 days **before** an upcoming deposition. How Walgreens equates (a) 103 documents to 1,346; and (b) production 6 days pre-deposition to production post-deposition is difficult to understand. Highlighting the differences further, Summit County offered to postpone the deposition if Defendants were unable or unwilling to review the 103 documents prior to the deposition. (*See* November 7, 2018 Kearse letter to Davis). Not only did Walgreens not make a similar offer, *they did not even inform Plaintiffs that a post-deposition production was going to occur.*

Further, **Walgreens has refused to re-open Mr. Barnes's deposition,** stating Plaintiffs had provided "no good cause" for doing so. (*See* November 1, 2018 Desh letter to Gaddy). To the extent any "good cause" requirement exists, it is hard to understand how deliberate post-deposition production of 17,900 pages of relevant, responsive, and non-privileged documents and Walgreens's violation of your September 6th Order is on its face cause to allow Plaintiffs to re-open this deposition would not constitute such "good cause."

Walgreens also objected to the re-opening of Mr. Barnes's deposition because Plaintiffs did not identify which of the newly produced documents Plaintiffs wished to question him about. While Plaintiffs should not be required to reveal our deposition strategy in advance of a deposition, there are many documents in the post-deposition production that Plaintiffs wish to explore with Mr. Barnes. As an example, Mr. Barnes was specifically asked in his deposition about his knowledge of the DEA's 2013 investigative warrant and subpoena to the Walgreens Perrysburg, Ohio CII distribution facility. When asked whether he was aware of this occurrence prior to his deposition, his response was "not at all." (*See* Deposition of Sean Barnes at 206:25). When asked whether or not Mr. Barnes or his team had any involvement in reacting or responding to the DEA warrant or subpoena, Mr. Barnes stated "Not to my knowledge ..." (*Id*. at 207:9). As a result of these responses, Mr. Barnes was not questioned on these topics any further.

A review of documents from Mr. Barnes's custodial file that were produced after his deposition belie Mr. Barnes's testimony. These documents reveal that Mr. Barnes was informed of the DEA action related to the Perrysburg CII distribution facility, and in fact, Mr. Barnes was the Project Manager in charge of the "DEA issue at Perrysburg." (*See* WAGMDL00484256, which has been marked HIGHLY CONFIDENTIAL, and therefore will

RE: Walgreens Post-Deposition Custodial File Production – Plaintiff's Request to Re-Open the Deposition of Sean Barnes

only be provided upon request). Clearly Plaintiffs would have questioned Mr. Barnes further on this topic had they been in possession of these documents sufficiently prior to his deposition.

Walgreens also objected to the re-opening of Mr. Barnes's deposition because it claims there are other depositions scheduled and that Plaintiffs can question these other witnesses about the topics we want to question Mr. Barnes on. This objection is unfounded for several reasons. First, Plaintiffs should not be required to subtract time from its questioning of future witnesses to address topics that Plaintiffs would have covered with Mr. Barnes were it not for Walgreens's failure to comply with your Discovery Ruling. Secondly, to continue with the above-referenced example, as the documents provided post-deposition illustrate that Mr. Barnes very involved with this matter (the Project Manager), Plaintiffs should be permitted to question Mr. Barnes himself about this document. Again, this is just one example.

Additionally, on top of Plaintiffs' desire to question Mr. Barnes regarding the contents of the documents produced post-deposition, it is also highly like that such documents will shine light on and provide context to documents that were timely produced. For this reason, at the continuation of Mr. Barnes's deposition, Plaintiffs should not be limited to questioning Mr. Barnes solely on the documents produced after Mr. Barnes's deposition in violation of your September 6th Order.

Notably, during Mr. Barnes's deposition Plaintiffs only questioned Mr. Barnes for approximately 4 of the permitted 7 hours. Plaintiffs hereby request that we be permitted to re-open the deposition of Mr. Barnes, that we be given 5 hours to complete his deposition, and that whatever amount of time is used only counts against Plaintiff's total deposition allowance as a single deposition. Plaintiffs request for 5 hours as opposed to the 3 we have remaining is reasonable, based on Walgreens flagrant violation of your Order that deprived Plaintiffs of their ability to properly prepare for and take Mr. Barnes's deposition.

Further, while Plaintiffs have notified Walgreens that Plaintiffs object to Walgreens' improper discovery practices described herein, Walgreens has not committed to stopping those practices nor has Walgreens agreed to complete its privilege review such that custodial files will be timely produced in advance of the scheduled depositions. Accordingly, Plaintiffs reserve the right to hold open or reopen any other depositions with untimely custodial production.

David R. Cohen
Page 5
November 13, 2018

RE:   Walgreens Post-Deposition Custodial File Production – Plaintiff's Request to Re-Open the
      Deposition of Sean Barnes

                      Respectfully Submitted,

                      */s/Peter Mougey*

                      Peter Mougey, Esq.
                      Laura Dunning, Esq
                      Jeff Gaddy, Esq.


PJM/klm
CC:
Plaintiffs Liaison Counsel
Defendants Liaison Counsel