UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br>MAGISTRATE JUDGE DAVID A. RUIZ<br><br>NOTICE OF COMPLIANCE |

PLEASE TAKE NOTICE that the United States of America received a request for the disclosure of official Department of Justice ("DOJ") information in the above-captioned case. Specifically, on July 10, 2018, DOJ received a request from Co-Liaison Counsel for the Manufacturers, Co-Liaison Counsel for the Distributors, and Co-Liaison Counsel for the Chain Pharmacy Defendants (collectively "Defendants") seeking the Drug Enforcement Administration ("DEA") to provide 22 years of documents in 37 different categories, the deposition testimony of 15 current and former DEA employees, and Federal Rule of Civil Procedure 30(b)(6) testimony on 24 topics.  On July 25, 2018, the DOJ denied the request for failing to comply with FRCP 45, failing to comply with 28 C.F.R. § 16.22, being unreasonable cumulative and duplicative, being unduly burdensome and not proportional to the needs of the case, and seeking privileged and protected information.  On September 4, 2018, Defendants revised and narrowed their request to seeking testimony from eight priority witnesses.  The parties met and conferred on the number of witnesses and scope of the requested testimony.

Then, on October 26, 2018, Defendants sent the undersigned copies of subpoenas for seven of the eight priority witnesses.

Federal regulations govern the disclosure of official information by DOJ employees and prohibit personnel from testifying absent express authorization.  28 C.F.R. § 16.22(a).  The United States Supreme Court has long recognized the authority of agency heads to restrict the testimony of their subordinates through regulations.  *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).  These regulations are called "*Touhy* Regulations."  In the *Touhy* decision, the United States Supreme Court held that a subordinate federal officer could not be found in contempt of court for refusing to produce subpoenaed documents, where his refusal was based on DOJ regulations prohibiting the disclosure of nonpublic documents without authorization of the Attorney General.  *Id.* at 466.  The Court rejected the contention that the regulation invaded the authority of the Courts to determine the admissibility of evidence.  *Id.* at 468.

In this instance, DOJ has granted authorizations for Joseph Rannazzisi, Kyle Wright, and Demetra Ashley to provide testimony on certain subjects and denied the requests for Gregory Brodersen, Louis Milione, and Michael Mapes to testify.  The decision letters are attached hereto as Government Exhibits A-G and will be provided to the Court and all of the parties via the Court's electronic filing system.  A seventh witness, Dr. Christine Sannerud, was not served until December 10, 2018, and is still under consideration.

Respectfully submitted,

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515


By: /s/ James R. Bennett II
JAMES R. BENNETT II (OH #0071663)
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio  44113-1852
Telephone:  (216) 622-3600
Facsimile:  (216) 522-4982
E-mail:  James.Bennett4@usdoj.gov

Attorney for United States Department of Justice,
Drug Enforcement Administration


CERTIFICATE OF SERVICE

I certify that, on December 10, 2018, I filed a copy of the foregoing electronically.  The Court's electronic filing system will send notice of this filing to all parties.  Parties may access this filing through the Court's system.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney