

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

December 10, 2018

Enu Mainigi
Williams and Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005-5901

    Re: *Touhy* Requests in *In re: National Prescription Opiate Litigation*,
        MDL No. 2804 (N.D. Ohio)

Dear Ms. Mainigi:

    By letter dated July 10, 2018, the defendants in the above-captioned matter (the MDL Defendants) requested testimony from thirteen current and former employees of the United States Drug Enforcement Administration (DEA), one former employee of the FBI, and certain 30(b)(6) testimony under the Department of Justice (DOJ's) *Touhy* regulations, 28 C.F.R. § 16.21, *et seq*. The MDL Defendants' *Touhy* requests were later modified on September 4, 2018, when you proposed "prioritizing" the following eight individuals: Demetra Ashley, Gregory Brodersen, Michael Mapes, Keith Martin, Louis Milione, Joseph Rannazzisi, Dr. Christine Sannerud and Kyle Wright. Defendants also provided revised summaries of requested testimony and statements of relevance for the prioritized witnesses. This letter summarizes DOJ's response to the MDL Defendants' prioritized *Touhy* requests. Attached hereto are copies of the decision letters issued under the *Touhy* regulations in response to defendants' requests.

    As you are aware, federal regulations govern the disclosure of official DEA information by federal employees. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951); *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994). Under these regulations, current and former DEA employees are prohibited from disclosing official information in proceedings in which the United States is not a party without express authorization from the DOJ. *See* 28 C.F.R. 16.22(a). "[N]either FOIA nor a third-party subpoena will provide the private litigant with guaranteed access, at public expense, to the testimonial evidence of agency employees. When the government is not a party, the decision to permit employee testimony is committed to the agency's discretion." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999).

**GOVERNMENT EXHIBIT A**

I have considered the list included in your September 4, 2018, letter of the eight current and former DEA employees whose testimony you seek. After careful consultation with the DEA, I have determined that your request for the disclosure of official government information should be granted in part and denied in part. Specifically, the following individuals are authorized to give deposition testimony on the topics set forth in their authorization letters and summarized below:

**Demetra Ashley:** Ms. Ashley is authorized to give non-privileged, factual testimony within her personal knowledge relating to her former position as the Acting Assistant Administrator for the Office of Diversion Control. Specifically, she is authorized to provide testimony regarding her personal recollections of her communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74; advice she provided regarding registrants' obligation to monitor orders placed with third-party registrants; and her interactions with manufacturers and distributors of opioids during her tenure at the Office of Diversion Control.

I am also authorizing Ms. Ashley to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing specific topics on which she is authorized to testify.

**Joseph T. Rannazzisi:** Mr. Rannazzisi is authorized to give non-privileged, factual testimony within his personal knowledge relating to his former position as a Deputy Assistant Administrator of the Office of Diversion Control. Specifically, he is authorized to provide testimony regarding his personal recollections of his communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters he authored in 2006 and 2007; advice he provided regarding registrants' obligation to monitor orders placed with third-party registrants; his interactions with opioid manufacturers and distributors during his tenure at the Office of Diversion Control; his understanding of DEA's practices and procedures relating to ARCOS data and suspicious order reports; his personal recollection of requests the DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto; his role within DEA in establishing procurement and manufacturing quotas for opioid medications; and documents obtained by him during his DEA employment and retained by him following his departure.

Mr. Rannazzisi is further authorized to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing specific topics on which he is authorized to testify. Mr. Rannazzisi is not authorized to testify about "DEA's decision not to allow Distributors access to de-identified ARCOS data prior to February 2018," because Mr. Rannazzisi retired from DEA in 2015 and, therefore, has no personal knowledge of any agency action announced in February 2018.

**Kyle J. Wright:** Mr. Wright is authorized to give non-privileged, factual testimony within his personal knowledge relating to his former position as a Staff Coordinator in the Regulatory Division of the Office of Diversion Control and in the Targeting & Analysis Unit of the Office of Diversion Control. Specifically, Mr. Wright is authorized to testify regarding his personal recollections of his practices and procedures relating to ARCOS data and suspicious order reports, and his interactions with registrants when a distributor terminated its relationship with a customer due to the risk of diversion.

Mr. Wright is further authorized to provide testimony on "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" to the extent covered by the foregoing specific topics on which he is authorized to testify. Mr. Wright is not authorized to provide testimony on "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders placed with other third party registrants and/or the use or potential use of Chargeback data in connection with any obligation under 21 U.S.C § 823 or any other provision of the Controlled Substances Act and 21 C.F.R. § 1301.74 or any other implementing regulation of the Controlled Substances Act" because this request is cumulative.

\*\*\*

The above-named witnesses are not authorized to give testimony on any matter other than that which concerns the above-stated topics and information. Topics on which these witnesses are not authorized to testify include:

- matters requiring a statement of their personal opinions regarding non-public facts or information acquired as part of the performance of their official duties;
- non-public recommendations concerning proposed agency action;
- information concerning an ongoing investigation;
- materials prepared by counsel; or
- other information that may be privileged or otherwise non-releasable.

Although I have authorized certain testimony, I have determined that Gregory Brodersen, Michael Mapes, and Louis J. Milione will not be authorized to testify in connection with the subject matters identified in your July 10 and September 4 letters. After an interview of each of these witnesses, I have concluded that the witnesses either lack first-hand knowledge of the proposed topics, or the requested testimony would be duplicative of other testimony that I have authorized. *See, e.g., United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) (affirming the denial of request to subpoena witnesses whose testimony, although relevant, would be cumulative); *see also* Fed. R. Civ. P. 26(b)(2)(C).

As your September 4 letter "de-prioritizes" your July 10 requests for the testimony of Denise Foster, Michele Leonhart, Charles P. Rosenberg, Alan G. Santos, Derek Siegle, and Matthew Strait, I have not considered these specific requests. Nonetheless, I also note that no subpoenas were issued for Ms. Foster or Ms. Leonhart; Mr. Santos has not

3

been served; and Mr. Siegle is not a current or former DEA employee. Finally, although Dr. Christine Sannerud and Keith Martin remain on your "priority" list, I have not considered your request for their testimony. I did not consider your request for Mr. Martin because you did not issue a subpoena for him. Regarding Dr. Sannerud, I understand that she was served just this morning so I will follow up on the request for authorization for her separately. I do note that contrary to Fed. R. Civ. P. 45, her deposition was noticed at a location more than 100 miles from where she resides.

    Please contact Assistant U.S. Attorney James Bennett (216-622-3988) to discuss mutually agreeable times for the deposition testimony I have authorized.

    Sincerely,

*Ava Rotell Dustin*

AVA ROTELL DUSTIN
Executive Assistant United State Attorney
Office of the U.S. Attorney for the Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C § 515