

U.S. Department of Justice

United States Attorney
Northern District of Ohio

United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
Main: 216-622-3600
Facsimile: 216-522-4982

December 10, 2018

Joseph Rannazzisi
███████████████
Annandale, VA  22003

      Re:  Subpoena in *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)

Dear Mr. Rannazzisi:

    You have been requested by counsel for defendants in the above captioned case to appear at a deposition and testify regarding official Department of Justice information. The Drug Enforcement Administration (DEA) was notified of this request and has stated that it has no objections to a limited authorization as set forth below for you to appear and testify. Therefore, pursuant to 28 C.F.R. § 16.24, you are hereby authorized to appear and to give non-privileged, factual testimony within your personal knowledge regarding the following:

1. Your general employment history with the DEA;

2. Your general duties in your various positions held in DEA;

3. Your personal recollection of your communications with DEA registrants about what makes an order "suspicious" under 21 C.F.R. § 1301.74, including the letters you authored in 2006 and 2007;

4. Your personal recollection of advice you provided third-parties regarding registrants' obligation to monitor orders placed with third-party registrants;

5. Your personal recollection regarding your interactions with manufacturers and distributors of opioids during your tenure at the Office of Diversion Control;

6. Your personal recollection regarding DEA's practices and procedures relating to ARCOS data and suspicious order reports;

**GOVERNMENT EXHIBIT**

**C**

7. Your personal recollection of requests that DEA may have received from registrants for de-identified ARCOS data and any responses by DEA thereto;

8. Your role within DEA in establishing procurement and manufacturing quotas for opioid medications;

9. Any information regarding the non-privileged documents you obtained in the course of your DEA employment that you retained at the time of your departure;

10. Your personal recollection regarding "DEA's interpretation and enforcement of, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74" and "DEA's interpretation, enforcement, and practices regarding the obligation to monitor orders" to the extent covered by the foregoing authorized specific topics.

With regard to these authorized areas of testimony, you are <u>not</u> authorized to disclose any information that would disclose privileged information, including, but not limited to, the following:

A. Information regarding any specific DEA investigations or activities;

B. Classified and classifiable information;

C. Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

D. Information that would reveal a confidential source or informant;

E. Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

F. Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G. Information that could interfere with ongoing investigations and/or prosecutions;

H. Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I. Privileged attorney-client information;

J.  Information that would reveal attorney work product or matters of prosecutorial discretion;

K.  Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties;

L.  Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties; and

M.  Any non-public recommendations you made or you were aware of concerning any proposed agency action.

If you are asked to testify beyond the limits stated above, you should respectfully decline to answer and explain that 28 C.F.R. § 16.22(a) precludes you from doing so. Further, you are not authorized to disclose official information on any other subject. If you have any questions, please do not hesitate to contact DEA Assistant Deputy Chief Counsel Sandra Stevens or Assistant U.S. Attorney James Bennett (216-622-3988).

_____
AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515