UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*TRACK ONE CASES* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**WALGREENS' REPLY IN SUPPORT OF ITS OBJECTION TO
DISCOVERY RULING NO. 10 REGARDING RE-OPENING THE DEPOSITION OF
SEAN BARNES**

Walgreens files this Reply to in support of its objection to Discovery Ruling No. 10, requiring it to re-open the deposition of Sean Barnes based on subsequently-produced documents.  Plaintiffs' response contains several misstatements that require correction.

First, Walgreens was required to offer an early date for Mr. Barnes's deposition by several rulings of Special Master Cohen.  *See* Ex. A (requiring at least 10% of depositions occur before the deadline for substantial completion of document production).  This includes Special Master Cohen's ruling on document retention which, as explained in Walgreens' opening brief, has not been applied equally to Plaintiffs.  Plaintiffs do not contest that they were able to avoid a 30(b)(6) deposition on this topic because of the amount of time and resources it would involve.  The same consideration was not offered to Walgreens.

Second, Plaintiffs misstate the record as to what Walgreens agreed to provide in advance of Mr. Barnes's deposition.  Walgreens agreed to provide an early date for Mr. Barnes "[i]n accordance with the Court's September 6 Amended Discovery Order."  But Walgreens also explicitly stated in the same correspondence that it would only be able to "substantially complete" document production in advance of this deposition, which excluded documents set aside for further privilege review.  Ex. B; *see also* Ex. C.  This should have come as no surprise to Plaintiffs, since the only other Walgreens employee deposed substantially before the deadline for completion of document production was also taken without full production of his custodial file.  Resp. at 2.

Third, post-deposition production of certain of Mr. Barnes's documents was not "deliberate" as Plaintiffs allege.  *Id*.  Instead, Walgreens explained *several* times to Plaintiffs that additional documents based on privilege review would be forthcoming and Plaintiffs never inquired about the status.  Ex. B; *see also* Ex. C.  Plaintiffs' decision to go ahead with the

1

deposition nevertheless stands in stark contrast to Defendants' practice, which has been to move depositions of Plaintiff witnesses if necessary after inquiring about the status of incomplete custodial productions.  Plaintiffs also do not contest that their own privilege reviews are still ongoing, which may result in additional documents produced after depositions of Plaintiff witnesses with little or no time left in fact discovery.

      Fourth, it is notable that in the month and a half since production of Mr. Barnes's documents, Plaintiffs have only identified one new document they purport to want to ask him about.  As explained previously, this document is not only fully consistent with the testimony that Mr. Barnes provided during his deposition, but also involves multiple other Walgreens individuals including Steve Bamberg who will be deposed on December 14.

      Walgreens reiterates that Plaintiffs have identified nothing material in later-produced documents that they were unable to ask Mr. Barnes about, or that they could not ask other witnesses about, in future depositions.  And Walgreens again respectfully submits that it is an abuse of discretion to burden Mr. Barnes with a second deposition based on requirements that (1) virtually guaranteed that additional documents from his files would be produced afterwards, and (2) do not apply equally to all parties.

Dated:  December 10, 2018	Respectfully submitted,


                                                                                   /s/ Kaspar J. Stoffelmayr
                                                                                   Kaspar J. Stoffelmayr
                                                                                   BARTLIT BECK LLP
                                                                                   54 West Hubbard Street
                                                                                  Chicago, IL 60654
                                                                                  (312) 494-4400
                                                                                  kaspar.stoffelmayr@bartlit-beck.com

                                                                                 *Counsel for Walgreen Co. and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

  I hereby certify that this 10th day of December, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co.*