# EXHIBIT A

P-GEN-0068

**From:**      David R. Cohen <David@SpecialMaster.Law>
**Sent:**      Thursday, September 27, 2018 11:54 AM
**To:**      Podoll, A. Joshua; Peter H. Weinberger
**Cc:**      Mainigi, Enu; Mark.Cheffo@dechert.com; Hobart, Geoffrey; 'McClure, Shannon E.'; kaspar.stoffelmayr@bartlit-beck.com; crendon@bakerlaw.com; ttarney@grsm.com; tmtabacchi@jonesday.com; 'Hunter@NapoliLaw.com'; Salvatore C. Badala (SBadala@NapoliLaw.com); 'Ackerman, David (dackerman@motleyrice.com)'; Jeff Gaddy; Rice, Joe; Jayne Conroy; Peter Mougey; Paul Hanly; Paul Farrell; 'lsinger@motleyrice.com'; MPifko@baronbudd.com
**Subject:**      Rulings 5a & 5b



EXHIBIT 44
WIT: Walgreens Kaspo
DATE: 10.22.18
D. Campbell, RDR CRR CSR #13921

Dear Counsel:

With regard to my 9/15 email [Subject: RE: Agenda for the 9/17 discovery conference], I included the following:

5b. I agree this topic is only newly raised and not ripe. But Walgreens needs to respond asap, and also needs to put Bratton up for deposition in September (since it earlier offered him in August and stated he would be made ready by then), and also needs to begin proposing dates before October 31 in general. As I said earlier, and **this applies to all parties**, the deadline extension does NOT mean no depos until November. See dkt no. 941 at 3 ("The parties are encouraged to use the time between now and October 31, 2018 for depositions as appropriate, in accordance with Case Management Order No 7.") Every party needs to have way-more-than-zero depos scheduled before 11/1 -- at least 10% of all expected depos would be good. As it is, you will have 132 days between now and the 1/25/19 deadline to do all depos, including all weekends and holidays, and the time period between now and 11/1 represents 35% of that. There are some deponents for whom custodial files will be complete early on, or their files will be unnecessary for depo, so you clearly can get them scheduled sooner.

5a. **RULING.** I moved 5a here, to follow 5b, because the message in 5b applies. I conclude Ps have not carried their burden of proving they are entitled to an accelerated deposition from Walgreens on Topic 1 on or before September 24. But neither is it appropriate to push this deposition off until the last possible week. Walgreens must do as it has promised, which includes: (1) producing its document-retention policies in the next production; and (2) provide a 30b6 witness on those policies. Given the circumstances presented, the latter event must occur on or before October 10, 2018. Questioning may include: (a) history of litigation holds; (b) actions of document preservation and discard taken in accord with litigation holds and document retention policies; and (c) whether "discarded" documents are available through other means. I am highly unlikely to hear arguments regarding spoliation, but Ps are entitled to learn what happened to documents and whether any that were 'discarded' are still available somehow.

Subsequently, I received letters seeking reconsideration, and also had conversations with counsel during discovery telecons, where I explained I was confused and had conflated two separate issues. I also asked the Walgreens and PEC to meet and confer and seek resolution of certain issues based on my comments.

Walgreens and PEC have come to agreement regarding the timing of deposition of Bratton and other deponents as well. That agreement moots the issue raised by topic 5b above, so I hereby withdraw the directive that Walgreens "needs to put Bratton up for deposition in September." The other general comments I made remain viable.



P-GEN-0068

Further, I withdraw my directive in Topic 5a that, "Given the circumstances presented, the latter event must occur on or before October 10, 2018."  I understand this deposition is scheduled by agreement for October 22, which is fine.

Finally, as stated on the telephone, I clarify the highlighted part of my ruling as follows: Walgreens is not required to produce actual litigation hold directives or other documents that may contain attorney-client privileged information, but is required to explain when these holds were initiated and discontinued.

Thanks,

-David