IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## JOINT MOTION TO ALLOW CERTAIN INSYS-RELATED WITNESSES TO BE DEPOSED BEYOND JANUARY 25, 2019

Due to the pending criminal action brought by the Department of Justice ("DOJ") in United States District Court, District of Massachusetts, against certain former employees of Defendant Insys Therapeutics, Inc. (hereinafter "Insys") (Case:1:16-cr-10343-ADB), Assistant United States Attorney K. Nathaniel Yeager has advised both counsel for Plaintiffs and counsel for Insys that the DOJ is concerned that taking depositions of certain Insys-related witnesses will substantially prejudice their case prior to the conclusion of the trial scheduled to start January 28, 2018. Furthermore, the DOJ has advised that they will move to stay such depositions should the parties attempt to proceed. As such, pursuant to the Court's scheduling order CMO-1 (Dkt. 232), CMO-7 Setting New Deadlines for Track One Cases (Dkt. 876), and Federal Rule of Civil Procedure 16, Plaintiffs and Insys jointly move to allow the depositions of such witnesses to be taken following the adjudication of the DOJ's criminal action.

1. The Court entered a modified scheduling order setting new deadlines for track one cases on August 13, 2018. See CMO-7 Setting New Deadlines For Track One Cases (ECF No. 876).

2. The current deadline for all 30(b)(6) and fact depositions is January 25, 2019. CMO-7 at pg. 2.

3. On June 29, 2018, Plaintiffs served an amended notice of deposition pursuant to rule 30(b)(6) and document request pursuant to rule 30(b)(2) and Rule 34 to Insys. On July 27, 2018, Plaintiffs served notice of deposition upon a number of Insys-related witnesses.

4. On the afternoon of November 20, 2018, both Insys and Plaintiffs' counsel independently received a call from the US Attorney's Office in Boston, requesting that the parties stay the depositions of certain current and former Insys employees in MDL No. 2804 pending their ongoing criminal proceeding related to Insys employees.

5. Thereafter, by email dated November 21, 2018, the government, by Assistant United States Attorney for the District of Massachusetts, K. Nathaniel Yeager, provided a nonexclusive list of deponents for which they were requesting a stay.[1]

6. On November 27, 2018, counsel for Insys and Plaintiffs conferred by telephone concerning the relief requested in this motion, and jointly agreed that they would jointly petition this Court to extend the deadlines for the depositions of the witnesses identified in Paragraph 5. Postponing these depositions may also affect expert reports, because the parties' experts may not have the benefit of information obtained in the postponed depositions before the deadlines for expert reports, which for Plaintiffs is February 8, 2019 and for Insys is March 26, 2019. The parties believe that the best way to address this issue is to permit supplementation of expert reports to the extent these

---

[1] The parties are not detailing the names of the witnesses due to the Department of Justice's wishes but can provide them if necessary.

witnesses' depositions require such supplementation, and jointly agreed to seek such relief from the Court as well.

7. On December 2, 2018, the DOJ reiterated their position regarding the stay, writing "Courts have repeatedly recognized that the disparities between civil and criminal discovery justify staying civil proceedings. See, e.g., <u>SEC v. Telexfree</u>, 2014 U.S. Dist. LEXIS 143248, at *7-8 (D. Mass. October 8, 2014) (granting stay of discovery because, in part, "staying the civil proceedings would prevent the criminal defendants from exploiting liberal civil discovery rules to obtain evidence to support their criminal defenses"); <u>see also United States v. Mellon Bank</u>, N.A., 545 F.2d 869, 872-873 (3rd Cir. 1976) (affirming stay, noting that "the similarity of the issues left open the possibility that [target] might improperly exploit civil discovery for the advancement of his criminal case"); <u>Gov. of Fed. Reserve v. Pharaon</u>, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.")."

8. Other depositions for witnesses not being objected to by the DOJ are currently on calendar or being scheduled in accordance with CMO-7. The 30(b)(6) deposition of Insys' designee was conducted on November 28, 2018. The parties are not seeking to extend any deadlines other than the limited relief sought in this motion and directly related to the depositions of witnesses objected to by the DOJ.

9. Good cause exists to extend the deadline to conduct the depositions of witnesses identified in Paragraph 5, and to permit later supplementation of expert reports for the limited purpose of addressing testimony from such deponents if necessary. The

Federal Rules of Civil Procedure allow for a scheduling order to be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists where "a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (internal citations and quotations omitted). "An 'important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment.'" *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). Under this standard, there is clearly good cause to extend the scheduling order in this case and allow Insys-related depositions to be completed after the January 25, 2019 deadline.

10. As described above, through no fault of either counsel for Plaintiffs or Insys, the current deadline for depositions - January 25, 2019 - cannot reasonably be met for these witnesses while the United States criminal matter is ongoing. Further, the DOJ has advised that the criminal action should be completed by May 15, 2019 at which time the parties will promptly conduct the depositions and supplement expert reports, if necessary, expeditiously.

11. For the foregoing reasons, the parties jointly ask this Court to allow them to conduct the depositions of the witnesses the DOJ has asked be stayed pending the criminal proceeding beyond the current January 25, 2019 deadline, and to allow supplementation of the expert reports to address testimony from those depositions to the degree necessary.

Respectfully submitted,

s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*pweinberger@spanglaw.com*

*Plaintiffs' Co-Liaison Counsel*


s/Hunter J. Shkolnik
Hunter J. Shkolnik (admitted pro hac vice)
Napoli Shkolnik, PLLC
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
(212) 397-1000
*hunter@napolilaw.com*

*Attorneys for Plaintiffs*


s/J. Matthew Donohue
J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300
*matt.donohue@hklaw.com*
*joe.franco@hklaw.com*

s/Nicholas a. Sarokhanian
Nicholas A. Sarokhanian
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
(214) 964-9500
*nicholas.sarokhanian@hklaw.com*

*Attorneys for INSYS Therapeutics, Inc.*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                             s/*Peter H. Weinberger*
                                                             Peter H. Weinberger
                                                             *Plaintiffs' Co-Liaison Counsel*