UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | CASE NO. 1:17-MD-2804 |
| | ) | JUDGE POLSTER |
| *Applies to All Cases* | ) ) ) | |
| | ) | **ORDER** |

Defendant Allergan Finance LLC has filed a third-party complaint against Pfizer Inc. and King Pharmaceuticals (collectively, "Pfizer").  *See* docket no. 837.  Pfizer moves to dismiss.  *See* docket no. 1014.  For the reasons stated below, the motion to dismiss is **GRANTED**, and Pfizer's motion for oral argument (docket no. 1187) is **denied as moot**.

**I.    Background.**

On December 17, 2008, Allergan and Pfizer (actually, their predecessors in interest, but that is not relevant) entered into an Asset Purchase Agreement ("Agreement").  Among the assets Allergan bought from Pfizer was the opioid Kadian.  Allergan has been sued in this MDL in connection with its marketing of Kadian, so with its third-party complaint Allergan sues Pfizer for indemnification and contribution.  Pfizer and Allergan are both Delaware residents.

The parties' Agreement contains the following provision, set out in bold, all capital letters:

**THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT (OTHER THAN**

> **APPEALS THEREFROM) SHALL BE INITIATED AND TRIED EXCLUSIVELY IN THE LOCAL AND FEDERAL COURTS LOCATED IN THE SOUTHERN DISTRICT OF NEW YORK. THE AFOREMENTIONED CHOICE OF VENUE IS INTENDED BY THE PARTIES TO BE MANDATORY AND NOT PERMISSIVE IN NATURE, THEREBY PRECLUDING THE POSSIBILITY OF LITIGATION BETWEEN THE PARTIES WITH RESPECT TO OR ARISING OUT OF THIS AGREEMENT IN ANY JURISDICTION OTHER THAN THAT SPECIFIED IN THIS SECTION.**

Agreement §14.10.

Pfizer moves to dismiss and asserts three bases: (1) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); (2) failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); and (3) forum non conveniens.

**II.  Discussion.**

The Court first addresses the question of subject matter jurisdiction, without which it has no power to rule on Allergan's third-party claims, or the validity of the forum selection clause in the Agreement.

Allergan concedes the Court does not have subject matter jurisdiction based on diversity of citizenship or the existence of a federal question. Rather, Allergan invokes the Court's supplemental jurisdiction under 28 U.S.C. §1367(a). Allergan correctly asserts that "an independent basis of subject matter jurisdiction is not required for a Rule 14 third-party complaint . . . so long as this court has proper subject matter jurisdiction over the original complaint." Response at 3-4 (docket

no. 1159); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004).[1]

The federal statute that authorizes supplemental jurisdiction, however, contains this exception: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(4). Case law explains that supplemental jurisdiction over state law claims is appropriately exercised when federal and state law claims "derive from a common nucleus of operative fact," or are of such nature that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Federal courts "should consider and weigh . . . the values of judicial economy, convenience, fairness and comity when deciding whether to exercise supplemental jurisdiction." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

This MDL involves approximately 1,500 cases brought by a variety of species of plaintiffs (e.g., cities, counties, Indian tribes, hospitals, third-party payors, and so on) against a variety of species of defendants (e.g., manufacturers and distributors of opioid drugs, the pharmacies that fill opioid prescriptions, and so on). The essence of the claims in these many cases is that the defendants manufactured, marketed, distributed, and sold excessive amounts of opioid drugs. The common nucleus of operative facts surrounding these claims is entirely distinct from the operative facts relevant to Allergan's indemnification and contribution claims against Pfizer.

---

[1] 28 U.S.C. §1367(a) states: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

This circumstance, and the burden on this Court already occasioned by the existing MDL claims, are, without more, compelling reasons to decline supplemental jurisdiction over Allergan's state court claims. But the parties' own forum selection clause, which on its face allows for no exception or qualification, provides strong additional justification for declining the invitation to exercise supplemental jurisdiction in this matter.

Having concluded it will not exercise supplemental jurisdiction over Allergan's state-law claims for contribution and indemnification, the Court need not address Pfizer's additional arguments invoking forum non conveniens and Rule 12(b)(6). Pfizer's motion to dismiss pursuant to Rule 12(b)(1), for lack of federal jurisdiction, is granted. Allergan may pursue its claims in New York state court.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 17, 2018**