UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004<br><br>*City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**EMERGENCY MOTION TO ENJOIN THE MASSACHUSETTS ATTORNEY GENERAL'S OFFICE FROM VIOLATING THE MDL PROTECTIVE ORDER**

Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company ("Purdue") move this Court on an emergency basis for an Order enjoining the Massachusetts Attorney General's office from violating the terms of the protective order entered in this case [Doc. #: 441] on May 15, 2018 (the "MDL Protective Order"). This Court should immediately consider this emergency motion because Purdue faces an imminent risk of irreparable harm (*potentially as early as this Friday, December 21*) if the Massachusetts Attorney General discloses in a Massachusetts proceeding Purdue's confidential information made available pursuant to the terms of the MDL Protective Order.

**PRELIMINARY STATEMENT**

Immediate intervention of this Court is required to prevent the irreparable and prejudicial release of information derived from confidential Purdue documents. The Massachusetts Attorney General's office (also referred to as "the Commonwealth") has obtained documents

produced by Purdue in this proceeding and designated as "Confidential" and "Highly Confidential" in exchange for its agreement to be bound by the MDL Protective Order.  The Massachusetts Attorney General's office is now seeking to bypass the carefully orchestrated procedures in the MDL Protective Order by utilizing confidential Purdue documents in an inflammatory and highly prejudicial Amended Complaint in has said it intends to file in Massachusetts without following the procedures applicable to challenges to confidentiality designations established by this Court.  The Massachusetts Attorney General's insistence on using extensive inflammatory, out of context and wholly unnecessary quotes from these documents in its Amended Complaint is a transparent publicity stunt and transparently designed to create a media event to the detriment of Purdue's legitimate confidentiality interest in the underlying documents. The Commonwealth's true motivations are demonstrated by the fact that this Amended Complaint, spans ***almost 300 pages*** and contains nearly ***800 potentially confidential references*** drawn from hundreds of internal Purdue documents produced in this MDL and designated as Confidential and Highly Confidential, most of which are directed at the individual defendants.[1]

In order to prevent permanent harm, Purdue requests that the Massachusetts Attorney General's office be required to abide by the MDL Protective Order and be prevented from filing a public complaint disclosing the contents of documents the parties have in good faith agreed to keep confidential.  Purdue is committed to working cooperatively with the Attorney General's office on a reasonable time frame to determine whether confidentiality designations for MDL-

---

[1] Purdue is willing to make the unredacted version of the Commonwealth's Amended Complaint provided to its counsel available to the Court for *in camera* inspection so that the Court can see for itself the improper and unnecessary manner in which Purdue's documents are used.

produced documents can be resolved. If Purdue is unable to do so, it requests the opportunity to bring any remaining issues to this Court for resolution.

## FACTUAL BACKGROUND

### The MDL Protective Order

On May 15, 2015, this Court entered the MDL Protective Order setting forth procedures to govern "confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted." [Doc #: 441, ¶ 1.] The MDL Protective Order contains a provision permitting the sharing of information with "Counsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants' manufacture, marketing, sale, or distribution of opioid products." MDL Protective Order at ¶ 33(l). That provision goes on to provide that "any such recipient of documents or information produced under this Order shall submit to the jurisdiction of this Court for any violations of this Order." *Id*. This provision was adopted to foster the sharing of information and to bring discovery efficiencies to this very large and complex multijurisdictional litigation. With this ability to obtain MDL documents outside of the usual course of discovery comes the absolute obligation of the receiving party to abide by the terms of the MDL Protective Order. This includes the requirement to maintain in confidence materials designated as "Confidential" and "Highly Confidential" and, should one wish to challenge confidentiality designations, follow the procedures set forth in paragraph 52 of the MDL Protective Order. This paragraph provides that "if the Receiving Party believes that portion(s) of a document are not properly designated as Confidential Information or Highly Confidential Information, the Receiving Party will identify the specific information that it believes is improperly designated and notify the Producing Party . . . of its good faith belief that the

confidentiality designation was not proper." The Producing Party then has a week to consider the request and explain the basis for the designation and, if the Receiving Party wishes to press its challenge, it has another week to initiate the procedure for commencing a discovery dispute in this Court and the matter is then submitted for a ruling. As this Court is aware, that process has been utilized effectively on numerous occasions in these proceedings and parties have engaged cooperatively in extensive meet and confer discussions to resolve confidentiality issues.

