# EXHIBIT B

Notify

22

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                            SUPERIOR COURT

--------------------------------- X

COMMONWEALTH OF MASSACHUSETTS,

        Plaintiff,                            Civil Action
                                                  No. 18-1808-B

    v.

PURDUE PHARMA L.P, et al.,

        Defendants.

--------------------------------- X

Notice sent
10/24/2018
to all parties.
(See PP#20)

(sc)

## [PROPOSED] PROTECTIVE ORDER

MBK

IT IS HEREBY ORDERED THAT:

1.     All "Confidential Documents," "Confidential Materials," "Highly Confidential Documents," and "Highly Confidential Materials" as defined herein, produced by any party or nonparty in the above-captioned action (hereinafter referred to as the "Litigation") shall be used by the party receiving them only for the purposes of preparing for and conducting the Litigation, except as noted in paragraph 11 below.

2.     "Confidential Documents" or "Confidential Information" (collectively, "Confidential Materials") as used herein means documents, materials, and information that a Party believes in good faith are entitled to confidential treatment pursuant to Rule 26(c) of the Massachusetts Rules of Civil Procedure and which the Producing Party, as defined herein, designates as confidential. Such designation shall be made by stamping such documents as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing, within ten days of the date that Bates-numbered copies are first provided to opposing counsel, a list of the Bates

numbers of those documents designated as "Confidential" (the "Confidential Documents"). Nothing herein shall be construed to allow for global designations of all documents as "Confidential." A Producing Party may not designate as "Confidential" materials which it has disclosed to others without restriction or materials that are publicly available.

3. "Highly Confidential Documents" or "Highly Confidential Information" (collectively, "Highly Confidential Materials") as used herein means information which, if disclosed to, disseminated to, or used could reasonably result in possible antitrust violations or commercial, financial, or business harm. Such designation shall be made by stamping such documents as "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing, within ten days of the date that Bates-numbered copies are first provided to opposing counsel, a list of the Bates numbers of those documents designated as "Highly Confidential" (the "Highly Confidential Documents"). Nothing herein shall be construed to allow for global designations of all documents as "Highly Confidential." A Producing Party may not designate as "Highly Confidential" materials which it has disclosed to others without restriction or materials that are publicly available.

4. "Producing Party" means any person, whether or not a party to the Litigation, who produces Confidential Materials or Highly Confidential Materials in the course of the Litigation. All information and materials produced by the Producing Party shall be treated as Confidential and subject to this Order for ten days following production thereof. With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "Confidential" or "Highly Confidential" shall be made in writing by counsel for the Commonwealth of Massachusetts, counsel for Purdue Pharma L.P. and Purdue Pharma Inc. (collectively "Purdue"), counsel for Richard Sackler, Theresa Sackler, Kathe

Sackler, Jonathan Sackler, Mortimer D.A. Sackler, Beverly Sackler, David Sackler, Ilene Sackler Lefcourt, Peter Boer, Paulo Costa, Cecil Pickett, Ralph Snyderman and Judy Lewent (collectively the "Director Defendants") and/or counsel for John Stewart, Mark Timney and Craig Landau (collectively the "Officer Defendants")[2] designating the portions of any transcript to be treated as confidential ("Confidential Information") or "Highly Confidential" ("Highly Confidential Information"), which is to be given to all counsel within ten days of the receipt of such transcript. All transcripts shall be considered Confidential and subject to this Order until the expiration of the ten-day period.

5. To the extent that a Producing Party produces discovery materials in this action that were designated as "Confidential" or "Highly Confidential" in *In re National Prescription Opiate Litigation*, Case No. 17-MD-2804 (N.D. Oh.) or the Commonwealth obtains such materials pursuant to ¶ 33(l) of Case Management Order No. 2: Protective Order (Docket No. 441) therein, those discovery materials are deemed "Confidential" or "Highly Confidential" under this Order and shall be governed by this Order. Documents produced by Purdue to the Commonwealth pursuant to G.L. c. 93A, § 6 and documents produced by Purdue under an agreement between Purdue and various state attorneys general, dated February 16, 2017, that were designated "Confidential" or "Highly Confidential" are likewise deemed "Confidential" or "Highly Confidential" under and governed by this Order. This Order does not restrict the Commonwealth from sharing documents produced by Purdue under the February 16, 2017 agreement with other states that are parties to that agreement in accordance with the terms of that agreement.

---

[2] The Defendants do not concede jurisdiction herein nor waive any defenses, including without limitation, jurisdictional defenses.

