

U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

December 21, 2018

Enu Mainigi
Williams and Connolly LLP
725 Twelfth Street, NW
Washington, DC  20005-5901

Re:   *In Re: National Prescription Opiate Litigation.*
      N.D. Ohio Case No. 1:17-MD-2804

Dear Ms. Mainigi:

The United States Department of Justice ("DOJ") is in receipt of the Touhy Request and Subpoena Duces Tecum issued in the above captioned case in which you requested the Drug Enforcement Administration ("DEA") to disclose official Department of Justice information.

As you are aware, any disclosure of official information must be in accordance with the law and policy that governs the disclosure of official Department of Justice information by federal employees and agencies, including the DEA. *See* 28 C.F.R. § 16.21-.29 ("*Touhy* regulations"). The *Touhy* regulations apply, *inter alia*, in situations such as this, where the United States is not a party to the proceeding. Under those regulations, current and former DEA employees are prohibited from disclosing official information absent express authorization from the Department of Justice. 28 C.F.R. § 16.22(a). Pursuant to 28 C.F.R. § 16.22, I am the official responsible for consulting with the DEA and authorizing any disclosure in this case in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). The release of official information is prohibited if disclosure would:

1.  Violate a specific statute or regulation;

2.  Reveal classified information;

3.  Reveal a confidential source or informant;

**GOVERNMENT EXHIBIT J**

4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or

5. Reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

The Drug Enforcement Administration (DEA) has been contacted about your request and has stated that they have no objection to the limited disclosure of documents as set forth herein. Therefore, pursuant to 28 C.F.R. § 16.24, I am authorizing the disclosure of documents numbered US-DEA-00000001 through US-DEA-00001318 which constitute the distributor briefing documents for distributors who are defendants in the Track 1 cases. This authorization for disclosure is made expressly subject to the Case Management Order No. 2: Protective Order (Doc. 441), which permits third parties to avail themselves of, and agree to be bound by, the terms and conditions of the protective order. The Department of Justice, on behalf of the DEA, may request a further order of the Court as contemplated in paragraph 4 of the Protective Order if we determine that such an order is necessary and appropriate to adequately protect the DEA's interests in future productions. In addition, to the extent applicable, this production is also produced subject to the Court's Protective Order and Amended Protective Order re the DEA's ARCOS/DADS Database (Doc. 167; Doc. 400).

Additional documents responsive to your request are still being reviewed and additional disclosures may be authorized once that review is complete.

Sincerely,

*[signature]*

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 51