LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

PAUL BOEHM
(202) 434-5366
pboehm@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 4, 2018

**Via Electronic Mail**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837
david@specialmaster.law

Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Special Master Cohen,

Having been granted nearly four weeks to respond to distributor defendants' motion concerning Interrogatories 19, 20, 21, and 29, [1] plaintiffs still offer no valid justification for their refusal to provide substantive responses.

In every tort case, plaintiff bears the burden to demonstrate that the alleged injury was proximately caused by the defendant's conduct. Where a defendant's conduct *directly* caused the plaintiff's injury, that burden may be as simple as proving that the defendant in fact acted in the manner alleged. But where the injuries are indirect, i.e. where there are many actors and actions between the plaintiff's injury and the defendant's conduct, the plaintiff bears the burden of proving these actors and actions are *links* in a chain, rather than intervening or superseding causes.

The distributor defendants' motion seeks to compel plaintiffs to carry this basic burden by identifying necessary links in the chain of causation that connect the distributor defendants to the plaintiffs' alleged injuries. Plaintiffs claim that the distributor defendants' shipment of allegedly suspicious orders caused them to spend money treating and responding to opioid-related injuries. But the shipments themselves, of course, did no such thing. Distributors'

---

[1] Because of this maneuvering—in stark contrast to the weeks of delay that plaintiffs were able to engineer by ignoring defendants' submission—Distributor Defendants were afforded only 24 hours to coordinate and draft a response on an issue of supreme importance to their ability to defend against Plaintiffs' claims in this litigation.

WILLIAMS & CONNOLLY LLP

December 4, 2018
Page 2

interrogatories ask plaintiffs nothing more than to explain the proximate causation between the distributors' filling of pharmacy orders and plaintiffs' actual alleged harm.

Plaintiffs offer three basic arguments in defense of their refusal to provide substantive responses, each of which is without merit.

***Plaintiffs' document productions do not stand in for responses to these basic interrogatories***. Plaintiffs' principal response is that they have produced documents that identify individuals, and that "no further production is required." But plaintiffs mistake as document requests what in fact are *interrogatories*. The fact that plaintiffs have produced documents that, somewhere within the millions of pages, might contain the names of individuals who allegedly were injured by opioids does nothing to identify those individuals that plaintiffs *contend* are part of the chain of causation.[2]

For example, plaintiffs say they have produced "medical examiner's records (toxicology reports, autopsy reports, examiner worksheets, death certificates)." Most of those autopsy reports and death certificates, however, list individuals whose cause of death was identified as a result of substances other than or in combination with prescription opioids, including cocaine, methamphetamine, carfentanil, fentanyl, and heroin. These drugs were not manufactured, distributed, or dispensed by any of the defendants. Some are not even opioids. From these medical examiner records, the defendants have no way to determine which individuals plaintiffs contend are links in the causal chain.

***Plaintiffs' responses to other interrogatories do not answer the interrogatories at issue***. Plaintiffs mistakenly suggest that they already answered a version of these interrogatories in response to the pharmacy defendants' Interrogatory No. 7, which asked for identification of "prescriptions" that caused harm. The differences between these interrogatories, however, are not merely "slight variations in emphasis or wording." Plaintiffs have made it clear throughout this litigation that they claim as damages expenses paid in response to injuries to individuals resulting both from the abuse of prescription ***and illicit*** opioids. Unless plaintiffs are willing to stipulate that they will not claim as damages expenditures used to treat or respond to individuals who used substances other than prescription opioids, then the information that the distributor defendants seek is highly relevant. The distributor defendants need to know **basic** information

---

[2] Moreover, while Rule 33(d) permits Plaintiffs to respond to the Distributor Defendants' interrogatories by identifying relevant documents, they must identify the *specific* documents containing the information. Fed. R. Civ. P. 33(d) (requiring party that relies on business records to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). Plaintiffs' identification of these records *en masse* fails to satisfy the requirement of Rule 33 and cannot substitute for Plaintiffs' obligation to identify either the specific names requested or the specific documents containing those names.

WILLIAMS & CONNOLLY LLP

December 4, 2018
Page 3

about the chain of causation, details that every plaintiff is required to provide, if not at the pleading stage, then certainly during discovery.

*The manner by which plaintiffs intend to prove the claims does not itself shield them from these basic and plainly relevant interrogatories*.  Plaintiffs' alleged damages flow from injuries to individuals, many of whom likely obtained prescription opioids unlawfully or who abused illicit opioids.  Distributor defendants must be afforded the opportunity to develop their defenses—through fact discovery, including these interrogatories—to establish that injuries on which the plaintiffs' damages are based are the result of intervening or superseding causes.

Plaintiffs' central argument for why they should not have to respond to Interrogatory No. 29 deserves particular scrutiny.  Plaintiffs say that they "cannot possibly know which pills were actually abused or destroyed, nor are they required to know this in order to prove their case."  But even if plaintiffs have no intention of carrying their burden to prove proximate cause, as this admission suggests, distributor defendants remain entitled to this information for purposes of evaluating and advancing their defenses.  Plaintiffs should be required to produce this information *because it is relevant to the distributor defendants' defenses.*

Even assuming that a shipped order was suspicious, that order did not cause harm simply by being shipped.  If that order was used to fill a prescription written in good faith by a licensed doctor who was following the standard of care, that shipment cannot be said to have caused the injury.  Even more obviously, if none of the individuals for whom prescriptions were filled from the shipment misused the pills, then no injury resulted from the alleged improper shipment.  These basic examples demonstrate why Interrogatory No. 29, and the others that are the subject of this motion, are integral to the distributor defendants' ability to mount a defense.

\* \* \* \* \*

Track One Plaintiffs have claimed **billions** in damages against distributors whose conduct is, at best, many steps removed from the damages plaintiffs allege. Yet plaintiffs refuse to provide highly relevant information about their own causal story on grounds that it is too burdensome.  The reality is that without this information distributor defendants will be deprived of information necessary to the evaluation and advancement of their defenses in this litigation, contrary to their basic rights to due process.

We again request that Plaintiffs be required to provide substantive responses to Distributor Interrogatories 19, 20, 21, and 29.

Sincerely,

/s/ Paul E. Boehm
Paul E. Boehm