IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO:*<br>*ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## McKESSON'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL WITH THE COURT

**I.      PROCEDURAL BACKGROUND**

The cases at issue arise from federal and state claims brought by Summit County, Cuyahoga County, the City of Akron, and the City of Cleveland ("Plaintiffs") in the Track One MDL against wholesale manufacturers and distributors of prescription opioid medications ("Defendants").

This Court entered a Case Management Order directing the parties discovery efforts on April 11, 2018. In that order, the Court provided that "[c]ounsel shall comply with Local Rule 37.1. Specifically, the parties shall resolve discovery disputes by following these steps: (1) good faith resolution efforts by counsel; (2) telephone conference-call to Judge Polster's chambers, at which time the Court will direct the parties how and when they will present their issues to either Judge Polster or Magistrate Judge Ruiz; (3) if requested by the Court, position letters (normally not to exceed 3 pages); and (4) if required, discovery motion pursuant to Fed. R. Civ. P. 37."

On July 11, 2018, McKesson Corporation ("McKesson") served the State of Ohio Board of Pharmacy ("the Board") with a subpoena pursuant to Rule 45(a)(1)(D) that sought, *inter alia*, "all documents reflecting the Board's receipt of data or information from the Ohio Automated Rx Reporting System ("OARRS")[1] related to prescription opioids."

The Board objected on August 3, 2018, August 24, 2018, and most recently on December 12, 2018, maintaining that the Health Insurance Portability and Accountability Act ("HIPAA") and Ohio Rev. Code. § 4729.80 and § 4729.86 prohibit the Board from disclosing the data.

This Court entered a Protective Order in this action on May 15, 2018, but despite that order, the Board sought a further order directed at the OARRS data. Negotiations over the terms of that order are still ongoing.

Defendants deposed Chad Garner, the Director of OARRS, on November 14, 2018. They learned, among other things, that their expert teams cannot perform independent causal analyses necessary to defend against plaintiffs' claims without the OARRS data because OARRS is the *only* repository that captures all of the distributor, prescriber, patient, and dispenser geographic information and prescription characteristics necessary to perform those analyses.

On December 31, 2018, counsel for McKesson consulted Special Master Cohen with concerns whether the Board being a third party changes the applicability of the terms of the Case Management Order that require a "telephone conference-call to Judge Polster's chambers, at which time the Court will direct the parties how and when they will present their issues to either

---

[1] Described in more detail in McKesson's Motion to Compel, OARRS is Ohio's prescription drug monitoring program ("PDMP") which can be used to generate a number of analyses relevant to the subject matter of this litigation.

Judge Polster or Magistrate Judge Ruiz." Special Master Cohen directed counsel to file the motion on the docket, but direct it to him.

## II. LEGAL STANDARD AND ARGUMENT

The Court should take a liberal approach and consider factors similar to those applicable when ruling on a motion for leave in other circumstances. *See, e.g., Arthur v. Maersk, Inc.*, 434 F.3d 196, 2014 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.).

Allowing McKesson to file its motion with the Court does not change the nature of the relief requested, does not delay in any manner the resolution of the issues, and does not present unfair surprise or prejudice to Plaintiffs or the Board. If anything, this procedure could result in a more expeditious resolution of the discovery dispute while also preventing material prejudice to McKesson and other Defendants, particularly in light of the looming January 25, 2019 fact discovery deadline. This Court has already decided similar issues regarding the production of the Automated Reports and Consolidated Orders System ("ARCOS") database. McKesson's request for the OARRS database is driven by similar justifications that this Court recognized as supporting Plaintiffs' request for the ARCOS database, and as such, granting McKesson's motion for leave will also promote judicial economy because this Court is already familiar with the supporting arguments.

Lastly, McKesson has certified that his has complied with all other applicable local rules.

## III. CONCLUSION

For the foregoing reasons, McKesson respectfully requests this Court to grant an order for leave to file its Motion to Compel.

Date: <u>December 31, 2018</u>                                        Respectfully submitted,

/s/ *Geoffrey Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Maureen F. Browne
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
mbrowne@cov.com

*Counsel for McKesson Corporation*

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record and via email to counsel for the State of Ohio Board of Pharmacy on December 31, 2018.

/s/ Geoffrey Hobart
Geoffrey E. Hobart
Mark H. Lynch
Maureen F. Browne
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
mbrowne@cov.com

*Counsel for McKesson Corporation*