**EXHIBIT B**



# MIKE DEWINE
### ★ OHIO ATTORNEY GENERAL ★

Health and Human Services

30 E. Broad Street, 26th Floor
Columbus, OH 43215
www.OhioAttorneyGeneral.gov

August 3, 2018

Mr. John M. Alten, Esq.
Ulmer & Berne LLP
65 E. State Street, Suite 1100
Columbus, OH 43215

Maureen Browne, Esq.
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
*Via email*

      RE:    *In re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804
             **Subpoena Duces Tecum to State of Ohio Board of Pharmacy**

Dear Mr. Alten,

      The Ohio Attorney General's Office, on behalf of the State of Ohio Board of Pharmacy ("Pharmacy Board"), has received your July 11, 2018 Subpoena requests for records in the above-captioned case. Pursuant to Fed. Rule of Civil Proc. 45(d)(2)(B), the Pharmacy Board objects to the Subpoena. Notwithstanding this objection, the Pharmacy Board intends to cooperate with the McKesson Corporation ("McKesson") in producing responsive documents, but makes the following general objections to the Subpoena.

      The Pharmacy Board reserves the right or supplement, amend, or assert additional objections and/or production stipulations as its review of these requests and responsive documents continues, including specific objections to each category of records sought.

      The Pharmacy Board objects to the Subpoena on the following general grounds.

### General Objections

      **The Pharmacy Board objects to the Subpoena, including but not limited to Attachment A to the Subpoena and all requests for documents and Definitions, as follows:**

      1. The Pharmacy Board objects to the Subpoena because it is overly broad, ambiguous, vague and/or oppressive and responding to it would be unduly burdensome upon the Pharmacy Board. Moreover, the Subpoena seeks documents that are not relevant to any party's claim or defense and the scope of the documents requested are not proportional to the needs of the case. The Subpoena requests 37 specific categories of documents plus additional implicit or explicit

1

subcategories. The Subpoena's requests are not narrowly tailored and would require the Pharmacy Board to search through hundreds of thousands of records for responsive documents. As a result, compliance with the Subpoena and production of responsive documents would require the Pharmacy Board to divert an enormous amount of resources toward this task. Even limiting the scope of the request by users likely to have responsive information and/or by a group of key words likely to appear in responsive information would generate voluminous and duplicative results that would require resources the Pharmacy Board does not have to review each for responsiveness and information that is confidential, privileged or other/protected from disclosure. Consequentially, redaction of such material would be an additional time-consuming and overly burdensome task requiring resources the Pharmacy Board does not have.

2. The Pharmacy Board objects to the Subpoena to the extent that it seeks confidential investigatory materials prohibited from disclosure by R.C. 4729.23.

3. The Pharmacy Board objects to the Subpoena to the extent that it seeks records from and generated by the Ohio Automated Rx Reporting System ("OARRS") that are prohibited from disclosure by R.C. 4729.80 and R.C 4729.86.

4. The Pharmacy Board objects to the Subpoena to the extent that it requests production of documents, data or other information that is/are protected from disclosure by law or by application of privilege, including specifically any documents or other information protected from disclosure by the attorney-client, deliberative process, consulting expert, or investigative privileges, by any common interest or joint defense agreement, by the work product doctrine, by Ohio's trade secret statute, or by any other applicable privilege or protection.

5. The Pharmacy Board objects to the Subpoena to the extent that the documents, data or other information sought are neither relevant to the issues in this above-referenced case nor reasonably calculated to lead to the discovery of admissible evidence.

6. The Pharmacy Board objects to the Subpoena to the extent that the documents, data or other information sought are a matter of public record, are equally available to the Track I Defendants.

7. The Pharmacy Board objects to the Subpoena to the extent that it purports to require the Pharmacy Board to create documents or reports or produce documents, data or other information in a format other than the format in which they are maintained in the ordinary course of business. The Pharmacy Board will search for and will produce documents or other responsive materials to the extent that they exist in the format and database in which they are regularly maintained.

8. The Pharmacy Board objects to the Subpoena to the extent that it requests the production of documents or information not within the Pharmacy Board's possession, custody or control or are in the possession, custody or control of third parties.

9. Given the scope of documents requested in the Subpoena, the time provided for production of responsive documents is unreasonable and would cause undue burden to the Pharmacy Board. The Pharmacy Board is not a party to this action, and has a regular and large regulatory responsibility. It is unreasonable to expect the Pharmacy Board to divert its limited

resources for the identification, retrieval, and redaction of documents or data in a case to which the Pharmacy Board is not a party.

10. The time period for the requests exceed the Pharmacy Board's record retention period for some or all of the requested documents.

11. The Pharmacy Board's review of information and documents is continuing. The Pharmacy Board's objections as set forth here are based upon information and documents now known to the Pharmacy Board and its attorneys, and are made without prejudice to or waiver of the Pharmacy Board's right to assert additional objections should the Pharmacy Board discover additional grounds for objections.

As discussed above, the Pharmacy Board intends to provide what is reasonably available and subject to disclosure. As we discussed, the Board is presently collecting responsive materials from the period of 1996 – present. And it is also our understanding that McKesson has agreed to forego separate disclosure of all materials that can be found on the Board's website. The Board anticipates making its first disclosure in the near future. After that, the Board will provide responsive documents on a rolling basis.

Sincerely,

/s/ *James T. Wakley*
James T. Wakley
Senior Assistant Attorney General
Counsel to the State of Ohio Board of Pharmacy

2