**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | CASE NO. 1:17-MD-2804 |
| | Judge Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: "*All Cases*" | |

**1. Purpose.** The Court enters this Protective Order to govern the disclosure of official Ohio Board of Pharmacy ("OSBP") information collected, generated, and maintained by the OSBP.

**2. Scope.** This Order applies to all documents or electronically stored information ("ESI") provided by the OSBP to the Court, counsel, or any parties in the above-captioned litigation and in the matter of *State of Ohio v. McKesson Corp., et al.* Case No. CVH20180055, pending in Madison County, Ohio (collectively hereafter the "Litigation"), including but not limited to: documents, data, materials, testimony, or other things provided relating to the investigative techniques utilized by OSBP in analyzing and investigating actual or potential drug diversion activities via use of the OARRS database; and documents, data, materials, testimony, or other things provided relating to any work product investigative techniques utilized by OSBP staff in enforcement actions. In the event a party or parties deems necessary the use of OSBP documents and/or information in any other related litigation, it is understood that a motion may be made to the court in which the action is pending to permit said use under the same terms and conditions as set forth herein.

**Form and Timing of Designation.** Prior to the production or disclosure of documents, the OSBP shall designate all documents that are to be treated as confidential and restricted in disclosure under this Order by stamping "HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" on each document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "HIGHLY

CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" designation. Designating items as "HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" shall not

constitute a waiver of any restriction, statutory or otherwise, on the use or distribution of any aterials produced or provided during the course of this Litigation. If the OSBP produces ESI that cannot itself be marked with this designation, the OSBP shall place the designation on the physical media used to produce the ESI or in the title of any secure server, link, or file used to produce the ESI.

**3. Inadvertent Production.** If the OSBP inadvertently produces any document without a confidentiality designation, it does not forfeit the right to later stamp the document(s) with a confidentiality designation and obtain for the document(s) the full protection of this Order.

**4. Authorized Use.** Except as provided for in ¶2, the OSBP documents, data, materials, or other things designated "HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" under this Order (collectively, "Designated Information") shall not be used by counsel for the parties or any other authorized persons identified in ¶ 6 for any purpose whatsoever other than (1) to mediate, settle, prosecute, or defend the above-captioned Litigation, or (2) for law enforcement purposes. Specifically, Designated Information shall not be used by any person or entity for commercial purposes, in furtherance of business objectives, or to gain a competitive advantage.

**5. Authorized Individuals.** Documents and/or ESI designated "HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" shall be available only to the outside counsel for the parties and State Attorneys General. Counsel for the parties shall not disclose or permit the disclosure of any Designated Information to any third person or entity except: a. Employees and agents of outside counsel assisting with the Litigation who have a need to view the Designated Information in connection with the Litigation; b. Court reporters in the Litigation, the judge and his employees or clerks working on the Litigation, and Special Masters assisting with the Litigation; c. Experts employed to assist in the Litigation, but only after completing the certification contained in Attachment A, Acknowledgement of Protective Order and Agreement to be Bound, the original of which shall be retained by counsel until the above-captioned case is conclusively resolved; d. State and local law enforcement including State Attorneys General; and e. Other persons only upon order of the Court and on such conditions as may be agreed or ordered as set out in the paragraph below concerning "Public Records

Requests." Any person to whom disclosure is made shall be bound by the terms of this Order. Designated Information shall not be communicated to the public or media in any way or form without prior approval of the Court. Counsel shall take measures to prevent unauthorized disclosure of Designated Information.

6. **Copies.** All copies of Designated Information shall thereafter be entitled to the protection of this Order.

7. **Filing Documents Containing Designated Information.** If contained in a pleading, motion, or other document filed with this Court, any Designated Information must be marked with the applicable confidentiality designation, designated as "Subject to Protective Order," and filed under seal with prior Court authorization. Only the portions of the filed document containing Designated Information are subject to being filed under seal, and a party shall file both a redacted version for the public docket and an unredacted version for sealing.

8. **Deposition Testimony Concerning the Designated Information.** Deposition testimony concerning the Designated Information, and exhibits to depositions containing the Designated Information, shall be deemed HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER only if designated within ten days of the deposition. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

9. **Use of Designated Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any

3

party during the trial. If a party intends to present at trial HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other parties and to the OSBP at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents of information at trial. Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial. The hearing, argument, or trial will be public in all respects.

**10. De-Designation of Documents Stamped "HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER" under this Order.** Any Designated Information is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the HIGHLY CONFIDENTIAL OSBP MATERIALS – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**11. Obligations on Conclusion of Litigation.** Designated Information shall at all times remain the property of OSBP. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within thirty days after

dismissal or entry of final judgment not subject to further appeal, all Designated Information and copies thereof shall be returned to the OSBP, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure, or (2) the parties agree to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

**12. Public Record Requests.** Because many of the Plaintiffs in this Litigation are governmental entities, they may be subject to Public Records Laws, including, but not limited to, the Freedom of Information Act (collectively, "Public Records Laws"). As such, the Plaintiffs may receive requests for the Designated Information under applicable Public Records Laws ("Public Records Requests"). If Plaintiffs receive such requests, they shall immediately notify the OSBP and Defendants of the request. Plaintiff will provide the notification to the OSBP and Defendants via email to counsel of record for the Defendants and for the OSBP in this Litigation. Should Defendants or the OSBP decide to challenge the Public Records Request, the challenging party must, within two business days after notification of the existence of the request, file an appropriate action in this Court, opposing production of the records. Where such a challenge is filed with this Court, Plaintiffs shall not release any Designated Information without order of this Court.