IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF SUBPOENA AS TO WITNESS DARIN CECIL

Four efforts were made by a process server to serve Darin Cecil, a former employee of Defendant Insys Therapeutics, Inc. (herein "Insys") at 7078 Lake Run Drive, Birmingham, AL 35242. Mr. Cecil has not been served despite diligent efforts and a process server has certified that Mr. Cecil "refused to answer door on December 19, 2018, believes to be evading service." As such, pursuant to Fed. R. Civ. P. 45, Plaintiffs move for an Order allowing it to serve Darin Cecil by mailing the Notice of Intent to Serve Subpoena and Subpoena by First-Class Mail and posting it conspicuously at the property located at 7078 Lake Run Drive, Birmingham, AL 35242, or in an alternate manner deemed appropriate by this Court.

1. The current deadline for all 30(b)(6) and fact depositions is January 25, 2019. CMO-7 at pg. 2.

2. As this Court is aware, on November 20, 2018, November 21, 2018, and December 2, 2018, Plaintiffs' counsel received communications from the US Attorney's Office in Boston, requesting that the parties stay the depositions of certain current and former Insys employees in MDL No. 2804 pending their ongoing criminal proceeding related to Insys employees.

3. As such, on December 12, 2018, Plaintiffs' and Insys's counsel, jointly moved the Court to allow them to conduct the depositions of the witnesses the DOJ had asked be stayed pending the criminal proceeding beyond the current January 25, 2019 deadline, and to allow supplementation of the expert reports to address testimony from those depositions to the degree necessary. The Court has granted this motion.

4. The DOJ has not taken a position with respect to Darin Cecil nor asked that his deposition be stayed.  Moreover, Mr. Cecil was a regional sales manager employed by Insys from around 2013 to 2016.  Given that his testimony would be highly pertinent to the issues in this case, we have actively made efforts to have him served with Notice of Intent to Serve Subpoena and a Subpoena, commanding Mr. Cecil to attend a deposition and produce documents at a location not 100 miles from his residence.

5. Plaintiffs' confirmed Mr. Cecil's address with two investigators, who used a public records search to locate his address.

6. Mr. Cecil's address is 7078 Lake Run Drive, Birmingham, AL 35242.

7. On December 11, 2018, a Subpoena was issued and a Notice of Intent to Serve Subpoena filed in order to command Mr. Cecil to attend a deposition and produce documents.

8. Four efforts were made by a process server to serve Mr. Darin Cecil at 7078 Lake Run Drive, Birmingham, AL 35242. An attempt was made on December 12, 2017 at 5:38 PM; December 14, 2018 at 7:05 PM; December 15, 2018 at 4:38 PM; and December 19, 2018 at 7:00 PM. On the final attempt on December 19, 2018, the process server indicated that he believed Mr. Cecil was evading service. (See Affidavit of Service (non service) attached hereto as Exhibit A).

9. Federal Rule of Civil Procedure 45(b)(1) provides that "serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." While some courts have held that compliance with Rule 45 requires personal service of the subpoena, "[t]here is no consensus on that point" and "[a] number of courts have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F.Supp.2d 752, 754 (E.D. Mich. 2011) (internal quotation marks omitted; collecting cases). Judges on this Court have repeatedly held that Rule 45 does not require personal service. See id.; *Nithyananda Dhanapeetam of Columbus v. Rao*, 2016 U.S. Dist. LEXIS 55227, 2016 WL 1637559, at *3 (E.D. Mich. April 26, 2016); *Halawani v. Wolfenbarger*, 2008 U.S. Dist. LEXIS 100482, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008).

10. Courts have interpreted Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort. The alternate means must be reasonably calculated to achieve actual delivery. Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness. (*OceanFirst*, 794 F.Supp.2d at 754).

11. Here, Plaintiffs have sufficiently demonstrated an "inability to effectuate service after a diligent effort." *Id*. Plaintiffs had a process server attempt to serve Mr. Cecil four separate times, as well as hired two investigators to confirm Cecil's home address. The Plaintiffs' attempts to serve Cecil were "diligent." Moreover, their requested means of alternative service –

sending the Subpoena and Notice of Intent to Serve Subpoena to Cecil by First-Class Mail and posting the documents conspicuously at his home – are the two kinds of service identified in *OceanFirst Bank*. Service in this manner is "reasonably calculated to achieve actual delivery." *Id*.

For the foregoing reasons, the Plaintiffs request this Honorable Court to enter an order allowing Darin Cecil to be served by mailing the Notice of Intent to Serve Subpoena and Subpoena by First-Class Mail to 7078 Lake Run Drive, Birmingham, AL 35242, while accompanied by posting the same conspicuously at the property located at 7078 Lake Run Drive, Birmingham, AL 35242.

Respectfully submitted,

s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*pweinberger@spanglaw.com*
*Plaintiffs' Co-Liaison Counsel*

s/*Hunter J. Shkolnik*
Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio
360 Lexington Avenue
New York, New York 10017
*hunter@napolilaw.com*
*sbadala@napolilaw.com*
*jciaccio@napolilaw.com*
(212) 397-1000
*Plaintiffs' Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                       s/*Peter H. Weinberger*
                                       Peter H. Weinberger
                                       *Plaintiffs' Co-Liaison Counsel*