# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 18-op-45090 | Mag. Judge David A. Ruiz |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P.,* Case No. 17-op-5004; | |
| *The City of Cleveland, Ohio, et al. v. Purdue Pharma L.P.,* Case No. 18-op-45132 | |

## PLAINTIFFS' RESPONSE TO MCKESSON'S MOTION TO COMPEL PRODUCTION OF THE OHIO AUTOMATED RX REPORTING SYSTEM DATABASE

Plaintiffs Summit County and City of Akron, Cuyahoga County, and City of Cleveland ("Plaintiffs") submit this memorandum to respond to the motion filed by Defendant McKesson Corporation ("McKesson") seeking to compel the State of Ohio Board of Pharmacy ("the Board") to produce the Ohio Automated Rx Reporting System ("OARSS") database. Although Plaintiffs agree that the contents of the OARSS database are relevant to the issues in this case, Plaintiffs take no position as to whether production should be compelled at this time given statutory restrictions on its disclosure. Rather, Plaintiffs submit this response to explain how these statutory restrictions have precluded Plaintiffs from obtaining information from, or making use of, the information found there, which may aid the Court's determination.

R.C. 4729.75, enacted in 2005, authorized the Ohio State Board of Pharmacy ("Board") to maintain a database of prescription records to monitor the misuse and

diversion of controlled substances and other dangerous drugs, R.C. 4729.75. Pharmacies and other distributors of controlled substances are required to submit prescription information for inclusion on OARRS, including: patient and prescriber identification; date the prescription was issued; date the drug was dispensed; name, strength, and national code of the drug; quantity of the drug; and number of days' supply of the drug dispensed, R.C. 4729.77, 4729.78, and 4729.79. Any information on OARRS that identifies a patient will be kept for a period of two years. *See generally State v. Myers*, 27 N.E.3d 895, 899, 2015 Ohio App. LEXIS 135, *12 (Oh. App. 2015).

Significantly, access to the information in OARRS is tightly controlled by statute. Pursuant to R.C. 4729.80, the Board may provide access to the database only under limited circumstances set out in the statute. OARRS records may be requested only by the following: (1) prescribers, such as licensed medical doctors; (2) pharmacists; (3) law enforcement (including probation officers); (4) the Ohio Department of Medicaid; (4) the Ohio Bureaus of Workers' Compensation; and as of 2017, (5) Ohio Drug Court Judges, through their probation offices.  But even the access of these individuals and entities is restricted. Prescribers and pharmacists may request OARRS data only on current patients; law enforcement may request OARRS data only with respect to individuals who are already being investigated for drug-related offenses; parole officers may request OARRS data only for individuals during their pre-sentencing investigations and during monitoring of individuals convicted of drug-related offenses, which may be reviewed by Drug Court Judges; and the Medicaid and Workers' Compensation offices may request OARRS data only on individuals who are receiving benefits.  Thus, access

to OARSS data is (and was, throughout the period relevant to this case) in all circumstances, limited to inquiries regarding identified individuals.

Because of these restrictions on the disclosure of OARRS data, Plaintiffs have never had generalized access to the information in OARRS.  Although Plaintiffs' own law enforcement agents may have been able to request data with respect to specific individuals *already identified as* the target of investigations, Plaintiffs were at all times precluded from accessing overall information needed to identify over-prescription, over-supply, abuse, or diversion.

Dated:  January 7, 2019

Napoli Shkolnik PLLC
*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Plevin & Gallucci
*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Scott Elliot Smith L.P.A.
*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220

Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

*Counsel for Plaintiff County of Cuyahoga*

*/s/ Mark Pifko*
Mark Pifko
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel.: 818-839-2333
Fax: 214-520-1181
mpifko@baronbudd.com

Stephen S. Zashin (Ohio Bar No. 0064557)
Ami J. Patel (Ohio Bar No.0078201)
Christopher S. Caspary (Ohio Bar No. 0091350)
ZASHIN & RICH CO. LPA
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Tel: 216-696-4441
Fax: 216-696-1618
ssz@zrlaw.com; ajp@zrlaw.com;
cdc@zrlaw.com

Peter J. Mougey
Jeffrey Gaddy
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com;
jgaddy@levinlaw.com

*Counsel for Plaintiff City of Cleveland*

By: */s/ Linda Singer*
Linda Singer
Joseph F. Rice
Jodi Westbrook Flowers
Anne McGinness Kearse
David I. Ackerman
Jeffrey C. Nelson
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: (202) 232-5504

*Counsel for Plaintiffs County of Summit and City of Akron*

5

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of January, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF System. The foregoing will be served on counsel of record.

<u>/s Salvatore C. Badala</u>