**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br>*All Actions* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster<br>Mag. Judge David A. Ruiz |

# SUPPLEMENT TO PLAINTIFFS' MOTION FOR APPROVAL OF A SHORT FORM COMPLAINT AND INCORPORATION OF SEALED MATERIALS BY REFERENCE

Plaintiffs file this Supplement to Plaintiffs' Motion for Approval of a Short Form Complaint and Incorporation of Sealed Materials by Reference [Doc. 1142] ("Motion for Approval").

On November 19, 2018, Plaintiffs filed their Motion for Approval. As of the December 5, 2018 status conference with the Court, no defendant had filed or served any objection to the motion. During the conference, the Court directed the parties "to meet and confer and attempt to come to an agreement regarding a short form complaint." Doc. 1169 at p.2.

During the first meet and confer call on December 13, 2018, Plaintiffs requested Defendants to put forth a version of the Short Form Complaint that would be acceptable to Defendants. On January 2, 2019, Defendants provided Plaintiffs with a redline draft. *See* Exhibit A. Following an additional telephone call on January 3, 2019, Plaintiffs accepted the vast majority of Defendants' proposed changes and sent a counter proposal. *See* Exhibit B (redlined from Defendants 1-2-19 Proposal). Defendants are unwilling to

accept this compromise version and apparently will file objections on January 7, 2019.

Defendants seek to require amending plaintiffs to serve on each newly added defendant three business days prior to filing the short form amendment "the specific ARCOS data that allegedly supports selection of that new defendant." Exhibit A at ¶ 3(iii).

Plaintiffs object to this pre-amendment disclosure requirement as unnecessary and burdensome. The proposed language does not attempt to address a host of practical issues regarding serving ARCOS data, including who is authorized to receive the confidential data, how it should be sent, and to whom it should be sent in the case of newly added defendants who have not appeared in these proceedings and agreed to be bound by the applicable protective orders.

Second, the Court has only authorized the PEC to provide MDL Plaintiffs with a report that contains the names of the manufacturers and distributors who have a market share in excess of five percent in three of nine years in the relevant county. Order of November 8, 2018 [Doc. 1106] at p.2. Notably this order does not permit disclosure of any underlying data regarding the opioids distributed – only the name of the manufacturer or distributor. *Id.* The PEC is also authorized to disclose the name of any pharmacy dispensing opioids in the relevant county. *Id.* Of course, unlike a county seeking to amend which will only have a list of names, the Defendants are already in possession of the entire ARCOS database. *See* Notice of Service, Doc. 468 (notice of service of ARCOS data by DEA on Plaintiffs and Defense Liaison Counsel).

Defendants' asserted justification for the requested pre-amendment notice is being informed of the basis of the claims against them.  Defendants, however, have rejected Plaintiffs' counter proposal which would require Plaintiffs to "either (i) state that the newly added defendants appear in the ARCOS data reviewed or (ii) contain factual allegations sufficient to state a claim against any newly named defendant that does not appear in the ARCOS data."  Exhibit B at p.2, ¶ 3.  Plaintiffs' revised proposal provides Defendants with more information regarding the claims against them without creating the burden of the extra work of serving ARCOS data on Defendants.

During the calls, Defendants expressed other concerns regarding the substantive criteria for adding defendants; however, these concerns appear to Plaintiffs to be directed at the amendments themselves rather than using a proposed short form pleading to accomplish the amendment.  Plaintiffs reserve the right to respond to these objections if and when Defendants file them.

Dated:  January 7, 2019          Respectfully submitted:

Paul T. Farrell, Jr. (OH 0070257)
GREEN KETCHUM FARRELL
BAILEY & TWEEL, LLP
419-11th Street (25701)
PO Box 2389
Huntington, WV  25724-2389
Phone:  800-479-0053 or 304-525-9115
Fax:       304-529-3284
paul@greeneketchum.com
*Co-Lead Plaintiffs' Counsel*

3

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889
Fax:      304-346-2895
amajestro@powellmajestro.com
*Co-Chair PEC and Law & Briefing Committee*

Christine Mansour, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX  75219
Phone:   214-521-3605
Fax:       214-520-1181
cmansour@baronbudd.com
*Co-Chair PEC and Law & Briefing Committee*


### CERTIFICATE OF SERVICE

I, Anthony J. Majestro, electronically filed the **Supplement to Plaintiffs' Motion for Approval of a Short Form Complaint and Incorporation of Sealed Materials by Reference** with the Clerk of the Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
*Co-Chair PEC and Law & Briefing Committee*

4