UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases Not Designated in Paragraphs 2 or 3 of CMO-1* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
ADOPTION OF A PROCEDURE FOR SHORT FORM COMPLAINTS**

Plaintiffs seek to improperly use a "short form" complaint process in a manner that does not comply with basic pleading obligations, prejudices Defendants, and undermines this Court's interest in prompt and efficient resolution of this litigation. Over the course of the last ten months, Plaintiffs have sought and received numerous narrowly tailored extensions from this Court to amend their complaints based on ARCOS data. *See*, *e.g.,* Dkt. 487, Dkt. 1077. Now, instead of filing amended complaints, on November 19, 2018, Plaintiffs asked the Court to permit Plaintiffs in the non-Track One or Motion cases to supplement their existing complaints through a "short form" process purportedly to avoid having to file amended complaints under seal. *See* Dkt. 1142.

Although the parties have been working in good faith to try to resolve Plaintiffs' request, they have been unable to do so. The Defendants have significant concerns with Plaintiffs' broad request to use short form complaints in this manner, including:

- Plaintiffs' proposed use of supplemental short form complaints would double, if not triple, the number of operative complaints in each case, thereby creating more inefficiency and practical problems, as described below;

- Plaintiffs' proposed short form complaints seek to incorporate extensive allegations by other plaintiffs in a separate action (*Summit County*) by reference—an approach which courts have rejected as inconsistent with basic pleading rules, particularly where, like here, Plaintiffs must satisfy Rule 9(b) by pleading the specific acts of fraud in their particular jurisdiction; and

- Plaintiffs' proposed short form process is entirely divorced from the purported basis for which they seek to utilize it—namely, the filing of amended complaints under seal that reference the ARCOS data.  Plaintiffs seek to employ this process to amend complaints to add new parties and claims for reasons having nothing to do with the ARCOS data.

Plaintiffs' request disregards the orders governing the time for and scope of amendments the Court has permitted without further leave, and this request would both prejudice Defendants and impede the Court's and the parties' efforts to expeditiously advance towards trial and explore a meaningful resolution.  For each of these reasons, the Court should deny Plaintiffs' motion and require each Plaintiff to amend its complaint in a traditional manner, if the Plaintiff chooses to do so.

Alternatively, if the Court is not inclined to deny Plaintiffs' motion based upon the concerns raised above, the Court should adopt Defendants' proposed Short Form Amendment Procedure, attached hereto as Exhibit 1.  This proposal includes a requirement that for any newly added Defendant, Plaintiffs serve (not file) that Defendant with notice of the ARCOS data that Plaintiffs claim provides the basis for that Defendant's addition in the case and permit that newly-added Defendant to rely on that ARCOS data in support of any future motion to dismiss.

## BACKGROUND

The first CMO in this case incorporated the parties' agreed-to proposal on amendment of complaints as of right in cases other than the Track One cases and those selected for motion to dismiss briefing:

> In cases other than those mentioned in paragraphs 2 [motion cases] and 3 [Track One cases], Plaintiffs shall file any amended pleading, including any amendment to add a party to a case, **no later than Friday, May 25, 2018**. After that date, no complaint shall

2

be amended by Plaintiffs to add a party or otherwise, absent leave of Court or stipulation of the parties.

On May 23, 2018, Plaintiffs requested an indefinite extension, citing the need to review ARCOS data in order to "identify previously-unknown entities involved in the manufacturing and distribution of opioids and to identify improperly-named Defendants." Dkt. 487 at 2. In its July 13, 2018 Order on the motion, this Court weighed Plaintiffs' interest in having additional time to complete the review of the ARCOS data to inform their amendments against Defendants' concern "that an indefinite stay would remove any incentive for Plaintiffs to diligently review the ARCOS data and amend their complaints in a timely manner." Dkt. 739 at 3. The Court found valid arguments on both sides and held: "Plaintiffs are entitled to additional time to file amended complaints after reviewing and analyzing the ARCOS data. An indefinite stay, however, would run counter to the obligation of the Court and the parties to 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id*. (citing Fed. R. Civ. P. 1. a).

