# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>All Cases Not Designated In Paragraphs 2 or 3 of CMO-1 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL

1. This Court's July 13, 2018, Order provided for plaintiffs not designated in paragraphs 2 or 3 of CMO-1 (hereinafter, the "Non-Track One and Motion Plaintiffs") to review the relevant ARCOS data for their county in order to amend their complaints to add or dismiss defendants within the designated timeframe. (Dkt. #739.) Because the ARCOS data has been deemed confidential, amendments that contain or describe such data would likely result in hundreds of filings under seal. To avoid wasting resources unnecessarily, the Court hereby adopts the following Short-Form Amendment procedure, thereby obviating the need for filing such amendments under seal.

2. This procedure will enable plaintiffs with MDL cases, other than those identified in paragraphs 2 and 3 of CMO 1, if they choose to: 1) add or dismiss, without prejudice, defendants based on plaintiffs' review of the ARCOS data but without specific reference to the confidential material and if such dismissals are consistent with the provisions concerning

Voluntary Dismissals in CMO-1, Section (e); and 2) incorporate by reference the common factual allegations and RICO claims set forth in the pleadings in *County of Summit, Ohio* case, number 1:18-op-45090, both as pleaded in the Corrected Second Amended Complaint (*see* docket nos. 513, 514), and as may be amended in the future ("*Summit County* pleadings") pursuant to Court order, such that no confidential material will be contained in the Short Form filing.

Each plaintiff electing to amend its complaint may use this Short Form that does the following: (i) identifies the existing defendants sued by the plaintiff(s) ~~and~~; (ii) states that counsel has selected any newly named defendants based on plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court.  ~~Furthermore, the Short Form shall either (i) state that the newly added defendants appear in the ARCOS data reviewed or (ii) contain factual allegations sufficient to state a claim against any newly named defendant that does not appear in the ARCOS data.~~; and (iii) states that plaintiff's counsel has informed counsel for each newly named defendant, at least three business days before filing the Short Form, of the specific ARCOS data that allegedly supports selection of that new defendant and provided a description of the methodology used to calculate market share or any other metric used to analyze the ARCOS data.  Any Defendant may rely on the ARCOS data Plaintiffs identified as the basis for the amendment in support of a motion to dismiss the complaint, if the Defendant so chooses.

    3.    The Short Form may also incorporate by reference the common facts and/or RICO claims alleged in the *Summit County* pleadings and/or incorporate by reference the pleadings in the plaintiff(s)'s existing complaint on file at the time that said plaintiff files the Short Form.  The Short Form shall be deemed to supplement rather than supersede the

plaintiff(s)'s prior pleadings except as specified herein.  In the Short Form, plaintiff(s) may state that their existing complaint and the *Summit County* pleadings are incorporated by reference and that statement will be effective as if those allegations, including material under seal, were fully set forth therein.

    4.    The Court approves of the Short Form attached as Exhibit "A" hereto for these purposes.

    5.    The Short Form does not purport to outline all of the causes of action that may be asserted and operates only as a supplement to the previously-filed complaints.  The Short Form may not be used as the initial complaint in newly filed cases.

    6.    The Short Form does not displace or supersede the prior pleadings *except* to the extent that: 1) the set of defendants named by plaintiff is altered by the filing of a Short Form; and 2) if the existing complaint contained RICO claims, any RICO claims added through the Short Form will supersede those previously asserted.  Where a plaintiff has named a defendant in an existing complaint, and thereafter files a Short Form that does not identify said defendant, that defendant is deemed to be dismissed without prejudice in that plaintiff's case.  Where plaintiff(s) identify a defendant for the first time in the Short Form pursuant to the procedure set forth above, Plaintiff(s) must include the necessary jurisdictional allegations where indicated in the Short Form.

    7.    If a plaintiff elects to amend its previously filed complaint by use of the Short Form, then the plaintiff shall have the option of filing this form as an "amended complaint" via the Court's CM/ECF system, in the individual docket established for the case. In such cases, plaintiff(s) shall not pay any additional court fees, having paid the filing fee on submission of the original complaint.

8. On December 12, 2018, the Court ordered that by January 15, 2018, Defendants file answers to Plaintiffs' Second Amended Complaint in the *Summit County* action (Docs. #514, 1203). Absent further court order, the stay currently in place as to all responsive pleading requirements and deadlines in the non-Track One and Motion cases shall continue to apply and Defendants are not obligated to answer or file individual motions to dismiss as to any complaints amended by plaintiffs via Short Forms. Defendants' deadline to file counterclaims, cross-claims, and/or third-party complaints, pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, in connection with any particular individual action amended via a Short Form is also continued to be stayed pending further court order.

9. Nothing in this Order or the Short Form amendment process adopted herein shall relieve any plaintiff of its obligations under the Federal Rules of Civil Procedure, including Rule 9(b), to sufficiently and adequately plead allegations as to all named defendants. Neither this Order or the Short Form is intended to and shall not waive any applicable defenses available to any Defendant, including any objections to service, jurisdiction or venue, and any defenses to any state law claims not otherwise set forth in plaintiffs' long form or Short Form complaints, and Defendants may respond to any such individual complaint, including Short Forms, by way of motions permissible under the Federal Rules of Civil Procedure pursuant to a subsequent scheduling order of the Court. **IT IS ORDERED.**

                                                          **DAN AARON POLSTER**
                                                          **UNITED STATES DISTRICT JUDGE**

**Dated: _____, 2018**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>_____ | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

      Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio (Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein.  Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below.  To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section (e).  (Doc. #232).

### INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

      1.    Plaintiff(s)' Existing Complaint (No. ___-CV-___, Dkt. #__) is expressly incorporated by reference to this Short Form as if fully set forth  herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

### PARTIES – DEFENDANTS

      2.    Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL – Page 2**

[List all Defendants against which claims are asserted.  To the extent a claim is not asserted against a particular defendant, so indicate below.  Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below).  If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal]

_____
_____
_____
_____

I, _____, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court ~~and reviewed~~**, reviewed** the ARCOS data that I understand to be relevant to Plaintiff(s)~~.~**, and provided any newly added Defendants with notification of the specific ARCOS data that I understand to be relevant to those new Defendants and provided a description of the methodology used to calculate market share or any other metric used to analyze the ARCOS data.**

~~I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.~~

~~I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.~~

~~The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:~~

_____
_____
_____
_____

**Dated:** _____    **Signed:** _____

Factual Allegations Regarding Individual Defendants

    2.1 _____

    2.2 _____

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL – Page 3**

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. (Dkt. # __).

☐ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

_____
_____
_____
_____

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments (Dkt. _____), are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

_____
_____

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL – Page 4**

_____
_____

      7.    To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

_____
_____
_____
_____

      WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: _____    _____

                                                                   *Attorney for Plaintiff(s)*