**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*All Actions* | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster<br>Mag. Judge David A. Ruiz |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR ADOPTION OF A PROCEDURE FOR SHORT FORM COMPLAINTS**

**INTRODUCTION**

Plaintiffs filed the instant motion almost two months ago. Doc. 1142. Over the past month, Plaintiffs have been conferring and exchanging proposals with Defendants. While the parties were unable to reach complete agreement, they recognized that the one area of disagreement was small. *See* Doc. 1230. On January 7, 2019, however, at the almost literal last hour for filing an opposition, Defendants filed a response raising for the first time a number of new issues. Doc. 1231. Defendants' opposition ignores established precedent permitting the use of master allegations and the short form Plaintiffs seek to implement here. It also ignores the substantial burden on Plaintiffs and Court personnel if Plaintiffs are forced to file hundreds of sealing motions or serve ARCOS data on Defendants prior to filing the Short Form. The Court should grant the motion and enter the revised order proposed by the Plaintiffs. Doc. 1230-2.

**ARGUMENT**

**I.     MDL Courts commonly adopt master pleadings making use of short form amendments in order to maximize judicial economy.**

Citing cases outside the context of multidistrict litigation, the Defendants suggest that the use of master pleadings that are incorporated by reference is somehow novel or improper. Neither is true.

First, Courts overseeing multidistrict litigation commonly permit the use of master pleadings which can be adopted by reference in short form pleadings. *In Re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 489 F.Supp.2d 932, 934 (D. Minn. 2007) (plaintiff "filed an Amended-Complaint-by-Adoption in this Court, which incorporates by reference portions of the Master Complaint that was filed directly in this Court"); *Jackson v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*, No. 4:16-CV-465-CEJ, 2016 WL 1732765, *3 (E.D. Mo. 2016) ("the plaintiffs can each press their claims using the MDL's approved 'Short Form Complaint,' which incorporates by reference a judicially-approved 'Master Complaint'"); *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation*, 1:14-ml-02570-RLY-TAB, 2017 WL 2362003, *2 (S.D. Ind. 2017) (noting that "All Plaintiffs' Short Form Complaints incorporate the MDL's Master Complaint by reference"); *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 961 F.Supp.2d 1355, 1356 (JPML 2013) (finding that "almost all of the eighteen complaints adopt or incorporate by reference all or substantial portions of one or more of the master complaints filed in the MDL"); *Eaton v. Hoffman-La Roche Inc.*, Civ. Action No. 12-3164, *1 (E.D. Pa. 2012) (noting that in the Accutane mass

tort litigation "while the Master Long Form Complaint governs all cases filed as part of the Accutane litigation, individual plaintiffs must also file their own Short Form Complaints, which may incorporate by reference any or all of the Master Long Form Complaint, as well as add any additional claims specific to that individual plaintiff"); *see also* Manual for Complex Litigation 4th at p. 224, n. 668 ("Often in multidistrict litigation the transferee court will consider establishing a master file with standard pleadings. . . This file may include a single amended consolidated complaint…").

None of the cases cited by the Defendants in opposition are multidistrict litigation cases where master pleadings are proposed.  As such, they are distinguishable.  For example, in *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 5177144 (S.D. Ohio Sept. 12, 2013), the Court rejected the plaintiff's attempt at

> 'incorporating' hundreds of pages of prior pleadings without the guidance as to which specific allegations are intended to be deemed incorporated, fails to satisfy Plaintiffs' burden under Fed.R.Civ.P. 8 and forces Defendants and the Court to pick through allegations and facts contained in numerous pages of unrelated cases and other documents without giving any notice of which allegations or information Plaintiffs intend to use to support their claims.

*Id.* at *2.  In this case, the Plaintiffs' proposed short form specifically identifies the allegations to be incorporated from a related MDL case.  Defendants' other authorities are similarly distinguishable.  *See Amini Innovation Corporation v. McFerran Home Furnishings, Inc.* 301 F.R.D. 487 (C.D. Cal. 2014) (a single copyright infringement and design patent infringement case in which the Plaintiff sought to incorporate allegations and exhibits from a pleading in a separate case involving separate intellectual property); *Jackson v. Heyns*, No. 1:13-CV-636, 2013 WL 6007503, *2, fn 4 (W.D. Mich. Nov. 13, 2013)

3

(a *pro se* civil rights action brought by four state prisoners which attempted to incorporate portions of a prior Complaint which the Court was unaware of being filed and was not relevant to the case at hand); *RSM Prod. Corp. v. Fridman,* 643 F.Supp.2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (a tortious interference with contract case in which the Court struck exhibits to the Third Amended Complaint that referenced two complaints filed in actions that had not resulted in an adjudication on the merits or "legally permissible findings of fact"); *Constellation Energy Commodities Group, Inc. v. Transfield ER Cape Ltd*, 801 F.Supp.2d 211 (S.D.N.Y. 2011) (petition to confirm two London arbitration awards against Transfield ER Cape Ltd and enforce the awards against ER Cape's alleged alter ego, in which the alter-ego claim was based on references to unproven allegations lodged against the same companies by a plaintiff in a totally separate unrelated action); *Davis v. Bifani*, No. 07CV00122MEHBNB, 2007 WL 1216518, *1 (D. Colo. Apr. 24, 2007) (Court found that it should not be required to look to a separate Complaint filed years ago in Colorado state court to determine exactly what additional claims for relief Plaintiff intended to plead in current case).

