# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| This document relates to: *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | Case No. 17-md-2804 Hon. Dan Aaron Polster |

## HENRY SCHEIN, INC. AND HENRY SCHEIN MEDICAL SYSTEMS, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendants Henry Schein, Inc. ("HSI") and Henry Schein Medical Systems, Inc. ("HSMS") (collectively, the "Schein Defendants"), answer the Corrected Second Amended Complaint and Jury Demand (the "Complaint") by Plaintiffs,[1] the County of Summit, Ohio, *et al.* ("Plaintiffs" or "Summit County"). To the extent that allegations are made against all defendants, or against any subset (defined or undefined) of defendants including the Schein Defendants, the Schein Defendants only answer for themselves and do not purport to answer for any other defendant or entity. Where the Schein Defendants, singularly or collectively, answer for themselves in response to allegations against all defendants or against any subset of defendants without making reference to the remaining defendants, the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining defendants, and therefore deny the same. Where one or both of the Schein

---

[1] While numerous Plaintiffs originally brought suit in this matter, on May 29, 2018, the Plaintiffs dismissed numerous Plaintiffs without filing an amended complaint. (*see* doc. 513.) This Answer response to the allegations made by any remaining Plaintiff(s).

1

Defendants admit and deny identical or similar allegations herein, the allegation should be construed as denied and strict proof be demanded thereof.

1.      The Schein Defendants' admit Paragraph 1 insofar as the Plaintiffs filed the Complaint asserting allegations against the Schein Defendants, but deny the remainder of Paragraph 1.

2.      The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore deny the same.

3.      The Schein Defendants specifically deny Paragraph 3 insofar as Paragraph 3 alleges the Schein Defendants made deliberate efforts to evade restrictions on opioid distribution or acted without regard for life, the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4.      The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 4-8, and therefore deny the same.

5.      The Schein Defendants admit Paragraph 9 to the extent it characterizes allegations made by Plaintiffs in the complaint, but the Schein Defendants deny the substance of those allegations as well as the remainder of Paragraph 9.

6.      The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations Paragraphs 10-13, and therefore deny the same.[2]

7.      The Schein Defendants deny the allegations in Paragraph 14.

8.      The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 15 and 16, and therefore deny the same.

---

[2] "Marketing Defendants" as defined in Paragraph 10 of the Complaint is vague and ambiguous.  The Schein Defendants interpret the "Marketing Defendants" to mean Purdue, Cephalon, Janssen, Endo Insys, and Mallinckrodt as stated in Paragraph 106 of the Complaint.  Insofar as Plaintiff's purport to include the Schein Defendants in any definition of "Marketing Defendants" and thus in any corresponding allegations, the Schein Defendants expressly deny such allegations.

9.     The Schein Defendants deny the last sentence of Paragraph 17.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17, and therefore deny the same.

10.    The Schein Defendants deny the first sentence of Paragraph 18.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18, and therefore deny the same.

11.    The Schein Defendants deny the first sentence of Paragraph 19.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and therefore deny the same.

12.    The Schein Defendants deny the allegations in Paragraphs 20-22.

13.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 23-24, and therefore deny the same.

14.    Paragraphs 25-27 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

15.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 28-57, and therefore deny the same.

16.    Paragraph 58 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

17.    The Schein Defendants deny the allegations in Paragraph 59.

18.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and therefore deny the same.

19.    Paragraphs 61-62 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

20.     The allegations in Paragraphs 63-105 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 63-105, and therefore deny the same.

21.     The Schein Defendants admit that Plaintiffs' have chosen to define "Marketing Defendants" as set forth therein, and so as to exclude the Schein Defendants.  The Schein Defendants otherwise deny the allegations in Paragraph 106.

22.     The Schein Defendants admit the allegation in Paragraph 107 that it is a Distributor Defendant engaged in the distribution of certain medical products, but deny the remaining allegations.

23.     The allegations in Paragraphs 108-113 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 108-113, and therefore deny the same.

24.     The Schein Defendants admit the allegations in Paragraph 114.

25.     In response to Paragraph 115, depending on the time period, the Schein Defendants admit that HSI distributed at least a nominal amount of branded or generic pharmaceuticals to such customers.

