**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DEFENDANT MCKESSON CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant McKesson Corporation ("McKesson"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the Corrected Second Amended Complaint ("Complaint") filed in this action by Plaintiffs:

**PRELIMINARY STATEMENT**

The following matters are incorporated into responses to each paragraph of the Complaint:

A.     McKesson submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "McKesson" to refer exclusively to McKesson Corporation's U.S. Pharmaceutical Distribution business.  Where allegations are made against "Defendants" as a group, however described, the responses of McKesson apply only to McKesson.

B.     Most of the allegations in the Complaint are not directed at McKesson and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.     The Complaint contains purported references to documents and third-party

publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and McKesson respectfully refers the Court to the respective materials for their complete contents.

D.      This Court has severed from this action all Plaintiffs except the County of Summit, Ohio and the City of Akron, Ohio, and has deemed the claims of the severed Plaintiffs to be voluntarily dismissed without prejudice.  *See* No. 18-op-45090 (N.D. Ohio), dkt. 33.  The responses in this Answer therefore pertain only to the claims brought by the remaining Plaintiffs.

E.      Except as otherwise expressly stated herein, McKesson denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, and illustrations of the Complaint, and specifically denies liability to Plaintiffs.  To the extent not expressly denied, all allegations for which McKesson denies possessing knowledge or information sufficient to form a belief are denied.

F.      McKesson reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING THE INTRODUCTORY PARAGRAPH

1.      McKesson admits that Plaintiffs brought this action as set forth in Paragraph 1 of the Complaint.  McKesson denies any liability and further denies that Plaintiffs are entitled to any relief.  McKesson denies any remaining allegations of Paragraph 1.

## ANSWERING THE INTRODUCTION

2.      McKesson admits that this action pertains to the misuse, abuse, and over-prescription of opioids.  McKesson otherwise denies the allegations of Paragraph 2.

3.      McKesson denies the allegations of Paragraph 3 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, on that basis, denies those allegations.

4.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies those allegations.

6.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies those allegations.

7.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies those allegations.

8.      McKesson admits that the President declared the opioid crisis a public health emergency.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies those allegations.

9.      McKesson admits that Plaintiffs have filed an action as set forth in Paragraph 9 of the Complaint, but denies any liability and denies that Plaintiffs are entitled to any relief whatsoever from McKesson.  McKesson denies any remaining allegations of Paragraph 9.

10–13. The allegations in Paragraphs 10 through 13 are not asserted against McKesson and thus no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 through 13 and, on that basis, denies those allegations.

14.      McKesson denies the allegations of Paragraph 14.

15.      The allegations in Paragraph 15 are not asserted against McKesson and thus no

response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies those allegations.

16.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18.     McKesson denies the allegations in Paragraph 18 insofar as they pertain to McKesson's conduct.  McKesson admits that a Centers for Disease Control official used the words attributed the agency in Paragraph 18, but denies the characterization of the official's statement in Paragraph 18 and respectfully refers the Court to the cited document for its full and correct contents.  McKesson further admits that the U.S. Surgeon General used the words attributed to him in Paragraph 18 but denies the characterization of his statement in Paragraph 18 and respectfully refers the Court to the cited document for its full and correct contents.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 and, on that basis, denies those allegations.

19.     McKesson denies the allegations in Paragraph 19 insofar as they pertain to McKesson's conduct.  McKesson further denies the characterization of the official's statement in Paragraph 19.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19 and, on that basis, denies those allegations.

20.     McKesson denies the allegations of Paragraph 20 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 pertaining to other Defendants and, on that basis,

denies those allegations.

21.     McKesson denies the allegations of Paragraph 21 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 pertaining to other Defendants and, on that basis, denies those allegations.

22.     McKesson denies the allegations of Paragraph 22 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 pertaining to other Defendants and, on that basis, denies those allegations.

23.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies those allegations.

24.     McKesson admits that Plaintiffs brought this action as set forth in Paragraph 24 but otherwise denies the allegations of Paragraph 24.

## ANSWERING THE JURISDICTION AND VENUE ALLEGATIONS

25.     McKesson avers that the allegations in Paragraph 25 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that this Court has subject-matter jurisdiction over this action.

26.     McKesson avers that the allegations in Paragraph 26 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that this Court has personal jurisdiction over McKesson.  McKesson denies any implication in Paragraph 26 that McKesson's conduct was tortious or otherwise unlawful.  As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies those allegations.

27.      McKesson avers that the allegations in Paragraph 27 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies those allegations.

### ANSWERING THE ALLEGATIONS REGARDING THE PARTIES

28.      McKesson admits that the County of Summit, Ohio is a County organized under the laws of the State of Ohio and provides services to its residents.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 28 and, on that basis, denies those allegations.

29.      McKesson avers that the allegations of Paragraph 29 relate to a Plaintiff that has been dismissed from this action, and that no response is therefore required.

30.      McKesson admits that the City of Akron is a municipality within Summit County organized under the laws of the State of Ohio.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30 and, on that basis, denies those allegations.

31–50.    McKesson avers that the allegations of Paragraphs 31 through 50 relate to Plaintiffs that have been dismissed from this action, and that no response is therefore required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

51.      With the exception of the City of Akron, McKesson avers that the allegations of Paragraph 51 relate to a Plaintiff that has been dismissed from this action, and that no response is therefore required; to the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent that the allegations of Paragraph 51 relate to the City of Akron, McKesson

admits that the City provides services to its residents and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and, on that basis, denies them.

52.     McKesson avers that the allegations of Paragraph 52 relates to a Plaintiff that has been dismissed from this action, and that no response is therefore required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

53.     McKesson avers that to the extent the allegations of Paragraph 53 relate to Plaintiffs that have been dismissed from this action, no response is required.  McKesson otherwise admits that this action purports to be as described in Paragraph 53, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 53 and, on that basis, denies those allegations.  McKesson denies any implication that it is liable or that Plaintiffs are entitled to any relief from McKesson.

54.     McKesson avers that to the extent the allegations of Paragraph 54 relate to Plaintiffs that have been dismissed from this action, no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies those allegations.

55.     McKesson avers that to the extent the allegations of Paragraph 55 relate to Plaintiffs that have been dismissed from this action, no response is required.  To the extent a response is required, McKesson admits that Summit County and the City of Akron are Plaintiffs in this action but McKesson denies any implication that McKesson is liable to them or that Plaintiffs are otherwise entitled to relief.

56.     McKesson admits that Plaintiffs are responsible for the public health, safety, and

7

welfare of their citizens.

57.     McKesson admits that Summit County proclaimed a state of emergency relating to opioids.  For the full and correct contents of the proclamation, McKesson respectfully refers the Court to the document in question.  McKesson denies any remaining allegations of Paragraph 57.

58.     McKesson denies the allegations of Paragraph 58.

59.     McKesson denies the allegations of Paragraph 59.

60.     McKesson denies the allegations of Paragraph 60.

61.     McKesson avers that the allegations in Paragraph 61 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraph 61.

62.     McKesson avers that the allegations in Paragraph 62 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraph 62.

63–106.     McKesson avers that the allegations in Paragraphs 63 through 106 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 63 through 106 and, on that basis, denies those allegations.

107.     McKesson admits that McKesson is engaged in wholesale distribution.  McKesson denies the remaining allegations of Paragraph 107 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 107 do not pertain to McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

108–119.     McKesson avers that the allegations in Paragraphs 108 through 119 are not

directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 108 through 119 and, on that basis, denies those allegations.

120.    McKesson admits that it had an annual revenue of approximately $191 billion in fiscal year 2016, and that it is incorporated in Delaware with principal place of business in San Francisco.  McKesson further admits the allegation of Paragraph 120 that is a wholesaler of pharmaceutical drugs that distributes opioids throughout the country.  McKesson denies the remaining allegations of Paragraph 120.

121.    McKesson admits that it entered into a settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson further admits that as part of McKesson's Administrative Memorandum of Agreement with DEA, McKesson agreed to suspensions of DEA registrations at certain distribution centers located in Colorado, Ohio, and Michigan, and it agreed to a suspension of its ability to distribute hydromorphone from a distribution center in Florida.  McKesson further admits that the language quoted in the final sentence of Paragraph 121 appears in a Department of Justice press release announcing the settlement.  McKesson denies the remaining allegations of Paragraph 121.

122–126.    McKesson avers that the allegations in Paragraphs 122 through 126 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 122 through 126 and, on that basis, denies those allegations.

127.    McKesson admits that the Complaint refers to CVS, Rite Aid, Walgreens, and Walmart as "National Retail Pharmacies."  McKesson further admits that the Complaint refers to

AmerisourceBergen, Anda, Cardinal, Discount Drug, HBC, Henry Schein, McKesson, Miami-Luken, Prescription Supply, and the National Retail Pharmacies as "Distributor Defendants." McKesson denies any implication in Paragraph 127 that these Defendants were associated in an improper way or acted unlawfully.

