# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## DEFENDANT ALLERGAN PLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

TABLE OF CONTENTS

Page

INTRODUCTION AND BACKGROUND ................................................................................ 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

    1.    The Court lacks general personal jurisdiction over Allergan plc. .......................... 3

    2.    The Court lacks specific personal jurisdiction over Allergan plc. .......................... 4

    3.    Allergan plc is not subject to personal jurisdiction under an alter-ego theory. ..................................................................................................................... 5

CONCLUSION ................................................................................................................................ 7

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anwar v. Dow Chem. Co.*,
 876 F.3d 841 (6th Cir. 2017) .................................................................................... 3, 5, 6, 7

*Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*,
 480 U.S. 102 (1987) ................................................................................................................ 4

*BNSF Ry. v. Tyrrell*,
 137 S. Ct. 1549 (2017) ........................................................................................................... 3

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*,
 137 S. Ct. 1773 (2017) ........................................................................................................... 5

*Brunner v. Hampson*,
 441 F.3d 457 (6th Cir. 2006) ................................................................................................. 2

*Carrier Corp. v. Outokumpu Oyj*,
 673 F.3d 430 (6th Cir. 2012) ................................................................................................. 2

*Conn v. Zakharov*,
 667 F.3d 705 (6th Cir. 2012) .............................................................................................. 3, 4

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ............................................................................................................ 3, 5

*Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*,
 545 F.3d 357 (6th Cir. 2008) ......................................................................................... 2, 5, 6

*Indah v. SEC*,
 661 F.3d 914 (6th Cir. 2011) ................................................................................................. 5

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
 326 U.S. 310 (1945) ................................................................................................................ 4

*Walden v. Fiore*,
 571 U.S. 277 (2014) ............................................................................................................ 4, 5

**Other Authorities**

Ohio Rev. Code Ann. § 2307.382 (West) ................................................................................ 4

**INTRODUCTION AND BACKGROUND**

The allegations against Allergan plc in Plaintiffs' Corrected Second Amended Complaint (the "Summit SAC") (ECF No. 514) are insufficient to allow this Court to exercise personal jurisdiction over foreign defendant Allergan plc under controlling precedent.

The Summit SAC alleges that "Allergan PLC is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland" and concedes that Allergan plc itself does not sell or market prescription drugs in the United States at all. *See* Summit SAC ¶ 71 (U.S. subsidiaries are "owned by Defendant Allergan PLC, which uses them to market and sell its drugs in the United States."). In these respects, the Summit SAC is correct[1]: Allergan plc (formerly known as Actavis plc) is incorporated under the laws of the Republic of Ireland. *See* Ex. 1, Affidavit of James D'Arecca ("D'Arecca Aff.") ¶ 4. Its global headquarters, and its only offices, are in Ireland. *Id.* Allergan plc is a holding company that exists for the purpose of holding shares of other companies. *Id.* ¶ 6. It does not manufacture, market, distribute, or sell any pharmaceutical products. *Id*. Allergan plc is a legally distinct entity that is independent of and operates separately

---

[1] The Summit SAC alleges that four U.S. defendants—(1) Allergan Finance, LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.; (2) Watson Laboratories, Inc.; (3) Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and (4) Actavis LLC are owned by Allergan plc. Summit SAC ¶ 71. This allegation is only partially correct. In fact, three of these entities were sold to Teva in 2016. *See* 7/26/2015 Allergan plc 8-K, https://www.sec.gov/Archives/edgar/data/1578845/000119312515265082/d70177d8k htm.8. Only Allergan Finance, LLC is a subsidiary of Allergan plc. Allergan Finance, LLC is the successor-in-interest to Actavis, Inc. through a series of transactions in 2013, which are described more fully in Allergan plc's SEC filings. *See* 2016 Allergan plc Form 10-K, at 3, www.sec.gov/Archives/edgar/data/1578845/000156459017002433/agn-10k_20161231 htm. Allergan Finance, LLC, then known as Actavis, Inc., acquired Warner Chilcott plc in a stock-for-stock transaction in 2013. *See* 5/19/2013 Actavis, Inc. Form 8-K, www.sec.gov/Archives/edgar/data/884629/000119312513228137/d541119d8k.htm. Allergan plc "was established for the purpose of facilitating the business combination between Allergan Finance, LLC (formerly known as Actavis, Inc.) and Warner Chilcott plc." 2016 Allergan plc Form 10-K, at 3. As part of the transaction, Warner Chilcott shareholders received shares in Allergan plc at a ratio of 0.16 share of Allergan plc for every one share of Warner Chilcott. *Id.* Simultaneously, a subsidiary of Actavis, Inc., Actavis W.C. Holding 2 Inc., merged with and into Allergan Finance, LLC. Allergan Finance, LLC was the surviving corporation. *Id.* All shares of Allergan Finance, LLC were cancelled and converted into the right to receive shares in Allergan plc on a one-to-one basis. *Id.* Thus, the shareholders of the new Allergan plc included both former Allergan Finance, LLC shareholders and former Warner Chilcott shareholders. 5/19/2013 Actavis, Inc. 8-K. After the transaction, Warner Chilcott and Allergan Finance, LLC each became wholly owned, indirect subsidiaries of Allergan plc.

