# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804 |
| | CASE NO. 17-MD-2804 |
| THE COUNTY OF SUMMIT, OHIO, ET AL., | JUDGE: DAN AARON POLSTER |
| *Plaintiffs*, | |
| v. | **ANSWER OF DEFENDANT DISCOUNT DRUG MART, INC.** |
| PURDUE PHARMA LP, ET AL., | To the Corrected Second Amended Complaint (Doc. # 513) |
| *Defendant* | **Trial by Jury Demanded** |

Defendant Discount Drug Mart, Inc. ("DDM") states for its Answer to the Plaintiffs' Corrected Second Amended Complaint (Doc. # 513)(the "Complaint") as follows:

1.     In response to paragraph 1, DDM denies the allegations for lack of knowledge sufficient to form a belief as to the truth of the matters asserted ("lack of knowledge").

## Introduction

2.     In response to paragraphs 2 through 24, DDM denies the allegations for lack of knowledge, except: to the extent that any statement, allegation or attribution (an "allegation") therein can fairly be read to express or imply tortious or otherwise actionable knowledge, statements or conduct ("conduct") on the part of DDM, in which case, DDM denies such

allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

### Jurisdiction and Venue

3.     In response to paragraphs 25 through 27, DDM admits that it is subject to the personal jurisdiction of this Court and that venue is proper in this District, but denies the remainder of the allegations.

### Parties

4.     In response to paragraphs 28 through 62, DDM denies the allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

5.     In response to paragraphs 63 through 106, DDM denies that it is a "Marketing Defendant" and understands Plaintiffs not to assert otherwise, and therefore denies all such allegations for lack of knowledge and because they are inapplicable to DDM on their face, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

6.     In response to paragraphs 107 through 106, DDM denies that it is a "Distributor Defendant" and understands Plaintiffs not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore DDM denies all such allegations for lack of

knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

7.      In response to paragraph 112, DDM admits that it is an Ohio corporation with its headquarters and principal place of business in Medina, Ohio and denies the remaining allegations.

8.      In response to paragraphs 113 through 128, DDM denies that it is a "Distributor Defendant" and understands Plaintiffs not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

9.      In response to paragraph 129, DDM denies for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

## I.      Facts Common to All Claims

10.     In response to paragraphs 130 through 170, DDM understands Plaintiffs not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM

denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright..

11.     In response to paragraphs 171 through 173, DDM denies for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright..

12.     In response to paragraphs 174 through 497, DDM understands Plaintiffs not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

13.     In response to paragraphs 498 through 499, DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

14.     In response to paragraph 500, DDM admits that the cited legislation governs its industry but denies that the complaint fully or accurately sets forth the statutes' requirements.

15.     In response to paragraphs 487 and 497 (which follow paragraph 500, but which precede paragraph 501), DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

16.     In response to paragraphs 501 through 518, DDM admits that its industry is subject to state and federal regulation but denies that the complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations; DDM denies all remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright..

17.     In response to paragraphs 519 through 525, DDM admits the DEA and other bodies communicate with the industry from time to time, but  denies all remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

18.     In response to paragraphs 526 through 553, DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations

outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

19. In response to paragraphs 554 through 578, DDM denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

20. In response to paragraphs 578 through 593, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

21. In response to paragraphs 594 through 606, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

22. In response to paragraphs 607 through 610, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of

knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

23.    In response to paragraphs 611 through 626, DDM admits that its pharmacy operations are subject to certain state and federal regulation but denies that the complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations; DDM further admits that the DEA and other bodies communicate with the industry from time to time, but  denies all remaining allegations pertaining to such communications for lack of knowledge; DDM further states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright..

24.    In response to paragraphs 627 through 659, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

25.    In response to paragraphs 660 through 670, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of

knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

26.     In response to paragraph 671, DDM denies for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

27.     In response to paragraphs 672 through 683, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

28.     In response to paragraphs 684 through 713, DDM admits that its operations are subject to certain state and federal regulation but denies that the complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations; DDM further denies the remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

29.     In response to paragraphs 714 through 745, DDM denies the allegations for lack of knowledge.

30.     In response to paragraphs 745 through 759, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

31.     In response to paragraphs 760 through 766, DDM denies the allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

32.     In response to paragraphs 767 and 768, DDM denies the allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

33.     In response to paragraphs 769 through 777, DDM denies the allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

