# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD. TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ..................................................................................................... 3

III. THE COURT LACKS PERSONAL JURISDICTION OVER TEVA LTD. ..................... 4

    A. Plaintiffs Do Not Allege And Cannot Show Any Conduct By Teva Ltd. That Falls Within The Scope Of Ohio's Long-Arm Statute ................................. 6

    B. The Court Also Lacks Personal Jurisdiction Over Teva Ltd. Under Constitutional Due Process Principles. ................................................................. 7

        1. There Is No General Jurisdiction Over Teva Ltd. ...................................... 8

        2. There Is No Specific Personal Jurisdiction Over Teva Ltd. ...................... 9

    C. Decisions Across The Country Have Held That No Personal Jurisdiction Exists Over Teva Ltd. ........................................................................................ 11

IV. CONCLUSION ..................................................................................................... 13

## I.     INTRODUCTION

Under controlling United States Supreme Court and Sixth Circuit precedent, and consistent with decisions from courts across the country, this Court lacks personal jurisdiction over Teva Ltd., which is headquartered and has its principal place of business in Israel and conducts no business in the United States. Based upon these facts, it would violate fundamental principles of constitutional due process to force Teva Ltd. to incur significant business disruption, litigation costs, and reputational harm defending itself in a case of this scale in a foreign country where Teva Ltd is not subject to personal jurisdiction.

To demonstrate that personal jurisdiction exists, Plaintiffs bear the heavy burden of showing both that: (a) Teva Ltd. engaged in one of the enumerated acts in Ohio's long-arm statute and the Plaintiffs' claims arise out of that conduct; and (b) either specific or general jurisdiction is appropriate over Teva Ltd. pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs have not satisfied—and cannot satisfy—their burden for multiple reasons.

First, Plaintiffs cannot show that personal jurisdiction exists under Ohio's long-arm statute because Teva Ltd. does not engage in any conduct covered by that statute. Among other things, Teva Ltd. is an Israeli entity, does not transact any business in Ohio, has not caused any injury in Ohio, and does not own any property in Ohio. In fact, Teva Ltd. has no connection to Ohio. Thus, Plaintiffs' claims do not arise out of any conduct covered by Ohio's long-arm statute.

Second, even if Plaintiffs could satisfy Ohio's long-arm statute, asserting personal jurisdiction over Teva Ltd. would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. As a threshold matter, no specific personal jurisdiction exists because Plaintiffs assert no facts to link Teva Ltd. to the subject matter of this lawsuit. Plaintiffs' claims against Teva Ltd. stem from alleged false marketing of opioid

medicines and purported failures to report suspicious orders in Ohio. But Plaintiffs alleges no facts to connect Teva Ltd. to any unlawful marketing activities or suspicious orders in Ohio or elsewhere, and for good reason: Teva Ltd. does not manufacture, market, promote, or sell opioids in Ohio or anywhere else in the United States. As the attached declaration makes clear, Teva Ltd. is an Israeli company that has no office, property, employees, or registered agent in the United States and does not transact business in United States. (Hillel West Declaration ("West Decl."), attached hereto as Ex. A, at ¶¶ 2-6.) Thus, Teva Ltd. has no contacts with Ohio (or the United States) that give rise to any claims in this action.

In addition, no general personal jurisdiction exists over Teva Ltd. because it is not "at home" in Ohio or anywhere in the United States. It is not incorporated in Ohio, it is not domiciled in Ohio, and it does not have its principal place of business in Ohio. In fact, the only alleged factual connection between Teva Ltd. and this forum is its ownership interest in the separately-incorporated Defendants Cephalon, Inc. ("Cephalon") and Teva Pharmaceuticals USA, Inc. ("Teva USA")—which is insufficient as a matter of well-settled Supreme Court and Sixth Circuit law to confer personal jurisdiction over Teva Ltd. in this Court.

Based upon these facts, it would violate fundamental and constitutional due process protections to require Teva Ltd. to defend itself in this MDL proceeding. Indeed, a number of courts have dismissed claims against Teva Ltd. for lack of personal jurisdiction.[1] And similar claims—involving nearly identical opioid related allegations to those made here—were considered

---

[1] *See, e.g.*, *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (no personal jurisdiction over Teva Ltd. in Louisiana); *Smith v. Teva Pharm. USA, Inc.*, No. 17-61058-CIV, 2018 WL 550252, at *3 (S.D. Fla. Jan. 24, 2018) (same in Florida); *Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 CV 114 (VB), 2017 WL 4122621, at *3 (S.D.N.Y. Sept. 14, 2017) (same in New York); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 3129147, at *3, 7–8 (E.D. Pa. July 24, 2017) (same in Pennsylvania).

