# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | MDL No. 2804 |
| ------------------------------------------------ | ) | |
| This document relates to: | ) | |
| | ) | |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*; Case No. 1:18-op-45090 | ) | CASE NO. 1:17-MD-2804-DAP |
| | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | |

## MALLINCKRODT PLC'S MOTION BY SPECIAL APPEARANCE FOR LEAVE TO FILE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW

Out of an abundance of caution, and to the extent the Court deems it necessary, Mallinckrodt plc, specially appearing, respectfully requests leave to file the enclosed Motion to Dismiss and supporting Memorandum of Law for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  In support, Mallinckrodt plc states as follows:

1. The Court's April 11, 2018 Case Management Order One (CMO 1) expressly provided that "nothing in this Order is intended to waive any Defendant's right to file an individual motion to dismiss in any or all of the above-listed cases in the future on any grounds, including lack of personal jurisdiction." CMO 1 §2(j). The "above-listed cases" included *County of Summit*. *See* CMO 1 §2(b).

2. CMO 1 also provided that "[n]o party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties." *See* CMO 1 §6(g).

3.  On January 11, 2019, Mallinckrodt plc, without waiver of its defenses (including lack of personal jurisdiction) and in accordance with the Court's November 9, 2018 Order, Dkt. No. 1108,  executed a service waiver provided by Plaintiffs which stated that "[t]he court's stay of all filings includes a stay on the filings of answers or motions under Rule 12."

4.  Mallinckrodt plc is not subject to personal jurisdiction and is not a proper Defendant in this case, because it has never produced opioid products and has no sufficient contacts with the State of Ohio to support the exercise of jurisdiction.

5.  Plaintiffs have refused to voluntarily dismiss Mallinckrodt plc from this case.

6.  Efficient progress of this case requires the resolution of questions of personal jurisdiction over a Defendant before this case proceeds against that Defendant.

7.  Accordingly, to the extent the Court deems it necessary, and in light of the recent service waiver in the above-titled case and Plaintiffs' refusal to voluntarily dismiss Mallinckrodt plc from this case, Mallinckrodt plc respectfully makes the following request for leave to file.

WHEREFORE, Mallinckrodt plc, specially appearing, respectfully requests this Honorable Court to grant Mallinckrodt plc's Motion for Leave to File the attached Motion to Dismiss and Memorandum of Law and enter the proposed form of Order.


Dated: January 15, 2019                    Respectfully submitted,

                                           */s/ Brien T. O'Connor*
                                           Brien T. O'Connor
                                           Andrew J. O'Connor
                                           ROPES & GRAY LLP

Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel specially appearing for Defendant*
*Mallinckrodt plc*

**CERTIFICATE OF SERVICE**

This is to certify that on the 15th of January 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/ *Brien T. O'Connor*
Brien T. O'Connor

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | MDL No. 2804 |
| ------------------------------------------------- | ) | |
| This document relates to: | ) | |
| | ) | |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*; Case No. 1:18-op-45090 | ) | CASE NO. 1:17-MD-2804-DAP |
| | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | |

## [PROPOSED] ORDER

Before this Court is Mallinckrodt plc's Motion by Special Appearance for Leave to File a Motion to Dismiss for Lack of Personal Jurisdiction and supporting Memorandum of Law under Federal Rule of Civil Procedure 12(b)(2). Having considered the record and the submission of the parties,

**IT IS HEREBY ORDERED**, that Mallinckrodt plc's Motion for Leave is **GRANTED**. The Court will now consider as filed, Mallinckrodt plc's attached Motion and Memorandum.

**IT IS SO ORDERED.**

Dated this ____ day of _____, 2019

_____
Honorable Dan Aaron Polster
United States District Court Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | MDL No. 2804 |
| ------------------------------------------------- | ) | |
| This document relates to: | ) | |
| | ) | CASE NO. 1:17-MD-2804-DAP |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*; Case No. 1:18-op-45090 | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | |

**MALLINCKRODT PLC'S MOTION BY SPECIAL APPEARANCE TO DISMISS THE CORRECTED SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant Mallinckrodt plc, specially appearing and pursuant to the Court's April 11, 2018 Case Management Order One (CMO 1),[1] moves to dismiss the Corrected Second Amended Complaint and Jury Demand filed by the County of Summit, Ohio, *et al.* on May 29, 2018, Dkt. No. 513, for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As explained in the enclosed Memorandum of Law, Mallinckrodt plc is an Irish holding company that has never marketed, manufactured, or distributed opioids in the United States or anywhere else. It did not and could not engage in any alleged conduct relating to the manufacture or sale of opioids in the United States because it does not hold and has never held a U.S. Drug Enforcement Administration registration. Despite this information, and in

