UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* | Case No. 17-md-2804 |
| Case No. 18-op-45090 | Hon. Dan Aaron Polster |

**ANSWER AND AFFIRMATIVE DEFENSES OF
CEPHALON, INC.**

Defendant CEPHALON, INC.  (hereinafter "Defendant" or "Cephalon"),[1] by and through its undersigned counsel, hereby submits its Answer, Defenses, and Affirmative Defenses responding, by corresponding paragraph numbers, to each of the numbered paragraphs in the Corrected Second Amended Complaint ("Complaint") of Plaintiffs the County of Summit, Ohio, *et al.*[2] ("Plaintiffs").  For convenience only, Defendant uses the same headings and sub-headings used by Plaintiffs in the Complaint.

---

[1]  Cephalon's parent corporation, Defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), is an Israeli corporation that is not subject to personal jurisdiction in the United States.  Teva Ltd. only recently waived service pursuant to the Court's November 9, 2018 Order and has filed a motion to dismiss the (Corrected) Second Amended Complaint.  If Teva Ltd. is required to file an answer at a later date, it will do so.

[2]  The Plaintiffs in this action are: the County of Summit, Ohio; Summit County Public Health; the City of Akron; the City of Barberton; the Village of Boston Heights; Boston Township; the Village of Clinton; Copley Township; Coventry Township; the City of Cuyahoga Falls; the City of Fairlawn; the City of Green; the Village of Lakemore; the Village of Mogadore; the City of Munroe Falls; the City of New Franklin; the City of Norton; the Village of Peninsula; the Village of Richfield; the Village of Silver Lake; Springfield Township; the City of Stow; the City of Tallmadge; and Valley Fire District; as well as, for purposes of the statutory public nuisance claim, the State of Ohio by and through the chief legal officers of the foregoing jurisdictions, as set forth more fully in that claim for relief.

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into Cephalon's responses to each paragraph of the Complaint.

A.     Cephalon submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself. Where allegations are made against "Defendants" as a group, however described, Cephalon's responses only apply to itself.

B.     The Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These third-party publications and statements should be considered, if at all, in context and in unmodified form, and Cephalon hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.     Except as otherwise expressly stated herein, Cephalon expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, subparagraphs, headings, subheadings, table of contents, footnotes, and exhibits of the Complaint, and specifically denies any liability to Plaintiffs. To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to Cephalon, they are, unless otherwise admitted, denied.

D.     Cephalon reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ADMISSIONS AND DENIALS

1.      The allegations in Paragraph 1, and footnotes 1 and 2, state argument and conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1 and footnotes 1 and 2.

2.      The allegations in Paragraph 2 state argument and conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 2.

3.      Cephalon admits that it has manufactured and sold Actiq and Fentora to various customers at various times. To the extent that allegations in Paragraph 3 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies that remaining allegations of Paragraph 3.

4.      Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.

5.      To the extent that allegations in Paragraph 5 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 5.

6.      To the extent that allegations in Paragraph 6 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 6.

7.      To the extent that allegations in Paragraph 7 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to

the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 7.

8.      The allegations in Paragraph 8 are based on and quote from documents and/or speeches that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies the same.

9.      To the extent that allegations in Paragraph 9 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 9.

10.     To the extent that allegations in Paragraph 10 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 10.

11.     To the extent that allegations in Paragraph 11 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 11.

12.     Cephalon denies the allegations of Paragraph 12. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies the same. To the extent that allegations in Paragraph 12 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

13.     To the extent that allegations in Paragraph 13 relate to Defendants and other unidentified "drug companies" other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations of Paragraph 13.

14.     To the extent that allegations in Paragraph 14 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 14.

15.     To the extent that allegations in Paragraph 15 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 15.

16.     The allegations in Paragraph 16 appear to be based on documents and/or speeches that speak for themselves, and all characterizations thereof are denied.  To the extent that allegations in Paragraph 16 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 16.

17.     To the extent that allegations in Paragraph 17 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 17.

18.     To the extent that Paragraph 18 and footnote 3 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

To the extent that allegations in Paragraph 18 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 18.

19.     To the extent that Paragraph 19 and footnote 4 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that allegations in Paragraph 18 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 19.

20.     To the extent that allegations in Paragraph 20 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 20.

21.     To the extent that allegations in Paragraph 21 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 21.

22.     To the extent that allegations in Paragraph 22 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 22.

23.     To the extent that allegations in Paragraph 23 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and therefore denies the same.

24.     To the extent that allegations in Paragraph 24 relate to Defendants other than Cephalon and purport to explain why Plaintiffs brought the lawsuit, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 24, including that it is "responsible" for any "crisis."

25.     Paragraph 25 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 25.

26.     Paragraph 26 states conclusions of law to which no response is required. Cephalon denies that personal jurisdiction exists over Teva Pharmaceutical Industries Ltd ("Teva Ltd.").  To the extent that allegations in Paragraph 26 relate to Defendants other than Cephalon and Teva Ltd., Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 states conclusions of law to which no response is required. To the extent that allegations in Paragraph 27 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 27.

28.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies the same.

29.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

30.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and therefore denies the same.

31.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and therefore denies the same.

32.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore denies the same.

33.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and therefore denies the same.

34.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies the same.

35.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies the same.

36. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and therefore denies the same.

37. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and therefore denies the same.

38. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and therefore denies the same.

39. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and therefore denies the same.

40. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and therefore denies the same.

41. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 and therefore denies the same.

42. Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 and therefore denies the same.

43.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and therefore denies the same.

44.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies the same.

45.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore denies the same.

46.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and therefore denies the same.

47.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and therefore denies the same.

48.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and therefore denies the same.

49.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies the same.

50.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies the same.

51.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore denies the same.

52.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the same.

53.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies the same.

54.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.

55.     Cephalon admits that Plaintiffs are Ohio counties and cities. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and therefore denies the same.

56.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies the same.

57.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.

58.     Paragraph 58 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 58.

59.     Paragraph 59 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 59.

60.     Cephalon denies that it "created" the "epidemic."  To the extent that allegations in Paragraph 60 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

61.     Cephalon denies that it "created" the "epidemic."  To the extent that allegations in Paragraph 61 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further, Paragraph 61 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 61.

62.     Paragraph 62 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 62.

63.     Cephalon admits only that it has "manufactured and sold prescription opioids."  To the extent that allegations in Paragraph 63 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 63.

64.     The allegations of Paragraph 64 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.

65.     The allegations of Paragraph 65 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies the same.

66.     The allegations of Paragraph 66 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.

67.     The allegations of Paragraph 67 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies the same.

68.     The allegations of Paragraph 68 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies the same. To the extent that the allegations in Paragraph 68 and footnote 5 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

69.     The allegations of Paragraph 69 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies the same.

70.     The allegations of Paragraph 70 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.

71.     The allegations of Paragraph 71 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.

72.     The allegations of Paragraph 72 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same. To the extent that the allegations in Paragraph 72 and footnote 6 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

73.     Plaintiffs omitted Paragraph 73 from the Corrected Second Amended Complaint.

74.     Cephalon admits that Teva USA is an indirect wholly owned subsidiary of Teva Ltd.; that Teva Ltd. is an Israeli Corporation with its principal place of business in Petah Tikva, Israel; that Teva USA is a Delaware corporation with its principal place of business in North Wales, Pennsylvania; and that Teva USA has sold generic opioids, including, at various times, a generic form of OxyContin.  Cephalon denies the remaining allegations of Paragraph 74, including that any personal jurisdiction exists over Teva Ltd.

75.     Cephalon admits that it is a Delaware Corporation with its principal place of business in Frazer, Pennsylvania. Cephalon denies the remaining allegations of Paragraph 75. Further answering, Cephalon states that in 2011 it was acquired by Cupric Holding, Co. which is 100% owned by Teva Ltd.

76.     Cephalon admits that it has been in the business of manufacturing and selling Actiq and Fentora to various customers at various times. Cephalon further answers that Actiq was approved in 1998 and Fentora was approved in 2006. The remaining allegations of Paragraph 76 purport to be based on documents, the contents of which speak for themselves, and all characterizations thereof are denied.

77.     Cephalon denies the allegations in Paragraph 77 of the Complaint.

78.     The allegations of Paragraph 78 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies the same.

79.     The allegations of Paragraph 79 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies the same.

80.     The allegations of Paragraph 80 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies the same.

81.    The allegations of Paragraph 81 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies the same.

82.    The allegations of Paragraph 82 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies the same.

83.    The allegations of Paragraph 83 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore denies the same.

84.    The allegations of Paragraph 84 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and therefore denies the same.

85.    The allegations of Paragraph 85 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies the same.

86.    The allegations of Paragraph 86 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies the same.

87.     The allegations of Paragraph 87 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies the same.

88.     The allegations of Paragraph 88 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore denies the same.

89.     The allegations of Paragraph 89 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies the same.

90.     The allegations of Paragraph 90 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies the same.

91.     The allegations of Paragraph 91 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies the same.

92.     The allegations of Paragraph 92 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies the same.

93.     The allegations of Paragraph 93 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies the same.

94.     The allegations of Paragraph 94 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore denies the same.

95.     The allegations of Paragraph 95 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies the same.

96.     The allegations of Paragraph 96 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and therefore denies the same.

97.     The allegations of Paragraph 97 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and therefore denies the same.

98.     The allegations of Paragraph 98 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and therefore denies the same.

99.     The allegations of Paragraph 99 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and therefore denies the same.

100.     The allegations of Paragraph 100 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and therefore denies the same.

101.     The allegations of Paragraph 101 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and therefore denies the same.

102.     The allegations of Paragraph 102 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore denies the same.

103.     The allegations of Paragraph 103 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore denies the same.

104.     The allegations of Paragraph 104 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and therefore denies the same.

105.     The allegations of Paragraph 105 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and therefore denies the same.

106.     Cephalon admits that Plaintiffs refer to Purdue, Actavis, Cephalon, Janssen, Endo, Insys, and Mallinckrodt as "Marketing Defendants."  The remaining allegations of Paragraph 106 and footnote 8 state conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 106 and footnote 8.

107.     The allegations of Paragraph 107 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore denies the same.

108.     The allegations of Paragraph 108 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and therefore denies the same.

109.    The allegations of Paragraph 109 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and therefore denies the same.

110.    The allegations of Paragraph 110 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and therefore denies the same.

111.    The allegations of Paragraph 111 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and therefore denies the same.

112.    The allegations of Paragraph 112 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and therefore denies the same.

113.    The allegations of Paragraph 113 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and therefore denies the same.

114.    The allegations of Paragraph 114 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and therefore denies the same.

115.    The allegations of Paragraph 115 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and therefore denies the same.

116.    The allegations of Paragraph 116 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and therefore denies the same.

117.    The allegations of Paragraph 117 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and therefore denies the same.

118.    The allegations of Paragraph 118 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and therefore denies the same.

119.    The allegations of Paragraph 119 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and therefore denies the same.

120.    The allegations of Paragraph 120 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies the same.

121.    The allegations of Paragraph 121 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies the same.

122.    The allegations of Paragraph 122 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies the same.

123.    The allegations of Paragraph 123 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies the same.

124.    The allegations of Paragraph 124 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies the same.

125. The allegations of Paragraph 125 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and therefore denies the same.

126. The allegations of Paragraph 126 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and therefore denies the same.

127. The allegations of Paragraph 127 and footnote 10 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and footnote 10 and therefore denies the same.

128. Paragraph 128 of the Complaint states conclusions of law, to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 128.

129. Cephalon denies the allegations in Paragraph 129 of the Complaint. To the extent that Paragraph 129 states conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 129.

130. Cephalon admits that opioids bind to receptors in the brain, include natural, synthetic, and semi-synthetic opioids, and can produce multiple effects on the human body. Cephalon further admits that prescription opioids can be written for and used by patients to treat pain when lawfully prescribed. Cephalon denies the remaining allegations in Paragraph 130.

131.     Cephalon admits that the "potential for abuse and addiction" of opioids have long been recognized.  The remaining allegations are the subject of expert testimony and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and therefore denies the same.

132.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and therefore denies the same.  Further, to the extent Paragraph 132 and footnote 12 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

133.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and therefore denies the same.

134.     Cephalon denies that there is "little difference between [the illicit drugs heroin and opium] and prescription opioids."  Cephalon admits that prescription opioids are narcotics that bind to receptors in the brain and body.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134 and therefore denies the same.

135.     Cephalon admits that some prescription opioids have been regulated "as Schedule II controlled substances by the U.S. Drug Enforcement Administration ("DEA") since 1970."  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134 and therefore denies the same.

136.     Cephalon admits that Percodan, Percocet, and Vicodin are prescription opioids.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 136 and therefore denies the same.

137.    The allegations of Paragraph 137 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and therefore denies the same.

138.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and therefore denies the same.  Further, to the extent Paragraph 138 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

139.    Paragraph 139 purports to be based on documents that speak for themselves and all characterizations thereof are denied.  To the extent the allegations of Paragraph 139 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and therefore denies the same.

140.    The allegations of Paragraph 140 regarding what is "misleading" are conclusions of law to which no response is required and they are therefore denied.  The remaining allegations are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and therefore denies the same.

141.    Cephalon admits fentanyl is a synthetic opioid.  Cephalon denies the remaining allegations in Paragraph 141 of the Complaint.

142.    Cephalon admits that the indications and known risks related to Cephalon's opioid products are disclosed and addressed in the FDA-approved full prescribing information ("FPI"), as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that allegations in Paragraph 142 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 142 of the Complaint.

143.    Cephalon admits that tolerance can occur in certain patient populations and that is a known risk that is disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Cephalon further admits that opioids depress respiration and respiratory depression can occur even when opioids are taken as recommended and that is a known risk that is disclosed and addressed in the FPIs of its opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that the allegations in Paragraph 143 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 143.

144.    Cephalon admits that opioid analgesics may cause physical dependence and that physical dependence can result in withdrawal symptoms in patients who abruptly discontinue the use of opioids. Cephalon further admits that dependence and withdrawal are known risks which are disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any

characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 144.

        145.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and therefore denies the same.  Further, to the extent Paragraph 145 purports to be based on unidentified documents and/or speeches, those documents and speeches speak for themselves and all characterizations thereof are denied.

        146.     Cephalon denies the allegations in Paragraph 146 of the Complaint.

        147.     The allegations of Paragraph 147 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 and therefore denies the same.

        148.     The allegations of Paragraph 148 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 and therefore denies the same.

        149.     The allegations of Paragraph 149 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and therefore denies the same.  Further, to the extent Paragraph 149 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

        150.     The allegations of Paragraph 150 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a

response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and therefore denies the same. Further, to the extent Paragraph 150 and footnote 13 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

151.    The allegations of Paragraph 151 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and therefore denies the same. Further, to the extent Paragraph 151 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

152.    The allegations of Paragraph 152 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 and therefore denies the same. Further, to the extent Paragraph 152 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

153.    The allegations of Paragraph 153 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and therefore denies the same. Further, to the extent Paragraph 153 and footnote 14 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

154.    The allegations of Paragraph 154 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and therefore denies the same.  Further, to the extent Paragraph 154 and footnote 15 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

155.    The allegations of Paragraph 155 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 and therefore denies the same.  Further, to the extent Paragraph 155 and footnote 16 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

156.    The allegations of Paragraph 156 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and therefore denies the same.  Further, to the extent Paragraph 156 and footnote 17 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

157.    The allegations of Paragraph 157 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and therefore denies the same.  Further, to the extent

Paragraph 157 and footnote 18 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

158.    The allegations of Paragraph 158 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 and therefore denies the same.  Further, to the extent Paragraph 158 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

159.    The allegations of Paragraph 159 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 and therefore denies the same.  Further, to the extent Paragraph 159 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

160.    The allegations of Paragraph 160 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 and therefore denies the same.  Further, to the extent Paragraph 160 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

161.    The allegations of Paragraph 161 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 161 and therefore denies the same.  Further, to the extent Paragraph 161 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

162.    The allegations of Paragraph 162 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 and therefore denies the same.  Further, to the extent Paragraph 162 and footnote 19 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

163.    The allegations of Paragraph 163 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 and therefore denies the same.  Further, to the extent Paragraph 163 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

164.    Cephalon denies the allegations in Paragraph 164 of the Complaint. Further to the extent that the allegations of Paragraph 164 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 and therefore denies the same.

