# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | Hon. Dan Aaron Polster |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* | |
| Case No. 18-op-45090 | |

## JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICALS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., its predecessor companies Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. (jointly, "Janssen"), and its parent company Johnson & Johnson ("J&J") hereby respond to the Corrected Second Amended Complaint and Jury Demand ("2AC") filed by Plaintiffs in the above-captioned action. J&J and Janssen submit this Answer only on behalf of themselves. Where allegations are made against "Defendants" as a group, however described, J&J and Janssen's responses only apply to themselves.[1]

## GENERAL DENIAL

Except as expressly addressed below, J&J and Janssen deny each and every allegation in the 2AC (including, without limitation, any allegations contained in the preamble or headings or subheadings of the 2AC) and specifically deny any liability to Plaintiffs. Fed. R. Civ. P. 8(b)(3). J&J and Janssen expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.      The allegations contained in Paragraph 1 and Footnotes 1 and 2 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the references to "Defendants" in Paragraph 1 and Footnotes 1 and 2 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 1's and Footnotes 1 and 2's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 1 and Footnotes 1 and 2. J&J and Janssen specifically deny that they—either directly or through

---

[1] Plaintiffs have agreed to strike certain paragraphs, or portions of paragraphs, of the 2AC. Accordingly, J&J and Janssen do not provide any response to the stricken portions of the 2AC.

any third party—made any false or misleading statements or in any way deceptively marketed opioids.

2.      No response is necessary to Paragraph 2 of the 2AC as it contains no allegation against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegation in Paragraph 2 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 and, on that basis, deny the allegation.

3.      To the extent the references to "Manufacturers" in Paragraph 3 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 3's references to "Manufacturers" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 3. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

4.      No response is necessary to Paragraph 4 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 4 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, deny those allegations.

5.      To the extent the references to "opioids" in Paragraph 5 of the 2AC pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, deny those allegations.  To the extent Paragraph 5's references to "opioids"

pertain to Duragesic, J&J and Janssen respond as follows:  J&J and Janssen admit that Duragesic is an opioid product that has been approved by FDA for the treatment of long-term chronic pain. J&J and Janssen further admit that Duragesic exposes users to risks of overdose and addiction, as disclosed in the drug's FDA-approved labeling.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 5 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, deny those allegations.

6.       No response is necessary to Paragraph 6 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 6 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny those allegations.

7.       No response is necessary to Paragraph 7 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 7 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny those allegations.

8.       No response is necessary to Paragraph 8 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 8 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, deny those allegations.  To the extent Paragraph 8 references statements from Robert Anderson and the President, J&J and Janssen aver that those statements

3

speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

9.      No response is necessary to Paragraph 9 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen deny the allegations in Paragraph 9.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

10.     To the extent the references to "Marketing Defendants" in Paragraph 10 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 10's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

11.     To the extent the reference to "Defendants" in Paragraph 11 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 11's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 11's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit FDA has approved Duragesic and Nucynta ER as safe and effective for pain severe enough to require daily, around-

4

the-clock, long-term opioid treatment and for which alternative treatment options are inadequate. J&J and Janssen further admit FDA has approved Nucynta (also known as Nucynta IR) as safe and effective for the management of moderate to severe acute pain in adults. J&J and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, and misuse, as disclosed in these drugs' FDA-approved labeling. Except as expressly admitted, J&J and Janssen deny the allegations contained in Paragraph 11.

12. To the extent the references to "Marketing Defendants" in Paragraph 12 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, deny those allegations. To the extent Paragraph 12's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 12 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, deny the allegations.

13. To the extent the reference to "Defendants" in Paragraph 13 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, deny those allegations. To the extent Paragraph 13's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 13 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny those allegations.

14. To the extent the references to "Defendants" in Paragraph 14 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

5

form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 14's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny those allegations.

15.     Plaintiffs have agreed to strike portions of Paragraph 15 from the 2AC. Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph 15 that have been stricken from the 2AC.  To the extent the references to "Defendants" in Paragraph 15 pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 15's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 15.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

16.     No response is necessary to Paragraph 16 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny those allegations.

17.     To the extent the reference to "Defendants" in Paragraph 17 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 17's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny those allegations.

18.     To the extent the reference to "Defendants" in Paragraph 18 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 18's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Footnote 3 to Paragraph 18 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

19.     To the extent the reference to "Defendants" in Paragraph 19 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 19's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, deny those allegations.  To the extent Paragraph 19 references statements from the "then CDC director," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen further aver that the documents referenced in Footnote 4 to Paragraph 19 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

20.     To the extent the reference to "Defendants" in Paragraph 20 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 20's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

21.     To the extent the reference to "Defendants" in Paragraph 21 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 21's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny those allegations.

22.     To the extent the reference to "Defendants" in Paragraph 22 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 22's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation.

23.     To the extent the reference to "manufacturers" in Paragraph 23 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 23's reference to "manufacturers" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 and, on that basis, deny the allegation.

24.     To the extent the reference to "Defendants" in Paragraph 24 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 24's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24 and, on that basis, deny the allegation.

25.     The allegations contained in Paragraph 25 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and, on that basis, deny the allegations.

26.     The allegations in Paragraph 26 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 26's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 26.

27.     The allegations in Paragraph 27 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and, on that basis, deny the allegations.

28.     No response is necessary to Paragraph 28 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and, on that basis, deny the allegations.

29.     No response is necessary to Paragraph 29 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and, on that basis, deny the allegations.

30.     No response is necessary to Paragraph 30 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and, on that basis, deny the allegations.

31.     No response is necessary to Paragraph 31 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and, on that basis, deny the allegations.

32.     No response is necessary to Paragraph 32 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and, on that basis, deny the allegations.

33.     No response is necessary to Paragraph 33 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and, on that basis, deny the allegations.

34.     No response is necessary to Paragraph 34 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen

lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and, on that basis, deny the allegations.

35.     No response is necessary to Paragraph 35 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 and, on that basis, deny the allegations.

36.     No response is necessary to Paragraph 36 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and, on that basis, deny the allegations.

37.     No response is necessary to Paragraph 37 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 and, on that basis, deny the allegations.

38.     No response is necessary to Paragraph 38 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 and, on that basis, deny the allegations.

39.     No response is necessary to Paragraph 39 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and, on that basis, deny the allegations.

40.     No response is necessary to Paragraph 40 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and, on that basis, deny the allegations.

41.     No response is necessary to Paragraph 41 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and, on that basis, deny the allegations.

42.     No response is necessary to Paragraph 42 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and, on that basis, deny the allegations.

43.     No response is necessary to Paragraph 43 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and, on that basis, deny the allegations.

44.     No response is necessary to Paragraph 44 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and, on that basis, deny the allegations.

45.     No response is necessary to Paragraph 45 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen

lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and, on that basis, deny the allegations.

46.     No response is necessary to Paragraph 46 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and, on that basis, deny the allegations.

47.     No response is necessary to Paragraph 47 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and, on that basis, deny the allegations.

48.     No response is necessary to Paragraph 48 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 and, on that basis, deny the allegations.

49.     No response is necessary to Paragraph 49 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and, on that basis, deny the allegations.

50.     No response is necessary to Paragraph 50 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and, on that basis, deny the allegations.

51.     No response is necessary to Paragraph 51 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and, on that basis, deny the allegations.

52.     No response is necessary to Paragraph 52 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 and, on that basis, deny the allegations.

53.     No response is necessary to Paragraph 53 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 and, on that basis, deny the allegations.

54.     No response is necessary to Paragraph 54 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 and, on that basis, deny the allegations.

55.     No response is necessary to Paragraph 55 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and, on that basis, deny the allegations.

56.     No response is necessary to Paragraph 56 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen

lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 and, on that basis, deny the allegations.

57.    No response is necessary to Paragraph 57 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 and, on that basis, deny the allegations.

58.    No response is necessary to Paragraph 58 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  Furthermore, the allegations in Paragraph 58 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 and, on that basis, deny the allegations.

59.    The allegations in Paragraph 59 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 59's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 59.

60.    The allegations in Paragraph 60 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 60's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 60.

61.    The allegations in Paragraph 61 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 61's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 61.

62.     The allegations in Paragraph 62 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 62's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 62.

63.     To the extent the references to "Marketing Defendants" in Paragraph 63 of the 2AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, deny those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 63 of the 2AC pertain to J&J and Janssen or that Paragraph's reference to "opioids" pertains to Duragesic, Nucynta, and/or Nucynta ER, J&J and Janssen admit that Janssen lawfully promoted and marketed prescription opioid medicines in the United States.  J&J and Janssen further admit that Janssen lawfully sold prescription opioid medicines to certain distributors of pharmaceutical products, who in turn distributed and sold those products.  Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 63 of the 2AC.

64.     No response is necessary to Paragraph 64 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

65.     No response is necessary to Paragraph 65 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning

16

other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

66.      No response is necessary to Paragraph 66 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

67.      No response is necessary to Paragraph 67 nor Footnote 5 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

68.      No response is necessary to Paragraph 68 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

69.      No response is necessary to Paragraph 69 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

70.      No response is necessary to Paragraph 70 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

71.     No response is necessary to Paragraph 71 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

72.     No response is necessary to Paragraph 72 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. Plaintiffs have agreed to strike the entirety of Footnote 6 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Footnote 6 of the 2AC.

73.     Plaintiffs have agreed to strike Paragraph 73 from the 2AC.  Accordingly, J&J and Janssen do not provide any response to Paragraph 73.

74.     No response is necessary to Paragraph 74 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

75.     No response is necessary to Paragraph 75 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

76.     No response is necessary to Paragraph 76 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

77.     No response is necessary to Paragraph 77 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

78.     J&J and Janssen admit the allegations contained in Paragraph 78.

79.     J&J and Janssen admit the allegations contained in Paragraph 79.

80.     No response is necessary to the allegations in Paragraph 80 of the 2AC pertaining to Noramco's headquarters. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties. J&J and Janssen admit the remaining allegations contained in Paragraph 80.

81.     J&J and Janssen admit the allegations contained in Paragraph 81.

82.     J&J and Janssen admit the allegation contained in Paragraph 82.

83.     With respect to Paragraph 83 and Footnote 7, J&J and Janssen admit that Janssen lawfully promoted and marketed prescription opioid medicines in the United States, including in the State of Ohio. J&J and Janssen further admit that Janssen lawfully sold prescription opioid medicines to certain distributors of pharmaceutical products, who in turn distributed and sold those products in Ohio and elsewhere. J&J and Janssen further admit that among the drugs Janssen manufactures or manufactured are Duragesic (fentanyl), Nucynta (tapentadol hydrochloride), and Nucynta ER (tapentadol hydrochloride, extended release) and that those drugs are Schedule II opioids. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 83. J&J and Janssen aver that Janssen no longer actively promotes, advertises, or otherwise markets Duragesic, and it stopped doing so no later

19

than April 2008.  J&J and Janssen further aver that Janssen no longer promotes, advertises, or otherwise markets Nucynta or Nucynta ER, and it stopped doing so by approximately April 2015, when Janssen divested the Nucynta franchise to Depomed, Inc.

84.    With respect to Paragraph 84, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through sales representatives, physician speakers, and print advertisements.  J&J and Janssen further admit that Janssen lawfully promoted prescription opioid medicines including through physician speakers; and admit that Janssen made certain payments to and for certain of these physicians.  With respect to the remaining allegations in Paragraph 84 of the 2AC, J&J and Janssen aver that these allegations appear to refer to figures available from certain publicly available documents.  J&J and Janssen aver that these documents speak for themselves and deny any characterization of their contents that it is inconsistent with their meaning when they are read in their entirety and in context.  Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 84 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

85.    With respect to Paragraph 85, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines including through physician speakers; and admit that Janssen made certain payments to and for certain of these physicians.  With respect to the remaining allegations in Paragraph 85 of the 2AC, J&J and Janssen aver that these allegations appear to refer to certain publicly available documents.  J&J and Janssen aver that these documents speak for themselves and deny any characterization of their contents that it is inconsistent with their meaning when they are read in their entirety and in context.  Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 85

and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

86.    The allegations in Paragraph 86 of the 2AC pertaining to J&J's control of the development and marketing of Janssen's opioids products consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, J&J and Janssen aver that the documents and websites referenced in Paragraph 86 speak for themselves, and deny any characterization of those documents and websites that are inconsistent with their meaning when they are read in their entirety and in context.

87.    The allegations in Paragraph 87 of the 2AC pertaining to J&J's control of the marketing of Janssen's prescription opioid medicines consist of argument and legal conclusions to which no response is required.  J&J and Janssen aver that the documents and websites referenced in Paragraph 87 of the 2AC speak for themselves, and deny any characterization of those documents and websites that are inconsistent with their meaning when they are read in their entirety and in context.

88.    With respect to Paragraph 88 of the 2AC, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through physician speakers; and admit that Janssen made certain payments to and for certain of these physicians.  Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 88 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

21

89.     No response is necessary to Paragraph 89 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

90.     No response is necessary to Paragraph 90 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

91.     No response is necessary to Paragraph 91 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

92.     No response is necessary to Paragraph 92 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

93.     No response is necessary to Paragraph 93 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

94.     No response is necessary to Paragraph 94 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning

22

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

95.     No response is necessary to Paragraph 95 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

96.     No response is necessary to Paragraph 96 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

97.     No response is necessary to Paragraph 97 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

98.     No response is necessary to Paragraph 98 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

99.     No response is necessary to Paragraph 99 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

100.    No response is necessary to Paragraph 100 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

101.    No response is necessary to Paragraph 101 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

102.    No response is necessary to Paragraph 102 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

103.    No response is necessary to Paragraph 103 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

104.    No response is necessary to Paragraph 104 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

24

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

105.    No response is necessary to Paragraph 105 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

106.    No response is necessary to Paragraph 106 nor Footnote 8 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

107.    No response is necessary to Paragraph 107 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

108.    No response is necessary to Paragraph 108 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

109.    No response is necessary to Paragraph 109 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

110.    No response is necessary to Paragraph 110 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

111.    No response is necessary to Paragraph 111 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

112.    No response is necessary to Paragraph 112 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

113.    No response is necessary to Paragraph 113 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

114.    No response is necessary to Paragraph 114 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

115.    No response is necessary to Paragraph 115 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

116.    No response is necessary to Paragraph 116 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

117.    No response is necessary to Paragraph 117 nor Footnote 9 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 9 to Paragraph 117

speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

118.    No response is necessary to Paragraph 118 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

119.    No response is necessary to Paragraph 119 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

120.    No response is necessary to Paragraph 120 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

121.    No response is necessary to Paragraph 121 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

122.　　No response is necessary to Paragraph 122 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

123.　　No response is necessary to Paragraph 123 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

124.　　No response is necessary to Paragraph 124 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

125.　　No response is necessary to Paragraph 125 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

126.　　No response is necessary to Paragraph 126 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

127.     No response is necessary to Paragraph 127 nor Footnote 10 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

128.     No response is necessary to Paragraph 128 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

129.     The allegations in Paragraph 129 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 129's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 129.

130.     No response is necessary to Paragraph 130 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, and to the extent the references to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen admit that the FDA recognizes that Duragesic's active molecule, Fentanyl, is an opioid analgesic that interacts predominantly with the opioid mu-receptor.  J&J and Janssen further admit that the FDA recognizes that Nucynta's and Nucynta ER's active molecule, Tapentadol, has an unknown mechanism of action, but that preclinical studies indicate that the molecule is a mu-opioid receptor agonist and a norepinephrine reuptake inhibitor.  J&J

and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks, such as addiction and respiratory depression—as disclosed in these drugs' FDA-approved labeling. Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, on that basis, deny those allegations.

131.    No response is necessary to Paragraph 131 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 131 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, deny those allegations.

132.    No response is necessary to Paragraph 132 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, deny those allegations.  To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 132 and Footnote 12 to Paragraph 132 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen further aver that the allegations in Paragraph 132 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

133.    No response is necessary to Paragraph 133 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 133 and, on that basis, deny those allegations.  J&J and Janssen further aver that the allegations in Paragraph 133 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

134.    To the extent the references to "prescription opioids" in Paragraph 134 of the 2AC pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, on that basis, deny those allegations.  To the extent Paragraph 134's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta are narcotics and regulated as controlled substances.  J&J and Janssen further admit that the FDA recognizes that Duragesic's active molecule, Fentanyl, is an opioid analgesic that interacts predominantly with the opioid mu-receptor.  J&J and Janssen further admit that the FDA recognizes that Nucynta's and Nucynta ER's active molecule, Tapentadol, has an unknown mechanism of action, but that preclinical studies indicate that the molecule is a mu-opioid receptor agonist and a norepinephrine reuptake inhibitor.  With respect to the remaining allegations in Paragraph 134, J&J and Janssen aver that these are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.  Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 134.

135.    No response is necessary to Paragraph 135 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary and the reference to "prescription opioids" in Paragraph 135 pertains to drugs other

than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta are narcotics and regulated as Schedule II controlled substances by the DEA. J&J and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, as disclosed in these drugs' FDA-approved labeling. With respect to the remaining allegations in Paragraph 135, J&J and Janssen aver that these are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

136. No response is necessary to Paragraph 136 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, deny those allegations.

137. No response is necessary to Paragraph 137 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

138. No response is necessary to Paragraph 138 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 138 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

139.    No response is necessary to Paragraph 139 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

140.    No response is necessary to Paragraph 140 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the allegations in Paragraph 140 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

141.    To the extent the reference to "Marketing Defendants" in Paragraph 141 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" or "fentanyl" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, on that basis, deny those allegations.  To the extent Paragraph 141's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 141's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 141 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 141.  J&J and Janssen specifically deny that they—

34

either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

142.     With respect to Paragraph 142 of the 2AC, J&J and Janssen aver that the allegations in that Paragraph are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations. In particular, J&J and Janssen lack knowledge or information sufficient to form a belief as to Plaintiffs' meaning of the phrase "effects of opioids." To the extent a response is required, and to the extent that the reference to "Marketing Defendants" pertains to J&J and/or Janssen or the references to "opioids" pertain to Duragesic, Nucynta ER, or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Nucynta ER and Duragesic are long-acting prescription opioid medicines, but deny that Paragraph 142 of the 2AC fully and accurately characterizes how long-acting opioids or short-acting opioids are "designed," the therapeutic benefits such drugs provide, or what the FDA-approved dosing recommendations are for those products, among other things.  J&J and Janssen also specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

143.     No response is necessary to Paragraph 143 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is necessary, and to the extent Paragraph 143's references to "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the remaining allegations in Paragraph 143 (including the term "euphoric effects") are

so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and on that basis, deny those allegations.

144. No response is necessary to Paragraph 144 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, deny those allegations.

145. No response is necessary to Paragraph 145 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that Paragraph 145 appears to quote from certain publicly available documents. J&J and Janssen further aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety.

146. To the extent the reference to "Marketing Defendants" in Paragraph 146 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 146 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 146 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any

third party—made any false or misleading statements or in any way deceptively marketed opioids.

147.     No response is necessary to Paragraph 147 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

148.     No response is necessary to Paragraph 148 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

149.     No response is necessary to Paragraph 149 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

150.     No response is necessary to Paragraph 150 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 13 to Paragraph 150

speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

151.    To the extent the reference to "Marketing Defendants" in Paragraph 151 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, on that basis, deny the allegations.  To the extent Paragraph 151's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 151.

152.    No response is necessary to Paragraph 152 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

153.    No response is necessary to Paragraph 153 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Footnote 14 to Paragraph 153 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

154.    No response is necessary to Paragraph 154 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Paragraph 154 and Footnote 15 to Paragraph 154 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

155.    No response is necessary to Paragraph 155 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Paragraph 155 and Footnote 16 to Paragraph 155 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

156.    No response is necessary to Paragraph 156 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Footnote 17 to Paragraph 156 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

157.    No response is necessary to the allegations in Paragraph 157 of the 2AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent Paragraph 157's allegations reference Janssen and Duragesic, J&J and Janssen aver that the document referenced in Paragraph 157 and Footnote 18 to Paragraph 157

speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

158.    No response is necessary to Paragraph 158 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 158 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, deny those allegations.

