# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: | MDL 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster <br><br> **OPINION AND ORDER** |

Before the Court is Plaintiffs' Motion for Approval of a Short Form Complaint and Incorporation of Sealed Materials by Reference. **Doc. #: 1142**. After reviewing Plaintiffs' Motion and Supplement, Doc. #: 1230, Defendants' Opposition Brief, Doc. #: 1231, and Plaintiffs' Reply, Doc. #: 1245, the Court hereby GRANTS Plaintiffs' Motion.[1]

First, Defendants dispute that plaintiffs can use the short-form complaint procedure to amend their complaints beyond the addition or removal of defendants based on a review of the ARCOS data. In its July 13, 2018 Order Re: Plaintiffs' Motion for Modification of CMO-1, the Court characterized Plaintiffs' requested modification as asking the Court "to stay the May 25, 2018 deadline to file amended pleadings without leave of court." Doc. #: 739 at 2. The Court concluded that "Plaintiffs are entitled to additional time to file amended complaints after reviewing and analyzing the ARCOS data." *Id.* at 3. Defendants contend that the Court's July 13, 2018 order

---

[1] The Court received a final draft version of the proposed Short Form Amendment Procedure and the proposed Short Form on January 17, 2019. The Court carefully compared the January 17 version with the proposed and redlined versions attached to Plaintiffs' Supplement and Defendants' Opposition Brief. The final Procedure and Short Form included in this Order represent the closest agreement between the parties that also complies with the Court's opinion regarding Defendants' objections which are discussed below. The Court also made some formatting changes to ensure readability of the Procedure and Short Form upon incorporation into this Order.

extending the deadline to file amended pleadings should be read as applying only to the addition or removal of defendants based on Plaintiffs' analysis of the ARCOS data and should "not otherwise extend the time within which Plaintiffs [are] permitted to amend as of right." Doc. #: 1231 at 4. The Court did not intend for its order to be read so narrowly. In its subsequent modification order further extending the deadline, the Court stated that after analysis of the ARCOS data is complete and the PEC has filed its ARCOS data report ("Report") "Plaintiffs in MDL Cases may then use [the report] to amend their complaints." Doc. #: 1106. Of course, stating that MDL plaintiffs *may* use the report to amend their complaints should not and does not imply that they *must* use the report, or that they may use *only* the ARCOS data to amend their pleadings. Therefore, the Court hereby clarifies that MDL plaintiffs in cases other than those mentioned in paragraphs 2 or 3 of CMO-1 (hereinafter, the "Non-Track One and Motion Plaintiffs") have been granted an extension until March 16, 2019 to amend their pleadings as of right for matters both relying on and beyond the ARCOS data.

Defendants also raise a concern that Plaintiffs' Short-Form Complaint does not meet their burden under the Federal Rules to plead allegations of fraud with particularity with respect to each amending plaintiff. The Court's review of the incorporated sections of the Summit County Second Amended Complaint convince the Court that to the extent those sections incorporate any allegations of fraud they apply with sufficient particularity to all plaintiffs and are sufficient to put any named defendant on notice of the alleged fraudulent behavior.

Finally, Defendants' assert that Plaintiffs should be required to disclose the ARCOS data on which their decision to add new defendants is based. Doc. #:1231 at 10. The Court concludes that this disclosure requirement is unnecessary because the Defendants already have the ARCOS data and it raises significant issues with the Court's ARCOS Protective Order.

2

The goal of the Short-Form Complaint is to streamline the amendment process, reduce the burden on the parties and the Court, and increase judicial efficiency. Because it only applies to Non-Track One and Motion Plaintiffs, none of the cases that will utilize the Short-Form Complaint are currently set for trial. Should any of those cases subsequently be set for trial, purported deficiencies with the complaints can be addressed at that time by subsequent Court order.

**ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

1. This Court's July 13, 2018, Order provided for plaintiffs not designated in paragraphs 2 or 3 of CMO-1 (hereinafter, the "Non-Track One and Motion Plaintiffs") to review the relevant ARCOS data for their county in order to amend their complaints to add or dismiss defendants within the designated timeframe. Doc. #: 739. Because the ARCOS data has been deemed confidential, amendments that contain or describe such data would likely result in hundreds of filings under seal. To avoid wasting resources unnecessarily, the Court hereby adopts the following Short-Form Amendment procedure, thereby obviating the need for filing such amendments under seal.

