# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL 2804** |
| | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | **Judge Dan Aaron Polster** |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | **ORDER RE: DISTRIBUTORS' MOTION TO CERTIFY ORDER UNDER 28 U.S.C. §1292(b)** |

Before the Court is Distributor Defendants' Motion to Certify Order Under 28 U.S.C. § 1292(b) For Interlocutory Appeal. **Doc. #: 1280**. For the reasons to follow, Distributors' Motion is **DENIED**.

On December 19, 2018, the Court issued an Opinion and Order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation regarding Defendants' Motions to Dismiss in the above captioned case. Doc. #: 1203. Distributor Defendants have moved the Court to certify that Opinion and Order for interlocutory appeal under 28 U.S.C. § 1292(b) asserting that immediate appeal would "materially advance the ultimate termination of the litigation," "advance the Court's stated goal of achieving a global resolution," and "save judicial resources and litigation expense." Doc. #: 1280-1 at 1-2 (quoting 28 U.S.C. § 1292(b)).

Under 28 U.S.C. § 1292(b), a District Court may, at its discretion, certify an order for interlocutory appeal if in the Court's opinion the order "[1.] involves a controlling question of law [2.] as to which there is substantial ground for difference of opinion and [3.] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The operative requirement in this instance is whether, in this Court's opinion, such an immediate appeal may materially advance the ultimate termination of the litigation.

Distributors assert that the possibility of liability under RICO for treble damages and attorneys' fees incentivizes Plaintiffs to take their chances at trial and Defendants to "fight that claim through summary judgment, trial, and, if necessary, an appeal," therefore, making settlement much more difficult. Doc. #: 1280-1 at 4. The Court disagrees. The Court has stated on multiple occasions that it was not convinced of the value of a trial in reaching a global resolution. *See, e.g.,* Doc. ##: 10 at 42; 71 at 4. Despite the Court's misgivings, the parties (including Distributors) insisted that a trial track would be valuable for resolving legal issues and for settlement. *See, id.* It seems incongruous now that Distributors think going forward with trial will hamper settlement.

Further, 28 U.S.C. § 1292(b) provides that "application for an appeal hereunder shall not stay proceedings in the district court." 28 U.S.C. § 1292(b). The Court believes that adding the additional burden of briefing and arguing an appeal of the Court's December 19th Order while the parties are already significantly burdened with the current trial schedule is more likely to increase burden that to relieve it. At this point, the best way to advance the process is to determine what, if any, evidence Plaintiffs can develop in discovery to support the theories of liability they have alleged.

Accordingly, Distributor Defendants' Motion to Certify Order Under 28 U.S.C. § 1292(b) For Interlocutory Appeal, **Doc. #: 1280**, is **DENIED**.

**IT IS SO ORDERED.**

    */s/ Dan Aaron Polster  January 18, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**