EXHIBIT C



Health and Human Services

30 E. Broad Street, 26th Floor
Columbus, OH 43215
www.OhioAttorneyGeneral.gov

September 5, 2018

Mr. Tariq M. Naeem
Tucker, Ellis LLP
950 Main Street, Suite 1100
Cleveland, OH  44113-7213
*Via email*

> **RE:** ***In re: National Prescription Opiate Litigation*, Case No. 1:17-md-02804
> Subpoena Duces Tecum to Ohio Department of Health**

Dear Mr. Naeem,

The Ohio Attorney General's Office, on behalf of the Ohio Department of Health ("ODH"), has received your August 6, 2018 Subpoena requests for records in the above-captioned case.  Pursuant to Fed. Rule of Civil Proc. 45(d)(2)(B), ODH objects to the Subpoena. Notwithstanding this objection, ODH intends to cooperate with the Track I Defendants in producing responsive documents, but makes the following general objections to the Subpoena.

ODH reserves the right to supplement, amend, or assert additional objections and/or production stipulations as its review of these requests and responsive documents continues, including specific objections to each category of records sought.

ODH objects to the Subpoena on the following general grounds.

**General Objections**

**ODH objects to the Subpoena, including but not limited to Attachment A to the Subpoena and all requests for documents and Definitions, as follows:**

1. ODH objects to the Subpoena because it is overly broad, ambiguous, vague and/or oppressive and responding to it would be unduly burdensome upon ODH.  Moreover, the Subpoena seeks documents that are not relevant to any party's claim or defense and the scope of the documents requested are not proportional to the needs of the case.  The Subpoena requests 34 specific categories of documents plus additional implicit or explicit subcategories.  The Subpoena's requests are not narrowly tailored and would require ODH to search through hundreds of thousands of records for responsive documents.  As a result, compliance with the Subpoena and production of responsive documents would require ODH to divert an enormous amount of resources toward this task.  Even limiting the scope of the request by users likely to have responsive information and/or by a group of key words likely to appear in responsive information would generate voluminous and duplicative results that would require resources

ODH does not have to review each for responsiveness and information that is confidential, privileged or other/protected from disclosure. Consequentially, redaction of such material would be an additional time-consuming and overly burdensome task requiring resources ODH does not presently have.

2. ODH objects to the Subpoena to the extent that it requests production of documents, data or other information that is/are protected from disclosure by law or by application of privilege, including specifically any documents or other information protected from disclosure by the attorney-client, deliberative process, consulting expert, or investigative privileges, by any common interest or joint defense agreement, by the work product doctrine, by Ohio's trade secret statute, or by any other applicable privilege or protection.

3. ODH objects to the Subpoena to the extent that the documents, data or other information sought are neither relevant to the issues in this above-referenced case nor reasonably calculated to lead to the discovery of admissible evidence.

4. ODH objects to the Subpoena to the extent that the documents, data or other information sought are a matter of public record, are equally available to the Track I Defendants.

5. ODH objects to the Subpoena to the extent that it purports to require ODH to create documents or reports or produce documents, data or other information in a format other than the format in which they are maintained in the ordinary course of business. ODH will search for and will produce documents or other responsive materials to the extent that they exist in the format and database in which they are regularly maintained.

6. ODH objects to the Subpoena to the extent that it requests the production of documents or information not within ODH's possession, custody or control or are in the possession, custody or control of third parties.

7. Given the scope of documents requested in the Subpoena, the time provided for production of responsive documents is unreasonable and would cause undue burden to ODH. ODH is not a party to this action, and has a regular and large regulatory responsibility. It is unreasonable to expect ODH to divert its limited resources for the identification, retrieval, and redaction of documents or data in a case to which ODH is not a party.

8. The time period for the requests exceed ODH's record retention period for some or all of the requested documents.

9. ODH's review of information and documents is continuing. ODH's objections as set forth here are based upon information and documents now known to ODH and its attorneys, and are made without prejudice to or waiver of ODH's right to assert additional objections should ODH discover additional grounds for objections.

As discussed above, ODH intends to provide what is reasonably available and subject to disclosure. As we discussed, ODH is presently collecting responsive materials. ODH anticipates making its first disclosure of materials on or before September 15th. After that, ODH will provide responsive documents on a rolling basis.

Sincerely,

/s/ *Henry G. Appel*
Henry G. Appel
Principal Assistant Attorney General
Counsel to the State Medical Board of Ohio