# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| **THIS DOCUMENT RELATES TO:** | ) ) Judge Dan Aaron Polster |
| *All Cases* | ) ) **ORDER** |

Before the Court is McKesson's Motion to Compel Production of the Ohio Automated Rx Reporting System Database. **Doc. #: 1221**. The Court has reviewed McKesson's Motion, non-party State of Ohio Board of Pharmacy's ("OBOP") Opposition Brief, Doc. #: 1243, and McKesson's Reply. Doc. #: 1284. Additionally, certain Manufacturer Defendants have joined McKesson's Motion. Doc. #: 1286. For the reasons to follow, McKesson's Motion to Compel is **DENIED**.

"The Ohio Automated Rx Reporting System (OARRS) is a tool to track the dispensing and personal furnishing of controlled prescription drugs to patients." https://www.ohiopmp.gov/. The OARRS database contains the private health information of millions of Ohioans; appropriately, OBOP tightly controls database access. *See* Doc. #: 1243 at 8-9. Yet McKesson seeks production of the entire OARRS database, apparently without placing or attempting to place any geographic or temporal limitations on their request.

McKesson spends significant time analogizing the OARRS database with the ARCOS database, production of which the Court did order.[1] There are important differences, however, between the data contained in the OARRS and ARCOS databases. For example, ARCOS data

---

[1] The Court ordered production of the ARCOS database only after extensive negotiations between the parties and the DEA over the scope of the production and protection of the data. See Doc. ##: 167, 233, 800.

consists of business information that is confidential primarily due to law enforcement and competition concerns. It is true that both datasets contain sensitive information, and some of the reasons to protect this information overlap, but there are also significant and meaningful differences that the Court believes are not adequately appreciated by the scope of McKesson's request. Even with a protective order in place, the breadth and width of invasion of privacy interests implicated by McKesson's demand far exceed analogous concerns associated with the ARCOS database.

Some access to the information contained in the OARRS database may be important for a full and complete understanding of the contours of liability in this litigation. But the scope of production must be tailored to account for the type of data in the OARRS database and the specific needs of this litigation. Considering the privacy concerns raised by OBOP, McKesson's Motion and Reply have not convinced the Court that McKesson has made enough of an effort to limit the information to be produced and how that information will be protected. At the very least, McKesson's request must be tailored to include geographic and temporal restrictions. Non-production or redaction of certain data-fields might be appropriate as well.

Accordingly, McKesson's Motion to Compel Production of the OARRS Database is **DENIED**. McKesson and OBOP are directed to continue negotiating to appropriately limit the scope of the data produced by OBOP.

    **IT IS SO ORDERED.**

    /s/ **Dan Aaron Polster** *January 22, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**