# EXHIBIT 3

**Baker&Hostetler LLP**

Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214

T  216.621.0200
F  216.696.0740
www.bakerlaw.com

Carole S. Rendon
direct dial: 216.861.7420
crendon@bakerlaw.com

August 13, 2018

**VIA E-MAIL**
**HUNTER@NAPOLILAW.COM**
**SBADALA@NAPOLILAW.COM**

Hunter J. Shkolnik
Napoli Shkolnik PLL
360 Lexington Avenue, 11th Floor
New York, NY 10017

Salvatore C. Badala
Napoli Shkolnik PLL
400 Broadhollow Road, Suite 305
Melville, NY 11747

Dear Messrs. Shkolnik and Badala:

I write in response to your letter of August 3, 2018 (and your follow up letter dated August 12, 2018) in which you raise the possibility of my disqualification as an attorney because you assert that I "may be called upon as a fact witness in this litigation." I disagree that there are any circumstances in which I legitimately could be called as a witness at trial in this matter by your client or any other party. Moreover, even if I were a "necessary witness" at trial (as discussed below), there are absolutely no grounds for my disqualification at this stage of the litigation. As a result, your concerns are entirely unfounded.

It is a matter of public record that I served as the First Assistant U.S. Attorney and later as the United States Attorney for the Northern District of Ohio from November 2009 – March 2016. Similarly, my work on the U.S. Attorney's Heroin and Opioid Task Force while employed by the Department of Justice is also a matter of public record. These facts could not possibly come as a surprise to you or your clients. Your assertion that you just now discovered that I participated in meetings and conferences with employees of your client, ten months after you filed your initial complaint, strains credulity. The smallest modicum of due diligence would have revealed that information long before this lawsuit was filed. As a result, I find the timing of your letter in the midst of important fact discovery to be questionable at best.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Hunter J. Shkolnik
Salvatore C. Badala
August 13, 2018
Page 2

Ohio courts, including federal courts applying Ohio law, view disqualification as a "drastic measure, which should not be imposed unless absolutely necessary." *Lytle v. Mathew*, 89 N.E.3d 199, 203 (Ohio Ct. App. 2017). Disqualification "interferes with a client's right to choose counsel," and motions to disqualify are "viewed with extreme caution for they can be used as techniques of harassment." *Id.* To show that disqualification is necessary, the movant must show a violation of the Ohio Rules of Professional Conduct. *Kitchen v. Aristech Chem.* 769 F. Supp. 254, 256 (S.D. Ohio 1991).

You do not cite any provisions of the Ohio Rules of Professional Conduct (or any other rules or provisions, for that matter) that you assert require my disqualification. Given your assertion that I may be called as a witness, however, I presume that you are implying that Ohio Rule of Professional Conduct 3.7 applies. Rule 3.7 provides, in relevant part, that "a lawyer shall not act as an advocate *at a trial* in which the lawyer is likely to be *a necessary witness*" unless one of the enumerated exceptions apply. (Emphasis added.) The purpose of the rule is to avoid confusing or misleading the trier of fact. "It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Ohio Rule 3.7, comment 2. Per the plain text of the rule, disqualification only potentially comes into play at the point when the attorney at issue acts as an advocate at trial where that attorney also is a "necessary witness."

As an initial matter, because any trial in this matter is more than a year away, the concerns identified in Rule 3.7 are not applicable. For you even to raise at this time the possibility of my disqualification *at trial* reflects a fundamental misunderstanding of the Rules of Professional Conduct.

In any event, there is no basis for any assertion that I could be called as a "necessary witness" in a trial of this matter. A "necessary witness" is "one whose testimony must be admissible and unobtainable through other trial witnesses." *Lytle*, 89 N.E.3d at 204. Moreover, "[t]estimony may be relevant and even highly useful but still not strictly necessary," and "[a] party's mere declaration of intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.*

Your letter does not allege that I have unique knowledge of any facts in this case. Instead, you generally assert that I "either lead [sic] or participated in meetings and conferences with current and former employees of Cuyahoga County." As one of dozens of participants in various meetings and hundreds of participants in various conferences, I am not the sole or even primary source of information regarding any of those events. Should the fact of, or content of any of those meetings or conferences become relevant, presumably you could call one or more of the many participants, including your own client's employees, to attest to those facts. I am unaware of any "strictly necessary" facts within my sole knowledge.

Hunter J. Shkolnik
Salvatore C. Badala
August 13, 2018
Page 3

As both counsel to the Endo defendants and liaison counsel for the manufacturing defendants, disqualification at this juncture would work a substantial hardship to both my client and the manufacturing defendants as a whole. As a result, even if you could somehow establish that I am a necessary witness, this matter proceeded to trial, and you were able to obtain my testimony pursuant to the requirements of the Touhy regulations, disqualification would not be appropriate under Rule 3.7(a)(3).

I trust this response resolves this matter.

Sincerely,

*/s/ Carole S. Rendon*


Carole S. Rendon

4818-8346-9680.1