# EXHIBIT 4



**BARON BUDD**® DALLAS | AUSTIN | BATON ROUGE | NEW ORLEANS | LOS ANGELES
SAN DIEGO | NEW JERSEY | NEW YORK | WASHINGTON, D.C.

800.887.6989
direct 818.839.2325
fax 818.986.9698
email mpifko@baronbudd.com

Encino Plaza
15910 Ventura Blvd.
Suite 1600
Encino, CA 91436

December 3, 2018

<u>VIA US MAIL</u>

Mr. Justin E. Herdman
The United States Attorney
Northern District of Ohio
801 W Superior Ave #400
Cleveland, OH 44113

   Re: *In re National Prescription Opiate Litigation,* Case No. 1:17-MD-2804
     Deposition of Carole S. Rendon

Dear Mr. Herdman:

  I write on behalf of the City of Cleveland in connection with the opioid multi-district litigation pending before Judge Polster in the Northern District of Ohio. To the extent it is applicable, this letter is intended to comply with the DOJ *Touhy* regulation, as set forth in 28 C.F.R. § 16.21 *et seq.*, including 28 C.R.R. 16.22(c). Plaintiff the City of Cleveland ("Plaintiff") seeks the deposition testimony of Carole S. Rendon in connection with the above-captioned case (subpoena attached). Ms. Rendon was an employee of the United States Attorney's Office for the Northern District of Ohio from 2009 until 2017.

  From her time in the U.S. Attorney's Office, Ms. Rendon has substantial, first-hand knowledge that directly relates to critical issues in the litigation, information that cannot be gained from any other source. Ms. Rendon personally worked closely with Plaintiff City of Cleveland to combat the opioid crisis and its resultant effects in the city and surrounding area. She is on emails discussing overdose statistics and federal assistance with the opioid crisis. Critically, Ms. Rendon was a member of the U.S. Attorney's Heroin and Opioid Task Force. Ms. Rendon also communicated regularly with members of the City of Cleveland's Police Force and the community. For example, from 2013-2016, Ms. Rendon was a participant in numerous presentations about the opioid crisis such as in 2013 where she was a speaker at "Heroin: A Crisis Facing Our Whole Community; Building Partnership to Save Lives."



Mr. Justin E. Herdman<br>December 3, 2018<br>Page 2

In the document collections produced by the Plaintiffs City of Cleveland, Cuyahoga County, and Summit County,[1] Ms. Rendon's name appears frequently, indicating the depth of her direct involvement with the issues at stake. In the Cuyahoga County document collection, Ms. Rendon's name appears in 5,068 documents. In the Cleveland document collection, Ms. Rendon's name appears in 645 documents. In the Summit County document collection, Ms. Rendon's name appears in 227 documents.

Plaintiff plans to question Ms. Rendon on her personal involvement in efforts of the United States' Attorney's office to combat the opioid crisis. As the former chief federal law enforcement officer for the Northern District of Ohio, Ms. Rendon's personal knowledge uniquely qualifies her to testify about the issues the City of Cleveland and surrounding counties faced from opioid abuse and the opioid crisis's connection with crime in the area, including opioid abuse's connection with illicit drugs like heroin.

All of the factors codified at 28 C.F.R. 16.26 weigh in favor of allowing the deposition testimony of Ms. Rendon. Importantly, the 28 C.F.R. 16.26(c) mandates consideration of "(1) The seriousness of the violation or crime involved, (2) The past history or criminal record of the violator or accused, (3) The importance of the relief sought, (4) The importance of the legal issues presented." *In re National Prescription Opiate Litigation* is one of the largest and most consequential legal matters currently in this country. The defendants in the action have already been subject to numerous criminal and civil penalties and the relief sought has direct bearing on the enormous public health crisis of opioid abuse. The legal, public policy, and public health stakes could not be higher. Ms. Rendon's testimony about her involvement in the issues is critical given her work in the public sector.

Furthermore, this request presents a unique situation because Ms. Rendon is currently acting as counsel for defendants in this case. In connection with the litigation, Ms. Rendon has used, and continues to use, her personal knowledge gained during her time at the United States Attorney's Office to assist her client in its defense of the case. For example, she has questioned witnesses in deposition about meetings which she herself attended while at the United States Attorney's Office. In the interest of fundamental fairness, Plaintiffs should have equal access to the information Ms. Rendon gained during her time as a public servant. Those accused of causing one of the worst public health crises in United States' history should not be allowed to be the sole beneficiaries of Ms. Rendon's public service; this would be antithetical to the idea of public service in the first place. Plaintiffs should be afforded the same access to Ms. Rendon's knowledge about issues directly related to this case while working for the United States Attorney's Office.

Plaintiff does not want testimony about any specific criminal investigations nor does Plaintiff seek any privileged information. Also, Plaintiff only seeks testimony and does not seek any documents from the United States Attorney's Office.

---

[1] The City of Cleveland, Cuyahoga County, and Summit County are the "Bellwether" Plaintiffs slated for the first trials of *In re National Prescription Opiate Litigation* in September 2019.



Mr. Justin E. Herdman
December 3, 2018
Page 3

The period for fact discovery for this case closes on January 25, 2019. Thus, your prompt attention to this matter is appreciated.

Please do not hesitate to ask me any questions you may have.

Best regards,

/s/ Mark Pifko

Mark Pifko
*Counsel for Plaintiff the City of Cleveland*