# EXHIBIT 5

CONFIDENTIAL

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

~~~~~~~~~~~~~~~~~~~~

IN RE: NATIONAL PRESCRIPTION   MDL No. 2804
OPIATE LITIGATION
                               Case No. 17-md-2804
                               Judge Dan Aaron
This document relates to:      Polster

County of Cuyahoga v. Purdue
Pharma L.P., et al.

City of Cleveland, Ohio v. Purdue
Pharma L.P., et al.
The County of Summit, Ohio, et al.
v. Purdue Pharma L.P., et al.

Case No. 1:18-OP-45132

~~~~~~~~~~~~~~~~~~~~

Videotaped deposition of
CALVIN D. WILLIAMS

December 5, 2018
9:06 a.m.

Taken at:
Ulmer & Berne
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio

Renee L. Pellegrino, RPR, CLR

CONFIDENTIAL

Page 5

1                   TRANSCRIPT INDEX
2
3    APPEARANCES .................................2
4    INDEX OF EXHIBITS ...........................6
5    INDEX OF OBJECTIONS .........................9
6
7    EXAMINATION OF CALVIN D. WILLIAMS:
8    BY MS. WINNER ..............................14
9    BY MS. RENDON .............................294
10   BY MR. PIFKO ..............................321
11   BY MS. WINNER .............................328
12
13   AFTERNOON SESSION .........................144
14
15   REPORTER'S CERTIFICATE ....................333
16
17   EXHIBIT CUSTODY - RETAINED BY COURT REPORTER
18
19
20
21
22
23
24
25

CONFIDENTIAL

Page 291

1  field operations.
2      Q.    And is it also consistent with the
3  job you're trying to do as the chief of police?
4      A.    Exactly.
5            MS. WINNER:  Thank you very much for
6  your time.  We'll go off the record so we could
7  switch places and I think there are people who
8  have a few more questions for you and then we'll
9  be done.
10           THE VIDEOGRAPHER:  It is 5:51.
11 Going off the record.
12               (Short recess had.)
13           THE VIDEOGRAPHER:  It is 5:52.  We
14 are back on the record.
15           MR. PIFKO:  For the record, I think
16 it's outrageous that you're going to ask him
17 questions.  I cannot believe that you think it's
18 appropriate.  Your name is literally on exhibits
19 that she just handed to him, so I object.  And
20 you can -- obviously I'm not going to stop you
21 because I'll give you the opportunity to do
22 that, but I'm going to reserve my right to
23 strike any testimony that you're going to obtain
24 right now.
25           MS. RENDON:  Mr. Pifko, is there a

```
 1   rule or a statute or other legal authority that
 2   is the basis of your objection?
 3              MR. PIFKO:  Yes.  There's a lot of
 4   authority.  We're going to talk about it after I
 5   get some more facts from you.
 6              MS. RENDON:  Actually, I would like
 7   to know if there is a specific rule or statute
 8   or other legal authority that you're resting on,
 9   because if there is one, I would like the
10   opportunity to look at it, take a recess --
11              MR. PIFKO:  You have inside
12   contemporaneous information.  For example,
13   you're on this e-mail, that Ms. Winner handed to
14   him, in 2016.  You have contemporaneous
15   knowledge of --
16              MS. RENDON:  Mr. Pifko --
17              MR. PIFKO:  You've talked to the
18   narcotics division, you've talked to people
19   one-on-one, you have inside information, and
20   you're using it -- which you have gained as a
21   public official, with taxpayer dollars, and
22   you're using it now for hire for Defendants in
23   this case.
24              MS. RENDON:  Mr. Pifko, what rule
25   are you referencing, please?
```

```
 1              MR. PIFKO:  I think it's a conflict,
 2    and I think that it's improper for you to use
 3    that information when you're a fact witness in a
 4    case and be counsel at the same time.
 5              MS. RENDON:  So, for the record,
 6    because I just want to make sure that I
 7    understand this, you have not provided me with a
 8    rule or a statute or a piece of legal
 9    authority --
10              MR. PIFKO:  I'm stating my
11    objection.
12              MS. RENDON:  Would you allow -- I
13    allowed you to finish your comments.
14              MR. PIFKO:  In due course --
15              MS. RENDON:  I would ask you allow
16    me the same professional courtesy to finish what
17    I am saying, Mr. Pifko, for the record.  So I
18    just want to make sure that I understand.
19              MR. PIFKO:  I'm not really
20    interested in what you have to say.
21              MS. RENDON:  Mr. Pifko, can you
22    please identify for me by rule number and by
23    statute --
24              MR. PIFKO:  That's not how things
25    work, okay.
```

CONFIDENTIAL

Page 294

1   MS. RENDON: -- the basis of your
2   objection?
3   MR. PIFKO: I stated it with
4   clarity.
5   MS. RENDON: And that's it, that's
6   the sole basis for your objection?
7   MR. PIFKO: We're going to find out.
8   I don't have all the facts yet.
9   MS. RENDON: Is there any other
10  basis as you're sitting here today for the
11  objection that you're raising?
12  MR. PIFKO: Based on what I know
13  now, I don't have all the facts, so we're going
14  to get there.
15  EXAMINATION OF CALVIN D. WILLIAMS
16  BY MS. RENDON:
17  Q.   Chief, as I mentioned earlier this
18  morning, I represent the Endo Defendants in this
19  case.
20  Earlier today you testified that
21  "our relationship with the community drives a
22  lot of what we do." Do you recall that
23  statement?
24  A.   Yes.
25  Q.   Explain to me what you mean by that.