UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | Case No.: 1:17-md-2804-DAP<br><br>Honorable Dan Aaron Polster |

**ORDER AMENDING CASE MANAGEMENT ORDER NO. 2 (PROTECTIVE ORDER)**

To facilitate the exchange of discovery materials in this complex matter and to provide appropriate protections for particularly sensitive confidential information that has been, or may be, legitimately sought in discovery in this case, Case Management Order No. 2 is amended to add the following additional provisions:

1. Part II ("Definitions") is amended to add the following additional confidentiality designation: <u>Highly Confidential – Attorneys' Eyes Only Information</u>. "Highly Confidential – Attorneys' Eyes Only Information" is defined herein as information properly designated as "Highly Confidential" within the terms of Case Management Order No. 2 and which, if disclosed, disseminated, or used by any person not enumerated in Paragraph 3 below, creates extraordinary risk of harm, including harm to non-parties; and infringing on the privacy interests of non-parties. Notwithstanding the right for a party to designate information "Highly Confidential – Attorney Eyes Only Information," nothing in this Order requires any party to disclose information that waives any privilege, including but not limited to, attorney-client privilege or law enforcement privilege or that requires any party to disclose information that is protected from disclosure by law or that requires authorization of non-parties to this litigation, such as state or U.S. Government agencies.

DC: 6929450-2

2. The amended definition of "Highly Confidential – Attorneys' Eyes Only Information" shall also include the following: Information may be designated and marked as Highly Confidential – Attorneys' Eyes Only Information through the procedures set forth in Case Management Order No. 2. In designating discovery materials as Highly Confidential – Attorneys' Eyes Only Information, the Producing Party shall do so in good faith consistent with the provisions of this Order, Case Management Order No. 2, and other applicable rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "Highly Confidential – Attorneys' Eyes Only." To the extent documents in this Litigation have already been produced as "Highly Confidential – Attorneys' Eyes Only," the Producing Party shall be entitled to the protections of this Order.

3. Part IV ("Access to Confidential and Highly Confidential Information") is amended to add the following additional use provision: In the absence of written permission from the Producing Party or an order of the Court, any Highly Confidential – Attorneys' Eyes Only Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation) and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a. Outside Counsel for the parties and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel.

b. Vendor agents retained by the parties or counsel for the parties, provided that the vendor agrees to be bound by Case Management Order No. 2 and completes the certification contained in Exhibit A (Acknowledgment and

Agreement to Be Bound) to that Order);

  c. Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

  d. The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

  e. Formally retained independent experts and/or consultants, provided that the recipient agrees to be bound by Case Management Order No. 2 and completes the certification contained in Exhibit A (Acknowledgment and Agreement to Be Bound) to that Order; and

  f. Any individual(s) who authored, prepared or previously reviewed or received the information.

4. Except as provided above, the requirements, restrictions, and procedures set forth in Case Management Order No. 2 for information designated as "Highly Confidential Information" shall apply to material designated as "Highly Confidential – Attorneys' Eyes Only Information."

5. This Protective Order shall not be construed as negating any prior agreements among the parties concerning the non-disclosure of certain categories or types of documents. Nor shall this Protective Order be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing documents, including but not limited to attorney-client privilege, law enforcement privilege, peer review privilege, or any other protections under statutory or common law.

Dated: _____   _____
                        Honorable Dan Aaron Polster
                        United States District Judge