UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) | No. 1:17-md-2804 |
| | | Judge Dan A. Polster |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT

1522074_1

Pursuant to Fed. R. Civ. P. 55(a) ("Rule"), Plaintiffs County of Summit, Ohio; City of Cleveland; and County of Cuyahoga, Ohio (collectively, "Plaintiffs") respectfully request that this Court instruct the Clerk of Court to either deem served or enter the default of Defendant Allergan PLC f/k/a Actavis PLC and all of its U.S. subsidiaries that manufacture, market, sell, distribute or monitor sales of opioids (collectively, "Allergan") that have not already waived service.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, Allergan PLC and certain of its subsidiaries have failed to grant requests to waive service, as shown by the record herein and by the attached Declaration of Aelish M. Baig in Support of Plaintiffs' Request for Entry of Default ("Decl."), filed concurrently herewith, which establish as follows:

1.  On April 11, 2018, this Court "encouraged" Defendants to "avoid unnecessary expenses associated with serving the summons and [ordered that], absent good cause, [they] shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)," but suspended service on foreign corporations. ECF No. 232 at 10.

2.  On April 25, 2018, counsel for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan Finance, LLC") and Allergan USA, Inc. noticed their waiver of service requests. ECF No. 280. Allergan PLC, the foreign parent corporation, and its other U.S. subsidiaries engaged in the opioid business, have to date not granted requests to waive service of the complaint.

3.  It is noted that Allergan PLC was the party that executed the sale agreement by which Allergan's generics business, Actavis, was sold to Teva for approximately $40 billion in cash and shares in 2016. Decl., ¶5.

- 1 -

- 2 -

4. Despite Plaintiffs' numerous requests, the Allergan defendants have refused to provide Plaintiffs with a list of all of Allergan PLC's other U.S. subsidiaries that manufacture, market, sell, distribute or monitor sales of opioids, nor will their counsel, Kirkland & Ellis LLP ("Kirkland & Ellis"), accept service on behalf of those subsidiaries. Decl., ¶3.

5. On May 30, 2018, Plaintiffs filed a Second Amended Complaint ("SAC") against Defendants Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC, among others. *See* ECF No. 521, ¶¶1, 44-46; *see also* ECF Nos. 508, 513. "Defendants" included these named entities, as well as their "predecessors, successors, affiliates, subsidiaries, partnerships and divisions, to the extent that they are engaged in the manufacture, promotion, distribution, sale and/or dispensing of opioids." ECF No. 521, ¶96.

6. On November 8, 2018, this Court held a telephonic status conference, at which time this Court indicated that all entities engaged in the opioid business in the United States and related to named defendants are part of this case. *See* ECF No. 1108. The Court further instructed counsel for defendants to waive service of process. Decl., ¶2.

7. On November 9, 2018, this Court lifted "the suspension of service upon any foreign entity that is a parent or subsidiary of any corporate defendant in the MDL to the extent that the MDL Defendant *must* accept service for the foreign entity." ECF No. 1108 at 1-2.

8. On November 19, 2018, the undersigned counsel sent counsel for the Allergan entities, Kirkland & Ellis, a waiver of service for Allergan PLC and all of its U.S. subsidiaries that manufacture, market, sell, distribute or monitor suspicious sales of opioids in the United States. Decl., ¶3 & Ex. 1. Counsel for Allergan refused to sign the waiver of service and has further refused to identify all such subsidiary entities by name despite numerous requests by Plaintiffs to do so.

9. Throughout the course of discovery, Allergan initially took the position that only Allergan Finance LLC – an entity with very few, if any, employees – would participate in discovery.

1522074_1

It was only as a result of a series of *many* letter motions brought before Special Master Cohen over a period of months that Allergan finally broadened its discovery responses to include Allergan PLC and its U.S. subsidiaries. However, despite repeated requests, Allergan has refused to inform Plaintiffs as to which Allergan entities those are, *i.e.*, which of the Allergan PLC subsidiaries in the United States have manufactured, marketed, sold, distributed or monitored sales of opioids in the relevant time frame. Plaintiffs took a Rule 30(b)(6) deposition on corporate structure, and that witness was unable to inform Plaintiffs as to all of the Allergan PLC subsidiaries that have engaged in the opioid business in the United States.[1] Moreover, the Rule 30(b)(6) witness on corporate structure stated that the parent company did not keep the $40 billion it received from the sale of the generics company.[2] Because Plaintiffs do not have complete information as to all of Allergan PLC's subsidiaries engaged in the opioids business in the United States during the relevant time frame, they requested waiver of service generally for Allergan PLC and all of its U.S. subsidiaries that have manufactured, marketed, sold, distributed or monitored sales of opioids in the United States. Decl., Ex. 1. Allergan has not signed the waiver, arguing instead that Allergan PLC's subsidiaries were not all expressly named in the SAC (although they were all generally named). Thus, Allergan has still not accepted service for Allergan PLC or for its U.S. subsidiaries engaged in the opioid business during the relevant time frame.

