# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL No. 2804 |
| This document relates to: ) ) | Case No. 17-md-2804 |
| *City of Cleveland v. Purdue Pharma L.P., et al.,* Case No. 18-OP-45132 (N.D. Ohio) ) ) ) | Hon. Dan Aaron Polster |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004 (N.D. Ohio) ) ) ) |  |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.*, Case No. 18OP-45090 (N.D. Ohio) ) ) ) ) ) ) |  |
| _____ ) |  |

**ALLERGAN'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 as well as the Case Management Order (Dkt. No. 232) in *In re: National Prescription Opiate Litigation*, Defendant Allergan hereby responds and objects to Plaintiff's Third Set of Interrogatories (the "Requests").

**Affirmation That Discovery Responses Herein Are Submitted On Behalf of All Current Allergan Entities And Include Information Collected About Prior Affiliates No Longer Owned by Allergan**

These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan).[1]  Allergan confirms that it's previous and ongoing discovery investigation and production of documents -- regarding Kadian®,

---

[1] In an order entered November 9, the Court lifted the stay on service of foreign entities, noting at a telephonic hearing that foreign parents including Allergan plc were deemed to be parties in the case.  Allergan plc objects to the lack of due process and to the Court's refusal to allow briefing contesting personal jurisdiction on behalf of a foreign entity not subject to jurisdiction in this Court.

Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, "opioids generally" or unbranded marketing) -- has included all responsive documents and information reasonably accessible to <u>all</u> of its current affiliates, including Allergan plc.

**OBJECTIONS TO THE DEFINITIONS**

1. Allergan objects to the term "You" to the extent it includes companies that are now owned by Teva and are represented by separate counsel. These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan).

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 32:** Identify each Order identified by You (by algorithm or otherwise) as an Order that was of interest, peculiar, actually or potentially a Suspicious Order, or otherwise warranting additional review or investigation to determine whether the Order was a Suspicious Order ("Identified Orders"), and for each such Identified Order: (1) state the reason the Order was so identified *(e.g.,* Order of excessive size, unusual frequency, etc.); (2) state whether You reported the Order to the DEA; (3) describe any investigation, review, or due diligence performed by or on behalf of You concerning the Identified Order after it was identified, including whether the Identified Order was a Suspicious Order or whether the Direct or Downstream Customer or other customer that placed the Order was engaged in or facilitating diversion, abuse, or misuse of any Opioid Product; (4) state whether the Identified Order was filled as placed, modified and filled, rejected, or cancelled and the reason(s) contemporaneously cited or provided for any such action; and (5) identify by Bates-stamp all documents and communications regarding the Order.

**JANUARY 9, 2019 RESPONSE TO INTERROGATORY NO. 32:** Allergan objects to the terms "Order that was of interest," "Suspicious Order," or "warranting additional review or investigation" to the extent these terms are inconsistent with the Controlled Substances Act. Allergan further objects that this Request is overly burdensome to the extent it asks Allergan to summarize documents that Allergan has previously produced in a manner not kept in the ordinary course of business.

Subject to and without waiving its objections, and subject to further investigation, discovery and proceedings in this matter, Allergan states that documents reflecting orders flagged as orders of interest and the basis for that flag, documents reflecting investigations into these orders

3

of interest, documents reflecting the outcomes of these investigations, documents reflecting whether these orders were deemed suspicious and reported to the DEA, and documents reflecting whether these orders were filled can be found in Exhibits 1-4.

**INTERROGATORY NO. 33:** For each Opioid Product (branded or generic) You manufactured, marketed, promoted, sold or distributed in the United States, provide an annual sales summary, including for each Opioid Product: (1) the product name; (2) the NDC Code(s) for that Opioid Product; (3) the NDC Code(s) holder for that Opioid Product; (4) your role with regard to the product (manufacturer, marketer, seller, distributor, etc.); (5) annual sales by script volume for that Opioid Product; (6) annual sales volume by number of pills for that Opioid Product; (7) annual sales volume by number of SKU units/bottles for that Opioid Product; (8) annual gross dollar sales for that Opioid Product; and (9) the documents relied upon to generate the summary.

The summary shall include all currently distributed Opioid Products as well as all discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the summary shall include the Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on Your behalf or controlled by You.

**JANUARY 9, 2019 RESPONSE TO INTERROGATORY NO. 33:** Allergan objects to this Request as overly burdensome to the extent it asks Allergan to summarize documents and data that Allergan has previously produced in a manner not kept in the ordinary course of business.

Subject to and without waiving its objections, and subject to further investigation, discovery and proceedings in this matter, Allergan refers Plaintiffs to Kaufhold Deposition Exhibit 3, attached as Exhibit 5, for the information requested in parts (1) - (4). With regards to subparts (5) - (8), the information requested is not kept in the ordinary course of business in the form

4

requested. To the extent that Allergan has responsive information to this request, it can be found in the IMS data previously produced at ALLERGAN_MDL_02485011 and ALLERGAN_MDL_03281086 and transactional, chargeback, and rebate data previously produced at ALLERGAN_MDL_03255576 and ALLERGAN_MDL_03303052. To the extent that Interrogatory No. 33 purports to request more, Allergan objects that it is overly broad and unduly burdensome.

**INTERROGATORY NO. 34:** Provide an annual sales summary for Your name-brand and generic Opioid Products You manufactured, marketed, promoted, sold or distributed in the United States, including for each year: (1) Your total sales volume for those Opioid Products; (2) the total market volume for those Opioid Products; (3) Your market share for those Opioid Products; and (4) Your total annual dollar sales for those Opioid Products; and (5) the documents relied upon to generate the summary.

The summary shall include all currently distributed Opioid Products as well as all discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the summary shall include the Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on Your behalf or controlled by You.

**JANUARY 9, 2019 RESPONSE TO INTERROGATORY NO. 34:** Allergan objects to this Request as overly burdensome to the extent it asks Allergan to summarize documents and data that Allergan has previously produced in a manner not kept in the ordinary course of business.

Subject to and without waiving its objections, and subject to further investigation, discovery and proceedings in this matter, Allergan states that the information requested is not kept in the ordinary course of business in the form requested. To the extent that Allergan has responsive

5

information to this request, it can be found in the IMS data previously produced at ALLERGAN_MDL_02485011 and ALLERGAN_MDL_03281086 and transactional, chargeback, and rebate data previously produced at ALLERGAN_MDL_03255576 and ALLERGAN_MDL_03303052. To the extent that Interrogatory No. 34 purports to request more, Allergan objects that it is overly broad and unduly burdensome.

Date:   January 9, 2019                                   Respectfully submitted,

/s/ *Timothy W. Knapp*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2019, the foregoing was sent by electronic mail to counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Penascola, FL 32502
Telephone: (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ *Timothy W. Knapp*
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000

9

        Facsimile: (312) 862-2200
        tknapp@kirkland.com

        *Attorney for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*