**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004<br><br>*City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**EMERGENCY MOTION TO ENJOIN THE MASSACHUSETTS ATTORNEY GENERAL'S OFFICE FROM VIOLATING THE MDL PROTECTIVE ORDER AND THIS COURT'S DECEMBER 20, 2018 ORDER**

Defendants Purdue Pharma L.P. and Purdue Pharma Inc. ("Purdue") move this Court on an emergency basis pursuant to paragraph 81 of this Court's protective order entered on May 15, 2018 [Doc. #: 441] (the "MDL Protective Order") and its inherent authority for an Order enjoining the Massachusetts Attorney General's Office from violating the terms of the MDL Protective Order and this Court's December 20, 2018 Order [Doc #: 1206]. This Court should immediately consider this emergency motion because Purdue faces an imminent risk of irreparable harm (*potentially as early as today*) if the Massachusetts Attorney General discloses in a Massachusetts proceeding Purdue's confidential information without allowing the ongoing MDL review process to conclude.

**PRELIMINARY STATEMENT**

Once again, immediate intervention of this Court is required to prevent the irreparable and prejudicial release of information derived from Purdue's confidential MDL-produced documents. As this Court is aware from Purdue's December 19, 2018 Emergency Motion To Enjoin [Doc #: 1204], the Office of the Massachusetts Attorney General (also referred to as "the Commonwealth") has obtained documents produced by Purdue in this proceeding and designated as "Confidential" and "Highly Confidential" in exchange for its agreement to be bound by the MDL Protective Order. Notwithstanding that agreement, the Commonwealth has crafted a nearly 300 page Amended Complaint that extensively quotes and copies graphics from Purdue's confidential documents. Upon learning of the extent to which the Commonwealth's Amended Complaint disclosed the content of Purdue's documents, Purdue filed an emergency motion with this Court on December 19, 2018. The very next day, the Court conducted a hearing and issued an order making very clear that "[b]ecause the Massachusetts Attorney General's Office received many of the documents relied on in amending its complaint from the MDL, this Court's Protective Order governs the disclosure of that information." December 20, 2018 Order [Doc #: 1206]. The Court went on to order that "The Massachusetts Attorney General's Office may file a redacted version of its amended complaint in its state court proceeding and may provide an unredacted version to Judge Janet Sanders for her own review *in camera*." *Id* .

Since this Order was issued, Purdue has been engaging in a good-faith process to review and assess the confidentiality designations challenged by the Commonwealth pursuant to the MDL Protective Order. Both Purdue and the Commonwealth have made submissions to Special Master Cathy Yanni who has this matter under active consideration. However, without waiting for the MDL process to conclude, the Commonwealth is now planning to do exactly what this

2

Court told it was not permissible – file an unredacted Amended Complaint and make it available to the public.

Any violation of the Commonwealth's obligations as a signatory to the MDL Protective Order must not be countenanced.  In order to prevent permanent harm to Purdue, the Commonwealth should be required to either further amend its complaint to remove the impermissible references to Purdue's confidential documents or inform the Massachusetts Court that compliance with its directive would cause it to violate an order of this Court and seek an extension of the date to publicly file the Amended Complaint while the MDL process concludes.

## FACTUAL BACKGROUND

The background regarding the Commonwealth's receipt and use of Purdue's confidential documents was set forth in Purdue's December 19, 2018 Emergency Motion [Doc #: 1204] and will not be repeated here.  Since the time of that submission, Purdue has learned that Gillian Feiner of the Massachusetts Attorney General's Office received access to Purdue's MDL production in July 2018, although Purdue was not notified of her receipt of the production until November 2018 (which is itself appears to be a violation of Paragraph 33(l) of the MDL Protective Order requiring that notice of sharing be provided at the end of the month in with the documents are shared).

Following a telephonic hearing on Purdue's Emergency Motion, the Court entered an order on December 20, confirming that "this Court's Protective Order governs the disclosure of [MDL produced] information."  Purdue and the Commonwealth then commenced the meet and confer process set out in the MDL protective order.  Purdue promptly voluntarily released the redactions for over 500 of the approximately 700 paragraphs that were redacted in the Amended Complaint.  Purdue then communicated with the Commonwealth explaining its justification for

confidentiality designations of the remaining MDL produced documents. The Commonwealth declined to meet and confer and instead responded that it planned to challenge every single one of those designations. In compliance with the MDL Protective Order, the parties then engaged with MDL Special Master Cathy Yanni to work toward a resolution. On January 14, 2019, the Commonwealth submitted a letter in support of its confidentiality challenges and Purdue responded on January 22, 2019. The Commonwealth submitted a reply on January 29, 2019. The process being presided over by Special Master Cathy Yanni remains pending and, as of this time, no resolution has been reached regarding any of the disputed confidentiality designations.

