# EXHIBIT A

```
                                          Volume I
                                          Pages: 1-49
                                          Exhibits: 0


               COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                       SUPERIOR COURT DEPARTMENT
                                   OF THE TRIAL COURT
*******************************
COMMONWEALTH OF MASSACHUSETTS *
     Plaintiff                *
v.                            * DOCKET NUMBER 1884CV01808
                              *
PURDUE PHARMA INC. ET AL      *
     Defendant                *
*******************************
                HEARING
                BEFORE THE HONORABLE JANET L. SANDERS

APPEARANCES:
For the Plaintiff:
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts  02108
By:  Gillian Feiner, Esq.
     Eric M. Gold, Esq.
     Sydenham B. Alexander, Esq.


For the Defendant, Landau, Steward & Timney:
Skadden Arps Slate Meagher & Flom
500 Boylston Street
Boston, Massachusetts  02116
By:  James Richard Carroll, Esq.
(Appearances Continued)



                          Boston, Massachusetts
                          December 21, 2018


Recording produced by digital audio recording system. Transcript
produced by Approved Court Transcriber, Donna Holmes Dominguez
```

```
Appearances Continued:

For the Defendant, Purdue:
Dechert LLP
2929 Arch Street
Philadelphia, Pennsylvania  19104
By:  Mark Cheffo, Esq.

For the Defendant, Former Purdue:
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts  02110
By:  Justin J. Wolosz, Esq.

For the Defendant, Gasdia:
Salvatore & Porter PLLC
By:  Julie B. Porter, Esq.
```

**I N D E X**

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| None - Hearing | | | | |

1              **P R O C E E D I N G S**

2     (Court called to order.)

3          COURT OFFICER:  Court, all rise.

4          This Honorable Court's open.

5          Please be seated.

6          THE CLERK:  Before the Court, Your Honor, Civil Action

7     2018-1808, <u>Commonwealth of Mass v. Purdue Pharma Inc. et al</u>.

8          Counsel, identify themselves for the Court and for the

9     record, please.

10         MS. FEINER:  Good morning, Your Honor.

11         Jillian Feiner for the Commonwealth, and with me is Eric

12    Gold and Sandy Alexander.

13         THE COURT:  Good morning.

14         MR. GOLD:  Good morning.

15         MR. ALEXANDER:  Good morning.

16         MR. CARROLL:  Good morning.

17         James Carroll, Your Honor, for Mr. Landau, Stewart, And

18    Timney.

19         MR. CHEFFO:  Good morning, Your Honor.

20         Mark Cheffo for Purdue.

21         MR. WOLOSZ:  Good morning, Your Honor.

22         Justin Wolosz for the individual defendants we'll be

23    referring to as the director defendants.

24         MS. PORTER:  And good morning, Your Honor.

25         Julie Porter on behalf of Defendant Russell Gasdia.

1        THE COURT:  Good morning.

2        So I read with interest the filings that came in

3    yesterday at four o'clock.  I had a -- a very narrowly

4    tailored motion by defendants Craig Landau, John Stewart, and

5    Mark Timney to impound a very limited portion of this first

6    amended complaint.

7        I then had a more general motion to impound the entire

8    complaint and a memorandum in support.

9        Frankly, when we were last here, I didn't quite

10    understand the -- the fact that there was this other order in

11    Ohio by a Federal Court.  I have no desire to get into any

12    kind of quarrel with a Federal Court.

13        I con -- my concern, and it still remains my concern, is

14    that we have rules here regarding impoundment that govern this

15    procedure, Massachusetts rules for impound -- uniform rules of

16    impoundment, and that I -- it -- the Court should be very

17    careful about impounding material.

18        It -- it's one thing to have documents produced and per

19    -- in discovery and designated confidential, and it's quite

20    another thing to have this -- this information than impounded

21    as part of a public proceeding.

22        So -- but then I looked at the federal order, and I see

23    that the confidentiality order there has a little bit of a

24    different approach.  Maybe there's not a conflict.  Maybe

25    there's a way of resolving this without getting into kind of

1    -- some kind of federal/state struggle.

2         So I did read with interest the transcript form the

3    hearing on the emergency motion.  That was very helpful, and

4    maybe we do have some kind of proposal that comes out of this.

5         MS. FEINER:  Your Honor, if I may?

6         So we are -- are grateful that you have been able to

7    review all of this in such short time.  Obviously things were

8    unfolding in pretty real time yesterday.

9         We don't think that our time is best spent today sort of

10   defending against some of the what we would say are

11   mischaracterizations in the emergency motion, or even in the

12   motion to impound that Purdue filed here, which sort of

13   repackages some of those same general arguments.

14        Bur I would like to just make a few clarifying points

15   about sort of the -- what has gone on in the MDL and its

16   relationship to here and -- and the Commonwealth's conduct,

17   and then propose or explain how we think we ought to proceed

18   on the Pursue piece of this.

19        THE COURT:  Okay.

20        MS. FEINER:  If I may.

21        THE COURT:  What -- I don't know if -- if -- and that

22   might make sense for you to go first.

23        Frankly, I'm not really sure, after reading that

24   transcript of -- of what it is the defendants are proposing,

25   so maybe I -- the motion itself says a motion to I'm --

1   impound the entire complaint.  The transcript seems to

2   indicate that the defendants do not dis -- are not objecting

3   to the -- the filing of a redacted complaint, along the lines

4   of what was sent to the -- present -- presented to the Court

5   last week.

6          MR. CHEFFO:  Yes, Your Honor.

7          THE COURT:  Is that --

8          MR. CARROLL:  I --

9          THE COURT:  -- right?

10          MR. CHEFFO:  It -- that -- that's right, Your Honor.

11          And here -- here's what I would -- if I could?  Because I

12   -- I think I do have a proposal.

13          And again, I think like counsel, we appreciate Your Honor

14   obviously digging in and -- and, you know, it's a lot of

15   information in a short period of time.

16          And I think we -- we can answer -- I can answer any

17   questions that you have.

18          I think I have a practical proposal for the Court.  I

19   think that --

20          THE COURT:  What -- what is the motion in other words?

21          MR. CHEFFO:  I'm sorry?

22          Here -- here -- here's what we're -- what our concern is.

23   There -- there was -- there was basically -- what we didn't

24   know last week, there was 200 pages added.  You saw a lot of

25   those doc -- a lot of the allegations were based on documents

 1   from the MDL.

 2        THE COURT:  Yes.

 3        MR. CHEFFO:  So what we've agreed to, and we've actually

 4   approached this with counsel a few times, we said you know

 5   what, there's no reason to actually file a redacted complaint

 6   right now.  We are going to actually work through many of

 7   these issues as the MDL order re -- basically requires, as

 8   we've agreed to do.

 9        So what we've proposed, and -- and up until now, I think

10   it's been rejected, is basically to -- to have some time to

11   meet and confer.  In fact, I think as -- as late as yesterday,

12   we proposed a number of areas where we would not, you know,

13   kind of object.

14        So what we're in the situation because Judge Bolster said

15   really I want this to move quickly, and to be very clear, we

16   never said anything about this Court's jurisdiction.  Judge

17   Bolster, as you saw from the -- from the transcript, has no

18   interest in interfering in any way with this Court's

19   jurisdiction.

20        His -- his kind of focus was very narrow.  He basically

21   said to the extent there were -- there's 40 million documents

22   that we produced in the MDL.  To the extent that there were

23   documents that were accessed, and there was a protective

24   order, I'm going to, you know, enforce that because that was

25   produced in the MDL and the protective order.

```
 1          So I --
 2          THE COURT:  Okay.  So I'm sorry.
 3          MR. CHEFFO:  Yes
 4          THE COURT:  What I'm trying to get to before we --
 5          MR. CHEFFO:  Yes --
 6          THE COURT:  -- before --
 7          MR. CHEFFO:  -- Your Honor.
 8          THE COURT:  -- we launch into the explanation and --
 9          MR. CHEFFO:  Yes.
10          THE COURT:  -- what everybody's position is, what are you
11   asking the Court to do today?
12          MR. CHEFFO:  So to --
13          THE COURT:  In a few sentences.
14          MR. CHEFFO:  Yes.  Yes, Your Honor.
15          Well, right now, what I understand, I don't know what the
16   plaintiffs -- my understanding is the state is basically going
17   to be filing a redacted -- a fully redacted complaint.
18          THE COURT:  Along the lines of what was presented to the
19   Court last week, I did -- at last week, I got an unredacted
20   version --
21          MR. CHEFFO:  Right.
22          THE COURT:  -- which didn't -- essentially is not a
23   filing and with any -- this Court at all.
24          MR. CHEFFO:  Correct.
25          THE COURT:  It was presented so I could understand what
```

1   was being redacted.

2        There was a heavily redacted version.

3        MR. CHEFFO:  Yes, Your Honor.

4        THE COURT:  And I didn't feel comfortable -- the

5   Commonwealth asked to file the redacted version.

6        MR. CHEFFO:  Yes, Your Honor.

7        THE COURT:  Defense said well, oh, we might not object to

8   a lot of this, we may agree to have it unredacted, give us

9   some time, Judge, let's come back next week.  And here we are

10  today --

11       MR. CHEFFO:  And --

12       THE COURT:  -- and so I guess you're saying -- are you

13  still objecting to the filing of a redacted complaint along

14  the lines of what was filed last week?

15       MR. CHEFFO:  No, Your Honor.

16       But I --

17       THE COURT:  No?

18       MR. CHEFFO:  -- I was trying to be mindful of what the

19  Court's -- I -- again, I don't want to be presumptuous.  But

20  what I understand the Court had a concern was you didn't want

21  to have a -- a largely -- a complaint that had a lot of black

22  filings and pages and pages of redactions.

23       THE COURT:  Well, I'm -- I'm reconsidering that.

24       MR. CHEFFO:  Okay.

25       And -- and -- then I have no objection -- we have no

1   objection --

2          THE COURT:  Okay.

3          MR. CHEFFO:  -- to either the -- having a redacted

4   complaint filed, nor do we have an objection, of course, to

5   Your Honor having an unredacted version to review.

6          THE COURT:  Okay.

7          MR. CHEFFO:  What we -- what we were planning to do in

8   the next, you know, week or two with Christmas and New Year's,

9   is to work cooperatively, as we have, with the state and to

10  try and figure out if there were any of those redactions which

11  we could come to agreement, no longer needed to be redacted.

12          But because they added 200 pages to a complaint, making

13  it 300 pages, there's 800 documents, we just couldn't do that

14  all in the process and Judge Bolster has said his -- the

15  special master, at least as the MDL documents are available if

16  we can't work it out to resolve it on an expedited --

17          THE COURT:  Okay.

18          MR. CHEFFO:  -- basis.

19          THE COURT:  But -- so the bottom line is you would like

20  -- you have no objection to filing his heavily redacted

21  amended complaint.

22          MR. CHEFFO:  That's correct.

23          THE COURT:  I could -- provisionally impounding the

24  unredacted version, and then continue this for further hearing

25  to determine what portions of the redacted complaint should be

1    open to the public view.

2        Is that --

3        MR. CHEFFO:  I --

4        THE COURT:  -- the bottom line --

5        MR. CHEFFO:  I think --

6        THE COURT:  -- you're --

7        MR. CHEFFO:  I think Your Honor said it better than --

8    than I did.

9        THE COURT:  Okay.

10       MR. CHEFFO:  Yes.

11       THE COURT:  Okay.  So let me go back to Ms. Gillian [sic]

12   --

13       MS. FEINER:  Yes.

14       THE COURT:  -- since she did stand up and start speaking

15   first, and I cut her off.

16       MS. FEINER:  No, that's --

17       THE COURT:  And --

18       MS. FEINER:  -- fine, Your Honor.

19       I think --

20       THE COURT:  That's the proposal and that's -- I mean

21   that's where I'm inclined to -- to go.

22       I -- I appreciate any comments you might have about the

23   issues that ultimately I'm going to have to decide, if that's

24   what we can -- and certainly, we can discuss that today as

25   well.

1          MS. FEINER:  So we would like to file a redacted version

2     of the complaint today.

3          There is at least one motion to impound on the merits

4     that I think you can get to from the CEOs, but before we get

5     there, if you would just indulge me for a --

6          THE COURT:  Okay.

7          MS. FEINER:  -- moment --

8          THE COURT:  That's fine.

9          MS. FEINER:  -- just unpack a few of the things that

10    happened yesterday.

11         THE COURT:  Yes.  A lot happened yesterday.

12         MS. FEINER:  A lot happened yesterday.

13         So the MDL protective order, which you have as an

14    attachment to Purdue's motion to impound, expressly allows

15    state Court plaintiffs to obtain documents produced in the MDL

16    by the defendants in their cases.

17         So here, you know, we're obviously the State Court

18    plaintiff, and Purdue is our defendant.  The have made

19    productions in the MDL.

20         We signed onto the MDL protective order in July after

21    filing our initial complaint in June.  We did not hide the

22    ball --

23         THE COURT:  Okay.

24         MS. FEINER:  -- on this from Purdue, and I think that the

25    best evidence of that, Your Honor, is in the protective order

1    this Court entered, which was a heavily negotiated document

2    that Purdue actually submitted to the Court together with a

3    joint motion for entry.

