**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Case No. 17-md-2804 |
| **This document relates to:**<br>ALL CASES | Hon. Dan Aaron Polster |

**DEFENDANT ALLERGAN PLC'S RESPONSE TO PLAINTIFFS' REQUEST FOR ENTRY OF ORDER "DEEMING SERVICE EFFECTUATED" OR FOR DEFAULT**

# TABLE OF CONTENTS

**Page**

I.  Introduction ........................................................................................................ 1

II.  Argument .......................................................................................................... 5

    A.  Plaintiffs' Request That Allergan plc Be "Deemed Served" Is Baseless And Moot ..................................................................................... 5

    B.  Unnamed, Unidentified U.S. Subsidiary Entities Of Allergan plc Are Not Parties To This Litigation ..................................................................... 8

        1.  The Complaint Names Only Two Allergan Entities As Defendants: Allergan Finance, LLC And Allergan plc .................................................. 8

        2.  Plaintiffs Have Taken Ample Discovery Allowing Them To Identify Which, If Any, U.S. Subsidiaries Of Allergan plc They May Consider Adding As Defendants ...................................................... 11

    C.  Plaintiffs' Request For Default Is Unfounded And Frivolous ............................. 12

III.  Conclusion ........................................................................................................ 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Albrecht v. Treon*,
　617 F.3d 890 (6th Cir. 2010) ................................................................................10

*Ashtabula River Cooperation Grp. II v. Conrail, Inc.*,
　No. 07-CV-3311, 2010 WL 3222013 (N.D. Ohio Aug. 13, 2010) ..........................................2

*Aslani v. Sparrow Health Sys.*,
　No. 1:08-cv-298, 2009 WL 3711602 (W.D. Mich. Nov. 3, 2009) ...........................................9

*Aultman v. Peters*,
　19 F.3d 21 (7th Cir. 1994) (table) ...........................................................................9

*Bakari v. May*,
　No. 3:10-CV-250, 2011 WL 1743728 (S.D. Ohio May 6, 2011) ...........................................9

*Berthelsen v. Kane*,
　907 F.2d 617 (6th Cir. 1990) ...............................................................................12

*Britford v. Collins*,
　No. 2:07-cv-0306, 2007 WL 4371670 (S.D. Ohio Dec. 4, 2007)...........................................8

*C&L Ward Bros., Co. v. Outsource Sols., Inc.*,
　547 F. App'x 741 (6th Cir. 2013) ...........................................................................4

*Carmichael v. City of Cleveland*,
　571 F. App'x 426 (6th Cir. 2014) ..........................................................................10

*Dassault Systemes, SA v. Childress*,
　663 F.3d 832 (6th Cir. 2011) ...............................................................................5

*Enron Oil Corp. v. Diakuhara*,
　10 F.3d 90 (2d Cir. 1993)..................................................................................12

*Glick v. Farm Credit Servs. of Mid-America, FLCA*,
　No. 5:09CV02273, 2010 WL 3118673 (N.D. Ohio Aug. 6, 2010) .........................................4

*Glidepath Holding B.V. v. Spherion Corp.*,
　590 F. Supp. 2d 435 (S.D.N.Y. 2007).....................................................................10

*Hollis v. Howard*,
　No. 16-5115, 2016 WL 9804159 (6th Cir. Dec. 21, 2016)....................................................6

*LSJ Inv. Co. v. O.L.D., Inc.*,
   167 F.3d 320 (6th Cir. 1999) ....................................................................8

*MacArthur v. San Juan Cty.*,
   495 F.3d 1157 (10th Cir. 2007) ...............................................................10

*Mettle v. First Union Nat'l Bank*,
   279 F. Supp. 2d 598 (D.N.J. 2003) ............................................................5

*Nwabue v. Wayne State Univ. Sch. of Med.*,
   513 F. App'x 551 (6th Cir. 2013) (per curiam) .........................................8

*O.J. Distrib., Inc. v. Hornell Brewing Co.*,
   340 F.3d 345 (6th Cir. 2003) .....................................................................8

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987).....................................................................................4

*Parchman v. SLM Corp.*,
   896 F.3d 728 (6th Cir. 2018) .....................................................................7

*Peralta v. Heights Med. Ctr., Inc.*,
   485 U.S. 80 (1988)...................................................................................13

*Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Indus. Int'l*,
   No. 2:14-cv-593, 2015 WL 9412927 (S.D. Ohio Dec. 22, 2015)..............7

