# Exhibit 3

**From:** Ventura, Catie

### Catie Ventura

**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5907  **M** +1 202 344 5785
**F** +1 202 879 5200

catie.ventura@kirkland.com

---

**From:** Ventura, Catie
**Sent:** Tuesday, January 15, 2019 9:51 PM
**To:** 'Aelish Baig' <AelishB@rgrdlaw.com>
**Cc:** Levy, Jennifer <jlevy@kirkland.com>; Welch, Donna M. <dwelch@kirkland.com>; Knapp, Timothy <tknapp@kirkland.com>; 'Tom Egler' <TomE@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; 'Matthew Melamed' <MMelamed@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Linda Singer <lsinger@motleyrice.com>
**Subject:** FW: [EXT] Waiver of service for Allergan PLC and subsidiaries

Aelish,

Allergan has repeatedly told Plaintiffs it is willing to waive service for Allergan plc, despite our continued objection that Allergan plc should also be permitted to move to dismiss for lack of personal jurisdiction. Allergan is still willing to do this, and we understand this is consistent with what other defendants have agreed to do.

Contrary to the suggestions in your email, other defendants have not agreed to also waive service for any US subsidiaries that are not named in the complaint. Indeed, Plaintiffs' counsel has not asked other defendants to do this, presumably realizing that an entity that is not a party to a complaint cannot, and should not, accept service of that complaint. Your repeated refusal to accept Allergan's offer to waive service for Allergan plc without also waiving service over unnamed entities that are not named defendants in the MDL is becoming harassing. If Plaintiffs continue to press this issue, Allergan will seek attorneys' fees for the time its counsel has spent responding to these repeated, unreasonable requests.

Best,

### Catie Ventura

**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5907  **M** +1 202 344 5785

F +1 202 879 5200
=====================================================
catie.ventura@kirkland.com


Begin forwarded message:

> **From:** Aelish Baig <AelishB@rgrdlaw.com>
> **Date:** January 11, 2019 at 8:48:05 PM CST
> **To:** "Levy, Jennifer" <jlevy@kirkland.com>
> **Cc:** "Welch, Donna M." <dwelch@kirkland.com>, Tom Egler <TomE@rgrdlaw.com>, Mark Dearman <MDearman@rgrdlaw.com>, Matthew Melamed <MMelamed@rgrdlaw.com>, Carissa Dolan <CDolan@rgrdlaw.com>, "lsinger@motleyrice.com" <lsinger@motleyrice.com>
> **Subject: [EXT] Waiver of service for Allergan PLC and subsidiaries**
>
> Jennifer,
> We have now received waivers of service for the foreign parent corporations of the other manufacturers from which they were sought.  This issue remains outstanding only for Allergan.   Judge Polster was very clear on this issue during the last hearing.  He stated that, for each defendant, any subsidiary or parent that was involved in the opioid business in the U.S. is part of this litigation. Despite numerous requests, you have refused to provide a list of all such Allergan PLC subsidiaries. Therefore we issued the waiver of service generally to include all such subsidiaries.  To the extent we do not receive the waiver of service from you, we will seek entry of default.  If you would like to discuss, please let us know immediately.
> Regards,
> Aelish
>
> On Jan 3, 2019, at 12:14 PM, Levy, Jennifer <jlevy@kirkland.com> wrote:
>
>> Aelish et al:  Happy 2019 to you.  Unfortunately Donna and Tim and I are on all on back-to-back calls the rest of this afternoon and travelling or in meetings tomorrow.  But I'm not sure we need any further meet and confer.  Let's see if we can bring this issue to a head by email and maybe save a step.  To the extent we understand the dispute it is as follows:  In addition to agreeing to accept service for Allergan plc with rights reserved per Judge Polster's order, we have also agreed to accept service on any other named defendant in the MDL that is a current Allergan US subsidiary.  In the MDL Track I cases, Allergan Finance LLC (f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.) is the only such named defendant.  Your correspondence appears to take the position that your expansive definition of "Actavis" in paragraph 72 of the Summit SAC ("Collectively, these defendants and entities, and their DEA registrant subsidiaries and affiliates that manufacture, promote, distribute, and sell prescription opioids, are referred to as "Actavis.") somehow amounts to an amendment to the SAC to add these other unspecified, unnamed entities as parties to the case without any allegations as to who they are,

what unlawful conduct you allege they engaged in, or what causes of action you purport to bring against them. To the extent that that is your argument, we disagree.  The law requires (1) that all parties be properly named in the caption of the complaint, and (2) that factual allegations against each defendant be set forth with specificity in the complaint, and (3) that legal causes of action be clearly pled.  As noted above, we have accepted service previously for all named defendants that are affiliated with Allergan.  To the extent that you seek to add new parties to the complaint, you will need to seek leave from the Court to do so, and you will need to set forth, in accordance with the Federal Rules of Civil Procedure, the factual basis for your claims against such defendant as well as whatever legal claims you intend to assert against them.  Until that happens, there is nothing further for us to do.  To the extent that we understand your position correctly, no further meet and confer is necessary -- please feel free to present this issue to Special Master Cohen.  To the extent that you think we misunderstand your position, we can be available Monday after noon ET to discuss.  Thanks and Happy New Year to you and your team.

