# Exhibit 4

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | |
| This document relates to: | ) ) | MDL No. 2804 |
| *City of Cleveland v. Purdue Pharma L.P., et al.,* Case No. 18-OP-45132 (N.D. Ohio) | ) ) ) ) | Case No. 17-md-2804 |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004 (N.D. Ohio) | ) ) ) | Hon. Dan Aaron Polster |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.*, Case No. 180OP-45090 (N.D. Ohio) | ) ) ) ) ) ) | |

## ALLERGAN'S THIRD AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 as well as the Case Management Order (Dkt. No. 232) in *In re: National Prescription Opiate Litigation*, Defendant Allergan hereby responds and objects to Plaintiff's First Interrogatories (the "Requests"). Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories, its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, and its September 30, 2018 Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, to the extent not overruled by the court or separately agreed-to.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

## Affirmation That Discovery Responses Herein Are Submitted On Behalf of All Current Allergan Entities And Include Information Collected About Prior Affiliates No Longer Owned by Allergan

These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan).[1]  Allergan confirms that it's previous and ongoing discovery investigation and production of documents -- regarding Kadian®, Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, "opioids generally" or unbranded marketing) -- has included all responsive documents and information reasonably accessible to all of its current affiliates, including Allergan plc.

---

[1] In an order entered November 9, the Court lifted the stay on service of foreign entities, noting at a telephonic hearing that foreign parents including Allergan plc were deemed to be parties in the case.  Allergan plc objects to the lack of due process and to the Court's refusal to allow briefing contesting personal jurisdiction on behalf of a foreign entity not subject to jurisdiction in this Court.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 2:**  Identify all Scientific Research, studies, tests, trials or analysis that you relied on to test the safety or efficacy of each of your Opioid Products or that you relied on as a basis for any Marketing concerning the safety or efficacy of each of your Opioid Products.  For each such Scientific Research, study, clinical trial or analysis identify:

    a. The duration for which the patient population was given opioids.

    b. The dose of opioids given to the patient population.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 2:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.

Subject to and without waiving its objections, Allergan states that the "Scientific Research, studies, tests, trials or analysis" that Allergan relied upon to develop Marketing materials include those cited in the materials identified below:

- ACTAVIS1152264-65

- ACTAVIS1152305-2625

- ACTAVIS1152669-2891

- ACTAVIS1152981-3141

- ACTAVIS1153243-66

- ACTAVIS1153340-51

- ACTAVIS1156256-84

- ACTAVIS1156285-87

- ACTAVIS1156289-90

- ACTAVIS1156293-94

- ACTAVIS1156419-6706

Allergan further states that it did not submit the New Drug Application for Kadian®. Rather, Kadian® was approved by the Food and Drug Administration in 1996 and sponsored by another, unaffiliated entity. Actavis Elizabeth, LLC did not acquire Kadian® until December 2008, at which point Kadian® had been prescribed by health care providers and used by patients for more than a decade. Similarly, Kadian®'s labeling had been approved by the FDA, and revised in accordance with and subject to the approval of, the FDA a number of times before Allergan's processor acquired Kadian®.

## <u>AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 2:</u>

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.

Subject to and without waiving its objections, Allergan states that it did not submit the New Drug Application for Kadian®. Rather, Kadian® was approved by the Food and Drug Administration in 1996 and sponsored by another, unaffiliated entity. Actavis Elizabeth, LLC did not acquire Kadian® until December 2008, at which point Kadian® had been prescribed by health care providers and used by patients for more than a decade. Similarly, Kadian®'s labeling had

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

been approved by the FDA, and revised in accordance with and subject to the approval of, the FDA a number of times before Allergan's processor acquired Kadian®.

Further, the "Scientific Research, studies, tests, trials or analysis" relied upon in promoting Kadian® included:

- ALLERGAN_MDL_00760226 *et seq.*: Those discussed in Volume 1.1 of Kadian New Drug Application 20-616 as well as throughout the NDA;

- ALLERGAN_MDL_00000234 *et seq.*: Geoffrey K. Gourlay *et al.*, Pain 69 (1997) 295-305, *Pharmacokinetics and pharmacodynamics of twenty-four-hourly Kapanol compared to twelve-hourly MS Contin in the treatment of severe cancer pain*;

- ALLERGAN_MDL_00000220 *et seq.*: Alan Broomhead *et al.*, Journal of Pain and Symptom Management (1997), *Comparison of a Once-a-Day Sustained-Release Morphine Formulation with Standard Oral Morphine Treatment for Cancer Pain*.

