# Exhibit 28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN  RE:    NATIONAL  PRESCRIPTION OPIATE LITIGATION, | ) ) ) | |
| This document relates to: | ) ) | MDL No. 2804 Case No. 17-md-2804 |
| *All Cases* | ) ) ) ) ) | Hon. Dan Aaron Polster |

**ALLERGAN'S THIRD AMENDED OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34 as well as the Case Management Order (Dkt. No. 232) in *In re: National Prescription Opiate Litigation*, Defendant Allergan hereby responds and objects to Plaintiff's First Requests for Production (the "Requests"). Allergan hereby incorporates all objections set forth in its May 24, 2018 Responses and Objections and its November 16, 2018 Responses and Objections to the extent not overruled by the court or separately agreed-to.

**Affirmation That Discovery Responses Herein Are Submitted On Behalf of All Current**
**Allergan Entities And Include Information Collected About Prior Affiliates No Longer**
**Owned by Allergan**

These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan).[1]  Allergan confirms that it's previous and ongoing discovery investigation and production of documents -- regarding Kadian®,

---

[1]    In an order entered November 9, the Court lifted the stay on service of foreign entities, noting at a telephonic hearing that foreign parents including Allergan plc were deemed to be parties in the case.  Allergan plc objects to the lack of due process and to the Court's refusal to allow briefing contesting personal jurisdiction on behalf of a foreign entity not subject to jurisdiction in this Court.

Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, "opioids generally" or unbranded marketing) -- has included all responsive documents and information reasonably accessible to <u>all</u> of its current affiliates, including Allergan plc.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**  All Documents, including meeting minutes, resolutions, agendas, presentations, board books and reports, including drafts of the same, from any meeting of Your officers or board of directors or any internal standing or ad hoc committee relating to Opioids, Opioid Products or the Marketing, sales, distribution or potential diversion, abuse or misuse of Opioids or Opioid Products, including the attendance list for such board meeting(s) and agenda for each board meeting.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 1:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan also objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  Allergan further objects to this Request as overbroad, unduly burdensome, and as not proportional to the needs of this case. In addition, Allergan objects to this Request as purporting to call for information from sources, such as the "officers" and "board of directors," that is more reasonably available from other sources from which Allergan is otherwise collecting.  Further, Allergan objects to several terms in this Request as vague and ambiguous, including "any internal standing or ad hoc committee."  Allergan also objects to this Request to the extent it purports to call for "[a]ll" such documents regarding a

wide variety of subject matters as overbroad, unduly burdensome and as not proportional to the needs of this case.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 1:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to this Request as overbroad, unduly burdensome, and as not proportional to the needs of this case. In addition, Allergan objects to this Request as purporting to call for information from sources, such as the "officers" and "board of directors," that is more reasonably available from other sources from which Allergan is otherwise collecting. Further, Allergan objects to several terms in this Request as vague and ambiguous, including "any internal standing or ad hoc committee." Allergan also objects to this Request to the extent it purports to call for "[a]ll" such documents regarding a wide variety of subject matters as overbroad, unduly burdensome and as not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan is producing Board minutes, agendas, and supporting materials to the extent these materials are related to Kadian®, Norco®, generic opioids, or opioids generally.

**REQUEST FOR PRODUCTION NO. 2:** Your quarterly and annual financial statements from the earliest date of manufacture for any of Your Opioid Products to present.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 2:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of this case, particularly to the extent this Request purports to call for such documents "from the earliest date of manufacture."

3

Subject to and without waiving its objections, Allergan directs Plaintiffs to the publicly filed financial statements available at, among other places, https://www.allergan.com/investors/financial-information/sec-filings.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 2:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of this case, particularly to the extent this Request purports to call for such documents "from the earliest date of manufacture."

Subject to and without waiving its objections, Allergan directs Plaintiffs to the publicly filed financial statements available at, among other places, https://www.allergan.com/investors/financial-information/sec-filings.

**REQUEST FOR PRODUCTION NO. 3:**  All budgets, cost projections, cost summaries, financial statements and/or Documents showing the costs and revenues related to Your Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 3:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  Allergan further objects to this Request to the extent it calls for "budgets, cost projections" and "cost summaries" as unduly broad, overly burdensome and as not proportional to the needs of this case.  In addition, Allergan objects to this Request to the extent it calls for "financial statements"; Allergan provided its

4

response with respect to the Plaintiffs' Request for "financial statements" above in connection with Request for Production No. 2.  Allergan also objects to this Request to the extent it purports to call for "[a]ll" such documents regarding a wide variety of subject matters as overbroad, unduly burdensome and as not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for revenue information concerning Kadian® and will produce responsive documents or data that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 3:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to this Request to the extent it calls for "budgets, cost projections" and "cost summaries" as unduly broad, overly burdensome and as not proportional to the needs of this case.  In addition, Allergan objects to this Request to the extent it calls for "financial statements"; Allergan provided its response with respect to the Plaintiffs' Request for "financial statements" above in connection with Request for Production No. 2.  Allergan also objects to this Request to the extent it purports to call for "[a]ll" such documents regarding a wide variety of subject matters as overbroad, unduly burdensome and as not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for revenue information concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents or data that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents concerning any third parties You worked with or Communicated with in connection with the Marketing of Opioids or Opioid

