UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*ALL TRACK ONE CASES* | MDL No. 2804<br><br>Case No. 1:17-md- 2804<br><br>Hon. Dan Aaron Polster |

**The Manufacturer Defendants' Joinder to the Endo Defendants' Brief in Opposition to the Motion to Disqualify Carole Rendon**

The Manufacturer Defendants[1] respectfully join *The Endo Defendants' Brief in Opposition to the Motion to Disqualify Carole Rendon filed by the City of Cleveland and Joined by Cuyahoga County, Summit County and the City of Akron.* (Dkt. No. 1296).  The Court should reject Plaintiffs' attempt to tarnish Ms. Rendon's reputation and to distract both the Endo Defendants and the Manufacturer Defendants at this critical juncture in the case.

Plaintiffs' untimely motion to disqualify Ms. Rendon is filled with irrelevant facts and inapplicable law, but tellingly provides no legal basis for disqualification.  Plaintiffs wrongly suggest that the Court *could* disqualify Ms. Rendon on the basis of a purported appearance of impropriety.  Plaintiffs cite no rule or authority for this position, which is a clear misstatement of Ohio law.  Plaintiffs know that the Ohio Rule of Professional Conduct 1.11 and the Model Rules on which it is based specifically preclude disqualification for the mere appearance of impropriety.  Indeed, in 2014, when certain of the current MDL Plaintiffs' counsel faced a

---

[1]In addition to the Endo Defendants, the Manufacturer Defendants in the Track One cases are Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Inc., , Teva Pharmaceuticals USA, Inc., Cephalon Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., INSYS Therapeutics, Inc., Mallinckrodt LLC, and SpecGX LLC.

motion for disqualification in another case, counsel correctly argued that the appearance of impropriety was eliminated as a disqualification standard once the Model Rules were adopted:

> Where a jurisdiction has adopted the Model Rules, the Model Code no longer applies. *Waters v. Kemp*, 845 F.2d 260, 265 (11th Cir. 1988) (rejecting appearance of impropriety as basis for disqualification where Model Rules were adopted); *Harker v. Comm'r of Internal Rev.*, 82 F.3d 806, 808-09 (8th Cir. 1996) (same).  In *Waters*, the court rejected the argument that counsel should be disqualified for an appearance of impropriety because 'Model Rules 1.10 and 1.11 eliminate the appearance of impropriety approach to disqualification.'

Response of the City of Chicago, Linda Singer, and Cohen Milstein Sellers & Toll PLLC in Opposition to the Purdue Defendants' Motion to Disqualify, at p. 21, *City of Chicago v. Purdue Pharma L.P., et al.*, No. 1:14-cv-04361 (N.D. Ill. Sept. 8, 2014) (Doc # 139).  Counsel further argued that cases relying on "Canon 9's appearance of impropriety standard are therefore inapposite."  *Id.*  MDL Plaintiffs' contrary position here cannot be squared with the argument made earlier, and is without merit.

Unsurprisingly, Plaintiffs have not identified a single case disqualifying counsel without a rule violation.  This is because no such case exists.  Disqualifying counsel based on an appearance of impropriety is reversible error.  *State v. Cornick*, 8th Dist. Cuyahoga No. 99609, 2014-Ohio-2049, ¶ 7; *see also Wade v. Nationwide Mut. Fire Ins. Co.*, 225 F. Supp. 2d 1323 (S.D. Ala. 2002) (disqualification of counsel "can no longer be grounded on an appearance of impropriety" because the applicable Professional Conduct Rules "deleted their provisions concerning the appearance of impropriety in favor of the more precise rules governing client confidences, conflicts of interest and other matters"); *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309 (S.D. Fla. 2010) ("appearance of impropriety does not qualify as an independent ground for disqualification").

The Court must apply the facts to the specific provisions of the Ohio Rules of Professional Conduct.  Because they are designed to balance important and competing interests, those rules contain clear and precise requirements, including the existence of a previous "matter" for a Rule 1.11(a) violation and specific "confidential government information" for a Rule 1.11(c) violation.  No such violation is present here, and Plaintiffs make no attempt to even identify either one.  Their arguments lack substance and belie the fact that their disqualification bid is nothing more than a "technique of harassment."  *Kitchen v. Aristech Chemical*, 769 F. Supp. 254, 257 (S.D. Ohio 1991) (warning against such conduct).

It is clear that this motion is an unfair attempt to disrupt the defense of this case through a personal attack on Liaison Counsel, just as the matter reaches its busiest and most critical timing.  The Court should not countenance such transparent and unfair tactics.  *See O'Brien v. Brunner*, No. 2:15-CV-2803, 2016 WL 1059683, at *2 (S.D. Ohio Mar. 17, 2016) ("Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment.") (internal citations and quotation marks omitted).  The Manufacturer Defendants urge the Court to reject Plaintiffs' attempt to tarnish Ms. Rendon's reputation and to distract both the Endo Defendants and the Manufacturer Defendant group as the parties face the close of fact discovery and significant expert work and trial preparation.

In addition to the harm the Endo Defendants will suffer if Ms. Rendon is disqualified in the Track One cases, the Manufacturer Defendants as a group also will suffer substantial prejudice.  Ms. Rendon is a highly respected and regarded attorney who throughout this litigation has consistently exhibited professionalism and poise even in the face of Plaintiffs' unfair and personal attacks.  As liaison counsel in the Track One cases, Ms. Rendon plays an important role in ensuring efficient communications and coordination between the Court, Plaintiffs, the Manufacturer

Defendants, and the other defendants. She frequently appears on behalf of the Manufacturer Defendants at Court hearings and status conferences. She also coordinates with all the Track One parties on joint pleadings and discovery issues.

As a result, Ms. Rendon possesses critical knowledge about the litigation of the Track One cases which cannot be replicated. Having liaison counsel in Cleveland has helped ensure that the Manufacturer Defendants stay apprised of and comply with local customs and practices. There is no other Cleveland-based defense counsel who has regularly participated in the breadth of issues that Ms. Rendon has and, as a result, there is no one in Cleveland who could easily take on the role of liaison without disruption.

Finally, given the passage of time, Plaintiffs have now waived any right to object to Ms. Rendon's participation as liaison counsel. Ms. Rendon has served as liaison counsel for the Manufacturer Defendants for more than a year. On December 22, 2017, the Manufacturer Defendants moved to appoint Mr. Mark Cheffo and Ms. Carole Rendon as co-liaison counsel (Dkt. No. 24). None of the plaintiffs objected, and Judge Polster granted the motion on December 29, 2017. *Non-Document Order*, Dec. 29, 2017. To replace Ms. Rendon as co-liaison counsel for the Track One cases at this late date would be costly, time-consuming and prejudicial to the Manufacturer Defendants, who jointly selected Ms. Rendon without objection from the Plaintiffs.

Accordingly, the Manufacturer Defendants respectfully request that this Court deny Plaintiffs' Motion to Disqualify Ms. Rendon.

Dated: February 1, 2019

Respectfully submitted,

*/s/ Donna Welch*
Donna Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc*

## CERTIFICATE OF SERVICE

    I certify that, on February 1, 2019, I filed a copy of the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties. Parties may access this filing through the Court's system.

/s/ *Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com