# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*TRACK ONE CASES* | MDL No. 2804<br><br>CASE NO. 1:17-md-2804<br><br>JUDGE DAN AARON POLSTER<br><br>MAGISTRATE JUDGE DAVD A. RUIZ<br><br>**ENDO DEFENDANTS' MOTION FOR LEAVE TO FILE INSTANTER SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY** |

In the interest of fairness and justice, and because Plaintiffs continue to disregard the rules, the Endo Defendants ("Endo") respectfully move this Court for leave to file the instanter Sur-reply in response to Plaintiffs' Reply Brief.

From start to finish on their disqualification claim, Plaintiffs have played fast and loose with the rules. Plaintiffs filed a motion to file their motion to disqualify "under seal," yet chose to specifically name the defense counsel as "Carole Rendon," knowingly inflicting instant reputational damage. Then, without seeking leave to do so, Plaintiffs filed an Opening Brief that grossly exceeded the 15-page limit set forth in Local Rule 7.1. Less than an hour before their Reply Brief was due, Plaintiffs, stating they "believed" their brief was due at noon, sought and received a 28-hour extension of time in which to file. The 17-page reply brief they filed was again well over the page limits without leave to be and included new arguments and authorities.

Plaintiffs' lengthy reply brief also raises new matter, pun intended. For the first time, Plaintiffs define what they claim is the prior "matter" for the purpose of their Rule 1.11(a) claim. As set forth in the attached Sur-reply, it is not a Rule 1.11(a) matter at all, but Endo should be

permitted to make that argument.  Plaintiffs also cite to new and inapposite authorities, just barely skirting the line of a Rule 3.3 violation (Candor to the Court), which Endo also should be permitted to address.

While Plaintiffs might call these complaints "hyper-technical," the rules exist for a reason.  They impart fairness in the Court's proceedings and confidence in the judiciary.

Courts routinely grant leave for non-movants to file a sur-reply, particularly where the movant has inappropriately raised issues for the first time in a reply brief.  *See, e.g.*, *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) ("This Court grants leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply."); *Ferguson v. Lorillard Tobacco Co., Inc.*, 475 F. Supp. 2d 725, 728 n.4 (N.D. Ohio 2007) (same); *Elliott Co. v. Liberty Mut. Ins. Co.*, 239 F.R.D. 479, 480 n.1 (N.D. Ohio 2006) (same) *Seay v. Tenn. Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003) (same).

Moreover, in the context of disqualification motions, this Court has repeatedly granted motions for leave to file a sur-reply in opposition.  *See*, *e.g*., *Entertainment by J&J, Inc. v. AOL Time Warner, Inc*., Docket No. 5:01-cv-02424 (N.D. Ohio Oct. 22, 2001) (Dkt. #20); *Kingvision Pay-Per-View Ltd. v. AOL Time Warner, Inc*., 5:01-cv-01631 (N.D. Ohio Jul. 05, 2001) (Dkt. #30).  Because Plaintiffs have offered new arguments for the first time in their Reply Brief, the Court should permit Endo to respond to these new arguments in the attached Sur-reply before the Court considers any such arguments in rendering its decision on Plaintiffs' Motion to Disqualify.

Given the gravity of the issues at stake, in the interests of fairness and justice, and to permit Endo to address Plaintiffs' new arguments and authorities, the Court should grant this motion for leave to file the instanter Sur-reply.  Doing so will cause no prejudice to Plaintiffs as they will have a full opportunity to be heard at the February 6, 2019 hearing on this matter.

Respectfully submitted,

*/s/ John D. Parker*
John D. Parker (0025770)
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:    216.621.0200
jparker@bakerlaw.com
crendon@bakerlaw.com
tcoleman@bakerlaw.com


Jonathan L. Stern
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
(202) 942-5000
Jonathan.Stern@arnoldporter.com

Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for the Endo Defendants

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 4, 2019, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system on all attorneys of record.

DATED: February 4, 2019          */s/ John D. Parker*
                                                  John D. Parker