# EXHIBIT A

2/4/2019 Cleveland, Cuyahoga County seek ouster of former U.S. attorney representing drug manufacturer in opioid lawsuits - cleveland.com

Case: 1:17-md-02804-DAP Doc #: 1336-1 Filed: 02/04/19 2 of 6. PageID #: 37044



# Cleveland, Cuyahoga County seek ouster of former U.S. attorney representing drug manufacturer in opioid lawsuits

Updated 1 week ago; Posted 1 week ago



Carole Rendon is seen here speaking at a ceremony to swear her in as U.S. attorney in July 2016. She now works at BakerHostetler and represents Endo, a pharmaceutical company.

    

By Eric Heisig, cleveland.com  *i*

CLEVELAND, Ohio — Lawyers for four Northeast Ohio governments that filed suit over the opioid epidemic want a former U.S. attorney and her firm now representing a drug manufacturer to be thrown off the cases because of her previous prosecutorial experience.

Lawyers for Cleveland and Akron and Cuyahoga and Summit counties claim that Carole Rendon violated rules that Ohio attorneys must follow when practicing law.

Rendon is the former U.S. attorney for northern Ohio and is now a partner at BakerHostetler. The governments' attorneys asked U.S. District Judge Dan Polster in Cleveland to disqualify both her and the firm. The firm represents the pharmaceutical company Endo, the makers of Opana and Percocet, and Rendon is liaison counsel for all of the manufacturers sued in more than 1,500 lawsuits being heard by Polster.

Case: 1:17-md-02804-DAP Doc #: 1336-1 Filed: 02/04/19 3 of 6. PageID #: 37045

The alleged violations stem from her time in the U.S. Attorney's Office, when she was involved in investigations involving opioids and substantial advocacy to combat what was becoming a nationwide epidemic. Her involvement also gives the appearance of impropriety, the governments say.

Rendon and BakerHostetler dismissed the arguments the governments made to support their disqualification. Firm attorney John Parker wrote in a filing that the effort to oust her and the firm are part of "a transparent effort to tarnish Ms. Rendon's professional reputation and to harass and distract Endo and its counsel during the crucial final weeks at the close of discovery."

They also questioned why the matter is being brought up now, after litigation has been underway for more than a year.

The local governments asked Polster in a sealed motion earlier this month to disqualify Rendon and BakerHostetler. Rendon and the firm filed their response on Wednesday, which was not under seal. Letters and emails included with the response detail a behind-the-scenes struggle between Rendon and her opposing lawyers that has gone on since at least August.

The motion also says the plaintiffs seek to have Rendon sit down for a deposition to detail her knowledge of and involvement in combatting the opioid epidemic while she was a federal prosecutor.

*(You can read the filing here or at the bottom of this story.)*

Rendon was in the U.S. Attorney's Office in Cleveland from 2009 until 2017. She first served as executive assistant U.S. attorney under Steve Dettelbach, then his first assistant and then as the head of the office following his resignation. She also worked as a federal prosecutor in Boston from 1988 to 1997.

She, along with 45 other U.S. attorneys nationwide, was forced out in March 2017 by then-Attorney General Jeff Sessions. BakerHostetler hired her not long after she stepped down as U.S. attorney, and started representing Endo in June 2017.

Rendon did not respond to a message left Wednesday.

The lawsuits being heard in Cleveland allege that drug companies of downplaying the addictive nature of powerful opioids and painkillers largely attributed to one of the deadliest drug epidemics in U.S. history.

2/4/2019 Cleveland, Cuyahoga County seek ouster of former U.S. attorney representing drug manufacturer in opioid lawsuits - cleveland.com

Case: 1:17-md-02804-DAP Doc #: 1336-1 Filed: 02/04/19 4 of 6. PageID #: 37046

Polster is set to preside over a trial in September for claims made by Cleveland, Akron and their respective counties.

According to BakerHostetler's filing, the plaintiffs allege Rendon violated a rule for Ohio attorneys that prohibits former government lawyers from representing clients in matters in which the lawyer participated "personally and substantially" while in the government.

