February 6, 2019

Hon. Dan A. Polster
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re: *In re National Prescription Opiate Litigation*, Motion to Disqualify Carole Rendon

Dear Judge Polster,

The undersigned are former United States Attorneys. We write to express concerns relating to the pending motion to disqualify Carole Rendon based on her service as United States Attorney for the Northern District of Ohio. The motion puts at issue ethics and conflict rules applicable to all former government attorneys. As former government attorneys, we want to ensure that these rules are applied in a manner that is predictable and that reflects the unique policy considerations at play, especially in closely watched, high-profile litigation such as this. We therefore respectfully request that the Court consider this letter in connection with the motion.

At its core, the motion appears to put at issue Ohio Professional Conduct Rules 1.11(a) and 1.11(c), which are based on corresponding Model Rules that have been widely adopted in jurisdictions throughout the country. In particular, the motion requires the Court to consider whether Ms. Rendon's work on behalf of the United States government relating to the opioid abuse crisis is a "matter" and, if so, whether it is the *same* matter as the litigation filed by the Plaintiffs (which do not include the United States) after Ms. Rendon reentered private practice. The motion also requires the Court to consider whether "confidential government information" includes, among other things, general information all former U.S. Attorneys obtain about "law enforcement activities," "strategic insights," and knowledge of the "inner workings" of government entities.

The undersigned submit that these rules must be applied in a way that provides certainty to current and former government attorneys, as well as to prospective government attorneys weighing the costs and benefits of public service. Such certainty is provided by an application that strictly adheres to the language of the rules and their official commentary, which reflect a strong policy interest against discouraging public service through overly restrictive or ambiguous conflict rules for former government attorneys.

This interest in certainty is made all the more acute by the apparent factual basis for the pending motion to disqualify. Ms. Rendon's work combating the opioid abuse crisis is similar to many United States Attorneys' (and other government attorneys') public-facing work addressing both this crisis and other societal ills, including, for example, human trafficking, hate crimes, and public corruption. The term "matter" in the Rule cannot be construed to cover the important non-case specific work that each of us did as U.S. Attorney to help address the unique problems in each of our districts. To find otherwise would render the subsequent private practice of law extraordinarily difficult, if not impossible. As a result, how the Court applies the rules in this case could have far-reaching implications for the ability of former government attorneys to

practice in any number of fields related to their prior government service. It is not and cannot be the law that an attorney's expertise can sterilize her in an entire region or area of law.

Avoiding such an unjust result is one of the interests codified in Rule 1.11. In ABA Formal Opinion 342 (which Rule 1.11 codifies), the ABA's Committee on Ethics and Professional Responsibility noted:

> Many a lawyer who has served with the government has an advantage when he enters private practice because he has acquired a working knowledge of the department in which he was employed, has learned the procedures, the governing substantive and statutory law and is to a greater or lesser degree an expert in the field in which he was engaged. Certainly this is perfectly proper and ethical. Were it not so, it would be a distinct deterrent to lawyers ever to accept employment with the government.

ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 97-409 n.5 (1997).

The undersigned respectfully ask the Court to take the foregoing concerns into consideration in connection with the pending motion to disqualify Ms. Rendon.

Sincerely,

**A. Lee Bentley III**
United States Attorney, Middle District of Florida
2013-2017

**Paul E. Coggins**
United States Attorney, Northern District of Texas
1993-2001

**Paul Fishman**
United States Attorney, New Jersey
2009-2017

**Hal D. Hardin**
United States Attorney, Middle District of Tennessee
1977-1981

**Kerry B. Harvey**
United States Attorney, Eastern District of Kentucky
2010-2017

**J. Walter Green**
United States Attorney, Middle District of Louisiana
2013-2017

**Alice Howze Martin**
Northern District of Alabama
2001-2009

**Patrick M. McLaughlin**
United States Attorney, Northern District of Ohio
1984-88

**Barbara L. McQuade**
United States Attorney, Eastern District of Michigan
2010–2017

**Zane David Memeger**
United States Attorney, Eastern District of Pennsylvania
2010-2016

**Wendy Jo Olson**
United States Attorney, Idaho
2010-2017

**Carmen Milagros Ortiz**
United States Attorney, Massachusetts
2009-2017

**Kenneth A. Polite, Jr.**
United States Attorney, Eastern District of Louisiana
2013-2017

**Richard A Rossman**
United States Attorney, Eastern District of Michigan
1980-1981
Chief of Staff, Criminal Division, United States Department of Justice
1998-1999

**Donald K. Stern**
United States Attorney, District of Massachusetts
1993-2001

**Ronald J. Tenpas**
United States Attorney, Southern District of Illinois
2003-2005

**Larry D. Thompson**
United States Attorney, Northern District of Georgia
1982-1986

**Gregory A. Vega**
United States Attorney, Southern District of California
1999-2001

**Benjamin B. Wagner**
United States Attorney, Eastern District of California
2009-2016

**Stephanie Yonekura**
United States Attorney, Central District of California
2014-2015