UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*TRACK ONE CASES* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

# WALGREENS' OBJECTION TO
# DISCOVERY RULING NO. 14, PART 1 REGARDING PRODUCTION OF
# WALGREENS' PRIVILEGED DOCUMENTS

Walgreens files this objection to the Special Master's Discovery Ruling No. 14, Part 1, which would require Walgreens to produce privileged and non-responsive documents.

## BACKGROUND

On June 11, 2018 Walgreens made a production pursuant to Paragraph 9(k)(ii) of Case Management Order No. 1 ("CMO 1"), which required the parties to "produce to the PEC non-privileged documents relevant to the claims in this MDL proceeding" that were previously produced pursuant to any civil investigation, litigation, and/or administrative action.  D.I. 232 at 15; *see also* Ex. 1.  This production related to a DEA proceeding that resulted in a 2013 agreement to settle claims relating to Walgreens' activities as both a distributor and a dispenser of controlled substances in Florida.

On July 3, 2018 Walgreens served a privilege log consisting of 27 documents withheld from or redacted in the June 11 production.  Ex. 1.  That privilege log included two documents that Walgreens' counsel in the DEA matter had inadvertently produced to the DEA but sought to claw back, including by filing an original action in the Eastern District of Virginia for this purpose.  Ex. 2.[1]  The privilege dispute was never finally decided before the underlying matter with the DEA settled in 2013.

The log also included additional documents identified by Walgreens' current counsel as privileged but inadvertently produced during the DEA proceedings, which concluded before counsel could identify the documents as privileged and seek their return.

---

[1] These documents appear on Walgreens' privilege log as WAGMDL00000813, WAGMDL00000821 (a duplicate of WAGMDL00000813), and WAGMDL00001107.

1

**ARGUMENT**

There is no dispute that all of the documents on Walgreens' privilege log are covered by the attorney-client privilege. *See, e.g.*, Ex. 1.[2] Plaintiffs have never argued otherwise. Plaintiffs' only argument for disclosure derives from an incorrect waiver argument.

The Sixth Circuit has observed that a Court "should begin its analysis with a presumption in favor of preserving the privilege." *In re Perrigo Co.*, 128 F.3d 430, 440 (6th Cir. 1997). Anything less would be at odds with the purpose of the attorney-client privilege, which is "to encourage full and frank communication between attorneys and their client[s]." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Ohio A. Philip Randolph Inst. v. Smith,* 2018 WL 6591622, at *2 (S.D. Ohio Dec. 15, 2018) ("The attorney-client privilege is based on two related principles. First, subjecting lawyers to routine examinations of their clients' confidential communications would offend the loyalty that forms an intrinsic part of the relationship between a lawyer and client. The second principle is that the privilege encourages clients to make full disclosure to their lawyers. A fully informed lawyer can more effectively serve his client and promote the administration of justice.") (internal quotation marks and citation omitted).

With respect to two of the documents in question, there is no dispute that Walgreens identified them as privileged and attempted to claw them back during the DEA proceedings in 2012. In response to an administrative subpoena in early 2012, Walgreens conducted a multi-layered manual review of thousands of pages of documents. Ex. 2 at 2. When Walgreens discovered the inadvertent production, it repeatedly requested the return of those documents, attempted to meet and confer with the DEA as to their return, and when those efforts were

---

[2] Further support for this argument is provided in the December 4, 2018 materials submitted to Special Master Cohen for *in camera* review.

2

unsuccessful, Walgreens filed an original action in the Eastern District of Virginia to compel the return of the documents. Ex. 2 at 2-3.

Under the Federal Rules of Evidence, where privileged documents are inadvertently produced to a federal office or agency, a disclosure does not operate as a waiver where the holder "took reasonable steps to prevent disclosure" and "promptly took reasonable steps to rectify the error." FED. R. EVID. 502(b); *see also id.* Advisory Committee Notes (identifying factors such as "the reasonableness of the precautions taken, the time to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness," as well as "the number of documents to be reviewed and the time constraints for production"). Walgreens' actions with respect to the clawed-back documents are more than sufficient to satisfy those requirements. *See, e.g., Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 1:06-CV-00253, 2015 WL 13649574, at *3, *8 (N.D. Ohio Apr. 17, 2015) (noting that "Fed. R. Evidence 502(b) recognizes that inadvertent disclosure does not operate as a waiver in certain circumstances, permitting a party to 'claw back' a document inadvertently produced" and that there was no waiver where "upon learning of the inadvertent production during its expert's deposition, Citrix promptly asserted privilege and stated its intention to claw back the document"); *see also Reckley v. City of Springfield, Ohio*, No. 3:05-CV-249, 2008 WL 5234356, at *3 (S.D. Ohio Dec. 12, 2008) (Finding no waiver of privileged emails where "Defendants' counsel took prompt steps to claim the privilege and seek return of the emails after they were disclosed.").

As the Special Master found with respect to Cardinal Health documents that were inadvertently produced to the DEA and then clawed back under analogous circumstances, this Court should find that privilege was properly preserved at least with respect to Walgreens' clawed back documents. D.I. 1321 at 10 (finding no waiver under 502(b) when "Cardinal

3

determined it had inadvertently produced to the DEA five discs that contained privileged materials, it timely clawed them back and . . . replacement discs excluding the privileged documents were produced to DEA.").

Although Walgreens did not claw back the remaining documents before the action settled in 2013, Walgreens' current counsel identified them as privileged and placed them on a privilege log for the purpose of this litigation. This is in keeping with Rule 502, which "does not require the producing party to engage in a post-production review to determine whether any protected communication or information has been produced by mistake," but instead requires a party to "follow up on any obvious indications that a protected communication or information has been produced inadvertently." FED. R. EVID. 502(b) Advisory Committee Notes. Rule 502(b)'s recognition of the "overriding issue of fairness," *id.*, also counsels against production where the Special Master has recognized that at least "[s]ome of the documents do appear to be related primarily to dispensing and not distribution" placing them outside of the scope of relevance in this case. *See* D.I. 1321 at 8.

Finally, the nature of this case requires the Court to seriously consider the implications of Plaintiffs' broader waiver challenge. The expedited track of this case – as with many government investigations – carries an increased risk of inadvertent production. As a result, the parties may face waiver challenges in future cases, particularly if any party settles out before a claw back can be identified and fully executed. This Court should not create a precedent holding that production of privileged documents in a prior action under an expedited timeline without full opportunity for claw-back waives privilege as to all future actions. That will only frustrate the goals of the instant litigation, which is to encourage prompt disclosure of relevant material to aid in a speedy resolution of this matter.

Dated:  February 6, 2019					Respectfully submitted,


							/s/ Kaspar J. Stoffelmayr
							Kaspar J. Stoffelmayr
							BARTLIT BECK LLP
							54 West Hubbard Street
							Chicago, IL 60654
							(312) 494-4400
							kaspar.stoffelmayr@bartlitbeck.com

							*Counsel for Walgreen Co. and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

I hereby certify that this 6th day of February, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co.*