# **EXHIBIT 2**

FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2012 OCT -3 P 12: 23

IN RE: ADMINISTRATIVE SUBPOENA

Miscellaneous Action No.

# WALGREEN CO.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL RETURN OF PRIVILEGED MATERIAL

LATHAM & WATKINS

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Walgreen Co. ("Walgreens") hereby submits this Memorandum of Points and Authorities in Support of its Motion to Compel the Drug Enforcement Administration ("DEA") to return certain identified privileged documents (the "Privileged Material") inadvertently produced in response to a DEA Administrative Subpoena issued to Walgreens on March 19, 2012.

## I. FACTUAL BACKGROUND

DEA issued an Administrative Subpoena to Walgreens on March 19, 2012. (U.S. Department of Justice/Drug Enforcement Administration Subpoena, attached hereto as Exhibit A.) The subpoena required Walgreens to produce certain information and documents to DEA. (Declaration of David S. Weinstein ("Weinstein Decl.") ¶ 3, attached hereto as Exhibit B.) Through its Florida counsel, Walgreens complied with the subpoena by producing documents to DEA on various dates between May 4, 2012 and June 8, 2012. (*Id.* ¶¶ 5-15.)

On August 9, 2012, Walgreens received a letter from DEA requesting a privilege log and inquiring whether Walgreens planned to assert privilege over any materials already produced to DEA, including communications sent to or from Mr. Dwayne Pinon, Senior Attorney, Litigation & Regulatory Law for Walgreens.[1] (*Id.* ¶ 19 and Ex. 2 to Weinstein Decl.) The next day, on August 10, 2012, Walgreens responded to DEA, indicating that it was evaluating the privilege issues raised by DEA. (Weinstein Decl. ¶ 20 and Ex. 3 to Weinstein Decl.) Walgreens also indicated that it would respond to DEA regarding these issues as soon as possible. (*Id.*)

Subsequently, Walgreens' counsel conducted a manual re-review of the several thousands of pages it produced to identify all communications involving Mr. Pinon. (*Id.* ¶¶ 16, 21.) After identifying sixty-one (61) such communications, Walgreens considered whether any

---

[1] Walgreens produced a privilege log to DEA on September 27, 2012. (Weinstein Decl. ¶ 32.)

of these documents were privileged and inadvertently produced. (*Id.* ¶¶ 22-23.) As a result of this analysis, Walgreens identified two privileged emails it had inadvertently produced (the "Privileged Material"). (*Id.* ¶ 23.) On September 11, 2012, Walgreens sent a letter (dated September 10) to DEA by U.S. first-class mail requesting the return of the Privileged Material. (*Id.* ¶ 29 and Ex. 3 to the Weinstein Decl.; Declaration of Philip Perry ("Perry Decl.") ¶ 2, attached hereto as Exhibit C.) On Friday, September 14, 2012, DEA took action against Walgreens, relying at least in part (in a confidential document provided to Walgreens) on allegations based upon the Privileged Material. (Weinstein Decl. ¶ 31.)

The following Monday, September 17th, Walgreens reiterated its demand for the return of the Privileged Material. (Perry Decl. ¶ 2 and Exhibit 1 to Perry Decl.) DEA, through its counsel, acknowledged Walgreens' demand but did not return the Privileged Material. (*Id.*) Pursuant to Local Rule 37(E), over the following weeks, Walgreens continued to seek the return of the Privileged Material and attempted to meet and confer with DEA to secure the return of the documents. (*Id.*) To date, DEA has failed to return the documents and the dialogue between the parties has failed to resolve the dispute. (*Id.*)

## II. ARGUMENT

The Court should compel DEA to promptly return, sequester, or destroy any and all Privileged Material in its possession, and to promptly take all reasonable steps to retrieve any information contained in the Privileged Material that it disclosed or relied upon prior to receiving Walgreens' notification of privilege. The Court has authority to compel DEA because federal courts are the appropriate forum for and the fundamental check on administrative subpoenas. The Court has jurisdiction over this miscellaneous action and venue is proper. DEA should be compelled to return, sequester, halt reliance upon and/or destroy the Privileged Material because

2

it is subject to the attorney-client privilege and DEA is obligated to do so under Fed. R. Civ. P. 26(b)(5)(B).

