# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) MDL 2804 )  ) Case No. 1:17-md-2804 ) |
| **THIS DOCUMENT RELATES TO:** | ) Judge Dan Aaron Polster ) |
| *All Cases* | ) **ORDER** |

Before the Court are Walgreens' and Cardinal's Objections to Special Master Cohen's Discovery Ruling No. 14, Part 1. **Doc. ##: 1343, 1344**. For the reasons that follow and in accordance with Federal Rule of Civil Procedure 53(f)(1), both Walgreens' and Cardinal's Objections shall be **RESUBMITTED** to Special Master Cohen for further consideration.

The Court is obligated under the Federal Rules and its own Special Master Appointment Order to review objections to a special master's conclusions of law *de novo*. *See* Fed. R. Civ. P. 53(f)(4); *see also* Doc. #: 69 at 5. Although the Court has the discretion to do so, as a general practice, a reviewing court will not consider legal issues not first considered below—in this instance by the Special Master. *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (citing *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)).

The Court has reviewed the evidence, case law, and legal arguments submitted to Special Master Cohen for his consideration in making his Discovery Ruling No. 14, Part 1, as well as the Objections filed by Walgreens and Cardinal. The Court finds that these parties have submitted new evidence, case law, and arguments not first provided to Special Master Cohen for his consideration when making Discovery Ruling No. 14, Part 1. Therefore, the Court directs Walgreens and

Cardinal to resubmit these arguments to Special Master Cohen for review. The Special Master may adjust his ruling as he sees fit.

One of the primary purposes of appointing special masters in this litigation was to "assist the Court with mediating resolution of any part of the parties' disputes." Doc. #: 69 at 2. Submitting new evidence, case law, or legal theories to the Court for *de novo* review in an objection to a special master's ruling without first submitting them to the special master undermines this purpose and wastes judicial resources. Therefore, going forward, the Court will strike any party's objection to a special master's ruling that raises, for the first time before the Court, new evidence or legal theories not first provided to the special master for consideration.

Accordingly, Walgreens' and Cardinal's Objections to Special Master Cohen's Discovery Ruling No. 14, Part 1, **Doc. ##: 1343, 1344**., are hereby **RESUBMITTED** to Special Master Cohen for further consideration and ruling based on the new evidence and legal theories presented in the objections.

    **IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster** *February 8, 2019*
    **DAN AARON POLSTER**
    **UNITED STATES DISTRICT JUDGE**