UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | No. 1:17-md-2804 Judge Dan A. Polster |
| This Document Relates To:  ALL ACTIONS. | | |

PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT

1530992_1

Plaintiffs County of Summit, Ohio; City of Cleveland; and County of Cuyahoga, Ohio (collectively, "Plaintiffs") respond herein to Defendant Allergan plc's response to Plaintiffs' Request for Entry of Default ("motion").

While Allergan plc expresses its dissatisfaction with Plaintiffs' motion, it does not adequately respond to two key points.  First, while professing to have agreed to sign a waiver of service numerous times, Allergan plc has not signed one.  Allergan plc should sign the waiver of service attached to the instant motion at Exhibit 1.  *See* ECF No. 1304-2.  Second, Plaintiffs, despite numerous requests, do not have a list of all Allergan entities that have manufactured, marketed,[1] sold, distributed or monitored suspicious sales of opioids during the relevant time frame.  Allergan has, from the outset of this case, taken an incredibly restrictive view of which Allergan entities are involved in the litigation.  Initially, Allergan asserted that generic opioids were not part of this case, withholding all discovery for all entities involved in the generic opioids business.  Once it lost on that issue, Allergan persisted in its refusal to produce documents concerning generic opioids by limiting responses to Allergan Finance LLC, which was not part of the generic opioids business.[2]  It took *months* of motion practice before Allergan finally amended certain of its discovery responses to include language stating that such responses were also being made on behalf of other Allergan entities, including Allergan plc.[3]  And, even now, weeks after the discovery deadline for this action,

---

[1]  "Marketed" must be construed broadly to include any sort of promotion, including through key opinion leaders, pain advocacy and other front groups, as well as all lobbying efforts.

[2]  Specifically, it provided discovery responses expressly limited to being only on behalf of Allergan Finance, LLC (an entity with approximately zero employees), leaving out Allergan plc and any of its subsidiaries engaged in the opioids business in the United States.  *See* Exs. 4-5. (References to Exhibits 4-7 are to the exhibits attached to the Declaration of Aelish M. Baig in Support of Plaintiffs' Reply in Support of Plaintiffs' Request for Entry of Default, filed concurrently herewith.)

[3]  Indeed, Allergan's first production of generic-opioids-related documents came just a couple of weeks before the substantial completion deadline (October 25, 2018) set by this Court.

1530992_1

- 2 -

certain of Allergan's discovery responses continue to carve out relevant Allergan entities.  For example, Allergan's November 16, 2018 second amended written responses to various Rule 30(b)(6) topics state in response to questions about lobbying that "Allergan, LLC states that it has not engaged in Lobbying efforts regarding opioids."  Ex. 6 at 6.  Clearly, Plaintiffs need to know whether Allergan plc and/or any of its U.S. subsidiaries engaged in opioids-related lobbying.  In further defiance of the Court's orders regarding generic opioids, Allergan next argued that Plaintiffs should ask Teva for the discovery related to the generic opioids business sold from Allergan to Teva – even though Allergan retained the information due to a litigation hold, and Teva did not have all information prior to the 2016 sale.

In sum, for the duration of the discovery period, Allergan has sought to limit this case to as few Allergan entities as possible and refuses to disclose a complete list of entities with United States opioid involvement or sign the waiver of service for the plc and all such entities.[4]  Similarly-situated defendants Mallinckrodt and Teva have each signed a waiver of service.  Only Allergan plc remains intransigent.

Allergan concedes that the complaint named its "U.S. subsidiaries," but asserts those subsidiaries have not been served and that, therefore, default cannot be entered.  Yet the sole reason those subsidiaries have not been served is that Allergan has refused to identify the subsidiaries despite having purportedly searched for and produced documents from them.  Allergan has assured plaintiffs that its "discovery investigation and production of documents . . . has included all responsive documents and information reasonably accessible to *all* its current affiliates, including Allergan plc."  Ex. 5 at 2 (emphasis in original).  In light of their purported participation in

---

[4]  While Allergan has provided a list of all entities that held intellectual property ("IP") for its opioids, the list does not provide information about other types of involvement, including sales, marketing, lobbying, suspicious order monitoring, or working with key opinion leaders or front groups to promote opioids.  *See* Ex. 7 at 1-9.

discovery, Allergan's contention that these subsidiaries' due process rights have somehow been violated because they are "entitled to know of Plaintiffs' allegations" is farcical (ECF No. 1322 at 10), if these entities have been participating in discovery, they are on notice of Plaintiffs' allegations. And if Allergan's investigation and production of documents has indeed included all responsive documents from all relevant Allergan affiliates, surely it cannot be difficult for Allergan to simply identify the affiliates whose documents were produced.

Allergan plc's assertion that it has produced organizational charts is beside the point. It is impossible to discern from the organizational charts which of the dozens of entities on those charts had involvement in the opioids business during the relevant time period. Further, identifying which Allergan subsidiaries own the IP for opioid products is only a partial answer to the question of which Allergan-related companies were involved with opioid products, including the entity's role in connection with such drugs. Ex. 7.

Plaintiffs' motion is appropriate in light of Allergan's extensive gamesmanship. In the event this issue remains unresolved, Plaintiffs anticipate that Allergan may later argue that it cannot fund a judgment or settlement because the few entities participating in the case do not have sufficient funds. Plaintiffs request that the Court deem served Allergan plc and any of its subsidiaries that conducted, oversaw or otherwise participated in any opioids business in the United States (including all lobbying, and working with front groups and key opinion leaders), or enter default judgment against them.

Plaintiffs request the Court compel Allergan to provide promptly to Plaintiffs a list of all such related entities and produce any evidence previously withheld on the basis that certain Allergan entities are not in this case.  Any and all Allergan entities involved in any way in the opioids business in the United States are part of this case.

DATED:  February 11, 2019    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG
MATTHEW S. MELAMED


               s/ Aelish M. Baig
            AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
mmelamed@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
MARK J. DEARMAN
DOROTHY P. ANTULLIS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
dantullis@rgrdlaw.com

- 4 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
THOMAS E. EGLER
CARISSA J. DOLAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com
cdolan@rgrdlaw.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2019, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, and will be served via the Court's CM/ECF filing system on all attorneys of record.

s/ Aelish M. Baig
AELISH M. BAIG

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  aelishb@rgrdlaw.com

1530992_1