# EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) ) This document relates to: ) ) *All Cases* ) ) ) ) ) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**ALLERGAN'S SECOND AMENDED WRITTEN RESPONSES TO TOPICS 17, 18, 24, 25, AND 26 IDENTIFIED IN PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Allergan hereby provides the following amended responses and objections to Topics 17, 18, 24, 25, and 26 of Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6). Allergan hereby incorporates all objections set forth in its August 24, 2018 Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34 and its October 22, 2018 Second Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34, to the extent not overruled by the court or separately agreed-to.

**Affirmation That Discovery Responses Herein Are Submitted On Behalf of All Current Allergan Entities And Include Information Collected About Prior Affiliates No Longer Owned by Allergan**

These responses are made on behalf of Allergan Finance, LLC and Allergan plc -- a foreign corporation which has not been served (collectively Allergan).[1] Allergan confirms that it's

---

[1] In an order entered November 9, the Court lifted the stay on service of foreign entities, noting at a telephonic hearing that foreign parents including Allergan plc were deemed to be parties in the case. Allergan plc objects to the lack of

1

previous and ongoing discovery investigation and production of documents -- regarding Kadian®, Norco®, and generic opioids manufactured and/or sold by the Actavis Generics Entities sold to Teva (and where appropriate, "opioids generally" or unbranded marketing) -- has included all responsive documents and information reasonably accessible to <u>all</u> of its current affiliates, including Allergan plc.

## WRITTEN RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 17:** Identification of any databases, lists, or Documents containing information about members of the FDA or U.S. Congress who have been lobbied by or were the subject of any Lobbying efforts and/or governmental affairs activities undertaken by You and the type of information found in the database(s), the network(s), and/or computer system(s) which holds the database(s), the software used to create and maintain the database(s), and the identity of the Persons responsible for maintaining the records or database(s).

**JULY 11, 2018 RESPONSE TO TOPIC NO. 17:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan further objects to this Request as calling for information that is not relevant to Plaintiffs' claims against Allergan. Allergan does not agree to provide testimony regarding this Topic.

**AUGUST 24, 2018 AMENDED RESPONSE TO TOPIC NO. 17:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan further objects to this Request as calling for information that is not relevant to Plaintiffs' claims against Allergan.

---

due process and to the Court's refusal to allow briefing contesting personal jurisdiction on behalf of a foreign entity not subject to jurisdiction in this Court.

Subject to and without waiving its objections, Allergan agrees to provide a written response identifying any database or list containing information about members of the FDA or U.S. Congress who have been lobbied by Allergan related to Kadian® and Norco® as well as a description of the database and how it operates, to the extent reasonably available.

**OCTOBER 15, 2018 WRITTEN RESPONSE TO TOPIC NO. 17:** Allergan, LLC incorporates by reference all objections set forth in its August 24, 2018 Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

Subject to and without waiving its objections, Allergan, LLC states that it has not lobbied members of the FDA or U.S. Congress regarding opioids. Accordingly, Allergan, LLC does not have a database or list containing information about members of the FDA or U.S. Congress who have been lobbied by Allergan related to opioids.

**TOPIC NO. 18:** All donations or payments Concerning Opioids or Opioid Products to: (a) Lobbyists; (b) Persons or entities named in the Complaint; or (c) Persons who disseminated information about prescription Opioids to prescribers or the public on Your behalf and the identity of all Persons responsible for such donations or payments.

**JULY 11, 2018 RESPONSE TO TOPIC NO. 18:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Topic to the extent it requests information regarding "[l]obbyists" as irrelevant to Plaintiffs' claims and allegations as to Allergan and as not proportional to the needs of this case. Allergan objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "all" such "donations or payments" as well as all "Persons or entities" named in the

"Complaint" (which, by Plaintiffs' definition, appears to includes hundreds of complaints). Allergan further objects to this Topic as vague and ambiguous.

Subject to and without waiving its objections, Allergan agrees to designate a witness to identify donations and payments made to Persons or entities named in the Complaint regarding the promotion of branded Schedule II opioids, to the extent reasonably available. Allergan further agrees to identify donations and payments to Persons who disseminated information about branded Schedule II opioids (to the extent they exist) to prescribers or the public on Allergan's behalf, to the extent reasonably available.

**AUGUST 24, 2018 AMENDED RESPONSE TO TOPIC NO. 18:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Topic to the extent it requests information regarding "[l]obbyists" as irrelevant to Plaintiffs' claims and allegations as to Allergan and as not proportional to the needs of this case. Allergan objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "all" such "donations or payments" as well as all "Persons or entities" named in the "Complaint" (which, by Plaintiffs' definition, appears to includes hundreds of complaints). Allergan further objects to this Topic as vague and ambiguous.

Subject to and without waiving its objections, Allergan agrees to provide a written response identifying (i) donations and payments made to Lobbyists concerning Kadian® and Norco®, to the extent reasonably available; (ii) donations and payments made to Persons or entities named in the Complaint regarding the promotion of Kadian® and Norco®, to the extent reasonably available, and (iii) donations and payments to Persons who disseminated information about Kadian® and Norco® to prescribers or the public on Allergan's behalf, to the extent reasonably available.

4

**OCTOBER 15, 2018 WRITTEN RESPONSE TO TOPIC NO. 18:** Allergan, LLC incorporates by reference all objections set forth in its August 24, 2018 Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

Subject to and without waiving its objections, Allergan, LLC states it has not made donations or payments to Lobbyists concerning opioids, and it has not made donations or payments to Persons or entities named in the Complaint regarding the promotion of opioids. Allergan, LLC further states that it employed the following vendors to communicate information about Kadian® to prescribers: inVentiv, TMS Health, and Technekes.

