# EXHIBIT A



December 19, 2018

*Via Electronic Mail*
Special Master David Cohen
U.S. District Court for the
Northern District of Ohio
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

      Re:    *In re: National Prescription Opiate Litigation*, MDL No. 2804
              PEC's Challenges to Mallinckrodt Privilege Claims

Dear Special Master Cohen:

      I write on behalf of the Plaintiffs' Executive Committee ("PEC"), hereby moving to compel Mallinckrodt to produce, in unredacted form – for *in camera* review, the documents underlying the sample privilege claims challenged herein. As outlined further below, the PEC has been challenging Mallinckrodt's privilege claims, and has engaged multiple meet and confers with Mallinckrodt relative to same. However, after the meet and confers, Mallinckrodt still maintains its claim of privilege over numerous documents challenged by the PEC, and the matter is at an impasse. Accordingly, the PEC brings this motion for *in camera* review of a sample set of documents (20) continued to be claimed as privileged by Mallinckrodt. This motion is brought not as a result of Mallinckrodt refusing to meet and confer or cooperate. Rather, it is the PEC's belief that there is a legitimate difference of views between the PEC and Mallinckrodt, and this motion is merely the best manner to resolve the matter.

## Factual Background

      The PEC and Mallinckrodt have been addressing the PEC's challenges to various Mallinckrodt privilege claims since early November. The PEC has sent numerous challenge letters, Mallinckrodt has responded, and the parties have had multiple meet and confers in efforts to narrow issues.[1] It is the PEC's position that the parties have cooperated through this process. However, at the end of the process, the PEC's challenges are still outstanding, with each side having different viewpoints about whether the challenged privilege claims are entitled to privileged treatment. Mallinckrodt has maintained its privilege claims, and the PEC is hereby moving forward with its challenges by having the matter decided by the Special Master. For sake of efficiency, the PEC hereby challenges a sample set (20 privilege claims) of the overall set of privilege claims previously challenged and still outstanding.

---

[1] *See e.g.*, 11/2/2018 letter from PEC to Mallinckrodt (Ex. 1); 11/19/2018 letter from PEC to Mallinckrodt (Ex. 2); 11/23/2018 Mallinckrodt correspondence to PEC (Ex. 3); 11/30/2018 letter from Mallinckrodt to PEC (Ex. 4); and 12/8/2018 PEC letter to Mallinckrodt (Ex. 5).

The PEC submits that the documents covered by these privilege claims are not privileged, that Mallinckrodt has not met its burden of proving same, and that the underlying documents relative to these privilege claims (including related parent/child documents) be provided to you for *in camera* review. In order to assist with production and/or tracking, the PEC attaches hereto (as Ex. 6) a spreadsheet of the sample 20 Mallinckrodt privilege claims which are challenged.

## Law and Argument

"The burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir.2000). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In Re Columbia/HCA Healthcare Corporate Billing Practices*, 293 F.3d 289, 294 (6th Cir.2002) (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir.1997)). "The privilege cannot stand in the face of countervailing law or strong public policy and should be strictly confined within the narrowest possible limits underlying its purpose." *United States v. Skeddle*, 989 F.Supp. 890, 900 (N.D.Ohio 1997) (citing *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2nd Cir.1991)). "The risk of non-persuasion arising from a failure to establish facts supporting a claim of privilege falls upon the party asserting it." *Amway Corp. v. Proctor & Gamble Co.*, 2001 WL 1818698, at *4 (W.D. Mich. Apr. 3, 2001).

Additionally, "[w]here ... in-house counsel appears as one of many recipients of an otherwise business-related memo, the federal courts place a heavy burden on the proponent to make a clear showing that counsel is acting in a professional legal capacity and that the document reflects legal, as opposed to business, advice." *Amway*, 2001 WL 1818698, at *5. Stated another way, in order to meet its burden, the proponent of a privilege claim must prove that the "dominant intent" of the communication was to seek or provide "legal" advice, and not business advice. *In re Behr Dayton Thermal Products, LLC*, 298 F.R.D. 369, 375 (S.D. Ohio 2013); *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07–cv–1190, 2010 WL 5014483, at *2–3 (S.D. Ohio Dec. 3, 2010).

"[W]here the dominant purpose of such communications is not to secure legal advice or information requested by counsel, but to make some type of policy or business decision, the communication cannot be insulated from discovery just by sending a copy of it to a lawyer." *Waters v. Drake*, No. 2:14-CV-1704, 2015 WL 8281858, at *4 (S.D. Ohio Dec. 8, 2015). Importantly, "documents prepared by a corporation as part of efforts to ensure compliance with federal regulatory agencies ... and not because of possible litigation, are not protected by work-product doctrine." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, No. 07–MD–01871, 2009 WL 4641707, at *3 (E.D.Pa.Dec.7, 2009).

As the PEC is not privy to the actual underlying documents themselves, we simply point out that the privilege claims at issue here, on their face, appear to relate to business rather than legal matters. For example, some of the topics addressed include: "sales contests", "product marketing", "speaker training", "marketing practices", "labeling" and "conference preparation". Consequently, the privilege claims at issue do not appear, on their face, to be entitled to privileged treatment. Mallinckrodt must carry its burden of proving that the communications at issue had a "dominant purpose" or "dominant intent" of seeking/providing legal as opposed to business advice. Additionally, some of the privilege claims on their face do not involve specific attorneys, or, many non-attorneys are involved in the communication – resulting in a "heavy burden" for Mallinckrodt to meet.

In light of the foregoing, the PEC requests that the 20 sample privilege claims, which have been and are challenged by the PEC, be reviewed *in camera* to see if they are entitled to privileged treatment.

Thank you for your attention to this matter.  Should you need any further information on this issue, PEC representatives will make themselves available at your convenience.

          Sincerely,

          /s/ Anthony Irpino

          Anthony D. Irpino

ADI/bz
Attachments

cc: (via email only)
Mallinckrodt Counsel
Mark Chalos
Dean Kawamoto
Derek Loeser
Lynn Sarko
Paul Farrell
Paul Hanly
Joe Rice
Troy Rafferty
Steve Skikos
Peter Weinberger
Pearl Robertson
Plaintiffs' Counsel