# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) ) ) ) | DISCOVERY RULING NO. 14, PART 2, REGARDING MALLINCKRODT PRIVILEGE LOG |

During Track One discovery, defendant Mallinckrodt withheld production of certain documents based on attorney-client privilege, the work product doctrine, or other assertions, and produced a privilege log. Plaintiffs believed Mallinckrodt's non-productions were in many instances inappropriate; accordingly, plaintiffs chose 20 sample documents from Mallinckrodt's privilege log and requested the Special Master undertake *in camera* review. Mallinckrodt responded by withdrawing its invocation of privilege as to 6 of the sample documents, and providing the other 14 documents to the undersigned *in camera*. Mallinckrodt also submitted a letter explaining in detail its bases for non-production of each of the 14 documents.

On February 7, 2019, the Special Master issued a ruling by email, holding that 6 of the 14 documents were not protected by attorney-client privilege or the work-product doctrine, and must be produced; attached is the document-by-document ruling chart. The Special Master also offered the following general observations, to guide the parties:[1]

---

[1] The language in the bullet-points below is slightly amended in comparison to the language used in the email ruling, for greater clarity.

- Even if a certain document is appropriately withheld, other documents referred to in that withheld document may still need to be produced. For example, while a withheld email might solicit legal advice on a draft marketing brochure, the final version of the brochure must still be produced (if it has not already).

- Where an email regarding a business matter is sent to a group of folks, one or a few of whom are attorneys, for the purpose of keeping everyone in the loop (my phrase), and without requesting or containing legal advice, the email is not privileged. This is true even if the email asks generically and simply for everyone's "approval," when the information is simply business information. Simply including an attorney's email in the recipient list does not make the email privileged.

- Many of the emails I reviewed are actually innocuous. I understand Mallinckrodt's desire to assert attorney-client privilege as fully as possible, and to be careful about waiver, but it is also worth considering whether a fight over any particular document is even worth it.

Mallinckrodt then timely requested this ruling be formalized. *See Appointment Order* (docket no. 69) at 5 ("If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter."). The Special Master fills this request with this Ruling.

Given the substantial letter briefing already submitted on the topics addressed below, if any party chooses to object to any aspect of this Ruling, it must do so on or before 5:00 p.m EST on February 13, 2019.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: February 9, 2019**

2

| | Mallinckrodt LLC<br>Excerpted Privilege & Redaction Log (as of December 26, 2018) | | | SM Ruling |
|---|---|---|---|---|
| Priv No. | Unique ID | Custodian | Date | SM Ruling |
| 11 | MNKCTRL0000104085 | Chick, Stacy | 1/7/2015 | Privilege applies and document may be withheld, but Mallinckrodt must produce discovery showing the underlying facts related to this employee sales contest, if it has not already done so. |
| 16 | MNKCTRL0000228305 | Brendel, Diane; Chick, Stacy; Falcone, Melissa; Grelle, Ed; Webb, Kevin | 12/9/2013 | |
| 18 | MNKCTRL0000562633 | Webb, Kevin; Wickline, Ron | 9/14/2010 | Mallinckrodt must produce this document, which neither contains nor requests legal analysis. |
| 19 | MNKCTRL0000567440 | Webb, Kevin; Wickline, Ron | 5/6/2010 | Privilege applies and document may be withheld, but Mallinckrodt must produce the final version of this FAQ document. |
| 22 | MNKCTRL0000492061 | Falcone, Melissa; Terifay, Terrence; Webb, Kevin | 3/9/2012 | |
| 43 | MNKCTRL0000608155 | Webb, Kevin | 3/8/2010 | Privilege applies and document may be withheld. |
| 50 | MNKCTRL0000556872 | Webb, Kevin | 9/10/2010 | Mallinckrodt must produce this document, which neither contains nor requests legal analysis. The mere reference to counsel's having agreed to the business process outlined is insufficient to invoke privilege. |

| 55 | MNKCTRL0000559947 | Webb, Kevin; Wickline, Ron | 8/12/2010 | Mallinckrodt must produce this document, which neither contains nor requests legal analysis. The mere reference to counsel's having approved certain agreements is insufficient to invoke privilege. |
|---|---|---|---|---|
| 70 | MNKCTRL0000698731 | Chick, Stacy | 12/19/2014 | Privilege applies and document may be withheld, but Mallinckrodt must produce discovery showing the final version of the slide show regarding the "Jan 5th [2015] POA call" regarding which advice is solicited. |
| 85 | MNKCTRL0000702746 | Chick, Stacy | 6/19/2014 | Mallinckrodt must produce this document. It does not contain legal advice and arguably requests it from one recipient, but the email is sent to numerous non-attorney recipients and simply asks them to "provide approval." The mere reference to seeking approval is insufficient to invoke privilege, and receipt by non-attorney's undercuts the claim of privilege. |
| 109 | MNKCTRL0000703893 | Chick, Stacy; Falcone, Melissa | 4/15/2014 | |
| 115 | MNKCTRL0000705188 | Chick, Stacy | 2/6/2014 | Privilege applies and document may be withheld. |
| 128 | MNKCTRL0000716917 | Brendel, Diane; Chick, Stacy; Falcone, Melissa; Terifay, Terrence; Wickline, Ron | 9/10/2013 | Mallinckrodt must produce this document, which neither contains nor requests legal analysis. The mere listing of facts disclosed at a press conference to numerous employees, one of whom is an attorney, is insufficient to invoke privilege. |

| | | | | |
|---|---|---|---|---|
| 129 | MNKCTRL0000748825 | Falcone, Melissa; Webb, Kevin | 2/16/2014 | Mallinckrodt must produce this document, which neither contains nor requests legal analysis. The mere recitation of the results of a medication-inactivation study to numerous employees, some of whom are attorneys, is insufficient to invoke privilege. |
| 144 | MNKCTRL0000772406 | Chick, Stacy; Falcone, Melissa | 9/4/2014 | |
| 149 | MNKCTRL0000777403 | Wickline, Ron | 4/28/2010 | Privilege applies and document may be withheld. |
| 153 | MNKCTRL0000783912 | Brendel, Diane; Wickline, Ron | 6/7/2012 | |
| 188 | MNKCTRL0001079372 | Webb, Kevin | 6/25/2014 | Privilege applies and document may be withheld, but Mallinckrodt must produce discovery showing the final version of the Medsaway Guide, if it has not already done so. |
| 200 | MNKCTRL0001219203 | Webb, Kevin | 9/3/2013 | Privilege applies and document may be withheld. |
| 207 | MNKCTRL0001219594 | Brendel, Diane; Webb, Kevin | 6/6/2013 | |