No. 18-4054

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 13, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) |
| CITY OF JACKSONVILLE, FL., a Florida Municipal Corporation, | ) ) ) |
| Plaintiff-Appellant, | ) ) |
| v. | ) ) |
| PURDUE PHARMA L.P., dba Purdue Pharma (Delaware) Limited Partnership, et al., | ) ) ) |
| Defendants-Appellees, | ) ) |
| PLAINTIFFS' EXECUTIVE COMMITTEE, | ) ) |
| Appellee. | ) |

O R D E R

Before: DAUGHTREY, GRIFFIN, and KETHLEDGE, Circuit Judges.

The City of Jacksonville, Florida appeals an order of the Northern District of Ohio indefinitely staying consideration of Jacksonville's motion to remand pending litigation of the substantive claims in the multi-district litigation (MDL) case challenging the actions of opioid-prescription manufacturers and distributors. Appellees Endo Pharmaceuticals and Endo Health Solutions (Endo) move to dismiss the appeal for lack of jurisdiction because it is brought from a non-final, non-appealable order. Appellees Plaintiffs' Executive Committee and Karen Hill separately join in Endo's motion. Jacksonville responds that the order is immediately appealable under 28 U.S.C. § 1292(a)(1) because it has the practical effect of granting an injunction, it has a

No. 18-4054
-2-

serious irreparable consequence, and it can only be effectively challenged by immediate appeal. Endo replies.

Generally, our jurisdiction is limited to "final decisions of the district courts." 28 U.S.C. § 1291. However, interlocutory orders that grant, continue, modify, or refuse to dissolve or modify injunctions are immediately appealable. 28 U.S.C. § 1292(a)(1). This exception encompasses orders that: (1) have "the practical effect of [grant]ing an injunction"; (2) threaten a "'serious, perhaps irreparable, consequence'"; and (3) "can be 'effectually challenged' only by immediate appeal." *Carson v. Am. Brands. Inc.*, 450 U.S. 79, 84 (1981) (internal citation omitted). To determine whether an order has the practical effect of an injunction, we focus on the nature and substance of the order, not its label. *Cooey v. Strickland*, 588 F.3d 921, 922 (6th Cir. 2009).

Jacksonville argues that the moratorium has the practical effect of an anti-suit injunction under the Anti-Injunction Act, 28 U.S.C. § 2283, because it prohibits Jacksonville from pursuing litigation in a state court. The act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Proceedings "include[] all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." *Hill v. Martin*, 296 U.S. 393, 403 (1935). "An order that prohibits a party from pursuing litigation in another forum unquestionably is an injunction." *AmSouth Bank v. Dale*, 386 F.3d 763, 773 (6th Cir. 2004) (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3923, at 123 (2d ed. 1996)).

Here, however, Jacksonville does not have a state-court proceeding pending, because its suit was removed to the federal courts. In scheduling the bellwether trial in the MDL case, the district court recognized that there are other state-court proceedings pending but did not enjoin those cases. Instead, it scheduled its trial to start before any of those trials can begin, deferred ruling on any pending motions to remand, and placed a moratorium on filing any additional

motions to remand. "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988); *see also Switz. Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966) ("Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not 'interlocutory' within the meaning of § 1292(a)(1).). *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 117−18 (2d Cir. 2010) (holding as non-appealable an injunction that did not "give or aid in giving substantive relief sought in the lawsuit."). The moratorium is part of the larger case-management schedule of the MDL case and not an injunction of that case or any other proceeding, including Jacksonville's suit. Clearly, deferring a ruling on a jurisdictional question in multidistrict litigation, including a motion to remand, is not equivalent to injunctive action and, thus, not appealable under § 1292(a)(1). *See In re Zyprexa*, 594 F.3d at 127−28 (Kaplan, J., concurring); *see also Switz. Cheese Ass'n*, 385 U.S. at 25 (declining jurisdiction over the denial of a motion for summary judgment that "does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial."). Although Jacksonville cites authorities in support of its position, those authorities all involve a district court affirmatively enjoining filings or proceedings in other jurisdictions. Because the district court's order does not have the effect of an injunction, it is not immediately appealable, and we do not have jurisdiction over the appeal.

The motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk