**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*Track One Cases*" | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 15 REGARDING IQVIA DISCOVERY |

This written Ruling documents and clarifies obligations the Special Master has stated earlier that the defendants must fulfill in connection with their relationships with the health-information entity known as IQVIA.[1]

IQVIA has performed consulting work for numerous defendants related to their Suspicious Order Monitoring Systems ("SOMS"). On June 21, 2018, plaintiffs served a third-party subpoena on IQVIA seeking documents related to this consulting work. Plaintiffs also sought similar documents directly from defendants. In addition, plaintiffs asked IQVIA to identify exactly which defendants were IQVIA clients. Only recently did IQVIA provide a response.[2]

The Special Master earlier ordered defendants to: (1) produce to plaintiffs information and

---

[1] IQVIA was formerly known as Quintiles, and also as IMS Health, Inc. As used in this Ruling, "IQVIA" includes all related legacy entities, such as Dendrite, Cegedim, Cegedim Dendrite, and BuzzeoPDMA.

[2] IQVIA responded that the following defendants were clients: (1) Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; (2) Anda, Inc.; (3) Cardinal Health, Inc.; (4) CVS Corporation; (5) Endo Pharmaceuticals, Inc., (6) HD Smith Holding Company; (7) Henry Schein, Inc.; (8) Mallinckrodt, LLC; (9) Miami-Luken, Inc.; (10) Par Pharmaceutical, Inc.; (11) Purdue Pharma, L.P.; (12) Teva Pharmaceuticals USA, Inc.; and (13) Walmart, Inc.

documents over which they had control related to the consulting work IQVIA performed; and (2) facilitate the production from IQVIA of any such information and documents over which they did not have control – by, for example, authorizing and requesting that IQVIA produce them.[3]

The Special Master requested a status update on this topic during the most recent discovery teleconference with the parties (on February 8, 2019). The parties' response was at best unclear, and also varied from defendant to defendant. Accordingly, to ensure that *each* defendant, and IQVIA, are timely producing *all* required discovery, the Special Master orders as follows. Within 7 days of the date of this Order, each of the defendants listed in footnote 2 above shall provide a letter to plaintiffs setting out in detail the following information, with supporting exhibits.

**Status of Each Defendant's Facilitation of Discovery of Information from IQVIA**

1. Evidence of whether, how, and when the defendant: (1) requested production from IQVIA of **contracts and/or scope of work documents**; (2) received that production from IQVIA; and (3) produced to plaintiffs that production from IQVIA.[4]

2. Evidence of whether, how, and when the defendant: (1) requested production from IQVIA of **SOMS data and reports (including audit reports)**; (2) received that production from IQVIA; and (3) produced to plaintiffs that production from IQVIA.[5]

3. Evidence of whether, how, and when the defendant: (1) requested production from IQVIA

---

[3] No party filed any objection to these discovery rulings.

[4] If a defendant did produce to plaintiffs IQVIA's production of contracts and/or scope of work documents, defendant should identify it by Bates range.

[5] If a defendant did produce to plaintiffs IQVIA's production of SOMS data and reports, defendant should identify it by Bates range.

of all **communications between IQVIA and defendant concerning SOMS**, including system audits and design; (2) received that production from IQVIA; and (3) produced to plaintiffs that production from IQVIA.[6]

**Status of Each Defendant's Production of IQVIA-Related Information Directly**

4. As to each of the three topics numbered immediately above (highlighted in **bold**), evidence of whether, how, and when the defendant produced those materials over which it retained control.[7]

5. As to each of the three bullet-point topics above (highlighted in **bold**), an explanation of whether and on what bases defendant is asserting privilege, if applicable.[8]

To the extent a defendant has already provided to plaintiffs emails or letters disclosing the above-listed information, the defendant may refer to these prior communications.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: February 15, 2019**

---

[6] If a defendant did produce to plaintiffs communications between IQVIA and defendant concerning SOMS, defendant should identify those materials by Bates range.

[7] If a defendant did produce to plaintiffs materials related to these three topics over which it has control, defendant should identify them by Bates range.

[8] Of course, any such assertion must be accompanied by a timely privilege log.