# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** | **Case No. 1:17-md-2804** |
| *Track One Cases* | **Judge Dan Aaron Polster** |
| | **ORDER** |

Before the Court is Plaintiffs' Request for Entry of Default. **Doc. #: 1304**. For the following reasons, Plaintiffs' request is **DENIED**.

Plaintiffs request entry of default against "Allergan, PLC f/k/a Actavis PLC and all U.S. subsidiaries that manufacture, market, sell, distribute or monitor suspicious sales of opioids." Doc. #: 1304-2. Plaintiffs assert that entry of default is appropriate because "counsel for Allergan refused to sign the waiver of service and has further refused to identify all such subsidiary entities by name despite numerous requests by Plaintiffs to do so." Doc. #: 1304 at 2.

Entry of default is not appropriate as to Allergan, PLC. Although Allergan, PLC has not signed the waiver request from Plaintiffs due to a dispute over the language of the request, Allergan, PLC has waived service as a practical matter by responding to the Complaint and participating in discovery. *See* Doc. #: 1258; *see also* Doc. #: 1322 at 1. Therefore, Plaintiffs' Motion for Entry of Default as it pertains to Allergan, PLC is **DENIED**.

Plaintiffs' assertion that default should be entered against "*all* U.S. subsidiaries [of Allergan, PLC] that manufacture, market, sell, distribute or monitor suspicious sales of opioids," (or in the alternative that they should be deemed served) is also incorrect. Doc. #: 1304-2

(emphasis added). To date, only Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan Finance") has been explicitly named in any *Track One* Complaint. Service has been waived in this MDL for Allergan Finance and Allergan USA, Inc. *See* Doc. #: 280. Therefore, default is not appropriate for these two U.S. subsidiaries. Default is also not appropriate for any other U.S. subsidiary, because none have been named as a defendant in any complaint. Entering default against a party not named as a defendant would violate that party's right to due process. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

Plaintiffs assert that they have not named any of Allergan's additional U.S. subsidiaries because Allergan has not provided them with sufficient discovery to identify any. Allergan has affirmed in writing that it has produced "documents and information reasonably accessible to all of its current affiliates." *See* Doc. #: 1358-3 at 2-3 (emphasis in original). The Court sees no reason why Allergan cannot produce to Plaintiffs a list of all such affiliates from whom documents have already been produced and is hereby directed to do so.[1]

To the extent Plaintiffs have determined through their analysis of the ARCOS data or through other discovery that there are additional U.S. subsidiaries of Allergan, PLC that have manufactured, marketed, sold, distributed or monitored suspicious sales of opioids in the Northern District of Ohio,[2] Plaintiffs are hereby granted leave to amend the Complaint and properly serve

---

[1] If Allergan expects to be granted a release of any entity beyond those who have already waived service in this MDL, they should take this opportunity to identify those entities to Plaintiffs so that they may be properly served and included in settlement negotiations.

[2] Addition of defendants as a result of the analysis of ARCOS data is subject to the 5% market share limitation set forth in the Courts November 08, 2019 Order modifying CMO-1. Doc. #: 1106.

those entities (subject to basic pleading requirements). Plaintiffs shall have until March 1, 2019 to amend the *Track One* Complaints in accordance with this order.

Accordingly, Plaintiffs' Request for Entry of Default, **Doc. #: 1304**, is **DENIED**.

**IT IS SO ORDERED.**

 /s/ **Dan Aaron Polster** *February 15, 2019*
 **DAN AARON POLSTER**
 **UNITED STATES DISTRICT JUDGE**

3