UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION  This document relates to:  *TRACK ONE CASES* | MDL No. 2804  Case No. 17-MD-2804  Judge Dan Aaron Polster |

# WALGREENS' OBJECTION TO
# AMENDMENT TO DISCOVERY RULING NO. 14, PART 1 REGARDING
# PRODUCTION OF WALGREENS' PRIVILEGED DOCUMENTS

Walgreens files this objection to the Special Master's Amendment to Discovery Ruling No. 14, Part 1, which orders Walgreens to produce privileged documents based on incorrect factual findings.

**BACKGROUND**

On January 31, 2019 the Special Master issued Discovery Ruling No. 14 Part 1. D.I. 1321. That ruling addressed Walgreens' first privilege log, which consists of 27 documents related to a DEA proceeding arising from Walgreens' activities as a distributor and a dispenser of controlled substances in Florida prior to 2012.

Although the parties agree that all 27 documents on Walgreens' first privilege log are protected by the attorney-client privilege, the Special Master concluded that Walgreens waived privilege over all of them in the prior DEA proceeding. Specifically, the Special Master held that Walgreens waived privilege over two documents that Walgreens identified as privileged in the DEA matter and sought to claw back in that proceeding.[1] The Special Master also held that Walgreens waived privilege over the remaining documents on its privilege log, which were identified as privileged in the MDL and either withheld from production or redacted prior to production. D.I. 1321 at 7-8.

Walgreens filed an objection to the Special Master's ruling on February 6, 2019. D.I. 1343. In its objection, Walgreens provided a detailed argument explaining that (1) it took sufficient steps to claw back the two documents it identified as privileged in the DEA matter, and (2) under Federal Rule of Evidence 502(b), Walgreens was not required to claw back and re-review every document for privilege before the completion of the DEA action in order to

---

[1] These documents appear on Walgreens' privilege log as WAGMDL00000813, WAGMDL00000821 (a duplicate of WAGMDL00000813), and WAGMDL00001107.

1

preserve privilege in subsequent proceedings. *Id*. As a result, Walgreens did not waive privilege over any of the 27 documents on its first privilege log.

On February 8, 2019 this Court ordered Walgreens to re-submit its arguments to the Special Master. D.I. 1349. The Special Master allowed Plaintiffs to file a response on February 15, 2019. In that response and subsequent email correspondence, Plaintiffs raised two new arguments that were not part of their original privilege challenge. First, Plaintiffs argued that Walgreens waived privilege over the two documents it sought to claw back in the DEA action by allegedly sharing them with Cardinal Health. Second, Plaintiffs argued that Walgreens waived privilege over all of the documents in question based on boilerplate language in Walgreens' 2013 settlement agreement with the DEA, which allowed the DEA to "seek to admit" documents in subsequent matters for "proper evidentiary purposes." D.I. 1380 at 12.

On February 20, 2019 the Special Master issued an Amendment to Discovery Ruling No. 14 Part 1, which again required Walgreens to produce the 27 documents on its first privilege log, this time based in substantial part on Plaintiffs' new arguments. *See* D.I. 1380 at 13-14. The Special Master also based this conclusion in part on the understanding that Walgreens did not seek claw back of these documents "until after they were produced again in this MDL." D.I. 1380 at 12. That is incorrect. Walgreens never produced the documents in the MDL – it reviewed them for privilege, withheld them or produced them with redactions, and provided a privilege log. Walgreens properly preserved privilege over each of the 27 documents on that log.

## ARGUMENT

Neither of Plaintiffs' new arguments provides a proper basis to find a privilege waiver. The record shows that Walgreens properly clawed back the two documents it identified as privileged in the DEA matter, and that Walgreens was not required to claw back the additional documents in order to preserve privilege in the MDL proceeding.

**I.	Walgreens properly clawed back two documents in the DEA matter.**

First, contrary to Plaintiffs' assertions, the two documents that Walgreens identified as privileged in the DEA action were never shared with Cardinal Health. The only document that Walgreens shared with Cardinal Health was the September 13, 2012 Order to Show Cause and Immediate Suspension of Registration. This is a public document that merely quotes a short excerpt from one of the two documents in question. *See* Ex. 1 at p. 45 (Fisher email).

Second, Plaintiffs and the Special Master rely on language in Walgreens' settlement agreement with the DEA to find waiver. The relevant language in the Walgreens' settlement agreement is simply that:

> DEA reserves the right to ***seek to admit*** evidence of Covered Conduct for ***proper evidentiary purposes*** in any future administrative proceeding against Walgreens.

D.I. 1380 at 12 (quoting Settlement Agreement Par. 7) (emphasis added).

This language does not permit the conclusion that Walgreens waived privilege with respect to all documents produced to DEA. Walgreens made clear through the entirety of the DEA action that it was maintaining privilege over the two documents it sought to claw back. The DEA made clear that it disagreed. The quoted language from the settlement agreement did not resolve this dispute by giving the DEA or any other party an unfettered license to use these disputed documents (or any other potentially privileged documents) in subsequent proceedings. To the contrary, it merely confirmed that the DEA could "seek to admit evidence" for "proper evidentiary purposes" in any "future *administrative* proceeding." *Id*. (emphasis added). Any privilege determinations remained for the body that would decide admissibility in the subsequent proceeding.

