**Exhibit 6**

**Economic Loss Doctrine**

**<u>Jurisdictions in Which Court Rulings Restrict the Scope of the Economic Loss Doctrine</u>**

**Alabama:**  *Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc.*, 901 So.2d 84, 106 (Ala. 2004) (economic loss rule prevents tort recovery in certain product liability actions, "when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself").

**Arizona:**  *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 P.3d 664, 671 (Ariz. 2010) (limiting economic loss doctrine to tort claims between contracting parties)

**California:** *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988-89, 102 P.3d 268, 272-73 (2004) (economic loss rule applies only to cases sounding in contract, not to non-contractual legal duties)

**Colorado:**  *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000) ("a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law").

**Connecticut:**  *Ulbrich v. Groth*, 310 Conn. 375, 391, 78 A.3d. 76, 89 (2013) (economic loss doctrine only applies when a claim sounding in tort arises from a contract between the parties).

**Florida:** *Tiara Condominium Assn., Inc. v. Marsh & McLennan Cos.*, 110 So. 3d 399, 407 (Fla. 2013) (economic loss rule applies only in product liability context and forecloses recovery of economic losses on the ground that a product's warranty already allocates risks between contracting parties); *Travelers Indemnity Co. v. Richard McKenzie & Sons, Inc.*, 326 F. Supp. 3d 1332, 1345–46 (M.D. Fla. 2018) (economic loss rule bars "tort claim dependent on a contractual duty," but not a tort claim based on a tort "independent of the breach of contract").

**Georgia:**  *Hanover Ins. Co. v. Hermosa Const. Group, LLC*, 57 F. Supp. 3d 1389, 1396 (N.D. Ga. 2014) (economic loss rule does not apply where economic losses arise from breach of an independent duty under the law); *Holloman v. D.R. Horton, Inc.*, 524 S.E.2d 790, 797 (Ga. Ct. App. 1999) ("economic loss rule is inapplicable in the presence of passive concealment or fraud").

**Indiana:** *KB Home Ind. Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 305 (Ind. Ct. App. 2010) ("if the plaintiff is not seeking damages involving the benefit of the bargain or

other matters governed by contract and/or related principles, the economic loss doctrine does not bar" plaintiff's tort claim).

**Kansas:** *David v. Hett*, 270 P.3d 1102, 1114 (Kan. 2011) (declining to apply economic loss doctrine beyond product liability lawsuits)

**Massachusetts:** *Stop & Shop Cos., Inc. v. Fisher*, 387 Mass. 889, 896, 444 N.E.2d 368, 372-73 (1983) (economic loss rule does not apply to public nuisance claims); *R.L. Whipple Co. v. Pondview Excavation Corp.*, 71 Mass. App. Ct. 871, 874, 887 N.E.2d 1095, 1097 (2008) (same*); City of Boston v. Smith & Wesson Corp.*, No. 199902590, 12 Mass. L. Rptr. 225, 2000 WL 1473568, at *10 n.39 (Mass. Super. Ct. July 13, 2000) (same).

**Mississippi:** *Lyndon Prop. Ins. Co. v. Duke Levy & Assocs.*, 475 F.3d 268, 274 (5th Cir. 2007) (Mississippi caselaw only applies the economic loss doctrine to products liability claims).

**Nebraska:** *Lesiak v. Central Valley Ag. Co-op, Inc.*, 808 N.W.2d 67, 81 (Neb. 2012) ("economic loss doctrine precludes tort remedies only where the damages caused were limited to economic losses and where either (1) a defective product caused the damage or (2) the duty which was allegedly breached arose solely from the contractual relationship between the parties").

**Nevada:** *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) (Under Nevada law, economic loss doctrine "does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff.").

**New Hampshire:** *Plourde Sand & Gravel Co. v. JGI E., Inc.*, 917 A.2d 1250, 1253 (2007) (economic loss doctrine is a "judicially-created remedies principle that operates general to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship;" "when an independent duty exists, the economic loss rule does not bar a tort claim").

**New Mexico:** *Utah Int'l, Inc. v. Caterpillar Tractor Co.*, 775 P.2d 741, 744 (N.M. Ct. App. 1989) (economic loss doctrine only applies to commercial transactions in which the parties have "no great disparity in bargaining power"); *Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 936 P.2d 852, 857 (N.M. Ct. App. 1997) (economic loss doctrine applied to product liability claim by expert user who had sufficient information to negotiate terms related to any potential damages in negotiating the contract).

**New York:** *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 N.Y.2d 280, 287 (2001) (economic loss rule does not apply to nuisance claims in New York).

**North Carolina:** *Ellis-Don Const., Inc. v. HKS, Inc.*, 353 F. Supp. 2d 603, 606 (M.D.N.C. 2004) (economic loss rule "does not limit tort actions that arise in the absence of a

contract"); *Beaufort Builders, Inc. v. White Plains Church Ministries, Inc.*, 783 S.E.2d 35, 42 (N.C. Ct. App. 2016) (same).

**Ohio:** *Campbell v. Krupp*, 961 N.E.2d 205, 211 (Ohio Ct. App. 2011) ("the economic loss rule does not apply—and the plaintiff who suffered only economic damages can proceed in tort—if the defendant breached a duty that did not arise solely from a contract").

**Oklahoma:** *Meier v. Chesapeake Operating*, L.L.C., 2018 WL 3862326, at *7 n.6 (W.D. Okla. Aug. 13, 2018) ("[t]he economic loss rule has not been applied by the Oklahoma courts other than in a manufacturer's products liability or negligence action for injury to property itself.").

**Rhode Island:** *Levin v. Kilborn*, 756 A.2d 169, 174 (R.I. 2000) (the economic loss doctrine "makes tort claims unavailable in circumstances in which the parties were in a contractual setting.")

**Tennessee:** *Ham v. Swift Transp. Co.*, 694 F. Supp. 2d 915, 922 (W.D. Tenn. 2010) (Tennessee Supreme Court has not applied economic loss doctrine outside the products liability context).

**Utah:** *Reighard v. Yates*, 285 P.3d 1168, 1177 (Utah 2012) ("When a duty exists that does not overlap with those contemplated in a contract, the economic loss rule does not bar a tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule.").

**Washington:** *Pointe at Westport Harbor Homeowners' Ass'n v. Eng'rs Nw., Inc.*, 193 Wn. App. 695, 702–03, 376 P.3d 1158, 1162-63 (2016) (economic loss rule "bars recovery in tort for economic losses suffered by parties to a contract unless the breaching party owed a duty in tort independent of the contract.").

**West Virginia:** *Aikens v. Debow*, 541 S.E.2d 576, 591 (W.Va. 2000) (economic loss doctrine does not apply to nuisance claims).

**Wisconsin:** *Van Lare v. Vogt, Inc.*, 683 N.W.2d 46, 51 (Wisc. 2004) (economic loss doctrine is "a judicially-created remedies principle that operates generally to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship."); *Walker v. Ranger Ins. Co.*, 711 N.W.2d 683, 687 (Wisc. Ct. App. 2006) ("The economic loss doctrine exists to compel parties bound by a contractual relationship to pursue damages via contract, not to prevent an injured party from bringing a potentially viable negligence claim when no contract exists.").