# Exhibit 5

## Municipal Cost Recovery/Free Public Services Doctrine

### Jurisdictions Rejecting Application of Doctrine to Chronic Wrongdoers and/or Nuisance Claims

**Arizona:** *City of Flagstaff v. Atchison, Topeka & Santa Fe Ry. Co.*, 719 F.2d 322, 324 (9th Cir. 1983) (government may recover the cost of public services "where the acts of a private party create a public nuisance which the government seeks to abate").

**Illinois:** *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1144-45 (Ill. 2004) (municipal cost recovery rule is inapplicable: (1) where "recovery . . . [is] authorized by statute or regulation;" or (2) "'where the acts of a private party create a public nuisance which the government seeks to abate.'"); *see also Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2018 WL 1561725, at *8 (N.D. Ill. Mar. 30, 2018) (noting exceptions to the rule).

**Indiana:** *City of Gary ex rel. King v. Smith & Wesson Corp.*, 801 N.E.2d 1222 (Ind. 2003) ("We do not agree that the City, as a governmental entity, is necessarily disabled from recovering costs from tortious activity. Rather, we agree with those courts that have rejected the municipal cost doctrine as a complete bar to recovery.").

**Massachusetts:** *City of Boston v. Smith & Wesson Corp.*, No. 199902590, 12 Mass. L. Rptr. 225, 2000 WL 1473568, at *8 (Mass. Super. July 13, 2000) (free public services principle applies only to contingencies that are "part of the normal and expected costs of municipal existence;" doctrine does not extend to a repeated course of wrongful acts "which are neither discrete nor of the sort a municipality can reasonably expect").

**Michigan:** *Archer v. Arms Tech., Inc.*, No. 99-912658 NZ, 2000 WL 35624356, slip. op. at 7 (Mich. Cir. Ct. May 16, 2000) (public service and municipal costs "are not barred by the municipal cost recovery rule").

**New Jersey:** *James v. Arms Tech., Inc.*, 820 A.2d 27, 48-49 (N.J. App. Div. 2003) (rejecting municipal cost recovery rule as "fundamentally unfair" and questioning the "continued viability" of the doctrine).

**New York:** *Cty. of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 153 (2d Cir. 2013) ("free public services" doctrine is inapplicable to a recovery of "expenditures relating to continuing public nuisances, where the duty to prevent or abate a nuisance on the property rests with the owner or the party that caused the nuisance."); *In re Opioid Litigation*, No. 400000/2017, 2018 WL 3115102 (N.Y. Sup. Ct. June 18, 2018), at *10 (rejecting manufacturer defendants' contention that the municipal cost recovery rule "bars recovery for municipal expenses incurred, not by reason of an accident or an emergency situation necessitating 'the normal provision of police, fire and emergency services' . . .

but to remedy public harm caused by an intentional, persistent course of deceptive conduct").

**Ohio:** *City of Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1149-50 (Ohio 2002) (rejecting application of doctrine to cases involving "ongoing and consistent" pattern of misconduct, as well as to public nuisance claims).

**Pennsylvania:** *City of Philadelphia v. Beretta U.S.A. Corp.,* 277 F.3d 415, 420 n.4 (3d Cir. 2002) (noting authority for the proposition that municipal cost recovery rule does not apply to the recovery of damages for the costs of abating public nuisances).

**Rhode Island:** *State v. Lead Indus. Ass'n,* No. PC 99-5226, 2007 WL 711824, at *28 (R.I. Super. Ct. Feb. 26, 2007), *rev'd on other grounds,* 951 A.2d 428 (R.I. 2008) (rejecting free public services doctrine and further concluding doctrine inapplicable to claim for abatement of public nuisance).

**Tennessee:** Tenn. Code Ann. § 29-3-110(c) (authorizing court to "assess costs of public services required to abate or manage the nuisance, including, but not limited to, law enforcement costs, if any, caused by the public nuisance.").

**West Virginia:** *State ex rel. Morrisey v. AmerisourceBergen*, No. 12-C-141, 2014 WL 12814021, at *18-19 (W.Va. Cir. Ct. Dec. 12, 2014) (rejecting application of municipal cost recovery doctrine to opioids suit on multiple grounds).