**Exhibit 4**

**Statewide Concern Doctrine**

**Jurisdictions that Expressly Authorize Municipal Government to Bring Actions to Abate Public Nuisances**

**Alabama:**  Ala. Code § 6-5-122 ("All municipalities in the State of Alabama may commence an action in the name of the city to abate or enjoin any public nuisance injurious to the health, morals, comfort, or welfare of the community or any portion thereof.").

**Arizona:** Ariz. Rev. Stat. § 13-2917 (county or city attorney may bring an action "to abate, enjoin and prevent" a public nuisance).

**California:**  Cal. Civ. Code § 3482 (public nuisance may be abated by "any public body or officer authorized thereto by law")[16]; Cal. Gov. Code § 26528 (district attorney may "bring a civil action in the name of the people of the State of California to abate a public nuisance in his county").

**Colorado:** Colo. Rev. Stat. § 16-13-301 *et seq.* (authorizing district attorney in each judicial district to bring action "to restrain, prevent, abate, and perpetually enjoin" any public nuisance).

**Georgia:**  Ga. Code Ann. § 41-2-2 (authorizing city attorney or county attorney, on behalf of the public, to bring an action to abate a public nuisance).

**Indiana:**  Ind. Code Ann. § 32-30-6-7 (authorizing attorney representing city or county in which nuisance exists to bring civil action to abate or enjoin the nuisance)

**Kansas:** Kan. Stat. Ann. § 60-908 (authorizing county or city attorney to enjoin the continuance of a common nuisance within the jurisdiction)

**Kentucky:**  Ky. Rev. Stat. Ann. § 67.083 (County fiscal court has the power to abate public nuisances)

**Minnesota:** Minn. Stat. § 617.80 (authorizing city and county attorneys in jurisdiction where nuisance is located to prosecute actions to abate public nuisances).

---

[16] Case law holds that this provision applies to both city and county attorneys. *People v. Robin,* 56 Cal. App. 2d 885, 133 P.2d 436 (1943); *People v. Lim*, 18 Cal. 2d 872, 118 P.2d 472 (1941).

**Nebraska:**  Neb. Rev. Stat. Ann. § 18-1720 (authorizing all cities and villages to prevent and abate nuisances).

**Nevada:** Nev. Rev. Stat. Ann. § 252.110(5) (authorizing district attorney on behalf of the county to bring action for abatement of nuisance, including actions for injunction, as well as for compensatory and exemplary damages).

**New Hampshire:** N.H. Rev. Stat. Ann. § 544:3 (authorizing county attorney to sue in equity in the name of the state to abate and perpetually enjoin nuisances).

**North Carolina:** N.C. Gen. Stat. Ann. §19-2.1 (authorizing county, municipality, or district attorney to maintain a civil action in the name of the state to abate a nuisance).

**Oklahoma:** Okla. Stat. tit. 50, § 16 (authorizing cities and towns to determine and to abate public nuisances).

**Puerto Rico:** P.R. Laws Ann. tit. 32, § 2761 (authorizing municipalities to bring nuisance actions).

**Tennessee:**  Tenn. Code Ann. § 29-3-102 (authorizing city or county attorneys to bring action to abate public nuisances).

**Utah:** Utah Code Ann. § 76-10-806 (authorizing county and city attorneys to institute actions to abate public nuisances).

**West Virginia:**  W.Va. Code § 7-1-3kk (counties expressly authorized to "take appropriate and necessary actions for the elimination of hazards to public health and safety and to abate . . . a public nuisance"); W.Va. Code § 8-12-5(23) (cities have standing to act to protect the public health, safety, and welfare of their citizens).

**Wisconsin:**  Wis. Stat. Ann. § 823.01 ("Any person, county, city, village or town may maintain an action to recover damages or to abate a public nuisance from which injuries peculiar to the complainant are suffered, so far as necessary to protect the complainant's rights and to obtain an injunction to prevent the same.").

**Wyoming:** Wyo. Stat. Ann. §15-1-103 (the governing bodies of all cities and towns may "declare and abate nuisances and impose fines upon parties who create, continue or permit nuisances to exist").

**Jurisdictions with Case Law Rejecting Application of Statewide Concern Defense to Municipal Litigation**

**Arkansas:** *see City of Ft. Smith v. W. Hide & Fur Co.*, 153 Ark. 99, 239 S.W. 724, 725 (1922); *Inc. Town of Lonoke v. Chicago, R.I. & P.R. Co.*, 92 Ark. 546, 123 S.W. 395, 397 (1909) (municipalities have standing to bring suits in equity to abate public nuisances).

**Florida:**  *City of Miami Beach v. Fleetwood Hotel, Inc.*, 261 So. 2d 801 (Fla. 1972) (statewide concern doctrine is a limitation only on local government's authority to enact legislation).

**Illinois:**  *Peoples Gas Light & Coke Co. v. City of Chicago*, 465 N.E.2d 603, 605 (Ill. App. Ct. 1984) ("Where the legislature has not specifically acted to limit local governments in areas which are within the scope of home rule, home rule units may act concurrently with the State in exercising governmental power in that area."); *see also* Ill. Const. 1970, art. VII, sec. 6(i) ("Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive.")

**Massachusetts:** *Sullivan v. Chief Justice for Admin. & Mgmt. of Trial Court*, 858 N.E.2d 699, 716, 448 Mass. 15, 35 (2006) (where a town may be put to expense or be liable for damage caused by a nuisance, it may bring an abatement action); see also *Town of Westport v. Monsanto Co.*, No. CIV.A. 14-12041-DJC, 2015 WL 1321466, at *2 (D. Mass. Mar. 24, 2015).

**Michigan:** *Associated Builders & Contractors v. City of Lansing*, 880 N.W.2d 765, 770-71 (Mich. 2016) (rejecting argument that matters of "state concern" are therefore outside the scope of municipal authority).

**New Jersey:**  *Camden Cty. Bd. of Chosen Freeholders v. Beretta  U.S.A. Corp.*, 123 F. Supp. 2d 245, 265 (D.N.J. 2000), aff'd, 273 F.3d 536 (3d Cir. 2001) (municipalities "have general statutory and constitutional standing to sue in order to abate public nuisances").

**Ohio:**  Op. & Order, Doc #: 1203 at 98-100 (rejecting application of statewide concern doctrine to "municipal or county lawsuits seeking to remedy alleged injuries within their borders.")

**South Dakota:**  *City of Aberdeen v. Wellman*, 352 N.W.2d 204 (S.D. 1984); *Union Cty. v. Hoffman*, 512 N.W.2d 168 (S.D. 1994) (municipalities and counties are empowered to maintain actions to abate public nuisances).

3