Exhibit 6

| New York | Paris |
|---|---|
| Northern California | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**Brian S. Weinstein**

Davis Polk & Wardwell LLP    212 450 4972 tel
450 Lexington Avenue         212 701 5972 fax
New York, NY 10017           brian.weinstein@davispolk.com

January 16, 2019

Re:     **In Re National Prescription Opiate Litigation U.S. District Court for the Northern
        District of Ohio**, 1:17-md-2804

Special Master David Cohen
U.S. District Court for the Northern District of Ohio
Carl B Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

Dear Special Master Cohen:

We write briefly on behalf of our client Healthcare Distribution Alliance ("HDA") in response to
Plaintiffs' January 15, 2019 reply letter brief in support of its motion to compel.

As a threshold matter, Plaintiffs' letter brief is procedurally improper.  When Plaintiffs asked HDA
to consent to the jurisdiction of the MDL Court for purposes of litigating Plaintiffs' motion to
compel—even though HDA is not subject to jurisdiction in the MDL Court—HDA agreed to do so
on the condition that Plaintiffs and HDA agreed on a process for briefing the motion.  The parties
agreed that there would be an opening letter brief on December 28 and an opposition letter brief
on January 11, but never agreed that there would be a reply brief.  (*See* Ex. A.)

More importantly, Plaintiffs' reply brief inappropriately raises for the first time a lengthy series of
proposed new compromises on the search terms in dispute, after Plaintiffs were the ones to
suspend the meet-and-confer process, declare an impasse, and file this motion.  They have done
so *five weeks* after HDA made its last search term proposal on December 7, and on the eve of
the January 25 fact discovery deadline.  While Plaintiffs' latest proposals reflect a tacit
acknowledgment that their prior proposals were unreasonable, they should not be permitted to
make an entirely new set of proposals at the eleventh hour.

Even if Plaintiffs' latest proposals had been procedurally proper, they remain extremely
overbroad in many respects, and if accepted by the Court would upset the current schedule.  As
HDA said it would do in its January 11 letter, HDA has now completed its production of
documents based on its December 7 search terms, and offered to make its witnesses available
for deposition by the January 25 deadline.  Plaintiffs informed HDA that some depositions had
been permitted to occur in the last week of January and the first week of February, and
requested deposition dates in that period.  In response, HDA agreed to have its two witnesses be
deposed on January 29 and February 4, but explained that if Plaintiffs' motion to compel were

granted, additional time would be required to review significant volumes of additional documents. That is in fact what would be required if Plaintiffs' latest proposals were adopted, because they continue to be vastly overbroad.[1]  Given that we have just received this proposal, given the many changes that it proposes, and given the need to respond promptly to Plaintiffs' unauthorized reply brief, we have not addressed the details of Plaintiffs' latest proposal here, and respectfully submit that the proposal should be rejected for the reasons described above and in our January 11 letter.  In the event that the Special Master decides to entertain Plaintiffs' latest proposal, however, HDA would respectfully request the opportunity to address the details of this proposal in writing.

With respect to the common interest privilege, the caselaw does not support Plaintiffs' effort to impose a categorical prohibition on the assertion of such privilege over discussions between a trade association's lawyers and its members on legal issues that are of common interest.  Insofar as briefing on this motion was supposed to be closed with HDA's January 11 letter brief, we do not further elaborate here and refer the Special Master to our initial submission and the cases and principles cited therein.  We simply address here Plaintiffs' suggestion, raised for the first time and without support in its reply, that privilege has somehow been "waived."  Plaintiffs' argument is based on the bald assertion that some defendants have produced some documents that have been withheld or redacted by HDA.  Defendants have made clear to HDA that they believe that, in the appropriate circumstances, the common interest privilege applies to discussions between HDA's lawyers and its members, and that the privilege should be asserted.  In the event that Plaintiffs have become aware of certain documents (which remain unidentified in their letter) as to which HDA has asserted common interest privilege, but which have been produced by one or more HDA members, Plaintiffs should identify such documents so that HDA and the relevant defendant can consider whether HDA's claim of common interest privilege should be withdrawn, or whether the privileged document was inadvertently produced and should be returned.  There is no basis for this Court to conclude that the common interest privilege has been "waived" as to any particular document, much less that it has been waived in its entirety.

For the foregoing reasons and those set forth in our January 11 letter, HDA respectfully submits that Plaintiffs' motion to compel be denied.

