# Exhibit 1

# October 18, 2012 DEA Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| IN RE: ADMINISTRATIVE SUBPOENA | ) ) ) ) ) ) ) ) ) ) ) ) | Miscellaneous Action No. 1:12-MC-43 (JCC/IDD) |

## RESPONDENT DRUG ENFORCEMENT ADMINISTRATION'S SUPPLEMENTAL FILING

Respondent Drug Enforcement Administration ("DEA") hereby makes this supplemental filing to advise the Court of newly-discovered evidence. In this miscellaneous action, Movant Walgreen Co. ("Walgreens") seeks a court order compelling DEA to return documents that Walgreens claims are subject to attorney-client privilege. This evidence, which DEA discovered on October 17, 2012, conclusively establishes that even if the materials were privileged, that privilege has been waived.

As explained in the attached declaration, Walgreens voluntarily disclosed to a competitor, Cardinal Health, Inc. ("Cardinal"), the September 13, 2012 Immediate Suspension Order ("ISO") DEA issued to Walgreens' distribution facility in Jupiter, Florida.[1] The ISO contains the putatively privileged materials at issue in this litigation. By email dated September 14, 2012 at 12:58 p.m., Walgreens' general counsel, Thomas Sabatino, sent an unredacted version of the

---

[1] A copy of the ISO has been previously filed with the Court under seal. *See* DEA's Opp'n Exs. 6; Second Declaration of Scott Lawson, ¶ 9 (attached as Exhibit A). Because many of the documents Cardinal has produced to DEA contain the privileged material at issue here, (such as the unredacted version of the ISO), in this public filing DEA has only attached a subset of the documents Cardinal produced to DEA.

ISO, to Craig Morford, Cardinal's Chief Legal and Compliance Officer. *See* Second Declaration of Scott Lawson, attached as Exhibit A ("Second Lawson Decl."), Ex. C at CAH-WAGS 00001.

This disclosure constitutes an intentional waiver of the attorney-client privilege. Walgreens obviously has no attorney-client relationship with its competitors. The ISO contains the privileged materials at issue in this litigation, and the copy of the ISO Cardinal produced to DEA on October 17, 2012, contains no redactions. Second Lawson Decl. ¶¶ 8-9.

Although Walgreens tried to claw back this document from Cardinal Health after disclosing it, Walgreens cannot credibly argue that it made this disclosure inadvertently. Walgreens sent DEA a letter by U.S. Mail dated September 10, 2012 (postmarked September 12) in which it requested that DEA return certain material that Walgreens claimed was privileged. *See* DEA's Opp'n Exs. 7, 9. DEA served the ISO on Walgreens on September 14, 2012.[2] *See* DEA's Opp'n Ex. A ¶ 15. Thus, within days of having asserted attorney-client privilege over the materials Walgreens produced to DEA, Walgreens knowingly and intentionally gave that same putatively privileged material to a competitor. Under these circumstances, Walgreens' disclosure was inarguably voluntary, and Walgreens has therefore waived any claim of attorney-client privilege it might otherwise have had. *See, e.g.*, *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter."); *Sheet Metal Workers Intern. Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994) ("if any privilege or

---

[2] Upon reviewing the ISO, Walgreens' outside counsel on September 14, 2012 requested that DEA return the putatively privileged material that the ISO mentions, emailing to DEA a copy of the letter dated September 10. *See* DEA's Opp'n Ex. 7.

2

expectation of confidentiality had existed, [the party asserting privilege] waived it by transmitting the documents to parties outside of [the attorney-client] relationship"); *Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) (same); *In re Grand Jury Subpoena*, 341 F.3d 331, 336 (4th Cir. 2003) (same); *United States v. Dakota*, 197 F.3d 821, 825-26 (6th Cir. 1999) ("The attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties.").

Even if this Court were to conclude that Walgreens' disclosure of the unredacted ISO to Cardinal was somehow inadvertent, that fact would be immaterial to the waiver analysis. The nature of disclosure (*i.e.*, whether the disclosure was intentional or inadvertent) does not matter for purposes of Walgreens' disclosure of the ISO to Cardinal — a voluntary disclosure that occurred outside of litigation. "[T]he evidentiary attorney-client privilege arises only where disclosures are sought to be compelled in some litigation. . . . [T]he evidentiary attorney-client privilege does not control where disclosures occur, or potential disclosures are contemplated, in circumstances involving uncompelled disclosure and no judicial scrutiny." *X Corp. v. Doe*, 805 F.Supp. 1298, 1309 (E.D. Va. 1992). Furthermore, because Walgreens' disclosure of the ISO to Cardinal was not "made in a federal proceeding or to a federal office or agency," Federal Rule of Evidence 502 does not apply. *See also* Fed. Rule Evid. 502, Advisory Note. ("While establishing some exceptions to waiver, [Federal Rule of Evidence 502] does not purport to supplant applicable waiver doctrine generally."). Under the case law prior to Federal Rule of Evidence 502, Walgreens' disclosure (inadvertent or not) destroyed any claim of privilege. *United States v. Jones,* 696 F.2d 1069 (4th Cir. 1982) ("any voluntary disclosure by the client to a third party waives the privilege"); *In re Grand Jury Investigation,* 604 F.2d 672,

3

675 (D.C. Cir. 1979) ("An intent to waive [the attorney-client] privilege is not necessary for such a waiver to occur.").

