# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et. al.*<br>Case No. 17-op-45004<br><br>*The City of Cleveland v. AmerisourceBergen Drug Corp., et. al.*<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster<br><br><br>Special Master David R. Cohen |

### ORDER COMPELLING NON-PARTY UNITED HEALTHCARE SERVICES, INC. TO CONSENT TO THE PRODUCTION OF CERTAIN MEDICAL CLAIMS DATA IN TRACK ONE CASES

WHEREAS, in Case Management Order No. 1 [Dkt. 232], this Court authorized discovery to proceed in the following three actions (the "Track One Cases"): (1) *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio); and

WHEREAS, Case Management Order No. 2 [Dkt. 441] authorized disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. § 160.103; and

WHEREAS, Special Master David Cohen and the Court have ordered plaintiffs in the Track One Cases (the "Track One Plaintiffs") to produce certain medical and prescription claims information for any patient who received an opioid prescription, including records of medical treatment for that patient where no opioid prescription was provided, including but not limited to

claims made by Track One Plaintiffs' employees, employees' dependents, incarcerated persons, retirees, and pension fund beneficiaries ("Claims Data"), in its Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, pursuant to those Orders, Track One Plaintiffs have produced certain Claims Data to Defendants in this action and will be reproducing such Claims Data in an agreed format within the next week; and

WHEREAS, Track One Plaintiffs are working with Rawlings Financial Services, LLC ("Rawlings") to produce the Claims Data in the agreed format; and

WHEREAS, Rawlings is in possession of certain United HealthCare Services, Inc. ("United") medical claims information associated with individuals who were insured under insurance plans provided by Cuyahoga County (the "Rawlings/United Claims Data"); and

WHEREAS, Defendant Allergan Finance, LLC issued a subpoena to non-party United on November 16, 2018 (the "Allergan Subpoena") requesting the production of, *inter alia*, the Rawlings/United Claims Data; and

WHEREAS, United timely objected to the Allergan Subpoena, including its request for the Rawlings/United Claims Data, on the grounds that, *inter alia*, it was overbroad and called for the production of data in which non-parties have a legitimate expectation or right of privacy that outweighs any possible basis for production; and

WHEREAS, on March 1, 2019 Special Master Cohen ordered United to appear telephonically before Special Master Cohen on March 6, 2019 and show cause as to why the Court should not order United to immediately produce the Rawlings/United Claims Data in this action or otherwise coordinate the production of such data consistent with Track One Plaintiffs'

production of the Claims Data pursuant to the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, the above-referenced hearing having taken place and Special Master Cohen having heard United's objections to producing the Rawlings/United Claims Data, including, *inter alia*, United's objections concerning the scope of the production and patient privacy under 42 C.F.R. Part 2, 45 C.F.R. 164.514(d), and 45 C.F.R. 164.502(b), which provides that "When using or disclosing protected health information . . . a covered entity . . . must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request";

IT IS HEREBY ORDERED that United's objections to producing the Rawlings/United Claims Data are overruled and United is compelled to immediately provide the necessary consent to Rawlings to allow Rawlings to immediately produce the Rawlings/United Claims Data in its possession for any patient Rawlings determines to have received an opioid prescription and as otherwise consistent with Track One Plaintiffs' production of the Claims Data pursuant to the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]. Any and all costs associated with the production of the Rawlings/United Claims Data under this Order are to be borne by Defendants and/or Track One Plaintiffs as appropriate.

IT IS SO ORDERED.

                                              /s/ David R. Cohen
                                              **David R. Cohen**
                                              **Special Master**

**Dated: March 6, 2019**