UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| | ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| *All Cases* | ) ) | |
| | ) ) ) ) ) ) ) | PLAINTIFFS' RESPONSE TO AND REQUEST TO STRIKE THE OBJECTION OF NONPARTY HEALTHCARE DISTRIBUTION ALLIANCE TO DISCOVERY RULING NO. 14, PART 3 |

On behalf of the Plaintiffs' Executive Committee, the undersigned files this Response to the Objection of Nonparty Healthcare Distribution Alliance to Discovery Ruling No. 14, Part 3, Doc. #: 1416.

On February 12, 2019, Special Master Cohen issued Discovery Ruling No. 14, Part 3, Regarding Common Interest Privilege (Agenda Item No. 154) (the "HDA Ruling"). Doc. #: 1359. Three weeks later, on March 5, 2019, the Healthcare Distribution Alliance ("HDA") filed a document styled as an "objection" the "HDA Ruling. Doc. #: 1416. However, by its own admission, HDA's "objection" is not objection, but rather a placeholder, which was filed "in an abundance of caution . . . in order to avoid any suggestion of untimeliness." Doc. #: 1416. Moreover, irrespective of how the document is captioned, the HDA improperly relies entirely on new arguments which were not presented to Special Master Cohen. Therefore, consistent with this Court's prior rulings, the Court should (1) strike HDA's objection, (2) hold that HDA, and all other parties to this litigation who may have an interest in the HDA Ruling, waived their right to assert any objections they may have concerning the HDA Ruling by failing to timely file an

1

objection that complies with the procedures established by the Court, and (3) deem the HDA Ruling approved, accepted, and ordered by the Court.

Two previously issued Orders govern this dispute and require that the Court grant Plaintiffs' motion. First, with respect to seeking review by the District Court of any rulings issued by the Special Master, this Court held as follows:

> Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Masters within 21 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Masters' orders, findings, reports, rulings, or recommendations. Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Special Masters shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

Doc. #: 69 at 4-5 (the "Appointment Order"). Furthermore, with respect to raising new arguments in an objection, on February 8, 2019, this Court also held as follows:

> Submitting new evidence, case law, or legal theories to the Court for *de novo* review in an objection to a special master's ruling without first submitting them to the special master undermines this purpose and wastes judicial resources. Therefore, going forward, the Court will strike any party's objection to a special master's ruling that raises, for the first time before the Court, new evidence or legal theories not first provided to the special master for consideration.

Doc. #: 1349 at 2. In light of the above, HDA's improper filing must be stricken.

First, HDA's two page filing and eighty-three pages of exhibits do not provide any legal or evidentiary argument purporting to be an objection. Instead, HDA's filing is merely an improper placeholder which is not only not permitted by the Federal Rules of Civil Procedure or any Order of this Court. On the contrary, rather than comply with the Federal Rules of Civil Procedure or the Orders of this Court, HDA has done nothing more than submit "a letter brief (Ex. 2) and the accompanying declaration of Elizabeth A. Gallenagh, Esq., General Counsel for

HDA (Ex. 2-A), to Special Master Cohen for his consideration in the first instance." Doc. #: 1416 at 1.  Adding insult to injury, notwithstanding the filing's facial non-compliance with the Appointment Order, HDA cleverly feigns compliance by styling its request to Special Master Cohen as an "objection" in hopes that such language will, by its own words, "avoid any suggestion of untimeliness." *Id*.

Second, HDA's improper filing must be stricken because it does not comply with the Court's February 8 Order, which prohibits litigants from raising new arguments in an objection. Doc. #: 1349 at 2.  Notably absent from the Court's February 8 Order is any statement that permits litigants to run out the twenty-one-day deadline to file objections and then submit letters to Special Master Cohen asking for reconsideration based on allegedly "new" evidence," while preserving their objections with placeholder filings.  Permitting HDA to do so here establishes bad precedent that flaunts the procedure already established by the Court and adds unnecessary delay and multiplication to these proceedings.  In fact, unlike Walgreens and Cardinal Health who objected to Special Master Cohen's rulings using arguments based on newly raised issues of law and evidence -- a procedure that the Court had not previously addressed -- HDA followed a path it knew was prohibited.[1]

Moreover, even if styled as a request for reconsideration to Special Master Cohen, HDA's arguments still must fail.[2]  The case law cited in HDA's letter brief is not "new," and the declaration of Elizabeth A. Gallenagh, Esq. is fatally inadmissible under multiple rules of

---

[1] The record is clear that prior to filing its "objection," the HDA was well aware of the Court's ruling prohibiting the "[submission of] new evidence, case law, or legal theories to the Court" in connection with an objection.  *See* Doc#: 1416-2 at 1.

[2] Unless instructed otherwise by the Court, the PEC will be submitting a separate response to Special Master Cohen that requests that the Special Master reject HDA's belated, improper attempt to seek reconsideration of the HDA Ruling.

evidence, nor is it "new," as that term is defined in the law.  At bottom, HDA had ample opportunity to present its position to Special Master Cohen.  The parties agreed to a briefing schedule, under which HDA submitted a ten–page brief on January 11, 2019, and on January 16, 2019, HDA also filed an unauthorized sur-reply, all of which was part of the record that provided the basis for Special Master Cohen's ruling.  Doc. #: 1359.  There is no reason why HDA could not have provided the Gallenagh Declaration and all relevant case authority in connection with its original submissions to Special Master Cohen.  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Chafflose Corp. v. 3M Innovation*, 1:10-CV-2178, 2010 WL 4318872, *1 (N.D. Ohio Oct. 27, 2010) (Polster, J.) (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio, 1996) (internal citations omitted)).

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) strike HDA's improper filing (Doc. #: 1416 and all exhibits thereto); (2) hold that HDA and all parties waived objection to the HDA Ruling; and (3) deem the HDA Ruling "approved, accepted, and ordered by the Court."  Doc. #: 69 at 5.

| | |
|---|---|
| Dated:  March 6, 2019 | /s/ Mark Pifko<br>Mark Pifko<br><br>Mark Pifko<br>Sterling Cluff<br>BARON & BUDD, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Los Angeles, CA  91436<br>(818) 839-2333<br>mpifko@baronbudd.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 6, 2019, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, and will be served via the Court's CM/ECF filing system on all attorneys of record.

| | |
|---|---|
| Dated:  March 6, 2019 | /s/ Mark Pifko <br> Mark Pifko |