IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et. al.*<br>Case No. 17-op-45004<br><br>*The City of Cleveland v. AmerisourceBergen Drug Corp., et. al.*<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**ORDER GOVERNING PRODUCTION OF MEDICAL AND
PHARMACY CLAIMS DATA IN TRACK ONE CASES**

WHEREAS, in Case Management Order No. 1 [Dkt. 232], this Court authorized discovery to proceed in the following three actions (the "Track One Cases"):  (1) *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio); and

WHEREAS, Case Management Order No. 2 [Dkt. 441] authorized disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. § 160.103; and

WHEREAS, Special Master David Cohen and the Court have ordered plaintiffs in the Track One Cases (the "Track One Plaintiffs") to produce certain medical and pharmacy insurance claims information associated with individuals who reside in the jurisdiction ("Claims Data"),

including in the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, pursuant to those Orders, Track One Plaintiffs have produced certain Claims Data to Defendants in this action; and

WHEREAS, the Parties have met and conferred concerning the production of additional Claims Data, and Plaintiffs have stated that this Order is necessary to facilitate the production of such Claims Data consistent with applicable Federal privacy regulations and rules.

IT IS HEREBY ORDERED that the following provisions shall govern the production of Claims Data in the Track One Cases.

1. **Findings.**  The Court hereby makes the following findings with respect to the production of Claims Data:

    a. Good cause exists for the entry of this Order.

    b. Alternative methods of obtaining this information set forth in the Claims Data are not available or would not be effective.

    c. The public interest and the need for disclosure of this information, subject to the restrictions set forth herein, outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

    d. Only those parts of the patients' records that are essential to fulfill the objective of this Order shall be disclosed.  The fields included in Exhibit 1 are considered essential and shall be produced to the extent available.

    e. As stated in the Court's November 21, 2018 Order [Dkt. 1147], the Track One plaintiffs will produce all opioid-related claims data not implicated by Title 42, Part 2 of the Code of Federal Regulations ("Part 2"), with individual-identifying information.

    f. As stated in the Court's November 21, 2018 Order [Dkt. 1147], Plaintiffs must produce all claims data that is implicated by Part 2, de-identified as to individual information.  Plaintiffs shall de-identify only the fields specifically identified for de-identification in Exhibit 1, but should de-identify all medical and pharmacy claims associated with any individual who has one or more medical or pharmacy claims implicated by Part 2.

2

    g.    Only those individuals who require the information for purposes of this litigation (as described below) may receive Claims Data produced pursuant to this Order.

    h.    The procedures set forth herein are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services.

2.    **Destruction of Prior Produced Claims Data.**  In Order to facilitate the production of Claims Data as provided herein, all Defendants shall delete, destroy or return all versions of prior-produced Claims Data, identified in Exhibit 2, and the entirety of "Exhibit A" and "Exhibit B" appended to Track One Plaintiffs' responses to Manufacturer Interrogatories Nos. 6, 7 and 10 and Pharmacy Interrogatories Nos. 2 and 3 upon receipt from Plaintiffs of the corresponding Claims Data, Exhibit A, and Exhibit B in a format that complies with this Order .  Such destruction is necessary in order to ensure that de-identified data produced pursuant to this Order cannot be identified using prior produced Claims Data.

3.    **Designation.**  Claims Data produced pursuant to this Order shall be produced with the following legend appearing in either the title of the electronic file or on the face of the document: "CONFIDENTIAL HEALTH CARE CLAIMS DATA – ACCESS RESTRICTED TO ATTORNEYS AND EXPERTS."

4.    **Restrictions on Disclosure.**  All Claims Data produced pursuant to this Order shall be disclosed only to:  (i) Outside Counsel for the parties in this action; (ii) in-house counsel for Defendants in this action with responsibility for overseeing this litigation; (iii) consulting and testifying experts retained specifically to provide services in this action; and (iv) court personnel and staff, including the Special Masters appointed in this action and their assistants.  No other individuals shall be permitted to access Claims Data, and all parties shall institute reasonable and appropriate steps to prevent against unauthorized disclosure of Claims Data.

5.      **Breach Notification.**  In the event that any Party learns of the unauthorized disclosure of Claims Data subject to this Order, such Party shall provide prompt notification of the breach to counsel for each of the Track One Plaintiffs, such notice to include:  (1) the date of the breach; (2) the circumstances of the breach; (3) the identity or identities of the unauthorized recipients; and (4) all steps taken or planned to remedy the breach.

6.      **Restrictions on Seeking to Identify De-Identified Information.**  The Parties have agreed that some portion of the Claims Data will be produced in de-identified form, including data subject to federal privacy restrictions (e.g. Title 42, Part 2 of the Code of Federal Regulations) and claims data associated with prescriptions and individuals identified in response to Manufacturer Interrogatories Nos. 6, 7 and 10 and Pharmacy Interrogatories Nos. 2 and 3.  All Parties to this action and their counsel are hereby precluded from attempting to identify such de-identified Claims Data, including, but not limited to, using information from the Defendants' own files to seek to ascertain the identities of de-identified patients.

7.      **Limitations on Use.**  All Claims Data produced pursuant to this Order has been produced solely for purposes of this litigation, and shall only be used for purposes of this litigation.

8.      **Restrictions on Third-Party Discovery.**  All prior restrictions on the use of Claims Data in connection with third party discovery remain in effect, including the limitations on third party discovery set forth in Discovery Ruling No. 7, as clarified by the Special Master.

So ordered.

/s/Dan Aaron Polster 3/7/19
_____
U.S. District Judge