## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL 2804** |
| | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | |
| | **Judge Dan Aaron Polster** |
| *All Cases* | |
| | **ORDER** |

Before the Court are Healthcare Distribution Alliance's ("HDA") Objection to Discovery Ruling No. 14, Part 3 and Plaintiffs' Motion to Strike HDA's Objection. **Doc. ##: 1416, 1420** (styled "Plaintiffs' Response to and Request to Strike the Objection of Nonparty Healthcare Distribution Alliance to Discovery Ruling No. 14, Part 3").

The Court has stated that "the purpose of filing Written Objections is . . . to set forth, clearly and concisely, findings . . . that they believe are erroneous or contrary to law."[1] Doc. #: 1032. The Court has also made clear that "the Court will strike any party's objection to a special master's ruling that raises, for the first time before the Court, new evidence or legal theories not first provided to the special master for consideration." Doc. #: 1349 at 2. Finally, the Court has also directed that a party "may file an objection to an order, finding, report, ruling, or recommendation by the Special Masters within 21 calendar days of the date it was filed." Doc. #: 69 at 4-5. The Court has not, however, provided any mechanism by which a party may move a Special Master to

---

[1] The Court's statement was made in the context of the Magistrate Judge's Report and Recommendation but applies equally to the rulings of the Special Maters.

reconsider one of his or her rulings. The only procedural mechanism available to a party, once the Special Master has issued and formalized a ruling, is to timely file an objection with the Court.

By HDA's own admission, its Objection presents new evidence. *See* Doc. #: 1416 at 1. HDA purports to submit this new evidence not to the Court, but to Special Master Cohen, and to have filed it with the Court out of "an abundance of caution." *Id.* However, because there is no procedural mechanism to have new evidence reconsidered by the Special Master, the Court considers them as having been submitted to the Court for consideration. In that regard, and pursuant to its February 8, 2019 Order, the Court **STRIKES** any new evidence produced by HDA for the Court's consideration and **GRANTS** Plaintiffs' Motion to Strike.

In his Ruling, Special Master Cohen concludes that "HDA does not carry its burden of identifying specific facts that show it took 'effective steps to ensure that all [HDA] participants were aware of the need to maintain confidentiality, and to show that mechanisms were in place to accomplish that objective before the information was shared.'" Doc. #: 1359 at 6 (quoting *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 347 (N.D. Ohio 1999)). Having reviewed HDA's objection and exhibits, including the letter brief to Special Master Cohen and accompanying declaration, the Court finds that HDA has not identified any portion of Special Master Cohen's Ruling that it believes is erroneous or contrary to law. Instead, HDA's objection merely cites the declaration of Elizabeth A. Gallenagh as additional, new evidence that satisfies the burden it failed to carry in the first instance before the Special Master. *See* Doc. #: 1416-2 at 3 ("Insofar as the Ruling relied on the absence of evidence relating to underlying facts, HDA now provides such evidence. . . . HDA respectfully submits that those facts satisfy the threshold showing necessary to support the assertion of the common interest privilege.").

The time for HDA to have presented the Gallenagh Declaration was before the Special Master issued Discovery Ruling No. 14, Part 3 on February 12, 2019. The Court concludes that HDA has not raised any substantive objection to any conclusion of law made by the Special Master and its Objection is, therefore, **OVERRULED**.

Accordingly, the Court **AFFIRMS** Special Master Cohen's Discovery Ruling No. 14, Part 3. Doc. #: 1359.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster *March 7, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**