UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804**<br>**CASE NO.: 1:17-MD-2804**<br>**Judge Dan Aaron Polster** |

*THIS DOCUMENT RELATES TO ALL CASES*

## Defendant Kroger's Reply to Plaintiffs' Response to Motion to Modify CMO-1

Plaintiffs' Response (Docket No. 1403) concedes that Defendants have been named in Complaints concerning localities where they never distributed opioids. Pls.' Resp. at 2. Rather than admit their mistake, Plaintiffs instead attempt to justify holding Defendants responsible for conduct that occurred wholly outside of the boundaries of a Plaintiff locality. At the same time, Plaintiffs admit that this is a matter that could be resolved voluntarily. [1] *See* Pls.' Resp. at 2 ("In an attempt to resolve this matter, Plaintiffs have requested that the Defendants identify the specific cases in which they claim to be improperly named[.]"). Clearly, Plaintiffs have considered

---

[1] To the extent Plaintiffs assert in their Response that they have tried to "resolve this matter" by analyzing whether Defendants may be voluntarily dismissed, Plaintiffs misrepresent that Rite Aid declined to identify a list of cases in which they are improperly named. *See* Pls.' Resp. at 2. Rite Aid provided Plaintiffs with a list of 64 such cases on February 26, 2019.

With respect to the two cases Plaintiffs culled from Kroger's list of cases in which it has been improperly named, Plaintiffs justify naming Kroger by stating that Kroger-owned pharmacies Ralph's or Smith's are within or near the Plaintiff locality. Defendants maintain that Kroger is still improperly named, but, upon further investigation, Kroger concedes that it has a pharmacy located in San Bernardino County, California. Plaintiffs should, however, name the entity within the Plaintiff locality's borders, to the extent there is one. For instance, Plaintiffs admit that the Smith's is 13 miles outside the closest litigating Plaintiff locality.

HBC Service Company and Discount Drug Mart, Inc. were recently named in the *Mental Health & Recovery Services Board of Allen, Auglaize, and Hardin Counties* complaint, No. 1:18-op-46344-DAP, even though there are no Giant Eagle pharmacies (the only pharmacies HBC distributes to) or Discount Drug Mart pharmacies in or near any of those counties.

dismissing Defendants from Complaints brought by localities with no connection to the Defendant businesses, but still have not done so. Defendants simply request that the Court facilitate the resolution of this threshold jurisdictional issue now, as opposed to unnecessarily prolonging the issue at Defendants' expense.

In opposing Defendants' motion, Plaintiffs provide vague and hypothetical examples of a pharmacy outside the borders of a locality serving persons from the locality. But notably, Plaintiffs identify no Complaint that includes any pleading that a Plaintiff locality was injured by the distribution of opioids outside its borders, and any attempt to assert such liability would introduce complex issues of choice of law and extraterritoriality. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572 (1996) ("[A] State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States. . . . Nor may Alabama impose sanctions on BMW in order to deter conduct that is lawful in other jurisdictions."). Plaintiffs' response confirms that naming pharmacy and distributor defendants that operate outside a Plaintiff's locality was the result of mass-produced claims copied and pasted into new complaints, rather than reasoned factual allegations that the Defendants' distribution occurring outside the locality actually caused harm within the locality.

From the start of the case, Plaintiffs have represented that their liability theories were based on the market share of opioids within a particular locality. For example, in granting access to ARCOS data, this Court noted the need for Seneca County to determine "whether any . . . defendants distributed oxycodone within its boundaries, or how much." Dkt. 233 at 7 n.5. Plaintiffs told this Court that they needed additional time to create ARCOS data reports in order to identify manufacturers or distributors with 5% market shares for a particular county and avoid naming "hundreds of additional defendants with *de minimus* market share in more than a thousand

amended complaints." Dkt. 1077 at 2; *see also* Dkt. 800 at 11 ("The Court ordered disclosure of the ARCOS data . . . to the Plaintiffs for this litigation alone, because it was the only way to ensure they had named the correct defendants."); Dkt. 1106 at 3 n.6 ("The Court concludes the county-level report can serve as a reasonable approximation, allowing for a sufficiently accurate identification of appropriately named defendants [for a city plaintiff]."). Indeed, this Court noted that Plaintiffs were properly relying on the ARCOS data to remove defendants from cases. *See* Dkt. 397 at 1 n.1 ("The ARCOS data, however, revealed Kroger did not sell opioid products in Cuyahoga County, so plaintiffs are releasing Kroger from that case."). Having made these representations to the Court and been granted the additional time to review the data, Plaintiffs should not be permitted to now name defendants that the data revealed did not distribute opioids.

Plaintiffs have not pleaded any theories of liability against Defendants in localities where they have not conducted business. Dismissing these Defendants now is efficient and promotes the Court's stated objectives in this case. Contrary to Plaintiffs' assertions, Defendants are more likely to engage in settlement discussions in cases where they are not gratuitously named. As to Plaintiffs' complaint that dealing with this issue now is burdensome, Defendants' being arbitrarily named in dozens of lawsuits where they do not belong is much more burdensome and worthy of the Court's attention and remedy.

At this time, Defendants are not seeking to litigate standing and causation with respect to Plaintiffs' entire theory of liability.[2] Defendants only seek to modify Case Management Order 1 to provide short deadlines to require Plaintiffs to do what they themselves have suggested is

---

[2] Defendants do, however, contest standing as to Plaintiffs' theory of liability.

3

reasonable: dismiss Defendants who are erroneously named, and dismiss Defendants who have *de minimis* liability due to a market share of 5% or less of opioids distributed in a Plaintiff locality.

Respectfully submitted,

*/s/ Ronda L. Harvey*
Ronda L. Harvey (WVSB No. 6326)
rharvey@bowlesrice.com
Fazal A. Shere (WVSB No. 5433)
fshere@bowlesrice.com
Unaiza Riaz (WVSB No. 13253)
uriaz@bowlesrice.com
Gabriele Wohl (WVSB No. 11132)
gwohl@bowlesrice.com
Bowles Rice LLP
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304)-347-1100
*Counsel for Defendant Kroger*

*/s/ Robert M. Barnes*
Robert M. Barnes
rbarnes@marcus-shapira.com
Joshua A. Kobrin
kobrin@marcus-shapira.com
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
*Counsel for Defendant HBC Service Company*

4

/s/ *Timothy D. Johnson*
Timothy D. Johnson (0006686)
Cavitch, Familo & Durkin Co. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
Telephone: 216-621-7860
DD: 216-472-4611
Facsimile: 216-621-3415
E-mail: tjohnson@cavitch.com
*Attorney for Defendant*
*Discount Drug Mart, Inc.*


/s/ *Kelly A. Moore*
kelly.moore@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001
Elisa P. McEnroe
elisa.mcenroe@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
T: 215-963-5917
F: 215-963-5001

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center*

## Certificate of Service

I, Ronda L. Harvey, hereby certify that on this 8th day of March, 2019, the foregoing **Defendant Kroger's Reply to Plaintiffs' Response to Motion to Modify CMO-1 to Provide a Mechanism to Dismiss Improperly Named Defendants** was served via the Court's ECF system to all counsel of record.

>*/s/ Ronda L. Harvey*
>Ronda L. Harvey (WVSB No. 6326)
>Bowles Rice LLP
>Post Office Box 1386
>Charleston, West Virginia 25325-1386
>(304)-347-1100
>rharvey@bowlesrice.com

10818302.1