**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** "*Track One Cases*" | ) ) ) ) ) ) ) | **SPECIAL MASTER COHEN** **DISCOVERY RULING NO. 17 REGARDING SACWIS DATA** |

This Ruling resolves a dispute over defendants' request for production of certain documents and data from the Statewide Automated Child Welfare Information System ("SACWIS").

During discovery defendants explained they need certain SACWIS information because: (1) plaintiffs' largest single category of damages relates to allegedly increased costs suffered by Cuyahoga County's Department of Children and Family Services ("DCFS"); and (2) the SACWIS database contains information regarding whether substance abuse was an issue or had any impact in a particular DCFS case. Defendants originally sought discovery of the entire SACWIS database statewide, including underlying case files. Cuyahoga County agreed to produce some of this information, while Summit County agreed to produce none of it. The State of Ohio also presented a position paper. The undersigned eventually ruled via email that plaintiffs had to produce a limited subset of the requested information, as follows: (1) only data for Summit and Cuyahoga Counties, not statewide; (2) only certain de-identified data fields, not all of the SACWIS data; and (3) only 10 de-identified case files of defendants' choosing from each County. The full informal email ruling

is set out below.

> Dear Counsel:
>
> In connection with the dispute regarding production by Summit and Cuyahoga Counties of SACWIS data and materials, I rule as follows:
>
> - Prior production by Cuyahoga County of the spreadsheet (CUYAH_002442182) containing certain Data Fields extracted from the SACWIS data (which data was "de-identified," in that it did not reveal the identities of the minors or their families [but did reveal whether opiate or other drug abuse was present]) was an appropriate and sufficient production of SACWIS data fields by Cuyahoga County.
>
> - Summit County must produce a similar spreadsheet containing the same data fields.
>
> - Cuyahoga and Summit County must also each produce 10 "case files" of defendants' choosing.  The counties shall redact from those case files any information that would allow identification of the minors who are the subject of the files, or their families.  The counties' redactions shall be as limited as possible while fulfilling this directive.
>
> - To the extent necessary, the Ohio Department of Jobs and Family Services (ODJFS) must coordinate with Cuyahoga and Summit Counties and facilitate production of the above-listed SACWIS data and materials.
>
> - The various statutes cited by the parties (including the State of Ohio), which contain provisions limiting the release of SACWIS data and information, all also contain provisions allowing for release pursuant to Court order in appropriate circumstances.  This ruling fits within those provisions.

Plaintiffs then timely requested this ruling be formalized.  *See Appointment Order* (docket no. 69) at 5 ("If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter.").  The Special Master fills this request with this *Ruling*.

Given the substantial letter briefing already submitted on the topics addressed below, if any

party chooses to object to any aspect of this Ruling, it must do so on or before 5:00 p.m EST on March 15, 2019.

      **RESPECTFULLY SUBMITTED,**

      /s/ David R. Cohen
      **David R. Cohen**
      **Special Master**

**Dated: March 10, 2019**