# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *All Cases* | ) ) **ORDER** |

Before the Court is Defendant Kroger's Motion to Modify CMO-1 to Provide a Mechanism to Dismiss Improperly Named Defendants. **Doc. #: 1350**. Kroger asks the Court to amend CMO-1 to provide a deadline for Plaintiffs to dismiss distributor defendants: 1) who are named in error by plaintiffs located where the defendant has or had no physical or business presence during the relevant time period; and 2) defendants who are named by plaintiffs located where the defendant is responsible for no more than 5% of the market share of opioids distributed. *Id.* at 1-2. For the following reasons, Kroger's Motion is **DENIED.**

CMO-1 was intended to "conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation." Doc. #: 232 at 1. Kroger asks the Court to order Plaintiffs to "respond to [the] limited and isolated question of standing and jurisdiction" and then "take this jurisdictional issue up as to all cases." Doc. #: 1350 at 4, n.5. The Court agrees with Plaintiffs that such an additional process, especially at a time when the parties and the Court are heavily involved in litigating the *Track One* cases would create an unnecessary burden for the Special Masters and the Court.

Further, Kroger's requested relief may not even be necessary. The Court's November 8, 2018 Order states that "the PEC shall make available reports derived from the ARCOS data that list, for every county or county equivalent, all manufacturers, distributors and pharmacies that manufactured, distributed or sold of the prescription opioids distributed in that county." Doc. #: 1106 at 1. The Order specifies that "Plaintiffs in MDL cases may then use this information to amend their complaints, and must do so on or before March 16, 2019." *Id.* at 2-3 The parties and the Court contemplated that Plaintiffs would not only add, but also remove defendants based on Plaintiffs' analysis of the ARCOS data. *See* Doc. #: 1282; *see also* Defs. Opp. to Pls. Mot. for Short Form Compl., Doc. #: 1231 at 4. Plaintiffs also have the opportunity "to amend their pleadings as of right for matters both relying on and beyond the ARCOS data." Doc. #: 1282 at 2. The conclusion of the amendment process will likely render Kroger's concerns moot. At best, Kroger's Motion is premature because the deadline for Plaintiffs' amended complaints has not yet passed.

Accordingly, Defendant Kroger's Motion to Modify CMO-1 to Provide a Mechanism to Dismiss Improperly Named Defendants is **DENIED.**

       **IT IS SO ORDERED.**

     **/s/ Dan Aaron Polster** *March 11, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**