# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| HANCOCK COUNTY, MISSISSIPPI v. AMERISOURCEBERGEN DRUG CORPORATION ET AL | Judge Dan Aaron Polster |
| Case No. 1:18-op-45762-DAP | **SHORT FORM SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff's existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

---

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff's Existing Complaint (No. 1:18-op-45762-DAP, Doc. #: 1) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants: AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; McKESSON CORPORATION; MORRIS AND DICKSON COMPANY LLC; PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.;[2] TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICAL USA, INC.; CEPHALON, INC.; INSYS THERAPEUTICS, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC. f/k/a ORTHO-McNEIL-JANSSEN PHARMACEUTIALS, INC. f/k/a JANSSEN PHARMACEUTICA INC.; NORAMCO, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC. f/k/a PAR PHARMACEUTICAL HOLDINGS, INC.; ALLERGAN PLC f/k/a ACTAVIS; PLC, f/k/a WATSON PHARMACEUTICALS, INC., f/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; and SPECGX LLC.

**I, Chadwick M. Welch, Counsel for Plaintiff, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff.**

**I further certify that, except as set forth below, each of the Defendants newly added**

---

[2] This Amended Complaint corrects a misspelling of this Defendant's name in Plaintiff's prior pleadings.

herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.

The following newly added Defendants *do not appear* in the ARCOS data I reviewed:

N/A.

**Dated:** March 15, 2019  **Signed:** */s/ Chadwick M. Welch*

Factual Allegations Regarding Individual Defendants[3]

2.1 Defendant Par Pharmaceutical, Inc. is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant Par Pharmaceutical Companies, Inc. is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. are collectively referred to herein as "Par Pharmaceutical." Par Pharmaceutical was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Endo International plc, Par Pharmaceutical, Endo Health Solutions Inc., and Endo Pharmaceuticals Inc. are collectively referred to herein as "Endo." Endo manufactures, markets, sells, and distributes pharmaceutical drugs throughout the United States, including in Hancock County. Endo is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Endo distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate

---

[3] Plaintiff has not added any new Defendants to this Amended Complaint that did not appear in the ARCOS data. Instead, the subsections set forth below: a) allege essential facts regarding newly added Defendants that are not otherwise incorporated by the *Summit County* Pleadings; b) reconcile a minor difference in terminology between Plaintiff's prior pleadings and the incorporated *Summit County* Pleadings; c) clarify the basis for Plaintiff's claims against any previously named Distributor Defendant that did not appear in the ARCOS data; and d) correct an error in ¶ 617 of Plaintiff's Existing Complaint.

3

cause of Plaintiff's injuries. Endo is sued as a Manufacturer/Marketing Defendant.

2.2     Defendant SpecGx LLC is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly-owned subsidiary of Mallinckrodt plc. Mallinckrodt plc, Avon, IMCERA, Tyco, Covidien, Mallinckrodt, LLC, SpecGx LLC, and their DEA registrant subsidiaries and affiliates are collectively referred to herein as "Mallinckrodt." Mallinckrodt is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Mallinckrodt manufactures, markets, sells, and distributes pharmaceutical drugs throughout the United States, including in Hancock County. Mallinckrodt distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mallinckrodt is sued as a Manufacturer/Marketing Defendant.

2.3     Defendant Morris and Dickson Co. LLC ("Morris & Dickson") is a wholesale pharmaceutical distributor with its principal place of business in Shreveport, Louisiana. It is the largest private, family-owned pharmaceutical distributor in the United States. Morris & Dickson is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor. At all relevant times, Morris & Dickson has distributed substantial amounts of prescription opioids in Hancock County. On May 4, 2018, the Drug Enforcement Administration (DEA) announced its findings that Morris & Dickson failed to identify large suspicious orders—in violation of regulations requiring distributors to identify such orders—resulting in the illegal distribution of millions of dosage units of Oxycodone and Hydrocodone. The DEA further determined that Morris & Dickson's continued registration would constitute "a substantial likelihood of imminent danger to public health and safety." Contemporaneous with

this announcement, the DEA served Morris & Dickson with an Order to Show Cause and an Immediate Suspension of Registration, suspending Morris & Dickson's DEA Certificate of Registration as a drug distributor pursuant to Title 21, United States Code, Sections 823 and 824. Morris & Dickson immediately challenged the suspension order, which the DEA agreed to rescind while it continued its investigation of the company. At all relevant times, Morris & Dickson (like the other Distributor Defendants) has been a member of the Healthcare Distribution Alliance (HDA). Morris & Dickson distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Morris & Dickson is sued as a Distributor Defendant.

2.4    AmerisourceBergen, Cardinal Health, McKesson, and Morris & Dickson are collectively referred to as the "Distributor Defendants" in this Amended Complaint.

2.5    Purdue, Cephalon, Endo, Janssen, Allergan, Mallinckrodt, and Insys are collectively referred to as the "Manufacturer Defendants" in this Amended Complaint.[4] For the purpose of incorporating the common factual allegations identified and the RICO causes of action included in the *Summit County* Pleadings, Plaintiff hereby uses the terms "Manufacturer Defendants" and "Marketing Defendants" interchangeably.

2.6    To the extent that a previously named Defendant did not appear in the ARCOS data and remains a party to this Amended Complaint, Plaintiff maintains its reasonable belief, bolstered by the common factual allegations incorporated from the *Summit County* Pleadings, that each Defendant engaged in unlawful conduct which resulted in the diversion of prescription

---

[4] Plaintiff hereby corrects ¶ 617 of its Existing Complaint as follows: replace "Distributor Defendants" with "Manufacturer Defendants."

opioids in Hancock County.

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure.  Doc. #: 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here.  Plaintiff asserts the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

N/A.

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Doc. #: 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff's Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

N/A.

7. To the extent Plaintiff wishes to **dismiss claims** previously asserted in Plaintiff's Existing Complaint, they are identified below and will be dismissed without prejudice.

N/A.

WHEREFORE, Plaintiff prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: March 15, 2019

 */s/ Chadwick M. Welch*
**WATSON HEIDELBERG JONES PLLC**
Chadwick M. Welch
2829 Lakeland Drive
Mirror Lake Plaza, Suite 1502
Flowood, MS  39232
Tel: (601) 939-8900
Fax: (601) 932-4400
cwelch@whjpllc.com
*Attorney for Plaintiff Hancock County, Mississippi*

 */s/ Joseph Khan*
**WEISBROD MATTEIS & COPLEY PLLC**
Joseph J. Khan
1000 Highland Colony Parkway, Suite 5203
Ridgeland, MS  39157
100 N. 19th Street, Suite 1925
Philadelphia, PA 19103
Tel: (215) 240-1164
Fax: (855) 285-5078
jkhan@wmclaw.com
*Attorney for Plaintiff Hancock County, Mississippi*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing motion was filed through the Court's electronic filing system on March 15, 2019.  Notice of this filing will be sent to all parties listed on the Court's electronic filing system.  Parties may access all filed documents through the Court's system.

                 _/s/ Chadwick M. Welch_
                 **WATSON HEIDELBERG JONES PLLC**
                 Chadwick M. Welch
                 *Attorney for Plaintiff*