UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Hamilton County, Tennessee v. Purdue Pharma L.P., et al*<br><br>1:18-cv-00061 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff(s)' Existing Complaint (No.1:18-cv-00061) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

**PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; ALLERGAN FINANCE LLC (f/k/a ACTAVIS, INC.);WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; CVS HEALTH CORPORATION, WALMART INC, F/K/A WAL-MART STORES, INC., WALGREEENS BOOTS ALLIANCE, INC,; J M SMITH CORPORATION.**

I, <u>Jonathan Compretta</u>, **Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

Dated: <u>March 14, 2019</u>          Signed: <u>/s/ Jonathan Compretta</u>

2

**Factual Allegations Regarding Individual Defendants**

2.1     Defendants, **CVS HEALTH CORPORATION, WALMART INC, F/K/A WAL-MART STORES, INC., WALGREEENS BOOTS ALLIANCE, INC., and J M SMITH CORPORATION** are hereby added as Defendant by this pleading based on the following jurisdictional allegations:

2.2.    Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island.  CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.; CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC; and CVS VERO FL Distribution, L.L.C (collectively "CVS").  CVS is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical Distributor.  CVS distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  CVS conducts business and is sued as "Distributors" Defendant as stated in Paragraph 32 of Plaintiff's original filed Complaint.

2.3     Defendant **Walmart, Inc.** ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Walmart is registered to conduct business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Wal-Mart Warehouse #28; Wal-Mart Warehouse #6045 aka Wal-Mart Warehouse #45; Wal-Mart Warehouse # 6046 aka Wal-Mart Warehouse

3

#46 and Wal-Mart Stores East, LP. Walmart distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walmart conducts business and is sued as "Distributors" Defendant as stated in Paragraph 32 of Plaintiff's original filed Complaint.

2.7    Defendant **Walgreens Boots Alliance, Inc.,** is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen Arizona Drug Co. (collectively "Walgreens"). Walgreens distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens conducts business and is sued as "Distributors" Defendant as stated in Paragraph 32 of Plaintiff's original filed Complaint.

2.8    Defendant **J M SMITH CORPORATION** is a Delaware corporation with its principal place of business in Spartanburg, South Carolina. Smith Drug Company is a division of J M Smith Corporation responsible for operating J M Smith Corporation's pharmaceutical distribution business.  For purposes of this Complaint, J M Smith Corporation and Smith Drug Company are referred to as "Smith Drug."  Smith Drug is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale distributor.  Smith Drug distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate

cause of Plaintiff's injuries. Smith Drug conducts business and is sued as "Distributors" Defendant as stated in Paragraph 32 of Plaintiff's original filed Complaint.

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. # 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached): **N/A**

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dktn 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply): **N/A**

☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached): **N/A**

5

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice: **N/A**

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: March 15, 2019                             /s/ Ronald Berke
                                                  *Attorney for Plaintiff(s)*

                                                  BERKE, BERKE, & BERKE
                                                  Ronald J. Berke (BPR #1741)
                                                  420 Frazier Avenue
                                                  P.O. Box 4747
                                                  Chattanooga, TN  37405
                                                  (423) 255-5171
                                                  ronnie@berkeattys.com

                                                  FOX & FARLEY
                                                  Bruce Fox (BPR #8965)
                                                  310 N Main Street
                                                  Clinton, TN 37716
                                                  (865) 457-6440
                                                  brucefox@foxandfarleylaw.com

                                                  MIKE MOORE LAW FIRM, LLC
                                                  Mike Moore
                                                  Jonathan Compretta
                                                  10 Canebrake, Suite 150
                                                  P.O. Box 321048
                                                  Flowood, MS  39232
                                                  (601) 933-0070
                                                  mm@mikemoorelawfirm.com
                                                  jc@mikemoorelawfirm.com

KINNARD CLAYTON & BEVERIDGE
Randall L. Kinnard (BPR #4714)
Daniel L. Clayton (BPR #12600)
127 Woodmont Blvd
Nashville, TN 37205
(615) 297-1007
rkinnard@kcbattys.com
dclayton@kcbattys.com

BAILEY & GREER, PLLC
Thomas R. Greer (BPR #24452
6256 Poplar Avenue
Memphis, TN  38119
(901) 680-9777
tgreer@BaileyGreer.com