EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE COUNTY OF CUYAHOGA,

    Plaintiff,

v.

PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ENDO HEALTH SOLUTIONS INC.; INSYS THERAPEUTICS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; RUSSELL PORTENOY; PERRY FINE; SCOTT FISHMAN; and LYNN WEBSTER,

    Defendants.

Case No. 1:17-cv-2484
Judge Dan Aaron Polster

**DISTRIBUTOR DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as well as the Case Management Order in *In re National Prescription Opiate Litigation* (Dkt. No. 232 in No. 1:17-cv-2804), Distributor Defendants[1] hereby request that Plaintiff respond to the following Requests

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation (incorrectly referred to as

for Production ("Requests") in accordance with its obligations under the Federal Rules of Civil Procedure. Responses to the Requests shall be provided in the manner required by Rule 34(b)(2), the Local Rules of the Northern District of Ohio, this Court's Case Management Order One entered on April 11, 2018, Doc. No. 232, and any other applicable law or rules, within thirty (30) days of the service of these Requests.

If Plaintiff finds any term or other aspect of the Requests vague, ambiguous, or otherwise objectionable and intends to so object, counsel for the Distributor Defendants offer to promptly meet with counsel for Plaintiff to endeavor to resolve any issues.

## DEFINITIONS

1. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a person's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Complaint for the wholesale distribution of which Plaintiff seeks to hold any Distributor Defendant liable.

2. "Plaintiff" means the individual plaintiff named in this action, including its executive and legislative branches, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other persons or entities acting on its behalf or controlled by it. When the pronouns "You" or "Your" are used, their antecedent is the Plaintiff.

3. "Suspicious Order(s)" means any order of Prescription Opioids placed by any source that Plaintiff contends should have been reported to the DEA or Ohio authorities, including the Ohio Board of Pharmacy. Suspicious Orders are not limited to those placed with

---

AmerisourceBergen Corporation or Amerisource Corporation in the Complaint), Cardinal Health, Inc., and McKesson Corporation.

the Distributor Defendants, but include those placed with any entity that has a regulatory reporting obligation.

## INSTRUCTIONS

1. Unless otherwise stated, the timeframe covered by these Requests is the time period including each year during which each individual Plaintiff claims any Distributor Defendant engaged in any allegedly wrongful or unlawful conduct that caused damage to the Plaintiff or such other time period as the parties may later agree or the Court determines should apply to each side's discovery in this action.

2. Unless otherwise set forth, the responsive documents and communications requested include all documents and communications that are related to the timeframe covered by these Requests, regardless of creation date.

3. Each Plaintiff must individually respond to each of these Requests.

## REQUESTS FOR PRODUCTION

1. All documents that refer or relate to the volume of Prescription Opioids prescribed, dispensed, sold, distributed, diverted, or used in Plaintiff's geographical boundaries.

2. All law enforcement documents that refer or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids or the possession, abuse, illegal sale, or addiction to other opioids in Plaintiff's geographical boundaries.

3. All law enforcement documents that refer or relate to allegedly Suspicious Orders or other improper or wrongful actions by distributors, prescribers, pharmacies, or other healthcare providers related to Prescription Opioids.

4. All communications between the Plaintiff and any State or Federal agency (including but not limited to the United Stated Drug Enforcement Agency, a United States Attorney or representative thereof, Ohio Department of Medicaid and its constituent providers, Ohio Department of Public Safety, Ohio Automated Rx Reporting System, State of Ohio Board of Pharmacy, and State Medical Board of Ohio), or other law enforcement or government entity, that refer or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids or the possession, abuse, illegal sale, or addiction to other opioids.

5. All documents relating to any alleged Prescription Opioid-related violation of state or federal law or regulation, including 21 CFR Section 1306.04, related to any pharmacy, medical doctor, physician assistant, pharmacist, pharmacy technician, healthcare provider, or other person or entity in Plaintiff's geographical boundaries.

6. All documents relating to any Plaintiff communication or transaction with any Distributor Defendant or any other distributor of Prescription Opioids.

7. All documents and data referring or relating to Plaintiff expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids or the possession, abuse, illegal sale, or addiction to other opioids, including documents relating to healthcare costs paid by Plaintiff or by fully or partially-funded medical insurance plans and workers' compensation programs. Include in this response any policies governing evaluation or approval of those expenditures' legitimacy.

8. All documents constituting, relating to, or referring to autopsies or death certificates for any and all individuals residing in Plaintiff's geographical boundaries whose death was attributed in whole or in part to the abuse, use, misuse, prescribing, dispensing, sale,

distribution, addiction to, and/or diversion of Prescription Opioids or the possession, abuse, illegal sale, or addiction to other opioids or drugs.

9. All documents relating to comments, complaints, or inquiries by members of the general public concerning the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids or the possession, abuse, illegal sale, or addiction to other opioids.

10. All documents referring or relating to Plaintiff's efforts to suspend, revoke, or seek the suspension or revocation of registrations or licenses of, or fine or otherwise sanction any distributors, doctors, pharmacies, pharmacists, healthcare providers, or other DEA registrants because of alleged diversion of Prescription Opioids in or into Plaintiff's geographical boundaries.

11. All documents comprising or supporting Plaintiff's annual and periodic budgets (including but not limited to receipts and expenditures).

**AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., and MCKESSON CORPORATION,**

**By counsel**

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH, LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
aemch@jacksonkelly.com

JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com
lheard@wc.com
spyser@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ Mark Lynch*
Mark H. Lynch
mlynch@cov.com
Geoffrey E. Hobart
ghobart@cov.com
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001-4956
Phone:  (202) 662-6000

*/s/ Emily Johnson Henn*
Emily Johnson Henn
ehenn@cov.com
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA  94065
Phone:  (650) 632-4700

*Counsel for McKesson Corporation*