EXHIBIT 5



Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

**Kelly H. Hibbert**
Direct Phone:  +1 202 414 9226
Email:  khibbert@reedsmith.com

January 16, 2019

**Confidential**

**By Electronic Mail**

Special Master David Cohen
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113-1837

Re:    *In re: National Prescription Opiate Litigation*, MDL No. 2804
       **Motion to Compel Production of SACWIS Data and Documents (Cuyahoga County) – Renewed Agenda Item No. 134**

Dear Special Master Cohen:

Prior to the last discovery conference, held on January 9, 2019, Distributor Defendants submitted a motion to compel respectfully requesting an order requiring the County of Cuyahoga, Ohio ("Plaintiff") to produce documents and data from the Statewide Automated Child Welfare Information System ("SACWIS") from 2006 to the present time.  See **Ex. A**, Ltr. to Special Master Cohen re: Motion to Compel SACWIS Data and Materials, Jan. 7, 2019.  We write in follow-up on this issue and renew our request for an order compelling Cuyahoga County to produce these relevant and important data and materials.  Distributor Defendants incorporate by reference here the facts and arguments set forth in their January 7, 2019, submission to Special Master David Cohen regarding this issue (**Ex. A**) and further state as follows.

The importance of this data and these case files cannot be understated.  According to its Response to Distributor Defendants' Interrogatory No. 18, Cuyahoga County estimates the total amount of damages related to Cuyahoga County's Department of Children and Family Services ("DCFS") to be **$219,000,000**.  See **Ex. B**, Pl.'s Second Supplemental Response to Distributor Defs.' Interrog. No. 18.  This is the largest category of damages that Cuyahoga County has identified to date.  See **Ex. B**, at Exhibit 2, attached to Pl.'s Second Supplemental Response to Distributor Defs.' Interrog. No. 18 (showing the estimate for damages associated with Children and Family Services to be $119,000,000 greater than the next largest category of damages).

The SACWIS database contains all of the information that Cuyahoga County DCFS employees record pertaining to participants in the child welfare system, including drug-of-choice information, case notes, information regarding whether the child was removed from the home, and information regarding how participant substance abuse has impacted the case (i.e., whether additional services were provided, whether the child was removed from the home, etc.).  Witnesses from Cuyahoga County DCFS have testified that the SACWIS database is the place to look for information regarding whether substance abuse

Special Master David Cohen
January 16, 2019
Page 2



was an issue in a particular DCFS case and whether the substance abuse had any impact on the case. *See* **Ex. C**, Dep. of Christopher Cabot ("Cabot Dep."), Nov. 2, 2018, at 98:11-17, 98:18-23.

Most importantly, Plaintiff has confirmed just last night that it intends to rely on the aggregate data from the SACWIS database *in addition to* the information provided in the spreadsheet produced at CUYA_002442182 and referenced in Plaintiff's submission to you on January 8, 2019, to support its claims in this case. *See* **Ex. D**, Ltr. from H. Shkolnik to K. Hibbert, Jan. 15, 2019. Defendants are entitled to production of this data and the underlying case files to conduct their own assessment of the data and information that Plaintiff has now confirmed they will rely on to support its claims for the largest category of damages at issue here.

    **A.    The Excel Spreadsheet to Which Plaintiff Directed Defendants and Specific Master Cohen is Indecipherable, Rife With Inconsistencies, and Does Not Include Relevant Information Sought by Defendants.**

In their January 8 submission to the Special Master, Plaintiff directed attention to an Excel spreadsheet that had been produced in August 2018 (CUYA_002442182) (the "Removal Data Spreadsheet"). The Removal Data Spreadsheet contains four tabs, but it is entirely unclear how the tabs relate to one another or how any of the data contained on each tab was generated. Further, there are many inconsistencies within the data Defendants were able to identify through just a glance at the document. We raised these issues with counsel for Plaintiff during a meet and confer on January 11, 2019.

During the meet and confer on January 11, counsel for Plaintiff was able to confirm only what the metadata for this document already provided – that it was created by someone named Gary Orourke on August 14, 2018. *See* **Ex. E**, Lts. From K. Hibbert to H. Shkolnik, Jan. 14, 2019. Counsel for Plaintiff could not provide any additional information regarding the document, including the purpose in creating the document, whether this was a report that was created on a regular basis (as opposed to a one-time run report), or what specific parameters were used to create the report. Importantly, counsel for Plaintiff had no information as to what steps were taken to create this data set.

