# EXHIBIT 6

**CONFIDENTIAL**



January 15, 2019

<u>**VIA EMAIL**</u>

Kelly Hibbert, Esq.
Reed Smith, LLP
1301 K Street, NW
Suite 1000 – East Tower
Washington, D.C. 20005-3373
khibbert@reedsmith.com

      Re:    *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
                  *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*; Case No. 17-md-2804
                  SACWIS Data and Documents

Counsel,

We write in response to your January 14, 2019 correspondence.

As mentioned in our January 8, 2019 letter, the dataset from SACWIS (CUYAH_002442182) was produced to you on August 27, 2018. However, five months after the document was produced, you requested additional information regarding the dataset.

Notably, even after we reminded you that such document was produced five months ago, Defendants did not use the SACWIS dataset at the deposition of Patricia Rideout (fmr. Head of Cuyahoga County Children and Family Services), which took place on January 11, 2019. Defendants' decision not use this dataset during the deposition of Ms. Rideout, or any depositions of Children and Family Services representatives, raises concerns whether this document is as important to Defendants as they are claiming.

Below, we address your points in your letter.

<u>**January 11 Meet and Confer**</u>

On January 11 we held a meet and confer. In anticipation of that meet and confer, Shannon McClure sent an email to us stating, "As I referenced today, for starters, we will be looking for background information about how/where/when/by whom the document you reference was created."

As discussed on our meet and confer, Defendants had the answers to these questions back on August 27. The SACWIS dataset was produced in excel and native format and contained the information as to who created it and when it was created. Also, the dataset provides that it contains removals from 2006 through August 15, 2018.

**CONFIDENTIAL**



On the meet and confer you identified what you called "inconsistencies" with the data. As you note in your letters and as stated on our meet and confer and letters, SACWIS is a state database. As stated on the meet and confer, this is a question we will have to ask the State.

Additionally, you stated that you would send a list of characteristic lists that you thought were relevant to Distributor Defendants' Request for Production Number 7. We agreed that after receiving your list, we would review it and determine if your request was relevant to such request.

On the meet and confer we also discussed the case files. You stated that it was your position that we could not discuss such case files until you understood the full volume of cases within the universe of relevant cases. Also, you stated that it may make sense that for substances other than opioids, that Defendants receive aggregate data on that rather than case files.

We also discussed SARP reports. We began rolling out these productions (*see* CUYAH087) and we will continue making these productions this week.

## SACWIS Database

In your January 14 letter you requested additional information regarding CUYAH_002442182. We can confirm that the following characteristics were used to generate the dataset:

1. Barbiturates - Addiction/Dependence
2. Barbiturates - Involved
3. Barbiturates-Involved/Abuse
4. Buprenorphine (Suboxone) - Addiction/Dependence
5. Buprenorphine (Suboxone) - Involved/Abuse
6. Codeine - Addiction/Dependence
7. Codeine - Involved
8. Codeine-Involved/Abuse
9. Drug Addiction at Birth - Buprenorphine (Suboxone)
10. Drug Addiction at Birth - Heroin
11. Drug Addiction at Birth - Methadone
12. Drug Addiction at Birth - Morphine
13. Drug Addiction at Birth - Opiates
14. Drug Addiction at Birth - Other
15. Drug Exposed
16. Drug Involvement
17. Heroin - Addiction/Dependence
18. Heroin - Involved
19. Heroin-Involved/Abuse
20. Hydromorphone - Addiction/Dependence
21. Hydromorphone - Involved/Abuse
22. Methadone - Addiction/Dependence
23. Methadone - Involved
24. Methadone-Involved/Abuse
25. Morphine - Addiction/Dependence

2

**CONFIDENTIAL**



26. Morphine-Involved/Abuse
27. Opiate-Addiction/Dependence
28. Opiate-Involved/Abuse
29. Positive Toxicology Screen at Birth – Barbiturates
30. Positive Toxicology Screen at Birth - Buprenorphine (Suboxone)
31. Positive Toxicology Screen at Birth - Codeine
32. Positive Toxicology Screen at Birth – Heroin
33. Positive Toxicology Screen at Birth - Methadone
34. Positive Toxicology Screen at Birth - Morphine
35. Positive Toxicology Screen at Birth – Opiates
36. Pre-Natal Drug Exposure - Buprenorphine (Suboxone)
37. Pre-Natal Drug Exposure – Codeine
38. Pre-Natal Drug Exposure – Heroin
39. Pre-Natal Drug Exposure – Methadone
40. Pre-Natal Drug Exposure - Morphine
41. Pre-Natal Drug Exposure - Opiates

These are all highlighted in the dataset that was produced in August.

