EXHIBIT 11

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**By Email**

February 14, 2019

Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017

Re: *In Re National Prescription Opioid Litigation*,
Case No. 17-md-2804 (N.D. Ohio)

Dear Counsel:

We write in response to your February 1, 2019 letter (the "Clawback Request"). By the Clawback Request, Cuyahoga County seeks the destruction or return of a spreadsheet containing certain non-sensitive fields of data from the Cuyahoga Department of Child and Family Services, which was produced on August 27, 2018 bearing production number CUYAH_002442182 (the "CFS Spreadsheet").

The request to claw back the CFS Spreadsheet arises in the context of Defendants' efforts to obtain discovery regarding the extensive damages Plaintiffs are seeking for child removals and other child-related interventions that allegedly were caused by opioid addiction or abuse. The CFS Spreadsheet was one of the few useful documents that we had received on this topic, and we were engaged with you and the Special Master to obtain additional similar and related documents, including case files underlying the entries in the spreadsheet. Then, more than five months after producing the CFS Spreadsheet, rather than engaging in good faith discussions to produce additional necessary discovery, Plaintiffs instead decided to take two steps back and strategically to try to withdraw the one useful piece of information that had been produced. For the reasons explained below, the Clawback Request has no basis and should be rejected. There is no conceivable inadvertence in the production of the CFS Spreadsheet, and no basis for any privilege or other protection from discovery.

Apart from the lack of any legal foundation for the Clawback Request, we note various procedural and practical difficulties with the request. The CFS Spreadsheet has been marked at depositions, and has been submitted to the Special Master and provided to counsel for the State of Ohio, well before you sent the Clawback Request, such that actually obtaining and destroying the distributed copies from numerous parties and non-parties would be particularly complicated. Indeed, we are not aware of precedent dealing with the clawing back of a marked deposition exhibit after a deposition has concluded. Nor do we see how deposition testimony concerning the exhibit could be understood without the exhibit, or how testimony concerning

COVINGTON

February 14, 2019
Page 2

the exhibit would be excised. Under the circumstance, we seek your agreement that copies of the document will not be gathered and destroyed pending the resolution of this issue, and absent that agreement, we will seek such a resolution from the Special Master.

We are willing to meet and confer to discuss this further. However, given the broader dispute that has been briefed and is pending before the Special Master concerning CFS discovery, we have little to no reason to believe that the meet and confer process will be successful. Thus, we would like to meet and confer promptly so that we can submit an application to the Special Master concerning the Clawback Request by tomorrow, Friday February 15.

### I. There Was No Possible Inadvertence in Plaintiffs' Disclosure of the CFS Spreadsheet; In any Event, There Has Been a Waiver.

Although your Clawback Request asserts that the CFS Spreadsheet "was inadvertently produced," there was no possible inadvertence in fact. As the record reflects, Plaintiffs produced the CFS Spreadsheet six months ago under a cover letter that detailed the contents of the CFS Spreadsheet. Thereafter, Plaintiffs explicitly pointed to and highlighted the CFS Spreadsheet, questioning why Defendants had not used it more extensively in depositions. Then, when Defendants repeatedly introduced the CFS Spreadsheet at depositions, and questioned witnesses about it, no privilege or other objection was raised by Plaintiffs.

Under the Federal Rules of Evidence, if a privileged or protected document is disclosed, the disclosure "does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."[1] Fed. R. Evid. 502(b). *See irth Sols., LLC v. Windstream Commc'ns, LLC*, No. 2:16-CV-219, 2018 WL 575911, at *2 (S.D. Ohio Jan. 26, 2018); *Mycone Dental Supply Co. Inc. v. Creative Nail Design Inc.*, No. C-12-00747-RS (DMR), 2013 WL 4758053, at *2 (N.D. Cal. Sept. 4, 2013). In and outside of the Sixth Circuit, courts classify disclosure under Federal Rule of Evidence 502, as a binary choice: it is either intentional or inadvertent.[2] *irth Sols., LLC v. Windstream Commc'ns LLC*, No. 2:16-CV-219, 2017 WL 3276021, at *8 (S.D. Ohio Aug. 2, 2017). It is the producing party that then has the burden of proving that the disclosure was truly inadvertent." *See irth Sols., LLC*, 2017 WL

---

[1] The parties have agreed to a protective order that addresses the interplay of Federal Rule of Evidence 502(b). *See* Case Management Order No. 2: Protective Order, see Dkt. No. 441 ("Protective Order"). The Protective Order loosens or removes the requirement that producing parties prove that they took reasonable steps to prevent disclosure. But the Protective Order does not change the normal standard for intentional production and use.

[2] Case law and the advisory committee notes appear to equate "intentional" disclosure with voluntary disclosure and an "inadvertent" disclosure to a mistake. *See* Fed. R. Evid. 502(a) advisory committee's note. *irth Sols., LLC*, 2017 WL 3276021, at *8-9.

COVINGTON

February 14, 2019
Page 3

3276021, at *8 (citing *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 845, 850 (E.D. Mich. 2010)).

In determining whether a disclosure is intentional, rather than inadvertent, courts consider the circumstances surrounding the disclosure. *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008)(quoting *Harmony Gold U.S.A. v. FASA Corp.*, 169 F.R.D. 113, 116 (N.D. Ill. 1996))("Courts have not established a bright-line rule for determining whether a document was inadvertently produced; instead, courts look at the circumstances surrounding the disclosure"). In particular, in circumstances where the producing party failed to object to the use of the disputed document at a deposition, courts have found that disclosure was intentional. *See e.g.*, *Braun v. Medtronic Sofamor Danek, Inc.*, No. 2:10-CV-01283, 2013 WL 5563897, at *3 (D. Utah Oct. 7, 2013) (producing party's disclosure not inadvertent where disputed document was introduced and used during deposition); *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 203 (E.D.N.Y. 2016) (finding intentional disclosure where producing party failed to object to introduction and use of disputed document at deposition); *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 719 (E.D. Va. 2010) (finding intentional disclosure where producing party "did not accidentally include a single document, known to be privileged, in a large collection of otherwise non-privileged documents[,]" but rather knew that it was producing the disputed document and "after apparent analysis," determined that the document could be produced in redacted form and marked "confidential").

Your disclosure of the CFS Spreadsheet was clearly intentional at the outset, you encouraged Defendants to use it, and failed to object when Defendants did. All of these circumstances are indicative of intentional disclosure. In light of these circumstances, further described below, Plaintiffs cannot meet their burden of proving inadvertence. Even if there were initial inadvertence, subsequent use, non-objection and delay in seeking a clawback, all constitute a waiver.

### A. Plaintiffs Wrote About the CFS Spreadsheet on at Least Three Separate Occasions During Discovery, and Complained About Why Defendants Had Not Questioned Witnesses on the Document.

As in in *Braun*, Plaintiffs here used and discussed the document that you now seek to claw back. It was not produced mistakenly within a large batch of produced documents. For example, in Plaintiffs' production cover letter, dated August 27, 2018, you not only identified the CFS Spreadsheet in question, but also described its contents as follows:

> [The] spreadsheet . . .includes information for placement episodes occurring from January 1, 2006 through August 15, 2018. This spreadsheet includes the following information:
>
> o Person id
> o Case id
> o Removal date
> o Primary removal reason
> o Discharge date