# EXHIBIT 2



Health and Human Services
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
Office 614-466-8600

February 11, 2019

**By Electronic Mail**

Special Master Cohen
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

Re:   *In re National Prescription Opiate Litigation*, MDL No. 2804
      **Disclosure of SACWIS Data**

Dear Special Master Cohen:

ODJFS submits the following response to Defendants' February 6, 2019 letter seeking SACWIS data for use in the above-referenced case. It is ODJFS's position that SACWIS data is protected by federal and state law. For the data to fall within the litigation exception to the federal confidentiality laws, it must be found necessary for the determination of an issue in court. ODJFS does not believe that the SACWIS data is necessary to determine any issue in this case. Even if found necessary, any information would need to be heavily redacted to comply with federal law.

> **A.  SACWIS data is not necessary for the determination of an issue before the court.**

Defendants focus on 42 U.S.C. § 5106a(b)(2)(B)(viii), 42 U.S.C. § 671(a)(8), and 42 C.F.R. § 205.50, which ODJFS had identified as some of the federal laws governing the confidentiality of SACWIS.  They first argue that § 5106a specifically permits the release of otherwise confidential information "upon a finding that information in the record is *necessary for the determination of an issue* before the court or grand jury." *See* 2/6/19 letter, quoting 42 U.S.C. § 5106a(b)(2)(B)(viii)(V) (emphasis added). But production of SACWIS data and case notes is not necessary for the determination of any issue in this case. Plaintiffs have indicated that they will not be relying upon any data in SACWIS to support their damages claims. Defendants simply allege that they "critically need access to the SACWIS data and underlying case files to determine whether in fact, and to what extent, removals and other interventions were caused by" opioids. *See* 2/6/19 letter. Defendants' insistence on that point is an overstatement of the data's necessity and indicates a misunderstanding of SACWIS.

First, since the Plaintiffs are not relying on SACWIS to support their damages calculations, the SACWIS records are not necessary to determining the issue of Plaintiffs' damages. Nor have Defendants made any showing of necessity regarding their defense. Defendants expressed the

need for this information because their expert "must have access to the full universe of data" from which to draw conclusions regarding the percentage of cases involving opiates or opioids. *See* 1/16/19 motion to compel at 5. Defendants then suggested that they only want case files "for the cases upon which Plaintiffs intend to rely." *Id.* at 6 (emphasis deleted). However, Plaintiffs have stated that they are *not* relying on any data from SACWIS to support their damages calculations. It therefore does not seem that this data is necessary to the case.

The specific cases that Plaintiffs cite to in support of a finding of "necessity" are distinguishable from this case. Plaintiffs point to *Steinberg v. Mount Sinai Med. Ctr.*, No. 12 Civ. 51, 2014 U.S. Dist. LEXIS 44033 (E.D. N.Y. Mar. 31, 2014) and *John B. v. Goetz*, 879 F. Supp.2d 787 (M.D. Tenn. 2010). In those cases, the confidential records directly addressed a claim brought by the plaintiffs and pertained to parties to the litigation. Neither circumstance is present here.

In *Steinberg*, the plaintiff filed a lawsuit after he was involuntarily committed to a hospital. The defendants sought records from the state Department of Children and Families *pertaining to the plaintiff*. 2014 U.S. Dist. LEXIS at *2. The court found those records necessary to determine the issues in the case (including plaintiff's allegations of abuse by his mother; the investigation into those allegations; defendants' alleged requests that the state take custody of plaintiff; and arrangements for plaintiff to be released to a foster family). *Id.* at *5, 19-20. Thus, the records were in regard to a party who put them at issue; they were not tangential to the ligation, but "directly concern Mr. Steinberg's stay at and discharge from Mount Sinai [a defendant] and have obvious relevance." *Id.* at *19.

In *Goetz*, the plaintiffs filed a class action alleging the unlawful denial of medical care to minors in state custody. The plaintiffs sought records from Tennessee's version of SACWIS to review the case notes regarding the medical treatment provided to children while in state custody. *Goetz*, 879 F. Supp.2d at 848-849. The court found those records highly relevant to the central issue of whether defendants' conduct violated plaintiffs' rights. *Id.* at 903.

Here, Defendants are seeking confidential records pertaining to *non-parties*[1] where those records are not being used to support any claim brought by Plaintiffs. This raises substantial privacy concerns because all of the requested records pertain to people entirely unassociated with—and likely unaware of—this litigation. Therefore, neither *Steinberg* nor *Goetz* supports Defendants' argument that SACWIS data is necessary.

