UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCIPTION | ) | CASE NO. 1:17-MD-2804 |
| OPIATE LITIGATION | ) | HON. DAN AARON POLSTER |
| | ) | |
| | ) | |
| This document applies to All Hospital Cases | ) | |

**HOSPITAL PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER RE: DEA'S ARCOS/DADS DATABASE**

Hospital Plaintiffs, by and through Don Barrett, the hospital representative of the Plaintiffs' Executive Committee, in support of Plaintiffs' Motion to Modify Protective Order Re: DEA's ARCOS/DADS DATABASE (ECF No. 1447), and to specifically address the DOJ/DEA's objection to sharing ARCOS information with hospitals, with a request for this Honorable Court to Order the sharing of ARCOS information with Hospital Plaintiffs.

**I.    INTRODUCTION**

"There is a legitimate need for Plaintiffs to obtain this [ARCOS] data," (Order Re: ARCOS/DADS Database, ECF No. 112 at 2), as it allows hospitals to "identify the specific manufacturers and distributors that sold and/or distributed the prescriptions opioids into specific communities" in which hospitals are the vanguard. (Report by MDL Plaintiffs on Status of ARCOS/DADS Disclosure Discussions with DOJ/DEA, ECF No. 137 at 1).[1]

The DEA has conceded that it is in the "public interest to provide a limited authorization" of "the names and market share of all manufacturers and distributors in each state who comprise 95% or more of the market share for certain opioids provided that the release of this information is covered by an acceptable protective order." (Letter from David A. Sierleja to Paul Farrell

---

[1] For brevity, the Hospital Plaintiffs incorporate by reference the MDL Plaintiffs Status Report (ECF No. 137), wherein the MDL Plaintiffs specifically and concisely state the legal analysis governing the Hospital Plaintiffs' claim for disclosure of ARCOS/DADS data.

("Sierleja Letter"), Mar. 5, 2018, ECF No. 165-1 at 1). "Indeed . . . providing the information is consistent with the DOJ's own efforts to combat the devastating opioid crisis that is ravaging families and communities across America." *Id.* at 2. The devastating opioid crisis presents itself *every single day* in hospital emergency rooms and clinics, both in-patient and out-patient. Thus, it is of paramount importance that the Hospital Plaintiffs receive the ARCOS data. Permitting the Hospital Plaintiffs access to the data affords the Hospitals the same evidence to which all other parties have access. Moreover, access to the unique and highly relevant data allows the Hospital Plaintiffs to know and acutely understand the landscape in which they operate so they may take the appropriate steps to litigate their claims. An acceptable protective order to the DOJ/DEA is in place, (*see* ECF Nos. 167, 400 (together, the "ARCOS Protective Order")), and the Hospital Plaintiffs have already agreed to be bound.

Respectfully, any reservation or reluctance of the DOJ/DEA to share the ARCOS information with the Hospitals now is contrary to the public interest and overall goal of this litigation—saving the lives of Americans addicted and dying as a result of the opioid epidemic.

## II. ARGUMENT

In arguing against disclosure to the Hospital Plaintiffs, the DOJ/DEA claims such disclosure would be "outside the scope of routine law enforcement." (ECF No. 1447 at 2). However, the ARCOS Protective Order entered into by the DOJ/DEA narrowly prescribes the circumstances in which the data may be used:

> **5. Authorized Use.** The ARCOS data designated 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' under this Order (collectively, 'Designated Information') shall not be used by the parties, counsel for the parties, or any other authorized persons identified ¶ 6 for any purpose whatsoever other than (1) to mediate, settle, prosecute, or defend the above-captioned litigation.

(Protective Order Re: DEA's ARCOS/DADS Database, ECF No. 167 at ¶ 5). The Hospital Plaintiffs seek the ARCOS information for that explicit purpose—to mediate, settle or otherwise prosecute its claims.  The Protective Order's negotiated language more than adequately protects the data in this litigation.

The DOJ/DEA's argument that sharing this information is beyond the scope of "routine law enforcement sharing" is belied by the facts that: 1) the hospitals are *not* requesting the investigatory records or work product generated from the ARCOS database by the DOJ/DEA and, 2) the data from the past four (4) years has been excluded, rendering moot any possibility that disclosure would interfere with any ongoing enforcement proceedings.  To be clear, the ARCOS data sought is for explicit use in this litigation, to further the rights and interests of the various Plaintiffs, and the Hospital Plaintiffs should not be treated differently than the other parties to this litigation.  In light of the foregoing, and consistent with this Court's prior rulings, the Hospital Plaintiffs should not be denied access to the data, which is governed by a Protective Order, and which constitutes evidence that cannot be obtained from any other source.  Nor should any additional constraint, that being the "routine law enforcement" standard, be solely applied to the Hospital Plaintiffs.  Indeed, to deny the Hospital Plaintiffs access to the ARCOS information is to deny the Hospitals a source of meaningful evidence to which all other parties have access. That result would be unjust and prejudicial to the Hospital Plaintiffs.

Hospitals appreciate the "instinct" of the United States not to disclose or share data that may, in some situations, support investigations and prosecutions.  Unquestionably, Hospitals are accustomed to safeguarding highly sensitive and highly confidential information and are subjected in their daily operations to compliance with a myriad of laws, regulations and standards. In this instance, the Hospital Plaintiffs have a valid and legitimate need for the data – precisely the same

need as the other plaintiffs; the mediation, settlement and/or prosecution of the above-captioned matter - and the Hospitals are undeniably capable of adhering to the ARCOS Protective Order. DOJ/DEA should not avoid disclosure by imposing a "routine law enforcement" rationale, which constitutes an overly broad and vague objection lacking relevance or any clear nexus to the purpose for which the data were made accessible in the litigation.  The Protective Order provides the necessary safeguard for the data, and the Hospital Plaintiffs willingly adhere to the Court's Order. The DEA's objection directed to Hospitals' access to the ARCOS data is without merit.

### III.     CONCLUSION

For the foregoing reasons, Hospital Plaintiffs respectfully request this Court to overrule the DOJ/DEA's objection to the sharing of ARCOS information with Hospitals and enter the Plaintiffs' Motion to Modify Protective Order Re: DEA's ARCOS/DADS DATABASE so that Hospital Plaintiffs and this Court may effectuate the overall purpose of this litigation—a global resolution and the saving of American lives.

Dated: March 19, 2019                                              Respectfully submitted,

By: /s/ *Don Barrett*
John "Don" Barrett
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com

*Plaintiffs' Executive Committee Hospital Representative*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 19th day March of 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

                                  /s/ *Don Barrett*
                                  Don Barrett