UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO ALL CASES* | MDL No. 2804<br><br>Case No. 1:17-md-02804<br><br>Hon. Dan Aaron Polster |

### ORDER OF COURT

WHEREAS, in the course of responding to discovery requests proffered by the Plaintiffs Executive Committee for Track One of this action (the "PEC"), Defendant AmerisourceBergen Drug Corporation ("ABDC") has identified as responsive certain communications and documents relating to activities conducted by FTI Consulting, Inc. ("FTI") on behalf of ABDC (the "FTI Documents");

WHEREAS, ABDC has designated as privileged certain categories of the FTI Documents, as described further below, and the PEC has challenged such privilege designations;

WHEREAS, ABDC and the PEC have met and conferred on numerous occasions in an effort to resolve their differences regarding ABDC's designation of the FTI Documents as privileged, and as a result of such efforts, have reached agreement on a process to resolve such differences; and

WHEREAS, the PEC and ABDC seek to memorialize their agreement regarding resolution of which FTI Documents shall be entitled to recognition as privileged, and to have the Court accept such agreement and adopt it as an Order of the Court in order to avoid any misunderstanding and further, to protect ABDC against any future claim that may be made in this or any other litigation regarding whether certain of the FTI Documents are entitled to

treatment as privileged communications, and to protect the PEC against any future claim that may be made in this or any other litigation regarding whether any other party's or non-party's documents involving a third-party are entitled to any privileged treatment;

NOW THEREFORE, in consideration of the foregoing, the Court hereby ORDERS as follows:

1. ABDC shall withdraw its claim of privilege with respect to those FTI Documents relating to enhancement of ABDC's Order Monitoring Program ("OMP") during the 2014-2015 time period that do not include ABDC's counsel (either in-house or outside) as an author, direct recipient, or copied recipient.

2. The PEC shall withdraw its challenges to ABDC's claim of privilege with respect to those FTI Documents relating to enhancement of ABDC's OMP during the 2014-2015 time period where ABDC's counsel (either in-house or outside) is an author or direct recipient.

3. The PEC may maintain its challenges to ABDC's claim of privilege with respect to those FTI Documents relating to enhancement of ABDC's OMP during the 2014-2015 time period where ABDC's counsel (either in-house or outside) is neither an author or direct recipient of such document, but is instead included solely as a copied (i.e., "cc") recipient, and ABDC may maintain its privilege claims with respect to such documents. To the extent that the PEC and ABDC cannot resolve any outstanding differences with respect to the appropriateness of ABDC's privilege claims for this category of documents, such documents shall be submitted *in camera* to Special Master Cohen to determine on a document-by-document basis whether the documents contain privileged communications.

4. To the extent the PEC maintains a challenge to any document subject to section 3 of this Order, such challenge shall not (in whole or in part) be (a) on the basis that no privilege

can exist because FTI is a third party, unrelated to ABDC, or (b) on any other basis which, if accepted by the Court, would result in the loss of privileged status for those documents subject to section 2 of this Order.

5. Neither ABDC's withdrawal of its claim of privilege with respect to the FTI documents addressed in section 1 of this Order or with respect to any FTI documents addressed in section 3 of this Order, nor a determination by the Special Master that any document submitted for consideration pursuant to section 3 of this Order does not contain a privileged communication, shall constitute, nor shall result in, a waiver of ABDC's right to maintain as privileged any other FTI Document; and neither the PEC's withdrawal of its privilege challenges with respect to the FTI documents addressed in sections 2, 3 or 6 of this Order, nor a determination by the Special Mater that any document submitted for consideration pursuant to section 3 of this order contains a privileged communication, shall constitute, nor shall result in, a waiver of (or negative inference or presumption relative to) the PEC's right to maintain or successfully bring a privilege-related challenge to any other party's or non-party's document involving a third-party, including a third-party vendor.

6. The PEC shall withdraw its challenges to ABDC's claim of privilege with respect to those FTI Documents either (a) identified as involving FTI's provision of litigation consulting services to ABDC, or (b) identified as involving certain "one-off" projects for ABDC.

7. Documents included as attachments to a communication recognized as privileged pursuant to this Order shall, in the limited context of their status as attachments to those privileged communication, likewise be entitled to treatment as privileged. If such documents are maintained by ABDC in a capacity other than as an attachment to a document recognized as

privileged pursuant to this Order, this Order shall not constitute a determination as to whether such documents are entitled to treatment as privileged in that other capacity.

        8.      ABDC has provided the PEC with a revised privilege log that identifies, for each FTI Document for which ABDC continues to maintain a claim of privilege, whether such document falls within the category of document addressed in section 2, 3, 6(a) or 6(b) of this Order.

        SO ORDERED,

_____
Dan Aaron Polster
United States District Judge