**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFFS' RESPONSE TO DISTRIBUTOR DEFENDANTS' PARTIAL OBJECTIONS TO DISCOVERY RULING NO. 17**

Plaintiffs Cuyahoga County and Summit County ("Plaintiffs") hereby submit this response to Distributor Defendants' Partial Objections to Discovery Ruling No. 17 ("DR 17" or "the Ruling"), filed on March 15, 2019. Distributor Defendants' partial objection cites to no law and makes no new arguments as to why they should obtain the unnecessary and highly confidential information contained in the State Automated Child Welfare System (or "SACWIS") database and the hard copy case files for children who are in the counties' care.  Instead, Distributor Defendants repeat prior arguments already rejected by the Special Master, neglect to address the multitude of federal and state laws protecting these extremely sensitive materials, and fail to demonstrate that this information is necessary. Because Plaintiffs' experts will not rely upon this information, Defendants are not entitled to it.  Given the significant privacy issues at stake and the enormous burden that would be placed on the counties' child services personnel, the

1

Court should deny Distributors' Partial Objection as well as their motion to compel production of SACWIS data and individual children case files.

Distributor Defendants fail to even acknowledge the huge privacy concerns implicated by numerous federal and state laws privacy laws that explicitly bar the release of highly confidential information concerning thousands of children in the counties' care. Plaintiffs have identified more than fifteen statutes and regulations that prohibit the disclosure of this information. (Doc. # 1448, Plaintiffs' Obj. to DR #17, at 8-13). Several of these statutes contain *no* exceptions for release of the information.[1] For the few statutes that do contain narrow exceptions for court-ordered disclosure, those exceptions are not applicable here. *See* 42 U.S.C. § 5106a(b)(2)(B)(viii) (Child Abuse Prevention and Treatment Act) (allowing privileged reports and records to be made available to "a grand jury or court, upon a finding that information in the record is *necessary for the determination of an issue* before the court or grand jury." (emphasis added); 42 U.S.C. § 290dd-2(a) (Compressive Alcohol Abuse and Alcoholism Present Treatment and Rehabilitation Act) (allowing for disclosure where *"after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm."*) (emphasis added); 34 C.F.R. § 99.31(9)(i) & (ii) (Family Educational Rights and Privacy Act Regulations) (allowing for disclosure of information only if the agency makes a reasonable effort to notify the parent or student of the judicial order or subpoena requiring such disclosure).

---

[1] *See, e.g.* Ohio Admin. Code § 5010:2-33-21; Ohio Rev. Code § 2151.421(I)(1); Ohio Rev. Code § 2151.421(L)(2; Ohio Rev. Code § 3107.39; Ohio Rev. Code § 5101.132(A)(2).

2

Distributor Defendants contend they need the information to "assess" the opinions provided by Plaintiffs' damages experts, but these arguments regarding necessity fail to fall within the narrow exceptions outlined above. Discovery of the SACWIS data and underlying case files is unnecessary for the determination of any issue before the Court because, as Plaintiffs have repeatedly explained to Defendants, they and their experts intend to rely only on aggregate data to prove their damages. They do not intend to use the SACWIS data or individual case files. Moreover, Defendants have access to a substantial volume of publicly-available, systematically de-identified case-level data derived from the State's SACWIS system via public information requests from the Adoption and Foster Care Analysis Reporting System (AFCARS).[2] Plaintiffs' experts intend to rely upon this AFCARS data or other relevant available information. For this reason, information from SACWIS database and the underlying case files has limited probative value that is far outweighed by the risk of prejudice and cumulative evidence, as well as the danger that these vulnerable non-party children, their families and reporters of child abuse will have their considerable privacy interests violated. *See State ex. rel. Cincinnati Enquirer v. Jones-Kelley*, 886 N.E.2d 206, 214 (Ohio 2008) (forcing an overbroad disclosure of the sensitive records maintained in this system "may jeopardize Ohio's eligibility to receive funding for the state's foster-care programs and irrevocably destroy the privacy" of the persons whose information is disclosed).

---

[2] *See* https://www.acf.hhs.gov/cb/research-data-technology/reporting-systems/afcars.

Distributor Defendants' demand that Plaintiffs produce the file for "each case" upon which they will rely to support their claim of damages (Dist. Obj. at 3) not only ignores that Plaintiffs are *not* relying on these case files, but also does not comply with the requirements of the Federal Rules. Defendants are only permitted discovery of materials that Plaintiffs' experts *actually* rely upon for estimating damages.  *See* FRCP 26(a)(2)(B)(ii) (expert report must contain facts or data *considered by witness* in forming report).  There is nothing in the Federal Rules that allows discovery of information experts will not be using in preparing their reports. Because Plaintiffs are not relying on individual information, Defendants are not entitled to it. There is no reason for the Court to disregard the substantial privacy considerations of non-party children and their families just so that Defendants can obtain information they have no need for or right to. Instead, Defendants can cross-examine Plaintiffs' experts on their reliance on aggregate data – something that is routinely done.

