# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

~~~~~~~~~~~~~~~~~~~~

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION

MDL No. 2804

Case No. 17-md-2804

Judge Dan Aaron Polster

This document relates to:

The County of Cuyahoga v. Purdue Pharma L.P., et al.
Case No. 18-OP-45090

~~~~~~~~~~~~~~~~~~~~

Videotaped deposition of
CYNTHIA G. WEISKITTEL

November 13, 2018
8:59 a.m.

Taken at:
Climaco, Wilcox, Peca & Garofoli
55 Public Square, Suite 1950
Cleveland, Ohio

Renee L. Pellegrino, RPR, CLR

Page 190

1     CUYAH_002452933, was marked for
2     purposes of identification.)
3         - - - - -
4     Q.  Two copies of Exhibit 3, which is a
5  single page, Bates number CUYAH_002452933, and
6  it involves an e-mail chain from April 21st,
7  2014.
8         Do you see that?
9     A.  Yes.
10    Q.  And do you see your name on this
11 e-mail chain at the top when Chris Cabot
12 forwarded the chain to you?
13    A.  Yes.
14    Q.  And it has some of the names we've
15 talked about already.
16        Trista Piccola is in the middle of
17 this, right?
18    A.  Yes.
19    Q.  It seems to have deleted or elided
20 the e-mail -- the full e-mails between them.  It
21 says a prior one was from Deanna Shuster.  Do
22 you know who that was?
23    A.  Yes.
24    Q.  What was her role?
25    A.  Deanna Shuster is a supervisor.

Page 191

1     Q.  Is she currently under you?
2     A.  She's currently a supe under me.  I
3  do not know in 2014 if she was still a worker in
4  START or if she had been promoted to
5  supervision.  I don't know.
6     Q.  From the name at the bottom or the
7  box at the bottom --
8     A.  She's a worker, yes.
9     Q.  It says, "Social service worker 3"?
10    A.  Yes.
11    Q.  So were you her indirect supervisor
12 back then?
13    A.  Deanna would have worked for Chris
14 Cabot and Chris Cabot worked for me.
15    Q.  So if we can track this, the first
16 e-mail is Deanna Shuster basically following up
17 on what we're doing, talking about entering data
18 into SACWIS relating to drug of choice, correct?
19    A.  Yes.
20    Q.  So, in context, this is shortly
21 after the prior memo that we went over, right?
22    A.  Yes.
23    Q.  And Ms. Shuster says, "I was
24 completing the drug of choice entries in SACWIS
25 for clients and noticed that there are no

Page 192

1  options for prescription opiate pills (Percocet,
2  Vicodin, etc.) or just opiate dependence in
3  general.  Can this be added?"  I only see
4  heroin, oxymorphone, methadone, hydromorphone,
5  morphine and codeine as possible opiate
6  choices."
7         Did I read that right?
8     A.  Yes.
9     Q.  "There also does not appear to be an
10 option for alcohol either.  Please advise as I
11 know this data will be very valuable in the
12 coming weeks."
13        This ultimately gets forwarded up to
14 you?
15    A.  Um-hum.
16    Q.  And Mr. Cabot's comment is, or his
17 e-mail says, "Have I told you lately thanks for
18 being you?  If not for you, I'm not sure how
19 much longer I could last."
20        Do you know what he's talking about
21 there?
22    A.  No, I don't.
23    Q.  Do you know what the interaction is
24 here between him and Trista Piccola where she
25 asks, "Why are you sending this to me?"  And he

Page 193

1  responds, I thought you originally sent out the
2  directions on entering drug of choice"?
3         MR. CIACCIO:  Objection to form.
4     Q.  Do you know what that's about?
5     A.  Not other than what it says.
6     Q.  I mean, did they have a history of
7  kind of being conflictual, the two of them?
8     A.  No, not as far as I know.
9     Q.  Going back to, like, the substance
10 of Ms. Shuster's e-mail, would it have been a
11 problem if you couldn't specifically
12 differentiate between prescription opioids, like
13 Percocet and Vicodin listed here, versus the
14 various street drugs, like heroin that are
15 listed as opiate choices?
16        MR. CIACCIO:  Objection to form.
17    A.  Deanna was a member of the START
18 unit and very specific.  For us it was a
19 question of opiates, whether they were opioids
20 or opiates.  So she's asking for the specific
21 drugs to be listed.
22    Q.  And why would that matter more for
23 START than for the general department?
24    A.  In START, their work with the drug
25 clients, they drill much further down into the

Page 430

1  Whereupon, counsel was requested to give
2  instruction regarding the witness' review of
3  the transcript pursuant to the Civil Rules.
4
5         SIGNATURE:
6  Transcript review was requested pursuant to
7  the applicable Rules of Civil Procedure.
8
9         TRANSCRIPT DELIVERY:
10 Counsel was requested to give instruction
11 regarding delivery date of transcript.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 432

1         I do further certify that I am not a
2  relative, counsel or attorney for either party,
3  or otherwise interested in the event of this
4  action.
5         IN WITNESS WHEREOF, I have hereunto set
6  my hand and affixed my seal of office at
7  Cleveland, Ohio, on this 16th day of November, 2018.
8
9
10
11
12      <%2227,Signature%>
13 Renee L. Pellegrino, Notary Public
14 within and for the State of Ohio
15
16 My commission expires October 12, 2020.
17
18
19
20
21
22
23
24
25

Page 431

1         REPORTER'S CERTIFICATE
2  The State of Ohio,   )
3                       ) SS:
4  County of Cuyahoga.  )
5
6         I, Renee L. Pellegrino, a Notary Public
7  within and for the State of Ohio, duly
8  commissioned and qualified, do hereby certify
9  that the within named witness, CYNTHIA G.
10 WEISKITTEL, was by me first duly sworn to testify
11 the truth, the whole truth and nothing but the truth
12 in the cause aforesaid; that the testimony then
13 given by the above referenced witness was by me
14 reduced to stenotypy in the presence of said
15 witness; afterwards transcribed, and that the
16 foregoing is a true and correct transcription of the
17 testimony so given by the above referenced witness.
18        I do further certify that this
19 deposition was taken at the time and place in the
20 foregoing caption specified and was completed
21 without adjournment.
22
23
24
25

Veritext Legal Solutions
1100 Superior Ave
Suite 1820
Cleveland, Ohio 44114
Phone: 216-523-1313

November 16, 2018

To: Napoli Shkolnik PLLC

Case Name: In Re: National Prescription Opiate Litigation v.

Veritext Reference Number: 3112776

Witness:  Cynthia G. Weiskittel  Deposition Date:  11/13/2018

Dear Sir/Madam:

The deposition transcript taken in the above-referenced

matter, with the reading and signing having not been

expressly waived, has been completed and is available

for review and signature.  Please call our office to

make arrangements for a convenient location to

accomplish this or if you prefer a certified transcript

can be purchased.

If the errata is not returned within thirty days of your
receipt of this letter, the reading and signing will be
deemed waived.

Sincerely,
Production Department
NO NOTARY REQUIRED IN CA