UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| This document relates to: ) ) ) | Case No. 1:17-md-2804-DAP |
| *State of Alabama v. Purdue Pharma LP, et al.* ) Case No. 1:18-OP-45236-DAP (N.D. Ohio) ) | Judge Dan Aaron Polster |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, the State of Alabama, hereby gives notice of supplemental authorities issued that supports Plaintiff's opposition to the motions to dismiss filed by the Defendants (Doc. 845). Plaintiff writes to provide the Court with decisions issued by the following courts:

1. The Vermont Superior Court, Chittenden Unit in *State of Vermont v. Purdue Pharma L.P., et al.*, Docket No. 757-9-18 Cncv (March 19, 2019). *See* Exhibit A. This decision denied a motion to dismiss filed by Purdue and upheld the State of Vermont's consumer protection and public nuisance claims. Specifically, the Court rejected Purdue's preemption argument and held the complaint sufficiently alleged causation at the pleading stage. *Id.* at 3-4, 6. The Court also rejected Purdue's argument that the public nuisance claim was based on private injuries as opposed to injuring the public as a whole, stating that "[i]t cannot seriously be argued that the impacts of opiate addiction in Vermont have not affected the general public." *Id.* at 6. Consequently, the Court concluded that public nuisance claim was sufficiently pled.

2. The Superior Court of Delaware in *State of Delaware, ex rel. Kathleen Jennings, Attorney General v. Purdue Pharma L.P., et al.*, C.A. No. N18C-01-223 MMJ CCLD (February 4, 2019). *See* Exhibit B. This decision granted, in part, and denied, in part, motions to dismiss filed by manufacturers, distributors, and pharmacies. The Court upheld the State of Delaware's

1

negligence claim against the Manufacturer and Distributor defendants, rejecting the Manufacturer Defendants' causation, preemption, and derivative injury rule arguments (*see id.* at 7-13) and the Distributor Defendants' municipal cost recovery rule argument and contention that intervening causes broke the chain of causation, thereby negating any duty to prevent diversion (*see id*. at 13-22).  The Court dismissed the State's unjust enrichment claim, reasoning that it must be brought in the Court of Chancery because it is not a stand alone claim. *Id.* at 37.  The public nuisance claim was also dismissed for various reasons under Delaware law. *Id.* at 30-34.

      3.      The McCracken Circuit Court of Paducah, Kentucky in *Commonwealth of Kentucky, ex. rel., Andy Beshear, Attorney General v. Johnson & Johnson, et al.*, Case No. 18-CI-00313 (November 20, 2018).  *See* Exhibit C.  Although the State did not sue this defendant, the decision is nonetheless instructive because the Court denied Janssen Pharmaceuticals' motion to dismiss and upheld, *inter alia*, the State's consumer protection, public nuisance, and unjust enrichment claims.  Specifically, the Court rejected arguments that the derivative injury rule and learned intermediary doctrines broke the chain of causation and, instead, found that the complaint sufficiently alleged the State's injuries were foreseeable.  *Id.* at 2-4.  The Court also rejected Janssen's preemption argument (*id.* at 6), concluded that the public nuisance claim sufficiently alleged a violation of public rights (*id*. at 9-10), and upheld the State's unjust enrichment claim (*id.* at 10-11).

      4.      The Knox County Circuit Court in *State of Tennessee, ex. rel. Herbert H. Slatery III, Attorney General and Reporter v. Purdue Pharma L.P.*, Case No. 1-173-18 (February 22, 2019).  *See* Exhibit D.  The Court upheld the State of Tennessee's consumer protection claims, rejecting Purdue's preemption and causation arguments. *Id.* at 731.2 – 731.8.  It also denied Purdue's attempt to dismiss the public nuisance claim, rejecting Purdue's causation argument,

claim that the derivative injury rule bars recovery, and contention that the State failed to allege interference with a right common to the public. *Id.* at 731.8 – 732.12.

These rulings provide further support for denying the Defendants' pending motions to dismiss.

                Respectfully submitted,

                Steve Marshall
                *Attorney General*

                By:

                /s/ *Rhon E. Jones*
                Rhon E. Jones
                *Deputy Attorney General*

                Joshua P. Hayes
                *Deputy Attorney General*

                Attorneys for Plaintiff, State of Alabama

ADDRESS OF COUNSEL:

| | |
|---|---|
| Steve Marshall | Office of the Attorney General of Alabama |
| *Attorney General* | 501 Washington Avenue |
| | Montgomery, AL 36130 |
| Corey L. Maze | Phone: (334) 242-7300 |
| *Special Deputy Attorney General* | Fax: (334) 242-4891 |
| | cmaze@ago.state.al.us |
| Winfield J. Sinclair | wsinclair@ago.state.al.us |
| *Assistant Attorney General* | mdean@ago.state.al.us |
| | |
| Michael G. Dean | |
| *Assistant Attorney General* | |

OF COUNSEL:

| | |
|---|---|
| Jere L. Beasley – ASB 1981A35J | Robert F. Prince – ASB-2570-C56R |
| Rhon E. Jones – ASB 7747E52R | Joshua P. Hayes – ASB-4868-H68H |
| Richard D. Stratton – ASB 3939T76R | |
| Jeffrey D. Price – ASB 8190F60P | **Prince, Glover & Hayes** |
| J. Ryan Kral – ASB 9669N70K | 1 Cypress Point |
| J. Parker Miller – ASB 7363H53M | 701 Rice Mine Road North |
| **Beasley, Allen, Crow, Methvin,** | Tuscaloosa, Alabama 35406 |
| **Portis & Miles, P.C.** | Telephone: (205) 345-1234 |
| 218 Commerce Street | Fax: (205) 752-6313 |
| Post Office Box 4160 (36103-4160) | rprince@princelaw.net |
| Montgomery, Alabama 36104 | jhayes@princelaw.net |
| Telephone: (334) 269-2343 | |
| Fax: (334) 954-7555 | |
| Jere.Beasley@BeasleyAllen.com | |
| Rhon.Jones@BeasleyAllen.com | |
| Rick.Stratton@BeasleyAllen.com | |
| William.Sutton@BeasleyAllen.com | |
| Ryan.Kral@BeasleyAllen.com | |
| Parker.Miller @BeasleyAllen.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtain through, the Court CM/ECF Systems.

      /s/ *Rhon E. Jones*
      OF COUNSEL

4