## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| | Judge Dan Aaron Polster |
| This document relates to: | |
| *"Track One Cases"* | |

---

## DISTRIBUTOR DEFENDANTS' REPLY IN SUPPORT OF PARTIAL OBJECTIONS TO DISCOVERY RULING NUMBER 17 REGARDING SACWIS DATA

---

AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc. (the "Distributors" or "Defendants"), respectfully submit this Reply in Support of Distributors' Partial Objections to Discovery Ruling No. 17, ECF No. 1425.  Defendants hereby incorporate by reference the arguments made and facts presented in Distributors' Partial Objections to Discovery Ruling No. 17 ("Distributors' Objections" or "Dist. Obj.") and Distributors' Opposition to Plaintiffs' Objections to Discovery Ruling No. 17 ("Distributors' Opposition" or "Dist. Opp.").

In Plaintiffs' Response ("Pls. Resp.") to Distributors' Objections, Plaintiffs allege that (1) Distributors are not entitled to data from the Statewide Automated Child Welfare Information System ("SACWIS") and County-maintained case files because Plaintiffs' experts will not rely on this information; (2) Distributors ignore the privacy implications of requesting data from SACWIS and County-maintained cases files; and (3) SACWIS does not contain the information Defendants' seek on the specific types of substances used and/or abused by participants of the Cuyahoga County Division of Children and Family Services ("DCFS") and  Summit County Children Services ("SCCS").

***First and foremost***, at least two of Plaintiffs' experts considered and/or relied on summaries or conclusions drawn ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████  And even if Plaintiffs' experts had not considered or relied on ████████ ████, directly or indirectly, Defendants would still be entitled to discovery for the reasons set forth in Distributors' Objections and Distributors' Opposition.

**Second**, Defendants addressed the confidentiality provisions Plaintiffs cite in their Objections at length in Distributors' Opposition.  These provisions simply do not create an evidentiary privilege, and disclosure is appropriate here in light of the need for this information and all of the protections provided by this Court's the Protective Order.

**Third**, SACWIS data and the County-maintained case files contain the information Defendants seek.  Plaintiffs' witnesses and the documents produced by Plaintiffs in this litigation have repeatedly confirmed as much.

## I.      DEFENDANTS ARE ENTITLED TO DISCOVERY OF CASE FILES AND SACWIS DATA PURSUANT TO FED. R. CIV. P. 26.

Plaintiffs repeatedly claim that Defendants are not entitled to the information in SACWIS and the County-maintained case files because Plaintiffs' experts will not rely upon this information.  *See* Pls. Resp. at 1, 4.  Plaintiffs misunderstand the Federal Rules of Civil Procedure. The rules do not limit Defendants' discovery to only those materials considered and/or relied upon by Plaintiffs' experts.  While this may be true with respect to **expert** discovery, this is not true for **fact** discovery.  Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  As argued previously, SACWIS data and the County-maintained case files are unequivocally relevant to Distributors' defense—both to evaluate Plaintiffs' claims for damages and to formulate the Distributors' own affirmative defense—and responsive to Distributors' Request for Production of Documents number 7.  Moreover, discovery is proportional to the needs of the case in light of the hundreds of millions of dollars in damages claimed by Plaintiffs.  Finally, discovery is not otherwise barred because Plaintiffs have failed to demonstrate any privilege applies, and the applicable exceptions to the provisions Plaintiffs cite

allegedly imposing certain confidentiality requirements permit disclosure under the circumstances, particularly given the comprehensive Protective Order in this case.[1]

Nonetheless, as anticipated by Defendants, at least two of Plaintiffs' experts considered and/or relied on summaries or conclusions drawn from ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

In  addition, Plaintiffs' ████████████████████████  ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1]     Plaintiffs also assert that Defendants do not need SACWIS data because Distributors have "access to a substantial volume of publicly-available, systematically de-identified case-level data derived from the State's SACWIS system *via public information requests* from the Adoption and Foster Care Analysis Reporting System (AFCARS)."  Pls. Resp. at 3 (emphasis added).  However, upon review of the *current, publicly available* information on the AFCARS website to which Plaintiffs' cite, this dataset is not a comparable substitute.  The data currently available on the website (i.e., available without ordering) does not provide comprehensive, case-level information reflecting reasons for removal and the specific substances used and/or abused by participants of DCFS and SCCS from 2006 to the present time.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████ Yet

Plaintiffs seek to deprive Defendants of an opportunity to test those examinations and counts.

