UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION 2804 OPIATE LITIGATION | ) ) ) | MDL |
| | ) | Case No. 1:17-md-2804-DAP |
| This document relates to: | ) ) | |
| | ) | Judge Dan Aaron Polster |
| *All MDL Tribal Cases (other than the Tribal Bellwether Cases)* | ) ) | |

**PLAINTIFFS' TRIBAL LEADERSHIP COMMITTEE'S REPLY
IN SUPPORT OF ITS MOTION TO EXTEND DEADLINE FOR TRIBES TO
FILE SHORT FORM COMPLAINTS**

As of February 2019, there were cases filed on behalf of 341 Tribes and 14 inter-tribal organizations pending in the MDL. This represents an estimated 60% of federally recognized tribes and 80% of the total Indian population. Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively, "Distributors"), were the only Defendants to file an Objection to MDL Plaintiffs' Motion for Extension of Time. No other Defendant objected.

The crux of Distributors' argument is that the Tribal Plaintiffs have "not provided a reason that they should require more time to file short-form complaints than other plaintiffs." Distributors' Opposition, at 1 (Dkt. 1456). However, Distributors ignore Tribal Plaintiffs' stated reason for seeking the extension. As Plaintiffs expressed in their initial Motion, additional time is needed so that Tribes can determine whether they need to seek an amendment to the Court's Short Form Order (Dkt. 1282) to allow for incorporation by reference allegations from the *Tribal* Bellwether Complaint, rather than from the *County* Bellwether Complaint. In order for the Tribes to make this determination, however, the Court must first issue its final ruling on the Tribal Bellwether Motions to Dismiss. This purpose also

serves the interests of efficiency, for if an extension is not granted, the Tribes will be in the position of having to amend their Complaints now, and then again once the Tribal Bellwether Motions to Dismiss are decided.

The Short Form Order, as it exists now, does not adequately address Tribal Plaintiffs' needs as it pertains to amending Complaints. Tribes are vastly different from Cities and Counties, and constitute independent sovereigns within the United States.  Unlike Cities and Counties, they are not subdivisions of the States.  As a result, it is important – indeed essential – that they be able to incorporate by reference allegations from a Tribal government complaint.

There is a second reason the Tribes require an extension. While preparing to amend their Complaints, the Tribes obtained the 5% market share ARCOS data for their respective jurisdictions, pursuant to the Court's November 8, 2018 Order Regarding Plaintiff's Motion for Modification of CMO-1 (Dkt. 1106). It soon became apparent, however, that in many instances, the provided ARCOS reports did not capture shipments to Indian Health Service ("IHS") direct service facilities or 638 contract facilities (tribal operated health facilities). The absence of accurate data on shipments to these facilities obviously uniquely impacts Tribes.

Since discovering this discrepancy, Tribal Plaintiffs have engaged in a good faith effort to determine why this information is missing in so many instances. Currently there are no firm answers, but there does seem to be a consensus that shipment data to IHS direct service and 638 contract facilities was generally not included in the 5% market share ARCOS reports provided to Tribes.  The PEC is diligently working to correct this problem, but it will take some time to identify the applicable facilities, re-run reports for them, and provide new reports to Plaintiffs.

Further, it is also possible that the only way to determine why there is a gap in the data, and to fill that gap, is to issue a subpoena to IHS. Because of the unique nature of IHS and Tribal healthcare systems, it would be prejudicial to the Tribes to require them to add or dismiss Defendants based on incomplete ARCOS data.

Plaintiffs respectfully request that this Honorable Court grant their Motion to Extend the March 16, 2019 deadline for Tribes to File Short Form Complaints to 60 days after the Court issues its final ruling on the pending Tribal Bellwether Motions to Dismiss.

Respectfully submitted,

**Plaintiffs' Tribal Leadership Committee**

**Robins Kaplan LLP**

By: _s/   Timothy Q. Purdon_
  Timothy Q. Purdon
  1207 West Divide Avenue, Ste. 200
  Bismarck, ND 58503
  T: (701) 255-3000
  F: (612) 339-4181
  TPurdon@RobinsKaplan.com

  Tara D. Sutton
  Holly H. Dolejsi
  800 LaSalle Avenue, Ste. 2800
  Minneapolis, MN 55402
  T: (612) 349-8500
  F: (612) 339-4181
  TSutton@RobinsKaplan.com
  HDolejsi@RobinsKaplan.com

  Brendan V. Johnson
  140 North Phillips Avenue, Ste. 307
  Sioux Falls, SD 57104
  T: (605) 335-1300
  F: (612) 339-4181
  BJohnson@RobinsKaplan.com

  and

3

**Sonosky, Chambers, Sachse,
Miller & Monkman, LLP**
725 East Fireweed Lane, Suite 420
Anchorage, Alaska  99503
Telephone:  (907)258-6377
Facsimile:    (907)272-8332

And

**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
P: 206.623.1900
F: 206.623.3384

And

**Hobbs Straus Dean & Walker**
516 SE Morrison Street
Suite 1200
Portland, OR 97214
Tel: 503.242.1745
Fax**:** 503.242.1072

And

**GILBERT LLP**
1100 New York Ave., NW
Suite 700
Washington, DC 20005
Tel: 202-772-2200

And

**Lieff Cabraser Heimann & Bernstein, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Phone: 415-956-1000
Fax: 415-956-1008

And

**Levin Papantonio**
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7000

4

And

**Domina Law Group**
2425 South 144th Street
Omaha, NE 68144
Telephone: (402) 493-4100
Facsimile: (402) 858-9212

And

**Skikos, Crawford, Skikos & Joseph, LLP**
One Sansome Street
Suite 2830
San Francisco, CA 94104
Telephone: (415) 546-7300
Facsimile: (415) 546-7301

And

**Frazer PLC**
1 Burton Hills Blvd.
Suite 215
Nashville TN 37215
Telephone: (615) 647-6464

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtain through, the Court CM/ECF Systems.

*s/ Timothy Q Purdon*
Timothy Q. Purdon