IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO:*<br>*ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER RE: DEA'S ARCOS/DADS DATABASE[1]**

Masking its import, plaintiffs submitted a two-page motion which seeks a vast expansion of the entities to which they may disclose ARCOS data. Consistent with the DEA's historical treatment of ARCOS data as highly confidential, up until now, this Court has limited ARCOS disclosure to cities, counties, and Native American Tribes (and their counsel) with cases pending in this MDL; that is, to entities and persons who are already under this Court's jurisdiction.[2] Plaintiffs' motion now seeks permission for them to disclose ARCOS data to cities, counties, Tribes, or hospitals "for use in opioid-related litigation *in any court throughout the United States.*" ECF No. 1447 at 1-2 (emphasis added). Because such broad-scale and uncontrolled disclosure to entities beyond the jurisdiction of this Court presents an unacceptable risk of improper public disclosure of confidential ARCOS data, the Court should deny plaintiffs' motion.

---

[1] This opposition to plaintiffs' motion is filed on behalf of Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, and Walgreens Boots Alliance, Inc.

[2] The Court has also permitted disclosure of ARCOS data to State Attorneys General regardless of whether they have cases pending in the MDL.

Alternatively, the Court should impose more stringent conditions on entities and persons not before the Court before they are allowed access to ARCOS data.

As this Court has repeatedly recognized, the ARCOS data provided by the Drug Enforcement Administration ("DEA") in this litigation contains confidential information, the disclosure of which could negatively impact both the commercial interests of pharmacy and distributor defendants, as well as DEA's law enforcement operations. *See, e.g.*, ECF No. 800 at 9-10 ("[T]he ARCOS data … is sensitive to pharmacies and distributors because it is confidential business information; and it is sensitive from DEA's perspective because it is crucial to law enforcement efforts."). Consistent with the careful treatment this highly-sensitive information receives under federal law, *see* 21 U.S.C. § 830(a), (c)(1); 28 C.F.R. § 0.103(a)(1)-(2), the Court ordered production of the ARCOS database in this litigation under a protective order requiring that "[u]se of the ARCOS database shall be limited to this litigation and for State and local law enforcement purposes only." ECF No. 233 at 22; *see* 397 at 3 ("[U]se of the ARCOS database shall be limited to this litigation and for State and local law enforcement purposes only."); *see* ECF Nos. 167 & 400 ("Protective Order").

Under the broad disclosure that plaintiffs seek, MDL plaintiffs' counsel would be authorized to disseminate the ARCOS data to any "counsel for State Attorneys General, cities, counties, Native American Tribes, and hospitals" that are in any way connected to "opioid related" litigation or otherwise involved in "law enforcement" activities. *See* ECF No. 1447-1 at 1, 4. It would be left to the personal and unfettered judgment of MDL plaintiffs' counsel to determine what constitutes a "law enforcement purpose" sufficient to warrant disclosure, and what litigation qualifies as "opioid related." *See id.* Plaintiffs also propose to transfer the data through a website hosted by www.amazon.com, through which an individual could simply log in and download the

ARCOS data to his or her personal computer. *See id.* at 5. Plaintiffs insist that the Amazon-hosted website would be "highly secure," *id.*, but they do not—and cannot—guarantee that the untold number of individuals downloading the data would actually maintain it on a secure platform. And while plaintiffs' proposal contemplates that an attorney downloading the data would agree to abide by this Court's Protective Order, *see id.*, plaintiffs' proposal makes no such provision for the attorneys' *clients*, who in no way would be subject to the jurisdiction or control of this Court. One rogue transmission, or one laptop left open, and the ARCOS data may well become public information.

