UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO:*<br>*ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**[PROPOSED] CONSOLIDATED AMENDED PROTECTIVE ORDER RE: ARCOS DATA**

Plaintiffs have filed a motion seeking to amend the Protective Order Re: DEA ARCOS/DADS Database, Doc. No. 167, as amended by Doc. No. 400 ("Protective Order"), to allow for broader disclosure of the ARCOS data produced by the United States Drug Enforcement Administration ("DEA") in this litigation.  In light of the highly-sensitive nature of the ARCOS data, there is substantial need to mitigate the risk of its unauthorized disclosure.  Accordingly, the Court grants plaintiffs' motion in part, and amends the Protective Order as set forth below.  The Court also consolidates the two prior orders and this second amendment onto a single Protective Order.

~~The Court conducted a hearing on February 26, 2018 and entered an Order informing the parties and the United States of America that the Court intended to consider entering a protective order regarding the anticipated disclosure of certain data by the United States Drug Enforcement Administration ("DEA") related to the Automated Records and Consolidated Orders System/Diversion Analysis and Detection System ("ARCOS"). (Doc #: 155.) The Court, having reviewed the proposed protective orders submitted by Plaintiffs and the DEA,~~

~~has determined that any such disclosure shall remain confidential and shall be used only for litigation purposes or in connection with state and local law enforcement efforts. More specifically, the Court concludes that disclosure may be made to the governmental Plaintiffs, which includes cities, counties and Native American tribes, for this litigation and/or law enforcement purposes, and disclosure may be made to State Attorneys General for litigation and law enforcement purposes. All lawyers and parties must read this Protective Order and sign the Acknowledgement of Protective Order and Agreement to Be Bound (Ex. A).~~

~~The DEA proposed, and Defendants agreed with, two levels of confidentiality designations: (1) "Attorneys' Eyes Only – Subject to Protective Order," and (2) "Confidential - Subject to Protective Order." (See Doc #: 162-2 ¶ 3.) The DEA proposed marking documents "Attorneys' Eyes Only - Subject to Protective Order" "only if the document contains law-enforcement-sensitive information, proprietary trade secret information, sensitive personal information, private commercial business or financial information, sensitive personal information, private commercial business or financial information, personally identifying information, or information otherwise protected by the Privacy Act, 5 § 552a." (Doc #: 162-2 at 2 ¶ 3.) Plaintiffs proposed one level of confidentiality, "Confidential - Subject to Protective Order." The Court believes that one level of protection is sufficient to cover the data being produced at this time. However, the Court may re-visit this issue in the future should additional ARCOS data be produced.~~

~~Accordingly, it is hereby ORDERED:~~

1. **Purpose.** The Court enters this Protective Order to govern the disclosure of official Department of Justice ("DOJ") information collected and maintained by the DEA in its ARCOS database, as well as Suspicious Order Reports collected and maintained by the DEA.

2

2. **Scope.** This Order applies to all documents or electronically stored information ("ESI") provided by the DEA to the Court, counsel, or any parties in the above-captioned litigation, including but not limited to: Suspicious Order Reports; any data produced directly from DEA's ARCOS database; any reports generated from DEA's ARCOS database; any information collected and maintained by DEA in its ARCOS database; and any derivative documents that the parties or their employees, agents, or experts create using ARCOS data (collectively, "ARCOS Data").

3. **Form and Timing of Designation.** Prior to the production or disclosure of documents, the DEA shall designate all documents as confidential and restricted in disclosure under the Order by stamping "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order does not constitute a finding that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. If the DEA produces ESI that cannot itself be marked with one of these two designations, the DEA shall place the designation on the physical media used to produce the ESI or in the title of any secure server, link, or file used to produce the ESI.

4. **Inadvertent Production.** If the DEA inadvertently produces any document without a confidentiality designation, it does not forfeit the right to later stamp the document(s) with a confidentiality designation and obtain for the document(s) the full protection of this Order.

