UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION      MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in 28 actions and Southern District of Ohio defendant Mylan Bertek Pharmaceuticals, Inc., move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions listed on Schedule A to MDL No. 2804. Various defendants[1] oppose the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into cities, states and towns across the country. *See In re: Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017).

Despite some variances among the actions before us, they all share a factual core with the MDL actions: the manufacturing and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

---

[*] Judges Ellen Segal Huvelle and Nathaniel Gorton did not participate in the decision of this matter.

[1] Amerisourcebergen Drug Corp.; Cardinal Health, Inc., and Cardinal Health 110, LLC; and McKesson Corp. (distributor defendants); Allergan PLC, Actavis LLC, Actavis Pharma, Inc.; Allergan Finance, LLC; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Manufacturing LLC, Insys Therapeutics, Inc.; Janssen Pharmaceutica Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinkrodt plc and Mallinckrodt Enterprises, LLC; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries Ltd.; Watson Laboratories, Inc., Watson Pharma, Inc. and Watson Pharmaceuticals, Inc. (manufacturing defendants); Express Scripts Holding Co., Express Scripts, Inc.; Optum, Inc., OptumRx, Inc.; UnitedHealth Group Incorporated; the University of Kansas Hospital Authority; and Walgreen Co., Walgreen Eastern Co., and Walgreen Boots Alliance, Inc.

-2-

The parties opposing transfer in 28 actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer challenging the propriety of federal jurisdiction is insufficient to warrant vacating conditional transfer orders covering otherwise factually related cases.[2] Several parties argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiff in the Western District of Missouri *Tudhope* action asserts that her action is unique because it is an individual personal injury action arising from her use of the fentanyl spray Subsys. But there are several personal injury actions pending in the MDL. The maker of Subsys is a defendant in over 600 cases, and the distributor defendant named in *Tudhope*, AmeriSourceBergen, is a defendant in over 1150 cases. Substantial efficiencies can be gained by including this factually related action in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

Lewis A. Kaplan     R. David Proctor
Catherine D. Perry     Karen K. Caldwell

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

Northern District of Georgia

COUNTY OF FANNIN v. RITE AID OF GEORGIA, INC., ET AL.,
C.A. No. 2:18‒00220

Western District of Missouri

TUDHOPE, ET AL. v. AMERISOURCEBERGEN DRUG CORPORATION, ET AL.,
C.A. No. 4:18‒00932

Southern District of Ohio

MEIGS COUNTY, OHIO v. CARDINAL HEALTH, INC., ET AL.,
C.A. No. 2:18‒01582
WASHINGTON COUNTY, OHIO BY ITS COMMISSIONERS, ET AL. v. CARDINAL HEALTH, INC., ET AL., C.A. No. 2:18‒01706

Eastern District of Oklahoma

SEMINOLE COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:18‒00372

Western District of Oklahoma

CHEYENNE AND ARAPAHO TRIBES v. PURDUE PHARMA LP, ET AL.,
C.A. No. 5:19‒00039

CHEYENNE AND ARAPAHO TRIBES v. WATSON LABORATORIES, INC.,
ET AL., C.A. No. 5:19‒00042

Eastern District of Pennsylvania

COUNTY OF CARBON v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18‒05625
DELAWARE COUNTY, PENNSYLVANIA v. PURDUE PHARMA L.P., ET AL.,
C.A. No. 2:18‒05627

Southern District of Texas

COUNTY OF BLANCO v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:18‒04705
COUNTY OF JASPER v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:18‒04706
COUNTY OF GALVESTON v. PURDUE PHARMA L.P., ET AL.,
C.A. No. 4:18‒04708

- A2 -

COUNTY OF LEON v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:18‒04709
COUNTY OF HARDIN v. ENDO HEALTH SOLUTIONS, INC., ET AL.,
    C.A. No. 4:19‒00114
COUNTY OF NEWTON v. ENDO HEALTH SOLUTIONS, INC., ET AL.,
    C.A. No. 4:19‒00117

    Eastern District of Virginia

CITY OF ALEXANDRIA v. PURDUE PHARMA, L.P., ET AL., C.A. No. 1:18‒01536

    Western District of Virginia

WASHINGTON COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 1:18‒00046
BUCHANAN COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 1:18‒00047
DICKENSON COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:18‒00048
LEE COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 2:18‒00049
CITY OF NORTON, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 2:18‒00050
PITTSYLVANIA COUNTY v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 4:18‒00070
HENRY COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 4:18‒00071
PAGE COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 5:18‒00147
CITY OF GALAX, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 7:18‒00617
GILES COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 7:18‒00618
MONTGOMERY COUNTY v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 7:18‒00619

    Western District of Wisconsin

BAD RIVER BAND OF LAKE SUPERIOR CHIPPEWA v. PURDUE PHARMA
    L.P., ET AL., C.A. No. 3:18‒01017