**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION, ) | MDL  2804 |
| OPIATE LITIGATION ) | |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | JUDGE DAN AARON POLSTER |
| Non-Bellwether Tribal Cases ) | |
| ) | **OPINION AND ORDER** |

Before the Court is "Plaintiffs' Tribal Leadership Committee's Motion to Extend Deadline for Tribes to File Short Form Complaints" filed on March 14, 2019 ("Motion"). **Doc #: 1440**.  The Moving Tribal Plaintiffs ask the Court to extend the deadline to file their Short-Form Amended Complaints from the current deadline of March 16, 2019[1] to 60 days after the Court's final ruling on the pending Motions to Dismiss the complaints of the two Bellwether Tribal Plaintiffs, i.e., *Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45459 and *Blackfeet Tribe of the Blackfeet Indian Reservation v. AmerisourceBergen Drug Corp.*, et al., Case No. 1:19-op-45749.  The procedure set forth in the Short Form Order, Doc #: 1282, allows Plaintiffs to add or remove Defendants based on ARCOS data, add or delete claims, and incorporate by reference the common factual allegations and RICO claims set forth in the pleadings in *County of Summit, Ohio, et al. v. Purdue Pharma LP, et al.*, Case No. 1:18-op-45090 ("*Summit County*").

The Moving Tribal Plaintiffs state that they need more time because the factual allegations and claims alleged by the Bellwether Tribal Plaintiffs are more appropriate for incorporation by reference than the allegations and claims in *Summit County*.  Furthermore,

---

[1]The March 16 deadline was stayed pending resolution of the Motion.

while preparing to amend their complaints, the Tribes obtained the 5% market share ARCOS data for their respective jurisdictions pursuant to the Order Regarding Plaintiff's Motion for Modification of CMO-1 issued on November 8, 2018.  Doc #: 1106.  It appears that, in many instances, the ARCOS reports did not capture opioid shipments to the Indian Health Service direct-service facilities or the 638 contract facilities.  The Moving Tribal Plaintiffs assert that, while the PEC is diligently working to correct the problem, it will take some time to identify the facilities and re-run accurate reports for the Tribes' consumption.

After having reviewed the Motion, the Opposition brief filed by three Distributors,[2] Doc #: 1456, and the Reply brief, Doc #: 1486, the Court grants the Motion for the following reasons.  The Court finds persuasive the dual interests of accuracy and efficiency asserted by the Moving Tribal Plaintiffs.  There are well over 340 cases filed by tribes and inter-tribal organizations in this MDL.  To require these particular Plaintiffs to file amended complaints before they get accurate ARCOS reports is a waste of the Court's and parties' resources.  Moreover, it has not gone unnoticed that only three MDL Defendants object to the Moving Tribal Plaintiffs' request.

Accordingly, the Court hereby **GRANTS** Plaintiffs' Tribal Leadership Committee's Motion to Extend Deadline for Tribes to File Short Form Complaints, **Doc #: 1440**, to 60 days after the Court's final ruling on the Motions to Dismiss the claims of the Bellwether Tribal Plaintiffs.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     April 4, 2019*
**Dan Aaron Polster**
**United States District Judge**

---

[2]The three Distributer Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.