# Exhibit 1

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 1 | Alabama | *Strickland v. Lambert*, 109 So.2d 664, 665 (Ala. 1959) ("An individual complaining of a public nuisance must show some special injury to himself different from the common injury to the public.") (quoting *Scruggs v. Beason*, 20 So.2d 774, 775 (Ala. 1945)); *Birmingham v. Fairfield*, 375 So.2d 438, 441 (Ala. 1979) ("[A] public nuisance may also give an individual a cause of action for abatement when he has suffered damages different in degree and kind from those suffered by the general public." (citation omitted)). | **Pecuniary Injury**. *Gulf States Steel Co. v. Beveridge*, 96 So. 587, 589 (Ala. 1923) (taxi cab operator can sue defendant for damages to business for blocking roadway). |
| 2 | Alaska | *In re Exxon Valdez*, No. A89-0095-V (HRH), 1994 WL 182856, at *1 (D. Alaska Mar. 23, 1994) (applying maritime law) ("[T]he law remains that a private litigant cannot recover damages for a public nuisance unless he or she can show a special injury different in kind from that suffered by the general public." (citing prior Order in that case, which, in turn, cited, *inter alia*, Restatement (Second) Torts § 821C)). | |
| 3 | Arizona | *Hopi Tribe v. Arizona Snowbowl Resort Ltd. P'ship*, 430 P.3d 362, 363-64 (Ariz. 2018) ("Private parties may bring public nuisance claims in Arizona if the alleged nuisance caused the plaintiff special injury, meaning 'damage [that is] different in kind or quality from that suffered by the public in common.' [*Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 712 P.2d 914, 918 (Ariz. 1985)]. Today we hold, as a matter of law, that environmental damage to public land with religious, cultural, or emotional significance to the plaintiff is not special injury for public nuisance purposes."). *See also Hopi Tribe, supra*, 430 P.3d at 365, 366, 367, 369, 370-71 (analyzing tribe's public nuisance claim in light of § 821C principles). | **Pecuniary Injury**. *Hopi Tribe v. Arizona Snowbowl Resort Ltd. P'ship*, 430 P.3d 362, 367 (Ariz. 2018) ("[T]he only public nuisance cases in which we have recognized special injury involved property or pecuniary interests . . . ."). *See also, Spur Indus., Inc. v. Del E. Webb Dev. Co.*, 494 P.2d 700, 706 (Ariz. 1972) (plaintiff's pecuniary interest injured where plaintiff lost sales due to defendant's cattle feedlot operation); *Ariz. Copper Co. v. Gillespie*, 100 P. 465, 469-70 (Ariz. Terr. 1909) (direct individual injury to plaintiff's irrigated, cultivated lands and crop-raising property and pecuniary interests caused by defendant's depositing sedimentary matter into river system). |
| 4 | Arkansas | *Ozark Poultry Prods. , Inc. v. Garman*, 472 S.W.2d 714, 716 (Ark. 1971) ("There is no doubt but that there are many nuisances which may occasion an injury to an individual for which an action will not lie by him in his private capacity, unless he can show special damage to his person or property, differing in kind and degree from that which is sustained by other persons who are subjected to similar injury." (citing *Fisher v. Zumwalt*, 61 P. 82 (Cal. 1900)); *Meek v. Love*, 122 S.W.2d 606, 607 (Ark. 1938) ("Injunction may be maintained by a private person | **Pecuniary Injury**. *Carson v. Hercules Powder Co.*, 402 S.W.2d 640 (Ark. 1966) (commercial fisherman entitled to recover damages from defendant company that discharged industrial waste into stream, destroyed fish, and prevented operation of fishing business); *Brewer v. Missouri Pac. R. Co.*, 257 S.W. 53 (Ark. 1923) (plaintiff, in the business of road construction, incurred pecuniary loss because of flooding of road caused by defendant). |

