# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| **THIS DOCUMENT RELATES TO:** | ) ) Judge Dan Aaron Polster |
| *All Cases* | ) ) **ORDER** |

Before the Court are three motions filed simultaneously on March 29, 2019, by Endo: Motion for Reconsideration or, in the Alternative, to Certify the Disqualification Order for Interlocutory Appeal under 28 U.S.C. 1292(b), **Doc. #: 1495**; Motion for Leave to Exceed Page Limitations for the Motion for Reconsideration, **Doc. #: 1496**; and Motion for Expedited Briefing Schedule and Consideration for the Motion for Reconsideration, **Doc. #: 1497**. Plaintiffs filed a Memorandum in Opposition to Endo's Motion. Doc. #: 1511. The Disqualification Order referred to by Endo is the Court's March 19, 2019 Opinion and Order Granting-in-Part City of Cleveland's Motion to Disqualify. Doc. #: 1458. For the following reasons: Endo's Motion for Reconsideration is **GRANTED**, and upon reconsideration, the Court **AFFIRMS** its Disqualification Order. Endo's Request, in the Alternative, to Certify the Disqualification Order for Interlocutory Appeal is **DENIED**. Endo's Motion for Leave to Exceed Page Limitations is **GRANTED**. Endo's Motion for Expedited Briefing Schedule and Consideration is **DENIED AS MOOT**.

Regarding Endo's Motion for Leave to Exceed Page Limitations: Typically, a party requesting leave of the Court to file a motion that does not conform to the local rules or orders of the Court will wait to receive the requested leave, and then file its motion. Endo filed its Motion

for Leave to Exceed Page Limitations simultaneously with its motion that exceeded those page limitations. Despite this procedural irregularity, Endo's request to exceed the page limits is, as Endo asserts, reasonable under the circumstances, and the Court sees no reason to deny its request or make Endo refile its motion. Therefore, Endo's Motion for Leave to Exceed Page Limitations, Doc. #: 1496, is **GRANTED**.

Regarding Endo's Motion for Expedited Briefing Schedule and Consideration: The Court finds that between the parties' previous briefs, Doc. ##: 1246, 1299, 1320, 1329, 1332, 1336, and 1342; the hearing conducted by the Court on February 6, 2019, Doc. #: 1354 (Hrg. Tr.); Endo's newly filed Brief in Support of its Motion for Reconsideration; and Plaintiffs' Memorandum in Opposition to Endo's Motion, Doc. #: 1511; the Court has received sufficient briefing on the issues to carefully reconsider its prior ruling and make a determination without any additional briefing. Therefore, Endo's Motion for Expedited Briefing Schedule and Consideration, Doc. #: 1497, is **DENIED AS MOOT**.

Regarding Endo's Motion for Reconsideration. Endo now moves the Court to reconsider its March 19, 2019 Opinion and Order disqualifying Ms. Rendon from further participation in *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio). As a general matter, "motions for reconsideration are 'extraordinary in nature and, because they run contrary to finality and repose, should be discouraged.' It is not the function of a motion for reconsideration 'either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *Younglove Const., LLC v. PSD Dev., LLC*, 767 F. Supp. 2d 820, 824 (N.D. Ohio 2011) (quoting *Braithwaite v. Dep't of Homeland Sec.*, 2010 WL 1392605, *1 (N.D. Ohio April 1, 2010)). "Three

situations justify a district court reconsidering one of its orders: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice.' *Bridgestone Americas Tire Operations, LLC v. Pac. Employers Ins. Co.*, No. 5:11CV350, 2013 WL 774565, at *2 (N.D. Ohio Feb. 27, 2013) (quoting *Sherwood v. Royal Ins. Co. of Am.*, 290 F.Supp.2d 856, 858 (N.D. Ohio 2003)).

Regarding Ms. Rendon's disqualification, Endo offers no new evidence and makes no new arguments. Endo asserts that the Court should "reconsider its decision to disqualify Ms. Rendon [because it was] legally erroneous and manifestly unjust." Doc. #: 1495 at 2. Endo's primary argument is that the Court should not have asked DOJ for their opinion nor should the Court have relied on DOJ's opinion after receiving it. Endo also asserts that to the extent the Court intended to rely on DOJ's opinion, Endo should have been given the opportunity to cross-examine Ms. Olson, the writer of DOJ's letter.

Canon 3 of the Code of Conduct for United States Judges expressly permits a judge to "obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received." Code of Jud. Cond. Canon 3(A)(4)(c). The Court had reason to seek the advice of a disinterested expert. Motions for disqualification can be used for disfavored tactical reasons. *See O'Brien v. Brunner*, No. 2:15-CV-2803, 2016 WL 1059683, at *2 (S.D. Ohio Mar. 17, 2016) ("'The ability to deny one's opponent the services of his chosen counsel is a potent weapon.' Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment." (internal citations omitted)). The Court also had reason to prevent disclosure of the

information shared between Ms. Rendon and the City of Cleveland and Cuyahoga County in the event any of it turned out to be confidential. Law enforcement information is often excepted from public disclosure. *See* 5 U.S.C. § 552(b)(7) (public disclosure law "does not apply to matters that are . . . records or information compiled for law enforcement purposes [(subject to certain enumerated exceptions)]"). It is for both of these reasons that the Court denied Plaintiffs' request to depose Ms. Rendon.

