**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804**<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**This document relates to:**
*"Track One Cases"*

---

**MANUFACTURER DEFENDANTS' OBJECTION TO DISCOVERY RULING NUMBER 18 REGARDING PRESCRIPTIONS AND DISPENSING DATA**

---

Manufacturer Defendants[1] respectfully submit this objection to Discovery Ruling 18 Regarding Prescriptions and Dispensing Data.  [Dkt No. 1476.]  Specifically, Manufacturer Defendants object to the ruling that Plaintiffs sufficiently answered Manufacturer Interrogatory No. 6.  Plaintiffs failed to do so because they neither identified "***the specific misrepresentation, omission, or wrongdoing*** that allegedly caused [each allegedly medically unnecessary] prescription [Plaintiffs identified] to be written" nor stated in a verified written response that they are unable to do so.

Manufacturer Interrogatory No. 6 (as amended by Discovery Ruling 5) requires Plaintiffs to:

> Identify and describe 500 prescriptions of opioids that were written in [Plaintiff's jurisdiction] in reliance on any alleged misrepresentations, omissions, or other alleged wrongdoing by any Defendant. Include in the response the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; ***the specific misrepresentation, omission, or wrongdoing*** that allegedly caused the prescription to be written; ***the Defendant and the specific sales representative(s), employee(s), or agent(s)*** of the Defendant that made or committed the alleged misrepresentation, omission, or wrongdoing; ***the person or persons to whom the alleged misrepresentation or omission was made*** or to whom the alleged wrongdoing was directed; and ***whether, by whom, and for how much***

---

[1]  The Manufacturer Defendants are identified in the signature blocks.

> *the prescription was approved for reimbursement*. …Plaintiffs' responses must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

(Ex. 1 (emphasis added)).

After months of delay and motion practice, Plaintiffs finally responded to Interrogatory No. 6 on December 31, 2018. When Plaintiffs finally responded, they failed to provide the discrete and critical information requested in Interrogatory No. 6 that the Special Master and the Court had ordered them to identify. Instead, Plaintiffs simply referred to the same list of prescriptions, doctors, and individuals they provided in response to Interrogatory Nos. 7 (individuals harmed by opioid prescriptions) and 10 ("medically unnecessary" opioid prescriptions). (Ex. 2). Plaintiffs did not identify when, or even if, *any* of the prescribers they named heard any of the alleged misrepresentations in this case. Likewise, Plaintiffs did not identify which alleged misrepresentation(s) each prescriber relied on in writing each of the listed prescriptions. In other words, even after the Special Master ordered Plaintiffs to link a limited number (500) of hand-selected prescriptions (as opposed to every prescription for which they seek to recover) to the alleged misrepresentations, Plaintiffs still refused. Whether unable or unwilling to tether specific alleged misstatements by specific manufacturer defendants on specific dates to specific prescriptions, Plaintiffs left the critical part of Interrogatory No. 6 unanswered.

Less than a week after Plaintiffs' deficient response, Manufacturer Defendants moved to compel complete answers to Interrogatory No. 6. (Ex. 3). Special Master Cohen denied the motion on March 26, 2019, excusing Plaintiffs from answering the Interrogatory in full because Plaintiffs have said they are relying on an aggregate proof theory of reliance and causation:

> Ultimately, plaintiffs simply do not claim that a specific misrepresentation made by a specific defendant representative led to the writing of a specific prescription. Therefore, it is not reasonable to require plaintiffs to provide this information in response to Interrogatory no. 6. Whether the evidence that *is* adduced can support

plaintiffs' claims and legal theories remains an open question[2]; but whether plaintiffs' responses provide defendants with sufficient information relevant to the claims and defenses actually at issue in the Track One cases is not.

[Dkt No. 1476 at 4 (emphasis in original)].

