UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| This document applies to All Cases. | ) ) ) | Case No. 17-md-2804 Judge Dan Aaron Polster |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY
PROTECTIVE ORDER RE: DEA'S ARCOS/DADS DATABASE**

COME NOW, the Plaintiffs, by and through Co-Leads and the Plaintiffs' Executive Committee, and submit this Reply in Support of Plaintiffs' Motion to Modify Protective Order re DEA's ARCOS/DADS Database (Doc. # 1447). Plaintiffs also address certain points raised in the response brief submitted by the U.S. Department of Justice ("DOJ") and the U.S. Drug Enforcement Administration ("DEA") (Doc. # 1522).

Defendants' wholesale objections to modification of the initial Protective Order Re: DEA's ARCOS/DADS Database (Doc. #167) and Amendment to Protective Order, (Doc. #400) (together, the "ARCOS Protective Order") are ill founded and not well taken. This Court has already determined that the ARCOS data is relevant and necessary for parties seeking to prosecute cases against the manufacturers, marketers, distributors, and dispensers of prescription opioids. *See ARCOS Data Order* at 15 n.8. This Court has, further, already put in place procedures to appropriately protect the ARCOS data from any improper dissemination by those who receive the data from Plaintiffs, mooting the concerns expressed by Defendants in their Opposition (Doc. # 1488). The expansion of the data and pool of data recipients requested by Plaintiffs here are proportional to the relevant needs and burdens and do not create a significantly greater risk of improper dissemination. The DEA, to whom the ARCOS database belongs, has

already approved and joined in Plaintiffs' request for modification, except regarding providing data to hospitals.[1] Should the Court agree provision of the data to hospitals is appropriate, the Court may simply grant Plaintiffs' request for modification.[2]

However, should the Court deem some additional "protections" appropriate, some of Defendants' requests for additional protections are not objectionable. Some, however, are improper and should not be imposed. Defendants' requests for additional protections are set out in their Opposition (Doc. # 1488) at pages 4-5 and are addressed in turn below.

(1) <u>Notification to Defendants and Opportunity to Object</u> – As noted in Plaintiffs' Motion, prior to filing, Plaintiffs met and conferred with DOJ/DEA and were advised that DOJ/DEA consented to all aspects of the filing except insofar as the motion would permit sharing of ARCOS information with hospitals. The procedures requested by Defendants are not necessary for protection of the ARCOS data. Further, the Defendants have no grounds for objecting to this disclosure, as the ARCOS data will be subject to this Court's Protective Order. To insert the additional step of advance notification to each Defendant of any requested disclosure and to allow each Defendant the opportunity to object to each disclose will only create unnecessary delay and complication.

(2) <u>Scope of Data and Nature of Requesting Entity</u>

*Scope of Data* - Defendants propose to narrowly limit the scope of the data provided by Plaintiffs to Non-MDL Requesting Counsel. As this Court has previously recognized, the detailed transactional ARCOS data provides invaluable, highly-specific information regarding

---

[1] The DEA has now clarified its position regarding hospitals to state that it does not object to data being provided to hospitals which are parties in the MDL. [Doc. # 1522].

[2] The DEA has stated that it "does not object" to the additional "protections" requested by the Defendants, but it has not endorsed them either. [Doc. # 1522, at p.3]. Notably, the DEA did not deem any of these additional "protections" necessary when the DEA joined in Plaintiffs' Motion for Modification.

historic patterns of opioid sales and is essential to allow this MDL to proceed based on meaningful, objective data, not conjecture or speculation. *See Second Order Regarding ARCOS Data* (Doc. # 397). Entry of the Proposed Second Order, as outlined in Plaintiffs' Motion, grants litigants in all jurisdictions access to this valuable information and alleviates the burden of the DOJ from responding to numerous *Touhy* requests across multiple jurisdictions.

*Hospital Plaintiffs* – With regard to provision of ARCOS data to hospitals, Plaintiffs defer to the positions and arguments stated by the Hospital Plaintiffs in their separate submission on this matter (*see* Doc. # 1455).

(3) <u>Transfer of Retention of Data on Secure Websites</u> - The website Plaintiffs proposed for use in transferring the ARCOS data is secure. The DEA has approved this website and process by which the data will be provided and believes it to be appropriately secure.

Defendants have, however, further requested that the data, once transferred, "only" be maintained on a "secure website." This request does not fully make sense and is potentially unduly burdensome in that it could prevent a recipient from being able to appropriately access and utilize the data. Further, all recipients of the ARCOS data will have executed the Acknowledgement of the Protective Order and Agreement to be Bound, which requires counsel to take appropriate measures to prevent unauthorized disclosure of the ARCOS data. The additional measures requested by Defendants are unnecessary and should not be imposed.

(4) <u>Execution of Acknowledgement of the Protective Order and Agreement to be Bound</u> – Plaintiffs do not object to Defendants' request that both Non-MDL Requesting Counsel and a representative of the Non-MDL Requesting Entity execute the acknowledgement and agreement to be bound.

(5) <u>$100,000 Strict Liability Sanctions</u> – Plaintiffs object to Defendants' inappropriate request for strict liability sanctions of $100,000 per violation. Imposition of sanctions for violation of a Court Order, and the extent of those sanctions, should remain within the discretion of the Court and be addressed on a case-by-case basis.

(6) (a) <u>Limited Submission to Jurisdiction of this Court</u> – Plaintiffs do not object to this requirement. Indeed, the Acknowledgement of the Protective Order and Agreement to be Bound previously approved by this Court, and already in use by all ARCOS data requestors, already contains an agreement "to submit[] to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order."

(b) <u>Public Records Requests</u> – Plaintiffs do not object to Defendants' request that ARCOS data shall not be disclosed to third parties in response to public records requests outside of the procedures provided within the Protective Order.

Additionally, Plaintiffs generally object to Defendants' "consolidated" Protective Order, which is unnecessary and removes key language from both the existing and proposed Protective Orders and amendments thereto.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to Modify Protective Order.

Dated April 9, 2019.                  Respectfully submitted,

                                            MDL No. 2804 Lead Co-Counsel:

                                            */s/ Joseph F. Rice*
                                            Joseph F. Rice
                                            MOTLEY RICE LLC
                                            28 Bridgeside Boulevard
                                            Mount Pleasant, South Carolina 29464

Telephone: (843) 216-9000
Facsimile: (843) 216-9290
jrice@motleyrice.com

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
Simmons Hanly Conroy
112 Madison Avenue, 7th Floor
New York, New York  10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
phanly@simmonsfirm.com

*/s/ Paul T. Farrell, Jr.*
Paul T. Farrell, Jr.
Greene Ketchum
419 Eleventh Street
Huntington, West Virginia  25701
Telephone: (304) 525-9115
Facsimile: (304) 529-3284
paul@greeneketchum.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day April of 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*/s/ Peter J. Mougey*
Peter J. Mougey
pmougey@levinlaw.com