# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## TEVA PHARMACEUTICAL INDUSTRIES, LTD.'S OBJECTIONS TO DISCOVERY RULING REGARDING PERSONAL JURISDICTION DISCOVERY

Pursuant to Federal Rule of Civil Procedure 53(f), Defendant Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") objects to Special Master Cohen's Discovery Ruling, ECF No. 1512 (the "Ruling").

## INTRODUCTION

In the Ruling, Special Master Cohen found that Plaintiffs had made a *prima facie* showing of personal jurisdiction over Teva Ltd. that would allow Plaintiffs to conduct personal jurisdiction discovery of Teva Ltd. Special Master Cohen also ordered a Rule 30(b)(6) deposition of Teva Ltd. on issues related to jurisdictional discovery to take place in the United States, even though Teva Ltd. is an Israeli corporation with its principal place of business in Israel. By this Ruling, Special Master Cohen ignored numerous federal cases holding that Teva Ltd. is not subject to personal jurisdiction in the United States—including a recent decision involving similar claims concerning opioid products—in lieu of a single, contrary decision from the Ohio Court of Common Pleas that provided no analysis or reasoning. Special Master Cohen also erred in ordering that the Rule 30(b)(6) deposition of Teva Ltd. occur in the United States, because the general rule is that Rule 30(b)(6) depositions should take place where the corporation has its principal place of business, and there are no special circumstances warranting deviation from that rule here.

## BACKGROUND

As set forth in Teva Ltd.'s Motion to Dismiss the Second Amended Compliant for Lack of Personal Jurisdiction and the accompanying declaration submitted by Hillel West, Teva Ltd. is an Israeli company that has no office, property, employees, or registered agent in the United States and does not transact business in United States.  *See* ECF No. 1264.  Despite filing this case more than two years ago and being aware that the issue of jurisdictional discovery was ripe when the Court issued Case Management Order One on April 11, 2018 (ECF No. 232), Plaintiffs waited until after the close of fact discovery and the eve of Plaintiffs' deadline to respond to Teva Ltd.'s Motion to Dismiss to request jurisdictional discovery of Teva Ltd.

Following Plaintiffs' request, on February 15, 2019, the Court directed Special Master Cohen to rule on "whether and to what extent" Plaintiffs may conduct personal jurisdictional discovery of Teva Ltd. and other foreign defendants.  ECF No. 1372 at 1.  Initially, Special Master Cohen directed the parties to negotiate the scope and timing of the personal jurisdiction discovery, in the event that he ruled that such discovery was warranted.  As part of this process, the parties submitted extensive letter briefing to Special Master Cohen.  Special Master Cohen then ruled on April 3, 2019:

> Plaintiffs rely again upon *Dewine* to argue that jurisdictional discovery with respect to Teva is also appropriate, as the *Dewine* court found that Teva is subject to jurisdiction in Ohio.  *Dewine*, 2018 WL 4080052 at *7-8.  Plaintiffs also note that Teva's 2016 Social Impact Report shows that Teva had 10,855 employees in the U.S. and Canada.  In addition, Plaintiffs allege that documentary evidence shows Teva launched generic drugs in the U.S. as recently as last month, despite Teva's assertion that it does not transact business in the U.S.
>
> Again, this initial evidence shows Plaintiffs' claims against [Teva] are not clearly frivolous.  Accordingly, the Special Master concludes Plaintiffs should be allowed to pursue jurisdictional discovery from Teva.

*See* ECF No. 1512.  In a footnote, Special Master Cohen noted that the generic drugs that Teva Ltd. launched in the United States "were not opioids."  *See id.*  Special Master Cohen also ordered a Rule 30(b)(6) deposition of Teva Ltd., to take place in the United States.

