# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) ) | MDL 2804 |
|  |  | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: |  | Judge Dan Aaron Polster |
| *Track One Cases* |  | **ORDER RE OBJECTIONS TO DISCOVERY RULING NO. 17** |

On March 10, 2019, Special Master Cohen issued Discovery Ruling No. 17. Doc. #: 1425. Discovery Ruling No. 17 addressed the production of documents and data from the Statewide Automated Child Welfare Information System ("SACWIS"). Defendants asserted a need for this data because: (1) it relates to the alleged increased costs incurred by Cuyahoga County's Department of Children and Family Services ("DCFS")—Plaintiffs' largest single category of damages; and (2) it contains information regarding whether and to what extent substance abuse had any impact in individual DCFS cases. Defendants seek discovery of the entire SACWIS database. Plaintiff Cuyahoga County had initially produced a SACWIS dataset in August of 2018 in the form of an Excel spreadsheet containing all placement and removal reasons from 2006 until 2018. Doc. #: 1448. The spreadsheet contained:

> A tab that summarizes all of the data—such as number of children affected by substance abuse, number of drug abuse children, number of drug abuse parents, and the number of children affected by prenatal drug exposure; a tab with character lists such as heroin and opiates; and a tab including the case ID, person ID, age, characteristic code, and characteristic description.

*Id.* Plaintiff Summit County also produced some de-identified SACWIS documents in its possession. This production was somewhat different than the Cuyahoga County spreadsheet. Summit County's production contained:

> A summary report of Opioid Removal Data from 2012-2017, spreadsheets containing child removal information, and a spreadsheet with information on Summit County Child Services budgets along with Board minutes and other information requested by Distributors.

*Id.* Following a discussion with the Ohio Attorney General concerning the confidential nature of the spreadsheet data, Plaintiff Cuyahoga County now seeks to claw back the spreadsheet that it produced.[1]

On March 15, 2019, both parties separately objected to the Special Master's ruling for different reasons. Doc. ##: 1448, 1450. Plaintiffs assert that "the Special Master's Ruling did not properly consider the extent to which statutes prohibit the information's release," and that "the Special Master also incorrectly concluded that Plaintiffs can feasibly comply with their confidentiality obligations by redacting the records at issue." Doc. #: 1448 at 1. Defendants argue that "Special Master Cohen improperly limited the scope of discovery" because SACWIS and hard copy case files have data that is "crucial to the preparation of the Distributors' defense." Doc. #: 1450 at 3. The parties each filed responses in opposition on March 25, 2019, Doc. ##: 1470, 1471, and replies in support on March 29, 2019. Doc. ##: 1484, 1485. For the following reasons, the Court affirms Discovery Ruling No. 17 and addresses the pertinent elements of the ruling below.

---

[1] Although the Discovery Ruling does not address Plaintiffs' privilege assertions, Plaintiffs state that "the Special Master effectively denied Plaintiff Cuyahoga's request to claw back production of the SACWIS spreadsheet" because Special Master Cohen found the spreadsheet was appropriate and sufficient. Doc. #: 1448 at 9. Plaintiffs' assertion of privilege is discussed briefly below.

2

The first two elements of Discovery Ruling No. 17 are:

1. Prior production by Cuyahoga County of the spreadsheet containing certain Data Fields extracted from the SACWIS data (which data was "de-identified," in that it did not reveal the identities of the minors or their families [but did reveal whether opiate or other drug abuse was present]) was an appropriate and sufficient production of SACWIS data fields by Cuyahoga County

2. Summit County must produce a similar spreadsheet containing the same data fields

Plaintiffs assert that SACWIS data cannot be released because its confidentiality is protected by various statutes. However, Plaintiffs cite no statute that indicates to the Court that the data cannot be produced when properly de-identified and protected by the Court's Protective Orders. *See* Doc. #: 1448. Plaintiffs also assert that the SACWIS data is privileged, but Plaintiffs appear to conflate confidentiality and privilege. Beyond the statutes seeking to ensure the records stay confidential, Plaintiffs cite no legal authority supporting that the records are protected by a legal privilege. For example, Plaintiffs cite the Federal Child Abuse Prevention and Treatment Act ("CAPTA") prohibition on the disclosure of *identifying data* concerning programs related to child abuse and neglect, but Special Master Cohen's order expressly requires Plaintiffs to produce "de-identified" data. The Court finds that de-identified SACWIS data—which will not reveal identifying information about the minors or their families but will indicate whether opiate or other drug abuse was a relevant factor—appropriately maintains the data's confidentiality. Thus, the Court affirms element 1 of Special Master Cohen's ruling. For the same reason, the Court affirms element 2 of the ruling.

Discovery Ruling No. 17 also requires:

3. Cuyahoga and Summit County must also each produce 10 "case files" of defendants' choosing. The counties shall redact from these case files any information that would allow identification of the minors who are the subject of the files, or their families. The counties' redactions shall be as limited as possible while fulfilling this directive.

Plaintiffs assert that they should not have to provide any case files because Defendants have not demonstrated a need for the case files and because producing the case files would be a "herculean burden" for Plaintiffs. Doc. #: 1448. The Court disagrees that Defendants have not demonstrated a need for the data. Defendants seek information from case files to test Plaintiffs' assertions and properly perform a causation analysis of Plaintiffs' claims. Defendants need to see case files to assess whether they accurately reflect the reasons children were removed from their homes and to what extent a child's removal was due to opioids and not other factors. The Court also disagrees that redacting ten case files to maintain the confidentiality of individuals in those files would be an insurmountable burden for Plaintiffs. The Court finds this to be reasonable.

Defendants assert that Plaintiffs should have to produce the case file for every case upon which Plaintiffs may reasonably rely to support their claims of damages. Defendants state that this information is needed to properly evaluate the reliability of Plaintiffs' claims for damages. *See* Doc. #: 1450. The Court concludes that production of ten redacted case files from each county is sufficient for Defendants to test the veracity of the data in Plaintiffs' spreadsheets, which is in turn sufficient for Defendants to assess Plaintiffs' damages claims.

Finally, Special Master Cohen found that:

> 4. The various statutes cited by the parties (including the State of Ohio), which contain provisions limiting the release of SACWIS data and information, all also contain provisions allowing for release pursuant to Court order in appropriate circumstances. This ruling fits within those provisions.

As described above, the Court has reviewed the relevant statutes and concluded that there is no compelling reason that confidential case files cannot be comprehensively protected by the Court's Protective Orders and appropriate redaction and de-identification. Plaintiffs assert that numerous statutes forbid the release of the SACWIS data. This is simply not the case. In fact, several of the provisions that Plaintiffs point out expressly permit release of confidential

information pursuant to court order, provided information is de-identified. The Court deems this matter an appropriate circumstance for the release of SACWIS data, which shall be redacted to protect the identities of the individuals in the data.

Accordingly, the Court concludes that Discovery Ruling No. 17 strikes the appropriate balance between the competing interests in this matter. Plaintiffs' and Defendants' Objections to Discovery Ruling No. 17, Doc. ##: 1448, 1450, are **OVERRULED**. Special Master Cohen's Discovery Ruling No. 17 is **AFFIRMED**.

    **IT IS SO ORDERED.**

    /s/ **Dan Aaron Polster** *April 10, 2019*
    **DAN AARON POLSTER**
    **UNITED STATES DISTRICT JUDGE**