# EXHIBIT 1

| | |
|---|---|
| **From:** | 2804 Discovery, MDL |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-Time allowed for expert depositions |
| **Date:** | Saturday, April 6, 2019 10:09:35 AM |

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Saturday, April 6, 2019 2:03:19 PM
**To:** Weinberger, Peter H.; Welch, Donna M.
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL; Dickinson, Erin; Conroy, Jayne
**Subject:** Re: EXTERNAL-Time allowed for expert depositions

Donna - You are repeating arguments I already addressed.  As my comments during yesterday's telecon made clear, I cannot and will not rule that Defendants **or Plaintiffs** get more than 7 hours for any expert deposition, given the strictures set down by the Court (which strictures I cannot/will not overrule).   Your options include: (1) asking the Court (not me) for relief, which I have told you I doubt you will receive, given the Judge's prior statements; (2) asking plaintiffs to agree to allow more time for certain experts, probably in exchange for a similar quid pro quo, and get as much relief as you can negotiate; and/or (3) choosing from the dates Ps have offered and going forward with 7-hour expert depositions, over objection.

I suppose you can also choose to forego an expert deposition altogether, which you will eventually do through inaction if you are not careful.  I understand Ds do not like the circumstances presented, but continued refusal to go forward pursuant to the rules and deadlines that have long been in place is necessarily a calculated risk, and the risk is waiver of obtaining any deposition at all.

-David

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Saturday, April 6, 2019 9:24 AM

**To:** Welch, Donna M.
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MRopioidserve; David R. Cohen (David@SpecialMaster.Law); Erin Dickinson; Jayne Conroy
**Subject:** Re: EXTERNAL-Time allowed for expert depositions

We agree that the defendants are a family who worked in concert to create this epidemic.  These defendant families have worked in coordinated efforts to mount their defenses and to take offensive discovery.  In depositions of the bellwether witnesses, they have designated a few lawyers out of their families of defense firms to question the witnesses.  It is a simple fallacy to suggest that the experts will be questioned by lawyers from 20 different firms.  And any suggestion of due process issues associated with a 7 hour deposition simply does not pass the smell test.

We await your acceptance of the depo dates we have offered before we start to take them down.  Our experts have the dates reserved and soon we may incur costs for cancellation which we will ask the court to impose on the defendants.

Pete

Sent from my iPad

On Apr 6, 2019, at 9:06 AM, Welch, Donna M. <dwelch@kirkland.com> wrote:

> Special Master Cohen -
>
> As I hope my prior message made clear, the emergency relief we seek from you is additional time to take what we believe are critical depositions, under the current schedule (absent Court relief).  As we explained, there are 20 defendant families in the Track 1 cases, and a single 7 hour day does not allow each defendant any meaningful opportunity to question these experts, which is a fundamental deprivation of due process.  We have further explained that in addition, each of these witnesses has provided a lengthy, detailed report, with multiple opinions - and many offer highly specific opinions that are specific to individual defendants.  Under these circumstances, we do not believe that a single 7 hour day is appropriate, nor do we believe it is necessary even under the current schedule. If further explanation by witness is required, we are happy to provide that over the weekend.
>
> Thank you, Donna
>
> **Donna Welch, P.C.**
> ================================================
> **KIRKLAND & ELLIS LLP**
> 300 North LaSalle, Chicago, IL 60654
> T +1 312 862 2425  M +1 773 550 1743
> F +1 312 862 2200
> ================================================
>
> donna.welch@kirkland.com

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Friday, April 5, 2019 9:20 PM
**To:** Welch, Donna M. <dwelch@kirkland.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; MRopioidserve <MDL2804discovery@motleyrice.com>; David R. Cohen <David@specialmaster.law>; Erin Dickinson <ekd@cruegerdickinson.com>; Jayne Conroy <jconroy@simmonsfirm.com>
**Subject:** [EXT] Re: EXTERNAL-Time allowed for expert depositions

SM Cohen:

The "emergency" for which Ms. Welch and the defendants seek relief is of their own doing.  We fully complied with CMO 8.  Since March 27th, we have asked the defendants to accept one of the three days we offered for each expert whose reports we produced on the March 25th deadline.  9 days later they accepted a date for four experts' depositions.  They still have not accepted dates for our 16 other experts who we have disclosed and from whom we have provided reports.  They have not explained why we cannot proceed with the 7 hour deposition of each of these experts to determine whether any feigned prejudice actually exists that warrants more time under the Federal Rules.

