# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 ) |
| THIS DOCUMENT RELATES TO: | ) Judge Dan Aaron Polster ) |
| *Track One Cases* | ) ***NUNC PRO TUNC*[1] ORDER** ) **RE EXPERT DEPOSITIONS** |

On April 8, 2019, Defendants filed an Emergency Motion for Relief Related to Expert Depositions. **Doc. #: 1531**. Defendants assert that Plaintiffs' interpretation of the Court's June 20, 2018 Order Establishing Deposition Protocol, Doc. #: 643, and the agreed upon deadlines provided in the Court's January 29, 2019 Case Management Order No. 8 ("CMO-8") Setting New Deadlines for Track One Cases, Doc. #: 1306, now "severely prejudice" Defendants and potentially "deny Defendants their fundament rights to Due Process." Doc. #: 1531-1 at 2-3. Plaintiffs filed an Opposition to the Motion on April 10, 2019. Doc. #: 1536.

The Court is aware that Plaintiffs have identified 24 experts, and that Defendants intend to submit more than 90 expert reports. It is the Court's considered opinion that if Plaintiffs require 24 experts to prove their case, no jury will be able to follow the evidence, let alone find in their favor. And if Defendants require 98 experts to counter Plaintiffs' case, the Court believes that any

---

[1] Based on confusion with certain language in the April 10, 2019 Order Re Expert Depositions, Doc. #: 1537, the Court takes this opportunity to replace the language in the third full paragraph on page 2 that begins "Regarding the time allotted for expert depositions . . ." to make the parties aware that the Court is not limiting the number of experts that may be used at trial.

jury will reject their arguments. On top of that, there is no way either side could call even a small fraction of these experts within the time the Court has allotted for this trial.

The Court has, on more than one occasion, moved the dates for the Track One trial back at the behest of the parties and declines to do so now or at any point in the future. The deadlines agreed to by the parties and ordered by the Court in CMO-8 will remain in place.

Regarding the number of defense counsel questioners at a given deposition, pursuant to the Order Establishing Deposition Protocol, each Defendant may have its own questioner so long as each separate Defendant's questioner only asks questions specific to that Defendant. *See* Doc. #: 643 at 6 ("Additional questioners may be permitted only to follow up concerning testimony that specifically addressed their client.").

Regarding the time allotted for expert depositions, the parties are hereby directed to prioritize their experts. Plaintiffs shall designate their ten highest priority experts for two-day depositions and Defendants, collectively, shall designate their ten highest priority experts for two-day depositions. Any expert beyond each sides' ten highest priority experts shall be made available for up to seven hours of deposition testimony pursuant to the Order Establishing Deposition Protocol, Section II.b. Doc. #: 643 at 7-8. The Court makes this ruling with the understanding that it will not extend the deadlines set by the Court's current scheduling order, CMO-8, Doc. #: 1306. The Court is not limiting the number of experts that may be used at trial.

Plaintiffs are hereby ordered to designate their ten priority experts and provide that information to Defendants by 4:00 PM on Friday, April 12, 2019. Defendants shall designate their ten priority experts by the deadline for filing their expert reports (May 10, 2019).

Accordingly, Defendants' Emergency Motion for relief Related to Expert Depositions, Doc. #: 1531, is **GRANTED-IN-PART**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  *April 11, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**