UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION** | ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** | ) ) | **Case No. 1:17-md-2804** |
| All Cases | ) ) ) | **JUDGE DAN AARON POLSTER** |
| | | <u>**OPINION AND ORDER**</u> |

　　　　Before the Court is Manufacturer Defendants' Objection to Discovery Ruling Number 18 Regarding Prescriptions and Dispensing Data.  **Doc #: 1529**.  Therein, Manufacturer Defendants make the same argument made previously to the Special Master and the Court.

> Specifically, Manufacturer Defendants object to the ruling that Plaintiffs sufficiently answered Manufacturer Interrogatory No. 6.  Plaintiffs failed to do so because they neither identified "the **specific misrepresentation, omission, or wrongdoing** that allegedly caused [each allegedly medically unnecessary] prescription [Plaintiffs identified] to be written" nor stated in a verified written response that they are unable to do so.

*Id*. at 1 (emphasis in original).  The Court finds that the Special Master has struck an appropriate balance in giving Manufacturer Defendants the information they need to defend the claims against them, while allowing Plaintiffs to move forward with their case.  It is clear that Plaintiffs intend to try their claims based on an aggregate theory of liability using aggregate evidence.[1]

　　　　Manufacturer Defendants also argue that

> [a]fter months of delay and motion practice, Plaintiffs finally responded to Interrogatory No. 6 on December 31, 2018.  When Plaintiffs finally responded,

---

[1] Manufacturer Defendants' citation to *City of New Haven v. Purdue*, Dkt No. X07 HHD CV 17 6086134 S (Jan. 9, 2019) is not availing, and that decision has no precedential effect on this Court's ruling.

>they failed to provide the discrete and critical information requested in Interrogatory No. 6 that the Special Master and the Court had ordered them to identify.  Instead, Plaintiffs simply referred to the same list of prescriptions, doctors, and individuals they provided in response to Interrogatory Nos. 7 (individuals harmed by opioid prescriptions) and 10 ("medically necessary" opioid prescriptions).  (Ex. *2*).  Plaintiffs did not identify when, or even if, any of the prescribers they named heard any of the alleged misrepresentations in this case.  Likewise, Plaintiffs did not identify which alleged misrepresentation(s) each prescriber relied on in writing each of the listed prescriptions.

*Id*. at 2.  That Plaintiffs filed their response to Interrogatory No. 6 on the deadline for filing it, and that they have identified the same individuals, prescriptions and prescribers in response to Interrogatory No. 6 (reliance) as they did for Interrogatories No. 7 and 10 is of no moment.  The Court will not overrule the Special Master because the Manufacturer Defendants don't like Plaintiffs' response.  It may well be that the individuals, prescriptions and prescribers identified in response to different interrogatories are interrelated.

Accordingly, the Court **OVERRULES** the Manufacturer Defendants' Objection and **AFFIRMS** Discovery Ruling No. 18.

**IT IS SO ORDERED.**

<u>**/s/Dan Aaron Polster 4/11/19**</u>
**Dan Aaron Polster**
**United States District Judge**