UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: National Prescription Opiate Litigation | ) | MDL No. 1:17-md-02804 |
| | ) | |
| THE MUSCOGEE (CREEK) NATION, | ) | CASE NO.  1:18-op-45459 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

On June 9, 2018, Plaintiff Muscogee (Creek) Nation (hereafter "Plaintiff") filed its First

Amended Complaint ("FAC"). (R. 731; R. 19).[1] The FAC named multiple Defendants, one of

which was identified as "Amneal Pharmaceuticals, Inc." (R. 731, PageID # 17076, 17087 at

¶38).

On August 31, 2018, Defendant Amneal Pharmaceuticals, Inc. (hereafter "Amneal Inc.")

filed a motion to dismiss the FAC "based on improper service, improper service of process, and

lack of personal jurisdiction." (R. 50).[2] Also on August 31, 2018, Amneal Inc., together with

other Generic Manufacturers of opioids, filed a motion to dismiss the FAC pursuant to Fed. R.

---

[1] Where dual citations are provided, they refer to the multidistrict litigation (MDL) docket first
and the individual case docket second. The FAC was timely filed pursuant to the court's case
Management Order ("CMO") No. 5. (R. 666).

[2] Nearly two weeks later, the same motion appeared on the MDL docket. (R. 972).

Civ. P. 12(b)(6). (R. 929; R. 55). Amneal Inc. raised several arguments, including that the FAC failed to allege specific conduct by it or the other Generic Manufacturers. (R. 929-1; R. 55-1).

On September 28, 2018, Plaintiff filed a motion for leave seeking to substitute the aforementioned defendant, Amneal Inc., with Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC.[3] (R. 1006; R. 83). It is Plaintiff's position that the substitution of parties would render Amneal Inc.'s above motion to dismiss moot. (R. 1006-1; R. 83-1).  Plaintiff further asserted that: "In an effort to resolve Amneal's Motion to Dismiss without involving the Court, the Nation sought consent from Counsel for Amneal to substitute the Amneal Operating Entities in place of the Amneal Holding Company. Counsel for Amneal withheld consent." *Id.*

On October 12, 2018, Amneal Inc. opposed the proposed substitution of parties, again arguing, as it did in the motion to dismiss, that the FAC fails to plead any allegations specific to it or to the Amneal LLCs. (R. 1040; R. 88). Also, Amneal Inc. asserts that the Amneal LLCs would be prejudiced because they could not make personal jurisdiction challenges under the current litigation schedule. *Id*. It also asserts that the substitution of parties would be tantamount to a belated amendment of the pleadings. *Id*. On October 19, 2018, Plaintiff filed its reply. (R. 1050; R. 91).

Amneal Inc.'s arguments in opposition are not well taken. First, the court's Report and Recommendation (R. 1499; R. 109) addresses the argument that the FAC ostensibly fails to plead sufficiently specific allegations against the Amneal defendants.

---

[3]  Plaintiff asserted that Amneal Inc., the initially named defendant, was a holding company, while the two new proposed Amneal defendants, who they classify as operating entities, actually manufacture, sell, and promote the opioids that lay at the heart of the FAC. (R. 1006-1; R. 83-1). The court refers to the two proposed new defendants as the "Amneal LLCs."

2

Second, the Amneal LLCs would not be prejudiced by an inability to raise personal jurisdiction or other challenges. In its CMO No. 1, the court stated as follows:

> j. Defendants do not waive and shall be deemed to have preserved any defenses not addressed in the initial motions filed pursuant to the foregoing provisions, including but not limited to insufficient service of process and lack of personal jurisdiction. Further, nothing in this Order is intended to waive any Defendant's right to file an individual motion to dismiss in any or all of the above-listed cases in the future on any grounds, including lack of personal jurisdiction.

(R. 232).

Finally, even if the court were to construe the motion to substitute party as a belated amendment of the pleadings as Amneal Inc. suggests, Fed. R. Civ. P 15(a)(2) allows amendments with the court's leave, and a court "should freely give leave when justice so requires." In addition, Fed. R. Civ. P. 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The court finds no prejudice to Amneal Inc. or the Amneal LLCs would be caused by the substitution.

Therefore, Plaintiff's motion for leave (R. 1006; R. 83) is GRANTED, and the proposed motion to substitute (R. 1006-1; R. 83-1) is deemed filed. Furthermore, the motion seeking to substitute Amneal Pharmaceuticals Inc., with Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (R. 1006-1; R. 83-1) is hereby GRANTED, and Amneal Pharmaceuticals Inc. is dismissed from this action without prejudice. In addition, the motion to dismiss for lack of personal jurisdiction filed by Amneal Pharmaceuticals Inc. (R. 972; R. 50) is hereby DENIED without prejudice as moot.

IT IS SO ORDERED.

Dated: April 12, 2019

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge