**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*All Cases* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**MOTION BY ALL DEFENDANTS TO RECORD**
**APRIL 23, 2019 CONFERENCE PURSUANT TO 28 U.S.C. § 753**

The Court has scheduled a conference for April 23, 2019 to discuss the structure of the first bellwether trial in these proceedings. The form that this trial will take involves significant issues that affect the parties' procedural rights and their ability to present their cases and defenses. In light of the importance of the upcoming conference, and the need to preserve a record of these proceedings, all Defendants hereby request that this April 23, 2019 trial structure conference be conducted on the record and transcribed or recorded, by court reporter or other means, as required by 28 U.S.C. § 753(b).

Counsel for Plaintiffs have authorized the undersigned to state that Plaintiffs take no position on this motion.

## DISCUSSION

Defendants respectfully request that the Court conduct the upcoming conference regarding trial structure, scheduled for April 23, 2019, on the record. Indeed, this practice is required by statute.

It is well settled that 28 U.S.C. § 753(b) limits when a court may conduct a conference or other proceeding off the record. Under that section, "all proceedings . . . had in open court" must

be recorded "unless the parties with the approval of the judge shall agree specifically to the contrary." Where proceedings are not held in open court, § 753(b)(3) requires that they be recorded if "requested by any party to the proceeding."

As the Sixth Circuit has explained, the rules established in § 753(b)(3) are "mandatory," and courts have a "duty . . . to meet the Act's requirements." *United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985); *see also Commercial Credit Equip. Corp. v. L & A Contracting Co.*, 549 F.2d 979, 980 (5th Cir. 1977) (describing requirements of § 753(b) as "mandatory and not permissive"); *Nat'l Farmers' Org., Inc. v. Oliver,* 530 F.2d 815, 817 (8th Cir. 1976) ("[A] party is entitled to a record on request."). Failing to follow the "recording mandate" set forth in § 753(b) may "require reversal." *Gallo*, 763 F.2d at 1530; *see also Smego v. Payne*, 854 F.3d 387, 394 (7th Cir. 2017) (explaining that a violation of § 753(b) can be reversible error).

Defendants submit that the upcoming conference should be recorded. Accordingly, they specifically request that the April 23 conference be transcribed by a court reporter. The terms of the statute require that the conference be recorded in view of this request.

Case law confirms that this conference should be conducted on the record. *See Smego*, 854 F.3d at 393 ("The Act applies to off-the-record court proceedings."); *DeLuca v. United States*, 243 F. Supp. 2d 982, 984 (E.D. Mo. 2003) ("Courts have generally held that bench and chambers conferences are subject to the requirements of the Reporter's Act."). "[I]t is always a mistake—and indeed, in light of 28 U.S.C. § 753 and the cases interpreting that statute, it is legal error—for the court to refuse a request that the proceedings be recorded." *City of Pittsburg v. Simmons*, 729 F.2d 953, 956 (3d Cir. 1984).

Although some courts have held that chambers conferences need not be recorded in all circumstances,[1] the Sixth Circuit and other Courts of Appeals have made clear that "the safe course" is to allow proceedings to be recorded. *Gallo*, 763 F.2d at 1532; *United States v. Brumley*, 560 F.2d 1268, 1281 (5th Cir. 1977); *see also United States v. Gennings*, 95 F. App'x 795, 800-01 (6th Cir. 2004) ("District courts should be cautioned . . . to abstain from violating the clear dictate of 28 U.S.C. § 753(b)."); *United States v. Miller*, 902 F.2d 1570 (6th Cir. 1990) (unpublished) ("[I]t [should] have been clear to the district court that such 'off the record' discussions are improper and strongly disfavored."); *United States v. DiCarlantonio*, 830 F.2d 194 (6th Cir. 1987) (unpublished) (disavowing "the regular practice of [holding] off-the-record side-bar conferences" and noting that they "may well be prejudicial"); *Simmons*, 729 F.2d at 956 ("[T]he failure of the district court judge to grant the request for a record of proceedings in this routine civil proceeding disturbs us."). Summarizing what happened at an off-the-record conference after the fact is not an adequate substitute for a party's right to have a conference recorded. *Nat'l Farmers' Org., Inc.*, 530 F.2d at 817 (concluding that "procedure whereby the judge summarizes for the record the off-the-record proceedings . . . does not comport with the statutory requirement that proceedings, upon request, be recorded verbatim").

In light of this authority, Defendants request that the Court record the April 23 conference by allowing a court reporter to transcribe the proceedings.[2]

---

[1] *See United States v. Amico*, 486 F.3d 764, 778 (2d Cir. 2007); *In re Beard*, 811 F.2d 818, 833 (4th Cir. 1987).

[2] Special Master Cohen has been recording his telephonic hearings on discovery disputes and allowing the parties to transcribe the tapes. This practice has been both efficient and helpful to the parties.

# CONCLUSION

Defendants respectfully request that the upcoming trial structure conference scheduled for April 23, 2019 be transcribed or otherwise recorded pursuant to the requirements of 28 U.S.C. § 753(b).

Dated: April 17, 2019

Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr (consent)*
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

*Liaison Counsel for the Chain Pharmacy Defendants*

*/s/ Mark S. Cheffo (consent)*
Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
mark.cheffo@dechert.com

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
(202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Robert A. Nicholas (consent)*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Enu Mainigi (consent)*
Enu Mainigi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
emainigi@wc.com

*Co-Liaison Counsel for the Distributor Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart