**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **SPECIAL MASTER COHEN** |
| **THIS DOCUMENT RELATES TO:** "*Track One Cases*" | ) ) ) | |
| | ) | **CONDITIONAL SANCTION ORDER** |

On March 21, 2019, the Special Master issued Discovery Ruling No. 14, Part 5 (docket no. 1498), which addressed defendant Cardinal's claim that it was not required to produce a document known as the "Dendrite Audit" based on privilege. In that *Ruling*, the undersigned concluded that: (1) the Dendrite Audit was not protected by attorney-client privilege or the work-product doctrine, *Ruling* at 13-17; (2) even if the Dendrite Audit was somehow privileged, Cardinal had waived it, *id.* at 18-19; and (3) accordingly, Cardinal had to produce the Dendrite Audit, *id.* at 19. Cardinal objected to this *Ruling*, but the Court overruled the objection on April 16, 2016. *See* docket no. 1553. Accordingly, Cardinal is required to produce the Dendrite Audit to plaintiffs.

Cardinal has indicated it is considering whether to seek appellate review of the *Ruling*. The Sixth Circuit has suggested appellate review of privilege rulings via petition for writ of mandamus is normally unavailable. *See In re United Shore Fin. Servs., LLC*, 2018 WL 2283893 at *1 (6th Cir. Jan. 3, 2018) (denying mandamus relief where a district court ordered production of documents claimed to be privileged). But a party may obtain appellate review through other means. As the

Supreme Court has explained:

> Another long-recognized option [to obtain appellate review of a privilege ruling] is for a party to defy a disclosure order and incur court-imposed sanctions. District courts have a range of sanctions from which to choose, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," "prohibiting the disobedient party from supporting or opposing designated claims or defenses," or "striking pleadings in whole or in part." Fed. Rule Civ. Proc. 37(b)(2)(i)-(iii). Such sanctions allow a party to obtain postjudgment review without having to reveal its privileged information. Alternatively, when the circumstances warrant it, a district court may hold a noncomplying party in contempt. The party can then appeal directly from that ruling, at least when the contempt citation can be characterized as a criminal punishment.

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

Moreover, the Court's Appointment Order states that, "[p]ursuant to Rule 53(c)(2), the Special Masters may, if appropriate, 'impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party.'" Order at 7 (docket no. 69).

Accordingly, the Special Master concludes it is appropriate to inform Cardinal what sanctions will be imposed if it chooses not to comply with the order of production. ***If*** Cardinal refuses to produce to plaintiffs the Dendrite Audit on or before 5:00 P.M. EST on April 30, 2019 (which is 14 days after entry of the Court's Order overruling Cardinal's objection), a bipartite, tailored, non-contempt sanction is appropriate. Specifically, if Cardinal does not timely produce the Dendrite Audit, it shall be established for purposes of any and all proceedings in the MDL[1] that:

(1) during all times up to and as of the date that Cardinal received the Dendrite Audit

---

[1] Conceivably, Cardinal could: (1) refuse to produce the Dendrite Audit, (2) appeal the instant sanctions order after the first bellwether trial, (3) lose that appeal, and (4) ***then*** produce the Audit. At that time, it is possible the sanction would no longer be appropriate as to subsequent MDL proceedings. The Court and the parties can address that eventuality if and when it occurs.

(January 23, 2008), and for at least a period of several months thereafter, Cardinal did not comply with any of the requirements of 21 C.F.R. §1301.74(b); and

(2) during all times up to and as of the date that Cardinal received the Dendrite Audit, and for at least a period of several months thereafter, Cardinal routinely filled orders for opioids and other drugs without first determining that the opioids or other drugs were not being diverted into other than legitimate medical, scientific, and industrial channels.

In closing, the Special Master notes he has considered sanctions both more and less severe than the ones chosen.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i-vii) (listing some sanction options).  For example, the Special Master concludes that even large monetary sanctions would be insufficient, but striking Cardinal's pleadings or defenses entire would be excessive.  Further, the chosen conditional sanctions flow from and specifically relate to the discovery at issue.  *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (a "sanction must be

specifically related to the particular 'claim' which was at issue in the order to provide discovery").[2]

**IT IS SO ORDERED.**

/s/ David R. Cohen
**David R. Cohen
Special Master**

**Dated: April 25, 2019**

---

[2] *See also Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (listing four factors that should guide a court's discretion when imposing sanctions under Rule 37: "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered."). *Compare Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1343 (Fed. Cir. 2013) ("For less severe sanctions, however, including deeming certain facts established for purposes of the litigation, the Fifth Circuit applies a less-rigorous standard, requiring only that the sanction be '[j]ust and [f]air,' that it have a 'substantial relationship' to the facts sought to be established by the discovery, and that it meet Rule 37's goals of punishment and deterrence.") (citing various cases).

If Cardinal refuses to produce the Dendrite Audit after having been ordered to do so, it will of course be willful, not oversight. *See Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153–54 (6th Cir. 1988) ("**Dismissal of an action for failure to cooperate in discovery** is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to **willfulness**, bad faith, or fault.") (emphasis added) (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). The other three factors cited in *Lexington-Fayette* all also clearly weigh in favor of the conditional sanctions imposed here.