UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The Blackfeet Tribe of the Blackfeet Indian Reservation v. AmerisourceBergen Drug Corp., et al.*<br>Case No. 1:18-op-45749 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DISTRIBUTORS' OBJECTIONS TO MAGISTRATE JUDGE'S**
**APRIL 1, 2019 REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I. THE R&R'S RICO ERRORS. ................................................................................................ 1

II. THE R&R'S NUISANCE ERRORS. ..................................................................................... 2

    A. The Absolute Nuisance Claim Fails. ....................................................................... 2

    B. The Complaint Does Not Allege Interference with a Public Right. ....................... 3

    C. The Tribe's Products-Based Nuisance Claim Is Not Viable Under Montana Law. ........................................................................................................ 5

III. THE R&R'S NEGLIGENCE ERRORS. ............................................................................... 7

    A. The Tribe Did Not Adequately Allege that Distributors Owe It a Duty of Care. ......................................................................................................................... 7

    B. The Tribe Did Not Adequately Allege a Breach of Duty by Distributors. ............. 8

    C. The Tribe Did Not Adequately Allege a Negligent Misrepresentation Claim. ........................................................................................................................ 8

IV. THE R&R'S UNJUST ENRICHMENT ERRORS. ............................................................. 9

V. THE R&R'S CONSPIRACY ERRORS. ............................................................................. 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bishop v. Lucent Techs., Inc.*,
   520 F.3d 516 (6th Cir. 2008) ..................................................................................................9

*Combs v. Int'l Ins. Co.*,
   354 F.3d 568 (6th Cir. 2004) ..................................................................................................5

*Holmes v. Sec. Inv'r Prot. Corp.*,
   503 U.S. 258 (1992)................................................................................................................1

*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*,
   731 F.3d 556 (6th Cir. 2013) (en banc) ..................................................................................1

*State Auto Prop. & Cas. Ins. Co. v. Hargis*,
   785 F.3d 189 (6th Cir. 2015) ..................................................................................................9

## STATE CASES

*Barnes v. City of Thompson Falls*,
   979 P.2d 1275 (Mont. 1999) ...................................................................................................3

*City of Douglasville v. Queen*,
   514 S.E.2d 195 (Ga. 1999)......................................................................................................5

*City of McAlester v. Grand Union Tea Co.*,
   98 P.2d 924 (Okla. 1940) ........................................................................................................5

*Doyle v. Clark*,
   254 P.2d 570, 577 (Mont. 2011) .............................................................................................7

*Gourneau ex rel. Gourneau v. Hamill*,
   311 P.3d 760 (Mont. 2013) .....................................................................................................7

*Krieg v. Massey*,
   781 P.2d 277 (Mont. 1989) .....................................................................................................8

*Osterman v. Sears, Roebuck & Co.*,
   80 P.3d 435 (Mont. 2003) ...................................................................................................8, 9

*People v. ConAgra Grocery Products Co.*,
   227 Cal. Rptr. 3d 499 (Cal. Ct. App. 2017) ........................................................................4, 6

*State ex rel. Jennings v. Purdue Pharma L.P.*,
   2019 WL 446382 (Del. Sup. Ct. Feb. 4, 2019) ...................................................................5, 7

*State v. Lead Indus. Ass'n, Inc.*,
    951 A.2d 428 (R.I. 2008) ........................................................................................................4

*State v. Phillip Morris, Inc.*,
    1998 Mont. Dist. LEXIS 732 (Mont. Dist. Ct. Sept. 22, 1998) ..................................................6

*Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*,
    228 P.3d 1134 (Mont. 2010) ....................................................................................................3

*White v. Georgia Power Co.*,
    595 S.E.2d 353 (Ga. Ct. App. 2004) ........................................................................................4

## OTHER AUTHORITIES

Mont. Code Ann. § 27-30-103 ............................................................................................... 5, 6

Mont. Code Ann. § 27-30-204 ................................................................................................... 6

Restatement (Second) of Torts § 821B ...................................................................................... 3

