UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 14, PART 6 REGARDING CARDINAL HEALTH PRIVILEGE CLAIMS |

**AGENDA ITEM NO. 81**

During Track One discovery, defendant Cardinal Health withheld thousands of documents from discovery as privileged, and/or produced the documents with redactions. This includes redacted minutes from meetings of its Board of Directors and Board committees ("Board Minutes"). Plaintiffs believed Cardinal's claims of privilege and/or redactions were in many instances inappropriate. To address this assertion, the Special Master directed plaintiffs to choose a sample of 100 documents for *in camera* review. After plaintiffs did so, Cardinal re-reviewed these documents and produced or un-redacted about 80 of the 100 documents it had previously designated as privileged.[1]

The Special Master now undertakes *in camera* review of the remaining challenged sample documents and rules as shown below, applying the legal standards and authorities set out in all prior

---

[1] In light of this statistic, the Special Master directed Cardinal Health to re-review its entire privilege log, apply the same heightened scrutiny, and produce to plaintiffs all documents it no longer believed were appropriately redacted or listed as privileged. This process is ongoing.

"Discovery Rulings No. 14, Part x."[2]

### I. Redactions to Board Minutes.

#### A. Legal Standard.

Cardinal Health submitted a letter explaining in detail its bases for the redactions to the Board Minutes, and provided both a redacted and a clean version of each document to the Special Master. Cardinal Health argues the redactions were appropriate, as Federal Rule 26(b)(1) only requires the disclosure of "non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Cardinal Health also argues some redactions were necessary to protect sensitive, business-related information from disclosure.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998). Under Rule 26, parties may obtain "discovery of any relevant, non-privileged information," that is "proportional to the needs of the case." *In re Ohio Execution Protocol Litig*. 845 F.3d 231, 236 (6th Cir. 2016) (citing Fed. R. Civ. P. 26(b)(1)).

"There are limits to discovery, however." *Gary Spano v. The Boeing Co.,* 2008 WL 1774460 at *2 (S.D. Ill. Apr. 16, 2008). Courts may limit discovery requests for information that is outside the scope allowed by Rule 26, or is cumulative or easily obtained elsewhere. Fed. R. Civ. P. 26(b)(2)(C). In addition, courts frequently restrict discovery based on relevance. *See id.* (collecting federal court cases limiting discovery requests of irrelevant information). Therefore, information

---

[2] *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, & 1498. Those standards and authorities are incorporated herein by reference.

contained in the Board Minutes produced by Cardinal Health that is irrelevant to the issues in this matter may be redacted where appropriate. *See, e.g., Schiller v. City of New York*, 2006 WL 3592547 at *7 (S.D.N.Y. Dec. 7, 2006) (upholding redaction of portions of meeting minutes not relevant to issues in the case).

### B. Rulings on Board Minutes.

The undersigned has reviewed carefully the documents at issue and concludes all of Cardinal Health's redactions were appropriate. The great majority of the redacted language relates to internal financial and business matters, both current and future, that are irrelevant to the pending litigation; and the remaining redactions are appropriate on the basis of attorney-client privilege.[3]

## II. The Privilege-Log Documents.

The Special Master rules on the documents at issue as shown in the attached chart.

## III. Documents related to the Dendrite Audit.

In Discovery Ruling No. 14, Part 5 (docket no. 1498), the Special Master ruled that a Cardinal document referred to as the "Dendrite Audit" was not privileged, and the Court overruled Cardinal's objection, *see* docket no. 1553. The Special Master also noted in DR 14-5 that "Cardinal has also treated other documents produced by Dendrite as privileged. For example, Cardinal has

---

[3] For the reasons explained in *Discovery Ruling No. 14, Part 1* (as amended) (docket nos. 1321 & 1380) (objections overruled, *see* docket no. 1428), Cardinal must produce "Category Two" documents based on waiver. The Special Master understands that none of the documents addressed in the instant *Ruling* are Category Two documents; but if they are, they must be produced, regardless of an individualized ruling otherwise herein.

listed on its privilege log, and not produced, reports created by Dendrite and provided to Cadwalader documenting Dendrite's pharmacy site visits." *Ruling* at 7; *see id.* at 15 n.11 (citing an example). It was documents like these (among others) to which the Special Master was referring when he concluded that "Cardinal must produce the Dendrite Audit, along with other, related documents." *Id.* at 19; *see id.* at 2 n.1. For the same reasons recited in DR 14-5, Cardinal must produce reports created by Dendrite documenting its pharmacy site visits.

### IV. Objections.

Any party choosing to object to any aspect of this Ruling must do so on or before 5:00 p.m. on May 7, 2019.

**RESPECTFULLY SUBMITTED,**

/s/ **David R. Cohen**
**David R. Cohen**
**Special Master**

**Dated: April 29, 2019**