# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) |
| | ) Judge Dan Aaron Polster |
| *County of Summit, Ohio, et al. v.* *Purdue Pharma L.P., et al.* Case No. 1:18-OP-45090 | ) ) **ORDER RE OBJECTIONS TO** ) **APRIL 24, 2019 DISCOVERY** ) **HEARING RULINGS** |
| *The County of Cuyahoga v.* *Purdue Pharma L.P., et al.* Case No. 17-OP-45004 | ) **BY SPECIAL MASTER COHEN** ) ) |

Before the Court is Defendants' Objection to Special Master's April 24 Rulings Regarding Defendants' SOMS/Anti-Diversion Expert Reports and Plaintiffs' Untimely Expert Reports and Opinions. **Doc. #: 1580**. During the discovery hearing, Special Master Cohen made several rulings resolving party disputes. Defendants specifically object to the following two rulings: 1) Defendants are granted a three-week extension for ten SOMS-related experts, Tr. of Apr. 24 Disc. Hr'g, Doc. #: 1575, at 37:8-9, and 2) the Special Master refused to strike Plaintiffs' untimely served expert reports and/or supporting documentation. *Id.* at 37:16-19.

Defendants spend significant time bemoaning the deadlines imposed by the Court's current Case Management Order No. 8 ("CMO-8"). *See, e.g.,* Doc. #: 1580 at 1 ("the untenable schedule in CMO 8."); *id.* at 4 ("the unworkable CMO 8 deadlines"); *id.* at 9 ("the deadlines imposed by CMO 8—including the late 2019 trial date—are unworkable"). The Court has already addressed

these concerns in a recent order and will not do so again. *See* Doc. #: 1560 at 2 ("this is the schedule Defendants proposed at the end of January, and nothing significant has changed since then.").

Defendants assert that all twenty-three defendant families, instead of just ten, should be granted a three-week extension to produce their SOMS/anti-diversion expert reports. Special Master Cohen granted Plaintiffs a three-week extension for five of Plaintiffs' SOMS experts.[1] Defendants contend that they should each be given the same extension. The Special Master reasonably recognized, however, that granting a three-week extension for twenty-three discreet Defendants' SOMS/anti-diversion experts would not be an efficient use of the parties' time. Special Master Cohen's well-taken compromise allows every Defendant to still have its own SOMS/anti-diversion expert (to which the Court has stated each Defendant is entitled), while at the same time allowing three additional weeks for up to ten of Defendants' experts to address any global issues related to SOMS/anti-diversion that may have been identified by Plaintiffs' experts.

Defendants also object to the Special Master's refusal to strike Plaintiffs' untimely-produced expert reports/opinions/supporting documentation. The underlying rationale behind Special Master Cohen's refusal is also well-taken. *See* Doc. #: 1575 at 31:9-11 (stating the Special Master's objective is "to make sure that [discovery rulings are] all being imposed fairly"). The Special Master recognized, and the Court agrees, that the complexity of this MDL should allow, and in many ways has allowed, for some modest flexibility and that Defendants will come to appreciate that flexibility when, for example, their expert reports are due. *See id.* at 31:14-17 ("The same thing is going to happen with defendants; probably even more[so] because the defendants have roughly five times as many experts. The same issues are going to arise.").

---

[1] Defendants assert that at least one of these five expert reports did not expressly receive an extension and should be stricken, and that one report was not SOMS-related at all. The Court, as described below however, affirms the Special Master, overrules Defendants' objection, and will not strike any of Plaintiffs' expert reports, so as a practical matter, five of Plaintiffs' SOMS experts were allowed additional time.

Accordingly, the aforementioned discovery rulings made during the April 24, 2019 discovery hearing are **AFFIRMED**. Defendants' objections, Doc. #: 1580, are **OVERRULED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  *April 30, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**