# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et. al.*<br>Case No. 17-op-45004<br><br>*The City of Cleveland v. AmerisourceBergen Drug Corp., et. al.*<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## ORDER COMPELLING NON-PARTY UNITED HEALTHCARE SERVICES, INC. TO CONSENT TO THE PRODUCTION OF CERTAIN DATA IN TRACK ONE CASES

WHEREAS, in Case Management Order No. 1 [Dkt. 232], this Court authorized discovery to proceed in the following three actions (the "Track One Cases"): (1) *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio); and

WHEREAS, Case Management Order No. 2 [Dkt. 441] authorized disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. § 160.103; and

WHEREAS, Special Master David Cohen and the Court have ordered plaintiffs in the Track One Cases (the "Track One Plaintiffs") to produce certain medical and prescription claims

information for any patient who received an opioid prescription, including records of medical treatment for that patient where no opioid prescription was provided, including but not limited to claims made by Track One Plaintiffs' employees, employees' dependents, incarcerated persons, retirees, and pension fund beneficiaries ("Claims Data"), in its Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, pursuant to those Orders, Track One Plaintiffs have produced certain Claims Data to Defendants in this action; and

WHEREAS, Track One Plaintiffs worked with Rawlings Financial Services, LLC ("Rawlings") to produce the Claims Data in the agreed format and subject to the agreed protections; and

WHEREAS, Defendant Allergan Finance, LLC ("Allergan") served a subpoena to United HealthCare Services, Inc. ("United") on November 16, 2018 (the "Subpoena") requesting, among other things, the production of (1) pharmacy claims data and medical claims data associated with current or former residents of the Track One Plaintiffs' jurisdictions who received an opioid prescription (the "Third Party Pharmacy Claims Data" and "Third Party Medical Claims Data," collectively the "Third Party Claims Data") and (2) certain preferred drug lists and formulary plans "that applied to any [Track One] Program," as that term is defined in Allergan's Subpoena (the "Lists and Plans"); and

WHEREAS, United timely objected to Allergan's Subpoena, including the requests for: (1) the Third Party Claims Data, on the grounds that, *inter alia*, it is overbroad and called for the production of data in which non-parties have a legitimate expectation or right of privacy that outweighs any possible basis for production; and (2) the Lists and Plans, on the grounds that, *inter*

*alia*, such documents are within the care, custody or control of parties to this litigation and otherwise available from sources that are more convenient, less burdensome, and/or less expensive; and

WHEREAS, United has represented that the Third Party Pharmacy Claims data responsive to Allergan's Subpoena is in the possession of its affiliate, OptumRx, a Party to this litigation which is subject to a separate subpoena issued by Defendants in this litigation; and

WHEREAS, United and Allergan have been instructed to confer further as to the Lists and Plans requested by Allergan's Subpoena and United's response to same; and

WHEREAS, on April 30, 2019 Special Master Cohen conducted a telephonic discovery hearing in which argument was heard from United regarding its objections to Allergan's request for Third Party Claims Data and Lists and Reports, including United's objections to consenting to Rawlings' production of Medical Claims Data associated with current or former residents of the Track One Plaintiffs' jurisdictions ("Rawlings/United Track One Resident Medical Claims Data") and otherwise coordinating the production of such data consistent with Track One Plaintiffs' production of the Claims Data pursuant to the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, the above-referenced hearing having taken place and Special Master Cohen having heard United's objections to producing or consenting to the production of Rawlings/United Track One Resident Medical Claims Data, including, *inter alia*, United's objections concerning the scope of the production and patient privacy under 42 C.F.R. Part 2, 45 C.F.R. 164.514(d), and 45 C.F.R. 164.502(b), which provides that "When using or disclosing protected health information

. . . a covered entity . . . must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request"; and

IT IS HEREBY ORDERED that the objections of United are overruled and United is compelled to immediately provide the necessary consent to Rawlings to allow Rawlings to immediately produce Rawlings/United Track One Resident Medical Claims Data associated with any current or former resident of the Track One Plaintiff jurisdictions who received an opioid prescription from 2008 to the present and as otherwise consistent with Track One Plaintiffs' production of the Claims Data pursuant to the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147].

To ensure the protection of sensitive personal health information in the Rawlings/United Track One Resident Medical Claims Data and to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services, the production of the Rawlings/United Track One Resident Medical Claims Data shall be made consistent with the findings, principles, procedures, and limitations in the Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases [Dkt. 1421], including and in addition to the following principles:

  a) Only those parts of the patients' records that are essential to fulfill the objective of this Order and the Track One Discovery Order Regarding Health-Related Information shall be disclosed.

  b) All claims data implicated by Part 2, must be de-identified as to individual information.  All Parties to this action and their counsel are hereby precluded from attempting to identify such de-identified Claims Data, including, but not limited to,

    using information from the Defendants' own files to seek to ascertain the identities of de-identified patients.

c) Only those attorneys for the parties in this action and consulting or testifying experts for the parties in this action who reasonably require the Rawlings/United Track One Resident Medical Claims Data for purposes of this litigation may receive claims data produced pursuant to this Order.  No other individuals—other than court personnel, court staff, and the Special Masters appointed in this action and their assistants—shall be permitted to access the Rawlings/United Track One Resident Medical Claims Data, and all individuals and entities who receive or transmit any claims data produced in this litigation will institute reasonable and appropriate steps to prevent against unauthorized disclosure of claims data.

d) Claims data produced pursuant to this Order shall be produced in an encrypted, password-protected form that can be accessed, decrypted, and downloaded only by those individuals identified in paragraph (c) above.

e) Claims data produced pursuant to this Order shall be produced with the following legend appearing in either the title of the electronic file or on the face of the document:  "CONFIDENTIAL HEALTH CARE CLAIMS DATA – ACCESS RESTRICTED TO ATTORNEYS AND EXPERTS."

f) All claims data produced pursuant to this Order shall be produced solely for purposes of this litigation, and shall only be used for purposes of this litigation.

g) All claims data produced pursuant to this Order shall be immediately destroyed upon the final resolution, termination, or settlement of the claims asserted by the Track One Plaintiffs in this litigation.

Any and all costs associated with the production of the Rawlings/United Track One Resident Medical Claims Data under this Order are to be borne by Defendants.

IT IS SO ORDERED.

DATED:  May 2, 2019

<u>David R. Cohen</u>                          .
SPECIAL MASTER DAVID R. COHEN