UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2804 |
| | | Case No. 1:17 MD 2804 |
| THIS DOCUMENT RELATES TO: | | Judge Dan Aaron Polster |
| ALL CASES | | |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF SETTLEMENT WITH FAVORABLE PUBLIC HEALTH OUTCOMES**

Proposed *amici curiae* The Center for Public Health Law Research at Temple University, ChangeLab Solutions, Health in Justice Action Lab, Network for Public Health Law, Northeastern University's Center for Health Policy and Law, the Public Health Advocacy Institute, and Public Health Law Watch (collectively "*amici curiae*"), through undersigned counsel, respectfully request leave of this Court to submit the attached brief in support of a settlement with favorable public health outcomes.

Proposed *amici curiae* appear in this proceeding as genuine friends of the court. The parties to this brief have no stake in any of the cases in the Multi-District Litigation, nor any of the arguments presented therein. *Amici curiae* also do not take a position on any pending motions in the bellwether cases.

The motion for leave to file is based upon the following:

1) Proposed *amici curiae* have an interest in the case and are well-placed to submit a brief *amicus curiae.* The proposed *amici* are nonprofit public health organizations or university-affiliated institutes dedicated to protecting and improving the public's health. *Amici* are

profoundly concerned about the acute and likely chronic public health crisis attributable to opioid addiction. It is their wish to discuss possible approaches the Court may consider that are informed by their experiences as researchers and practitioners.

The Center for Public Health Law Research at Temple University conducts and provides technical assistance for research that evaluates the implementation and impact of health laws. Staff has many years' experience mapping and analyzing state opioids policies.

ChangeLab Solutions works across the nation to advance equitable laws and policies that ensure healthy lives for all. We prioritize communities whose residents are at highest risk for poor health. Our interdisciplinary team of lawyers, planners, policy analysts, and more, works with neighborhoods, cities, and states to create thriving communities.

Health in Justice Action Lab is an interdisciplinary think tank based at Northeastern University. The Lab's portfolio focuses on advancing data-driven solutions to address today's overdose crisis. The statements expressed in this brief do not necessarily represent the views of any individuals or organizations affiliated with Health in Justice.

The Network for Public Health Law provides legal technical assistance along with resources and training to public health officials, practitioners, advocates and attorneys to enable them to make full use of the law as a tool to improve health outcomes. While organizations and individuals committed to improving public health can join the Network, the views expressed in this brief are solely those of Network staff and may not represent those of any affiliated individuals or institutions.

Through teaching, research, and engagement with key decision makers, Northeastern University's Center for Health Policy and Law promotes innovative solutions to public health

challenges at home and around the globe. The Center advances law and policy reforms to strengthen population health, reduce health disparities, nourish public health programs, and enhance access to affordable, high-quality health care. Housed in the School of Law and firmly rooted in the University's nine academic colleges and its international network, the Center brings together Northeastern faculty, students, and experts across disciplines to share knowledge; conduct and disseminate research; and influence the formulation and implementation of health policy and law. This brief has been joined by the Center for Health Policy and Law at Northeastern University School of Law, but does not present the view of the law school, University, or individual members of the faculty affiliated with the Center.

The Public Health Advocacy Institute ("PHAI") is a nonprofit organization incorporated in Massachusetts in 1979 and based in Boston, Massachusetts. PHAI is a legal research and advocacy center focused on public health issues. It is committed to research in public health law, public health policy development, legal technical assistance, and collaborative work at the intersection of law and public health, including litigation. The present case is of great interest to PHAI because failure to properly remediate the opioid epidemic will have devastating public health consequences. PHAI was actively involved in supporting the cost recovery actions of states against cigarette manufactures that resulted in the Tobacco Master Settlement Agreement ("MSA") in 1998 and has evaluated the public health impact of that settlement.

The Public Health Law Watch ("PHLW") is a project of the George Consortium, a nationwide network of over sixty public health law scholars, academics, experts, and practitioners who are dedicated to advancing public health through law. PHLW's goal is to increase visibility and understanding of public health law issues and changes, identify ways to engage on these issues, and provide legal analysis and commentary. The statements expressed in

this brief do not necessarily represent the views of any individuals or institutions affiliated with PHLW.

2) Proposed *amici curiae*'s expertise is timely and useful to this Court. Proposed *amici* come before the Court in support of its expressed wish that any settlement in this litigation includes measures to "do something meaningful to abate this crisis" and reduce its adverse public health impact rather than simply "moving money around." Transcript of Record at 416, In Re: National Prescription Opiate Litigation, MDL No. 2804, No. 1:17-CV-2804 N. Dist. Ohio (Jan. 9, 2018). The attached brief proposes elements of a settlement that serves these purposes. The brief also outlines the lessons learned from previous similar settlements and addresses features specific to the opiate crisis that, proposed *amici* believe, should be taken into account when crafting a settlement agreement that seeks to incorporate meaningful public health provisions. As stated by the Court, approximately 150 Americans die every day from opiate overdose. Proposed *amici* share the Court's sense of urgency, and submit this brief in hopes that a settlement can be reached quickly, so that new efforts can be deployed against this public health crisis as soon as possible.

3. The present Motion of *Amici Curiae* is readily distinguishable from those of the Mississippi Hospital Association ("MHA"), Doc #847 and 44 Hospital Amici ("44 Hospitals"), Doc #848. Proposed *amici* are aware that this Honorable Court has denied other Motions for Leave to File Brief of *Amici Curiae* (Doc #883) and, respectfully, asks the Court to consider how our effort to assist the Court is distinguishable from those of parties whose Motions were previously denied, and to consider extending the privilege of sharing our public health law and policy considerations with this Court.

Proposed *amici* are not seeking to duplicate the legal or policy arguments raised by any of the more than one thousand parties to this MDL. Rather, proposed *amici* believe that we have "a unique perspective or specific information that can assist the court beyond what the parties can provide." *Voices for Choices v. Illinois Bell Telephone Co.,* 339 F.3d 542, 545 (2003).

Indeed, we are impartial movants with respect to the arguments raised by the myriad of parties to the MDL. Our interest is only that the outcome of these proceedings leads to the most favorable public health outcome possible as a means to address the crisis around opioid dependence and overdose that affects so many communities and institutions throughout the nation. Our expertise derives from our law and policy experience with the opioid crisis and from close observation of the cost recovery litigation against cigarette manufacturers and the effect of those settlements on their underlying public health concerns.

4. No party's counsel authored the attached *amici curiae* brief in whole or in part. No party or party's counsel, and no person other than *amici curiae*, its members, or its counsel, contributed money intended to fund preparing or submitting the brief.

WHEREFORE, the proposed *amici curiae* respectfully request that this Court grant leave to file the attached brief.

Respectfully submitted,

*Amici Curiae*

By their attorney,

/s/Mark A. Gottlieb

Mark A. Gottlieb (MA Bar #627008)
Public Health Advocacy Institute at
Northeastern Univ. School of Law

360 Huntington Ave. 117CU
Boston, MA 02115
Phone # 617-373-8487
Fax    # 617-373-3672
mark@phaionline.org

Dated: May 3, 2019