

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

May 7, 2019

Scott Schutte, Esq.
Morgan Lewis
77 West Wacker Drive
Chicago, IL 60601-5094

      Re: Subpoena in *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)

Dear Mr. Schutte:

      You have requested on behalf of Defendant Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center ("Rite Aid") in the above captioned case for authorization for the Drug Enforcement Administration ("DEA") Diversion Investigator Donald Tush to appear at a deposition and testify regarding official Department of Justice ("DOJ") information. Specifically, you have requested documents and testimony from Mr. Tush regarding the following:

1. Audits of Rite Aid's Distribution Center in Perryman, Maryland;
2. DEA's interpretation, enforcement, and practices related to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74
3. Guidance and communication provided by DEA to Rite Aid, whether written or oral, regarding the criteria for what makes an order for controlled substances "suspicious" under 21 C.F.R. § 1301.74l and
4. Rite Aid's compliance with the aforementioned regulations.

(Letter from Shutte to Bennett, 1/25/19)

      Federal regulations govern the disclosure of official DOJ information by federal employees and agencies, including the Drug Enforcement Administration ("DEA"). 28 C.F.R. § 16.21-.29. The regulations apply when, as here, the United States is not a party to the proceeding. Under those regulations, current and former DEA employees are prohibited from disclosing official information absent express authorization from DOJ.

**GOVERNMENT EXHIBIT A**

28 C.F.R. § 16.22(a). The Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951), the Supreme Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. Nor did such regulations invade the court's authority to determine the admissibility of evidence. *Id.* at 468-70.

The Touhy regulations are a condition precedent to obtaining testimony or other information from a current or former DOJ employee, and the requesting party must comply with the regulations before DOJ or DEA may respond to any such request. See *Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *United States v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982). The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986). These concerns are especially significant when live testimony from a federal agency is sought. In that context, "an agency's choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007). Once an agency determines not to provide testimony "in the context of private litigation when the government is not a party, a court should not order testimony to be given ... without the showing of a compelling interest." *Alex*, 115 F.R.D. at 157; *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (to conserve agency resources and prevent a non-party agency from becoming embroiled in private litigation, the decision to permit employee testimony is committed to the agency's sole discretion).

Pursuant to 28 C.F.R. § 16.22, I am the official responsible for consulting with the DEA and authorizing any disclosure in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). I cannot release official information if disclosure would:

1. Violate as specific statute or regulations;
2. Reveal classified information;
3. Reveal a confidential source or informant;
4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or
5. Reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

The DEA was notified of this request and has stated that it opposes the request. After carefully considering the request, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that disclosure of official

DOJ information in response to this request is not appropriate under the procedural rules governing the case. Further, I find that releasing the requested information neither is appropriate under the law concerning privilege nor appropriate under 28 C.F.R. § 16.26(b)(5).

First, the request is not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). The Court has determined that the relevant time period for this case spans more than twenty years from 1996-2019. During that time, DEA conducted thousands of inspections of Registrants involved in the MDL. While your request only seeks testimony from one diversion investigator regarding one distribution facility, approving your request would potentially necessitate treating other Registrant-Defendants similarly. The agency does not have sufficient manpower or funds to authorize deposition testimony about all its inspections conducted over the past 23 years. Further, it would take personnel away from mission critical functions and would endanger the health, safety and welfare of the American people. Moreover, testimony about historical inspections that focused on physical security, control procedures, and inventory have little relevance to the issues involved in the MDL. Therefore, I find that this request is not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

Second, information regarding DEA's inspections of distribution facilities is privileged pursuant to the confidential law enforcement investigatory privilege and/or the deliberative process privilege. The law enforcement investigatory privilege protects civil as well as criminal law enforcement investigatory files from civil discovery. Here, the information sought would disclose law enforcement techniques and procedures, and interfere with ongoing and future investigations and enforcement actions. Therefore, the information is privileged pursuant to the law enforcement investigatory privilege.

Further, the information is protected by the deliberative process privilege. The deliberative process privilege applies if information is both predecisional and deliberative. *State of Missouri ex rel. Shorr v. U.S. Army Corps of Engineers*, 147 F.3d 708, 710 (8th Cir. 1998). Predicisional means information which is designed to assist agency decisionmakers at arriving at their decisions and which contains the personal opinions of the investigator rather than the policy of the agency. *Id.* Accordingly, the deliberative process privilege protects from disclosure documents and information obtained and prepared by a government agency in performing investigations and inspections to decide enforcement and compliance issues. *Environmental Protection Services, Inc. v. U.S. E.P.A.*, 364 F. Supp. 2d 575, 585 (N.D.W.V. 2005); *Cornucopia Institute v. United States Dep't of Agriculture*, 282 F. Supp. 3d 150, 162 (D.D.C. 2017). Here, DOJ information regarding investigations and inspections of Rite Aid's facilities was compiled for the purpose of reviewing and analyzing Rite Aid's compliance with federal law and regulations and to determine whether any enforcement actions would be necessary. Thus, the information collected for enforcement and compliance issues is protected by the deliberative process privilege.

The foregoing objections are not exclusive, and the DOJ and DEA reserve the right to assert further objections in response to the request as appropriate, including privileges and

protections such as the attorney-client privilege, the work product doctrine, and the informant's privilege.  If you have any questions, please contact Assistant U.S. Attorney James Bennett (216-622-3988).

                                             AVA ROTELL DUSTIN
                                             Executive Assistant United States Attorney
                                             Office of the United States Attorney
                                             Northern District of Ohio
                                             Acting Under Authority Conferred by 28 U.S.C. § 515

cc:      Diversion Investigator Donald Tush