

U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*Main: 216-622-3600*
*Facsimile: 216-522-4982*

May 7, 2019

Task Force Officer Lori Baker-Stella
United States Drug Enforcement Administration
Detroit Division
431 Howard Street
Detroit, MI 48226

      Re:  Subpoena in *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)

Dear Officer Baker-Stella:

    You have been requested by counsel for defendants in the above captioned case to appear at a continued deposition and testify regarding additional official Department of Justice information. The Drug Enforcement Administration (DEA) was notified of this request and has stated that it has no objections to a limited authorization as set forth below for you to appear and testify. Therefore, pursuant to 28 C.F.R. § 16.24, you are hereby authorized to appear and to give non-privileged, factual testimony within your personal knowledge regarding the following:

1. Your career as a deputized DEA Task Force Officer (TFO) assigned to the Tactical Diversion Squad;

2. Your general duties in your position as TFO;

3. Your general command structure as a TFO;

4. Your personal knowledge regarding any public payments or remissions between the DEA and Akron Police Department related to your position as a Task Force Officer;

5. Your personal knowledge of the diversion of prescription drugs into or within Summit County and/or Cuyahoga County generally;

6. Your personal knowledge of the general efforts of the task force to investigate or track the illegal entry, distribution, trafficking, diversion or use of opioids within Summit County and/or Cuyahoga County;

**GOVERNMENT EXHIBIT A**

7. Your personal knowledge of the general efforts of the task force to combat diversion, respond to the opioid epidemic, or assist others in doing so in Cuyahoga County and/or Summit County;

8. Your personal knowledge of the identities of any pharmacists, pharmacy technicians, nurses, doctors, other prescribers, patients, or other individuals who were charged and convicted of diverting controlled substances and/or unlawfully trafficking controlled substances into or within Summit County and/or Cuyahoga County;

9. Your personal recollection of any general, non-investigation specific communications you had with government officials within Cuyahoga County, government officials within Summit County, and/or the MDL defendants;

10. Your personal recollection regarding how many task force investigations you have been lead agent and how many other investigations you have participated in since joining the task force;

11. Your personal recollection of the general nature of the investigations you have been involved in as a TFO;

12. Your personal knowledge and experience regarding whether it is common for people to abuse prescription opioids without ever having a prescription;

13. Your personal knowledge of the general length of time it takes to complete diversion investigations;

14. Your personal knowledge of whether prescribing practices impact how much medication flows into Northeast Ohio;

15. Your personal knowledge of the most common forms of diversion in Northeast Ohio;

16. Your personal knowledge of whether there are drug-trafficking organizations that sell diverted prescription opioids in Northeast Ohio; and

17. Your personal recollection regarding whether you have used ARCOS and/or OARRS to investigate diversion.

With regard to these authorized areas of testimony, you are <u>not</u> authorized to disclose any information that would disclose privileged information, including, but not limited to, the following:

A. Information regarding any specific DEA investigations or activities;

B.    Classified and classifiable information;

C.    Information that would reveal the internal deliberative process within the United States Department of Justice, including the DEA, the United States Attorney's Office, and/or any other federal departments or agencies;

D.    Information that would reveal a confidential source or informant;

E.    Information the disclosure of which would violate a statute, including laws governing grand jury proceedings;

F.    Information that could threaten the lives or safety of any individual, including home addresses of law enforcement personnel;

G.    Information that could interfere with ongoing investigations and/or prosecutions;

H.    Information that could reveal investigative or intelligence gathering and dissemination techniques whose effectiveness would be thereby impaired;

I.    Privileged attorney-client information;

J.    Information that would reveal attorney work product or matters of prosecutorial discretion;

K.    Expert opinion testimony related to non-public facts or information acquired as part of your performance of your official duties; and

L.    Personal opinions regarding non-public facts or information acquired as part of your performance of your official duties.

If you are asked to testify beyond the limits stated above, you should respectfully decline to answer and explain that 28 C.F.R. § 16.22(a) precludes you from doing so. Further, you are not authorized to disclose official information on any other subject. If you have any questions, please do not hesitate to contact DEA Assistant Deputy Chief Counsel Sandra Stevens or Assistant U.S. Attorney James Bennett (216-622-3988).

*[Signature]*

AVA ROTELL DUSTIN
Executive Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
Acting Under Authority Conferred by 28 U.S.C. § 515