**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et. al.*<br>Case No. 17-op-45004<br><br>*The City of Cleveland v. AmerisourceBergen Drug Corp., et al.*<br>Case No. 18-op-45132 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**ORDER GOVERNING PRODUCTION OF NON-PARTY HUMANA HEALTH PLAN OF OHIO, INC.'S MEDICAL AND PHARMACY CLAIMS DATA FOR TRACK ONE CASES**

WHEREAS, in Case Management Order No. 1 [Dkt. 232], this Court authorized discovery to proceed in the following three actions (the "Track One Cases"): (1) *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio); (2) *The County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio); and (3) *City of Cleveland v. AmerisourceBergen Drug Corp.*, Case No. 18-OP-45132 (N.D. Ohio); and

WHEREAS, Case Management Order No. 2 [Dkt. 441] authorized disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. § 160.103; and

WHEREAS, Special Master David Cohen and the Court have ordered plaintiffs in the Track One Cases (the "Track One Plaintiffs") to produce certain medical and prescription claims information for any patient who received an opioid prescription, including records of medical treatment for that patient where no opioid prescription was provided, including but not limited to

claims made by Track One Plaintiffs' employees, employees' dependents, incarcerated persons, retirees, and pension fund beneficiaries ("Claims Data"), in its Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147]; and

WHEREAS, under those Orders, Track One Plaintiffs have produced certain Claims Data to Defendants in this action; and

WHEREAS, Track One Plaintiffs worked with Rawlings Financial Services, LLC to produce the Claims Data in the agreed format and subject to the agreed protections; and

WHEREAS, Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals ("Allergan"), served a subpoena to Humana Health Plan of Ohio, Inc. ("Humana") requesting, among other things, the production of medical and pharmacy claims data associated with current or former residents of the Track One Plaintiff jurisdictions who received an opioid prescription (the "Claims Data"); and

WHEREAS, Humana objected to the requests for the Claims Data on the grounds that it is overbroad and calls for the production of data in which non-parties have a legitimate expectation or right of privacy that outweighs any possible basis for production; and

WHEREAS, counsel for Humana and Allergan have conferred on multiple occasions concerning the production of the Claims Data.  Humana is concerned about the privacy implications of such production but consents to the production of certain Claims Data held by Rawlings Financial Services.  Accordingly,

IT IS HEREBY ORDERED that Rawlings Financial Services produce Claims Data in its possession, custody, and control, associated with any current or former resident of the Track One Plaintiff jurisdictions who received an opioid prescription from 2008 to the present and as

otherwise consistent with Track One Plaintiffs' production of the Claims Data under the Track One Discovery Order Regarding Health-Related Information [Dkt. 703], Discovery Ruling No. 7 [Dkt. 1051], and the Court's November 21, 2018 Order [Dkt. 1147].

To ensure the protection of sensitive personal health information in the Claims Data and to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services, Rawlings Financial Services must produce the Claims Data consistent with the findings, principles, procedures, and limitations in the Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases [Dkt. 1421], including and in addition to the following principles:

a) Only those parts of the patients' records that are essential to fulfill the objective of this Order and the Track One Discovery Order Regarding Health-Related Information must be disclosed.

b) All claims data that is implicated by Part 2 must be de-identified as to individual information. All Parties to this action and their counsel are precluded from attempting to identify such de-identified Claims Data, including, but not limited to, using information from the Defendants' own files to seek to ascertain the identities of de-identified patients.

c) Only those attorneys for the parties in this action and consulting or testifying experts for the parties in this action who reasonably require the Claims Data for purposes of this litigation may receive claims data produced under this Order.  No other individuals—other than court personnel, court staff, and the Special Masters appointed in this action and their assistants—will be permitted to access the Claims Data, and all individuals and entities who receive or transmit any claims

      data produced in this litigation will institute reasonable and appropriate steps to prevent against unauthorized disclosure of claims data.

d) Claims Data produced under this Order will be produced in an encrypted, password-protected form that can be accessed, decrypted, and downloaded only by those individuals identified in paragraph (c) above.

e) Claims Data produced under this Order must be produced with the following legend appearing in either the title of the electronic file or on the face of the document: "HIGHLY CONFIDENTIAL HEALTH CARE CLAIMS DATA – ACCESS RESTRICTED TO ATTORNEYS AND EXPERTS."

f) All claims data produced under this Order must be produced solely for purposes of this litigation and must only be used for purposes of this litigation.

g) All claims data produced under this Order must be immediately destroyed upon final resolution, termination, or settlement of the claims asserted by the Track One Plaintiffs in this litigation.

Defendants will bear all costs associated with the production of the Claims Data under this Order.

IT IS SO ORDERED.

DATED: May 21, 2019

_David Cohen_
SPECIAL MASTER DAVID R. COHEN