IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*,<br>Case No. 17-OP-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF DEFENDANT PRESCRIPTION SUPPLY INC.'S MOTION TO STRIKE IN PART PLAINTIFF'S THIRD AMENDED COMPLAINT**

Since filing this action in October 2017, Cuyahoga County has seen deadline after deadline pass, each more critical and progressive than the last, without adding Prescription Supply Inc.  Over a year ago, on the deadline to amend Track One complaints, the county filed an amended complaint and did not name Prescription Supply.  Three months ago—after the deadline for fact discovery—the county obtained leave to add eleven Defendants but not Prescription Supply.  As recently as the deadline for Defendants' expert reports two weeks ago, this case did not include Prescription Supply.  From October 2017 to May 2019, Prescription Supply remained a nonparty.

Yet on May 10, 2019, hours before the deadline expired for Defendants' expert reports, Cuyahoga County filed a Third Amended Complaint adding Prescription Supply, a small family-owned and operated company that according to Plaintiffs' own experts has *de minimis* market share.  As the Court and the other parties strive to narrow the issues for trial—the first in a litigation unprecedented in scale—the county is multiplying them.  What is more, instead of showing good cause and seeking the Court's leave, the county is multiplying the issues unilaterally.

Prescription Supply, which has not yet been served with process much less conducted defensive discovery, moves to strike itself from the Third Amended Complaint.

## ARGUMENT

**The Court should strike Prescription Supply from the Third Amended Complaint because the company, which was added without leave of Court, is "immaterial" and "impertinent" to Cuyahoga County's case.**

A court may strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading.  Fed. R. Civ. P. 12(f).  A matter is immaterial if it has "no essential or important relationship to the claim for relief being pleaded." *Lamson & Sessions Co. v. Indem. Ins. Co. of N. Am.*, No. 1:99-CV-1013, 1999 U.S. Dist. LEXIS 17412, at *4 (N.D. Ohio Oct. 19, 1999) (citation and internal quotation marks omitted).  Impertinent matter, in turn, does "not pertain, and [is] not necessary" to the disputed issues.  *Id.*

 A motion to strike should be granted when it will "eliminate spurious issues before trial and streamline the litigation." *Parker v. Miller*, No. 2:16-cv-1143, 2017 WL 3642372, at *4 (S.D. Ohio Aug. 24, 2017) (citations and internal quotation marks omitted).  While motions to strike may be disfavored when they cause delay, those that "remove unnecessary clutter from the case . . . serve to expedite, not delay." *Heller Fin., Inc. v. MidWhey Powder Co.*, 883 F. 2d 1286, 1294 (7th Cir. 1989).  As a result, this Court regularly grants motions to strike amended pleadings filed without leave of Court.  *See, e.g.*, *Glazer v. Chase Home Fin., LLC*, No. 1:09-cv-1262, 2017 WL 1190444, at *2 (N.D. Ohio Mar. 31, 2017) (striking amended complaint's class allegations filed without leave); *Smith v. Ferrero*, No. 5:17-cv-0150, 2017 WL 2537091, at *6 (N.D. Ohio June 12, 2017) (striking entire amended complaint filed without leave); *Fuller v. Cuyahoga Metro. Hous. Auth.*, No. 1:06-cv-2093, 2007 WL 1362812, at *2 (N.D. Ohio May 8, 2007) (Polster, J.) (striking claims in amended complaint filed without leave).

### A. The county added Prescription Supply without leave of Court.

As the Court well knows, the "title of the complaint must name all the parties." *Anonymous v. City of Hubbard*, No. 4:09-cv-1306, 2010 WL 148081, at *1 (N.D. Ohio Jan. 11, 2010) (quoting Fed. R. Civ. P. 10(a)).[1] The caption of Cuyahoga County's original Complaint, however, did not name Prescription Supply. *See generally* ECF No. 1–2. Nor did the captions of the Amended Complaint or the Second Amended Corrected Complaint. *See generally* ECF Nos. 28 and 35.

While the Second Amended Corrected Complaint contained allegations against Prescription Supply in the body, "a party that is not named in the caption of an amended complaint is not a party to the action." *Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *1 n.1 (S. D. Ohio May 6, 2011) (internal quotation marks omitted) (citing *Harris v. Auxilium Pharm., Inc.*, 664 F. Supp. 2d 711, 722 (S.D. Tex. 2009); *Jones v. Parmley*, No. 5:98-CV-374,

---

[1] *See, e.g.*, *Sanderson v. Healey*, No. 3:18CV-P35, 2018 WL 3232802, at *5 (W.D. Ky. July 2, 2018) ("Because Beshear, Wine, Balenovich, and Porter are not named in the title or caption of the complaint, they are not properly named defendants and are not parties to this action."); *R&B Delivery, Inc. v. FedEx Ground Package Sys., Inc.*, No. 1:17-cv-00241, 2018 WL 2090822, at *4 (E.D. Tenn. May 4, 2018) ("All defendants must be included in the case caption of the amended complaint."); *Franklin v. Michigan*, No. 4:16-cv-12699, 2017 WL 2262500, at *3 (E.D. Mich. Apr. 4, 2017) (holding that although plaintiff referred to multiple agents of the State of Michigan in the body of his complaint, only Michigan was a defendant because it was the only party besides the plaintiff listed in the caption); *Bailey v. Ruehlman*, No. 3:16-cv-5, 2016 WL 498877, at *2 (S.D. Ohio Feb. 9, 2016) (concluding that county was "not . . . properly named as a party to this action" because the county was not listed in the caption); *Shye v. Melton*, No. 2:14-cv-00025, 2015 WL 6395997, at *6 (M.D. Tenn. Oct. 21, 2015) (noting that failure to name and serve defendants warranted dismissal without prejudice); *Peoples v. City of Detroit*, No. 2:09-CV-12464, 2011 WL 4944299, at *4 (E.D. Mich. June 16, 2011) (explaining that police officers described in the complaint's body but not its caption were not defendants); *Malone v. City of Louisville*, No. 3:08CV-527, 2010 WL 1416693, at *1 n. 2 (W.D. Ky. Mar. 31, 2010) ("Because these individuals are not listed in the caption, they are not parties to this action."); *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2009 WL 3711602, at *7 n.9 (W.D. Mich. Nov. 3, 2009) ("Simply put, persons who are not named as parties in the caption of a complaint are not parties."); *Smith v. Stone*, 202 F. Supp. 11, 12 (E.D. Ky. 1962) ("Since the Stone and Smith Coal Company, Inc., is not named in the caption of the complaint and has not been brought in by amendment, the court can consider no claim against it"); *see also, e.g.*, *Emmerick v. Judy*, No. 2:07-cv-89, 2010 WL 1913590, at *7 n.8 (E.D. Tenn. May 12, 2010) ("The county is not clearly identified as a defendant in the caption of the complaint. However, the plaintiff does separately list the county in paragraph six as a defendant. The Court will not dismiss the claim against Washington County on this basis, however, *since not raised by the defendant*, despite the fact that Rule 10(a) requires that the caption of the complaint 'names all the parties.'" (Emphasis added.)).

2005 WL 928666, at *1 (N.D.N.Y. Apr. 20, 2005)); *Crisp v. Caruso*, No. 14-cv-14132, 2015 WL 9489605, at *2 (E.D. Mich. Dec. 30, 2015); *see also Malone*, 2010 WL 1416693 at *1 n.2 ("In other sections of the complaint, Plaintiff additionally identifies [other] defendants . . . . Because these individuals are not listed in the caption, they are not parties to this action.").[2]

The Third Amended Complaint of May 10, 2019, by contrast, includes Prescription Supply in the caption. *Compare* ECF No. 523 *with* ECF No. 1631 (Case No. 1:17-md-2804). While the pleading was filed with leave of Court, that leave did not extend to adding Prescription Supply. As Cuyahoga County itself has recognized, leave was limited to adding "additional U.S. subsidiaries of *Allergan*." ECF No. 1628 at 1 (emphasis added). Those entities included:

- Allergan Sales, LLC;
- Allergan USA, Inc.;
- Warner Chilcott Company;
- Actavis South Atlantic LLC;
- Actavis Elizabeth LLC;
- Actavis Mid Atlantic LLC;
- Actavis Totowa LLC;
- Actavis LLC;
- Actavis Kadian LLC;
- Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; and
- Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida.

*Compare* ECF No. 1377 at 2 *with* ECF No. 1576 at 1–2. Prescription Supply is not a subsidiary of Allergan. Ex. A, Haggerty Decl. ¶ 2. In filing a complaint that added Prescription Supply, Cuyahoga County added a party without leave of Court. And as this Court has observed,

---

[2] While the Court once held in *Eberhard v. Old Republic National Title Insurance Co.*, No. 1:11-cv-12293449, 2013 WL 12293449 at *5–6 (N.D. Ohio Sept. 13, 2013) that determining defendants depends on not only the caption but the allegations in the body of the complaint, that decision appears to have misconstrued the Sixth Circuit's decision in *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6th Cir. 1964). Indeed, "*Blanchard* in no way held, or even intimated, that merely calling someone a 'defendant' in the body of a complaint after failing to actually name them as parties defendant in the caption, is of no consequence when determining whether one timely asserted the claims against that person." *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2009 WL 3711602, at *13 (W.D. Mich. Nov. 3, 2009).

4

requests for leave to add parties to a litigation must be made under Federal Rule of Civil Procedure 21. *Sterling Jewelers Inc. v. Alex and Ani, LLC*, No. 5:17-cv-2540, 2019 WL 95842, at *2 (N.D. Ohio Jan. 3, 2019).

### B. The county cannot show good cause as required for leave to add parties.

While Prescription Supply will not speculate about why Cuyahoga County did not move for leave under Rule 21, the standard under that rule would have demanded a high showing. The deadline to amend Track One complaints passed more than a year ago, on April 25, 2018 (ECF No. 232 ¶3.b), and so the county would have needed to request either a modification of the schedule or permission to file after the expired deadline. Either request would have required good cause. *Compare* Fed. R. Civ. P. 6(b) *with* 16(b); *see also Dyer v. Casey*, 72 F. 3d 129 (6th Cir. 1995). The county could not make this showing for at least three reasons.

First and foremost, the county's request would be wildly late. The parties have finished fact discovery, are finishing expert discovery, and are now drafting motions for summary judgment. Not only did the deadline to amend Track One complaints expire over a year ago, but based on the allegations in the body of the Second Amended Corrected Complaint, the county has known this entire time that it wanted to make Prescription Supply a Defendant. *See, e.g.*, ECF No. 35 at 1 n.2. Cuyahoga County's oversight is not "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Second, the prejudice to Prescription Supply, which reasonably relied on Federal Rule of Civil Procedure 10(a) and the decisions in this circuit construing it, would be extreme. As a nonparty for the entire pendency of the original Complaint, Amended Complaint, and Second Amended Corrected Complaint—October 2017 to May 2019—Prescription Supply did not conduct defensive discovery in this action to prepare for summary judgment and trial against

5

Cuyahoga County.  Ex. A, Haggerty Decl. ¶ 5.  The company never, for example, subpoenaed pharmacies in Cuyahoga County (as it did for Summit County) or retained an expert to opine on its monitoring for suspicious orders placed in Cuyahoga County.  *Id.* ¶ 6.  In fact, unlike in the Summit County action, no attorney ever even entered an appearance for Prescription Supply in this action until today.  *Id.* ¶ 4.  Prescription Supply has not yet even been served.  *Id.* ¶ 7.  All the while, critical deadlines in this action have come and gone.

Based on the first and second reasons alone—undue delay and undue prejudice—the Sixth Circuit has affirmed a district court's denial of a motion for leave to add a party after discovery had ended.  *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F. 3d 427, 440–41 (6th Cir. 2005) (per curiam).  But there is a third reason, unique to this litigation, undercutting good cause: Prescription Supply's *de minimis* market share and operations in Ohio and Cuyahoga County render the company's absence from trial also *de minimis*.  If indeed, as Plaintiffs have suggested elsewhere, Defendants with 5% and less market share should be dropped from these cases (*see* ECF No. 1077 at 2–3), a defendant with a far, far smaller number has no place here (*see, e.g.*, ECF No. 1465 at ¶ 696 (showing Prescription Supply's total shipments of opioids in Ohio)).  In fact, the Cleveland Bakers and Teamsters Health and Welfare Fund and the Pipe Fitters Local Union No. 120 Insurance Fund, both based in Cuyahoga County, have already dismissed Prescription Supply voluntarily.  ECF No. 66 at 2-3 (Case No. 1:18-op-45432).  Much has been said by all involved in Track One about how best to eliminate parties and claims for trial.  Only Cuyahoga County disagrees, however, that Plaintiffs should not now be *adding* parties and claims for trial—especially ones with *de minimis* bearing on any recovery.

  **C.**  **As an improperly added Defendant with *de minimis* market share, Prescription Supply is immaterial and impertinent to the county's claims.**

Prescription Supply has no bearing on Cuyahoga County's action on two levels. On the first level, Prescription Supply was slipped into the caption of an amended pleading without leave. As a matter of law, then, Prescription Supply is immaterial and impertinent to the county's case because it is not properly before the Court.

On the second level, Prescription Supply's market share is so infinitesimal that the company's involvement here has no material effect on the county's case. Indeed, to the extent Prescription Supply has any real effect, it is in absentia, "streamlin[ing] the litigation." *See Parker*, 2017 WL 3642372 at *4.

## CONCLUSION

"Simply put, persons who are not named as parties in the caption of a complaint are not parties." *Aslani*, 2009 WL 3711602 at *7 n.9. Prescription Supply never appeared in the caption of a complaint in this action until two weeks ago, when Cuyahoga County added the company to the caption of the Third Amended Complaint unilaterally. The Court should dismiss Prescription Supply, a *de minimis* distributor, from the case and strike it from the caption, page i, and paragraphs 1, 99, 102, and 109 of the Third Amended Complaint.

Case: 1:17-md-02804-DAP  Doc #: 1648-1  Filed: 05/24/19  8 of 8.  PageID #: 46181

Date: May 24, 2019

Respectfully submitted,

<u>/s/ John J. Haggerty</u>
John J. Haggerty (0073572)
James C. Clark
Stephan A. Cornell
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com
jclark@foxrothschild.com
scornell@foxrothschild.com

*Counsel for Defendant,*
*Prescription Supply Inc.*