# EXHIBIT 1



Stone Manor Corporate Ctr.
2700 Kelly Road Suite 300
Warrington, PA 18976
Tel (215) 345-7500  Fax (215) 345-7507
www.foxrothschild.com

JOHN J. HAGGERTY
Direct No: 215.918.3564
Email: JHaggerty@FoxRothschild.com

May 17, 2019

**VIA EMAIL ONLY**

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, NY 10017
hunter@napolilaw.com

    Re:    *Cuyahoga County, et al. v. Purdue Pharma L.P., et al.*, No. 17-op-45004 (N.D. Ohio) <u>Addition of Prescription Supply Inc. Without Leave of Court</u>

Dear Mr. Shkolnik:

I write to notify you that Cuyahoga County has added Prescription Supply Inc. as a Defendant in the Third Amended Complaint without leave of Court. Because this addition is unsanctioned, we request that Cuyahoga County dismiss Prescription Supply from the lawsuit. Otherwise, we will have no choice but to move the Court to strike Prescription Supply from the pleading.[1]

---

[1] Fed. R. Civ. P. 12(f).

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota
Nevada   New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Washington



May 17, 2019
Page 2

As you know, the "title of the complaint must name all the parties."[2]  The caption of Cuyahoga County's original Complaint for Damages, however, did not name Prescription Supply.[3]  Nor did the captions of the Amended Complaint or the Second Amended Corrected Complaint.[4]  While the Second Amended Corrected Complaint contained allegations against Prescription Supply in the body,[5] "a party that is not named in the caption of an amended complaint is not a party to the action."[6]

On May 10, 2019, Cuyahoga County named Prescription Supply in the caption of the Third Amended Complaint.  The county did so, however, without leave of Court.  As the county itself has recognized,[7] leave to file the Third Amended Complaint extended only to add "additional U.S. Subsidiaries of *Allergan*":

- Allergan Sales, LLC;
- Allergan USA, Inc.;
- Warner Chilcott Company;
- Actavis South Atlantic LLC;
- Actavis Elizabeth LLC;
- Actavis Mid Atlantic LLC;

---

[2] Fed. R. Civ. P. 10(a); *see, e.g.*, *Sanderson v. Healey*, No. 3:18CV-P35, 2018 WL 3232802, at *5 (W.D. Ky. July 2, 2018); *Franklin v. Michigan*, No. 4:16-cv-12699, 2017 WL 2262500, at *3 (E.D. Mich. Apr. 4, 2017); *Bailey v. Ruehlman*, No. 3:16-cv-5, 2016 WL 498877, at *2 (S.D. Ohio Feb. 9, 2016); *Peoples v. City of Detroit*, No. 2:09-CV-12464, 2011 WL 4944299, at *4 (E.D. Mich. June 16, 2011); *Malone v. City of Louisville*, No. 3:08CV-527, 2010 WL 1416693, at *1 n. 2 (W.D. Ky. Mar. 31, 2010).

[3] *See generally* Defs. Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.'s Notice of Removal, Ex. 1 (Parts 1 and 2), Nov. 27, 2017, ECF Nos. 1-1 and 1-2, 1:17-op-45004.

[4] *See generally* Am. Compl., May 18, 2018, ECF No. 28, 1:17-op-45004; Second Am. Corrected Compl. ("SAC"), May 30, 2018, ECF No. 35, 1:17-op-45004.

[5] *See, e.g.*, SAC ¶¶ 1, 88, 95 and n.2.

[6] *Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *1 n.1 (S. D. Ohio May 6, 2011) (internal quotation marks omitted) (citing *Harris v. Auxilium Pharm., Inc.*, 664 F. Supp. 2d 711, 722 (S.D. Tex. 2009); *Jones v. Parmley*, No. 5:98-CV-374, 2005 WL 928666, at *1 (N.D.N.Y. Apr. 20, 2005)); *Crisp v. Caruso*, No. 14-cv-14132, 2015 WL 9489605, at *2 (E.D. Mich. Dec. 30, 2015); *see also Malone*, 2010 WL 1416693 at *1 n.2 ("In other sections of the complaint, Plaintiff additionally identifies [other] defendants . . . .  Because these individuals are not listed in the caption, they are not parties to this action.").

[7] Pls.' Mot. for Leave to File Third Am. Compl. Under Seal, at 1, May 10, 2019, ECF No. 1628, 1:17-md-02804.



May 17, 2019
Page 3

- Actavis Totowa LLC;
- Actavis LLC;
- Actavis Kadian LLC;
- Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; and
- Actavis Laboratories FL, Inc. f/k/a Watson Laboratories-Florida.[8]

Prescription Supply, as you know, is not a subsidiary of Allergan. Thus in filing an amended complaint that added Prescription Supply, Cuyahoga County added a party without leave. And obtaining leave at this late stage would require a showing both of "good cause" and "excusable neglect."[9] Based on the county's undue delay in adding Prescription Supply, and the resulting prejudice to Prescription Supply, obtaining that leave is most unlikely.[10]

We respectfully request, then, that Cuyahoga County file a motion to voluntarily dismiss Prescription Supply without prejudice. As an aside, the effect on any recovery by Cuyahoga County would be *de minimis*. As the report of one of Plaintiffs' own expert witnesses shows, Prescription Supply's market share in Cuyahoga County is just .68%.[11] And dismissing Prescription Supply voluntarily would show the Court that Cuyahoga County is working diligently to narrow the issues for trial—not multiplying them at the eleventh hour. I would appreciate hearing from you by Wednesday, May 22, 2019.

Very truly yours,

John J. Haggerty

JJH:sac

---

[8] Order, at 2, Feb. 15, 2019, ECF No. 1377, 1:17-md-02804 (emphasis added).

[9] Fed. R. Civ. P. 6(b)(1)(B); *see also* Fed. R. Civ. P. 16(b)(4).

[10] *See, e.g.*, *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F. 3d 427, 440–41 (6th Cir. 2005) (affirming denial of motion for leave to amend complaint to add party after discovery ended based on "undue delay" by plaintiff and "undu[e] prejudice[e]" to potential defendant).

[11] Expert Report of Craig J. McCann, PH.D, C.F.C., Appendix 9, at 3775, Mar. 25, 2019.