# EXHIBIT 2



March 22, 2019

**VIA EMAIL**

John J. Haggerty
Fox Rothschild, LLP
Stone Manor Corporate Ctr.
2700 Kelly Road, Suite 300
Warrington, PA 18976

      Re:  *In re National Prescription Opiate Litigation,* MDL No. 2804
           Letter Dated May 17, 2019

Counsel:

    We write in response to your May 17, 2019 letter concerning the status of Prescription Drug Supply, Inc. as a defendant in the Cuyahoga County action. We are available to meet and confer this week to discuss this further. However, we wanted to highlight several points in advance of our discussion.

    ***First***, Prescription Drug Supply, Inc. has been a defendant in the Cuyahoga County case since May 18, 2018, the date the Second Amended Complaint was filed. As you acknowledge, Prescription Drug Supply, Inc. is described throughout the complaint as a defendant, including in the very first paragraph which names each defendant.

    ***Second***, Prescription Drug Supply, Inc. was clearly aware of its status as a defendant in the Cuyahoga case as it has produced Cuyahoga specific data in discovery. Therefore, Prescription Drug Supply, Inc. has not been prejudiced by the mere fact that it had not been identified as a defendant in the caption of the complaint.

    ***Third***, the Northern District of Ohio and the Sixth Circuit support our position. The Northern District of Ohio found that failure to name a party in the caption of a Complaint is "not alone dispositive" of one's status as a party to the case. *Eberhard v. Old Republic Nat'l Title Ins. Co.*, 2013 U.S. Dist. LEXIS 202758, *17-19 (N.D. Ohio Sept. 13, 2013). In *Eberhard*, this Court found no good reason to dismiss Plaintiffs' claims based on this omission when the Complaint named the party at issue in several allegations. *Id.*

    In the Sixth Circuit, as noted by the Court in *Eberhard*, "the caption is not regarded as containing the plaintiff's claim; the court must look to the allegations in plaintiff's complaint to determine the nature of plaintiff's cause of action." *Id.* (citing *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964), *cert. denied*, 379 U.S. 831 (1964). Where a party has actual notice of a suit and is correctly identified in the body of the complaint, an error in the caption is a technical defect. *See, e.*g., *Blanchard*, 331 F.2d at 469.

    In *Eberhard*, this Court relied on other Circuit law, holding the same. *See Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) (caption of the complaint is not determinative as to who is a party to the suit); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) ("The caption is chiefly for the court's administrative convenience."); *Rice v. Hamilton Air Force Base Commissary*, 720



F.2d 1082, 1085 (9th Cir. 1983) ("A party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant").

                                                                   Sincerely,
                                                                   */s/ Hunter J. Shkolnik*
                                                                   Hunter J. Shkolnik
                                                                   Salvatore C. Badala
                                                                   Joseph L. Ciaccio