# EXHIBIT 3



Stone Manor Corporate Ctr.
2700 Kelly Road Suite 300
Warrington, PA 18976
Tel (215) 345-7500  Fax (215) 345-7507
www.foxrothschild.com

JOHN J. HAGGERTY
Direct No:  215.918.3564
Email: JHaggerty@FoxRothschild.com

May 23, 2019

**VIA EMAIL ONLY**

Hunter J. Shkolnik (hunter@napolilaw.com)
Salvatore C. Badala (sbadala@napolilaw.com)
Joseph L. Ciaccio (jciaccio@napolilaw.com)
Napoli Shkolnik PLLC
360 Lexington Avenue
New York, NY 10017

Re:   *Cuyahoga County, et al. v. Purdue Pharma L.P., et al.*, No. 17-op-45004 (N.D. Ohio)
      <u>Addition of Prescription Supply Inc. Without Leave of Court</u>

Dear Counsel:

Thank you for your letter of May 22, 2019 responding to my own correspondence of May 17, 2019. While we disagree on the propriety of Cuyahoga County's Third Amended Complaint and the related status of Prescription Supply Inc., I very much appreciate you clarifying the county's position.

To the extent that position rests on *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6th Cir. 1964), however, the county's reliance is misplaced. "*Blanchard* in no way held, or even intimated, that merely calling someone a 'defendant' in the body of a complaint after failing to actually name them as parties defendant in the caption, is of no consequence when determining whether one timely asserted the claims against that person." *Asiani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2009 WL 3711602, at *13 (W.D. Mich. Nov. 3, 2009).  The panel in *Blanchard* did not even address whether a court should look beyond the caption to identify the parties.  Instead, the panel considered whether doing so is appropriate to identify "'the nature of plaintiffs' cause of action.'"  *Id.* (quoting *Blanchard*, 331 F.2d at 469) (citation omitted)).

To be sure, while bemoaning "the neglect of Plaintiffs' counsel in carelessly failing to include Ohio Title's name as a defendant in the case caption," this Court once held that determining whether a defendant has been named depends on the allegations in the body of the complaint. *Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 1:11-cv-12293449, 2013 WL 12293449, at *5–6 (N.D. Ohio Sept. 13,

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota
Nevada   New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Washington



May 23, 2019
Page 2

2013).  But the *Eberhard* Court relied in part on *Blanchard*, *see id.*, 2013 WL at *5, which has no bearing on identifying defendants.  *Asiani*, 2009 WL 3711602 at *13.  Of the other cases cited in *Eberhard*, not one was handed down by the Sixth Circuit Court of Appeals or a district court within its jurisdiction, and thus none is precedential here.  In fact, no court within the Sixth Circuit has ever followed *Eberhard* itself to look beyond the caption of a complaint and deem, as a defendant, an individual or entity identified only in the body.

As for discovery, you cite no authority whatsoever for the idea that Prescription Supply's production of Cuyahoga County-specific data, through its former counsel (ECF No. 1214), somehow renders the company a defendant.  As Judge Easterbrook has explained in rejecting the idea that someone mentioned in the body of a complaint, but not the caption, is still a party to the suit: "Naming . . . defendants is vital: How can one defend without first becoming a party?"  *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (Easterbrook, J.).

Yet if Prescription Supply's participation or nonparticipation in discovery were relevant to its status, that factor would favor Prescription Supply.  The company—relying on Rule 10(a)—did not conduct defensive discovery in this action to prepare for summary judgment and trial.  Prescription Supply did not, for example, subpoena pharmacies in Cuyahoga County or retain an expert to opine on its monitoring for suspicious orders placed in Cuyahoga County.  And unlike in the Summit County case, and in the MDL, no attorney has ever even entered an appearance on behalf of Prescription Supply in this action.

We respectfully urge you to reconsider your position and move for voluntary dismissal of Prescription Supply from this action.  Please let me know if you will do so at your earliest convenience.  Otherwise, we will have no choice but to file tomorrow a motion to strike the Third Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).

We are happy to meet and confer any time this week except 1:30–2:30 pm eastern today.

 Very truly yours,

John J. Haggerty

JJH:sac

cc: Frank Gallucci (fgallucci@pglawyer.com)