UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) "*Track One Cases*" ) ) ) ) ) | CASE NO. 1:17-MD-2804 SPECIAL MASTER COHEN **DISCOVERY RULING NO. 20 REGARDING CONFIDENTIALTY DESIGNATIONS** |

This matter is before the Special Master upon the parties' request to resolve disputes regarding whether defendants AmerisourceBergen Drug Company ("ABDC"), Cardinal Health, Inc., and McKesson Corporation have properly designated as confidential portions of Rule 30(b)(6) depositions. The parties resolved many confidentiality disputes through the meet and confer process, but ask the Special Master to resolve their remaining disagreements. *See* Agenda Item 83.

**I.      Factual and Procedural History**.

Case Management No. 2 ("CMO-2" or the "Protective Order") addresses discovery of "potentially confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted." *See* docket no. 441. This Protective Order "does not confer blanket protection" on all disclosures or discovery; rather, it sets forth the legal principles for treating discovery as confidential

based upon the following definitions:

> 10. <u>Confidential Information</u>. "Confidential Information is defined herein as information that the Producing Party in good faith believes would be entitled to protection on a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) on the basis that it constitutes, reflects, discloses, or contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, personnel records, Confidential Protected Information, protected law enforcement materials (including investigative files, overdose records, Narcan, coroner's records, court records, and prosecution files), research, technical, commercial or financial information that the Designating Party has maintained as confidential, or such other proprietary or sensitive business and commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential Information. In designating discovery materials as Confidential Information, the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "Confidential."
> 11. <u>Highly Confidential</u>. Highly Confidential is defined herein as information which, if disclosed, disseminated, or used by or to a Competitor of the Producing Party or any other person not enumerated [herein], could reasonably result in possible antitrust violations or commercial, financial, or business harm.

Protective Order at 4-5. The Protective Order further states:

> This Protective Order shall not be construed to protect from production or to permit the "Confidential Information" or "Highly Confidential Information" designation of any document that (a) the party has not made reasonable efforts to keep confidential, or (b) is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party or the individual or individuals who caused the information to become public, generally available to the public through publication or otherwise.

*Id.* at 8, ¶28; *see also* docket no. 1357 at 2, ¶3 (addressing "Access to Confidential and Highly Confidential Information").

In July and August of 2018, each defendant produced a Rule 30(b)(6) witness for deposition and then designated portions of the testimony and exhibits as Confidential or Highly Confidential.

Plaintiffs' wrote to the Special Master on December 11, 2018, setting forth arguments as to why various confidentiality designations are inappropriate. *See* Exhibit 83-A at 21-26. Defendants jointly replied on December 18, 2018, explaining why the disputed deposition testimony and exhibits should be upheld as confidential. *See* Exhibit 83-A at 1230-1262.

The Special Master has considered these submissions and applies the legal standards set forth below to rule upon each challenged designation. In the chart at the end of this Order, "sustained" means that the defendants' confidentiality designation is appropriate, while "overruled" means the confidentiality designation is not well-taken.

II. **Legal Standards**.

The explicit terms of the Protective Order and well-established case law provide that defendants, as the designating parties, bear the burden of showing good cause that the challenged information is entitled to protection under Rule 26(c)(1)(G). *See* docket no. 441 at 24, ¶52; *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) ("The burden of establishing good cause for a protective order rests with the movant."). To show good cause, Defendants "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. APP'X at 500 (internal citations omitted). That a party may "deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill North Coke Co.*, 2014 WL 360013 at *2 (S.D. Ohio Feb. 3, 2014). Rather, the party must demonstrate that the information qualifies as "confidential commercial information" entitled to protection under Rule 26(c)(1)(G). *Charvat v. EchoStar Satellite,* LLC, 269 F.R.D. 654, 656 (S.D. Ohio 2010).

Defendants assert two categories of information are entitled to protection as "Highly

Confidential:" (1) information concerning revenues and transactional data (i.e. customer-specific transactions); and (2) information about current controlled substance monitoring systems ("SOMS"). *See* Lynch Letter, Doct. 83H at 1254-55. Defendants further assert six categories of information are entitled to protection as "Confidential": (1) documents and procedures from prior SOMS; (2) investigations and/or suspension of sales to specific customers; (3) non-public communications between DEA/DOJ and individual Defendants; (4) Defendants' business strategies and/or legal conclusions affecting SOMS; (5) policies, procedures, and sales information concerning Defendants' distribution operations; and (6) impacts of or policy factors affecting Defendants' SOMS. *Id.* at 1257.

Plaintiffs challenge these designations, claiming the defendants have not met their burden of proof and also that the designations contain information that is: (i) otherwise publicly available; (ii) stale or old; and/or (iii) does not qualify for protection as research, technical, commercial, financial, or other proprietary or sensitive business and commercial information. The Special Master concludes a great majority of plaintiffs' challenges are well-taken, many because the documents or testimony at issue address events that are over a decade old and simply are no longer (or never were) proprietary, secret, or confidential; and many because defendants do not carry their burden of showing good cause that the challenged information is entitled to protection.

### III.    Rulings.

### A.    ABDC Discovery Designations.

On August 3, 2018, ABDC produced Chris Zimmerman as its 30(b)(6) deposition witness. On September 6, 2018, ABDC designated portions of the deposition testimony, as well as certain exhibits used at deposition, as Confidential or Highly Confidential. ABDC then provided the

Special Master with a chart outlining the legal reasoning for each designation.  *See* Exhibit 83-I at 1264-1287.  Having reviewed these materials, the Special Master rules as follows.

| Deposition Page/Line | Ruling |
|---|---|
| 52:22-53:12 | Overruled. |
| 62:21-63:12 | Overruled. |
| 66:9-66:15 | Overruled. |
| 67:5-70:7 | Overruled. |
| 72:22-73:21 | Overruled. |
| 108:11-130:1 | Overruled from 108:11-113:2; Sustained from 113:3-118.17; Overruled 118:8-130:1 |
| 139:11-143:3 | Overruled. |
| 144:21-145:2 | Overruled. |
| 179:13-185:18 | Overruled. |
| 185:19-192:12 | Sustained. |
| 199:1-224:23 | Sustained. |
| 229:3-230:7 | Overruled. |
| 244:1-245:3 | Overruled. |
| 247:12-16 | Overruled. |
| 249:21-250:20 | Overruled. |
| 251:13-251:20 | Sustained. |
| 252:4-253:17 | Sustained. |
| 255:23-261:2 | Sustained. |
| 263:1-269:6 | Sustained. |
| 276:12-283:22 | Sustained. |
| 285:3-302:24 | Sustained. |
| 303:1–303:20 | Overruled. |
| 312:13-317:15 | Overruled. |

| Deposition Page/Line | Ruling |
| --- | --- |
| 317:17-318:4 | Overruled. |
| 318:5-14 | Overruled. |
| 318:15-322:5 | Sustained. |
| 322:7-323:10 | Overruled. |
| 323:11-326:18 | Sustained. |
| 326:19-22 | Overruled. |
| 339:4-343:19 | Sustained. |
| 345:10-347:4 | Sustained. |
| 365:4-8 | Overruled. |
| 384:8-385:4 | Sustained. |
| 385:11-404:7 | Sustained. |
| 406:10-14 | Overruled. |
| 408:5-411:14 | Overruled from 408:5-410:11; Sustained from 410:12-411:14. |
| 413:5-432:21 | Sustained. |
| 445:22-451:16 | Overruled. |
| 452:8-16 | Overruled. |
| 453:22-465:24 | Sustained. |
| 482:21-483:21 | ABDC withdrew its designation of confidentiality. |

| Exhibits | Ruling |
| --- | --- |
| 7 | Sustained. |
| 8 | Overruled. |
| 9 | Sustained. |
| 10 | Sustained. |
| 11 | Overruled. |

| Exhibits | Ruling |
|---|---|
| 12 | Overruled. |
| 14 | Sustained. |

B.   **Cardinal's Discovery Designations.**

On August 8, 2018, Cardinal produced Jennifer Norris as its Rule 30(b)(6) deposition witness.  On August 31, 2018, Cardinal designated the entire deposition transcript and all related exhibits as Confidential.  After a series of meet and confers with Plaintiffs, Cardinal de-designated some of the deposition testimony and exhibits, and the parties agreed that other portions of the deposition were properly designated as confidential.  The Special Master rules as follows on the parties' remaining disputes.

| Deposition Page/Line | Ruling |
|---|---|
| 24:2-25:5 | Overruled. |
| 25:21-26:6 | Overruled. |
| 29:17-29:23 | Overruled. |
| 30:10-31:12 | Overruled. |
| 32:11-33:3 | Overruled. |
| 37:11-37:17 | Overruled. |
| 38:5-39:15 | Overruled. |
| 40:23-42:15 | Overruled. |
| 47:11-47:22 | Overruled. |
| 48:24-49:5 | Overruled. |
| 49:17-50.6 | Overruled. |
| 55:1-55:10 | Overruled. |
| 56:11-57:5 | Overruled. |

| Deposition Page/Line | Ruling |
|---|---|
| 59:10-59:21 | Overruled. |
| 68:6-68:14 | Overruled. |
| 73:24-75:8 | Overruled. |
| 76:1-79:8 | Overruled. |
| 79:22-80:17 | Overruled. |
| 84:19-85:17 | Overruled. |
| 85:21-86-3 | Overruled. |
| 92:15-93:2 | Overruled. |
| 118:21-119:14 | Overruled. |
| 119:23-120:20 | Overruled. |
| 121:1-121:22 | Overruled. |

| Deposition Page/Line | Ruling |
|---|---|
| 122:16-123-18 | Overruled. |
| 124:24-128:16 | Overruled. |
| 131:23-132:13 | Overruled. |
| 134:4-135:3 | Overruled. |
| 135:10-135:16 | Overruled. |
| 136:17-138:22 | Overruled. |
| 139:19-140:2 | Overruled. |
| 143:9-150:11 | Overruled. |
| 150:22-151:4 | Overruled. |
| 151:19-152:6 | Overruled. |
| 152:17-154:8 | Overruled. |
| 155:8-155:14 | Overruled. |
| 161:17-161:23 | Overruled. |

| Deposition Page/Line | Ruling |
|---|---|
| 162:6-162:10 | Overruled. |
| 170:20-172:16 | Overruled. |
| 173:8-174:4 | Overruled. |
| 176:16-177:2 | Overruled. |
| 177:12-177:16 | Overruled. |
| 178:15-179:23 | Overruled. |
| 180:5-180:16 | Overruled. |
| 182:4-183:18 | Overruled. |
| 184:1-185:8 | Overruled. |
| 185:14-185:17 | Overruled. |
| 185:21-186:8 | Overruled. |
| 186:9-187:7 | Overruled. |
| 187:8-189:13 | Sustained. |
| 189:14-189:20 | Overruled. |
| 189:21-190:9 | Overruled. |
| 191:4-192:12. | Overruled. |
| 193:10-194:12 | Overruled. |
| 194:19-195:20 | Overruled. |
| 195:23-197:5 | Overruled. |
| 198:3-198:12 | Overruled. |
| 198:23-199:10 | Overruled. |
| 199:21-202:1 | Overruled. |
| 203:4-203:9 | Overruled. |
| 203:20-204:15 | Overruled. |
| 206:4-207:10 | Overruled. |
| 210:8-210:10 | Sustained. |
| 211:10-211:12 | Sustained. |

| Deposition Page/Line | Ruling |
|---|---|
| 211:19-213:5 | Sustained. |
| 213:12-217:1 | Sustained. |
| 217:13-224:21 | Sustained. |
| 225:4-226:2 | Overruled. |
| 226:8-227:10 | Overruled. |
| 227:20-228:6 | Overruled. |
| 229:8-233:20 | Overruled. |
| 233:21-234:2 | Overruled. |
| 234:15-234:23 | Overruled. |
| 236:3-236:8 | Overruled. |
| 236:9-236:12 | Overruled. |
| 236:13-237:5 | Overruled. |
| 237:21-240:14 | Sustained. |
| 242:16-243:1 | Overruled. |
| 245:14-247:4 | Sustained. |
| 249:22-251:12 | Overruled. |
| 251:19-253:23 | Sustained. |
| 254:6-256:18 | Sustained. |
| 256:19-257:21 | Sustained. |
| 257:22-258:3 | Sustained. |
| 258:4-258:13 | Sustained. |
| 258:14-261:10 | Sustained. |
| 262:5-265:18 | Sustained. |
| 265:19-266:6 | Sustained. |
| 266:7-270:24 | Sustained. |
| 271:1-271:10 | Sustained. |
| 271:11-271:19 | Sustained. |

| Deposition Page/Line | Ruling |
|---|---|
| 272:15-275:4 | Sustained. |
| 280:3-280:10 | Overruled. |
| 282:21-284:5 | Sustained. |
| 285:8-286:3 | Sustained. |
| 289:16-297:11 | Overruled. |
| 297:12-301:2 | Overruled. |
| 301:21-303:16 | Sustained. |
| 303:17-304:18 | Overruled. |
| 305:12-306:19 | Overruled. |
| 307:12-307:23 | Overruled. |
| 307:24-309:2 | Overruled. |
| 309:5-309:18 | Overruled. |
| 310:8-310:17 | Overruled. |
| 312:10-312:13 | Overruled. |

| Exhibits | Ruling |
|---|---|
| Norris 9 | Overruled. |
| Norris 13 | Overruled. |
| Norris 15 | Overruled. |
| Norris 16 | Sustained. |
| Norris 18 | Overruled. |
| Norris 19 | Overruled. |
| Norris 20 | Overruled. |
| Norris 21 | Sustained. |
| Norris 22 | Sustained. |
| Norris 26 | Sustained. |
| Norris 27 | Sustained. |

| Exhibits | Ruling |
|---|---|
| Norris 28 | Sustained. |
| Norris 29 | Sustained. |
| Norris 32 | Overruled. |
| Norris 34 | Overruled. |
| Norris 35 | Sustained. |

**C.     McKesson Discovery Designations.**

On July 31, 2018, McKesson produced Nathan Hartle as its Rule 30(b)(6) deposition witness. On August 31, 2018, McKesson designated much of the deposition transcript and exhibits as Confidential or Highly Confidential. After a series of meet and confers with Plaintiffs, McKesson reduced its confidential designations. McKesson also designated 16 exhibits as Confidential or Highly Confidential. The Special Master Rules as follows on the parties' disputes.

| Deposition Page/Line | Ruling |
|---|---|
| 73:8-73:16 | Overruled. |
| 108:19-111:12 | Overruled. |
| 112:18-116:16 | Overruled. |
| 118:13-120:7 | Sustained. |
| 120:14-123:2 | Sustained. |
| 123:13-128:19 | Sustained. |
| 129:8-130:5 | Sustained. |
| 130:11-131:20 | Sustained. |
| 132:3-133:6 | Sustained. |
| 161:24-162:7 | Overruled. |
| 164:1-164:11 | Overruled. |

| Deposition Page/Line | Ruling |
|---|---|
| 172:8-173:18 | Overruled. |
| 174:2-175:8 | Overruled. |
| 175:17-176:12 | Overruled. |
| 176:24-177:16 | Overruled. |
| 178:2-178:16 | Overruled. |
| 181:7-182:3 | Overruled. |
| 182:18-184:11 | Sustained. |
| 187:24-194:11 | Sustained. |
| 194:18-195:3 | Sustained. |
| 197:8-197:12 | Overruled. |
| 204:12-205:19 | Overruled. |
| 206:2-209:11 | Sustained. |
| 210:5-212:15 | Overruled. |
| 212:23-213:23 | Overruled. |
| 230:8-233:11 | Sustained. |
| 234:3-237:12 | Sustained. |
| 238:7-238:17 | Sustained. |
| 239:1-242:10 | Sustained. |
| 243:11-243:15 | Sustained. |
| 243:24-245:14 | Sustained. |
| 245:18-246:21 | Sustained. |
| 254:4-254:8 | Overruled. |
| 265:11-267:11 | Sustained. |
| 282:14-286:16 | Overruled. |
| 294:13-295:8 | Overruled. |
| 295:18-296:4 | Overruled. |
| 296:6-296:11 | Sustained. |

| Deposition Page/Line | Ruling |
|---|---|
| 296:13-296:20 | Overruled. |
| 297:1-299:3 | Sustained. |
| 299:21-300:13 | Overruled. |
| 300:17-301:4 | Overruled. |
| 302:18-303:4 | Overruled, but the names of the pharmacies referenced in the exhibit must remain confidential at this time. |
| 303:20-304:12 | Sustained. |
| 304:17-304:21 | Overruled. |
| 305:8-305:9 | Overruled. |
| 307:22-308:1 | Overruled. |
| 309:2-310:11 | Overruled. |
| 337:8-340:6 | Sustained. |
| 341:2-341:25 | Sustained. |
| 342:16-344:2 | Sustained. |
| 344:3-347:2 | 344:10-11: parties agree this portion of the deposition is properly designated as confidential; designation as to all other testimony Sustained. |
| 347:3-347:24 | Sustained. |
| 348:5-350:14 | Page 348, line 12, parties agree this portion of the deposition is properly designated as confidential; designation as to all other testimony Sustained. |

| Deposition Page/Line | Ruling |
|---|---|
| 350:20-358:3 | Page 355, line 14, parties agree this portion of the deposition is properly designated as confidential; designation as to all other testimony Sustained. |
| 358:21-359:13 | Sustained. |
| 359:15-364:5 | Page 361, line 25 to 362 line 3, parties agree this portion of the deposition is properly designated as confidential; designation as to all other testimony Sustained. |

| Exhibits | Ruling |
|---|---|
| No. 12 | Overruled. |
| No. 17 | Overruled. |
| No. 18 | Overruled. |
| No. 19 | Overruled. |
| No. 20 | Overruled. |
| No. 21 | Overruled. |
| No. 22 | Overruled. |
| No. 24 | Overruled. |
| No. 26 | Overruled. |
| No. 29 | Sustained. |
| No. 30 | Overruled. |
| No. 31 | Sustained. |
| No. 32 | Overruled, but the names of the pharmacies referenced in the exhibit must remain confidential at this time. |

| Exhibits | Ruling |
|---|---|
| No. 33 | Sustained. |
| No. 34 | Sustained. |
| No. 40 | Parties agree this Exhibit is confidential. |

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: May 28, 2019**