UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-op-45004 | ) ) **ORDER** ) |

      Before the Court is Defendant Prescription Supply Inc.'s Motion to Strike in Part Plaintiff's Third Amended Complaint. **Doc. #: 1648**.[1] On May 18, 2018, Plaintiff Cuyahoga County filed a Second Amended Complaint ("SAC") that added several new defendants and contained numerous allegations against each newly added defendant. Doc. #: 476.[2] Prescription Supply Inc. ("PSI") was among the added defendants and was discussed throughout the body of the SAC but was not named in the case caption. On June 25, 2018, PSI accepted service of Plaintiffs' SAC. *See* Case No. 1:17-op-45004, Doc. #: 51; *see also* Doc. #: 836 (waiving service for all cases). Upon receiving leave to amend its complaint a third time for an unrelated reason,[3] Plaintiff corrected the caption error, adding PSI to the case caption. Doc. # 1630; 1631. PSI now moves to have itself stricken from the Third Amended Complaint ("TAC") as a party to this litigation based on Plaintiff's failure to name PSI in the case caption of the SAC.

---

[1] Unless expressly indicated otherwise, all docket references are to the main MDL docket, Case No. 1:17-md-2804
[2] On May 30, 2018, Plaintiff filed a corrected Second Amended Complaint. Doc. #: 521.
[3] Plaintiff was granted leave to amend its complaint to add U.S. subsidiaries of Allergan "that have manufactured, marketed, sold, distributed or monitored suspicious sales of opioids in the Northern District of Ohio." Doc. #: 1377 at 2.

From the beginning, PSI was named in the other *Track One* case (*Summit County*, Case No. 18-op-45090) and appears to have participated fully in discovery and other proceedings for that case. More importantly, PSI also participated, to some degree, in discovery with Cuyahoga County. *See, e.g.*, Doc. #: 1648-5 (Ex. 3) at 3, Ltr. from Haggerty to Shkolnik dated May 23, 2019 (referring to PSI's production of Cuyahoga County-specific data). Finally, PSI accepted service of the SAC. The associated summons expressly notified PSI that a lawsuit had been filed against it. *See* Case No. 1:17-op-45004, Doc. #: 51. The Court can only conclude that PSI understood all along that it was a defendant in the Cuyahoga County Case.

PSI does not even address the fact that they accepted service of the SAC, nor why that fact alone should not be dispositive of its motion. However, even if the Court were to overlook that fact, this District has expressly held that "[t]he fact that Plaintiffs did not name [one specific defendant] in the caption of the Complaint is not alone dispositive of [that defendant's] status as a party to this case." *Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 1:11 CV 834, 2013 WL 12293449, at *5 (N.D. Ohio Sept. 13, 2013). While the Court here, as in *Eberhard*, "does not condone the neglect of Plaintiffs' counsel in carelessly failing to include [PSI's] name as a defendant in the case caption," *id.*, in this instance where PSI had actual notice that Plaintiff intended to add it as a party, knew the claims being asserted against it, accepted service, participated in discovery, and participated in a parallel, ongoing litigation (*i.e. Track One*), there is no reason to conclude that PSI should not be a party to this case.

The Court is also cognizant of the fact that PSI knew that Plaintiff had named it as a defendant but had inadvertently omitted its name from the caption and then waited nearly a year to draw this error to Plaintiff's attention. The Court does not appreciate this type of strategic

2

behavior; attempting to take advantage of the limited time and resources of the parties and the Court at this crucial stage of the *Track One* litigation.

Accordingly, Prescription Supply Inc.'s Motion to Strike, Doc. #: 1648, is **DENIED**.

**IT IS SO ORDERED.**


 **/s/ Dan Aaron Polster** *May 29, 2019*
 **DAN AARON POLSTER**
 **UNITED STATES DISTRICT JUDGE**