IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to: Manufacturer Cases | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**OPPOSITION TO DR. JOHN N. KAPOOR'S MOTION TO QUASH SUBPOENA AND TO STAY ANY FUTURE SUBPOENA PENDING RESOLUTION OF CRIMINAL CASE**

After asking for, and receiving, an agreed stay of his deposition until after his criminal trial, Defendant Dr. John N. Kapoor now requests for his deposition to be delayed until at least late September 2019, effectively eliminating him from any Track One discovery.  In reality, Defendant Kapoor's argument and case citations make it clear that he will also argue that his Fifth Amendment concerns would still trump Plaintiffs' right for a deposition even when his case is on appeal following sentencing.  As such, this Motion is truly more a request that Plaintiffs not be allowed to take his deposition.  Despite attempts to deflect culpability in his Motion, Defendant Kapoor is the visible head and founder of Insys Therapeutics that has been convicted of racketeering conspiracy for his part in the bribery and kickback scheme instituted at Insys while he served as Chairman of the Board and, at times, CEO.  His testimony is incredibly poignant to this litigation and his deposition should be ordered within 30 days to eliminate any further delay.

**BACKGROUND**

At the request of counsel for Dr. John N. Kapoor, counsel for Plaintiffs and counsel for Insys previously jointly moved to allow his deposition to be taken following the criminal case

1

pending in the District of Massachusetts.  The request was granted by the Court on January 7, 2019.  On January 28, 2019 the criminal trial in the District of Massachusetts began and on May 2, 2019, a federal jury found Dr. Kapoor guilty of racketeering conspiracy related to his involvement in the bribery and kickback scheme instituted while he served as Chairman of the Board and, at times, CEO, of Insys Therapeutics, a company that he also founded.  *See United States v. Babich et al.,* No. 1:16-cr-10343-ADB (D. Mass.) (Dkt. No. 841).  Following this guilty verdict, counsel for Plaintiffs reached out to counsel for Dr. Kapoor on May 9th to obtain dates for the rescheduling of his deposition.  *See Electronic Mail of May 9, 2019*, attached hereto as Exhibit 1.  In response, Plaintiffs were informed that Dr. Kapoor would be objecting and moving to quash the deposition. *See Electronic Mail of May 13, 2019*, attached hereto as Exhibit 2.  Based on this, Plaintiffs chose a date at random and served the notice so that there would be a date in place for the deposition and completion of document production.  *See Electronic Mail of May 14, 2019*, attached hereto as Exhibit 3.

## **DEFENDANT KAPOOR HAS DIRECT, RELEVANT KNOWLEDGE**

Defendant Kapoor's assertion that other witnesses have better knowledge of relevant evidence is belied by the federal jury's verdict in the matter, as well as testimony in this MDL that was not part of the criminal trial.  Some of the areas that Defendant Kapoor has particular knowledge about include:

- The decision to develop Subsys.  Former Insys Board Member Patrick Fourteau testified that Defendant Kapoor was the sole individual that initially had the idea to develop Subsys.  *See Deposition of Patrick Fourteau* at 99:15-100:7, attached hereto as Exhibit 4.

- The founding of Insys.  The financing for Insys' startup was supplied by Defendant Kapoor, and at the Initial Public Offering Kapoor's interests were all converted to stock.  *See Deposition of Patrick Fourteau* at 145:13-24, attached hereto as Exhibit 4.

- Weekly Commercial meetings organized by Defendant Kapoor.  Defendant Kapoor participated in weekly Commercial meetings where prescription numbers and marketing related to Subsys would be reviewed.  *See Deposition of Patrick Fourteau* at 122:2-123:14, attached hereto as Exhibit 4.

- The structure of the sales force.  The low base salary and high incentive-based bonus compensation structure employed for the sales force that was rife for off label and kickback abuse was a model that Defendant Kapoor himself chose and directly decided to implement.  *See Deposition of Patrick Fourteau* at 129:7 – 24, attached hereto as Exhibit 4.  Further, numerous times Defendant Kapoor personally sought to expand the sales force.  *See Deposition of Patrick Fourteau* at 348:6 – 20, attached hereto as Exhibit 4.

- The leadership structure.  Michael Babich became CEO of Insys at age 36 because he was Defendant Kapoor's choice.  Up to that point Babich had worked directly for Defendant Kapoor and while Babich was CEO the perception of the Board was that Babich "still worked closely with Dr. Kapoor."  *See Deposition of Patrick Fourteau* at 150:15 – 151:23, attached hereto as Exhibit 4.  Further, Babich served at the "whim" of Defendant Kapoor and would not have been CEO if Kapoor did not want it.  *See Deposition of Patrick Fourteau* at 377:23 – 378:24, attached hereto as Exhibit 4.

- Defendant Kapoor's active and frequent work on Subsys.  Defendant Kapoor requested additional compensation from the compensation committee due to the fact that he spent a significant amount of time working at Insys, something that made Compensation

Committee Chair Fourteau "chuckle knowing the wealth that he had." *See Deposition of Patrick Fourteau* at 321:9 – 324:2, attached hereto as Exhibit 4.

The fact is that Defendant Kapoor is the architect of the Insys story.  He represents the genesis of both the company and the product at issue.  He was the individual responsible for placing 36-year old Michael Babich in the CEO position and now wants to hide behind Mr. Babich's testimony as dispositive of anything he could say.  Defendant Kapoor was the mastermind behind the entire scheme, and his testimony is integral to the Plaintiffs' liability story.  As such, his deposition should be allowed to move forward now.

**DEFENDANT KAPOOR DEMONSTRATES NO PREJUDICE TO HIS FIFTH AMENDMENT RIGHTS, BUT PLAINTIFFS' RIGHT TO TRACK ONE DISCOVERY WILL BE PREJUDICED**

Defendant Kapoor makes much of the burden a deposition would place on his Fifth Amendment rights, however this is a gambit that would be employed regardless of the stage of his criminal action.  Plaintiffs' counsel recognized the imposition of Defendant Kapoor's Fifth Amendment interest prior to his criminal trial.  Based on that, Plaintiffs' agreed to stay the deposition until after that trial.  Plaintiffs understood that following trial Defendant Kapoor would agree to participate in a deposition, however it is now apparent that the intention all along was to postpone the deposition as long as possible by playing games with the meaning of "adjudication."  In fact, it is apparent from the briefing that Defendant Kapoor intends to maintain these same objections even after sentencing by maintaining that the appeal is a basis for staying the deposition.  *See Kapoor Motion to Quash* at 8 "(*see Chartis Prop. Cas. Co. v. Huguely*, No. CIV.A. DKC 13-1479, 2013 WL 5634266, at *3 (D. Md. Oct. 15, 2013) (granting post-sentencing stay when appellate court accepted multiple issues for appeal)."

4

It is clear that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings," *S.E.C. v. Novaferon Labs, Inc.*, 941 F.2d 1210, at *2 [published in full-text format at 1991 U.S. App. LEXIS 19406] (6th Cir. Aug. 14, 1991).  As a result, district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao*, 498 F. Supp. 2d at 1037.

District courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Id.*

While Defendant Kapoor focuses on the overlap between the criminal matter and civil matter, he essentially choses to ignore the other factors, namely the status of the case.  Here, the criminal matter is post-conviction, placing it in a very different place than it would be post indictment or just prior to trial.  Defendant Kapoor has not identified any prejudice to his sentencing that invoking his Fifth Amendment privilege would cause him.  In fact, much like a refusal to testify in the criminal trial, any invocation of the Fifth Amendment cannot be used against him at sentencing.  *See Mitchell v. United States*, 526 US 314 (1999).

It is the Plaintiffs that have the most compelling private interest – the need to take Defendant Kapoor's testimony in the Track One discovery process.  Waiting until sentencing in

5

September is simply too late, especially since it is likely that Defendant Kapoor will invoke the Fifth Amendment no matter when the deposition occurs.   Likewise, obtaining this discovery during Track One is also in the interest of the efficiency of the Court and in the public interest of seeing that all the necessary evidence is developed in the MDL.

Another factor to consider is that the Sixth Circuit has held that "[a] blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983). "The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify." *Id*.  Defendant Kapoor will certainly be able to assert the Fifth Amendment in response to a question he believes implicates the privilege.  However, in the Sixth Circuit a blanket assertion prior to questions being asked cannot be made. Further, there may be many questions that are useful that Defendant Kapoor can answer – the Sixth Circuit is clear that the deponent cannot decide that prior to questioning in a wholesale manner.  The factors visibly weigh in favor of allowing Defendant Kapoor's deposition.

## THE QUASHING OF DEFENDANT KAPOOR'S NON-PARTY SUBPOENA IN A SINGLE PARTY CASE HAS NO BEARING ON THIS MDL

Defendant Kapoor refers to a recent Order quashing his deposition in the *Hemmings v. Insys Therapeutics, Inc.* case and infers that the Court in that matter weighed the same issues as here.  This is patently untrue.  That matter deals with the addiction of one individual plaintiff who wanted Defendant Kapoor's testimony.  The Court in that matter found the "Plaintiff's complaint primarily concerns his interactions with a particular sales representative" and that "it seems unlikely that the CEO of Insys would be aware of a particular sales representative's activities vis--vis a particular patient." Order of May 17, 2019, *Hemmings v. Insys Therapeutics,*

6

*Inc.*, No. 1:18-cv-02036 (N.D. Ill.) (Dkt. No. 71).  The Order focused on the fact that the deposition was outside the scope of discovery and the only mention of Kapoor's Fifth Amendment privilege was to note that it would likely be invoked at deposition.  *Id*.

Here in MDL 2804 the scope of the litigation deals with the entirety of the Opioid epidemic and Insys' part in it.  Defendant Kapoor's involvement in that liability is direct and relevant as detailed above.  Further, where Defendant Kapoor was not a named defendant in the *Hemmings* matter, he is a Defendant in this litigation.  The Court's decision to quash the subpoena in *Hemmings* has no bearing on this matter other than to demonstrate the contrast of the relevance of Defendant Kapoor's testimony in this MDL.

## CONCLUSION

The circumstances and case law weigh in favor of allowing the deposition of Defendant Kapoor at this time.  There is no identified prejudice to Defendant Kapoor, but the timing distinctly disadvantages Plaintiffs if the deposition is not allowed now.  Plaintiffs ask that the Motion to Quash be denied and that Defendant Kapoor be directed to appear for deposition on a date agreed on by counsel within the next 30 days.

May 29, 2019                                  Respectfully submitted,

/s Salvatore C. Badala
Hunter J. Shkolnik
Christopher L. Schnieders
Salvatore C. Badala
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
cschnieders@napolilaw.com
sbadala@napolilaw.com
Phone: (212) 397-1000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2019, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Ohio. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Salvatore C. Badala*

Salvatore C. Badala
*Attorney for Plaintiffs*