May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

[Note:  The parties have excluded from this table interrogatories where supplementation is still forthcoming,
but reserve rights to challenge the sufficiency of such supplemental responses once received]

| **Manufacturer Defendants' Interrogatories to Plaintiffs** | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| **4 (All)** | Describe each cost, expenditure, damage, loss, or harm for which Plaintiff seeks equitable or monetary relief, including any penalty or fine, from each Defendant. For each cost, expenditure, damage, loss, penalty, fine or harm for which Plaintiff seeks relief, provide (i) the nature and amount of that cost, expenditure, damage, loss, penalty, fine or harm; (ii) the Defendant or Defendants from which the relief is sought; and (iii) how and by whom the cost, expenditure, damage, loss, penalty, fine, or harm was determined and calculated, and the specific conduct of that Defendant or those Defendants that allegedly caused the cost, expenditure, damage, loss, penalty, fine, or harm. *See* MD Exs. 1, 2, 3. | **Manufacturer Defendants**: <br> **As to Cleveland/Cuyahoga**: Plaintiffs' responses merely include a list of alleged harms, but fail to provide the other information requested: (i) an amount of the costs; (ii) the Defendant(s) from whom relief is sought; (iii) how and by whom the costs were determined; and (iv) the particular Defendant's conduct that allegedly caused the harm.  *See* MD Exs. 1, 2. <br><br> **As to Summit**:  While Summit's response lists more harms than Cleveland's and Cuyahoga's lists, it does not address the four above categories of missing information. *See* MD Ex. 3. <br><br> **Plaintiffs**: <br> Plaintiffs have provided information concerning potential damages or harm on several occasions, including in response to Distributor Interrogatory No. 18, which was the subject of extensive motion practice.  Additionally, Plaintiffs' experts will be providing one or more expert reports addressing this topic on March 25.  Therefore, further supplementation is unnecessary. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Manufacturer Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| **8 (All)** | Identify any "unbranded advertising" or "unbranded marketing" (as those terms are used throughout the Complaint) disseminated in the Plaintiff's county, city, village, or township in which any Defendant participated or to which any Defendant contributed in any way. Include in the response the identity of the Defendant(s) that participated or contributed and the identity of the person or persons to whom the "unbranded advertising" or "unbranded marketing" was distributed. *See* MD Exs. 11, 12, 13. | **Manufacturer Defendants:**<br>**As to All Plaintiffs:** Plaintiffs amended their response to this Interrogatory on March 4, 2019, but still fail to identify for each instance of "unbranded marketing" to whom the "unbranded marketing" was distributed. In addition, Plaintiffs also identify a limited number of unbranded marketing statements and reserve the right to supplement their response after fact discovery. To the extent Plaintiffs do not provide all requested information, they should be precluded from offering it for the first time in expert reports, summary judgment, or at trial.<br><br>**Plaintiffs:**<br>Plaintiffs' March 4 supplemental responses to Interrogatories 8 & 9 (which seek related information) provide more than 80 pages of detailed information concerning the allegations against Manufacturer Defendants.  Manufacturer Defendants themselves distributed their "unbranded advertising" and do not require Plaintiffs to provide that information to them. Further supplementation is unnecessary. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| 9 (All) | Identify and describe all statements or omissions made or disseminated in the Plaintiff's county, city, village, or township by any Defendant (or any other person whose statements you attribute, in whole or in part, to a Defendant) that you claim were false, misleading, unfair, deceptive or otherwise actionable. Include in your identification of each statement or omission:(i) the name, employer, and position(s) of the speaker, writer, or other person who issued the statement; (ii) the name(s) and position(s) of the recipient(s) of such statement; (iii) when and where the allegedly false, misleading, or deceptive statement was made; (iv) a description of the content of the statement; and (v) all reasons you claim the statement was false, misleading, or deceptive. *See* MD Exs. 11, 12, 13. | **Manufacturer Defendants:**<br>**As to All Plaintiffs:** Plaintiffs amended their response to this Interrogatory on March 4, 2019, but still fail to identify for each alleged false statement, (i) the name, employer, and position(s) of the speaker, writer, or other person who issued the statement; (ii) the name(s) and position(s) of the recipient(s) of such statement; (iii) when and where the allegedly false, misleading, or deceptive statement was made; (iv) a description of the content of the statement; and (v) all reasons Plaintiffs claim the statement was false, misleading, or deceptive. In addition, Plaintiffs provided a limited number of alleged false statements and reserve the right to supplement their response after fact discovery. To the extent Plaintiffs do not provide all requested information, they should be precluded from offering it for the first time in expert reports, summary judgment, or at trial.<br><br>**Plaintiffs:**<br>Plaintiffs' March 4 supplemental responses to Interrogatories 8 & 9 (which seek related information) provide more than 80 pages of detailed information concerning the allegations against Manufacturer Defendants.  Manufacturer Defendants themselves possess information concerning their "statements and omissions" and do not require Plaintiffs to provide that information to them.  Further supplementation is unnecessary. | |
| 14 (All) | Identify all actions taken by the [Plaintiff] before filing this litigation to reduce the number of prescription opioids prescribed in the [Plaintiff's | **Manufacturer Defendants:**<br>**As to Cleveland/Cuyahoga**: Plaintiffs direct Defendants to the Second Amended Complaint, | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Manufacturer Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| | jurisdiction].  Include specific efforts to prohibit or restrict prescribing opioids for chronic non-cancer pain, including communications from Plaintiff to insurance companies, pharmacy benefit managers, the FDA, or any other federal agency, the governor, or legislature of the state of Ohio. *See* MD Exs. 7, 8, 9. | explain they are investigating this issue, and agree to supplement with additional details. *See* MD Exs. 7, 8. SM Cohen instructed Plaintiffs on January 3, 2019 to "start working on answers." Cleveland and Cuyahoga have still failed to provide a substantive response.<br><br>**As to Summit**: Summit's response identifies various efforts the County and City have made to address the opioid epidemic. *See* MD Ex. 9.  But Summit's response fails to identify *any efforts* Summit has taken to reduce, prohibit, or restrict the number of *prescription opioids* or initiatives aimed at addressing *chronic non-cancer pain*, both of which are clearly requested in this interrogatory. In essence, Summit's lengthy answer is simply nonresponsive.<br><br>**Plaintiffs:**<br>Defendants have questioned numerous witnesses regarding this topic in depositions.  There can be no argument that Defendants lack information necessary to defend themselves.  Additionally, **Summit and Akron**'s response provides a 9-page narrative detailing efforts address the opioid epidemic prior to filing this lawsuit. Further supplementation of this interrogatory is not appropriate. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Manufacturer Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| **16 (All)** | State whether Plaintiff (or anyone acting on its behalf), since filing the initial complaint, continued to reimburse or pay for prescription opioids for chronic non-cancer pain.  Identify any changes Plaintiff has made to its policies and procedures for the reimbursement of prescription opioids at any time. *See* MD Exs. 7, 8, 9. | **Manufacturer Defendants:**<br>**As to All Plaintiffs**: Plaintiffs' initial response suggests that they were not in possession of the information needed to respond, and state that they would supplement their responses.  *See* MD Exs. 7, 8, 9.  Now, Plaintiffs claim that their 30(b)(6) testimony should suffice.<br><br>Plaintiffs' 30(b)(6) testimony, however, merely covers opioid medication for "chronic pain," but does not touch on the issue of "chronic *non-cancer* pain." Further, Plaintiffs' 30(b)(6) testimony on changes to opioid coverage in health plans was extremely limited and does not adequately address this interrogatory. *See* MD Ex. 10.<br><br>**Plaintiffs:**<br>All plaintiffs provided 30(b)(6) testimony on this topic, during which Manufacturer Defendants questioned the designees concerning the Bellwethers' reimbursement policies and procedures.  In light of that testimony, it would be duplicative and unnecessary to supplement this interrogatory. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Manufacturer Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| **17 (All)** | Identify all persons formerly and currently employed, affiliated with, or consulted by Plaintiff (including any third party individual or entities) who are or were involved in deciding to provide coverage or payment for prescription opioids. *See* MD Exs. 7, 8, 9. | **Manufacturer Defendants:** **As to All Plaintiffs**: Plaintiffs' initial responses admit that they are deficient, stating Plaintiffs lack the information needed, and they agree to supplement their responses. *See* MD Exs. 7, 8, 9.  Now, Plaintiffs claim that 30(b)(6) testimony should suffice.<br><br>Plaintiffs' 30(b)(6) deponents, however, never identified persons involved in deciding coverage or payment for prescription opioids.  *See* MD Exs. 10.<br><br>**Plaintiffs:**<br>All plaintiffs provided 30(b)(6) testimony on this topic, during which Manufacturer Defendants questioned the designees concerning persons involved in deciding coverage and payment for prescription opioids.  Such decisions were made by third-party pharmacy benefit managers.  In light of that testimony, it would be duplicative and unnecessary to supplement this interrogatory. | |
| **18 (Cleveland, Summit)**<br><br>**19 (Cuyahoga)** | Describe policies Plaintiff implemented and each action it, or entities acting on its behalf, took to process and adjudicate claims submitted for payment of opioids dispensed to patients Plaintiff insured.  Include:<br><br>(1) the person(s) most knowledgeable about opioid claims adjudication and approval; | **Manufacturer Defendants:** **As to All Plaintiffs**: Plaintiffs' initial responses state Plaintiffs lack the information needed, and they agree to supplement their responses.  *See* MD Exs. 7, 8, 9.  Now, Plaintiffs claim that 30(b)(6) testimony should suffice. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| **Manufacturer Defendants' Interrogatories to Plaintiffs** | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| | (2) the methods, criteria, information, or persons consulted and on which Plaintiff (or anyone acting on Plaintiff's behalf) relied to determine if claims involved a prescription that was medically necessary or otherwise eligible for payment; (3) any course of action considered or pursued before commencing the present action to ensure that healthcare providers did not recommend, prescribe, or dispense opioids for uses Plaintiff considers unwarranted, or otherwise write medically unnecessary prescriptions. *See* MD Exs. 7, 8, 9. | Plaintiffs' 30(b)(6) testimony again did not adequately address all the components.  First, the Plaintiffs' deponents did not identify the persons most knowledgeable about opioid claims adjudication and approval.  Second, no deponent gave detailed information on the policies or procedures used to determine medical necessity.  Finally, the deponents did not provide any testimony about whether the Plaintiffs took any actions to prevent doctors from writing medically unnecessary prescriptions.  *See* MD Ex. 10.<br><br>**Plaintiffs:**<br>All plaintiffs provided 30(b)(6) testimony on this topic, during which Manufacturer Defendants questioned the designees concerning persons involved in deciding coverage and payment for prescription opioids.  Such decisions were made by third-party pharmacy benefit managers.  In light of that testimony, it would be duplicative and unnecessary to supplement this interrogatory. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Manufacturer Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| **19 (Cleveland, Summit)**<br><br>**20 (Cuyahoga)** | For each Manufacturer Defendant's opioids state whether Plaintiff has ever denied payment or reimbursement for a prescription as medically unnecessary or inappropriate:<br><br>If yes for each manufacturer Defendant, list each instance and describe the incident by date, claim number, prescriber or healthcare provider, patient identity, amount, and reasons given.<br><br>If no for any manufacturer Defendant's opioid(s), please state so. *See* MD Exs. 7, 8, 9. | **Manufacturer Defendants:**<br>**As to All Plaintiffs**: Plaintiffs' initial responses admit that they are deficient, stating Plaintiffs lack the information needed, and they agree to supplement their responses.  *See* MD Exs. 7, 8, 9.  Now, Plaintiffs claim that 30(b)(6) testimony should suffice.<br><br>Again, none of the 30(b)(6) deponents testified to whether the Plaintiffs ever denied reimbursement for medically unnecessary prescriptions. *See* MD Ex. 10.<br><br>**Plaintiffs:**<br>All plaintiffs provided 30(b)(6) testimony on this topic, during which Manufacturer Defendants questioned the designees concerning persons involved in deciding coverage and payment for prescription opioids.  Such decisions were made by third-party pharmacy benefit managers.  In light of that testimony, it would be duplicative and unnecessary to supplement this interrogatory. | |
| **25 (Cleveland, Summit)**<br><br>**26 (Cuyahoga)** | Does Plaintiff allege that opioid-containing products are always medically inappropriate for and should never be prescribed for treatment of acute or breakthrough non-cancer pain?<br><br>If so, identify all medical or scientific data, information, literature, or analysis that supports. | **Manufacturer Defendants:**<br>**As to All Plaintiffs**: Plaintiffs take the position that this interrogatory will be covered by their expert reports and refuse to answer. *See* MD Exs. 7, 8, 9. Whether or not their expert reports cover this issue in greater detail, however, Plaintiffs can and must provide a substantive response to this interrogatory, and at minimum state whether they contend that | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Manufacturer Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| | If not, identify all circumstances under which Plaintiff believes opioid-containing products may be medically appropriate for treatment of acute or breakthrough non-cancer pain. *See* MD Exs. 7, 8, 9. | opioid-containing products are *always* medically inappropriate for and should never be prescribed for treatment of acute or breakthrough non-cancer pain. This is equivalent to contention interrogatories that the Special Master has ordered Defendants to answer.<br><br>**Plaintiffs:**<br>This is a subject of expert testimony.  Plaintiffs served expert reports on March 25 addressing this topic.  It would be duplicative and unnecessary to require supplementation of this interrogatory after Defendants have received the expert reports. | |
| **27**<br>**(Cleveland, Summit)**<br><br>**28 (Cuyahoga)** | For each Manufacturer Defendant, identify and describe each "suspicious order[]" of opioids that each Manufacturer Defendant was under a "duty to report" and "not ship" (as those terms are used in Plaintiffs' Second Amended Corrected Complaint, including in paragraph 501. For each such identification and description, include (i) the date(s); (ii) the opioid- containing product or products involved; (iii) the destination of the shipment; (iv) whether the Manufacturer reported or shipped the order; and (v) Plaintiffs' basis for its contention that such shipment should have been "report[ed]" and "not ship[ped]" (as those terms are used in Plaintiffs' Second Amended Corrected Complaint, including in paragraph | **Manufacturer Defendants:**<br>**As to All Plaintiffs:** Plaintiffs continue to fail to identify for each order responsive information required by the Interrogatory, including Plaintiffs' specific basis for their contention that any particular shipment should have been reported and not shipped for each Manufacturer Defendant. Statements of the general criteria used without stating which criteria any particular met materially prejudices Defendants' ability to defend themselves. Plaintiffs identify a limited number of alleged orders and reserve the right to supplement their response after fact discovery. To the extent Plaintiffs do not provide all requested information, they should be precluded from offering it for the first time in expert reports, summary judgment, or at trial. *See* MD Exs. 11, 12, 13. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Manufacturer Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Positions on Alleged Deficiencies** | **Ruling** |
| | 501). For each Manufacturer Defendant for which Plaintiffs can identify no such order, please so state. *See* MD Exs. 11, 12, 13. | **Plaintiffs:**<br>Plaintiffs supplemented their response on March 4, identifying suspicious orders.  As noted in the response, Plaintiffs intend to submit expert reports addressing this topic.  Plaintiffs have no additional information at this time. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | Plaintiffs' Interrogatories to Endo | | |
|---|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | | **Ruling** |
| 22 | Do You contend that there were intervening or supervening or superseding causes between Your conduct and any of the Jurisdictions' injuries alleged in the Second Amended Complaint? If so, please identify each such intervening or supervening or superseding cause, including but not limited to the name and address of any individual who You contend is such a cause, how that person or entity acted as such a cause, and each and every fact that supports Your contention that each such individual or entity is such a cause. | **Plaintiffs:** Endo and Par each states it may assert certain unspecified conduct by certain unspecified distributors is an intervening or superseding cause of the harms at issue.  Each entity should identify with specificity any distributor conduct either entity asserts is an intervening or superseding cause of the harms at issue.  As to timeliness, each side has continued to seek supplementation of Interrogatories, including this week. <br><br> **Endo/Par:** Endo and Par previously explained that they could not provide greater specificity to their responses unless and until Plaintiffs identified specific orders of Endo or Par products that Plaintiffs allege have been shipped in violation of the Controlled Substances Act.  Rather than identify any orders, Plaintiffs repeatedly stated that any such orders would be identified in expert reports. Endo and Par's review of expert reports is underway and Endo and Par will supplement, if possible, to the extent Plaintiffs' experts have identified specific allegedly improper orders with sufficient specificity.  But in any event, Plaintiffs' challenge is untimely given that Plaintiffs | | |

11

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Endo | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | could have raised, but did not, this issue prior to the March 8 deadline. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | Plaintiffs' Interrogatories to Mallinckrodt | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| 22 | Identify each intervening, supervening, superseding causes between Your conduct and any of the Jurisdictions' injuries alleged in the Second Amended Complaint, including but not limited to the name and address of any individual who You contend is such a cause, how that person or entity acted as such a cause, and each and every fact that supports Your contention that each such individual/entity is such a cause. | **Plaintiffs:**<br>Mallinckrodt's response states it may assert certain unspecified conduct by certain unspecified distributors is an intervening or superseding cause of the harms at issue.  This response is insufficient – it fails to identify specific distributors and the alleged misconduct by the distributor that is the basis for this defense.   As to timeliness, each side has continued to seek supplementation of Interrogatories, including this week.<br><br>**Mallinckrodt**:<br>Mallinckrodt cannot be expected to identify specific distributors by name as intervening or superseding causes unless and until Plaintiffs identify specific orders shipped by Mallinckrodt to such distributors that Plaintiffs claim violated the Controlled Substances Act.  To date, Plaintiffs have identified none.  Plaintiffs represented repeatedly that such orders would be a subject of their expert reports, but even their expert reports do not identify specific orders shipped by Mallinckrodt that Plaintiffs claim violated the Controlled Substances Act. Accordingly, Mallinckrodt cannot supplement its response to Interrogatory 22 and reserves the right to supplement if Plaintiffs ever do identify specific | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Mallinckrodt | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | orders that they claim violated the Controlled Substances Act.  And, in any event, Plaintiffs' challenge is untimely because they did not raise it by the extended March 8 deadline, and can be dispensed with on that basis alone. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Teva | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| 33 | For each Opioid Product (branded or generic) You manufactured, marketed, promoted, sold or distributed in the United States, provide an annual sales summary, including for each Opioid Product (1) the product name; (2) the NDC Code(s) for that Opioid Product; (3) the NDC Code(s) holder for that Opioid Product; (4) your role with regard to the product (manufacturer, marketer, seller, distributor, etc.); (5) annual sales by script volume for that Opioid Product; (6) annual sales volume by number of pills for that Opioid Product; (7) annual sales volume by number of SKU units/bottles for that Opioid Product; (8) annual gross dollar sales for that Opioid Product; and (9) the Documents relied upon to generate the summary.<br><br>The summary shall include all currently distributed Opioid Products as well as all discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the summary shall include the Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other | **Plaintiffs:**<br>Plaintiffs are seeking to identify the universe of opioids manufactured, marketed, sold and distributed by the Teva Defendants and certain sales data associated with those products. Teva responded by referencing certain ad hoc data and reports produced in the course of the litigation, which is an incomplete and presents a fractured picture of their opioid product portfolio and data.<br><br>On January 22, 2019, SM Cohen ruled that while Allergan did not have to analyze the paper documents produced for this request, if Allergan "has access to electronic databases that allow reports to be created/produced based on that data, Allergan must analyze/review/summarize those databases and produce reports requested by Plaintiffs." Plaintiffs request that the same ruling apply to the Teva Defendants here, and that they affirm the information is complete and accurate to the best of their knowledge.<br><br>Teva claims below that the issue is moot because they provided certain information in their May 2, 2019 letter to Plaintiffs. Plaintiffs are reviewing that information to determine if it is sufficient. Plaintiffs | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Teva | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | persons or entities acting on Your behalf or controlled by You. | have requested that they agree to be bound by the same obligations as Allergan in your January 22, 2019 Order. If they do not so agree, then Plaintiffs request that the same order be made as to Teva so Plaintiffs have the same basis as for Allergan by which to compel further responses if the information provided is not complete.<br><br>**Teva**:<br>In response to this Interrogatory, Teva identified and referred Plaintiffs to 53 discrete documents that contained the information Plaintiffs requested. Teva's response was complete and consistent with Federal Rule of Civil Procedure 33(d)(1).<br><br>Nevertheless, in April Plaintiffs sent a series of letters and emails to the Teva Defendants and Allergan seeking additional information about this Interrogatory, among other things.  The Teva Defendants responded to Plaintiffs by letter on May 2.  In that response, the Teva Defendants also informed Plaintiffs that they would generate and produce reports with additional information sought by this Interrogatory despite the burden associated with doing so.  The Teva Defendants are in the process of generating those reports, some of which are currently in process for production. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Teva | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | The Teva Defendants believe that this issue is moot because their May 2 response to Plaintiffs' requests included all of the information, and committed to produce all of the documents, that the Teva Defendants would be required to produce under the January 22 "Allergan Ruling" that Plaintiffs are seeking to have applied to Teva.  Plaintiffs' request that the order be issued just in case the Teva Defendants' do not, in Plaintiffs' view, provide complete information is similarly unnecessary. | |
| 34 | Provide an annual sales summary for Your name-brand and generic Opioid Products You manufactured, marketed, promoted, sold or distributed in the United States, including for each year (1) Your total sales volume for those Opioid Products; (2) the total market volume for those Opioid Products; (3) Your market share for those Opioid Products; and (4) Your total annual dollar sales for those Opioid Products; and (5) the Documents relied upon to generate the summary.<br><br>The summary shall include all currently distributed Opioid Products as well as all discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the summary shall include the | **Plaintiffs:**<br>Plaintiffs are seeking further sales information on the opioid products manufactured, marketed, sold and distributed by the Teva Defendants. Teva responded by referencing certain ad hoc data and reports produced in the course of the litigation which is an incomplete and fractured picture of their opioid product portfolio and data.<br><br>As with Interrogatory 33, on January 22, 2019, SM Cohen ruled that while Allergan did not have to analyze the paper documents produced for this request, if Allergan "has access to electronic databases that allow reports to be created/produced based on that data, Allergan must | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | **Plaintiffs' Interrogatories to Teva** | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on Your behalf or controlled by You. | analyze/review/summarize those databases and produce reports requested by Plaintiffs." Plaintiffs request that the same ruling apply to the Teva Defendants here, and that they affirm the information is complete and accurate to the best of their knowledge.<br><br>Teva claims below that the issue is moot because they provided certain information in their May 2, 2019 letter to Plaintiffs. Plaintiffs are reviewing that information to determine if it is sufficient. Plaintiffs have requested that they agree to be bound by the same obligations as Allergan in your January 22, 2019 Order. If they do not so agree, then Plaintiffs request that the same order be made as to Teva so Plaintiffs have the same basis as for Allergan by which to compel further responses if the information provided is not complete.<br><br>**Teva**:<br>**Teva**:<br>In response to this Interrogatory, Teva referred Plaintiffs to its response to Interrogatory 33 and the documents identified therein, and then identified additional documents that contained the information Plaintiffs requested.  Teva's response was complete | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Teva | | | |
|---|---|---|---|
| <u>No.</u> | <u>Text of Interrogatory</u> | <u>Parties' Position on Alleged Deficiencies</u> | <u>Ruling</u> |
| | | and consistent with Federal Rule of Civil Procedure 33(d)(1).<br><br>Nevertheless, in April Plaintiffs sent a series of letters and emails to the Teva Defendants and Allergan seeking additional information about this Interrogatory, among other things.  The Teva Defendants responded to Plaintiffs' by letter on May 2.  In that response, the Teva Defendants also informed Plaintiffs that they would generate and produce reports with additional information sought by this Interrogatory despite the burden associated with doing so.  The Teva Defendants are in the process of generating those reports, some of which are currently in process for production.<br><br>The Teva Defendants believe that this issue is moot because their May 2 response to Plaintiffs' requests included all of the information, and committed to produce all of the documents, that the Teva Defendants would be required to produce under the January 22 "Allergan Ruling" that Plaintiffs are seeking to have applied to Teva.  Plaintiffs' request that the order be issued just in case the Teva Defendants' do not, in Plaintiffs' view, provide complete information is similarly unnecessary. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| **Plaintiffs' Interrogatories to Walmart** | | | |
| 3 | Identify each Person in Your marketing and regulatory compliance departments whose direct or indirect responsibilities included the sales, distribution, or evaluation of possible Suspicious Orders of Opioid or Opioid Products in Ohio from January 1, 1990 to present.  Your answer should include any of Your executives or officers having direct reports whose sales or marketing responsibilities included in [sic] Ohio. | **Plaintiffs:**<br>As set forth in Plaintiffs' 3/8/19 letter, other discovery shows Walmart relied on associates at its distribution centers to conduct the initial assessment of whether an order was appropriate to ship or whether to escalate the order for review by a manager.  The associates therefore should be identified.<br><br>**Walmart:**<br>As set forth in Walmart's 3/11/19 letter, Walmart disagrees with plaintiffs' characterizations of Walmart's order monitoring policies and procedures, which are laid out in Walmart's written discovery responses and were the subject of extensive Rule 30(b)(6) testimony.  Walmart's response to this interrogatory identifies over 20 individuals whose responsibilities included reviewing orders in connection with Walmart's distribution of the Relevant CII Opioids during the Relevant Time Period.  Among these individuals are several witnesses that plaintiffs deposed, including Jeff Abernathy, who (for the vast majority of the Relevant Time Period) served as Operations Manager for the distribution center that shipped the | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | Relevant CII Opioids to Walmart stores in the Track One jurisdiction and who, plaintiffs acknowledge, testified at length concerning the distribution center policies and procedures for reviewing orders at his November 15, 2018 deposition. | |
| 5 | Identify any Persons or entities employed by You, or who received compensation from You, including any former employees or third parties, who reviewed or analyzed data regarding the distribution and/or dispensing of Opioids or Your Opioid Products, including data regarding prescriber or Customer histories and trends in Ohio from January 1, 1990 to present. | **Plaintiffs:**<br>As set forth in Plaintiffs' 3/8/19 letter, Walmart should amend to identify distribution center associates (see above), as well as each member of Walmart's Controlled Substance Advisory Panel, and third parties, such as McKinsey, Deloitte, and Manufacturer Defendants, that conducted such review or analyses.<br><br>**Walmart**:<br>As set forth in Walmart's 3/11/19 letter, this interrogatory seeks identification of individuals and entities "who reviewed or analyzed data" relating to the "distribution of opioids."  None of the additional three categories of individuals and entities that plaintiffs claim are missing from Walmart's response are called for by the request.<br><br>First, as discussed in the context of interrogatory no. 3 above, Walmart has produced witnesses and information concerning distribution center policies and procedures for order monitoring.  Identifying "hourly and other" distribution center associates would be duplicative of discovery already produced and not proportionate to the needs of this case at this late stage.  Moreover, such associates would not have reviewed data and thus | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Plaintiffs' Interrogatories to Walmart | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | are not responsive to this request.<br><br>Second, the Controlled Substance Advisory Panel did not review opioid distribution data and, thus, identification of its members is not called for by this interrogatory.  Walmart's 30(b)(6) representative testified that no orders were escalated to the Panel for review.  Further, plaintiffs already have access to information concerning the identities of Panel members, from documents and other information that Walmart has produced and the twelve Walmart witnesses that plaintiffs deposed (which include Panel members). It is improper for plaintiffs to demand additional information about the Panel now at the eleventh hour and in response to this interrogatory.<br><br>Finally, McKinsey and Deloitte did not ever review Walmart data in connection with Walmart's distribution of the Relevant CII Opioids or Walmart's order monitoring policies and procedures.  Additionally, other defendants, including manufacturers, did not "receive compensation" from Walmart to review Walmart data.  Thus, Walmart's response is complete. | |
| 18 | Identify any and all of Your current and/or former employees who have ever been employed by the DEA, FDA or any Federal, or governmental entity. For each such Person, state their position, job description and dates of employment at the governmental entity and with You. | **Plaintiffs:**<br>As set forth in Plaintiffs' 3/8/19 letter, Plaintiffs have offered to limit this to (i) Walmart employees that worked for the DEA and (ii) Walmart SOM employees, to the extent such employees worked for any governmental entity.  If Walmart provides | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Walmart | | | |
|---|---|---|---|
| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
| | | greater detail about its internal structure, Plaintiffs potentially could identify specific departments. <br><br> Walmart: <br> As set forth in Walmart's 3/11/19 letter, Walmart's response to this interrogatory has not changed since Walmart served its first amended and supplemented answers on 9/21/18.  Plaintiffs' late requests for additional information ignore discovery already provided and are unreasonable, overly broad, and unduly burdensome, particularly where Walmart does not track the information plaintiffs request. <br><br> Plaintiffs' "offers" are nonstarters.  Their initial "offer" would require Walmart to identify any of its SOM employees that have previously worked "for any governmental entity," including in a role completely unrelated to controlled substances such as a forest service or postal employee.  It further would require Walmart to identify any of its employees that have also been employed by the DEA, which would be extremely difficult, if not impossible, given the size of the company and the fact that Walmart does not maintain a database to track such information.  Walmart cannot accept this "offer" where it would be unduly burdensome and result in the production of | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Plaintiffs' Interrogatories to Walmart | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | information that has absolutely no relevance to this litigation.  In contrast, Walmart has already answered this interrogatory with information that is relevant and stated whether any of its current or former employees involved in its distribution operations concerning the Relevant CII Opioids were previously employed by the DEA.  No further response should be required.<br><br>Plaintiffs' alternative suggestion / request for "greater detail" about Walmart's "internal structure" is also unreasonable.  It ignores that Walmart has already produced information about its "internal structure" by producing organizational charts in compliance with the Special Master's 10/9/18 order. It is further unnecessary, where Walmart has already answered this interrogatory with respect to its relevant business—distribution operations. Walmart's response is sufficient, and plaintiffs' last minute attempts to harass Walmart for duplicative, burdensome, and irrelevant information should be rejected. | |
| 22 | Describe any and all educational, information and/or other programs You have provided to any Customer or other Person, that address diversion, safety, efficacy, misuse and/or prescription of Opioids or Opioid Products from 1990 to the present. | **Plaintiffs**:<br>Responses to 22 and 28 together are deficient.  As set forth in Plaintiffs' 3/18/19 letter, Walmart's response includes a section entitled "Reducing the Amount of Opioids Dispensed."  Walmart should not | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Plaintiffs' Interrogatories to Walmart | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | be permitted to discuss ***dispensing*** practices here while refusing to provide other discovery on dispensing.  Further, Walmart's response on this issue lacks sufficient particularity on the who, what, when, and how of its dispensing program.  If Walmart is permitted to include this dispensing information, it should describe its policies for the entirety of the relevant period.<br><br>**Walmart**:<br>As set forth in Walmart's 3/11/19 letter, Walmart was required to provide information concerning its dispensing policies pursuant to Discovery Ruling No. 8.  Pursuant to that ruling, and as plaintiffs appear to overlook, Walmart has produced the policies that it describes in response to this interrogatory and has identified them by Bates no. Plaintiffs' claim that Walmart has not provided the "who, what, when, and how" of its dispensing policies is simply false.  Moreover, their suggestion that Walmart's answer does not cover the entire relevant time period is confusing, and Walmart seeks clarification as to plaintiffs' issue with the time period so that Walmart has the appropriate opportunity to respond. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Plaintiffs' Interrogatories to Walmart | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Additional dispensing-related information is not called for by Discovery Ruling No. 8 and is not relevant to plaintiffs' claims against Walmart in this litigation.  Walmart's response complies with the Special Master's rulings concerning dispensing-related discovery, and plaintiffs cannot use that compliance to demand other dispensing-related discovery that is outside the Special Master's rulings. | |
| 28 | Describe any and all policies, procedures and/or programs that You have initiated, created and/or participated in that address diversion, safety, abuse, and/or efficacy of Opioids and/or Opioid Products. For each policy, procedure and/or program, provide:<br>a. a complete description of the policy, procedure and/or program;<br>b. the date that the policy, procedure and/or program was implemented or is expected to be implemented;<br>c. the expected benefit of the policy, procedure and/or program;<br>d. the cost, if any, of implementation of the policy, procedure and/or program; and<br>e. the Identity of the Person or Persons responsible for the implementation of the policy, procedure and/or program. | **Plaintiffs:**<br>Same as above.<br><br>**Walmart**:<br>*See* Walmart's position on Interrogatory No. 22. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| <u>No.</u> | <u>Text of Interrogatory</u> | <u>Parties' Position on Alleged Deficiencies</u> | <u>Ruling</u> |
| 9 | Identify Your efforts during each year of the Timeframe to address public health and safety hazards that You attribute to the wrongful conduct of Distributor Defendants. Include as part of your response information concerning Your expenditure of taxpayer dollars to fund these efforts. | **Distributor Defendants:** <br> **Summit/Cuyahoga**: Distributor Defendants believe the current response to this Interrogatory is insufficient because Plaintiffs failed to directly identify, for each year of the Timeframe, their efforts to address the public health and safety hazards attributed to the alleged wrongful conduct of Defendants.  Plaintiffs further fail to provide any information concerning the expenditure of taxpayer dollars to fund those efforts.  Plaintiffs' prior responses stated that they would supplement their responses, but they have failed to do so.  Following a meet and confer, Plaintiffs agreed to provide additional supplementation.  Distributor Defendants reserve the right to raise this issue again if Plaintiffs' forthcoming response remains deficient. <br><br> **Plaintiffs**: <br> Plaintiffs previously responded to this interrogatory by identifying their efforts to address the opioid crisis to the best of their lay ability. However, this interrogatory, as written, calls for detailed expert analysis regarding dollar figures and time periods that are not easily amenable to an interrogatory answer. Plaintiffs informed the Distributor Defendants that this interrogatory would partly be answered through the exchange of expert reports. As of Monday, March 25, 2019, Defendants are in possession of those reports and their effort to compel further supplementation of this response is redundant. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | **Distributor Defendants' Interrogatories to Plaintiffs** | | |
| 10 | Identify each instance for each year of the Timeframe in which You notified a state or federal official or agency (including but not limited to the United Stated Drug Enforcement Agency, a United States Attorney or representative thereof, Ohio Department of Medicaid and its constituent providers, Ohio Department of Public Safety, Ohio Automated Rx Reporting System, State of Ohio Board of Pharmacy, and State Medical Board of Ohio), insurer, third party payer, or pharmacy benefit manager of suspected diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids. | **Distributor Defendants:**<br>**Cleveland**: Cleveland did supplement its response but it remains deficient. Plaintiff admits that "from time to time" activities covered by this Interrogatory "may" have taken place, but fails to identify them with any degree of specificity, including who made the communication, which agencies would have been notified of which listed activity, and when said notification took place.  *See* DD Ex. 7(b).  Note: Cleveland did not provide a recent supplement to this interrogatory like Summit and Akron did.<br><br>**Summit/Cuyahoga**: Following a meet and confer, Plaintiffs agreed to provide additional supplementation and did so on May 14, 2019 and May 20, 2019, respectively.  Plaintiffs' responses remain deficient. Plaintiffs cite to publically available OARRS data (which does not discuss whether or not Plaintiff notified OARRS about any purported wrongdoing related to prescription opioids) and numerous documents, only a handful of which actually address this interrogatory.  For example, for Summit, several reports cited in this interrogatory do not mention prescription opioids and many more do not contain any reference to contact with a State or Federal agency.  For Cuyahoga, ~23 of the documents cited are communications from Ohio BOP to Cuyahoga County instead of notifications from Cuyahoga to Ohio BOP (which is the subject of this interrogatory) and aren't specific to prescription drug abuse/diversion in Cuyahoga County. Plaintiffs should be required to provide an accurate and complete response. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Distributor Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
| | | **Plaintiffs**:<br>On May 14, 2019, Summit supplemented its responses to this interrogatory by identifying numerous responsive documents concerning notifications to state or federal officials or agencies, insurers, third party payers, or pharmacy benefit managers of suspected diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids.<br><br>In response to the epidemic, the Summit County Sherriff's Office partnered with the Akron Police Department to form the Akron/Summit County HIDTA (High Intensity Drug Trafficking Area) Initiative.  The Initiative coordinated with, and provided regular reports to, the wider Ohio HIDTA and more than 20 other HIDTAs across the United States  The Akron/Summit HIDTA reports included data on investigations of opioid diversion, illegal opioid sales, improper prescribing, "doc shopping," drug seizures, and related illegal activities and enforcement actions involving prescription opiates. These reports were shared with state and federal agencies, the local and national offices of the DEA, FBI, ATF, and IRS, as well as the Ohio Office of Criminal Justice Services.  Summit has identified 29 of these reports, which are directly responsive to this Interrogatory.<br><br>On May 20, 2019, Cuyahoga supplemented its responses to this interrogatory by identifying | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | Distributor Defendants' Interrogatories to Plaintiffs | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | numerous responsive documents concerning notifications to state or federal officials or agencies, insurers, third party payers, or pharmacy benefit managers of suspected diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids.<br><br>Cuyahoga County provided e-mail communications between the County and the above-referenced parties.<br><br>As to Cleveland, Distributor Defendants did not raise the alleged deficiencies identified above during the meet and confer process leading up to this chart.  Cleveland maintains that its answer is sufficient because it clarifies the circumstances in which any purported notification would have occurred and identifies categories of documents that would reflect this information.  With that information in their possession, Distributor Defendants are in possession of the most thorough answer that Cleveland is able to give. | |
| 11 | Identify each investigation, arrest, or prosecution within Your geographical boundaries for each year of the Timeframe that involved (a) a Prescription Opioid or (b) other opioids. Include as part of your response any information or evidence that connects each investigation, arrest, or prosecution to a Prescription Opioid distributed by Distributor Defendants. | **Distributor Defendants:**<br>**Cleveland**: Cleveland did supplement its response but it remains deficient.  Plaintiff references responses to other written discovery without specifying what parts of those responses are responsive to this particular Interrogatory (DD Ex. 7(b)).  Moreover, the Interrogatory cross-referenced by Plaintiff does not address whatsoever "information or evidence that connects each investigation, arrest, or prosecution to a Prescription | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Opioid distributed by Distributor Defendants," which is explicitly requested in this interrogatory.  Note: Cleveland did not provide a recent supplement to this interrogatory like Summit and Akron did.<br><br>**Summit/Cuyahoga**: Following a meet and confer, Plaintiffs agreed to provide additional supplementation and did so on May 14, 2019 and May 20, 2019, respectively.  Plaintiffs' responses remain deficient because Plaintiffs do not address whatsoever "information or evidence that connects each investigation, arrest, or prosecution to a Prescription Opioid distributed by Distributor Defendants," which is explicitly requested in this interrogatory.<br><br>**Plaintiffs**:<br>On May 14, 2019, Summit supplemented its responses to this interrogatory by identifying numerous responsive documents that identified investigations, arrests, or prosecutions within its geographical boundaries for each year of the Timeframe that involved a Prescription Opioid or other opioids.  Summit identified documents that show records from Summit County law enforcement agencies and courts relating to investigations, arrests, and prosecutions involving prescription opioids.  These include, but are not limited to, individual cases of illegal drug possession and/or distribution, prescriptions that may have been forged or otherwise altered, "doc shopping," "pill mills," physicians suspected of improper prescribing practices, pharmacies suspected of diversion and/or | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Distributor Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | insufficient monitoring of prescription opioid dispensations or inventories, individual pharmacists suspected of the same, pharmacy thefts, and multiple other criminal matters related to the abuse and/or diversion of prescription opioids.<br><br>On May 20, 2019, Cuyahoga supplemented its responses to this interrogatory by identifying numerous responsive documents that identified investigations, arrests, or prosecutions within its geographical boundaries for each year of the Timeframe that involved a Prescription Opioid or other opioids.  Cuyahoga identified numerous documents, including the following:  Cuyahoga County Prosecutor charge data spreadsheet, Cuyahoga County Prosecutor data, Prosecutor files selected by Defendants, Juvenile Court documents, the Juvenile Court database, Sherriff's Department Booking and Arrest Data, the Jail Management System data, and Common Pleas Court Documents.<br><br>As to Cleveland, Distributor Defendants did not raise the alleged deficiencies identified above during the meet and confer process leading up to this chart.  Moreover, Distributor Defendants ignore the clear overlap between Distributor Defendant Interrogatory 12 which seeks information about "each <u>investigation, arrest, or prosecution</u>," and Manufacturer Interrogatory No. 13 which seeks information about "all disciplinary matters, <u>investigations, complaints arrests, indictments, prosecutions, or attempts</u> . . . to identify drug | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | **Distributor Defendants' Interrogatories to Plaintiffs** | |
| | | abusers, health care providers, or others involved in unlawful activity or prescribing practices" (emphasis added).  Plaintiff provided a thorough answer to Manufacturer Interrogatory No. 13 that substantially overlaps with Distributor Interrogatory No. 12, including by identifying relevant documents.  Cleveland's response, therefore, is not deficient. | |
| 12 | Identify every Person likely to have discoverable information related to Your claims, including, but not limited to, every Person upon whom You intend to rely in proving Your claims on summary judgment or at trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action. For every Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person. | **Distributor Defendants:**<br>**All Plaintiffs**: Following a meet and confer, Plaintiffs agreed to provide additional supplementation.  Plaintiffs Akron and Cuyahoga provided additional supplementation and did so on May 14, 2019 and May 20, 2019, respectively.  Cleveland has not supplemented.  All Plaintiffs responses remain deficient because Exhibit 12A still does not describe "the subject matter of the information possessed by [each] Person."  Instead, Plaintiffs provided mainly job titles – for example, Summit's Exhibit 12A lists, among other things: "Travis Bornstein, Hope United" and "Romona Harrison, Dr. Harper's Receptionist" without saying anything more.  Cuyahoga listed the same two individuals with the same description.  There are numerous other similar examples in Plaintiffs' Ex 12A.  Plaintiffs should be ordered to provide the subject matter of the information possessed by each person listed in their response.<br><br>**Plaintiffs**:<br>On May 14, 2019, Summit and Akron supplemented Exhibit 12A to list all witnesses identified or deposed in this litigation, as well as the general subject | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | **Distributor Defendants' Interrogatories to Plaintiffs** | |
| | | matter(s) of discoverable information those individuals may possess.  The subject matter of the persons identified in Exhibit 12A is readily identifiable from the descriptions, particularly because numerous individuals were employees of Defendants (e.g., "Endo Sales Rep," "Purdue Sales Rep").  For those individuals who were not employed by Defendants, Exhibit 12A provides sufficient information regarding the subject matter of their discoverable information (much of which should be obvious), particularly given numerous individuals have been deposed by Defendants. | |
| 13 | State the date(s) upon and the manner in which You first became aware that Prescription Opioids were being abused in Your geographic boundaries, that Prescription Opioids were being diverted in Your geographic boundaries and/or by Your residents, and that addiction to Prescription Opioids was occurring and/or increasing in Your geographic boundaries. | **Distributor Defendants:** <br> **All Plaintiffs:**  On February 19, 2019, the Distributor Defendants emailed the Track 1 Plaintiffs to request supplementation of this Interrogatory (DD Ex. 3).  Plaintiffs did not comply with Defendants' request.  Plaintiffs' previous response to this Interrogatory was insufficient because Plaintiffs simply reference their future document production, stating only that they became aware "only after it was too late to stop the damage" inflicted (DD Ex. 8(a)-(c)).  These responses are insufficient.  At this late stage of the case, Plaintiffs must affirmatively respond stating the date(s) *and the manner* in which they became aware of abuse, addiction, and purported diversion of Prescription Opioids.  To the extent Plaintiffs do not provide all requested information, they should be precluded from offering it for the first time in expert reports, summary judgment, or at trial. <br><br> **Plaintiffs:** | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Plaintiffs met and conferred with the Distributor Defendants on this topic.  During that meet and confer Plaintiffs offered, as an interim step, to review their responses and consider whether further supplementation of their responses was required.  Having thus considered their responses, Plaintiffs do not believe that further supplementation is required given that each of Plaintiffs' 30(b)(6), and fact witnesses, have been extensively questioned and provided testimony regarding this topic.  As one example, Commander Gary Gingell testified as the 30(b)(6) witness for Cleveland and was asked questions on this topic to which he responded as follows:<br><br>    Q.  When did the opioid crisis in Cleveland begin?<br>    A.  Well, it was brought to our attention in 2000 and - - I think the fall of 2012 is when we had our first meeting with the medical examiner.<br>    Q.  And from the perspective of the city of Cleveland, is that when the crisis began?<br>    A.  That's when we were first given notice of it, and that's when we started to work with the medical examiner to determing exactly, you know - - or to try to determine what was happening."<br><br>*See*, Gary Gingell Depo., January 23, 2012 at 28:22-29:9.  Additional responsive testimony continues through 31:1 and throughout the deposition.  Fact and and 306 witnesses from Summit/Akron and | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Cuyahoga were asked similar questions and provided their testimony in response.<br><br>In light of the questions asked of, and answers provided by Plaintiffs' representatives, it is untenable for Distributor Defendants to argue that they have been deprived of responsive information. Moreover, their request that Plaintiffs' be precluded from offering evidence on this topic should be denied because as Distributor Defendants have attempted to develop evidence on this subject, Plaintiffs have complied with those efforts in the form of testimony. | |
| 17 | To the extent not already identified in response to Interrogatory Number 16, identify every pharmacy, clinic, or hospital inside or outside Your geographic boundaries whose conduct with respect to Prescription Opioids You believe, suspect, or contend caused harm within Your geographic boundaries. For each such pharmacy, clinic, or hospital that You know that support Your belief, suspicion, or contention, including (without limitation): the name of the pharmacy, clinic, or hospital; each prescription filled by the pharmacy, clinic, or hospital that You believe, suspect, or contend caused harm in Your geographic boundaries; the date that each such prescription was written; the name of the prescriber; the name of the recipient of the prescription; the name(s) of the Prescription Opioids prescribed; the quantity of Prescription Opioids prescribed; the date the prescription was filled; whether any Defendant was | **Distributor Defendants:**<br>**All Plaintiffs**: Plaintiffs reference responses to other written discovery without specifying what parts of those responses are responsive to this particular Interrogatory (DD Ex. 2(a)-(c)). This is particularly problematic because the responses to which Plaintiffs cross-references are largely, if not completely, nonresponsive to this Interrogatory. Defendants are entitled to actual answers to these interrogatories, not citations to lists of other discovery responses in which some of the information sought might be found. Finally, Plaintiffs take the position that this Interrogatory will be covered by their expert reports and refuse to provide a substantive response. That their expert reports may cover this issue in greater detail does not discharge Plaintiffs of their duty to provide a substantive response to this Interrogatory, and at a minimum, state each pharmacy, clinic, or hospital | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| <u>No.</u> | <u>Text of Interrogatory</u> | <u>Parties' Position on Alleged Deficiencies</u> | <u>Ruling</u> |
| | involved in the Distribution of that Controlled Substance(s); whether the Controlled Substance(s) were distributed as part of a Suspicious Order (and if so what made the order suspicious); and the reason(s) why You believe, suspect, or contend the prescription caused harm within Your geographic boundaries. | Plaintiffs believe contributed or caused harm within their boundaries.<br><br>**Plaintiffs**:<br>The only substantive portion of the Distributor Defendants' contention is that Plaintiffs have not yet supplemented this response with the information that will be contained in their expert reports. Plaintiffs have not refused to provide the Distributor Defendants with information called for by this interrogatory. Rather, Plaintiffs have always maintained that this information would be contained within Plaintiffs' expert reports. As the Court is aware, those reports are set to be served on April 15, 2019. Any attempt to compel an earlier disclosure of information that will be the subject of expert reports – whether through a demand for a supplemental response or any other means – is premature and has been addressed by the Court in its ruling regarding the deadline to serve diversion-related expert reports.<br><br>Distributor Defendants contention regarding cross-referencing is hardly worth the Court's time because Plaintiffs' response to this interrogatory has always been that this information will be provided through expert testimony. The incorporation of other responsive information was utilized in order to avoid waiving Plaintiffs' right to incorporate additional responsive information. Distributor Defendants' position that the incorporated responses are allegedly non-responsive is simply a dislike for that practice and a misconstrual of Plaintiffs' claims. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Distributor Defendants' Interrogatories to Plaintiffs |||| 
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| **18 (Exh. 1 only)** | Specify each category of injury (e.g. increased cost of law enforcement, fire, emergency services, etc.) for which You claim damages in the Litigation and provide a computation of damages for each category of injury alleged. For each category of injury, identify all Persons with knowledge about such damages.<br><br>Note:  Request for additional supplementation is with respect to Exhibit 1 provided in response to Distributor Defendant Interrogatory 18 (only Exhibit 1 and <u>not</u> the substantive response to the interrogatory). | **Distributor Defendants:**<br>**All Plaintiffs:**  On February 19, 2019, the Distributor Defendants emailed the Track 1 Plaintiffs to request supplementation of this Interrogatory (DD Ex. 3).  Plaintiffs never objected to this request.  They ignored it.  While this Interrogatory has been the subject of previous disputes, Distributor Defendants are not seeking to re-litigate those issues.  Instead, Distributor Defendants point to a specific deficiency in Plaintiffs' response—the exhibit through which Plaintiffs provided the bulk of their response is incomplete.  Plaintiffs' previous response to this Interrogatory stated, in part, "[i]n addition, pursuant to Federal Rule of Civil Procedure 33(d), this question can be answered, to the extent practicable, from business records already produced to Defendants or within Defendants' custody and control. *See* responses to Rog 18, DD Ex. 4(a)-(c).<br><br>Because Plaintiffs' Exhibit 1 is incomplete, Plaintiffs' response to Rog 18 is insufficient and must be supplemented.  For example, at least one 30(b)(6) witness testified that the exhibit did not contain a complete list of what was provided to Plaintiffs' experts. *See, e.g.,* Gingell 30(b)(6) Deposition Transcript (DD Ex.  5) at 326:13-22 ("Q. And it's your belief that all the documents that you just read from that list [Exhibit 1] were given to the experts? A. That's correct.  Q. Is that a comprehensive and complete list of all the documents that have been given to the experts? A. **No.**") (objections omitted) (emphasis added). | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | To the extent Plaintiffs have identified additional materials that are responsive to Interrogatory 18 – which may include materials provided to their damages experts (whether or not the expert ultimately decides to rely on the documents) – they must now identify those.  To the extent Plaintiffs fail to provide a full and complete response, Plaintiffs should be precluded from relying on any of these documents in their expert reports, to obtain or oppose summary judgment, or a trial.<br><br>**Plaintiffs**:<br>Plaintiffs clarified during the meet and confer leading up to the creation of this chart that Distributor Defendants' request had been litigated multiple times, including at least one ruling from Judge Polster and, separately, Special Master Cohen.  Moreover, to the extent that Distributor Defendants' request relates to documents given to experts, those documents will be identified in the experts' reports, the majority of which were served on March 25, 2019.  Therefore, Distributor Defendants are already in possession of the list that they seek for almost all of Plaintiffs' experts.  The remainder will be served on April 15, 2019.  Beyond that, Plaintiffs' responses are full and complete and do not merit further supplementation immediately at this time. | |

**Distributor Defendants' Interrogatories to Plaintiffs**

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Distributor Defendants' Interrogatories to Plaintiffs | | | |
| --- | --- | --- | --- |
| <u>No.</u> | <u>Text of Interrogatory</u> | <u>Parties' Position on Alleged Deficiencies</u> | <u>Ruling</u> |
| 24 | Identify all false and/or fraudulent information that You allege any Distributor Defendant supplied to the Drug Enforcement Administration about Suspicious Orders as alleged in Paragraph 859 (Cuyahoga/Summit/Akron)/819 (Cleveland) of the Second Amended Complaint. | **Distributor Defendants:**<br>**All Plaintiffs**:  Plaintiffs have responded to Interrogatory Nos. 24-26* by citing to 1,259,493 million documents that "may" provide responsive information (without identifying which 1.25 million documents)--and as of a March 20 meet and confer, counsel for one Plaintiff mentioned the number is closer to 1.7 million documents. (DD Ex. 2(a)-(c)). Plaintiffs' prior Supplemental responses also pointed to these 1.25+ documents and stated: "Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, which may provide information responsive to this Interrogatory. Plaintiffs are actively engaged in the review of these documents." (DD Ex. 6(a)-(b), served December 14, 2018.  Those responses also included an Appendix, which purported to cite documents actually containing responsive information.  To be sure, the documents listed in the most recent Appendix 24A have grown in number over time, but several problems remain.<br><br>First, Defendants are entitled to have a list of all documents Plaintiffs contend are actually responsive to these Interrogatories. The current list represents a small fraction of the 1.25 million documents that "may" provide information, but no confirmation is offered that the remaining documents – which were initially identified *at least 80-days* prior to Plaintiffs' most recent Supplement – were found to be non-responsive. Second, the same Appendix is cited in Plaintiffs' responses to both Interrogatory 24 and Interrogatory 25 – but those | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | interrogatories seek fundamentally different information.  No effort is made to identify which documents are responsive to which interrogatory. While it is conceivable that Plaintiffs could allege *some* overlap in their responses to these two Interrogatories, Plaintiffs' tactic of pointing to the same set of documents for both responses does not satisfy their discovery obligations with respect to either Interrogatory. <br><br> Moreover, Summit's response (DD Ex. 2(c)) is deficient for the additional reason that – unlike Cleveland and Cuyahoga – it describes its updated Exhibit 24A as "a **non-exclusive list drawn from the discovery produced to date by Mallinckrodt.** Plaintiff continues to review the documents, many of which were only recently produced, and note as well that Mallinckrodt continues to produce substantial numbers of documents responsive to Plaintiffs' discovery requests." (emphasis added). This is on its face a deficient response to Interrogatory 24, which seeks information related to Distributor Defendants, not Mallinckrodt. <br><br> Given the posture of this case and the late stage of discovery, Plaintiffs should be ordered to identify the complete list of documents that are actually – not merely possibly – responsive to this Interrogatory. To the extent Plaintiffs fail to provide a full and complete response, Plaintiffs should be precluded from relying on any of these documents in their | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| __No.__ | __Text of Interrogatory__ | __Parties' Position on Alleged Deficiencies__ | __Ruling__ |
| | | expert reports, to obtain or oppose summary judgment, or at trial.<br><br>*Summit/Akron's March 4, 2019 Supplement did not include any update to Rogs. 25-26.<br><br>__Plaintiffs__:<br>Plaintiffs narrowed the almost 11 million documents produced by Defendants in this case down to a manageable subset of documents that may contain evidence of racketeering activity.  In doing so, Plaintiffs initially identified 1.25 million documents at the time that Distributor Interrogatory Nos. 24-25 were supplemented.  That number has now grown to almost 1.75 million documents.<br><br>Despite the identification of 1.25 million documents, through their continuing review, Plaintiffs also identified additional documents that evidence racketeering activity.  Specifically, Plaintiffs' most recent supplement identifies thousands of documents that evidence racketeering activity. Distributor Defendants have no basis for arguing that Plaintiffs have failed to answer this response.<br><br>Distributor Defendants' request that Plaintiffs further decrease the number of documents potentially identified as relevant to their RICO claims effectively asks Plaintiffs to provide Defendants with Plaintiffs' counsel's views on the importance of each document within the subset of RICO documents, identifying some as more relevant than others.  As such, the Distributor Defendants' request improperly | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| **Distributor Defendants' Interrogatories to Plaintiffs** | | | |
|---|---|---|---|
| <u>**No.**</u> | <u>**Text of Interrogatory**</u> | <u>**Parties' Position on Alleged Deficiencies**</u> | <u>**Ruling**</u> |
| | | calls for work product.  Plaintiffs already identified these documents as relevant to RICO, they are not required to review that set and tell Defendants which documents are more relevant to RICO.<br><br>Second, Distributor Defendants' argument that there is no overlap between Distributor Interrogatory Nos. 24-25 is based on a misunderstanding of Plaintiffs' claims.  The fundamental basis for Plaintiffs' claims is that the RICO Supply Chain Defendants engaged in a pattern of racketeering activity -- namely mail fraud, wire fraud, and felonious violations of the Controlled Substances Act -- by refusing to report suspicious orders to the DEA as required by the Controlled Substances Act and its implementing regulations.  Plaintiffs' claims, therefore, are fundamentally based on an omission theory.  As such, every interaction that the RICO Supply Chain Defendants had with the DEA was part and parcel of their overall fraudulent scheme to omit reports of suspicious order reports.  Moreover, each predicate act in which the Distributor Defendants engaged was part and parcel of the fraudulent scheme to omit reports regarding suspicious orders.  Contrary to Distributor Defendants' claim, there is no clear demarcation between the predicate acts and "false and/or fraudulent information that [Distributor Defendants]" supplied to the DEA.<br><br>In sum, to the extent that any individual Plaintiff did not supplement this interrogatory with the most recent identification of the documents identified as relevant to Plaintiffs' RICO claims, they will do so. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | Distributor Defendants' Interrogatories to Plaintiffs | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Beyond that, however, no additional supplementation is warranted at this time.  Plaintiff will continue to supplement their responses to this interrogatory with additional documents to the extent the same are identified from Plaintiffs' on-going document review as relevant to Plaintiffs RICO claims. | |
| 25 | Identify with specificity each of the predicate acts of racketeering activity You allege each of AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation committed, conspired to commit, and/or aided and abetted the commission of for the time period you seek damages in this lawsuit. For each predicate act, provide the date, the conduct that constituted the predicate act, the Defendant(s) involved, the reason that conduct constituted a predicate act of racketeering, and any other individuals/entities involved. | **Distributor Defendants:**<br>**Cuyahoga/Cleveland**: These Plaintiffs have responded to Interrogatory Nos. 24-26 by citing to 1,259,493 million documents that "may" provide responsive information (without identifying which 1.25 million documents) (DD Ex. 2(a)-(b))--and as of a March 20 meet and confer, counsel for one Plaintiff mentioned the number is closer to 1.7 million documents. Plaintiffs' prior Supplemental responses also pointed to these 1.25+ documents and stated: "Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, which may provide information responsive to this Interrogatory.  Plaintiffs are actively engaged in the review of these documents.". (DD Ex. 6(a), served December 14, 2018). Those responses also included an Appendix, which purported to cite documents actually containing responsive information.  To be sure, the documents listed in the most recent Appendix 24A have grown in number over time, but several problems remain.<br><br>First, Defendants are entitled to have a list of all documents Plaintiffs contend are actually responsive to these Interrogatories. The current list represents a small fraction of the 1.25 million | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | documents that "may" provide information, but no confirmation is offered that the remaining documents – which were initially identified *at least 80-days* prior to Plaintiffs' most recent Supplement – were found to be non-responsive. Second, the same Appendix is cited in Plaintiffs' responses to both Interrogatory 24 and Interrogatory 25 – but those interrogatories seek fundamentally different information.  No effort is made to identify which documents are responsive to which interrogatory. While it is conceivable that Plaintiffs could allege *some* overlap in their responses to these two Interrogatories, Plaintiffs' tactic of pointing to the same set of documents for both responses does not satisfy their discovery obligations with respect to either Interrogatory.<br><br>Given the posture of this case and the late stage of discovery, Plaintiffs should be ordered to identify the complete list of documents that are actually – not merely possibly – responsive to this Interrogatory. To the extent Plaintiffs fail to provide a full and complete response, Plaintiffs should be precluded from relying on any of these documents in their expert reports, to obtain or oppose summary judgment, or a trial.<br><br>**Summit/Akron**:  Despite agreeing to supplement its response to this Interrogatory, Plaintiff provided no additional information.  The existing response (DD Ex.6(a)-(b)) is deficient for the reasons described above. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | **Distributor Defendants' Interrogatories to Plaintiffs** | |
| | | **Plaintiffs**: Plaintiffs' response regarding this interrogatory is the same as their response for Distributor Defendant Interrogatory No. 24 which is incorporated herein by reference. | |
| 26 | Identify all facts and evidence that support Your contention that the Distributor Defendants agreed to implement similar tactics in their refusal to report Suspicious Orders as alleged in Paragraph 922 of the Second Amended Complaint. | **Distributor Defendants:** **Cuyahoga/Cleveland**: These Plaintiffs have responded to Interrogatory Nos. 24-26 by citing to 1,259,493 million documents that "may" provide responsive information (DD Ex. 2(a)-(b)) (without identifying which 1.25 million documents)--and as of a March 20 meet and confer, counsel for one Plaintiff mentioned the number is closer to 1.7 million documents. Plaintiffs' prior Supplemental responses also pointed to these 1.25+ documents and stated: "Plaintiffs have identified a subset, consisting of approximately 1,259,493 documents, which may provide information responsive to this Interrogatory.  Plaintiffs are actively engaged in the review of these documents." (DD Ex. 6(a), served December 14, 2018.  Those responses also included an Appendix, which purported to cite documents actually containing responsive information.  Like Rogs. 24-25, Defendants are entitled to have a list of all documents Plaintiffs contend are actually responsive to these Interrogatories. The current list represents a small fraction of the 1.25 million documents that "may" provide information, but no confirmation is offered that the remaining documents – which were initially identified *at least 80-days* prior to Plaintiffs' most recent Supplement –  were found to be non-responsive. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Distributor Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| **No.** | **Text of Interrogatory** | **Parties' Position on Alleged Deficiencies** | **Ruling** |
| | | Given the posture of this case and the late stage of discovery, Plaintiffs should be ordered to identify the complete list of documents that are actually – not merely possibly – responsive to this Interrogatory. To the extent Plaintiffs fail to provide a full and complete response, Plaintiffs should be precluded from relying on any of these documents in their expert reports, to obtain or oppose summary judgment, or a trial.<br><br>**Summit/Akron**:  Despite agreeing to supplement its response to this Interrogatory, Plaintiff provided no additional information.  The existing response (Ex.6(a)-(b)) is deficient for the reasons described above.<br><br>**Plaintiffs**:<br>The basis for Plaintiffs' response regarding this interrogatory, including the identification of 1.25 potentially relevant documents, is identical to Distributor Defendant Interrogatory Nos. 24-25. Despite the overwhelming production of documents, and the vast amount of potentially relevant documents, Plaintiff is diligently engaged in the review of potentially relevant documents, the production of which is still ongoing by multiple defendants.  And, in that process, Plaintiff specifically identified a substantial number of documents that evidence the collaboration and cooperation of the Distributor Defendants with each other, with the Manufacturer Defendants, and with groups like the Pain Care Forum, the New Jersey | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | Distributor Defendants' Interrogatories to Plaintiffs | | |
|---|---|---|---|
| __No.__ | __Text of Interrogatory__ | __Parties' Position on Alleged Deficiencies__ | __Ruling__ |
| | | Pharmaceutical Industry Working Group, the Anti-Diversion Industry Working Group, the Midwestern Discussion Group, and – most notably – the Healthcare Distribution Alliance (and its predecessor entities).  The volume of these documents overwhelmingly indicates that the Distributor Defendants and members of the RICO Supply Chain Enterprise formed agreements, including agreements omit reports regarding suspicious orders. | |
| 27 | Identify and describe each statement or omission relating to Prescription Opioids that were made or disseminated by any of the Manufacturer Defendants and that You allege the Distributor Defendants knew were false, misleading, unfair, deceptive or otherwise actionable and, for each, identify each specific Distributor Defendant who had such knowledge, explain the basis for your contention that it had such knowledge, state the specific act(s) or omission(s) that each Distributor Defendant took with such knowledge, and describe how such act(s) or omission(s) caused a quantifiable harm to You. | __Distributor Defendants:__<br>__All:__   Plaintiffs' responses devote several pages to listing alleged "statements or omissions relating to Prescription Opioids that were made or disseminated by any of the Manufacturer Defendants that were false, misleading, unfair, deceptive or otherwise actionable", but they largely ignore the central purpose of this Distributor Defendant interrogatory. (DD Ex. 2(a)-(c))  Namely, "for each [alleged act], *identify each specific Distributor Defendant* who had such knowledge, explain the basis for your contention that it had such knowledge, state the specific act(s) or omission(s) that *each Distributor Defendant* took with such knowledge, and describe how such act(s) or omission(s) caused a quantifiable harm to You." (emphasis added). This requested information is not provided.  Because Plaintiffs' responses do not address these critical elements of Interrogatory 27, their response is deficient. | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| **Distributor Defendants' Interrogatories to Plaintiffs** ||||
|  |  | Additional Supplementation is particularly important here because Plaintiffs have done an about-face compared to their previous response wherein they stated:  "The Complaint does not allege that the Distributor Defendants knew that any of the statements made or disseminated by the Manufacturer Defendants were 'false, misleading, unfair, deceptive or otherwise actionable,' and Plaintiffs do not at this time contend that they did. Plaintiffs, however, reserve the right to supplement this answer based on information learned in discovery and, in particular, to contend and prove that the Distributors, or any of them, did know that one or more of the statements made by the Manufacturer Defendants was false, misleading, unfair, deceptive, or otherwise actionable." (Ex.6(a)-(b), served December 2018). Particularly given Plaintiffs' reversal on this issue, Distributor Defendants are entitled to a complete response.<br><br>To the extent Plaintiffs fail to provide a full and complete response, Plaintiffs should be precluded from relying on any of these documents in their expert reports, to obtain or oppose summary judgment, or a trial.<br><br>**Plaintiffs**:<br>Distributor Defendants' reference to the "several pages" Plaintiffs provided in response to the interrogatory should actually refer to the nearly sixty pages of misrepresentations that Plaintiffs identified. This answer was carefully crafted to address the misrepresentations that Manufacturers |  |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| | | Distributor Defendants' Interrogatories to Plaintiffs | |
|---|---|---|---|
| <u>No.</u> | <u>Text of Interrogatory</u> | <u>Parties' Position on Alleged Deficiencies</u> | <u>Ruling</u> |
| | | disseminated about their branded opioids and prescription opioids in general.  These misrepresentations were disseminated either directly by, or facilitated by, the Distributor Defendants.  This topic is the subject of expert opinion.  Distributor Defendants are, therefore, in possession of information responsive to this interrogatory and not preclusive order is warranted or necessary. | |
| 29 | For each Suspicious Order that You contend was shipped into Your geographic area by a Distributor Defendant, identify how, if at all, the Prescription Opioids were used following the shipment, including what percentage of the Prescription Opioids were diverted, abused, used for legitimate medical purposes, used in some other manner, or destroyed, and if the Prescription Opioids were diverted, abused, or otherwise used improperly, who was involved in such diversion, abuse, or other improper use. | **Distributor Defendants:** **Cuyahoga/Summit/Akron:**  Plaintiffs reference their responses to other written discovery without specifying what parts of those responses are responsive to this particular Interrogatory (DD Ex. 2(a), (c)).  The responses to which Plaintiffs cross-reference are largely, if not completely, nonresponsive to this Interrogatory.  Plaintiffs further describe alleged duties under federal law, which is nonresponsive. Further, Plaintiffs fail to provide any response regarding how prescription opioids distributed as part of Suspicious Orders were used *following* shipment.  Finally, Plaintiffs' responses are specific to Mallinckrodt, and not the distributor defendants<br><br>**Cleveland**:  Despite agreeing to supplement its response to this Interrogatory, Plaintiff has provided no additional information.<br><br>**Plaintiffs**: Plaintiffs' responses to Distributor Defendant Interrogatory No. 29 appropriately responded within their lay ability.  This interrogatory calls for expert | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| | | opinion and, despite the necessity for expert opinion Defendants ensured that Plaintiffs' witnesses, including witnesses from Cleveland, Summit/Akron, and Cuyahoga, were repeatedly asked the same or similar questions during their depositions and provided testimony in response to the same.  In light of this testimony and the fact that this interrogatory calls for expert testimony, no further supplementation should be compelled. | |

**Distributor Defendants' Interrogatories to Plaintiffs**

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Pharmacy Defendants' Interrogatories to Plaintiffs |
|---|

| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
|---|---|---|---|
| 6 | Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period.  This includes, but is not limited to, all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS.  For each such person, state when access was first obtained and, if applicable, discontinued. | **Pharmacy Defendants:**<br>Supplementation of all of Plaintiffs' responses to Interrogatory 6 is required to provide a more complete picture of Plaintiffs' OARRS access—specifically including the timing of that access.  Following earlier meet and confer correspondence and discussion on Plaintiffs' deficient responses to Interrogatory 6, on February 25, 2019, the Pharmacy Defendants asked Plaintiffs to again supplement their responses to that interrogatory (among others).<br><br>As to Cleveland/Cuyahoga: Prior to the March 4 supplement, neither Cleveland nor Cuyahoga provided any response other than objections to Interrogatory 6.<br><br>In its March 4 supplement, Cuyahoga omitted any supplementation to their response to Interrogatory 6.<br><br>In its March 4 supplement, Cleveland objected and responded with general categories of people to whom OARRS access is "traditionally" given or "may" be given to "[f]rom time to time," and listed three individuals (without providing any dates for first access or discontinuance of access).  Cleveland also provided the Bates range for a heavily redacted and difficult to read hand-written OARRS logbook.<br><br>As to Summit/Akron:  In their original July 23, 2018 responses, Summit/Akron objected, and said that Dr. Lisa Kohler and Donna Skoda had OARRS access (without providing any dates for first access or discontinuance of access).  On September 26, 2018, Summit/Akron | |

May 23, 2019 Updated Submission to Special Master Cohen:
Table of Outstanding Disputes re: Parties' Interrogatory Responses

| Pharmacy Defendants' Interrogatories to Plaintiffs | | | |
|---|---|---|---|
| No. | Text of Interrogatory | Parties' Position on Alleged Deficiencies | Ruling |
| | | amended their response, dropping Donna Skoda, and adding eight additional people (still without providing any dates for first access or discontinuance of access).  In their March 4 supplement, Summit/Akron omitted any supplementation to their response to Interrogatory 6.<br><br>**Plaintiffs**:<br>Pharmacy Defendants first raised this supposed "deficiency" on March 25.  Plaintiffs are therefore considering this request.<br><br>Defendants, collectively, as a part of their deposition strategy ensured that Plaintiffs' witnesses were thoroughly and repeatedly deposed on the topic of OARRS access.  Specifically, multiple witnesses from Cleveland, Cuyahoga, Summit and Akron testified regarding when, how, and by whom OARRS was accessed by Plaintiffs.  Nothing more is required in response to this interrogatory.<br><br>Additionally, Cleveland provided a full and complete response to this interrogatory.  Not only did Cleveland identify the persons and circumstances in which OARRS information was accessed, it also identified specific documents that are responsive to this interrogatory that specifically describe who accessed OARRS, and provides the reason for access. | |