UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| This document relates to: | ) ) ) | JUDGE POLSTER |
| State of Alabama v. Purdue Pharma Case No. 18-OP-45236 | ) ) ) | |
| and | ) ) | |
| Salmons v. Purdue Pharma L.P. Case No. 18-OP-45268 | ) ) | **ORDER** |

**State of Alabama v. Purdue Pharma**

In CMO-1 (docket no. 232), the Court directed defendants to file motions to dismiss in *The State of Alabama v. Purdue Pharma L.P.*, Case No. 18-OP-45236 (N.D. Ohio). Defendants filed two such motions on the MDL master docket. *See* McKesson's motion to dismiss for failure to state a claim (docket no. 689); Manufacturer Defendants' joint motion to dismiss Alabama's First Amended Complaint (docket no. 690). Those motions are now fully briefed.

The operative complaint states that this Court's jurisdiction over the *Alabama* case derives from "Count VII (Unjust Enrichment) [which] presents a federal common law claim." Amended Complaint at 9, ¶26 (docket no. 733); *see id.* at ¶27 ("The remaining counts present state-law claims over which this Court has supplemental jurisdiction."). In one of the defendants' two motions to dismiss, however, there is a suggestion that there is no such thing as a federal common law claim for unjust enrichment. *See* brief at 31 (docket no. 689-1) ("to the extent that the State purports to assert an unjust enrichment claim based on federal common law, that claim fails for the fundamental

reason that no such free-floating cause of action exists under federal law.") (citing cases).

If this is true, the Court does not have jurisdiction over the *Alabama* case. The focus of the parties' briefing, however, was on other aspects of the adequacy of Alabama's pleading; defendants did not argue that Alabama's case must be dismissed for lack of jurisdiction. This Court, however, has a continuing obligation to ensure it has jurisdiction *sua sponte*. *See West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017) ("[a] court has a duty to assure itself of its own jurisdiction, regardless of whether jurisdiction is contested by the parties").

Accordingly, the Court directs Alabama to submit a supplemental brief on or before June 14, 2019, no longer than 10 pages, addressing whether this Court has jurisdiction over the *Alabama* case. Defendants may file a single, 10-page response brief on or before June 21, 2019.

**Salmons v. Purdue Pharma L.P.**

This MDL currently includes a number of putative class action cases filed on behalf of children who suffer from neonatal abstinence syndrome ("NAS"); one of these is *Salmons v. Purdue Pharma L.P.*, Case No. 18-OP-45268. *See Salmons* complaint at 47, ¶155 (docket no. 29) ("Plaintiffs seek to represent the following class of individuals: All persons in the U.S. under the age of eighteen who were diagnosed with neonatal abstinence syndrome (NAS) and whose birth mother (1) used opioids during gestation and (2) had a medical prescription for opioids before or during the

gestation period.").[1]

The Court is aware that defendants do not believe class certification is appropriate in any of the NAS cases.  Moreover, the question of NAS class certification may affect ongoing settlement discussions.  Accordingly, the Court concludes the matter should be set for briefing, as follows.

July 22, 2019 – Defendants shall file a single, joint motion to strike class allegations.

August 19, 2019 – Plaintiffs shall file a response.

September 2, 2019 – Defendants shall file a single, joint reply.

These briefs should be filed on the master docket and should address the propriety of class certification in all of the NAS cases, not just in *Salmons*.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 6, 2019

---

[1] The Court is aware of these putative NAS Class cases that are a part of the MDL: (1) Case No. 18-OP-45662, *Roach v. McKesson Corp.* (Louisiana Class); (2) Case No. 18-OP-45252, *Rees v. McKesson Corp.* (Illinois Class); (3) Case No. 18-OP-45268, *Salmons v. Purdue Pharma LP* (National Class); (4) Case No. 18-OP-45264, *Wood v. Purdue Pharma LP* (Missouri Class); (5) Case No. 18-OP-45375, *Ambrosio v. Purdue Pharma LP* (California Class); (6) Case No. 18-OP-45598, *Whitley v. Purdue Pharma LP* (Tennessee Class); (7) Case No. 18-OP-45405, *Flanagan v. Purdue Pharma LP* (Tennessee Class); (8) Case No. 18-OP-45681, *Hunt v. Purdue Pharma Pharma LP* (Maryland Class); (9) Case No. 19-OP-45052, *Hanlon v. Purdue Pharma LP* (New York Class); (10) Case No. 18-OP-46327, *Doyle v. Actavis LLC* (Ohio Class); and (11) Case No. 18-OP-46305, *Moore v. Purdue Pharma LP* (West Virginia Class).  The parentheticals in the list above state what the Court believes is the definition of the class that the plaintiffs seek to represent, but in some cases the allegations were not clear.