UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to all cases | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

### PHARMACY DEFENDANTS' OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 21 REGARDING PLAINTIFFS' RESPONSES TO PHARMACY DEFENDANTS' INTERROGATORY NO. 6

Pharmacy Defendants[1] respectfully submit this objection to the Special Master's Discovery Ruling No. 21 Regarding Supplementation of Interrogatory Responses ("Discovery Ruling No. 21"), pursuant to Federal Rule of Civil Procedure Rule 53(f), and respectfully request that the Court overrule Discovery Ruling No. 21 as it relates to Plaintiffs' response to the Pharmacy Defendants' Interrogatory No. 6 ("Interrogatory No. 6"). *See* ECF No. 1657.

### BACKGROUND

On March 27, 2019, the parties submitted to Special Master David Cohen a "Table of Outstanding Disputes" summarizing the parties' disputes regarding responses to several interrogatories, including Plaintiffs' responses to Interrogatory No. 6.[2] Interrogatory No. 6 asks that Plaintiffs identify certain individuals who "possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period," and for each

---

[1] This response is being filed on behalf of Pharmacy Defendants CVS Indiana, L.L.C.; CVS Rx Services, Inc.; Rite Aid of Maryland, Inc.; Walgreen Co., Walgreen Eastern Co., Inc.; and Walmart Inc.

[2] An updated version of this Table was submitted to Special Master Cohen on May 23, 2019, removing several disputes unrelated to Interrogatory No. 6. *See* ECF No. 1657-1 at 52-53.

individual, to state "when access was first obtained and, if applicable, discontinued." As summarized in the Table, Plaintiffs' written responses to Interrogatory No. 6 are cursory and plainly deficient. Yet Plaintiffs take the position that they need not provide full and complete answers to Interrogatory No. 6 because such answers can be derived from deposition testimony, and therefore "[n]othing more is required." *See* ECF No. 1657-1 at 53.

On May 7, 2019, counsel for Pharmacy Defendant Rite Aid submitted a letter brief to Special Master Cohen explaining the dispute concerning Interrogatory No. 6, citing legal authority which holds that references to deposition testimony are no substitute for full and complete interrogatory responses, and observing that even if references to deposition testimony were ordinarily sufficient, the depositions in this case have elicited only minimal information concerning OARRS access. *See* Exhibit 1, May 7, 2019 Letter from Elisa McEnroe to Special Master Cohen.

Notwithstanding this letter brief, on May 29 Special Master Cohen issued an informal ruling stating that all parties "must accept a level of fact discovery that is less than complete and entire," and ruling, *inter alia*, that Plaintiffs were not required to supplement their existing responses to Interrogatory No. 6 because "responses provided to the Interrogatory and related discovery are sufficient; and/or the burden of answering the interrogatory as written is not proportional to the needs of the case at this juncture." ECF No. 1657-2 at 4. On June 1, Special Master Cohen issued Discovery Ruling No. 21, in response to Defendants' timely request that the May 29 discovery rulings be formalized. *See* ECF No. 1657.

## ANALYSIS

Plaintiffs' written responses to Interrogatory No. 6 fall far short of "sufficient." As explained in the May 7 letter brief, Plaintiff Cuyahoga County—one of the two plaintiffs going

to trial in October 2019—has not provided *any* response to Interrogatory No. 6 other than objecting to it.  The other three Plaintiffs have done little more.  Plaintiff City of Cleveland provided no response to Interrogatory No. 6 (other than objections) until its March 4, 2019 supplementary response, in which it allowed that the Cleveland Police Compliance Unit "traditionally" has access to OARRS data and that its detectives "may have" accessed OARRS "[f]rom time to time," and named three individuals without providing dates or date ranges per the interrogatory.  Cleveland also provided the Bates range for a heavily redacted and mostly illegible handwritten OARRS logbook, which does not provide the name(s) of the person(s) accessing OARRS.  Plaintiffs Summit County and City of Akron listed the names of two individuals in their July 23, 2018 response, dropped one name and added eight more in their September 26, 2018 response (without providing any dates), and ignored Interrogatory No. 6 entirely in their March 4, 2019 supplementary responses.

Plaintiffs contend that "[n]othing more is required" because the answers that the Pharmacy Defendants seek can be found in deposition testimony.  Yet as set forth in the May 7 letter brief, this position is directly at odds with applicable legal authority and guidance.  "Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories, at least when a reference to another interrogatory makes it difficult to ascertain if the original interrogatory has been answered completely without a detailed comparison of answers."  7-33 MOORE'S FED. PRAC. CIV. § 33.103.  *See, e.g.*, *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) ("Plaintiffs' answers to LCSC's interrogatories [which generally referred to deposition testimony] are evasive and clearly insufficient…. Defendant LCSC is entitled to discover the factual basis for plaintiffs' claims through the use of interrogatories,

without being referred to the plaintiffs' deposition testimony, other discovery materials, or the pleadings.") (citing cases); *Martin v. Easton Pub. Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980) ("Defendants are entitled to know the factual content of plaintiff's claims with a reasonable degree of precision…. Incorporation by reference to a deposition is not a responsive answer, 'for the fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention'.") (quoting *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152 (S.D.N.Y. 1963)).

Moreover, as the May 7 letter brief observed, the deposition testimony concerning OARRS access in this case has been fragmentary, ambiguous, and vague.  In other words, even if Plaintiffs were correct—which they are not—in asserting that Pharmacy Defendants must comb through scores of deposition transcripts in order to answer their own interrogatory, the answers would still be lacking.  Even the witnesses most knowledgeable about OARRS, two officials from the Ohio Board of Pharmacy, could only speak to OARRS access at a high level, testifying for instance that the Ohio Attorney General's Medicaid Fraud Control Unit can access OARRS, or that the Summit and Cuyahoga County Sheriffs' Departments have had access to OARRS since 2006, without naming any individuals.  Likewise, just a handful of city and county officials have testified as to OARRS access, and in similarly general terms: Akron Police Department Detective Patrick Leonard recalled that OARRS first became available "[s]omewhere around" 2007, but he was "not sure of the exact date."  Summit County Health Commissioner Donna Skoda and Akron Chief of Staff James Hardy both testified that OARRS reporting was mandated in 2015, but neither witness knew when access was first available, with Mr. Hardy remarking that it would be "impossible" for him to know who used OARRS prior to 2015.  Plaintiffs' claim

that "nothing more is required" in response to Interrogatory No. 6 is plainly contradicted by the testimony itself.  Even when taken as a whole—and even assuming that deposition testimony was an acceptable substitute for a written interrogatory response—such excerpts amount to far less than a "sufficient" response to Interrogatory No. 6.

Equally perplexing is Special Master Cohen's explanation that "the burden of answering the interrogatory as written is not proportional to the needs of the case at this juncture."  ECF No. 1657-2 at 4.  Information concerning Plaintiffs' historical ability to access controlled substance prescription data is critical to the Pharmacy Defendants' arguments in their motion for summary judgment.  Moreover, considering that Plaintiffs have either ignored Interrogatory No. 6 or barely addressed it, despite having had nearly a year to respond, it is difficult to see how requiring a full and complete answer amounts to a disproportionate burden.

WHEREFORE, Pharmacy Defendants respectfully object to Discovery Ruling No. 21 concerning Interrogatory No. 6, and respectfully request that the Court overrule Discovery Ruling No. 21 as it relates to the same.

Dated: June 6, 2019                                   Respectfully submitted,

*/s/ Kelly A. Moore*_____
Kelly A. Moore
kelly.moore@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
T: 212-309-6612
F: 212-309-6001

Elisa P. McEnroe
elisa.mcenroe@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921

5

        T: 215-963-5917
        F: 215-963-5001

*Counsel for Rite Aid of Maryland, Inc.*

*/s/ Tina M. Tabacchi (consent)*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

*/s/ Kaspar J. Stoffelmayr (consent)*
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com
kate.swift@bartlit-beck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co., Inc.*

*/s/ Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Ste. 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Indiana, L.L.C. and CVS Rx Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this 6th day of June, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Elisa P. McEnroe*_____
Elisa P. McEnroe