# Morgan Lewis

**Elisa P. McEnroe**
Partner
+1.215.963.5917
elisa.mcenroe@morganlewis.com

May 7, 2019

VIA ELECTRONIC MAIL

Special Master Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837
David@SpecialMaster.Law

Re: In Re National Prescription Opioid Litigation, No 17-md-2804; Pharmacy Defendants' Interrogatory No. 6

Dear Special Master Cohen:

We write concerning the insufficiency of Plaintiffs' responses to Pharmacy Defendants' Interrogatory No. 6, and to respectfully request that you order Plaintiffs to submit full and complete responses to this Interrogatory.

As you know, on March 27, 2019 the parties submitted to you via email a "Table of Outstanding Disputes" that summarized the parties' disputes concerning responses to several interrogatories. Pages 50-51 of this Table summarize Plaintiffs' responses to Pharmacy Defendants' Interrogatory No. 6, first served on June 21, 2018, which asked Plaintiffs to identify certain individuals who "possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period," and for each individual, to state "when access was first obtained and, if applicable, discontinued." Plaintiffs' prior responses to Interrogatory No. 6 have been cursory and scattershot, as detailed below. Nevertheless, Plaintiffs now take the position that Interrogatory No. 6 has been fully answered through deposition testimony and that "[n]othing more is required." This is contrary to applicable legal authority, and is also factually inaccurate.

*First*, Plaintiffs' responses to Interrogatory No. 6 have been inadequate. Plaintiff Cuyahoga County has not yet provided any response to Interrogatory No. 6 other than objections, and simply ignored this Interrogatory in its March 4, 2019 supplementary responses, despite the Pharmacy Defendants' express request on February 25, 2019 that Plaintiffs supplement their responses to Interrogatory No. 6 (among others). Similarly, prior to March 4, 2019, Plaintiff City of Cleveland provided no response to Interrogatory No. 6 other than objections. Its March 4 supplementary responses, the City of Cleveland stated that members of the Cleveland Police Compliance Unit "traditionally" have access to OARRS data (including three named individuals), and added that Compliance Unit detectives "may have" accessed OARRS "[f]rom time to time," without providing

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103-2921      ☏ +1.215.963.5000
United States                                      📠 +1.215.963.5001

Special Master Cohen
May 7, 2019
Page 2

any dates or date ranges.[1]  Plaintiffs Summit County and City of Akron listed the names of two individuals in their July 23, 2018 response to Interrogatory No. 6, then dropped one of those names and added eight more in their September 26, 2018 response (without providing any dates), and ignored Interrogatory No. 6 in their March 4, 2019 supplementary responses.

*Second*, Plaintiffs' position that deposition testimony provides a sufficient response is plainly contrary to applicable legal authority and guidance.  "Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories, at least when a reference to another interrogatory makes it difficult to ascertain if the original interrogatory has been answered completely without a detailed comparison of answers."  7-33 MOORE'S FEDERAL PRACTICE CIVIL § 33.103.  Case law addressing this question is clear.  *See, e.g.*, *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) ("Plaintiffs' answers to LCSC's interrogatories [which generally referred to deposition testimony] are evasive and clearly insufficient….  Defendant LCSC is entitled to discover the factual basis for plaintiffs' claims through the use of interrogatories, without being referred to the plaintiffs' deposition testimony, other discovery materials, or the pleadings.") (citing cases); *Martin v. Easton Pub. Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980) ("Defendants are entitled to know the factual content of plaintiff's claims with a reasonable degree of precision….  Incorporation by reference to a deposition is not a responsive answer, 'for the fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention'." (quoting *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152 (S.D.N.Y. 1963)).

*Third*, even if Plaintiffs were correct under the law (which they are not), depositions in this case have provided only minimal information concerning OARRS access, far too little to comprise a full and complete response to Interrogatory 6.  Most deposition testimony concerning OARRS access has been given by two officials at the Ohio Board of Pharmacy (Eric Griffin and Chad Garner), who have testified generally concerning access to OARRS by city, county, state, and/or federal government agencies.  For instance, Mr. Griffin testified that the Ohio Attorney General's Medicaid Fraud Control Unit can access OARRS, but without naming individuals or dates.  Mr. Garner testified that the Summit and Cuyahoga County Sheriffs' Departments have had access to OARRS since 2006, but was not asked and did not provide the names of specific individuals within those departments with OARRS access.  Similarly, although a handful of city and county officials have also testified concerning their access to OARRS, their testimony is a poor substitute for a full and complete interrogatory response, since—not surprisingly—they were unable to provide specifics such as the dates of their initial access, much less access by others.  Akron Police Department Detective Leonard recalled that OARRS first became available "[s]omewhere around" 2007, but he was "not sure of the exact date."  Summit County Health Commissioner Donna Skoda testified that OARRS reporting was mandated in 2015, but that "I don't know when it [OARRS] was developed."  Akron Chief of Staff James Hardy also testified that OARRS reporting became mandatory in 2015, but that it would be "impossible" for him to know who used it prior to that time.   Plaintiffs' claim that "nothing more is required" in response to Interrogatory No. 6 is plainly contradicted by the testimony itself.

---

[1] In its March 4 supplementary responses, Cleveland also provided the Bates range for a heavily redacted, handwritten OARRS access logbook, which, in addition to being largely unreadable, does not provide the name(s) of the person(s) accessing OARRS.

Special Master Cohen
May 7, 2019
Page 3

Plaintiffs cannot rely on deposition testimony in lieu of responding to Pharmacy Defendants' Interrogatories.  Accordingly, and for the foregoing reasons, we respectfully request that you order Plaintiffs to provide full and complete responses to Interrogatory No. 6.

Respectfully submitted,

**Elisa P. McEnroe**

Elisa P. McEnroe

Cc: Plaintiffs' Counsel (mdl2804discovery@motleyrice.com);
Defendants' Counsel (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com)