**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

==GRANTED==
==It is so Ordered==

==s/ Dan A. Polster==
==U.S. District Judge==
==6/13/2019==

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION )<br>)<br>) | MDL 2804 |
| ) | Case No. 1:17-md-2804-DAP |
| **This document relates to:** )<br>) | |
| ) | Judge Dan Aaron Polster |
| *State of Alabama v. Purdue Pharma LP, et al.* )<br>Case No. 1:18-OP-45236-DAP (N.D. Ohio) ) | |

**MOTION FOR LEAVE OF COURT TO**
**VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE**

On June 6, 2019, the Court questioned its jurisdiction over *State of Alabama v. Purdue Pharma L.P.*, Case No. 18-OP-45236 (N.D. Ohio). *See* Doc. #1662. Because jurisdictional defects can be raised at any time, at any level of the proceedings, Alabama believes that it is in the Courts' and the parties' best interests to dismiss Alabama's original action so that it can be refiled, rather than allow jurisdictional issues to resurface post-trial and/or on appeal, if any.[1]

Because the Defendants have yet to file an answer or motion for summary judgment, Rule 41(a)(1)(A)(i) permits Alabama to voluntarily dismiss this action without court order. Alabama hereby files such a notice, which by rule, has the effect of dismissing Alabama's action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

Alabama notes that Section 6(e) of CMO-1 (Doc. 232) requires a party subject to motion to dismiss briefing to obtain leave of court if it wishes to voluntarily dismiss its case. Accordingly, Alabama requests the Court enter an order stating that the Court accepts Alabama's voluntary dismissal without prejudice and that Alabama is free to refile its action in due course.

---

[1] Alabama seeks voluntary dismissal out of an abundance of caution; it does not take a position on the merits of the Court's question.

1