UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> *"Track One Cases"* | ) CASE NO. 1:17-MD-2804 <br> ) <br> ) SPECIAL MASTER COHEN <br> ) <br> ) <br> ) DISCOVERY RULING NO. 14, PART 9 <br> ) REGARDING WALMART PRIVILEGE <br> ) CLAIMS |

During Track One discovery, defendant Walmart withheld production of certain documents based on attorney-client privilege. Plaintiffs took issue with a number of those decisions, and the parties engaged in a productive meet-and-confer process that narrowed the number of disputed documents to twenty-one.[1] Walmart has submitted the disputed documents to the Special Master for *in camera* review, and both parties submitted letter briefs and a chart detailing their arguments regarding each contested document.

Having reviewed these materials, the Special Master now rules as shown in the chart below. The Special Master has applied the legal standards and authorities set out in all prior "Discovery Rulings No. 14, Part x," and incorporates them by reference.[2] Most prominently, the Special Master's decisions are based on the distinction between legal advice and business advice, applying the principal that compliance with regulations is usually a business matter, not a legal one. *See*

---

[1] Although plaintiffs' letter brief indicates that twenty-two documents are at issue, the chart prepared jointly by the parties containing their arguments lists only twenty-one and omits WMT_PRIV_00000768.  The Special Master assumes the parties reached agreement with respect to that document.

[2] *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, & 1666.

*Zigler v. Allstate Ins. Co.*, 2007 WL 1087607 at *1 (N.D. Ohio Apr. 9, 2007) (a "communication is not privileged simply because it is made by or to a person who happens to be an attorney. To be privileged, the communication must have the *primary* purpose of soliciting legal, rather than business, advice.") (internal quotation marks and citations omitted, emphasis in original); *see also Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). Also, when asserting attorney-client privilege, "[t[he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821 at 825 (6th Cir. 2000). "Claims of attorney-client privilege are 'narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA*, 293 F.3d 289 at 294 (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

| Document Number | Date | Ruling |
|---|---|---|
| WMT_PRIV_00000085 | 9/8/2010 | Overruled.[3] |
| WMT_PRIV_00000181 | 10/31/2014 | Sustained. |
| WMT_PRIV_00000182 | 11/21-23/2014 | Sustained. |
| WMT_PRIV_00000206 | 11/21/2013 | Sustained. |
| WMT_PRIV_00000211 | 10/28/2013 | Overruled |
| WMT_PRIV_00000223 | 8/29/2013 | Overruled |
| WMT_PRIV_00000227 | 11/14/2014 | Overruled; redactions sustained. |
| WMT_PRIV_00000262 | 6/12/2012 | Overruled; redactions sustained. |
| WMT_PRIV_00000266 | 2/24/2016 | Overruled; redactions sustained. |
| WMT_PRIV_00000278 | 5/12/2014 | Overruled; but note this document is confidential per CMO-2.[4] |

---

[3] This lengthy risk-assessment document is predominantly compliance-related, but contains hundreds of entries detailing a variety of risks, including: (1) financial risk, (2) regulatory risk–not SOMS/DEA, (3) regulatory risk–SOMS/DEA, and (4) legal risk. Walmart may produce this document with redactions of material *explicitly* referencing legal risk, bearing in mind that compliance-related risk alone is not legal risk.

[4] *See* Case Management Order No. 2, docket no. 441.

| WMT_PRIV_00000396 | 5/19/2011 | Overruled.[5] |
| WMT_PRIV_00000630 | 2/23/2012 | Overruled; redactions sustained. |
| WMT_PRIV_00000769 | 9/11/2015 | Overruled; redact final bullet point on WMT_PRIV_00000769_001. |
| WMT_PRIV_00000770 | 9/11/2015 | Overruled; but note WMT_PRIV_00000770_0009 is confidential per CMO-2. |
| WMT_PRIV_00001043 | 11/13/2013 | Overruled. |
| WMT_PRIV_00001046 | 7/16/2014 | Sustained. |
| WMT_PRIV_00001083 | 6/24/2014 | Overruled. |
| WMT_PRIV_00001090 | 9/13/2013 | Overruled. |
| WMT_PRIV_00001094 | 11/20/2009 | Overruled.[6] |
| WMT_PRIV_00001107 | 2/16/2014 | Overruled. |
| WMT_PRIV_00001114 | 12/8/2017 | Overruled. |

If any party chooses to object to this ruling, it must do so on or before June 19, 2019.

    **RESPECTFULLY SUBMITTED,**

    /s/ David R. Cohen
    **David R. Cohen**
    **Special Master**

**Dated: June 13, 2019**

---

[5] In their submissions with respect to documents WMT_PRIV_00000396 and WMT_PRV_00001090, the parties express some disagreement about the production of a particular document. Walmart claimed to have produced document WMT_MDL_00001921, which PEC asserted did not exist. It appears the document in question is actually WMT_MDL_000019121, which Walmart has produced.

[6] See directions at footnote 3.