**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster ) ) [PROPOSED] ORDER SETTING ) PROCEDURE FOR ) AMENDMENT OF COMPLAINTS ) AND INCORPORATION BY ) REFERENCE OF MATERIALS UNDER ) SEAL FOR TRIBAL PLAINTIFFS |

1. This Court's January 18, 2019, Order provided for plaintiffs not designated in paragraphs 2 or 3 of CMO-1 (hereinafter, the "Non-Track One and Motion Plaintiffs") to review the relevant ARCOS data for their county in order to amend their complaints to add or dismiss defendants within the designated timeframe. Doc. #: 1282.  The Order also allowed plaintiffs to adopt certain portions of the Corrected Second Amended Complaint and Jury Demand in *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45090 ("*Summit County* Pleadings").  Because the Order did not delineate a process tailored to the needs of Tribal Plaintiffs, the Court hereby adopts the following Short Form Complaint Order for Tribal Plaintiffs.

2. This procedure will enable Tribal plaintiffs with MDL cases, other than the Tribal Bellwether Plaintiffs, if they choose, to: 1) add or dismiss, without prejudice, defendants based on plaintiffs' review of the ARCOS data but without specific reference to the confidential material and if such dismissals are consistent with the provisions concerning Voluntary Dismissals in CMO-1, Section 6(e); and 2) incorporate by reference the common factual

allegations and RICO claims set forth in *Muscogee (Creek) Nation's* First Amended Complaint, (Doc. 731, 1:17-md-02804) and *The Blackfeet Tribe of the Blackfeet Indian Reservation's* Corrected First Amended Complaint (Redacted), (Doc. 9, 18-op-45459), both as pleaded, and as may be amended in the future ("Tribal Bellwether Plaintiffs' pleadings") pursuant to Court order, such that no confidential material will be contained in the Short Form filing.

3. Each plaintiff electing to amend its complaint may use this Short Form that identifies the existing defendants sued by the plaintiff(s) and states that counsel has selected any newly named defendants based on plaintiffs' review of the ARCOS data pursuant to the procedure approved by the Court. Furthermore, the Short Form shall either (i) state that the newly added defendants appear in the ARCOS data reviewed or (ii) contain factual allegations sufficient to state a claim against any newly named defendant that does not appear in the ARCOS data. The Short Form may also incorporate by reference the common facts and/or RICO claims alleged in the Tribal Bellwether Plaintiffs' pleadings and/or incorporate by reference the pleadings in the plaintiff(s)'s existing complaint on file at the time that said plaintiff files the Short Form. The Short Form shall be deemed to supplement rather than supersede the plaintiff(s)'s prior pleadings except as specified herein. In the Short Form, plaintiff(s) may state that their existing complaint and the Tribal Bellwether Plaintiffs' pleadings are incorporated by reference and that statement will be effective as if those allegations, including material under seal, were fully set forth therein.

4. The Court approves of the Short Form attached as Exhibit "A" hereto for these purposes.

5. The Short Form does not purport to outline all of the causes of action that may be asserted and operates only as a supplement to the previously-filed complaints. The Short Form

2

may not be used as the initial complaint in newly filed cases.

6. The Short Form does not displace or supersede the prior pleadings except to the extent that: 1) the set of defendants named by plaintiff is altered by the filing of a Short Form; and 2) if the existing complaint contained RICO claims, any RICO claims added through the Short Form will supersede those previously asserted.  Where a plaintiff has named a defendant in an existing complaint, and thereafter files a Short Form that does not identify said defendant, that defendant is deemed to be dismissed without prejudice in that plaintiff's case.  Where plaintiff(s) identify a defendant for the first time in the Short Form pursuant to the procedure set forth above, Plaintiff(s) must include the necessary jurisdictional allegations where indicated in the Short Form.

7. If a plaintiff elects to amend its previously filed complaint by use of the Short Form, then the plaintiff shall have the option of filing this form as an "amended complaint" via the Court's CM/ECF system, in the individual docket established for the case. In such cases, plaintiff(s) shall not pay any additional court fees, having paid the filing fee on submission of the original complaint.

Nothing in this Order or the Short Form amendment process adopted herein shall relieve any plaintiff of its obligations under the Federal Rules of Civil Procedure, including Rule 9(b), to sufficiently and adequately plead allegations as to all named defendants.  Neither this Order nor the Short Form is intended to and shall not waive any applicable defenses available to any Defendant, including any objections to service, jurisdiction or venue, and any defenses to any state law claims not otherwise set forth in plaintiffs' long form or Short Form complaints, and Defendants may respond to any such individual complaint, including Short Forms, by way of motions permissible under the Federal Rules of Civil Procedure pursuant to a subsequent

scheduling order of the Court.

**IT IS SO ORDERED.**

<pre>                              /s/ Dan Aaron Polster
                              DAN AARON POLSTER
                              UNITED STATES DISTRICT JUDGE</pre>