# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br>DOCUMENT RELATES TO:<br>*Track One Cases:*<br>*County of Summit, Ohio v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>AMENDED ORDER REGARDING PRETRIAL MOTIONS FOR "TRACK ONE" TRIAL |

This Order revises and amends the Order entered at docket no. 1653, taking into account modifications subsequently requested by the parties. Plaintiffs in the above-referenced cases bring 11 different causes of action against more than 20 different groups of corporate affiliates. Plaintiffs have named about 20 experts, and defendants have named about 80 experts. The Court asked the parties to propose page limits and numerical limits for summary judgment motions, *Daubert* motions, and in limine motions. The parties' proposals were originally as follows (including pages for motions, responses, and replies):

| | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| **Summary Judgment** | 900 | 2,175 |
| *Daubert* | 700 | 2,985 |
| In Limine | 500 | 1,175 |
| Total | 2,100 | 6,335 |

Defendants insist that restriction of page limits, or the number of motions allowed, to the

levels proposed by plaintiffs will amount to a denial of due process. The Court respects defendants' needs but, as it has explained to the parties, even with the extra resources provided by Magistrate Judge Ruiz, the Special Masters, and other additional staff, it can only process so much before trial.  Accordingly, the Court: (1) adopts virtually all of the defendants' proposal; **but** (2) reminds the parties that it may be forced to simply grant or deny motions with virtually no *written* discussion or analysis. The Court directs the parties to, as much as possible: (a) concentrate on, and identify for the Court, the most important issues; (b) avoid duplication; and be succinct.  If a party does not need to use all of the pages set forth below, it should not use them.

Moreover, it is certainly possible that, between now and trial, some defendants will settle or be dismissed, some claims will be dropped, and/or parties will decide not to use some experts or offer certain evidence.  **The parties shall immediately notify the Court and the Special Masters if one of these events occurs or is imminent, and shall identify those portions of any pending motion that are affected, so that the Court does not spend time on moot issues**.

Accordingly, the Court orders as follows.  If any issue arises regarding this Order that cannot be resolved through the meet-and-confer process, the parties shall seek resolution from Special Master Cohen as soon as possible.  To the extent any page limit set out below is ambiguous (e.g., a combined or pooled page limit), it should be interpreted to allow as few pages as possible.

**Summary Sheets, Format, and Filing Deadlines**

Each brief subject to this Order shall include a Summary Sheet of issues addressed.

Summary Sheets for an omnibus or combined brief may be no longer than 3 pages. Summary Sheets for individual briefs may be no longer than 1 page.  Summary Sheets shall not count against the parties' page limits referenced in this Order, nor shall caption/title pages,

appendices, exhibits, certificates of service, or signature pages.

All briefs shall: (1) have at least 1-inch margins; (2) use at least 12-point type in the body of the document and at least 10-point type in footnotes; (3) be double spaced (except for Summary Sheets, headings, footnotes, and lengthy quoted material); and (4) have consecutively numbered pages.  All briefs addressed in this Order shall be filed on or before 12:00 Noon ET on the date due.

**Summary Judgment Motions**

A. Defense motions will be filed in two tranches, with the purpose of facilitating early briefing and consideration of combined motions on certain major issues.

B. Tranche One:  Motions will be filed on three major issues, with most or all briefing to be presented jointly by all defendants and/or defendant groups (i.e., manufacturers, distributors, pharmacies) to minimize duplication.

    1. Issues to be addressed in Tranche One motions:

        (a) Statute of limitations (limit of 60 pages total from all defendants)

        (b) Causation (limit of 80 pages total from all defendants)

        (c) Allegations of conspiracy (limit of 60 pages total from all defendants)

    2. Defendants will endeavor to file these motions early, in advance of the June 28, 2019 deadline for summary judgment motions, and in no event later than that deadline.  Oppositions will be due within 33 days of filing and no later than July 31, 2019; replies will be due within 16 days thereafter and no later than August 16, 2019.

C. Tranche Two: Motions on other issues may be filed by individual defendants (defining each group of corporate affiliates as a single "defendant"), with a limit of 18 pages per

defendant. Where feasible and appropriate, multiple defendants may pool some or all of their allocated pages into joint motions, in order to streamline filings and avoid duplication. The due date for Tranche Two motions is June 28, 2019. Oppositions must be filed within 33 days and no later than July 31, 2019. Replies must be filed within 16 days and no later than August 16, 2019.

   D. To the extent that Defendants require additional pages for a Tranche 1 motion, they may submit a longer brief for that motion with a corresponding decrease in the aggregate number of pages allowed for the Tranche 2 motions of the Defendants participating in that Tranche 1 motion. The total number of pages may not exceed the sum allowed for all Defendants in the aggregate.

   E. Plaintiffs may file summary judgment motions that collectively use no more than 180 pages.

   F. The limit on opposition briefs for each motion is the number of pages permitted in the opening motion. Where feasible and appropriate, the opposing part may also pool some or all of their allocated pages into omnibus or combined oppositions, in order to streamline filings and avoid duplication. The limit for reply briefs is 1/2 of that number.

   *Daubert Motions*

   A. Plaintiffs, collectively, and Defendants, collectively, may file: (i) one motion for each expert disclosed by the other side, plus (ii) one omnibus brief addressing all common legal issues.

   B. Each non-omnibus motion or opposition shall be no longer than 14 pages, except as follows: to the extent that Plaintiffs or Defendants require additional pages for certain experts and fewer pages for others, they may submit longer briefs for some experts and shorter briefs for

others, as long as the total number of pages does not exceed the sum allowed for all opposing experts in the aggregate.[1]  Likewise, to the extent that Plaintiffs or Defendants seek to combine pages allowed for non-omnibus motions or oppositions to address multiple experts in a single brief, they may submit longer briefs for those combined motions/oppositions, as long as the total number of pages does not exceed the aggregate sum allowed for all opposing experts in the aggregate, except that Plaintiffs aggregate sum may not exceed 800 pages.  Any omnibus brief or opposition shall be no longer than 30 pages.

      C.      The limit for opposition briefs on each motion is the number of pages permitted in the opening motion.  The limit for reply briefs is 1/2 of that number.  Oppositions must be filed within 33 days and no later than July 31, 2019.  Replies must be filed within 16 days and no later than August 16, 2019.

---

[1] With regard to all *Daubert* briefing, if an expert is dropped for any reason, then the number of "aggregate pages" and the number of pages allowed in a pooled brief shall be reduced accordingly.

D. No party will be limited in its ability to challenge at trial the credentials, methodology, opinions, or testimony of any expert based on a failure to present the issue in a pre-trial *Daubert* motion.  The Court's strong preference, however, is to receive a timely, written *Daubert* motion to allow fulsome and unhurried consideration.

**Motions In Limine**

A. Plaintiffs, collectively, and Defendants, collectively, may each jointly file one brief addressing common in limine issues with a page limit of 44 pages.

B. Each defendant group (manufacturers, distributors, and pharmacies), and each plaintiff, may file an additional joint brief addressing in limine issues of particular concern to that plaintiff or defendant group, with a page limit of 24 pages.

C. Each individual defendant may file one additional brief of up to 8 pages addressing defendant-specific in limine issues. Plaintiffs, collectively, may similarly file one additional brief of up to 8 pages against each individual defendant addressing defendant-specific issues.

D. The limit for opposition briefs on each motion is the number of pages permitted in the opening motion.  The limit for reply briefs is 1/2 of that number.

E. Motions in limine shall be filed no later than September 25, 2019.  Oppositions shall be filed no later than October 7, 2019.  Replies shall be filed no later than October 14, 2019.

**IT IS SO ORDERED.**

/s/  David  R.  Cohen
DAVID  R.  COHEN
**SPECIAL MASTER**

1736999.1