UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: *"Track One Cases"* | ) ) ) | |
| | ) ) ) | DIRECTIONS REGARDING FILING OF BRIEFS UNDER SEAL |

During the next few months, the parties in the Track One cases will be filing numerous motions, responses, and replies ("Trial Briefs") in connection with summary judgment, *Daubert*, in limine, and other issues. Indeed, the parties have already begun doing so, and have been seeking leave to file them under seal because some of the submissions (and/or their exhibits) may contain private or confidential information. Rather than requiring the parties to seek leave to redact and/or file under seal for each submission, and in light of the recent opinion issued by the Sixth Circuit Court of Appeals,[1] this Order sets out the following procedure the parties shall follow going forward regarding redaction or sealing of Trial Briefs.

I. **Filing Procedure.**

1. At the time designated by the Court for filing of Trial Briefs (*see* docket no. 1709), the Filing Party will file a Notice of Service on the docket that a Trial Brief has been served on the Parties, the Court, and the Special Masters. The Notice of Service will contain a Summary Sheet that briefly describes the content of the Trial Brief without specific reference to any

---

[1] *In re: National Prescription Opiate Litig.*, 2019 WL 2529050 (6th Cir. June 20, 2019) (docket no. 1710) ("Appellate Order").

       information designated Confidential.

2.       The Filing Party will promptly serve the Trial Brief via e-mail or, if necessary due to size, other electronic means, on all Parties, the Court, and the Special Masters.[2] To the extent the Filing Party has included Confidential information of a non-party, the Filing Party will also notify the non-party.

3.       To the extent the Filing Party seeks to maintain confidentiality via redaction or seal of its own Confidential information, it will provide notice within one business day of service. The notice will indicate any proposed redactions, provide a "compelling reason" for overcoming the presumption in favor of disclosure, and demonstrate that the proposed redaction or seal is "narrowly tailored to serve that reason." Appellate Order, docket no. 1710 at 25. *See also* Section II of this Ruling, below.

4.       Upon receipt, any Party or Non-Party whose Confidential information is contained in a Trial Brief ("Receiving Party") will have three business days to inform the Filing Party whether they request any redaction or filing under seal, and will provide the information required in paragraph 3.

5.       The Filing Party and Receiving Party will meet and confer to resolve any disputes. Any remaining disputes will be submitted to Special Master Cohen via e-mail within three business days of when the Receiving Party provided the information in paragraph 3.

6.       Based on the Parties' agreements or Ruling of the Special Master, the Filing Party will, within one business day, file either: (a) a fully public version of the filing; or (b) a redacted public filing and also an unredacted version under seal, with an accompanying motion explaining the basis for the material held under seal.

## II.    Redactions.

The Special Master adds the following observations regarding redactions. Information that *shall* be redacted includes the following: (1) all information that must be redacted pursuant to Fed. R. Civ. P. 5.2, Local Rule 8.1, and Local Rule App'x B at §24 (Electronic Filing Policies and

---

[2] The parties will provide unredacted Trial Briefs to Court staff as follows: (1) to chambers, one hard-copy, and two thumb drives with PDFs; and (2) to Special Master Cohen, five thumb drives with PDFs. The file-names for PDFs shall start with the docket number – for example, "1703 Sealed Motion by Pharmacy Defendants for Summary Judgment Based on Statutes of Limitations," and "1703-4 Exhibit Harris Declaration."

Procedures Manual (Dec. 1, 2018)); and (2) any personal health information, medical claims data, SACWIS data (Statewide Automated Child Welfare Information System), and similar personal and private information, except to the extent this personal information has been de-identified pursuant to 45 C.F.R. §164.514.[3]

Information that *may* be redacted, if there exists an individualized, compelling reason for privacy sufficient to overcome the public interest in disclosure, includes the following: (3) bona fide trade secrets;[4] (4) law enforcement material pertaining to ongoing investigations; (5) law enforcement confidential sources or confidential surveillance methods; (6) information affecting national security; and (7) other material of a similar nature with respect to the need for privacy.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: June 24, 2019**

---

[3] Plaintiffs produced during discovery certain individuals' personal health information (including insurance claims data and other medical data). This information was largely de-identified or anonymized, but redaction may still be necessary to ensure compliance with federal regulations.

[4] Information that is considered "business confidential" but that is not a bona fide trade secret does not qualify for redaction. *See Kondash v. Kia Motors America, Inc.*, 767 Fed. Appx. 635, 639 (6th Cir. 2019) ("The fact that a document will reveal competitively-sensitive financial and negotiating information is not an adequate justification for sealing—rather, the proponent[] of closure bears the burden of showing that disclosure will work a clearly defined and serious injury."). Under the *Kondash* test, it is unlikely that the general contours of a SOMS, as opposed to a specific, highly-proprietary detail, qualify as trade secret; and quite possible that the details do not qualify, either.