UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

CERTAIN PHARMACY DEFENDANTS' OPPOSITION TO PLAINTIFFS' CORRECTED MOTION FOR CERTIFICATION OF A
RULE 23(b)(3) NEGOTIATION CLASS

The undersigned Pharmacy Defendants[1] agree with Distributor Defendants that the Court should deny Plaintiffs' Corrected Notice of Motion and Motion for Certification of Rule 23(b)(3) Cities/Counties Negotiation Class ("Mot."). Neither the law nor the factual record currently before this Court permit Plaintiffs' adventurous proposal.

Federal Rule of Civil Procedure 23 does not contemplate anything resembling a "negotiation class." Instead, it provides for certification of a class of plaintiffs who "may sue or be sued," including "for purposes of settlement." Fed. R. Civ. P. 23(a), (c). A variation of the word "negotiation" appears only once in the Rule, and that is in the context of approving a "proposed settlement, voluntary dismissal, or compromise" that was "negotiated at arm's length." Rule 23(e). Plaintiffs are therefore right to acknowledge that their proposed procedure is "novel." Mot. Br. at 4. Although Pharmacy Defendants appreciate Plaintiffs' creative efforts toward resolution, the novelty of their proposal is reason enough to reject it, since the Supreme Court has

---

[1] "Pharmacy Defendants" are CVS Rx Services, Inc. and CVS Indiana, L.L.C.; Discount Drug Mart; HBC Service Company, an unincorporated operating division of Giant Eagle, Inc.; The Kroger Co.; Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center; Walgreen Co. and Walgreen Eastern Co.; and Walmart Inc.

1

instructed that the text of Rule 23 "limits judicial inventiveness," and "[c]ourts are not free to amend a rule outside the process Congress ordered." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Moreover, Plaintiffs have not explained why their proposal is for a necessary or proper purpose. They nowhere suggest why they need a certified "negotiation class" in order to coordinate among themselves for purposes of negotiating—or why their proposal would even advance that goal, when it omits an array of litigants (including state Attorneys General and other private plaintiffs). And they candidly admit that the point of their motion "is to fashion settlements that extract the maximum amounts possible—in dollars and in changed practices—from the defendants." Mot. Br. at 4-5. But the Supreme Court has already explained that "the establishment of a grand-scale compensation scheme is a matter fit for legislative consideration" and "is not pertinent" to the Rule 23 factors. *Amchem*, 521 U.S. at 622-23.

Additionally, Plaintiffs' proposal is so riddled with insurmountable practical obstacles that it would hinder, rather than promote, judicial economy. Among many other practical defects, the proposed "negotiation class" is so large and diverse that it is hard to conceive how any settlement would achieve the requisite supermajority support—and yet the class also omits a raft of plaintiffs who would be critical to any resolution of this litigation. And even if Plaintiffs' procedure resulted in a potential settlement agreeable to all relevant parties, years would pass before objections are adjudicated, appellate review is complete, and the settlement could become final—all subject to the risk that reviewing courts may reject the proposal and put the parties back to square one.

As the Distributor Defendants have thoroughly explained, the Court should reject Plaintiffs' proposal. But if the Court is inclined to grant Plaintiffs' request (and it should not), any order should make clear—as Plaintiffs themselves concede—that the certification of a so-called

2

"negotiation class" (1) "would *not* be precedent or support of any kind for the certification of any litigation-purposes class, or for the certification of any claim or issue for trial or adjudication," Mot. Br. at 9 (emphasis in original), and (2) would not "impair the right of any party to seek or to oppose any other class certification for any other purpose," *id*.

## CONCLUSION

For these reasons and others explained by the Distributor Defendants, Pharmacy Defendants oppose Plaintiffs' Motion.

Dated:  June 24, 2019                                   Respectfully submitted,

/s/    *Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Chain Pharmacy Defendants' Liaison Counsel and Attorney for Walgreen Co. and Walgreen Eastern Co.*

/s/    *Tara A. Fumerton (consent)*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com

*Attorneys for Walmart Inc.*

/s/    *Eric R. Delinsky (consent)*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC  20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com

*Attorneys for CVS Rx Services, Inc. and CVS Indiana, L.L.C.*

/s/    *Kelly A. Moore (consent)*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Attorneys for Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center*

/s/    *Robert M. Barnes (consent)*
Robert M. Barnes
Scott D. Livingston
Joshua A. Kobrin
MARCUS & SHAPIRA, LLP
35th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: livingston@marcus-shapira.com
E-mail: kobrin@marcus-shapira.com

*Attorneys for HBC Service Company*

/s/    *Timothy D. Johnson*
Timothy D. Johnson
Gregory E. O'Brien
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, OH 44114
Phone: (216) 621-7860
Fax: (216) 621-3415
Email: tjohnson@cavitch.com
Email: gobrien@cavitch.com

*Attorneys for Discount Drug Mart, Inc.*

/s/    *Ronda L. Harvey*
Ronda L. Harvey
Fazal A. Shere
Unaiza R. Tyree
Gabriele Wohl
BOWLES RICE LLP
Post Office Box 1386
Charleston, West Virginia 25325-1386
Telephone: (304)-347-1100
Email: rharvey@bowlesrice.com
Email: fshere@bowlesrice.com
Email: utyree@bowlesrice.com
Email: gwohl@bowlesrice.com

*Attorneys for The Kroger Co.*

5

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), I hereby certify that this Court has ordered that length limitations applicable to complex cases apply to this matter, ECF No. 232 at 4 (No. 1:17-MD-2804), and that the foregoing brief is within Rule 7.1(f)'s page limit for a complex case.

> /s/  *Kaspar Stoffelmayr*
> Kaspar Stoffelmayr
> BARTLIT BECK LLP
> 54 West Hubbard Street
> Chicago, IL 60654
> Phone: (312) 494-4400
> Fax: (312) 494-4440
> E-mail: kaspar.stoffelmayr@bartlit-beck.com
>
> *Attorney for Walgreen Co. and Walgreen Eastern Co.*

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, this Memorandum was filed electronically on the master docket for this matter.  Case Management Order One provides that "[e]lectronic case filing of a document, other than an initial pleading, in the master docket shall be deemed to constitute proper service on all parties." ECF No. 232 at 8 (No. 1:17-MD-2804).

> /s/  *Kaspar Stoffelmayr*
> Kaspar Stoffelmayr
> BARTLIT BECK LLP
> 54 West Hubbard Street
> Chicago, IL 60654
> Phone: (312) 494-4400
> Fax: (312) 494-4440
> E-mail: kaspar.stoffelmayr@bartlit-beck.com
>
> *Attorney for Walgreen Co. and Walgreen Eastern Co.*