

THE STATE OF TEXAS
OFFICE OF THE ATTORNEY GENERAL

THE STATE OF CALIFORNIA
OFFICE OF THE ATTORNEY GENERAL



KEN PAXTON
ATTORNEY GENERAL

XAVIER BECERRA
ATTORNEY GENERAL

June 24, 2019

Honorable Dan Aaron Polster
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837
dan_polster@ohnd.uscourts.gov

Cc:
Helen Norton, Judicial Assistant
Helen_Norton@ohnd.uscourts.gov
and
Katherine King, Deputy Clerk
Katherine_King@ohnd.uscourts.gov

*Via Electronic Mail*

RE:   Plaintiffs' Notice of Motion and Motion for Certification of Rule 23(b)(3) Cities/Counties
      Negotiation Class, *In Re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Judge Polster:

        The Attorneys General of California, Texas, Alabama, Alaska, Arizona, Colorado,
Delaware, District of Columbia, Georgia, Guam, Hawaii, Illinois, Iowa, Kansas, Louisiana,
Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, North Dakota, Ohio, South Dakota,
Tennessee, and Virginia having learned of the June 14, 2019 filing of Plaintiffs' Notice of
Motion and Motion for Certification of Rule 23(b)(3) Cities/Counties Negotiation Class, and
having previously conferred with Plaintiffs' counsel regarding concerns related to proposing a
Negotiation Class, respectfully submit this letter to alert the Court to the unique perspective of

state Attorneys General on how the proposed certification may impact the interests of class members.[1]

Because the Attorneys General only received the initial filing on June 14, 2019 and corrected notice on June 17, 2019[2] and have had a very limited opportunity to review and analyze it, they urge the Court to postpone for at least three weeks its ruling regarding certification of the proposed Negotiation Class, to allow careful consideration of this unique and novel process. Careful scrutiny is needed regarding whether the proposed class and resulting settlement can meet the requirements of Rule 23(b)(3) and whether it can be found fair, adequate, or reasonable to be approved under Rule 23(e).

The Attorneys General have an overarching interest and responsibility to protect class members under the Class Action Fairness Act (CAFA), which prescribes a role for Attorneys General in the class action settlement approval process.[3] The instant proposed action is particularly important to the states' interests. It involves a proposed partial resolution of the opioid addiction crisis that has affected countless individuals and the states themselves. As the Court is aware, state Attorneys General have been and remain intimately involved in ongoing efforts to address the opioid crisis through a wide variety of means, including litigation, investigations, and intensive discussions regarding potential resolution with many of the parties that would be potentially impacted by the proposed class. The Attorneys General write in an attempt to preserve their ability to protect these interests, including speaking on behalf of proposed class members, governmental entities from their own states, who could be harmed by certification.[4]

---

[1] The Attorneys General submit this letter only as *amici curiae* as to the question now before the Court; this letter is written without prejudice to any State's ability to enforce its consumer protection laws or otherwise investigate claims related to the issues here in dispute in its State courts, as the Court has acknowledged it does not have jurisdiction over the Attorneys General.

[2] Some state Attorneys General also received an email regarding this motion after the close of business June 19, 2019 sent as a "courtesy", but it is unclear which Attorneys General contacts were emailed in this effort.

[3] *See* 28 U.S.C. § 1715 (Pub. L. No. 115-281); *see also* S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6 (requirement "that notice of class action settlements be sent to appropriate state and federal officials," exists "so that they may voice concerns if they believe that the class action settlement is not in the best interest of their citizens."); *id.* at 34 ("notifying appropriate state and federal officials ... will provide a check against inequitable settlements").

[4] State Attorneys General have engaged in previous efforts to prevent class action settlement abuse, which have produced meaningful settlement improvements for class members. *See, e.g.*, *Allen v. Similasan Corp.*, No. 12-cv-376, Dkts. 219, 223, 257, 261 (S.D. Cal.) (after coalition filed amicus and district court rejected initial settlement, revised deal was reached, increasing class' cash recovery from $0 to ~$700,000); *Cowen v. Lenny & Larry's, Inc.*, No. 17-cv-01530,

The Attorneys General respectfully request the Court, in its exercise of its fiduciary duty to the proposed class members, postpone ruling on the proposed Negotiation Class certification and ordering notice to proposed class members to allow additional time to consider the complex issues at hand with what Plaintiffs' counsel admit is a "new use of the class action mechanism."[5] This short delay will provide an opportunity for the Attorneys General to offer their perspective, and give the Court additional time to consider whether the Negotiation Class meets the prerequisites for certification under Rule 23(b)(3) and that any resulting settlement could be fair, reasonable, and adequate under Rule 23(e)(2). While the additional time requested before a ruling on the motion will allow the Attorneys General to more fully brief the pertinent issues, they wish to now advise the Court of several initial concerns they have identified with the proposed Negotiation Class in the limited time available to review the filing:

1) **If Approved the "Negotiation Class" may Generate Uncertainty and Impair Settlement**

Given Plaintiffs' novel and untested approach, this settlement process is likely to generate numerous objections and appeals causing additional delay to a resolution of this nationwide health crisis. Contrary to Plaintiffs' assertion that this process will help to buy "global peace," the approval of a novel "negotiation class" at this stage will invite legal challenges to any eventual settlement, adding uncertainty and making it more difficult for the parties to a achieve a global resolution. The Attorneys General are also deeply concerned that the proposed notification to Negotiation Class members, as well as the language of Plaintiffs' pending Corrected Notice of Motion and Motion for Certification, could cause undue confusion about the rights of affected governments and their ability to be heard.[6]

---

Dkts. 94, 110 (N.D. Ill.) (involvement of government officials produced revised settlement that will increase class' cash recovery from $350,000 to ~$900,000).

[5] Dkt. 1683-3.

[6] The Attorneys General note that Plaintiffs' Corrected Notice of Motion and Motion for Certification of Rule 23(b)(3) Cities/Counties Negotiation Class is purportedly directed to "All Counties, Cities, and Incorporated Places Listed on www.Opioidsnegotiationclass.com." The Notice also makes the point that these putative class members are being provided with a mechanism to get their comments to the Court before it rules on the motion. (See Notice at p.5.) However, it does not state how notice will be provided, nor are the Attorneys General aware of a proof of service of this notice that includes all of these entities. Thus, the additional process provides no real protection to the absent class members; rather, they will simply be presented with the take it or leave it proposition suggested by the proponents with no meaningful way to comment to the Court prior to the preliminary ruling without waiving their right to opt-out of the class. Therefore, silence from the putative class prior to preliminary approval should not be construed as approval of the process.

2) **Further Evaluation Needed Regarding Whether Proposed Negotiation Class Settlement Process Satisfies Due Process**

"Courts have long recognized that 'settlement class actions present unique due process concerns for absent class members.'"[7] Here, the proposed Negotiation Class members are governmental entities of varying interest, legal authorities, and knowledge. Some are represented by counsel and have previously engaged in discussions with Plaintiffs' counsel regarding the class. Others have no background or information regarding this novel and unique approach and will hear about it for the first time through notice. There are significant concerns as to whether these entities will be prejudiced due to being unable to evaluate this Negotiation Class and surmount the logistical hurdles involved with a political subdivision's decision-making process in 60 days. Due process standards for these potential class members should not be different from those for any other proposed settlement class.

Moreover, at this stage, class members likely have insufficient information to allow them to make an informed choice regarding opting out of any future settlement. They do not know the amount of a settlement fund, what percentage they might receive, how much they will be paying the attorneys, or even how much of the settlement they will be permitted to keep due to the further allocation between counties and cities discussed in the motion. Moreover, for those who become bound by the Negotiation Class by failing, or choosing not, to opt out, it appears there would be no further opportunity to opt out despite what may be required under Rule 23(e)(4). Because many of these proposed class members are headed by elected officials, it is even more concerning that they might become subject to the collective will of other jurisdictions – ultimately being required to bow to the will of the supermajority of voting political subdivisions nationally.

It "is essential" that courts apply "careful scrutiny" throughout the settlement review process, because to do otherwise and solely "rel[y] on counsel's opinion" would improperly "foster[] rubber stamping by the court[s]" and defeat the intent of judicial review of class action settlements.[8] Due to the potential lack of fairness and due process outlined above, the Court is

---

[7] *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Taylor v. Sturgell*, 553 U.S. 880, 901 (2008) (Rule 23 protections are "grounded in due process").

[8] *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1150 (11th Cir. 1983); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 309 (6th Cir. 2016) (noting that district courts "must carefully scrutinize" settlements).

unlikely to be able to approve the ultimate settlement by which the Negotiation Class would be bound.

3) **Further Evaluation Needed Regarding Whether Proposed Negotiation Class Can Meet Requirements of Rule 23(a) and 23(b)(3)**

Rule 23(a) and Rule 23(b)(3) prescribe that prerequisites be met regardless of what the class is called. Here, there may be significant issues with both categories of prerequisites. The Attorneys General request further time to evaluate these complicated issues that arise from the Negotiation Class model. Careful examination must be given to whether a Negotiation Class can be maintained given the variance in state and local laws as well as in claims being made by the proposed class members.

At the most fundamental level, the proposed class may lack common questions of law or fact, because of the variance of consumer protection, political subdivision establishment, and other laws in the fifty states, in addition to local regulations within those states. Furthermore, while many proposed class members are pursuing damages claims, others are making claims through public enforcement actions.[9] In addition, the claims or defenses of the proposed representative class members may not be "typical" because of the differences in state and local law nationwide, and the variety of effects of the opioid crisis in those areas. There are further questions as to whether the proposed representative class members can fairly represent the class when they may have assisted in developing the plan for distribution, and their "awards" as representatives have not been decided at a time when other class members are bound.

There are also significant questions as to whether Rule 23(b)(3) prerequisites can be met in the circumstances outlined in the Negotiation Class motion. These proposed class members are not similarly situated. Urban or city-dwelling class members' citizens may be counted more than rural class members' citizens in the supermajority voting mechanism as they could be, for example, counted both in a municipality and a county. Moreover, in the Negotiation Class website class member list of cities and counties, it currently appears that several subdivisions meeting the class definition will not be receiving notice. For example, the list does not include recently founded cities, such as the City of Jurupa Valley, California with a population of 106,000, incorporated in 2011, as well as many municipalities in Maine. In addition, some

---

[9] *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) (Vacating class certification ruling because differences between California law and other jurisdictions were material and that class members' claims were governed by consumer protection laws of their own jurisdictions); *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) ("superficial common questions—like whether each class member … 'suffered a violation of the same provision of law'—are not enough. ... Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members "have suffered the same injury."'").

subdivisions are listed on the website that should not be class members, according to the Attorneys General's understanding of the class definition, which may result in those entities receiving notice by mistake.[10]

### 4) Role of the State Attorneys General is Misstated

Plaintiffs' motion frequently references that this process will purportedly provide "global peace." However, the States occupy a pivotal position in settlement negotiations with Defendants, as Plaintiffs recognize. The Court has previously stated that "it has no jurisdiction over (i) the AGs or their representatives, (ii) the State cases they have filed, or (iii) any civil investigations they may be conducting."[11] The Court further noted that "nobody should construe the AG's participation in MDL settlement discussions as a limitation on litigation in the sovereign States."[12] Nevertheless, Plaintiffs' motion appears to seek to impose obligations on the Attorneys General in how they interact with the political subdivisions within their respective states.

For the reasons stated above, the Attorneys General ask the Court to postpone its ruling on the motion for preliminary approval of this class certification, as well as any order providing class notice, for at least three weeks to allow all interested parties the opportunity to more fully brief this matter.

Respectfully submitted,

KEN PAXTON                                         XAVIER BECERRA
TEXAS ATTORNEY GENERAL                  CALIFORNIA ATTORNEY GENERAL


Also Supported By:

STEVE MARSHALL
ALABAMA ATTORNEY GENERAL

---

[10] The website list includes, for instance, non-functional county governments in New England states.

[11] Dkt. 146.

[12] *Id; see also* Dkt. 94.

KEVIN CLARKSON
ALASKA ATTORNEY GENERAL

MARK BRNOVICH
ARIZONA ATTORNEY GENERAL

PHIL WEISER
COLORADO ATTORNEY GENERAL

KATHLEEN JENNINGS
DELAWARE ATTORNEY GENERAL

KARL RACINE
DISTRICT OF COLUMBIA

CHRISTOPHER M. CARR
GEORGIA ATTORNEY GENERAL

LEEVIN TAITANO CAMACHO
GUAM ATTORNEY GENERAL

CLARE E. CONNORS
HAWAII ATTORNEY GENERAL

KWAME RAOUL
ILLINOIS ATTORNEY GENERAL

TOM MILLER
IOWA ATTORNEY GENERAL

DEREK SCHMIDT
KANSAS ATTORNEY GENERAL

JEFFREY LANDRY
LOUISIANA ATTORNEY GENERAL

AARON FREY
MAINE ATTORNEY GENERAL

DANA NESSEL
MICHIGAN ATTORNEY GENERAL

KEITH ELLISON
MINNESOTA ATTORNEY GENERAL

ERIC SCHMITT
MISSOURI ATTORNEY GENERAL

DOUG PETERSON
NEBRASKA ATTORNEY GENERAL

AARON FORD
NEVADA ATTORNEY GENERAL

WAYNE STENEHJEM
NORTH DAKOTA ATTORNEY GENERAL

DAVE YOST
OHIO ATTORNEY GENERAL

JASON RAVNSBORG
SOUTH DAKOTA ATTORNEY GENERAL

HERBERT H. SLATERY III
TENNESSEE ATTORNEY GENERAL

MARK HERRING
VIRGINIA ATTORNEY GENERAL