# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**SUMMARY SHEET FOR
MOTION OF DISTRIBUTOR DEFENDANTS
<u>FOR SUMMARY JUDGMENT ON PROXIMATE CAUSATION GROUNDS</u>**

The attached motion explains that Plaintiffs cannot establish, based on the discovery record in this case, that Distributors' conduct was the proximate cause of their alleged injuries.

First, Plaintiffs have not developed any evidence that Distributors' alleged failure to conduct adequate due diligence caused more pharmacy orders to ship and, in turn, caused Plaintiffs' alleged injuries. According to Plaintiffs' experts: (1) the vast majority of doctors prescribed opioids in conformity with the prevailing standard of care; (2) their good-faith prescribing accounted for the lion's share of opioid prescribing, while prescribing by pill mills accounted for an insignificant share; and (3) the standard of care, which approved the long-term use of opioids for the treatment of chronic pain, was the product of Manufacturers' allegedly fraudulent marketing campaign. While Plaintiffs assert that Distributors did not conduct adequate

i

due diligence before shipping orders placed by their customers, they have no expert who opines (and no other evidence which suggests) that conducting further diligence would have halted any additional shipments. To the contrary, Plaintiffs' experts opine that the vast majority of prescriptions were legitimate. It is not Distributors' job to stop good-faith prescribing by doctors.

Second, the undisputed evidence shows that the chain of causation separating Distributors' alleged wrongdoing and Plaintiffs' injury is attenuated and broken by third party criminal conduct. Even setting aside the intervening acts of doctors and patients, at least two criminal acts are required before opioids delivered by Distributors can cause Plaintiffs any injury.

Third, the majority of Plaintiffs' claimed injuries result not from the use of prescription opioids but from the use of non-prescription drugs such as heroin and fentanyl. Distributors are not part of the "supply chain" for those illegal narcotics. It is thus especially clear that Distributors' conduct did not proximately cause Plaintiffs' injury flowing from the abuse of illegal drugs.