UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) CASE NO.: 1:17MD2804 ) ) JUDGE DAN A. POLSTER ) ) ) MEMORANDUM IN SUPPORT OF ) DEA'S MOTION FOR RELIEF FROM ) **JUNE 24, 2019 ORDER** ) |

## I.  INTRODUCTION

On June 20, 2019, the U.S. Court of Appeals for the Sixth Circuit issued its opinion in *In Re National Prescription Opiate Litig.*, No. 18-3839, 2019 WL 2529050 (6th Cir. June 20, 2019), ruling that this Court abused its discretion in finding "'good cause' not to permit disclosure of . . . ARCOS data pursuant to state public records requests," *id.* at *13, and in permitting various redactions and filings under seal, *id.* at *14.  The Court of Appeals remanded the case for this Court to consider entering a new protective order consistent with its opinion and to reconsider the necessity of redactions and/or sealing with respect to each pleading. *Id.* at *14-15.  Although the Sixth Circuit opinion and the respective judgment were entered on June 20, 2019, pursuant to Federal Rule of Appellate Procedure 36, no mandate has yet issued in accordance with Federal Rule of Appellate Procedure 41.  *See* Fed. R. App. P. 41(b) (specifying that the mandate issues "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court shortens or extends the time by order).

In response to the Sixth Circuit's opinion, on June 24, 2019 this Court issued its Order. In the Order, this Court directs that the parties, the Drug Enforcement Administration ("DEA"), and the Media Intervenors file position papers on or before 12:00 p.m. on July 3, 2019, addressing various issues including: 1) whether the district court should entirely lift the Protective Order concerning ARCOS data produced to the parties; and 2) the extent to which the district court should lift its Protective Order regarding Suspicious Order Reports. *Id*. at PageID # 51626.  This Court also directed every entity (whether or not they are a party) who has filed redacted or sealed documents in this case, to file a position paper on or before July 15, 2019 setting forth why the redactions or sealing should remain in place and the compelling reasons that support such non-disclosure. *Id*. at PageID # 51632.

DEA files this Motion for Relief in light of the fact that the Court of Appeals has not yet issued its mandate with respect to its June 20, 2019 opinion and, accordingly, this Court lacks jurisdiction to take action related to matters involved with the appeal. The Solicitor General has 45 days within which to determine whether the government will file a petition for rehearing en banc; the mandate will not issue, and the Sixth Circuit's decision will not become final, until after the Solicitor General has made that determination and the court of appeals has acted on any rehearing petition that is filed.  *See* Fed. R. App. P. 40(a) (providing 45 days to seek panel rehearing in a case involving the United States or a United States agency); Fed. R. App. P. 35(c) (applying this time limit to petitions for rehearing en banc).  For these reasons, the Order is premature.

## II.   LAW AND ARGUMENT

### A.  The Sixth Circuit Retains Jurisdiction Until After Its Mandate is Issued.

Under Federal Rule of Appellate Procedure 41, the court of appeals mandate must issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court "shorten[s] or extend[s] the time by order."  Fed. R. App. P. 41(b).  The Advisory Committee notes to the 1998 amendments to FRAP 41 make clear that "[a] court of appeals' judgment or order is not final until issuance of the mandate," nor do "the parties' obligations become fixed" until that time.  *See also* 6th Cir. Internal Operating Procedure 41(a) ("A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment."); *Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013) ("When the mandate issued, this court's writ became effective and the judgment became final.").

Until the mandate issues, "the court of appeals retains jurisdiction over the case," and "the district court or agency whose order is being reviewed *cannot proceed in the interim*." *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951-52 (6th Cir. 1999) (emphasis added); *see also* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3987 (4th ed. Apr. 2019 update) ("Until the mandate issues, . . . the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal." (footnotes omitted)).  Decisions of the Sixth Circuit and other courts of appeals make clear that a district court should not proceed to implement the decision of a court of appeals until the mandate has issued.  *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1202 (6th Cir. 1995)

3

("The customary procedure on remand creates a duty on the part of lower courts, which obtain jurisdiction *after* receiving the mandate of an appellate court, to obey the terms of the mandate and carry it into effect." (emphasis added)); *United States v. Krzyske*, 857 F.2d 1089, 1093 (6th Cir. 1988) ("It is settled law that the filing of a timely and sufficient notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal (except 'in aid of the appeal' or to correct clerical errors under Fed. R. Civ. P. 60(a)) *until the district court receives the mandate of the court of appeals*." (emphasis added)); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."); *United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985) ("Once defendant appealed his narcotics conviction, the district court lost its jurisdiction over the case and did not regain jurisdiction until this court issued its mandate of affirmance, notwithstanding the fact that a judgment of affirmance had been filed at an earlier date."); *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990) ("[A] district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued.").

### B. The Solicitor General Has 45 Days to Determine Whether to Authorize the Filing of a Petition for Rehearing En Banc.

The Solicitor General is responsible for determining whether the government should seek rehearing en banc with respect to the Court of Appeals June 20, 2019 opinion. 28 C.F.R. § 0.20(b). In civil cases such as this one, any party may file a petition for rehearing "within 45 days after entry of judgment if one of the parties is" the United States or a United States agency. Fed. R. App. P. 40(a)(1); *see also* Fed. R. App. P. 35(c) (applying this time limit to petitions for rehearing en banc). The Advisory Committee set this time limit in "recogni[tion]

that the Solicitor General needs time to conduct a thorough review of the merits of a case before requesting a rehearing." Fed. R. App. P. 40(a) Advisory Committee's note to 1994 amendment. And, again, the Sixth Circuit's mandate will not issue until after the Solicitor General has made that decision: the mandate issues "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court issues an order shortening or extending the time. Fed. R. App. P. 41(a). The time afforded by Rule 40 is required to adequately consult among the components of government affected by the opinion of the court of appeals and to permit preparation of a petition if the same is authorized by the Solicitor General.

      DEA respectfully suggests that it would be appropriate for the Court to defer the submission of position papers until after the mandate has issued. As discussed above, the Court lacks jurisdiction to act on matters involved in the appeal before the mandate issues. Moreover, any position paper that DEA might submit in response to the Order would be inextricably bound up with the Solicitor General's decision about whether to seek further review of the panel's decision. In addition to the United States, any party may file a petition for rehearing, which filing could likewise affect the position papers called for by the Order. Deferring the briefing that this Court has ordered until after the Solicitor General has decided whether to authorize the government to seek rehearing en banc, the court of appeals has acted on any rehearing petition

5

that might be filed, and the mandate has issued would both conserve the resources of the Court and the parties and avoid the jurisdictional issues posed by immediate action by this Court.[1]

### III. CONCLUSION

This Court accordingly should not vacate or modify the ARCOS Protective Order or revisit the redactions or sealing of previously filed documents until the Court of Appeals has issued its mandate in accordance with Fed. R. App. P. 41.  And because any DEA response to the Court's Order would be inextricably bound up with the Solicitor General's decision about whether to seek further review of the panel's decision, the DEA respectfully requests that the Court defer the briefing outlined in the Order until after the Solicitor General has made his decision, the court of appeals has acted on any rehearing petition that might be filed, and the mandate has issued.

        Respectfully submitted,

        JODY H. HUNT
        Assistant Attorney General

        AVA ROTELL DUSTIN
        Executive United States Attorney
        Attorney for the United States
        Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/ James R. Bennett II
        JAMES R. BENNETT II (OH #0071663)
        Assistant U.S. Attorney
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio  44113-1852
        (216) 622-3988 (Direct)
        (216) 522-4982 (Facsimile)
        E-mail:  james.bennett4@usdoj.gov

---

[1] For the reasons noted above, DEA believes the Court currently lacks jurisdiction to vacate or modify the ARCOS Protective Order or revisit the redactions or sealing of previously filed documents in an effort to address the Sixth Circuit's findings.  Moreover, while the DEA takes no position at this time as to the Directions Regarding Filing of Briefs Under Seal issued by the Special Master on June 24, 2019, DEA reserves the right to seek relief from the Directions as may be appropriate or necessary at a later date.

/s/Natalie A. Waites
Michael D. Granston
Andy Mao
Natalie A. Waites
United States Department of Justice
Civil Division/Fraud Section
175 N Street, N.E., Room 10.222
Washington, D.C. 20002
(202) 616-2964
Natalie.A.Waites@usdoj.gov

Attorney for U.S. Department of Justice
Drug Enforcement Administration

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Memorandum in Support of DEA's Motion for Relief from June 24, 2019 Order is six (6) pages in length and within the limitations of an unassigned matter.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney

7