Exhibit 6

Highly Confidential - Subject to Further Confidentiality Review

```
 1         IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF OHIO
 3                    EASTERN DIVISION
 4                         - - -
 5

    IN RE:  NATIONAL           :    HON. DAN A.
 6  PRESCRIPTION OPIATE        :    POLSTER
    LITIGATION                 :
 7                             :
    APPLIES TO ALL CASES       :    NO.
 8                             :    1:17-MD-2804
                               :
 9

              - HIGHLY CONFIDENTIAL -
10
    SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
11
                         - - -
12
                  December 18, 2018
13
                         - - -
14
15           Videotaped deposition of
    MICHAEL PERFETTO, taken pursuant to
16  notice, was held at the offices of Lieff
    Cabraser, LLP, 250 Hudson Street, New
17  York, New York, beginning at 9:09 a.m.,
    on the above date, before Michelle L.
18  Gray, a Registered Professional Reporter,
    Certified Shorthand Reporter, Certified
19  Realtime Reporter, and Notary Public.
20                       - - -
21
            GOLKOW LITIGATION SERVICES
22     877.370.3377 ph | 917.591.5672 fax
                 deps@golkow.com
23
24
```

```
 1         Q.   And your bonus was tied in
 2   part to your ability to increase sales
 3   for those products; is that right?
 4              MR. ROTH:  Object to form.
 5              THE WITNESS:  Can you repeat
 6        the question?
 7   BY MS. BAIG:
 8         Q.   Your bonus was tied in part
 9   to your ability to increase sales for
10   those products; is that right?
11              MR. ROTH:  Same objection.
12              THE WITNESS:  My bonus was
13        tied to making my target for an
14        aggregate of all the products for
15        the U.S.
16   BY MS. BAIG:
17         Q.   Which included those
18   products, correct?
19              MR. ROTH:  Same objection.
20              THE WITNESS:  Yes.
21   BY MS. BAIG:
22         Q.   And I think you testified
23   that you didn't recall what your bonus
24   was.  But you do recall that you received
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1   one each year; is that right?
 2         A.    Excuse me.
 3         Q.    I think you testified that
 4   you couldn't recall what your bonus was
 5   each year.  But do you recall that you
 6   did, in fact, receive one each year while
 7   you were at Actavis?
 8         A.    I will answer that most
 9   years.  I can't answer definitely that I
10   received it every year.
11         Q.    Okay.  And what marketing
12   tools did Actavis use to drive sales of
13   these generic products while you were
14   there?
15               MR. LUXTON:  Objection to
16         the form.
17               THE WITNESS:  We -- we
18         don't -- we don't market products.
19         We sell generics.  We don't use
20         marketing.  We actually don't use
21         promotion.
22               We use -- because if you
23         look at generics, we're all the
24         same product.  So we use quality,
```

1        product supply, and pricing

2        primarily to sell our products.

3  BY MS. BAIG:

4        Q.   So are you saying that you

5  don't use any marketing tools to sell --

6  or you didn't use any marketing tools to

7  sell your generic --

8           MR. LUXTON:  Objection to

9     form.

10  BY MS. BAIG:

11       Q.   -- opioid products while you

12  were at Actavis?

13       A.   Because typically when you

14  think of marketing, you think of

15  promoting to the doctors with samples and

16  calling on -- in the pharmaceuticals, and

17  calling on the doctors.  We don't do any

18  of that.

19          So our -- our primary job is

20  to provide an alternative to the branded

21  product at a discount to the branded

22  product on price, have good quality, good

23  supply, and that's how the reps are

24  selling, plus their relationships with