# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al.,<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR THE NON-RICO SMALL DISTRIBUTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' "FAILURE TO REPORT" AND "FRAUD ON THE DEA" CLAIMS**

In the motion, the non-RICO Small Distributors (Anda, H. D. Smith, Henry Schein, and Prescription Supply) move for partial summary judgment against Plaintiffs' allegations and claims that the Small Distributors are liable to them because:

- they allegedly failed to comply with their obligations under the federal Controlled Substances Act and its implementing regulations ("CSA"),

- they should have allegedly submitted more "suspicious order" reports to the DEA than they did, and

- they allegedly committed a "fraud on the DEA."

The Small Distributors' Motion for Partial Summary Judgment is narrow, and its supporting Memorandum is different from other briefs in several important ways. It demonstrates four essential points.

First, it demonstrates that Ohio common-law rejects the idea that there is a state-law duty to not defraud a federal agency or a duty to make federally required reports to a federal agency.

DMS 14690771.1

This brief is different from other briefs on this point because it supplies Ohio federal court authorities so holding.

Second, it demonstrates that Plaintiffs are trying to pursue private causes of action and private remedies under a federal statute that does not provide them.  This brief is different from other briefs on this point because it supplies Supreme Court authority holding that Article III subject matter jurisdiction and separation-of-powers principles constrain federal courts from implying private rights of action and private remedies under federal statutes that do not expressly provide them, no matter the state-law pleading labels attached to such claims.

Third, it demonstrates that "fraud on the agency" and "failure to report" claims are impliedly preempted under ordinary conflicts principles as held in *Buckman Company v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).  This brief is different from other briefs on this point because it demonstrates that every feature of the statutory and regulatory structures found important in *Buckman* is present here, that this Court's own enforcement of *Buckman*'s principles supplies the rule of decision here, and that these Plaintiffs lack constitutional standing to argue that the DEA's enforcement programs are inadequate.

Fourth, it demonstrates that there cannot be a causal connection between a distributor's "failure to report" more suspicious orders to the DEA than it did and Plaintiffs' damages.  This brief is different from other briefs on this point because it provides Ohio federal court authority, among other authorities, enforcing this point as a matter of law.