# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.,*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SUMMARY SHEET FOR
MOTION OF DISTRIBUTOR DEFENDANTS FOR SUMMARY JUDGMENT ON
PLAINTIFFS' NEGLIGENCE PER SE CLAIMS**

Distributors'[1] Motion explains that summary judgment for Distributors is warranted on Plaintiffs' negligence per se claims because neither the federal Controlled Substances Act ("CSA") nor the Ohio controlled substances regulations relied upon by Plaintiffs were intended to protect government entities from spending more on addiction-related public services.

This Court recently dismissed the negligence per se claims of the Muscogee (Creek) Nation and The Blackfeet Tribe of the Blackfeet Indian Nation (collectively, the "Tribes") because the CSA and several state-law CSA analogues cited by the Tribes do not give rise to a claim of

---

[1] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Prescription Supply Inc., H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC, H. D. Smith Holding Company, Henry Schein, Inc., Henry Schein Medical Systems, Inc., and Anda, Inc.

1

negligence per se on the part of government entities seeking to recover "the costs of public services to address the opioid epidemic." Doc. No. 1680 at 25. Like the Tribes, the Plaintiff Counties are not the intended beneficiaries of the federal CSA or Ohio controlled substances regulations.

Accordingly, the Court should grant summary judgment to Distributors on Plaintiffs' negligence per se claims.