# EXHIBIT A

A1378491.4

# SUMMARY SHEET FOR HBC SERVICE COMPANY'S
# MOTION FOR SUMMARY JUDGMENT

A division of Giant Eagle, Inc. ("Giant Eagle"), Defendant HBC Service Company ("HBC") moves for the dismissal of all claims against it. Even the barest recitation of the undisputed material facts shows that Giant Eagle—a regional grocery store chain that self-distributes certain pharmaceutical to its own in-store pharmacies—did not breach any duty of care, did not create a nuisance, did not cause any injury through criminal acts, was not unjustly enriched, and is not liable for punitive damages:

(1) Giant Eagle complied with the Controlled Substances Act ("CSA") and DEA regulations en route to receiving its 2009 registration to distribute pharmaceuticals and cleared all subsequent DEA audits and inspections;

(2) From November 2009 until the DEA reclassified HCPs in early October 2014, HBC did not distribute Schedule II controlled substances to Giant Eagle pharmacies. Rather, the only opioid at issue that it distributed during that timeframe was hydrocodone combination products (HCPs);

(3) To prevent theft and diversion, Giant Eagle utilized multiple levels of controls at its (a) warehouse, (b) pharmacies and (c) corporate offices. As a captive distributor for its own pharmacies, Giant Eagle monitored real-time information regarding the flow of controlled substances from purchase into the warehouse, to distribution to Giant Eagle pharmacies, to dispensation to patients. This system prevented theft and diversion and more than satisfied the DEA's security requirements;

(4) Throughout the relevant period, less than 10 percent of Giant Eagle prescriptions at pharmacies in Cuyahoga and Summit Counties were for controlled substances, well below levels that would raise concerns about diversion; and

(5) Although DEA annual quotas for HCPs increased dramatically from 2009 to 2014, Giant Eagle's distributions of HCPs decreased significantly in Cuyahoga and Summit Counties.

In addition to the numerous fact experts and documents that support these facts, Giant Eagle has proffered two experts (one with extensive pharmacy industry experience and the other with DEA enforcement experience) who have analyzed Giant Eagle's controls and concluded that Giant Eagle complied with the Controlled Substances Act and its regulations at all relevant times. Plaintiffs' relevant experts, in contrast, have said *absolutely nothing* about Giant Eagle or HBC.

Finally, the evidence shows that Giant Eagle *did not* distribute the medications in the 124 Giant Eagle prescriptions Plaintiffs identified. The irrelevance of these prescriptions removes Plaintiffs' only purported basis for proximate cause for *all* claims against Giant Eagle. In short, Plaintiffs have no evidence—nor is there any—that Giant Eagle breached any duty, caused any nuisance, was unjustly enriched, or proximately caused any harm. As such, Giant Eagle is entitled to summary judgment on all counts.

A1378491.4