IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

EXHIBIT A
SUMMARY SHEET FOR MANUFACTURER DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFFS' PUBLIC NUISANCE CLAIMS

The attached motion explains that Plaintiffs cannot prove the necessary elements of either of their public nuisance claims against Manufacturer Defendants.[1]

---

[1] Purdue Pharma, L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Janssen Pharmaceuticals, Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica, Inc.; Johnson & Johnson; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida; Mallinckrodt plc; Mallinckrodt LLC; and SpecGx LLC.

Teva Pharmaceutical Industries Ltd., Allergan plc f/k/a Actavis plc, and Mallinckrodt plc are respectively an Israeli corporation, Irish holding company, and Irish company that are not subject to and contest personal jurisdiction for the reasons explained in their pending motions to dismiss for lack of personal jurisdiction; they are specially appearing to join this motion as a result of the Court's deadline to file dispositive and *Daubert* motions, and, thus, they do not waive and expressly preserve their pending personal jurisdiction challenges.

On June 10, 2019, Insys Therapeutics, Inc. and its affiliates each filed a voluntary case under chapter 11 of United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which cases are being jointly administered under Case No. 19-11292 (KG). In light of this bankruptcy proceeding, Insys does not join any of the *Daubert* motions or summary judgment motions to be filed in the MDL Track One cases.

First, Plaintiffs have failed to define the set of conditions they believe constitutes a "nuisance," let alone to develop evidence sufficient to prove any such undefined set of conditions.

Second, Plaintiffs have failed to develop evidence sufficient to prove the elements of an absolute public nuisance claim under Ohio common law.  Plaintiffs have no evidence from which a reasonable finder of fact could conclude that Manufacturer Defendants violated any public right cognizable under Ohio common law, which follows the traditional definition of that term. Plaintiffs likewise have insufficient evidence to establish that Manufacturer Defendants exercised meaningful control over the products that (Plaintiffs claim) caused the (alleged) nuisance. Plaintiffs similarly have not developed sufficient evidence from which a reasonable finder of fact could conclude that Manufacturer Defendants foresaw that individual sales or behaviors would lead to the creation of the supposed nuisance.  Nor have Plaintiffs developed evidence sufficient to prove either that Manufacturer Defendants intended to bring about the conditions of the public health crisis (or any of the conditions that Plaintiffs purport to be included in the "nuisance") or that Manufacturer Defendants engaged in conduct sufficient to establish the strict-liability variant of an absolute public nuisance claim.

Finally, Plaintiffs cannot prove their statutory public nuisance claim against Manufacturer Defendants.  Plaintiffs have failed to develop evidence sufficient to prove either that Manufacturer Defendants violated a federal or state enactment "controlling the distribution of" opioids within the meaning of Ohio Revised Code § 4729.35 or that Manufacturer Defendants committed an act set forth in Ohio Revised Code § 4729.16(A)(2).

Dated:  June 28, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Mark S. Cheffo*
　　　　　　　　　　　　　　　　　　　　Mark S. Cheffo
　　　　　　　　　　　　　　　　　　　　DECHERT LLP
　　　　　　　　　　　　　　　　　　　　Three Bryant Park
　　　　　　　　　　　　　　　　　　　　1095 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Tel: (212) 698-3500
　　　　　　　　　　　　　　　　　　　　Mark.Cheffo@dechert.com

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/ Carole S. Rendon*
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*Co-Liaison Counsel for the Manufacturer Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of June 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

>   */s/ Donna M. Welch*
>   Donna M. Welch, P.C.
>   KIRKLAND & ELLIS LLP
>   300 North LaSalle
>   Chicago, IL 60654
>   Tel: (312) 862-2000