# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*,<br>Case No. 17-op-45004<br><br>and<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P, et al.*,<br>Case No. 18-op-45090. | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**SUMMARY SHEET FOR COMBINED BRIEF
IN SUPPORT OF NON-RICO SMALL DISTRIBUTORS' MOTION
FOR SUMMARY JUDGMENT BASED ON THEIR *DE MINIMIS* STATUS**

Non-RICO Defendants Anda Inc., H. D. Smith, LLC, H. D. Smith Holdings, LLC, H. D. Smith Holding Company, Henry Schein, Inc., Henry Schein Medical Systems, Inc., and Prescription Supply Inc. (collectively, "the Small Distributors") will move separately for summary judgment on all claims against them in addition to joining other motions. Each of the Small Distributors delivered an infinitesimal portion of the opioid products sold to pharmacies in Summit and Cuyahoga counties. Plaintiffs' own experts suggest that these amounts are properly characterized as *de minimis*—as a matter of law, an amount so small as to be legally irrelevant and a waste of judicial resources. This Motion and supporting Memorandum demonstrate that even if this Court finds that there is a dispute of material fact as to whether Distributors, generally, are "direct causes" of the opioid epidemic, the Small Distributors cannot be considered

to have caused the opioid epidemic because each of them is *de minimis*.  Specifically, the motion makes five salient points.

First, Plaintiffs fail to carry their burden of individualized proof as to the Small Distributors.  Despite repeatedly claiming that their case will be proven through experts, Plaintiffs' experts largely ignore the Small Distributors.  Therefore, Plaintiffs cannot carry the burden on any of their claims as to each Small Distributor.

Second, Plaintiffs cannot establish that the Small Distributors' *de minimis* shipments were a cause-in-fact of their alleged injury.  When the Small Distributors' conduct is considered with their *de minimis* role in mind, Plaintiffs' speculative causal link becomes even more attenuated.

Third, Plaintiffs cannot establish that the Small Distributors' *de minimis* shipments were a substantial factor in causing Plaintiffs' injury.  Substantial-factor causation requires more than the *de minimis* contribution of the Small Distributors that Plaintiffs have conceded through their expert, Dr. Craig McCann.

Fourth, Plaintiffs' causation evidence is particularly lacking for the claim of public nuisance, which requires the injury of significant interference with a public right.  The Small Distributors cannot have caused a significant public interference when their role was *de minimis*.

Finally, Plaintiffs' theory of aggregate causation fails as a matter of law because even if it were a valid theory in Ohio (which it is not), Plaintiffs have failed to join all potential tortfeasors.

**Filing Date:** June 28, 2019

**Response Date:** July 31, 2019

**Reply Date:** August 16, 2019