UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804<br><br>JUDGE POLSTER |

**OHIO ATTORNEY GENERAL'S MOTION FOR IMMEDIATE CONSIDERATION OF GOOD CAUSE FOR A NEW PROTECTIVE ORDER RELATING TO ARCOS DATA**

The Ohio Attorney General Dave Yost hereby moves this Court for immediate consideration of good cause for a new protective order relating to the ARCOS data, which is consistent with the Sixth Circuit Court of Appeal's decision in *In re Nat'l Prescription Opiate Litig.,* 2019 U.S. App LEXIS 18502, 2019 FED App. 0133P (6th Cir.).  Immediate consideration is essential for the Ohio Attorney General and other public entities involved in this matter to comply with public records laws, yet still protect those pieces of the ARCOS data that may potentially be sensitive for ongoing law enforcement investigations.  The attached Memorandum in Support sets forth more fully the Ohio Attorney General's reasons for this motion.

        Respectfully submitted,

        DAVE YOST
        Ohio Attorney General

        *s/ Julie M. Pfeiffer*
        JULIE M. PFEIFFER (0069762) *
          * *Trial Attorney*
        Assistant Attorney General
        Constitutional Offices Section
        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215
        Tel: 624-466-2872 | Fax: 614-728-7592
        Julie.Pfeiffer@OhioAttorneyGeneral.gov

        *Counsel for Ohio Attorney General*

**MEMORANDUM IN SUPPORT**

This Court issued a protective order on March 6, 2018 to "govern the disclosure of official Department of Justice ("DOJ") information collected and maintained by the DEA in its ARCOS database. (Doc. 167). State and local law enforcement including State Attorneys General were provided the ARCOS data on the condition that they be bound by the terms of the protective order including the condition that the ARCOS data "shall not be communicated to the public or media in any way or form without prior approval of the Court." On June 13, 2018, this Court also issued a briefing order regarding public records requests further enjoining "any entity who has received ARCOS data via this MDL" from releasing any of the information "without order of this Court." (Doc. 611). The Ohio Attorney General agreed to and executed the ARCOS Protective Order on June 19, 2018. (Doc. 640).

Shortly thereafter, two media outlets challenged this Court's protective order and sought release of the ARCOS data through state public records requests. On appeal, the Sixth Circuit found for the media outlets and ruled that it was an abuse of discretion to deny the media-Intervenors "the opportunity to expose the (ARCOS) data to the broad daylight of public reporting," yet still allow the plaintiffs in this litigation to "examine the (ARCOS) data in the otherwise complete darkness created by the Protective Order." *In re Nat'l Prescription Opiate Litig.,* 2019 U.S. App LEXIS 18502, 2019 FED App. 0133P, p.4. (6th Cir.). The Sixth Circuit then vacated the Protective Order and remanded to permit the court to:

> consider entering a new protective order consistent with the proper legal standards as set forth in this opinion. On remand the district court may entertain arguments by the DEA as to why *particular* pieces of ARCOS data that relate to *specific* ongoing investigations should not be disclosed; however, the district court shall not enter a blanket, wholesale ban on disclosure pursuant to state public records requests. Nor shall any modified protective order specify that the ARCOS data be destroyed or returned to the DEA at the conclusion of this litigation.

1

*Id.* at 23.  The Sixth Circuit's ruling leaves the Ohio Attorney General and other public offices who possess the ARCOS data somewhat in limbo – at least until this Court considers entering a new protective order consistent with the proper legal standards as set forth in the decision.

Immediate consideration of good cause for a protective order is essential because, absent a specific exception, the Ohio Public Records Act may require the Ohio Attorney General to promptly release the ARCOS data upon request.  Ohio's Public Records Act, "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 7 quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).  To that end, the party withholding records on the basis of an alleged exception to disclosure bears the burden of showing that the records fall within the exception.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley,* 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10.  And a "custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *Id.*

Public offices are required to provide copies of requested public records in a reasonable period of time.  R.C. 149.43(B)(1).  While the promptness of the response necessarily relies on the particular facts and circumstances of each case, courts have routinely found that unreasonable delays violate the Public Records Act.  *See State ex rel. Consumer News Serc., Inc. v. Worthington City Bd. Of Edn.,* 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶¶ 38-47 (finding public office's six-day delay when providing responsive records was neither prompt nor reasonable); *see also State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998)(twenty-four days to provide access to accident reports was neither prompt nor reasonable).

2

The Ohio Attorney General's Office previously relied on the now vacated protective order to deny a request for the ARCOS data.  One year ago, a media outlet requested copies of "any and all ARCOS data the U.S. Drug Enforcement Administration provided to the state of Ohio as part of the state's opioid lawsuit being heard in Ross County Common Pleas Court…(and)…the same data should it have been provided through …the multidistrict litigation case" in the Northern District of Ohio. (Exh. 1).  The Office denied the public records request solely because it was prohibited from releasing the ARCOS data pursuant to the now vacated protective order (Doc. 167) and this Court's "Briefing Order Re Public Records Requests" (Doc. 611).  *See* R.C. 149.43(B)(3)("If a request is ultimately denied, in part or in whole, the public office…shall provide the requester with an explanation, including legal authority, setting forth why the request was denied.")

In light of the Sixth Circuit's recent decision, the Ohio Attorney General anticipates receiving additional public records requests for the ARCOS data in the near future.  Because the protective order is now vacated, there may no longer be an exception to disclosure of the ARCOS data, either in whole or in part, should the Ohio Attorney General in fact receive one or more similar public records requests.  Additionally, as it sits now in the interim and with no consideration or guidance from this Court, the Ohio Attorney General may have no legal means to withhold even those parts of the ARCOS data that may later be properly deemed non-disclosable by this Court as relating to specific ongoing DEA investigations.

For the foregoing reasons, the Ohio Attorney General urges this Court to expeditiously determine whether there is good cause for a new protective order, consistent with the Sixth Circuit's legal standards, so that the Ohio Attorney General and other public offices may

3

promptly and accurately comply with requests from those who wish to expose the ARCOS data to the "broad daylight of public reporting."

          Respectfully submitted,

          DAVE YOST
          Ohio Attorney General

          *s/ Julie M. Pfeiffer*
          JULIE M. PFEIFFER (0069762) *
            * *Trial Attorney*
          Assistant Attorney General
          Constitutional Offices Section
          30 East Broad Street, 16th Floor
          Columbus, Ohio 43215
          Tel: (614) 466-2872; Fax: (614) 728-7592
          Julie.Pfeiffer@OhioAttorneyGeneral.gov

          *Counsel for Ohio Attorney General*

## CERTIFICATE OF SERVICE

I certify that the foregoing Ohio Attorney General's Motion for Immediate Consideration of Good Cause for a New Protective Order Relating to ARCOS Data was filed electronically on June 28, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

          *s/ Julie M. Pfeiffer*
          JULIE M. PFEIFFER (0069762)
          Assistant Attorney General