# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**This document relates to:**

*The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.,* Case No. 18-OP-45090

---

# EXHIBIT A
# SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE MEREDITH ROSENTHAL'S OPINIONS AND PROPOSED TESTIMONY

**Meredith Rosenthal** purports to establish that the Manufacturer Defendants' marketing caused an increase in the number of opioid prescriptions written across the country.  Rosenthal's opinions do not fit the issues in this case, are conceptually flawed, and thus are unhelpful to the trier of fact.  The entire basis for her testimony is a fundamentally erroneous and unsupported assumption supplied by Plaintiffs' counsel that ***all*** pharmaceutical detailing was unlawful.  Specifically, Rosenthal's regression analysis includes all detailing visits—regardless of whether they were lawful or unlawful, and regardless of the content of detailing—and is thus unable to distinguish between the effects of lawful and unlawful marketing.  She also makes her own entirely unsupported assumptions—such as that a detailing visit to a doctor will cause the doctor's opioid prescribing to increase exponentially into perpetuity—to give the appearance of a causal relationship between detailing and opioid sales.  Her methodology also suffers from numerous other incurable methodological failures that render all of her opinions unreliable and inadmissible.  And once Rosenthal's testimony falls, so fall Plaintiffs' other causation experts who depend on Rosenthal's defective opinion.