# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.,*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

SUMMARY SHEET FOR
DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY PURPORTING TO
RELATE TO ABATEMENT COSTS AND EFFORTS

The attached motion explains that the expert reports and testimony of Caleb Alexander, M.D., Jeffrey Liebman, Ph.D., Katherine Keyes, Ph.D., Scott Wexelblatt, M.D., Nancy Young, Ph.D., and Thomas McGuire, Ph.D. as they relate to the issue of abatement should be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

As explained in Defendants' Motion and Memorandum of Law in Support, Plaintiffs' abatement experts do not meet the Rule 702/*Daubert* standard for reliability or relevance necessary for admission. Alexander and Liebman's testimony should be excluded because their conclusions are not relevant and do not fit the facts of this case, and because their conclusions are unreliable to the extent that they are based on assumptions and data that are not specific to the Counties and

cannot be tested adequately. The testimony of Keyes, Young, Wexelblatt, and McGuire is irrelevant to any issue to be decided in connection with abatement because it is entirely dependent on Alexander and Liebman's irrelevant and unreliable abatement models. Moreover, they provide no cost estimates and (like Alexander and Liebman), their opinions are based upon unsupported assumptions and unreliable data.

In sum, the opinions of each of the "abatement" experts are too unreliable and lack probative value with respect to the question at hand—namely, what abatement could be properly ordered to address the purportedly wrongful conduct by Defendants that allegedly caused a public nuisance within the specific counties at issue. The testimony should be excluded.