UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |
| This document relates to: | |
| *County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090 (N.D. Ohio) | |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 17-op-45004 (N.D. Ohio) | |

## SUMMARY SHEET FOR MOTION FOR SUMMARY JUDGMENT OF WALMART INC.

- Discovery has confirmed that Defendant Walmart Inc. ("Walmart") does not belong in this litigation.  Walmart did not manufacture or market opioids.  Plaintiffs do not allege that Walmart was part of any kind of RICO enterprise.  And Plaintiffs have forsworn any argument that Walmart's pharmacists did anything wrong when they filled prescriptions.

- Plaintiffs' claims focus on Walmart's conduct as a distributor, but Walmart distributed only to its own pharmacies—not "rogue" internet pharmacies, pill mills, or pain clinics. Plaintiffs' expert witnesses offer *no opinions* about Walmart's conduct as a distributor.

- For the Walmart pharmacies in the relevant jurisdictions, the percentage of controlled substances (including, but not limited to, opioids) among all prescriptions dispensed fell significantly below the benchmark that the DEA has declared appropriate.  Above all, Walmart's distribution to its pharmacies accounts for a vanishingly small percentage of the distribution of opioids to Cuyahoga and Summit Counties.

- Plaintiffs cannot prove that Walmart's distribution to its own pharmacies proximately caused their asserted harm, particularly given Walmart's miniscule market share in the relevant jurisdictions.  There is no evidence of any actual diversion of opioids from Walmart's supply chain to the illicit market.

- Discovery has also confirmed that Plaintiffs' allegations of regulatory violations do not fit within any viable cause of action.  Plaintiffs have focused their discovery efforts on Walmart's compliance with the Controlled Substances Act ("CSA"), but even if Plaintiffs have a right of action to enforce that law (and they do not), the record shows that Walmart complied with the CSA at all times.

- Plaintiffs' statutory nuisance claim must be dismissed as moot, because that claim is limited to injunctive relief and Walmart no longer distributes opioids.

- Plaintiffs' common law nuisance claim fails because Walmart did not create a public nuisance by distributing a lawful medication to its own pharmacies. Walmart did not distribute opioids to internet pharmacies, pill mills, or pain clinics; Walmart did not market opioids; and, given its market share, Walmart in no way "flooded" the market.

- Walmart also was not negligent. There is no evidence that Walmart negligently created or contributed to a black market for opioids—much less that a black market was a foreseeable result of Walmart's distribution to its own pharmacies.

- Plaintiffs' remaining claims fail as well:  They cannot recover for injury through criminal acts because (among other things) there is no evidence that Walmart committed any crime.  Walmart was not unjustly enriched by its distribution of a lawful medication.  And there is no evidence entitling Plaintiffs to punitive damages.