UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  )<br>)<br>THIS DOCUMENT RELATES TO:  )<br>)<br>ALL CASES  )<br>)<br>)<br>)<br>) | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEA'S MOTION FOR RELIEF (DOC. # 1748)**

The rule regarding a district court's jurisdiction pending issuance of the appellate mandate is a practical rule, not one of hyper-technical rigidity (as the DEA would have it), especially where the appeal concerns a collateral order on a very narrow issue. Were the rule as broad and unyielding as the DEA suggests, it would paralyze courts and parties in situations like this—where the litigation is well underway and proceeding apace, the trial is only months away, and the parties are in the midst of significant motion practice. In fact, the rule the DEA invokes contemplates the district court's ability to continue presiding over, and issuing appropriate orders in aid of, the ongoing litigation. The rule is, after all, "largely a formality," "not absolute in character," "flexible," and subject to a "reasoned choice." *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951 (6th Cir. 1999) ("[T]he issuance of the mandate is largely a formality."); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. This, however, is not an inflexible rule."); *Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) (recognizing that the "rule is not a creature of statute and is not absolute in

1

character"); *United States v. Stafford*, 29 F.3d 181, 183 (5th Cir. 1994) ("This rule is not inviolable, however. We have recognized that the decision as to whether jurisdiction exists in a trial or appellate court, or both, can be the product of reasoned choice.") (internal quotation marks omitted). *See also Wright, Miller, et al.*, Pendent Appellate Jurisdiction, 16 Fed. Prac. & Proc. Juris. § 3937 (3d ed.) (noting that when an appellate court reviews an interlocutory order, "the extent of appellate jurisdiction ordinarily is measured by considering the proper scope of the appeal," which should be "flexible" and "pragmatic" and should avoid "interference with continuing proceedings in the trial court and with the trial judge's control of the case").

Moreover, there can be no question that a district court retains jurisdiction to manage its own docket while a collateral-order appeal is pending and the litigation has not been stayed. *See Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir.1992) ("[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case."). Notably, the cases the DEA principally relies on deal with appeals from ***final*** judgments, not from collateral orders where the litigation is otherwise moving forward.

The narrow matter the Sixth Circuit addressed—whether two news media organizations should have been allowed to obtain ARCOS data produced during discovery pursuant to state public records requests—is separate and distinct from the issues now before the Court: Whether the ARCOS data and Suspicious Order Reports should be filed under seal. Indeed, the standard for non-disclosure at the discovery phase is fundamentally different from the standard applicable at the summary-judgment stage. While discovery typically involves the exchange of documents among parties, once evidence is offered to the Court in connection with its adjudication of the case—whether at trial or on summary judgment—the public right of access becomes paramount and therefore the circumstances under which those documents may be kept secret exceedingly

limited. There is a long line of case law establishing the public's presumptive right to access court documents and records, a right that is not implicated by the normally private exchange of documents during discovery. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. Secrecy is fine at the discovery stage, before the material enters the judicial record. Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]' Fed. R. Civ. P. 26(c)(1)….At the adjudication stage, however, very different considerations apply. The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record.") (internal citations and quotation marks omitted).

Because the issues now before the Court are different in scope and standard from the narrow issue the Sixth Circuit ruled on, there is no risk of a conflict. There is, accordingly, no jurisdictional impediment to the Court's June 24 Order. *See Wright, Miller, et al.*, Issuance of Mandate, 16AA Fed. Prac. & Proc. Juris. § 3987 (4th ed.) ("Until the mandate issues…the district court lacks power to proceed further ***with respect to the matters involved with the appeal***.") (emphasis added); *United States v. Krzyske*, 857 F.2d 1089 (6th Cir. 1988) (finding no problem with the district court's decision to revoke bail after affirmance of the criminal conviction but before the mandate had issued, noting that the appeal did not "render the district court judge powerless or without jurisdiction to enforce the conditions of a bond under which

defendant has been released pending appeal"; the court of appeals was not "overly concerned about district court usurpation of our authority"); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (recognizing that the district court retains jurisdiction over matters ancillary to matters on appeal).

Finally, the Court's June 24 Order simply requests briefing and does not in any way threaten to undermine or disobey the Sixth Circuit's decision. Furthermore, nothing about the Sixth Circuit's decision affects the Court's authority to modify the protective order by prohibiting the filing of documents under seal on a prospective basis, as the Court retains the power to modify its discovery orders. *Wright, Miller, et al.*, Modification of Protective Orders, 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed.) ("Once entered, protective orders need not remain in place permanently, and they are not immutable in their terms…Accordingly, the district courts generally have substantial latitude in deciding whether to modify protective orders in light of the circumstances presented by the case.").

For these reasons, the DEA's motion for relief (Doc. # 1748) should be denied.

Respectfully submitted,

s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

s/<i>Peter H. Weinberger</i><br>
Peter H. Weinberger