# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al*.<br>Case No. 1:17-op-45004 (N.D. Ohio) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**SUMMARY SHEET FOR
MOTION FOR SUMMARY JUDGMENT ON PREEMPTION
BY PHARMACY DEFENDANTS, ABDC, CARDINAL, AND MCKESSON**

The attached motion explains that Plaintiffs' claims are preempted and that summary judgment must granted in favor of Defendants. State tort liability is preempted when it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 567 U.S. 387, 399–400 (2012). Congress passed the Controlled Substances Act ("CSA") to "control the supply and demand of controlled substances." *Gonzalez v. Raich*, 545 U.S. 1, 19 (2005). In enacting the CSA, Congress had two purposes: it acknowledged (1) that many regulated drugs "have a useful and legitimate medical purpose and are necessary to maintain the health and general welfare of the American people," 21 U.S.C. § 801(1); but also (2) that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2).

In regulating under and enforcing the CSA, DEA must fulfill both these mandates. Congress struck a balance between the risk of diversion and the risk of unavailability of important

1

medications and vested DEA with the authority to implement that framework.  Plaintiffs focus only on the alleged harms from opioids and the alleged risks of diversion—they ignore that Congress imposed on DEA an "obligation to ensure that there is no interference with the dispensing of controlled substances to the American public in accordance with the sound judgment of their physicians."  Dispensing Controlled Substances for the Treatment of Pain, 71 Fed. Reg. 52,716, 52,719-20 (Sept. 6, 2006).

The imposition of liability under state tort law would interfere with Congress's full purposes and objectives in enacting the CSA, skewing the balance sought by the federal statutory scheme.  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001).  Because Plaintiffs' claims would interfere with the accomplishment of the full purposes and objectives of Congress in enacting the Controlled Substances Act, they are preempted by federal law.