# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:17-op-45004 (N.D. Ohio) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

## SUMMARY SHEET FOR PHARMACY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CAUSATION

The attached motion explains that Plaintiffs cannot meet their burden to prove causation against Pharmacy Defendants. Plaintiffs must prove causation for each defendant individually and cannot, as they have attempted, prove causation in the aggregate.

Plaintiffs' claims against Pharmacy Defendants all rest on the theory that Pharmacy Defendants breached alleged duties to maintain effective controls against diversion of opioids through monitoring suspicious orders. Among other steps in a lengthy chain of causation, recovery on their claims would thus require Plaintiffs to prove that they suffered injuries as a result of diversion from a suspicious order shipped by a Pharmacy Defendant.

Plaintiffs have no evidence that would meet this burden. Although their experts have purported to flag certain orders shipped by Pharmacy Defendants as potentially suspicious, they have no evidence that an investigation would have found these orders to be truly suspicious. And Plaintiffs provide neither evidence of diversion from these purportedly suspicious orders nor evidence linking any of their alleged injuries to such diversion.

2

Even if their legal theories of liability against Pharmacy Defendants were viable, Plaintiffs have failed to develop the evidence of causation that would be necessary to recover under those theories. Pharmacy Defendants are entitled to summary judgment.