# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION )<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

## SUMMARY SHEET FOR ALLERGAN PLC, ALLERGAN FINANCE, LLC, ALLERGAN SALES, LLC, AND ALLERGAN USA, INC.'S INDIVIDUAL MOTION FOR SUMMARY JUDGMENT

The brief in support of this motion explains that Plaintiffs cannot sustain their sweeping claims against Defendants Allergan plc (specially appearing), Allergan Finance, LLC, Allergan Sales, LLC, and Allergan USA, Inc. (for convenience collectively referred to herein as, "Allergan"). The undisputed evidence confirms that Allergan's relevant market share and conduct are both *de minimis*. In particular, Plaintiffs' allegations against Allergan refer to two branded opioid medicines, Kadian and Norco—which together account for a fraction of the opioid market much less than 1%, both nationally and in the Track One Counties.

As a result, Plaintiffs have attempted to foist liability on Allergan for the conduct of the Actavis Generics Entities sold to Teva in 2016, and for Alpharma's conduct relating to Kadian when it owned it before 2009. The Court should apply black-letter law that makes clear Allergan cannot be held liable for either. With respect to liability for the Actavis Generics Entities (which are ongoing entities named as defendants), Plaintiffs have not pled, and have no facts to support, the veil piercing that would be required to hold Allergan liable. Even if they could, Teva expressly and unambiguously *assumed* all liability for the generics business it purchased from Allergan in 2016, which precludes Allergan's liability to Plaintiffs for any generics-related conduct under settled Ohio law. Likewise, given settled rules on successor liability, Alpharma and its successors' unambiguous *retention* of all liability with respect to Alpharma's Kadian-related conduct before the sale should be the end of the matter.

When Allergan's conduct is viewed on its own (as it must be), the undisputed evidence confirms that all of Plaintiffs' claims fail because Plaintiffs cannot prove that Allergan's conduct proximately caused the sweeping harms they allege, that Allergan joined any conspiracy, or that Plaintiffs can toll the statutes of limitation as to Allergan to assert their time-barred claims.

Dated: June 28, 2019

Respectfully Submitted,

*/s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc.*