# Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**This document relates to:**

*The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.*, Case No. 18-OP-45090

---

SUMMARY SHEET FOR
DEFENDANTS JANSSEN PHARMACEUTICALS, INC. AND JOHNSON AND JOHNSON'S MOTION FOR SUMMARY JUDGMENT

**Motion Name:**   Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson's Motion for Summary Judgment

**Moving Parties:**   Janssen Pharmaceuticals, Inc. and Johnson & Johnson ("Janssen")

**Concise Description of Issues:**

Issue 1: Can Janssen's allegedly misleading misrepresentations support Plaintiffs' case against Janssen?

Answer: No. Janssen's branded marketing could not have caused Ohio's opioid abuse crisis because Janssen's medications occupied a small market share and were not widely abused. Janssen's unbranded marketing in obscure publications occurred after the opioid abuse crisis was underway and therefore cannot have caused the crisis.  And third-party speech is not actionable because it is protected under the First Amendment.  Therefore, no jury could conclude that Janssen's allegedly misleading statements caused Ohio's opioid abuse crisis.

Issue 2: Can Janssen's alleged control failures support Plaintiffs' case against Janssen?

Answer: No. No reasonable jury could conclude that Janssen's suspicious order monitoring program ("SOM") was deficient: Janssen had a perfect compliance record before the DEA, and Plaintiffs' expert's opinion about Janssen's SOM program is inadmissible. There is also there is no competent evidence that Janssen's SOM program failed to identify any suspicious orders or that any drugs were ever diverted. Therefore, no jury could conclude that Janssen's control failures caused Ohio's opioid abuse crisis.