# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*"Track One Cases"* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## SUMMARY SHEET FOR MALLINCKRODT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**Motion Name**: Mallinckrodt's Motion for Partial Summary Judgment

**Moving Parties**: Mallinckrodt LLC, SpecGx LLC, and Mallinckrodt plc[1]

**Summary**: Plaintiffs have failed to produce any evidence to support their claims against Mallinckrodt LLC and SpecGx LLC ("Mallinckrodt") in at least the following two crucial respects, and accordingly, the Court should grant summary judgment for Mallinckrodt on these claims to narrow the case for trial.

     1.    The record is devoid of evidence that Mallinckrodt promoted the prescribing of its generic medications—which accounted for 99.7% of Mallinckrodt's opioid sales—at all, much less in a false or misleading manner. This Court should grant Mallinckrodt summary judgment on Plaintiffs' marketing-based claims to the extent they are based on Mallinckrodt's generic opioid products.

     2.    Plaintiffs have failed to identify a single suspicious order that Mallinckrodt shipped to any customer, at all, and have developed no evidence that Mallinckrodt's anti-diversion program was in any way deficient after 2012. The Court should grant summary judgment to Mallinckrodt on all diversion-based claims at least as to the time period after 2012.

**Filing Date**: June 28, 2019

**Response Date**: July 31, 2019

**Reply Date**: August 16, 2019

---

[1] Mallinckrodt plc is an Irish company that is not subject to and contests personal jurisdiction for the reasons explained in its pending motion to dismiss for lack of personal jurisdiction; it is specially appearing to join this motion as a result of the Court's deadline to file dispositive and *Daubert* motions, and, thus, it does not waive and expressly preserves its pending personal jurisdiction challenge.