# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| This document relates to: | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45090 (N.D. Ohio) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |
| *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al*.<br>Case No. 1:17-op-45004 (N.D. Ohio) | |

**SUMMARY SHEET FOR RITE AID OF MARYLAND'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

The attached motion explains that Plaintiffs cannot prove their claims against Defendant Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center ("Rite Aid").  Plaintiffs allege that Rite Aid breached duties relating to suspicious order monitoring, but Plaintiffs have no evidence of a deficiency in Rite Aid's suspicious order monitoring system.

Although Plaintiffs present experts who discuss and criticize other defendants' suspicious order monitoring systems, these experts offer no opinion about Rite Aid's system.  Without evidence of their key allegation—deficiencies in Rite Aid's suspicious monitoring system—Plaintiffs' claims against Rite Aid fail.  Plaintiffs did not even attempt to prove a case against Rite Aid.

And particularly because Rite Aid distributed opioids for only five months of the limitations period and distributed only a very small percentage of total distribution during that time, Plaintiffs cannot show causation of any injuries from any wrongful acts by Rite Aid. Summary judgment is warranted.