*In re National Prescription Opiate Litigation:  MDL No. 2804*
**DEFENDANTS' MOTION TO EXCLUDE THE MARKETING OPINIONS OF
MARK SCHUMACHER, ANNA LEMBKE, AND KATHERINE KEYES**
**Summary Sheet of Concise Issues Raised**

**Motion Name:** Defendants' Motion to Exclude the Marketing Causation Opinions of Mark Schumacher, Anna Lembke, and Katherine Keyes

**Concise Description of Issue:**  Should the Court grant Defendants' motion to exclude the causation opinions of Mark Schumacher, Anna Lembke, and Katherine Keyes as they relate to Defendants' marketing?

*Answer*:  Yes, their opinions fail under *Daubert* and Rule 702 for several reasons.  *First*, Drs. Schumacher, Lembke, and Keyes are not qualified to give a causation opinion regarding Defendants' marketing.  None has a degree, training, or experience in pharmaceutical marketing or any other subject that would render them capable of determining whether Defendants' marketing (if any), as opposed to numerous other factors, persuaded unidentified numbers of physicians in Summit and Cuyahoga Counties to write improper opioid prescriptions—much less whether such marketing was the cause of all opioid abuse and misuse in those counties.  None has experience in the complex regulatory framework that governs pharmaceutical marketing.  And neither Schumacher nor Lembke have any training in economic analyses capable of controlling for any of the numerous different factors that impact opioid prescribing, diversion, addiction, and mortality—and, to the extent Keyes has economic training, she conducted no such analysis.

*Second*, Schumacher, Lembke, and Keyes' marketing causation opinions are not the product of any methodology—much less a reliable one.  For example:

- They did not conduct any statistical analyses to understand what role, if any, marketing by the Defendants played in the rise of opioid misuse or abuse in Ohio (or the Counties).

- They spoke to no physicians or patients in the Counties and did not conduct any survey regarding pharmaceutical marketing.  To that end, they could not identify a single prescriber misled by a single statement in either of the Counties.

- They made no effort to account for the many different factors—apart from any alleged marketing—that impact prescribing and opioid abuse and mortality in the Counties.

- They did not examine each Defendant's marketing (if any) independently, but, instead, purport to provide causation opinions as to Defendants generally.

Because their methodologies are flawed, their unsupported opinions will not assist the trier of fact.

Lastly, allowing Schumacher, Lembke, and Keyes—non-economists who ran no tests and simply presumed a causal effect—to testify on a core issue like causation would mislead or confuse the jury and unfairly prejudice Defendants.  Under Rule 403, the testimony should be excluded.