# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>**Judge Dan Aaron Polster** |

**This document relates to:**
*The County of Cuyahoga v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P. et al.*, Case No. 18-OP-45090

---

SUMMARY SHEET FOR
DEFENDANTS' MOTION TO EXCLUDE
<u>EXPERT TESTIMONY OF LACEY KELLER</u>

**Motion Name:** Defendants' Motion to Exclude Expert Testimony of Lacey Keller

**Moving Parties:** Defendants

**Concise Description of Issues:**

<u>Issue 1</u>: Is Keller's methodology underlying all her opinions on identifying and analyzing flagged orders reliable?

Answer: **No.** Keller's methodology is deeply flawed and unreliable. Keller repeatedly admitted that her use of the term "suspicious order" is not the same as that term of art under the Controlled Substances Act, and it is compliance with the CSA that underlies all of Plaintiffs' diversion-based claims. Keller's analysis is also entirely divorced from the real-world due diligence conducted by Defendants after any given order is flagged by an algorithm. Therefore, her opinions are unreliable, are of no use to the finder of fact, and should be excluded.

<u>Issue 2</u>: Is Keller's Small Labeler Impact opinion reliable?

Answer: **No.** Keller's Small Labeler Impact opinion is based on the false and unsupported assumption that a physician would have been stopped entirely from ever prescribing another medication immediately after the first time that Janssen flagged an order using any one of Keller's algorithms. Her opinion is made without any regard for the undisputed evidence in this case that such a thing has never happened and is, in fact, impossible in practice. Therefore, her opinion is unreliable and should be excluded.

1

<u>Issue 3</u>: Is the IQVIA data set underlying Keller's Prescriber and Small Labeler opinions reliable?

Answer: **No.**  The IQVIA data is fundamentally unreliable.  Keller considered only the 2018 IQVIA data and it is undisputed that the 2018 data in no way reflects the IQVIA data that existed between 1997 and 2017 and that any manufacturer might have possessed during that period. IQVIA data is dynamic and changes year to year to reflect the changes in information it covers.  Her extrapolations from this 2018 data are therefore unreliable and her opinions based on them must be excluded.

<u>Issue 4</u>: Is Keller's opinion purporting to trace Mallinckrodt orders from distributors to customers reliable?

Answer: **No.**  There is no information in Mallinckrodt's direct sales or chargeback data that could be used by Keller, or anyone, to trace particular bottles Mallinckrodt shipped to a distributor to the distributor's downstream customer.  Keller attempts to link information Mallinckrodt received in the form of chargeback requests regarding certain purchases by pharmacies from distributors to orders distributors placed with Mallinckrodt that Mallinckrodt deemed "peculiar."  To do so, Keller assumes that if Mallinckrodt identified an order from a distributor as "peculiar" as part of its internal review, any bottles of the same product sold by that distributor to pharmacies within 30 days were part of the earlier peculiar order to Mallinckrodt.  That assumption is both speculative and false.  Chargeback data provides no information that would allow Mallinckrodt to identify peculiar orders being shipped by a distributor downstream after the original distributor's purchase.  Therefore, Keller's proposed tracing is impossible, unreliable, and should be excluded.