*In re National Prescription Opiate Litigation:  MDL No. 2804*
## TEVA AND ACTAVIS GENERIC DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT
### Summary Sheet of Concise Issues Raised

**Motion Name:**  Teva and Actavis Generic Defendants' Motion For Summary Judgment

**Concise Description of Issue:**

*Issue*:  Should the Court grant summary judgment in favor of the Teva and Actavis Generic Defendants as to all claims asserted against them by Plaintiffs Summit and Cuyahoga Counties?

*Answer*:  Yes.  Both the Teva and Actavis Generic Defendants are uniquely situated.  The Teva Defendants only promoted two short-acting opioid medicines (Actiq and Fentora) indicated for the treatment of breakthrough pain for opioid-tolerant cancer patients; these medicines were not long-acting opioids used for chronic pain, reflect less than .03% of all opioid prescriptions in Cuyahoga and Summit Counties between 2006 and 2016, and came with unique FDA-mandated risk mitigation programs.  The Actavis Generic Defendants also are uniquely situated because they did not promote the safety or efficacy of their medicines in Ohio or elsewhere.  They cannot be held liable for selling *lawful* products in a *lawful* manner.

Plaintiffs' claims all fall under two theories of liability:  (a) false marketing; and (b) failure to detect, report, and halt suspicious opioid shipments.  Both are contrary to the law and lack any evidentiary support.

Plaintiffs' first theory of liability—premised on false marketing—fails because Plaintiff lacks evidence of a single false statement attributable to the Teva Defendants in Ohio—much less one that took place within the applicable limitation period (*i.e.*, at least since October 2012).  Plaintiffs also admittedly have no evidence of any Ohio doctor who was misled by the Teva or Actavis Generic Defendants into writing a prescription that harmed a patient or Plaintiffs in some way.  Nor can Plaintiffs make such a showing with respect to any prescriptions of Acitq or Fentora, given the unique FDA-mandated risk mitigation program applicable to these medicines during the limitation period, which required doctors to certify that they understood and counseled their patients about the risks and indications of those medicines before writing a prescription.

Plaintiffs' second theory of liability—seeking to hold Moving Defendants responsible for failing to identify, report, and stop suspicious orders—fails too.  As a general principle, manufacturers do not sell and ship opioids directly to pharmacies.  Such orders are placed with distributors.  Moreover, Plaintiffs cannot identify a single order (for shipment into the Counties) connected to the Teva or Actavis Generic Defendants that was purportedly "suspicious."  Nor can Plaintiffs identify any such order filled by the Moving Defendants (for an opioid shipment into the Counties) that was diverted, abused, caused anyone to become addicted, infringed a public right, or caused Plaintiffs to incur some expense.