# EXHIBIT A

*In re National Prescription Opiate Litigation:* MDL 2804

**DEFENDANTS'** ***DAUBERT*** **MOTION TO EXCLUDE THE OPINIONS OF JAMES RAFALSKI**

**Summary Sheet of Concise Issues Raised**

**Motion Name:** Defendants' *Daubert* Motion to Exclude the Opinions of James Rafalski

**Concise Description:**

Plaintiffs retained James Rafalski, a former DEA investigator, to opine that certain defendants failed to "provide effective controls and procedures to guard against theft and diversion of controlled substances." He offers his personal views of: (1) defendants' legal obligations, (2) defendants' failure to meet those obligations, and (3) the resulting harm.

Rafalski's opinions should be excluded for three independent reasons.

First, Rafalski refused to disclose the bases for his so-called legal opinions. He testified that he relied on "legal guidance from DEA," but he refused to answer questions about that "guidance" at his deposition, hiding behind the Department of Justice's *Touhy* limitations on his testimony. Defendants have no way to challenge the bases for these opinions. When an expert fails to provide the disclosures required by Rule 26, "the sanction of exclusion is automatic and mandatory." *Ross v. Am. Red Cross*, 2012 WL 2090513, at *2 (S.D. Ohio Jan. 26, 2012).

Second, the "method" Rafalski used to identify "suspicious orders" has never been used in the real world—by DEA or anyone else. With reason. Rafalski assumes *every* order after a customer's initial flagged order is suspicious—and must be halted—while the initial order is investigated. Without assessing whether diligence was performed on *any* specific flagged order, he concludes that ***more than 90% of opioids shipped*** by certain distributors (not manufacturers) were "suspicious." Rafalski's testimony directly contradicts other Plaintiffs' experts who opine that most opioids were dispensed by compassionate doctors for legitimate medical purposes.

Most incredibly, Rafalski concludes that ***all*** of those "suspicious orders" were diverted for illicit use, and thereby "caused" the opioids epidemic. But Rafalski failed to investigate ***any*** pharmacy, much less look to see if it operated as a "pill mill." His diversion opinions are based on nothing more than his own "belief." These opinions do not come close to satisfying *Daubert*.

Filing Date: June 28, 2019
Response Date: July 31, 2019
Reply Date: August 16, 2019