# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-OP-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 17-OP-45004 | MDL NO. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## SUMMARY SHEET FOR
## DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF
## <u>DAVID A. KESSLER, M.D. AND MATTHEW PERRI, III BS PHARM, Ph.D., RPh</u>

**Motion Name:** Defendants' Motion to Exclude the Testimony of David A. Kessler, M.D. and Matthew Perri, III BS Pharm, Ph.D., Rph

**Moving Parties:** Defendants

Issue 1: Does Perri use a reliable methodology to reach his opinions about Manufacturers' marketing?

  Answer:  No.  Plaintiffs' lawyers told Perri to assume that all of the Manufacturers' marketing was false or misleading.  It is no surprise that Perri concludes the marketing violated industry standards, based on that unfounded and implausible assumption.  Compounding the problem, Perri uses a nebulous, generic "principles of marketing" methodology.  Another court excluded Perri for using this same methodology.

Issue 2:  Does Perri's opinion—that it was improper for the Manufacturers to market prescription opioids as safe and effective to treat chronic pain—"fit" the facts and law of the case?

  Answer:  No.  Perri's opinion addresses impermissible or abandoned claims.  The FDA has approved certain opioid medications for daily, around-the-clock, long-term opioid treatment. Perri's opinion is a headlong attack on an FDA-approved use.  The opinion also contradicts Plaintiffs' theory of the case.  In response to the Manufacturers' preemption defense, Plaintiffs

told this Court that they "do not challenge the FDA-approves labeling of any of Defendants' products." Perri's opinion does just that.

Issue 3: Is it proper for Perri and Kessler to give a "closing argument" factual narrative that tells the jury what conclusions to draw, or to speculate about the state of mind/intent of Manufacturers and the FDA?

> Answer: No. It is not an expert's job to give an argumentative narration of curated and excerpted documents. That is the role of counsel at closing argument. It is not an expert's job to draw inferences about the knowledge, motives, or intent of individuals or organizations. That role belongs to the jury. Indeed, as this Court has previously held, the alleged knowledge, motivations, intent or purposes of a corporate defendant are not the proper subjects of expert testimony. Kessler and Perri have been excluded on these bases before.

Issue 4: Is it proper for Kessler to offer legal opinions about whether Manufacturers violated federal or state law?

> Answer: No. Kessler offers inadmissible legal conclusions that impermissibly attempt to dictate the law to the jury. Kessler's testimony has been excluded on this basis by multiple courts.

Issue 5: Is it proper for Kessler to offer an opinion that he did not disclose in his 320-page expert report?

> Answer: No. Rule 37(c) bars this previously undisclosed testimony.