UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-OP-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 17-OP-45004 | MDL NO. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE DAVID EGILMAN'S OPINIONS AND PROPOSED TESTIMONY

**Motion Name:**   Defendants' Motion to Exclude David Egilman's Opinions and Proposed Testimony

**Moving Parties:**   Defendants

Issue 1: Does Egilman use a reliable methodology to reach his opinions?

   Answer:  No.  Egilman came to his conclusions first, and then searched across a litigation database using undisclosed search criteria to cherry-pick historical documents to support those conclusions.  Egilman himself concedes that this process cannot be replicated, and his testimony therefore be excluded.

Issue 2:  Is it proper for Egilman to offer subjective opinions and speculation?

   Answer:  No.  Egilman extrapolates from a handful of documents (and sometimes none at all) to make broad, sweeping conclusions about the Defendants in the aggregate, which are contradicted by the facts and evidence relevant to the individual Defendants.  Egilman's opinions have previously been excluded because they are mere subjective belief and unsupported speculation.

<u>Issue 3</u>:  Is it proper for Egilman to offer opinions about corporate intent?

<u>Answer</u>:  No.  As this Court has previously held, the alleged knowledge, motivations, intent or purposes of a corporate defendant are not the proper subjects of expert testimony.

<u>Issue 4</u>:  Is Egilman qualified to offer opinions about the adequacy of Defendants' warnings, labeling, or suspicious order monitoring programs?

<u>Answer</u>:  No.  Egilman's experience as a medical doctor and professor of community medicine does not provide him with the requisite specialized expertise in these areas to offer an expert opinion.

<u>Issue 5</u>:  Is it proper for Egilman to offer the opinion that Defendants violated ethical or legal obligations?

<u>Answer</u>:  No.  Whether Defendants complied with their ethical or legal obligations—as defined by Egilman—is not a proper subject of expert testimony.  It is not an expert's job to instruct the jury on the law or offer legal or moral conclusions.  That role belongs to the Court.

<u>Issue 6</u>:  Are Egilman's opinion unfairly prejudicial?

<u>Answer</u>:  Yes.  Egilman uses legal terms of art to imply criminal intent and wrongdoing that will confuse and mislead the jury.  His opinions are inflammatory, outrageous, and distracting.  The risk of unfair prejudice is too great.