# ATTACHMENT 1

*In re National Prescription Opiate Litigation*: MDL 2804

**Plaintiffs' Motion for Partial Summary Adjudication of
Their Equitable Claims for Abatement of an Absolute Public Nuisance**

**Summary Sheet of Concise Issues Raised**

**Motion Name:** Plaintiffs' Motion for Partial Summary Adjudication Regarding Plaintiffs' Equitable Claims for Abatement of an Absolute Public Nuisance

**Moving Parties:** Plaintiffs Summit County and Cuyahoga County

**Concise Description of Issues:**

*Issue 1:* Does the opioid epidemic constitutes a public nuisance in Plaintiffs' Counties?

*Answer*: Yes. A "public nuisance is an unreasonable interference with a right common to the general public," and this includes "significant interference with the public health" from which the public is entitled to protection. Restatement (Second) of Torts, § 821B(1) & (2)(a); *City of Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1142 (Ohio 2002) (adopting Restatement). It is beyond reasonable dispute that the opioid crisis—the epidemic of opioid availability and use--significantly interferes with the public health and constitutes a public nuisance in Plaintiffs' Counties as it "affect[s] the health of so many persons as to involve the interests of the public at large." Restatement, § 821B, cmt g. As Defendants admit, it is the deadliest drug epidemic in our nation's history that has devastated families and these communities. Defendants may dispute that their conduct was a contributing cause of the opioid crisis or that they bear legal responsibility for abating the nuisance. But they cannot deny that the nuisance itself exists.

*Issue 2:* Under Ohio common law, if any Defendant is found to have been a substantial factor in creating or maintaining the public nuisance, is that Defendant jointly and severally liable?

*Answer*: Yes. The Ohio common-law rule that applies equally in public nuisance abatement cases is when two or more actors have caused a single indivisible harm, even if through independent tortious acts, the actors are jointly and severally liable. *See City of Columbus v. Rohr*, 1907 WL 572, *2 (Oct. 10, 1907); *State ex rel. Montgomery v. Portage Landfill & Dev. Co.,* 11th Dist. Portage No. 98-P-0033, 1999 WL 454623 (upholding joint and several liability in equitable action for abatement). *C.f.*, *Schindler v. Std. Oil Co.,* 143 N.E.2d 133, 134 (Ohio 1957) (multiple parties whose actions combine to create a nuisance can be held jointly and severally liable for the damage caused); *Bowling v. Heil Co.*, 511 N.E.2d 373, 380–81 (Ohio 1987).

*Issue 3:* Is Ohio's Apportionment Statute that Defendants raised as an affirmative defense, R.C. §§ 2307.22-2307.31, applicable to Plaintiffs' claim to abate a public nuisance?

*Answer*: No. The statute's terms limit joint and several liability for compensatory damages in tort that represent economic losses. R.C. § 2307.22. It "do[es] not affect joint and several liability that is not based in tort." R.C. § 2307.24(A). Plaintiffs' equitable action for abatement of a public nuisance is not a tort action for compensatory damages that represent economic losses and is, therefore, not subject to the Ohio Apportionment Statute.

Filing Date: June 28, 2019

Response Date: July 31, 2019

Reply Date: August 16, 2019