**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This document relates to:**<br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-OP-45090<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 17-OP-45004 | MDL NO. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**SUMMARY SHEET FOR**
**MANUFACTURERS' JOINT MOTION FOR SUMMARY JUDGMENT ON**
<u>**PLAINTIFFS' RICO, OCPA, AND CONSPIRACY CLAIMS**</u>

**Motion Name:**  Manufacturers' Joint Motion for Summary Judgment on Plaintiffs' RICO, OCPA, and Conspiracy Claims.

**Moving Parties:**  Manufacturers

<u>Issue 1</u>: Is there a genuine issue of material fact about the existence of a RICO enterprise or conspiracy to change prescribing practices and increase sales?

<span style="text-decoration:underline">Answer</span>:  No.  Plaintiffs fail to establish there was any unlawful coordination among the Manufacturers, who compete with one another for sales.  There is nothing unlawful about marketing an FDA-approved medication for its FDA-approved uses   At most, the evidence shows that certain Manufacturers engaged in parallel yet independent business activities in furtherance of their own self-interests.

There is no evidence the Manufacturers unlawfully directed or controlled the third-party healthcare organizations and key opinion leaders who Plaintiffs allege were the "spokes" of a marketing enterprise.  Plaintiffs would have the Court believe that sponsorships, honoraria, grants, or other financial contributions are enough to create a jury question on the existence of an enterprise.  But these financial relationships are lawful and common-place, and mere funding is not the stuff of a RICO enterprise.

1

There is no evidence of a supply-chain enterprise among Manufacturers and Distributors. There is only the benign fact that a trade association gave Distributors and Manufacturers an opportunity to network.  This is lawful; trade associations serve valuable and legitimate commercial purposes.

Finally, there is no evidence of any agreement among the Manufacturers to violate the law, so the Ohio conspiracy claim does not raise a question for a jury.

Issue 2:  Can Plaintiffs establish causation?

Answer:  No.  To show that Plaintiffs suffered injury as a result of a RICO or OCPA violation, they must satisfy traditional but-for and proximate cause requirements.  But Plaintiffs' RICO and OCPA claims rely on the same faulty econometric analyses of Drs. Rosenthal and Cutler and insurmountably attenuated causal chain detailed in companion summary judgment and *Daubert* briefing on causation.

Issue 3:  Can Plaintiffs show damages suffered "by reason of" a RICO violation?

Answer:  No.  Branded promotion—each Manufacturer's effort to sell its own particular brand of medication—is by its nature not a RICO violation.  It is competition.

RICO also does not allow recover for costs resulting from a third-party's personal injuries. Many of the costs for which the Counties seek recovery result from services offered by the Counties to provide healthcare or respond to addiction.  These costs "flow from" personal injuries to third-parties.