*In re National Prescription Opiate Litigation*:  MDL 2804

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY ADJUDICATION THAT DEFENDANTS DID NOT COMPLY WITH THEIR DUTIES UNDER THE FEDERAL CONTROLLED SUBSTANCES ACT TO REPORT SUSPICIOUS OPIOID ORDERS AND NOT SHIP THEM**

## Summary Sheet of Concise Issues Raised

**Motion Name:**  Plaintiffs' Motion for Partial Summary Adjudication That Defendants' Did Not Comply With Their Duties Under The Federal Controlled Substances Act To Report Suspicious Opioid Orders And Not Ship Them

**Moving Parties:**  Plaintiffs Summit County and Cuyahoga County

**Concise Description of Issues:**

Plaintiffs seek partial summary adjudication finding that the Defendants violated the federal Controlled Substances Act because the undisputed facts allow this Court to determine, as a matter of law, that Defendants failed to comply with their statutory and regulatory duties.

Between 1996 and 2018, Defendants collectively shipped hundreds of millions of dosage units of opioids into Summit and Cuyahoga Counties in fulfillment of orders that, under the Controlled Substances Act ("CSA"), were "suspicious" and should never have been shipped. In this same period, Defendants were the subject of multiple enforcement actions by the federal Drug Enforcement Agency ("DEA") and were fined hundreds of millions of dollars.

Under the CSA, Defendants were obliged to maintain effective controls against diversion. In order to do so, they were required to design and operate systems to identify suspicious orders (defined to include orders of unusual size, unusual frequency, or unusual pattern), to report such orders to the DEA, and to refrain from shipping such orders unless and until they were able to confirm that the orders were not likely to be diverted.

The undisputed evidence shows that Defendants did none of that. The Defendants' dereliction of their CSA duties was staggering: they did not overlook a mere handful of suspicious orders, or miss the occasional order likely to be diverted. They made no effort actually to identify suspicious orders, or to report or block them, and they kept the flow of drugs coming into Summit and Cuyahoga Counties. Their failure to identify suspicious orders was their business model: they turned a blind eye and called themselves mere "deliverymen" with no responsibility for what they delivered or to whom.  As a result, they permitted the diversion of opioids into Cuyahoga and Summit Counties on a massive scale, with grievous consequences.

A finding that Defendants' conduct was in violation of the CSA will simplify the issues in this case and streamline the trial.  Violations of the CSA are predicate acts under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act, pursuant to which

certain of Plaintiffs' claims arise. A finding by the Court that Defendants violated the CSA will satisfy the "predicate act" element for Plaintiffs' RICO claims and allow the parties to focus at trial on the other elements of those claims. Similarly, Defendants' CSA violations are sufficient to establish that their conduct was a statutory public nuisance under O.R.C. § 3767.01(C)(1) and O.R.C. § 4729.35, and are also significant for Plaintiffs' common-law absolute public nuisance, negligence and conspiracy claims.

**Filing Date:** June 28, 2019

**Response Date:** July 31, 2019

**Reply Date:** August 16, 2019