# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Master Docket No. |
| | 1:17-MD-02804-DAP |
| **This document relates to:** | Hon. Judge Dan A. Polster |
| *Rees v. McKesson Corporation, et al.* MDL Case #1:18-OP-45252 | |
| *Wood v. Purdue Pharma L.P., et al* MDL Case #1:18-OP-45264 | |
| *Salmons v. Purdue Pharma L.P., et al* MDL Case #1:18-OP-45268 | |
| *Ambrosio v. Purdue Pharma L.P., et al* MDL Case #1:18-OP-45375 | |
| *Flanagan v. Purdue Pharma L.P., et al* MDL Case #1:18-OP-45405 | |
| *Whitley, et al. v. Purdue Pharma L.P., et al* MDL Case #1:18-OP-45598 | |
| *Roach v. McKesson Corporation, et al.* MDL Case #1:18-OP-45662 | |
| *Hunt v. Purdue Pharma L.P., et al* MDL Case No. #1:18-OP-45681 | |
| *Moore v. Purdue Pharma L.P., et al* MDL Case No. #1:18-OP-46305 | |
| *Doyle v. Actavis LLC, et al.* MDL Case No. #1:18-OP-46327 | |
| *Hanlon v. Purdue Pharma LP, et al* MDL Case No. #1:19-OP-45052 | |

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER (DOC. 1662) HOLDING A RULE 12(B)(6) DETERMINATION ON PLAINTIFFS' CLASS ALLEGATIONS

**MAY IT PLEASE THE COURT:**

Plaintiffs brought these actions seeking relief for, among others, a putative class of babies diagnosed at birth with neonatal abstinence syndrome ("NAS Babies"), including children diagnosed with opioid use dependency, who have sustained or will sustain significant short-term and long-term physical and mental injuries as a result of Defendants' misconduct and recklessness in marketing opioids. On June 6, 2019, the Court issued an Order *sua sponte* inviting Defendants to move to strike Plaintiffs' class-action allegations on behalf of NAS Babies.[1] (*See* ECF# 1662, Case No. 1:17-md-02804-DAP (the "June 6 Order").) The parties are specifically directed to "address the propriety of class certification." (*Id.*)

Plaintiffs now ask the Court to:

(1) reconsider the June 6 Order as motions to strike class actions before discovery are disfavored ; and

(2) grant Plaintiffs seeking class-wide relief for NAS Babies leave to move to certify four putative classes identified in their pleadings, one of which will be pled as a nationwide class, together with an abbreviated period for discovery and any appropriate amendment of their pleadings—all in accordance with Fed. R. Civ. P. 23 and due process.

---

[1] The June 6 Order applies to the eleven separate actions, then-consolidated in this MDL, asserting class-action allegations on behalf of NAS Babies. After the Court issued the June 6 Order, undersigned counsel filed an additional 30 class actions on behalf of NAS Babies. There are now 41 class actions filed on behalf of NAS Babies covering 34 states.

2

## BACKGROUND

Each year, 35,000-40,000 babies in the United States are diagnosed with NAS and are destined to suffer profound disabilities and maladies. A recent study from the Tennessee Department of Health has found that children born with NAS are significantly more likely to be referred for a disability evaluation; meet the applicable criteria for a disability; and require classroom therapies or services.[2] Despite their well-documented constellation of symptoms,[3] there has been no nationwide epidemiologic morbidity study that has followed and documented these children's plight.  In fact, only six states mandate hospital reporting of NAS Babies' births.[4]

The public-health crisis that has resulted from the opioid epidemic is not monolithic. Whatever services may be appropriate to address the crisis for the general adult population—and whatever damages states and local governments may be entitled to recover as compensation for providing those services—NAS Babies are entitled to separate judicial relief to address the unique problems they face. The services currently available to these innocent babies is woefully limited to a hodge-podge of local, state and private programs that lack uniformity; there are, inexplicably,

---

[2] *See* Mary-Margaret A. Fill, Angela M. Miller, Rachel H. Wilkinson, Michael D. Warren, John R. Dunn, William Schaffner, & Timothy F. Jones, Educational Disabilities Among Children Born with Neonatal Abstinence Syndrome, Pediatrics, Sept. 2018, https://tinyurl.com/y4wp9prf (last visited June 19, 2019); *see also* Centers for Disease Control and Prevention, Key Findings: Children Born with Neonatal Abstinence Syndrome (NAS) May Have Educational Disabilities, https://tinyurl.com/y4q6m4ay (last visited June 19, 2019).

[3] *See* Declaration of Dr. Kanwaljeet S. Anand, (attached as Exhibit 1) (collecting studies).

[4] Shahla M. Jilani, Meghan T. Frey, Dawn Pepin, Tracey Jewell, Melissa Jordan, Angela M. Miller, Meagan Robinson, Tomi St. Mars, Michael Bryan, Jean Y. Ko, Elizabeth C. Ailes, Russell F. McCord, Julie Gilchrist, Sarah Foster, Jennifer N. Lind, Lindsay Culp, Matthew S. Penn, Jennita Reefhuis, Evaluation of State-Mandated Reporting of Neonatal Abstinence Syndrome — Six States, 2013–2017, CDC Weekly, Jan. 11, 2019, https://tinyurl.com/y4ormmqc (last visited June 19, 2019).

no comprehensive preventative and therapeutic measures in place to address the specific and unique needs of NAS Babies.

That gap begs for systemic redress. At minimum, NAS Babies deserve an overarching program that will monitor their medical, physical, developmental, and learning conditions as determined by experts. To that end, various named plaintiffs have brought thirty-four (34) actions on behalf of NAS Babies in thirty-four (34) individual states, each one seeking class-wide relief.

From the earliest stages of this MDL, the plaintiffs representing NAS Babies have sought to play a meaningful role within the overall litigation. But these plaintiffs-caregivers and the fragile babies and children they represent have been excluded from participating in important decisions that affect them directly.

For example, Plaintiffs are uncertain of the specific circumstances leading the Court to issue the June 6 Order subject of this motion. Had they been invited to the table, they would have made clear what they set forth below: that the law highly disfavors motions to strike class-action allegations except in narrow, inapposite circumstances; and that the only way to ensure full consideration, in keeping with due process, is to permit Plaintiffs (and others representing NAS Babies) to pursue class-action relief in accordance with the requirements of Fed. R. Civ. P. 23.

## LAW AND ARGUMENT

**I.    The Court Has the Power to Reconsider the June 6 Order.**

The Court has the power to reconsider the June 6 Order at any time before final judgment. Under Fed. R. Civ. P. 54(b), "any order . . . [that] does not end the action . . . may be revised at any time . . . ." In the Sixth Circuit, motions for reconsideration are often classified as motions to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Hood v. Comm'r of Social Security*, No. 1:16CV1915, 2019 WL 1116185, at *1 (N.D. Ohio Mar. 11, 2019).

4

Courts often recite the maxim that motions for reconsideration are not the proper vehicle "to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court." *See id*. But, here, Plaintiffs were never been afforded the opportunity to brief and litigate the issues they rightfully raise here, precisely because they were excluded from the proceedings leading up to the June 6 Order. As such, this motion is a proper vehicle of a motion for reconsideration— "to correct a clear error or prevent manifest injustice." *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).

**II.     The Court Should Reconsider the June 6 Order Because Striking Class-Action Allegations, Rather than Permitting Preliminary Discovery and Conducting a Rigorous Rule 23 Analysis, Is Highly Disfavored.**

In determining whether to certify a class, trial courts are required to conduct a "rigorous analysis" using the "framework" set forth in Fed. R. Civ. P. 23. *See In re Am. Med. Sys., Inc*., 75 F.3d 1069, 1079 (6th Cir. 1996). For that reason, the Sixth Circuit has directed trial courts to "defer decision on certification ***pending discovery*** if the existing record is inadequate for resolving the relevant issues." *Id*. at 1086 (emphasis added).  See also *Doe v. City of Memphis*, No. 18-5565, 2019 WL 2637637, at *11 (6th Cir. June 27, 2019) (reversing trial court order striking class allegations) ([T]he motion [to strike] was filed before Plaintiffs had an opportunity for meaningful discovery—making *Wal-Mart Stores, Inc*. inapposite….[O]n remand further discovery could provide Plaintiffs with evidence of commonality and could result in certification of a class.")

The Court has yet to grant discovery in this putative class action. Instead, by inviting a motion to strike the class-action allegations, through issuance of its June 6 Order, this Court seemingly seeks to resolve the class-certification issue based solely on the allegations of Plaintiffs' pleading. But that analysis would short-circuit the appropriate procedure that both Rule 23 and the Sixth Circuit require. The Court cannot fairly evaluate "the propriety of class certification" (*see* June 6 Order at 3) by undercutting the process that Rule 23 sets for that very evaluation.

Indeed, courts are universally hostile to motions to strike class allegations because they "'require[] a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint and *before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled* on questions relevant to class certification.'" *Chenensky v. New York Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (quoting *Ironforge.com v. Paychex, Inc.,* 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010)) (emphasis added).[5]

This Court has implicitly recognized that the propriety of striking class allegations hinges upon a rigorous Rule 23 analysis. *See Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 965 (N.D. Ohio 2009) (Polster, J.) (striking class allegations only after conducting Rule 23 analysis and concluding that putative "lacks a representative"). That recognition is equally applicable here, especially given the Court's directive that the party "address the propriety of class certification." (June 6 Order at 3.) The Court should therefore reconsider the June 6 Order and, as set forth below, should set a schedule that allows Plaintiffs necessary discovery and then leave to move for class certification.

**III     The Court Should Grant Leave for Plaintiffs to Move to Certify a Class and Should Set a Briefing Schedule that Allows for Limited Discovery.**

Rather than decide summarily whether Plaintiffs may establish the propriety of class allegations, the Court should grant them leave to move for class certification and should permit

---

[5] *See also Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments [pertaining to class allegations]."); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (internal citations omitted) ("[D]ismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'"); *Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 89–90 (D.D.C. 2013) ("[C]ourts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery.").

Plaintiffs to conduct limited class-action-related discovery. Then the Court can conduct the "rigorous analysis" that Rule 23 requires.

Specifically, Plaintiffs propose that the Court grant the following to plaintiffs seeking class-wide relief for NAS Babies:

a. Immediate access to already-completed discovery of the defendants related to warnings, FDA communications, marketing to physicians, marketing to the public, and teratogenic effects and reports of same, and to conduct discovery of defendants of those issues if on showing to the Court, it is deemed necessary following review of the completed discovery;
b. Leave to amend their complaints following such review and discovery, and
c. Leave to move to certify 1 - 4 putative classes within 45 days of completing (a) and (b) in accord with FRCP 23 and due process requirements.

## **CONCLUSION**

Plaintiffs recognize the Court's objective to facilitate settlement of this unwieldy litigation. And it is obviously true that "the question of NAS class certification may affect ongoing settlement discussions." (June 6 Order at 3.) The course set forth above will narrow the Court's inquiry from the eleven different classes enumerated in the Court's June 6 order and provide the advantage of providing the Court with a fully developed record upon which to decide the Rule 23 issues presented.

For the reasons set forth above, the Court should reconsider the June 6 Order, vacate that portion of the order calling for briefing on a motion to strike Plaintiffs' class-action allegations, and set a schedule for discovery, amendment of pleadings, and full class-certification briefing, as Rule 23 contemplates.

Respectfully submitted,

/s/ Scott R. Bickford
MARTZELL, BICKFORD & CENTOLA
Scott R. Bickford (La. 1165)
Spencer R. Doody (La. 27795)
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone: 504-581-9065
Email:  srb@mbfirm.com; srd@mbfirm.com


/s/ Donald Creadore
THE CREADORE LAW FIRM, P.C.
Donald Creadore (NY Reg. No. 2090702)
450 Seventh Avenue – 1408
New York, NY 10123
Telephone: 212-355-7200
Facsimile: 212-583-0412
Email: Donald@creadorelawfirm.com

/s/ Celeste Brustowicz
COOPER LAW FIRM, LLC
Celeste Brustowicz (pro hac vice)
Barry J. Cooper, Jr. (pro hac vice)
Stephen H. Wussow (pro hac vice)
Victor Cobb (pro hac vice)
1525 Religious Street
New Orleans, LA 70130
Telephone: 504-399-0009
Email: cbrustowicz@sch-llc.com

/s/ Kevin W. Thompson
THOMPSON BARNEY LAW FIRM
Kevin W. Thompson (pro hac vice)
David R. Barney, Jr. (pro hac vice)
2030 Kanawha Boulevard
East Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompsonwv@gmail.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed via the Court's electronic filing system on July 1, 2019. Notice of this filing will be sent by e-mail through the Court's electronic case-filing system to all counsel of record.

>*/s/Scott R. Bickford*
>Scott R. Bickford