UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** <br><br> *APPLIES TO ALL CASES* | **Case No. 1:17-MD-2804** <br><br> **Hon. Dan A. Polster** |

### PLAINTIFFS' POSITION PAPER REGARDING ARCOS DATA AND SUSPICIOUS ORDER REPORTS

In response to the Court's Order Regarding ARCOS Data and Documents Filed Under Seal (Doc # 1725), Plaintiffs file this position paper.

The Plaintiffs' Executive Committee (PEC) has steadfastly maintained, since the initial status conference on January 9, 2018 (Doc # 71), that the ARCOS data should be publicly disclosed.  We believe sharing the public data with the public will have an immediate and historic impact on the American opioid epidemic.  It will serve as an awakening to the origin, cause and scope of this plague and galvanize the will of the people to find a solution either by way of settlement or at trial.  Nonetheless, the PEC has safeguarded the data per the current ARCOS Protective Order of the Court and will continue to do so until that Order is vacated.

In light of the 6th Circuit opinion, the record would be incomplete without mentioning the context of the original ARCOS Protective Order.  This Court encouraged the DOJ and the PEC to reach a compromise on the disclosure of the ARCOS data to expedite its disclosure in this litigation (and thereby avoid a lengthy appeal process

which would delay its disclosure). A compelling need existed for immediate access. The DOJ agreed to disclose the ARCOS database, to the PEC only, on the condition that it be shielded from the public. This Court honored its commitment to the DOJ at that time, but now that the 6th Circuit has spoken, the shield should be stripped away.

The Plaintiffs are public entities including counties, cities, and some public hospitals. These public entities are comprised of citizens throughout the United States who have a right to know what is in this data. They have a right to know how many pills were distributed into their communities and by whom. They have a right to know who manufactured those pills and which distributors delivered them into each community. They have a right to know which of these DEA registrants reported suspicious orders as required by federal law; and concomitantly, which of these defendants did not.

The public's right to know relies in large part on the "broad daylight of public reporting." Therefore the Plaintiffs submit that the ARCOS data, analysis reports, and suspicious order reports should be freed from any protective order and disseminated to the public. This will serve as a significant legacy of MDL 2804 which is as important as any other remedy for the lives lost.

    Respectfully submitted,

    *s/Joseph F. Rice*
    Joseph F. Rice
    MOTLEY RICE LLC
    28 Bridgeside Blvd.
    Mount Pleasant, SC  29464
    (843)216-9000
    (843) 216-9450 (Fax)
    *jrice@motleyrice.com*

*s/Paul J. Hanley, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Ave., 7th Floor
New York, NY  10016
(212) 784-6400
(212) 784-213-5949  (Fax)
phanly@simmonsfirm.com


*s/ Paul T. Farrell, Jr.*
Paul T. Farrell, Jr. (Ohio Bar No. 0070257)
GREENE, KETCHUM, FARRELL, BAILEY
     & TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
(800) 479-0053 or (304) 525-9115
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Co-Leads, Plaintiffs' Executive Committee*


s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2019, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.


*s/Peter H. Weinberger*
Peter H. Weinberger
*Plaintiffs' Liaison Counsel*

3