**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804

This document relates to the following cases:

*Lee County, Virginia v. Purdue Pharma, L.P. et al.*
1:19-op-45251-DAP
*Dickenson County v. Purdue Pharma, L.P. et al.*
1:19-op-45252-DAP
*Washington County, Virginia v. Purdue Pharma, L.P. et al.*
1:19-op-45254-DAP
*Pittsylvania County v. Purdue Pharma, L.P. et al.*
1:19-op-45247-DAP
*City of Norton, Virginia v. Purdue Pharma L.P. et al.*
1:19-op-45249-DAP
*Henry County, Virginia v. Purdue Pharma, L.P. et al.*
1:19-op-45245-DAP
*Page County v. Purdue Pharma, L.P. et al*
1:19-op-45275-DAP
*City of Galax, Virginia v. Purdue Pharma, L.P. et al.*
1:19-op-45243-DAP
*Montgomery County v. Purdue Pharma, L.P. et al.*
1:19-op-45234-DAP
*Giles County v. Purdue Pharma, L.P. et al.*
1:19-op-45236-DAP
*City of Alexandria v. Purdue Pharma, L.P. et al.*
1:19-op-45246-DAP

**PLAINTIFFS' OBJECTIONS TO FILING PLAINTIFF FACT SHEETS AND AMENDED COMPLAINTS IN THIS COURT PRIOR TO A RULING ON THEIR MOTIONS TO REMAND AND BRIEF IN SUPPORT THEREOF**

Plaintiffs Lee County, Virginia, Dickenson County, Virginia, Washington County, Virginia, Pittsylvania County, Virginia, Henry County, Virginia, Page County, Virginia, Montgomery County, Virginia, Giles County, Virginia, the City of Norton, Virginia, the City of Galax, Virginia, and the City of Alexandria, Virginia (collectively, "Plaintiffs") hereby object to

being compelled to file Plaintiff Fact Sheets in this Court prior to a ruling on the motions to remand that they have filed and that are currently pending before this Court. Plaintiffs contend that this Court lacks subject matter jurisdiction over their claims, and, thus, lacks the authority to compel Plaintiffs to engage in what amounts to substantive defensive discovery in federal court. Plaintiffs further object to the ostensible deadline and requirement that they file amended complaints in federal court despite the fact that there is no federal jurisdiction over any of their claims. In support of their objections, Plaintiffs state that there is no federal subject matter jurisdiction over any of their cases, and, thus, any action taken by this Court in their cases other than ruling on their motions to remand would be an improper exercise of this Court's limited jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The opioid epidemic that has devastated communities across the nation and in the Commonwealth of Virginia is the foreseeable consequence of the intentional acts and negligence of the Defendants named in the actions that Plaintiffs have filed. Defendants have engaged in a purposeful scheme to increase opioid utilization through fraudulent marketing, distribution, and reimbursement of prescription opioids, which has predictably resulted in an explosion of addiction, overdose, and the accompanying foreseeable consequences thereof. Plaintiffs have been forced to allocate precious public resources to address the direct harms suffered as a result: increased burden on law enforcement, public health services, the court system, the foster care system, education—virtually every facet of government administration has been adversely impacted by the epidemic.

In response to these facts, 41 independent cities and counties across Virginia represented by the undersigned counsel, including Plaintiffs, have filed lawsuits in Virginia state courts seeking damages for the harm they have incurred as a result of the negligent and purposeful acts of opioid manufacturers, distributors, and pharmacy benefit managers. However, certain defendants in each

of the 41 actions filed a notice of removal and a supplemental notice of removal asserting grounds for federal jurisdiction that have been repeatedly rejected across the country in similar cases related to the opioid epidemic.

Of the 41 suits removed from Virginia state court, the 11 Plaintiffs' cases have been transferred to this MDL, while 21 additional cases have been stayed pending a decision by the Joint Panel on Multidistrict Litigation ("the Panel") on transfer into the MDL, all without a ruling on the jurisdictional remand issues. An additional 6 cases are still awaiting rulings by the federal district courts on stay or remand. In all three instances where a Virginia federal district court has ruled on the jurisdictional remand issues, the court has determined that remand is appropriate. *See City of Galax v. Purdue Pharma, L.P.*, Civil Action No. 7:18-cv-00617, 2019 U.S. Dist. LEXIS 24551, at *13-16 (W.D. Va. Feb. 14, 2019) (remanding *City of Martinsville*, No. 4:18-cv-72); *The County Board of Arlington Cty., Va. v. Purdue Pharma L.P., et al.*, No. 1:19cv402(AJT/TCB), ECF No. 63 (E.D. Va. May 6, 2019); *Dinwiddie Cty., Va. v. Purdue Pharma L.P., et al.*, No. 3:19cv242(REP), ECF No. 49 (E.D. Va. June 18, 2019).

Shortly after Plaintiffs' cases were removed to federal court, certain defendants designated them as tag-along actions to the MDL. *See In re: National Prescription Opiate Litigation*, MDL No. 2804, Dkt. Nos. 4355; 4358; 4396; 4398. On December 27, 2018, the Clerk of the Panel entered CTO–73, conditionally transferring Plaintiffs' cases to the MDL. *See In re: National Prescription Opiate Litigation*, Dkt. No. 3321. On April 3, 2019, the Panel transferred Plaintiffs' cases to the MDL over Plaintiffs' objections and without consideration of the merits of Plaintiffs' arguments that there is no federal jurisdiction over their cases. As this Court is aware, the Court's November 8, 2018 Order Regarding Plaintiff's Motion for Modification of CMO-1 requires plaintiffs whose cases have been transferred to the MDL to submit Plaintiff Fact Sheets within 90

days of their cases being docketed in the MDL, and to file amended complaints within 90 days of transfer to the MDL. Order Regarding Plaintiff's Motion for Modification of CMO-1 Dkt. No. 1106 at 3 n.7 (filed Nov. 8 2018).

## **ARGUMENT**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Thus, if a federal court does not have jurisdiction over a removed case, it lacks the power to do anything other than remand to the state court. *See Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261, 263 (4th Cir. 2015) ("If the district court determines at any time before final judgment that it lacks subject matter jurisdiction over a removed action, it must remand to state court."); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 589 (4th Cir. 2006) ("[O]nce a district court has found that it lacks subject matter jurisdiction in a removed case, no other fact-finding, legal analysis, or exercise of judicial discretion is necessary in order to follow the congressional directive; the decision to remand a case to remedy a lack of subject matter jurisdiction is purely ministerial."). If this Court lacks jurisdiction over Plaintiffs' cases, it may not exercise its judicial discretion to impose discovery obligations or compel Plaintiffs to file amended complaints in this Court. Rather, the only judicial function that this Court may properly exercise over Plaintiffs' claims is to promptly remand them to Virginia state court.

It is evident that there is no basis for federal jurisdiction over any of the Plaintiffs' cases—the parties are not completely diverse, CAFA does not apply, and Plaintiffs do not assert any federal causes of action. All three federal courts in Virginia that have considered Defendants' bases for removing opioid actions that are effectively identical to Plaintiffs' actions have rejected those

3

bases and remanded Plaintiffs' cases to state court. *See City of Galax v. Purdue Pharma, L.P.*, Civil Action No. 7:18-cv-00617, 2019 U.S. Dist. LEXIS 24551, at *13-16 (W.D. Va. Feb. 14, 2019) (rejecting defendants' asserted basis of removal under CAFA and remanding *City of Martinsville*, No. 4:18-cv-72); *The County Board of Arlington Cty., Va. v. Purdue Pharma L.P., et al.*, No. 1:19cv402(AJT/TCB), ECF No. 63 (E.D. Va. May 6, 2019) (rejecting all of defendants' arguments for removal and granting plaintiff's motions to remand); *Dinwiddie Cty., Va. v. Purdue Pharma L.P., et al.*, No. 3:19cv242(REP), ECF No. 49 (E.D. Va. June 18, 2019) (same). Indeed, as far as Plaintiffs are aware, every district court in the country that has addressed the merits of a motion to remand in an opioid case similar to Plaintiffs' cases has remanded the case.[1]

---

[1] *See Commonwealth of Kentucky v. Walgreens Boots All., Inc.*, *(In Re: National Prescription Opiate Litigation)*, MDL No. 2804, 1:18-op-46311-DAP (N.D. Ohio Jan. 14, 2019), No. 13 (Polster, J.); *Montana v. Purdue Pharma (In Re: National Prescription Opiate Litigation)*, MDL No. 2804, 2018 U.S. Dist. LEXIS 143589, **5-7, 2018 WL 4019413, at *3 (N.D. Ohio Aug. 23, 2018) (Polster, J.); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-454, 2018 U.S. Dist. LEXIS 187821, 2018 WL 5730158, *4  (D. Nev. Nov. 2, 2018);; *Mayor & City Council of Baltimore*, No. 1:18cv800, 2018 WL 1963816 (D.Md. Apr. 25, 2018) (Russell, J.); *Anne Arundel County v. Purdue Pharma*, No. 1:18cv519, 2018 WL 1963789 (D.Md. Apr. 25, 2018) (Russell, J.); *County of Greenville v. Rite Aid of S.C., Inc.*,  No. 6:18cv1085, 2018 U.S. Dist. Lexis 187478 (D.S.C. May 21, 2018) (Cain, J.); *County of Spartanburg v. Rite Aid of S.C., Inc.*,  No. 7:18cv1799, 2018 U.S. Dist. Lexis 185367 (D.S.C. July 25, 2018) (Hendricks, J.); *County of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, ECF No. 44 (D.S.C. Aug. 20, 2018) (Hendricks, J.); *County of Lexington v. Rite Aid of S.C., Inc.*,  No. 3:18cv2357, ECF No. 32 (D.S.C. Oct. 9, 2018) (Hendricks, J.); *Brooke County Comm'n v. Purdue Pharma*, No. 5:18cv9, 2018 U.S. Dist. Lexis 72360 (N.D. W.Va. Feb. 23, 2018) (Bailey, J.); *County of Dallas v. Purdue Pharma*, No. 3:18cv426, 2018 U.S. Dist. Lexis 73931 (N.D. Tex. Mar. 7, 2018) (Lynne, J.); *County of Delta v. Purdue Pharma*, No. 4:18cv95, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018) (Mazzant, J.); *County of Falls v. Purdue Pharma*, No. 6:18cv47, 2018 WL 1518849 (W.D. Tex. Mar. 28, 2018) (Pitman, J.); *County of Travis v. Purdue Pharma*, No. 1:18cv254, 2018 WL 1518848 (W.D. Tex. Mar. 28, 2018) (Pitman, J.); *County of Van Zandt v. Amerisourcebergen Corp.*, No. 6:18cv64, ECF No. 73 (E.D. Tex. Apr. 6, 2018) (Schroeder, J.); Order and Memorandum, *City of Worcester v. Purdue Pharma, et al.* No. 18-cv-11958 (D. Ma. Nov. 21, 2018), ECF Nos. 22, 27; *New Hampshire v. Purdue Pharma, et al.*, 1:17-cv-427-PB, 2018 WL 333824, at *4 (D.N.H. Jan. 9, 2018); *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 18-cv-383, 2018 WL 1942363 (D. Del. Apr. 25, 2018); *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, No. 18-cv-00386, 2018 WL  2943246 (D.N.M. June 12, 2018); *West Virginia ex rel. Morrisey v. McKesson Corp.*, No. CV 16-1772, 2017 WL 357307, at *9 (S.D.W. Va. Jan. 24, 2017); Memorandum Opinion and Order, *West Virginia ex rel. Morrisey v.*

Because it is plainly apparent that this Court lacks jurisdiction over Plaintiffs' cases, the Court may not exercise any of its judicial prerogatives other than to remand the cases to state court. That being the case, it is improper for the Court to compel Plaintiffs to file Plaintiff Fact Sheets, and it is improper for the Court to require Plaintiffs to file amended complaints in this Court.

## I. THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION OVER THE PLAINTIFFS' CASES

### A. THERE IS NO DIVERSITY JURISDICTION

There is no federal diversity jurisdiction over Plaintiffs' cases, as each Plaintiff asserts claims against at least one Virginia citizen.[2] *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 at 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Each Plaintiff asserts claims against at least one, and up to three of the following Virginia citizens: McKesson Medical-Surgical Inc., General Injectables & Vaccines, Inc., and Insource, Inc. (collectively, the "Virginia Distributors").

In an attempt to overcome the indisputable lack of complete diversity, Defendants assert fraudulent joinder and Rule 21 severance arguments that have been consistently rejected by district courts in similar contexts. *See Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. 1:18cv800, 2018 WL 1963816 (D.Md. Apr. 25, 2018) (Russell, J.); *Anne Arundel Cty. v. Purdue Pharma L.P.*, No. 1:18cv519, 2018 WL 1963789 (D. Md. Apr. 25, 2018) (Russell, J.); *Cty. of Greenville v. Rite Aid of S.C., Inc.*, No. 6:18cv1085, 2018 U.S. Dist. Lexis 187478 (D.S.C. May

---

*McKesson Corp.*, No. 17-cv-3555 (S.D. W. Va. Feb. 15, 2018), ECF No. 21; Order, *Oklahoma ex rel. Hunter v. Purdue Pharma, L.P.*, No. 18-cv-574 (D. Okla. Aug. 3, 2018), ECF No. 53; *Uintah County v. Purdue Pharma, L.P.*, No. 18-cv-585, 2018 WL 3747847 (D. Utah Aug. 7, 2018); *Weber County v. Purdue Pharma, L.P.*, No. 18-cv-89, 2018 WL 3747846 (D. Utah Aug. 7, 2018).

[2] Several Plaintiffs have asserted claims against all three Virginia Distributors, and those that have only asserted claims against one Virginia Distributor filed motions to amend their complaints in state court prior to removal in order to add claims against all three Virginia Distributors. Those motions to amend were not taken up in the state courts prior to removal of the Plaintiffs' cases.

5

21, 2018) (Cain, J.); *Cty. of Spartanburg v. Rite Aid of S.C., Inc.*, No. 7:18cv1799, 2018 U.S. Dist. Lexis 185367 (D.S.C. July 25, 2018) (Hendricks, J.); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, ECF No. 44 (D.S.C. Aug. 20, 2018) (Hendricks, J.); *Cty. of Lexington v. Rite Aid of S.C., Inc.*, No. 3:18cv2357, ECF No. 32 (D.S.C. Oct. 9, 2018) (Hendricks, J.); *Brooke County Comm'n v. Purdue Pharma L.P.*, No. 5:18cv9, 2018 U.S. Dist. Lexis 72360 (N.D. W.Va. Feb. 23, 2018) (Bailey, J.); *Cty. of Dallas v. Purdue Pharma L.P.*, No. 3:18cv426, 2018 U.S. Dist. Lexis 73931 (N.D. Tex. Mar. 7, 2018) (Lynne, J.); *Cty. of Delta v. Purdue Pharma L.P.*, No. 4:18cv95, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018) (Mazzant, J.); *Cty. of Falls v. Purdue Pharma L.P.*, No. 6:18cv47, 2018 WL 1518849 (W.D. Tex. Mar. 28, 2018) (Pittman, J.); *Cty. of Travis v. Purdue Pharma L.P.*, No. 1:18cv254, 2018 WL 1518848 (W.D. Tex. Mar. 28, 2018) (Pitman, J.); *Cty. of Van Zandt v. Amerisourcebergen Corp.*, No. 6:18cv64, ECF No. 73 (E.D. Tex. Apr. 6, 2018) (Schroeder, J.).

Specifically, federal district courts within the Fourth Circuit have rejected arguments similar or identical to those raised by Defendants. *See The County Board of Arlington Cty., Va.*, No. 1:19cv402, ECF No. 63; *Dinwiddie Cty., Va. v. Purdue Pharma L.P., et al.*, No. 3:19cv242(REP), ECF No. 49 (E.D. Va. June 18, 2019); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, ECF No. 44 (D.S.C. Aug. 20, 2018) (Hendricks, J.); *Cty. of Greenville v. Rite Aid of S.C., Inc.*, 2018 U.S. Dist. Lexis 187478 (Cain, J.); *Cty. of Spartanburg v. Rite Aid of S.C., Inc.*, 2018 U.S. Dist. Lexis 185367 (Hendricks, J.); *Cty. of Lexington v. Rite Aid of S.C., Inc.*, No. 3:18cv2357, ECF No. 32 (D.S.C. Oct. 9, 2018) (Hendricks, J.); *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. 1:18cv800, 2018 WL 1963816 (D.Md. Apr. 25, 2018) (Russell, J.); *Anne Arundel Cty. v. Purdue Pharma L.P.*, No. 1:18cv519, 2018 WL 1963789 (D. Md. Apr. 25,

2018) (Russell, J.); *Brooke County Comm'n v. Purdue Pharma L.P.*, No. 5:18cv9, 2018 U.S. Dist. Lexis 72360 (N.D. W.Va. Feb. 23, 2018) (Bailey, J.).

In addition to the wave of precedent that counsels in favor of rejecting Defendants' assertions, there is no fraudulent joinder here because Plaintiffs have alleged facts sufficient to establish a "possibility of a right to relief" against the Virginia Distributors. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993). In order to establish that a nondiverse defendant has been fraudulently joined, Defendants must establish either: (1) "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court;" or (2) "that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. at 232. Here, Defendants argue that there is no possibility that each Plaintiff could establish a cause of action against the Virginia Distributors. *See*, *e.g.*, *City of Alexandria*, Dkt. 23 at ¶ 53; *City of Galax*, Dkt. 32 at ¶ 65.

"The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall* at 232-33 (citing *Poulous v. Naas Foods. Inc.*, 959 F.3d 69, 73 (7th Cir. 1992)). The Removing Defendants must prove "there is **no possibility** that the plaintiff would be able to establish a cause of action[.]" *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quoting *Marshall* at 232 (emphasis added)). Stated alternatively, Plaintiffs need only demonstrate a "glimmer of hope" to relief in order to have the case remanded. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999).

As described above, each Plaintiff asserts claims against at least one and up to three Virginia Distributors. Each Plaintiff's complaint specifically includes the Virginia Distributors in the complaint's category of "Distributor Defendants" and makes multiple specific factual

7

allegations that serve as the basis of the claims against them. *See, e.g.*, *City of Galax*, Plaintiff's Amended Complaint, Dkt 1-1 at 121-255, ¶¶ 129-31, 142-43, 155-157. Each Plaintiff asserts eight (8) separate causes of action against the Virginia Distributors, including statutory and common law public nuisance (Counts I and II), common law civil conspiracy (Count V), negligence per se (Count VII), negligence (Count VIII), gross and willful and wanton negligence (Counts IX and X), and unjust enrichment (Count XI).

As discussed above, Plaintiffs need only demonstrate a "glimmer of hope" to relief in order to have the case remanded. *Hartley*, 187 F.3d at 426. The facts alleged by each Plaintiff are more than sufficient to state a colorable claim under Virginia law against the Virginia Distributors. *See, e.g.*, *The County Board of Arlington Cty., Va.*, No. 1:19cv402, ECF No. 63 at p. 8 (rejecting nearly identical fraudulent joinder arguments because "it cannot be said that there is 'no possibility' or no 'glimmer of hope' that Plaintiff can obtain relief from the Virginia Distributors[]"); *Cordill v. Purdue Pharma, L.P.*, No. 1:02CV00121, 2002 U.S. Dist. LEXIS 21476, at *8, 2002 WL 31474466, at *3 (W.D. Va. Nov. 5, 2002) (granting a motion to remand and noting that under Virginia law, "the use of the word 'negligence' in a motion for judgment will generally suffice to state a valid cause of action against a defendant[]"). Thus, because it simply "cannot be said that no reasonable basis exists for holding [the Virginia Distributors] liable" under Virginia law, there is no federal diversity jurisdiction. *Myers v. Air Serv. Corp.*, 1:07cv911, 2008 U.S. Dist. LEXIS 1836, *3, 2008 WL 149136, at *3 (E.D. Va. Jan. 9, 2008).

### B.  CAFA DOES NOT APPLY TO THE PLAINTIFFS' CASES

CAFA does not apply to the Plaintiffs' cases because they are not class actions. As the Western District of Virginia recently ruled in a nearly identical opioid action, CAFA cannot apply where, as in this case, "the claims are not brought pursuant to any state class action rule or statute

8

because there is none in Virginia." *City of Galax v. Purdue Pharma, L.P.*, Civil Action No. 7:18-cv-00617, 2019 U.S. Dist. LEXIS 24551, at *15 (W.D. Va. Feb. 14, 2019).

CAFA permits defendants to remove class actions to federal court. The statute defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons[.]" 28 U.S.C. § 1332(d)(1)(B).

Here, each Plaintiff filed its own complaint seeking to recover the past, present, and future expenditures it has incurred responding to the opioid epidemic. The Plaintiffs do not seek damages common to any class members, and they did not file their claims pursuant to any Virginia statute or rule that provides a procedure by which any Plaintiff would sue on behalf of other members of a class. In fact, Virginia procedure does not even provide for class actions. *Casey v. Merck & Co.*, 722 S.E.2d 842, 846 (Va. 2012) ("Virginia jurisprudence does not recognize class actions.").

Nevertheless, Defendants contend that each Plaintiff's claims are brought on behalf of its individual residents, and thus those residents should be considered the "real" parties in interest for purposes of CAFA's provisions. *See*, *e.g.*, *Dickenson Cty., Va.*, No. 2:18cv00048, Dkt 1 (hereinafter, "Notice of Removal") at ¶¶ 15-17 This argument fails. The Fourth Circuit has <u>specifically rejected</u> the argument that citizens of a public body should be considered the real parties in interest when the public body sues for damages. *See AU Optronics v. South Carolina*, 699 F.3d 385 (4th Cir. 2012); *West Virginia v. CVS Pharm., Inc.* 646 F.3d 169 (4th Cir. 2011).

Defendants further contend that Plaintiffs' cases should be viewed as class actions under CAFA because the City of Martinsville, Virginia, in a separate lawsuit, sought to have claims against these Defendants transferred to a specific circuit court for coordinated or consolidated pretrial proceedings pursuant to Virginia Code § 8.01-267.4. *See* Notice of Removal at ¶ 14. This

9

does not support removal either. The consolidation process does not involve the representative elements of a class action; Plaintiffs cannot act "on behalf of" any other parties to the consolidated cases, and they did not file their respective complaints "on behalf of" any other party. *See* Va. Code Ann. §§ 8.01-267.1 *et seq*. (containing provisions related to Virginia's Multiple Claimant Litigation Act).

Moreover, and perhaps most importantly, CAFA class action removal jurisdiction is not available where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). There are indisputably significantly less than 100 locality plaintiffs that may be impacted by any orders entered by the panel convened under Virginia's Multiple Claimant Litigation Act.

Furthermore, while Defendants describe the Virginia process as an effort to create a state-based MDL, that comparison is not relevant to the question of *class action* removal. Indeed, CAFA itself recognizes that there is a difference between, on the one hand, class action procedure where a named plaintiff in a single case acts on behalf of a "class" of unnamed plaintiffs, and, on the other hand, "mass actions," where there are multiple individual cases sharing common questions of law and fact.

If anything, the Plaintiffs' cases would be treated as a "mass action" for CAFA purposes. However, a "mass action" under CAFA is only removable where there are (i) more than 100 cases, and (ii) common questions of law and fact between the claims. 28 U.S.C. § 1332(d)(11)(B)(i). There are far fewer than 100 cases potentially impacted by the Multiple Claimant Litigation Act proceedings, so CAFA's "mass action" provisions do not apply either. Tellingly, the Removing Defendants do not even contend that CAFA's "mass action" provisions apply, presumably because they realize that the 100-case barrier is insurmountable.

Finally, if there were any remaining doubt (and there should not be), the Western District of Virginia rejected the Removing Defendants' exact arguments mere months ago. The court explained:

> The Removing Defendants contend that this action is a class action because it is, in effect, brought on behalf of the residents of the City of Martinsville. (Notice of Removal ¶ 16, *City of Martinsville*, No. 4:18-cv-72, Dkt. No. 1 ("The City's alleged injuries derive from its residents' injuries and cannot be separated from those injuries.").) First of all, this statement is not an accurate characterization of the complaint. Instead, this lawsuit seeks damages and other relief for injuries directly incurred by the plaintiff. The fact that the complaint also references harms to its residents does not transform the complaint into a representative action, nor may the court engage in a claim-by-claim approach to determine the plaintiff's interest in the suit. Instead, the Fourth Circuit has instructed "the court to consider the complaint in its entirety and decide from the nature and substance of its allegations what interest the [plaintiff] possesses in the lawsuit as a whole." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 391 (4th Cir. 2012). Doing so here leads the court to conclude that the City is not asserting claims as a representative member of a class.
>
> But even if the lawsuit were brought entirely on behalf of the residents, that would not render it a CAFA class action. *West Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169, 172 (4th Cir. 2011) (hereinafter *CVS Pharm.*) (holding that a *parens patriae* case was not removable under CAFA as a class action). Quite simply, it was not filed under Federal Rule of Civil Procedure 23, and Virginia does not have a similar state statute or rule that authorizes "an action to be brought by 1 or more representative persons." *Casey v. Merck & Co.*, 283 Va. 411, 722 S.E.2d 842, 846 (Va. 2012) ("Virginia jurisprudence does not recognize class actions."). To be a "similar" state statute or rule to Rule 23, a provision must, at a minimum, provide a procedure binding on behalf of the named plaintiff and also binding on behalf of all others in the class. *CVS Pharm.*, 646 F.3d at 175. As the Fourth Circuit has explained in another case where a state was asserting claims on behalf of its individual citizens, "for a representative suit to be a class action, the representative party 'must be part of the class and possess the same interest and suffer the same injury as the class members.'" *CVS Pharm.*, 646 F.3d at 175-76.
>
> Removing Defendants have not shown that these requirements are satisfied here. That is, even if Removing Defendants were correct that the claims are effectively being brought on behalf of residents, and the residents are the members of the class, the claims are not brought pursuant to any state class action rule or statute because there is none in Virginia. Nor are the claims based on a rule or statute that would bind each resident or citizen of the City. Critically, moreover, the City of Martinsville would not be a "member" of such a class, its claims would not be typical of the class, and it did not suffer the same injury as other class members.

11

*City of Galax v. Purdue Pharma, L.P.*, Civil Action No. 7:18-cv-00617, 2019 U.S. Dist. LEXIS 24551, at *13-16 (W.D. Va. Feb. 14, 2019). The Eastern District of Virginia recently agreed, holding that "the County Board, rather than the County's citizens, is the real party in interest; and there is therefore an insufficient showing that the Court has CAFA jurisdiction." *The County Board of Arlington Cty., Va.*, No. 1:19cv402, ECF No. 63 at p. 14.

Therefore, CAFA does not apply to the Plaintiffs' cases, just as it has been deemed not to apply to other opioid cases. *See New Hampshire v. Purdue Pharma, et al.*, 1:17-cv-427-PB, 2018 WL 333824, at *4 (D.N.H. Jan. 9, 2018) (rejecting the Removing Defendants' CAFA argument); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220-21 (2d Cir. 2013) (rejecting the Removing Defendants' arguments and concluding that CAFA removal jurisdiction did not exist).

### C. THERE IS NO FEDERAL QUESTION AT ISSUE IN ANY OF PLAINTIFFS' CASES

Federal subject matter jurisdiction is also lacking due to the absence of any federal question at issue in Plaintiffs' cases. All eleven causes of action pled in each case arise under Virginia law, and every element that each Plaintiff must establish to prove those eleven causes of action derives from and depends upon Virginia law.

The fact that certain of the Plaintiffs' state law causes of action allege violations "of Virginia and Federal Law" and note that the Defendants have a duty to comply with the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. does not confer federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (The "presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). Defendants have not and cannot establish that these causes of action could not possibly exist without relying on federal law. *See Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005).

Accordingly, there is no federal question subject matter jurisdiction over Plaintiffs' cases, and the federal courts should do nothing but remand the cases to state court, just as courts across the country, including the MDL Court, have remanded similar opioid cases to state courts based on the lack of federal question jurisdiction. *See, e.g.*, *The County Board of Arlington Cty., Va.*, No. 1:19cv402, ECF No. 63 at p. 15 (rejecting nearly identical arguments for federal question jurisdiction because "none of the claims depend exclusively, or even primarily, on Defendants' duties under . . . federal statutes[]"); *Commonwealth of Kentucky v. Walgreens Boots All., Inc.*, *(In Re: National Prescription Opiate Litigation)*, MDL No. 2804, 1:18-op-46311-DAP (N.D. Ohio Jan. 14, 2019), No. 13 (Polster, J.) (granting a State plaintiff's Motion to Remand, rejecting defendants' arguments for federal question jurisdiction seeking to invoke the *Grable* exception); *Montana v. Purdue Pharma (In Re: National Prescription Opiate Litigation)*, MDL No. 2804, 2018 U.S. Dist. LEXIS 143589, \*\*5-7, 2018 WL 4019413, at \*3 (N.D. Ohio Aug. 23, 2018) (Polster, J.) (same); *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1250 (D.N.M. 2018) (rejecting Removing Defendants' federal question argument); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-454, 2018 U.S. Dist. LEXIS 187821, 2018 WL 5730158, \*4 (D. Nev. Nov. 2, 2018); *Weber Cty. v. Purdue Pharma, L.P.*, No. 1:18-CV-00089-RJS, 2018 U.S. Dist. LEXIS 133312, 2018 WL 3747846, at \*9 (D. Utah Aug. 7, 2018); *Uintah Cty. v. Purdue Pharma*, *L.P.*, No. 2:18-CV-00585-RJS, 2018 U.S. Dist. LEXIS 133310, 2018 WL 3747847, at \*9 (D. Utah Aug. 7, 2018); *Del. ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 U.S. Dist. LEXIS 69406, 2018 WL 1942363, at \*1 (D. Del. Apr. 25, 2018); *State of Oklahoma v. Purdue Pharma*, No.  Civ-18-574-M, Dkt. No. 53 (W.D. Okla. Aug. 3, 2018).

II.     **WHERE THERE IS NO SUBJECT MATTER JURISDICTION, THIS COURT LACKS THE AUTHORITY TO ORDER PLAINTIFFS TO COMPLETE**

13

**PLAINTIFFS' FACT SHEETS OR TO ORDER PLAINTIFFS TO FILE AMENDED COMPLAINTS IN FEDERAL COURT**

It is inappropriate for a federal court to exercise its judicial prerogatives before it has determined whether it has subject matter jurisdiction, and that is particularly true in this instance, in light of the significant doubts as to federal subject matter jurisdiction in these cases. *See*, *e.g.*, *First Am. Nat. Bank v. Straight Creek Processing Co.*, 756 F. Supp. 945, 946 (E.D. Va. 1991) ("A finding that the Court lacks jurisdiction deprives it of the power to take action in the case. Once a Court finds that it lacks jurisdiction in a case, the only option available to the Court is dismissal." (citation omitted)). As noted above, every district court in the Fourth Circuit that has ruled on the merits of a motion to remand an opioid case similar to the Plaintiffs' cases has remanded the case to state court. The readily apparent lack of federal subject matter jurisdiction over Plaintiffs' cases deprives this Court of the power to take any action in the cases, including the power to compel Plaintiffs to file Plaintiff Fact Sheets and the power to compel Plaintiffs to file Amended Complaints in this Court. That being the case, Plaintiffs' objections should be sustained.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that this Court sustain its objections to filing Plaintiff Fact Sheets and Amended Complaints in this Court until such time that this Court addresses Plaintiffs' motions to remand.

Respectfully submitted,

/s/*Kevin Sharp*
**SANFORD HEISLER SHARP, LLP**
Kevin Sharp (*pro hac vice to be submitted*)
ksharp@sanfordheisler.com
Grant Morris, Va. Bar No. 16290
gmorris@sanfordheisler.com
Ross Brooks (*pro hac vice to be submitted*)
RBrooks@sanfordheisler.com
Saba Bireda (*pro hac vice to be submitted*)

14

sbireda@sanfordheisler.com
Andrew Miller (*pro hac vice to be submitted*)
amiller@sanfordheisler.com
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020

**THE CICALA LAW FIRM PLLC**
Joanne Cicala (*pro hac vice to be submitted*)
joanne@cicalapllc.com
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
Fax: (512) 858-1801

**KAUFMAN & CANOLES, P.C.**
W. Edgar Spivey, Va. Bar No. 29125
wespivey@kaufcan.com
Patrick H. O'Donnell, Va. Bar No. 29637
phodonnell@kaufcan.com
R. Johan Conrod, Jr., Va. Bar No. 46764
rjconrod@kaufcan.com
Lauren Tallent Rogers, Va. Bar No. 82711
ltrogers@kaufcan.com
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Tel: (757) 624-3196
Fax: (888) 360-9092

*Attorneys for Plaintiff*

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to all counsel of record via the Court's Electronic Filing System on July 2, 2019:

*s/Kevin Sharp*
Kevin H. Sharp
**SANFORD HEISLER SHARP, LLP**