IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| | ) CASE NO.  1:17-MD-2804 |
| | ) |
| | ) JUDGE DAN A. POLSTER |
| IN RE: NATIONAL PRESCRIPTION | ) |
| OPIATE LITIGATION | ) MAGISTRATE JUDGE DAVID A. |
| | ) RUIZ |
| | ) |
| | ) POSITION OF THE MEDIA |
| | ) INTERVENORS ON PROTECTIVE |
| | ) ORDERS REGARDING ARCOS DATA |
| | ) AND SUSPICIOUS ORDER REPORTS |
| | ) |
| | ) FILED ON BEHALF OF HD MEDIA |
| | ) COMPANY, LLC, *dba* CHARLESTON |
| | ) GAZETTE-MAIL, AND THE W.P. |
| | ) COMPANY, LLC, *dba* THE |
| | ) WASHINGTON POST |
| | ) |
| | ) |
| | ) |

Now come HD MEDIA COMPANY, LLC, *dba* Charleston Gazette-Mail, and THE W.P.

COMPANY, LLC, *dba* The Washington Post ("Media Intervenors"), by and through

undersigned counsel, and hereby submit their position that this Court should lift entirely its

Protective Orders regarding all ARCOS Data and Suspicious Order Reports produced to the

parties in this case.  As the 6th Circuit stated, the Drug Enforcement Administration ("DEA") has

1

not demonstrated the need for secrecy of the ARCOS Data. Speculation that disclosure of ARCOS Data might lead a drug manufacturer or distributor to infer that it is the subject of an on-going DEA investigation due to its absence from media reports is too far a stretch. The DEA's belief that it would have to *hide* information from the very manufacturer that likely provided it to the DEA is hard to fathom,  as anything in the ARCOS Data about a manufacturer is included because it was submitted by the manufacturer. (R.# 52-2, page ID# 21)

Media Intervenors cannot find any evidence to justify an order restricting access to the ARCOS Data.  However, in deference to the 6th Circuit's recent opinion, Media Intervenors respectfully suggest:

1. That the DEA be ordered to provide *evidence* to justify any order restricting access to the ARCOS Data by specifying a *particular* piece of data that relates to a *specific, current ongoing investigation,* with evidence demonstrating that disclosure of that *particular* piece would materially jeopardize that *specific, current ongoing investigation*.

2. That evidence must demonstrate that there is a *compelling* interest in secrecy, must be specific enough for appellate review, and must be accessible to all parties' attorneys for Attorneys' Eyes Only.

3. If the DEA provides specific evidence about a particular line of the ARCOS Data that meets the criteria in paragraphs 1 and 2 above, that line may be redacted.

4. The remainder of the ARCOS Data should be permanently and totally accessible to all parties to the litigation without restrictions, making them subject to state public records requests as governed by state statutes.

Any specific, current ongoing investigation that would be materially jeopardized by the disclosure of a transaction in the ARCOS Data is already known to the DEA, which should be

able to offer evidence of such jeopardy within ten (10) days of the Order requested here. It would not require a complete review of each line of the hundreds of thousands of drug transactions over the nine-year period at issue. It would require only a review of the DEA's ongoing cases, where a particular transaction from 2006 through 2014 is so crucial that its disclosure would materially jeopardize the current ongoing investigation. Given that the DEA has been working on these cases for at least five years now, a list of these particular lines of data – if any – should be at their fingertips.

### Suspicious Order Reports

This Court also asked Media Intervenors to weigh in on Suspicious Order Reports ("SORs"), which are governed by 21 C.F.R. § 1301.74(b), requiring the registrant to provide notice to DEA of all orders that are flagged (or should have been flagged) by the registrant's suspicious order monitoring program. DEA views a "suspicious" order as any order that is "improbable" according to standard statistical methods.

The public's interest in SORs is every bit as valid as its interest in ARCOS Data, especially given that the ARCOS Data document some transactions that should have been flagged in a Suspicious Order Report. Sending 11 million doses of oxycodone and hydrocodone to Mingo County, W.Va., population 25,000, is just one example. The record is replete with others.

While the Media Intervenors mainly contested the withholding of ARCOS Data, the same principles apply to SORs. Any protective order that limits what the public entity Plaintiffs can do with records they receive and use as part of their governmental function must pass muster of the 6th Circuit, which did not address SORs specifically but which emphasized the strong

3

presumption in favor of openness, "which applies here with extra strength given the paramount importance of the litigation's subject matter." (R.# 52-2, page ID# 25)

HD Media did explain the importance of accessibility to SORs in its principal brief filed July 9, 2018, and incorporated herein by reference. (R.# 725, page ID# 16604-16605, R.# 725-3, page ID# 16638, 16654-16670) (7,000 pages of West Virginia SORs were released by the West Virginia Bureau of Pharmacy and referenced in newspaper articles published in December 2016.) Further, the value of public access was discussed extensively in the U.S. House of Representatives Committee on Energy and Commerce, "Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia" (2018), available at https://www.ruralhealthinfo.org/assets/2616-9819/Opioid-Distribution-Report-FinalREV.pdf.

SORs should be treated no differently than ARCOS data. The default position is openness, and the burden is on the party seeking secrecy to demonstrate specifically why a particular piece of data should not be disclosed.  (R.# 52-2, page ID# 23)  If a party demonstrates "good cause" for withholding, as required by Fed. R. Civ. P. 26(c)(1), then that *particular* piece of information may be redacted and withheld.

In order to withhold a particular SOR, the DEA should demonstrate that the *particular* SOR relates to a *specific, current ongoing investigation.* If evidence proves that  disclosure of that *particular* SOR would materially jeopardize that *specific, current ongoing investigation,* the Court may allow that particular SOR to be kept confidential until the time passes when disclosure would no longer materially jeopardize the investigation.  As with the ARCOS Data mentioned above, in order for the SOR to be withheld, the DEA must demonstrate a *compelling* interest in secrecy, which must be specific enough for appellate review and must be accessible to

all parties' attorneys for Attorneys' Eyes Only.  That would enable counsel for a party, which includes the Media Intervenors, to challenge the withholding or sealing on appeal.

### DEA Objections

Perhaps the DEA will be embarrassed when ARCOS Data and SORs become public. Perhaps the media will report that the DEA had knowledge of this burgeoning crisis and turned a blind eye.  Or worse. But embarrassment does not a sealed record make.  Nearly four decades ago, when the 6th Circuit addressed whether FTC records pertaining to the tobacco industry could be sealed, the government's privacy interest ranked far below the public's interest in access. See *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165 (6th Cir. 1983).   In reversing the District Court's decision to seal records potentially embarrassing to the tobacco industry, the 6th Circuit expressly "decline[d] to carve out an exception to the right of access in order to protect the secrecy of an administrative record.  The public has a strong interest in obtaining the information contained in the court record.  The subject of this litigation potentially involves the health of citizens who have an interest in knowing . . . .  The public has an interest in knowing how the government agency has responded." *Id.* at 1180-1181.

That has been the consistent message out of the 6th Circuit for more than the last 35 years, but the DEA is still working feverishly to conceal this information. Unfortunately, the DEA's position effectively pits the *federal* government *against* hundreds of *local and state* governments (and Indian tribes) trying to get compensation for the high cost of battling the opioid epidemic in their communities.  Shouldn't they be on the same side?

Whether the pharmaceutical defendants have liability and should pay damages naturally makes the Pharmaceutical Defendants adverse to the Local and State Government Plaintiffs. And

the Pharmaceutical Defendants would naturally want to minimize publicity, for example, about "distributors [who] sent more than 20.82 million doses of hydrocodone and oxycodone to two pharmacies located four blocks apart in a town of approximately 3,000 people." (R.# 52-2, page ID# 18)  But it is especially disconcerting and more than a bit puzzling to have the federal government work so hard to keep data about a nationwide health epidemic secret from its citizens.

In its Proposed Consolidated Amended Protective Order Re ARCOS Data, filed March 29, 2019, the DEA sought to have this Court levy huge financial penalties for disclosure of ARCOS Data by proposing:

> "**15. Sanction for Violation of this Order**.  In the event of a violation of this Order by any person to whom disclosure is made, the Court may impose a monetary sanction in the amount of $100,000 per violation, to be paid in equal shares to the DEA and to any defendant whose commercially-sensitive information is disclosed or used in violation of this Order."  (R.# 1488-1, page ID# 42919)

Thankfully, the DEA's request did not make it into any version of the final Protective Order.  But it is endemic of a wider issue, one that pits the federal government against local and state governments, aligning the federal government with big pharmaceutical corporations. Respectfully, this litigation is an opportunity to fully examine the making of a nationwide epidemic.  The 6th Circuit has given clear direction on how that should occur.

**Conclusion**

For all these reasons, the Media Intervenors respectfully request that this Court vacate all Protective Orders related to information collected or provided by the DEA, except to the extent that the DEA can demonstrate that a *particular* piece of data relates to a *specific, current ongoing investigation* and disclosure of that *particular* piece would materially jeopardize that *specific, current ongoing investigation,* in which case that *particular* piece may be redacted.  The remainder shall be provided to Plaintiffs without restrictions.

Respectfully submitted,

THE LEFTON GROUP, LLC

*/S/ Karen C. Lefton*
KAREN C. LEFTON (0024522)
TIMOTHY D. SMITH (0007636)
3480 W. Market Street, Suite 304
Akron, Ohio  44333
330-864-2003- office
330-606-8299- cell
Karen@theleftongroup.com
tdsmith@kent.edu

*Attorneys for The W.P. Company, LLC, dba The Washington Post*

*/s/ Patrick McGinley*
PATRICK McGINLEY
SUZANNE WEISE
737 South Hills Drive
Morgantown, WV 26501
304-552-2631 – cell
pmcginley@igc.org
suzweise@yahoo.com

*Attorneys for HD Media Company, LLC, dba Charleston Gazette-Mail*

## **CERTIFICATE OF SERVICE**

I certify that on July 3, 2019, a copy of the foregoing was electronically filed and served on all counsel of record for this case through the Court's electronic filing system.

/s/ Karen C. Lefton
KAREN C. LEFTON (0024522)

*An Attorney for The W.P. Company, LLC, dba The Washington Post*