UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) ) ) | CASE NO.: 1:17MD2804<br><br>JUDGE DAN A. POLSTER<br><br>**BRIEF SETTING FORTH THE POSITION OF THE DEPARTMENT OF JUSTICE AND DRUG ENFORCEMENT ADMINISTRATION PURSUANT TO <u>THE COURT'S JUNE 24, 2019 ORDER</u>** |

**I. INTRODUCTION**

For the reasons set forth below, it is the position of the United States Department of Justice and the Drug Enforcement Administration ("DEA") that, until the mandate of the Sixth Circuit issues, this Court cannot vacate or modify the provisions of its Protective Orders regarding the ARCOS data produced by the DEA in this case. As such, the United States respectfully requests that the Court maintain the status quo while the Solicitor General of the United States and the other parties determine whether to seek further review of the opinion of the U.S. Court of Appeals for the Sixth Circuit issued on June 20, 2019, and preserve the United States (and other parties') ability to achieve adequate relief, which may be compromised if the ARCOS data is released prematurely. The United States further requests that the Court maintain its prohibitions on disclosures of the Suspicious Order Reports (SORs) produced by the DEA. These disclosures include both (1) the actual reports the companies sent to DEA, and (2) the redacted DEA work product that summarized and analyzed the information reported by the companies. Neither category of SORs disclosures should be disclosed because they contain Privacy Act protected information, law enforcement sensitive information, the names of confidential sources, and/or the names of uncharged suspects.

### III. STATEMENT OF POSITION

#### A. THE COURT SHOULD NOT LIFT ITS PROTECTIVE ORDERS REGARDING THE ARCOS DATA PRODUCED BY DEA

##### 1. The Mandate Has Not Yet Issued

Under Federal Rule of Appellate Procedure 41, the court of appeals mandate must issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court "shorten[s] or extend[s] the time by order." Fed. R. App. P. 41(b). The Advisory Committee notes to the 1998 amendments to FRAP 41 make clear that "[a] court of appeals' judgment or order is not final until issuance of the mandate," nor do "the parties' obligations become fixed" until that time. *See also* 6th Cir. Internal Operating Procedure 41(a) ("A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment."); *Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013) ("When the mandate issued, this court's writ became effective and the judgment became final.").

Until the mandate issues, "the court of appeals retains jurisdiction over the case," and "the district court or agency whose order is being reviewed *cannot proceed in the interim*." *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951-52 (6th Cir. 1999) (emphasis added); *see also* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3987 (4th ed. Apr. 2019 update) ("Until the mandate issues, . . . the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal." (footnotes omitted)). Decisions of the Sixth Circuit and other courts of appeals make clear that a district court should not proceed to implement the decision of a court of appeals until the mandate has issued. *See Fort Gratiot*

2

*Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1202 (6th Cir. 1995) ("The customary procedure on remand creates a duty on the part of lower courts, which obtain jurisdiction *after* receiving the mandate of an appellate court, to obey the terms of the mandate and carry it into effect." (emphasis added)); *United States v. Krzyske*, 857 F.2d 1089, 1093 (6th Cir. 1988) ("It is settled law that the filing of a timely and sufficient notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal (except 'in aid of the appeal' or to correct clerical errors under Fed. R. Civ. P. 60(a)) *until the district court receives the mandate of the court of appeals*." (emphasis added)); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."); *United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985) ("Once defendant appealed his narcotics conviction, the district court lost its jurisdiction over the case and did not regain jurisdiction until this court issued its mandate of affirmance, notwithstanding the fact that a judgment of affirmance had been filed at an earlier date."); *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990) ("[A] district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued.").

The DEA acknowledges this Court's statement that, although it is "keeping in place the existing Protective Order for now," the Court "requires prompt briefing." June 28, 2019 Non-Document Order ("June 28 Order"). The DEA submits this brief in accordance with that order but reiterates that governing legal principles would preclude the Court from lifting or modifying the Protective Orders as to the ARCOS data before the mandate issues. *See, e.g.*, *Youghiogheny*, 200 F.3d at 951-52. The DEA further acknowledges the Court's statement that the "principle

3

that a pending appeal ousts district court jurisdiction has been softened so as to guard against the risk that a litigant might manipulate the doctrine for purposes of delay." June 28 Order (quoting Federal Practice & Procedure § 3949.1). The authority that the Court quotes for that principle addresses appeals that are not "properly taken" or are "patently frivolous." Federal Practice & Procedure § 3949.1. Here, the government is not seeking to take an improper or frivolous appeal in an effort to delay litigation. In fact, because the DEA is not a party to these cases, it has no interest in either expediting or delaying these proceedings. Rather, the DEA's only interests are the administration of justice and the efficient and effective completion of its vital law enforcement mission. The government is acting, consistent with the Federal Rules of Appellate Procedure, to preserve the Solicitor General's prerogative to authorize the Department of Justice to seek further review of an adverse decision of a court of appeals. *See* 28 C.F.R. § 0.20(b) (making the Solicitor General responsible for "[d]etermining whether, and to what extent," the government will file "petitions for rehearing en banc"). The Federal Rules of Appellate Procedure provide "45 days after entry of judgment" to file a rehearing petition in cases involving the government, Fed. R. App. P. 40(a)(1); *see also* Fed. R. App. P. 35(c), in explicit "recogni[tion] that the Solicitor General needs time to conduct a thorough review of the merits of a case before requesting a rehearing," Fed. R. App. P. 40(a) Advisory Committee's note to 1994 amendment. The decision of the court of appeals is of substantial significance to the United States, and the time afforded by the Federal Rules is necessary to permit adequate consultation within the affected components of the government and to permit preparation of a petition for rehearing if authorized by the Solicitor General.

The government recognizes that the Court is overseeing extraordinarily complex litigation that is proceeding at a very fast pace, and the government has no interest in interfering

with the Court's discovery or trial schedule. Waiting for the mandate to issue before modifying or vacating the provisions of the Protective Orders governing ARCOS data will not interfere with the conduct of the litigation, and doing so is of critical importance because the time has not yet passed for the United States to make a decision on whether to seek further review of the decision.

The Court should maintain the status quo and not make any modifications to the ARCOS Protective Orders required by the Sixth Circuit until after the mandate has issued.[1] Any decision to modify the Protective Orders and to release the ARCOS database to the Media Intervenors could threaten the ability of the United States or any other party to obtain full relief by seeking rehearing or review of the Sixth Circuit's decision. Once the ARCOS information is provided to the media and made public, it would be virtually impossible to undo such disclosure, even if the Sixth Circuit's decision was subsequently vacated or modified. Thus, maintaining the status quo temporarily until the mandate issues, consistent with the allocation of jurisdiction between this Court and the court of appeals, preserves the rights of all of the parties.

### 2. Narrow Redactions of Current Investigations Is Not Feasible

In its June 24 Order, this Court asked whether a "*narrower* Protective Order (as opposed to *no* Protective Order) is necessary and appropriate." Order, ECF No. 1725 PageID # 51630. As the Court noted, the DEA's position is that it cannot effectively redact only the ARCOS data corresponding to specific, ongoing investigations because doing so would effectively notify certain registrants that they are under investigation. *Id.* at PageID # 51629.

---

[1] It is the government's understanding from Special Master David Cohen's email to the parties on July 2, 2019, that the Court plans to maintain the status quo until the government files this position paper and the mandate is issued by the Sixth Circuit. The government concurs and requests that the status quo continue beyond the filing of the position papers until such time as the mandate is issued.

As noted above, until the mandate of the Sixth Circuit issues, this Court cannot vacate or modify the provisions of the Protective Orders. However, if it is later necessary to revise the Protective Orders, then the DEA submits that the Court should enter a new, more tailored Protective Order rather than removing all protections for this sensitive information. Under that circumstance, the DEA would propose to meet and confer with Plaintiffs, Defendants, and the Media Intervenors to work towards a Protective Order that "furthers the public's interest in understanding the causes, scope, and context of this epidemic" while also providing some protection to the law enforcement interests of the DEA as well as the privacy and commercial interests of the over one million registrants whose information is included in ARCOS, many of whom are not parties to this MDL. *In re National Prescription Opiate Litig.*, 2019 WL 2529050 (6th Cir. June 20, 2019) at *3. To the extent that the parties cannot reach an agreement, the DEA would request the opportunity to present evidence to the Court to establish "good cause" for a more tailored Protective Order, as opposed to the complete lifting of the Protective Orders.

### B. THE COURT SHOULD NOT LIFT ITS PROTECTIVE ORDERS REGARDING THE SUSPICIOUS ORDER REPORTS PRODUCED BY DEA

Initially, as the Court notes, "the Press only sought access to ARCOS data, not SORs." Order, ECF No. 1725 PageID # 51630. Further, the Sixth Circuit "analyzed the propriety of public exposure of only ARCOS data, not SORs." *Id.* Its decision does not implicate the SORs. Therefore, the Court should leave in place the provisions of its Protective Orders prohibiting disclosure of SORs.

Furthermore, there are compelling reasons to prohibit public disclosure of SORs. Many of the SORs contain the names, addresses, telephone numbers and other private information of confidential reporters and third parties. They also contain law enforcement investigatory

records, including the DEA's investigation into the suspicious order and other DEA investigatory work product. Accordingly, as this Court noted in its June 24 Order, "public revelation of SORs could 'tip off' a pharmacy that it is likely the subject of an ongoing investigation by the DEA." Order, ECF No. 1725 PageID # 51630. SORs are "investigatory records compiled for law enforcement purposes" rather than "simply business records of defendants"—a distinction that the Sixth Circuit emphasized. *In re National Prescription Opiate Litig.*, 2019 WL 2529050 (6th Cir. June 20, 2019) at *20. Based on this distinction, there is ample "good cause," Fed. R. Civ. P. 26(c), to prohibit disclosure of the SORs produced during discovery to non-parties, such as the Media Intervenors. If the parties intend to present SORs or information derived from them in their judicial filings, the DEA agrees to review such filings to determine whether any redactions are necessary to protect its governmental privileges or the individual privacy of non-parties, or other potentially relevant interests. If the Court requires additional evidence or information from the DEA in determining whether there is good cause to prohibit disclosure of SORs produced in discovery, the DEA requests the opportunity to provide such evidence or information.

## IV. CONCLUSION

Based on the foregoing, this Court should not vacate or modify the provisions of its Protective Orders governing ARCOS data before the Sixth Circuit has issued its mandate. Rather, the Court should maintain the status quo while the Solicitor General of the United States and the other parties determine whether to seek further review of the opinion of the U.S. Court of Appeals for the Sixth Circuit issued on June 20, 2019. Disclosing ARCOS data before the mandate has issued would upset the balance of jurisdiction between this Court and the court of appeals and threaten the ability of the United States or any other party to obtain complete relief by seeking rehearing or review of the Sixth Circuit's decision.

In response to the Court's request for briefing as to whether it should issue a narrower Protective Order governing ARCOS data, DEA cannot effectively redact from the totality of the ARCOS data particular portions that correspond to specific, ongoing investigations because doing so would notify the targets of its investigations that they were under investigation. But if the decision of the Sixth Circuit is not vacated or modified, the DEA requests the opportunity to meet and confer with Plaintiffs, Defendants, and the Media Intervenors and attempt to reach agreement on a narrower Protective Order that would satisfy the interests of the Media Intervenors while also providing some protection to the interests of DEA and the registrants whose information is contained in ARCOS.

Regardless of whether the Sixth Circuit's decision is vacated or modified, the Court should not modify its Protective Orders to permit public disclosure of SORs. As this Court notes in its June 24 Order, "the Sixth Circuit analyzed the propriety of public exposure of only ARCOS data, not SORs." Order, ECF No. 1725 PageID # 51630. Furthermore, the SORs produced by DEA contain law enforcement investigatory records, the names of confidential sources, Privacy Act protected information, and DEA work product. As the Court correctly recognized, "public revelation of SORs could 'tip off' a pharmacy that it is likely the subject of an ongoing investigation by the DEA." *Id.* There is accordingly ample good cause to prohibit disclosure of SORs produced in discovery, and DEA must be given an opportunity to review court filings containing SORs or information derived from them to determine whether redactions are necessary to protect governmental privileges or the individual privacy of non-parties.

Respectfully submitted,

JODY H. HUNT
Assistant Attorney General

AVA ROTELL DUSTIN
Executive United States Attorney
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: /s/ James R. Bennett II
JAMES R. BENNETT II (OH #0071663)
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3988 (Direct)
(216) 522-4982 (Facsimile)
E-mail: james.bennett4@usdoj.gov

/s/Natalie A. Waites
Michael D. Granston
Andy Mao
Natalie A. Waites
United States Department of Justice
Civil Division/Fraud Section
175 N Street, N.E., Room 10.222
Washington, D.C. 20002
(202) 616-2964
Natalie.A.Waites@usdoj.gov

Attorney for U.S. Department of Justice
Drug Enforcement Administration

CERTIFICATE OF SERVICE

I certify that on July 3, 2019, a copy of the foregoing *Brief Setting Forth the Position of the Department of Justice Drug Enforcement Administration pursuant to the Court's June 24, 2019 Order* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing *Brief Setting Forth the Position of the Department of Justice Drug Enforcement Administration pursuant to the Court's June 24, 2019 Order* is eight (8) pages in length and within the limitations set by the Court's Order.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney