**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **JUDGE POLSTER** |
| **THIS DOCUMENT RELATES TO: "*Track One Cases*"** | ) ) | |
| | ) ) ) | **ORDER AMENDING PROCEDURES REGARDING REDACTIONS AND FILING OF BRIEFS UNDER SEAL** |

On June 20, 2019, the Sixth Circuit issued a ruling addressing the extent to which this Court's ARCOS Protective Order should remain in place. *See In re: National Prescription Opiate Litig.*, 2019 WL 2529050 (6th Cir. June 20, 2019) ("*ARCOS Ruling*"). The existing ARCOS Protective Order generally limits disclosure of ARCOS data to plaintiffs, who may use it only for certain purposes, and directs the parties to redact or place under seal documents filed on the record containing ARCOS data. *See* docket no. 1545.[1] The Court of Appeals vacated the ARCOS Protective Order and directed this Court to determine whether there should instead be "a narrower protective order that would allow the DEA to object to disclosure [of ARCOS data] as specific investigations may require" – that is, an Order that allows only "limited redactions to those particular portions of the ARCOS data that correspond to specific ongoing investigations." *ARCOS Ruling*, 2019 WL 2529050 at *12.

In addition, noting that the parties had redacted or filed under seal documents containing

[1] The ARCOS Protective Order at docket no. 1545 consolidates and supersedes all of the prior versions of ARCOS Protective Orders, found at docket nos. 167, 233, 397, 400, 602, 668, 800, 1106.

other allegedly confidential information – not just ARCOS data – the Court of Appeals also directed this Court to "conduct a full review of court documents filed under seal or with redactions, and . . . in each instance reevaluate whether redaction or seal is necessary in light of the proper legal standards as set forth in this opinion." *Id.* at 14 n.14.

The appellate court issued its ruling eight days before the existing June 28, 2019 due date for the parties' summary judgment and *Daubert* motions. The parties had been drafting and redacting their motions premised upon existing protective orders, so the appellate opinion created some confusion on how to proceed. Accordingly, this Court and Special Master Cohen quickly issued several rulings setting out redaction standards and mechanisms for the upcoming motions and exhibits.[2] The Court also directed interested parties to submit position papers on the appropriate scope of a revised ARCOS Protective Order; the Court received position papers from plaintiffs, defendants, media-intervenors, and the DEA. *See* docket nos. 1798, 1807, 1808, & 1809.

Having reviewed these position papers, and having observed some problems with the mechanisms that were quickly put into place for filing redacted motions, the Court now clarifies and amends its prior orders as follows.

**ARCOS Data**

In its position paper, the DEA asserts that "a district court should not proceed to implement

---

[2] *See* docket no. 1719 (Special Master's Directions Regarding Filing of [*Upcoming*] Briefs Under Seal). *See also* docket no. 1725 (Court's Order Regarding ARCOS Data and Documents *Previously* Filed Under Seal); docket text entry dated June 28, 2019, 3:02 p.m. (stating that "all existing Protective Orders are reaffirmed and shall remain in place until the Court issues a ruling determining the scope of a new Protective Order"); docket text entry dated June 28, 2019. 4:35 p.m. ("[t]he Court is keeping in place the existing [ARCOS] Protective Order for now . . . but requires prompt briefing").

the decision of a court of appeals until the mandate has issued." Docket no. 1809 at 2. Defendants agree, and also note they have a right to seek rehearing, which would be effectively denied "[i]f this Court orders ARCOS data to be released to the public" before a petition for rehearing can be considered. Docket no. 1807 at 12. The Court agrees that, until the reconsideration period expires and the Sixth Circuit issues a mandate, the ARCOS Protective Order should remain in place. Accordingly, the parties should continue their adherence to the provisions in the ARCOS Protective Order regarding redaction and filing under seal. *See* docket no. 1545 at 6, ¶8.

**Other Confidential Information**

In the wake of the Sixth Circuit's *ARCOS Ruling*, Special Master Cohen provided directions to the parties regarding redaction of information from their summary judgment and *Daubert* motions. *See* docket no. 1719 at 2-3. Among other things, the Special Master ruled that "[i]nformation that is considered "business confidential" but that is not a bona fide trade secret does not qualify for redaction. *Id.* at 3 n.4 (citing *Kondash v. Kia Motors America, Inc.*, 767 Fed. Appx. 635, 639 (6th Cir. 2019)).

In their position paper, defendants point to a very recent Supreme Court case – *Food Marketing Inst. v. Argus Leader Media*, 2019 WL 2570624 (U.S. June 24, 2019) – and argue that "the Special Master's directions on sealing briefs are not consistent with *Food Marketing*." Docket no. 1807 at 11.[3] The Court disagrees. In *Food Marketing*, the Supreme Court examined the meaning of "confidential commercial or financial information" in the context of FOIA requests. The Supreme Court held that, "where commercial or financial information is both customarily and

[3] *Food Marketing* was issued within hours after the Special Master's directions.

actually treated as private by its owner *and provided to the government under an assurance of privacy*, the information is 'confidential' within the meaning of [FOIA] Exemption 4." 2019 WL 2570624 at *7 (emphasis added). In this case, the information defendants seek to keep confidential (by redaction and/or filing under seal) *was produced by defendants in discovery*; it was not obtained from the government after defendants provided it to a federal agency. Moreover, the allegedly confidential information at issue is now being placed in the court record. FOIA requests are akin to discovery; the *Food Marketing* opinion says nothing, either explicitly or by implication, to undermine the Sixth Circuit's ruling that "there is a lower requirement for protective orders relating to discovery, during which secrecy is permitted, than for orders to seal court records, which carry a strong presumption of openness." *ARCOS Ruling*, 2019 WL 2529050 at *9 (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). This Court rejects defendants' assertion that, because FOIA and Fed. R. Civ. P. 26(c)(1)(g) both refer to "confidential commercial information," *Food Marketing* suggests protective orders must now be construed more broadly. At best, *Food Marketing* may give defendants distant reason to ask the Sixth Circuit to reconsider its conclusion regarding ARCOS data (which plaintiffs obtained from a federal agency by subpoena, not FOIA request), but *Food Marketing* does not call into question the long-applicable standard for redaction of other allegedly confidential information that is made a part of this Court's record.

In sum, the Court affirms Special Master Cohen's instructions regarding what the parties should and may redact, *see* docket no. 1719 at 2-3. Furthermore, the Court warns the parties that failure of a party to adhere to these standards will carry consequences. If the Court (or the Special Master): (1) is asked repeatedly to resolve disputes over whether information designated for

redaction or sealing was appropriate; and (2) repeatedly concludes the designation was improper; then (3) the designating party will lose the right to make future confidentiality designations in later-filed documents, and/or the Court will simply lift all of that party's redaction designations. That said, the Court and the Special Master do not have time to, and generally will not, rule upon the propriety of confidentiality designations regarding exhibits (or portions thereof) upon which the motions do not actually rely.

**Redaction and Sealing Mechanisms**

The Sixth Circuit instructed that "evidentiary motions, and exhibits accompanying the parties' filings . . . [are] subject to the strong presumption in favor of openness, which applies here with extra strength given the paramount importance of the litigation's subject matter," and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *ARCOS Ruling*, 2019 WL 2529050 at *14. Accordingly, Special Master Cohen, with input from the parties, set out a mechanism to ensure the summary judgment and *Daubert* motions would be placed on the public record as soon as possible. *See* docket no. 1719 at 1-2. Since then, however, the parties have struggled with this mechanism, in part because of the very large volume of exhibits that need review, and in part because *Food Marketing* caused defendants to question whether the Special Master's redaction instructions remained valid.

Accordingly, the Court modifies the mechanism as follows. The following procedures are designed to: (1) maintain confidentiality of all of, but only, the appropriate portions of the documents; (2) remove inappropriate redactions and sealing of documents as quickly as possible; (3) allow the Court to begin its review of filed documents immediately; and (4) provide easy cross-

referencing of all exhibits to all briefs. Put differently, these procedures are designed to adhere to the Sixth Circuit's instructions regarding disclosure of judicial records, while also providing some logistical tranquility.

**Summary Judgment and *Daubert* Motions filed on or before June 28, 2019**

A. As to all *Daubert* and dispositive motions filed on or before June 28, 2019, the parties shall undertake or continue the confidentiality-designation process outlined in steps 3 and 4 of Special Master Cohen's directions at docket no. 1719. The parties shall then meet and confer to resolve any disputes. All proposed redactions to the *motions and memoranda in support* must be exchanged by July 9, 2019 at noon, and the meet and confer process must conclude on July 11, 2019. As to all *exhibits to the motions*, all proposed redactions must be exchanged by July 15, 2019 at noon, and the meet and confer process must conclude on July 18, 2019.

B. On July 19, 2019, the Filing Party shall file: (1) a public version of the motions and exhibits as served, containing (i) all agreed-to redactions (if any) and also (ii) any disputed redactions (if any); (2) if there are any redactions, an unredacted version of the filing under seal, and (3) an accompanying motion to seal that identifies remaining disputes, and explaining the bases for all redactions by attaching the correspondence of the parties setting forth their positions on the proposed redactions. No additional briefing shall be included. The Special Master will then rule on the motions; ruling may be deferred until after response briefs are filed and all *relevant* redactions of a given document are identified.

C. On July 19, 2019, the Filing Party shall also file full transcripts of any depositions and full copies of any expert reports cited in the motions, both (i) under seal in unredacted form and (ii) on the public docket with all agreed-upon *and* disputed redactions. Going forward, parties may cite to the versions of these documents by docket number. Previously-filed motions need not be edited to cite to newer exhibit docket numbers. The Filing Parties must file a chart cross-referencing exhibit citations in their motions with the separately-filed docket numbers of the full deposition transcripts or full expert reports.

D. Further regarding paragraph C, all plaintiffs' expert reports cited as exhibits shall be filed as a group with a single docket number, and all defendants' expert reports cited as exhibits shall be filed as a group with a single docket number. (*E.g.*, docket no. **3456**, Notice of

filing of plaintiffs' expert reports; docket no. 3456-1, Jones Report; docket no. 3456-2, Smith Report; docket no. **3457**, Notice of filing of defendants' expert reports; docket no. 3457-1, Harris Report; and so on).

E. Further regarding paragraph C, all deposition transcripts cited as exhibits shall be filed as one or two groups with a single docket number, see Paragraph D. (The parties shall coordinate this filing. They can either choose *not* to segregate transcripts by plaintiffs and defendants and file them all under a single docket number, or utilize an agreed-upon method, such as "the party to first notice the deposition files the transcript," to segregate by plaintiffs and defendants.)

F. To the extent any of the disputed redactions are overruled, within one business day, the Filing Party shall refile on the docket the final version of the document as appropriate. If any redactions remain, the corrected document shall be filed on the public docket with the court-ordered redactions.

**Summary Judgment and *Daubert* Responses and Replies**

G. Because both parties filed dispositive motions prior to June 28, 2019 that relate to motions later filed on June 28, 2019, and in order to encourage the parties to consolidate their briefing as instructed, all responses and replies to the *Daubert* and dispositive motions filed on or before June 28, 2019, including docket nos. 1691, 1692, 1703, 1716, 1733, 1736, are due at 3:00 p.m. on Tuesday July 31, 2019; and replies are due at 3:00 p.m. on August 16, 2019.

H. The parties shall follow the confidentiality-designation process outlined in Special Master Cohen's Ruling at docket no. 1719 for responses and replies. The parties shall then meet and confer to resolve any disputes. As to *response briefs*, any disputes must be submitted following the procedure on August 9, 2019; as to new *response exhibits*, this process must conclude on August 13, 2019. As to *reply briefs*, this process for the motions and briefs must conclude on August 23, 2019; as to new *reply exhibits*, this process must conclude on August 27, 2019.

I. Steps B-F above then apply.

**Thumb-Drives and Hard Copies**

The Special Master earlier issued directions regarding submission of thumb-drives and hard copies, *see* docket no. 1719 at 2 n.2. Those directions are amended as follows. The parties shall provide unredacted Trial Briefs to Court staff as follows:

- to chambers, one hard-copy of supporting briefs only (not motions or exhibits), and two thumb drives with PDFs of motions, briefs, and exhibits. The hard-copies of briefs shall be hand-delivered to chambers at 3:00 p.m. on the date due.
- to Special Master Cohen, one thumb drive with PDFs of motions, briefs, and exhibits.

Other instructions issued by Special Master Cohen regarding file names, passwords, compression, combining thumb-drives, and emailing of briefs remain in place.[4]

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 5, 2019**

[4] *See* these emails from Special Master Cohen: (1) “Thumb Drive Issues - Important,” July 1, 2019, 2:27 p.m.; and (2) “filings and thumb-drives - amended,” June 27, 2019 12:57 p.m.