UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>"Track One Cases" | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## MALLINCKRODT'S MOTION FOR CLARIFICATION

Mallinckrodt plc ("Mallinckrodt") respectfully requests clarification of the Court's July 3, 2019 text order to make clear that the court did not deny Mallinckrodt's yet-to-be-filed motion for relief regarding Plaintiffs' previously undisclosed expert on the issue of personal jurisdiction. That order notes that the "Court has thus far been exceedingly generous with requests for discovery and extensions of time, but at this time the parties have received all the discovery and extension of time they are going to get." Mallinckrodt does not believe that language should prohibit it from filing an otherwise appropriate motion.

By way of background, the prior requests for discovery and extensions of time on the issue of personal jurisdiction briefing have come *from Plaintiffs*. Mallinckrodt plc filed a motion to dismiss for lack of personal jurisdiction on January 17, 2019. Plaintiffs' opposition was originally due on February 19. On February 12, **Plaintiffs requested discovery** before responding to the motion. The Court allowed the request. On February 13, **Plaintiffs requested** that the Court allow the Plaintiffs to respond to the Defendants' motions to dismiss only "after personal jurisdiction discovery is complete." (Dkt. No. 1365) The Court granted Plaintiffs' request. (Dkt. No. 1372.) On April 3, Special Master Cohen ordered that jurisdictional discovery be completed by

May 1 and Plaintiffs' opposition briefing be due on June 5. (Dkt. No. 1512). On May 30, days before Plaintiffs' opposition to the motion was due, **Plaintiffs sought an extension** of time from Mallinckrodt, pushing the Plaintiffs' deadline to June 21, fourth months after the original deadline. Mallinckrodt, in keeping with professional courtesy, consented to that extension and the Court adopted it. (Dkt. Nos. 1660, 1661)

Then, on June 25, Special Master Cohen directed the parties to submit by July 2, 2019 a "one 1-page letter each from Plaintiffs, Allergan, Teva, and Mallinckrodt, explaining as a practical matter why the personal jurisdiction motions matter at this time. For example, how does this issue affect the upcoming trial and how does it affect settlement discussions." Mallinckrodt complied with that direction in good faith and laid out the "practical" considerations around deciding the motion, as requested by the Court. See Ex 1.

That letter noted that "Plainly, forcing a party not subject to the Court's jurisdiction to endure prolonged and expensive litigation, potentially including trial, is inconsistent with bedrock constitutional principles. That is why Mallinckrodt plc moved to dismiss and the Court should grant its motion." *Id.* It then discussed the Court's request regarding the practicalities of deciding a motion in the midst of a heavy briefing schedule in the lead up to trial—the timing of which was wholly determined by *Plaintiffs*' repeated requests for extensions and discovery—and Mallinckrodt's need for relief in connection with plaintiffs' disclosure of an improper expert report. The letter suggested that the practical considerations at this point in the litigation weighed in favor of holding the claims in abeyance. Mallinckrodt did not brief the merits of any request for discovery or extension of time.

Mallinckrodt thus seeks to make clear that the Court's order that "the parties have received all the discovery and extension of time they are going to get" does not preclude Mallinckrodt from

filing the motion it mentioned in its letter.  In particular, Mallinckrodt noted that it planned to move to strike Plaintiffs' undisclosed expert report or, in the alternative, to depose that expert and otherwise appropriately counter his testimony.  Indeed, a deposition of the expert is critical.  Given the egregious inaccuracies in the report—and, for that matter, the Plaintiffs' letter to you—Mallinckrodt believes that a deposition may lead the expert to disclaim his statements, so as to deprive Plaintiffs of any reasonable basis to make the assertions on which their analysis turns.

Mallinckrodt plc has not previously asked the Court for any extension or discovery with respect to the personal jurisdiction briefing.  In fact, the need for discovery by Mallinckrodt plc arose only with Plaintiffs' attempt to introduce a previously unexpected and unauthorized expert report last Friday.  Plaintiffs have made many requests, and the Court has granted them.  Defendants simply ask for the same opportunity for the Court to consider its request.  Accordingly, Mallinckrodt respectfully requests that the July 3, 2019 text order be clarified to permit Mallinckrodt to file a motion for appropriate relief in connection with briefing of Mallinckrodt plc's motion to dismiss for lack of personal jurisdiction, to be directed to Special Master Cohen or directly to the Court as the Court sees fit.

Dated: July 5, 2019                                       Respectfully submitted,

*/s/ Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 235-4650
brien.o'connor@ropesgray.com
andrew.o'connor@ropesgray.com

3

*Appearing specially for
Mallinckrodt plc*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019, the foregoing document was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access the filing through the Court's system.

*/s/ Brien T. O'Connor*
Brien T. O'Connor