# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION | MDL CASE NO.  1:17 MD 2804 |
| This document relates to the following cases: | JUDGE DAN AARON POLSTER |
| *Lee County, Va. v Purdue Pharma, LP, et al.*, 1:19 OP 45251-DAP | **OPINION AND ORDER** |
| *Dickenson County v. Purdue Pharma, LP, et al.*, 1:19 OP 45252-DAP, | |
| *Washington County, Va. v. Purdue Pharma, LP, et al.*, 1:19 OP 45254-DAP, | |
| *Pittsylvania County v. Purdue Pharma, LP, et al.*, 1:19 OP 45247-DAP, | |
| *City of Norton, Va. v. Purdue Pharma, LP, et al.*, 1:19 OP 45249, | |
| *Henry County, Va. v. Purdue Pharma, LP, et al.*, 1:19 OP 45245, | |
| *Page County v. Purdue Pharma, LP, et al.*, 1:19 OP 45275, | |
| *City of Galax, Va. v. Purdue Pharma, LP,, et al.*, 1:19 OP 45243, | |
| *Montgomery County v. Purdue Pharma, LP, et al.*, 1:19 OP 45234, | |
| *Giles County v. Purdue Pharma, LP, et al.*, 1:19 OP 45236, | |
| *City of Alexandria v. Purdue Pharma, LP, et al.*, 1:19 OP 45246 | |

These cases are before the Court on Plaintiffs' Objections to Filing Plaintiff Fact Sheets and Amended Complaints in this Court prior to a Ruling on Their Motions to Remand, etc. **Doc #: 1803**. Plaintiffs contend that the Court lacks subject matter jurisdiction over their cases; thus,

they object to being compelled to file Plaintiff Fact Sheets prior to a ruling on their remand motions. *Id.* In support, Plaintiffs cite numerous Fourth Circuit cases. *Id.*

On December 12, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated for pretrial management, before the undersigned in the Northern District of Ohio, actions alleging unlawful marketing and diversion of prescription opiates by the manufacturers and distributors of those products nationwide. Doc #: 1. The JPML transferred approximately 64 cases to me, having concluded that "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *Id.* at 3. At that time, there were 16 remand motions pending in the transferred cases. The JPML noted that "[s]hould the [undersigned] deem remand of any claims or actions appropriate . . . , then he may accomplish this by filing a suggestion of remand to the Panel. . . .As always, we trust such matters to the sound judgment of the [undersigned]." Doc #: 1 at 4.

On December 13, 2017, the Court held a teleconference with counsel during which it discussed, among other things, the subject of remand motions. The Court quickly determined, and counsel agreed, that a moratorium should be put on briefing of the remand motions with one exception, *State of West Virginia, et al. v. McKesson Corp.*– a case that was removed a *second* time after the transferor district court had remanded it. Minutes of Teleconference etc., Doc #: 4 at 2. As of June 28, 2019, there were 2087 cases and approximately 70 remand motions pending in this MDL.

In addition to the aforementioned authority to conduct pretrial case management granted to the Court by the JPML, Rule 16 of the Federal Rules of Civil Procedure grants the Court the

authority to adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, and/or difficult legal questions.  Fed. R. Civ. P. 16(c)(2)(L).  And finally, federal courts "possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Dietz v. Bouldin*, 136 S.Ct. 1885 (2016) (explaining that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") (numerous citations omitted).

The Court is fully aware of the many pending remand motions challenging subject matter jurisdiction.  However, the Track One trial is scheduled to begin in mid-October 2019, the Court and Special Masters are ramping up settlement efforts, and the Court and its research and writing team are simultaneously reviewing and addressing 40 Daubert and summary judgment motions.  In order to conserve judicial resources and manage its MDL docket efficiently, the Court exercises its inherent authority along with the authority granted by the JPML and the Federal Rules of Civil Procedure <u>not</u> to address Objecting Plaintiffs' remand motions at this time.  The Court assures Objecting Plaintiffs that it will handle the remand motions in due course.

Thus, Plaintiffs' Objections are **OVERRULED** and Objecting Plaintiffs are **DIRECTED** to follow the MDL procedures relating to the Plaintiff Fact Sheets and Amended Complaints.  Doc #: 1106 at 3 n.7.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster     July 9, 2019*
**Dan Aaron Polster**
**United States District Judge**