# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** ) ) | **Case No. 1:17-md-2804** |
| *Rees v. McKesson Corporation, et al* ) Case No. 1:18-op-45252 ) | **Judge Dan Aaron Polster** |
| *Wood v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45264 ) ) | **ORDER** |
| *Salmons v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45268 ) | |
| *Ambrosio v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45375 ) | |
| *Flanagan v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45405 ) | |
| *Whitley, et al v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45598 ) | |
| *Roach v. McKesson Corporation, et al* ) Case No. 1:18-op-45662 ) | |
| *Hunt v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-45681 ) | |
| *Moore v. Purdue Pharma L.P., et al* ) Case No. 1:18-op-46305 ) | |
| *Doyle v. Actavis LLC, et al* ) Case No. 1:18-op-46327 ) | |
| *Hanlon v. Purdue Pharma LP, et al* ) Case No. 1:19-op-45052 ) ) | |

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order (Doc. 1662) Holding a Rule 12(B)(6) Determination on Plaintiffs' Class Allegations. Doc. #: 1797. Plaintiffs' Motion mischaracterizes the Court's June 6th Order. The portion of the Court's Order that pertains

to "putative class action cases filed on behalf of children who suffer from neonatal abstinence syndrome ("NAS")," including *Salmons*,[1] does not, as Plaintiffs' Motion suggests, hold or otherwise make a Rule 12(b)(6) determination on Plaintiffs' class allegations. It merely requests briefing from the parties on the propriety of certifying such a putative class. However, in light of the Sixth Circuit's opinion in *Doe v. City of Memphis*, No. 18-5565, 2019 WL 2637637 (6th Cir. June 27, 2019), the Court now reconsiders its June 6th Order.

The Sixth Circuit's opinion in *Doe*, although relevant, is necessarily confined to its facts. In *Doe*, the Defendants were "generally unresponsive to Plaintiffs' discovery requests," and thus "deprive[d] Plaintiffs of a full opportunity for discovery." *Id.* at *9-10. Therefore, the Sixth Circuit concluded that "additional discovery *might* [] allow Plaintiffs to identify and certify a class." *Id.* at *11 (emphasis added). That is not the case here.

In the MDL, Defendants have produced prodigious amounts of discovery and the Court understands that all Plaintiffs, including movants, have access to all of it through various discovery-sharing agreements. The undersigned is willing to grant Plaintiffs an abbreviated period to review the available discovery, but absent some showing that the available discovery is insufficient, which Plaintiffs have not made, the Court declines to grant Plaintiffs additional discovery at this time.

---

[1] Although the Court's June 6th Order refers primarily to *Salmons v. Purdue Pharma L.P., et al,* Case No. 1:18-op-45268, the Court's Order makes clear that the Court is concerned with "all of the NAS cases." Doc. #: 1662 at 3. This was intended to include, as Plaintiffs identify in their Motion, all "41 class actions filed on behalf of NAS Babies covering 34 states." Doc. #: 1797-3 at 2, n.1.

Therefore, upon careful reconsideration, the Court hereby sets briefing on the matter of class certification for a putative class of NAS Babies as follows:

August 23, 2019 – Plaintiffs shall "move to certify four putative classes identified in their pleadings, one of which will be pled as a nationwide class." Doc. #: 1797-3 at 2.

September 23, 2019 – Defendants shall file a single, joint Response.

October 7, 2019 – Plaintiffs shall file a Reply.

Accordingly, Plaintiffs' Motion to Reconsider, Doc. #: 1797, is **GRANTED-IN-PART**.

**IT IS SO ORDERED.**

  /s/ Dan Aaron Polster  *July 11, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**