**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| | ) CASE NO.  1:17-MD-2804 |
| | ) |
| | ) JUDGE DAN A. POLSTER |
| **IN RE: NATIONAL PRESCRIPTION** | ) |
| **OPIATE LITIGATION** | ) MAGISTRATE JUDGE DAVID A. |
| | ) RUIZ |
| | ) |
| | ) REPLY OF THE MEDIA |
| | ) INTERVENORS ON PROTECTIVE |
| | ) ORDERS REGARDING ARCOS DATA |
| | ) AND SUSPICIOUS ORDER REPORTS |
| | ) |
| | ) FILED ON BEHALF OF HD MEDIA |
| | ) COMPANY, LLC, *dba* CHARLESTON |
| | ) GAZETTE-MAIL, AND THE W.P. |
| | ) COMPANY, LLC, *dba* THE |
| | ) WASHINGTON POST |

HD MEDIA COMPANY, LLC, *dba* Charleston Gazette-Mail, and THE W.P. COMPANY, LLC, *dba* The Washington Post ("Media Intervenors"), submit the following reply to the position statements of the Pharmaceutical Defendants ("Defendants") and of the Drug Enforcement Administration ("DEA") regarding Protective Orders governing ARCOS Data and Suspicious Order Reports ("SORs") produced to the parties in this case.

**I.    DEA has not Demonstrated Good Cause for Withholding ARCOS Data**

The DEA's position statement claims narrow redactions of current investigations are not feasible. However, it fails to explain *why* narrow redactions are not feasible. This Court was directed to "determine whether there should instead be a 'narrower protective order that would allow  the DEA to object to disclosure [of ARCOS Data] as specific investigations may require' – that is, an Order that allows only 'limited redactions to those particular portions of the ARCOS

1

data that correspond to specific ongoing investigations'." (R. 1725, Page ID#51629, citing *In re: National Prescription Opiate Litigation,* 2019 WL 2529050 (6th Cir June 20, 2019) at 21.) The Sixth Circuit concluded that the DEA's affidavit in support of its contention was "simply too vague in its evaluation of the law enforcement interests at issue to demonstrate 'good cause' for a blanket, permanent Protective Order" and that a list of DEA open cases proffered with the affidavit failed to explain "the nature or status of any of those cases." *Id.* at 11.

The DEA's insistence on a blanket permanent Protective Order and claim of inability to redact information from the ARCOS database parallel its embrace of secrecy in *Madel v. United States,* 784 F.3d 448 (8th Cir. 2015). There, the DEA ignored a court of appeals' and subsequent district court's instructions to provide specific evidence supporting the administration's claim that redaction was not possible. *Madel,* 784 F.3d at 454. The Sixth Circuit's decision here echoed the Eighth Circuit in *Madel*:  It is the Defendants' burden to show that information responsive to [a public] request is not reasonably segregable from information not subject to disclosure. Broad pronouncements and general explanations will not suffice to meet this burden, and Defendants have offered nothing more than that here.

At the Sixth Circuit, the DEA attempted to articulate its rationale for the blanket Protective Order, but the Court was unpersuaded:

> "[I]t is difficult to understand this response given the nature of the ARCOS data. This response seems to assume that the DEA is unable to disclose data about a manufacturer under investigation – but it is unclear why this should be the case. . . . [I]mportantly, the DEA has never explained why it could not simply redact the portions of the ARCOS data that relate to this and other ongoing investigations."

*In re Nat'l Opiate Litig.*, slip op. at 12. The Sixth Circuit clearly held that the DEA must explain why "a narrower protective order" would not be sufficient to "allow the DEA to object to disclosure as specific investigations may require." *Id.* Ultimately, the Sixth Circuit directed that

2

"[o]n remand the district court may entertain arguments by the DEA as to why *particular* pieces of ARCOS data that relate to specific ongoing investigations should not be disclosed." *In re Nat'l Opiate Litig.,* slip op. at 13. Instead of following that directive, the DEA concedes that "narrow redactions" are "not feasible." (R.1809, Page ID# 52875) Respectfully, the DEA's failure to articulate specific, narrow reasons for a tailored Protective Order and its assertion that it cannot do so are a *de facto* admission that good cause does not exist to withhold ARCOS Data.

## II.  Withholding SORs Under a Protective Order Requires Good Cause

In its June 24, 2019, Order, this Court sought the parties' positions regarding whether Suspicious Order Reports ("SORs") should be subject to good cause examination and/or should remain subject to the Protective Orders. In response, the DEA asserted that "there are compelling reasons to prohibit public disclosure of SORs." (R. 1809, Page ID# 52877)  But it offered none, simply stating, "If the Court requires additional evidence or information from the DEA in determining whether there is good cause to prohibit disclosure of SORs produced in discovery, the DEA requests the opportunity to provide such evidence or information."  (R.1809, Page ID# 52877)  Respectfully, if the DEA had any evidence of good cause to withhold SORs under a Protective Order, it should have revealed the evidence in its position statement.  Its failure to do so affirms its inability to do so.

As HD Media referenced in its principal position paper and in prior briefs to this Court and the Sixth Circuit, thousands of pages of SORs were disclosed to the public by the West Virginia Pharmacy Board, and a U.S. House of Representatives report extensively examined the failures of drug distributors to comply with SOR regulations and the DEA's failure to use SORs effectively to interdict opioid diversion. There is an overarching public interest in disclosure of

3

historic SORs from 2006-2014; the DEA's and the Defendants' conclusory and speculative claims relating to SOR disclosure do not support a Rule 26(c) good cause finding.

The Sixth Circuit's admonition that ARCOS Data may be withheld only upon a showing of good cause relating to *specific* data should be applied equally to SORs. Suspicious Order Reports should not be restricted by a Protective Order unless "the party seeking nondisclosure . . . demonstrate[s] 'good cause' for a protective order 'specifying terms . . . for the disclosure or discovery'." *In re Nat'l Opiate Litig.*, slip op. at 16 n.8.

As with ARCOS Data, if a SOR contains *specific* information that would substantially impair a *current ongoing investigation*, the DEA may redact that specific information and produce the remainder.

### III. *Food Marketing* is inapplicable here because this is not a FOIA case

The Defendants' reliance on *Food Marketing Institute v. Argus Leader Media,* 139 S.Ct. 2356 (2019), is misplaced. First, *Food Marketing* is a FOIA case; this is not. As this Court observed, *Food Marketing* examined the meaning of "confidential commercial or financial information" in the context of the federal Freedom of Information Act, not the propriety of a Rule 26(c) Protective Order. (R.1813, Page ID# 54219)

Second, contrary to Defendants' assertion that ARCOS Data is confidential, there are no requirements that pharmacies, manufacturers and distributors maintain confidentiality of such information. That information is frequently communicated among them as part of the prescription opioid marketing process. See *Energy and Commerce Committee, Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia*, at 136-40, 174-77 (2018), available at https://www.ruralhealthinfo.org/assets/2616-9819/Opioid-Distribution-Report-FinalREV.pdf.

Further, Media Intervenors need not distinguish between the records sought from the U.S. Department of Agriculture in *Food Marketing* and the records provided to public entity plaintiffs by the DEA in litigation of immense public importance. However, that distinction is vast. Subpoenaed ARCOS Data is now in the possession of public entity plaintiffs. The threshold question was whether the DEA or Defendants demonstrated "good cause" for this Court to issue a Protective Order. The Sixth Circuit clearly found that good cause had not been demonstrated. This does not become a FOIA case simply because the Defendants believe ARCOS Data could be withheld pursuant to FOIA exemption 4.

While Media Intervenors do not believe *Food Marketing* would allow the DEA to deny a FOIA request for ARCOS Data, that is not to be decided here. The Sixth Circuit has already held that a blanket Protective Order was not appropriate, and proponents of secrecy must demonstrate good cause for withholding specific pieces of information.

And finally, *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1178 (6th Cir. 1983) instructed:

> The Freedom of Information Act specifically exempts the federal courts from its disclosure requirements. 5 U.S.C. § 551(1)(B). It is clear that the Act was not intended to restrict the federal courts—either by mandating disclosure or by requiring non-disclosure under the § 552 exemptions. (citation omitted) Thus, we reject the argument that the District Court below should have limited its seal to those documents not available to individuals under the exemptions to the FOIA. Although we reject the suggestion that the FOIA places limitations on the District Court's discretion to seal court documents, the First Amendment and the common law do limit judicial discretion.[1]

---

[1] See *Warth v. Dep't of Justice*, 595 F.2d 521, 523 (9th Cir. 1979)("We are convinced that Congress intended to preclude such encroachment by exempting the courts from the Act's disclosure requirements . . . as a matter of law, a court document is not an 'agency record' for purposes of the FOIA even when held by the DOJ. Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the public.")

This Court has already appropriately determined that the Defendants' reliance on *Food Marketing* is misplaced. (R. 1813, Page ID# 54218-9) It should not give any weight to Defendants' positions based on their erroneous interpretation of *Food Marketing*.

### IV. Timing of Release of Records

The DEA and Defendants have urged this Court to delay release of any ARCOS Data until the Appeals Court issues its mandate. Whatever time exists before then should be used to craft a workable protocol for unrestricted release of ARCOS Data. Previously this Court ordered the DEA to (a) provide Excel spreadsheets to plaintiffs identifying (b) the top manufacturers and distributors selling 95 percent of prescription opiates (c) to each state (d) from January 1, 2006, through December 31, 2014, (e) on a year-by-year and state-by-state basis, with (f) the aggregate amount of pills sold and (g) market shares of each manufacturer and distributor. (R.233, Page ID# 1109) The DEA complied. A website ([www.slcg.com/data-analytics/opioid-analytics](www.slcg.com/data-analytics/opioid-analytics)) contains information for every county, and all manufacturers, distributors, and pharmacies that contributed opioids in that county. (R.767, Page ID# 18132) Absent any evidence of good cause to redact *particular* data relating to a *specific, current, ongoing investigation,* Media Intervenors respectfully request access to this website so it can be viewed without restrictions.

### V. Conclusion

For all these reasons, the Media Intervenors respectfully request that this Court vacate all Protective Orders related to information collected or provided by the DEA and provide the information to Plaintiffs without restrictions.

    Respectfully submitted,

    */s/ Patrick McGinley*
    PATRICK McGINLEY
    SUZANNE WEISE

737 South Hills Drive
Morgantown, WV 26501
304-552-2631 – cell
pmcginley@igc.org
suzweise@yahoo.com

*Attorneys for HD Media Company, LLC,* dba *Charleston Gazette-Mail*

THE LEFTON GROUP, LLC

*/S/ Karen C. Lefton*
KAREN C. LEFTON (0024522)
TIMOTHY D. SMITH (0007636)
3480 W. Market Street, Suite 304
Akron, Ohio  44333
330-864-2003 - office
330-606-8299 - cell
Karen@theleftongroup.com
tdsmith@kent.edu

*Attorneys for The W.P. Company, LLC,* dba *The Washington Post*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2019, a copy of the foregoing was electronically filed and served on all counsel of record for this case through the Court's electronic filing system.

*/s/ Karen C. Lefton*
KAREN C. LEFTON

*An Attorney for The W.P. Company, LLC,* dba *The Washington Post*