**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## PLAINTIFFS' RESPONSE TO POSITION PAPERS REGARDING ARCOS DATA AND SUSPICIOUS ORDER REPORTS

Plaintiffs submit this response to the position papers submitted by the Department of Justice and the DEA (the "Government") (Doc. # 1809); the Defendants (Doc. # 1807); and the Media Intervenors (the "Media") (Doc. # 1808) with respect to ARCOS data and Suspicious Order Reports ("SORs"). Plaintiffs agree that the decision of the Sixth Circuit in *H.D. Media Company LLC v. U.S. Department of Justice,* No. 18-3839, 2019 WL 2529050 (6th Cir. June 20, 2019) cannot yet be implemented until the mandate has issued. Nonetheless, this Court retains jurisdiction over protective orders that are unaffected by the Media's interlocutory appeal. The Special Master and the Court have already entered orders with respect to public filing of information -- other than ARCOS data -- submitted by the parties in connection with summary judgment and *Daubert* motions, *see* Doc. #1719 ("June 24 Order"), Doc. # 1813 ("July 5 Order"). (The July 5 Order, which affirmed the June 24 Order, explicitly directs that "the parties should continue their adherence to the provisions in the ARCOS Protective Order regarding redaction and filing under seal." *See* July 5 Order at p. 3.) Contrary to the suggestion of the Defendants, these orders are manifestly correct and should not be altered or amended to further restrict access to juridical documents. Moreover, as discussed below, once the Sixth Circuit mandate does issue, the Court should not enter a narrower protective order calling for categorical redactions of portions of the ARCOS data, or SORs, but rather should lift confidentiality protections for such data altogether except for narrow and specific redactions supported by specific evidentiary showings, in accordance with procedures set forth in the Media's position paper.

1

## I. WHILE AWAITING THE MANDATE OF THE SIXTH CIRCUIT, THIS COURT RETAINS JURISDICTION OVER OTHER ASPECTS OF THE PROTECTIVE ORDER

The Media appealed from this Court's order denying it access to ARCOS data. That appeal (the "Media Appeal") never divested the Court of jurisdiction over other aspects of these proceedings, including control over the filing of papers in connection with *Daubert* and dispositive motions. The Sixth Circuit's jurisdiction arose under the "collateral order" doctrine: the Media's stake in the litigation pertained *only* to the Media's access to ARCOS data and the district court finally and conclusively decided that issue. *H.D. Media*, 2019 WL 2529050, *6. This court was divested of jurisdiction *only* with respect to the collateral order from which the appeal was taken. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) "[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).

The Media Appeal challenges the provisions of the Protective Order that restrict access to ARCOS data produced by the DEA. By contrast, provisions from other orders that govern the filing, in court, of materials marked "Confidential" *by the parties* during discovery were not, and are not, the subject of the Media Appeal or indeed of any appeal. Accordingly, the Court retains jurisdiction over that issue, just as it has retained jurisdiction over other matters in these proceedings during the pendency of the appeal. Moreover, to the extent that the June 24 order and/or the July 5 Order modified this Court's previous orders with respect to judicial filing of material other than ARCOS data, such modification was plainly within the scope of the Court's power. *See In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 235 n.2 (6th Cir. 2016); *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987); *In re: Upjohn Co. Antibiotics Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir. 1981).[1]

---

[1] This Court need not decide whether filing of ARCOS data on the public docket in connection with the pending motions is an aspect of the case involved in the appeal or is sufficiently separate that the Court retains jurisdiction. The July 5 Order does not provide for such filing and Plaintiffs do not ask the Court to expand the order to permit public filing of ARCOS data at this time.

## II. THIS COURT SHOULD ADHERE TO ITS JULY 5 ORDER WITH RESPECT TO PUBLIC FILING OF MATERIALS IN CONNECTION WITH *DAUBERT* AND DISPOSITIVE MOTIONS

### A. Under Longstanding Sixth Circuit Precedent, There Is a Presumptive Right of Public Access to Judicial Documents

Defendants use their position paper to suggest that the Court should modify the June 24 Order and/or the July 5 Order to restrict public access to broader categories of documents than those set forth in those orders, specifically with respect to so-called "business confidential" information. This suggestion should be rejected; the June 24 and July 5 Orders properly reflect Sixth Circuit law with respect to public access to judicial documents. The Sixth Circuit has recognized that the public has a presumptive right to inspect and copy documents on file with the court, subject to the court's discretionary power to seal those for which privacy interests outweigh the public's right to know. *In re Knoxville News-Sentinel Co., Inc.* 723 F.2d 470, 474 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983). The Sixth Circuit applies "a strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This right has both a common-law and a First Amendment component. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 55 (1980); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596 (1982); *Brown & Williamson*, 710 F.2d at 1177-78.

The same standard applies to the sealing of judicial records as to the closure of the courtroom during a trial. *Brown & Williamson*, 710 F.2d at 1179-8. Once the "strong presumption in favor of openness" has been found to apply to the judicial records, the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc.*, 825 F.3d at 305 (citing *In re Cendant Corp.*), 260 F.3d 183, 194 (3d Cir. 2001). The Sixth Circuit has noted that "[t]he burden is a heavy one" and that "only the most compelling reasons can justify non-disclosure of judicial records." *Knoxville News-Sentinel Co.*, 723 F.2d at 476. The proponent of sealing must show that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 13-14 (1986). "[T]he greater the

public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Group*, 825 F.3d at 305.

The Sixth Circuit has recognized, moreover, that "[t]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Group*, 825 F.3d at 305-06; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ("documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."). The June 24 and July 5 Orders properly reflect Sixth Circuit law; in particular, the June 24 Order correctly recognizes that, as a general rule, public access to judicial documents may not be denied on the basis that court filings contain "business confidential" information. *See Shane Group,* 825 F.3d at 308; *Brown & Williamson*, 710 F.2d at 1179-81. Moreover, those orders are unaffected by the decision in the Media Appeal and the Court need not wait for the mandate in that case to enforce them.

### B.  *Food Marketing Institute* Has No Effect on the Law Governing Public Access to Judicial Documents

Nor does the recent decision of the Supreme Court in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), affect in any way the June 24 or July 5 Orders. In *Food Marketing Institute*, the Supreme Court considered what information must be disclosed under the federal Freedom of Information Act ("FOIA"). In particular, the Court reconsidered the test for "confidential" information that is exempt from mandatory disclosure under FOIA. 139 S. Ct. 2356. The interests at stake with respect to FOIA disclosure, however, are entirely different from those implicated by public access (or the lack thereof) to judicial records. *See Detroit Free Press v. Ashcroft*, 303 F.3d 681, 704 (6th Cir. 2002) (describing interest of the public in open court proceedings); *Brown & Williamson*, 710 F.2d at 1180-1181 (describing public interest in litigation pertaining to health matters, and in particular, in information about how the government responded to allegations, and what evidence the courts relied on in reaching decisions). Indeed, in *Brown & Williamson,* the Sixth

Circuit held that the contours of FOIA do *not* govern the question of public access to judicial documents. 710 F.2d at 1177.  Moreover, *Food Marketing Institute* is particularly inapposite here, because in that case the Court decided, as a matter of statutory interpretation, that the word "confidential" as used in the FOIA statute did not encompass consideration of the harm that would be caused by disclosure.  139 S. Ct. at 2363-64. But balancing the harm of disclosure (if any) against the public right of access is the essence of the balancing test mandated by the Supreme Court and the Sixth Circuit with respect to the sealing of judicial records.  *See Press-Enter.*, 478 U.S. at 13-14 (requiring showing of prejudice); *Shane Group*, 825 F.3d at 307 ("proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury").  The test developed in *Food Marketing Institute* as a matter of statutory construction of FOIA is thus not only inapplicable to, but incompatible with, the test this Court must employ in deciding whether to permit filing of judicial documents under seal.[2] The June 24 and July 5 Orders correctly reflect Supreme Court and Sixth Circuit law on that issue. They should not be modified.

## III.  NO NARROWER PROTECTIVE ORDER IS APPROPRIATE TO IMPLEMENT THE DECISION OF THE SIXTH CIRCUIT IN THE MEDIA APPEAL

Once the Sixth Circuit's mandate does issue, this Court will be faced with the original question raised in the Court's June 24:  how to apply the decision here?  The position papers of the DEA and the Media demonstrate that all blanket confidentiality protections governing ARCOS should be lifted, and that only specific redactions supported by specific evidence should be permitted.  The position paper submitted by the Media ably argues this point and puts forth a practical, workable proposal that Plaintiffs endorse.  Plaintiffs further note, however, that the positon paper of the DEA (perhaps inadvertently) provides support for the Media's position.  As the

---

[2] Defendants also argue that this Court should disregard the clear holding of the Sixth Circuit in *H.D. Media* with respect to the disclosure of ARCOS data, and apply a test they argue is required by *Food Marketing Institute*.  Their argument is misplaced here. The language of the *H.D. Media* decision is clear and once the mandate has issued, it must be applied. To the extent the Defendants believe that *Food Marketing Institute* should alter the Sixth Circuit's ruling in *H.D. Media*, that argument can only be addressed to the Sixth Circuit.

DEA points out, redaction of "ARCOS data corresponding to specific, ongoing investigations . . . would effectively notify certain registrants that they are under investigation." Doc. # 1809 at 5. That is why the ARCOS information should *not* be redacted: it is the redactions, not the underlying information, that reveal government investigations and other use of the ARCOS data. *Unredacted* ARCOS information reveals nothing whatsoever about government investigations. Only by providing access to *all* of the information can the Court ensure that any legitimate interest of the Government in maintaining confidentiality of its use of the ARCOS data is protected: production of the entire phone book precludes any inferences about which names in the book are, or have been, of interest. Nor does Defendants' position paper provide any basis for a different approach. Separate and apart from Defendants' improper reliance on *Food Marketing Institute,* Defendants' argument about their competitive interests in ARCOS (and SORs) data ignores entirely the statutory scheme under which Defendants operated. Under the Controlled Substances Act, Defendants were given the privilege of dealing in controlled substances and, in exchange, were required to play an active role in protecting the supply-chain for these dangerous products. Their reports to the DEA were part of the price of the privileges they were given. Now that the Defendants' failure to meet their obligations is at the heart of this litigation, the public is entitled to see the reports the Defendants made in satisfaction of their public responsibilities.

Finally, Plaintiffs see no meaningful distinction between ARCOS data and SORs, and urge the Court to treat the two types of data in the same way. Plaintiffs adopt the position paper of the Media on this point. Plaintiffs further note that pursuant to the procedures proposed by the Media, any *particular* piece of information in any of the SORs for which there is *particular* evidence of a need for protection could still be redacted.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's opening Position Paper, Plaintiffs ask that the Court uphold and enforce the June 24 and July 5 Orders with respect to redaction and sealing in connection with *Daubert* and dispositive motions, and, at the appropriate time, issue a new order with respect to ARCOS and SORs data, as suggested by the Media.

        Respectfully submitted,

        *s/Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        **SPANGENBERG SHIBLEY & LIBER**
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        216) 696-3232
        (216) 696-3924 (FAX)
        *pweinberger@spanglaw.com*

        *Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        s/*Peter H. Weinberger*
        Peter H. Weinberger
        *Plaintiffs' Co-Liaison Counsel*