UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*
Case No. 18-op-45090

*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*
Case No. 17-op-45004

CASE NO.1:17-MD-2804

Hon. Dan Aaron Polster

**DEFENDANTS' RESPONSE TO "POSITION PAPERS" REGARDING ARCOS AND SUSPICIOUS ORDER REPORTS PROTECTIVE ORDER**

After receiving Defendants',[1] Plaintiffs', the Media Intervenors', and DEA's "position papers" on whether the Court should lift its ARCOS protective order, on July 5, 2019, the Court ruled that, "until the reconsideration period expires and the Sixth Circuit issues a mandate, the ARCOS Protective Order should remain in place." Dkt. 1813 at 3. The existing Protective Order prevents public disclosure of "any data produced directly from DEA's ARCOS database; any reports generated from DEA's ARCOS database; any information collected and maintained by DEA in its ARCOS database; and any derivative documents that the parties or their employees, agents or experts create using ARCOS data … and Suspicious Order Reports

---

[1] On June 10, 2019, Insys Therapeutics, Inc. and its affiliates each filed a voluntary case under chapter 11 of United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which cases are being jointly administered under Case No. 19-11292 (KG). In light of this bankruptcy proceeding, Insys did not join Defendants' July 3 position paper and does not join this response.

produced by DOJ and/or DEA." Dkt. 1545 at 2, 5. Plaintiffs' and the Media Intervenors' arguments in their July 2 and 3 position papers on why the Court should lift the Protective Order governing ARCOS data and Suspicious Order Reports ("SORs") at this time therefore have been overruled.[2]

In their position paper, Defendants also addressed whether there is good cause under Rule 26 to exempt additional confidential business information from public disclosure. Neither Plaintiffs' nor the Media Intervenors' position papers addressed that issue, but the Court ruled on that issue, as well, in its July 5 Order. Defendants intend to seek reconsideration of that portion of the Court's Order on grounds that they will explain in a forthcoming separate motion for reconsideration.

Dated: July 12, 2019                    Respectfully submitted,

                                                                                                                               /s/ Mark S. Cheffo
Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com

*Counsel for Defendants Purdue Pharma L.P.,*

---

[2] As Defendants set forth in their position paper, under *Food Marketing Institute v. Argus Leader Media*, -- S.Ct.---, 2019 WL 2570624 (June 24, 2019), SORs are confidential business data that are shared with DEA under an assurance of confidentiality. Dkt. 1807. As such, they plainly are exempt from disclosure under FOIA Exemption 4, and as Defendants' maintain, are therefore also "confidential … commercial information" pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), for which there is good cause for entry of a protective order prohibiting public disclosure of the information. Dkt. 1807 at 8–10. The Media Intervenors argue that "[t]he public's interest in SORs is every bit as valid as its interest in ARCOS Data," Dkt. 1808 at 3, but as Defendants established in their position paper, none of the interests in access to ARCOS data identified by the Sixth Circuit are served by disclosure of SORs. *See* Dkt. 1807 at 10.

*Purdue Pharma Inc., and The Purdue Frederick Company*

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/ Carole S. Rendon*
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*Co-Liaison Counsel for the Manufacturer Defendants*

/s/ Enu Mainigi
WILLIAMS & CONNOLLY LLP
Enu Mainigi
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

*Co-Liaison Counsel for the Distributor Defendants*

/s/ Shannon E. McClure
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Defendant*
*AmerisourceBergen Drug Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

/s/ Geoffrey Hobart
Geoffrey Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5281
ghobart@cov.com

*Counsel for Defendant*
*McKesson Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

/s/ Kaspar Stoffelmayr
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: (312) 494-4434
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*

*Liaison Counsel for the Chain Pharmacy Defendants*

## CERTIFICATE OF SERVICE

  I, Ashley W. Hardin, hereby certify that the foregoing document as served via the Court's ECF system to all counsel of record.

              */s/ Ashley W. Hardin*_____
              Ashley W. Hardin