IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>"Track One Cases" | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**MEMORANDUM OF LAW IN SUPPORT OF MALLINCKRODT PLC'S MOTION BY SPECIAL APPEARANCE TO STRIKE THE EXPERT REPORT OF ALEC FAHEY**

Plaintiffs may not subject a foreign citizen beyond the Court's jurisdiction to civil litigation – let alone a protracted and expensive litigation like this. That is why courts require plaintiffs to plead and then adduce facts sufficient to demonstrate that the Court has jurisdiction over each and every defendant. Mallinckrodt plc moved this Court in January 2019 to dismiss Plaintiffs' claims, because Plaintiffs' jurisdictional allegations were not only deficient, but wrong. Perhaps recognizing the infirmity of their allegations, Plaintiffs sought to delay the Court's decision on Mallinckrodt plc's motion, to allow them time to take additional discovery. They propounded a broad range of discovery requests – after the close of Track One discovery – seeking information on Mallinckrodt plc's corporate form, business operations, and finances. After meeting and conferring, the parties agreed that Mallinckrodt plc would respond to only ten specific categories of requests. The Special Master then ordered Mallinckrodt plc to produce the agreed-upon "limited jurisdictional discovery" and set a schedule for production. *See* Dkt. No. 1512. Mallinckrodt plc complied with its obligations.

After seeking multiple extensions, Plaintiffs filed their Opposition brief on June 21, 2019. To Mallinckrodt plc's surprise, Plaintiffs' brief attached the report of a previously undisclosed expert, Alec Fahey, a certified public accountant ("CPA") Plaintiffs had retained in January to

determine whether Mallinckrodt plc "controls and dominates" its subsidiaries and whether the subsidiaries are "agents" of Mallinckrodt plc (the "Fahey Report").

In addition to flouting the parties' agreement and the Special Master's order, this report comes nearly three months too late. The Court's Case Management Order ("CMO") 8 set March 25, 2019 as the deadline for Plaintiffs to designate their experts. Although Plaintiffs retained Mr. Fahey *in January*, they neglected to disclose him or seek an extension for his report. And even if Plaintiffs obeyed the Court's orders and the Federal Rules of Civil Procedure, the Fahey Report is inadmissible. The Fahey Report simply narrates the evidence and offers legal conclusions, which are prohibited under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588, 597 (1993).

In short, the Fahey Report should be struck. Excluding the report altogether is particularly appropriate here, where Mallinckrodt plc cannot test Mr. Fahey's opinions in a deposition or submit a rebuttal report. *See* Declaration of Brien T. O'Connor ("O'Connor Decl."), Exs. A, B (barring further discovery by Mallinckrodt plc). Indeed, Mallinckrodt plc has no means of challenging the egregious inaccuracies in the Fahey Report, upon which Plaintiffs' alter ego theory of personal jurisdiction depends. Fairness and due process require more.

I. **BACKGROUND**

    A. **Procedural History**

On January 17, 2019, Mallinckrodt plc moved to dismiss for lack of personal jurisdiction. *See* Dkt. No. 1279. On January 25, without leave of Court, Plaintiffs served Mallinckrodt plc with forty-two Requests for Production and twenty-six Interrogatories. O'Connor Decl., Exs. C, D. Plaintiffs' Opposition to Mallinckrodt plc's motion was originally due on February 19. But Plaintiffs asked the Court for an extension to respond "after personal jurisdiction discovery is complete." Dkt. No. 1365. The Court granted the request. Dkt. No. 1372.

On March 25, 2019, as required by CMO 8, Plaintiffs disclosed and submitted reports for twenty experts in the Track One cases. CMO 8, Dkt. No. 1306. Plaintiffs failed to disclose Mr. Fahey as an expert, even though he had been retained in early January. Fahey Rep. at 2.

On March 27, after receiving indications that jurisdictional discovery would be permitted, Mallinckrodt plc met and conferred with Plaintiffs regarding Plaintiffs' requests. Plaintiffs mentioned nothing regarding experts. In a March 29 letter to Special Master Cohen, the parties formalized their agreement that Mallinckrodt plc would respond to ten categories of document requests. *See* O'Connor Decl., Ex. E. On April 3, Special Master Cohen formally announced that Plaintiffs were entitled to "limited jurisdictional discovery" from Mallinckrodt plc ("April 3 Order") and ordered the parties to conduct the "agreed-upon jurisdictional discovery[,]" which was set forth in the March 29 letter. Dkt. No. 1512. He then set a deadline for Mallinckrodt plc's production and extended Plaintiffs' due date for their Opposition to June 5, 2019. *Id.* Neither the agreement nor the order permitted the belated submission of expert reports.

In accordance with the April 3 Order, Mallinckrodt plc produced responsive documents on April 5, May 1, and May 10. On June 21, after multiple extensions, Plaintiffs filed their Opposition to Mallinckrodt plc's motion to dismiss. Dkt. No. 1717 (refiled as Dkt No. 1812). Plaintiffs attached to their filing the report of Mr. Fahey, a CPA Plaintiffs retained in January to determine "whether Mallinckrodt plc ('Parent') controls and dominates its subsidiaries, and whether the control factors analyzed establish from a financial and accounting standpoint that the subsidiaries are agents of the Parent." Dkt. No. 1717-3 at 2 (refiled as Dkt. No. 1812-19).

On July 2, Mallinckrodt plc submitted a Court-ordered letter regarding its pending motion to dismiss. O'Connor Decl., Ex. F. Mallinckrodt plc noted that it planned to file a motion to strike,

or in the alternative, depose Mr. Fahey and submit a rebuttal expert report. *Id.* The next day, the Court issued a non-docketed Order (the "July 3 Order"), stating:

> The Court has thus far been exceedingly generous with requests for discovery . . . but **at this time the parties have received all the discovery and extension of time they are going to get**.

O'Connor Decl., Ex. A (emphasis added).

On July 5, Mallinckrodt plc filed a motion to clarify, asking the Court whether the July 3 Order precluded it from filing a motion for relief in connection with the Fahey Report. Dkt. No. 1814. In a non-docketed Order (the "July 8 Order"), the Court indicated that its July 3 Order did not prevent Mallinckrodt plc from moving to strike but stated that "**no additional discovery** or extensions of time will be granted," effectively denying Mallinckrodt plc's yet-to-be-filed motion to depose Mr. Fahey and to file an appropriate rebuttal report. O'Connor Decl., Ex. B (emphasis added).

### B. The Fahey Report

Though titled a "declaration," the nineteen-page Fahey Report is a thinly-veiled expert report that selectively quotes from Mallinckrodt plc's SEC filings, corporate documents, financial statements, and other documents. Dkt. No. 1812-19. Like Plaintiffs' other expert reports, the Fahey Report purports to include a statement of qualifications, scope of engagement, compensation rate, list of documents reviewed, summary of conclusions, and selective excerpts of documents reviewed. *Id.* For example, the Fahey Report states that Mr. Fahey's fee is "not contingent on the outcome of this matter" and that his hourly rate is "$225 for review and analysis, research, report preparation and testimony." *Id.* at 4.

The Fahey Report also includes a summary of "conclusions" which Mr. Fahey "reserve[s] the right" to supplement. *Id.* He presents three main conclusions:

4

1. Parent, through its Board of Directors ("BoD") and common officers, controls its subsidiaries – not just through majority control but through domination – over finances, revenues, transfer, sale and assignment of assets, assumption of debt, strategy, vision, policy, business practices, marketing, reporting, budgets, management compensation in stock option awards - so that its subsidiaries, including Mallinckrodt LLC and SpecGX LLC, lack independence and have no control over their fate or existence.

2. Parent has extensive investment in its U.S. subsidiaries and enjoys substantial financial and tax benefits from its operations in the U.S. as it was "the largest U.S. supplier of opioid pain medications" with numerous U.S. Government contracts awarded and managed its U.S. operation as a component and "an integral part of our overall risk management program".

3. The control, domination and financial benefit factors which are identified in this Declaration, are relevant to the determination of the legal theory that Mallinckrodt, LLC and SpecGX, LLC are agents and/or alter egos of the Parent.

*Id.* In support, the Fahey Report cites cherry-picked excerpts of produced and public documents, including Mallinckrodt plc's 10-K filings, patent applications, ARCOS data, U.S. government contracts, credit agreements, and more. *See generally id.* The Fahey Report also includes demonstrative charts to purportedly show that Mallinckrodt plc commingles its funds with its subsidiaries, but provides no basis for the conclusions he draws. *See generally id.*

## II. THE COURT SHOULD STRIKE THE FAHEY REPORT AS UNTIMELY, UNAUTHORIZED, AND INADMISSIBLE

### A. The Fahey Report Is Untimely Under CMO 8

As an initial matter, the Fahey Report should be struck because it violates CMO 8, which required Plaintiffs to disclose their experts by March 25, 2019. Dkt. No. 1306. Even though Plaintiffs had retained Mr. Fahey on January 2, they failed to disclose him as an expert witness until June 21, almost three months after the deadline for expert disclosures. *Id.* Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose its testifying witnesses "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A); Fed. R. Civ. P. 26(a)(2)(D). Here, the Court-ordered disclosure deadline was March 25, 2019. *See* Dkt. No. 1306.

Courts in the Sixth Circuit regularly "exclud[e] an expert witness's testimony for failure to comply with the court's expert disclosure deadline." *Adams v. Farbota*, 306 F.R.D. 563, 572 (M.D. Tenn. 2015); *see e.g.*, *Gentry v. Hershey Co.*, 687 F. Supp. 2d 711, 725 (M.D. Tenn. 2010) (finding expert report "should not be considered" because party "wait[ed] until the end of discovery and attempt[ed] to supplement an expert report in opposition to a motion for summary judgment"); *see also Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) ("District courts have broad discretion to exclude untimely disclosed expert-witness testimony."); *Shannon v. State Farm Ins.*, No. 14-cv-14153, 2016 U.S. Dist. LEXIS 69661, at *7 (E.D. Mich. May 27, 2016) (listing Sixth Circuit decisions upholding district court orders striking experts as a result of discovery violations).

Indeed, "Federal Rule of Civil Procedure 37(c)(1) requires ***absolute compliance*** with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016) (internal citations omitted). Thus, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial," unless the party proves that the failure was substantially justified or is harmless.[1] Fed. R. Civ. P. 37(c)(1).

Plaintiffs' failure to disclose Mr. Fahey was neither substantially justified nor harmless. Plaintiffs concede that they engaged Mr. Fahey on January 2, 2019, almost three months prior to the CMO 8 expert disclosure deadline. In *Bradford v. Bracken County*, the district court struck an expert report filed nearly three months after the court's deadline and eight days after defendants

---

[1] *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x. 627, 636 (6th Cir. 2007) ("Plaintiffs, as the sanctioned party, bear the burden of proving that their noncompliance with the rules and scheduling order was harmless.").

6

filed their summary judgment motions. No. 09-115, 2012 WL 2178994, at *6 (E.D. Ky. June 13, 2012). As here, plaintiffs' untimely disclosure was "a calculated decision" based on plaintiffs' review of the motions and "[could] not be considered harmless." *Id.* at *7. The court reasoned that defendants would be "strongly prejudiced" if it allowed the report because defendants had no notice of the report's contents or "opportunity to depose" the expert. *Id.* at *8; *see also Hodges v. Salvanalle, Inc.*, No. 1:12-cv-2851, 2014 WL 584756, at *3 (N.D. Ohio Feb. 12, 2014) (striking expert report filed in opposition to plaintiffs' summary judgment motion where "[d]efendants ha[d] not sought leave for, or even acknowledged, their untimely disclosure").[2] So too here.

### B. The Fahey Report Flouts the April 3 Order, Which Does Not Contemplate Expert Reports

The April 3 Order defines the scope of Plaintiffs' limited respite from answering Mallinckrodt plc's motion to dismiss. Dkt. No. 1512, at 5, 6. The order provided that Plaintiffs would receive ten categories of documents before Plaintiffs were required to file their Opposition, a result the Special Master declared "reasonable." Dkt. No. 1512 at 6. Plaintiffs never sought nor received leave to offer expert testimony (written or otherwise) in response to Mallinckrodt plc's motion to dismiss, a motion which was based on Plaintiffs' *pleading deficiencies*. *See* Dkt. No. 1266. That failure warrants exclusion, and courts in this district have granted motions to strike expert reports on analogous facts. *See e.g.*, *Chi. Ins. v. Capwill*, No. 3:01 CV 2588, 2009 U.S. Dist. LEXIS 87229, at *21 (N.D. Ohio Sept. 21, 2009) (striking expert report where party did not request leave to disclose expert).

---

[2] The Fahey Report violates Federal Rule of Civil Procedure 26(a)(2)(B) in additional ways. First, the Fahey Report does not contain a complete list of Mr. Fahey's qualifications or the publications Mr. Fahey has authored in the past ten years. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv). Second, it lacks a list of cases that Mr. Fahey has testified in during the past four years. *See* Fed. R. Civ. P. 26(a)(2)(B)(v). Third, it fails to provide a full account of the facts and data that Mr. Fahey considered in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). For example, while the Fahey Report sets out a list of "Documents Reviewed," this is not a complete list of the reliance materials he considered. *See* Fahey Rep. at 3 (listing, for example, "[o]rganization charts," "various public records searches," and "[v]arious pleadings and motions" as documents reviewed, but not specifically disclosed).

Critically, because expert reports were not contemplated by the April 3 Order, and Plaintiffs failed to timely disclose their expert, Mallinckrodt plc had no opportunity to depose Mr. Fahey or to submit a rebuttal report. *See Shough v. Mgmt. & Training Corp.*, No. 3:16 CV 53, 2018 WL 295576, at *4 (N.D. Ohio Jan. 3, 2018) (finding failure to disclose not harmless and granting motion to strike where party had no prior knowledge of expert's testimony and did not have a chance to cross-examine him). The prejudice resulting from such one-sided "discovery" is itself sufficient to justify striking the Fahey Report.

      C.      **The Fahey Report Violates Federal Rule of Evidence 702 and *Daubert***

Setting aside the issues of untimeliness and unfair surprise, Federal Rule of Evidence 702 and *Daubert* likewise compel exclusion. Under Rule 702, an expert must apply "scientific, technical, or other specialized knowledge" to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In this vein, the Supreme Court has directed district courts to perform a "gatekeeping" function "to determine whether the principles and methodology underlying the testimony itself are valid." *Daubert*, 509 U.S. at 588, 597. Here, the Fahey Report is not valid and usurps the role of both the jury and the judge.

*First*, the Fahey Report invades the fact-finding province of the jury because it narrates the evidence using soundbites from cherry-picked documents. *See e.g.*, Fahey Rep. at 12. Courts routinely limit or exclude expert opinions that narrate the evidence and tell the jury what it means. *Rheinfrank v. Abbott Labs., Inc.*, No. 1:13-cv-144, 2015 U.S. Dist. LEXIS 191660, at *26-27 (S.D. Ohio Oct. 2, 2015) (holding that an expert "cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (stating that the jury "is equally capable of constructing" the facts from evidence introduced through "percipient witnesses and documentary evidence").

The Fahey Report consists of nineteen pages of unsourced statements and quotes with only occassional citations to Mallinckrodt plc's SEC filings, Memorandum and Articles of Association, Irish financial statements, and other documents, unassorted excerpts of which are attached to the report.  The Fahey Report categorizes the statements under "Factors Supporting Parent Control & Domination and Nature of Its Relationship with Subsidiaries."  Fahey Rep. at 5, 12.  But this factual summary is nothing more than Mr. Fahey's "interpretation of the evidence."  *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1015 (S.D. Ohio 2015).  Mr. Fahey may not provide "a closing argument" for Plaintiffs "while cloaked in the guise of 'expert testimony.'"  *Id*. at 1012.  His report should therefore be excluded.

*Second*, Mr. Fahey invades the province of the Court by offering legal conclusions.  While "[a]n opinion is not objectionable just because it embraces an ultimate issue," *see* Fed. R. Evid. 704(a), it is inadmissible where it amounts to a "legal opinion."  *Halvorsen v. Plato Learning, Inc.*, 167 F. App'x 524, 531 (6th Cir. 2006).  When terms used by the witness have a "separate, distinct and specialized meaning in the law different from that present in the vernacular . . . exclusion is appropriate."  *Torres v. County of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985).

Here, Mr. Fahey sets forth his opinion of what he believes to be the law in three "conclusions."  *See* Fahey Rep. at 4.  For example, Mr. Fahey concludes that "[t]he ***control, domination and financial benefit factors*** which are identified in this Declaration, are ***relevant to the determination of the legal theory that Mallinckrodt, LLC and SpecGX, LLC are agents and/or alter egos of the Parent***."  *Id.* (emphasis added).  Mr. Fahey's opinions are inadmissible because the terms "domination," "control," and "alter ego" have a "separate, distinct and specialized meaning in the law."  *Torres*, 758 F.2d at 151 (excluding witness testimony about illegal sex discrimination because "the term 'discrimination' has a specialized meaning in the law

9

and in lay use the term has a distinctly less precise meaning"); *see also Fed. R. Evid. 704* advisory committee's note.  Interpretation of those terms is for the Court; Mr. Fahey's determinations should be excluded.  See *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-CV-568, 2012 WL 5878873, at *7 (S.D. Ohio Nov. 21, 2012) (citing *United States v. Nixon*, 694 F.3d 623, 631 (6th Cir. 2012)).

### III. IF THE COURT DOES NOT STRIKE THE FAHEY REPORT, MALLINCKRODT PLC WILL SUFFER PREJUDICE BECAUSE IT CANNOT TAKE APPROPRIATE RECIPROCAL DISCOVERY

The Fahey Report raises serious questions about Mr. Fahey's qualifications and methodology.  For example, Mr. Fahey has failed to submit a *curriculum vitae*, list his current employment, or otherwise demonstrate that he has experience with Irish accounting standards and practices.  Mallinckrodt plc should be allowed to depose Mr. Fahey to determine whether he is qualified to opine on the corporate form and financial practices of an Irish parent holding company, especially where there is evidence that calls into question his qualifications.[3]  *See, e.g.*, *Istvan v. Honda Motor Co., Ltd.*, 455 F. App'x 568, 572 (6th Cir. 2011) (excluding an expert in engineering who relied only on his "general knowledge" of motorcycle design and experience operating motorcycles, but lacked specific knowledge about the motorcycle model at issue).

With respect to methodology, Mr. Fahey's factual narrative is littered with inaccuracies and omissions.  To name a few, Mr. Fahey alters a quote from the Memorandum and Articles of Association to suggest that Mallinckrodt plc dominates and controls its subsidiaries, but omits the reference to Mallinckrodt plc as a **holding company** and **shareholder** of its subsidiaries.  Fahey

---

[3] Mr. Fahey's expert testimony appears to have been partially excluded in at least one case, s*ee Inv'rs Asset Acquisition, LLC v. Scardina*, No. 2014CA004618, Order Granting in Part and Denying in Part Plaintiffs' Motion in Limine to Exclude Alex [*sic*] Fahey's Expert Testimony, (Fla. Cir. Ct. Jan. 27, 2017), and initial research indicates that Mr. Fahey received a "Letter of Warning" from the North Carolina State Board of CPA Examiners in 2008. *See* North Carolina State Board of CPA Examiners, Public Session Minutes dated Sept. 22, 2008, pp. 5, 7, available at https://nccpaboard.gov/wp-content/uploads/2011/07/09-2008-Minutes.pdf.

10

Rep. at 12, Ex. 2.  In another example, Mr. Fahey quotes Mallinckrodt plc's 2017 Form 10-k as stating that the "Parent, through is BoD, 'has sole discretion' of its subsidiaries' cash flows." *Id.* at 16.  But the statement in the 10-k relates only to the payment of dividends: "***The recommendation, declaration and payment of dividends in the future by us will be subject to the sole discretion*** of our Board of Directors . . . ." *Id.*, Ex. 21 at 2 (emphasis added).  These inaccuracies are not minor – they go to the heart of Plaintiffs' claim that under an agency or alter ego theory, Mallinckrodt plc is subject to the Court's jurisdiction.  Pl. Opp. at 2, 12, 14.[4]

In the ordinary case, the Federal Rules allow a party to challenge thinly supported expert opinions like Mr. Fahey's.  Federal Rule of Civil Procedure 26 expressly permits the deposition of testifying experts, and "contemplates rebuttal witnesses."  Fed. R. Civ. P. 26(b)(4)(A); *Grayiel v. AIO Holdings, LLC*, No. 3:15-CV-00821, 2019 U.S. Dist. LEXIS 97113, at *17 (W.D. Ky. Mar. 15, 2019) ("Defendants are entitled to present an expert who can counter the valuation methods of the Plaintiff's expert.").  Here, however, the Court has barred Mallinckrodt plc from seeking further discovery.  *See* O'Connor Decl., Ex. A ("[A]t this time the parties have received all the discovery and extension of time they are going to get."); O'Connor Decl., Ex. B ("[N]o additional discovery or extensions of time will be granted on their Motions to Dismiss").  To the extent Mallinckrodt plc has misinterpreted the Court's orders, it requests the opportunity to move to depose Mr. Fahey and submit a rebuttal report.

As it stands, however, the gross inaccuracies in the Fahey Report will not be tested through deposition or by a counter-balancing defendant expert report.  Because Plaintiffs' Opposition turns

---

[4] Aside from his inaccuracies and omissions, Mr. Fahey often provides no discernible basis for his opinions.  For example, the Fahey Report includes several demonstrative charts that Plaintiffs claim support the allegation that Mallinckrodt plc and its subsidiaries commingled funds, but Mr. Fahey provides no indication of where the charts or the underlying data come from.  *See* Dkt. No. 1812-19 at 9-11.  Mindful of the Court's July 3 and July 8 Orders prohibiting further discovery, however, Mallinckrodt plc will not list the full litany of inaccuracies and omissions in the Fahey Report that would warrant cross-examination.

11

on these inaccuracies, permitting the Fahey Report to stand would contravene not only *Daubert*'s gatekeeping directive, but also the demands of due process.  *Georgel v. Preece*, No. 0:13-57, 2014 U.S. Dist. LEXIS 194562, at *4 (E.D. Ky. Dec. 10, 2014) (finding it "inequitable" if one party "was allowed to surprise [the other] with an expert witness not subject to attack by rebuttal expert testimony"); *Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117, 2013 U.S. Dist. LEXIS 127340, at *8 (D. Nev. Sept. 5, 2013) (allowing a party to depose an opposing party's expert witness and submit a rebuttal report "comport[s] with due process").

## CONCLUSION

For the foregoing reasons, Mallinckrodt plc respectfully requests that the Court strike the Fahey Report.

Dated: July 12, 2019

Respectfully submitted,

/s/ *Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for specially appearing Defendant Mallinckrodt plc*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 12th day of July 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/ *Brien T. O'Connor*
Brien T. O'Connor
