# EXHIBIT F



ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

July 2, 2019

Brien T. O'Connor
T +1 617 951 7385
brien.o'connor@ropesgray.com

**BY E-MAIL**

The Honorable Dan Aaron Polster
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113-1837

Re:  *In re National Prescription Opiate Litigation*, Case No. 17-md-2804
     Mallinckrodt plc's Motion to Dismiss for Lack of Personal Jurisdiction

Dear Judge Polster:

  I write on behalf of Mallinckrodt plc in response to Special Master Cohen's June 25, 2019 request.  Mallinckrodt plc is an Irish company with no employees, offices, or registered agents in Ohio.  It is not a DEA registrant and does not manufacture, market, or sell opioids in Ohio or anywhere else.  *See* ECF No. 1266.  Accordingly, on January 15, 2019, Mallinckrodt plc moved to dismiss the claims against it for lack of personal jurisdiction.

  On February 15, 2019, the Court issued an order directing the parties to meet and confer with Special Master Cohen regarding jurisdictional discovery.  *See* Dkt. No. 1372.  On April 3, 2019, Special Master Cohen allowed Plaintiffs to pursue "limited jurisdictional discovery" from Mallinckrodt plc within the scope "agreed-upon" by the parties.  *See* ECF No. 1512.  Plaintiffs have since received extensive discovery from Mallinckrodt plc, none of which supports Plaintiffs' assertions regarding personal jurisdiction.

  Plainly, forcing a party not subject to the Court's jurisdiction to endure prolonged and expensive litigation, potentially including trial, is inconsistent with bedrock constitutional principles.  That is why Mallinckrodt plc moved to dismiss and the Court should grant its motion.

  However, we appreciate the Court's request that we focus on the practical impact of resolving personal jurisdiction issues now, in light of the Court's workload and the compressed trial schedule.  Unfortunately, we expect that taking up the issue of personal jurisdiction is likely to lead, at a minimum, to additional briefing and a deposition of Plaintiffs' previously undisclosed expert,

ROPES & GRAY LLP

Hon. Dan Aaron Polster                          - 2 -                          July 2, 2019

who was revealed only last week.[1]  That burden could not come at a worse time for the Court or counsel.

  Mallinckrodt plc accordingly suggests that the claims against it be held in abeyance until after the scheduled October 21 trial.  *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) (discussing the court's inherent power to stay proceedings).  Setting aside the claims against Mallinckrodt plc until after the trial ameliorates the fundamental unfairness of trying a party not subject to jurisdiction, while also narrowing the issues for trial—which is already in need of streamlining.

  The proposed approach would also allow Mallinckrodt plc to continue to engage in settlement discussions with Plaintiffs.  As the Court is aware, despite the company's firm belief that it is not subject to jurisdiction, Mallinckrodt plc has been engaging in good faith discussions with Plaintiffs and is willing to continue to do so while the claims against it are held in abeyance.

Respectfully submitted,


*/s/ Brien T. O'Connor*
Brien T. O'Connor

*Appearing specially for Mallinckrodt plc*

cc: *via email*
   All Counsel
   Special Master David R. Cohen
   Special Master Francis McGovern
   Special Master Cathy Yanni

---

[1] Plaintiffs' opposition brief included a declaration from a previously undisclosed expert.  His report not only exceeds the "limited jurisdictional discovery" contemplated by Special Master Cohen, but also impermissibly narrates the evidence and draws legal conclusions.  Mallinckrodt plc plans to file a motion to strike the expert report or, in the alternative, depose the newly disclosed expert, whose opinions lack a proper basis, and file an expert report of its own.