**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **Case No. 1:17-MD-2804** |
| ***APPLIES TO ALL CASES*** | **Hon. Dan A. Polster** |

**PLAINTIFFS' POSITION PAPER PURSUANT TO THE COURT'S JUNE 24, 2019 ORDER REGARDING ARCOS DATA AND DOCUMENTS PREVIOUSLY FILED UNDER SEAL**

## I. INTRODUCTION

Plaintiffs' Executive Committee ("PEC" or "Plaintiffs") submit this position paper in compliance with the June 24, 2019 "Order Regarding ARCOS Data and Documents Previously Filed Under Seal" (ECF No. 1725) ("Order"). With respect to each Plaintiff-filed redacted or sealed document on the docket, the PEC hereby: "(a) lists every such document;[1] (b) states whether the redactions and/or sealing should remain in place; and (c) states the "compelling reasons" why they should remain in place, if so contending." *See* Order at p. 1. As set forth below, the redactions and sealing should not remain, and these documents should be fully disclosed to the public.[2]

## II. LEGAL STANDARDS

"Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"[3] As stated by the Sixth Circuit, this public right of access exists for several important reasons, including as an "outlet[]

---

[1] For convenience, Plaintiffs also attach as Exhibit "A" a list of Plaintiffs' partially or wholly under seal filings (in date and ECF No. order).

[2] There do exist some minor exceptions (beyond Plaintiffs' control) to specified documents outlined herein.

[3] *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

for community concern, hostility, and emotions", as "a check on courts", and to "promote true and accurate fact finding."[4] Accordingly, the Sixth Circuit has "long recognized a strong presumption in favor of openness" of court records.[5]

The burden to overcome this strong presumption of openness is on "the party seeking to seal [or redact] a record document" to "analyze in detail why the information in that document should stay secret."[6] "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'"[7] "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."[8] <u>All three factors must be proven</u> for a document to be filed with redactions or under seal, and the proof needs to be detailed and specific as well as factually and legally supported.[9]

**<u>Requirement #1</u> – Proving a Compelling Interest in Sealing Records**.

There are relatively few scenarios which provide a "compelling interest" to seal records. "'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the

---

[4] *Brown & Williamson*, 710 F.2d at 1178.

[5] *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179. Note, Defendants have previously argued that a recent Supreme Court case – *Food Marketing Inst. v. Argus Leader Media*, 2019 WL 2570624 (U.S. June 24, 2019) – somehow alters what can/should be filed into the Court's record under seal. *See* Docket no. 1807 at 11. However, "*Food Marketing* does not call into question the long-applicable standard for redaction of other allegedly confidential information that is made a part of this Court's record." *See* 7/5/2019 Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal (Doc. #: 1813) at p. 4.

[6] *Shane Group*, 825 F.3d at 305.

[7] *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)) (emphasis added).

[8] *Kondash v. Kia Motors America, Inc.*, 767 Fed. Appx. 635, 637 (6th Cir. 2019).

[9] *Id.*

presumption of access."[10] In the absence of a recognized privilege or privacy redaction requirement,[11] a "compelling interest" comes down to whether the proponent of sealing has proven that "legitimate trade secrets" will be revealed without sealing[12]

"Information that is considered 'business confidential' but that is not a bona fide trade secret does not qualify for redaction. 'The fact that a document will reveal competitively-sensitive financial and negotiating information is not an adequate justification for sealing - rather, the proponent[] of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'"[13] "[C]ommercial self-interest," does not provide grounds justifying the sealing of documents.[14] Similarly, a party's interest "in avoiding adverse publicity" will rarely outweigh the public's interest in disclosure".[15]

**Requirement #2 – Proving the "Compelling Interest" Outweighs the Public's Interest.**

Proving a "compelling interest", by explicitly showing a clearly defined and serious injury due to disclosure, only gets the redacting/sealing proponent over the first hurdle. "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access … [and] [t]o do so, the party must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."[16] "[E]ven if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the

---

[10] *Shane Group*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

[11] *See e.g.*, Fed. R. Civ. P. 5.2, Local Rule 8.1, and Local Rule App'x B at §24 (Electronic Filing Policies and Procedures Manual (Dec. 1, 2018)) (collectively requiring redaction of Social Security numbers, names of minor children, dates of birth, as well as tax identification and financial account numbers).

[12] *Brown & Williamson*, 710 F.2d at 1180 ("[A] court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records.").

[13] *See* 6/24/2019 Directions for Filing of Briefs Under Seal (Doc. #: 1719) at p. 3, fn. 4 (quoting *Kondash*, 767 Fed. Appx. at 639).

[14] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996).

[15] *In re Knoxville*, 723 F.2d at 477.

[16] *Kondash*, 767 Fed. Appx. at 637 (internal quotation marks and citations omitted).

moving party's interests in protecting their trade secret."[17] Importantly, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."[18] Moreover, "the interests of public health and safety will often outweigh any confidentiality interests that might be implicated."[19]

The public interest in this litigation as well as the interests of public health and safety cannot be higher. Over 230,000 people fatally overdosed using prescription opioids between 1999 and 2017, and this fact does not account for survivors, current addicts, and the millions of family members devastated. Consequently, the opioid epidemic has been declared a national emergency by the President, and as this Court noted, "the circumstances in this case … affect the health and safety of the entire country."[20] In fact, this Court and the Sixth Circuit have already found that "the vast oversupply of opioid drugs in the United States has caused a plague on its citizens and their local and State governments",[21] and that the public's already "strong presumption in favor of openness ... applies here with extra strength given the paramount importance of the litigation's subject matter".[22] As such, any outweighing of the public interest is unimaginable.

**Requirement #3 – The Proposed Redaction is Narrowly Tailored**.

Although it should be very rare (if not impossible) for a "compelling interest" in sealing to overcome what has been conclusively established as an "extra" strong public interest, if it is found that sealing is appropriate, it is still required that "the seal itself must be narrowly tailored"[23]

[17] *Id*. at 638 (citing *Shane Group, Inc.*, 825 F.3d at 308).
[18] *In re: National Prescription Opiate Litig.*, 2019 WL 2529050 (6th Cir. June 20, 2019) (Doc. #: 1710) ("Appellate Decision") at p. 22.
[19] *Kondash*, 767 Fed. Appx. at 637 (quoting NHTSA Enforcement Guidance Bulletin 2015-01: Recommended Best Practices for Protective Orders and Settlement Agreements in Civil Litigation, 81 Fed. Reg. 13026-02, 13027 (March 11, 2016)). (Emphasis added).
[20] *See* 4/11/2018 Order Regarding ARCOS Data (Doc. #: 233) at p. 16.
[21] *See* 4/11/2018 Order Regarding ARCOS Data (Doc. #: 233) at p. 21.
[22] Appellate Decision at pp. 24-25.
[23] *Shane Group*, 825 F.3d at 305.

Considering that ARCOS data does not even rise to the level of a trade secret, that competitively-sensitive information does not qualify as a trade secret, that age factors against an alleged trade secret, that there is insufficient proof disclosure of any particular information will work a clearly defined and serious injury, that the public interest in this litigation is exceptionally high, that this litigation involves the health and safety of the entire country, and that the pleadings and exhibits filed in this litigation are subject to an extra (already strong) presumption in favor of openness, the materials at issue are not adequate for sealing. In sum, there exists a very high burden which must be met by way of specified analysis and proof to justify shielding from the public the pleadings currently redacted and/or under seal, and neither the requisite facts nor the requisite level of proof have been presented to justify continued sealing of these documents.

## III. COMPLAINTS FILED ENTIRELY AND PARTIALLY UNDER SEAL

Over the course of this litigation, Plaintiffs representing different governmental entities have field various Complaints (including original Complaints, First Amended Complaints, Second Amended Complaints, Third Amended Complaints and Fourth Amended Complaints) entirely under seal and partially under seal (redacted).[24] As such, this section is separated into: a) Complaints filed entirely under seal, and b) Complaints filed partially under seal (redacted).

In many instances the sealing or redactions applied to the below listed Complaints are similar, and are the result of containing/referencing ARCOS data as well as information from Defendant-produced documents. The PEC analyzed each of the Complaints and has determined that none of the presently sealed information should be subject to redaction/sealing under the above-mentioned Sixth Circuit standards. Accordingly, the PEC's position is that the redaction or sealing to all Complaints should be lifted and the documents filed publicly on the docket.

[24] The PEC takes no position regarding filings made by the State of Alabama. *See* ECF Nos. 474, 732, 733, 845, 846.

### A. Complaints Filed Entirely Under Seal

Each of the below listed documents are filed entirely under seal and consist of first, second, third, and fourth amended Complaints. These documents were filed under seal, in their entirety due to references and use of ARCOS data, as well as Defendant-produced documents. In all instances, subsequently filed Complaints superseded and replaced earlier versions. Further, in all instances the latest filed Complaint was filed on the record in redacted form. As set forth in Section III.B. "Redacted Amended Complaints", the PEC asserts that the redactions should be lifted, which would result in lifting the seal for each of the earlier, fully sealed Complaints listed below.

| Date Filed | # | Docket Text |
|---|---|---|
| 4/25/2018 | 293 | **SEALED Document:** Broward County, FL First Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) |
| 4/25/2018 | 294 | **SEALED Document:** *Amended Complaint* filed by All Plaintiffs. Related document(s) 262, 293. (Gallucci, Frank) |
| 4/25/2018 | 296 | **SEALED Document:** City of Cleveland's First Amended Complaint filed by City of Cleveland. Related document(s) 262. (Weinberger, Peter) |
| 4/25/2018 | 298 | **SEALED Document:** County of Monroe Michigan First Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) |
| 4/25/2018 | 301 | **SEALED Document:** County of Summit, Ohio, et al, Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) |
| 4/25/2018 | 302 | **SEALED Document:** First Amended Complaint filed by Cabell County Commission. Related document(s) 262. (Majestro, Anthony) |
| 4/25/2018 | 304 | **SEALED Document:** *City of Chicago Fourth Amended Complaint* filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Weinberger, Peter) |

| Date Filed | # | Docket Text |
|---|---|---|
| 5/7/2018 | 385 | **SEALED Document:**<br>*West Boca Medical Center, Inc. v. AmerisourceBergen Drug Corp., et al. Complaint; Case No. 1:18-op-45530* filed by West Boca Medical Center, Inc. Related document(s) 167, 232, 384. (Attachments: # 1 Civil Cover Sheet) (Barrett, John) |
| 5/10/2018 | 411 | **SEALED Document:**<br>First Amended Complaint filed by City of Chicago. Related document(s) 409. (Singer, Linda) |
| 5/18/2018 | 475 | **Second SEALED Document:**<br>Amended Complaint filed by City of Cleveland. Related document(s) 471. (Mougey, Peter) |
| 5/18/2018 | 476 | **Second SEALED Document:**<br>Amended Complaint filed by County of Cuyahoga. Related document(s) 471. (Gallucci, Frank) |
| 5/18/2018 | 477 | **SEALED Document:**<br>Second Amended Complaint filed by County of Summit, Ohio. Related document(s) 471. (Singer, Linda) |
| 5/29/2018 | 509 | **SEALED Document**:<br>Second Amended Corrected Complaint filed by City of Cleveland. Related document(s) 262. (Weinberger, Peter) |
| 5/29/2018 | 512 | **SEALED Document:**<br>*Fourth Amended Complaint (corrected)* filed by City of Chicago. Related document(s) 471. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Singer, Linda) |
| 5/29/2018 | 514 | **SEALED Document:**<br>Second Amended Complaint (corrected) filed by County of Summit, Ohio. Related document(s) 471. (Singer, Linda) |
| 5/30/2018 | 517 | **SEALED Document:**<br>Second Amended Complaint filed by Cabell County Commission. Related document(s) 516. (Majestro, Anthony) |
| 5/30/2018 | 519 | **SEALED Document:**<br>SECOND AMENDED COMPLAINT filed by County of Monroe. Related document(s) 516. (Geller, Paul) |
| 5/30/2018 | 520 | **SEALED Document:**<br>Second Amended Complaint filed by Broward County, Florida. Related document(s) 516. (Cabraser, Elizabeth) |
| 5/30/2018 | 523 | Second **SEALED Document:**<br>*Second Amended Complaint (corrected)* filed by County of Cuyahoga. Related document(s) 471, 521, 476. (Gallucci, Frank) |

| Date Filed | # | Docket Text |
|---|---|---|
| 6/18/2018 | 635 | **SEALED Document**: First Amended Complaint[25] filed by Cleveland Bakers and Teamsters Health & Welfare Fund. Related document(s) 634. (Weinberger, Peter) |
| 3/21/2019 | 1465 | **SEALED Document:** *Third Amended Complaint and Jury Demand* filed by County of Summit, Ohio. Related document(s) 1377, 1464. (Singer, Linda) |
| 5/10/2019 | 1630 | **SEALED Document:** Third Amended Complaint and Jury Demand filed by County of Cuyahoga. Related document(s) 1629. (Badala, Salvatore) |
| 6/13/2019 | 1682 | **SEALED Document:** Joint and Third Amended Complaint filed by Cabell County Commission, City of Huntington. Related document(s) 1668. (Farrell, Paul) |

**B. <u>Complaints Filed Partially Under Seal (Redacted)</u>**

The following lists and discusses Complaints filed on the public record with redactions. Each of these filings is also attached as an exhibit with the current redactions displayed by boxes around all portions that are presently under seal.

1. <u>City of Cleveland</u>

| | | |
|---|---|---|
| 5/29/2018 | 508 | Second **Amended complaint** *redacted* against All Defendants. Filed by City of Cleveland. (Weinberger, Peter) Modified on 5/30/2018 |

City of Cleveland's Second Amended Complaint is filed entirely under seal at ECF No. 509 and relates to the Amended Complaint filed entirely under seal at ECF No. 475. The redacted Second Amended Complaint (ECF No. 508) provides the public with all content contained in the Complaint, except for ARCOS data and certain substance from and/or relating to Defendants' documents. The redactions are found at:

- paragraphs – 15, 128, 168-172, 182, 186-189, 192, 227, 234, 235, 430, 457, 505, 542, 572, 635, 702-706, 708, 710, 942; and,

[25] The First Amended Complaint field by Cleveland Bakers and Teamsters Health & Welfare Fund is filed under seal in its entirety with no subsequent versions filed on the MDL docket. Plaintiffs' position is that the seal should be lifted in its entirety and the Complaint at ECF No. 635 be refiled publicly.

- footnotes - fn. 222, fn. 232, fn. 291-300, fn. 302-303, fn. 305

The PEC believes that all redactions contained in ECF No. 508 should be lifted and the document filed publicly, in its entirety.

2. City of Chicago

| | | |
|---|---|---|
| 5/29/2018 | 511 | Fourth **Amended Complaint** *(redacted)* filed by City of Chicago. (Singer, Linda) Modified text on 5/30/2018 |

City of Chicago's Fourth Amended Complaint is filed entirely under seal at ECF No. 304 and 512 (corrected). The City of Chicago's Fourth Amended Complaint is related to ECF No. 409, which is the City's First Amended Complaint – also filed entirely under seal. The redactions are found at:

- paragraphs 100, 107, 108, 114, 203, 329-336, 339-344, 348, 365, 366, 369, 371, 375, 381, 388, 389, 395, 521, 552, 555; and,
- footnotes - fn. 112

The PEC believes that all redactions contained in ECF No. 511 should be lifted and the document filed publicly, in its entirety.

3. Summit County, Ohio

| | | |
|---|---|---|
| 5/29/2018 | 513 | Second **Amended Complaint** *(redacted)* filed by County of Summit, Ohio. (Singer, Linda). |
| 3/21/2019 | 1466 | Third **Amended Complaint** [redacted] against All Defendants and adding new party defendant(s) Allergan Sales, LLC; Allergan USA, Inc.; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida. Filed by County of Summit, Ohio. (Singer, Linda) |

County of Summit's Second Amended Complaint (ECF Nos. 477, 513, 518) is superseded and replaced by its Third Amended Complaint (ECF No. 1466). In the interest of brevity, only the Third Amended Complaint is discussed herein.

County of Summit's Third Amended Complaint is filed with redactions at ECF No. 1466 and the Complaint is filed entirely under seal at ECF No. 1465. The redactions are found at:

- paragraphs 153, 193-197, 208, 212-215, 218, 253, 260-262, 456, 484, 574, 610, 693-697, 699, 701; and,
- footnotes - fn. 184-192, fn. 196

The PEC believes that all redactions contained in ECF Nos. 513 & 1466 should be lifted and the documents filed publicly, in their entirety.

4. Cabel County Commission, City of Huntington, West Virginia

| | | |
|---|---|---|
| 5/30/2018 | 518 | Second **Amended Complaint** [redacted] against All Defendants and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc, f/k/a Watson Pharmaceuticals, Inc.; SpecGX LLC; and Rite Aid Corporation. Filed by Cabell County Commission. (Majestro, Anthony) |

Cabel County Commission's Second Amended Complaint is filed with redactions at ECF No. 518 and under seal in its entirety at ECF No. 517. Further, Cabel County's Third Amended Complaint is filed entirely under seal at ECF No. 1682. Plaintiffs believe that the seal should be lifted over the Third Amended Complaint filed by the Cabel County Commission. Still, in the interest of completeness, the redactions presently applied to the Second Amended Complaint are described here. The redactions are found at:

- paragraphs 126, 166-170, 180, 184-187, 190, 225, 232-233, 427, 454, 538, 567, 676-680; and,
- footnotes[26] - fn. 53-56, fn. 58, fn. 72, fn. 73, fn. 175, fn. 216, fn. 310-317

[26] Note, footnotes 53-56, 58, 72-73, 175, 216 are identical to unredacted footnotes in other Complaints. *See e.g.*, City of Cleveland's Second Amended Complaint at footnotes 55-58, 60, 75-76, 181, 222, ECF No. 508.

The PEC believes that all redactions contained in ECF No. 518 should be lifted and the document filed publicly, in its entirety. Further, the PEC asserts that the seal over the Third Amended Complaint, ECF No. 1682, should be lifted and the document refiled as public.

5. County of Cuyahoga, Ohio

| | | |
|---|---|---|
| 5/30/2018 | 521 | Second **Amended Complaint** *(corrected)* [redacted]against Actavis LLC, Actavis Pharma, Inc., Actavis plc, Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan PLC, AmerisourceBergen Corporation, CVS Health Corporation, Cardinal Health, Inc., Cephalon, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., H. D. Smith Holding Company, H. D. Smith Holdings, LLC, H.D. Smith Wholesale Drug Co., HealthMart Systems, Inc., Insys Therapeutics, Inc., Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Mallinckrodt LLC, Mallinckrodt PLC, McKesson Corporation, Noramco, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Purdue Frederick Company, Inc., Purdue Pharma Inc., Purdue Pharma L.P., Rite Aid Corporation, Rite Aid of Maryland, Inc., Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Wal-Mart, Inc., Walgreen Co., Walgreens Boots Alliance Inc., Watson Laboratories, Inc., Watson Pharmaceuticals, Inc.. Filed by County of Cuyahoga. (Gallucci, Frank) |

County of Cuyahoga's Second Amended Complaint is filed entirely under seal at ECF No. 523 (corrected) and relates to the Amended Complaint filed entirely under seal at ECF No. 476. Further, Cuyahoga County's Third Amended Complaint is filed entirely under seal at ECF No. 1630. Plaintiffs believe that the seal should be lifted over the Third Amended Complaint filed by the Cuyahoga County. Still, in the interest of completeness, the redactions presently applied to the Second Amended Complaint are described here. The redactions are found at:

- paragraphs – 15, 127, 167-171, 182, 186-189, 192, 227, 234-235, 430, 457, 505, 517, 542, 571, 634, 702-708, 710, 711, 713, 1012, 1013, 1041, 1048; and,
- footnotes - fn. 226, fn. 287-290

The PEC believes that all redactions contained in ECF No. 521 should be lifted and the document filed publicly, in its entirety. Further, the PEC asserts that the seal over the Third Amended Complaint, ECF No. 1630, should be lifted and the document refiled as public.

6. County of Monroe

| | | |
|---|---|---|
| 5/30/2018 | 522 | Second **Amended Complaint** *(redacted)* against Actavis LLC, Actavis Pharma, Inc., Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan PLC, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, CVS Health Corporation, Cardinal Health, Inc., Cephalon, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., Insys Therapeutics, Inc., Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Kroger Company, The, Mallinckrodt LLC, Mallinckrodt PLC, McKesson Corporation, Noramco, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Purdue Frederick Company, Inc., Purdue Pharma Inc., Purdue Pharma L.P., Rite Aid Corporation, Rite Aid of Maryland, Inc., SpecGX LLC, Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Walgreens Boots Alliance Inc., Walmart, Inc., Watson Laboratories, Inc. and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc, f/k/a Watson Pharmaceuticals, Inc.; SpecGX LLC; and Rite Aid Corporation. Filed by County of Monroe. (Geller, Paul) |

County of Monroe's Second Amended Complaint is filed entirely under seal at ECF No. 519 and relates to its First Amended Complaint filed entirely under seal at ECF No. 298. The redacted Second Amended Complaint (ECF No. 522) provides the public with all content contained in the Complaint except for ARCOS data and certain information from Defendants' documents. The redactions are found at:

- paragraphs – 120, 160-164, 174, 178-181, 184, 219, 226, 227, 422, 449, 533, 562, 639, 640

The PEC believes that all redactions contained in ECF No. 522 should be lifted and the document filed publicly, in its entirety.

7. Broward County, Florida

| | | |
|---|---|---|
| 5/30/2018 | 525 | Second **Amended Complaint** *(redacted)* against All Defendants and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc., f/k/a Watson Pharmaceuticals, Inc.; and SpecGx LLC. Filed by Broward County, Florida. (Cabraser, Elizabeth) Modified on 6/1/2018 |

Broward County's Second Amended Complaint is filed entirely under seal at ECF No. 520 and relates to its First Amended Complaint filed entirely under seal at ECF No. 293. The redacted Second Amended Complaint (ECF No. 525) provides the public with all content contained in the Complaint except for ARCOS data and certain substance gleaned from Defendants' documents. The redactions are found at:

- paragraphs – 127, 167-171, 181, 185-188, 191, 226, 233, 234, 429, 456, 541, 570, 667; and,
- footnotes - fn. 297-300

The PEC believes that all redactions contained in ECF No. 525 should be lifted and the document filed publicly, in its entirety.

8. West Boca Medical Center, Inc.

| | | |
|---|---|---|
| 7/17/2018 | 760 | Redacted Complaint (Rite-Aid removed) filed by West Boca Medical Center, Inc. Related document(s) 385. (Barrett, John) |

West Boca Medical Center Inc.'s Complaint is filed entirely under seal at ECF No. 385 and the version of this Complaint removes Rite-Aid from the original filing and is partially publicly available at ECF No. 760. The redacted portions of the Complaint contain either ARCOS data or certain substance gleaned from Defendants' documents. The redactions are found at:

- paragraphs – 180-184, 191, 193, 194, 198-201, 204-208, 239, 245, 246, 300, 302, 305-307, 313, 317, 323, 318, 321, 457, 462, 482, 589, 590; and,
- footnotes - fn. 99-103, fn. 105-108, fn. 110-115, fn. 120, fn. 121, fn. 126, fn. 154-158, fn. 164-165, fn. 269, fn. 270, fn. 339-341

The PEC believes that all redactions contained in ECF No. 760 should be lifted and the document filed publicly, in its entirety.

## IV. BRIEFS FILED PARTIALLY OR ENTIRELY UNDER SEAL

In addition to the above listed Complaints, Plaintiffs have filed numerous briefs under seal in full or in part. Each of the below listed filing events includes the ECF No. filing number, notes whether documents are entirely or partially under seal, and restates the docketed document title. Given the heightened standard applicable here, and the test discussed in *Kondash*, Plaintiffs take the position that, with few exceptions, the below filings and their attendant exhibits shall be publicly filed as the interests of public health and safety outweigh Defendants' confidentiality interests.

- ECF Nos. 812 (redacted brief) & 813 (brief and exhibit under seal)
  *Omnibus Opposition to Manufacturer Defendants' Joint Objections and Pharmacy Defendants' Objections to the Special Master's Discovery Rulings No. 2 and 3* filed by City of Cleveland, County of Cuyahoga, County of Summit, Ohio. Related document(s) 811, 785, 786. (Attachments: #1 Exhibit A - Transcript of June 6, 2018 Hearing)
  - ECF No. 812 is redacted at pp. 13, 25-27 & Ex. A (6/6/2018 Hearing Transcript). The redacted content of ECF No. 812 and sealed transcript from the June 6, 2018 hearing do not contain trade secrets pursuant to Sixth Circuit law. Accordingly, Plaintiffs' position is that the seal should be lifted over ECF No. 813 – Plaintiffs' brief and the attached hearing transcript.

- ECF No. 1151
  *Response by Plaintiffs in Opposition to Walgreens's Objection to Discovery Ruling No. 9* filed by City of Cleveland, County of Cuyahoga, County of Summit, Ohio. Related document(s) 1150. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D)
  - ECF No. 1151 and Exhibits A-D (1151-1 through 1151-4)[27] relate to a discovery dispute between parties regarding Plaintiffs' request for additional custodians. Plaintiffs' maintain that references to aggregate ARCOS data and testimony included in this filing and its exhibits do not contain trade secrets pursuant to Sixth Circuit law. Accordingly, Plaintiffs'

[27] *See* Attachment A for a brief description of Exhibits.

position is that the seal should be lifted over ECF No. 1151 and its attached exhibits.

- ECF Nos. 1241[28] (brief and exhibits under seal) & 1305 (redacted brief)
  *Motion to Disqualify* filed by City of Cleveland. Related document(s) 1234. (Attachments: #1 Brief in Support, #2 Exhibit Pifko Dec. Ex. 1, #3 Exhibit Pifko Dec. Ex. 2, #4 Exhibit Pifko Dec. Ex. 3, #5 Exhibit Pifko Dec. Ex. 4, #6 Exhibit Pifko Dec. Ex. 5, #7 Exhibit Pifko Dec. Ex. 6, #8 Exhibit Pifko Dec. Ex. 7, #9 Exhibit Pifko Dec. Ex. 8, #10 Exhibit Pifko Dec. Ex. 9, #11 Exhibit Pifko Dec. Ex. 10, #12 Exhibit Pifko Dec. Ex. 11, #13 Exhibit Pifko Dec. Ex. 12, #14 Exhibit Pifko Dec. Ex. 13, #15 Exhibit Pifko Dec. Ex. 14, #16 Exhibit Pifko Dec. Ex. 15, #17 Exhibit Pifko Dec. Ex. 16, #18 Exhibit Pifko Dec. Ex. 17, #19 Exhibit Pifko Dec. Ex. 18, #20 Exhibit 1-Gingell Declaration, #21 Exhibit 2-Gilson Declaration
  - ECF No. 1241, brief and exhibits filed under seal in their entirety.[29]
  - ECF No. 1305 Plaintiffs' Motion to Disqualify is publicly filed.
  - ECF No. 1305-1, Plaintiffs' Brief in Support is a redacted version of the Brief.

  Plaintiffs' position is that all documents filed under seal at 1241 and the redacted brief at 1305-1 should be excepted from consideration here due to the pending Sixth Circuit appeal. Consequently, Plaintiffs believe that the redactions must remain in place at this time.

- ECF No. 1413 [Exhibits only] (brief filed publicly at ECF No. 1407)
  *filed by Plaintiffs' Executive Committee*. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F)
  - All exhibits attached to Plaintiffs' Reply to Cardinal's Objections to Discovery Ruling No. 14, Part 1 were filed under seal in their entirety. The exhibits include Exhibit A: letter submitted to Special Master Cohen, Exhibit B: Cardinal's 2008 Settlement with the DEA, Exhibit C: Cardinal's 2008 Settlement with the DEA, Exhibit D: Cardinal's Supplemental Written Responses to 30(b)(6) Topics, Exhibit E: Cardinal's Answer and Affirmative Defenses (publicly filed), and Exhibit F: Privilege Log related to Cardinals 2008 DEA Production.[30] Plaintiffs' review of these exhibits confirm that the materials do not contain information that equates to trade secrets under the Sixth Circuit's standards. Accordingly, Plaintiffs' position is that the seal should be lifted over the exhibits filed at ECF No. 1413 and related to the publicly filed brief at ECF No. 1407.

- ECF No. 1547
  *Plaintiffs' Reply to Cardinal Health's Objection to Discovery Ruling No. 14, Part 5, Regarding Privilege and Cardinal's Dendrite Audit* filed by Plaintiffs' Liaison Counsel. Related document(s) 1546, 1530, 1498. (Attachments: #1 Exhibit 1, #2

---

[28] Plaintiffs' Motion for Leave filed at ECF No. 1237.

[29] *See* Attachment A for a brief description of Exhibits.

[30] *Id*.

Exhibit 2, #3 Exhibit 3, #4 Exhibit 4, #5 Exhibit 5, #6 Exhibit 6, #7 Exhibit 7, #8 Exhibit 8, #9 Exhibit 9, #10 Exhibit 10, #11 Exhibit 10a, #12 Exhibit 11)

   - All documents included in ECF No. 1547[31] are presently under seal and all documents related to this filing concern Cardinal Health's suspicious order monitoring program and the company's duty to comply with the Controlled Substances Act. In large part, the documents discuss Cardinal's suspicious order monitoring program as it functioned prior to 2008; the staleness of these documents cut against any representation that the discussions therein amount to trade secrets pursuant to Sixth Circuit Standards. Still, even if the documents are considered trade secrets, the public's right to know outweighs all potential harm that public disclosure may cause. Accordingly, Plaintiffs' position is that the seal should be lifted over the entire filing (brief and exhibits) at ECF No. 1547.

- ECF No. 1812
  *Opposition to 1266 Motion [redacted] for leave by special appearance to file motion to dismiss for lack of personal jurisdiction, Motion to dismiss filed by Plaintiffs' Executive Committee*. (Attachments: #1 Declaration of Mark Chalos, #2 Exhibit 1 - Chalos Dec.: ARCOS Registrant Handbook, #3 Exhibit 2 - Chalos Dec.: ARCOS Data (redacted), #4 Exhibit 3 - Chalos Dec.: Distributor Totals from MNK-T1_0007897646, #5 Exhibit 4 - Chalos Dec.: MNK 2017 10K, #6 Exhibit 5 - Chalos Dec.: O'Neill Tr., #7 Exhibit 6 - Chalos Dec.: Kentucky Order Denying MNK plc Motion, #8 Exhibit 7 - Chalos Dec.: McCann Second Supp. Report (redacted), #9 Exhibit 8 - Chalos Dec.: Wickline Tr., #10 Exhibit 9 - Chalos Dec.: MNK Press Release 9-22-17, #11 Exhibit 10 - Chalos Dec.: Wachtell Letter re MNK plc and Opioids, #12 Exhibit 11 - Chalos Dec.: MNK Press Release 3-12-14, #13 Exhibit 12 - Chalos Dec.: Phillips Dep. Tr., #14 Exhibit 13 - Chalos Dec.: Kilper Tr., #15 Exhibit 14 - Chalos Dec.: Kilper Ex. 25, #16 Exhibit 15 - Chalos Dec.: Kilper Ex. 31, #17 Exhibit 16 - Chalos Dec.: MNK 2016 10Q, #18 Exhibit 17 - Chalos Dec.: MNK Press Release 12-8-18, #19 Declaration of Alex Fahey, CPA, # 20 Exhibit 1 - Fahey Dec.: MNK 10K Excerpts, # 21 Exhibit 2 - Fahey Dec.: MNK Financial Docs., #22 Exhibit 3 - Fahey Dec.: MNK 10K Excerpts, #23 Exhibit 4 - Fahey Dec.: MNK Gov't Contracts, #24 Exhibit 5 - Fahey Dec.: MNK 10K Excerpts, #25 Exhibit 6 - Fahey Dec.: MNK 10K Excerpts, #26 Exhibit 7 - Fahey Dec.: MNK MOA, #27 Exhibit 8 - Fahey Dec.: MNK Patent Assignment, #28 Exhibit 9 - Fahey Dec.: MNK 10K Excerpts, #29 Exhibit 10 - Fahey Dec.: Opioids Sales Data, #30 Exhibit 11 - Fahey Dec.: MNK 10K Excerpts, #31 Exhibit 12 - Fahey Dec.: MNK 10K Excerpts, #32 Exhibit 13 - Fahey Dec.: MNK Press Release 8-7-18, #33 Exhibit 14 - Fahey Dec.: MNK 8K 8-7-19, #34 Exhibit 15 - Fahey Dec.: MNK Stock and Incentive Plan, #35 Exhibit 16 - Fahey Dec.: MNK 10K Excerpts, #36 Exhibit 17 - Fahey Dec.: MNK 10K Excerpts, #37 Exhibit 18 - Fahey Dec.: MNK 10K Excerpts, #38 Exhibit 19 - Fahey Dec.: Letter re Notice of Asset Transfer, #39 Exhibit 20 - Fahey Dec.: Sample 2 Years of Company Activity, #40 Exhibit 21 - Fahey Dec.: MNK 2016 10Q Excerpts, #41 Exhibit 22 - Fahey Dec.: MNK 10Q Excerpts, #42 Exhibit 23 - Fahey Dec.: Redacted by

[31] *Id.*

MNK, # 43 Exhibit 24 - Fahey Dec.: MNK 8K 12-6-18, #44 Exhibit 25 - Fahey Dec.: Redacted by MNK, #45 Exhibit 26 - Fahey Dec.: MNK Press Release 12-6-18, #46 Exhibit 27 - Fahey Dec.: MNK Press Release 5-28-19, #47 Exhibit 28 - Fahey Dec.: SpecGx Officers, #48 Exhibit 29 - Fahey Dec.: MNK 10K Excerpts)

- o As a result of the meet and confer process, this filing includes a small number of redactions seen in Plaintiffs' motion at pages, 1, fn. 5, 6-7 and at Exhibits 2 and 7. Plaintiffs are not the party who requested the redactions, but following negotiations with Defendants, Plaintiffs agreed not to object to the redactions included in the filing at ECF No. 1812.

- <u>ECF Nos. 1815, 1816 & 1817</u>

  1815 - *Opposition to 1264 Motion to dismiss for lack of jurisdiction filed by All Plaintiffs*.

  - o The entirety of Plaintiffs' opposition brief at ECF No. 1815 and related Affidavits at ECF Nos. 1816 & 1817 and attachments are filed under seal. The brief does not contain trade secrets or specific financial information that would warrant continued confidentiality. Accordingly, Plaintiffs' position is that the seal should be lifted on ECF No. 1815 and over most of the attachments at ECF Nos. 1816 & 1817 with exception only to/for confidential information defined by Federal Rule of Civil Procedure 5.2 and N.D. Ohio Local Rule 8.1 as outlined immediately below.

  1816 - *Affidavit/Declaration filed by All Plaintiffs*. Related document(s) 1815. (Attachments: # 1 Appendix Declaration of Mark Crawford ISO Plaintiffs' Opposition to Teva Ltd.'s Motion to Dismiss re Personal Jurisdiction Part 2, # 2 Appendix Declaration of Mark Crawford ISO Plaintiffs' Opposition to Teva Ltd.'s Motion to Dismiss re Personal Jurisdiction Part 3)

  - o The Declaration of Mark Crawford (ECF Nos. 1816, 1816-1, 1816-2) attaches the full deposition transcript of Doron Herman and all deposition exhibits as well as Teva Visual Identity Guidelines. Except for Deposition Exhibit 64, which is a Federal tax form, no exhibits contain trade secrets or specific financial information that would warrant continued confidentiality. Plaintiffs' position is that Herman Deposition Exhibit 64 should remain partially under seal with redactions applied to only the Federal Tax Identification Number pursuant to Fed. Rule of Civ. Pro. 5.2 and/or N.D. Ohio Local Rule 8.1.

  1817 - *Affidavit/Declaration of Mark G. Crawford In Support of Plaintiffs' Opposition to Teva Ltd's Motion to Dismiss re Personal Jurisdiction filed by All Plaintiffs*. Related document(s) 1815. (Attachments: # 1 Appendix Declaration of Alec Fahey ISO Plaintiffs' Opposition to Teva Ltd's Motion to Dismiss re Personal Jurisdiction Part 2, # 2 Appendix Declaration of Alec Fahey ISO Plaintiffs' Opposition to Teva Ltd's Motion to Dismiss re Personal Jurisdiction Part 3)

  - o The Declaration of Alec Fahey (ECF Nos. 1817, 1817-1, 1817-2) attaches 31 Exhibits, many of which are publicly available. Only portions of Exhibit

30[32] contain information deserving of confidential treatment. Exhibit 30 is a Federal Tax Form that should be refiled with redactions to protect tax identification and tax pin numbers pursuant to Fed. Rule of Civ. Pro. 5.2 and/or N.D. Ohio Local Rule 8.1.

- ECF No. 1823 (brief redacted, exhibits partially redacted)
  *Opposition to 1258 Motion to dismiss for lack of jurisdiction [redacted] filed by Plaintiffs' Executive Committee*. (Attachments: # 1 Declaration of Thomas E. Egler in support thereof, # 2 Exhibits 1-37 [redacted] to the Egler Declaration)
    - The brief and related exhibits filed partially under seal at 1823 do not contain trade secrets or sensitive financial information with the exception of Exhibits 34 and 35. Consequently, Plaintiffs' position is that the seal should be lifted on this filing except for:
        - Exhibit 34 should be unsealed with redactions – the redactions should cover only the ABA/Routing Number and Account Number at ALLERGAN_MDL_04382952 pursuant to Fed. Rule of Civ. Pro. 5.2 and/or N.D. Ohio Local Rule 8.1.
        - Exhibit 35 should be unsealed with redactions – the redactions should cover the ABA/Routing Number and Account Number at ALLERGAN_MDL_04382929, 04382941, & 0432947; the checks and receipts at ALLERGAN_MDL_04382933-2937; and the federal tax identification number at ALLERGAN_MDL_04382947 pursuant to Fed. Rule of Civ. Pro. 5.2 and/or N.D. Ohio Local Rule 8.1.

The above filings (which are also listed in order of date and ECF number on Exhibit A) are those documents which Plaintiffs (excluding the State of Alabama) have filed on the docket under seal or with redactions.

## CONCLUSION

With respect to each Plaintiff-filed redacted or sealed document on the docket, the PEC has hereby "(a) list[ed] every such document; (b) state[d] whether the redactions and/or sealing should remain in place; and (c) state[d] the "compelling reasons" why they should remain in place, if so contending." *See* Order at p. 1. Further, Exhibit A (attached) lists every redacted or sealed

[32] Fahey Exhibit 30 is the same document attached to the Crawford Declaration Appendix A – Herman Deposition Exhibit 64.

document filed by Plaintiffs. With the specified exceptions[33], Plaintiffs state that redactions and sealing to/of these filings should not remain, and these documents should be publicly disclosed in their entirety.

Dated: July 15, 2019

Respectfully submitted,

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com
*Plaintiffs' Co-Lead Counsel*

Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com
*Plaintiffs' Co-Lead Counsel*

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

[33] ECF No. 1241 (Plaintiffs believe the matter is not presently before this Court); ECF No. 1812 (Redactions based on prior negotiations between the Parties); ECF Nos. 1816 & 1817 (Redactions required under F.R.C.P. 5.2 and N.D. Ohio Local Rule 8.1); ECF No. 1823 (Redactions required under F.R.C.P. 5.2 and N.D. Ohio Local Rule 8.1).

Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
pweinberger@spanglaw.com
*Plaintiffs' Co-Liaison Counsel*

Anthony D. Irpino
Pearl A. Robertson
IRPINO AVIN HAWKINS
2216 Magazine Street
New Orleans, LA 70130
(504) 525-1500
(504) 525-1501
airpino@irpinolaw.com
probertson@irpinolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of July, 2019, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Peter H. Weinberger_______________
Peter H. Weinberger
*Plaintiffs' Co-Liaison Counsel*