Case: 1:17-md-02804-DAP  Doc #: 1842  Filed: 07/15/19  1 of 7.  PageID #: 57471

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*,<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*,<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**DISTRIBUTOR DEFENDANTS' POSITION PAPER
REGARDING DOCUMENTS FILED UNDER SEAL**

i

## INTRODUCTION

Pursuant to this Court's Order dated June 24, 2019 (Dkt. 1725), Distributor Defendants[1] offer this Position Paper Regarding Documents Filed Under Seal.  Specifically, this Court ordered all parties to:  (1) list every document filed under seal; (2) state whether the redactions and/or sealing should remain in place; and (3) state the "compelling reasons" why any such redaction or sealing should remain in place, if applicable.  Defendants' position with regard to the five documents they have jointly filed either under seal or with redactions is set forth below.[2]

## DISTRIBUTOR DEFENDANTS' POSITION

The Distributor Defendants have submitted a total of five documents either under seal or with redactions.  Each document is listed below, along with Defendants' position regarding whether continued sealing or redaction is necessary.

1. **Document 923** (*Memorandum in Support of Distributors' Motion to Dismiss First Amended Complaint*)

---

[1] As used herein, "Distributor Defendants" refers to AmerisourceBergen Drug Corporation, Anda, Inc., Cardinal Health, Inc., H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC, H. D. Smith Holding Company, and McKesson Corporation.

On October 2, 2018, H. D. Smith Holdings, LLC and H. D. Smith Holding Company (the "Holding Companies") moved to dismiss the Second Amended Corrected Complaint in The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al., Case No. 1:17-op-45004 (N.D. Ohio) based on lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).  Doc. No. 1015.  Plaintiffs have not filed an opposition, nor has the Court issued a ruling.  By joining in any motion in the above-referenced matter, the H. D. Smith Holding Companies are in no way waiving their previously asserted defense that the Court lacks personal jurisdiction over the Holding Companies and must dismiss them from this case, pursuant to Fed. R. Civ. P. 12(b)(2).

[2] In accordance with the Court's July 5 Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal (Doc. No. 1813), the Distributor Defendants will be individually and separately serving submissions on July 15 related to redactions to exhibits filed to any *Daubert* or summary judgment motion on or before June 28.  Accordingly, we do not address those submissions here.

1

Document 923 contains a redaction in footnote 11, on page 12. Based on the recent guidance and standards set forth by Judge Polster and Special Master Cohen, Distributor Defendants agree that this document can be filed on the public docket without any redactions.

2. **Document 1449** (*Distributor Defendants' Partial Objections to Discovery Ruling Number 17 Regarding SACWIS Data*)
3. **Document 1474** (*Distributor Defendants' Opposition to Plaintiffs' Objections to Discovery Ruling Number 17 Regarding SACWIS Data*)
4. **Document 1483** (*Distributor Defendants' Reply in Support of Partial Objections to Discovery Ruling Number 17 Regarding SACWIS Data*)[3]

The briefing regarding Distributor Defendants' Objections to Discovery Ruling Number 17 was filed under seal out of an abundance of caution because it contains data from the Statewide Automated Child Welfare Information System ("SACWIS"), which was specifically identified in Special Master Cohen's sealing order (Doc. 1719). Upon further review, however, Distributor Defendants take the position that the objections themselves do not need to remain under seal. Certain portions of the attached exhibits should remain under seal as follows:

- **Document 1449:**  Pages 37-44, 147-149, and 174-176 of the publicly filed version of Exhibit 1 should remain under seal because they contain documents from Plaintiffs' production that are marked "confidential" and relate to SACWIS data. Pages 13-20 of the publicly filed version of Exhibit 3 should remain under seal because they contain documents from Plaintiffs' production that are marked "confidential" and contain the names of individuals involved in Cuyahoga County Child Protective Services ("CPS") cases. Finally, Exhibit 6 should remain under seal because it is a Cuyahoga County spreadsheet that reflects its SACWIS data.

- **Document 1474:**  Pages 118-125 of the publicly filed version of Exhibit 1 should remain under seal because they contain documents from Plaintiffs' production that are marked "confidential" and contain the names of individuals involved in Cuyahoga County CPS cases. Exhibit 2 should remain under seal because it is a summary of Summit County SACWIS data. Finally, pages 46-51 of the publicly filed version of Exhibit 3 should remain under seal because they contain documents from Plaintiffs' production that are marked "confidential" and contain the names of individuals involved in Cuyahoga County CPS cases.

---

[3] These sealed documents correspond with public filings at Document 1450, 1470, and 1485, respectively.

- **Document 1483:** Upon further review, there are no exhibits that contain individual identifying information or that relate to SACWIS data, and so these exhibits should not be filed under seal.

5. **Documents 1122 and 1123 (*Partial Objection of Distributor Defendants and Pharmacy Defendants to Discovery Ruling No. 7*)[4]**

Documents 1122 and 1123 contained limited redactions that Distributor and Pharmacy Defendants carefully tailored to ensure that as much of the filing as possible was made available on the public docket. The redacted portions of the Objection brief included the numerical percentages of suspicious orders Plaintiffs alleged the Distributor and Pharmacy Defendants shipped to Cuyahoga and Summit Counties according to the various methodologies created by Plaintiffs. The remainder of the brief was made public.

With respect to the five exhibits filed as attachments to Documents 1122 and 1123, only one was filed under seal: Exhibit E. That document is Plaintiffs' Supplemental Response to Distributor Defendants' Interrogatory No. 23 and Pharmacy Defendants Interrogatory No. 7. This document largely consists of charts reflecting Defendants' transactional data.

The redacted portions of the Objection brief and the sealed Exhibit E should remain under seal because they contain information protected from disclosure by the Court's April 12, 2019 Consolidated ARCOS Protective Order (Doc. 1545). The Court has ordered the parties to "continue their adherence to the provisions in the ARCOS Protective Order" until the Sixth Circuit issues the mandate in *In re: National Prescription Opiate Litigation*, 2019 WL 2529050 (6th Cir. June 20, 2019). *See* July 5, 2019 Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal (Doc. 1813) ("July 5 Order"), at 3. As noted, the sealed material contained

---

[4] Defendants CVS Rx. Services, Inc., CVS Indiana, LLC, Rite Aid of Maryland, Inc., Walmart Inc., Walgreen Co., and Walgreen Eastern Co. ("Pharmacy Defendants") each join this Position Paper with regards to Documents 1122 and 1123. That submission was jointly filed on behalf of the Distributor and Pharmacy Defendants.

in this document is carefully crafted to ensure that as much of the filing as possible was placed on the public docket.

## CONCLUSION

For the reasons set forth above, Distributor Defendants believe that Document 923 can be made publicly available without redaction, and that only the limited portions of Documents 1449, 1474, 1483, and 1123 identified herein should remain under seal and/or be redacted.

Dated: July 15, 2019                               Respectfully submitted,

/s/ *Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ *Enu Mainigi*
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

/s/ *Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that Distributors have served the foregoing on the Parties in accordance with the Court's directions at Doc. No. 1719.

                                                                */s/ Enu Mainigi*
                                                                Enu Mainigi