# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) ) ) | **CASE NO.: 1:17MD2804**<br><br>**JUDGE DAN A. POLSTER**<br><br>**POSITION PAPER OF THE DEPARTMENT OF JUSTICE AND DRUG ENFORCEMENT ADMINISTRATION REGARDING <u>SEALED/REDACTED DOCUMENTS</u>** |

Pursuant to the Court's June 24, 2019 Order (ECF No. 1725), the United States Department of Justice (DOJ) and the Drug Enforcement Administration (DEA) (collectively, the "United States") hereby submit this position paper to: (a) list every document that the United States has filed on the docket redacted or sealed, (b) state whether the redactions and/or sealing should remain in place, and (c) provide the "compelling reasons" for maintaining the seal or redactions.

The United States identifies the following responsive documents:

**(1) ECF No. 662:  Brief in Support of Objections to Disclosure of ARCOS Data, Declaration, and Exhibit to Declaration (Sealed)**

This document was also filed in a redacted form (ECF No. 663), and it was later filed with more limited redactions (ECF No. 717).  The United States requests that redactions in ECF No. 717 remain in place for the reasons stated below.

**(2) ECF No. 663:  Brief in Support of Objections to Disclosure of ARCOS Data, Declaration, and Exhibit to Declaration (Redacted)**

At the Court's request, the United States refiled this brief at ECF No. 717 with more limited redactions than had been made in ECF No. 663.  The United States requests that redactions in ECF No. 717 remain in place for the reasons stated below.

### (3) ECF No. 717:  Brief in Support of Objections to Disclosure of ARCOS Data, Declaration, and Exhibit to Declaration (Redacted)

The United States requests that the redactions in ECF No. 717 remain in place.  The United States sought, and received, an order to file this brief under seal.  (ECF. No. 656.)  Thereafter, the United States filed a redacted version (ECF No. 663) and, subsequently, a version with more limited redactions.  (ECF No. 717.)  The United States also filed a lengthy brief (ECF No. 716) in response to the Washington Post Company's Motion for Access to the Unredacted Brief in Support of Objections (ECF No. 672), in which the United States set forth the compelling reasons for maintaining the redactions.  This Court found that the United States had established good cause for the redactions.  (ECF No. 800.)

The United States avers that its prior brief (ECF No. 716) adequately articulates the "compelling reasons" as to why the redactions should be maintained.  Specifically, as explained in that brief, the DEA redacted: (1) names of the computer systems and tools that DEA uses and a description of how it utilizes those systems and tools, and (2) the numbers and types of pending cases that involve ARCOS data from 2006 to 2014, including specific examples.

With respect to the first category – computer systems and tools – DEA's ability to use these systems and tools, the manner in which they can be used and searched, how data can be organized or filtered, and what reports can be run to summarize the results, are internal techniques used by DEA in furtherance of its mission.  (Supplemental Declaration of John J. Martin, ECF No. 716, Page ID #16494, ¶ 7.)  Although the names of certain DEA systems and

tools may be in the public domain, information about their specific capabilities and how DEA uses them in support of its mission, including its law enforcement efforts, is not publicly available.  (*Id.* at Page ID #16495, ¶ 10.)  Disclosure of this information would reveal investigative techniques and procedures that DEA uses and would adversely impact its mission. (*Id.* at Page ID #16494, ¶ 7.)  Outside entities could specifically target these systems and tools based on the information about how the systems operate and how DEA queries them.  (*Id.* at Page ID #16495, ¶ 11.)  This could render the systems and tools vulnerable to unlawful intrusion and manipulation, such as by hacking.  (*Id.*)  Further, disclosing the redacted information about how DEA uses the systems and tools and the codes could enable criminals to employ countermeasures to avoid detection.  (*Id.* at Page ID #16496, ¶ 14.)

With respect to the second category – information about pending cases – this information, consisting of the types and number of particular cases, and when they were first opened, would give criminals insight about the specific activities that DEA monitors, as well as about what resources DEA has at its disposal.  (*Id.* at ¶ 17.)  For example, revealing the number of open cases each year by drug code would enable criminals to better understand the scope and focus of the investigations that DEA conducts, how long cases remain open, which types of cases DEA is prioritizing, and how many cases of each kind DEA has open at any given time.  (*Id.* at Page ID #16496-97, ¶ 18.)  Access to such information would enable criminals to employ countermeasures to avoid detection.  (*Id.* at Page ID #16497, ¶ 19.)  Importantly, none of this information is publically available.  (*Id.* at Page ID #16496, ¶ 16.)  Further, the United States redacted information regarding specific open matters that is also not publically available.  (*Id.* at Page ID #16497, ¶¶ 20-21.)  Disclosing the redacted information would be detrimental to DEA's

efforts to prosecute and resolve the actions because doing so would reveal the status of the actions and the strategies that DEA is employing in the action.  (*Id.*)

Additionally, because this brief is related to the recent Sixth Circuit opinion, *In re: National Prescription Opiate Litig.*, -- F.3d---, 2019 WL 2529050 (6th Cir. 2019), the United States respectfully requests that the Court take no action with respect to these redactions until the Sixth Circuit mandate issues.

Respectfully submitted,

JODY H. HUNT
Assistant Attorney General

AVA ROTELL DUSTIN
Executive United States Attorney
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/ James R. Bennett II
JAMES R. BENNETT II (OH #0071663)
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio  44113-1852
(216) 622-3988 (Direct)
(216) 522-4982 (Facsimile)
E-mail:  james.bennett4@usdoj.gov

/s/Natalie A. Waites
Michael D. Granston
Andy Mao
Natalie A. Waites
Kelly E. Phipps
United States Department of Justice
Civil Division/Fraud Section
175 N Street, N.E., Room 9.1817
Washington, D.C. 20002
(202) 353-1284
Kelly.E.Phipps@usdoj.gov

4

Attorneys for U.S. Department of Justice
Drug Enforcement Administration

CERTIFICATE OF SERVICE

I certify that on July 15, 2019, a copy of the foregoing *Position Paper of the Department of Justice and Drug Enforcement Administration Regarding Sealed/Redacted Documents* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing *Position Paper of the Department of Justice and Drug Enforcement Administration Regarding Sealed/Redacted Documents* is four (4) pages in length and within the limitations set by the Court's Order.

/s/ James R. Bennett II
JAMES R. BENNETT II
Assistant U.S. Attorney