UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | ) MDL No. 2804<br>)<br>) Case No. 1:17-md-2804<br>)<br>) Judge Dan Aaron Polster<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. # 1840)**

"Motions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re Gadolinium-Based Contrast Agents Prod. Liab. Litig.*, No. 1:08 GD 50000, 2010 WL 5173568, at *1 (N.D. Ohio June 18, 2010), *aff'd sub nom. Decker v. GE Healthcare Inc.*, 770 F.3d 378 (6th Cir. 2014). Indeed, as this Court has recognized, such motions are rarely granted, and only upon a showing of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice. *Id.* None of these grounds exist here: The law governing the public right of access to judicial documents was correctly applied by this Court in its July 5 Order and has not changed. Indeed, Defendants' attempt to substitute the FOIA standard for the very stringent standard applicable to public access to judicial documents has *already* been rejected by the Sixth Circuit, which long ago recognized that the standards for disclosure under FOIA do not govern the public right of access to court documents. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Defendants' motion for reconsideration should be denied in its entirety.

1

Defendants' motion is predicated on their claim that the Court should have applied the FOIA standard under 5 U.S.C. § 552(b)(4) to the question of public access to the motion filings. Defendants attempt to accomplish this result by linking FOIA's definition of "confidential" to the definition of "trade secret or confidential research, development, or commercial information" contained in Fed. R. Civ. P. 26(c)(1)(g).  But even if they were correct that the two disclosure standards are in any way linked—they are not, as explained in footnote 1—the point is irrelevant at this stage of the proceedings. While Rule 26 provides the appropriate standards for protections during the discovery process, it has no bearing on the question of public access to judicial records.  As the Sixth Circuit has held:  "[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  The Court further explained:

> [A] district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection. . . . *At the adjudication stage, however, very different considerations apply. . . . The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.* . . . Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." . . .

*Id.* (emphasis added).

In *Shane Grp.*, the Sixth Circuit vacated the district court's ruling specifically because "the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from

2

public view." *Id*. at 307.  Urging this Court to apply the Rule 26 standard (as modified, in their view, by the FOIA standard), Defendants simply invite the same error.

Because Rule 26 does not apply here, the terms "trade secret," "commercial information," or "confidential" as set forth in that rule do not govern the question of what information, if any, may be redacted from public court filings.  On this issue, the law is clear: "Only the most compelling reasons can justify non-disclosure" in this context.  *Shane Grp.*, 825 F.3d at 305.  Moreover, "proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury." *Id.* at 307.[1]  (Plaintiffs have set forth the standards

---

[1]  Even if Defendants were correct and Rule 26 did apply here, their argument that the FOIA standard should be incorporated into Rule 26 should still be rejected.  The statute and the civil rule are so fundamentally different in terms of text, structure, and purpose that there is absolutely no reason to treat them identically.  FOIA allows access to records of federal agencies, provided that the records do not fall into any of the exempted categories. If a record does happen to fall within an exemption, then the requester has no right to obtain it; he cannot get around the exemption by showing a compelling need for the record. Under the Federal Rules of Civil Procedure, by contrast, a plaintiff may obtain documents from his adversary once he files suit and states a plausible claim for legal relief. Once the plaintiff does that, he enjoys an almost "unlimited right of discovery." See Fed.R.Civ.P. 26(b)(1); *Wright, Miller, et al.*, Grounds for Protective Orders, 8A Fed. Prac. & Proc. Civ. § 2036 (3d ed.) (noting the "unlimited right of discovery" under the civil rules). Although the civil rules permit the "broadest scope of discovery," they also "leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." *Id.*  Thus, Rule 26 protective orders serve an entirely different purpose from the FOIA exemptions.

Moreover, unlike FOIA, the civil rules do not provide absolute protection for confidential information. *Wright, Miller, et al.*, Protection for Confidential Information, 8A Fed. Prac. & Proc. Civ. § 2043 (3d ed.) ("It is well settled that there is no absolute privilege for trade secrets and similar confidential information[.]"); Notes of Advisory Committee on Rules—1970 Amendment to Rule 26 ("The new reference to trade secrets and other confidential commercial information reflects existing law. *The courts have not given trade secrets automatic and complete immunity against disclosure*, but have in each case weighed their claim to privacy against the need for disclosure. Frequently, they have been afforded a limited protection.") (emphasis added). Rather, any party seeking protection from the disclosure of information under Rule 26(c)(1) (confidential or otherwise) must show several things, including "good cause" and that they will suffer "annoyance, embarrassment, oppression, or undue burden or expense." No such requirements exist under FOIA. Nor do courts under FOIA have the "great flexibility" they have under the civil rules "in devising appropriate terms or conditions for" the disclosure of

applicable to the sealing of judicial records in more detail in their Response to Position Papers Regarding ARCOS Data and Suspicious Order Reports (Doc. No. 1831), to which the Court is respectfully referred.)  Defendants have made no such showing here.

Defendants argue that *Food Marketing Institute v. Argus Leader Media,* 139 S. Ct. 2356 (2019), requires the Court to reconsider its ruling, but the above discussion makes clear why that is not the case.  *Food Marketing Institute* involved FOIA and FOIA alone. It did not discuss or mention the law governing public access to judicial documents. Indeed, the Sixth Circuit in *Brown & Williamson Tobacco* expressly declined to do what Defendants want the Court to do here: Superimpose a FOIA exemption onto the judicial process and thereby thwart the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180–81.

Suffice it to say, *Food Marketing* does not alter the public's right to access judicial records and does not call into doubt the Sixth Circuit's decision in *H.D. Media Company LLC v. U.S. Dep't of Justice*, No. 18-3839, 2019 WL 2529050 (6th Cir. June 20, 2019), which will bind this Court with respect to the protective-order issues once the mandate issues.

Finally, Defendants' assertion that Plaintiffs are "padding the record" is without basis. Defendants cry foul, arguing that:

> By serving exhibits containing massive amounts of raw discovery thatthat Plaintiffs do not cite in their briefs, Plaintiffs have attempted to deprive defendants and third-parties of the privacy and confidentiality that attends the discovery process and continues with respect to information developed through discovery that is not relevant to the judicial function of deciding Plaintiffs' motions.

Defs. Mot. for Recon., at 15.

---

documents in a given case. *Wright, Miller, et al.*, Terms and Conditions on Discovery, 8A Fed. Prac. & Proc. Civ. § 2038 (3d ed.).

4

First, Defendants ignore the Court's Standing Order, which states a preference for the parties to attach full deposition transcripts.  As was discussed during the Special Master conference calls referenced in Defendants' brief, Plaintiffs submitted full transcripts of the depositions with that Standing Order in mind.  Nor can Defendants offer any reason to deny the public access to the full context of depositions cited, rather than to cherry-picked sound bites.

Second, Defendants fail to mention that every one of the depositions cited by Plaintiffs in their three motions for summary judgment, was also cited by Defendants (along with their 884 exhibits) in their 41 dispositive and *Daubert* motions.  The fact that both sides cited to the same depositions demonstrates the clear relevance of these witnesses' testimony.

Third, Defendants' contention that their privacy is in jeopardy is also without basis. Defendants had the opportunity to—and did —assert confidentiality designations to the deposition transcripts at issue as part of the discovery process, and several of the defendants have asserted here as part of the redaction process that, with regard to the materials not yet[2] specifically cited in the parties' briefs, they plan to stand on their previous designations.  While Plaintiffs dispute many of those redactions,[3] the only material that will be made public on July 19, 2019 pursuant to the Court's orders is the material that is *not* subject to those disputed redactions.  Consequently, there is absolutely no basis whatsoever for Defendants to assert any privacy interest is in jeopardy based on the July 19, 2019 filings.

For these reasons, Defendants' Motion for Reconsideration should be denied.

---

[2] Plaintiffs note that there is little doubt that more of the material in the depositions cited thus far will be cited when both parties' oppositions are submitted on July 31, 2019.

[3] As this Court knows, Plaintiffs is aware, Plaintiffs have long and repeatedly asserted that Defendants' confidentiality designations are exceedingly overbroad.  In fact, after analyzing a significant sampling of various Defendants' confidentiality designations, Special Master Cohen found problems with the "great majority" of designations challenged.  *See* Discovery Ruling No. 20 (Doc. #: 1650) at p. 4.

Respectfully submitted,

s/*Peter H. Weinberger*
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
*pweinberger@spanglaw.com*

*Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

s/*Peter H. Weinberger*
Peter H. Weinberger