# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
### 100 EAST FIFTH STREET, ROOM 540
### POTTER STEWART U.S. COURTHOUSE
### CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  July 18, 2019

Ms. Beth S. Brinkmann
Covington & Burling
850 Tenth Street, N.W.
Washington, DC 20001

Mr. Robert A. Nicholas
Reed Smith
1717 Arch Street
Suite 3100
Philadelphia, PA 19103

Re:  Case No. 19-3682, *AmerisourceBergen Drug Corp., et al*
Originating Case No. : 1:17-md-02084

Dear Counsel:

   The emergency petition for writ of mandamus has been docketed as case number **19-3682** with the caption listed above.  If you have not already done so, you must mail a copy of the petition to the lower court judge and counsel for all the other parties.

   Counsel for petitioner must file an Appearance of Counsel form and, if not admitted, apply for admission to the 6th Circuit Bar by **August 1, 2019**.  The forms are available on the court's website.

   The district court judge to whom this petition refers has been served with this letter.

Sincerely yours,

s/Amy E. Gigliotti
Case Management Specialist
Direct Dial No. 513-564-7012

cc:  Ms. Sandy Opacich

No. _____

_____

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
_____

In re AmerisourceBergen Drug Corporation and McKesson Corporation

*Petitioner-Defendants*


_____

On Petition for a Writ of Mandamus to the United States District Court for the
Northern District of Ohio, Eastern Division, Case No. 1:17-md-2084
_____

## EMERGENCY PETITION FOR WRIT OF MANDAMUS
_____

/s/ Beth S. Brinkmann
Beth S. Brinkmann
Geoffrey E. Hobart
Mark H. Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5312
bbrinkmann@cov.com
ghobart@cov.com
mlynch@cov.com
*Counsel for McKesson Corporation*

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
*Counsel for AmerisourceBergen
Drug Corporation*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: __Not yet assigned__          Case Name: __In re AmerisourceBergen Drug Corporation et al.__

Name of counsel: __Kim M. Watterson__

Pursuant to 6th Cir. R. 26.1, __AmerisourceBergen Drug Corporation__
                                          *Name of Party*
makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> Yes, AmerisourceBergen Drug Corporation is a subsidiary of AmerisourceBergen Corporation and AmerisourceBergen Services Corporation.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> Same as above.

---

CERTIFICATE OF SERVICE

I certify that on _____July 18, 2019_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/__Kim M. Watterson__
__Reed Smith LLP__
_____

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: __Not yet assigned__          Case Name: __In re AmerisourceBergen Drug Corporation et al.__

Name of counsel:  __Beth S. Brinkmann__

Pursuant to 6th Cir. R. 26.1, __McKesson Corporation__
*Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> No.

---

CERTIFICATE OF SERVICE

I certify that on _____July 18, 2019_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/__Beth S. Brinkmann__
__Covington & Burling LLP__
__Counsel, McKesson Corporation__

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................... 1

ISSUE PRESENTED ................................................................................................... 3

PROCEDURAL HISTORY ......................................................................................... 3

ARGUMENT ................................................................................................................ 8

CONCLUSION ........................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arnold v. Corr. Med. Servs., Inc.*,
　No. CIV.A 06-129-JBC, 2010 WL 925305 (E.D. Ky. Jan. 29, 2010) ........................... 9

*Cohen v. Beneficial Indus. Loan Corp.*,
　337 U.S. 541 (1949) ............................................................................................................ 9

*Deering Milliken, Inc. v. FTC*,
　647 F.2d 1124 (D.C. Cir. 1978) .................................................................................... 10

*Food Marketing Institute v. Argus Leader Media*,
　139 S. Ct. 2356 (2019) ................................................................................................. 6, 11

*Keohane v. Swarco, Inc.*,
　320 F.2d 429 (6th Cir. 1963) ............................................................................................ 9

*In re: Nat'l Prescription Opiate Litigation*,
　Nos. 18-3839, 18-3860, 2019 WL 2529050 (6th Cir. June 20, 2019) ............... *passim*

*Schlagenhauf v. Holder*,
　379 U.S. 104 (1964) .......................................................................................................... 14

*In re Syncora Guarantee, Inc.*,
　757 F.3d 511 (6th Cir. 2014) ................................................................................. 2, 10, 12

*In re United States*,
　817 F.3d 953 (6th Cir. 2016) ............................................................................................ 2

*United States v. DeFries*,
　129 F.3d 1293 (D.C. Cir. 1997) .................................................................................. 9, 10

*United States v. Krzyske*,
　857 F.2d 1089 (6th Cir. 1988) .......................................................................................... 9

*Will v. Calvert Fire Ins. Co.*,
　437 U.S. 655 (1978) ....................................................................................................... 2, 8

*Williamson v. Recovery Ltd. P'ship*,
　731 F.3d 608 (6th Cir. 2013) ............................................................................................ 9

*Youghiogheny & Ohio Coal Co. v. Milliken*,
　200 F.3d 942 (6th Cir. 1999) ............................................................................................ 9

**Statutes**

28 U.S.C. § 1651 ...........................................................................................................1

5 U.S.C. § 552(b)(4) ....................................................................................................6

**Other Authorities**

Federal Rule of Appellate Procedure 21..................................................................1

Federal Rule of Appellate Procedure 40(a)(1) ....................................................1, 5

Federal Rule of Appellate Procedure 41(b) ...........................................................4

## EMERGENCY PETITION FOR A WRIT OF MANDAMUS

Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21, AmerisourceBergen Drug Corporation and McKesson Corporation petition for an emergency writ of mandamus compelling the U.S. District Court for the Northern District of Ohio, Eastern Division, to (1) vacate its July 15, 2019 Order Regarding ARCOS Data Protective Order, and (2) take no further action to implement this Court's decision in *In re: Nat'l Prescription Opiate Litigation*, Nos. 18-3839, 18-3860, 2019 WL 2529050 (6th Cir. June 20, 2019), until this Court issues its mandate in that case.

## INTRODUCTION

In the ongoing opioid multi-district litigation, two media companies sought access to a Drug Enforcement Administration ("DEA") database known as ARCOS that was produced by DEA to plaintiffs in the litigation over the objections of DEA and the companies that report the information contained in the database to DEA.  The District Court initially entered a Protective Order precluding the public release of the ARCOS database.  The media companies intervened and appealed the entry of the Protective Order to this Court.  On June 20, 2019, this Court entered its opinion vacating the District Court's Protective Order and its orders permitting the filing of court records under seal or with redactions, and remanding to the District Court to enter modified orders consistent with the opinion. *In re: Nat'l Prescription Opiate Litigation*, Nos. 18-3839, 18-3860, 2019 WL 2529050 (6th Cir. June 20, 2019).

The time permitted under the Federal Rules of Appellate Procedure for petitioning this Court for a panel or *en banc* rehearing regarding the June 20 opinion does not expire until August 5, 2019, Fed. R. App. P. 40(a)(1), and this Court has not yet issued its mandate.  Yet, on July 15, 2019, the District Court entered an Order lifting its Protective Order

regarding some of the ARCOS data.  *See* D. Ct. ECF 1845 at 1 (the "Order").  Because the time for rehearing has not expired and the mandate has not issued, the District Court exceeded its jurisdiction when it issued that Order.

Mandamus is appropriate "to confine an inferior court to a lawful exercise of its prescribed jurisdiction."  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661 (1978) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)).  The writ is also appropriate "to protect this court's future appellate jurisdiction."  *In re Syncora Guarantee, Inc.*, 757 F.3d 511, 516 (6th Cir. 2014).  The Order undermines the Court's future appellate jurisdiction over any rehearing petition regarding the Protective Order because the Order allowed release of information for which a timely rehearing petition may be sought regarding its confidentiality.  The purpose of this filing is not to revisit the release of older ARCOS data, which has now entered the public domain.  The purpose is to ensure that the appellate court and the parties have a meaningful opportunity to follow the appropriate procedures for any further judicial review or consideration throughout the litigation.  Mandamus is warranted to ensure that such procedures are followed, especially in light of intervening Supreme Court precedent and the analysis set forth in the opinion dissenting from the June 20 ruling.  Adherence to the governing procedure serves the interests of all parties and will not prevent the disclosure in due course of materials ultimately found to be subject to release.  While mandamus is to be used sparingly, it is appropriate in this instance where there has been both "a judicial usurpation of power [and] a clear abuse of discretion" which threatens this court's future appellate jurisdiction.  *In re United States*, 817 F.3d 953, 960 (6th Cir. 2016).

Mandamus is particularly warranted here because the District Court has indicated an intent to address whether additional ARCOS data should be publicly released, as well

as to revisit redacted filings and filings under seal, before the mandate issues from this Court. Although some of the information allowed to be released by the Order has now been made public, a writ of mandamus from this Court is necessary to prevent release, while these issues remain within this Court's jurisdiction, of additional ARCOS data, as well as the release of other material that has been filed under seal or in redacted form. Any further District Court orders allowing the release of confidential material will not afford Defendants adequate time to seek mandamus against such Orders before release. Still additional rulings on the scope of and procedures for redacting the relevant data and other confidential information are expected from the District Court in the coming weeks. *See* D. Ct. ECF No. 1813 at 6. Any rulings releasing information that are made prior to the issuance of the mandate would require Defendants to do as they are now doing—attempting to secure this Court's mandamus on an emergency basis—and potentially allowing the District Court orders to evade review due to such timing.

## ISSUE PRESENTED

Should a writ of mandamus issue to vacate an order by the District Court where that court lacked jurisdiction to issue the order and where the order will interfere with this Court's appellate jurisdiction.

## PROCEDURAL HISTORY

On March 6, 2018, the District Court entered a Protective Order governing the use and disclosure of certain data that had been provided outside of the litigation context by various companies, including Defendants, to DEA, known as ARCOS data. The companies submit that data to DEA confidentially, and DEA is required by law to maintain the confidentiality of the data except in very narrow circumstances. Under that Protective Order, the data would remain confidential and disclosure of the data could be made only

3

to governmental plaintiffs and State Attorneys General "for this litigation and/or law enforcement purposes."  D. Ct. ECF No. 167 at 1; D. Ct. ECF No. 233 at 22.

Subsequently, various media companies sought disclosure of the ARCOS dataset, and DEA and Defendants objected.  On July 26, 2018, the District Court found good cause to preserve the confidentiality of the ARCOS data.  D. Ct. ECF No. 800.

The media companies appealed, and DEA and Defendants participated as parties before this Court.  This Court, with one panel member dissenting, held that "the district court abused its discretion in finding that good cause existed to permanently and categorically prevent the ARCOS data from being disclosed pursuant to public records requests."  *In re: Nat'l Prescription Opiate Litigation*, 2019 WL 2529050, at *8.  In addition to reviewing the ARCOS Protective Order, this Court also reviewed the District Court's orders "allowing Defendants and the DEA to file pleadings and other court documents under seal and with redactions."  *Id.* at *13.  The Court held that those orders also were an abuse of discretion.  *Id.* at *14.  This Court therefore "vacate[d] any district court orders to the extent they permit sealing or redacting of court records," and remanded "for the district court to reconsider each pleading filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance."  *Id.*

This Court issued its opinion on June 20, 2019.  *See* CA6 ECF 52.  Pursuant to Federal Rule of Appellate Procedure 41(b), the mandate has not issued because the time for petitioning for rehearing has not yet expired.  Fed. R. App. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court shortens or extends the time by order).  Because a federal agency is a party to the appeal, the time to

4

petition for rehearing in this case runs until 45 days after entry of judgment—or August 5, 2019.  *See* Fed. R. App. 40(a)(1).

On June 24, 2019, in light of this Court's opinion, the District Court issued an order requiring the parties, on a compressed schedule, to address the impact of this Court's decision well before the mandate was due to be issued.  First, the District Court directed Plaintiffs, Defendants, DEA, and Intervenors to submit position papers on July 3, 2019 regarding, among other issues, whether the District Court should lift entirely its Protective Orders regarding all ARCOS data produced to the parties in the case.  D. Ct. ECF No. 1725.  Second, the District Court directed the parties to address on July 15 all other material that has been filed under seal or in redacted form.  This order further directed the parties to file responses to those positions papers on July 12.  *Id.* at 1.  The District Court also determined that, "in light of the Sixth Circuit's analysis," certain motions to modify the Protective Orders "must be granted."  *Id.* at 5–6.  This order demonstrated no recognition that the District Court lacks jurisdiction to lift the Protective Order before this Court's mandate issues.

On June 27, 2019, DEA reminded the District Court that this Court had "not yet issued its mandate with respect to its June 20, 2019 opinion," explaining that the District Court therefore "lacks jurisdiction to take action related to matters involved with the appeal."  D. Ct. ECF No. 1748-1 at 2.  DEA further explained that "the Solicitor General has 45 days within which to determine whether the government will file a petition for rehearing," and the "mandate will not issue, and the Sixth Circuit's decision will not become final, until after" that time.  *Id.*  DEA asked the District Court to defer briefing on a revised Protective Order because "any position paper that DEA might submit in response to the

Order would be inextricably bound up with the Solicitor General's decision about whether to seek further review of" this Court's decision.  *Id.* at 5.

The next day, on June 28, 2019, Plaintiffs acknowledged the "rule regarding a district court's jurisdiction pending issuance of the appellate mandate," but asked that the District Court disregard it here, asserting that the rule is not one of "hyper-technical rigidity."  D. Ct. ECF 1770 at 1.  The same day, the District Court entered an order stating that, "in order to allow full compliance with the Sixth Circuit's ruling . . . all existing Protective Orders are reaffirmed and shall remain in place until the Court issues a ruling determining the scope of a new Protective Order, which ruling shall occur as soon as reasonably possible."  D. Ct. Docket Entry Text, June 28, 2019.  This order failed to recognize that the District Court has no jurisdiction to take such action until the mandate issues from this Court.

On July 3, 2019, in the positions papers required to be filed in the District Court, Defendants argued that the June 20, 2019 opinion of this Court was not the last word on the analysis of the scope of confidential materials because only a few days after that opinion, the Supreme Court issued its opinion in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019).  Construing Exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), the Supreme Court rejected the "competitive harm" test this Court applied in its June 20 opinion, 133 S. Ct. at 2363, and held that, "[a]t least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential'" and exempt from disclosure.  *Id.*  In other words, the Supreme Court held that there is no need for a company resisting public disclosure of confidential

6

business data to demonstrate any competitive harm in order to maintain the information's confidentiality.  *Id.*

On July 5, 2019, the District Court indicated that it agreed with DEA and Defendants "that, until the reconsideration period expires and the Sixth Circuit issues a mandate, the ARCOS Protective Order should remain in place."  D. Ct. ECF 1813 at 3.  The District Court stated that the parties "should continue adherence to the provisions in the ARCOS Protective Order regarding redaction and filing under seal."  *Id.*  On July 12, 2019, the parties submitted responses to the position papers that had been filed on July 3.  *See* D. Ct. ECF 1830, 1831, 1832, 1833.  Additional position papers were filed on July 15.  *See* D. Ct. ECF 1839, 1841, 1842, 1843, 1844.  The government again asked the District Court not to take any action until this Court's mandate issues.  D. Ct. ECF 1844 at 4.

On July 12, 2019, this Court prematurely issued the mandate but immediately recalled it.  CA6 ECF 53–54.  Notice of the mandate's premature issuance and subsequent recall were entered on the trial court docket at 10:51 a.m. and 10:55 a.m., respectively, on July 15, 2019.  D. Ct. ECF 1838, Docket Entry Text.  The District Court's Order vacating the Protective Order was entered on the docket at 4:21 p.m. on July 15.  D. Ct. ECF 1845.  When Defendants' counsel asked one of the District Court's Special Masters whether the District Court was aware that the mandate had been recalled, counsel was informed that the District Court had been aware of the recall on July 12.

In the July 15 Order at issue here, the District Court nonetheless ruled that the "Protective Order is hereby lifted as to ARCOS data dated on or before December 31, 2012."  D. Ct. ECF 1845.  Although the District Court had clearly stated on July 5, 2019 that the "ARCOS Protective Order should remain in place" until "the Sixth Circuit issues a mandate," D. Ct. ECF 1813 at 3, the District Court blindsided Defendants and DEA ten

7

days later on July 15, 2019 by ruling without explanation that "there is clearly no basis to shield from public view" pre-2013 ARCOS data, D. Ct. ECF 1845 at 1.

The District Court has required the parties to submit additional filings to address the appropriate scope of redactions for other materials, including both ARCOS material whose confidentiality could be directly at issue in a rehearing petition, and material that is not ARCOS data but whose confidentiality designation could be affected by adjudication of a rehearing petition. *See* D. Ct. ECF 1719. In addition, the parties are in the midst of briefing summary judgment and Daubert motions, and the confidentiality of hundreds of exhibits submitted in connection with these motions remains to be adjudicated. *See* D. Ct. ECF 1788, 1792; *see also* D. Ct. ECF 1799. Those issues require reconciliation of this Court's opinion with the Supreme Court's subsequent opinion in *Food Marketing*, which defined confidential business information much differently than this Court did.

## ARGUMENT

1. The Supreme Court has "repeatedly reaffirmed" that a "traditional use of the writ in aid of appellate jurisdiction" is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Will*, 437 U.S. at 661 (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). Mandamus is appropriate here to vacate the District Court's July 15, 2019 Order because the District Court lacked jurisdiction to issue the Order. *See* D. Ct. ECF 1838, Docket Entry Text.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013). This rule applies with full force in the interlocutory appeal con-

8

text.  *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963) ("The taking of the ap-
peal even though from an interlocutory nonappealable order nevertheless transferred ju-
risdiction to the Court of Appeals."); *United States v. DeFries*, 129 F.3d 1293, 1303 (D.C.
Cir. 1997) ("The filing of a notice of appeal, including an interlocutory appeal, confers
jurisdiction on the court of appeals and divests the district court of control over those
aspects of the case involved in the appeal."); *Arnold v. Corr. Med. Servs., Inc.,* No. CIV.A
06-129-JBC, 2010 WL 925305, at *1 (E.D. Ky. Jan. 29, 2010) (notice of interlocutory ap-
peal challenging the denial of summary judgment "divested the court of jurisdiction to
act, except on remedial matters unrelated to the merits of the appeal").  Here, this Court
based its jurisdiction on the *Cohen* exception to the finality rule.  *See Cohen v. Beneficial
Indus. Loan Corp.*, 337 U.S. 541 (1949).

While "the issuance of the mandate is largely a formality, the court of appeals re-
tains jurisdiction over the case until the mandate issues, and the district court or agency
whose order is being reviewed *cannot* proceed in the interim."  *Youghiogheny & Ohio
Coal Co. v. Milliken*, 200 F.3d 942, 951–52 (6th Cir. 1999) (emphasis added); *see also
United States v. Krzyske*, 857 F.2d 1089, 1093 (6th Cir. 1988) ("It is settled law that the
filing of a timely and sufficient notice of appeal transfers jurisdiction from the district
court to the court of appeals . . . until the district court receives the mandate of the court
of appeals."); *cf. Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1128 (D.C. Cir. 1978) ("It is
well established that the District Court is without jurisdiction to alter a judgment of its
own while an appeal therefrom is ongoing").  Indeed, in *DeFries*, the D.C. Circuit held
that the District Court lacked jurisdiction over a "several months" trial it had convened
and would need to re-try the case because the District Court had proceeded to trial before

the appellate court's mandate had issued on an earlier interlocutory appeal. 129 F.3d at 1303.

The mandate has not yet issued from this Court with regard to its June 20, 2019 opinion addressing the ARCOS Protective Order and other Protective Orders, and DEA and Defendants have until August 5, 2019, to petition this Court for rehearing on that matter. Indeed, DEA informed the District Court that the Solicitor General is considering whether to seek further review, D. Ct. ECF No. 1748-1 at 2, and Defendants told the District Court that at least some of the Defendants will file a petition for rehearing. D. Ct. ECF 1840 at 12. Therefore, the District Court's July 15, 2019 Order lifting the Protective Order as to certain ARCOS data exceeded that court's jurisdiction.

2. Mandamus also is appropriate "to protect this court's future appellate jurisdiction." *In re Syncora Guarantee, Inc.*, 757 F.3d at 516. The District Court's Order lifting the Protective Order as to certain ARCOS data interferes with this Court's future appellate jurisdiction because the Order allowed release of certain data that would have been subject to rehearing petitions relating to that data, and those petitions are not due until August 5, 2019. The District Court's Order thereby deprives the parties of a meaningful opportunity to seek rehearing of this Court's full June 20, 2019 ruling and denies this Court's meaningful exercise of its appellate jurisdiction to consider such rehearing petitions. *See DeFries*, 129 F.3d at 1303 ("The mandate rule prevents the waste of judicial resources that might result if a district court, prior to the issuance of the appeals court's mandate, proceeds with a case, ruling on motions and hearing evidence, after which the appeals court reverses its original decision on rehearing.").

Preserving this Court's appellate jurisdiction is particularly important here in light of the Supreme Court's June 24, 2019 decision in *Food Marketing Institute*, 139 S. Ct. at

10

2363, which this Court has not yet had occasion to consider in connection with the issues on appeal.  In their July 3 position paper regarding the potential lifting of the Protective Order as to ARCOS data, Defendants brought the *Food Marketing* opinion to the District Court's attention, and in a motion for reconsideration of the District Court's July 5 Order, D. Ct. ECF 1840, Defendants informed the District Court that at least some of the Defendants intend to file a petition for rehearing and suggestion for rehearing *en banc* to address the inconsistencies between this Court's June 20, 2019 ruling and the Supreme Court's decision in *Food Marketing*, which issued only a few days thereafter.  Defendants explained to the District Court, ECF No. 1807 at 7, that the *Food Marketing* decision demonstrates that information is "confidential" regardless of whether the disclosure would work any competitive harm to Defendants.  That holding is in conflict with this Court's ruling that the District Court did not have good cause to enter the Protective Order preventing the disclosure of ARCOS data or other orders permitting documents to be sealed or filed with redactions because, *inter alia*, any "competitive" risk to Defendants from disclosure was "slight."  2019 WL 2529050, at *12.  Notwithstanding that the District Court was aware both (1) that the Supreme Court had issued a decision just days after this Court's June 20, 2019 opinion that Defendants argue bears directly on that opinion and (2) that Defendants, and potentially the government, are considering filing a petition for rehearing, the District Court entered its July 15 order, which thwarts further review by this Court.  This Court should be afforded the opportunity to consider the effect of the Supreme Court's decision in *Food Marketing* on the panel's opinion issued only a few days earlier.

The District Court, by issuing its Order before the mandate has issued from this Court, has interfered with a meaningful appellate rehearing opportunity.  Accordingly,

11

the Order threatens "[t]he deprivation of meaningful and timely appellate review," which this Court has found "constitutes substantial and irreparable prejudice" of exactly the type mandamus was designed to protect.  *In re Syncora Guarantee, Inc.*, 757 F.3d at 515. Emergency action by this Court is necessary to preserve meaningful appellate review over rehearing petitions to be filed regarding this Court's June 20 ruling.  Mandamus also would prevent denial of meaningful appellate review of the same legal error that may arise again in the coming weeks due to the possible issuance of further District Court orders lifting Protective Orders on sealed or redacted information.  The District Court announced its intention to undertake the review of its orders as directed by this Court, D. Ct. ECF 1725, but before the mandate has issued.  The same risk exists with respect to the large volume of confidential information submitted in connection with the recently filed summary judgment and Daubert motions that are in the process of being briefed.  Thus, there is a significant risk of additional orders that repeat the precipitous and *ultra vires* lifting of the Protective Order covering a portion of the ARCOS data.

3.  This Court specifically noted in its decision on the Protective Order that the threat of disclosure of ARCOS data is not to be used by the court as a "bargaining chip in settlement discussions."  *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050 at *10 (noting such a consideration would constitute a clear abuse of discretion).  The District Court's Order appears to further the type of settlement-forcing strategy this Court admonished against.  Within twenty-four hours of the District Court's order lifting the Protective Order with regard to certain ARCOS data, at least some of that ARCOS data was received by the *Washington Post*, which sought statements from some Defendants mid-day on July 16.  On the evening of July 16, the *Post* published online multiple, lengthy

12

articles that included some of that data—as well as quotes from Plaintiffs' counsel of record.  Scott Higman, Sari Horwitz, and Steven Rich, *76 billion opioid pills: Newly released federal data unmasks the epidemic*, WASHINGTON POST (July 16, 2019, 8:19 PM), https://www.washingtonpost.com/investigations/76-billion-opioid-pills-newly-released-federal-data-unmasks-the-epidemic/2019/07/16/5f29fd62-a73e-11e9-86dd-d7f0e60391e9_story.html?utm_term=.bad323f0f9cc; Aaron C. Davis and Jenn Abelson, *Distributors pharmacies and manufacturers respond to previously unreleased DEA data about opioid sales*, WASHINGTON POST (July 16, 2019, 8:25 PM), https://www.washingtonpost.com/investigations/distributors-pharmacies-and-manufacturers-respond-to-previously-unreleased-dea-data-about-opioid-sales/2019/07/16/7406d378-a7f6-11e9-86dd-d7f0e60391e9_story.html?utm_term=.3529370c6b2a; *Drilling into the DEA's pain pill database*, WASHINGTON POST, https://www.washingtonpost.com/graphics/2019/investigations/dea-pain-pill-database/?utm_term=.203731acdd5a; *Five takeaways from the DEA's pain pill database*, WASHINGTON POST, https://www.washingtonpost.com/investigations/six-takeaways-from-the-deas-pain-pill-database/2019/07/16/1d82643c-a7e6-11e9-a3a6-ab670962db05_story.html?utm_term=.bd08f105ad82.  These stories were published on the front pages of the *Post* the next morning.  The Cleveland *Plain Dealer* ran a version of one of the *Post* stories on its front page on the morning of July 17.  *See* Scott Higman and Steven Rich, *76 billion opioid pills: Federal data on opioid-flooded market revealed*, THE PLAIN DEALER, https://www.cleveland.com/metro/2019/07/the-plain-dealers-front-page-for-july-17-2019.html.

Creating such publicity adverse to Defendants is a key tenet of the Plaintiffs' litigation strategy.  It is unfortunate that in exceeding its jurisdiction, the District Court's Order

has had the effect of assisting Plaintiffs in their public relations strategy.  Such an abuse of discretion constitutes an additional ground for issuance of the writ of mandamus.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) ("The writ is appropriately issued, however, when there is usurpation of judicial power or a clear abuse of discretion.").

## CONCLUSION

For the foregoing reasons, this Court should issue a writ of mandamus directing the District Court to (1) vacate its July 15, 2019 Order Regarding ARCOS Data Protective Order, and (2) take no further action to implement this Court's decision of June 20, 2019, until this Court issues its mandate in that case.

DATED:       July 18, 2019              Respectfully submitted,

/s/ Beth S. Brinkmann
Beth S. Brinkmann
Geoffrey E. Hobart
Mark H. Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5312
bbrinkmann@cov.com
ghobart@cov.com
mlynch@cov.com
*Counsel for McKesson Corporation*

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
*Counsel for AmerisourceBergen Drug Corporation*

15

**CERTIFICATE OF COMPLIANCE**

This petition complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because it contains 4,135 words, excluding accompanying documents required by Fed. R. App. P. 21(a)(2)(C).

This petition complies with the requirements of Fed. R. App. P. 32(c)(2) and Fed. R. App. P. 32(a) because it has been prepared using Microsoft Word in Georgia, 12-point font.

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019 the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF System.

I further certify that on July 18, 2019 a copy of the foregoing was served via electronic mail to Plaintiffs' counsel (mdl2804discovery@motleyrice.com) and Defendants' counsel (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com).

I further certify that on July 18, 2019, a copy of the foregoing was served via electronic mail to the following:

Karen C. Lefton
The Lefton Group, LLC
3480 W. Market St., Suite 304
Akron, Ohio 44333
330-864-2003
karen@theleftongroup.com
*Counsel to The W.P. Company, LLC, d/b/a, The Washington Post*

Patrick C. McGinley
737 South Hills Drive
Morgantown, West Virginia 26501
304-292-9822
pmcginley@igc.org
*Counsel to HD Media Company, LLC*

Sarah Carroll
Attorney, Appellate Staff
Civil Division, Room 7511
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington D.C. 20530
(202) 514-4027
sarah.w.carroll@usdoj.gov

I further certify that on July 18, 2019, a copy of the foregoing was served via electronic mail and Federal Express upon the following:

Hon. Dan Aaron Polster
Carl B. Stokes United States Court House 801 West Superior Avenue, Courtroom 18B Cleveland, OH 44113-1837
Polster_Chambers@ohnd.uscourts.gov

Special Master David R. Cohen
24400 Chagrin Blvd.
Suite 300
Cleveland, OH 44122
216-831-0001
866-357-3535 (Fax)
david@specialmaster.law


Dated: July 18, 2019                                              /s/ Beth S. Brinkmann

# Appendix

Case No. 18-3839/18-3860

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## ORDER

In re: NATIONAL PRESCRIPTION OPIATE LITIGATION

------------------------------

HD MEDIA COMPANY, LLC

      Intervenor - Appellant

v.

U.S. DEPARTMENT OF JUSTICE; DRUG ENFORCEMENT ADMINISTRATION

      Interested Parties - Appellees

and

DISTRIBUTOR DEFENDANTS; MANUFACTURING DEFENDANTS; CHAIN
PHARMACY DEFENDANTS

      Defendants - Appellees

    Upon sua sponte consideration, it is **ORDERED** that the mandate in this appeal

is hereby recalled as it has been prematurely issued.

                             **ENTERED PURSUANT TO RULE 45(a),
RULES OF THE SIXTH CIRCUIT**
Deborah S. Hunt, Clerk

Issued:  July 12, 2019

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **CASE NO. 1:17-MD-2804** |
| OPIATE LITIGATION | ) | |
| | ) | **JUDGE POLSTER** |
| THIS DOCUMENT RELATES TO: | ) | |
| *"Track One Cases"* | ) | |
| | ) | **ORDER REGARDING** |
| | ) | **ARCOS DATA** |
| | ) | **PROTECTIVE ORDER** |

This Court earlier directed the Plaintiffs, the Defendants, the DEA, and the Media-Intervenors to submit position papers regarding: "(a) whether it should lift entirely its Protective Orders regarding all ARCOS data produced to the parties in this case; and (b) the extent to which it should lift its Protective Orders regarding all Suspicious Order Reports produced to and by the parties in this case." Order at 1 (docket no. 1725). The Court has reviewed the parties' submissions[1] and now rules as follows.

The DEA asks "that the Court allow the DEA, Plaintiffs, Defendants, and the Media Intervenors to meet and confer toward a modified Protective Order." Docket no. 1833 at 4. The Court concludes this request is well-taken, with a caveat. The parties' submissions show that the older the ARCOS data, the less reason for **any** Protective Order. The Court concludes there is clearly no basis to shield from public view ARCOS data dated on or before December 31, 2012. Accordingly, the Protective Order is hereby lifted as to ARCOS data dated on or before

---

[1] *See* docket nos. 1798, 1807, 1808, 1809 (position papers); docket nos. 1830, 1831, 1832, 1833 (responses thereto).

December 31, 2012.  *See* docket no. 1725 at 2 n.1 (defining "ARCOS data"). The Court's July 5, 2019 Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal, docket no. 1813 at 2-3, is modified to reflect this change.

With regard to subsequent ARCOS data and all Suspicious Order Reports, the Court directs the parties to meet and confer and submit, on or before noon on July 25, 2019, a proposed modified protective order.  To the extent the parties cannot reach full agreement, they shall submit a proposal identifying their areas of agreement and their positions on areas of disagreement.

This Order does not change the Court's instructions regarding redaction of briefs, *see* docket no. 1813.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 15, 2019**

2