IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*,<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*,<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF DISTRIBUTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENCE PER SE CLAIMS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    Summary Judgment For Distributors Is Warranted On Plaintiffs' Negligence Per
    Se Claims ................................................................................................................................ 2

CONCLUSION .............................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. States Ins. Co. v. Caputo*,
  710 N.E.2d 731 (Ohio Ct. App. 1998) ...................................................................................3

*Bzdzuich v. U.S. DEA*,
  76 F.3d 738 (6th Cir. 1996) ....................................................................................................3

*Gonzales v. Oregon*,
  546 U.S. 243 (2006) ................................................................................................................3

*Kemp v. Medtronic, Inc.*,
  2001 WL 91119 (6th Cir. Jan. 26, 2001) ................................................................................3

*Kooyman v. Staffco Constr., Inc.*,
  937 N.E.2d 576 (Ohio Ct. App. 2010) ....................................................................................3

*Monnin v. Fifth Third Bank of Miami Valley, N.A.*,
  658 N.E.2d 1140 (Ohio Ct. App. 1995) ..................................................................................3

**Statutes**

R.C. § 2925.02(A) ...........................................................................................................................4

R.C. § 4729.01(F) ............................................................................................................................4

**Regulations**

O.A.C. § 4729-9-12 .........................................................................................................................4

O.A.C. § 4729-9-16 .........................................................................................................................4

O.A.C. § 4729-9-28 .........................................................................................................................4

## INTRODUCTION

Distributors[1] seek summary judgment on Plaintiffs' negligence per se claims. The Court declined to reach Summit County's negligence per se claim at the motion to dismiss stage, Doc. No. 1203 at 34, but recently ruled that the federal Controlled Substances Act ("CSA") and several state-law CSA analogues do not give rise to a claim of negligence per se on the part of government entities seeking to recover "the costs of public services to address the opioid epidemic," Doc. No. 1680 at 25. This ruling is equally dispositive of Plaintiffs' negligence per se claims. Like the Muscogee (Creek) Nation and The Blackfeet Tribe of the Blackfeet Indian Nation (collectively, the "Tribes"), Plaintiffs are not the intended beneficiaries of the federal CSA or Ohio controlled substances regulations.

## BACKGROUND

Summit County and Cuyahoga County ("Plaintiffs") allege that Distributors' "conduct was negligence per se in that [they] violated federal law, including [the federal CSA and its implementing regulations], and Ohio law, including [comparable Board of Pharmacy

---

[1] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Prescription Supply Inc., H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC, H. D. Smith Holding Company, Henry Schein, Inc., Henry Schein Medical Systems, Inc., and Anda, Inc.

On October 2, 2018, H. D. Smith Holdings, LLC and H. D. Smith Holding Company (the "Holding Companies") moved to dismiss the Second Amended Corrected Complaint in *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 1:17-op-45004 (N.D. Ohio) based on lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Doc. No. 1015. Plaintiffs have not filed an opposition, nor has the Court issued a ruling. By joining in any motion in the above-referenced matter, the H. D. Smith Holding Companies are in no way waiving their previously asserted defense that the Court lacks personal jurisdiction over the Holding Companies and must dismiss them from this case, pursuant to Fed. R. Civ. P. 12(b)(2).

regulations].'' Summit TAC, Doc. No. 1466 ¶ 1061; Cuyahoga TAC, Doc No. 1631 ¶ 1104.  The Tribes made nearly identical allegations in their complaints.[2]

On June 13, 2019, this Court addressed Magistrate Judge Ruiz's Report and Recommendation in the Tribe cases.  Doc. No. 1680.  The Court noted that "[t]here are many similarities between the claims presented by Plaintiffs and the arguments brought by Defendants in the above captioned cases and the claims and arguments advanced in the *Track One* Cases." *Id.* at 2.  Applying Montana and Oklahoma law, the Court acknowledged that "a claim for negligence per se requires that a defendant violated a particular statute and has distinct elements from a common law negligence claim." *Id.* at 23.  The Court further recognized that "[t]he key element of a negligence per se claim … is showing that [Plaintiffs] are intended beneficiaries of the statutes that Defendants allegedly violated." *Id.* at 24.  Applying that law, the Court held that the federal "CSA was not intended to protect sovereigns like the Tribes from spending more on addiction-related public services when rates of addiction increase.  Thus, the Tribes cannot use the CSA as a statutory basis for their negligence per se claims." *Id.*  For the same reasons, the Court likewise rejected the Tribe's negligence per se claims based on Montana and Oklahoma controlled substances laws. *Id.* at 25.

## ARGUMENT

### Summary Judgment For Distributors Is Warranted On Plaintiffs' Negligence Per Se Claims

Plaintiffs' negligence per se claims fail for precisely the same reasons that the Tribe's negligence per se claims failed.

---

[2] *See* Muscogee (Creek) Nation FAC, Doc. No. 731 ¶¶ 467, 475 ("Diversion Defendants also have duties under Federal and Oklahoma law, including the FCSA and the Oklahoma CSA, to exercise reasonable care in selling and distributing opioids….  Diversion Defendants were also negligent per se by virtue of having violated laws and regulations pertaining to the diversion of prescription opioids."); *see also* Blackfeet Tribe Corrected FAC, Doc. No. 1128 ¶ 1021.

2

Ohio law is no different from Montana and Oklahoma law regarding negligence per se. In Ohio, a plaintiff may assert a negligence per se claim based upon the alleged breach of a statutory duty only if the plaintiff is "***a person whom the statute … was intended to protect***." *Am. States Ins. Co. v. Caputo*, 710 N.E.2d 731, 735 (Ohio Ct. App. 1998) (emphasis added); *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 658 N.E.2d 1140, 1149 (Ohio Ct. App. 1995) (finding negligence per se inapplicable because the banking law at issue was "not intended to protect individual depositors"). Plaintiffs allege as the sole basis for their negligence per se claims that Distributors violated the federal CSA, as well as federal and Ohio controlled substances regulations. *See* Summit TAC, Doc. No. 1466 ¶ 1061; Cuyahoga TAC, Doc. No. 1631 ¶ 1104 (same). But, for the reasons provided in the Court's June 13 Order, *see* Doc. No. 1680 at 23–25, those statutes and regulations cannot support a negligence per se claim by Plaintiffs.[3]

The federal CSA was "[e]nacted in 1970 with the main objectives of combating drug abuse and controlling the legitimate and illegitimate traffic in controlled substances." *Gonzales v. Oregon*, 546 U.S. 243, 250 (2006); *see also Bzdzuich v. U.S. DEA*, 76 F.3d 738, 742 (6th Cir. 1996) ("[T]he interest protected in 21 U.S.C. § 823(b) is the interest of the public in the legitimate use of controlled substances and, by implication, to contain the deleterious consequences to the public's health and safety of illegitimate use."). "[T]he CSA creates a comprehensive, closed regulatory regime criminalizing the unauthorized manufacture, distribution, dispensing, and possession of substances classified in any of the Act's five schedules." *Gonzales*, 546 U.S. at 250.

---

[3] To the extent that Plaintiffs' negligence per se claims are based on regulatory (rather than statutory) provisions, they fail for an additional reason: "administratively enacted provisions cannot form the basis of a finding of negligence per se" under Ohio law. *Kooyman v. Staffco Constr., Inc.*, 937 N.E.2d 576, 582 (Ohio Ct. App. 2010); *accord Kemp v. Medtronic, Inc.*, 2001 WL 91119, at *1 (6th Cir. Jan. 26, 2001) (per curiam) (holding under Ohio law that "the violation of administrative rules and regulations 'does not constitute negligence per se'").

In light of these facts, this Court held that "[t]he CSA was intended to protect individual members of the public from falling victim to drug misuse and abuse." Doc. No. 1680 at 24. The CSA "was ***not intended to protect*** [***governments***] ***from spending more on addiction-related public services*** when rates of addiction increase." *Id.* (emphasis added). The same applies to the Ohio-law provisions cited by Plaintiffs, which likewise are "not intended to protect Plaintiffs from the costs of public services to address the opioid epidemic." *Id.* at 25; *see also* R.C. § 2925.02(A); and § 4729.01(F) and O.A.C. §§ 4729-9-12, 4729-9-16, and 4729-9-28.

In sum, because neither the federal CSA nor the Ohio controlled substances regulations cited by Plaintiffs were intended to protect government entities from spending more on addiction-related public services, Plaintiffs' negligence per se claims fail as a matter of law.

## CONCLUSION

The Court should grant summary judgment to Distributors on Plaintiffs' negligence per se claims.

4

Dated: June 28, 2019                                          Respectfully submitted,

/s/ *Geoffrey E. Hobart*                                       /s/ *Robert A. Nicholas*
Geoffrey E. Hobart                                            Robert A. Nicholas
Mark H. Lynch                                                 Shannon E. McClure
Christian J. Pistilli                                         **REED SMITH LLP**
**COVINGTON & BURLING LLP**                                   Three Logan Square
One CityCenter                                                1717 Arch Street, Suite 3100
850 Tenth Street NW                                           Philadelphia, PA 19103
Washington, DC 20001                                          Tel: (215) 851-8100
Tel: (202) 662-5281                                           Fax: (215) 851-1420
ghobart@cov.com                                               rnicholas@reedsmith.com
mlynch@cov.com                                                smcclure@reedsmith.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*                  *Counsel for Defendant AmerisourceBergen Drug Corporation*

/s/ *F. Lane Heard III*                                       /s/ *John J. Haggerty*
Enu Mainigi                                                   John J. Haggerty (0073572)
F. Lane Heard III                                             James C. Clark
George A. Borden                                              Stephan A. Cornell
Ashley W. Hardin                                              **FOX ROTHSCHILD LLP**
**WILLIAMS & CONNOLLY LLP**                                   2700 Kelly Road, Suite 300
725 Twelfth Street NW                                         Warrington, PA 18976
Washington, DC 20005                                          Tel: (215) 345-7500
Tel: (202) 434-5000                                           Fax: (215) 345-7507
Fax: (202) 434-5029                                           jhaggerty@foxrothschild.com
emainigi@wc.com                                               jclark@foxrothschild.com
lheard@wc.com                                                 scornell@foxrothschild.com
gborden@wc.com
ahardin@wc.com                                                *Counsel for Defendant Prescription Supply Inc.*

*Counsel for Defendant Cardinal Health, Inc.*

/s/ *William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC and H. D. Smith Holding Company*

/s/ *John P. McDonald*
John P. McDonald (TX Bar # 13549090)
C. Scott Jones (TX Bar # 24012922)
Lauren M. Fincher (TX Bar # 24069718)
Brandan J. Montminy (TX Bar #24088080)
**LOCKE LORD LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel: (214) 740-8445
Fax: (214) 756-8110
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Attorneys for Defendants Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

/s/ *James W. Matthews*
James W. Matthews
Katy E. Koski
Kristina Matic
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199
Tel:  617.342.4000
Fax:  617.342.4001
jmatthews@foley.com
kkoski@foley.com
kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to the Court's Order Regarding Pretrial Motions for "Track One" Trial, ECF # 1653, Tranche Two motions may be filed by individual defendants with a limit of 18 pages per defendant. This memorandum in support adheres to the limits set forth in that order, as it totals 4 pages.

/s/ *Robert A. Nicholas*
Robert A. Nicholas

## CERTIFICATE OF SERVICE

I hereby certify that Distributors have served the foregoing on the Parties, the Court, and the Special Masters in accordance with the Court's directions at Doc. No. 1719.

/s/ *Robert A. Nicholas*
Robert A. Nicholas