# Exhibit A

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: *County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004 | Judge Dan Aaron Polster |

### CUYAHOGA COUNTY'S
### SUPPLEMENTAL RESPONSE AND OBJECTIONS TO
### DISTRIBUTOR DEFENDANTS' INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), Cuyahoga County ("Plaintiff") hereby provide its supplemental response and objections to Distributor Defendants' Interrogatories, as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

dated November 2, 2018 (Manufacturer Interrogatory No. 10 and Pharmacy Interrogatory Nos. 2 &
3); "Amended Responses and Objections to the National Retail Pharmacy Defendants First Set of
Interrogatories and Distributor Defendants' Fourth Set of Interrogatories" dated October 31, 2018
(Distributor Interrogatory No. 23 and Pharmacy Interrogatory No. 7); "Responses and Objections
to Distributor Defendants' Fourth Set of Interrogatories" dated August 31, 2018 (Distributor
Interrogatory Nos. 23 & 29); "First Amended Responses and Objections to Distributor Defendants'
Third Set of Interrogatories" dated August 13, 2018 (Distributor Interrogatory Nos. 16 & 17); and
"Initial Responses and Objections to Manufacturer Defendants' Second Set of Interrogatories"
dated July 5, 2018 (Manufacturer Interrogatory No. 27).

**Interrogatory No. 24:**

Identify all false and/or fraudulent information that You allege any Distributor Defendant supplied
to the Drug Enforcement Administration about Suspicious Orders as alleged in Paragraph 859 of
the Second Amended Complaint.

**Response to Interrogatory No. 24:**

Plaintiff repeats and reasserts their prior objections and adopt their prior responses to this
Interrogatory. Plaintiff objects to this Interrogatory to the extent the term "all false and/or
fraudulent information" is vague and ambiguous and subject to varying interpretations. Plaintiff
objects to this Interrogatory as unduly burdensome and not proportional to the needs of this case
because it would be virtually, if not literally, impossible for Plaintiff to identify every/or "all false
and/or fraudulent information" that Defendants "supplied to the Drug Enforcement
Administration." Plaintiff is not privy to the Defendants' communications with the DEA. Plaintiff
objects in that this Interrogatory seeks information uniquely in the possession of Defendants and/or
third-parties. To the extent Plaintiff were able to identify all responsive information, Plaintiff objects
that it is unduly burdensome and disproportionate to the needs of the case for Plaintiff to be asked

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to identify all false and/or fraudulent information that the Distributor Defendants supplied to the Drug Enforcement Administration ("DEA") about Suspicious Orders. This Interrogatory is contention discovery more appropriately answered once discovery is completed. See Fed. R. Civ. P. 33(a)(2).[5]

Plaintiff incorporates its answer and objections to Distributors' Interrogatory 23 by reference. Moreover, hundreds of depositions of fact witnesses have been taken of defense witnesses and bellwether Plaintiffs utilizing hundreds of exhibits. The discovery performed to date, including depositions and document productions, provides details of statements and omissions made or disseminated that were false, misleading, unfair and deceptive and in furtherance of the RICO scheme. It is not practicable to specifically identify each and every statement and omissions herein or every responsive document. Plaintiffs reserve the right to rely upon and introduce as evidence any and all deposition testimony and exhibits addressing this topic.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff reserves the right to further amend or answer this Interrogatory by identifying non-privileged, responsive documents. Plaintiff repeats and reasserts its prior objections and adopts its prior responses to this Interrogatory.

Subject to and without waiving all objections, Plaintiff responds as follows: Among the false and fraudulent information that each of the Distributor Defendants supplied the DEA were: (a)

---

[5] Subject to and without waiving all objections, Plaintiff incorporates by reference its responses to Distributor Defendants' Interrogatory Nos. 23 & 29 dated January 25, 2019 and August 31, 2018; Manufacturer Defendants' Interrogatory No. 27 dated December 21, 2018; National Retail Pharmacy Defendants' Interrogatory No. 7 dated January 25, 2019; its "Amended Responses and Objections to the National Retail Pharmacy Defendants First Set of Interrogatories and Distributor Defendants' Fourth Set of Interrogatories" dated October 31, 2018; its "Supplemental Responses & Objections to Reformulated Suspicious Order Interrogatory Served by Manufacturer Defendants" dated November 27, 2018; its "Supplemental Responses and Objections to Distributor Defendants' Interrogatory Number 3 As Rewritten By Special Master David Cohen" dated December 21, 2018; its "Responses to Supplemental Interrogatory Issued in Discovery Ruling 12 to Plaintiffs" dated January 11, 2019, and its "Responses to the Amended and Clarified Discovery Ruling 12 Supplemental Interrogatory Issued to Plaintiffs" dated January 25, 2019.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

information suggesting that the quotas for prescription opioids should be increased; (b) the Distributors were complying with their obligations to maintain effective controls against diversion of their prescription opioids; (c) the Distributors were complying with their obligations to design and operate a system to disclose to the registrant suspicious orders of their prescription opioids; (d) the Distributors were complying with their obligation to notify the DEA of any suspicious orders or diversion of their prescription opioids; and (e) the Distributors did not have the capability to identify suspicious orders of controlled substances. In addition, statements submitted to the DEA were fraudulent because Defendants, including Distributor Defendants, were aware of suspicious orders of prescription opioids and the diversion of their prescription opioids into the illicit market, and failed to include this information to the DEA in their mandatory reports and applications for production quotas or allocations of a manufacturer's portion of the quota, thus rendering the statements made in those submissions misleading and fraudulent. As set forth in ¶ 859 and elsewhere in the Complaint, Plaintiff also relies on these omissions in support of its RICO claims. In particular, the submissions to the DEA that contained false and/or fraudulent information, included: (a) documents and communications that supported and/or facilitated the Manufacturers' requests for higher aggregate production quotas, individual production quotas, and procurement quotas; (b) each Distributor's DEA registrations, along with documents and communications that supported and/or facilitated those registrations; and (c) all records and reports that were submitted to the DEA pursuant to 21 U.S.C. § 827. Each of these communications was fraudulent and misleading because each failed to disclose that (1) the Distributor submitting it had no adequate system to detect and investigate suspicious orders; (2) to the extent such systems existed, the Distributors did not follow them; and (3) orders that were or should have been identified as suspicious had been shipped without clearance and, indeed, without investigation.

Plaintiff is unable, at this time, to provide Bates numbers for each and every document in which each particular Defendant supplied (or omitted) the above-described false and/or fraudulent information to the DEA, because such information is in the possession of the Defendants. To the extent that documents reflecting these details have been produced to the Plaintiff, Plaintiff notes that, to date, the RICO Defendants have produced 13,110,844 documents, 2,284,887 of which were produced after the October 25 "substantial completion" date. Even more documents have been produced by Defendants since the January 25, 2019, deadline. From the current production, which is growing on a daily basis, Plaintiff has identified a subset, consisting of approximately 1,259,493 documents that may provide information responsive to this Interrogatory. Plaintiff is actively engaged in the review and analysis of these documents. To the extent that Plaintiff has already identified particular documents in which the false and/or fraudulent information was supplied, such information is reflected in Exhibit 24A, attached hereto. Plaintiff reserves this right to supplement this answer with additional false and fraudulent information supplied by the Defendants to the DEA with respect to suspicious orders [and/or additional details about Defendants' false statements] supplied, as such additional information becomes available in discovery.

[Further Text Omitted]

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated:  March 4, 2019

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**<u>CERTIFICATE OF SERVICE</u>**

I, Salvatore C. Badala, certify that on this 4th day of March 2019, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

<u>*s/ Salvatore C. Badala*</u>