UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 17-op-45004 (N.D. Ohio) | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
<u>ON PLAINTIFFS' CIVIL CONSPIRACY CLAIM</u>**

Pursuant to Special Master Cohen's Amended Order Regarding Pretrial Motions for "Track One" Trial, Doc. 1709, the Pharmacy Defendants[1] submit the following summary sheet relating to their Motion for Summary Judgment on Plaintiffs' Civil Conspiracy Claim:

- To meet their burden on their civil conspiracy claim, Plaintiffs must prove that Pharmacy Defendants were part of a "malicious combination," meaning that they shared a common understanding to work together to harm another through an intentional unlawful act. After extensive discovery, Plaintiffs cannot meet that burden.

- Plaintiffs' witnesses devote significant attention to establishing the existence of a conspiracy on the part of Manufacturer Defendants to use "front groups" of medical professionals to spread misleading information about the addictive properties of prescription opioids. However, the evidence shows that Pharmacy Defendants were among the *targets* of—not participants in—this alleged conspiracy.

---

[1] "Pharmacy Defendants" are CVS Rx Services, Inc. and CVS Indiana, L.L.C. ("CVS Distributors"), Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center ("Rite Aid"), Walgreen Co. and Walgreen Eastern Co. ("Walgreens"), HBC Service Company, an unincorporated operating division of Giant Eagle, Inc. ("Giant Eagle"), Discount Drug Mart ("DDM"), and Walmart Inc. ("Walmart").

- Plaintiffs have not brought any kind of RICO enterprise claim against the Pharmacy Defendants.

- While there is no dispute that Pharmacy Defendants distributed and sold prescription opioids, Pharmacy Defendants did not enter a conspiracy by selling lawful products. Courts have repeatedly rejected the idea that pharmacies or others in the drug distribution chain "conspire" with drug manufacturers simply by distributing their products.

- Pharmacy Defendants also did not enter a conspiracy by participating in legitimate trade associations.  Despite attending some HDA events, the Pharmacy Defendants were not actually members of that organization.  Mere participation in events hosted by HDA cannot possibly be proof of a malicious combination.  And while Pharmacy Defendants were members of the NACDS, the evidence shows that NACDS is a legitimate industry association that helped to promote regulatory compliance.

- Even if Plaintiffs disagree with some of the policy positions staked out by the NACDS or HDA, that kind of advocacy work is fully protected by the First Amendment and cannot form the basis for a conspiracy claim.

- Plaintiffs also cannot establish a conspiracy based on their claim that Pharmacy Defendants committed regulatory violations.  Evidence that members of an industry engaged in parallel conduct (or even that they committed similar regulatory violations) is insufficient as a matter of law to support a claim for civil conspiracy.  Even if Plaintiffs could establish various regulatory violations by Pharmacy Defendants, nothing suggests that those supposed violations were *concerted*.

- In addition to proving a malicious combination, a plaintiff alleging a civil conspiracy must prove that the malicious combination resulted in an unlawful act and that the conspiracy caused the plaintiff to suffer injury.  As will be set forth in Pharmacy Defendants' forthcoming briefs on the merits and causation, Plaintiffs cannot make either showing.