UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.,*<br>Case No. 17-op-45004 (N.D. Ohio) | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

**DECLARATION OF TARA A. FUMERTON
IN SUPPORT OF PHARMACY DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT ON PLAINTIFFS' CIVIL CONSPIRACY CLAIM</u>**

Pursuant to 28 U.S.C. § 1746, I, Tara A. Fumerton, declare as follows:

1. I am a partner at the law firm of Jones Day and counsel for Defendant Walmart Inc. ("Walmart") in the above-captioned case.

2. I submit this declaration for the purpose of transmitting true and correct copies of exhibits to support the motion for summary judgment of CVS Rx Services, Inc. and CVS Indiana, L.L.C. ("CVS Distributors"), Rite Aid of Maryland, Inc., d/b/a Mid-Atlantic Customer Support Center ("Rite Aid"), Walgreen Co. and Walgreen Eastern Co. ("Walgreens"), HBC Service Company, an unincorporated operating division of Giant Eagle, Inc. ("HBC" or "Giant Eagle"), Discount Drug Mart ("DDM"), and Walmart (collectively, "Pharmacy Defendants") on Plaintiffs' civil conspiracy claim.

3. Attached as <u>Exhibit 1</u> is a true and correct copy of the declaration of Natasha Polster, dated June 21, 2019, and submitted on behalf of Walgreens in the above-captioned case.

4. Attached as Exhibit 2 is a true and correct copy of excerpts from CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21 and 30 of Plaintiffs' First Set of Interrogatories, which were served in the above-captioned case.

5. Attached as Exhibit 3 is a true and correct copy of excerpts from Discount Drug Mart, Inc. Responses to Plaintiffs' First Set of Interrogatories, which were served in the above-captioned case.

6. Attached as Exhibit 4 is a true and correct copy of excerpts from Walmart Inc.'s Responses to Plaintiffs (First) Combined Discovery Requests to National Retail Pharmacies Defendants, which were served in the above-captioned case and marked as Exhibit 7 to the 30(b)(6) deposition of Susanne Hiland.

7. Attached as Exhibit 5 is a true and correct copy of excerpts from Rite Aid of Maryland, Inc.'s Written Responses to Topic 1(o) in Plaintiffs First Rule 30(b)(6) Deposition Notice and Topics 3-5, 8-11, 14-16, and 19 in Plaintiffs' Second Rule 30(b)(6) Deposition Notice, which were served in the above-captioned case.

8. Attached as Exhibit 6 is a true and correct copy of excerpts from CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 7, 12, 14, 15, 17, 19, and 22-29 of Plaintiffs' First Set of Interrogatories, which were served in the above-captioned case.

9. Attached as Exhibit 7 is a true and correct copy of excerpts from Rite Aid of Maryland, Inc.'s Second Supplemental Objections and Answers to Plaintiffs' First Set of Interrogatories Nos. 2, 4-10, 12-15, 17-18, 20, 23-28, 30, 32-33, and 35, which were served in the above-captioned case.

10. Attached as <u>Exhibit 8</u> is a true and correct copy of excerpts from Defendants Walgreen Co. and Walgreen Eastern Co.'s Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, which were served in the above-captioned case.

11. Attached as <u>Exhibit 9</u> is a true and correct copy of excerpts from HBC Service Company's Second Supplemental Answers to Plaintiffs' First Set of Interrogatories to HBC Service Company, which were served in the above-captioned case.

12. Attached as <u>Exhibit 10</u> is a true and correct copy of excerpts from Walmart Inc.'s Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories to Wal-Mart Inc., which were served in the above-captioned case.

13. Attached as <u>Exhibit 11</u> is a true and correct copy of excerpts from the transcript of the deposition of Jason Briscoe, which was held on December 6, 2018 in the above-captioned case.

14. Attached as <u>Exhibit 12</u> is a true and correct copy of excerpts from the transcript of the deposition of JoLynn Coleman, which was held on December 13, 2018 in the above-captioned case.

15. Attached as <u>Exhibit 13</u> is a true and correct copy of excerpts from the transcript of the deposition of Patsy Little, which was held on December 14, 2018 in the above-captioned case.

16. Attached as <u>Exhibit 14</u> is a true and correct copy of excerpts from the transcript of the deposition of Eugene Tommasi, which was held on December 18, 2018 in the above-captioned case.

17. Attached as <u>Exhibit 15</u> is a true and correct copy of excerpts from the transcript of the deposition of Edward Kaleta, which was held on December 18, 2018 in the above-captioned case.

18. Attached as <u>Exhibit 16</u> is a true and correct copy of excerpts from the transcript of the deposition of Joseph E. Millward, which was held on December 20, 2018 in the above-captioned case.

19. Attached as <u>Exhibit 17</u> is a true and correct copy of excerpts from the transcript of the deposition of Peter Ratycz, which was held on December 21, 2018 in the above-captioned case.

20. Attached as <u>Exhibit 18</u> is a true and correct copy of excerpts from the transcript of the deposition of Kevin Mitchell, which was held on January 16, 2019 in the above-captioned case.

21. Attached as <u>Exhibit 19</u> is a true and correct copy of excerpts from the transcript of the deposition of Susanne Hiland as Walmart's 30(b)(6) designee, which was held on January 22, 2019 in the above-captioned case.

22. Attached as <u>Exhibit 20</u> is a true and correct copy of excerpts from the transcript of the individual deposition of Susanne Hiland, which was held on January 23, 2019 in the above-captioned case.

23. Attached as <u>Exhibit 21</u> is a true and correct copy of excerpts from the transcript of the deposition of David A. Kessler, which was held on April 25, 2019 in the above-captioned case.

24. Attached as <u>Exhibit 22</u> is a true and correct copy of excerpts from the transcript of the deposition of Patrick Kelly, which was held on May 10, 2019 in the above-captioned case.

25. Attached as Exhibit 23 is a true and correct copy of excerpts from the transcript of the deposition of Thomas Prevoznik, which was held on April 17, 2019, April 18, 2019, and May 17, 2019 in the above-captioned case.

26. Attached as Exhibit 24 is a true and correct copy of excerpts from the transcript of the deposition of Anna Lembke, which was held on April 24, 2019 in the above-captioned case.

27. Attached as Exhibit 25 is a true and correct copy of excerpts from the transcript of the deposition of Joseph Rannazzisi, which was held on April 26, 2019 and May 15, 2019 in the above-captioned case.

28. Attached as Exhibit 26 is a true and correct copy of excerpts from the transcript of the deposition of David S. Egilman, which was held on April 26, 2019 in the above-captioned case.

29. Attached as Exhibit 27 is a true and correct copy of excerpts from the expert report of Anupam B. Jena, which was submitted on behalf of Rite Aid in the above-captioned case.

30. Attached as Exhibit 28 is a true and correct copy of excerpts from the expert report of Sonya Kwon, which was submitted on behalf of CVS Distributors in the above-captioned case.

31. Attached as Exhibit 29 is a true and correct copy of excerpts from the expert report of Mathew C. Greimel, which was submitted on behalf of Giant Eagle in the above-captioned case.

32. Attached as Exhibit 30 is a true and correct copy of excerpts from the expert report of Robert L. Hill, which was submitted on behalf of CVS Distributors in the above-captioned case.

33. Attached as <u>Exhibit 31</u> is a true and correct copy of excerpts from the amended expert report of Sandra K.B. Kinsey, which was submitted on behalf of Giant Eagle in the above-captioned case.

34. Attached as <u>Exhibit 32</u> is a true and correct copy of excerpts from the expert report of Meredith Rosenthal, which was submitted on behalf of Plaintiffs in the above-captioned case.

35. Attached as <u>Exhibit 33</u> is a true and correct copy of excerpts from the expert report of Matthew Perri III, which was submitted on behalf of Plaintiffs in the above-captioned case.

36. Attached as <u>Exhibit 34</u> is a true and correct copy of excerpts from the expert report of Anna Lembke, which was submitted on behalf of Plaintiffs in the above-captioned case.

37. Attached as <u>Exhibit 35</u> is a true and correct copy of excerpts from the expert report of Jane C. Ballantyne, which was submitted on behalf of Plaintiffs in the above-captioned case.

38. Attached as <u>Exhibit 36</u> is a true and correct copy of excerpts from the expert report of David S. Egilman, which was submitted on behalf of Plaintiffs in the above-captioned case.

39. Attached as <u>Exhibit 37</u> is a true and correct copy of excerpts from the expert report of Mark A. Schumacher, which was submitted on behalf of Plaintiffs in the above-captioned case.

40. Attached as <u>Exhibit 38</u> is a true and correct copy of excerpts from the expert report of David Kessler, which was submitted on behalf of Plaintiffs in the above-captioned case.

41. Attached as <u>Exhibit 39</u> is a true and correct copy of excerpts from the expert report of Seth B. Whitelaw, which was submitted on behalf of Plaintiffs in the above-captioned case.

42. Attached as <u>Exhibit 40</u> is a true and correct copy of excerpts from the expert report of James E. Rafalski, which was submitted on behalf of Plaintiffs in the above-captioned case.

43. Attached as <u>Exhibit 41</u> is a true and correct copy of Exhibit 11 to the deposition of Thomas Moffatt in the above-captioned case, which is a CVS Health document titled "Trade Association and Coalition Participation."

44. Attached as <u>Exhibit 42</u> is a true and correct copy of a Walmart document titled "Controlled Substances Suspicious Order Monitoring," which was produced by Walmart in the above-captioned case with the Bates number WMT_MDL_000008377-379.

45. Attached as <u>Exhibit 43</u> is a true and correct copy of a document titled "Distribution Management Conference and Expo – Daily Schedule," which was produced by the Healthcare Distribution Alliance ("HDA") in discovery in the above-captioned case with the Bates number HDA_MDL_00194611-634.

46. Attached as <u>Exhibit 44</u> is a true and correct copy of an excel spreadsheet that was produced by HDA in native Microsoft Excel format in discovery in the above-captioned case with the Bates number HDA_MDL_000022943, and which was converted to PDF format.

47. Attached as <u>Exhibit 45</u> is a true and correct copy of a document titled "NACDS Policy Statement" dated July 2012, which was produced by Rite Aid in discovery in the above-captioned case with the Bates number Rite_Aid_OMDL_0030586-591.

48. Attached as <u>Exhibit 46</u> is a true and correct copy of an email chain from Kevin Nicholson (NACDS) dated August 23, 2017, which was produced by Walgreens Boots Alliance, Inc. ("Walgreens") in discovery in the above-captioned case with the Bates number WAGMDL00498812-14.

49. Attached as <u>Exhibit 47</u> is a true and correct copy of an email chain from Steven Gregory (Walgreens) dated September 14, 2016, which was produced by Walgreens in discovery in the above-captioned case with the Bates number WAGMDL00382617-18.

50. Attached as <u>Exhibit 48</u> is a true and correct copy of an email chain from Tim Canning dated September 5, 2009, which was produced by McKesson Corp. in discovery in the above-captioned case with the Bates number MCKMDL00236732-34.

51. Attached as <u>Exhibit 49</u> is a true and correct copy of Exhibit 3 to the deposition of Joseph Ganley, which is from the website of the Healthcare Distributors Association.

52. Attached as <u>Exhibit 50</u> is a true and correct copy of a page from the website of the NACDS, which was obtained from https://www.nacds.org/about/mission/ on June 21, 2019.

53. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21st day of June, 2019.

    /s/ Tara A. Fumerton
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tfumerton@jonesday.com