# EXHIBIT 2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>TRACK ONE CASES | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**CVS INDIANA, L.L.C.'S AND CVS RX SERVICES, INC.'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES NO. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21 AND 30 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, CVS Indiana, L.L.C. ("CVS Indiana") and CVS Rx Services, Inc. ("CVS Rx Services") (together, the "CVS Distributors") serve these Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21, and 30 of Plaintiffs' First Set of Interrogatories (the "Interrogatories").

**RESERVATION OF RIGHTS**

1.      The Interrogatories were served on CVS Health Corporation ("CVS Health"), and CVS Health served objections to the Interrogatories on June 18, 2018.  Subsequently, on June 20, 2018, the Court granted Plaintiffs' Unopposed Motion to Dismiss CVS Health and to Add CVS Indiana and CVS Rx Services.  Accordingly, those entities are serving these Amended Objections and Responses.  CVS Health preserves, and does not waive, its objections to the Interrogatories, and the CVS Distributors hereby adopt and incorporate by reference CVS Health's June 18, 2018, objections, other than to the extent modified herein.

2.      These Amended Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

DEA Registration Number:  RC0415871

Shipments of hydrocodone combination products from CVS Indiana and CVS Rx Services to CVS CT1 Pharmacies during the Distribution Period may have passed  through  a freight forwarding facility, *see* 21 C.F.R. § 1300.01(b)(42), while en route to their final destination.

**INTERROGATORY NO. 2:**  Please Identify all pharmacies that You do not own and/or control that You shipped Opioids or Opioid Products to.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.

Subject to and without waiving the foregoing objections, during the Distribution Period the CVS Distributors did not distribute hydrocodone combination products to any pharmacies in Cuyahoga and Summit Counties other than the CVS CT1 Pharmacies.

**INTERROGATORY NO. 3:**  Please Identify each Person in Your sales or marketing departments whose direct or indirect responsibilities included the sales and/or distribution of Opioid or Opioid Products in Ohio from January 1, 1990 to the present.  Your answer should include any of Your executives or officers having direct reports whose sales or marketing responsibilities included Ohio.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to the terms "sales or marketing departments," "indirect responsibilities," and "executives" as undefined, vague, ambiguous, and incapable of precise meaning.

Subject to and without waiving the foregoing objections, during the Distribution Period the CVS Distributors did not have any employees whose responsibilities included the marketing of hydrocodone combination products.  As stated in response to Interrogatory No. 2, the CVS Distributors' distribution of hydrocodone combination products into Cuyahoga and Summit Counties was limited to the CVS CT1 Pharmacies.

**INTERROGATORY NO. 4:**  In conjunction with Request for Production No. 32, please identify any orders You received that were at any point identified as a possible Suspicious Order. For each of these possible Suspicious Orders provide:

a.      The date of said Suspicious Order and the Customer's Identity and address;

b.      A description of said order;

c.      Whether said order was reported to the DEA;

d.      The due diligence You performed;

e.      The date of any halt and/or suspension order;

f.      The date said order was shipped or fulfilled; and

g.      The basis for the determination that said order was suspicious.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

describe in detail the data You provided and the date that You provided the data.  Plaintiffs limit this request to the state of Ohio from January 1, 1990 to present.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that the term "data" is undefined and, in context, is vague and ambiguous.  The CVS Distributors further object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.

Subject to and without waiving the foregoing objections, during the Distribution Period the CVS Distributors did not sell any data concerning their distribution of hydrocodone combination products to any CVS CT1 Pharmacies.

**INTERROGATORY NO. 9:**  Please describe any marketing or other services that You provided to any Customer.  For each such marketing or other service or solution You provided, Identify the Customer to whom You provided the services and the dates during which You provided the service or solution.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to the terms "other services" and "solution" as overly broad, vague, ambiguous, and incapable of precise meaning.

12

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, during the Distribution Period the CVS Distributors did not provide to any CVS CT1 Pharmacies any marketing services related to hydrocodone combination products.

**INTERROGATORY NO. 10:**  Please describe any marketing or other services related to Opioids or Opioid Products that You provided to any pharmacy/dispenser that You own and/or control.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors also object to the term "other services" as overly broad, unduly burdensome, vague, ambiguous, and incapable of precise meaning.

Subject to and without waiving the foregoing objections, during the Distribution Period the CVS Distributors did not provide any marketing services related to hydrocodone combination products to any CVS CT1 Pharmacies.

**INTERROGATORY NO. 13:**  Please Identify all Persons who were responsible for administering, overseeing, developing and/or implementing any and all policies, procedures, systems or programs designed to detect and report Suspicious Orders or to maintain effective controls against diversion of Controlled Substances from January 1, 1990 to present.  This includes but is not limited to, Persons responsible for review, verification, approval and release of Suspicious Orders or orders of interest, as well as all Persons with the ability to override any

13

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors also object to the terms "investigated," "instigated," "adverse action," and "complaint" as overly broad, undefined, vague, ambiguous, and incapable of precise meaning.  The CVS Distributors further object to the phrase "city or county or multi-district administrative agency" as vague and ambiguous.

Subject to and without waiving the foregoing objections and based on the CVS Distributors' investigation to date, no state Board of Pharmacy and no city or county agency has filed a complaint against the CVS Distributors concerning their distribution of hydrocodone combination products into Cuyahoga and Summit Counties during the Distribution Period.

**INTERROGATORY NO. 20:**  State whether You have ever had any involvement, role or relation, directly or indirectly, financial or otherwise, with the marketing, advertising and/or promotion of any Opioid or Opioid Products conducted and/or directed by any manufacturer of Opioids or Opioid Products, from 1990 to the present.  If so, state the manufacturer, the date or dates of any such advertising, marketing and/or promotion and the nature of Your involvement.

**AMENDED RESPONSE:**  The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to the terms "involvement," "role," and "relation" as overly broad, vague, and ambiguous.

20

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving these objections, the CVS Distributors did not participate in any manufacturer's marketing, advertisement, or promotion of hydrocodone combination products during the Distribution Period.

**INTERROGATORY NO. 21:**  Describe in detail all services You provided to payors or any other Customer with respect to the reimbursement for any cost associated with the provision and/or sale and/or dispensing of Opioids or Opioid Products.  For each such service or solution, provide:

a.      the Identity of the payor or Customer;

b.      whether the payor or Customer does business directly or indirectly in Cuyahoga and/or Summit Counties in Ohio; and

c.      the Identity of the Person or Persons responsible for the provision of said service or solution.

**AMENDED RESPONSE:**   The CVS Distributors hereby incorporate their General Objections and Objections to the Definitions and Instructions in their entirety into this response. The CVS Distributors object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  The CVS Distributors also object to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in the Track One cases.  The CVS Distributors further object to the terms "payor," "reimbursement," "costs," and "solution," and to the phrase "does business . . . indirectly" as overly broad, vague, ambiguous, and incapable of precise meaning.

Subject to and without waiving the foregoing objections, the CVS Distributors did not provide any services to any CVS CT1 Pharmacies or to any third-party payors with respect to

21

## VERIFICATION

I have reviewed CVS Indiana, L.L.C.'s and CVS Rx Services, Inc.'s Amended Objections and Responses to Interrogatories No. 1 - 6, 8 - 10, 13, 15 - 18, 20 - 21, and 30 of Plaintiffs' First Set of Interrogatories.  The factual information provided in the Amended Responses is true and correct to the best of my knowledge, information, and belief.  To the extent that the Amended Responses contain factual information that is not based on my personal knowledge, I am relying on information provided by others with relevant knowledge for the truthfulness and accuracy of the Amended Responses.  Subject to these limitations, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief as of this date.

Executed this 10th day of September, 2018.

Dean Vanelli
Senior Director, Supply Chain and Operations Support