# EXHIBIT 5

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Track One Cases | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**RITE AID OF MARYLAND, INC.'S WRITTEN RESPONSES TO**
**TOPIC 1(o) IN PLAINTIFFS' FIRST RULE 30(b)(6) DEPOSITION NOTICE**
**AND TOPICS 3-5, 8-11, 14-16 and 19 IN PLAINTIFFS' SECOND RULE 30(b)(6)**
**DEPOSITION NOTICE**

Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center ("Rite Aid of Maryland") provides the following written responses to Topic 1(o) in Plaintiffs' First Rule 30(b)(6) Deposition Notice ("First 30(b)(6) Notice") and Topics 3-5, 8-11, 14-16 and 19 in Plaintiffs' Second Rule 30(b)(6) Deposition Notice ("Second 30(b)(6) Notice").[1]  These written responses are subject to all General and Specific Objections (incorporated herein) set forth in Rite Aid of Maryland's August 14, 2018 and September 19, 2018 letter responses to the First and Second 30(b)(6) Notices.  The information and documents provided in these responses are for use in the Track One cases only and for no other purpose.  Rite Aid of Maryland's investigation is ongoing and Rite Aid of Maryland reserves the right to modify or supplement these responses as necessary.

**I.     FIRST 30(b)(6) NOTICE**

**Topic 1(o):  The identity of any consultant or third party retained to assist you in the "maintenance of effective controls against diversion" (21 U.S.C. § 823) or in meeting**

---

[1]     On November 9, 2018, Rite Aid of Maryland served its written responses to Topics 1 and 2 in the Second 30(b)(6) Notice.  Together with the responses provided here, Rite Aid of Maryland has now provided responses to all topics for which the parties agreed Rite Aid of Maryland would provide written responses.

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

your obligations to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 C.F.R. 1301.74(b).

**August 14, 2018 Letter Objections and Response:** Subject to its [general] objections, Rite Aid of Maryland will offer a 30(b)(6) designee to testify regarding this topic.

**September 19, 2018 Letter Response:** For subpart (o) of topic 1, Rite Aid of Maryland will respond in writing, rather than offer a designee for live testimony. Special Master Cohen's ruling permits written responses to this subpart.

**Written Response:** Buzzeo Associates and its successor entities provided consulting services to Rite Aid of Maryland in the early 2000's related to DEA compliance and the prevention of diversion of controlled substances, including hydrocodone combination products. *See, e.g.*, Rite_Aid_OMDL_0020860 - Rite_Aid_OMDL_0020862. Aside from outside counsel, Rite Aid of Maryland also consulted with: (i) SecurexUSA to make changes to its Controlled Drug cage (Rite_Aid_OMDL_0016707); (ii) Washington Group International, Inc. to make changes to the Controlled Drug cage gate (Rite_Aid_OMDL_0026951); (iii) Innovative Picking Technologies, Inc. to install verifying tables for quality assurance in the Controlled Drug cage (Rite_Aid_OMDL_0041880 - Rite_Aid_OMDL_0041885); (iv) Deloitte Touche Tohmatsu Limited to evaluate the Controlled Drug operation (Rite_Aid_OMDL_0012561 - Rite_Aid_OMDL_0012562); (v) Tomax Corporation to consult regarding the auto-replenishment system; and (vi) SK Universe to consult regarding the auto-replenishment system.

## II. SECOND 30(b)(6) NOTICE

**Topic 3:** Policies and procedures related to all compensation provided to any employee that had oversight or control over the marketing, sales or distribution of prescription opiates into any CT1 jurisdiction.

**August 14, 2018 Letter Objections and Response:** Rite Aid of Maryland objects to this topic because it is overly broad, unduly burdensome, irrelevant to any party's claims or defenses,

2

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

and not proportional to the needs of the case since Plaintiffs have brought no marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland does not market opioids, and stopped distributing controlled substances in late 2014.

**September 19, 2018 Letter Response:**  In our August 14th letter, Rite Aid of Maryland objected to topics 3, 4, and 5 as overly broad, unduly burdensome, irrelevant to any claim or defense, and not proportional to the needs of the case because Plaintiffs have not asserted marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland has never marketed opioids, and stopped distributing controlled substances in late 2014.

Plaintiffs' September 11th letter response states that "Special Master Cohen ruled that Plaintiffs are entitled to live testimony from Defendants on [these] topic[s]."  That is inaccurate and misconstrues the Special Master's actual rulings.  To be clear, the issue before Special Master Cohen was whether Defendants may offer written responses in lieu of live testimony.  Special Master Cohen did not rule on the merits of Rite Aid of Maryland's objections to topics 3 to 5 (or any other Defendants' similar objections), and Plaintiffs have yet to substantively respond to those objections.

Because Rite Aid of Maryland never marketed opioids, we propose providing a written response to topics 3 to 5, which, under these specific circumstances, is more proportional to the needs of the case.  However, prior to providing a written response and as soon as possible, Rite Aid of Maryland requires further clarification from Plaintiffs about the specific information these topics are seeking.  As presently drafted, topics 3, 4, and 5 are overbroad and practically impossible to respond to.  We look forward to meeting and conferring with Plaintiffs regarding these topics.

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**Written Response:**  As stated in Rite Aid of Maryland's supplemental response to Interrogatory No. 3 (served on September 21, 2018), Rite Aid of Maryland does not have and never had a sales or marketing program for Opioid Products, and nobody at Rite Aid of Maryland is or was responsible for marketing relating to the distribution of Opioid Products. Rite Aid of Maryland produced compensation policy and procedure documents applicable to its distribution center employees.  *See* Rite_Aid_OMDL_0027559 - Rite_Aid_OMDL_0027601. Rite Aid of Maryland also produced compensation policy and procedure documents applicable to Rite Aid Hqtrs. Corp. employees with responsibilities related to the distribution center.  *See id.*

**Topic 4:  Identify, describe, and provide the detail on any and all compensation provided to any employee that had oversight or control over the marketing, sales or distribution of prescription opiates into any CT1 jurisdiction. This includes, but is not limited to, marketing representatives, sales representatives, regional oversight, and top executives.**

**August 14, 2018 Letter Objections and Response:**  Rite Aid of Maryland objects to this topic because it is overly broad, unduly burdensome, irrelevant to any party's claims or defenses, and not proportional to the needs of the case since Plaintiffs have brought no marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland does not market opioids, and stopped distributing controlled substances in late 2014.

**September 19, 2018 Letter Response:**  In our August 14th letter, Rite Aid of Maryland objected to topics 3, 4, and 5 as overly broad, unduly burdensome, irrelevant to any claim or defense, and not proportional to the needs of the case because Plaintiffs have not asserted marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland has never marketed opioids, and stopped distributing controlled substances in late 2014.

Plaintiffs' September 11th letter response states that "Special Master Cohen ruled that Plaintiffs are entitled to live testimony from Defendants on [these] topic[s]." That is inaccurate

4

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

and misconstrues the Special Master's actual rulings. To be clear, the issue before Special Master Cohen was whether Defendants may offer written responses in lieu of live testimony. Special Master Cohen did not rule on the merits of Rite Aid of Maryland's objections to topics 3 to 5 (or any other Defendants' similar objections), and Plaintiffs have yet to substantively respond to those objections.

Because Rite Aid of Maryland never marketed opioids, we propose providing a written response to topics 3 to 5, which, under these specific circumstances, is more proportional to the needs of the case. However, prior to providing a written response and as soon as possible, Rite Aid of Maryland requires further clarification from Plaintiffs about the specific information these topics are seeking. As presently drafted, topics 3, 4, and 5 are overbroad and practically impossible to respond to. We look forward to meeting and conferring with Plaintiffs regarding these topics.

**Written Response:** As stated in Rite Aid of Maryland's supplemental response to Interrogatory No. 3 (served on September 21, 2018), Rite Aid of Maryland does not have and never had a sales or marketing program for Opioid Products, and nobody at Rite Aid of Maryland is or was responsible for marketing relating to the distribution of Opioid Products. Rite Aid of Maryland produced compensation policy and procedure documents applicable to its distribution center employees. *See* Rite_Aid_OMDL_0027559 - Rite_Aid_OMDL_0027601. Rite Aid of Maryland also produced compensation policy and procedure documents applicable to Rite Aid Hqtrs. Corp. employees with responsibilities related to the distribution center. *See id.* Documents relating to individual employees' compensation are being produced in accordance with Special Master Cohen's November 30, 2018 Discovery Ruling Regarding Personnel Files.

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

*See, e.g.*, Rite_Aid_OMDL_0049961 - Rite_Aid_OMDL_0049966; Rite_Aid_OMDL_0050170 - Rite_Aid_OMDL_0050202; Rite_Aid_OMDL_0050045 - Rite_Aid_OMDL_ 0050046.

**Topic 5: Detail concerning any compensation incentive program related to the marketing, sales or distribution of opioids. This includes, but is not limited to, compensation incentive programs available to sales representatives.**

**August 14, 2018 Letter Objections and Response:** Rite Aid of Maryland objects to this topic because it is overly broad, unduly burdensome, irrelevant to any party's claims or defenses, and not proportional to the needs of the case since Plaintiffs have brought no marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland does not market opioids, and stopped distributing controlled substances in late 2014.

**September 19, 2018 Letter Response:** In our August 14th letter, Rite Aid of Maryland objected to topics 3, 4, and 5 as overly broad, unduly burdensome, irrelevant to any claim or defense, and not proportional to the needs of the case because Plaintiffs have not asserted marketing-related claims against Rite Aid of Maryland, Rite Aid of Maryland has never marketed Opioid Products, and stopped distributing controlled substances in late 2014.

Plaintiffs' September 11th letter response states that "Special Master Cohen ruled that Plaintiffs are entitled to live testimony from Defendants on [these] topic[s]." That is inaccurate and misconstrues the Special Master's actual rulings. To be clear, the issue before Special Master Cohen was whether Defendants may offer written responses in lieu of live testimony. Special Master Cohen did not rule on the merits of Rite Aid of Maryland's objections to topics 3 to 5 (or any other Defendants' similar objections), and Plaintiffs have yet to substantively respond to those objections.

Because Rite Aid of Maryland never marketed opioids, we propose providing a written response to topics 3 to 5, which, under these specific circumstances, is more proportional to the

6