# EXHIBIT 8

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-MD-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| *Track One Cases.* | |

## DEFENDANTS WALGREEN CO. AND WALGREEN EASTERN CO.'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Walgreen Co. and Walgreen Eastern Co. ("Walgreens") hereby amend their responses to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District of Ohio, Case Management Order No. 1 (Doc. 232), and Discovery Rulings No. 2 (Doc. 693) and No. 3 (Doc. 762).[1]

## GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this multidistrict litigation. By responding to these Interrogatories, Walgreens does not waive any objections that it may have to the admission into evidence of these responses, or any documents and things produced in response to these Interrogatories, on any applicable grounds.  Walgreens reserves the right to object on any ground at any time to a request for further responses to these Interrogatories, as well as the right to revise, correct, add to, supplement, or clarify any of the objections contained herein at any time.

---

[1] Walgreen Co. and Walgreen Eastern Co. have been substituted as Defendants in these cases in place of Walgreens Boots Alliance, Inc.  Walgreens Boots Alliance is no longer a party to these cases.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

> Woodland Distribution Center
> 2370 E. MAIN ST.
> Woodland, CA 95776
> DEA No. RW0204026
>
> Perrysburg Distribution Center
> 28727 Oregon Road
> Perrysburg, OH 43551
> DEA No. RW0294493

**INTERROGATORY NO. 2:** Please Identify all pharmacies that You do not own and/or control that you shipped Opioids and/or Opioid Products to.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, in that it seeks information about distribution of Opioids to pharmacies outside the jurisdictions covered by the Track One Cases.  Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has not distributed Opioids to pharmacies that it does not own.

**INTERROGATORY NO. 3:** Please Identify each Person in Your sales or marketing departments whose direct or indirect responsibilities included the sales and/or distribution of Opioid or Opioid Products in Ohio from January 1, 1990 to the present. Your answer should include any of Your executives or officers having direct reports whose sales or marketing responsibilities included Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

9

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome, and not proportional, in that it seeks information about distribution of Opioids to

pharmacies outside the jurisdictions covered by the Track One Cases.  Walgreens further objects

to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts

with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because

Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever

distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens' sales and marketing

departments have not been involved in the sales, marketing, or distribution of Opioids.

**INTERROGATORY NO. 4:** In conjunction with Request for Production No. 31 please
Identify any orders You received that were at any point identified as a possible Suspicious Order.
For each of these possible Suspicious Orders provide:

    a.      the date of said Suspicious Order and the Customer's Identity and address;

    b.      a description of said order;

    c.      whether said order was reported to the DEA;

    d.      the due diligence You performed;

    e.      the date of any halt and/or suspension order;

    f.      the date said order was shipped or fulfilled; and the basis for the determination
that said order was suspicious.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it requests information about "possible" Suspicious

Orders, a term that is not defined.  Walgreens further objects to this Interrogatory because the

timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.

Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to

any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 8:** Please Identify any Customer and/or any pharmacy/dispenser that You own and/or control, including any Defendant in this case, to whom You provided (by sale or otherwise) data regarding the distribution and/or dispensing of Opioids or Opioid Products, and describe in detail the data You provided and the date that You provided the data.  Plaintiffs limit this request to the state of Ohio from January 1, 1990 to present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory as vague and ambiguous, because the term "data" is undefined and incapable of precise meaning.  Subject to and without waiving its Objections, Walgreens invites Plaintiffs to clarify the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 9:** Please describe any marketing You provided to any Customer. For each such marketing or other service or solution You provided, Identify the Customer to whom You provided the services and the dates during which You provided the service or solution.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional because it is not limited to marketing related to Opioids or the distribution of Opioids.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 10:** Please describe any marketing or other services related to Opioids or Opioid Products that You provided to any pharmacy/dispenser that You own and/or control.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.  Walgreens funds education and prevention programs related to Opioid abuse, including but not limited to its campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute Naloxone without a prescription at select Walgreens pharmacies across the United States, and its safe medication disposal program, which provides safe medication disposal kiosks at Walgreens stores nationwide.

**INTERROGATORY NO. 11:** For each Customer and/or any pharmacy/dispenser that You own and/or control who purchased Opioids and/or Opioid Products from You from January 1, 1990 to the present, please Identify that entity's threshold and/or Controlled Substance limit at the time of the Order, and Identify all personnel who were responsible for establishing and/or approving any threshold or Controlled Substance limit.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks the threshold limit for every order, from every Walgreens pharmacy in the country, for a 29-year period.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "all personnel" who were ever

16

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in the ligation.  Walgreens further objects to this Interrogatory because it seeks information

protected by the attorney-client privilege and work product doctrine.  Walgreens further objects

to this Interrogatory to the extent it impermissibly calls for the production of documents.

Subject to and without waiving its Objections, Walgreens identifies the following entities

which may (through their employees or agents) have information relevant to the claims or

defenses at issue: the Food and Drug Administration, Drug Enforcement Administration, the

Ohio Board of Pharmacy, the State Medical Board of Ohio, Summit County, Cuyahoga County,

the City of Cleveland, pharmaceutical manufacturers, wholesale drug distributors, national chain

pharmacies, independent pharmacies, pharmacists who dispensed Opioids to patients in the

jurisdictions of the Track One Cases, the Ohio Pharmacist Association, physicians who

prescribed Opioids to patients in the jurisdictions of the Track One Cases, the Ohio State

Medical Association, and insurance companies who provided coverage for Opioids dispensed in

the jurisdictions of the Track One Cases.  Walgreens further identifies Walgreens pharmacists

Joshua Close, Luke Forkapa, Debra Lieske, and Kipp Tiger, who may have discoverable

information related to ordering and dispensing Opioids in the Track 1 jurisdictions.  Walgreens

further identifies its own custodians as disclosed to Plaintiffs, and the custodians disclosed by the

other parties in these cases.  Walgreens further identifies each witness who has been named in

Walgreens' discovery responses, and each witness who has been or will be noticed or

subpoenaed for a deposition in these cases.  Walgreens reserves its right to identify additional

individuals with discoverable information as discovery proceeds.

**INTERROGATORY NO. 16:** Describe in detail the corporate history of Your entities,
subsidiaries and/or divisions that have, or have had, any role in the manufacture, marketing, sale,
dispensing and/or distribution of Opioids or Opioid Products from January 1, 1990 to present,
including the dates of acquisition or changes in relationships, and Identify the Persons or entities
who hold or have assumed any known or unknown liabilities of each such entity, subsidiary, or
division in relation to Opioids or Opioid Products.

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, as it calls for information from an entity, subsidiary, or division that had "any role."  Walgreens further objects to this Interrogatory on the grounds that it calls for information more easily accessible from other sources.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome as to timeframe and geographic scope, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has not manufactured or marketed Opioids.  During the timeframe when Walgreens distributed Opioids, it did so through Walgreen Co. and Walgreen Eastern Co.  Walgreens dispenses prescription medications through Walgreen Co.

**INTERROGATORY NO. 17:** Identify each custodian whose records You have searched in order to locate information responsive to these Interrogatories and/or Documents responsive to the Plaintiffs' First Requests for Production.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information protected by the attorney-client privilege.  Subject to and without waiving these Objections, Walgreens has disclosed the following custodians:

- *Brian Amend:* Director, IT Merchandising and Supply Chain
- *Stephen Bamberg:* Manager, IT Supply Chain and Merchant
- *Wayne Bancroft:* Lead Business Systems Analyst, IT Integration
- *Sean Barnes:* Manager, IT Supply Chain and Merchant
- *Deb Bish:* Function Manager, Perrysburg Distribution Center
- *Mike Bleser:* Divisional Vice President, Generic Rx Purchasing and Rx Supply Chain
- *Ed Bratton:* Manager, Pharmaceutical Integrity
- *Casey Cesnovar:* Vice President, State and Local Government Relations
- *Kermit Crawford:* Former President, Pharmacy, Health, and Wellness

22

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it is not limited to actions related to the distribution of

Opioids.  Walgreens further objects to this Interrogatory because the timeframe and geographic

scope are overly broad, unduly burdensome, and conflict with the Court's discovery rulings.

Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids

to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has no record of any

actions brought against it by the Ohio Board of Pharmacy related to the distribution of Opioids

since 2006.

**INTERROGATORY NO. 19:** Please Identify any and all of Your current and/or former
employees who have ever been employed by the DEA, FDA or any Federal or Ohio
governmental entity.  For each such Person, state their position, job description and dates of
employment at the governmental entity and with You.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the

Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is overly

broad, unduly burdensome, and not proportional, in that it seeks information about "any and all"

of Walgreens' "current and/or former employees."  Subject to and without waiving its

objections, Walgreens does not track, in the ordinary course, whether its employees have

previous experience with government entities.

**INTERROGATORY NO. 20:** State whether You have ever had any involvement, role
or relation, directly or indirectly, financial or otherwise, with the marketing, advertising and/or
promotion of any Opioid or Opioid Products conducted and/or directed by any manufacturer of
Opioids or Opioid Products, from 1990 to the present.  If so, state the manufacturer, the date or
dates of any such advertising, marketing and/or promotion and the nature of your involvement.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**<u>RESPONSE:</u>** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is vague and ambiguous, as "marketing, advertising and/or promotion" is not defined.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.

**<u>INTERROGATORY NO. 21:</u>** Describe in detail all services You provided to payors or any other Customer with respect to the reimbursement for any cost associated with the provision and/or sale and/or dispensing of Opioids or Opioid Products.  For each such service or solution, provide:

    a.      the Identity of the payor or Customer;

    b.      whether the payor or Customer does business directly or indirectly in Cuyahoga and/or Summit Counties in Ohio; and

    c.      the Identity of the Person or Persons responsible for the provision of said service or solution.

**<u>RESPONSE:</u>** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "services" and "solutions."  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the Court's discovery rulings.  Subject to and without waiving its Objections, Walgreens does not provide reimbursement services to its pharmacies.

25

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I, Edward Bratton, subject to the penalties and laws relating to unsworn falsification to authorities, including 28 U.S.C. § 1746, state as follows:

I am a manager in the Pharmaceutical Integrity department at Walgreen Co., and am authorized to make this verification on behalf of Walgreen Co. and Walgreen Eastern Co. ("Walgreens"). I am making this verification on behalf of Walgreens only and no other party. The information provided by Walgreens in these Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories has been compiled by employees and legal counsel for Walgreens. Although I do not have personal knowledge of all of the information set forth herein, I am informed and believe that the matters stated herein are true and correct.

Dated: _March 5_ , 2019

Edward Bratton, Manager,
Pharmaceutical Integrity, on behalf of
Walgreen Co. and Walgreen Eastern Co.

Adam Wolf 3/5/19

OFFICIAL SEAL
ADAM L WOLF
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/08/22

13