# EXHIBIT 9

Confidential – Subject to Protective Order

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  NATIONAL PRESCRIPTION | ) | **MDL No. 2804** |
| OPIATE LITIGATION | ) | |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) | |
| *Track One Cases* | ) | **Judge Dan A. Polster** |
| | ) | |

**HBC SERVICE COMPANY'S SECOND SUPPLEMENTAL ANSWERS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO HBC SERVICE COMPANY**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant HBC Service Company

("HBC") serves these Second Supplemental Answers to Plaintiffs' First Set of Interrogatories.

**RESERVATION OF RIGHTS**

1.      HBC's investigation and discovery are ongoing as to all matters referred to in these

Answers. HBC's Answers reflect its investigation to date. HBC reserves the right to modify and

supplement its Answers as appropriate.

2.      These Answers are provided without in any way waiving or intending to waive: (i)

any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence,

for any purpose, of information or documents produced in response to these Interrogatories and

Requests; (ii) the right to object on any ground to the use of the information or documents produced

in response to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground

at any time to a request for further responses to the Interrogatories; or (iv) the right at any time to

revise, correct, add to, supplement, or clarify any of the objections contained herein.

3.      The information and documents provided in response to these Interrogatories are

for use in this litigation and for no other purpose.  Any production of documents will be subject to

the Protective Order (Dkt. No. 441).

Confidential – Subject to Protective Order

| Waterloo Road Giant Eagle | 484 E Waterloo Rd | Akron | OH | 44319 |
| Watertower Giant Eagle | 27264 Lorain Rd | North Olmsted | OH | 44070 |
| West Market Street Giant Eagle | 3750 W Market St | Akron | OH | 44333 |
| Westlake Giant Eagle | 30275 Detroit Rd | Westlake | OH | 44145 |

**Interrogatory No. 3:**  Please identify each Person in Your sales or marketing departments whose direct or indirect responsibilities included the sales and/or distribution of Opioid or Opioid Products in Ohio from January 1, 1995 to the present.  Your answer should include any of Your executives or officers having direct reports whose sales or marketing responsibilities included Ohio.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC further objects to the terms "indirect responsibilities," "sales," and "executives" as undefined, vague, and ambiguous.  HBC interprets "sales" to be the same as "distribution."  HBC also objects to the terms "Opioid" and "Opioid Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases. HBC interprets the terms "Opioid," "Opioids" "Opioid Product," and "Opioid Products" to mean Schedule II Opioids as defined above.  HBC objects to the time period of 1995 to the present as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid

Confidential – Subject to Protective Order

products in January 2016.  To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.  HBC further object to this Interrogatory because it requests information about sales or marketing departments for the entire state of Ohio, rather Cuyahoga County, Ohio and Summit County, Ohio.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than Giant Eagle Pharmacies.  HBC further responds that neither HBC nor GERXDC has engaged in any sales or marketing activities related to Opioids or Opioid Products and thus there is no person in any HBC or GERXDC sales or marketing department with responsibilities for sales and/or distribution of Opioid or Opioid Products.

**Interrogatory No. 4:**  In conjunction with Request for Production No. 34 please identify any orders You received that were at any point identified as a possible Suspicious Order.  For each of these possible Suspicious Orders provide:

a.      the date of said Suspicious Order and the Customer's Identity and address;

b.      a description of said order;

c.      whether said order was reported to the DEA;

d.      the due diligence You performed;

e.      the date of any halt and/or suspension order;

f.      the date said order was shipped or fulfilled; and

g.      the basis for the determination that said order was suspicious.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response. HBC objects to this Interrogatory on the grounds that it is overly

Confidential – Subject to Protective Order

Schedule II Opioids, as defined above, they utilized internal reporting provided by a warehouse management system.  Giant Eagle also analyzed Pharmacy Business Intelligence ("PBI") data provided by IQVIA and its predecessors.  HBC has produced all of its analyses of the data it obtained from the PBI database at HBC_MDL00133247-HBC_MDL00133626.

**Interrogatory No. 7:**   Please identify all pharmaceutical industry associations or organizations that provided education, information, services or had any involvement with the use, safety, efficacy, production, marketing, sale, dispensing or distribution of Opioid and/or Opioid Products that You are or were a member of, or to which You provided financial or other support, from 1995 to present.  Additionally, identify what if any positions Your employees, officers or directors have held with any such organization from January 1, 1995 to present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC also objects to the terms "other organizations," "education," "information," "services," "any involvement," and "any support" as overly broad, vague, and ambiguous.  HBC further objects to the terms "Opioid" and "Opioid Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases. HBC interprets the terms "Opioid" and "Opioid Products" to mean the Schedule II Opioids as defined above.  HBC objects to the time period of 1995 to the present as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III

Confidential – Subject to Protective Order

opioids in October 2014; and stopped distributing all opioid products in January 2016. To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids. HBC further responds that neither HBC nor GERXDC is or was a member of any pharmaceutical industry associations or organizations. During the Subject Period, Giant Eagle has been a member of the National Association of Chain Drug Stores, the National Council for Prescription Drug Programs, the Pennsylvania Association of Chain Drug Stores, and the Ohio Retail Merchant Association.

**Interrogatory No. 8:** Please identify any Customer, including any Defendant in this case, to whom You provided (by sale or otherwise) data regarding the distribution and/or dispensing of Opioids or Opioid Products, and describe in detail the data You provided and the date that You provided the data. Plaintiffs limit this request to the state of Ohio from January 1, 1995 to present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response. HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional. HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases. HBC further objects to the terms "Opioids" and "Opioids Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases. HBC interprets the terms "Opioids" and "Opioid Products" to mean the Schedule II Opioids as defined above. HBC further object to this Interrogatory because it seeks Customer histories and trends for the entire state of Ohio, rather Cuyahoga County, Ohio and Summit County,

Confidential – Subject to Protective Order

until November 2009; stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid products in January 2016. To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids. Accordingly, no state Board of Pharmacy and no city or county agency filed a complaint against HBC or GERXDC concerning distribution of Schedule II Opioids.

**Interrogatory No. 19:** Please identify any and all of Your current and/or former employees who have ever been employed by the DEA, FDA or any Federal or Ohio governmental entity. For each such Person, state their position, job description and dates or employment at the governmental entity and with You.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response. HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional. HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.

Subject to and without waiving the foregoing objections, HBC states that neither HBC, GERXDC, nor Giant Eagle, centrally track whether any individuals who worked or are working for these entities were ever employed by a government entity. Any attempt to collect this data would be unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.

**Interrogatory No. 20:** State whether You have ever had any involvement, role, or relation, directly or indirectly, financial, or otherwise, with the marketing, advertising and/or promotion of any Opioid or Opioid Products conducted and/or directed by any manufacturer, of Opioids and Opioid Products, from 1995 to the present. If so, state the manufacturer, the date or dates of any such advertising, marketing and/or promotion and the nature of your involvement.

Confidential – Subject to Protective Order

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC further objects to the terms "involvement," "role," "relation," "marketing," advertising" and "promotion," as overly broad, vague and ambiguous.  HBC objects to the terms "Opioids" and "Opioids Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.  HBC interprets the terms "Opioids," and "Opioid Products," to mean Schedule II Opioids as defined above.  HBC objects to the time period of 1995 to the present as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid products in January 2016.  To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than Giant Eagle Pharmacies.  HBC further responds that neither HBC nor GERXDC has had any involvement, role, or relation,

Confidential – Subject to Protective Order

directly or indirectly, financial, or otherwise, with the marketing, advertising and/or promotion of any Schedule II Opioids conducted and/or directed by any manufacturer.

**Interrogatory No. 21:**  Describe in detail all services You provided to payors or any other Customer with respect to the reimbursement for any cost associated with the provision and/or sale and/or dispensing of Opioids or Opioid Products.  For each such service or solution, provide:

      a.     the identity of the payor or Customer;

      b.     whether the payor or Customer does business directly or indirectly in Cuyahoga and/or Summit Counties in Ohio; and

      c.     the identity of the Person or Persons responsible for the provisions of said service or solution.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC further objects to the terms "payor," "reimbursement," "costs," and "solution," and to the phrase "does business…indirectly," as overly broad, vague, ambiguous, and incapable of precise meaning.  HBC objects to the terms "Opioids" and "Opioids Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.  HBC interprets the terms "Opioids," and "Opioid Products," to mean Schedule II Opioids as defined above.  HBC also objects to the definition of "Customer" as vague, ambiguous, overly broad, unduly burdensome, not proportional, and not reasonable calculated to lead to the discovery of information relevant to any claim or defense in the Track One cases.  HBC interprets the term "Customer" to mean Giant Eagle Pharmacies.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only

Confidential – Subject to Protective Order

relevant to any claim or defense in the Track One cases.  HBC interprets the terms "Opioids," and "Opioid Products," to mean Schedule II Opioids as defined above.  HBC further objects to the term "related" as vague and ambiguous.  HBC interprets the word "related" to mean that the individual or individuals salary was dependent or relied upon sales of Schedule II Opioids.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One Cases.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than Giant Eagle Pharmacies.  HBC also responds that, depending on the application of the term "related," the Interrogatory is incurably vague or incurably overbroad and not amenable to an answer for "all individuals" during the Subject Period.  HBC further responds that neither HBC nor GERXDC has had an employee compensation system that was related to the sale or distribution of Opioids or Opioid Products.

**Interrogatory No. 28:**  Describe any joint ventures, collaborations, co-marketing initiatives, teaming agreements, or other similar agreements between You and any other Defendants in this matter.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to the term "other similar agreements" as overly broad, vague, and ambiguous.  HBC further objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases. HBC interprets this Interrogatory to seek information about joint ventures, collaborations, co-marketing initiatives, and teaming agreements relating to Schedule II Opioids.

Confidential – Subject to Protective Order

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids and it has not sold or distributed products to any pharmacies other than Giant Eagle Pharmacies.  HBC further states that neither HBC nor GERXDC has had any joint ventures, collaborations, co-marketing initiatives, or teaming agreements with any other Defendant in the Track One cases related to distribution of Schedule II Opioids.

**Interrogatory No. 29:**  Describe Your policies, procedures and systems in place which are designed to capture reporting about state and federal compliance issues relating to Opioids or Opioid Products.  To the extent these changed over time, provide dates of substantive changes or implementation dates for new programs, policies or initiatives.

**RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC objects to the terms "Opioids" and "Opioid Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.  HBC also interprets the terms "Opioids" and "Opioid Products" to mean the Schedule II Opioids as defined above.  HBC further objects that the phrase "policies, procedures and systems in place which are designed to capture reporting about state and federal compliance," is vague and ambiguous.  Because this Interrogatory is indecipherable, HBC is unable to provide an answer.

**Interrogatory No. 30:**  Provide the names or employees or third parties who reported to You, any suspicion or belief that You were in violation of the Controlled Substances Act.  For each such person provide the names, titles, dates of report and method used to report.