# EXHIBIT 10

**RESPONSES CONTAIN WALMART CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases*[1] | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**WALMART INC.'S FOURTH AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO WAL-MART INC.**[2]

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Walmart Inc. ("Walmart") hereby responds and objects to Plaintiffs' First Set of Interrogatories ("Interrogatories").

### PRELIMINARY STATEMENT

Walmart has undertaken a reasonable effort to provide the information requested by these Interrogatories, to the extent the requested information is not subject to objection, but notes that discovery is ongoing and additional information may be obtained that may alter these responses. The following responses and objections are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories, and are not prepared from the personal knowledge of any single individual. Accordingly, all of the following responses are given without prejudice to, and with the express reservation of, Walmart's right to supplement or modify its responses and objections to address additional information, and to rely

---

[1] These objections and responses relate only to the Track One Cases, and not to any other case currently in, or that may be added to, MDL No. 2804 in the Northern District of Ohio ("MDL").

[2] While Plaintiffs direct these Interrogatories to "Wal-Mart Inc.," the entity named as a defendant in the second amended complaints filed in the Track One Cases is Walmart Inc.  Effective February 1, 2018, Wal-Mart Stores, Inc. changed its name to "Walmart Inc."  Accordingly, these objections and responses are submitted by Walmart Inc.

**RESPONSES CONTAIN WALMART CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**Interrogatory No. 13:** Identify any contribution or payment You have provided to any 501(c)(3) organization, 501(c)(4) organization, Healthcare Distribution Management Association (HDMA), Healthcare Distribution Alliance (HDA), National Association of Chain Drug Stores (NACDS), National Association of Attorneys General, Republican Attorney General Association, and Democratic Attorney General Association and Federation of State Medical Boards from January 1, 1990 to present. This includes when the contribution/payment was made, the amount, and to whom it was made.

**RESPONSE:** In addition to its General Objections, Walmart objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous as to the meaning of "contribution," "payment," and "to whom it was made." Walmart further objects to Interrogatory No. 13 as overbroad and unduly or disproportionately burdensome because it seeks information relating to Walmart's involvement and contributions to any 501(c)(3) and 501(c)(4) organizations, industry groups, and political groups generally, including organizations that have no connection whatsoever to the subject matter of this litigation, and is not reasonably tailored to the subject matter of the Track One Cases. Walmart also objects to Interrogatory No. 13 as overbroad and unduly or disproportionately burdensome to the extent that it seeks information regarding the membership or involvement of individual Walmart employees in industry associations, which Walmart does not centrally track in the ordinary course of business. Walmart further objects to Interrogatory No. 13 to the extent it seeks information that is more easily accessible from other sources. Walmart also objects to Interrogatory No. 13 on the grounds set forth in its General Objection Nos. 2 (as to the requested time period), 6 (to the extent it seeks information regarding distribution of the Relevant CII Opioids to pharmacies outside the Relevant Geographic Area), 10 (as to the term "any"), 14 (as to the term "You"), and 18 (as to the term "Identify"), and will limit its response to information that relates to Walmart's distribution of the Relevant CII Opioids to the Relevant Geographic Area during the Relevant Time Period. The discovery sought by Interrogatory No. 13 has limited importance for resolving the issues in this proceeding, and the burden and expense this interrogatory would impose on Walmart far outweigh any

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

benefit to Plaintiffs in obtaining this discovery.

Subject to and without waiving its specific and General Objections, Walmart states that it has never been a member of HDA (or its predecessor HDMA), nor has it ever been a member of PhRMA.  Answering further, Walmart states that at various points in time during the Relevant Time Period Walmart paid membership dues to the National Association of Chain Drug Stores (NACDS) as reflected in documents included in Walmart's production.

**Interrogatory No. 14:**  Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person.  This Interrogatory is intended to include but not be limited to any basis or claim You believe in any way limits your duties as set forth in 21 U.S.C. §823(e), 21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**RESPONSE:**  In addition to its General Objections, Walmart objects to Interrogatory No. 14 on the grounds that it is compound and therefore constitutes multiple interrogatories for purposes of the limit set by the Court.  Walmart further objects to Interrogatory No. 14 on the grounds that it is premature, as neither the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Ohio, nor any applicable Order of the Court require Walmart to disclose its trial witness list or exhibits at this stage in the ligation.  Walmart also objects to Interrogatory No. 14 as unduly or disproportionately burdensome as to the request for the identification of documents as well as document custodians.  Walmart further objects to Interrogatory No. 14 to the extent it purports to incorporate and apply obligations imposed on Walmart by any law or regulation and misstates or misapplies any such obligation and to the extent it calls for legal conclusions.  Walmart also objects to Interrogatory No. 14 to the extent that it seeks information protected by any applicable privilege, including the attorney client privilege and work product doctrine.  Walmart will not provide privileged information in response to this Interrogatory.  Walmart will identify trial witnesses and exhibits in accordance with the schedule that the Court sets.

RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

response to information that relates to government investigations of, or administrative actions against, Walmart of which Walmart is currently aware that concern Walmart's distribution of the Relevant CII Opioids to the Relevant Geographic Area during the Relevant Time Period.

Subject to and without waiving its specific and General Objections, Walmart states that it is not aware of any government investigation of, or administrative action against, Walmart with respect to Walmart's distribution of the Relevant CII Opioids to the Relevant Geographic Area during the Relevant Time Period.

**Interrogatory No. 18:** Identify any and all of Your current and/or former employees who have ever been employed by the DEA, FDA or any Federal, or governmental entity. For each such Person, state their position, job description and dates of employment at the governmental entity and with You.

**RESPONSE:** Subject to and without waiving its General Objections, and pursuant to Special Master David Cohen's May 29, 2019 discovery ruling requiring Walmart to "identify current and former Walmart employees who: (1) worked in SOM, distribution operations, compliance, governmental/regulatory affairs, or loss prevention; and (2) also worked at the DEA," Walmart states that while it does not track the information requested by this Interrogatory in the ordinary course of business, as of the date of this response Walmart has not identified any former DEA employee who worked in Walmart's suspicious order monitoring program, pharmacy distribution operations, compliance, governmental/regulatory affairs, or loss prevention during the Relevant Time Period.

**Interrogatory No. 19:** State whether You have ever had any involvement, role or relation, directly or indirectly, financial or otherwise, with the marketing, advertising and/or promotion of any Opioid or Opioid Products conducted and/or directed by any manufacturer of Opioids or Opioid Products, from 1990 to the present. If so, state the manufacturer, the date or dates of any such advertising, marketing and/or promotion and the nature of your involvement.

**RESPONSE:** In addition to its General Objections, Walmart objects to Interrogatory No. 19 on the grounds that it is vague and ambiguous as to the meaning of "relation," "indirectly,"

31

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

"otherwise," "marketing," and "promotion." Walmart further objects to Interrogatory No. 19 on the grounds that it purports to seek information beyond the Relevant Time Period as to the phrase "ever had." Walmart also objects to Interrogatory No. 19 on the grounds set forth in its General Objection Nos. 2 (as to the requested time period), 3 (as to the phrase "Opioid or Opioid Products"), 6 (to the extent it seeks information regarding distribution of the Relevant CII Opioids to pharmacies outside the Relevant Geographic Area), 14 (as to the term "You"), and 15 (to the extent it seeks information beyond Walmart's distribution operations).

Subject to and without waiving its specific and General Objections, Walmart states that its distribution operations relating to the Relevant CII Opioids during the Relevant Time Period in the Relevant Geographic Area have not included marketing, promotion, or advertising for those products conducted and/or directed by any manufacturer of such products.

**Interrogatory No. 20:** Describe in detail all services and/or solutions You provided with respect to the reimbursement for any cost associated with the provision and/or sale and/or dispensing of Opioids or Opioid Products. For each such service or solution, provide:

   a.   the Identity of the payor or Customer;

   b.   whether the payor or Customer does business directly or indirectly in Ohio; and

   c.   the Identity of the Person or Persons responsible for the provision of said service or solution.

**RESPONSE:** In addition to its General Objections, Walmart objects to Interrogatory No. 20 on the grounds that it is vague and ambiguous as to the meaning of "services," "solutions," "payors," "reimbursement," and "indirectly." Walmart further objects to Interrogatory No. 20 on the grounds set forth in its General Objection Nos. 2 (to the extent it seeks information beyond the Relevant Time Period), 3 (as to the phrase "Opioid or Opioid Products"), 6 (to the extent it seeks information regarding distribution of the Relevant CII Opioids to pharmacies outside the Relevant Geographic Area), 10 (as to the term "all"), 14 (as to the term "You"), 15 (to the extent

32

RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

reflects details of Walmart's shipments of Relevant CII Opioids to the Relevant Geographic Area from 2006 to 2014.

**Interrogatory No. 24:** Identify all internet pharmacies that You distributed Opioids or Opioid Products to, and additionally provide the following information:

a.  the Opioids or Opioid Products distributed; and

b.  total sales and/or amount distributed by month and year for each Opioid or Opioid Product from 1990 to present.

**RESPONSE:** In addition to its General Objections, Walmart objects to Interrogatory No. 24 on the grounds that it is vague and ambiguous as to the meaning of "internet pharmacies." Walmart further objects to Interrogatory No. 24 on the grounds set forth in its General Objection Nos. 2 (as to the requested time period), 3 (as to the phrase "Opioids or Opioid Products"), 6 (to the extent it seeks information regarding distribution of the Relevant CII Opioids to pharmacies outside the Relevant Geographic Area), 10 (as to the term "all"), 14 (as to the term "You"), and 18 (as to the term "Identify"), and will limit its response to information that relates to Walmart's distribution of the Relevant CII Opioids to the Relevant Geographic Area during the Relevant Time Period.

Subject to and without waiving its specific and General Objections, Walmart states that it has only distributed controlled substances to Walmart-operated pharmacies and that it does not operate any internet pharmacies.

**Interrogatory No. 25:** Describe any and all services, information and/or recommendations that You provided relating to the sale, prescription filling, dispensing and/or reimbursement of any Opioid or Opioid Product relating to dosage, duration and/or dosing interval.

**RESPONSE:** In addition to its General Objections, Walmart objects to Interrogatory No. 25 on the grounds set forth in its General Objection Nos. 2 (to the extent it seeks information beyond the Relevant Time Period), 3 (as to the phrase "Opioids or Opioid Products"), 6 (to the extent it seeks information regarding distribution of the Relevant CII Opioids to pharmacies outside the

37

RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I, Susanne Hiland, state as follows: I hold the position of Senior Director, Health & Wellness Professional Relations, Professional Practice Standards, & Clinical Services for Walmart Inc. I have reviewed Walmart Inc.'s Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories to Wal-Mart Inc. I affirm that the facts contained therein are true and correct to the best of my knowledge and belief. This affirmation is based in part upon my personal knowledge. For matters that are not within my personal knowledge, I am satisfied that a reasonable inquiry has been made and that these responses contain true and correct information.

I verify under penalty of perjury that the foregoing is true and correct.

*Susanne Hiland*

Susanne Hiland

Executed in Bentonville, Arkansas on June 20, 2019