# **EXHIBIT 47**

Message

| | |
|---|---|
| **From**: | Gregory, Steven [steven.gregory@walgreens.com] |
| **Sent**: | 9/14/2016 10:25:10 AM |
| **To**: | Gates, Rick [rick.gates@walgreens.com]; Swords, Rex [rex.swords@walgreens.com]; Polster, Natasha [tasha.polster@walgreens.com] |
| **CC**: | Kaleta, Ed [ed.kaleta@walgreens.com]; Koziel, Jeff [jeffrey.koziel@walgreens.com] |
| **Subject**: | DEA Meeting Summary - Sep 13, 2016 |

**Importance**: High

All,

Below is a summary of the discussion from yesterday's meeting with DEA staff and NACDS member companies. Please let me know if you have any questions.


Central Fill Rules – We raised our concerns about the need for DEA to update the central fill regulations to recognize current technology. Specifically, we addressed the unnecessary burden of having to write "central fill" on the face of a hard copy prescription, the fact that the DEA central fill regulations are silent on electronic prescriptions in Schedules III, IV, and V, and the fact that central fill prescription recordkeeping would be improved by allowing all the recordkeeping to be maintained electronically. We talked about how all controlled substance prescriptions in New York must be electronic, so paper processing and recordkeeping is a major problem there.

We discussed with DEA a three-part approach for addressing our concerns: (1) we urged DEA to update the central fill regulations to allow for all electronic processes and recordkeeping; (2) we asked DEA for a policy statement or letter that clarifies that central fill processes, transactions, and recordkeeping may occur electronically. For example, it is possible to interpret the DEA regulations such that "central fill" does not have to be written on the face of the prescription but that such information can be maintained electronically; and (3) we asked that DEA educate its field offices on central fill processes, transactions, and recordkeeping that may occur electronically.

Electronic Prescribing for Controlled Substances (EPCS) – We raised our concerns about the fact that the DEA EPCS regulations are silent on the redirecting or forwarding an EPCS (that has not been filled by the pharmacy). DEA acknowledged this oversight and is planning to address it in the EPCS final rule. However, considering that current EPCS systems and software, as well as the SCRIPT standard, do not allow a pharmacy to electronically redirect or forward an EPCS, we asked DEA to allow a manual process for doing this until the EPCS final rule is published and in effect. We discussed that the DEA prescription transfer regulations could be applied to these types of situations.

Controlled Substance Ordering System (CSOS) – NACDS members raised a number of concerns about the time-consuming and unwieldy electronic and manual processes for CSOS application and renewal in the chain pharmacy environment. We also discussed the need to have bulk enrollment specialists available on the DEA help desk. DEA agreed that these processes could be upgraded, simplified, and streamlined. DEA is looking into upgrades that will allow for pharmacy self-enrollment and self-management, but could not provide timeframes for when to expect them. DEA agreed to provide bulk enrollment specialists on the help desk. We offered to provide DEA with advice on how to upgrade CSOS in a manner that would be workable for all.

Improving Communication between DEA and Pharmacy – We discussed the DEA email process for requesting policy guidance and assistance, and that responses from DEA take an unreasonably long time. DEA acknowledged our concerns, and promised to do what they could to provide more timely responses.

_____
**Steven Gregory**

HIGHLY CONFIDENTIAL

WAGMDL00382617

**Head of U.S. Public Policy**

**Walgreen Co.** │ 1399 New York Ave NW, Ste 725, Washington DC 20005
Telephone  202 942 7230 │ Mobile  202 270 7587

**Member of Walgreens Boots Alliance**

```
This email message, including attachments, may contain information that is proprietary,
confidential, privileged and/or exempt from disclosure. Please hold it in confidence to
protect privilege and confidentiality. If you are not the intended recipient, then please
notify the sender and delete this message. Any viewing, copying, publishing, disclosure,
distribution of this information, or the taking of any action in reliance on the contents
of this message by unintended recipients is prohibited and may constitute a violation of
the Electronic Communications Privacy Act.
```

HIGHLY CONFIDENTIAL

WAGMDL00382618