# **EXHIBIT 7**

```
                                                          Page 397
 1         IN THE UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF OHIO
 3                   EASTERN DIVISION
 4
                 ~~~~~~~~~~~~~~~~~~~~
 5
 6   IN RE:  NATIONAL PRESCRIPTION    MDL No. 2804
     OPIATE LITIGATION
 7                                    Case No. 17-md-2804
 8                                    Judge Dan Aaron
     This document relates to:        Polster
 9
10   The County of Cuyahoga v. Purdue
     Pharma L.P., et al.
11   Case No. 18-OP-45090
12   City of Cleveland, Ohio v. Purdue
     Pharma L.P., et al
13   Case No. 18-OP-45132
14   The County of Summit, Ohio, et al.
     v. Purdue Pharma L.P., et al.
15   Case No. 17-OP-45004
16               ~~~~~~~~~~~~~~~~~~~~
17                     Volume III
                 Continued deposition of
18                    JOHN PRINCE
19
                     May 23, 2019
20                     1:04 p.m.
21
                       Taken at:
22                   Ulmer & Berne
             1660 W. 2nd Street, Suite 1100
23                   Cleveland, Ohio
24
25         Renee L. Pellegrino, RPR, CLR
```

Page 454

1  Q. And at a general level, how is ARCOS
2  data helpful for diversion investigations?
3  A. I understand that I have access to
4  it. I have not used ARCOS, so my understanding
5  of ARCOS is very limited.
6  Q. As a TFO, have you ever initiated an
7  investigation into potential overprescribing
8  solely on the basis of the quantity of
9  medications that the physician was prescribing?
10  MR. CLUFF: Objection. Vague.
11  Lacks foundation.
12  MR. BENNETT: Objection. Vague.
13  You can answer that question yes or
14  no.
15  A. No.
16  Q. And as a TFO, have you ever
17  initiated any investigation into diversion based
18  solely on the quantity of medication, whether
19  that's medication being prescribed, medication
20  being dispensed?
21  MR. CLUFF: Same objections and
22  assumes facts.
23  MR. BENNETT: Same objection. Same
24  instruction.
25  You can answer yes or no only.

Page 455

1      A.    No.
2      Q.    Why not?
3            MR. BENNETT: Objection. Scope.
4            You are not authorized to disclose
5 the internal deliberative process of the
6 Department of Justice. To the extent you can
7 answer the question without disclosing the
8 internal deliberative process or disclosing
9 matters of prosecutorial discretion, you may
10 answer.
11      A.    The way we receive complaints is
12 multi-tiered, and that's not how -- that's not
13 what we do.
14      Q.    Could you tell whether someone is
15 diverting prescription medication looking only
16 at how many prescriptions they're writing?
17            MR. CLUFF: Calls for an expert
18 opinion. Lacks foundation. Vague.
19            MR. BENNETT: Objection. Scope.
20            You can answer if you know.
21      A.    Diverting prescription medication --
22 as the question is asked, by diverting, can I
23 tell, sometimes I can tell that a person is
24 diverting because it's a false prescription or a
25 copy or an altered prescription. That is

Page 456

1  diverting.
2      Q.    I'm saying you know Dr. X has
3  written Y number of prescriptions for oxycodone.
4  Do you know whether Dr. X -- just with that
5  information, do you know whether Dr. X is
6  diverting?
7            MR. CLUFF:  Incomplete hypothetical.
8  Vague.  Assumes facts.
9      A.    So as you've proposed this, without
10 a whole lot more information and protocols that
11 we would follow, the answer is no.
12                   -   -   -   -   -
13            (Thereupon, Deposition Exhibit 28,
14            Two-Page Document Entitled "Police
15            Department, Cleveland, Ohio,
16            Departmental Information," Dated
17            November 4, 2012, Beginning Bates
18            Number CLEVE_002712031, was marked
19            for purposes of identification.)
20                   -   -   -   -   -
21     Q.    I hand you what's been marked as
22 Prince Exhibit 28, which is a two-page document
23 Bates labeled CLEVE_002712031 through 32 from --
24 is there a date on this?  This is from November
25 4th, 2012.  And the first question is whether

Page 457

1   you recognize this, sir.
2        A.   Yes, sir.
3        Q.   And what is this document?
4        A.   This is a document that was produced
5   or compiled by myself at the direction of the
6   lead prosecutor handling this investigation.
7        Q.   And what information were you
8   reporting?
9        A.   At the direction of the county
10  prosecutor, I compiled an amount of work hours
11  that was spent on this investigation.
12       Q.   And this is an investigation that
13  resulted in an arrest?
14            MR. CLUFF:  Lacks foundation.
15       Q.   Do you know?
16       A.   The person under investigation was
17  not arrested but was indicted and pled by
18  information.
19       Q.   So this resulted in a conviction?
20       A.   Yes, it did.
21       Q.   Do you remember who the person was?
22            MR. CLUFF:  This is during your work
23  as a Cleveland officer, and since it's somebody
24  that's been convicted, you can answer.
25       A.   Yes.  I believe that this is the