# EXHIBIT 8

Case: 1:17-md-02804-DAP Doc #: 1876-10 Filed: 07/19/19 2 of 5. PageID #: 62231
Case: 1:17-md-02804-DAP Doc #: 1738 Filed: 06/26/19 1 of 52. PageID #: 51719

1

```
 1              IN THE DISTRICT COURT OF THE UNITED STATES
                   FOR THE NORTHERN DISTRICT OF OHIO
 2                          EASTERN DIVISION

 3
     IN RE:                         Case No. 1:17MD2804
 4   NATIONAL PRESCRIPTION          Cleveland, Ohio
     OPIATE LITIGATION
 5                                  June 25, 2019
                                    1:03 p.m.
 6

 7

 8                             - - - - -

 9

10         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS

11           BEFORE THE HONORABLE DAN A. POLSTER,

12             UNITED STATES DISTRICT JUDGE, AND

13      DAVID A. RUIZ, UNITED STATES MAGISTRATE JUDGE.

14

15                             - - - - -

16

17

18

19

20   Official Court Reporter: Susan Trischan,RMR,CRR,FCRR,CRC
                              7-189 U.S. Court House
21                            801 West Superior Avenue
                              Cleveland, Ohio  44113
22                            216-357-7087
                              Susan_Trischan@ohnd.uscourts.gov
23

24

25
```

|     |     |
| --- | --- |
| 1 | time period.  They might have criticized us for things we |
| 2 | did earlier, but in that time period, not." |
| 3 | THE COURT:  Well, they're only sued as |
| 4 | distributors in these -- in this case. |
| 13:35:25  5 | MR. STOFFELMAYR:  In this case that's |
| 6 | correct.  These are all arguments that relate |
| 7 | specifically to the Track 1 trial. |
| 8 | THE COURT:  All right. |
| 9 | MR. STOFFELMAYR:  These don't necessarily |
| 13:35:31 10 | have broader consequences. |
| 11 | There are arguments about the limitations |
| 12 | period under Ohio law in this particular -- in this |
| 13 | particular trial, but the effect they would have if the |
| 14 | motions were granted would be to remove this group of |
| 13:35:46 15 | defendants from the Track 1 trial; not from |
| 16 | the -- wouldn't have necessarily broad consequences |
| 17 | beyond that in the litigation. |
| 18 | Obviously we might or might not have |
| 19 | limitations arguments that relate to other trials or |
| 13:35:58 20 | other cases. |
| 21 | The other sort of overreaching motions we |
| 22 | have filed are -- or will file will be a causation |
| 23 | motion.  The arguments will be similar as far as the law |
| 24 | goes, but specific to our facts. |
| 13:36:23 25 | And this will be a no-evidence motion as it |

|  |  |
|---|---|
| 1 | was described, simply no evidence connecting the |
| 2 | shipments, the pharmacy distributors -- sorry -- pharmacy |
| 3 | defendants acting as distributors to their own stores. |
| 4 | No evidence that would connect those shipments, we would |
| 13:36:42  5 | say, to the harm that plaintiffs are claiming. |
| 6 | And the harm we're talking about here that |
| 7 | this motion will be focused on is harm that is allegedly |
| 8 | connected to diversion. |
| 9 | You know, when it comes to the pharmacy |
| 13:36:56 10 | defendants, like the other distributors, the claim here |
| 11 | isn't that we shipped too much to our own stores in order |
| 12 | to fill legitimate prescriptions, even if there is a |
| 13 | claim that those legitimate prescriptions were a result |
| 14 | of improper demand. The claim is that the shipments to |
| 13:37:15 15 | our stores are somehow connected to the diversion of |
| 16 | opioids, the improper diversion; not the filling of |
| 17 | legitimate prescriptions. |
| 18 | THE COURT: I mean, they would have to show |
| 19 | that one or more of the stores of the specific pharmacy |
| 13:37:27 20 | defendant was a pill mill. |
| 21 | MR. STOFFELMAYR: Essentially, yes. |
| 22 | And there is -- our motion will argue that |
| 23 | there is no evidence that would allow a trier of fact to |
| 24 | draw that conclusion. |
| 13:37:38 25 | THE COURT: Okay. |

|  |  |
|---|---|
| 1 | MR. STOFFELMAYR: We also have a conspiracy |
| 2 | motion. This was filed on June 21st, and I just to want |
| 3 | make sure it's clear to the Court how this is different |
| 4 | from the RICO arguments the Court has already seen in the |
| 13:37:50 5 | motion to dismiss context, and will probably see again in |
| 6 | the summary judgment context. |
| 7 | There is no RICO claim pled against the |
| 8 | pharmacy defendants, so this motion goes only to the Ohio |
| 9 | common law conspiracy claim. And it's a no-evidence |
| 13:38:08 10 | motion. We say there is no evidence to allow a trier of |
| 11 | fact to conclude that the pharmacy defendants entered |
| 12 | into a, quote, unquote, malicious combination, which |
| 13 | would be required for a civil conspiracy claim. |
| 14 | The third and last common motion, which has |
| 13:38:25 15 | not been filed yet but will, is a preemption motion, and |
| 16 | this is a preemption argument the Court has not seen yet. |
| 17 | I do want to, at the outset, again make clear what it's |
| 18 | not. |
| 19 | This is not the sort of preemption argument |
| 13:38:38 20 | the Court has seen made by the manufacturer defendants |
| 21 | that has to do with how the FDA regulates the labeling |
| 22 | for prescription drugs. That's an important preemption |
| 23 | argument, but a very different one. |
| 24 | Our preemption argument goes to how the |
| 13:38:54 25 | legal scheme governing the distribution of controlled |