# **EXHIBIT 9**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## PLAINTIFFS' RESPONSES TO SUPPLEMENTAL INTERROGATORY ISSUED IN DISCOVERY RULING 12 TO PLAINTIFFS

**Supplemental Discovery Ruling 12 Interrogatory:**

*For each National Retail Pharmacy Defendant and Distributor Defendant, identify 10 Suspicious Orders for Prescription Opioids that you contend were shipped to Your geographic area during the Relevant Time Period. For each order, identify the date the order was shipped, the manufacturer, name, and amount of the medication that was shipped, the name of the defendant that shipped the order, and the name and location of the person or entity that placed the order. Furthermore, explain in detail all criteria you used to identify these Suspicious Orders, including whether and why you contend (i) any due diligence actually conducted was insufficient, and (ii) the order was so suspicious that there was no amount of due diligence that could have removed every basis to suspect the customer was engaged in diversion.*

**Preliminary Objections and Legal Limitations**

1. The bellwether Plaintiffs here renew and incorporate by reference their objections and assertions of legal limitation set out in each Plaintiff's Amended Responses and Objections to the National Retail Pharmacy Defendants' First Set of Interrogatories and Distributor Defendants' Fourth Set of Interrogatories to Plaintiffs, Reformulated Pharmacy Interrogatory No. 7 and Distributor Interrogatory No. 23, served on October 31, 2018, specifically including the introductory paragraph to those objections and assertions of legal limitation and paragraphs 1 – 11 (with related charts), which the bellwether Plaintiffs also assert here.

2. The bellwether Plaintiffs have identified the suspicious orders identified in Exhibit A hereto as suspicious based on the unusual size of the order(s), the unusual frequency of the order(s), the variance of the order(s) from the usual pattern, and/or the shipment of the order(s) where the recipient pharmacy or the prescribing physician's license had been revoked, as further explained in in Exhibit A. With regard to each identified order, either the order was so suspicious that no due diligence could have removed every basis to suspect the customer was engaged in diversion and/or Plaintiffs have been unable to identify sufficient due diligence conducted by the Defendant with respect to that order, as further explained in in Exhibit A.

3. The bellwether Plaintiffs reserve the right to supplement this answer if, or when, the Distributors fully and transparently respond to discovery. For the purposes of responding to this

supplemental interrogatory, Plaintiffs have not attempted to identify every suspicious order, nor have Plaintiffs applied every reasonable method for identifying suspicious orders.

4. The bellwether Plaintiffs reserve the right to supplement this answer if, or when the Distributors disclose the system(s) the Distributors designed and operated sufficient to detect suspicious orders using Distributors' own metrics.

5. The bellwether Plaintiffs reserve the right to supplement this answer through expert witnesses pursuant to the Scheduling Order entered by the Court.

Subject to, and without waiving, those objections and assertions of legal limitation, the bellwether Plaintiffs state as follows:

**ANSWER**: In a good faith effort to meet their obligations and to comply with Discovery Ruling 12, which directs that this supplemental interrogatory be responded to at this time, Plaintiffs respond with the suspicious orders, and information regarding the same, as set out in the documents attached hereto.

Dated: January 11, 2019

        Respectfully submitted:

        /s/ *Peter J. Mougey*
        Peter J. Mougey
        **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
        316 S. Baylen Street, Suite 600
        Pensacola, FL 32502-5996
        Tel.: 850-435-7068
        Fax: 850-436-6068
        pmougey@levinlaw.com
        For the PEC

        Paul T. Farrell, Jr. (OH 0070257)
        **GREEN KETCHUM FARRELL BAILEY & TWEEL, LLP**
        419-11th Street (25701)
        PO Box 2389 Huntington, WV 25724-2389
        Phone: 800-479-0053 or 304-525-9115
        Fax: 304-529-3284
        paul@greeneketchum.com
        Co-Lead Plaintiffs' Counsel

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was served via electronic mail upon counsel of record in the National Prescription Opiates MDL via the list serves for Defendants and Plaintiffs and on Special Master David Cohen this 11th day of January 2019.

                                                        */s/ Peter J. Mougey*
                                                        Peter J. Mougey

# EXHIBIT A

In August 2011 Walgreen Co.'s national average for monthly distribution per pharmacy for Oxycodone (9143) was 10,544 dosage units. In that same month, Walgreen Co. shipped 42,700 dosage units to Walgreens # 03310, 16803 Lorain Ave., Cleveland, OH 44111, DEA # BW4147307. The orders identified below were all shipped after Walgreens # 03310, 16803 Lorain Ave., Cleveland, OH 44111, DEA # BW4147307 had already received dosage units in excess of three times the national average from Walgreen Co.

| Suspicious Order No. | Distributor | Name and Address of Buyer | Base Code | NDC Code | Date | Product Name | Dosage Units | Labeler* | Review of Due Diligence File | Cumulative Dosage Unit Total as Compared to Walgreen Co. Monthly Average |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 10702005601 | 8/29/11 | OXYCODONE HCl 10MG TABLETS USP | 200 | KVK-Tech, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 316% |
| 2 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 591074905 | 8/29/11 | OXYCODONE HYDROCHLORIDE 5MG&ACETAMIN | 4000 | Actavis Pharma, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 354% |
| 3 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 68462020401 | 8/29/11 | OXYCODONE HYDROCHLORIDE 5MG CAPSULE | 100 | Glenmark Pharmaceuticals Inc., USA | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 355% |
| 4 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 228287911 | 8/29/11 | OXYCODONE HCL 30MG TABLETS, 100 CT | 100 | Actavis Pharma, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 356% |
| 5 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 591093201 | 8/29/11 | OXYCODONE.HCL/APAP 10MG/325MG TABS | 3500 | Actavis Pharma, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 389% |
| 6 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 591082501 | 8/29/11 | OXYCODONE.HCL 10MG / APAP 650MG TABL | 100 | Actavis Pharma, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 390% |
| 7 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 59011041010 | 8/29/11 | OXYCONTIN 10MG OXYCODONE HCL CR TABL | 300 | Purdue Pharma LP | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 393% |
| 8 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 406055201 | 8/29/11 | OXYCODONE HYDROCHLORIDE TABLETS 5MG | 1000 | SpecGx LLC | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 402% |

Page 17

| Suspicious Order No. | Distributor | Name and Address of Buyer | Base Code | NDC Code | Date | Product Name | Dosage Units | Labeler* | Review of Due Diligence File | Cumulative Dosage Unit Total as Compared to Walgreen Co. Monthly Average |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 228287811 | 8/29/11 | OXYCODONE HCL 15MG TABLETS, 100 CT | 200 | Actavis Pharma, Inc. | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 404% |
| 10 | WALGREEN CO. | Walgreens # 03310 16803 Lorain Ave. Cleveland, OH 44111 DEA # BW4147307 | 9143 | 59011043010 | 8/29/11 | OXYCONTIN 30MG OXYCODONE HCL CR TABL | 100 | Purdue Pharma LP | Plaintiffs have been unable to identify any due diligence conducted by Walgreen Co. with respect to this order. | 405% |