# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

## SUMMARY SHEET FOR

## COMBINED BRIEF OF
## DISTRIBUTORS AND MANUFACTURERS
## IN SUPPORT OF PARTIAL SUMMARY JUDGMENT ON
## STATUTE OF LIMITATIONS GROUNDS

The attached motion argues that the applicable statutes of limitation, which range from one to five years, bar Plaintiffs' claims in part. If granted, this motion for partial summary judgment would bar those claims that accrued before October 27, 2012 (using the longest applicable statute of limitations, which is the five-year limitations period for Ohio RICO claims). For causes of action with a shorter statute of limitations, the motion would bar recovery for claims that accrued before a later date.[1]

---

[1] The First, Second, and Third Amended Complaints added defendants. For those later-added defendants, the same statutes of limitations would not stretch back as far as October 27, 2012. Tables 1-4, set forth in the Combined Brief, provide the operative statute of limitations dates for those entities newly named as defendants in each amended pleading.

This Combined Brief is filed by distributor-defendants and manufacturer-defendants. Sections I, II and V present arguments common to all defendants (with limited exceptions). Sections III and IV present arguments unique to Distributors and Manufacturers, respectively.

The motion draws heavily on the extensive discovery taken in the litigation. That discovery shows that from the early 2000s forward Plaintiffs knew that: (1) there was a "high" volume of opioids being prescribed, dispensed, and distributed in Ohio communities; (2) there was a crisis of opioid use and abuse; and (3) they were incurring increased public costs as a result of the crisis. Plaintiffs did not need to know more for their federal and state RICO claims and common-law negligence, public nuisance, unjust enrichment, and injury-through-criminal-acts claims to accrue. And for Plaintiffs' common-law fraud claim against Manufacturers, the undisputed evidence shows that Plaintiffs had knowledge of any allegedly false marketing by Manufacturers and its alleged role in the opioid crisis (and Plaintiffs' alleged harm) years before October 27, 2012. Accordingly, this claim accrued well prior to October 27, 2012, too.

The statute of limitations begins to run even if a plaintiff does not know exactly what the wrongful act was, or who committed it, or what the full extent of his injuries are. But the undisputed evidence shows that Plaintiffs did know, or should have known, those very things. Section III shows that as to Distributors, and Part IV shows that as to Manufacturers. Lastly, Part V explains why, after the completion of discovery, the arguments Plaintiffs have offered in the past to avoid the statutes of limitations fail as a matter of law.

This motion will streamline and shorten the trial. It will result in the complete dismissal of some defendants, whose alleged wrongful conduct was limited to the period before October 27, 2012. Other defendants would remain in the case, but the case would be simplified for the jurors. With 11 distributor-defendants and more than 30 manufacturer-defendants, the jury

faces the difficult (if not impossible task) of keeping in mind, and keeping distinct, the evidence as to each defendant.  Different manufacturers engaged in different promotional activities, if any, of different opioids at different times, just as different distributors and manufacturers had different suspicious-order monitoring systems, and modified them at different times and in different ways.  A trial focused at least on the period after October 27, 2012 reduces some of this complexity.  Finally, limiting the case to those claims that are not time-barred may help facilitate resolution of the litigation.