Exhibit 24

```
                                                            Page 1
 1           IN THE UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF OHIO
 3                    EASTERN DIVISION
 4
                   ~~~~~~~~~~~~~~~~~~~~
 5
      IN RE:  NATIONAL PRESCRIPTION    MDL No. 2804
 6    OPIATE LITIGATION
                                       Case No. 17-md-2804
 7
                                       Judge Dan Aaron
 8    This document relates to:        Polster
 9
10    The County of Cuyahoga v. Purdue
      Pharma L.P., et al.
11    Case No. 18-OP-45090
12    City of Cleveland, Ohio v. Purdue
      Pharma L.P., et al
13    Case No. 18-OP-45132
14    The County of Summit, Ohio, et al.
      v. Purdue Pharma L.P., et al.
15    Case No. 17-OP-45004
16
                   ~~~~~~~~~~~~~~~~~~~~
17
18             Videotaped deposition of
                    CHERI WALTER
19
20              February 19, 2019
                    9:04 a.m.
21
22                   Taken at:
             Murray Murphy Moul & Basil LLP
23                1114 Dublin Road
                  Columbus, Ohio
24
25        Renee L. Pellegrino, RPR, CLR
```

```
 1   APPEARANCES:
 2   On behalf of Summit County and City of Akron:
        Motley Rice
 3      ANNE KEARSE, ESQ.
        NATALIE DEYNEKA, ESQ.
 4      28 Bridgeside Boulevard
        Mt. Pleasant, South Carolina  29464
 5      (843) 216-9343
        akearse@motleyrice.com
 6      ndeyneka@motleyrice.com
 7   On behalf of the Witness:
        CHRISTINA SHAYNAK-DIAZ, ESQ.
 8      3488 Woodland Avenue
        Hilliard, Ohio  43026-2101
 9      (614) 832-9143
        sdlaw@outlook.com
10
     On behalf of Walmart, Inc.:
11      Jones Day
        BRANDY RANJAN, ESQ.
12      325 John J. McConnell Boulevard
        Suite 600
13      Columbus, Ohio  43215-2673
        (614) 469-3939
14      branjan@jonesday.com
15   On behalf of McKesson Corporation:
        (Via Telephone and Veritext Virtual)
16      Covington & Burling
        BRYANT PULSIPHER, ESQ.
17      One Front Street
        San Francisco, California  94111-5356
18      (415) 591-6000
        bpulsipher@cov.com
19
     On behalf of Cardinal Health:
20      Williams & Connolly LLP
        COLLEEN McNAMARA, ESQ.
21      725 12th Street, N.W.
        Washington, D.C.  20005
22      (202) 434-5186
        cmcnamara@wc.com
23
24                     ~ ~ ~ ~ ~
25
```

```
                                                        Page 3
 1   APPEARANCES, CONT'D:
 2   On behalf of Johnson & Johnson and Janssen
     Pharmaceuticals, Inc.:
 3      Tucker Ellis LLP
        TARIQ NAEEM, ESQ.
 4      950 Main Avenue, Suite 1100
        Cleveland, Ohio  44113-7213
 5      (216) 592-5000
        tariq.naeem@tuckerellis.com
 6
     On behalf of CVS Indiana, LLC and CVS Rx Services,
 7   Inc.:
        Zuckerman Spaeder LLC
 8      KYLE A. CRAWFORD, ESQ.
        1800 M Street NW
 9      Suite 1000
        Washington, D.C.  20036-5807
10      (202) 778-1825
        kcrawford@zuckerman.com
11
     On behalf of AmerisourceBergen Drug Corporation:
12      (Via Telephone and Veritext Virtual)
        Reed Smith
13      M. PATRICK YINGLING, ESQ.
        10 South Wacker Drive
14      40th Floor
        Chicago, Illinois  60606-7507
15      (312) 207-1000
        mpyingling@reedsmith.com
16
17   ALSO PRESENT:  Kurt Henschel, Videographer
18
                        ~ ~ ~ ~ ~
19
20
21
22
23
24
25
```

TRANSCRIPT INDEX

APPEARANCES ..................................2

INDEX OF EXHIBITS ............................5

INDEX OF OBJECTIONS ..........................8

EXAMINATION OF CHERI WALTER:

BY MS. McNAMARA ............................10

BY MR. CRAWFORD ...........................194

BY MR. NAEEM ..............................214

BY MS. RANJAN .............................240

BY MS. KEARSE .............................250

AFTERNOON SESSION .........................146

REPORTER'S CERTIFICATE ....................262

EXHIBIT CUSTODY - RETAINED BY COURT REPORTER

Page 106

1  dollar budget deficit that the state had --
2  strike that.
3          In the next paragraph of the
4  document it says, "Ohio now recognizes that
5  lives are being lost and budgets are being
6  decimated by heroin and other opiate abuse,
7  related criminality and societal costs."
8          Do you see that?
9     A.   I'm sorry.  Where are you at?
10    Q.   Oh, I'm sorry.  In the second
11 paragraph of "Background."
12    A.   Yes, I see that.
13    Q.   And is that an accurate statement as
14 of 2011?
15    A.   Yeah, I would say that was.
16    Q.   And Ohio, that means counties and
17 cities across the state, correct?
18         MS. KEARSE:  Object to form.
19    A.   That would be my understanding, yes.
20    Q.   Was that your experience at the
21 time?
22    A.   Yes.
23    Q.   And so the epidemic of heroin and
24 opiate addiction, in your experience that was
25 not just limited to one or two counties, it was

Page 107

1  something affecting the entire state?
2             MS. KEARSE: Object to form.
3      A.    That's correct.
4      Q.    So if you flip over to page 500, in
5  the first full paragraph there it says, "To help
6  move Ohio forward in addressing the OPDATF
7  recommendations and the widely perceived
8  deficits in treatment modalities for opiate
9  addiction, we are planning a second conference,
10 a part 2 to the March 2010 conference,
11 "Medication-Assisted Treatment: Putting the
12 Brakes on the Opiate Epidemic."
13            Did I read that correctly?
14     A.    You did.
15     Q.    So do you have an understanding of
16 what the reference to "widely perceived deficits
17 in treatment modalities for opiate addiction"
18 means?
19     A.    Well, yes. I think at this time
20 medication-assisted treatment was just becoming
21 the norm. We didn't have enough trained doctors
22 across the state of Ohio. We didn't have enough
23 treatment facilities that were using
24 medication-assisted treatment. So I believe
25 that's what that references to, and there were

Page 120

1  boards, who send it out to all of their
2  providers.  We send it to the provider
3  organization.  All of those people that were on
4  that steering committee, I'm sure we would have
5  asked them, when it was time to register, to
6  send it out as well.
7       Q.   And when you say send it out through
8  partners, who are the partners you're referring
9  to?
10      A.   For the most part, the people that
11 were on that steering committee.  There may have
12 been another partner here that are asked, like
13 oftentimes I ask the county commissioners to
14 send some out, things like that, just whomever I
15 thought could get it out to people that might
16 have been appropriate to attend.
17      Q.   So as the CEO of OACBHA, which was
18 putting on this conference, was it your
19 understanding that Ohio was, in fact, suffering
20 from an opiate epidemic in 2011?
21           MS. KEARSE:  Object to the form.
22      A.   Yes.
23      Q.   And that the opiate epidemic was not
24 limited at that time -- strike that.
25           And that the opiate epidemic was not

Veritext Legal Solutions

www.veritext.com                                  888-391-3376

Page 121

1  limited to particular counties or areas of the
2  state?
3           MS. KEARSE: Object to form.
4       A.   It may not have been in each of the
5  88 counties, but it certainly wasn't limited to
6  one area. It was across the state.
7       Q.   What's the basis of that
8  understanding?
9       A.   Working with my directors and
10 reading, talking to people. I mean, this is my
11 profession.
12      Q.   We talked earlier about the OACBHA
13 membership meetings.
14      A.   Um-hum.
15      Q.   Was the opiate epidemic a topic of
16 discussion at those meetings around this time in
17 2011?
18      A.   I can only guess that it was. I
19 mean, I don't remember off the top of my head
20 each meeting, but we would have talked about the
21 upcoming conference. We may well have had --
22 talked about who they thought should present.
23 So yes, I would believe. And plus with the
24 budget, yeah.
25      Q.   So the conference would have been