# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P.,* Case No. 18-OP-45090 (N.D. Ohio);<br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## **DECLARATION OF WILLIAM GRUBB**

I, William Grubb, declare as follows:

1. I am over 21 years of age and am competent to give this declaration. I have personal knowledge of the facts set forth in this declaration and, if called to testify about these facts, I could and would do so competently and under oath.

2. My current title is Vice President of Global Business Development for Noramco, Inc. ("Noramco"). I have worked for Noramco since 1997.

3. In my role as Vice President of Global Business Development, I am involved with and have personal knowledge regarding Noramco's role as a supplier of active pharmaceutical ingredients ("ingredients") to manufacturers of finished drug products.

4. Noramco supplies ingredients to manufacturers of finished drug products in compliance with applicable law and according to the specifications provided by the finished drug product manufacturers for their finished drug products.

5. The federal government tightly regulates Noramco's manufacture and sale of ingredients through the Drug Enforcement Administration ("DEA") and Food and Drug Administration ("FDA").

6. Noramco manufactures its ingredients in accordance with FDA quality control requirements called Good Manufacturing Practices.

7. Noramco does not and cannot manufacture and sell more of its ingredients than DEA approves, and DEA also must approve Noramco's customers; DEA independently sets annual quotas that strictly limit the amount of ingredients Noramco can manufacture and sell and dictates precisely who can purchase them.

8. While Noramco's market share can change year-to-year within the fixed DEA-controlled market for ingredients, it is not possible for Noramco to expand the market for ingredients beyond the overall limits set by DEA.

9. The DEA-licensed finished drug product manufacturers to which Noramco supplies its ingredients are free to alter, process, or use those ingredients as necessary for the manufacture of their FDA-approved finished drug products.

10. Noramco does not participate in the manufacture, packaging, branding, marketing, promotion, distribution, or sale of finished drug products.

11. Noramco has no input into what medicines, formulations, or dosages FDA approves for patient use, and Noramco also has no input regarding physicians' prescription of finished drug products for patient use or the sale and distribution of finished drug products to pharmacies.

12. Although Noramco was once a wholly-owned subsidiary of Johnson & Johnson ("J&J"), it is and always has been an entirely independent entity from J&J and its other affiliated companies; Noramco has always had its own separate and independent company name and letterhead and owned its own operational and manufacturing facilities.

13. Noramco has always operated as an autonomous entity, developed its own business plan, and set its own policies and objectives; even in its prior capacity as a J&J subsidiary, Noramco conducted its day-to-day operations with almost no input from J&J or its other affiliated companies.

14. Noramco does not and never has participated in J&J's finished drug product business and thus has never had any role whatsoever in any decisions regarding what finished drug products to manufacture or sell and has never had any role in any marketing, advertising, or promotional decisions relating to finished drug products.

15. Throughout the course of discovery in the Track One cases, Noramco did not receive any requests from the County of Summit or Cuyahoga County (collectively "Plaintiffs") for written discovery, documents, or depositions.

16. Plaintiffs' experts' reports do not mention Noramco other than to list it as one of the named defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of June, 2019.

_____
William Grubb
Noramco, Inc.