*In re National Prescription Opiate Litigation*:  MDL 2804

**DEFENDANT NORMACO, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**

**Summary Sheet of Concise Issues Raised**

**Motion:**  Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment

**Moving Party:**  Defendant Noramco, Inc. ("Noramco")

**Concise Description of Issues:**

*Issue 1:*  Is Noramco entitled to judgment on the pleadings on all claims?

*Answer*:  Yes.  As a mere supplier of active pharmaceutical ingredients ("ingredients"), Noramco has never been involved in the manufacture, marketing, or distribution of the "prescription opioid drugs," or finished drug products, that are the sole basis of Plaintiffs' claims.  Plaintiffs' theories of liability simply do not apply to Noramco.  As to Noramco specifically, Plaintiffs only allege that it is a former subsidiary of Johnson & Johnson ("J&J") and that it was J&J's manufacturer of ingredients until July 2016.  These allegations do not support the reasonable inference that Noramco engaged in the allegedly wrongful conduct at issue or that any Noramco conduct proximately caused the alleged injuries.  *See, e.g., HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  Plaintiffs attempt to lump Noramco together with defendants who did engage in the allegedly wrongful conduct at issue, but their general, unspecified allegations are improper and insufficient to put Noramco on notice of the basis for Plaintiffs' claims against it.  *See, e.g., In re Darvocet, Darvon, and Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 932 (6th Cir. 2014).

*Issue 2:*  Is Noramco entitled to summary judgment on all claims?

*Answer:*  Yes.  The undisputed facts show that, as a mere ingredient supplier, Noramco did not engage in the marketing or distribution of finished drug products, cannot be held liable for the conduct of any defendants who did engage in such conduct, and could not have proximately caused the alleged injuries.  Noramco therefore is entitled to judgment as a matter of law.  *See, e.g., Jacobs v. E.I. du Pont de Nemours & Co.*, 67 F.3d 1219, 1241 (6th Cir. 1995); *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 946, 502 (6th Cir. 2010).  Plaintiffs cannot produce any evidence to create a genuine dispute of material fact.  Even if Dr. Kessler's testimony were admissible, his passing reference to Noramco and the materials on which he relied cannot create a genuine dispute of material fact.  *See, e.g.,* Fed. R. Evid. 703; *United States v. Rios*, 830 F.3d 403, 418 (6th Cir. 2016). Because Plaintiffs failed to pursue any discovery from Noramco, they have no evidence to support their claims and Noramco therefore is entitled to judgment as a matter of law.  *See, e.g., Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477-80 (6th Cir. 2010).

**Filing Date:**  June 28, 2019
**Response Date:**  July 31, 2019
**Reply Date:**  August 16, 2019