# EXHIBIT I.1

```
 1              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3
     IN RE: NATIONAL           )
 4   PRESCRIPTION              )   MDL No. 2804
     OPIATE LITIGATION         )
 5   _____    )   Case No.
                               )   1:17-MD-2804
 6                             )
     THIS DOCUMENT RELATES     )   Hon. Dan A.
 7   TO ALL CASES              )   Polster
 8
                  THURSDAY, JULY 19, 2018
 9
       HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
10                CONFIDENTIALITY REVIEW
11                       - - -
12         Videotaped deposition of Gary L.
13   Boggs, held at the offices of The Cochran
14   Firm, D.C., 1100 New York Avenue, NW, Suite
15   340, Washington, DC, commencing at 9:05 a.m.,
16   on the above date, before Carrie A. Campbell,
17   Registered Diplomate Reporter and Certified
18   Realtime Reporter.
19
20
21                       - - -
22
              GOLKOW LITIGATION SERVICES
23        877.370.3377 ph | 917.591.5672 fax
                   deps@golkow.com
24
25
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1        Q.    Yes, sir.
 2        A.    Not that I'm aware of, no.
 3        Q.    That discretion is left to
 4   the -- is left to McKesson or was left to
 5   McKesson, true?
 6              MR. STANNER:  Objection to the
 7        form.
 8   QUESTIONS BY MR. HAWAL:
 9        Q.    By the DEA?
10        A.    I believe that's the case, yes.
11        Q.    Have you ever seen any document
12   whereby McKesson communicated to the DEA that
13   it was incapable of identifying suspicious
14   orders or stopping their shipment?
15        A.    Not that I recall, no.
16        Q.    You were also identified as a
17   person most knowledgeable at McKesson about
18   controlled substance quotas, but we were told
19   that McKesson has no documents relating to
20   controlled substance quotas and does not set
21   quotas.
22              Is that familiar to you, sir?
23              MR. STANNER:  Objection --
24              THE WITNESS:  It's familiar to
25        me, yes.
```

```
 1                MR. STANNER:  -- to the form.
 2   QUESTIONS BY MR. HAWAL:
 3        Q.     So is there any role -- does
 4   McKesson play any role in setting quotas or
 5   contributing to the establishment of quotas
 6   for controlled substances?
 7                MR. STANNER:  Objection to the
 8         form.
 9                THE WITNESS:  The Drug
10         Enforcement Administration sets the
11         quotas.
12   QUESTIONS BY MR. HAWAL:
13        Q.     All right.  And McKesson and
14   other distributors do not play a role in
15   that?
16        A.     The only role that we would
17   play is the ARCOS reporting, the data that we
18   report via ARCOS, which is considered as part
19   of the DEA determination when setting the
20   quotas.  That would be the only role that we
21   would play.
22                MR. HAWAL: All right.  I don't
23         have any further questions.  We are
24         going to reserve our right to reopen
25         this deposition once McKesson complies
```