# EXHIBIT I.16

Highly Confidential - Subject to Further Confidentiality Review

```
1              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF OHIO
2                    EASTERN DIVISION
3    IN RE: NATIONAL          )   MDL No. 2804
     PRESCRIPTION OPIATE      )
4    LITIGATION               )   Case No.
                              )   1:17-MD-2804
5                             )
     THIS DOCUMENT RELATES TO )   Hon. Dan A.
6    ALL CASES                )   Polster
                              )
7
8
9                       __ __ __
10              Sunday, May 5, 2019
                        __ __ __
11
12         HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
                 CONFIDENTIALITY REVIEW
                        __ __ __
13
14
15
16         Videotaped Deposition of MEREDITH B.
     ROSENTHAL, Ph.D., VOLUME 2, held at Robins
17   Kaplan LLP, 800 Boylston Street, Suite 2500,
     Boston, Massachusetts, commencing at
18   8:04 a.m., on the above date, before
     Michael E. Miller, Fellow of the Academy of
19   Professional Reporters, Registered Diplomate
     Reporter, Certified Realtime Reporter and
20   Notary Public.
21
22
23                      __ __ __
24         GOLKOW LITIGATION SERVICES
           877.370.3377 ph | fax 917.591.5672
25              deps@golkow.com
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1    BY MR. METZ:

 2         Q.      Okay.  And it also does not

 3    include the pharmacy defendants, correct?

 4                 MR. SOBOL:  Objection, asked

 5         and answered.

 6         A.      Yes, that is correct.

 7    BY MR. METZ:

 8         Q.      So we take another example,

 9    paragraph 78, where you say, quote:  An

10    alternative method of identifying the impact

11    of the defendants', possessive, misconduct,

12    is to use an indirect method.

13                 Do you see that?

14         A.      Yes.

15         Q.      And there again, you're using

16    the term "defendants," but how we should

17    understand that is the marketing defendants,

18    correct?

19         A.      Well, the -- in -- excuse me,

20    the indirect approach -- it is getting to be

21    late -- is, as you know, a residual approach,

22    so it inherently is looking at all of these

23    demographic, socioeconomic and healthcare

24    factors that could have driven higher opioid

25    use and attributes that which is left to the
```

Highly Confidential - Subject to Further Confidentiality Review

1    misconduct.

2              I think it's a little bit less

3    clear about how that analysis might be used

4    to assess liability for distributors.  I have

5    not been asked to do that, but the indirect

6    analysis, because it's not measuring the

7    conduct of a specific group, could be open to

8    a broader interpretation.

9         Q.    Have you disclosed any opinions

10   that, based upon your indirect model, you

11   draw conclusions about distributor

12   defendants' conduct?

13        A.    I have not.  I have not drawn

14   those conclusions.

15        Q.    And you mentioned the detailing

16   data, but just to be clear, you did not

17   include in your direct model any data series

18   that you understood were measuring the

19   conduct of the distributor defendants; is

20   that correct?

21              MR. SOBOL:  Objection, asked

22        and answered.

23        A.    I have not measured the conduct

24   of the distributors or included that in my

25   model.