# Exhibit 3

*CONFIDENTIAL*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION ) | |
| OPIATE LITIGATION ) | |
| ) | MDL No. 2804 |
| This document relates to: ) | |
| ) | Case No. 17-md-2804 |
| *City of Cleveland v. Purdue Pharma L.P., et al.,* ) | |
| Case No. 18-OP-45132 (N.D. Ohio) ) | Hon. Dan Aaron Polster |
| ) | |
| *The County of Cuyahoga v. Purdue Pharma* ) | |
| *L.P., et al.,* Case No. 17-OP-45004 (N.D. Ohio) ) | |
| ) | |
| *The County of Summit, Ohio, et al. v. Purdue* ) | |
| *Pharma L.P. et al.*, Case No. 18OP-45090 ) | |
| (N.D. Ohio) ) | |
| ) | |
| ) | |
| _____ ) | |

**ALLERGAN'S FOURTH AMENDED OBJECTIONS AND RESPONSES
TO PLAINTIFFS' CORRECTED SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 as well as the Case Management Order (Dkt. No. 232) in *In re: National Prescription Opiate Litigation*, Defendant Allergan hereby responds and objects to Plaintiff's First Interrogatories (the "Requests"). Allergan incorporates all objections and statements set forth in its August 31, 2018 Objections and Responses to Plaintiffs' Second Set of Interrogatories, its October 22, 2018 First Amended Objections and Responses to Plaintiffs' Second Set of Interrogatories, its November 16, 2018 Second Amended Objections and Responses to Plaintiffs' Second Set of Interrogatories, and its January 22, 2019 Third Amended Objections and Responses to Plaintiffs' Second Set of Interrogatories to the extent not overruled by the court or separately agreed-to.

*CONFIDENTIAL*

In addition to the fact that Plaintiffs and their witnesses have not identified any specific wrongdoing by Allergan entities or their former affiliates or any specific harm caused by any conduct of these entities, Allergan refers Plaintiffs to the following facts as examples of those on which it may rely in future proceedings in this matter with respect to Kadian®:

- The FDA originally approved Kadian®'s New Drug Applications in 1996.
- Allergan did not acquire Kadian® until December 2008.
- Allergan has not detailed or otherwise promoted Kadian® since at least January 1, 2014.
- The limited promotion performed on Allergan's behalf between 2009 and 2013 was entirely appropriate.
- The limited promotion of Kadian® performed during that short 2009-2013 timeframe was handled by individuals employed by InVentiv, and not Allergan. Allergan personnel instructed InVentiv to promote Kadian® consistent with Kadian®'s FDA-approved label, which contained comprehensive warnings and information regarding Kadian®'s risks.
- Allergan did not engage in the promotional activities that Plaintiff alleges other Defendants engaged in, such as use of "Key Opinion Leaders," "front groups" or "speakers' bureaus" (as those terms are used in Plaintiff's Complaint) for the promotion of Kadian® or for the promotion of opioids as a class.
- Kadian®'s market share has declined substantially since Allergan acquired Kadian®. For example, in 2011, Kadian®'s market share was less than one quarter of one percent. In 2016, for instance, Kadian®'s market share was less than one twentieth of one percent.

Allergan refers Plaintiffs to the following facts as examples of those on which it may rely in future proceedings in this matter with respect to Norco®:

- No Plaintiff has made a single allegation of wrongdoing with respect to Norco® at any point.
- The FDA originally approved Norco®'s Abbreviated New Drug Applications ("ANDAs") in 1997.
- Based on Allergan's investigation to date, Allergan has not promoted Norco® for approximately a decade and a half, since at least 2003.
- Norco®'s market share has declined substantially since approval of its ANDAs in 1997. In 2009, only 119,094 Norco® prescriptions were written nationally, and only 1,200 of those prescriptions were written in Ohio. Norco® prescriptions have declined even further since then. For instance, in 2016, only 58,653 Norco® prescriptions were written nationally, and only 977 of those prescriptions were written in Ohio. In 2016, Norco® prescriptions constituted just 0.03% of the total market of opioids prescribed in the United States.

In providing this information, Allergan does not intend to limit in any way the evidence, information, arguments, testimony or defenses it may introduce at trial or any other proceeding. To the extent that this interrogatory seeks additional information, Allergan objects that it is

5

*CONFIDENTIAL*

were identified by looking at prescriber data and identifying current prescribers of Kadian®, branded morphine, and generic morphine. If these prescribers were within the territories of Inventiv sales representatives, the sales representatives would be assigned these prescribers. If these prescribers were not within the territories of Inventiv sales representatives, Actavis Inc. would send these names to TMS Health and Technekes so that a telesales representative could call the prescriber. When a prescriber on a TMS Health or Technekes call list was being detailed in-person by Inventiv, that prescriber would be removed from TMS Health's and Technekes's call list and added to a "Do Not Call" list. Based on Allergan's investigation to date, Allergan has not identified any other reasons prescribers were removed from the call list. Allergan has not located any other information responsive to this request for its current Allergan entities, or for the Actavis Generics Companies which are no longer affiliated with Allergan and which generally did not detail generic drugs.

**INTERROGATORY NO. 25:** Identify and provide salary and bonus information for all of Your former or current Employees who were or are engaged in Marketing to Prescribers or ensuring compliance with applicable laws, policies, and procedures in the Jurisdictions, including all Employees who (1) developed, implemented, reported on, or supervised Marketing Activities that included or targeted Prescribers in the Jurisdictions; (2) gave, assisted, or supervised speaking programs, CME, or other promotional events, programs, or meetings conducted in the Jurisdictions or attended by Prescribers from the Jurisdiction; (3) were responsible for ensuring compliance with state and federal laws and regulations regarding the Marketing of Opioids, any settlement, corporate integrity, consent judgment, or plea agreement and/or the compliance with laws and regulations related to preventing diversion of controlled substances. Include in your response the titles and dates of employment for all such individuals.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 25:** Allergan objects to this Request by adopting and incorporating by reference its General Objections and Objections to Definitions. Also, Allergan further objects because Plaintiffs have exceeded the 35-interrogatory limit when counting subparts. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Further, Allergan objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it purports to call for "salary and bonus information" for "all" employees involved in any such activity. Allergan interprets this Request as calling for compensation information for sales representatives.

Subject to and without waiving its objections, and subject to further investigation, discovery and proceedings in this matter, Allergan states that Ventiv Commercial Services, LLC ("Ventiv") was retained between May 1, 2009 to December 31, 2012 to promote Kadian®. Technekes, LLC ("Technekes") also was retained in mid-2012 through 2013 to conduct marketing services relating to Kadian®, including telemarketing and mailing promotional materials to prescribers. The contracts with these third-party contractors included information regarding the sales representatives' and telemarketers' compensation. Allergan refers Plaintiffs to its document production for further information. For example, Allergan refers Plaintiffs to the following documents for additional information regarding that compensation: ALLERGAN_MDL_00986816; ALLERGAN_MDL_00076479.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 25:** Allergan

35

*CONFIDENTIAL*

incorporates all objections and statements set forth in its August 31, 2018 Objections and Responses to Plaintiffs' Second Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs.  Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva.  Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction.  Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 25. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order.  Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**NOVEMBER 16, 2018 RESPONSE TO INTERROGATORY NO. 25:**

Subject to and without waiving its objections, and based on Allergan's investigation to date, the below table identifies the primary persons in the sales and marketing departments for Kadian®, Norco®, and generic opioids sold by former affiliates no longer owned by Allergan and compensation information, if any, that has been identified to date:

| Employee | Role | Compensation Information |
|---|---|---|
| Dirk Pica | Regional Sales Manager (Norco®) | In addition to a salary, Dirk Pica was entitled to a bonus in which 75% of his compensation was based on objective market share and market share change for his portfolio of products, and the remaining 25% was based on his manager's assessment of his performance. |
| Bill Chase | Regional Sales Manager (Norco®) | No compensation information located |
| Jim Wallace | Regional Sales Manager (Norco®) | No compensation information located |
| Mike Pusateri | Executive Director, Sales (Norco®) | No compensation information located |
| Nathalie Leitch | (Associate Marketing Director) (Kadian®) | No compensation information located |
| Jennifer Altier | (Marketing Director - Consultant) (Kadian®) | No compensation information located |
| Lisa Miller | (Product Manager - Consultant) (Kadian®) | No compensation information located |

| Employee | Role | Compensation Information |
|---|---|---|
| Michael Kuderka | (Executive Director, Marketing Established Brands) (Kadian® and Norco®) | No compensation information located |
| Julie Snyder | (Associate Vice President, Marketing) (Kadian® and Norco®) | Compensation not tied to the sale of opioids |
| Michael Perfetto | (Vice President, Sales and Marketing) (generics) | No compensation information located |
| Jinping McCormick | (Director of Marketing) (generics) | No compensation information located |
| David Myers | (Senior Manager, Products & Communications) (generics) | No compensation information located |
| Rachelle Galant | (Senior Product Manager) (generics) | Compensation not tied to the sale of opioids |

**MARCH 4, 2019 RESPONSE TO INTERROGATORY NO. 25:** Subject to and without waiving its objections, Allergan also refers Plaintiff to its production of personnel files for additional compensation-related information. *See, e.g.*, ALLERGAN_MDL_00181144; ALLERGAN_MDL_00181166; Acquired_Actavis_01170419; Acquired_Actavis_01170658; Acquired_Actavis_01171397; Acquired_Actavis_01171401; Acquired_Actavis_01540400; Acquired_Actavis_01543660; Acquired_Actavis_00096857; Acquired_Actavis_00240730; Acquired_Actavis_00397908; Acquired_Actavis_00397970; Acquired_Actavis_00399135; Acquired_Actavis_00399659; Acquired_Actavis_00667258; Acquired_Actavis_00667303; Acquired_Actavis_00667348; Acquired_Actavis_00667408; Acquired_Actavis_00674027; Acquired_Actavis_00675168; Acquired_Actavis_00676689; Acquired_Actavis_01224210; Acquired_Actavis_01225819; ALLERGAN_MDL_04213322; ALLERGAN_MDL_01053071; ALLERGAN_MDL_01110891; ALLERGAN_MDL_01195555; ALLERGAN_MDL_00213917; ALLERGAN_MDL_00214484; ALLERGAN_MDL_00221283; ALLERGAN_MDL_00406528;

ALLERGAN_MDL_01731239; ALLERGAN_MDL_01731247; ALLERGAN_MDL_01737128; Acquired_Actavis_00097788; Acquired_Actavis_00174873; Acquired_Actavis_00174964; Acquired_Actavis_00176147; Acquired_Actavis_00261601; Acquired_Actavis_00261686; Acquired_Actavis_00358517; Acquired_Actavis_00358896; Acquired_Actavis_00581496; Acquired_Actavis_00583193; Acquired_Actavis_00586603; ALLERGAN_MDL_03477282; Acquired_Actavis_01250914; Acquired_Actavis_01341890; Acquired_Actavis_01350473; Acquired_Actavis_00399093; Acquired_Actavis_00399672; ALLERGAN_MDL_00472844; ALLERGAN_MDL_00473006; ALLERGAN_MDL_00481699; ALLERGAN_MDL_00481741; ALLERGAN_MDL_00490506; ALLERGAN_MDL_00490602; Acquired_Actavis_00185296; Acquired_Actavis_00186410; Acquired_Actavis_00610813; Acquired_Actavis_00628532; Acquired_Actavis_00631052; Acquired_Actavis_00952211; Acquired_Actavis_00955549; Acquired_Actavis_02474442; ALLERGAN_MDL_01021870; Acquired_Actavis_01545885; ALLERGAN_MDL_01021844; Acquired_Actavis_00003928; Acquired_Actavis_00003933; Acquired_Actavis_00010875; Acquired_Actavis_00191236; Acquired_Actavis_00219149; Acquired_Actavis_00465364; Acquired_Actavis_00969881; Acquired_Actavis_01402052; Acquired_Actavis_01545875; Acquired_Actavis_01545889; Acquired_Actavis_01696007. In addition, Allergan refers Plaintiffs to the deposition transcripts of the individuals listed in the chart included in Allergan's November 16, 2018 Supplemental Response to this Interrogatory for further information on their compensation.

**INTERROGATORY NO. 26:** Identify all Scientific Research and any other data or information on which You relied to make or cause to be made Marketing statements described in the Complaint, including: (1) improvement in patient function and/or quality of life while on Opioids; (2) the risk and/or prevalence of addiction, abuse, misuse, or diversion of Opioids, including, but not limited to, after OxyContin's 2010 reformulation; (3) the use of risk mitigation

38

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 28:** Allergan incorporates all objections and statements set forth in its August 31, 2018 Objections and Responses to Plaintiffs' Second Set of Interrogatories. In accordance with the Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva. Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction. Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 28. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order. Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**NOVEMBER 16, 2018 RESPONSE TO INTERROGATORY NO. 28:**
Subject to and without waiving its objections, Allergan states that the Complaint does not identify any publications Allergan's current or former affiliates allegedly distributed in the Jurisdiction, and does not identify a CME or other program Allergan's current or former affiliates offered in the Jurisdiction. Based on its investigation to date, Allergan's current and former affiliates did not distribute any publication or host any CME regarding Kadian®, Norco®, generic opioids, or opioids generally in the Jurisdiction. Further, Allergan has not identified any website that it currently hosts for the purpose of promoting Kadian®, Norco®, generic opioids or opioids generally. Allergan does host a website at www.kadian.com that contains Kadian®'s FDA-approved, U.S. prescribing information. Allergan has not been able to locate information about the number of hits on this website.

**MARCH 4, 2019 RESPONSE TO INTERROGATORY NO. 28:** Subject to and without waiving its objections, documents concerning the hit numbers on the www.kadian.com website can be found at ALLERGAN_MDL_01101331 and ALLERGAN_MDL_01101332.

**INTERROGATORY NO. 29:** Specify the number of and revenue from prescriptions of each of Your Opioids, nationally, in the State of Ohio, and in the Jurisdictions, in each year. Include in your response how many of those prescriptions and what proportion of that revenue was for medically necessary or appropriate prescriptions.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 29:** Allergan objects to this Request by adopting and incorporating by reference its General Objections and Objections to

43

Definitions. Also, Allergan further objects because Plaintiffs have exceeded the 35-interrogatory limit when counting subparts. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response.

Subject to and without waiving its objections, and subject to further investigation, discovery and proceedings in this matter, Allergan states that the table below identifies annually the total number of Kadian® prescriptions since Actavis Elizabeth, LLC acquired Kadian® in December 2008:

| Year | Nationally | Ohio | Summit County | Akron | Cuyahoga County | Cleveland |
|---|---|---|---|---|---|---|
| 2009 | 605,972 | 27,946 | 1,309 | 746 | 3,182 | 1,418 |
| 2010 | 565,920 | 25,171 | 1,365 | 818 | 2,725 | 1,235 |
| 2011 | 532,445 | 26,998 | 1,840 | 989 | 2,564 | 1,113 |
| 2012 | 185,253 | 5,792 | 413 | 260 | 565 | 263 |
| 2013 | 110,086 | 2,692 | 216 | 156 | 237 | 143 |
| 2014 | 52,371 | 1,063 | 77 | 65 | 106 | 65 |
| 2015 | 33,359 | 556 | 39 | 37 | 70 | 43 |
| 2016 | 40,151 | 450 | 24 | 21 | 67 | 45 |
| 2017 | 28,484 | 365 | 26 | 23 | 56 | 34 |

Allergan states that the table below identifies annually the total number of Norco® prescriptions since 1997:

| Year | Nationally | Ohio | Summit County | Akron | Cuyahoga County | Cleveland |
|---|---|---|---|---|---|---|
| 1997 | 96,430 | 156 | 3 | 0 | 9 | 5 |
| 1998 | 533,229 | 3,207 | 310 | 201 | 520 | 174 |
| 1999 | 1,093,929 | 11,907 | 625 | 297 | 2,198 | 575 |
| 2000 | 1,123,208 | 18,853 | 441 | 180 | 3,005 | 1,099 |
| 2001 | 533,809 | 13,922 | 1,220 | 421 | 1,182 | 383 |

44

*CONFIDENTIAL*

| 2002 | 642,133 | 15,764 | 1,363 | 439 | 1,420 | 462 |
|---|---|---|---|---|---|---|
| 2003 | 365,953 | 8,620 | 638 | 186 | 779 | 202 |
| 2004 | 190,444 | 4,224 | 247 | 57 | 480 | 187 |
| 2005 | 156,765 | 3,013 | 216 | 55 | 387 | 139 |
| 2006 | 145,683 | 1,875 | 162 | 59 | 289 | 115 |
| 2007 | 136,881 | 1,605 | 123 | 52 | 248 | 99 |
| 2008 | 125,780 | 1,416 | 136 | 80 | 189 | 51 |
| 2009 | 119,094 | 1,200 | 82 | 46 | 168 | 46 |
| 2010 | 126,084 | 1,002 | 68 | 44 | 133 | 45 |
| 2011 | 116,890 | 1,055 | 38 | 8 | 118 | 59 |
| 2012 | 92,911 | 1,400 | 69 | 33 | 142 | 74 |
| 2013 | 258,050 | 2,405 | 121 | 78 | 296 | 212 |
| 2014 | 109,695 | 1,908 | 98 | 61 | 189 | 111 |
| 2015 | 74,735 | 1,344 | 77 | 44 | 142 | 94 |
| 2016 | 58,653 | 977 | 49 | 30 | 110 | 70 |
| 2017 | 47,923 | 782 | 40 | 28 | 97 | 74 |

Allergan's national revenue for Kadian® and Norco® since 2014 is as follows:

| **Product** | **2014** | **2015** | **2016** | **2017** |
|---|---|---|---|---|
| Kadian® | $8.5 | $18.7 | $19.6 | $11.3 |
| Norco® | $18.0 | $22.9 | $21.6 | $20.4 |

Allergan states that Allergan is not aware of any medically unnecessary or inappropriate prescriptions of Kadian® or Norco® in or related to Cuyahoga County, Summit County, the City of Cleveland, or the City of Akron. Nor have Plaintiffs—which have the burden of proof, which must prove that there were such prescriptions in order to prove their claims, and which Defendants have repeatedly asked for such information—identified a single such prescription in any of Cuyahoga County, Summit County, the City of Cleveland, or the City of Akron.

**OCTOBER 22, 2018 RESPONSE TO INTERROGATORY NO. 29:**

Allergan incorporates all objections and statements set forth in its August 31, 2018 Objections and Responses to Plaintiffs' Second Set of Interrogatories. In accordance with the

Court's September 21, 2018 Order, Allergan supplements this Interrogatory response with regards to generic opioids.

Subject to and without waiving its objections, Allergan states that it has never itself manufactured, marketed or sold generic drugs. Prior to the fall of 2016, Allergan f/k/a Actavis, Inc. directly or indirectly owned the equity of Actavis Elizabeth LLC, Actavis Pharma, Inc. (f/k/a Watson Pharma, Inc.), Actavis Laboratories FL, Inc. (f/k/a Watson Laboratories Inc. Florida), and Watson Laboratories, Inc. (the "Actavis Generics Companies"). Each of the Actavis Generics Companies is now owned by Teva. Based on Allergan's investigation to date, the individuals with primary responsibility for Actavis generic drugs either remained with the Actavis Generics Companies or left the companies altogether prior to or at the time of the transaction. Allergan, therefore, has not been able to locate any current or former business person at Allergan who had primary responsibility for generics opioids and who has information responsive to Interrogatory No. 29. Nonetheless, Allergan is searching documents that are in Allergan's possession that belong to the Actavis Generics Companies pursuant to the Court's September 21, 2018 Order. Pursuant to Federal Rule of Civil Procedure 33, Allergan refers Plaintiffs to its production of documents pursuant to that Order.

**NOVEMBER 16, 2018 RESPONSE TO INTERROGATORY NO. 29:**
Subject to and without waiving its objections, Allergan states that in addition to the information previously provided, Plaintiffs can find information about the number of scripts for Kadian®, Norco® and generic opioids in IMS data and Allergan's available transactional data produced at ALLERGAN_MDL_02485011.

The following documents contain responsive information relating to generic opioid products:

- Account receivable transaction level data from Q2 2017 through June 2018 for Teva-Acquired Actavis Entities can be found at TEVA_MDL_A_02419965.

- Net sales data from 2016 – 2017 for Teva-Acquired Actavis Entities generics can be found at TEVA_MDL_A_02416208 and TEVA_MDL_02419959.

- Net sales data from 2014 – 2015 for Teva-Acquired Actavis Entities generics products can be found at TEVA_MDL_A_02416208 and TEVA_MDL_02419959.

- Accounts receivable transaction level data from 2013 – 2017 (Q1) for Teva- Acquired Actavis Entities generics can be found at TEVA_MDL_A_02419969, TEVA_MDL_A_02419963 and TEVA_MDL_A_02419960.

- Additional summary sales data by unit (not dollar value) from 2011 to 2017 for Teva-Acquired Actavis Entities generics can be found at TEVA_MDL_A_02419962.

Indirect sales data from 2001 – Q2 2014 for Teva-Acquired Actavis Entities generics and indirect sales data from 2004 to Q2 2014 for Watson generics can be found at:

- TEVA_MDL_A_07869902 - TEVA_MDL_A_07876853

- TEVA_MDL_A_07876854 - TEVA_MDL_A_07880642
- TEVA_MDL_A_07880643 - TEVA_MDL_A_07885149
- TEVA_MDL_A_07885150 - TEVA_MDL_A_07889184
- TEVA_MDL_A_07889185 - TEVA_MDL_A_07889288
- TEVA_MDL_A_07889289 - TEVA_MDL_A_07901019
- TEVA_MDL_A_07901020 - TEVA_MDL_A_07907288
- TEVA_MDL_A_07907289 - TEVA_MDL_A_07914957
- TEVA_MDL_A_07914958 - TEVA_MDL_A_07921676
- TEVA_MDL_A_07921677 - TEVA_MDL_A_07921925
- TEVA_MDL_A_07921926 - TEVA_MDL_A_07921926
- TEVA_MDL_A_07921927 - TEVA_MDL_A_07921927
- TEVA_MDL_A_07921928 - TEVA_MDL_A_07928168
- TEVA_MDL_A_07928169 - TEVA_MDL_A_07937356

Indirect sales data from Q2 2014 to Q1 2017 for Teva-Acquired Actavis Entities generics and direct sales data from Teva-Acquired Actavis Entities QAD is currently in production.

**INTERROGATORY NO. 30:** Identify all individuals and entities You have interviewed or from whom You have obtained testimony or from whom You have obtained or attempted to obtain Documents, Communications, or other information that tends to support, contradict, concern, or relate to the allegations in the Complaint or Your defenses. Include in your response a description of the Documents, Communication, or information obtained from such individuals or entities.

**AUGUST 31, 2018 RESPONSE TO INTERROGATORY NO. 30:** Allergan objects to this Request by adopting and incorporating by reference its General Objections and Objections to Definitions. Also, Allergan further objects because Plaintiffs have exceeded the 35-interrogatory limit when counting subparts. In addition, discovery is ongoing and Allergan's investigation is ongoing, and thus it specifically reserves the right to supplement its response. Allergan further objects to this Request to this Request to the extent it calls for information that is protected by the attorney-client privilege and attorney work product protection. In addition, Allergan objects to the extent this Request purports to call for a "description of the Documents, Communication, or information obtained from such individuals or entities" as overly broad and unduly burdensome; to the extent responsive to Plaintiff's Requests for Production, Allergan will produce documents, including metadata identifying such documents, gathered from the custodial sources listed below.

47

Date:   March 4, 2019                            Respectfully submitted,

/s/ *Timothy W. Knapp*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*