**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: NATIONAL PRESCRIPTION**
**OPIATE LITIGATION**

This document relates to:

*The County of Summit, Ohio, et al. v. Purdue*
*Pharma L.P., et al.*
Case No. 18-op-45090

*The County of Cuyahoga, et al. v. Purdue*
*Pharma L.P., et al.*
Case No. 17-op-45004

MDL No. 2804

Hon. Dan Aaron Polster

**EXHIBIT A**
**SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE**
**TESTIMONY OF THOMAS McGUIRE CONCERNING DAMAGES**

**SUMMARY SHEET FOR DEFENDANTS' MOTION TO EXCLUDE**
**TESTIMONY OF THOMAS McGUIRE CONCERNING DAMAGES**

This Court denied Defendants' motions to dismiss in part because of Plaintiffs' allegations that they "have been forced to expend vast sums of money far exceeding their budgets to attempt to combat the opioid epidemic." Throughout fact discovery, Plaintiffs told Defendants that expert analysis would support their damages allegations. But McGuire's opinions do not support Plaintiffs' allegations. McGuire identifies no instance of Plaintiffs spending money "far exceeding their budgets." In fact, McGuire does not assess whether Plaintiffs spent *a single dollar* that they would not have spent absent Defendants' allegedly wrongful conduct. McGuire instead calculates "opportunity costs," identifying every dollar purportedly spent on opioid-related activities as a "cost consequence"—regardless of whether the Counties would have spent those dollars any differently absent Defendants' conduct. On instruction of counsel, McGuire labels these "opportunity costs" as "damages." But McGuire fails to identify any damages at all, much less damages attributable to Defendants.

McGuire's calculations do not "fit" the issue of damages.  Under McGuire's theory, the Counties incur "damages" even if employee compensation was fixed before or without regard to the opioid problem, even if no employee works a single hour of overtime, even if the Counties do not hire a single additional employee, and *even if the Counties do not spend a single dollar more than they would have spent absent their opioid-related needs*. McGuire's "damages" theory is thus wholly inconsistent with the legal definition of damages, both as a matter of Ohio law and under this Court's interpretation of the federal RICO statute:

- McGuire's calculations are inconsistent with Ohio law, which prohibits the Counties from recovering expenses that they would have incurred in the absence of Defendants' allegedly wrongful conduct.
- McGuire's "opportunity costs"—which he says are the Counties' "reduc[ed] ability to provide other services and/or reduc[ed] … quality of other services"—are not legal injuries.
- McGuire made no attempt to calculate damages that this Court said were cognizable under the federal RICO statute (i.e., "costs [that] go beyond the ordinary cost of providing [governmental] services").
- McGuire's calculations do not relate to any Defendant's alleged misconduct. McGuire's calculations rely on Rosenthal's analysis of shipments allegedly due to manufacturer marketing, which fails to distinguish between lawful and unlawful conduct; as a result, McGuire does not measure damages resulting from purportedly unlawful manufacturer conduct. And McGuire does not offer an opinion at all on what damages are attributable to Distributors or Pharmacy Defendants.

McGuire's damages calculations are not reliable.  The principal "analysis" in McGuire's damages report is the identification of "affected costs," which are "costs that are 'variable' in that they could move up or down as the composition of services provided by each relevant division changes." But McGuire's identification of "affected costs" relies on his own "judgment," for which he cannot identify any guiding criteria. McGuire also relies on the unjustified assumption that the Counties have allocated their resources efficiently and reasonably. Not only has McGuire made no attempt to validate this assumption, but it also is contradicted by McGuire's own "authoritative" sources.