# **EXHIBIT 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY AND CITY OF AKRON, OHIO PLAINTIFF'S
RESPONSES AND OBJECTIONS TO
DISTRIBUTOR DEFENDANTS' THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), the County of Summit, Ohio and the City of Akron, Ohio (collectively "Plaintiff") hereby respond to Distributor Defendants'[1] Second Set of Interrogatories (the "Interrogatories" and, each individually, an "Interrogatory"), as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1. Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively "Distributor Defendants").

Even if the Interrogatory was proper and reasonably circumscribed, the information that Plaintiff may have that would be arguably related to the Interrogatory (though irrelevant to the case) relates to Plaintiff's employees who received opioid treatment through Plaintiff's sponsored health insurance or worker's compensation programs.

Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). In addition, discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff directs Defendants to the Securities Litigation & Consulting Group's website that was set up in conjunction with MDL Plaintiffs' Executive Committee: http://www.slcg.com/data-analytics/opioid-analytics.

**Interrogatory 18**

Specify each category of injury (e.g. increased cost of law enforcement, fire, emergency services, etc.) for which You claim damages in the Litigation and provide a computation of damages for each category of injury alleged. For each category of injury, identify all Persons with knowledge about such damages.

**Response 18**

Plaintiff objects to this Interrogatory as vague, overly broad, and unduly burdensome to the extent it requests "each category of injury alleged." Plaintiff also objects to this Interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information. Plaintiff further objects that this Interrogatory seeks information beyond Plaintiff's possession, custody, and control.

Subject to and without waiving all objections, Plaintiff incorporates the allegations in the Corrected Second Amended Complaint and states that Plaintiff's abatement efforts are under investigation in terms of categories of damages.  Plaintiff's damages in this matter are expected to include, but are not limited to at least the following:

- Losses caused by the decrease in funding available for Plaintiff's public services for which funding was lost because it was diverted to other public services designed to address the opioid epidemic;

- Costs for providing healthcare and medical care for patients suffering from opioid-related addiction or disease, including overdoses and deaths;

- Costs of training emergency and/or first responders in the proper treatment of drug overdoses;

- Costs associated with providing police officers, firefighters, and emergency and/or first responders with naloxone – an opioid antagonist used to block the deadly effects of opioids in the context of overdose;

- Costs associated with emergency responses by police officers, firefighters, and emergency and/or first responders to opioid overdoses;

- Costs for providing mental-health services, treatment, counseling, rehabilitation services, and social services to victims of the opioid epidemic and their families;

- Costs associated with law enforcement and public safety relating to the opioid epidemic, including but not limited to attempts to stop the flow of opioids into local communities, to arrest and prosecute street-level dealers, to prevent the current opioid epidemic from spreading and worsening, and to deal with the increased levels of crimes that have directly resulted from the increased homeless and drug-addicted population;

- Costs associated with various public safety and health initiatives related to the opioid epidemic;

- Costs associated with increased burden on Plaintiff's drug courts;

- Costs associated with clean-up of public parks, spaces, and facilities of needles and other debris and waste of opioid addiction;

- Loss of tax revenue due to the decreased efficiency and size of the working population in Plaintiff's communities and due to other impacts on property values and other tax generators for Plaintiff;

- Losses caused by decreased business investment and tax revenue;

- Plaintiff's contributions to the Alcohol, Drug Addiction, and Mental Health Services (ADM) board;

- Increased public safety services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, and task forces as a result of the opioid epidemic;

- Plaintiff's Health Department costs related to the opioid epidemic, which provide services targeted to patients with substance abuse problems including opioid related matters;

- Costs associated with impact of opioid epidemic on Plaintiff's vehicle fleets;

- Costs for Plaintiff to properly and adequately abate the nuisance created by the opioid epidemic; and

- Costs for child services and foster care for opioid-dependent babies and foster children.

Subject to and without waiving all objections, Plaintiff further identifies the following documents containing information responsive to this Interrogatory:

| AKRON_000000003 | SUMMIT_000015990 | SUMMIT_000019856 |
| AKRON_000000576 | SUMMIT_000016568 | SUMMIT_000019857 |
| AKRON_000001104 | SUMMIT_000016569 | SUMMIT_000019858 |

14

|  |  |  |
|---|---|---|
| AKRON_000001620 | SUMMIT_000017896 | SUMMIT_000022510 |
| AKRON_000002119 | SUMMIT_000017903 | SUMMIT_000022583 |
| AKRON_000002535 | SUMMIT_000018430 | SUMMIT_000022656 |
| AKRON_000002874 | SUMMIT_000018440 | SUMMIT_000022730 |
| AKRON_000003228 | SUMMIT_000018601 | SUMMIT_000111606 |
| AKRON_000003930 | SUMMIT_000018966 | SUMMIT_000111607 |
| SUMMIT_000009742 | SUMMIT_000019112 | SUMMIT_000111608 |
| SUMMIT_000010324 | SUMMIT_000019258 | SUMMIT_000111609 |
| SUMMIT_000010936 | SUMMIT_000019388 | SUMMIT_000111610 |
| SUMMIT_000011824 | SUMMIT_000019490 | SUMMIT_000111611 |
| SUMMIT_000014002 | SUMMIT_000019580 | SUMMIT_000111612 |
| SUMMIT_000014151 | SUMMIT_000019668 | SUMMIT_000111613 |
| SUMMIT_000014772 | SUMMIT_000019854 | SUMMIT_000111614 |
| SUMMIT_000015385 | SUMMIT_000019855 | SUMMIT_000111615 |

Plaintiff specifically reserves the right to supplement, modify, and amend this response upon further investigation.  In addition, discovery is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**Interrogatory 19**

Identify each Person whose use of Prescription Opioids or other drugs resulted in expenditures by You for which you seek damages.  For each such Person, provide the following information: a description of how each Person's use of Prescription Opioids or other drugs resulted in Your expenditures; the date of any such expenditures; the Controlled Substance(s) ingested by such Person; from whom such Person obtained the Controlled Substance(s) that caused his or her

15