# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**SUMMIT COUNTY, OHIO PLAINTIFF'S
SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO
DISTRIBUTOR DEFENDANTS' INTERROGATORY NO. 18
PURSUANT TO THE COURT'S NOVEMBER 21, 2018 ORDER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), and the Court's November 21, 2018 Order, the County of Summit, Ohio ("Plaintiff") hereby provides its second supplemental response and objections to Distributor Defendants' Interrogatory No. 18 (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

**OBJECTIONS**

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 18:**

Specify each category of injury (e.g. increased cost of law enforcement, fire, emergency services, etc.) for which You claim damages in the Litigation and provide a computation of damages for each category of injury alleged. For each category of injury, identify all Persons with knowledge about such damages.

**Response to Interrogatory No. 18:**

Plaintiff renews its objections to responding to this interrogatory for the reasons laid out its previous responses and objections. Defendants also demand Plaintiff to respond to this interrogatory without an adequate record and/or the benefit of expert witness testimony. In addition, Pursuant to Federal Rule of Civil Procedure 33(d), this question can be answered, to the extent practicable, from business records already produced to Defendants or within Defendants' custody and control. See attached list as Exhibit 1.

Nonetheless, Plaintiff will comply with the Court's November 21, 2018 (*see* Dkt. No. 1147) in good faith and with the limitations laid out above and below.

The relevant interrogatory constitutes contention interrogatories. "Contention" interrogatories seek to clarify the basis for or scope of an adversary's legal claims. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, fn. 2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999). To be clear, it is the position of the Plaintiff that the answer to this contention interrogatory does not, consistent with Discovery Ruling 7, limit Plaintiff's experts from using different criteria or a different methodology to compute damages.

Plaintiff also objects to this interrogatory as vague, overly broad, and unduly burdensome to the extent it requests "each category of injury alleged" and also incorporates herein the objections

5

stated in the briefing on the subject motion to compel.  Plaintiff also objects to this interrogatory to the extent that it calls for disclosure of Privileged and Confidential Information.  Plaintiff further objects that this interrogatory seeks information beyond its possession, custody, and control.

Plaintiff also objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, for purposes of responding to this contention interrogatory, Plaintiff incorporates the factual allegations in the Corrected Second Amended Complaint and its prior responses to this interrogatory.

Plaintiff seeks, *inter alia*, damages in the amounts as set forth below, which reflect both past damages from at least 2006 to present, and future damages for at least 10 years.[1]  Plaintiff's investigation of both its past and future costs, expenditures, damages, losses or harms caused by Defendants is ongoing and Plaintiff reserves the right to revise, supplement, and amend these amounts by the expert disclosure deadline.  As the Court noted at the status hearing of November 20, 2018, this response represents the Plaintiff's estimate *at this point in time.*

Plaintiff's computation, based on Plaintiff's preliminary review of its records and an estimate of Plaintiff's damages as of the date of this response, is provided in Exhibit 2.[2]  In addition to the damages identified in Exhibit 2, Plaintiff also seeks the following:

- Past and ongoing lost tax revenue in the amount of approximately $734 million.

---

[1] Plaintiff's computation does not include any financial expenditures related to injunctive relief sought in Plaintiff's Complaint.

[2] Exhibit 2 may not reflect grant money or other third-party revenue sources that Plaintiff could potentially recover from Defendants.