# EXHIBIT 9

# POWELL & MAJESTRO PLLC
## ATTORNEYS AT LAW

405 CAPITOL STREET
SUITE P-1200
P. O. BOX 3081
CHARLESTON, WV 25331

PHONE (304) 346-2889
FAX (304) 346-2895

WRITER'S E-MAIL
amajestro@powellmajestro.com

December 19, 2018

**Via Electronic Mail**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue Cleveland, OH 44113-1837
david@specialmaster.law

      Re:    *In re: National Prescription Opiate Litigation,*
             **MDL No. 2804**
             **Plaintiffs' Response to Motion to Compel Answers
             to Distributor Defendants' Interrogatory No. 18**

Dear Special Master Cohen:

      I write on behalf of the PSC and Plaintiffs, City of Cleveland, Cuyahoga County, City of Akron, and Summit County (collectively "Plaintiffs"), in response to the December 11, 2018 Motion to Compel Answers to Distributor Defendants' Interrogatory No. 18 ("Motion").

      The Motion is the latest chapter in the Distributor Defendants' attempt to force Plaintiffs into an early disclosure of expert opinions. This latest attempt comes after the Distributor Defendants, unwilling to wait for a ruling from you on their November 11, 2018 Renewed Motion to Compel, were unsuccessful in convincing Judge Polster at the November 21, 2018 Status Conference that they were entitled to the same relief they seek here. The Motion should be denied.

* * * * *

      First, this issue was resolved by Judge Polster at the November 20, 2018 Status Conference. Notwithstanding their filing of the Renewed Motion to Compel (which was then pending before you), Defendants chose to seek the same relief from Judge Polster at the November 20, 2018 Status Conference. There, Defendants complained to Judge Polster that Plaintiffs only provided a lump sum number and did not provide the damage computations requested in their interrogatory. Judge Polster recognized and accepted Plaintiffs' argument that the Plaintiffs needed

December 19, 2018
Page  2

expert testimony to provide the computations Defendants seek.   Rather than requiring the computations Defendants are seeking, Judge Polster ordered: "By 12:00 noon EST on Nov. 30, 2018, plaintiffs will supplement their damages computations by providing their current good-faith estimates of the elements of their alleged damages."   Doc. 1147 at ¶ 3.

Contrary to the Motion, p. 3, Judge Polster did not order Plaintiffs to provide damage computations, instead, he ordered Plaintiffs to "*supplement* their damages *computations*" by providing "current good faith *estimates of the elements* of their alleged damages."   *Id.* (emphasis added).    At the hearing Judge Polster accepted that expert reports were not due until next year and further explained that the estimates he was ordering Plaintiffs to provide were not binding on either the Plaintiffs or their experts.

On November 30, 2018, Plaintiffs served the required supplement to their damage computations.[1] ("Responses") In Exhibit 2 to each of the Responses, Plaintiffs each detailed eight separate elements of their damages and provided Defendants with their current good faith estimates.   The Responses comply with Judge Polster's order, and Defendants should now be required to await Plaintiffs' expert reports.[2]

Defendants complain that the Responses do not explain how they correlate with previous responses or commit that they are complete.   The simple answer to this criticism is that the Responses are what Judge Polster ordered -- Plaintiffs' current good faith estimates of the elements of their damages.   No correlation with previous responses is necessary as this is the first such estimate of the elements provided by Plaintiffs.   Because Judge Polster recognized these numbers are merely a non-binding current estimate, the estimates and categories may change as Plaintiffs' experts further examine the data and complete their reports and are thus, by definition, not final.

The calculation of Plaintiffs' claimed damages is a complex exercise.   To do so Plaintiffs and their attorneys have retained experts.   Plaintiffs' experts are creating models to quantify the expenses incurred that are attributable to Defendants' misconduct.   The Plaintiffs do not have the capacity to provide these calculations absent expert testimony.   Defendants' supposed inability to receive

---

[1] Cleveland, Cuyahoga, Akron, and Summit's Second Supplemental Responses are attached to the Motion as Exhibits A, B, C, and D respectively.

[2] Defendants also complain that Plaintiffs' identification of lost tax revenue in their responses was a single lump sum amount.   Motion at pp. 2-3.   Plaintiffs have further reviewed the data and are willing to break this element of damages down on a yearly basis.

December 19, 2018
Page 3

complete answers from Plaintiffs' witnesses are illustrative of the need to rely on expert testimony rather than evidence of Plaintiffs' stonewalling on discovery.

Thus, the further detail and the "computations" demanded by Defendants are in reality a request for an early draft of Plaintiffs' expert reports. Rule 26(a)(2) was amended in 2010 to make it clear that draft expert reports are work product and not discoverable:

> This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures of attorney-expert communications.

Advisory Committee Notes to the 2010 Amendments; *see also Picken v. Louisville Ladder Inc.*, No. 11-13044, 2013 WL 12182395, at *3 (E.D. Mich. Sept. 26, 2013) (same). The Plaintiffs cannot detail the calculations of what expenses are alleged to be caused by Defendants' conduct without providing Defendants with an early draft disclosure of their experts' conclusions. Under Rule 26(a)(2), draft expert conclusions are not discoverable as part of expert disclosures. There certainly is no authority supporting disclosure of draft conclusions before expert disclosures are even due. Recognizing this, Judge Polster's order rejected Defendants' request for these computations now and instead required only good faith estimates for each category of damages.

While Rule 26(a)(1) may require some damage calculations in an ordinary case prior to the disclosure of expert reports, CMO 1 recognized that these types of disclosures were not appropriate in this case and relieved the parties of the obligation of complying with the rule. Doc. 232 at ¶ 9(b). Indeed, even Rule 26(a)(1) case law recognizes that the Rule 26(a)(1) disclosure obligation "is limited by the quantity and quality of information available to the party who makes the damages production under the Rule." *Hyland v. Home Services of America*, 2008 WL 11357996 (W.D. Ky March 26, 2008) (denying motion to compel with the understanding that the Plaintiff remains required by the Rules to timely supplement his damages calculation based on the information currently available to him). As Judge Polster recognized, given the nature of the underlying dispute in this matter, it is not unreasonable for the Plaintiffs to rely on expert assistance in order to develop damage calculation. *See K&M International, Inc. v. NDY Toy, LLC*, 2015 WL 5749605 (N.D. Ohio September 30, 2015) (denying motion where Plaintiff reserved the right to provide an expert report on damages and when some documentation regarding damages was provided before the close of expert discovery because the Plaintiff's expert was timely identified, the documents relied on by the expert were promptly produced, and the categories of alleged damages were provided prior to the close of fact discovery).

December 19, 2018
Page  4

     Defendants, citing inapplicable Rule 26(a)(1) caselaw, seek computations "of sufficient detail that Defendants may understand the contours of their potential exposure and make informed decisions as to . . . discovery."  Motion at p. 4 (citation and internal quotation omitted).  While such a request may be appropriate in an ordinary case, the request for computations here ignores the nature of the impending bellwether trials which discovery is being conducted for trial not settlement of individual cases.  See CMO 1 at p.1 (noting purpose of the creation of a litigation track); id. at ¶ 6(e) (requiring leave of Court for voluntary dismissal of case against all defendants).  Defendants certainly are not suggesting that they need the detail of the computations of non-binding estimates now to evaluate settlement of these cases.

     Defendants claim they are prejudiced because of the impending deadline for fact discovery.  Plaintiffs have provided and will continue to provide to Defendants the underlying data their experts are using to calculate damages.  Defendants have been and can continue to inquire into these underlying facts during fact discovery.  After expert disclosures are served, Defendants can conduct discovery of the Plaintiff's experts and test the underlying facts the experts rely on to support their opinions.  Defendants will not be prejudiced if they await Plaintiffs' expert reports to conduct this discovery.  Instead, it will be more efficient for them to conduct this discovery based on the actual theories and calculations Plaintiffs will offer to the jury rather than draft, non-binding estimates.

*  *  *  *

     Because Plaintiffs are not required to give Defendants early draft expert reports and because Plaintiffs have complied with Judge Polster's order that they "supplement their damages computations by providing their current good-faith estimates of the elements of their alleged damages," the Motion should be denied.

                                   Sincerely,

                                   /s/ Anthony J. Majestro

                                 Anthony J. Majestro


Cc:    xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
         mdl2804discovery@motleyrice.com