# EXHIBIT 10

Page 1

1

IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

3

4          _____

5    IN RE:  NATIONAL PRESCRIPTION        MDL No. 2804
     OPIATE LITIGATION                    Case No. 17-md-2804

6

7    This document relates to:           Judge Dan
                                          Aaron Polster

8

     The County of Cuyahoga v. Purdue

9    Pharma, L.P., et al.
     Case No. 17-OP-45005

10

     City of Cleveland, Ohio vs. Purdue

11   Pharma, L.P., et al.
     Case No. 18-OP-45132

12

     The County of Summit, Ohio,

13   et al. v. Purdue Pharma, L.P.,
     et al.

14   Case No. 18-OP-45090

          _____

15

16

17                    VOLUME I

18        Videotaped Deposition of Kyle J. Wright

19                 Washington, D.C.

20                February 28, 2019

21                   9:33 a.m.

22

23

24   Reported by:  Bonnie L. Russo

25   Job No. 3244302

Page 2

1     Deposition of Kyle J. Wright held at:

2

3

4

5

6                      Williams & Connolly, LLP

7                      725 12th Street, N.W.

8                      Washington, D.C.

9

10

11

12

13

14

15

16     Pursuant to Notice, when were present on behalf

17     of the respective parties:

18

19

20

21

22

23

24

25

Page 3

```
 1     APPEARANCES:
 2
 3     On behalf of the Witness:
       DAVID LEE TAYMAN, ESQ.
 4     TAYMAN LANE CHAVERRI, LLP
       1875 Eye Street, N.W.
 5     Fifth Floor
       Washington, D.C. 20006
 6     202-695-8147
       dtayman@tlclawfirm.com
 7
       On behalf of the U.S. Department of Justice:
 8     JAMES R. BENNETT, II, ESQ.
       UNITED STATES ATTORNEY'S OFFICE
 9     801 West Superior Avenue
       Suite 400
10     Cleveland, Ohio 44113
       216-622-3988
11     james.bennett4@usdoj.gov
12
       On behalf of Cuyahoga County:
13     HUNTER J. SHKOLNIK, ESQ.
       NAPOLI SHKOLNIK, PLLC
14     360 Lexington Avenue, 11th Floor
       New York, New York 10017
15     212-397-1000
       sshkolnik@napolilaw.com
16
17     On behalf of Summit County:
       DONALD A. MIGLIORI, ESQ.
18     KAITLYN EEKHOFF, ESQ.
       MOTLEY RICE, LLC
19     28 Bridgeside Boulevard
       Mt. Pleasant, South Carolina 29464
20     843-216-9241
       dmigliori@motleyrice.com
21     keekhoff@motleyrice.com
22
23
24
25
```

Page 4

```
 1      APPEARANCES (CONTINUED):
 2
        On behalf of Plaintiffs:
 3      PAUL FARRELL, JR., ESQ.
        (Via Teleconference)
 4      GREENE KETCHUM BAILEY FARRELL & TWEEL, LLP
        419 11th Street
 5      Huntington, West Virginia 25701
        304-525-9115
 6
 7      On behalf of Purdue Pharma, L.P.
        DEBRA D. O'GORMAN, ESQ.
 8      DECHERT, LLP
        Three Bryant Park
 9      1095 Avenue of the Americas
        New York, New York 10036
10      212-698-3593
        debra.ogorman@dechert.com
11
12      On behalf of Johnson & Johnson and Janssen
        Pharmaceuticals, Inc.
13      JEFFREY A. BARKER, ESQ.
        O'MELVENY & MYERS, LLP
14      610 Newport Center Drive, 17th Floor
        Newport Beach, California 92660
15      949-823-7963
        jbarker@omm.com
16         -and-
        RAYMOND KRNCEVIC, ESQ.
17      (Via Teleconference)
        TUCKER ELLIS, LLP
18      950 Main Avenue
        Suite 1100
19      Cleveland, Ohio 44113
        216-592-5000
20      raymond.krncevic@tuckerellis.com
21
22
23
24
25
```

1    APPEARANCES (CONTINUED):
2
     On behalf of Walmart, Inc.
3    NEAL J. STEPHENS, ESQ.
     JONES DAY
4    1755 Embarcadero Road
     Palo Alto, California 94303
5    650-739-3939
     nstephens@jonesday
6       -and-
     PATRICK J. BEISELL, ESQ.
7    (By Teleconference)
     JONES DAY
8    77 West Wacker
     Chicago, Illinois 60601
9    312-269-4066
     pbeisell@jonesday.com
10
11   On behalf of Par Pharmaceuticals:
     AMY M. VANNI, ESQ.
12   McCARTER & ENGLISH
     1600 Market Street, Suite 3900
13   Philadelphia, Pennsylvania 19103
     215-979-3848
14   avanni@mccarter.com
15
     On behalf of Endo Pharmaceuticals, Inc., Endo
16   Health Solutions, Inc.:
     JOSHUA M. DAVIS, ESQ.
17   ARNOLD & PORTER
     601 Massachusetts Avenue, N.W.
18   Washington, D.C. 20001
     202-942-5000
19   joshua.davis@arnoldporter.com
20
     On behalf of Rite Aid of Maryland:
21   JOHN P. LAVELLE, JR.
     (Via Teleconference)
22   MORGAN, LEWIS & BOCKIUS, LLP
     1701 Market Street
23   Philadelphia, Pennsylvania 19103
     215-963-4824
24   john.lavelle@morganlewis.com
25

Page 6

```
 1      APPEARANCES (CONTINUED):
 2      On behalf of Cardinal Health, Inc.:
        ENU MAINIGI, ESQ.
 3      COLLEEN McNAMARA, ESQ.
        JENNIFER WICHT, ESQ.
 4      BRAD MASTERS, ESQ.
        WILLIAMS & CONNOLLY, LLP
 5      725 12th Street, N.W.
        Washington, D.C. 20005
 6      202-434-5000
        emainigi@wc.com
 7      cmcnamara@wc.com
        jwicht@wc.com
 8      bmasters@wc.com
 9
        On behalf of CVS Indiana, LLC and CVS Rx
10      Services, Inc.:
        ANTHONY M. RUIZ, ESQ.
11      ZUCKERMAN SPAEDER, LLP
        1800 M Street, N.W.
12      Suite 1000
        Washington D.C. 20036
13      202-778-1800
        aruiz@zuckerman.com
14
15      On behalf of AmerisourceBergen Drug
        Corporation:
16      SHANNON McCLURE, ESQ.
        REED SMITH, LLP
17      Three Logan Square, Suite 3100
        1717 Arch Street
18      Philadelphia, Pennsylvania 19103
        215-241-7910
19      smclure@reedsmith.com
20      On behalf of Henry Schein, Inc.:
        MADELEINE BRUNNER, ESQ.
21      (By Teleconference)
        LOCKE LORD, LLP
22      2200 Ross Avenue
        Suite 2800
23      Dallas, Texas 75201
        214-740-8554
24      maddie.brunner@lockelord.com
25
```

Page 7

```
 1     APPEARANCES (CONTINUED):
 2
       On behalf of McKesson Corporation:
 3     GEOFFREY E. HOBART, ESQ.
       EMILY L. KVESELIS, ESQ.
 4     ANDREW STANNER, ESQ.
       COVINGTON & BURLING, LLP
 5     One CityCenter
       850 Tenth Street, N.W.
 6     Washington, D.C. 20001
       202-662-6000
 7     ghobart@cov.com
       ekveselis@cov.com
 8     astanner@cov.com
          -and-
 9     CHRISTOPHER K. EPPICH, ESQ.
       COVINGTON & BURLING, LLP
10     1999 Avenue of the Stars
       Los Angeles, California 90067
11     424-332-4764
       ceppich@cov.com
12
13     On behalf of Allergan Finance, LLC:
       JENNIFER LEVY, ESQ.
14     CATIE VENTURA, ESQ.
       KIRKLAND & ELLIS, LLP
15     655 Fifteenth Street, N.W.
       Washington, D.C. 20005
16     202-879-5907
       jennifer.levy@kirkland.com
17     catie.ventura@kirkland.com
18
       On behalf of Mallinckrodt and SpecGx, LLC:
19     ANDREW O'CONNOR, ESQ.
       WILLIAM DAVISON, ESQ.
20     ROPES & GRAY, LLP
       Prudential Tower
21     800 Boylston Street
       Boston, Massachusetts 02199
22     617-951-7000
       andrew.o'connor@ropesgray.com
23     william.davison@ropesgray.com
24
25
```

Page 8

```
 1      APPEARANCES (CONTINUED):
 2      On behalf of H.D. SMITH:
        WILLIAM E. PADGETT, ESQ.
 3      BARNES & THORNBURG, LLP
        11 South Meridian Street
 4      Indianapolis, Indiana 46204
        317-236-1313
 5      william.padgett@btlaw.com
           -and-
 6      WILLIAM J. LEEDER, III, ESQ.
        BARNES & THORNBURG, LLP
 7      171 Monroe Avenue, N.W.
        Suite 1000
 8      Grand Rapids, Michigan 49503
        616-742-3930
 9      william.leeder@btlaw.com
10      On behalf of Anda, Inc.
        JAMES W. MATTHEWS, ESQ.
11      KATY E. KOSKI, ESQ.
        (Veritext Streaming)
12      FOLEY & LARDNER, LLP
        111 Huntington Avenue
13      Boston, Massachusetts 02199
        617-342-4000
14      jmatthews@foley.com
        kkoski@foley.com
15
        On behalf of HBC:
16      ROBERT M. BARNES, ESQ.
        SCOTT LIVINGSTON, ESQ.
17      (Via Teleconference)
        MARCUS & SHAPIRA, LLP
18      One Oxford Centre, 35th Floor
        301 Grant Street
19      Pittsburgh, Pennsylvania 15219
        412-338-5224
20      rbarnes@marcus-shapira.com
        livingston@marcus-shapira.com
21
        On behalf of Walgreen Co. and Walgreen Eastern
22      Co., Inc.:
        ALEX HARRIS, ESQ.
23      BARTLIT BECK, LLP
        1801 Wewatta Street
24      Suite 1200
        Denver, Colorado 80202
25      303-592-3197
        alex.harris@bartlitbeck.com
```

```
 1     APPEARANCES (CONTINUED):
 2     On behalf of Prescription Supply, Inc.
       ZACHARY MARTIN, ESQ.
 3     (Via Teleconference)
       FOX ROTHSCHILD, LLP
 4     Stone Manor Corporate Center
       2700 Kelly Road, Suite 300
 5     Warrington, Pennsylvania 18976
       215-918-3680
 6     zmartin@foxrothschild.com
 7
       ALSO PRESENT:
 8     David Cohen, Special Master
       Renee A. Bacchus, Esq., United States
 9     Department of Justice, United States Attorney's
       Office
10     Robert E. Chandler, Esq., United States
       Department of Justice, Civil Division
11     David M. Finkelstein, Esq., United States
       Department of Justice, Civil Fraud Section
12     Mariama C. Spears, Esq., United States
       Department of Justice, Drug Enforcement
13     Administration
       Daniel Russo, Videographer
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 12

1                    P R O C E E D I N G S

2

3              THE VIDEOGRAPHER:  Good morning.

4              We are going on the record at 9:33

5       a.m. on February 28, 2019.

6                    Please note that the microphones are

7       sensitive and may pick up whispering, private

8       conversations and cellular interference.

9       Please turn off all cell phones or place them

10      away from the microphones as they can interfere

11      with the deposition audio.  Audio and video

12      recording will continue to take place unless

13      all parties agree to go off the record.

14                   This is Media Unit 1 of the video

15      recorded deposition of Kyle Wright, taken by

16      counsel for the defendant in the matter of In

17      Re National Prescription Opioid Litigation,

18      filed in the United States District Court for

19      the Northeastern District of Ohio, Eastern

20      Division, Case No. MDL, No. 2804, 17-MD-2804.

21                   This deposition is being held at

22      Williams & Connolly, located at 725 12th

23      Street, Northwest, Washington, D.C.

24                   My name is Daniel Russo from the

25      firm Veritext Legal Solutions, and I'm your

Page 13

1    videographer today.  The court reporter is
2    Bonnie Russo from the firm Veritext Legal
3    Solutions.
4             Counsel and all present in the room
5    and everyone attending remotely will now state
6    their appearances and affiliations for the
7    record, please.
8             MS. MAINIGI:  Enu Mainigi for
9    defendant Cardinal.
10             MS. McNAMARA:  Colleen McNamara for
11    Cardinal Health.
12             MS. WICHT:  Jennifer Wicht for
13    Cardinal Health.
14             MS. McCLURE:  Shannon McClure, Reed
15    Smith, for AmerisourceBergen Drug Corporation.
16             MR. EPPICH:  Chris Eppich of
17    Covington & Burling for McKesson.
18             MR. MATTHEWS:  James Matthews for
19    Anda, Inc.
20             MS. LEVY:  Jennifer Levy for the
21    Allergan defendants.
22             MR. O'CONNOR:  Andrew O'Connor for
23    Mallinckrodt, LLC, and SpecGX.
24             MR. DAVISON:  William Davison for
25    Mallinckrodt, LLC, and SpecGX, LLC.

Page 14

1          MR. STEPHENS:  Neal Stephens from

2    Jones Day for Walmart.

3          MR. PADGETT:  Bill Padgett, Barnes &

4    Thornburg, for Defendant H.D. Smith.

5          MR. BARKER:  Jeff Barker for Janssen

6    Pharmaceuticals and Johnson & Johnson.

7          MR. DAVIS:  Josh Davis for the Endo

8    defendants.

9          MS. VANNI:  Amy Vanni for the Endo

10   defendants.

11         MS. VENTURA:  Catie Ventura for the

12   Allergan defendants.

13         MR. RUIZ:  Anthony Ruiz for CVS

14   Indiana, LLC, and CVS Rx Services, Inc.

15         MR. BARNES:  Robert Barnes, HBC

16   Service Company.

17         MR. HARRIS:  Alex Harris, Walgreens

18   Company and Walgreens Eastern Company, Inc.

19         MR. MASTERS:  Brad Masters, Cardinal

20   Health.

21         MS. O'GORMAN:  Debra O'Gorman for

22   the Purdue defendants.

23         MS. KVESELIS:  Emily Kveselis for

24   McKesson.

25         MR. STANNER:  Andrew Stanner,

Page 15

1    McKesson.

2              MR. HOBART:  Geoff Hobart, McKesson.

3              MS. MAINIGI:  Defendants on the

4    phone?

5              MR. BEISELL:  Patrick Beisell for

6    Walmart.

7              MS. MAINIGI:  Any other defendants

8    on the phone?

9              MR. LIVINGSTON:  Scott Livingston

10   for Defendant HBC.

11             MS. BRUNNER:  Madeleine Brunner,

12   Locke Lord, for Henry Schein.

13             MR. KRNCEVIC:  Ray Krncevic for

14   Janssen.

15             MR. MARTIN:  Zach Martin for

16   Prescription Supply.

17             MR. LEEDER:  Bill Leeder for H.D.

18   Smith.

19             MS. MAINIGI:  Plaintiffs?

20             MR. MIGLIORI:  Don Migliori for the

21   Summit County plaintiffs.

22             MR. SHKOLNIK:  Hunter Shkolnik for

23   Cuyahoga County plaintiffs.

24             MS. MAINIGI:  Plaintiffs on the

25   phone?

1          MR. FARRELL:  Paul Farrell, Jr., on

2     behalf of plaintiffs.

3          THE VIDEOGRAPHER:  Will the court --

4     oh.

5          MS. MAINIGI:  Let's let the

6     government attorneys introduce themselves.

7          MR. BENNETT:  For the United States

8     and the Department of Justice, James Bennett

9     from the U.S. Attorney's Office in Cleveland.

10         MR. CHANDLER:  Robert Chandler,

11    United States -- or -- United States Department

12    of Justice.

13         MR. FINKLESTEIN:  David Finklestein

14    from the United States Department of Justice.

15         MS. BACCHUS:  Renee Bacchus with the

16    Department of Justice from the Northern

17    District of Ohio U.S. Attorney's Office.

18         MS. SPEARS:  Mariama Spears, Drug

19    Enforcement Administration.

20         MR. TAYMAN:  David Tayman for Kyle

21    Wright in his individual capacity.

22         MS. MAINIGI:  Special Master Cohen,

23    do you -- you're on the phone as well, correct?

24         SPECIAL MASTER COHEN:  I am.  Good

25    morning everybody.

1            THE VIDEOGRAPHER:  Will the court

2    reporter please swear in the witness.

3            MS. MAINIGI:  Actually, before --

4    before we swear in the witness, David Cohen,

5    before we came back into the room and went on

6    the record, we had an opportunity, primarily

7    plaintiff's counsel and defense counsel, to

8    speak to you about a few outstanding issues.

9            May we ask --

10           SPECIAL MASTER COHEN:  Right.  So

11   I'd like to -- I'd like to go ahead and put a

12   couple of things on the record before you swear

13   the witness, which are essentially ground rules

14   on how this will be forward.

15           So the -- the court reporter should

16   go ahead and go on the record.

17           First of all, good morning, Mr.

18   Wright.

19           You're the star of the show this

20   morning.  And so we all appreciate you making

21   yourself available.

22           Just so that I understand how this

23   is going to go forward, because I'm not in the

24   room, I assume that there is going to be one

25   counsel for each group of defendants who is

1    doing questioning.

2              Enu, I assume that that's you on

3    behalf of distributors.

4              Am I right so far?

5              MS. MAINIGI:  Correct.  Correct.

6              SPECIAL MASTER COHEN:  Hello?

7              MS. MAINIGI:  Yes.

8              Can you hear me?

9              SPECIAL MASTER COHEN:  Okay.

10             MS. MAINIGI:  Yes.

11             SPECIAL MASTER COHEN:  Yeah.

12             Actually, depending on how far

13   people are sitting from one of those

14   microphones, it's either very easy or very

15   difficult to hear counsel.

16             And then just for my own

17   understanding, and I guess for Mr. Wright's

18   understanding of how things will go forward,

19   who besides you, Enu, will be questioning Mr.

20   Wright for the defendant?

21             MS. MAINIGI:  Who --

22             SPECIAL MASTER COHEN:  I'm sorry.  I

23   didn't hear.

24             MS. MAINIGI:  Oh, who besides.  Yes.

25             So Andrew O'Connor will question for

Page 19

1    the -- for pharma.  And Neal Stephens will

2    question for the pharmacies.

3              SPECIAL MASTER COHEN:  Okay.

4              And then on behalf of plaintiffs, it

5    will be Mr. Migliori?

6              MR. MIGLIORI:  Yes.  It'll be.  But

7    it also will be -- and -- and this is hopefully

8    acceptable going forward for all witnesses.

9    Given the two counties, we'd like to be able to

10   have the option to have both -- a lawyer from

11   each county question.

12             So Hunter Shkolnik is also here.

13   And we were going to split the time, not to --

14             SPECIAL MASTER COHEN:  That's fine.

15             MR. MIGLIORI:  Okay.

16             SPECIAL MASTER COHEN:  Okay.  And

17   then I heard a number of government counsel.  I

18   -- I caught James Bennett's name and I think a

19   Mr. Chandler and also an attorney who said he

20   was there individually on behalf of Mr. Wright.

21             And so I just want to understand who

22   will be the -- maybe, for example, interposing

23   objections on behalf of Mr. Wright?

24             MR. BENNETT:  So, Special Master

25   Cohen, this is James Bennett.  I will be

Page 20

1   interjecting objections on behalf of the United

2   States.

3            I anticipate that Mr. Wright's

4   private attorney, whose name is David Tayman,

5   may also have objections on behalf of Mr.

6   Wright in his individual capacity.

7            So I expect that two of us will be

8   the ones who will be making objections on

9   behalf of the government and Mr. Wright.

10           MR. TAYMAN:  Mr. Cohen, this is

11  David Tayman.  To -- to the extent that there

12  are objections to impose on Mr. Wright's behalf

13  as an individual, I will be making those.

14           SPECIAL MASTER COHEN:  Okay.  So a

15  few ground rules.

16           First of all, I understand that

17  counsel for the government or Mr. Wright may

18  interpose objection.  Those objections should

19  be as brief as possible.  Often you merely need

20  to say the word "objection" and sometimes three

21  or four words in explanation as to what the

22  basis for that objection is.  But there should

23  not be speaking objections as a general matter.

24           Mr. Wright, when one of your

25  attorneys seeks to interpose an objection, you

1  should let him.  You should allow time for

2  counsel to object.  But once that objection is

3  made, you normally, almost always, will go

4  ahead and answer the question that you were

5  asked unless you're directed not to respond by

6  your attorney.  And that's a fairly unusual

7  circumstance, usually because the question asks

8  for you to reveal communications you had with

9  counsel.  That's the main reason that you

10  wouldn't answer a question.  But normally you

11  will answer the question even though an

12  objection is interposed.

13          So a couple of things that we talked

14  about before we -- before we went on the record

15  was kind of the splitting the time and also the

16  extent to which leading questions could be

17  asked.

18          Regarding the splitting of time, the

19  way this is going to go forward is that

20  defendants will be questioning first, and then

21  plaintiffs.  And then defendant are going to

22  reserve some time to ask kind of a second round

23  of questions.  And plaintiffs are going to

24  reserve time to ask a second round of

25  questions.  Let's call that defendants' one and

Page 22

1    plaintiffs' one and then defendants' two,

2    plaintiffs' two.

3              As a general matter, the parties

4    should -- are allowed to reserve time for

5    defendants' two and plaintiffs' two.  And as a

6    general matter, that should be in the range of

7    20 to 30 percent, at most, of the time that's

8    been allotted.

9              So defendants have eight hours.

10   They can reserve, you know, up to two and a

11   half hours.  But really it should be as little

12   as possible, closer to one and a half hours.

13             And in the same way, the plaintiffs

14   have three and a half hours.  If they were to

15   reserve 20 to 30 percent of that, then that's,

16   off the top of my head, an hour and 15

17   minutes-ish.

18             And -- and that reserved amount of

19   time will only be used to the extent necessary.

20   So, for example, if defendants' two questioning

21   takes place, it would be limited to the

22   cross-examination essentially of -- of -- of

23   plaintiffs' one questioning.  It's not going to

24   go beyond the scope.  And similarly,

25   plaintiffs' two wouldn't go beyond the scope of

Page 23

1    defendants' two -- call it recross.

2             So that's way it's going go forward.

3    Everybody can reserve time but should use as

4    little of it as possible and as little of it as

5    necessary.

6             The other rule that I'm laying down

7    here is that, given that this is a third-party

8    witness, given the nature of the -- the

9    parties' positions and extent to they've had

10   conversations already with the deponent, both

11   sides may ask leading questions but should do

12   so as little as possible.

13            If -- if adversity is established,

14   that opens it up a bit more.  But I just think

15   it's going to lead to a quicker deposition,

16   less time for Mr. Wright in total, and an

17   easier process if I say now that leading

18   questions as a general matter may be asked but

19   should only be asked if necessary.

20            So the better approach is to ask a

21   question without leading.  But if it becomes

22   necessary, both sides are allowed to do that.

23            I think that's all I have.

24            Are there any questions of counsel

25   for me before we begin?

Page 24

1            Okay.

2            MS. MAINIGI:  I see none.

3            SPECIAL MASTER COHEN:  I'll be

4    putting myself on mute.  So if you do need me,

5    it may take me a second to come back online.

6    But I will be listening in.  And I'll let you

7    go to it.

8            THE VIDEOGRAPHER:  Will the court

9    reporter please swear in the witness.

10

11            KYLE J. WRIGHT,

12   being first duly sworn, to tell the truth, the

13      whole truth and nothing but the truth,

14            testified as follows:

15      EXAMINATION BY COUNSEL FOR DEFENDANT

16            CARDINAL HEALTH, INC.

17            BY MS. MAINIGI:

18   Q.    Good morning, Mr. Wright.

19            If you could put your full name on

20   the record, please.

21   A.    Kyle James Wright.

22   Q.    Are you currently employed?

23   A.    No.

24   Q.    Are you retired?

25   A.    Yes.

Page 142

1          MR. MIGLIORI:  Objection to form.

2          THE WITNESS:  I do not object to

3     this.

4          BY MS. MAINIGI:

5     Q.     So based on your recollection and

6     your review sitting here today, you agree --

7     you have no reason to disagree with the

8     testimony you provided in 2011?

9     A.     Yes, ma'am.

10          MR. SHKOLNIK:  Objection.  Improper

11    use of the document.

12          BY MS. MAINIGI:

13    Q.     Let me ask you -- let me the switch

14    for one moment while we seem to be looking for

15    other things.

16          When there is a suspicious order --

17    or let's say a registrant identifies a possible

18    suspicious order.

19          It's quite possible that, upon

20    further investigation, the registrant could

21    resolve the question of whether the order is

22    suspicious and make the decision to go ahead

23    and ship, correct?

24          MR. BENNETT:  Objection.  Form.

25          THE WITNESS:  Correct.

Page 263

1          CERTIFICATE OF NOTARY PUBLIC

2              I, Bonnie L. Russo, the officer before

3      whom the foregoing deposition was taken, do

4      hereby certify that the witness whose testimony

5      appears in the foregoing deposition was duly

6      sworn by me; that the testimony of said witness

7      was taken by me in shorthand and thereafter

8      reduced to computerized transcription under my

9      direction; that said deposition is a true

10     record of the testimony given by said witness;

11     that I am neither counsel for, related to, nor

12     employed by any of the parties to the action in

13     which this deposition was taken; and further,

14     that I am not a relative or employee of any

15     attorney or counsel employed by the parties

16     hereto, nor financially or otherwise interested

17     in the outcome of the action.

18

19                  _Bonnie L. Russo_

20                  Notary Public in and for

21                  the District of Columbia

22

23     My Commission expires:  June 30, 2020

24

25