# EXHIBIT 12

# Arnold & Porter

Joshua M. Davis
+1 202.942.5743 Direct
Joshua.Davis@arnoldporter.com

December 14, 2018

**VIA ELECTRONIC MAIL**

Peter H. Weinberger
Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
pweinberger@spanglaw.com

Steven J. Skikos
Skikos Crawford Skikos & Joseph
One Sansome Street, Suite 2830
San Francisco, CA 94104
sskikos@skikoscrawford.com

Troy A. Rafferty
Levin Papantonio Thomas Mitchell Rafferty &
Proctor PA
316 South Baylen St.
Pensacola, FL 32502
trafferty@levinlaw.com

      Re: *In Re National Prescription Opiate Litigation*; Case No. 17-md-2804 - Reproduction of IQVIA/IMS Data

Dear Counsel:

      We write to provide you with an update on the manufacturer Defendants' efforts to produce IMS/IQVIA data no longer in Defendants' possession. As I mentioned in my November 29 email to Peter Weinberger, manufacturer Defendants contacted outside counsel for IMS/IQVIA on November 21, the day after the status conference with Judge Polster, and have been in regular, constructive contact since that date. Following our discussions with counsel for IMS/IQVIA, there appear to be two material obstacles to providing Plaintiffs with IMS/IQVIA data no longer in Defendants' possession. As discussed more fully below, those obstacles are: 1) that IMS/IQVIA is unable to provide Defendants with an accurate list of the data historically purchased by Defendants; and 2)

**Arnold & Porter**

December 14, 2018
Page 2

that IMS/IQVIA is unable to provide Defendants with data as it existed at the time it was originally purchased by defendants. Given those obstacles, it does not appear possible for Defendants to produce repopulated or reproduced "data related to opioid drugs that [each] Defendants obtained or received between 1998-2018" no longer in their possession.

With respect to identification of historic IMS/IQVIA data no longer in the possession of Defendants, in addition to conducting their own internal search, manufacturer Defendants have asked IMS/IQVIA to provide them with lists of data previously respectively purchased by each Defendant. IMS/IQVIA responded by stating that it does not maintain historical order information for past opioid-related purchases in the ordinary course of business or copies of historic data deliverables given the overwhelming quantity of such data and the associated storage costs. While IQVIA initially sought to determine what data was historically provided to Defendants manually, reviewing its data sources line-by-line, page-by-page, it quickly determined that such an endeavor was futile for several reasons. First, IMS/IQVIA is only able to review what was historically delivered from its "subnational data offerings" and only for a more limited timeframe than 1998-2018, the period covered by Judge Polster's order. Second, IMS/IQVIA cannot recreate data deliverables specific to opioid products without access to legacy information from Defendants that is unavailable in most cases. Third, IMS/IQVIA has informed us that any recreated list of historic deliverables would necessarily be incomplete and inaccurate because any post hoc list would reflect only deliverables transmitted at the end of each calendar year, omitting ad-hoc requests or mid-year contract changes to data offerings.

More significant than the inability of IMS/IQVIA to accurately identify the data historically purchased by Defendants, however, is the fact that IMS/IQVIA cannot provide Defendants with the same data today, in substance or in form, as the data that existed and was available to Defendants in the past. According to IMS/IQVIA, given the dynamic nature of the data offerings, any data provided today will not match the exact data provided during the relevant period. IMS/IQVIA has made clear that any attempt to repopulate data will require writing new business rules and making educated assumptions, but can in no way reflect the precise deliverables that each Defendant previously received. For instance, because of how IMS/IQVIA maintains its data, any recreated prescriber information deliverable will necessarily incorporate today's healthcare professional reference data and thus, would not be the same data deliverable as what Defendants actually received in the past. Thus, IQVIA cannot repopulate data deliverables for Defendants as-was delivered.

Given that IQVIA cannot provide an accounting of the historic data deliverables that Defendants received with any precision and because any attempt to recreate those

**Arnold & Porter**

Arnold & Porter

December 14, 2018
Page 3

historic data deliverables will necessarily result in significant differences in comparison to the data as it actually existed in the past, the rationale supporting the production of this information in the first place has evaporated. As Plaintiffs argued and the Court accepted during the November 20, 2018 hearing, third-party vendor data regarding opioid-related prescribing is relevant only insofar as it provides information about Defendants' actual knowledge at the time that data was obtained by Defendants. Since this data cannot be repopulated today in a way that reflects what Defendants actually received historically, it does not provide an accurate picture of what information was available or known to Defendants during the relevant timeframe and is not actually data "that the defendant[s] obtained or received between 1998-2018." Dkt. 1147, ¶ 4. Defendants have diligently sought to comply with the Court's order and will provide any IQVIA/IMS data related to opioid products that is still within their possession, but neither Defendants nor IQVIA can produce information that they no longer have and that cannot be reproduced in the form that it previously existed.

\* \* \*

As always, we are happy to discuss these issues with you further.

Sincerely,

/s/ Josh Davis

Joshua M. Davis
*Counsel for Endo Pharmaceuticals Inc. and Endo Health Solutions Inc.*

Arnold & Porter