# EXHIBIT 4

# CHAPTER EIGHT - SENTENCING OF ORGANIZATIONS

## *Introductory Commentary*

*The guidelines and policy statements in this chapter apply when the convicted defendant is an organization. Organizations can act only through agents and, under federal criminal law, generally are vicariously liable for offenses committed by their agents. At the same time, individual agents are responsible for their own criminal conduct. Federal prosecutions of organizations therefore frequently involve individual and organizational co-defendants. Convicted individual agents of organizations are sentenced in accordance with the guidelines and policy statements in the preceding chapters. This chapter is designed so that the sanctions imposed upon organizations and their agents, taken together, will provide just punishment, adequate deterrence, and incentives for organizations to maintain internal mechanisms for preventing, detecting, and reporting criminal conduct.*

*This chapter reflects the following general principles: First, the court must, whenever practicable, order the organization to remedy any harm caused by the offense. The resources expended to remedy the harm should not be viewed as punishment, but rather as a means of making victims whole for the harm caused. Second, if the organization operated primarily for a criminal purpose or primarily by criminal means, the fine should be set sufficiently high to divest the organization of all its assets. Third, the fine range for any other organization should be based on the seriousness of the offense and the culpability of the organization. The seriousness of the offense generally will be reflected by the highest of the pecuniary gain, the pecuniary loss, or the amount in a guideline offense level fine table. Culpability generally will be determined by the steps taken by the organization prior to the offense to prevent and detect criminal conduct, the level and extent of involvement in or tolerance of the offense by certain personnel, and the organization's actions after an offense has been committed. Fourth, probation is an appropriate sentence for an organizational defendant when needed to ensure that another sanction will be fully implemented, or to ensure that steps will be taken within the organization to reduce the likelihood of future criminal conduct.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

*[Page intentionally blank]*

November 1, 1991

## PART A - GENERAL APPLICATION PRINCIPLES

### §8A1.1.    Applicability of Chapter Eight

This chapter applies to the sentencing of all organizations for felony and Class A misdemeanor offenses.

### Commentary

*Application Notes:*

1.  *"Organization" means "a person other than an individual." 18 U.S.C. § 18. The term includes corporations, partnerships, associations, joint-stock companies, unions, trusts, pension funds, unincorporated organizations, governments and political subdivisions thereof, and non-profit organizations.*

2.  *The fine guidelines in §§8C2.2 through 8C2.9 apply only to specified types of offenses. The other provisions of this chapter apply to the sentencing of all organizations for all felony and Class A misdemeanor offenses. For example, the restitution and probation provisions in Parts B and D of this chapter apply to the sentencing of an organization, even if the fine guidelines in §§8C2.2 through 8C2.9 do not apply.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

### §8A1.2.    Application Instructions - Organizations

(a)    Determine from Part B (Remedying Harm from Criminal Conduct) the sentencing requirements and options relating to restitution, remedial orders, community service, and notice to victims.

(b)    Determine from Part C (Fines) the sentencing requirements and options relating to fines:

   (1)    If the organization operated primarily for a criminal purpose or primarily by criminal means, apply §8C1.1 (Determining the Fine - Criminal Purpose Organizations).

   (2)    Otherwise, apply §8C2.1 (Applicability of Fine Guidelines) to identify the counts for which the provisions of §§8C2.2 through 8C2.9 apply. For such counts:

      (A)    Refer to §8C2.2 (Preliminary Determination of Inability to Pay Fine) to determine whether an abbreviated determination of the guideline fine range may be warranted.

      (B)    Apply §8C2.3 (Offense Level) to determine the offense level from Chapter Two (Offense Conduct) and Chapter Three, Part D (Multiple Counts).

      (C)    Apply §8C2.4 (Base Fine) to determine the base fine.

    (D)    Apply §8C2.5 (Culpability Score) to determine the culpability score.

    (E)    Apply §8C2.6 (Minimum and Maximum Multipliers) to determine the minimum and maximum multipliers corresponding to the culpability score.

    (F)    Apply §8C2.7 (Guideline Fine Range - Organizations) to determine the minimum and maximum of the guideline fine range.

    (G)    Refer to §8C2.8 (Determining the Fine Within the Range) to determine the amount of the fine within the applicable guideline range.

    (H)    Apply §8C2.9 (Disgorgement) to determine whether an increase to the fine is required.

For any count or counts not covered under §8C2.1 (Applicability of Fine Guidelines), apply §8C2.10 (Determining the Fine for Other Counts).

    (3)    Apply the provisions relating to the implementation of the sentence of a fine in Part C, Subpart 3 (Implementing the Sentence of a Fine).

    (4)    For grounds for departure from the applicable guideline fine range, refer to Part C, Subpart 4 (Departures from the Guideline Fine Range).

    (c)    Determine from Part D (Organizational Probation) the sentencing requirements and options relating to probation.

    (d)    Determine from Part E (Special Assessments, Forfeitures, and Costs) the sentencing requirements relating to special assessments, forfeitures, and costs.

*Commentary*

*Application Notes:*

1.    *Determinations under this chapter are to be based upon the facts and information specified in the applicable guideline. Determinations that reference other chapters are to be made under the standards applicable to determinations under those chapters.*

2.    *The definitions in the Commentary to §1B1.1 (Application Instructions) and the guidelines and commentary in §§1B1.2 through 1B1.8 apply to determinations under this chapter unless otherwise specified. The adjustments in Chapter Three, Parts A (Victim-Related Adjustments), B (Role in the Offense), C (Obstruction), and E (Acceptance of Responsibility) do not apply. The provisions of Chapter Six (Sentencing Procedures and Plea Agreements) apply to proceedings in which the defendant is an organization. Guidelines and policy statements not referenced in this chapter, directly or indirectly, do not apply when the defendant is an organization; e.g., the policy statements in Chapter Seven (Violations of Probation and Supervised Release) do not apply to organizations.*

3.  *The following are definitions of terms used frequently in this chapter:*

(a)  *"Offense" means the offense of conviction and all relevant conduct under §1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context.*

(b)  *"High-level personnel of the organization" means individuals who have substantial control over the organization or who have a substantial role in the making of policy within the organization. The term includes: a director; an executive officer; an individual in charge of a major business or functional unit of the organization, such as sales, administration, or finance; and an individual with a substantial ownership interest. "High-level personnel of a unit of the organization" is defined in the Commentary to §8C2.5 (Culpability Score).*

(c)  *"Substantial authority personnel" means individuals who within the scope of their authority exercise a substantial measure of discretion in acting on behalf of an organization. The term includes high-level personnel, individuals who exercise substantial supervisory authority (e.g., a plant manager, a sales manager), and any other individuals who, although not a part of an organization's management, nevertheless exercise substantial discretion when acting within the scope of their authority (e.g., an individual with authority in an organization to negotiate or set price levels or an individual authorized to negotiate or approve significant contracts). Whether an individual falls within this category must be determined on a case-by-case basis.*

(d)  *"Agent" means any individual, including a director, an officer, an employee, or an independent contractor, authorized to act on behalf of the organization.*

(e)  *An individual "condoned" an offense if the individual knew of the offense and did not take reasonable steps to prevent or terminate the offense.*

(f)  *"Similar misconduct" means prior conduct that is similar in nature to the conduct underlying the instant offense, without regard to whether or not such conduct violated the same statutory provision. For example, prior Medicare fraud would be misconduct similar to an instant offense involving another type of fraud.*

(g)  *"Prior criminal adjudication" means conviction by trial, plea of guilty (including an Alford plea), or plea of nolo contendere.*

(h)  *"Pecuniary gain" is derived from 18 U.S.C. § 3571(d) and means the additional before-tax profit to the defendant resulting from the relevant conduct of the offense. Gain can result from either additional revenue or cost savings. For example, an offense involving odometer tampering can produce additional revenue. In such a case, the pecuniary gain is the additional revenue received because the automobiles appeared to have less mileage, i.e., the difference between the price received or expected for the automobiles with the apparent mileage and the fair market value of the automobiles with the actual mileage. An offense involving defense procurement fraud related to defective product testing can produce pecuniary gain resulting from cost savings. In such a case, the pecuniary gain is the amount saved because the product was not tested in the required manner.*

November 1, 1991

(i)   *"Pecuniary loss" is derived from 18 U.S.C. § 3571(d) and is equivalent to the term "loss" as used in Chapter Two (Offense Conduct).  See Commentary to §§2B1.1 (Larceny, Embezzlement, and Other Forms of Theft), 2F1.1 (Fraud and Deceit), and definitions of "tax loss" in Chapter Two, Part T (Offenses Involving Taxation).*

(j)   *An individual was "willfully ignorant of the offense" if the individual did not investigate the possible occurrence of unlawful conduct despite knowledge of circumstances that would lead a reasonable person to investigate whether unlawful conduct had occurred.*

(k)   *An "effective program to prevent and detect violations of law" means a program that has been reasonably designed, implemented, and enforced so that it generally will be effective in preventing and detecting criminal conduct.  Failure to prevent or detect the instant offense, by itself, does not mean that the program was not effective.  The hallmark of an effective program to prevent and detect violations of law is that the organization exercised due diligence in seeking to prevent and detect criminal conduct by its employees and other agents.  Due diligence requires at a minimum that the organization must have taken the following types of steps:*

(1)   *The organization must have established compliance standards and procedures to be followed by its employees and other agents that are reasonably capable of reducing the prospect of criminal conduct.*

(2)   *Specific individual(s) within high-level personnel of the organization must have been assigned overall responsibility to oversee compliance with such standards and procedures.*

(3)   *The organization must have used due care not to delegate substantial discretionary authority to individuals whom the organization knew, or should have known through the exercise of due diligence, had a propensity to engage in illegal activities.*

(4)   *The organization must have taken steps to communicate effectively its standards and procedures to all employees and other agents, e.g., by requiring participation in training programs or by disseminating publications that explain in a practical manner what is required.*

(5)   *The organization must have taken reasonable steps to achieve compliance with its standards, e.g., by utilizing monitoring and auditing systems reasonably designed to detect criminal conduct by its employees and other agents and by having in place and publicizing a reporting system whereby employees and other agents could report criminal conduct by others within the organization without fear of retribution.*

(6)   *The standards must have been consistently enforced through appropriate disciplinary mechanisms, including, as appropriate, discipline of individuals responsible for the failure to detect an offense.  Adequate discipline of individuals responsible for an offense is a necessary component of enforcement; however, the form of discipline that will be appropriate will be case specific.*

(7)   *After an offense has been detected, the organization must have taken all reasonable steps to respond appropriately to the offense and to prevent further similar offenses -- including any necessary modifications to its program to prevent and detect violations of law.*

The precise actions necessary for an effective program to prevent and detect violations of law will depend upon a number of factors. Among the relevant factors are:

(i)    Size of the organization -- The requisite degree of formality of a program to prevent and detect violations of law will vary with the size of the organization: the larger the organization, the more formal the program typically should be. A larger organization generally should have established written policies defining the standards and procedures to be followed by its employees and other agents.

(ii)   Likelihood that certain offenses may occur because of the nature of its business -- If because of the nature of an organization's business there is a substantial risk that certain types of offenses may occur, management must have taken steps to prevent and detect those types of offenses. For example, if an organization handles toxic substances, it must have established standards and procedures designed to ensure that those substances are properly handled at all times. If an organization employs sales personnel who have flexibility in setting prices, it must have established standards and procedures designed to prevent and detect price-fixing. If an organization employs sales personnel who have flexibility to represent the material characteristics of a product, it must have established standards and procedures designed to prevent fraud.

(iii)  Prior history of the organization -- An organization's prior history may indicate types of offenses that it should have taken actions to prevent. Recurrence of misconduct similar to that which an organization has previously committed casts doubt on whether it took all reasonable steps to prevent such misconduct.

An organization's failure to incorporate and follow applicable industry practice or the standards called for by any applicable governmental regulation weighs against a finding of an effective program to prevent and detect violations of law.

Historical Note:   Effective November 1, 1991 (see Appendix C, amendment 422).

November 1, 1991

*[Page intentionally blank]*

November 1, 1991

## PART B - REMEDYING HARM FROM CRIMINAL CONDUCT

### *Introductory Commentary*

*As a general principle, the court should require that the organization take all appropriate steps to provide compensation to victims and otherwise remedy the harm caused or threatened by the offense. A restitution order or an order of probation requiring restitution can be used to compensate identifiable victims of the offense. A remedial order or an order of probation requiring community service can be used to reduce or eliminate the harm threatened, or to repair the harm caused by the offense, when that harm or threatened harm would otherwise not be remedied. An order of notice to victims can be used to notify unidentified victims of the offense.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).


### §8B1.1.  Restitution - Organizations

    (a)    The court shall --

        (1)    enter a restitution order if such order is authorized under 18 U.S.C. §§ 3663-3664; or

        (2)    if a restitution order would be authorized under 18 U.S.C. §§ 3663-3664, except for the fact that the offense of conviction is not an offense set forth in Title 18, United States Code, or 49 U.S.C. § 1472(h), (i), (j), or (n), sentence the organization to probation with a condition requiring restitution.

    (b)    *Provided*, that the provisions of subsection (a) do not apply when the organization has made full restitution, or to the extent the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of a restitution requirement outweighs the need to provide restitution to any victims through the criminal process.


### *Commentary*

*Background:*  This guideline provides for restitution either as a sentence under 18 U.S.C. §§ 3663-3664 or as a condition of probation.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).


### §8B1.2.  Remedial Orders - Organizations (Policy Statement)

    (a)    To the extent not addressed under §8B1.1 (Restitution - Organizations), a remedial order imposed as a condition of probation may require the organization to remedy the harm caused by the offense and to eliminate or reduce the risk that the instant offense will cause future harm.

November 1, 1991

(b)  If the magnitude of expected future harm can be reasonably estimated, the court may require the organization to create a trust fund sufficient to address that expected harm.

### Commentary

*Background: The purposes of a remedial order are to remedy harm that has already occurred and to prevent future harm. A remedial order requiring corrective action by the organization may be necessary to prevent future injury from the instant offense, e.g., a product recall for a food and drug violation or a clean-up order for an environmental violation. In some cases in which a remedial order potentially may be appropriate, a governmental regulatory agency, e.g., the Environmental Protection Agency or the Food and Drug Administration, may have authority to order remedial measures. In such cases, a remedial order by the court may not be necessary. If a remedial order is entered, it should be coordinated with any administrative or civil actions taken by the appropriate governmental regulatory agency.*

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

## §8B1.3.    <u>Community Service - Organizations</u> (Policy Statement)

Community service may be ordered as a condition of probation where such community service is reasonably designed to repair the harm caused by the offense.

### Commentary

*Background: An organization can perform community service only by employing its resources or paying its employees or others to do so. Consequently, an order that an organization perform community service is essentially an indirect monetary sanction, and therefore generally less desirable than a direct monetary sanction. However, where the convicted organization possesses knowledge, facilities, or skills that uniquely qualify it to repair damage caused by the offense, community service directed at repairing damage may provide an efficient means of remedying harm caused.*

*In the past, some forms of community service imposed on organizations have not been related to the purposes of sentencing. Requiring a defendant to endow a chair at a university or to contribute to a local charity would not be consistent with this section unless such community service provided a means for preventive or corrective action directly related to the offense and therefore served one of the purposes of sentencing set forth in 18 U.S.C. § 3553(a).*

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

## §8B1.4.    <u>Order of Notice to Victims - Organizations</u>

Apply §5F1.4 (Order of Notice to Victims).

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

## PART C - FINES

### 1.  DETERMINING THE FINE - CRIMINAL PURPOSE ORGANIZATIONS

**§8C1.1.    Determining the Fine - Criminal Purpose Organizations**

If, upon consideration of the nature and circumstances of the offense and the history and characteristics of the organization, the court determines that the organization operated primarily for a criminal purpose or primarily by criminal means, the fine shall be set at an amount (subject to the statutory maximum) sufficient to divest the organization of all its net assets.  When this section applies, Subpart 2 (Determining the Fine - Other Organizations) and §8C3.4 (Fines Paid by Owners of Closely-Held Organizations) do not apply.

*Commentary*

*Application Note:*

*1.    "Net assets," as used in this section, means the assets remaining after payment of all legitimate claims against assets by known innocent bona fide creditors.*

*Background:  This guideline addresses the case in which the court, based upon an examination of the nature and circumstances of the offense and the history and characteristics of the organization, determines that the organization was operated primarily for a criminal purpose (e.g., a front for a scheme that was designed to commit fraud; an organization established to participate in the illegal manufacture, importation, or distribution of a controlled substance) or operated primarily by criminal means (e.g., a hazardous waste disposal business that had no legitimate means of disposing of hazardous waste).  In such a case, the fine shall be set at an amount sufficient to remove all of the organization's net assets.  If the extent of the assets of the organization is unknown, the maximum fine authorized by statute should be imposed, absent innocent bona fide creditors.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

\*    \*    \*    \*    \*

### 2.  DETERMINING THE FINE - OTHER ORGANIZATIONS

**§8C2.1.    Applicability of Fine Guidelines**

The provisions of §§8C2.2 through 8C2.9 apply to each count for which the applicable guideline offense level is determined under:

(a)    §§2B1.1, 2B1.2, 2B1.3, 2B2.3, 2B4.1, 2B5.3, 2B5.4, 2B6.1;
        §§2C1.1, 2C1.2, 2C1.4, 2C1.6, 2C1.7;
        §§2D1.7, 2D3.1, 2D3.2, 2D3.4;
        §§2E3.1, 2E3.2, 2E3.3, 2E4.1, 2E5.1, 2E5.2, 2E5.3, 2E5.4, 2E5.5, 2E5.6;
        §§2F1.1, 2F1.2;

§2G3.1;
§§2K1.1, 2K1.2, 2K2.1;
§2L1.1;
§2N3.1;
§2R1.1;
§§2S1.1, 2S1.2, 2S1.3, 2S1.4;
§§2T1.1, 2T1.2, 2T1.3, 2T1.4, 2T1.5, 2T1.6, 2T1.7, 2T1.8, 2T1.9, 2T2.1, 2T2.2, 2T3.1, 2T3.2; or

(b)     §§2E1.1, 2X1.1, 2X2.1, 2X3.1, 2X4.1, with respect to cases in which the offense level for the underlying offense is determined under one of the guideline sections listed in subsection (a) above.

*Commentary*

*Application Notes:*

1.    *If the Chapter Two offense guideline for a count is listed in subsection (a) or (b) above, and the applicable guideline results in the determination of the offense level by use of one of the listed guidelines, apply the provisions of §§8C2.2 through 8C2.9 to that count. For example, §§8C2.2 through 8C2.9 apply to an offense under §2K2.1 (an offense guideline listed in subsection (a)), unless the cross reference in that guideline requires the offense level to be determined under an offense guideline section not listed in subsection (a).*

2.    *If the Chapter Two offense guideline for a count is not listed in subsection (a) or (b) above, but the applicable guideline results in the determination of the offense level by use of a listed guideline, apply the provisions of §§8C2.2 through 8C2.9 to that count. For example, where the conduct set forth in a count of conviction ordinarily referenced to §2N2.1 (an offense guideline not listed in subsection (a)) establishes §2F1.1 (Fraud and Deceit) as the applicable offense guideline (an offense guideline listed in subsection (a)), §§8C2.2 through 8C2.9 would apply because the actual offense level is determined under §2F1.1 (Fraud and Deceit).*

*Background*:    *The fine guidelines of this subpart apply only to offenses covered by the guideline sections set forth in subsection (a) above. For example, the provisions of §§8C2.2 through 8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two, Part Q (Offenses Involving the Environment). For such cases, §8C2.10 (Determining the Fine for Other Counts) is applicable.*

Historical Note:    Effective November 1, 1991 (see Appendix C, amendment 422).

§8C2.2.    **Preliminary Determination of Inability to Pay Fine**

(a)     Where it is readily ascertainable that the organization cannot and is not likely to become able (even on an installment schedule) to pay restitution required under §8B1.1 (Restitution - Organizations), a determination of the guideline fine range is unnecessary because, pursuant to §8C3.3(a), no fine would be imposed.

(b)     Where it is readily ascertainable through a preliminary determination of the minimum of the guideline fine range (see §§8C2.3 through 8C2.7) that the organization cannot and is not likely to become able (even on an installment

schedule) to pay such minimum guideline fine, a further determination of the guideline fine range is unnecessary. Instead, the court may use the preliminary determination and impose the fine that would result from the application of §8C3.3 (Reduction of Fine Based on Inability to Pay).

### Commentary

*Application Notes:*

1.    *In a case of a determination under subsection (a), a statement that "the guideline fine range was not determined because it is readily ascertainable that the defendant cannot and is not likely to become able to pay restitution" is recommended.*

2.    *In a case of a determination under subsection (b), a statement that "no precise determination of the guideline fine range is required because it is readily ascertainable that the defendant cannot and is not likely to become able to pay the minimum of the guideline fine range" is recommended.*

*Background:  Many organizational defendants lack the ability to pay restitution.  In addition, many organizational defendants who may be able to pay restitution lack the ability to pay the minimum fine called for by §8C2.7(a).  In such cases, a complete determination of the guideline fine range may be a needless exercise.  This section provides for an abbreviated determination of the guideline fine range that can be applied where it is readily ascertainable that the fine within the guideline fine range determined under §8C2.7 (Guideline Fine Range - Organizations) would be reduced under §8C3.3 (Reduction of Fine Based on Inability to Pay).*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

### §8C2.3.    Offense Level

(a)    For each count covered by §8C2.1 (Applicability of Fine Guidelines), use the applicable Chapter Two guideline to determine the base offense level and apply, in the order listed, any appropriate adjustments contained in that guideline.

(b)    Where there is more than one such count, apply Chapter Three, Part D (Multiple Counts) to determine the combined offense level.

### Commentary

*Application Notes:*

1.    *In determining the offense level under this section, "defendant," as used in Chapter Two, includes any agent of the organization for whose conduct the organization is criminally responsible.*

November 1, 1991

2. *In determining the offense level under this section, apply the provisions of §§1B1.2 through 1B1.8. Do not apply the adjustments in Chapter Three, Parts A (Victim-Related Adjustments), B (Role in the Offense), C (Obstruction), and E (Acceptance of Responsibility).*

Historical Note: Effective November 1, 1991 (see Appendix C, amendment 422).

## §8C2.4. Base Fine

(a) The base fine is the greatest of:

    (1) the amount from the table in subsection (d) below corresponding to the offense level determined under §8C2.3 (Offense Level); or

    (2) the pecuniary gain to the organization from the offense; or

    (3) the pecuniary loss from the offense caused by the organization, to the extent the loss was caused intentionally, knowingly, or recklessly.

(b) *Provided*, that if the applicable offense guideline in Chapter Two includes a special instruction for organizational fines, that special instruction shall be applied, as appropriate.

(c) *Provided, further*, that to the extent the calculation of either pecuniary gain or pecuniary loss would unduly complicate or prolong the sentencing process, that amount, i.e., gain or loss as appropriate, shall not be used for the determination of the base fine.

(d) Offense Level Fine Table

| Offense Level | Amount |
|---|---|
| 6 or less | $5,000 |
| 7 | $7,500 |
| 8 | $10,000 |
| 9 | $15,000 |
| 10 | $20,000 |
| 11 | $30,000 |
| 12 | $40,000 |
| 13 | $60,000 |
| 14 | $85,000 |
| 15 | $125,000 |
| 16 | $175,000 |
| 17 | $250,000 |
| 18 | $350,000 |
| 19 | $500,000 |
| 20 | $650,000 |
| 21 | $910,000 |
| 22 | $1,200,000 |
| 23 | $1,600,000 |
| 24 | $2,100,000 |
| 25 | $2,800,000 |
| 26 | $3,700,000 |

| | |
|---|---|
| 27 | $4,800,000 |
| 28 | $6,300,000 |
| 29 | $8,100,000 |
| 30 | $10,500,000 |
| 31 | $13,500,000 |
| 32 | $17,500,000 |
| 33 | $22,000,000 |
| 34 | $28,500,000 |
| 35 | $36,000,000 |
| 36 | $45,500,000 |
| 37 | $57,500,000 |
| 38 or more | $72,500,000 |

*Commentary*

*Application Notes:*

1.  *"Pecuniary gain," "pecuniary loss," and "offense" are defined in the Commentary to §8A1.2 (Application Instructions - Organizations). Note that subsections (a)(2) and (a)(3) contain certain limitations as to the use of pecuniary gain and pecuniary loss in determining the base fine. Under subsection (a)(2), the pecuniary gain used to determine the base fine is the pecuniary gain to the organization from the offense. Under subsection (a)(3), the pecuniary loss used to determine the base fine is the pecuniary loss from the offense caused by the organization, to the extent that such loss was caused intentionally, knowingly, or recklessly.*

2.  *Under 18 U.S.C. § 3571(d), the court is not required to calculate pecuniary loss or pecuniary gain to the extent that determination of loss or gain would unduly complicate or prolong the sentencing process. Nevertheless, the court may need to approximate loss in order to calculate offense levels under Chapter Two. See Commentary to §2B1.1 (Larceny, Embezzlement, and Other Forms of Theft). If loss is approximated for purposes of determining the applicable offense level, the court should use that approximation as the starting point for calculating pecuniary loss under this section.*

3.  *In a case of an attempted offense or a conspiracy to commit an offense, pecuniary loss and pecuniary gain are to be determined in accordance with the principles stated in §2X1.1 (Attempt, Solicitation, or Conspiracy).*

4.  *In a case involving multiple participants (i.e., multiple organizations, or the organization and individual(s) unassociated with the organization), the applicable offense level is to be determined without regard to apportionment of the gain from or loss caused by the offense. See §1B1.3 (Relevant Conduct). However, if the base fine is determined under subsections (a)(2) or (a)(3), the court may, as appropriate, apportion gain or loss considering the defendant's relative culpability and other pertinent factors. Note also that under §2R1.1(d)(1), the volume of commerce, which is used in determining a proxy for loss under §8C2.4(a)(3), is limited to the volume of commerce attributable to the defendant.*

5.  *Special instructions regarding the determination of the base fine are contained in: §2B4.1 (Bribery in Procurement of Bank Loan and Other Commercial Bribery); §2C1.1 (Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right); §2C1.2 (Offering, Giving, Soliciting, or Receiving a Gratuity); §2E5.1 (Offering, Accepting, or Soliciting a Bribe or Gratuity Affecting the Operation of an Employee Welfare or Pension Benefit Plan); §2R1.1 (Bid-Rigging, Price-Fixing or Market-Allocation Agreements Among Competitors); §2S1.1*

*(Laundering of Monetary Instruments); §2S1.2 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity); §2S1.3 (Failure to Report Monetary Transactions; Structuring Transactions to Evade Reporting Requirements); and §2S1.4 (Failure to File Currency and Monetary Instrument Report).*

<u>Background</u>:  *Under this section, the base fine is determined in one of three ways: (1) by the amount, based on the offense level, from the table in subsection (d); (2) by the pecuniary gain to the organization from the offense; and (3) by the pecuniary loss caused by the organization, to the extent that such loss was caused intentionally, knowingly, or recklessly. In certain cases, special instructions for determining the loss or offense level amount apply. As a general rule, the base fine measures the seriousness of the offense. The determinants of the base fine are selected so that, in conjunction with the multipliers derived from the culpability score in §8C2.5 (Culpability Score), they will result in guideline fine ranges appropriate to deter organizational criminal conduct and to provide incentives for organizations to maintain internal mechanisms for preventing, detecting, and reporting criminal conduct. In order to deter organizations from seeking to obtain financial reward through criminal conduct, this section provides that, when greatest, pecuniary gain to the organization is used to determine the base fine. In order to ensure that organizations will seek to prevent losses intentionally, knowingly, or recklessly caused by their agents, this section provides that, when greatest, pecuniary loss is used to determine the base fine in such circumstances. Chapter Two provides special instructions for fines that include specific rules for determining the base fine in connection with certain types of offenses in which the calculation of loss or gain is difficult, e.g., price-fixing and money laundering. For these offenses, the special instructions tailor the base fine to circumstances that occur in connection with such offenses and that generally relate to the magnitude of loss or gain resulting from such offenses.*

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

### §8C2.5.  Culpability Score

(a)  Start with 5 points and apply subsections (b) through (g) below.

(b)  <u>Involvement in or Tolerance of Criminal Activity</u>

If more than one applies, use the greatest:

(1)  If --

(A)  the organization had 5,000 or more employees and

(i)  an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offense; or

(ii)  tolerance of the offense by substantial authority personnel was pervasive throughout the organization; or

(B)  the unit of the organization within which the offense was committed had 5,000 or more employees and

(i)  an individual within high-level personnel of the unit participated in, condoned, or was willfully ignorant of the offense; or

           (ii)     tolerance of the offense by substantial authority personnel was pervasive throughout such unit,

**add 5 points; or**

(2)    If --

      (A)    the organization had 1,000 or more employees and

           (i)     an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offense; or

           (ii)     tolerance of the offense by substantial authority personnel was pervasive throughout the organization; or

      (B)    the unit of the organization within which the offense was committed had 1,000 or more employees and

           (i)     an individual within high-level personnel of the unit participated in, condoned, or was willfully ignorant of the offense; or

           (ii)     tolerance of the offense by substantial authority personnel was pervasive throughout such unit,

**add 4 points; or**

(3)    If --

      (A)    the organization had 200 or more employees and

           (i)     an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offense; or

           (ii)     tolerance of the offense by substantial authority personnel was pervasive throughout the organization; or

      (B)    the unit of the organization within which the offense was committed had 200 or more employees and

           (i)     an individual within high-level personnel of the unit participated in, condoned, or was willfully ignorant of the offense; or

           (ii)     tolerance of the offense by substantial authority personnel was pervasive throughout such unit,

**add 3 points; or**

         November 1, 1991

(4)     If the organization had 50 or more employees and an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense, add **2** points; or

(5)     If the organization had 10 or more employees and an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense, add **1** point.

(c)     <u>Prior History</u>

If more than one applies, use the greater:

(1)     If the organization (or separately-managed line of business) committed any part of the instant offense less than 10 years after (A) a criminal adjudication based on similar misconduct; or (B) civil or administrative adjudication(s) based on two or more separate instances of similar misconduct, add **1** point; or

(2)     If the organization (or separately-managed line of business) committed any part of the instant offense less than 5 years after (A) a criminal adjudication based on similar misconduct; or (B) civil or administrative adjudication(s) based on two or more separate instances of similar misconduct, add **2** points.

(d)     <u>Violation of an Order</u>

If more than one applies, use the greater:

(1)     (A)  If the commission of the instant offense violated a judicial order or injunction, other than a violation of a condition of probation; or (B) if the organization (or separately-managed line of business) violated a condition of probation by engaging in similar misconduct, _i.e._, misconduct similar to that for which it was placed on probation, add **2** points; or

(2)     If the commission of the instant offense violated a condition of probation, add **1** point.

(e)     <u>Obstruction of Justice</u>

If the organization willfully obstructed or impeded, attempted to obstruct or impede, or aided, abetted, or encouraged obstruction of justice during the investigation, prosecution, or sentencing of the instant offense, or, with knowledge thereof, failed to take reasonable steps to prevent such obstruction or impedance or attempted obstruction or impedance, add **3** points.

(f)     <u>Effective Program to Prevent and Detect Violations of Law</u>

If the offense occurred despite an effective program to prevent and detect violations of law, subtract **3** points.

_Provided_, that this subsection does not apply if an individual within high-level personnel of the organization, a person within high-level personnel of the unit

November 1, 1991

of the organization within which the offense was committed where the unit had 200 or more employees, or an individual responsible for the administration or enforcement of a program to prevent and detect violations of law participated in, condoned, or was willfully ignorant of the offense. Participation of an individual within substantial authority personnel in an offense results in a rebuttable presumption that the organization did not have an effective program to prevent and detect violations of law.

*Provided, further,* that this subsection does not apply if, after becoming aware of an offense, the organization unreasonably delayed reporting the offense to appropriate governmental authorities.

(g)     Self-Reporting, Cooperation, and Acceptance of Responsibility

If more than one applies, use the greatest:

(1)     If the organization (A) prior to an imminent threat of disclosure or government investigation; and (B) within a reasonably prompt time after becoming aware of the offense, reported the offense to appropriate governmental authorities, fully cooperated in the investigation, and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, subtract 5 points; or

(2)     If the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, subtract 2 points; or

(3)     If the organization clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, subtract 1 point.

*Commentary*

*Application Notes:*

1.     "Substantial authority personnel," "condoned," "willfully ignorant of the offense," "similar misconduct," "prior criminal adjudication," and "effective program to prevent and detect violations of law," are defined in the Commentary to §8A1.2 (Application Instructions - Organizations).

2.     For purposes of subsection (b), "unit of the organization" means any reasonably distinct operational component of the organization. For example, a large organization may have several large units such as divisions or subsidiaries, as well as many smaller units such as specialized manufacturing, marketing, or accounting operations within these larger units. For purposes of this definition, all of these types of units are encompassed within the term "unit of the organization."

3.     "High-level personnel of the organization" is defined in the Commentary to §8A1.2 (Application Instructions - Organizations). With respect to a unit with 200 or more employees, "high-level personnel of a unit of the organization" means agents within the unit who set the policy for or control that unit. For example, if the managing agent of a unit with 200 employees participated in an offense, three points would be added under subsection (b)(3); if that organization had

*1,000 employees and the managing agent of the unit with 200 employees were also within high-level personnel of the entire organization, four points (rather than three) would be added under subsection (b)(2).*

4.    *Pervasiveness under subsection (b) will be case specific and depend on the number, and degree of responsibility, of individuals within substantial authority personnel who participated in, condoned, or were willfully ignorant of the offense. Fewer individuals need to be involved for a finding of pervasiveness if those individuals exercised a relatively high degree of authority. Pervasiveness can occur either within an organization as a whole or within a unit of an organization. For example, if an offense were committed in an organization with 1,000 employees but the tolerance of the offense was pervasive only within a unit of the organization with 200 employees (and no high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offense), three points would be added under subsection (b)(3). If, in the same organization, tolerance of the offense was pervasive throughout the organization as a whole, or an individual within high-level personnel of the organization participated in the offense, four points (rather than three) would be added under subsection (b)(2).*

5.    *A "separately-managed line of business," as used in subsections (c) and (d), is a subpart of a for-profit organization that has its own management, has a high degree of autonomy from higher managerial authority, and maintains its own separate books of account. Corporate subsidiaries and divisions frequently are separately-managed lines of business. Under subsection (c), in determining the prior history of an organization with separately-managed lines of business, only the prior conduct or criminal record of the separately-managed line of business involved in the instant offense is to be used. Under subsection (d), in the context of an organization with separately-managed lines of business, in making the determination whether a violation of a condition of probation involved engaging in similar misconduct, only the prior misconduct of the separately-managed line of business involved in the instant offense is to be considered.*

6.    *Under subsection (c), in determining the prior history of an organization or separately-managed line of business, the conduct of the underlying economic entity shall be considered without regard to its legal structure or ownership. For example, if two companies merged and became separate divisions and separately-managed lines of business within the merged company, each division would retain the prior history of its predecessor company. If a company reorganized and became a new legal entity, the new company would retain the prior history of the predecessor company. In contrast, if one company purchased the physical assets but not the ongoing business of another company, the prior history of the company selling the physical assets would not be transferred to the company purchasing the assets. However, if an organization is acquired by another organization in response to solicitations by appropriate federal government officials, the prior history of the acquired organization shall not be attributed to the acquiring organization.*

7.    *Under subsections (c)(1)(B) and (c)(2)(B), the civil or administrative adjudication(s) must have occurred within the specified period (ten or five years) of the instant offense.*

8.    *Adjust the culpability score for the factors listed in subsection (e) whether or not the offense guideline incorporates that factor, or that factor is inherent in the offense.*

9.    *Subsection (e) applies where the obstruction is committed on behalf of the organization; it does not apply where an individual or individuals have attempted to conceal their misconduct from the organization. The Commentary to §3C1.1 (Obstructing or Impeding the Administration of Justice) provides guidance regarding the types of conduct that constitute obstruction.*

10. *The second proviso in subsection (f) contemplates that the organization will be allowed a reasonable period of time to conduct an internal investigation. In addition, no reporting is required by this proviso if the organization reasonably concluded, based on the information then available, that no offense had been committed.*

11. *"Appropriate governmental authorities," as used in subsections (f) and (g)(1), means the federal or state law enforcement, regulatory, or program officials having jurisdiction over such matter. To qualify for a reduction under subsection (g)(1), the report to appropriate governmental authorities must be made under the direction of the organization.*

12. *To qualify for a reduction under subsection (g)(1) or (g)(2), cooperation must be both timely and thorough. To be timely, the cooperation must begin essentially at the same time as the organization is officially notified of a criminal investigation. To be thorough, the cooperation should include the disclosure of all pertinent information known by the organization. A prime test of whether the organization has disclosed all pertinent information is whether the information is sufficient for law enforcement personnel to identify the nature and extent of the offense and the individual(s) responsible for the criminal conduct. However, the cooperation to be measured is the cooperation of the organization itself, not the cooperation of individuals within the organization. If, because of the lack of cooperation of particular individual(s), neither the organization nor law enforcement personnel are able to identify the culpable individual(s) within the organization despite the organization's efforts to cooperate fully, the organization may still be given credit for full cooperation.*

13. *Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct ordinarily will constitute significant evidence of affirmative acceptance of responsibility under subsection (g), unless outweighed by conduct of the organization that is inconsistent with such acceptance of responsibility. This adjustment is not intended to apply to an organization that puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude an organization from consideration for such a reduction. In rare situations, an organization may clearly demonstrate an acceptance of responsibility for its criminal conduct even though it exercises its constitutional right to a trial. This may occur, for example, where an organization goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to its conduct). In each such instance, however, a determination that an organization has accepted responsibility will be based primarily upon pretrial statements and conduct.*

14. *In making a determination with respect to subsection (g), the court may determine that the chief executive officer or highest ranking employee of an organization should appear at sentencing in order to signify that the organization has clearly demonstrated recognition and affirmative acceptance of responsibility.*

*Background: The increased culpability scores under subsection (b) are based on three interrelated principles. First, an organization is more culpable when individuals who manage the organization or who have substantial discretion in acting for the organization participate in, condone, or are willfully ignorant of criminal conduct. Second, as organizations become larger and their managements become more professional, participation in, condonation of, or willful ignorance of criminal conduct by such management is increasingly a breach of trust or abuse of position. Third, as organizations increase in size, the risk of criminal conduct beyond that reflected in the instant offense also increases whenever management's tolerance of that offense is pervasive. Because of the continuum of sizes of organizations and professionalization of management, subsection (b) gradually*

November 1, 1991

*increases the culpability score based upon the size of the organization and the level and extent of the substantial authority personnel involvement.*

<u>Historical Note</u>: Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

§8C2.6.    **Minimum and Maximum Multipliers**

Using the culpability score from §8C2.5 (Culpability Score) and applying any applicable special instruction for fines in Chapter Two, determine the applicable minimum and maximum fine multipliers from the table below.

| Culpability Score | Minimum Multiplier | Maximum Multiplier |
|---|---|---|
| 10 or more | 2.00 | 4.00 |
| 9 | 1.80 | 3.60 |
| 8 | 1.60 | 3.20 |
| 7 | 1.40 | 2.80 |
| 6 | 1.20 | 2.40 |
| 5 | 1.00 | 2.00 |
| 4 | 0.80 | 1.60 |
| 3 | 0.60 | 1.20 |
| 2 | 0.40 | 0.80 |
| 1 | 0.20 | 0.40 |
| 0 or less | 0.05 | 0.20. |

*Commentary*

*Application Note:*

1.    *A special instruction for fines in §2R1.1 (Bid-Rigging, Price-Fixing or Market-Allocation Agreements Among Competitors) sets a floor for minimum and maximum multipliers in cases covered by that guideline.*

<u>Historical Note</u>: Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

§8C2.7.    **Guideline Fine Range - Organizations**

(a)    The minimum of the guideline fine range is determined by multiplying the base fine determined under §8C2.4 (Base Fine) by the applicable minimum multiplier determined under §8C2.6 (Minimum and Maximum Multipliers).

(b)    The maximum of the guideline fine range is determined by multiplying the base fine determined under §8C2.4 (Base Fine) by the applicable maximum multiplier determined under §8C2.6 (Minimum and Maximum Multipliers).

<u>Historical Note</u>: Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

November 1, 1991

§8C2.8.  <u>Determining the Fine Within the Range</u> (Policy Statement)

(a)  In determining the amount of the fine within the applicable guideline range, the court should consider:

(1)  the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the organization;

(2)  the organization's role in the offense;

(3)  any collateral consequences of conviction, including civil obligations arising from the organization's conduct;

(4)  any nonpecuniary loss caused or threatened by the offense;

(5)  whether the offense involved a vulnerable victim;

(6)  any prior criminal record of an individual within high-level personnel of the organization or high-level personnel of a unit of the organization who participated in, condoned, or was willfully ignorant of the criminal conduct;

(7)  any prior civil or criminal misconduct by the organization other than that counted under §8C2.5(c);

(8)  any culpability score under §8C2.5 (Culpability Score) higher than 10 or lower than 0;

(9)  partial but incomplete satisfaction of the conditions for one or more of the mitigating or aggravating factors set forth in §8C2.5 (Culpability Score); and

(10)  any factor listed in 18 U.S.C. § 3572(a).

(b)  In addition, the court may consider the relative importance of any factor used to determine the range, including the pecuniary loss caused by the offense, the pecuniary gain from the offense, any specific offense characteristic used to determine the offense level, and any aggravating or mitigating factor used to determine the culpability score.

<u>*Commentary*</u>

<u>*Application Notes:*</u>

*1.  Subsection (a)(2) provides that the court, in setting the fine within the guideline fine range, should consider the organization's role in the offense.  This consideration is particularly appropriate if the guideline fine range does not take the organization's role in the offense into account.  For example, the guideline fine range in an antitrust case does not take into consideration whether the organization was an organizer or leader of the conspiracy.  A higher*

November 1, 1991

*fine within the guideline fine range ordinarily will be appropriate for an organization that takes a leading role in such an offense.*

2. *Subsection (a)(3) provides that the court, in setting the fine within the guideline fine range, should consider any collateral consequences of conviction, including civil obligations arising from the organization's conduct. As a general rule, collateral consequences that merely make victims whole provide no basis for reducing the fine within the guideline range. If criminal and civil sanctions are unlikely to make victims whole, this may provide a basis for a higher fine within the guideline fine range. If punitive collateral sanctions have been or will be imposed on the organization, this may provide a basis for a lower fine within the guideline fine range.*

3. *Subsection (a)(4) provides that the court, in setting the fine within the guideline fine range, should consider any nonpecuniary loss caused or threatened by the offense. To the extent that nonpecuniary loss caused or threatened (e.g., loss of or threat to human life; psychological injury; threat to national security) by the offense is not adequately considered in setting the guideline fine range, this factor provides a basis for a higher fine within the range. This factor is more likely to be applicable where the guideline fine range is determined by pecuniary loss or gain, rather than by offense level, because the Chapter Two offense levels frequently take actual or threatened nonpecuniary loss into account.*

4. *Subsection (a)(6) provides that the court, in setting the fine within the guideline fine range, should consider any prior criminal record of an individual within high-level personnel of the organization or a unit of the organization. Since an individual within high-level personnel either exercises substantial control over the organization or a unit of the organization or has a substantial role in the making of policy within the organization or a unit of the organization, any prior criminal misconduct of such an individual may be relevant to the determination of the appropriate fine for the organization.*

5. *Subsection (a)(7) provides that the court, in setting the fine within the guideline fine range, should consider any prior civil or criminal misconduct by the organization other than that counted under §8C2.5(c). The civil and criminal misconduct counted under §8C2.5(c) increases the guideline fine range. Civil or criminal misconduct other than that counted under §8C2.5(c) may provide a basis for a higher fine within the range. In a case involving a pattern of illegality, an upward departure may be warranted.*

6. *Subsection (a)(8) provides that the court, in setting the fine within the guideline fine range, should consider any culpability score higher than ten or lower than zero. As the culpability score increases above ten, this may provide a basis for a higher fine within the range. Similarly, as the culpability score decreases below zero, this may provide a basis for a lower fine within the range.*

7. *Under subsection (b), the court, in determining the fine within the range, may consider any factor that it considered in determining the range. This allows for courts to differentiate between cases that have the same offense level but differ in seriousness (e.g., two fraud cases at offense level 12, one resulting in a loss of $21,000, the other $40,000). Similarly, this allows for courts to differentiate between two cases that have the same aggravating factors, but in which those factors vary in their intensity (e.g., two cases with upward adjustments to the culpability score under §8C2.5(c)(2) (prior criminal adjudications within 5 years of the commencement of the instant offense, one involving a single conviction, the other involving two or more convictions).*

*Background: Subsection (a) includes factors that the court is required to consider under 18 U.S.C. §§ 3553(a) and 3572(a) as well as additional factors that the Commission has determined may be*

*relevant in a particular case. A number of factors required for consideration under 18 U.S.C. § 3572(a) (e.g., pecuniary loss, the size of the organization) are used under the fine guidelines in this subpart to determine the fine range, and therefore are not specifically set out again in subsection (a) of this guideline. In unusual cases, factors listed in this section may provide a basis for departure.*

Historical Note: Effective November 1, 1991 (see Appendix C, amendment 422).

## §8C2.9.    Disgorgement

The court shall add to the fine determined under §8C2.8 (Determining the Fine Within the Range) any gain to the organization from the offense that has not and will not be paid as restitution or by way of other remedial measures.

*Commentary*

*Application Note:*

1.    *This section is designed to ensure that the amount of any gain that has not and will not be taken from the organization for remedial purposes will be added to the fine. This section typically will apply in cases in which the organization has received gain from an offense but restitution or remedial efforts will not be required because the offense did not result in harm to identifiable victims, e.g., money laundering, obscenity, and regulatory reporting offenses. Money spent or to be spent to remedy the adverse effects of the offense, e.g., the cost to retrofit defective products, should be considered as disgorged gain. If the cost of remedial efforts made or to be made by the organization equals or exceeds the gain from the offense, this section will not apply.*

Historical Note: Effective November 1, 1991 (see Appendix C, amendment 422).

## §8C2.10.    Determining the Fine for Other Counts

For any count or counts not covered under §8C2.1 (Applicability of Fine Guidelines), the court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572. The court should determine the appropriate fine amount, if any, to be imposed in addition to any fine determined under §8C2.8 (Determining the Fine Within the Range) and §8C2.9 (Disgorgement).

*Commentary*

*Background:* *The Commission has not promulgated guidelines governing the setting of fines for counts not covered by §8C2.1 (Applicability of Fine Guidelines). For such counts, the court should determine the appropriate fine based on the general statutory provisions governing sentencing. In cases that have a count or counts not covered by the guidelines in addition to a count or counts covered by the guidelines, the court shall apply the fine guidelines for the count(s) covered by the guidelines, and add any additional amount to the fine, as appropriate, for the count(s) not covered by the guidelines.*

Historical Note: Effective November 1, 1991 (see Appendix C, amendment 422).

* * * * *

## 3.    IMPLEMENTING THE SENTENCE OF A FINE

**§8C3.1.    Imposing a Fine**

(a)    Except to the extent restricted by the maximum fine authorized by statute or any minimum fine required by statute, the fine or fine range shall be that determined under §8C1.1 (Determining the Fine - Criminal Purpose Organizations); §8C2.7 (Guideline Fine Range - Organizations) and §8C2.9 (Disgorgement); or §8C2.10 (Determining the Fine for Other Counts), as appropriate.

(b)    Where the minimum guideline fine is greater than the maximum fine authorized by statute, the maximum fine authorized by statute shall be the guideline fine.

(c)    Where the maximum guideline fine is less than a minimum fine required by statute, the minimum fine required by statute shall be the guideline fine.

### Commentary

*Background:  This section sets forth the interaction of the fines or fine ranges determined under this chapter with the maximum fine authorized by statute and any minimum fine required by statute for the count or counts of conviction.  The general statutory provisions governing a sentence of a fine are set forth in 18 U.S.C. § 3571.*

*When the organization is convicted of multiple counts, the maximum fine authorized by statute may increase.  For example, in the case of an organization convicted of three felony counts related to a $200,000 fraud, the maximum fine authorized by statute will be $500,000 on each count, for an aggregate maximum authorized fine of $1,500,000.*

Historical Note:   Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C3.2.    Payment of the Fine - Organizations**

(a)    If the defendant operated primarily for a criminal purpose or primarily by criminal means, immediate payment of the fine shall be required.

(b)    In any other case, immediate payment of the fine shall be required unless the court finds that the organization is financially unable to make immediate payment or that such payment would pose an undue burden on the organization.  If the court permits other than immediate payment, it shall require full payment at the earliest possible date, either by requiring payment on a date certain or by establishing an installment schedule.

## *Commentary*

*Application Note:*

1. *When the court permits other than immediate payment, the period provided for payment shall in no event exceed five years.  18 U.S.C. § 3572(d).*

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

**§8C3.3.**   **Reduction of Fine Based on Inability to Pay**

(a)   The court shall reduce the fine below that otherwise required by §8C1.1 (Determining the Fine - Criminal Purpose Organizations), or §8C2.7 (Guideline Fine Range - Organizations) and §8C2.9 (Disgorgement), to the extent that imposition of such fine would impair its ability to make restitution to victims.

(b)   The court may impose a fine below that otherwise required by §8C2.7 (Guideline Fine Range - Organizations) and §8C2.9 (Disgorgement) if the court finds that the organization is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum fine required by §8C2.7 (Guideline Fine Range - Organizations) and §8C2.9 (Disgorgement).

*Provided*, that the reduction under this subsection shall not be more than necessary to avoid substantially jeopardizing the continued viability of the organization.

## *Commentary*

*Application Note:*

1. *For purposes of this section, an organization is not able to pay the minimum fine if, even with an installment schedule under §8C3.2 (Payment of the Fine - Organizations), the payment of that fine would substantially jeopardize the continued existence of the organization.*

*<u>Background</u>: Subsection (a) carries out the requirement in 18 U.S.C. § 3572(b) that the court impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the organization to make restitution for the offense; however, this section does not authorize a criminal purpose organization to remain in business in order to pay restitution.*

<u>Historical Note</u>:  Effective November 1, 1991 (<u>see</u> Appendix C, amendment 422).

**§8C3.4.**   **Fines Paid by Owners of Closely-Held Organizations**

The court may offset the fine imposed upon a closely-held organization when one or more individuals, each of whom owns at least a 5 percent interest in the organization, has been fined in a federal criminal proceeding for the same offense conduct for which the organization is being sentenced.  The amount of such offset shall not exceed

the amount resulting from multiplying the total fines imposed on those individuals by those individuals' total percentage interest in the organization.

### Commentary

_Application Notes:_

1. _For purposes of this section, an organization is closely held, regardless of its size, when relatively few individuals own it. In order for an organization to be closely held, ownership and management need not completely overlap._

2. _This section does not apply to a fine imposed upon an individual that arises out of offense conduct different from that for which the organization is being sentenced._

_Background: For practical purposes, most closely-held organizations are the alter egos of their owner-managers. In the case of criminal conduct by a closely-held corporation, the organization and the culpable individual(s) both may be convicted. As a general rule in such cases, appropriate punishment may be achieved by offsetting the fine imposed upon the organization by an amount that reflects the percentage ownership interest of the sentenced individuals and the magnitude of the fines imposed upon those individuals. For example, an organization is owned by five individuals, each of whom has a twenty percent interest; three of the individuals are convicted; and the combined fines imposed on those three equals $100,000. In this example, the fine imposed upon the organization may be offset by up to 60 percent of their combined fine amounts, i.e., by $60,000._

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

\* \* \* \* \*

### 4.    DEPARTURES FROM THE GUIDELINE FINE RANGE

#### Introductory Commentary

_The statutory provisions governing departures are set forth in 18 U.S.C. § 3553(b). Departure may be warranted if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." This subpart sets forth certain factors that, in connection with certain offenses, may not have been adequately taken into consideration by the guidelines. In deciding whether departure is warranted, the court should consider the extent to which that factor is adequately taken into consideration by the guidelines and the relative importance or substantiality of that factor in the particular case._

_To the extent that any policy statement from Chapter Five, Part K (Departures) is relevant to the organization, a departure from the applicable guideline fine range may be warranted. Some factors listed in Chapter Five, Part K that are particularly applicable to organizations are listed in this subpart. Other factors listed in Chapter Five, Part K may be applicable in particular cases. While this subpart lists factors that the Commission believes may constitute grounds for departure, the list is not exhaustive._

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.1.**  **Substantial Assistance to Authorities - Organizations** (Policy Statement)

(a)  Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another organization that has committed an offense, or in the investigation or prosecution of an individual not directly affiliated with the defendant who has committed an offense, the court may depart from the guidelines.

(b)  The appropriate reduction shall be determined by the court for reasons stated on the record that may include, but are not limited to, consideration of the following:

(1)  the court's evaluation of the significance and usefulness of the organization's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)  the nature and extent of the organization's assistance; and

(3)  the timeliness of the organization's assistance.

*Commentary*

*Application Note:*

1.  *Departure under this section is intended for cases in which substantial assistance is provided in the investigation or prosecution of crimes committed by individuals not directly affiliated with the organization or by other organizations. It is not intended for assistance in the investigation or prosecution of the agents of the organization responsible for the offense for which the organization is being sentenced.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.2.**  **Risk of Death or Bodily Injury** (Policy Statement)

If the offense resulted in death or bodily injury, or involved a foreseeable risk of death or bodily injury, an upward departure may be warranted.  The extent of any such departure should depend, among other factors, on the nature of the harm and the extent to which the harm was intended or knowingly risked, and the extent to which such harm or risk is taken into account within the applicable guideline fine range.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.3.**  **Threat to National Security** (Policy Statement)

If the offense constituted a threat to national security, an upward departure may be warranted.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.4.**    **Threat to the Environment** (Policy Statement)

If the offense presented a threat to the environment, an upward departure may be warranted.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.5.**    **Threat to a Market** (Policy Statement)

If the offense presented a risk to the integrity or continued existence of a market, an upward departure may be warranted.   This section is applicable to both private markets (e.g., a financial market, a commodities market, or a market for consumer goods) and public markets (e.g., government contracting).

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.6.**    **Official Corruption** (Policy Statement)

If the organization, in connection with the offense, bribed or unlawfully gave a gratuity to a public official, or attempted or conspired to bribe or unlawfully give a gratuity to a public official, an upward departure may be warranted.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.7.**    **Public Entity** (Policy Statement)

If the organization is a public entity, a downward departure may be warranted.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.8.**    **Members or Beneficiaries of the Organization as Victims** (Policy Statement)

If the members or beneficiaries, other than shareholders, of the organization are direct victims of the offense, a downward departure may be warranted.   If the members or beneficiaries of an organization are direct victims of the offense, imposing a fine upon the organization may increase the burden upon the victims of the offense without achieving a deterrent effect.   In such cases, a fine may not be appropriate. For example, departure may be appropriate if a labor union is convicted of embezzlement of pension funds.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.9.    Remedial Costs that Greatly Exceed Gain (Policy Statement)**

If the organization has paid or has agreed to pay remedial costs arising from the offense that greatly exceed the gain that the organization received from the offense, a downward departure may be warranted. In such a case, a substantial fine may not be necessary in order to achieve adequate punishment and deterrence. In deciding whether departure is appropriate, the court should consider the level and extent of substantial authority personnel involvement in the offense and the degree to which the loss exceeds the gain. If an individual within high-level personnel was involved in the offense, a departure would not be appropriate under this section. The lower the level and the more limited the extent of substantial authority personnel involvement in the offense, and the greater the degree to which remedial costs exceeded or will exceed gain, the less will be the need for a substantial fine to achieve adequate punishment and deterrence.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.10.    Mandatory Programs to Prevent and Detect Violations of Law (Policy Statement)**

If the organization's culpability score is reduced under §8C2.5(f) (Effective Program to Prevent and Detect Violations of Law) and the organization had implemented its program in response to a court order or administrative order specifically directed at the organization, an upward departure may be warranted to offset, in part or in whole, such reduction.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

**§8C4.11.    Exceptional Organizational Culpability (Policy Statement)**

If the organization's culpability score is greater than 10, an upward departure may be appropriate.

If no individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense; the organization at the time of the offense had an effective program to prevent and detect violations of law; and the base fine is determined under §8C2.4(a)(1), §8C2.4(a)(3), or a special instruction for fines in Chapter Two (Offense Conduct), a downward departure may be warranted. In a case meeting these criteria, the court may find that the organization had exceptionally low culpability and therefore a fine based on loss, offense level, or a special Chapter Two instruction results in a guideline fine range higher than necessary to achieve the purposes of sentencing. Nevertheless, such fine should not be lower than if determined under §8C2.4(a)(2).

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

*[Page intentionally blank]*

November 1, 1991

# PART D - ORGANIZATIONAL PROBATION

### *Introductory Commentary*

*Section 8D1.1 sets forth the circumstances under which a sentence to a term of probation is required. Sections 8D1.2 through 8D1.5 address the length of the probation term, conditions of probation, and violations of probation conditions.*

Historical Note: Effective November 1, 1991 (see Appendix C, amendment 422).

## §8D1.1.    Imposition of Probation - Organizations

(a)    The court shall order a term of probation:

(1)    if such sentence is necessary to secure payment of restitution (§8B1.1), enforce a remedial order (§8B1.2), or ensure completion of community service (§8B1.3);

(2)    if the organization is sentenced to pay a monetary penalty (e.g., restitution, fine, or special assessment), the penalty is not paid in full at the time of sentencing, and restrictions are necessary to safeguard the organization's ability to make payments;

(3)    if, at the time of sentencing, an organization having 50 or more employees does not have an effective program to prevent and detect violations of law;

(4)    if the organization within five years prior to sentencing engaged in similar misconduct, as determined by a prior criminal adjudication, and any part of the misconduct underlying the instant offense occurred after that adjudication;

(5)    if an individual within high-level personnel of the organization or the unit of the organization within which the instant offense was committed participated in the misconduct underlying the instant offense and that individual within five years prior to sentencing engaged in similar misconduct, as determined by a prior criminal adjudication, and any part of the misconduct underlying the instant offense occurred after that adjudication;

(6)    if such sentence is necessary to ensure that changes are made within the organization to reduce the likelihood of future criminal conduct;

(7)    if the sentence imposed upon the organization does not include a fine; or

(8)    if necessary to accomplish one or more of the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

*Commentary*

*Background:*  Under 18 U.S.C. § 3561(a), an organization may be sentenced to a term of probation. Under 18 U.S.C. § 3551(c), imposition of a term of probation is required if the sentence imposed upon the organization does not include a fine.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

## §8D1.2.    Term of Probation - Organizations

(a)    When a sentence of probation is imposed --

    (1)    In the case of a felony, the term of probation shall be at least one year but not more than five years.

    (2)    In any other case, the term of probation shall be not more than five years.

*Commentary*

*Application Note:*

1.    *Within the limits set by the guidelines, the term of probation should be sufficient, but not more than necessary, to accomplish the court's specific objectives in imposing the term of probation. The terms of probation set forth in this section are those provided in 18 U.S.C. § 3561(b).*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

## §8D1.3.    Conditions of Probation - Organizations

(a)    Pursuant to 18 U.S.C. § 3563(a)(1), any sentence of probation shall include the condition that the organization shall not commit another federal, state, or local crime during the term of probation.

(b)    Pursuant to 18 U.S.C. § 3563(a)(2), if a sentence of probation is imposed for a felony, the court shall impose as a condition of probation at least one of the following: a fine, restitution, or community service, unless the court finds on the record that extraordinary circumstances exist that would make such condition plainly unreasonable, in which event the court shall impose one or more other conditions set forth in 18 U.S.C. § 3563(b).

(c)    The court may impose other conditions that (1) are reasonably related to the nature and circumstances of the offense or the history and characteristics of the organization; and (2) involve only such deprivations of liberty or property as are necessary to effect the purposes of sentencing.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

November 1, 1991

**§8D1.4.**     **Recommended Conditions of Probation - Organizations** (Policy Statement)

(a)     The court may order the organization, at its expense and in the format and media specified by the court, to publicize the nature of the offense committed, the fact of conviction, the nature of the punishment imposed, and the steps that will be taken to prevent the recurrence of similar offenses.

(b)     If probation is imposed under §8D1.1(a)(2), the following conditions may be appropriate to the extent they appear necessary to safeguard the organization's ability to pay any deferred portion of an order of restitution, fine, or assessment:

    (1)     The organization shall make periodic submissions to the court or probation officer, at intervals specified by the court, reporting on the organization's financial condition and results of business operations, and accounting for the disposition of all funds received.

    (2)     The organization shall submit to: (A) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the probation officer or experts engaged by the court; and (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the court shall be paid by the organization.

    (3)     The organization shall be required to notify the court or probation officer immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by governmental authorities regarding the organization.

    (4)     The organization shall be required to make periodic payments, as specified by the court, in the following priority: (1) restitution; (2) fine; and (3) any other monetary sanction.

(c)     If probation is ordered under §8D1.1(a)(3), (4), (5), or (6), the following conditions may be appropriate:

    (1)     The organization shall develop and submit to the court a program to prevent and detect violations of law, including a schedule for implementation.

    (2)     Upon approval by the court of a program to prevent and detect violations of law, the organization shall notify its employees and shareholders of its criminal behavior and its program to prevent and detect violations of law. Such notice shall be in a form prescribed by the court.

    (3)     The organization shall make periodic reports to the court or probation officer, at intervals and in a form specified by the court, regarding the organization's progress in implementing the program to prevent and detect violations of law. Among other things, such reports shall disclose

any criminal prosecution, civil litigation, or administrative proceeding commenced against the organization, or any investigation or formal inquiry by governmental authorities of which the organization learned since its last report.

(4) In order to monitor whether the organization is following the program to prevent and detect violations of law, the organization shall submit to: (A) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the probation officer or experts engaged by the court; and (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the court shall be paid by the organization.

### *Commentary*

*Application Notes:*

1. *In determining the conditions to be imposed when probation is ordered under §8D1.1(a)(3) through (6), the court should consider the views of any governmental regulatory body that oversees conduct of the organization relating to the instant offense. To assess the efficacy of a program to prevent and detect violations of law submitted by the organization, the court may employ appropriate experts who shall be afforded access to all material possessed by the organization that is necessary for a comprehensive assessment of the proposed program. The court should approve any program that appears reasonably calculated to prevent and detect violations of law, provided it is consistent with any applicable statutory or regulatory requirement.*

2. *Periodic reports submitted in accordance with subsection (c)(3) should be provided to any governmental regulatory body that oversees conduct of the organization relating to the instant offense.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

### §8D1.5.  Violations of Conditions of Probation - Organizations (Policy Statement)

Upon a finding of a violation of a condition of probation, the court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence the organization.

### *Commentary*

*Application Note:*

1. *In the event of repeated, serious violations of conditions of probation, the appointment of a master or trustee may be appropriate to ensure compliance with court orders.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

## PART E - SPECIAL ASSESSMENTS, FORFEITURES, AND COSTS

**§8E1.1.** **Special Assessments - Organizations**

A special assessment must be imposed on an organization in the amount prescribed by statute.

### *Commentary*

*Background:* *Pursuant to 18 U.S.C. § 3013(a), the court is required to impose assessments in the following amounts:*

> *$50,*   *if the organization is convicted of a Class B misdemeanor;*
> *$125,*   *if the organization is convicted of a Class A misdemeanor; and*
> *$200,*   *if the organization is convicted of a felony.  18 U.S.C. § 3013.*

*The Act does not authorize the court to waive imposition of the assessment.*

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).


**§8E1.2.** **Forfeiture - Organizations**

Apply §5E1.4 (Forfeiture).

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).


**§8E1.3.** **Assessment of Costs - Organizations**

As provided in 28 U.S.C. § 1918, the court may order the organization to pay the costs of prosecution.  In addition, specific statutory provisions mandate assessment of costs.

Historical Note:  Effective November 1, 1991 (see Appendix C, amendment 422).

November 1, 1991