# EXHIBIT 2

```
 0    01



 2            IN THE UNITED STATES DISTRICT COURT

 3            FOR THE NORTHERN DISTRICT OF OHIO

 4                     EASTERN DIVISION

 5      -------------------------------X

        IN RE: NATIONAL PRESCRIPTION   MDL No. 2804
 6      OPIATE LITIGATION,

                                       Case No. 17-MD-2804
 7      This document relates to:

 8      All Cases                      Hon. Dan A. Polster

 9      -------------------------------X

10                  * HIGHLY CONFIDENTIAL *

11      * SUBJECT TO FURTHER CONFIDENTIALITY REVIEW *

12                   VIDEOTAPED DEPOSITION

13                            OF

14                     LACEY R. KELLER

15                   New York, New York

16                  Thursday, June 13, 2019

17

18

19

20

21

22

23

        Reported by:
24      ANNETTE ARLEQUIN, CCR, RPR, CRR, RSA

25
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2
 3
 4
 5                    June 13, 2019
 6                     9:10 a.m.
 7
 8          HIGHLY CONFIDENTIAL - SUBJECT TO
 9     FURTHER CONFIDENTIALITY REVIEW
10     videotaped deposition of LACEY R.
11     KELLER, held at the offices of
12     KIRKLAND & ELLIS LLP, 601 Lexington
13     Avenue, New York, New York, pursuant to
14     Notice, before Annette Arlequin, a
15     Certified Court Reporter, a Registered
16     Professional Reporter, a Realtime
17     Systems Administrator, a Certified
18     Realtime Reporter, and a Notary Public
19     of the State of New York and New
20     Jersey.
21
22
23
24
25
```

```
 1

 2        A P P E A R A N C E S:

 3

 4     SIMMONS HANLY CONROY LLC

 5     Counsel for Plaintiffs

 6          112 Madison Avenue, 7th floor

 7          New York, New York   10016-7416

 8     BY: JAYNE CONROY, ESQ.

 9            JConroy@simmonsfirm.com

10     BY: LAURA L. FITZPATRICK, ESQ.

11            Lfitzpatrick@simmonsfirm.com

12              - and -

13     MOTLEY RICE LLC

14     Counsel for Plaintiffs

15          28 Bridgeside Boulevard

16          Mt. Pleasant, South Carolina   29464

17     BY: JAMES W. LEDLIE, ESQ.

18            Jledlie@motleyrice.com

19

20

21

22

23

24

25
```

```
 1
 2        A P P E A R A N C E S(Cont'd.):
 3
 4    KIRKLAND & ELLIS LLP
 5    Counsel for Allergan Finance
 6         1301 Pennsylvania Avenue, N.W.
 7         Washington, D.C. 20004
 8    BY: JENNIFER LEVY, ESQ.
 9         Jennifer.levy@kirkland.com
10    BY: CATIE VENTURA, ESQ.
11         Catie.ventura@kirkland.com
12
13    O'MELVENY & MYERS LLP
14    Counsel for Janssen Pharmaceutical and
15       Johnson & Johnson
16         1999 Avenue of the Stars - 8th Floor
17         Los Angeles, California  90067-6035
18    BY: AMY R. LUCAS, ESQ.
19         Alucas@omm.com
20    BY: J. KEITH KOBYLKA, ESQ.
21         (Telephonically/realtime stream)
22
23
24
25
```

```
 1

 2     A P P E A R A N C E S (Cont'd.):

 3

 4     MORGAN LEWIS & BOCKIUS LLP

 5     Counsel for Teva, Cephalon and Actavis

 6        1701 Market Street

 7        Philadelphia, Pennsylvania  19103-2921

 8     BY: ADAM HAMMOUD, ESQ.

 9        Adam.hammoud@morganlewis.com

10

11     ARNOLD & PORTER KAYE SCHOLER LLP

12     Counsel for Endo Health Solutions Endo

13        Pharmaceuticals, Inc.; Par Pharmaceutical

14        Companies, Inc. f/k/a Par Pharmaceutical

15        Holdings, Inc.

16        601 Massachusetts Avenue N.W.

17        Washington, D.C.  20001-3743

18     BY: JOANNA PERSIO, ESQ.

19        Joanna.persio@arnoldporter.com

20

21

22

23

24

25
```

```
 1

 2      A P P E A R A N C E S(Cont'd.):

 3      DECHERT LLP

 4      Counsel for Purdue Pharmaceuticals

 5           Three Bryant Park

 6           1095 Avenue of the Americas

 7           New York, New York  10036-6797

 8      BY: DEBRA D. O'GORMAN, ESQ.

 9           Debra.ogorman@dechert.com

10

11      ZUCKERMAN SPAEDER LLP

12      Counsel for CVS Indiana, LLC and CVS RX

13        Services, Inc.

14           1800 M Street N.W. - Suite 1000

15           Washington, D.C.  20036-5807

16      BY: PAUL B. HYNES, JR., ESQ.

17           Phynes@zuckerman.com

18

19      MORGAN LEWIS & BOCKIUS LLP

20      Counsel for Rite Aid of Maryland

21           1701 Market Street

22           Philadelphia, Pennsylvania  19103-2921

23      BY: JOHN P. LAVELLE, JR., Partner

24           John.lavelle@morganlewis.com

25
```

```
 1

 2      A P P E A R A N C E S(Cont'd.):

 3      ROPES & GRAY LLP

 4      Counsel for Mallinckrodt

 5           Prudential Tower

 6           800 Boylston Street

 7           Boston, Massachusetts   02199

 8      BY: JOSH GOLDSTEIN, ESQ.

 9           Joshua.goldstein@ropesgray.com

10      BY: FEIFEI (ANDREA) REN, ESQ.

11           Andrea.Ren@ropesgray.com

12

13      COVINGTON & BURLING LLP

14      Counsel for McKesson

15           One CityCenter

16           850 Tenth Street, N.W.

17           Washington D.C. 20001-4956

18      BY: CLAIRE CATALANO DEAN, ESQ.

19           ccdean@cov.com

20

21

22

23

24

25
```

```
 1
 2      A P P E A R A N C E S(Cont'd.):
 3      BARTLIT BECK LLP
 4      Counsel for Walgreens
 5           54 West Hubbard Street - Suite 300
 6           Chicago, IL 60654
 7      BY: PETER B. BENSINGER, JR., ESQ.
 8           Peter.bensinger@bartlitt-beck.com
 9           (Telephonically/realtime stream.)
10
11      FOLEY LARDNER LLP
12      Counsel for Anda, Inc.
13           111 Huntington Avenue - Suite 2500
14           Boston, MA 02199-7610
15      BY: GRAHAM D. WELCH, ESQ.
16           Gwelch@foley.com
17           (Telephonically/realtime stream.)
18
19      BARNES & THORNBURG LLP
20      Counsel for H.D. Smith
21           11 South Meridian Street
22           Indianapolis Indiana  46204-3535
23      BY: KATHLEEN L. MATSOUKAS, ESQ.
24           Kathleen.matsoukas@btlaw.com
25           (Telephonically/realtime stream.)
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2       A P P E A R A N C E S(Cont'd.):
 3
 4       LOCKE LORD LLP
 5       Counsel for Henry Schein, Inc. and
 6          Henry Schein Medical Systems, Inc.
 7          2200 Ross Avenue - Suite 2800
 8          Dallas, Texas   75201
 9       BY: BRANDAN MONTMINY, ESQ.
10           Brandan.montminy@lockelord.com
11           (Telephonically/realtime stream.)
12
13       ALSO PRESENT:
14
15       VINCE ROSICA, Golkow, Legal Video Specialist
16       DAN LAWLOR, Golkow, Legal Video Specialist
17
18
19
20
21
22
23
24
25
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2            IT IS HEREBY STIPULATED AND
 3       AGREED by and between the attorneys for
 4       the respective parties herein, that
 5       filing and sealing be and the same are
 6       hereby waived;
 7            IT IS FURTHER STIPULATED AND
 8       AGREED that all objections, except as
 9       to the form of the question, shall be
10       reserved to the time of the trial;
11            IT IS FURTHER STIPULATED AND
12       AGREED that the within deposition may
13       be sworn to and signed before any
14       officer authorized to administer an
15       oath, with the same force and effect as
16       if signed and sworn to before the
17       Court.
18
19                     - o0o -
20
21
22
23
24
25
```

```
 1
 2              THE VIDEOGRAPHER:  We are now on
 3       the record.  My name is Vince Rosica.
 4       I'm a videographer for Golkow
 5       Litigation Services.
 6              Today's date is June 13, 2019,
 7       and the time is 9:10 a.m.
 8              This video deposition is being
 9       held in New York, New York, in the
10       matter of National Prescription Opiate
11       Litigation, MDL No. 2804, for the
12       United States District Court for the
13       Northern District of Ohio, Eastern
14       Division.
15              The deponent is Lacey Keller.
16              Counsel will be noted on the
17       stenographic record.
18              The court reporter is Annette
19       Arlequin and will now swear in the
20       witness.
21                *         *         *
22   L A C E Y   R.  K E L L E R,  called as a
23       witness, having been duly sworn by a
24       Notary Public, was examined and
25       testified as follows:
```

```
 1
 2              THE WITNESS:  I do.
 3              Lacey Rae Keller.
 4   EXAMINATION BY
 5   MS. LEVY:
 6         Q.   Good morning, Ms. Keller.  My
 7   name is Jenny Levy, and I'm an attorney
 8   here at Kirkland & Ellis.  I represent the
 9   Allergan defendants in this case.
10              Thank you for being here today.
11   Apologies in advance for my scratchy voice
12   and sniffles.  I'm feeling very under the
13   weather, so I will do my best to keep my
14   germs away from you.
15              Have you ever had your deposition
16   before?
17         A.   Good morning, Jenny.  Thanks for
18   having me.  And no.
19         Q.   This is the first deposition
20   experience you've ever had?
21         A.   Correct.
22         Q.   In the course of your work either
23   at the New York Attorney General's Office
24   or previously with SEIU, did you sit in on
25   any depositions or is this the first time
```

1
2          A.    That is correct.
3          Q.    You do not intend to offer
4     yourself as an expert in what DEA
5     registrants should or are supposed to do in
6     accordance with those guidance and
7     regulations, correct?
8          A.    That is correct.
9          Q.    And from a big picture level, if
10    I understand your report correctly, what
11    you have done is offer -- is do analyses
12    offering 16 different metrics and
13    illustrate what the results of those
14    metrics would show at a high level.
15                Do you agree with me that that's
16    what your report does?
17         A.    Yes.  I didn't actually count how
18    many metrics, so I'm taking your word that
19    there are 16.
20         Q.    I will represent to you that I
21    count 16.  But what I'm trying to parse
22    out, I don't mean to be mysterious, is I
23    want to make sure that I understand the
24    expertise you do intend to offer and the
25    expertise you don't intend to offer.

```
 1
 2      labeler impact, in your own words, you
 3      phrase it as a hypothetical, right?
 4           A.   Correct.
 5           Q.   You aren't suggesting -- the
 6      defendant that's subject to the small
 7      labeler impact is Janssen, correct?
 8           A.   Yes, I believe so.
 9           Q.   And what you do in that section
10      is you model, hypothetically, if Janssen
11      had looked at the data this way, then
12      hypothetically, orders could have been
13      stopped, right?
14           A.   That is correct.
15           Q.   But you do not go further in this
16      report to opine that Janssen had an
17      obligation to do that or should have done
18      that or that the DEA expected Janssen to do
19      that.
20                That's beyond your expertise,
21      right?
22           A.   That is beyond, yes.
23           Q.   Okay.  And, also, you don't know
24      or you don't have the expertise to know --
25      you don't consider yourself an expert in
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2      DEA reporting requirements, do you?
 3           A.    No.
 4           Q.    And you don't know what triggers
 5      a reporting requirement for a manufacturer?
 6           A.    No.
 7           Q.    You don't know what triggers a
 8      reporting requirement for a distributor, do
 9      you?
10           A.    No.
11           Q.    And you don't know what triggers
12      reporting requirements for pharmacies?
13           A.    No.
14           Q.    It is beyond the scope of your
15      expertise to opine on what triggers a
16      reporting responsibility specifically?
17      That's beyond what you have been asked to
18      do here, correct?
19           A.    Correct.
20           Q.    And also just to make sure we
21      narrow in on what your opinions are, you
22      are not an expert in what DEA does with
23      suspicious reports?  That is beyond your
24      expertise as well, right?
25           A.    That is correct.
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2              that it exists.
 3                   MS. LUCAS:  I think Mr. Janush
 4         knows about our -- Janssen's algorithm.
 5    BY MS. LUCAS:
 6         Q.   So I wanted to talk about your
 7    small labeler opinion.
 8              And that applies only to Janssen,
 9    correct?
10         A.   That is correct.
11         Q.   And why is that?
12         A.   So small labeler, I don't mean
13    any offense to that because I understand
14    Johnson & Johnson is a very large company,
15    but when it comes to opioids, you have very
16    few as it pertains to the market share,
17    right?  You're a much lower market share.
18         Q.   Actually, if you want to turn
19    really quickly to page --
20         A.   16 you're probably looking for.
21         Q.   I am.
22              Page 16, table 1 and table 2.
23    That reflects Janssen's market share in
24    Summit County and Cuyahoga County, correct?
25         A.   Yes.
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1
 2        Q.    And the largest percentage on
 3   that table is 0.9 percent, and the smallest
 4   one is 0.1 percent, correct?
 5        A.    That appears to be correct.
 6        Q.    Did you calculate those numbers?
 7        A.    I didn't do it by hand, but an
 8   algorithm did.
 9        Q.    How did you do that?
10        A.    SQL query.
11        Q.    And you concluded that Janssen
12   had between 0.1 percent and 0.9 percent
13   market share in Summit and Cuyahoga,
14   correct?
15        A.    Yes, depending on the metric and
16   depending on the county.
17        Q.    And other manufacturers, either
18   defendants or otherwise not named in the
19   complaints, had between 99.1 and 99.9
20   percent of the market share, correct?
21        A.    Yes.  I'm assuming you're taking
22   the hundred minus yourselves and that's
23   everybody else, yes.
24        Q.    So then back to your small
25   labeler opinion, why then did you conduct
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1

 2              C E R T I F I C A T E

 3

 4    STATE OF NEW YORK        )

 5                             : ss.

 6    COUNTY OF WESTCHESTER    )

 7

 8          I, ANNETTE ARLEQUIN, a Notary

 9    Public within and for the State of New

10    York, do hereby certify:

11          That LACEY R. KELLER, whose

12    deposition is hereinbefore set forth,

13    was duly sworn by me, and that the

14    transcript of such depositions is a

15    true record of the testimony given by

16    such witness.

17          I further certify that I am not

18    related to any of the parties to this

19    action by blood or marriage; and that I

20    am in no way interested in the outcome

21    of this matter.

22          IN WITNESS WHEREOF, I have hereunto

23    set my hand this 14th day of June, 2019.

24          _____

25          ANNETTE ARLEQUIN, CCR, RPR, CRR, RSA
```