# EXHIBIT 18

```
                                                      Page 1

 1             IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF OHIO
 2                       EASTERN DIVISION
 3
       _____
 4
       IN RE:  NATIONAL PRESCRIPTION      MDL No. 2804
 5     OPIATE LITIGATION                  Case No. 17-md-2804
 6
       This document relates to:          Judge Dan
 7                                        Aaron Polster
 8     The County of Cuyahoga v. Purdue
       Pharma, L.P., et al.
 9     Case No. 17-OP-45005
10     City of Cleveland, Ohio vs. Purdue
       Pharma, L.P., et al.
11     Case No. 18-OP-45132
12     The County of Summit, Ohio,
       et al. v. Purdue Pharma, L.P.,
13     et al.
       Case No. 18-OP-45090
14     _____
15
16
17
18         Videotaped Deposition of Joseph Rannazzisi
19                     Washington, D.C.
20                     April 26, 2019
21                        8:37 a.m.
22
23
24     Reported by:  Bonnie L. Russo
25     Job No. 3301876
```

Page 31

1  A. I authorized the letters. The
2  actual quota is authorized by the
3  administrator. It's a delegated function down
4  to me for the letters.
5  Q. But you're part of the process for
6  authorizing a quota, aren't you?
7  A. Yes, sir.
8  Q. And quota levels for opioids
9  constantly increased under your watch, correct?
10 A. Yes, sir.
11 Q. And, in fact, quota levers -- quota
12 levels for opioids increased significantly
13 under your watch, correct?
14         MS. SINGER: Objection. Vague.
15         MR. BENNETT: Objection.
16         MR. UTTER: Same objection.
17         THE WITNESS: They did increase.
18 But they increased because, by statute, we were
19 required to look at certain things. So yes.
20         MR. EPPICH: Let's mark as Exhibit
21 2.
22         (Deposition Exhibit 2 was marked for
23 identification.)
24         BY MR. EPPICH:
25 Q. Now, sir, Exhibit 2 is a chart dated

Page 196

1  Q. Okay. And if the pharmacy filled
2  that same prescription, that also is not
3  diversion, correct?
4  MR. BENNETT: Objection. Scope.
5  Incomplete hypothetical.
6  THE WITNESS: I can only go back to
7  the regulations. If the pharmacist, who has a
8  corresponding responsibility to ensure that a
9  prescription is effective and valid, if a
10 pharmacist fills the prescription based on his
11 corresponding responsibility, his red flags
12 analysis to ensure that that prescription is
13 effective and valid, yes, I don't think that
14 would be diversion as long as he's resolved the
15 red flags that are presented with the
16 prescription.
17 BY MR. STEPHENS:
18 Q. Okay. Now, sir, in your testimony,
19 you had mentioned that DEA's focus was on rogue
20 pain clinics and rogue doctors, correct?
21 A. Yes.
22 Q. Those rogue doctors often worked out
23 of rogue pain clinics; is that fair?
24 MS. SINGER: Objection. Vague.
25 MR. UTTER: Object to scope.