# EXHIBIT 20

Highly Confidential - Subject to Further Confidentiality Review

```
 1              THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF OHIO
 2                      EASTERN DIVISION
 3                          - - -
 4   IN RE:  NATIONAL      :
     PRESCRIPTION OPIATE   :   MDL NO. 2804
 5   LITIGATION            :
     ---------------------------------------------
 6                         :    CASE NO.
     THIS DOCUMENT         :    1:17-MD-2804
 7   RELATES TO ALL CASES:    Hon. Dan A. Polster
 8                          - - -
 9              Thursday, April 25, 2019
10                          - - -
11      HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12              CONFIDENTIALITY REVIEW
13                          - - -
14          Videotaped deposition of DAVID A.
15   KESSLER, M.D. (Day 1), taken pursuant to
16   notice, was held at Baron & Budd, 600 New
17   Hampshire Avenue NW, Floor G, Washington, DC
18   20037, beginning at 9:28 a.m., on the above
19   date, before Lisa V. Feissner, RDR, CRR, Notary
20   Public.
21
22                          - - -
23            GOLKOW LITIGATION SERVICES
           877.370.3377 ph | 917.591.5672 fax
24                  deps@golkow.com
```

1  case focused on six manufacturers, did you do
2  anything to investigate the full scope of
3  mistakes or missed opportunities by any number
4  of other entities?
5              MR. RAFFERTY:  Object to the form,
6        vague.
7        A.   It's a broad question.  Can you be
8  a little more specific?
9        Q.   I meant it to be a broad question.
10             MR. RAFFERTY:  Object to the form.
11             You can answer it if you understand
12        what she's asking.
13             THE WITNESS:  Well, I think I
14        understand what she's --
15        A.   I certainly gave a good -- a good
16 deal of thought to FDA's role in this.  We
17 discussed that initially.  So I did that.  I
18 tried to gain an understanding of -- even
19 though I'm not -- if there's any distributor in
20 the room, I'm not -- I have no opinions on
21 distributors.  You can go take the day off.
22             I try to have some understanding of
23 DEA's role.  The database has distributor
24 information.  I certainly looked at -- for

Highly Confidential - Subject to Further Confidentiality Review

```
 1                INSTRUCTIONS TO WITNESS
 2
 3           Please read your deposition over
 4    carefully and make any necessary corrections.
 5    You should state the reason in the appropriate
 6    column on the errata sheet for any change made.
 7           After doing so, please sign the errata
 8    sheet and date it.
 9           You are signing it subject to the
10    changes you have noted on the errata sheet,
11    which will be attached to your deposition.  You
12    must sign in the space provided.  The witness
13    need not be a notary public.  Any competent
14    adult may witness your signature.
15           It is imperative that you return the
16    original errata sheet to the deposing attorney
17    within thirty (30) days of receipt of the
18    deposition transcript by you.  If you fail to
19    do so, the deposition may be deemed to be
20    accurate and may be used in court.
21
22
23
24
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1   WITNESS NAME:        DAVID A. KESSLER, M.D.

     DEPOSITION DATE:     APRIL 25, 2019
 2

 3                        ERRATA

 4   PAGE LINE   CHANGE                      REASON

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1                ACKNOWLEDGMENT OF DEPONENT
 2

 3          I hereby acknowledge that I have read
 4     the foregoing deposition, pages 1 - 414, dated
 5     April 25, 2019, and that the same is a true and
 6     correct transcription of the answers given by
 7     me to the questions propounded, except for the
 8     changes, if any, noted on the attached Errata.
 9

10
11     SIGNATURE
                  DAVID A. KESSLER, M.D.
12

13     DATE:  May 31, 2018

14

15

16

17     WITNESSED BY:

18

19     DATE:

20

21

22

23

24
```

```
 1                      LAWYER'S NOTES

 2      PAGE    LINE

 3      ____    ____    _____

 4      ____    ____    _____

 5      ____    ____    _____

 6      ____    ____    _____

 7      ____    ____    _____

 8      ____    ____    _____

 9      ____    ____    _____

10      ____    ____    _____

11      ____    ____    _____

12      ____    ____    _____

13      ____    ____    _____

14      ____    ____    _____

15      ____    ____    _____

16      ____    ____    _____

17      ____    ____    _____

18      ____    ____    _____

19      ____    ____    _____

20      ____    ____    _____

21      ____    ____    _____

22      ____    ____    _____

23      ____    ____    _____

24      ____    ____    _____
```

# ERRATA

*In re: National Prescription Opiate Litigation*, MDL No. 2804
Deponent: Dr. David Kessler
Deposition date: April 25-26, 2019

| Pin cite | Current Text | Corrected Text | |
|---|---|---|---|
| 39:12-13 | "If I can just finish my question, please." | "If I can just finish my <u>answer</u>, please." | Clarification |
| 194:20-195:3 | "But that doesn't mean you're not going to stop speeding and -- so again, if you get called out in that letter for that specific here, right." | "But that doesn't mean you're going to stop speeding and -- so again, if you get called out in that letter for that specific here, right." | Clarification |
| 236:6-236:11 | "but I think it was the company and Retter's [ph] documents in '92, when he sends them over to the agency, that had that." | "but I think it was the company and <u>Reder's</u> documents in '92, when he sends them over to the agency, that had that." | Transcription error |
| 251:22-251:24 | "So there was not substantial evidence to use it in hip or in OA." | "So there was not substantial evidence to use it in <u>low back</u> or in OA." | Clarification |
| 252:20-252:21 | "We can pull up the proposition to see exactly what the request was." | "We can pull up the <u>PROP petition</u> to see exactly what the request was." | Clarification |
| 252:21-252:22 | "I don't think that was in the proposition." | "I don't think that was in the <u>PROP petition</u>." | Clarification |
| 362:7-362:8, 10-12 | "you certainly should not go to say the solution, when the product doesn't work"<br><br>"at q12, to increase | "when the product doesn't work at q12, you certainly should not say the solution is to prescribe higher doses." | Clarification |

| Pin cite | Current Text | Corrected Text | |
|---|---|---|---|
| | higher doses." | | |
| 371:14-371:18 | "If a doctor reports that's not working at q8, that gives you that information that should trigger a complaint that should trigger an adverse event." | "If a doctor reports that the drug is not working at q8, that gives you information that should trigger a complaint which in turn should trigger an adverse event report. | Clarification |
| 398:6-398:10 | "So if you look at -- look at PPLP003409960, that's the promotional incremental -- those are the activities that are spent, and I'm not sure I see that one broken out in the ROI on those." | "So if you look at -- look at PPLP003409960, that's the incremental contributions by promotional channels -- those are the amounts that are spent on promotional channels, and I'm not sure I see that one broken out in the ROI on those" | Clarification |
| 399:5-399:7 | "I don't see that program specifically, the contribution by promotional challenge." | "I don't see that program specifically, the contribution by promotional channel." | Clarification |