# EXHIBIT 36

CONFIDENTIAL

Page 1

1 IN THE UNITED STATES DISTRICT COURT
2         NORTHERN DISTRICT OF OHIO
3              EASTERN DIVISION
4
          ~~~~~~~~~~~~~~~~~~~~
5
6 IN RE:  NATIONAL PRESCRIPTION    MDL No. 2804
  OPIATE LITIGATION
7                                  Case No. 17-md-2804
8                                  Judge Dan Aaron
  This document relates to:        Polster
9
10 County of Cuyahoga v. Purdue
   Pharma L.P., et al.
11
   City of Cleveland, Ohio v. Purdue
12 Pharma L.P., et al.
13 The County of Summit, Ohio, et al.
   v. Purdue Pharma L.P., et al.
14
15 Case No. 1:18-OP-45132
16
          ~~~~~~~~~~~~~~~~~~~~
17
              Videotaped deposition of
18               CALVIN D. WILLIAMS
19
               December 5, 2018
20                 9:06 a.m.
21
22             Taken at:
              Ulmer & Berne
23     1660 W. 2nd Street, Suite 1100
              Cleveland, Ohio
24
25      Renee L. Pellegrino, RPR, CLR

Veritext Legal Solutions

www.veritext.com                                   888-391-3376

CONFIDENTIAL

Page 187

1     Q.    Have you ever encountered a
2  situation involving that kind of theft?
3     A.    From a pharmacy or a hospital?
4     Q.    Yes.
5     A.    Not that I can recall, no.
6     Q.    Do you know whether the Division of
7  Police has ever encountered situations like
8  that?
9     A.    I don't know, but I'm sure if we
10 searched the records, there's something in
11 there.
12    Q.    Well, if that were to happen where
13 the prescription opioids were stolen from a
14 pharmacy --
15    A.    Um-hum.
16    Q.    -- who would be at fault for that?
17          MR. PIFKO:  Objection to form.
18    A.    Who would be at fault?  I don't
19 know.  I mean --
20    Q.    Would somebody have committed a
21 crime in doing that?
22          MR. PIFKO:  Objection to form.
23    A.    Yes.
24    Q.    And who would have committed the
25 crime?

CONFIDENTIAL

Page 188

1         MR. PIFKO:  Same objection.
2     A.    If a person broke into a pharmacy
3  and stole drugs, the person that broke in, yeah.
4     Q.    If somebody steals prescription
5  drugs from their grandmother's medicine cabinet,
6  are they committing a crime?
7     A.    Yes.
8     Q.    And is the person who does the
9  stealing committing the crime?
10    A.    Yes.
11    Q.    Is grandma committing a crime by
12 leaving them in her medicine cabinet?
13        MR. PIFKO:  Objection to form.
14    A.    Grandma is not committing a crime,
15 but it depends on, you know, if that's a drug
16 she's been utilizing for some time or is that
17 something that's been in her medicine cabinet
18 for a year and a half and she's not disposed of
19 it properly.
20    Q.    And what if it's been in her cabinet
21 unused for a year and half and she hasn't
22 disposed of it?
23        MR. PIFKO:  Objection to form.
24    A.    Then she's negligent in allowing
25 somebody else to get a hold of that.  I mean, we

CONFIDENTIAL

Page 330

1  Q. The sale of heroin is a crime,
2  correct?
3  A. Yes.
4  Q. It's a serious crime, correct?
5  A. Yes.
6  Q. The sale of heroin or cocaine laced
7  with fentanyl is a crime, correct?
8  A. Yes.
9  Q. It's a very serious crime, is it
10 not?
11 A. Yes.
12 Q. The purchase of heroin and fentanyl
13 is a crime, correct?
14 A. Yes.
15 Q. So if somebody has overdosed on
16 heroin, at least two crimes have been committed,
17 correct?
18     MR. PIFKO: Objection to form.
19 A. Two crimes have been committed?
20 Q. Yes.
21 A. In some way, shape or form, yes.
22 Q. Now, you testified a minute ago that
23 you think illicit use of prescription pills is
24 still a problem because you saw it in a HIDTA
25 report; is that correct?