IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>and<br><br>*The County of Cuyahoga v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45004 | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

### SUMMARY SHEET FOR MOTION OF DISTRIBUTOR DEFENDANTS FOR SUMMARY JUDGMENT ON PLAINTIFFS' RICO AND OCPA CLAIMS

The attached motion explains that the discovery record reveals a lack of any genuine dispute of material fact with respect to Plaintiffs' claims under the federal RICO statute (Count II) and the Ohio Corrupt Practices Act ("OCPA") (Count IV) against Distributors.[1]

First, Plaintiffs have no evidence showing that Distributors participated in—much less directed the affairs of—an "enterprise," as required under RICO and the OCPA. There is no evidence from which a reasonable jury could infer the existence of an (1) on-going organization involving Distributors, (2) that functioned as a "continuing unit" (3) for the purpose of engaging in *unlawful* conduct.

---

[1] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

1

Second, there is no evidence that Distributors' alleged predicate acts—*i.e.*, their alleged failure to report suspicious orders to DEA—were the proximate cause of Plaintiffs' claimed injury. Plaintiffs' causal theory is premised on the assumption that reporting by Distributors of additional suspicious orders would have prevented some portion of Plaintiffs' alleged harm.  But the undisputed record shows that DEA, through the ARCOS database, knew precisely how many prescription opioids were being shipped to pharmacies in Summit and Cuyahoga Counties at all relevant times, and thus was on notice of any "excess" of pills being shipped to the Counties.

Each reason is independently dispositive.