# EXHIBIT 28

Highly Confidential - Subject to Further Confidentiality Review

```
  1                UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF OHIO
  2                      EASTERN DIVISION
  3    IN RE: NATIONAL              )   MDL No. 2804
       PRESCRIPTION OPIATE          )
  4    LITIGATION                   )   Case No.
                                    )   1:17-MD-2804
  5                                 )
       THIS DOCUMENT RELATES TO     )   Hon. Dan A.
  6    ALL CASES                    )   Polster
                                    )
  7
  8
  9                      —  —  —
 10              Monday, May 13, 2019
                         —  —  —
 11
          HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
 12              CONFIDENTIALITY REVIEW
                         —  —  —
 13
 14
 15
 16        Videotaped Deposition of JAMES E.
       RAFALSKI, held at Weitz & Luxenburg PC, 3011
 17    West Grand Avenue, Suite 2150, Detroit,
       Michigan, commencing at 9:20 a.m., on the
 18    above date, before Michael E. Miller, Fellow
       of the Academy of Professional Reporters,
 19    Registered Diplomate Reporter, Certified
       Realtime Reporter and Notary Public.
 20
 21
 22
                         —  —  —
 23
               GOLKOW LITIGATION SERVICES
 24        877.370.3377 ph | fax 917.591.5672
                   deps@golkow.com
 25
```

Highly Confidential - Subject to Further Confidentiality Review

1  There is no more effective control to prevent
2  diversion than blocking a suspicious order
3  before it is shipped.
4              Did I read that correctly?
5      A.     You did, sir.
6      Q.     And that's because a blocked
7  order of opioids remains safely in the vault
8  of the distributor's warehouse, correct?
9      A.     I guess you could make that
10 assumption.  It doesn't leave the control of
11 the distributor and have the potential to be
12 diverted, so I think that's probably the same
13 statement, yes, sir.
14     Q.     You'd agree that reporting the
15 blocked order to DEA in a suspicious order
16 report does not prevent the blocked order
17 from being diverted, correct?
18     A.     Well, that hypothetical
19 wouldn't occur because if you block an order
20 and report it, that doesn't -- unless you're
21 saying that that causes a distribution, and
22 if that causes the distribution without the
23 effective due diligence, then no, that would
24 not be true.
25             I would say that it would

Highly Confidential - Subject to Further Confidentiality Review

```
1    McKesson decided not to ship any more
2    controlled substances, that would -- you
3    know, there would be no diversion, so it's
4    just a hypothetical that --
5    BY MR. EPPICH:
6         Q.    Yes, and you're an expert in
7    this case, sir.
8         A.    I don't have an opinion.
9         Q.    So hypothetically, if there is
10   a suspicious order monitoring program --
11        A.    Okay.
12        Q.    -- that reports a suspicious
13   order -- or excuse me, that does not block --
14   let me strike that.
15              If there is a suspicious order
16   monitoring program that does not report
17   suspicious orders but blocks suspicious
18   orders, that program can be effective in
19   preventing diversion?
20        A.    So the mere act of doing that
21   is in violation of the regulation, but the
22   outcome of blocking the order would obviously
23   keep it from being distributed and it would
24   not lead to diversion.
25        Q.    Blocking the order of the
```