# EXHIBIT 3

Egilman

DISTRICT COURT, JEFFERSON COUNTY,
COLORADO
100 Jefferson County Parkway
Golden, CO 80401-6002

Δ COURT USE ONLY Δ

Case Number: 96-CV-2532

| Plaintiff(s): | MICHAEL D. BALLINGER, et al., | Div.: 5 | Ctrm: |
|---|---|---|---|
| v. | | | |
| Defendant(s): | BRUSH WELLMAN INC., an Ohio corporation. | | |

## FINDINGS, CONCLUSIONS, AND ORDERS CONCERNING SANCTIONS

After considering the submitted evidence and the oral argument of the parties at the hearing held June 18, 2001, the Court makes the following specific findings and enters the following Order:

The Court finds that Dr. Egilman knowingly, deliberately, intentionally and willfully violated the Court's 5/30/01 Order Prohibiting Certain Extrajudicial Statements. While there is always room for legitimate disagreement between opposing expert witnesses, the scurrilous and inflammatory statements posted by Dr. Egilman on his web site go so far beyond the bounds of legitimate disagreement as to cast great doubt on his legitimacy and integrity as a witness. It is clear to the Court that Dr. Egilman's testimony was motivated by his personal agenda and by his

animosity, bias, prejudice, hostility and vindictiveness against defendant and defendant's law firm. Dr. Egilman is not a credible witness.

The Court finds that Dr. Egilman's hostile, inflammatory and intemperate statements and attitude were well known to plaintiffs' lead counsel ("plaintiffs' counsel") before this trial began. Plaintiffs' counsel nonetheless persisted in trying to justify Dr. Egilman's grossly inappropriate behavior, and elected to call Dr. Egilman as a witness at trial when it must have been obvious to them that he was neither objective nor reliable. Not only has Dr. Egilman been "playing games" but, to a lesser extent, so has plaintiffs' counsel. By calling Dr. Egilman as a witness at trial when plaintiffs' counsel knew he was out of control, said counsel placed in jeopardy the integrity of this entire trial.

The Court rejects the position of plaintiffs' counsel that counsel believed in good faith that the statements on Dr. Egilman's web site did not violate this Court's order. The Court has made it very clear in entering its 5/30/01 Order that it considered Dr. Egilman's vituperative web site statements to be grossly inappropriate and to place at risk the fairness of the trial. The e-mail communications from plaintiffs' counsel to Dr. Egilman cannot reasonably be given any innocent connotation. The Court finds that these communications indicate that plaintiffs' counsel was to some degree complicit with Dr. Egilman in his flagrant violations of this Court's order.

It is therefore ORDERED that:

1. The testimony of Dr. Egilman is stricken.

2. The jury is instructed to disregard Dr. Egilman's testimony in its entirety.

3. Dr. Egilman shall not be permitted to testify with regard to the claims of any other plaintiff in this case, or in any other case which may later come before this Court.

DATED this 22 day of June, 2001.

_____
Frank Plaut
District Court Judge

| | | |
|---|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002 | | ▲ COURT USE ONLY ▲ |
| Plaintiff(s): | MICHAEL D. BALLINGER, et al., | Case Number: 96-CV-2532 |
| v.<br>Defendant(s): | BRUSH WELLMAN INC., an Ohio corporation. | Div.: 5    Ctrm: |

| | |
|---|---|
| Name: | Thomas E. Downey, Jr., # 9686<br>Kate Knickrehm |
| Address: | DOWNEY & KNICKREHM, P.C.<br>1700 Lincoln Street<br>Suite 3601<br>Denver, CO 80203 |
| Phone Number: | 303-813-1111 |
| Fax Number: | 303-813-1122 |
| E-mail:<br>  and | tdowney@downknick.com |
| | Sydney Bosworth McDole<br>Roy T. Atwood<br>Jeffrey J. Joyce |
| Address: | JONES, DAY, REAVIS & POGUE<br>P.O. Box 660623<br>Dallas, TX 75266-0623 |
| Phone Number: | 214-220-3939 |
| Fax Number: | 214-969-5100 |
| E-mail: | sbmcdole@jonesday.com<br>royatwood@jonesday.com<br>jjjoyce@jonesday.com |

### ORDER PROHIBITING CERTAIN EXTRAJUDICIAL STATEMENTS

During the May 22, 2001 pretrial hearing in this matter, the Court reviewed certain information concerning issues, witnesses and counsel in this case that has appeared on an Internet website maintained by one of the parties' designated experts. The Court finds that some of the remarks on the website are intemperate and relate to subjects that this Court has ruled, *in*

DL: 1177033v2

*limine*, are inadmissible at trial. The Court takes judicial notice of the widespread availability of the Internet and is concerned about access by jurors to information concerning this action over the Internet. The Court finds that if such information were accessed by jurors or potential jurors in this action during trial, the information would likely jeopardize the parties' right to a fair trial.

The Court is further aware that the subject matter of this case has been the focus of a television program that was broadcast nationally. The Court is also aware that members of the media have expressed an interest in this case and have reviewed the file. The Court therefore finds that media coverage of the trial of this action is likely, and that such media coverage is likely to be accessible to jurors or potential jurors. The parties' right to a fair trial would be undermined if participants in the trial were permitted to reach the jury through the media or the Internet.

The Court finds that there is a reasonable likelihood that information relating to the trial in the media and over the Internet will prejudice the parties' right to a fair trial and that it is therefore necessary to enter an Order prohibiting the participants in the trial of this case from disseminating information related to the case or from broadcasting such information on websites. The Court has considered possible alternative methods to protect the parties' interests in a fair trial and finds that there are no less restrictive means reasonably available to the Court than those set forth in this Order.

It is therefore ORDERED that:

1. The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from making extrajudicial statements concerning this case that reasonably can be expected to be publicly disseminated by the media and that have a substantial likelihood of materially prejudicing the parties' right to a fair trial.

2. The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from publishing any statements on Internet websites over which they have control concerning the trial proceedings, concerning any opposing party or any opposing party's counsel, or concerning any witnesses or evidence in the case.

3. The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from making any extrajudicial statements on matters that have been excluded *in limine* or at trial on Internet websites over which they have control or that reasonably can be expected to be publicly disseminated by the media and that have a substantial likelihood of materially prejudicing the parties' right to a fair trial.

This Order shall remain in effect for the period beginning June 1, 2001, when the panel of potential jurors is scheduled to appear, and ending after receipt by the Court of the jury's final verdict in this action.

DATED this 30 day of May, 2001.

_____
JUDGE PRESIDING