# EXHIBIT 6

```
 1            THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3                       - - -
 4    IN RE:  NATIONAL      :
      PRESCRIPTION OPIATE  :    MDL NO. 2804
 5    LITIGATION           :
      ------------------------------------------
 6                         :    CASE NO.
      THIS DOCUMENT        :    1:17-MD-2804
 7    RELATES TO ALL CASES:    Hon. Dan A. Polster
 8                       - - -
 9              Thursday, April 25, 2019
10                       - - -
11       HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12                CONFIDENTIALITY REVIEW
13                       - - -
14        Videotaped deposition of DAVID A.
15   KESSLER, M.D. (Day 1), taken pursuant to
16   notice, was held at Baron & Budd, 600 New
17   Hampshire Avenue NW, Floor G, Washington, DC
18   20037, beginning at 9:28 a.m., on the above
19   date, before Lisa V. Feissner, RDR, CRR, Notary
20   Public.
21
22                       - - -
23            GOLKOW LITIGATION SERVICES
          877.370.3377 ph | 917.591.5672 fax
24                deps@golkow.com
```

```
 1   instructions that say that that had to be in.
 2   I mean, I don't want to -- let me just finish
 3   if I may.
 4              I don't know -- we could have a
 5   discussion and try to figure out if one just
 6   said these were addictive products, right, and
 7   the risk of addiction -- I don't know whether
 8   FDA -- I'd have to go back and think about it,
 9   whether that would be sufficient.
10        Q.   Do you remember what the product
11   said about addiction at the time of initial
12   approval?
13        A.   Which product are you talking
14   about?
15        Q.   Well, any -- any product.  Let's
16   start with OxyContin.
17        A.   Well, it certainly had a -- the
18   Schedule II statement.  This was similar to
19   morphine, right?
20        Q.   Do you remember what else it said
21   about addiction?
22        A.   There were statements on iatrogenic
23   addiction, I believe, in the label, and there
24   was a statement that was a "reason to believe"
```

1  statement in the label.
2       Q.   Just so I'm clear, are you
3  testifying that having language about tolerance
4  and dependence in the label was somehow a bad
5  or misleading thing?
6            MR. RAFFERTY:  Object to the form.
7       A.   I'm not -- I'm saying that to the
8  extent that one can talk about -- to the -- to
9  the extent that one talks and trumpets
10 dependence and tolerance as distinct from
11 addiction and don't -- you can go to higher
12 doses because this is just tolerance or
13 dependence and this is not addiction, I think
14 was very dangerous.
15      Q.   Do you know of any scientific
16 textbook that refuses to draw any distinctions
17 between tolerance, dependence, and addiction?
18      A.   Complete distinctions?  Yes.  I
19 think there's significant writing that talks
20 about -- there may be definitions over time
21 that tries to make distinctions, but there's
22 also considerable literature about overlap
23 between those and how dependence --
24           I mean, in the end of the day,

```
 1                C E R T I F I C A T E
 2
 3           I, Lisa V. Feissner, RDR, CRR, CLR,
 4   Notary Public, certify that the foregoing is a
 5   true and accurate transcript of the deposition
 6   of said witness, who was first duly sworn by me
 7   on the date and place hereinbefore set forth.
 8
 9           I further certify that I am neither
10   attorney nor counsel for, nor related to or
11   employed by, any of the parties to the action
12   in which this deposition was taken, and
13   further, that I am not a relative or employee
14   of any attorney or counsel employed in this
15   action, nor am I financially interested in this
16   case.
17
18           [signature: Lisa V. Feissner]
19           Lisa V. Feissner, RDR, CRR, CLR
             Notary Public
20           Dated: APRIL 29, 2019
21
22           (The foregoing certification of this
     transcript does not apply to any reproduction
23   of the same by any means, unless under the
     direct control and/or supervision of the
24   certifying reporter.)
```

```
 1            THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3                        - - -
 4    IN RE:  NATIONAL      :
      PRESCRIPTION OPIATE   :   MDL NO. 2804
 5    LITIGATION            :
      ---------------------------------------------
 6                          :    CASE NO.
      THIS DOCUMENT         :    1:17-MD-2804
 7    RELATES TO ALL CASES: Hon. Dan A. Polster
 8                        - - -
 9               Friday, April 26, 2019
10                        - - -
11      HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12               CONFIDENTIALITY REVIEW
13                        - - -
14       Videotaped deposition of DAVID A.
15   KESSLER, M.D. (Day 2), taken pursuant to
16   notice, was held at Baron & Budd, 600 New
17   Hampshire Avenue NW, Floor G, Washington, DC
18   20037, beginning at 8:07 a.m., on the above
19   date, before Lisa V. Feissner, RDR, CRR, Notary
20   Public.
21
22                        - - -
23             GOLKOW LITIGATION SERVICES
          877.370.3377 ph | 917.591.5672 fax
24                  deps@golkow.com
```

1      A.   So I think the practice of
2  medicine -- you go back, you know; you look at
3  how opioids were used.  Back in 1990s, chronic
4  opioids -- I mean, extended-release opioids
5  were not recommended.
6           1980, that drug of choice book that
7  I showed yesterday, if you look at, for
8  example, this picture, you know, is very
9  different than this picture.
10          And what you see is this sense
11 of -- this perception without data that there
12 would be improved functionality, that this can
13 be used in a broad range of indications such as
14 back pain, in osteoarthritis, I don't think
15 would have ever happened -- I'm sorry -- that
16 would not happen to the extent it would happen
17 but for -- but for marketing.
18      Q.   Do you think anything other than
19 manufacturers' misleading promotion and
20 marketing of their opioid products contributed
21 to the increase in opioid prescriptions during
22 the time period you're talking about?
23           MR. RAFFERTY:  Object to the form.
24      A.   I think that the -- if you're

1 asking me about the increase in prescriptions,
2 I think it was the misleading promotion of
3 manufacturers that contributed to the increase
4 of promotion [sic].
5     Your company specifically had
6 probably the most extensive and most
7 sophisticated system that I've seen on
8 measuring return on investment, measuring
9 return on investment on coupons, on detailing,
10 in Ohio, in Akron, in Cleveland East, in
11 Cleveland West, right.
12     Q.  Okay.  I --
13     A.  So there was no --
14     Q.  I understand --
15     MR. RAFFERTY:  Hang on.  He can
16 finish his question.
17     Q.  I have limited time, and you're
18 jumping --
19     A.  Sure.  I'm sorry.  I'm sorry.  I
20 apologize.
21     Q.  You're going astray.
22     MR. RAFFERTY:  You asked --
23     Q.  I'm sorry, but you are going
24 astray.

Highly Confidential - Subject to Further Confidentiality Review

```
 1                C E R T I F I C A T E
 2

 3         I, Lisa V. Feissner, RDR, CRR, CLR,
 4   Notary Public, certify that the foregoing is a
 5   true and accurate transcript of the deposition
 6   of said witness, who was first duly sworn by me
 7   on the date and place hereinbefore set forth.
 8

 9         I further certify that I am neither
10   attorney nor counsel for, nor related to or
11   employed by, any of the parties to the action
12   in which this deposition was taken, and
13   further, that I am not a relative or employee
14   of any attorney or counsel employed in this
15   action, nor am I financially interested in this
16   case.
17

18         [signature: Lisa V. Feissner]
19         Lisa V. Feissner, RDR, CRR, CLR
             Notary Public
20         Dated: April 30, 2019
21

22         (The foregoing certification of this
     transcript does not apply to any reproduction
23   of the same by any means, unless under the
     direct control and/or supervision of the
24   certifying reporter.)
```

Golkow Litigation Services                                  Page 810