# EXHIBIT 8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090 | |

Report of David S. Egilman MD, MPH

March 25, 2019

# 5 CAPSULE OF OPINIONS

The "Venture" acted in concert to:

1. Undermine the risks of opioid addiction;
2. Expand the market for opioid use by:
    a. Expanding the indications for use;
    b. Increasing the amount of opioids approved for use; and
    c. Manipulating the doctors' perceptions of the relative risks, benefits and potency of opioids.
    d. Capitalizing on doctor's misperceptions of the relative risks, benefits and potency of opioids.
    e. Recommending that opioids be used for chronic non-malignant pain.
    f. Defining pain as a disease, and not a symptom;
3. Target inappropriate prescribers, including:
    a. Those prescribers who were not knowledgeable in the use of potent opioids for the management of chronic non-malignant pain.
    b. Those prescribers who were likely sources of abuse and diversion;
4. Circumvent prescribing physicians by marketing directly to consumers as well as health care professionals, formularies, medical and nursing schools and state medical boards to promote increased use of opioids;
5. Overstate the efficacy and appropriateness of opioid analgesics in the treatment of chronic non-malignant pain and fail to warn of the risk of hyperalgesia;
6. Create and establish the myths around dosing, including but not limited to,
    a. Dose frequency is fixed;
    b. Titration should only be upward;
    c. There is no ceiling dose;
    d. The half-life elimination is the same for every human being on Earth;
7. Strategically utilize third parties, including but not limited, to front groups, key opinion leaders, advocacy groups, unbranded promotion, professional societies, trade groups, company-sponsored non-drug specific promotion, and continuing education programs, to create the conditions necessary.

See below, **Point 6**, and **Exhibits** hereto attached, including **Exhibits B.7, B.18, B.68, B.337, B.369, and B.404.**

# 12 SIGNATURE

RESERVATION OF RIGHTS

This report is a statement of opinions I expect to express in this matter and the basis and reasons for those opinions. This report summarizes only my current opinions and analyses to date, which are subject to change depending upon ongoing discovery and additional information. I respectfully reserve the right to supplement my report in light of this and any other additional fact discovery, opinions by other experts, and/or trial testimony. I also respectfully reserve the right to provide rebuttal opinions and testimony in response to other experts, and rebuttal testimony in response to any fact witnesses. In connection with my anticipated trial testimony in this action, I may use as exhibits various documents produced in this litigation that refer to or relate to the matters discussed in this report. In addition, i respectfully reserve the right to use animations, demonstratives, enlargements of actual attachments, and other information in order to convey my opinions.

I understand that i may be asked to provide further opinions and analyses on other issues, including in response to analyses provided by other experts. I will do so at the appropriate time set by the court.

Executed on this 25th day of March, 2019, in Attelboro, MA.

*[signature: David Egilman MD, MPH]*

Report of David S. Egilman, MD, MPH

March 25, 2019 in Opiate MDL Litigation (MDL 2804)