# EXHIBIT 10

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| Case No. 17-OP-45004 (N.D. Ohio) | |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | |
| Plaintiffs, | **PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND STATE OF OHIO EX REL, PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S AMENDED RESPONSES TO THE MANUFACTURER DEFENDANTS' AND NATIONAL RETAIL PHARAMCY DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHOMCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC., WATSON LABORATORIES, INC., ACTAVIS, LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON CORPORATION, AMERISOURCEBERGEN CORPORATION, CVS HEALTH CORPORATION, THE KROGER CO., RITEAID OF MARYLAND, | |

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

addition, Exhibit B identifies certain individuals in the bellwether jurisdictions who died from overdoses as a result of the use of prescription opioids.

Bellwether Plaintiffs contend that each prescription in Exhibit A was the result of Manufacturer Defendants' deceptive marketing.  Based upon a review of relevant call notes, bellwether Plaintiffs contend that Manufacturer Defendants systematically omitted or misrepresented the risk of addiction, failed to accurately disclose the risk of addiction, provided false assurance that addiction is rare among patients taking opioids for pain and/or can be identified or managed, and failed to disclose that the risk of addiction increased with longer duration of opioid use or at higher doses, including, upon information and belief, to each of these prescribers.  In addition to sales representatives' visits to prescribers, Manufacturer Defendants communicated this misinformation through written publications, websites, and programs that were available to or disseminated in the jurisdictions.

Exhibit A includes individuals who were prescribed abuse-deterrent formulations of reformulated OxyContin, Hysingla ER, Opana ER, Exalgo, and Xartemis XR, all products for which bellwether Plaintiffs contend that Manufacturer Defendants systematically misrepresented to prescribers that these products were actually abuse-deterrent, when they were not approved as abuse-deterrent and did not actually deter abuse, misrepresented that these products could not be tampered with or reduced abuse, and/or failed to disclose that abuse-deterrent formulations had no impact on oral abuse, the primary means of abusing opioids.

The prescriptions for Actiq, Fentora, and Subsys included in Exhibit A were prescribed to individuals who did not have a recent diagnosis of cancer.  Bellwether Plaintiffs contend that Defendants Teva and Insys pervasively and unlawfully marketed Actiq, Fentora, and Subsys for off-label use for chronic pain, and to doctors who did not regularly treat cancer pain, even though the drugs were approved only for breakthrough cancer pain for opioid-experienced patients.  Teva and Insys failed to disclose that Actiq, Fentora, and Subsys were not approved or appropriate for chronic pain, or were not to be used by opioid-naïve patients.

Where bellwether Plaintiffs have not provided information, such as prescription information for individuals listed in Exhibit B, Plaintiffs do not presently have or have access to this information.  To the extent that such information becomes available to bellwether Plaintiffs, Plaintiffs will supplement this response.  Bellwether Plaintiffs are working to resolve privacy issues with respect to disclosing diagnosis codes that may reveal substance abuse treatment received from federally funded facilities.  We will supplement the production with diagnosis codes, where permitted, by November 9, 2018.

### Manufacturer Interrogatory No. 10

Identify and describe 500 prescriptions of opioid(s) that Plaintiff contends were unauthorized, medically unnecessary, ineffective, or harmful.  Include in the response as to each such prescription the healthcare provider; the patient; the date of prescription; which opioid or opioids were prescribed; the basis for your assertion that the prescription was unauthorized, medically unnecessary, ineffective or harmful; and whether, by whom, and for how much the

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

prescription was approved for reimbursement.  Your response must include at least 10 prescriptions for an opioid sold by each manufacturing defendant.

### ANSWER

Subject to the objections and limitations described above, bellwether Plaintiffs provide the prescriptions and additional information identified in Exhibit A.  Bellwether Plaintiffs contend that each prescription identified in Exhibit A was unauthorized, medically unnecessary, ineffective or harmful.  The basis for assertion that these prescriptions were medically unnecessary is that the health care providers listed below and in Exhibit A were prosecuted or the subject of disciplinary actions for their illegal or improper prescribing of opioids, for example, without examining patients or determining whether they had conditions or diagnoses appropriately treated with opioids, or prescribed dangerously high doses of opioids.  Those prosecuted or disciplined doctors, to Plaintiffs' knowledge, include:

James Bressi

Maged Fouad

Adolph Harper

Brian Heim

Juan Hernandez

Tony Lababidi

Lorenzo Lalli

Frank Lazzerini

John Nickels

Jerome Yokiel

Bellwether Plaintiffs further contend that prescriptions of reformulated OxyContin, Hysingla ER, Opana ER, Exalgo, and Xartemis XR listed in Exhibit A were ineffective in that they did not prevent tampering, were not actually abuse-deterrent, and did not prevent oral abuse, despite their Manufacturers' representations to the contrary.

Bellwether Plaintiffs further contend that, by misrepresenting the risks, benefits, and superiority of opioids, particularly for use long-term and at high doses, including, but not limited to, through sales visits, continuing medical education and speaker programs, publications and websites, and treatment guidelines, Manufacturer Defendants deprived prescribers and patients of the ability to make informed choices about whether, when, and which opioids to prescribe and use, for how long, and at what doses.  Though Defendants do not define "unauthorized" "medically unnecessary," or "harmful," bellwether Plaintiffs contend that Defendants' misstatements regarding the benefits and very significant risks of opioids, and redefinition of the standard of care to include opioids, rendered the prescriptions unauthorized, unnecessary, and harmful in that they were prescribed and taken without full and accurate information.

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

Dated:  November 2, 2018

Respectfully submitted,

Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com

Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450
lspellacy@tddlaw.com

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
**ATTORNEYS' EYES ONLY**

**CONFIDENTIAL PROTECTED HEALTH INFORMATION
ATTORNEYS' EYES ONLY**

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph L. Ciaccio, certify that on November 2, 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order in this case (Dkt. No. 232).

*/s/ Joseph L. Ciaccio*