# EXHIBIT 2

**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

*From the desk of*
Sarah S. Burns
Attorney at Law

February 14, 2019

VIA EMAIL

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113-1837
david@specialmaster.law

Dear Special Master Cohen:

     This letter responds to Mr. Cheffo's February 6, 2019 letter concerning production of settlement agreements with Dr. Perry Fine, Dr. Scott Fishman and Dr. Lynn Webster. As noted below, these key opinion leaders are differently situated than Dr. Portenoy because Plaintiffs have not obtained and do not intend to obtain written statements from any of them in CT1.[1] Similarly, unlike Dr. Portenoy, no depositions of these three doctors have been scheduled in the MDL. Thus, the document production Mr. Cheffo seeks is unnecessary and inappropriate as there is no statement or testimony that Defendants would seek to impeach.[2]

**I.      Production Details**

     On January 29, 2019, Plaintiffs produced to Defendants settlement agreements with Drs. Perry Fine, Scott Fishman and Lynn Webster. The following day, Plaintiffs produced proffer agreements with Drs. Fine, Fishman and Webster, as well as a Subpoena Compliance Agreement" entered into between PEC member Lanier Law Firm and Drs. Jeffrey Gudin, Michael Brennan, and Srinivas Nalamachu. Plaintiffs also produced a 2014 letter to counsel for Dr. Fishman written during the investigation conducted by the City of Chicago.

     We recognize that production of those agreements followed Defendants' inquiry. At the time, Plaintiffs were in the process of collecting the executed agreements for production.

---

[1] Plaintiffs may not seek testimony or statements from these doctors in other cases, but reserve the right to do so.

[2] Defendants mischaracterize your comments regarding the declarations of former employees. Plaintiffs will be addressing that topic in a separate letter, but note that you did not issue a ruling on that matter, as reflected in the transcript.

*We stand for our clients.*

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |



Additionally, counsel with primary responsibility for communications with these three doctors was in depositions all week.  Plaintiffs did not try to hide these documents.  Rather, given the timing (at the end of the CT1 discovery period), production was delayed solely due to counsel's availability (or lack thereof).

## II.     The Extent of Plaintiffs' "Discovery" of Physicians

In distilling Mr. Cheffo's February 6, 2019 with respect to Drs. Fine, Fishman and Webster, Defendants' primary complaint is that Plaintiffs have "secretly weaponized" these doctors against Defendants. This is not the case. In contrast to Dr. Portenoy, these three deponents are not witnesses in the CT1 Bellwether cases.[3]

1.  **Neither Drs. Fine, Fishman nor Webster have drafted, provided, or intend to provide a sworn written proffer, statement, affidavit or declaration for the Track 1 of the MDL.** Moreover, Plaintiffs do not intend to rely on Drs. Fine, Fishman nor Webster at trial.
2.  **Plaintiffs have not noticed, nor do Plaintiffs intend to notice Drs. Fine, Fishman or Webster for deposition in Track 1 of the MDL.** While Drs. Fine, Fishman, and Webster are each being deposed by Purdue and other Defendants in the Oklahoma AG action, there have been no depositions noticed in the MDL.
3.  **Each Physician sat for a Single Proffer**. By agreement, Plaintiffs sat for 4-hour proffers with each of the three physicians in May 2018. In follow-up to the proffer, Dr. Fishman provided further details in writing regarding payments from and relationships with Defendants.  Plaintiffs are producing these documents.
4.  **Plaintiffs have Received Limited Documents from Drs. Fishman and Webster.** At the time this dispute was raised, Plaintiffs had received no additional documents from Drs. Fishman and Webster.  Documents produced to Defendants in the Oklahoma Attorney General's litigation, which Defendants received, were only recently produced to Plaintiffs by counsel to Drs. Fishman and Webster, and not by Defendants – <u>even though they were responsive to Plaintiffs' documents requests to Defendants</u>.  Nonetheless, Plaintiffs will produce these documents in the MDL.

## III.     Production of Communications with the Physicians Would Serve No Purpose

As with Dr. Portenoy, Defendants request that Plaintiffs be "immediately" ordered to produce, *inter alia*, "[d]ocuments and communications exchanged between Plaintiffs or their counsel and any third party, former employee of Defendants or their counsel, or any current,

---

[3] In throwing stones, Mr. Cheffo fails to acknowledge Defendants' own willful blindness to docket entries around the country, Defendants were aware of and have been aware of multitudes of dismissals of the physician defendants for many months. Plaintiffs collectively filed hundreds of dismissals in courts across the country, providing notice of the dismissals to all counsel of record, including counsel for Defendants.



former, or potential Defendant in this litigation or their counsel relating to the provision of a declaration, or negotiation and execution of any settlement, proffer, consulting, cooperation, or other type of agreement." Defendants also request a privilege log and renew their request for drafts of any declarations or agreements exchanged between Plaintiffs and the Physician Defendants.

Unlike Dr. Portenoy, these doctors have not provided, and will not provide statements to Plaintiffs in CT1, and Plaintiffs do not intend to notice their depositions or call them as witnesses at trial. There are no declarations to produce, draft or otherwise, and draft settlement agreements are squarely protected by the settlement and work product privileges. *See Innovation Ventures, LLC v. Aspen Fitness Prods., Inc.*, 2014 WL 2763645, at *3 (E.D. Mich. June 18, 2014).

Thus, Defendants have not suffered any prejudice from the late disclosure of these settlement agreements. Defendants' requests have the effect of suppressing legitimate settlement discussions. To set the precedent that communications in the spirit and furtherance of resolution be ultimately discoverable to litigating peers will serve as one more impediment to settlement progress in this action.

We remain available to meet and confer on these issues at your convenience.

Kind regards,

Sarah S. Burns