# EXHIBIT 40

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF OHIO
 2                       EASTERN DIVISION
                             - - -
 3

    IN RE: NATIONAL                : HON. DAN A.
 4  PRESCRIPTION OPIATE            : POLSTER
    LITIGATION                     :
 5                                 :
    APPLIES TO ALL CASES           : NO.
 6                                 : 1:17-MD-2804
 7                  - HIGHLY CONFIDENTIAL -
          SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
 8                           - - -
                       JANUARY 22, 2019
 9                           - - -
10              Videotaped sworn deposition of
11         BRIAN LORTIE, taken pursuant to notice,
12         was held at McCARTER & ENGLISH, LLP,
13         1600 Market Street, Suite 3900,
14         Philadelphia, Pennsylvania, beginning at
15         9:06 a.m., on the above date, before
16         Margaret M. Reihl, a Registered
17         Professional Reporter, Certified
18         Shorthand Reporter, Certified Realtime
19         Reporter, and Notary Public.
20
                             - - -

21
                 GOLKOW LITIGATION SERVICES
22         877.370.3377 ph | 917.591.5672 fax
                      deps@golkow.com
23
24
```

1    39, I wanted to understand the specifics of how
2    that group was organized, what were the
3    objectives of the group, who were the members to
4    the extent -- sorry, let me rephrase that.
5              To what extent was it formal or
6    informal, some of the history. I was familiar
7    with the concept of the Pain Care Forum, but in
8    order to prepare adequately, I wanted to get
9    some specifics from him.
10       Q.   And what did he provide? What
11   did he tell you about the specifics you asked
12   about?
13       A.   He reminded me that this was an
14   informal gathering of a number of stakeholders
15   in the -- that would be interested in the world
16   of pain medicine, policy, legislation,
17   manufacturers, patient representatives, et
18   cetera.
19              And, importantly, he reminded me
20   that it was informal, the agenda was open.
21   There were no positions taken by the Pain Care
22   Forum, et cetera. I wanted clarity on
23   specifically some of those topics, so he was
24   able to remind me of what they did.

```
 1          Q.     In terms of the -- you said it
 2   was a forum for a number of stakeholders you
 3   said including manufacturers.
 4                 Do you know what other
 5   manufacturers other than Endo of opioid products
 6   were part of that forum?
 7                 MR. LIMBACHER:  Jen, just so
 8          we're clear, I assume these questions
 9          are questions he is being asked in his
10          capacity as a 30(b)(6) witness?
11                 MS. SCULLION:  That's fine.
12                 THE WITNESS:  So your question
13          again, please.
14   BY MS. SCULLION:
15          Q.     Sure.  Do you know which other
16   manufacturers other than Endo of opioid products
17   were members of the Pain Care Forum?
18          A.     The way it was represented to me
19   is that the membership was evolving and dynamic.
20   People would participate in some of the
21   meetings, not participate in others; that
22   literally the agenda, as well as the
23   participation was open.  So he specifically
24   indicated that to the extent that some people
```

Highly Confidential - Subject to Further Confidentiality Review

1  would call in on a teleconference line, they
2  were not required to identify themselves, so
3  he -- the point he was making is this was an
4  open forum to anyone that may be on any number
5  of the various facets of the topic were invited
6  to listen in, call in.  So, you know, some
7  manufacturers were there routinely.  He
8  mentioned that Purdue was often represented,
9  and, in fact, that the -- but we didn't speak
10 about -- he didn't identify any other specific
11 industry attendees, because, again, that
12 attendance was something that was fluid.
13         Q.    And did you speak with Mr. Munroe
14 about the relationship between the Pain Care
15 Forum and the American Pain Foundation?
16         A.    Not specifically.
17               MS. SCULLION:  I apologize.
18         We're having a technical difficulty.
19         Off the record.
20               THE VIDEOGRAPHER:  Off the record
21         at 10:22.
22               (Brief recess.)
23               THE VIDEOGRAPHER:  We are back on
24         the record at 10:37 a.m.

Highly Confidential - Subject to Further Confidentiality Review

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF OHIO
 2                         EASTERN DIVISION
                              - - -
 3
     IN RE:  NATIONAL             :  HON. DAN A.
 4                                :  POLSTER
     PRESCRIPTION OPIATE          :
 5   LITIGATION                   :
                                  :
 6   APPLIES TO ALL CASES         :  NO.
                                  :  1:17-MD-2804
 7
                      - HIGHLY CONFIDENTIAL -
 8         SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
                              - - -
 9                       JANUARY 23, 2019
                              - - -
10                           VOLUME II
11           Videotaped sworn continued
12      deposition of BRIAN LORTIE, taken
13      pursuant to notice, was held at McCARTER
14      & ENGLISH, LLP, 1600 Market Street,
15      Suite 3900, Philadelphia, Pennsylvania,
16      beginning at 2:36 p.m., on the above
17      date, before Margaret M. Reihl, a
18      Registered Professional Reporter,
19      Certified Shorthand Reporter, Certified
20      Realtime Reporter, and Notary Public.
21
                              - - -
22
                 GOLKOW LITIGATION SERVICES
23          877.370.3377 ph | 917.591.5672 fax
                      deps@golkow.com
24
```

Golkow Litigation Services                                Page 421

```
 1                MR. LIMBACHER:  Object to form
 2          and foundation and object as falling
 3          outside the scope of the topics on which
 4          he's been designated.  Again, these
 5          questions fall squarely within topic
 6          number 36 of your deposition notice.
 7                THE WITNESS:  If it's okay, I'm
 8          just going to read a couple of pages
 9          here to orient myself.
10   BY MS. SCULLION:
11          Q.    I mean, the only question is do
12   you see that it says that the APF was founded in
13   1997 by three former presidents of the American
14   Pain Society?
15          A.    Yeah, just a second, if I could,
16   I just want to kind of ground myself, since this
17   was not a communication that --
18          Q.    I'll tell you, it's the only
19   question I have about this page.
20          A.    Sure, but it's just important
21   that I get what is being communicated here.
22                MR. LIMBACHER:  Take your time
23          and review the document.
24   BY MS. SCULLION:
```

Highly Confidential - Subject to Further Confidentiality Review

```
1            Q.      I'll withdraw the question.
2                    Now, is it your contention, is it
3    Endo's contention that Endo did not collaborate
4    with any other manufacturers of opioids such as
5    Purdue Pharma through the APF?
6                    MR. LIMBACHER:  Object to form,
7            foundation and to the extent it falls
8            outside the scope of the topics on which
9            he's been designated.
10                   THE WITNESS:  I believe the
11           question I answered originally was
12           regards to three specific topics, sales,
13           marketing and distribution, and the
14           answer to that is, no, Endo did not
15           collaborate with any other manufacturers
16           on those topics.
17   BY MS. SCULLION:
18           Q.      How about with respect to the use
19   of opioids, did it collaborate with other
20   manufacturers with respect to the use of
21   opioids?
22                   MR. LIMBACHER:  Same objections.
23                   THE WITNESS:  I'm not sure I
24           really understand the question.
```

```
 1    BY MS. SCULLION:
 2         Q.    For example, with respect to
 3    medical guidelines for the use of opioids, did
 4    Endo collaborate with other manufacturers on
 5    that issue?
 6              MR. LIMBACHER:  Same objections.
 7              THE WITNESS:  I don't -- I'm not
 8         aware specifically because that didn't
 9         fall squarely in my responsibility.  To
10         the extent to which Endo collaborated
11         with any other manufacturer on a broad
12         topic, as you just mentioned,
13         guidelines, et cetera.
14              MS. SCULLION:  So, counsel, is
15         Mr. Lortie here to testify on topic 39
16         with respect to collaboration among Endo
17         and any other pharmaceutical
18         manufacturers concerning use of opioid
19         products?
20              MR. LIMBACHER:  He's here to
21         testify with regard to topic 39 as it
22         reads in your deposition notice and in
23         the context of the other topics which
24         you have set forth in your deposition
```

```
 1   representative, can you tell me about Endo's
 2   participation in the American Pain Society
 3   guideline project?
 4              MR. LIMBACHER:  Object to form
 5        and foundation and object as falling
 6        outside the scope of the topics on which
 7        he's been designated.
 8              THE WITNESS:  Specifically, I
 9        cannot, but, again, I'd be happy to
10        review something to see if I have
11        information that would be helpful.
12   BY MS. SCULLION:
13        Q.    You've not been prepared on that
14   topic, correct?
15              MR. LIMBACHER:  That's because
16        he's not designated on that topic,
17        counsel.  The American Pain Society is
18        specifically referenced in topic 36 of
19        your deposition notice.  It is not in
20        topic number 39, and I don't see the
21        words medical guidelines anywhere in
22        topic 39.
23              MS. SCULLION:  Counsel, as you
24        know, I've asked him the question with
```

```
 1          respect to use of opioids and it's
 2          squarely within topic 39.  I'm not going
 3          to have any of this colloquy come out of
 4          our time for a 30(b)(6) deposition.
 5                  MR. LIMBACHER:  You're the one
 6          who is choosing to question him on
 7          topics on which he has not been
 8          designated.
 9                  MS. SCULLION:  Counsel, we're not
10          doing this.  If you want to do this off
11          the record, I'm happy to do it.  I'm not
12          doing it on the record anymore.
13   BY MS. SCULLION:
14          Q.      Do you know as Endo's corporate
15   representative whether Endo co-sponsored, along
16   with other manufacturers of opioids, prescribing
17   guides for opioids?
18          A.      I'm not aware of such a thing,
19   no.
20          Q.      Not prepared to speak to that,
21   correct?
22          A.      I'm not aware of that having
23   happened.
24                  MR. LIMBACHER:  Object to form
```

```
 1            identification as Endo-Lortie Deposition
 2            Exhibit No. 47.)
 3   BY MS. SCULLION:
 4       Q.    Mr. Lortie, let's put your
 5   corporate representative hat back on.
 6            And Endo did, in fact,
 7   collaborate with other manufacturers of opioids,
 8   including defendants in this action, through the
 9   PCF in opposing implementation of the CDC
10   guidelines, correct?
11            MR. LIMBACHER:  Object to form
12       and object to the extent it falls
13       outside of the scope of the topics on
14       which he's been designated.
15            THE WITNESS:  I don't believe
16       that to be the case, no.
17   BY MS. SCULLION:
18       Q.    Show you what's been marked as
19   Exhibit 47.
20            And Exhibit 47, for the record,
21   is Bates stamped ENDO-OPIOID_MDL-01563548.
22            Let me direct your attention to
23   the second to last page of Exhibit 47, which has
24   in the middle an e-mail from Wade Delk to Burt
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1    Rosen, subject matter, Brooks bill.
 2              Do you see that?
 3         A.   And just so I'm clear, this one
 4    is not intended to have a marking.
 5         Q.   Correct, it doesn't an E number
 6    at the top, that's right.
 7         A.   So you want me to look at the
 8    third page.
 9         Q.   Looking at the Wade Delk e-mail
10    to Burt Rosen, subject matter, Brooks bill?
11         A.   Yes, okay.
12         Q.   Do you see that?
13         A.   Yes, on February 12th.
14         Q.   2016?
15         A.   Yes.
16         Q.   And Mr. Rosen was an employee of
17    Purdue Pharma, correct?
18         A.   Well, his e-mail is pharma.com,
19    and I believe that is a Purdue e-mail, so yes.
20         Q.   And Mr. Delk, in writing to
21    Mr. Rosen, states "Burt, can you please send
22    this out to the PCF."
23              Do you see that?
24         A.   Yes.
```