UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Jefferson County, et al.* v. *Williams, et al.*, Case No. 1:19-op-45371 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**CERTAIN DEFENDANTS' OBJECTION TO THE REQUEST BY
JUDGE BURLISON TO SEVER AND REMAND CLAIMS OF
JEFFERSON COUNTY AND FRANKLIN COUNTY, MISSOURI**

The Honorable Rex M. Burlison—Presiding Judge of the 22nd Judicial Circuit of Missouri—has informally requested that the Court (1) sever the claims of Jefferson County and Franklin County from the suit filed by 20 Missouri counties and cities and then (2) remand them to his court.[1]  Defendants[2] object to this request because it would bypass procedure, conflict with orders entered by this Court to manage the MDL, and cause inefficiencies that the MDL was created to minimize.  And, in the end, remand would not even achieve the objective Judge Burlison seeks.  Accordingly, the claims of Jefferson County and Franklin County should remain in the MDL, together with the claims of the 18 other Missouri counties and cities in the *Jefferson County* case.[3]  The issue of whether to sever and remand those claims should not be addressed unless and until this Court lifts the moratorium on remand motions and a motion to remand is properly before this Court and ripe for decision.

---

[1] *See In re: National Prescription Opiate Litigation*, MDL No. 2804, Dkt. No. 1828-1.

[2] Defendants are CVS Pharmacy, Inc., Missouri CVS Pharmacy L.L.C., Caremark, L.L.C., Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C., AmerisourceBergen Drug Corporation, Cardinal Health, Inc., Express Scripts Holding Company, Express Scripts, Inc., McKesson Corporation, Target Corporation, UnitedHealth Group Incorporated, Optum, Inc., OptumRx, Inc., Walgreen Co. and Walmart Inc.

[3] *See Jefferson County v. Williams, et al.*, No. 1:19-op-45371-DAP (N.D. Ohio).

In further support of this objection, Defendants state as follows:

First, plaintiffs in the *Jefferson County* case have not moved for severance.  Accordingly, there is no motion presently before this Court seeking the outcome requested by Judge Burlison. While plaintiffs filed a motion to remand the entire *Jefferson County* case in the transferor court, that motion was not fully briefed prior to transfer.[4]  The Court should follow proper process, and decline to decide whether to sever and remand the claims of Jefferson County and Franklin County based on Judge Burlison's request.

Second, the Court put in place a moratorium on remand motions.  *See In re: National Prescription Opiate Litigation*, MDL No. 2804, Dkt. No. 1822 (July 9, 2019).  Recently, the Court declined to lift the moratorium in order to address certain plaintiffs' remand motions.  *Id.* ("[T]he Track One trial is scheduled to begin in mid-October 2019, the Court and Special Masters are ramping up settlement efforts, and the Court and its research and writing team are simultaneously reviewing and addressing 40 Daubert and summary judgment motions.  In order to conserve judicial resources and manage its MDL docket efficiently, the Court exercises its inherent authority along with the authority granted by the JPML and the Federal Rules of Civil Procedure not to address Objecting Plaintiffs' remand motions at this time.").  Consistent application of the moratorium is important to the efficient management of the MDL.  This is no less true when the request for an exception comes not from a party, but from a judge.  Indeed, if the Court were to lift the moratorium for the limited purpose of addressing the request for severance and remand from Judge Burlison, it would encourage other state court judges to make

---

[4] Once transferred to the MDL, defendants could not oppose remand due to the moratorium on filings put in place by the Court.  In any event, plaintiffs' motion to remand was not properly filed with the transferor court.  A stay was in place at the time of filing, and although plaintiffs filed a motion to lift the stay for the limited purpose of allowing plaintiffs to file their motion to remand, the motion was never granted.

similar requests and would undermine the purpose of the moratorium—to help the Court conserve judicial resources and manage its MDL docket efficiently.

Third, the City of St. Louis and St. Louis County have entirely separate suits pending in the MDL.  The City of St. Louis and St. Louis County filed their suits in federal court in the first instance, and the JPML transferred them here without objection.  *See City of St. Louis v. Purdue Pharma L.P.*, No. 1:18-op-46267-DAP (N.D. Ohio) (filed Nov. 5, 2018); *St. Louis County v. Purdue Pharma L.P.*, No. 1:17-op-45083-DAP (N.D. Ohio) (filed Nov. 10, 2017).  While Judge Burlison asserts that severance and remand of the Jefferson County and Franklin County claims "would allow a regional approach to litigate the interest of the metropolitan St. Louis area," his request will not accomplish that, since the claims of the City of St. Louis and St. Louis County will remain in the MDL.  Given the St. Louis cases, the "coordinated regional approach" sought by Judge Burlison can be had only in federal court.  Granting his request would upset this potential for coordination.

Finally, Judge Burlison's court is not the proper venue for the claims asserted by Jefferson County and Franklin County.  As the Missouri Supreme Court recently explained, venue for a Missouri resident's claim is proper only in the county where the plaintiff was first injured.  *State ex rel. Johnson & Johnson* v. *Burlison*, 567 S.W.3d 168, 175 (Mo. 2019).  Judge Burlison sits in the City of St. Louis (in the 22nd Judicial Circuit of Missouri), and not in Jefferson County or Franklin County (which are in the 23rd and 20th Judicial Circuits respectively).  The Counties claim they were injured by spending public funds in their own jurisdictions, not in St. Louis.  Therefore, under *State ex rel. Johnson & Johnson* v. *Burlison*, venue for these counties' claims does not lie in Judge Burlison's court.

For the reasons stated above, Judge Burlison's request should be denied, and the claims of Jefferson County and Franklin County should remain in the MDL, along with the claims of the other 18 counties and cities in the *Jefferson County* case.  If the Court opts to address the motion to remand filed by plaintiffs with the transferor court, Defendants respectfully request that the Court set a briefing schedule on that motion.

Date:    July 22, 2019

Respectfully submitted,

 */s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036–5807
Tel:  (202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com

Conor B. O'Croinin
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel:  (410) 949-1160
cocroinin@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Missouri CVS Pharmacy L.L.C., Caremark, L.L.C., Caremark Rx, L.L.C., and CareMarkPCS Health, L.L.C.*

    */s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*


    */s/ Enu Mainigi*
Enu Mainigi
Steven M. Pyser
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
spyser@wc.com

*Counsel for Cardinal Health, Inc.*

5

6894746.1

     */s/ Adriana Riviere-Badell*
Matthew I. Menchel
Adriana Riviere-Badell
KOBRE & KIM LLP
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel:  (305) 967-6100
Fax:  (305) 967-6120
matthew.menchel@kobrekim.com
adriana.riviere-badell@kobrekim.com

Steven G. Kobre
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel:  (212) 488-1200
Fax:  (212) 488-1220
steven.kobre@kobrekim.com

Julian W. Park
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, CA 94111
Tel:  (415) 582-4800
Fax:  (415) 582-4811
steven.kobre@kobrekim.com

*Counsel for Express Scripts Holding Company and Express Scripts, Inc.*

6894746.1

 /s/ Mark H. Lynch
Mark H. Lynch
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC  20001
Tel:  (202) 662-5281
mlynch@cov.com

*Counsel for McKesson Corporation*


 /s/ Wendy J. Wildung
Wendy J. Wildung
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel:  (612) 766-7759
Fax:  (612) 766 1600
Wendy.wildung@FaegreBD.com

*Counsel for Target Corporation*



 /s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 782-3939
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

 */s/ William H. Jordan*
William H. Jordan
Caroline R. Strumph
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel:  (404) 881-7000
Fax: (404) 881-7777
bill.jordan@alston.com

Brian D. Boone
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com

Kimberly K. Chemerinsky
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Tel: (213) 576-1000
Fax: (213) 576-1100
kim.chemerinsky@alston.com

*Counsel for UnitedHealth Group Incorporated, Optum, Inc., and OptumRx, Inc.*


 */s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLITBECK LLP
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
Tel:  (312) 494-4434
Kaspar.Stoffelmayr@BartlitBeck.com

*Counsel for Walgreen Co.*

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 22, 2019.

           /s/ Eric R. Delinsky
          Eric R. Delinsky
          ZUCKERMAN SPAEDER LLP
          1800 M Street, NW, Suite 1000
          Washington, DC 20036–5807
          Tel:  (202) 778-1800
          edelinsky@zuckerman.com

          *Counsel for CVS Pharmacy, Inc., Missouri CVS Pharmacy L.L.C., Caremark, L.L.C., Caremark Rx, L.L.C., and CareMarkPCS Health, L.L.C.*