# EXHIBIT 73

```
 1              UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF OHIO
 2                     EASTERN DIVISION

 3   IN RE: NATIONAL               )    MDL No. 2804
     PRESCRIPTION OPIATE           )
 4   LITIGATION,                   )    Case No.
                                   )    1:17-MD-2804
 5                                 )
     THIS DOCUMENT RELATES TO      )    Hon. Dan A.
 6   ALL CASES                     )    Polster
                                   )
 7

 8                       — — —
 9             Tuesday, January 22, 2019

                         — — —
10
         HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
11                 CONFIDENTIALITY REVIEW

                         — — —
12

13

14
15        Videotaped 30(b)(6) Deposition of
     Walmart, through the testimony of Susanne
16   Hiland, held at 4206 South J.B. Hunt Drive,
     Rogers, Arkansas, commencing at 8:22 a.m., on
17   the above date, before Debra A. Dibble,
     Certified Court Reporter, Registered
18   Diplomate Reporter, Certified Realtime
     Captioner, Certified Realtime Reporter and
19   Notary Public.
20

                         — — —
21

22
23            GOLKOW LITIGATION SERVICES
           877.370.3377 ph | fax 917.591.5672
24                  deps@golkow.com
25
```

Page 342



16    During this time period, was
17 Walmart a member of the NACDS?
18    MS. TABACCHI: Object to the
19 form.
20    THE WITNESS: Yes.

Page 343

Page 344

Page 345

Page 346

2     MR. BOWER: Why don't we take a
3 quick break.
4     MS. TABACCHI: Sure.
5     MR. BOWER: We can be quick, if
6 you want. I don't know how long you
7 need.
8     THE VIDEOGRAPHER: 3:00 p.m.
9 We are off the video record.
10     (Recess taken, 3:00 p.m. to
11 3:22 p.m.)
12     THE VIDEOGRAPHER: 3:22. We
13 are on the video record.
14   Q.  (BY MR. BOWER) We are back on
15 the record. Let me hand you what is marked
16 as Exhibit 10, which is a copy of the Masters
17 decision. Take a moment to review it, but I
18 assume you're familiar with that decision;
19 correct?
20     MS. TABACCHI: Just have her
21 look at it, please.
22     (Whereupon, Deposition Exhibit
23 Walmart 10, Masters decision, was
24 marked for identification.)

Page 347

1     MS. TABACCHI: I did review the
2 decision in preparation.
3   Q.  (BY MR. BOWER) Do you have a
4 copy of the decision in the binder you
5 brought with you today?
6   A.  Yes.
7   Q.  Does the copy that you have in
8 the binder have a Bates number on it?
9   A.  It does not. It's one that I
10 printed.
11   Q.  So I know there was
12 representation made that --
13     MS. TABACCHI: That would be
14 the one exception, something from a
15 public record.
16     MR. BOWER: No, that's fine.
17     MS. TABACCHI: I thought of
18 that when she mentioned she had it.
19 Otherwise, I'm not aware of anything
20 else. It's either produced or in the
21 public record. There was nothing
22 else.
23     MR. BOWER: Thank you for that.
24   Q.  (BY MR. BOWER) So I want to

Page 348

1 have -- I have a few questions on the
2 decision. Feel free to review the one in the
3 binder or the one I've given you. They
4 should be identical.
5   A.  I believe they're identical.
6   Q.  Did you review this decision in
7 preparation for your testimony today?
8   A.  Yes.
17   Q.  (BY MR. BOWER) So if you just
18 turn -- look at the first page of the
19 Masters, right at the beginning there under
20 the opinion -- are you with me there?
21     The Court notes that -- about
22 two sentences down, that "Over the past two
23 decades, DEA has been battling a steep
24 increase in prescription opioid abuse, a

Page 349

1 problem DEA views as epidemic."
2     Do you see that?
3     MS. TABACCHI: I'm sorry, Zach.
4 I don't see where you are.
5     MR. BOWER: Sorry. Just on the
6 first page, bottom right-hand corner,
7 about the middle of that paragraph,
8 right under "Opinion."
9     MS. TABACCHI: The Court
10 notes -- oh, "The Court notes." Those
11 are your words.
12     MR. BOWER: Those are my words.
13     MS. TABACCHI: I'm trying to
14 find the Court notes.
15     MR. BOWER: Sorry about that.
16     MS. TABACCHI: Can you do that
17 again?
18     MR. BOWER: Sure.
19   Q.  (BY MR. BOWER) The language in
20 the opinion reads, "Over the past two
21 decades, DEA has been battling a steep
22 increase in prescription opioid abuse, a
23 problem that DEA views as an epidemic."
24     Do you see that?

Highly Confidential - Subject to Further Confidentiality Review

Page 350

1   A.  Yes.
2   Q.  Does Walmart have a similar
3   feeling that there's been an opioid epidemic
4   for the past two decades?
5       MS. TABACCHI:  Object to the
6   form.  Beyond the scope.
7       THE WITNESS:  We are aware of
8   the issues, the health issues related
9   to the opioid crisis, epidemic,
10  however it's referred to in ...
11  Q.  (BY MR. BOWER) And does Walmart
12  disagree that the crisis has been going on
13  for approximately two decades?
14      MS. TABACCHI:  Object to the
15  form.  Beyond the scope of the notice.
16      The witness can testify in her
17  individual capacity, not on behalf of
18  Walmart, as to this particular
19  question.
20      THE WITNESS:  So I know that
21  there have been issues with controlled
22  substances, diversion, and misuse over
23  a period of -- a long period of time.

Page 352

6   Q.  Okay.  All right.  So I just
7   have a couple questions, then, on the
8   language of the opinion here.
9       If you could turn to page 2.
10  I'm looking at the right-hand column there.
11  The paragraph beginning "Whereas here."
12      Do you see that?
13  A.  I see that.
14  Q.  About halfway there, the Court
15  describes the reporting requirement.
16      Do you see that?
17  A.  Yes.



Page 351

Page 353

