UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re: National Prescription Opiate Litigation**<br><br>This document relates to the following case:<br>Eastern District of Missouri<br>Cause No.: *Jefferson County v. Dannie E. Williams, M.D.., et al., 1:19-op-45371-DAP* | **MDL NO. 2804**<br><br>**Judge Dan Aaron Polster** |

**PLAINTIFFS' JEFFERSON COUNTY, MISSOURI AND FRANKLIN COUNTY, MISSOURI RESPONSE TO CERTAIN DEFENDANTS' OBJECTION TO THE REQUEST BY JUDGE BURLISON TO SEVER AND REMAND**

Plaintiffs Jefferson County and Franklin County are two political subdivisions[1] in Missouri. On January 29, 2019, Plaintiffs filed this action in state court against manufacturers and distributors of prescription opioids, pharmacies, pharmacy benefit managers, and physicians for the role that Defendants played in the prescription opioid epidemic devastating Plaintiffs' communities.

As set forth in Plaintiffs' Petition, Defendants developed and grew the prescription opioid market through a decades-long fraudulent scheme to mislead prescribing doctors and the public about the need for, and addictive nature of, opioids. (Plaintiffs' Petition, Doc. 1-2 at ¶ 73.)  With the dramatic increase in prescription opioid sales came a corresponding surge in abuse, addiction, improper prescribing of, and black market demand for opioids. (Id. at ¶ 79.)  Defendants created the market for mis-prescribed and diverted opioids, were aware of prescribing doctors' suspicious

---

[1] Plaintiffs' claims are presently joined with eighteen other Missouri political subdivisions:  Butler County, Cape Girardeau County, Christian County, City of Independence, City of Joplin, Crawford County, Dent County, Dunklin County, Greene County, Iron County, Jasper County, Madison County, Perry County, Ste. Genevieve County, Stone County, Taney County, Texas County, and Washington County.

conduct and orders, and knew their products were being illegally diverted. (Id. at ¶¶ 667-73, 729.) Rather than addressing these problems, Defendants instead profited from the mis-prescribing and diversion of opioids. When it became evident that the opioid epidemic was affecting localities across the country, including Plaintiffs, Defendants continued to fraudulently promote their opioid products for long term chronic pain and other treatments unsupported by scientific evidence. (Id. at ¶ 73.) Defendants continued to push dissemination of large quantities of prescription opioids to Plaintiffs' geographic areas without taking precautions necessary to minimize, much less prevent, illegal diversion. (Id. at ¶¶ 762-75.)

On January 31, 2019, a mere two days after Plaintiffs filed this action and before Plaintiffs could effectuate service on Defendants, Defendant CVS Pharmacy, Inc. ("CVS") removed this action to federal court in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. (Notice of Removal, Doc. 1 at ¶ 1.) CVS subsequently filed a motion to stay those proceedings pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on transfer of this matter to this Court. (Doc. 6.) The stay was granted on February 7, 2019. (Doc. 11.) On March 4, 2019, Plaintiffs filed a motion to remand in the Eastern District of Missouri. (Docs. 13 and 14.) That motion remains pending as of this filing.[2] The JPML subsequently transferred this action to this Court on June 5, 2019 (Doc. 20) and the case was opened in this Court on June 6, 2019 (Doc. 22).

As noted by the Honorable Rex M. Burlison, Presiding Judge of the Twenty-Second Judicial Circuit, St. Louis City, Missouri, Plaintiffs Jefferson County and Franklin County have been harmed by the opioid epidemic raging in Missouri and, more specifically, the St. Louis metropolitan area. (Doc. 23-1.) "[B]etween 2013 and 2017, Jefferson County incurred 324 deaths

---

[2] The parties stipulated to a partial lifting of the stay to allow Plaintiffs to file their motion to remand. (Doc. 17.)

due to opioid overdoses. [Jefferson] County also incurred 1,941 emergency room visits in the same time period due to opioid misuse." (Plaintiffs' Petition, Doc. 1-2 at ¶ 1.) "[B]etween 2013 and 2017, Franklin County incurred 114 deaths due to opioid overdoses. [Franklin] County also incurred 1,166 emergency room visits in the same time period due to opioid misuse." (Id. at ¶ 10.) Both Plaintiffs incurred significant costs to combat the harms of the opioid epidemic including, but not limited to, costs for law enforcement, prosecution, emergency medical services, prisons and/or jails, probation, public works, family protective services, addiction treatment, detox and rehabilitation facilities and services, social services, housing, and prevention and education programs. (Id. at ¶¶ 1, 10.)

On July 11, 2019, this Honorable Court entered Scheduling Order No. 2 (Doc. 23), summarizing the request of Judge Burlison for the claims of Plaintiffs Jefferson County and Franklin County to be severed from the claims of the eighteen other Plaintiffs and remanded to his court. In accordance with the schedule set by this Court, Defendants filed their objection to severance and remand on July 22, 2019. (Doc. 24.)

## ARGUMENT

Although Plaintiffs have not moved for severance of their claims from the eighteen other Missouri political subdivisions, this Court may, "on motion or ***on its own***, … at any time, on just terms, add or drop a party. The [C]ourt may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). This Court may therefore *sua sponte* order severance of Plaintiffs' Jefferson County and Franklin County claims under the federal rules.

While this Court previously may have issued a moratorium on remand motions and may have declined to lift that moratorium in the past, nothing precludes this Court from changing course in the exercise of its inherent authority and discretion to control its own docket. *See e.g. Pittman*

*v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) ("District courts have broad discretion over docket control…."). In fact, subject matter jurisdiction may be reviewed at any time. See generally Fed. R. Civ. P. 12(h)(3).

Defendants misstate the venue standard where a county is a plaintiff. The Missouri venue statute provides, in pertinent part:

> Any action, in which any ***county*** shall be a plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, ***or*** in the county suing and where the defendants, or one of them, may be found.

Mo. Rev. Stat. §508.010.6 (emphasis added). Because Plaintiffs Jefferson County and Franklin County are counties, venue is proper in the county in which a defendant or defendants reside. Here, venue is proper pursuant to §508.010(6) because "Defendant Delmar Primary Care Associates resides at 5621 Delmar Blvd, Suite 108, St. Louis, Missouri 63112, where its registered agent, Kenneth Hopson, is located. Moreover, Defendant [Dannie E. Williams, M.D.] practices medicine in and can be found in St. Louis City at her business, Delmar Primary Case Associates, located at 5621 Delmar Blvd, Suite 108, St. Louis, Missouri 63112. Further, [Defendant] Mallinckrodt can be found in the City of St. Louis at their complex located at 3501 North 2nd Street, St. Louis, Missouri 63147." (Plaintiffs' Petition, ¶ 57, Doc. 1-2, p. 100.) Moreover, Defendants' challenge to venue is not a proper basis for opposing remand. Venue is a question for the state court.

This Court lacks subject matter jurisdiction over the claims of Jefferson County and Franklin County. In exercising its discretion to control its own docket and to address the concerns expressed by Judge Burlison, this Court has the authority to *sua sponte* sever those claims from the claims of the other municipality plaintiffs under Rule 21. Defendants' challenge to venue is not a basis to oppose remand for lack of subject matter jurisdiction. In any event, venue is proper in the City of St. Louis. For these reasons, Plaintiffs respectfully request that this Honorable Court

remand the claims of Plaintiffs Jefferson County and Franklin County to the Twenty-Second Judicial Circuit, St. Louis City, Missouri, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

DATED this 22nd day of July, 2019     Respectfully submitted,

**CAREY DANIS & LOWE**

By:   /s/*John F. Garvey*_____
Jeffrey J. Lowe, MO Bar #35114
John F. Garvey, MO Bar #35879
Sarah Shoemake Doles, MO Bar #45747
Alyson M. Petrick, MO Bar #68323
8235 Forsyth Boulevard, Suite 1100
Clayton, Missouri 63105
(314) 725-7700  / (314) 678-3401 - facsimile
jlowe@careydanis.com
jgarvey@careydanis.com
sdoles@careydanis.com
apetrick@careydanis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of July, 2019, the foregoing was filed using the Court's electronic case filing system, thereby serving all registered attorneys of record.

/s/ *John F. Garvey*_____
John F. Garvey