UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION | | MDL NO. 2804 |
| | | Case No. 17-MD-2804 |
| THIS DOCUMENT RELATES TO: | | Judge Dan Aaron Polster |

| | | |
|---|---|---|
| *Rees v. McKesson Corporation, et al.* MDL Case #1:18-OP-45252 | *Ellis v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45464 | *Simonson v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45479 |
| *Wood v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45264 | *DeMaro v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45465 | *Delancey v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45480 |
| *Salmons v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45268; | *Cruz v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45466 | *Stewart v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45481 |
| *Ambrosio v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45375 | *Paul v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45467 | *Shewmake v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45482 |
| *Flanagan v. Purdue Pharma L.P., et al.* MDL Case #1:18-OP-45405 | *Lechuga v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45468 | *Weatherwax v. Purdue Pharma, LP., et al.* MDL Case No. #1:19-op-45483 |
| *Whitley v. Purdue Pharma LP., et al.* MDL Case #1:18-OP-45598 | *Brumbarger v. Purdue Pharma, LP., et al.* MDL Case No. #1:19-op-45469 | *Martinez v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45484 |
| *Roach v. McKesson Corporation, et al.* MDL Case No. #1:18-OP-45662 | *Means v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45470 | *Warren v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45486 |
| *Hunt v. Purdue Pharma L.P., et al.* MDL Case No. #1:18-OP-45681 | *Peterson v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45472 | *Carlson v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45487 |
| *Hanlon v. Purdue Pharma L.P., et al.* MDL Case No. #1:19-op-45052 | *Hampel v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45473 | *Flach v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45488 |
| *Doyle v. Purdue Pharma L.P., et al.* MDL Case No. #1:18-op-46327 | *Whittaker v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45475 | *Ivie v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45489 |
| *Moore v. Purdue Pharma L.P., et al.* MDL Case No. #1:18-op-46305 | *Tuttle v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45476 | *Cherry v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45490 |
| *Artz v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45459 | *Hamawi v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45477 | *Ortiz v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45492 |
| *Rodriquez v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45463 | *Gauthier v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45478 | *Meinecke v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45493 |

*Brant v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45494

*Williams, v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45485

### MOTION FOR EXPEDITED CASE MANAGEMENT CONFERENCE
### FOR GOOD CAUSE SHOWN

Pursuant to Fed. R. Civ P. 16(a)(1) and Local Rule 16.1 (b) (2), Plaintiffs hereby respectfully move this Honorable Court to enter an Order scheduling an expedited case management conference concerning the pending Complaint filed on behalf of the Baby Plaintiffs within fourteen (14) days of the filing of this motion for the following good cause:

1. The Plaintiffs have had and expect to have further discovery issues that must be resolved by this Court in a timely fashion and in a matter that will meet the Court's obligations under *Doe v. City of Memphis*, No. 18-5565, 2019 WL 2637637 (6th Cir. June 27, 2019).

2. An expedited case management conference will advance the proceedings while allowing this Court to consider relief as early as practicably possible for resolving discovery issues "that deprive Plaintiffs of a full opportunity for discovery" and to "identify that additional discovery that might allow Plaintiffs to identify and certify a class" pursuant to the 6th Circuit Court decision in *Doe v. City of Memphis*, No. 18-5565, 2019 WL 2637637 (6th Cir. June 27, 2019).

3. The Court has set August 23, 2019 as the deadline for Plaintiffs to move to certify four putative classes [Rec Doc 1829] on cases the undersigned have filed on behalf of children who suffer from neonatal abstinence syndrome ("NAS").

4. The Defendants have not filed responsive pleadings so a case management conference would not be scheduled ordinarily before the deadline.

2

5.   While under Local Rule 16.1(b)(2), the Case Management Conference is usually held after responsive pleadings are filed; the rule further provides that the "Court may, upon **motion for good cause shown** or sua sponte, order the [case management] conference to be held before such general time frame." (emphasis supplied)

6.   Good cause to expedite the scheduling of the case management conference is as follows:

   a. On July 11, 2019, this Court entered its order [Rec Doc 1829] under the mistaken assumption that Defendants have been providing Plaintiffs access to discovery;

   b. Contrary to the understanding of the Court, these "Baby Plaintiffs" had **not** had access to the Defendants' discovery provided to the PEC.

   c. The PEC first shared access to ARCOS only as of July 12, 2019, the day after this Court entered its order, notwithstanding this Court's prior order granting access on June 24, 2019. *See* Exhibit A. *See also* NAS Baby Plaintiffs' Motion to Modify Protective Orders re DEA's ARCOS/DADS Database [Rec Doc 1704] – Granted on June 24, 2019, Order [Rec Doc No. 1725].

   d. Also, on July 12, 2019, following entry of this Court's order, the PEC finally shared access to the non-ARCOS discovery documents and transcripts by delivering the Relativity Database. *See* Exhibit B.

   e. The Baby Plaintiffs had been requesting the discovery for well over a year. Only last week, July 10, 2019, the Plaintiffs delivered a letter to both Plaintiffs' Liaison Counsel and the Special Masters advising them that the Baby Plaintiffs still have not received access to the Defendants' discovery. *See* July 10, 2019 Letter to Plaintiffs' Liaison Counsel attached as Exhibit C.

  f. These Baby Plaintiffs had a year-and-a-half long history of working through the process, waiting for data, discovery and filings, and agreeing to execute acknowledgements of and consent to protective orders as well as PEC imposed participation agreements. The Baby Plaintiffs have also expended time seeking relief from the protective orders unfairly applied to us. *See*, for example, NAS Baby Plaintiffs' Motion to Modify Protective Orders re DEA's ARCOS/DADS Database [Rec Doc 1704] – Granted on June 24, 2019, Order [Rec Doc No. 1725]. (Documentation of the history will be delivered in a separate filing prior to the status conference, if any of the parties are disputing this contention.)

  7. An expedited case management conference will advance the proceedings and allow this Court to consider relief as early as possible to resolve outstanding discovery issues that deprive Plaintiffs of a full opportunity for discovery and, also, to identify that additional discovery to allow Plaintiffs to identify and certify a class. Because the discovery, including ARCOS data, had not been available until July 12, 2019, it is both unfair and unreasonable to assume that the Baby Plaintiffs are able to properly review and evaluate what additional discovery will be necessary until such time as all material and relevant search terms are run and the Baby Plaintiffs have an opportunity to review in excess of 100 million pages of discovery.

  8. Baby Plaintiffs still do not have access to formal discovery requests and responses as well as notices, such as notices of 30(b)(6) depositions. Therefore, Baby Plaintiffs do not know what was previously requested by the other Plaintiffs nor the Defendants' responses, including any objections and assertions of privilege and confidentiality. Also, Baby Plaintiffs still do not have access to most of the filings made under seal. *See* July 22, 2019 Declaration of Counsel Kevin

Thompson in Support of Motion for Expedited Case Management Conference attached as Exhibit D.

9. Additionally, under Local Rule 16.3(b)(3), to further advance the consideration of the request for relief, this Court should direct the parties to meet and confer seven (7) days before the expedited conference to make Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), to discuss the items identified in Fed. R. Civ. P. 26(f), and to prepare and serve a written report outlining a discovery plan three (3) days before the expedited conference.

**WHEREFORE**, Plaintiffs' respectfully request that this Honorable Court enter an Order scheduling an expedited case management conference concerning the pending Complaint for Injunctive Relief within fourteen (14) days of the filing of this motion and, further, direct that parties meet and confer seven (7) days before the case management conference to make Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), to discuss the items identified in Fed. R. Civ. P. 26(f), and to prepare and serve a written report outlining a discovery plan three (3) days before the expedited conference and, award Plaintiffs such other and further relief as may be deemed just and proper.

Dated: July 22, 2019

                                                    Respectfully submitted,

                                                    /s/ Scott R. Bickford
                                                    MARTZELL, BICKFORD & CENTOLA
                                                    Scott R. Bickford (La. 1165)
                                                    Spencer R. Doody (La. 27795)
                                                    338 Lafayette Street
                                                    New Orleans, Louisiana 70130
                                                    Telephone: 504-581-9065
                                                    Email: srb@mbfirm.com; srd@mbfirm.com

/s/ Donald Creadore
THE CREADORE LAW FIRM, P.C.
Donald Creadore (NY Reg. No. 2090702)
450 Seventh Avenue – 1408
New York, NY 10123
Telephone: 212-355-7200
Facsimile: 212-583-0412
Email: Donald@creadorelawfirm.com

/s/ Celeste Brustowicz
COOPER LAW FIRM, LLC
Celeste Brustowicz (pro hac vice)
Barry J. Cooper, Jr. (pro hac vice)
Stephen H. Wussow (pro hac vice)
Victor Cobb (pro hac vice)
1525 Religious Street
New Orleans, LA 70130
Telephone: 504-399-0009
Email: cbrustowicz@sch-llc.com

/s/ Kevin W. Thompson
THOMPSON BARNEY LAW FIRM
Kevin W. Thompson (pro hac vice)
David R. Barney, Jr. (pro hac vice)
2030 Kanawha Boulevard
East Charleston, WV 25311
Telephone: 304-343-4401
Facsimile: 304-343-4405
Email: kwthompsonwv@gmail.com


/s/ Kent Harrison Robbins
THE LAW OFFICES OF KENT
HARRISON ROBBINS, P.A.
Kent Harrison Robbins (pro hac vice)
242 Northeast 27th Street
Miami, Florida 33137
Telephone: (305) 532-0500
Facsimile: (305) 531-0150
Email: khr@khrlawoffices.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed via the Court's electronic filing system on July 22, 2019. Notice of this filing will be sent by e-mail through the Court's electronic case-filing system to all counsel of record.

*/s/Celeste Brustowicz*
Celeste Brustowicz
