

July 10, 2019
By Email to pweinberger@spanglaw.com
By Email to sskikos@skikoscrawford.com
By Email to trafferty@levinlaw.com


Peter H. Weinberger
Spangenberg, Shibley & Liber
Ste. 1700
1001 Lakeside Avenue, E
Cleveland, OH 44114

Steven J. Skikos
Skikos Crawford Skikos Joseph & Millican - San Francisco
Ste. 2830
1 Sansome Street
San Francisco, CA 94104

Troy A. Rafferty
Levin Papantonio Thomas Mitchell Rafferty & Proctor
Ste. 600
316 South Baylen Street
Pensacola, FL 32502

Re: NAS Babies Requesting Assistance
    Request for Documents in MDL 2804

Dear Plaintiffs' Liaison Counsel:

We are the law firms[1] representing NAS babies in the MDL, including class actions and individual cases. *See* attached list of NAS baby cases we have filed.

In these proceedings, we have a history of working through the process, waiting patiently for data, discovery and filings, and agreeing to execute acknowledgements of and consent to protective orders as well as PEC imposed participation agreements. We have also expended our time seeking relief from the protective orders unfairly applied to us. (See, for example. NAS Baby Plaintiffs' Motion to Modify Protective Orders re DEA's ARCOS/DADS Database. Rec Doc 1704 – Granted on June 24, 2019, Order Rec Doc No. 1725).

---

[1] The law firms are working in a consortium known as the Opioid Justice Team ("OJT") to share work product and all members to this consortium have executed the Court required protective order and the PEC required participation agreement.

242 Northeast 27th Street, Miami, FL 33137
Office: 305 532 0500    Cell: 305 632 1770
khr@khrlawoffices.com    khrlawoffices.com
Offices:   Miami, FL   |   Miami Beach, FL

**EXHIBIT C**

*Letter to Plaintiff's Liaison Counsel*
*July 10, 2019*

In light of the recent filing of multiple dispositive motions as well as the August 22, 2019 deadline imposed by the June 6, 2019 order, Rec Doc 1662, requiring us to serve a response[2] to an anticipated Defendants' Joint Motion to Strike Class Allegations, we are requesting your immediate assistance in securing expedited access to the following information that has been omitted from the public court records or have otherwise not been provided to us:

1. ALL dispositive motions and responses, including the summary pages provided to Judge Polster.

2. ALL discovery and other sealed documents including, but not limited to, deposition transcripts, all related notices, requests for production with all related responses and production, interrogatories and responses.

We also require assistance in securing the ARCOS data, but we will address this ARCOS issue by separate letter tomorrow in the event the most recent emails with the PEC are not fruitful.

There is no doubt that we are entitled to these filings. The 6th Circuit, in *HD Media Company, LLC, et al v. United Stated Department of Justice, et al*, Case Nos. 18-3839/3860, has made it clear that court filings should be made public unless there is a compelling reason to not do so. *See* Slip Decision in *HD Media Company, LLC, et al v. United States Department of Justice, et al*, Case Nos. 18-3839/3860 at 25. The 6th Circuit opined that:

> In this case, the sealed or redacted pleadings, briefs, or other documents that the parties have filed with the court, as well as any reports or exhibits that accompanied those filings, are the sort of records that would help the public "assess for itself the merits of judicial decisions." *Id.*; *see id.* at 304–05 (**treating as court records entitled to the presumption of openness the following: pleadings, motions for class certification, evidentiary motions, and exhibits accompanying the parties' filings**). These documents are therefore subject to the strong presumption in favor of openness, which applies here with extra strength given the paramount importance of the litigation's subject matter.

Id at 24-25. (emphasis added).

We recognize that this Court is in the process of assessing the propriety of the prior sealing of these records, but given the presently imposed deadlines, we do not have time

---

[2] We have filed a Motion for Leave to File Motion for Reconsideration of the Court's Order (Doc. 1662) Holding a Rule 12(B)(6) Determination on Plaintiffs' Class Allegations. Rec Doc 1797 in effort to allow us to file motions to certify the classes in select NAS baby class actions.

2

*Letter to Plaintiff's Liaison Counsel*
*July 10, 2019*

for that effort to play out. We have agreed to the protective order and the NAS Babies Plaintiffs have been approved for receipt of ARCOS data; therefore, there is no justification to withhold those records from us.

Further, any reasons that had been offered by the PEC to not share the filings and discovery received are clearly not applicable as we all have executed the documents related to the Court's protective orders as well as the PEC required participation agreements and Judge Polster has receded from the ARCOS restrictions with respect to the NAS baby cases. The Panel on Multidistrict Litigation is "confident in [Judge Polster's] ability to endure that non-leadership counsel and other litigants are treated appropriately in this litigation." (Order Denying Transfer, Case MDL No. 2872, Document 51, Dec. 6, 2018).

The PEC assured us that we would have access to the discovery applicable to the Babies but we have not received any to date. We, not the PEC, should be judging what is applicable. Therefore, we require immediate access to all discovery and PEC search engines and indexes to make that judgment. We note that we have cooperated with the PEC in good faith providing search terms for the babies weeks ago, but we have not received the resulting product of those search terms.

Given the short deadline to work up our class certification analysis and review the necessary data and discovery we need, we seek the immediate production of this information, *inter alia*, to respond to the Court's direction to us to brief the propriety of the NAS baby class actions. Additionally, we have only days to file amici responses to the pending dispositive motions, if we decide that responses are necessary.

We respectfully request the aid of Plaintiffs' Liaison Counsel in this effort.

Sincerely,

*/s/ Kent Harrison Robbins*

Kent Harrison Robbins
Secretary for the Opioid Justice Team


cc:     Joseph F. Rice, PEC Co-Lead by email to: jrice@motleyrice.com
        Special Master Francis E. McGovern, II by email to McGovern@law.duke.edu
        Special Master David R. Cohen, by email to david@specialmaster.law