UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

In Re: NATIONAL PRESCRIPTION OPIATE LITIGATION

WALTER and VIRGINIA SALMONS,
next friend of W.W.B, individually and
on behalf of others similarly situated.

Plaintiffs,

v.

PURDUE PHARMA L.P., et al

Defendants

DECLARATION OF COUNSEL KEVIN THOMPSON
IN SUPPORT OF MOTION FOR EXPEDITED CASE MANAGEMENT CONFERENCE

1.  I, Kevin Thompson, am an attorney licensed to practice in the State of West Virginia. I am counsel of record in the above-styled civil action and am the attorney assigned by the attorneys representing the Plaintiffs in the "Baby Plaintiff" class actions to manage class action discovery in these matters. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto under oath.

2.  On June 6, 2019, the Honorable Court issued an Order setting forth a briefing schedule for a "single, joint Defendant motion to strike class allegations." (ECF #1662)

3.  Upon receiving the Court's June 6th Order, the undersigned re-doubled months long efforts to obtain access to discovery materials from the PEC. We were unsuccessful and, as a result, filed the July 10, 2019 letter to Liaison Counsel and the Special Masters in anticipation of seeking relief from the Court.

**EXHIBIT D**

4. On July 11, 2019, this Honorable Court issued an Order Denying in Part and Granting in Part Plaintiffs' Motion for Reconsideration. The Court's order stated in relevant part, "*In the MDL, Defendants have produced prodigious amounts of discovery and the Court understands that all Plaintiffs, including the movants, have access to all of it through various discovery-sharing agreements.*" (ECF Docket No. 1829)

5. Undersigned Counsel presents this Declaration to inform the Court that the Baby Plaintiffs, in fact, have not had until very recently and did not have at the time the Court issued the above-referenced Order on July 11, 2019, access to the discovery produced by the Defendants despite re-doubled efforts by the undersigned to obtain from the PEC such access in the wake of this Honorable Court's ruling on June 6, 2019 setting for briefing eight putative class actions to which the undersigned is counsel.

6. Baby Plaintiffs did not obtain access to the ARCOS database, the PEC discovery database and the PEC deposition depository until late afternoon, Friday, July 12, 2019.

7. In the week that Baby Plaintiffs have had access to the discovery materials, the Baby Plaintiffs have deployed attorneys and staff across the country to undertake such review and targeted searches as necessary to support the filing of four class certification motions.

8. Baby Plaintiffs still do not have access to formal discovery requests and responses as well as notices, such as notices of 30(b)(6) depositions. Therefore, Baby Plaintiffs do not know what was previously requested by the other Plaintiffs nor the Defendants' responses, including any objections and assertions of privilege and confidentiality. Baby Plaintiffs still do not have access to most of the filings made under seal.

9. Plaintiffs are endeavoring to meet the Court's August 23, 2019 deadline but are laboring at a disadvantage given the short time within which to review the aforementioned

materials and determine if additional discovery is necessary to establish the facts necessary to support class certification.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON JULY 22, 2019 IN CHARLESTON, WEST VIRGINIA

Dated: <u>July 22, 2019</u>           By Kevin W. Thompson, Esquire

_____
Kevin W. Thompson, Esquire (WVSB# 5062)
David R. Barney, Jr., Esquire (WVSB# 7958)
Thompson Barney
2030 Kanawha Boulevard, East
Charleston, West Virginia 25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com
drbarneywv@gmail.com