# EXHIBIT 6



# GREENE KETCHUM
## FARRELL BAILEY & TWEEL LLP
Attorneys and Counsellors at Law
419 Eleventh Street · Huntington, WV 25701
P.O. Box 2389 · Huntington, WV 25724-2389
304.525.9115 · Fax: 304.529.3284 · 1.800.479.0053
www.greeneketchum.com

Lawrence J. Tweel - WV & KY
Bert Ketchum - WV & GA
Paul T. Farrell, Jr. - WV, OH & KY
Larry A. Bailey - WV, OH & KY
Clayton J. Maddox - WV

Attorney:  paul@greeneketchum.com
Paralegal:  lora@greeneketchum.com

February 13, 2018

James R. Bennett, II
Assistant U.S. Attorney
801 W. Superior Avenue, Suite 400
Cleveland, Ohio  44113-1852

RE:  In re: National Prescription Opiate Litigation MDL 2804

Dear James:

Thank you for your correspondence dated February 12, 2018. You requested "a summary of the information sought and how such information is relevant to the ongoing settlement discussions in the case."

As you know, my office issued a *Touhy* letter dated October 2, 2017, and issued a subpoena duces tecum in *City of Cincinnati v. AmerisourceBergen Corp., et al.*, Case No. 2:17 CV 713, pending in the United States District Court for the Southern District of Ohio, Eastern Division (J. Sargus) (subsequently transferred to MDL 2804). Since formation of the MDL, my colleague, David Butler, communicated further with you by email dated January 12, 2018, and we supplemented with correspondence dated February 2, 2018. We respectfully submit that the record is more than adequate for the DOJ to determine whether to authorize disclosure "based on the factors contained in the regulations." In fact, the original *Touhy* letter is organized by, and cites directly to, the factors set forth in the regulations.

It appears the DOJ is asking for the MDL Plaintiffs to make a proffer regarding how this information is relevant to settlement discussions (as compared to litigation). We respectfully submit there is little, if any, meaningful difference. Nonetheless, we will reiterate our position in the context of settlement discussions.

Judge Polster has directed the MDL Plaintiffs (currently there are 415 tagged cases) and the manufacturers and distributors to engage in settlement discussions in an attempt to bring an end to the national prescription opiate epidemic. The Court has invited the State Attorneys General to participate in the discussions. These discussions are truly national in scope and present an immediate opportunity to contain the epidemic, identify the "soft spots" in the chain of distribution which led to widespread diversion and, most importantly, save lives. We ask the DOJ and DEA to lend its resources to assist the Court in its effort to define the problem and identify possible

James R. Bennett, II
Page 2
February 13, 2018

RE:  In re: National Prescription Opiate Litigation MDL 2804

solutions.  It should also be noted, for the record, that the Court invited the FDA and DEA to participate in these settlement discussions.  Both declined.

Answering your question directly, the data requested will enable and promote settlement discussions related to the following:

1.  **Manufacturer market share**.  The data requested will enable the plaintiffs, defendants and the Court to determine which manufacturers produced which pills in which amounts in each jurisdiction.  The data will identify with particularity the penetration of each brand name and generic prescription opioid into each community.  Disclosure of this data will facilitate discussions regarding allocation of fault for the defendant manufacturers (who pays what) per jurisdiction.  Finally, this data will identify potential nonparty manufacturers which should participate in these discussions and bring additional resources to the bargaining table.

2.  **Distributor market conduct**.  The data requested will enable the plaintiffs, defendants and the Court to determine which distributors sold which pills in which amounts in each jurisdiction.  The data will identify with particularity "suspicious orders" of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.  Disclosure of this data will facilitate discussions regarding allocation of fault for the defendant distributors (who pays what) per jurisdiction.  Finally, this data will identify potential nonparty distributors which should participate in these discussions and bring additional resources to the bargaining table.

3.  **Asset Allocation**.  These settlement discussions will necessarily include allocation of damages.  The data will enable us to pinpoint the communities which received the most pills per capita, over time, and compare to CDC statistics related to opioid addiction, abuse, morbidity and mortality.  By understanding the prevalence of certain opioids in different communities, we hope to coordinate local, regional and national abatement plans to achieve maximum efficiency and effectiveness.  We need this data to identify the sources of the epidemic and deliver an antidote.

In short, we are seeking data which establishes which pills, made by which manufacturers, were distributed by which distributors, to which retailers beginning in 2006 (the earliest records maintained by ARCOS).  This data will identify market share of all the manufacturers and market conduct by all the distributors.  Disclosure of the data will enable allocation of fault amongst the defendants for purposes of settlement as well as the identification of nonparties which should be invited to the bargaining table.

Finally, your correspondence states "DEA's response to the Court's Order and any disclosures to Plaintiffs in connection therewith are governed by the United States Department of Justice's Touhy regulations."  Please note that the DOJ's prior correspondence dated October 11, 2017, invokes the "rules of procedure governing the case."  We believe the Sixth Circuit will hold that the federal discovery rules, including Rule 45 and Rule 26(b), along with all applicable privilege rules, provide sufficient "tools" with which the Court can adequately protect both the litigant's right to receive evidence and the government's interest in protecting both its processes and its resources. The federal discovery rules provide an appropriate standard of review.  *In re*

James R. Bennett, II
Page 3
February 13, 2018

RE:  In re: National Prescription Opiate Litigation MDL 2804

*Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *3 (E.D. Mich. May 10, 2011)

I trust and hope this satisfies your request for additional information.  If you have any questions, please do not hesitate to call.

Very truly yours,

Paul T. Farrell, Jr.

PTF/lhc
cc:  Paul J. Hanly, Jr.
     Joseph F. Rice