**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*ALL CASES* | ) | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**MANUFACTURER DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED AND AMENDED MOTION FOR CERTIFICATION OF RULE 23(b)(3) CITIES/COUNTIES NEGOTIATION CLASS**

Plaintiffs readily acknowledge that their proposed Negotiation Class "is not a litigation class," that "[c]ertification of the Negotiation Class will not be utilized to prosecute, litigate, or try any claim, in this or any court, against any of the defendants named in national opioid litigation," and that any certification order "may not be cited as precedent or in support of the certification of any class for any other purpose in any Opioids-related or other litigation by or against any party thereto." (Pls.' Am. Mot. ("Mot."), ECF No. 1820, at 3; Pls.' Mem. In Support Of Am. Mot. ("Mem."), ECF No. 1820-1, at 12 n. 11). Indeed, Plaintiffs have not tried to satisfy the Rule 23 requirements with respect to any other type of class. In reliance upon these limitations, Manufacturer Defendants[1] take no position on whether the Court should grant or

[1] Manufacturer Defendants include Purdue Pharma, L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par

deny Plaintiffs' Renewed and Amended Motion for Certification of Rule 23(b)(3) Cities/Counties Negotiation Class (ECF No. 1820), subject to the limitation discussed below.

Plaintiffs' Negotiation Class includes both "cities" and "counties" that have filed lawsuits and those that have not. (Mem., ECF No. 1820-1, at 15 (Class Definition)). Plaintiffs' motion further notes that "thousands of cities and counties" that have not filed any lawsuit "are watching the progress of the Opioids litigation," while suggesting that the Court has remarked that those cities and counties may be part of "any comprehensive class action settlement, without the necessity of filing their own suits." (*Id.* at 1-2).

Consistent with the acknowledged limitations of Plaintiffs' proposed Negotiation Class, Manufacturer Defendants wish to make clear that certification of such a class cannot impact (let alone toll) the applicable statute of limitations for any claim of any proposed class member, including those that have not filed a lawsuit. This clarification is consistent with controlling law regarding class action tolling principles for at least three reasons. First, Plaintiffs have not commenced a class action lawsuit seeking a merits class on behalf of all political subdivisions—

Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC, f/k/a/ Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc. - Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc. - Florida; Mallinckrodt plc; Mallinckrodt LLC; and SpecGx LLC. Teva Pharmaceutical Industries Ltd., Allergan plc f/k/a Actavis plc, and Mallinckrodt plc are respectively an Israeli corporation, Irish holding company, and Irish company that are not subject to and contest personal jurisdiction for the reasons explained in their pending motions to dismiss for lack of personal jurisdiction; they are specially appearing to join this response as a result of the Court's deadline, and, thus, they do not waive and expressly preserve their pending personal jurisdiction challenges.

a threshold requirement to try to invoke class action tolling. *See, e.g.*, *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (recognizing that for federal claims, tolling of statute of limitations for putative class members only applies upon "commencement of a class action"); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) (same).[2] Second, Plaintiffs fully acknowledge that they are not seeking any type of litigation class and, as a result, certification of the Negotiation Class can have no impact on the claims of any party. (Mem., ECF No. 1820-1, at 12). Third, tolling under *American Pipe* principles (or any other law) as a result of certification of the Negotiation Class would be inconsistent with the very purposes behind statute of limitation periods, including "ensuring essential fairness to defendants and of barring a plaintiff who 'has slept on his rights[.]'" *Am. Pipe & Const. Co.*, 414 U.S. at 554 (internal citations omitted). For each of these reasons, if the Court is inclined to grant Plaintiffs' motion, Manufacturer Defendants respectfully request that the Court make clear in its order (as reflected in Exhibit A)[3] that certification of the Negotiation Class does not toll the statute of limitations for the claims of any member of the Negotiation Class.

---

[2] In addition, the Sixth Circuit has taken a very narrow view of class action tolling even, unlike here, when a class action lawsuit has been filed. *See, e.g.*, *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 789 (6th Cir. 2016) (holding that Sixth Circuit utilizes the "minority rule" and does not apply tolling to putative class members who file independent actions before the resolution of class certification decision following commencement of putative class action); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567-69 (6th Cir. 2005) (same and holding that tolling does not apply to defendant not named in a prior class action).

[3] Exhibit A provides proposed language to Paragraph 14 of Plaintiffs' proposed class certification order (ECF No. 1812-2) to address this point. It further includes proposed language to make clear, consistent with Plaintiffs' acknowledgments, that because Plaintiffs seek only a Negotiation Class, the Court makes no finding that Plaintiffs have satisfied or could satisfy any of the requirements under Rule 23(a) or Rule 23(b) with respect to any other type of class.

In short, Manufacturer Defendants take no position on whether the Court should grant Plaintiffs' motion. Manufacturer Defendants merely request that, in any order certifying the proposed Negotiation Class, the Court should expressly state that such certification has no impact on any statutes of limitations applicable to members of the Negotiation Class and should utilize the language proposed in the attached Exhibit A. To the extent there is any dispute over this point, the Manufacturer Defendants request that the Court set a briefing schedule to allow the parties to address the issue.[4]

---

[4] Given Plaintiffs' concessions about the limited nature of the proposed Negotiation Class and their acknowledgment that any class certification "[o]rder may not be cited as precedent or in support of the certification of any class for any other purpose in any Opiods-related litigation" (Order, ECF No. 1820-2, at ¶ 15), Manufacturer Defendants reserve the right to challenge the use of any order approving the Negotiation Class by any party for any purpose and to challenge any future attempts to certify a different class on any and all grounds.

Dated: July 23, 2019

Respectfully submitted,

/s/ Steven A. Reed
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Nancy L. Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Tel: (713) 890-5195
nancy.patterson@morganlewis.com

Brian Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
brian.ercole@morganlewis.com

*Counsel for Defendants Teva Pharmaceuticals U.S.A., Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida, and appearing specially for Teva Pharmaceutical Industries Ltd.*

/s/ Charles C. Lifland (consent)
Charles C. Lifland
Sabrina Heron Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Mark S. Cheffo (consent)
Sheila L. Birnbaum
Mark S. Cheffo
Hayden A. Coleman
DECHERT
Three Bryant Park
1095 Avenue of the Americas
New York, NY
Telephone: (212) 698-3500
Fax: (212) 698-3599
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
hayden.colemen@dechert.com

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

/s/ Jonathan L. Stern (consent)
Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Phone: 202-942-5000
Fax: 202-942-5999
Email: jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Phone: 213-243-4000
Fax: 213-243-4199
Email: sean.morris@arnoldporter.com

*Counsel for Defendants Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc. (incorrectly named as "Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.")*

/s/ Donna M. Welch (consent)
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North Lasalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com

*Counsel for Defendants Allergan plc (appearing specially), Allergan Finance, LLC (f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.), Allergan Sales, LLC, and Allergan USA, Inc.*

/s/ Brien T. O'Connor (consent)
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for Defendants Mallinckrodt LLC and SpecGx LLC, and appearing specially for Mallinckrodt plc*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July 2019, the foregoing was served upon all counsel of record via email.

Dated: July 23, 2019

/s/ Steven A. Reed
Steven A. Reed