# EXHIBIT 228

## WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
ALLAN A. MARTIN
LAWRENCE B. PEDOWITZ
ROBERT B. MAZUR
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MICHAEL B. BENNER
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS
STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
ADAM D. CHINN

GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
KAREN G. KRUEGER
DOUGLAS K. MAYER
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
MITCHELL S. PRESSER
ILENE KNABLE GOTTS
DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
MICHAEL S. KATZKE
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JARED M. RUSMAN
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DIPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

---

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

| | |
|---|---|
| WILLIAM T. ALLEN | LEONARD M. ROSEN |
| PETER C. CANELLOS | MICHAEL W. SCHWARTZ |
| THEODORE GEWERTZ | ELLIOTT V. STEIN |
| THEODORE A. LEVINE | J. BRYAN WHITWORTH |
| NORMAN REDLICH | AMY R. WOLF |

COUNSEL

| | |
|---|---|
| DAVID B. ANDERS | PAMELA EHRENKRANZ |
| ADRIENNE ATKINSON | PAULA N. GORDON |
| ANDREW J.H. CHEUNG | ADAM J. SHAPIRO |

J. AUSTIN LYONS
LORI S. SHERMAN
MICHAEL A. CHARISH
DAMIAN G. DIDDEN
ERIC M. ROSOF
MARTIN J.E. ARMS
BENJAMIN D. FACKLER
ISRAEL FRIEDMAN
DIMITRY JOFFE
ROY J. KATZOVICZ
ROBERT J. LIUBICIC
GREGORY E. OSTLING
JONATHAN E. PICKHARDT
EDWARD J.W. BLATNIK
NELSON O. FITTS
JEFFREY C. FOURMAUX
MICHAEL GAT
JEREMY L. GOLDSTEIN
MAURA R. GROSSMAN
JOSHUA M. HOLMES
JOSHUA A. MUNN
DAVID E. SHAPIRO
ANTE VUCIC
IAN BOCZKO
LAURYN P. GOULDIN
MATTHEW M. GUEST
DAVID E. KAHAN
MARK A. KOENIG
DAVID K. LAM
KENNETH K. LEE
MICHAEL S. WINOGRAD
JAMES L. LEVINE
GORDON M. MEAD
DANIELLE L. ROSE
BENJAMIN M. ROTH
ANDREW A. SCHWARTZ
ROBIN M. WALL
DAVID M. ADLERSTEIN
SHIRI BEN-YISHAI
ANATOLIY BIZHKO
JOSHUA D. BLANK
JOSHUA A. FELTMAN

STEPHEN M. FRANCIS
JONATHAN H. GORDON
CHETAN GULATI
ADAM HICKEY
MARGARET ISA
EMIL A. KLEINHAUS
CHI T. STEVE KWOK
JASON M. LYNCH
DEBORAH MARTINEZ
HEATHER M. PAULSON
WILLIAM E. SCHEFFER
DAVID B. SILVA
ADIR G. WALDMAN
RONALD C. CHEN
B. UMUT ERGUN
ANNIE H. JEONG
SARAH S. JOHNSON
MICHAEL KRASNOVSKY
SARAH A. LEWIS
YELENA LUNGIN
SARAH FERN MEIL
GARRETT B. MORITZ
JOSHUA A. NAFTALIS
ALISON L. PLESSMAN
MEREDITH L. TURNER
BORIS BERSHTEYN
PETER E. DEVINE
WILLIAM EDWARDS
ADAM M. GOGOLAK
DANIEL E. HEMLI
MATTHEW S. LEVINE
SCOTT B. LUFTGLASS
PAUL S. MISHKIN
GORDON S. MOODIE
KEVIN OTERO
BRANDON L. PARADISE
DONGJU SONG
BRADLEY R. WILSON
DEREK O. ZABA
THOMAS S. LUE
GREGORY E. PESSIN

September 27, 2006

<u>VIA E-MAIL AND FEDERAL EXPRESS</u>

Steve Krantz, Esq.
Assistant Attorney General
State of New York, Office of the Attorney General
Medicaid Fraud Control Unit, 19th Floor
Empire State Plaza, Agency Building Number 2
Albany, New York 12207

        Re:    <u>Cardinal Health Inc.</u>

Dear Mr. Krantz:

        This letter is respectfully submitted on behalf of our client Cardinal Health Inc. ("Cardinal") in furtherance of our continuing settlement negotiations. As you know, we recently produced additional responsive and non-privileged documents and have reported on the status of Cardinal's ongoing efforts to complete all outstanding document review work as quickly as possible. We now write to address the latest draft of the Assurance of Discontinuance ("AOD") that we received from you on September 11, 2006.

        We thank you for sending us the revised AOD. We particularly appreciate that it incorporates a number of the changes that we proposed at our meetings with you on August 21 and August 22, including limiting the scope of the reforms to Cardinal's prescription pharmaceutical business in the United States and the language that we proposed on the scope of the exception for medical emergencies. We think these are important steps toward creating a workable agreement

WACHTELL, LIPTON, ROSEN & KATZ

Steve Krantz, Esq.
September 27, 2006
Page 2

that also achieves your enforcement goals. We also appreciate that, as you told me by phone on September 11, your office is still considering, and has not yet reached a decision as to, certain of our other proposals.

We are concerned, however, about the number and importance of the still open issues relating to the AOD, including:

- Findings: The draft you sent us does not contain any findings. We have yet to see a copy of any proposed findings, which, as we have explained, could threaten our ability to reach an agreement even if we were able to resolve all other open issues.

- Chain Pharmacy Warehouses: The draft that you sent us still imposes undefined obligations to perform "due diligence" with respect to chain pharmacy warehouses. As we have explained to you, certain chain pharmacies refuse to allow any sort of intrusive inspection by Cardinal or to make certifications. And these large, legitimate customers can of course take their billions upon billions of dollars in business to any wholesaler in the country. Thus, any unrealistic proposal in this area will simply mean that none of the laudable enforcement goals of the AOD will be implemented with respect to such chain pharmacy operations.

- Certifications as to Cardinal's Customers: The draft AOD also requires a certification from all of Cardinal's customers as to their sales of prescription pharmaceuticals. You have not explained how retail pharmacies present such a grave risk of diversion that Cardinal should accept the responsibility for obtaining such certifications from over 33,000 customer locations. As we explained previously, these costs would be prohibitive and are out of proportion to any demonstrable risk that such locations would engage in illegal price diversion. We believe it is much more appropriate, in light of the known facts, to limit the scope of certifications to Cardinal's wholesaler and closed-door pharmacy customers.

- Term: The AOD does not include any changes to the term and most-favored-nation provision. We look forward to hearing your response to the proposals regarding the term provisions that we made in my letter of September 5, 2006.

- Amount of Monetary Payment: This item also remains unresolved. To reiterate Cardinal's position: At our August 22 meeting, we offered to pay $2.5 million to the State of New York, $4.5 million to Health Research, Inc., and $1 million for the costs of investigation.

- Description of Monetary Payment: In the draft you sent us, the description of Health Research, Inc. identifies it with New York State or its subdivisions three times and nowhere mentions that HRI transfers "health care" technology. As we have repeated many times, we do not believe that Cardinal owes

WACHTELL, LIPTON, ROSEN & KATZ

Steve Krantz, Esq.
September 27, 2006
Page 3

any money damages to the State of New York, and we are willing to donate this money only because we share the goal of advancing the health of New Yorkers. We believe this description should *not* mention New York State or its subdivisions three times, and we believe it *should* use the words "health care" in accurately describing what HRI does.

- Tax Treatment: The AOD also contains an unchanged paragraph 17 regarding the tax treatment of the monetary payment. As we have previously explained, we view it as superfluous to the extent it is consistent with existing law. More importantly, the provision also unfairly characterizes the monetary payment as a penalty, which you long ago agreed to avoid doing.

- Inconsistent Law or Court Order: The AOD contains a largely unchanged paragraph 31 that runs the risk of putting Cardinal in the impossible position of violating, on one hand, a law or court order, or, on the other hand, this Assurance. According to your draft, despite the fact that RxUSA has already requested an injunction requiring Cardinal to do business with it, in the event of an inconsistent legal obligation, Cardinal could only appeal to your discretion to avoid violating the law.

- Appendix B: The draft you sent us does contain a substantially revised Appendix B, and, although we are still evaluating those revisions, we would note that it still suffers from the flaw of assuming a size and sophistication not characteristic of many niche market wholesalers, particularly with respect to an annual external audit.

We think that, overall, we have made good progress in our negotiations and remain optimistic that our differences can be resolved in future meetings and discussions, but we did want to take this opportunity to draw your attention to some of the most important open issues. We look forward to meeting soon with you and your colleagues to continue our settlement discussions.

\*     \*     \*

This letter (the "Submission") has been provided to the Attorney General in connection with the above-referenced investigation. The Submission contains highly confidential, sensitive and proprietary, and nonpublic information. Cardinal hereby requests, pursuant to the state Freedom of Information Law ("FOIL"), N.Y. Pub. Off. § 89(5), that the this letter be treated, in its entirety, as nonpublic and confidential, exempt from production under FOIL pursuant to N.Y. Pub. Off. § 87(2) and any other applicable law or regulation, and that this letter, and any information contained in it, not be published, made part of any public record, or made available to any person.

In particular, but not to the exclusion of any other grounds, this letter and the enclosure are exempt from disclosure under FOIL pursuant to N.Y. Pub. Off. §§ 87(2)(a), (2)(b), (2)(d) and (2)(e) and would constitute an unwarranted invasion of privacy under the provisions

WACHTELL, LIPTON, ROSEN & KATZ

Steve Krantz, Esq.
September 27, 2006
Page 4

of N.Y. Pub. Off. § 89(2) because such disclosure would include, among other things, employment and personal information, confidential financial and commercial information, and trade secrets, which, if disclosed, would cause substantial injury to the competitive position of Cardinal. Additionally, because such information has been provided to the Attorney General in connection with an ongoing investigation that could result in enforcement activities, such disclosure would be contrary to N.Y. Pub. Off. § 87(2)(e).

Cardinal further requests that all of the following related materials, in their entirety, be likewise treated as nonpublic and confidential matters under FOIL and any other applicable laws and regulations:

    A. Any memoranda, notes, transcripts or other writings which are made by or at the direction of any employee of the Attorney General (or any other government agency) which incorporate, include or relate to any of the matters:

        1. contained in the Submission; or

        2. referred to in any conference, meeting, telephone conversation or interview, between:

            a. any employee, former employee, representative, agent of, and/or counsel to Cardinal Health; and

            b. an employee of the Attorney General.

    B. This letter and the enclosure.

Should any person request an opportunity to inspect or copy this letter, the enclosure, or any of the related materials described above, Cardinal requests that it be notified immediately of any such request pursuant to N.Y. Pub. Off. § 89(5)(b)(1) and be furnished promptly with all written materials pertaining to such request and be given an opportunity to submit a written statement supporting the exception of the Submission from disclosure. Cardinal further requests that it thereafter be notified promptly of any agency determination with respect to such request and that, pursuant to N.Y. Pub. Off. § 89(5)(c), it be given at least seven days' written notice prior to any intended release so that it may submit additional material substantiating this claim. If the Attorney General determines that confidential treatment is not warranted with respect to the Submission, or any related materials, Cardinal respectfully requests that, pursuant to N.Y. Pub. Off. § 89(5)(d), it be provided 15 days' notice prior of any intended release so that it may pursue any available remedies.

WACHTELL, LIPTON, ROSEN & KATZ

Steve Krantz, Esq.
September 27, 2006
Page 5

Please send any such notices by telecopy to both:

Thomas L. Long, Esq.
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541 (telephone)
(614) 462-2616 (telecopy)
tlong@bakerlaw.com (email)

John F. Savarese, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
(212) 403-1000 (telephone)
(212) 403-2000 (telecopy)
jfsavarese@wlrk.com (email)

The Submission is being provided to the Attorney General for the purpose of assisting it in connection with the above-referenced investigation. At the conclusion of the Attorney General's interest in these matters, Cardinal requests that the Submission and any other related materials provided to the Attorney General, and any copies thereof, be returned to Cardinal. Finally, please note that submission of this letter and the materials enclosed herewith is without prejudice to and with full reservation of all privileges, rights and protections, including the attorney-client privilege and work product immunity, which may pertain to such documents.

Please let us know if you have any questions regarding the enclosed.

Sincerely,

John F. Savarese

Enclosure

cc:    Ivan K. Fong, Esq.
       Corey Goldsand, Esq.
       Thomas L. Long, Esq.