# EXHIBIT 318

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases*[1] | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**WALMART INC.'S RESPONSES TO
PLAINTIFFS (FIRST) COMBINED DISCOVERY REQUESTS
TO NATIONAL RETAIL PHARMACIES DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant Walmart Inc. ("Walmart") hereby responds to Plaintiffs [sic] (First) Combined Discovery Requests to National Retail Pharmacies Defendants ("Combined Requests").

**PRELIMINARY STATEMENT**

Walmart incorporates its General Objections asserted in Walmart Inc.'s Amended and Supplemental Objections and Responses to Plaintiffs' Requests for Production and First Set of Interrogatories, including but not limited to its objections to the term "suspicious order" as vague and ambiguous. All responses are subject to and without waiving Walmart's objections.

Walmart further objects to these Combined Requests on the grounds that they exceed the number of written discovery requests permitted as to Walmart pursuant to Case Management Order No. 1 and based on the procedural history outlined in various communications with the plaintiffs

---

[1] Pursuant to Case Management Order One ("CMO-1") (Dkt. No. 232), discovery is authorized only in the following three cases: *The County of Cuyahoga, Ohio v. Purdue Pharma L.P., et. al.*, Case No. 17-OP-45004 (N.D. Ohio); *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45090 (N.D. Ohio); and *The City of Cleveland, Ohio, v. AmerisourceBergen Drug Corp, et. al.*, Case No. 18-OP-45132 (N.D. Ohio) ("Track One Cases"). Accordingly, these objections and responses relate only to the Track One Cases, and not to any other case currently in, or that may be added to, MDL No. 2804 in the Northern District of Ohio ("MDL").

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

and Special Master. In particular, Walmart objects to Plaintiffs (1) raising the issue of responses to the Combined Requests with the Court on November 20 without notice to the pharmacies of their intention to do so and without giving the Court the benefit of relevant procedural history or correspondence, and (2) taking a position inconsistent with their prior representations that the Combined Requests did not require separate responses.

Walmart objects to these Combined Requests to the extent that they seek information inconsistent with the Court's and Special Master's rulings regarding scope of discovery. Consistent with Discovery Ruling No. 3, Walmart will respond with information relevant to Walmart's distribution of the Schedule II opioids listed in Appendix A ("Relevant CII Opioids") to Cuyahoga County, Ohio and Summit County, Ohio ("Relevant Geographic Area") during the period from January 1, 2006 to April 25, 2018 ("Relevant Time Period"). Walmart only distributed the Relevant CII Opioids to its own pharmacies and ceased distribution of all Schedule II Controlled Substances in April 2018.

Walmart incorporates the responses in Walmart Inc.'s Amended and Supplemental Objections and Responses to Plaintiffs' Requests for Production and First Set of Interrogatories. Walmart reserves the right to amend and/or supplement these responses. Discovery is ongoing, the close of fact discovery is set for January 25, 2019, and testimony regarding Walmart's order monitoring activities is being elicited during depositions of fact witnesses and has been expressly sought by Plaintiffs in their Rule 30(b)(6) Notice (deposition scheduled). (*See, e.g.,* Topics (a) Your past/present suspicious orders monitoring system, SOMS program, policies and procedures; and (j) How Your policy, procedures, standards and metrics used to identify suspicious orders has [sic] changed over time).

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

## SPECIFIC OBJECTIONS AND RESPONSES

2. Please produce each of your *Suspicious Order Monitoring System (SOMS)* policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect.

**RESPONSE:**

Walmart objects to Combined Request No. 2 on the grounds that it is vague and ambiguous as to the meaning of the undefined terms "policies," "procedures," and "Suspicious Order Monitoring System (SOMS)."

Subject to and without waiving its specific and General Objections, Walmart states that during the Relevant Time Period it had in place numerous written and unwritten policies and procedures to monitor orders from its pharmacies and prevent diversion. Walmart, however, interprets this request to seek the production and identification of Walmart's written policies and procedures specific to suspicious order monitoring of the Relevant CII Opioids. Pursuant to that interpretation, Walmart states that it has already produced such written policies and procedures. Their Bates numbers and approximate effective dates are as follows:

| Document | Approximate Effective Dates |
|---|---|
| WMT_MDL_000011106 | 11/2010 – 10/2014 |
| WMT_MDL_000011107-11109 | 10/2014 – 3/2015 |
| WMT_MDL_000000963-965 | 3/2015 – 12/2015 |
| WMT_MDL_000000966-968 | 12/2015 – 6/2017 |
| WMT_MDL_000000969-971 | 6/2017 – 11/2017 |
| WMT_MDL_000008377-8379 | 8/2014 – 1/2015 |
| WMT_MDL_000004237-4239 | 1/2015 – 4/2017 |
| WMT_MDL_000004781-4783 | 4/2017 – 11/2017 |

Out of an abundance of caution in light of the Court's November 21, 2018 order, Walmart further states that in addition to the written policies and procedures reflected in the documents

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

cited above, Walmart employed additional policies, practices and procedures to monitor orders from its pharmacies during the Relevant Time Period including:

- From as early as 1994 until 2010, employees in Walmart's pharmacy distribution centers reviewed Controlled Drug Stock Exception Reports, followed up on orders by speaking with pharmacists, and escalated issues to market and/or region leadership as needed to investigate orders and/or resolve concerns.

- From approximately 2004 until at least August 2010, consistent with direction from DEA, employees in Walmart's Schedule II distribution center, Distribution Center No. 6045 ("DC 6045"), faxed monthly reports to the Little Rock DEA office based on their review of Controlled Drug Stock Exception Reports. (*See, e.g.,* WMT_MDL_000044441).

- From approximately 2010 until approximately 2015, employees in Walmart's pharmacy distribution centers reviewed Controlled Drug Stock Exception Reports and internally circulated reports listing all stores/items above 4% for further review and follow-up as needed.

- From approximately 2011 until approximately 2015, Walmart implemented order alerts in Reddwerks (Walmart's order fulfillment system) that flagged orders for controlled substances of 50 bottles or more and orders for amounts 30% higher than a rolling 4 week average for that item.

- From approximately July 2012 until approximately 2015, employees in Walmart's DC 6045 implemented a hard limit of 20 bottles for shipments of Oxycodone 30 mg, and internally circulated a report listing orders for Schedule II controlled substances of more than 20 bottles for further review and follow-up as needed. (*See, e.g.,* WMT_MDL_000009423 and the deposition of Jeff Abernathy).

- From approximately 2015 through November 2017, Walmart implemented enhanced thresholds in Reddwerks and a tiered review process (involving teams from Walmart's Health & Wellness Logistics and Practice Compliance divisions) for orders placed by its pharmacies. (*See, e.g.,* depositions of Jeff Abernathy and Chad Ducote).

- From November 2017 until the end of the Relevant Time Period when Walmart ceased all distribution of Controlled Substances, Walmart used the Buzzeo system to analyze orders from Walmart pharmacies and flag Orders of Interest, which were reviewed by Walmart's Health & Wellness Practice Compliance personnel. All Orders of Interest identified using the Buzzeo system were reported to DEA. (*See, e.g.,* WMT_MDL_000053813).

- For the entire Relevant Time Period, employees in Walmart's pharmacy distribution centers monitored orders. (*See, e.g.,* processes described during the deposition of Jeff Abernathy).

**RESPONSES CONTAIN WALMART CONFIDENTIAL**
**INFORMATION SUBJECT TO PROTECTIVE ORDER**

- For the entire Relevant Time Period, Walmart cooperated fully in DEA audits, which included review of Walmart's order monitoring processes.

Further in response to Combined Request No. 2, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Walmart refers plaintiffs to the documents produced in response to plaintiffs' written discovery requests and to the testimony provided by Jeff Abernathy and Chad Ducote during their depositions in this case. In addition, testimony regarding Walmart's order monitoring activities will be elicited during depositions of additional fact witnesses (8 additional fact witness depositions have been scheduled). Finally, Walmart has agreed to provide corporate testimony concerning Walmart's policies and procedures for suspicious orders and orders of interest with respect to Walmart's distribution of the Relevant CII Opioids in response to Plaintiffs' Rule 30(b)(6) Notice (deposition scheduled). (*See, e.g.,* Topics (a) Your past/present suspicious orders monitoring system, SOMS program, policies and procedures; and (j) How Your policy, procedures, standards and metrics used to identify suspicious orders has [sic] changed over time).

**The following requests will be addressed collectively:**

3. Please identify and describe each ***suspicious order*** your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

4. Please identify each suspicious order you ***reported*** to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

5. For each suspicious order you identified but did not report to the DEA since January 1, 2006, please describe in as much detail as possible the reasons and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

6. For each suspicious order you reported to the DEA since January 1, 2006, please identify whether you ***declined*** the order or ***shipped*** the order and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

7. For each suspicious order you reported and then shipped since January 1, 2006, please produce all documents related to your "***due diligence***" for each; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

**RESPONSE:**

Subject to and without waiving any of its Objections, Walmart states that Walmart did not identify any suspicious order for the Relevant CII Opioids from a pharmacy in the Relevant Geographic Area during the Relevant Time Period.  Accordingly, Walmart did not ship any suspicious order into the Relevant Geographic Area during the Relevant Time Period.

Dated: November 30, 2018

*s/ Tara A. Fumerton*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker Drive
Chicago, Illinois  60601
Telephone: (312) 782-3939
Email: tmtabacchi@jonesday.com
          tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

### Appendix A – Relevant Schedule II Opioid Drug List

- alfentanil
- codeine
- dihydrocodeine
- diphenoxylate
- fentanyl
- hydrocodone
- hydromorphone
- levorphanol
- meperidine
- methadone
- morphine
- opium
- oxycodone
- oxymorphone
- remifentanil
- sufentanil
- tapentadol

**RESPONSES CONTAIN WALMART CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that, this 30th day of November, 2018, I caused the foregoing to be served via electronic mail on counsel of record for plaintiffs in this case via mdl2804discovery@motleyrice.com, as well as Michael Innes (MInnes@carellabyrne.com) and Zachary Bower (ZBower@carellabyrne.com).

/s/ Kelly M. Bonovich
Kelly M. Bonovich

*Counsel for Walmart Inc.*

NAI-1504049008