EXHIBIT 371

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-MD-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| *Track One Cases.* | |

### DEFENDANTS WALGREEN CO. AND WALGREEN EASTERN CO.'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Walgreen Co. and Walgreen Eastern Co. ("Walgreens") hereby amend their responses to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District of Ohio, Case Management Order No. 1 (Doc. 232), and Discovery Rulings No. 2 (Doc. 693) and No. 3 (Doc. 762).[1]

### GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this multidistrict litigation. By responding to these Interrogatories, Walgreens does not waive any objections that it may have to the admission into evidence of these responses, or any documents and things produced in response to these Interrogatories, on any applicable grounds.  Walgreens reserves the right to object on any ground at any time to a request for further responses to these Interrogatories, as well as the right to revise, correct, add to, supplement, or clarify any of the objections contained herein at any time.

---

[1] Walgreen Co. and Walgreen Eastern Co. have been substituted as Defendants in these cases in place of Walgreens Boots Alliance, Inc.  Walgreens Boots Alliance is no longer a party to these cases.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

2.      Any production of documents provided in response to these Interrogatories is subject to the Protective Order (Doc. 441).

3.      Walgreens objects to the Definitions and Instructions used in these Interrogatories to the extent that they purport to impose obligations or burdens on Walgreens that go beyond those imposed by Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District of Ohio, the Case Management Orders, and the Discovery Rulings entered in this action (referred to collectively as "Discovery Rules").  Walgreens will comply with the Discovery Rules, but assumes no further obligation in responding to these Interrogatories.

4.      Walgreens objects to these Interrogatories to the extent that they seek discovery that is not relevant to any party's claims or defenses.

5.      Walgreens objects to these Interrogatories because they are not proportional to the needs of these cases, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, and that otherwise goes beyond the scope of permissible discovery at this stage of these proceedings.

6.      Walgreens objects to these Interrogatories because they seek discovery that is not relevant to the three Track One Cases under Case Management Order One, i.e., *The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 17-OP-45004 (N.D. Ohio); *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090 (N.D. Ohio); and *The City of Cleveland, Ohio v. Purdue Pharma L.P., et al.*, Case No. 18-OP-45132 (N.D. Ohio) (referred to herein as the "Track One Cases").  As appropriate, Walgreens will

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

limit its responses to information and documents that relate to the two counties (Cuyahoga County, Ohio and Summit County, Ohio) at issue in the Track One Cases.

7.        Walgreens objects to these Interrogatories to the extent that they include multiple subparts and therefore exceed the total number of interrogatories permitted by the Court for the Track One Cases.  Walgreens further objects to these Interrogatories on the grounds that they are individually and collectively overly broad and unduly burdensome and seek discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the cases.  Plaintiffs' sweeping Interrogatories seek information for a period spanning almost 30 years without any limits on custodians or non-custodial sources.  These Interrogatories are unreasonable.  To the extent that Walgreens agrees to respond to these Interrogatories, Walgreens is agreeing to produce only the information it identifies in its response.

8.        Walgreens objects to these Interrogatories to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection ("privileged information").  The inadvertent disclosure of privileged information or documents in response to these Interrogatories shall not be deemed a waiver of any privilege or right as to the privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently-disclosed privileged information.

9.        Walgreens objects to these Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that any Interrogatory, Definition, or Instruction seeks disclosure of information protected by any confidentiality obligation owed to a third party.  Walgreens will not disclose or produce such information or

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

documents absent notice to and, if required, consent of the third party or entry of a court order compelling production.

10.     Walgreens objects to these Interrogatories to the extent that they seek documents or information that: (a) are in Plaintiffs' possession, custody, or control; (b) are not in Walgreens' possession, custody, or control; (c) are equally or more readily available from sources other than Walgreens; (d) Plaintiffs can obtain from other sources that are more convenient, less burdensome, and/or less expensive than requiring Walgreens to provide the information; (e) are not reasonably accessible to Walgreens; and/or (f) are publicly available to Plaintiffs.  With regard to any response that Walgreens provides, Walgreens' response will be limited to relevant, responsive, and non-privileged information or documents in its possession, custody, or control located after a reasonable search that is proportional to the needs of the case.

11.     Walgreens objects to these Interrogatories to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

12.     Walgreens objects to these Interrogatories, and to the Interrogatories' Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction: (a) is unduly burdensome, oppressive, overly broad, ambiguous, confusing, or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for Walgreens to draw a legal conclusion in order to respond.

13.     Walgreens objects to these Interrogatories, and to the Interrogatories' Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction assumes facts and events or includes characterizations that are assumed to be accurate, and contains legal conclusions.  By providing responses to these Interrogatories, Walgreens does not admit or concede that any assumed fact, event, characterization, or legal conclusion is

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

correct or accurate, and Walgreens expressly reserves the right to contest any and all assumed facts, events, characterizations, and legal conclusions.

14.    Walgreens objects to each Interrogatory, Definition, or Instruction that purports to require that Walgreens identify and provide discovery with regard to "each," "all," "any," or similar all-encompassing wording, on the grounds that such Interrogatories, Definitions, and Instructions are overly broad, unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

15.    Walgreens objects to each Interrogatory in this set to the extent that it seeks premature expert discovery or disclosure of expert opinions and goes beyond the scope of permissible expert discovery under the Discovery Rules.  Walgreens will provide expert discovery and disclosures on the dates set by the Court in compliance with the Discovery Rules, but assumes no further obligation in responding to these Interrogatories.

16.    Walgreens' investigation and discovery are ongoing as to all matters referred to in these objections and responses to Plaintiffs' Interrogatories.  Walgreens' responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories, and they are not prepared from the personal knowledge of any single individual.  Walgreens reserves the right to amend and supplement these responses as discovery and this litigation proceed.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Walgreens objects to the Definitions of "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and purports to extend the Interrogatories beyond the Walgreens entities that are named as Defendants in this litigation and seek information and documents that are not in Walgreens' possession, custody, or control.  For purposes of its

5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

responses, Walgreens will define "You" and "Your" to mean Walgreen Co. and Walgreen Eastern Co. and will respond with regard to information and documents in those entities' possession, custody, or control.

      2.      Walgreens objects to the Definitions of "Document" and "Communication" to the extent that they seek to impose obligations on Walgreens beyond those imposed by the Discovery Rules.  Walgreens will respond in accordance with the applicable Discovery Rules and assumes no further obligation.

      3.      Walgreens objects to the Definition of "Customer" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome and, as defined by Plaintiffs, seeks discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of these cases.  For purposes of its responses, Walgreens will interpret "Customer" to mean Walgreens pharmacies in Cuyahoga and Summit Counties.

      4.      Walgreens objects to the Definitions of "Opioid," "Opioids," "Opioid Product," and "Opioid Products" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome and, as defined by Plaintiffs, seek discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case.  For purposes of responding to these Interrogatories, Walgreens will interpret "Opioid," "Opioids," "Opioid Product," and "Opioid Products" to mean oxycodone, hydrocodone, hydromorphone, fentanyl, oxymorphone, morphine, methadone, and tapentadol, including the brand names for those Opioids Oxycontin, Dilaudid, Hysingla, Targin, Kadian, Norco, Actiq, Duragesic, Nucynta, Opana, Percocet, Subsys, Exalgo, Roxicodone, Xartemis, and Methadose.

      5.      Walgreens objects to the Definition of "Suspicious Order" to the extent that it differs from or extends beyond the Definition of "Suspicious Order" that appears in 21 C.F.R. § 1301.74, which includes orders of unusual size, orders deviating substantially from a normal

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

pattern, and orders of unusual frequency.  Walgreens further objects to the extent that Plaintiffs'

Definition of "Suspicious Order" incorporates Plaintiffs' Definitions of "Opioids" and "Opioid

Products" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome

and, as defined by Plaintiffs, seeks discovery that is not relevant to any party's claims or

defenses, nor proportional to the needs of the case.  For purposes of its responses, Walgreens

will interpret "Suspicious Order" using the DEA's definition for this term as it relates to

"Opioids" and "Opioid Products" as defined by Walgreens in its objection to Definitions and

Instructions No. 4 above.

6.      Walgreens objects to the Definition of "identify" to the extent that the

Definition goes beyond common usage of the term, results in interrogatories that are overly

broad, vague, ambiguous, and unduly burdensome and, using Plaintiffs' Definition of

"identify," seeks discovery that is not relevant to any party's claims or defenses, nor

proportional to the needs of the case, purports to impose obligations or burdens on Walgreens

that go beyond the Discovery Rules, and makes demands for information and documents that

are not in Walgreens' possession, custody, or control.  Walgreens further objects to this

Definition to the extent that it seeks to add requirements to an interrogatory not otherwise stated

in the actual interrogatory and creates a compound interrogatory.  Walgreens will respond to the

Interrogatories as propounded, subject to its objections, and does not agree to respond with

regard to additional requirements or questions that Plaintiffs purport to impose through their

Definition of "identify."

7.      Walgreens objects to Plaintiffs' time period Instruction seeking discovery for

the time period commencing January 1, 1990, on the grounds that this demand for discovery for

a time period dating back more than 29 years is overly broad, vague, ambiguous, and unduly

burdensome, it seeks discovery that is not relevant to any party's claims or defenses, nor

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

proportional to the needs of these cases, and it conflicts with the Court's discovery rulings with respect to the proper timeframe of discovery.  Walgreens' amended responses will be limited to the time periods addressed in the Court's discovery rulings and to the extent responsive information is available in those periods.

8.  Walgreens objects to Plaintiffs' ESI Instruction to the extent that it varies from or goes beyond the ESI provisions entered by the Court in Case Management Order No. 3.

9.  Walgreens will produce ESI in accordance with the ESI Protocol, Case Management Order No. 3 (Doc. 443).

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please Identify the name, address and DEA registration number of each of Your distribution centers that shipped Opioids or Opioid Products to Customers in Ohio between January 1, 1990 to the present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, in that it seeks information about distribution of Opioids to pharmacies outside the jurisdictions covered by the Track One Cases.  Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, the Walgreens distribution centers that formerly distributed Schedule II Opioids, and their DEA registration numbers, are:

Jupiter Distribution Center
15998 WALGREENS DRIVE
Jupiter, FL 33478
DEA No. RW0277752

8

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Woodland Distribution Center
2370 E. MAIN ST.
Woodland, CA 95776
DEA No. RW0204026

Perrysburg Distribution Center
28727 Oregon Road
Perrysburg, OH 43551
DEA No. RW0294493

**INTERROGATORY NO. 2:** Please Identify all pharmacies that You do not own and/or control that you shipped Opioids and/or Opioid Products to.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, in that it seeks information about distribution of Opioids to pharmacies outside the jurisdictions covered by the Track One Cases.  Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has not distributed Opioids to pharmacies that it does not own.

**INTERROGATORY NO. 3:** Please Identify each Person in Your sales or marketing departments whose direct or indirect responsibilities included the sales and/or distribution of Opioid or Opioid Products in Ohio from January 1, 1990 to the present. Your answer should include any of Your executives or officers having direct reports whose sales or marketing responsibilities included Ohio.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome, and not proportional, in that it seeks information about distribution of Opioids to

pharmacies outside the jurisdictions covered by the Track One Cases.  Walgreens further objects

to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts

with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because

Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever

distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens' sales and marketing

departments have not been involved in the sales, marketing, or distribution of Opioids.

**INTERROGATORY NO. 4:** In conjunction with Request for Production No. 31 please
Identify any orders You received that were at any point identified as a possible Suspicious Order.
For each of these possible Suspicious Orders provide:

a.      the date of said Suspicious Order and the Customer's Identity and address;

b.      a description of said order;

c.      whether said order was reported to the DEA;

d.      the due diligence You performed;

e.      the date of any halt and/or suspension order;

f.      the date said order was shipped or fulfilled; and the basis for the determination
        that said order was suspicious.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it requests information about "possible" Suspicious

Orders, a term that is not defined.  Walgreens further objects to this Interrogatory because the

timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.

Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to

any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

10

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving its Objections, in accordance with Federal Rule of Civil

Procedure 33(d) and the Court's discovery rulings, Walgreens has produced Suspicious Control

Drug Order reports regarding Opioids orders from Walgreens pharmacies in the Track One

jurisdictions, to the extent they exist, remain in Walgreens' possession, custody, or control, and

were located following a reasonable search.  Walgreens has provided Bates numbers for those

productions in response to Plaintiffs' Combined Discovery Requests.  Further, Walgreens

incorporates by reference its responses to Plaintiffs' Combined Discovery Requests.

**INTERROGATORY NO. 5:** Please Identify any Persons employed by You, or who
received compensation from You, including any former employees, who reviewed or analyzed
data regarding the distribution and/or dispensing of Opioids or Your Opioid Products, including
data regarding prescriber, Customer and/or any pharmacy/dispenser that You own and/or control,
histories and trends for the state of Ohio from January 1, 1990 to present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is vague and ambiguous

as to "data," "histories," and "trends."  Walgreens further objects to this Interrogatory because it

is overly broad and unduly burdensome, in that it seeks the identification of "any" persons

employed or formerly employed by Walgreens in a variety of undefined roles over a 29-year

period.  Walgreens further objects to this Interrogatory because the timeframe is overly broad,

unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects

to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio

since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, the following employees work in

Walgreens' Pharmaceutical Integrity department, which is responsible for evaluating orders of

Opioids from Walgreens pharmacies:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Bratton, Edward | Manager, Pharmaceutical Integrity |
|---|---|
| Daugherty, Patricia | Manager, Pharmaceutical Integrity |
| Dominici, Angela | Coordinator, Pharmacy Integrity |
| Heinzl, Rebecca | Quality & Accreditation Analyst |
| Kennedy, Steven | Manager, Local Specialty Quality |
| Kluczyk, Jason | Business Analyst Sr, Rx Integrity |
| Kryger, Erika | Coordinator, Specialty Products & Programs |
| Mills, Steven | Business Analyst Sr, Rx Integrity |
| Patt, Alexander | Business Analyst Sr, Rx Integrity |
| Pietsch, Alicia | Business Analyst Sr, Rx Integrity |
| Polster, Natasha | VP, Pharmacy Quality, Compliance, and Patient Safety |
| Stahmann, Eric | Manager, Pharmaceutical Integrity |
| Surovitz, Ronda | Coordinator, Pharmacy Integrity |
| Tolva, W. Jeffrey | Business Analyst Sr, Rx Integrity |

Additional Walgreens employees who were involved in developing Walgreens' order monitoring systems in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include Steve Bamberg, Wayne Bancroft, Manuela Chirica, Rakesh Khanna, John Merritello, Doug Peterson, and Ora Yelvington.

Additional Walgreens employees who were involved in monitoring or evaluating orders within the Track One jurisdictions in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include personnel at the Perrysburg distribution center, including for example Deb Bish, Jen Diebert, Tammy Hensley, Matthew Nye, the pickers in the C2 vault, the auditors who audited orders before they were placed on trucks for shipment, and employees in the distribution center's computer room.

Additional Walgreens employees who were involved in monitoring or evaluating orders in earlier timeframes, including when Walgreens was distributing Opioids to its own pharmacies, include personnel at the corporate level, including Barb Martin and Marcella Ranick.  Walgreens district managers and healthcare supervisors (formerly pharmacy supervisors) have also played a role in evaluating manual orders and ceiling override requests from individual Walgreens pharmacies.

12

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Additional Walgreens employees with knowledge of Walgreens' order monitoring systems and procedures include Justin Joseph, Steve Kneller, Denman Murray, Dwayne Pinon, Ed Svihra, David Reiter, and Raymond Stukel.

**INTERROGATORY NO. 6:** Please Identify any data, including the source of that data, that You either currently use or previously used to study, review or analyze the distribution and/or dispensing or use of Opioids or Opioid Products, including data regarding prescriber dispenser and/or Customer and/or any pharmacy/dispenser that You own and/or control histories and trends, and the Persons or entities who provide that data.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "any" data.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory on the grounds that documents are available from a more convenient source. Walgreens further objects to this Interrogatory as vague and ambiguous, because the term "data" is undefined and incapable of precise meaning.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, in the timeframe when Walgreens was distributing Opioids to its pharmacies, Walgreens used data from its own pharmacies to evaluate orders of Opioids from those pharmacies.  Further, Walgreens incorporates its responses to Plaintiffs' (First) Combined Discovery Requests, Request No. 7.  Pursuant to Fed. R. Civ. P. 33(d), Walgreens also incorporates the data reports related to dispensing that it has produced from its custodial files, including its Pharmaceutical Integrity custodians, which, from time to time, may have been used to evaluate orders of Opioids from Walgreens pharmacies.

13

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 7:** Please Identify all industry associations or other organizations that provided education, information, services or had any involvement with the use, safety, efficacy, production, marketing, sale, dispensing or distribution of Opioid and/or Opioid Products that You are or were a member of, or to which You provided financial or other support, from 1990 to present. Additionally, Identify what if any positions Your employees, officers, or directors have held with any such organizations from January 1, 1990 to present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints. Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "all industry associations or other organizations" to which Walgreens belonged or contributed over a 29-year period, as well as "any" positions held by a Walgreens employee, officer, or director in that time. Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings. Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies. Walgreens further objects to this Interrogatory on the grounds that it calls for information available from a more convenient source.

Subject to and without waiving its Objections, Walgreens does not track, in the ordinary course, the outside organizations to which its employees belong. Walgreens has been a member of the National Association of Chain Drug Stores since 2009, the earliest date for which information is available. Additionally, Walgreens funds education and prevention programs related to Opioid abuse, including but not limited to its campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute the Opioid antidote Naloxone without a prescription at select Walgreens pharmacies across the United States, and its safe medication disposal program, which provides safe medication disposal kiosks at Walgreens stores nationwide.

14

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 8:** Please Identify any Customer and/or any pharmacy/dispenser that You own and/or control, including any Defendant in this case, to whom You provided (by sale or otherwise) data regarding the distribution and/or dispensing of Opioids or Opioid Products, and describe in detail the data You provided and the date that You provided the data.  Plaintiffs limit this request to the state of Ohio from January 1, 1990 to present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory as vague and ambiguous, because the term "data" is undefined and incapable of precise meaning.  Subject to and without waiving its Objections, Walgreens invites Plaintiffs to clarify the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 9:** Please describe any marketing You provided to any Customer. For each such marketing or other service or solution You provided, Identify the Customer to whom You provided the services and the dates during which You provided the service or solution.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional because it is not limited to marketing related to Opioids or the distribution of Opioids.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.

15

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 10:** Please describe any marketing or other services related to Opioids or Opioid Products that You provided to any pharmacy/dispenser that You own and/or control.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame or geographic scope, and it conflicts with the Court's discovery rulings.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.  Walgreens funds education and prevention programs related to Opioid abuse, including but not limited to its campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute Naloxone without a prescription at select Walgreens pharmacies across the United States, and its safe medication disposal program, which provides safe medication disposal kiosks at Walgreens stores nationwide.

**INTERROGATORY NO. 11:** For each Customer and/or any pharmacy/dispenser that You own and/or control who purchased Opioids and/or Opioid Products from You from January 1, 1990 to the present, please Identify that entity's threshold and/or Controlled Substance limit at the time of the Order, and Identify all personnel who were responsible for establishing and/or approving any threshold or Controlled Substance limit.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks the threshold limit for every order, from every Walgreens pharmacy in the country, for a 29-year period.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "all personnel" who were ever

16

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

responsible for establishing "and/or" approving "any" threshold or limit.  Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, all Walgreens pharmacies are subject to automated order monitoring.  Walgreens' Pharmaceutical Integrity department establishes thresholds or ceiling limits for every pharmacy.  Those limits differ by drug and by pharmacy, and they change daily based on a variety of factors.  Walgreens refers to the personnel identified in response to Interrogatory No. 5 as those involved in evaluating orders from Walgreens pharmacies and with Walgreens' order-monitoring systems.  Pursuant to Federal Rule of Civil Procedure 33(d), Walgreens produced data regarding the current ceiling limits for Opioids in pharmacies within the jurisdictions of the Track One Cases, *see* WAGMDL00400359.  Walgreens has also produced documents that remain in its possession regarding historical threshold violations, *see, e.g.*, WAGMDL00674560.  Walgreens does not retain a repository of historical threshold or ceiling limit data, and has produced all responsive documents regarding historical thresholds that could be located following a reasonable search.

**INTERROGATORY NO. 12:** Please Identify the date and location of each DEA meeting, training, informational or educational session, or briefing[2] provided to You by the Diversion Control Division, or any other DEA employee(s), related to the distribution of Controlled Substances, and Identify all Persons who were present for each meeting, training, informational or educational session and/or briefing.

---

[2] E.g., the Diversion Control Division provided on-site briefing to Cardinal Health on or about August 22, 2005.  *See* ¶ 28, Declaration of Joseph Rannizzisi, *Cardinal Health, Inc. v. Eric Holder*, United States District Court for the District of Columbia, Civil Action No. 1:12-cv-185 (RBW).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional as it relates to all Controlled Substances and is not limited to Opioids.  Walgreens further objects to this Interrogatory on the grounds that the information is more easily obtained from other available sources.  Walgreens further objects to this Interrogatory to the extent it seeks information regarding the DEA's briefing of distributors such as Cardinal Health, rather than Walgreens, as n.1 suggests.  Walgreens further objects to the phrase "meeting, training, information or educational sessions, or briefing provided to You" as overly broad, vague, ambiguous, and confusing.  Walgreens further objects to this Interrogatory because the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, pursuant to Federal Rule of Civil Procedure 33(d), and to the extent any are located following a reasonable search, Walgreens has produced documents sufficient to identify meetings with the DEA relating to the distribution of Opioids in the Track One jurisdictions since 2006, including for example WAGMDL00049389, WAGMDL00066685, WAGMDL00071582, WAGMDL00303055, WAGMDL00303056, WAGMDL00387624, WAGMDL00387635, WAGMDL00387641, WAGMDL00387642, WAGMDL00387651, WAGMDL00395965, WAGMDL00400361, WAGMDL00400365, WAGMDL00407476, WAGMDL00442094, WAGMDL00493670, WAGMDL00493683, WAGMDL00493688, WAGMDL00493694, WAGMDL00493697, WAGMDL00493701, WAGMDL00493704, WAGMDL00493707, WAGMDL00493710, WAGMDL00493713,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

WAGMDL00493716, WAGMDL00493719, WAGMDL00499183, WAGMDL00502008,

WAGMDL00615151, WAGMDL00615165, WAGMDL00659828, WAGMDL00660331,

WAGMDL00674277, WAGMDL00674280, WAGMDL00709507.

**INTERROGATORY NO. 13:** Please Identify all Persons who were responsible for administering, overseeing, developing and/or implementing any and all policies, procedures, systems or programs designed to detect and report Suspicious Orders or to maintain effective controls against diversion of Controlled Substances from January 1, 1990 to present. This includes but is not limited to, Persons responsible for review, verification, approval and release of Suspicious Orders or orders of interest, as well as all Persons with the ability to override any system, from January 1, 1990 to present.  For each Person listed, please provide their title and the time frame in which they served in a relevant position.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional as it relates to all Controlled Substances and is not limited to

Opioids.  Walgreens further objects to this Interrogatory because it is vague and ambiguous, as

"orders of interest" is not defined.  Walgreens further objects to this Interrogatory on the grounds

that it is vague, ambiguous, and overly broad because it would require identification of any

current or former employee involved in evaluating orders over the past 29 years, regardless of

the substance of the employee's work.  Walgreens further objects to this Interrogatory because

the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery

rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed

Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens incorporates by reference its

response to Interrogatory No. 5.

**INTERROGATORY NO. 14:** Please Identify any contribution or payment You have provided to any 501(c)(3) organization, 501(c)(4) organization, Healthcare Distribution Management Association (HDMA), Healthcare Distribution Alliance (HDA), National Association of Chain Drug Stores (NACDS), National Association of Attorneys General, Republican Attorney General Association, and Democratic Attorney General Association and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Federation of State Medical Boards from January 1, 1990 to present.  This includes when the contribution/payment was made, the amount, and to whom it was made.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory on the grounds that it calls for

information more easily accessible from other sources.  Walgreens further objects to this

Interrogatory because it is overly broad and unduly burdensome, in that it seeks "any"

contribution to "any" 501(c)(3) or 501(c)(4) organization, and a number of specifically named

organizations, over a period of 29 years.  Walgreens further objects to this Interrogatory because

the timeframe is overly broad, unduly burdensome, and conflicts with the Court's discovery

rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed

Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, pursuant to Federal Rule of Civil

Procedure 33(d), Walgreens has produced documents identifying contributions to NACDS since

2009, the earliest date for which information is available.  Walgreens has not been a member of

HDMA, HDA, or PhRMA.

**INTERROGATORY NO. 15:** Please Identify each Person, other than a Person intended to be called as an expert witness at trial, who likely has discoverable information that tends to support a position or defense that You have taken or intend to take in this action, and state the subject matter of the information possessed by that Person. This Interrogatory is intended to include but not be limited to, any basis or claim You believe in any way limits your duties as set forth in 21 U.S.C. §823(e), 21 C.F.R. §1301.74(b), 21 C.F.R. §1301.71(a), and/or 21 C.F.R. §1306.04(a).  Please also Identify any Documents that would support this position as well as the custodian of said Documents.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it is premature and seeks to impose duties beyond those required by the

Federal Rules of Civil Procedure, including but not limited to Rule 26.  Neither the Rules nor

any applicable Order of the Court requires Walgreens to disclose its trial witness list at this stage

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in the ligation. Walgreens further objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine. Walgreens further objects to this Interrogatory to the extent it impermissibly calls for the production of documents.

Subject to and without waiving its Objections, Walgreens identifies the following entities which may (through their employees or agents) have information relevant to the claims or defenses at issue: the Food and Drug Administration, Drug Enforcement Administration, the Ohio Board of Pharmacy, the State Medical Board of Ohio, Summit County, Cuyahoga County, the City of Cleveland, pharmaceutical manufacturers, wholesale drug distributors, national chain pharmacies, independent pharmacies, pharmacists who dispensed Opioids to patients in the jurisdictions of the Track One Cases, the Ohio Pharmacist Association, physicians who prescribed Opioids to patients in the jurisdictions of the Track One Cases, the Ohio State Medical Association, and insurance companies who provided coverage for Opioids dispensed in the jurisdictions of the Track One Cases. Walgreens further identifies Walgreens pharmacists Joshua Close, Luke Forkapa, Debra Lieske, and Kipp Tiger, who may have discoverable information related to ordering and dispensing Opioids in the Track 1 jurisdictions. Walgreens further identifies its own custodians as disclosed to Plaintiffs, and the custodians disclosed by the other parties in these cases. Walgreens further identifies each witness who has been named in Walgreens' discovery responses, and each witness who has been or will be noticed or subpoenaed for a deposition in these cases. Walgreens reserves its right to identify additional individuals with discoverable information as discovery proceeds.

**INTERROGATORY NO. 16:** Describe in detail the corporate history of Your entities, subsidiaries and/or divisions that have, or have had, any role in the manufacture, marketing, sale, dispensing and/or distribution of Opioids or Opioid Products from January 1, 1990 to present, including the dates of acquisition or changes in relationships, and Identify the Persons or entities who hold or have assumed any known or unknown liabilities of each such entity, subsidiary, or division in relation to Opioids or Opioid Products.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional, as it calls for information from an entity, subsidiary, or division that had "any role."  Walgreens further objects to this Interrogatory on the grounds that it calls for information more easily accessible from other sources.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome as to timeframe and geographic scope, and conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has not manufactured or marketed Opioids.  During the timeframe when Walgreens distributed Opioids, it did so through Walgreen Co. and Walgreen Eastern Co.  Walgreens dispenses prescription medications through Walgreen Co.

**INTERROGATORY NO. 17:** Identify each custodian whose records You have searched in order to locate information responsive to these Interrogatories and/or Documents responsive to the Plaintiffs' First Requests for Production.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information protected by the attorney-client privilege.  Subject to and without waiving these Objections, Walgreens has disclosed the following custodians:

- *Brian Amend:* Director, IT Merchandising and Supply Chain
- *Stephen Bamberg:* Manager, IT Supply Chain and Merchant
- *Wayne Bancroft:* Lead Business Systems Analyst, IT Integration
- *Sean Barnes:* Manager, IT Supply Chain and Merchant
- *Deb Bish:* Function Manager, Perrysburg Distribution Center
- *Mike Bleser:* Divisional Vice President, Generic Rx Purchasing and Rx Supply Chain
- *Ed Bratton:* Manager, Pharmaceutical Integrity
- *Casey Cesnovar:* Vice President, State and Local Government Relations
- *Kermit Crawford:* Former President, Pharmacy, Health, and Wellness

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- *Patricia Daugherty:* Manager, Pharmaceutical Integrity
- *Jennifer Diebert*: SAIL Coordinator, Perrysburg Distribution Center
- *Chris Domzalski:* Former Audit Executive
- *Chris Dymon*: Former Manager, Pharmaceutical Integrity
- *Kathy Emery:* Manager, IT Supply Chain and Merchant
- *Tomson George:* Senior Manager, Professional Affairs Pharmacy and Healthcare
- *William Hunter*: Ohio Pharmacy Operations
- *Scott Jonkman:* Manager, Asset Protection
- *Ed Kaleta:* Divisional Vice President, Federal Government Relations
- *Nataliya Kompanets:* Business Analyst, Healthcare Asset Protection Solutions
- *Ed Lanzetti:* Former Director, Asset Protection
- *Barb Martin:* Manager, Inventory Management
- *John McDonagh:* Officer, Asset Protection
- *John Merritello Jr.:* Manager, Business Applications Rx Inventory Control
- *Steve Mills:* Senior Business Analyst, Pharmaceutical Integrity
- *Denman Murray:* Director, Inventory Management
- *Doug Peterson:* Manager, IT Supply Chain
- *Tasha Polster:* Vice President, Pharmacy Quality, Compliance, and Patient Safety
- *Joseph Prignano:* Director, Pharmacy and Retail Operations
- *David Reiter:* Pharmacy Category Manager
- *Eric Stahmann:* Manager, Pharmaceutical Integrity
- *Ed Svihra:* Former Director, Loss Prevention
- *Rex Swords:* Vice President, Pharmacy Retail Operations and Planning
- *Karen Whisenhunt:* SAIL Coordinator, Mount Vernon Distribution Center
- *James Whited:* Healthcare Supervisor
- *Laurie Zaccaro:* Manager, Asset Protection

**INTERROGATORY NO. 18:** From January 1, 1990 until the present, has any state Board of Pharmacy or any city or county or multi-district administrative agency investigated or instituted an adverse action or filed a complaint against You concerning Your distribution of Controlled Substances?  If so:

a.     Identify the state Board of Pharmacy or other government entity;

b.     Identify the nature of the action(s) or complaint(s);

c.     Identify the date the action began or complaint was filed or served on You;

d.     Identify the final outcome if completed or resolved; and

e.     Identify the location of the action and any identifying number.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it is not limited to actions related to the distribution of

Opioids.  Walgreens further objects to this Interrogatory because the timeframe and geographic

scope are overly broad, unduly burdensome, and conflict with the Court's discovery rulings.

Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids

to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has no record of any

actions brought against it by the Ohio Board of Pharmacy related to the distribution of Opioids

since 2006.

**INTERROGATORY NO. 19:** Please Identify any and all of Your current and/or former
employees who have ever been employed by the DEA, FDA or any Federal or Ohio
governmental entity.  For each such Person, state their position, job description and dates of
employment at the governmental entity and with You.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the

Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is overly

broad, unduly burdensome, and not proportional, in that it seeks information about "any and all"

of Walgreens' "current and/or former employees."  Subject to and without waiving its

objections, Walgreens does not track, in the ordinary course, whether its employees have

previous experience with government entities.

**INTERROGATORY NO. 20:** State whether You have ever had any involvement, role
or relation, directly or indirectly, financial or otherwise, with the marketing, advertising and/or
promotion of any Opioid or Opioid Products conducted and/or directed by any manufacturer of
Opioids or Opioid Products, from 1990 to the present.  If so, state the manufacturer, the date or
dates of any such advertising, marketing and/or promotion and the nature of your involvement.

24

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is vague and ambiguous, as "marketing, advertising and/or promotion" is not defined.

Subject to and without waiving its Objections, when Walgreens receives FDA-approved labeling materials in conjunction with the prescription Opioids that Walgreens dispenses, Walgreens provides those materials to its pharmacies.  Walgreens does not engage in marketing of Opioids.

**INTERROGATORY NO. 21:** Describe in detail all services You provided to payors or any other Customer with respect to the reimbursement for any cost associated with the provision and/or sale and/or dispensing of Opioids or Opioid Products.  For each such service or solution, provide:

a.     the Identity of the payor or Customer;

b.     whether the payor or Customer does business directly or indirectly in Cuyahoga and/or Summit Counties in Ohio; and

c.     the Identity of the Person or Persons responsible for the provision of said service or solution.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "services" and "solutions."  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the Court's discovery rulings.  Subject to and without waiving its Objections, Walgreens does not provide reimbursement services to its pharmacies.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 22:** Describe any and all research, study, and/or efforts You have undertaken or been associated with to understand the safety, efficacy, diversion, prescription and/or use of Opioid or Opioid Products, from 1990 to the present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe or geographic scope, and it conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "efforts," "been associated with," and "diversion."

Subject to and without waiving its objections, Walgreens does not make scientific or medical judgments regarding the safety or efficacy of pharmaceutical products.  Walgreens does not challenge the FDA-approved label or FDA approval status of any prescription medication, nor does it evaluate, analyze, or study the safety and/or effectiveness of Opioids.

**INTERROGATORY NO. 23:** Describe any and all educational, information and/or other programs You have provided to any Customer and/or pharmacy/dispenser You own and/or control and/or other Person, that address diversion, safety, efficacy, misuse and/or prescription of Opioids or Opioid Products, from 1990 to the present.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is overly broad and unduly burdensome, in that it seeks "any and all" information.  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to time frame, and it conflicts with the Court's discovery rulings.

Subject to and without waiving its Objections, Walgreens trains its pharmacists to identify inappropriate and/or forged prescriptions, based on Walgreens' Good Faith Dispensing Policy and its Target Drug Good Faith Dispensing Policy.  Walgreens also provides training to its pharmacists on the use of the Opioid antidote Naloxone.  Additionally, Walgreens funds

26

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

education and prevention programs related to Opioid abuse, including but not limited to its

campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute

Naloxone without a prescription at select Walgreens pharmacies across the United States, and its

safe medication disposal program, which provides safe medication disposal kiosks at Walgreens

stores nationwide.

**INTERROGATORY NO. 24:** Outline all actions that You took in response to:

a.      The September 27, 2006 letter from the DEA;

b.      the February 7, 2007 letter from the DEA;

c.      the December 27, 2007 letter from the DEA; and

d.      the 2013 Settlement Agreement between You and the DEA requiring You to pay
a record $80 million penalty.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it seeks information about "all actions."  Walgreens

further objects to this Interrogatory to the extent it mischaracterizes Walgreens' legal obligations.

Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "The

September 27, 2006 letter from the DEA," "the February 7, 2007 letter from the DEA," and "the

December 27, 2007 letter from the DEA."  Walgreens further objects to this Interrogatory as

duplicative of the production requirements contained in Case Management Order No. 1

¶ 9(k)(ii); Walgreens produced documents under that Order pursuant to its terms.

Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional as to time frame, in that it seeks information from more than a

decade ago.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional as to geographic scope, in that it seeks information regarding

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

conduct outside the jurisdictions of the Track One Cases and therefore conflicts with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has always sought to work cooperatively with the DEA, including on its suspicious order monitoring and reporting policies and procedures during the timeframe when Walgreens was distributing Opioids to its own pharmacies.  Walgreens sought the DEA's guidance on those policies and procedures over time, and sought to implement that guidance to improve Walgreens' systems and to ensure compliance with all applicable laws and regulations.  Walgreens retained external consultants to assist with its efforts to design and implement an automated order monitoring system.  That system flags orders for controlled substances that exceed a store's tolerance or ceiling limit, subjects such orders to due diligence, and ensures that such orders are not shipped as placed unless due diligence confirms that the order was made in accordance with applicable company policy, laws, and regulations.  Walgreens also instituted a department of Pharmaceutical Integrity, composed of personnel with specialized training in anti-diversion issues.  The Pharmaceutical Integrity department coordinates the company's compliance efforts related to controlled substances.

Walgreens will produce the 2013 settlement agreement with the DEA.  Additional steps that Walgreens took to comply with that agreement include:

- Identifying a dedicated contact point for the DEA within the Pharmaceutical Integrity department to facilitate responses to DEA requests for information;

- Providing responses to the DEA for specified categories of information within a specified period of time;

- Affixing specified information to all paper prescriptions and maintaining a paper file of such prescriptions;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Using a computer application for storage and retrieval of refill information for original paper prescriptions, and facilitating responses to DEA requests for electronic records regarding refills;

- Continuing to enhance Walgreens' Good Faith Dispensing Policy and training materials to identify red flags of potential diversion;

- Training Walgreens' pharmacy personnel annually on Good Faith Dispensing, on contacting the Pharmaceutical Integrity department as appropriate to address issues with particular patients or physicians, and on assisting the DEA in obtaining records;

- Maintaining procedures to verify that the DEA registration number for the issuing prescriber of a controlled substance is current and valid;

- Excluding any accounting for controlled substance prescriptions dispensed by a pharmacy from bonus calculations for pharmacists and pharmacy technicians;

- Maintaining a log of pseudoephedrine purchases that is available upon request to authorized DEA personnel;

- Designating a DEA contact point in the Pharmaceutical Integrity department to address inquiries about suspicious order monitoring and reporting;

- Training distribution center employees on suspicious order monitoring requirements and on reporting relevant issues to the Pharmaceutical Integrity department;

- Maintaining the tolerance threshold, ceiling limits, and other elements of Walgreens' pre-existing suspicious order monitoring and reporting system for the remainder of the time that Walgreens distributed controlled substances, including the policy not to ship any "order of interest" or "suspicious order" in whole or in part unless and until Walgreens resolved the reason(s) that caused it to designate the order as an "order of interest" or "suspicious order";

- Identifying in Suspicious Order reports the reason(s) an order was determined to be suspicious and the registration number for the Walgreens distribution center that would have received the order at issue; and

- Initiating enrollment in and operationally implementing the DEA's Controlled Substance Ordering System (CSOS) for orders of all Schedule II controlled substances placed by Walgreens' retail pharmacies to its distribution centers.

**INTERROGATORY NO. 25:** Identify all internet pharmacies that You distributed Opioids or Opioid Products to, and additionally provide the following information:

a.     the Opioids or Opioid Products distributed; and

b.     total sales and/or amount distributed by month and year for each Opioid or Opioid Product from 1990 to present.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs' Complaints.  Walgreens further objects to this Interrogatory because it is vague and ambiguous as to "internet pharmacies."  Walgreens further objects to this Interrogatory because the timeframe and geographic scope are overly broad, unduly burdensome, and conflict with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever distributed to its own pharmacies.

Subject to and without waiving its Objections, Walgreens has not distributed Opioids to any "internet pharmacies."  Walgreens has only ever distributed Opioids to its own pharmacies.

**INTERROGATORY NO. 26:** Describe any and all services, information and/or recommendations that You provided to any Customer and/or pharmacy/dispenser that You own and/or control relating to the sale, prescription filling, dispensing and/or reimbursement of any Opioid or Opioid Product relating to dosage, duration and/or dosing interval.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this Interrogatory because it is vague and ambiguous as to "services, information and/or recommendations."  Walgreens further objects to this Interrogatory because it is overly broad, unduly burdensome, not proportional as to timeframe, and it conflicts with the Court's discovery rulings.

Subject to and without waiving its Objections, pursuant to Federal Rule of Civil Procedure 33(d), Walgreens has produced its Controlled Substance Prescriptions & Good Faith Dispensing Policy, its Target Drug Good Faith Dispensing Policy, and its Target Drug Good Faith Dispensing Checklist.  Walgreens' investigation is ongoing.  To the extent additional policies and procedures are identified, they will be produced.  Additionally, Walgreens funds education and prevention programs related to Opioid abuse, including but not limited to its campaign #ItEndsWithUs to educate teens about Opioid abuse, its program to distribute

30

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Naloxone without a prescription at select Walgreens pharmacies across the United States, and its

safe medication disposal program, which provides safe medication disposal kiosks at Walgreens

stores nationwide.

**INTERROGATORY NO. 27:** Describe any and all policies, procedures and/or programs that You have initiated, created and/or participated in that address diversion, safety, and/or efficacy of Opioids and/or Opioid Products.

**RESPONSE:** In addition to its General Objections, and subject to and without waiving

its Objections, Walgreens refers to its responses to Interrogatory Nos. 7, 23, and 26.

**INTERROGATORY NO. 28:** Please Identify for Walgreen Co.; and Walgreen Eastern, Co., the following;

a. Board of Directors;

b. Senior management;

c. Person in charge of detecting and preventing diversion;

d. All Persons employed by that exact entity involved in detecting and preventing diversion;

e. Total number of employees; and

f. Address of each facility.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad and

unduly burdensome, in that it seeks "all persons."  Walgreens further objects to this Interrogatory

because the timeframe and geographic scope are overly broad, unduly burdensome, and conflict

with the Court's discovery rulings.  Walgreens further objects to this Interrogatory because

Walgreens has not distributed Opioids to any pharmacies in Ohio since 2014, and only ever

distributed to its own pharmacies.

Subject to and without waiving its Objections, pursuant to Federal Rule of Civil

Procedure 33(d), Walgreens incorporates by reference the documents with Bates numbers

31

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

WAGMDL00011085, WAGMDL00011087, WAGMDL00254645, and WAGMDL00254649.

Walgreens also attaches Exhibit A, which includes names of individuals who, based on

Walgreens' investigation, served on or attended meetings of the Board of Directors during the

relevant time period.  To the extent additional organizational information is identified,

Walgreens will produce it.  Walgreens further incorporates by reference its response to

Interrogatory Nos. 1 and 5.

**INTERROGATORY NO. 29:** Describe the compensation system for all pharmacy
managers, pharmacists and pharmacy technicians in your retail pharmacies.  Please describe
whether the compensation is a fixed salary and/or hourly or if it varies based upon volume and/or
type of drugs sold and/or profitability.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional as to time frame or geographic scope.  Subject to and without

waiving its Objections, pursuant to Federal Rule of Civil Procedure 33(d), Walgreens has

produced compensation policies and related documents at WAGFLDEA00000001,

WAGFLDEA00000006, WAGFLDEA00000007, WAGFLDEA00000010,

WAGMDL00011078, WAGMDL00011081, WAGMDL00674321, WAGMDL00674283,

WAGMDL00675959 – WAGMDL00675964, WAGMDL00706259 – WAGMDL00706592,

WAGMDL00741212, WAGMDL00707619, WAGMDL00747972 – WAGMDL00747992,

WAGMDL00747999 – WAGMDL00748168, WAGMDL00757598 – WAGMDL00757627, and

WAGMDL00773914 – WAGMDL00773921.

**INTERROGATORY NO. 30:** Describe the nature of any joint ventures between You
and any other Defendants in this matter.

**RESPONSE:** In addition to its General Objections, Walgreens objects to this

Interrogatory because it seeks information that is not relevant to allegations in Plaintiffs'

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Complaints.  Walgreens further objects to this Interrogatory because it is overly broad, unduly

burdensome, and not proportional, in that it is not limited to joint ventures regarding the

marketing or distribution of Opioids.  Subject to and without waiving its Objections, there are no

joint ventures between Walgreens and any other Defendant in the Track One Cases.


Dated: March 4, 2019                        Respectfully submitted,

                                            WALGREEN CO. AND
                                            WALGREEN EASTERN CO.


                                            By: */s/ Katherine M. Swift*
                                                Kaspar J. Stoffelmayr
                                                Katherine M. Swift
                                                BARTLIT BECK HERMAN
                                                 PALENCHAR & SCOTT LLP
                                                54 W. Hubbard Street, Suite 300
                                                Chicago, Illinois 60654
                                                Tel.: 312-494-4400
                                                Fax: 312-494-4440

                                                *Attorneys for Walgreen Co. and Walgreen
                                                Eastern Co.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2019, the foregoing has been served via

email only to the following:

*Plaintiffs' Co-Liaison Counsel*

Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
(415) 546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
(805) 435-7000
trafferty@levinlaw.com

*Defense Liaison Counsel*

Mark Cheffo, Esq.
Dechert LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036-6797
mark.cheffo@dechert.com

Carol Rendon, Esq.
Baker Hostetler
Key Tower, 127 Public Square
Cleveland, OH 44114
crendon@bakerlaw.com

Enu Mainigi, Esq.
Williams & Connolly
725 Twelfth Street, NW.
Washington, DC 20005
emainigi@wc.com

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Shannon McClure, Esq.
ReedSmith
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart, Esq.
Covington & Burling
One CityCenter
850 Tenth Street, NW.
Washington, DC 20001
ghobart@cov.com

Tina Tabacchi, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

mdl2804discovery@motleyrice.com

xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

*/s/ Katherine M. Swift*
Katherine M. Swift

*Attorney for Walgreen Co. and Walgreen
Eastern Co.*

2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**EXHIBIT A**

| Date | Name(s) |
|------|---------|
| 2006 | David W. Bernauer |
|      | R. Bruce Bryant |
|      | Deidra L. Byrd |
|      | Kermit R. Crawford |
|      | William C. Foote |
|      | John W. Gleeson |
|      | Nancy Godfrey |
|      | Dana I. Green |
|      | Rick J. Hans |
|      | J.J. Howard |
|      | Jerome B. Karlin |
|      | Margarita E. Kellen |
|      | Robert M. Kral |
|      | J. Randolph Lewis |
|      | Barry L. Markl |
|      | Alan G. McNally |
|      | C. Reed |
|      | Jeffrey A. Rein |
|      | Allan M. Resnick |
|      | George J. Riedl |
|      | William M. Rudolphsen |
|      | Mia M. Scholz |
|      | David Y. Schwartz |
|      | J.B. Schwemm |
|      | William A. Shiel |
|      | James A. Skinner |
|      | Trent E. Taylor |
|      | Marilou M. von Ferstel |
|      | Mark A. Wagner |
|      | Kevin P. Walgreen |
|      | C.R. Walgreen, III |
|      | Gregory D. Wasson |
|      | Kenneth R. Weigand |
|      | David J. Woodbridge |
|      | Chester G. Young |
| 2007 | David W. Bernauer |
|      | Stanley B. Blaylock |
|      | R. Bruce Bryant |
|      | Deidra L. Byrd |
|      | Kermit R. Crawford |
|      | Debra M. Ferguson |
|      | William C. Foote |
|      | John W. Gleeson |
|      | Nancy Godfrey |
|      | Dana I. Green |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|      | William M. Handal |
|      | Rick J. Hans |
|      | J.J. Howard |
|      | Donald C. Huonker, Jr. |
|      | Jerome B. Karlin |
|      | Margarita E. Kellen |
|      | Robert M. Kral |
|      | J. Randolph Lewis |
|      | Barry L. Markl |
|      | Alan G. McNally |
|      | C. Reed |
|      | Jeffrey A. Rein |
|      | Allan M. Resnick |
|      | George J. Riedl |
|      | William M. Rudolphsen |
|      | Nancy M. Schlichting |
|      | Mia M. Scholz |
|      | David Y. Schwartz |
|      | J.B. Schwemm |
|      | William A. Shiel |
|      | James A. Skinner |
|      | John W. Spina |
|      | Trent E. Taylor |
|      | Marilou M. von Ferstel |
|      | Mark A. Wagner |
|      | Kevin P. Walgreen |
|      | C.R. Walgreen, III |
|      | Gregory D. Wasson |
|      | Kenneth R. Weigand |
|      | Denise K. Wong |
|      | David J. Woodbridge |
|      | Chester G. Young |
|      | Robert G. Zimmerman |
| 2008 | Stanley B. Blaylock |
|      | R. Bruce Bryant |
|      | Deidra L. Byrd |
|      | Sona Chawla |
|      | Kermit R. Crawford |
|      | Kimberly L. Feil |
|      | Debra M. Ferguson |
|      | William C. Foote |
|      | John W. Gleeson |
|      | Nancy Godfrey |
|      | Dana I. Green |
|      | William M. Handal |
|      | Rick J. Hans |
|      | Donald C. Huonker, Jr. |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|---|---|
|  | Margarita E. Kellen |
|  | J. Randolph Lewis |
|  | John A. Mann |
|  | Alan G. McNally |
|  | Wade D. Miquelon |
|  | C. Reed |
|  | Jeffrey A. Rein |
|  | Allan M. Resnick |
|  | George J. Riedl |
|  | Hal F. Rosenbluth |
|  | William M. Rudolphsen |
|  | Nancy M. Schlichting |
|  | Mia M. Scholz |
|  | David Y. Schwartz |
|  | William A. Shiel |
|  | Alejandro Silva |
|  | James A. Skinner |
|  | John W. Spina |
|  | David Van Howe |
|  | Marilou M. von Ferstel |
|  | Mark A. Wagner |
|  | Kevin P. Walgreen |
|  | C.R. Walgreen, III |
|  | Gregory D. Wasson |
|  | Kenneth R. Weigand |
|  | Denise K. Wong |
|  | David J. Woodbridge |
|  | Chester G. Young |
|  | Robert G. Zimmerman |
| 2009 | Stanley B. Blaylock |
|  | R. Bruce Bryant |
|  | Deidra L. Byrd |
|  | Sona Chawla |
|  | Thomas J. Connolly |
|  | Kermit R. Crawford |
|  | Steven A. Davis |
|  | Susan L. DeVries |
|  | Jason M. Dubinsky |
|  | Kimberly L. Feil |
|  | Debra M. Ferguson |
|  | William C. Foote |
|  | Mark P. Frissora |
|  | Nancy J. Godfrey |
|  | Dana I. Green |
|  | Charles V. Greener |
|  | William M. Handal |
|  | Rick J. Hans |

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|  | Donald C. Huonker, Jr. |
|  | Margarita E. Kellen |
|  | J. Randolph Lewis |
|  | John A. Mann |
|  | Alan G. McNally |
|  | Wade D. Miquelon |
|  | Daniel A. Morrell |
|  | W. Bryan Pugh |
|  | C. Reed |
|  | Allan M. Resnick |
|  | George J. Riedl |
|  | Hal F. Rosenbluth |
|  | William M. Rudolphsen |
|  | Nancy M. Schlichting |
|  | Mia M. Scholz |
|  | David Y. Schwartz |
|  | William A. Shiel |
|  | Alejandro Silva |
|  | Robert M. Silverman |
|  | James A. Skinner |
|  | John W. Spina |
|  | Timothy J. Theriault |
|  | David Van Howe |
|  | Marilou M. von Ferstel |
|  | Mark A. Wagner |
|  | Kevin P. Walgreen |
|  | C.R. Walgreen, III |
|  | Gregory D. Wasson |
|  | Kenneth R. Weigand |
|  | Kathleen Wilson-Thompson |
|  | Denise K. Wong |
|  | Chester G. Young |
|  | Robert G. Zimmerman |
| 2010 | Jeffrey Berkowitz |
|  | David J. Brailer |
|  | R. Bruce Bryant |
|  | Deidra L. Byrd |
|  | Sona Chawla |
|  | Thomas J. Connolly |
|  | Kermit R. Crawford |
|  | Steven A. Davis |
|  | Christopher Domzalski |
|  | Jason M. Dubinsky |
|  | Kimberly L. Feil |
|  | William C. Foote |
|  | Mark P. Frissora |
|  | Nancy J. Godfrey |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|  | Ginger L. Graham |
|  | Dana I. Green |
|  | Charles V. Greener |
|  | Rick J. Hans |
|  | Donald C. Huonker, Jr. |
|  | Margarita E. Kellen |
|  | J. Randolph Lewis |
|  | John A. Mann |
|  | Alan G. McNally |
|  | Wade D. Miquelon |
|  | Daniel A. Morrell |
|  | W. Bryan Pugh |
|  | Hal F. Rosenbluth |
|  | William M. Rudolphsen |
|  | Nancy M. Schlichting |
|  | Mia M. Scholz |
|  | David Y. Schwartz |
|  | Alejandro Silva |
|  | Robert M. Silverman |
|  | James A. Skinner |
|  | John W. Spina |
|  | Timothy J. Theriault |
|  | Mark A. Wagner |
|  | Kevin Walgreen |
|  | Gregory D. Wasson |
|  | Colin F. Watts |
|  | Kathleen Wilson-Thompson |
|  | Denise K. Wong |
|  | Robert G. Zimmerman |
| 2011 | Graham W. Atkinson |
|  | Jeffrey Berkowitz |
|  | David J. Brailer |
|  | R. Bruce Bryant |
|  | Deidra L. Byrd |
|  | Sona Chawla |
|  | Thomas J. Connolly |
|  | Kermit R. Crawford |
|  | Steven A. Davis |
|  | Christopher Domzalski |
|  | Jason M. Dubinsky |
|  | Kimberly L. Feil |
|  | William C. Foote |
|  | Mark P. Frissora |
|  | Nancy J. Godfrey |
|  | Ginger L. Graham |
|  | Dana I. Green |
|  | Charles V. Greener |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|      | Rick J. Hans |
|      | Donald C. Huonker, Jr. |
|      | Margarita E. Kellen |
|      | J. Randolph Lewis |
|      | Joseph C. Magnacca |
|      | John A. Mann |
|      | Alan G. McNally |
|      | Wade D. Miquelon |
|      | Daniel A. Morrell |
|      | W. Bryan Pugh |
|      | Hal F. Rosenbluth |
|      | Nancy M. Schlichting |
|      | Mia M. Scholz |
|      | David Y. Schwartz |
|      | Alejandro Silva |
|      | Robert M. Silverman |
|      | James A. Skinner |
|      | John W. Spina |
|      | Timothy J. Theriault |
|      | Mark A. Wagner |
|      | Kevin R. Walgreen |
|      | Gregory D. Wasson |
|      | Colin F. Watts |
|      | Kathleen Wilson-Thompson |
|      | Denise K. Wong |
|      | Robert G. Zimmerman |
| 2012 | Jan M. Babiak |
|      | Jeffrey Berkowitz |
|      | David J. Brailer |
|      | Steven A. Davis |
|      | Jason M. Dubinsky |
|      | Brad M. Fluegel |
|      | William C. Foote |
|      | Mark P. Frissora |
|      | Ginger L. Graham |
|      | Lydia J. Mathas |
|      | Alan G. McNally |
|      | Wade Miquelon |
|      | Dominic P. Murphy |
|      | Stefano Pessina |
|      | Thomas J. Sabatino, Jr. |
|      | Mia M. Scholz |
|      | Nancy M. Schlichting |
|      | David Y. Schwartz |
|      | Alejandro Silva |
|      | James A. Skinner |
|      | Mark Vainisi |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|      | Gregory D. Wasson |
|      | Robert G. Zimmerman |
| **2013** | Graham W. Atkinson |
|      | Jan M. Babiak |
|      | Jeffrey Berkowitz |
|      | David J. Brailer |
|      | R. Bruce Bryant |
|      | Deidra L. Byrd |
|      | Sona Chawla |
|      | Thomas J. Connolly |
|      | Kermit R. Crawford |
|      | Steven A. Davis |
|      | Christopher Domzalski |
|      | Jason M. Dubinsky |
|      | Michael Ellis |
|      | Michael D. Felish |
|      | Brad M. Fluegel |
|      | William C. Foote |
|      | Mark P. Frissora |
|      | Nancy J. Godfrey |
|      | Alexander W. Gourlay |
|      | Ginger L. Graham |
|      | Charles V. Greener |
|      | Rick J. Hans |
|      | Theodore J. Heidloff |
|      | Adam Holyk |
|      | Donald C. Huonker, Jr. |
|      | Jeffrey L. Kang |
|      | Joseph C. Magnacca |
|      | John A. Mann |
|      | Lydia J. Mathas |
|      | Alan G. McNally |
|      | Wade D. Miquelon |
|      | Daniel A. Morrell |
|      | Dominic P. Murphy |
|      | Alan Nielsen |
|      | Diane B. Nobles |
|      | Stefano Pessina |
|      | Robyn Peters |
|      | W. Bryan Pugh |
|      | Jan Stern Reed |
|      | Thomas J. Sabatino, Jr. |
|      | Mia M. Scholz |
|      | Nancy M. Schlichting |
|      | Alejandro Silva |
|      | Robert M. Silverman |
|      | James A. Skinner |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|  | Reuben E. Slone |
|  | John W. Spina |
|  | Timothy J. Theriault |
|  | Mark Vainisi |
|  | Mark A. Wagner |
|  | Kevin R. Walgreen |
|  | Gregory D. Wasson |
|  | Kathleen Wilson-Thompson |
|  | Denise K. Wong |
|  | Robert G. Zimmerman |
| 2014 | Richard Ashworth |
|  | Graham W. Atkinson |
|  | Jan M. Babiak |
|  | Jeffrey Berkowitz |
|  | David J. Brailer |
|  | Sona Chawla |
|  | Thomas J. Connolly |
|  | Kermit R. Crawford |
|  | Steven A. Davis |
|  | Christopher Domzalski |
|  | Jason M. Dubinsky |
|  | Michael Ellis |
|  | Michael D. Felish |
|  | Brad M. Fluegel |
|  | William C. Foote |
|  | Michael J. Freeman |
|  | Mark P. Frissora |
|  | Alexander W. Gourlay |
|  | Ginger L. Graham |
|  | Joseph H. Greenberg |
|  | Charles V. Greener |
|  | Rick J. Hans |
|  | Theodore J. Heidloff |
|  | Donald C. Huonker, Jr. |
|  | Jeffrey L. Kang |
|  | Puneet Kappor |
|  | Harry Leider |
|  | Mark S. Lelinski |
|  | Joseph C. Magnacca |
|  | John A. Mann |
|  | Lydia J. Mathas |
|  | Timothy R. McLevish |
|  | Alan G. McNally |
|  | Wade D. Miquelon |
|  | Daniel A. Morrell |
|  | Dominic P. Murphy |
|  | Alan Nielsen |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|---|---|
|  | Diane B. Nobles |
|  | Stefano Pessina |
|  | W. Bryan Pugh |
|  | Jan Stern Reed |
|  | Thomas J. Sabatino, Jr. |
|  | Mia M. Scholz |
|  | Nancy M. Schlichting |
|  | Alejandro Silva |
|  | James A. Skinner |
|  | Reuben E. Slone |
|  | John W. Spina |
|  | Timothy J. Theriault |
|  | Mark Vainisi |
|  | Mark A. Wagner |
|  | Kevin P. Walgreen |
|  | Gregory D. Wasson |
|  | Kathleen Wilson-Thompson |
|  | Denise K. Wong |
|  | Robert G. Zimmerman |
| **2015** | Ornella Barra |
|  | Jeffrey Berkowitz |
|  | Kenneth Carr |
|  | Aidan Clare |
|  | Jason M. Dubinsky |
|  | George R. Fairweather |
|  | Michael D. Felish |
|  | Andy Gibson |
|  | Alexander W. Gourlay |
|  | Gerald Gradwell |
|  | Charles V. Greener |
|  | John A. Mann |
|  | Lydia J. Mathas |
|  | Timothy R. McLevish |
|  | Rick Mills |
|  | Ken Murphy |
|  | Diane B. Nobles |
|  | James O'Conor |
|  | Marco Pagni |
|  | Stefano Pessina |
|  | Jan Stern Reed |
|  | Anthony Roberts |
|  | Simon Roberts |
|  | Yves Romestan |
|  | Thomas J. Sabatino, Jr. |
|  | James A. Skinner |
|  | Collin G. Smyser |
|  | Frank Standish |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
| | Timothy J. Theriault |
| | Mark Vainisi |
| | Kathleen Wilson-Thompson |
| 2016 | Janice M. Babiak |
| | Ornella Barra |
| | David J. Brailer |
| | Rosemary Counsell |
| | Aidan Clare |
| | Jason M. Dubinsky |
| | Patrick Dunne |
| | Elizabeth Fagan |
| | George R. Fairweather |
| | Andy Gibson |
| | Alexander W. Gourlay |
| | Gerald Gradwell |
| | Charles V. Greener |
| | Rick Mills |
| | Ken Murphy |
| | Diane B. Nobles |
| | James O'Conor |
| | Marco Pagni |
| | Stefano Pessina |
| | Jan Stern Reed |
| | Anthony Roberts |
| | Simon Roberts |
| | Yves Romestan |
| | Kimberly R. Scardino |
| | James A. Skinner |
| | Collin G. Smyser |
| | Frank Standish |
| | Mark Vainisi |
| | Kathleen Wilson-Thompson |
| 2017 | Richard Ashworth |
| | Ornella Barra |
| | Caroline Budde |
| | Kenneth Carr |
| | Aidan Clare |
| | Jason M. Dubinsky |
| | Patrick Dunne |
| | Elizabeth Fagan |
| | George R. Fairweather |
| | Andy Gibson |
| | Alexander W. Gourlay |
| | Gerald Gradwell |
| | Charles V. Greener |
| | Troy Kelly |
| | Timothy R. McLevish |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|  | Rick Mills |
|  | Ken Murphy |
|  | James O'Conor |
|  | Marco Pagni |
|  | Stefano Pessina |
|  | Jan Stern Reed |
|  | Anthony Roberts |
|  | Yves Romestan |
|  | Kimberly R. Scardino |
|  | James A. Skinner |
|  | Collin G. Smyser |
|  | Frank Standish |
|  | Mark Vainisi |
|  | Mark Weisz |
|  | Kathleen Wilson-Thompson |
| **2018** | Jose' E. Almeida |
|  | Richard Ashworth |
|  | Hari Avula |
|  | Jan M. Babiak |
|  | Ornella Barra |
|  | David J. Brailer |
|  | Aidan Clare |
|  | Matthew D'Ambrosio |
|  | George R. Fairweather |
|  | William C. Foote |
|  | Alexander W. Gourlay |
|  | Gerald Gradwell |
|  | Ginger L. Graham |
|  | Charles V. Greener |
|  | Troy Kelly |
|  | Ashish Kohli |
|  | Jeremy Kunicki |
|  | John A. Lederer |
|  | Rick Mills |
|  | Dominic P. Murphy |
|  | Ken Murphy |
|  | Marco Pagni |
|  | Stefano Pessina |
|  | Kimberly R. Scardino |
|  | Leonard D. Schaeffer |
|  | Nancy M. Schlichting |
|  | David Schreibman |
|  | James A. Skinner |
|  | Collin G. Smyser |
|  | Dermid Strain |
|  | Mark Vainisi |
|  | Mark Weisz |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Date | Name(s) |
|------|---------|
|      | Kathleen Wilson-Thompson |