# EXHIBIT 424

Confidential – Subject to Protective Order

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: *Track One Cases* | ) ) ) ) | Case No. 1:17-md-2804  Judge Dan A. Polster |

**HBC SERVICE COMPANY'S AMENDED RESPONSES TO
PLAINTIFFS' (FIRST) SET OF COMBINED DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34 Defendant HBC Service Company ("HBC") serves these Amended Responses to Plaintiffs' (First) Combined Discovery Requests.

**RESERVATION OF RIGHTS**

1. HBC's investigation and discovery are ongoing as to all matters referred to in these Responses. HBC's Responses reflect its investigation to date. HBC reserves the right to modify and supplement its Responses as appropriate.

2. HBC received these Requests on or around July 3, 2018.  Subsequent to the receipt of these requests, Special Master Cohen instructed Defendants to "read Plaintiffs['] 'additional requests' as prioritizations of existing requests," and Plaintiffs explicitly told co-defendant Walgreens that these Requests "were intended to tailor the already issued interrogatories and RFPs to the terms of Discovery Ruling 2," and were not to be considered "additional written discover that requires a response."

3. HBC served its initial responses to these Requests on November 30, 2018, to comply with Judge Polster's November 21, 2018 Order, which instructed distributor and retail pharmacy defendants to respond to Plaintiffs' (First) Combined Discovery Requests to Distributor

A1325961.5

1

Confidential – Subject to Protective Order

not been named as a defendant in these cases. HBC will produce information related to GERXDC subject to a full reservation of rights and objections, including lack of relevancy and lack of proportionality since GERXDC is not a named defendant.

18. HBC objects to these Discovery Requests to the extent that they otherwise go beyond the scope of permissible discovery at this stage of this proceeding.

## COMBINED DISCOVERY REQUESTS

2. Please produce each of your Suspicious Order Monitoring System (SOMS) policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect.

**RESPONSE:**

HBC incorporates its General Objections in their entirety into this response. HBC objects to this request to the extent it exceeds the total number of requests permitted by the Court for the Track One Cases. Any production by HBC is limited to documents relating to the distribution of Schedule II Opioids, as defined in prior discovery responses, in the relevant geographic region as set forth in Discovery Ruling Nos. 2 and 3. HBC objects to the terms "Suspicious Order" and "Suspicious Order Monitoring System (SOMS)" as vague and ambiguous. HBC construes the term "Suspicious Order" to mean any order of Schedule II Opioids, as defined in prior discovery responses, required to be reported to the DEA. HBC also objects to the time period "since January 1, 2006" as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III opioids in October 2014; and stopped distributing all opioid products in January 2016. HBC further objects that its production is ongoing, as HBC

A1325961.5                              8