# EXHIBIT 457

# §1301.74 Other security controls for non-practitioners; narcotic treatment programs and compounders for narcotic treatment programs.

deadiversion.usdoj.gov/21cfr/cfr/1301/1301_74.htm

Skip to main content



## Title 21 Code of Federal Regulations

## PART 1301 — REGISTRATION OF MANUFACTURERS, DISTRIBUTORS, AND DISPENSERS OF CONTROLLED SUBSTANCES

### SECURITY REQUIREMENTS

(a) Before distributing a controlled substance to any person who the registrant does not know to be registered to possess the controlled substance, the registrant shall make a good faith inquiry either with the Administration or with the appropriate State controlled substances registration agency, if any, to determine that the person is registered to possess the controlled substance.

(b) The registrant shall design and operate a system to disclose to the registrant suspicious orders of controlled substances. The registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant. Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

(c) The registrant must notify the Field Division Office of the Administration in his or her area, in writing, of any theft or significant loss of any controlled substances within one business day of discovery of the theft or loss. Unless the theft or loss occurs during an import or export transaction, the supplier is responsible for reporting all in-transit losses of controlled substances by their agent or the common or contract carrier selected pursuant to paragraph (e) of this section, within one business day of discovery of such theft or loss. In an import transaction, once a shipment has been released by the customs officer at the

port of entry, the importer is responsible for reporting all in-transit losses of controlled substances by their agent or the common or contract carrier selected pursuant to paragraph (e) of this section, within one business day of discovery of such theft or loss. In an export transaction, the exporter is responsible for reporting all in-transit losses of controlled substances by their agent or the common or contract carrier selected pursuant to paragraph (e) of this section within one business day of discovery of such theft or loss, until the shipment has been released by the customs officer at the port of export. The registrant must also complete, and submit to the Field Division Office in his or her area, DEA Form 106 regarding the theft or loss. Thefts and significant losses must be reported whether or not the controlled substances are subsequently recovered or the responsible parties are identified and action taken against them. When determining whether a loss is significant, a registrant should consider, among others, the following factors:

> (1) The actual quantity of controlled substances lost in relation to the type of business;
>
> (2) The specific controlled substances lost;
>
> (3) Whether the loss of the controlled substances can be associated with access to those controlled substances by specific individuals, or whether the loss can be attributed to unique activities that may take place involving the controlled substances;
>
> (4) A pattern of losses over a specific time period, whether the losses appear to be random, and the results of efforts taken to resolve the losses; and, if known,
>
> (5) Whether the specific controlled substances are likely candidates for diversion;
>
> (6) Local trends and other indicators of the diversion potential of the missing controlled substance.

(d) The registrant shall not distribute any controlled substance listed in Schedules II through V as a complimentary sample to any potential or current customer (1) without the prior written request of the customer, (2) to be used only for satisfying the legitimate medical needs of patients of the customer, and (3) only in reasonable quantities. Such request must contain the name, address, and registration number of the customer and the name and quantity of the specific controlled substance desired. The request shall be preserved by the registrant with other records of distribution of controlled substances. In addition, the requirements of part 1305 of the chapter shall be complied with for any distribution of a controlled substance listed in Schedule II. For purposes of this paragraph, the term "customer" includes a person to whom a complimentary sample of a substance is given in order to encourage the prescribing or recommending of the substance by the person.

(e) When shipping controlled substances, a registrant is responsible for selecting common or contract carriers which provide adequate security to guard against in-transit losses. When storing controlled substances in a public warehouse, a registrant is responsible for selecting a warehouseman which will provide adequate security to guard against storage

losses; wherever possible, the registrant shall store controlled substances in a public warehouse which complies with the requirements set forth in Sec. 1301.72. In addition, the registrant shall employ precautions (e.g., assuring that shipping containers do not indicate that contents are controlled substances) to guard against storage or in-transit losses.

(f) When distributing controlled substances through agents (e.g., detailmen), a registrant is responsible for providing and requiring adequate security to guard against theft and diversion while the substances are being stored or handled by the agent or agents.

(g) Before the initial distribution of thiafentanil, carfentanil, etorphine hydrochloride and/or diprenorphine to any person, the registrant must verify that the person is authorized to handle the substance(s) by contacting the Drug Enforcement Administration.

(h) The acceptance of delivery of narcotic substances by a narcotic treatment program shall be made only by a licensed practitioner employed at the facility or other authorized individuals designated in writing. At the time of delivery, the licensed practitioner or other authorized individual designated in writing (excluding persons currently or previously dependent on narcotic drugs), shall sign for the narcotics and place his specific title (if any) on any invoice. Copies of these signed invoices shall be kept by the distributor.

(i) Narcotics dispensed or administered at a narcotic treatment program will be dispensed or administered directly to the patient by either (1) the licensed practitioner, (2) a registered nurse under the direction of the licensed practitioner, (3) a licensed practical nurse under the direction of the licensed practitioner, or (4) a pharmacist under the direction of the licensed practitioner.

(j) Persons enrolled in a narcotic treatment program will be required to wait in an area physically separated from the narcotic storage and dispensing area. This requirement will be enforced by the program physician and employees.

(k) All narcotic treatment programs must comply with standards established by the Secretary of Health and Human Services (after consultation with the Administration) respecting the quantities of narcotic drugs which may be provided to persons enrolled in a narcotic treatment program for unsupervised use.

(l) DEA may exercise discretion regarding the degree of security required in narcotic treatment programs based on such factors as the location of a program, the number of patients enrolled in a program and the number of physicians, staff members and security guards. Similarly, such factors will be taken into consideration when evaluating existing security or requiring new security at a narcotic treatment program.

(m) A reverse distributor shall not employ, as an agent or employee who has access to or influence over controlled substances, any person who has been convicted of any felony offense relating to controlled substances or who, at any time, had an application for

registration with the DEA denied, had a DEA registration revoked or suspended, or has surrendered a DEA registration for cause. For purposes of this subsection, "for cause" means in lieu of, or as a consequence of, any Federal or State administrative, civil, or criminal action resulting from an investigation of the individual's handling of controlled substances.

[36 FR 7778, Apr. 24, 1971. Redesignated at 38 FR 26609, Sept. 24, 1973]

**Editorial Note:** For Federal Register citations affecting §1301.74, see the List of CFR Sections Affected, which appears in the Finding Aids section of the printed volume and at www.govinfo.gov.

*NOTICE: This is an unofficial version. An official version of this publication may be obtained directly from the **Government Publishing Office** (GPO).*