Highly Confidential - Subject to Further Confidentiality Review

```
 1                UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF OHIO
 2                      EASTERN DIVISION
 3   IN RE: NATIONAL          )   MDL No. 2804
     PRESCRIPTION OPIATE      )
 4   LITIGATION,              )   Case No.
                              )   1:17-MD-2804
 5                            )
     THIS DOCUMENT RELATES TO )   Hon. Dan A.
 6   ALL CASES               )   Polster
                              )
 7
 8                     __ __ __
 9            Wednesday, December 12, 2018
                       __ __ __
10
11        HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
                CONFIDENTIALITY REVIEW
                       __ __ __
12
13
14
15        Videotaped Deposition of MIRANDA
     JOHNSON, held at 4206 South J.B. Hunt Drive,
16   Rogers, Arkansas, commencing at 8:51 a.m., on
     the above date, before Debra A. Dibble,
17   Certified Court Reporter, Registered
     Diplomate Reporter, Certified Realtime
18   Captioner, Certified Realtime Reporter and
     Notary Public.
19
                       __ __ __
20
             GOLKOW LITIGATION SERVICES
21       877.370.3377 ph | fax 917.591.5672
                 deps@golkow.com
22
23
24
25
```

Highly Confidential - Subject to Further Confidentiality Review

| | |
|---|---|
| **Page 2** | **Page 4** |

**Page 2**

1
2 A P P E A R A N C E S:
3 CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY
& AGNELLO, P.C.
4 BY: Donald Ecklund, ESQUIRE
decklund@carellabyrne.com
5 MICHAEL A. INNES, ESQUIRE
minnes@carellabyrne.com
6 ZACHARY S. BOWER, ESQUIRE
(attending telephonically)
7 zbower@carellabyrne.com
JOHN PETTROZZINO, ESQUIRE
8 (attending telephonically)
jpettrozzino@carellabyrne.com
9 5 Becker Farm Road
Roseland, New Jersey 07068-1739
10 (973) 994-1700
Counsel for Plaintiffs
11 REED SMITH, LLP
(appearing telephonically)
12 BY: SAMANTHA ROCCHINO, ESQUIRE
srocchino@reedsmith.com
13 Three Logan Square, 1717 Arch Street
Suite 3100
14 Philadelphia, Pennsylvania 19103
(215) 851-8100
15 Counsel for AmerisourceBergen
16
17 JONES DAY
BY: TINA M. TABACCHI, ESQUIRE
18 tmtabacchi@jonesday.com
SCOTT B. ELMER, Esquire
19 selmer@jonesday.com
77 West Wacker
20 Chicago, Illinois 60601-1692
312-782-1692
21 Counsel for Walmart
22 WILLIAMS & CONNOLLY, LLP
(appearing telephonically)
23 BY: WILLIAM F. HAWKINS, ESQUIRE
whawkins@wc.com
24 725 Twelfth Street, N.W.
Washington, DC 20005
25 (202) 434-5331
Counsel for Cardinal Health, Inc.

**Page 3**

1 A P P E A R A N C E S:
2 MORGAN, LEWIS & BOCKIUS, LLP
(appearing telephonically)
3 BY: MATTHEW LADD, ESQUIRE
matthew.ladd@morganlewis.com
4 101 Park Avenue
New York, New York 10178-0060
5 (212) 309-6001
Counsel for Teva Pharmaceuticals USA,
6 Inc.; Cephalon, Inc.; Watson
Laboratories, Inc.; Actavis, LLC;
7 Actavis Pharma, Inc.; f/k/a Watson
Pharma, Inc.
8
MARCUS & SHAPIRA, LLP
9 (appearing telephonically)
BY: DARLENE NOWAK, ESQUIRE
10 dnowak@marcus-shapira.com
301 Grant Street
11 35th Floor
Pittsburgh, Pennsylvania 15219-6401
12 (412) 338-4690
Counsel for HBC
13
WRIGHT, LINDSEY & JENNINGS, LLP
14 BY: CALEY B. VO, ESQUIRE
cvo@wlj.com
15 3333 Pinnacle Hills Parkway
Suite 510
16 Rogers, Arkansas 72758-8498
(479) 986-0888
17 Counsel for McKesson
18
ARNOLD & PORTER KAYE SCHOLER, LLP
19 (appearing telephonically)
BY: RYAN WATTS, ESQUIRE
20 ryan.watts@arnoldporter.com
7601 Massachusetts Avenue, NW
21 Washington, DC 20001-3743
(202) 942-5000
22
Counsel for Endo Health Solutions Inc.;
23 Endo Pharmaceuticals Inc.; Par
Pharmaceuticals, Inc.; Par
24 Pharmaceutical Companies, Inc. formerly
known as Par Pharmaceutical Holdings,
25 Inc.

**Page 4**

1
2 ALSO PRESENT:
Jennifer B. Bechet
Senior Associate Counsel
3 Commercial & Class Action
4
5 VIDEOGRAPHER:
6 James Arndt
GOLKOW LITIGATION SERVICES
7
8 — — —
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Page 5**

1
2 I N D E X
3 MIRANDA JOHNSON                     PAGE
4 DIRECT EXAMINATION BY MR. INNES        10
5 E X H I B I T S
6 No.       Description        Page
7 Walmart   Walmart Inc.'s Responses to    40
Johnson   Plaintiffs' (First)
8 Exhibit 1  Combined Discovery Requests
to National Retail
9           Pharmacies Defendants and
attached documents under
10          seven tabs to include Bates
WMT_MDL_000011106-109 and
11          WMT_MDL_000000963-971 and
WMT_MDL_000008377-8379 and
12          WMT_MDL_000004237-4239 and
WMT_MDL_000004781-4783.
13
14 Walmart   FY14 Annual Performance     160
Johnson   Evaluation (50/40/10) for
Exhibit 2  Miranda Johnson.
15          WMT_MDL_000055406-55410.
16 Walmart   2014 email chain. Subj:     174
Johnson   RE: SOM ISD Request Form
17 Exhibit 3  with native attachment.
WMT_MDL_000048098-101-3.
18
19 Walmart   10-28-14 email from Miranda  211
Johnson   Johnson to George Chapman.
Exhibit 4  Subj: SOM Strategy Deck -
20          Updated, with attached
PowerPoint deck.
21          WMT_MDL_000009385-9386 and
attachment.
22
Walmart   May 2017 email chain.       228
23 Johnson   Subj: RE: Logistics Order
Exhibit 5  Routing Project.
24          WMT_MDL_000041598-41599.
25

Page 6

1   Walmart     January 2018 email chain.    255
    Johnson     Subj: RE: Suspicious Order
2   Exhibit 6   Monitoring.
                WMT_MDL_000021115-21117.
3
4   Walmart     12-4-14 email from Roxy       265
    Johnson     Reed. Subj:
5   Exhibit 7   Step 2 Threshold Calc.xlsx.
                WMT_MDL_000029318-29319
6               with attachment.
7   Walmart     10-28-14 email from Kristy    276
    Johnson     Spruell.
8   Exhibit 8   WMT_MDL_000009819-9820,
                with attachment.
9   Walmart     10-5-17 email from Miranda    288
    Johnson     Johnson to David Barlow.
10  Exhibit 9   Subj: Buzzed SOM Algorithm.
                WMT_MDL_000005896-5910.
11
    Walmart     May 2016 email chain.        293
12  Johnson     Subj: RE: SOM Cloud Data
    Exhibit 10  Document - Current Version
13              ver. 1.3.
                WMT_MDL_000004624-4626.
14
15  Walmart     April 2015 email chain.       326
    Johnson     Subj: RE: Archer.
16  Exhibit 11  WMT_MDL_000016206-16207.
17  Walmart     4-27-15 email from Miranda    330
    Johnson     Johnson to Tim Koch. Subj:
18  Exhibit 12  Areas of Focus - Week 13.
                WMT_MDL_000027961-27962.
19  Walmart     1-11-16 email chain. Subj:    333
    Johnson     RE: SOMP.
20  Exhibit 13  WMT_MDL_000003862-5883.
21  Walmart     8-10-15 email from Miranda    342
    Johnson     Johnson to Tim Koch.
22  Exhibit 14  WMT_MDL_000020368.
23
24
25

Page 7

1   Walmart     February 2015 email chain.    349
    Johnson     Subj: Sr. Controlled
2   Exhibit 15  Substances Analyst - For
                Review.
3               WMT_MDL_000016104-16105.
4
5
6   REPORTER'S CERTIFICATE             368
    ERRATA                              370
7   WITNESS SIGNATURE PAGE             371
    ATTORNEY NOTES                 372
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 8

```
1              PROCEEDINGS
2       (December 12, 2018 at 8:51 a.m.)
3           VIDEOGRAPHER:  We're now on the
4    record.  My name is James Arndt.  I'm
5    a videographer for Golkow Litigation
6    Services.  Today's date is
7    December 12, 2018, and the time is
8    8:51 a.m.  This video deposition is
9    being held in Rogers, Arkansas in the
10   matter of the National Prescription
11   Opiate Litigation for the
12   United States District Court for the
13   Northern District of Ohio, Eastern
14   Division.  The deponent is Miranda
15   Johnson.
16          Will counsel please identify
17   themselves?
18          MR. INNES:  Good morning.  This
19   is Michael Innes of Carella Byrne for
20   plaintiffs.
21          MR. ECKLUND:  Good morning.
22   Don Ecklund, also from Carella Byrne,
23   on behalf of plaintiffs and the MDL.
24          MS. TABACCHI:  Good morning.
25   Tina Tabacchi from Jones Day on behalf
```

Page 9

```
1    of defendant Walmart and the witness.
2           MR. ELMER:  Scott Elmer also
3    from Jones Day on behalf of Walmart.
4           MS. BECHET:  Good morning.
5    Jennifer Bechet, senior associate
6    counsel, Walmart, Incorporated.
7           MR. VO:  Good morning.  Caley
8    Vo on behalf of defendant McKesson.
9           VIDEOGRAPHER:  Will counsel on
10   the phone please identify themselves.
11          MR. HAWKINS:  Will Hawkins from
12   Williams & Connolly on behalf of
13   Cardinal Health.
14          MR. LADD:  Matthew Ladd of
15   Morgan Lewis on behalf of defendant
16   Rite Aid.
17          MR. WATTS:  Ryan Watts from
18   Arnold and Porter, LLC, on behalf of
19   Endo Health Solutions Inc.; Endo
20   Pharmaceuticals Inc.; Par
21   Pharmaceuticals, Inc.; Par
22   Pharmaceutical Companies, Inc.
23   formerly known as Par Pharmaceutical
24   Holdings, Inc.
25          MS. ROCCHINO:  Samantha
```

Highly Confidential - Subject to Further Confidentiality Review

Page 10

1    Rocchino for Reed Smith, LLP, on
2    behalf of AmerisourceBergen Drug
3    Corporation.
4         VIDEOGRAPHER:  The court
5    reporter is Debbie Dibble, and she
6    will now swear in the witness.
7         MIRANDA JOHNSON,
8    having first been duly sworn, was examined
9    and testified as follows:
10        DIRECT EXAMINATION
11   BY MR. INNES:
12   Q.    Good morning, Ms. Johnson.  My
13   name is Michael Innes.  I'm with the law firm
14   Carella Byrne.  I represent the plaintiffs in
15   the matter.
16        Could you state your full name
17   for the record?
18   A.    Miranda Johnson.
19   Q.    And who is your current
20   employer?
21   A.    Walmart.
22   Q.    And what is your current title?
23   A.    Director on the controlled
24   substances compliance team.
25   Q.    And what's your business

Page 11

1    address?
2    A.    702 Southwest 8th Street in
3    Bentonville, Arkansas.
4    Q.    You understand you are under
5    oath; is that correct?
6    A.    Yes.
7    Q.    And are you taking any
8    medication that would interfere with your
9    ability to answer my questions fully and
10   truthfully today?
11   A.    No.
12   Q.    Is there any reason why you
13   cannot answer my questions fully and
14   truthfully today?
15   A.    No.
16   Q.    If I ask you a question that
17   you don't understand -- and this is
18   important -- please let me know.
19        If you do understand -- I'm
20   sorry.  If I ask a question you don't
21   understand, let me know.  I'll rephrase it.
22        If you answer a question, I'm
23   going to assume that you understood the
24   question.
25   A.    Okay.

Page 12

1    Q.    Is that good?  Is that clear?
2    A.    That's clear.
3    Q.    Have you ever testified in a
4    deposition or a trial before?
5    A.    No.
6    Q.    What did you do, if anything,
7    to prepare for today's deposition?
8    A.    I met with counsel.
9    Q.    How many times did you meet
10   with counsel?
11   A.    Yesterday, a few hours on
12   Monday, and then a few hours before that.
13   Q.    And were those meetings in
14   person?
15   A.    Yesterday was in person.
16   Q.    And the others were over the
17   phone?
18   A.    Phone, mm-hmm.
19   Q.    Were any of them
20   videoconferenced, anything like that?
21   A.    No.
22   Q.    About how many hours do you
23   think each session was?
24   A.    Yesterday was probably about --
25   it was the day -- a full day.  The other was

Page 13

1    a few hours.  I can't remember exactly how
2    many.  Maybe four.
3    Q.    So there was two sessions,
4    yesterday and then a day prior?
5    A.    Yesterday, with the full day,
6    Monday for a few hours, and then there was a
7    few hours before that.
8    Q.    Okay.
9         Who was present in those
10   meetings?  You can go through each one in the
11   sequence.
12   A.    It was counsel.  I'm trying to
13   remember who all was in there.
14        Tina, Scott, Jennifer,
15   Carl Sparks.
16        MS. TABACCHI:  Do you --
17        Do you want me to help you
18   streamline this, Michael?
19        THE WITNESS:  Sorry.
20        MS. TABACCHI:  Walmart's
21   in-house and outside counsel.
22        THE WITNESS:  Yeah.
23        MR. INNES:  No non-attorneys
24   were there?
25        MS. TABACCHI:  Correct.



Page 14

1    THE WITNESS: Correct.
2    MR. INNES: Thank you.
3    Q.    (BY MR. INNES) Did you review
4  any testimony in this case prior to today?
5    A.    No.
6    Q.    Did you speak with any
7  representative of any other defendant in the
8  case prior to today? Regarding this case?
9    A.    No.
10    Q.    Did you speak with anyone else
11  other than counsel regarding the case or your
12  deposition today?
13    A.    No.
14    Q.    Have you discussed this case
15  with anyone other than counsel at any time?
16    A.    No.
17    Q.    You've never had any discussion
18  with Mr. Koch, C-O-C-H? [sic] About the
19  case?
20    A.    About the case?
21    MS. TABACCHI: Object to the
22  form.
23    MR. INNES: Yes.
24    THE WITNESS: Not that I
25  remember.

Page 15

1    Q.    (BY MR. INNES) Okay. So you
2  graduated Louisiana Tech in 2002; is that
3  right?
4    A.    Yes.
5    Q.    Did you ever meet Tech the
6  bulldog?
7    A.    I don't know if I did. I don't
8  remember.
9    Q.    Just kidding.
10    And then, you graduated from
11  the University of Arkansas School of Law in
12  2006; is that right?
13    A.    Yes. I graduated from law
14  school in 2006, yes.
15    Q.    And that was a three-year
16  program?
17    A.    It was.
18    Q.    Okay. And did you take a bar
19  exam after you completed your JD?
20    A.    Yes.
21    Q.    And where was that?
22    A.    Where was the bar exam?
23    Q.    What state were you in?
24    A.    Oh, Arkansas.
25    Q.    Arkansas. Is that the only

Page 16

1  state where you sat for the bar?
2    A.    Yes.
3    Q.    And did you pass the bar?
4    A.    Yes.
5    Q.    Are you admitted to the state
6  of Arkansas?
7    A.    Yes.
8    Q.    Any other states that you are
9  admitted in?
10    A.    No.

Page 17





**Page 22**

17    Q.    Has your focus moved away from
18 suspicious order monitoring or is that still
19 your primary focus?
20         MS. TABACCHI:  Object to the
21    form.
22         THE WITNESS:  We no longer
23    distribute controlled substances as of
24    April 2018.
25    Q.    (BY MR. INNES)  And that's

**Page 23**

1  probably one of the ground rules I skipped
2  over.  Your answers need to be audible.  No
3  nodding of the head.  And we try not to talk
4  over each other and help our colleague at the
5  end of the table out.
6    A.    Okay.
7    Q.    I'm usually the biggest
8  offender of talking over people, so know that
9  from the beginning.
10         Let's find our place here.
11         So when did Walmart exit the
12 distribution of the C-II/C-IIIs?
13    A.    C-IIs was in April of 2018.
14 And then IIIs through Vs, I believe that was
15 complete in May of 2018.
16         It was a transition, so ...
17    Q.    And so to be clear, Walmart no
18 longer distributes; is that correct?
19    A.    Correct.
20    Q.    But Walmart does dispense C-IIs
21 and C-IIIs?
22    A.    Correct.
23    Q.    Do you have any -- is any part
24 of your current role, since the exit from the
25 C-II/C-III market, directed towards

**Page 24**

1  suspicious order monitoring of those types of
2  products?
3         MS. TABACCHI:  Object to the
4    form.
5         THE WITNESS:  Can you clarify
6    that?  What you're asking?
7         MR. INNES:  Sure.
8    Q.    (BY MR. INNES)  So Walmart no
9  longer distributes C-IIs; correct?
10    A.    Correct.
11    Q.    Walmart no longer distributes
12 C-IIIs; correct?
13    A.    Correct.

**Page 25**





Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review







Highly Confidential - Subject to Further Confidentiality Review



Page 70

7      MS. TABACCHI:  Michael, when
8   you get to a good point, can we take a
9   quick break?
10      MR. INNES:  Sure.  Now is
11   totally fine.
12      VIDEOGRAPHER:  We are going off
13   the record at 10:03 a.m.
14      (Recess taken, 10:03 a.m. to
15   10:29 a.m.)
16      VIDEOGRAPHER:  We are back on
17   the record at 10:29 a.m.
18   Q.   (BY MR. INNES)  We're back, and
19   then I should state for the record, if you
20   need to take a break at any time, let us
21   know.
22   A.   Okay.  Thank you.

Page 71

Page 72

Page 73

12   Q.    Okay.  So you're aware that
13   during the time period -- well, you were
14   aware that for several decades now, the
15   country has been enduring an opioid epidemic;
16   is that right?
17      MS. TABACCHI:  Object to the
18   form.
19      THE WITNESS:  Can you clarify
20   that.
21   Q.    (BY MR. INNES)  During your
22   time as a controlled substance director, do
23   you agree that the country is enduring an
24   opioid epidemic?
25   A.    Yes.

Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Page 106

Page 108

Page 107

10      And remind me again.  You
11  started in your role when?
12      A.    October 2014.

Page 109

Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Case: 1:17-md-02804-DAP Doc #: 1978-19 Filed: 07/24/19 31 of 94. PageID #: 231058



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Page 134

12    Q.    (BY MR. INNES)  In your
13  personal capacity, in your -- you hold a JD;
14  is that right?
15    A.    That's correct.
16    Q.    And you've passed the bar; is
17  that right?
18    A.    Correct.
19    Q.    And you were a practicing
20  lawyer at one point; is that right?
21        MS. TABACCHI:  Object to the
22  form.
23        THE WITNESS:  Correct.

Page 135

Page 136

Page 137



Highly Confidential - Subject to Further Confidentiality Review



Page 142

Page 144

Page 143

Page 145

20    MS. TABACCHI:  I'll just
21  show -- I don't know if you're now
22  switching to a new topic, but I'm
23  advised that lunch is here, whenever
24  you want to take a break for lunch.
25  Or if you're going to wrap this up in

Highly Confidential - Subject to Further Confidentiality Review

Page 146

1　a few minutes, that's fine too.  It's
2　up to you, Mike.
3　　　　MR. INNES:  Let me ask -- just
4　give me 30 seconds.  I think I can
5　close out another chapter.
6　　　　MS. TABACCHI:  Great.
7　　　　MR. INNES:  We've sort of, as
8　things go, pulled into another area
9　that I want to go deeper into.
10　　　　MS. TABACCHI:  A few minutes is
11　fine.  If this was going to be an hour
12　worth of questioning, I just wanted to
13　let you know.
14　　　　MR. INNES:  No, no.  Give me
15　30 seconds to pull something together
16　here.
17　　　　THE WITNESS:  Okay.
18　　　　MS. TABACCHI:  Sure.
19　　　　MR. INNES:  In the spirit of
20　efficiency, I'll try to reorder
21　things.









Page 158

Page 159

18    MR. INNES:  I think we can take
19  a break now.
20    THE WITNESS:  Okay.
21    VIDEOGRAPHER:  We are going off
22  the record at 12:08 p.m.
23    (Recess taken, 12:08 p.m. to
24  1:04 p.m.)
25    VIDEOGRAPHER:  We are back on

Page 160

1  the record at 1:04 p.m.
2    MR. INNES:  Okay.  Welcome
3  back.
4    THE WITNESS:  Thank you.

Page 161



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review







Highly Confidential - Subject to Further Confidentiality Review



Page 190

1    VIDEOGRAPHER:  Do you want to
2  go off?
3    MR. INNES:  Yes.
4    VIDEOGRAPHER:  We're going off
5  the record at 1:42 p.m.
6    (Recess taken, 1:42 p.m. to
7  1:51 p.m.)
8    VIDEOGRAPHER:  We are back on
9  the record at 1:51 p.m.
10   Q.   (BY MR. INNES) Okay.  So we're
11 back.  We took a little break to sort out an
12 issue with plaintiffs' Exhibit 2.
13   MS. TABACCHI:  3.
14   MR. INNES:  3, rather.  Off to
15 a really galloping start here.



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review







Highly Confidential - Subject to Further Confidentiality Review



Page 230

Page 231

Page 232

Page 233

Page 234

Page 236

1    MR. INNES:  Yeah, now's a good
2  time to go off the record.
3    VIDEOGRAPHER:  We are going off
4  the record at 2:46 p.m.
5    (Recess taken, 2:46 p.m. to
6  3:02 p.m.)
7    VIDEOGRAPHER:  We are back on
8  the record at 3:02 p.m.
9    Q.    (BY MR. INNES)  Okay.
10  Ms. Johnson, we're back.
11    A.    Okay.

Page 235

Page 237

22    MR. INNES:  I know you asked to
23  take a break, but just let me --
24    MS. TABACCHI:  When it works
25  for you, Mike.



Highly Confidential - Subject to Further Confidentiality Review



Page 238

Page 240

Page 239

Page 241



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review



Case: 1:17-md-02804-DAP Doc #: 1978-19 Filed: 07/24/19 67 of 94. PageID #: 231094





Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review

Highly Confidential - Subject to Further Confidentiality Review

Page 278



Page 280

Page 279

Page 281

2       MR. INNES:  Why don't we take a
3    5-, 10-minute break and let me sort of
4    organize the last portion, see if we
5    can continue.
6       MS. TABACCHI:  I'm all for
7    that.  Sounds good.
8       VIDEOGRAPHER:  Going off the
9    record at 3:56 p.m.
10       (Recess taken, 3:57 p.m. to
11    4:11 p.m.)
12       VIDEOGRAPHER:  We are back on
13    the record at 4:11 p.m.



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review







Highly Confidential - Subject to Further Confidentiality Review



Page 310

Page 312

Page 311

Page 313

Highly Confidential - Subject to Further Confidentiality Review



Page 314

Page 316

Page 315

Page 317

Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review





Highly Confidential - Subject to Further Confidentiality Review



Page 346



Page 348

1 that the notice was for 9 o'clock a
2 while back.  We contacted Golkow.
3 Golkow -- I'll have to talk to my
4 paralegal, but Golkow was on notice to
5 correct it.  We were under the
6 assumption it was corrected.  So I
7 don't know what the snafu happened
8 there.
9       But, yeah, we were ready to go
10 at 7:45.
11       MS. TABACCHI:  Understood.  We
12 were all here at 8 o'clock.
13       Understood.
14       MR. INNES:  Right.
15       MS. TABACCHI:  Thank you.
16       MR. INNES:  We're on the same
17 page.
18       MS. TABACCHI:  All right.
19       VIDEOGRAPHER:  We're going off
20 the record at 5:27 p.m.
21       (Recess taken, 5:27 p.m. to
22 5:35 p.m.)
23       VIDEOGRAPHER:  We are back on
24 the record at 5:36 p.m.

Page 347

6       MS. TABACCHI:  How are we doing
7 on time?  As you know, we were hoping
8 to start at 8:00 a.m. for travel
9 purposes.  And we were here and
10 prepared to start at 8:00, so --
11       I know you're doing the best
12 you can.  How are we doing on time?
13       MR. INNES:  We're doing -- I
14 can take a hard five-minute break --
15 and I'll be honest on the five-minute
16 break -- and organize my notes and we
17 can come back in.
18       Are you going to have much
19 redirect, do you think?
20       MS. TABACCHI:  Well, that
21 depends on your last five minutes.
22       MR. INNES:  Okay.  See, neither
23 of us are certain as to what's
24 happening.
25       I mean, for the record, we saw

Page 349

Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Highly Confidential - Subject to Further Confidentiality Review



Page 366

Page 367

6    MR. INNES:  Okay.  We can break
7  now.
8    THE WITNESS:  Okay.
9    MS. TABACCHI:  We're finished?
10    MR. INNES:  We're finished.  Do
11  you want to get on camera?
12    MS. TABACCHI:  No.  I have no
13  questions.
14    Thank you.
15    VIDEOGRAPHER:  Are you going to
16  read and sign or anything?
17    MS. TABACCHI:  Yes.  Yes.
18    Does anybody on the phone have
19  questions?
20    VIDEOGRAPHER:  We are going off
21  the record at 4:54 p.m.
22    (Proceedings recessed at 4:54
23  p.m.)
24    --o0o--
25

Page 368

1
2    CERTIFICATE
3
4
5    I HEREBY CERTIFY that the
  witness was duly sworn by me and that the
6  deposition is a true record of the
  testimony given by the witness.
7
    It was requested before
8  completion of the deposition that the
  witness, MIRANDA JOHNSON, have the
9  opportunity to read and sign the
  deposition transcript.
10
11
12  Debra A. Dibble; RDR, CRR, CRC
  Certified Reporter
13  Notary Public
  Dated:  December 17, 2018
14
15
16
    (The foregoing certification
17  of this transcript does not apply to any
18  reproduction of the same by any means,
19  unless under the direct control and/or
20  supervision of the certifying reporter.)
21
22
23
24
25

Page 369

1    INSTRUCTIONS TO WITNESS
2
3    Please read your deposition over
4  carefully and make any necessary corrections.
5  You should state the reason in the
6  appropriate space on the errata sheet for any
7  corrections that are made.
8    After doing so, please sign the
9  errata sheet and date it.
10    You are signing same subject to
11  the changes you have noted on the errata
12  sheet, which will be attached to your
13  deposition.
14    It is imperative that you return
15  the original errata sheet to the deposing
16  attorney within thirty (30) days of receipt
17  of the deposition transcript by you.  If you
18  fail to do so, the deposition transcript may
19  be deemed to be accurate and may be used in
20  court.
21
22
23
24
25

Highly Confidential - Subject to Further Confidentiality Review

| | Page 370 |
|---|---|
| 1 | ERRATA |
| 2 | Page LINE CHANGE |
| 3 | _____ |
| 4 | REASON: _____ |
| 5 | _____ |
| 6 | REASON: _____ |
| 7 | _____ |
| 8 | REASON: _____ |
| 9 | _____ |
| 10 | REASON: _____ |
| 11 | _____ |
| 12 | REASON: _____ |
| 13 | _____ |
| 14 | REASON: _____ |
| 15 | _____ |
| 16 | REASON: _____ |
| 17 | _____ |
| 18 | REASON: _____ |
| 19 | _____ |
| 20 | REASON: _____ |
| 21 | _____ |
| 22 | REASON: _____ |
| 23 | _____ |
| 24 | REASON: _____ |
| 25 | |

Page 372

LAWYER'S NOTES

| | page | LINE | |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | page | LINE | |
| 4 | _____ | _____ | _____ |
| 5 | _____ | _____ | _____ |
| 6 | _____ | _____ | _____ |
| 7 | _____ | _____ | _____ |
| 8 | _____ | _____ | _____ |
| 9 | _____ | _____ | _____ |
| 10 | _____ | _____ | _____ |
| 11 | _____ | _____ | _____ |
| 12 | _____ | _____ | _____ |
| 13 | _____ | _____ | _____ |
| 14 | _____ | _____ | _____ |
| 15 | _____ | _____ | _____ |
| 16 | _____ | _____ | _____ |
| 17 | _____ | _____ | _____ |
| 18 | _____ | _____ | _____ |
| 19 | _____ | _____ | _____ |
| 20 | _____ | _____ | _____ |
| 21 | _____ | _____ | _____ |
| 22 | _____ | _____ | _____ |
| 23 | _____ | _____ | _____ |
| 24 | _____ | _____ | _____ |
| 25 | | | |

Page 371

1    ACKNOWLEDGMENT OF DEPONENT
2
3
4        I, MIRANDA JOHNSON, do hereby
     certify that I have read the foregoing pages
5    and that the same is a correct transcription
     of the answers given by me to the questions
6    therein propounded, except for the
     corrections or changes in form or substance,
7    if any, noted in the attached
     Errata Sheet.
8
9
10
11
12
     _____
     MIRANDA JOHNSON          DATE
13
14
15   Subscribed and sworn to before me this
16   _____ day of _____, 20 _____.
17   My commission expires: _____
18
19   _____
20   Notary Public
21
22
23
24
25