UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION, | CASE NO.  1:17 MD 2804 |
| | Judge Dan. Aaron Polster |
| THIS DOCUMENT RELATES TO: | |
| | **ORDER OF SEVERANCE** |
| *Jefferson County, et al. v. Williams, et al.*, Case No. 1:19 OP 45371 | and |
| | **ORDER OF REMAND** |

At the monthly status conference held on June 19, 2019, the Court advised counsel that two state court judges had contacted the Court to request that consideration be given to remanding one or two cases which had initially been filed in state court, and then removed.  The two judges are either presiding over numerous opioid cases filed by cities and counties (Judge Barry C. Dozor in Delaware County, Pennsylvania) or presiding over an opioid case filed by the State (Judge Rex M. Burlison in St. Louis, Missouri), and felt strongly that for efficiency purposes they would like to be able to include the cases in the same geographic area which had been removed to the MDL.  The Court advised counsel that a request from a state court colleague warranted very serious consideration, and that I would formally entertain any such requests, but only through June 30, 2019.  I told the parties that I would ask the state court judges to submit a letter to the Court setting out the details of the request.  I would then file the letter on the MDL docket, and permit any party to respond.

As it turned out, the only requests the Court has received came from these two judges. On July 1, 2019, the removing defendant in the Pennsylvania cases filed a notice stating that they had no objection to the case being remanded,[1] and the Court promptly remanded that case. Doc #: 1800.

On July 11 , 2019, the Court issued Scheduling Order No. 2, attaching Judge Burlison's letter-request, and giving the parties a deadline of July 22, 2019 to file objections. Doc #: 1828. On July 22, 2019, several distributor and pharmacy defendants filed an Objection, Doc #: 1931, and Plaintiffs filed a response, Doc #: 1938.

Judge Burlison has requested that I sever two of the approximately 20 plaintiffs in my MDL case, *Jefferson County, et al. v. Williams, et al.*, Case No. 1:19 OP 45371 (i.e., Jefferson County and Franklin County), and then remand the claims of these two Counties to state court. The claims of the remaining cities and counties in that case would remain in the MDL.

District courts have broad, inherent authority to manage their dockets. *Dietz v. Bouldin,* 136 S.Ct. 1885, 1892 (2016) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)*; Newman v. University of Dayton*, No. 3:17 CV 179, 2017 WL 4076517, at *3 (S.D. Ohio Sep. 14, 2017) (citing numerous 6th Circuit cases). Moreover, district courts have broad discretion under Rule 21 of the Federal Rules of Civil Procedure to add or drop parties and/or sever their claims either on a motion or *sua sponte*. *Adams v. Wilmington Finance/AIG*, No. 12 CV 10308, 2012 WL 2904998, at *2 (E.D. Mich. Apr. 27, 2019); *Kindle v. Dyersburg Fabrics Unlimited Partnership, I*, No. 07-2565, 2008 WL 11417498, at *2 (W.D. Tenn. Jan. 2, 2008).

---

[1] Those cases are *County of Carbon v. Purdue Pharma LP, et al.*, Case No. 1:19 OP 45337, Doc #: 54 (E.D. Pa.) and *Delaware County, Pennsylvania v. Purdue Pharma, LP, et al.*, Case No. 1:19 OP 45285, Doc #: 60 (E.D. Pa.).

As the Court has stated on many occasions, one of the major objectives of the MDL is to coordinate state and federal litigation.  While there are more than 2000 cases in the Opioid MDL, there are hundreds of similar cases in state courts around the country.  Procedures have been put in place so that lawyers in state and federal cases can share documents and depositions.  The objective is to minimize duplication and to promote efficiency.

The Court has carefully reviewed the case in question.  There are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous.  At the same time, Judge Burlison has represented that it will greatly assist his efforts if I were to sever the claims of these two counties (Jefferson and Franklin) and then remand those claims to him.  Accordingly, the Court has decided to exercise its discretion to sever the claims of Jefferson County and Franklin County, Missouri from Case No. 1:19 OP 45371, and to remand those parties and their claims to the 22d Judicial Circuit of Missouri.

As the Court stated at the June 19 status conference, I will not entertain additional requests of this nature.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster     July 24, 2019*
**Dan Aaron Polster**
**United States District Judge**