**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>*THIS DOCUMENT RELATES TO:*<br>*ALL CASES* | **MDL No. 2804**<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**DEFENDANTS' POSITION PAPER REGARDING ARCOS AND OTHER
PROTECTIVE, SEALING, OR REDACTION ORDERS**

On July 15, 2019, the Court lifted the ARCOS Protective Order with respect to pre-2013 ARCOS data. ECF 1845 at 1. The Court also directed the parties to "meet and confer" as to a "proposed modified protective order" governing ARCOS data from 2013 and 2014, as well as all Suspicious Order Reports ("SORs"). *Id.* at 2. "To the extent the parties cannot reach full agreement," the Court directed them to submit "a proposal identifying their areas of agreement and their positions on areas of disagreement." *Id.* Counsel for the Department of Justice, the media Intervenors, Plaintiffs, and Defendants held telephonic meet-and-confers on July 22 and 24, 2019. They did not reach agreement on a modified protective order. Accordingly, Defendants submit their position on the parties' disagreement.

In summary, because (1) the Court of Appeals has not issued its mandate, (2) at least some of the Defendants will file a petition for rehearing and suggestion for rehearing en banc within the time allowed by the Federal Rules of Appellate Procedure, and (3) the mandate will not issue until disposition of that petition, it is the Defendants' position that this Court is without jurisdiction to take any action with respect to any of the protective, sealing, or redaction orders that were the subject of the Sixth Circuit's decision. Accordingly, this Court should reject the

suggestions of Plaintiffs and the media Intervenors to lift the ARCOS Protective Order with respect to the 2013 and 2014 ARCOS data and to review its other protective, sealing, or redaction orders.  In the event that the Court determines that, notwithstanding the arguments outlined below, it does in fact have jurisdiction to lift or modify the protective orders in this case, Defendants respectfully request that (1) they be afforded the opportunity to fully brief the question of whether any further disclosure of information presently subject to a protective order is warranted, and to present to the Court evidence of the harms that would flow from further disclosure, and (2) the Court stay any disclosure order for seven (7) days to provide Defendants with the opportunity to seek a stay from the Sixth Circuit pending issuance of the mandate.

## BACKGROUND

On March 6, 2018, this Court entered a Protective Order governing the use and disclosure of ARCOS data that various companies, including Defendants, had provided to DEA.  ECF 167.  The companies submitted that data to DEA confidentially, and DEA is required by law to maintain the confidentiality of the data except in very narrow circumstances.  ECF 717 at 3.  Under the Court's Protective Order, the data would remain confidential and disclosure of the data could be made only to governmental plaintiffs and State Attorneys General "for this litigation and/or law enforcement purposes."  ECF 167 at 1; ECF 233 at 22.  On May 8, 2018, the Court extended the Protective Order to cover SORs produced in the litigation.  ECF 397.

Subsequently, various media companies sought disclosure of the ARCOS data, and DEA and Defendants objected.  On July 26, 2018, the Court found good cause to preserve the confidentiality of the ARCOS data.  ECF 800.  The media companies appealed, and DEA and Defendants participated as parties before the Sixth Circuit.  The Sixth Circuit, with one panel member dissenting, held that "the district court abused its discretion in finding that good cause existed to permanently and categorically prevent the ARCOS data from being disclosed pursuant

to public records requests." *In re: Nat'l Prescription Opiate Litigation*, 2019 WL 2529050, at *8 (6th Cir. June 20, 2019).  The Sixth Circuit reasoned that any "competitive" risk to Defendants from disclosure was "slight." *Id.* at *12–14.  The Sixth Circuit also concluded that this Court's orders "allowing Defendants and the DEA to file pleadings and other court documents under seal and with redactions" were an abuse of discretion.  *Id.* at *13.  Accordingly, it "vacate[d] any district court orders to the extent they permit sealing or redacting of court records" and directed this Court to enter a new protective order consistent with the legal standard set forth in its opinion.  *Id.* at *13–14.

Pursuant to Federal Rule of Appellate Procedure 41(b), the Sixth Circuit's mandate has not issued because the time for petitioning the court for rehearing has not yet expired.  Fed. R. App. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," unless the court shortens or extends the time by order).  Because a federal agency is a party to the appeal, the time to petition for rehearing in this case runs until 45 days after entry of judgment—or August 5, 2019.  *See* Fed. R. App. 40(a)(1).

On June 24, 2019, although the Sixth Circuit's mandate had not yet been issued, this Court ordered Plaintiffs, Defendants, DEA, and Intervenors to submit position papers by noon on July 3, 2019, addressing the question of whether the Court should lift entirely its Protective Orders regarding all ARCOS data produced in this case, and the extent to which it should lift its Protective Orders regarding all SORs produced to and by the parties in this case.  ECF 1725.  The Court also directed the parties to undertake a process to determine whether all other sealed or redacted filings satisfy the "compelling reasons" test articulated by the Sixth

Circuit. *Id.* at 6–7. This process implicates the continuing viability of the Court's initial Protective Order in CMO No. 2, ECF 441.

On that same day, June 24, 2019—only two business days after the Sixth Circuit issued its ruling—the Supreme Court issued its opinion in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019). Construing Exemption 4 to the Freedom of Information Act, 5 U.S.C. § 552(b)(4), the Supreme Court rejected the "competitive harm" test the Sixth Circuit applied in its decision in this case, 133 S. Ct. at 2363, and held that, "[a]t least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential'" and exempt from disclosure. *Id.* In other words, the Court held that there is no need for a company resisting public disclosure of confidential business data to demonstrate any competitive harm. *Id.*

On June 27, 2019, DEA filed a Motion for Relief from the Court's June 24 order, reminding the Court that the Sixth Circuit had "not yet issued its mandate with respect to its June 20, 2019 opinion" and explaining that the Court therefore "lacks jurisdiction to take action related to matters involved with the appeal." ECF 1748-1 at 2. DEA further explained that "the Solicitor General has 45 days within which to determine whether the government will file a petition for rehearing," and the "mandate will not issue, and the Sixth Circuit's decision will not become final, until after" that time. *Id.* DEA asked the Court to defer briefing on a revised Protective Order until the mandate issues because "any position paper that DEA might submit in response to the Order would be inextricably bound up with the Solicitor General's decision about whether to seek further review of" this Court's decision. *Id.* at 5.

4

The next day, June 28, 2019, Plaintiffs acknowledged the "rule regarding a district court's jurisdiction pending issuance of the appellate mandate," but asked that the Court disregard it here, asserting that the rule is not one of "hyper-technical rigidity."  ECF 1770 at 1.  The same day, the Court entered an order confirming that, "in order to allow full compliance with the Sixth Circuit's ruling . . . all existing Protective Orders are reaffirmed and shall remain in place until the Court issues a ruling determining the scope of a new Protective Order, which ruling shall occur as soon as reasonably possible."  Docket Entry Text, June 28, 2019.

On July 5, 2019, this Court indicated that it agreed with DEA and Defendants "that, until the reconsideration period expires and the Sixth Circuit issues a mandate, the ARCOS Protective Order should remain in place."  ECF 1813 at 3.  The Court stated that the parties "should continue adherence to the provisions in the ARCOS Protective Order regarding redaction and filing under seal."  *Id.*  On July 12, 2019, the parties submitted responses to the position papers that had been filed on July 3.  *See* ECF 1830, 1831, 1832, 1833.  Additional position papers were filed on July 15.  *See* ECF 1839, 1841, 1842, 1843, 1844.  The government again asked the Court not to take any action until the Sixth Circuit issued its mandate.  ECF 1844 at 4.  Also on July 12, 2019, the Sixth Circuit prematurely issued the mandate but immediately recalled it.  CA6 Nos. 18-3839/18-3860, ECF 53–54.  Notice of the mandate's premature issuance and subsequent recall were entered on this Court's docket on the morning of July 15, 2019.  ECF 1838, Docket Entry Text.  Notwithstanding the Court's July 5 statement that the ARCOS Protective Order would remain in place until the Sixth Circuit issues a mandate, the Court issued its July 15 Order lifting the Protective Order with respect to pre-2013 data.

On July 18, 2019, certain Defendants filed an emergency petition for a writ of mandamus, asking the Sixth Circuit to compel this Court to vacate its July 15 Order and to take

5

no further action to implement the Sixth Circuit's decision until the appellate mandate is issued. On July 23, 2019, the Sixth Circuit issued an order, inviting this Court to respond to Defendants' mandamus petition.  CA6 No. 19-3682, ECF 5-2.

## ARGUMENT

### I. Until the Sixth Circuit's Mandate Issues, This Court Lacks Jurisdiction to Release Additional ARCOS Data or Any of the SORs, or to Revisit Redacted Filings and Filings Under Seal.

The Sixth Circuit's June 20 opinion addressed the protective order governing ARCOS data and SORs as well as various of this Court's orders permitting the filing of court records under seal or with redactions.  The subject matter of that appeal, as defined by the Sixth Circuit, remains within the exclusive jurisdiction of the appellate court until the mandate issues.  And the parties to that appeal have until August 5 to petition that court for panel rehearing or rehearing en banc.  DEA has informed this Court that the Solicitor General is considering whether to seek further review, *see* ECF 1748-1 at 2, and Defendants told this Court that at least some of the Defendants will file a petition for rehearing.  *See* ECF 1840 at 12.

This Court would exceed its jurisdiction if it were to release subsequent ARCOS data or any of the SORs, or revisit its orders regarding redactions and filings under seal unless and until the Sixth Circuit issues its mandate.  The filing of an appeal is "an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).  This rule applies with full force in the interlocutory appeal context.  *See Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963) ("The taking of the appeal even though from an interlocutory nonappealable order nevertheless transferred jurisdiction to the Court of Appeals."); *United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) ("The filing of a notice of appeal, including an interlocutory appeal, confers jurisdiction on

the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *Arnold v. Corr. Med. Servs., Inc.*, 2010 WL 925305, at *1 (E.D. Ky. Jan. 29, 2010) (notice of interlocutory appeal challenging the denial of summary judgment "divested the court of jurisdiction to act, except on remedial matters unrelated to the merits of the appeal").

The court of appeals retains jurisdiction over the case until the mandate issues, and "the district court or agency whose order is being reviewed cannot proceed in the interim." *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951–52 (6th Cir. 1999); *see also United States v. Krzyske*, 857 F.2d 1089, 1093 (6th Cir. 1988) ("It is settled law that the filing of a timely and sufficient notice of appeal transfers jurisdiction from the district court to the court of appeals . . . until the district court receives the mandate of the court of appeals."); *cf. Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1128 (D.C. Cir. 1978) ("It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing."). Indeed, in *DeFries*, the D.C. Circuit held that the district court lacked jurisdiction over a "several months" trial it had convened and would need to re-try the case because it had proceeded to trial before the appellate court's mandate had issued on an earlier interlocutory appeal. 129 F.3d at 1303.

Moreover, any action on these matters before the mandate issues would thwart the opportunity for adequate appellate review. *See DeFries*, 129 F.3d at 1303 ("The mandate rule prevents the waste of judicial resources that might result if a district court, prior to the issuance of the appeals court's mandate, proceeds with a case, ruling on motions and hearing evidence, after which the appeals court reverses its original decision on rehearing."). Preserving the Sixth Circuit's appellate jurisdiction is particularly important here in light of the Supreme Court's June

7

24, 2019 decision in *Food Marketing*, 139 S. Ct. at 2363, which the Sixth Circuit has not yet had occasion to consider in connection with the issues on appeal. This Court has indicated that it disagrees with Defendants' position as to the effect of the Supreme Court's decision in *Food Marketing*, *see* ECF 1813 at 3-4, but the Sixth Circuit has not yet had an opportunity to analyze the parties' arguments and should be afforded the chance to do so upon review of the forthcoming petition for rehearing.

Because this Court presently lacks jurisdiction to release additional ARCOS data or SORs, or to revisit its prior rulings regarding redacted or sealed filings, Defendants respectfully request that this Court defer any consideration of these issues until after the Sixth Circuit's mandate issues, and allow the parties to submit position papers on these topics at that time.

In the event that the Court determines that it does have jurisdiction to lift or modify the protective orders in this case, Defendants respectfully request that (1) they be afforded the opportunity to fully brief the question of whether any further disclosure of information presently subject to a protective order is warranted, and to present to the Court evidence of the harms that would flow from further disclosure, and (2) the Court stay any disclosure order for seven (7) days to provide Defendants with the opportunity to seek a stay from the Sixth Circuit pending issuance of the mandate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court defer any consideration of any modified protective order until after the Sixth Circuit's mandate issues.


Dated: July 25, 2019                          Respectfully submitted,

                                              */s/ Mark S. Cheffo*
                                              Mark S. Cheffo

DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/ Carole S. Rendon*
Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621- 0200
Fax: (216) 696-0740
crendon@bakerlaw.com

*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc.*

*Co-Liaison Counsel for the Manufacturer Defendants*

*/s/ Enu Mainigi*
WILLIAMS & CONNOLLY LLP
Enu Mainigi
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Shannon E. McClure*
Shannon E. McClure

9

REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Geoffrey Hobart*
Geoffrey Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5281
ghobart@cov.com

*Counsel for Defendant McKesson Corporation*

*Co-Liaison Counsel for the Distributor Defendants*

*/s/ Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Telephone: (312) 494-4434
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*

*Liaison Counsel for the Chain Pharmacy Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on July 25, 2019.

> */s/ Geoffrey Hobart*
> Geoffrey E. Hobart
> **COVINGTON & BURLING LLP**
> One CityCenter
> 850 Tenth Street NW
> Washington, DC 20001
> Tel: (202) 662-5281
> ghobart@cov.com
> mlynch@cov.com
>
> *Counsel for McKesson Corporation*
>
> *Co-Liaison Counsel for the Distributor Defendants*