# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

**IN RE: NATIONAL PRESCRIPTION, OPIATE LITIGATION**

**MDL NO. 2804**

**Case No. 17-MD-2804**

**Judge Dan Aaron Polster**

## THIS DOCUMENT RELATES TO:

*Rees v. McKesson Corporation, et al.*
MDL Case #1:18-OP-45252

*Wood v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45264

*Salmons v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45268;

*Ambrosio v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45375

*Flanagan v. Purdue Pharma L.P., et al.*
MDL Case #1:18-OP-45405

*Whitley v. Purdue Pharma LP., et al.*
MDL Case #1:18-OP-45598

*Roach v. McKesson Corporation, et al.*
MDL Case No. #1:18-OP-45662

*Hunt v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-OP-45681

*Moore v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-op-46305

*Doyle v. Purdue Pharma L.P., et al.*
MDL Case No. #1:18-op-46327

*W.E. v. Purdue Pharma, L.P., et al.,*
MDL Case No. #1:18-op-46347

*Shaffer, et al. v. Purdue Pharma L.P., et al.,* MDL Case No. #18-op-46302

*Hanlon v. Purdue Pharma L.P., et al.*
MDL Case No. #1:19-op-45052

*Artz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45459

*Gibson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45515

*Goldman v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45516

*Rodriguez v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45463

*Ellis v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45464

*DeMaro v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45465

*Cruz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45466

*Paul v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45467

*Lechuga v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45468

*Brumbarger v. Purdue Pharma, LP., et al.*
MDL Case No. #1:19-op-45469

*Means v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45470

*Peterson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45472

*Hampel v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45473

*Whittaker v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45475

*Tuttle v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45476

*Gauthier v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45478

*Simonson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45479

*Delancey v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45480

*Stewart v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45481

*Shewmake v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45482

*Weatherwax v. Purdue Pharma, LP., et al.*
MDL Case No. #1:19-op-45483

*Martinez v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45484

*Williams, v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45485

*Warren v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45486

*Carlson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45487

*Flach v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45488

*Ivie v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45489

*Cherry v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45490

*Patterson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45534

*Gilson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45461

*Ortiz v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45492

*Meinecke v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45493

*Brant v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45494

*Alexander v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45502

*Berzinski v. Purdue Pharma, L.P., et al.* MDL Case No. #1:19-op-45503

*Johnson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45504

*Hutchins v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45505

*Collier v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45506

*Muffley v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45507

*Martin v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45508

*Kirk v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45509

*Martin v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45510

*Dixon v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45511

*Gauthier v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45514

*Hamawi v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45477

*Goss v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45518

*Herring v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45519

*Howell v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45520

*Johnson v. Purdue, Pharma, L.P., et al.*
MDL Case No. #1:19-op-45521

*Kommer v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45522

*Lively v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45523

*Lyle v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45524

*Massey v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45525

*McAnany v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45526

*Shockley v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45527

*Taylor v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45528

*Taylor v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45529

*Tindall v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45530

*Atkinson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45531

*Goforth v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45532

*Chancey v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45533

*Perkins v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45535

*Shepard v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45536

*Underwood v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45537

*Richardson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45538

*Puckett v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45539

*VonCannon v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45540

*Whittington v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45541

*Thomas v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45542

*Wright v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45543

*Scully v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45544

*Watson v. Purdue Pharma, L.P., et al.*
MDL Case No. #1:19-op-45545

**<u>MOTION FOR LEAVE TO FILE MOTION TO APPOINT JOHN WESTON AND
THOMAS E. BILEK AS NAS BABY LEAD COUNSEL AND MARC E. DANN AS NAS
BABY LIAISON COUNSEL</u>**

Plaintiffs move the Court for leave to file a motion to appoint John Weston and Thomas E. Bilek as NAS Baby Lead Counsel, Marc E. Dann, Esq. as NAS Baby Liaison Counsel, and a Plaintiffs' Steering Committee for the proposed NAS Baby Class Members to protect the interests of the proposed class and manage this litigation.  The reasons for Plaintiffs' Motion are more fully contained in the foregoing Memorandum in Support.

Dated: July 25, 2019                                      Respectfully Submitted,

/s/Marc E. Dann, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DANN LAW
P.O. Box 6031040
Cleveland, OH 44103
Phone: 216-373-0539
Fax: 216-373-0536
notices@dannlaw.com

*Proposed Liaison Counsel for NAS Baby Class*

John Weston (PA No. 26314)
Andrew Sacks (PA No. 41390)
SACKS WESTON DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Phone: 215-925-8200
jweston@sackslaw.com
asacks@sackslaw.com

*Proposed Lead Counsel for NAS Baby Class*

Thomas E. Bilek (TX No. 02313525)
Kelly Cox Bilek (TX No. 00786286)
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX 77002
Phone: 713-227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

*Proposed Lead Counsel for NAS Baby Class*

Gregory B. Heller (PA No. 61130)
Young Ricchiuti Caldwell & Heller, LLC
1600 Market Street, Suite 3800
Philadelphia, PA 19103
Phone: 267-546-1004
gheller@yrchlaw.com

Michael G. Stag (LA No. 23314)
Ashley M. Liuzza (LA No. 34645)
STAG LIUZZA, LLC
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
Phone: 504-593-9600
mstag@stagliuzza.com
aliuzza@stagliuzza.com

*Proposed Steering Committee for NAS Baby Class*

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT JOHN WESTON AND THOMAS E. BILEK AS NAS BABY LEAD COUNSEL AND MARC E. DANN AS NAS BABY LIAISON COUNSEL

## I.     INTRODUCTION

Plaintiffs in all consolidated actions respectfully ask this Court to appoint NAS Baby Lead Counsel, NAS Baby Liaison Counsel, and a Plaintiffs' Steering Committee ("PSC") to protect the interests of the proposed class and manage this litigation.

Rule 23(g)(1) grants the Court authority to appoint class counsel. *See* Fed. R. Civ. P. 23(g)(1). The undersigned counsel representing Plaintiffs in each of the consolidated actions have conferred and ask this Court to appoint: (i) John Weston of Sacks Weston Diamond, LLC and Thomas E. Bilek of The Bilek Law Firm, L.L.P. as NAS Baby Lead Counsel; (ii) Marc E. Dann of Dann Law, who is a member of this Court, as NAS Baby Liaison Counsel; and Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC and Michael G. Stag of Stag Liuzza, LLC as members of a PSC. These attorneys are committed to seeing this litigation through to a just, speedy, and efficient resolution on behalf of the proposed NAS Baby class. *See* Fed. R. Civ. P. 1.

## II.     BACKGROUND

This Court is well familiar with the history of this Multi-District Litigation.  The Movants of this Motion represent one of the NAS Baby Plaintiffs, Jodi Shaffer as next friend and guardian of minor R.C., who is the Plaintiff in 1:18-op-46302 as transferred to this Court on December 10, 2018.  While this Court has established multiple tracks in this MDL, none of the tracks include the NAS Babies with the except of the Native-American Track established by this Court which does by definition include only Native-American babies.  The only separation that the NAS Babies have been granted in this litigation came in this Court's June 6, 2019 Order directing the

Defendants to file motions to dismiss in *The State of Alabama v. Purdue Pharma, L.P.,*, Case No. 18-op-45236 in which the Court noted: "The Court is aware that defendants do not believe class certification is appropriate in any of the NAS cases. Moreover, the question of NAS class certification may affect ongoing settlement discussions…" *See* Doc. 1662 at p. 3, Page ID #46332. As noted by the Plaintiffs in the *Motion to Appoint Scott Bickford, Esq. as NAS Baby Liaison and Memorandum in Support* filed July 23, 2019 (Doc. 1950), the NAS Baby Plaintiffs were and remain completely unaware of the facts and circumstances which led the Court to issue the June 6, 2019 Order. *See* Doc. 1950-3 at p. 3, Page ID #119879.  In addition, while the Court did grant the Plaintiffs' Motion for Reconsideration on July 11, 2019 which established a deadline of a Motion to Certify a NAS Baby Class of August 23, 2019 the Court noted in its July 11, 2019 that the PEC had allowed the NAS Baby Class a right to view the discovery. *See* Doc. 1829 at p. 2, PageID #57065.  The NAS Baby Class has not had a representative within the PEC and have not had adequate representation to this point.

For those reasons and in light of the pressing August 23, 2019 deadline to file a Motion for Class Certification for NAS Baby Class, the Plaintiffs through the undersigned bring this Motion to appoint (i) John Weston of Sacks Weston and Diamond,  LLC and Thomas E. Bilek of the Bilek Law Firm, L.L.P. as NAS Baby Lead Counsel; (ii) Marc E. Dann of Dann Law NAS Baby Liaison Counsel; and (iii) Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC and Michael G. Stag of Stag Liuzza, LLC, as members of a Plaintiffs' Steering Committee.

## III.    PLAINTIFFS' COUNSEL ORGANIZE THEMSELVES

Unlike the Motion filed by Scott Bickford, Esq on July 23, 2019 to appoint himself as NAS Baby Liaison Counsel, the Plaintiffs have reached agreement on a proposed NAS Baby

Lead Counsel, John Weston of Sacks Weston Diamond, LLC and Thomas E. Bilek of The Bilek Law Firm, L.L.P., proposed NAS Baby Liaison Counsel, Marc E. Dann of Dann Law, and a proposed PSC consisting of the two (2) attorneys, Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC and Michael G. Stag of Stag Liuzza, LLC. This formation of a leadership structure will ensure that the NAS Baby Class is well represented for the duration of this case.

### A.    Legal Standard.

In a complex class action litigation involving numerous parties with common interests, "the selection and activity of class counsel are often critically important to the successful handling" of an action." Fed. R. Civ. P. 23(g) Advisory Committee Note (2003). Duplicative actions can "waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily," and "coordination of counsel early in the litigation will help to avoid these problems." Manual for Complex Litigation, § 10.22 (4th ed. 2004) ("MCL 4th"). Among the "most important" goals of designating class counsel are "achieving efficiency and economy" and ensuring that the  interests of the class are well served. MCL 4th § 10.221. As such, the Court should consider the following factors in evaluating the present application to serve as interim class counsel:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

In addition, the Courts should consider any other factor that is pertinent to counsel's ability to represent the interests of the class. *In re Am. Honda Motor Co., Inc.*, 2:15-MD2661, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015). While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when multiple firms have undertaken independent investigations and pursued independent cases.

### B. Appointment of NAS Baby Lead Counsel, Plaintiffs' Steering Committee, and NAS Baby Liaison Counsel.

Appointing a leadership structure in this litigation will enable Plaintiffs to litigate these cases efficiently and effectively on behalf of the proposed NAS Baby Class and will ensure that all counsel work cooperatively as the case proceeds in this Court. Accordingly, Plaintiffs respectfully ask the Court to appoint the following leadership structure:

**NAS Baby Lead Counsel:** John Weston of Sacks Weston Diamond, LLC and Thomas E. Bilek of The Bilek Law Firm, L.L.P.

**NAS Baby Liaison Counsel:** Marc E. Dann of Dann Law.

**Plaintiffs' Steering Committee:** Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC and Michael G. Stag of Stag Liuzza, LLC.

If appointed, and consistent with the MCL 4th §§ 10.221 and 40.22, proposed NAS Baby Lead Counsel, with the assistance of NAS Baby Liaison Counsel, will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

- To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the

position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

- To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

- To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

- To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

- To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

- To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

- To maintain adequate time and disbursement records covering services;

- To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- To maintain a current Master Service List of counsel of record;

- To maintain and distribute to Plaintiffs' counsel and to Defendants' counsel an up-to-date service list as to Plaintiffs;

- To file and serve on behalf of Plaintiffs those filings relative to the master docket of the litigation;[1] and,

---

[1] While some of these duties have been historically assigned to a designated liaison counsel, the role of performing administrative tasks related to filing and service has largely been obviated in recent years by electronic filing and service.  In many contemporary MDLs, lead counsel absorb liaison functions. *See, e.g., In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672, January 1, 2016 Order (Dkt. 1084); *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777, June 19, 2017 Order (Dkt. 173). Here, Plaintiffs propose that NAS Baby Lead Counsel bear these responsibilities, assisted by NAS Baby Liaison Counsel who is familiar with this Court.

- To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

*Cf. In re: Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litigation*, Case No. 6:17-ML-02792-D, Dkt. No 52 (December, 6, 2017) (delineating similar duties to interim lead counsel in the Samsung Top-Load Washing Machine Litigation). Members of the PSC, meanwhile, will consult with NAS Baby Lead Counsel to coordinate Plaintiffs' discovery, class certification, and other pretrial activities, and to plan for trial. MCL 4th § 40.22.

### C. Proposed NAS Baby Lead Counsel.

### 1. Proposed Interim Lead Counsel Have Done Extensive Work to Identify, Investigate, and Litigate Claims Against Defendants.

The first Rule 23(g) factor considered by the courts is the work the proposed lead counsel have done "in identifying and investigating potential claims in [this] action." Fed. R. Civ. P. 23(g)(1)(A)(i). Here, proposed lead counsel have not only dedicated substantial resources to investigating the facts underlying Defendants' actions and developing applicable legal bases for liability, but they have researched and filed numerous cases, identified and interviewed potential witnesses, researched and complied with pre-suit requirements, and coordinated with defense counsel regarding scheduling and discovery. By any measure, proposed lead counsel have invested significant time, effort and resources to advance this litigation, and they will continue to do so.

### 2. Proposed Interim Lead Counsel Have Done Extensive Experience, Knowledge, and Resources to Represent the Class Effectively.

In selecting interim class counsel, the courts place great emphasis on Rule 23(g)(1)'s second and third factors, which concern proposed lead counsel's experience with similar litigation and knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii). In this regard, proposed lead counsel are well-suited for appointment to this leadership position: Attorneys Weston of Sacks Weston Diamond, LLC and Thomas E. Bilek of The Bilek Law Firm, L.L.P. have litigated claims very similar to those asserted here and have served in leadership roles in other consolidated and/or multidistrict complex class. Neither Attorneys Weston or Bilek's or their firm's qualifications or ability to devote the necessary resources to this litigation are disputed. *Dorn v. Mueller*, Civil Action No. 10-cv-00925-WYD-CBS, 2010 U.S. Dist. LEXIS 61828, at *5 (D. Colo. May 28, 2010) (granting application for appointment of class counsel where there was "no dispute that these firms have adequate experience in class actions and complex litigation, adequate knowledge of applicable law and abundant resources"); *see* Fed. R. Civ. P. 23(g)(1)(A)(iv).

Attorney Weston has more than four decades of diverse, hands-on, complex real estate law and corporate practice, personal injury and civil rights litigation, labor and municipal law, employment litigation, and class action litigation experience, representing both plaintiffs and defendants in federal and state courts across the United States, with extensive experience in environmental litigation, commercial law, and appellate practice. During his career, Attorney Weston has served in lead trial and leadership roles in a variety of civil litigation including:

- Serving as lead counsel for the Louisiana state class in *In re: Microsoft Corp. Windows Operating Systems AntiTrust Litigation*, MDL 1332;

- Serving as lead (and only) counsel in *Clark v. Pfizer*, 2008 Phila. Ct. Com. Pl. LEXIS 74 (C.P. Philadelphia 2008), a certified consumer class action action in the Neurontin litigation;

- Representing the Colombian government in *Republic of Columbia v. Diago N. Am., Inc.*, 531 F. Supp. 2d 365 (EDNY 2007), a case involving prosecution of RICO and money laundering claims against international liquor distributors;

- Representing Plaintiffs in the *Grefer v. Alpha Tech*, 965 So. 2d. 511 (La. Ct. App. 2007), a case against various U.S. oil companies that culminated in a $1 Billion Dollar punitive damage jury verdict.

Sacks Weston Diamond, LLC is one of the leading complex litigation and commercial litigation law firms in the country. In addition to the complex civil and commercial litigation above, the firm has become a leader in the medical marijuana law field, ensuring that attorneys throughout the state can represent professionals of related industries without ramifications against their practice or bar membership.

Additional information regarding Attorney Weston and Sacks Weston Diamond is set forth in the Firm's Memorandum attached as ***Exhibit 1*** to this Motion.

Attorney Bilek has more than three decades of diverse, hands-on, complex and class action litigation experience, representing both plaintiffs and defendants in federal and state courts as well as arbitration forums across the United States. During his career, Attorney Bilek has served in lead trial and leadership roles in a variety of diverse cases involving securities fraud, consumer protection, environmental, and occupational injury cases including:

- Successfully represented shareholders as co-liaison counsel in the main securities fraud class action against *Enron Corporation, et al*. Settlement in excess of $7,200,000,000.00. (2008)

- Successfully represented plaintiffs as lead trial counsel in a federal nationwide securities class action against Compaq Corporation. Obtained a settlement in the amount of $28,650,000.00. (2003)

- Successfully represented a class of plan participants for ERISA violations by their employer, *RadioShack Corporation*. Obtained a settlement in the amount of $2,400,000. (2011)

- Successfully represented shareholders of *Crestwood Midstream Partners LP* in its merger with Crestwood Equity Partners LP. The action resulted in additional disclosures to shareholders regarding the merger. (2016)

- Successfully represented plaintiffs in a class action regarding the Oil Spill by the Oil Rig "Deepwater Horizon" against *Halliburton Energy Services, Inc./Transocean, et al.* Settlement in excess of $1,200,000,000. (2015)

- Successfully represented plaintiffs residing in an oilfield in Brookhaven, Mississippi, whose property had been contaminated. Obtained a confidential settlement after obtaining a verdict in favor of certain Bellwether plaintiffs in a seven-week jury trial. (2002)

- Successfully defended hazardous waste disposal facility against environmental claims stemming from the disposal of wastes at the MOTCO superfund site. Plaintiff sought $27,000,000.00 solely from client for environmental clean-up

costs. Retained to defend the action by Aetna, Hartford, Protective National, and

National Automobile & Casualty. The action settled before trial for $125,000.00.

(1996)

The Bilek Law Firm, L.L.P. is one of the leading litigation law firms in the country. Out of their

Houston, TX offices, Attorneys Thomas Bilek and Kelly Bilek litigate cases across the United

States, in both state and federal courts. The firm has been retained by all classes of plaintiffs,

from of the largest closely held corporations in the country to your average individual citizen, to

prosecute their high value financial and consumer litigation.

Additional information regarding Attorney Bilek is set forth in his resume as attached as

*Exhibit 2*.

## D.     Proposed NAS Baby Liaison Counsel.

Former Ohio Attorney General Marc E. Dann has devoted his entire legal career to

fighting for homeowners, consumers, and small businesses beginning with his tenure as the

Antitrust Director in the office of the West Virginia Attorney General. After leaving that post he

entered private practice and was subsequently elected to the Ohio Senate where he introduced

numerous consumer protection bills including a comprehensive predatory lending law that was

rated among the best in the United States. He also led successful efforts to lengthen the statute of

limitations for victims of child sexual abuse, expand the rights of crime victims, and extend the

reach of the Ohio Consumer Sales Practices Act and the Federal Telephone Solicitation Act.

Elected Ohio Attorney General in 2006, Attorney Dann became a national leader in the

effort to hold banks and predatory lenders accountable for victimizing homeowners. He initiated

securities fraud claims against the creators of mortgage-backed securities, created the Save the

Dream program which assists Ohio homeowners facing foreclosure, mobilized Mortgage Fraud Task Forces in Ohio's major cities, challenged the standing of mortgage servicers to foreclose in cases to which the State of Ohio was a party, worked with Former Ohio Chief Justice Thomas Moyer to organize over 1,200 volunteer lawyers to represent homeowners in foreclosure, and brought an action with attorney generals of 26 other states against Defendant Purdue Pharma Inc. to settle claims of over-aggressive promotion and sales of drugs containing the narcotic oxycodone.[2] Today, Dann is an active member of SAGE (Society of Attorneys General Emeritus) and the Democratic Attorneys General Association.

Dann Law is a firm dedicated to consumer advocacy. Dann Law attorneys bring an array of talents in areas which affect the day to day lives and finances of regular folks. They assist clients with matters related to their mortgage servicing, consumer debts, student loans, foreclosure, data privacy and credit, and disability access. They have brought and successfully resolved claims against every major mortgage loan servicer or bank servicer.   As this Court is aware, DannLaw has appeared in front of this Court on twenty-one different cases since April 5, 2012 as Plaintiff's Counsel.

DannLaw has substantial experience bringing claims as class actions in state and federal court, having brought matters against Wells Fargo, Inland Bank, Equifax, Whole Foods, Intelios, Ken Jones and Associates, and Sonic. Attorneys Marc Dann and Brian Flick of DannLaw were appointed as Class Counsel in another MDL pending in this district, *In re Sonic Corp. Customer Data Security Breach*, Case No. 1:17-md-02807, in which Attorneys Dann and Flick have acted

---

[2]"Suing drug companies over opioid epidemic is not enough", Columbus Dispatch, June 4, 2017. https://www.dispatch.com/news/20170604/theodore-decker-suing-drug-companies-over-opioid-epidemic-is-not-enough (last visited July 23, 2019)

as liaison counsel and active participants in all facets of the case including discovery review and settlement negotiations.

Additional information regarding Attorney Dann is set forth in his resume as attached as *Exhibit 3*.

### E. Plaintiffs' Steering Committee.

Plaintiffs propose a two (2) person PSC in addition to proposed NAS Baby Lead Counsel. The proposed PSC members provide a diverse set of interests and experience. They have experience, knowledge, and resources to represent the Class effectively. Consistent with MCL 4th § 40.22, the PSC members will consult with NAS Baby Lead Counsel in coordinating Plaintiffs' discovery, class certification, and other pretrial activities as well as planning for trial. Here, each PSC member is well qualified to contribute to the successful prosecution of Defendants.

Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC is a trial lawyer in Philadelphia, Pennsylvania. Roughly one third of his practice is devoted to catastrophic personal injury litigation. He also represents several Pennsylvania local governments in litigation against companies that make, sell, and distribute prescription opioids—virtually all of them defendants here. In addition, for over a decade, he has represented individual and institutional plaintiffs in litigation that seeks to improve access to addiction treatment, remove barriers to addiction treatment, and improve the quality of addiction treatment. He was counsel for the plaintiff in *Smith v. OPM*, 80 F.Supp.3d 575 (E.D. Pa. 2014), the first case to hold that the Mental Health Parity and Addiction Equity Act of 2008 applies to the Federal Blue Cross program. He was counsel for the plaintiff class in *Doe v. Capital Blue Cross*, December Term, 2010, No. 2731

(Philadelphia County), a case that challenged Capital Blue Cross's policies surrounding addiction treatment under the CHIP program, which provides health insurance to children. Notably, the named plaintiffs in that case include a treatment provider that operated one of the country's first programs specifically designed to address the needs of pregnant addicted women and their families. He was counsel for plaintiffs in *TM v. Aetna*, No. 17-cv-00002 (E.D. Pa.) and *RS v. Aetna*, No. 15-cv-03276 (E.D. Pa.), both cases challenging Aetna's refusal to pay for residential addiction treatment. He was counsel for plaintiff in *Churchill v. CIGNA*, 10-cv-06911 (E.D. Pa.), a case that challenged CIGNA's refusal to pay for certain autism treatment.

He is currently active in various efforts to expand access to addiction treatment, and remove barriers to addiction treatment in Harrisburg, Pennsylvania and Washington, D.C. He has performed a number of treatment-related projects for the National Alliance for Model State Drug Laws. He has represented the District Attorneys Association of Pennsylvania, the County Commissioners Association of Pennsylvania, and other organizations concerned with the public safety and public health consequences of untreated (or inadequately treated) addiction, in litigation surrounding access to treatment and barriers to treatment.

Additional information regarding Attorney Heller is set forth in his resume, which is attached as ***Exhibit 4***.

Michael G. Stag of Stag Luizza, LLC has also litigated claims very similar to those asserted here and have served in various roles in other consolidated and/or complex class actions. Attorney Stag was one of the attorneys who pioneered the field of Technologically Enhanced Naturally Occurring Radioactive Materials oilfield waste litigation and has represented thousands of clients injured by toxic chemicals or defective products. Attorney Steg was

17

nationally recognized for his work related to the $1.056 Billion verdict *Grefer v. Exxon, et al.* He was also an executive committee member for the class action in the *Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.*, which resulted in monetary compensation and cleanup settlement valued in excess of $300 million. In addition to his work on the *Grefer* and *Turner* cases, Attorney Stag also obtained a $15 million dollar verdict in *Craft v. Intracoastal Tubular Services, Inc., et al*, a case in which Attorney Stag represented concerned survivors of a former pipeyard worker who contracted lung cancer from exposure to Radium-226 and other radioactive materials. Attorney Stag focuses his practice on toxic torts, environmental and royalty litigation, and harmful pharmaceuticals and defective medical devices. Attorney Stag also has substantial experience in personal injuries arising from commercial vessel and offshore accidents and complex business litigation.

Additional information regarding Attorney Stag is set forth in his resume as attached as *Exhibit 5*.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court appoint (i) John Weston of Sacks Weston and Diamond,  LLC and Thomas E. Bilek of the Bilek Law Firm, L.L.P. as NAS Baby Lead Counsel; (ii) Marc E. Dann of Dann Law NAS Baby Liaison Counsel; and (iii) Gregory B. Heller of Young Ricchiuti Caldwell & Heller, LLC and Michael G. Stag of Stag Liuzza, LLC, as members of a Plaintiffs' Steering Committee.

Dated: July 25, 2019                                    Respectfully Submitted,

                                                         /s/Marc E. Dann, Esq.
                                                         Marc E. Dann (0039425)
                                                         Brian D. Flick (0081605)
                                                         DannLaw
                                                         P.O. Box 6031040

Cleveland, OH 44103
Phone: 216-373-0539
Fax: 216-373-0536
notices@dannlaw.com

*Proposed Liaison Counsel for NAS Baby
Class*

John Weston (PA No. 26314)
Andrew Sacks (PA No. 41390)
SACKS WESTON DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Phone: 215-925-8200
jweston@sackslaw.com
asacks@sackslaw.com

*Proposed Lead Counsel for NAS Baby Class*

Thomas E. Bilek (TX No. 02313525)
Kelly Cox Bilek (TX No. 00786286)
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX 77002
Phone: 713-227-7720
tbilek@bileklaw.com
kbilek@bileklaw.com

*Proposed Lead Counsel for NAS Baby Class*

Gregory B. Heller (PA No. 61130)
Young Ricchiuti Caldwell & Heller, LLC
1600 Market Street, Suite 3800
Philadelphia, PA 19103
Phone: 267-546-1004
gheller@yrchlaw.com

Michael G. Stag (LA No. 23314)
Ashley M. Liuzza (LA No. 34645)
STAG LIUZZA, LLC
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
Phone: 504-593-9600
mstag@stagliuzza.com

aliuzza@stagliuzza.com

*Proposed Steering Committee for NAS Baby
Class*

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on July 25, 2019. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system or via U.S. mail, postage prepaid, as certified by the Court's Certificate of Service generated upon filing.

/s/Marc E. Dann, Esq.
Marc E. Dann, Esq. (0039425
*Proposed Liaison Counsel for NAS Baby Class*

FROM:     JOHN WESTON AND ANDREW SACKS
DATE:     JULY 25, 2019
TOPIC:    FIRM'S EXPERIENCE IN COMPLEX LITIGATION

Sacks Weston Diamond, with variations in named partners, has actively pursued complex litigation cases since 1994.  Our appellate practice stretches back to 1979.  We have extensive experience in legal writing, in litigation involving technical matters, and in litigation involving international parties.

The firm was lead counsel for the Louisiana state class in the Microsoft antitrust litigation, MDL 1332 (*Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471 (4th Cir. 2005).  We were class counsel for what is believed to be the only certified consumer class action in the Neurontin litigation (*Clark v. Pfizer*, 2008 Phila. Ct. Com. Pl. LEXIS 74 (C.P. Philadelphia 2008), *aff'd in part, vacated in part* 990 A.2d 17 (Pa.Super. 2010)).  We were counsel for class representatives in approximately 20-30 other class actions.

For a decade the firm represented people who sustained personal and property injuries from radioactive contamination caused by oil production operations.  Virtually all significant U.S. oil companies were defendants at one time or another.  Dozens of actions were prosecuted in nearly a dozen states, in both state and federal courts.  The litigation culminated in the *Grefer* case, where the jury awarded punitive damages of $1B, and which was twice submitted to the U.S. Supreme Court (see *Grefer v. Alpha Tech.*, 965 So. 2d 511).

We were one of three firms constituting the U.S. legal team, prosecuting the European Community's RICO and money laundering claims against American, British and Japanese tobacco companies.  The litigation extended well over a decade, and included four appeals to the Second Circuit and three to the U.S. Supreme Court.  The team achieved total recoveries, significantly in excess of $2B, with all but one of the companies, and is considered the most successful European lawsuit in the United States.  We represented Colombia and its individual departments in similar RICO and money laundering claims against the principal international liquor distributors.  That case produced the District Court's opinion in *Republic of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365 (E.D.N.Y. 2007), which has been useful to many lawyers in many ways.

# EXHIBIT 1

We have been lead or sole counsel in approximately fifty other reported opinions.  John Weston has been admitted to, either permanently or on a *pro hac* basis, the First, Second, Third, Fourth, Fifth, Sixth and Ninth U.S. Circuit Courts of Appeal, as well as the U.S. Supreme Court and a significant number of state courts.

We are collegial and congenial, and have never had difficulty interacting with either our allies or our opponents.  Our ability to conduct the tobacco litigation and the oilfield contamination litigation, in cooperation with other firms, bears this out.

# THE BILEK LAW FIRM, L.L.P.

**ATTORNEYS AT LAW**
**700 Louisiana, Suite 3950**
**Houston, Texas  77002**
**(713) 227-7720**

## FIRM RESUME

The Bilek Law Firm, L.L.P. is dedicated to the vigorous prosecution of plaintiffs' lawsuits in state and federal courts across the nation.  With over 33 years of experience, Thomas Bilek has taken a position as one of the top plaintiffs' trial lawyers in Texas and is sought by other law firms to serve as co- or lead counsel in cutting-edge securities fraud, consumer protection, environmental, and occupational injury cases throughout the United States.  Combined with Kelly Bilek's more than 26 years of class action, trial, and appellate expertise, the Firm's commitment to aggressive yet cost-effective counsel has frequently resulted in successful outcomes for its clients.

*Commercial Litigation cases*:

- Successfully represented shareholders as co-liaison counsel in the main securities fraud class action against *Enron Corporation, et al.*  Settlement in excess of $7,200,000,000.00.  (2008)

- Successfully represented plaintiffs as lead trial counsel in a federal nationwide securities class action against *Compaq Corporation*.  Obtained a settlement in the amount of $28,650,000.00.  (2003)

- Successfully represented a class of plan participants for ERISA violations by their employer, *El Paso Corporation*.  Obtained a settlement in the amount of $17,000,000.00.  (2008)

- Successfully represented an individual investor in state court actions against Deloitte Touche and the Adelphia outside directors arising out of the *Adelphia* securities fraud.  Obtained confidential settlements for both cases.  (2008)

- Successfully represented an individual investor in a state court action against Arthur Andersen relating to the sale of Sunbeam bonds.  Obtained a confidential settlement.  (2002)

- Successfully represented plaintiffs as liaison counsel for shareholders in a federal nationwide securities class action against *NCI Building Systems, Inc.*  Obtained a settlement in the amount of $7,000,000.00.  (2004)

- Successfully represented plaintiffs in a federal nationwide securities class action against *Cooper Industries*.  Obtained a settlement in the amount of $6,850,000.00.  (1999)

- Successfully represented Enron shareholders as class counsel in a nationwide class action filed in Texas state court arising out of the failed merger with *Dynegy*.  Obtained a settlement in the amount of $6,000,000.00.  (2003)

# EXHIBIT 2

- Successfully represented plaintiffs in a securities class action against *Mitcham Industries.* Obtained a settlement in the amount of $2,700,000.00.  (2002)

- Successfully represented a class of plan participants for ERISA violations by their employer, *RadioShack Corporation.*  Obtained a settlement in the amount of $2,400,000.  (2011)

- Successfully represented plaintiffs in a federal nationwide securities class action against *A Pea in the Pod.*  Obtained a settlement in the amount of $2,150,000.00.  (1997)

- Successfully represented a class of plan participants for ERISA violations by their employer, *Affiliated Computer Services, Inc.*  Obtained a settlement in the amount of $1,500,000.00. (2008)

- Successfully represented a statewide class of California residents in their claims against an automobile manufacturer.  (2007)

- Successfully represented shareholders of *Crestwood Midstream Partners LP* in its merger with Crestwood Equity Partners LP.  The action resulted in additional disclosures to shareholders regarding the merger.  (2016)

- Successfully represented shareholders of *Multimedia Games Holding Company, Inc.* in its merger with Global Cash Access Holdings, Inc.  The action resulted in additional disclosures to shareholders regarding the merger.  (2015)

- Successfully represented shareholders of *QR Energy LP* in its sale to Breitburn Energy Partners LP.  The action resulted in additional disclosures to shareholders regarding the merger.  (2015)

- Successfully represented shareholders of *MetroCorp Bancshares, Inc.* in its merger with East West Bancorp, Inc.  The action resulted in a reduced termination fee and additional disclosures to shareholders regarding the merger.  (2014)

- Successfully represented shareholders of *Crestwood Midstream Partners LP* in its merger with Inergy Midstream, L.P.  The action resulted in additional disclosures to shareholders regarding the merger.  (2014)

- Successfully represented shareholders of *HealthTronics, Inc.* in its merger with Endo Pharmaceuticals Holdings, Inc.  The action resulted in additional disclosures to shareholders regarding the merger.  (2010)

- Appointed lead counsel by Texas state court in a nationwide suit on behalf of shareholders in a breach of fiduciary duty class action against the former officers and directors of *Pennzoil-Quaker State Company.*  (2007)

- Successfully represented *Dynacq Healthcare, Inc.* shareholders in a derivative action which resulted in greater board oversight of management of the company's accounting practices. (2003)

- Successfully represented shareholders of DTM in its merger with 3D Systems.  The action resulted in the reduction of certain anti-takeover provisions and additional disclosures to shareholders in connection with the merger.  (2003)

- Established significant legal precedent in Texas by successfully arguing creditor's (Lomas Bank USA) privilege from suit to impose liability for false statements negligently made to credit reporting agencies.  *Lomas Bank USA v. Flatow*, 880 SW2d 52 (Tex. App.-San Antonio 1994, writ denied).

- Successfully defended First USA Bank against $27,000,000.00 claim involving the sale of various credit accounts.  Case settled during trial for $50,000.00.  (1995)

- Obtained summary judgment in favor of First USA Bank in two separate class action lawsuits both alleging false credit collection practices in violation of the Fair Credit & Reporting Act.  Plaintiffs claimed damages in excess of $90,000,000.00.  (1996)

- Successfully represented an employee in trial and appeal of wrongful termination action.  Appellate decision was termed as "the most significant case in employment wrongful termination in Texas" during the 1990s.  Case ultimately settled after affirmance by Texas Supreme Court.  *Higginbotham v. Allwaste, Inc.*, 889 SW2d 411 (Tex. App.-Houston [14th Dist.] 1994, writ denied).

*Environmental Litigation cases*:

- Successfully represented plaintiffs in a class action regarding the Oil Spill by the Oil Rig "Deepwater Horizon" against *Halliburton Energy Services, Inc./Transocean, et al.*  Settlement in excess of $1,200,000,000.  (2015)

- Successfully represented plaintiffs in a class action regarding the Oil Spill by the Oil Rig "Deepwater Horizon" against *BP, P.L.C., et al.*  Served as a Committee Chair in the matter, which ultimately settled for $7,800,000,000.  (2012)

- Successfully represented Plaintiffs residing around a landfill in San Patricio County, Texas, whose property had been contaminated.  Obtained total settlements of $12,500,000.00 after obtaining a verdict in favor of certain Bellwether plaintiffs in an eight-week jury trial.  (2001 and 2004)

- Successfully represented plaintiffs residing in an oilfield in Brookhaven, Mississippi, whose property had been contaminated.  Obtained a confidential settlement after obtaining a verdict in favor of certain Bellwether plaintiffs in a seven-week jury trial.  (2002)

- Successfully defended hazardous waste disposal facility against environmental claims stemming from the disposal of wastes at the MOTCO superfund site.  Plaintiff sought $27,000,000.00 solely from client for environmental clean-up costs.  Retained to defend the action by Aetna, Hartford, Protective National, and National Automobile & Casualty.  The action settled before trial for $125,000.00.  (1996)

- Represented apartment tenants in action for damages resulting from chlordane exposure.  Case settled before trial for in excess of $4,000,000.00.  (1995)

**BIOGRAPHIES**

**Partners:**

**Thomas E. Bilek**, born Oakpark, Illinois, July 22, 1962; admitted to Texas bar, 1986. Admitted to practice before U.S. Supreme Court; U.S. Court of Appeals, Fifth Circuit; U.S. Claims Court; U.S. District Courts, Northern, Southern, Western, and Eastern Districts of Texas. Preparatory education: University of Texas (B.A. Economics, magna cum laude, Special Honors, 1983).  Legal education: Southern Methodist University (J.D., 1986).  Briefing Attorney to Chief Justice Brown, 14th Court of Appeals, 1986-87.  Recipient, American Jurisprudence Awards, Real Property I and UCC Law, SOUTHWESTERN LAW JOURNAL, 1984-85.  Author: "Accountant's Liability to Third Parties and Public Policy: A Calabresi Approach," 34 S.W.L.J. 689, 1985.  Member:  State Bar of Texas; Bar Association of the Fifth Federal Circuit; American Association for Justice.  Life Member of Who's Who.  Life Fellow of Texas Bar Foundation.

**Kelly Cox Bilek**, born Dallas, Texas, June 26, 1968; admitted to Texas Bar, 1993. Admitted to practice before U.S. Court of Appeals, Fifth Circuit, and U.S. District Courts, Northern, Southern, Eastern, and Western Districts of Texas.  Preparatory education: Texas Christian University (B.A. History, PHI BETA KAPPA, magna cum laude, Departmental Honors, 1990).  Legal education: The University of Texas School of Law (J.D., 1992).  Research Assistant to Professor Jack Ratliff.  Member, THE REVIEW OF LITIGATION and The Board of Advocates.  Intern to Justice Raul A. Gonzalez, The Supreme Court of Texas.  Member, The College of the State Bar of Texas.

## DannLaw

Since 2009, DannLaw has represented individuals and businesses in a wide array of legal matters. The attorneys of DannLaw are established and respected trial lawyers who represent clients in simple litigation, complex litigation, appellate litigation, and class actions lawsuits. DannLaw has recovered over $4.0 Million on behalf of thousands of individuals and businesses across the country including the states of Ohio, Illinois, Oregon, Florida, Kentucky, New Jersey and Tennessee.

## ATTORNEYS

### Marc E. Dann

Marc Dann is the Managing Partner of DannLaw. He is also a partner of the Oregon Consumer Law Center in Portland, Oregon. These practices specialize in representing clients who have been harmed by banks, debt buyers, debt collectors and other financial predators. He has fought for the rights of thousands of consumers and brought class actions lawsuits in both private practice and as Ohio's Attorney General.

As Ohio Attorney General, Marc Dann initiated securities fraud claims against the creators of mortgage-backed securities on behalf of Ohio's public pension funds. He assembled Ohio's Organized Crime Commission to mobilize Mortgage Fraud Task Forces in Ohio's major cities, challenging the standing of mortgage servicers to foreclose in cases where the State of Ohio was a party. Dann also worked with former Ohio Supreme Court Chief Justice Thomas Moyer to organize over 1,200 volunteer lawyers to represent homeowners in foreclosure.

After leaving the Attorney General's Office, Marc Dann began representing Ohio homeowners facing foreclosure pro bono. During this time, he recognized that the issues faced by individual homeowners represented patterns of practice throughout the mortgage servicing industry. In response, he mobilized a team and created DannLaw in order to fight for the rights of Ohioans.

Since DannLaw was founded, it has grown to represent clients facing a range of consumers' rights issues. While foreclosure practice remains the foundation of DannLaw, Marc Dann has developed a comprehensive collection of tools designed to help clients stay in their homes. He is a recognized national leader in the use of federal mortgage servicing regulations to hold servicers accountable for their actions.

Utilizing these tools has lead Marc Dann to host seminars explaining these techniques to other attorneys. These working groups help to elevate the defense of clients across the nation while allowing attorneys to recognize patterns of practice that affect all citizens.

This collaborative spirit also applies to the communities of which DannLaw is a part. As a proud member of Midtown Cleveland, Marc Dann and the team members at the firm participate in community events, such as the annual Midtown clean-up. Marc Dann and DannLaw also support the Cleveland International Film Festival each year.

Dann prioritizes professional organizations as well, as a member of the American Bar Association, the Federal Bar Association, the Cleveland Metropolitan Bar Association, the Ohio State Bar Association, and the National Association of Consumer Bankruptcy Attorneys. He is a member of the Society of Attorneys General Emeritus, the Democratic Attorneys General Association and the Ohio Attorneys General Association.

# EXHIBIT 3

Marc Dann is a regular contributor to *Attorney at Law Magazine* and the *Cleveland Metropolitan Bar Association* Magazine. His work has also been featured in *NACBA's Consumer Bankruptcy Journal* and *Legal Ink Magazine*.

Dann is admitted to practice in the United States Court of Appeals for the Sixth Circuit, United States District Court for the Southern District of Ohio, United States District Court for the Northern District of Ohio, United States District Court for the Northern District of Illinois and the Ohio Supreme Court. He has pro hac vice admission in Cook County, Illinois, United States District Court for the Southern District of Florida, United States District Court for the Middle District of Florida, United States District Court for the Northern District of Georgia, United States District Court in Nevada, United States District Court for the Western District of New York.

A native of Cleveland, Ohio, Marc Dann is a 1984 graduate of the University of Michigan, where he earned a bachelor's degree in history. He graduated from the Case Western Reserve University School of Law in 1987. Marc Dann is also a graduate of the Max Gardner Boot Camp, the most comprehensive training in foreclosure defense in the nation.

### Brian D. Flick

Mr. Flick advocates for plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include Consumer Bankruptcy debtor representation in the areas of Chapter 7, 12, and 13, consumer fraud, real estate litigation, foreclosure defense, student loan debt defense, Bankruptcy Litigation, and Mortgage Servicing Litigation under the Real Estate Settlement Procedures Act and the Truth in Lending Act.

He has experience in all phases of litigation including extensive discovery, substantive motion practice, trial practice, and appellate practice. Mr. Flick has worked vigorously for over eleven years to protect the rights of consumers and to pursue recovery for plaintiffs and defendants in numerous civil matters.

Mr. Flick graduated from Adrian College with a B.A. In Political Science. He earned his law degree from the Ohio Northern University Pettit College of Law. While in law school, he received several academic awards and appeared on the Dean's List multiple times.

Since beginning the practice of law, he has been very active in local and national attorney associations. He is the current president of the Bankruptcy Committee and the Volunteer Lawyers Committee for the Cincinnati Bar Association. He is the current Sixth Circuit Listserv Moderator for the National Association of Consumer Bankruptcy Attorneys, a position he has held since May 2017. He is the current Ohio State Chair for the National Association of Consumer Advocates, a position he has held since May 2017. He was also appointed by the Board of Trustees as a member of the Unauthorized Practice of Law Committee of the Cincinnati Bar Association, a position he has held since June 2017. Mr. Flick has been a frequent speaker at Cincinnati Bar Association, NACBA, and NACA events since 2014 as well as assisting with DannLaw's Regulation X and Z Seminars that have taken place since 2016.

Mr. Flick is admitted to the practice of law in the State of Ohio, State of Kentucky and the Federal District Courts and Bankruptcy Courts in the following jurisdictions: Southern District of Ohio; Northern District of Ohio; Eastern District of Kentucky; Western District of Kentucky; Eastern District of Tennessee; Northern District of Indiana; Eastern District of Michigan and the Northern District of Illinois. He has

also been admitted *pro hac vice* in civil litigation in the following United States District Courts for either resolved or pending matters: District of Nevada, Eastern District of Pennsylvania, Central District of Florida and Southern District of Florida.  He is also admitted in the United States Court of Appeals for the Sixth Circuit.

### Michael A. Smith, Jr.

Mr. Smith is the most recent addition to DannLaw's team of highly skilled attorneys. A graduate of the Ohio State University and the University of Georgia School of Law he recently passed by the Ohio Bar exam and the New Jersey Bar Exam.  Mr. Smith is admitted to practice in the State of Ohio, State of New Jersey, the United States District Court for the Northern District of Ohio and the United States District Court for the District of New Jersey. While studying for the exam, Mr. Smith gained valuable experience in consumer and foreclosure defense law via his work as a law clerk in the firm's Cleveland office. In that role, he drafted complaints, motions, and other documents related to consumer protection matters, examined responses to RESPA and TILA requests for information and prepared notices of error, researched legal issues and wrote memoranda for civil litigation. He will now put all that experience directly to work for the firm's clients.  Before joining DannLaw Michael worked as the lead property acquisition analyst for a major real estate firm.

## REPRESENTATIVE CLASS ACTIONS CASES
### Completed Cases:

*Miller et al. v. Inteleos, Inc.*, Case No. 1:17-cv-00763-DAP NDOH - $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination.

*Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG NDOH - $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception.

*Clark, et al. v. Lender Processing Services, Inc, et al.*, Case No. 2:12-cv-02187 NDOH

*Hlavasa, et al. v. Bank of America, et al.*, Case No. 2:2011-cv-00530 NDOH

*Turner, et al. v. Lerner, Sampson & Rothfuss*, Case No. 1:11-cv-00056 NDOH

### Pending Cases where Counsel has been named as Liaison Counsel:

*In re Sonic Corp. Customer Data Security Breach*, 1:17-md-2807 NDOH (Order granting Plaintiffs' Unanimous and Unopposed Motion to Appoint Attorney William B. Federman as Interim Lead Counsel, Attorney Marc Dann as Interim Liaison Counsel, and Attorneys Thomas A. Zimmerman, Jr., Michael R. Fuller, Melissa R. Emert and Miles Clark as Plaintiffs' Steering Committee signed 01/03/2018) - Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer.

### Pending Cases:

*RESPA Class Action* - DannLaw is co-counseling a Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act against a Mortgage Servicer.  The matter has not yet proceeded to appointment of Class Counsel or Class Certification.

*Data Breach/Misuse of Consumer Information* - DannLaw is co-counseling a Class action for a nationwide class and a statewide class for Ohio Consumers who were subject to a data breach from a third-party data collection agency who contracted with one of the three major Credit Reporting Agencies. The matter has not yet proceeded to appointment of Class Counsel or Class Certification.

*Data Breach* - DannLaw is co-counseling a Class action for a nationwide class and a statewide class for Ohio Consumers who were subject to a data breach from one of the three major Credit Reporting Agencies. The matter has not yet proceeded to appointment of Class Counsel or Class Certification.

*Disability Rights* - DannLaw is co-counseling a Class Action Class action for a nationwide class of disabled individuals who were denied full, equal and independent access to the goods, services and facilities provided by a hotel.  The matter has not yet proceeded to appointment of Class Counsel or Class Certification.

*Shareholder Derivative Suit -* DannLaw is co-counseling as Local Counsel a Shareholder Derivative Complaint against a multi-state Managed Care facility.  The matter has not proceeded to Class Certification.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits.  It is not an exhaustive list as it does not include matters that have settled confidentially prior to any Motion for Class Certification.

## GREGORY B. HELLER
Young Ricchiuti Caldwell & Heller, LLC
1600 Market Street, Suite 3800
Philadelphia, Pennsylvania 19103
gheller@yrchlaw.com
(215) 760-1655 (cell)

### EDUCATION

***J.D. cum laude,*** **University of Michigan Law School,** Ann Arbor, MI          1990
- Managing Editor, *Michigan Law Review*
- Academic Awards: West Publishing Company Award, Bodman-Longley Award, and Simpson & Moran Award

**B.A. in Physics,** Williams College, Williamstown, MA          1986

### EMPLOYMENT

***Member,*** **Young Ricchiuti Caldwell & Heller, LLC,** Philadelphia, PA          2004-present
***Associate,*** **Litvin, Blumberg, Matusow & Young**, Philadelphia, PA          1995-2004
***Associate,*** **Connolly Epstein Chicco Foxman Engelmyer & Ewing** (formerly Hangley Connolly Epstein Chicco Foxman & Ewing), Philadelphia, PA          1991-1994
***Law Clerk,*** **Hon. Anthony J. Scirica**, United States Court of Appeals for the Third Circuit, Philadelphia, PA          1990-1991

### SELECTED PROFESSIONAL ACCOMPLISHMENTS

- Counsel for numerous Pennsylvania government entities (including the City of Philadelphia and the Philadelphia District Attorney) in claims against companies that make and sell prescription opioids.

- Currently developing and carrying out various legislative, regulatory, and litigation strategies throughout Pennsylvania and in Washington, D.C., surrounding responses to the opioid crisis and the removal of barriers to addiction treatment.

- Maintain active trial practice and have tried to verdict, arbitrated, or successfully resolved numerous cases involving medical malpractice, worker safety, product liability, health insurance coverage, motor vehicle accidents, employee benefits, insurance bad faith, and mental health parity.

- Maintain class action practice representing plaintiffs in litigation against health insurance companies, to ensure families can access benefits already available in their health insurance policies.

### REPRESENTATIVE ARTICLES AND PUBLICATIONS

The Cost-Shifting Consequences of Failed Managed Care Regulation: Some Lessons from Pennsylvania's Experience with Addiction Treatment (2009), *available at* http://works.bepress.com/greg_heller

# EXHIBIT 4

Addiction Treatment Under The Mental Health Parity And Addiction Equity Act of 2008 – Expanded Behavioral Health Benefits Bring Risks Of Increased Cost Shifting To Public Funding Sources (2010), *available at* http://works.bepress.com/greg_heller

## PUBLIC SPEAKING, PROFESSIONAL PRESENTATIONS, COMMUNITY LEADERSHIP

Invited testimony on various issues surrounding barriers to addiction treatment, before various committees of the Pennsylvania House of Representatives

Lectures on managed care cases for the Pennsylvania Association for Justice, Philadelphia Trial Lawyers Association and Pennsylvania Bar Institute, 1998 – present

Master, Temple American Inn of Court

Co-Chair, Philadelphia Bar Association Language Access Task Force, 2009 - 2012

Board Member, Legal Clinic for the Disabled, 2006 - 2011

Session, The Presbyterian Church of Chestnut Hill, 2007 - 2013

Judge *Pro Tem*, Philadelphia County Court of Common Pleas

Member: American, PA and Philadelphia Bar Associations; American Association for Justice; Pennsylvania Association for Justice (active member, *Amicus Curiae* Committee); and Philadelphia Trial Lawyers' Association

Member, Million Dollar Advocates' Forum

Fellow, The Academy of Advocacy of Temple University James E. Beasley School of Law

## RECOGNITION

George F. Douglas *Amicus Curiae* award, Pennsylvania Association for Justice (2015)

Brian H. Early Award from the Richard J. Caron Foundation (2010)

White Hat Award from the Legal Clinic for the Disabled (1997)

AV Martindale-Hubbell rating

Pennsylvania Superlawyer (medical malpractice)

## REFERENCES

Hon. Gene DiGirolamo, Pennsylvania House of Representatives

Hon. Anthony Scirica, United States Court of Appeals for the Third Circuit



## ABOUT THE FIRM

Stag Liuzza is a plaintiff-oriented law firm of 4 attorneys and 12 staff members who have worked together to represent a variety of clients in litigation involving environmental pollution, mineral royalty disputes, toxic and radioactive materials exposure, defective drugs and medical devices, personal injury, accident and wrongful death in both federal and state courts.

Our firm built its reputation by taking on complex litigation and garnering successful results. Our success is measured by achieving our clients' goals. We have negotiated over $750 million in settlements and have won verdicts in excess of $1 billion dollars for our clients. Attorneys at Stag Liuzza have successfully handled thousands of civil lawsuits and participated numerous class action lawsuits.

Stag Liuzza fights industry giants across the country and holds them accountable for their actions. We strive to ensure that communities have access to safe drinking water, clean air, and a healthy environment. Our attorneys have earned the respect of judges, regulatory authorities, our peers, and clients for our trial and appellate work in courts nationwide, including the U.S. Supreme Court. Notable cases and practice areas are provided herein.

**Stag Liuzza, LLC**
**One Canal Place**
**365 Canal Street, Suite 2850**
**New Orleans, Louisiana 70130**
**(504) 593-9600 Telephone**
**(504) 593-9601 Facsimile**
**mstag@stagliuzza.com**
**aliuzza@stagliuzza.com**

# EXHIBIT 5

# PRACTICE AREAS

## Class Actions

Michael G. Stag served as an executive committee member for the class action in the *Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.* in the United States District Court for the Eastern District of Louisiana, which resulted in monetary compensation and cleanup settlement valued in excess of $300 million. The case involved the release of over 25,000 barrels of crude oil from storage tanks in the aftermath of Hurricane Katrina which escaped and traveled to surrounding neighborhoods.

Mr. Stag also participated in the *Good, et al. v. West Virginia American Water Company* in the United States District Court for the Southern District of West Virginia. The case arose from a spill of hazardous chemicals into the local water supply of Charleston, W.V., shutting down access to drinking water for 225,000 residents and thousands of businesses.

The attorneys at Stag Liuzza also represented over 4000 plaintiffs in *In re: Deepwater Horizon* in the United States District Court for the Eastern District of Louisiana. Attorneys at the firm also represented objectors to the class action settlement who fought for fair terms and treatment of impacted class members.

## Environmental Pollution

Stag Liuzza represents thousands of clients who have suffered harm from environmental pollution from numerous industry activities, including coal mining, waste dumps, oil and gas production and refining, sludge, and ruptured underground gasoline storage tanks.

- Oil and Gas Land and Groundwater Contamination
- Coastal Land and Wetlands Damage
- Air Pollution and Nuisance
- Land Contamination
- Water Contamination

*Grefer v. Alpha Technical*: Six-week trial which resulted in a $1.056 billion verdict against Exxon Mobil in favor of four property owners who leased property to an oil field services company which performed services for Exxon Mobil. The plaintiffs proved that Exxon knowingly sent radioactive contaminated pipe and equipment to the property for service and storage, which resulted in extensive contamination of the property.

## Toxic and Radioactive Materials Exposure

Michael Stag helped pioneer oilfield waste litigation, namely Naturally Occurring Radioactive Material (NORM) and Technologically Enhanced Naturally Occurring Radioactive Materials (TENORM).

*Craft v. Intracoastal Tubular Services, Inc., et al.*: Concerned survivors of a former pipeyard worker who contracted lung cancer from exposure to Radium-226 and other radioactive materials. A four week trial resulted in a $15 million verdict.

**ATTORNEY INFORMATION**

**Michael G. Stag**



**Michael G. Stag** is a partner and Chief Executive Officer at Stag Liuzza. Mr. Stag is involved in all practice areas at Stag Liuzza, with a particular passion for achieving justice for those who have been harmed by large corporations and oil companies. Mr. Stag helped pioneer the field of Technologically Enhanced Naturally Occurring Radioactive Material (TENORM or NORM) litigation. Over the years, he has recovered awards of more than $300 million in settlements and in excess of $1 billion in jury verdicts for his clients.

Mr. Stag was recognized in the Lawyers Weekly Top 10 Jury Verdicts of 2001 related to the $1.056 Billion verdict *Grefer v. Exxon, et al*. He was also an executive committee member for the class action in the *Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.* in the United States District Court for the Eastern District of Louisiana, which resulted in monetary compensation and cleanup settlement valued in excess of $300 million.

**Education**:

| | |
|---|---|
| 1990 | B.B.A. Finance, Minor Psychology, Loyola University, New Orleans, Louisiana. |
| 1994 | Masters in Business Administration, Loyola University, New Orleans, Louisiana. |
| 1994 | Juris Doctorate, Loyola University, New Orleans, Louisiana. |

**Admissions:**

Louisiana State Bar Association
U.S. District Court, Eastern District of Louisiana
U.S. District Court, Middle District of Louisiana
U.S. District Court, Western District of Louisiana
U.S. District Court for the Western District of New York
United States Court of Appeals for the Fifth Circuit
Admitted Pro Hac Vice to practice in state and federal courts for cases in Arizona, Arkansas, Georgia, Indiana, Kentucky, Massachusetts, Minnesota, Mississippi, New York, Ohio, Pennsylvania, Texas, and West Virginia

**Professional Employment History:**

| | |
|---|---|
| 1994 | Law Clerk, Honorable Ronald J. Sholes, Civil District Court, Parish of Orleans, Louisiana. |
| 1995 | Attorney, McQuaig & Solomon, New Orleans, Louisiana. Practice areas included: civil litigation, insurance, maritime, personal injury, and toxic torts. |
| 1995 | Attorney, Sacks & Smith, LLC, New Orleans, Louisiana. Practice areas include: toxic, environmental and pharmaceutical torts litigation, maritime, and worker's compensation. |
| 1996 | Partner, Smith Stag, LLC, New Orleans, Louisiana. Practice areas include: Technologically |

Enhanced Radioactive Material (TERM) oilfield waste litigation; Mass Torts; Class Actions; Environmental Law; Toxic Torts; Maritime Law; and Personal Injury Litigation.

2018    Partner, Stag Liuzza, LLC, New Orleans, Louisiana. Practice areas include: Technologically Enhanced Radioactive Material (TERM) oilfield waste litigation; Mass Torts; Class Actions; Environmental Law; Toxic Torts; Maritime Law; and Personal Injury Litigation.

**Professional Organizations:**

1994    Member of the Louisiana State Bar Association.
1994    American Bar Association.
1995    American Trial Lawyers Association, Member of Section on Toxic, Environmental and Pharmaceutical Torts Litigation.
1998    Member of the American Association of Justice
1999    Louisiana Association of Justice (Council Director 2006 – 2007,  Executive Committee 2007 – 2008, Council of Directors 2008 – present, Section Chair, Business Torts 2011 – 2012)
2004    Fellow, Louisiana Bar Foundation

**Recognitions:**

AV Preeminent Peer Review Rating with Martindale Hubbell; AV Preeminent® is a significant rating accomplishment – a testament to the fact that a lawyer's peers rank him or her at the highest level of professional excellence.

Lawyers Weekly Top 10 Jury Verdicts of 2001: 2nd Highest, Grefer v. Alpha Technical. A six week trial resulted in a $1.056 billion verdict against Exxon Mobil in favor of four property owners who leased property to an oil field services company, which performed services for Exxon Mobil. The plaintiffs proved that Exxon had knowingly sent radioactive contaminated pipe and equipment to the property for service and storage, which resulted in extensive contamination of the property. This is the highest jury award on record for an individual property owner.



## Ashley M. Liuzza



**Ashley M. Liuzza** is a partner and the Chief Operating Officer of Stag Liuzza. Her practice centers on litigating complex environmental pollution claims, toxic exposure claims, and mineral royalty disputes. Ashley represents a variety of impacted residents, landowners, and mineral owners throughout the United States. She has been involved in the representation of thousands of clients throughout her career.

Notably, Ms. Liuzza has successfully resolved numerous mass tort cases involving environmental exposure and pollution. She represented hundreds of residents impacted by industrial air pollution following Hurricane Katrina in *In re Bertucci Contracting Co., LLC as Owner of the M/V Sharon Gail*, 2:12-cv-0664, United Stated District Court for the Eastern District of Louisiana. Ms. Liuzza also represented hundreds of residents in *Nolan, et al. v. Exxon Mobil Corp., et al*. who suffered damages from air emissions from a refinery in Baton Rouge, Louisiana.

In addition to her caseload, she has published and presented on topics within environmental law and unfair trade practices. Ms. Liuzza also serves as an Adjunct Professor of Advocacy for Environmental Law for Loyola University New Orleans College of Law. She has served on the board of the Association for Women Attorneys in New Orleans for several years, including as President of the organization in 2016. Ms. Liuzza currently serves as a member of the board for the Coalition to Restore Coastal Louisiana.

## Education:

Millsaps College, B.A.
Loyola University New Orleans College of Law, J.D., *cum laude*

## Admissions:

Louisiana State Bar Association
U.S. District Court, Eastern District of Louisiana
U.S. District Court, Middle District of Louisiana
U.S. District Court, Western District of Louisiana
United States Court of Appeals for the Fifth Circuit
U.S. District Court for the Western District of New York
Admitted Pro Hac Vice to practice in state and federal courts for cases in Kentucky, Texas, California, Arkansas, and New York.

## Professional Organizations:

American Bar Association
New Orleans Bar Association
Louisiana State Bar Association

Federal Bar Association
Association for Women Attorneys, 2015-2016 President
Louisiana Association for Justice
American Association for Justice
Academy of New Orleans Trial Lawyers
National Association of Royalty Owners
Coalition to Restore Coastal Louisiana, Board Member

**Publications:**

*Cheramie Services v. Shell: Private Actions Under the Louisiana Unfair Trade Practices and Consumer Protection Act-Where Do We Stand?,* 57 Loyola Law Review 207 (2011).

*Buyer Beware: How Purchasers are Left Holding the Bag When it Comes to Property Damages Under the Subsequent Purchaser Doctrine*, 58 Loyola Law Review 375 (2011).

*Eagle Pipe Could Affect Clients in a Variety of Practice Areas*, Louisiana Advocates, April 2016.

**Honors and Awards:**

New Orleans City Business Leader in Law 2018
Selected for Rising Star Super Lawyers, 2017-2018
President of the Association for Women Attorneys, 2015-2016