**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL NO. 2804 |
| | MDL CASE NO. 1:17-MD-02804-DAP |
| THE MUSKOGEE (CREEK) NATION, | CASE NO. 1:18-OP-45459-DAP |
| *Plaintiff*, | JUDGE: DAN AARON POLSTER |
| v. | **ANSWER** |
| PURDUE PHARMA LP, ET AL., | **OF DEFENDANT ROGERS DRUG CO., INC.** |
| *Defendants*. | To the First Amended Complaint (Doc. # 731) |
| | Trial by Jury Demanded |

Defendant Rogers Drug Co., Inc. ("Rogers") states for its answer to the Plaintiff's First Amended Complaint (Doc. # 731) (the "Complaint") as follows:

**Introduction**

1.      In response to paragraphs 1 through 24, Rogers denies the allegations for lack of knowledge sufficient to form a belief as to the truth of the matters asserted ("lack of knowledge"), except: to the extent that any statement, allegation or attribution (an "allegation") therein can fairly be read to express or imply tortious or otherwise actionable knowledge, statements or conduct ("conduct") on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

**Parties**

2.      In response to paragraphs 25 through 27, Rogers denies for lack of knowledge.

3.     In response to paragraphs 28 through 40, Rogers denies that it is a "Manufacturing Defendant" and understands Plaintiff not to assert otherwise, and therefore denies all such allegations for lack of knowledge and because they are inapplicable to Rogers on their face, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

4.     In response to paragraphs 41 through 43, Rogers denies that it is a "Marketing Defendant" and understands Plaintiff not to assert otherwise, and therefore denies all such allegations for lack of knowledge and because they are inapplicable to Rogers on their face, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

5.     In response to paragraphs 44 through 62, Rogers denies that it is a "Distributor Defendant" and understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

6.     In response to paragraphs 63 through 90, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore Rogers

2

denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

7.      In response to paragraph 91, Rogers admits that it is an Oklahoma corporation with its principal place of business in Wagoner, Oklahoma and that it is authorized to conduct business in Oklahoma; Rogers admits that is licensed to sell and has lawfully sold pharmaceutical products to the general public, but only in conformity with all federal, state and local laws and regulations, including but not limited to making such sales only upon presentation of a valid prescription for the product(s) purchased where presentation of such a prescription is required, and denies for lack of knowledge the remaining allegations.

8.      In response to paragraph 92 Rogers denies the allegations.

## Jurisdiction and Venue

9.      In response to paragraphs 93 through 95, Rogers admits that it is subject to the personal jurisdiction of the courts of Oklahoma, but denies the remainder of the allegations.

## FACTUAL BACKGROUND

### I.      Prescription Opioids Are Highly Dangerous Drugs

10.      In response to paragraphs 96 through 98, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it, therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to

express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

## II. Marketing Manufacturer Defendant Have Legal Duties To Disclose Accurately The Risks Of Opioids

11.     In response to paragraphs 99 through 101, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore Rogers denies for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

## III. Marketing Manufacturer Defendants Violated Their Duties

12.     In response to paragraphs 102 through 161, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

## IV. Diversion Defendants Have Legal Duties To Prevent Opioid Diversion

13.     In response to paragraphs 162 through 169, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation

therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

14.     In response to paragraphs 170 through 177, Rogers admits that its industry is subject to state and federal regulation but denies that the Complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations; Rogers denies all remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright..

15.     In response to paragraphs 178 through 185, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

16.     In response to paragraphs 186 through 199, Rogers admits that its industry is subject to state and federal regulation but denies that the Complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations, and denies all remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be

read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### V.     Diversion Defendants Have Failed To Fulfill Their Duties

17.     In response to paragraphs 200 through 236, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

18.     In response to paragraphs 237 through 262, Rogers admits that its industry is subject to state and federal regulation but denies that the Complaint fully or accurately sets forth the statutes, rules or regulations governing its rights and obligations, and denies all remaining allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### VI.     Defendants' Misconduct Has Injured And Continues To Injure
### The Nation And Its Citizens

19.     In response to paragraphs 263 through 284, Rogers understands Plaintiff not to assert that any of the allegations in the foregoing paragraphs are directed against it; therefore

Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

20.     In response to paragraphs 285 through 294, Rogers denies all such allegations to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers.

### VII.    Facts Pertaining to Claims Under RICO

21.     In response to paragraphs 295 through 328, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

22.     In response to paragraphs 329 through 352, Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

## CLAIMS FOR RELIEF

### Count I

23.     In response to paragraphs 353 through 379, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count II

24.     In response to paragraphs 380 through 408, Rogers denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count III

25.     In response to paragraphs 409 through 418, Rogers states that the foregoing allegations have been dismissed for failure to state a claim and accordingly it denies all such allegations.

### Count IV

26.     In response to paragraphs 419 through 432, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply

actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count V

27.     In response to paragraph 433 through 445, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count VI

28.     In response to paragraphs 446 through 450, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count VII

29.     In response to paragraphs 451 through 464, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright;

and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count VIII

30.     In response to paragraphs 465 through 478, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count IX

31.     In response to paragraphs 479 through 484, Rogers states that none of the foregoing allegations appear to be directed against it and accordingly denies all such allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

### Count X

32.     In response to paragraphs 485 through 493, Rogers denies the allegations for lack of knowledge, except: to the extent that any allegation therein can fairly be read to express or imply actionable conduct on the part of Rogers, in which case, Rogers denies such allegations outright; and to the extent any allegation can fairly be read to express or imply the legal soundness or validity of Plaintiff's claims against Rogers, in which case, Rogers denies such allegations outright.

## Prayer for Relief

33.     In response to the lettered paragraphs under the heading, "Prayer for Relief," Rogers requests the Court to deny the requested relief.

## Affirmative Defenses

By asserting the defenses set forth below, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. All of the following defenses are pled in the alternative and none constitutes an admission that Defendant is in any way liable to the Muscogee (Creek) Nation ("Plaintiff"), that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.  Defendant asserts as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

2.     Plaintiff has failed to plead that it reimbursed any prescription for an opioid distributed by Defendant that harmed patients and should not have been written, or that Defendant's allegedly improper conduct caused any healthcare provider to write any ineffective or harmful opioid prescription, which Defendant then dispensed.

3.     Plaintiff has failed to join one or more necessary and indispensable parties, including, but not limited to, the DEA, healthcare providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in the prescription, dispensing, diversion or use of the subject prescription medications.

4.     To the extent Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead the allegations with sufficient particularity.

5.      Plaintiff cannot obtain relief on its claims based on actions undertaken by Defendant of which Defendant provided notice of all material facts.

6.      Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Defendant.

7.      Plaintiff's claims against Defendant do not arise out of the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

8.      Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) they have a subrogation interest and on whose behalf it has incurred costs.

9.      Plaintiff is precluded from recovering against Defendant pursuant to applicable law following section 402A of the Restatement (Second) of Torts.

10.      Plaintiff's recovery is barred under Section 6(c) of the Restatement of Torts (Third).

11.      Plaintiff's claims are barred in whole or in part because no conduct of Defendant was misleading, unfair, or deceptive.

12.      Defendant appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

13.      Plaintiff's claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiff.

14.      Plaintiff's claims are barred, in whole or in part, by the free public services doctrine and/or the municipal cost recovery rule.

15.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

16.      Defendant did not owe or breach any statutory or common law duty to Plaintiff.

17.     Plaintiff is barred from recovery against Defendant because Defendant complied with all applicable federal and state rules and regulations related to dispensation of the subject prescription medications.

18.     Plaintiff is barred from recovery by application of the informed consent doctrine.

19.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

20.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of repose.

21.     Plaintiff's claims are not ripe, and/or have been mooted.

22.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, and/or ratification.

23.     Venue may be improper and/or inconvenient in this Court.

24.     Plaintiff's claims are barred, in whole or in part, for lack of standing.

25.     Plaintiff's claims are barred because Plaintiff is not the real party in interest.

26.     Plaintiff's claims against Defendant are barred by the doctrines of res judicata and collateral estoppel.

27.     Plaintiff may be barred by the doctrine of estoppel from all forms of relief sought in the Complaint.

28.     Plaintiff's claims are barred because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and claims brought *as parens patriae*.

29.     Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Defendant.

30.     Plaintiff is barred from recovery by the Assumption of Risk doctrine, whether primary, express, or implied.

31.     Plaintiff is are barred from recovery by application of the learned intermediary doctrine.

32.     Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

33.     Plaintiff's nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Oklahoma law.

34.     Plaintiff's claim of public nuisance is barred or limited because no action of Defendant involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against a pharmacy sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

35.     Plaintiff is barred from recovery against Defendant because there is no proximate causation between the alleged acts or omissions of Defendant and the damages alleged to have been sustained by Plaintiff.

36.     Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution, and/or apportionment.

37.     Plaintiff's claims are barred, in whole or in part, by failure to establish causation.

38.     Plaintiff's claims are barred by criminal acts of third parties.

39.     Any damages and/or injuries allegedly sustained by Plaintiff was directly and proximately caused by independent, intervening and/or superseding causes, factors or occurrences, which were not reasonably foreseeable to Defendant and for which Defendant is not liable.

40.     Any and all losses or claims allegedly sustained by Plaintiff are the result of acts and/or omissions of persons over whom Defendant does not, or did not, have any direction or control, and for whose actions or omissions Defendant is not liable.

41.     Defendant is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

42.     Plaintiff's claims are barred to the extent that the subject prescription medications were misused, modified, altered, or changed from the condition in which they were sold, which misuse, modification, alteration, or change caused or contributed to cause Plaintiff's alleged injuries or damages.

43.     Plaintiff's injuries and damages, if any, are the result of forces of nature over which Defendant had no control or responsibility.

44.     Defendant is not liable for any injuries or expenses allegedly incurred by Plaintiff to the extent the injuries or expenses as alleged may have resulted from the pre-existing and/or unrelated medical conditions of the users of the subject prescription medications.

45.     Any injuries and/or damages sustained by Plaintiff was caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

46.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries or damages, if any, were caused by illegal and/or illicit use, misuse, or abuse of the subject prescription medications by the users, for which Defendant is not liable.

47.     Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Defendant in determining to use or prescribe the subject prescription medications.

48.     Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

49.     Plaintiff may not recover against Defendant because the methods, standards, or techniques of distributing of the subject prescription medications complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, distributed and sold.

50.     Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly dispensed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

51.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

52.     Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

53.     Plaintiff's claims are preempted insofar as they conflict with Congress' purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

54.     To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge Defendant's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

55.     If Plaintiff incurred the damages alleged, which is expressly denied, Defendant is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, distributing and selling of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, distributed and sold.

56.     Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

57.     To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA," such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

58.     Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

59.     Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by Defendant.

60.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

61.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

62.     Plaintiff's claims against Defendant are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

63.     Plaintiff's Complaint is barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

64.     To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

65.     The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Defendant to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

66.     Plaintiff is barred from recovery by its failure to mitigate damages.

67.     Plaintiff, to the extent it seeks damages in the capacity of a third-party payer, cannot recover as damages the costs of healthcare provided to insureds.

68. To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

69. Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

70. Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

71. A specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiff does not seek recovery in this action. Should Defendant be held liable to Plaintiff, which liability is specifically denied, Defendant would be entitled to a credit or set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiff's Complaint.

72. Plaintiff's claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

73. Any damages that Plaintiff may recover against Defendant must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiff may recover against Defendant must be reduced to the extent they unjustly enrich Plaintiff.

74. Defendant's liability, if any, will not result from Defendant's conduct but solely the result of an obligation imposed by law, and thus Defendant is entitled to complete indemnity, express or implied, by other parties.

75. Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that Defendant was grossly negligent and

Defendant has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

76.     The imposition of punitive and/or exemplary damages against Defendant would violate its rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and the Sixth Amendment to the Constitution of the United States, in various circumstances in this litigation, including but not limited to the following:

a.      imposition of punitive damages by a jury which is inadequately instructed regarding the rationale behind punitive damages, the standards/criteria governing such an award of damages, and/or the limits of such damages;

b.      imposition of punitive damages where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.      imposition of punitive damages that employs a burden of proof that is less than clear and convincing evidence;

d.      imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Defendant;

e.      imposition of punitive damages without any predetermined limit on any such award;

f.      imposition of punitive damages which allows multiple punishment for the same alleged act(s) or omission(s);

g.      imposition of punitive damages without consistent appellate standards of review of such an award;

h.      imposition of a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, Ohio, and any other state whose laws may apply; and

i.      imposition of punitive damages that otherwise fail to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*,

499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

77.     Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

78.     Plaintiff's claims are barred, in whole or in part, because they violate the *Ex Post Facto* clauses of the U.S. Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

79.     Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrine.

80.     Plaintiff's claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

81.     To the extent that Plaintiff's claims relate to Defendant's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

82.     Plaintiff's claims are barred to the extent that Defendant has valid defenses which bar recovery by those persons on whose behalf Plaintiff purportedly seeks recovery.

83.     Defendant adopts by reference all defenses asserted in any party's motion to dismiss filed herein.

84.     Defendant asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or comparable Oklahoma Rules of Civil Procedure, as investigation and discovery proceeds.

85.     Defendant reserves the right to assert any other defense available under Oklahoma statutory or common law and/or the Oklahoma or U.S. Constitution.

86.     Plaintiff's RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise" for the purposes of RICO liability.

87.     Plaintiff's RICO claims are barred, in whole or in part, by the absence of an "association" between Defendant and any other defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

88.     Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not participate in any "enterprise.

89.     Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not engage in a pattern of racketeering activity under RICO.

90.     Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

91.     Plaintiff's claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

92.     Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

93.     Plaintiff's RICO claims are barred, in whole or in part, because there are no allegations that Defendant adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

94.     The federal RICO statute is unconstitutionally vague.

95.     Plaintiff's alleged damages do not constitute injury to business or property interests cognizable under RICO.

96.     Plaintiff's RICO claims are barred, in whole or in part, because the alleged predicate acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

97.     Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

98.     Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

99.     Defendant adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.  Defendant reserves the right to assert all defenses, whether affirmative or otherwise, that may become apparent or available to them during the course of this litigation, and hereby provide notice of their intent to add and rely upon any such other and further defenses in the future.

WHEREFORE, Defendant Rogers Drug Co., Inc. requests the Court to dismiss the Complaint at Plaintiff's cost, and to enter any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
CAVITCH FAMILO & DURKIN, CO. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio  44114
(216)621-7860
(216)621-3415 Fax
tjohnson@cavitch.com
gobrien@cavitch.com
*Attorney for Defendant Rogers Drug Co., Inc.*

## JURY DEMAND

Rogers respectfully requests a Jury in the maximum number allowed by law at the time of the Trial of this matter on any disputed issue of material fact.

## CERTIFICATE OF SERVICE

A copy of the foregoing **ANSWER OF DEFENDANT ROGERS DRUG CO., INC.** was filed and served via PACER this 26th day of July, 2019 on all counsel of record.

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
*Attorney for Defendant*