**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION | ) | |
| OPIATE LITIGATION | ) | **MDL No. 2804** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | **Case No. 1:17-md-2804** |
| | ) | |
| *The Blackfeet Tribe of the Blackfeet Indian* | ) | **Hon. Dan Aaron Polster** |
| *Reservation v. AmerisourceBergen Drug* | ) | |
| *Corporation, et al.* | ) | |
| Case No. 1:18-op-45749 | ) | |

## <u>DEFENDANT ASSOCIATED PHARMACIES, INC.'S ANSWER TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT</u>

Defendant Associated Pharmacies, Inc. ("API") answers the Corrected First Amended Complaint (the "Complaint") filed by Plaintiff the Blackfeet Tribe of the Blackfeet Indian Reservation ("Plaintiff").  To the extent allegations are made against all defendants, or against any subset (defined or undefined) of defendants including API, API only answers for itself and does not purport to answer for any other defendant or entity.  Where API answers for itself in response to allegations against all defendants or against any subset of defendants without referring to the remaining defendants, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations as to the remaining defendants, and therefore denies the same.

1.      API admits that Plaintiff filed the Complaint asserting allegations against API, but denies the remainder of Paragraph 1.

2.      API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.

3.      API denies that it made deliberate efforts to evade restrictions on opioid distribution or acted without regard for life.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies the same.

4.      API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 4-8, and therefore denies the same.

5.      API admits Paragraph 9 to the extent it characterizes allegations made by Plaintiff in the Complaint, but API denies the substance of those allegations as well as the remainder of Paragraph 9.

6.      API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 10-14, and therefore denies the same.

7.      API denies the allegations in Paragraph 15.

8.      API denies the last sentence of Paragraph 16.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies the same.

9.      API denies the allegations in Paragraph 17.

10.      API denies the first sentence of Paragraph 18.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 18, and therefore denies the same.

11.      API denies the allegations in Paragraphs 19-21.

12.      API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 22-23, and therefore denies the same.

13.     Paragraphs 24-29 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the same.

14.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 30-32, and therefore denies the same.

15.     API denies the allegations in Paragraphs 33-35.

16.     Paragraph 36 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the same.

17.     The allegations in Paragraphs 37-79 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 37-79.

18.     Paragraph 80 sets forth one or more definitional statements to which no response is required.  To the extent a response is deemed to be required, API denies the allegations in Paragraph 80.

19.     API admits the allegation in Paragraph 81 that it is engaged in the distribution of prescription opioids, but denies the remaining allegations.

20.     The allegations in Paragraphs 82-91 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 82-91.

21. API admits the allegation in Paragraph 92 that it is an Alabama corporation with its principal place of business in Alabama. API admits that it is authorized to conduct business in Montana. API admits that it distributes opioids in Montana and other states in the United States. API admits that it is a licensed wholesale distributor in Montana, licensed by the Montana Board of Pharmacy. API denies the remaining allegations in Paragraph 92.

22. The allegations in Paragraphs 93-94 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required. To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 93-94.

23. Paragraph 95 sets forth one or more definitional statements to which no response is required. To the extent a response is deemed to be required, API denies the allegations in Paragraph 95.

24. Paragraph 96 sets forth one or more definitional statements to which no response is required. To the extent a response is deemed to be required, API denies the allegations in Paragraph 96.

25. Paragraphs 97-98 consist of legal statements or conclusions to which no response is required. To the extent a response is required, API denies the same.

26. API admits the allegations in the first two sentences of Paragraph 99. API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in the last sentence of Paragraph 99, and therefore denies the same.

27. API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 100-103, and therefore denies the same.

28.     API admits the allegation in Paragraph 104 that some prescription opioids have been regulated at the federal level as Schedule II controlled substances by the DEA since 1970. API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 104, and therefore denies the same.

29.     The allegations in Paragraphs 105-140 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 105-140.

30.     API denies the allegations in Paragraph 141.

31.     API denies the allegations in Paragraph 142 that it created, perpetuated, and maintained an opioid epidemic.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 142, and therefore denies the same.

32.     Paragraph 143 contains legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the allegations in Paragraph 143.

33.     The allegations in Paragraphs 144-220 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 144-220.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

34.    API denies that it had any duty to disclose, or failed to disclose any information regarding the effects of opioids on patients.  The remaining allegations in Paragraph 221 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraph 221.

35.    The allegations in Paragraphs 222-323 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 222-323.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

36.    The allegations in the first sentence of Paragraph 324 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in the first sentence of Paragraph 324, and therefore denies the allegations in the first sentence of Paragraph 324.  API denies the remaining allegations in Paragraph 324.

37.    The allegations in Paragraphs 325-328 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in

6

Paragraphs 325-328.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

38.     API denies the allegations in Paragraph 329.

39.     The allegations in Paragraphs 330-337 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 330-337.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

40.     API denies the last sentence of the allegations in Paragraph 338.  The remaining allegations in Paragraph 338 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraphs 338.

41.     The allegations in Paragraphs 339-345 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 339-345.  Insofar as Plaintiff references or characterizes websites, publications, or

other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

42.     API denies the allegations in Paragraph 346.

43.     The allegations in Paragraphs 347-379 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 347-379.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

44.     API denies the last sentence of Paragraph 380.  The remaining allegations in Paragraph 380 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraphs 380.

45.     The allegations in Paragraphs 381-399 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 381-399.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

46.    API denies the allegations in Paragraph 400 insofar as they allege that API performed "opioid reeducation" or "aimed to reach general practitioners" with opioid reeducation.  The remaining allegations in Paragraph 400 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraph 400.

47.    The allegations in Paragraphs 401-464 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 401-464.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

48.    API denies the allegations in Paragraph 465.

49.    The allegations in Paragraphs 466-468 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 466-468.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

50.    API denies the allegations in Paragraph 469.

51. The allegations in Paragraphs 470-472 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required. To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 470-472.

52. API denies the allegations in Paragraph 473.

53. The allegations in the first sentence of Paragraph 474 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required. To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in the first sentence of Paragraph 474, and therefore denies the allegations in the first sentence of Paragraph 474. API denies the remaining allegations in Paragraph 474.

54. API denies the allegations in Paragraphs 475-476.

55. Paragraph 477 consists of legal statements or conclusions to which no response is required. To the extent a response is required, API denies the same.

56. The allegations in Paragraphs 478-479 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required. To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 478-479. Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

57.    Paragraphs 480-493 consist of legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the same.

58.    API denies the allegations in Paragraph 494.

59.    The allegations in Paragraph 495 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 495.

60.    Paragraph 496 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the same.

61.    API denies the allegations in Paragraphs 497-499.

62.    The allegations in Paragraph 500 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 500.

63.    API denies it is a member of HDMA or HDA.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 501, and therefore denies the same.

64.    With respect to Paragraphs 502-504, API admits that it has communicated with the DEA to prevent diversion as alleged in Paragraph 502 and that it attended at least one of the conferences described in Paragraph 502.  Insofar as Plaintiff references or characterizes DEA communications, briefings, and correspondence, those materials speak for themselves and API

11

denies Plaintiff's corresponding allegations and characterizations related to the same.  API denies the remaining allegations in Paragraphs 502-504.

65.     The allegations in Paragraphs 505-512 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 505-512.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

66.     API denies the allegations in Paragraph 513.

67.     API admits the allegation in Paragraph 514 that it operated as a wholesaler within the pharmaceutical distribution system, but denies the characterizations and remaining allegations in Paragraph 514.

68.     API admits the allegation in Paragraph 515 that ordering higher volumes may in some instances decrease the cost per pill to distributors.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 515, and therefore denies the same.

69.     API admits the allegations in Paragraph 516 that it is required to maintain security protocols and storage facilities for distribution.  API denies the remaining allegations in Paragraph 516.

70.     API denies the allegations in Paragraph 517.

71.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 518-519, and therefore denies the same.

Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

72.    API denies that it is a member of or participated in the HDA.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 520, and therefore denies the same.

73.    API denies the allegations in Paragraphs 521-543.

74.    API admits the allegation in Paragraph 544 that it developed know you customer questionnaires and files.  API denies the characterizations and remaining allegations in Paragraph 544.

75.    API denies the allegations in Paragraphs 545-551.

76.    API denies the first sentence of Paragraph 552.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 552, and therefore denies the same.

77.    API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraph 553-554, and therefore denies the same.

78.    API denies the allegations in Paragraphs 555-556.

79.    API denies the allegations in Paragraphs 557-563 as they relate to API.  API is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 557-563, and therefore denies the same.

80.    API denies the allegations of 564-565.

81.    The allegations in Paragraphs 566-571 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a

response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 566-571.

82.     API denies the allegations in Paragraphs 572-573.

83.     API denies the allegations in Paragraphs 574-575 as they relate to API.  API is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 574-575, and therefore denies the same.

84.     The allegations in Paragraphs 576-577 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 576-577.

85.     API denies the allegations in Paragraphs 578-579.

86.     The allegations in Paragraphs 580-584 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 580-584.

87.     API denies the allegations in Paragraph 585.

88.     The allegations in Paragraphs 586-588 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an

opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 586-588.

89.     API denies the allegations in the second to last sentence of Paragraph 589.  The remaining allegations in Paragraph 589 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraph 589.

90.     The allegations in Paragraphs 590-635 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 590-635.  Insofar as Plaintiff references or characterizes websites, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

91.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 636-647, and therefore denies the same.

92.     API denies the allegations in Paragraphs 648-650.

93.     With respect to Paragraph 651, API admits that it has distributed opioid medications in Montana.  API denies the remaining allegations in Paragraph 651.

94.     Paragraphs 652-653 consists of legal statements or conclusions to which no response is required.  To the extent a response is required, API denies the same.

95.     API denies the allegations in Paragraph 654 insofar as it alleges that API compounded any alleged harms, "funneled" opioids into Montana, or delivered opioids for diversion and illicit use.  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 654, and therefore denies the same.

96.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 655-659, and therefore denies the same.

97.     API denies the allegation in Paragraph 660 that API's "conduct [] led directly to a dramatic increase in opioid abuse, addiction, overdose, and death[.]"  API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations in Paragraph 660, and therefore denies the same.

98.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 661-664, and therefore denies the same.

99.     API admits the allegation in Paragraph 665 that ordering higher volumes may in some instances decrease the cost per pill to distributors.  API denies the characterizations and remaining allegations in Paragraph 665.

100.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 666-669, and therefore denies the same.

101.     API denies the allegations in Paragraph 670.

102.     The last sentence of Paragraph 671 consists of legal statements or conclusions to which no response is required, but to the extent a response is required, API denies the same.  The remaining allegations in Paragraph 671 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response

is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the remaining allegations, and therefore denies the remaining allegations in Paragraph 671.

103.    API denies the allegations in Paragraph 672.

104.    API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 673-677, and therefore denies the same.

105.    API denies the allegations in Paragraphs 678-680.

106.    API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraphs 681-693, and therefore denies the same. Insofar as Plaintiff references or characterizes website, publications, or other documents, those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

107.    API denies the allegations in Paragraph 694.

108.    API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraph 695, and therefore denies the same.

109.    API denies the allegations in Paragraph 696 as they relate to API.  Insofar as Plaintiff references or characterizes certain data from the ARCOS or OARRS databases, that data speaks for itself and API denies Plaintiff's corresponding allegations and characterizations related to the same.  API otherwise is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations in Paragraph 696, and therefore denies the same.

110.    The allegations in Paragraph 697 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a

response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 697.  Insofar as Plaintiff references or characterizes certain data from the ARCOS or OARRS databases, that data speaks for itself and API denies Plaintiff's corresponding allegations and characterizations related to the same.

111.    API denies the allegations in Paragraph 698 as they relate to API.  Insofar as Plaintiff references or characterizes certain data from the ARCOS or OARRS databases, that data speaks for itself and API denies Plaintiff's corresponding allegations and characterizations related to the same.

112.    API denies the allegations in Paragraphs 699-700.

113.    The allegations in Paragraphs 701-713 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 701-713.

114.    API denies the allegations in Paragraphs 714-720.

115.    API admits the allegations in Paragraph 721 reflect Plaintiff's contentions, but denies the substance of those contentions and the allegations in Paragraph 721.

116.    API denies the allegations in Paragraphs 722-724.

117.    The allegations in Paragraph 725 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an

18

opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 725.

118.    API denies the allegations in Paragraphs 726-727.

119.    The allegations in Paragraph 728 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 728.

120.    API admits to the allegation in Paragraph 729 that the Northern District of Ohio Ordered that ARCOS data be produced.   API denies the characterizations and remaining allegations in Paragraph 729.

121.    API denies the allegations in Paragraphs 730-735.

122.    The allegations in Paragraphs 736-746 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 736-746.  Insofar as Plaintiff references or characterizes certain FDA, HHS, and DOJ communications, along with other publications (e.g., Pharmacy Times), those materials speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

123.    API denies the allegations in Paragraph 747.

124.    The allegations in Paragraphs 748-762 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a

response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 748-762.   Insofar as Plaintiff references or characterizes certain television show interviews, DEA communications, settlement agreements, news articles, DEA memos, or other such materials, they speak for themselves and API denies Plaintiff's corresponding allegations and characterizations related to the same.

125.    API denies the allegations in Paragraph 763.

126.    The allegations in Paragraphs 764-798 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 764-798.

127.    API admits that there is a federally regulated distribution system governed by the Controlled Substances Act, but denies that Plaintiff accurately characterizes the system and the remaining allegations in Paragraphs 799-800.

128.    The allegations in Paragraphs 801-827 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 801-827.

## FIRST CLAIM FOR RELIEF

**Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Marketing Enterprise
(Against Defendants Purdue, Cephalon, Janssen, Endo, and Mallinckrodt (the "RICO Marketing Defendants"))**

129.     Paragraph 828 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

130.     The allegations in Paragraphs 829-855 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API denies the allegations in Paragraphs 829-855 and objects to the relief sought.

## SECOND CLAIM FOR RELIEF

**Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Supply Chain Enterprise
(Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants"))**

131.     Paragraph 856 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

132.     The allegations in Paragraphs 857-887 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API denies the allegations in Paragraphs 857-887 and objects to the relief sought.

## THIRD CLAIM FOR RELIEF

**Public Nuisance**
**Federal Common Law**
**(Against All Defendants)**

133.    Paragraph 888 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

134.    Paragraphs 889-912 refer to one or more claims that have been dismissed, and therefore no response is required.  To the extent a response is deemed to be required, API denies the allegations in Paragraphs 889-912 and objects to the relief sought.

## FOURTH CLAIM FOR RELIEF

**State Common Law Public Nuisance**
**(Against All Defendants)**

135.    API denies the allegations in Paragraph 913.

136.    Paragraph 914 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

137.    API denies the allegations in Paragraph 915-934.

138.    The allegations in Paragraphs 935-937 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 935-937.

139.    API admits the allegation in Paragraph 938 that it distributes prescription drugs, including opioids, but denies the characterizations and remaining allegations in Paragraph 938.

140.     API denies the allegations in Paragraphs 939-959.

141.     API denies that Plaintiff is entitled to any relief, at law, or in equity, and denies the allegations in Paragraph 960.

## FIFTH CLAIM FOR RELIEF

### Statutory Public Nuisance
### (Against All Defendants)

142.     API denies the allegations in Paragraph 961.

143.     Paragraph 962 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

144.     API denies the allegations in Paragraphs 963-972.

145.     API denies that Plaintiff is entitled to any relief, at law, or in equity, and denies the allegations in Paragraphs 973-974.

## SIXTH CLAIM FOR RELIEF

### Negligence and Negligent Misrepresentation
### (Against All Defendants)

146.     Paragraph 975 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

147.     API denies that Plaintiff is entitled to any relief, at law, or in equity, and denies the allegations in Paragraph 976.

148.     API denies the allegations in Paragraphs 977-983.

149.     The allegations in Paragraph 984 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a

response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 984.

150. API denies the allegations in Paragraphs 985-988.

151. The allegations in Paragraphs 989-991 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 989-991.

152. API denies the allegations in Paragraphs 992-997.

153. API admits the allegation in Paragraph 998 that it had some control over its own conduct and had some control over its systems to prevent diversion.  API denies the remaining allegations in Paragraph 998.

154. API denies the allegations in Paragraphs 999-1002.

155. API admits the allegations in Paragraph 1003 insofar as it alleges that API distributed prescription drugs, including opioids, but denies the characterizations and remaining allegations in Paragraph 1003.

156. API denies the allegations in Paragraphs 1004-1018.

157. Paragraph 1019 refers to one or more claims that have been dismissed, and therefore no response is required.  To the extent a response is deemed to be required, API denies the allegations in Paragraph 1019 and objects to the relief sought.

158. API denies the allegations in Paragraph 1020.

159.    Paragraph 1021 refers to one or more claims that have been dismissed, and therefore no response is required.  To the extent a response is deemed to be required, API denies the allegations in Paragraph 1021 and objects to the relief sought.

160.    API denies the allegations in Paragraphs 1022-1037.

161.    The allegations in Paragraph 1038 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 1038.

162.    API denies the allegations in Paragraphs 1039-1048.

163.    API denies that Plaintiff is entitled to any relief, at law, or in equity, and denies the allegations in Paragraphs 1049-1050.

## SEVENTH CLAIM FOR RELIEF

### Common Law Fraud
### (Against the Marketing Defendants)

164.    Paragraph 1051 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

165.    The allegations in Paragraphs 1052-1069 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraphs 1052-1069 and objects to the relief sought.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment
### (Against All Defendants)

166.     Paragraph 1070 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

167.     API denies the allegations in Paragraphs 1071-1079.

168.     API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations against the Marketing Defendants in Paragraph 1080, and therefore denies the same.  API denies the remaining allegations in Paragraph 1080.

169.     API denies the allegations in Paragraph 1081-1085.

170.     API denies that Plaintiff is entitled to any relief, at law or in equity, and denies the allegations in Paragraph 1086.

## NINTH CLAIM FOR RELIEF

### Civil Conspiracy
### (Against All Defendants)

171.     Paragraph 1087 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

172.     API denies the allegations in Paragraphs 1088-1089.

173.     The allegations in Paragraph 1090 are directed at and/or describe the conduct of one or more defendants other than API, and therefore no response is required.  To the extent a response is required, API is without knowledge, information, or belief sufficient to form an

opinion as to the truth or falsity of the allegations, and therefore denies the allegations in Paragraph 1090.

174.    API denies the allegations in Paragraphs 1091-1097.

175.    API is without knowledge, information, or belief sufficient to form an opinion as to the truth or falsity of the allegations against the Marketing Defendants in Paragraph 1098, and therefore denies the same.  API denies the remaining allegations in Paragraph 1098.

176.    API denies the allegations in Paragraphs 1099-1104.

177.    API denies that Plaintiff is entitled to any relief, at law or in equity, and denies the allegations in Paragraphs 1105-1106.

## TENTH CLAIM FOR RELIEF

**Violations of Montana Unfair Trade Practices and Consumer Protection Act, MCA § 30-14-101,** *et seq.*
**(Against All Defendants)**

178.    Paragraph 1107 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

179.    Paragraphs 1108-1119 refer to one or more claims that have been dismissed, and therefore no response is required.  To the extent a response is deemed to be required, API denies the allegations in Paragraphs 1108-1119 and objects to the relief sought.

## PUNITIVE DAMAGES

180.    Paragraph 1120 is an incorporation paragraph that does not require a response.  To the extent a response is required, API adopts and incorporates its responses to the foregoing paragraphs as if set forth fully herein.

181.    API denies the allegations in Paragraphs 1121-1123 and objects to the relief sought.

**PRAYER**

182.    API denies that Plaintiff is entitled to any relief, at law or in equity, and denies the allegations in Paragraph 1124.

**DEFENSES**

By asserting the defenses enclosed herein, API does not allege or admit that it has the burden of proof or persuasion with respect to any asserted defenses.  All of the defenses listed are pled in the alternative, and none constitutes an admission that API is in any way liable to Plaintiff, that Plaintiff has been or will be injured in any way, or that Plaintiff is entitled to any relief whatsoever.  API asserts the following Defenses:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted, failed to state facts sufficient to constitute a purported cause of action, and failed to plead a legally cognizable injury.

**SECOND DEFENSE**

Plaintiff lacks standing and/or authority to sue for either injunctive relief or damages for alleged violations of state or federal regulations pertaining to the distribution of controlled substances.

**THIRD DEFENSE**

Plaintiff's claims against API fail insofar as such allegations allege violations of Montana Board of Pharmacy regulations because the Montana Board of Pharmacy granted and has continuously renewed API's wholesale distributor permit.  As such, Plaintiff's claims are barred in whole or in part by waiver, consent, and/or estoppel.

## FOURTH DEFENSE

Plaintiff's allegations against API fail to give rise to actionable claims because the alleged wrongful acts and omission contained in the Complaint do not state claims for the breach of a recognized or viable legal duty owed by API.

## FIFTH DEFENSE

Plaintiff's claims fail because the pertinent state and federal acts governing the distribution of controlled substances do not authorize a private cause of action because they constitute comprehensive regulatory schemes, which do not contain the legislative intent to create a private cause of action.

## SIXTH DEFENSE

Plaintiff's claims are barred because the harms alleged were not proximately or otherwise caused by API's alleged acts or omissions.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the harms alleged were caused, if at all, by the intervening, independent, and/or superseding causes, factors, or occurrences, which were not reasonably foreseeable to API and for which API is not responsible.

## EIGHTH DEFENSE

The conduct of persons or entities other than API was the competing producing and proximate cause of Plaintiff's alleged damages pursuant to the doctrines of comparative fault and/or contributory negligence.

**NINTH DEFENSE**

Plaintiff's claims are barred because API has complied, or substantially complied, with all applicable laws or regulations of the United States, the State of Montana, and/or the Tribal Law and Order Code.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

**TWELFTH DEFENSE**

Plaintiff's claims are barred under the doctrines of laches, unclean hands, estoppel, acquiescence, ratification, and waiver.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**FOURTEENTH DEFENSE**

Plaintiff's claims for unjust enrichment or any other equitable relief are barred because: (1) API has not accepted or retained any benefits under any circumstances where it would be inequitable to do so; (2) there is no contractual or quasi-contractual privity between API and Plaintiff to justify a claim for unjust enrichment; (3) Plaintiff did not pay API any of the amounts sought; and (4) Plaintiff has no authority to bring such claims.

## FIFTEENTH DEFENSE

The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution bars Plaintiff's claims because substantive due process forbids the retroactive imposition of changing and unclear legal interpretations of the pertinent state and federal statutes and regulations sought to be applied by Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's claims are pre-empted and/or precluded, in whole or in part, by federal law.

## EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages, if awarded, would constitute a violation of the United States Constitution and the Montana State Constitution.  Plaintiff's claims for actual and compensatory damages violate the Excessive Fines Clause to the Eighth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

Plaintiff has failed to join indispensable parties required to be joined pursuant to Fed. R. Civ. P. 19.  Such parties include, but are limited to, the DEA, health care providers, prescribers, patients, and other third parties who Plaintiff alleges engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products, or who otherwise received opioid medications from API or its customers.

## TWENTIETH DEFENSE

Plaintiff has failed to plead that it reimbursed any prescriptions for an opioid distributed by API that harmed patients and should not have been written, or that API's allegedly improper

conduct caused any healthcare provider to write any ineffective or harmful opioid prescription, which API then distributed or otherwise supposedly caused to be diverted.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the assumption of risk doctrine.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against API do not arise out of the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

## TWENTY-THIRD DEFENSE

Plaintiff has failed to comply with the requirement that it identify each individual or patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## TWENTY-FOURTH DEFENSE

API asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Montana Rules of Civil Procedure 8(c) and 12(b), the Montana Code, Montana common law, the Montana Constitution, and/or the Tribal Law and Order Code.

## TWENTY-FIFTH DEFENSE

Insofar as Plaintiff is alleging that API conspired or otherwise engaged in any purported fraud or fraudulent misconduct, Plaintiff has failed to plead such allegations with sufficient particularity.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the negligent, intentional, illegal, and/or criminal acts of third parties who are not under API's control.

## TWENTY-SEVENTH DEFENSE

API adopts by reference any additional applicable defense pled by any other defendant or asserted in any party's motion to dismiss not otherwise pled herein.  API reserves the right and hereby gives notice that it intends to rely upon any other and additional defenses that are now or may become available or appear during or as a result of the discovery proceedings in this action and reserves its right to amend its Answer to assert such defenses.

## TWENTY-EIGHTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## THIRTIETH DEFENSE

The alleged injuries asserted by Plaintiff are too remote from the alleged conduct of API to provide a basis for liability as a matter of law and due process.

## THIRTY-FIRST DEFENSE

Plaintiff may not recover from API because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff's claims relate to API's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Montana or that of any other state whose laws may apply, such claims are barred.

### THIRTY-THIRD DEFENSE

Plaintiff's damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which API had and continues to have no control.

### THIRTY-FOURTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or part for any past or future claimed economic loss from any collateral source or any other applicable law.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred under Mont. Code Ann. § 27-1-702 because its negligence was greater than the alleged negligence of API or the combined negligence of the Defendants.

### THIRTY-SIXTH DEFENSE

A percentage of Plaintiff's alleged injury or loss, if proven, is attributable to Plaintiff, and under Mont. Code Ann. § 27-1-702 must be diminished in the proportion to the percentage of negligence attributable to Plaintiff.

### THIRTY-SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were due to illicit use or abuse of the medications at issue on the part of the medication users, for which API is not liable.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims or damages are barred because users of the medications at issue used them after they knew, or should have known, of their alleged risks.

### THIRTY-NINTH DEFENSE

API's liability, if any, will not result from its conduct, but is solely the result of an obligation imposed by law, and thus API is entitled to indemnity, express or implied, by other parties.

### FORTIETH DEFENSE

Plaintiff's injuries and damages, if any, were due to preexisting conditions or idiosyncratic reaction to the medications on the part of the medication users, for which API cannot be held responsible.

### FORTY-FIRST DEFENSE

Should API be held liable to Plaintiff, which liability is specifically denied, API would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiff's Complaint.

### FORTY-SECOND DEFENSE

Plaintiff's claims against API fail and/or are barred because venue is improper in this Court.

### FORTY-THIRD DEFENSE

API is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption, as set forth in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

### FORTY-FIFTH DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither users nor their prescribers relied to their detriment upon any statement by API in determining to use medications at issue.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

### FORTY-EIGHTH DEFENSE

To the extent that Plaintiff asserts claims that depend solely on violations of federal law, such claims are barred.  *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### FORTY-NINTH DEFENSE

API is not liable for statements or omissions in the Manufacturer Defendants' branded or unbranded materials.

### FIFTIETH DEFENSE

To the extent that Plaintiff seeks relief for API's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

### FIFTY-FIRST DEFENSE

API's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

### FIFTY-SECOND DEFENSE

Plaintiff has failed to join one or more necessary parties, including without limitation the DEA, health care providers, prescribers, patients, and other third parties who Plaintiff alleges engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products, or who otherwise received opioid medications from API or its customers.

## FIFTY-THIRD DEFENSE

Plaintiff's claims against API are barred by the doctrines of res judicata and collateral estoppel.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims are barred or limited by any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

## FIFTY-FIFTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on exercise of police powers by a municipality.

## FIFTY-SEVENTH DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to API.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred or limited by the political question and separation of powers doctrines and because the claims implicate issues of statewide importance that are reserved for state regulation.

## FIFTY-NINTH DEFENSE

Plaintiff's public nuisance claim is barred or limited to the extent that it lacks the statutory authority to bring a nuisance claim under Montana law or their own applicable county or municipal codes or regulations.

## SIXTIETH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because (i) no action of API involved interference with real property, (ii) illegal conduct perpetrated by third parties involving use of an otherwise legal product does not involve a public right against API sufficient to state a claim for public nuisance, (iii) the alleged public nuisance would have impermissible extraterritorial reach, and (iv) the alleged conduct of API is too remote from the alleged injury as a matter of law and due process.

## SIXTY-FIRST DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because API's conduct conformed with the Controlled Substances Act and DEA regulations and because the activities of API alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## SIXTY-SECOND DEFENSE

Plaintiff's claims and/or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

## SIXTY-THIRD DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## SIXTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the derivative injury rule and/or the remoteness doctrine.

## SIXTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they conflict with the Report and Recommendation of the United States Magistrate Judge (Master Doc. 1500) and the Court's Opinion and Order (Master Doc. 1680) granting, in part, Defendants' Motions to Dismiss in this case.

## SIXTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent that they are based on a theory of market share liability.

## SIXTY-SEVENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

## SIXTY-EIGHTH DEFENSE

API has no duty to protect Plaintiff from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

## SIXTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## SEVENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Montana Constitutions.

## SEVENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

## SEVENTY-SECOND DEFENSE

API asserts its right to a proportionate reduction of any damages found against API based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## SEVENTY-THIRD DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that API was grossly negligent and API has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

## SEVENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because no statement or conduct of API was misleading, unfair, or deceptive.

## SEVENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on API.

## SEVENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent that they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 301 et seq.), or Section 351, Public Health Service Act (42 U.S.C. § 262), or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## SEVENTY-SEVENTH DEFENSE

API is not liable for any injury allegedly caused to Plaintiff by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

## SEVENTY-EIGHTH DEFENSE

Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

## SEVENTY-NINTH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish API's regulatory duties, such informal guidance cannot enlarge API's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*

## EIGHTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

## EIGHTY-FIRST DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by API of which API provided notice of all reasonable facts.

## EIGHTY-SECOND DEFENSE

API appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## EIGHTY-THIRD DEFENSE

API adopts by reference all defenses asserted in any party's motion to dismiss filed in this Multi-District Litigation.

## EIGHTY-FOURTH DEFENSE

Plaintiff's claims are not ripe, and/or have been mooted.

## EIGHTY-FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## EIGHTY-SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

## EIGHTY-SEVENTH DEFENSE

Any damages that Plaintiff recovers against API must be reduced to the extent that Plaintiff is seeking to damages for alleged injuries or expenses related to the same user(s) of the

subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.

### EIGHTY-EIGHTH DEFENSE

Any damages that Plaintiff recovers against API must be reduced to the extent they unjustly enrich Plaintiff.

### EIGHTY-NINTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

### NINETIETH DEFENSE

In accordance with Mont. Code Ann. § 27-1-220, any punitive damages that might be recovered by Plaintiff must not exceed $10 million or 3% of API's net worth, whichever is less.

### NINETY-FIRST DEFENSE

Plaintiff's state common law public nuisance claim is barred because Montana does not recognize a freestanding cause of action for "common law public nuisance," but rather defines the law by statute.  *See* Mont. Code Ann. § 27-30-101 *et seq.*

### NINETY-SECOND DEFENSE

Plaintiff's nuisance claims are barred because they sound in products liability, and there is no Montana Supreme Court precedent affirming either the viability of a claim that collapses the distinction between nuisance and products liability law or a claim that is not based on interference with land or real property rights.

## NINETY-THIRD DEFENSE

Plaintiff's nuisance claims are barred because API is a licensed distributor of controlled substances, and thus its activities were carried out with express authority and are not subject to nuisance liability.  *See* Mont. Code Ann. § 27-30-101(2).

## NINETY-FOURTH DEFENSE

Plaintiff's civil conspiracy claim is barred because Plaintiff has failed to allege sufficient facts to show a meeting of the minds.

## NINETY-FIFTH DEFENSE

Plaintiff's civil conspiracy claim is barred because Plaintiff has failed to allege any unlawful overt acts.

## NINETY-SIXTH DEFENSE

Plaintiff's civil conspiracy claim is barred because Plaintiff has failed to allege that any wrongful conduct on behalf of API has proximately caused Plaintiff's alleged harm.

## NINETY-SEVENTH DEFENSE

Plaintiff's claims against API fail and/or are barred because the Court lacks personal jurisdiction over API.

## NINETY-EIGHTH DEFENSE

Plaintiff's claims against API fail and/or are barred because the process Plaintiff purported to serve on API was insufficient.

## NINETY-NINTH DEFENSE

Plaintiff's claims against API fail and/or are barred because Plaintiff failed to effect proper service on API.

## ONE HUNDREDTH DEFENSE

Each and every allegation of the Complaint not specifically and expressly admitted is hereby denied.

## DEMAND FOR JURY TRIAL

API demands trial by struck jury as to all counts and/or issues so triable.

Dated:  July 26, 2019.

/s/ Walter A. Dodgen
One of the Attorneys for Associated Pharmacies, Inc.

**OF COUNSEL:**

Walter A. Dodgen
David R. Beasley
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile:  (256) 512-0119
tdodgen@maynardcooper.com
dbeasley@maynardcooper.com

Carl S. Burkhalter
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile:  (205) 254-1999
cburkhalter@maynardcooper.com

*Attorneys for Associated Pharmacies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Walter A. Dodgen*
Of Counsel
