## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| This document relates to: *The Blackfeet Tribe of the Blackfeet Indian Reservation v. Purdue Pharma L.P., et al.* Case No. 18-op-45749 | Hon. Dan Aaron Polster |

## DEFENDANT MCKESSON CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant McKesson Corporation ("McKesson"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the First Amended Complaint ("Complaint") filed in this action by Plaintiff:

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.      McKesson submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "McKesson" to refer exclusively to McKesson Corporation's U.S. Pharmaceutical Distribution business.  Where allegations are made against "Defendants" as a group, however described, the responses of McKesson apply only to McKesson.

B.      Most of the allegations in the Complaint are not directed at McKesson and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.      The Complaint contains purported references to documents and third-party

1

publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and McKesson respectfully refers the Court to the respective materials for their complete contents.

D.     The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Montana Unfair Trade Practices and Consumer Protection Act claim and federal common law public nuisance claim. *See* No. 17-md-2804, dkt. 1500, 1680. The Court has also dismissed Plaintiff's negligence *per se* claims. *See* No. 17-md-2804, dkt. 1680. McKesson avers that any allegations pertaining to Plaintiff's Montana Unfair Trade Practices and Consumer Protection Act claim, federal common law public nuisance claim, or negligence *per se* claim do not require a response. To the extent a response is required, McKesson denies those allegations.

E.     Except as otherwise expressly stated herein, McKesson denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, and illustrations of the Complaint, and specifically denies liability to Plaintiff. To the extent not expressly denied, all allegations for which McKesson denies possessing knowledge or information sufficient to form a belief are denied.

F.     McKesson reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING THE INTRODUCTORY PARAGRAPH

1.      McKesson admits that Plaintiff brought this action as set forth in Paragraph 1 of the Complaint.  McKesson denies any liability and further denies that Plaintiff is entitled to any relief.  McKesson denies any remaining allegations of Paragraph 1.

## ANSWERING THE INTRODUCTION

2.      McKesson admits that this action pertains to the misuse, abuse, and over-prescription of opioids.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, on that basis, denies those allegations.

3.      McKesson denies the allegations of Paragraph 3 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, on that basis, denies those allegations.

4.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies those allegations.

6.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies those allegations.

7.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies those allegations.

8.      McKesson admits that the President declared the opioid crisis a public health emergency.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies those allegations.

3

9. McKesson admits that Plaintiff has filed an action as set forth in Paragraph 9 of the Complaint, but denies any liability and denies that Plaintiff is entitled to any relief whatsoever from McKesson. McKesson denies any remaining allegations of Paragraph 9.

10. The allegations in Paragraph 10 are not asserted against McKesson and thus no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies those allegations.

11. The allegations in Paragraph 11 are not asserted against McKesson and thus no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies those allegations.

12. The allegations in Paragraph 12 are not asserted against McKesson and thus no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations.

13. The allegations in Paragraph 13 are not asserted against McKesson and thus no response is required. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies those allegations.

14. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies those allegations.

15. McKesson denies the allegations of Paragraph 15 as they pertain to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 15 pertaining to other Defendants and, on that basis, denies those allegations.

16.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17.     McKesson denies the allegations in Paragraph 17 insofar as they pertain to McKesson's conduct.  McKesson admits that a Centers for Disease Control official used the words attributed to the agency in Paragraph 17, but denies the characterization of the official's statement in Paragraph 17 and respectfully refers the Court to the cited document for its full and correct contents.  McKesson further admits that the U.S. Surgeon General used the words attributed to him in Paragraph 17 but denies the characterization of his statement in Paragraph 17 and respectfully refers the Court to the cited document for its full and correct contents. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18.     McKesson denies the allegations in Paragraph 18 insofar as they pertain to McKesson's conduct.  McKesson further denies the characterization of the official's statement in Paragraph 18.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 and, on that basis, denies those allegations.

19.     McKesson denies the allegations of Paragraph 19 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 pertaining to other Defendants and, on that basis, denies those allegations.

20.     McKesson denies the allegations of Paragraph 20 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 pertaining to other Defendants and, on that basis, denies those allegations.

21.     McKesson denies the allegations of Paragraph 21 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 pertaining to other Defendants and, on that basis, denies those allegations.

22.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies those allegations.

23.     McKesson admits that Plaintiff brought this action but otherwise denies the allegations of Paragraph 23.

### ANSWERING THE JURISDICTION AND VENUE ALLEGATIONS

24.     McKesson avers that the allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that this Court has subject-matter jurisdiction over this action, except to the extent that Plaintiff lacks standing to assert its claims, and denies the remainder of the allegations.

25.     McKesson avers that the allegations in Paragraph 25 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 25.

26.     McKesson avers that the allegations in Paragraph 26 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that the federal United States District Court for the Northern District of Ohio,

where this suit was filed, has personal jurisdiction over McKesson. McKesson further admits that

it operates as a wholesale distributor of pharmaceutical products in Montana. McKesson denies

the remaining allegations in Paragraph 26 insofar as they pertain to McKesson, including any

implication in Paragraph 26 that McKesson's conduct was tortious or otherwise unlawful.  As to

the other Defendants, McKesson is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 26 and, on that basis, denies those allegations.

> 27.     McKesson avers that the allegations in Paragraph 27 state legal

conclusions to which no response is required.  To the extent that a response is required,

McKesson denies those allegations.

> 28.     McKesson avers that the allegations in Paragraph 28 state legal

conclusions to which no response is required.  To the extent that a response is required,

McKesson denies those allegations.

> 29.     McKesson avers that the allegations of Paragraph 29 state legal

conclusions to which no response is required.  To the extent that a response is required,

McKesson denies the allegations of Paragraph 29.

<u>**ANSWERING THE ALLEGATIONS ABOUT THE PARTIES**</u>

> 30.     McKesson admits that Plaintiff is a federally recognized tribe in Montana

and has brought this action.  McKesson avers that the remainder of the allegations in Paragraph

30 state legal conclusions to which no response is required.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the

remainder of the allegations in Paragraph 30 and, on that basis, denies those allegations.

> 31.     McKesson avers that the allegations of Paragraph 31 state legal

conclusions to which no response is required.  To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 31 and, on that basis, denies those allegations.

32.     McKesson avers that the allegations of Paragraph 32 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 32 and, on that basis, denies those allegations.

33.     McKesson denies the allegations of Paragraph 33.

34.     McKesson denies the allegations of Paragraph 34.

35.     McKesson denies the allegations of Paragraph 35.

36.     McKesson avers that the allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraph 36.

37.     McKesson avers that the allegations in Paragraph 37 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies those allegations.

38.     McKesson avers that the allegations in Paragraph 38 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies those allegations.

39.     McKesson avers that the allegations in Paragraph 39 are not directed to McKesson and therefore do not require a response.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies those allegations.

40.     McKesson avers that the allegations in Paragraph 40 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies those allegations.

41.     McKesson avers that the allegations in Paragraph 41 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies those allegations.

42.     McKesson avers that the allegations in Paragraph 42 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies those allegations.

43.     McKesson avers that the allegations in Paragraph 43 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies those allegations.

44.     McKesson avers that the allegations in Paragraph 44 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies those allegations.

45.     McKesson avers that the allegations in Paragraph 45 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies those allegations.

46.     McKesson avers that the allegations in Paragraph 46 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies those allegations.

47.     McKesson avers that the allegations in Paragraph 47 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies those allegations.

48.     McKesson avers that the allegations in Paragraph 48 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies those allegations.

49.     McKesson avers that the allegations in Paragraph 49 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies those allegations.

50.     McKesson avers that the allegations in Paragraph 50 are not directed to McKesson and therefore do not require a response.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies those allegations.

51.     McKesson avers that the allegations in Paragraph 51 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies those allegations.

52.     McKesson avers that the allegations in Paragraph 52 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies those allegations.

53.     McKesson avers that the allegations in Paragraph 53 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies those allegations.

54.     McKesson avers that the allegations in Paragraph 54 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies those allegations.

55.     McKesson avers that the allegations in Paragraph 55 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies those allegations.

56. McKesson avers that the allegations in Paragraph 56 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies those allegations.

57. McKesson avers that the allegations in Paragraph 57 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies those allegations.

58. McKesson avers that the allegations in Paragraph 58 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies those allegations.

59. McKesson avers that the allegations in Paragraph 59 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies those allegations.

60. McKesson avers that the allegations in Paragraph 60 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies those allegations.

61. McKesson avers that the allegations in Paragraph 61 are not directed to McKesson and therefore do not require a response. To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies those allegations.

62.     McKesson avers that the allegations in Paragraph 62 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies those allegations.

63.     McKesson avers that the allegations in Paragraph 63 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies those allegations.

64.     McKesson avers that the allegations in Paragraph 64 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies those allegations.

65.     McKesson avers that the allegations in Paragraph 65 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies those allegations.

66.     McKesson avers that the allegations in Paragraph 66 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies those allegations.

67.     McKesson avers that the allegations in Paragraph 67 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies those allegations.

68.     McKesson avers that the allegations in Paragraph 68 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies those allegations.

69.     McKesson avers that the allegations in Paragraph 69 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies those allegations.

70.     McKesson avers that the allegations in Paragraph 70 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies those allegations.

71.     McKesson avers that the allegations in Paragraph 71 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies those allegations.

72.     McKesson avers that the allegations in Paragraph 72 are not directed to McKesson and therefore do not require a response.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies those allegations.

73.     McKesson avers that the allegations in Paragraph 73 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies those allegations.

74.     McKesson avers that the allegations in Paragraph 74 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies those allegations.

75.     McKesson avers that the allegations in Paragraph 75 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies those allegations.

76.     McKesson avers that the allegations in Paragraph 76 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies those allegations.

77.     McKesson avers that the allegations in Paragraph 77 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies those allegations.

78.     McKesson avers that the allegations in Paragraph 78 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies those allegations.

79.     McKesson avers that the allegations in Paragraph 79 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies those allegations.

80.     McKesson avers that Paragraph 80 does not include any factual allegations to which a response is required.  To the extent that a response is deemed required, McKesson admits that the Complaint refers to Purdue, Actavis, Cephalon, Janssen, Endo, Insys, and Mallinckrodt as "Marketing Defendants."

81.     McKesson admits that McKesson is engaged in wholesale distribution. McKesson denies the remaining allegations of Paragraph 81 insofar as they pertain to McKesson. Insofar as the allegations of Paragraph 81 do not pertain to McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

82.     McKesson avers that the allegations in Paragraph 82 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies those allegations.

83.     McKesson admits that it is a corporation organized and existing under Delaware law; that at the time of the filing of this complaint, its principal place of business was

16

in California;[1] and that it is authorized to conduct business in Montana.  McKesson further admits the allegation of Paragraph 83 that is a wholesaler of pharmaceutical drugs that distributes opioids throughout the country.  McKesson denies the remaining allegations of Paragraph 83.

84.     McKesson admits that it entered into a settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson further admits that as part of McKesson's Administrative Memorandum of Agreement with DEA, McKesson agreed to suspensions of DEA registrations at certain distribution centers located in Colorado, Ohio, and Michigan, and it agreed to a suspension of its ability to distribute hydromorphone from a distribution center in Florida. McKesson further admits that the language quoted in the final sentence of Paragraph 84 appears in a Department of Justice press release announcing the settlement.  McKesson denies the remaining allegations of Paragraph 84.

85.     McKesson avers that the allegations in Paragraph 85 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies those allegations.

86.     McKesson avers that the allegations in Paragraph 86 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies those allegations.

87.     McKesson avers that the allegations in Paragraph 87 are not directed to McKesson and therefore do not require a response.  To the extent a response is required,

---

[1] Effective April 1, 2019, McKesson's principal place of business is in Texas.

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies those allegations.

88.     McKesson avers that the allegations in Paragraph 88 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies those allegations.

89.     McKesson avers that the allegations in Paragraph 89 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies those allegations.

90.     McKesson avers that the allegations in Paragraph 90 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies those allegations.

91.     McKesson avers that the allegations in Paragraph 91 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies those allegations.

92.     McKesson avers that the allegations in Paragraph 92 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies those allegations.

93.     McKesson avers that the allegations in Paragraph 93 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies those allegations.

94.     McKesson avers that the allegations in Paragraph 94 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies those allegations.

95.     McKesson avers that Paragraph 95 does not include any factual allegations to which a response is required.  To the extent that a response is deemed required, McKesson admits that Paragraph 95 of the Complaint refers to CVS, Rite Aid, Walgreens, and Walmart as "National Retail Pharmacies."

96.     McKesson admits that the Complaint refers to Cardinal, McKesson, AmerisourceBergen, Advantage Logistics, Albertson's, Anda, Associated Pharmacies, Dakota Drug, and Smith's, and the National Retail Pharmacies as "Distributor Defendants."  McKesson denies any implication in Paragraph 96 that these Defendants were associated in an improper way or acted unlawfully.

97.     McKesson avers that the allegations of Paragraph 97 state legal conclusions to which no response was required.  To the extent a response is required, McKesson denies the allegations.

98.     McKesson denies the allegations in Paragraph 98 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 98 against other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 98 and, on that basis, denies those allegations.

## ANSWERING THE FACTUAL ALLEGATIONS

99.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies those allegations.

100.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies those allegations.

101.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies those allegations.

102.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies those allegations.

103.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies those allegations.

104.    McKesson admits that prescription opioids are regulated as Schedule II controlled substances by the U.S. Drug Enforcement Administration ("DEA").  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and, on that basis, denies those allegations.

105.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies those allegations.

106.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies those allegations.

107.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies those allegations.

108.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies those allegations.

109.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies those allegations.

110.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies those allegations.

111.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies those allegations.

112.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies those allegations.

113.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies those allegations.

114.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies those allegations.

115-140.  McKesson avers that the allegations in Paragraphs 115 to 140 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 115 to 140 and, on that basis, denies those allegations.

141.    McKesson avers that the allegations in Paragraph 141 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 141 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 141 and, on that basis, denies them.

21

142.    McKesson avers that the allegations in Paragraph 142 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 142 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 142 and, on that basis, denies them.

143.    McKesson avers that the allegations in Paragraph 143 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 143 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 143 and, on that basis, denies them.

144-465.    McKesson avers that the allegations in Paragraphs 144 through 465 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 144 through 465 and, on that basis, denies those allegations.

466.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466 and, on that basis, denies those allegations.

467.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467 and, on that basis, denies those allegations.

468.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468 and, on that basis, denies those allegations.

469.    McKesson denies the allegations of Paragraph 469 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 469 and, on that basis, denies those allegations.

470.    McKesson avers that the allegations in Paragraph 470 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 470 and, on that basis, denies those allegations.

471.    McKesson avers that the allegations in Paragraph 471 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 471 and, on that basis, denies those allegations.

472.    McKesson denies the allegations of Paragraph 472.

473.    McKesson denies the allegations of Paragraph 473 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 473 and, on that basis, denies those allegations.

474.    McKesson denies the allegations of Paragraph 474 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 474 and, on that basis, denies those allegations.

475.    McKesson denies the allegations of Paragraph 475 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 475 and, on that basis, denies those allegations.

476.    McKesson admits that it is subject to reporting duties in connection with the distribution of Schedule II substances. McKesson otherwise denies the allegations of Paragraph 476 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 476 and, on that basis, denies those allegations.

477.    McKesson admits that McKesson is required to register as a distributor pursuant to federal law.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 477 and, on that basis, denies those allegations.

478.    McKesson avers that the allegations in Paragraph 478 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 478 and, on that basis, denies those allegations.

479.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479 and, on that basis, denies those allegations.

480.    McKesson avers that the allegations of Paragraph 480 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 480.

481.    McKesson avers that the first sentence of Paragraph 481 states legal conclusions to which no response is required; to the extent a response is required, McKesson denies the allegations in that sentence.  McKesson denies the allegations in the second sentence of Paragraph 481 insofar as they pertain to McKesson.  Insofar as the allegations in that sentence

pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

482.     McKesson avers that the allegations of Paragraph 482 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the existence of any duty in tort to Plaintiff as alleged in Paragraph 482.

483.     McKesson admits that McKesson was required to register with the DEA to distribute Schedule II controlled substances.  Insofar as the first sentence of Paragraph 483 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies them.  McKesson avers that the second and third sentences of Paragraph 483 state legal conclusions to which no response is required; to the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authorities for their full and correct contents.  McKesson denies the allegations of the fourth sentence of Paragraph 483 insofar as they pertain to McKesson; insofar as the allegations in that sentence relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies them.

484.     McKesson avers that the allegations of Paragraph 484 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 484.

485.     McKesson admits that the Controlled Substances Act was enacted in 1970. McKesson denies the remaining allegations of Paragraph 485.

486.     McKesson avers that the allegations of Paragraph 486 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 486.

487.    To the extent the allegations of Paragraph 487 state legal conclusions, McKesson avers that no response is required and to the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.  McKesson denies the remaining allegations of Paragraph 487.

488.    McKesson avers that the allegations of Paragraph 488 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits it may be unlawful to manufacture a Schedule II substance in excess of a DEA-assigned quota and otherwise denies the allegations of Paragraph 488.

489.    McKesson avers that the allegations of Paragraph 489 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.

490.    McKesson avers that the allegations of Paragraph 490 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

491.    McKesson avers that the allegations of Paragraph 491 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

492.    McKesson avers that the allegations of Paragraph 492 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

493.    McKesson avers that the allegations of Paragraph 493 state legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations.

494.    McKesson admits that McKesson has acquired certain businesses related to the operation of a wholesale distribution service since its inception.  McKesson further admits that McKesson offers certain service programs to McKesson pharmacy customers.  McKesson further admits that McKesson has an ordering system by which pharmacies place orders; as to whether this allows any specific customer to reduce inventory carrying costs, McKesson is without knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies it.  McKesson denies the remaining allegations of Paragraph 494 insofar as they pertain to McKesson, including the characterization of McKesson's acquisitions as "vertical integration."  Insofar as the allegations of Paragraph 494 relate to Defendants other than McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

495.    McKesson avers that to the extent that allegations in Paragraph 495 are not directed to McKesson, they do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495 and, on that basis, denies those allegations.

496.    McKesson avers that the allegations of Paragraph 496 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations.

497.    McKesson avers that the allegations in Paragraph 497 state legal conclusions for which no response is required.  To the extent a response is required, McKesson

27

denies the allegations of Paragraph 497 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 497 and, on that basis, denies those allegations.

498.    McKesson denies the allegations of Paragraph 498.

499.    McKesson admits that it has an important role in the healthcare system of the United States by distributing FDA-approved medications to DEA-licensed pharmacies that may dispense to patients with a valid prescription from a licensed healthcare provider, but otherwise denies the allegations in Paragraph 499.

500.    McKesson avers that to the extent that allegations in Paragraph 500 are not directed to McKesson, they do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 500 and, on that basis, denies those allegations.

501.    McKesson admits that HDMA published a document including the language in the final sentence of Paragraph 501, but denies Plaintiff's characterization of that document and respectfully refers the Court to the document for its full and correct contents. McKesson further admits that it is a member of the HDA, which was previously called HDMA. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 501 and, on that basis, denies those allegations.

502.    McKesson admits that McKesson had various communications with DEA regarding the Controlled Substances Act, including a briefing from DEA regarding the Controlled Substances Act.  McKesson further admits DEA began increasingly communicating with McKesson regarding internet pharmacies.  McKesson further admits that DEA has provided presentations to pharmaceutical wholesalers.  McKesson avers that to the extent the allegations

28

of Paragraph 502 state legal conclusions, no response is required; to the extent a response is required, McKesson denies those allegations.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 502 and, on that basis, denies them.

503.    McKesson admits that DEA sent a letter to registrants dated September 27, 2006 regarding the distribution of controlled substances.  McKesson otherwise denies the allegations of Paragraph 503, including the characterization of the contents of letter, and respectfully refers this Court to the cited letter for its full and correct contents.  To the extent the allegations of Paragraph 503 state legal conclusions, McKesson avers that no response is necessary; if a response is deemed necessary, McKesson denies the allegations.

504.    McKesson admits that DEA sent a letter to registrants dated December 27, 2007 regarding the distribution of controlled substances.  McKesson otherwise denies the allegations of Paragraph 504, including the characterization of the contents of the letter, and respectfully refers this Court to the cited letter for its full and correct contents.  To the extent the allegations of Paragraph 504 state legal conclusions, McKesson avers that no response is necessary; if a response is deemed necessary, McKesson denies the allegations.

505.    McKesson admits that Mr. Gary Boggs formerly worked for the DEA and is currently employed by McKesson.  McKesson further admits that Mr. Boggs authored the referenced presentation.  McKesson denies any remaining allegations in Paragraph 505.

506.    McKesson admits that the presentation referenced in Paragraph 506 contains the quoted language, but denies Plaintiff's characterization of the referenced document and respectfully refers this Court to the cited document for its full and correct contents. McKesson denies any remaining allegations in Paragraph 506.

29

507.    McKesson denies the allegations of Paragraph 507 characterizing the contents of the document referenced in Paragraph 507 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 507.

508.    McKesson denies the allegations of Paragraph 508 characterizing the contents of the document referenced in Paragraph 508 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 508.

509.    McKesson denies the allegations of Paragraph 509 characterizing the contents of the document referenced in Paragraph 509 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 509.

510.    McKesson denies the allegations of Paragraph 510 characterizing the contents of the document referenced in Paragraph 510 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 510.

511.    McKesson denies the allegations of Paragraph 511 characterizing the contents of the document referenced in Paragraph 511 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 511.

512.    McKesson denies the allegations of Paragraph 512 characterizing the contents of the document referenced in Paragraph 512 and respectfully refers this Court to the

cited document for its full and correct contents. McKesson denies any remaining allegations in Paragraph 512.

513. McKesson denies the allegations of Paragraph 513 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 513 and, on that basis, denies those allegations.

514. McKesson admits that McKesson has business relationships with manufacturers, that McKesson employs electronic ordering systems, and that McKesson offers a variety of programs to its pharmacy customers. McKesson denies the remainder of the allegations in Paragraph 514 insofar as they pertain to McKesson. With respect to the allegations in Paragraph 514 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 514 and, on that basis, denies them.

515. McKesson denies the allegations in Paragraph 515 insofar as they pertain to McKesson. With respect to the allegations in Paragraph 515 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 515 and, on that basis, denies them.

516. McKesson admits that it maintains certain security protocols and storage facilities for the distribution of opioids. McKesson denies the remaining allegations of Paragraph 516 insofar as they pertain to McKesson. With respect to the allegations in Paragraph 516 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations, on that basis, denies them.

517.    McKesson denies the allegations of Paragraph 517 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 517 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 517 and, on that basis, denies those allegations.

518.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 518 and, on that basis, denies those allegations.

519.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 519 and, on that basis, denies those allegations.

520.    McKesson denies the allegations of Paragraph 520 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 520 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 520 and, on that basis, denies those allegations.

521.    McKesson admits that McKesson is a member of HDA.  McKesson denies the remainder of the allegations in Paragraph 521 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 521 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 521 and, on that basis, denies those allegations.

522.    McKesson denies the allegations of Paragraph 522 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 522 and, on that basis, denies those allegations.

523.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 523 and, on that basis, denies those allegations.

524.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 524 and, on that basis, denies those allegations.

525.    McKesson denies the allegations of Paragraph 525.

526.    McKesson admits that a publicly available webpage describing HDA's 2017 Business and Leadership Conference contains the quoted language.  McKesson denies the allegation in Paragraph 526 that McKesson "advertised" such conferences to Manufacturers and denies the other allegations of Paragraph 526 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 526 and, on that basis, denies those allegations.

527.    McKesson admits that various employees of McKesson have participated in HDA councils, committees, task forces, and working groups.  McKesson denies the other allegations of Paragraph 527 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 527 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

528.    McKesson admits that HDMA held a webinar on April 27, 2011 and that a publicly available website describing the webinar contains the quoted language.  McKesson denies the remaining allegations of Paragraph 528 insofar as they pertain to McKesson.  Insofar as the remaining allegations of Paragraph 528 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

529.    McKesson denies the allegations of Paragraph 529.

530.    McKesson denies the allegations of Paragraph 530.

531.    McKesson admits that HDMA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines: Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson further admits that an amicus brief by the HDMA contains the quoted language.  McKesson otherwise denies the allegations of Paragraph 531.

532.    McKesson denies the allegations of Paragraph 532 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 532 and, on that basis, denies those allegations.

533.    McKesson denies the allegations of Paragraph 533 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 533 and, on that basis, denies those allegations.

534.    McKesson denies the allegations of Paragraph 534 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 534 and, on that basis, denies those allegations.

535.    McKesson denies the allegations of Paragraph 535 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 535 and, on that basis, denies those allegations.

536.     McKesson avers that Paragraph 536 states legal conclusions for which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 536.

537.     McKesson denies the allegations of Paragraph 537 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 537 and, on that basis, denies those allegations.

538.     McKesson denies the allegations of Paragraph 538 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 538 and, on that basis, denies those allegations.

539.     McKesson denies the allegations of Paragraph 539 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 539 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

540.     McKesson denies the allegations of Paragraph 540 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 540 and, on that basis, denies those allegations.

541.     McKesson admits that its personnel visit pharmacy customers during which they pay attention to potential red flags for diversion, but denies that such visits are accurately described by Plaintiff in Paragraph 541 or elsewhere in its Complaint.  McKesson otherwise denies the allegations of Paragraph 541 insofar as they pertain to McKesson.  Insofar

35

as the allegations of Paragraph 541 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 541 and, on that basis, denies those allegations.

542.     McKesson denies the allegations of Paragraph 542 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 542 and, on that basis, denies those allegations.

543.     McKesson admits that it may have obtained certain information from certain data companies.  McKesson otherwise denies the allegations of Paragraph 543 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 543 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 543 and, on that basis, denies those allegations.

544.     McKesson admits that McKesson developed and utilized questionnaires and other materials in an effort to "know its customer."  McKesson otherwise denies the allegations of Paragraph 544 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 544 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 544 and, on that basis, denies them.

545.     McKesson admits that it may have obtained certain information from certain data companies.  McKesson otherwise denies the allegations of Paragraph 545 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 545 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 545 and, on that basis, denies them.

546.  McKesson admits that it obtained certain information from IMS Health. McKesson otherwise denies the allegations of Paragraph 546 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 546 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 546 and, on that basis, denies them.

547.  McKesson admits that it may have obtained certain information from Wolters Kluwer for a limited period of time.  McKesson otherwise denies the allegations of Paragraph 547 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 547 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 547 and, on that basis, denies them.

548.  McKesson denies the allegations of Paragraph 548.

549.  McKesson denies the allegations of Paragraph 549 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 549 and, on that basis, denies those allegations.

550.  McKesson denies the allegations of Paragraph 550 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 550 and, on that basis, denies those allegations.

551.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 551 and, on that basis, denies those allegations.

552.  McKesson denies the allegations of Paragraph 552 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form

a belief as to the truth of the remainder of the allegations in Paragraph 552 and, on that basis, denies those allegations.

553.    McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 553 and, on that basis, denies those allegations.

554.    McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 554 and, on that basis, denies those allegations.

555.    McKesson denies the allegations of Paragraph 555 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 555 and, on that basis, denies those allegations.

556.    McKesson denies the allegations of Paragraph 556 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 556 and, on that basis, denies those allegations.

557.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 557 and, on that basis, denies those allegations.

558.    McKesson denies the allegations of Paragraph 558 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 558 and, on that basis, denies those allegations.

559.    McKesson denies the allegations of Paragraph 559 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form

a belief as to the truth of the remainder of the allegations in Paragraph 559 and, on that basis, denies those allegations.

560.    McKesson avers that the allegations in Paragraph 560 are not directed to McKesson and thus no response is required.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 560 and, on that basis, denies those allegations.

561.    McKesson denies the allegations of Paragraph 561 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 561 and, on that basis, denies those allegations.

562.    McKesson avers that the allegations in Paragraph 562 are not directed to McKesson and thus no response is required.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 562 and, on that basis, denies those allegations.

563.    McKesson avers that the allegations in Paragraph 563 are not directed to McKesson and thus no response is required.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 563 and, on that basis, denies those allegations.

564.    McKesson denies the allegations of Paragraph 564 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 564 and, on that basis, denies those allegations.

565.    McKesson denies the allegations of Paragraph 565 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 565 and, on that basis, denies those allegations.

566.    McKesson admits that it entered into a settlement agreement with the Department of Justice in 2008 wherein McKesson agreed to pay $13.25 million to resolve certain claims against the company.  McKesson denies the remaining allegations of Paragraph 566, including its characterization of the settlement agreement, and respectfully refers this Court to the referenced agreement for its full and correct contents.

567.    McKesson admits that it entered into a settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson denies the remaining allegations of Paragraph 567, including its characterization of the settlement agreement, and respectfully refers this Court to the cited document for its full and correct contents.

568.    McKesson admits that as part of the 2017 settlement agreement, McKesson agreed to suspensions of DEA registrations at certain distribution centers.  McKesson denies the remaining allegations of Paragraph 568, including the characterization of admissions made by McKesson as part of the settlement agreement.

569.    McKesson avers that the allegations in Paragraph 569 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 569 and, on that basis, denies those allegations.

570.    McKesson avers that the allegations in Paragraph 570 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 570 and, on that basis, denies those allegations.

571.    McKesson denies the allegations of Paragraph 571 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 571 and, on that basis, denies those allegations.

572.    McKesson denies the allegations of Paragraph 572 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 572 and, on that basis, denies those allegations.

573.    McKesson denies the allegations of Paragraph 573.

574.    McKesson admits that it entered into settlement agreements with the Department of Justice in 2008 and 2017 to resolve certain claims against the company. McKesson denies the remaining allegations of Paragraph 574.

575.    McKesson denies the allegations of Paragraph 575 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 575 and, on that basis, denies those allegations.

576.    McKesson admits that McKesson's webpage contained the language quoted in the first sentence of Paragraph 576.  McKesson further admits that a McKesson statement quoted in the Washington Post contains the quoted language in the second sentence of

Paragraph 576.  McKesson otherwise denies the allegations of Paragraph 576, including Plaintiff's characterizations of such statements.

577.    McKesson avers that the allegations in Paragraph 577 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 577 and, on that basis, denies those allegations.

578.    McKesson admits that trade associations, including HDMA, filed an amicus brief in the case described in Paragraph 578 that contains the quoted language. McKesson denies the remaining allegations of Paragraph 578, including Plaintiff's characterization of the impetus for and contents of that amicus brief.

579.    McKesson denies the allegations of Paragraph 579 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 579 and, on that basis, denies those allegations.

580.    McKesson avers that the allegations in Paragraph 580 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 580 and, on that basis, denies those allegations.

581.    McKesson avers that the allegations in Paragraph 581 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 581 and, on that basis, denies those allegations.

582.    McKesson avers that the allegations in Paragraph 582 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 582 and, on that basis, denies those allegations.

583.    McKesson avers that the allegations in Paragraph 583 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 583 and, on that basis, denies those allegations.

584.    McKesson avers that the allegations in Paragraph 584 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 584 and, on that basis, denies those allegations.

585.    McKesson denies the allegations of Paragraph 585 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 585 and, on that basis, denies those allegations.

586.    McKesson avers that the allegations in Paragraph 586 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 586 and, on that basis, denies those allegations.

587.    McKesson avers that the allegations in Paragraph 587 are not directed to McKesson and therefore do not require a response.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 587 and, on that basis, denies those allegations.

588.    McKesson avers that the allegations in Paragraph 588 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 588 and, on that basis, denies those allegations.

589.    McKesson denies the allegations of Paragraph 589 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 589 and, on that basis, denies those allegations.

590.    McKesson avers that the allegations in Paragraph 590 state legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that pharmacies are subject to the provisions of the Controlled Substances Act and related regulations but otherwise denies the allegations insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 590 and, on that basis, denies them.

591.    McKesson avers that the allegations in Paragraph 591 state legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that pharmacies are subject to the provisions of the Controlled Substances Act and related regulations but otherwise denies the allegations insofar as they relate to McKesson.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 591 and, on that basis, denies them.

592-635.    McKesson avers that the allegations in Paragraphs 592 to 635 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 592 to 635 and, on that basis, denies those allegations.

636.    McKesson admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 636 and, on that basis, denies those allegations.

637.    McKesson admits that in some circumstances, prescriptions written in one state may be filled in a different state.  McKesson further admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 637 and, on that basis, denies them.

638.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 638 and, on that basis, denies those allegations.

639.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 639 and, on that basis, denies those allegations.

640.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 640 and, on that basis, denies those allegations.

641.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 641 and, on that basis, denies those allegations.

642.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 642 and, on that basis, denies those allegations.

643.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 643 and, on that basis, denies those allegations.

644.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 644 and, on that basis, denies those allegations.

645.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 645 and, on that basis, denies those allegations.

646.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646 and, on that basis, denies those allegations.

647.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 647 and, on that basis, denies those allegations.

648.    McKesson denies the allegations of Paragraph 648 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 648 and, on that basis, denies those allegations.

649.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 649 and, on that basis, denies those allegations.

650.    McKesson denies the allegations of Paragraph 650 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 650 and, on that basis, denies those allegations.

651.    McKesson admits that McKesson distributed opioids in Montana. McKesson denies the remaining allegations of Paragraph 651 insofar as they relate to McKesson.

McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 651 and, on that basis, denies those allegations.

652.   McKesson admits that McKesson is registered with the Montana Board of Pharmacy to distribute controlled substances.  McKesson avers that the remaining allegations in Paragraph 652 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the remaining allegations in Paragraph 652 and respectfully refers this Court to the cited authorities for the full and correct contents of the same.

653.   McKesson admits that McKesson is registered with the Montana Board of Pharmacy to distribute controlled substances.  McKesson avers that the remaining allegations in Paragraph 653 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the remaining allegations in Paragraph 653 and respectfully refers this Court to the cited authorities for the full and correct contents of the same.

654.   McKesson denies the allegations of Paragraph 654 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 654 and, on that basis, denies those allegations.

655.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 655 and, on that basis, denies those allegations.

656.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 656 and, on that basis, denies those allegations.

657.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 657 and, on that basis, denies those allegations.

658.     McKesson avers that the allegations in Paragraph 658 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 658 and, on that basis, denies those allegations.

659.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 659 and, on that basis, denies those allegations.

660.     McKesson denies the allegations of Paragraph 660 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 660 and, on that basis, denies those allegations.

661.     McKesson denies the allegations in Paragraph 661 insofar as they pertain to McKesson's conduct.  McKesson admits that the U.S. Surgeon General used the words attributed to him in Paragraph 661 but denies the characterization of his statement in Paragraph 661 and respectfully refers the Court to the cited document for its full and correct contents. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 661 and, on that basis, denies those allegations.

662.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662 and, on that basis, denies those allegations.

663.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 663 and, on that basis, denies those allegations.

664.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 664 and, on that basis, denies those allegations.

665.    McKesson denies the allegations in Paragraph 665 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 665 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 665 and, on that basis, denies them.

666.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 666 and, on that basis, denies those allegations.

667.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667 and, on that basis, denies those allegations.

668.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 and, on that basis, denies those allegations.

669.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 669 and, on that basis, denies those allegations.

670.    McKesson denies the allegations of Paragraph 670 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 670 and, on that basis, denies those allegations.

671.    McKesson denies the allegations of Paragraph 671 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 671 and, on that basis, denies those allegations.

672.    McKesson denies the allegations of Paragraph 672 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 672 and, on that basis, denies those allegations.

673. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 673 and, on that basis, denies those allegations.

674. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 674 and, on that basis, denies those allegations.

675. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 675 and, on that basis, denies those allegations.

676. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 676 and, on that basis, denies those allegations.

677. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 677 and, on that basis, denies those allegations.

678. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 678 and, on that basis, denies those allegations.

679. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 679 and, on that basis, denies those allegations.

680. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 680 and, on that basis, denies those allegations.

681. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 681 and, on that basis, denies those allegations.

682. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 682 and, on that basis, denies those allegations.

683.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 683 and, on that basis, denies those allegations.

684.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 684 and, on that basis, denies those allegations.

685.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 685 and, on that basis, denies those allegations.

686.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 686 and, on that basis, denies those allegations.

687.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 687 and, on that basis, denies those allegations.

688.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 688 and, on that basis, denies those allegations.

689.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 689 and, on that basis, denies those allegations.

690.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 690 and, on that basis, denies those allegations.

691.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 691 and, on that basis, denies those allegations.

692.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 692 and, on that basis, denies those allegations.

693.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 693 and, on that basis, denies those allegations.

694.    McKesson denies the allegations of Paragraph 694 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 694 and, on that basis, denies those allegations.

695.    McKesson admits that the Complaint defines "Blackfeet Geographic Region" or "Plaintiff's Community" as described in Paragraph 695, but denies that Plaintiff's definitions accurately state the reservation boundaries of the Blackfeet Tribe.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 695 and, on that basis, denies those allegations.

696.    McKesson denies the allegations of Paragraph 696 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 696 and, on that basis, denies those allegations.

697.    McKesson denies the allegations of Paragraph 697 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 697 and, on that basis, denies those allegations.

698.    McKesson denies the allegations of Paragraph 698 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 698 and, on that basis, denies those allegations.

699.    McKesson denies the allegations of Paragraph 699 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 699 and, on that basis, denies those allegations.

700.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 700 and, on that basis, denies those allegations.

701-713.        McKesson avers that the allegations in Paragraphs 701 through 713 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 701 through 713 and, on that basis, denies those allegations.

714.    McKesson denies the allegations of Paragraph 714 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 714 and, on that basis, denies those allegations.

715.    McKesson denies the allegations of Paragraph 715 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 715 and, on that basis, denies those allegations.

716.    McKesson denies the allegations of Paragraph 716 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 716 and, on that basis, denies those allegations.

717.    McKesson denies the allegations of Paragraph 717 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 717 and, on that basis, denies those allegations.

718.    McKesson denies the allegations of Paragraph 718 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 718 and, on that basis, denies those allegations.

719.    McKesson denies the allegations of Paragraph 719 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 719 and, on that basis, denies those allegations.

720.    McKesson denies the allegations of Paragraph 720 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 720 and, on that basis, denies those allegations.

721.    McKesson denies the allegations of Paragraph 721 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 721 and, on that basis, denies those allegations.

722.    McKesson avers that the allegations of Paragraph 722 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 722 insofar as they are directed to McKesson, and specifically denies that Blackfeet tribal law applies to McKesson.  McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to other Defendants and, on that basis, denies them.

723.    McKesson avers that the allegations of Paragraph 723 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 723 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to other Defendants and, on that basis, denies them.

724.    McKesson denies the allegations of Paragraph 724 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 724 and, on that basis, denies those allegations.

725.    McKesson avers that the allegations in Paragraph 725 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 725 and, on that basis, denies those allegations.

726.    McKesson denies the allegations of Paragraph 726 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 726 and, on that basis, denies those allegations.

727.    McKesson denies the allegations of Paragraph 727 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 727 and, on that basis, denies those allegations.

728.    McKesson avers that the allegations in Paragraph 728 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 728 and, on that basis, denies those allegations.

729.    McKesson admits that this Court ordered the production of ARCOS data and admits that Paragraph 729 contains an edited excerpt from the order in question.  McKesson denies the remainder of the allegations in Paragraph 729.

730.    McKesson denies the allegations of Paragraph 730 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 730 and, on that basis, denies those allegations.

731.    McKesson denies the allegations of Paragraph 731 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 731 and, on that basis, denies those allegations.

732.    McKesson denies the allegations of Paragraph 732 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 732 and, on that basis, denies those allegations.

733.    McKesson denies the allegations of Paragraph 733 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 733 and, on that basis, denies those allegations.

734.    McKesson denies the allegations of Paragraph 734 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 734 and, on that basis, denies those allegations.

735.    McKesson denies the allegations of Paragraph 735 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 735 and, on that basis, denies those allegations.

736.    McKesson avers that the allegations in Paragraph 736 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 736 and, on that basis, denies those allegations.

737.    McKesson avers that the allegations in Paragraph 737 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 737 and, on that basis, denies those allegations.

738.    McKesson avers that the allegations in Paragraph 738 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 738 and, on that basis, denies those allegations.

739.    McKesson avers that the allegations in Paragraph 739 are not directed to McKesson and therefore no response is required.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 739 and, on that basis, denies those allegations.

740.    McKesson avers that the allegations in Paragraph 740 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 740 and, on that basis, denies those allegations.

741.    McKesson avers that the allegations in Paragraph 741 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 741 and, on that basis, denies those allegations.

742.    McKesson avers that the allegations in Paragraph 742 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 742 and, on that basis, denies those allegations.

743.    McKesson avers that the allegations in Paragraph 743 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 743 and, on that basis, denies those allegations.

744.    McKesson avers that the allegations in Paragraph 744 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 744 and, on that basis, denies those allegations.

745.    McKesson avers that the allegations in Paragraph 745 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 745 and, on that basis, denies those allegations.

746.    McKesson avers that the allegations in Paragraph 746 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 746 and, on that basis, denies those allegations.

747.    McKesson denies the allegations of Paragraph 747 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 747 and, on that basis, denies those allegations.

748.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 748 and, on that basis, denies those allegations.  To the extent these allegations are construed as allegations against McKesson, McKesson denies them.

749.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 749 and, on that basis, denies those allegations.  To the extent these allegations are construed as allegations against McKesson, McKesson denies them.

750.    McKesson denies the allegations of Paragraph 750 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 750 and, on that basis, denies those allegations.

751.    McKesson denies the allegations in the first sentence of Paragraph 751. McKesson admits it entered a 2008 agreement with the Department of Justice and Drug Enforcement Administration, which speaks for itself.  McKesson denies the remaining allegations of Paragraph 751, including Plaintiff's characterization of the agreement.

752.    McKesson denies the allegations of Paragraph 752.

753.    McKesson admits that it entered into a 2017 settlement agreement with the Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims. McKesson denies the remaining allegations of Paragraph 753, including Plaintiff's characterization of the agreement.

754.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 754 and, on that basis, denies those allegations.

755.    McKesson admits that CBS aired an episode of 60 Minutes including an interview with Mr. Schiller.  McKesson denies the remaining allegations of Paragraph 755.

756.    McKesson admits that an action was brought by McKesson shareholders alleging that McKesson directors and officers failed comply with their fiduciary obligations to maintain effective controls in the distribution of controlled substances.  McKesson denies the characterization of the shareholders' allegations, and respectfully refers this Court to the complaints filed in that action for their full and correct contents.  McKesson denies the remaining allegations of Paragraph 756.

757.    McKesson denies the allegations of Paragraph 757.

758.    McKesson avers that the allegations in Paragraph 758 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 758 and, on that basis, denies those allegations.

759.    McKesson avers that the allegations in Paragraph 759 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 759 and, on that basis, denies those allegations.

760.    McKesson avers that the allegations in Paragraph 760 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 760 and, on that basis, denies those allegations.

761.    McKesson avers that the allegations in Paragraph 761 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 761 and, on that basis, denies those allegations.

762.    McKesson avers that the allegations in Paragraph 762 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 762 and, on that basis, denies those allegations.

763.    McKesson denies the allegations of Paragraph 763 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 763 and, on that basis, denies those allegations.

764-798.    McKesson avers that the allegations in Paragraphs 764 through 798 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 764 through 798 and, on that basis, denies those allegations.

799.    McKesson denies the allegations of Paragraph 799 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 799 and, on that basis, denies those allegations.

800.    McKesson admits that the Controlled Substances Act was enacted by Congress and governs the distribution of controlled substances, but denies the characterization of the statute as set forth in Paragraph 800.  McKesson denies the allegations of the last sentence of Paragraph 800 insofar as it relates to McKesson's conduct.  Insofar as that sentence relates to the conduct of other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them. McKesson denies the remaining allegations of Paragraph 800.

801.    McKesson avers that the allegations in Paragraph 801 are legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that the quoted language appears in the cited regulation but otherwise denies the remaining allegations of Paragraph 801, including Plaintiff's characterizations of McKesson's

legal duties, and respectfully refers the Court to the cited regulation for its full and correct contents.

802.     McKesson avers that the allegations in the third sentence of Paragraph 802 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies them.  As to the remaining allegations of Paragraph 802, McKesson denies them insofar as they pertain to McKesson's conduct.  Insofar as they pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

803.     McKesson denies the allegations of Paragraph 803 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 803 and, on that basis, denies those allegations.

804.     McKesson denies the allegations of Paragraph 804 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 804 and, on that basis, denies those allegations.

805.     McKesson denies the allegations of Paragraph 805 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 805 and, on that basis, denies those allegations.

806.     McKesson denies the allegations of Paragraph 806 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 806 and, on that basis, denies those allegations.

807.    McKesson denies the allegations of Paragraph 807 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 807 and, on that basis, denies those allegations.

808.    McKesson avers that the allegations in Paragraph 808 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations, including the Plaintiff's characterization of McKesson's legal duties.

809.    McKesson denies the allegations of Paragraph 809 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 809 and, on that basis, denies those allegations.

810.    McKesson denies the allegations of Paragraph 810 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 810 and, on that basis, denies those allegations.

811.    McKesson denies the allegations of Paragraph 811 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 811 and, on that basis, denies those allegations.

812.    McKesson denies the allegations of Paragraph 812 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 812 and, on that basis, denies those allegations.

813.    McKesson denies the allegations in Paragraph 813 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 813 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

814.    McKesson denies the allegations in Paragraph 814 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 814 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

815.    McKesson admits that McKesson shipped, paid for, and received payment for medications throughout the United States.  McKesson denies the remainder of the allegations in Paragraph 815 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 815 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

816.    McKesson denies the allegations in Paragraph 816 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 816 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

817.    McKesson denies the allegations in Paragraph 817 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 817 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

818.     McKesson admits that McKesson utilized the internet and other electronic resources to exchange communications, information regarding distribution of prescription medication, and transmit chargebacks and rebates with Manufacturers.  McKesson denies the remaining allegations of Paragraph 818 insofar as they pertain to McKesson.  McKesson further denies any implication that the communications in question constituted predicate acts for purposes of RICO or were otherwise unlawful.  To the extent the allegations of Paragraph 818 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

819.     McKesson admits that McKesson communicated with certain Defendants via U.S. mail, interstate facsimile, and by interstate electronic mail.  McKesson denies the allegation of Paragraph 819 that the communications were in furtherance of an unlawful scheme or were otherwise unlawful.  McKesson denies the remaining allegations of Paragraph 819 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 819 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

820.     McKesson denies the allegations in Paragraph 820 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 820 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

821.     McKesson denies the allegations in Paragraph 821 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 821 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

822.    McKesson denies the allegations in Paragraph 822 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 822 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

823.    McKesson denies the allegations in Paragraph 823 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 823 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

824.    McKesson denies the allegations in Paragraph 824 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 824 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

825.    McKesson denies the allegations in Paragraph 825 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 825 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

826.    McKesson denies the allegations in Paragraph 826 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 826 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

827.    McKesson denies the allegations in Paragraph 827 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 827 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## ANSWERING THE FIRST CLAIM FOR RELIEF

828.     In response to Paragraph 828, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

829-854.     McKesson avers that the allegations in Paragraphs 829 through 854 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 829 through 854 and, on that basis, denies those allegations.

855.     McKesson denies the allegations of Paragraph 855, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE SECOND CLAIM FOR RELIEF

856.     In response to Paragraph 856, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

857.     McKesson avers that Paragraph 857 states legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that McKesson is a "person" under the cited statute and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 857 and, on that basis, denies them.  McKesson further denies any implication that McKesson acted unlawfully.

858.     McKesson denies the allegations of Paragraph 858.

859.     McKesson admits that it is a member of the Healthcare Distribution Alliance.  McKesson otherwise denies the allegations of Paragraph 859 insofar as they pertain to

McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 859 and, on that basis, denies them.

860.    McKesson denies the allegations of Paragraph 860 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 860 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

861.    McKesson denies the allegations of Paragraph 861 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 861 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

862.    McKesson denies the allegations of Paragraph 862 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 862 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

863.    McKesson denies the allegations of Paragraph 863 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 863 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

864.    McKesson denies the allegations of the first sentence of Paragraph 864 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in that sentence and, on that basis, denies them.  McKesson avers that the second and third sentences of Paragraph 864 state legal conclusions to which no response is required.  To the extent a response is required,

McKesson denies the allegations and respectfully refers this Court to the cited statutes for their full and correct texts.

865.    McKesson admits that it is a registrant as defined in the CSA.  McKesson avers that the remaining allegations of Paragraph 865 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statute and regulation for their full and correct contents.

866.    McKesson denies the allegations in Paragraph 866 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 866 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

867.    McKesson denies the allegations in Paragraph 867 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 867 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

868.    McKesson denies the allegations in Paragraph 868 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 868 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

869.    McKesson denies the allegations in Paragraph 869 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 869 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

870.    McKesson denies the allegations in Paragraph 870 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 870 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

871.    McKesson denies the allegations in Paragraph 871 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 871 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

872.    McKesson denies the allegations in Paragraph 872 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 872 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

873.    McKesson denies the allegations in Paragraph 873 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 873 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

874.    McKesson denies the allegations in Paragraph 874 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 874 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

875.    McKesson denies the allegations in Paragraph 875 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 875 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

876.    McKesson denies the allegations in Paragraph 876 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 876 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

877.    McKesson denies the allegations in Paragraph 877 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 877 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

878.    McKesson denies the allegations in Paragraph 878 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 878 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

879.    McKesson denies the allegations in Paragraph 879 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 879 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

880.    McKesson denies the allegations in Paragraph 880 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 880 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

881.    McKesson denies the allegations in Paragraph 881 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 881 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

882.    McKesson denies the allegations in Paragraph 882 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 882 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

883.    McKesson denies the allegations in Paragraph 883.

884.    McKesson denies the allegations in Paragraph 884 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 884 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

885.    McKesson denies the allegations in Paragraph 885 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 885 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

886.    McKesson denies the allegations in Paragraph 886.

887.    McKesson denies the allegations of Paragraph 887, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE THIRD CLAIM FOR RELIEF

888.    In response to Paragraph 888, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

889.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 889 is required.  To the extent a response is required, McKesson denies the allegations.

890.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 890 is required.  To the extent a response is required, McKesson denies the allegations.

891.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 891 is required.  To the extent a response is required, McKesson denies the allegations.

892.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 892 is required.  To the extent a response is required, McKesson denies the allegations.

893.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 893 is required.  To the extent a response is required, McKesson denies the allegations.

894.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 894 is required.  To the extent a response is required, McKesson denies the allegations.

895.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 895 is required.  To the extent a response is required, McKesson denies the allegations.

896.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of

the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 896 is required.  To the extent a response is required,

McKesson denies the allegations.

897.    Plaintiff's federal common law public nuisance claim was dismissed by

this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680

(adopting the Report and Recommendation of the magistrate judge recommending dismissal of

the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 897 is required.  To the extent a response is required,

McKesson denies the allegations.

898.    Plaintiff's federal common law public nuisance claim was dismissed by

this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680

(adopting the Report and Recommendation of the magistrate judge recommending dismissal of

the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 898 is required.  To the extent a response is required,

McKesson denies the allegations.

899.    Plaintiff's federal common law public nuisance claim was dismissed by

this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680

(adopting the Report and Recommendation of the magistrate judge recommending dismissal of

the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 899 is required.  To the extent a response is required,

McKesson denies the allegations.

900.    Plaintiff's federal common law public nuisance claim was dismissed by

this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680

(adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 900 is required.  To the extent a response is required, McKesson denies the allegations.

901.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 901 is required.  To the extent a response is required, McKesson denies the allegations.

902.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 902 is required.  To the extent a response is required, McKesson denies the allegations.

903.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 903 is required.  To the extent a response is required, McKesson denies the allegations.

904.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 904 is required.  To the extent a response is required, McKesson denies the allegations.

905.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 905 is required.  To the extent a response is required, McKesson denies the allegations.

906.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 906 is required.  To the extent a response is required, McKesson denies the allegations.

907.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no

response to the allegations of Paragraph 907 is required.  To the extent a response is required, McKesson denies the allegations.

908.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 908 is required.  To the extent a response is required, McKesson denies the allegations.

909.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 909 is required.  To the extent a response is required, McKesson denies the allegations.

910.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 910 is required.  To the extent a response is required, McKesson denies the allegations.

911.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of

the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 911 is required.  To the extent a response is required, McKesson denies the allegations.

912.    Plaintiff's federal common law public nuisance claim was dismissed by this Court in its Order dated June 13, 2019.  See No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the federal common law public nuisance claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 912 is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 912, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

913.    McKesson avers that the allegations of Paragraph 913 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 913 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 913 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

914.    In response to Paragraph 914, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

915.    McKesson avers that the allegations of Paragraph 915 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 915 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

916.    McKesson avers that the allegations of Paragraph 916 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 916.

917.    McKesson denies the allegations of Paragraph 917 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 917 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

918.    McKesson avers that the allegations of Paragraph 918 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 918 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

919.    McKesson avers that the allegations of Paragraph 919 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 919.

920.    McKesson avers that Paragraph 920 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

921.    McKesson avers that Paragraph 921 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

922.    McKesson denies the allegations of Paragraph 922 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 922 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

923.    McKesson avers that the allegations of Paragraph 923 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 923 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

924.    McKesson avers that the allegations of Paragraph 924 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 924 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 924 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

925.    McKesson denies the allegations of Paragraph 925 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 925 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

926.    McKesson avers that the allegations of Paragraph 926 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 926 insofar as they pertain to McKesson and respectfully refers this Court to the referenced authority for its full and correct contents.  To the extent the allegations of Paragraph 926 relate to other Defendants, McKesson is without

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

927.    McKesson avers that the allegations of Paragraph 927 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 927 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 927 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

928.    McKesson avers that the allegations of Paragraph 928 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 928 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 928 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

929.    McKesson avers that the allegations of Paragraph 929 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 929 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 929 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

930.    McKesson avers that the allegations of Paragraph 930 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 930 insofar as they pertain to McKesson.  To the

extent the allegations of Paragraph 930 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

931.    McKesson avers that the allegations of Paragraph 931 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 931 insofar as they pertain to McKesson, and respectfully refers the Court to the referenced authorities for their full and correct contents.  To the extent the allegations of Paragraph 931 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

932.    McKesson avers that the allegations of Paragraph 932 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 932 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 932 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

933.    McKesson avers that the allegations of Paragraph 933 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 933 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 933 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

934.    McKesson avers that the allegations of Paragraph 934 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 934 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 934 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

935.    McKesson denies the allegations of Paragraph 935 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 935 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

936.    McKesson denies the allegations of Paragraph 936 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 936 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

937.    McKesson denies the allegations of Paragraph 937 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 937 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

938.    McKesson admits that it operates as a distributor of pharmaceutical products, including prescription drugs.  McKesson denies the remaining allegations of Paragraph 938 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the allegations not pertaining to McKesson and, on that basis, denies them.

939.     McKesson denies the allegations of Paragraph 939 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 939 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

940.     McKesson denies the allegations of Paragraph 940 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 940 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

941.     McKesson denies the allegations of Paragraph 941 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 941 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

942.     McKesson denies the allegations of Paragraph 942 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 942 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

943.     McKesson denies the allegations of Paragraph 943 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 943 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

944.     McKesson denies the allegations of Paragraph 944 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 944 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

945.    McKesson denies the allegations of Paragraph 945 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 945 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

946.    McKesson denies the allegations of Paragraph 946 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 946 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

947.    McKesson denies the allegations of Paragraph 947 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 947 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

948.    McKesson denies the allegations of Paragraph 948 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 948 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

949.    McKesson denies the allegations of Paragraph 949 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 949 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

950.    McKesson denies the allegations of Paragraph 950 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 950 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

951.    McKesson denies the allegations of Paragraph 951.

952.    McKesson denies the allegations of Paragraph 952.

953.    McKesson denies the allegations of Paragraph 953.

954.    McKesson avers that the allegations of Paragraph 954 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 954.

955.    McKesson avers that the allegations of Paragraph 955 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 955 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 955 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

956.    McKesson denies the allegations of Paragraph 956 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 956 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

957.    McKesson denies the allegations of Paragraph 957 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 957 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

958.    McKesson denies the allegations of Paragraph 958 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 958 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

959.    McKesson denies the allegations of Paragraph 959 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 959 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

960.    McKesson denies the allegations of Paragraph 960, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

961.    McKesson avers that the allegations of Paragraph 961 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 961.

962.    In response to Paragraph 962, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

963.    McKesson avers that Paragraph 963 states legal conclusions to which no response is required and respectfully refers this Court to the cited authority for its full and correct text.  To the extent a response is required, McKesson denies the allegations of Paragraph 963.

964.    McKesson avers that Paragraph 964 states legal conclusions to which no response is required and respectfully refers this Court to the cited authority for its full and correct text.  To the extent a response is required, McKesson denies the allegations of Paragraph 964.

965.    McKesson avers that Paragraph 965 states legal conclusions to which no response is required and respectfully refers this Court to the cited authority for its full and correct text.  To the extent a response is required, McKesson denies the allegations of Paragraph 965.

966.    McKesson admits that Plaintiff brought this lawsuit but denies the remaining allegations as they pertain to McKesson.  To the extent the allegations of Paragraph 966 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

967.    McKesson denies the allegations of Paragraph 967 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 967 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

968.    McKesson avers that the allegations of Paragraph 968 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 968 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 968 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

969.    McKesson denies the allegations of Paragraph 969 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 969 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

970.    McKesson denies the allegations of Paragraph 970 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 970 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

971.    McKesson denies the allegations of Paragraph 971.

972.    McKesson denies the allegations of Paragraph 972 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 972 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

973.    McKesson denies the allegations of Paragraph 973, including any allegation or implication that Plaintiff is entitled to any relief.

974.    McKesson denies the allegations of Paragraph 974, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

975.    In response to Paragraph 975, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

976.    McKesson denies the allegations of Paragraph 976 as they pertain to McKesson, including any allegation or implication that Plaintiff is entitled to any relief.  To the extent the allegations of Paragraph 976 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

977.    McKesson avers that Paragraph 977 states legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 977 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 977 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

91

978.    McKesson avers that the allegations of Paragraph 978 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 978.

979.    McKesson avers that Paragraph 979 states legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 979.

980.    McKesson avers that the allegations of Paragraph 980 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 980.

981.    McKesson avers that Paragraph 981 states legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 981 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 981 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

982.    McKesson avers that the allegations of Paragraph 982 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 982.

983.    McKesson denies the first sentence of Paragraph 983 insofar as it pertains to McKesson.  To the extent the first sentence of Paragraph 983 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  McKesson denies the second sentence of Paragraph 983.

984.    McKesson avers that to the extent that allegations in Paragraph 984 are not directed to McKesson, they do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 984 and, on that basis, denies those allegations.

985.    McKesson denies the allegations of Paragraph 985 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 985 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

986.    McKesson denies the allegations of Paragraph 986 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 986 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

987.    McKesson avers that the allegations of Paragraph 987 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 987 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 987 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

988.    McKesson denies the allegations of Paragraph 988 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 988 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

989.    McKesson avers that the allegations in Paragraph 989 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

990.    McKesson avers that the allegations in Paragraph 990 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

991.    McKesson avers that the allegations in Paragraph 991 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

992.    McKesson denies the allegations of Paragraph 992 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 992 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

993.    McKesson denies the allegations of Paragraph 993 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 993 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

994.    McKesson denies the allegations of Paragraph 994 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 994 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

995.    McKesson denies the allegations of Paragraph 995 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 995 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

996.    McKesson avers that the allegations of Paragraph 996 state legal conclusions and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 996.

997.    McKesson denies the allegations of Paragraph 997 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 997 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

998.    McKesson denies the allegations of Paragraph 998 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 998 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

999.    McKesson denies the allegations of Paragraph 999 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 999 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1000.   McKesson denies the allegations of Paragraph 1000 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1000 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1001.    McKesson denies the allegations of Paragraph 1001 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1001 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1002.    McKesson denies the allegations of Paragraph 1002 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1002 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1003.    McKesson admits that McKesson is in the business of distributing prescription drugs, including opioids.  McKesson denies the remainder of the allegations of Paragraph 1003 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1003 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1004.    McKesson admits that it distributes prescription pharmaceuticals, including legal Schedule II controlled substances.  McKesson otherwise denies the allegations of Paragraph 1004 insofar as they pertain to the conduct of McKesson. To the extent the allegations of Paragraph 1004 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

1005.    McKesson denies the first sentence of Paragraph 1005.  McKesson denies the remainder of the allegations of Paragraph 1005 insofar as they pertain to McKesson.  To the

extent the allegations of Paragraph 1005 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1006.   McKesson denies the allegations in Paragraph 1006 insofar as they pertain to McKesson.  To the extent the allegations in Paragraph 1006 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1007.   McKesson avers that the allegations of Paragraph 1007 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1007 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1008.   McKesson avers that the allegations of Paragraph 1008 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1008.

1009.   McKesson avers that the allegations of Paragraph 1009 state legal conclusions to which no response is required and respectfully refers this Court to the cited authority for their full and correct contents.  To the extent a response is required, McKesson denies the allegations of Paragraph 1009 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1010.   McKesson avers that the allegations of Paragraph 1010 state legal conclusions to which no response is required and respectfully refers this Court to the cited

authorities for their full and correct contents.  To the extent a response is required, McKesson denies the allegations of Paragraph 1010.

1011.   McKesson avers that the allegations of Paragraph 1011 state legal conclusions to which no response is required and respectfully refers this Court to the cited authorities for their full and correct contents.  To the extent a response is required, McKesson denies the allegations of Paragraph 1011 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1012.   McKesson admits that McKesson was required to register with the DEA to distribute controlled substances, but otherwise denies the allegations in the first sentence of Paragraph 1012 as they pertain to McKesson.  Insofar as the first sentence of Paragraph 1012 relates to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to those allegations and, on that basis, denies them.  McKesson avers that the second sentence of Paragraph 1012 states legal conclusions to which no response is required; to the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statute and regulation for the full and correct contents of the same.

1013.   McKesson avers that the allegations of Paragraph 1013 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1013 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1014.   McKesson avers that the allegations of Paragraph 1014 state legal conclusions to which no response is required.  To the extent a response is required, McKesson

98

denies the allegations of Paragraph 1014 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1015.   McKesson avers that the allegations of Paragraph 1015 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1015.

1016.   McKesson avers that the allegations of Paragraph 1016 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1016 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1017.   McKesson avers that the allegations of Paragraph 1017 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1017 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1018.   McKesson avers that the allegations of Paragraph 1018 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1018 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1019.   McKesson avers that the allegations of Paragraph 1019 state legal conclusions to which no response is required.  To the extent a response is required, McKesson

denies the allegations of Paragraph 1019 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1020.   McKesson avers that the allegations of Paragraph 1020 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1020 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1021.   McKesson avers that the allegations of Paragraph 1021 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1021 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1022.   McKesson avers that the allegations of Paragraph 1022 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1022 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1023.   McKesson avers that the allegations of Paragraph 1023 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1023 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1024.   McKesson avers that the allegations of Paragraph 1024 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1024 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1025.   McKesson avers that the allegations of Paragraph 1025 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1025 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1026.   McKesson avers that the allegations of Paragraph 1026 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1026 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1027.   McKesson avers that the allegations of Paragraph 1027 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1027 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1028.   McKesson avers that the allegations of Paragraph 1028 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1028 insofar as they pertain to McKesson; insofar as they

relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1029.   McKesson avers that the allegations of Paragraph 1029 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1029 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1030.   McKesson avers that the allegations of Paragraph 1030 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1030.

1031.   McKesson denies the allegations of Paragraph 1031 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1031 pertaining to other Defendants and, on that basis, denies those allegations.

1032.   McKesson denies the allegations of Paragraph 1032 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1032 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1033.   McKesson denies the allegations of Paragraph 1033 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1033 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1034.   McKesson denies the allegations of Paragraph 1034.

1035.   McKesson denies the allegations of Paragraph 1035 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1035 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1036.   McKesson denies the allegations of Paragraph 1036 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1036 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1037.   McKesson avers that the allegations of Paragraph 1037 state legal conclusions to which no response is required and respectfully refers this Court to the cited authority for its full and correct contents.  To the extent a response is required, McKesson denies the allegations of Paragraph 1037.

1038.   McKesson avers that the allegations in Paragraph 1038 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1038 and, on that basis, denies those allegations.

1039.   McKesson denies the allegations of Paragraph 1039 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1039 and, on that basis, denies those allegations.

1040.   McKesson denies the allegations of Paragraph 1040 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 1040 and, on that basis, denies those allegations.

1041.   McKesson avers that the allegations of Paragraph 1041 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1041 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1042.   McKesson denies the allegations of Paragraph 1042 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1042 and, on that basis, denies those allegations.

1043.   McKesson denies the allegations of Paragraph 1043 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1043 and, on that basis, denies those allegations.

1044.   McKesson denies the allegations of Paragraph 1044 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1044 and, on that basis, denies those allegations.

1045.   McKesson avers that the allegations of Paragraph 1045 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1045 insofar as they pertain to McKesson; insofar as they

relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1046.   McKesson denies the allegations of Paragraph 1046 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1046 and, on that basis, denies those allegations.

1047.   McKesson denies the allegations of Paragraph 1047 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1047 and, on that basis, denies those allegations.

1048.   McKesson denies the allegations of Paragraph 1048 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1048 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1049.   McKesson denies the allegations of Paragraph 1049, including any allegation or implication that Plaintiff is entitled to any relief.

1050.   McKesson denies the allegations of Paragraph 1050, including any allegation or implication that Plaintiff is entitled to any relief.

<u>**ANSWERING THE SEVENTH CLAIM FOR RELIEF**</u>

1051.   In response to Paragraph 1051, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1052.   McKesson denies the allegations of Paragraph 1052 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1052 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1053.   McKesson avers that the allegations in Paragraph 1053 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1053 and, on that basis, denies those allegations.

1054.   McKesson avers that the allegations in Paragraph 1054 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1054 and, on that basis, denies those allegations.

1055.   McKesson avers that the allegations in Paragraph 1055 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1055 and, on that basis, denies those allegations.

1056.   McKesson avers that the allegations in Paragraph 1056 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1056 and, on that basis, denies those allegations.

1057.   McKesson avers that the allegations in Paragraph 1057 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1057 and, on that basis, denies those allegations.

1058.   McKesson avers that the allegations in Paragraph 1058 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1058 and, on that basis, denies those allegations.

1059.   McKesson avers that the allegations in Paragraph 1059 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1059 and, on that basis, denies those allegations.

1060.   McKesson avers that the allegations in Paragraph 1060 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1060 and, on that basis, denies those allegations.

1061.   McKesson avers that the allegations in Paragraph 1061 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1061 and, on that basis, denies those allegations.

1062.   McKesson avers that the allegations in Paragraph 1062 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1062 and, on that basis, denies those allegations.

1063.   McKesson avers that the allegations in Paragraph 1063 are not directed to McKesson and therefore no response is required.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1063 and, on that basis, denies those allegations.

1064.   McKesson denies the allegations of Paragraph 1064 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1064 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1065.   McKesson denies the allegations of Paragraph 1065 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1065 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1066.   McKesson denies the allegations of Paragraph 1066 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1066 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1067.   McKesson denies the allegations of Paragraph 1067 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1067 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1068.   McKesson denies the allegations of Paragraph 1068 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1068 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1069.   McKesson denies the allegations of Paragraph 1069, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

1070.   In response to Paragraph 1070, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1071.   McKesson denies the allegations of Paragraph 1071 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1071 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1072.   McKesson denies the allegations of Paragraph 1072 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1072 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1073.   McKesson avers that Paragraph 1073 states legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1073.

1074.   McKesson denies the allegations of Paragraph 1074 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1074 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1075.   McKesson denies the allegations of Paragraph 1075 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1075 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1076.   McKesson denies the allegations of Paragraph 1076 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1076 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1077.   McKesson denies the allegations of Paragraph 1077 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1077 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1078.   McKesson denies the allegations of Paragraph 1078 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1078 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1079.   McKesson denies the allegations of Paragraph 1079 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1079 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1080.   McKesson denies the allegations of Paragraph 1080 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1080 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1081.   McKesson denies the allegations of Paragraph 1081 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1081 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1082.   McKesson denies the allegations of Paragraph 1082 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1082 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1083.   McKesson denies the allegations of Paragraph 1083 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1083 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1084.   McKesson denies the allegations of Paragraph 1084 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1084 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1085.   McKesson denies the allegations of Paragraph 1085.

1086.   McKesson denies the allegations of Paragraph 1086, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE NINTH CLAIM FOR RELIEF

1087.   In response to Paragraph 1087, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1088.   McKesson denies the allegations of Paragraph 1088 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1088 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

111

1089.   McKesson denies the allegations of Paragraph 1089 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1089 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1090.   McKesson avers that the allegations in Paragraph 1090 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1090 and, on that basis, denies those allegations.

1091.   McKesson denies the allegations of Paragraph 1091 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1091 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1092.   McKesson avers that the allegations in Paragraph 1092 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1092 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1092 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1093.   McKesson denies the allegations of Paragraph 1093 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1093 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1094.   McKesson avers that the allegations in Paragraph 1094 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1094 and, on that basis, denies those allegations.

1095.   McKesson denies the allegations of Paragraph 1095 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1095 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1096.   McKesson denies the allegations of Paragraph 1096 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1096 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1097.   McKesson denies the allegations of Paragraph 1097 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1097 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1098.   McKesson denies the allegations of Paragraph 1098 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1098 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1099.   McKesson denies the allegations of Paragraph 1099 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1099 relate to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1100.   McKesson denies the allegations of Paragraph 1100 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1100 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1101.   McKesson denies the allegations of Paragraph 1101 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1101 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1102.   McKesson denies the allegations of Paragraph 1102 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1102 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1103.   McKesson denies the allegations of Paragraph 1103.

1104.   McKesson denies the allegations of Paragraph 1104.

1105.   McKesson denies the allegations of Paragraph 1105 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1105 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1106.   McKesson denies the allegations of Paragraph 1106, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE TENTH CLAIM FOR RELIEF

1107.  In response to Paragraph 1107, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1108.  Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1108 is required.  To the extent a response is required, McKesson denies the allegations.

1109.  Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1109 is required.  To the extent a response is required, McKesson denies the allegations.

1110.  Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1110 is required.  To the extent a response is required, McKesson denies the allegations.

1111.  Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the

Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1111 is required.  To the extent a response is required, McKesson denies the allegations.

1112.   Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1112 is required.  To the extent a response is required, McKesson denies the allegations.

1113.   Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1113 is required.  To the extent a response is required, McKesson denies the allegations.

1114.   Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1114 is required.  To the extent a response is required, McKesson denies the allegations.

1115.   Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting

the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim). Consequently, McKesson avers that no response to the allegations of Paragraph 1115 is required. To the extent a response is required, McKesson denies the allegations.

1116. Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019. *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim). Consequently, McKesson avers that no response to the allegations of Paragraph 1116 is required. To the extent a response is required, McKesson denies the allegations.

1117. Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019. *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim). Consequently, McKesson avers that no response to the allegations of Paragraph 1117 is required. To the extent a response is required, McKesson denies the allegations.

1118. Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019. *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim). Consequently, McKesson avers that no response to the allegations of Paragraph 1118 is required. To the extent a response is required, McKesson denies the allegations.

1119.   Plaintiff's Montana Consumer Protection Act claim was dismissed by this Court in its Order dated June 13, 2019.  *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Montana Consumer Protection Act claim).  Consequently, McKesson avers that no response to the allegations of Paragraph 1119 is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1119, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE CLAIM FOR PUNITIVE DAMAGES

1120.   In response to Paragraph 1120, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1121.   McKesson avers that the allegations of Paragraph 1121 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 1121 insofar as they pertain to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1122.   McKesson admits that it distributed prescription pharmaceuticals, including legal Schedule II controlled substances.  McKesson otherwise denies the allegations of Paragraph 1122 insofar as they pertain to the conduct of McKesson.  To the extent the allegations of Paragraph 1122 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

1123.   McKesson denies the allegations of Paragraph 1123 insofar as they pertain to the conduct of McKesson. To the extent the allegations of Paragraph 1123 relate to other

Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

## ANSWERING THE PRAYER FOR RELIEF

     1124.  McKesson denies the allegations of Paragraph 1124, including the implication that Plaintiff is entitled to any relief.

***

## AFFIRMATIVE DEFENSES

McKesson asserts the following affirmative defenses to the Complaint.  By designating the following defenses as affirmative defenses, McKesson does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense.  McKesson also gives notice that it intends to rely upon such other and further affirmative defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**FIRST**.  The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

**SECOND**.  The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**THIRD**.  The claims asserted in the Complaint are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act.

**FOURTH**.  Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries.

**FIFTH**.  The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts §§ 402, 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

**SIXTH**. Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**SEVENTH**. If Plaintiff has sustained cognizable injuries or damages, they were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and not caused by McKesson and for which McKesson is not liable.

**EIGHTH**. The alleged injuries asserted by Plaintiff are too remote from the alleged conduct of McKesson to provide a basis for liability as a matter of law and due process.

**NINTH**. Plaintiff may not recover from McKesson because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

**TENTH**. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

**ELEVENTH**. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or ratification.

**TWELFTH**. To the extent that Plaintiff's claims relate to McKesson's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States, the Constitution of the State of Montana, the Constitution and By-laws for the Blackfeet Tribe of the Blackfeet Indian Reservation of Montana, or that of any other state whose laws may apply, such claims are barred.

**THIRTEENTH**. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages allegedly sustained.

**FOURTEENTH**. Plaintiff's damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which McKesson had and continue to have no control.

**FIFTEENTH**. Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**SIXTEENTH**. A percentage of Plaintiff's alleged injury or loss, if proven, is attributable to (i) Plaintiff, (ii) other parties from whom Plaintiff seeks recovery, and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.  Mont. Code Ann. §§ 27-1-702, -703.

**SEVENTEENTH**. If McKesson is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), the facts will show that McKesson caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages.  Mont. Code Ann. § 27-1-703.

**EIGHTEENTH**. Plaintiff's claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault. *See, e.g.*, Mont. Code Ann. § 27-1-702.

**NINETEENTH**. Plaintiff's claims are barred, in whole or in part, because any and all damages alleged by Plaintiff were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom McKesson had no control and for whom McKesson is not responsible.

**TWENTIETH**. Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state or governmental entity whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in

122

an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to McKesson; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to McKesson the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state or governmental entity whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-FIRST**.  Plaintiff's injuries and damages, if any, were due to illicit use or abuse of the medications at issue on the part of the medication users, for which McKesson is not liable.

**TWENTY-SECOND**. Plaintiff's claims or damages are barred because users of the medications at issue used them after they knew, or should have known, of their alleged risks.

**TWENTY-THIRD**. To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

**TWENTY-FOURTH**.  McKesson's liability, if any, will not result from its conduct, but is solely the result of an obligation imposed by law, and thus McKesson is entitled to indemnity, express or implied, by other parties.

**TWENTY-FIFTH**.  Plaintiff's injuries and damages, if any, were due to preexisting conditions or idiosyncratic reactions to the medications on the part of the medication users, for which McKesson cannot be held responsible.

**TWENTY-SIXTH**.  Should McKesson be held liable to Plaintiff, which liability is specifically denied, McKesson would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiff's Complaint.

**TWENTY-SEVENTH**.  Venue may be improper and/or inconvenient in this Court.

**TWENTY-EIGHTH**.  McKesson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state or governmental entity whose substantive law might control the action.

**TWENTY-NINTH**.  Plaintiff's claims are barred, in whole or in part, by conflict preemption, as set forth in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

**THIRTIETH**.  Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

**THIRTY-FIRST**.  Plaintiff's claims are barred, in whole or in part, because neither users nor their prescribers relied to their detriment upon any statement by McKesson in determining to use medications at issue.

**THIRTY-SECOND**.  Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

**THIRTY-THIRD**. To the extent that Plaintiff asserts claims that depend solely on violations of federal law, including claims that Defendant misled or defrauded DEA or any federal agency by failing to report suspicious pharmacy orders or other information, or of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred.  *See Buckman v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

**THIRTY-FOURTH**. The conduct of McKesson conformed with the FDCA and the requirements of the FDA, and the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**THIRTY-FIFTH**. Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by McKesson that harmed patients and should not have been written or that McKesson's allegedly improper conduct caused a health care provider to write an ineffective or harmful opioid prescription.

**THIRTY-SIXTH**.  McKesson is not liable for statements or omissions in the Manufacturer Defendant branded or unbranded materials.

**THIRTY-SEVENTH**. To the extent that Plaintiff seeks relief for McKesson's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

**THIRTY-EIGHTH**. McKesson's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statutes are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

**THIRTY-NINTH**. Plaintiff has failed to join one or more necessary and indispensable parties, including without limitation, health care providers, prescribers, patients, and other third parties who Plaintiff alleges engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**FORTIETH**. Plaintiff's claims against McKesson are barred or limited by the economic loss rule.

**FORTY-FIRST**. Plaintiff's claims against McKesson are barred by the doctrines of res judicata and collateral estoppel.

**FORTY-SECOND**. Plaintiff's claims are barred or limited by any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

**FORTY-THIRD**. To the extent that Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

**FORTY-FOURTH**. Plaintiff's claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiff.

**FORTY-FIFTH**.  Plaintiff's claims are barred or limited for lack of standing.

**FORTY-SIXTH**. Plaintiff has failed to identify the persons on whose basis it asserts a subrogation interest, and cannot establish that Plaintiff has made payment on account of said persons' loss.

**FORTY-SEVENTH**. Any recovery against McKesson is barred or limited under the principles of assumption of risk and informed consent.

**FORTY-EIGHTH**.  Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by Mont. Code Ann. § 27-1-719.

**FORTY-NINTH**. Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to McKesson.

**FIFTIETH**. Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to McKesson.

**FIFTY-FIRST**. Plaintiff's claims are barred or limited by the political question and separation of powers doctrines and because this claim implicates issues of statewide importance that are reserved for state regulation.

**FIFTY-SECOND**. Plaintiff's public nuisance claim is barred or limited to the extent that it lacks the statutory authority to bring a nuisance claim under Montana law or its own applicable county or municipal codes or regulations.

**FIFTY-THIRD**. Plaintiff's claim of public nuisance is barred or limited because (i) no action of McKesson involved interference with real property or a property right, (ii) illegal conduct perpetrated by third parties involving use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance, (iii) the alleged public nuisance would have impermissible extraterritorial reach, and (iv) the alleged conduct of McKesson is too remote from the alleged injury as a matter of law and due process.

**FIFTY-FOURTH**. The claims asserted against McKesson and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

**FIFTY-FIFTH**. The claims asserted in the Complaint are barred, in whole or in part, because McKesson's conduct conformed with the Controlled Substances Act and DEA regulations and because the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**FIFTY-SIXTH**. Plaintiff's claims or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

**FIFTY-SEVENTH**. Plaintiff's fraud-based claims are barred, in whole or in part, because Plaintiff did not rely to its detriment upon any statement or omission by McKesson.

**FIFTY-EIGHTH**. To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**FIFTY-NINTH**. Plaintiff has no capacity, authority or right to assert some or all of its claims, including claims brought indirectly on behalf of its citizens or claims brought as *parens patriae*.

**SIXTIETH**. Plaintiff's claims are barred in whole or in part by the derivative injury rule and/or the remoteness doctrine.

**SIXTY-FIRST**. Plaintiff's claims are barred to the extent that they are based on a theory of market share liability.

**SIXTY-SECOND**. Plaintiff's claims are barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

**SIXTY-THIRD**.  McKesson did not owe or breach any statutory or common law duty to Plaintiff.

**SIXTY-FOURTH**. McKesson has no duty to protect Plaintiff from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

**SIXTY-FIFTH**. McKesson denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against McKesson.

**SIXTY-SIXTH**. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

**SIXTY-SEVENTH**. Plaintiff's claims are barred in whole or in part to the extent that they violate the Due Process Clauses of the United States Constitution, the Montana Constitution, and the Constitution and By-laws for the Blackfeet Tribe of the Blackfeet Indian Reservation of Montana.

**SIXTY-EIGHTH**. Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Montana Constitutions.

**SIXTY-NINTH**. Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by McKesson.

**SEVENTIETH**. Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

**SEVENTY-FIRST**. McKesson asserts its right to a proportionate reduction of any damages found against McKesson based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

**SEVENTY-SECOND**. Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that McKesson was grossly negligent and McKesson has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

**SEVENTY-THIRD**. Plaintiff's claims are barred in whole or in part because no statement or conduct of McKesson was misleading, unfair, or deceptive.

**SEVENTY-FOURTH**. Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on McKesson.

**SEVENTY-FIFTH**. Plaintiff's claims are barred to the extent that they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 301 et seq.), or Section 351, Public Health Service Act (42 U.S.C. § 262), or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

**SEVENTY-SIXTH**. McKesson is not liable for any injury allegedly caused to Plaintiff by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal

government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

**SEVENTY-SEVENTH**. Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

**SEVENTY-EIGHTH**. To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge McKesson's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq*.

**SEVENTY-NINTH**. Plaintiff's claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

**EIGHTIETH**. Plaintiff cannot obtain relief on its claims based on actions undertaken by McKesson of which McKesson provided notice of all reasonable facts.

**EIGHTY-FIRST**. McKesson appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**EIGHTY-SECOND**. McKesson adopts by reference all defenses asserted in any party's motion to dismiss filed in this Multi-District Litigation.

**EIGHTY-THIRD**.  Plaintiff's claims are not ripe, and/or have been mooted.

**EIGHTY-FOURTH**. Plaintiff's claims are barred because Plaintiff is not the real party in interest.

**EIGHTY-FIFTH**. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

**EIGHTY-SIXTH**. Any damages that Plaintiff may recover against McKesson must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to

the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against McKesson must be reduced to the extent they unjustly enrich Plaintiff.

**EIGHTY-SEVENTH**. McKesson asserts all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and/or Montana Rule of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

**EIGHTY-EIGHTH**. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

**EIGHTY-NINTH**. Plaintiff's RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise," as defined by 18 U.S.C. § 1961(4).

**NINETIETH**. Plaintiff's RICO claims are barred, in whole or in part, by the absence of an "association" between McKesson and any other Defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

**NINETY-FIRST**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not participate in any "enterprise" as defined by 18 U.S.C. § 1961(4).

**NINETY-SECOND**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not engage in a pattern of racketeering activity under RICO.

**NINETY-THIRD**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

**NINETY-FOURTH**. Plaintiff's claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

**NINETY-FIFTH**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

**NINETY-SIXTH**. Plaintiff's RICO claims are barred, in whole or in part, because there are no allegations that McKesson adopted the goal of furthering or facilitating any criminal endeavor as necessary to support Plaintiff's civil conspiracy theory of liability.

**NINETY-SEVENTH**.  The federal RICO statute is unconstitutionally vague.

**NINETY-EIGHTH**. Plaintiff's alleged damages do not constitute injury to business or property interests cognizable under RICO.

**NINETY-NINTH**. Plaintiff's RICO claims are barred, in whole or in part, because the alleged predicated acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

**ONE HUNDRED**.  Plaintiff's RICO claims are barred because Plaintiff may not recover for damages incurred as a sovereign.

**ONE HUNDRED FIRST**.  Plaintiff's RICO claims are barred because Plaintiff failed to establish a direct relationship between McKesson's alleged predicate acts and the injuries asserted by Plaintiff.

**ONE HUNDRED SECOND**. Plaintiff's claims of public nuisance are barred or, in the alternative, limited, because no property belonging to Plaintiff was injuriously affected by McKesson's actions and Plaintiff's personal enjoyment of any property was not lessened by reason of McKesson's actions.  *See* MCA § 27-30-103.

**ONE HUNDRED THIRD**. Plaintiff's claims of public nuisance are barred or limited because McKesson's distribution of prescription opioids pursuant to legitimate orders from licensed pharmacies is expressly authorized by statute, and "[n]othing that is done or maintained under the express authority of a statute may be deemed a public or private nuisance" pursuant to MCA § 27-30-101(2).

**ONE HUNDRED FOURTH**. McKesson's alleged misconduct in this case concerns a discrete event or discrete emergency of the sort a political subdivision would reasonably expect to occur and is part of the normal and expected costs of a local government's existence.

**ONE HUNDRED FIFTH**. Plaintiff's negligence claims are barred or limited because none of the federal or state statutes or regulations at issue were enacted to protect Plaintiff from medical, law enforcement, and other costs incurred as a result of drug addiction, overdose, and death by members of the tribe.

**ONE HUNDRED SIXTH**. Plaintiff's unjust enrichment claim is barred, in whole or in part, as entirely derivative of Plaintiff's other, legally deficient claims.

**ONE HUNDRED SEVENTH**. Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that McKesson is guilty of actual fraud or actual malice pursuant to MCA § 27-1-221.

**ONE HUNDRED EIGHTH**. The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) must be reasonable and are capped pursuant to MCA § 27-1-302.

**ONE HUNDRED NINTH**. The punitive damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to MCA § 27-1-220.

**ONE HUNDRED TENTH**. Because Plaintiff is a federally recognized tribe, it lacks standing to pursue any claims under the federal Controlled Substances Act through its Attorney General.  *See, e.g.*, *McKesson Corp. v. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 340042 (N.D. Okla. Jan. 9, 2018).

**ONE HUNDRED ELEVENTH**.  Plaintiff is a federally recognized tribe that has failed to assert a cognizable quasi-sovereign interest and lacks the authority to invoke the *parens patriae* doctrine in this case.

**ONE HUNDRED TWELFTH**. Plaintiff is a federally recognized tribe that lacks organizational standing to bring the claims in this case.

**ONE HUNDRED THIRTEENTH**. Plaintiff's claims are barred because as a federally recognized tribe, Plaintiff and/or its Attorney General does not have standing or authority to pursue its asserted claims, and has failed to allege the type of injury that is recoverable under those asserted claims.

**ONE HUNDRED FOURTEENTH**.  Plaintiff lacks jurisdiction over McKesson and lacks any jurisdiction to impose Plaintiff's tribal laws beyond the exterior boundaries of the Blackfeet Indian Reservation.

**ONE HUNDRED FIFTEENTH**.  Plaintiff may not be awarded damages for services provided to non-tribal members or members living outside the boundaries of the Blackfeet Indian Reservation.

**ONE HUNDRED SIXTEENTH**.  Any damages claimed by Plaintiff must be reduced by the amount of funding received for healthcare and other services from the Federal government or other non-tribal sources.

**ONE HUNDRED SEVENTEENTH**.  Plaintiff may not be awarded punitive or exemplary damages because any award of punitive or exemplary damages would constitute imposition of a penalty equivalent to a criminal sanction by a tribe against a nonmember, and therefore violates the U.S. Constitution.

**ONE HUNDRED EIGHTEENTH**.  Plaintiff's claims for relief are barred, in whole or in part, based on the principles of equity.  Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to McKesson's good faith reliance on state and federal guidance, the absence of any intentionally unlawful conduct, and the course of Plaintiff's investigation and pursuit of these claims.

**ONE HUNDRED NINETEENTH**.  To the extent any agents, employees, or contractors of McKesson caused any of the damages alleged by Plaintiff, such agents, employees, or contractors were acting outside the scope of agency employment, or contract with McKesson, and any recovery against McKesson must be reduced by the proportionate fault of such agents, employees, or contractors.

**ONE HUNDRED TWENTIETH**.  Plaintiff's claims are barred by the doctrine of *in pari delicto*.

**ONE HUNDRED TWENTY-FIRST**. Plaintiff's statutory nuisance claim is barred because the statutes upon which Plaintiff relies, including Mont. Code Ann. 27-30-101 *et seq.*, are unconstitutionally vague.

**ONE HUNDRED TWENTY-SECOND**.  Plaintiff's civil conspiracy claims are barred because Plaintiff has not identified any illicit agreement between Defendant and any other person and because Plaintiff has not identified that Defendant has used any unlawful means to affect any alleged conspiracy.

**ONE HUNDRED TWENTY-THIRD**. Plaintiff is barred from recovery against McKesson, because McKesson has complied with all applicable federal, Montana, or other applicable rules and regulations related to distribution of the subject prescription medications.

**ONE HUNDRED TWENTY-FOURTH**.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

**ONE HUNDRED TWENTY-FIFTH**. To the extent McKesson followed orders from or performed under contracts with the United States Department of Veterans Affairs or any other governmental body, McKesson is immune from suit.

**ONE HUNDRED TWENTY-SIXTH**. Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and constitutional constraints on the exercise of police powers or other jurisdiction by an Indian tribe.

**ONE HUNDRED TWENTY-SEVENTH**.  Plaintiff's claims are barred, in whole or in part, because their remedies are limited to and by 25 U.S.C. § 1621e, or otherwise because of Plaintiff's participation in the Indian Self-Determination and Education Assistance Act and related compacts.

## DEFENSES RESERVED

Defendant hereby gives notice that it reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves its right to amend its Answer and to assert any such defenses.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

137

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues so triable.

\*\*\*

**WHEREFORE**, McKesson respectfully demands judgment dismissing Plaintiff's

Complaint herein in its entirety, together with costs and disbursements of this action, and

together with such other and further relief as this Court deems just and proper.

Dated: July 26, 2019                              Respectfully submitted,

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Geoffrey E. Hobart*

Geoffrey E. Hobart