# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION, | MDL No.  2804 |
| | Case No.  17-md-2804 |
| This document relates to: | |
| *Blackfeet Tribe of The Blackfeet Indian Reservation, Montana v. AmerisourceBergen Drug Corporation, et al.* | Hon.  Dan Aaron Polster |
| Case No. 18-op-45749-DAP | **JURY TRIAL DEMANDED** |

## <u>DEFENDANTS MALLINCKRODT LLC AND SPECGX LLC'S ANSWER TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT</u>

Defendants Mallinckrodt LLC and SpecGX LLC ("Mallinckrodt"),[1] by and through their undersigned counsel, submit the following Answer to Plaintiff's Corrected First Amended Complaint ("FAC"), ECF No. 9.  Except as expressly admitted herein, all allegations are denied, including, without limitation, the heading, tables, subheadings, and footnotes contained therein. Mallinckrodt hereby answers the numbered paragraphs of the FAC as follows.  Mallinckrodt expressly reserves the right to supplement or amend this Answer as may be necessary.

1.      Paragraph 1 relates to Plaintiff's characterizations of its claims and thus no answer is required.

## INTRODUCTION

2.      No answer is required to Paragraph 2 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 2.

3.      No answer is required to Paragraph 3 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies the allegations. To the extent "[m]anufacturers" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 3.

4.      No answer is required to Paragraph 4 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

---

[1] Mallinckrodt plc is an Irish company that is not subject to personal jurisdiction in the United States for the reasons explained in its pending motion to dismiss for lack of personal jurisdiction in the Track 1 cases (ECF No. 1266). Mallinckrodt plc has not been served in this case, nor has it received a waiver of service request from Plaintiff. Accordingly, Mallinckrodt plc does not join this answer. Should it become necessary at a later date, Mallinckrodt plc will file an answer and affirmative defenses.

Mallinckrodt respectfully refers the Court to the website cited for its complete content, which speaks for itself, and denies any inaccurate characterizations of the website or its meaning.

5.    No answer is required to Paragraph 5 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the websites cited for their complete content, which speaks for itself, and denies any inaccurate characterizations of the websites or their meaning.

6.    No answer is required to Paragraph 6 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies the allegations.  Mallinckrodt states that its opioid medications carry certain well-known and disclosed risks, which are set forth in the FDA-approved warning labels for those medications.  Answering further, Mallinckrodt denies any characterization of the unsourced statements from the American Society of Addiction and CDC that is inconsistent with their meaning when read in their entirety and in context.

7.    No answer is required to Paragraph 7 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies the allegations.

8.    No answer is required to Paragraph 8 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the speech of Robert Anderson quoted

in Paragraph 8 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that speech or its meaning.

9.      Paragraph 9 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required. To the extent an answer is required, Mallinckrodt denies the allegations.

10.      Paragraph 10 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 10.

11.      Paragraph 11 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 11.

12.      Paragraph 12 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 12.

13.      Paragraph 13 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 13.

14.     Paragraph 14 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 14.

15.     Paragraph 15 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 15.

16.     No answer is required to Paragraph 16 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

17.     Paragraph 17 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 17. Mallinckrodt respectfully refers the Court to the websites quoted in Paragraph 17 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning.

18.     Paragraph 18 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 18. Mallinckrodt respectfully refers the Court to the letter cited in Paragraph 18 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that letter or its meaning.

19.     The first sentence of Paragraph 19 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. With respect to the second and third sentences, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the roles and responsibilities of Plaintiff governmental entities. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 19.

20.     Paragraph 20 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 20.

21.     Paragraph 21 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 21.

22.     No answer is required to Paragraph 22 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

23.     Paragraph 23 contains Plaintiff's characterization of their legal claims to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## JURISDICTION AND VENUE

24.     Paragraph 24 asserts legal conclusions regarding the Court's jurisdiction to which no answer is required. To the extent an answer is required, Mallinckrodt denies these allegations, as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, does not provide Plaintiff with a cause of action against Mallinckrodt.

25.     Paragraph 25 asserts legal conclusions regarding the Court's jurisdiction that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

26.     Paragraph 26 asserts legal conclusions regarding the Court's jurisdiction that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 26.

27.     Paragraph 27 asserts legal conclusions regarding the Court's jurisdiction that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 27. Mallinckrodt respectfully refers the Court to the cases mentioned in Paragraph 27 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those cases or their meanings.

28.     Paragraph 28 asserts legal conclusions regarding venue to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 28. Mallinckrodt respectfully refers the Court to the statutes cited in Paragraph 28 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those statutes or their meaning.

29.     Paragraph 29 relates to Plaintiff's characterization of its claims and thus no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## PARTIES

## I.     PLAINTIFF

30-31.  No answer is required to Paragraphs 30-31 as they contains no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 30-31 and therefore denies the allegations.

32-35.  Paragraphs 32-35 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 32-35.

36.  Paragraph 36 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required. Furthermore, Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1961(3) and 18 U.S.C. § 1964, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

## II.  DEFENDANTS

### A.  Marketing Defendants.

37.  Paragraph 37 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 37.

#### 1.  Purdue Entities

38-44.  No answer is required to Paragraphs 38-44 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

#### 2.  Actavis Entities

45-46.  No answer is required to Paragraphs 45-46 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's

allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 3.        Cephalon Entities

47-50.  No answer is required to Paragraphs 47-50 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 4.        Janssen Entities

51-61.  No answer is required to Paragraphs 51-61 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 5.        Endo Entities

62-68.  No answer is required to Paragraphs 62-68 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 6.        Insys Therapeutics, Inc.

69-73.  No answer is required to Paragraphs 69-73 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 7.     **Mallinckrodt Entities**

74.     Mallinckrodt admits that Mallinckrodt plc is an Irish public limited company headquartered in the United Kingdom, which is an indirect holding company and the ultimate parent company of Mallinckrodt LLC and SpecGx LLC. Answering further, Mallinckrodt LLC and SpecGx LLC are both Delaware limited liability companies headquartered in St. Louis, Missouri. Answering further, "Mallinckrodt" (as limited to Mallinckrodt LLC and SpecGX LLC) admits that it manufactured and sold FDA-approved pharmaceutical products, including opioid medications. Mallinckrodt further admits it made at least one shipment of pharmaceutical products to Montana and that sales representatives promoting Mallinckrodt products visited Montana. Mallinckrodt denies that it manufactured pharmaceutical products in Montana and the Plaintiff's Community. Mallinckrodt denies the remaining allegations in Paragraph 74.

75.     Mallinckrodt admits that it lawfully manufactured FDA-approved medications Exalgo, Roxicodone, and Xartemis XR, and that Mallinckrodt marketed Exalgo and Xartemis XR. Answering further, Mallinckrodt states that the FDA approvals and indications for its products speak for themselves and respectfully refers the Court to the FDA-approved labeling. Mallinckrodt denies that it "promoted its branded opioid products with its own direct sales force" insofar as the terms "promot[ed]" and "direct sales force" are vague and undefined. Mallinckrodt denies the remaining allegations in Paragraph 75.

76.     With respect to the first sentence of Paragraph 76, Mallinckrodt denies Plaintiff's characterizations of Mallinckrodt's business motivations or business. Mallinckrodt respectfully refers the Court to Form 10-K referred to in Paragraph 76 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that Form 10-K or its meaning. Mallinckrodt admits the remaining allegations in Paragraph 76.

77.     Mallinckrodt denies that it "operates a vertically integrated business in the United States" insofar as the phrase "vertically integrated business" is vague and undefined. Mallinckrodt admits that it manufactures opioid medications at its facility in Hobart, New York. Answering further, Mallinckrodt admits that it sells opioid medications to wholesale drug distributors. Mallinckrodt denies the remaining allegations in Paragraph 77.

78.     Admitted.

79.     Paragraph 79 asserts a legal conclusion to which no answer is required. Mallinckrodt admits that it contracted with certain doctors to serve as speakers or to provide consulting services and that it lawfully made certain payments in connection with these services. Mallinckrodt denies the remaining allegations in Paragraph 79.

80.     Paragraph 80 consists of Plaintiff's characterization of the "Defendants" in this action to which no answer is required.

**B.      Distributor Defendants**

81.     No answer is required to Paragraph 81 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

**1.      Cardinal Health, Inc.**

82.     No answer is required to Paragraph 82 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 2. McKesson Corporation

83-84.  No answer is required to Paragraphs 83-84 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 3. AmerisourceBergen Drug Corporation

85.  No answer is required to Paragraph 85 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 4. CVS Entities

86.  No answer is required to Paragraph 86 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 5. Walgreens Entities

87.  No answer is required to Paragraph 87 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 6. Walmart Inc.

88.  No answer is required to Paragraph 88 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's

allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 7. **Advantage Logistics**

89.     No answer is required to Paragraph 89 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 8. **Albertson's LLC**

90.     No answer is required to Paragraph 90 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 9. **Anda Pharmaceuticals, Inc.**

91.     No answer is required to Paragraph 91 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 10. **Associated Pharmacies, Inc.**

92.     No answer is required to Paragraph 92 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 11. Dakota Drug, Inc.

93.     No answer is required to Paragraph 93 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### 12. Smith's Food & Drug Centers, Inc.

94-97.   No answer is required to Paragraphs 94-97 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### C. Agency and Authority

98.     Paragraph 98 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 98.

## FACTUAL ALLEGATIONS

## I. FACTS COMMON TO ALL CLAIMS

### A. Opioids and Their Effects

99.     No answer is required to Paragraph 99 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt admits that "'opioid' refers to a "class of drugs that bind with opioid receptors in the brain and includes natural, synthetic, and semi-synthetic opioids" and that "Natural opioids are derived from the opium poppy."

Mallinckrodt denies Plaintiff's characterization of the "most significant" effects of opioids as vague and undefined.

100. No answer is required to Paragraph 100 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt admits that opium alkaloids, including morphine, codeine, and thebaine, are used in the pharmaceutical industry. Otherwise, Mallinckrodt denies the allegations.

101. No answer is required to Paragraph 101 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. The fourth sentence of Paragraph 101 quotes from an article. Mallinckrodt respectfully refers the Court to this article for its complete content, which speaks for itself, and denies any inaccurate characterizations of the article or its meaning.

102. No answer is required to Paragraph 102 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

103. No answer is required to Paragraph 103 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the terms "little difference" and "similar" as vague and undefined.

104. No answer is required to Paragraph 104 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations and objects to the term "usually" as vague and undefined.

105     No answer is required to Paragraph 105 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations and objects to the terms "generally" and "relatively low" as vague.

106     No answer is required to Paragraph 106 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

107.     No answer is required to Paragraph 107 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the terms "various," "one study," and "average" as vague.

108.     No answer is required to Paragraph 108 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt admits that "different opioids provide varying levels of MMEs." Mallinckrodt denies the remaining allegations. Mallinckrodt further denies Plaintiff's characterization of "50 MME/day" as a "threshold."

109.     No answer is required to Paragraph 109 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. Answering further, to the extent the term "manufacturers" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 109.

110.     Paragraph 110 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 110. Mallinckrodt objects to the terms "100 times stronger," "50 times stronger," and "more and more often" as vague and undefined.

111.    Paragraph 111 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 111. Mallinckrodt objects to the term "promoted" as vague and undefined.

112.    No answer is required to Paragraph 112 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 112. Mallinckrodt objects to the terms "relatively quickly," "typically," "very high," "often," "more severe," and "heightened" as vague.

113.    No answer is required to Paragraph 113 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the terms "most," "severe," and "serious" as vague. Mallinckrodt states that opioid medications carry certain well-known and disclosed risks, which are set forth in the FDA-approved warning labels for those medications.

114.    No answer is required to Paragraph 114 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the characterization of the unsourced quote from "a leading pain specialist doctor" as vague and misleading.

### B.    The Resurgence of Opioid Use in the United States

#### 1.    The Sackler Family Integrated Advertising and Medicine

115.    Paragraph 115 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 115.

116.    No answer is required to Paragraph 116 as it asserts no allegations against Mallinckrodt.  Mallinckrodt respectfully refers the Court to the article cited in Paragraph 116 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that article or its meaning. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

117.    No answer is required to Paragraph 117 as it asserts no allegations against Mallinckrodt. Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore denies the allegations.

118.    No answer is required to Paragraph 118 as it asserts no allegations against Mallinckrodt. Mallinckrodt respectfully refers the Court to the article cited in Paragraph 118 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that article or its meaning. Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and therefore denies the allegations.

119.    No answer is required to Paragraph 119 as it asserts no allegations against Mallinckrodt. Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 and therefore denies the allegations.

120.    Paragraph 120 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 120.  Mallinckrodt objects to the terms "target" and "tailor" as vague and undefined.

### 2.    Purdue and the Development of OxyContin

121-132.  No answer is required to Paragraphs 121-132 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites quoted in Paragraphs 121-132 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### 3.    Other Marketing Defendants Leapt at the Opioid Opportunity

133.    Paragraph 133 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 133 and in the heading immediately preceding Paragraph 133.

134-139.  No answer is required to Paragraphs 134-139 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's

allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

140.    Paragraph 140 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 140.

## C.    Defendants' Conduct Created An Abatable Public Nuisance

141.    Paragraph 141 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 141 and in the heading immediately preceding Paragraph 141.

142.    Paragraph 142 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 142. Mallinckrodt states that opioid medications carry certain well-known and disclosed risks, which are set forth in the FDA-approved warning labels for those medications.

143.    Paragraph 143 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 143.

> **D.**     **The Marketing Defendants' Multi-Pronged Scheme to Change and Sustain Prescriber Habits and Public Perception and Increase Demand for Opioids**

144.     Paragraph 144 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 144 and in the heading immediately preceding Paragraph 144.

145.     Paragraph 145 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks sufficient knowledge or information to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 145.  Mallinckrodt states that opioid medications carry certain well-known and disclosed risks, which are set forth in the FDA-approved warning labels for those medications.  Mallinckrodt denies the remaining allegations in Paragraph 145.

146.     Paragraph 146 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 146.

### 1.     The Marketing Defendants Promoted Multiple Falsehoods About Opioids

147.    Paragraph 147 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 147 and in the heading immediately preceding Paragraph 147.

148.    Paragraph 148 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 148.

149.    Paragraph 149 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 149.

### a.     Falsehood #1: The risk of addiction from chronic opioid therapy is low

150.    Paragraph 150 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 150 and in the heading

immediately preceding Paragraph 150. Mallinckrodt objects to the terms "rarely," "low," and "advanced" as vague.

151.    Paragraph 151 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 151. Mallinckrodt objects to the term "relatively small" as vague.

152.    No answer is required to Paragraph 152 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt denies the allegations. Paragraph 152 quotes from and purports to characterize the CDC Guidelines. Mallinckrodt respectfully refers the Court to the CDC Guidelines mentioned in Paragraph 152 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the CDC Guidelines or their meaning.

### i.    Purdue's misrepresentations regarding addiction risk

153.    Paragraph 153 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 153 and in the heading immediately preceding Paragraph 153.

154.    No answer is required to Paragraph 154 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154 and therefore denies

the allegations. Mallinckrodt respectfully refers the Court to the document cited in Paragraph 154 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

155.    No answer is required to Paragraph 155 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155 and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 155 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

156.    Paragraph 156 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 156. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 156 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

157.    No answer is required to Paragraph 157 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the video mentioned in Paragraph 157 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that video or its meaning.

158.    Paragraph 158 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 158. Mallinckrodt respectfully refers the Court to the document quoted in Paragraph 158 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

159-172.  No answer is required to Paragraphs 159-172 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites quoted in Paragraphs 159-172 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### ii.    Endo's misrepresentations regarding addiction risk

173-180.  No answer is required to Paragraphs 173-180 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 173. Mallinckrodt respectfully refers the Court to the documents and websites cited in Paragraphs 173-180 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### iii.    Janssen's misrepresentations regarding addiction risk.

181-189.  No answer is required to Paragraphs 181-189 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 181. Mallinckrodt respectfully refers the Court to the websites and documents cited in Paragraphs 181-189 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites and documents or their meaning.

### iv.    Cephalon's misrepresentations regarding addiction risk.

190-192.  No answer is required to Paragraphs 190-192 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 190. Mallinckrodt respectfully refers the Court to the websites and documents cited in Paragraphs 190-192 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites and documents or their meaning.

### v.    Actavis's misrepresentations regarding addiction risk.

193-196.  No answer is required to Paragraphs 193-196 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 193. Mallinckrodt respectfully refers the Court to the

documents cited in Paragraphs 193-196 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

**vi.    Mallinckrodt's misrepresentations regarding addiction risk**

197.    Mallinckrodt denies the allegations in Paragraph 197 and in the heading immediately preceding Paragraph 197.

198.    Mallinckrodt admits the allegations in Paragraph 198.

199.    Paragraph 199 quotes from and purports to characterize a book.  Mallinckrodt respectfully refers the Court to the book for its complete content, which speaks for itself, and denies any inaccurate characterizations of the book or its meaning.  Mallinckrodt denies the remaining allegations.  Mallinckrodt further denies that it was "promoting a book" as the term "promoting" is vague and undefined.

200.    Paragraph 200 quotes from and purports to characterize a Mallinckrodt policy statement and report.  Mallinckrodt respectfully refers the Court to the policy statement and report mentioned in Paragraph 200 for their complete content, which speaks for itself, and denies any inaccurate characterizations of that policy statement and report, or their meaning.  Mallinckrodt denies remaining the allegations in Paragraph 200.

201.    Paragraph 201 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 201. Mallinckrodt further denies the characterization of patients who "doctor-shop" or otherwise unlawfully obtain opioids as a "small minority," expressed as a percentage or otherwise.

### b. Falsehood #2: To the extent there is a risk of addiction, it can be easily identified and managed

202. Paragraph 202 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 202 and in the heading immediately preceding Paragraph 202.

203-208. No answer is required to Paragraphs 203-208 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 203-208 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

209. Paragraph 209 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 209.

### c. Falsehood #3: Signs of addictive behavior are "pseudoaddiction," requiring more opioids

210. Paragraph 210 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 210 and in the heading immediately preceding Paragraph 210.  Mallinckrodt respectfully refers the Court to the study cited in Paragraph 210 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the study or its meaning.

211.    Paragraph 211 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 211.

212-220.  No answer is required to Paragraphs 212-220 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 212-220 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### d.    Falsehood #4: Opioid withdrawal can be avoided by tapering

221.    Paragraph 221 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 221 and in the heading immediately preceding Paragraph 221.

222-223.  No answer is required to Paragraphs 222-223 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the program and guide mentioned in Paragraphs 222-223 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the program and guide or their meaning.

224.    Paragraph 224 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 224.

> e.    **Falsehood #5: Opioid doses can be increased without limit or greater risks**

225.    Paragraph 225 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 225 and in the heading immediately preceding Paragraph 225.  Mallinckrodt objects to the term "produced, sponsored or controlled" as vague.

226.    Paragraph 226 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 226.

227-228.  No answer is required to Paragraphs 227-228 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents quoted in Paragraphs 227-228 for their complete content, and denies any inaccurate characterizations of those documents or their meaning.

229.  No answer is required to Paragraph 229 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the terms "particularly" and "just" as vague.

230-235.  No answer is required to Paragraphs 230-235 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the websites and documents mentioned in Paragraphs 230-235 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites and documents or their meanings.

236.  Paragraph 236 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 236.  Mallinckrodt respectfully

refers the Court to the data and studies mentioned in Paragraph 236 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the data and studies or their meanings.

### f. Falsehood #6: Long-term opioid use improves functioning

237.    Paragraph 237 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations and in the heading immediately preceding Paragraph 237.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 237.

238-241.  No answer is required to Paragraphs 238-241 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 238-241 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

242.    No answer is required to Paragraph 242 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraph 242 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

243-248.   Paragraphs 243-248 assert allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 243-248.  Mallinckrodt respectfully refers the Court to the websites and documents mentioned or quoted in Paragraphs 243-248 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

249.   Paragraph 249 purports to quote from Mallinckrodt's website. Mallinckrodt respectfully refers the Court to the website cited in Paragraph 249 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

250.   Paragraph 250 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 250.  Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraph 250 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

251.   No answer is required to Paragraph 251 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraph 251 for their

complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning. Mallinckrodt denies the allegations in Paragraph 251.

252-253. No answer is required to Paragraphs 252-253 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 252-253 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning. Mallinckrodt denies the allegations in Paragraph 252-253.

### g. Falsehood #7: Alternative forms of pain relief pose greater risks than opioids

254. Paragraph 254 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 254 and in the heading immediately preceding Paragraph 254.

255. Paragraph 255 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 255. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraph 255 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

256-262.  No answer is required to Paragraphs 256-262 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 256-262.  Mallinckrodt respectfully refers the Court to the websites and documents mentioned in Paragraphs 256-262 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites and documents or their meaning.

263.    Paragraph 263 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 263.  Mallinckrodt respectfully refers the Court to the study mentioned in Paragraph 263 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that study or its meaning.

**h.      Falsehood #8: OxyContin provides twelve hours of pain relief**

264-267.  No answer is required to Paragraphs 264-267 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 264-267 and in the heading immediately preceding Paragraph 264.

268.    Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 268.  Mallinckrodt respectfully refers the Court to the website mentioned in Paragraph 268 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

269-275.  No answer is required to Paragraphs 269-275 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

     **i.**       **Falsehood #9: New formulations of certain opioids successfully deter abuse**

276.    Paragraph 276 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 276 and in the heading immediately preceding Paragraph 276.  Mallinckrodt objects to the term "promoted" as vague.

277.    Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the CDC Guideline  and report mentioned in Paragraph 277 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the guideline and report or their meaning.

     **i.**       **Purdue's deceptive marketing of reformulated OxyContin and Hysingla ER**

278-289.  No answer is required to Paragraphs 278-289 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 278-289 and in the heading immediately preceding Paragraph 278.

### ii.     Endo's deceptive marketing of reformulated Opana ER

290-312.  No answer is required to Paragraphs 290-312 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 290-312 and in the heading immediately preceding Paragraph 290.

### iii.     Other  Marketing  Defendants'  misrepresentations regarding abuse deterrence

313.    No answer is required to Paragraph 313 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 313 and in the heading immediately preceding Paragraph 313.

314.    Mallinckrodt denies the allegations in Paragraph 314.  Mallinckrodt respectfully refers the Court to the documents cited in Paragraph 314 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

315.    Mallinckrodt denies the allegations in Paragraph 315.  Mallinckrodt respectfully refers the Court to the website cited in Paragraph 315 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.  Mallinckrodt specifically denies Plaintiff's characterization of the cited slide deck as "promotional material."

316-317.   Paragraphs 316-317 assert allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other

than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 316-317.

### 2. The Marketing Defendants Disseminated Their Misleading Messages About Opioids Through Multiple Channels

318-319. Paragraphs 318-319 assert allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 318-319 and in the heading immediately preceding Paragraph 318.

### a. The Marketing Defendants Directed Front Groups to Deceptively Promote Opioid Use

320. Paragraph 320 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 320 and in the heading immediately preceding Paragraph 320. Mallinckrodt respectfully refers the Court to the report mentioned in Paragraph 320 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the report or its meaning.

321-322. Paragraphs 321-322 assert allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 321-322. Mallinckrodt

respectfully refers the Court to the report mentioned in Paragraphs 321-322 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the report or its meaning.

323.    Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the report mentioned in Paragraph 323 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that report or its meaning.

324.    Paragraph 324 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 324.

### i.    American Pain Foundation

325-328.  No answer is required to Paragraphs 325-328 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 325-328 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

329.    Paragraph 329 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 329.

330.  No answer is required to Paragraph 330 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the document quoted in Paragraph 330 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

331.  Paragraph 331 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" or "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 331.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 331 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

332.  Paragraph 332 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 332. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 332 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

ii.     **American Academy of Pain Medicine and the American Pain Society**

333.    No answer is required to Paragraph 333 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the website cited in Paragraph 333 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 333. Mallinckrodt objects to the term "substantial funding" as vague and undefined.

334.    No answer is required to Paragraph 334 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  To the extent "opioid manufacturers" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 334.

335.    Paragraph 335 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 335.  Mallinckrodt respectfully refers the Court to the interview mentioned in Paragraph 335 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that interview or its meaning.

336.    No answer is required to Paragraph 336 as it asserts no allegations against Mallinckrodt.  Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

337.    No answer is required to Paragraph 337 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

338.    Paragraph 338 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 338.

339.    Paragraph 339 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 339.

340.    No answer is required to Paragraph 340 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

341.    No answer is required to Paragraph 341 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

342.    Paragraph 342 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 342.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 342 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

343.    No answer is required to Paragraph 343 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

344.    Paragraph 344 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 344.

### iii.    FSMB

345.    No answer is required to Paragraph 345 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

346.    Paragraph 346 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information

sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 346.  Mallinckrodt objects to the term "finances" as vague and undefined.

347-348.  No answer is required to Paragraphs 347-348 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 347-348 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents, or their meaning.

349.    No answer is required to Paragraph 349 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the publication cited in Paragraph 349 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that publication or its meaning.

350.    Paragraph 350 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 350.  Mallinckrodt respectfully

44

refers the Court to the guidelines mentioned in Paragraph 350 for its complete content, which speaks for itself, and denies any inaccurate characterizations of those guidelines or their meaning.

### iv. The Alliance for Patient Access

351.    Paragraph 351 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  Mallinckrodt admits that as of June 2017, it was an Associate Member and Financial Supporter of APA.  Mallinckrodt respectfully refers the Court to the websites cited in Paragraph 351 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites, or their meaning.  Mallinckrodt denies the remaining allegations in Paragraph 351.

352.    Paragraph 352 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  With respect to the fourth sentence, Mallinckrodt denies the allegations in Paragraph 352.  Mallinckrodt objects to the terms "including," "more than $240,000," and "from pharmaceutical companies" as vague.

353-357.  No answer is required to Paragraphs 353-357 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the websites and documents mentioned in Paragraphs 353-357 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites and documents or their meaning.

358.    No answer is required to Paragraph 358 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the Controlled Substances Act ("CSA") and websites cited in Paragraph 358 for their complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff's to paraphrase or characterize that statute or website.

### v.    The U.S. Pain Foundation ("USPF")

359.    Paragraph 359 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 359.  Mallinckrodt respectfully refers the Court to the website and document mentioned in Paragraph 359 for their complete content, which speaks for itself, and denies any inaccurate characterizations of that website and document or their meaning.  Mallinckrodt objects to the characterization of Mallinckrodt as a "'Platinum,' 'Gold,' and 'Basic' corporate member."

### vi.    American Geriatrics Society ("AGS")

360.    Paragraph 360 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 360.  Mallinckrodt respectfully

refers the Court to the websites mentioned in Paragraph 360 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning.

361.    No answer is required to Paragraph 361 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the guidelines mentioned in Paragraph 361 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those guidelines or their meaning.

362-363.    Paragraphs 362-363 assert allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 362-363.

### b.    The Marketing Defendants Paid Key Opinion Leaders to Deceptively Promote Opioid Use

364-371.    Paragraphs 364-371 assert allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 364-371 and in the heading immediately preceding Paragraph 364.

### i.    Dr. Russell Portenoy

372-373.    No answer is required to Paragraphs 372-373 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information

sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 372-373 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

374.    Paragraph 374 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 374.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 374 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the document or its meaning.

375.    No answer is required to Paragraph 375 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the document cited in Paragraph 375 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the document or its meaning.

376.    Paragraph 376 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 376.

377.    Paragraph 377 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 377.  Mallinckrodt respectfully refers the Court to the article mentioned in Paragraph 377 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that article or its meaning.

378-379.  No answer is required to Paragraphs 378-379 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the websites mentioned in Paragraphs 378-379 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning.

### ii.    Dr. Lynn Webster

380.    No answer is required to Paragraph 380 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties and entities, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 380.

381.    No answer is required to Paragraph 381 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 381.

382.     Paragraph 382 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 382.

383-384.  No answer is required to Paragraphs 383-384 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### iii.     Dr. Perry Fine

385.     Paragraph 385 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 385.

386-391.  No answer is required to Paragraphs 386-391 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites mentioned in Paragraphs 386-391 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### iv.     Dr. Scott Fishman

392.     Paragraph 392 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information

sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 392.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 392 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning

393-396.  No answer is required to Paragraphs 393-396 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 393-396 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

> **c.** **The Marketing Defendants Disseminated Their Misrepresentations Through Continuing Medical Education Programs**

397.    Paragraph 397 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 397 and in the heading immediately preceding Paragraph 397.

398.    Paragraph 398 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 398.

399.    No answer is required to Paragraph 399 as it asserts no allegations against Mallinckrodt.  Mallinckrodt admits that a Continuing Medical Education course is an educational program for doctors.  To the extent further answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

400-401.   Paragraphs 400-401 assert allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 400-401.

402.    No answer is required to Paragraph 402 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 402.

403-407.  No answer is required to Paragraphs 403-407 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 403-407 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

408-409.   Paragraphs 408-409 assert allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 408-409.

> **d.    The Marketing Defendants Used "Branded" Advertising to Promote their Products to Doctors and Consumers**

410.    Paragraph 410 asserts allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 410 and in the heading immediately preceding Paragraph 410.

411.    Paragraph 411 asserts allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 411. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 411 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

> **e.    The Marketing Defendants Used "Unbranded" Advertising To Promote Opioid Use For Chronic Pain Without FDA Review**

412.    Paragraph 412 asserts allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 412 and in the heading immediately preceding Paragraph 412.

413. Paragraph 413 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 413. Mallinckrodt respectfully refers the Court to the website mentioned in Paragraph 413 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

### f. The Marketing Defendants Funded, Edited And Distributed Publications That Supported Their Misrepresentations

414. Paragraph 414 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 414 and in the heading immediately preceding Paragraph 414.

415-418. Paragraphs 415-418 assert allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 415-418.

419.    No answer is required to Paragraph 419 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### g.    The Marketing Defendants Used Detailing To Directly Disseminate Their Misrepresentations To Prescribers

420.    Paragraph 420 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 420 and in the heading immediately preceding Paragraph 420.

421.    Paragraph 421 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 421.  Mallinckrodt objects to the terms "promote" and "promoted" as vague and undefined.

422.    Paragraph 422 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt states that it utilized data from IMS Health to evaluate information relating to estimated market share for certain products. Mallinckrodt denies the remaining

allegations in Paragraph 422.  Mallinckrodt objects to the terms "common industry practice," "track," "target," and "tailor" as vague.

423.    Paragraph 423 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 423.

424-429.  No answer is required to Paragraphs 424-429 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

## h.    Marketing Defendants Used Speakers' Bureaus and Programs to Spread Their Deceptive Messages

430.    Paragraph 430 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Marketers'" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt admits that it contracted with certain doctors to serve as speakers or to provide consulting services and that it lawfully made certain payments in connection with these services.  Mallinckrodt denies the allegations in the fourth sentence. Mallinckrodt further denies the remaining allegations in Paragraph 430 and in the heading immediately preceding Paragraph 430.  Mallinckrodt objects to the term "thousands of payments" as vague and undefined.

431-432.  No answer is required to Paragraphs 431-432 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

3. **The Marketing Defendants Failed and Omitted to Effectively, Adequately and Affirmatively Communicate the Approved and Proper Use and the Risk and Safety Information Associated with Their Opioid Products**

433-436.  Paragraphs 433-436 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 433-436 and in the heading immediately preceding Paragraph 433.

4. **The Marketing Defendants Targeted Vulnerable Populations**

437.  Paragraph 437 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 437 and in the heading immediately preceding Paragraph 437.

438.  No answer is required to Paragraph 438 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt denies the allegations. Mallinckrodt objects to the overgeneralizations and to the terms "greater," "increased," and "more frequently" as vague and undefined.

439.     Paragraph 439 asserts allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 439.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 439 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

440.     No answer is required to Paragraph 440 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 440. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraph 440 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the documents or their meaning.

441.     No answer is required to Paragraph 441 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 441.

442.     Paragraph 442 asserts allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 442.  Mallinckrodt respectfully

refers the Court to the document mentioned in Paragraph 442 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

443.    No answer is required to Paragraph 443 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 443.

> ### 5.    Insys Employed Fraudulent, Illegal, and Misleading Marketing Schemes to Promote Subsys

444-458.  No answer is required to Paragraphs 444-458 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 444.

> ### 6.    The Marketing Defendants' Scheme Succeeded, Creating a Public Health Epidemic

> #### a.    Marketing Defendants dramatically expanded opioid prescribing and use

459.    Paragraph 459 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 459 and in the two headings immediately preceding Paragraph 459.

460-461.  No answer is required to Paragraphs 460-461 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's

allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 460-461.

462.    Paragraph 462 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 462.

463.    No answer is required to Paragraph 463 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph 463.

464.    Paragraph 464 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 464. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 464 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

465.    Paragraph 465 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or

"Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 465.

> **b.  Marketing Defendants' deception in expanding their market created and fueled the opioid epidemic**

466.    No answer is required to Paragraph 466 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the study mentioned in Paragraph 466 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that study or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 466 and in the heading immediately preceding Paragraph 466.

467.    No answer is required to Paragraph 467 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the study mentioned in Paragraph 467 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that study or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 467.

468.    No answer is required to Paragraph 468 as it asserts no allegations against Mallinckrodt.  Paragraph 468 quotes from and purports to characterize a CDC report.  Mallinckrodt respectfully refers the Court to the report mentioned in Paragraph 468 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that report or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 468.

> **c.  Distributor Defendants Participated in and Abetted the Marketing Scheme**

469.    Paragraph 469 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains

to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 469 and in the heading immediately preceding Paragraph 469.

470-473.  No answer is required to Paragraphs 470-473 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

### E. Defendants Throughout the Supply Chain Deliberately Disregarded Their Duties to Maintain Effective Controls and to Identify, Report, and Take Steps to Halt Suspicious Orders

474-476.  Paragraphs 474-476 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" or "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 474-476 and in the heading immediately preceding Paragraph 474.

477.  Paragraph 477 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 477.  Mallinckrodt respectfully refers the Court to 21 U.S.C. § 823 and 21 C.F.R.  §§ 1301.11, and 1301.74., which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff's to paraphrase or characterize those statutes.

478.  Paragraph 478 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge

or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 478.

479.   No answer is required to Paragraph 479 as it asserts no allegations against Mallinckrodt.  Paragraph 479 quotes from and purports to characterize a CDC report.  Mallinckrodt respectfully refers the Court to the report mentioned in Paragraph 479 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that report or its meaning. Mallinckrodt denies the remaining allegations. Mallinckrodt objects to the terms "small minority" and "most common."

## 1.   All Defendants Have a Duty to Report Suspicious Orders and Not to Ship Those Orders Unless Due Diligence Disproves Their Suspicions

480-484.  Paragraphs 480-484 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 480-484 and in the heading immediately preceding Paragraph 480.  Mallinckrodt respectfully refers the Court to 21 U.S.C.  § 823, 21 C.F.R.  §§ 0.100, and 1301.74, and applicable state laws, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize these statutes and regulations.

485-490.  Paragraphs 485-490 asserts legal conclusions to which no answer is required. To the extent an answer is required, Mallinckrodt respectfully refers the Court to the CSA, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

491-493.  Paragraphs 491-493 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 491-493.  Mallinckrodt objects to the terms "state and federal law," "enforcement authorities," "statue and federal statutes and regulations," and "industry guidelines" as vague and undefined.

494.    No answer is required to Paragraph 494 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

495.    Paragraph 495 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 495.  Mallinckrodt denies Plaintiff's characterization of "chargeback data" as necessarily "allow[ing] [Marketing Defendants] to monitor the combined flow of opioids into a pharmacy or geographic area and/or detailed information about prescribing habits[.]" Mallinckrodt respectfully refers the Court to the CSA, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

496.    Paragraph 496 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 496.

497.    Paragraph 497 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 497.

### 2.    Defendants Were Aware of and Have Acknowledged Their Obligations to Prevent Diversion and to Report and Take Steps to Halt Suspicious Orders

498.    No answer is required to Paragraph 498 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 498.

499.    Paragraph 499 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 499.

500.    Paragraph 500 quotes from and purports to characterize Mallinckrodt's July 2017 civil settlement with DEA ("DEA settlement").  Mallinckrodt respectfully refers the Court to the DEA settlement for its complete content, which speaks for itself, and denies any inaccurate

characterizations of the settlement or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 500.

501-504.   Paragraphs 501-504 assert allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 501-504.   Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 501-504 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meanings.

505-512.  No answer is required to Paragraphs 505-512 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 505-512 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meanings.

### 3.      Defendants Worked Together to Inflate the Quotas of Opioids They Could Distribute

513.      Paragraph 513 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 513 and in the heading immediately preceding Paragraph 513.

514.    Paragraph 514 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 514. Mallinckrodt respectfully refers the Court to the case cited in Paragraph 514 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that case or its meaning.

515.  Paragraph 515 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 515.  The seventh sentence of Paragraph 515 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  The eighth sentence of Paragraph 515 merely quotes from and purports to characterize an article.  Mallinckrodt respectfully refers the Court to this article for its complete content and denies any inaccurate characterizations of the article or its meaning.  The ninth sentence of Paragraph 515 quotes from and purports to characterize the DEA settlement. Mallinckrodt respectfully refers the Court to the DEA settlement for its complete content, which speaks for itself, and denies any inaccurate characterizations of the settlement or its meaning.  In particular, Mallinckrodt denies Plaintiff's characterization of "chargeback data" as necessarily

"revealing suspicious orders[.]" To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 515.

516.    Paragraph 516 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 516. Mallinckrodt objects to the terms "vault security programs," "security protocols," "security vaults," and "required sales requirements" as vague and undefined.

517.    Paragraph 517 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 517.

518.    No answer is required to Paragraph 518 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 518 and therefore denies the allegations.

519.    No answer is required to Paragraph 519 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 519 and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph

519 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

520.    Paragraph 520 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations in Paragraph 520.

521.    Paragraph 521 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 521. Mallinckrodt respectfully refers the Court to the websites quoted in Paragraph 521 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning.  Mallinckrodt states that it has been a member of the Healthcare Distribution Alliance. Mallinckrodt denies the remaining allegations in Paragraph 521.

522-524.   Paragraphs 522-524 assert allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 522-524.   Mallinckrodt respectfully refers the Court to the website quoted in Paragraphs 522-524 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

525.    Paragraph 525 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 525.

526-528.   Paragraphs 526-528 assert allegations that include third parties to which no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.  Mallinckrodt respectfully refers the Court to the website quoted in Paragraphs 526-528 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.  To the extent "Marketing Defendants" or "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 526-528.

529.    Paragraph 529 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" or "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 529.

530.    Paragraph 530 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 530.

531.    Paragraph 531 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 531.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 531 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

532.    Paragraph 532 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 532.  Mallinckrodt respectfully refers the Court to the speech quoted in Paragraph 532 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that speech or its meaning.

533-538.  Paragraphs 533-538 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" or "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 533-538.

### 4.    Defendants Kept Careful Track of Prescribing Data and Knew About Suspicious Orders and Prescribers

539.    Paragraph 539 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information

sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 539 and in the heading immediately preceding Paragraph 539.

540.    Paragraph 540 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 540.

541.    Paragraph 541 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 541.  Mallinckrodt objects to the terms "access," "make use," "monitor," and "combined flow" as vague and undefined.

542.    Paragraph 542 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 542.

543.    Paragraph 543 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 543.  Mallinckrodt states that it received data from IMS Health and Wolters Kluwer.

544.    No answer is required to Paragraph 544 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 544 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 544.

545.    Paragraph 545 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 545.  Mallinckrodt states that it utilized data from IMS Health to evaluate information relating to estimated market share for certain products.

546.    Paragraph 546 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to

Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 546.  Mallinckrodt objects to the term "prescriber behavior" as vague.

547.     Paragraph 547 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 547.  Mallinckrodt objects to the term "prescribing patterns" as vague and undefined.

548.     Paragraph 548 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 548.  The second sentence of Paragraph 548 refers to and purports to characterize the testimony of Eugene "Mick" Kolassa. Mallinckrodt respectfully refers the Court to the testimony for its complete content, which speaks for itself, and denies any inaccurate characterizations of the testimony or its meaning.

549.     Paragraph 549 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 549.

550.     Paragraph 550 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge

or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 550.  Mallinckrodt respectfully refers the Court to the document cited in Paragraph 550 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

551.    No answer is required to Paragraph 551 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 551.

552.    Paragraph 552 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 552.

553-554.  No answer is required to Paragraphs 553-554 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 553-554.  Mallinckrodt respectfully refers the Court to the documents mentioned in Paragraphs 553-554 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents or their meaning.

555.    Paragraph 555 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information

sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 555.

556.   Paragraph 556 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 556.  Mallinckrodt objects to the terms "other proprietary sources" and "marketing visits" as vague.  Mallinckrodt states that it utilized data from IMS Health to evaluate information relating to estimated market share for certain products.

557.   No answer is required to Paragraph 557 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to document cited in Paragraph 557 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that testimony or its meaning.

558.   Paragraph 558 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 558. Mallinckrodt respectfully

refers the Court to document cited in Paragraph 558 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that testimony or its meaning.

559.     Paragraph 559 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 559.

560.     Paragraph 560 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 560.  Mallinckrodt respectfully refers the Court to testimony quoted in Paragraph 560 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that testimony or its meaning.

561.     Paragraph 561 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 561.

562.     No answer is required to Paragraph 562 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

563.    Paragraph 563 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 563.

### 5.    Defendants Failed to Report Suspicious Orders or Otherwise Act to Prevent Diversion

564.    Paragraph 564 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 564 and in the heading immediately preceding Paragraph 564.

565.    Paragraph 565 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 565.

566-568.  No answer is required to Paragraphs 566-568 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

569.    Paragraph 569 quotes from and purports to characterize the DEA settlement with Mallinckrodt.  Mallinckrodt respectfully refers the Court to the DEA settlement for its complete

content, which speaks for itself, and denies any inaccurate characterizations of the settlement or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 569.

570-571.  No answer is required to Paragraphs 570-571 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 570-571.

572.  Paragraph 572 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 572.

  **6.**  **Defendants Delayed a Response to the Opioid Crisis by Pretending to Cooperate with Law Enforcement**

573.  No answer is required to Paragraph 573 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 573 and therefore denies the allegations and in the heading immediately preceding Paragraph 573.

574-577.  No answer is required to Paragraphs 574-577 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

578-579.  Paragraphs 578-579 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks

knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 578-579.  Mallinckrodt respectfully refers the Court to the document quoted in Paragraphs 578-579 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

580.    Paragraph 580 quotes from and purports to characterize Mallinckrodt's opioid policy statement.  Mallinckrodt respectfully refers the Court to the policy statement for its complete content, which speaks for itself, and denies any inaccurate characterizations of the policy statement or its meaning.  Mallinckrodt denies the remaining allegations in Paragraph 580.

581.    Paragraph 581 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 581. Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 581 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

582-584.  No answer is required to Paragraphs 582-584 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites cited in Paragraphs 582-584 for their

complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or its meaning.

585.    Paragraph 585 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 585.

**7.    The National Retail Pharmacies Were on Notice of and Contributed to Illegal Diversion of Prescription Opioids**

586-589.  No answer is required to Paragraphs 586-589 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 586-589 and in the heading immediately preceding Paragraph 586.

**a.    The National Retail Pharmacies Have a Duty to Prevent Diversion**

590-605.  No answer is required to Paragraphs 590-605 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 590.  Mallinckrodt respectfully refers the Court to the statutes mentioned in Paragraphs 590-605, which speak for themselves, and denies any inaccurate characterizations of the statutes or their meaning.

**b.**   **Multiple Enforcement Actions against the National Retail Pharmacies Confirms their Compliance Failures**

606.   No answer is required to Paragraph 606 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraph 606 and in the heading immediately preceding Paragraph 606.

**i.     CVS**

607-619.  No answer is required to Paragraphs 607-619 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.  Mallinckrodt also respectfully refers the Court to the websites cited in Paragraphs 607-619 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning.

**ii.     Walgreens**

620-635.  No answer is required to Paragraphs 620-635 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt also respectfully refers the Court to the documents and websites cited in Paragraphs 620-635 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

### F. The Opioids the Defendants Marketed and Distributed Migrated into Other Jurisdictions, Causing an Interstate Crisis

636-647. No answer is required to Paragraphs 636-647 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 636-647 and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the documents and websites cited in Paragraphs 636-647 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the documents or their meaning.

648. Paragraph 648 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 648.

649. No answer is required to Paragraph 649 as it assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 649 and therefore denies the allegations.

650. Paragraph 650 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" or "manufacturers" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 650.

G.    **Montana Specific Facts**

651.    Paragraph 651 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 651.

1.    **Defendants Breached Their Duties in Montana**

652.    No answer is required to Paragraph 652 as it asserts no legal conclusions or allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 652.  Mallinckrodt respectfully refers the Court to the statutes listed in Paragraph 652, which speak for themselves, and denies any inaccurate characterizations of the statutes or their meaning.

653.    Paragraph 653 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 653.

2.    **The Devastating Effects of the Opioid Crisis in Montana**

654.    Paragraph 654 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or

"Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 654 and in the heading immediately preceding Paragraph 654.

655-657.  No answer is required to Paragraphs 655-657 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 655-657.   Mallinckrodt respectfully refers the Court to the statistics and websites mentioned in Paragraphs 655-657 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the statistics and websites or their meaning.

658.     Paragraph 658 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 658.

659.     No answer is required to Paragraphs 659 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 659.   Mallinckrodt respectfully refers the Court to the statistics and websites mentioned in Paragraph 659 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the statistics and websites or their meaning.

660.     Paragraph 660 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains

to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 660. Mallinckrodt also respectfully refers the Court to the testimony cited in Paragraph 660 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the testimony or its meaning.

661-664.  No answer is required to Paragraphs 661-664 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 661-664. Mallinckrodt respectfully refers the Court the statistics and websites mentioned in Paragraphs 661-664 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the statistics and websites or their meaning.

665.    Paragraph 665 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 665.

666-669.  No answer is required to Paragraphs 666-669 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 666-669.

670.    Paragraph 670 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 670.

671.    Paragraph 671 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 671.

672.    Paragraph 672 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 672. Mallinckrodt objects to the term "excessive" as vague.

673-677.  No answer is required to Paragraphs 673-677 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 673-677.  Mallinckrodt respectfully refers the Court to the statistics and documents mentioned in Paragraphs 673-677 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the statistics or the documents or their meaning.

678.    Paragraph 678 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 678.

679-680.  No answer is required to Paragraphs 679-680 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 679-680.

## H.    The Opioid Crisis Has Particularly Devastated Plaintiff's Community

681-700.  No answer is required to Paragraphs 681-700 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 681-700 and in the heading immediately proceeding Paragraph 681.  Mallinckrodt respectfully refers the Court to the statistics and websites mentioned in Paragraphs 681-700 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the statistics and websites or their meaning.

## I.    The Defendants Conspired To Engage In The Wrongful Conduct Complained Of Herein and Intended To Benefit Both Independently and Jointly From Their Conspiracy

### 1.    Conspiracy Among Marketing Defendants

701.    Paragraph 701 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 701 and the two headings immediately preceding Paragraph 701.

702.    Paragraph 702 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge

or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 702.

703.    Paragraph 703 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 703.

704.    Paragraph 704 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 704.

705.    Paragraph 705 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 705.

706.    Paragraph 706 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 706.

707.    Paragraph 707 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 707.

708.    Paragraph 708 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 708.

709.    Paragraph 709 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 709.

710.    Paragraph 710 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 710.

711.    Paragraph 711 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than

Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 711.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 711 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

712.    Paragraph 712 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 712.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 712 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

713.    Paragraph 713 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" or "opioid manufacturers" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 713.  Mallinckrodt respectfully refers the Court to the document mentioned in Paragraph 713 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

### 2.    Conspiracy Among All Defendants

714.    Paragraph 714 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains

to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 714 and in the heading immediately preceding Paragraph 714.

715.    Paragraph 715 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 715.

716-720.  Paragraphs 716-720 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 716-720.

**J.      Statutes Of Limitations Are Tolled and Defendants Are Estopped From Asserting Statutes Of Limitations As Defenses**

**1.      Continuing Wrong Doctrine.**

721.    Paragraph 721 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 721 and the two headings immediately preceding Paragraph 721.

722.    Paragraph 722 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

### 2.    Equitable Estoppel and Fraudulent Concealment

723.    Paragraph 723 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 723 and in the heading immediately preceding Paragraph 723.

724.    Paragraph 724 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 724.

725.    Paragraph 725 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 725.

726.    Paragraph 726 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 726.

727.    Paragraph 727 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 727.

728.    Paragraph 728 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 728.

729-731.  Paragraphs 729-731 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 729-731.  Mallinckrodt respectfully refers the Court to the Order mentioned in Paragraphs 729-731 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the Order or its meaning.

**K.**    **Facts Pertaining to Punitive Damages**

732.    Paragraph 732 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or

"Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 732 and in the heading immediately preceding Paragraph 732.

733-735.  Paragraphs 733-735 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 733-735.

1. **The Marketing Defendants Persisted in Their Fraudulent Scheme Despite Repeated Admonitions, Warnings, and Even Prosecutions**

736.  Paragraph 736 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 736 and in the heading immediately preceding Paragraph 736.

a. **FDA Warnings to Janssen Failed to Deter Janssen's Misleading Promotion of Duragesic**

737-739.  No answer is required to Paragraphs 737-739 of as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 737.

b.  **Governmental Action, Including Large Monetary Fines, Failed to Stop Cephalon from Falsely Marketing Actiq for Off-Label Uses**

740-741.  No answer is required to Paragraphs 740-741 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations and in the heading immediately preceding Paragraph 740.

c.  **FDA Warnings Did Not Prevent Cephalon from Continuing False and Off-Label Marketing of Fentora**

742-744.  No answer is required to Paragraphs 742-744 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 742-744 and in the heading immediately preceding Paragraph 742.

d.  **A Guilty Plea and a Large Fine Did Not Deter Purdue from Continuing Its Fraudulent Marketing of OxyContin**

745-746.  No answer is required to Paragraphs 745-746 as they assert no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in Paragraphs 745-746 and in the heading immediately preceding Paragraph 745.

2.  **Repeated Admonishments and Fines Did Not Stop Defendants from Ignoring Their Obligations to Control the Supply Chain and Prevent Diversion**

747.  Paragraph 747 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge

or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 747 and in the heading immediately preceding Paragraph 747.

748.    Paragraph 748 asserts allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 748. Mallinckrodt respectfully refers the Court to the interview quoted in Paragraph 748 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the interview or its meaning.

749.    No answer is required to Paragraph 749 as it asserts no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 749 and therefore denies the allegations. Mallinckrodt respectfully refers the Court to the interview quoted in Paragraph 749 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the interview or its meaning.

750-762.  No answer is required to Paragraphs 750-762 as they assert no allegations against Mallinckrodt. To the extent an answer is required, Mallinckrodt does not respond to Plaintiff's allegations concerning other parties, as Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations. Mallinckrodt also respectfully refers the Court to documents and websites cited in Paragraphs 750-762 for their

complete content, which speaks for itself, and denies any inaccurate characterizations of those documents and websites or their meaning.

763.     Paragraph 763 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 763.

## II.     FACTS PERTAINING TO CLAIMS UNDER RACKETEER-INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO") ACT

### A.     The Opioid Marketing Enterprise

#### 1.     The Common Purpose and Scheme of the Opioid Marketing Enterprise

764.     Paragraph 764 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 764 and in the three headings immediately preceding Paragraph 764.

765.     Paragraph 765 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 765.  Mallinckrodt also respectfully refers the Court to the website cited in Paragraph 765 for its

complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

766.     Paragraph 766 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 766.

767.     Paragraph 767 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 767.

768.     Paragraph 768 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 768.

769.     Paragraph 769 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 769.

770.    Paragraph 770 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 770.

771.    Paragraph 771 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 771.

772.    Paragraph 772 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 772.

773.    Paragraph 773 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in 773.  Mallinckrodt respectfully refers the Court to the CDC Guidelines mentioned in Paragraph 773 for its complete content, which speaks for itself, and denies any inaccurate characterizations of the guidelines or their meaning.

774.    No answer is required to Paragraph 774 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 774 and therefore denies the allegations.

775.    No answer is required to Paragraph 775 as it asserts no allegations against Mallinckrodt.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 775 and therefore denies the allegations.

776.    Paragraph 776 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 776.

777.    Paragraph 777 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 777.

778.    Paragraph 778 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing

Defendants," "Opioid Marketing Enterprise," or "Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 778.

### 2. The Conduct of the Opioid Marketing Enterprise Violated Civil RICO

779.    Paragraph 779 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 779 and in the heading immediately preceding 779.

780.    Paragraph 780 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 780.

781.    Paragraph 781 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 781.

782.    Paragraph 782 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 782. Mallinckrodt respectfully refers the Court to the document quoted in Paragraph 782 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that document or its meaning.

783.    Paragraph 783 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 783.

784.    Paragraph 784 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 784.

### 3.    The RICO Marketing Defendants Controlled and Paid Front Groups and KOLs to Promote and Maximize Opioid Use

785.    Paragraph 785 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing

Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 785 and the heading immediately preceding Paragraph 785.

786.     Paragraph 786 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 786.

787.     Paragraph 787 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 787.

**4.     Pattern of Racketeering Activity**

788.     Paragraph 788 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 788 and in the heading immediately preceding Paragraph 788.

789.     Paragraph 789 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing

Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 789.

790.     Paragraph 790 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 790.

791.     Paragraph 791 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 791.

792.     Paragraph 792 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 792.

793.     Paragraph 793 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing

Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 793.

794.    Paragraph 794 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 794.

795.    Paragraph 795 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 795.

796.    Paragraph 796 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 796.

797.    Paragraph 797 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 797.

798.    Paragraph 798 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 798.

### B.    The Opioid Supply Chain Enterprise

799.    Paragraph 799 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 799.  Mallinckrodt respectfully refers the Court to the website quoted in Paragraph 799 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

800.    Paragraph 800 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 800.  Mallinckrodt respectfully refers the Court to the CSA, which speaks for itself, and denies any inaccurate characterizations of the CSA or its meaning.

801.　　Paragraph 801 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 801.  Mallinckrodt respectfully refers the Court to the CSA, which speaks for itself, and denies any inaccurate characterizations of that statute or its meaning.

802.　　Paragraph 802 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 802. Mallinckrodt respectfully refers the Court to the CSA and RICO statutes mentioned in Paragraph 802, which speak for themselves, and denies any inaccurate characterizations of those statutes or their meaning.

803.　　Paragraph 803 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 803.  Mallinckrodt respectfully refers the Court to the guidelines and testimony mentioned in Paragraph 803 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the guidelines and testimony or their meaning.

804.     Paragraph 804 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 804.

805.     Paragraph 805 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 805.  Mallinckrodt respectfully refers the Court to the CSA, which speaks for itself, and denies any inaccurate characterizations of the CSA or its meaning.

806.     Paragraph 806 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 806.

807.     Paragraph 807 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 807.  Mallinckrodt respectfully

refers the Court to the websites cited in Paragraph 807 for their complete content, which speaks for itself, and denies any inaccurate characterizations of those websites or their meaning

808.    Paragraph 808 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 808. Mallinckrodt respectfully refers the Court to the CSA and Code of Federal Regulations mentioned in Paragraph 808 for their complete content, which speaks for itself, and denies any inaccurate characterizations of the CSA and Code of Federal Regulations or their meaning.

809.    Paragraph 809 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 809.

810.    Paragraph 810 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 810.

811.    Paragraph 811 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 811.

812.    Paragraph 812 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 812.

813.    Paragraph 813 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 813.  Mallinckrodt respectfully refers the Court to 21 U.S.C.  § 827, 21 U.S.C.  § 823, and 21 C.F.R.  § 1301.74, which speak for themselves, and denies any inaccurate characterizations of those statutes and regulations or their meaning.

814.    Paragraph 814 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 814.

815.    Paragraph 815 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 815.

816.    Paragraph 816 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 816.

817.    Paragraph 817 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 817.

818.    Paragraph 818 asserts allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 818.

819.    Paragraph 819 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 819.

820.     Paragraph 820 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 820.

821.     Paragraph 821 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 821.

822.     Paragraph 822 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 822.

823.     Paragraph 823 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

824.     Paragraph 824 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO

Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 824.

825.     Paragraph 825 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 825. Mallinckrodt respectfully refers the Court to 21 C.F.R. § 1301.74, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff's to paraphrase or characterize that regulation.

826.     Paragraph 826 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 826.

827.     Paragraph 827 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 827.

## CLAIMS FOR RELIEF

## <u>FIRST CLAIM FOR RELIEF</u>

**Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Marketing Enterprise
(Against Defendants Purdue, Cephalon, Janssen, Endo, and Mallinckrodt (the "RICO
Marketing Defendants"))**

828.     Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

829.     Paragraph 829 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 829.  Mallinckrodt respectfully refers the Court to 18 U.S.C.  §§ 1962(c) and 1962(d), which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

830-837.  Paragraphs 830-837 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 830-837.

838-839.  Paragraphs 838-839 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO

Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 838-839. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

840.    Paragraph 840 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 840. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1961(1), 18 U.S.C. § 1341, and 18 U.S.C. § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

841-846.    Paragraphs 841-846 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 841-846.

847.    Paragraph 847 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the

allegations in Paragraph 847. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

848. Paragraph 848 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 848.

849. Paragraph 849 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required. To the extent an answer is required, Mallinckrodt denies the allegations.

850-851. Paragraphs 850-851 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 850-851. Mallinckrodt respectfully refers the Court to the case cited for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that case.

852-853. Paragraphs 852-853 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO

Marketing Defendants" or "Opioid Marketing Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 852-853.

854.    Paragraph 854 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

855.    Paragraph 855 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

## SECOND CLAIM FOR RELIEF

**Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Supply Chain Enterprise
(Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis,
McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants"))**

856.    Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

857.    Paragraph 857 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 857. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1961(3), which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

858.    Paragraph 858 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain

Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 858.  Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1961, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

859.     Paragraph 859 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 859.  Mallinckrodt respectfully refers the Court to the website cited in Paragraph 859 for its complete content, which speaks for itself, and denies any inaccurate characterizations of that website or its meaning.

860.     Paragraph 860 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 860.

861.     Paragraph 861 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies

the allegations in Paragraph 861.  Mallinckrodt respectfully refers the Court to 18 U.S.C.  § 1961(1), 18 U.S.C.  § 1341, and 18 U.S.C.  § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

862.    Paragraph 862 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 862.  Mallinckrodt respectfully refers the Court to 18 U.S.C.  § 1341 and 18 U.S.C.  § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

863.    Paragraph 863 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 863.  Mallinckrodt respectfully refers the Court to 21 U.S.C. § 802,[2] which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

864.    Paragraph 864 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

---

[2] Although the FAC refers to "section 102 of the Controlled Substance Act," this appears to be a typographical error. The Controlled Substances Act does not contain a section 102, and instead contains definitions in section 802.

other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 864. Mallinckrodt respectfully refers the Court to 21 U.S.C. § 843(a)(4) and 21 U.S.C. § 843(d)(1), which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

865.    Paragraph 865 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 865. Mallinckrodt respectfully refers the Court to 21 U.S.C. § 823 and 21 C.F.R. § 1301.74(b), which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute and regulation.

866.    Paragraph 866 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 866. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1961(1), 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 21 U.S.C. § 843, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

867.    Paragraph 867 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge

or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 867.

868.     Paragraph 868 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 868. Mallinckrodt respectfully refers the Court to 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

869-874.  Paragraphs 869-874 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants," "RICO Supply Chain Defendants," or "Opioid Supply Chain Enterprise" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 869-874.

875.     Paragraph 875 asserts legal conclusions and relates to Plaintiff's characterizations of its claims and thus no answer is required.

876-877.  Paragraphs 876-877 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants,

"RICO Supply Chain Defendants," or "Opioid Supply Chain Enterpirse" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 876-877.

878. Paragraph 878 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 878. Mallinckrodt respectfully refers the Court to the CSA and the Code of Federal Regulations, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes.

879. Paragraph 879 asserts legal conclusions to which no answer is required. To the extent an answer is required, Mallinckrodt denies any allegations directed at Mallinckrodt.

880-882. Paragraphs 880-882 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 880-882. Mallinckrodt respectfully refers the Court to the cases cited in Paragraphs 880-882 for their complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those cases.

883. Paragraph 883 asserts legal conclusions to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

884-885.  Paragraphs 884-885 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "RICO Supply Chain Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 884-885.

886.  Paragraph 886 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

887.  Paragraph 887 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

### THIRD CLAIM FOR RELIEF

**Public Nuisance
Federal Common Law
(Against All Defendants)**

888.  Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

889.  Paragraph 889 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the case cited for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that case.

890.  Paragraph 890 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the restatement and case cited for their complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize the restatement or that case.

891.    Paragraph 891 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the cases cited for their complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those cases.

892-897.  Paragraphs 892-897 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 892-897.

897-898.  Paragraphs 897-898 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations in Paragraph 897-898.

899-903.  Paragraphs 899-903 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 899-903.

904.    Paragraph 904 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 904.

905-906.  Paragraphs 905-906 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks

knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 905-906.

907.    Paragraph 907 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 907.

908-911.  Paragraphs 908-911 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 908-911.

912.    Paragraph 912 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

## FOURTH CLAIM FOR RELIEF

### State Common Law Public Nuisance
### (Against All Defendants)

913.    Paragraph 913 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 913.

914.    Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

915.    Paragraph 915 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 915.

916.    Paragraph 916 asserts legal conclusions to which no answer is required.

917-918.  Paragraphs 917-918 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 917-918.

919.    Paragraph 919 asserts legal conclusions to which no answer is required.

920.    Paragraph 920 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the case cited for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff  to paraphrase or characterize that case.

921.    Paragraph 921 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the case cited for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that case.

922.    Paragraphs 922-925 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining

to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 922-925.

926.     Paragraph 926 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 926.  Mallinckrodt respectfully refers the Court to the restatement for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize the restatement.

927.     Paragraph 927 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 927.

928.     Paragraph 928 asserts legal conclusions  and allegations to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 928.

929-930.  Paragraphs 929-930 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 929-930.

931.    Paragraph 931 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 926.  Mallinckrodt respectfully refers the Court to 21 U.S.C.A. § 823, 21 C.F.R. § 1301.74, MONT. CODE ANN. § 37-7-604, and MONT. ADMIN. R. 24.174.1201, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize the statutes or regulations.

932-934.  Paragraphs 932-934 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 932-934.

935-937.  Paragraphs 935-937 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 935-937.

938-939.  Paragraphs 938-939 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 938-939.

940.    Paragraph 940 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 940.

941.    Paragraph 941 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 941.

942.    Paragraph 942 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 942.

943-950.  Paragraphs 943-950 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 943-950.

951.     Paragraph 951 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

952.     Paragraph 952 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 952.

953-954.  Paragraphs 953-954 relate to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraphs 953-954.

955-958.  Paragraphs 955-958 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 955-958.

959.     Paragraph 959 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 959.

960.    Paragraph 960 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

### FIFTH CLAIM FOR RELIEF

**Statutory Public Nuisance**
**(Against All Defendants)**

961.    Paragraph 961 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 961.

962.    Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

963.    Paragraph 963 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to MONT. CODE ANN. § 27-30-101(1), which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

964.    Paragraph 964 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to MONT. CODE ANN. § 27-30-102(1), which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

965.    Paragraph 965 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to MONT. CODE ANN. §

27-30-103, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

966-970.  Paragraphs 966-970 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 966-970.

971.    Paragraph 971 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the allegations in Paragraph 971.

972.    Paragraph 972 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 972.

973.    Paragraph 973 merely states Plaintiff's request for "abatement, recovery of abatement costs, injunctive relief, and to prevent injury and annoyance from any nuisance" to which no answer is required.

974.    Paragraph 974 merely states Plaintiff's request for "all other legal and equitable relief as allowed by law" to which no answer is required.

### SIXTH CLAIM FOR RELIEF

**Negligence and Negligent Misrepresentation**
**(Against All Defendants)**

975.    Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

976.    Paragraph 976 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 976.

977.    Paragraph 977 asserts legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 977.

978-982.  Paragraphs 978-982 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 978-982.

983.    Paragraph 983 asserts legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 983.

984.    Paragraph 984 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 984.

985-988.  Paragraphs 985-988 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 985-988

989-991.  Paragraphs 989-991 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 989-991.

992-995.  Paragraphs 992-995 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 992-995.

996.    Paragraph 996 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 996.

997.    Paragraph 997 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 997.

998-999.  Paragraphs 998-999 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 998-999.

1000.  Paragraph 1000 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1000.

1001-1005.  Paragraphs 1001-1005 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1001-1005.

1006.  Paragraph 1006 asserts legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1006.

1007-1008.  Paragraphs 1007-1008 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1007-1008.

1009.  Paragraph 1009 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1009.  Mallinckrodt respectfully refers the Court to 21 U.S.C. § 823, 21 C.F.R. 1301.74, MONT. CODE ANN. § 37-7-604, and MONT. ADMIN. R. 24.174.1201, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes and regulations.

1010.  Paragraph 1010 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1010.  Mallinckrodt respectfully refers the Court to 1 U.S.C. §§ 823(a)(1), (b)(1) and 21 C.F.R. § 1301.74(b), which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes and regulations.

1011.   Paragraph 1011 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1011.  Mallinckrodt respectfully refers the Court to the cases cited for their complete content, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterizes those cases.

1012.   Paragraph 1012 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1012.  Mallinckrodt respectfully refers the Court to 21 U.S.C. § 823(b), (e) and 28 C.F.R. § 0.100, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes and regulations.

1013-1016.   Paragraphs 1013-1016 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1013-1016.

1017.   Paragraph 1017 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.   To the extent "Defendants" or

"Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1017.

1018-1020. Paragraphs 1018-1020 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1018-1020.

1021. Paragraph 1021 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1021. Mallinckrodt respectfully refers the Court to 21 U.S.C. §§ 823 and 827(d)(1), 21 C.F.R. §§ 1301.74, 1304.21, 1304.22, and 1304.33(e), and Montana law, including, but not limited to, MONT. CODE ANN. § 37-7-604; and MONT. ADMIN. R. 24.174.1201, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize those statutes, regulations, and rules.

1022-1029. Paragraphs 1022-1029 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1022-1029.

1030.   Paragraph 1030 asserts legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1030.

1031-1033.   Paragraphs 1031-1033 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1031-1033.

1034.   Paragraph 1034 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1034.

1035-1036.   Paragraphs 1035-1036 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1035-1036.

1037.   Paragraph 1037 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies the allegations. Mallinckrodt respectfully refers the Court to the case cited for its complete content, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that case or its meaning.

1038.   Paragraph 1038 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1038.

1039-1048.     Paragraphs 1039-1048 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1039-1048.

1049.   Paragraph 1049 merely states Plaintiff's request for "economic losses" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

1050.   Paragraph 1050 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

### SEVENTH CLAIM FOR RELIEF

**Common Law Fraud**
**(Against the Marketing Defendants)**

1051.   Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

1052.   Paragraph 1052 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities

other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1052.

1053.   Paragraph 1053 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1053.

1054.   Paragraph 1054 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1054.

1055-1057.   Paragraphs 1055-1057 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1055-1057.

1058.   Paragraph 1058 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1058.

1059-1061.  Paragraphs 1059-1061 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1059-1061.

1062.  Paragraph 1062 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1062.

1063.  Paragraph 1063 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1063.

1064-1065.  Paragraphs 1064-1065 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1064-1065.

1066. Paragraph 1066 relates to Plaintiff's characterizations of its claims and thus no answer is required. To the extent an answer is required, Mallinckrodt denies the allegations.

1067. Paragraph 1067 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1067.

1068. Paragraph 1068 asserts legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1068.

1069. Paragraph 1069 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required. To the extent an answer is required, Mallinckrodt denies the allegations.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment
### (Against All Defendants)

1070. Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

1071-1072. Paragraphs 1071-1072 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent

"Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1071-1072.

1073.   Paragraph 1073 asserts legal conclusions to which no answer is required.

1074.   Paragraph 1074 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1074.

1075.   Paragraph 1075 relates to Plaintiff's characterizations of its claims and thus no answer is required.   To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1076-1084.   Paragraphs 1076-1084 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1076-1084.

1085.   Paragraph 1085 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1085.

1086.   Paragraph 1086 merely states Plaintiff's request for relief to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations in Paragraph 1086.

## NINTH CLAIM FOR RELIEF

### Civil Conspiracy
### (Against All Defendants)

1087.   Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

1088-1089.   Paragraphs 1088-1089 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1088-1089.

1090.   Paragraph 1090 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1090.

1091-1103.   Paragraphs 1091-1103 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent

"Defendants" or "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1091-1103.

1104.   Paragraph 1104 relates to Plaintiff's characterizations of its claims and thus no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

1105.   Paragraph 1105 merely states Plaintiff's request for "economic losses" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

1106.   Paragraph 1106 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

## TENTH CLAIM FOR RELIEF

### Violations Of Montana Unfair Trade Practices and Consumer Protection Act, MCA § 30-14-101, *et seq*.
### (Against All Defendants)

1107.   Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

1108.   Paragraph 1108 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to the Montana Consumer Protection Act ("MCPA") and its implementing regulations, which speak for themselves, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute and regulations or their meaning.

1109-1110.   Paragraphs 1109-1110 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent

147

"Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1109-1110.

1111.  Paragraph 1111 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1111.  Mallinckrodt respectfully refers the Court to the MCPA, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff's to paraphrase or characterize that statute.

1112.  Paragraph 1112 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Marketing Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1112.

1113-1114.  Paragraphs 1113-1114 assert legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1113-1114.

1115.  Paragraph 1115 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to Blackfeet Tribe

Consumer Protection law, Chapter 2, Consumer Sales Practices, Section 3.B.1., which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

1116.   Paragraph 1116 asserts legal conclusions to which no answer is required.  To the extent an answer is required, Mallinckrodt respectfully refers the Court to Blackfeet Tribe Consumer Protection law, Chapter 2, Consumer Sales Practices, Section 4.C., which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

1117.   Paragraph 1117 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1117.

1118.   Paragraph 1118 asserts legal conclusions and allegations that include third parties to which no answer is required.  To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations.  To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraph 1118.  Mallinckrodt respectfully refers the Court to the MCPA, which speaks for itself, and Mallinckrodt denies any attempt by Plaintiff to paraphrase or characterize that statute.

1119.   Paragraph 1119 merely states Plaintiff's request for "all legal and equitable relief as allowed by law" to which no answer is required.  To the extent an answer is required, Mallinckrodt denies the allegations.

## PUNITIVE DAMAGES

1120.   Mallinckrodt incorporates by reference its answers to all other paragraphs with the same legal force and effect as if fully set forth at length herein.

1121-1123. Paragraphs 1121-1123 assert legal conclusions and allegations that include third parties to which no answer is required. To the extent an answer is required, Mallinckrodt lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to entities other than Mallinckrodt and therefore denies the allegations. To the extent "Defendants" pertains to Mallinckrodt, Mallinckrodt denies the allegations in Paragraphs 1121-1123.

## PRAYER FOR RELIEF

1124. Mallinckrodt denies the allegations that Plaintiff's are entitled to relief and denies any allegations in the Prayer for Relief.

1125. Any remaining allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to allege sufficient facts to state a claim upon which relief can be granted, and fails to plead a legally cognizable injury.

### Second Affirmative Defense

Plaintiff has not pled averments of fraud with the required particularity.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or part by the applicable statute of limitations and/or the equitable doctrine of laches.

### Fourth Affirmative Defense

Plaintiff has failed to join one or more necessary and indispensable parties, including without limitation, healthcare providers, prescribers, patients, government agencies, and other third parties who have engaged in, or failed to reasonably prevent, unauthorized or illicit prescribing, dispensing, diversion, or use of prescription opioid medications or illicit drugs.

**Fifth Affirmative Defense**

Plaintiff's claims are barred because they are preempted by federal law and regulation, including by the U.S. Food, Drug, and Cosmetic Act (FDCA), the Controlled Substances Act (CSA), the regulations promulgated pursuant the FDCA and CSA, and the Supremacy Clause of the United States Constitution.   To the extent the Plaintiff's claims are based on alleged misrepresentations made to the U.S. Food and Drug Administration ("FDA") or Drug Enforcement Agency ("DEA"), such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

**Sixth Affirmative Defense**

Any claims pertaining to generic medicines are preempted, as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharmaceuticals Co. v. Bartlett*, 570 U.S. 472 (2013).

**Seventh Affirmative Defense**

Plaintiff's claims regarding TIRF medicines are barred, in whole or in part, by the FDA-approved TIRF REMS program, including, but not limited to, the requirements imposed on prescribers of TIRF medicines and patients.

**Eighth Affirmative Defense**

The opioid medications at issue were manufactured, distributed, and labeled in accordance with the provisions of federal law and state law, including the FDCA, the CSA, and the regulations promulgated pursuant thereto.

**Ninth Affirmative Defense**

Statements in branded or unbranded materials comporting with FDA-approved uses are not misleading as a matter of law or otherwise actionable.

### Tenth Affirmative Defense

Plaintiff's claims are barred and/or this Court should defer this matter to the FDA and/or DEA, in whole or in part, pursuant to the doctrine of primary jurisdiction.

### Eleventh Affirmative Defense

Plaintiff's claims are barred or limited by the separation of powers doctrine.

### Twelfth Affirmative Defense

Plaintiff improperly joined Mallinckrodt as a Defendant under Rule 20 of the Federal Rules of Civil Procedure because the claims against Mallinckrodt do no arise out of the same transaction, occurrence, or series of transactions as required under Rule 20.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because Mallinckrodt's conduct conformed with the FDCA, the regulations of the FDA, the CSA, and the regulations of the DEA.

### Fourteenth Affirmative Defense

Plaintiff improperly relies on letters or other informal guidance from the DEA to establish Mallinckrodt's regulatory duties, but informal guidance from the DEA cannot enlarge Mallinckrodt's regulatory duties in the absence of compliance by DEA with the requirements in the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

### Fifteenth Affirmative Defense

The doctrines of estoppel, including equitable estoppel, and/or waiver bar Plaintiff's claims.

### Sixteenth Affirmative Defense

The representations or statements that Plaintiff alleged that Mallinckrodt made were true and accurate at the time made and/or otherwise made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable provisions of the United States Constitution and the Constitution of Montana, including but not limited to the First Amendment to the United States Constitution and Article II, §§ 4-7 of the Constitution of Montana, and applicable provisions of any other State whose laws may apply.  In addition, Mallinckrodt's alleged statements are protected as commercial speech and the *Noerr-Pennington* doctrine provides protection for alleged statements in any judicial, legislative, or administrative proceedings.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred by the learned intermediary doctrine.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred by the sophisticated user doctrine.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the provision of informed consent to patients.

### Twenty-First Affirmative Defense

Plaintiff's common law and public nuisance claims have been abrogated by MONT. CODE ANN. 27-1-719.

### Twenty-Second Affirmative Defense

Plaintiff's injury through criminal acts claims fail because there has been no relevant criminal conviction.

### Twenty-Third Affirmative Defense

Plaintiff's alleged loss, damage, injury, harm, or expense, if any, was caused in whole or in part by Plaintiff's ratification of any alleged misconduct, including under the voluntary payment doctrine.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk, contributory negligence, and open and obvious danger.

### Twenty-Fifth Affirmative Defense

Plaintiff has failed to take appropriate and necessary steps to monitor or mitigate any damages.

### Twenty-Sixth Affirmative Defense

Plaintiff may not recover because the methods, standards, or techniques of designing, manufacturing, labeling and distributing the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

### Twenty-Seventh Affirmative Defense

Plaintiff's injuries are too speculative and remote from the alleged wrongful conduct to be a basis for liability as a matter of law and due process.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are moot because the alleged misconduct was not the proximate or legal cause of purported injuries, harm, or damages and/or Plaintiff's injuries, if any, were the result of superseding and/or intervening causes over which Mallinckrodt had no control.  Moreover, the claims set forth in the FAC are barred because the purported injuries, harm, or damages (if any) were caused, in whole or in part, by Plaintiff's own conduct, and/or that of its contractors or agents, which constitutes superseding and intervening cause(s).

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### Thirtieth Affirmative Defense

Plaintiff did not show that the users of opioid medications nor their prescribers relied to their detriment upon any statement made by Mallinckrodt in determining to use the medications at issue.

### Thirty-First Affirmative Defense

Plaintiff failed to plead and cannot establish that it incurred any costs, or any injury was caused as a result of, any opioid prescription promoted or sold by Mallinckrodt that was medically inappropriate or should not have been written, or that any allegedly improper conduct caused any health care provider to write any unnecessary, ineffective or harmful opioid prescriptions.

### Thirty-Second Affirmative Defense

Plaintiff lacks standing to bring its claims and to obtain the relief it seeks (including for its RICO claims).

### Thirty-Third Affirmative Defense

Mallinckrodt is not liable for purported injuries, harm, or damages (if any), that were the result of pre-existing conditions or idiosyncratic reactions to medications and/or occurred by operation of nature or as a result of circumstances over which Mallinckrodt had and continues to have no control.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the alteration, modification, illicit use or misuse by third parties of the opioid medications at issue.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims are barred to the extent they rely on or implicate the negligent, intentional, malicious, criminal, and/or otherwise unlawful acts or omissions of third parties that are not subject to Mallinckrodt's control or authority and for which Mallinckrodt cannot be held liable.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution, including the Dormant Commerce Clause.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims are barred because they violate procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Article II §§ 3, 4, and 17 of the Constitution of Montana, and the right to be free from retroactive or *ex post facto* laws as guaranteed by Article I § 10 of the United States Constitution and Article II 31 of the Constitution of Montana.

### Thirty-Eighth Affirmative Defense

Mallinckrodt's right to fair process (including under the Due Process Clause of the U.S. Constitution and Article II §§ 3, 4, and 17 of the Constitution of Montana) is violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by any use by Plaintiff of a private contingency fee counsel in this action

### Thirty-Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the free public services doctrine and/or municipal cost recovery rule in that Plaintiff is not entitled to recover governmental expenditures as a matter of law.

### Fortieth Affirmative Defense

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

### Forty-First Affirmative Defense

Plaintiff's claims are barred or limited by the economic loss rule.

156

### Forty-Second Affirmative Defense

Plaintiff's claim for unjust enrichment is barred or limited because Mallinckrodt did not receive and retain any alleged benefit from Plaintiff.

### Forty-Third Affirmative Defense

Plaintiff has failed to comply with the requirement that it identifies each patient in whose claim(s) it has a subrogation interest.

### Forty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent it seeks to recover any damages, restitution, costs, or other payments that have been reimbursed, paid or borne by other persons or entities.

### Forty-Fifth Affirmative Defense

Mallinckrodt is entitled to a credit, set-off, or offset for all sums of money received or available from or on behalf of any collateral sources, including tortfeasor(s), for the same injuries alleged in Plaintiff's FAC, including but not limited to any and all settlements Plaintiff may reach with any tortfeasor(s).

### Forty-Sixth Affirmative Defense

To the extent that Plaintiff's alleged injuries, harm, and/or damages were proximately caused or contributed to by Plaintiff's own conduct or the conduct of others, Mallinckrodt is entitled to an individual assessment of fault for each party alleged to have caused any injury, harm, or damage to Plaintiff.

### Forty-Seventh Affirmative Defense

Mallinckrodt's liability must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law.

### Forty-Eighth Affirmative Defense

Plaintiff's claims for punitive damages, statutory damages, civil penalties, and other relief are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I §§ 3, 4, 17, and 22 of the Constitution of Montana.

### Forty-Ninth Affirmative Defense

Plaintiff is not entitled to recover punitive damages in other litigation over the same course of conduct or that exceed twice the amount of compensatory damages. Plaintiff is further not entitled to recover punitive or exemplary damages because Plaintiff's cannot prove by clear and convincing evidence that Mallinckrodt was grossly negligent and Mallinckrodt has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

### Fiftieth Affirmative Defense

Plaintiff is not entitled to attorneys' fees under any applicable provisions of law, including but not limited to Section 54(d) of the Montana Rules of Civil Procedure.

### Fifty-First Affirmative Defense

Plaintiff' is not entitled to any relief in the form of restitution or rescission because it cannot restore the *status quo ante*.

### Fifty-Second Affirmative Defense

Plaintiff's public nuisance claims are barred or limited because, among other reasons, no action of the Mallinckrodt involved interference with real property, illegal conduct perpetrated by third-parties involving the use of an otherwise legal product does not involve a public right against the manufacturer sufficient to state a claim for public nuisance, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged wrongful conduct of the Mallinckrodt is too remote from the alleged "public" injury as a matter of law and due process.

### Fifty-Third Affirmative Defense

Plaintiff's RICO claims are barred, in whole or in part, without limitation, for the following reasons: (1) the absence of the existence of an "enterprise,"  (2) the absence of the existence of an "association," (3) Mallinckrodt did not participate in any "enterprise," (4) Mallinckrodt did not engage in a pattern of racketeering activity under RICO, (5) Mallinckrodt did not knowingly agree to facilitate any schemes that include the operation or management of a RICO enterprise, (6) the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, (7) Mallinckrodt did not commit any predicate acts, (8) the Federal RICO statute is unconstitutionally vague, (9) Plaintiff's alleged damages do not constitute injury to business or property interests, and (10) alleged failure to report and halt suspicious orders under the Controlled Substances Act does not qualify as racketeering activity for purposes of RICO.

### Fifty-Fourth Affirmative Defense

Plaintiff's statutory nuisance claim is barred because the statutes upon which Plaintiff relies, including MONT. CODE ANN. §§ 27-30-101(1), 27-30-103, *et seq*. are unconstitutionally vague.

### Fifty-Fifth Affirmative Defense

Plaintiff is barred from recovering, in whole or in part, by the doctrine of unclean hands.

### Fifty-Sixth Affirmative Defense

Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to Mallinckrodt's good faith reliance on and interpretation of clinical data and medical literature, and the absence of intentional unlawful conduct.

### Fifty-Seventh Affirmative Defense

Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

### Fifty-Eighth Affirmative Defense

Plaintiff has failed to plead or demonstrate any allegations sufficient to support a claim to pierce the corporate veil or to otherwise hold any Mallinckrodt liable merely by virtue of its corporate affiliation with any other defendant.

### Fifty-Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for lack of standing.  Plaintiff has no *parens patriae* or other authority to bring the claims alleged.

### Sixth Affirmative Defense

Plaintiff's claims are barred and should be dismissed as to Mallinckrodt plc because Mallinckrodt plc is an Irish company that has never sold or distributed opioids in the United States or anywhere else and over which no personal jurisdiction exists.

### Sixty-First Affirmative Defense

Mallinckrodt adopts by reference any additional applicable defense pled by any other Mallinckrodt not otherwise pled herein.

### Sixty-Second Affirmative Defense

Mallinckrodt intends to rely upon any other defenses that may become available or apparent during the discovery process in this matter (and that may be asserted by other defendants), and hereby reserves its right to amend the list of affirmative defenses and to assert any such defenses.

### DEFENSES RESERVED

Mallinckrodt hereby gives notice it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves its right to amend its Answer and to assert any such defense.

## **DEMAND FOR JURY TRIAL**

Mallinckrodt demands a trial by jury and reserves all rights as to the format and structure of any trial to the extent Plaintiff is permitted to proceed on any of its claims.

Dated: July 26, 2019

/s/ Brien T. O'Connor

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, a copy of the foregoing **Answer to Plaintiff's Corrected First Amended Complaint** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: July 26, 2019

*/s/ Brien T. O'Connor*

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC*

1