The MDL Protective Order further provides at ¶ 81 "In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective."

### Massachusetts Attorney General's Office's Acknowledgement and Agreement to be Bound by the MDL Protective Order

On November 29, 2018, Purdue received "Notice of Discovery Sharing per CMO 2 - MDL 2804" from Plaintiffs' Liaison Counsel, Peter H. Weinberger of Spangenberg Shibley & Liber LLP indicating that the Massachusetts Attorney General's Office had "been provided access to the Purdue's MDL discovery responses and have executed the Acknowledgment and Agreement to be bound by the Protective Order." *See* E-Mail from Peter Weinberger annexed hereto as Exhibit A. The Acknowledgment and Agreement to be bound by the Protective Order[2] indicates that the signatory is "bound by all the terms of the Protective Order" and "submit[s] to the jurisdiction of the United States District Court for the Northern District of Ohio for the purposes of enforcing terms of the Protective Order." *See* MDL Protective Order Acknowledgment And Agreement To Be Bound By Protective Order.

---

[2] Purdue was not provided with the Acknowledgement form signed by Ms. Feiner and does not know the precise date on which it was signed. However, given the obligation to provide information as to signatories to the MDL Protective Order on a monthly basis, it would have been signed some time in November 2018.

4

**The Massachusetts Proceeding**

In June 2018, the Massachusetts Attorney General's office brought an action entitled *Commonwealth of Massachusetts v. Purdue*, *et als* in Superior Court in the County of Suffolk, C.A. No. 1884-cv-01808 (BLS2) (the "MA Action"), against Purdue and certain individual current and former officers and directors of Purdue. Purdue and the individual defendants moved to dismiss the action on September 7, 2018.

Although discovery has not yet commenced in earnest in the MA Action, the parties in that case entered into a protective order to govern confidential information provided in that action (the "MA Action Protective Order," annexed hereto as Exhibit B). Paragraph 5 of that order states: "To the extent that a Producing Party produces discovery materials in this action that were designated as 'Confidential' or 'Highly Confidential' in *In re National Prescription Opiate Litigation*, Case No. 17-MD-2804 (N.D. Ohio) or the Commonwealth obtains such materials pursuant to ¶ 33(1) of Case Management Order No. 2: Protective Order (Docket No. 441) therein, those discovery materials are deemed 'Confidential' or 'Highly Confidential' under this Order and shall be governed by this Order." Notably, the MA Action Protective Order expressly ***does not alter*** the "Confidential" or "Highly Confidential" designation of the specific documents or the obligations of parties to abide by their separate obligations of the MDL Protective Order. Thus, the intent of that provision was simply to establish that the same confidentiality designations applicable to the documents as produced in the MDL would apply in the MA Action and that if such documents were to be used in the MA Action, they would be subject to impoundment[3] under the provisions of Massachusetts law and the MA Action

---

[3] "Impoundment" in Massachusetts is governed by the Uniform Rules on Impoundment Procedure. Pursuant to those rules: "Impoundment shall mean the act of keeping some or all of the case record separate and unavailable for public inspection."

5

Protective Order. Nowhere in the MA Action Protective Order is there any reference to an agreement by Purdue that the terms of that protective order in any way overrides the obligations of parties that receive documents and expressly agree to be bound under the MDL Protective Order.

Rather than respond to the motions to dismiss (which the Commonwealth was required to do by December 7, 2018), on November 20, 2018, the Commonwealth informed counsel for Purdue and the individual defendants that it planned to file an amended complaint. At the same time, Ms. Feiner informed defense counsel by email that "[b]ecause the Amended Complaint will contain material that Defendants have designated Confidential and/or Highly Confidential under the Protective Order, we plan to file a motion early next week to allow for it to be impounded." *See* November 20, 2018 E-Mail from Ms. Feiner annexed hereto as Exhibit C. On December 3, 2018, the parties filed an assented-to motion to impound informing the judge presiding over the MA Action, Justice Janet L. Sanders, that

> The Commonwealth anticipates filing an Amended Complaint on December 7. The Commonwealth has informed Defendants that new allegations in the Amended Complaint contain information the Defendants have designated Confidential or Highly Confidential pursuant to this Court's October 22, 2018 Protective Order and/or Protective Orders in other proceedings. Although Defendants have not yet seen the Amended Complaint, the Officer Defendants understand that the new allegations in the Amended Complaint include highly sensitive personal financial information of the Officer Defendants, and Purdue understands that the Amended Complaint refers to and/or quotes from documents that Purdue has produced to the Commonwealth and designated Confidential or Highly Confidential.

*See* Motion to Impound filed in the MA Action, annexed hereto as Exhibit D at ¶ 1.

As the motion to impound makes clear, at the time it was filed, Purdue was not aware of the specific confidential information at issue or that the source of that information was

6

documents produced in this proceeding.[4] In fact, when Purdue's counsel asked for further information as to the nature of the confidential information, the Commonwealth declined to provide it. Had it been revealed that the information at issue was derived from MDL productions, the parties could have immediately begun the process of meeting and conferring consistent with the MDL Protective Order to discuss the confidentiality designations and use of confidential documents.

Justice Sanders set a hearing on the motion to impound for December 13, 2018. At the start of the hearing, the Commonwealth provided both redacted and unredacted copies of its nearly 300-page Amended Complaint to Purdue's counsel for the first time.[5] With such short notice, defense counsel did not have an opportunity to review the Commonwealth's Amended Complaint prior to the hearing. At the hearing, the Commonwealth sought not only to file an impounded unredacted version of the Complaint, it also asked for leave to file a heavily redacted version of the Amended Complaint on the public docket. Rather than adopt the Commonwealth's suggested procedure, the court ordered the parties to meet and confer on the proposed redactions, with the Commonwealth to file its redacted Amended Complaint by Thursday, December 20, and required that any party seeking to have portions of the Amended Complaint redacted file a motion in advance of a hearing to be held on December 21 at 9:30 a.m.

Confidential Purdue documents cited in the Amended Complaint bear Bates numbers clearly indicating that they came from productions Purdue made to plaintiffs in the MDL, and that could have been obtained by the Commonwealth only pursuant to the provisions of MDL

---

[4] In fact, the motion to impound references Purdue's understanding that "the Amended Complaint refers to and/or quotes from documents **that Purdue has produced to the Commonwealth** and designated Confidential or Highly Confidential." *See* Ex. D. There is no mention that the materials at issue were actually those obtained by the Commonwealth from MDL plaintiffs.

[5] To illustrate the breadth of the new material included in the Commonwealth's Amended Complaint, the initial Complaint was just 77 pages while the Amended Complaint spans 274.

7

Protective Order ¶ 33(l).[6]  Upon reviewing the not-yet-filed unredacted Amended Complaint, it became apparent that the Commonwealth used a cherry-picked selection of Purdue's Confidential and Highly Confidential documents to bolster a series of inflammatory and misleading allegations against Purdue and its current and former directors and officers.  The Commonwealth even went as far as to identify and name as a party a former Purdue employee who happens to be a current resident of Massachusetts.  The unredacted Amended Complaint, which spans ***almost 300 pages*** and contains nearly ***800 potentially confidential references*** drawn from hundreds of internal Purdue documents produced in this MDL and designated as Confidential and Highly Confidential, goes far beyond the information typically required in a pleading and unnecessarily quotes heavily from Confidential and Highly Confidential Purdue documents, in what is unquestionably a concerted effort by the Commonwealth to use confidential documents to embarrass Purdue and its officers, directors and employees.

**Unsuccessful Efforts to Meet and Confer**

On December 17, after Purdue's counsel had an opportunity to review the Amended Complaint and begin the process of reviewing the hundreds of confidential Purdue documents cited, counsel for Purdue contacted the Attorney General's Office and informed them of Purdue's position that documents produced in the MDL remain subject to the MDL Protective Order and can be disclosed only pursuant to the provisions of that protective order.  Counsel in the Attorney General's Office took the position that the MA Action Protective Order overrides the MDL Protective Order.  On December 18, 2018, Purdue's counsel followed up with an email reiterating Purdue's position that the terms of the MDL Protective Order bind the use of

---

[6] The Commonwealth has also received significant productions of documents from Purdue in connection with investigative subpoenas served by the Commonwealth on Purdue.  These documents are not at issue here.

8

documents obtained pursuant to that order.  *See* December 18, 2018 E-Mail from Timothy Blank annexed hereto as Exhibit E.

On December 18, Purdue's counsel spoke with representatives of the Massachusetts Attorney General's office and were unable to resolve issue.  The Commonwealth took the position that that they are no longer bound by the MDL Protective Order (despite the fact their representative later signed the Acknowledgement to be bound by that order) because of their interpretation of a single provision in the MA Action Protective Order.  They also declined to even consider revising the Amended Complaint to remove unnecessary references to confidential MDL documents.  During the call, the parties also discussed the possibility of seeking to adjourn the December 21 hearing on the motion to impound to give the parties additional time to meet and confer on the issue and address the confidentiality designations of specific documents, but the Attorney General's office ultimately refused to agree to seek an adjournment.  Counsel for Purdue therefore made clear that in light of the Commonwealth's insistence in moving ahead, intervention by this Court would be necessary.

Purdue has made diligent efforts to resolve this issue in calls and communications, but now has no choice but to seek immediate court intervention to prevent what Purdue believes is a clear violation of the MDL Protective Order.  Expedited consideration by this Court is critical given the December 21 hearing on the motion to impound.

## ARGUMENT

### THE COURT SHOULD IMMEDIATELY ENJOIN THE MASSACHUSETTS ATTORNEY GENERAL FROM VIOLATING THE MDL PROTECTIVE ORDER

The MDL Protective Order permits the sharing of information with "Counsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants'

9

manufacture, marketing, sale, or distribution of opioid products." MDL Protective Order at ¶ 33(l). This provision was adopted to foster collaboration and to bring discovery efficiencies to this very large and complex multijurisdictional litigation. With this ability to obtain MDL documents outside of the usual course of discovery comes the *absolute* obligation of the receiving party to abide by the terms of the MDL Protective Order. This includes the requirement to maintain in confidence materials designated as "Confidential" and "Highly Confidential" and, should one wish to challenge confidentiality designations, follow the procedures set forth in paragraph 52 of the MDL Protective Order. If it were to use confidential Purdue information in its Amended Complaint without providing Purdue with an opportunity to meet and confer to discuss the confidentiality designations for the documents at issue, the Massachusetts Attorney General's Office will be in direct violation of the clear terms of the MDL Protective Order.

This Court takes agreements to be bound by protective orders seriously and breaches of a protective order have not been tolerated. *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2014 WL 12590104, at *1 (N.D. Ohio June 10, 2014), *report and recommendation adopted*, No. 1:13 CV 1195, 2014 WL 12590109 (N.D. Ohio June 25, 2014) ("The parties should be assured that the Special Master will not tolerate any such breaches of the protective order, and likewise expects that the Court will not."). There is no reason for this Court to deviate from its practice of safeguarding protected information here.

The parties in the MDL and elsewhere have worked cooperatively to implement procedures, such as ¶ 33(l) of the MDL Protective Order, to foster the sharing of information in a controlled manner and the Commonwealth's position contravenes the spirit and intent of the state/federal coordination procedure established in the MDL. The parties have made a good faith

effort to allow access to MDL documents by litigants outside the MDL, provided that the same MDL Protective Order applies.  The Commonwealth's position that it is unilaterally no longer bound by the MDL Protective Order and its attempt to use confidential MDL documents directly contravenes the cooperative process that allowed the Commonwealth to gain access to these materials outside of formal discovery in the first place.  These same MDL documents have been shared with many other state court plaintiffs and these plaintiffs cannot be allowed to simply disregard the terms of the MDL Protective Order to which they agreed to comply simply because a separate state court protective order that may need to take into account relevant state laws and procedures is in place.  To allow plaintiffs such as the Commonwealth here to completely disregard the MDL Protective Order in this way would render the MDL Protective Order a nullity, and result in the release of  millions of Purdue's confidential documents into the public domain without any protection—surely a result that this Court and Purdue did not intend.

      Even worse, the Commonwealth is seeking to bypass its obligation under the MDL Protective Order to use documents obtained through this proceeding for a wholly unnecessary and improper purpose.  Protective orders are intended to prevent exactly this type of improper and prejudicial cherry-picked use of confidential documents to put information in the public domain (thus creating a media event) before the full factual record has been developed.  If this tactic is allowed, all of the efforts to protect confidential information exchanged in this proceeding will be for naught.

      Though its meet and confer discussions, the Commonwealth asserted that Purdue somehow agreed to release its obligation to abide by the MDL Protective Order in consenting to the form of the MA Action Protective Order which provides:  "To the extent that a Producing Party produces discovery materials in this action that were designated as 'Confidential' or

11

'Highly Confidential' in In re National Prescription Opiate Litigation, Case No. 17-MD-2804 (N.D. Ohio) or the Commonwealth obtains such materials pursuant to ¶ 33(1) of Case Management Order No. 2: Protective Order (Docket No. 441) therein, those discovery materials are deemed 'Confidential' or 'Highly Confidential' under this Order and shall be governed by this Order." However, nothing in the protective order in the MA Action provides that the MDL Protective Order ceases to apply to documents obtained as part of that proceeding. As explained above, the provision of paragraph 5 was intended to confirm that documents identified as Confidential and Highly Confidential in the MDL would also carry that same designation in the MA Action, and that to the extent such documents were used in that case, the impoundment procedures of the MA Action were required to be followed. Moreover, at the time the MA Action Protective Order was negotiated and submitted to the Court, Ms. Feiner had not yet been given access to the MDL documents nor signed on to the MDL Protective Order. Thus, nothing in the MA Action Protective Order could have obviated her later obligations as a signatory to the MDL Protective Order.

Accordingly, Purdue respectfully requests that the Massachusetts Attorney General be required to abide by the MDL Protective Order and be enjoined from filing a public complaint disclosing the contents of documents the parties have in good faith agreed to keep confidential without following the procedure applicable to challenges to confidentiality designations of MDL documents. Purdue has served a copy this motion on the Massachusetts Attorney General's office and is committed to working cooperatively via the procedures set out in Paragraph 52 of the MDL Protective Order to determine whether confidentiality designations for MDL-produced documents can be resolved in accordance with the provisions of this Court's Protective Order. If there are issues the parties are not able to resolve, they can then be brought to this Court for

resolution. Once that process is complete, the impoundment procedure in Massachusetts can proceed with guidance from this Court—the court whose order governs the use of the confidential documents at issue.

## CONCLUSION

For the foregoing reasons, Purdue asks this Court to issue an immediate order enjoining the Massachusetts Attorney General's office from violating the terms of the MDL Protective Order and ordering that it may not disclose information from documents obtained via the MDL without following the provisions of the MDL Protective Order.

Dated: December 19, 2018

*/s/ Mark S. Cheffo*
Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
DECHERT
Three Bryant Park
1095 Avenue of the Americas
New York, NY
Telephone: (212) 698-3500
Fax: (212) 698-3599
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
hayden.colemen@dechert.com

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*