6. In order to protect against unauthorized disclosure of Confidential Materials or Highly Confidential Materials, a Producing Party may redact certain Confidential Materials or Highly Confidential Materials from produced documents, materials, or other things. The basis for any such redaction shall be stated in the Redaction field of the metadata or, in the event that statement in such metadata is not technologically feasible, a log of the redactions. Specifically, the Producing Party may redact:

    a. *Personal Identifying Information.* The names, home addresses, personal e-mail addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of (i) current and former employees (other than employees' names and business contact information), and (ii) individuals in clinical studies or adverse event reports whose identity is protected by law.

    b. *Privileged Information.* Information, including but not limited to documents and other materials, protected from disclosure by the attorney-client privilege, work product doctrine, or other legal privileges or doctrines protecting information from discovery or disclosure in the Litigation.

7. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

8. The Confidential Documents, Confidential Materials, or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

    (a)    The Court and its support personnel (in the manner provided by paragraph 12 hereof);

4

(b) Counsel to the parties to the Litigation, including in-house counsel, clerical, secretarial and paralegal staff, and outside services (including copy services, litigation consultants and their staff, document management services, and graphics services) employed by such counsel;

(c) Court reporters;

(d) Named parties or legally authorized representatives of named parties assisting in the prosecution or defense of the Litigation;

(e) Experts and their staff assisting in the prosecution or defense of the Litigation;

(f) Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness") provided that such Potential Witness shall be shown only such Confidential Documents or Confidential Information as counsel shall reasonably deem necessary to allow for full and fair exploration and presentation of information possessed by the Potential Witness;

(g) Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court; and

(h) Any other person the Producing Party agrees to in writing.

9. Highly Confidential Documents, Highly Confidential Materials, or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) The Court and its support personnel (in the manner provided by paragraph 12 hereof);

(b) Outside Counsel to the parties to the Litigation (including the Attorney General's Office), clerical, secretarial and paralegal staff, and outside services (including copy services, litigation consultants and their staff, document management services, and graphics services) employed by such counsel;

(c) Court reporters;

(e) Experts and their staff assisting in the prosecution or defense of the Litigation;

5

  (f) Any person who counsel in good faith believes will or may a Potential Witness provided that such Potential Witness shall be shown (but shall not be permitted to retain) only such Highly Confidential as counsel shall reasonably deem necessary to allow for full and fair exploration and presentation of information possessed by the Potential Witness;

  (g) Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court; and

  (h) Any other person the Producing Party agrees to in writing.

10. Prior to seeing or receiving Confidential Materials or Highly Confidential Materials, all persons specified in paragraphs 8(e)-(h) and 9(e)-(h) will review this Protective Order and execute an Undertaking in the form of Exhibit 1 hereto. Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation and shall produce for inspection, upon request, within thirty (30) days of the conclusion of the Litigation, copies of all such Undertakings. In no circumstances shall the Court or its support personnel be required to execute an Undertaking prior to seeing or receiving Confidential Materials.

11. The Confidential Materials and Highly Confidential Materials shall not be disclosed to persons other than Qualified Persons, provided, however, that: (a) nothing contained herein shall prevent any party from disclosing its own Confidential Materials and Highly Confidential Materials as it deems appropriate, and any disclosure by a party of its own Confidential Materials and Highly Confidential Materials shall not be a waiver of the provisions contained herein; and (b) nothing contained herein shall restrict the Massachusetts Attorney General's Office from using Confidential Materials or Highly Confidential Materials governed by this Order in its related law enforcement investigations, so long as such use is consistent with this Order.

12. Before publicly filing any pleadings or other documents of any nature, including any brief, memorandum, motion, letter, or other document, all or part of which contain

6

Confidential Materials or Highly Confidential Materials, the parties shall confer with respect to whether the document containing the Confidential Materials or Highly Confidential Materials should be redacted before the filing of the document in open court. Unless the parties agree the document may be filed without redactions, the filing party shall move, pursuant to Trial Court Rule VIII: Uniform Rules of Impoundment Procedure and Mass. R. Civ. P. 26(c), for a court order permitting such documents to be filed under seal, and any other party may join in that motion or file a separate memorandum in support of that motion. No documents which contain Confidential Materials or Highly Confidential Materials shall be filed prior to the Court's ruling on that motion. The parties recognize that impoundment may only be ordered by the Court on a particularized showing: accordingly, in its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "Confidential" or "Highly Confidential" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment pursuant to Mass. R. Civ. P. 26(c) or impoundment pursuant to the Uniform Rules of Impoundment Procedure. Any party may seek an "advance ruling" by requesting permission from the Court to submit such unredacted documents for "in camera" review only and to request a hearing. Documents submitted for "in camera" review shall be returned to the party which sought the "in camera" review after the Court's decision. If the Court determines that the Confidential Materials or Highly Confidential Materials are not entitled to confidential treatment and/or does not permit the documents which contain such Confidential Materials or Highly Confidential Materials to be filed under seal, the parties may then file those pleadings or other documents in open court.

13. A Producing Party that inadvertently fails to designate its material as Confidential or Highly Confidential may so designate it promptly after discovering the error. The Producing Party shall provide replacement copies bearing the "Confidential" or "Highly Confidential" designation or provide a list of the Bates numbers of those documents designated as "Confidential" or "Highly Confidential." In that event, from that time forward, the provisions of this Order shall apply to the newly designated material, and the receiving party shall make reasonable efforts to retrieve the material from any non-Qualified Person to whom it was previously disseminated but shall have no other responsibility or obligation with respect to any prior dissemination. Any party may thereafter challenge the appropriateness of the confidentiality designation in accordance with paragraph 16 hereof, but the inadvertent production without the confidentiality designation shall not constitute a waiver of any claim of confidentiality.

14. At the conclusion of the Litigation, all Confidential Materials and Highly Confidential Materials and all copies of same shall be promptly returned to the Producing Party at the request and expense of the Producing Party. If the parties so stipulate, the Confidential Materials or Highly Confidential Materials may be destroyed instead of being returned. Counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Materials or Highly Confidential Materials. Such retained copies will remain subject to the restrictions herein.

15. If Confidential Materials or Highly Confidential Materials in the possession of a receiving party are subject to a third-party request pursuant to public records law or a subpoena by any court, administrative or legislative body, or any other person purporting to have authority

to subpoena such information and the party to whom the request or subpoena is directed shall give written notice thereof (including the delivery of a copy thereof) to the attorneys for the Producing Party ten business days prior to the time when production of the information is requested by the request or subpoena. In the event that the request or subpoena purports to require production of such Confidential Materials or Highly Confidential Materials on less than ten days' notice, the party to whom the request or subpoena is directed shall give prompt telephonic notice of the receipt thereof, and forthwith deliver by hand or email a copy thereof, to the attorneys for the Producing Party. With respect to a subpoena, absent a court order to the contrary, the party to whom such subpoena is directed may comply therewith, however, if application for a protective order is made promptly before the return date, the party to whom the request or subpoena is directed shall not produce such Confidential Materials or Highly Confidential Materials prior to receiving a court order or the consent of the Producing Party. With respect to a third-party request pursuant to public records law, absent a court order to the contrary or the de-designation of a document as "Confidential" or "Highly Confidential" pursuant to paragraph 16 herein, the Commonwealth shall assert all applicable exemptions to disclosure, including, without limitation, in the case of documents provided pursuant to G.L. c. 93A, § 6 and documents produced by Purdue under an agreement between Purdue and various state attorneys general dated February 16, 2017, exemptions (a), (d), and/or (f) of G.L. c. 4, § 7. In the event that the Commonwealth or a requesting party challenges the Commonwealth's assertion of any applicable exemption(s) to disclosure, the Commonwealth shall promptly notify the Producing Party in writing of such challenge. The parties agree and acknowledge that nothing in this paragraph is intended to waive a party's right to challenge the appropriateness of the confidentiality designation in accordance with paragraph 16 hereof.

16. If, at any time, a party wishes for any reason to dispute either a designation of any materials as "Confidential" or "Highly Confidential" pursuant to paragraph 2 or 3 herein or a redaction pursuant to paragraph 6 herein, such party shall notify the Producing Party of such dispute in writing, identifying the materials in dispute. Within ten days, the Producing Party shall state in writing to the party disputing the designation the basis for having designated the materials as Confidential or Highly Confidential. If no such statement in writing is given within ten days, the materials shall no longer be treated as Confidential or Highly Confidential. If the parties are unable amicably to resolve the dispute, either the Producing Party or the party challenging the designation may move the Court for a ruling as to whether the designation or redaction is appropriate. Neither a designation of any material as "Confidential" or "Highly Confidential" nor a redaction shall create any presumption that documents and transcripts so designated are Confidential or Highly Confidential such that the burden of establishing entitlement to confidential treatment shifts from the Producing Party.

17. In the event that Confidential Materials or Highly Confidential Materials are disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the party involved with the disclosure shall immediately inform counsel of record for the Producing Party describing the circumstances surrounding the unauthorized disclosure and shall use reasonable best efforts to have all copies of such information returned by the unauthorized party.

18. Each party shall maintain Confidential Materials and Highly Confidential Materials in secure and safe offices.

19. The binding effect of this Order shall survive termination of this Action and the Court shall retain jurisdiction to enforce the Order.

20. This Order shall be applicable to any third-party witnesses who agree in writing to be subject to the terms of this Order.

21. Nothing in the foregoing shall control or govern the use of evidence at trial.

22. This Order may be modified only by a writing executed by the parties and approved by the Court. No term of this Order shall be waived except by means of a writing executed by the waiving party. The Parties may seek a further order prior to the production of materials containing personal health information.

So Ordered:                                   Date:

_M H Kaplan_                                  _10/22/18_
Superior Court Justice