Focusing on the ARCOS data on which Plaintiffs based their motion for leave to adjourn the May 2018 amendment-as-of-right deadline, the Court denied Plaintiffs' request for an indefinite stay but extended the deadline by almost six months, to November 16, 2018. *Id.* at 4. The Court observed that "any amendments filed on or before" the original May 25, 2018 deadline "would not benefit from analysis and review of the ARCOS data, which is ongoing even today." *Id.* at 1. To permit Plaintiffs to amend based on that analysis and review, the Court directed the Plaintiffs' Executive Committee to file a report "derived from the ARCOS data that lists, for every county, all manufacturers, distributors, and pharmacies that contributed directly to the presence of opioids in that county" (the "PEC ARCOS Report") so that "Plaintiffs in MDL cases ***may then use this information*** to amend their complaints." *Id.* at 3-4 (emphasis added). Apart from the narrow extension granted to allow for amendment based on review of the

3

ARCOS data, the Court's July 13, 2018 Order did not otherwise extend the time within which Plaintiffs were permitted to amend as of right.

On November 2, 2018, two weeks before their extended deadline to amend based on the ARCOS data, Plaintiffs sought another extension, to March 16, 2019 (almost ten months after the original deadline), citing the need for more time to prepare and subsequently review the PEC ARCOS Report in order to amend their complaints.  Dkt. 1077 at 3.  Defendants did not oppose a reasonable second extension of Plaintiffs' deadline, but suggested it should be more limited than the additional four months that Plaintiffs sought.  Dkt. 1099 at 1.

In its November 8, 2018 Order on the motion, the Court provided additional direction to the PEC on the content of the PEC ARCOS Report, including the creation of various reports regarding the manufacturers, distributors, and pharmacies identified in the ARCOS data, and it granted Plaintiffs' requested extension to amend to add such parties until March 16, 2019.  Dkt. 1106 at 3.  The Court made clear that it was extending the deadline to amend without further leave for the same limited purpose of allowing Plaintiffs additional time to refine their pleadings based on the identification of parties in the PEC ARCOS Report:  "Plaintiffs in MDL cases ***may then use this information*** to amend their complaints."  *Id*. at 2 (emphasis added).  The Order did not otherwise provide for amendment without leave.  To date, Plaintiffs have received a cumulative extension from May 2018 until March 2019 to amend their complaints to add or remove defendants based on ARCOS data.  Plaintiffs did not seek and were not granted the same 10-month extension to amend as of right for matters beyond the ARCOS data.

4

**ARGUMENT**

I. **PLAINTIFFS SHOULD NOT BE PERMITTED TO FILE HUNDREDS OF SUPPLEMENTAL SHORT FORM COMPLAINTS TO AMEND THEIR PLEADINGS.**

Plaintiffs claim that short form complaints are needed in each non-Track One MDL case so that Plaintiffs can utilize ARCOS information "to add or dismiss defendants" without having to file an amended complaint in each MDL case under seal. (SFC Mot., Dkt. 1142, at 1). According to Plaintiffs, the short form complaints would not include any confidential ARCOS information and would "operate[] only as a supplement to the previously-filed complaints." (Proposed Order, Dkt. 1142-1, at ¶ 5). Plaintiffs' proposed short form complaint process, however, neither promotes efficiency nor complies with basic pleading obligations. It should be rejected for several reasons.

First, Plaintiffs' motion seeks to proliferate—rather than streamline—the number of complaints filed in each case. Currently, there is a single complaint pending for each case centralized in this MDL. Plaintiffs' proposal would add yet another pleading. Each proposed Short Form Complaint would "supplement" each previously-filed complaint. Thus, to understand what the allegations are in any case, both the Court and the parties would have to review multiple pleadings—both the original complaint and the Short Form Complaint. In fact, if Plaintiffs are entitled to incorporate by reference allegations from other complaints (such as *Summit County*), it would be necessary to review three or more complaints just to understand the basic allegations in each MDL case. This is neither efficient nor proper, and would create a host of practical issues, including difficulties in understanding the specific allegations at issue in each case, what pleading must be answered or otherwise responded to in each case, and how to do so with respect to incorporated allegations from an entirely separate action.

5

Second, as numerous courts have recognized, Plaintiffs' request to incorporate by reference "the Summit County pleadings," to "be effective as if these allegations, including material under seal, were fully set forth therein" (Proposed Order, at ¶ 3) is inconsistent with basic pleading rules. Because each Plaintiff's claims are fraud-based, each MDL Plaintiff cannot satisfy their pleading burden by referencing other allegations by an entirely different government subdivision in an entirely separate complaint. Indeed, each Plaintiff must show that *it* was misled by some false statement, material omission, or other fraudulent act by each particular Defendant in that particular municipality, along with the specific details of that fraud. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012) (under Rule 9(b), each plaintiff must detail the "who, what, when, where, and how" of the alleged fraud). As Judge Black summarized, "[t]he practice of incorporating by reference allegations in a separate proceeding is inappropriate and violates Fed.R.Civ.P. 8(a)." *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 5177144, at *2 (S.D. Ohio Sept. 12, 2013). It also is certainly inconsistent with Rule 9(b).

For instance, whether alleged false statements were made by a Defendant in Summit County, Ohio says nothing about whether any alleged false statement was made by any other Defendant in any other town, county, or other municipality in the United States. Mere incorporation of allegations from *Summit County* certainly cannot satisfy each MDL Plaintiff's obligation to plead the specific details of the fraud that occurred within its borders. Notably, Plaintiffs' motion fails to identify a single authority permitting them to adopt as their own allegations made in another complaint by a wholly separate plaintiff. And many courts have expressly precluded plaintiffs from doing so. *See*, *e.g., Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 492 (C.D. Cal. 2014) (striking allegations referencing

6

other complaints and recognizing that courts "typically hold that Rule 10(c) does not allow a party to adopt pleadings from a wholly separate action, even if that action is between the same parties"); *Jackson v. Heyns*, No. 1:13-CV-636, 2013 WL 6007503, at *2 (W.D. Mich. Nov. 13, 2013) ("Plaintiffs may not simply incorporate by reference allegations made in another complaint"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd,* 387 F. App'x 72 (2d Cir. 2010) ("paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial"); *Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011) ("A pleading may not adopt other pleadings from a wholly separate action"); *Davis v. Bifani*, No. 07CV00122MEHBNB, 2007 WL 1216518, at *1 (D. Colo. Apr. 24, 2007) (applying rule).[1]

Lastly, Plaintiffs' proposed short form complaint process is entirely divorced from the purported rationale for this process. Plaintiffs contend that they want to utilize a short form complaint because they are "required . . . to amend their complaints utilizing ARCOS information to add or dismiss defendants." Dkt. 1142, at 1. But the use of ARCOS data to add or subtract parties in no way supports Plaintiffs' proposed relief, which includes filing a short form complaint that supplements (rather than supersedes) each existing complaint, the incorporation of allegations from different pleadings unrelated to the ARCOS data, and the

---

[1] In fact, incorporating allegations from other complaints raises Rule 11 concerns. Under Rule 11, attorneys have a non-delegable duty prior to filing a complaint to conduct a reasonable factual investigation to validate factual contentions and allegations made in a complaint. Fed. R. Civ. P. 11(b). Given "that this responsibility cannot be delegated to another member of the attorney's firm, it would make little sense that an attorney 'somehow can rely on the analysis of attorneys in *different actions* and who are presumably from different law firms.'" *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) (quoting *Geinko v. Padda*, No. 00 C 5070, 2002 WL 276236, at *6 (N.D. Ill. Feb. 27, 2002)); s*ee also Garr v. U.S. HealthCare, Inc.*, 22 F.3d 1274, 1279-80 (3d Cir. 1994) (affirming sanction award under Rule 11 against attorneys who relied solely on another complaint, a news article, and advice from another attorney as factual support for allegations).

addition of new claims and parties that have nothing to do with the ARCOS data. Tellingly, as proposed, Plaintiffs' short form complaints will not contain any confidential ARCOS information. But if Plaintiffs do not seek to use confidential ARCOS data in their amended pleadings, there is no reason why they cannot simply amend their existing complaints in each MDL case, rather than filing a Short Form Complaint that will double (if not triple) the number of operative complaints in each MDL case. Plaintiffs' motion should be denied.

## II. ALTERNATIVELY, IF SHORT FORM COMPLAINTS ARE PERMITTED, ANY AMENDMENTS SHOULD BE LIMITED TO PLAINTIFFS' ADDITION OR DISMISSAL OF PARTIES PURSUANT TO THE ARCOS DATA.

Though the Defendants object to Plaintiffs' use of Short Form Complaints to broadly amend their claims, if the Court is inclined to permit Plaintiffs to amend their pleadings via some type of short form complaint process, Plaintiffs should be limited to adding or dismissing new parties based on their analysis of the ARCOS data—the parameter which the Court twice previously ordered was the basis for extending Plaintiffs' ability to add new parties as of right. Plaintiffs have received a cumulative extension from May 2018 until March 2019 to amend their complaints to add or remove defendants based on the ARCOS data. They did not seek and were not granted the same 10-month extension to amend as of right in ways not based on their review of the ARCOS data.

In a significant expansion of their previous representations to this Court, Plaintiffs now also seek to utilize Short Form Complaints to add not only manufacturer, distributor, or pharmacy defendants identified through the review of ARCOS data, but also potentially numerous new parties and new factual and legal claims that are not based on ARCOS data, the nature and scope of which Plaintiffs have not disclosed. Plaintiffs' proposal would nullify this Court's carefully tailored rulings on the deadlines and process for amendments. As the Court explained in its July 13, 2018 Order, its rulings were intended to allow Plaintiffs to complete the

8

ARCOS review they claimed was necessary to amend while protecting Defendants' interest in timely notice of the nature and scope of the pleadings and all parties' and the Court's interest in prompt and efficient resolution of this litigation.

Plaintiffs' request to be permitted to broadly amend their pleadings as of right at this time in ways that have nothing to do with the ARCOS data not only is contrary to the Court's prior orders, but also would prejudice Defendants, whether currently named or not, by potentially significantly expanding and modifying the litigation at a time when the parties are busy preparing for a first trial and are heavily invested in ongoing settlement discussions.  Adding new parties and claims untethered to the data that Plaintiffs have described from day one as setting the contours for this litigation could significantly disrupt or delay trial and settlement efforts. Instead, and consistent with CMO 1, Plaintiffs should be required to seek leave to amend at this time to the extent any amendment involves some change other than adding (or dropping) a defendant based on ARCOS data.  Fed. R. Civ. P. 15(a)(2).

Courts have routinely denied motions to amend to add claims and parties where, as here, Plaintiffs' delay would prejudice Defendants. *See*, *e.g., Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999); *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 441 (6th Cir. 2005); *Brennan v. Arkay Indus., Inc*., 164 F.R.D. 464, 466 (S.D. Ohio 1996).  Accordingly, Plaintiffs should not be permitted to amend as of right at this late stage to add defendants or claims not based on review of the ARCOS data.  Plaintiffs would remain free to seek leave to so amend, and Defendants can evaluate and respond to such motions.

### III. ADDITIONALLY, IF SHORT FORM COMPLAINTS ARE PERMITTED IN SOME MANNER, PLAINTIFFS SHOULD BE REQUIRED TO DISCLOSE THE ARCOS DATA ON WHICH THEIR DECISION TO INCLUDE A NEW DEFENDANT IN THE SHORT FORM COMPLAINT IS BASED.

To the extent the Court permits Plaintiffs to amend their Complaints using the short form complaint process, Plaintiffs should be required to disclose to any party named for the first time in the Complaint, Plaintiffs' basis in the ARCOS data for adding that party. Including ARCOS data in the Complaints would require Plaintiffs to file them under seal, but there is a straightforward process for avoiding this result: in a private, non-public communication to the Defendant being added, Plaintiffs can identify the specific ARCOS data that is the basis for the amendment, along with a description of the methodology used to calculate market share or of any other metric used to analyze the ARCOS data. The Court could then permit any Defendant to rely on the ARCOS data Plaintiffs identified as the basis for the amendment in support of a motion to dismiss the Complaint, if the Defendant so chooses.

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiffs' motion for the reasons explained above, or, alternatively, grant the Short Form Amendment Procedure with Defendants' proposed language, as shown in Exhibit 1.

Dated: January 7, 2019

/s/ *Mark S. Cheffo*

Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com
*Manufacturer Defendants' Co-Liaison Counsel*

/s/ *Shannon E. McClure*

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com
*Distributor Defendants' Co-Liaison Counsel*

/s/ Geoffrey Hobart
Geoffrey E. Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com

*Distributor Defendants' Co-Liaison Counsel*

/s/ Enu Mainigi
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Distributor Defendants' Co-Liaison Counsel*

s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlit-beck.com

*Chain Pharmacy Defendants' Liaison Counsel*

## CERTIFICATE OF SERVICE

I, Mark S. Cheffo, hereby certify that the foregoing document and supporting papers were served via the Court's ECF system to all counsel of record.

*/s/ Mark S. Cheffo*
Mark S. Cheffo