Defendants' stress Rule 9(b)'s particularity requirement. Rule 9(b), however, does not preclude the use in multidistrict litigation of master pleadings incorporated by reference by individual plaintiffs. Indeed, in *In re Trasylol Prod. Liab. Litig.*, No. 08-MD-1928, 2009 WL 577726, at *8 (S.D. Fla. Mar. 5, 2009), the Court rejected requiring a master complaint to strictly comply with Rule 9(b) because to do so would destroy the efficiencies of allowing a master complaint. *Id.* ("At this stage of the litigation I prefer to assess the sufficiency of plaintiffs' claims with substantial leniency, especially when the

information that may or may not support Plaintiffs' claims is largely within the control of the Defendants."); *see also id.* (information allegedly missing from master pleadings "is outweighed by the sufficiency of the description of the claim[s] against the defendants." (internal quotation omitted)).

Defendants object that the Short Form incorporates allegations from the Summit County Second Amended Complaint. But the paragraphs sought to be incorporated by reference from the Summit SAC are allegations regarding the Defendants' conduct that are not specific to Summit County, or even Ohio. The allegations specific to Summit and Ohio are contained in parts of the Complaint which are not available for incorporation in the proposed Short Form Amendment. *Compare* Proposed Short Form Amendment at ¶ 3 (omitting Summit SAC ¶¶ 671-745 from paragraphs incorporated) *with* Summit SAC at ¶¶ 671-745 (Ohio and Summit County specific facts). Thus, Defendants' claim that "incorporation of allegations from Summit County certainly cannot satisfy each MDL Plaintiff's obligation to plead the specific details of the fraud that occurred within its borders," Doc. 1231 at p.6, is irrelevant because the pleadings proposed to be incorporated are not specific to Summit County. The allegations specific to each Plaintiff would be added in the Short Form if not already included in each Plaintiff's previously-filed complaint.

Defendants' Rule 11 argument similarly fails. The cases relied on by the Defendants are readily distinguishable as none of the cases involve MDL proceedings or

the use of a short form complaint.[1]  Allowing all counsel to choose to specifically adopt general allegations in a master pleading filed and authorized by the PEC that have been upheld by this Court in Rule 12(b)(6) briefing certainly meets Rule 11's good faith test. To hold otherwise would be inconsistent with this Court's command as a transferee court to provide an efficient, just and consistent resolution to the issues in this case.

> **II.  The forthcoming amended complaints will contain confidential materials apart from ARCOS data that will require numerous motions to seal and the filing of redacted pleadings.**

Absent the adoption of the proposed motion, most Plaintiffs will likely copy the paragraphs from the Summit SAC sought to be incorporated in their amended complaints.  As was the case with the CT1 amended complaints, filing these amended complaints requires a motion to file under seal, an order granting the motion, and the filing of redacted and unredacted versions of the complaints.  This is simply an unnecessary burden on Plaintiffs and the Court.

Defendants' arguments that Plaintiffs' only basis for a short form is the ARCOS data ignores one-half of the basis for the motion.  *See, e.g.*, Doc. 1142-1 at ¶ 1 ("In addition,

---

[1] *In re Connetics Corp. Securities Litigation*, 542 F.Supp.2d 996 (N.D. Cal. 2008) (court found that in a class action complaint portions which were lifted from an SEC complaint did not constitute the reasonable investigation required by Federal Rule of Civil Procedure 11); *Geinko v. Padda,* No. 00 C 0570, 2002 WL 276236, *6 (N.D. Ill. Feb 27, 2002) (court found "[t]he pervasive defect in the Amended Complaint in this case, however, is that it does not make clear what Plaintiffs directly alleged as fact, and what Plaintiffs merely are asserting that someone else has alleged"); *Garr v. US Healthcare, Inc.*, 22 F.3d 1274, 1279-80 (3rd Cir. 1994) (finding that two attorneys abdicated their responsibilities to personally investigate the facts and law before filing a securities case when the case was filed just days after the publication of a *Wall Street Journal* article and a similar complaint filed by another attorney, and relying on the work of the other attorney without examining that attorney's materials).

several of the allegations set forth in the Track One complaints which plaintiffs may elect to include in their amended pleadings also contain confidential information.").

Defendants' suggestion that amendments should be limited to adding parties based on ARCOS data is simply wrong. CMO 1 provided a general stay on motions and pleadings in all but the cases chosen for the CT1 trial or motion practice. Doc. 232 at p. 11. The exception to this general rule was allowing amendment of pleadings. The Court granted the Plaintiffs, in the otherwise stayed cases, leave to file "any amended pleading, including any amendment to add a party to a case," and initially set a deadline of May 25, 2018. *Id.* at p. 9. The Court subsequently extended this deadline to November 16, 2018, Doc. 739 at p. 4, and then, on November 8, 2006, extended it again to March 16, 2019. Doc. 1106 at p. 3. While the reason for the extensions was the unavailability of the ARCOS data, neither of the two extension orders limited the general leave to amend granted by CMO 1. Any other result would be horribly inefficient as two separate amendments would have been required. Retroactively imposing that restriction now will generate numerous motions for leave to file additional amended pleadings.[2]

Finally, allowing amendments beyond adding parties based on ARCOS data is not unfair to the Defendants as these cases are and have been stayed. In an ordinary case,

---

[2] Defendants suggest that it will be confusing to respond to the amended complaints when there may be three operative complaints. Plaintiffs note that the incorporated pleadings are hundreds of pages that should only have to be answered once by each of the Defendants. The parties, however, have not had a chance to finish the meet and confer process on this objection. Plaintiffs have made suggestions, and the Defendants have not responded. In any event, no answers are due anytime soon due to the Court's stay order. Plaintiffs are confident that the parties can come up with a process that is efficient and makes sense if and when answers are necessary. *Cf.* Manual for Complex Litigation § 20.132, p. 223 (4th ed. 2004) ("[f]ew cases [consolidated pursuant to § 1407] are remanded for trial; most multidistrict litigation is settled in the transferee court.").

the parties would be permitted some time to conduct discovery before an amendment deadline. Allow all MDL plaintiffs to take advantage of the case development that has occurred in the CT1 jurisdictions now is a fair balancing of the interests.

### III. Requiring plaintiffs to serve ARCOS data on defendants is inefficient and unnecessary.

Defendants seek to require amending Plaintiffs to serve on each newly added defendant the specific ARCOS data that allegedly supports selection of that new defendant three business days prior to filing the short form amendment. Doc. 1231 at 10.

Plaintiffs object to this pre-amendment disclosure requirement as unnecessary and burdensome. The proposed language does not attempt to address a host of practical issues regarding serving ARCOS data including who is authorized to receive the confidential data, how it should be sent, and to whom it should be sent in the case of newly added defendants who have not appeared in these proceedings and agreed to be bound by the applicable protective orders.

Second, the Court has only authorized the PEC to provide MDL Plaintiffs with a report that contains the names of the manufacturers and distributors who have a market share in excess of five percent in three of nine years in the relevant county. Order of November 8, 2018. Doc. 1106 at p.2. Notably this order does not permit disclosure of any underlying data regarding the opioids distributed – only the name of the manufacturer

8

or distributor. *Id.* The PEC is also authorized to disclose the name of any pharmacy dispensing opioids in the relevant county. *Id.* Of course, unlike a county seeking to amend which will only have access to a list of names, the Defendants are already in possession of the entire ARCOS database. *See* Notice of Service, Doc. 468 (notice of service of ARCOS data by DEA on Plaintiffs and Defense Liaison Counsel).

Defendants' asserted justification for the requested pre-amendment notice is being informed of the basis of the claims against them. Defendants, however, have rejected Plaintiffs' counter proposal which would require Plaintiffs to "either (i) state that the newly added defendants appear in the ARCOS data reviewed or (ii) contain factual allegations sufficient to state a claim against any newly named defendant that does not appear in the ARCOS data." Doc. 1230-2 at p. 2, ¶ 3. Plaintiffs' revised proposal provides Defendants with more information regarding the claims against them without creating the burden of the extra work of serving ARCOS data on Defendants.

## CONCLUSION

Plaintiffs request that the Court enter the revised proposed Order filed and served on January 7, 2019. Doc. 1230-2.

Dated: January 14, 2019          Respectfully submitted:

Paul T. Farrell, Jr. (OH 0070257)
GREEN KETCHUM FARRELL
BAILEY & TWEEL, LLP
419-11th Street (25701)
PO Box 2389
Huntington, WV 25724-2389
Phone: 800-479-0053 or 304-525-9115
Fax:    304-529-3284

9

paul@greeneketchum.com
*Co-Lead Plaintiffs' Counsel*

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889 Fax: 304-346-2895
amajestro@powellmajestro.com
*Co-Chair PEC and Law & Briefing Committee*

Christine Mansour, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX  75219
Phone:   214-521-3605
Fax:       214-520-1181
cmansour@baronbudd.com
*Co-Chair PEC and Law & Briefing Committee*

## CERTIFICATE OF SERVICE

I, Anthony J. Majestro, electronically filed the Reply in Support of **Plaintiffs' Motion for Approval of a Short Form Complaint and Incorporation of Sealed Materials by Reference** with the Clerk of the Court by using the CM/ECF system on January 14, 2019.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
*Co-Chair PEC and Law & Briefing Committee*