26.     In response to Paragraph 116, the Schein Defendants admit that HSMS is a subsidiary of HSI that provides practice management, electronic medical records, and document management software, services, and solutions for medical groups.

27.     In response to Paragraph 117, the Schein Defendants admit that HSMS has been registered to do business with the State of Ohio since at least 1987.  The Schein Defendants deny the remaining allegations in Paragraph 117.

28.     The Schein Defendants admit they are referred to as "Henry Schein" in the Complaint.  HSI admits it was a distributor of pharmaceutical products.  HSMS denies the allegations in Paragraph 118 as HSMS is not a distributor of controlled substances. The Schein Defendants otherwise deny the allegations in Paragraph 118.

29.     The Schein Defendants admit the allegations in Paragraph 119 insofar as it characterizes HSI, but not HSMS.  The Schein Defendants deny the allegations in Paragraph 119 as they related to HSMS.

30.     The allegations in Paragraphs 120-126 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 120-126, and therefore deny the same.

31.     The Schein Defendants admit that Plaintiffs' have chosen to define "National Retail Pharmacies" and "Distributor Defendants" as set forth therein, and so as to include the Schein Defendants as among the named "Distributor Defendants."   The Schein Defendants otherwise deny the allegations in Paragraph 127.

32.     Paragraphs 128-129 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

33.     The Schein Defendants admit the allegations in Paragraph 130, except that the Schein Defendants are without knowledge or information to form a believe about the truth of the allegations in the last sentence of Paragraph 130, and therefore deny the same.

34.     The allegations in Paragraphs 131-134 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 131-134, and therefore deny the same.

35.     The Schein Defendants admit the allegations in Paragraph 135 that some prescription opioids have been regulated at the federal level as Schedule II controlled substances by the DEA since 1970.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 135, and therefore deny the same.

36.     The allegations in Paragraphs 136-170 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 136-170, and therefore deny the same.

37.     To the extent that the allegations in Paragraph 171 are directed at the Schein Defendants, those allegations are denied.  Otherwise, the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 171, and therefore deny the same.

38.     The Schein Defendants deny the allegations in Paragraph 172 that they created, perpetuated, and maintained an opioid epidemic.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 172, and therefore deny the same.

39.     Paragraph 173 contains legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the allegations in Paragraph 173.

40.     The allegations in Paragraphs 174-241 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 174-241, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those

materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

41.     The Schein Defendants deny the allegations in Paragraph 242.

42.     The allegations in Paragraphs 243-251 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 243-251, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

43.     The Schein Defendants deny that they had any duty to disclose, or failed to disclose any information regarding the effects of opioids on patients.  The remaining allegations in Paragraph 252 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 252, and therefore deny the same.

44.     The allegations in Paragraphs 253-355 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 253-355, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

45.     The allegations in the first sentence of Paragraph 356 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 356, and

therefore deny the same.  The Schein Defendants deny the remaining allegations in Paragraph 356.

46.     The allegations in Paragraphs 357-411 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 357-411, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

47.     The Schein Defendants deny the last sentence of the allegations in Paragraph 412. The remaining allegations in Paragraph 412 are not directed specifically against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 412, and therefore deny the same.  Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

48.     The allegations in Paragraphs 413-431 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 413-431, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

49.     The Schein Defendants deny the allegations in Paragraph 432 insofar as they allege the Schein Defendants performed "opioid reeducation" or "aimed to reach general

practitioners" with opioid reeducation.  The remaining allegations in Paragraph 432 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 432, and therefore deny the same.

50.    The allegations in Paragraphs 433-493 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 433-493, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

51.    The Schein Defendants deny the allegations in Paragraph 494.

52.    The allegations in Paragraphs 495-497 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 433-493, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

53.    The allegations in the first sentence of Paragraph 498 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 498.  The Schein Defendants deny the remaining allegations in Paragraph 498 as they pertain to them.

54.    The Schein Defendants deny the allegations in Paragraph 499.

55.     Paragraph 500 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

56.     Paragraphs 501-513 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants admit that the referenced legal authorities speak for themselves, but deny Plaintiffs' corresponding allegations and characterizations related to the same.  The Schein Defendants otherwise deny the allegations in Paragraphs 501-513.

57.     Paragraphs 513-515 consist of legal statements or conclusions to which no response is required.   Insofar as Plaintiffs reference or characterize statutes, legal pronouncements, industry guidance, or court decisions, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.  To the extent a response is required, the Schein Defendants deny the same.

58.     The allegations in Paragraph 516 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 516, and therefore deny the same.

59.     Paragraphs 517-520 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

60.     The allegations in Paragraph 521 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 521, and therefore deny the same.

61.     The Schein Defendants admit the allegations in Paragraph 522 insofar as it alleges that HSI is a member of HDA, but the Schein Defendants are without knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 522, and therefore deny the same.

62.     With respect to paragraphs 523-525, the Schein Defendants admit HSI met and worked with the DEA to prevent diversion as alleged in Paragraph 523.  Insofar as Plaintiffs reference or characterize DEA communications, briefings, and correspondence, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.  The Schein Defendants otherwise deny the allegations in paragraphs 523-525.

63.     The Schein Defendants deny the allegations in Paragraph 526.

64.     The Schein Defendants admit the allegations in Paragraph 527 insofar as it alleges that HSI operated as a wholesaler within the pharmaceutical distribution system, but denies the characterizations and remaining allegations in Paragraph 527.

65.     The Schein Defendants admit the allegations in Paragraph 528 insofar as it alleges that ordering higher volumes may in some instances decrease the cost per pill to distributors, but deny the characterizations and remaining allegations in Paragraph 528.

66.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 529, and therefore deny the same.  Insofar as Plaintiffs reference or characterize certain news articles, industry publications, or settlements, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

67.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 530, and therefore deny the same.  Insofar as Plaintiffs reference or characterize certain contracts or agreements, those materials speak for

11

themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.  To the extent paragraph references certain contractual obligations, those allegations consist of legal statements or conclusions to which no response is required.

68.     The Schein Defendants deny the allegations in Paragraph 531.

69.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 532 and 533, and therefore deny the same. Insofar as Plaintiffs reference or characterize websites, publications, or other documents, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

70.     The Schein Defendants admit that HSI is a member of and from time to time has had various levels of participation in the HDA.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 534, and therefore deny the same.

71.     The Schein Defendants deny the allegations in Paragraph 535.

72.     The Schein Defendants admit the allegations in Paragraph 536 insofar as it alleges the HDA offered networking opportunities, but denies the characterizations and remaining allegations in Paragraph 536.

73.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 537 and 538, and therefore deny the same.

74.     The Schein Defendants deny the allegations in Paragraph 539.

75.     The Schein Defendants admit the allegations in Paragraph 540 insofar as it alleges the HDA offers conferences and networking opportunities, but deny the characterizations and remaining allegations in Paragraph 540.

76.     The Schein Defendants admit HSI had the opportunity to participate as a member in HDA, but the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 541, and therefore deny the same.

77.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 542, and therefore deny the same.

78.     The Schein Defendants deny the allegations in Paragraphs 543 and 544.

79.     The referenced "[p]ublications and guidelines" speak for themselves, and the Schein Defendants otherwise deny the characterizations and allegations in Paragraphs 545-547.

80.     As they relate to the Schein Defendants, the allegations in Paragraphs 548-555 are denied.

81.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 556, and therefore deny the same.

82.     As they relate to the Schein Defendants, the allegations in Paragraphs 557-558 are denied.

83.     The Schein Defendants admit Paragraph 559 insofar as HSI developed know your customer questionnaires and files and collected information pursuant to its policies and procedures to assist with the identification of suspicious orders.  The Schein Defendants deny the characterizations and further allegations in Paragraph 559.

84.     The Schein Defendants deny the allegations in Paragraph 560.

85. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 561-564, and therefore deny the same.

86. The Schein Defendants deny the allegations in Paragraphs 565-567.

87. The Schein Defendants deny the first sentence of Paragraph 568. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 568, and therefore deny the same.

88. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 569, and therefore deny the same.

89. The Schein Defendants deny the allegations in Paragraphs 570-571.

90. The Schein Defendants deny the allegations in Paragraphs 572-578 as they relate to the Schein Defendants. The Schein Defendants are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 572-578, and therefore deny the same.

91. The Schein Defendants deny the allegations in Paragraphs 579-580.

92. The allegations in Paragraphs 581-587 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 581-587, and therefore deny the same.

93. The Schein Defendants deny the allegations in Paragraph 588.

94. In response to Paragraph 589, the Schein Defendants admit that the minutes from the November 1998 Meeting of the Ohio State Board of Pharmacy reflect the Board approved sending HSI a cease and desist letter. Insofar as Plaintiffs reference or characterize the Board minutes as an "example" of any other allegations, those materials speak for themselves and the

Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

95.     In respond to Paragraph 590, the Schein Defendants admit that, without admitting the allegations, Henry Schein Animal Health entered into a settlement agreement for allegedly selling dangerous drugs to an animal health practitioner who did not hold a current valid Ohio license.

96.     The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 591, and therefore deny the same.

97.     In response to Paragraph 592, the Schein Defendants admit that the Iowa Board of Pharmacy filed a Statement of Charges, that HSI denied the allegations, and that the matter was settled without a hearing.

98.     The Schein Defendants deny the allegations in Paragraphs 593 and 594.

99.     The allegations in Paragraphs 595-598 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 595-598, and therefore deny the same.

100.    The Schein Defendants admit to the allegations in Paragraph 599 to the extent they allege the HDMA filed an amicus brief.  However, such amicus brief speaks for itself, and the Schein Defendants deny the characterizations and remaining allegations in Paragraph 599.

101.    To the extent that paragraph 600 consists of legal statements or conclusions, no response is required.  To the extent a response is required, the Schein Defendants deny the same.

102.    The allegations in Paragraphs 601-627 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 601-627, and therefore deny the same.

103.    The Schein Defendants deny the allegations in Paragraph 628 insofar as it alleges the Schein Defendants sought profits over people.  The remaining allegations in Paragraphs 628 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 628, and therefore deny the same.

104.    The allegations in Paragraphs 629-659 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 629-659, and therefore deny the same.

105.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 660-670, and therefore deny the same.

106.    With respect to paragraph 671, the Schein Defendants admit that HSI has distributed opioid mediations in Ohio.  The Schein Defendants deny the remaining allegations in Paragraph 671 insofar as they allege the Schein Defendants failed to meet their regulatory obligations in Ohio.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 671, and therefore deny the same.

107.    The allegations in Paragraphs 672-683 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 672-683, and therefore deny the same.

108.    Paragraphs 684-686 consist of legal statements or conclusions to which no response is required.  Insofar as Plaintiffs reference or characterize certain administrative code provisions, regulations, statutes, or other legal authority, those materials speak for themselves

and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

109.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 687, and therefore deny the same.

110.    The Schein Defendants deny the allegations in Paragraph 688.

111.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 689, and therefore deny the same.

112.    The Schein Defendants deny the allegations in paragraphs 690-700 as they relate to the Schein Defendants.  Insofar as Plaintiffs reference or characterize certain data from the ARCOS or OARRS databases, that data speaks for itself and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.  The Schein Defendants otherwise are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 690-700, and therefore deny the same.

113.    The Schein Defendants deny the allegations in Paragraph 701.

114.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 702-705, and therefore deny the same.

115.    Insofar as Paragraph 706 references or characterizes certain websites or news articles, those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.  The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 706, and therefore deny the same.

116.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 707, and therefore deny the same.

117. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 708-712, and therefore deny the same.

118. The Schein Defendants deny the allegations in Paragraph 713.

119. The Schein Defendants deny the allegations in Paragraph 714 insofar as it alleges the Schein Defendants compounded any alleged harms, "funneled" opioids into Summit County, or delivered opioids for diversion and illicit use. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 714, and therefore deny the same.

120. The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 715-745, and therefore deny the same.

121. The allegations in Paragraphs 746-759 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 746-759, and therefore deny the same.

122. The Schein Defendants deny the allegations in Paragraphs 760-766.

123. The Schein Defendants admit the allegations in Paragraph 767 insofar as it reflects Plaintiffs contentions, but denies the substance of those contentions and allegations.

124. The Schein Defendants deny the allegations in Paragraphs 768-770.

125. The allegations in Paragraph 771 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 771, and therefore deny the same.

126. The Schein Defendants deny the allegations in Paragraphs 772-773.

127.    The allegations in Paragraph 774 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 774, and therefore deny the same.

128.    The Schein Defendants admit to the allegations in Paragraph 775 insofar as it alleges the Northern District of Ohio Ordered that ARCOS data be produced.  The Schein Defendants deny the characterizations and remaining allegations in Paragraph 775.

129.    The Schein Defendants deny the allegations in Paragraphs 776-781.

130.    The allegations in Paragraphs 782-792 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 782-792, and therefore deny the same. Insofar as Plaintiffs reference or characterize certain FDA, HHS, and DOJ  communications, along with other publications (*e.g.* Pharmacy Times), those materials speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

131.    The Schein Defendants deny the allegations in Paragraph 793.

132.    The allegations in Paragraphs 794-812 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 794-812, and therefore deny the same. Insofar as Plaintiffs reference or characterize certain television show interviews, DEA communications, settlement agreements, news articles, DEA memos, or other such materials, they speak for themselves and the Schein Defendants deny Plaintiffs' corresponding allegations and characterizations related to the same.

133.    The Schein Defendants deny the allegations in Paragraph 813.

134.    The allegations in Paragraphs 814-849 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 814-849, and therefore deny the same.

135.    In response to Paragraphs 850-852, the Schein Defendants admit there is a federally regulated distribution system governed by the Controlled Substances Act, but deny that Plaintiffs accurately characterize the system and the remaining allegations in Paragraph 850-852.

136.    The allegations in Paragraphs 853-877 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 853-877, and therefore deny the same.

**FIRST CLAIM FOR RELIEF**
**Violation of RICO, 18 U.S.C. § 1961 *et seq.*—Opioid Marketing Enterprise (Against Purdue Cephalon Janssen, Endo, and Mallinckrodt (the "RICO Marketing Defendants"))**

137.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 878.

138.    To the extent that the allegations in Paragraphs 879-905 consist of legal statements or conclusions, no response is required.  Otherwise, the allegations in Paragraphs 879-905 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of such allegations, and therefore deny the same.

**SECOND CLAIM FOR RELIEF**
**Violation of RICO, 18 U.S.C. § 1961 et seq.—Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen—"RICO Supply Chain Defendants")**

139.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 906.

140.    To the extent that the allegations in Paragraphs 907-938 consist of legal statements or conclusions, no response is required.  Otherwise, the allegations in Paragraphs 907-938 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of such allegations, and therefore deny the same.

**THIRD CLAIM FOR RELIEF**
**Violation of the Ohio Corrupt Practices Act**
**Ohio Revised Code §§ 2923.31, *et seq.***
**(Against Purdue, Cephalon, Janssen, Endo, and Mallinckrodt (the "Opioid Marketing Enterprise")**

141.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 939.

142.    To the extent that the allegations in Paragraphs 940-949 consist of legal statements or conclusions, no response is required.  Otherwise, the allegations in Paragraphs 940-949 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of such allegations, and therefore deny the same.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Ohio Corrupt Practices Act**
**Ohio Revised Code §§ 2923.31, *et seq.***
**Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (The "Opioid Supply Chain Enterprise")**

143.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 950.

144.    To the extent that the allegations in Paragraphs 951-973 consist of legal statements or conclusions, no response is required.  Otherwise, the allegations in Paragraphs 951-973 are not directed against the Schein Defendants, and the Schein Defendants are without

knowledge or information sufficient to form a belief about the truth of such allegations, and therefore deny the same.

## FIFTH CLAIM FOR RELIEF
### Statutory Public Nuisance
### (Against All Defendants)

145.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 974.

146.    Paragraph 975 contains legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the allegations in Paragraph 975.

147.    Paragraphs 976-987 contain legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the allegations in Paragraph 976-987.

148.    Defendants deny the allegations in Paragraph 988.

149.    The Schein Defendants admit the allegations in Paragraph 989 insofar as it alleges HSI had some control over its own conduct and had some control over its own systems and controls to prevent diversion.  The Schein Defendants deny the remaining allegations in Paragraph 989.

150.    The Schein Defendants deny the allegations in Paragraphs 990-995.

151.    In response to Paragraph 996, the Schein Defendants deny Plaintiffs are entitled to any legal or equitable relief from the Schein Defendants.

## SIXTH CLAIM FOR RELIEF
### Common Law Absolute Public Nuisance
### (Against All Defendants)

152.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 997.

153.    The Schein Defendants deny the allegations in Paragraph 998.

154.    Paragraph 999 contains legal statements or conclusions to which no response is required.

155.    To the extent that the allegations in Paragraphs 1000-1012 consist of legal statements or conclusions, no response is required.  Otherwise, the Schein Defendants deny the allegations in Paragraphs 1000-1012.

156.    The allegations in Paragraphs 1013-1014 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1013-1014, and therefore deny the same.

157.    Paragraphs 1015-1016 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants deny the same.

158.    The Schein Defendants admit the allegations in Paragraph 1017 insofar as they allege HSI distributes controlled substances, but denies the characterizations and remaining allegations in Paragraph 1017.

159.    The Schein Defendants deny the allegations in Paragraphs 1018-1036.

160.    Paragraph 1037 contains legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1037, and therefore deny the same.

161.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law, or in equity, and deny the allegations in Paragraph 1038.

## SEVENTH CLAIM FOR RELIEF
### Negligence
### (Against All Defendants)

162.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 1039.

163.    The Schein Defendants deny the allegations in Paragraphs 1040-1045.

164.    The allegations in Paragraph 1046 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1046, and therefore deny the same.

165.    The Schein Defendants deny the allegations in Paragraphs 1047-1052.

166.    The Schein Defendants admit the allegations in Paragraph 1053 insofar as it alleges HSI had some control over their own conduct and had some control over they systems and controls to prevent diversion.  The Schein Defendants deny the remaining allegations in Paragraph 1053.

167.    The Schein Defendants deny the allegations in Paragraphs 1054-1055.

168.    The Schein Defendants admit the allegations in Paragraph 1056 insofar as it alleges HSI distributes controlled substances, but denies the characterizations and remaining allegations in Paragraph 1056.

169.    The Schein Defendants deny the allegations in Paragraphs 1057-1058.

170.    The allegations in the first sentence in Paragraph 1059 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 1059, and therefore deny the same.  The Schein Defendants deny the remaining allegations in Paragraph 1059.

171.    The Schein Defendants deny the allegations in Paragraphs 1060-1070.

172.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law or in equity, and deny the allegations in Paragraph 1071.

## EIGHTH CLAIM FOR RELIEF
### Common Law Fraud
### (Against the Marketing Defendants)

173.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 1072.

174.    The allegations in Paragraphs 1073-1088 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1073-1088, and therefore deny the same.

175.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law or in equity, and deny the allegations in Paragraph 1089.

## NINTH CLAIM FOR RELIEF
### Injury Through Criminal Acts
### (R.C. 2307.60)
### (Against All Defendants)

176.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 1090.

177.    Paragraph 1091 contains legal statements or conclusions to which no response is required.

178.    Paragraph 1092 contains legal statements or conclusions to which no response is required.  The Schein Defendants further specifically deny the introductory statement alleging that the Schein Defendants violated R.C. §2925.02(A).

179.    The Schein Defendants deny the allegations in Paragraphs 1093-1094.

25

180.    Paragraphs 1095-1097 contain legal statements or conclusions to which no response is required.  To the extent a response is required, the Schein Defendants admit HSI is a distributors subject to the Controlled Substances Act and Ohio law regarding the wholesale distribution of controlled substances, but deny the Plaintiffs characterizations of the laws, regulations, and structure of the pharmaceutical distribution system, as well as all remaining additional allegations in Paragraphs 1095-1097.

181.    The Schein Defendants deny the allegations in Paragraphs 1098-1101.

182.    The Schein Defendants admit the allegations in Paragraph 1102 insofar as HSI has been subject to DEA regulatory action.  The Schein Defendants deny the allegation in Paragraph 1002 that their "violations of controlled substances law have been well established." The remaining allegations in Paragraph 1102 are not directed against the Schein Defendants, and the Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1102, and therefore deny the same.

183.    The Schein Defendants deny the allegations in Paragraphs 1103-1106.

184.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law or in equity, and deny the allegations in Paragraph 1107.

### TENTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(Against All Defendants)**

185.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 1108.

186.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1109-1114, and therefore deny the same.

187.    The Schein Defendants deny the allegations in Paragraph 1115.

188.    The Schein Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations against the Marketing Defendants in Paragraph 1116, and therefore deny the same.  The Schein Defendants deny the remaining allegations in 1116.

189.    The Schein Defendants deny the allegations in Paragraphs 1117-1120.

190.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law or in equity, and deny the allegations in Paragraph 1121.

## ELEVENTH CLAIM FOR RELIEF
### Civil Conspiracy
### (Against All Defendants)

191.    The Schein Defendants incorporate by reference their respective responses to the allegations incorporated by reference in Paragraph 1122.

192.    The Schein Defendants deny the allegations in Paragraph 1123-1135.

193.    The Schein Defendants deny that Plaintiffs are entitled to any relief, at law or in equity, and deny the allegations in Paragraph 1136.

## PRAYER

In response to the PRAYER in the Complaint, the Schein Defendants deny that Plaintiffs are entitled to any judgment or any other relief required, and further answering, Schein Defendants deny each and every allegation in the Complaint not specifically and expressly admitted above.

The Schein Defendants deny all allegations in the Complaint that pertain generally or specifically to the Schein Defendants that are not expressly admitted above.

## DEFENSES

By asserting the defenses enclosed herein, the Schein Defendants do not allege or admit that they have the burden of proof or persuasion with respect to any asserted defenses.  All of the

defenses listed will be pled in the alternative, and none constitutes an admission that the Schein Defendants are in any way liable to Plaintiffs, that Plaintiffs have been or will be injured in any way, or that Plaintiffs are entitled to any relief whatsoever.  The Schein Defendants assert the following Defenses:

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted, failed to state facts sufficient to constitute a purported cause of action, and failed to plead a legally cognizable injury.

**SECOND DEFENSE**

Plaintiffs lack standing and/or authority to sue for either injunctive relief or damages for alleged violations of state or federal regulations pertaining to the distribution of controlled substances.

**THIRD DEFENSE**

Plaintiffs' claims against the Schein Defendants fail insofar as such allegations allege violations of Ohio Board of Pharmacy regulations because the Ohio Board of Pharmacy granted and has continuously renewed Schein's wholesale distributor permit.  As such, Plaintiffs' claims are barred in whole or in part by waiver, consent, and/or estoppel.

**FOURTH DEFENSE**

Plaintiffs' allegations against the Schein Defendants fail to give rise to actionable claims because the alleged wrongful acts and omission contained in the Complaint do not state claims for the breach of a recognized or viable legal duty owed by the Schein Defendants.

**FIFTH DEFENSE**

Plaintiffs' claims fail because the pertinent state and federal acts governing the distribution of controlled substances do not authorize a private cause of action because they

28

constitute comprehensive regulatory schemes, which do not contain the legislative intent to create a private cause of action.

## SIXTH DEFENSE

Plaintiffs' claims are barred because the harms alleged were not proximately or otherwise caused by the Schein Defendants' alleged acts or omissions.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because the harms alleged were caused, if at all, by the intervening, independent, and/or superseding causes, factors, or occurrences, which were not reasonably foreseeable to the Schein Defendants and for which the Schein Defendants are not responsible.

## EIGHTH DEFENSE

The conduct of persons or entities other than the Schein Entities was the competing producing and proximate cause of Plaintiffs' alleged damages pursuant to the doctrines of comparative fault and/or contributory negligence.

## NINTH DEFENSE

Plaintiffs' claims are barred because the Schein Defendants have complied, or substantially complied, with all applicable laws or regulations of the United States and the State of Ohio.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## TWELFTH DEFENSE

Plaintiffs' claims are barred under the doctrines of laches, unclean hands, estoppel, and waiver.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims for unjust enrichment or any other equitable relief are barred because: (1) the Schein Defendants have not accepted or retained any benefits under any circumstances where it would be inequitable to do so; (2) there is no contractual or quasi-contractual privity between the Schein Defendants and Plaintiffs to justify a claim for unjust enrichment; (3) Plaintiffs did not pay Schein Defendants any of the amounts sought; and (4) Plaintiffs have no authority to bring such claims.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because substantive due process forbids the retroactive imposition of changing and unclear legal interpretations of the pertinent state and federal statutes and regulations sought to be applied by Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are pre-empted, in whole or in part, by federal law.

## EIGHTEENTH DEFENSE

Plaintiffs' claims for punitive damages, if awarded, would constitute a violation of the United States Constitution and the Ohio State Constitution.  Plaintiffs' claims for actual and compensatory damages violate the Excessive Fines Clause to the Eighth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

Plaintiffs have failed to join indispensable parties required to be joined pursuant to Fed. R. Civ. P. 19.  Such parties include, but are limited to, the DEA and those individuals, prescribers, doctors, clinicians, patients, and staffers who prescribed and/or otherwise received opioid medications from the Schein Defendants or their customers.

## TWENTIETH DEFENSE

Plaintiffs have failed to plead that they reimbursed any prescriptions for an opioid distributed by the Schein Defendants that harmed patients and should not have been written, or that the Schein Defendants' allegedly improper conduct caused any healthcare provider to write any ineffective or harmful opioid prescription, which the Schein Defendants then distributed or otherwise supposedly caused to be diverted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the assumption of risk doctrine.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against the Schein Defendants do not arise out of the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

### TWENTY-THIRD DEFENSE

Plaintiffs have failed to comply with the requirement that they identify each individual or patient in whose claim(s) they have a subrogation interest and on whose behalf they have incurred costs.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the free public services doctrine and/or the municipal cost recovery rule.

### TWENTY-FIFTH DEFENSE

The Schein Defendants assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), the Ohio Revised Code, Ohio common law, and/or the Ohio Constitution as investigation and discovery proceeds.

### TWENTY-SIXTH DEFENSE

Insofar as Plaintiffs are alleging that the Schein Defendants conspired or otherwise engaged in any purported fraud or fraudulent misconduct, Plaintiffs have failed to plead such allegations with sufficient particularity.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part, or are subject to other limitations, by the Ohio Product Liability Act, Ohio Revised Code § 2307.71, *et seq.*

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by the negligent, intentional, illegal, and/or criminal acts of third parties who are not under the Schein Defendants' control.

## TWENTY-NINTH DEFENSE

The Schein Defendants adopt by reference any additional applicable defense pled by any other defendant or asserted in any party's motion to dismiss not otherwise pled herein.  The Schein Defendants reserve the right and hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during or as a result of the discovery proceedings in this action and reserves their right to amend their answers to assert such defenses.


Dated: January 15, 2019                 Respectfully Submitted,

                                        */s/ John P. McDonald*
                                        John P. McDonald
                                          Texas Bar No. 13549090
                                          jmcdonald@lockelord.com
                                        C. Scott Jones
                                          Texas Bar No. 24012922
                                          sjones@lockelord.com
                                        Brandan J. Montminy
                                          Texas Bar No. 24088080
                                          brandan.montminy@lockelord.com
                                        LOCKE LORD LLP
                                        2200 Ross Avenue, Suite 2800
                                        Dallas, Texas 75201
                                        Telephone: (214) 740-8000
                                        Facsimile:  (214) 740-8800

                                        ***Attorneys for Henry Schein, Inc. and Henry Schein Medical Systems, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record at their email addresses on file with the Court.

/s/ *Brandan J. Montminy*
Brandan J. Montminy