128.     McKesson avers that the allegations of Paragraph 128 state legal conclusions to which no response was required.  To the extent a response is required, McKesson denies the allegations.

129.     McKesson denies the allegations in Paragraph 129 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 129 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 129 and, on that basis, denies those allegations.

## ANSWERING THE FACTUAL ALLEGATIONS

130.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies those allegations.

131.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies those allegations.

132.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies those allegations.

133.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies those allegations.

134.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies those allegations.

135.     McKesson admits that prescription opioids are regulated as Schedule II controlled

substances by the U.S. Drug Enforcement Administration ("DEA").  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and, on that basis, denies those allegations.

136–145.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 136 and 145 and, on that basis, denies those allegations.

146–170.    McKesson avers that the allegations in Paragraphs 146 through 170 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 146 through 170 and, on that basis, denies those allegations.

171.    McKesson denies the allegations of Paragraph 171 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 171 and, on that basis, denies them.

172.    McKesson denies the allegations of Paragraph 172 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 172 and, on that basis, denies them.

173.    McKesson denies the allegations of Paragraph 173 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 173 and, on that basis, denies them.

174–495.    McKesson avers that the allegations in Paragraphs 174 through 495 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 174 through 495 and, on that basis, denies those allegations.

496.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 496 and, on that basis, denies those allegations.

497.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497 and, on that basis, denies those allegations.

498.     McKesson denies the allegations of Paragraph 498 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 498 and, on that basis, denies those allegations.

499.     McKesson denies the allegations of Paragraph 499 insofar as they relate to the conduct of McKesson.  McKesson admits that it is subject to reporting duties in connection with the distribution of Schedule II substances.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 499 and, on that basis, denies those allegations.

500.     McKesson admits that McKesson is required to register as a distributor pursuant to federal law.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 500 and, on that basis, denies those allegations.

501.     McKesson avers that the allegations of Paragraph 501 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 501.

502.     McKesson avers that the first sentence of Paragraph 502 states a legal conclusion to which no response is required; to the extent a response is required, McKesson denies the allegations in that sentence.  McKesson denies the allegations in the second sentence of Paragraph

502 insofar as they pertain to McKesson.  Insofar as the allegations in that sentence pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

503.    McKesson avers that the allegations of Paragraph 503 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the existence of any duty in tort to Plaintiff as alleged in Paragraph 503.

504.    McKesson admits that McKesson was required to register with the DEA to distribute Schedule II controlled substances.  Insofar as the first sentence of Paragraph 504 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies them.  McKesson avers that the second and third sentences of Paragraph 504 state legal conclusions to which no response is required; to the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statute and regulation for the full and correct contents of the same.  McKesson denies the allegations of the fourth sentence of Paragraph 504 insofar as it pertains to McKesson; insofar as that sentence relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies them.

505.    McKesson avers that the allegations of Paragraph 505 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 505.

506.    McKesson admits that the Controlled Substances Act was enacted in 1970. McKesson denies the remaining allegations of Paragraph 506.

507.    McKesson avers that the allegations of Paragraph 507 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the

13

allegations of Paragraph 507.

508.    To the extent the allegations of Paragraph 508 state legal conclusions, McKesson avers that no response is required and to the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statute and regulation for the full and correct content of the same.  McKesson denies the remaining allegations of Paragraph 508.

509.    McKesson avers that the allegations of Paragraph 509 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits it may be unlawful to manufacture a Schedule II substance in excess of a DEA-assigned quota and otherwise denies the allegations of Paragraph 509.

510.    McKesson avers that the allegations of Paragraph 510 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited regulation for the full and correct content of the same.

511.    McKesson avers that the allegations of Paragraph 511 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

512.    McKesson avers that the allegations of Paragraph 512 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

513.    McKesson avers that the allegations of Paragraph 513 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

514.    McKesson avers that the allegations of Paragraph 514 state legal conclusions to

which no response is required.  To the extent a response is required, McKesson denies the allegations.

515.    McKesson admits that McKesson has acquired certain businesses related to the operation of a wholesale distribution service since its inception.  McKesson further admits that McKesson offers certain service programs to McKesson pharmacy customers.  McKesson further admits that McKesson has an ordering system by which pharmacies place orders; as to whether this allows any specific customer to reduce inventory carrying costs, McKesson is without knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies it.  McKesson denies the remaining allegations of Paragraph 515 insofar as they pertain to McKesson, including the characterization of McKesson's acquisitions as "vertical integration."   Insofar as the allegations of Paragraph 515 relate to Defendants other than McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

516.    McKesson avers that to the extent that allegations in Paragraph 516 are not directed to McKesson, they do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516 and, on that basis, denies those allegations.

517.    McKesson avers that the allegations of Paragraph 517 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations.

518.    McKesson denies the allegations of Paragraph 518 insofar as it relates to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 518 and, on that basis, denies those

allegations.

519.     McKesson denies the allegations of Paragraph 519.

520.     McKesson admits that it has an important role in the healthcare system of the United States by distributing FDA-approved medications to DEA-licensed pharmacies that may dispense to patients with a valid prescription from a licensed healthcare provider, but otherwise denies the allegations in Paragraph 520.

521.     McKesson avers that to the extent that allegations in Paragraph 521 are not directed to McKesson, they do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 521 and, on that basis, denies those allegations.

522.     McKesson admits that HDMA published a guidelines document including the language in the final sentence of Paragraph 522. McKesson further admits that it is a member of the HDA, which was previously called HDMA. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 522 and, on that basis, denies those allegations.

523.     McKesson admits that McKesson had various communications with DEA regarding the Controlled Substances Act, including a briefing from DEA regarding the Controlled Substances Act and red flags for potential diversion. McKesson further admits DEA began increasingly communicating with McKesson regarding internet pharmacies. McKesson further admits that DEA has provided presentations to pharmaceutical wholesalers. McKesson avers that to the extent the allegations of Paragraph 523 state legal conclusions, no response is required; to the extent a response is required, McKesson denies those allegations. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations in Paragraph 523 and, on that basis, denies them.

524.    McKesson admits that DEA sent a letter to registrants dated September 27, 2006 regarding the distribution of controlled substances.  McKesson denies the allegations of Paragraph 524 characterizing the contents of letter and respectfully refers this Court to the cited letter for its full and correct contents.  To the extent the allegations of Paragraph 524 state legal conclusions, McKesson avers that no response is necessary; if a response is deemed necessary, McKesson denies the allegations.

525.    McKesson admits that DEA sent a letter to registrants dated December 27, 2007 regarding the distribution of controlled substances.  McKesson denies the allegations of Paragraph 525 characterizing contents of the letter and respectfully refers this Court to the cited letter for its full and correct contents.  To the extent the allegations of Paragraph 525 state legal conclusions, McKesson avers that no response is necessary; if a response is deemed necessary, McKesson denies the allegations.

526.    McKesson denies the allegations of Paragraph 526 insofar as it relates to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 526 and, on that basis, denies those allegations.

527.    McKesson admits that McKesson has business relationships with manufacturers, that McKesson employs electronic ordering systems, and that McKesson offers a variety of programs to its pharmacy customers.  McKesson denies the remainder of the allegations in Paragraph 527 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 527 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 527 and, on that basis,

denies them.

528.     McKesson denies the allegations in Paragraph 528 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 528 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 528 and, on that basis, denies them.

529.     McKesson denies the allegations in Paragraph 529 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 529 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 529 and, on that basis, denies them.

530.     McKesson admits that it maintains certain security protocols and storage facilities for the distribution of opioids.  McKesson denies the remaining allegations of Paragraph 530 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 530 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations, on that basis, denies them.

531.     McKesson denies the allegations of Paragraph 531 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 531 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 531 and, on that basis, denies those allegations.

532.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532 and, on that basis, denies those allegations.

533.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 533 and, on that basis, denies those allegations.

534.     McKesson denies the allegations of Paragraph 534 insofar as they pertain to

McKesson.  With respect to the allegations in Paragraph 534 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 534 and, on that basis, denies those allegations.

535.    McKesson admits that McKesson is a member of HDA.  McKesson denies the remainder of the allegations in Paragraph 535 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 535 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 535 and, on that basis, denies those allegations.

536.    McKesson denies the allegations of Paragraph 536 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 536 and, on that basis, denies those allegations.

537.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 537 and, on that basis, denies those allegations.

538.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 538 and, on that basis, denies those allegations.

539.    McKesson denies the allegations of Paragraph 539.

540.    McKesson admits that a publicly available webpage describing HDA's 2017 Business and Leadership Conference contains the quoted language.  McKesson denies the allegation in Paragraph 540 that McKesson "advertised" such conferences to Manufacturers and denies the other allegations of Paragraph 540 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 540 and, on that basis, denies those allegations.

541.    McKesson admits that various employees of McKesson have participated in HDA councils, committees, task forces, and working groups.  McKesson denies the other allegations of Paragraph 541 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 541 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

542.    McKesson admits that HDMA held a webinar on April 27, 2011 and that a publicly available website describing the webinar contains the quoted language.  McKesson denies the remaining allegations of Paragraph 542 insofar as they pertain to McKesson.  Insofar as the remaining allegations of Paragraph 542 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

543.    McKesson denies the allegations of Paragraph 543.

544.    McKesson denies the allegations of Paragraph 544.

545.    McKesson admits that HDA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines:  Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson further admits that an amicus brief by the HDA contains the quoted language.  McKesson otherwise denies the allegations of Paragraph 545.

546.    McKesson denies the allegations of Paragraph 546 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 546 and, on that basis, denies those allegations.

547.    McKesson avers that because Paragraph 547 contains no factual allegations, no

response is required.

548.     McKesson denies the allegations of Paragraph 548 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 548 and, on that basis, denies those allegations.

549.     McKesson denies the allegations of Paragraph 549 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 549 and, on that basis, denies those allegations.

550.     McKesson denies the allegations of Paragraph 550 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 550 and, on that basis, denies those allegations.

551.     McKesson avers that Paragraph 551 states a legal conclusion for which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 551.

552.     McKesson denies the allegations of Paragraph 552 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 552 and, on that basis, denies those allegations.

553.     McKesson denies the allegations of Paragraph 553 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 553 and, on that basis, denies those

allegations.

554.    McKesson denies the allegations of Paragraph 554 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 554 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

555.    McKesson denies the allegations of Paragraph 555 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 555 and, on that basis, denies those allegations.

556.    McKesson admits that McKesson's sales and regulatory personnel visit pharmacy customers during which they pay attention to potential red flags for diversion, but denies that such visits are accurately described in Paragraphs 516, 568–569, or 673 of the Complaint.  McKesson otherwise denies the allegations of Paragraph 556 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 556 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 556 and, on that basis, denies them.

557.    McKesson denies the allegations of Paragraph 557 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 557 and, on that basis, denies those allegations.

558.    McKesson admits that it may have obtained certain information from certain data companies.  McKesson otherwise denies the allegations of Paragraph 558 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 558 pertain to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 558 and, on that basis, denies them.

559.     McKesson admits that McKesson developed and utilized questionnaires and other materials in an effort to "know its customer."  McKesson otherwise denies the allegations of Paragraph 559 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 559 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 559 and, on that basis, denies them.

560.     McKesson admits that it may have obtained certain information from certain data companies.  McKesson otherwise denies the allegations of Paragraph 560 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 560 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 560 and, on that basis, denies them.

561.     McKesson admits that it obtained certain information from IMS Health.  McKesson otherwise denies the allegations of Paragraph 561 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 561 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 561 and, on that basis, denies them.

562.     McKesson admits that it may have obtained certain information from Wolters Kluwer for a limited period of time.  McKesson otherwise denies the allegations of Paragraph 562 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 562 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 562 and, on that basis, denies them.

563.     McKesson denies the allegations of Paragraph 563.

564.     McKesson avers that because Paragraph 564 contains no factual allegations, no response is required.

565.     McKesson denies the allegations of Paragraph 565 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 565 and, on that basis, denies those allegations.

566.     McKesson denies the allegations of Paragraph 566 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 566 and, on that basis, denies those allegations.

567.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 and, on that basis, denies those allegations.

568.     McKesson denies the allegations of Paragraph 568 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 568 and, on that basis, denies those allegations.

569.     McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 569 and, on that basis, denies those allegations.

570.     McKesson denies the allegations of Paragraph 570 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 570 and, on that basis, denies those allegations.

571.     McKesson denies the allegations of Paragraph 571 insofar as they pertain to the

conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 571 and, on that basis, denies those allegations.

572.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 572 and, on that basis, denies those allegations.

573.    McKesson denies the allegations of Paragraph 573 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 573 and, on that basis, denies those allegations.

574.    McKesson denies the allegations of Paragraph 574 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 574 and, on that basis, denies those allegations.

575.    McKesson denies the allegations of Paragraph 575 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 575 and, on that basis, denies those allegations.

576.    McKesson denies the allegations of Paragraph 576 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 576 and, on that basis, denies those allegations.

577.    McKesson denies the allegations of Paragraph 577 insofar as they pertain to the

conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 577 and, on that basis, denies those allegations.

578.    McKesson denies the allegations of Paragraph 578 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 578 and, on that basis, denies those allegations.

579.    McKesson denies the allegations of Paragraph 579 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 579 and, on that basis, denies those allegations.

580.    McKesson denies the allegations of Paragraph 580 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 580 and, on that basis, denies those allegations.

581.    McKesson admits that it entered into a settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.   McKesson denies the remaining allegations of Paragraph 581, including its characterization of the settlement agreement, and respectfully refers this Court to the cited agreement for its full and correct contents.

582.    McKesson admits that as part of the settlement agreement, McKesson agreed to suspensions of DEA registrations at certain distribution centers.  McKesson denies the remaining allegations of Paragraph 582, including the characterization of admissions made by McKesson as

part of the settlement.

583–84.    McKesson avers that the allegations in Paragraphs 583 and 584 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 583 and 584 and, on that basis, denies those allegations.

585.    McKesson denies the allegations of Paragraph 585 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 585 and, on that basis, denies those allegations.

586–592.    McKesson avers that the allegations in Paragraphs 586 through 592 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 586 through 592 and, on that basis, denies those allegations.

593.    McKesson denies the allegations of Paragraph 593 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 593 and, on that basis, denies those allegations.

594.    McKesson denies the allegations of Paragraph 594.

595.    McKesson admits that it entered into settlement agreements with DOJ in 2008 and 2017 to resolve certain claims against the company.  McKesson denies the remaining allegations of Paragraph 595.

596.    McKesson denies the allegations of Paragraph 596 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief

as to the truth of the remainder of the allegations in Paragraph 596 and, on that basis, denies those allegations.

597.    McKesson admits that McKesson's webpage contained the language quoted in the first sentence of Paragraph 597.  McKesson further admits that a McKesson statement quoted in the Washington Post contains the quoted language in the second sentence of Paragraph 597.  McKesson otherwise denies the allegations of Paragraph 597, including Plaintiffs' characterization of such statements.

598.    McKesson avers that the allegations in Paragraph 598 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 598 and, on that basis, denies those allegations.

599.    McKesson admits that trade associations including HDMA filed an amicus brief in the case described in Paragraph 599.  McKesson denies the remaining allegations of Paragraph 599.

600.    McKesson denies the allegations of Paragraph 600 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 600 and, on that basis, denies those allegations.

601–605.    McKesson avers that the allegations in Paragraphs 601 through 605 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 601 through 605 and, on that basis, denies those allegations.

606.    McKesson denies the allegations of Paragraph 606 insofar as they pertain to the

conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 606 and, on that basis, denies those allegations.

607–609.     McKesson avers that the allegations in Paragraphs 607 through 609 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 607 through 609 and, on that basis, denies those allegations.

610.     McKesson denies the allegations of Paragraph 610 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 610 and, on that basis, denies those allegations.

611.     McKesson avers that the allegations in Paragraph 611 state legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that pharmacies are subject to the provisions of the Controlled Substances Act and related regulations but otherwise denies the allegations insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 611and, on that basis, denies them.

612.     McKesson avers that the allegations in Paragraph 612 state legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that pharmacies are subject to the provisions of the Controlled Substances Act and related regulations but otherwise denies the allegations insofar as they relate to McKesson.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 612 and, on that basis, denies them.

613–659.     McKesson avers that the allegations in Paragraphs 613 through 659 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 613 through 659 and, on that basis, denies those allegations.

660.     McKesson admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 660 and, on that basis, denies those allegations.

661.     McKesson admits that in some circumstances, prescriptions written in one state may be filled in a different state.  McKesson further admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 661 and, on that basis, denies them.

662.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662 and, on that basis, denies those allegations.

663.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 663 and, on that basis, denies those allegations.

664.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 664 and, on that basis, denies those allegations.

665.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 665 and, on that basis, denies those allegations.

666.     McKesson is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 666 and, on that basis, denies those allegations.

667.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667 and, on that basis, denies those allegations.

668.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 and, on that basis, denies those allegations.

669.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 669 and, on that basis, denies those allegations.

670.    McKesson denies the allegations of Paragraph 670 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 670 and, on that basis, denies those allegations.

671.    McKesson admits that McKesson distributed opioids in Ohio.  McKesson denies the remaining allegations of Paragraph 671 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 671 and, on that basis, denies those allegations.

672.    McKesson denies the allegations of Paragraph 672 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 672 and, on that basis, denies those allegations.

673–683.    McKesson avers that the allegations in Paragraphs 673 through 683 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 673 through 683 and, on that basis, denies those

allegations.

684.    McKesson avers that the allegations in Paragraph 684 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations in these paragraphs and respectfully refers this Court to the cited statutes and regulations for the true and correct contents of the same.

685.    McKesson avers that the allegations in Paragraph 685 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations in these paragraphs and respectfully refers this Court to the cited statutes and regulations for the true and correct contents of the same.

686.    McKesson avers that the allegations in Paragraph 686 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations in these paragraphs and respectfully refers this Court to the cited statutes and regulations for the true and correct contents of the same.

687.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 687 and, on that basis, denies those allegations.

688.    McKesson denies the allegations of Paragraph 688 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 688 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

689.    McKesson denies the allegations of Paragraph 689.

690.    McKesson admits that the United States Government has provided certain ARCOS data to Plaintiffs pursuant to court orders.  As to the remaining allegations of Paragraph 690, McKesson avers that the Government's production speaks for itself.  To the extent a response is

required, McKesson is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

691.    McKesson admits that the United States Government has provided certain ARCOS data to Plaintiffs pursuant to court orders.  As to the remaining allegations of Paragraph 691, McKesson avers that the Government's production speaks for itself.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

692.    McKesson admits that certain ARCOS data was produced to Plaintiffs in this litigation.  This data speaks for itself, and McKesson denies any attempt by Plaintiffs to characterize it or selectively quote from it.  To the extent a further response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 692 and, on that basis, denies them.

693.    McKesson denies the allegations of Paragraph 693 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 693 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

694.    McKesson denies the allegations of Paragraph 694 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 694 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

695.    McKesson denies the allegations of Paragraph 695 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 695 insofar as they pertain to other Defendants and, on that

basis, denies those allegations.

696.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 696 and, on that basis, denies them.

697.    McKesson admits that certain ARCOS data was produced to Plaintiffs in this litigation.  This data speaks for itself, and McKesson denies any attempt by Plaintiffs to characterize it or selectively quote from it.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 697 and, on that basis, denies them.

698.    McKesson admits that certain ARCOS data was produced to Plaintiffs in this litigation.  This data speaks for itself, and McKesson denies any attempt by Plaintiffs to characterize it or selectively quote from it.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 698 and, on that basis, denies them.

699.    McKesson admits that certain ARCOS data was produced to Plaintiffs in this litigation.  This data speaks for itself, and McKesson denies any attempt by Plaintiffs to characterize it or selectively quote from it.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 699 and, on that basis, denies them.

700.    McKesson admits that certain ARCOS data was produced to Plaintiffs in this litigation.  This data speaks for itself, and McKesson denies any attempt by Plaintiffs to characterize it or selectively quote from it.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 700 and, on that basis, denies them.

701.    McKesson denies the allegations of Paragraph 701.

702.    McKesson admits that McKesson's sales and regulatory personnel visit pharmacy customers during which they pay attention to potential red flags for diversion.  McKesson denies the allegations of Paragraph 702 that McKesson has been subject to enforcement actions for systemic failures in their compliance with controlled substances obligations or is the primary source of prescription opioids in Summit County.  McKesson denies the remaining allegations of Paragraph 702 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 702 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 702 and, on that basis, denies them.

703.    McKesson avers that because Paragraph 703 contains no factual allegations, no response to that paragraph is required.

704.    McKesson avers that because Paragraph 704 contains no factual allegations, no response to that paragraph is required.

705.    McKesson denies the allegations of Paragraph 705 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 705 and, on that basis, denies those allegations.

706–708.    McKesson avers that the allegations in Paragraphs 706 through 708 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 706 through 708 and, on that basis, denies those allegations.

709.    McKesson is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 709 and, on that basis, denies those allegations.

710.     McKesson denies the allegations of Paragraph 710 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 710 and, on that basis, denies those allegations.

711.     McKesson avers that because Paragraph 711 contains no factual allegations, no response to that paragraph is required.

712.     McKesson denies the allegations of Paragraph 712 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 712 and, on that basis, denies those allegations.

713.     McKesson denies the allegations of Paragraph 713 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 713 and, on that basis, denies those allegations.

714.     McKesson denies the allegations of Paragraph 714 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 714 and, on that basis, denies those allegations.

715–744.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 715 through 744 and, on that basis, denies those allegations.

745.     McKesson admits that municipalities and townships provide services within their

respective jurisdictions.  McKesson further admits that the Valley Fire District provides services within various jurisdictions.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 745 and, on that basis, denies those allegations.

746–759.  McKesson avers that the allegations in Paragraphs 746 through 759 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 746 through 759 and, on that basis, denies those allegations.

760.  McKesson denies the allegations of Paragraph 760 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 760 and, on that basis, denies those allegations.

761.  McKesson denies the allegations of Paragraph 761 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 761 and, on that basis, denies those allegations.

762.  McKesson denies the allegations of Paragraph 762 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 762 and, on that basis, denies those allegations.

763.  McKesson denies the allegations of Paragraph 763 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 763 and, on that basis, denies those

allegations.

764.    McKesson denies the allegations of Paragraph 764 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 764 and, on that basis, denies those allegations.

765.    McKesson denies the allegations of Paragraph 765 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 765 and, on that basis, denies those allegations.

766.    McKesson denies the allegations of Paragraph 766 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 766 and, on that basis, denies those allegations.

767.    McKesson denies the allegations of Paragraph 767 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 767 and, on that basis, denies those allegations.

768.    McKesson avers that the allegations of Paragraph 768 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 768 insofar as they are directed to McKesson, and McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to other Defendants and, on that basis, denies them.

769.    McKesson avers that the allegations of Paragraph 769 state legal conclusions to

which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 769 insofar as they are directed to McKesson, and McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to other Defendants and, on that basis, denies them.

770.    McKesson denies the allegations of Paragraph 770 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 770 and, on that basis, denies those allegations.

771.    McKesson avers that the allegations in Paragraph 771 are not directed to McKesson and therefore no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 771 and, on that basis, denies those allegations.

772.    McKesson denies the allegations of Paragraph 772 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 772 and, on that basis, denies those allegations.

773.    McKesson denies the allegations of Paragraph 773 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 773 and, on that basis, denies those allegations.

774.    McKesson avers that the allegations in Paragraph 774 are not directed to McKesson and therefore no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

774 and, on that basis, denies those allegations.

775.     McKesson admits that this Court ordered the production of ARCOS data and admits that Paragraph 775 contains an edited excerpt from the order in question.  McKesson denies the remainder of the allegations in Paragraph 775.

776.     McKesson denies the allegations of Paragraph 776 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 776 and, on that basis, denies those allegations.

777.     McKesson denies the allegations of Paragraph 777 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 777 and, on that basis, denies those allegations.

778.     McKesson denies the allegations of Paragraph 778 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 778 and, on that basis, denies those allegations.

779.     McKesson denies the allegations of Paragraph 779 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 779 and, on that basis, denies those allegations.

780.     McKesson denies the allegations of Paragraph 780 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 780 and, on that basis, denies those

allegations.

781.   McKesson denies the allegations of Paragraph 781 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 781 and, on that basis, denies those allegations.

782–792.   McKesson avers that the allegations in Paragraphs 782 through 792 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 782 through 792 and, on that basis, denies those allegations.

793.   McKesson denies the allegations of Paragraph 793 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 793 and, on that basis, denies those allegations.

794.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 794 and, on that basis, denies those allegations.  To the extent these allegations are construed as allegations against McKesson, McKesson denies them.

795.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 795 and, on that basis, denies those allegations.  To the extent these allegations are construed as allegations against McKesson, McKesson denies them.

796.   McKesson denies the allegations of Paragraph 796 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 796 and, on that basis, denies those allegations.

41

797.   McKesson denies that it was in "conscious and deliberate disregard" of its obligations. McKesson admits it entered a 2008 agreement with the Department of Justice and Drug Enforcement Administration, which speaks for itself.  McKesson denies the remaining allegations of Paragraph 797, including Plaintiffs' characterization of the agreement.

798.   McKesson denies the allegations of Paragraph 798.

799.   McKesson admits that it entered into a 2017 settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims. McKesson denies the remaining allegations of Paragraph 799, including Plaintiffs' characterization of the agreement.

800.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 800 and, on that basis, denies those allegations.

801.   McKesson admits that CBS aired an episode of 60 Minutes including an interview with Mr. Schiller.  McKesson denies the remaining allegations of Paragraph 801.

802.   McKesson admits that an action was brought by McKesson shareholders alleging that McKesson directors and officers failed comply with their fiduciary obligations to maintain effective controls in the distribution of controlled substances.  McKesson denies the remaining allegations of Paragraph 802, including its characterization of the shareholders' allegations, and respectfully refers this Court to the complaints filed in that action for their full and correct contents.

803.   McKesson denies the allegations of Paragraph 803.

804.   McKesson denies the allegations of Paragraph 804.

805.   McKesson avers that Paragraph 805 contains no factual allegations and therefore does not require a response.

806.   McKesson avers that Paragraph 806 contains no factual allegations and therefore

does not require a response.

807.    McKesson avers that Paragraph 807 contains no factual allegations and therefore does not require a response.

808–812.    McKesson avers that the allegations in Paragraphs 808 through 812 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 808 through 812 and, on that basis, denies those allegations.

813.    McKesson denies the allegations of Paragraph 813 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 813 and, on that basis, denies those allegations.

814–848.    McKesson avers that the allegations in Paragraphs 814 through 848 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 814 through 848 and, on that basis, denies those allegations.

849.    McKesson denies the allegations of Paragraph 849 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 849 and, on that basis, denies those allegations.

850.    McKesson admits that the Controlled Substances Act was enacted by Congress and governs the distribution of controlled substances, but denies the characterization of the statute in Paragraph 850.  McKesson denies the allegations of the last sentence of Paragraph 850 insofar as it relates to McKesson's conduct.  Insofar as that sentence relates to the conduct of other

Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them. McKesson denies the remaining allegations of Paragraph 850.

851. McKesson avers that the allegations in Paragraph 851 are legal conclusions to which no response is required. To the extent a response is required, McKesson admits that the quoted language appears in the cited regulation but otherwise denies the remaining allegations of Paragraph 851, including Plaintiffs' characterizations of McKesson's legal duties.

852. McKesson avers that the allegations in the third sentence of Paragraph 852 are legal conclusions to which no response is required. To the extent a response is required, McKesson denies them. As to the remaining allegations of Paragraph 852, McKesson denies them insofar as they pertain to McKesson's conduct and insofar as they pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

853. McKesson denies the allegations of Paragraph 853 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 853 and, on that basis, denies those allegations.

854. McKesson denies the allegations of Paragraph 854 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 854 and, on that basis, denies those allegations.

855. McKesson denies the allegations of Paragraph 855 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in Paragraph 855 and, on that basis, denies those allegations.

856.    McKesson denies the allegations of Paragraph 856 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 856 and, on that basis, denies those allegations.

857.    McKesson denies the allegations of Paragraph 857 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 857 and, on that basis, denies those allegations.

858.    McKesson avers that the allegations in Paragraph 858 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations, including the Plaintiff's characterization of McKesson's legal duties.

859.    McKesson denies the allegations of Paragraph 859 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 859 and, on that basis, denies those allegations.

860.    McKesson denies the allegations of Paragraph 860 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 860 and, on that basis, denies those allegations.

861.    McKesson denies the allegations of Paragraph 861 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in Paragraph 861 and, on that basis, denies those allegations.

862.     McKesson denies the allegations of Paragraph 862 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 862 and, on that basis, denies those allegations.

863.     McKesson denies the allegations in Paragraph 863 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 863 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

864.     McKesson denies the allegations in Paragraph 864 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 864 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

865.     McKesson admits that McKesson shipped, paid for, and received payment for medications throughout the United States.  McKesson denies the remainder of the allegations in Paragraph 865 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 865 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

866.     McKesson denies the allegations in Paragraph 866 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 866 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

867.    McKesson denies the allegations in Paragraph 867 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 867 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

868.    McKesson admits that McKesson utilized the internet and other electronic resources to exchange communications, information regarding distribution of prescription medication, and transmit chargebacks and rebates with Manufacturers.  McKesson denies the remaining allegations of Paragraph 868 insofar as they pertain to McKesson.  McKesson further denies any implication that the communications in question constituted predicate acts for purposes of RICO or were otherwise unlawful.  To the extent the allegations of Paragraph 868 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

869.    McKesson admits that McKesson communicated with certain Defendants via U.S. mail, interstate facsimile, and by interstate electronic mail.  McKesson denies the allegation of Paragraph 869 that the communications were in furtherance of an unlawful scheme or were otherwise unlawful and McKesson denies the remaining allegations of Paragraph 869 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 869 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

870.    McKesson denies the allegations in Paragraph 870 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 870 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

871.    McKesson denies the allegations in Paragraph 871 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 871 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

872.    McKesson denies the allegations in Paragraph 872 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 872 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

873.    McKesson denies the allegations in Paragraph 873 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 873 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

874.    McKesson denies the allegations in Paragraph 874 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 874 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

875.    McKesson denies the allegations in Paragraph 875 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 875 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

876.    McKesson denies the allegations in Paragraph 876 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 876 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, on that basis, denies them.

877.    McKesson denies the allegations in Paragraph 877 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 877 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## ANSWERING THE FIRST CLAIM FOR RELIEF

878.    In response to Paragraph 878, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

879–905.    McKesson avers that the allegations in Paragraphs 879 through 905 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 879 through 905 and, on that basis, denies those allegations.

## ANSWERING THE SECOND CLAIM FOR RELIEF

906.    In response to Paragraph 906, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

907.    McKesson avers that Paragraph 907 states legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that McKesson is a "person" under the cited statute and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 907 and, on that basis, denies them. McKesson further denies any implication that McKesson acted unlawfully.

908.    McKesson denies the allegations of Paragraph 908.

909.    McKesson admits that it is a member of the Healthcare Distribution Alliance. McKesson otherwise denies the allegations of Paragraph 909 insofar as they pertain to McKesson

and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 909 and, on that basis, denies them.

910.    McKesson denies the allegations of Paragraph 910 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 910 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

911.    McKesson denies the allegations of Paragraph 911 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 911 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

912.    McKesson denies the allegations of Paragraph 912 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 912 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

913.    McKesson denies the allegations of Paragraph 913 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 913 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

914.    McKesson denies the allegations of the first sentence of Paragraphs 914 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in that sentence and, on that basis, denies them. McKesson avers that the second and third sentences of Paragraph 914 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the

allegations and respectfully refers this Court to the cited statutes for their full and correct texts.

915.    McKesson admits that it is a registrant as defined in the CSA.  McKesson avers that the remaining allegations of Paragraph 915 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statute and regulation for their true contents.

916.    McKesson denies the allegations in Paragraph 916 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 916 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

917.    McKesson denies the allegations in Paragraph 917 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 917 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

918.    McKesson denies the allegations in Paragraph 918 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 918 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

919.    McKesson denies the allegations in Paragraph 919 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 919 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

920.    McKesson denies the allegations in Paragraph 920 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 920 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

921.    McKesson denies the allegations in Paragraph 921 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 921 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

922.    McKesson denies the allegations in Paragraph 922 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 922 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

923.    McKesson denies the allegations in Paragraph 923 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 923 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

924.    McKesson denies the allegations in Paragraph 924 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 924 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

925.    McKesson denies the allegations in Paragraph 925 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 925 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

926.    McKesson denies the allegations in Paragraph 926 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 926 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

927.    McKesson denies the allegations in Paragraph 927 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 927 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

928.    McKesson denies the allegations in Paragraph 928 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 928 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

929.    McKesson denies the allegations in Paragraph 929 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 929 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

930.    McKesson denies the allegations in Paragraph 930 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 930 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

931.    McKesson denies the allegations in Paragraph 931 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 931 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

932.    McKesson denies the allegations in Paragraph 932 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 932 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

933.    McKesson denies the allegations in Paragraph 933 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 933 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

934.    McKesson denies the allegations in Paragraph 934.

935.    McKesson denies the allegations in Paragraph 935 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 935 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

936.    McKesson denies the allegations in Paragraph 936 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 936 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

937.    McKesson denies the allegations in Paragraph 937.

938.    McKesson denies the allegations of Paragraph 938, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING THE THIRD CLAIM FOR RELIEF

939.    In response to Paragraph 939, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

940–949.     McKesson avers that the allegations in Paragraphs 940 through 949 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 940 through 949 and, on that basis, denies those allegations.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

950.     In response to Paragraph 950, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

951.     McKesson admits that McKesson is a "person" for purposes of the cited statute but denies any implication that McKesson acted unlawfully.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 951 insofar as they relate to other Defendants and, on that basis, denies them.

952.     In response to Paragraph 952, McKesson repeats and incorporates herein its answers to the allegations referenced in Paragraph 952.

953.     McKesson denies the allegations in Paragraph 953 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 953 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

954.     McKesson denies the allegations in Paragraph 954 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 954 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

955.     McKesson denies the allegations in Paragraph 955 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 955 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

956. McKesson admits that it is a registrant under the Controlled Substances Act, but otherwise denies the allegations of Paragraph 956 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 956 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  McKesson denies the remaining allegations of Paragraph 956, including the Plaintiffs' characterizations of McKesson's duties under the CSA.

957. McKesson denies the allegations of Paragraph 957.

958. McKesson denies the allegations in Paragraph 958 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 958 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

959. McKesson denies the allegations in Paragraph 959 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 959 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

960. McKesson denies the allegations in Paragraph 960 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 960 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

961. McKesson denies the allegations in Paragraph 961 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 961 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

962.    McKesson denies the allegations in Paragraph 962 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 962 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

963.    McKesson denies the allegations in Paragraph 963 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 963 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

964.    McKesson denies the allegations in Paragraph 964 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 964 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

965.    McKesson denies the allegations in Paragraph 965 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 965 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

966.    McKesson denies the allegations in Paragraph 966 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 966 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

967.    McKesson denies the allegations in Paragraph 967 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 967 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

968.    McKesson denies the allegations in Paragraph 968 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 968 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

969.    In response to Paragraph 969, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

970.    McKesson denies the allegations in Paragraph 970 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 970 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

971.    McKesson denies the allegations in Paragraph 971 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 971 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

972.    McKesson denies the allegations in Paragraph 972 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 972 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

973.    McKesson denies the allegations of Paragraph 973, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

974.    In response to Paragraph 974, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

975.    McKesson admits that the County of Summit is a Plaintiff in this action.  In light of the voluntary dismissal of other Plaintiffs in this action, McKesson denies any implication in Paragraph 975 that the other listed entities are currently Plaintiffs in this action.  McKesson respectfully refers this Court to the statute cited in Paragraph 975 for the full and correct text of said statute.

976.    McKesson avers that the allegations of Paragraph 976 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations.

977.    McKesson admits that the City of Akron is a Plaintiff in this action.  In light of the voluntary dismissal of other Plaintiffs in this action, McKesson denies any implication in Paragraph 977 that the other listed entities are currently Plaintiffs in this action.  McKesson respectfully refers this Court to the cited statute for the full and correct text of the same.

978.    McKesson avers that the allegations of Paragraph 978 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for the full and correct text of the same.

979.    McKesson avers that the allegations of Paragraph 979 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for the full and correct text of the same.

980. McKesson avers that the allegations of Paragraph 980 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for the full and correct text of the same.

981. McKesson avers that the allegations of Paragraph 981 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for the full and correct text of the same.

982. McKesson avers that the allegations of Paragraph 982 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for the full and correct text of the same.

983. McKesson denies the allegations of Paragraph 983 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 983 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

984. McKesson denies the allegations of Paragraph 984 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 984 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

985. McKesson denies the allegations of Paragraph 985 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 985 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, on that basis, denies them.

986.    McKesson denies the allegations of Paragraph 986 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 986 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

987.    McKesson denies the allegations of Paragraph 987 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 987 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

988.    McKesson denies the allegations of Paragraph 988 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 988 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

989.    McKesson denies the allegations of Paragraph 989 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 989 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

990.    McKesson denies the allegations of Paragraph 990 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 990 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

991.    McKesson denies the allegations of Paragraph 991 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 991 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

992.     McKesson denies the allegations of Paragraph 992 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 992 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

993.     McKesson denies the allegations of Paragraph 993.

994.     McKesson denies the allegations of Paragraph 994 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 994 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

995.     McKesson denies the allegations of Paragraph 995, including any allegation or implication that Plaintiffs are entitled to any relief.

996.     McKesson denies the allegations of Paragraph 996, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

997.     In response to Paragraph 997, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

998.     McKesson avers that the allegations of Paragraph 998 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 998 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

999.     McKesson avers that the allegations of Paragraph 999 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 999.

1000.  McKesson denies the allegations of Paragraph 1000 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1000 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1001.  McKesson denies the allegations of Paragraph 1001 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1001 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1002.  McKesson denies the allegations of Paragraph 1002 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1002 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1003.  McKesson denies the allegations of Paragraph 1003 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1003 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1004.  McKesson denies the allegations of Paragraph 1004 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1004 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1005.  McKesson denies the allegations of Paragraph 1005 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1005 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1006.  McKesson denies the allegations of Paragraph 1006 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1006 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1007.  McKesson denies the allegations of Paragraph 1007 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1007 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1008.  McKesson denies the allegations of Paragraph 1008 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1008 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1009.  McKesson avers that the allegations of Paragraph 1009 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1009.

1010.  McKesson denies the allegations of Paragraph 1010 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1010 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1011.  McKesson denies the allegations of Paragraph 1011 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1011 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1012.  McKesson denies the allegations of Paragraph 1012 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1012 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1013.  McKesson denies the allegations of Paragraph 1013 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1013 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1014.  McKesson denies the allegations of Paragraph 1014 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1014 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1015.  McKesson denies the allegations of Paragraph 1015 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1015 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1016.  McKesson denies the allegations of Paragraph 1016 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1016 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, on that basis, denies them.

1017.  McKesson admits that it is in the business of distributing prescription drugs. McKesson denies the remaining allegations of Paragraph 1017 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the allegations not pertaining to McKesson and, on that basis, denies them.

1018.  McKesson denies the allegations of Paragraph 1018 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1018 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1019.  McKesson denies the allegations of Paragraph 1019 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1019 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1020.  McKesson denies the allegations of Paragraph 1020 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1020 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1021.  McKesson denies the allegations of Paragraph 1021 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1021 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1022.  McKesson denies the allegations of Paragraph 1022 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1022 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1023.  McKesson denies the allegations of Paragraph 1023 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1023 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1024.  McKesson denies the allegations of Paragraph 1024 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1024 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1025.  McKesson denies the allegations of Paragraph 1025 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1025 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1026.  McKesson denies the allegations of Paragraph 1026 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1026 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1027.  McKesson denies the allegations of Paragraph 1027 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1027 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1028.  McKesson denies the allegations of Paragraph 1028 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1028 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1029.  McKesson denies the allegations of Paragraph 1029.

1030.  McKesson denies the allegations of Paragraph 1030.

1031.  McKesson denies the allegations of Paragraph 1031.

1032.  McKesson avers that the allegations of Paragraph 1032 state a legal conclusion to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1032.

1033.  McKesson denies the allegations of Paragraph 1033 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1033 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1034.  McKesson denies the allegations of Paragraph 1034 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1034 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1035.  McKesson denies the allegations of Paragraph 1035 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1035 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1036.  McKesson denies the allegations of Paragraph 1036 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1036 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1037.   McKesson avers that the allegations of Paragraph 1037 state a legal conclusion to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1037.

1038.   McKesson denies the allegations of Paragraph 1038, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING THE SEVENTH CLAIM FOR RELIEF

1039.   In response to Paragraph 1039, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1040.   McKesson avers that the allegations of Paragraph 1040 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1040.

1041.   McKesson avers that the allegations of Paragraph 1041 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1041.

1042.   McKesson avers that the allegations of Paragraph 1042 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1042.

1043.   McKesson avers that the allegations of Paragraph 1043 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1043.

1044.   McKesson denies the allegations of Paragraph 1044 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1044 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1045.  McKesson denies the allegations of Paragraph 1045 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1045 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1046.  McKesson denies the allegations of Paragraph 1046 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1046 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1047.  McKesson denies the allegations of Paragraph 1047 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1047 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1048.  McKesson denies the allegations of Paragraph 1048 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1048 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1049.  McKesson denies the allegations of Paragraph 1049 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1049 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1050.  McKesson denies the allegations of Paragraph 1050 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1050 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1051.  McKesson avers that the allegations of Paragraph 1051 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1051.

1052.  McKesson denies the allegations of Paragraph 1052 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1052 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1053.  McKesson denies the allegations of Paragraph 1053 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1053 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1054.  McKesson denies the allegations of Paragraph 1054 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1054 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1055.  McKesson denies the allegations of Paragraph 1055 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1055 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1056.  McKesson admits that McKesson is in the business of distributing prescription drugs, including opioids.  McKesson denies the remainder of the allegations of Paragraph 1056 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1056 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1057.  McKesson denies the first sentence of Paragraph 1057.  McKesson denies the remainder of the allegations of Paragraph 1057 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1057 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1058.  McKesson denies the first sentence of Paragraph 1058 insofar as it pertains to McKesson.  To the extent the first sentence of Paragraph 1058 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  McKesson avers that the second sentence of Paragraph 1058 states a legal conclusion to which no response is required; to the extent a response is required, McKesson denies the allegations.  McKesson denies the third sentence of Paragraph 1058.

1059.  McKesson avers that the allegations of Paragraph 1059 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1059 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1060.  McKesson avers that the allegations of Paragraph 1060 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the

allegations of Paragraph 1060 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1061.  McKesson avers that the allegations of Paragraph 1061 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1061 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1062.  McKesson avers that the allegations of Paragraph 1062 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1062 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1063.  McKesson avers that the allegations of Paragraph 1063 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1063 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1064.  McKesson avers that the allegations of Paragraph 1064 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1064 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1065.   McKesson avers that the allegations of Paragraph 1065 state legal conclusions to which no response is required.   To the extent a response is required, McKesson denies the allegations of Paragraph 1065 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1066.   McKesson avers that the allegations of Paragraph 1066 state legal conclusions to which no response is required.   To the extent a response is required, McKesson denies the allegations of Paragraph 1066 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1067.   McKesson avers that the allegations of Paragraph 1067 state legal conclusions to which no response is required.   To the extent a response is required, McKesson denies the allegations of Paragraph 1067 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1068.   McKesson avers that the allegations of Paragraph 1068 state legal conclusions to which no response is required.   To the extent a response is required, McKesson denies the allegations of Paragraph 1068 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1069.   McKesson avers that the allegations of Paragraph 1069 state legal conclusions to which no response is required.   To the extent a response is required, McKesson denies the allegations of Paragraph 1069 insofar as they pertain to McKesson; insofar as they relate to other

Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1070.  McKesson avers that the allegations of Paragraph 1070 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1070 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1071.  McKesson denies the allegations of Paragraph 1071, including any allegation or implication that Plaintiffs are entitled to any relief

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

1072.  In response to Paragraph 1072, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1073–1089.    McKesson avers that the allegations in Paragraphs 1073 through 1089 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1073 through 1089 and, on that basis, denies those allegations.

## ANSWERING THE NINTH CLAIM FOR RELIEF

1090.  In response to Paragraph 1090, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1091.  McKesson avers that Paragraph 1091 states a legal conclusion to which no response is required.  To the extent a response is required, McKesson respectfully refers this Court to the cited statute for its full and correct text.

1092.  McKesson denies the allegations of Paragraph 1092 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1092 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1093.  McKesson denies the allegations of Paragraph 1093 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1093 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1094.  McKesson denies the allegations of Paragraph 1094 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1094 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1095.  McKesson avers that Paragraph 1095 states legal conclusions to which no response is required and respectfully refers this Court to the cited statutes for their full and correct text.  To the extent a response is required, McKesson denies the allegations of Paragraph 1095 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1096.  McKesson avers that Paragraph 1096 states legal conclusions to which no response is required and respectfully refers this Court to the cited statutes for their full and correct text.  To the extent a response is required, McKesson denies the allegations of Paragraph 1096 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1097.  McKesson avers that Paragraph 1097 states legal conclusions to which no response is required and respectfully refers this Court to the cited statutes for their full and correct text.  To

the extent a response is required, McKesson denies the allegations of Paragraph 1097 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1098.  McKesson denies the allegations of Paragraph 1098 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1098 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1099.  McKesson denies the allegations of Paragraph 1099 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1099 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1100.  McKesson avers that the allegations of Paragraph 1100 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1100.

1101.  McKesson denies the allegations of Paragraph 1101 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1101 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1102.  McKesson admits that McKesson paid $150 million to settle claims arising from allegations that McKesson failed to report suspicious orders.  McKesson denies the remainder of the allegations in Paragraph 1102 insofar as they pertain to McKesson, including Plaintiffs' characterization of the settlement agreement.  To the extent the allegations of Paragraph 1102 relate to other Defendants, McKesson is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies them.

1103.  McKesson denies the allegations of Paragraph 1103 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1103 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1104.  McKesson denies the allegations of Paragraph 1104 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1104 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1105.  McKesson denies the allegations of Paragraph 1105 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1105 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1106.  McKesson denies the allegations of Paragraph 1106 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1106 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1107.  McKesson denies the allegations of Paragraph 1107, including any allegation or implication that Plaintiffs are entitled to any relief

## ANSWERING THE TENTH CLAIM FOR RELIEF

1108.  In response to Paragraph 1108, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1109.  McKesson denies the allegations of Paragraph 1109 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1109 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1110.   McKesson avers that Paragraph 1110 states a legal conclusion to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1110.

1111.   McKesson denies the allegations of Paragraph 1111 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1111 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1112.   McKesson denies the allegations of Paragraph 1112 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1112 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1113.   McKesson denies the allegations of Paragraph 1113 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1113 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1114.   McKesson denies the allegations of Paragraph 1114 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1114 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1115.   McKesson denies the allegations of Paragraph 1115 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1115 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1116.  McKesson denies the allegations of Paragraph 1116 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1116 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1117.  McKesson denies the allegations of Paragraph 1117 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1117 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1118.  McKesson denies the allegations of Paragraph 1118 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1118 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1119.  McKesson denies the allegations of Paragraph 1119 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1119 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1120.  McKesson denies the allegations of Paragraph 1120 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1120 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1121.  McKesson denies the allegations of Paragraph 1121, including any allegation or implication that Plaintiffs are entitled to any relief

## ANSWERING THE ELEVENTH CLAIM FOR RELIEF

1122.  In response to Paragraph 1122, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1123.  McKesson denies the allegations of Paragraph 1123 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1123 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1124.  McKesson denies the allegations of Paragraph 1124 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1124 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1125.  McKesson denies the allegations of Paragraph 1125 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1125 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1126.  McKesson avers that the allegations in Paragraph 1126 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1126 and, on that basis, denies those allegations.

1127.  McKesson denies the allegations of Paragraph 1127 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1127 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1128.   McKesson denies the allegations of Paragraph 1128 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1128 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1129.   McKesson denies the allegations of Paragraph 1129 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1129 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1130.   McKesson denies the allegations of Paragraph 1130 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1130 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1131.   McKesson denies the allegations of Paragraph 1131 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1131 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1132.   McKesson denies the allegations of Paragraph 1132 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1132 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1133.   McKesson denies the allegations of Paragraph 1133 insofar as they pertain to

McKesson.  To the extent the allegations of Paragraph 1133 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1134.  McKesson denies the allegations of Paragraph 1134 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1134 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1135.  McKesson denies the allegations of Paragraph 1135 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1135 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1136.  McKesson denies the allegations of Paragraph 1136, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING THE PRAYER FOR RELIEF

1137.  McKesson denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

McKesson asserts the following affirmative defenses to the Complaint.  By designating the following defenses as affirmative defenses, McKesson does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense. McKesson also gives notice that it intends to rely upon such other and further affirmative defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**FIRST**.  The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

**SECOND**. The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**THIRD**. The claims asserted in the Complaint are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act.

**FOURTH**. Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries.

**FIFTH**. The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

**SIXTH**. Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**SEVENTH**. If Plaintiffs have sustained cognizable injuries or damages, they were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and not caused by McKesson and for which McKesson is not liable.

**EIGHTH**. The alleged injuries asserted by Plaintiffs are too remote from the alleged conduct of McKesson to provide a basis for liability as a matter of law and due process.

**NINTH**. Plaintiffs may not recover from McKesson because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

**TENTH**. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

**ELEVENTH**. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or ratification.

**TWELFTH**. To the extent that Plaintiffs' claims relate to McKesson's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

**THIRTEENTH**. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages allegedly sustained.

**FOURTEENTH**. Plaintiffs' damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which McKesson had and continue to have no control.

**FIFTEENTH**. Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**SIXTEENTH**. A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) each Plaintiff, (ii) other parties from whom Plaintiffs seek recovery, and (iii) persons from whom Plaintiffs do not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription

opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.  Ohio Revised Code § 2307.23.

**SEVENTEENTH**. If McKesson is found liable for Plaintiffs' alleged injuries and losses (which liability is specifically denied), the facts will show that McKesson caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss.  Ohio Revised Code § 2307.22.

**EIGHTEENTH**. The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

**NINETEENTH**. Plaintiffs' claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

**TWENTIETH**. Plaintiffs' claims are barred, in whole or in part, because any and all damages alleged by Plaintiffs were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom McKesson had no control and for whom McKesson is not responsible.

**TWENTY-FIRST**. Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil

penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to McKesson; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to McKesson the same procedural protections that are accorded to criminal defendant under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-SECOND**. Plaintiffs' injuries and damages, if any, were due to illicit use or abuse of the medications at issue on the part of the medication users, for which McKesson is not liable.

**TWENTY-THIRD**. Plaintiffs' claims or damages are barred because users of the medications at issue used them after they knew, or should have known, of their alleged risks.

**TWENTY-FOURTH**. To the extent that Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

**TWENTY-FIFTH**. McKesson's liability, if any, will not result from its conduct, but is solely the result of an obligation imposed by law, and thus McKesson is entitled to indemnity, express or implied, by other parties.

**TWENTY-SIXTH**. Plaintiffs' injuries and damages, if any, were due to preexisting conditions or idiosyncratic reaction to the medications on the part of the medication users, for which McKesson cannot be held responsible.

**TWENTY-SEVENTH**. Should McKesson be held liable to Plaintiffs, which liability is specifically denied, McKesson would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiffs' Complaint.

**TWENTY-EIGHTH**.  Venue may be improper and/or inconvenient in this Court.

**TWENTY-NINTH**. McKesson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

**THIRTIETH**. Plaintiffs' claims are barred, in whole or in part, by conflict preemption, as set forth in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett,* 133 S. Ct. 2466 (2013).

**THIRTY-FIRST**. Plaintiffs' claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

**THIRTY-SECOND**. Plaintiffs' claims are barred, in whole or in part, because neither users nor their prescribers relied to their detriment upon any statement by McKesson in determining to use medications at issue.

**THIRTY-THIRD**. Plaintiffs' claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

**THIRTY-FOURTH**. To the extent that Plaintiffs assert claims that depend solely on violations of federal law, including claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred. *See Buckman v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

**THIRTY-FIFTH**. The conduct of McKesson conformed with the FDCA and the requirements of the FDA, and the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**THIRTY-SIXTH**. Plaintiffs fail to plead that they reimbursed any prescriptions for any opioid distributed by McKesson that harmed patients and should not have been written or that

McKesson allegedly improper conduct caused a health care provider to write an ineffective or harmful opioid prescription.

**THIRTY-SEVENTH**. McKesson is not liable for statements or omissions in the Manufacturer Defendant branded or unbranded materials.

**THIRTY-EIGHTH**. To the extent that Plaintiffs seek relief for McKesson's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

**THIRTY-NINTH**. McKesson's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

**FORTIETH**. Plaintiffs have failed to join one or more necessary and indispensable parties, including without limitation health care providers, prescribers, patients, and other third parties who Plaintiffs allege engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**FORTY-FIRST**. Plaintiffs' claims against McKesson is barred or limited by the economic loss rule.

**FORTY-SECOND**. Plaintiffs' claims against McKesson are barred by the doctrines of res judicata and collateral estoppel.

**FORTY-THIRD**. Plaintiffs' claims are barred or limited by any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to

fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

**FORTY-FOURTH**. To the extent that Plaintiffs attempt to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

**FORTY-FIFTH**. Plaintiffs' claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiffs.

**FORTY-SIXTH**.  Plaintiffs' claims are barred or limited for lack of standing.

**FORTY-SEVENTH**. Plaintiffs have failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest.

**FORTY-EIGHTH**. Any recovery against McKesson is barred or limited under the principles of assumption of risk and informed consent.

**FORTY-NINTH**. Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on exercise of police powers by a municipality.

**FIFTIETH**. Plaintiffs' damages, if any, were not proximately caused by any act or omission attributable to McKesson.

**FIFTY-FIRST**. Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to McKesson.

**FIFTY-SECOND**. Plaintiffs' claims are barred or limited by the political question and separation of powers doctrines and because this claim implicates issues of statewide importance that are reserved for state regulation.

**FIFTY-THIRD**. Plaintiffs' public nuisance claim is barred or limited to the extent that they lack the statutory authority to bring a nuisance claim under Ohio law or their own applicable county or municipal codes or regulations.

**FIFTY-FOURTH**. Plaintiffs' claim of public nuisance is barred or limited because (i) no action of McKesson involved interference with real property, (ii) illegal conduct perpetrated by third parties involving use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance, (iii) the alleged public nuisance would have impermissible extraterritorial reach, and (iv) the alleged conduct of McKesson is too remote from the alleged injury as a matter of law and due process.

**FIFTY-FIFTH**. The claims asserted against McKesson and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

**FIFTY-SIXTH**. The claims asserted in the Complaint are barred, in whole or in part, because McKesson's conduct conformed with the Controlled Substances Act and DEA regulations and because the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**FIFTY-SEVENTH**. Plaintiffs' claims or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

**FIFTY-EIGHTH**. Plaintiffs' fraud-based claims are barred, in whole or in part, because Plaintiffs did not rely to their detriment upon any statement or omission by McKesson.

**FIFTY-NINTH**. To the extent that Plaintiffs seek punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**SIXTIETH**. Plaintiffs have no capacity, authority or right to assert some or all of their claims, including claims brought indirectly on behalf of their citizens or claims brought as *parens patriae*.

**SIXTY-FIRST**. Plaintiffs' claims are barred in whole or in part by the derivative injury rule and/or the remoteness doctrine.

**SIXTY-SECOND**. Plaintiffs' claims are barred to the extent that they are based on a theory of market share liability.

**SIXTY-THIRD**. Plaintiffs are barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

**SIXTY-FOURTH**.  McKesson did not owe or breach any statutory or common law duty to Plaintiffs.

**SIXTY-FIFTH**. McKesson has no duty to protect Plaintiffs from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

**SIXTY-SIXTH**. McKesson denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against McKesson.

**SIXTY-SEVENTH**. Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

**SIXTY-EIGHTH**. Plaintiffs' claims are barred in whole or in part to the extent that they violate the Due Process Clauses of the United States and Ohio Constitutions.

**SIXTY-NINTH**. Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Ohio Constitutions.

**SEVENTIETH**. Plaintiffs' claims are barred in whole or in part because Plaintiffs suffered no injuries or damages as a result of any action by McKesson.

**SEVENTY-FIRST**. Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and hypothetical.

**SEVENTY-SECOND**. McKesson asserts its right to a proportionate reduction of any damages found against McKesson based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

**SEVENTY-THIRD**. Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiffs cannot prove by clear and convincing evidence that McKesson was grossly negligent and McKesson has neither acted nor failed to act in a manner that entitles Plaintiffs to recover punitive or exemplary damages.

**SEVENTY-FOURTH**. Plaintiffs' claims are barred in whole or in part because no statement or conduct of McKesson was misleading, unfair, or deceptive.

**SEVENTY-FIFTH**. Plaintiffs' claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on McKesson.

**SEVENTY-SIXTH**. Plaintiffs' claims are barred to the extent that they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 301 et seq.), or Section 351, Public Health Service Act (42 U.S.C.

§ 262), or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

**SEVENTY-SEVENTH**. McKesson is not liable for any injury allegedly caused to Plaintiffs by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

**SEVENTY-EIGHTH**. Plaintiffs would be unjustly enriched if allowed to recover on any of their claims.

**SEVENTY-NINTH**. To the extent that Plaintiffs rely on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge McKesson's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq*.

**EIGHTIETH**. Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

**EIGHTY-FIRST**. To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to McKesson's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm'n,* 531 U.S. 341 (2001).

**EIGHTY-SECOND**. Plaintiffs cannot obtain relief on their claims based on actions undertaken by McKesson of which McKesson provided notice of all reasonable facts.

**EIGHTY-THIRD**. McKesson appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**EIGHTY-FOURTH**. Plaintiffs' common law and statutory public nuisance claims are barred or limited to the extent that they have been abrogated by the Ohio Products Liability Act.

**EIGHTY-FIFTH**. McKesson adopts by reference all defenses asserted in any party's motion to dismiss filed in this Multi-District Litigation.

**EIGHTY-SIXTH**.  Plaintiffs' claims are not ripe, and/or have been mooted.

**EIGHTY-SEVENTH**. Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

**EIGHTY-EIGHTH**. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

**EIGHTY-NINTH**. Any damages that Plaintiffs may recover against McKesson must be reduced to the extent that Plaintiffs are seeking to damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiffs may recover against McKesson must be reduced to the extent they unjustly enrich Plaintiffs.

**NINETIETH**. McKesson asserts all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and/or Ohio Rule of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

**NINETY-FIRST**. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

**NINETY-SECOND**. Plaintiffs' RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise," as defined by 18 U.S.C. § 1961(4).

**NINETY-THIRD**. Plaintiffs' RICO claims are barred, in whole or in part, by the absence of an "association" between McKesson and any other Defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

**NINETY-FOURTH**. Plaintiffs' RICO claims are barred, in whole or in part, because McKesson did not participate in any "enterprise" as defined by 18 U.S.C. § 1961(4).

**NINETY-FIFTH**. Plaintiffs' RICO claims are barred, in whole or in part, because McKesson did not engage in a pattern of racketeering activity under RICO.

**NINETY-SIXTH**. Plaintiffs' RICO claims are barred, in whole or in part, because McKesson did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

**NINETY-SEVENTH**. Plaintiffs' claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

**NINETY-EIGHTH**. Plaintiffs' RICO claims are barred, in whole or in part, because McKesson did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

**NINETY-NINTH**. Plaintiffs' RICO claims are barred, in whole or in part, because there are no allegations that McKesson adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

**ONE HUNDREDTH**.  The federal RICO statute is unconstitutionally vague.

**ONE HUNDRED FIRST**. Plaintiffs' alleged damages do not constitute injury to business or property interests cognizable under RICO.

**ONE HUNDRED SECOND**. Plaintiffs' RICO claims are barred, in whole or in part, because the alleged predicated acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

## DEFENSES RESERVED

Defendant hereby gives notice that it reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves its right to amend its Answer and to assert any such defenses.

## DEMAND FOR BIFURCATED TRIAL

If any Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable.

**WHEREFORE**, McKesson respectfully demands judgment dismissing Plaintiffs' Complaint herein in its entirety, together with costs and disbursements of this action, and together with such other and further relief as this Court deems just and proper.

Dated:  January 15, 2019

Respectfully submitted,

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

**CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*

Geoffrey E. Hobart