from the entities whose shares it owns. *Id.* ¶ 7. Allergan plc does not finance or control the daily affairs of those entities, and therefore does not finance or control any marketing or sales operations in Ohio. *Id.* ¶¶ 6-10. Allergan plc's books, tax records, and financial statements are kept separate from those of the companies whose shares it holds. *Id.* ¶ 7. Those companies operate autonomously in furtherance of their own business, not Allergan plc's. *Id.* ¶¶ 6-7. Allergan plc has no corporate filings on record with the Ohio Secretary of State's Business Services Division. *Id.* ¶ 10. It has not designated an agent for service of process in Ohio, has no offices or employees in Ohio, and does not send agents to solicit or conduct business in Ohio. *Id.*

Plaintiffs' allegations, together with these straightforward jurisdictional facts, confirm that this Court does not have personal jurisdiction over foreign defendant Allergan plc. Accordingly, Allergan plc brings this motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, "[t]he plaintiff bears the burden of establishing the existence of jurisdiction." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008); *see also Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006). "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (brackets and internal quotation marks omitted).

## ARGUMENT

The Summit SAC's allegations against Allergan plc are insufficient to allow this Court to exercise personal jurisdiction over foreign defendant Allergan plc. The Summit SAC alleges that Allergan plc is "incorporated in Ireland with its principal place of business in Dublin, Ireland" and

2

concedes that Allergan plc does not sell or market prescription drugs in the United States at all, but rather owns U.S. subsidiaries that do so. *See* Summit SAC ¶ 71. These allegations are insufficient to support personal jurisdiction under a theory of general jurisdiction, specific jurisdiction, or alter ego under Ohio or Federal law. *See Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017) (assessing personal jurisdiction under both Ohio and Federal law because plaintiff asserted both state and federal law claims).

### 1. The Court lacks general personal jurisdiction over Allergan plc.

Plaintiffs fail to plead facts demonstrating that Allergan plc is subject to general jurisdiction in Ohio. As an initial matter, Ohio law does not recognize general jurisdiction over nonresident defendants. *See Conn v. Zakharov*, 667 F.3d 705, 717–18 (6th Cir. 2012). Moreover, under Federal Due Process limits, a court has general jurisdiction over a nonresident defendant only if the defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citation omitted). Other than the state where a company is incorporated and has its principal place of business, a company is only "at home" in another state in the "exceptional case" where the company's operations are all concentrated in that state. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that railway company was not subject to general jurisdiction where it employs 2,000 individuals and has 2,000 miles of track because magnitude of operations in the state must be measured against the company's total operations).

Allergan plc is incorporated and has its principal place of business in Ireland. Summit SAC ¶ 71. And Allergan plc has *no* affiliations with Ohio, let alone continuous and systematic ones such that effectively all of its operations are concentrated in Ohio. *See BNSF Ry.*, 137 S. Ct. at 1559. It follows that Allergan plc is not "at home" in Ohio and thus not subject to general jurisdiction here.

3

### 2. The Court lacks specific personal jurisdiction over Allergan plc.

Nor does the Summit SAC set forth allegations demonstrating that Allergan plc is subject to specific jurisdiction in this Court. Under Ohio law, "personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn*, 667 F.3d at 712. Ohio's long-arm statute does not extend to the limits of the Due Process Clause; rather, "the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Id.* Ohio's long-arm statute sets forth nine bases for jurisdiction over a nonresident defendant, none of which embodies the limited allegations against Allergan plc in the Summit SAC. *See* Ohio Rev. Code Ann. § 2307.382 (West). Plaintiffs neither have nor can allege that Allergan plc has manufactured, distributed, marketed or sold prescription drugs in Ohio (or anywhere). *See* D'Arecca Aff. ¶¶ 6, 9; Summit SAC ¶ 71. Thus, Ohio's long-arm statute does not confer jurisdiction over Allergan plc for the claims asserted in the Summit SAC.

In addition, for a court's exercise of specific personal jurisdiction over a nonresident defendant to comport with Federal Due Process, (1) the defendant must have established minimum contacts with the forum state, and (2) the assertion of jurisdiction cannot offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Specific jurisdiction requires minimum contacts to be based on "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987)). "The relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original). Additionally, the U.S. Supreme Court recently clarified that general contacts with the forum state are not sufficient; specific

4

jurisdiction is appropriate only where there is a direct "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (citation omitted).

However the test is framed, there simply are no contacts between Allergan plc and Ohio, and this fact is dispositive. As set out above, Allergan plc did not manufacture, market, distribute, or sell the pharmaceutical products that underlie the County's claims anywhere, let alone in Ohio. D'Arecca Aff. ¶¶ 6, 9. Allergan plc is a holding company that has not *itself* created any contacts with Ohio whatsoever, or with respect to the marketing and sale of opioid medications in Ohio. *See Walden*, 571 U.S. at 284. Because Allergan plc does not have—and has *never* had—*any* contacts with Ohio with respect to marketing, selling, or distributing opioid prescription drugs, the Court lacks specific personal jurisdiction over Allergan plc.

    **3.**    **Allergan plc is not subject to personal jurisdiction under an alter-ego theory.**

Given that Plaintiffs do not allege that Allergan plc itself markets or sells any prescription drugs at all, Plaintiffs apparently base their assertion of personal jurisdiction over Allergan plc on the premise that contacts of Allergan plc's U.S. subsidiaries can be imputed to it to establish jurisdiction. But because the Summit SAC fails to allege facts necessary to demonstrate the elements of alter-ego personal jurisdiction, this theory also fails.

As the Supreme Court has noted, "several Courts of Appeals have held[] that a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego." *Daimler AG*, 571 U.S. at 134–35. The Sixth Circuit is one of those jurisdictions. *See, e.g.*, *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017); *Indah v. SEC*, 661 F.3d 914, 921 (6th Cir. 2011); *Estate of Thomson*, 545 F.3d at 360. In the Sixth Circuit, the alter-ego theory provides for personal jurisdiction only "if the parent company exerts so much

5

control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Anwar*, 876 F.3d at 848 (internal quotation marks omitted). "The crux of the alter-ego theory of personal jurisdiction therefore is that courts are to look for two entities acting as one." *Id.*

A two-part test governs the alter-ego theory, under which the plaintiff (1) "must demonstrate unity of interest and ownership that goes beyond mere ownership and shared management personnel"; and (2) show that not disregarding the corporate form would result in a fraud or injustice. *Id.* at 849 (internal quotation marks omitted). Factors that inform the "unity of interest and ownership" prong include: "(1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets; (5) completing the same jobs; (6) not maintaining separate books, tax returns and financial statements; and (7) exerting control over the daily affairs of another corporation." *Id.* (quoting *Estate of Thomson*, 545 F.3d at 362–63); *see also Estate of Thomson*, 545 F.3d at 362–63 (applying the same factors under Ohio law and noting that "Ohio courts consider factors such as whether (1) corporate formalities are observed, (2) corporate records are kept, and (3) the corporation is financially independent").

Plaintiffs have not alleged facts to satisfy their burden of making a prima facie showing under the alter-ego theory because they have merely alleged that Allergan plc owns U.S. subsidiaries that sell and market opioid products in the U.S. *See* Summit SAC ¶ 71. The unity of interest test, however, requires more than "mere ownership and shared management personnel." *Anwar*, 876 F.3d at 848. Indeed, Allergan plc (1) does not engage in the same enterprise (U.S. prescription-drug sales) because it does not participate in sales, marketing, distribution or manufacturer of prescription drugs in the U.S. at all, D'Arecca Aff. ¶¶ 6, 9; (2) does not have the

same address as its U.S.-subsidiaries, as its only offices are in Ireland, *id.* ¶ 4; (3) maintains separate books, tax returns, and financial records form its subsidiaries, *id.* ¶ 7; and (4) does not exert control over the daily affairs of any subsidiary, *id.* ¶ 6.  Thus, Plaintiffs cannot make the required showing under the unity of interest prong.  *See Anwar*, 876 F.3d at 850 ("Even if these facts were to make this a closer call," plaintiff still fails to show alter ego because she "only alleges facts regarding ownership that partially satisfy a few different factors above.").

Even if Plaintiffs could meet the unity of interest prong, Plaintiffs cannot show that a failure to disregard the corporate forum would result in a fraud or injustice.  Allergan plc's U.S. subsidiary Allergan Finance, LLC is a named defendant in this action with no jurisdictional concerns.  Allergan Finance, LLC is a solvent, going concern, having reported total assets at year end 2017 of *$109 billion* and comprehensive income for 2017 of *$1.19 billion*.  *See* 2017 Allergan plc Form 10-K, at F-109-10, https://www.sec.gov/Archives/edgar/data/1578845/000156459018002345/agn- 10k_20171231.htm.  Accordingly, Allergan Finance, LLC is the relevant defendant here, and personal jurisdiction over Allergan plc (besides being improper) is unnecessary to avoid injustice.

## CONCLUSION

For all of these reasons, Allergan plc respectfully requests that the Court dismiss all claims against it pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

Dated: January 15, 2018                                    Respectfully submitted,

*/s/ Donna Welch*
Donna Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

*Counsel for Allergan plc f/k/a Actavis plc*