34.     In response to paragraphs 778 through 781, DDM denies the allegations.

35.     In response to paragraphs 782 through 792, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

36.     In response to paragraphs 793 through 813, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

## II.     RICO Facts

37.     In response to paragraphs 814 through 848, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

38.     In response to paragraphs 849 through 877, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply

actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

**1st Claim**

39.     In response to paragraphs 878 through 905, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

**2nd Claim**

40.     In response to paragraphs 906 through 938, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

**3rd Claim**

41.     In response to paragraphs 939 through 949, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and

to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

### 4th Claim

42.     In response to paragraphs 950 through 973, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

### 5th Claim

43.     In response to paragraphs 974 through 996, DDM denies the allegations.

### 6th Claim

44.     In response to paragraphs 997 through 1038, DDM denies the allegations.

### 7th Claim

45.     In response to paragraphs 1039 through 1071, DDM denies the allegations.

### 8th Claim

46.     In response to paragraphs 1072 through 1089, DDM states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of DDM, in which case, DDM denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness

or validity of Plaintiffs' claims against DDM, in which case, DDM denies such allegations outright.

**9th Claim**

47.     In response to paragraphs 1090 through 1107, DDM denies the allegations.

**10th Claim**

48.     In response to paragraphs 1108 through 1121, DDM denies the allegations.

**11th Claim**

49.     In response to paragraphs 1122 through 1136, DDM denies the allegations.

**Prayer for Relief**

50.     In response to paragraph 1137, DDM requests the Court to deny the requested relief.

**Affirmative Defenses**

By asserting the defenses set forth below, Defendant does not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these defenses. All of the following defenses are pled in the alternative and none constitutes an admission that Defendant is in any way liable to the County of Summit and the City of Akron ("Plaintiffs"), that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  Defendant asserts as follows:

1.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

2.     Plaintiffs have failed to plead that they reimbursed any prescriptions for an opioid distributed by Defendant that harmed patients and should not have been written, or that

Defendant's allegedly improper conduct caused any healthcare provider to write any ineffective or harmful opioid prescription, which Defendant then distributed.

3.    Plaintiffs have failed to join one or more necessary and indispensable parties, including, but not limited to, the DEA, healthcare providers, prescribers, patients, and other third parties whom Plaintiffs allege engaged in the prescription, dispensing, diversion or use of the subject prescription medications.

4.    To the extent Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead the allegations with sufficient particularity.

5.    Plaintiffs cannot obtain relief on their claims based on actions undertaken by Defendant of which Defendant provided notice of all material facts.

6.    Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to Defendant.

7.    Plaintiffs' claims against Defendant do not arise out of the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

8.    Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) they have a subrogation interest and on whose behalf it has incurred costs.

9.    Plaintiffs are precluded from recovering against Defendant pursuant to applicable law following section 402A of the Restatement (Second) of Torts.

10.    Plaintiffs' recovery is barred under Section 6(c) of the Restatement of Torts (Third).

11.    Plaintiffs' claims are barred in whole or in part because no conduct of Defendant was misleading, unfair, or deceptive.

12.    Defendant appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

13.     Plaintiffs' claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiffs.

14.     Plaintiffs' claims are barred, in whole or in part, by the free public services doctrine and/or the municipal cost recovery rule.

15.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have no private right of action under the relevant laws and regulations.

16.     Defendant did not owe or breach any statutory or common law duty to Plaintiffs.

17.     Plaintiffs are barred from recovery against Defendant because Defendant complied with all applicable federal and Ohio State rules and regulations related to distribution of the subject prescription medications.

18.     Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

19.     Plaintiffs are barred from recovery by application of the informed consent doctrine.

20.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

21.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of repose.

22.     Plaintiffs' claims are not ripe, and/or have been mooted.

23.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, and/or ratification.

24.     Venue may be improper and/or inconvenient in this Court.

25.     Plaintiffs' claims are barred, in whole or in part, for lack of standing.

26.     Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

27. Plaintiffs' claims against Defendant are barred by the doctrines of res judicata and collateral estoppel.

28. Plaintiffs may be barred by the doctrine of estoppel from all forms of relief sought in the Complaint.

29. Plaintiffs' claims are barred because Plaintiffs lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and claims brought *as parens patriae*.

30. Plaintiffs' claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Defendant.

31. Plaintiffs are barred from recovery by the Assumption of Risk doctrine, whether primary, express, or implied (Ohio Revised Code § 2307.711).

32. Plaintiffs are barred from recovery by application of the learned intermediary doctrine.

33. Plaintiffs' claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

34. Plaintiffs' claims are barred in whole or in part, or are subject to other limitations, by the Ohio Product Liability Act, Ohio Revised Code § 2307.71, *et seq*.

35. Plaintiffs' nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Ohio law.

36. Plaintiffs' claim of public nuisance is barred or limited because no action of Defendant involved interference with real property; illegal conduct perpetrated by third parties

involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

37.     Plaintiffs are barred from recovery against Defendant because there is no proximate causation between the alleged acts or omissions of Defendant and the damages alleged to have been sustained by Plaintiffs.

38.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment.

39.     Plaintiffs' claims are barred, in whole or in part, by failure to establish causation.

40.     Plaintiffs' claims are barred by criminal acts of third parties.

41.     Any damages and/or injuries allegedly sustained by Plaintiffs were directly and proximately caused by independent, intervening and/or superseding causes, factors or occurrences, which were not reasonably foreseeable to Defendant and for which Defendant is not liable.

42.     Any and all losses or claims allegedly sustained by Plaintiffs are the result of acts and/or omissions of persons over whom Defendant does not, or did not, have any direction or control, and for whose actions or omissions Defendant is not liable.

43.     Defendant is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

44.     Plaintiffs' claims are barred to the extent that the subject prescription medications were misused, modified, altered, or changed from the condition in which they were sold, which

misuse, modification, alteration, or change caused or contributed to cause Plaintiffs' alleged injuries or damages.

45.     Plaintiffs' injuries and damages, if any, are the result of forces of nature over which Defendant had no control or responsibility.

46.     Defendant is not liable for any injuries or expenses allegedly incurred by Plaintiffs to the extent the injuries or expenses as alleged may have resulted from the pre-existing and/or unrelated medical conditions of the users of the subject prescription medications.

47.     Any injuries and/or damages sustained by Plaintiffs were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiffs are barred or, alternatively, should be diminished according to its own fault.

48.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries or damages, if any, were caused by illegal and/or illicit use, misuse, or abuse of the subject prescription medications by the users, for which Defendant is not liable.

49.     Plaintiffs' claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Defendant in determining to use or prescribe the subject prescription medications.

50.     Plaintiffs' claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

51.     Plaintiffs may not recover against Defendant because the methods, standards, or techniques of distributing of the subject prescription medications complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

52.     Plaintiffs' claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

53.     Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

54.     Plaintiffs' claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

55.     Plaintiffs' claims are preempted insofar as they conflict with Congress' purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

56.     To the extent that Plaintiffs rely on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge Defendant's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

57.     If Plaintiffs incurred the damages alleged, which is expressly denied, Defendant is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in

conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

58.     Plaintiffs' claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

59.     To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed.  *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

60.     Plaintiffs' claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

61.     Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by Defendant.

62.     Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

63.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

64.     Plaintiffs' claims against Defendant are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

65.     Plaintiffs' Complaint is barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiffs from recovering payments that it allegedly made on

behalf its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

66.     To the extent that Plaintiffs seek punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

67.     The alleged injuries and damages asserted by Plaintiffs are too remote and/or speculative from the alleged conduct of Defendant to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

68.     Plaintiffs are barred from recovery by Plaintiffs' failure to mitigate damages.

69.     Plaintiffs, to the extent they are seeking any damages in their capacity as a third-party payer, cannot recover as damages the costs of healthcare provided to insureds.

70.     To the extent Plaintiff attempts to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

71.     Plaintiffs would be unjustly enriched if allowed to recover on any of their claims.

72.     Plaintiffs' claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

73.     A specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiffs do not seek recovery in this action.  Should Defendant be held liable to Plaintiffs, which liability is specifically denied, Defendant would be entitled to a credit or set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint.

74.     Plaintiffs' claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

75.     Plaintiffs' injuries, losses, or damages, if any, were caused by or contributed to by other persons or entities, whether named or not named as parties to this action, who may be jointly and severally liable for all or part of Plaintiffs' alleged injuries, losses, or damages, if any. Defendant will request apportionment of the fault pursuant to Ohio Revised Code section 2307.23, *et seq*, of all named parties to this action, whether or not they remain parties at trial.

76.     If Defendant is found liable for Plaintiffs' alleged injuries and losses (which liability is specifically denied), the facts will show that Defendant caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss.  Ohio Revised Code 2307.22.

77.     A percentage of each Plaintiffs' alleged injury or loss, if proven, is attributable to (i) each Plaintiff, (ii) other parties from whom Plaintiffs seek recovery, and (iii) persons from whom Plaintiffs do not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.  Ohio Revised Code § 2307.23.

78.     The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

79.     Any damages that Plaintiffs may recover against Defendant must be reduced to the extent that Plaintiffs are seeking to damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiffs may recover against Defendant must be reduced to the extent they unjustly enrich Plaintiffs.

80.     Defendant's liability, if any, will not result from Defendant's conduct but solely the result of an obligation imposed by law, and thus Defendant is entitled to complete indemnity, express or implied, by other parties.

81.     Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiffs cannot prove by clear and convincing evidence that Defendant was grossly negligent and Defendant has neither acted nor failed to act in a manner that entitles Plaintiffs to recover punitive or exemplary damages.

82.     The imposition of punitive and/or exemplary damages against Defendant would violate its rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and the Sixth Amendment to the Constitution of the United States, in various circumstances in this litigation, including but not limited to the following:

    a.     imposition of punitive damages by a jury which is inadequately instructed regarding the rationale behind punitive damages, the standards/criteria governing such an award of damages, and/or the limits of such damages;

    b.     imposition of punitive damages where applicable state law is impermissibly vague, imprecise, or inconsistent;

    c.     imposition of punitive damages that employs a burden of proof that is less than clear and convincing evidence;

d.   imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Defendant;

e.   imposition of punitive damages without any predetermined limit on any such award;

f.   imposition of punitive damages which allows multiple punishment for the same alleged act(s) or omission(s);

g.   imposition of punitive damages without consistent appellate standards of review of such an award;

h.   imposition of a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, Ohio, and any other state whose laws may apply; and

i.   imposition of punitive damages that otherwise fail to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

83.   Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

84.   Plaintiffs' claims are barred, in whole or in part, because they violate the *Ex Post Facto* clauses of the U.S. Constitution, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

85.   Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrine.

24

86. Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

87. To the extent that Plaintiffs' claims relate to Defendant's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

88. Plaintiffs' claims are barred to the extent that Defendant has valid defenses which bar recovery by those persons on whose behalf Plaintiffs purportedly seek recovery.

89. Defendant adopts by reference all defenses asserted in any party's motion to dismiss filed herein.

90. Defendant asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

91. Defendant reserves the right to assert any other defense available under the Ohio Revised Code, Ohio common law and/or Ohio Constitution.

92. Plaintiffs' RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise" for the purposes of RICO liability.

93. Plaintiffs' RICO claims are barred, in whole or in part, by the absence of an "association" between Defendant and any other defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

94. Plaintiffs' RICO claims are barred, in whole or in part, because Defendant did not participate in any "enterprise.

95.     Plaintiffs' RICO claims are barred, in whole or in part, because Defendant did not engage in a pattern of racketeering activity under RICO.

96.     Plaintiffs' RICO claims are barred, in whole or in part, because Defendant did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

97.     Plaintiffs' claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

98.     Plaintiffs' RICO claims are barred, in whole or in part, because Defendant did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

99.     Plaintiffs' RICO claims are barred, in whole or in part, because there are no allegations that Defendant adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

100.    The federal RICO statute is unconstitutionally vague.

101.    Plaintiffs alleged damages do not constitute injury to business or property interests cognizable under RICO.

102.    Plaintiffs' RICO claims are barred, in whole or in part, because he alleged predicated acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

103.    Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

104.    Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

105.    Defendant adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.  Defendant reserves the right to assert all defenses, whether affirmative or otherwise, that may become apparent or available to them during the course of this litigation, and hereby provide notice of their intent to add and rely upon any such other and further defenses in the future.

WHEREFORE, Discount Drug Mart, Inc. requests the Court to dismiss the Complaint at Plaintiffs' cost, and to enter any other relief the Court deems just and proper.

Respectfully submitted,

_/s/ Timothy D. Johnson _____
Timothy D. Johnson (0006686)
Gregory E. O'Brien (0037073)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
 (216)621-3415 Fax
tjohnson@cavitch.com
gobrien@cavitch.com
*Attorneys for Defendant Discount Drug Mart, Inc.*

## JURY DEMAND

DDM respectfully requests a Jury in the maximum number allowed by law at the time of the Trial of this matter on any disputed issue of material fact.

27

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing **ANSWER OF DEFENDANT DISCOUNT DRUG MART, INC.** was filed and served via PACER this 15th day of January, 2019 on all counsel of record.

/s/ Timothy D. Johnson
TIMOTHY D. JOHNSON
*Attorney for Defendant Discount Drug Mart, Inc.*