2

and rejected as insufficient to establish personal jurisdiction over Teva Ltd. more than two years ago in a case that has been subsequently transferred to this MDL proceeding—*City of Chicago v. Purdue Pharma L.P.*, No. 14 C 4361, 2015 WL 2208423, at *7 (N.D. Ill. May 8, 2015).  Nothing has changed since then.  The Court should follow that precedent.  Consistent with *City of Chicago*, numerous decisions from courts across the country, and fundamental principles of constitutional due process, all claims against Teva Ltd. in the Second Amended Complaint ("Complaint") should be dismissed for lack of personal jurisdiction.

**II.     BACKGROUND**

Teva Ltd. is incorporated under the laws of Israel and has its headquarters and principal place of business in Petah Tikvah, Israel.  (Sec. Am. Compl. ("Compl.") ¶ 74; West Decl. ¶ 2).  Teva Ltd. does not have an office, property, employees, or registered agent in the United States.  (West Decl. ¶ 2).  Teva, Ltd. does not transact business in the United States.  (*Id.*).  Teva Ltd. has never conducted any research and development, manufactured, promoted, or sold opioid prescription medications, including Actiq and Fentora, in the United States.  (*Id.* ¶ 3).

The Second Amended Complaint (the "Complaint") names two of Teva Ltd.'s indirect subsidiaries as defendants—Teva USA and Cephalon.  (Compl. ¶¶ 74-75).  Teva USA is a Delaware corporation with its principal place of business in Pennsylvania.  (*Id.* ¶ 74.)  In 2011, Teva Ltd. acquired Cephalon.  (*Id.* ¶ 75.)  Cephalon manufactures and sells two branded prescription opioid medicines—Actiq and Fentora.  (*Id.* ¶ 76).  Plaintiffs improperly group Teva USA and Teva Ltd under the fictitious "Teva" entity.  (*Id.* ¶¶ 76, 864).  They allege that Cephalon and Teva USA (without mentioning Teva Ltd.) "work together to manufacture, promote, distribute and sell both brand name and generic versions of opioids in the United States and in Summit County."  (*Id.* ¶ 76).

As established by the Declaration of Hillel West, Vice President of Teva Ltd., Teva Ltd. has no direct contact with the United States, much less Ohio, and does not engage in any marketing of opioids in the United States. (West Decl. ¶¶ 2-3). Indeed, Cephalon and Teva USA operate separately and independently of Teva Ltd. (*Id. ¶¶* 4-6). For these reasons, it is no surprise that there are no specific marketing-related allegations against Teva Ltd in the Complaint. Indeed, in its 332-page, 1137-paragraph Complaint, Plaintiffs mention Teva Ltd. in only two paragraphs in the "Parties" section.

Despite the absence of any facts showing that Teva Ltd. engages in the marketing or sale of opioids in the United States, Plaintiffs seek to force Teva Ltd. to suffer the significant burdens and costs of defending itself in this foreign MDL proceeding—and, worse, seek to hold Teva Ltd. liable for the entire spectrum of public costs arising from widespread misuse and abuse of opioids in Ohio. The Complaint asserts twelve causes of action against Teva Ltd. Each claim is premised upon alleged misrepresentations and omissions regarding the risks and benefits of opioids and alleged violations of purported duties to monitor, report, and stop shipments of suspicious prescription opioid orders. (Compl. ¶¶ 155, 174, 349, 440, 446, 932, 1094). There are simply no specific allegations of any conduct by Teva Ltd. in Ohio. Indeed, Plaintiffs do not allege any specific acts of selling, marketing, or promoting opioids by Teva Ltd. anywhere in the United States.

As described below, no personal jurisdiction exists over Teva Ltd. As a result, Teva Ltd.'s motion to dismiss should be granted.

### III. THE COURT LACKS PERSONAL JURISDICTION OVER TEVA LTD.

Rule 12(b)(2) provides that a defendant may seek dismissal if the court lacks personal jurisdiction over that defendant. Fed. R. Civ. P 12(b)(2). Regardless of whether this Court's

jurisdiction arises under 28 U.S.C. §§ 1331 or 1332, Plaintiffs must satisfy the forum state's requirements for personal jurisdiction. *See Thomas W. Petrarca Corp. v. Writers Guild of Am. W. Inc.*, No. 4:08CV1337, 2008 WL 5725659, at *2 (N.D. Ohio July 30, 2008) (citing *Theunissen*, 935 F.2d at 1459 (diversity); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (federal question)). Because Ohio's long-arm statute is not co-extensive with federal constitutional limits, Plaintiffs must also show that the Court's exercise of jurisdiction over Teva Ltd. comports with constitutional principles of due process. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012).

As a matter of law, the Court "has personal jurisdiction over a defendant only if the plaintiff 'presents a prima facie case that: (1) jurisdiction is proper under a long-arm statute [Ohio R.C. § 2307.382(A)] or other jurisdictional rule of Ohio, the forum state; ***and*** (2) the Due Process Clause also allows for jurisdiction under the facts of the case.'" *Sherwin–Williams Co. v. Advanced Collision Ctr. of Mobile, Inc.*, No. 1:16 CV 2355, 2017 WL 3034383, at *2 (N.D. Ohio July 18, 2017) (emphasis added) (quoting *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)). If Plaintiffs fail to meet either requirement of this two-part test, the Court cannot exercise personal jurisdiction over Teva Ltd.

Plaintiffs bear the burden of showing that both of these elements are met. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (further citation omitted)). The Sixth Circuit has made clear that this burden is even more heightened where, as here, Teva Ltd. is not incorporated or headquartered in the United States, because the "'unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.'" *Dean v. Motel 6 Operating L.P.*,

5

134 F.3d 1269, 1275 (6th Cir. 1998) (internal citation omitted) (finding no personal jurisdiction over French company and explaining that it "receives deference under this test [for personal jurisdiction] because of its status as a foreign company"). As described below, Plaintiffs cannot meet their burden to justify the Court's exercise of personal jurisdiction over Teva Ltd. under Ohio's long-arm statute or basic principles of constitutional due process.

### A. Plaintiffs Do Not Allege And Cannot Show Any Conduct By Teva Ltd. That Falls Within The Scope Of Ohio's Long-Arm Statute.

Under Ohio's long-arm statute, R.C. § 2307.382(A), an Ohio court is permitted to exercise personal jurisdiction over a nonresident defendant for claims "arising from" certain enumerated circumstances, such as when the defendant is "[t]ransacting any business in this state," "[c]ausing tortious injury by an act or omission in this state," "[h]aving an interest in, using, or possessing real property in this state," or "[c]ausing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." R.C. § 2307.382(A)(1), (3), (4), (8).

Ohio's long-arm statute requires that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action *arising from* acts enumerated in this section may be asserted against him." R.C. § 2307.382(C) (emphasis added). The "arising from" requirement of Ohio's long-arm statute demands a "proximate cause" relationship between a plaintiff's claim and the defendant's conduct in Ohio. *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006).

Here, Plaintiffs have not alleged and cannot show that Teva Ltd. has engaged in any of the acts identified in Ohio's long-arm statute. Teva Ltd. is an Israeli company with no connection to Ohio. (West Decl. ¶ 2.) It did not market or sell opioids in Ohio. (*Id.* ¶ 3.) It does not own any property in Ohio. (*Id.* ¶ 2.) It operates separately and independently from

6

Cephalon and Teva USA.  (*Id.* ¶¶ 4-6.)  And it certainly did not cause any injury in Ohio.  (*Id.* ¶¶ 2-4.)  Accordingly, because Ohio's long-arm statute is not satisfied, this Court does not have personal jurisdiction over Teva Ltd.

### B. The Court Also Lacks Personal Jurisdiction Over Teva Ltd. Under Constitutional Due Process Principles.

The Due Process Clauses of the Fifth and Fourteenth Amendments limit the exercise of personal jurisdiction by courts over foreign companies.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945); *see Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).   There are two types of personal jurisdiction: general and specific.

The Supreme Court has established a bright-line rule as to when general jurisdiction exists.  A court has general jurisdiction over a foreign corporation only when the corporation's affiliations with the state are "so constant and pervasive 'as to render [it] ***essentially at home in the forum State***.'"  *Daimler AG,* 134 S. Ct. at 751 (quoting *Goodyear,* 131 S. Ct. 2846, 2851 (2011) and emphasis added)); *see also BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1552.  A corporate defendant is "at home" in its place of incorporation and principal place of business.  *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. at 1552 (2017).  Only in truly exceptional cases might a defendant's operations in another forum be so substantial as to render the corporation at home in a state in which it is not incorporated and does not have its principal place of business, such as when "war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio."  *Id.* at 1553.

The Supreme Court has been equally clear as to the requirements for specific jurisdiction over a foreign entity to attach – the foreign entity must have engaged in conduct in the forum that is directly linked to the claims at issue in the case.   As the Supreme Court held in *BMS*, "[i]n

7

order for a state court to exercise specific jurisdiction, '*the suit*' must 'arise out of or relat[e] to the defendant's contacts with the *forum*.'" *BMS*, 137 S. Ct. at 1780 (quoting *Daimler*, 134 S. Ct. at 754). Indeed, specific personal jurisdiction only exists when the defendant's contacts with the forum involve "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 131 S. Ct. at 2851. So "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *BMS*, 137 S. Ct. at 1778, 1781 (finding no specific jurisdiction over foreign defendant even though defendant pharmaceutical company sold "almost 187 million Plavix pills in the State and took in more than $900 million from those sales").

In applying these doctrines, both the United States Supreme Court and the Sixth Circuit have recognized a bedrock principle: the jurisdictional contacts of a subsidiary corporation are not imputed to the parent. *See Shaffer v. Heitner,* 433 U.S. 186, 216 (1977) (ownership of shares in a corporation located in a particular forum insufficient for personal jurisdiction); *Dean*, 134 F.3d at 1274 (applying rule). Neither specific nor general personal jurisdiction exists here.[2]

### 1. There Is No General Jurisdiction Over Teva Ltd.

The Supreme Court has made clear that a foreign corporation may not be subject to general jurisdiction on the basis of the contacts of its subsidiary unless the parent itself is "at home" in the jurisdiction. *Daimler*, 134 S. Ct. at 759. This means that, for Teva Ltd. to be

---

[2] To the extent Plaintiffs argue that the proper analysis under the Fifth Amendment for Plaintiffs' federal RICO claims requires an evaluation of Teva Ltd.'s contacts with the United States as a whole (as opposed to just the forum state), personal jurisdiction is still lacking. As an initial matter, *BMS* calls into question such a nationwide-contacts analysis. *BMS*, 137 S. Ct. at 1780; *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio 2018) (holding that *BMS* is not limited to federal claims). More fundamentally, Teva Ltd. is not at home in the United States and lacks any claim-specific connections to not just Ohio, but the entire United States as a whole; thus, no personal jurisdiction exists over Teva Ltd. under even the most expansive of standards.

subject to general personal jurisdiction in this Court, it must have its "domicile, place of incorporation, [or] principal place of business" in Ohio.  *Goodyear*, 131 S. Ct. at 2854.

There is no dispute that Teva Ltd. is domiciled, incorporated, and has its principal place of business outside the United States (Compl. ¶ 74) – and, therefore, it cannot be said to be "at home" in Ohio or anywhere else in the United States.  (West Decl. ¶ 2.)  Nor does general personal jurisdiction exist over Teva Ltd. because it is Cephalon's and Teva USA's ultimate corporate parent or allegedly benefits from their conduct.  Because Teva Ltd. is not "at home" in Ohio or anywhere else in the United States, the Court should dismiss all claims against Teva Ltd. for lack of personal jurisdiction.

## 2. There Is No Specific Personal Jurisdiction Over Teva Ltd.

The Sixth Circuit has identified three requirements that must be met for specific jurisdiction to apply:  "First, the defendant must purposefully avail himself of the privilege of acting in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."  *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016).  Ultimately, there must be a specific nexus between the defendant's contact with the forum state and the underlying claim—thus, "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1778, 1781 (finding no specific jurisdiction over non-resident defendant even though defendant pharmaceutical company sold "almost 187 million Plavix pills in the State and took in more than $900 million from those sales").

Plaintiffs have not met and cannot meet their burden with respect to these requirements. Plaintiffs concede that Teva Ltd. "is an Israeli corporation" (Compl. ¶ 74; West Decl. ¶ 2.), and

9

the few allegations concerning Teva Ltd. all stem from the fact that Teva USA is a "wholly-owned subsidiary of [] Teva Pharmaceutical Industries, Ltd." and that "in 2011, Teva Ltd. acquired Cephalon, Inc." (*Id.* ¶¶ 74-75.) But Teva Ltd. cannot be subject to personal jurisdiction in this Court merely because it has an ownership interest in two subsidiaries who operate in Ohio. Under controlling law, "[s]tock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contacts." *Prakash v. Altadis U.S.A. Inc.*, No. 5:10CV0033, 2012 WL 1109918, at *21 (N.D. Ohio Mar. 30, 2012); *see also Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363 (6th Cir. 2008) (applying principle to grant motion to dismiss claims against parent company for lack of personal jurisdiction); *Dean*, 134 F.3d at 1273–74 (6th Cir. 1998) (holding that personal jurisdiction does not exist "merely by owning all or some of a corporation subject to jurisdiction" and that "Dean must provide sufficient evidence for us to conclude that Accor is being brought into court for something that it has done, not for something that Motel 6 Operating [its subsidiary] has done*"*); *Velandra v. Regie Nationale des Usines Renault*, 336 F.2d 292, 297 (6th Cir. 1964) (holding that "the ownership of the subsidiary carrying on local activities . . . is not sufficient of itself to hold the present [parent] corporations amenable to personal jurisdiction.").

In addition, Teva Ltd. does not market, promote, or sell opioids in the United States and Cephalon and Teva USA operate independently of Teva Ltd. (West Decl. ¶¶ 2-6.) Teva Ltd. therefore has no connection with any of the alleged marketing activities out of which the Plaintiffs' claims arise. (*Id.*) In short, Plaintiffs have failed to allege any "case-linked" contacts by Teva, Ltd. with this jurisdiction. For the same reasons, in *City of Chicago*, the Court rejected—at the motion to dismiss stage—similar allegations as those raised here "as insufficient

10

to suggest that Teva Ltd. controls Cephalon to such a degree that Cephalon's contacts with Illinois can be imputed to Teva, Ltd." *City of Chi.*, 2015 WL 2208423, at *7.

### C. Decisions Across The Country Have Held That No Personal Jurisdiction Exists Over Teva Ltd. In The United States.

Teva Ltd. has challenged personal jurisdiction successfully in other courts throughout the country. The result here should be the same: there is no general or specific personal jurisdiction over Teva Ltd. in Ohio or elsewhere in the United States.

In *City of Chicago.,* a similar action was brought against Teva. Ltd., Cephalon, Teva USA, and other pharmaceutical defendants based upon the alleged false and misleading marketing of opioid medicines. Judge Alonso dismissed the complaint against Teva Ltd. for lack of personal jurisdiction. 2015 WL 2208423, at *7. Applying controlling Supreme Court law and constitutional due process principles, Judge Alonso held that Cephalon and Teva USA's contacts with Illinois could not be imputed to their parent corporation, Teva, Ltd. *Id.* He expressly found that there was no specific personal jurisdiction, even though "the websites for Cephalon's Actiq and Fentora products display Teva, Ltd.'s logo," "the Teva, Ltd. website touts its, *i.e.,* Cephalon's, opioid products," and "Teva, Ltd.'s SEC filings include information about Cephalon." *Id.* Because the municipality failed to allege even a colorable basis to support personal jurisdiction over Teva Ltd., Judge Alonso also denied jurisdictional discovery.

Notably, the allegations considered and ***rejected*** by the *City of Chicago* court more than two years ago are nearly identical to those made in this action—and, in fact, the *City of Chicago* case was transferred to this MDL proceeding. Despite multiple opportunities to assert additional allegations to try to establish personal jurisdiction over Teva Ltd., Plaintiffs have not done so— and simply cannot do so. The logic of *City of Chicago* should govern.

Likewise, other courts across the country similarly have held that there is no personal jurisdiction over Teva Ltd. because it does not conduct business—much less opioid-related marketing—in the United States. *See, e.g.*, *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (affirming holding that no personal jurisdiction exits over Teva Ltd. in Louisiana and that court did not abuse discretion in denying motion for additional discovery); *Smith v. Teva Pharm. USA, Inc.*, No. 17-61058-CIV, 2018 WL 550252, at \*3 (S.D. Fla. Jan. 24, 2018) (dismissing claims against Teva Ltd. for lack of personal jurisdiction because evidence showed that Teva Ltd. "does not engage in substantial activity in Florida, does not conduct any business in Florida . . . and—by virtue of having no contact whatsoever with the state—could not have committed a tortious act here"); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 3129147, at \*3, 7–8 (E.D. Pa. July 24, 2017) (finding no specific personal jurisdiction over Teva Ltd., in part, because it did not direct activities at Pennsylvania and "[a]lthough . . . subsidiaries and affiliates of Teva Ltd. conduct business in Pennsylvania, these subsidiaries and affiliates are separate legal entities with separate boards of directors that are managed and supervised independently of . . . Teva Ltd."); *see also Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 CV 114 (VB), 2017 WL 4122621, at \*3 (S.D.N.Y. Sept. 14, 2017) (finding no general personal jurisdiction over Teva Ltd. in New York and denying request for jurisdictional discovery).

In response to this clear line of authority in which Article III courts have faithfully applied clear Supreme Court precedent and well-established constitutional principles, Plaintiffs likely will rely upon an interlocutory Ohio trial court decision in *State of Ohio v. Purdue Pharma L.P.*, Case No. CV-17 CI 000261 (Ross County), that is clearly erroneous. There, the state court did not even acknowledge—much less comply with—the constitutional due process principles governing personal jurisdiction. The trial court did not cite or discuss *BMS*, *Daimler*, or *Goodyear*. It did

12

not evaluate general and specific jurisdiction, including the unique requirements applicable to each form of personal jurisdiction, as mandated by the United States Supreme Court.  It ignored each of the cases cited above by courts across the country holding that Teva Ltd. is not subject to personal jurisdiction.  And it did not even make a finding that Teva Ltd. is at home in Ohio or engaged in any marketing-related conduct in Ohio, as required under controlling law.   Because the trial court disregarded the proper constitutional framework, it reached the wrong conclusion— which is inconsistent with controlling Supreme Court and Sixth Circuit law.  This Court should resist any suggestion by Plaintiffs that it repeat the errors of the Ross County court.

Put simply, the logic of *City of Chicago* and the other decisions cited above make clear that personal jurisdiction does not exist over Teva Ltd. in this case.  As the West Declaration establishes, Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States.  (West Decl. ¶ 2).  And while Teva USA and Cephalon do conduct such business, their conduct cannot be attributed to Teva Ltd. for purposes of personal jurisdiction.  *See e.g., City of Chicago,* 2015 WL 2208423, at *7.

## IV.    CONCLUSION

Plaintiffs have not met their burden.  There is no general personal jurisdiction over Teva Ltd. because it is an Israeli company that is not at home in the United States.  And there is no specific jurisdiction because Teva. Ltd. does not market and sell opioids anywhere in the United States, let alone Ohio.  Exercising personal jurisdiction over Teva Ltd. in this action would violate fundamental principles of fairness and due process.  Teva Ltd. is an Israeli company with no connection to Ohio, and it should not be forced to incur substantial burden and expense defending itself in this action.  Accordingly, Teva Ltd. respectfully requests that this Court grant Teva Ltd.'s motion to dismiss all claims against it for lack of personal jurisdiction.

Dated:  January 15, 2019

Respectfully submitted,

*/s/ Steven A. Reed*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals Industries Ltd*

## LOCAL RULE 7.1(F) CERTIFICATION

    I certify that this case has been assigned to the "litigation track" pursuant to CMO One and that this Memorandum adheres to the page limitations set forth in Case Management Order One (Dkt. 232) and L.R. 7.1(f).

Dated: January 15, 2018                      By: /s/ *Steven A. Reed*
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1701 Market St.
                                                Philadelphia, PA 19103-2921
                                                Telephone: (215) 963-5000
                                                Facsimile: (215) 963-5001
                                                steven.reed@morganlewis.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 15, 2019, a copy of the foregoing Memorandum Of Law In Support Of The Motion Of Defendant Teva Pharmaceutical Industries Ltd. To Dismiss The Second Amended Complaint Against For Lack Of Personal Jurisdiction, along with all exhibits thereto and a proposed order, was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  If electronic notice is not indicated through the court's e-filing system, a true and correct copy of the foregoing document was delivered via electronic mail or U.S. Mail

Dated:  January 15, 2019                        */s/ Steven A. Reed*
                                                                     Steven A. Reed