---

[1] On January 11, 2019, Mallinckrodt plc, without waiver of its defenses (including lack of personal jurisdiction) and in accordance with the Court's November 9, 2018 Order, Dkt. No. 1108, executed a service waiver in the above entitled action. Mallinckrodt plc has not yet had a chance to file an individual motion to dismiss and CMO 1 expressly provides that "nothing in this Order is intended to waive any Defendant's right to file an individual motion to dismiss in any or all of the above-listed cases," which include this action. *See* CMO 1 §2(j). Therefore, because Mallinckrodt plc is an Irish holding company over which no personal jurisdiction exists, Mallinckrodt plc seeks to enter this motion according to the provisions in CMO 1 pursuant to the Motion for Leave filed hereto.

derogation of clear Ohio law, Sixth Circuit law, and guidance from this Court, Plaintiffs in this action have required Mallinckrodt plc to expend the parties' and this Court's resources litigating what is self-evident; Mallinckrodt plc is not subject to personal jurisdiction in this Court and in this case. Mallinckrodt plc should therefore be dismissed from this case, with prejudice.

Accordingly, Mallinckrodt plc respectfully requests that its Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule 12(b)(2) be granted.

Dated: January 15, 2019

Respectfully submitted,

*/s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel specially appearing for Defendant Mallinckrodt plc*

## CERTIFICATE OF SERVICE

This is to certify that on the 15th of January 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.


/s/ *Brien T. O'Connor*
Brien T. O'Connor

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | MDL No. 2804 |
| ------------------------------------------------- | ) | |
| This document relates to: | ) | |
| | ) | CASE NO. 1:17-MD-2804-DAP |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*; Case No. 1:18-op-45090 | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MALLINCKRODT PLC'S MOTION BY**
**SPECIAL APPEARANCE TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Best v. AT&T Inc.*,
  2014 WL 12571407 (S.D. Ohio Sept. 14, 2014) ...........................................1, 7, 12

*Brutz v. Stillwell*,
  2010 WL 1924471 (N.D. Ohio May 12, 2010)....................................................5, 11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................................10, 11

*Buschle v. Coach, Inc.*,
  2017 WL 1154089 (S.D. Ohio Mar. 20, 2017) ........................................................5

*Conn v. Zakharov*,
  667 F.3d 705 (6th Cir. 2012) ...................................................................................5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)................................................................................................10

*Dean v. Motel 6 Operating L.P.*,
  134 F.3d 1269 (6th Cir. 1998) ................................................................................12

*Garlock v. Ohio Bell Telephone Co.*,
  2014 WL 2006781 (N.D. Ohio May 15, 2014)...........................................6, 7, 8, 10

*Kerry Steel, Inc. v. Paragon Industries, Inc.*,
  106 F.3d 147 (6th Cir. 1997) ...................................................................................5

*MacDonald v. Navistar International Transportation Corp.*,
  143 F.Supp.2d 918 (S.D. Ohio, 2001) .....................................................................9

*Market/Media Research, Inc. v. Union Tribune Pub.*,
  951 F.2d 102 (6th Cir. 1991) ...................................................................................5

*Matthews v. Kerzner International Ltd.*
  2011 WL 5122641, at *5 (N.D. Ohio Oct. 27, 2011) ...............................................9

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*,
  954 F.2d 1174 (6th Cir. 1992) ................................................................................4

*Modern Holdings, LLC v. Corning Inc.*,
  2015 WL 1481443 (E.D. Ky. Mar. 31, 2015)...........................................................7

*Southern Machine Co. v. Mohasco Industries*,
    401 F.2d 374 (6th Cir. 1968) ................................................................................................11

*United States v. Bestfoods*,
    524 U.S. 51 (1998).................................................................................................................8

**Statutes**

OHIO REV. CODE ANN. 2307.382(A)(1)-(4) (West 2018) .............................................................6

**Other Authorities**

U.S. Const. amend. XIV ......................................................................................................1, 2, 5, 10

Fed. R. Civ. P. 12(b)(2)........................................................................................................................1

Defendant Mallinckrodt plc, by counsel, specially appearing, respectfully submits this Memorandum of Law in Support of its Motion by Special Appearance to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## INTRODUCTION

Ohio's long-arm statute and the Due Process Clause of the Fourteenth Amendment prohibit the exercise of jurisdiction over foreign companies that, like Mallinckrodt plc, have no relevant contacts with Ohio.  The Court's November 9, 2018 Order similarly makes clear that "a foreign subsidiary or parent that *has not sold or distributed prescription opiates in the United States* during the relevant time period" is not a proper party to this action.  *See* Dkt. No. 1108 (emphasis added).  Mallinckrodt plc falls squarely within the Court's prohibitory language; its continued inclusion as a Defendant is contrary to Sixth Circuit law.  As Plaintiffs concede, "Mallinckrodt plc is an *Irish* public limited company with its headquarters in *Staines-Upon-Thames, Surrey, United Kingdom*."  Corrected Second Amended Complaint ("Compl.") ¶ 100 (emphasis added).[2]  It maintains no contacts with Ohio and never has.  Mallinckrodt plc's counsel has repeatedly made clear to Plaintiffs that Mallinckrodt plc has never manufactured, sold, or distributed opioid medications—the activity at issue in the complaint—in Ohio or anywhere else in the United States.  Mallinckrodt plc did not and, critically, could not engage in *any* conduct relating to the manufacture, sale, or distribution of opioids in the United States because it does not hold (and has never held) the U.S. Drug Enforcement Administration

---

[2]     Plaintiffs puzzlingly assert that "Mallinckrodt plc also operates under the registered business name Mallinckrodt Pharmaceuticals, with its U.S. headquarters in Hazelwood, Missouri." Compl. ¶ 100.  However, putting aside that as an obvious legal matter a registered business name can have no headquarters, this statement, even if true, is irrelevant to any jurisdictional claims.  As Ohio courts have held when dismissing parent companies for lack of personal jurisdiction, "the use of [a] brand and logo [owned by the parent company and] shared by multiple companies offering different products and services … does not signify that the services are being offered or provided by [the parent company]."  *See Best v. AT&T Inc.*, 2014 WL 12571407, at *5 (S.D. Ohio Sept. 14, 2014).  That Mallinckrodt plc owns a registered business name that broadly refers to the Mallinckrodt family of companies does not suggest that Mallinckrodt plc has any, let alone minimum, contacts with Ohio.  Nor could it.  *See generally* Affidavit of Alasdair J. Fenlon.

("DEA") registration required to do so.  Despite all this, Plaintiffs have ignored the Court's clear directive and their continued refusal to dismiss Mallinckrodt plc has necessitated this motion.

The Court cannot exercise either general or specific jurisdiction over Mallinckrodt plc and Plaintiffs' Complaint pleads no facts to the contrary.  Nor could it.  Instead, Plaintiffs summarily lump Mallinckrodt plc together with legally separate and distinct U.S.-based companies Mallinckrodt LLC and SpecGx LLC (the entities that manufactured and sold opioid medications) and refers to all three companies generically as "Mallinckrodt."  *Id.*  Although subsidiaries of Mallinckrodt plc own shares in Mallinckrodt LLC and, in turn, SpecGx LLC, it is black letter law that such ownership is insufficient to establish personal jurisdiction. Accordingly, even accepting Plaintiffs' allegations as true, the Court should dismiss Plaintiffs' claims against Mallinckrodt plc with prejudice for lack of personal jurisdiction.

### STATEMENT OF FACTS AND OVERVIEW

On April 11, 2018, this Court entered Case Management Order One (CMO 1), establishing a litigation track for three bellwether cases, including the action brought by Summit County in its Corrected Second Amended Complaint.  *See* CMO 1, Dkt. No. 232.  CMO 1 allowed Plaintiffs to amend their complaints (including the *Summit County* action) while stating that "Plaintiffs shall not name as a Defendant, nor seek to serve, any entity as to which Plaintiffs lack a good faith basis to assert that the entity is subject to personal jurisdiction in this Court." *See id.* ¶ 6(d).

Despite this Court's Order, on April 25, 2018, without providing a good faith basis to assert that Mallinckrodt plc is subject to personal jurisdiction in this Court, Summit County amended its Complaint and for the first time named Mallinckrodt plc.  *See generally* Dkt. No. 294.  On May 29, 2018, Plaintiffs filed the operative Corrected Second Amended Complaint, which renamed Mallinckrodt plc as a defendant.  *See generally* Dkt. No. 513.

Although Plaintiffs premise their entire action on the Defendants' alleged marketing, sale, and distribution of opioids, the Complaint's description of Mallinckrodt plc alleges that "Mallinckrodt plc is an ***Irish*** public limited company with its headquarters in ***Staines-Upon-Thames, Surrey, United Kingdom***" that was created "for the purpose of ***holding*** … pharmaceutical[] business[es]."  Compl. ¶ 100 (emphasis added).  Plaintiffs do not allege that Mallinckrodt plc—as opposed to its indirectly owned domestic subsidiaries Mallinckrodt LLC and SpecGx LLC—undertook any specific marketing, manufacturing, selling, or opioid distributing conduct.

Nor could they.  Mallinckrodt plc is an Irish public limited company with its headquarters and principal place of business in the United Kingdom.  Affidavit of Alasdair J. Fenlon ("Fenlon Aff.") ¶ 2.  Mallinckrodt plc does not market, manufacture, sell, or distribute opioid drugs in Ohio or elsewhere; it does not have a U.S. Drug Enforcement Administration registration of any kind that would allow it to do so.  *Id.* ¶ 3.  In fact, Mallinckrodt plc does not do business in Ohio and is not licensed or authorized to do business in Ohio by the Secretary of State or any other entity.  *Id.* ¶ 8.  Mallinckrodt plc does not use, maintain, or own any offices, real property or facilities in Ohio.  *Id.* ¶ 4.  Mallinckrodt plc has never maintained any registered agent or other person authorized to accept service of process in Ohio.  *Id.* ¶ 9.  And, Mallinckrodt plc does not have any employees, officers, or agents in Ohio.  *Id.* ¶¶ 4, 5.  In short, Mallinckrodt plc has had no relevant contacts with Ohio at all.

Instead, Mallinckrodt plc is a holding company and the ultimate parent company of Mallinckrodt LLC and SpecGx LLC.  *Id.* ¶ 2.  Mallinckrodt LLC and SpecGx LLC are Delaware limited liability companies headquartered in St. Louis, Missouri, and they are distinct legal entities from Mallinckrodt plc.  *Id.* ¶¶ 10-12.  Mallinckrodt plc does not exercise day-to-day

control or management of the operations of Mallinckrodt LLC or SpecGx LLC.  *Id.* ¶ 14.  Nor does Mallinckrodt plc direct corporate-wide marketing or sales strategies for Mallinckrodt LLC or SpecGx LLC.  *Id.*  Mallinckrodt plc's counsel confirmed these facts with Plaintiffs' counsel and requested that Plaintiffs voluntarily dismiss Mallinckrodt plc to avoid the needless expenditure of resources by the parties and this Court; however, Plaintiffs declined to do so.

Plaintiffs further declined to voluntarily dismiss Mallinckrodt plc after Mallinckrodt plc's counsel renewed their request following this Court's November 9, 2018 Order.  That Order stated that, "[s]hould it turn out that a Plaintiff amends its complaint to add a foreign subsidiary or parent that has not sold or distributed prescription opiates in the United States during the relevant time period, the Court will impose monetary sanctions upon that Plaintiff and/or counsel."  *See* Dkt. No. 1108.  Plaintiffs have not alleged in their Complaint or provided to undersigned counsel any facts that would support a good faith basis to include Mallinckrodt plc.  Its continued inclusion as a Defendant in this and other actions consolidated in this MDL is in direct contravention of this Court's CMO 1 and November 9, 2018 Order.  Nor is there any basis in Ohio or Sixth Circuit law to exercise personal jurisdiction here.  As such, Mallinckrodt plc respectfully requests that the Court dismiss the Complaint against it.

**ARGUMENT**

I.      <u>**The Court Lacks Personal Jurisdiction Over Mallinckrodt plc**</u>

Summit County "bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant. . . ."  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).  Specifically, Plaintiffs must demonstrate—at the pleading stage—that jurisdiction is proper under both (1) Ohio's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment.  *Id.*; *see also Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (applying two-part test where the

Court's subject matter jurisdiction was based on a federal question).  To meet this burden, "[i]n the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction." *Buschle v. Coach, Inc.*, 2017 WL 1154089, at *2 (S.D. Ohio Mar. 20, 2017)

Moreover, although Plaintiffs' pleading is insufficient to establish personal jurisdiction on its face, where, as here, a Defendant's affidavit presents undisputed facts, the Court is permitted to "turn to the plaintiff's complaint and the affidavits to determine whether a *prima facie* case was presented here." *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).  Numerous courts in Ohio and the Sixth Circuit have therefore granted motions to dismiss for lack of personal jurisdiction, prior to an evidentiary hearing, where the undisputed facts do not show that the defendant has sufficient contacts with Ohio.  *See id.; see also Market/Media Research, Inc. v. Union Tribune Pub.*, 951 F.2d 102, 106 (6th Cir. 1991) (dismissing complaint for lack of personal jurisdiction, and holding that case law "should not be read to require the district court to hold an evidentiary hearing when, as in the instant case, a plaintiff's pleadings and affidavits are insufficient to make a prima facie showing of facts supporting the court's assertion of *in personam jurisdiction*"); *Brutz v. Stillwell*, 2010 WL 1924471, at *10 (N.D. Ohio May 12, 2010) ("In the absence of an evidentiary hearing, … [u]pon review, the Court finds that plaintiffs have not made a prima facie case of specific personal jurisdiction over [the defendant].").

As explained below, Plaintiffs cannot meet either prerequisite for personal jurisdiction over Mallinckrodt plc, and Plaintiffs' attempt to gloss over these deficiencies in the Complaint fails.

## A. Mallinckrodt plc is not subject to personal jurisdiction under Ohio's long-arm statute.

Plaintiffs have failed to make any allegations that would allow this Court to exercise personal jurisdiction over Mallinckrodt plc pursuant to Ohio's long-arm statute. Ohio's long-arm statute permits Ohio courts to exercise personal jurisdiction over a non-resident defendant only in specifically defined and limited circumstances. These limited circumstances include where the plaintiff's claims arise from the defendant's (1) transacting business in Ohio, (2) contracting to supply services or goods in Ohio, (3) causing tortious injury in Ohio by an act or omission in Ohio, or (4) causing tortious injury in Ohio by an act or omission outside of Ohio, provided that the injury arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within Ohio. *See* OHIO REV. CODE ANN. 2307.382(A)(1)-(4) (West 2018).

A mere recitation of the long-arm statute is insufficient to establish jurisdiction with "reasonable particularity," as required to survive a motion to dismiss. *See Garlock v. Ohio Bell Telephone Co.,* 2014 WL 2006781, at *2 (N.D. Ohio May 15, 2014). "The plaintiff must set forth specific facts showing that the court has jurisdiction." *Id.* Here, Plaintiffs do not allege *any* facts suggesting that Mallinckrodt plc engaged in any of the alleged conduct. Instead, Plaintiffs merely recite the long-arm statute with respect to all Defendants as an undifferentiated whole:

> This Court has personal jurisdiction over all Defendants under R.C. 2307.382 because the causes of action alleged in this Complaint arise out of each Defendants' transacting business in Ohio, contracting to supply services or goods in this state, causing tortious injury by an act or omission in this state, and because the Defendants regularly do or solicit business or engage in a persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in this state. Defendants have purposefully directed their actions towards Ohio and/or have the requisite minimum contacts with Ohio to satisfy any statutory or constitutional requirements for personal jurisdiction.

Compl. ¶ 26.  Nor could Plaintiffs' statement that personal jurisdiction "arise[s] out of *each* Defendants' transacting business in Ohio," *Id*. (emphasis added), apply to Mallinckrodt plc, which transacts no business in Ohio. Fenlon Aff. ¶ 7.  Nor could it.  As explained above (and repeatedly to Plaintiffs' counsel), Mallinckrodt plc is not and has never been licensed or authorized to do business in Ohio.  Fenlon Aff. ¶ 8.  Mallinckrodt plc further has never been permitted to manufacture or sell opiates anywhere in the United States, because it does not hold and has never held a U.S. Drug Enforcement Administration registration to do so under federal law. *Id. ¶* 3.

Similarly, Plaintiffs' attempt to avoid the patent lack of jurisdiction over Mallinckrodt plc by lumping it together with its indirect subsidiaries (Mallinckrodt LLC and SpecGx LLC) into one monolithic entity "Mallinckrodt" cannot establish jurisdiction.  *See Best v. AT&T Inc.*, 2014 WL 12571407, at *6 (S.D. Ohio Sept. 16, 2014) (dismissing parent company from complaint for lack of personal jurisdiction where, "[n]otably, plaintiff refers to AT&T Inc. as simply 'AT&T' throughout his memorandum and supplemental filings. It is therefore unclear to the Court whether plaintiff comprehends the distinction between the two named defendants in this matter….") (internal citations omitted). Plaintiffs must demonstrate that Mallinckrodt plc "itself"—like each Defendant named in the litigation—conducts sufficient business in Ohio to satisfy the requirements of personal jurisdiction.  *See Garlock*, 2014 WL 2006781, at *3 (dismissing parent company and holding that Plaintiffs' evidence "shows that it is [Defendant's] *subsidiaries and affiliates* that are conducting business in Ohio, not [the parent company] itself. . . . Thus, the Court finds that Plaintiffs do not satisfy the requirements for personal jurisdiction … [under] Ohio's long-arm statute.") (emphasis added); *see also Modern Holdings, LLC v. Corning Inc.*, 2015 WL 1481443, at *5 (E.D. Ky. Mar. 31, 2015)) (emphasis in original)

(holding that Plaintiff "must demonstrate that [Defendant], *on its own*, maintains sufficient contacts with [the forum state] so as to satisfy the requirements of personal jurisdiction."). Plaintiffs have failed to set forth any allegations indicating that Mallinckrodt plc *itself* committed acts in or affecting Summit County or the State of Ohio—let alone acts giving rise to Plaintiffs' claims. As explained above, Mallinckrodt plc does not and cannot legally engage in any conduct relating to the manufacture, sale, or distribution of opioids anywhere in the United States, let alone Ohio. Fenlon Aff. ¶ 3. Plaintiffs' failure to plead any facts to the contrary compels dismissal.

Plaintiffs' allegations regarding Mallinckrodt plc's (indirect) ownership of Mallinckrodt LLC and SpecGx LLC do not change this result. "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal citation omitted). Thus, even assuming for the purposes of this motion that Mallinckrodt plc's indirect subsidiaries (Mallinckrodt LLC and SpecGx LLC) conducted business in Ohio, that fact alone would not justify exercising personal jurisdiction over Mallinckrodt plc.

For example, in *Garlock*, this Court held that it lacked personal jurisdiction over a parent holding company that did not maintain any direct contacts or activities within Ohio. G*arlock*, 2014 WL 2006781, at *3. Although the holding company owned and retained control of subsidiaries conducting business in Ohio, the court explained that such control was insufficient to satisfy the requirements for personal jurisdiction under Ohio's long-arm statute. *Id.* The *Garlock* plaintiff provided evidence establishing that the parent company's "subsidiaries and affiliates [] are conducting business in Ohio," but, much like Plaintiffs here, nonetheless offered

8

"no other written materials providing that [the parent company] conducted or entered into contracts for the supply of goods or services in Ohio." *Id.*

Similarly, in *Matthews v. Kerzner International Ltd.*, this Court again declined to impute the jurisdictional contacts of a subsidiary onto a parent company, holding that "the court considers the jurisdictional facts in relation to the appropriate Defendant" and noting that "there is nothing inherently improper about corporations creating subsidiaries to perform specific functions…." 2011 WL 5122641, at *5 (N.D. Ohio Oct. 27, 2011) (quotations omitted).  Thus, as numerous Ohio courts have recognized, "the mere fact that a parent company has a wholly-owned subsidiary" subject to jurisdiction in the forum state "does not render the parent company subject to personal jurisdiction of the courts therein" where "the parent corporation and its subsidiary maintain separate and distinct corporate entities…." *MacDonald v. Navistar International Transportation Corp.*, 143 F.Supp.2d 918, 924 (S.D. Ohio, 2001) (citation omitted); *see also* Fenlon Aff. ¶ 12 (explaining that Mallinckrodt plc is a separate legal entity from its indirect subsidiaries Mallinckrodt LLC and SpecGx LLC, which are not divisions or branches of Mallinckrodt plc).

Here, Plaintiffs have not alleged any facts suggesting that Mallinckrodt plc and its subsidiaries are not "separate and distinct corporate entities."  In fact, the Complaint's spare reference to Mallinckrodt plc in only two paragraphs recognizes that Mallinckrodt LLC and SpecGx LLC are distinct corporate entities, with separate incorporations, and are "wholly owned subsidiar[ies] of Mallinckrodt plc."  Compl. ¶¶ 100, 864.  Accordingly, the Court cannot exercise personal jurisdiction over Mallinckrodt plc via the Ohio long-arm statute.

### B.  Mallinckrodt plc is not subject to personal jurisdiction under the Fourteenth Amendment.

The Court need not reach the due process inquiry because Ohio's long-arm statute does not confer jurisdiction over Mallinckrodt plc. *See Garlock*, 2014 WL 2006781, at *7 ("Since Plaintiff is unable to satisfy the requirements of Ohio's long-arm statute for personal jurisdiction, it is not necessary for the Court to evaluate [Defendant's] personal jurisdiction under the Constitution's Due Process Clause"). Regardless, Plaintiffs fail to satisfy the due process requirements set forth by the Sixth Circuit and United States Supreme Court, providing an independent basis for dismissal. Separate and apart from the requirements of the Ohio long-arm statute, due process under the United States Constitution requires that, before subjecting a defendant to personal jurisdiction of the Court, "a defendant purposefully established minimum contacts within the forum state" such that "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts may give rise to two types of jurisdiction: general and specific. Neither exists here.

### 1. The Court lacks general jurisdiction because Mallinckrodt plc is not "at home" in Ohio.

A court may exercise general jurisdiction over a defendant who is "at home" in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Generally, a company is "at home" in the state where it is incorporated or has its principal place of business. *See id*. As explained above, Plaintiffs concede in their Complaint that "Mallinckrodt plc is an Irish public limited company with its headquarters in Staines-Upon-Thames, Surrey, United Kingdom." *See* Compl. ¶ 100. Mallinckrodt plc is not incorporated in Ohio, nor does it hold a principal place of business there. Accordingly, the Court cannot exercise general jurisdiction over Mallinckrodt plc.

> **2.  The Court lacks specific jurisdiction because Mallinckrodt plc has no contacts with Ohio, much less any contacts giving rise to the claims at issue.**

Nor can the Court exercise specific personal jurisdiction over Mallinckrodt plc.  To do so, Plaintiffs would have to show, as an initial matter, that Mallinckrodt plc "purposefully avail[ed] [itself] of the privilege of acting in" Ohio.  *See Southern Machine Co. v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir. 1968).  Furthermore, to establish specific personal jurisdiction, Plaintiffs' causes of action must "arise from" Mallinckrodt plc's activities in Ohio.  *Id.*  Finally, Mallinckrodt plc's connection with Ohio must be "substantial enough" to make the exercise of specific personal jurisdiction "reasonable" under the Due Process Clause.  *Id.*

The first factor, purposeful availment, is satisfied only when the defendant "'deliberately' has engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (internal citations omitted).  As explained above, Plaintiffs have not alleged that Mallinckrodt plc has *any* connection with, or engaged in *any* activities in, Ohio—much less substantial or significant ones.  The reason for that is simple and has been explained to counsel for Plaintiffs repeatedly: there were no such connections or activities.  *See* Fenlon Aff. ¶¶ 2-9 & 15.  Having failed to identify any connections at all, Plaintiffs cannot establish that their claims "arise from" Mallinckrodt plc's non-existent activities in Ohio.  And, as here, "attenuated connections [(much less, no connections)] to Ohio make it unreasonable to exercise personal jurisdiction…."  *Brutz v. Stillwell*, 2010 WL 1924471, at *12 (N.D. Ohio May 12, 2010)

Finally, as with the Ohio long-arm statute, Mallinckrodt plc's mere relationship with indirect subsidiaries, Mallinckrodt LLC and SpecGx LLC, does not establish specific jurisdiction under the Due Process Clause—even assuming that Mallinckrodt LLC and SpecGx LLC conducted business in Ohio as alleged in the Complaint.  It is well-established that "a company

does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (holding that defendant parent corporation did not purposely avail itself of the forum state because the plaintiff failed to "provide any direct evidence of [the parent]'s involvement in the operation of the [subsidiary]" and the parent did not take "*any* affirmative actions relating to [the forum state] beyond merely owning [the subsidiary]") (emphasis in original).  Ohio courts have thus held that Plaintiffs' claims must be dismissed where "[t]here is simply no evidence showing that [the parent company], as an entity separate and apart from the conduct of its subsidiaries and affiliates, has the minimum contacts with the State of Ohio necessary to establish that this Court has personal jurisdiction over it." *Best v. AT&T Inc.*, 2014 WL 12571407, at *7 (S.D. Ohio Sept. 16, 2014).

## CONCLUSION

For the foregoing reasons, Mallinckrodt plc respectfully requests that the Court dismiss the claims asserted by Plaintiffs against Defendant Mallinckrodt plc, with prejudice, for lack of personal jurisdiction.

Dated: January 15, 2019                    Respectfully submitted,

*/s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel specially appearing for Defendant Mallinckrodt plc*

12

## LOCAL RULE 7.1(F) CERTIFICATION

The Court's April 11, 2018 Case Management Order One ¶ 2.h states that the page limitations applicable to complex cases shall apply to the length of memoranda filed in support of motions. Under Rule 7.1(f), memoranda relating to dispositive motions in complex cases may not exceed thirty pages.

I hereby certify that this memorandum complies with Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio and the page limitations set forth therein.

Dated: January 15, 2019                    Respectfully submitted,

*/s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel specially appearing for Defendant*
*Mallinckrodt plc*

13

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL No. 2804 |
| -------------------------------------------------- | ) |
| This document relates to: | ) |
| | ) |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*; Case No. 1:18-op-45090 | ) CASE NO. 1:17-MD-2804-DAP |
| | ) |
| *City of Cleveland, et al. v. AmerisourceBergen Drug Corp., et al*; Case No. 1:18-op-45132 | ) |
| | ) |
| *County of Cuyahoga, et al. v. Purdue Pharma L.P., et al*; Case No. 1:17- op-45004 | ) JUDGE DAN AARON POLSTER |

## AFFIDAVIT OF ALASDAIR JOHN FENLON

I, Alasdair J. Fenlon, make oath and solemnly affirm:

1.      My name is Alasdair J. Fenlon.  I was employed by Mallinckrodt plc until January 1, 2016.  My current position is Director of Accounting with Mallinckrodt Pharma IP Trading DAC, an Irish incorporated subsidiary of Mallinckrodt plc.  My remit as Director of Accounting includes Mallinckrodt plc.  Each statement made in this affidavit is based upon facts within my personal knowledge obtained during the course of my employment at Mallinckrodt plc and in my current role, my investigation, and my review of relevant records.  I could and would testify to the same if called as a witness in this matter.

2.      Mallinckrodt plc is an Irish public limited company headquartered in the United Kingdom. Mallinckrodt plc is a holding company and the ultimate parent company of Mallinckrodt LLC and SpecGx LLC.

3.      Mallinckrodt plc has never marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor is it registered with the U.S. Drug Enforcement Administration to manufacture or sell opioid drugs.

4.      Mallinckrodt plc does not maintain an office in Ohio.  Mallinckrodt plc does not own, use, possess or lease any real property or facilities in Ohio.

5.      Mallinckrodt plc has never employed any persons in Ohio.

6.      Mallinckrodt plc's books, records, and management are all located outside of Ohio.

7.      Mallinckrodt plc has not regularly transacted or solicited any business or engaged in any other persistent course of conduct in Ohio.

8.      Mallinckrodt plc has never been licensed or authorized to do business in Ohio.

9.      Mallinckrodt plc has never maintained any registered agent or other person authorized to accept service of process within Ohio.

10.      Mallinckrodt LLC is a Delaware limited liability company headquartered in St. Louis, Missouri.

11.      SpecGx LLC is a Delaware limited liability company headquartered in St. Louis, Missouri.

12.      Mallinckrodt plc is a separate legal entity from its indirect subsidiaries, including Mallinckrodt LLC and SpecGx LLC, each of which observes corporate formalities.  Mallinckrodt LLC and SpecGx LLC are not divisions or branches of Mallinckrodt plc.

13.      Mallinckrodt plc does not exercise direct ownership of Mallinckrodt LLC or SpecGx LLC. Mallinckrodt plc owns certain subsidiary companies that, in turn, hold shares in (or are members of) companies that have ownership interests in Mallinckrodt LLC and its direct subsidiary SpecGx LLC.

2

14.     Mallinckrodt plc does not exercise day-to-day control, oversight, or management of the operations of Mallinckrodt LLC or SpecGx LLC.  Nor does Mallinckrodt plc direct corporate-wide marketing or sales strategies for Mallinckrodt LLC or SpecGx LLC.

15.     Mallinckrodt plc does not make decisions on where to direct Mallinckrodt LLC's or SpecGx LLC's activities in Ohio or other markets.

16.     Mallinckrodt plc maintains separate corporate records, tax returns, and financial statements from Mallinckrodt LLC and SpecGx LLC.

17.     Mallinckrodt plc does not manage the payroll, hiring, or bookkeeping of Mallinckrodt LLC or SpecGx LLC.


FURTHER AFFIANT SAYETH NOT.

_____
Alasdair John Fenlon  * CB

CB * Holder of an Irish
Passport No. PC4796748
CB

**SWORN** at DUBLIN, IRELAND

This 15 day of JANUARY 2019

Before me COLIN BYRNE

At DUBLIN, IRELAND

_____
Signature and Official Seal of
Person qualified to Administer Oaths

Colin Byrne
Notary Public
Dublin, Ireland
Commissioned For Life

3





## APOSTILLE
### (Convention de La Haye du 5 octobre 1961)

| | |
|---|---|
| **1. Country:** Pays/País: | **IRELAND** |
| **This public document** Le présent acte public / El presente documento público | |
| **2. has been signed by** a été signé par ha sido firmado por | Colin Byrne |
| **3. acting in the capacity of** agissant en qualité de quien actúa en calidad de | Notary Public |
| **4. bears the seal / stamp of** est revêtu du sceau / timbre de y está revestido del sello / timbre de | N/A |

**Certified**
Attesté / Certificado

| **5. at** à / en | Dublin | **6. the** le / el día | 15/01/2019 |
|---|---|---|---|
| **7. by** par / por | Department of Foreign Affairs and Trade | | |
| **8. No** sous no bajo el número | 4544282019 | | |
| **9. Seal / stamp:** Sceau / timbre Sello / timbre | **10. Signature:** Signature: Firma: | | |

This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued. To verify the issuance of this Apostille, see www.authentications.dfat.ie