165.    The allegations of Paragraph 165 are directed to other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 165 and therefore denies the same.  Further, to the extent Paragraph 165 and footnote 20 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

166.    The allegations of Paragraph 166 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 and therefore denies the same.

167.    The allegations of Paragraph 167 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 and therefore denies the same.  Further, to the extent Paragraph 167 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

168.    The allegations of Paragraph 168 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 and therefore denies the same.  Further, to the extent Paragraph 168 and footnotes 21, 22, and 23 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

169.    The allegations of Paragraph 169 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 and therefore denies the same.

170.     The allegations of Paragraph 170 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 and therefore denies the same.

171.     The allegations in Paragraph 171 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 171.

172.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 of the Complaint and therefore denies the same. Further to the extent the allegations in Paragraph 172 state conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 172.

173.     Cephalon admits only that known risks are disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that the allegations in Paragraph 173 of the Complaint purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 173 and therefore denies the same. Further to the extent the allegations in Paragraph 173 state conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 173.  Cephalon denies the remaining allegations of Paragraph 173.

174.    To the extent the allegations of Paragraph 174 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 174.

175.    To the extent the allegations of Paragraph 175 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 175.

176.    Cephalon denies the allegations in Paragraph 176 of the Complaint that Cephalon was part of a "marketing scheme."  To the extent the allegations of Paragraph 176 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 176.

177.    Paragraph 177 of the Complaint, including all sub-parts, states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 177. To the extent that allegations in Paragraph 177 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

178.    Paragraph 178 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in

Paragraph 178. To the extent that allegations in Paragraph 178 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

179.    Paragraph 179 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 179. To the extent that allegations in Paragraph 179 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

180.    To the extent that allegations in Paragraph 180 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 180 of the Complaint.

181.    To the extent that allegations in Paragraph 181 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 181 of the Complaint.

182.    To the extent that allegations in Paragraph 182 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further, to the extent that Paragraph 182 purports to be based on documents, particularly those referenced in footnotes 24, 25, and 26, those documents speak for themselves, and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 182 of the Complaint.

183.    The allegations in Paragraph 183 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 183 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

184.    The allegations in Paragraph 1843 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 184 and footnote 27 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

185.    To the extent that allegations in Paragraph 185 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 185 and footnote 28 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 185.

186.    To the extent that allegations in Paragraph 186 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 186 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 186.

187.    The allegations in Paragraph 187 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 187 and footnotes 30 and 31 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

188.    To the extent that allegations in Paragraph 188 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 188 and footnote 32 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 188.

189.    To the extent that allegations in Paragraph 189 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 189 and footnote 33 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 189.

190.    The allegations in Paragraph 190 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 190 and footnote 34 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

191.    The allegations in Paragraph 191 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 191 and footnote 35 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

192.    The allegations in Paragraph 192 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 192 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

193.    The allegations in Paragraph 193 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 193 and footnotes 36, 37, and 38 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

194.    The allegations in Paragraph 194 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 194 and footnote 39 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

195.    The allegations in Paragraph 195 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that

Paragraph 195 and footnote 40 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

196.    The allegations in Paragraph 196 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

197.    The allegations in Paragraph 197 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 197 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

198.    The allegations in Paragraph 198 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 198 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

199.    The allegations in Paragraph 199 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 199 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

200.    The allegations in Paragraph 200 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

Further, to the extent that Paragraph 200 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

201.    The allegations in Paragraph 201 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 201 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

202.    The allegations in Paragraph 202 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 202 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

    **i.**    Endo's misrepresentations regarding addiction risk

203.    The allegations in Paragraph 203 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

204.    The allegations in Paragraph 204 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 204 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

205.    The allegations in Paragraph 205 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

Further, to the extent that Paragraph 205 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

206.    The allegations in Paragraph 206 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 206 and footnote 41 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

207.    The allegations in Paragraph 207 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 207 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

208.    The allegations in Paragraph 208 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 208 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

209.    The allegations in Paragraph 209 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 209 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

210.     The allegations in Paragraph 210 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 210 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

211.     The allegations in Paragraph 211 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 211 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

212.     The allegations in Paragraph 212 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 212 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

213.     The allegations in Paragraph 213 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 213 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

214.     The allegations in Paragraph 214 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that

Paragraph 214 and footnote 42 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

215.    The allegations in Paragraph 215 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 215 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

216.    The allegations in Paragraph 216 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 216 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

217.    The allegations in Paragraph 217 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 217 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

218.    The allegations in Paragraph 218 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 218 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

219.    The allegations in Paragraph 219 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 219 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

220.    The allegations in Paragraph 220 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 220 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

221.    Cephalon admits that it sponsored and collaborated in the development of a publication entitled, "*Opioid Medications and REMS: A Patient's Guide*." Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)."  To the extent that Paragraph 221 purports to be based on documents, those document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 221.

222.    Cephalon admits that it sponsored, through an unrestricted education grant, the CME presentation titled "*Pharmacologic Management of Breakthrough or Incident Pain.*"  Paragraph 222 and footnote 43 purport to be based on a document that speaks for itself and any characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 222.

223.     Paragraph 223 purports to be based on a document that speaks for itself and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 223.

224.     The allegations of Paragraph 224 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224 and therefore denies the same.  Further, to the extent that Paragraph 224 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

225.     The allegations of Paragraph 225 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 and therefore denies the same.  Further, to the extent that Paragraph 225 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

226.     The allegations of Paragraph 226 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226 and therefore denies the same.  Further, to the extent that Paragraph 226 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

227.     The allegations of Paragraph 227 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227 and therefore denies the same.  Further, to the extent that Paragraph 227 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

228.    The allegations of Paragraph 228 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 and therefore denies the same.  Further, to the extent that Paragraph 228 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

229.    The allegations of Paragraph 229 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229 and therefore denies the same.  Further, to the extent that Paragraph 229 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

The bottom line:

230.    The allegations of Paragraph 230 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230 and therefore denies the same.  Further, to the extent that Paragraph 230 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

231.    The allegations of Paragraph 231 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231 and therefore denies the same.  Further, to the extent that Paragraph 231 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

232.    To the extent that the allegations of Paragraph 232 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232 and therefore denies the same.  Further, to the extent that Paragraph 232 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 232.

233.    To the extent that the allegations of Paragraph 233 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233 and therefore denies the same.  Further, to the extent that Paragraph 233 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 233.

234.    The allegations of Paragraph 234 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 234 and therefore denies the same.  Further, to the extent that Paragraph 234 and footnote 45 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

235.     Cephalon admits that the APF published *Treatment Options: A Guide for People Living with Pain* in 2007. Cephalon further admits that *Treatment Options* was funded, in part, by an unrestricted educational grant from Cephalon.  To the extent that allegations in Paragraph 235 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. To the extent that Paragraph 235 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 235 and therefore denies the same.

236.     The allegations of Paragraph 236 are directed to parties and individuals other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 236 and therefore denies the same.  Further, to the extent that Paragraph 236 and footnote 45 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

237.     The allegations of Paragraph 237 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 237 and therefore denies the same.  Further, to the extent that

Paragraph 237 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

238.   The allegations of Paragraph 238 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 238 and therefore denies the same.  Further, to the extent that Paragraph 238 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

239.   The allegations of Paragraph 239 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 239 and therefore denies the same.  Further, to the extent that Paragraph 239 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

240.   Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 240.

241.   To the extent that Paragraph 241 purports to be based on documents, including the document referenced in footnote 46, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 241 are related to other Defendants or third-parties, Cephalon is without knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore denies the same.

Cephalon denies the remaining allegations of Paragraph 241.

242.    To the extent that the allegations in Paragraph 242 are related to other

Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies the same. Cephalon denies the

remaining allegations of Paragraph 242.

243.    To the extent that Paragraph 243 purports to be based on documents, those

documents speak for themselves, and all characterizations thereof are denied. To the extent that

the allegations in Paragraph 243 are related to other Defendants or third-parties, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same. Cephalon denies the remaining allegations of Paragraph 243.

244.    The allegations in Paragraph 244 are related to other Defendants,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same.  In addition, the allegations in Paragraph 244 purport

to be based on documents that speak for themselves, and all characterizations thereof are denied.

245.    The allegations in Paragraph 245 are related to other Defendants,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same.  In addition, the allegations in Paragraph 245 purport

to be based on documents that speak for themselves, and all characterizations thereof are denied.

246.    The allegations in Paragraph 246 are related to other Defendants,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same.  In addition, the allegations in Paragraph 246 purport

to be based on documents that speak for themselves, and all characterizations thereof are denied.

247.     The allegations in Paragraph 247 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 247 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

248.     The allegations in Paragraph 248 are related to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 248 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

249.     The allegations in Paragraph 249 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 249 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

250.     The allegations in Paragraph 250 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 250 purport to be based on documents, including those referenced in footnote 48, that speak for themselves, and all characterizations thereof are denied.

251.     The allegations in Paragraph 251 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 251 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

252.     Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 252.

253.     The allegations in Paragraph 253 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 253 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

254.     The allegations in Paragraph 254 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 254 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

255.     Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 255.

256.     Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 256.

257.    Cephalon denies the allegations in Paragraph 257 of the Complaint.

258.    The allegations in Paragraph 258 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 258 purport to be based on documents  that speak for themselves, including those referenced in footnote 49, and all characterizations thereof are denied.

259.    To the extent that Paragraph 259 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 259 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 259.

260.    To the extent that Paragraph 260 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 260.

261.    The allegations in Paragraph 261 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 261 purport to be based on documentsthat speak for themselves, including those referenced in footnote 50, and all characterizations thereof are denied.

262.    The allegations in Paragraph 262 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 262 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

263.    The allegations in Paragraph 263 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 263 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

264.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)."  To the extent that the allegations in Paragraph 264 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 264 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

265.    The allegations in Paragraph 265 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 265 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

266.    The allegations in Paragraph 266 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 266 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

267.    To the extent that Paragraph 267 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 267 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 267.

268.    To the extent that the allegations in Paragraph 268 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 268.

269.    The allegations in Paragraph 269 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 269 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

270.    The allegations in Paragraph 270 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 270 purport to be based on documents that speak for themselves, including those referenced in footnote 51, and all characterizations thereof are denied.

271.    The allegations in Paragraph 271 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 271 purport to be based on documents that speak for themselves, including those referenced in footnote 52, and all characterizations thereof are denied.

272.    The allegations in Paragraph 272 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 272 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

273.    The allegations in Paragraph 273 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 273 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

274.    The allegations in Paragraph 274 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 274 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

275.    To the extent that Paragraph 275 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 275 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 275.

276.    The allegations in Paragraph 276 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 276 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

277.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)." To the extent that the allegations in Paragraph 277 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 277 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

278.　　The allegations in Paragraph 278 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 278 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

279.　　The allegations in Paragraph 279 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 279 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

280.　　The allegations in Paragraph 280 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 280 purport to be based on documents that speak for themselves, including those referenced in footnote 53, and all characterizations thereof are denied.

281.　　To the extent that Paragraph 281 purports to be based on documents, including the documents referenced in footnotes 53, 54 and 55, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 281 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 282.

282.　　To the extent that Paragraph 282 purports to be based on documents, including the document referenced in footnote 56, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 282 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 282.

283.    To the extent that Paragraph 283 purports to be based on documents, including the documents referenced in footnotes 57 and 58, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 283 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 283.

284.    To the extent that Paragraph 284 purports to be based on documents, including the documents referenced in footnotes 59, 60, 61, and 62 those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 284 are related to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 284.

285.    To the extent that the allegations in Paragraph 285 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 285.

286.    Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that Paragraph 286 purports to be based on documents, including the documents referenced in footnotes 63, 64, 65, and 66

those documents speak for themselves, and all characterizations thereof are denied. To the extent

that the allegations in Paragraph 286 are related to other Defendants and third-parties, Cephalon

is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 286.

287.    Cephalon admits that it sponsored, through an unrestricted education

grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain*

(2007)." To the extent the allegations in Paragraph 287 are related to other Defendants, Cephalon

is without knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies the same.  In addition, the allegations in Paragraph 287 purport to be based

on documents that speak for themselves, and all characterizations thereof are denied.

288.    Plaintiffs omitted Paragraph 288 from the Corrected Second Amended

Complaint.

289.    The allegations in Paragraph 289 are related to other Defendants,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same.  In addition, the allegations in Paragraph 289 purport

to be based on documents that speak for themselves, and all characterizations thereof are denied.

290.    The allegations in Paragraph 290 are related to other Defendants,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same.  In addition, the allegations in Paragraph 290 purport

to be based on documents that speak for themselves, and all characterizations thereof are denied.

291.    The allegations in Paragraph 291 are related to other Defendants and third-

parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of the allegations and therefore denies the same. In addition, the allegations in Paragraph 291

purport to be based on documents, including the document referenced in footnotes 67 and 68, that speak for themselves, and all characterizations thereof are denied.

292.    The allegations in Paragraph 292 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 292 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

293.    The allegations in Paragraph 293 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 293 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

294.    To the extent that Paragraph 294 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 294 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 294.

295.    The allegations in Paragraph 295 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

296.    The allegations in Paragraph 296 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

297.    The allegations in Paragraph 297 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

298.    The allegations in Paragraph 298 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

299.    The allegations in Paragraph 299 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 299 purport to be based on documents that speak for themselves, including those referenced in footnote 69, and all characterizations thereof are denied.

300.    The allegations in Paragraph 300 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, Paragraph 300 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

301.    The allegations in Paragraph 301 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denied the same. In addition, Paragraph 301 purports to be based on documents that speak for themselves, and all characterization thereof are denied.

302.    The allegations in Paragraph 302 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denied the same. In addition, the allegations in Paragraph 302 and

footnote 70 purport to be based on documents that speak for themselves, and all characterization thereof are denied.

303.    The allegations in Paragraph 303 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denied the same. In addition, the allegations in Paragraph 303 and footnotes 71 and 72 purport to be based on documents that speak for themselves, and all characterization thereof are denied.

304.    The allegations in Paragraph 304 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 304 and footnote 73 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

305.    The allegations in Paragraph 305 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

306.    The allegations in Paragraph 306 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 306 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

307.    The allegations in Paragraph 307 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same

308.    To the extent that the allegations in Paragraph 308 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 308 and therefore denies the same.

309.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and therefore denies the same. In addition, the allegations in Paragraph 309 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

310.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 and therefore denies the same. In addition, to the extent that the allegations in Paragraph 310 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

311.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and therefore denies the same.

312.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 and therefore denies the same.

313.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 and therefore denies the same.

314.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314 and therefore denies the same.

315.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 and therefore denies the same.

316.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 and therefore denies the same.

317.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and therefore denies the same.

318.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 and therefore denies the same.

319.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 and therefore denies the same.

320.    The allegations in Paragraph 320 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 320 and footnote 74 purport to be based on documents that speak for themselves, and all characterizations thereof are denied

321.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and therefore denies the same.

322.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and therefore denies the same.

323.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and therefore denies the same.

324.    The allegations in Paragraph 324 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

325.    The allegations in Paragraph 325 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

326.    The allegations in Paragraph 326 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 326 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

327.    The allegations in Paragraph 327 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 327 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

328.    The allegations in Paragraph 328 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 328 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

329.    The allegations in Paragraph 329 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 329 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

330.     The allegations in Paragraph 330 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

331.     The allegations in Paragraph 331 and footnote 76 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. In addition, the allegations in Paragraph 331 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

332.     The allegations in Paragraph 332 and footnote 77 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. In addition, the allegations in Paragraph 220 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

333.     To the extent that Paragraph 333 and footnote 78 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 333 and therefore denies the same.

334.     The allegations of Paragraph 334 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 334 and therefore denies the same.

335.     The allegations of Paragraph 335 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 335 and therefore denies the same.

336.    The allegations of Paragraph 336 and footnote 79 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 336 and therefore denies the same. In addition, to the extent the allegations in Paragraph 336 are based on documents, they speak for themselves, and all characterizations thereof are denied.

337.    The allegations of Paragraph 337 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 337 and therefore denies the same.

338.    The allegations of Paragraph 338 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 338 and therefore denies the same.

339.    The allegations of Paragraph 339 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 339 and therefore denies the same.

340.    The allegations of Paragraph 340 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 340 and therefore denies the same.

341. The allegations of Paragraph 341 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 341 and therefore denies the same. In addition, to the extent the allegations in Paragraph 341 are based on documents, they speak for themselves, and all characterizations thereof are denied.

342. The allegations of Paragraph 342 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 342 and therefore denies the same. In addition, to the extent the allegations in Paragraph 342 are based on documents, they speak for themselves, and all characterizations thereof are denied.

343. The allegations of Paragraph 343 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 343 and therefore denies the same.

344. The allegations of Paragraph 344 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 344 and therefore denies the same.

345.    The allegations of Paragraph 345 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 345 and therefore denies the same.

346.    The allegations of Paragraph 346 and footnotes 80 and 81 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 344 and therefore denies the same. To the extent that Paragraph 346 and footnotes 80 and 81 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

347.    The allegations of Paragraph 347 and footnotes 82 and 83 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 344 and therefore denies the same. To the extent that Paragraph 347 and footnotes 82 and 83 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

348.    Paragraph 348 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 348 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 348 and therefore denies the same. Cephalon specifically denies that it promoted "patented technology as the solution to opioid abuse and addiction" or

that it made statements that gave "the misleading impression" that reformulated opioids can be prescribed safely.

349.    Paragraph 349 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 349 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 349.

350.    Paragraph 350 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 350 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 350. Cephalon specifically denies that it engaged in a "false marketing campaign."

351.    To the extent that the allegations in Paragraph 351 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 351 and therefore denies the same. Cephalon specifically denies that it engaged in a "marketing scheme of targeting the medical community and patients with deceptive information about opioids."

352.    Paragraph 352 states conclusions of law to which no response is required and is denied. To the extent that Paragraph 352 and footnote 84 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

Further, to the extent that the allegations in Paragraph 352 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 352. Cephalon specifically denies that it "exerted influence and effective control" over patient advocacy groups and professional associations. Cephalon also specifically denies that it "funded these Front Groups in order to ensure supportive messages" from these groups.

353. To the extent that the allegations in Paragraph 353 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 353. Further, to the extent that Paragraph 353 and footnotes 85-88 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

354. To the extent that Paragraph 354 and footnote 89 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 354 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 354.

355. To the extent that Paragraph 355 and footnotes 90 and 91 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 355 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to

the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 355.

356.     Paragraph 356 states conclusions of law to which no response is required and is denied. To the extent that the allegations in Paragraph 356 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 356. Cephalon specifically denies that it "took an active role in guiding, reviewing, and approving" any statements issued by the "Front Groups." Cephalon also specifically denies that it was "consistently in control" of the content disseminated by the Front Groups. Cephalon also specifically denies that it "acted in concert with the Front Groups."

357.     To the extent that the allegations in Paragraph 357 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 357.  Cephalon denies the remaining allegations in Paragraph 357.

358.     Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)."  To the extent the allegations in Paragraph 358 purport to be based on that document, that document speaks for itself, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 358 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations

- 73 -

and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 358.

359.     To the extent that the allegations in Paragraph 359 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 359.

360.     To the extent that the allegations in Paragraph 360 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 60.

361.     To the extent that the allegations in Paragraph 361 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 361.

362.     To the extent that the allegations in Paragraph 362 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 362.

363.     To the extent that the allegations in Paragraph 363 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 363.

364.    To the extent that the allegations in Paragraph 364 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 364.

365.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and therefore denies the same.

366.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and therefore denies the same.

367.    To the extent that Paragraph 367 and footnote 93 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 367 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 367.

368.    To the extent that the allegations in Paragraph 368 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 368.

369.    To the extent that the allegations in Paragraph 369 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 369.

370.     To the extent that the allegations in Paragraph 370 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 370.

371.     Cephalon admits that "AAPM and APS issued their own guidelines in 2009" and that some of the panel members disclosed funding from Cephalon.  To the extent that the allegations in Paragraph 371 purport to be based on that document, the document speaks for itself, and all characterizations thereof are denied.  To the extent that the allegations in Paragraph 371 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 371.

372.     Cephalon admits only that Dr. Joel Saper is a Clinical Professor of Neurology at Michigan State University. Further, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 concerning statements made by Dr. Saper and therefore denies the same. To the extent that the allegations in Paragraph 372 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 372.

373.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 and therefore denies the same. Further, to the extent that the allegations in Paragraph 373 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

374.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and therefore denies the same. Further, to the extent that the allegations in Paragraph 374 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

375.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and therefore denies the same.

376.    To the extent that the allegations in Paragraph 376 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 376. Further, to the extent that the allegations in Paragraph 376 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

377.    Cephalon admits that the Federation of State Medical Boards ("FSMB") is an organization that purports to represent the various state medical boards in the United States. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 377 and therefore denies the same.

378.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 378 and therefore denies the same.

379.    Cephalon admits that the FSMB has been developing the Model Guidelines for the Use of Controlled Substances for the Treatment of Pain since 1998. To the extent that allegations in Paragraph 379 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. To the extent that Paragraph 379 purports to be based on documents,

- 77 -

those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 379 and therefore denies the same.

380. To the extent that Paragraph 380 purports to be based on documents, those documents speak for themselves. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 380 and therefore denies the same.

381. To the extent that Paragraph 381 purports to be based on documents, those documents speak for themselves. To the extent that allegations in Paragraph 381 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 381 and therefore denies the same.

382. To the extent that the allegations in Paragraph 382 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 382. Further, to the extent that the allegations in Paragraph 382 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

383. To the extent that the allegations in Paragraph 383 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 383.

384.     To the extent that the allegations in Paragraph 384 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 384.

385.     The allegations in Paragraph 385 are based on documents that speak for themselves, including the documents referenced in footnotes 98 and 99, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 385 and therefore denies the same.

386.     The allegations in Paragraph 386 are based on documents that speak for themselves, including the documents referenced in footnote 100, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 386 and therefore denies the same.

387.     The allegations in Paragraph 387 are based on documents that speak for themselves, including the documents referenced in footnote 101, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 387 and therefore denies the same.

388.     The allegations in Paragraph 388 are based on documents that speak for themselves, including the documents referenced in footnote 102, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 388 and therefore denies the same.

389.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 389 and therefore denies the same.

390.     To the extent the allegations in Paragraph 390 purport to be based on documents, including the documents referenced in footnotes 102, 103, and 104, those documents speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 390 and therefore denies the same.

391.     To the extent that the allegations in Paragraph 391 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 391 purport to be based on documents, including the documents referenced in footnote 105, those documents speak for themselves, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 391.

392.     To the extent that the allegations in Paragraph 392 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 392 purport to be based on documents, including the documents referenced in footnotes 106 and 107, those documents speak for themselves, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 392.

393.     The allegations in Paragraph 393 are based on documents that speak for themselves, including those referenced in footnote 108, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 391. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 393 and therefore denies the same.

394.    To the extent that the allegations in Paragraph 394 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 394.

395.    To the extent that the allegations in Paragraph 395 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 395.

396.    To the extent that the allegations in Paragraph 396 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 396.

397.    To the extent that the allegations in Paragraph 397 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 397.

398.    To the extent that the allegations in Paragraph 398 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 398. Cephalon specifically denies that it engaged in a "false marketing scheme."

399.    To the extent that the allegations in Paragraph 399 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as

to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 399. Cephalon specifically denies that it "exert[ed] control" over the modalities through which doctors receive information.

400.     To the extent that the allegations in Paragraph 400 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 400.

401.     To the extent that the allegations in Paragraph 401 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 401. Cephalon specifically denies that it had a "deceptive message."

402.     To the extent that the allegations in Paragraph 402 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 402.

403.     Paragraph 403 states conclusions of law to which no response is required. Further, to the extent that the allegations in Paragraph 403 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 403.

404.     Cephalon admits only that Dr. Portenoy is the former Chairman of the Department of Pain Medicine and Palliative Care at Beth Israel Medical Center in New York.

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 concerning statements made by Dr. Portenoy and therefore denies the same. To the extent that the allegations in Paragraph 404 purport to be based on documents, including the document referenced in footnote 109, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 404 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the remaining allegations in Paragraph 404.

405.    The allegations in Paragraph 405 are based on documents that speak for themselves, including the document referenced in footnotes 110–11, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 405 and therefore denies the same.

406.    To the extent that the allegations in Paragraph 406 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 406.  In addition, to the extent the allegations in Paragraph 406 are based on documents that speak for themselves, including the document referenced in footnote 112, all characterizations thereof are denied.

407.    The allegations in Paragraph 407 are based on documents that speak for themselves, including those referenced in footnote 113, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 407 and therefore denies the same.

408.     Cephalon admits only that Dr. Portenoy was on the Board of Directors of the APF and that he was the President of the APS. To the extent that a response is required, Cephalon denies the allegations in Paragraph 408. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 408 and therefore denies the same.

409.     The allegations in Paragraph 409 purport to be based on documents that speak for themselves, including the document referenced in footnotes 114–16, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 409 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 409.

410.     The allegations in Paragraph 410 purport to be based on documents that speak for themselves, including the document referenced in footnote 117, and all characterizations thereof are denied.  By way of further answer, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 410 and therefore denies the same.

411.     The allegations in Paragraph 411 purport to be based on documents that speak for themselves, including the document referenced in footnote 118, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 411 and therefore denies the same.

412.     Cephalon admits that Dr. Webster was a co-founder and Chief Medical Director of Lifetree Clinical Research and is a Senior Editor of Pain Medicine. Cephalon is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 412 and therefore denies the same.

413.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 413 and therefore denies the same.

414.    To the extent the allegations in Paragraph 414 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 414 and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 414.

415.    The presentation agenda referenced in Paragraph 415 is a document that speaks for itself and all characterizations thereof are denied. Cephalon specifically denies that this CME "effectively amounted to off-label promotion of Cephalon's opioids[.]"  Cephalon denies the remaining allegations of Paragraph 451.

416.    Cephalon admits that it "sponsored a CME written by Dr. Webster, *Optimizing Opioid Treatment for Breakthrough Pain*, offered by Medscape, LLC" through an independent educational grant. The CME referenced in Paragraph 416 is a document that speaks for itself and all characterizations thereof are denied.  Cephalon denies the remaining allegations of Paragraph 416.

417.    To the extent the allegations in Paragraph 417 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 417 and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 417.

418.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 418 and therefore denies the same.

419.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 419 and therefore denies the same.

420.    The allegations in Paragraph 420 purport to be based on documents, including the document referenced in footnote 119, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 420 and therefore denies the same.

421.    The allegations in Paragraph 421 purport to be based on documents, including the document referenced in footnotes 120 and 121, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 421 and therefore denies the same.

422.    The allegations in Paragraph 422 purport to be based on documents, including the document referenced in footnote 122, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 422 and therefore denies the same.

423.    The allegations in Paragraph 423 purport to be based on documents, including the document referenced in footnotes 123 and 124, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 423 and therefore denies the same.

424.     Cephalon admits only that Dr. Fishman served as an APF board member and as president of the AAPM. To the extent the allegations in Paragraph 424 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 424 and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 424.

425.     Cephalon admits only that Dr. Fishman authored "*Responsible Opioid Prescribing*." The allegations in Paragraph 425 are based on a document that speaks for itself and any characterizations thereof are denied.

426.     The allegations in Paragraph 426 purport to be based on documents, including the document referenced in footnote 126, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 426 relate to third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 426 and therefore denies the same.

427.     The allegations in Paragraph 427 are based on documents, including the document referenced in footnote 127, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 427 and therefore denies the same.

428.     The allegations in Paragraph 428 are based on documents, including the document referenced in footnote 128, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 426 relate to third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 428 and therefore denies the same.

429.    To the extent that the allegations in Paragraph 429 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 429. Cephalon specifically denies that it had a "false marketing message."

430.    To the extent that the allegations in Paragraph 430 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 430. Cephalon specifically denies that it had a message that was "false."

431.    Cephalon admits only that CMEs are ongoing professional education programs provided to doctors and that doctors are required to attend a certain number of CME programs each year as a condition of their licensure. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 431 and therefore denies the same.

432.    To the extent that the allegations in Paragraph 432 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 432.

433.    To the extent that the allegations in Paragraph 43 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 433.

434.    Cephalon admits only that it has sponsored CME programs through unrestricted or independent education grants.  Cephalon specifically denies that it "disseminated false and misleading information to physicians across the country."

435.    Cephalon admits that it sponsored the "CME presentation titled *Breakthrough Pain: Treatment Rationale with Opioids*" through an independent education grant. The allegations in Paragraph 435 are based on documents that speak for themselves and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 435 relate to third-parties other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 435.

436.    Cephalon admits that it sponsored *Opioid-Based Management of Persistent and Breakthrough Pain* through an independent medical educational grant. To the extent that the allegations in Paragraph 436 purport to be based on that document, the document speaks for itself, and all characterizations thereof are denied.  To the extent that the allegations in Paragraph 436 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 436.

437.    The allegations in Paragraph 437 are based on documents that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 437 and therefore denies the same. Further, To the extent that the allegations in Paragraph 437 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

438.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 438 and therefore denies the same.

439.     The allegations in Paragraph 439 are based on documents, including those referenced in footnote 130, that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 439 and therefore denies the same. Further, To the extent that the allegations in Paragraph 439 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

440.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 440 and therefore denies the same.

441.     Paragraph 441 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 441 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 441.

442.     To the extent that the allegations in Paragraph 442 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Teva USA denies the remaining allegations in Paragraph 442.

443.     To the extent that the allegations in Paragraph 443 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as

to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 443.

444.    To the extent that the allegations in Paragraph 444 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 444.

445.    To the extent that the allegations in Paragraph 445 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 445.

446.    Cephalon denies the allegations in Paragraph 446.

447.    Cephalon denies the allegations in Paragraph 447. To the extent that allegations in Paragraph 447 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

448.    Cephalon denies the allegations in Paragraph 448. To the extent that allegations in Paragraph 448 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

449.    Cephalon denies the allegations in Paragraph 449. To the extent that allegations in Paragraph 449 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

450.     Cephalon denies the allegations in Paragraph 450. To the extent that allegations in Paragraph 450 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

451.     Cephalon admits only that is sponsored the publication listed in Paragraph 451 and footnote 134.  The allegations in Paragraph 451 are based on documents that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 451 and therefore denies the same. Further, To the extent that the allegations in Paragraph 451 relate to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

452.     Cephalon denies the allegations in Paragraph 452. To the extent that the allegations in Paragraph 452 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

453.     Cephalon denies the allegations in Paragraph 453. To the extent that the allegations in Paragraph 453 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

454.     Cephalon denies the allegations in Paragraph 454. To the extent that the allegations in Paragraph 454 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

455.     To the extent that the allegations in Paragraph 455 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations of Paragraph 455.

456.     To the extent that Paragraph 456 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.  Cephalon admits that Cephalon's quarterly spending varied between 2000 and 2014.  Cephalon denies the remaining allegations in Paragraph 456.

457.     The allegations of Paragraph 457 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 457.

458.     The allegations of Paragraph 458 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 458.

459.     The allegations of Paragraph 459 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 459.

460.     Cephalon denies the allegations in Paragraph 460.

461.     Cephalon admits that it sponsored speaking programs in the past regarding Fentora, that some doctors attended these programs, and that doctors exercised their independent medical judgment in deciding whether to write prescriptions of Fentora.  Cephalon denies the remaining allegations in Paragraph 461, including any suggestion that any false or misleading statement was made by Cephalon at a speaker program.

462.     Cephalon admits only that independent doctors served as speakers and consultants for its products in the past and received a payment for doing so.  Cephalon denies the remaining allegations in Paragraph 462.

463.     The allegations of Paragraph 463 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 463.

464.     The allegations of Paragraph 464 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 464.

465.     Cephalon denies the allegations in Paragraph 465. To the extent that the allegations in Paragraph 465 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

466.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466 and therefore denies the same.

467.     To the extent the allegations in Paragraph 467 are based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 467 and therefore denies the same. Further, to the extent that the allegations in Paragraph 467 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 467.

468.    The allegations of Paragraph 468 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 468.

469.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 469 and therefore denies the same. To the extent that the allegations in Paragraph 469 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

470.    Cephalon denies the allegations in Paragraph 470. To the extent that the allegations in Paragraph 470 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 470 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.  Cephalon denies the remaining allegations in Paragraph 470.

471.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 471 and therefore denies the same.

472.    The allegations of Paragraph 472 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 472.

473.    Cephalon admits only that the FDA instituted a Risk Evaluation and Mitigation Strategy for TIRF products. To the extent the allegations in Paragraph 473 are based on documents, including those referenced in footnote 135, those documents speak for themselves and all characterizations thereof are denied. To the extent the allegations in Paragraph 473 relate

to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 473 and therefore denies the same.

474.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 474 and therefore denies the same.

475.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 475 and therefore denies the same.

476.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 476 and therefore denies the same.

477.    The allegations of Paragraph 477 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 477.

478.    The allegations of Paragraph 478 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 478.

479.    The allegations of Paragraph 479 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 479.

480.    The allegations of Paragraph 480 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 480.

481.    The allegations of Paragraph 481 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 481.

482.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 482 and therefore denies the same.

483.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 483 and therefore denies the same.

484.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 484 and therefore denies the same.

485.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 485 and therefore denies the same.

486.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 486 and therefore denies the same.

487.     Cephalon denies the allegations in Paragraph 487. To the extent that the allegations in Paragraph 487 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

488.     Cephalon denies the allegations in Paragraph 488. To the extent that the allegations in Paragraph 488 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

489.     The allegations of Paragraph 489 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 489.

490.     Cephalon admits that in 2000, worldwide Actiq sales were approximately $15 million.  Cephalon further admits that in 2006, worldwide Actiq sales exceeded $500

million. To the extent the allegations in Paragraph 490 are based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 490.

491. Cephalon denies the allegations in Paragraph 491. To the extent that the allegations in Paragraph 491 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

492. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 492 and therefore denies the same.

493. Cephalon denies the allegations in Paragraph 491. To the extent that the allegations in Paragraph 491 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon specifically denies that it engaged in a "fraudulent marketing campaign."

494. Cephalon denies the allegations in Paragraph 494. To the extent that the allegations in Paragraph 494 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

495. The allegations in Paragraph 495 appear to be based on documents that speak for themselves, including those referenced in footnote 143, and all characterizations thereof are denied. To the extent that allegations in Paragraph 495 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to

the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 495.

496.    The allegations in Paragraph 496 appear to be based on documents that speak for themselves, including those referenced in footnote 144, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 496 and therefore denies the same.

497.    The allegations in Paragraph 497 appear to be based on documents that speak for themselves, including those referenced in footnote 145, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 497 and therefore denies the same.

498.    Paragraph 498 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 498 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 498.

499.    Paragraph 499 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 499 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 499.

500.    Paragraph 500 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 500 relate to

Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

501.    Paragraph 501 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 501 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

502.    Paragraph 502 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 502 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 502.

503.    Paragraph 503 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 503 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

504.    Paragraph 504 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 504 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

Paragraph 505 states conclusions of law to which no response is required
505.    and they are denied.  Further, to the extent that the allegations in Paragraph 505 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

506.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 506 and therefore denies the same.

507.    Paragraph 507 states conclusions of law to which no response is required and they are denied.

508.    Paragraph 508 states conclusions of law to which no response is required and they are denied.

509.    Paragraph 509 states conclusions of law to which no response is required and they are denied.

510.    Paragraph 509 states conclusions of law to which no response is required and they are denied.  In addition, the federal regulations referenced in Paragraph 510 speak for themselves and any characterization is denied.

511.    Paragraph 511 states conclusions of law to which no response is required and they are denied.

512.    Paragraph 512 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 512 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

513.    Paragraph 513 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 513 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

514.    Paragraph 514 states conclusions of law to which no response is required and they are denied.  In addition, the "laws and industry guidelines" referenced in Paragraph 514

speak for themselves and any characterization is denied.  Further, to the extent that the allegations in Paragraph 514 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

515.    The allegations in Paragraph 515 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 515.

516.    Cephalon denies the allegations in Paragraph 516. To the extent that the allegations in Paragraph 516 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

517.    Paragraph 517 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 517 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 517.

518.    Paragraph 518 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 518 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 518.

519.    Paragraph 519 states conclusions of law to which no response is required and they are denied.

520.     Paragraph 520 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 520 relate to Defendants other than Teva USA, Teva USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Teva USA denies the allegations in Paragraph 520.

521.     The allegations in Paragraph 521 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  In addition, the "settlement" referenced in Paragraph 521 speaks for itself and any characterization is denied.

522.     Cephalon denies the allegations in Paragraph 522. To the extent that the allegations in Paragraph 522 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

523.     Cephalon denies the allegations in Paragraph 523. To the extent that the allegations in Paragraph 523 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

524.     The allegations in Paragraph 524 are based upon a letter that speaks for itself and any characterization thereof is denied.  To the extent that the allegations in Paragraph 524 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

525.     The allegations in Paragraph 525 are based upon a letter and registration that speak for themselves and any characterization is denied.

526.    Paragraph 526 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 526 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 526.

527.    Cephalon denies the allegations in Paragraph 527. To the extent that the allegations in Paragraph 527 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

528.    Cephalon denies the allegations in Paragraph 528. To the extent that the allegations in Paragraph 528 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

529.    Cephalon denies the allegations in Paragraph 529. To the extent that the allegations in Paragraph 529 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

530.    Cephalon denies the allegations in Paragraph 530. To the extent that the allegations in Paragraph 530 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

531.    Cephalon denies the allegations in Paragraph 531. To the extent that the allegations in Paragraph 531 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

532.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532 and therefore denies the same.

533.    The allegations in Paragraph 533 purport to be based on documents, including the document referenced in footnotes 146 and 147, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 533 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 533.

534.    Cephalon denies the allegations in Paragraph 534. To the extent that the allegations in Paragraph 534 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

535.    Cephalon denies the allegations in Paragraph 535. To the extent that the allegations in Paragraph 535 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

536.    Cephalon denies the allegations in Paragraph 536. To the extent that the allegations in Paragraph 536 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

537.    The allegations in Paragraph 537 purport to be based on documents, including the document referenced in footnote 154, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 537 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 537.

538.    The allegations in Paragraph 538 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 538 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 538.

539.    Cephalon denies the allegations in Paragraph 539. To the extent that the allegations in Paragraph 539 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

540.    The allegations in Paragraph 540 purport to be based on documents, including the document referenced in footnotes 155-157, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 540 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 540.

541.    The allegations in Paragraph 541 are based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 541 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 541.

542.    Cephalon denies the allegations in Paragraph 542. To the extent that the allegations in Paragraph 542 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

543.    Paragraph 543 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 543 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 543 and therefore denies the same. Cephalon specifically denies that it engaged in "the unlawful sale of prescription opioids."

544.    Cephalon denies the allegations in Paragraph 544. To the extent that the allegations in Paragraph 544 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

545.    The allegations in Paragraph 545 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the

allegations in Paragraph 545 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 545.

546. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 546 and therefore denies the same.

547. Plaintiffs omitted Paragraph 547 in their Corrected Second Amended Complaint.

548. Cephalon denies the allegations in Paragraph 548. To the extent that the allegations in Paragraph 548 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

549. Cephalon denies the allegations in Paragraph 549. To the extent that the allegations in Paragraph 549 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

550. Cephalon denies the allegations in Paragraph 550. To the extent that the allegations in Paragraph 550 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

551. Paragraph 551 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 551 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to

form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 551 and therefore denies the same.

552.    Paragraph 552 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 552 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 552 and therefore denies the same.

553.    Cephalon denies the allegations in Paragraph 553. To the extent that the allegations in Paragraph 553 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

554.    Cephalon denies the allegations in Paragraph 554. To the extent that the allegations in Paragraph 554 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

555.    Paragraph 555 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 555 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 555 and therefore denies the same.

556. Cephalon denies the allegations in Paragraph 556. To the extent that the allegations in Paragraph 556 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

557. Paragraph 557 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 557 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 557 and therefore denies the same.

558. Cephalon denies the allegations in Paragraph 558. To the extent that the allegations in Paragraph 558 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

559. Cephalon denies the allegations in Paragraph 559. To the extent that the allegations in Paragraph 559 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

560. Cephalon denies the allegations in Paragraph 560. To the extent that the allegations in Paragraph 560 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

561.    Cephalon denies the allegations in Paragraph 561. To the extent that the allegations in Paragraph 561 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

562.    Cephalon denies the allegations in Paragraph 562. To the extent that the allegations in Paragraph 562 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

563.    Cephalon denies the allegations in Paragraph 563. To the extent that the allegations in Paragraph 563 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

564.    Plaintiffs omitted Paragraph 564 in their Corrected Amended Complaint.

565.    Paragraph 565 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 565 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 565 and therefore denies the same.

566.    Paragraph 566 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 566 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that

a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 566 and therefore denies the same.

567.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 and therefore denies the same.

568.    Cephalon denies the allegations in Paragraph 568. To the extent that the allegations in Paragraph 568 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

569.    The allegations of Paragraph 569 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 569.

570.    Cephalon denies the allegations in Paragraph 570. To the extent that the allegations in Paragraph 570 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

571.    Cephalon denies the allegations in Paragraph 571. To the extent that the allegations in Paragraph 571 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

572.    The allegations of Paragraph 572 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 572.

573.    Cephalon denies the allegations in Paragraph 573. To the extent that the allegations in Paragraph 573 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

574.    Cephalon denies the allegations in Paragraph 574. To the extent that the allegations in Paragraph 574 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

575.    Cephalon denies the allegations in Paragraph 575. To the extent that the allegations in Paragraph 575 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

576.    Cephalon denies the allegations in Paragraph 576. To the extent that the allegations in Paragraph 576 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

577.    The allegations of Paragraph 577 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 577.

578.    Cephalon denies the allegations in Paragraph 578. To the extent that the allegations in Paragraph 578 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

579.     Paragraph 579 states conclusions of law to which no response is required. Further, to the extent that the allegations in Paragraph 579 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 579 and therefore denies the same.

580.     Paragraph 580 states conclusions of law to which no response is required. Further, to the extent that the allegations in Paragraph 580 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 580 and therefore denies the same.

581.     The allegations of Paragraph 581 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 581.

582.     The allegations of Paragraph 582 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 582.

583.     The allegations of Paragraph 583 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 583.

584.    The allegations of Paragraph 584 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 584.

585.    The allegations of Paragraph 585 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 585.

586.    The allegations of Paragraph 586 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 586.

587.    The allegations of Paragraph 587 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 587.

588.    The allegations of Paragraph 588 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 588.

589.    The allegations of Paragraph 589 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 589.

590.    The allegations of Paragraph 590 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 590.

591.    The allegations of Paragraph 591 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 591.

592.    The allegations of Paragraph 592 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 592.

593.    Paragraph 593 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 593 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 593 and therefore denies the same.

594.    Paragraph 594 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 594 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 594 and therefore denies the same.

595.    The allegations of Paragraph 595 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 595.

596.    The allegations of Paragraph 596 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 596.

597.    The allegations of Paragraph 597 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 597.

598.    The allegations of Paragraph 598 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 598.

599.    Cephalon denies the allegations in Paragraph 599. To the extent that the allegations in Paragraph 599 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

600.    Cephalon denies the allegations in Paragraph 600. To the extent that the allegations in Paragraph 600 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

601.    The allegations of Paragraph 601 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 601 and therefore denies the same.

602.    The allegations of Paragraph 602 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 602 and footnote 169 and therefore denies the same. To the extent that the allegations in Paragraph 602 and footnote 169 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

603.    The allegations of Paragraph 603 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 603 and therefore denies the same.

604.    The allegations of Paragraph 604 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  The allegations in Paragraph 604 also purport to be based on a website that speaks for itself and all characterizations thereof are denied.  To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 604 for footnotes 170–72 and therefore denies the same.

605.    The allegations of Paragraph 605 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 605 and therefore denies the same.

606.    Cephalon denies the allegations in Paragraph 606, including all conclusions of law. To the extent that allegations in Paragraph 606 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

607.    The allegations of Paragraph 607 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 607 and footnote 173 and therefore denies the same.

608.    The allegations of Paragraph 608 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 608 and therefore denies the same.

609.    The allegations of Paragraph 609 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 609 and therefore denies the same.

610.    The allegations of Paragraph 610 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 610 and therefore denies the same.

611.    The allegations of Paragraph 611 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 611 and therefore denies the same.

612.    The allegations of Paragraph 612 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  In addition, Paragraph 612 states conclusions of law to which no response is required.  To the extent a response is required,

the allegations in Paragraph 612 are based on a federal regulation that speaks for itself and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 612 and therefore denies the same.

613.    The allegations of Paragraph 613 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 613 are based on guidance that speaks for itself and all characterizations are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 613 and therefore denies the same.

614.    The allegations in Paragraph 614 are conclusions of law to which no response is required and they are denied.

615.    The allegations in Paragraph 615 are conclusions of law to which no response is required and they are denied.

616.    The allegations in Paragraph 616 are conclusions of law to which no response is required and they are denied.

617.    The allegations of Paragraph 617 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 617 are conclusions of law to which no response is required and they are denied.

618.    The allegations of Paragraph 618 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent a response is required, the allegations in Paragraph 618 are based on "standards" that speak for themselves and

all characterizations thereof are denied.  The allegations in Paragraph 618 are also conclusions of law to which no response is required and they are denied.

619.    The allegations of Paragraph 619 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 619 are conclusions of law to which no response is required and they are denied.

620.    The allegations of Paragraph 620 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 620 and therefore denies the same.

621.    The allegations of Paragraph 621 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 621 and therefore denies the same.

622.    The allegations of Paragraph 622 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 622 and therefore denies the same.

623.    The allegations of Paragraph 623 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 623 and therefore denies the same.

624.    The allegations of Paragraph 624 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 624 and therefore denies the same.

625.    The allegations of Paragraph 625 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 625 and therefore denies the same.

626.    The allegations of Paragraph 626 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 626 are conclusions of law to which no response is required and they are denied.

627.    The allegations of Paragraph 627 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 627 are conclusions of law to which no response is required and they are denied.

628.    The allegations of Paragraph 628 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 628 and therefore denies the same.

629.    The allegations of Paragraph 629 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 629 and therefore denies the same.

630.    The allegations of Paragraph 630 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 630 and footnote 174 are based on a document that speaks for itself and all characterizations are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 630 and therefore denies the same.

631.    The allegations of Paragraph 631 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 631 and therefore denies the same.

632.    The allegations of Paragraph 632 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 632 and therefore denies the same.

633.    The allegations of Paragraph 633 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 633 and therefore denies the same.

634.    The allegations of Paragraph 634 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 634 and therefore denies the same.

635.   The allegations of Paragraph 635 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 635 and therefore denies the same.

636.   The allegations of Paragraph 636 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 636 are based on a settlement document which speaks for itself and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 636 and therefore denies the same.

637.   The allegations of Paragraph 637 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 637 are based on a document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 637 and therefore denies the same.

638.   The allegations of Paragraph 638 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 638 and therefore denies the same.

639.    The allegations of Paragraph 639 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 639 and therefore denies the same.

640.    The allegations of Paragraph 640 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 640 are conclusions of law to which no response is required and they are denied.

641.    The allegations of Paragraph 641 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 641 are based on a website that speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 641 and therefore denies the same.

642.    The allegations of Paragraph 642 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 642 and therefore denies the same.

643.    The allegations of Paragraph 643 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 643 and therefore denies the same.

644.   The allegations of Paragraph 644 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 644 and therefore denies the same.

645.   The allegations of Paragraph 645 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 645 and therefore denies the same.

646.   The allegations of Paragraph 646 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 646 are based on a document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 646 and therefore denies the same.

647.   The allegations of Paragraph 647 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 647 and therefore denies the same.

648.   The allegations of Paragraph 648 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 648 are based on an investigation document which speaks for itself and all characterizations thereof are denied. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 648 and therefore denies the same.

649.    The allegations of Paragraph 649 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 649 are based on an investigation document which speaks for itself and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 649 and therefore denies the same.

650.    The allegations of Paragraph 650 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 650 and therefore denies the same.

651.    The allegations of Paragraph 651 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 651 and therefore denies the same.

652.    The allegations of Paragraph 652 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 652 are based on an investigation document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 652 and therefore denies the same.

653.     The allegations of Paragraph 653 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 653 and therefore denies the same.

654.     The allegations of Paragraph 654 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 654 are conclusions of law to which no response is required and they are denied.

655.     The allegations of Paragraph 655 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 655 are conclusions of law to which no response is required and they are denied.

656.     The allegations of Paragraph 656 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 656 are conclusions of law to which no response is required and they are denied.

657.     The allegations of Paragraph 657 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 657 are conclusions of law to which no response is required and they are denied.

658.     The allegations of Paragraph 658 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, the allegations in Paragraph 658 are conclusions of law to which no response is required and they are denied.

659.    The allegations of Paragraph 659 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 659 are conclusions of law to which no response is required and they are denied.

660.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 660 and therefore denies the same.

661.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 661 and therefore denies the same.

662.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 662 and therefore denies the same.

663.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 663 and therefore denies the same. To the extent that the allegations in Paragraph 663 footnotes 175–76 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

664.    Teva USA is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 664 and therefore denies the same.

665.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 665 and therefore denies the same. To the extent that the allegations in Paragraph 665 footnotes 177–78 concern the

characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

666.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 666 and therefore denies the same. To the extent that the allegations in Paragraph 666 footnote 179 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

667.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 667 and therefore denies the same.

668.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 668 and therefore denies the same.

669.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 669 and therefore denies the same.

670.    The allegations in Paragraph 670 are conclusions of law to which no response is required and they are denied. Cephalon denies the remaining allegations in Paragraph 670.

671.    Cephalon admits only that it sold certain opioid medications in Ohio. The remaining allegations in Paragraph 671 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 671 are directed at other

Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

672.    Cephalon admits only that it had marketing and compliance policies, plans, and procedures in place. The remaining allegations in Paragraph 672 are conclusions of law to which no response is required and they are denied.   To the extent the allegations in Paragraph 672 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

673.    Cephalon admits only that it employed sales representatives who from time-to-time visited prescribers in the State of Ohio. Cephalon denies the remaining allegations of Paragraph 673.  To the extent the allegations in Paragraph 673 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

674.    Cephalon admits only that medications it produced may have been prescribed in Summit County. The remaining allegations in Paragraph 674 are conclusions of law to which no response is required and they are denied. To the extent that allegations in Paragraph 674 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

675.    Cephalon denies the allegations in Paragraph 675.  The allegations in Paragraph 675 are based on interviews which speak for themselves and all characterizations thereof are denied. Further, to the extent that allegations in Paragraph 675 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

676.     Cephalon admits only that it employed sales representatives who from time-to-time visited prescribers in the State of Ohio and denies the remaining allegations. To the extent that allegations in Paragraph 676 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Further, to the extent the allegations in Paragraph 676 purport to be based on interviews, those interviews speak for themselves, and all characterizations thereof are denied.

677.     Cephalon denies the allegations of Paragraph 677. To the extent that allegations in Paragraph 677 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

678.     Cephalon denies the allegations of Paragraph 678. To the extent the allegations in Paragraph 678 purport to be based on interviews, those interviews speak for themselves, and all characterizations thereof are denied.

679.     The allegations of Paragraph 679 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 679 and therefore denies the same. Further, to the extent the allegations in Paragraph 679 purport to be based on interviews, those interviews speak for themselves and any characterizations are denied.

680.     The allegations of Paragraph 680 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 680 and therefore denies the same.

681.   Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 681 and therefore denies the same.

682.   Cephalon admits only that it employed sales representatives who from time-to-time visited prescribers in the State of Ohio and nationally and denies all other allegations. To the extent that allegations in Paragraph 682 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Further, to the extent the allegations in Paragraph 682 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

683.   The allegations of Paragraph 683 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 683 and therefore denies the same.

684.   The allegations of Paragraph 684 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. The remaining allegations in Paragraph 684 are conclusions of law to which no response is required and they are denied. Further, to the extent the allegations in Paragraph 684 purport to be based on statutes, those statutes speak for themselves, and all characterizations thereof are denied.

685.   The allegations of Paragraph 685 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. The remaining allegations in

Paragraph 685 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 685 purport to be based on statutes, those statutes speak for themselves, and all characterizations thereof are denied.

686.    The allegations of Paragraph 686 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. The remaining allegations in Paragraph 686 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 686 purport to be based on statutes, those statutes speak for themselves, and all characterizations thereof are denied.

687.    Defendant Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 687 and therefore denies the same.

688.    Paragraph 688 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 688. To the extent that allegations in Paragraph 688 relate to Defendants other Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

689.    Paragraph 689 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 689. Further, to the extent that the allegations in Paragraph 689 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

690.    The allegations in Paragraph 690 are based on documents that speak for themselves and all characterizations thereof are denied.

691.    The allegations in Paragraph 691 are based on documents that speak for themselves and all characterizations thereof are denied.

692.    The allegations in Paragraph 692 and footnotes 180-83 are based on documents that speak for themselves and all characterizations thereof are denied.

693.    The allegations of Paragraph 693 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 693 and therefore denies the same.

694.    The allegations of Paragraph 694 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 694 and therefore denies the same.

695.    The allegations of Paragraph 695 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 695 and therefore denies the same.

696.    The allegations of Paragraph 696 and footnotes 187-88 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 696 and footnotes 187-88 and therefore denies the same.

697.    The allegations in Paragraph 697 are based on documents that speak for themselves and all characterizations thereof are denied.

698.    The allegations in Paragraph 698 are based on documents that speak for themselves and all characterizations thereof are denied.

699.    The allegations in Paragraph 699 and footnote 190 are based on documents that speak for themselves and all characterizations thereof are denied.

700.    The allegations in Paragraph 700 and footnotes 191-93 are based on documents that speak for themselves and all characterizations thereof are denied.

701.    Cephalon denies the allegations in Paragraph 701. To the extent that allegations in Paragraph 701 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

702.    Paragraph 702 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 702. To the extent that allegations in Paragraph 702 and footnote 194 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

703.    Plaintiffs omitted Paragraph 703 in their Corrected Second Amended Complaint.

704.    Plaintiffs omitted Paragraph 704 in their Corrected Second Amended Complaint.

705.    Cephalon denies the allegations in Paragraph 705. To the extent that allegations in Paragraph 705 relate to Defendants other than Cephalon or unidentified prescribers and employees in Summit County, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

706.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 706 or footnote 195 and therefore denies the same. To the extent that the allegations in Paragraph 706 and footnote 195 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

707.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 707 and therefore denies the same.

708.    Paragraph 708 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 708. To the extent that allegations in Paragraph 708 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

709.    Cephalon denies that it "had every reason to believe that illegal diversion was occurring in Summit County."  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 709, including any allegations in Paragraph 709 that relate to other Defendants, and therefore denies the same.

710.    Paragraph 710 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 710. To the extent that allegations in Paragraph 710 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further, to the extent that the allegations in Paragraph 710 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

711.    Plaintiffs omitted Paragraph 711 in their Corrected Second Amended Complaint.

712.    The allegations of Paragraph 712 and footnotes 198-99 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 712 and footnotes 198–99 and therefore denies the same. Further, to the extent that the allegations in Paragraph 712 and footnotes 198–99 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

713.    Paragraph 713 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 713. To the extent that allegations in Paragraph 713 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

714.    Paragraph 714 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 714. To the extent that allegations in Paragraph 714 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

715.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 715 and footnote 200 and therefore denies the same. To the extent that the allegations in Paragraph 715 and footnote 200 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

716.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 716 and therefore denies the same.

717.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 717 and footnote 201 and therefore denies the same. To the extent that the allegations in Paragraph 717 and footnote 201 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

718.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 718 and therefore denies the same. To the extent that the allegations in Paragraph 718 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

719.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 719 and footnote 202 and therefore denies the same. To the extent that the allegations in Paragraph 719 and footnote 202 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

720.    Paragraph 720 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 720.

721.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 721 and therefore denies the same. To the extent that the allegations in Paragraph 721 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

722.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 722 and therefore denies the same. To the extent that

the allegations in Paragraph 722 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

723.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 723 and therefore denies the same. To the extent that the allegations in Paragraph 723 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

724.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 724 and therefore denies the same.

725.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 725 and therefore denies the same.

726.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 726 and therefore denies the same.

727.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 727 and therefore denies the same.

728.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 728 and therefore denies the same. To the extent that the allegations in Paragraph 728 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

729.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 729 and therefore denies the same.

730.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 730 and therefore denies the same.

731.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 731 and therefore denies the same. To the extent the allegations in Paragraph 731 purport to be based on data, that data speaks for itself and any characterizations thereof are denied.

732.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 732 and therefore denies the same. To the extent that the allegations in Paragraph 732 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

733.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 733 and therefore denies the same. To the extent that the allegations in Paragraph 733 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

734.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 734 and therefore denies the same. To the extent that the allegations in Paragraph 734 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

735.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 735 and therefore denies the same.

736.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 736 and footnote 203 and therefore denies the same. To the extent that the allegations in Paragraph 736 and footnote 203 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

737.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 737 and footnote 204 and therefore denies the same. To the extent that the allegations in Paragraph 737 and footnote 204 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

738.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 738 and therefore denies the same.  To the extent that the allegations in Paragraph 738 purport to be based on a report, that report speaks for itself and all characterizations thereof are denied.

739.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 739 and therefore denies the same

740.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 740 and therefore denies the same

741.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 741 and therefore denies the same. To the extent that the allegations in Paragraph 741 purport to be based on data, that data speaks for itself and all characterizations thereof are denied.

742.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 742 and footnote 205 and therefore denies the same. To the extent that the allegations in Paragraph 742 and footnote 205 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

743.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 743 and therefore denies the same. To the extent that

the allegations in Paragraph 743 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

744. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 744 and therefore denies the same.

745. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 745 and therefore denies the same.

746. Cephalon denies the allegations of Paragraph 746.

747. Cephalon denies the allegations of Paragraph 747.

748. Cephalon denies the allegations of Paragraph 748.

749. Cephalon denies the allegations of Paragraph 749.

750. Cephalon denies the allegations of Paragraph 750.

751. Cephalon denies the allegations of Paragraph 751.

752. Cephalon denies the allegations of Paragraph 752.

753. Cephalon denies the allegations of Paragraph 753.

754. Cephalon denies the allegations of Paragraph 754.

755. Cephalon denies the allegations of Paragraph 755.

*not*

756. Cephalon denies the allegations of Paragraph 756. To the extent that Paragraph 756 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

757. Cephalon denies the allegations of Paragraph 757.

758. Cephalon denies the allegations of Paragraph 758. To the extent that Paragraph 758 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

759.   Cephalon denies the allegations of Paragraph 759.

760.   Cephalon denies the allegations of Paragraph 760.

761.   Cephalon denies the allegations of Paragraph 761.

762.   Cephalon denies the allegations of Paragraph 762.

763.   Cephalon denies the allegations of Paragraph 763.

764.   Cephalon denies the allegations of Paragraph 758.

765.   Cephalon denies the allegations of Paragraph 765.

766.   Cephalon denies the allegations of Paragraph 766.

767.   Paragraph 767 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 767.

768.   Paragraph 768 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 768.

769.   Paragraph 769 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 769.

770.   Cephalon denies the allegations of Paragraph 770.

771.   Cephalon denies the allegations of Paragraph 771.

772.   Cephalon denies the allegations of Paragraph 772.

773.   Cephalon denies the allegations of Paragraph 773.

774.   Cephalon denies the allegations of Paragraph 774.

775.   Cephalon denies the allegations of Paragraph 775. To the extent that Paragraph 775 purports to be based on an Order, that document speak for itself, and all characterizations thereof are denied.

776.   Cephalon denies the allegations of Paragraph 776.

777.   Paragraph 777 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 777.

778.   Cephalon denies the allegations of Paragraph 778.

779.   Cephalon denies the allegations of Paragraph 779.

780.   Cephalon denies the allegations of Paragraph 780.

781.   Cephalon denies the allegations of Paragraph 781.

782.   Cephalon denies the allegations of Paragraph 782.

783.   The allegations of Paragraph 783 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 783 and therefore denies the same. Further, to the extent that Paragraph 783 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

784.   The allegations of Paragraph 784 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 784 and therefore denies the same. Further, to the extent that Paragraph 784 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

785.   The allegations of Paragraph 785 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 785 and therefore denies the same. Further, to the extent that

Paragraph 785 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

786.    Cephalon admits only that it entered into a corporate integrity agreement in September 2008.  Cephalon denies all remaining allegations in Paragraph 786. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 786 and therefore denies the same. To the extent that Paragraph 786 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

787.    Cephalon denies the allegations in Paragraph 787.

788.    Cephalon admits only that the FDA issued a public health advisory in September 2007 and that Cephalon submitted a supplemental application for the medication Fentora to the FDA, which was not granted. Cephalon denies all remaining allegations in Paragraph 788.  To the extent that Paragraph 788 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

789.    Cephalon admits only that the FDA sent a letter to Cephalon regarding the advertising of Fentora on March 26, 2009.  Cephalon denies the remaining allegations in Paragraph 789. To the extent that Paragraph 789 purports to be based on a letter, that letter speaks for itself, and all characterizations thereof are denied.

790.    Cephalon admits only that it published an insert titled "An Integrated Risk Evaluation and Mitigation Strategy (REMS) for FENTORA (Fentanyl Buccal Tablet) and ACTIQ (Oral Transmucosal Fentanyl Citrate)" on January 13, 2012.  Cephalon denies all remaining allegations in Paragraph 790.  To the extent that Paragraph 790 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

791.    The allegations of Paragraph 791 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 791 and therefore denies the same.

792.    The allegations of Paragraph 792 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 792 and therefore denies the same.

793.    Cephalon denies the allegations of Paragraph 793. To the extent the allegations in Paragraph 793 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

794.    Cephalon denies the allegations of Paragraph 794. To the extent that Paragraph 794 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

795.    Cephalon denies the allegations of Paragraph 795. To the extent that Paragraph 795 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

796.    The allegations of Paragraph 796 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 796 and therefore denies the same. Further, to the extent that

Paragraph 796 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

797. The allegations of Paragraph 797 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 797 and therefore denies the same. Further, to the extent that Paragraph 797 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

798. The allegations of Paragraph 798 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 798 and therefore denies the same.

799. The allegations of Paragraph 799 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 799 and therefore denies the same. Further, to the extent that Paragraph 799 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

800. The allegations of Paragraph 800 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 800 and therefore denies the same. Further, to the extent that

Paragraph 800 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

801.    The allegations of Paragraph 801 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 801 and therefore denies the same. Further, to the extent that Paragraph 801 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

802.    The allegations of Paragraph 802 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 802 and therefore denies the same. Further, to the extent that Paragraph 802 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

803.    The allegations of Paragraph 803 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 803 and therefore denies the same. Further, to the extent that Paragraph 803 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

804.    The allegations of Paragraph 804 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 804 and therefore denies the same. Further, to the extent that Paragraph 804 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

805.    Plaintiffs omitted Paragraph 805 in their Corrected Second Amended Complaint.

806.    Plaintiffs omitted Paragraph 806 in their Corrected Second Amended Complaint.

807.    Plaintiffs omitted Paragraph 807 in their Corrected Second Amended Complaint.

808.    The allegations of Paragraph 808 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 808 and therefore denies the same.

809.    The allegations of Paragraph 809 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 809 and therefore denies the same. Further, to the extent that Paragraph 809 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

810.    The allegations of Paragraph 810 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 810 and therefore denies the same.

811.    The allegations of Paragraph 811 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 811 and therefore denies the same.

812.    The allegations of Paragraph 812 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 812 and therefore denies the same.

813.    Cephalon denies the allegations of Paragraph 813.

814.    Cephalon denies the allegations of Paragraph 814 and footnote 207.

815.    Cephalon denies the allegations of Paragraph 815.

816.    Cephalon denies the allegations of Paragraph 816.

817.    Cephalon denies the allegations of Paragraph 817.

818.    Cephalon denies the allegations of Paragraph 818.

819.    Cephalon denies the allegations of Paragraph 819. To the extent the allegations in Paragraph 819 are directed at other Defendants or "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

820.    Cephalon denies the allegations of Paragraph 820. To the extent the allegations in Paragraph 820 are directed at other Defendants or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

821.    Cephalon denies the allegations of Paragraph 821. To the extent the allegations in Paragraph 821 are directed at other Defendants, "Front Groups," or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

822.    Cephalon denies the allegations of Paragraph 822.

823.    Cephalon denies the allegations of Paragraph 822.

824.    Paragraph 824 purports to be based on documents that speak for themselves and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 825 and therefore denies the same.

825.    Paragraph 825 purports to be based on documents that speak for themselves and all characterizations thereof are denied.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 825 and therefore denies the same.

826.    Cephalon denies the allegations of Paragraph 826.

827.    Cephalon denies the allegations of Paragraph 827.

828.    Cephalon denies the allegations of Paragraph 828.

829.    Cephalon denies the allegations of Paragraph 829.

830.    Cephalon denies the allegations of Paragraph 830.

831.    Cephalon denies the allegations of Paragraph 831. To the extent the allegations in Paragraph 831 are directed at other Defendants and "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 831 and therefore denies the same.

832.    Cephalon denies the allegations of Paragraph 832. To the extent the allegations in Paragraph 832 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 832 and therefore denies the same. Further, to the extent that Paragraph 832 and footnotes 208-09 purport to be based on documents, those document speak for themselves, and all characterizations thereof are denied.

833.    Cephalon denies the allegations of Paragraph 833. To the extent the allegations in Paragraph 833 are directed at other Defendants or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 833 and therefore denies the same.

834.    Cephalon denies the allegations of Paragraph 834.

835.    Cephalon denies the allegations of Paragraph 835.

836.    Cephalon denies the allegations of Paragraph 836.

837.    Cephalon denies the allegations of Paragraph 837.

838.    Cephalon denies the allegations of Paragraph 838.

839.    Cephalon denies the allegations of Paragraph 839.

840.    Cephalon denies the allegations of Paragraph 840.

841.    Cephalon denies the allegations of Paragraph 841.

842.    Cephalon denies the allegations of Paragraph 842.

843.    Cephalon denies the allegations of Paragraph 843.

844.    Cephalon denies the allegations of Paragraph 844. To the extent the allegations in Paragraph 844 are directed at other Defendants, "Front Groups" or "KOLs,"

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 844 and therefore denies the same.

845.    Cephalon denies the allegations of Paragraph 845. To the extent the allegations in Paragraph 845 are directed at other Defendants, "Front Groups," or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 845 and therefore denies the same.

846.    Cephalon denies the allegations of Paragraph 846. To the extent the allegations in Paragraph 846 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 846 and therefore denies the same.

847.    Cephalon denies the allegations of Paragraph 847. To the extent the allegations in Paragraph 847 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 847 and therefore denies the same.

848.    Cephalon denies the allegations of Paragraph 848.

849.    Cephalon denies the allegations of Paragraph 849. To the extent that the allegations in Paragraph 849 and footnote 210 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

850.    Cephalon denies the allegations of Paragraph 850. To the extent that the allegations in Paragraph 850 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

851.    Cephalon denies the allegations of Paragraph 851. To the extent that the allegations in Paragraph 851 and footnote 211 purport to be based on a statute or regulation, that statute or regulation speaks for itself, and all characterizations thereof are denied.

852.    Cephalon denies the allegations of Paragraph 852. To the extent that the allegations in Paragraph 852 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

853.    Cephalon denies the allegations of Paragraph 853. To the extent that the allegations in Paragraph 853 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

854.    Cephalon denies the allegations of Paragraph 854.

855.    Cephalon denies the allegations of Paragraph 855.

856.    Cephalon denies the allegations of Paragraph 856.

857.    Cephalon denies the allegations of Paragraph 857. To the extent that the allegations in Paragraph 857 and footnote 212 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

858.    Cephalon denies the allegations of Paragraph 858. To the extent that the allegations in Paragraph 858 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

859.    Cephalon denies the allegations of Paragraph 859.

860.    Cephalon denies the allegations of Paragraph 860.

861.    Cephalon denies the allegations of Paragraph 861.

862.    Cephalon denies the allegations of Paragraph 862.

863.     Cephalon denies the allegations of Paragraph 863. To the extent that the allegations in Paragraph 863 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

864.     Cephalon admits only that it manufactures and sells Actiq and Fentora. Cephalon denies all remaining allegations in Paragraph 864. To the extent that allegations in Paragraph 864 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

865.     Cephalon admits only that it manufactures and sells Actiq and Fentora. Cephalon denies all remaining allegations in Paragraph 865. To the extent that allegations in Paragraph 865 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

866.     Cephalon denies the allegations of Paragraph 866.

867.     Cephalon denies the allegations of Paragraph 867.

868.     Cephalon denies the allegations of Paragraph 868.

869.     Cephalon denies the allegations of Paragraph 869.

870.     Cephalon denies the allegations of Paragraph 870.

871.     Cephalon denies the allegations of Paragraph 871.

872.     Cephalon denies the allegations of Paragraph 872.

873.     Cephalon denies the allegations of Paragraph 873.

874.     Cephalon denies the allegations of Paragraph 874.

875.    Cephalon denies the allegations of Paragraph 875. To the extent that the allegations in Paragraph 875 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

876.    Cephalon denies the allegations of Paragraph 876.

877.    Cephalon denies the allegations of Paragraph 877.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF<br/>
Violation of RICO, 18 U.S.C. § 1961 et seq.—Opioid Marketing Enterprise<br/>
(Against Purdue, Cephalon, Janssen, Endo, and Mallinckrodt<br/>
(the "RICO Marketing Defendants"))

878.    Cephalon reasserts its responses to Paragraphs 1 through 877 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

879.    Paragraph 879 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 879. To the extent that allegations in Paragraph 879 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

880.    Paragraph 880 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 880. To the extent that allegations in Paragraph 880 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

881.    Paragraph 881 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 881. To the

extent that allegations in Paragraph 881 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

882.    Paragraph 882 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 882. To the extent that allegations in Paragraph 882 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

883.    Paragraph 883 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 883. To the extent that allegations in Paragraph 883 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

884.    Paragraph 884 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 884. To the extent that allegations in Paragraph 884 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

885.    Paragraph 885 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 885. To the extent that allegations in Paragraph 885 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

886.    Paragraph 886 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 886. To the extent that allegations in Paragraph 886 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

887.    Paragraph 887 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 887. To the extent that allegations in Paragraph 887 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

888.    Paragraph 888 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 888. To the extent that allegations in Paragraph 888 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

889.    Paragraph 889 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 889. To the extent that allegations in Paragraph 889 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

890.    Paragraph 890 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 890. To the extent that allegations in Paragraph 890 relate to Defendants other than Cephalon, it is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

891.    Paragraph 891 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 891. To the extent that allegations in Paragraph 891 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

892.    Paragraph 892 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 892. To the extent that allegations in Paragraph 892 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

893.    Paragraph 893 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 893. To the extent that allegations in Paragraph 893 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

894.    Paragraph 894 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 894. To the extent that allegations in Paragraph 894 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

895.    Paragraph 895 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 895. To the extent that allegations in Paragraph 895 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

896.    Paragraph 896 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 896. To the extent that allegations in Paragraph 896 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

897.    Paragraph 897 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 897. To the extent that allegations in Paragraph 897 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

898.    Paragraph 898 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 898. To the extent that allegations in Paragraph 898 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

899.    Paragraph 899 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 899. To the extent that allegations in Paragraph 899 relate to Defendants other than Cephalon, it is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

900.    Paragraph 900 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 900. To the extent that allegations in Paragraph 900 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further, to the extent the allegations in Paragraph 900 and footnotes 213-14 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

901.    Paragraph 901 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 901.  To the extent that allegations in Paragraph 901 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

902.    Paragraph 902 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 902.  To the extent that allegations in Paragraph 902 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

903.    Paragraph 903 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 903.  To the extent that allegations in Paragraph 903 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

904.    Paragraph 904 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 904.  To the extent that allegations in Paragraph 904 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

905.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

SECOND CLAIM FOR RELIEF
Violation of RICO, 18 U.S.C. § 1961 *et seq*.—Opioid Supply Chain Enterprise
(Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis,  McKesson,
Cardinal, and AmerisourceBergen—"RICO Supply Chain Defendants")

906.    Cephalon reasserts its responses to Paragraphs 1 through 906 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

907.    Paragraph 907 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 907.  To the extent that allegations in Paragraph 907 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

908.    Paragraph 908 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 908.  To the extent that allegations in Paragraph 908 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

909.    Paragraph 909 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 909.  To the extent that allegations in Paragraph 909 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

910.    Paragraph 910 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 910.  To the extent that allegations in Paragraph 910 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

911.    Paragraph 911 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 911.  To the extent that allegations in Paragraph 911 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

912.    Paragraph 912 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 912.  To the extent that allegations in Paragraph 912 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

913.    Paragraph 913 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 913.  To the extent that allegations in Paragraph 913 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

914.    Paragraph 914 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 914.  To the extent that allegations in Paragraph 914 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

915.    Paragraph 915 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 915.  To the extent that allegations in Paragraph 915 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

916.    Paragraph 916 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 916.  To the extent that allegations in Paragraph 916 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

917.     Paragraph 917 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 917.  To the extent that allegations in Paragraph 917 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

918.     Paragraph 918 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 918.  To the extent that allegations in Paragraph 918 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

919.     Paragraph 919 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 919.  To the extent that allegations in Paragraph 919 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

920.     Paragraph 920 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 920.  To the extent that allegations in Paragraph 920 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

921.     Paragraph 921 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 921.  To the extent that allegations in Paragraph 921 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

922. Paragraph 922 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 922. To the extent that allegations in Paragraph 922 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

923. Paragraph 923 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 923. To the extent that allegations in Paragraph 923 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

924. Paragraph 924 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 924. To the extent that allegations in Paragraph 924 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

925. Paragraph 925 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 925. To the extent that allegations in Paragraph 925 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

926.     Paragraph 926 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 926.  To the extent that allegations in Paragraph 926 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

927.     Paragraph 927 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 927.  To the extent that allegations in Paragraph 927 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

928.     Paragraph 928 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 928.  To the extent that allegations in Paragraph 928 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

929.     Paragraph 929 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 929.  To the extent that allegations in Paragraph 929 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

930.     Paragraph 930 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 930.  To the extent that allegations in Paragraph 930 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

931.     Paragraph 931 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 931.  To the extent that allegations in Paragraph 931 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

932.     Paragraph 932 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 932.  To the extent that allegations in Paragraph 932 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

933.     Paragraph 933 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 933.  To the extent that allegations in Paragraph 933 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

934.     Paragraph 934 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 934.  To the extent that allegations in Paragraph 934 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

935.    Paragraph 935 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 935.  To the extent that allegations in Paragraph 935 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

936.    Paragraph 936 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 936.  To the extent that allegations in Paragraph 936 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

937.    Paragraph 937 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 937.  To the extent that allegations in Paragraph 937 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

938.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

THIRD CLAIM FOR RELIEF

Violation Of The Ohio Corrupt Practices Act Ohio Revised Code §§ 2923.31, et seq. (Against Purdue, Cephalon, Janssen, Endo, and Mallinckrodt
(the "Opioid Marketing Enterprise"))

939.    Cephalon reasserts its responses to Paragraphs 1 through 938 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

940.    Paragraph 940 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 940.  To the extent that allegations in Paragraph 940 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

A.    The Opioid Marketing Enterprise and Pattern of Corrupt Activity

941.    Cephalon reasserts its responses to Paragraphs 878 through 905 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

942.    Paragraph 942 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 942.  To the extent that allegations in Paragraph 942 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

943.    Paragraph 943 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 943.  To the extent that allegations in Paragraph 943 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

944.    Paragraph 944 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 944.  To the extent that allegations in Paragraph 944 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

945.    Paragraph 945 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 945.  To the extent that allegations in Paragraph 945 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

**B.**  Injury Caused and Relief Sought

946.    Paragraph 946 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 946.  To the extent that allegations in Paragraph 946 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

947.    Paragraph 947 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 947.  To the extent that allegations in Paragraph 947 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

948.    Paragraph 948 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 948.  To the extent that allegations in Paragraph 948 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

949.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### FOURTH CLAIM FOR RELIEF
Violation Of The Ohio Corrupt Practices Act Ohio Revised Code §§ 2923.31, *et seq*. Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen) (The "Opioid Supply Chain Enterprise")

950.    Cephalon reasserts its responses to Paragraphs 1 through 949 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

951.    Paragraph 951 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 951.  To the extent that allegations in Paragraph 951 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

**C.**    The Opioid Supply Chain Enterprise and Pattern of Corrupt Activity

952.    Cephalon reasserts its responses to Paragraphs 906 through 938 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

953.     Paragraph 953 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 953.  To the extent that allegations in Paragraph 953 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

954.     Paragraph 954 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 954.  To the extent that allegations in Paragraph 954 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

955.     Paragraph 955 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 955.  To the extent that allegations in Paragraph 955 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

956.     Paragraph 956 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 956.  To the extent that allegations in Paragraph 956 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

957.     Paragraph 957 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 957.  To the extent that allegations in Paragraph 957 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

958.     Paragraph 958 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 958.  To the extent that allegations in Paragraph 958 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

959.     Paragraph 959 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 959.  To the extent that allegations in Paragraph 959 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

960.     Paragraph 960 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 960.  To the extent that allegations in Paragraph 960 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

961.     Paragraph 961 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 961.  To the extent that allegations in Paragraph 961 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

962.     Paragraph 962 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 962.  To the extent that allegations in Paragraph 962 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

963.     Paragraph 963 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 963.  To the extent that allegations in Paragraph 963 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

964.     Paragraph 964 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 964.  To the extent that allegations in Paragraph 964 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

965.     Paragraph 965 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 965.  To the extent that allegations in Paragraph 965 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

966.     Paragraph 966 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 966.  To the extent that allegations in Paragraph 966 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

967.    Paragraph 967 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 967.  To the extent that allegations in Paragraph 967 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

968.    Paragraph 968 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 968.  To the extent that allegations in Paragraph 968 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

**D.**  Impact of The Opioid Supply Chain Enterprise

969.    Cephalon reasserts its responses to Paragraphs 671 through 745 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

**E.**  Injury Caused and Relief Sought

970.    Paragraph 970 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 970.  To the extent that allegations in Paragraph 970 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

971.    Paragraph 971 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 971.  To the

extent that allegations in Paragraph 971 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

972.    Paragraph 972 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 972.  To the extent that allegations in Paragraph 972 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

973.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

FIFTH CLAIM FOR RELIEF
Statutory Public Nuisance
(Against All Defendants)

974.    Cephalon reasserts its responses to Paragraphs 1 through 973 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

975.    Paragraph 975 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 975.  To the extent that allegations in Paragraph 975 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

976.    Paragraph 976 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 976.  To the

extent that allegations in Paragraph 976 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

976. Paragraph 977 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 977. To the extent that allegations in Paragraph 977 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

978. Paragraph 978 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 978. To the extent that allegations in Paragraph 978 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

979. Paragraph 979 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 979. To the extent that allegations in Paragraph 979 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

980. Paragraph 980 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 980. To the extent that allegations in Paragraph 980 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

981.     Paragraph 981 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 981.  To the extent that allegations in Paragraph 981 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

982.     Paragraph 982 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 982.  To the extent that allegations in Paragraph 982 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

983.     Paragraph 983 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 983.  To the extent that allegations in Paragraph 983 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

984.     Paragraph 984 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 984.  To the extent that allegations in Paragraph 984 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

985.     Paragraph 985 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 985.  To the extent that allegations in Paragraph 985 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

986.     Paragraph 986 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 986.  To the extent that allegations in Paragraph 986 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

987.     Paragraph 987 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 987.  To the extent that allegations in Paragraph 987 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

988.     Paragraph 989 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 989.  To the extent that allegations in Paragraph 989 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

989.     Paragraph 989 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 989.  To the extent that allegations in Paragraph 989 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

990.     Paragraph 990 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 990.  To the extent that allegations in Paragraph 990 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

991.     Paragraph 991 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 991.  To the extent that allegations in Paragraph 991 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

992.     Paragraph 992 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 992.  To the extent that allegations in Paragraph 992 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

993.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

994.     Paragraph 994 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 994.  To the extent that allegations in Paragraph 994 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

995.     The Complaint speaks for itself and any attempt to characterize Plaintiffs'
allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or
contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or
any other relief sought in the Complaint.  Paragraph 995 also states conclusions of law to which
no response is required.  To the extent a response is required, Cephalon denies the allegations in
Paragraph 995.

996.     The Complaint speaks for itself and any attempt to characterize Plaintiffs'
allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or
contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or
any other relief sought in the Complaint.

SIXTH CLAIM FOR RELIEF
Common Law Absolute Public Nuisance
(Against All Defendants)

997.     Cephalon reasserts its responses to Paragraphs 1 through 996 and
incorporates by reference its responses to all other Paragraphs of the Complaint with the same
legal force and effect as if fully set forth herein.

998.     Paragraph 998 states conclusions of law to which no response is required.
To the extent a response is required, Cephalon denies the allegations in Paragraph 998.  To the
extent that allegations in Paragraph 998 relate to Defendants other than Cephalon, Cephalon is
without knowledge or information sufficient to form a belief as to the truth of those allegations
and therefore denies the same.

999.     Paragraph 999 states conclusions of law to which no response is required.
To the extent a response is required, Cephalon denies the allegations in Paragraph 999.  To the
extent that allegations in Paragraph 999 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1000.   Paragraph 1000 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1000.  To the extent that allegations in Paragraph 1000 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1001.   Paragraph 1001 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1001.  To the extent that allegations in Paragraph 1001 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1002.   Paragraph 1002 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1002.  To the extent that allegations in Paragraph 1002 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1003.   Paragraph 1003 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1003.  To the extent that allegations in Paragraph 1003 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1004.   Paragraph 1004 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1004.  To the extent that allegations in Paragraph 1004 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1005.   Paragraph 1005 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1005.  To the extent that allegations in Paragraph 1005 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1006.   Paragraph 1006 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1006.  To the extent that allegations in Paragraph 1006 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1007.   Paragraph 1007 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1007.  To the extent that allegations in Paragraph 1007 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1008.   Paragraph 1008 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1008.  To the extent that allegations in Paragraph 1008 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1009.   Paragraph 1009 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1009.  To the extent that allegations in Paragraph 1009 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1010.   Paragraph 1010 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1010.  To the extent that allegations in Paragraph 1010 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1011.   Paragraph 1011 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1011.  To the extent that allegations in Paragraph 1011 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1012.   Paragraph 1012 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1012.  To the extent that allegations in Paragraph 1012 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1013.   Paragraph 1013 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1013.  To the extent that allegations in Paragraph 1013 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1014.   Paragraph 1014 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1014.  To the extent that allegations in Paragraph 1014 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1015.   Paragraph 1015 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1015.  To the extent that allegations in Paragraph 1015 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1016.   Paragraph 1016 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1016.  To the extent that allegations in Paragraph 1016 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1017.   Paragraph 1017 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1017.  To the extent that allegations in Paragraph 1017 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1018.   Paragraph 1018 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1018.  To the extent that allegations in Paragraph 1018 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1019.   Paragraph 1019 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1019.  To the extent that allegations in Paragraph 1019 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1020.   Paragraph 1020 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1020.  To the extent that allegations in Paragraph 1020 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1021.   Paragraph 1021 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1021.  To the extent that allegations in Paragraph 1021 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1022.   Paragraph 1022 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1022.  To the extent that allegations in Paragraph 1022 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1023.   Paragraph 1023 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1023.  To the extent that allegations in Paragraph 1023 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1024.   Paragraph 1024 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1024.  To the extent that allegations in Paragraph 1024 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1025.   Paragraph 1025 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1025.  To the extent that allegations in Paragraph 1025 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1026.   Paragraph 1026 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1026.  To the extent that allegations in Paragraph 1026 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1027.   Paragraph 1027 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1027.  To the extent that allegations in Paragraph 1027 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1028.   Paragraph 1028 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1028.  To the extent that allegations in Paragraph 1028 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1029.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1030.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.  Paragraph 1030 also states conclusions of law to which no response is required.  To the extent a response is required, Cephalon denies the allegations in Paragraph 1030.  To the extent that allegations in Paragraph 1030 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1031.   Paragraph 1031 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1031.  To the extent that allegations in Paragraph 1031 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1032.   Paragraph 1032 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1032.  To the extent that allegations in Paragraph 1032 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1033.   Paragraph 1033 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1033.  To the extent that allegations in Paragraph 1033 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1034.   Paragraph 1034 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1034.  To the extent that allegations in Paragraph 1034 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1035.   Paragraph 1035 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1035.  To the extent that allegations in Paragraph 1035 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1036.   Paragraph 1036 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1036.  To the extent that allegations in Paragraph 1036 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1037.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.  Paragraph 1037 also states conclusions of law to which no response is required.  To the extent a response is required, Cephalon denies the allegations in Paragraph 1037.  To the extent that allegations in Paragraph 1037 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1038.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

SEVENTH CLAIM FOR RELIEF<br>Negligence<br>(Against All Defendants)

1039.   Cephalon reasserts its responses to Paragraphs 1 through 1038 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1040.   Paragraph 1040 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1040.  To the extent that allegations in Paragraph 1040 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1041.   Paragraph 1041 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1041.  To the extent that allegations in Paragraph 1041 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1042.   Paragraph 1042 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1042.  To the extent that allegations in Paragraph 1042 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1043.   Paragraph 1043 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1043.  To the extent that allegations in Paragraph 1043 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1044.   Paragraph 1044 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1044.  To the extent that allegations in Paragraph 1044 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1045.   Paragraph 1045 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1045.  To the extent that allegations in Paragraph 1045 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1046.   Paragraph 1046 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1046.  To the extent that allegations in Paragraph 1046 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1047.   Paragraph 1047 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1047.  To the extent that allegations in Paragraph 1047 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1048.   Paragraph 1048 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1048.  To the extent that allegations in Paragraph 1048 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1049.   Paragraph 1049 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1049.  To the extent that allegations in Paragraph 1049 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1050.   Paragraph 1050 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1050.  To the extent that allegations in Paragraph 1050 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1051.   Paragraph 1051 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1051.  To the extent that allegations in Paragraph 1051 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1052.   Paragraph 1052 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1052.  To the extent that allegations in Paragraph 1052 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1053.   Paragraph 1053 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1053.  To the extent that allegations in Paragraph 1053 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1054.   Paragraph 1054 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1054.  To the extent that allegations in Paragraph 1054 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1055.   Paragraph 1055 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1055.  To the extent that allegations in Paragraph 1055 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1056.   Paragraph 1056 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1056.  To the extent that allegations in Paragraph 1056 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1057.   Paragraph 1057 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1057.  To the extent that allegations in Paragraph 1057 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1058.   Paragraph 1058 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1058.  To the extent that allegations in Paragraph 1058 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1059.   Paragraph 1059 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1059.  To the extent that allegations in Paragraph 1059 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1060.   Paragraph 1060 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1060.  To the extent that allegations in Paragraph 1060 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1061.   Paragraph 1061 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1061.  To the extent that allegations in Paragraph 1061 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1062.   Paragraph 1062 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1062.  To the extent that allegations in Paragraph 1062 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1063.   Paragraph 1063 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1063.  To the extent that allegations in Paragraph 1063 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1064.   Paragraph 1064 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1064.  To the extent that allegations in Paragraph 1064 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1065.   Paragraph 1065 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1065.  To the extent that allegations in Paragraph 1065 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1066.   Paragraph 1066 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1066.  To the extent that allegations in Paragraph 1066 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1067.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1068.   Paragraph 1068 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1068.  To the extent that allegations in Paragraph 1068 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1069.   Paragraph 1069 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1069.  To the extent that allegations in Paragraph 1069 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1070.   Paragraph 1070 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1070.  To the extent that allegations in Paragraph 1070 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1071.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

EIGHTH CLAIM FOR RELIEF
Common Law Fraud

(Against the Marketing Defendants)

1072.   Cephalon reasserts its responses to Paragraphs 1 through 1071 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1073.   Paragraph 1073 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1073.  To the extent that allegations in Paragraph 1073 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1074.   Paragraph 1074 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1074.  To the extent that allegations in Paragraph 1074 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1075.   Paragraph 1075 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1075.  To the extent that allegations in Paragraph 1075 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1076.   Paragraph 1076 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1076.  To the extent that allegations in Paragraph 1076 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1077.   Paragraph 1077 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1077.  To the extent that allegations in Paragraph 1077 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1078.   Paragraph 1078 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1078.  To the extent that allegations in Paragraph 1078 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1079.   Paragraph 1079 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1079.  To the extent that allegations in Paragraph 1079 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1080.   Paragraph 1080 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1080.  To the extent that allegations in Paragraph 1080 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1081.   Paragraph 1081 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1081.  To the extent that allegations in Paragraph 1081 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1082.   Paragraph 1082 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1082.  To the extent that allegations in Paragraph 1082 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1083.   Paragraph 1083 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1083.  To the extent that allegations in Paragraph 1083 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1084.   Paragraph 1084 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1084.  To the extent that allegations in Paragraph 1084 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1085.   Paragraph 1085 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1085.  To the extent that allegations in Paragraph 1085 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1086.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1087.   Paragraph 1087 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1087.  To the extent that allegations in Paragraph 1087 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1088.   Paragraph 1088 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1088.  To the extent that allegations in Paragraph 1088 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1089.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

NINTH CLAIM FOR RELIEF
Injury Through Criminal Acts (R.C. 2307.60)
(Against All Defendants)

1090.   Cephalon reasserts its responses to Paragraphs 1 through 1089 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1091.   Paragraph 1091 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1091.  To the extent that allegations in Paragraph 1091 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1092.   Paragraph 1092 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1092.  To the extent that allegations in Paragraph 1092 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1093.   Paragraph 1093 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1093.  To the extent that allegations in Paragraph 1093 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1094.   Paragraph 1094 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1094.  To the extent that allegations in Paragraph 1094 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1095.   Paragraph 1095 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1095.  To the extent that allegations in Paragraph 1095 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1096.   Paragraph 1096 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1096.  To the extent that allegations in Paragraph 1096 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1097.   Paragraph 1097 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1097.  To the extent that allegations in Paragraph 1097 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1098.   Paragraph 1098 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1098.  To the extent that allegations in Paragraph 1098 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1099.   Paragraph 1099 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1099.  To the extent that allegations in Paragraph 1099 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1100.   Paragraph 1100 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1100.  To the extent that allegations in Paragraph 1100 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1101.   Paragraph 1101 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1101.  To the extent that allegations in Paragraph 1101 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1102.   Paragraph 1102 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1102.  To the extent that allegations in Paragraph 1102 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1103.   Paragraph 1103 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1103.  To the extent that allegations in Paragraph 1103 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1104.   Paragraph 1104 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1104.  To the extent that allegations in Paragraph 1104 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1105.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1106.   Paragraph 1106 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1106.  To the extent that allegations in Paragraph 1106 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1107.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

TENTH CLAIM FOR RELIEF
Unjust Enrichment
(Against All Defendants)

1108.   Cephalon reasserts its responses to Paragraphs 1 through 1107 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1109.   Paragraph 1109 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1109.  To the extent that allegations in Paragraph 1109 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1110.   Paragraph 1110 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1110.  To the extent that allegations in Paragraph 1110 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1111.   Paragraph 1111 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1111.  To the extent that allegations in Paragraph 1111 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1112.   Paragraph 1112 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1112.  To the extent that allegations in Paragraph 1112 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1113.   Paragraph 1113 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1113.  To the extent that allegations in Paragraph 1113 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1114.   Paragraph 1114 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1114.  To the extent that allegations in Paragraph 1114 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1115.   Paragraph 1115 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1115.  To the extent that allegations in Paragraph 1115 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1116.   Paragraph 1116 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1116.  To the extent that allegations in Paragraph 1116 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1117.   Paragraph 1117 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1117.  To the extent that allegations in Paragraph 1117 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1118.   Paragraph 1118 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1118.  To the extent that allegations in Paragraph 1118 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1119.   Paragraph 1119 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1119.  To the extent that allegations in Paragraph 1119 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1120.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1121.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

ELEVENTH CLAIM FOR RELIEF
Civil Conspiracy
(Against All Defendants)

1122.   Cephalon reasserts its responses to Paragraphs 1 through 1121 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1123.   Paragraph 1123 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1123.  To the extent that allegations in Paragraph 1123 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1124.   Paragraph 1124 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1124.  To the

extent that allegations in Paragraph 1124 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1125.   Paragraph 1125 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1125.  To the extent that allegations in Paragraph 1125 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1126.   Paragraph 1126 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1126.  To the extent that allegations in Paragraph 1126 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1127.   Paragraph 1127 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1127.  To the extent that allegations in Paragraph 1127 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1128.   Paragraph 1128 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1128.  To the extent that allegations in Paragraph 1128 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1129.   Paragraph 1129 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1129.  To the extent that allegations in Paragraph 1129 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1130.   Paragraph 1130 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1130.  To the extent that allegations in Paragraph 1130 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1131.   Paragraph 1131 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1131.  To the extent that allegations in Paragraph 1131 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1132.   Paragraph 1132 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1132.  To the extent that allegations in Paragraph 1132 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1133.   Paragraph 1133 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1133.  To the extent that allegations in Paragraph 1133 relate to Defendants other than Cephalon, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1134.   Paragraph 1134 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1134.  To the extent that allegations in Paragraph 1134 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1135.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1136.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied.  Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

PRAYER FOR RELIEF

1137.   Cephalon admits that Plaintiffs seek the relief listed in the Prayer for Relief paragraph and all of its subparts, but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

<b>AFFIRMATIVE AND OTHER DEFENSES</b>

Cephalon hereby asserts affirmative and other defenses to the allegations and claims in Plaintiffs' Complaint.  By asserting the matters set forth below, Cephalon does not allege or

admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. Cephalon asserts as follows:

**FIRST**.  The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead a legally cognizable injury.

**SECOND**.  The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**THIRD**.  The claims asserted in the Complaint are preempted, in whole or in part, by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act.  Among other things, each Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, and the Supremacy Clause of the United States Constitution.

**FOURTH**.  Any claims pertaining to generic medicines are preempted, as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mutual Pharmaceuticals Co. v. Bartlett*, 570 U.S. 472 (2013).

**FIFTH**.  The claims asserted in the Complaint against Cephalon are barred, in whole or in part, by the FDA-approved TIRF REMS Program, including, but not limited to, the requirements imposed on prescribers of TIRF medicines and patients.

**SIXTH**.  Each Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries who used their informed, independent medical judgment in making prescribing decisions for a given patient.

**SEVENTH**.  Each Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

**EIGHTH**.  Each Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**NINTH**.  If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and in no way caused by Cephalon and for which Cephalon is not liable.

**TENTH**.  The alleged injury asserted by each Plaintiff is too remote from the alleged conduct of Cephalon to be a basis for liability as a matter of law and due process.

**ELEVENTH**.  Plaintiffs may not recover from Cephalon because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

**TWELFTH**.  Each Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

**THIRTEENTH**.  Each Plaintiff's claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel, and/or ratification.

**FOURTEENTH**.  To the extent that each Plaintiff's claims relate to Cephalon's advertising, public statements, lobbying, or other activities protected by the First Amendment to

the Constitution of the United States or by the Constitution of the State of Ohio or that of any

other state whose laws may apply, such claims are barred.

**FIFTEENTH**.  Each Plaintiff's claims are barred, in whole or in part, by Plaintiffs'

failure to mitigate any damages allegedly sustained.

**SIXTEENTH**.  Each Plaintiff's claims are barred, in whole or in part, by the voluntary

payment doctrine.

**SEVENTEENTH**.  Any verdict or judgment that might be recovered by Plaintiffs must

be reduced by those amounts that have already or will in the future indemnify Plaintiffs in whole

or in part for any past or future claimed economic loss from any collateral source, such as

insurance, social security, workers' compensation, taxes, or employee benefit program.

**EIGHTEENTH**.  Each Plaintiff's injuries and damages, if any, are barred in whole or in

part by the actions, omissions, and/or conduct of third parties over whom Cephalon had no

control or authority.  Indeed, each Plaintiff's claims are barred, in whole or in part, because the

injury Plaintiffs allege was the result of one or more superseding and/or intervening criminal acts

by third parties.  Thus, any recovery should be reduced or barred by such parties' proportionate

fault.

**NINETEENTH**.  Each Plaintiff's claims are barred and/or reduced by contributory or

comparative negligence and contributory or comparative fault.

**TWENTIETH**.  Each Plaintiff's claims are barred, in whole or in part, by any alteration,

modification, or misuse of the prescribed medications by Plaintiffs, prescribing providers,

patients, or any other third parties, for which Cephalon cannot be held responsible.

**TWENTY-FIRST**.  Each Plaintiff's claims for punitive or exemplary damages or other

civil penalties are barred or reduced by applicable law or statute or, in the alternative, are

unconstitutional insofar as they violate the due process protections afforded by the United States

Constitution, the excessive fines clause of the Eighth Amendment of the United States

Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

provisions of the Constitution of this State or that of any other state whose laws may apply.  Any

law, statute or other authority purporting to permit the recovery of punitive damages or civil

penalties in this case is unconstitutional, facially and as applied, to the extent that, without

limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

discretion in determining whether to award punitive damages or civil penalties and/or the

amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to

what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit

recovery of punitive damages or civil penalties based on harms to third parties, out-of-state

conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive

damages or civil penalties in an amount that is not both reasonable and proportionate to the

amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5)

unconstitutionally may permit jury consideration of net worth or other financial information

relating to Cephalon; (6) lacks constitutionally sufficient standards to be applied by the trial court

in post-verdict review of any award of punitive damages or civil penalties; (7) lacks

constitutionally sufficient standards for appellate review of any award of punitive damages or

civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without

according to Cephalon the same procedural protections that are accorded to criminal defendants

under the constitutions of the United States, this State, and any other state whose laws may

apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation,

*Pacific Mutual Life Insurance. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Res., Inc.*, 509 U.S. 443 (1993); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *State Farm Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-SECOND**.  Each Plaintiff's injuries and damages, if any, were due to illicit use, misuse or abuse of the prescription medications at issue by the users, for which Cephalon is not liable.

**TWENTY-THIRD**.  Each Plaintiff's claims or damages are invalid and/or are barred, in whole or in part, because the users of the medications at issue used them after acknowledging and/or learning of their alleged risks.

**TWENTY-FOURTH**.  To the extent that Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

**TWENTY-FIFTH**.  Cephalon's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Cephalon is entitled to complete indemnity, express or implied, by other parties.

**TWENTY-SIXTH**.  Each Plaintiff's injuries and damages, if any, were due to preexisting conditions, idiosyncratic reactions, or other responses to the medications on the part of the medication users, for which Cephalon cannot be held responsible.  The opioid medications at issue were manufactured, distributed, and labeled, in accordance with the provisions of federal law, including the U.S. Food Drug and Cosmetics Act, and the regulations promulgated pursuant thereto.  Moreover, the activities alleged conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged.

**TWENTY-SEVENTH**.  Should Cephalon be held liable to Plaintiffs, which liability is specifically denied, Cephalon would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint.

**TWENTY-EIGHTH**.  Plaintiffs lack standing to bring their claims and the relief they seek.

**TWENTY-NINTH**.  Cephalon is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

**THIRTIETH**.  Each Plaintiff's claims violate the Supremacy Clause of the United States Constitution.

**THIRTY-FIRST**.  Each Plaintiff's claims may be barred, in whole or in part, because neither users nor prescribers relied to their detriment upon any statement by Cephalon in determining to use the medications at issue, particularly given the TIRF REMS Access Program, required by the FDA, that mandates prescriber enrollment in order to prescribe TIRF medicines.

**THIRTY-SECOND**.  Each Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

**THIRTY-THIRD**.  To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Cephalon's disclosure of information related to the safety of its medications at issue, such claims are barred and should be dismissed.  *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

**THIRTY-FOURTH**.  Each Plaintiff's claims are barred because the conduct of Cephalon conformed with the FDCA, the requirements of the FDA, the Controlled Substances

Act, and the requirements of the DEA.  Moreover, the activities of Cephalon alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Complaint.

**THIRTY-FIFTH**.  Plaintiffs fail to plead and cannot establish that they incurred any costs for any opioid prescription promoted or sold by Cephalon and that was medically inappropriate or should not have been written, or that Cephalon's allegedly improper conduct caused any health care provider to write any unnecessary, ineffective or harmful opioid prescriptions.

**THIRTY-SIXTH**.  Any statements in branded or unbranded materials that Plaintiffs seek to attribute to Cephalon comporting with FDA-approved uses are not misleading as a matter of law or otherwise actionable.

**THIRTY-SEVENTH**.  Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to Cephalon.

**THIRTY-EIGHTH**.  Plaintiffs fail to plead and cannot establish any duty owed to Plaintiffs by Cephalon.

**THIRTY-NINTH**.  Each Plaintiff's claims are barred because they violate procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I, § § 1, 2, 16, and 19 of the Constitution of Ohio, and the right to be free from retroactive or ex post facto laws as guaranteed by Article I, § 10 of the United States Constitution and Article II, § 28 of the Constitution of Ohio.  Cephalon's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are further violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil

enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

**FORTIETH**.  Plaintiffs have failed to join one or more necessary and indispensable parties.

**FORTY-FIRST**.  Each Plaintiff's claims against Cephalon are barred or limited by the economic loss rule.

**FORTY-SECOND**.  The Ohio public nuisance statute is unconstitutionally vague.

**FORTY-THIRD**.  Each Plaintiff's claims against Cephalon are barred under the municipal cost recovery rule.

**FORTY-FOURTH**.  To the extent Plaintiffs attempt to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

**FORTY-FIFTH**. Each Plaintiff's claim for unjust enrichment is barred or limited because Cephalon did not receive and retain any alleged benefit from Plaintiffs.

**FORTY-SIXTH**.  Each Plaintiff's claims are barred or limited by the separation of powers doctrine.

**FORTY-SEVENTH**.  Plaintiffs have failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest.

**FORTY-EIGHTH**.  Plaintiffs seek duplicate or double recovery on the same injury or damage, contrary to Ohio law.

**FORTY-NINTH**.  Any recovery against Cephalon is barred or limited under the principles of assumption of the risk and informed consent.

**FIFTIETH**.  Each Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

**FIFTY-FIRST**.  Each Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to Cephalon.

**FIFTY-SECOND**. As a matter of law, Plaintiffs are not entitled to a declaratory judgment, injunction, or attorney's fees for these alleged claims.

**FIFTY-THIRD**.  Each Plaintiff's claim of public nuisance is barred or limited because, among other reasons, no action of Cephalon involved interference with real property, illegal conduct perpetrated by third-parties involving the use of an otherwise legal product does not involve a public right against the manufacturer sufficient to state a claim for public nuisance, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged wrongful conduct of Cephalon is too remote from the alleged injury as a matter of law and due process.

**FIFTY-FOURTH**.  To the extent Plaintiffs seek punitive, exemplary, or aggravated damages, any such damages are barred because the products at issue, and their labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**FIFTY-FIFTH**.  To the extent Plaintiffs seek to impose liability on Cephalon for broad, general statements regarding the value or quality of Cephalon's products that were made to and reasonably understood by providers as opinion, such statements cannot constitute false representations as a matter of law.

**FIFTY-SIXTH**.  To the extent any agents, employees, or contractors of Cephalon caused any of the damages alleged by Plaintiffs, such agents, employees, or contractors were acting

outside the scope of the agency employment, or contract with Cephalon, and any recovery against Cephalon must be reduced by the proportionate fault of such agents, employees, or contractors.

**FIFTY-SEVENTH**.  To the extent each Plaintiff's claims are based the alleged conduct of other Defendants, and Plaintiffs seek to impose liability on Cephalon only by virtue of Cephalon's ownership of another Defendant's shares, membership within another Defendant's unincorporated entity, or similar affiliation, Plaintiffs have failed to plead—and cannot prove— any allegations sufficient to support a claim to pierce the corporate veil or to otherwise hold Cephalon liable merely by virtue of its corporate affiliation with any other Defendant.

**FIFTY-EIGHTH**.  Each Plaintiff's claims are barred and should be dismissed under Fed. R. Civ. P. 41(b) and any other applicable rules because Plaintiffs have refused to comply with the Court's case management orders, including CMO-1, and because Plaintiffs have refused to identify the allegedly inappropriate, unnecessary, or otherwise improper opioid prescriptions that they contend are at issue and on which they base their claims.

**FIFTY-NINTH**. The representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

**SIXTIETH**.  Plaintiffs' claims are barred by the sophisticated user doctrine. Because of their training and experience, doctors who prescribe opioids know or reasonably should know of the potential risks, and defendants had no duty to warn and cannot be held liable for failing to warn of risks and complications of which members of the relevant medical community knew or should have known.

**SIXTY-FIRST**.  The doctrines of estoppel and/or waiver bar each Plaintiff's claims. The imposition of injunctive relief and/or civil penalties would be inequitable, particularly in light of defendants' lawful and proper sale of products that are heavily regulated and include an FDA-approved and required warning.

**SIXTY-SECOND**.  Plaintiffs' injury through criminal acts claims fail because there has been no relevant criminal conviction.

**SIXTY-THIRD**.  Plaintiffs fail to identify any concerted action by Cephalon to participate in any conspiracy.

**SIXTY-FOURTH**.  Each Plaintiff's common law and public nuisance claims have been abrogated by the Ohio Products Liability Act.

**SIXTY-FIFTH**.  Any defendant's liability must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law.  Each defendant may only be severally liable for any injuries or expenses. Plaintiffs' alleged damages are not indivisible but comprise separate and discrete costs.

**SIXTY-SIXTH**.  Plaintiffs' claims for punitive damages, statutory damages, civil penalties, and other relief are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I, §§ 1, 2, 9, 10, 16, and 19 of the Constitution of Ohio.

**SIXTY-SEVENTH**.  Each Plaintiffs' claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution.

**SIXTY-EIGHT**.  Cephalon's parent corporation, Teva Pharmaceutical Industries Ltd. is an Israeli corporation that does not conduct business in the United States and over which no personal jurisdiction exists.

## DEFENSES RESERVED

Cephalon hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defenses.

## DEMAND FOR JURY TRIAL

Cephalon hereby demands a trial by jury of all issues so triable. Cephalon also hereby reserves the right to remand each case to its original jurisdiction for trial.

WHEREFORE, Cephalon demands judgment dismissing Plaintiffs' Complaint in its entirety, together with costs and disbursements. Cephalon further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

Dated: January 15, 2019                    Respectfully submitted,


                                           *s/Steven A. Reed*
                                           _____
                                           Steven A. Reed
                                           Eric W. Sitarchuk
                                           Rebecca J. Hillyer
                                           MORGAN, LEWIS & BOCKIUS LLP
                                           1701 Market Street
                                           Philadelphia, PA  19103-2921
                                           Telephone:  +1.215.963.5000
                                           Facsimile:   +1.215.963.5001
                                           steven.reed@morganlewis.com
                                           eric.sitarchuk@morganlewis.com
                                           rebecca.hillyer@morganlewis.com

                                           Wendy West Feinstein
                                           MORGAN, LEWIS & BOCKIUS LLP
                                           One Oxford Centre, Thirty-Second Floor
                                           Pittsburgh, PA 15219-6401
                                           Telephone:  +1.412.560.7455
                                           Facsimile:   +1.412.560.7001
                                           wendy.feinstein@morganlewis.com

                                           Brian M. Ercole
                                           MORGAN, LEWIS & BOCKIUS LLP
                                           200 S. Biscayne Blvd., Suite 5300
                                           Miami, FL 33131-2339
                                           Telephone:  +1.305.415.3000
                                           Facsimile:   +1.305.415.3001
                                           brian.ercole@morganlewis.com


                                           *Attorneys for Cephalon, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 15th day of January, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  Pursuant to Fed. R. Civ. P. 5, if electronic notice is not indicated through the court's e-filing system, a true and correct copy of the foregoing document will be served via electronic mail or U.S. Mail.

Dated:  January 15, 2019        */s/ Steven A. Reed*
                                   Steven A. Reed