159.    No response is necessary to Paragraph 159 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

160.    No response is necessary to Paragraph 160 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

161.    No response is necessary to Paragraph 161 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

162.    No response is necessary to Paragraph 162 of the 2AC as it contains no allegations against J&J and Janssen.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 162 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 162 and Footnote 19 to Paragraph 162 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

163.    No response is necessary to Paragraph 163 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

164.    To the extent the reference to "Marketing Defendants" in Paragraph 164 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, on that basis, deny the allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 164 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 164 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

165.    No response is necessary to Paragraph 165 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Paragraph 165 and Footnote 20 to Paragraph 165 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

166.    No response is necessary to Paragraph 166 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

167.    No response is necessary to Paragraph 167 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

168.    To the extent Paragraph 168 of the 2AC references parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, on that basis, deny the allegations.  To the extent Paragraph 168 of the 2AC references Janssen, J&J and Janssen aver that the documents referenced in Paragraph 168 and Footnotes 21-23 to Paragraph 168 of the 2AC speak for

themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

169. J&J and Janssen aver that Janssen developed tapentadol prior to its FDA approval in 2008 and marketed Nucynta (also known as Nucynta IR) for the treatment of moderate to severe *acute* pain, but otherwise admit the allegations contained in Paragraph 169 of the 2AC.

170. To the extent the reference to "Marketing Defendants" in Paragraph 170 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, on that basis, deny the allegations. To the extent Paragraph 170's reference to "Marketing Defendants" pertains to J&J and Janssen and to the extent Paragraph 170 references Janssen and Duragesic, J&J and Janssen aver that Paragraph 170 appears to refer to certain publicly available documents. J&J and Janssen further aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety. J&J and Janssen further aver that the allegations in Paragraph 170 are so vague and overboard that they lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 170.

171. The allegations contained in Paragraph 171 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 171's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 171.

172. The allegations contained in Paragraph 172 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required and to the extent the reference to "Defendants" in Paragraph 172 pertains to parties other than J&J and

Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, on that basis, deny those allegations.  To the extent a response is required, and to the extent Paragraph 172's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 172's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 172.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

173.    The allegations contained in Paragraph 173 of the 2AC consist of argument and legal conclusions to which no response is required.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent a response is required, and to the extent Paragraph 173's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 173 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

174.    To the extent the references to "Marketing Defendants" in Paragraph 174 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, on that basis, deny those allegations.  To the extent Paragraph

44

174's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 174's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations in Paragraph 174.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

175.    To the extent the references to "Marketing Defendants" in Paragraph 175 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, on that basis, deny those allegations.  To the extent Paragraph 175's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 175's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 175 regarding the risks of long-term opioid use, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the remaining allegations in Paragraph 175 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 175.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

176.    The allegations contained in Paragraph 176 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to

the extent the reference to "Marketing Defendants" in Paragraph 176 of the 2AC pertains to parties other than J&J and Janssen or the reference to "opioid prescriptions" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, on that basis, deny those allegations.  To the extent Paragraph 176's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 176's reference to "opioid prescriptions" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

177.    The allegations contained in Paragraph 177 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the reference to "Marketing Defendants" in Paragraph 177 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, on that basis, deny those allegations.  To the extent Paragraph 177's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 177.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

178.    The allegations contained in Paragraph 178 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to

46

the extent the reference to "Marketing Defendants" in Paragraph 178 of the 2AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, on that basis, deny those allegations.  To the extent Paragraph 178's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 178.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

179.    The allegations contained in Paragraph 179 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the references to "Marketing Defendants" in Paragraph 179 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, on that basis, deny those allegations.  To the extent Paragraph 179's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 179.  J&J and Janssen further aver that the allegations in Paragraph 179 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 179.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

180.    To the extent the references to "Marketing Defendants" in Paragraph 180 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, on that basis, deny those allegations.  To the extent Paragraph 180's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 180's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 180 regarding the risks of opioid addiction, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the remaining allegations in Paragraph 180 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 180.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

181.    To the extent the references to "Marketing Defendants" in Paragraph 181 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, on that basis, deny those allegations.  To the extent Paragraph 181's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 181's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 181 regarding the risks of opioid

addiction, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the remaining allegations in Paragraph 181 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 181.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

182.    No response is necessary to Paragraph 182 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is necessary, and to the extent Paragraph 182's references to "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the remaining allegations in Paragraph 182 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 182.  J&J and Janssen further aver that the documents referenced in Paragraph 182 and Footnotes 24-26 to Paragraph 182 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

183.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Defendants" in Paragraph 183 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, on that basis, deny the allegations.  To the extent Paragraph 183's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 183 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 183 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

184.  No response is necessary to Paragraph 184 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, on that basis, deny those allegations.  To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 184 and Footnote 27 to Paragraph 184 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

185.  No response is necessary to Paragraph 185 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 185 and, on that basis, deny those allegations.  To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 185 and Footnote 28 to Paragraph 185 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

186.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 186 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, on that basis, deny the allegations. To the extent Paragraph 186's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 186 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 186 and Footnote 29 to Paragraph 186 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

187.    No response is necessary to Paragraph 187 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Footnotes 30-31 to Paragraph 187 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

188.    To the extent the references to "Defendants" in Paragraph 188 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, on that basis, deny those allegations.  To the extent Paragraph 188's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 188 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 188.  J&J and Janssen further aver that the document referred to in Paragraph 188 and Footnote 32 to Paragraph 188 speaks for itself and deny any characterization of that document that is inconsistent its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

189.    No response is necessary to Paragraph 189 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, deny those allegations.  To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 189 and Footnote 33 to Paragraph 189 speaks for itself and deny any

characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

190.     No response is necessary to Paragraph 190 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 190 and Footnote 34 to Paragraph 190 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

191.     No response is necessary to Paragraph 191 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 191 and Footnote 35 to Paragraph 191 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

192.     No response is necessary to Paragraph 192 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

193.     No response is necessary to Paragraph 193 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referred to in Paragraph 193 and Footnotes 36-38 to Paragraph 193 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

194.    No response is necessary to Paragraph 194 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 194 and Footnote 39 to Paragraph 194 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

195.    No response is necessary to Paragraph 195 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 195 and Footnote 40 to Paragraph 195 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

196.    No response is necessary to Paragraph 196 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

54

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

197.    No response is necessary to Paragraph 197 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

198.    No response is necessary to Paragraph 198 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

199.    No response is necessary to Paragraph 199 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

200.    No response is necessary to Paragraph 200 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

201.    No response is necessary to Paragraph 201 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

202.    No response is necessary to Paragraph 202 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

203.    No response is necessary to Paragraph 203 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

204.    No response is necessary to Paragraph 204 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

205.    No response is necessary to Paragraph 205 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

206.    No response is necessary to Paragraph 206 nor Footnote 41 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

207.    No response is necessary to Paragraph 207 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

208.    No response is necessary to Paragraph 208 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

209.    No response is necessary to Paragraph 209 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

210.    No response is necessary to Paragraph 210 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

211.    No response is necessary to Paragraph 211 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

212.    With respect to the allegations in Paragraph 212 of the 2AC, J&J and Janssen admit that Janssen developed and co-sponsored the *Let's Talk Pain* website but aver that the *Let's Talk Pain* website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

213.    With respect to the allegations in Paragraph 213 of the 2AC, J&J and Janssen admit that Janssen has developed and co-sponsored the *Let's Talk Pain* website but aver that the *Let's Talk Pain* website and August 2009 review of the website manuscript referenced in Paragraph 213 speak for themselves and deny any characterization of the referenced website or document that is inconsistent with their meaning when they are reviewed in their entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

58

214.     With respect to the allegations in Paragraph 214 of the 2AC, J&J and Janssen admit that Janssen published and maintains *Prescriberesponsibly.com* but aver that the website referenced in Paragraph 214 and Footnote 42 to Paragraph 214 speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

215.     With respect to the allegations in Paragraph 215 of the 2AC, J&J and Janssen aver that the document referenced in Paragraph 215 of the 2AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

216.     With respect to the allegations in Paragraph 216 of the 2AC, J&J and Janssen aver that the unspecified Janssen "website for Duragesic" referenced in Paragraph 216 of the 2AC speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

217.     With respect to the allegations in Paragraph 217 of the 2AC, J&J and Janssen deny that Janssen trained any representatives to make statements that were false or misleading in any respect.  J&J and Janssen further deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.  To the extent that the allegations in Paragraph 217 purport to describe the contents of an unspecified "internal marketing assessment," J&J and Janssen aver that the any such document speaks for

59

itself and deny any characterization of the document that is inconsistent with its meaning when it is reviewed in its entirety.

218.    To the extent that the allegations in Paragraph 218 of the 2AC purport to describe the contents of an unspecified "research study," J&J and Janssen aver that any such document speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

219.    With respect to the allegations in Paragraph 219 of the 2AC, J&J and Janssen aver that the document referenced in Paragraph 219 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

220.    With respect to the allegations in Paragraph 220 of the 2AC, J&J and Janssen deny the allegations contained in Paragraph 220 of the 2AC.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

221.    No response is necessary to Paragraph 221 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 221 and Footnote

43 to Paragraph 221 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

222.    No response is necessary to Paragraph 222 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Footnote 43 to Paragraph 222 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

223.    No response is necessary to Paragraph 223 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

224.    No response is necessary to Paragraph 224 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

225.    No response is necessary to Paragraph 225 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

226.    No response is necessary to Paragraph 226 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

227.    No response is necessary to Paragraph 227 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

228.    No response is necessary to Paragraph 228 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

229.    No response is necessary to Paragraph 229 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

230.    No response is necessary to Paragraph 230 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

231.    No response is necessary to Paragraph 231 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

232.    The allegations contained in Paragraph 232 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the reference to "Marketing Defendants" in Paragraph 232 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 and, on that basis, deny those allegations.  To the extent Paragraph 232's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 232's references to "opioid prescriptions" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 232 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 232.  J&J and Janssen specifically deny that they—

63

either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

233. To the extent the references to "Defendants" in Paragraph 233 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 and, on that basis, deny those allegations. To the extent Paragraph 233's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 233's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 233 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 233. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

234. To the extent Paragraph 234 of the 2AC references parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 and, on that basis, deny the allegations. To the extent Paragraph 234 of the 2AC references Janssen, J&J and Janssen admit that Janssen published and maintains *Prescriberesponsibly.com* but aver that this website, and particularly the pages referenced in Footnotes 44 and 45 to Paragraph 234, speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.

235.    No response is necessary to Paragraph 235 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

236.    No response is necessary to Paragraph 236 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

237.    No response is necessary to Paragraph 237 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

238.    No response is necessary to Paragraph 238 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

239.    The allegation contained in Paragraph 239 of the 2AC that the "Opioid Risk Tool… created by Dr. Webster" was "linked to Janssen" is vague and overbroad; J&J and Janssen lack knowledge or information sufficient to form a belief as to Plaintiffs' meaning of

that phrase and, on that basis, deny the allegation to which it relates.  No response is necessary for the remaining allegations in Paragraph 239 as they do not pertain to J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

240.    To the extent the reference to "Marketing Defendants" in Paragraph 240 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 and, on that basis, deny the allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 240 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 240 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

241.    To the extent the reference to "Marketing Defendants" in Paragraph 241 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 and, on that basis, deny the allegations.  To the extent Paragraph 241's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 241 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  J&J and Janssen aver that the document referred to in Paragraph 241 and Footnote 46 to

Paragraph 241 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

242.    The allegations contained in Paragraph 242 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 242's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 242.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

243.    No response is necessary to Paragraph 243 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

244.    No response is necessary to Paragraph 244 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

245.    No response is necessary to Paragraph 245 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

246.    No response is necessary to Paragraph 246 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssenlack knowledge or information sufficient to form a belief as to the truth of those allegations.

247.    No response is necessary to Paragraph 247 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

248.    No response is necessary to Paragraph 248 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 248 and Footnote 47 to Paragraph 248 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

249.    With respect to the allegations in Paragraph 249 of the 2AC, J&J and Janssen admit that Janssen developed and co-sponsored the *Let's Talk Pain* website but aver that this website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

250.     With respect to the allegations in Paragraph 250 of the 2AC, J&J and Janssen admit that Janssen published and maintains *Prescriberesponsibly.com* but aver that this website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  J&J and Janssen further aver that the document referred to in Paragraph 250 and Footnote 48 to Paragraph 250 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

251.     No response is necessary to Paragraph 251 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referred to in Paragraph 251 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

252.     To the extent the references to "Defendants" in Paragraph 252 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 and, on that basis, deny those allegations.  To the extent Paragraph 252's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 252's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 252 are so vague and overbroad that they lack knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 252.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

253.    No response is necessary to Paragraph 253 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

254.    No response is necessary to Paragraph 254 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

255.    To the extent the reference to "Marketing Defendants" in Paragraph 255 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 and, on that basis, deny those allegations.  To the extent Paragraph 255's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 255.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

256.     To the extent the references to "Marketing Defendants" in Paragraph 256 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 and, on that basis, deny those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 256 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 256 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

257.     To the extent the reference to "Marketing Defendants" in Paragraph 257 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 257 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 257 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

258.     No response is necessary to Paragraph 258 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

71

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 258 and Footnote 49 to Paragraph 258 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

259. No response is necessary to Paragraph 259 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

260. No response is necessary to the allegations contained in Paragraph 260 of the 2AC as it contains no allegations against J&J or Janssen or any other Defendant. To the extent a response is required, J&J and Janssen aver that the allegations contained in Paragraph 260 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

261. No response is necessary to Paragraph 261 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 261 and Footnote 50 to Paragraph 261 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

262.     No response is necessary to Paragraph 262 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

263.     No response is necessary to Paragraph 263 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

264.     No response is necessary to Paragraph 264 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

265.     With respect to the allegations in Paragraph 265 of the 2AC, J&J and Janssen deny that Janssen trained any representatives to make statements that were false or misleading in any respect.  J&J and Janssen further deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.  To the extent that Paragraph 265 purports to describe the contents of unidentified "internal documents," J&J and Janssen aver that any such document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety.

266.     With respect to Paragraph 266 of the 2AC, J&J and Janssen aver that the allegations in Paragraph 266 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations.  J&J and Janssen specifically deny that Janssen trained any representatives to make statements that were false or misleading in any respect, or that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  To the extent that Paragraph 266 purports to describe an unidentified "study" or the statements of unidentified "doctors who participated in the study," J&J and Janssen aver that any such document or statements speak for themselves and deny any characterization of the document or statements that is inconsistent with its meaning when the document or statements are read in their entirety.

267.     To the extent the reference to "Marketing Defendants" in Paragraph 267 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 and, on that basis, deny those allegations.  To the extent Paragraph 267's reference to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 267's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 267 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 267.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

268.     To the extent the reference to "Marketing Defendants" in Paragraph 268 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 and, on that basis, deny those allegations.  To the extent Paragraph 268's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 268's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 268.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

269.     J&J and Janssen admit that Janssen lawfully promoted Duragesic in the United States, and that Janssen stopped all active promotion of the product no later than April 2008.  To the extent the allegations in Paragraph 269 refer to unidentified documents, J&J and Janssen aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

270.     J&J and Janssen do not respond to Plaintiffs' allegations in Paragraph 270 of the 2AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Footnote 51 and quoted in Paragraph 270 of the 2AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

75

271.    No response is necessary to Paragraph 271 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Paragraph 271 and Footnote 52 to Paragraph 271 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

272.    No response is necessary to Paragraph 272 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

273.    No response is necessary to Paragraph 273 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

274.    No response is necessary to Paragraph 274 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

275.    With respect to the allegations in Paragraph 275 of the 2AC, J&J and Janssen aver that the documents referenced in Paragraph 275 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are reviewed in their entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

276.    With respect to the allegations in Paragraph 276 of the 2AC, J&J and Janssen aver that the *Let's Talk Pain* website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

277.    No response is necessary to Paragraph 277 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

278.    No response is necessary to Paragraph 278 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

279.    No response is necessary to Paragraph 279 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

280.    No response is necessary to Paragraph 280 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 280 and Footnote 53 to Paragraph 280 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

281.    To the extent the references to "Marketing Defendants" in Paragraph 281 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 and, on that basis, deny those allegations.  To the extent Paragraph 281's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 281's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the documents referred to in Paragraph 281 and Footnotes 54-55 to Paragraph 281 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 281 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 281.  J&J and Janssen specifically deny that they—either directly or

through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

282.    No response is necessary to Paragraph 282 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is necessary, and to the extent Paragraph 282's references to "opioid drugs" or "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen aver that the documents referenced in Paragraph 282 and Footnote 56 to Paragraph 282 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 282 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 282.

283.    No response is necessary to Paragraph 283 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is necessary, and to the extent Paragraph 283's references to "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen admit that long-term use of Duragesic, Nucytna ER, and Nucynta expose users to risks of addiction, abuse, and misuse, as disclosed in these drugs' FDA-approved labeling.  J&J and Janssen aver that the documents referenced in Paragraph 283 and Footnotes 57-58 to Paragraph 283 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.  J&J and Janssen further aver that, except as specifically admitted, the remaining allegations in Paragraph 283 are so vague and overbroad that they lack knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 283.

284. No response is necessary to Paragraph 284 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, J&J and Janssen aver that the documents referenced in Paragraph 284 and Footnotes 59-61 to Paragraph 284 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

285. To the extent the reference to "Marketing Defendants" in Paragraph 285 of the 2AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285 and, on that basis, deny those allegations. To the extent Paragraph 285's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 285's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 285. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

286. To the extent the reference to "Marketing Defendants" in Paragraph 286 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286 and, on that basis, deny those allegations. To the extent Paragraph 286's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that

the documents referenced in Paragraph 286 and Footnotes 63-66 to Paragraph 286 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.  J&J and Janssen aver that the remaining allegations in Paragraph 286 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 286.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

287.    No response is necessary to Paragraph 287 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

288.    With respect to the allegations in Paragraph 288 of the 2AC, J&J and Janssen aver that the document referenced in Paragraph 288 of the 2AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

289.    No response is necessary to Paragraph 289 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

290.    No response is necessary to Paragraph 290 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

291.    No response is necessary to Paragraph 291 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the document referenced in Paragraph 291 and Footnote 67-68 to Paragraph 291 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

292.    No response is necessary to Paragraph 292 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

293.    No response is necessary to Paragraph 293 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

294.     To the extent the reference to "Marketing Defendants" in Paragraph 294 of the
2AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph
pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they
lack knowledge or information sufficient to form a belief as to the truth of the allegations
contained in Paragraph 294 and, on that basis, deny those allegations.  To the extent Paragraph
294's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 294's
reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver
that the allegations in Paragraph 294 are so vague and overbroad that they lack knowledge or
information sufficient to form a belief as to the truth of those allegations and, on that basis, deny
the allegations in Paragraph 294.  To the extent that Paragraph 294 purports to describe the
contents of an unspecified "study," J&J and Janssen aver that any such document speaks for
itself and deny any characterization of the document that is inconsistent with its meaning when it
is read in its entirety and in context.  J&J and Janssen specifically deny that they—either directly
or through any third party—made any false or misleading statements or in any way deceptively
marketed opioids.

295.     No response is necessary to Paragraph 295 of the 2AC as it contains no
allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations
concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and
Janssen lack knowledge or information sufficient to form a belief as to the truth of those
allegations.

296.     No response is necessary to Paragraph 296 of the 2AC as it contains no
allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations
concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

297.    No response is necessary to Paragraph 297 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

298.    No response is necessary to Paragraph 298 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

299.    No response is necessary to Paragraph 299 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 299 and Footnote 69 to Paragraph 299 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

300.    No response is necessary to Paragraph 300 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

301.    No response is necessary to Paragraph 301 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

302.    No response is necessary to Paragraph 302 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 302 and Footnote 70 to Paragraph 302 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

303.    No response is necessary to Paragraph 303 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 303 and Footnote 71-72 to Paragraph 303 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

304.    No response is necessary to Paragraph 304 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 304 and Footnote 73 to Paragraph 304 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

305.    No response is necessary to Paragraph 305 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

306.    No response is necessary to Paragraph 306 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

307.    No response is necessary to Paragraph 307 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

308.    To the extent the references to "Marketing Defendants" in Paragraph 308 of the 2AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308 and, on that basis, deny those allegations.  To the extent Paragraph 308's reference to "other Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 308's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 308.  J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

309.    No response is necessary to Paragraph 309 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document and third-party statements referred to in Paragraph 309 speak for themselves and deny any characterization of the document or statements that is inconsistent with their meaning when they are read in their entirety or in context.

310.    No response is necessary to Paragraph 310 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

311.    No response is necessary to Paragraph 311 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

312.    No response is necessary to Paragraph 312 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

313.    No response is necessary to Paragraph 313 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

314.    No response is necessary to Paragraph 314 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

315.    No response is necessary to Paragraph 315 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

316.    No response is necessary to Paragraph 316 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

317.    No response is necessary to Paragraph 317 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

318.    No response is necessary to Paragraph 318 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

319.    No response is necessary to Paragraph 319 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

320.    No response is necessary to Paragraph 320 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

89

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 320 and Footnote 74 to Paragraph 320 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

321.    No response is necessary to Paragraph 321 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

322.    No response is necessary to Paragraph 322 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

323.    No response is necessary to Paragraph 323 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

324.    No response is necessary to Paragraph 324 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

325.    No response is necessary to Paragraph 325 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

326.    No response is necessary to Paragraph 326 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

327.    No response is necessary to Paragraph 327 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

328.    No response is necessary to Paragraph 328 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

329.    No response is necessary to Paragraph 329 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

330.    No response is necessary to Paragraph 330 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

331.    No response is necessary to Paragraph 331 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 331 and Footnotes 75-76 to Paragraph 331 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

332.    No response is necessary to Paragraph 332 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 332 and

Footnote 77 to Paragraph 332 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

333.    No response is necessary to Paragraph 333 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 333 and Footnote 78 to Paragraph 333 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

334.    No response is necessary to Paragraph 334 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

335.    No response is necessary to Paragraph 335 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

336.    No response is necessary to Paragraph 336 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations.  J&J and Janssen further aver that the document referenced in Paragraph 336 and Footnote 79 to Paragraph 336 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

337.    No response is necessary to Paragraph 337 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

338.    No response is necessary to Paragraph 338 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

339.    No response is necessary to Paragraph 339 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

340.    No response is necessary to Paragraph 340 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

341.    No response is necessary to Paragraph 341 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

342.    No response is necessary to Paragraph 342 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

343.    No response is necessary to Paragraph 343 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

344.    No response is necessary to Paragraph 344 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

345.    No response is necessary to Paragraph 345 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

346.     No response is necessary to Paragraph 346 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 346 and Footnotes 80-81 to Paragraph 346 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

347.     No response is necessary to Paragraph 347 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 347 and Footnotes 82-83 to Paragraph 347 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

348.     To the extent the reference to "Marketing Defendants" in Paragraph 348 of the 2AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348 and, on that basis, deny those allegations.  To the extent Paragraph

348's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 348's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 348.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

349.    The allegations contained in Paragraph 349 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 349's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 349.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

350.    To the extent the reference to "Marketing Defendants" in Paragraph 350 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 350 and, on that basis, deny those allegations.  To the extent Paragraph 350's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 350.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

351.    To the extent the references to "Marketing Defendants" in Paragraph 351 of the 2AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 351 and, on that basis, deny those allegations.  To the extent Paragraph 351's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 351's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 351.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

352.    To the extent the references to "Marketing Defendants" in Paragraph 352 of the 2AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 352 and, on that basis, deny those allegations.  To the extent Paragraph 352's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 352's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen has sponsored certain third-party educational materials, provided funds to certain third parties who have created such materials, and worked with certain third-party organizations to create such materials.  J&J and Janssen aver that the remaining allegations in Paragraph 352 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 352.  J&J and Janssen further aver that the document referenced in Paragraph 352 and Footnote 84 to Paragraph 352 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.  J&J and Janssen specifically deny that they—either directly or

through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

353.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 353 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 353 and, on that basis, deny the allegations.  To the extent Paragraph 353's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 353 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 353 and Footnotes 85-88 to Paragraph 353 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

354.    To the extent the reference to "Marketing Defendants" in Paragraph 354 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 354 and, on that basis, deny those allegations.  To the extent Paragraph 354's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 354 are so vague and overbroad that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 354 and, on

that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in

Paragraph 354 and Footnote 89 to Paragraph 354 speaks for itself and deny any characterization

of that document that is inconsistent with its meaning when it is read in its entirety or in context.

355.     No response is necessary to Paragraph 355 of the 2AC as it contains no

allegations against J&J and Janssen, or any other Defendant.  To the extent a response is

necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 355 and, on that basis, deny those

allegations.  To the extent a response is necessary, J&J and Janssen aver that the documents

referenced in Paragraph 355 and Footnotes 90-91 to Paragraph 355 speak for themselves and

deny any characterization of those documents that is inconsistent with their meaning when they

are read in their entirety or in context.  J&J and Janssen further aver that the allegations in

Paragraph 355 are so vague and overly broad that they lack knowledge or information sufficient

to form a belief as to the truth of those allegations and, on that basis, deny them.

356.     The allegations contained in Paragraph 356 of the 2AC consist of argument and

legal conclusions to which no response is required.  To the extent a response is required, and to

the extent the allegations in Paragraph 356 pertain to J&J and/or Janssen, J&J and Janssen deny

the allegations contained in Paragraph 356.  J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way

deceptively marketed opioids.

357.     J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties,

as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of

those allegations.  To the extent the references to "defendants" and "opioid manufacturers" in

Paragraph 357 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 357 and, on that basis, deny those allegations.  To the extent Paragraph 357's references to "defendants" or "opioid manufacturers" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 357 and, on that basis, deny those allegations.

358.    No response is necessary to Paragraph 358 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

359.    No response is necessary to Paragraph 359 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

360.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 360 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 360 and, on that basis, deny those allegations.  To the extent Paragraph 360's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that the remaining allegations regarding APF's activities are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and, on that basis, deny those allegations.

361.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Defendants" in Paragraph 361 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 361 and, on that basis, deny those allegations.  To the extent Paragraph 361's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to

Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6),

dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that the remaining

allegations regarding APF's activities are so vague and overbroad that J&J and Janssen lack

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 361 and, on that basis, deny those allegations.

362.    No response is necessary to Paragraph 362 of the 2AC as it contains no

allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations.

363.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties

or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of those allegations.  To the extent the

references to "Marketing Defendants" or "Defendants" in Paragraph 363 of the 2AC pertain to

parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph

363 and, on that basis, deny those allegations.  To the extent Paragraph 363's references to

"Marketing Defendants" or "Defendants" pertain to J&J and/or Janssen, J&J and Janssen

respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between

2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to

J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs'

Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as

expressly admitted, J&J and Janssen aver that the allegations in Paragraph 363 are so vague and

103

overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and, on that basis, deny those allegations.

364.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 364 of the 2AC, which purport to describe APF's and the Senate Finance Committee's activities and, on that basis, deny the allegations.

365.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Defendants" in Paragraph 365 of the 2AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 365 and, on that basis, deny those allegations. To the extent Paragraph 365's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 365's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996 and 2013 and provided funding to AAPM as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. J&J and Janssen further admit that Janssen was a corporate member of APS between 1994 and 2014 and provided funding to APS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the document referenced in Paragraph 365 and

Footnote 92 to Paragraph 365 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen further aver that the remaining allegations in Paragraph 365 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and, on that basis, deny those allegations.

366.    No response is necessary to Paragraph 366 of the 2AC as it contains no allegations against J&J and Janssen. To the extent a response is necessary, and to the extent Paragraph 366's reference to "other pharmaceutical companies" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996 and 2013. Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 366 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, including Plaintiffs' meaning of the phrase "corporate council" and, on that basis, deny those allegations.

367.    To the extent the reference to "Marketing Defendants" in Paragraph 367 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367 and, on that basis, deny those allegations. To the extent Paragraph 367's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 367 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 367 and Footnote 93 to Paragraph 367 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

368.    To the extent the reference to "opioid manufacturers" in Paragraph 368 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 and, on that basis, deny those allegations.  To the extent a response is necessary, and to the extent Paragraph 368's reference to "opioid manufacturers" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996 and 2013 and provided funding to AAPM as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368, including Plaintiffs' meaning of the phrase "corporate council", and, on that basis, deny the allegations.

369.    No response is necessary to Paragraph 369 of the 2AC as it contains no allegations against J&J and Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the 2AC, which purport to describe AAPM's funding and activities, and, on that basis, deny the allegations.

370.    To the extent the reference to "Defendants" in Paragraph 370 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 and, on that basis, deny those allegations.  To the extent Paragraph 370's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 370 are so vague and overbroad that they lack knowledge or information sufficient to

106

form a belief as to the truth of the allegations in Paragraph 370 including those related to the

understanding of AAPM's employees and the alleged influence that manufacturers allegedly

have over such organizations, and, on that basis, deny the allegations.

371.     To the extent the reference to "Defendants" in Paragraph 371 of the 2AC pertains

to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph

371 and, on that basis, deny those allegations.  To the extent the reference to "Defendants"

pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen provided funding to AAPM

as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain

Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated

January 7, 2019.  J&J and Janssen aver that the document referenced in Paragraph 371 of the

2AC speaks for itself and deny any characterization of the document that is inconsistent with its

meaning when it is read in its entirety.  J&J and Janssen further aver that the remaining

allegations in Paragraph 371, including those that refer to unidentified "panel members"

receiving unspecified "support" from Janssen and other Defendants, are so vague and overbroad

that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of

those allegations and, on that basis, deny the allegations.

372.     To the extent the allegations in Paragraph 372 of the 2AC pertain to parties other

than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 372 and, on that basis, deny

those allegations.  To the extent the allegations in Paragraph 372 pertain to Janssen, J&J and

Janssen admit that Janssen provided funding to AAPM as disclosed in Appendix A to J&J and

Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended

Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 of the 2AC including those concerning Dr. Joel Saper, and, on that basis, deny the allegations.

373.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 373 of the 2AC including those concerning Dr. Gilbert Fanciullo, and, on that basis, deny the allegations.

374.    To the extent the reference to "Marketing Defendants" in Paragraph 374 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 and, on that basis, deny those allegations.  To the extent Paragraph 374's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 374 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374.  J&J and Janssen further aver that the documents referenced in Paragraph 374 and Footnote 94 to Paragraph 374 of the 2AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

375.    No response is necessary to Paragraph 375 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 375 including those concerning the "2009 Guidelines," and, on that basis, deny the allegations.

376.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 376 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 376 and, on that basis, deny those allegations.  To the extent Paragraph 376's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 376 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and, on that basis, deny those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 376 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

377.    No response is necessary to Paragraph 377 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377, which purport to describe FSMB's practices, and, on that basis, deny the allegations.

378.    To the extent the reference to "Defendants" in Paragraph 378 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 378 and, on that basis, deny those allegations.  To the extent Paragraph 378's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations purporting to describe FSMB's practices are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 and, on that basis, deny those allegations.

379.    No response is necessary to Paragraph 379 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 379, which purport to describe FSMB's practices, and, on that basis, deny the allegations.  J&J and Janssen aver that the document referenced in Paragraph 379 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

380.    No response is necessary to Paragraph 380 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 380, which purport to describe FSMB's Guidelines, and, on that basis, deny the allegations.  J&J and Janssen aver that the documents referenced in Paragraph 380 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

381.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen aver that the remaining allegations in Paragraph 381 of the 2AC are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document and website referenced in Paragraph 381 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

382.    To the extent the reference to "Marketing Defendants" in Paragraph 382 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382 and, on that basis, deny those allegations.  To the extent Paragraph 382's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 382 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 382 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

383.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 of the 2AC, which purport to describe

111

APA's funding and activities, and, on that basis, deny the allegations.  J&J and Janssen aver that the documents referenced in Paragraph 383 and Footnotes 95-96 to Paragraph 383 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

384.    No response is necessary to Paragraph 384 of the 2AC as it contains no allegations against J&J and Janssen.  To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 384 of the 2AC including those concerning APA's funding, Dr. Srinivas Nalamachu, Dr. Robert A. Yapundich, Dr. Jack D. Schim, Dr. Howard Hoffberg, and Dr. Robin K. Dore, and, on that basis, deny the allegations.  J&J and Janssen aver that the document referenced in Paragraph 384 and Footnote 97 to Paragraph 384 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety or in context.

385.    No response is necessary to Paragraph 385 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385, which purport to describe APA's activities, and, on that basis, deny the allegations.  J&J and Janssen aver that the document referenced in Paragraph 385 and Footnotes 98-99 to Paragraph 385 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

386.    No response is necessary to Paragraph 386 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is

necessary, J&J and Janssen aver that the document referenced in Paragraph 386 and Footnote 100 to Paragraph 386 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

387.    No response is necessary to Paragraph 387 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 387 and Footnote 101 to Paragraph 387 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

388.    No response is necessary to Paragraph 388 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 388 and Footnote 102 to Paragraph 388 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

389.    No response is necessary to Paragraph 389 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 389, which purport to describe APA's activities, and, on that basis, deny the allegations.

390.    No response is necessary to Paragraph 390 nor Footnotes 103-04 of the 2AC as they contain no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 390, which purport to describe APA's activities, and, on that basis, deny the allegations. J&J and Janssen aver that the

documents referenced in Paragraph 390 and Footnotes 104-04 to Paragraph 390 speaks for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

391.     J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 391 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 391 and, on that basis, deny those allegations.  To the extent Paragraph 391 refers to Janssen and Paragraph 391's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of USPF from 2013 to 2014 and provided funding to USPF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 391 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 391 and Footnote 105 to Paragraph 391 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

392.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 392 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 392 and, on that basis, deny those allegations.  To the extent Paragraph 392 refers to Janssen and Paragraph 392's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 392 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 and, on that basis, deny those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 392 and Footnotes 106-107 to Paragraph 392 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

393.    No response is necessary to Paragraph 393 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 393 and Footnote

108 to Paragraph 393 of the 2AC speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

394.    To the extent the reference to "Marketing Defendants" in Paragraph 394 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394 and, on that basis, deny those allegations.  To the extent Paragraph 394's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 394 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 and, on that basis, deny those allegations.

395.    To the extent the reference to "Marketing Defendants" in Paragraph 395 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 395 and, on that basis, deny those allegations.  To the extent Paragraph 395's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 395 are so

116

vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 and, on that basis, deny those allegations.

396.    To the extent the references to "Marketing Defendants" in Paragraph 396 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 396 and, on that basis, deny those allegations.  To the extent Paragraph 396's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 396.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

397.    To the extent the reference to "Marketing Defendants" in Paragraph 397 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 397 and, on that basis, deny those allegations.  To the extent Paragraph 397's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 397.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

398.    To the extent the reference to "Marketing Defendants" in Paragraph 398 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 398 and, on that basis, deny those allegations.  To the extent Paragraph 398's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that

the allegations in Paragraph 398 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

399.    The allegations contained in Paragraph 399 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 399 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 399 fully and accurately characterize their marketing practices.

400.    To the extent the reference to "Marketing Defendants" in Paragraph 400 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400 and, on that basis, deny those allegations.  To the extent Paragraph 400 refers to Janssen and Paragraph 400's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Dr. Perry Fine has worked with Janssen periodically since 2001 and that Janssen has compensated him for consulting on the Duragesic and Nucynta advisory boards, consulting on medical educational programs, and conducting speaking engagements. J&J and Janssen deny, however, Plaintiffs' mischaracterization of that work and compensation.  J&J and Janssen aver that the remaining allegations in Paragraph 400 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400 and, on that basis, deny those allegations.  J&J and

118

Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

401.    To the extent the references to "Marketing Defendants" in Paragraph 401 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 401 and, on that basis, deny those allegations.  To the extent Paragraph 401's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 401 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

402.    To the extent the references to "Marketing Defendants" in Paragraph 402 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 402 and, on that basis, deny those allegations.  To the extent Paragraph 402's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 402 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

403.    The allegations contained in Paragraph 403 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations in Paragraph 403 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 403.

404.    No response is necessary to Paragraph 404 nor Footnote 109 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 404 and Footnote 109 to Paragraph 404 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

405.    No response is necessary to Paragraph 405 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 405 of the 2AC and Footnotes 110-111 to Paragraph 405 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

406.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 406 of the 2AC pertains to parties other than J&J and Janssen or the reference to "prescription opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 406 and, on that basis, deny those allegations.  To the extent Paragraph 406's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 406's reference to "prescription opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 406 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 406 and Footnote 112 to Paragraph 406 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

407.    No response is necessary to Paragraph 407 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 407 and Footnote 113 to Paragraph 407 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

408.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 408 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver

that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 408 and, on that basis, deny those allegations.  To the extent Paragraph 408's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 408 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 408 and, on that basis, deny those allegations.

409.    To the extent the reference to "Marketing Defendants" in Paragraph 409 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 409 and, on that basis, deny those allegations.  To the extent Paragraph 409's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 409 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409 and, on that basis, deny those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 409 and Footnotes 114-116 to Paragraph 409 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

410.    No response is necessary to Paragraph 410 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 410 of the

2AC and Footnote 117 to Paragraph 410 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

411.    No response is necessary to Paragraph 411 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 411 of the 2AC and Footnote 118 to Paragraph 411 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

412.    No response is necessary to Paragraph 412 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

413.    J&J and Janssen aver that the "websites run by . . . Janssen" referenced in Paragraph 413 of the 2AC speak for themselves and deny any characterization of those websites that is inconsistent with their meaning when they are read in their entirety.  No response is necessary as to the remaining allegations in Paragraph 413 of 2AC, which do not pertain to J&J or Janssen.  To the extent a response is required for those allegations, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations; and aver that the "Opioid Risk Tool" speaks for itself and deny any characterization of the "Opioid Risk Tool" that is inconsistent with its meaning when it is considered in its entirety and in context.

414.    To the extent the reference to "Marketing Defendants" in Paragraph 414 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 414 and, on that basis, deny those allegations.  To the extent Paragraph 414's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny Plaintiffs' characterization of Janssen's "promotional messages." J&J and Janssen further aver that the documents referenced in Paragraph 414 and Footnotes 114-116 to Paragraph 414 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

415.    No response is necessary to Paragraph 415 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

416.    No response is necessary to Paragraph 416 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

417.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack

knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 417 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 417 and, on that basis, deny those allegations.  To the extent Paragraph 417's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Dr. Perry Fine provided consulting for Janssen's Duragesic and Nucynta advisory boards and medical educational programs.  Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 417 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417 and, on that basis, deny those allegations.

418.    No response is necessary to Paragraph 418 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

419.    With respect to the allegations in Paragraph 419 of the 2AC, J&J and Janssen aver that the J&J website referenced in Paragraph 419 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  No response is necessary for the remaining allegations in Paragraph 419 as they do not pertain to J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than

Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

420.     No response is necessary to Paragraph 420 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that response is necessary, J&J and Janssen aver that the document referenced in Paragraph 420 of the 2AC and Footnote 119 to Paragraph 420 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

421.     No response is necessary to Paragraph 421 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 421 and Footnotes 120-121 to Paragraph 421 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

422.     No response is necessary to Paragraph 422 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 422 of the 2AC and Footnote 122 to Paragraph 422 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

423.     No response is necessary to Paragraph 423 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that the documents and videos referenced in Paragraph 423 of the 2AC and Footnotes 123-

126

124 to Paragraph 423 speak for themselves and deny any characterization of those documents and videos that is inconsistent with their meaning when they are read or viewed in their entirety or in context.

424.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 424 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 424 and, on that basis, deny those allegations.  To the extent Paragraph 424's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 424 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424 and, on that basis, deny those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 424 and Footnote 125 to Paragraph 424 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

425.    No response is necessary to Paragraph 425 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 425 of the 2AC speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

426.    No response is necessary to Paragraph 426 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen

aver that the document referenced in Paragraph 426 of the 2AC and Footnote 126 to Paragraph 426 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

427.    No response is necessary to Paragraph 427 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 427 of the 2AC and Footnote 127 to Paragraph 427 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

428.    No response is necessary to Paragraph 428 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 428 of the 2AC and Footnote 128 to Paragraph 428 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

429.    To the extent the reference to "Marketing Defendants" in Paragraph 429 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 429 and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 429 pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 429.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

430.    To the extent the reference to "Marketing Defendants" in Paragraph 430 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 430 and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 430 pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 430.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

431.    No response is necessary to Paragraph 431 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is required, J&J and Janssen admit that CMEs are ongoing professional education programs provided to doctors, but deny that Paragraph 431 fully and accurately characterizes CME requirements and programs (which vary by jurisdiction).  J&J and Janssen further aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 431, including those related to the influence CMEs have over unidentified doctors and unidentified doctors' reliance on CMEs and, on that basis, deny those allegations.

432.    To the extent the references to "Defendants" in Paragraph 432 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 432 and, on that basis, deny the allegations.  To the extent the references to "Defendants" in Paragraph 432 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 432 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that

they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

433. To the extent the reference to "Marketing Defendants" in Paragraph 433 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 433 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 433 pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 433. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

434. No response is necessary to Paragraph 434 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

435. No response is necessary to Paragraph 435 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 435 and Footnote 129 to Paragraph 435 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

436. No response is necessary to Paragraph 436 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 436 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

437. No response is necessary to Paragraph 437 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 437 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

438. No response is necessary to Paragraph 438 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 438, and, on that basis, deny the allegations.

439. No response is necessary to Paragraph 439 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439, and, on that basis, deny the

131

allegations.  J&J and Janssen further aver that the document referenced in Paragraph 439 and Footnote 130 to Paragraph 439 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

440.    To the extent the reference to "Marketing Defendants" in Paragraph 440 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 440 and, on that basis, deny the allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 440 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 440 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

441.    To the extent the references to "Marketing Defendants" in Paragraph 441 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 441 and, on that basis, deny the allegations.  To the extent the references to "Marketing Defendants" in Paragraph 441 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 441.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

442.    With respect to the allegations in Paragraph 442 of the 2AC, J&J and Janssen aver that the documents referenced in Paragraph 442 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in

132

their entirety.  J&J and Janssen do not respond to Plaintiffs' allegations regarding the marketing budgets of other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in the remaining allegations of Paragraph 442 pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  To the extent the references to "Marketing Defendants" in those allegations pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States through branded marketing, including in print advertising.  Except as specifically admitted, J&J and Janssen aver that these allegations are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

443.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 443 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 443 and, on that basis, deny those allegations.  To the extent Paragraph 443's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States and distributed certain educational materials.  Except as specifically admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 443.  J&J and Janssen aver that the document referenced in Paragraph 443 and Footnotes 131-

133

132 to Paragraph 443 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

444.     To the extent the reference to "Marketing Defendants" in Paragraph 444 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 444 and, on that basis, deny those allegations.  To the extent Paragraph 444's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States through branded marketing and admit that Janssen developed and/or distributed certain unbranded materials discussing prescription opioid medicines and other pain treatment options.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 444 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

445.     J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 445 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 445 and, on that basis, deny those allegations. To the extent Paragraph 445's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen developed and/or distributed, or facilitated the

distribution of, certain unbranded materials. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 445 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

446.    To the extent the reference to "Marketing Defendants" in Paragraph 446 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 446 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 446 pertains to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 446. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

447.    To the extent the reference to "Marketing Defendants" in Paragraph 447 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 447 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 447 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 447 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

448.    To the extent the references to "Marketing Defendants" in Paragraph 448 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 448 and, on that basis, deny the allegations.  To the extent Paragraph 448's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 448 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

449.    To the extent the references to "Marketing Defendants" in Paragraph 449 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 449 and, on that basis, deny the allegations.  To the extent Paragraph 449's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 449 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

450.    To the extent the reference to "Marketing Defendants" in Paragraph 450 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 450 and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 450 pertains to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 450.  J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

451. No response is necessary to Paragraph 451 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 451 and Footnotes 133-134 to Paragraph 451 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

452. To the extent the references to "Marketing Defendants" in Paragraph 452 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 452 and, on that basis, deny the allegations. To the extent Paragraph 452's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 452. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

453. To the extent the references to "Marketing Defendants" in Paragraph 453 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 453 and, on that basis, deny those allegations. To the extent Paragraph 453's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines through sales representatives who spoke

directly with healthcare providers.  Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 453.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

454.    To the extent the reference to "Marketing Defendants" in Paragraph 454 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 454 and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in Paragraph 454 pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen purchased sales data from companies like IMS Health.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 454 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

455.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in the remaining allegations of Paragraph 455 pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.  To the extent the references to "Marketing Defendants" in those allegations pertain to J&J and/or Janssen, J&J and Janssen aver that Plaintiffs appear to be referring to unidentified

138

documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.  The remaining allegations in Paragraph 455 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them

456.    No response is necessary to Paragraph 456 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

457.    No response is necessary to Paragraph 457 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

458.    With respect to the allegations in Paragraph 458 of the 2AC purporting to describe "Janssen's quarterly spending," J&J and Janssen aver that Plaintiffs appear to be referring to unidentified documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.

459.    No response is necessary to Paragraph 459 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

460.    No response is necessary to Paragraph 460 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

461.    No response is necessary to Paragraph 461 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

462.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Marketing Defendants" in Paragraph 462 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 462 and, on that basis, deny those allegations.  To the extent Paragraph 462 refers to Janssen and Paragraph 462's references to "Marketing Defendants" in Paragraph 462 pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through sales representatives and speakers; admit that Janssen recruited doctors to serve as speakers; and admit that Janssen made certain payments to and for certain of these speakers.  Except as expressly

140

admitted, J&J and Janssen aver that the allegations in Paragraph 462 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

463.    No response is necessary to Paragraph 463 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

464.    No response is necessary to Paragraph 464 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

465.    To the extent the reference to "Marketing Defendants" in Paragraph 465 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 465 and, on that basis, deny the allegations.  To the extent Paragraph 465's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 465 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

466.    J&J and Janssen aver that the allegations in Paragraph 466 of the 2AC purporting to describe risks of opioid use for elderly patients do not fully and accurately characterize those risks and, on that basis, deny those allegations.

467.    With respect to Paragraph 467 of the 2AC, J&J and Janssen aver that the documents referenced in Paragraph 467 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety; aver that they lack knowledge or information sufficient to form a belief as to Plaintiffs' meaning of the phrase "publicizing" and, on that basis, deny the allegation to which that phrase relates; and deny the remaining allegations contained in Paragraph 467.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

468.    No response is necessary to Paragraph 468 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

469.    No response is necessary to Paragraph 469 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 469 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469 and, on that basis, deny those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 469 speak for themselves and deny any

characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

470.    With respect to the allegations in Paragraph 470 of the 2AC referencing Janssen, J&J and Janssen aver that the document referenced and quoted in Paragraph 470 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety; and aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 470 and, on that basis, deny the allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

471.    No response is necessary to Paragraph 471 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 471 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471 and, on that basis, deny those allegations.

472.    No response is necessary to Paragraph 472 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

473.    No response is necessary to Paragraph 473 nor Footnote 135 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations. J&J and Janssen aver that the document referenced in Paragraph 473 and Footnote 135 to Paragraph 473 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

474. No response is necessary to Paragraph 474 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

475. No response is necessary to Paragraph 475 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 475 and Footnote 136 to Paragraph 475 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

476. No response is necessary to Paragraph 476 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

477. No response is necessary to Paragraph 477 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

144

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

478.  No response is necessary to Paragraph 478 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

479.  No response is necessary to Paragraph 479 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 479 and Footnote 137 to Paragraph 479 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

480.  No response is necessary to Paragraph 480 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 480 and Footnote 138 to Paragraph 480 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

481.  No response is necessary to Paragraph 481 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

482.    No response is necessary to Paragraph 482 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

483.    No response is necessary to Paragraph 483 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

484.    No response is necessary to Paragraph 484 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

485.    No response is necessary to Paragraph 485 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

486.     No response is necessary to Paragraph 486 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the document referenced in Paragraph 486 and Footnotes 139-140 to Paragraph 486 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

487.     To the extent the references to "Marketing Defendants" in Paragraph 487 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 487's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 487 and, on that basis, deny the allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

488.     To the extent the reference to "Marketing Defendants" in Paragraph 488 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 488 and, on that basis, deny the allegations.  To the extent Paragraph 488's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 488.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

489.    No response is necessary to Paragraph 489 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

490.    No response is necessary to Paragraph 490 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the documents referenced in Paragraph 490 and Footnotes 141-142 to Paragraph 490 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

491.    To the extent the references to "Marketing Defendants" in Paragraph 491 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 491 and, on that basis, deny the allegations.  To the extent Paragraph 491's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States.  Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 491 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that

they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

492.    No response is necessary to Paragraph 492 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 492 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 492 and, on that basis, deny those allegations.  J&J and Janssen further aver that the unspecified "studies" referenced in Paragraph 492 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

493.    To the extent the references to "Marketing Defendants" in Paragraph 493 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 493 and, on that basis, deny the allegations.  To the extent Paragraph 493's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 493 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  J&J and Janssen further aver that the unspecified "survey" referenced in Paragraph 493 speaks for itself and deny any characterization of the documents that is inconsistent with its meaning when it is read in its entirety or in context.

494.    To the extent the reference to "Marketing Defendants" in Paragraph 494 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 494 and, on that basis, deny the allegations. To the extent Paragraph 494's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 494 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

495.    No response is necessary to Paragraph 495 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 495 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 495 and Footnote 143 to Paragraph 495 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

496.    No response is necessary to Paragraph 496 of the 2AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 496 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 496 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 496 and Footnote 144 to Paragraph 496

speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

497.     No response is necessary to Paragraph 497 nor Footnote 147 as they contain no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497 and, on that basis, deny those allegations.  To the extent the allegations in Paragraph 497 and Footnote 147 refer to an unidentified CDC "report," J&J and Janssen aver that the cited report speaks for itself and deny any characterization of the report that is inconsistent with its meaning when read in its entirety and in context.

498.     The allegations contained in Paragraph 498 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 498's references to "Marketing Defendants" and "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 498.

499.     The allegations contained in Paragraph 499 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required and to the extent Paragraph 499's references to "Marketing Defendants" and "all Defendants" pertain to J&J and Janssen, J&J and Janssen admit that various federal and state laws impose reporting duties for manufacturers and distributors of Schedule II controlled substances.  Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 499.

500.     The allegations in Paragraph 500 of the 2AC consist of arguments and legal conclusions to which no response is required.

501.    The allegation contained in Paragraph 501 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that the allegations in Paragraph 501 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegation.

502.    The allegations contained in Paragraph 502 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations in Paragraph 502.

503.    The allegation contained in Paragraph 503 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegation in Paragraph 503.  J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

504.    The allegation contained in Paragraph 504 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen specifically deny any allegation or suggestion in Paragraph 504 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

505.    The allegation contained in Paragraph 505 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that the allegation in Paragraph 505 is so vague and ambiguous that they lack

knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.

506.    No response is necessary to Paragraph 506 of the 2AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

507.    No response is necessary to Paragraph 507 of the 2AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

508.    No response is necessary to Paragraph 508 of the 2AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

509.    No response is necessary to Paragraph 509 of the 2AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

510.    No response is necessary to Paragraph 510 of the 2AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

511.    No response is necessary to Paragraph 511 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

512.    The allegations contained in Paragraph 512 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations

governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 512 of the 2AC that they failed to comply with any applicable laws and regulations.

513.    The allegations contained in Paragraph 513 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.  J&J and Janssen specifically deny any allegation or suggestion in Paragraph 513 of the 2AC that they failed to comply with any applicable laws and regulations.

514.    The allegation contained in Paragraph 514 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.  J&J and Janssen specifically deny any allegation or suggestion in Paragraph 514 of the 2AC that they failed to comply with any applicable laws and regulations.

515.    No response is necessary to Paragraph 515 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

516.    To the extent the references to "Marketing Defendants" in Paragraph 516 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 516's references to "Marketing Defendants" pertain to J&J

and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and purchased sales data from companies like IMS Health. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 561 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 516 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

517.    The allegation contained in Paragraph 517 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that the allegations in Paragraph 517 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to those allegations and, on that basis, deny the allegations. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 517 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

518.    The allegations contained in Paragraph 518 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 518's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 518.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 518 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion

prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

519.  No response is necessary to Paragraph 519 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 519 and, on that basis, deny those allegations.

520.  The allegation contained in Paragraph 520 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 520's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation in Paragraph 520.

521.  No response is necessary to Paragraph 521 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

522.  J&J and Janssen do not respond to the allegations in Paragraph 522 of the 2AC pertaining to other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Defendants" in Paragraph 522 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent that Paragraph 522's reference to "Defendants" and "trade organizations to which Defendants belong" pertains to J&J and Janssen, J&J and Janssen

aver that the allegation is so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 522 and, on that basis, deny the allegation. To the extent the allegations in Paragraph 522 refer to HDA Guidelines, J&J and Janssen aver that the cited Guidelines speak for themselves and deny any characterization of the Guidelines that is inconsistent with their meaning when read in their entirety and in context.

523.    To the extent the reference to "Defendants" and "Distributor Defendants" in Paragraph 523 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent that Paragraph 523's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 523 and, on that basis, deny those allegations.

524.    No response is necessary to Paragraph 524 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 524 and, on that basis, deny those allegations.  To the extent the allegations in Paragraph 524 refer to a DEA letter, J&J and Janssen aver that the cited letter speaks for itself and deny any characterization of the letter that is inconsistent with its meaning when read in its entirety and in context.

525.    To the extent the reference to "Defendants" in Paragraph 525 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent that Paragraph 525's reference to "Defendants" pertains to J&J and Janssen, J&J and

Janssen aver that the DEA letter referenced in Paragraph 525 speaks for itself and deny any characterization of the letter that is inconsistent with its meaning when read in its entirety and in context.

526.    To the extent the reference to "Defendants" in Paragraph 526 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 526's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 526.  J&J and Janssen specifically deny that they failed to comply with laws governing the sale of opioids.

527.    To the extent the references to "Distributor Defendants" or "Marketing Defendants" in Paragraph 527 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 527's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 527 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 527 and, on that basis, deny those allegations.

528.    To the extent the references to "Distributor Defendants" or "Marketing Defendants" in Paragraph 528 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 528's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 528 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of the allegations in Paragraph 528 and, on that basis, deny those allegations. J&J

and Janssen also specifically deny any allegation or suggestion in Paragraph 528 of the 2AC that

they failed to comply with applicable laws and regulations governing suspicious order

monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all

times, complied with all applicable laws and regulations.

529.    To the extent the references to "Distributor Defendants" or "Marketing

Defendants" in Paragraph 529 of the 2AC pertain to parties other than J&J or Janssen, J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations

and, on that basis, deny those allegations.  To the extent Paragraph 529's references to

"Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the remaining

allegations in Paragraph 529 are so vague and ambiguous that J&J Janssen lack information

sufficient to form a belief as to the truth of the allegations in Paragraph 529 and, on that basis,

deny those allegations.  To the extent the allegations in Paragraph 529 refer to an unidentified

Washington Post article and a settlement agreement between the DEA and Mallinckrodt, J&J and

Janssen aver that the cited documents speak for themselves and deny any characterization of

these documents that is inconsistent with their meaning when read in their entirety and in

context.

530.    To the extent the references to "Defendants," "Distributor Defendants," or

"Marketing Defendants" in Paragraph 530 of the 2AC pertain to parties other than J&J or

Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth

of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 530's

references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and

Janssen deny the allegations in Paragraph 530.  J&J and Janssen also specifically deny any

allegation or suggestion in Paragraph 530 of the 2AC that they failed to comply with applicable

laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.  J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

531.     To the extent the reference to "Defendants" in Paragraph 531 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 531's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen has been a member of or participating organization in the Pain Care Forum from 2005 to present, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance.  J&J and Janssen aver that the remaining allegations in Paragraph 531 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 531 and, on that basis, deny the allegations.

532.     No response is necessary to Paragraph 532 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532 and, on that basis, deny those allegations.

533.     No response is necessary to Paragraph 533 nor Footnotes 148-49 of the 2AC as they contain no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 533 and, on that basis, deny those allegations.  To the extent the allegations in Paragraph 533 and Footnotes 148-49 to Paragraph 533 refer to an article from The Center for Public Integrity and The Associated Press, J&J and

160

Janssen aver that the cited article speaks for itself and deny any characterization of the article that is inconsistent with its meaning when read in its entirety and in context.

534.    To the extent the references to "Defendants," "Marketing Defendants," and "Distributor Defendants" in Paragraph 534  and Footnotes 151-52 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 534's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen has been a member of or participating organization in the Pain Care Forum from 2005 to present.  Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 534 and Footnote 151-52 to Paragraph 534 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of allegations in Paragraph 534 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 534 and Footnotes 150 and 152 to Paragraph 534 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

535.    To the extent the references to "Defendants," "Marketing Defendants," and "Distributor Defendants" in Paragraph 535 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 535's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  To the extent the allegations in Paragraph 535 refer to an HDA website, J&J and Janssen aver that the website referenced in Paragraph 535 and in Footnotes 153 and 154 speaks for itself and deny any

characterization of the website that is inconsistent with its meaning when read in its entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 535 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

536.    To the extent the allegations in Paragraph 536 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 536's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  J&J and Janssen aver that the document referenced in Paragraph 536 and Footnote 155 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 536 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

537.    To the extent the allegations in Paragraph 537 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 537's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  To the extent the allegations in Paragraph 537 refer to the document referenced in Footnote 156, J&J and Janssen aver that the document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 537 are so vague and ambiguous that J&J and Janssen lack

information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

538.     To the extent the allegations in Paragraph 538 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 538's reference to "Manufacturer members" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  To the extent the allegations in Paragraph 538 refer to the "HDA application," J&J and Janssen aver that the document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 538 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

539.     To the extent the allegations in Paragraph 539 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 539's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  To the extent a response is required, and to the extent Paragraph 539's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 539.

540.     To the extent the allegations in Paragraph 540 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph

540's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  To the extent the allegations in Paragraph 533 refer to an HDA website, J&J and Janssen aver that the website referenced in Paragraph 540 and in Footnotes 157-59 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when read in its entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 540 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

541.    To the extent the allegations in Paragraph 541 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 541's references to "Defendants" and "manufacturer members" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  J&J and Janssen further aver that they lack information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny the allegations.

542.    To the extent the allegations in Paragraph 542 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 542's reference to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  J&J and Janssen further aver that the remaining allegations in Paragraph 542 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

543. The allegations contained in Paragraph 543 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 543's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 543.

544. The allegations contained in Paragraph 544 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 544's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen participated in the Pain Care Forum, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 544.

545. The allegations contained in Paragraph 545 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 545's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that J&J or Janssen were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the "Industry Compliance Guidelines" document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 545.

546. The allegations contained in Paragraph 546 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 546's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that J&J or Janssen were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the "Industry Compliance Guidelines" document speaks for itself and deny

any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 546.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 546 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

547.     Plaintiffs have agreed to strike Paragraph 547 from the 2AC.  Accordingly, J&J and Janssen do not provide any response to Paragraph 547.

548.     The allegations contained in Paragraph 548 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 548's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 548.

549.     The allegations contained in Paragraph 549 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 549's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen has been a member of or participating organization in the Pain Care Forum from 2005 to present, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance.  Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 549.

550.     The allegations contained in Paragraph 550 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 550's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 550.

551.     The allegations contained in Paragraph 551 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen aver that the federal statute referred to in Paragraph 551 speaks for itself and deny any characterization of that law that is inconsistent with its meaning when it is read in its entirety and in context with applicable law.

552.     The allegations contained in Paragraph 552 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 550's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 552.

553.     The allegations contained in Paragraph 553 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 553's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 553.

554.     To the extent the allegations in Paragraph 554 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 554's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 554 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, deny them.

555.     The allegations contained in Paragraph 555 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 555's references to "Marketing Defendants" pertain to J&J and Janssen,

J&J and Janssen deny the allegations in Paragraph 555.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 555 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

556.    To the extent the references to "Distributor Defendants" and "Marketing Defendants" in Paragraph 556 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 556's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States.  Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 556 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

557.    The allegations contained in Paragraph 557 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 557's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 557.

558.    To the extent the reference to "Defendants" in Paragraph 558 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the

extent Paragraph 558's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health and Verispan. Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 558 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

559. To the extent the references to "Distributor Defendants" and "Defendants" in Paragraph 559 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 559's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Distributor Defendants' activities and their purported intent and purpose, and, on that basis, deny the allegations. J&J and Janssen aver that the "Know Your Customer questionnaire and files referenced in Footnote 160 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when read in their entirety and in context.

560. To the extent the references to "Defendants" in Paragraph 560 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 558's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and

169

purchased or acquired sales data from companies including IMS Health and Verispan.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 560 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen aver that the document referenced in Footnote 161 to Paragraph 560 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

561.    To the extent the reference to "Defendants" in Paragraph 561 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 561's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 561 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

562.    To the extent the reference to "Defendants" in Paragraph 562 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 562's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health and Verispan.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 562 are so vague

and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen aver that the document referenced in Footnote 162 to Paragraph 562 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

563. To the extent the reference to "Defendants" in Paragraph 563 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 563's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that Data Vendor expert's statements and the document referenced in Paragraph 563 and Footnote 163 speak for themselves and deny any characterization of the statements or documents that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen aver that the remaining allegations in Paragraph 563 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 563 and, on that basis, deny those allegations. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 563 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations. J&J and Janssen aver that the document referenced in Paragraph 563 and Footnote 163 to Paragraph 563 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

564. Plaintiffs have agreed to strike Paragraph 564 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 564.

171

565.    The allegation contained in Paragraph 565 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 565's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation in Paragraph 565.

566.    The allegations contained in Paragraph 566 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 566's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 566.

567.    No response is necessary to Paragraph 567 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the unidentified sales representative's statement referenced in Paragraph 567 speak for themselves and deny any characterization of the statement that is inconsistent with their meaning when read in their entirety and in context.  J&J and Janssen further aver that the remaining allegations in Paragraph 567 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 and, on that basis, deny those allegations.

568.    The allegations contained in Paragraph 568 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 568's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 568.  J&J and Janssen aver that the Purdue statement referenced in Footnote 164 speaks for itself and deny any characterization of the statement that is inconsistent with its meaning when read in its entirety and in context.

569.     No response is necessary to Paragraph 569 nor Footnotes 165-66 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 569 and Footnotes 165-66 to Paragraph 569 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

570.     The allegations contained in Paragraph 570 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 570's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 570.

571.     To the extent the reference to "Defendants" in Paragraph 571 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 571's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 571 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

572.    No response is necessary to Paragraph 572 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

573.    J&J and Janssen do not respond to the allegations in Paragraph 573 of the 2AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Defendants" in Paragraph 573 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 573's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 573.

574.    The allegations contained in Paragraph 574 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 574's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 574.

575.    To the extent the allegations in Paragraph 575 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 575's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 575 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that

basis, deny them.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referenced in Paragraph 575 and Footnote 167 to Paragraph 575 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

576.    To the extent the allegations in Paragraph 576 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 576's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen purchased or acquired sales data from companies including IMS Health.  Except as specifically admitted, J&J and Janssen deny the allegations in Paragraph 576.

577.    No response is necessary to Paragraph 577 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

578.    The allegations contained in Paragraph 578 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 578's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 578.

579.    The allegations contained in Paragraph 579 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to

the extent Paragraph 579's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 579.

580.    The allegations contained in Paragraph 580 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 580's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 580.

581.    No response is necessary to Paragraph 581 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

582.    No response is necessary to Paragraph 582 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

583.    No response is necessary to Paragraph 583 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

584.    No response is necessary to Paragraph 584 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

585.    No response is necessary to Paragraph 585 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

586.    No response is necessary to Paragraph 586 nor Footnote 168 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 586 and Footnote 168 to Paragraph 586 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

587.    No response is necessary to Paragraph 587 nor Footnote 169 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 587 and Footnote 169 to Paragraph 587 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

588.    No response is necessary to Paragraph 588 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

589.    No response is necessary to Paragraph 589 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

590.    No response is necessary to Paragraph 590 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

591.    No response is necessary to Paragraph 591 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

592.    No response is necessary to Paragraph 592 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

178

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

593.    The allegations contained in Paragraph 593 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 593's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 593.

594.    No response is necessary to Paragraph 594 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 594 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 594 and, on that basis, deny those allegations.

595.    No response is necessary to Paragraph 595 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

596.    No response is necessary to Paragraph 596 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

597.    No response is necessary to Paragraph 597 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

598.     No response is necessary to Paragraph 598 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

599.     The allegations contained in Paragraph 599 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 599's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that J&J or Janssen were members of the Healthcare Distribution Management Association (n/k/a Healthcare Distribution Alliance) or the National Association of Chain Drug Stores.  J&J and Janssen aver that the amicus brief referenced in Footnote 170 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.  Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 599.

600.     The allegations contained in Paragraph 600 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 600's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 600.

601.     No response is necessary to Paragraph 601 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

602.    The allegations contained in Paragraph 602 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 602's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 602. J&J and Janssen aver that the document referenced in Paragraph 602 and Footnote 171 to Paragraph 602 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

603.    No response is necessary to Paragraph 603 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

604.    No response is necessary to Paragraph 604 nor to Footnotes 172-74 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Paragraph 604 and Footnotes 172-74 to Paragraph 604 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

605.    No response is necessary to Paragraph 605 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

606.    The allegations contained in Paragraph 606 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 606's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 606.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 606 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

607.    No response is necessary to Paragraph 607 nor to Footnote 175 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

608.    No response is necessary to Paragraph 608 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

609.    No response is necessary to Paragraph 609 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

610.    To the extent the reference to "Defendants" in Paragraph 610 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 610's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations (including the term "data") in Paragraph 610 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 610 and, on that basis, deny those allegations.  J&J and Janssen lack knowledge or information regarding the conduct of National Retail Pharmacies.

611.    The allegations contained in Paragraph 611 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 611's reference to "participant in the supply chain" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 611.

612.    No response is necessary to Paragraph 612 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen.

613.    No response is necessary to Paragraph 613 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

614. No response is necessary to Paragraph 614 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

615. No response is necessary to Paragraph 615 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

616. No response is necessary to Paragraph 616 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

617. No response is necessary to Paragraph 617 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

618. No response is necessary to Paragraph 618 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

619. No response is necessary to Paragraph 619 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

620.     No response is necessary to Paragraph 620 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

621.     No response is necessary to Paragraph 621 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

622.     No response is necessary to Paragraph 622 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

623.     No response is necessary to Paragraph 623 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

624.     No response is necessary to Paragraph 624 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

185

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

625.    No response is necessary to Paragraph 625 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

626.    No response is necessary to Paragraph 626 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

627.    No response is necessary to Paragraph 627 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

628.    No response is necessary to Paragraph 628 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

629.     No response is necessary to Paragraph 629 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

630.     No response is necessary to Paragraph 630 nor to Footnote 176 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 630 and Footnote 176 to Paragraph 630 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

631.     No response is necessary to Paragraph 631 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

632.     No response is necessary to Paragraph 632 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

633.    No response is necessary to Paragraph 633 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

634.    No response is necessary to Paragraph 634 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

635.    No response is necessary to Paragraph 635 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

636.    No response is necessary to Paragraph 636 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

637.    No response is necessary to Paragraph 637 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

638.    No response is necessary to Paragraph 638 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

639.    No response is necessary to Paragraph 639 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

640.    No response is necessary to Paragraph 640 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

641.    No response is necessary to Paragraph 641 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

642.     No response is necessary to Paragraph 642 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

643.     No response is necessary to Paragraph 643 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

644.     No response is necessary to Paragraph 644 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

645.     No response is necessary to Paragraph 645 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

646.     No response is necessary to Paragraph 646 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

647.    No response is necessary to Paragraph 647 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

648.    No response is necessary to Paragraph 648 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

649.    No response is necessary to Paragraph 649 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

650.    No response is necessary to Paragraph 650 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

651.    No response is necessary to Paragraph 651 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

652.    No response is necessary to Paragraph 652 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

653.    No response is necessary to Paragraph 653 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

654.    No response is necessary to Paragraph 654 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

655.    No response is necessary to Paragraph 655 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

656.    No response is necessary to Paragraph 656 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

657.    No response is necessary to Paragraph 657 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

658.    No response is necessary to Paragraph 658 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

659.    No response is necessary to Paragraph 659 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

660.    No response is necessary to Paragraph 660 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 660 and, on that basis, deny those allegations.

661.    No response is necessary to Paragraph 661 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661 and, on that basis, deny those allegations.

662.    No response is necessary to Paragraph 662 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662 and, on that basis, deny those allegations.

663.    No response is necessary to Paragraph 663 nor Footnotes 177-78 as they contain no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 663 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 663 and Footnotes 177-78 to Paragraph 663 speaks for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

664.    No response is necessary to Paragraph 664 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen

aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 664 and, on that basis, deny those allegations.

665.    No response is necessary to Paragraph 665 nor Footnotes 179-80 as they contain no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 665 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 665 and Footnotes 179-80 to Paragraph 665 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

666.    No response is necessary to Paragraph 666 nor Footnote 181 as they contain no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 666 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 666 and Footnote 181 to Paragraph 666 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

667.    No response is necessary to Paragraph 667 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667 and, on that basis, deny those allegations.

668.    No response is necessary to Paragraph 668 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen

aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 and, on that basis, deny those allegations.

669.    No response is necessary to Paragraph 669 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 669 and, on that basis, deny those allegations.

670.    No response is necessary to Paragraph 669 as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 669 and, on that basis, deny those allegations.

671.    The allegations contained in Paragraph 671 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 671's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States.  Except as specifically admitted, J&J and Janssen deny the allegations in Paragraph 671.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

672.    To the extent the references to "Defendants" in Paragraph 672 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 672's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 672 are so vague and ambiguous that they lack information

sufficient to form a belief as to the truth of the allegations in Paragraph 672 and, on that basis, deny those allegations.

673.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the reference to "Marketing Defendants" in the remaining allegations of Paragraph 673 pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.  To the extent the reference to "Marketing Defendants" in those allegations pertains to J&J or Janssen, J&J and Janssen admit that Janssen and its sales representatives lawfully promoted prescription opioid medicines in the United States, including through sales representatives.  With respect to the allegations in Paragraph 673 about Janssen's alleged payments to Summit prescribers, J&J and Janssen aver that Plaintiffs appear to be referring to unidentified documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.  The remaining allegations in Paragraph 673 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

674.    J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the references to "Defendants" and "Marketing Defendants" in Paragraph 674 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 674 and, on that basis, deny

197

those allegations.  To the extent Paragraph 674's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 674 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 674 and, on that basis, deny those allegations.  In particular, J&J and Janssen lack knowledge or information sufficient to form a belief as to the Summit County opioid prescription rate and the meaning of the term "succeeded." With respect to the allegations in Paragraph 674 about Nucynta ER being the "among the most prescribed opioids by spending" in the City of Akron, J&J and Janssen aver that Plaintiffs appear to be referring to unidentified documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.

675.    No response is necessary to Paragraph 675 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

676.    To the extent the references to "Marketing Defendants" in Paragraph 676 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 676's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen and its sales representatives lawfully promoted prescription opioid medicines in the United States, including through sales representatives.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 676 are so

198

vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen further aver that the statements by unidentified "Summit County doctors" speak for themselves and deny any characterization of the statements that is inconsistent with their meaning when they are considered in their entirety.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

677.    To the extent the allegations in Paragraph 677 pertain to parties other than J&J or Janssen or unidentified prescribers and patients, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent the allegations in Paragraph 677 pertain to J&J and Janssen, J&J and Janssen admit that Janssen provided or made available to prescribers certain materials discussing proper patient selection and monitoring, including but not limited to FDA-approved product labeling, the FDA-approved Risk Evaluation and Mitigation Strategy for extended-release long-acting opioids, the Pain Assessment and Documentation Tool, and other material available on the *Prescriberesponsibly.com* website.  Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 677 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

678.    To the extent the references to "Marketing Defendants" in Paragraph 678 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, deny the

allegations.  To the extent Paragraph 678's references to "Marketing Defendants" pertain to J&J

and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid

medicines in the United States.  Except as specifically admitted, J&J and Janssen aver that the

allegations in Paragraph 678 are so vague and ambiguous that J&J and Janssen lack knowledge

or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny

them.  J&J and Janssen further aver that the statements by unidentified "Summit County

prescribers" speak for themselves and deny any characterization of the statements that is

inconsistent with their meaning when they are considered in their entirety.  J&J and Janssen

specifically deny that they—either directly or through any third party—made any false or

misleading statements or in any way deceptively marketed opioids.

679.    No response is necessary to Paragraph 679 of the 2AC as it contains no

allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations.  J&J and Janssen further aver that the statements by unidentified "Summit County

doctors" speak for themselves and deny any characterization of the statements that is inconsistent

with their meaning when they are considered in their entirety.

680.    No response is necessary to Paragraph 680 of the 2AC as it contains no

allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations.

681.    No response is necessary to Paragraph 681 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  J&J and Janssen further aver that the statements by unidentified "law enforcement officials" speak for themselves and deny any characterization of the statements that is inconsistent with their meaning when they are considered in their entirety.

682.    No response is necessary to Paragraph 682 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

683.    No response is necessary to Paragraph 683 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

684.    Plaintiffs have agreed to strike portions of Paragraph 684 from the 2AC. Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph that have been stricken from the 2AC.  No response is necessary to the remaining portion of Paragraph 684 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny the allegations contained in Paragraph 684.

685.    No response is necessary to Paragraph 685 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations contained in Paragraph 685.

686.    The allegations contained in Paragraph 686 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 686 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

687.    Plaintiffs have agreed to strike portions of Paragraph 687 from the 2AC. Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph 687 that have been stricken from the 2AC.  No response is necessary to the remaining portion of Paragraph 687 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations contained in Paragraph 687.

688.    The allegations contained in Paragraph 688 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that

that the allegations in Paragraph 688 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 688 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

689.    No response is necessary to Paragraph 689 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 689 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 689 and, on that basis, deny those allegations.

690.    No response is necessary to Paragraph 690 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 690 and, on that basis, deny those allegations.

691.    No response is necessary to Paragraph 691 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 691 and, on that basis, deny those allegations.

692.    No response is necessary to Paragraph 692 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is

necessary, J&J and Janssen aver that the data in Footnotes 182-185 to Paragraph 692 speak for themselves and deny any characterization of those data that is inconsistent with their meaning when read in their entirety and in context.

693.    No response is necessary to Paragraph 693 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 693 and, on that basis, deny those allegations.

694.    No response is necessary to Paragraph 694 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 694 and, on that basis, deny those allegations.

695.    No response is necessary to Paragraph 695 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that the data in Footnotes 186-188 to Paragraph 695 speak for themselves and deny any characterization of that data that is inconsistent with their meaning when read in their entirety and in context.

696.    No response is necessary to Paragraph 696 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that the data in Footnotes 189-190 in Paragraph 696 speak for themselves and deny any characterization of those data that is inconsistent with their meaning when read in their entirety and in context.

697.    No response is necessary to Paragraph 697 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the data in Footnote 191 to Paragraph 692 speaks for itself

and deny any characterization of that data that is inconsistent with its meaning when read in its entirety and in context.

698.     No response is necessary to Paragraph 698 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 698 and, on that basis, deny the allegation.

699.     No response is necessary to Paragraph 699 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the data in Footnote 192 to Paragraph 699 speaks for itself and deny any characterization of that data that is inconsistent with its meaning when read in its entirety and in context.

700.     No response is necessary to Paragraph 700 of the 2AC as it contains no allegation against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the data in Footnotes 193-195 to Paragraph 700 speaks for itself and deny any characterization of that data that is inconsistent with their meaning when read in their entirety and in context.

701.     To the extent the reference to "Defendants" in Paragraph 701 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 701 and, on that basis, deny the allegation.  To the extent Paragraph 701's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 701 and, on that basis, deny the allegation.

702.    The allegations contained in Paragraph 702 and Footnote 196 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the references to "manufacturers" pertain to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States. Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 702 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 702 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

703.    Plaintiffs have agreed to strike the entirety of Paragraph 703 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 703 of the 2AC.

704.    Plaintiffs have agreed to strike the entirety of Paragraph 704 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 704 of the 2AC.

705.    Plaintiffs have agreed to strike portions of Paragraph 705 from the 2AC. Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph 705 that have been stricken from the 2AC.  Further, to the extent the reference to "Defendants" in Paragraph 705 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 705 and, on that basis, deny the allegations.  To the extent Paragraph 705's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 705 and, on that basis, deny those allegations.

706.    No response is necessary to Paragraph 706 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 197 to Paragraph 706 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

707.    To the extent the reference to "other drugs" in Paragraph 707 of the 2AC pertains to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 707 and, on that basis, deny the allegations.  To the extent Paragraph 707's reference to "other drugs" pertains to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 707 and, on that basis, deny those allegations.

708.    The allegations contained in Paragraph 708 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the references to "manufacturers" pertain to J&J and Janssen, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including to prescribers.  Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 708 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 708 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious

order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

709. To the extent the reference to "Defendants" in Paragraph 709 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 709 and, on that basis, deny the allegations. To the extent Paragraph 709's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 709 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 709 and, on that basis, deny those allegations.

710. To the extent the reference to "Defendants" in Paragraph 710 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 710 and, on that basis, deny the allegations. To the extent Paragraph 710's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 710 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 710 and, on that basis, deny those allegations.

711. Plaintiffs have agreed to strike the entirety of Paragraph 711 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 711 of the 2AC.

712. No response is necessary to Paragraph 712 of the 2AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that the statements in Footnotes 200-201 to Paragraph 712 speak for themselves and deny any characterization of the statements that is inconsistent with their meaning when read in their entirety and in context.

713. To the extent the reference to "Defendants" in Paragraph 713 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 713 and, on that basis, deny the allegations. To the extent Paragraph 713's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 713.

714. To the extent the references to "Defendants" and reference to "Marketing Defendants" in Paragraph 714 of the 2AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 714 and, on that basis, deny the allegations. To the extent Paragraph 714's references to "Defendants" and reference to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 714. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 714 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

715. No response is necessary to Paragraph 715 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 202 to Paragraph 715 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

716. No response is necessary to Paragraph 716 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is

necessary, J&J and Janssen aver that the allegations in Paragraph 716 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 716 and, on that basis, deny those allegations.

717.    No response is necessary to Paragraph 717 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 203 to Paragraph 717 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

718.    No response is necessary to Paragraph 718 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 718 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 718, on that basis, deny those allegations.  Further, J&J and Janssen aver that the graphic in Paragraph 718 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

719.    No response is necessary to Paragraph 719 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 204 to Paragraph 719 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  Further, to the extent Paragraph 719 references statements from the "Ohio medical examiner," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

720.    No response is necessary to Paragraph 720 of the 2AC as it contains no allegation against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegation in Paragraph 720 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation Paragraph 720 and, on that basis, deny the allegation.

721.    No response is necessary to Paragraph 721 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 721 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 721, on that basis, deny those allegations.  Further, J&J and Janssen aver that the graphic in Paragraph 721 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

722.    No response is necessary to Paragraph 722 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 722 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 722, on that basis, deny those allegations.

723.    No response is necessary to Paragraph 723 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 723 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 723, on that basis, deny those allegations.

724.     No response is necessary to Paragraph 724 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 724 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 724, on that basis, deny those allegations.  Further, J&J and Janssen aver that the graphic in Paragraph 724 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

725.     To the extent the reference to "opioids" in Paragraph 725 of the 2AC pertains to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 725 and, on that basis, deny the allegation.  To the extent Paragraph 725's reference to "opioids" pertains to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that the allegation in Paragraph 725 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 725 and, on that basis, deny the allegation.

726.     No response is necessary to Paragraph 726 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 726 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 726 and, on that basis, deny those allegations.

727.     No response is necessary to Paragraph 727 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 727 and, on that basis, deny those allegations.

728.    No response is necessary to Paragraph 728 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 728 and, on that basis, deny those allegations.  Further, J&J and Janssen aver that the graphic in Paragraph 728 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

729.    No response is necessary to Paragraph 729 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 729 and, on that basis, deny those allegations.

730.    To the extent the reference to "opioids" in Paragraph 730 of the 2AC pertains to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 730 and, on that basis, deny the allegations.  To the extent Paragraph 730's references to "opioids" pertain to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that the allegations in Paragraph 730 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 730 and, on that basis, deny those allegations.

731.    To the extent the references to "opioids" in Paragraph 731 of the 2AC pertain to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 731 and, on that basis, deny the allegations.  To the extent Paragraph 731's references to "opioids" pertain to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that the allegations in Paragraph 731 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 731 and, on that basis, deny those allegations.

732.    To the extent the references to "opioids" and "prescription painkillers" in Paragraph 732 of the 2AC pertain to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 732 and, on that basis, deny the allegations.  To the extent Paragraph 732's references to "opioids" and "prescription painkillers" pertain to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 732 and, on that basis, deny those allegations.

733.    No response is necessary to Paragraph 733 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 733 and, on that basis, deny those allegations.

734.    No response is necessary to Paragraph 734 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 734 and, on that basis, deny those allegations.

735.     To the extent the references to "opioids" in Paragraph 735 of the 2AC pertain to medications other than Duragesic, Nucynta, or Nucynta ER, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 735 and, on that basis, deny the allegations.  To the extent Paragraph 735's references to "opioids" pertain to Duragesic, Nucynta, or Nucynta ER, J&J and Janssen aver that the allegations in Paragraph 735 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 735 and, on that basis, deny those allegations.

736.     No response is necessary to Paragraph 736 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 205 to Paragraph 736 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

737.     No response is necessary to Paragraph 737 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 206 to Paragraph 737 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

738.     No response is necessary to Paragraph 738 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 738 and, on that basis, deny those allegations.

739.     No response is necessary to Paragraph 739 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 739 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 739 and, on that basis, deny those allegations.

740.     No response is necessary to Paragraph 740 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 740 and, on that basis, deny those allegations.

741.     No response is necessary to Paragraph 741 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 741 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 741 and, on that basis, deny those allegations.

742.     No response is necessary to Paragraph 742 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the document in Footnote 207 to Paragraph 742 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

743.     No response is necessary to Paragraph 743 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

216

belief as to the truth of the allegations in Paragraph 743 and, on that basis, deny those allegations.

744.    No response is necessary to Paragraph 744 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 744 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 744 and, on that basis, deny those allegations.

745.    No response is necessary to Paragraph 745 of the 2AC as it contains no allegations against J&J or Janssen, or any other Defendant.  To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 745 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 745 and, on that basis, deny those allegations.

746.    To the extent the reference to "Marketing Defendants" in Paragraph 746 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 746's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 746.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

747.    To the extent the references to "Marketing Defendants" in Paragraph 747 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 747's references to "Marketing Defendants" pertain to J&J

and Janssen, J&J and Janssen deny the allegations in Paragraph 747.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

748.    To the extent the reference to "Marketing Defendants" in Paragraph 748 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 748's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 748.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

749.    To the extent the reference to "Marketing Defendants" in Paragraph 749 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 749's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 749.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

750.    To the extent the reference to "Marketing Defendants" in Paragraph 750 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 750's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 750.  J&J and Janssen

specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

751.    To the extent the references to "Marketing Defendants" in Paragraph 751 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 751's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 751.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

752.    To the extent the reference to "Marketing Defendants" in Paragraph 752 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 752's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 752.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

753.    To the extent the references to "Marketing Defendants" in Paragraph 753 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 753's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 753.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

754. To the extent the reference to "Marketing Defendants" in Paragraph 754 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 754's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 754. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

755. To the extent the references to "Marketing Defendants" in Paragraph 755 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 755's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 755. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

756. To the extent the reference to "Marketing Defendants" in Paragraph 756 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 756's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 756 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 756, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

757.    To the extent the references to "Marketing Defendants" in Paragraph 757 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 757's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 757.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

758.    To the extent the reference to "Marketing Defendants" in Paragraph 758 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 758's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 758 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 758, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, to the extent Paragraph 758 references statements from the "one-paragraph 1980 letter," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

759.    The allegation contained in Paragraph 759 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 759 pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 759.

760.    To the extent the references to "Defendants" in Paragraph 760 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 760's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny every allegation in Paragraph 760.

761.    To the extent the references to "Defendants" and "Marketing Defendants" in Paragraph 761 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 761's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 761 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 761 and, on that basis, deny those allegations.

762.    To the extent the reference to "Defendants" in Paragraph 762 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 762's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  J&J and Janssen aver that the remaining allegations in Paragraph 762 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 762 and, on that basis, deny the allegations.

763.    To the extent the references to "Defendants" in Paragraph 763 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 763's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance.  J&J and Janssen aver that the remaining allegations in Paragraph 763 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 763 and, on that basis, deny those allegations.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 763 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

764.    To the extent the references to "Defendants" in Paragraph 764 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 764's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 764 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 764 and, on that basis, deny those allegations.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 764 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

765.    To the extent the reference to "Defendants" in Paragraph 765 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent

Paragraph 765's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 765 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 765, and on that basis, deny the allegation.  J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 765 of the 2AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

766.     The allegation contained in Paragraph 766 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent the reference to "Defendants" in Paragraph 766 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 766's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 766 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 766 and, on that basis, deny the allegation.

767.     The allegation contained in Paragraph 767 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 767 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 767 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 767 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or

through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

768.    The allegations contained in Paragraph 768 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 768 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 768 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 768 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

769.    The allegations contained in Paragraph 769 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 769 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 769 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 769 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

770.    The allegation contained in Paragraph 770 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 770 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 770 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 770 and, on

225

that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

771.    The allegations contained in Paragraph 771 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 771 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 771 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 771 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

772.    The allegations contained in Paragraph 772 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 772 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 772 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 772 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

773.    The allegation contained in Paragraph 773 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 773 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 773 is so vague and ambiguous that they lack knowledge or

information sufficient to form a belief as to the truth of the allegation in Paragraph 773 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

774.    The allegation contained in Paragraph 774 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 774 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 774 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 774 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

775.    The allegations contained in Paragraph 775 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations in Paragraph 775 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 775 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 775 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, to the extent Paragraph 775 references statements from the Court, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

776.     The allegation contained in Paragraph 776 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 776 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 776 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 776 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

777.     The allegation contained in Paragraph 777 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 777 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 777 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 777 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

778.     To the extent the references to "Defendants" and "Marketing Defendants" in Paragraph 778 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 778's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 779.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

779.     To the extent the references to "Defendants" in Paragraph 779 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 779's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 779.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

780.     To the extent the references to "Defendants" in Paragraph 780 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 780's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 780.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

781.     To the extent the references to "Defendants" in Paragraph 781 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 781's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 781.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

782.     To the extent the reference to "Marketing Defendants" in Paragraph 782 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegations.  To the extent Paragraph 782's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 782 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 782 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

783.    J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen trained its sales representatives and provided them with Janssen-approved materials.  Further, to the extent Paragraph 783 references statements from the February 15, 2000 and March 30, 2000 FDA letters, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 783 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

784.    J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen trained its sales representatives and provided them with Janssen-approved materials.  Further, to the extent Paragraph 784 references statements from the September 2, 2004 FDA letter, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 784 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

785.    J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen trained its sales representatives and provided them with Janssen-approved materials.  Further, to the extent Paragraph 785 references statements from the July 15, 2005 FDA public health advisory, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.  Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 785 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

786.    No response is necessary to Paragraph 786 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 786 and, on that basis, deny those allegations.

787.    No response is necessary to Paragraph 787 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 787 and, on that basis, deny the allegation.

788.    No response is necessary to Paragraph 788 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 788 and, on that basis, deny those allegations.

789.    No response is necessary to Paragraph 789 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 789 and, on that basis, deny those allegations.

790.    No response is necessary to Paragraph 790 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 790 and, on that basis, deny those allegations.

791.    No response is necessary to Paragraph 791 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 791 and, on that basis, deny those allegations.

792.    No response is necessary to Paragraph 792 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 792 and, on that basis, deny those allegations.

793.    To the extent the reference to "Defendants" in Paragraph 793 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 793's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 793.

232

794.    To the extent the reference to "Defendants" in Paragraph 794 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 794's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  Further, to the extent Paragraph 794 references statements from former DEA agent Joe Rannazzisi, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

795.    No response is necessary to Paragraph 795 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 795 and, on that basis, deny those allegations.  Further, to the extent Paragraph 795 references statements from "[a]nother DEA veteran," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

796.    To the extent the reference to "Defendants" in Paragraph 796 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 796's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.

797.     Plaintiffs have agreed to strike portions of Paragraph 797 from the 2AC.
Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph that
have been stricken from the 2AC.  No response is necessary to the remaining portions of
Paragraph 797 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a
response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to
form a belief as to the truth of the allegations in Paragraph 797 and, on that basis, deny those
allegations.

798.     No response is necessary to Paragraph 798 of the 2AC as it contains no
allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack
knowledge or information sufficient to form a belief as to the truth of the allegations in
Paragraph 798 and, on that basis, deny those allegations.

799.     No response is necessary to Paragraph 799 of the 2AC as it contains no
allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack
knowledge or information sufficient to form a belief as to the truth of the allegations in
Paragraph 799 and, on that basis, deny those allegations.  Further, to the extent Paragraph 799
references statements from McKesson's 2017 agreement with the DEA, J&J and Janssen aver
that those statements speak for themselves and deny any characterization of those statements that
is inconsistent with their meaning when read in their entirety and in context.

800.     No response is necessary to Paragraph 800 of the 2AC as it contains no
allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack
knowledge or information sufficient to form a belief as to the truth of the allegations in
Paragraph 800 and, on that basis, deny those allegations.  Further, to the extent Paragraph 800
references statements from "[a] DEA memo," J&J and Janssen aver that those statements speak

for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

801.    No response is necessary to Paragraph 801 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 801 and, on that basis, deny those allegations.  Further, J&J and Janssen aver that the document quoted in Paragraph 801 and referenced in Footnote 208 to Paragraph 801 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when read in its entirety and in context.

802.    No response is necessary to Paragraph 802 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 802 and, on that basis, deny those allegations.  Further, to the extent Paragraph 802 references statements from a McKesson internal audit, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

803.    No response is necessary to Paragraph 803 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 803 and, on that basis, deny those allegations.

804.    No response is necessary to Paragraph 804 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 804 and, on that basis, deny those allegations.  Further, to the extent Paragraph 804 references certain unidentified statements "reported in the Washington Post" from the "DEA investigators, agents, and supervisors," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

805.    Plaintiffs have agreed to strike the entirety of Paragraph 805 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 805 of the 2AC.

806.    Plaintiffs have agreed to strike the entirety of Paragraph 806 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 806 of the 2AC.

807.    Plaintiffs have agreed to strike the entirety of Paragraph 807 from the 2AC. Accordingly, J&J and Janssen do not provide any response to Paragraph 807 of the 2AC.

808.    No response is necessary to Paragraph 808 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 808 and, on that basis, deny those allegations.

809.    No response is necessary to Paragraph 809 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809 and, on that basis, deny those allegations.  Further, to the extent Paragraph 809 references unidentified statements from Purdue's former senior compliance officer reported in an "interview with the Los Angeles Times," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

810.    No response is necessary to Paragraph 810 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 810 and, on that basis, deny those allegations.  Further, to the extent Paragraph 810 references statements from a Purdue district manager, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

811.    No response is necessary to Paragraph 811 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 811 and, on that basis, deny the allegation.

812.    No response is necessary to Paragraph 812 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 812 and, on that basis, deny those allegations.

813.    To the extent the reference to "Marketing Defendants" and references to "Defendants" in Paragraph 813 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegations.  To the extent Paragraph 813's reference to "Marketing Defendants" and references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 813.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

814.     To the extent the reference to "RICO Marketing Defendants" in Paragraph 814 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 814 and Footnotes 209's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 814.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

815.     To the extent the references to "RICO Marketing Defendants" in Paragraph 815 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 815's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 815 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 815 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

816.     To the extent the references to "RICO Marketing Defendants" in Paragraph 816 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 816's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 816. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

238

817. To the extent the references to "RICO Marketing Defendants"" in Paragraph 817 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 817's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 817. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

818. To the extent the references to "RICO Marketing Defendants" in Paragraph 818 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 818's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 818 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 818 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

819. To the extent the references to "RICO Marketing Defendants" in Paragraph 819 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 819's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 819. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

820.    To the extent the references to "RICO Marketing Defendants" in Paragraph 820 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 820's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 820.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

821.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 821 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 821's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 821.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

822.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 822 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 822's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 822.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

823.    To the extent the reference to "Members of the Opioid Marketing Enterprise" in Paragraph 823 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack

knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 823's reference to "Members of the Opioid Marketing Enterprise" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 823 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 823 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, J&J and Janssen aver that the document referenced in Paragraph 823 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

824.    No response is necessary to Paragraph 824 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 824 and, on that basis, deny the allegation.

825.    No response is necessary to Paragraph 825 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 825 and, on that basis, deny the allegation.

826.    To the extent the references to "RICO Marketing Defendants" in Paragraph 826 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 826's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 826 is so vague and

241

ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 826 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

827.    No response is necessary to Paragraph 827 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 827 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

828.    The allegation contained in Paragraph 828 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent the reference to "RICO Marketing Defendants" in Paragraph 828 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 828's reference to "Opioid Marketing Enterprise" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 828 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 828 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

829.    To the extent the references to "RICO Marketing Defendants" in Paragraph 829 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 829's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 829.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

830.    To the extent the references to "RICO Marketing Defendants" in Paragraph 830 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 830's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 830 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 830 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

831.    To the extent the references to "RICO Marketing Defendants" in Paragraph 831 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 831's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 831 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 831 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

832. To the extent the reference to "RICO Marketing Defendants" in Paragraph 832 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 832's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 832 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 832 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further J&J and Janssen aver that the document in Footnote 210-11 to Paragraph 832 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

833. To the extent the references to "RICO Marketing Defendants" in Paragraph 833 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 833's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 833 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 833 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

834. The allegation contained in Paragraph 834 of the 2AC consists of argument and legal conclusions to which no response is required. To the extent the references to "RICO

Marketing Defendants" in Paragraph 834 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 834's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 834 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 834 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

835.    To the extent the references to "RICO Marketing Defendants" in Paragraph 835 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 835's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 835 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 835 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

836.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 836 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 836's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 836 is so vague and

245

ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 836 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

837.    To the extent the references to "RICO Marketing Defendants" in Paragraph 837 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 837's references to "RICO Marketing Defendants" Enterprise" pertain to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 837 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 836 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

838.    The allegation contained in Paragraph 838 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent the reference to "RICO Marketing Defendants" in Paragraph 838 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 838's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 838 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 838 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any

third party—made any false or misleading statements or in any way deceptively marketed opioids.

839.    To the extent the references to "RICO Marketing Defendants" in Paragraph 839 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 839's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 839.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

840.    The allegation contained in Paragraph 840 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent the reference to "RICO Marketing Defendants" in Paragraph 840 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 840's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 840 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 840 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

841.    The allegation contained in Paragraph 841 of the 2AC consists of argument and legal conclusions to which no response is required.  The allegation contained in Paragraph 841 of the 2AC consists of argument and legal conclusions to which no response is required.  To the

extent the references to "RICO Marketing Defendants" in Paragraph 841 of the 2AC pertain to

parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the

extent Paragraph 841's references to "RICO Marketing Defendants" and pertain to J&J and

Janssen, J&J and Janssen deny the allegations in Paragraph 841.  J&J and Janssen specifically

deny that they—either directly or through any third party—made any false or misleading

statements or in any way deceptively marketed opioids.

843.    The allegation contained in Paragraph 842 of the 2AC consists of argument and

legal conclusions to which no response is required.  To the extent the reference to "RICO

Marketing Defendants" in Paragraph 842 of the 2AC pertains to parties other than J&J or

Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth

of the allegation and, on that basis, deny the allegation.  To the extent Paragraph 842's reference

to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the

allegations in Paragraph 842.  J&J and Janssen specifically deny that they—either directly or

through any third party—made any false or misleading statements or in any way deceptively

marketed opioids.

843.    Plaintiffs have agreed to strike portions of Paragraph 843 from the 2AC.

Accordingly, J&J and Janssen do not provide any response to those portions of Paragraph 843

that have been stricken from the 2AC.  With respect to the remaining portions of Paragraph 843,

to the extent the references to "RICO Marketing Defendants" in Paragraph 843 of the 2AC

pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, deny the

allegations.  To the extent Paragraph 843's references to "RICO Marketing Defendants" and

pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 839. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

844. To the extent the reference to "RICO Marketing Defendants" in Paragraph 844 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 844's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 844 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 844 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

845. To the extent the references to "RICO Marketing Defendants" in Paragraph 845 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 845's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 845. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

846. The allegation contained in Paragraph 846 of the 2AC consists of argument and legal conclusions to which no response is required. To the extent the references to "RICO Marketing Defendants" Paragraph 844 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the

allegation and, on that basis, deny the allegation.  To the extent Paragraph 844's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 846.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

847.     To the extent the references to "RICO Marketing Defendants" in Paragraph 847 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 847's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 847 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 847 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

848.     To the extent the references to "RICO Marketing Defendants" in Paragraph 848 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 848's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 848.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

849.     To the extent the references to "Defendants" in Paragraph 849 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

250

form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 849's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 849.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, J&J and Janssen aver that the document in Footnote 212 to Paragraph 849 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when read in its entirety and in context.

850.    To the extent the reference to "Defendants" in Paragraph 850 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 850's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 850.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, to the extent Paragraph 850 reference provisions of the Controlled Substance Act, J&J and Janssen aver that those provisions speak for themselves and deny any characterization of those provisions that is inconsistent with their meaning when read in their entirety and in context.

851.    The allegation contained in Paragraph 851 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent the references to "Defendants" in Paragraph 851 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.  To the extent Paragraph 851's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 851 are so vague and

ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 851 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  J&J and Janssen aver that the document referenced in Paragraph 851 and Footnote 213 to Paragraph 851 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

852.    No response is necessary to Paragraph 852 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 852 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

853.    No response is necessary to Paragraph 853 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 853 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.  Further, to the extent Paragraph 853 references statements from the President and CEO of the HDA, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

854.     No response is necessary to Paragraph 854 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 854 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

855.     No response is necessary to Paragraph 855 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 855 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

856.     No response is necessary to Paragraph 856 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 856 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

857.     No response is necessary to Paragraph 857 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 857 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in

any way deceptively marketed opioids.  Further, J&J and Janssen aver that the documents in Footnote 214 to Paragraph 857 speaks for themselves and deny any characterization of the documents that is inconsistent with their meaning when read in their entirety and in context.

858.    The allegation contained in Paragraph 858 of the 2AC consists of argument and legal conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegation in Paragraph 858 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 858 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 858 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

859.    No response is necessary to Paragraph 859 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is required, and to the extent that the allegations in Paragraph 859 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 859 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 859 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

860.    No response is necessary to Paragraph 860 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent that a response is required, and to the extent that the allegation in Paragraph 860 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 860 is so vague and ambiguous that they lack knowledge or information

sufficient to form a belief as to the truth of the allegation in Paragraph 860 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

861.    The allegation contained in Paragraph 861 of the 2AC consists of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegation in Paragraph 861 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 861 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 861 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

862.    The allegation contained in Paragraph 862 of the 2AC consists of argument and legal conclusions to which no response is required. Further, no response is necessary to Paragraph 862 of the 2AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 862 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

863.    No response is necessary to Paragraph 863 of the 2AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 863 and, on that basis, deny those allegations. J&J and Janssen specifically deny that

they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

864.    No response is necessary to Paragraph 864 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 864 and, on that basis, deny those allegations.  Further, J&J and Janssen aver that the graphic in Paragraph 864 speaks for itself and deny any characterization of the graphic that is inconsistent with its meaning when read in its entirety and in context.

865.    No response is necessary to Paragraph 865 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 865 and, on that basis, deny the allegation.

866.    No response is necessary to Paragraph 866 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 866 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

867.    No response is necessary to Paragraph 867 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 867 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or

through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

868.    No response is necessary to Paragraph 868 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 868 and, on that basis, deny the allegation.

869.    No response is necessary to Paragraph 869 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 869 and, on that basis, deny the allegation.

870.    No response is necessary to Paragraph 870 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 870 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

871.    To the extent the references to "Defendants" in Paragraph 871 of the 2AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 871's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 871 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 871 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

872.    To the extent the reference to "Defendants" in Paragraph 872 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 872's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 872 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 872 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

873.    No response is necessary to Paragraph 873 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen aver that the allegation in Paragraph 873 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 873 and, on that basis, deny the allegation.

874.    To the extent the reference to "Defendants" in Paragraph 874 of the 2AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.  To the extent Paragraph 874's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 874 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that

they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

875.    No response is necessary to Paragraph 875 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 875 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

876.    No response is necessary to Paragraph 876 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 876 and, on that basis, deny those allegations.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

877.    The allegation contained in Paragraph 877 of the 2AC consists of argument and legal conclusions to which no response is required.  Further, no response is necessary to Paragraph 877 of the 2AC as it contains no allegation against J&J or Janssen.  To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 877 and, on that basis, deny the allegation.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

878.    With respect to the allegations contained in Paragraph 878 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 877 of this Answer with the same force and effect as though set forth in full here.

879.    The allegations in Paragraph 879 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 879's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 879.

880.    The allegations in Paragraph 880 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 880's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 880.

881.    The allegations in Paragraph 881 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 881's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 881.

882.    The allegations in Paragraph 882 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 882's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 882.

883.    The allegations in Paragraph 883 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 883's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 883.

884.    The allegations in Paragraph 884 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 884's references to "RICO Marketing Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 884 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

885.    The allegations in Paragraph 885 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 885's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 885.

886.    The allegations in Paragraph 886 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 886's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 886.

887.    The allegations in Paragraph 887 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 887's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 887.

888.    The allegations in Paragraph 888 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 888's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 888.

889.    The allegations in Paragraph 889 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 889's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 889.

890.    The allegations in Paragraph 890 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 890's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 890.

891.    The allegations in Paragraph 891 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 891's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 891.

892.    The allegations in Paragraph 892 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 892's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 892 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

893.    The allegations in Paragraph 893 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 893's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 893.

894.    The allegations in Paragraph 894 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 894's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 894.

895.    The allegations in Paragraph 895 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 895.

896.    The allegations in Paragraph 896 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 896's references to "RICO Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 896.

897.    The allegations in Paragraph 897 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 897's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 897.

898.    The allegations in Paragraph 898 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 898's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 898.

899.    No response is necessary to Paragraph 899 of the 2AC as it contains no allegations against J&J or Janssen.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 899.

900.    The allegations in Paragraph 900 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 900's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 900. J&J and Janssen aver that the document referenced in Paragraph 900 and Footnotes 215-16 to Paragraph 900 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

901.    The allegations in Paragraph 901 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 901's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 901. J&J and Janssen aver that the document referenced in Paragraph 901 and Footnote 217 to Paragraph 901 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

902.    The allegations in Paragraph 902 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 902's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 902.

903.    The allegations in Paragraph 903 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 903's references to "RICO Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 903.

904.    The allegations in Paragraph 904 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 904.

905.    The allegations in Paragraph 905 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 905.

906.    With respect to the allegations contained in Paragraph 906 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 905 of this Answer with the same force and effect as though set forth in full here.

907.    No response is necessary to Paragraph 907 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

908.    No response is necessary to Paragraph 908 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

909.    No response is necessary to Paragraph 909 nor Footnote 218 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 909 and Footnote 218 to Paragraph 909 speaks for itself and

deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

910.    No response is necessary to Paragraph 910 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

911.    No response is necessary to Paragraph 911 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

912.    No response is necessary to Paragraph 912 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

913.    No response is necessary to Paragraph 913 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

914.    No response is necessary to Paragraph 914 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

915.    No response is necessary to Paragraph 915 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

916.    No response is necessary to Paragraph 916 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

917.    No response is necessary to Paragraph 917 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

918.    No response is necessary to Paragraph 918 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

919.    No response is necessary to Paragraph 919 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

920.    No response is necessary to Paragraph 920 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

921.    No response is necessary to Paragraph 921 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

922.    No response is necessary to Paragraph 922 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

923.    No response is necessary to Paragraph 923 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

924.    No response is necessary to Paragraph 924 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

925.    No response is necessary to Paragraph 925 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

926.    No response is necessary to Paragraph 926 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

927.    No response is necessary to Paragraph 927 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

928.    No response is necessary to Paragraph 928 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

929.    No response is necessary to Paragraph 929 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

930.    No response is necessary to Paragraph 930 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

931.    No response is necessary to Paragraph 931 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

932.    No response is necessary to Paragraph 932 nor Footnotes 219-20 of the 2AC as they contain no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Paragraph 932 and Footnote 219-20 to Paragraph 932 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

933.    No response is necessary to Paragraph 933 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

934.    No response is necessary to Paragraph 934 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

935.    No response is necessary to Paragraph 935 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

936.    No response is necessary to Paragraph 936 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

937.    The allegations in Paragraph 937 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 937 and, on that basis, deny the allegations.

938.    The allegations in Paragraph 938 consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 938 and, on that basis, deny the allegations.

939.    With respect to the allegations contained in Paragraph 939 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 938 of this Answer with the same force and effect as though set forth in full here.

940.    The allegations in Paragraph 940 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 940's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 940.

941.    With respect to the allegations contained in Paragraph 941 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 878 through 905 of this Answer (i.e., those Paragraphs responding to Plaintiffs' First Claim for Relief in the 2AC) with the same force and effect as though set forth in full here.

942.    The allegations in Paragraph 942 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

271

extent Paragraph 942's references to "RICO Marketing Defendants" and "Opioid Marketing Enterprise" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 942.

943.    The allegations in Paragraph 943 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 943's references to "RICO Marketing Defendants" and "Opioid Marketing Enterprise" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 943.

944.    The allegations in Paragraph 944 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 944's references to "RICO Marketing Defendants" and "Opioid Marketing Enterprise" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 944.

945.    The allegations in Paragraph 945 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 945's references to "RICO Marketing Defendants" and "Opioid Marketing Enterprise" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 945.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

946.    The allegations in Paragraph 946 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 946's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 946 and specifically deny

that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

947.     The allegations in Paragraph 947 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 947's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 947.

948.     The allegations in Paragraph 948 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 948's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 948.

949.     The allegations in Paragraph 949 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 949 and, on that basis, deny the allegations.

950.     With respect to the allegations contained in Paragraph 950 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 949 of this Answer with the same force and effect as though set forth in full here.

951.     No response is necessary to Paragraph 951 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

952.    With respect to the allegations contained in Paragraph 952 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 951 of this Answer with the same force and effect as though set forth in full here.

953.    No response is necessary to Paragraph 953 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

954.    No response is necessary to Paragraph 954 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

955.    No response is necessary to Paragraph 955 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

956.    No response is necessary to Paragraph 956 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

957.    No response is necessary to Paragraph 957 nor Footnote 221 of the 2AC as they contain no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 957 and, on that basis, deny the allegations. J&J and Janssen aver that

the document referenced in Paragraph 957 and Footnote 221 to Paragraph 957 speak for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

958.    No response is necessary to Paragraph 958 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

959.    No response is necessary to Paragraph 959 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

960.    No response is necessary to Paragraph 960 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

961.    No response is necessary to Paragraph 961 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

962.    No response is necessary to Paragraph 962 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

963. No response is necessary to Paragraph 963 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

964. No response is necessary to Paragraph 964 of the 2AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

965. No response is necessary to Paragraph 965 nor Footnote 222 of the 2AC as they contain no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 965 and Footnote 222 to Paragraph 965 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

966. No response is necessary to Paragraph 966 nor Footnote 223 of the 2AC as they contain no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 966 and Footnote 223 to Paragraph 966 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

967.    No response is necessary to Paragraph 967 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

968.    No response is necessary to Paragraph 968 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

969.    With respect to the allegations contained in Paragraph 969 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 671 through 745 of this Answer (i.e., those Paragraphs responding to Section I.G of the 2AC) with the same force and effect as though set forth in full here.

970.    No response is necessary to Paragraph 970 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent a response is required, and to the extent Paragraph 970's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 970.

971.    No response is necessary to Paragraph 971 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

277

972.     No response is necessary to Paragraph 972 of the 2AC as it contains no allegations against J&J or Janssen.  J&J and Janssen do not respond to Plaintiffs' allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

973.     The allegations in Paragraph 973 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 973 and, on that basis, deny the allegations.

974.     With respect to the allegations contained in Paragraph 974 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 973 of this Answer with the same force and effect as though set forth in full here.

975.     The allegations in Paragraph 975 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 975 and, on that basis, deny the allegations.

976.     The allegations in Paragraph 976 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 976 and, on that basis, deny the allegations.

977.     The allegations in Paragraph 977 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 977 and, on that basis, deny the allegations.

978.     The allegations in Paragraph 978 of the 2AC consist of argument and legal conclusions to which no response is required.

979.     The allegations in Paragraph 979 of the 2AC consist of argument and legal conclusions to which no response is required.

980.     The allegations in Paragraph 980 of the 2AC consist of argument and legal conclusions to which no response is required.

981.     The allegations in Paragraph 981 of the 2AC consist of argument and legal conclusions to which no response is required.

982.     The allegations in Paragraph 982 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 982's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 982.

983.     The allegations in Paragraph 983 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 983's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 983.

984.     The allegations in Paragraph 984 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 984's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 984.

985.     The allegations in Paragraph 985 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 985's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 985.

986.    The allegations in Paragraph 986 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 986's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 986.

987.    The allegations in Paragraph 987 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 987's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 987.

988.    The allegations in Paragraph 988 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 988's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 988.

989.    The allegations in Paragraph 989 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 989's references to "Defendants" or "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 989.

990.    The allegation in Paragraph 990 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 990's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 990.

991.     The allegation in Paragraph 991 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 991's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegation contained in Paragraph 991.

992.     The allegations in Paragraph 992 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 992's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 992.

993.     The allegations in Paragraph 993 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 993 and, on that basis, deny the allegations.

994.     The allegations in Paragraph 994 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 994's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 994.

995.     No response is necessary to Paragraph 995 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 995 and, on that basis, deny the allegations.

996.     No response is necessary to Paragraph 996 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and

Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 996 and, on that basis, deny the allegations.

997.     With respect to the allegations contained in Paragraph 997 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 996 of this Answer with the same force and effect as though set forth in full here.

998.     The allegations in Paragraph 998 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 998's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 998.

999.     No response is necessary to Paragraph 999 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.

1000.   The allegations in Paragraph 1000 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1000's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1000.

1001.   The allegations in Paragraph 1001 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1001's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1001.

1002.   The allegations in Paragraph 1002 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1002's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1002.  J&J and Janssen specifically deny

that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1003.   The allegations in Paragraph 1003 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1003's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1003.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1004.   The allegations in Paragraph 1004 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1004's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1004.

1005.   The allegations in Paragraph 1005 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1005's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1005.

1006.   The allegations in Paragraph 1006 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1006.

1007.   The allegations in Paragraph 1007 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1007's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1007.

1008.   The allegations in Paragraph 1008 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1008's references to "Defendant" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1008.

1009.   The allegations in Paragraph 1009 of the 2AC consist of argument and legal conclusions to which no response is required.

1010.   The allegations in Paragraph 1010 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1010's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1010.

1011.   The allegations in Paragraph 1011 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1011's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1011.

1012.   The allegations in Paragraph 1012 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1012's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1012.

1013.   The allegations in Paragraph 1013 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1013's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1013.  J&J and Janssen specifically

deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1014.   The allegations in Paragraph 1014 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1014's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1014.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1015.   The allegations in Paragraph 1015 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1015's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1015.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1016.   The allegations in Paragraph 1016 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1016's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1016.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1017.   The allegations in Paragraph 1017 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1017's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1017.

1018.   The allegations in Paragraph 1018 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1018's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1018.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1019.   The allegations in Paragraph 1019 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1019's references to "Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1019.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1020.   The allegations in Paragraph 1020 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1020's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1020.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1021.   The allegations in Paragraph 1021 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1021's references to "Defendants" and "Marketing Defendants" pertain to J&J

and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1021.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1022.   The allegations in Paragraph 1022 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1022's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1022.

1023.   The allegations in Paragraph 1023 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1023's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1023.

1024.   The allegations in Paragraph 1024 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1024's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1024.

1025.   The allegations in Paragraph 1025 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1025's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1025.

1026.   The allegations in Paragraph 1026 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1026's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1026.

1027.   The allegations in Paragraph 1027 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1027's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1027.

1028.   The allegations in Paragraph 1028 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1028's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1028.

1029.   The allegations in Paragraph 1029 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1029 and, on that basis, deny the allegations.

1030.   The allegations in Paragraph 1030 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1030's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1030.

1031.   The allegations in Paragraph 1031 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1031.

1032.   The allegations in Paragraph 1032 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1032.

1033.   The allegations in Paragraph 1033 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1033's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1033.

1034.   The allegations in Paragraph 1034 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1034's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1034.

1035.   The allegations in Paragraph 1035 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1035's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1035.

1036.   The allegations in Paragraph 1036 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1036's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1036.

1037.   No response is necessary to Paragraph 1037 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1037 and, on that basis, deny the allegations.

1038.   No response is necessary to Paragraph 1038 of the 2AC as it contains no allegations against J&J, Janssen, or any Defendant.  To the extent a response is required, J&J and

Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1038 and, on that basis, deny the allegations.

1039.   With respect to the allegations contained in Paragraph 1039 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1038 of this Answer with the same force and effect as though set forth in full here.

1040.   The allegations in Paragraph 1040 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1040's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1040.

1041.   The allegations in Paragraph 1041 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1041's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1041.

1042.   The allegations in Paragraph 1042 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1042's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1042.

1043.   The allegations in Paragraph 1043 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1043's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1043.

1044.   The allegations in Paragraph 1044 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1044's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1044.

1045.   The allegations in Paragraph 1045 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1045's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1045.

1046.   The allegations in Paragraph 1046 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1046's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1046.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1047.   The allegations in Paragraph 1047 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1047's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1047.

1048.   The allegations in Paragraph 1048 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1048's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1048.

1049.   The allegations in Paragraph 1049 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1049's reference to "Defendants" pertains to J&J and/or Janssen, J&J and

Janssen deny the allegations contained in Paragraph 1049.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1050.   The allegations in Paragraph 1050 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1050's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1050.

1051.   The allegations in Paragraph 1051 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1051.

1052.   The allegations in Paragraph 1052 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1052's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1052.

1053.   The allegations in Paragraph 1053 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1053 references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1053.

1054.   The allegations in Paragraph 1054 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1054's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1054.  J&J and

Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1055.   The allegations in Paragraph 1055 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1055's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1055.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1056.   The allegations in Paragraph 1056 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1056's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1056.

1057.   The allegations in Paragraph 1057 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1057's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1057.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1058.   The allegations in Paragraph 1058 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1058's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1058.

1059.   The allegations in Paragraph 1059 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1059's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1059.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1060.   The allegations in Paragraph 1060 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1060's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1060.

1061.   The allegations in Paragraph 1061 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1061's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1061.

1062.   The allegations in Paragraph 1062 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1062's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1062.

1063.   The allegations in Paragraph 1063 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1063's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1063.

1064.   The allegations in Paragraph 1064 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1064's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1064.

1065.   The allegations in Paragraph 1065 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1065's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1065.

1066.   The allegations in Paragraph 1066 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1066's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1066.

1067.   The allegations in Paragraph 1067 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1067.

1068.   The allegations in Paragraph 1068 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1068.

1069.   The allegations in Paragraph 1069 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1069's reference to "Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1069.

1070.   The allegations in Paragraph 1070 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1070's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1070.

1071.   The allegations in Paragraph 1071 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1071's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1071.

1072.   With respect to the allegations contained in Paragraph 1072 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1071 of this Answer with the same force and effect as though set forth in full here.

1073.   The allegations in Paragraph 1073 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1073's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1073.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1074.   The allegations in Paragraph 1074 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1074 of the 2AC pertains to parties other than J&J and Janssen or drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1074 and, on that basis, deny those allegations.  To the extent Paragraph 1074's references to "Marketing

Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in

Paragraph 1074.  J&J and Janssen specifically deny that they—either directly or through any

third party—made any false or misleading statements or in any way deceptively marketed

opioids.

1075.  The allegations in Paragraph 1075 of the 2AC consist of argument and legal

conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1075 of the 2AC pertains to parties other than J&J and Janssen or drugs other

than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 1075 and, on

that basis, deny those allegations.  To the extent Paragraph 1075's references to "Marketing

Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the

allegations contained in Paragraph 1075.  J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way

deceptively marketed opioids.

1076.  The allegations in Paragraph 1076 of the 2AC consist of argument and legal

conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1076's references to "Marketing Defendants" pertain to J&J and/or Janssen,

J&J and Janssen deny the allegations contained in Paragraph 1076.  J&J and Janssen specifically

deny that they—either directly or through any third party—made any false or misleading

statements or in any way deceptively marketed opioids.

1077.  The allegations in Paragraph 1077 of the 2AC consist of argument and legal

conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1077's references to "Marketing Defendants" and "Defendants" pertain to J&J

and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1077. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1078. The allegations in Paragraph 1078 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1078's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1078. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1079. The allegations in Paragraph 1079 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1079's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1079. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1080. The allegations in Paragraph 1080 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1080's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1080. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1081. The allegations in Paragraph 1081 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1081's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1081.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1082.   The allegations in Paragraph 1082 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1082's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1082.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1083.   The allegations in Paragraph 1083 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1083's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1083.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1084.   The allegations in Paragraph 1084 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1084's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1084.

1085.   The allegations in Paragraph 1085 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1085's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1085.

1086.   The allegations in Paragraph 1086 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1086.

1087.   The allegations in Paragraph 1087 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1087's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1087.

1088.   The allegations in Paragraph 1088 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1088's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1088.

1089.   The allegations in Paragraph 1089 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1089 and, on that basis, deny the allegations.

1090.   With respect to the allegations contained in Paragraph 1090 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1089 of this Answer with the same force and effect as though set forth in full here.

1091.   The allegations in Paragraph 1091 of the 2AC consist of argument and legal conclusions to which no response is required.

1092.   The allegations in Paragraph 1092 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1092's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1092.

1093.   The allegations in Paragraph 1093 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1093's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1093.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1094.   The allegations in Paragraph 1094 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1094's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1094.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1095.   The allegations in Paragraph 1095 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1095's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1095.

1096.   The allegations in Paragraph 1096 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1096's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1096.

1097.   The allegations in Paragraph 1097 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1097's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1097.

1098.   The allegations in Paragraph 1098 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1098's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1098.

1099.   The allegations in Paragraph 1099 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1099's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1099.

1100.   The allegations in Paragraph 1100 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1100.

1101.   The allegations in Paragraph 1101 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1101's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1101.

1102.   The allegations in Paragraph 1102 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1102 of the 2AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1102 and, on that basis, deny those allegations.  To the extent Paragraph 1102's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1102.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1103.   The allegations in Paragraph 1103 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1103's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1103.

1104.   The allegations in Paragraph 1104 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1104's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1104.

1105.   The allegations in Paragraph 1105 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1105.

1106.   The allegations in Paragraph 1106 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1106's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1106.

1107.   The allegations in Paragraph 1107 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1107 and, on that basis, deny the allegations.

1108.   With respect to the allegations contained in Paragraph 1108 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1107 of this Answer with the same force and effect as though set forth in full here.

1109.   The allegations in Paragraph 1109 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1109's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1109.

1110.   The allegations in Paragraph 1110 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1110.

1111.   The allegations in Paragraph 1111 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1111's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1111.

1112.   The allegations in Paragraph 1112 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1112.

1113.   The allegations in Paragraph 1113 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1113's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1113.

1114. The allegations in Paragraph 1114 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1114's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1114.

1115. The allegations in Paragraph 1115 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1115's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1115.

1116. The allegations in Paragraph 1116 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1116's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1116. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1117. The allegations in Paragraph 1117 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1117's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1117.

1118. The allegations in Paragraph 1118 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1118's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1118.

1119.   The allegations in Paragraph 1119 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1119's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1119.

1120.   The allegations in Paragraph 1120 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1120.

1121.   The allegations in Paragraph 1121 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1121 and, on that basis, deny the allegations.

1122.   With respect to the allegations contained in Paragraph 1122 of the 2AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1121 of this Answer with the same force and effect as though set forth in full here.

1123.   The allegations in Paragraph 1123 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1123's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1123.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1124.   The allegations in Paragraph 1124 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1124's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1124.  J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1125.   The allegations in Paragraph 1125 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1125's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1125.

1126.   The allegations in Paragraph 1126 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1126's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1126.

1127.   The allegations in Paragraph 1127 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1127's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1127.

1128.   The allegations in Paragraph 1128 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1128's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1128.

1129.   The allegations in Paragraph 1129 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1129's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1129.

1130.   The allegations in Paragraph 1130 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1130's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1130.

1131.   The allegations in Paragraph 1131 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1131's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1131.

1132.   The allegations in Paragraph 1132 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1132's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1132.

1133.   The allegations in Paragraph 1133 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the extent Paragraph 1133's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1133.

1134.   The allegations in Paragraph 1134 of the 2AC consist of argument and legal conclusions to which no response is required.  To the extent a response is required, and to the

extent Paragraph 1134's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1134.

1135. The allegations in Paragraph 1135 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1135.

1136. The allegations in Paragraph 1136 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1136's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1136.

1137. The allegations in Paragraph 1137 of the 2AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1137.

## J&J AND JANSSEN'S AFFIRMATIVE DEFENSES

J&J and Janssen hereby assert the following separate and additional affirmative defenses to the allegations and claims in the 2AC. Without assuming any burden of proof that they would not otherwise bear, J&J and Janssen plead all of the following defenses in the alternative and none constitutes an admission that J&J and Janssen are in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. J&J and Janssen further incorporate by reference any defenses applicable to them that are asserted by any other Defendants in the above-captioned action as if fully set forth herein. J&J and Janssen have insufficient knowledge or information upon which to form a belief as to whether either or both of them have additional, as yet unstated, separate defenses available. Therefore, J&J and Janssen expressly reserve the right to assert additional separate defenses as this action proceeds and in the event that discovery indicates that such defenses

would be appropriate. Subject to these reservations, and as a defense to the 2AC and each and every allegation contained therein, J&J and Janssen state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' 2AC fails to state a claim upon which relief can be granted.  Among other deficiencies:

- Plaintiffs fail to plead any direct wrongdoing by J&J and Janssen.

- Plaintiffs fail to plead any alleged fraud by J&J and Janssen with the particularity required by Fed. R. Civ. P. 9(b).

- Plaintiffs do not distinguish J&J and Janssen from one another or from other Defendants, their drugs, their drugs' labels, their promotional techniques, and the time periods relevant to each Defendant, nor do they detail which Defendant allegedly did or said what, when, where, or to whom. *See, e.g.*, Compl. ¶¶ 10-24, 171-82, 233, 241-42, 252, 267-68, 281, 285-86, 294, 348-56, 361, 363-70, 376, 382, 396-403, 429-54, 465, 488, 491-520, 522-533, 539-60, 563-66, 570-71, 579-80, 594-606.

- Plaintiffs fail to adequately allege that they suffered any ascertainable loss, or a causal connection between any such loss and J&J's and Janssen's alleged misconduct.

- Plaintiffs' RICO claims fail because they lack standing to bring civil RICO claims against J&J and Janssen and because they failed to plead key elements of those RICO claims.

- Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to J&J or Janssen. For example, the alleged misrepresentations comported with FDA-approved uses, and J&J and Janssen widely disseminated the allegedly concealed risk information. *See City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 676 (6th Cir. 2005) ("It makes logical sense that a claim based on the alleged withholding from the public of information that contradicts information publicly stated is defeated by a demonstration that the allegedly withheld information was in fact disclosed

to the public."); *Standard Life & Acc. Ins. Co. v. Dewberry & Davis, LLC*, 210 F. App'x 330, 334-35 (4th Cir. 2006) (affirming dismissal since defendant disclosed information).

- Plaintiffs may not recover from J&J or Janssen because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the opioid medications Janssen sold complied with, and were in conformity with, all applicable governmental regulations and the generally recognized state of the art at the time those products were designed, manufactured, labeled and distributed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations and/or statutes of repose, including but not limited to, the four-year statute of limitations for civil RICO claims and fraud as well as the five-year statute of limitations for claims raised under the Ohio Corrupt Practices Act. *See, e.g.*, Civ. R. 8(C); *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987) (civil RICO); *Washburn v. Gvozdanovic*, 91 N.E. 164, 167 (Ohio Ct. App. 2017) (fraud); *State ex rel. Cty. of Cuyahoga v. Jones Lang LaSalle Great Lakes Co.,* No. 104157, 2017 WL 4177024, at *24 (Ohio Ct. App. Sep. 21, 2017) (Ohio Corrupt Practices Act). Further, Plaintiffs' claims are barred by the Ohio Statute of Repose which requires plaintiffs to file product liability claims within ten years of accrual of the claim. Ohio Rev. Code Ann. § 2305.10(C).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or this Court should defer this matter to FDA, in whole or in part, pursuant to the doctrine of primary jurisdiction. An agency has primary jurisdiction over issues that, via a regulatory scheme, have been placed in that agency's special competence such that there is a paramount need for specialized agency fact-finding expertise. Plaintiffs' claims are premised on the allegation that J&J and Janssen falsely represented that the prescription opioid medicines they promoted for long-term treatment of chronic non-cancer pain were safe and effective for that indication. Plaintiffs' allegations necessarily implicate medical and scientific issues that are outside the conventional experience of judges and particularly

311

within FDA's expertise, discretion, and regulatory authority. Also, because FDA is actively examining the issue of whether opioids are safe and effective for the long-term treatment of chronic, non-cancer pain, there is a danger of the Court issuing rulings on Plaintiffs' claims inconsistent with FDA's forthcoming findings.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by federal law. Plaintiffs' claims are premised on the allegation that J&J and Janssen falsely represented that the prescription opioid medicines they promoted for long-term treatment of chronic, non-cancer pain were safe and effective for that indication. But FDA has approved these products as safe and effective for that use and separately has rejected a citizen's petition to exclude long-term use for chronic, non-cancer pain from the labeling of such products. Further, federal law authorized J&J and Janssen to promote prescription opioid medicines for their FDA-approved indications. To the extent Plaintiffs' claims seek to hold J&J and Janssen liable for promoting prescription opioid medicines for their FDA-approved uses, the claims are preempted. Granting such relief would impede, impair, frustrate, or burden the effectiveness of federal law, including the Federal Food, Drug, and Cosmetic Act, and would violate the Supremacy Clause of the United States Constitution. Additionally, to the extent that Plaintiffs' claims are based on alleged misrepresentations made to FDA, or otherwise assert that incorrect, incomplete or inaccurate information was provided to FDA, the claims are preempted by federal law. *See, e.g.*, *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013); *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341 (2001); *Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281 (6th Cir. 2015); *Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are abrogated, in whole or in part, by the Ohio Products Liability Act ("OPLA"), Section 2307.71(B). Plaintiffs' claims derive from common law product liability claims or causes of actions, or allege that product design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale unreasonably interferes with a right

312

common to the general public.  The OPLA abrogates all such claims or causes of action. *See, e.g.*, Ohio Rev. Code Ann. § 2307.71(B); *Caterpillar Fins. Servs. Corp. v. Harold Tatman & Sons, Enters., Inc.*, 50 N.E.3d 955, 966 (Ohio Ct. App. 2015).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. Plaintiffs' claims are, according to the 2AC, based on conduct from as early as the 1990s. Plaintiffs knew or reasonably should have known of the facts underlying their claims years ago and failed to file suit for years thereafter. J&J and Janssen have been prejudiced by Plaintiffs' unreasonable delay. As a result, Plaintiffs' claims are barred by laches. *See, e.g.*, *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 656 N.E. 1277, 1279 (Ohio 1995).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of waiver. Plaintiffs' claims are, according to the 2AC, based on conduct from as early as the 1990s. Plaintiff knew or reasonably should have known of the facts underlying their claims years ago and failed to file suit for years thereafter. Plaintiffs voluntarily relinquished and/or abandoned these claims and are barred from asserting them here. Civ. R. 8(C).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief in the 2AC are barred, in whole or in part, based on principles of equity. Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to J&J's and Janssen's good faith reliance on and interpretation of clinical data and medical literature, the absence of any intentional unlawful conduct, the course of Plaintiffs' investigation and pursuit of these claims, and J&J and Janssen's good faith reliance on guidance for product communications published by FDA.

## NINTH AFFIRMATIVE DEFENSE

Any representations or statements alleged to have been made by J&J and Janssen were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable

belief as to their validity and accuracy and with a reasonable belief that all of J&J and Janssen's conduct was lawful. Facts showing J&J and Janssen's good faith, reasonable belief in the accuracy of their representations or statements include, but are not limited to, J&J's and Janssen's good faith reliance on and interpretation of clinical data, medical literature, and guidance for product communications published by FDA. J&J and Janssen's good faith and reasonable belief should be considered as a mitigating factor when assessing the amount of any civil penalties, in the event that any civil penalties are awarded.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering, in whole or in part, by the doctrine of unclean hands. Should discovery show that Plaintiffs and their agents acted inequitably in responding to their alleged harms, during the course of their investigation, or during this litigation, such conduct should be taken into account in assessing Plaintiffs' claims and whether, and to what extent, Plaintiffs are entitled to relief in this action. *See, e.g.*, *Wells Fargo Bank, N.A. v. Lee*, 20 N.E.3d 1236, 1249 (Ohio Ct. App. 2014).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of estoppel. Ohio institutions or agencies use and/or reimburse Janssen's opioids and are or should be aware of the risks of these opioid medications. Plaintiffs knew or should have known of the facts underlying their allegations here. As a result of these actions, and other actions, statements, and conduct, Plaintiffs have taken a position that is contrary to their position here, and should be equitably estopped from asserting their claims. Civ. R. 8(C).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine. The learned intermediary doctrine provides that, with respect to claims attacking the adequacy of prescription drug warnings, the duty to warn runs only from the manufacturer to prescribing physicians, because only physicians can recommend and prescribe the drug for patients. Under the doctrine, there is no liability for a failure to warn patients about potential risks or

complications, because the duty to warn does not run from a manufacturer of a prescription-only product to patients. A manufacturer fulfills its duty to warn when it provides an adequate warning to prescribing physicians, who then engage in informed consent discussions of risks and benefits with their patients. Here, J&J and Janssen provided extensive warnings to prescribing physicians regarding the risks and benefits of opioids. Those physicians, in turn, had a duty to then engage in informed consent discussions with their patients. *See, e.g.*, Ohio Rev. Code Ann. § 2307.76(C) ("An ethical drug is not defective due to inadequate warning or instruction if its manufacturer provides otherwise adequate warning and instruction to the physician or other legally authorized person who prescribes or dispenses that ethical drug for a claimant in question and if the federal food and drug administration has not provided that warning or instruction relative to that ethical drug is to be given directly to the ultimate user of it.").

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the sophisticated or knowledgeable user doctrine. Because of their training and experience, doctors who prescribe opioids know or reasonably should know of the potential risks. Under the sophisticated or knowledgeable user doctrine, J&J and Janssen have no duty to warn—and thus cannot be held liable for failing to warn—of risks and complications of which members of the relevant medical community knew or should have known.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by patients' informed consent. J&J and Janssen are entitled to rely on doctors to fulfill their duties to inform patients of the alleged risks of the medications at issue, and aver that patients who used the products were fully informed of the risks of using opioid medications.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against J&J and Janssen are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs or third parties of any Janssen opioid medications at issue.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more necessary and indispensable parties, including without limitation health care providers, prescribers, patients, manufacturers, distributors, pharmacies, payors, government entities and other third parties whom Plaintiffs allege engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products in Ohio. These third parties have a legal interest in the subject matter of the litigation to the extent they facilitated and/or participated in the opioid misuse, abuse, and related misconduct alleged in the 2AC. Plaintiffs have failed to name any such third parties as defendants, however, nor have Plaintiffs alleged how, if at all, it would be infeasible to join one or more indispensable but absent parties consistent with Civil Rule 19 or 19.1. Accordingly, Plaintiffs' claims should be dismissed pursuant to Civil Rule 12(H) and 19(A).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged loss, damage, injury, harm, expense, diminution, or deprivation, if any, was caused in whole or in part by Plaintiffs' ratification of J&J's and Janssen's allegedly deceptive or misleading conduct. Facts demonstrating such ratification include, but are not limited to, Plaintiffs or their institutions' and agencies' use and/or reimbursement of Janssen's opioids despite being aware of the risks of these opioid medications.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any imposition of liability, damages, penalties or other relief against J&J or Janssen for the negligent, intentional, malicious, criminal, and/or other acts or omissions of parties or third parties not subject to J&J's and Janssen's control or authority, including but not limited to health care providers, prescribers, patients, manufacturers, distributors, pharmacies, payors, government entities and other parties and third parties, would violate J&J and Janssen's procedural and substantive due process rights under the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 1, 2, 16, and 19 of the Ohio Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims relate to J&J and Janssen's advertising, public statements, lobbying, or other activities (including purported targeted marketing or targeting of vulnerable groups) protected by the First Amendment to the Constitution of the United States, Article I, Sections 3 and 11 of the Ohio Constitution or that of any other state whose laws may apply, which protect J&J's and Janssen's rights to freedom of speech, association, and petition, such claims are barred. J&J and Janssen's participation in public discussion of any risks regarding opioid medications constitutes non-commercial speech that is fully protected under the Constitution, and for which it may not be punished. J&J and Janssen's exercise of commercial speech through marketing, advertising, and sale of the products at issue in the State of Ohio is also constitutionally protected activity. J&J and Janssen's participation in or association with various scientific and health-related research programs constitutes an exercise of their constitutionally protected right of association. Finally, Plaintiffs' claims are barred by the First Amendment to the United States Constitution, Article I, Sections 3 and 11 of the Ohio Constitution, and the *Noerr-Pennington* doctrine to the extent they are premised on lobbying by J&J and Janssen, alleged statements or conduct by J&J and Janssen in any judicial, legislative, or administrative proceedings, of any kind or at any level of government. *See, e.g.*, *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137-38 (1961); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1183 (9th Cir. 2005).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims or, at a minimum, Plaintiffs' requests for relief are barred because J&J's and Janssen's alleged misrepresentations and prescription opioid medications were not the legal or proximate cause of the purported nuisance or the alleged injuries or damages incurred by Plaintiffs. Absent such causation, Plaintiffs' claims cannot be sustained as a matter of law under the laws and common law of Ohio and would also violate J&J and Janssen's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 16, and 19 of the Ohio Constitution. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *see also Paroline v. United States*, 134 S. Ct. 1710,

317

1725 (2014); Restatement (Second) of Torts § 430 (1965). The requisite causal connection is absent here because, in prescribing Janssen's prescription opioid medicines, healthcare professionals relied on a variety of materials, information, and factors separate from J&J's and Janssen's alleged misrepresentations, if they relied upon J&J's and Janssen's marketing at all. For example, health care professionals who prescribed Janssen's opioid products had access to many sources of information about those products, including the products' FDA-approved labeling, which informed physicians of the risks and benefits of these products. Many other independent and superseding causes and/or intervening events similarly broke any causal chain and/or alone caused the claimed nuisance, injuries, or damages, including, among others, individual patients' preferences, patients' decision to fill a prescription, patients' decision whether and how to use the medication, Plaintiffs' decisions whether and when to cover the drug for the particular indication and reimburse for the particular prescription, diversion of prescription opioids by independent third parties, and third-party criminal conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were the result of intervening or superseding events or conditions, including third-party conduct, which were not reasonably foreseeable and for which J&J and Janssen are not liable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against J&J and Janssen are barred or limited by the economic loss doctrine, municipal cost recovery rule, and free public services doctrine. Plaintiffs allege purely economic losses in the form of increased spending on opioid prescriptions allegedly resulting from J&J's and Janssen's challenged conduct. Plaintiffs nonetheless seek to recover these losses in tort. The economic loss rule bars any such recovery. Likewise, the municipal cost recovery rule bars Plaintiffs from recovering the costs of public expenditures made in performance of government functions, including for example, the costs of addressing criminal conduct or reimbursing opioid prescriptions. Plaintiffs' claims are thus barred to the extent they seek to

318

recover costs such as these. *See, e.g., Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 835 N.E. 2d 701, 704 (Ohio 2005) (economic loss rule).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiffs, J&J and Janssen are entitled to a credit or offset for any and all sums that Plaintiffs have received, or may hereafter receive, by way of any and all settlements arising from Plaintiffs' claims and cause of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs sustained any injuries or incurred any expenses as alleged in the 2AC, Plaintiffs and/or parties or entities other than J&J or Janssen, whether named or unnamed in Plaintiffs' 2AC, over whom J&J and Janssen have no supervision or control and for whose actions and omissions J&J and Janssen have no legal responsibility, are responsible for 51% or more of the relevant tortious conduct. As such, at most, J&J and Janssen may only be severally liable for Plaintiffs' economic and non-economic injuries or expenses. Ohio Rev. Code Ann. § 2307.22; 2307.23(C).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs sustained any injuries or incurred any expenses as alleged in the 2AC, such damages, if any, shall be diminished in the proportion to which culpable conduct attributable to Plaintiffs caused the damages. Ohio Rev. Code Ann. § 2315.33.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate any damages allegedly sustained due to any purported finding that there were funds disbursed or costs paid for opioids or injuries related to opioid medications that would not have allegedly otherwise occurred. Among other things, while aware of the risks of opioid medications, Plaintiffs failed to take adequate steps to monitor or limit any alleged wrongful opioid prescribing or use.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

319

To the extent Plaintiffs seek relief for J&J and Janssen's conduct that was not actionable at the time it occurred, Plaintiffs' claims are barred because they violate J&J and Janssen's procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 2, 16, and 19 of the Ohio Constitution and J&J and Janssen's right to be free from retroactive or ex post facto laws as guaranteed by Article I, Section 10 of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

J&J and Janssen's rights under the Due Process Clause of the United States Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by any use by Plaintiffs of a private contingency fee counsel in this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims as set forth in the 2AC are barred in whole or in part because the application of Ohio law to conduct in other states or countries would violate the Dormant Commerce Clause of the United States Constitution. Such laws, facially and as applied to the alleged conduct at issue, would impose a burden on interstate commerce that is clearly excessive in relation to the putative local benefits. *See, e.g.*, *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 615 (9th Cir. 2018).

## THIRTIETH AFFIRMATIVE DEFENSE

The imposition of civil monetary penalties in this action would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article 1, Section 9 of the Ohio Constitution. The civil penalties sought by Plaintiffs are grossly disproportional to the gravity of J&J and Janssen's purported conduct and thereby unconstitutional. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The imposition of civil monetary penalties or punitive damages in this action would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. Due process requires that J&J and Janssen have fair notice that specific conduct may subject them to substantial penalties of punitive damages awards. Given the malleable nature of Plaintiffs' claims, the scope of the allegations, and the indeterminate and ad hoc nature of some of their theories of liability, any award of civil penalties or punitive damages would violate due process. Moreover, to the extent liability is based on the supposed inapplicability of the learned intermediary doctrine, due process bars Plaintiffs' claims because J&J and Janssen are entitled to reasonable reliance on the law as it stands. Finally, any law, statute, or other legal authority purportedly permitting the recovery of punitive damages or civil penalties in this case is unconstitutional, facially or as applied, to the extent that it lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages and to the extent it lacks constitutionally sufficient standards for appellate review for any award of punitive damages or civil penalties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiffs, punitive damages are barred because J&J and Janssen complied with the Federal Food, Drug, and Cosmetic Act ("FDCA") and other relevant federal statutes in lawfully manufacturing and marketing opioids. *See* Ohio Rev. Code Ann. § 2307.80(C)(1).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiffs, any punitive damages award must be reduced to reflect any punitive damages awards in other cases involving the same acts or course of conduct. Ohio Rev. Code Ann. § 2315.21(D)(5)(a).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiffs, any punitive damages award may not exceed twice the amount of the compensatory damages the Court awards Plaintiffs from J&J or Janssen. *See, e.g.*, Ohio Rev. Code Ann. § 2315.21(D)(2)(a).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the 2AC are barred and/or reduced under the doctrines of assumption of risk, contributory or comparative negligence, contributory or comparative fault, proportionate responsibility, and coming to the nuisance.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify or otherwise reimburse Plaintiffs from a collateral source for any part of any economic loss, or by any portion of the asserted damages that were in fact borne by third parties. Ohio Rev. Code. Ann. § 2315.20

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

J&J and Janssen's liability, if any, will not result from their conduct but is solely the result of an obligation imposed by law, and thus J&J and Janssen are entitled to complete indemnity, express or implied, by other parties.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a state county or municipality.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of standing; Plaintiffs have no *parens patriae* or other authority to bring the claims alleged.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are too speculative and remote to serve as a legal basis for any recovery.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from any recovery of attorney's fees under any applicable provisions of law, including but not limited to Section 54(E) of the Ohio Rules of Civil Procedure.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to comply with the requirement that it identify each patient in whose claim(s) Plaintiffs have a subrogation interest.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the constitutional principles of separation of powers, including but not limited to the statewide concern doctrine.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The legal rules underlying Plaintiffs' claims, including but not limited to the Ohio public nuisance standard and the Racketeering Influenced and Corrupt Organizations Act, are unconstitutionally vague. *See, e.g.*, *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any claim that J&J and Janssen failed to sufficiently warn consumers of risks associated with the products at issue is barred on the grounds that such a risk was well-known and readily apparent to prescribing physicians. *See, e.g.*, Ohio Rev. Code. Ann. § 2307.76(B); Restatement (Second) of Torts § 402A, Comment j.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because J&J and Janssen used standards, methods, and techniques that conformed to the generally recognized state of the art at the time the products at issue were designed, manufactured, labeled, and distributed.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim are barred, in whole or in part, by the unavoidable risk rule of Restatement (Second) of Torts § 402A, Comment k.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of derivative injury.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' public nuisance claims are barred because the alleged public nuisances have impermissibly extraterritorial reach.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' misrepresentation claims are barred, in whole or in part, because J&J and Janssen cannot be held liable for opinion statements.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages are subject to applicable statutory and common law limitations. *See, e.g.*, Ohio Rev. Code Ann. § 2307.18(B).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

J&J and Janssen have insufficient knowledge or information upon which to form a belief as to whether either or both of them have additional, as yet unstated, separate defenses available. Therefore, J&J and Janssen expressly reserve the right to assert additional separate defenses in the event that discovery indicate that such defenses would be appropriate.

### <u>DEMAND FOR JURY TRIAL</u>

J&J and Janssen hereby demand a trial by jury of all issues so triable.

Dated: January 15, 2019

Respectfully submitted,

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

324

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, a copy of the foregoing **JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICALS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT AND JURY DEMAND** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dated: January 15, 2019

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*