2. This procedure will enable plaintiffs with MDL cases, other than those identified in paragraphs 2 and 3 of CMO 1, if they choose to: 1) add or dismiss, without prejudice, defendants based on plaintiffs' review of the ARCOS data but without specific reference to the confidential material and if such dismissals are consistent with the provisions concerning Voluntary Dismissals in CMO-1, Section 6(e); and 2) incorporate by reference the common factual allegations and RICO claims set forth in the pleadings in *County of Summit, Ohio* case, number 1:18-op-45090, both as pleaded in the Corrected Second Amended Complaint, *see* doc. ##: 513, 514, and as may be

amended in the future ("*Summit County* pleadings") pursuant to Court order, such that no confidential material will be contained in the Short Form filing.

3. Each plaintiff electing to amend its complaint may use this Short Form that identifies the existing defendants sued by the plaintiff(s) and states that counsel has selected any newly named defendants based on plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Furthermore, the Short Form shall either (i) state that the newly added defendants appear in the ARCOS data reviewed or (ii) contain factual allegations sufficient to state a claim against any newly named defendant that does not appear in the ARCOS data. The Short Form may also incorporate by reference the common facts and/or RICO claims alleged in the *Summit County* pleadings and/or incorporate by reference the pleadings in the plaintiff(s)'s existing complaint on file at the time that said plaintiff files the Short Form. The Short Form shall be deemed to supplement rather than supersede the plaintiff(s)'s prior pleadings except as specified herein. In the Short Form, plaintiff(s) may state that their existing complaint and the *Summit County* pleadings are incorporated by reference and that statement will be effective as if those allegations, including material under seal, were fully set forth therein.

4. The Court approves of the Short Form attached as Exhibit "A" hereto for these purposes.

5. The Short Form does not purport to outline all of the causes of action that may be asserted and operates only as a supplement to the previously-filed complaints. The Short Form may not be used as the initial complaint in newly filed cases.

6. The Short Form does not displace or supersede the prior pleadings *except* to the extent that: 1) the set of defendants named by plaintiff is altered by the filing of a Short Form; and 2) if the existing complaint contained RICO claims, any RICO claims added through the Short

Form will supersede those previously asserted. Where a plaintiff has named a defendant in an existing complaint, and thereafter files a Short Form that does not identify said defendant, that defendant is deemed to be dismissed without prejudice in that plaintiff's case. Where plaintiff(s) identify a defendant for the first time in the Short Form pursuant to the procedure set forth above, Plaintiff(s) must include the necessary jurisdictional allegations where indicated in the Short Form.

7. If a plaintiff elects to amend its previously filed complaint by use of the Short Form, then the plaintiff shall have the option of filing this form as an "amended complaint" via the Court's CM/ECF system, in the individual docket established for the case. In such cases, plaintiff(s) shall not pay any additional court fees, having paid the filing fee on submission of the original complaint.

8. On December 12, 2018, the Court ordered that by January 15, 2018, Defendants file answers to Plaintiffs' Second Amended Complaint in the *Summit County* action. Doc. ##: 514, 1203. Absent further court order, the stay currently in place as to all responsive pleading requirements and deadlines in the non-Track One and Motion cases shall continue to apply and Defendants are not obligated to answer or file individual motions to dismiss as to any complaints amended by plaintiffs via Short Forms. Defendants' deadline to file counterclaims, cross-claims, and/or third-party complaints, pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, in connection with any particular individual action amended via a Short Form is also continued to be stayed pending further court order.

Nothing in this Order or the Short Form amendment process adopted herein shall relieve any plaintiff of its obligations under the Federal Rules of Civil Procedure, including Rule 9(b), to sufficiently and adequately plead allegations as to all named defendants. Neither this Order or the Short Form is intended to and shall not waive any applicable defenses available to any Defendant,

including any objections to service, jurisdiction or venue, and any defenses to any state law claims not otherwise set forth in plaintiffs' long form or Short Form complaints, and Defendants may respond to any such individual complaint, including Short Forms, by way of motions permissible under the Federal Rules of Civil Procedure pursuant to a subsequent scheduling order of the Court.

**IT IS SO ORDERED.**

                                             **/s/ Dan Aaron Polster** *January 18, 2019*
                                             **DAN AARON POLSTER**
                                             **UNITED STATES DISTRICT JUDGE**