10. It is however, noted that Allergan PLC has already appeared in this case. For example, on January 9, 2019, counsel for Allergan Finance, LLC and Allergan USA, Inc. appeared for and responded to Plaintiffs' Third Set of Interrogatories on behalf of Allergan Finance, LLC *and Allergan PLC*. Decl., ¶5 & Ex. 2. Thus, Allergan PLC is subject to the personal jurisdiction of this Court. *See M&C Corp. v. Erwin Behr GmbH & Co., KG*, 508 F. App'x 498 (6th Cir. 2012) (foreign

---

[1] *E.g.*, Decl., Ex. 3 (Kaufhold Depo. Tr.) at 35:19-23.

[2] *Id*. at 94:18-98:14.

nonparties waived their lack of personal jurisdiction defense when their attorneys entered general appearances with the district court on their behalf).  Moreover, in *City of Chicago v. Purdue Pharma L.P., et al.*, No. 1:14-cv-04361 (N.D. Ill.) ("*City of Chicago*"), the Court rejected Allergan PLC's argument that the Court lacked personal jurisdiction.  *Id*., ECF No. 471 at 12-13.  *City of Chicago* has been transferred to this MDL.  *Id*., ECF No. 662; *see City of Chicago v. Purdue Pharma, et al.*, No. 1:17-op-45169-DAP (N.D. Ohio).[3]

11. Allergan PLC is neither an infant nor an incompetent person.  Decl., ¶6.

12. Allergan PLC and its U.S. subsidiaries engaged in the opioid business during the relevant period have failed to sign a waiver of service.  On January 11, 2019, Plaintiffs informed Allergan they intended to seek default judgment and days later the Company filed a motion for lack of personal jurisdiction.  ECF No. 1258.

---

[3] The court in *State of Ohio, ex rel. Mike DeWine v. Purdue Pharma. L.P., et al.*, No. 17 CI 261, 2008 WL 4080052, at *7 (Ct. Com. Pl., Ross Cty. Aug. 22, 2018), has also rejected Allergan PLC's argument that the Court lacked personal jurisdiction:

> This Court finds that the Plaintiff has established a prima facia case for jurisdiction over Allergan PLC under the long-arm statute, Section 2307.382(A) ORC.  Further, this Court finds that the Plaintiff has established by the requisite degree of proof that the defendant, Allergan PLC, acted and caused consequences in the state of Ohio.  This Defendant's actions and the consequences therefrom alleged by the Plaintiff create a sufficient substantial connection with Ohio and allow the assertion of personal jurisdiction over this Defendant to be reasonable.

WHEREFORE, all Allergan entities engaged in the opioid business in the United States during the relevant time frame should be deemed served and part of this action for purposes of litigation, judgment and settlement; Plaintiffs respectfully request that this Court instruct the Clerk of this Court to either deem served or enter default against Allergan PLC and all of its U.S. subsidiaries that manufacture, market, sell, distribute or monitor sales of opioids (with the exception of Allergan Finance LLC and Allergan USA, Inc., the only Allergan entities that have accepted service to date).

DATED:  January 25, 2019  ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG
MATTHEW S. MELAMED

*/s/ Aelish M. Baig*

AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
mmelamed@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
MARK J. DEARMAN
DOROTHY P. ANTULLIS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
dantullis@rgrdlaw.com

- 6 -

1522074_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
THOMAS E. EGLER
BRIAN O. O'MARA
CARISSA J. DOLAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com
bomara@rgrdlaw.com
cdolan@rgrdlaw.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2019, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, and will be served via the Court's CM/ECF filing system on all attorneys of record.

                                                  s/ Aelish M. Baig
                                                  AELISH M. BAIG

                                                  ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
                                                  Post Montgomery Center
                                                  One Montgomery Street, Suite 1800
                                                  San Francisco, CA  94104
                                                  Telephone:  415/288-4545
                                                  415/288-4534 (fax)
                                                  E-mail:  aelishb@rgrdlaw.com