In the meanwhile, proceedings have continued in the Massachusetts Attorney General's state court action, *Commonwealth of Massachusetts v. Purdue*, *et als*, in Superior Court in the County of Suffolk, C.A. No. 1884-cv-01808 (BLS2) (the "Mass. Action"), brought against Purdue and certain individual current and former officers and directors of Purdue. The judge presiding over that matter, Judge Sanders, held a hearing on December 13, 2018 to consider the parties joint motion to impound. At the conclusion of that hearing, Judge Sanders ordered the parties to meet and confer on the proposed redactions and set another hearing for December 21. Prior to the December 21 hearing, Purdue and certain of the individual defendants filed motions to impound the Amended Complaint. Purdue sought to defer the decision on the motion to impound until the conclusion of the ongoing MDL process. Purdue also argued that impoundment was necessary because the documents cited by the Commonwealth consisted of confidential proprietary business communications, such as board communications. During the December 21 hearing, Judge Sanders agreed that, in the first instance, the confidentiality of documents produced in the MDL should be decided by this Court recognizing that " So the -- the first issue that needs to – or one of -- one of the issues that needs to be resolved is whether the

material in your amended complaint in any way runs afoul of the MDL order." *See* December 21, 2018 Transcript in the Mass. Action attached as Exh. A at 16:5-8. She set a further hearing for January 25, informing the parties that she would "put it on for a 30 day status date, see whether these documents are appropriately designated confidential under the MDL order." *Id*. at 20:16-19. While Purdue and the Commonwealth were engaged in the MDL process, a "Media Consortium" (later joined by a family support group Learn to Cope) filed an "Emergency Motion" to lift the impoundment of the Commonwealth's Amended Complaint, citing an urgent public need for such information. The Commonwealth also filed a pre-hearing memorandum. Unlike the Media Consortium's motion, the Commonwealth's filing acknowledged the pending MDL proceedings and asked that the Court order Purdue to file briefing on the impoundment issue and re-produce as part of the Massachusetts litigation all the documents cited by the Commonwealth in the Amended Complaint in March—presumably long after the MDL process would have concluded. It was only at the January 25 hearing that the Commonwealth abruptly changed its position and began to advocate for an immediate termination of impoundment, despite its participation in the MDL court's ongoing efforts and its obligations as a signatory to the MDL Protective Order. Purdue continued to maintain that the ongoing MDL process should be allowed to conclude. Purdue also asked that the January 25 hearing be adjourned until such time.

At the January 25 hearing,[1] in response to the Commonwealth's request, Purdue was ordered to produce to the Commonwealth by February 1 the nearly 600 documents that the Commonwealth cited in the Amended Complaint. On January 28, 2019, Judge Sanders issued

---

[1] A transcript of the January 25 hearing is not yet available. It will be provided promptly upon receipt.

5

her formal ruling granting the Media Consortium's motion to terminate impoundment and ordering that an unredacted copy of the Amended Complaint be filed with this Court and be made available to the public no later than noon on February 1, 2019, and denying Purdue's motion for a stay. (*See* Judge Sanders January 28 Order annexed hereto as Exh. B).

The January 28 Order recognizes the pendency of the MDL process and the Commonwealth's agreement to be bound by the MDL Protective Order but nevertheless found that the "delay" occasioned by the MDL process "is simply not acceptable" and concludes that "More important, any ruling that the discovery master makes would not change this Court's analysis, much less its ultimate conclusion." *Id*. at 6. According, Judge Sanders "ORDERED that an unredacted copy of the Amended Complaint be filed with this Court and be made available to the public no later than noon on February 1, 2019." *Id*. at 10.

The Commonwealth has informed Purdue that it will not file the unredacted Amended Complaint before today, January 30, when Purdue expects to file an appeal and request for a stay of the January 28 Order, but has not otherwise indicated that it does not intend to file the unreacted complaint by noon on February 1. Nor has the Commonwealth sought relief or clarification of any order of this Court to better understand its obligations as a signatory to the MDL Protective Order. Purdue intends to file later today an appeal of the January 28 Order to the Commonwealth Of Massachusetts Appeals Court and will also seek a stay of the Order.

In light of this, Purdue has no choice but to seek immediate intervention of this Court to prevent what it believes is a clear violation of the MDL Protective Order that will cause it irreparable harm. Expedited consideration by this Court is critical given the February 1, 2019 deadline to release into the public domain the Commonwealth's fully redacted Amended Complaint.

6

**ARGUMENT**

**THE COURT SHOULD IMMEDIATELY ENJOIN
THE MASSACHUSETTS ATTORNEY GENERAL
FROM VIOLATING THE MDL PROTECTIVE ORDER AND
THE COURT'S DECEMBER 20 ORDER**

The MDL Protective Order permits the sharing of information with "Counsel for claimants in litigation pending outside this Litigation and arising from one or more Defendants' manufacture, marketing, sale, or distribution of opioid products." MDL Protective Order at ¶ 33(l). Assistant Attorney General Gillian Feiner was able to obtain access to Purdue's complete MDL production though the discovery sharing process provided for in the MDL Protective Order in exchange for her agreement to be bound by the terms of the MDL Protective Order. In July 2018, Ms. Feiner took advantage of that offer and obtained access to Purdue's 30 million page MDL production. Unbeknownst to Purdue until it received notice of the discovery sharing in November 2018, Ms. Feiner and her colleagues then accessed and used those documents to prepare a nearly 300 page Amended Complaint against Purdue and the individual defendants. The Commonwealth's use of the documents (which includes extensive quotations and insertion of graphics from Purdue's documents) goes far beyond the content of a typical pleading and discloses confidential information for no legitimate purpose. The Commonwealth, in reliance on the Massachusetts court's January 28 Order, and with no apparent regard for this Court's prior orders, now intends to imminently publicly file an amended complaint that discloses this information.

Such a filing is in direction contravention of the MDL Protective order and the Court's December 20 Order. Whatever the Massachusetts court may permit or require with regard to the public disclosure of the Commonwealth's Amended Complaint, the fact remains that Ms. Feiner, as a signatory to the MDL Protective Order, has continuing obligations to abide by the orders of

7

this Court to which she personally agree to be bound and the current situation is entirely of her own creation.  Ms. Feiner could have honored those obligations by not sharing her access to the MDL produced documents with her colleagues and not disclosing the content of the documents in a pleading that had any reasonable chance of being subject to a request for public filing. Ms. Feiner could have surely honored her obligations by not actively courting the press and seeking to generate public interest in the redacted portions of the Amended Complaint.  Or, she could have sought guidance from this Court or Purdue's consent before making the decision to extensively quote from MDL documents in an Amended Complaint.

Furthermore, as this Court made clear during the December 20, 2018 telephonic hearing and in its subsequent December 20 Order, the Commonwealth as a signatory to the MDL Protective Order is simply not permitted to file an unredacted complaint that discloses Purdue's confidential information until the MDL Court has issued its determinations with respect to confidentiality.  The Court's December 20 Order provides that "The Massachusetts Attorney General's Office may file a redacted version of its amended complaint in its state court proceeding and may provide an unredacted version to Judge Janet Sanders for her own review in camera."  December 20 Order at p. 2.

Ms. Feiner can fulfill her obligations to both this Court and the Massachusetts court by causing the Commonwealth to file an unredacted Amended Complaint that does not include confidential information obtained pursuant to the MDL Protective Order. In the event that the confidentiality challenges currently pending before this Court are decided in its favor, the Commonwealth would be free to later amend its complaint to add additional allegations.  Alternatively Ms. Feiner can be required to, along with Purdue, seek a joint extension from the Massachusetts court, pending a decision by this Court on the confidentiality challenges.

This Court unquestionably possesses the inherent authority to enforce its own orders. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994) (court has ancillary power to vindicate its authority and effectuate its decrees); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates"). Furthermore, when a party in a lawsuit in one jurisdiction engages in discovery covered by a protective order issued by another court, the court that issued the protective order retains jurisdiction to decide a motion involving that protective order. *Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 336 (D.D.C. 1991). This Court thus retains the power to enforce the Protective Order it issued. *Public Cit. v. Liggett Grp.*, 858 F.2d 775, 780-82 (1st Cir. 1998); *cf. Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 500–01 (S.D. Ohio 2002) (a protective order issuing court retains jurisdiction and authority to modify or revoke it).

There is no reason for this Court to deviate from the practice of safeguarding protected information here. Indeed, to allow the Commonwealth to completely disregard the MDL Protective Order in this way would render the MDL Protective Order a nullity, and could result in the release of millions of Purdue's confidential documents into the public domain without any protection. Accordingly, Purdue respectfully requests that the Massachusetts Attorney General be required to abide by the MDL Protective Order and the December 20 Order and be enjoined from filing a public complaint disclosing the contents of documents the parties have in good faith agreed to keep confidential until the ongoing procedure applicable to challenges to confidentiality designations of MDL documents has concluded.

## CONCLUSION

For the foregoing reasons, Purdue asks this Court to issue an immediate order enjoining the Massachusetts Attorney General's office from violating the terms of the MDL Protective Order and the December 20 Order and ordering that it may not disclose confidential information from documents obtained via the MDL without further Order of this Court.

Dated: January 30, 2019

*/s/ Mark S. Cheffo*
Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
DECHERT
Three Bryant Park
1095 Avenue of the Americas
New York, NY
Telephone: (212) 698-3500
Fax: (212) 698-3599
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
hayden.colemen@dechert.com

*Counsel for Defendants Purdue Pharma L.P. and Purdue Pharma Inc.*