4         THE COURT:  And -- and by the way, what -- who entered --

5    I think this got transferred from a regular civil session to

6    --

7         MS. FEINER:  Kaplan, it was Judge Kaplan --

8         THE COURT:  Oh, okay.

9         MS. FEINER:  -- Your Honor.

10        THE COURT:  Okay.

11        MS. FEINER:  and I believe that that was on October 22nd,

12   if memory serves.

13        So it was a heavily negotiated document.  We compromised

14   on certain issues.  They compromised on certain issues

15   including to agree that documents that we obtained pursuant to

16   paragraph 33L of the MDL protective order would be governed by

17   this Court's protective order.

18        To the extent that they have characterized either in

19   their motion -- emergency motion to Judge Bolster or the --

20   the motion to impound that they filed yesterday, our

21   allegations in the amended complaint as inappropriate in any

22   way, I'm not going to spend a lot of time on it, but I just

23   want to briefly address it.

24        After filing our initial complaint in June, all of the

25   defendants, the individual defendants, served us with motions

1    to dismiss for lack of personal jurisdiction together with

2    affidavits swearing that they didn't direct or engage in the

3    marketing of or promotion of Purdue's opioids in

4    Massachusetts.

5         Our amended complaints that you -- you have both copies

6    of contains detailed allegations regarding each of those

7    defendants' involvement in the unlawful conduct, including in

8    Massachusetts.

9         So we --

10        THE COURT:  So --

11        MS. FEINER:  -- view them as necessary --

12        THE COURT:  -- these allegations were necessary --

13        MS. FEINER:  -- and appropriate.

14        Putting aside the legal and factual disputes for a

15   moment, which are not maybe insignificant, what matters most

16   to us and what we think is best -- most in the public interest

17   is moving forward with our law enforcement action by filing

18   our redacted complaint today.

19        We want to move forward expeditiously also with an

20   appropriate meet and confer process.  We've been ready to do

21   that.  We remain ready to do that.  The processes laid out in

22   the various orders your -- this Court's order, the MDL Court

23   order aren't that different.

24        Accordingly, last night, I sent Purdue's counsel notice

25   pursuant to paragraph 52 of the MDL protective order that we

1   are challenging their confidentiality designations as they

2   relate to the information in the still redacted allegations,

3   and under that provision, we expect the process to move

4   forward.

5       THE COURT:  So the -- the first issue that needs to -- or

6   one of -- one of the issues that needs to be resolved is

7   whether the material in your amended complaint in any way runs

8   afoul of the MDL order; is that --

9       MS. FEINER:  It's not --

10      THE COURT:  -- or -- or --

11      MS. FEINER:  -- that it runs --

12      THE COURT:  It --

13      MS. FEINER:  -- afoul of it.  I mean --

14      THE COURT:  Or it involves the use of confidential

15  information produced in the MDL litigation I guess.

16      MS. FEINER:  Where -- and -- and -- and I guess we --

17  there will be a -- a process whereby we have challenge -- we

18  have now challenged those designations.  They have seven days

19  to respond with their basis for those designations, then we

20  have another seven days to challenge the designation with the

21  special master, Special Master Cohen in the MDL.

22      I mean if we're -- if we're operating under this

23  paradigm, and then they have the burden of persuasion with

24  respect to the propriety of the designations.

25      Now, I think they -- they -- the reason that we're in

1    this process is because they believe that the standard that

2    Special Master Cohen is going to be apply is more favorable to

3    them on the designations.

4         But, you know, we're willing to work in good faith to see

5    if we can get to a less redacted place, and we would just ask

6    for a status conference in 30 days so that we can report back

7    to you on the progress.

8         You know, if we can -- if we can cover a lot of ground,

9    in -- in the next 30 days, then, you know, perhaps we can just

10   file a less redacted version, get the unredacted version

11   impounded here and sort of move on with our lives, but we

12   don't think it's -- we -- we just want to move forward.

13        THE COURT:  So I guess you're saying step one, I -- is to

14   determine whether there's material in the redacted complaint

15   that falls within the scope of the MDL order and to get the

16   special -- the special master there, the Federal Judge there

17   involved to make some kind of determination on that issue?

18        MS. FEINER:  Correct -- well, I think that we would

19   acknowledge, and the -- the -- the footnotes in our complaint

20   show that many of the -- much of the information that our

21   allegations are based on was information that we obtained

22   through this MDL process.

23        We don't really dispute that.

24        I think --

25        THE COURT:  Okay.

1          MS. FEINER:  -- what we would dispute is whether they're

2     appropriately designated confidential, and so that's what

3     we're hoping to deal with.

4          They have taken a pretty categorical position over the

5     last week, and I think in their written product as well, that

6     anything that they produced in the MDL that we're relying

7     upon, we should have to go through the de-designation process

8     in the MDL.

9          And we are saying --

10         THE COURT:  Okay.

11         MS. FEINER:  -- that we expect to be treated fairly in

12    both Courts, and our goal is really the same in both Courts.

13         THE COURT:  So first determine whether this information

14    is appropriately designated confidential per -- pursuant to

15    the terms of the MDL order.

16         MS. FEINER:  Yes.

17         THE COURT:  Step one.

18         MS. FEINER:  I hope that they'll concede on some of these

19    points.

20         THE COURT:  Okay.  So there may be -- the -- disputes may

21    be at the very least narrowed substantially; right?

22         MS. FEINER:  I can dream.

23         THE COURT:  Okay.

24         Okay.  And then so you're saying that would take how

25    long?  About 30 days?

```
1          MS. FEINER:  That -- no, I think that there's sort of a
2     14 day process before this goes to the special master.  I
3     don't have control over Special Master Cohen's, you know, sort
4     of schedule, and I think that he's probably pretty busy
5     dealing with the many discovery disputes that are going on in
6     the MDL right now, not just having to do with us.
7          But my hope would be that he could deal with it
8     expeditiously and that whatever happens, I think it would be
9     healthy for us to have a check-in with you in 30 days.
10         THE COURT:  So it's not if the -- the -- the -- the
11    special master --
12         Is that what it is, a special master?
13         MS. FEINER:  Yeah.  He's a --
14         THE COURT:  Okay.  So if the special master determines
15    that it was not appropriately designated confidential, then
16    there's no need -- the -- we don't need to get to any
17    additional issues here.  That -- the -- the -- everything else
18    will be resolved, no dispute.
19         Those portions, everybody would agree can be used by the
20    Commonwealth -- Commonwealth, I guess is --
21         So but I -- what I'm still puzzled about, and maybe this
22    is premature, is, if the special master does determine it was
23    appropriately designated confidential, for purposes of
24    discovery in a federal lawsuit, how that effects this matter
25    in terms of a public filing in State Court under our uniform
```

```
1    rules of impoundment.
2          MS. FEINER:  Yes.
3          THE COURT:  That's where I'm unclear.
4          I'm going to hear from the --
5          MR. CHEFFO:  Yes.
6          THE COURT:  -- defense counsel in just a minute.
7          We're going to take turns so that --
8          MS. FEINER:  Right.
9          THE COURT:  -- before I turn things over to him, if you
10   can kind of give me a preview of that, but I guess I may not
11   have to --
12         MS. FEINER:  You --
13         THE COURT:  -- decide that today.
14         You're saying --
15         MS. FEINER:  You don't.
16         THE COURT:  -- put it on for a 30 day status date, see
17   whether these documents are appropriately designated
18   confidential under the MDL order.  That may narrow it -- the
19   disputes significantly.
20         And then we can go to step two of that process, whatever
21   it is?
22         MS. FEINER:  I think that that's right, Your Honor.  I
23   think that -- you've correctly identified that there is sort
24   of a -- a difficult issue coming down the road, but I don't
25   know what it makes sense today to --
```

```
1              THE COURT:  Yeah.
2              MS. FEINER:  -- speculate --
3              THE COURT:  All right.
4              MS. FEINER:  -- on how we deal with that issue.
5         You know, we're obviously prepared to be reasonable and
6    practical --
7              THE COURT:  Okay.
8              MS. FEINER:  -- so we'll cross that bridge when we come
9    to it, at least that would be our suggestion.
10             THE COURT:  Okay.
11        So --
12             MR. CHEFFO:  Sorry, Your Honor.
13        Yeah.  I was just going to --
14        I -- I really don't think there's much dispute about
15   this, so I would just more kind of amplify I think what --
16   what Ms. Feiner said.
17        I mean the reality is I -- I -- I hate to be categorical
18   because there's a lot of litigation around the country, but to
19   my best recollection, we've had -- never had to actually have
20   litigation about this.  So in other words, when this process
21   typically works, you know, we usually reach a lot of agreement
22   on things, and we, you know, de -- decide how we can say you
23   can say this, is that okay, what -- don't rely on this
24   document, or they've convinced us that on retrospect, we'd
25   rather not fight about that particular document.
```

```
 1            So I -- you know, that's not specific to the Court --
 2       THE COURT:  And --
 3       MR. CHEFFO:  -- but --
 4       THE COURT:  -- frankly, I -- I -- I don't disagree.
 5       MR. CHEFFO:  Yeah.
 6       THE COURT:  I -- I -- here's -- here's my overall problem
 7  --
 8       MR. CHEFFO:  Sure.
 9       THE COURT:  -- with this, and this -- again, I -- this is
10  not something we have to decide today.
11            Parties enter into confidentiality orders all the time --
12       MR. CHEFFO:  Right.
13       THE COURT:  -- protective orders to pro -- protect the
14  confidentiality of documents in the course of discovery.  I
15  sign off on those orders routinely in the business litigation
16  session.
17            Those orders, as the State Court order that was signed
18  here, typically con -- contain, however, an -- an additional
19  provision regarding let's -- these documents are appropriately
20  designated confidential and discovery was had and they were
21  exchanged and with that understanding.
22            But now, the party wants to use them in a public filing.
23  The Court is not bound by the confidentiality designation that
24  the party made -- made to facilitate discovery.
25       MR. CHEFFO:  Right.
```

1        THE COURT:  It has to follow the uniform rules of

2   impoundment and make certain decisions --

3        MR. CHEFFO:  Right.

4        THE COURT:  -- as to whether there's a public interest in

5   disclosure.

6        So I have no problem --

7        MR. CHEFFO:  Sure.

8        THE COURT:  -- with people designated whatever they want

9   as confidential to facilitate discovery.  Where I'm having --

10  my difficulty comes in then preventing a party from a -- or --

11  or a -- essentially, having one party say because we

12  designated it confidential for discovery purposes, we think

13  you must impound it for purposes of this public litigation.

14  That's a --

15        MR. CHEFFO:  I -

16        THE COURT:  -- an additional step --

17        MR. CHEFFO:  And I understand that, Your Honor.

18        And -- and again, I -- I think that will be the next

19  step.  I -- here's the one thing I think is different, and I

20  don't -- I don't want to be pejorative in any way about this.

21        But normally that comes up, right, in context of, you

22  know, you produce documents, right, then you have depositions,

23  and then you can -- you know -- you know, it's not -- the

24  situation that's different here is that the state is basically

25  taking this information and putting a -- seeking to put it

1    into a complaint, right, where there's not going to be any

2    opportunity to say well that's cherry picked or here's the

3    other documents.

4         Or by the time the defendants could actually respond to

5    that or in discovery is going to be, you know, maybe six or

6    nine months down the road.

7         So I -- I don't usually see in the situation where

8    somebody takes it and wants to put it into a complaint.

9         Usually, we cross those bridges where the -- the Court --

10   you know, it's in the connection where a deposition where

11   people have an explanation or in interrogatory responses.

12        So I do think it is -- it --

13        THE COURT:  Or when --

14        MR. CHEFFO:  -- will be --

15        THE COURT:  I think the -- but the issue comes to me --

16        MR. CHEFFO:  Yes, Your Honor.

17        THE COURT:  -- only if there's some -- an attempt to

18   publically file --

19        MR. CHEFFO:  The --

20        THE COURT:  -- that information.

21        MR. CHEFFO:  I --

22        THE COURT:  You can do whatever you want in your

23   depositions and your interrogatories.

24        MR. CHEFFO:  Exactly right.

25        THE COURT:  So I think what you're saying is this is very

1    unusual to get this -- to this issue so quickly --

2         MR. CHEFFO:  Because --

3         THE COURT:  -- by way --

4         MR. CHEFFO:  -- people don't usually --

5         THE COURT:  -- of amended -

6         MR. CHEFFO:  -- file it --

7         THE COURT: -- complaint.

8         MR. CHEFFO:  -- in the complaint when we don't have a

9    chance to actually have this dialog back and forth, and that's

10   really our objection.

11        So --

12        THE COURT:  But I guess --

13        MR. CHEFFO:  -- we're -- we're not seeking to claw back

14   any of the documents; right?

15        We're not saying they can't have it, they can't use it.

16   In fact, we think it's efficient to do it.  We're basically

17   just suggesting -- and -- and -- and I think as -- as Ms.

18   Feiner said, this is -- there's a process in place which says,

19   you know, they've basically -- I think, look, on both sides,

20   we said we need more time, they wrote us a note last night

21   pursuant to the -- the protective order which said we

22   challenge all of the confidentiality; right?

23        THE COURT:  Uh-huh.

24        MR. CHEFFO:  So probably neither one of those positions

25   of they're all confidential and they all are not confidential,

1   so that's why I think if we have an opportunity to talk to

2   each other --

3          THE COURT:  Okay.

4          MR. CHEFFO:  -- and try and work it out, and if we have

5   disputes, the special master will deal with it.

6          But at some point --

7          THE COURT:  I -- I don't -- I will say I don't think --

8   whatever the special master determines is -- is -- is not

9   necessarily going to be the end of the story here for purposes

10  of the State Court litigation.

11         MR. CHEFFO:  Sure.

12         THE COURT:  That is that if there's a request to me and

13  this -- regardless of what the case is, to hide from public

14  view something that ordinarily is considered to be a matter of

15  public record, then under the rules of impoundment, I may have

16  to make a determination that the private interest outweigh the

17  public interest and that an impoundment is justified.

18         This is --

19         I mean obviously a matter of some public interest, so my

20  antennas go up when there's a request to heavily redact any

21  public filing in a case like this.

22         And so it's -- it's very different from a master

23  overseeing discovery.

24         MR. CHEFFO:  We -- we --

25         THE COURT:  It is a -- request to the Court in a public

```
1    filing to hide certain information or allegations at this
2    point from the public, and there may be other members of the
3    public, for example, the media who have an interest in
4    obtaining that information and they have a right to be heard
5    under our rules of impoundment.
6         MR. CHEFFO:  We -- we understand, Your Honor.
7         And I would just -- and I -- I -- I really don't, again,
8    disagree with that.  I would just -- just say that the
9    situation here is a little different; right?
10        So --
11        THE COURT:  I'm not sure why it's --
12        MR. CHEFFO:  Well --
13        THE COURT:  -- different.
14        MR. CHEFFO:  -- here -- here -- here's why I think it is
15   a little different.
16        There was -- there was a -- a -- a bunch of documents, a
17   lot of documents, probably millions of pages that were
18   produced to the state in connection prior to litigation.
19   Those were then provided here; right?  They were in a
20   complaint.
21        I -- I think that was a -- a different situation.
22        Here, at least our view is, the state went and basically
23   took advantage of the MDL, right, documents, so at the end of
24   the day -- and basically -- and just I don't want to get into
25   the weeds on this --
```

1          THE COURT:  Okay.

2          MR. CHEFFO:  -- Your Honor --

3          THE COURT:  I -- I'm not sure -- I understand that you

4    feel like there's some strategic and ulterior motives here.

5          Ms. Gillian has said that this is actually was to respond

6    to your motion to dismiss.

7          But put that aside. I'm saying I'm governed by these

8    rules.  I'm trying to --

9          MR. CHEFFO:  Right.

10         THE COURT:  -- understand how this case should be treated

11   any differently.

12         Yes, there is this MDL work.  That's the wrinkle, and

13   that's what I don't totally understand how it fits into this

14   procedure -- this proceeding.

15         But ultimately, and again, this is just a preview --

16         MR. CHEFFO:  Sure.

17         THE COURT:  -- of what we're going to hear down the road.

18         Ultimately, if you do decide that you are going to be

19   seeking redactions, and that the special master in the federal

20   litigation has determined that they were appropriately

21   designated confidential for purposes of discovery, as I

22   understand it, in that litigation, does -- what does that

23   mean?

24         Does that mean that I should therefore impound that

25   information to the extent it comes in by way of an amended

```
 1    complaint?
 2          That's going to be the issue --
 3          MR. CHEFFO:  And--
 4          THE COURT:  -- I have to face.
 5          MR. CHEFFO:  I understand.
 6          And I -- and I -- I really do understand that, and I --
 7    and -- and I don't want to -- you know, when you -- when
 8    you've had enough of -- of hearing --
 9          I -- my only point on this is -- is -- is really just
10    that we will go through the process, and -- and it will be
11    something that we'll have to work out because the -- the
12    document -- it would be no different than if this Court had a
13    protective order and said I think these are -- you know, we
14    would -- we wouldn't base it --
15          If there were documents that were declared confidential
16    here --
17          THE COURT:  Yes.
18          MR. CHEFFO:  -- that Your Honor said I think these are
19    confidential, we would not take them somewhere else.  We would
20    just have to make sure that -- that the documents and the
21    protections work because the difference here is these were not
22    produced during discovery.
23          They weren't in response to a request to the state, so
24    there are, as I said, million -- tens of millions of pages.
25          The protective order in the MDL -- so -- so a lot of the
```

1    documents in fairness I don't think would have ever been

2    responsive to the claims in this case; however the parties,

3    for efficiency, had said you can go ahead and look at any of

4    the doc -- because they're nationwide --

5         THE COURT:  Yeah.

6         MR. CHEFFO:  -- right?

7         There are things that could be in --

8         THE COURT:  No.

9         MR. CHEFFO: -- Wisconsin.

10        THE COURT:  It -- it makes -- that's efficient for

11   purposes --

12        MR. CHEFFO:  It --

13        THE COURT:  -- of discovery --

14        MR. CHEFFO:  It --

15        THE COURT:  -- yes.

16        MR. CHEFFO:  Exactly.

17        THE COURT:  I'll agree.

18        MR. CHEFFO:  And -- and so we said but if you're going to

19   access them, right, somebody has to determine, right, whether

20   they are -- are confidential and that's, you know, under the

21   auspices, just like if it was --

22        THE COURT:  Of the special --

23        MR. CHEFFO:  -- your document, that would be he auspices.

24        So now how it ultimately gets filed, I think we'll all

25   have to work on that but it would be no different, it seems to

1    me, that if -- if a document is legitimately determined to be,

2    by you or the special master, confidential, right, there has

3    to be some ways of protecting that form public disclosure --

4         THE COURT:  Well --

5         MR. CHEFFO:  -- if you --

6         THE COURT:  -- actually --

7         MR. CHEFFO:  -- determine that it's confidential.

8         THE COURT:  Well, actually, the protective order that

9    this Court entered, and it is very typical of protective

10   orders generally in cases where confidential information is

11   going to be exchanged, has a particular paragraph, paragraph

12   12, that deals specifically with that, before publically

13   filing any pleadings or other documents of any nature which

14   con -- do contain confidential materials, undisputedly

15   confidential materials, the parties -- and then it has a

16   process.  The parties shall first confer, and unless they

17   agree that they can be filed without redactions, then one

18   party can move for impoundment.

19        There's -- the uniform rules of impoundment then kick in,

20   and it's quite clear that the Court -- it's deter -- that the

21   -- that the parties have agreed and it -- undisputedly that

22   this is confidential material does not mean that the Court

23   should or will impound it, that there's -- that this

24   protective order, -- the State Court order, I think, makes

25   that clear, that this is going to be a separate determination.

1        And so I -- I -- the MDL order doesn't seem to have that

2    kind of provision, so I'm not -- a little unclear about --

3        MR. CHEFFO:  Well --

4        THE COURT: -- how these --

5        MR. CHEFFO:  And as your --

6        THE COURT:  -- go together.

7        MR. CHEFFO:  As Your Honor said, you're going to -- you

8    know, we're going to all have to work this through.

9        The only thing, again, I would suggest is that -- is

10   because -- and I'm not faulting at all, I -- you know, so I if

11   meant to be -- I'm not at all faulting.

12       I think this was the way the process works.

13       But my only point really here is that because there's

14   this huge amount of documents, right, and basically, you know,

15   there's -- there's an acknowledgement, you probably saw it,

16   that -- that Ms. Feiner signed that said that they will do

17   nothing to -- they will subject themselves to the -- the

18   jurisdiction of the Federal Court; right?

19       So if there's a --

20       THE COURT:  Well --

21       MR. CHEFFO:  -- dispute about --

22       THE COURT:  -- discovery -- yes, okay.

23       MR. CHEFFO:  -- about those, that -- that's my -- really

24   my only point.

25       I -- I -- you know, it would be an end around, right, if

1    basically someone could just take those documents and then

2    just file them.

3            So we -- we do think that our personal view, Your Honor,

4    will have -- obviously, this is your Court.  You know, is that

5    to the extent that there are disputes and they go through the

6    process and they were obtained pursuant to this agreement, --

7            THE COURT:  Uh-huh.

8            MR. CHEFFO:  -- that those documents, that should be --

9            And look, we may win some of those calls.  We may lose.

10    Hopefully, we won't have to have a lot of those, but

11    ultimately, because they came subject to and pursuant to an

12    MDL protective order --

13            THE COURT:  Yes.

14            MR. CHEFFO:  -- right?

15            Just like no different if -- if -- if this Court had an

16    order and someone else used them, you would be the arbiter.

17            In that case, we've decided, everyone has, that if we're

18    going to use those documents, the way we determine whether

19    they're confidential or not is to go through the MDL process

20    because there's a forty page --

21            THE COURT:  I --

22            MR. CHEFFO:  -- protective order there --

23            THE COURT:  I --

24            MR. CHEFFO:  -- as well.

25            THE COURT:  I get -- I get all that.

1        I guess the -- what I'm -- again, the -- something is

2   designated confidential it -- does not necessarily mean in my

3   view that this Court must impound it.

4        And -- and so -- but -- but, you know, frankly --

5        MR. CHEFFO:  Yeah.  I understand.

6        THE COURT:  This does give the -- a time for the special

7   master and the -- the feds in Ohio, I guess --

8        MR. CHEFFO:  Right.

9        THE COURT: -- to speak to any issue that you think is

10  implicated --

11       MR. CHEFFO:  Right.

12       THE COURT:  -- here, and presumably, that may well --

13       MR. CHEFFO:  And --

14       THE COURT:  -- take place before the next date --

15       MR. CHEFFO:  And it may well --

16       THE COURT:  -- and you'll have some -- I'll have some

17  guidance because obviously, I don't want to --

18       MR. CHEFFO:  Right.

19       THE COURT:  -- get into a state -- state federal kind of

20  quarrel.

21       MR. CHEFFO:  And to be very clear -- right.

22       So I -- we were very careful about this.  I think counsel

23  was and the Court was.

24       The order that came out basically says the state, as I

25  understand it, the state must abide by the protective order;

```
 1    right?

 2         So I don't think they're going to be able to file

 3    something that -- that's governed by the protective order if

 4    Judge --

 5         THE COURT:  I --

 6         MR. CHEFFO:  -- Bolster determines that it's confidential

 7    --

 8         THE COURT:  Okay.

 9         MR. CHEFFO:  -- so that --

10         THE COURT:  That's your --

11         MR. CHEFFO:  -- would be --

12         THE COURT:  -- opinion.

13         MR. CHEFFO:  -- something that -- you know, that we would

14    have to work through.

15         But I -- see, I don't think it's direct -- to be very

16    clear, I don't think Judge Bolster has said this Court should

17    do anything.  We have not asked him to do anything.  I think

18    his -- his order is based on the folks who signed the

19    acknowledgement to the protective order, say you cannot

20    disclose this; right?

21         That's what it said yesterday.

22         Now we're going to work through this process, but that's

23    going to be the issue; right?  It's not Your Honor doing it.

24    It's whether, you know, they could --

25         THE COURT:  Well, that's --
```

1        MR. CHEFFO:  -- actually --

2        THE COURT:  I -- there was something in the transcript

3    that says by which you -- defense counsel said it's clear the

4    State Court has a much different view as to what is

5    protectable here.

6        She -- Judge Sanders is inclined only to protect trade

7    secrets.

8        And -- and frankly, the reason I am trying to articulate

9    my views on this, it's not that I only view information that

10   should be impounded as only trade secrets.  It's that I do see

11   that there's a -- first of all, a process by which discovery

12   is had, and the parties designate things confidential, and for

13   the most part, that's by agreement.

14       MR. CHEFFO:  Uh-huh.

15       THE COURT:  And then there's a second part of the

16   process, by which one party now seeks to use this confidential

17   material in a public filing, and in every case, I find myself

18   bound by the uniform rules of impoundment and have to make a

19   determination whether, notwithstanding the fact that this is

20   confidential material, is it never -- nevertheless in the

21   public interest that this should be publically filed as

22   opposed to redacted.

23       So it's not a -- necessarily --

24       MR. CHEFFO:  I understand.

25       THE COURT:  -- a difference in my view of what's

```
 1    confidential.  It's my difference -- perhaps a difference of
 2    opinion as to the steps in the process.
 3         MR. CHEFFO:  Okay.
 4         THE COURT:  Confidential for purposes if discovery, but
 5    what happens when a party seeks to use that in  a public found
 6    -- filing?
 7         Well, then we have these state rules of impoundment.
 8         MR. CHEFFO:  I understand --
 9         THE COURT:  So that's --
10         MR. CHEFFO:  -- that.
11         THE COURT:  -- that's the difference here.
12         MR. CHEFFO:  And I -- I -- I appreciate Your Honor
13    explaining that.
14         And I -- look, I'm -- I'm hopeful that we will, you know,
15    be able to work a lot of this out and -- and have an
16    opportunity to --
17         And this is a little unusual situation, right, because
18    usually party serves discovery, you get a discovery, all the
19    rules apply.
20         The only thing I think we have this issue is because --
21         THE COURT:  I --
22         MR. CHEFFO:  -- of --
23         THE COURT:  -- I'm not inter --
24         MR. CHEFFO:  Yeah.
25         THE COURT:  I think -- and I'm not -- I am not
```

1    interfering with that at all.

2        MR. CHEFFO:  Right.

3        THE COURT:  And the protective order, I -- that we --

4    that this Court signed not -- wants to facilitate discovery.

5        It -- the -- the -- where the Court is implicated --

6        MR. CHEFFO:  Yes.

7        THE COURT:  -- is when you then ask the Court to put its

8    approval on hiding this information from the public.  That's

9    -- so that's what I'm concerned with ultimately, that

10   something is designated confidential for purposes of

11   discovery, I don't have strong feelings about.

12       MR. CHEFFO:  Uh-huh.

13       THE COURT:  That -- that, generally speaking, is worked

14   out among the parties.

15       This case is different in that this was MDL ordered.  So

16   if the special master has some different, kind of, legal view

17   as to how this process should proceed, then obviously I'm -- I

18   -- I'd be interested in knowing what that is.

19       I -- because I don't want to, again, throw a monkey

20   wrench into those proceedings.

21       Not my intent --

22       MR. CHEFFO:  Uh-huh.

23       THE COURT:  -- never my desire to get into some kind of

24   fight with the feds --

25       MR. CHEFFO:  No, I --

1      THE COURT:  So --

2      MR. CHEFFO:  -- and we -- we don't see that either, Your

3  Honor.

4      Thank you.

5      THE COURT:  So Ms. Gillian [sic], you seem anxious to

6  reply?

7      MS. FEINER:  No, I -- I think you -- you correctly

8  understand the issue.  I think it's possible that when we come

9  back here in 30 days or whenever you set the status

10  conference, that there could be issues where Special Master

11  Cohen thinks that something is confidential and we still

12  disagree.

13      And I think what -- what may change between now and then

14  is we'll know the universe --

15      THE COURT:  Yes.

16      MS. FEINER:  -- of those issues, and we'll be able to

17  sort of right size the discussion.

18      So that --

19      THE COURT:  Okay.  I think that's right.

20      MS. FEINER:  -- that makes sense to us.  We would like to

21  file, very much, a redacted complaint.

22      We understand that Judge Bolster has no objection to

23  that.  Purdue has no objection to that.  I will tell you that

24  since we gave a -- the redacted complaint to you last week, we

25  have engaged a little bit in a meet and confer process with

1    some of the other defendants and actually Purdue yesterday

2    gave us some items that we could un-redact so we would  like

3    to replace that version with a new version.

4         THE COURT:  Of course there's nothing to replace yet for

5    the public file.

6         This was simply presented to me so that I understood what

7    was going in here --

8         MS. FEINER:  Correct.

9         THE COURT:  -- so --

10        I -- there's been no public filing of it -- either an un-

11   redacted version or a redacted version, no amended complaint

12   yet.

13        MS. FEINER:  Right.

14        THE COURT:  So you're saying you do have an updated

15   version of the redacted --

16        MS. FEINER:  We do.

17        THE COURT:  -- complaint?

18        MS. FEINER:  And we would like --

19        THE COURT:  That you'd like --

20        MS. FEINER:  -- to file it.

21        THE COURT:  Okay.

22        MS. FEINER:  With -- with sort of one caveat --

23        THE COURT:  Okay.

24        MS. FEINER:  -- which is that you have a motion to

25   impound before you from the CEO defendants on a limited issue

1    of compensation --

2         THE COURT:  Yes.

3         MS. FEINER:  -- and so depending on the outcome of that,

4    the redacted version --

5         THE COURT:  Okay.

6         MS. FEINER:  -- that we have may change further.

7         THE COURT:  So maybe I should turn to that first, who is

8    arguing that?

9         MR. CARROLL:  Your Honor, James Carroll on behalf of Mr.

10   Landau, Mr. Stewart, and Mr. Timney.

11        We have made under the uniform rules of impoundment a

12   very narrow motion to impound pieces of nine lines of this 274

13   page complaint.

14        Those pieces of those nine lines disclose particular

15   compensation information as to which these defendants have --

16   have now and have always had a legitimate interest of privacy.

17        These are private people who work for a private company.

18   They are not public citizens.  They do not push themselves

19   into the public domain.  They're not politicians or anyone

20   like that seeking publicity.

21        The only way in which they've ever been main --

22   maintained to be public persons is being named by the

23   Commonwealth in this case with the allegations that have been

24   made.

25        Respectfully, the Commonwealth can't say that's a public

1    person because we put them in the complaint and made a bunch

2    of allegations against them.

3          Your Honor, the compensation information included in that

4    Exhibit, and it's only the Exhibit, it's not in the complaint

5    --

6          THE COURT:  Oh, okay.

7          MR. CARROLL:  -- itself --

8          THE COURT:  Okay.

9          MR. CARROLL:  -- goes to no element of any claim.  It's

10   information that is not relevant to any element the

11   Commonwealth would prove on a 93A claim, and it goes to no

12   element that they would prove on a public nuisance claim.

13         We appreciate the strong public interest and

14   transparency, but it is to relevant information.

15         Those very modest redactions don't deprive the public of

16   knowing anything that they need to know about this case and

17   we'd stipulate that the gentleman are highly compensated.

18         THE COURT:  okay.

19         MR. CARROLL:  The specific information is of no moment to

20   this case and ought to be, we respectfully submit, redacted

21   and doing so, I would also say is consistent with Judge

22   Brassard's decision that -- that he issued with respect to

23   protective orders that we cited in the Saint Paul Insurance

24   case.

25         THE COURT:  Okay.  Thank you.

 1        Ms. Gillian [sic], what -- do you have any position on

 2    that motion?

 3        MS. FEINER:  Well, we agree that their motion to impound

 4    is quite discrete in nature, and we place that -- those

 5    allegations in an exhibit to simplify potential impoundment.

 6        Having reviewed the CEO defendant's motion, we don't

 7    believe that they have met the standard for impoundment --

 8    impoundment.  This is a law enforcement complaint concerning

 9    matters of significant public interest.

10        We've alleged the defendants engaged in and personally

11    profited from misconduct in the market against sale of opioids

12    in Massachusetts.

13        We disagree that salary information like what's contained

14    in Exhibit 2 is intensely personal.  In many contexts, salary

15    is public, public employees, executives at Massachusetts

16    public charities like hospitals and executives at publically

17    traded companies, where I believe Mr. Timney has since taken a

18    position as a CEO.

19        And we would further say -- state that the CEO's

20    compensation goes to at least two issues that are in dispute,

21    jurisdiction and damages.

22        So, you know, that's where we stand.  We think that the

23    -- the standard for impoundment is a pretty onerous one, but

24    it is a discrete set of allegations and they are in the

25    exhibit.  So --

```
 1          THE COURT:  Okay.  So you oppose it?

 2          MS. FEINER:  Yes.

 3          THE COURT:  Okay.  You orally oppose it.

 4          I didn't receive any particular --

 5          MS. FEINER:  That's correct --

 6          THE COURT: -- filing.

 7          MS. FEINER:  -- Your Honor.

 8          THE COURT:  Okay.  So I -- I think there's some good

 9    arguments for impound -- this is actually what I contemplated

10    more in terms of impoundment, a very narrow and focused and

11    limited impoundment with a -- a particular reasons articulated

12    as to why this information should -- is -- is not particularly

13    helpful, nor does it serve any particular public interest.

14          We're going to be back here anyway, however, so I'm going

15    to allow the request given the limited nature of it, but given

16    that the -- we're going to have further hearings as to

17    impoundment of other portions of the complaint, I would like

18    to just have this provisional order.

19          Once I have the whole universe before me, and I

20    understand the scope of the redactions that are going to be

21    requested, I want to be able to revisit this issue.  So this

22    is a provisional order only.

23          I guess that means you have to come back, Mr. Carroll,

24    but you're coming back anyways.

25          MR. CARROLL:  I like coming to see you, Your Honor.
```

1           THE COURT:  Okay.  Okay.

2       So not -- no burden on you.

3           I do think there is a -- a good reason to have the filing

4    of this redacted version.  Now that it's been explained to me

5    that there is a reason for this Court to accept the redacted

6    version because of the federal order, I think it's important

7    of the public to see the extent of the redactions that are

8    contained in that because if there is a public interest or if

9    there is some representative of the public who wishes to be

10   heard with respect to these redactions, they now have --

11   they're pretty much on notice as to what we're going to be

12   discussing at the next hearing.

13          And that would be the time for those nonparties, and I

14   think the rule allows it, to speak up, to the extent there's a

15   public interest here.

16          So redacted version of those -- the latest version is

17   filed.  That -- I have allowed this request to -- by the

18   defendants, Craig Landau and John Stewart and Mark Timney,

19   pending further hearing.

20          The further hearing is going to be when?

21          30 days, is that what we're thinking?

22          MS. FEINER:  We would propose 30 days --

23          THE COURT:  Okay.

24          MS. FEINER:  -- Your Honor.

25          THE COURT:  Is there -- I'm going to -- I think it's

1    important to have some continuity in this case so I'm going to

2    retain jurisdiction over this case.

3          I'm -- I -- I do not sit in the business litigation

4    section -- session for six months at a time, but I am in -- am

5    in this building, and BLS Judges do retain jurisdiction over

6    certain cases where the circumstances warrant it.

7          So I'm going to -- we'll likely be in this courtroom, but

8    it will require me to schedule around my criminal matters, and

9    so I'm -- try to put it either on a Friday afternoon or -- or

10   Friday day to avoid interrupting a trial that I might be

11   involved in.

12         We already have I think a -- at least one Friday day in

13   January in which I'm scheduled for another civil matter, which

14   I've retained jurisdiction; is that right?

15         THE CLERK:  Let me check.

16         THE COURT: I think it's January 19th.

17         THE CLERK:   I don't see anything on the 19th, Judge.

18         THE COURT:  Okay.

19         Is there a Friday around that time --

20         THE CLERK:  Oh, January 18th is a Friday.  That's the

21   gaming commission.

22         THE COURT:  Oh, that's it.  Okay.

23         THE CLERK:  The 18th.

24         THE COURT:  And that's scheduled for?

25         THE CLERK:  January 18th at two o'clock.

```
 1              THE COURT:  What -- what's the -- what's the event, a

 2       motion hearing?

 3              THE CLERK:  A rule --

 4              THE COURT:  Okay.

 5              THE CLERK:  Yes.

 6              THE COURT:  Okay.  What about the following week, the

 7       following Friday?

 8              MS. FEINER:  The 25th?

 9              THE COURT:  And would that make -- that gives everybody

10       enough time for this meet and confer and going to this special

11       master in Ohio, and --

12              MR. CHEFFO:  I -- I was going to suggest -- Yeah.

13              When you said the 18th, I was going to suggest the 25th.

14       I --

15              THE COURT:  Okay.

16              MR. CHEFFO:  --  just to give us --

17              THE COURT:  Okay.

18              MR. CHEFFO: -- that extra little bit of time, with the --

19              THE COURT:  Okay.

20              MR. CHEFFO:  -- holidays.

21              THE COURT:  January --

22              MR. CHEFFO:  is that --

23              THE COURT:  - 25th --

24              MR. CHEFFO:  Is that okay --

25              THE COURT:  -- then?
```

```
1              MR. CHEFFO:  -- with you?

2              MS. FEINER:  Sure.

3              THE COURT:  Okay.

4              January 25th, two o'clock in this session.

5              And frankly, and I'm -- I'm sure I don't even have to ask

6         for this, but any memoranda that will assist the Court, now

7         that we've kind of identified some of the issues that I

8         anticipate coming up, would be quite helpful.

9              This is going to come up -- I've kind of had to -- dealt

10        with this on the fly.  I think all of us had to deal with this

11        on the fly to some degree.

12             I got the material that we're talking about yesterday at

13        four o'clock, the transcript of the hearing was given to me

14        moments before I stepped on the bench.

15             So to the extent I've expressed certain thoughts, they've

16        been very much with little time to really thought through

17        them.

18             So they're subject to being revised, let me put it that

19        way.

20             We'll see you on January 25th then.

21             MS. FEINER:  Thank you so much, Your Honor.

22             MR. CHEFFO:  Thank you.

23             COURT OFFICER:  Court, all rise.

24             Court is adjourned.

25                              (Adjourned)
```



**The Commonwealth of Massachusetts**
**OFFICE OF COURT MANAGEMENT, Transcription Services**

## AUDIO ASSESSMENT FORM

*For court transcribers:*  Complete this assessment form for each volume of transcript produced, and include it at the back of every original and copy transcript with the certificate page, word index, and CD PDF transcript.

**TODAY'S DATE:**  December 28, 2018        **TRANSCRIBER NAME:**  Donna H Dominguez

**CASE NAME:**  Comm of Mass v Perdu Pharma et al   **CASE NUMBER:** 1884CV01808

**RECORDING DATE** December 21 2018      **TRANSCRIPT VOLUME:**  1   **OF**   1

---

*(circle one)* **TYPE: CD  TAPE        QUALITY: EXCELLENT   GOOD   FAIR   POOR**

*(circle all that apply)* **ISSUES** *(include time stamp):*

**background noise**                **time stamp:**_____

**low audio**                           _____

**low audio at sidebar**            _____

**simultaneous speech**           _____

**speaking away of microphone**   _____

**other:**_____        **time stamp:**_____

_____        _____

_____        _____

_____        _____

**COMMENTS:**_____
_____
_____

## <u>Certificate of Accuracy</u>

I, Donna Holmes Dominguez, an Approved Court Transcriber, do hereby certify that the foregoing is a true and accurate transcript of the audio recording provided to me by the Suffolk County Superior Court regarding proceedings in the above-entitled matter.

I, Donna Holmes Dominguez, further certify that the foregoing is in compliance with the Administrative Office of the Trial Court Directive on Transcript Format.

I, Donna Holmes Dominguez, further certify that I neither am counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____
Donna Holmes Dominguez, ACT, CET
Notary Public, Commission Expires 5-17-24

December 28, 2018_____
Date

 (781) 575-8000_____

donna@dhreporting.com

*DH Reporting Services, Inc. (781) 575-8000*

## 1

**12** [1] 31:12
**14** [1] 19:2
**18th** [4] 46:20,23,25 **47**:13
**19th** [2] 46:16,17

## 2

**2** [1] 43:14
**200** [2] 7:24 11:12
**2018-1808** [1] 4:7
**22nd** [1] 14:11
**25th** [5] 47:8,13,23 48:4,20
**274** [1] 41:12

## 3

**30** [8] 17:6,9 18:25 19:9 20: 16 39:9 45:21,22
**300** [1] 11:13
**33l** [1] 14:16

## 4

**40** [1] 8:21

## 5

**52** [1] 15:25

## 8

**800** [1] 11:13

## 9

**93a** [1] 42:11

## A

**abide** [1] 34:25
**able** [5] 6:6 35:2 37:15 39: 16 44:21
**accept** [1] 45:5
**access** [1] 30:19
**accessed** [1] 8:23
**accordingly** [1] 15:24
**acknowledge** [1] 17:19
**acknowledgement** [2] 32:15 35:19
**action** [2] 4:6 15:17
**actually** [13] 8:3,5,6 14:2 21:19 24:4 25:9 28:5 31:6, 8 36:1 40:1 44:9
**added** [2] 7:24 11:12
**additional** [3] 19:17 22:18 23:16
**address** [1] 14:23

**adjourned** [2] 48:24,25
**advantage** [1] 27:23
**affidavits** [1] 15:2
**afoul** [2] 16:8,13
**afternoon** [1] 46:9
**agree** [6] 10:8 14:15 19:19 30:17 31:17 43:3
**agreed** [3] 8:3,8 31:21
**agreement** [4] 11:11 21: 21 33:6 36:13
**ahead** [1] 30:3
**al** [1] 4:7
**alexander** [2] 4:12,15
**allegations** [11] 7:25 14: 21 15:6,12 16:2 17:21 27:1 41:23 42:2 43:5,24
**alleged** [1] 43:10
**allow** [1] 44:15
**allowed** [1] 45:17
**allows** [2] 13:14 45:14
**already** [1] 46:12
**amended** [8] 5:6 11:21 14: 21 15:5 16:7 25:5 28:25 40: 11
**among** [1] 38:14
**amount** [1] 32:14
**amplify** [1] 21:15
**another** [3] 5:20 16:20 46: 13
**answer** [2] 7:16,16
**antennas** [1] 26:20
**anticipate** [1] 48:8
**anxious** [1] 39:5
**anyway** [1] 44:14
**anyways** [1] 44:24
**apply** [2] 17:2 37:19
**appreciate** [4] 7:13 12:22 37:12 42:13
**approach** [1] 5:24
**approached** [1] 8:4
**appropriate** [2] 15:13,20
**appropriately** [7] 18:2,14 19:15,23 20:17 22:19 28: 20
**approval** [1] 38:8
**arbiter** [1] 33:16
**areas** [1] 8:12
**aren't** [1] 15:23
**arguing** [1] 41:8
**arguments** [2] 6:13 44:9

**around** [4] 21:18 32:25 46: 8,19
**articulate** [1] 36:8
**articulated** [1] 44:11
**aside** [2] 15:14 28:7
**assist** [1] 48:6
**attachment** [1] 13:14
**attempt** [1] 24:17
**auspices** [2] 30:21,23
**available** [1] 11:15
**avoid** [1] 46:10

## B

**back** [9] 10:9 12:11 17:6 25:9,13 39:9 44:14,23,24
**ball** [1] 13:22
**base** [1] 29:14
**based** [3] 7:25 17:21 35:18
**basically** [13] 7:23 8:7,10, 20 9:16 23:24 25:16,19 27: 22,24 32:14 33:1 34:24
**basis** [2] 11:18 16:19
**behalf** [2] 4:25 41:9
**believe** [4] 14:11 17:1 43: 7,17
**bench** [1] 48:14
**best** [4] 6:9 13:25 15:16 21: 19
**better** [1] 12:7
**between** [1] 39:13
**bit** [3] 5:23 39:25 47:18
**black** [1] 10:21
**bls** [1] 46:5
**bolster** [3] 8:14,17 11:14 14:19 35:6,16 39:22
**both** [4] 15:5 18:12,12 25: 19
**bottom** [2] 11:19 12:4
**bound** [2] 22:23 36:18
**brassard's** [1] 42:22
**bridge** [1] 21:8
**bridges** [1] 24:9
**briefly** [1] 14:23
**building** [1] 46:5
**bunch** [2] 27:16 42:1
**bur** [1] 6:14
**burden** [2] 16:23 45:2
**business** [2] 22:15 46:3
**busy** [1] 19:4

## C

**called** [1] 4:2
**calls** [1] 33:9
**came** [3] 5:2 33:11 34:24
**cannot** [1] 35:19
**careful** [2] 5:17 34:22
**carroll** [10] 4:16,17 7:8 41: 9,9 42:7,9,19 44:23,25
**case** [13] 26:13,21 28:10 30:2 33:17 36:17 38:15 41: 23 42:16,20,24 46:1,2
**cases** [3] 13:16 31:10 46:6
**categorical** [2] 18:4 21:17
**caveat** [1] 40:22
**ceo** [3] 40:25 43:6,18
**ceo's** [1] 43:19
**ceos** [1] 13:4
**certain** [6] 14:14,14 23:2 27:1 46:6 48:15
**certainly** [1] 12:24
**challenge** [3] 16:17,20 25: 22
**challenged** [1] 16:18
**challenging** [1] 16:1
**chance** [1] 25:9
**change** [2] 39:13 41:6
**characterized** [1] 14:18
**charities** [1] 43:16
**check** [1] 46:15
**check-in** [1] 19:9
**cherry** [1] 24:2
**christmas** [1] 11:8
**circumstances** [1] 46:6
**cited** [1] 42:23
**citizens** [1] 41:18
**civil** [3] 4:6 14:5 46:13
**claim** [3] 42:9,11,12
**claims** [1] 30:2
**clarifying** [1] 6:14
**claw** [1] 25:13
**clear** [6] 8:15 31:20,25 34: 21 35:16 36:3
**clerk** [8] 4:6 46:15,17,20, 23,25 47:3,5
**cohen** [3] 16:21 17:2 39: 11
**cohen's** [1] 19:3
**come** [6] 10:9 11:11 21:8 39:8 44:23 48:9

**DH Reporting Services, Inc. (781) 575-8000**

**comes** [5] 6:4 23:10,21 24:15 28:25
**comfortable** [1] 10:4
**coming** [4] 20:24 44:24,25 48:8
**comments** [1] 12:22
**commission** [1] 46:21
**commonwealth** [8] 4:7, 11 10:5 19:20,20 41:23,25 42:11
**commonwealth's** [1] 6:16
**companies** [1] 43:17
**company** [1] 41:17
**compensated** [1] 42:17
**compensation** [4] 41:1, 15 42:3 43:20
**complaint** [35] 5:6,8 7:1,3 8:5 9:17 10:13,21 11:4,12, 21,25 13:2,21 14:21,24 15:18 16:7 17:14,19 24:1,8 25:7,8 27:20 29:1 39:21,24 40:11,17 41:13 42:1,4 43:8 44:17
**complaints** [1] 15:5
**compromised** [2] 14:13, 14
**con** [3] 5:13 22:18 31:14
**concede** [1] 18:18
**concern** [4] 5:13,13 7:22 10:20
**concerned** [1] 38:9
**concerning** [1] 43:8
**conduct** [2] 6:16 15:7
**confer** [5] 8:11 15:20 31:16 39:25 47:10
**conference** [2] 17:6 39:10
**confidential** [32] 5:19 16:14 18:2,14 19:15,23 20:18 22:20 23:9,12 25:25,25 28:21 29:15,19 30:20 31:2,7, 10,14,15,22 33:19 34:2 35:6 36:12,16,20 37:1,4 38:10 39:11
**confidentiality** [6] 5:23 16:1 22:11,14,23 25:22
**conflict** [1] 5:24
**connection** [2] 24:10 27:18

**considered** [1] 26:14
**consistent** [1] 42:21
**contain** [2] 22:18 31:14
**contained** [2] 43:13 45:8
**contains** [1] 15:6
**contemplated** [1] 44:9
**context** [1] 23:21
**contexts** [1] 43:14
**continue** [1] 11:24
**continuity** [1] 46:1
**control** [1] 19:3
**convinced** [1] 21:24
**cooperatively** [1] 11:9
**copies** [1] 15:5
**correct** [5] 9:24 11:22 17:18 40:8 44:5
**correctly** [2] 20:23 39:7
**couldn't** [1] 11:13
**counsel** [7] 4:8 7:13 8:4 15:24 20:6 34:22 36:3
**country** [1] 21:18
**course** [3] 11:4 22:14 40:4
**court's** [6] 4:4 8:16,18 10:19 14:17 15:22
**courtroom** [1] 46:7
**courts** [2] 18:12,12
**cover** [1] 17:8
**craig** [2] 5:4 45:18
**criminal** [1] 46:8
**cross** [2] 21:8 24:9
**cut** [1] 12:15

## D

**damages** [1] 43:21
**date** [2] 20:16 34:14
**day** [5] 19:2 20:16 27:24 46:10,12
**days** [9] 16:18,20 17:6,9 18:25 19:9 39:9 45:21,22
**de** [1] 21:22
**deal** [5] 18:3 19:7 21:4 26:5 48:10
**dealing** [1] 19:5
**deals** [1] 31:12
**dealt** [1] 48:9
**decide** [5] 12:23 20:13 21:22 22:10 28:18
**decided** [1] 33:17
**decision** [1] 42:22
**decisions** [1] 23:2

**declared** [1] 29:15
**de-designation** [1] 18:7
**defendant** [2] 4:25 13:18
**defendant's** [1] 43:6
**defendants** [14] 4:22,23 5:4 6:24 7:2 13:16 14:25,25 24:4 40:1,25 41:15 43:10 45:18
**defendants'** [1] 15:7
**defending** [1] 6:10
**defense** [3] 10:7 20:6 36:3
**degree** [1] 48:11
**depending** [1] 41:3
**deposition** [1] 24:10
**depositions** [2] 23:22 24:23
**deprive** [1] 42:15
**designate** [1] 36:12
**designated** [12] 5:19 18:2, 14 19:15,23 20:17 22:20 23:8,12 28:21 34:2 38:10
**designation** [2] 16:20 22:23
**designations** [5] 16:1,18, 19,24 17:3
**desire** [2] 5:11 38:23
**detailed** [1] 15:6
**deter** [1] 31:20
**determination** [4] 17:17 26:16 31:25 36:19
**determine** [7] 11:25 17:14 18:13 19:22 30:19 31:7 33:18
**determined** [2] 28:20 31:1
**determines** [3] 19:14 26:8 35:6
**dialog** [1] 25:9
**didn't** [1] 10:4
**difference** [5] 29:21 36:25 37:1,1,11
**different** [15] 5:24 15:23 23:19,24 26:22 27:9,13,15, 21 29:12 30:25 33:15 36:4 38:15,16
**differently** [1] 28:11
**difficult** [1] 20:24
**difficulty** [1] 23:10
**digging** [1] 7:14
**direct** [2] 15:2 35:15

**director** [1] 4:23
**dis** [1] 7:2
**disagree** [4] 22:4 27:8 39:12 43:13
**disclose** [2] 35:20 41:14
**disclosure** [2] 23:5 31:3
**discovery** [20] 5:19 19:5, 24 22:14,20,24 23:9,12 24:5 26:23 28:21 29:22 30:13 32:22 36:11 37:4,18,18 38:4,11
**discrete** [2] 43:4,24
**discuss** [1] 12:24
**discussing** [1] 45:12
**discussion** [1] 39:17
**dismiss** [2] 15:1 28:6
**dispute** [6] 17:23 18:1 19:18 21:14 32:21 43:20
**disputes** [6] 15:14 18:20 19:5 20:19 26:5 33:5
**doc** [2] 7:25 30:4
**document** [7] 14:1,13 21:24,25 29:12 30:23 31:1
**documents** [25] 5:18 7:25 8:21,23 11:13,15 13:15 14:15 20:17 22:14,19 23:22 24:3 25:14 27:16,17,23 29:15,20 30:1 31:13 32:14 33:1,8,18
**doing** [2] 35:23 42:21
**domain** [1] 41:19
**don't** [35] 6:9,21 9:15 10:19 17:12,23 19:3,16 20:15, 24 21:14,23 22:4 23:20,20 24:7 25:4,8 26:7,7 27:7 28:13 29:7 30:1 34:17 35:2,15, 16 38:11,19 39:2 42:15 43:6 46:17 48:5
**down** [3] 20:24 24:6 28:17
**dream** [1] 18:22
**during** [1] 29:22

## E

**each** [2] 15:6 26:2
**effects** [1] 19:24
**efficiency** [1] 30:3
**efficient** [2] 25:16 30:10
**either** [5] 11:3 14:18 39:2 40:10 46:9
**element** [3] 42:9,10,12

*DH Reporting Services, Inc. (781) 575-8000*

**emergency** [3] **6**:3,11 **14**: 19
**employees** [1] **43**:15
**end** [3] **26**:9 **27**:23 **32**:25
**enforce** [1] **8**:24
**enforcement** [2] **15**:17 **43**:8
**engage** [1] **15**:2
**engaged** [2] **39**:25 **43**:10
**enough** [2] **29**:8 **47**:10
**enter** [1] **22**:11
**entered** [3] **14**:1,4 **31**:9
**entire** [2] **5**:7 **7**:1
**entry** [1] **14**:3
**eric** [1] **4**:11
**essentially** [2] **9**:22 **23**:11
**et** [1] **4**:7
**even** [2] **6**:11 **48**:5
**event** [1] **47**:1
**everybody** [2] **19**:19 **47**:9
**everybody's** [1] **9**:10
**everyone** [1] **33**:17
**everything** [1] **19**:17
**evidence** [1] **13**:25
**exactly** [2] **24**:24 **30**:16
**example** [1] **27**:3
**exchanged** [2] **22**:21 **31**: 11
**executives** [2] **43**:15,16
**exhibit** [5] **42**:4,4 **43**:5,14, 25
**expect** [2] **16**:3 **18**:11
**expedited** [1] **11**:16
**expeditiously** [2] **15**:19 **19**:8
**explain** [1] **6**:17
**explained** [1] **45**:4
**explaining** [1] **37**:13
**explanation** [2] **9**:8 **24**:11
**expressed** [1] **48**:15
**expressly** [1] **13**:14
**extent** [8] **8**:21,22 **14**:18 **28**:25 **33**:5 **45**:7,14 **48**:15
**extra** [1] **47**:18

### F

**face** [1] **29**:4
**facilitate** [3] **22**:24 **23**:9 **38**: 4
**fact** [4] **5**:10 **8**:11 **25**:16 **36**:

19
**factual** [1] **15**:14
**fairly** [1] **18**:11
**fairness** [1] **30**:1
**faith** [1] **17**:4
**falls** [1] **17**:15
**faulting** [1] **32**:10,11
**favorable** [1] **17**:2
**federal** [9] **5**:11,12,22 **17**: 16 **19**:24 **28**:19 **32**:18 **34**: 19 **45**:6
**federal/state** [1] **6**:1
**feds** [2] **34**:7 **38**:24
**feel** [2] **10**:4 **28**:4
**feelings** [1] **38**:11
**feiner** [61] **4**:10,11 **6**:5,20 **12**:13,16,18 **13**:1,7,9,12,24 **14**:7,9,11 **15**:11,13 **16**:9,11, 13,16 **17**:18 **18**:1,11,16,18, 22 **19**:1,13 **20**:2,8,12,15,22 **21**:2,4,8,16 **25**:18 **32**:16 **39**: 7,16,20 **40**:8,13,16,18,20, 22,24 **41**:3,6 **43**:3 **44**:2,5,7 **45**:22,24 **47**:8 **48**:2,21
**few** [4] **6**:14 **8**:4 **9**:13 **13**:9
**fight** [2] **21**:25 **38**:24
**figure** [1] **11**:10
**file** [11] **8**:5 **10**:5 **13**:1 **17**:10 **24**:18 **25**:6 **33**:2 **35**:2 **39**:21 **40**:5,20
**filed** [8] **6**:12 **10**:14 **11**:4 **14**: 20 **30**:24 **31**:17 **36**:21 **45**: 17
**filing** [18] **7**:3 **9**:17,23 **10**: 13 **11**:20 **13**:21 **14**:24 **15**: 17 **19**:25 **22**:22 **26**:21 **27**:1 **31**:13 **36**:17 **37**:6 **40**:10 **44**: 6 **45**:3
**filings** [2] **5**:2 **10**:22
**find** [1] **36**:17
**fine** [2] **12**:18 **13**:8
**first** [8] **5**:5 **6**:22 **12**:15 **16**:5 **18**:13 **31**:16 **36**:11 **41**:7
**fits** [1] **28**:13
**fly** [2] **48**:10,11
**focus** [1] **8**:20
**focused** [1] **44**:10
**folks** [1] **35**:18
**follow** [1] **23**:1
**following** [2] **47**:6,7

**footnotes** [1] **17**:19
**form** [2] **6**:2 **31**:3
**forth** [1] **25**:9
**forty** [1] **33**:20
**forward** [4] **15**:17,19 **16**:4 **17**:12
**found** [1] **37**:5
**four** [2] **5**:3 **48**:13
**frankly** [6] **5**:9 **6**:23 **22**:4 **34**:4 **36**:8 **48**:5
**friday** [6] **46**:9,10,12,19,20 **47**:7
**fully** [1] **9**:17
**further** [6] **11**:24 **41**:6 **43**: 19 **44**:16 **45**:19,20

### G

**gaming** [1] **46**:21
**gasdia** [1] **4**:25
**gave** [2] **39**:24 **40**:2
**general** [2] **5**:7 **6**:13
**generally** [2] **31**:10 **38**:13
**gentleman** [1] **42**:17
**gets** [1] **30**:24
**getting** [1] **5**:25
**gillian** [4] **12**:11 **28**:5 **39**:5 **43**:1
**give** [4] **10**:8 **20**:10 **34**:6 **47**: 16
**given** [3] **44**:15,15 **48**:13
**gives** [1] **47**:9
**goal** [1] **18**:12
**gold** [2] **4**:12,14
**got** [3] **9**:19 **14**:5 **48**:12
**govern** [1] **5**:14
**governed** [3] **14**:16 **28**:7 **35**:3
**grateful** [1] **6**:6
**ground** [1] **17**:8
**guess** [10] **10**:12 **16**:15,16 **17**:13 **19**:20 **20**:10 **25**:12 **34**:1,7 **44**:23
**guidance** [1] **34**:17

### H

**happened** [3] **13**:10,11,12
**happens** [2] **19**:8 **37**:5
**hate** [1] **21**:17
**he's** [2] **19**:4,13
**healthy** [1] **19**:9

**hear** [2] **20**:4 **28**:17
**heard** [2] **27**:4 **45**:10
**hearing** [8] **6**:3 **11**:24 **29**:8 **45**:12,19,20 **47**:2 **48**:13
**hearings** [1] **44**:16
**heavily** [4] **10**:2 **11**:20 **14**: 1,13 **26**:20
**helpful** [3] **6**:3 **44**:13 **48**:8
**here's** [7] **7**:11,22 **22**:6,6 **23**:19 **24**:2 **27**:14
**hide** [3] **13**:21 **26**:13 **27**:1
**hiding** [1] **38**:8
**highly** [1] **42**:17
**holidays** [1] **47**:20
**honor** [38] **4**:6,10,17,19,21, 24 **6**:5 **7**:6,10,13 **9**:7,14 **10**: 3,6,15 **11**:5 **12**:7,18 **13**:25 **14**:9 **20**:22 **21**:12 **23**:17 **24**: 16 **27**:6 **28**:2 **29**:18 **32**:7 **33**: 3 **35**:23 **37**:12 **39**:3 **41**:9 **42**: 3 **44**:7,25 **45**:24 **48**:21
**honorable** [1] **4**:4
**hope** [2] **18**:18 **19**:7
**hopeful** [1] **37**:14
**hopefully** [1] **33**:10
**hoping** [1] **18**:3
**hospitals** [1] **43**:16
**however** [3] **22**:18 **30**:2 **44**: 14
**huge** [1] **32**:14

### I

**i'd** [1] **38**:18
**i'll** [2] **30**:17 **34**:16
**i'm** [1] **28**:7
**i've** [3] **46**:14 **48**:9,15
**identified** [2] **20**:23 **48**:7
**identify** [1] **4**:8
**implicated** [2] **34**:10 **38**:5
**important** [2] **45**:6 **46**:1
**impound** [16] **5**:5,7,15 **6**: 12 **7**:1 **13**:3,14 **14**:20 **23**:13 **28**:24 **31**:23 **34**:3 **40**:25 **41**: 12 **43**:3 **44**:9
**impounded** [3] **5**:20 **17**: 11 **36**:10
**impounding** [2] **5**:17 **11**: 23
**impoundment** [19] **5**:14, 16 **20**:1 **23**:2 **26**:15,17 **27**:5

*DH Reporting Services, Inc. (781) 575-8000*

**31**:18,19 **36**:18 **37**:7 **41**:11
**43**:5,7,8,23 **44**:10,11,17
**inappropriate** [1] **14**:21
**inc** [1] **4**:7
**inclined** [2] **12**:21 **36**:6
**included** [1] **42**:3
**including** [2] **14**:15 **15**:7
**indicate** [1] **7**:2
**individual** [2] **4**:22 **14**:25
**indulge** [1] **13**:5
**information** [22] **5**:20 **7**:
15 **16**:2,15 **17**:20,21 **18**:13
**23**:25 **24**:20 **27**:1,4 **28**:25
**31**:10 **36**:9 **38**:8 **41**:15 **42**:3,
10,14,19 **43**:13 **44**:12
**initial** [2] **13**:21 **14**:24
**insignificant** [1] **15**:15
**insurance** [1] **42**:23
**intensely** [1] **43**:14
**intent** [1] **38**:21
**inter** [1] **37**:23
**interest** [16] **5**:2 **6**:2 **8**:18
**15**:16 **23**:4 **26**:16,17,19 **27**:
3 **36**:21 **41**:16 **42**:13 **43**:9
**44**:13 **45**:8,15
**interested** [1] **38**:18
**interfering** [2] **8**:18 **38**:1
**interrogatories** [1] **24**:23
**interrogatory** [1] **24**:11
**interrupting** [1] **46**:10
**involved** [2] **17**:17 **46**:11
**involvement** [1] **15**:7
**involves** [1] **16**:14
**issue** [13] **16**:5 **17**:17 **20**:
24 **21**:4 **24**:15 **25**:1 **29**:2 **34**:
9 **35**:23 **37**:20 **39**:8 **40**:25
**44**:21
**issued** [1] **42**:22
**issues** [10] **8**:7 **12**:23 **14**:
14,14 **16**:6 **19**:17 **39**:10,16
**43**:20 **48**:7
**it's** [33] **5**:18,19 **7**:14 **8**:10
**16**:9 **17**:12 **19**:10 **23**:23 **24**:
10 **25**:16 **26**:22,22 **27**:11
**31**:7,20,20 **35**:6,15,23,24
**36**:3,9,10,23 **37**:1 **39**:8 **42**:
4,4,9 **45**:4,6,25 **46**:16
**items** [1] **40**:2
**itself** [2] **6**:25 **42**:7

## J

**james** [2] **4**:17 **41**:9
**january** [7] **46**:13,16,20,25
**47**:21 **48**:4,20
**jillian** [1] **4**:11
**john** [2] **5**:4 **45**:18
**joint** [1] **14**:3
**judge** [13] **8**:14,16 **10**:9 **11**:
14 **14**:7,19 **17**:16 **35**:4,16
**36**:6 **39**:22 **42**:21 **46**:17
**judges** [1] **46**:5
**julie** [1] **4**:25
**july** [1] **13**:20
**june** [2] **13**:21 **14**:24
**jurisdiction** [8] **8**:16,19
**15**:1 **32**:18 **43**:21 **46**:2,5,14
**justified** [1] **26**:17
**justin** [1] **4**:22

## K

**kaplan** [2] **14**:7,7
**kick** [1] **31**:19
**kind** [15] **5**:12,25 **6**:1,4 **8**:13,
20 **17**:17 **20**:10 **21**:15 **32**:2
**34**:19 **38**:16,23 **48**:7,9
**knowing** [2] **38**:18 **42**:16

## L

**lack** [1] **15**:1
**laid** [1] **15**:21
**landau** [4] **4**:17 **5**:4 **41**:10
**45**:18
**largely** [1] **10**:21
**last** [10] **5**:9 **7**:5,24 **9**:19,19
**10**:14 **15**:24 **18**:5 **25**:20 **39**:
24
**late** [1] **8**:11
**latest** [1] **45**:16
**launch** [1] **9**:8
**law** [2] **15**:17 **43**:8
**lawsuit** [1] **19**:24
**least** [7] **11**:15 **13**:3 **18**:21
**21**:9 **27**:22 **43**:20 **46**:12
**legal** [2] **15**:14 **38**:16
**legitimate** [1] **41**:16
**legitimately** [1] **31**:1
**less** [2] **17**:5,10
**let's** [2] **10**:9 **22**:19
**likely** [1] **46**:7

**limited** [4] **5**:5 **40**:25 **44**:11,
15
**line** [2] **11**:19 **12**:4
**lines** [5] **7**:3 **9**:18 **10**:14 **41**:
12,14
**litigation** [10] **16**:15 **21**:18,
20 **22**:15 **23**:13 **26**:10 **27**:
18 **28**:20,22 **46**:3
**little** [8] **5**:23 **27**:9,15 **32**:2
**37**:17 **39**:25 **47**:18 **48**:16
**lives** [1] **17**:11
**long** [1] **18**:25
**longer** [1] **11**:11
**look** [4] **25**:19 **30**:3 **33**:9 **37**:
14
**looked** [1] **5**:22
**lose** [1] **33**:9
**lot** [15] **7**:14,24,25 **10**:8,21
**13**:11,12 **14**:22 **17**:8 **21**:18,
21 **27**:17 **29**:25 **33**:10 **37**:
15

## M

**made** [6] **13**:18 **22**:24,24
**41**:11,24 **42**:1
**main** [1] **41**:21
**maintained** [1] **41**:22
**many** [4] **8**:6 **17**:20 **19**:5 **43**:
14
**mark** [3] **4**:20 **5**:5 **45**:18
**market** [1] **43**:11
**marketing** [1] **15**:3
**mass** [1] **4**:7
**massachusetts** [5] **5**:15
**15**:4,8 **43**:12,15
**master** [20] **11**:15 **16**:21,21
**17**:2,16 **19**:2,3,11,12,14,22
**26**:5,8,22 **28**:19 **31**:2 **34**:7
**38**:16 **39**:10 **47**:11
**material** [7] **5**:17 **16**:7 **17**:
14 **31**:22 **36**:17,20 **48**:12
**materials** [2] **31**:14,15
**matter** [4] **19**:24 **26**:14,19
**46**:13
**matters** [3] **15**:15 **43**:9 **46**:
8
**mdl** [30] **6**:15 **8**:1,7,22,25
**11**:15 **13**:13,15,19,20 **14**:
16 **15**:22,25 **16**:8,15,21 **17**:
15,22 **18**:6,8,15 **19**:6 **20**:18

**27**:23 **28**:12 **29**:25 **32**:1 **33**:
12,19 **38**:15
**mean** [9] **12**:20 **16**:13,22
**21**:17 **26**:19 **28**:23,24 **31**:
22 **34**:2
**means** [1] **44**:23
**meant** [1] **32**:11
**media** [1] **27**:3
**meet** [4] **8**:11 **15**:20 **39**:25
**47**:10
**members** [1] **27**:2
**memoranda** [1] **48**:6
**memorandum** [1] **5**:8
**memory** [1] **14**:12
**merits** [1] **13**:3
**met** [1] **43**:7
**might** [4] **6**:22 **10**:7 **12**:22
**46**:10
**million** [2] **8**:21 **29**:24
**millions** [2] **27**:17 **29**:24
**mindful** [1] **10**:18
**minute** [1] **20**:6
**mischaracterizations**
[1] **6**:11
**misconduct** [1] **43**:11
**modest** [1] **42**:15
**moment** [3] **13**:7 **15**:15 **42**:
19
**moments** [1] **48**:14
**monkey** [1] **38**:19
**months** [2] **24**:6 **46**:4
**morning** [9] **4**:10,13,14,15,
16,19,21,24 **5**:1
**most** [3] **15**:15,16 **36**:13
**motion** [15] **5**:4,7 **6**:3,11,
12,25,25 **7**:20 **13**:3,14 **14**:3,
19,19,20 **28**:6 **40**:24 **41**:12
**43**:2,3,6 **47**:2
**motions** [1] **14**:25
**motives** [1] **28**:4
**move** [6] **8**:15 **15**:19 **16**:3
**17**:11,12 **31**:18
**moving** [1] **15**:17
**ms** [65] **4**:10,24 **6**:5,20 **12**:
11,13,16,18 **13**:1,7,9,12,24
**14**:7,9,11 **15**:11,13 **16**:9,11,
13,16 **17**:18 **18**:1,11,16,18,
22 **19**:1,13 **20**:2,8,12,15,22
**21**:2,4,8,16 **25**:17 **28**:5 **32**:
16 **39**:5,7,16,20 **40**:8,13,16,

DH Reporting Services, Inc. (781) 575-8000

18,20,22,24 **41**:3,6 **43**:1,3 **44**:2,5,7 **45**:22,24 **47**:8 **48**: 2,21
**much** [7] **17**:20 **21**:14 **36**:4 **39**:21 **45**:11 **48**:16,21
**must** [3] **23**:13 **34**:3,25
**myself** [1] **36**:17

## N

**named** [1] **41**:22
**narrow** [4] **8**:20 **20**:18 **41**: 12 **44**:10
**narrowed** [1] **18**:21
**narrowly** [1] **5**:3
**nationwide** [1] **30**:4
**nature** [3] **31**:13 **43**:4 **44**: 15
**necessarily** [3] **26**:9 **34**:2 **36**:23
**necessary** [2] **15**:11,12
**need** [4] **19**:16,16 **25**:20 **42**: 16
**needed** [1] **11**:11
**needs** [2] **16**:5,6
**negotiated** [2] **14**:1,13
**neither** [1] **25**:24
**never** [4] **8**:16 **21**:19 **36**:20 **38**:23
**nevertheless** [1] **36**:20
**new** [2] **11**:8 **40**:3
**next** [6] **10**:9 **11**:8 **17**:9 **23**: 18 **34**:14 **45**:12
**night** [2] **15**:24 **25**:20
**nine** [3] **24**:6 **41**:12,14
**nonparties** [1] **45**:13
**nor** [2] **11**:4 **44**:13
**normally** [1] **23**:21
**note** [1] **25**:20
**nothing** [2] **32**:17 **40**:4
**notice** [2] **15**:24 **45**:11
**notwithstanding** [1] **36**: 19
**nuisance** [1] **42**:12
**number** [1] **8**:12

## O

**object** [2] **8**:13 **10**:7
**objecting** [2] **7**:2 **10**:13
**objection** [7] **10**:25 **11**:1,4, 20 **25**:10 **39**:22,23

**obtain** [1] **13**:15
**obtained** [3] **14**:15 **17**:21 **33**:6
**obtaining** [1] **27**:4
**obviously** [8] **6**:7 **7**:14 **13**: 17 **21**:5 **26**:19 **33**:4 **34**:17 **38**:17
**o'clock** [4] **5**:3 **46**:25 **48**:4, 13
**october** [1] **14**:11
**officer** [2] **4**:3 **48**:23
**ohio** [3] **5**:11 **34**:7 **47**:11
**okay** [49] **6**:19 **9**:2 **10**:24 **11**:2,6,17 **12**:9,11 **13**:6,23 **14**:8,10 **17**:25 **18**:10,20,23, 24 **19**:14 **21**:7,10,23 **26**:3 **28**:1 **32**:22 **35**:8 **37**:3 **39**:19 **40**:21,23 **41**:5 **42**:6,8,18,25 **44**:1,3,8 **45**:1,1,2,3 **46**:18, 22 **47**:4,6,15,17,19,24 **48**:3
**once** [1] **44**:19
**one** [14] **5**:18 **13**:3 **16**:6,6 **17**:13 **18**:17 **23**:11,19 **25**: 24 **31**:17 **36**:16 **40**:22 **43**: 23 **46**:12
**onerous** [1] **43**:23
**only** [12] **24**:17 **29**:9 **32**:9, 13,24 **36**:6,9,10 **37**:20 **41**: 21 **42**:4 **44**:22
**open** [2] **4**:4 **12**:1
**operating** [1] **16**:22
**opinion** [2] **35**:12 **37**:2
**opioids** [2] **15**:3 **43**:11
**opportunity** [3] **24**:2 **26**:1 **37**:16
**oppose** [2] **44**:1,3
**opposed** [1] **36**:22
**orally** [1] **44**:3
**order** [39] **4**:2 **5**:10,22,23 **8**: 7,24,25 **13**:13,20,25 **14**:16, 17 **15**:22,23,25 **16**:8 **17**:15 **18**:15 **20**:18 **22**:17 **25**:21 **29**:13,25 **31**:8,24,24 **32**:1 **33**:12,16,22 **34**:24,25 **35**:3, 18,19 **38**:3 **44**:18,22 **45**:6
**ordered** [1] **38**:15
**orders** [7] **15**:22 **22**:11,13, 15,17 **31**:10 **42**:23
**ordinarily** [1] **26**:14
**other** [9] **5**:10 **7**:20 **21**:20

**24**:3 **26**:2 **27**:2 **31**:13 **40**:1 **44**:17
**ought** [2] **6**:17 **42**:20
**out** [9] **6**:4 **11**:10,16 **15**:21 **26**:4 **29**:11 **34**:24 **37**:15 **38**: 14
**outcome** [1] **41**:3
**outweigh** [1] **26**:16
**over** [5] **18**:4 **19**:3 **20**:9 **46**: 2,5
**overall** [1] **22**:6
**overseeing** [1] **26**:23

## P

**page** [2] **33**:20 **41**:13
**pages** [7] **7**:24 **10**:22,22 **11**: 12,13 **27**:17 **29**:24
**paradigm** [1] **16**:23
**paragraph** [4] **14**:16 **15**: 25 **31**:11,11
**part** [3] **5**:21 **36**:13,15
**particular** [6] **21**:25 **31**:11 **41**:14 **44**:4,11,13
**particularly** [1] **44**:12
**parties** [7] **22**:11 **30**:2 **31**: 15,16,21 **36**:12 **38**:14
**party** [8] **22**:22,24 **23**:10,11 **31**:18 **36**:16 **37**:5,18
**paul** [1] **42**:23
**pejorative** [1] **23**:20
**pending** [1] **45**:19
**people** [4] **23**:8 **24**:11 **25**:4 **41**:17
**per** [2] **5**:18 **18**:14
**perhaps** [2] **17**:9 **37**:1
**period** [1] **7**:15
**person** [1] **42**:1
**personal** [3] **15**:1 **33**:3 **43**: 14
**personally** [1] **43**:10
**persons** [1] **41**:22
**persuasion** [1] **16**:23
**pharma** [1] **4**:7
**picked** [1] **24**:2
**piece** [1] **6**:18
**pieces** [2] **41**:12,14
**place** [4] **17**:5 **25**:18 **34**:14 **43**:4
**plaintiff** [1] **13**:18
**plaintiffs** [2] **9**:16 **13**:15

**planning** [1] **11**:7
**pleadings** [1] **31**:13
**please** [2] **4**:5,9
**point** [5] **26**:6 **27**:2 **29**:9 **32**: 13,24
**points** [2] **6**:14 **18**:19
**politicians** [1] **41**:19
**porter** [2] **4**:24,25
**portion** [1] **5**:5
**portions** [3] **11**:25 **19**:19 **44**:17
**position** [4] **9**:10 **18**:4 **43**: 1,18
**positions** [1] **25**:24
**possible** [1] **39**:8
**potential** [1] **43**:5
**practical** [2] **7**:18 **21**:6
**premature** [1] **19**:22
**prepared** [1] **21**:5
**present** [1] **7**:4
**presented** [4] **7**:4 **9**:18,25 **40**:6
**presumably** [1] **34**:12
**presumptuous** [1] **10**:19
**pretty** [5] **6**:8 **18**:4 **19**:4 **43**: 23 **45**:11
**preventing** [1] **23**:10
**preview** [2] **20**:10 **28**:15
**prior** [1] **27**:18
**privacy** [1] **41**:16
**private** [3] **26**:16 **41**:17,17
**pro** [1] **22**:13
**probably** [4] **19**:4 **25**:24 **27**:17 **32**:15
**problem** [2] **22**:6 **23**:6
**procedure** [2] **5**:15 **28**:14
**proceed** [2] **6**:17 **38**:17
**proceeding** [2] **5**:21 **28**: 14
**proceedings** [1] **38**:20
**process** [22] **11**:14 **15**:20 **16**:3,17 **17**:1,22 **18**:7 **19**:2 **20**:20 **21**:20 **25**:18 **29**:10 **31**:16 **32**:12 **33**:6,19 **35**:22 **36**:11,16 **37**:2 **38**:17 **39**:25
**processes** [1] **15**:21
**produce** [1] **23**:22
**produced** [8] **5**:18 **8**:22,25 **13**:15 **16**:15 **18**:6 **27**:18 **29**: 22

**product** [1] 18:5
**productions** [1] 13:19
**profited** [1] 43:11
**progress** [1] 17:7
**promotion** [1] 15:3
**proposal** [4] 6:4 7:12,18 12:20
**propose** [2] 6:17 45:22
**proposed** [2] 8:9,12
**proposing** [1] 6:24
**propriety** [1] 16:24
**protect** [2] 22:13 36:6
**protectable** [1] 36:5
**protecting** [1] 31:3
**protections** [1] 29:21
**protective** [22] 8:23,25 13: 13,20,25 14:16,17 15:25 22:13 25:21 29:13,25 31:8, 9,24 33:12,22 34:25 35:3, 19 38:3 42:23
**prove** [2] 42:11,12
**provided** [1] 27:19
**provision** [3] 16:3 22:19 32:2
**provisional** [2] 44:18,22
**provisionally** [1] 11:23
**public** [38] 5:21 12:1 15:16 19:25 22:22 23:4,13 26:13, 15,17,19,21,25 27:2,3 31:3 36:17,21 37:5 38:8 40:5,10 41:18,19,22,25 42:12,13, 15 43:9,15,15,16 44:13 45: 7,8,9,15
**publically** [4] 24:18 31:12 36:21 43:16
**publicity** [1] 41:20
**purdue** [8] 4:7,20 6:12 13: 18,24 14:2 39:23 40:1
**purdue's** [3] 13:14 15:3, 24
**purposes** [8] 19:23 23:12, 13 26:9 28:21 30:11 37:4 38:10
**pursuant** [6] 14:15 15:25 18:14 25:21 33:6,11
**pursue** [1] 6:18
**push** [1] 41:18
**put** [8] 20:16 23:25 24:8 28: 7 38:7 42:1 46:9 48:18
**putting** [2] 15:14 23:25

**puzzled** [1] 19:21

## Q

**quarrel** [2] 5:12 34:20
**questions** [1] 7:17
**quickly** [2] 8:15 25:1
**quite** [5] 5:9,19 31:20 43:4 48:8

## R

**rather** [1] 21:25
**re** [1] 8:7
**reach** [1] 21:21
**read** [2] 5:2 6:2
**reading** [1] 6:23
**ready** [2] 15:20,21
**real** [1] 6:8
**reality** [1] 21:17
**really** [12] 6:23 8:15 17:23 18:12 21:14 25:10 27:7 29: 6,9 32:13,23 48:16
**reason** [5] 8:5 16:25 36:8 45:3,5
**reasonable** [1] 21:5
**reasons** [1] 44:11
**receive** [1] 44:4
**recollection** [1] 21:19
**reconsidering** [1] 10:23
**record** [2] 4:9 26:15
**redact** [1] 26:20
**redacted** [29] 7:3 8:5 9:17, 17 10:1,2,5,13 11:3,11,20, 25 13:1 15:18 16:2 17:5,10, 14 36:22 39:21,24 40:11, 11,15 41:4 42:20 45:4,5,16
**redactions** [8] 10:22 11: 10 28:19 31:17 42:15 44: 20 45:7,10
**referring** [1] 4:23
**regarding** [3] 5:14 15:6 22:19
**regardless** [1] 26:13
**regular** [1] 14:5
**rejected** [1] 8:10
**relate** [1] 16:2
**relationship** [1] 6:16
**relevant** [2] 42:10,14
**rely** [1] 21:23
**relying** [1] 18:6
**remain** [1] 15:21

**remains** [1] 5:13
**repackages** [1] 6:13
**replace** [2] 40:3,4
**reply** [1] 39:6
**report** [1] 17:6
**representative** [1] 45:9
**request** [6] 26:12,20,25 29: 23 44:15 45:17
**requested** [1] 44:21
**require** [1] 46:8
**requires** [1] 8:7
**resolve** [1] 11:16
**resolved** [2] 16:6 19:18
**resolving** [1] 5:25
**respect** [3] 16:24 42:22 45: 10
**respectfully** [2] 41:25 42: 20
**respond** [3] 16:19 24:4 28: 5
**response** [1] 29:23
**responses** [1] 24:11
**responsive** [1] 30:2
**retain** [2] 46:2,5
**retained** [1] 46:14
**retrospect** [1] 21:24
**review** [2] 6:7 11:5
**reviewed** [1] 43:6
**revised** [1] 48:18
**revisit** [1] 44:21
**rise** [2] 4:3 48:23
**road** [3] 20:24 24:6 28:17
**routinely** [1] 22:15
**rule** [2] 45:14 47:3
**rules** [13] 5:14,15,15 20:1 23:1 26:15 27:5 28:8 31:19 36:18 37:7,19 41:11
**runs** [2] 16:7,11
**russell** [1] 4:25

## S

**saint** [1] 42:23
**salary** [2] 43:13,14
**sale** [1] 43:11
**same** [2] 6:13 18:12
**sanders** [1] 36:6
**sandy** [1] 4:12
**saw** [3] 7:24 8:17 32:15
**saying** [9] 10:12 17:13 18: 9,24 20:14 24:25 25:15 28:

7 40:14
**says** [4] 6:25 25:18 34:24 36:3
**schedule** [2] 19:4 46:8
**scheduled** [2] 46:13,24
**scope** [2] 17:15 44:20
**seated** [1] 4:5
**second** [1] 36:15
**secrets** [2] 36:7,10
**section** [1] 46:4
**see** [11] 5:22 17:4 20:16 24: 7 35:15 36:10 39:2 44:25 45:7 46:17 48:20
**seeking** [4] 23:25 25:13 28:19 41:20
**seeks** [2] 36:16 37:5
**seem** [2] 32:1 39:5
**seems** [2] 7:1 30:25
**sense** [3] 6:22 20:25 39:20
**sent** [2] 7:4 15:24
**sentences** [1] 9:13
**separate** [1] 31:25
**serve** [1] 44:13
**served** [1] 14:25
**serves** [2] 14:12 37:18
**session** [4] 14:5 22:16 46: 4 48:4
**set** [2] 39:9 43:24
**seven** [2] 16:18,20
**shall** [1] 31:16
**short** [2] 6:7 7:15
**show** [1] 17:20
**sic** [3] 12:11 39:5 43:1
**sides** [1] 25:19
**sign** [1] 21:23
**signed** [5] 13:20 22:17 32: 16 35:18 38:4
**significant** [1] 43:9
**significantly** [1] 20:19
**simplify** [1] 43:5
**simply** [1] 40:6
**since** [3] 12:14 39:24 43: 17
**sit** [1] 46:3
**situation** [6] 8:14 23:24 24:7 27:9,21 37:17
**six** [2] 24:5 46:4
**size** [1] 39:17
**somebody** [2] 24:8 30:19
**someone** [2] 33:1,16

DH Reporting Services, Inc. (781) 575-8000

**somewhere** [1] 29:19
**sorry** [3] 7:21 9:2 21:12
**sort** [9] 6:9,12,15 17:11 19:
  1,3 20:23 39:17 40:22
**speaking** [2] 12:14 38:13
**special** [21] 11:15 16:21,
  21 17:2,16,16 19:2,3,11,12,
  14,22 26:5,8 28:19 30:22
  31:2 34:6 38:16 39:10 47:
  10
**specific** [2] 22:1 42:19
**specifically** [1] 31:12
**speculate** [1] 21:2
**spend** [1] 14:22
**spent** [1] 6:9
**stand** [2] 12:14 43:22
**standard** [3] 17:1 43:7,23
**start** [1] 12:14
**state** [19] 9:16 11:9 13:15,
  17 19:25 22:17 23:24 26:
  10 27:18,22 29:23 31:24
  34:19,19,24,25 36:4 37:7
  43:19
**status** [3] 17:6 20:16 39:9
**step** [5] 17:13 18:17 20:20
  23:16,19
**stepped** [1] 48:14
**steps** [1] 37:2
**stewart** [4] 4:17 5:4 41:10
  45:18
**still** [5] 5:13 10:13 16:2 19:
  21 39:11
**stipulate** [1] 42:17
**story** [1] 26:9
**strategic** [1] 28:4
**strong** [2] 38:11 42:13
**struggle** [1] 6:1
**subject** [3] 32:17 33:11 48:
  18
**submit** [1] 42:20
**submitted** [1] 14:2
**substantially** [1] 18:21
**suggest** [3] 32:9 47:12,13
**suggesting** [1] 25:17
**suggestion** [1] 21:9
**support** [1] 5:8
**swearing** [1] 15:2

**T**

**tailored** [1] 5:4

**tens** [1] 29:24
**terms** [3] 18:15 19:25 44:
  10
**that's** [37] 12:16,20,20,21,
  23 13:8 18:2 20:3,22 22:1
  23:14,24 24:2 25:9 26:1 28:
  12,13 29:2 30:10,20 32:23
  35:3,10,21,22,25 36:13 37:
  9,11 38:8,9 39:19 41:25 43:
  22 46:20,22,24
**themselves** [3] 4:8 32:17
  41:18
**there's** [30] 5:24,25 8:5,21
  11:13 17:14 19:1,16 21:14,
  18 23:4 24:1,17 25:18 26:
  12,20 28:4 31:19,23 32:13,
  15,15,19 33:20 36:11,15
  40:4,10 44:8 45:14
**therefore** [1] 28:24
**they'll** [1] 18:18
**they're** [8] 18:1 25:25 30:4
  33:19 35:2 41:19 45:11 48:
  18
**they've** [4] 21:24 25:19 41:
  21 48:15
**thinking** [1] 45:21
**thinks** [1] 39:11
**thoughts** [1] 48:15
**throw** [1] 38:19
**timney** [5] 4:18 5:5 41:10
  43:17 45:18
**today** [6] 6:9 9:11 10:10
  12:24 13:2 15:18 20:13,25
  22:10
**together** [3] 14:2 15:1 32:
  6
**took** [1] 27:23
**totally** [1] 28:13
**trade** [2] 36:6,10
**traded** [1] 43:17
**transcript** [6] 6:2,24 7:1 8:
  17 36:2 48:13
**transferred** [1] 14:5
**transparency** [1] 42:14
**treated** [2] 18:11 28:10
**trial** [1] 46:10
**try** [3] 11:10 26:4 46:9
**trying** [4] 9:4 10:18 28:8
  36:8
**turn** [2] 20:9 41:7

**turns** [1] 20:7
**two** [5] 11:8 20:20 43:20
  46:25 48:4
**typical** [1] 31:9
**typically** [2] 21:21 22:18

**U**

**ulterior** [1] 28:4
**ultimately** [6] 12:23 28:15,
  18 30:24 33:11 38:9
**un** [1] 40:10
**unclear** [2] 20:3 32:2
**under** [8] 16:3,22 19:25 20:
  18 26:15 27:5 30:20 41:11
**understand** [9] 5:10 9:
  15,25 10:20 23:17 27:6 28:
  3,10,13,22 29:5,6 34:5,25
  36:24 37:8 39:8,22 44:20
**understanding** [2] 9:16
  22:21
**understood** [1] 40:6
**undisputedly** [2] 31:14,
  21
**unfolding** [1] 6:8
**uniform** [6] 5:15 19:25 23:
  1 31:19 36:18 41:11
**universe** [2] 39:14 44:19
**unlawful** [1] 15:7
**unless** [1] 31:16
**unpack** [1] 13:9
**un-redact** [1] 40:2
**unredacted** [5] 9:19 10:8
  11:5,24 17:10
**until** [1] 8:9
**unusual** [2] 25:1 37:17
**up** [7] 8:9 12:14 23:21 26:
  20 45:14 48:8,9
**updated** [1] 40:14

**V**

**various** [1] 15:22
**version** [18] 9:20 10:2,5
  11:5,24 13:1 17:10,10 40:3,
  3,11,11,15 41:4 45:4,6,16,
  16
**view** [10] 12:1 15:11 26:14
  27:22 33:3 34:3 36:4,9,25
  38:16
**views** [1] 36:9

**W**

**wants** [3] 22:22 24:8 38:4
**warrant** [1] 46:6
**way** [12] 5:25 8:18 14:4,22
  16:7 23:20 25:3 28:25 32:
  12 33:18 41:21 48:19
**ways** [1] 31:3
**we'd** [2] 21:24 42:17
**we'll** [8] 4:22 21:8 29:11
  30:24 39:14,16 46:7 48:20
**we're** [24] 7:22 8:14 13:17
  16:22,22,25 17:4 18:3,6 20:
  7 21:5 25:13,13,15,16 28:
  17 32:8 33:17 35:22 44:14,
  16 45:11,21 48:12
**we've** [9] 8:3,3,8,9 15:20
  21:19 33:17 43:10 48:7
**weeds** [1] 27:25
**week** [10] 7:5,24 9:19,19
  10:9,14 11:8 18:5 39:24 47:
  6
**weren't** [1] 29:23
**what's** [4] 36:25 43:13 47:
  1,1
**whatever** [5] 19:8 20:20
  23:8 24:22 26:8
**whenever** [1] 39:9
**whereby** [1] 16:17
**whether** [10] 16:7 17:14
  18:1,13 20:17 23:4 30:19
  33:18 35:24 36:19
**whole** [1] 44:19
**will** [16] 16:17 19:18 23:18
  24:14 26:5,7 29:10,10 31:
  23 32:16,17 33:4 37:14 39:
  23 46:8 48:6
**willing** [1] 17:4
**win** [1] 33:9
**wisconsin** [1] 30:9
**wishes** [1] 45:9
**within** [1] 17:15
**without** [2] 5:25 31:17
**wolosz** [4] 4:21,22
**words** [2] 7:20 21:20
**work** [14] 8:6 11:9,16 17:4
  26:4 28:12 29:11,21 30:25
  32:8 35:14,22 37:15 41:17
**worked** [1] 38:13
**works** [2] 21:21 32:12

*DH Reporting Services, Inc. (781) 575-8000*

**wrench** [1] **38**:20
**wrinkle** [1] **28**:12
**written** [1] **18**:5
**wrote** [1] **25**:20

---

## Y

**year's** [1] **11**:8
**yesterday** [10] **5**:3 **6**:8 **8**:
11 **13**:10,11,12 **14**:20 **35**:
21 **40**:1 **48**:12
**you'd** [1] **40**:19
**you'll** [1] **34**:16
**you're** [10] **10**:12 **12**:6 **17**:
13 **18**:24 **20**:14 **24**:25 **30**:
18 **32**:7 **40**:14 **44**:24
**you've** [2] **20**:23 **29**:8