## Rules

Fed. R. Civ. P. 10(a) ...........................................................................................9

Fed. R. Civ. P. 55(a) ..................................................................................*passim*

Fed. R. Civ. P. 55(c) ...........................................................................................5

## Other Authorities

10A Charles Alan Wright & Arthur R. Miller et al., *Fed. Prac. & Proc.* § 2682
   (4th ed.)......................................................................................................8

## I.    INTRODUCTION

Plaintiffs' request that the Court "either deem served or enter the default of Defendant Allergan PLC f/k/a Actavis PLC and all of its U.S. subsidiaries that manufacture, market, sell, distribute or monitor sales of opioids" is purposefully misleading, contrary to settled law, and also mooted by the discovery record.  ECF No. 1304 ("Mot.") at 1.  For the reasons set forth below, the motion is entirely frivolous and must be denied.

*First*, Plaintiffs' request that Allergan plc be "deemed served" is curious at best—on November 9, 2018, the Court lifted its stay on service of foreign parent entities and deemed them to be in the case.  Since then, counsel for Allergan plc has consistently represented on no less than four occasions that it will accept service for this entity (noting for the record its objection) and has done so for all practical purposes over its objection.  Plaintiffs complain that Allergan plc "refused" to sign a waiver of service form (which purported to waive service not only for Allergan plc but for other unnamed and unidentified entities not parties to this case), Mot. ¶ 8, but that could not be farther from the truth given counsel's unequivocal agreement to accept service and Allergan plc's subsequent participation in the case.[1]  Indeed, Plaintiffs' request is moot as a practical matter, as Allergan plc not only agreed to accept service but subsequently responded to the Complaint in this case by moving to dismiss, *see* ECF No. 1258, and in the meantime fully participated in discovery.  Allergan[2] has repeatedly represented in its sworn responses that it has produced "all responsive documents and information reasonably accessible to all of its current affiliates, including Allergan

---

[1]    *See* Declaration of Donna W. Welch ("Decl.") ¶ 2, Ex. 1 (Nov. 19, 2018 email from T. Knapp); Decl. ¶ 2, Ex. 1 (Nov. 30, 2018 email from T. Knapp); Decl. ¶ 3, Ex. 2 (Jan. 3, 2019 email from J. Levy); Decl. ¶ 4, Ex. 3 (Jan. 15, 2019 email from C. Ventura).

[2]    "Allergan" or "the Allergan Defendants" refers collectively to the only two Allergan entities named as defendants in the Second Amended Complaint: (1) Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., and (2) Allergan plc f/k/a Actavis plc.

plc."[3]  Because Allergan plc has not "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), Plaintiffs' requested relief is improper.

*Second*, to the extent that Plaintiffs further contend that the Court should "deem served" or, more outrageously, enter default against unnamed, unidentified corporate entities described only as "all of [Allergan plc's] U.S. subsidiaries that manufacture, market, sell, distribute or monitor sales of opioids," the request must be denied.  *See* Mot. at 1.  Plaintiffs' Second Amended Complaint dated May 25, 2018 names only two Allergan entities as defendants: (1) Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. and (2) Allergan plc f/k/a Actavis plc.  No other subsidiaries are referenced at all, let alone named as defendants.  Thus, whichever entities Plaintiffs intend to refer to with the catch-all phrase "U.S. subsidiaries" are not parties to this case and certainly have not been served.  Entering default with respect to them would therefore violate Due Process and constitute clear reversible error.  *E.g.*, *Ashtabula River Cooperation Grp. II v. Conrail, Inc.*, No. 07-CV-3311, 2010 WL 3222013, at *2 (N.D. Ohio Aug. 13, 2010) ("Upon review, the Court finds that the entry of default ***must*** be set aside as it appears ACME was never properly served.") (emphasis added).

Plaintiffs' proffered excuse for failing to identify the entities against which it purportedly now seeks relief—the conclusory allegation that Allergan has not been forthright in disclosing information about its subsidiaries or has denied such discovery—is not supported by any facts, is wholly contradicted by the discovery record, and is flat wrong.  Allergan has answered numerous

---

[3]  Decl. ¶ 5, Ex. 4 (Nov. 16, 2018, Allergan's Third Amended Objections and Responses to Plaintiffs' First Set of Interrogatories) ("These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan). Allergan confirms that its previous and ongoing discovery investigation and production of documents -- regarding Kadian®, Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, 'opioids generally' or unbranded marketing) -- has included all responsive documents and information reasonably accessible to all of its current affiliates, including Allergan plc.").

discovery requests about its opioid products and produced voluminous documents, including a custom graphic highlighting Allergan plc's various corporate acquisitions over the years and dozens of organizational charts detailing its corporate structure.[4]  In addition, on October 26, 2018, Allergan provided a 30(b)(6) witness—Steve Kaufhold—who answered hours of detailed questions about Allergan's corporate structure.  As part of that deposition, Allergan provided Plaintiffs a comprehensive, 14-page "cheat sheet" that, among other things, identified all of the specific entities that manufactured, labeled, distributed, and held the IP rights to each of the opioid products owned by Allergan or its former affiliates (the Actavis Generic Entities sold to Teva).  *See* Decl. ¶ 6, Ex. 5 (Kaufhold Dep. Ex. 3).  The "cheat sheet" also included a list of every single Schedule II opioid product owned by one of Allergan plc's former subsidiaries and listed which subsidiaries owned the IP for that product.  *Id.*  And following that deposition, when Plaintiffs purported to have additional "follow-up" questions, the Allergan Defendants submitted verified responses to each and every one of Plaintiffs' post-deposition "follow-up" questions regarding these corporate structure issues.  Thus, the suggestion that Allergan has withheld information about its subsidiaries and corporate affiliates and their involvement with opioids is disingenuous and frankly astonishing on the record in this case.  Indeed, if it were true that Allergan was withholding such information, the remedy available to Plaintiffs would be a motion to compel with Special

---

[4]    *See* Decl. ¶ 6, Ex. 5 (Kaufhold Dep. Ex. 3); Decl. ¶ 7, Exs. 6-27 (2011-01-05 ALLERGAN_MDL_03367307; 2011-01-21 ALLERGAN_MDL_03367302; 2012-10-12 ALLERGAN_MDL_03367301; 2012-11-30 ALLERGAN_MDL_02761472; 2012-12-31 ALLERGAN_MDL_03367304; 2013-01-24 ALLERGAN_MDL_02758853; 2013-06-30 ALLERGAN_MDL_02931208; 2013-10-01 ALLERGAN_MDL_01098786; 2014-01-31 ALLERGAN_MDL_01384578; 2014-06-30 ALLERGAN_MDL_03295845; 2014-12-31 ALLERGAN_MDL_02177059; 2015-01-01 ALLERGAN_MDL_02079795; 2015-09-08 ALLERGAN_MDL_01471538; 2015-09-30 ALLERGAN_MDL_02147315; 2016-01-01 ALLERGAN_MDL_01373731; 2016-03-31 ALLERGAN_MDL_02147111; 2016-08-03 ALLERGAN_MDL_03295865; 2016-09-30 ALLERGAN_MDL_03295869; 2017-06-30 ALLERGAN_MDL_00000006; 2017-08-01 ALLERGAN_MDL_00000001; 2018-03-31 ALLERGAN_MDL_03295860; 08-02-2016 ALLERGAN_MDL_03674501).

3

Master Cohen, who has carefully presided over all complaints to these very discovery responses in real time.  Tellingly, no such motion was filed—and it would fall flat even if it was pursued.

That is because Plaintiffs already have all of the information regarding Allergan's corporate structure that they have asked for in discovery, and they have had that information for months.  If, after examining this discovery record, Plaintiffs believed that there was good cause to amend the Complaint to add any additional Allergan defendants, they could have done so prior to the deadline to add new parties or moved the Court for leave to do so after the deadline.  Plaintiffs have not sought to amend, no doubt because that would have required Plaintiffs to meet basic pleading requirements such as identifying the specific entity sought to be added as a defendant, setting forth the specific causes of action asserted against that entity, and specifying the underlying unlawful acts that make up the factual and legal bases for the asserted cause(s) of action.  *See, e.g.*, *Glick v. Farm Credit Servs. of Mid-America, FLCA*, No. 5:09CV02273, 2010 WL 3118673, at *1 (N.D. Ohio Aug. 6, 2010) (denying motion to amend that "fail[ed] to supply either a proposed amended complaint or a description of the proposed amendments" and "fail[ed] to allege any additional facts or further articulate the basis for the claims asserted in the complaint"); *see also, e.g.*, *C&L Ward Bros., Co. v. Outsource Sols., Inc.*, 547 F. App'x 741, 745 (6th Cir. 2013) ("A properly filed motion for leave complete with an indication of the grounds upon which the amendment is sought and the general contents of the amendment is preferable.").

Plaintiffs' current request—unsupported by any case law and untethered to the factual record—is insufficient to avoid the requirements for amendment to add parties.  Likewise, their one-sentence appeal for unspecified U.S. affiliates of a foreign defendant to be "deemed" entered in a case to which they are not parties and consequently have no notice of any possible allegations against them constitutes a blatant denial of Due Process.  *See Omni Capital Int'l, Ltd. v. Rudolf*

4

*Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").[5]

Because Plaintiffs' motion is objectively baseless, factually moot, and legally frivolous, it must be denied.

## II.    ARGUMENT

### A.    Plaintiffs' Request That Allergan plc Be "Deemed Served" Is Baseless And Moot.

Contrary to Plaintiffs' suggestion, Allergan's counsel unequivocally agreed to accept service for Allergan plc (over objection); that it did so is underscored by the fact that Allergan plc has since participated in discovery and responded to the Complaint.[6]  Plaintiffs' contention that undersigned counsel has refused to sign a waiver of service for Allergan plc is both wrong on its face and legally irrelevant.

Service related to Allergan plc—an Irish corporation—was stayed pursuant to Court Order until November 2018 when the Court lifted the suspension of service upon foreign entities.  *See* ECF No. 1108 at 1.  Shortly thereafter, on November 19, 2018, Plaintiffs' counsel sent a waiver of service form to "Allergan plc and all of its U.S. subsidiaries that manufacture, market, sell, distribute or monitor suspicious sales of opioids in the U.S."  Decl. ¶ 2, Ex. 1 (Nov. 19, 2018 email

---

[5]    For the reasons explained in this opposition brief, there would be "good cause" for a reviewing court to "set aside entry of default."  Fed. R. Civ. P. 55(c); *see also, e.g., Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) ("Because of our general preference for judgments on the merits, however, a glaring abuse of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.  Our review is therefore a forgiving one, and applies a less deferential species of abuse of discretion rather than the normal abuse of discretion review.") (internal quotation marks and citations omitted); *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 603 (D.N.J. 2003) ("Consequently, as there has been no proper service of the summons and complaint upon First Union, sufficient 'good cause' exists for setting aside the default entered . . . .").

[6]    Allergan plc moved to dismiss on personal jurisdiction grounds, which the Court should grant given the Complaint's insufficient allegations to support personal jurisdiction under a theory of general jurisdiction, specific jurisdiction, or alter ego under Ohio or Federal law.  ECF No. 1258.  In the event the Court denies the motion, Allergan plc would subsequently answer the Complaint as required.

from A. Baig).  Allergan's counsel responded that very day, stating that "Allergan plc will accept service over its objection to personal jurisdiction and subject to a reservation of rights to contest personal jurisdiction."  Decl. ¶ 2, Ex. 1 (Nov. 19, 2018 email from T. Knapp).  <u>Indeed, Allergan's counsel offered to sign a revised waiver form naming Allergan plc only, because Allergan plc is the only other Allergan Defendant other than Allergan Finance, LLC that is named in the case.</u>  *Id.* ("If you'd like us to waive service for Allergan plc consistent with the Minutes and Order, please send an updated waiver form and we will sign and return it.").  Since then, Allergan's counsel has consistently reiterated that it was accepting service for Allergan plc over its objections.  Decl. ¶ 2, Ex. 1 (Nov. 30, 2018 email from T. Knapp)[7]; Decl. ¶ 3, Ex. 2 (Jan. 3, 2019 email from J. Levy)[8]; Decl. ¶ 4, Ex. 3 (Jan. 15, 2019 email from C. Ventura).[9]  Plaintiffs have never sent a revised waiver of service form to Allergan plc, instead improperly and harassingly insisting that Allergan plc sign a waiver form that attempts to shoehorn other unnamed and unidentified mystery "subsidiaries" and "affiliates" into these cases.  Regardless, as Plaintiffs surely know, such a waiver is unnecessary given the representation that counsel was accepting service on Allergan plc's behalf and Allergan plc's participation-in-fact in the lawsuit.

Put simply, given that Allergan plc has responded to the Complaint and participated in discovery, default would be improper.  *See, e.g.*, *Hollis v. Howard*, No. 16-5115, 2016 WL

---

[7]  "Judge Polster's Order referenced in Aelish's email discusses accepting service on foreign named defendants. Below we confirmed Allergan plc's willingness to accept service over its objections and subject to a reservation of rights."

[8]  "In addition to agreeing to accept service for Allergan plc with rights reserved per Judge Polster's order, we have also agreed to accept service on any other named defendant in the MDL that is a current Allergan US subsidiary. In the MDL Track I cases, Allergan Finance, LLC (f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.) is the only such named defendant."

[9]  "Allergan has repeatedly told Plaintiffs it is willing to waive service for Allergan plc, despite our continued objection that Allergan plc should also be permitted to move to dismiss for lack of personal jurisdiction.  Allergan is still willing to do this, and we understand this is consistent with what other defendants have agreed to do."

9804159, at *2 (6th Cir. Dec. 21, 2016) (affirming denial of plaintiff's motions for default and default judgment because defendant "did not fail to defend against [plaintiff's] complaint because [defendant] filed a timely motion to dismiss the complaint"); *Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Indus. Int'l*, No. 2:14-cv-593, 2015 WL 9412927, at *5 (S.D. Ohio Dec. 22, 2015) ("The Clerk may only enter default against a party if that party 'has failed to plead or otherwise defend.'" (quoting Fed. R. Civ. P. 55(a)).  As explained below, Allergan plc has already served discovery responses over objection on Plaintiffs.[10]  Likewise, Plaintiffs' request for default is meritless given that, consistent with its longstanding position, Allergan plc moved to dismiss the Second Amended Complaint for lack of personal jurisdiction on January 15, 2019, the Court-ordered deadline to answer or otherwise respond to the Track 1 complaints.  *See* ECF No. 1258.  Plaintiffs' passing reference to Allergan plc being subject to this Court's personal jurisdiction because it "has already appeared," Mot. ¶ 10, is contrary to the record and obviously an issue to be dealt with on the pertinent briefs should Plaintiffs choose to oppose Allergan plc's motion to dismiss.  *See Parchman v. SLM Corp.*, 896 F.3d 728, 734 (6th Cir. 2018) (explaining that "[t]he personal jurisdiction defense is not waived when a party makes a special appearance in order to contest personal jurisdiction").  In any event, because Allergan plc has already "'pleaded or otherwise defended' by filing [its] motion to dismiss before [Plaintiffs] filed [their] default

---

[10]   *See, e.g.*, Decl. ¶ 5, Ex. 4 (Nov. 16, 2018, Allergan's Third Amended Objections and Responses to Plaintiffs' First Set of Interrogatories) ("These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan). Allergan confirms that its previous and ongoing discovery investigation and production of documents -- regarding Kadian®, Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, 'opioids generally' or unbranded marketing) -- has included all responsive documents and information reasonably accessible to all of its current affiliates, including Allergan plc."); Decl. ¶ 8, Ex. 28 (Dec. 6, 2018, Allergan's Third Amended Objections and Responses to Plaintiffs' First Set of Requests for Production) (same); Decl. ¶ 9, Ex. 29 (Dec. 27, 2018, Allergan's Verified Responses to Plaintiffs' Additional 30(b)(6) Questions to Julie Snyder) (same); Decl. ¶ 10, Ex. 30 (Jan. 15, 2019, Allergan's Amended Written Responses to Topics 7, 20, 28, and 41 Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6)) (same).

motion," Plaintiffs current request must be denied.  *Nwabue v. Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 552 (6th Cir. 2013) (per curiam) (original alterations omitted) (quoting Fed. R. Civ. P. 55(a)); *see also, e.g.*, *Britford v. Collins*, No. 2:07-cv-0306, 2007 WL 4371670, at *1 (S.D. Ohio Dec. 4, 2007) ("However, because those five defendants answered the complaint, it would be improper for the Court to enter their default.").

**B.     Unnamed, Unidentified U.S. Subsidiary Entities Of Allergan plc Are Not Parties To This Litigation**.

Under settled law, this Court cannot deem served or enter default against Allergan plc's "U.S. subsidiaries" that have never been named as defendants and, thus, never been served with process.  *See, e.g.*, 10A Charles Alan Wright & Arthur R. Miller et al., *Fed. Prac. & Proc.* § 2682 (4th ed.) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").  Doing so would violate these unnamed entities' due process rights.  *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.  Therefore, if service of process was not proper, the court must set aside an entry of default." (citations omitted)); *see also LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (voiding default judgment based on insufficient service of process).  Plaintiffs' invitation to inject constitutional error into this complex case should be soundly rejected.

1.     *The Complaint Names Only Two Allergan Entities As Defendants:  Allergan Finance, LLC And Allergan plc*.

The second half of Plaintiffs' motion rests on the untenable position that the Court's November 9, 2018 Order mandates Allergan accept service on behalf of unnamed, unidentified "U.S. subsidiaries" of Allergan plc.  The Court's Order, however, says nothing of the sort—and it

certainly says nothing about accepting service on behalf of entities that are not part of this case whatsoever.

Not only do Plaintiffs misstate the Court's Order, they also ignore basic pleading requirements.  Plaintiffs admit, as they must, that Allergan plc's unidentified "U.S. subsidiaries engaged in the opioid business" have never been "expressly named" as defendants.  Mot. ¶ 9. Indeed, the only two Allergan entities named as defendants in the Complaint are Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. and Allergan plc f/k/a Actavis plc.  *See* ECF No. 521 at 1 ¶1.  Instead, Plaintiffs contend that Allergan plc's subsidiaries "were all generally named"—a contention as specious as it is cursory.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint *must name all the parties* . . . ." (emphasis added)); *Bakari v. May*, No. 3:10-CV-250, 2011 WL 1743728, at *1 n.1 (S.D. Ohio May 6, 2011) (concluding pursuant to Rule 10(a) that only those listed in the caption of the complaint were defendants, even though "the Complaint references other 'Defendants' named Etchison and Tidd"); *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2009 WL 3711602, at *7 n.9 (W.D. Mich. Nov. 3, 2009) ("Simply put, persons who are not named as parties in the caption of a complaint are not parties. . . . A plaintiff must ensure that all parties whom he wishes to sue are named in the caption of his complaint, for the caption's *raison d'etre* is to define the roster of those who are legally party to the controversy." (citation omitted)).[11]

Plaintiffs cite no authority permitting a party to "generally name" otherwise unidentified defendants, nor do they even begin to argue how they have "generally named" unidentified U.S.

---

[11] The circumstances here are distinguishable from those in *Aultman v. Peters*, 19 F.3d 21 (7th Cir. 1994) (table), where "[a]lthough Nurse Griffith was not listed in the caption or the 'parties' section of the form complaint, she was identified in the statement of the claim, and more importantly, she was served with process." *Id.* at *2 n.3. The same cannot be said for the unnamed, unidentified, and unserved "U.S. subsidiaries" of Allergan plc.

subsidiaries of Allergan plc here. *See* Mot. ¶ 9. For those reasons alone, the Court should reject Plaintiffs' far-fetched contention that these unnamed, unidentified entities have somehow been made parties to the case via the Complaint. *See, e.g.*, *MacArthur v. San Juan Cty.*, 495 F.3d 1157, 1160–61 (10th Cir. 2007) ("Mere conclusory allegations with no citations to the record or any legal authority for support does not constitute adequate briefing." (citation and internal quotation marks omitted)); *Glidepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 n.9 (S.D.N.Y. 2007) (noting "the Court has no obligation to consider an argument for which a party has cited no legal authority"). But there is an even more fundamental problem with Plaintiffs' position: these unnamed, unidentified entities are entitled to know of Plaintiffs' allegations, if any, specifically against them. It is highly improper and erroneous for Plaintiffs to attempt to corral ***all*** Allergan corporate subsidiaries in this case solely on the grounds that they may have a tangential relationship with the opioid supply chain—especially without any factual allegations about specific wrongdoing. "A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citation and internal quotation marks omitted). This request by Plaintiffs is not a legitimate substitute for a complaint that pleads the required factual content against these presently unnamed entities; and merely alleging that "U.S. subsidiaries" of Allergan plc are "engaged in the opioid business," Mot. ¶ 2, would certainly not pass muster under federal pleading requirements. *E.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 433 (6th Cir. 2014) ("The pleading standard under Federal Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citation and internal quotation marks omitted)).

     2.     *Plaintiffs Have Taken Ample Discovery Allowing Them To Identify Which, If Any, U.S. Subsidiaries Of Allergan plc They May Consider Adding As Defendants.*

Plaintiffs similarly misstate the discovery Allergan has provided, which included a wealth of information that would have allowed Plaintiffs to identify which, if any, "U.S. subsidiaries" they wanted to name as defendants. *First*, Plaintiffs entirely ignore that Allergan produced numerous corporate organizational charts, including those reflecting subsidiaries of Allergan plc.[12] For example, the organization chart titled "Allergan plc and Subsidiaries At August 2, 2016" identifies, among other information, which legal entities were sold to Teva as of that date, which entities are treated as partnerships for U.S. tax purposes, and which entities are treated as corporations for U.S. tax purposes. *See, e.g.*, Decl. ¶ 7, Ex. 22 (ALLERGAN_MDL_03674501). *Second*, Allergan presented Plaintiffs with a 14-page written overview setting forth comprehensive responses to each of the 30(b)(6) deposition topics on corporate structure—one of which was "[t]he corporate structure of all Allergan entities (including Allergan Finance, LLC, Allergan plc, and all subsidiaries) . . . ." *See, e.g.*, Decl. ¶ 6, Ex. 5 (Kaufhold Dep. Ex. 3). This "cheat sheet" among other things, identified all specific entities that manufactured, labeled, distributed and held the IP rights to each of Allergan's opioid products. *Id.* It also referenced specific Bates numbers for various organizational charts and other documents responsive to the 30(b)(6) topics. *Id.* Furthermore, the "cheat sheet" included a list of every single Schedule II opioid product identified as having been owned by Allergan plc's former subsidiaries and listed which subsidiaries owned the IP for that product. *Id.* *Third*, after the 30(b)(6) deposition, Plaintiffs selected a series of questions that Allergan plc's corporate representative was purportedly unable to answer as they were worded at the deposition, to which Allergan provided verified responses. *See, e.g.*, Decl.

---

[12]   *See supra* n.4.

¶ 11, Ex. 31 (Allergan's Corrected and Amended Verified Responses to Plaintiffs' Additional 30(b)(6) Questions).  Plaintiffs did not follow up with any additional questions after Allergan submitted its verified responses.

Armed with this information, Plaintiffs could have sought leave to amend their Complaint—something they clearly know how to do given that they have already amended twice, including an amendment to add new defendants in May 2018 based on the ARCOS data they received.  Instead, Plaintiffs now file this frivolous motion as an end-run around their failure to have amended their Complaint, knowing that they do not have good cause for seeking leave to amend at this juncture, much less a factual basis for adding any specific entity.  If it were true that Allergan was withholding information about corporate structure, Plaintiffs could have filed a motion to compel with Special Master Cohen, who has carefully presided over all complaints to these very discovery responses.  Unsurprisingly, Plaintiffs filed no motion of this sort.

C.     **Plaintiffs' Request For Default Is Unfounded And Frivolous**.

Default is a "harsh sanction."  *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) (citation omitted).   Thus, "defaults are generally disfavored and are reserved for rare occasions . . . ."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  This is not one of those occasions.

Plaintiffs' motion ignores all of the discovery that Allergan has already produced with respect to, among other topics, corporate structure.  And Plaintiffs similarly ignore that it was their burden to either compel more discovery—which they have not done—or use the information they have gathered to develop coherent theories and amend to plead causes of action supported by facts against specific corporate entities.  Instead, Plaintiffs have attempted to belatedly short-circuit their basic pleading requirements by requesting that the Court "deem served or enter the default of" unidentified "U.S. subsidiaries" of a named defendant.  Mot. at 1.  It would be a flagrant violation

12

of Due Process for the Court to attempt to enter default against unnamed entities who are not parties to this case and therefore have had no notice of any claims against them and no ability to respond.  *See, e.g.*, *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.  Failure to give notice violates the most rudimentary demands of due process of law." (internal quotation marks and citations omitted)).

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion to deem Allergan plc served should be denied as moot, and the remainder of Plaintiffs' motion should be denied.

Dated:  February 1, 2019                         Respectfully submitted,

                                                /s/ *Donna M. Welch*
                                                Donna M. Welch, P.C.
                                                KIRKLAND & ELLIS LLP
                                                300 North LaSalle
                                                Chicago, IL 60654
                                                Tel: (312) 862-2000
                                                donna.welch@kirkland.com

                                                *Attorney for Defendants Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. and Allergan plc f/k/a Actavis plc*

<u>CERTIFICATE OF SERVICE</u>

I certify that, on February 1, 2019, I filed a copy of the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties. Parties may access this filing through the Court's system.

/s/ *Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com