**Jennifer G. Levy**
-----------------------------------------------------------
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5211  **M** +1 202 378 8015
**F** +1 202 879 5200
-----------------------------------------------------------
jennifer.levy@kirkland.com

---

**From:** Aelish Baig <AelishB@rgrdlaw.com>
**Sent:** Thursday, January 3, 2019 11:28 AM
**To:** Levy, Jennifer <jlevy@kirkland.com>
**Cc:** Welch, Donna M. <dwelch@kirkland.com>; Tom Egler <TomE@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>
**Subject:** [EXT] Re: SOM productions and Perfetto testimony

Please see Tom Egler's email in the  string you attached and the complaint paragraphs cited therein. It is inaccurate to state that Allergan Finance LLC is the only entity that is  a party. Generally available to discuss today or tomorrow. Does 11:30 pst/2:30 est today work?

On Jan 3, 2019, at 8:20 AM, Levy, Jennifer <jlevy@kirkland.com> wrote:

> Please see Tim Knapp's email on this topic dated

November 30th (attached), to which you didn't respond. Please let us know if you'd like to discuss.

**Jennifer G. Levy**

------------------------------------------------

**KIRKLAND & ELLIS LLP**

655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5211  **M** +1 202 378 8015
**F** +1 202 879 5200

------------------------------------------------

jennifer.levy@kirkland.com

---

**From:** Aelish Baig <AelishB@rgrdlaw.com>
**Sent:** Wednesday, January 2, 2019 6:57 PM
**To:** Welch, Donna M. <dwelch@kirkland.com>; Levy, Jennifer <jlevy@kirkland.com>
**Cc:** Tom Egler <TomE@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>
**Subject:** [EXT] RE: SOM productions and Perfetto testimony

Dear Donna and Jennifer,
Regarding the waiver of service for Allergan PLC issue, as you know, we requested that you sign a waiver of service on November 19th 2018. You refused on grounds that you did not want to accept service on behalf of Allergan PLC "***and all U.S. subsidiaries that manufacture, market, sell, distribute or monitor suspicious sales of opioids.***" On December 18th, we asked (as we have many times) that you identify all such subsidiaries. One mechanism for addressing the service issue, would be to sign the waiver of service that we sent to you, but add an attachment to it, which identifies all the U.S. subsidiaries which have been involved in the opioid business and for which you are accepting service. Please advise if this approach is acceptable to you or set up a call with us to discuss as soon as possible. We cannot conceive of any reasonable explanation for your refusal to accept service on behalf of Allergan PLC and its domestic subsidiaries involved in the opioid business, all of whom you have represented on multiple occasions are already participating in discovery. We are generally available to discuss this issue tomorrow or Friday, and intend to raise with the Court absent an agreement.
Aelish

**Aelish M. Baig**



One Montgomery Street, Suite 1800
San Francisco, CA 94104

Tel 415 288 4545



---

**From:** Aelish Baig
**Sent:** Friday, December 21, 2018 3:27 PM
**To:** Welch, Donna M.; 'Levy, Jennifer'
**Cc:** Tom Egler; Mark Dearman; Matthew Melamed; Carissa Dolan
**Subject:** SOM productions and Perfetto testimony

Dear Donna and Jennifer,

Mike Perfetto testified that all suspicious order reporting related documents were stored on the Marketing Shared Drive. (See also document bate stamped Acquired_Actavis_00265994). Please confirm that this drive and all SOM related materials including which orders were flagged as orders of interest or suspicious, which received justifications, and whether they were shipped or not, are produced in their entirety. Moreover, all Suspicious Order Tracking forms created, such as the template at Acquiried_Actavis_00265995, should have been produced by now as well. They should be produced for as far back as they are available. If they have already been produced, please identify where they are in the production by bates range.

Additionally, Mr. Perfetto testified that the marketing department promoted generics by using: "ad slicks", "sizzle slides", setting up booths at conferences and tradeshows and passing out brochures. Perfetto also testified that the marketing team sent "mailings to doctors and emails to pharmacists." Perfetto Depo., 68:12-69: 24. Please advise as to whether all such ad slicks, sizzle slides, mailings, brochures and emails to pharmacists promoting opioids have been produced, and if so, identify the bates range.

Thank you and happy holidays,
Aelish Baig

**Aelish M. Baig**



One Montgomery Street, Suite 1800
San Francisco, CA 94104

Tel 415 288 4545



NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

&lt;mime-attachment&gt;

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly proh bited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.