In addition, Norco® was approved by the FDA under Abbreviated New Drug Applications 040099 and 040148 in 1997. Further, Allergan states that Plaintiffs have not identified, with respect to Norco®, any allegedly wrongful "Marketing concerning the safety or efficacy of [its] Opioid Products." Plaintiffs' request for Allergan to identify "all Scientific Research, studies, tests, trials or analysis" for any such "Marketing" before Plaintiffs have identified even a single instance of such "Marketing" is unreasonable.

Further, the FDA-approved Prescribing Information contains additional information about scientific research and information. For example, § 6.1 of the current version of the Kadian® Prescribing Information contains information regarding "Clinical Trial Experience." The Prescribing Information states, for instance, that "[i]n clinical trials in patients with chronic cancer

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

pain, the most common adverse events reported by patients at least once during therapy were drowsiness (9%), constipation (9%), nausea (7%), dizziness (6%), and anxiety (6%)." Similarly, under the heading "Four-Week Open-Label Safety Study," the Prescribing Information states that "[i]n the open-label, 4-week safety study, 1418 patients ages 18 to 85 with chronic, non-malignant pain (e.g., back pain, osteoarthritis, neuropathic pain) were enrolled" and that "[t]he most common adverse events reported at least once during therapy were constipation (12%), nausea (9%), and somnolence (3%)."

In addition, as part of the class-wide post-marketing research requirements mandated by the FDA pursuant to the extended-release and long-acting (ER/LA) opioids risk evaluation and mitigation strategy (recently expanded to immediate release opioids), REMS participants are collaborating on several post-marketing safety studies.

Allergan refers Plaintiffs to its production of documents for further information on this subject, including the authorities that Allergan cited in promotional materials.[2] In addition, and in accordance with the Court-ordered schedule for disclosure of expert witnesses, Allergan will designate one or more expert witnesses, whose testimony may include additional information on this subject. Finally, Allergan states that party and third-party discovery in this case will provide additional information on this subject.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 2:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and

---

[2] *See, e.g.*, ACTAVIS1152264-65; ACTAVIS1152305-2625; ACTAVIS1152669-2891; ACTAVIS1152981-3141; ACTAVIS1153243-66; ACTAVIS1153340-51; ACTAVIS1156256-84; ACTAVIS1156285-87; ACTAVIS1156289-90; ACTAVIS1156293-94; ACTAVIS1156419-6706.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Responses to Plaintiffs' First Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 2. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 4:**  Identify any and all controlled studies that found that opioids improve patients' pain and function on a long-term basis (longer than 90 days).

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 4:** Allergan incorporates by reference its General Objections, Objections to Definitions and Objections to Instructions. Allergan also objects on the grounds that this Request is overbroad and requests information that is more appropriate for expert discovery, which is not set to begin under the operative Case Management Order until September 2018, with Defendants' expert reports due on October 12,

2018.  *See* Dkt. 232 at § 3(g).  Allergan also objects that this Request is improper and unduly burdensome as it requires Allergan to identify publicly available articles and studies that are equally available to Plaintiff and notes that its investigation is ongoing.

### AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 4:

Allergan incorporates by reference its General Objections, Objections to Definitions and Objections to Instructions.  Allergan also objects on the grounds that this Request is overbroad and requests information that is more appropriate for expert discovery, which is not set to begin under the operative Case Management Order until September 2018, with Defendants' expert reports due on October 12, 2018.  *See* Dkt. 232 at § 3(g).  Allergan also objects that this Request is improper and unduly burdensome as it requires Allergan to identify publicly available articles and studies that are equally available to Plaintiff and notes that its investigation is ongoing.

### OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 4:   Allergan

incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, and subject to its investigation to date, Allergan states that Kadian® and Norco® are approved for the indications specified by the FDA. Answering further, Allergan refers Plaintiff to its production of documents in this matter, which includes information regarding clinical studies and other medical research regarding Kadian® and other opioids; the protocols governing those studies address the study scope and duration of opioid use governed.  *See, e.g.*, ALLERGAN_MDL_00760226 *et seq.*  Allergan also refers Plaintiffs to Kadian®'s FDA-approved Prescribing Information, which contains additional information about scientific research and information.  For example, § 6.1 of the Kadian® Prescribing Information

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

(revised September 2018) contains information regarding "Clinical Trial Experience." *See* https://www.allergan.com/assets/pdf/kadian_pi.  Also, and in accordance with the Court-ordered schedule for disclosure of expert witnesses, Allergan will designate one or more expert witnesses, whose testimony may include additional information on this subject.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 4. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 5:**  Identify all physicians, professional associations and/or organizations that You, or any third party on Your behalf, compensated in any way for speaking, publishing[,] endorsing or promoting Opioids and/or your Opioid Products, the identity of those receiving compensation and detail the amount of compensation to each.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 5:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it has not identified any purported "Key Opinion Leaders" ("KOLs"), "front groups" or "speakers' bureaus" (as those terms are used in a number of Plaintiffs' operative Complaints) that Allergan has compensated for the purpose of promoting Kadian® or, in connection with its sales of Kadian®, for promoting opioids as a class.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 5:**

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it has not identified any purported "Key Opinion Leaders" ("KOLs") identified in Plaintiffs' operative Complaints, "front groups" identified in Plaintiffs' operative Complaints, or "speakers' bureaus" (as those terms are used in Plaintiffs' operative Complaints) that Allergan has compensated for their promotion of Kadian® or Norco®; their publishing regarding Kadian®

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

or Norco®; their endorsing of Kadian® or Norco®; or their speaking publicly regarding Kadian® or Norco®.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 5:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it has not identified any purported "Key Opinion Leaders" ("KOLs") identified in Plaintiffs' operative Complaints, "front groups" identified in Plaintiffs' operative Complaints, or "speakers' bureaus" (as those terms are used in Plaintiffs' operative Complaints) that Allergan has compensated for their promotion of Kadian®, Norco®, or opioids generally; their publishing regarding Kadian®, Norco®, or opioids generally; their endorsing of Kadian®, Norco®, or opioids generally; or their speaking publicly regarding Kadian®, Norco®, or opioids generally.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva. Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction. Allergan, therefore, has not been able to locate any current or former business person at Allergan who had

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

primary responsibility for generics opioids and who has information responsive to Interrogatory No. 5. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 6:**  Identify each and every time You, a Person You employed or a Person or entity who received compensation from You cited the publication J. Porter & H. Jick, *Addiction Rare in Patients Treated with Narcotics*, 302 (2) New Eng. J. Med. 123 (1980) as support for a claim that Opioids or Your Opioid Products were safe or rarely addictive including the date of each citation.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 6:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  As written, this Request asks for each and every individual or entity who received compensation *for any purpose* from Allergan cited this publication in the specified way, which is overly broad and unduly burdensome. Consistent with its objections, Allergan therefore interprets this Request to call for information regarding any time and individual or entity who received compensation from Allergan for the purpose of promoting Kadian® who cited the referenced publication for the purpose of promoting

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Kadian® and "as support for a claim" that Kadian® or opioids as a class were "safe or rarely addictive" as well as information regarding the "date of each Citation."

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any individual or entity acting on its behalf who received compensation from Allergan for the purpose of promoting Kadian® that cited the publication J. Porter & H. Jick, *Addiction Rare in Patients Treated with Narcotics*, 302 (2) New Eng. J. Med. 123 (1980) for the purpose of promoting Kadian® and "as support for a claim" that Kadian® or opioids as a class were "safe or rarely addictive."

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 6:**  Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  As written, this Request asks for each and every individual or entity who received compensation *for any purpose* from Allergan cited this publication in the specified way, which is overly broad and unduly burdensome.  Consistent with its objections, Allergan therefore interprets this Request to call for information regarding any time and individual or entity who received compensation from Allergan for the purpose of promoting Kadian® or Norco® who cited the referenced publication for the purpose of promoting Kadian® or Norco® and "as support for a claim" that Kadian® or Norco® were "safe or rarely addictive" as well as information regarding the "date of each Citation," if any.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any individual or entity acting on its behalf who received compensation from Allergan for the purpose of promoting Kadian® or Norco® that cited the

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

publication J. Porter & H. Jick, *Addiction Rare in Patients Treated with Narcotics*, 302 (2) New Eng. J. Med. 123 (1980) for the purpose of promoting Kadian® or Norco and "as support for a claim" that Kadian®, Norco®, or opioids as a class were "safe or rarely addictive."

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 6:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any individual or entity acting on its behalf who received compensation from Allergan for the purpose of promoting Kadian®, Norco®, or opioids generally that cited the publication J. Porter & H. Jick, *Addiction Rare in Patients Treated with Narcotics*, 302 (2) New Eng. J. Med. 123 (1980) for the purpose of promoting Kadian®, Norco®, or opioids generally and "as support for a claim" that Kadian®, Norco®, or opioids generally were "safe or rarely addictive."

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan,

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 6. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 7:**  Identify any Persons employed by You, or who received compensation or anything of value from You, including any former employees, who reviewed or analyzed data regarding the prescribing, use, sale, Marketing or distribution of Opioids or Opioid Products or who reviewed, analyzed data regarding the possible abuse, illicit use or Suspicious Order of Opioids or Opioid Products.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 7:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®. As written, this Request seeks the identification of any individual or entity who received compensation at any time and for any purpose from Allergan who "reviewed or analyzed data regarding the prescribing, use, sale, Marketing or distribution of Opioids or Opioid Productions or who reviewed, analyzed data regarding the possible abuse, illicit use or Suspicious Order of Opioids or Opioid Products."

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Consistent with its objections, Allergan will therefore interpret this Request to call for information regarding individual or entities who received compensation or anything of value from Allergan in exchange for their "review[] or analy[sis]" of "data" regarding the prescription, sale, promotion or distribution of Kadian® or their "review[]" or "analy[sis]" of "data" regarding the "possible abuse, illicit use," or suspicious ordering of Kadian®.

Subject to and without waiving its objections, Allergan states that the following individuals and entities were compensated including for their "review[] or analy[sis]" of "data" regarding the prescription, sale, promotion or distribution of Kadian® or their "review[]" or "analy[sis]" of "data" regarding the "possible abuse, illicit use," or suspicious ordering of Kadian®:

- **Ventiv Commercial Services, LLC:**  Allergan's predecessor Actavis Kadian LLC retained Ventiv Commercial Services, LLC to market and sell Kadian® from May 1, 2009 to December 31, 2012. In the course of this work, employees of Ventiv likely reviewed data regarding Kadian®.

- **UPS and Teva:**  Since November 2015, Allergan has also contracted with Teva for the manufacture of Kadian® and UPS for the distribution of Kadian®.  In this course of this work, employees of Teva and UPS have reviewed data regarding Kadian®.

- **KAI Research Inc.:**  Allergan retained KAI Research Inc. to conduct post-marketing safety surveillance, including adverse event reporting. In the course of this work, KAI Research Inc. reviewed data regarding Kadian®.

- **Inflexxion, Inc.:**  Allergan retained Inflexxion, Inc. to perform National Addictions Vigilance Intervention Program ("NAVIPPRO") reports and Annual Periodic

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Safety Reports for Kadian®. In the course of this work, Inflexxion, Inc. reviewed data regarding Kadian®.

- **Campbell Alliance (and its successors):** A group of all manufacturers of extended-release opioid analgesics entered the REMS Program Agreement ("RPA"), which created the RPA Participants Committee ("RPC"). The RPC partnered with Campbell Alliance to run the day-to-day activities of the REMS.  In the course of this work, Campbell Alliance (and its successors) likely have reviewed data regarding Kadian®.

In addition, Allergan refers Plaintiff to the list of individuals identified in response to Interrogatory No. 1, who may have reviewed data regarding Kadian®.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 7:**

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  As written, this Request seeks the identification of any individual or entity who received compensation at any time and for any purpose from Allergan who "reviewed or analyzed data regarding the prescribing, use, sale, Marketing or distribution of Opioids or Opioid Productions or who reviewed, analyzed data regarding the possible abuse, illicit use or Suspicious Order of Opioids or Opioid Products."  Consistent with its objections, Allergan will therefore interpret this Request to call for information regarding individual or entities who received compensation or anything of value from Allergan in exchange for their "review[] or analy[sis]" of "data" regarding the prescription, sale, promotion or distribution of Kadian® or Norco® or their

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

"review[]" or "analy[sis]" of "data" regarding the "possible abuse, illicit use," or suspicious ordering of Kadian® or Norco®.

Subject to and without waiving its objections, Allergan states that the individuals and entities who were compensated, including for their "review[] or analy[sis]" of "data" regarding the prescription, sale, promotion or distribution of opioids or their "review[]" or "analy[sis]" of "data" regarding the "possible abuse, illicit use," or suspicious ordering, included:

- **Ventiv Commercial Services, LLC:** Actavis Kadian LLC retained Ventiv Commercial Services, LLC to market and sell Kadian® from May 1, 2009 to December 31, 2012. In the course of this work, employees of Ventiv likely reviewed data regarding Kadian®.

- **UPS and Teva:** Since November 2015, Allergan has also contracted with Teva for the manufacture of Kadian® and Norco® and UPS for the distribution of Kadian® and Norco®.  In this course of this work, employees of Teva and UPS have reviewed data regarding Kadian® and Norco®.  UPS also provided wholesale distribution services for other opioids prior to November 2015.

- **KAI Research Inc.:** KAI Research Inc. conducted post-marketing safety surveillance, including adverse event reporting. In the course of this work, KAI Research Inc. reviewed data regarding Kadian®.

- **Inflexxion, Inc.:** Inflexxion, Inc. performed National Addictions Vigilance Intervention Program ("NAVIPPRO") reports and Annual Periodic Safety Reports for Kadian®. In the course of this work, Inflexxion, Inc. reviewed data regarding Kadian®.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

- **Campbell Alliance (and its successors):** A group of all manufacturers of extended-release opioid analgesics entered the REMS Program Agreement ("RPA"), which created the RPA Participants Committee ("RPC"). The RPC partnered with Campbell Alliance to run the day-to-day activities of the REMS.  In the course of this work, Campbell Alliance (and its successors) likely have reviewed data regarding Kadian® and Norco®.

- **MediMedia Information Technologies, LLC/Triple i:** MediMedia Information Technologies, LLC developed, printed, and distributed the coupons for the Kadian® co-pay assistance card.  Customer service representatives called on physicians to inform them about the acquisition of Kadian® and the coupon program, and sent out pharmacy emails regarding the coupon program.  MediMedia also provided FormTrak On Demand and quarterly data reports with formulary information for US managed care organizations.

- **Tegra Analytics, LLC:** Tegra Analytics, LLC provided monthly prescription reporting, key statistics, performance measurements, prescriber information, and weekly reports on trends.

- **Source Healthcare Analytics, Inc., a subsidiary of Wolters Kluwer Health, Inc.:** Source Healthcare Analytics, Inc. provided data about national prescription trends and prescriber activity.

In addition, Allergan states that Mary Woods and Rachelle Galant were among those who have reviewed and analyzed data regarding the possible abuse, illicit use or suspicious ordering of Kadian®, Norco® and other opioid medications.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Allergan refers Plaintiffs to its production of documents for further information on this subject.  In addition, and in accordance with the Court-ordered schedule for disclosure of expert witnesses, Allergan will designate one or more expert witnesses, whose testimony may include additional information on this subject.  Finally, Allergan states that party and third-party discovery in this case will provide additional information on this subject.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 7:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, Allergan states that the individuals and entities who were compensated, including for their "review[] or analy[sis]" of "data" regarding the prescription, sale, promotion or distribution of Kadian®, Norco®, or opioids generally or their "review[]" or "analy[sis]" of "data" regarding the "possible abuse, illicit use," or suspicious ordering of Kadian®, Norco®, or opioids generally, include the entities and persons previously identified in Allergan's August 31, 2018 Amended Response.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 7. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 8:** Identify any data systems or sources of data that you have used to study, review or analyze prescribing, sales, distribution, use, consumer or medical community perceptions, insurance coverage, diversion, misuse, or abuse (including overdoses, hospitalizations or other injuries or fatalities) of Opioids of Your Opioid Products, including data regarding prescriber histories or trends.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 8:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  In addition, Allergan objects to the broad list of terms "prescribing, sales, distribution, use, consumer or medical community perceptions, insurance coverage, diversion, misuse, or abuse (including overdoses, hospitalizations or other injuries or fatalities)" as overbroad, unduly burdensome and

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

not proportional to the needs of this case. Allergan further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of this case to the extent it is not limited by any reasonable timeframe.

Subject to and without waiving its objections, Allergan states that databases and other sources containing raw or compiled data relating to Kadian® that Allergan has discovered from its investigation to date and that may include information responsive to this request include data obtained from IQVIA and its predecessors (including IMS Health); data obtained from MediMedia; SAP; the adverse events database, ARGUS; the medical inquiries database; the Veeva database; and the Perspective system.

### AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 8:

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. In addition, Allergan objects to the broad list of terms "prescribing, sales, distribution, use, consumer or medical community perceptions, insurance coverage, diversion, misuse, or abuse (including overdoses, hospitalizations or other injuries or fatalities)" as overbroad, unduly burdensome and not proportional to the needs of this case. Allergan further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of this case to the extent it is not limited by any reasonable timeframe.

Subject to and without waiving its objections, Allergan states that databases and other sources containing raw or compiled data relating to Kadian® or Norco® that Allergan has discovered from its investigation to date and that may include information responsive to this request include data obtained from the adverse events database, ARGUS; IQVIA and its

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

predecessors (including IMS Health); the medical inquiries database; data obtained from MediMedia; Model N/Revitas; SAP; and the Veeva database.

Answering further, Allergan refers Plaintiffs to its production of documents for further information on this subject.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 8:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, Allergan states that databases and other sources containing raw or compiled data relating to Kadian®, Norco®, or opioids generally that Allergan has discovered from its investigation to date and that may include information responsive to this request include data obtained from the adverse events database, ARGUS; IQVIA and its predecessors (including IMS Health); the medical inquiries database; data obtained from MediMedia; Model N/Revitas; SAP; and the Veeva database.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva. Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction. Allergan,

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 8. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order. Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 9:** Identify all industry associations or organizations relating to the production, marketing, sale or distribution of pharmaceuticals that You are or were a member of the earliest date of manufacture for any of Your Opioid Products to present.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 9:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®. Further, Allergan states that Allergan's predecessor did not acquire Kadian® until December 2008. The plain term of this Request purports to call for membership in "all industry associations or organizations" broadly relating to "pharmaceuticals" of which Allergan has been a "member," regardless of whether those "industry associations or organizations" had any relevance to Kadian® or opioid-containing products generally. Thus, to the extent this Request purports to call for information regarding "all" such memberships with no time limitation, this Request is overbroad, unduly

burdensome and not proportional to the needs of this case.  Consistent with its objections, Allergan therefore will interpret this Request to call for information regarding "industry associations or organizations" of which Allergan was a member for the purpose of promoting Kadian®.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any "industry associations or organizations" of which it or its predecessors were members for the purpose of promoting Kadian®.

### AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 9:

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  Further, the plain term of this Request purports to call for membership in "all industry associations or organizations" broadly relating to "pharmaceuticals" of which Allergan has been a "member," regardless of whether those "industry associations or organizations" had any relevance to Kadian®, Norco®, generic opioids or opioid-containing products generally.  Thus, to the extent this Request purports to call for information regarding "all" such memberships with no time limitation, this Request is overbroad, unduly burdensome and not proportional to the needs of this case.  Consistent with its objections, Allergan therefore will interpret this Request to call for information regarding "industry associations or organizations" of which Allergan was a member for the purpose of causing those "associations or organizations" to promote Kadian® or Norco®.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any "industry associations or organizations" of which it or

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

its predecessors were members for the purpose of causing those industry associations or organizations to promote Kadian® or Norco®.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 9:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it is not aware of any "industry associations or organizations" of which it or its predecessors were members for the purpose of causing those industry associations or organizations to promote Kadian®, Norco®, or opioids generally.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 9. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 10**:  Identify any Scientific Research, studies, tests, clinical trials or analysis regarding the safety and efficacy of Your Opioid Products that You decided not to publish and the reasons for that decision.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 10:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  Allergan also objects to the phrase "analysis" in this context as vague and ambiguous.

Subject to and without waiving its objections, and based on its investigation to date, Allergan has not identified any scientific research, studies, tests, or clinical trials of Kadian® or opioids as a class that Allergan intended to make publicly available but that it decided not to publish.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 10:**

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

supplement its response.  Allergan also objects to the phrase "analysis" in this context as vague and ambiguous.

Subject to and without waiving its objections, and based on its investigation to date, Allergan has not identified any scientific research, studies, tests, or clinical trials regarding the safety of Kadian® or Norco® that Allergan intended to make publicly available but that it decided not to publish.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 10:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, and based on its investigation to date, Allergan has not identified any scientific research, studies, tests, or clinical trials regarding the safety of Kadian®, Norco®, or opioids generally that Allergan intended to make publicly available but that it decided not to publish.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan,

28

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 10. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 11:**  Did You Instruct your employees or sales agents to market any Opioids or any Opioid Product as virtually non-addictive and what was the basis for that instruction?

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 11:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  Allergan further objects to this Request as overly broad and unduly burdensome in that it is not limited by a reasonable timeframe.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  In addition, Allergan objects to the phrase "virtually non-addictive" as vague and ambiguous in this context.

Subject to and without waiving its objections, and based on its investigation to date, Allergan is not presently aware of any instruction on its behalf to any employees or sales agents to promote Kadian® as "virtually non-addictive."

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

## AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 11:

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  Allergan further objects to this Request as overly broad and unduly burdensome in that it is not limited by a reasonable timeframe.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  In addition, Allergan objects to the phrase "virtually non-addictive" as vague and ambiguous in this context.

Subject to and without waiving its objections, and based on its investigation to date, Allergan is not presently aware of any instruction on its behalf to any employees or sales agents to promote Kadian® or Norco® as "virtually non-addictive."

## OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 11: Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan,

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 11. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order. Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 12:** Did You instruct your employees and sales agents that there was no upper limit on dosing for Opioids or any Opioid Product? Describe how that instruction was tested in terms of safety and efficacy and have You subsequently ever placed restrictions on Your recommended dosing limits and why?

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 12:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®. In addition, Allergan objects to the phrase "no upper limit on dosing" as vague and ambiguous.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it instructed employees consistent with Kadian®'s FDA-approved prescribing information, which states, *inter alia*, that "[n]o guidance can be given as to the recommended maximal dose" because "[d]osages of morphine should be chosen and must be titrated on the basis of clinical evaluation of the patient and the balance between therapeutic and adverse events."

31

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 12:**

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  In addition, Allergan objects to the phrase "no upper limit on dosing" as vague and ambiguous.

Subject to and without waiving its objections, and based on its investigation to date, Allergan states that it instructed employees consistent with Kadian®'s FDA-approved prescribing information, which states, *inter alia*, that "[n]o guidance can be given as to the recommended maximal dose" because "[d]osages of morphine should be chosen and must be titrated on the basis of clinical evaluation of the patient and the balance between therapeutic and adverse events."

In addition, Allergan states that Norco® is combination hydrocodone Bitartrate and Acetaminophen.  Norco®'s FDA-approved Prescribing Information instructs prescribers to "[i]nform patients not to take more than 4,000 milligrams of acetaminophen per day" and to "[a]dvise patients to call their prescriber if they take more than the recommended dose."  Each tablet of Norco® includes 325 milligrams of Acetaminophen.  In addition, the FDA-approved Prescribing Information states that "[t]o reduce the risk of respiratory depression, proper dosing and titration of NORCO® is essential."  Further, based on Allergan's investigation to date, Allergan has not promoted Norco® since at least 2003.

Allergan refers Plaintiffs to its production of documents for further information on this subject.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 12:**  Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva. Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction. Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 12. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order. Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 13:** Have you ever placed limits on the amount of Opioid Products you supplied to distributors, retailers or end users because of reports of addiction, abuse, potential diversion, overprescribing, Adverse Events or potential Suspicious Orders. If so, specifically what limits and when did they occur?

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 13:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to

33

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  Further, Allergan objects to this Request as vague and ambiguous.  Allergan also objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case as it is not limited by timeframe.  Further, as part of the sale of its generics business to Teva, much of the personnel, documents and information regarding pre-November 2015 suspicious order monitoring was transferred and is no longer in Allergan's possession, custody or control.  Consistent with its objections, Allergan will interpret this Request to call for information regarding suspicious order monitoring, and actions taken pursuant to that suspicious monitoring, since November 2015. Allergan also states that its investigation is ongoing and specifically reserves the right to supplement and amend this Response to the extent appropriate.

Subject to and without waiving its objections, Allergan states that it has contracted with UPS, a third-party logistics provider that is a DEA registrant for distribution of controlled substances, to distribute Kadian®.  As a DEA registrant, UPS performs suspicious order monitoring for Kadian®.  Allergan is not a DEA registrant for the manufacture or distribution of Schedule II or III controlled substances.  All suspicious order monitoring since November 2015 for the distribution of Kadian® has been performed by UPS.  Based on its investigation to date, Allergan is not aware of any Kadian® orders reported as suspicious by UPS.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 13:**

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  Further, Allergan objects to this Request as vague and ambiguous. Allergan also states that its investigation is ongoing and specifically reserves the right to supplement and amend this Response to the extent appropriate.

Subject to and without waiving its objections, Allergan states that it has contracted with UPS, a third-party logistics provider that is a DEA registrant for distribution of controlled substances, to distribute Kadian® and Norco®.  As a DEA registrant, UPS performs suspicious order monitoring for Kadian® and Norco®.  Allergan is not a DEA registrant for the manufacture or distribution of Schedule II or III controlled substances.  All suspicious order monitoring since March 2016 for the distribution of Kadian® and Norco® has been performed by UPS.  Based on its investigation to date, Allergan is not aware of any Kadian® or Norco® orders reported as suspicious by UPS.  UPS also provided wholesale distribution services for other opioids prior to March 2016.

Allergan's policies and procedures for suspicious order monitoring can be found in, among others, the following documents:  ALLERGAN_MDL_02146301; ALLERGAN_MDL_02146081;  ALLERGAN_MDL_02146077; ALLERGAN_MDL_02146314.

Policies and procedures for suspicious order monitoring at Actavis entities previously affiliated with Allergan can be found in, among others, the following documents: ALLERGAN_MDL_01684748; ALLERGAN_MDL_01979834.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Policies and procedures for suspicious order monitoring at Watson entities previously affiliated with Allergan can be found in, among others, the following documents: ALLERGAN_MDL_01844864;                    ALLERGAN_MDL_01844724; ALLERGAN_MDL_01839001; ALLERGAN_MDL_02146521.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 13:** Allergan incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories.

Subject to and without waiving its objections, Allergan's policies and procedures for suspicious order monitoring of opioids and other controlled substances can be found in, among others, the following documents: ALLERGAN_MDL_02146301; ALLERGAN_MDL_02146081;                    ALLERGAN_MDL_02146077; ALLERGAN_MDL_02146314. Policies and procedures for suspicious order monitoring of opioids and other controlled substances at Actavis entities previously affiliated with Allergan can be found in, among others, the following documents: ALLERGAN_MDL_01684748; ALLERGAN_MDL_01979834. Policies and procedures for suspicious order monitoring of opioids and other controlled substances at Watson entities previously affiliated with Allergan can be found in, among others, the following documents: ALLERGAN_MDL_01844864; ALLERGAN_MDL_01844724;                    ALLERGAN_MDL_01839001; ALLERGAN_MDL_02146521.

Further, in accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids. Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis,

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 13. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 14:**  From 2010 to present please identify the revenue received from Your Opioid Products sold outside the United States.

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 14:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  Allergan further objects that this Request as overbroad, unduly burdensome, irrelevant and not proportional to the

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

needs of this case to the extent it seeks information about sales of Kadian®, if any, outside of the United States.

### AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 14:

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  Allergan further objects that this Request as overbroad, unduly burdensome, irrelevant and not proportional to the needs of this case to the extent it seeks information about sales of Kadian® or Norco®, if any, outside of the United States.

### OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 14: Allergan

incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

primary responsibility for generics opioids and who has information responsive to Interrogatory No. 14. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**INTERROGATORY NO. 15:**  After the CDC declared an opioid epidemic in 2011 and introduced guidelines to help reduce Opioid prescribing did you reduce the amount of Opioid Products You supplied to the market?  If so detail specifically what steps did you take to reduce prescribing or supply of Your Opioid Products and when?

**MAY 24, 2018 RESPONSE TO INTERROGATORY NO. 15:** Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions.  Allergan further objects to this Request as overly broad and unduly burdensome in that it is not limited by a reasonable timeframe.  In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.  Allergan also objects to the extent this Request seeks information regarding specific opioid products other than Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case and notes that the only allegations of wrongdoing in the track one Complaints directed at Allergan involve Kadian®.  Allergan further objects to this Request to the extent it assumes facts not in evidence. It is not clear to what CDC comments and/or actions this Request is referring or the context in which those occurred.  Allergan further objects to the extent this Request suggests that the amount of Kadian® that Allergan "supplied" was too high.

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

Subject to and without waiving its objections, and based on its investigation to date, Kadian®'s market share was less than one quarter of one percent in 2011. Kadian®'s market share has declined since 2011. In 2016, for example, Kadian®'s market share was less than one twentieth of one percent.

### AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 15:

Allergan objects to this Request by adopting and incorporating by reference its General Objections, Objections to Definitions and Objections to Instructions. Allergan further objects to this Request as overly broad and unduly burdensome in that it is not limited by a reasonable timeframe. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan further objects to this Request to the extent it assumes facts not in evidence. It is not clear to what CDC comments and/or actions this Request is referring or the context in which those occurred. Allergan further objects to the extent this Request suggests that the amount of Kadian® or Norco® that Allergan "supplied" was too high.

Subject to and without waiving its objections, and based on its investigation to date, Allergan notes that Kadian®'s market share was less than one quarter of one percent in 2011. Kadian®'s market share has declined since 2011. In 2016, for example, Kadian®'s market share was less than one twentieth of one percent.

Similarly, Allergan notes that Norco®'s market share was about 0.04 percent in 2011. Norco®'s market share has declined since 2011. In 2016, for example, Norco®'s market share was about 0.03 percent.

### OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 15: Allergan

incorporates all objections and statements set forth in its May 24, 2018 Objections and Responses

*CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER*

to Plaintiffs' First Set of Interrogatories and its August 31, 2018 First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 15. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

Date:   November 16, 2018

Respectfully submitted,

/s/ *Timothy W. Knapp*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendant Allergan Finance, LLC f/k/a*
*Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, the foregoing was sent by electronic mail to counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
RAFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Penascola, FL 32502
Telephone: (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ Timothy W. Knapp
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000

Facsimile: (312) 862-2200
tknapp@kirkland.com

*Attorney for Defendant Allergan Finance,*
*LLC f/k/a Actavis, Inc. f/k/a Watson*
*Pharmaceuticals, Inc.*