Products, or in connection with legislative or administrative efforts to lobby government officials or entities with respect to laws, regulations or administrative actions or determinations concerning Opioids or Opioid Products, including, but not limited to, (i) Documents concerning Marketing, public relations, crisis management, or consulting firms retained to assist in the launch, Marketing, or promotion of Opioids or Your Opioid Products; (ii) Documents concerning lobbying or advocacy related to Opioids or Opioid Products (including Documents evidencing the money spent by You on lobbying or advocacy); (iii) statements of work or agreements with those third parties; and (iv) work product You received from those third parties.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 4:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. Allergan also objects to the extent this Request contains assumptions contrary to fact; for example, based on its investigation to date Allergan has not retained any "Marketing, public relations, crisis management, or consulting firms" to "assist in the launch" of Kadian®, as Kadian® was acquired only years after another, unaffiliated entity brought it to market. In addition, Allergan objects to the extent this Request calls for information regarding "legislative or administrative efforts to lobby" or "Documents concerning lobbying or advocacy" as overly broad, unduly burdensome, not proportional, and calling for information that is irrelevant to this litigation.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to

6

this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 4:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan also objects to the extent this Request contains assumptions contrary to fact; for example, based on its investigation to date Allergan has not retained any "Marketing, public relations, crisis management, or consulting firms" to "assist in the launch" of Kadian®, as Kadian® was acquired only years after another, unaffiliated entity brought it to market. In addition, Allergan objects to the extent this Request calls for information regarding "legislative or administrative efforts to lobby" or "Documents concerning lobbying or advocacy" as overly broad, unduly burdensome, not proportional, and calling for information that is irrelevant to this litigation.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 5:** All Documents concerning the research, development, and design of each of Your Opioid Products including: (i) all studies, Scientific Research, tests, patents, patent applications, trials or analysis of the safety or efficacy of each Opioid Product; (ii) all data, studies, or other Scientific Research concerning or referencing the long-term efficacy of Opioids or use of Your Opioid Products for the treatment of chronic pain or long-term use (more than 90 days); (iii) all data, studies, or Scientific Research concerning or referencing continual release mechanisms or delivery systems; (iv) all data, studies, or Scientific Research regarding the ability of patients to stop using Opioids or Your Opioid Products; (v) all

7

data, studies, or Scientific Research regarding the development of dependence, tolerance, abuse, pseudoaddiction, addiction or incidence of overdose; and (vi) all data, studies, or Scientific Research regarding the abuse-deterrent properties of Your or other manufacturers' Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 5**: Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it assumes facts that are contrary to evidence. In addition, Allergan objects to this Request to the extent it calls for information regarding "patents" or "patent applications" as calling for information that is irrelevant and not proportional to the needs of this case. Finally, Allergan objects to the extent this Request calls for documents or information that is publicly accessible or otherwise equally accessible to Plaintiffs.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 5**: Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it assumes facts that are contrary to evidence. In addition, Allergan objects to this Request to the extent it calls for information

regarding "patents" or "patent applications" as calling for information that is irrelevant and not proportional to the needs of this case.  Finally, Allergan objects to the extent this Request calls for documents or information that is publicly accessible or otherwise equally accessible to Plaintiffs.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 6:**  All drafts or versions, including final versions, of the labels for Your Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 6:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the term "labels" as vague and ambiguous; accordingly, Allergan will interpret this term to mean the Package Insert for Kadian®.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for draft and final versions of the Kadian® Package Insert and will produce responsive documents sufficient to show changes or draft changes to the Package Insert over time that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 6:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the term "labels" as vague and ambiguous; accordingly, Allergan will interpret this term to mean a Package Insert.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for draft and final versions of Package Inserts for Kadian®, Norco®, and generic opioids and will produce responsive documents sufficient to show changes or draft changes to the Package Insert over time that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 7:**  All Documents and Communications concerning the selection of the Institutional Review Board ("IRB") that reviewed Scientific Research regarding Opioids or any Opioid Product and all Communications with the IRB concerning any Scientific Research performed by, received by or reviewed by the IRB regarding Opioids or Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 7:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it assumes facts contrary to evidence.  Further, Allergan objects

10

to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 7:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it assumes facts contrary to evidence. Further, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 8:** All surveys, focus groups, market research or other similar research or investigation that You performed, had performed on Your behalf, or that you received or reviewed, regarding physician or public perceptions of the safety, efficacy and/or addictive nature of Your Opioid Products, other Opioid products, or Opioids generally, including Documents and Communications regarding how to effect, change or influence those perceptions.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 8:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly

burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 8:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 9:** All Documents sent to or received from any governmental entity, including but not limited to the United States Congress, Food and Drug Administration (FDA), Drug Enforcement Agency (DEA), United States Department of Justice (DOJ), United States Patent Office (USPTO), or any state attorney general regarding (i) Opioids or your Opioid Products, (ii) any proposed DEA quotas for Your Opioid Products (including, but not limited to, documents concerning net disposal information, inventory information, production

cycle information, and/or projected demand information), (iii) any request to increase any manufacturing quota, procurement quota, aggregated production quota for any Opioid or Your Opioid Products, (iv) the language in the labels of Your Opioid Products or any other manufacturers' Opioid products, or (v) any government investigation, inquiry or criminal proceeding involving Opioids or your Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 9:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome. Further, Allergan objects to the term "any governmental entity" as overly broad, unduly burdensome and as not proportional to the needs of this case. Allergan also objects to the extent this Request calls for documents "sent to or received from" the U.S. Patent Office as calling for irrelevant information and information that is not proportional to the needs of this case. Allergan further objects to the extent this Request calls for documents produced to, communications with, or other documents regarding investigations by and litigation with state attorney generals and other governmental entities as vague, ambiguous, unduly broad, overly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for communications and filings

with the Food and Drug Administration and Drug Enforcement Agency concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 9:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the term "any governmental entity" as overly broad, unduly burdensome and as not proportional to the needs of this case. Allergan also objects to the extent this Request calls for documents "sent to or received from" the U.S. Patent Office as calling for irrelevant information and information that is not proportional to the needs of this case.  Allergan further objects to the extent this Request calls for documents produced to, communications with, or other documents regarding investigations by and litigation with state attorney generals and other governmental entities as vague, ambiguous, unduly broad, overly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for communications and filings with the Food and Drug Administration and Drug Enforcement Agency concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST  FOR  PRODUCTION  NO.  10:**   All  Communications  or  Documents constituting, concerning, referencing or discussing FDA submissions or FDA actions by You or any other Opioid manufacturer or distributor.  This includes all Communications or Documents relating to approval or labeling, including obtaining abuse-deterrent labeling, long-term efficacy

labeling, continual release labeling, and cessation of use labeling for any Opioid or Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 10:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 10:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 11:**  Transcripts of testimony, and any video-taped or audio-taped testimony, by any of Your current or former employees, officers or directors, or agents, in any court case, mediation, government investigation, government hearing or arbitration regarding the safety, efficacy or Marketing, sales, distribution, abuse, diversion or misuse of Opioids or Opioid Products, including any exhibits referred to in that testimony.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 11:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case in that it purports to call for "[t]ranscripts" and "video-taped or audio-taped testimony" by both "current or former employees, officers or directors, or agents" whenever the testimony is "regarding" a number of broad subject areas.

Subject to and without waiving its objections, Allergan states that it is not presently aware of any such documents.  To the extent that any depositions occur in cases that are not coordinated with this Multi-District Litigation and that are responsive to this Request, Allergan agrees to deem them produced in this litigation upon Plaintiffs' reasonable request to the extent Plaintiffs agree not to seek those individuals' depositions in this litigation.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 11:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request as overly broad, unduly burdensome and not

proportional to the needs of this case in that it purports to call for "[t]ranscripts" and "video-taped or audio-taped testimony" by both "current or former employees, officers or directors, or agents" whenever the testimony is "regarding" a number of broad subject areas.

Subject to and without waiving its objections, Allergan states that it has no such documents. Specifically, no depositions of Allergan present or former employees have been taken to date in any state court opioid litigation. To the extent that any such depositions occur in the future in cases that are not coordinated with this Multi-District Litigation and that are responsive to this Request, Allergan agrees to discuss those depositions with Plaintiffs on a case-by-case basis and to attempt to reach agreement in good faith as to whether to deem them produced in this litigation. Allergan specifically objects to producing any such transcript that occurs after the fact discovery cut-off in this case, and reserves all rights to object to the production and admissibility of such deposition transcripts on any other appropriate grounds.

**REQUEST FOR PRODUCTION NO. 12:** All Documents concerning, referencing or discussing any proposed or enacted guidelines, standards of care, or regulations affecting, or potentially affecting, Your Opioid Products including but not limited to those referencing, discussing or concerning: (i) the U.S. Centers for Disease Control *Guideline for Prescribing Opioids for Chronic Pain*; (ii) guidelines proposed or adopted by any private or quasi-governmental organization (including the Joint Commission on Accreditation of Healthcare Organizations, the American Academy of Pain Management, the American Pain Society, the Federation of State Medical Boards, and/or the American Geriatrics Society); (iii) actual or proposed regulatory actions concerning Opioid labeling (including FDA Citizens Petitions); (iv) any actual or proposed reimbursement policies for any U.S. Government program or agency (including the Center for Medicare and Medicaid Services, the Veteran's Administration, and

Tricare) involving patient satisfaction scores or pain scores; and (v) any actual or proposed formulary restrictions.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 12:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" documents "concerning, referencing or discussing" a number of subject areas as overly broad and unduly burdensome.  Further, Allergan objects to to the term  "quasi-governmental organization" as vague and ambiguous.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 12:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" documents "concerning, referencing or discussing" a number of subject areas as overly broad and unduly burdensome. Further, Allergan objects to to the term "quasi-governmental organization" as vague and ambiguous.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to

18

this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 13:**  All Documents, data and databases You received, generated, had access to or maintained regarding prescribing, sales, distribution, use, consumer or medical community perceptions, insurance coverage of, or diversion, misuse or abuse (including overdoses, hospitalizations, or other injuries or fatalities) of Opioids or your Opioid Products and all Communications, between You and any data vendor or entity supplying such data regarding such data, including but not limited to, IQVIA Holdings, Inc., IMS Health, QuintilesIMS, Iqvia, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, and/or PRA Health Science, and all of their predecessor or successor companies, subsidiaries, or affiliates (the "Data Vendors"). Documents and data sought by this request should include:

a.  Any spreadsheet(s) or database(s) maintained by you to track paper DEA Form 222 Forms (Schedule II Order Forms) for Opioid Products;

b.  Any DEA Form 222 submissions by you to the Controlled Substance Ordering System (CSOS) for Opioid Products;

c.  Any spreadsheet(s) or database(s) maintained by you to track invoices for Opioid Products;

d.  Any spreadsheet(s) or database(s) maintained by you to track returns for Opioid Products;

19

e. Any spreadsheet(s) or database(s) maintained by you to track paper DEA Form 222 Forms (Schedule II Order Forms) for returns of Opioid Products;

f. Any DEA Form 222 submissions by you to the Controlled Substance Ordering System (CSOS) for returns of Opioid Products;

g. Any spreadsheet(s) or database(s) maintained by you to track paper DEA Form 222 Forms (Schedule II Order Forms) for destruction of Opioid Products;

h. Any DEA Form 222 submissions by you to the Controlled Substance Ordering System (CSOS) for destruction of Opioid Products; and

i. Documents sufficient to show the following:

   i. the date of manufacture, type, and quantity of Opioid Products manufactured;

   ii. the date of receipt, type and quantity of Opioid Product(s) received, and the name and address of supplier of such Opioid Products(s);

   iii. the date of sale, delivery, disposal, or distribution, the name and address of the Person or entity purchasing or receiving such Opioid Product(s), and type and quantity of such Opioid Product(s);

   iv. purchase orders or requests, including the name and address of the vendor, the name and address of the vendee, Drug Enforcement Administration registration numbers for both vendor and vendee, date of the order, type and quantity of drug ordered;

   v. invoices, billing statements, or itemized lists, including the name and address of the vendor, the name and address of the vendee, Drug

20

Enforcement Administration registration numbers for both vendor and

vendee, date of sale, shipment, or delivery, type and quantity of drug sold;

vi.   the name and National Drug Code of the Opioid Product(s) sold;

vii.   the number of containers and the strength and metric quantity of Opioid

Product(s) in each container of controlled substance sold.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 13:**  Allergan incorporates by reference
the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan
further objects to the extent this Request is not limited to Kadian® as overly broad, unduly
burdensome, as calling for irrelevant information, and as not proportional to the needs of the case;
Allergan does not agree to produce documents solely relating to any other opioid products,
including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan
objects to this Request to the extent it calls for "[a]ll" documents regarding many broad subject
areas as overly broad and unduly burdensome.  Further, Allergan objects to this Request as overly
broad, unduly burdensome and seeking information not proportional to the needs of this case to
the extent it seeks "all Communications[] between You and any data vendor or entity supplying
such data."  In addition, Allergan objects to the number of subparts of this Request as contrary to
the Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii).  Allergan also objects
to the extent this Request purports to call for documents or information to which Allergan merely
"had" but no longer has "access to."  Finally, Allergan objects to the extent this Request calls for
information subject to confidentiality orders or agreements with third parties.

Subject to and without waiving it objections, Allergan will make a reasonable effort to
search agreed or court-ordered custodial and non-custodial sources for documents concerning
"prescribing, sales, distribution, use, consumer or medical community perceptions, insurance

coverage of, or diversion, misuse or abuse" of Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 13:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" documents regarding many broad subject areas as overly broad and unduly burdensome. Further, Allergan objects to this Request as overly broad, unduly burdensome and seeking information not proportional to the needs of this case to the extent it seeks "all Communications[] between You and any data vendor or entity supplying such data." In addition, Allergan objects to the number of subparts of this Request as contrary to the Court's limitation on Requests for Production. *See* Dkt. 232 at § 9(l)(ii). Allergan also objects to the extent this Request purports to call for documents or information to which Allergan merely "had" but no longer has "access to." Finally, Allergan objects to the extent this Request calls for information subject to confidentiality orders or agreements with third parties.

Subject to and without waiving it objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents concerning "prescribing, sales, distribution, use, consumer or medical community perceptions, insurance coverage of, or diversion, misuse or abuse" of Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 14:** All Documents or Communication analyzing the data Identified in Request No. 13 above.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 14:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly

burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving it objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents analyzing data regarding Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 14:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving it objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents analyzing data regarding Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 15:**  All agreements between You and any manufacturer or distributor of Opioids or Opioid Products, including any of the Defendants in this matter, related to any Opioid or Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 15:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly

burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 15:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 16:**  All records of chargeback requests submitted to You and/or paid by You for Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 16:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case;

Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Allergan will make a reasonable effort to search for chargeback data concerning Kadian® and will produce responsive data that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 16:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Allergan will make a reasonable effort to search for chargeback data concerning Kadian®, Norco®, and generic opioids and will produce responsive data that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 17:**  All Documents constituting, containing, reflecting or recording internal Communications regarding goals, incentives or minimum sales performance thresholds for the distributors, retailers or sellers of Your Opioid Products including but not limited to Documents regarding volume incentive programs, vault security programs, or any other incentive programs You provided to, or participated in with, any distributor, retailer or seller of Your Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 17:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case;

Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 17:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 18:** All Documents regarding the Healthcare Distribution Alliance ("HDA") (formerly known as the Healthcare Distribution Management Association), the Pain Care Forum ("PCF") and Your participation in the HDA or the PCF.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 18:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case;

26

Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 18:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 19:**  All Documents concerning Marketing, sales, educational and promotional materials you created, distributed or used regarding Opioids or your Opioid Products. The response should include both Branded and Unbranded Marketing materials and all Marketing materials you created, distributed or used both in the United States and globally

and should include all printed, fabricated, electronic (including website content) materials as well as videos, slide decks, audio tapes, talking points, exhibits and white papers.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 19**:  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request assumes facts that are contrary to evidence.  Further, Allergan objects to this Request to the extent that it calls for documents "created, distributed or used . . . globally" as calling for information that is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for marketing and promotional materials used in the United States concerning Kadian® as well as any "Unbranded Marketing materials" regarding opioids generally or as a class, if any, and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 19**:  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request assumes facts that are contrary to evidence.  Further, Allergan objects to this Request to the extent that it

calls for documents "created, distributed or used . . . globally" as calling for information that is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for marketing and promotional materials used in the United States concerning Kadian®, Norco®, generic opioids, or opioids generally, if any, and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 20:**  All marketing plans or business plans, both in the United States and globally, including plans for direct-to-consumer or physician marketing, that You developed or used for each of your Opioid Products. This request includes Documents concerning, reflecting, or discussing your strategy for promoting Opioid Products, including Documents which discuss the purpose for which the drug was being marketed, selling points for the drug, novel features of the drug, benefits of any dose or delivery system, and any business reasons to bring the drug, dose or delivery system to market (such as a prior drug coming off patent or competition in the market place). This includes but is not limited to all documents regarding efforts to increase demand and uses for Opioids or Opioid Products, acceptance of Opioid therapy, and projections, targets, and goals for annual sales, numbers of prescriptions, and number of physicians writing prescriptions.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 20:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products,

including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request assumes facts that are contrary to evidence.  Further, Allergan objects to this Request to the extent that it calls for documents "marketing plans or business plans . . . globally" as calling for information that is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case.  In addition, Allergan objects to the several discrete subparts of this Request as, in this context, contrary to the spirit of the Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii).

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for any U.S. marketing plans or business plans concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 20:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request assumes facts that are contrary to evidence.  Further, Allergan objects to this Request to the extent that it calls for documents "marketing plans or business plans . . . globally" as calling for information that is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case. In addition, Allergan objects to the several discrete subparts of this Request as, in this context, contrary to the spirit of the Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii).

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for any U.S. marketing plans

or business plans concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 21:**  All Documents regarding Continuing Medical Education ("CME") programs, talks, presentations, programs or educational materials involving Opioids or any Opioid Product, whether Branded or Unbranded, accredited or unaccredited, and whether stand-alone or as part of conferences or other events, that You conducted, developed, edited, distributed, sponsored, funded, or otherwise made available to physicians, nurses, pharmacists, emergency services, addiction treatment centers, or other medical professionals. The response should include any videos, slide decks, audio tapes, exhibits, white papers, print materials, websites and all drafts of such materials, as well as Documents sufficient to show topics presented, speakers, and payments You made to anyone in connection with any such programs.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 21:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to this Request to the extent it assumes facts that are contrary to evidence.

Subject to and without waiving its objections, Allergan states that it is currently not aware of any responsive materials.  Nonetheless, Allergan will make a reasonable effort to search agreed

or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® as well as documents regarding "Unbranded" marketing relating to opioids generally or as a class, if any, and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 21:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to this Request to the extent it assumes facts that are contrary to evidence.

Subject to and without waiving its objections, Allergan states that it is currently not aware of any responsive materials.  Nonetheless, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally, if any, and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 22:**  All Documents evidencing each Person, physician, medical professional, organization or entity that taught, promoted, endorsed, educated, spoke on or wrote about Opioids or Your Opioid Products that You provided funds to, paid, reimbursed or gave anything of value to and the amount of funding, payment, reimbursement, or value either given by You, or any third party on Your behalf, to those Persons or entities, including but not limited to the following entities or Persons:

a.  American Academy of Pain Medicine;

b.  American Pain Society;

32

c.  American Pain Foundation;

d.  American Geriatrics Society;

e.  American Chronic Pain Association;

f.  American Society of Pain Educators;

g.  The National Pain Foundation;

h.  Pain and Policy Studies Group;

i.  Federation of State Medical Boards;

j.  American Society of Pain Management Nursing;

k.  Academy of Integrative Pain Management;

l.  U.S. Pain Foundation;

m. Cancer Action Network;

n.  Washington Legal Foundation;

o.  The Center for Practical Bioethics;

p.  The Joint Commission;

q.  Pain Care Forum;

r.  Russell Portenoy, M.D.

s.  Perry Fine, M.D.

t.  Scott Fishman, M.D.

u.  Lynn Webster, M.D.

    v.  Mitchell Max, M.D.

    w.  J. David Haddox, M.D.

    x.  Barry Cole, M.D.

    y.  Joseph Pergolizzi, M.D.

    z.  Willem Schölten

   aa.     Alan Spanos, M.D.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 22:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts that are contrary to evidence.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding the individuals and entities listed in subsections (a) through (aa) concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 22:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as

overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts that are contrary to evidence.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding the individuals and entities listed in subsections (a) through (aa) concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 23:**  All agreements and Communications between You and any of the Persons or entities identified in Your Response to Request No. 22 above, including any of their employees, officers, directors or agents.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 23:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts contrary to evidence.

Subject to and without waiving its objections, Allergan states that it currently is not aware of any responsive materials.  Nonetheless, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for "agreements and Communications," if any, with the individuals and entities listed in subsections (a) through (aa) of Request No. 22

concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 23:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts contrary to evidence.

Subject to and without waiving its objections, Allergan states that it currently is not aware of any responsive materials.  Nonetheless, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for "agreements and Communications," if any, with the individuals and entities listed in subsections (a) through (aa) of Request No. 22 concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 24:**  All Documents concerning sales training and "detailing" regarding any Opioid Product, including but not limited to (a) sales training manuals, including Documents for training the sales force about identifying and reporting evidence of abuse, misuse, over-prescribing, addiction, or potential criminal activity; (b) management training manuals instructing managers or trainers how to train the sales force regarding Opioids, Opioid Products or sales techniques and messaging regarding Opioids or Opioid Products; (c) information to be conveyed by Your sales representatives, or the Persons or entities listed in Request no. 22 above, to prescribing physicians, hospitals, pain clinics, rehabilitation facilities, pharmacies or consumers; (d) scripts or talking points for Your sales force for use in selling Opioid Products or promoting Opioids; (e) training materials discussing Marketing of or responding to questions about

36

"abuse-deterrent" versions of Opioids; (f) Documents regarding the Risk Evaluation and Mitigation Strategy ("REMS") program; (g) all training materials discussing risks, benefits, indications, dosage, treatments, schedules, efficacy, continual release, rescue medications, tamper proof ability, abuse deterrents and delivery systems; and (h) all training materials concerning dependence, addiction, pseudoaddiction, tolerance, dosage or cessation of usage of Opioid Products or Opioids.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 24:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request to the extent it assumes facts contrary to evidence.  In addition, Allergan objects to the several discrete subparts of this Request as, in this context, contrary to the spirit of the Court's Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii).

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding training of detailers and other representatives concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 24:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.

In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome. Allergan further objects to this Request to the extent it assumes facts contrary to evidence. In addition, Allergan objects to the several discrete subparts of this Request as, in this context, contrary to the spirit of the Court's Court's limitation on Requests for Production. *See* Dkt. 232 at § 9(l)(ii).

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding training of detailers and other representatives concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 25:** All Documents and Communications concerning quotas or sales goals for Your sales representatives concerning any Opioid Product.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 25:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to

this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 25:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 26:**  All Documents, data, notes, memorandums, or database entries from 1996 to present memorializing calls or visits made by sales representatives to prescribing physicians, hospitals, pain clinics, rehabilitation facilities, and pharmacies, in connection with the Marketing, sales or distribution of your Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 26:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the extent that this Request purports to call for

documents and information "from 1996 to present" as overly broad, unduly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 26:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the extent that this Request purports to call for documents and information "from 1996 to present" as overly broad, unduly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 27**  All Documents sufficient to show the number and identities of sales representatives working for the Company each year from earliest date of manufacture for any of Your Opioid Products to present and the costs and expenses associated each year with the company's sales force for its Opioid Products (such as compensation, bonuses, benefits, expense accounts or any other costs or expenses associated with Your sales force).

**MAY 24, 2018 RESPONSE TO REQUEST NO. 27:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan

40

further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to this Request to the extent that it purports to call for documents and information for "each year from earliest date of manufacture . . . to present" as overly broad, unduly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 27:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to this Request to the extent that it purports to call for documents and information for "each year from earliest date of manufacture . . . to present" as overly broad, unduly burdensome and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

41

**REQUEST FOR PRODUCTION NO. 28**:  All Documents evaluating the performance of Your Marketing of Opioids and Opioid Products, including Documents identifying the key performance indicators or any other metrics, financial or non-financial, used to evaluate the performance of Your Marketing or the Marketing of Your competitors or Opioids or Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 28**:  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to certain terms in this Request as vague and ambiguous, such as "evaluating the performance of Your Marketing of Opioids and Opioid Products," "key performance indicators," and "other metrics, financial or non-financial."

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding financial metrics concerning Kadian® responsive to this Request and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 28**:  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Further, Allergan objects to certain terms in this Request

as vague and ambiguous, such as "evaluating the performance of Your Marketing of Opioids and Opioid Products," "key performance indicators," and "other metrics, financial or non-financial."

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents regarding financial metrics concerning Kadian®, Norco®, generic opioids, or opioids generally responsive to this Request and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 29:**  All Adverse Event Reports and Documents concerning Adverse Event Reports for any of Your Opioid Products, including Documents regarding Your systems for receiving or tracking Adverse Events and reporting Adverse Events to the FDA or any other governmental entity.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 29:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request calls for, from its database regarding adverse event reports, all supporting documentation for each entry in the report listing adverse event reports; Allergan agrees to meet and confer regarding any requests from Plaintiffs for additional information from the database with respect to any specific entries.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 29:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan also objects to the extent this Request calls for, from its database regarding adverse event reports, all supporting documentation for each entry in the report listing adverse event reports; Allergan agrees to meet and confer regarding any requests from Plaintiffs for additional information from the database with respect to any specific entries.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST  FOR  PRODUCTION  NO. 30:**  All Suspicious Order Reports or any Documents concerning Your monitoring, investigating, or reporting Suspicious Orders, "doctor shopping" behavior by patients, or diversion, including but not limited to any company programs to detect and/or report Suspicious Orders, "doctor shopping" or potential diversion, or any audit, review or investigation following indications of Suspicious Orders, "doctor shopping" or potential diversion and any subsequent actions by You following such audit, review or investigation. The

response should include but not be limited to all Documents regarding any of Your programs, committees or methods of monitoring Suspicious Orders.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 30:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Also, Allergan objects to certain terms in this Request as vague and ambiguous, such as "Suspicious Order Reports," which is undefined despite its capitalization.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 30:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Also, Allergan objects to certain terms in this Request as vague and ambiguous, such as "Suspicious Order Reports," which is undefined despite its capitalization.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to

this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 31:**  All Documents concerning misuse, abuse of, addiction to, overdoses or fatalities from, or diversion of Opioids or Your Opioid Products or the risk of misuse, abuse, addiction, overdose, diversion, or death associated with the use of Opioids or any Opioid Product. Include in Your response Documents and underlying data, deriving from Research Abuse, Diversion, and Addiction-Related Surveillance ("RADARS") data covering multiple channels, including poison control center calls and drug diversion regulatory agencies; the National Poison Data System ("NPDS"); the National Addictions Vigilance Intervention and Prevention Program ("NAVIPPRO"); and MarketScan Claims data for relevant diagnosis codes, including abuse, dependence and overdose.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 31:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts not in and contrary to evidence.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to

this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 31:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ll" such documents as overly broad and unduly burdensome.  Allergan further objects to this Request as assuming facts not in and contrary to evidence.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 32:**  Any communications between You and any manufacturers or distributor of Opioids, including the Defendants in this matter, regarding the following:

      i.      The use, Marketing, safety, efficacy, risks, or benefits of Opioids or Your Opioid Products for chronic pain or long-term use;

      ii.      possible abuse, diversion or illegal use of Opioids or Your Opioid Products;

      iii.      the abuse-deterrence or tamper-resistance of Your or another manufacturer's Opioid Products;

      iv.      efforts to limit or restrict the quotas related to or the use of Opioids or Your or another manufacturer's Opioid Products.

      v.      DEA Quotas regarding Opioids, Your Opioid Products or another manufacturer's Opioid Products.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 32:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is not limited to Kadian® as overly broad, unduly burdensome, as calling for irrelevant information, and as not proportional to the needs of the case; Allergan does not agree to produce documents solely relating to any other opioid products, including generic opioids that were transferred to Teva in August 2016.  In addition, Allergan objects to this Request to the extent it calls for "[a]ny" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the number of subparts of this Request, in this context, as contrary to the Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii). Allergan also objects to this Request as assuming facts contrary to evidence.  Finally, Allergan objects to this Request to the extent it purports to call for communications regarding this litigation or other similar such litigation or investigations.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian® and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 32:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below. In addition, Allergan objects to this Request to the extent it calls for "[a]ny" such documents as overly broad and unduly burdensome.  Further, Allergan objects to the number of subparts of this Request, in this context, as contrary to the Court's limitation on Requests for Production.  *See* Dkt. 232 at § 9(l)(ii).  Allergan also objects to this Request as assuming facts contrary to evidence.

Finally, Allergan objects to this Request to the extent it purports to call for communications regarding this litigation or other similar such litigation or investigations.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request concerning Kadian®, Norco®, generic opioids, or opioids generally and will produce responsive documents that are not otherwise privileged or protected.

**REQUEST FOR PRODUCTION NO. 33:**  All documents, ESI, and tangible things that You may use to support Your claims or defenses.

**MAY 24, 2018 RESPONSE TO REQUEST NO. 33:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.  Allergan further objects to the extent this Request is overly broad, unduly burdensome and premature.  The Plaintiffs have not set out their claims with sufficient particularity for Allergan to fully respond this Request.  In addition, Allergan's investigation and factual development is ongoing; its response to this Request should not be construed as a waiver or other relinquishment of their rights to rely on any "documents, ESI, [or] tangible things" at any trial, hearing or other proceeding in this litigation.  Finally, Allergan expressly reserves the right to rely on documents and information produced by Plaintiffs, third parties, and others in this litigation, as well as publicly available documents and information and other documents and information equally accessible to Plaintiffs.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request and will produce responsive documents that are not otherwise privileged or protected.

**DECEMBER 6, 2018 RESPONSE TO REQUEST NO. 33:**  Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions below.

Allergan further objects to the extent this Request is overly broad, unduly burdensome and premature.  The Plaintiffs have not set out their claims with sufficient particularity for Allergan to fully respond this Request.   In addition, Allergan's investigation and factual development is ongoing; its response to this Request should not be construed as a waiver or other relinquishment of their rights to rely on any "documents, ESI, [or] tangible things" at any trial, hearing or other proceeding in this litigation.  Finally, Allergan expressly reserves the right to rely on documents and information produced by Plaintiffs, third parties, and others in this litigation, as well as publicly available documents and information and other documents and information equally accessible to Plaintiffs.

Subject to and without waiving its objections, Allergan will make a reasonable effort to search agreed or court-ordered custodial and non-custodial sources for documents responsive to this Request and will produce responsive documents that are not otherwise privileged or protected.

Date:   December 6, 2018                    Respectfully submitted,


                                           /s/ *Timothy W. Knapp*

                                           Jennifer G. Levy, P.C.
                                           KIRKLAND & ELLIS LLP
                                           655 Fifteenth Street, N.W.
                                           Washington, D.C. 20005
                                           Telephone: (202) 879-5000
                                           Facsimile: (202) 879-5200
                                           jennifer.levy@kirkland.com

                                           Donna Welch, P.C.
                                           Martin L. Roth
                                           Timothy W. Knapp
                                           KIRKLAND & ELLIS LLP
                                           300 North LaSalle, Chicago, IL 60654
                                           Telephone: (312) 862-2000
                                           Facsimile: (312) 862-2200
                                           donna.welch@kirkland.com
                                           rothm@kirkland.com
                                           tknapp@kirkland.com

                                           *Attorneys for Defendant Allergan Finance, LLC*
                                           *f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals,*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, the foregoing was sent by electronic mail to

counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114-1149
Telephone: (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
RAFERTY & PROCTOR PA
316 S. Baylen Street
Suite 600
Penascola, FL 32502
Telephone: (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Fax: (216) 696-0740
crendon@bakerlaw.com

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ Timothy W. Knapp
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654

Telephone: (312) 862-2000
Facsimile: (312) 862-2200
tknapp@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*