They also say Rendon violated a rule that says former government lawyers cannot use information about a person that the lawyer knows is confidential against that person.

BakerHostetler argued that "the mere appearance of impropriety should disqualify Ms. Rendon" is wrong, as they must prove Rendon actually violated an Ohio professional conduct rule.

The government's attorneys aren't able to do that, the filing says, since the opioid epidemic is such a broad issue cannot be considered a "matter" under Ohio's rules.

They also say the plaintiffs did not identify any specific information Rendon has that could be deemed confidential.

"… Rather, they complain generally that Ms. Rendon is familiar with the 'inner workings' of government entities, such as police departments and medical examiner offices," the filing states.

They also shot down arguments that Rendon's involvement in [a consent decree between the Justice Department and the city of Cleveland](#) over police use of force is not cause to disqualify her, as it is a "wholly unrelated matter."

The motion says their ouster would prejudice Endo, as lawyers have have been through discovery, depositions, court proceedings and settlement talks.

> To print the document, click the "Original Document" link to open the original PDF. At this time it is not possible to print the document with annotations.

BakerHostetler Atty Faces Disqualification Bid In Opioid MDL - Law360



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# BakerHostetler Atty Faces Disqualification Bid In Opioid MDL

By **Jeff Overley**

Law360 (January 9, 2019, 11:10 PM EST) -- A BakerHostetler partner who represents Endo Pharmaceuticals Inc. in multidistrict litigation over the opioid epidemic should be disqualified from the case, according to a motion filed in Ohio federal court Wednesday.

The disqualification bid came from the city of Cleveland, which has a bellwether case in the MDL. It targets Carole Rendon, a Cleveland-based partner at BakerHostetler who served as the U.S. attorney for northern Ohio from mid-2016 to early 2017.

Cleveland filed its motion under seal on Wednesday for the stated purpose of avoiding "inadvertent disclosures" of confidential or proprietary information. The city's earlier request on Tuesday to keep the motion under wraps identified Rendon as the disqualification target but provided no basis for removing her from the case.

"I don't have any doubt that there's going to be an opposition" filed on behalf of Rendon, a source familiar with the matter, speaking on condition of anonymity, told Law360 on Wednesday.

Rendon's stint as U.S. attorney was distinguished by work on the opioid crisis. Cleveland and other municipalities accuse Endo of deceptively marketing oxymorphone product Opana ER, which **came off the market in 2017** amid abuse concerns.

Endo has noted previously that it did not challenge a U.S. Food and Drug Administration request to halt Opana ER sales. The company has also said that it voluntarily stopped promoting opioids in late 2016, prior to the creation of the MDL, which also targets many other drug companies.

As U.S. attorney, Rendon served as chair of an opioid task force that in late 2016 received a prestigious award from then-U.S. Attorney General Loretta Lynch for "outstanding contributions to community partnerships for public safety." The task force's members included a number of Cleveland-based law enforcement and health care entities.

When BakerHostetler announced Rendon's hiring in May 2017, it described her as "a nationally recognized leader in confronting … the opioid epidemic."

Rendon was preceded as U.S. attorney in northern Ohio by Steven Dettelbach, who is also now a partner at BakerHostetler. When Dettelbach last year ran unsuccessfully to become Ohio's attorney general, he faced questions about possible conflicts of interest if he were to prevail, given his work alongside Rendon and Ohio's **ongoing suit against opioid sellers**, according to reports in Ohio media outlets.

It is not uncommon for lawyers to serve as government prosecutors and later represent the same industries they once investigated. But professional rules of conduct can sometimes be implicated when representation of a new client would run contrary to the interests of a former client.

Rendon, Endo and plaintiffs attorneys in the MDL did not respond to requests for comment on Wednesday.

The case is In re: National Prescription Opiate Litigation, case number 1:17-md-02804, in the U.S. District Court for the Northern District of Ohio.

--Editing by Emily Kokoll.

All Content © 2003-2019, Portfolio Media, Inc.