### A. This Court Has Authority to Compel DEA to Return Privileged Material Inadvertently Produced in Response to an Administrative Subpoena

District Courts have authority to protect recipients of administrative subpoenas from undue burden, harassment, or unreasonable conduct. *See generally In re Subpoena Duces Tecum*, 228 F.3d 341, 348 (4th Cir. 2000) (distinguishing an administrative subpoena from an investigative warrant by noting that the subpoena "commences an adversary process during which the person served with the subpoena may challenge it in court") (relying on *See v. City of Seattle*, 387 U.S. 541, 544-45 (1967) (noting that an administrative subpoena "may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply") and *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 (1946) ("Persons from whom [an agency] seeks relevant information are not required to submit to [the agency's] demand, if in any respect it is unreasonable . . . . To it they may make 'appropriate defence' [*sic*] surrounded by every safeguard of judicial restraint")); *see also NLRB v. Interbake Foods, LLC*, No. RDB 09-2081, 2009 WL 3103819, at *2 (D. Md. Sept. 22, 2009) ("It is well established that federal courts are the appropriate forum for assessing privilege claims in response to federal agency subpoenas.") (citing *Upjohn Co. v. United States*, 449 U.S. 383 (1981)). Judicial supervision of administrative subpoenas by District Courts is a fundamental check on executive fact-finding powers. *In re Subpoena Duces Tecum*, 228 F.3d at 349 ("The value of constraining governmental power . . . is . . . recognized in the judicial supervision of subpoenas."). Indeed, the "persistent theme running through the [Supreme] Court's decisions . . . [is] that an administrative summons can be challenged 'on any appropriate ground.'" *S.E.C. v. Wheeling-*

3

*Pittsburgh Steel Corp.*, 648 F.2d 118, 124 (3d Cir. 1981) (en banc) (quoting *Reisman v. Caplin*, 375 U.S. 440 (1964)).

The Court has jurisdiction over this miscellaneous action. 28 U.S.C. § 1346(a)(2). Venue is also proper in this Division. 28 U.S.C. §§ 1391(b)(2), 1391(e)(1). DEA took action against Walgreens from its administrative office in Springfield, Virginia. (Perry Decl. ¶ 3.) The government attorneys representing DEA are members of the Virginia Bar and their offices are located in Virginia. (*Id.* ¶ 4.) In addition, Walgreens understands that copies of the Privileged Material are maintained in DEA's Springfield, Virginia offices. (*Id.* ¶ 5.) There is no action or proceeding related to the Administrative Subpoena currently pending in any court. Accordingly, this Court may exercise authority over Walgreens' request for relief.

### B. The Privileged Material is Subject to the Attorney-Client Privilege

The Privileged Material that Walgreens inadvertently produced to DEA is protected by the attorney-client privilege. The attorney-client privilege applies if: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir. 2011) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (quoting *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950))).

4

The two documents Walgreens characterizes as Privileged Material clearly meet this standard. The two documents were confidential email exchanges between in-house counsel and select Walgreens personnel relating to regulatory and compliance issues. (Weinstein Decl. ¶ 23.) The contents of the correspondence involved either the request for, or the provision of, legal advice regarding the Controlled Substances Act and DEA guidelines.[2] (*Id.*)

### C. Inadvertent Production of the Privileged Material Does Not Constitute Waiver

The inadvertent disclosure of Privileged Material to DEA in response to the Administrative Subpoena does not waive the attorney-client privilege. Under Federal Rule of Evidence 502(b), disclosure made to a federal agency does not operate as waiver if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b). Courts have held reasonable steps were taken to prevent disclosure where only a small proportion of the overall production constituted privileged documents that were inadvertently produced. *See, e.g., Heriot v. Byrne*, 257 F.R.D. 645, 658-59 (N.D. Ill. 2009) (finding no waiver where production totaled 7,000 pages and 5 percent of those were privileged documents that were inadvertently produced); *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 698 (N.D. Ga. 2009) (finding no waiver where only four pages out of a more than 2,000 page production were privileged documents inadvertently produced). Courts have also considered the thoroughness of attorney review in finding no waiver under Rule 502(b). *See Edelen*, 265 F.R.D. at 698 (finding no waiver where three different attorneys checked documents prior to production).

---

[2] Upon request, Walgreens is prepared to submit the Privileged Material to the Court for an *in camera* inspection.

5

Walgreens took reasonable steps to prevent inadvertent disclosure of privileged materials. For example, two in-house attorneys at Walgreens reviewed collected materials for responsiveness, and a third outside attorney performed a second review for both responsiveness and privilege. (Weinstein Decl. ¶ 6.) Furthermore, only two documents out of a several thousand page production were privileged documents that were inadvertently produced. (*Id.* ¶¶ 16, 23.) When, despite these efforts, counsel realized that two privileged documents were inadvertently produced to DEA, he took reasonable steps to rectify the error with DEA. (*Id.* ¶¶ 23-25, 30.)

### D. DEA is Obligated to Return and Cease any Use of the Privileged Material

Regardless of whether the Privileged Material is, in fact, protected by privilege, DEA must return documents subject to a claim of privilege. As discussed in further detail below, it is Walgreens' *claim* of privilege that triggers DEA's obligations under the Federal Rules of Civil Procedure, *not* a determination by this Court that the materials are, in fact, protected by privilege. *See* Fed. R. Civ. P. 26(b)(5)(B) ("If information produced . . . is subject to a *claim* of privilege . . . , the party making the *claim* may notify any party that received the information of the *claim* and the basis for it." (emphasis added)). Upon receiving Walgreens' request to return the Privileged Material, DEA was obligated to "promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B).[3] In addition, DEA was

---

[3] Federal Rule of Civil Procedure 26 binds DEA as it does any other party, and the Rule applies in the context of an administrative subpoena. Fed. R. Civ. P. 81(a)(5); *see also Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981) (applying the common law work product doctrine as incorporated in Fed. R. Civ. P. 26(b) to an Internal Revenue Service summons); *F.T.C. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, --- F.R.D. ---, 2012 WL 4464490, at *3 (D.D.C. Sept. 27, 2012) ("When the subpoenaed party is not challenging enforcement of the [administrative] subpoena itself, but rather objecting to the disclosure of specific documents under a claim of privilege, the principles of the attorney-client privilege and the protection of work product privilege, derived from the common law and Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, apply.") (citing *U.S. v. Cal. Rural Legal Assistance, Inc.*, 824 F. Supp. 2d 31, 43-44 (D.D.C. 2011)); *New Orleans Pub. Serv., Inc. v. Brown*, 369 F. Supp. 702,

6

prohibited from using or disclosing the privileged information and is further obligated to "take reasonable steps to retrieve the information" if it had disclosed it prior to receiving Walgreens' notification of privilege. *Id.*; Fed. R. Evid. 1101(c) (explaining that privileged information is protected from disclosure at all stages of all actions, cases, and proceedings).

* * * *

DEA's refusal to return the Privileged Material is in direct violation of its obligation under the Federal Rules of Civil Procedure. Accordingly, Walgreens respectfully requests the Court to compel DEA to promptly return the Privileged Material and take all reasonable steps to retrieve information based on the Privileged Material it disclosed prior to receiving notification.

Dated: October 3, 2012

Respectfully submitted,

/s/ Abid R. Qureshi

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
LATHAM & WATKINS
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

---

704 (E.D. La. 1974) (applying Fed. R. Civ. P. 81 in proceedings following plaintiff's motion to quash an administrative subpoena), *rev'd on other grounds by* 507 F.2d 160, 165 (5th Cir. 1975) ("No different standards should be applied to the handling of this [administrative] subpoena than is ordinarily the rule under Rule 45(b) Federal Rules of Civil Procedure . . . .").

7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Walgreen Co.'s Motion to Compel Return of Privileged Material and the accompanying Memorandum of Points and Authorities in Support was served this 3rd day of October, 2012, on the following in the manner indicated:

By Hand

Scott Lawson
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Scott.Lawson@usdoj.gov

Jonathan Novak
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Jonathan.P.Novak@usdoj.gov

By Federal Express

David S. Weinstein
Clarke Silverglate P.A.
799 Brickell Plaza
Suite 900
Miami, FL 33131
Dweinstein@cspalaw.com

/s/ Abid R. Qureshi
Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorney for Movant Walgreen Co.