**TOPIC NO. 24:** The nature and scope of Your Opioid-related Lobbying efforts governmental affairs activities (including personnel and third parties involved in such efforts or activities) and donations or payments made in connection with such efforts or activities, including, but not limited to, any efforts to influence or have input on the content of the following:

   (a)   DSM V;

   (b)   Pain as the 5th Vital Sign;

   (c)   REMS for Opioids or Opioid Products;

   (d)   the rescheduling of Opioids or Your Opioid Products from a Schedule III narcotic to a Schedule II narcotic;

   (e)   Joint Commission on Accreditation of Healthcare Organizations (JCAHO) regarding its pain standards for hospital accreditation;

   (f)   Medicare Modernization Act of 2003;

   (g)   direct to consumer advertising regulations;

   (h)   regulations allowing the prescription of 90-day supplies of Opioids or Schedule II narcotics; and

   (i)   Opioid or pain medication prescribing guidelines.

5

**JULY 11, 2018 RESPONSE TO TOPIC NO. 24:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Also, Allergan objects to this Request to the extent it calls for information regarding a number of discrete subparts. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case. Allergan does not agree to provide testimony regarding this Topic.

**AUGUST 24, 2018 AMENDED RESPONSE TO TOPIC NO. 24:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Also, Allergan objects to this Request to the extent it calls for information regarding a number of discrete subparts. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan agrees to provide a written response regarding the general nature and scope of its Lobbying efforts, if any, regarding Kadian® and Norco®, to the extent reasonably available.

**OCTOBER 15, 2018 WRITTEN RESPONSE TO TOPIC NO. 24:** Allergan, LLC incorporates by reference all objections set forth in its August 24, 2018 Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

Subject to and without waiving its objections, Allergan, LLC states that it has not engaged in Lobbying efforts regarding opioids. Allergan, LLC believes that the only activity its registered lobbyists have ever engaged in related to opioids was attendance at a meeting in New Jersey between 2011 and 2013 with a member of the New Jersey Legislature in which abuse deterrent opioids were discussed. At the time, New Jersey was considering how to regulate abuse deterrent opioids as

6

compared to other opioids. Allergan, LLC was not an active participant at the meeting and neither spoke nor submitted information related to this issue. Aside from this meeting, Allergan, LLC knows of no other involvement that its lobbyists have ever had with respect to opioids.

**TOPIC NO. 25:** Your Communications, meetings, Lobbying, and/or government affairs activities with the Center for Medicaid Services ("CMS") between 1999-2006, or Communications made by a third party on Your behalf, related to the development, design, approval, and implementation of the Medicare Prescription Drug Benefit Program (Part D).

**JULY 11, 2018 RESPONSE TO TOPIC NO. 25:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case. Allergan does not agree to provide testimony regarding this Topic.

**AUGUST 24, 2018 AMENDED RESPONSE TO TOPIC NO. 25:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan agrees to provide a written response regarding the general nature and scope of its Lobbying efforts with the Center for Medicaid Services between 1999 and 2006 regarding the development, design, approval, and implementation of the Medicare Prescription Drug Benefit Program (Part D) related to Kadian® and/or Norco®, if any, to the extent reasonably available.

**OCTOBER 15, 2018 WRITTEN RESPONSE TO TOPIC NO. 25:** Allergan, LLC incorporates by reference all objections set forth in its August 24, 2018 Amended Responses and

Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

Subject to and without waiving its objections, Allergan, LLC states that it did not engage in Lobbying efforts with CMS regarding opioids.

**TOPIC NO. 26:** Your analysis or calculations concerning the potential increase in sales resulting from reduction in prices of Opioids with the passage of Medicare Prescription Drug Benefit Program (Part D).

**JULY 11, 2018 RESPONSE TO TOPIC NO. 26:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case. Allergan does not agree to provide testimony regarding this Topic.

**AUGUST 24, 2018 AMENDED RESPONSE TO TOPIC NO. 26:** Allergan incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan objects to this Request as irrelevant to Plaintiffs' claims against Allergan and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan agrees to provide a written response generally describing any analysis or calculation Allergan conducted concerning the impact on sales of Kadian® and Norco®, if any, resulting from the passage of Medicare Prescription Drug Benefit Program (Part D).

**OCTOBER 15, 2018 WRITTEN RESPONSE TO TOPIC NO. 26:** Allergan, LLC incorporates by reference all objections set forth in its August 24, 2018 Amended Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34.

8

Subject to and without waiving its objections, Allergan, LLC states that it has searched for, and not located, any analysis or calculation it conducted concerning the impact on sales of opioids resulting from the passage of Medicare Prescription Drug Benefit Program (Part D).

Date:   November 16, 2018                              Respectfully submitted,

/s/ *Timothy W. Knapp*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, the foregoing was sent by electronic mail to counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East Suite 1700
Cleveland, OH 44114-1149
Telephone:  (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone:  (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFERTY & PROCTOR PA
316 S. Baylen Street Suite 600
Penascola, FL 32502
Telephone:  (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone:  (216) 621-0200
Fax:  (216) 696-0740
crendon@bakerlaw.com

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100

Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax:  (215) 851-1420
smcclure@reedsmith.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One City Center
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
GORDON & REES
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ *Timothy W. Knapp*
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
tknapp@kirkland.com

*Attorney for Defendant Allergan Finance, LLC, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*