Finally, for the reasons stated in Walgreens's first objection to Discovery Ruling No. 14 Part 1, D.I. 1343, and explained in detail in declarations from Walgreens' outside counsel,

3

Walgreens took all reasonable steps to preserve privilege over the two documents it identified in the DEA matter, including by conducting a review that included at least three attorneys as well as a computer search tool.  Ex. 1 at pp. 21-23 (Weinstein Declaration); *see W. Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:12-CV-0692-JFC, 2013 WL 12141531, at *4 (W.D. Pa. Apr. 9, 2013) (holding that a "multi-stage review" including keyword searches and "initial responsiveness and privilege review by attorney reviewers" amounts to "reasonable precautions to prevent the inadvertent release of privileged material."); D.I. 1380 at 8.  Walgreens also promptly sought the return of these documents once it discovered their inadvertent production, including through repeated requests to the government and by filing a motion to compel.  Ex. 1 at pp. 23-24 (Weinstein Declaration); *see also id*.  There is no more a party can do when faced with inadvertent production.[2]

Walgreens engaged in extensive efforts to prevent disclosure of and claw back the documents identified as privileged in the DEA matter.  Plaintiffs cannot obtain privileged communications by virtue of the fact that the DEA matter left that privilege issue to be finally resolved at a later date.

**II.     Walgreens preserved privilege over the remaining documents on its privilege log.**

Amendment to Discovery Ruling No. 14 Part 1 also concludes that Walgreens waived privilege over the remaining documents on its privilege log, the inadvertent disclosure of which

---

[2] In the Special Master's view, Walgreens should have engaged in a fruitless letter-writing campaign, continually requesting that DEA return the privileged documents, and continually bringing futile court actions seeking the same, even after the District Court hearing Walgreens' original action seeking to compel DEA to return the documents found that it lacked jurisdiction. D.I. 1380 at 13-14 ("Walgreens had ample reason to continue to pursue claw-back efforts after the Virginia action was dismissed and after it settled with the DEA.  That it did not seek claw-back of the two documents until 2018 represents waiver of any claim of privilege.").  No law supports this position.

Walgreens did not discover until the documents were reviewed in the MDL.  The Special Master's ruling with respect to these documents invokes the second and third prongs of Federal Rule of Evidence 502(b), which require a party to take "reasonable steps to prevent disclosure" and then "reasonable steps to rectify the error" once an inadvertent disclosure is actually discovered.  D.I. 1380 at 8-10, 12.  The finding with respect to these documents is incorrect.

With respect to the second prong of Rule 502(b), as explained above, Walgreens engaged in a multi-stage review of the relevant documents in the DEA matter, which is sufficient to show reasonable efforts to prevent disclosure.  *W. Penn*, 2013 WL 12141531, at *4.

With respect to the third prong, once Walgreens was on notice that it may have inadvertently produced privileged documents in the prior matter, it properly "re-assess[ed] its procedures and re-check[ed] its production" as required.  *D'Onofrio v. Borough of Seaside Park*, No. CIV. A. 09-6220 (AET), 2012 WL 1949854, at *12 (D.N.J. May 30, 2012) (citation omitted); *see* D.I. 1380 at 12.  In particular, Walgreens used a computer search tool to identify potentially privileged communications with counsel which were then subject to additional attorney review.  Ex. 1 at p. 23 (Weinstein Declaration).

The Special Master incorrectly imposed an additional requirement on Walgreens under the third prong of Rule 502(b).  Amendment to Discovery Ruling No. 14 Part 1 holds that Walgreens also had an obligation to claw back any remaining privileged documents at the time of its second-level review in the DEA matter, or forever risk waiver in any future litigation.  That is not correct.  A party's "duty to rectify only arises when the opposing party can prove ***actual knowledge*** of the disclosure."  *United States ex rel. Heath v. Wisconsin Bell Inc.*, 272 F. Supp. 3d 1094, 1098 (E.D. Wis. 2017) (citation omitted, emphasis added); *see* D.I. 1380 at 9.  There is nothing in the record to suggest that Walgreens had actual knowledge of the privileged nature of

5

the remaining documents at the time of its second-level review in the DEA matter, or at any time prior to MDL counsel's review for production in this litigation. Absent "actual knowledge" of the inadvertent disclosure, Walgreens had no legal obligation to claw back the remaining documents prior to identifying them as privileged in the MDL proceeding.

This litigation illustrates the untenable consequences of the Special Master's ruling. Multiple parties in this case have issued several rounds of privilege claw-backs. The City of Cleveland and Cuyahoga County alone have served over a dozen separate claw-back notices covering several hundred documents and more than a thousand pages of material. The discovery of one or two inadvertently produced documents does not create a legal obligation to re-review every other document that party has produced, at the risk of a permanent waiver of the attorney-client privilege. If that were the case, then the iterative claw backs of every party in this litigation would have to be re-assessed and massive, unprecedented waiver rulings would follow.

## CONCLUSION

Ordering production of the 27 documents on Walgreens' first privilege log is inconsistent with the requirements of Rule 502(b) and the record in this case. Walgreens respectfully requests that the Court overrule the Special Master's Amendment to Discovery Ruling No. 14 Part 1.

Dated:  February 28, 2019            Respectfully submitted,

                                        /s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of February, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for Walgreen Co. and Walgreen Eastern Co.*