Respectfully submitted,

Brian S. Weinstein

Attachment
cc w/ att.:     Mark Pifko and Sterling Cuff, Baron & Budd, P.C.
                Plaintiffs' Counsel
                Defendants' Counsel

---

[1] To take one example, Plaintiffs continue to demand that HDA use a series of broad, single-word search terms (e.g., "public safety," "public health," "death*," "danger") without connecting them to opioids and without any other limiter at all.  (*See* Pls.' Reply at 9 (referring to Appendix B, Term 24).)  These terms combined hit on nearly 200,000 documents.

Exhibit A

## Weinstein, Brian S.

| | |
|---|---|
| **From:** | Mark Pifko <MPifko@baronbudd.com> |
| **Sent:** | Saturday, December 22, 2018 11:45 AM |
| **To:** | Weinstein, Brian S. |
| **Cc:** | Sterling Cluff; Jay Lichter; Evan M. Janush; MacBride, Neil H.; Jaime-Bettan, Gabriel; Rincon, Cristina M. |
| **Subject:** | Re: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804 |

OK.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge | New Orleans | Los Angeles
San Diego | New Jersey | New York | Washington, D.C.

**From:** Brian Weinstein <brian.weinstein@davispolk.com>
**Date:** Saturday, December 22, 2018 at 6:51 AM
**To:** Mark Pifko <MPifko@baronbudd.com>
**Cc:** Sterling Cluff <scluff@baronbudd.com>, Jay Lichter <jlichter@baronbudd.com>, Evan Janush
<Evan.Janush@LanierLawFirm.com>, Neil MacBride <neil.macbride@davispolk.com>, Gabriel Jaime-Bettan
<gabriel.jaime@davispolk.com>, Cristina Rincon <cristina.rincon@davispolk.com>
**Subject:** Re: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Mark —

If you serve your submission by next Friday we will serve ours by January 11.

Regards,
Brian

Sent from my iPhone

On Dec 21, 2018, at 11:26 PM, Mark Pifko <MPifko@baronbudd.com> wrote:

> Brian,
>
> The motion will concern the scope of HDA's production, including our contention that HDA improperly
> limited its production to certain categories of documents, privileges, the lack of production of a privilege
> log, and the search terms in dispute.  Note that the process with the Special Master in the MDL is a
> letter brief process, less formal than a motion.
>
> **Mark Pifko**
> Baron & Budd, P.C. | Shareholder

1

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge  | New Orleans  | Los Angeles
San Diego | New Jersey | New York  | Washington, D.C.

---

**From:** Brian Weinstein <brian.weinstein@davispolk.com>
**Date:** Friday, December 21, 2018 at 10:47 AM
**To:** Mark Pifko <MPifko@baronbudd.com>
**Cc:** Sterling Cluff <scluff@baronbudd.com>, Jay Lichter <jlichter@baronbudd.com>, Evan
Janush <Evan.Janush@LanierLawFirm.com>, Neil MacBride <neil.macbride@davispolk.com>,
Gabriel Jaime-Bettan <gabriel.jaime@davispolk.com>, Cristina Rincon
<cristina.rincon@davispolk.com>
**Subject:** RE: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Mark –

In order to better assess this, can you let us know which issues you intend to raise?

Regards,
Brian

---

**Brian S. Weinstein**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4972 tel  |  +1 212 701 5972 fax
brian.weinstein@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Mark Pifko [mailto:MPifko@baronbudd.com]
**Sent:** Friday, December 21, 2018 1:43 PM
**To:** Weinstein, Brian S.
**Cc:** Sterling Cluff; Jay Lichter; Evan M. Janush; MacBride, Neil H.; Jaime-Bettan, Gabriel; Rincon, Cristina
M.
**Subject:** Re: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Brian,

We propose submitting a brief on Friday of next week.  How long would you like to provide a
response?  We can do the briefing internally by letter and then, submit our letters at the same time, in
one submission, to the Special Master in the MDL.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

2

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge  | New Orleans  | Los Angeles
San Diego | New Jersey | New York  | Washington, D.C.

---

**From:** Mark Pifko <MPifko@baronbudd.com>
**Date:** Wednesday, December 19, 2018 at 5:54 PM
**To:** Brian Weinstein <brian.weinstein@davispolk.com>
**Cc:** Sterling Cluff <scluff@baronbudd.com>, Jay Lichter <jlichter@baronbudd.com>, Evan
Janush <Evan.Janush@LanierLawFirm.com>, Neil MacBride <neil.macbride@davispolk.com>,
Gabriel Jaime-Bettan <gabriel.jaime@davispolk.com>, Cristina Rincon
<cristina.rincon@davispolk.com>
**Subject:** Re: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Thanks for the response Brian.  Your request is reasonable.  We will give you a proposal on a briefing
schedule and you can let us know what works for you.  We do not intend to burden you with a brief that
calls for you to respond over the holidays.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge  | New Orleans  | Los Angeles
San Diego | New Jersey | New York  | Washington, D.C.

---

**From:** Brian Weinstein <brian.weinstein@davispolk.com>
**Date:** Wednesday, December 19, 2018 at 8:43 PM
**To:** Mark Pifko <MPifko@baronbudd.com>
**Cc:** Sterling Cluff <scluff@baronbudd.com>, Jay Lichter <jlichter@baronbudd.com>, Evan
Janush <Evan.Janush@LanierLawFirm.com>, Neil MacBride <neil.macbride@davispolk.com>,
Gabriel Jaime-Bettan <gabriel.jaime@davispolk.com>, Cristina Rincon
<cristina.rincon@davispolk.com>
**Subject:** RE: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Mark –

We have tried to be reasonable and have been willing to do a very extensive review of documents, and
have simply tried to avoid having to review hundreds of thousands of emails that are not genuinely
related to the allegations in the lawsuit and to your requests for production.  Your failure to address the
arguments in our December 7 letter about the overbreadth of your search terms and your other
positions, or even make a counter-proposal, is troubling.  To the extent you intend to file a motion to
compel, rather than make a counter-proposal, HDA is entitled to litigate that motion in the jurisdiction
where HDA is located.  However, HDA would be willing to consider waiving that right and consenting to
litigate any such motion in the MDL if plaintiffs are willing to agree to a briefing schedule that will give

3

HDA adequate time to review plaintiffs' submission and prepare its own, mindful of the impending Christmas and New Year's holidays.  We assume that plaintiffs are prepared to serve their brief imminently.  We would again encourage you to help us reach a reasonable resolution of our disputes, but in the event you remain determined to file your motion, please let us know when you would propose to submit your brief and we will let you know when we would propose to submit ours, and we can see if we can reach an agreement.  In the meanwhile, HDA reserves all rights.

Regards,
Brian

**Brian S. Weinstein**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4972 tel  |  +1 212 701 5972 fax
brian.weinstein@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Mark Pifko [mailto:MPifko@baronbudd.com]
**Sent:** Monday, December 17, 2018 2:40 PM
**To:** Rincon, Cristina M.
**Cc:** Sterling Cluff; Jay Lichter; Evan M. Janush; MacBride, Neil H.; Weinstein, Brian S.; Jaime-Bettan, Gabriel
**Subject:** Re: In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Brian and Cristina,

Our discussions are at an impasse.  Please advise whether you will consent to the jurisdiction of the MDL for a motion to compel compliance with the subpoena.  If you are unwilling to do so, please let us know why.  As you know, this is not your typical case and the MDL court would be best suited to address our dispute.  The MDL court has an appointed Special Master who can hear our discovery dispute promptly and with minimal burden to either side.  Given your asserted concerns about burden, I would expect that a less burdensome process would be of interest.

**Mark Pifko**
Baron & Budd, P.C. | Shareholder

818.839.2333 main
818.839.2325 direct
310.467.7799 mobile

www.baronandbudd.com

Dallas | Austin | Baton Rouge | New Orleans | Los Angeles
San Diego | New Jersey | New York | Washington, D.C.

**From:** Cristina Rincon <cristina.rincon@davispolk.com>
**Date:** Friday, December 7, 2018 at 5:48 PM
**To:** Mark Pifko <MPifko@baronbudd.com>
**Cc:** Sterling Cluff <scluff@baronbudd.com>, Jay Lichter <jlichter@baronbudd.com>, Evan

Janush <Evan.Janush@LanierLawFirm.com>, Neil MacBride <neil.macbride@davispolk.com>,
Brian Weinstein <brian.weinstein@davispolk.com>, Gabriel Jaime-Bettan
<gabriel.jaime@davispolk.com>
**Subject:** In re: National Prescription Opiate Litigation, N.D. Ohio, 17-md-02804

Mark,

Please see the attached correspondence regarding the above matter.  We are enclosing a search term
hit report for Plaintiff's November 20 proposed terms and HDA's December 7 counter-proposed
terms.  Additionally, we are enclosing an amended search term hit report for Plaintiffs' September 10
proposed terms and HDA's October 2 counter-proposed terms.  The version of this chart that we sent to
you on October 29 contained incorrect hit counts for some of Plaintiffs' individual search terms.  The
overall number of documents brought in by Plaintiffs' September 10 proposed search terms—756,628—
remains the same.

Regards,
Cristina

**Cristina M. Rincon**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 3037 tel  |  +1 212 701 6037 fax
cristina.rincon@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise
protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of
this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is
strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies.
Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com .