In any event, Walgreens cannot seriously argue that its efforts to prevent this disclosure were reasonable. It is inexplicable how Walgreens could have mistakenly produced the same putatively privileged material *twice*. *See Eigenheim Bank v. Halpern*, 598 F. Supp. 988, 992 (S.D.N.Y. 1984) ("The Court may have been willing to find mere inadvertence in defendants' first production of the document. A second bite of the apple, however, defendants cannot have."). Walgreens furthermore did not seek to claw back the unredacted version of the ISO from Cardinal until October 1, 2012 — *three weeks* after it sought to claw back the same material from DEA by its letter dated September 10 — just two days prior to Walgreens' initiation of this action. *See* Second Lawson Decl. Ex. D at CAH-WAGS 00017 (Email from Thomas Sabatino to Craig Morford dated October 1, 2012 at 4:28 p.m.). Walgreens cannot argue that this delay was to evaluate the ISO for privilege; Walgreens claims to have completed that review by September 10, 2012. *See* DEA's Opp'n Ex. 7.

For these reasons, and for all of the reasons stated in DEA's previously-filed opposition, this Court should deny Walgreens' request to compel DEA to return the documents at issue.

Washington, D.C.
October 18, 2012

        Respectfully submitted,

        STUART F. DELERY
        Acting Assistant Attorney General

        NEIL H. MacBRIDE
        United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch

C. LEE REEVES, II
HECTOR G. BLADUELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7308
Washington, D.C. 20530
Tel: (202) 514-4805
Fax: (202) 616-8470

_____/s/_____
Bernard Kim
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3911 (direct)
(703) 299-3983 (fax)
bernard.kim@usdoj.gov

*Counsel for U.S. Drug Enforcement Administration*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2012, I will file the foregoing using the CM/ECF system, which will send a notification of such filing to the following:

Abid Riaz Qureshi
Latham & Watkins LLP
555 11th St NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200
Email: abid.qureshi@lw.com
*Attorney for Walgreen Co.*

/s/
Bernard Kim
Assistant U.S. Attorney
*Attorney for the*
*U.S. Drug Enforcement Administration*

# EXHIBIT A

## SECOND DECLARATION OF SCOTT LAWSON

I, Scott Lawson, declare the following to be a true and correct statement of facts:

1. I am a Senior Attorney in the Office of the Chief Counsel of the Drug Enforcement Administration ("DEA"). I am currently assigned to the Diversion and Regulatory Litigation Section. My responsibilities include investigating distributors of controlled substances regulated by DEA to ensure compliance with their obligation to prevent the diversion of controlled substances into illegitimate uses.

2. Due to the nature of my official duties, I am familiar with the particular issues at this litigation. Specifically, I was involved in the investigation of Walgreen Co.'s ("Movant" or "Walgreens") practices regarding its distribution of controlled substances out of its distribution center in Jupiter, Florida. I am also involved in the investigation of Walgreens' distribution practices in Orlando, Florida, as well as DEA's investigation into several Walgreens' pharmacies listed in the ISO DEA recently issued to Walgreens' distribution facility in Jupiter, Florida.

3. I have provided this second declaration to provide the Court with recently-discovered additional evidence concerning Walgreens' waiver of the attorney-client privilege. The statements that follow are made on the basis of my review of DEA's official files and records, my personal knowledge, and information I acquired in performing my official duties.

4. On September 13, 2012, DEA issued an Immediate Suspension Order to Walgreens' distribution facility located in Jupiter, Florida. Prior to its suspension, this facility distributed, among other things, Schedule II controlled substances to over 800 Walgreens retail pharmacies in Florida and Schedule III-V controlled substances to a smaller number of Walgreens' retail pharmacies in the southern half of Florida. While

Walgreens distribution centers are the primary suppliers of controlled substances to Walgreens retail pharmacies, other distributors, such as Cardinal Health, also supply these pharmacies.

5. In the wake of this suspension, Walgreens did not have a distribution center legally authorized to supply Schedule II controlled substances to any Walgreens pharmacy in Florida, including the six pharmacies at which DEA executed administrative inspection warrants on April 4, 2012 and which remain under investigation. Thus, to remain able to dispense Schedule II controlled substances, Walgreens' Florida retail pharmacies had to find an alternative distributor, such as Cardinal Health.

6. By email sent on September 26, 2012, Cardinal Health informed DEA officials in the Office of Diversion Control that it had identified eight Walgreens pharmacies at which Cardinal had decided to suspend all controlled substance sales, based on its determination that further sales at these pharmacies created an "unreasonable risk for potential diversion." A copy of this email is attached to this declaration as Exhibit B. I understand from DEA's Office of Diversion Control that it is a routine practice for distributors of controlled substances to inform DEA Headquarters when they make a decision to suspend sales to a particular pharmacy. The eight pharmacies to which Cardinal elected to suspend sales are the six pharmacies identified by name in the Walgreens Immediate Suspension Order, plus two others referenced, but not directly named, in that ISO.

7. Because I am involved in the ongoing investigation of these particular pharmacies, I was interested in learning what information Cardinal used to make this decision. Distributors commonly maintain "due diligence" files on individual customers

2

in which the distributors document their statutory and regulatory obligations to ensure that the customers to whom they are supplying controlled substances are not engaged in the diversion of those substances. Through another attorney in my office who had recently concluded diversion litigation with Cardinal, I asked for all information in Cardinal's possession on which it based its decision to suspend sales to these pharmacies. This attorney first communicated on my behalf with an attorney for Cardinal, James Wooley, and I thereafter had direct communications with Mr. Wooley, by email and by phone. I did not issue a subpoena to Cardinal for this information, as it had recently entered into a Memorandum of Agreement with DEA in which it agreed to cooperate with DEA in investigations of its customers and to produce records upon request.

8. On October 17, 2012, in partial response to DEA's request for Cardinal's due diligence files, Mr. Wooley, Cardinal's outside counsel provided me with a copy of the ISO DEA had issued to Walgreens' Jupiter facility. Cardinal's due diligence files produced to DEA indicate that Walgreens produced a copy of the ISO to Cardinal on September 14, 2012. Specifically, Cardinal's due diligence files reflect that by email dated September 14, 2012 at 12:58 p.m., Walgreens' general counsel, Thomas Sabatino, sent an unredacted version of the ISO, to Craig Morford, Cardinal's Chief Legal and Compliance Officer. A copy of this email is attached to this declaration as Exhibit C, and is Bates-stamped WAG 00001. Cardinal's due diligence files also reflect that on October 1, 2012, Walgreens requested that Cardinal return all copies of the unredacted ISO Walgreens had sent. A copy of this email is attached to this declaration as Exhibit D, and is Bates-stamped WAG 00017.

3

9. The due diligence files Cardinal produced on October 17, 2012 contain the ISO in two forms: one version contains no redactions; a separate version contains redactions. The unredacted version Cardinal provided to me is identical to the one DEA has provided to this Court in connection with Walgreens' assertion of privilege.

I hereby certify that the foregoing is true and correct.

Date: 10/18/12

SCOTT LAWSON

4

# EXHIBIT B

# Reeves, Lee (CIV)

**From:** Lawson, Scott (DEA-US)
**Sent:** Thursday, October 18, 2012 10:15 AM
**To:** Reeves, Lee (CIV)
**Subject:** Fw: Suspension of Controlled and Monitored Substance Sales

---

**From:** Levin, Leonard B.
**Sent:** Thursday, October 18, 2012 10:12 AM
**To:** Lawson, Scott
**Subject:** FW: Suspension of Controlled and Monitored Substance Sales

**From:** Mayeski, Ullrich [mailto:ullrich.mayeski@cardinalhealth.com]
**Sent:** Wednesday, September 26, 2012 05:32 PM
**To:** Levin, Leonard B.
**Subject:** Suspension of Controlled and Monitored Substance Sales

## Suspension of Controlled and Monitored Substances Sales

Please note that Cardinal Health has identified the pharmacies listed below as entities for which Controlled and Monitored Substance sales create an unreasonable risk for potential diversion. Cardinal Health has suspended the sales of all controlled substances to these stores. Cardinal Health's decision to discontinue distribution of controlled substances to a customer does not necessarily indicate that Cardinal Health has found evidence that the customer is engaged in the diversion of controlled substances. If evidence warrants reinstatement of a customer due to additional information received or corrective action(s) taken by that customer, Cardinal Health may resume distribution of controlled substances to that customer.

| DEA # | Store | Store # | Address | City | ST | Zip code |
|---|---|---|---|---|---|---|
| BW4713992 | WALGREEN CO. | 3629 | 12028 MAJESTIC BLVD. | HUDSON | FL | 34667 |
| BW5872494 | WALGREEN CO. | 4391 | 2501 VIRGINIA AVE. | FT PIERCE | FL | 34981 |
| BW8487438 | WALGREEN CO. | 6997 | 785 LOCKWOOD BLVD | OVIEDO | FL | 32765 |
| BW6561270 | WALGREEN CO. | 4727 | 4950 S US HWY 1 | FT PIERCE | FL | 34952 |
| AW8830247 | WALGREEN CO. | 3836 | 9332 US HIGHWAY 19 | PORT RICHEY | FL | 34668 |
| AW1366877 | WALGREEN CO. | 3099 | 1525 COLONIAL BLVD | FT MYERS | FL | 33907 |
| AW3028304 | WALGREEN CO. | 5018 | 1213 PALM BAY ROAD NE | MELBOURNE | FL | 32905 |
| BW1548760 | WALGREEN CO. | 7298 | 7815 S US HWY 17/92 | FERN PARK | FL | 32730 |

1

Ullrich C. Mayeski
Director, Quality & Regulatory Affairs
Cardinal Health
(614) 757-7544 (office)
(614) 553-9640 (fax)
ullrich.mayeski@cardinalhealth.com

---

This message is for the designated recipient only and may contain privileged, proprietary or otherwise private information. If you have received it in error, please notify the sender immediately and delete the original. Any other use of the email by you is prohibited.

Dansk - Deutsch - Espanol - Francais - Italiano - Japanese - Nederlands - Norsk - Portuguese - Chinese Svenska: www.cardinalhealth.com/legal/email

# EXHIBIT C

## FW: Can you call me. Important.

**Morford, Craig**
**Sent:** Friday, September 14, 2012 12:59 PM
**To:** Barber, D. Linden [linden.barber@quarles.com]; Goldsand, Corey; Giacalone, Robert; Falk, Steve; Bennett, Jeff
**Attachments:** Jupiter Signed ISO 9-13-12.pdf (158 KB)

Craig Morford
Chief Legal and Compliance Officer
Cardinal Health | 7000 Cardinal Place | Dublin, OH 43017
Tel: 614.757.7295 | Fax: 614.553.5529 | craig.morford@cardinalhealth.com

-----Original Message-----
From: Sabatino, Thomas [mailto:thomas.sabatino@walgreens.com]
Sent: Friday, September 14, 2012 12:58 PM
To: Morford, Craig
Subject: RE: Can you call me. Important.

Craig -

Here is the Order to Show Cause - the specific listing is on pg 6. I believe these are all stores in which we have already stopped selling.

Many thanks for your help!!

Tom


-----Original Message-----
From: Morford, Craig [mailto:craig.morford@cardinalhealth.com]
Sent: Friday, September 14, 2012 11:30 AM
To: Sabatino, Thomas
Subject: Can you call me. Important.

Cell 614-657-9684

Sent from my iPhone

---

This message is for the designated recipient only and may contain privileged, proprietary or otherwise private information. If you have received it in error, please notify the sender immediately and delete the original. Any other use of the email by you is prohibited.

Dansk - Deutsch - Espanol - Francais - Italiano - Japanese - Nederlands - Norsk - Portuguese - Chinese
Svenska: www.cardinalhealth.com/legal/email

WAGS
CAH-00001

10/16/2012

# EXHIBIT D

## FW: Redacted ISO
Morford, Craig
Sent: Tuesday, October 02, 2012 1:09 PM
To: Goldsand, Corey
Attachments: Jupiter ISO (redacted).pdf (830 KB)

**From:** Sabatino, Thomas [mailto:thomas.sabatino@walgreens.com]
**Sent:** Monday, October 01, 2012 4:28 PM
**To:** Morford, Craig
**Subject:** FW: Redacted ISO

Craig – Attached is the ISO we received from the DEA, redacted to delete privileged communications. I hope that this will help with your continued support of our lawful distribution.

Thanks very much.

Tom

**From:** Pinon, Dwayne
**Sent:** Monday, October 01, 2012 2:34 PM
**To:** Sabatino, Thomas
**Subject:** Fw: Redacted ISO

Tom: Per your request. I just received the attached from Latham and Watkins.

**From:** William.Sloan@lw.com [mailto:William.Sloan@lw.com]
**Sent:** Monday, October 01, 2012 01:36 PM
**To:** Pinon, Dwayne
**Cc:** Phil.Perry@lw.com <Phil.Perry@lw.com>
**Subject:** RE: Redacted ISO

Dwayne,

Attached please find a redacted version of the ISO.

Best,
Billy

William M. Sloan*

LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Direct Dial: +1.202.637.2306
Fax: +1.202.637.2201
Email: william.sloan@lw.com
http://www.lw.com
*Admitted only in Illinois. Not yet admitted to the DC Bar; all work supervised by a member of the DC Bar.

**From:** Pinon, Dwayne [mailto:dwayne.pinon@walgreens.com]
**Sent:** Monday, October 01, 2012 1:52 PM

10/16/2012

WAGS
CAH-00017