Counsel for Defendants identified the many inconsistencies within the data and described how it was impossible to decipher how the tabs related to one another. For example, while tab four appears to identify the specific substance at issue for specific individuals involved in certain cases, a search in tab one for a "case ID" included in tab four reveals inconsistent information.

    Example: Case ID: 1088018

        Tab Four: Characteristic description – Opiate-Involved/Abuse

        Tab One: Removal reason – Alcohol abuse by parent

This information is obviously inconsistent and requires additional explanation.

Further to this point, it also appears that there are "case IDs" included in tab four that are not included in tab one. From the descriptions of these tabs alone, it suggests that tab four is supposed to



Special Master David Cohen
January 16, 2019
Page 3

include a subset of information from tab one (cases involving removal of a child <u>and</u> involving opiate-related substance use).  However, given that there are "case IDs" in tab four that are not included in tab one, this is far from clear.

  To aid both parties understand the nature and scope of the data included in CUYA_002442182, we requested that Plaintiff provide the SQL and/or any other script(s) that were run to generate this report or provide a clear description of the steps taken to generate the report.  Plaintiff agreed on January 11 to inquire with the State of Ohio as to whether it could obtain this information.  However, in a letter dated January 15, Mr. Shkolnik seemingly abandons that agreement.

  Another issue identified by Defendants and discussed with counsel for Plaintiffs during the meet and confer related to the data included in tab four of CUYA_002442182.  That data seems to be limited to only certain characteristics listed on tab three.  These appear to be only the characteristics that are highlighted on tab three, which include opiate-related characteristics (e.g., Opiate-Addiction/Dependence) and non-opiate-related characteristics (e.g., Barbiturates – Addiction/Dependence).  However, neither of these categories are inclusive of either category as there are opiate-related characteristics (e.g., Heroin) and non-opiate-related characteristics (e.g., Cocaine) that are not included on tab four's "characteristic descriptions."

  In an effort to come to some agreement on this issue, counsel for Defendants undertook the task of identifying all of the characteristics from tab three that related to substance use or abuse but were excluded from the data report included in tab four.  These included the following:

Alcohol
Alcohol - Abuse
Alcohol - Addiction/Dependence
Alcohol - Involved
Alcohol Abuse
Alcohol Addiction/Dependence
Alcohol abuse
Amphetamines - Addiction/Dependence
Amphetamines - Involved
Amphetamines-Involved/Abuse
Barbiturates
Benzodiazepines
Benzodiazepines - Addiction/Dependence
Benzodiazepines - Involved
Benzodiazepines-Involved/Abuse
Cocaine
Cocaine - Addiction/Dependence
Cocaine - Involved
Cocaine-Involved/Abuse
Drug Abuse (Child)



Special Master David Cohen
January 16, 2019
Page 4

Drug Addiction
Drug Addiction at Birth
Fetal Alcohol Effects
Fetal Alcohol Syndrome
Heroin
Huffing - Addiction/Dependence
Huffing-Involved/Abuse
Marijuana
Marijuana/Tetrahydrocannabinol (THC) - Addiction/Dependence
Marijuana/Tetrahydrocannabinol (THC)-Involved/Abuse
Methamphetamines - Addiction/Dependence
Methamphetamines - Involved/Abuse
Other Substance Abuse Problem
Other Substance Abuse Problem - Requires Treatment
Other Substance Abuse Problem - Treatment Program Completed
Phencyclidine (PCP)
Phencyclidine (PCP) - Addiction/Dependence
Phencyclidine (PCP) - Involved
Phencyclidine (PCP) Involved/Abuse
Positive Toxicology Screen at Birth - Alcohol
Positive Toxicology Screen at Birth - Amphetamines
Positive Toxicology Screen at Birth - Benzodiazepines
Positive Toxicology Screen at Birth - Cocaine
Positive Toxicology Screen at Birth - Marijuana/Tetrahydrocannabinol (THC)
Positive Toxicology Screen at Birth - Phencyclidine (PCP)
Pre-Natal Drug Exposure - Alcohol
Pre-Natal Drug Exposure - Amphetamines
Pre-Natal Drug Exposure - Benzodiazepines
Pre-Natal Drug Exposure - Caffeine
Pre-Natal Drug Exposure - Cigarettes
Pre-Natal Drug Exposure - Cocaine
Pre-Natal Drug Exposure - Crack
Pre-Natal Drug Exposure - Medication
Pre-Natal Drug Exposure - Methamphetamine
Pre-Natal Drug Exposure - Over the Counter
Pre-Natal Drug Exposure - Phencyclidine (PCP)
Pre-Natal Drug Exposure - Prescription Medicine
Pre-Natal Drug Exposure - Tetrahydrocannabinol (THC)
Propoxyphene - Addiction/Dependence
Propoxyphene-Involved/Abuse
Substance Abuse

Special Master David Cohen  
January 16, 2019  
Page 5



    Tetrahydrocannabinol (THC)  
    Tetrahydrocannabinol (THC) - Involved

    Defendants seek SACWIS data related to all substance abuse because it is necessary to properly assess any opinions that will be set forth by Plaintiffs' experts as to the percentage of cases involving only opiates or opioids, as opposed to other legal or illegal drugs or cases involving no substance abuse at all. Indeed, in order for any expert witness to provide an opinion regarding percentages of cases involving opiates or opioids, that expert must have access to the full universe of data from which to draw such conclusions. Furthermore, Plaintiff confirmed in its January 15 letter that it intends to rely on the aggregate data from the SACWIS database to support its claims in this case. As you may recall, Plaintiffs collectively committed to "provide to Defendants the underlying data their experts are using to calculate damages." See **Ex. F**, Ltr. from A. Majestro to Special Master David Cohen, Dec. 19, 2018, at 4.

    Nevertheless, in the letter date January 15, Mr. Shkolnik refused to provide SACWIS data related to all characteristics listed above except the following:

Drug Abuse (Child)  
Drug Addiction  
Drug Addiction at Birth  
Heroin  
Other Substance Abuse Problem  
Other Substance Abuse Problem – Requires Treatment  
Other Substance Abuse Problem – Treatment Program Completed  
Pre-Natal Drug Exposure - Medication  
Pre-Natal Drug Exposure – Prescription Medicine  
Substance Abuse

Plaintiff relies on a very limited reading of Distributor Defendants' Interrogatory No. 7 to justify withholding data related to the other relevant characteristics, while at the same time confirming that it would produce data related to other categories, seemingly with ease. This sort of gamesmanship should not be tolerated – especially when this issue relates to the largest category of damages sought by Cuyahoga County.

    The Excel spreadsheet has proven to be an unreliable source for the type of data Defendants request. Thus, Defendants renew their request for a complete SACWIS dataset to include information regarding any case in which substance abuse (as defined by the characteristics listed on **Ex. G**) is noted.

    **B.**    **The Underlying Case Files for Cases Involving Substance Abuse Contain the Original Data Related to Substances Abused and the Impact on DCFS.**

    During the meet and confer on January 11, counsel for Defendants explained the importance of the underlying case files for cases involving substance abuse. We also confirmed that Defendants do not object to the de-identification of children's names or otherwise indisputably and highly sensitive

Special Master David Cohen
January 16, 2019
Page 6



information from these case files.  However, Defendants do object to limiting production of case files to an arbitrary and small sample of files – especially in light of the lack of information provided to Defendants regarding the number of case files that exists and/or the number of case files that may pertain to substance abuse.

However, defense counsel relayed that Defendants would be willing to limit the universe of case files/activity logs sought to those *cases* upon which Plaintiffs may reasonably rely to support their claims of damages in this case.  Thus, if it will be Plaintiffs' position that 1,000 removals were opioid-caused or related, then we will want those 1,000 underlying files.  If Plaintiffs' position is that 500 removals were opioid-caused or related, then we will want those 500 underlying files.

In response to this suggestion, Plaintiff again chose to play a game of semantics and stated in the January 15 letter that it did not intend to rely upon the individual case files to prove its claims for damages.  However, that is not what Defendants proposed.  Defendants specifically seek all ***underlying case files*** for the *case*s upon which Plaintiff intends to rely.  In other words, if Plaintiff intends to rely on case X because case X involved a participant addicted to opioids, then Defendants demand production of the underlying case file for case X.

Again, the importance of this information and materials cannot be understated.  This data and these underlying case files provide the information upon which Plaintiff intends to rely to prove its claims for damages in the largest category identified – Children and Family Services.  The fact that Plaintiff is working so hard to prohibit Defendants access to this data and these materials speaks volumes.

    C.    Conclusion

Given the foregoing, the Distributor Defendants respectfully request that the Court enter an order requiring Plaintiff to produce its aggregate SACWIS data and the individual case note files and/or activity logs stored in SACWIS immediately.

Very truly yours,

*Kelly H. Hibbert*
Kelly H. Hibbert

KHH:rf

Attachments

cc:    mdl2804discovery@motleyrice.com
       xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
       Hunter Shkolnik
       Salvatore C. Badala
       Joseph L. Ciaccio