In your letter, you provide a list of additional characteristics that you believe are relevant. However, we have identified an inconsistency in your request. In your letters and motion to compel you state that the information Defendants request is responsive to Distributor Defendants' Request for Production of Documents Number 7. Distributor Defendants' Request for Production of Documents No. 7 seeks:

> All documents and data referring or relating to Plaintiff expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of **_Prescription Opioids_** or the possession, abuse, illegal sale, or addiction to other opioids, including documents relating to healthcare costs paid by Plaintiff or by fully or partially-funded medical insurance plans and workers' compensation programs. Include in this response any policies governing evaluation or approval of those expenditures' legitimacy.

*Id.* (emphasis added). Distributor Defendants' Requests define Prescription Opioids as follows,

> "Prescription Opioid(s)" refers to **_FDA-approved pain-reducing medications_** consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a person's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Complaint for the wholesale distribution of which Plaintiff seeks to hold any Distributor Defendant liable.

*Id.* (emphasis added). However, in your request for additional characteristics, you include non-Prescription Opioids such as:

1. Alcohol

**CONFIDENTIAL**



2. Alcohol - Abuse
3. Alcohol - Addiction/Dependence
4. Alcohol - Involved
5. Alcohol Abuse
6. Alcohol Addiction/Dependence
7. Alcohol abuse
8. Amphetamines - Addiction/Dependence
9. Amphetamines - Involved
10. Amphetamines-Involved/Abuse
11. Barbiturates
12. Benzodiazepines
13. Benzodiazepines - Addiction/Dependence
14. Benzodiazepines - Involved
15. Benzodiazepines-Involved/Abuse
16. Cocaine
17. Cocaine - Addiction/Dependence
18. Cocaine - Involved
19. Cocaine-Involved/Abuse
20. Fetal Alcohol Effects
21. Fetal Alcohol Syndrome
22. Huffing - Addiction/Dependence
23. Huffing-Involved/Abuse
24. Marijuana
25. Marijuana/Tetrahydrocannabinol (THC) - Addiction/Dependence
26. Marijuana/Tetrahydrocannabinol (THC)-Involved/Abuse
27. Methamphetamines - Addiction/Dependence
28. Methamphetamines - Involved/Abuse
29. Phencyclidine (PCP)
30. Phencyclidine (PCP) - Addiction/Dependence
31. Phencyclidine (PCP) - Involved
32. Phencyclidine (PCP) Involved/Abuse
33. Positive Toxicology Screen at Birth – Alcohol
34. Positive Toxicology Screen at Birth - Amphetamines
35. Positive Toxicology Screen at Birth - Benzodiazepines
36. Positive Toxicology Screen at Birth - Cocaine
37. Positive Toxicology Screen at Birth - Marijuana/Tetrahydrocannabinol (THC)
38. Positive Toxicology Screen at Birth - Phencyclidine (PCP)
39. Pre-Natal Drug Exposure - Alcohol
40. Pre-Natal Drug Exposure - Amphetamines
41. Pre-Natal Drug Exposure - Benzodiazepines
42. Pre-Natal Drug Exposure - Caffeine
43. Pre-Natal Drug Exposure - Cigarettes
44. Pre-Natal Drug Exposure - Cocaine
45. Pre-Natal Drug Exposure - Crack
46. Pre-Natal Drug Exposure - Methamphetamine

**CONFIDENTIAL**



47. Pre-Natal Drug Exposure - Over the Counter
48. Pre-Natal Drug Exposure - Phencyclidine (PCP)
49. Pre-Natal Drug Exposure - Tetrahydrocannabinol (THC)
50. Propoxyphene - Addiction/Dependence
51. Propoxyphene-Involved/Abuse
52. Tetrahydrocannabinol (THC)
53. Tetrahydrocannabinol (THC) - Involved

It is unclear how you believe these non-Opioid characteristics are relevant when by your own admission they do not fit within the scope of Distributor Defendants' Request for Production of Documents No. 7.

However, a few of the characteristics you list could arguably fall within the scope of Distributor Defendants' Request for Production of Documents No. 7. Therefore, we will agree to request the following additional characteristics from the State:

1. Drug Abuse (Child)
2. Drug Addiction
3. Drug Addiction at Birth
4. Heroin
5. Other Substance Abuse Problem
6. Other Substance Abuse Problem - Requires Treatment
7. Other Substance Abuse Problem - Treatment Program Completed
8. Pre-Natal Drug Exposure - Medication
9. Pre-Natal Drug Exposure - Prescription Medicine
10. Substance Abuse

We are available to meet and confer to discuss this further.

**<u>Case Files/Activity Logs</u>**

As stated in our January 8 correspondence, such data identifies the names of the children, family members, and others. We do not believe the County is obligated to produce such information because Defendants have the above-referenced dataset which provides the relevant information needed. As you know from the depositions conducted, the information in the case files are entered into the SACWIS database.

Also, producing such case note files and/or activity logs would be a burden for the County because it would require the County to review millions of pages of documents so that the names and personal information of children, family members, and others are properly redacted.

However, in an effort to reach a comprise, we proposed that Defendants to select 25 cases identified in CUYAH_002442182 and the County collect such case notes for those 25 cases only. Additionally, as previously stated, the County will require that the Court enter a separate order specific to the release of such information from SACWIS. Such terms must include the following:

**CONFIDENTIAL**



- As the information/records contained within SACWIS is confidential pursuant to Ohio Administrative Code 5101:2-33-21, the information must remain confidential, be marked "Highly Confidential," and is not subject to disclosure by any party to any person not directly involved in the case.

- The identities of the referent/reporter and any person providing information during the course of an assessment/investigation of child abuse and neglect must remain confidential, be marked "Highly Confidential," and be redacted.

- The identities of the family members, children, and/or any other person who was subject to a child abuse and neglect assessment/investigation must remain confidential, be marked "Highly Confidential," and be redacted.

- Any personal identifying information such as, but not limited to, the address, social security number, and date of birth must remain confidential, be marked "Highly Confidential," and be redacted.

- No person shall contact or attempt to contact any individual identified in such data, or their family members, or other related individuals, for the purpose of obtaining additional information related to this case.

In your January 14 letter, you write that Defendants are willing to limit the universe of case files/activity logs sought to those cases upon which Plaintiffs may reasonably rely to support their claims for damages in this case. Plaintiffs intend to rely only on aggregate data and the information as provided in the dataset referenced above, not individual case files. Therefore, it appears this issue has been resolved.

We are available to meet and confer to discuss this further.

**Additional Categories of Documents**

In your January 14 letter you request a further response regarding other categories of documents requested.

*First*, as mentioned above, we have already begun rolling productions of the SARP reports.

*Second*, as discussed on our meet-and-confer FACTS has been integrated into SACWIS.

*Third*, you request documents from START. However, many of the documents, if not all, were produced to Defendants on October 10, 2018 in Cuyahoga production volume 052. We again produced those documents to you on volume 082.

**CONFIDENTIAL**



**Fourth**, you request drug screens and treatment reports. Such documents are not in the custody or control of Cuyahoga County. However, the treatment providers may have such documents. Therefore, we produced a list of providers that may have such information in volume 082.

**Fifth**, you request monthly and weekly reports. However, many of the documents, if not all, were produced to Defendants on October 10, 2018 in Cuyahoga production volume 052. We again produced those documents to you on volume 082.

**Sixth**, you request drug of choice logs. However, many of the documents, if not all, were produced to Defendants on October 10, 2018 in Cuyahoga production volume 052. We again produced those documents to you on volume 082.

As stated above, Plaintiff is available to discuss this further on a meet-and-confer.

Sincerely,

*/s/ Hunter J. Shkolnik*
NAPOLI SHKOLNIK PLLC
Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio

NAPOLILAW.COM

360 LEXINGTON AVENUE, 11TH FLOOR, NEW YORK, NEW YORK 10017 | (212) 397-1000