Second, Defendants seem to overestimate the value of the data in SACWIS, or at least fail to grasp the reality of what information is contained in that database. SACWIS was never intended to be a tool to track the number of cases that fall within a particular category. While the individual case notes may reflect a specific reason necessitating removal of a child or other intervention (for example, neglect) and an underlying cause of that reason (for example, alcohol abuse), those notes are created based on *all* work done during a case. SACWIS contains hundreds of data fields for each case through multiple sub-categories, drop-down menus, and

---

[1] The *Goetz* Court acknowledged that the requested documents may include some children who are not class members. *Goetz* at 904. However, the court found that "those individuals are not numerous" and that their names should be redacted. *Id.* Here, *all* of the records would pertain to non-parties.

narrative fields. The *Ohio SACWIS User Guide*, published by ODJFS and available online at http://jfs.ohio.gov/sacwis/Training-Classroom-Exercises/UserGuide1-6.pdf, illustrates the many data fields in SACWIS. For example, the screenshot on page 1-10 (attached as Exhibit 1) shows six tabs across the top ("Home," "Intake," "Case," "Provider," "Financial," and "Administration"). It also shows 25 pages within the "Case" tab, listed on the left. Each page contains multiple data fields.

This presents many opportunities for "drugs" and related terms to be mentioned without actually being relevant to any county action. For example, if, during the intake of an allegation of neglect, the reporter claims that the mother is abusing opioids, that allegation will likely be in the case notes. That does not, however, mean that the child was removed because of opioids, or even that opioids are actually being abused. Similarly, a case worker may simply note the presence of "drugs" or the existence of "substance abuse" without specifying—or even knowing—the particular drug at issue.

Even if opioid abuse is specifically identified in the case notes, it may not factor into the removal of a child or other interventions. For example, the case notes may document an opioid (or other) addiction suffered by a family member or potential foster caregiver. Additionally, there is a lack of state-wide requirements on what, if any, opioid-related data was entered, how it was entered, and where in SACWIS it was entered by hundreds of county agency employees across Ohio. SACWIS therefore might significantly underestimate the scope, severity and impact of opioid abuse as a cause of child removal or other intervention.

Because of the breadth of information it houses, SACWIS contains myriad *irrelevant* information about household composition, family members, case worker concerns, and services provided. And because the content (and resulting significance) of the case notes depends on individual entries made by individual case workers, who vary case-to-case, ***and whose job is not to record opioid data***, the SACWIS data cannot reliably support or attack damages figures.[2]

### B. Strong state law privacy concerns weigh against production of SACWIS data.

The Court should also take into account state-law confidentiality considerations and privacy concerns. *See, e.g.*, *Steinberg*, 2014 U.S. Dist. LEXIS at *15-18 (discussing state law

---

[2] There are only two drop-down menus in SACWIS that can identify a particular drug used by an individual. During intake, a SACWIS user can add *reported* substance use information—whether or not accurate or relevant to later action—for a "participant" in an intake. That process is explained in a SACWIS "Knowledge Base" article found at http://jfskb.com/sacwis/attachments/article/854/Completing %20Substance%20Abuse%20and%20CARA%20Information%20on%20an%20Intake.pdf. At any other point in the case, after an intake has been "screened in" and substance use has been assessed, a particular substance being used can be selected for an individual as a "person characteristic," whether or not relevant to later action. (This process is explained in a "Knowledge Base" article at http://jfskb.com/sacwis/attachments/article/594/Record%20Subst%20Abuse%20and%20Positive%20Infa nt%20Tox%20Chars.pdf.) These substance use data fields were not in effect until 2018. *See Build 3.16 Release Notes*, located at http://jfskb.com/sacwis/index.php/build-release-notes/847-build-3-16-0-release-notes and published on April 26, 2018, at 6-7 (attached as Exhibit 3).

3

considerations). Ohio has numerous statutes and rules declaring SACWIS information to be confidential and identifying few exceptions for its disclosure or use. *See, e.g.*, Ohio Rev. Code §§ 5101.13 (establishing SACWIS), 5101.131 (information contained in or obtained from the information system established and maintained under section 5101.13 of the Revised Code is confidential), 5101.132 (limiting access and entry to SACWIS), 5101.133 (limiting use and disclosure of SACWIS information), 5101.134 (authorizing the adoption of rules pertaining to SACWIS). *See also* Ohio Admin. Code 5101:2-33-21, 5101:2-33-70, 5101:9-9-39.

Because of the highly sensitive nature of the information SACWIS contains, Ohio law greatly limits its disclosure. Ohio Admin. Code 5101:2-33-21 sets out the circumstances under which SACWIS data can be released. For example, it permits disclosure to law enforcement officials, county prosecutors, or children services agencies who are investigating a report of child abuse or neglect (*id.* at (F)(2)-(4)); to listed government entities who need the information to carry out their responsibilities under law to protect children from abuse and neglect (*id.* at (G)); to the non-custodial parent of an alleged child victim, when believed such sharing would be in the best interest of the child (*id.* at (M)(1)); and to physicians, for purposes of diagnostic assessment when there is reason to believe the child may be the victim of abuse or neglect (*id.* at (M)(2)). The reasons for disclosure all revolve around one primary interest: the welfare of children. The disclosure of SACWIS data in this case would not serve the interests of children or families, and the Defendants have not stated a need for the data such that the significant privacy concerns are alleviated.

Federal courts have considered state law when considering the protections afforded under 42 U.S.C. § 5106a. For example, the *Steinberg* Court acknowledged the state privacy laws regarding the requested information and the concerns underlying them, finding that they "offer compelling reasons to limit discovery of child abuse records." *Steinberg* at *21. In that case, the privacy concerns were "greatly mitigated by Plaintiff's providing Mount Sinai an authorization for release" of the records. *Id.* Here, however, no such authorization exists and no such mitigation is present. Indeed, the privacy concerns are even greater because all of the requested records pertain to people entirely unrelated to the present litigation. And SACWIS contains incredibly sensitive information, as listed in Ohio Admin. Code 5101:2-33-70(I) and 5101:2-33-23, including statements of persons involved in the case, names of the people involved, referrals and the provision of services on behalf of children and families, summaries of reports from service providers, custody and placement information, adoption information, home studies, financial eligibility determinations, and child abuse and neglect reports. Therefore, state law privacy concerns should be considered, and they weigh against disclosure of SACWIS data.

### C. Defendants seek information protected by 42 U.S.C. § 671(a)(20)(B)(iii) and 42 C.F.R. § 205.50, as well as 42 U.S.C. § 671(a)(20)(B)(iii).

Defendants next urge the Court to release the requested data, in part, because the information they seek is not protected by 42 U.S.C. § 671(a)(8) and 42 C.F.R. § 205.50 because those laws only protect against disclosure of identifying information of applicants for or recipients of public assistance. Defendants attempt to draw parallels between this case and *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81 (2008), which addressed the confidentiality of the names and addresses of foster caregivers certified by the state. The *Jones-Kelley* Court focused

4

on application of 42 U.S.C. § 671(a)(8) and 42 C.F.R. § 205.50 and the fact that their protections are limited to identifying information of public assistance applicants and recipients. That situation is not analogous. Here, Defendants are not seeking a list of providers; they are seeking extensive files regarding children services' involvement with thousands of families, including abuse/neglect allegations, counseling services, victim interviews, family interviews, removal decisions, reunification decisions, placement assessments, and more.

Moreover, many of those families are likely recipients of public benefits and therefore subject to the protections under 42 U.S.C. § 671(a)(8) and 42 C.F.R. § 205.50. However, SACWIS data is protected even if it does not identify applicants or recipients of public assistance. Notably, 42 U.S.C. § 671(a)(20)(B)(iii) also applies to this case. That statute requires states to "have in place safeguards to prevent the unauthorized disclosure of *information in any child abuse and neglect registry* maintained by the State." (Emphasis added.) That is exactly what Defendants are seeking. The plain language of that statute protects all information in a child abuse and neglect registry.

### D. Any SACWIS data the court orders produced would need extensive redactions.

Defendants finally argue that 42 U.S.C. § 671(a)(8) and 42 C.F.R. § 205.50 permit disclosure of SACWIS information if the data is properly redacted and protected. Defendants again point to *Goetz*, which, as explained above, is factually distinct from this case. Defendants also rely on another distinguishable case, *Clark K. v. Willden*, No. 2:06-cv-01068 (D. Nev.). In *Clark K.*, plaintiffs filed a lawsuit on behalf of all abused and neglected children who were in or at risk of entering the county foster care system, alleging violations of § 1983 against the county and county officials. The court ordered production, subject to a confidentiality agreement, of records for children who have been subject to abuse or neglect or who died while in county custody. But in *Clark K.*, the information sought directly related to the plaintiffs' claims against the defendants (as is the case in *Goetz* and *Steinberg*, both discussed above). Here, as previously explained, the SACWIS data do not have a direct connection to Plaintiffs' claims and instead pertain to confidential and highly sensitive personal data of children and families who have not likely even been made aware of this litigation, much less acquiesced to the collection and use of their personal data.

However, if the Court disagrees with ODJFS and finds that SACWIS data are necessary to resolve an issue in this case, ODJFS asks that the ordered production be limited to de-identified spreadsheets. Any order that goes beyond a de-identified spreadsheet and includes case files would require substantial redaction. Federal law would require, at a minimum, redaction of children's names, addresses, phone numbers, and dates of birth; the names, addresses, and phone numbers of parents, relatives, caregivers, and foster placements; the names, addresses, and phone numbers of all reporters of child abuse and/or neglect; and any other personally identifying information that may appear in the case file, including case ID numbers and person ID numbers. All of the data fields in SACWIS would need to be manually examined and redacted, an undertaking that ODJFS anticipates taking hundreds of hours.[3] Even then, some of the narratives

---

[3] This raises the question of whether this information would be proportional to the needs of the case, as

5

may be unable to be fully redacted such that identifying information is removed while other text remains.[4]

Finally, if the Court issues an order for production of SACWIS data and redacted case files, ODJFS urges a narrow order. ODJFS understands the Defendants to be seeking (1) a spreadsheet containing no identifying information and (2) twenty-five case files. ODJFS asks that any order not exceed that request so that if and when Defendants attempt to obtain more than twenty-five case files, the issues of confidentiality and necessity can be re-assessed.

### E. Conclusion

It is ODJFS's position that the requested information from SACWIS is confidential under federal law and does not fall within an exception that permits its release. To the extent the Court orders production, ODJFS asks for a narrow order that identifies specific information to be redacted.

Very respectfully yours,


*/s/ Theresa R. Dirisamer*
Theresa R. Dirisamer
Assistant Attorney General
Counsel for ODJFS



cc: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
 mdl2804discovery@motleyrice.com
 David Ackerman
 Hunter Shkolnik
 Jodi Flowers
 Kelly Hibbert
 David Haller

---

required by Fed. R. Civ. P. 26(b)(1), given the low relevance and high burden of production. Defendants are seeking this information from Plaintiffs as part of their discovery responses, rather than by issuing a subpoena to ODJFS.

[4] ODJFS anticipates identifying information being inextricably intertwined with the narrative text such that adequate redaction is impossible. For example, page 9-14 of the *Ohio SACWIS User Guide*, available at http://jfs.ohio.gov/sacwis/Training-Classroom-Exercises/UserGuide1-6.pdf (page 9-14 attached as Exhibit 2), instructs case workers that "The description of family includes a series of narratives that describe the applicant(s), other household members, and the overall support and situation of the family." That narrative text is unlikely to include any text that can be adequately de-identified and remain useful.

6

## Using list screens

A list, or filter, screen usually appears from a Case or Provider Overview screen when you click one of the links in the menu on the left. This type of screen lists the records of the type indicated in the link.

The system presents the records according to pre-defined default criteria, which may be more records than you want to view. The top portion of a list screen includes a Filter Criteria area. You use the fields in the Filter Criteria area to limit the display of records, which allows you to filter the display of records that appear in the table below.

Each row in this table represents a single record. To open the record, click the **view** or **edit** link that appears in the left-most column. List screens generally include an "add" button below this list of records. Click this button to create a new record. Either way, the system displays a detail screen, which represents the details of a given record.



## How to record a description of family

The description of family includes a series of narratives that describe the applicant(s), other household members, and the overall support and situation of the family.

1. From the Maintain Home Study Information screen, click the **Description of Family** link. The Description of Family Information screen appears.

   For information about how to display the Maintain Home Study Information screen, see "How to record a home study" on page 9-12.

2. Click **Maintain Description of Family**. The Maintain Description of Family screen appears.

3. Click **Add Family Description**. The Description of Family Details screen appears. Complete the fields on this screen and click **Save**. The Applicant Narratives screen appears.

4. Click the **edit** link next to a statement. The Narrative Details screen appears. In the narrative field, enter a detailed response to the statement and click **Save**. You are returned to the Applicant Narratives tab.

5. Repeat step 4 for each statement.

6. Click **Member Narratives** and **Family Narratives**, complete the required fields on each screen, and click **Save**.

7. Click **Close**. You are returned to the Maintain Home Study Information screen.



**Exhibit 3**



SACWIS Functional Area Release Notes
Build 3.16.0

**ADMINISTRATION**

- When a Bridges Application is routed to ODJFS for approval, a notification will be sent to mailbox is Bridges@jfs.ohio.gov.
- An alert will be sent to all assigned workers when a final approved Bridges Application is sent to the Bridges Agency.
- When completing a employee search during a placement request, a Return button will appear to return to the work item of placement request.

**ADOPTION**

- The Adoption Case Creation page design is changing.  The Adoption Case Association screen will be displayed before the Adoption Case Creation in an attempt to create one adoption case for siblings (instead of individuals cases).   In addition, a status message will display reminding users the benefits of creating only one adoption case for siblings rather than multiples. The message will read: "A Sibling Adoption Case already exists.  Associating this child(ren) in their sibling case eliminates redundant data entry by allowing Work Items (IE: Matching Conferences, Case Plans, Activity Logs, and Case Reviews/SARs) to be created once instead of individually in each case."

**CASE**

- Upon completing an activity log and when selecting Assessment/Investigation Initiated as the Sub-Category, the user will be required to select another Sub-Category in order to associate a Participant to eliminate duplicate ALs for the same activity.
- Report has been enhanced to allow users to run the report when only a Provider ID has been entered.  The Provider ID plus a person ID or a case ID is no longer required. Optional filters have been added.  The report can be filtered by case services that are or are not linked to a case plan, and report can be filtered to exclude services that have been end dated.
- A user with the security of State System Administrator will have the ability to edit Initial Removal Information once the record is in Completed status. The only information editable by the State System Administrator is located in the first tab of the IR record.
- The Bridges Housing records will now display with the correct selected Housing Type.
- The Modified By field for activity logs in the audit tables will now show the correct audit history.
- The date of the Bridges legal status cannot be before the Approved Application date of the most recent custody/case episode.
- The Legal status and /or the Custody Episode begin date in a Bridges case cannot be prior to the Application approved date.
- Changes have been made to AWOL related placement leaves. The time NCMEC was contacted will be added. The time AWOL field will be divided into two fields: the time amount will be a number field including that includes decimals and the time span will be a drop down with the values of minutes, hours, days, weeks, months, years.


- When an activity log that has been corrected is linked to a case closure, the original narrative and the corrections will display.
- Once a case closure record is routed and in pending approval status, the user is unable to edit.
- On the Legal Action Subpoena Details page, if Time Subpoena Served or Time Ordered to Appear has not been recorded, the system will automatically set and display the time as 12:00 AM. If a Time Subpoena Served or Time Ordered to Appear has been recorded, the system will display time recorded.
- A case closure cannot occur with open placement leave records. User will receive a validation message at case closure advising there is an open placement leave record.
- Per Title IV-e Policy, the legal status reference value "Agency Authority" will become obsolete. All historical records will remain. The user will no longer be able to select this legal status going forward. This is related to ORC 2151.31.
- On Bridges work items, only Employment records that are non-end dated will display.
- The Activity Stream information for Initial Reasonable Efforts will no longer display on Bridges Cases.
- Users with the security of Bridges will be able to add/edit Bridges documents. All other securities will be view only
- The edit/save functionality has been updated on the Bridges Application.
- Repaired validation and navigation issues on Bridges Application. Submit for Approval can be utilized on either tab.
- Users will no longer receive an error when the click on Add, View or Edit Application.
- The system will no longer lock the initial removal record when validating the Caretaker structure.
- The system will now allow a traditional case to close if there is a current Bridges Care and Placement episode with an open Bridges or YAS case.
- The system will now save changes to the Characteristics or Medication checkboxes.
- The system will correctly enable the Court Calendar Judge/Magistrate name drop down when accessing the page for the first time.

**COURT**

- **No New Content**

**FEDERAL REPORTING**

- **No New Content**

**FINANCE**

- The 330 file has been updated.


- State system administrators will have the ability to resend the enrollment when needed.
- Representative, Placement Provider, Authorized Representative, and Parent (for adopted children) have been added.
- Parameter page for new report - AAC Notice of Continued Approval
- The checkbox has been added. When the most recent managed care plan is resent, the previous "Sent to MCEC" date will be removed. The Medicaid Eligibility History screen will also change the "Yes" to "Pending" for "Sent to MCEC".
- Authorized Representative Grid Changes:  Removed the Add Provider Members button, changed button label for 'Add Other Members'  to 'Add Authorized Representative', remove 'Type' from the Add Other Members selection; no need for relative, agency or other, added checkbox for 'Authorized Representative is 18 years of age or older.' The checkbox will be disabled when the DOB is entered.
- For the State Data Management Utility Tool; Removed the ability to delete Medicaid spans, added an edit link on the Medicaid Eligibility screen which calls the SDMU screen/functionality (for State Data Correction security) and the edit link will only display on the most recent SACWIS generated Medicaid span.
- For State Data Management Utility Tool; removed CRIS-E field no longer being used, removed sent to AHS check box, removed sent to CRIS checkbox and changed Medicaid Number to Medicaid Recipient ID.
- Notification will be sent to the Bridges State Administrator when a payment plan is created.
- Foster children will now have up to two personal representatives, a placement provider, and up to 30 authorized representatives.
- A managed care plan enrollment history is now retained. The user can also now identify whether the disenrollment was successful.
- A Financial Workload work assignment has been created for the state Adoption Assistance Connections program worker.
- The mapping for living arrangement codes sent to MITS has been updated.
- A new security profile has been created for the workers of that unit.
- For the State Data Management Utility Tool, removed 'Sent to AHS' and 'Sent to CRIS' from the view screen.
- For the State Data Management Utility Tool, a Resend to MCEC checkbox has been added.
- New Report for Adoption Assistance Connections (AAC) Notice of Continued Approval
- The Mailing Date now matches the date entered on the parameters screen. The AA subsidy amount is now pulling through when box is checked on parameters page. When box is not checked, the amount entered within AAC Subsidy Record pulls through, if no amount entered, it's blank on the report for the worker to write in.
- The AAC Representative and Telephone Number will now display correctly on the report.
- Adoptive parent(s) will appear as the Personal Representative (1) and Personal Representative (2) on the Medicaid Eligibility History screen. Adoptive Parent(s) name(s) pulls from the Provider record - Applicant 1 and Applicant 2.


- Worker Assignment functionality no longer creates duplicate assignments
- Updates to the Financial Workload have been made.
- The Financial Workload reflects changes made to the employee record, for example, if a worker's supervisor changes, the worker assignment info is reflected under the new supervisor.
- Financial Workload FCM Supervisor View of Assignments by Worker/My Assignments screen has been updated to system's new interface standards.
- FCM Assignments by Worker screen has been updated to system's new interface standards.
- Adoption Assignments by Worker screen has been updated to system's new interface standards.
- When custody episode is ended, system will terminate workload assignments.
- Transfer capability only occurs for worker with Eligibility Specialist Assignment security and workers already assigned to the work item will not display in the Employees Receiving Assignments grid.
- If children with different subsidy types are selected validation message will display, 'The selection includes multiple subsidy types, please limit to one subsid type.
- Supervisor must have assigned user group of Eligibility Workload to view assignments and Eligibility Specialist Assignments to manage assignments.
- Edit Assignment link appears if logged on worker has the eligibility specialist assignment security.
- Supervisor's Workload View contains a view of assignments for all assigned workers.
- When updating or adding an authorized representative for a child, the system will flag the record to resend to MITS.
- When the Primary Worker on a case changes, the Personal Representative on the Medicaid Eligibility History screen will change for a child unless the agency has setup a a MCP Coordinator for the agency in the Agency Info area and the medicaid record will be flagged to resend to MITS.
- For new custodial episodes, system will not compute Authorized Representative(s) from the previous custody episode.
- For State Approvers of the Maximum Adoption Assistance Subsidy Waivers, the AA waiver history link displays.
- Up to 30 authorized representatives can now be sent to MITS.
- Primary Information Person changes: changed Primary Information Person to Personal Representative, For FCM and ICPC kids: Added a second line for Personal Representative that will display the Agency that holds custody, For all adopted spans: Will display the Applicant 1 (1st line PR) and Applicant 2 (2nd line PR) Names from the adoptive parent id as the Personal Representative.
- The report is being updated to correct the Mailing Date, AAC Representative, Telephone number and Dollar Amount displays.
- The record is now resent to the enrollment center when a user edits it by either adding comments or modifying the ID number.


- MCP plans now display.
- These records are no longer counted twice for Training Ceiling.
- The letter will pull the AAC Assigned Worker information located in the Subsidy Eligibility record to populate the AAC Representative information on the report.
- The system will create a payment change event record when leave dates are entered. The change begin date will be equal to the leave begin date, and the change end date will be equal to the leave end date.
- SAMS Report will generate for the county of the logged in worker.
- Adoption Subsidies Review Report will generate for the county of the logged in worker.
- The Financial Workload will now display all Adoption Subsidy Cases.
- When an adoption subsidy eligibility work item is created and saved in an approved status, the system automatically creates a work assignment for the eligibility worker. When an adoption subsidy record review is entered before the last calendar day of the month following the month the adoption subsidy record terminates to extend an adoption subsidy eligibility record past the recipient's 18th birthday, the adoption subsidy assignment will continue with the eligibility worker. When the adoption subsidy record terminates or the adoption subsidy end date is reached, the system automatically terminates the assignment of the Eligibility Specialist. When an assigned adoption subsidy record is associated to an adoption that is finalized and sealed, the system will automatically end t work assignment on the old person id and automatically create a new work assignment for the new person id.
- When an eligibility worker clicks the 'Determine Eligibility' button on an initial uncompleted FCM eligibility record, the system automatically creates a work assignment for that eligibility worker. Multiple eligibility workers may be assigned to the work item if multiple workers click 'Determine Eligibility' prior to the record being saved. If the eligibility record is created in error, all previously assigned eligibility workers will maintain their assignment to the work item, but additional workers may be assigned if they also click 'Determine Eligibility' prior to the record being determined and saved. When the custody episode is ended, the system automatically terminates all the FCM Workload assignments.
- Missing information (case id, type, subsidy id, subsidy effective and end dates, last review date) now appears on the Assignments by Worker screen.
- System no longer pulling the Adoption Agreement Date rather than the last Review Date.
- Case ID now appears in the Adoption Subsidy Workload.
- Updated verbiage to "If a Member needs to be added, go to the Provider record and add a Member through the Provider Information Member tab."

**INTAKE**

- The case Associated Persons tab format has been updated to streamline the display and include age and DOB. Example: Doe, Jane / 804016  Female  Age 34, DOB 04/01/1983


- A push box has been added to the Disposition Details page to optionally document one or more substances, as applicable. At least one substance is required when any of the following Harm Descriptions is selected: Infant Affected by Illegal Substance Abuse Positive Toxicology of Infant/Child Withdrawal Symptoms due to Prenatal Drug Exposure Access to drugs Ingestion of drugs (illegal or legal) Child affected by substance abuse Witness to caregiver substance abuse Witness to overdose of caregiver When "Other" substance is selected, there will be a required text field to specify.
- When completing a justification waiver to Extend Completion of Family Assessment, or Extend Completion of Ongoing A/I, or Extend Completion of Specialized A/I, the system adds Extend Completion of Report Disposition if it has not already been added by the user.
- A new Substance Use Tab has been added to the Family Assessment, as well as Family Assessment Participant Details page for each participant which will pull forward information from the linked intakes. Workers will answer a question about identified substance use concerns. If concerns are identified, the worker will go the detail page for each participant to document more information. If the worker documents an infant exposed to or affected by a substance absent a valid prescription that has been verified and is being used as prescribed for all substances the infant was exposed to/affected by, the system will calculate that CARA applies. On the Case Analysis tab, when the final case decision is to Close or Close/Refer, and if CARA applies, an additional question will display regarding the plan of safe care with a link to additional information about CARA. Based on the response to this question, dynamic warning messages display.
- For the CARA initiative, the following updates are being made to the Intake: The caregiver substance use question currently on the Basic tab has been modified and combined with the previous Infant Positive Toxicology questions, which have been moved from the Allegations tab to the Basic tab. (Legacy data is being converted.) When substance abuse by any family member is indicated, and/or if the report involves a substance exposed or affected infant, then completion of new Substance Use Information for each intake participant is required. This information can be accessed from the Participant Details or from a new Substance Use tab in the intake. The Substance Use Information fields are dynamic depending on whether the intake participant is an infant, defined as less than 12 months old for purposes of CARA. The Drug Types selection box will continue to display on the Basic tab for historical intakes only. Going forward, the specific substances will be selected in the Substance Use Information for the applicable intake participant. System will calculate that CARA applies to the intake when the completed Substance Use Information indicates an infant has been identified as affected by or exposed to a legal or illegal substance for which a valid prescription being used as prescribed has not been verified. A green CARA badge will display in the intake header and on the screening Decision Review page when CARA applies.
- When a participant is added to an intake post-decision and the Substance Use tab is present, the intake participant substance use detail page must be answered to save. If it not answered a

**Exhibit 3**



SACWIS Functional Area Release Notes
Build 3.16.0

Validation message is issued: Substance use information is missing for <last name, first name middle initial/ person ID> (Substance Use).

- On the Intake Decision tab, if CARA applies based on the information captured in the participant Substance Use Information, and the screening decision is "Screened Out" with a reason of either "No allegations of child abuse/neglect" or "Does not meet agency criteria for service," an additional question will be required asking about the plan of safe care. System displays dynamic warning messages based on the response. For CARA initiative, a badge will display on the screening decision review page when the intake meets the CARA criteria. For ALL intakes, decision comments will now be required when the Reason for Screening Out is either "No allegations..." or Does not meet agency criteria..."
- When a Bridges CRP has a non-end-dated custody episode and there is not a Housing record with a start date that matches the custody start date (excluding created in error records), then a warning message will display on the case overview page.  Message:  '{Person first name Last name/ID} does not have a housing record as of their custody start date.
- The following updates have been made to the Change Disposition page for CARA initiative: Display original disposition selected substances. Add substance selection push box to Change Disposition page. Fix responsive design on the page. (Severity of Harm label is on top of previous field, and drop down extends off the page to the right.)
- When recording an intake, if user selects Post-Emancipation category, Young Adult Services type, then changes the category to FINS, the type was automatically changing to Emancipated Youth. This intake type is no longer valid. This has been fixed so if the Post-Emancipation intake category is changed, the type defaults to blank so user can select appropriate value
- System was creating case Associated Person records with missing Association type codes. This happened when a user end dated a case member, clicked "Change to active Associated Person", and then canceled. This has been fixed so if the user elects to cancel the creation of the Associated Person in this flow, the record will not be created.
- When creating a new person and adding person characteristics prior to saving the new person record, an error will not be issued. Instead, system will save the person record on save of the characteristic.
- When the Justification type "Extend second attempt to complete face to face within the first four working days" is selected, there should be a message displayed on the page: Per OAC 5101:2-36-11, extension of the second attempt to complete face-to-face contact and the JFS 01401 within four working days from the screening decision is permitted only when ALL of the following have been recorded here with supervisory approval completed prior to the expiration of the fourth working day: (a)The diligent efforts completed to identify the child's current safety status with a principal of the report or collateral source who has knowledge of the child's current condition, and can provide current and credible information about the child's safety. (b)The name and location of the individual who provided the credible information about the child's safety, and the manner in which the information was obtained. (c)The information


- provided by the principal of the report or collateral source that supports the PCSA's belief that the child is not at risk of being seriously harmed.
- When recording a disposition, if you select harm descriptions, and if there are validation messages upon save, the harm descriptions do not clear out of the field. Harm descriptions should not disappear from the field when there are validations.
- For Bridges agencies, when linking an intake to a case, there is a hyperlink to the Bridges Regional map. The map has been updated
- On the Basic tab of the Intake, when completing the question, "Does this report require a Specialized Assessment/Investigation?", the page will not jump to the top.
- During Testing, when validating or processing approval of the Family Assessment, if the Substance Use Tab has not been completed, the validation message "Substance use concerns question is required." will display.
- From testing, Java Error is no longer received on Family Assessment participant Details page.
- During testing, it was determined that the verbiage on the intake participant substance use details page for a child/adult needed to be modified to make sense in the finalized workflow. The page now states: Are there current concerns for any of the following for this participant? Abuse of any substance including illegal drugs, prescription medications, or other substance. This may include a medication not taken as prescribed, medication not prescribed to the user, or other substance which can be legally purchased such as alcohol or inhalants.
- In UAT 3.16.2i, when a participant with no DOB was added to an intake (post-screening decision, linked to a case), on the substance use details, the age category was set to "Infant" instead of "Not Selected" radio button. This has been corrected. The following issues were found during testing in UAT and have been resolved for the final build: 1. On the Family assessment participant substance use information page, the characteristics grid should only display substance related values. In UAT 3.16.2i, other values were also displaying, such as Post traumatic stress disorder. 2. Due to a missing business rule, there was no validation on the Child/Adult page to require a characteristic for completed status. when the concerns question is answered Yes. Validation message added: When there are current substance abuse concerns, the related person characteristic must be recorded.
- In UAT 3.16.2i, if user navigated from the family assessment participant substance use information page to the person characteristic details, if the person is a provider member, there was not a save button. Close returns user to the FA participant details page, which is correct. However, if user then accesses a person from the hyperlink on the FA substance use tab, goes to Profile>Characteristics> add characteristic, the save button is present. Upon save, system should navigate to the characteristic list page, but instead goes to the FA participant substance use information page with no buttons and user is stuck on that page. This has been corrected so the user can save the characteristic and then is returned directly to the substance use information page when adding from within the FA. If user then navigates to a person record directly and then to characteristics, the navigation will follow the normal person flow.



SACWIS Functional Area Release Notes
Build 3.16.0

- In UAT 3.16, the CARA Plan of Safe Care response on a screened out intake was getting copied forward if that intake was copied to create a new intake. This has been corrected so the data in this field is not copied.
- In UAT, the following validation was not working in the family assessment: When a value other than "None of the above" is selected for the substance use concerns question on the Substance Use tab, upon approval, all participants must have the Substance Use Information Reviewed/Updated set to Complete. Validation message: Complete review/update of Substance Use Information for <Last Name, Suffix, First Name Middle Initial/person ID>. This has been corrected.
- In UAT 3.16.2i, when completing a family assessment by moving through the tabs in order, on calculate from the Risk Assessment page, system navigates to Policy Override page and required Policy Override question is being defaulted to No instead of Blank.

**PERSON**

- When a Person record is accessed via the hyperlink in the Case Overview Hazards list, on close from the Person Overview user is navigated back to the Case Overview as expected instead of getting a white screen.
- When a person record is accessed from case members or associated persons, if user goes to the Person's Address tab and clicks an address hyperlink to the address details page then clicks save, the system returns to the Person Address tab.
- A person cannot be an active case member and an active associated person on the same case at the same time. Validation prevents creating a record of one type when the person is active in the other. (Previously, the validation was not working if the begin dates were the same for both records.)
- When accessing an intake, if user clicks cancel from any tab besides Basic, then clicks cancel in the pop-up warning message box, no error messages received and system stays on the page as expected.
- After searching for an Intake and selecting the view link in the search results, when looking at the substance use tab and closing out of the intake, the user returns to the search results.
- On the person preview page, race values now display correctly.

**PROVIDER**
- When linking Provider activity logs to a Rule Violation, a Home Study or Contracts, the 'breadcrumb' language will be corrected to notate from where this screen was called. It had previously been erroneously hard coded to state the user was in the Financial/KPIP area.
- When user adds a Non-ODJFS provider, through Non-ODJFS search screen and then instead of creating a Non-ODJFS record, selects cancel, system will now return user to the Provider Search Screen with previously selected search criteria displayed. Previously, this search criteria was cleared out.
- The Home Study ID will be stored/linked with the appropriate Licensing Request.


- Users will have the ability to add two provider training sessions in a row without obtaining a JAVA error.
- If a validation/error message is obtained while working within a Provider Training record, users will now have the ability to cancel out of the record instead of having to navigate to another area of the system.
- This defect corrects functionality that when navigating a Provider record in view mode, there was an ability to update provider type agency however there was no save button. Now, when in view mode, there will be no ability to modify any part of the Provider record.
- When the system goes to pull the most recent Description of Family record it will look at the transfer chain, not just the transfer record.
- This fix will end duplications of chapter and rule section codes within a Provider Rule Violation record.
- If two Complaints/Rule Violations were created during the same work session, there had been some erroneous copying of the Investigation Summary Narratives between the two records. This fix corrects that error.

**REPORTS**

- This defect was created to assess the impact of CARA/Substance abuse changes to the DB2 database.
- This defect was created to assess the impact of CARA/Substance abuse changes to AFCARS Federal Reporting.
- This defect was created to assess the impact of CARA/Substance Abuse changes to all AD Hoc Queries in CVS and Cognos Reports. This defect will have no observable impact to users.
- This defect was created to ensure CARA/Substance Abuse changes to SACWIS functionality also meets the new reporting requirements of NCANDS.
- As a result of the CARA initiative, the Family Assessment report is being modified to include Substance Use information.
- This is a new report that will provide a detailed analysis of Completed and Attempted Face-to-Face contacts with Intake Participants throughout the life of the assessment/investigation.
- RPT 415 - The report is being updated to include the new Disposition and Removal Reasons added to SACWIS as a result of the CARA initiative.
- The parameter screen currently allows users to enter parameter values for both versions of the report and then generate the report; however, this will be changed so that the user will receive a validation message noting that only one version of the report can contain parameter values.
- A report field is being added to track whether an Intake is designated as a CARA case.
- Shaken Baby - The report is being updated to include the new Disposition and Removal Reasons added to SACWIS as a result of the CARA initiative.
- CF17 - A Flyover description has been added for the Intake Assessment/Investigation Face-to-Face Contact report.
- RPT 313 Report Changes to Support Defect 41727



- RPT 332 - Parameter Page updated to allow the Case Services Report to generate for a specific Provider linked to the services being provided, instead of by Case.