Moreover, the SACWIS data does not give them what they purportedly seek, "the specific types of substances used and/or abused by DCFS participants." (Dist. Obj. at 5). Contrary to the Distributors' representations, SACWIS was not used to track this information prior to 2014.  *See* Ex A, P. Rideout Dep. at 40:21-41:10 ("data collection in child protection, not just in Cuyahoga County, but 88 counties in Ohio and 50 states is lousy. . . . it's not great data."); P. Rideout Dep. at 43:5-43:16 (SACWIS does not have reports that would give totals on types of drugs used); P. Rideout Dep. at 70:1-70:12 (SACWIS did not have data on rates of opioids pills being used versus heroin); P. Rideout Dep. at 274:22-275:3 ("no way to measure the extent/prevalence of drug use or types of

4

preferred drugs among our open families" in SACWIS); Ex B, J. Barnes Dep. at 105:19-106:21 ("The information that I have would be all of those categories [types of drugs] *together*") (emphasis added); J. Barnes Dep. at 117:2-118:3 (explaining "caseworker blitz" to try to address pre-2016 inconsistencies in input practices in the SACWIS fields related to drug use and drug type); Ex. C, D. Forkas Dep. at 147:8-147:20 (now there is better documentation of what substances were involved in a CFS case than there was in 2010); D. Forkas Dep. at 232:12-233:23 (SACWIS didn't originally have specificity as to particular drug a parent might be abusing); D. Forkas Dep. at 235:8-235:22 (SACWIS in 2009-2011 did not have data on type of drug); Ex. D, C. Weiskittel Dep. at 191:23-192:15 (SACWIS could not record prescription opiate pills or opiate dependence). *(See also* Dist. Obj. Ex. 1, at Exhibit 1, at Exhibit C (Cabot Dep.), at 248:13-15 (indicating that SACWIS did not track specific types of drugs prior to 2014)).[3]

In addition, again contrary to Defendants' statements, the counties' hard copy case files also do not necessarily record the specific substances used by parents or family members. The deposition of Cynthia Weiskittel cited by Defendants at page 5 does not state that Cuyahoga County's case files contain information on the specific substances used by the DCFS participant. (*See* Dist. Def. Ex. 1, at Exhibit A, at Exhibit 2 at 54:5-57:10.)[4]

---

[3] Defendants state that they "first learned" of the significance of SACWIS in Mr. Cabot's November 2, 2018 deposition (Def. Obj. at 4-5) but how SACWIS is employed by Ohio's child services agencies is publicly-available information. See Ohio Department of Job and Family Services, SACWIS Overview, https://sacwis.ohio.gov/sacwis/logon.do?command.do(overview)=1.

[4] This cited portion of Ms. Weiskittel's deposition also does not support Defendants' assertion that "County-maintained case files are the most reliable and comprehensive source of information . . . concerning the substance used and/or abused by the

In fact, Ms. Weiskittel's testimony instead corroborates that prior to 2014, the SACWIS database did not include the drug(s) used. *See id.* at 179:8-183:4; 277:12-278:1. Similarly, the deposition of Julie Barnes does not "confirm that SCCS also records the specific substances used and/or abused by its Summit County participants in SACWIS and keeps corresponding, hard copy case files." (Dist. Obj. at 5, citing Ex. 1 at Exhibit 8 at 134:1-137:8). Summit County Children Services does not keep physical files that include the casework; all the information is entered into SACWIS and the hard copy files only contain information from collateral sources and non-substantive, physical correspondence that is irrelevant here. See Ex. E, Declaration of Elizabeth Mangon, January 31, 2019 at 1-2. "Such information is contained only in SACWIS." *Id*. at 2.

Finally, as explained more fully in Plaintiffs' Objection to DR 17, Defendants fail to address the enormous burden and cost to the counties if they have to comb through and redact every case file or field, including narrative fields, in the SACWIS database. Because SACWIS and the case files contain massive amounts of incredibly sensitive information, specialized County personnel would have to interrupt their work with vulnerable children and their families to review these voluminous files and ensure that they are complying with their confidentiality obligations.

For the foregoing reasons, this Court should deny Distributor Defendants' Partial Objection. The Court should overrule the Ruling of the Special Master and deny Defendants' motion to compel production of SACWIS spreadsheets and case files.

---

client(s)involved in the cases Plaintiffs' have identified as 'opioid removals.'" Def. Obj. at 9.  It says no such thing.

6

| | |
|---|---|
| Dated: <u>March 25, 2019</u> | RESPECTFULLY SUBMITTED: |
| | */s/ Christine C. Mansour* |
| | Christine C. Mansour |
| | J. Burton LeBlanc, IV |
| | **BARON & BUDD** |
| | 3102 Oak Lawn Avenue, Ste. 1100 |
| | Dallas, TX 75219 |
| | Tel.: 214-521-3605 |
| | cmansour@baronbudd.com |
| | |
| | Elizabeth J. Cabraser |
| | Paulina do Amaral |
| | **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP** |
| | 275 Battery Street |
| | San Francisco, CA 94111 |
| | Tel: 415-956-1000 |
| | ecabraser@lchb.com |
| | pdoamaral@lchb.com |
| | |
| | Linda Singer |
| | Louis Bograd |
| | **MOTLEY RICE LLC** |
| | 401 9th Street NW, Suite 1001 |
| | Washington, DC 20004 |
| | Tel: 202-232-5504 |
| | lsinger@motleyrice.com |
| | lbograd@motleyrice.com |
| | |
| | Paul Hanly |
| | Jayne Conroy |
| | Andrea Bierstein |
| | **SIMMONS HANLY CONROY** |
| | 112 Madison Avenue, 7th floor |
| | New York, New York 10016-7416 |
| | PHanly@simmonsfirm.com |
| | JConroy@simmonsfirm.com |
| | ABierstein@simmonsfirm.com |

Paul Thomas Farrell Jr.
**GREENE, KETCHUM, FARRELL,**
**BAILEY & TWEEL LLP**
419 Eleventh Street
Huntington, WV 25701
paul@greeneketchum.com

Joe Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
jrice@motleyrice.com

*Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 25th day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

    /s/Christine C. Mansour
    Christine C. Mansour
    *Attorney for Plaintiff(s)*