Defendants are not only entitled to discovery of SACWIS data and the County-maintained case files pursuant to Fed. R. Civ. P. 26 as responsive, relevant, and proportional, but also in light of the fact that ███████████████████████████████████████████████████ ███████████████████.

## II.     SACWIS DATA AND THE COUNTY-MAINTAINED CASE FILES CONTAIN THE INFORMATION DEFENDANTS' SEEK.

### A.     Plaintiffs Have Regularly Used SACWIS to Track Substance Abuse Information Since 2014.

Plaintiffs assert that Defendants are not entitled to discovery of SACWIS data because "SACWIS data does not give [Defendants] what they purportedly seek."  Pls. Resp. at 4.  By Plaintiffs' own admission, however, DCFS and SCCS currently use SACWIS to regularly track the specific types of substances used and/or abused by participants.  *See id.*  In fact, Plaintiffs

acknowledge that DCFS and SCCS have been using SACWIS to track specific substance abuse information since at least 2014.  *Id.*  Plaintiffs claim damages from 2006 to the present time, not including potential future damages.  *See* Dist. Obj., Ex. 1, at Exhibit 1, at Exhibit B, at Exhibit 2 (Cuyahoga County's response to Distributors' Interrogatory Number 18); *see also id.* at Ex. 1, at Exhibit 7, at Exhibit 2 (Summit County's response to Distributors' Interrogatory Number 18). Thus, even if SACWIS did not contain substance abuse information on DCFS and SCCS participants prior to 2014, SACWIS would still have essential data for four (4) of the relevant years.  And, notably, Plaintiffs' alleged children services damages for 2014 through 2017 are the highest of any other year, except for 2013.  Collectively, these four (4) years comprise nearly half of the total amount of Cuyahoga County and Summit County's children services damages, making relevant substance abuse information from this timeframe crucial.

Notwithstanding the foregoing, according to the testimony provided by Plaintiffs' witnesses' and the documents produced by Plaintiffs in this litigation, SACWIS also contains substance abuse information for DCFS and SCCS participants prior to 2014.

For example, in a memo dated ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████  Thus, this memo demonstrates that DCFS did not merely *start* to track "drug of choice" data in 2014.  It sought to *improve* the "drug of choice" information *already found in SACWIS* by adding "drug of choice" information for all open cases.  *Id.* ████████████████████████████████████████████████████████

Logically, this means staff supplemented SACWIS with "drug of choice" information for cases that began prior to 2014.

Moreover, DCFS and Summit County participated in a "caseworker blitz" in 2016, which was described by Cynthia Weiskittel, the Executive Director of DCFS, as "an attempt by the [] state to have all of the information around drugs *updated* in the system . . . ."  Dist. Obj. at Ex. 1, at Exhibit 1, at Exhibit A, at Exhibit 2, at 276:10-14, 277:12-23 (emphasis added).  After the caseworker blitz, the number of adults with opiate characteristics and the number of children with exposure increased, demonstrating caseworkers indeed went back and added information in SACWIS regarding participant substance abuse.  *Id.* at 279:2-17.

Finally, both documents produced by Cuyahoga County and Summit County purportedly reflecting opioid-related removals and based on data extracted from SACWIS provide information on participant substance abuse *prior to 2014*.  Summit County's document details the number of cases that include a ████████████████████████████████████████████████ ████████████████████████  beginning in 2012, and Cuyahoga County's spreadsheet purports to identify removals related to parental drug abuse as early as 2006.  *See* Dist. Obj., Ex. 6 (CUYAH_002442182); *see also* Dist. Opp., Ex. 2 (SUMMIT_001984434).  The testimony and documents clearly illustrate that SACWIS contains the information sought by Defendants before and after 2014.

**B.**     **The Unreliability of the Data in SACWIS Prior to 2014 Underscores Defendants' Need for the Underlying, Corresponding Case Files.**

Plaintiffs' failure to regularly track the specific substances used and/or abused by DCFS and SCCS participants in SACWIS prior to 2014 highlights the unreliability of the SACWIS data and, in turn, emphasizes the Distributors need for the underlying, corresponding case files.   That is, as argued in Distributors' Objections, the case files are the most accurate and comprehensive source of information available to Distributors that can be used to test the validity of Plaintiffs' SACWIS datasets that ██████████████████████.   There are simply no other comparable forums.[2]

And even Plaintiffs' witnesses have testified that they turned to the case files to assess the impact of substance abuse on children services participants when they believed SACWIS data was lacking.   Specifically, Julie Barnes, Executive Director of Summit County Children Services, testified that a former employee of SCCS "did a specific hand count of cases where she went in to case records for some period of time in 2015 to identify substance abuse issues consistently as well as type of drug."   Dist. Obj., Ex. 1, at Exhibit 1, at Exhibit 8, at 136:3-14.   The hand count was performed because SCCS staff believed SACWIS data did not properly represent the impact of substance abuse on SCCS participants, and they wanted "to get a better and more accurate look" through the case files.   *Id.* at 136:12 – 137:7.   This testimony also contradicts Plaintiffs' representation that "Summit County children services does not keep physical files that include the casework . . . ."  Pls. Resp. at 6.

SACWIS unequivocally contains the substance abuse information Defendants' seek, and the County-maintained case files—which also contain substance abuse information—are a vital

---

[2]     Notably, although the SACWIS data may be unreliable prior to 2014 due to Plaintiffs failure to regularly track specific substance abuse information, it is the ***most reliable*** data available to Defendants that contains the requisite case-level substance abuse and removal information for participants of DCFS and SCCS.

supplement to the SACWIS data to test the reliability and accuracy of this information ███

████████████

## **CONCLUSION**

For the foregoing reasons, Distributors' respectfully request that this Court grant

Defendants Partial Objections to Discovery Ruling No. 17.


DATED: March 29, 2019                                Respectfully submitted,

                                                     /s/ Shannon E. McClure
                                                     Shannon E. McClure
                                                     REED SMITH LLP
                                                     Three Logan Square
                                                     1717 Arch Street, Suite 3100
                                                     Philadelphia, PA 19103
                                                     Telephone: (215) 851-8100
                                                     Fax: (215) 851-1420
                                                     smcclure@reedsmith.com
                                                     *Counsel for Distributor Defendant*
                                                     *AmerisourceBergen Drug Corporation*
                                                     *Co-Liaison Counsel for the Distributor Defendants*


                                                     Enu Mainigi
                                                     WILLIAMS & CONNOLLY LLP
                                                     725 Twelfth Street, N.W.
                                                     Washington, DC 20005
                                                     Telephone: (202) 434-5000
                                                     Fax: (202) 434-5029
                                                     emainigi@wc.com
                                                     *Counsel for Defendant Cardinal Health, Inc.*
                                                     *Co-Liaison Counsel for the Distributor Defendants*

                                                     Geoffrey Hobart
                                                     COVINGTON & BURLING LLP
                                                     One City Center
                                                     850 Tenth Street, NW
                                                     Washington, DC 20001-4956
                                                     Telephone: (202) 662-5281
                                                     ghobart@cov.com
                                                     *Counsel for Distributor Defendant*

*McKesson Corporation*
*Co-Liaison Counsel for the Distributor Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2019, I electronically filed the foregoing with the Clerk of Court using the EFC system.

*/s/ Shannon E. McClure*
Shannon E. McClure
*Counsel for Distributor Defendant*
*AmerisourceBergen Drug Corporation*
*Co-Liaison Counsel for the Distributor*
*Defendants*