Moreover, under plaintiffs' proposed scheme, there is a heightened and real risk that the ARCOS data would be inappropriately disclosed in response to a public records law request. Under the current Protective Order, governmental entities to whom the data has been disclosed (each of whom is subject to this Court's jurisdiction) are required to notify DEA and defendants when they receive such a request. *See* ECF No. 167 ¶ 13. But under plaintiffs' newly-proposed scheme, the myriad clients of attorneys who request the data are not subject to this Court's jurisdiction, and therefore would be less likely to comply with this requirement. Particularly in light of the prior attempts by media and third-party organizations to access the ARCOS data, *see* ECF No. 800, the risk of unauthorized disclosure in response to a public records law request is non-speculative and substantial. In light of the considerable risk that the broad dissemination of the ARCOS data sought by plaintiffs would lead to unauthorized disclosures, plaintiffs' motion should be denied.

If the Court does not deny plaintiffs' motion outright, then at a minimum, the Court should require more stringent controls to mitigate the risk of unauthorized disclosure of the ARCOS data.

Specifically, defendants request that any amendment to the Protective Order contain the following provisions:

- *First*, DEA and defendants should be given an opportunity to object to any particular disclosure before it is made.

- *Second*, the geographic scope of the data that plaintiffs may disclose to entities unconnected to this litigation should be limited. Under plaintiffs' proposal, apparently they contemplate providing the entire ARCOS database to any client or lawyer with "opioid related" litigation. This is unnecessary and overbroad. At most, plaintiffs should be authorized to disclose **only** the ARCOS data that specifically relates to the jurisdiction for which the counsel's client serves as the governing body. And—consistent with DEA's position—plaintiffs should not be authorized to disclose *any* ARCOS data to counsel for a hospital, as hospitals are outside the scope of routine law enforcement sharing, as DEA acknowledges. *See* ECF No. 1447 at 2 (DEA does not consent to plaintiffs' motion "insofar as the motion would permit sharing of ARCOS information with hospitals, which DOJ/DEA opposes because it is outside the scope of routine sharing of such information").

- *Third*, ARCOS data may only be transferred and maintained on secured websites.

- *Fourth*, before disclosing any ARCOS data to a requesting party, plaintiffs should be required to obtain an Acknowledgement of Protective Order and Agreement to be Bound ("Acknowledgement") that is signed by both the counsel making the request, as well as a representative of his or her client.

- *Fifth*, the Protective Order should state that the Court is empowered to impose a monetary sanction for violation of the Order on any person or entity to whom the ARCOS data is disclosed. Specifically, the Court may impose a monetary sanction in the amount of $100,000 per

violation, to be paid in equal shares to the DEA and to any defendant whose commercially-sensitive information is disclosed or used in violation of the Order.

- *Sixth*, the Acknowledgement should be amended to (a) reflect that the signing party is submitting to the jurisdiction of this Court for all matters relating to the Protective Order, recognizing that in doing so he/she is subject to the full powers of the Court, including the power to impose a monetary sanction for violation of the Order; and (b) explicitly state that ARCOS data shall not be disclosed to any third party in response to a public records law request until the signing party has fully complied with the requirements of Paragraph 13 of the Protective Order.

Should the Court grant plaintiffs' motion (which defendants oppose), these additional provisions—reflected in the attached proposed order and amended Acknowledgement—are necessary to impress upon lawyers and their government entity clients not participating in this MDL of the obligations they undertake as a condition of receiving ARCOS data through this Court and thereby to ensure that such ARCOS data are appropriately protected from unauthorized disclosure.  Because the Protective Order currently consists of two different documents, ECF Nos. 167 and 400, and plaintiffs' motion would layer a third on top of these two, the undersigned submit a consolidated protective order that brings all these documents into a single document.  In addition, we also submit a revised acknowledgement that clearly states that the signatory is agreeing to.  These revised documents will enhance compliance with the Protective Order.

Dated: March 29, 2019                                              Respectfully submitted,

                                                        */s/ Geoffrey Hobart*
Geoffrey E. Hobart
Mark H. Lynch
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on March 29, 2019.

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
Mark H. Lynch
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*