5. **Authorized Use.** The Suspicious Order Reports and/or ARCOS data designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order (collectively, "Designated Information") shall not be used by the parties, counsel for the parties, or any other authorized persons identified in ¶ 6 for any purpose whatsoever other than (1) to mediate, settle, prosecute, or defend the above-captioned litigation <u>or other litigation involving the manufacture, distribution, or sale of opioid related drugs ("Opioid-Related Litigation") consistent with Paragraph 14 below</u>, or (2) for law enforcement purposes. Specifically, Designated Information shall not be used by any person or entity for commercial purposes, in furtherance of business objectives, or to gain a competitive advantage.

6. **Authorized Individuals.** Documents and/or ESI designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be available only to the parties and attorneys for the parties and State Attorneys General. The parties and counsel for the parties shall not disclose or permit the disclosure of any Designated Information to any third person or entity except:

    a. Employees and agents of counsel assisting with the Litigation who have a need to view the Designated Information in connection with the Litigation;

    b. Court reporters in the Litigation, the judge and his employees or clerks working on the Litigation, and Special Masters assisting with the Litigation;

    c. Experts employed to assist in the Litigation, but only after completing the certification contained in Attachment A, Acknowledgement of Protective Order and Agreement to be Bound, the original of which shall be retained by counsel until the above-captioned case is conclusively resolved;

    d. State and local law enforcement including State Attorneys General<s>.</s>"; and

e. Other persons only upon order of the Court and on such conditions as may be agreed or ordered, as set out in the paragraph below concerning "Public Records Requests"; and

f. <u>counsel for State Attorneys General, cities, counties, and Native American Tribes in Opioid-Related Litigation, consistent with Paragraph 14 below.</u>

Any person <u>or entity</u> to whom disclosure is made shall be bound by the terms of this Order. <u>and shall submit to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to this Order, recognizing that in doing so he/she/it is subject to the full powers of the Court, including the power to impose a monetary sanction for violation of this Order, consistent with Paragraph 15 below.</u>  Designated Information shall not be communicated to the public or media in any way or form without prior approval of the Court.  ~~Counsel~~ <u>Any person or entity to whom disclosure is made</u> shall take measures to prevent unauthorized disclosure of Designated Information.

7. **Copies.**  All copies of Designated Information shall thereafter be entitled to the protection of this Order.

8. **Filing Documents Containing Designated Information.**  If contained in a pleading, motion, or other document filed with this Court, any Designated Information must be marked with the applicable confidentiality designation, designated as "Subject to Protective Order," and filed under seal with prior Court authorization.  Only the portions of the filed document containing Designated Information are subject to being filed under seal, and a party shall file both a redacted version for the public docket and an unredacted version for sealing.

9. **Deposition Testimony Concerning the Designated Information.**  Deposition testimony concerning the Designated Information, and exhibits to depositions containing the Designated Information, shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER only if designated within ten days of the deposition.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

        10.     **Use of Designated Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other parties and to the DEA at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information.  The Court may thereafter make such orders as are necessary to govern the use of such documents of information at trial.  Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom.  The hearing, argument, or trial will be public in all respects.

        11.     **De-Designation of Documents Stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order.**  Any Designated Information is subject to challenge by any party or nonparty with standing to object (hereafter, "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by

agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

12. **Obligations on Conclusion of Litigation.** Designated Information shall at all times remain the property of DOJ, subject to DEA control. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Designated Information and copies thereof shall be returned to the DEA, through its DOJ counsel, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure, or (2) the parties agree to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

13. **Public Record Requests.** ~~Because many of the Plaintiffs in this litigation are governmental entities, they~~ Governmental entities in receipt of Designated Information may be subject to Public Records Laws, including, but not limited to, the Freedom of Information Act (collectively, "Public Records Laws"). As such, ~~the Plaintiffs~~ they may receive requests for the Designated Information under applicable Public Records Laws ("Public Records Requests"). If ~~Plaintiffs receive~~ any governmental entity in receipt of Designated Information receives such requests, ~~they~~ it shall immediately notify the DEA and Defendants of the request. ~~Plaintiff~~ The governmental entity will provide the notification to the DEA and Defendants via email to

7

counsel of record for the Defendants and for the DEA in this litigation.  Should Defendants or the DEA decide to challenge the Public Records Request, the challenging party must, within two business days after notification of the existence of the request, file an appropriate action in this Court, opposing production of the records.  Where such a challenge is filed with this Court, ~~Plaintiffs~~the governmental entity shall not release any Designated Information without order of this Court.

    14.    <u>Limited Disclosure to Requesting Counsel.</u>  <u>Counsel for State Attorneys General, cities, counties, and Native American Tribes in Opioid-Related Litigation ("Requesting Counsel") may submit a written request to the MDL Plaintiffs Executive Committee for the disclosure of Designated Information that specifically relates to the jurisdiction for which Requesting Counsel's client serves as the governing body.  Upon the receipt of any such request, the MDL Plaintiffs Executive Committee shall immediately notify DEA and Defendants of the request via email to counsel of record for Defendants and for the DEA in this litigation.  Should Defendants or the DEA decide to challenge the request, the challenging party must, within two business days after notification of the existence of the request, file an appropriate action in this Court, opposing production of the records.  Where such a challenge is filed with this Court, the MDL Plaintiffs Executive Committee shall not release any Designated Information without order of this Court.  If no challenge is filed, and after Requesting Counsel and a representative from his/her client complete the certification contained in Attachment A, Acknowledgement of Protective Order and Agreement to be Bound, the original of which shall be retained by plaintiffs, plaintiffs may disclose the requested information to Requesting Counsel.  This disclosure shall be strictly limited to Designated Information that specifically relates to the jurisdiction for which Requesting Counsel's client serves as the governing body and shall be</u>

used only in connection with Opioid-Related Litigation or for law enforcement purposes, consistent with Paragraph 5 of this Order.  The Designated Information described in this Paragraph may be transferred only via a secured website, and must be maintained on a secure platform.

15. **Sanction for Violation of this Order.**  In the event of a violation of this Order by any person to whom disclosure is made, the Court may impose a monetary sanction in the amount of $100,000 per violation, to be paid in equal shares to the DEA and to any defendant whose commercially-sensitive information is disclosed or used in violation of this Order.

16. All other provisions of the ARCOS Protective Order shall remain in full force and effect as if repeated verbatim herein.

**IT IS SO ORDERED.**

       _____
       Hon. Dan Aaron Polster
       United States District Judge

[Exhibit A]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO: ALL CASES* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned litigation, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order, recognizing that in doing so he/she is subject to the full powers of the Court, including the power to impose a monetary sanction for violation of the Protective Order. The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" solely for purposes of ~~the above-captioned action~~ Opioid-Related Litigation or for law enforcement purposes, and that disclosure of any such documents to third-persons is prohibited except in accordance with the Protective Order or with permission of the Court. The undersigned further understands that the terms of the Protective Order obligate him/her to take measures to prevent unauthorized disclosure of such documents, including maintaining the documents on a secure platform, and that such documents shall not be provided or disclosed to any third party in response to a request under any federal, state, or municipal Public Records Law until the undersigned has fully complied with the requirements of Paragraph

<u>13 of the Protective Order.  The undersigned further understands that if he/she violates the Protective Order, he/she may be sanctioned in the amount of $100,000 per violation, consistent with the terms set forth in Paragraph 15 of the Protective Order.  The undersigned understands that disclosure of information, even if pursuant to a Court Order from a Court other than the Northern District of Ohio, subjects the undersigned to sanctions for violating a Court Order.  The undersigned will consider whether any conflicting state public records laws apply before coming into possession of ARCOS information.</u>

_____        _____

Signature                                                                                         Date


_____

Name (Printed)


_____
_____

Address


_____

Organization/Client