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| | | . . . against a public nuisance from which he suffers a special and peculiar injury not common to the citizens generally."). | |
| 5 | California | CAL. CIVIL CODE § 3493. "Remedies; private person."-- "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." *Venuto v. Owens-Corning Fiberglas Corp.*, 99 Cal. Rptr. 350, 355 (Cal. Ct. App. 1971) ("The genesis of this rule is found in the common law which recognized that 'the action would lie if the plaintiff could show that he had suffered special damage over and above the ordinary damage caused to the public at large by the nuisance.'" (quoting Prosser on Torts (3d ed.) at 605-06)). *See also*, *Sundt v. Tanimura South LLC*, No. H044629, 2018 WL 2316134 at *2 (Cal. Ct. App. 2018) ("Without the special injury requirement, individual members of the public could bring separate claims to abate a public nuisance, leading to an endless multiplicity of identical lawsuits." (citing *Venuto*, 99 Cal. Rptr. at 355; § 821C)). | **Pecuniary Injury.** *Carver v. San Pedro, L.A. & S.L.R. Co.*, 151 F.334, 335 (1906) (Cir. Ct. S.D. Cal. 1906) (plaintiff can sue defendant for construction of bridge over navigable waters that obstructed river traffic; plaintiff would suffer damages "on account of his riparian ownership and his business of building, repairing, hiring, and towing of boats and sea-going vessels"). |
| 6 | Colorado | *Gaskins v. People*, 272 P. 662, 664 (Col. 1928) (private person may bring action to abate a nuisance "if he has suffered special injury from it."). | |
| 7 | Connecticut | *Burton v. Dominion Nuclear Conn., Inc.*, 23 A.3d 1176, 1189-1190 (Conn. 2011) (With respect to who may bring a public nuisance cause of action, "[i]t is uniformly held that that a private individual has no action for the invasion of the purely public right, unless his damage is in some way to be distinguished from that sustained by other members of the general public. . . . There is general agreement on the requirement that the plaintiff's damage be different in kind, rather than in degree, from that shared by the general public." (citing cases, and citing § 821C(1) at 94, for the proposition that "[i]n order to recover damages in an individual action for a public nuisance, one must have suffered harm of a kind different from that suffered by other members of the public exercising the right common to the general public that was the subject of interference")). | |
| 8 | Delaware | *Artesian Water Co. v. New Castle Cnty.*, No. 5106, 1983 WL 17986, at *22 (Del. Ch. Aug. 4, 1983) (extensive reliance on § 821C); *Guy v. State*, 438 A.2d 1250, 1255 (Del. Super. Ct. 1981) ("A citizen who receives a special harm, different in kind from any resulting to the general public, may maintain the | |

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| | | action in tort. Personal injury is such a special harm." (citing § 821C). | |
| 9 | District of Columbia | *B & W Mgmt., Inc. v. Tasea Inv. Co.*, 451 A.2d 879, 882 (D.C. 1982) ("[A] private party may sustain an action to enjoin or recover damages for a public nuisance if that party can allege and prove 'special damage, distinct from that common to the public.'" (citations omitted)). | |
| 10 | Florida | *Brown v. Florida Chautauqua Ass'n*, 52 So. 802, 804 (Fla. 1910) (obstruction of highway that damages hotel business: "If a public nuisance causes special or peculiar injury to an individual different in kind and not merely in degree from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy."). *See also*, *Page v. Niagara Chem. Div. of Food Mach. & Chem. Co.*, 68 So. 2d 382, 383 (Fla. 1953) ("To entitle private individuals to maintain actions to enjoin public nuisances, it must be shown that they have sustained special or peculiar injuries different in *kind*, not merely in *degree*, from the injury to the public at large." (emphasis in original)); *Harbor Beach Surf Club, Inc. v. Water Taxi of Ft. Lauderdale, Inc.*, 711 So.2d 1230, 1232-33 (Fla. Dist. Ct. App. 1998) (defendant's obstruction of waterway injured plaintiff's water taxi business, constituting a "peculiar injury" under the principles of *Brown, supra*). | **Pecuniary Injury.** In *Brown* and *Harbor Beach Surf Club*, plaintiff's pecuniary injuries constituted the "peculiar injuries" that permitted them to sue for the public nuisance. *Brown v. Florida Chautauqua Ass'n*, 52 So. 802 (Fla. 1910); *Harbor Beach Surf Club, Inc. v. Water Taxi of Ft. Lauderdale, Inc.*, 711 So.2d 1230 (Fla. Dist. Ct. App. 1998). |
| 11 | Georgia | *Moon v. Clark*, 14 S.E.2d 481, 482 (Ga. 1941)) (quoting statute: "If a public nuisance shall cause special damage to an individual, in which the public do not participate, such special damage shall give a right of action." (cite to statute omitted)); GA. CODE ANN. § 41-1-3 ("Right of action to individual for public nuisance." – "[I]f a public nuisance in which the public does not participate causes special damage to an individual, such special damage shall give a right of action."). | **Pecuniary Injury.** *Brunswick & W. R. Co. v. Hardey*, 37 S.E. 888, 890 (Ga. 1901) ("[I]llegally obstructing, and continuing to obstruct, a public street, so as to prevent the customers of a merchant from getting to his store, is inflicting upon him a special wrong not shared in by the public at large, for which he is entitled to maintain an action for damages."). |
| 12 | Hawaii | *Mottl v. Miyahira*, 23 P.3d 716, 725 (Haw. 2001) (summarizing principles of nuisance: "Only the king, therefore, could bring [a nuisance] action against the perpetrator. The sole exception to this rule was that a member of the public had standing to sue if he suffered a special injury that was different in kind, and not merely in degree, from the general public."). | |

3

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 13 | Idaho | IDAHO CODE ANN. § 52-204. "Action by private person." – "A private person may maintain an action: . . . 2. For any other public nuisance, if it is specially injurious to himself." *See also, Ravndal v. Northfork Placers*, 91 P.2d 368, 370 (Idaho 1939) ("If, however, a public nuisance, such as an unlawful obstruction to a common passage, causes peculiar damage to an individual, he may maintain an action therefor."). | |
| 14 | Illinois | *Young v. Bryco Arms*, 821 N.E.2d 1078, 1083 (Ill. 2004) ("Section 821C of the Restatement (Second) of Torts addresses the issue of standing to bring an action for public nuisance and states that an individual, as opposed to a governmental entity, may recover damages in an action for public nuisance only if he or she has 'suffered harm of a kind different from that suffered by other members of the public exercising the right common to the general public that was the subject of interference.'"). | |
| 15 | Indiana | *Blair v. Anderson*, 570 N.E.2d 1337, 1339-40 (Ind. Ct. App. 1991) ("A party may bring a successful private action to abate or enjoin a public nuisance if the aggrieved party demonstrates special and peculiar injury apart from the injury suffered by the public." (citing cases and § 821C)). | |
| 16 | Iowa | *Nash v. Schultz*, 417 N.W.2d 241, 243 (Iowa Ct. App. 1987) (citing § 821C for principle that person can bring public nuisance claim where nuisance causes personal injury). | **Pecuniary Injury.** *Nebraska Innkeepers, Inc.* v. *Pittsburgh-Des Moines Corp.*, 345 N.W.3d 124, 130 (Iowa 1984) (injury to business income from nuisance constitutes "special damages" and no such injury shown); *Park v. Chicago & S. W.R. Co.*, 43 Iowa 636 (1876) (decrease in rental value of plaintiff's property as a result of the nuisance constituted special and peculiar injury). |
| 17 | Kansas | *Culwell v. Abbott Const. Co., Inc.*, 506 P.2d 1191, 1196 (Kan. 1973) (private individual can maintain public nuisance action where individual sustains an injury that "differs in kind from that sustained by the community in general."); *Berry v. Shell Petroleum*, 33 P.2d 953, 956 (Kan. 1934) ("The rule is well settled that an individual who sustains an injury peculiar to himself may have relief against a public nuisance and is entitled to maintain an action at law for damages on account of the special injury which he has sustained." (citations omitted)). | **Pecuniary Injury.** *Klassen v. Central Kan. Co-op. Creamery Ass'n*, 165 P.2d 601 (Kan. 1946) (tenant in nuisance case can recover for financial injury to his farming operations resulting from water pollution by defendant that poisoned plaintiff's water supply, killing plaintiff's hogs and chickens). |

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 18 | Kentucky | *Roberie v. Von Bokern*, No. 2004-SC-000250-DG, 2006 WL 2454647, at *4 (Ky. Aug. 24, 2006) (adopting § 821C). *See also*, *East Cairo Ferry Co. v. Brown*, 25 S.W.2d 730, 731 (Ky. Ct. App. 1930) ("It is well settled that an individual may bring an action to abate a public nuisance, when he has sustained or will sustain damages of a special character therefrom, distinctly different from the injuries suffered by the public generally."). | **Pecuniary Injury.** *East Cairo Ferry Co. v. Brown*, 25 S.W.2d 730, 731 (Ky. Ct. App. 1930) (pecuniary damages from obstruction of road constitute special injury where "plaintiffs are conducting a public ferry and their business depends upon this road being kept open, and as 90 per cent. of the business comes over this road, clearly it suffers an injury distinct from that suffered by the general public.") |
| 19 | Louisiana | *Carbajal v. Vivien Ice Co.*, 104 So. 715, 716 (La. 1925) (a private individual "may sue to abate a nuisance, although it be a public one, provided that, if the nuisance is not abated, he will suffer a special damage therefrom different from that which is common to all."); *Lambert v. American Box Co.*, 81 So. 95, 97 (1919) ("A citizen has no right of action for the removal of an obstruction, alleged to be a nuisance, from a public street, unless he is able to show that it causes a particular injury to his person or property"). | |
| 20 | Maine | *Charlton v. Oxford*, 774 A.2d 366, 375 (Maine 2001) ("To establish a cause of action for common or public nuisance, a party must show that he has 'suffered therefrom some special and peculiar damages other and greater than those sustained by the public generally.'" (quoting *Brown v. Watson*, 47 Maine 161, 162 (1859)); *Smart v. Aroostook Lumber Co.*, 68 A. 527 (Maine 1907) (to bring action for public nuisance, plaintiff must show he "sustained damages not suffered by the community at large . . . . As generally expressed, he must prove special damages resulting from the public nuisance to entitle him to a private action . . . ." (citations omitted)); *Burgess v. M/V Tamano*, 370 F. Supp. 247, 250 (D. Maine 1973) ("[T]he long standing rule of law is that a private individual can recover in tort for invasion of a public right only if he has suffered damage particular to him-that is, damage different in kind, rather than simply in degree, from that sustained by the public generally." (citing, *inter alia*, § 821C (Tent. Draft No. 17, 1971)). | **Pecuniary Injury.** *Burgess v. M/V Tamano*, 370 F. Supp. 247, 250 (D. Maine. 1973) ("commercial fishermen and clam diggers have sufficiently alleged 'particular' damage to support their private actions"). |
| 21 | Maryland | *Ray v. Mayor and City Council of Baltimore*, 59 A.3d 545, 557 (Md. 2013) (applying § 821C principles to analyze whether plaintiffs can bring a public nuisance case); *Fort v. Groves*, 29 Md. 188, 193-94 (Md. 1868) ("A party suffering special damage [from a nuisance] may maintain an action at law against the wrong-doer . . . ."). | |

5

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 22 | Massachusetts | *Planned Parenthood League of Massachusetts, Inc. v. Bell*, 677 N.E.2d 204, 207-08 (Mass. 1997) ("Under the common law of the Commonwealth, a private plaintiff may maintain a public nuisance action if the public nuisance has caused the plaintiff some special injury of a direct and substantial character other than that borne by the general public."). | **Pecuniary Damage.** *Wesson v. Washburn Iron Co.*, 95 Mass. 98, 100 (Mass. 1866) (owner of dwelling house can bring nuisance action against iron factory where factory operations disturbed guests and caused financial harm: "when the alleged nuisance would constitute a private wrong by injuring property or health, or creating personal inconvenience and annoyance, for which an action might be maintained in favor of a person injured, it is none the less actionable because the wrong is committed in a manner and under circumstances which would render the guilty party liable to indictment for a common nuisance."). *See also*, *Stop & Shop Cos. v. Fisher*, 444 N.E.2d 368, 372 (Mass. 1983) ("Accordingly, we hold that an established business may state a claim in nuisance for severe economic harm resulting from loss of access to its premises by its customers."). <br><br>**Clean-up Costs.** *Malden v. Breslin*, 609 N.E.2d 498, 501 (Mass. App. Ct. 1993) (plaintiff entitled to fair and reasonable value of clean-up costs sustained as a result of public nuisance). |
| 23 | Michigan | *Adkins v. Thomas Solvent Co.*, 487 N.W.2d 715, 721 n.11 (Mich. 1992) ("plaintiffs must show harm of a kind different from that suffered by other members of the general public exercising the right common to the general public that was the subject of interference." (citing § 821C)). | **Pecuniary Injury.** *Akzo Coatings of Am., Inc. v. Am. Renovating*, 842 F. Supp. 267, 273 (E.D. Mich. 1993) (plaintiffs, who acquired contaminated land from the defendant, "suffered pecuniary damages not faced by the public generally in that they continue to pay DeSoto's alleged share of response costs to remediate the site."). <br><br>**Clean-up Costs.** *Akzo Coatings of America, Inc. v. American Renovating*, 842 F. Supp. 267, 273 (E.D. Mich. 1993) (defendant liable to plaintiff for plaintiff's costs to abate nuisance, including arranging for disposal or treatment of hazardous wastes). |
| 24 | Minnesota | *Painter v. Gunderson*, 143 N.W. 910, 911 (Minn. 1913) (no private suit for a public nuisance "unless the injury to the plaintiff is peculiar to him and not common to himself and the general public"). | **Pecuniary Injury.** *Viebahn v. Bd. of Crow Wing Cnty. Comm'rs*, 104 N.W. 1089, 1090 (Minn. 1905) ("A common nuisance in a public highway or navigable stream of water, which obstructs, interrupts, or prevents the continuance of a lawful business occupation existing and being conducted at the time of and before the creation of the nuisance, may be proceeded against by private action by the person who is thus interfered with in his vested rights." (syllabus)). |
| 25 | Mississippi | *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So.2d 857, 861 (Miss. 1988) ("To recover damages the plaintiff usually must have sustained harm different in kind, rather than in degree, than that suffered by the public at large." (citing, *inter alia*, § 821C.)). | |

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 26 | Missouri | *State ex rel. Dresser Industries, Inc., v. Ruddy*, 592 S.W.2d 789, 792 (Mo. 1980) ("A private individual thereby damaged, to seek damages or other relief, must evidence an injury which is special or distinctively different from that suffered by the general public."); *St. Louis v. Varahi, Inc.*, 39 S.W.3d 531, 536 (Mo. Ct. App. 2001) ("A public nuisance can also be a private tort when a person shows a particular damage of a kind not shared with the rest of the public."). | |
| 27 | Montana | *Town of Superior, Montana v. Asarco, Inc.*, 874 F. Supp.2d 937, 948-49 (D. Mont. 2004) (applying § 821C principles in regards to nuisance damages and Montana law); MONT. CODE. ANN. § 27-30-203. "When a private person may maintain action for public nuisance." – "A private person may maintain an action for a public nuisance if it is specially injurious to that person, but not otherwise." | **Pecuniary Injury.** *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 228 P.3d 1134, 1140-41 (Mont. 2010) (allegations that noise from operation of a shooting range interfered with plaintiff's business operations resulting in "potential pecuniary losses" constituted "unique and specific" injuries to specific plaintiffs, permitting them to maintain a civil nuisance claim). |
| 28 | Nebraska | *Hartford v. Womens Servs., P.C.*, 477 N.W.2d 161, 165 (Neb. 1991) ("In order for a private individual to maintain an action to enjoin a public nuisance, that individual must show that he suffers some peculiar or special injury not common to the general public."). | |
| 29 | Nevada | *Fogg v. Nevada C.O. Ry. Co.*, 23 P. 840 (Nev. 1890) ("[T]he controlling principle which gives the right of action to private individuals to abate a public nuisance is the invasion, impairment, or destruction of a common right which they possess, independent, separate, and distinct from the rights enjoyed by the general public. . . . [I]f the facts alleged and proven constitute an injury to the health, or is indecent or offensive to the senses or creates an obstruction to the right of enjoyment and use of the property of individuals which is common to them, then the nuisance becomes as to them a private nuisance, constituting a special and peculiar injury, distinct from that of the public, for which they can maintain an action, although such wrongs and injuries might also so far affect the public as to be actionable by information or by indictment."). | |
| 30 | New Hampshire | *Barton v. H.D. Riders Motorcycle Club, Inc.*, 550 A.2d 91, 92 (N.H. 1988) ("Generally, the private plaintiff must show that the public nuisance has caused or threatens to cause him damage of a different kind from the harm to the general public" (citing § 821C(1)) (J. Souter)). | |

| | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 31 | New Jersey | *In re Lead Paint Litigation*, 924 A.2d 484, 497 (N.J. 2007) (adopting § 821C principles). | |
| 32 | New Mexico | *New Mexico v. General Electric Co.*, 335 F. Supp.2d 1185, 1239-1241 (D.N.M. 2004) (applying § 821C under New Mexico law); *Rio Costilla Coop. Livestock Ass'n v. W.S. Ranch Co.*, 467 P.2d 19, 24 (N.M. 1970) (public nuisance action by individual requires "peculiar or special injury"). | |
| 33 | New York | *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 334 (1983) ("the harm suffered must be 'of a different kind from that suffered by other persons exercising the same public right' and that 'invasions of rights common to all of the public should be left to be remedied by action by public officials.'" (citing § 821C; Prosser, Private Action for Public Nuisance, 52 Va. L. Rev. 997, 1008 (1966))). | **Pecuniary Injury.** *Leo v. General Electric Co.*, 538 N.Y.S.2d 844, 846 (N.Y. App. Div. 1989) (commercial fishermen who suffered pecuniary injury could sue General Electric for common law nuisance for polluting the waters from which they derive their living: "Allegations of pecuniary injury may be sufficient to satisfy the peculiar injury test . . .so long as the injuries involved are not common to the entire community exercising the same public right" (citations omitted)); *Francis v. Schoellkopf*, 53 N.Y. 152, 154-55 (N.Y. App. 1873) (Defendant's operation of a business "tanning and boiling putrid animal matter in such a way as to create nuisance and offensive smells" injured neighbor, who, as a result, was obliged to rent it for less than she could have otherwise rented it but for the odors. Plaintiff sustained damage "peculiar to himself" entitling him to compensation.).<br><br>**Clean-up Costs.** *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 737 F. Supp. 1272, 1281-83 (W.D.N.Y. 1990) (plaintiff purchaser of contaminated property can sue defendant seller on public and private nuisance grounds; damages include statutorily required "response costs," *i.e.*, clean-up costs); *Chase Manhattan Bank, N.A. v. T & N PLC*, 905 F. Supp. 107, 126 (S.D.N.Y. 1995) (for purposes of standing to bring public nuisance suit, clean-up costs are "special damages different from the damages suffered by the general public." (citing *Westwood*)). |
| 34 | North Carolina | *McManus v. Southern Ry. Co.*, 64 S.E. 766, 768 (N.C. 1909) ("It is very generally held, uniformly so far as we have examined, both here and elsewhere, that in order for a private citizen to sustain an action, by reason of a public nuisance, he must establish some damage or injury special and peculiar to himself, and differing in kind and degree from that suffered in common with the general public." (citation omitted)). | **Pecuniary Injury.** *Hampton v. North Carolina Pulp Co.*, 27 S.E.2d 538, 545-46 (N.C. 1943) (harm to commercial fishing: "The personal right involved here is the security of an established business. The fact that plaintiff had such established antedating the nuisance, and that the injury had been done to this, takes him out of the rule and makes his damage special and peculiar."). |

|  | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
| 35 | North Dakota | *Hale v. Ward County*, 848 N.W.2d 245, 250 (N.D. 2014) (referring to comment (a) of § 821C as "well-settled law"), and at 252 ("We follow the well-established construction of language similar to [N.D. Cent. Code § 42–01–08] and construe the 'specially injurious' language of that statute to authorize a private person to maintain a public nuisance claim if the private person suffers harm of a kind different from that suffered by other members of the public and the injury was suffered while exercising a right common to the general public."). N. D. CENT. CODE § 42-01-08. Civil Action. "When maintainable by a private person." – "A private person may maintain an action for a public nuisance if it is specially injurious to that person or that person's property, but not otherwise." |  |
| 36 | Ohio | *Brown v. Scioto City. Bd of Comm'rs*, 622 N.E.2d 1153, 1160 (Ohio Ct. App. 1993) ("A public nuisance as such does not afford a basis for recovery of damages in tort unless there is particular harm to the plaintiff that is of a different kind than that suffered by the public in general." (citing § 821C)); *Miller v. W. Carrollton*, 632 N.E.2d 582, 586 (Ohio Ct. App. 1993) ("A plaintiff who exercises a public right extraordinarily more than the general public has a special reason for doing so and that reason invariably amounts to a different kind of interest in the public right, the injury of which satisfies the special injury rule."). | **Nuisance in marketing case**. In *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1142 (Ohio 2002) (public nuisance action can be maintained for injuries caused by a product "if the facts establish that the design, manufacturing, marketing, or sale of the product unreasonably interferes with a right common to the general public").<br><br>**Pecuniary Injury**. *Works v. Junction R.R.*, 30 F. Cas. 626, 628 (Ohio Cir. Ct. 1853) (trader, owner of tannery, saw mill, flour mill, and ware houses, would suffer special injury by construction of bridge which would impede his ability to transport goods by steamboat: "From the property owned by the complainant, from the different kinds of business in which he is engaged, it appears that any material obstruction to the commercial outlet from Fremont must injuriously affect his interests."). |
| 37 | Oklahoma | *Smicklas v. Zpitz*, 846 P.2d 362, 367 n.16 (Ok. 1992) ("The finding that a private party must show a specific injury in order to maintain an action for public nuisance conforms with our jurisprudence." (citing, *inter alia,* § 821C)). OKLA. STAT. tit 50, § 10. "Civil Action." – "A private person may maintain an action for a public nuisance if it is specially injurious to himself but not otherwise." | **Cleanup Costs.** *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 895-896 (10th Cir. 2000) (subsequent owner who had borne entire cost of environmental investigation and remediation at oil refinery proved it suffered "special injury" sufficient to maintain cause of action for public nuisance under Oklahoma nuisance law against contributors); *Tenneco Oil Co. v. Allen*, 515 P.2d 1391, 1397 (Okla. 1973) (nuisance damages include "clean up" costs); *Thompson v. Andover Oil Co.*, 691 P.2d 77, 83 (Okla. Civ. App. 1984) (nuisance damages to private plaintiff may include clean-up costs). |

| | State | Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C)) | Pecuniary Harm as "Special Injury" for Private Nuisance Suit |
|---|---|---|---|
| 38 | Oregon | *Smejkal v. Empire Lite-Rock, Inc.*, 547 P.2d 1363, 1365-1366 (Or. 1976) (citing § 821C); *Mark v. State Dept. of Fish and Wildlife*, 974 P.2d 716, 719 (Or. Ct. App. 1999) ("private action to enforce [the public right] requires proof that the plaintiff suffered an injury distinct from the injury that the public as a whole suffered"). | **Pecuniary Injury.** *Columbia River Fishermen's Protective Union v. St. Helens*, 87 P.2d 195, 197 (Or. 1939) ("plaintiffs [commercial fishermen] have a special interest differing widely from the interest of the public in fishing in the portions of the [Columbia and Williamette Rivers]" and can bring a nuisance suit against polluter).<br><br>**Clean-up costs**. *City of Portland v. Boeing Co.*, 179 F. Supp. 2d 1190, 1194-96 (D. Or. 2001) (municipality may recover response and remediation costs in public nuisance action involving groundwater contamination: "These costs are unique to Plaintiff as an owner of property in near proximity to Defendants' Facilities and are adequate to establish a special injury."). |
| 39 | Pennsylvania | *In re: One Meridian Plaza Fire Litigation*, 820 F. Supp. 1460, 1480-81 (E.D. Pa. 1993) (applying principles of § 821C under Pennsylvania law), *rev'd on other grounds*, 12 F.3d 1270 (3rd Cir 1993); *Umphed v. VP Auto Sales & Salvage*, No. 1372 MDA 2014, 2015 WL 6965725, at *10 (Pa. Super. Ct. June 24, 2015). | **Pecuniary Injury.** *In re: One Meridian Plaza Fire Litigation*, 820 F. Supp. 1460, 1480-81 (E.D. Pa. 1993) ("parties who may have suffered peculiar harm . . . were those businesses who can show with reasonable certainty that they lost profits due to the closure of the streets"), *rev'd on other grounds*, 12 F.3d 1270 (3rd Cir 1993); *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 723 (W.D. Pa. 1994) (diminished value of property: "Furthermore, the pecuniary loss to a plaintiff resulting from a public nuisance normally constitutes a different kind of harm from that suffered by the general public." (citing § 821C)); *Knowles v. Penn. R.R. Co.*, 34 A. 974, 975, 976 (Pa. 1896) (nuisance obstruction to plaintiff's hauling business constituted a "material loss" and "special injury" for which plaintiff was entitled to compensation). |
| 40 | Rhode Island | *Hydro-Manufacturing, Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 957-58 (R.I. 1994) ("Only private individuals who suffer special damage, distinct from that common to the public may maintain an action for a public nuisance. . . . To meet the 'special damage' requirement, the individual 'must have suffered harm of a kind different from that suffered by other members of the public exercising the right common to the general public that was the subject of interference.'" (citing § 821C) (citations, internal quotes, brackets and emphases omitted)). | |
| 41 | South Carolina | *Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n.*, 753 S.E.2d 846, 852 (S.C. 2014) ("[F]or a private party to bring a public nuisance cause of action, the private party must have suffered a particularized injury."); *Brown v. Hendricks*, 45 S.E.2d 603, 605 (S.C. 1947) ("The general rule is that a private individual who suffers no damage different from that sustained by the | |

|  | *State* | *Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))* | *Pecuniary Harm as "Special Injury" for Private Nuisance Suit* |
|---|---|---|---|
|  |  | public at large, has no standing in court for the abatement of a public nuisance; but if he sustains an individual or specific damage in addition to that suffered by the public, he may sue to have the same abated if the remedy at law is inadequate."). |  |
| 42 | South Dakota | S.D. CODIFIED LAWS § 21-10-9. "Persons entitled to maintain civil action against nuisance[.]" – "The remedy by civil action against public nuisance may be maintained by . . . any private person if it is specially injurious to himself." |  |
| 43 | Tennessee | *Maxwell v. Lax*, 292 S.W.2d 223, 226 (Tenn. Ct. App. 1954) ("'A public nuisance becomes also a private nuisance as to any person who is especially injured by it to any extent beyond the injury to the public.'" (quoting 39 Am. Jur., Nuisances Sec. 7)); *Hale v. Ostrow*, No. W2003-01256-COA-R3-CV, 2004 WL1563230, at *2 (Tenn. Ct. App. July 13, 2014) ("[I]t is fundamental that an individual cannot maintain an action based on public nuisance unless that individual has sustained some special injury as a result of the nuisance." (citations omitted)), *rev'd on other grounds*, 166 S.W.3d 713 (Tenn. 2005). |  |
| 44 | Texas | *Jamail v. Stonehedge Condominium Owners Ass'n.*, 970 S.W.2d 673, 676 (Tex. Ct. App. 1998) ("A private person . . . may not maintain an action based upon a public nuisance without showing a 'special injury' resulting from the nuisance. The showing of a special injury requires a consideration of several factors in cases like the present." (citing § 821C)). | **Pecuniary Injury.** *Fort Worth & Rio Grande Ry. Co. v. Hancock*, 286 S.W. 335 (Tex. Civ. App. 1926) (defendant liable for nuisance damages for polluting a river and causing pecuniary injury to plaintiff's for-profit swimming pool). |
| 45 | Utah | *Whaley v. Park City Mun. Corp.*, 190 P.3d 1, 6 (Utah Ct. App. 2008) (citing § 821C; to bring public nuisance claim, plaintiffs must establish they "suffered damages different from those of society at large"); *Lewis v. Pingree Nat. Bank*, 151 P. 558, 561 (Utah 1915) ("[W]here an individual suffers some injury or damage through a public nuisance, which is different from that suffered by the community at large, he ordinarily may invoke the aid of the courts of justice. . . . In order to permit an individual to resort to the courts, the extent of the injury or damage, ordinarily, is not material, so long as it is clearly shown that the plaintiff suffers some substantial injury or damage which is not suffered by the community at large."). |  |
| 46 | Vermont | *Roy v. Farr*, 258 A.2d 799, 803 (Vt. 1969) ("It is well settled that a person who suffers special damage from the erection and maintenance of a public |  |

| | State | Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C)) | Pecuniary Harm as "Special Injury" for Private Nuisance Suit |
|---|---|---|---|
| | | nuisance is entitled to relief in his own right; but, it must appear that the injury is distinct from that suffered by the general public. . . . It must be an injury special and peculiar to the petitioner." (citations omitted)). | |
| 47 | Virginia | *American Oil Co. v. Leaman*, 101 S.E.2d 540, 551 (Va. 1958) (quoting *Bowe v. Scott*, 75 S.E. 123 (Va. 1912) ("[T]he trend of authority is that an individual cannot maintain a bill to enjoin such nuisance, unless he can show that he has suffered or will suffer therefrom special and peculiar injury or damage to himself, as distinguished from injury or damage to the general public. Moreover, such special and peculiar injury or damage must be direct, and not purely consequential, and must be different in *kind*, and not merely in *degree*, from that sustained by the community at large." (emphasis in *Bowe*)). | |
| 48 | Washington | WASH. REV. CODE § 7.48.210. "Civil action[.]"– "A private person may maintain a civil action for a public nuisance, if it is specially injurious to himself or herself but not otherwise." *See also Hostetler v. Ward*, 704 P.2d 343, 356-57 (Wash. Ct. App. 1985) (citing § 821C in addition to statute); *State ex rel. Vandervort v. Grant*, 286 P. 63, 65 (Wash. 1930) ("The right of a private person to maintain a civil action for a public nuisance is definitely and clearly limited, by [statute], to individuals who have suffered special damage distinct from that done to the whole community."). | |
| 49 | West Virginia | *International Shoe Co. v. Heatwole*, 30 S.E.2d 537, 540 (W.Va. 1944) ("A private individual can maintain an action for relief against a public nuisance only when he has suffered therefrom an injury different from that inflicted upon the public in general, not only in degree, but in character." (citations omitted)). | **Pecuniary Injury**. *Keystone Bridge Co. v. Summers*, 13 W.Va. 476, 485 (W.Va. 1878) (plaintiff, who owned a toll bridge, could bring a nuisance claim against defendant, who obstructed traffic leading to the bridge, thus causing pecuniary injury: "In this case the public highway is the approach to the plaintiff's toll bridge from the eastern side; and its obstruction must necessarily injure most seriously the value of this bridge as a toll bridge. The plaintiff by this public nuisance sustains a peculiar injury, which cannot be compensated adequately by a common law suit. The obstruction, which he seeks to enjoin, is a perpetual closing of this highway; which must operate a permanent injury to the plaintiff's toll bridge, rendering it comparatively valueless."). |
| 50 | Wisconsin | *Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 835 N.W.2d 160, 171 (Wis. 2013) ("In order to recover for a public nuisance, an individual must have suffered harm of a kind different from other members of the public who exercised that common | |

|  | **State** | **Right of Private Plaintiff to Bring Damages Claim for "Special Injury" of "Different in Kind" Injury (Noting Adoption/Favorable Treatment of Restatement (Second) Torts § 821C))** | **Pecuniary Harm as "Special Injury" for Private Nuisance Suit** |
|---|---|---|---|
|  |  | right." (citing Restatement (Second) of Torts, § 821C)). |  |
| 51 | Wyoming | *Knight v. City of Riverton*, 259 P.2d 748, 749 (Wy. 1953) ("[A]n individual may bring an action on account of a public nuisance when and only when he can show that he has sustained therefrom damage of a special character, distinct and different from the injury suffered by the public generally."). |  |