The Court expressly made the parties aware during the February 6, 2019 hearing that 1) it had reached out to the Department of Justice, as friend of the Court, to investigate whether Ms. Rendon had received any confidential information from Cleveland or Cuyahoga County officials, and 2) that the Court would rely on that information to make its decision:

> What I have done and I have this week asked the Department of Justice to look into that question. The Department of Justice had offered sometime in 2018 to participate as a friend of the Court. The Court needs a friend.
>
> The Department of Justice has no position one way or another as to who represents Endo, whether it is Ms. Rendon in Baker or anyone else, and I have asked them, they are in a position to determine whether or not there was any confidential information shared by the city of Cleveland and/or County officials to Ms. Rendon during the Task Force meetings, and they are going to report that to me, and I will use that as a basis to make my decision. I think that's the best way to do it.

Doc. #: 1354, Hrg. Tr., at 129:12-25. At no point during the hearing, or at any time in the intervening 41 days between the Hearing and the Court issuing its Order did Endo or Plaintiffs object in any way or express any concern about the Court asking DOJ to conduct an investigation or relying on the results of that investigation. Nor did Endo or Plaintiffs assert that the Court needed to give the parties an opportunity to respond to whatever was reported to the Court, or to conduct discovery of that response. Endo has therefore waived any objection it might have had. Had DOJ's conclusion been different, and had Plaintiffs filed objections to the Disqualification Order similar to those requested by Endo, the Court would have, likewise, deemed such objections waived.

Endo also objects (after the fact) to the Court drawing on and referring to its own past experiences in the Disqualification Order. Endo concedes in its motion brief that, during the hearing, the Court made it clear that it was relying on its own past experiences. *See* Doc. #: 1495-1 at 11 ("And when I began as a federal prosecutor in 1976, there was active competition, mistrust, distrust between local and state law enforcement officials and prosecutors, and I know that for a fact because I saw it, and I saw the impact, the adverse impact it had on law enforcement in this region and how it impacted our citizens.") (quoting Doc. #: 1354, Hrg. Tr., at 129:12-25). If Endo had any problem with the Court drawing on its own experience, the time to object was at the Hearing or, at the latest, immediately thereafter. The Court very carefully considered the written submissions by the parties, the testimony and arguments of counsel at the Hearing, and the March 15, 2019 Letter from DOJ before issuing the March 19, 2019 Opinion and Order, and the Court declines to change it.

Finally, regarding Endo's Request, in the Alternative, to Certify the Disqualification Order for Interlocutory Appeal under 28 U.S.C. 1292(b), the Court denies that request. The Sixth Circuit

> in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Review under § 1292(b) is granted sparingly and only in exceptional cases.

*In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (internal case citations omitted). Endo asserts that the question whether the Court applied the correct legal standard is a controlling question of law because it will determine Endo's right to the counsel of its choice. *See* Doc. #: 1495-1 at 21 (quoting Atmosphere Hospitality Mgmt. Servs., LLC v. Royal Realities, LLC, 28 F. Supp. 3d 692, 700 (E.D. Mich. 2014)). This argument's weight is offset by the narrowness of the Court's Order. Ms. Rendon and BakerHostetler are only precluded from

participating in the cases brought by the City of Cleveland and Cuyahoga County. *See* Doc. #: 1459 at 11, n.9. Ms. Rendon and BakerHostetler can still participate in any or all of the other cases in this MDL, including the Summit County case, and Ms. Rendon can still act as Defendants' Liaison Counsel.

Endo also argues that an immediate appeal may materially advance the ultimate termination of the litigation. Endo asserts, "the Order will necessitate severing Cuyahoga County's and Summit County's claims from the trial scheduled for October 21, 2019," and that such severance "could easily extend the termination of the remaining two Track One cases." Doc. #: 1495-1 at 24. Despite Endo's assertion that "it may no longer be feasible to try these cases together," *id.*, Endo offers no support for this assertion, and the Court is not aware of any reason to sever the Cuyahoga County and Summit County cases. Ms. Rendon and other attorneys for BakerHostetler may participate in the trial as one of the attorneys for Endo, defending the claims made by Summit County. Other counsel will need to defend the claims brought by Cuyahoga County, and cross-examine Cuyahoga County witnesses. Accordingly, Endo's Request, in the Alternative, to Certify the Disqualification Order for Interlocutory Appeal is **DENIED**.

      **IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster** *April 8, 2019*
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**