Respectfully, this Ruling impermissibly confines the scope of relevant discovery. Under Rule 26, discovery of facts relevant to Defendants' defenses must be permitted regardless of how Plaintiffs choose to try their case. FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Indeed, it is well settled that Plaintiffs cannot unilaterally limit the scope of discovery based on their theories alone. *See*, *e.g.*, *United States v. Bd. of Trade of City of Chi., Inc.*, 1973 WL 891, at *1-2 (N.D. Ill. Oct. 30, 1973) ("The proposition that an adverse litigant may not unilaterally determine the scope of discovery needs no citation."); *United States v. Article of Drug Consisting of 30 Individually Cartoned Jars*, 43 F.R.D. 181, 189 (D. Del. 1967) ("It is beyond doubt that the scope of the [plaintiff's] interrogatories is not limited to claimaint's theory of the case . . . [T]he law is well settled that a party may [conduct discovery] on its theory of the facts and law as well as that of its opponent."); *Crosby v. City of Gastonia*, 2009 WL 753751 at *2 (W.D.N.C. March 18, 2009) ("Plaintiffs' theory of the case does not preclude the Defendant from having a different theory or defense, especially where, as here, the information is plainly 'relevant to the subject matter involved in the action'") (quoting Fed. R. Civ. P. 26(b)(1)); *Remsberg v. Docupak*, 2012 WL 13028302, at *2 (N.D. W.Va. Sept. 25, 2012) ("The Defendant is not limited in its discovery to only the Plaintiff's theories of the case; thus, it is entitled to discover any evidence which might have a relevant bearing to its defense.").

---

[2] Whether plaintiffs' aggregate proof theory is legally sufficient to prove their claims is not relevant to the question of discovery for the reasons discussed in this Objection. However, to the extent the Court intends to address that issue in ruling on this Objection, Manufacturer Defendants request the opportunity to submit additional briefing.

Here, whether any specific doctor relied on a particular alleged misstatement by any Manufacturer Defendant is fundamental to the Manufacturer Defendants' defenses to Plaintiffs' marketing-based claims. Plaintiffs premise their claims on doctors writing medically unnecessary prescriptions because of purported misrepresentations by the Manufacturer Defendants. Thus, even if "Plaintiffs do not intend . . . to demonstrate specific reliance by these medical professionals on a prescription-by prescription basis," (Ex. 4, 1/8 L. Singer Letter), evidence that specific doctors were ***not*** misled by specific defendants and did ***not*** rely on a particular defendant's marketing statements in writing specific opioid prescriptions is critical to disproving Plaintiffs' sweeping theory that all opioid prescriptions in the Track 1 jurisdictions were medically unnecessary and all doctors who wrote those prescriptions did so because they were misled. Special Master Cohen recognized this when he revised Interrogatory No. 6 to require Plaintiffs to identify "the specific misrepresentation, omission, or wrongdoing that allegedly caused the prescription to be written." [Dkt No. 1027]. And although that requirement is crystal clear, Plaintiffs have ignored it by pointing to prescriptions written for Track 1 residents that purportedly led to opioid use disorder, without even attempting to provide information that would link any alleged misstatements to those prescriptions (*e.g.*, when or even if the doctor heard any alleged misrepresentation by the company who sold the medicine he/she prescribed).

Nothing has changed since the Special Master's order requiring Plaintiffs to answer the re-written Interrogatory No. 6 that now justifies letting Plaintiffs off the hook. Discovery Ruling 18 is inconsistent with the mandates of Rule 26 because it allows Plaintiffs' theories to unilaterally dictate the scope of discovery. Equally significant, Discovery Ruling 18 also restricts relevant follow-up discovery. Defendants are hamstrung without knowledge of what specific alleged misrepresentations Plaintiffs contend were made to whom and when. Without this information,

4

the Defendants' ability to seek information from doctors to determine if the doctor ever heard an alleged misrepresentation, let alone relied on it, has been and will be limited. Plaintiffs now claim that it would be of no moment even if the Manufacturer Defendants could talk to doctors about alleged misstatements by specific defendants because the doctors would not remember or know what they relied on. (Ex. 4, 1/8/19 Singer letter). This position may be convenient for Plaintiffs, but it is legally untenable and undermines Defendants' fundamental due process rights to develop the facts needed to defend themselves. *See*, *e.g.*, *Gueye v. Univ. of Cincinnati*, 2006 WL 3350717, at *1 (S.D. Ohio Nov. 17, 2006) ("Plaintiff argues that he answered to the best of his ability and that counsel cannot 'dictate to Plaintiff how to answer their frivolous questions.' While Defendant's counsel cannot dictate such to Plaintiff, the Court is well within its authority to do so, especially when it appears that Plaintiff's responses are entirely non-responsive.").

Even assuming mere reference to collective reliance was sufficient to answer this Interrogatory (it is not), Plaintiffs fail to tie the alleged collective misstatements to a collective set of prescriptions. Of course, not *all* doctors saw *all* of the allegedly improper marketing materials. Some doctors likely saw only a subset of the general materials identified by Plaintiffs. Others may not have received marketing materials from a particular Defendant but still prescribed that Defendant's product to certain patients. And still others may not have received any marketing materials from any Defendant at all. So even if Plaintiffs are permitted to point to alleged reliance on collective marketing, they should be required to tie a specific set of collective marketing statements to specific doctors and a specific set of collective prescriptions. This would allow Defendants to, at a minimum, review their files to determine if a prescriber ever heard those misrepresentations. Indeed, consistent with the Court's ruling on Defendants' motion to dismiss, Defendants must be allowed to defend this case by showing that the alleged misrepresentations

5

did not actually influence providers to write the prescriptions Plaintiffs contend are at issue. [Dkt No. 1025 at 25 n. 20 ("To the extent Defendants maintain that Plaintiffs were required to name specific prescribers, this court disagrees. . . . Defendants will certainly have the opportunity to request the identity of these doctors during discovery, and Plaintiffs will need to support their theories with evidence to withstand a motion for summary judgment or persuade the trier of fact.").

Earlier this year, a court in Connecticut analyzed the problems associated with municipalities proceeding on a speculative theory of reliance and causation in these opioid matters, recognizing that such a theory involves "determining causation by conjecture" and is "junk justice." *City of New Haven v. Purdue*, Dkt No. XO7 HHD CV 17 6086134 S (Jan. 8, 2019) (attached as Exhibit 5). Of course, Plaintiffs may choose the evidence they present in support of their claims. However, this Court should not allow Plaintiffs to avoid responding to Interrogatory No. 6 with individualized facts relevant to Defendants' defenses simply because Plaintiffs intend to rely on speculative aggregate proof theories to attempt to meet their burden of proving reliance and causation.

Finally, Manufacturers acknowledge that Plaintiffs cannot be compelled to respond to this Interrogatory with facts they do not have or individualized reliance they cannot prove. But Plaintiffs should not be allowed to avoid their discovery obligations by stating that all prescriptions were caused by some undefined collective set of marketing. If Plaintiffs cannot identify any specific statement by any specific defendant that any specific doctor relied on in writing an opioid prescription, as the Interrogatory asks, they should be required to state that in a verified response. Because party fact discovery has long closed, Manufacturer Defendants submit that this is the only appropriate relief at this time.

6

| | |
|---|---|
| Dated: April 8, 2019 | Respectfully submitted, |

By: */s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

By: */s/ Steven A. Reed*
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

By: */s/* Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

By: /s/ *Mark S. Cheffo*
Mark S. Cheffo
Sheila L. Birnbaum
Hayden A. Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500

Mark.Cheffo@dechert.com
Sheila.Birnbaum@dechert.com
Hayden.Coleman@dechert.com

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

By: /s/ *Charles C. Lifland*

Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com
sstrong@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

By: */s/ Jonathan L. Stern*

Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. Attorneys for Defendants Par Pharmaceutical, Inc. and Par Pharmaceuticals Companies, Inc.*

By: */s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGX LLC*

By: */s/ J. Matthew Donohue*
J. Matthew Donohue
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com

*Attorney for Defendant INSYS THERAPEUTICS, INC.*

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this Memorandum adheres to the page limitations set forth in L.R. 7.1(f).

Dated: April 8, 2019

By: */s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendant Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019 a copy of the foregoing **Manufacturer Defendants' Objections to Discovery Ruling Number 18 Regarding Prescriptions and Dispensing Data** and accompanying exhibits were filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: */s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com