In the Ruling, Special Master Cohen noted that "[a]ny party choosing to object to any aspect of this Ruling must do so on or before 12:00 p.m. on April 10, 2019."  *Id.*

## LEGAL STANDARD

The Special Master's conclusions of law and factual findings are reviewed *de novo*, and procedural matters for abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(3)-(5); ECF No. 69 at 4-5.

## ARGUMENT

Teva Ltd. respectfully objects to the Special Master's Ruling on two grounds:  First, the Court should find that Plaintiffs failed to establish a *prima facie* case for jurisdiction over Teva Ltd. and, thus, jurisdictional discovery is inappropriate.  Second, if the Court does allow Plaintiffs to take jurisdictional discovery of Teva Ltd., the Court should order that the Rule 30(b)(6) deposition of Teva Ltd. shall take place in Israel, where it resides and does business.

### 1. Plaintiffs Have Failed to Establish a *Prima Facie* Case for Jurisdiction Over Teva Ltd., and Therefore Should Not Be Entitled to Jurisdictional Discovery.

In the Sixth Circuit, jurisdictional discovery is unwarranted when a plaintiff's pleadings and affidavits are "insufficient to make a *prima facie* showing of facts supporting the court's assertion of *in personam* jurisdiction."  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997).  Personal jurisdiction can take one of two forms—specific and general personal jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).  Plaintiffs do not dispute that general personal jurisdiction does not exist.  As such, Plaintiffs contend that specific jurisdiction exists, which would require the instant suit to "arise out of or relat[e] to [Teva Ltd.'s] contacts with

the forum."  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017) (quotation omitted).  Plaintiffs have not offered a *prima facie* showing of specific jurisdiction, and so jurisdictional discovery is not warranted.  *See Kerry Steel, Inc.*, 106 F.3d 147 at 154.

To start, the operative Complaint offers no factual allegations to support a finding of specific jurisdiction.  It mentions Teva Ltd. in only two paragraphs in the "Parties" section of a 332-page, 1,137-paragraph Complaint.  In an effort to manufacture a *prima facie* case, Plaintiffs have perfunctorily pointed to a list of documents that they argue demonstrate specific jurisdiction.  But, even according to Special Master Cohen's Ruling, these documents show only that Teva Ltd. has a number of employees in the United States and Canada and that Teva Ltd. recently launched non-opioid generic drugs in the United States.  The mere presence of Teva Ltd. employees in the United States and the launch of drugs that are unrelated to those at issue here cannot form the basis for *specific* jurisdiction.  In contrast, Teva Ltd. has introduced evidence establishing the absence of contacts with this forum and specific jurisdiction.  As the Declaration of Hillel West makes clear, Teva Ltd. has not manufactured, promoted, or sold opioid medications in the United States, let alone the Track One jurisdictions so that Plaintiffs' claims could "arise out of or relat[e] to [Teva Ltd.'s] contacts with the forum."  *See* ECF No. 1264; *Bristol-Myers Squibb*, 137 S. Ct. at 1779 (quotation omitted).

Faced with the evidence introduced by Teva Ltd., Plaintiffs instead have relied on a single Ohio Court of Common Pleas decision to assert that they have made a *prima facie* showing of personal jurisdiction over Teva Ltd.[1]  Not only does the Ohio state court decision lack any reasoning or analysis to support how Teva Ltd. can be subject to personal jurisdiction

---

[1] *State ex rel. Dewine v. Purdue Pharma, L.P.*, No. 17 CI 2018, 2018 WL 4080052, at *7–8 (Ohio Ct. C.P. Aug. 22, 2018).

in the United States, it also is contrary to law and inconsistent with numerous decisions across the country dismissing Teva Ltd. for lack of personal jurisdiction. Indeed, similar claims—involving nearly identical opioid related allegations to those made here—were recently considered and rejected as insufficient to establish personal jurisdiction over Teva Ltd. *See City of Chicago v. Purdue Pharma L.P.*, No. 14 C 4361, 2015 WL 2208423, at *7 (N.D. Ill. May 8, 2015). *City of Chicago* is not an outlier—numerous other courts also have held, and explicated on their reasoning, that there is no general or specific jurisdiction over Teva Ltd. because it does not conduct business—much less opioid-related business—in the United States. *See, e.g., Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (affirming holding that no personal jurisdiction exists over Teva Ltd. in Louisiana and that court did not abuse discretion in denying motion for additional discovery); *Smith v. Teva Pharm. USA, Inc.*, No. 17-61058-CIV, 2018 WL 550252, at *3 (S.D. Fla. Jan. 24, 2018) (dismissing claims against Teva Ltd. for lack of personal jurisdiction because evidence showed that Teva Ltd. "does not engage in substantial activity in Florida, does not conduct any business in Florida . . . and—by virtue of having no contact whatsoever with the state—could not have committed a tortious act here"); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 3129147, at *3, 7–8 (E.D. Pa. July 24, 2017) (finding no specific jurisdiction over Teva Ltd., in part, because it did not direct activities at Pennsylvania and "[a]lthough . . . subsidiaries and affiliates of Teva Ltd. conduct business in Pennsylvania, these subsidiaries and affiliates are separate legal entities with separate boards of directors that are managed and supervised independently of . . . Teva Ltd."); *see also Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 CV 114 (VB), 2017 WL 4122621, at *3 (S.D.N.Y. Sept. 14, 2017) (finding no general personal jurisdiction over Teva Ltd. in New York and denying request for jurisdictional discovery).

Plaintiffs have not established a *prima facie* case of jurisdiction, and jurisdictional discovery is not warranted. Therefore, the Court should overturn Special Master Cohen's Ruling and hold that personal jurisdiction discovery of Teva Ltd. is not appropriate.

**2. If the Court Compels It to Occur, Any Rule 30(b)(6) Deposition of Teva Ltd. Should Take Place in Israel Where Teva Ltd. Resides and Has Its Principal Place of Business.**

In the Sixth Circuit, as in all other jurisdictions, there is a presumption that a Rule 30(b)(6) deposition should take place at a corporation's principal place of business. *See e.g.*, *Davis v. Hartford Life & Accident Ins. Co.*, Civ. A. No. 3:14-CV-00507-TBR, 2016 WL 3843478, at *3 (W.D. Ky. July 13, 2016); *Pogue v. Northwestern Mut. Life Ins. Co.*, Civ. A. No. 3:14-CV-598-CRS-CHL, 2016 WL 2343898, at *3 (W.D. Ky. May 3, 2016); *Culver v. Wilson*, No. 3:14–CV–660–CRS–CHL, 2015 WL 1737779, at *3 (W.D. Ky. Apr. 16, 2015); *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 4377843, at *1 (S.D. Ohio Sept. 4, 2014). This presumption requires Rule 30(b)(6) depositions to take place at the corporation's principal place of business, unless there are "special circumstances" that would allow from a departure from the general rule. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987).

Courts in the Sixth Circuit have found special circumstances exist when a party has engaged in discovery misconduct or is engaging in delay tactics in post-judgment enforcement proceedings. *See Schall v. Suzuki Motor of Am., Inc.*, No. 4:14-CV-00074-JHM, 2018 WL 283266 (W.D. Ky. Jan. 3, 2018) (affirming decision of magistrate judge to deny protective order when defendant had engaged in discovery misconduct by failing to adequately prepare the Rule 30(b)(6) deponent before his first deposition and by failing to disclose certain documents before the deposition); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 165 F.R.D. 65, 67 (E.D. Mich. 1996) (denying protective order when defendant was engaging in "a

calculated strategy to delay payment . . . or to increase costs of collection" in post-judgment enforcement proceedings and had demonstrated a "cultivated and blatant lack of respect for the authority of this nation's judicial process"); *cf. Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1500311, at *4 (D. Kan. May 21, 2007) ("To hold that it is always more cost effective and convenient to have the 30(b)(6) witnesses of foreign corporations deposed in the United States would eviscerate the general presumption regarding the place for taking such depositions.").  Here, there is no evidence (or any suggestion) of any "special circumstances" that would justify a departure from the general rule.

Moreover, while the general presumption applies in all cases, it applies with even more force when the deposed party is a foreign corporation.  *Farquhar*, 116 F.R.D. at 73 (requiring deposition of Dutch defendant to take place in Netherlands).  In fact, ***the presumption that a Rule 30(b)(6) deposition should take place where the corporation resides or does business "is at its strongest" when the party being deposed is challenging personal jurisdiction***.  *Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, No. 91 CIV. 2814 (PKL), 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992) (emphasis added).  With this in mind, several courts have held that Rule 30(b)(6) depositions of a foreign corporation challenging personal jurisdiction ***must*** occur in the foreign corporation's home country.  *See, e.g.*, *id.* (granting foreign defendant's protective order and holding that jurisdictional deposition of foreign defendant should proceed in Malta); *Pillar Corp. v. Enercon Indus. Corp.*, 694 F. Supp. 1353, 1363 (E.D. Wis. 1988) (granting foreign defendant's protective order and holding that depositions for jurisdictional discovery should occur in Germany); *U.S. ex rel. Barko v. Halliburton Co.*, 270 F.R.D. 26, 29 (D.D.C. 2010) (granting foreign defendant's protective order and holding that depositions for jurisdictional discovery should occur in Jordan).

Here, Teva Ltd. is a foreign corporation challenging personal jurisdiction. Therefore, the presumption in favor of having the Rule 30(b)(6) deposition in Israel is at its strongest, particularly where Plaintiffs are seeking to take the deposition of a corporate representative after the close of discovery (and after having multiple opportunities to seek testimony from corporate representatives of Teva Ltd.'s subsidiaries on this issue). This Court should apply the general rule, especially because there are no "special circumstances" that would warrant departing from the presumption.

Thus, if the Court were to decide that personal jurisdiction discovery of Teva Ltd. is appropriate (and it should not consistent with Sixth Circuit law), then it should order that the Rule 30(b)(6) deposition of Teva Ltd. take place in Israel.

## CONCLUSION

For the foregoing reasons, Teva Ltd. respectfully requests that the Court sustain Teva Ltd.'s objections and enter an order holding that Plaintiffs have not made a *prima facie* showing of personal jurisdiction over Teva Ltd. and, therefore, that Plaintiffs cannot conduct jurisdictional discovery of Teva Ltd. Alternatively, Teva Ltd. requests that the Court modify the Ruling to make clear that any Rule 30(b)(6) deposition of Teva Ltd. must take place in Israel.

Dated:  April 10, 2019                    Respectfully submitted,


                                          */s/ Steven A. Reed*
                                          Steven A. Reed
                                          Eric W. Sitarchuk
                                          Rebecca J. Hillyer
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1701 Market St.
                                          Philadelphia, PA 19103-2921
                                          Tel: (215) 963-5603
                                          steven.reed@morganlewis.com
                                          eric.sitarchuk@morganlewis.com
                                          rebecca.hillyer@morganlewis.com

                                          Brian Ercole
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          200 South Biscayne Boulevard, Suite 5300
                                          Miami, FL 33131
                                          Telephone: (305) 415-3000
                                          Facsimile: (305) 415-3001
                                          brian.ercole@morganlewis.com

                                          *Attorneys for Teva Pharmaceuticals Industries Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2019, a copy of the foregoing was filed electronically using CM/ECF system, which will send a notice of electronic filing to all parties listed on the Notice of Electroni Filing.  If electronic notice is not indicated through the court's e-filing system, a true and correct copy of the foregoing document was delivered via electronic mail or U.S. Mail.


*/s/ Steven A. Reed*
Steven A. Reed