What this is and always has been is a tactic of delay, because faced with robust, extensive, focused and targeted reports that demonstrate liability, causation, and damages against all the defendants, the defendants would rather devote their energy and resources to delaying the trial.  That is their playbook.

If these were short reports that do not lay out opinions and the bases for the opinions, the defendants would be complaining that the reports do not give fair notice to them of the opinions.  But the reports are anything but that and actually should shorten depositions because the opinions and analysis are so well described.

Your guidance was clear and no emergency relief is warranted.  Plaintiffs remain open to scheduling the depositions on the dates offered but with every passing day, those dates are in peril.

Ms.  Welch waited until Friday evening at 8:37 pm to send her email.  Now they have our response at 10:15 pm.

Good night.

Pete

Sent from my iPad

---

> **From:** Welch, Donna M. <dwelch@kirkland.com>
> **Sent:** Saturday, April 6, 2019 12:35:09 AM
> **To:** David R. Cohen

**Cc:** 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; 2804 Discovery, MDL
**Subject:** EXTERNAL-Time allowed for expert depositions

Special Master Cohen -

I am writing on behalf of defendants in follow up to the call on the expert schedule earlier today.  As we indicated, we intend to file a motion with the Court on Monday seeking relief on the current schedule; however, in the interim, we are writing to formally seek emergency relief from you regarding the discrete issue of the number of days of deposition time allowed per witness.  In your email to the parties yesterday, you made clear that you do not believe you have authority to order additional time under the Federal Rules *"if the result is to make it impossible for the parties to meet the other deadlines the Court has set."*  We believe you do, however, have authority to order more time for depositions within the current schedule.  Unlike the rest of the June 20, 2018 deposition protocol, the one-day time limit presumption in II B applies only to "fact witness depositions."  And moreover, Fed. R. Civ. P. 30(d)(1) explains that "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent."  *See* FRCP 26(b)( ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy*, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable…").

We believe the *need* for a bare minimum of two days, in a case of this magnitude involving 20 defendants, is critical to our ability to fairly examine these witnesses -- and we are prepared to present the need on an expert by expert basis if that would be helpful.  As examples only, the Egilman 141 page report cites to over 1600 pages of documents, and offers 489 separate opinions relating to 21 individual defendants.  Likewise, the Rosenthal report, which presents highly novel causation theories, includes 3 separate regression models and a sensitivity analysis directed at each of 7 manufacturer defendants.  And the Kessler report is 320 pages with 650 separate appendices, providing 50 separate opinions relating to 6 different manufacturers and 11 different medicines.  These are but examples that underscore the issues.

While, for the reasons we have stated, defendants continue to believe the current schedule is not workable and does not provide us with the time needed to analyze the reports provided to date and adequately

prepare to take these depositions, we are moving forward in parallel while seeking relief from the Court.  We therefore ask you to order the parties to meet and confer on a schedule—likely utilizing the same dates Plaintiffs have already offered—that provides for deposition of the following witnesses over two days within the period provided by the current schedule:  Alexander, Ballantyne, Cutler, Egilman, Gruber, Kessler, Keyes, Lembke, Leibman, McCann, McGuire, Parran, Perri, Rosenthal and Schumacher.

Because this relief will not interfere with any of the deadlines set by the Court, we believe you have the authority to grant it.  Furthermore, this relief is entirely consistent with and indeed contemplated by the Federal Rules.

Best, Donna

**Donna Welch, P.C.**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2425  M +1 773 550 1743
F +1 312 862 2200

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

donna.welch@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.