Distributors submit the following Objections to Magistrate Judge Ruiz's April 1, 2019 Report and Recommendation ("R&R").  The R&R erred in denying, in part, Distributors' motion to dismiss the Tribe's claims.  With regard to the Tribe's RICO, negligence, unjust enrichment, and civil conspiracy claims, the R&R repeats errors made in the *Summit County* R&R and adopted by the Court.  The R&R also makes new errors with respect to the nuisance and negligence claims.  Accordingly, the Court should overrule the R&R and dismiss in their entirety the Tribe's claims against Distributors.[1]

## I. THE R&R'S RICO ERRORS.

The R&R (at 9–11) erred in relying on the *Summit County* R&R and decision to conclude that the Tribe properly pled a RICO claim against Distributors.  *See* Summit Obj., Dkt. 1079.

The Tribe failed to allege a ***direct*** causal connection between its claimed injury and Distributors' purported predicate acts, as Supreme Court precedent requires.  *E.g.*, *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 271 (1992).  Numerous actors and events—including in every case the intervening, criminal conduct of a third party—stand between Distributors' alleged conduct and the Tribe's purported injury.  The Tribe's remote and derivative injuries thus are insufficient as a matter of blackletter RICO law.  *See* Br. 3–4; Reply 1–8; Summit Br., Dkt. 491-1 at Part I.B; Summit Reply, Dkt. 744 at Part I.B; Summit Obj., Dkt. 1079 at Part III.A.

The Tribe also fails to allege that it suffered an injury to its "business or property," as RICO requires.  As an initial matter, its claimed injuries all flow from the personal injuries of its members and thus are barred by settled Sixth Circuit precedent.  *E.g.*, *Jackson v. Sedgwick Claims Mgmt. Servs. Inc.*, 731 F.3d 556, 562 (6th Cir. 2013) (en banc); *see* Br. 4–6; Reply 8–11; Summit Obj.,

---

[1] Distributors also adopt the Objections submitted today by the Manufacturer and Pharmacy Defendants in this matter.

Dkt. 1079 at Part II.A.  Moreover, the injuries sustained by the Tribe in performing governmental functions or in vindicating its sovereign or quasi-sovereign interests do not constitute injuries to business or property under RICO.  *See* Br. 6–8; Reply 11–13; Summit Obj., Dkt. 1079 at Part II.B–C.

The Tribe's RICO claims also fail for multiple additional reasons.  First, the Tribe failed to allege that Distributors committed RICO predicate acts.  *See* Br. 8–12; Reply 13–15; Summit Br., Dkt. 491-1 at Part I.C; Summit Reply, Dkt. 744 at Part I.C.  Second, the Tribe failed to allege that Distributors participated in—let alone played a part in directing the affairs of—a valid RICO enterprise.  *See* Br. 12–13; Reply 15–16; Summit Br., Dkt. 491-1 at Part I.D; Summit Reply, Dkt. 744 at Part I.D.  Finally, for the reasons explained in Distributors' Objections to the Muscogee Nation R&R (at Part I), the Tribe does not constitute a "person" under RICO, and therefore lacks RICO standing, because it seeks to vindicate its sovereign interests.  *See also* Br. 6, 8; Reply 8–9.

## II. THE R&R'S NUISANCE ERRORS.

### A. The Absolute Nuisance Claim Fails.

The R&R erred by permitting the Tribe to maintain an absolute nuisance claim against Distributors for their distribution of prescription opioids, even though Distributors distribute controlled substances within a regulatory scheme subject to express statutory authorization.  R&R 27.

The R&R relies on circular reasoning to conclude that "DEA registrants are not statutorily authorized to undertake the alleged conduct,"—i.e., the Complaint's allegations that Distributors negligently failed to maintain anti-diversion controls.  *Id.*[2]  But an activity or condition can be an

---

[2] Unless otherwise noted, these Objections add all emphasis in quotations and omit citations and internal quotation marks.

2

absolute nuisance only if it is a nuisance even when performed or maintained without fault. *See Barnes v. City of Thompson Falls*, 979 P.2d 1275, 1278 (Mont. 1999) (absolute nuisance is a nuisance "the substance [] of which is not negligence"). The R&R's citation to *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 228 P.3d 1134 (Mont. 2010), thus is inapposite because in that case, the underlying conduct—operating a shooting range—was not *itself* explicitly authorized by statute. Likewise, the R&R's reliance on the Complaint's allegation that "each Defendant's liability for creating the alleged public nuisance is based on intentional and unreasonable and/or unlawful and/or negligent conduct," R&R 28, proves Distributors' point that the Tribe's nuisance claim is viable only if Distributors are at fault. The Tribe does not allege that Distributors were not lawfully permitted to distribute any opioid medications; its claim is that Distributors shipped too many. Thus, because Distributors are statutorily authorized to distribute opioids, the Tribe must show fault for them to be liable for nuisance—meaning that their claim can only proceed, if at all, as one for qualified nuisance.

### B. The Complaint Does Not Allege Interference with a Public Right.

The R&R erred by concluding that the Complaint plausibly alleged interference with a public right "to be free of" "the consequences of what Plaintiff alleges is the 'worst man-made epidemic in modern medical history.'" R&R 30 (quoting Compl. ¶ 2). In other words, the R&R concludes that there is public right to be free from the "the misuse, abuse, and over-prescription of opioids." Compl. ¶ 2. The R&R does not cite a single Montana case that supports the proposition that there is a recognized public right to be free from the misuse, abuse, or over-utilization of any product, much less FDA-approved, lawful prescription medications. To the extent that such a right exists, it is an individual right. *See* Restatement (Second) of Torts § 821B cmt. g (1979) (defining a public right as "one common to all members of the general public," "collective in nature and not

3

like the individual right that everyone has not to be assaulted or defamed or defrauded or negligently injured").

The R&R relies nearly exclusively on *People v. ConAgra Grocery Products Co.*, 227 Cal. Rptr. 3d 499 (Cal. Ct. App. 2017), but that case does not hold that there is a public right to be free from the consequences from the abuse, misuse, or over-supply of a lawful product. The California court held that a public right was at issue in that case because access to housing that does not poison children "is an essential community resource … like water, electricity, natural gas, and sewer services." *Id.* at 552. Neither the Tribe nor the R&R identifies any impact on community resources as a result of Distributors' alleged conduct.

The R&R then falls back on the conclusion that the Tribe has alleged interference with a public right because it has alleged the existence of an urgent health crisis resulting from the abuse and misuse of opioids. R&R 29–30. But as the Rhode Island Supreme Court recognized, "public health" and "public right" are not synonymous, and many public health issues do not involve public rights. *State v. Lead Indus. Ass'n, Inc.*, 951 A.2d 428, 436, 448 (R.I. 2008). That decision is a 30-page treatise on the evolution and contours of public nuisance law and contains the most comprehensive and reasoned analysis of the public right element. Yet the R&R casts *Lead Industries* aside in one sentence, and simply says that case is "unlike" this one. R&R 29. The R&R does not contend with, much less distinguish, the holding that "[t]he manufacture and distribution of products rarely, if ever, causes a violation of a public right as that term has been understood in the law of public nuisance. Products generally are purchased and used by individual consumers, and any harm they cause—***even if the use of the product is widespread and the manufacturer's or distributor's conduct is unreasonable***—is not an actionable violation of a public right." *Lead Indus.*, 951 A.2d at 448; *see also White v. Georgia Power Co.*, 595 S.E.2d

4

353, 357 (Ga. Ct. App. 2004) (a public nuisance necessarily injures "all members of the public who come into contact with it, [and] … evidence to the contrary effectively erase[s] … [a] public nuisance cause of action." (quoting *City of Douglasville v. Queen*, 514 S.E.2d 195, 199 (Ga. 1999))); *City of McAlester v. Grand Union Tea Co.*, 98 P.2d 924, 926 (Okla. 1940) (activity causing widespread individual harms is not a public nuisance because it "cannot reasonably be said to disturb *at the same time* an entire community or neighborhood or any considerable number of persons").[3]

### C. The Tribe's Products-Based Nuisance Claim Is Not Viable Under Montana Law.

The R&R erred in concluding that "the Montana Supreme Court would not hold that the definition of nuisance is limited to acts or conditions that interfere with property rights and that it would recognize as actionable a public nuisance claim that is based on a defendant's alleged affirmative misconduct in the manufacture, distribution and sale of the products at issue in this action." R&R 26. The R&R exceeds the permissible bounds of a federal court applying state law by imposing a "substantive innovation in state law" when the Montana Supreme Court has not squarely addressed the question of whether products-based nuisance claims are viable. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004).

Under Montana law, a private plaintiff alleging a public nuisance must be a "person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance." Mont.

---

[3] Although the R&R states that "decisions from courts in other jurisdictions" involved in opioid litigation "have recognized that the alleged misconduct interfered with a public right," R&R 29, other recent cases have held the opposite. *See, e.g.*, *State ex rel. Jennings v. Purdue Pharma L.P.*, 2019 WL 446382, at *13 (Del. Sup. Ct. Feb. 4, 2019) (granting motion to dismiss opioids-related nuisance claims similar to those at issue here for failure to plead interference with a public right). In any case, the New York and West Virginia trial court opinions do not constitute persuasive authority, as the West Virginia court simply signed the proposed order drafted by the plaintiff, and the New York court offered no analysis supporting its holding.

Code Ann. § 27-30-103.  This language is consistent with the traditional notion of public nuisance, which for centuries has limited nuisance to harmful uses of real property.  *See generally* Dkt. 1404.  The R&R nevertheless concludes that the Montana Supreme Court would likely ***not*** restrict nuisance claims to those involving land use, citing as support two cases that not only do not answer the question of what the Montana Supreme Court would do, but also are distinguishable.

*First*, the R&R relies on a Montana trial court decision upholding the State's nuisance claim against tobacco manufacturers.  *See State v. Phillip Morris, Inc.*, 1998 Mont. Dist. LEXIS 732, at *30–31 (Mont. Dist. Ct. Sept. 22, 1998).  But unlike the Tribe, the State of Montana is ***explicitly authorized by statute*** to abate a nuisance without pleading special injury.  *See* Mont. Code Ann. § 27-30-204 (permitting a "public body … authorized by law" to abate a nuisance without special injury); *id.* § 45-8-112(1) (permitting actions to abate public nuisance in the name of the State of Montana).  Accordingly, the State of Montana is not bound by the requirements of Section 27-30-103.  Because there is no law analogous to Section 45-8-112 authorizing the Tribe to abate a nuisance, it must plead special injury to its property or personal enjoyment, which it has not done.[4]

*Second*, the R&R relies on a California decision applying California law that is distinguishable on its facts.  *See ConAgra Grocery Prods.*, 227 Cal. Rptr. 3d 499.  In that case, the court found that a nuisance claim could be maintained because it was based on "affirmative promotion of lead paint for interior use, not [its] mere manufacture and distribution … or [defendants'] failure to warn of its hazards."  *Id.* at 529.  Neither case justifies the R&R's

---

[4]   The Tribe cannot rely on the "personal enjoyment" of its members because it has specifically disclaimed that it is asserting its members' rights.  *See* Opp. 77–78 ("[T]he Tribe's public nuisance claim does not seek recovery based on, or for, the personal injuries of any individual resident.").

overreaching conclusion that the Montana Supreme Court would permit a claim against distributors for the alleged over-supply of a legal product despite the "clear national trend to limit public nuisance to land use." *State ex rel. Jennings v. Purdue Pharma L.P.*, 2019 WL 446382, at *12 (Del. Sup. Ct. Feb. 4, 2019) (granting motion to dismiss opioids-related nuisance claims similar to those at issue here).

### III. THE R&R'S NEGLIGENCE ERRORS.

The R&R (at 34–38) erred in concluding that the Tribe properly pled negligence, negligence per se, and negligent misrepresentation claims against Distributors.

#### A. The Tribe Did Not Adequately Allege that Distributors Owe It a Duty of Care.

The R&R (at 34) erred in relying on the *Summit County* R&R and decision to conclude that Distributors owe the Tribe a duty of care. *See* Summit Obj., Dkt. 1079 at Part V.

The Tribe cannot base a duty of care upon the federal CSA or its Montana analogue as those statutes do not include private rights of action. Moreover the Tribe cannot base claims for negligence per se on statutes that do not include private rights of action. *See, e.g., Doyle v. Clark*, 254 P.2d 570, 577 (Mont. 2011), *superseded by statute on other grounds*, *Peterson-Tuell v. First Student Transp.*, 339 P.3d 16 (Mont. 2014). Nor does the Tribe satisfy the elements of negligence per se. Br. 22–23. As such, the negligence claims survive only if the Tribe can identify an underlying common-law duty. The Tribe has not identified, and cannot identify, such a duty.

Under Montana law, "[w]hether a party owes a legal duty depends largely on whether the allegedly negligent act was foreseeable." *Gourneau ex rel. Gourneau v. Hamill*, 311 P.3d 760, 762 (Mont. 2013). The Complaint fails to allege any injury to the Tribe that was "foreseeable" to Distributors. The Tribe alleges that Manufacturers' marketing campaign changed the standard of care for prescribing opioids for chronic pain. *E.g.*, Compl. ¶¶ 2, 11–12, 115–479, 764–98. In turn,

7

in response to what it viewed as an increase in the legitimate medical need for opioid medications, the DEA authorized ever-increasing manufacturing quotas for prescription opioids between 1993 and 2015.  Br. 23–24.  The Tribe's alleged harm was no more "foreseeable" to Distributors than it was to DEA.  Moreover, Distributors, whose role in the opioid supply chain is limited to filling orders placed by DEA-registered, state-licensed pharmacies, have no duty under Montana law to control the conduct of third parties who illegally diverted opioids after they left Distributors' control.  *See, e.g.*, *Krieg v. Massey*, 781 P.2d 277, 279 (Mont. 1989).

Finally, even assuming that Distributors had a duty to report or prevent suspicious opioid orders, the Complaint should be dismissed because that duty does not run to the Tribe.  The Complaint fails to allege that Distributors have any relationship with the Tribe that conceivably could give rise to such a duty.

### B.  The Tribe Did Not Adequately Allege a Breach of Duty by Distributors.

The R&R also erred (at 35) in concluding that the Tribe plausibly has alleged that Distributors breached a duty of care.  The gravamen of the Tribe's negligence claim is that Distributors breached a duty to report and halt suspicious opioid orders.  Yet the Complaint does not identify any pharmacy that placed suspicious orders, and it does not identify any specific order that Distributors should have reviewed or refused to fill, let alone any such order connected to the Tribe's alleged harm.

### C.  The Tribe Did Not Adequately Allege a Negligent Misrepresentation Claim.

In concluding that the Tribe has sufficiently pled the elements of negligent misrepresentation against Distributors, the R&R (at 37–38) erred when it held that *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435 (Mont. 2003), is not dispositive.  Under *Osterman*, to plead negligent misrepresentation, the Tribe is required to point to specific false statements Distributors allegedly made to it.  *Id.* at 443.  The Complaint identifies no such statements.  The R&R states

8

that Distributors "overstate" the significance of *Osterman* because the decision "address[es] the sufficiency of evidence introduced at trial, not dismissal of a claim on a motion to dismiss." R&R 38.  To the contrary, while *Osterman* was decided in the context of a motion for summary judgment, the decision emphasized that "the primary element of [a] cause of action" for negligent misrepresentation is that the defendant "made a false representation of material fact." *Osterman,* 80 P.3d at 443.  By failing to identify any such false representations, the Tribe has failed to plead the elements of negligent misrepresentation against Distributors.

## IV. THE R&R'S UNJUST ENRICHMENT ERRORS.

The R&R (at 40–41) erred in concluding that the Tribe properly pled an unjust enrichment claim against Distributors.

There is no basis under Montana law to hold that the Tribe's alleged payments for Distributors' "negative externalities," Opp. 109, give rise to a claim for unjust enrichment. *See* Br. 26; Reply 26–27; Chicago Br., Dkt. 571-1 at Part V; Chicago Reply, Dkt. 817 at Part V.  The R&R did not conclude otherwise, but instead upheld the unjust enrichment claim in the absence of "Montana authority indicating that Montana courts would reject this theory." R&R 41.  This was error: "to survive a motion to dismiss, the complaint must contain" sufficient allegations "to sustain a recovery under ***some viable legal theory***" under Montana law. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "Without some authoritative signal from the state's legislature or judiciary … federal courts in diversity cases should be extremely cautious about adopting substantive innovation in state law." *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015).

The unjust enrichment claim also suffers from several further defects requiring dismissal. First, the R&R failed to address Distributors' argument that the unjust enrichment claim is entirely derivative of its other, legally deficient claims, and so should be dismissed as duplicative. *See* Br.

9

27. Second, the Complaint failed sufficiently to allege that the Tribe conferred any benefit upon Distributors. *See* Br. 26; Reply 26–27. Finally, the Tribe failed to plead inequitable circumstances. *See* Br. 26; Reply 27; Chicago Br., Dkt. 571-1 at Part V. For all these reasons, the R&R erred in failing to recommend dismissal of the unjust enrichment claim.

## V. THE R&R'S CONSPIRACY ERRORS.

The R&R (at 41–42) erred in relying on the *Summit County* R&R and decision to conclude that the Tribe properly pled a civil conspiracy involving Distributors. First, the Tribe failed adequately to allege that Distributors entered into a conspiratorial agreement, as is required to state a claim for civil conspiracy. *See* Br. 28–29; *see also* Summit Obj., Dkt. 1079 at Part I. Second, the Tribe failed adequately to allege that Distributors performed any underlying unlawful acts under Montana law. *See* Br. 28–29; *see also* Summit Obj., Dkt. 1079 at Part I. Third, the R&R neglected to address Distributors' argument that the Tribe failed to plead proximate causation. *See* Br. 27–29; Reply 27–29. For all these reasons, the R&R erred in failing to recommend dismissal of the civil conspiracy claim.

## CONCLUSION

For the reasons herein and the reasons given in Distributors' motion to dismiss the Tribe's claims, the Court should overrule the R&R and dismiss the Tribe's RICO, nuisance, negligence, unjust enrichment, and civil conspiracy claims with prejudice.

Dated:  April 29, 2019                                    Respectfully submitted,

*/s/ Robert A. Nicholas*                                  */s/ Enu Mainigi*
Robert A. Nicholas                                        Enu Mainigi
Shannon E. McClure                                        F. Lane Heard III
REED SMITH LLP                                            Steven M. Pyser
Three Logan Square                                        Ashley W. Hardin
1717 Arch Street, Suite 3100                              WILLIAMS & CONNOLLY LLP
Philadelphia, PA 19103                                    725 Twelfth Street, NW
Tel: (215) 851-8100                                       Washington, DC 20005
Fax: (215) 851-1420                                       Tel: (202) 434-5000
rnicholas@reedsmith.com                                   Fax: (202) 434-5029
smcclure@reedsmith.com                                    EMainigi@wc.com
                                                          lheard@wc.com
*Counsel for AmerisourceBergen Corporation*               spyser@wc.com
*and AmerisourceBergen Drug Corporation*                  ahardin@wc.com

*/s/ Geoffrey E. Hobart*                                  *Counsel for Cardinal Health, Inc.*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street N.W.
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

**LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to the R&R, Distributors are permitted to file written objections of up to 15 pages.  These Objections adhere to that limit.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart

**CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart