**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45459 | MDL No. 2804<br><br><br>Hon. Dan Aaron Polster |

**DEFENDANT MCKESSON CORPORATION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant McKesson Corporation ("McKesson"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the First Amended Complaint ("Complaint") filed in this action by Plaintiff:

**PRELIMINARY STATEMENT**

The following matters are incorporated into responses to each paragraph of the Complaint:

A.      McKesson submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "McKesson" to refer exclusively to McKesson Corporation's U.S. Pharmaceutical Distribution business.  Where allegations are made against "Defendants" as a group, however described, the responses of McKesson apply only to McKesson.

B.      Most of the allegations in the Complaint are not directed at McKesson and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.      The Complaint contains purported references to documents and third-party

1

publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and McKesson respectfully refers the Court to the respective materials for their complete contents.

D.     The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim. *See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim). The Court has also dismissed Plaintiff's negligence *per se* claims. *Id.* McKesson avers that any allegations pertaining to Plaintiff's claims under the Lanham Act or relating to negligence *per se* do not require a response. To the extent a response is required, McKesson denies the allegations.

E.     Except as otherwise expressly stated herein, McKesson denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, and illustrations of the Complaint, and specifically denies liability to Plaintiff. To the extent not expressly denied, all allegations for which McKesson denies possessing knowledge or information sufficient to form a belief are denied.

F.     McKesson reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING THE INTRODUCTION

1.      McKesson admits that prescription opioids may be prescribed by a licensed physician for the treatment of pain.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, on that basis, denies those allegations.

2.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies those allegations.

3.      McKesson denies the allegations of Paragraph 3 insofar as it relates to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 pertaining to other Defendants and, on that basis, denies those allegations.

4.      McKesson avers that the allegations in Paragraph 4 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.      McKesson avers that the allegations in Paragraph 5 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies those allegations.

6.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies those allegations.

7.      McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies those allegations.

8.      McKesson admits that diversion may occur when intervening acts result in controlled substances reaching end-users other than those to whom they are legitimately prescribed. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies those allegations.

9.      McKesson admits that it has business relationships with certain manufacturers. McKesson further admits that it distributes pharmaceutical products to licensed pharmacies and other licensed dispensaries, such as hospitals. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, on that basis, denies those allegations.

10.     McKesson avers that the allegations in Paragraph 10 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies those allegations.

11.     McKesson denies the allegations of the first and last sentences of Paragraph 11. McKesson avers that the second sentence of Paragraph 11 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the remaining allegations in Paragraph 11.

12.     McKesson avers that the allegations in Paragraph 12 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations.

13.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis, denies those allegations.

14.     McKesson avers that the allegations of Paragraph 14 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, on that basis, denies those allegations.

15.     McKesson denies the allegations of the first sentence of Paragraph 15 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, denies those allegations.

16.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis, denies those allegations.

17.     McKesson avers that the allegations in the fourth sentence of Paragraph 17 are not directed to McKesson and therefore do not require a response.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, on that basis, denies those allegations.

18.     McKesson denies the allegations of the first sentence of Paragraph 18 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, on that basis, denies those allegations.

19.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies those allegations.

20.     McKesson denies the allegations of the first sentence of Paragraph 20 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies those allegations.

21.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies those allegations.

22.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies those allegations.

23.     McKesson admits that Plaintiff brought this action as described in Paragraph 23. McKesson otherwise denies the allegations of Paragraph 23, including any implication that McKesson is liable to Plaintiff or that Plaintiff is entitled to any relief.

24.     McKesson admits that Plaintiff is seeking the forms of relief listed in Paragraph 24. McKesson otherwise denies the allegations of Paragraph 24, including any implication that McKesson is liable to Plaintiff or that Plaintiff is entitled to any relief.

## ANSWERING THE ALLEGATIONS REGARDING THE PARTIES

25.     McKesson admits that Plaintiff is a federally recognized Indian tribe based within the state of Oklahoma.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis, denies those allegations.

26.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, denies those allegations.

27.     McKesson admits that Plaintiff initiated this litigation through its Attorney General. McKesson avers that Paragraph 27 otherwise states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the remaining allegations of Paragraph 27.

28.     McKesson avers that the allegations in Paragraph 28 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies those allegations.

29.     McKesson avers that the allegations in Paragraph 29 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies those allegations.

30.     McKesson avers that the allegations in Paragraph 30 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies those allegations.

31.     McKesson avers that the allegations in Paragraph 31 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies those allegations.

32.     McKesson avers that the allegations in Paragraph 32 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies those allegations.

33.     McKesson avers that the allegations in Paragraph 33 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies those allegations.

34.     McKesson avers that the allegations in Paragraph 34 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies those allegations.

35.     McKesson avers that the allegations in Paragraph 35 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies those allegations.

36.     McKesson avers that the allegations in Paragraph 36 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies those allegations.

37.     McKesson avers that the allegations in Paragraph 37 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies those allegations.

38.     McKesson avers that the allegations in Paragraph 38 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies those allegations.

39.     McKesson avers that the allegations in Paragraph 39 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies those allegations.

40.     McKesson avers that the allegations in Paragraph 40 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies those allegations.

41.     McKesson avers that the allegations in Paragraph 41 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies those allegations.

42.     McKesson avers that the allegations in Paragraph 42 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies those allegations.

43.     McKesson avers that the allegations in Paragraph 43 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies those allegations.

44.     McKesson admits that it is a corporation organized and existing under Delaware law; that at the time of the filing of this complaint, its principal place of business was in California;[1]

---

[1]     Effective April 1, 2019, McKesson's principal place of business is in Texas.

and that it is authorized to conduct business in Oklahoma.  McKesson further admits that it operates a wholesale distributor of pharmaceutical drugs, including prescription opioids, in the State of Oklahoma.  McKesson denies the remaining allegations of Paragraph 44.

45.     McKesson avers that the allegations in Paragraph 45 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies those allegations.

46.     McKesson avers that the allegations in Paragraph 46 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies those allegations.

47.     McKesson avers that the allegations in Paragraph 47 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies those allegations.

48.     McKesson avers that the allegations in Paragraph 48 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies those allegations.

49.     McKesson avers that the allegations in Paragraph 49 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies those allegations.

50.     McKesson avers that the allegations in Paragraph 50 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies those allegations.

51.     McKesson avers that the allegations in Paragraph 51 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies those allegations.

52.     McKesson avers that the allegations in Paragraph 52 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies those allegations.

53.     McKesson avers that the allegations in Paragraph 53 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies those allegations.

54.     McKesson avers that the allegations in Paragraph 54 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies those allegations.

55.     McKesson avers that the allegations in Paragraph 55 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies those allegations.

56.     McKesson avers that the allegations in Paragraph 56 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies those allegations.

57.     McKesson avers that the allegations in Paragraph 57 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies those allegations.

58.     McKesson avers that the allegations in Paragraph 58 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies those allegations.

59.     McKesson avers that the allegations in Paragraph 59 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies those allegations.

60.     McKesson avers that the allegations in Paragraph 60 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies those allegations.

61.     McKesson avers that the allegations in Paragraph 61 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies those allegations.

62.     McKesson admits that it entered into settlement agreements with the Department of Justice ("DOJ") in 2008 and 2017 to resolve certain claims against the company. McKesson denies the remaining allegations of Paragraph 62 insofar as they relate to McKesson, including Plaintiff's characterization of the settlement agreements and the allegation that McKesson failed to comply with its legal obligations. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 62 and, on that basis, denies those allegations.

63.     McKesson avers that the allegations in Paragraph 63 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies those allegations.

64.     McKesson avers that the allegations in Paragraph 64 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies those allegations.

65.     McKesson avers that the allegations in Paragraph 65 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies those allegations.

66.     McKesson avers that the allegations in Paragraph 66 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies those allegations.

67.     McKesson avers that the allegations in Paragraph 67 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies those allegations.

68.     McKesson avers that the allegations in Paragraph 68 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies those allegations.

69.     McKesson avers that the allegations in Paragraph 69 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies those allegations.

70.     McKesson avers that the allegations in Paragraph 70 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies those allegations.

71.     McKesson avers that the allegations in Paragraph 71 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies those allegations.

72.     McKesson avers that the allegations in Paragraph 72 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies those allegations.

73.     McKesson avers that the allegations in Paragraph 73 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies those allegations.

74.     McKesson avers that the allegations in Paragraph 74 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies those allegations.

75.     McKesson avers that the allegations in Paragraph 75 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies those allegations.

76.     McKesson avers that the allegations in Paragraph 76 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies those allegations.

77.     McKesson avers that the allegations in Paragraph 77 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies those allegations.

78.     McKesson avers that the allegations in Paragraph 78 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies those allegations.

79.     McKesson avers that the allegations in Paragraph 79 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies those allegations.

80.     McKesson avers that the allegations in Paragraph 80 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies those allegations.

81.     McKesson avers that the allegations in Paragraph 81 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies those allegations.

82.     McKesson avers that the allegations in Paragraph 82 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies those allegations.

83.     McKesson avers that the allegations in Paragraph 83 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies those allegations.

84.     McKesson avers that the allegations in Paragraph 84 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies those allegations.

85.     McKesson avers that the allegations in Paragraph 85 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies those allegations.

86.     McKesson avers that the allegations in Paragraph 86 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies those allegations.

87.     McKesson avers that the allegations in Paragraph 87 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies those allegations.

88.     McKesson avers that the allegations in Paragraph 88 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies those allegations.

89.     McKesson avers that the allegations in Paragraph 89 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies those allegations.

90.     McKesson avers that the allegations in Paragraph 90 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies those allegations.

91.     McKesson avers that the allegations in Paragraph 91 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies those allegations.

92.     McKesson avers that the allegations in Paragraph 92 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies those allegations.

## ANSWERING THE JURISDICTION AND VENUE ALLEGATIONS

93.     McKesson avers that the allegations of Paragraph 93 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that

this Court has subject-matter jurisdiction over this action, except to the extent that Plaintiff lacks standing to assert its claims, and denies any further allegations in Paragraph 93.

94. McKesson avers that the allegations of Paragraph 94 state legal conclusions to which no response is required. To the extent that a response is required, McKesson admits that the Federal Court for the Northern District of Ohio, where this suit was filed, has personal jurisdiction over McKesson. McKesson further admits that it distributes pharmaceutical products, including prescription opioids, nationwide, including Oklahoma. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94, and on that basis, denies those allegations.

95. McKesson avers that the allegations of Paragraph 95 state legal conclusions to which no response is required. McKesson denies the allegations of Paragraph 95 insofar as they pertain to the conduct of McKesson. As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis, denies those allegations.

## ANSWERING THE FACTUAL ALLEGATIONS

96. McKesson admits that prescription opioids may be prescribed by a licensed physician for the treatment of pain and that prescription opioids are regulated as controlled substances. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and, on that basis, denies those allegations.

97. McKesson admits that prescription opioids are regulated as controlled substances. McKesson avers that the remaining allegations in Paragraph 97 are legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the remaining allegations in this paragraph and respectfully refers this Court to the cited statutes and regulations for their true and correct contents.

98.    McKesson avers that the first two sentences of Paragraph 98 contain allegations that are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations. McKesson otherwise denies the allegations of Paragraph 98 insofar as they relate to the conduct of McKesson.  As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis, denies those allegations.

99.    McKesson avers that the allegations in Paragraph 99 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 99 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies those allegations.

100.    McKesson avers that the allegations in Paragraph 100 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 100 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations in Paragraph 100 and respectfully refers this Court to the cited statutes for their true and correct contents.

101.    McKesson avers that the allegations in Paragraph 101 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 101 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies those allegations.

102.     McKesson avers that the allegations in Paragraph 102 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies those allegations.

103.     McKesson avers that the allegations in Paragraph 103 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies those allegations.

104.     McKesson avers that the allegations in Paragraph 104 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies those allegations.

105.     McKesson avers that the allegations in Paragraph 105 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies those allegations.

106.     McKesson avers that the allegations in Paragraph 106 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies those allegations.

107.     McKesson avers that the allegations in Paragraph 107 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies those allegations.

108.    McKesson avers that the allegations in Paragraph 108 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies those allegations.

109.    McKesson avers that the allegations in Paragraph 109 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies those allegations.

110.    McKesson avers that the allegations in Paragraph 110 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies those allegations.

111.    McKesson avers that the allegations in Paragraph 111 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies those allegations.

112.    McKesson avers that the allegations in Paragraph 112 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies those allegations.

113.    McKesson avers that the allegations in Paragraph 113 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies those allegations.

114.    McKesson avers that the allegations in Paragraph 114 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies those allegations.

115.    McKesson avers that the allegations in Paragraph 115 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, denies those allegations.

116.    McKesson avers that the allegations in Paragraph 116 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, on that basis, denies those allegations.

117.    McKesson avers that the allegations in Paragraph 117 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, denies those allegations.

118.    McKesson avers that the allegations in Paragraph 118 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies those allegations.

119.    McKesson avers that the allegations in Paragraph 119 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, on that basis, denies those allegations.

120.    McKesson avers that the allegations in Paragraph 120 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and, on that basis, denies those allegations.

121.    McKesson avers that the allegations in Paragraph 121 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and, on that basis, denies those allegations.

122.    McKesson avers that the allegations in Paragraph 122 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and, on that basis, denies those allegations.

123.    McKesson avers that the allegations in Paragraph 123 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, denies those allegations.

124.     McKesson avers that the allegations in Paragraph 124 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies those allegations.

125.     McKesson avers that the allegations in Paragraph 125 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies those allegations.

126.     McKesson avers that the allegations in Paragraph 126 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, denies those allegations.

127.     McKesson avers that the allegations in Paragraph 127 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies those allegations.

128.     McKesson avers that the allegations in Paragraph 128 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies those allegations.

129.     McKesson avers that the allegations in Paragraph 129 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, denies those allegations.

130.     McKesson avers that the allegations in Paragraph 130 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies those allegations.

131.     McKesson avers that the allegations in Paragraph 131 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies those allegations.

132.     McKesson avers that the allegations in Paragraph 132 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies those allegations.

133.     McKesson avers that the allegations in Paragraph 133 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies those allegations.

134.     McKesson avers that the allegations in Paragraph 134 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies those allegations.

135.     McKesson avers that the allegations in Paragraph 135 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies those allegations.

136.     McKesson avers that the allegations in Paragraph 136 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies those allegations.

137.     McKesson avers that the allegations in Paragraph 137 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies those allegations.

138.     McKesson avers that the allegations in Paragraph 138 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies those allegations.

139.     McKesson avers that the allegations in Paragraph 139 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies those allegations.

140.     McKesson avers that the allegations in Paragraph 140 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies those allegations.

141.    McKesson avers that the allegations in Paragraph 141 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies those allegations.

142.    McKesson avers that the allegations in Paragraph 142 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies those allegations.

143.    McKesson avers that the allegations in Paragraph 143 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies those allegations.

144.    McKesson avers that the allegations in Paragraph 144 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies those allegations.

145.    McKesson avers that the allegations in Paragraph 145 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies those allegations.

146.     McKesson avers that the allegations in Paragraph 146 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies those allegations.

147.     McKesson avers that the allegations in Paragraph 147 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies those allegations.

148.     McKesson avers that the allegations in Paragraph 148 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies those allegations.

149.     McKesson avers that the allegations in Paragraph 149 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies those allegations.

150.     McKesson avers that the allegations in Paragraph 150 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies those allegations.

151.     McKesson avers that the allegations in Paragraph 151 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies those allegations.

152.    McKesson avers that the allegations in Paragraph 152 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies those allegations.

153.    McKesson avers that the allegations in Paragraph 153 are not directed to McKesson. Further, McKesson avers that the allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations in this paragraph and respectfully refers this Court to the cited authority for its true and correct contents.

154.    McKesson avers that the allegations in Paragraph 154 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies those allegations.

155.    McKesson avers that the allegations in Paragraph 155 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies those allegations.

156.    McKesson avers that the allegations in Paragraph 156 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies those allegations.

157.    McKesson avers that the allegations in Paragraph 157 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies those allegations.

158.    McKesson avers that the allegations in Paragraph 158 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies those allegations.

159.    McKesson avers that the allegations in Paragraph 159 are not directed to McKesson and therefore do not require a response.  McKesson also avers that the second sentence of Paragraph 159 states a legal conclusion for which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies those allegations.

160.    McKesson avers that the allegations in Paragraph 160 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies those allegations.

161.    McKesson avers that the allegations in Paragraph 161 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies those allegations.

162.    McKesson avers that the allegations of Paragraph 162 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the existence of any duty in tort to Plaintiff as alleged in Paragraph 162.

163.    McKesson avers that the allegations in Paragraph 163 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 163 insofar as it relates to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 163 and, on that basis, denies those allegations.

164.    McKesson avers that the allegations in Paragraph 164 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 164 insofar as it relates to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 164 and, on that basis, denies those allegations.

165.    McKesson avers that the allegations in Paragraph 165 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 165 insofar as they pertain to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 165 and, on that basis, denies those allegations.

166.    McKesson avers that the allegations in Paragraph 166 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 166 insofar as they pertain to McKesson and respectfully refers the Court to the cited statute for its full and correct contents.  McKesson is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 and, on that basis, denies those allegations.

167.    McKesson avers that the allegations in Paragraph 167 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 167 insofar as they pertain to McKesson and respectfully refers this Court to the cited statute for the true and correct contents of the same. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 and, on that basis, denies those allegations.

168.    McKesson avers that the allegations in Paragraph 168 state legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 168 insofar as they pertain to McKesson and respectfully refers this Court to the cited regulation for the true and correct contents of the same. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 168 and, on that basis, denies those allegations.

169.    McKesson admits that ARCOS includes data relating to controlled substances transactions. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 and, on that basis denies those allegations.

170.    McKesson avers that the allegations in Paragraph 170 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 170 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies those allegations.

171.    McKesson avers that the allegations in Paragraph 171 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 171 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, denies those allegations.

172.    McKesson avers that the allegations in Paragraph 172 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 172 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, denies those allegations.

173.    McKesson avers that the allegations in Paragraph 173 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 173 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, on that basis, denies those allegations.

174.    McKesson avers that the allegations in Paragraph 174 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies those allegations.

175.    McKesson avers that the allegations in Paragraph 175 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 175 state legal conclusions to which no response is required. To the extent that a response is

required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, on that basis, denies those allegations.

176.    McKesson avers that the allegations in Paragraph 176 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies those allegations.

177.    McKesson avers that the allegations in Paragraph 177 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177.

178.    McKesson admits that licensed wholesale distributors are subject to provisions of the federal Controlled Substances Act and the Oklahoma Uniform Controlled Dangerous Substances Act.  McKesson avers that the remaining allegations of Paragraph 178 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

179.    McKesson avers that the first sentence of Paragraph 179 states a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies those allegations as they pertain to McKesson.  McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act, but denies the characterization of those requirements as set forth in the second sentence of Paragraph 179.  McKesson is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 179 pertaining to other Defendants and, on that basis, denies those allegations.

180.     McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act.  McKesson avers that the remaining allegations of Paragraph 180 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

181.     McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act and related regulations.  McKesson avers that the remaining allegations of Paragraph 181 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

182.     McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act and related regulations.  McKesson avers that the remaining allegations of Paragraph 182 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

183.    McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act and related regulations.  McKesson avers that the remaining allegations of Paragraph 183 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them

184.    McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act and related regulations.  McKesson avers that the remaining allegations of Paragraph 184 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

185.    McKesson admits that licensed wholesale distributors are subject to provisions of the Oklahoma Uniform Controlled Dangerous Substances Act and related regulations.  McKesson avers that the remaining allegations of Paragraph 185 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies those allegations insofar as they relate to McKesson; insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those and, on that basis, denies them.

186.    McKesson avers that the allegations in Paragraph 186 are not directed to McKesson and therefore do not require a response.  McKesson also avers that the allegations of Paragraph

186 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 186 as they pertain to McKesson.

187.     McKesson avers that the allegations in Paragraph 187 are not directed to McKesson and therefore do not require a response.  McKesson also avers that the allegations in the last sentence of Paragraph 187 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies those allegations.

188.     McKesson avers that the allegations in Paragraph 188 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 188 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies those allegations.

189.     McKesson avers that the allegations in Paragraph 189 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 189 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies those allegations.

190.     McKesson avers that the allegations in Paragraph 190 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 190 state legal conclusions to which no response is required and respectfully refers this Court to the cited regulations for its full and correct contents.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies those allegations.

191.    McKesson avers that the allegations in Paragraph 191 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 191 state legal conclusions to which no response is required and respectfully refers this Court to the cited regulations for their full and correct contents. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies those allegations.

192.    McKesson avers that the allegations in Paragraph 192 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies those allegations.

193.    McKesson avers that the allegations in Paragraph 193 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies those allegations.

194.    McKesson avers that the allegations in Paragraph 194 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, denies those allegations.

195.    McKesson avers that the allegations in Paragraph 195 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies those allegations.

196.     McKesson avers that the allegations in Paragraph 196 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 196 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies those allegations.

197.     McKesson avers that the allegations in Paragraph 197 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies those allegations.

198.     McKesson avers that the allegations in Paragraph 198 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies those allegations.

199.     McKesson avers that the allegations in Paragraph 199 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 199 state legal conclusions to which no response is required and respectfully refers this Court to the cited statute and regulations for their full and correct contents.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies those allegations.

200.     McKesson denies the allegations of Paragraph 200 as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200 and, on that basis, denies those allegations.

201.    McKesson admits that it had various communications with DEA regarding the federal Controlled Substances Act, but denies the remaining allegations of Paragraph 201 insofar as they relate to McKesson, including Plaintiff's characterizations of those communications. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 and, on that basis denies those allegations.

202.    McKesson admits that it has met with the DEA at certain times, including a briefing from the DEA regarding the federal Controlled Substances Act. McKesson otherwise denies the allegations of Paragraph 202, including Plaintiff's characterization of those meetings, as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 202 and, on that basis denies those allegations.

203.    McKesson admits that it has met with the DEA at certain times, including a briefing from the DEA regarding the federal Controlled Substances Act. McKesson otherwise denies the allegations of Paragraph 203, including Plaintiff's characterization of those meetings, as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 and, on that basis denies those allegations.

204.    McKesson admits that it has met with the DEA at certain times, including a briefing from the DEA regarding the federal Controlled Substances Act. McKesson otherwise denies the allegations of Paragraph 204, including Plaintiff's characterization of those meetings, as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204 and, on that basis denies those allegations.

205.    McKesson admits that the DEA sent letters to registrants dated September 27, 2006 and December 27, 2007 regarding the distribution of controlled substances. McKesson otherwise

denies the allegations of Paragraph 205, including the characterization of the contents of the letters, and respectfully refers this Court to the cited letters for their full and correct contents.

206.    McKesson admits that the HDMA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines: Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson otherwise denies the allegations of Paragraph 206, including Plaintiff's characterization of these guidelines, and respectfully refers the Court to the cited guidelines for their full and correct contents.

207.    McKesson admits that the HDMA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines: Reporting Suspicious Orders and Preventing Diversion of Controlled Substances," which contains the statement quoted in Paragraph 207.  McKesson otherwise denies the allegations of Paragraph 207 and respectfully refers the Court to the cited guidelines for their full and correct contents.

208.    McKesson admits that it has made public statements about its effort to combat opioid abuse. McKesson otherwise denies the allegations of Paragraph 208 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 208 and, on that basis, denies those allegations.

209.    McKesson avers that remaining allegations in Paragraph 209 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies those allegations.

210.     McKesson admits that a McKesson statement quoted in The Washington Post contains the quoted language in Paragraph 210.  McKesson otherwise denies the allegations of Paragraph 210, including any characterization of this statement as fraudulent or misleading.

211.     McKesson avers that Paragraph 211 states legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations insofar as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and, on that basis, denies those allegations.

212.     McKesson admits that it entered into settlement agreements with DOJ in 2008 and 2017 to resolve certain claims against the company. McKesson denies the remaining allegations of Paragraph 212 insofar as they relate to McKesson, including Plaintiff's characterization of those settlement agreements. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 212 and, on that basis, denies those allegations.

213.     McKesson avers that the allegations in Paragraph 213 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, on that basis, denies those allegations.

214.     McKesson avers that the allegations in Paragraph 214 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, on that basis, denies those allegations.

215.    McKesson avers that the allegations in Paragraph 215 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, denies those allegations.

216.    McKesson avers that the allegations in Paragraph 216 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, on that basis, denies those allegations.

217.    McKesson avers that the allegations in Paragraph 217 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and, on that basis, denies those allegations.

218.    McKesson admits that it entered into a 2008 settlement agreement with the U.S. Department of Justice wherein McKesson agreed to pay $13.25 million to resolve certain claims. McKesson further admits that it entered into a 2017 settlement agreement with the U.S. Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims. McKesson otherwise denies the allegations of Paragraph 218, including Plaintiff's characterization of those settlement agreements.

219.    McKesson admits that it entered into a 2008 settlement agreement with the U.S. Department of Justice wherein McKesson agreed to pay $13.25 million to resolve certain claims. McKesson otherwise denies the allegations in Paragraph 219, including Plaintiff's characterization of that settlement agreement.

220.     McKesson admits that it entered into a 2017 settlement agreement with the U.S. Department of Justice wherein McKesson agreed to pay $150 million to resolve certain claims. McKesson otherwise denies the allegations in Paragraph 220, including Plaintiff's characterization of that settlement agreement.

221.     McKesson avers that the allegations in Paragraph 221 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 and, on that basis, denies those allegations.

222.     McKesson avers that the allegations in Paragraph 222 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and, on that basis, denies those allegations.

223.     McKesson avers that the allegations in Paragraph 223 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and, on that basis, denies those allegations.

224.     McKesson avers that the allegations in Paragraph 224 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and, on that basis, denies those allegations.

225.     McKesson avers that the allegations in Paragraph 225 are not directed to McKesson and therefore do not require a response.  Further, McKesson avers that the allegations in Paragraph 225 contain legal conclusions to which no response is required.  To the extent a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and, on that basis, denies those allegations.

226. McKesson avers that the allegations of Paragraph 226 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 226 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 226 and, on that basis, denies those allegations.

227. McKesson avers that the allegations in Paragraph 227 are not directed to McKesson and therefore do not require a response. Further, McKesson avers that the allegations in Paragraph 227 contain legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and, on that basis, denies those allegations.

228. McKesson avers that the allegations in Paragraph 228 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and, on that basis, denies those allegations.

229. McKesson avers that the allegations in Paragraph 229 are not directed to McKesson and therefore do not require a response. To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and, on that basis, denies those allegations.

230. McKesson denies the allegations of Paragraph 230 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 230 and, on that basis, denies those allegations.

231.    McKesson denies the allegations of Paragraph 231 insofar as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 231 and, on that basis, denies those allegations.

232.    McKesson denies the allegations of the first sentence of Paragraph 232 insofar as they relate to McKesson.  McKesson avers that the second sentence of Paragraph 232 contains legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of the second sentence Paragraph 232 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 232 and, on that basis, denies those allegations.

233.    McKesson denies the allegations of Paragraph 233 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 233 and, on that basis, denies those allegations.

234.    McKesson avers that Paragraph 234 contains legal conclusions to which no response is required. To the extent that a response is required, McKesson denies all allegations of Paragraph 234 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234 and, on that basis, denies those allegations.

235.    McKesson denies the allegations of Paragraph 235 insofar as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 235 and, on that basis, denies those allegations.

236.    McKesson denies the allegations of Paragraph 236 insofar as they relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 236 and, on that basis, denies those allegations.

237.    McKesson avers that the allegations in Paragraph 237 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and, on that basis, denies those allegations.

238.    McKesson avers that the allegations in Paragraph 238 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and, on that basis, denies those allegations.

239.    McKesson avers that the allegations in Paragraph 239 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and, on that basis, denies those allegations.

240.    McKesson avers that the allegations in Paragraph 240 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, on that basis, denies those allegations.

241.    McKesson avers that the allegations in Paragraph 241 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 241 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, on that basis, denies those allegations.

242.    McKesson avers that the allegations in Paragraph 242 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and, on that basis, denies those allegations.

243.    McKesson avers that the allegations in Paragraph 243 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and, on that basis, denies those allegations.

244.    McKesson avers that the allegations in Paragraph 244 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 244 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and, on that basis, denies those allegations.

245.    McKesson avers that the allegations in Paragraph 245 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 245 state legal conclusions to which no response is required.  To the extent that a response is

required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and, on that basis, denies those allegations.

246.    McKesson avers that the allegations in Paragraph 246 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 246 state legal conclusions to which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and, on that basis, denies those allegations.

247.    McKesson avers that the allegations in Paragraph 247 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and, on that basis, denies those allegations.

248.    McKesson avers that the allegations in Paragraph 248 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and, on that basis, denies those allegations.

249.    McKesson avers that the allegations in Paragraph 249 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 and, on that basis, denies those allegations.

250.    McKesson avers that the allegations in Paragraph 250 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 250 state legal conclusions to which no response is required.  To the extent that a response is

required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and, on that basis, denies those allegations.

251.    McKesson avers that the allegations in Paragraph 251 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and, on that basis, denies those allegations.

252.    McKesson avers that the allegations in Paragraph 252 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and, on that basis, denies those allegations.

253.    McKesson avers that the allegations in Paragraph 253 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and, on that basis, denies those allegations.

254.    McKesson avers that the allegations in Paragraph 254 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 and, on that basis, denies those allegations.

255.    McKesson avers that the allegations in Paragraph 255 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and, on that basis, denies those allegations.

256.     McKesson avers that the allegations in Paragraph 256 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and, on that basis, denies those allegations.

257.     McKesson avers that the allegations in Paragraph 257 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 257 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 and, on that basis, denies those allegations.

258.     McKesson avers that the allegations in Paragraph 258 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 258 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 and, on that basis, denies those allegations.

259.     McKesson avers that the allegations in Paragraph 259 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 259 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 and, on that basis, denies those allegations.

260.     McKesson avers that the allegations in Paragraph 260 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and, on that basis, denies those allegations.

261.    McKesson avers that the allegations in Paragraph 261 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 and, on that basis, denies those allegations.

262.    McKesson avers that the allegations in Paragraph 262 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and, on that basis, denies those allegations.

263.    McKesson denies the allegations of Paragraph 263 insofar as they pertain to the conduct of McKesson.  McKesson further avers that the allegations of Paragraph 263 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and, on that basis, denies those allegations.

264.    McKesson avers that Paragraph 264 is not directed at McKesson, and therefore does not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 and, on that basis, denies those allegations.

265.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and, on that basis, denies those allegations.

266.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and, on that basis, denies those allegations.

267.    McKesson denies the allegations of Paragraph 267 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 267 and, on that basis, denies those allegations.

268.    McKesson avers that the allegations in Paragraph 268 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and, on that basis, denies those allegations.

269.    McKesson avers that the allegations in Paragraph 269 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 and, on that basis, denies those allegations.

270.    McKesson avers that the allegations in Paragraph 270 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 and, on that basis, denies those allegations.

271.    McKesson avers that the allegations in Paragraph 271 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 and, on that basis, denies those allegations.

272.    McKesson avers that the allegations in Paragraph 272 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 and, on that basis, denies those allegations.

273.     McKesson avers that the allegations in Paragraph 273 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and, on that basis, denies those allegations.

274.     McKesson denies the allegations of Paragraph 274 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 274 and, on that basis, denies those allegations.

275.     McKesson denies the allegations of Paragraph 275 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 275 and, on that basis, denies those allegations.

276.     McKesson denies the allegations of Paragraph 276 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276 and, on that basis, denies those allegations.

277.     McKesson denies the allegations of Paragraph 277 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 277 and, on that basis, denies those allegations.

278.     McKesson denies the allegations of Paragraph 278 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 278 and, on that basis, denies those allegations.

279.     McKesson denies the allegations of Paragraph 279 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279 and, on that basis, denies those allegations.

280.     McKesson denies the allegations of Paragraph 280 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280 and, on that basis, denies those allegations.

281.     McKesson denies the allegations of Paragraph 281 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 281 and, on that basis, denies those allegations.

282.     McKesson denies the allegations of Paragraph 282 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 282 and, on that basis, denies those allegations.

283.     McKesson denies the allegations of Paragraph 283 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283 and, on that basis, denies those allegations.

284.     McKesson avers that Paragraph 284 states legal conclusions for which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 284 as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 284 and, on that basis, denies those allegations.

285.     McKesson avers that the allegations in Paragraph 285 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 and, on that basis, denies those allegations.

286.     McKesson avers that the allegations in Paragraph 286 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and, on that basis, denies those allegations.

287.     McKesson avers that the allegations in Paragraph 287 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 and, on that basis, denies those allegations.

288.     McKesson avers that the allegations in Paragraph 288 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 and, on that basis, denies those allegations.

289.     McKesson avers that the allegations in Paragraph 289 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 and, on that basis, denies those allegations.

290. McKesson avers that the allegations in Paragraph 290 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 and, on that basis, denies those allegations.

291. McKesson avers that the allegations in Paragraph 291 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and, on that basis, denies those allegations.

292. McKesson avers that the allegations in Paragraph 292 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 and, on that basis, denies those allegations.

293. McKesson avers that the allegations in Paragraph 293 are not directed to McKesson and therefore do not require a response. Further, McKesson avers that Paragraph 293 states legal conclusions for which no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and, on that basis, denies those allegations.

294. McKesson denies the allegations of Paragraph 294 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 294 and, on that basis, denies those allegations.

295.    McKesson denies the allegations of Paragraph 295 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 295 and, on that basis, denies those allegations.

296.    McKesson avers that the allegations in Paragraph 296 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 and, on that basis, denies those allegations.

297.    McKesson avers that the allegations in Paragraph 297 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 and, on that basis, denies those allegations.

298.    McKesson avers that the allegations in Paragraph 298 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 and, on that basis, denies those allegations.

299.    McKesson avers that the allegations in Paragraph 299 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and, on that basis, denies those allegations.

300.    McKesson avers that the allegations in Paragraph 300 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 and, on that basis, denies those allegations.

301.    McKesson avers that the allegations in Paragraph 301 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301 and, on that basis, denies those allegations.

302.    McKesson avers that the allegations in Paragraph 302 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 and, on that basis, denies those allegations.

303.    McKesson avers that the allegations in Paragraph 303 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 and, on that basis, denies those allegations.

304.    McKesson avers that the allegations in Paragraph 304 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 and, on that basis, denies those allegations.

305.    McKesson avers that the allegations in Paragraph 305 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 and, on that basis, denies those allegations.

306.     McKesson avers that the allegations in Paragraph 306 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 and, on that basis, denies those allegations.

307.     McKesson avers that the allegations in Paragraph 307 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 and, on that basis, denies those allegations.

308.     McKesson avers that the allegations in Paragraph 308 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 and, on that basis, denies those allegations.

309.     McKesson avers that the allegations in Paragraph 309 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and, on that basis, denies those allegations.

310.     McKesson avers that the allegations in Paragraph 310 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 and, on that basis, denies those allegations.

311.     McKesson avers that the allegations in Paragraph 311 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and, on that basis, denies those allegations.

312.    McKesson avers that the allegations in Paragraph 312 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 and, on that basis, denies those allegations.

313.    McKesson avers that the allegations in Paragraph 313 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 and, on that basis, denies those allegations.

314.    McKesson avers that the allegations in Paragraph 314 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314 and, on that basis, denies those allegations.

315.    McKesson avers that the allegations in Paragraph 315 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 and, on that basis, denies those allegations.

316.    McKesson avers that the allegations in Paragraph 316 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 and, on that basis, denies those allegations.

317.    McKesson avers that the allegations in Paragraph 317 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and, on that basis, denies those allegations.

318.    McKesson avers that the allegations in Paragraph 318 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 and, on that basis, denies those allegations.

319.    McKesson avers that Paragraph 319 states legal conclusions for which no response is required.  McKesson further avers that the allegations in Paragraph 319 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 and, on that basis, denies those allegations.

320.    McKesson avers that the allegations in Paragraph 320 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 and, on that basis, denies those allegations.

321.    McKesson avers that Paragraph 321 states legal conclusions for which no response is required.  McKesson further avers that the allegations in Paragraph 321 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and, on that basis, denies those allegations.

322.    McKesson avers that Paragraph 322 states legal conclusions for which no response is required.  McKesson further avers that the allegations in Paragraph 322 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and, on that basis, denies those allegations.

323.    McKesson avers that Paragraph 323 states legal conclusions for which no response is required.  McKesson further avers that the allegations in Paragraph 323 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 and, on that basis, denies those allegations.

324.    McKesson avers that Paragraph 324 states legal conclusions for which no response is required.  McKesson further avers that the allegations in Paragraph 324 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324 and, on that basis, denies those allegations.

325.    McKesson avers that the allegations in Paragraph 325 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 and, on that basis, denies those allegations.

326.    McKesson avers that the allegations in Paragraph 326 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 and, on that basis, denies those allegations.

327.    McKesson avers that the allegations in Paragraph 327 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 and, on that basis, denies those allegations.

328.    McKesson avers that the allegations in Paragraph 328 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and, on that basis, denies those allegations.

329.    McKesson denies the allegations of Paragraph 329 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 329 and, on that basis, denies those allegations.

330.    McKesson denies the allegations of Paragraph 330 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 330 and, on that basis, denies those allegations.

331.    McKesson avers that the allegations in Paragraph 331 are legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that the quoted language appears in the cited regulation but otherwise denies the remaining allegations of Paragraph 331, including Plaintiff's characterizations of McKesson's legal duties.

332.    McKesson denies the allegations in Paragraph 332 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in Paragraph 332 and, on that basis, denies those allegations.

333.    McKesson denies the allegations of Paragraph 333 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 333 and, on that basis, denies those allegations.

334.    McKesson denies the allegations of Paragraph 334 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 334 and, on that basis, denies those allegations.

335.    McKesson avers that the allegations in Paragraph 335 are legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 335 insofar as they pertain to McKesson, including the Plaintiff's characterization of McKesson's legal duties.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 335, and, on that basis, denies those allegations.

336.    McKesson denies the allegations of Paragraph 336 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 336 and, on that basis, denies those allegations.

337.    McKesson denies the allegations of Paragraph 337 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in Paragraph 337 and, on that basis, denies those allegations.

338.    McKesson denies the allegations of Paragraph 338 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 338 and, on that basis, denies those allegations

339.    McKesson denies the allegations of Paragraph 339 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 339 and, on that basis, denies those allegations.

340.    McKesson denies the allegations in Paragraph 340 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 340 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

341.    McKesson denies the allegations in Paragraph 341 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 341 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

342.    McKesson denies the allegations in Paragraph 342 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 342 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

343.    McKesson denies the allegations in Paragraph 343 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 343 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

344.    McKesson denies the allegations in Paragraph 344 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 344 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

345.    McKesson denies the allegations in Paragraph 345 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 345 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

346.    McKesson denies the allegations in Paragraph 346 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 346 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

347.    McKesson denies the allegations in Paragraph 347 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 347 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

348.    McKesson denies the allegations in Paragraph 348 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 348 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

349.    McKesson denies the allegations in Paragraph 349 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 349 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

350.    McKesson avers that Paragraph 350 states legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations in Paragraph 350 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 350 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

351.    McKesson denies the allegations of Paragraph 351 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 351, and on that basis, denies those allegations.

352.    The allegations of Paragraph 352 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 352, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE FIRST CLAIM FOR RELIEF

353.    In response to Paragraph 353, McKesson repeats and incorporates by reference each and every response of this Answer as if fully set forth herein.

354.    McKesson avers that the allegations in Paragraph 354 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354 and, on that basis, denies those allegations.

69

355.    McKesson avers that the allegations in Paragraph 355 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355 and, on that basis, denies those allegations.

356.    McKesson avers that the allegations in Paragraph 356 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 and, on that basis, denies those allegations.

357.    McKesson avers that the allegations in Paragraph 357 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 and, on that basis, denies those allegations.

358.    McKesson avers that the allegations in Paragraph 358 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 and, on that basis, denies those allegations.

359.    McKesson avers that the allegations in Paragraph 359 are not directed to McKesson and therefore no response is required.  McKesson also avers that Paragraph 359 states legal conclusions to which no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 and, on that basis, denies those allegations.

360.    McKesson avers that the allegations in Paragraph 360 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and, on that basis, denies those allegations.

361.    McKesson avers that the allegations in Paragraph 361 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 and, on that basis, denies those allegations.

362.    McKesson avers that the allegations in Paragraph 362 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 and, on that basis, denies those allegations.

363.    McKesson avers that the allegations in Paragraph 363 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and, on that basis, denies those allegations.

364.    McKesson avers that the allegations in Paragraph 364 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 and, on that basis, denies those allegations.

365.    McKesson avers that the allegations in Paragraph 365 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and, on that basis, denies those allegations.

366.     McKesson avers that the allegations in Paragraph 366 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and, on that basis, denies those allegations.

367.     McKesson avers that the allegations in Paragraph 367 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 and, on that basis, denies those allegations.

368.     McKesson avers that the allegations in Paragraph 368 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and, on that basis, denies those allegations.

369.     McKesson avers that the allegations in Paragraph 369 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 and, on that basis, denies those allegations.

370.     McKesson avers that the allegations in Paragraph 370 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 and, on that basis, denies those allegations.

371.     McKesson avers that the allegations in Paragraph 371 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 and, on that basis, denies those allegations.

372. McKesson avers that the allegations in Paragraph 372 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 and, on that basis, denies those allegations.

373. McKesson avers that the allegations in Paragraph 373 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 and, on that basis, denies those allegations.

374. McKesson avers that the allegations in Paragraph 374 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and, on that basis, denies those allegations.

375. McKesson avers that the allegations in Paragraph 375 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and, on that basis, denies those allegations.

376. McKesson avers that the allegations in Paragraph 376 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and, on that basis, denies those allegations.

377.     McKesson avers that the allegations in Paragraph 377 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and, on that basis, denies those allegations.

378.     McKesson avers that the allegations in Paragraph 378 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 and, on that basis, denies those allegations.

379.     McKesson avers that the allegations in Paragraph 379 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 and, on that basis, denies those allegations.

## ANSWERING THE SECOND CLAIM FOR RELIEF

380.     In response to Paragraph 380, McKesson repeats and incorporates by reference each and every response of this Answer as if fully set forth herein.

381.     McKesson avers that Paragraph 381 states legal conclusions to which no response is required.  To the extent a response is required, McKesson admits that McKesson is a "person" under the cited statute and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 381 and, on that basis, denies them. McKesson further denies any implication that McKesson acted unlawfully.

382.     McKesson denies the allegations of Paragraph 382.

383.     McKesson denies the allegations of Paragraph 383 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 383 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

384.    McKesson admits that it is a member of the Healthcare Distribution Alliance. McKesson otherwise denies the allegations of Paragraph 384 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 384 and, on that basis, denies them.

385.    McKesson denies the allegations of Paragraph 385 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 385 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

386.    McKesson denies the allegations of Paragraph 386 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 386 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

387.    McKesson denies the allegations of Paragraph 387 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 387 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

388.    McKesson avers that the first two sentences of Paragraph 388 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for their full and correct texts.  McKesson denies the allegations of the third sentence of Paragraphs 388 insofar as they

pertain to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in that sentence and, on that basis, denies them.

389. McKesson avers that Paragraph 389 states legal conclusions to which no response is required. To the extent a response is required, McKesson denies the allegations and respectfully refers this Court to the cited statutes for their full and correct texts. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 389, on that basis, denies them.

390. McKesson denies the allegations in Paragraph 390 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 390 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

391. McKesson denies the allegations in Paragraph 391 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 391 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

392. McKesson denies the allegations in Paragraph 392 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 392 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

393. McKesson denies the allegations in Paragraph 393 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 393 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

394.    McKesson denies the allegations in Paragraph 394 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 394 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

395.    McKesson denies the allegations in Paragraph 395 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 395 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

396.    McKesson avers that Paragraph 396 states legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 396 insofar as they pertain to the conduct of McKesson. To the extent the allegations of Paragraph 396 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

397.    McKesson avers that Paragraph 397 states legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 397 insofar as they pertain to the conduct of McKesson. To the extent the allegations of Paragraph 397 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

398.    McKesson denies the allegations in Paragraph 398 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 398 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

399.    McKesson denies the allegations in Paragraph 399 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 399 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

400.    McKesson denies the allegations in Paragraph 400 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 400 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

401.    McKesson denies the allegations in Paragraph 401 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 401 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

402.    McKesson denies the allegations in Paragraph 402 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 402 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

403.    McKesson denies the allegations in Paragraph 403 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 403 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

404.    McKesson denies the allegations in Paragraph 404 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 404 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

405.    McKesson denies the allegations in Paragraph 405 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 405 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

406.    McKesson denies the allegations in Paragraph 406 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 406 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

407.    McKesson denies the allegations in Paragraph 407, including any allegation or implication that Plaintiff is entitled to any relief.

408.    McKesson denies the allegations in Paragraph 408, including any allegation or implication that Plaintiff is entitled to any relief.

## ANSWERING THE THIRD CLAIM FOR RELIEF

409.    In response to Paragraph 409, McKesson repeats and incorporates by reference each and every response as if fully set forth herein.

410.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 410 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

411.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 411 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

412.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 412 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

413.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 413 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

414.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph

414 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

415.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 415 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

416.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 416 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

417.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 417 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

418.    The Court has adopted the portion of the Report and Recommendation of Magistrate Judge David A. Ruiz dismissing Plaintiff's Lanham Act claim.  *See See* No. 17-md-2804 (N.D. Ohio), dkt. 1680 (adopting the Report and Recommendation of the magistrate judge

recommending dismissal of the Lanham Act claim).  McKesson avers that allegations in Paragraph 418 pertain to Plaintiff's claims under the Lanham Act and do not require a response.  To the extent a response is required, McKesson denies the allegations.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

419.    In response to Paragraph 419, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

420.    McKesson avers that the allegations in Paragraph 420 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420 and, on that basis, denies those allegations.

421.    McKesson avers that the allegations in Paragraph 421 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421 and, on that basis, denies those allegations.

422.    McKesson avers that the allegations in Paragraph 422 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422 and, on that basis, denies those allegations.

423.    McKesson avers that the allegations in Paragraph 423 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423 and, on that basis, denies those allegations.

424.    McKesson avers that the allegations in Paragraph 424 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424 and, on that basis, denies those allegations.

425.    McKesson avers that the allegations in Paragraph 425 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425 and, on that basis, denies those allegations.

426.    McKesson avers that the allegations in Paragraph 426 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426 and, on that basis, denies those allegations.

427.    McKesson avers that the allegations in Paragraph 427 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 427 and, on that basis, denies those allegations.

428.    McKesson avers that the allegations in Paragraph 428 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428 and, on that basis, denies those allegations.

429.    McKesson avers that the allegations in Paragraph 429 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429 and, on that basis, denies those allegations.

430.     McKesson avers that the allegations in Paragraph 430 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430 and, on that basis, denies those allegations.

431.     McKesson avers that the allegations in Paragraph 431 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431 and, on that basis, denies those allegations.

432.     McKesson denies the allegations in Paragraph 432.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

433.     In response to Paragraph 433, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

434.     McKesson avers that the allegations in Paragraph 434 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 434 and, on that basis, denies those allegations.

435.     McKesson avers that the allegations in Paragraph 435 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435 and, on that basis, denies those allegations.

436.     McKesson avers that the allegations in Paragraph 436 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436 and, on that basis, denies those allegations.

437.    McKesson avers that the allegations in Paragraph 437 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437 and, on that basis, denies those allegations.

438.    McKesson avers that the allegations in Paragraph 438 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438 and, on that basis, denies those allegations.

439.    McKesson avers that the allegations in Paragraph 439 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 439 and, on that basis, denies those allegations.

440.    McKesson avers that the allegations in Paragraph 440 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 440 and, on that basis, denies those allegations.

441.    McKesson avers that the allegations in Paragraph 441 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 441 and, on that basis, denies those allegations.

442.    McKesson avers that the allegations in Paragraph 442 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 442 and, on that basis, denies those allegations.

443.     McKesson avers that the allegations in Paragraph 443 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443 and, on that basis, denies those allegations.

444.     McKesson denies the allegation that Plaintiff is without fault.  McKesson avers that the remaining allegations in Paragraph 444 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 444 and, on that basis, denies those allegations.

445.     McKesson avers that the allegations in Paragraph 445 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 445 and, on that basis, denies those allegations.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

446.     In response to Paragraph 446, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

447.     McKesson avers that the allegations in Paragraph 447 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447 and, on that basis, denies those allegations.

448.     McKesson avers that the allegations in Paragraph 448 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 448 and, on that basis, denies those allegations.

449.    McKesson avers that the allegations in Paragraph 449 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449 and, on that basis, denies those allegations.

450.    McKesson avers that the allegations in Paragraph 450 are not directed to McKesson and therefore no response is required.  To the extent a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450 and, on that basis, denies those allegations.

## ANSWERING THE SEVENTH CLAIM FOR RELIEF

451.    In response to Paragraph 451, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

452.    McKesson avers that the allegations of Paragraph 452 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 452 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 452 and, on that basis, denies those allegations.

453.    McKesson avers that the allegations of Paragraph 453 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 453 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 453 and, on that basis, denies those allegations.

454.    McKesson avers that the allegations of Paragraph 454 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 454 as to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 454 and, on that basis, denies those allegations.

455.    McKesson avers that the allegations of Paragraph 455 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 455 as to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 455 and, on that basis, denies those allegations.

456.    McKesson avers that the allegations of Paragraph 456 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 456 as to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 456 and, on that basis, denies those allegations.

457.    McKesson avers that the allegations of Paragraph 457 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 457 and, on that basis, denies those allegations.

458.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 458 and, on that basis, denies those allegations.

459.    McKesson avers that the allegations of Paragraph 459 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the

allegations of Paragraph 459 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459 pertaining to other Defendants and, on that basis, denies those allegations.

460. McKesson avers that the allegations of Paragraph 460 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 460 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460 pertaining to other Defendants and, on that basis, denies those allegations.

461. McKesson avers that the allegations of Paragraph 461 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 461 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461 pertaining to other Defendants and, on that basis, denies those allegations.

462. McKesson denies the allegations of Paragraph 462 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462 pertaining to other Defendants and, on that basis, denies those allegations.

463. McKesson avers that the allegations of Paragraph 463 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 463 insofar as they relate to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463 pertaining to other Defendants and, on that basis, denies those allegations.

464.     McKesson avers that the allegations of Paragraph 464 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 464 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 464 pertaining to other Defendants and, on that basis, denies those allegations.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

465.     In response to Paragraph 465, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

466.     McKesson avers that the allegations of Paragraph 466 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 466.

467.     McKesson avers that the allegations of Paragraph 467 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 467 insofar as they relate to the conduct of McKesson, including the characterizations of McKesson's duties under federal and state law, and respectfully refers this Court to the referenced authorities for their full and correct contents.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467 pertaining to other Defendants and, on that basis, denies those allegations.

468.     McKesson avers that the allegations of Paragraph 468 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 468 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 468 and, on that basis, denies those allegations.

469.     McKesson avers that the allegations of Paragraph 469 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 469.

470.     McKesson denies the allegations of Paragraph 470 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 470 and, on that basis, denies those allegations.

471.     McKesson avers that the allegations of Paragraph 471 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 471 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 471 and, on that basis, denies those allegations.

472.     McKesson avers that the allegations of Paragraph 472 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 472 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 472 and, on that basis, denies those allegations.

473.     McKesson avers that the allegations of Paragraph 473 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 473 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 473 and, on that basis, denies those allegations.

474.    McKesson avers that the allegations of Paragraph 474 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 474 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 474 and, on that basis, denies those allegations.

475.    McKesson avers that the allegations of Paragraph 475 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 475 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 475 and, on that basis, denies those allegations.

476.    McKesson avers that the allegations of Paragraph 476 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 476 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 476 and, on that basis, denies those allegations.

477.    McKesson avers that Paragraph 477 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 477.

478.    McKesson avers that the allegations of Paragraph 478 state legal conclusions to which no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraph 478 insofar as they pertain to the conduct of McKesson, and specifically denies that Plaintiff is entitled to any relief.   To the extent that the allegations of Paragraph 478

relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

## ANSWERING THE NINTH CLAIM FOR RELIEF

479.    In response to Paragraph 479, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

480.    McKesson denies the allegations of Paragraph 480 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480 pertaining to other Defendants and, on that basis, denies those allegations.

481.    McKesson denies the allegations of Paragraph 481 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 481 pertaining to other Defendants and, on that basis, denies those allegations.

482.    McKesson denies the allegations of Paragraph 482 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 482 pertaining to other Defendants and, on that basis, denies those allegations.

483.    McKesson denies the allegations of Paragraph 483 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 483 pertaining to other Defendants and, on that basis, denies those allegations.

484.    McKesson avers that Paragraph 484 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 484 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 484 pertaining to other Defendants and, on that basis, denies those allegations.

## ANSWERING THE TENTH CLAIM FOR RELIEF

485.    In response to Paragraph 485, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

486.    McKesson avers that the allegations in Paragraph 486 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 486 and, on that basis, denies those allegations.

487.    McKesson avers that Paragraph 487 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 487 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487 pertaining to other Defendants and, on that basis, denies those allegations.

488.    McKesson denies the allegations of Paragraph 488 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 pertaining to other Defendants and, on that basis, denies those allegations.

489.    McKesson denies the allegations of Paragraph 489 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 489 pertaining to other Defendants and, on that basis, denies those allegations.

490.    McKesson denies the allegations of Paragraph 490 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 490 pertaining to other Defendants and, on that basis, denies those allegations.

491.    McKesson avers that Paragraph 491 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 491 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491 pertaining to other Defendants and, on that basis, denies those allegations.

492.    McKesson denies the allegations of Paragraph 492.

493.    McKesson avers that Paragraph 493 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 493 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 493 pertaining to other Defendants and, on that basis, denies those allegations.

## ANSWERING THE PRAYER FOR RELIEF

494.    McKesson denies that the Plaintiff is entitled to any relief.

*** 

## AFFIRMATIVE DEFENSES

McKesson asserts the following affirmative defenses to the Complaint.  By designating the following defenses as affirmative defenses, McKesson does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense. McKesson also gives notice that it intends to rely upon such other and further affirmative defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**FIRST**.  The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

**SECOND**.  The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**THIRD**.  The claims asserted in the Complaint are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act.

**FOURTH**.  Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries.

**FIFTH**.  The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts §§ 402, 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

**SIXTH**.  Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**SEVENTH**.  If Plaintiff has sustained cognizable injuries or damages, they were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and not caused by McKesson and for which McKesson is not liable.

**EIGHTH**.  The alleged injuries asserted by Plaintiff are too remote from the alleged conduct of McKesson to provide a basis for liability as a matter of law and due process.

**NINTH**.  Plaintiff may not recover from McKesson because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

**TENTH**.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

**ELEVENTH**.  Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, *in pari delicto*, unclean hands, estoppel, and/or ratification.

**TWELFTH**.  To the extent that Plaintiff's claims relate to McKesson's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Oklahoma, the Muscogee (Creek) Nation Constitution, or that of any state whose laws may apply, such claims are barred.

**THIRTEENTH**. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages allegedly sustained.

**FOURTEENTH**.  Plaintiff's damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which McKesson had and continue to have no control.

**FIFTEENTH**. Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**SIXTEENTH**. A percentage of Plaintiff alleged injury or loss, if proven, is attributable to (i) Plaintiff, (ii) other parties from whom Plaintiff seeks recovery, and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal

drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.  Okla. Stat. tit. 23, § 15.

**SEVENTEENTH**.  If McKesson is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), the facts will show that McKesson is liable only for its proportionate share of the damages that represent economic loss.   Okla. Stat. tit. 23, § 15.

**EIGHTEENTH**.  Plaintiff's claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

**NINETEENTH**. Plaintiff's claims are barred, in whole or in part, because any and all damages alleged by Plaintiff were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom McKesson had no control and for whom McKesson is not responsible.

**TWENTIETH**. Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Oklahoma, or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive

damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to McKesson; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to McKesson the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-FIRST**.  Plaintiff's injuries and damages, if any, were due to illicit use or abuse of the medications at issue on the part of the medication users, for which McKesson is not liable.

**TWENTY-SECOND**.  Plaintiff's claims or damages are barred because users of the medications at issue used them after they knew, or should have known, of their alleged risks.

**TWENTY-THIRD**. To the extent that Plaintiff is seeking to assert claims for fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

**TWENTY-FOURTH**.  McKesson's liability, if any, will not result from its conduct, but is solely the result of an obligation imposed by law, and thus McKesson is entitled to indemnity, express or implied, by other parties.

**TWENTY-FIFTH**. Plaintiff's injuries and damages, if any, were due to preexisting conditions or idiosyncratic reaction to the medications on the part of the medication users, for which McKesson cannot be held responsible.

**TWENTY-SIXTH**. Should McKesson be held liable to Plaintiff, which liability is specifically denied, McKesson would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiff's Complaint.

**TWENTY-SEVENTH**.  Venue may be improper and/or inconvenient in this Court.

**TWENTY-EIGHTH**.  McKesson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the State of Oklahoma or any other state whose substantive law might control the action.

**TWENTY-NINTH**. Plaintiff's claims are barred, in whole or in part, by conflict preemption, as set forth in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett,* 133 S. Ct. 2466 (2013).

**THIRTIETH**. Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations,

including the Hatch-Waxman amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

**THIRTY-FIRST**. Plaintiff's claims are barred, in whole or in part, because neither users nor their prescribers relied to their detriment upon any statement by McKesson in determining to use medications at issue.

**THIRTY-SECOND**. Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

**THIRTY-THIRD**. To the extent that Plaintiff asserts claims that depend solely on violations of federal law, including claims that Defendant misled or defrauded DEA or any federal agency by failing to report suspicious pharmacy orders or other information, or of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred. *See Buckman v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

**THIRTY-FOURTH**. The conduct of McKesson conformed with the FDCA and the requirements of the FDA, and the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**THIRTY-FIFTH**. Plaintiff fails to plead that they reimbursed any prescriptions for any opioid distributed by McKesson that harmed patients and should not have been written or that McKesson allegedly improper conduct caused a health care provider to write an ineffective or harmful opioid prescription.

**THIRTY-SIXTH**. McKesson is not liable for statements or omissions in the Manufacturer Defendants branded or unbranded materials.

**THIRTY-SEVENTH**. To the extent that Plaintiff seeks relief for McKesson's conduct occurring before enactment of the applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

**THIRTY-EIGHTH**. McKesson's rights under the Due Process Clause of the U.S. Constitution and applicable state or tribal Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

**THIRTY-NINTH**. Plaintiff has failed to join one or more necessary and indispensable parties, including without limitation health care providers, prescribers, patients, and other third parties who Plaintiff alleges engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**FORTIETH**. Plaintiff's claims against McKesson is barred or limited by the economic loss rule.

**FORTY-FIRST**. Plaintiff's claims against McKesson are barred by the doctrines of res judicata and collateral estoppel.

**FORTY-SECOND**. Plaintiff's claims are barred or limited by any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

102

**FORTY-THIRD**. To the extent that Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

**FORTY-FOURTH**. Plaintiff's claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiff.

**FORTY-FIFTH**.  Plaintiff's claims are barred or limited for lack of standing and lack of capacity to sue.

**FORTY-SIXTH**.  Plaintiff has failed to identify the persons on whose basis they assert a subrogation interest, and cannot establish that Plaintiff has made payment on account of said persons' loss.

**FORTY-SEVENTH**. Any recovery against McKesson is barred or limited under the principles of assumption of risk and informed consent.

**FORTY-EIGHTH**. Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to McKesson.

**FORTY-NINTH**. Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to McKesson.

**FIFTIETH**. Plaintiff's claims are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

**FIFTY-FIRST**. Plaintiff's public nuisance claim is barred or limited to the extent that it lacks the statutory authority to bring a nuisance claim under Oklahoma law and/or its own applicable codes or regulations.

**FIFTY-SECOND**. Plaintiff's claim of public nuisance is barred or limited because (i) Plaintiff fails to allege that McKesson exercised control over the instrumentality of the nuisance,

(ii) Plaintiff fails to adequately allege a connection to land or interference with a public right, (iii) no action of McKesson involved interference with real property, (iv) illegal conduct perpetrated by third parties involving use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance, (v) the alleged public nuisance would have impermissible extraterritorial reach, and (vi) the alleged conduct of McKesson is too remote from the alleged injury as a matter of law and due process.

**FIFTY-THIRD**. The claims asserted against McKesson and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

**FIFTY-FOURTH**. The claims asserted in the Complaint are barred, in whole or in part, because McKesson's conduct conformed with the Controlled Substances Act and DEA regulations and because the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**FIFTY-FIFTH**. Plaintiff's claims or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

**FIFTY-SIXTH**. Plaintiff's fraud-based claims are barred, in whole or in part, because Plaintiff did not rely to its detriment upon any statement or omission by McKesson.

**FIFTY-SEVENTH**. To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**FIFTY-EIGHTH**. Plaintiff has no capacity, authority or right to assert some or all of its claims, including claims brought indirectly on behalf of their citizens or claims brought as *parens patriae*.

**FIFTY-NINTH**. Plaintiff's claims are barred in whole or in part by the derivative injury rule and/or the remoteness doctrine.

**SIXTIETH**. Plaintiff's claims are barred to the extent that they are based on a theory of market-share liability.

**SIXTY-FIRST**. Plaintiff is barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

**SIXTY-SECOND**.  McKesson did not owe or breach any statutory or common law duty to Plaintiff.

**SIXTY-THIRD**. McKesson has no duty to protect Plaintiff from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

**SIXTY-FOURTH**. McKesson denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against McKesson.

**SIXTY-FIFTH**. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies, including the requirements of the Oklahoma Administrative Procedures Act, Okla. Stat. tit. 75, §§ 250 *et seq*.

**SIXTY-SIXTH**. Plaintiff's claims are barred in whole or in part to the extent that they violate the Due Process Clauses of the United States, Oklahoma, and the Muscogee (Creek) Nation Constitutions.

**SIXTY-SEVENTH**. Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Oklahoma Constitutions.

**SIXTY-EIGHTH**. Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by McKesson.

**SIXTY-NINTH**. Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

**SEVENTIETH**. McKesson asserts its right to a proportionate reduction of any damages found against McKesson based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

**SEVENTY-FIRST**. Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that McKesson was grossly negligent and McKesson has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

**SEVENTY-SECOND**. Plaintiff's claims are barred in whole or in part because no statement or conduct of McKesson was misleading, unfair, or deceptive.

**SEVENTY-THIRD**. Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on McKesson.

**SEVENTY-FOURTH**. Plaintiff's claims are barred to the extent that they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 301 et seq.), or Section 351, Public Health Service Act (42 U.S.C. § 262), or the warnings and information provided were those stated in monographs developed by

the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

**SEVENTY-FIFTH**. McKesson is not liable for any injury allegedly caused to Plaintiff by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

**SEVENTY-SIXTH**. Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

**SEVENTY-SEVENTH**. To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge McKesson's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq*.

**SEVENTY-EIGHTH**. Plaintiff's claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution.

**SEVENTY-NINTH**. Plaintiff cannot obtain relief on its claims based on actions undertaken by McKesson of which McKesson provided notice of all material facts.

**EIGHTIETH**. McKesson appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**EIGHTY-FIRST.** McKesson adopts by reference all defenses asserted in any party's motion to dismiss filed in this Multi-District Litigation, and such defenses are incorporated herein.

**EIGHTY-SECOND**. Plaintiff's claims are not ripe, and/or have been mooted.

**EIGHTY-THIRD**.  Plaintiff's claims are barred because Plaintiff is not the real party in interest.

**EIGHTY-FOURTH**.  Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

**EIGHTY-FIFTH.** Any damages that Plaintiff may recover against McKesson must be reduced to the extent that Plaintiff is seeking to damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiff may recover against McKesson must be reduced to the extent they unjustly enrich Plaintiff.

**EIGHTY-SIXTH**.  McKesson asserts all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and/or Okla. Stat. tit. 12, § 2008 and § 2012, as investigation and discovery proceeds.

**EIGHTY-SEVENTH.** Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

**EIGHTY-EIGHTH**.  Plaintiff's RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise," as defined by 18 U.S.C. § 1961(4).

**EIGHTY-NINTH.** Plaintiff's RICO claims are barred, in whole or in part, by the absence of an "association" between McKesson and any other Defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

**NINETIETH**.  Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not participate in any "enterprise" as defined by 18 U.S.C. § 1961(4).

**NINETY-FIRST**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not engage in a pattern of racketeering activity under RICO.

**NINETY-SECOND**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not knowingly agree to facilitate any scheme that includes the operation or management of a RICO enterprise.

**NINETY-THIRD**. Plaintiff's claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

**NINETY-FOURTH**. Plaintiff's RICO claims are barred, in whole or in part, because McKesson did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

**NINETY-FIFTH**. Plaintiff's RICO claims are barred, in whole or in part, because there are no allegations that McKesson adopted the goal of furthering or facilitating any criminal endeavor or unlawful act or arrived at a common understanding to engage in unlawful activity as necessary to support plaintiff's civil conspiracy theory of liability.

**NINETY-SIXTH**. The federal RICO statute is unconstitutionally vague.

**NINETY-SEVENTH**. Plaintiff's alleged damages do not constitute injury to business or property interests cognizable under RICO.

**NINETY-EIGHTH**. Plaintiff's RICO claims are barred, in whole or in part, because the alleged predicated acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

**NINETY-NINTH**. Plaintiff's negligence claims are barred by Okla. Stat. tit. 76, § 57.2 because, among other things, Plaintiff cannot establish that (1) Defendants sold the product involved in this action; (2) Defendants did not exercise reasonable care in assembling,

inspecting, or maintaining such products or in passing on warnings or instructions from such product's manufacturers about the dangers and proper use of such products; and (3) such failure to exercise reasonable care was a proximate cause of the harms complained of by Plaintiff.

**ONE HUNDREDTH**.  The products at issue in the Complaint were unavoidably unsafe.

**ONE HUNDRED FIRST**.  McKesson was not a manufacturer of the products at issue in the Complaint.  To the extent McKesson was a seller of the products, it did not exercise substantial control over the aspect of the design, testing, manufacture, packaging or labeling of the products; did not alter or modify the products; and did not make any warranties as to the products.

**ONE HUNDRED SECOND**. Plaintiff's claims seek duplicate or double recovery on the same injury or damage, contrary to Oklahoma law.

**ONE HUNDRED THIRD**.  Plaintiff's damages, if any, are limited to reasonable damages, and exclude unconscionable and grossly oppressive damages contrary to substantial justice.  *See* Okla. Stat. tit. 23, § 97.  Further, Plaintiff cannot recover damages in excess of those allowed by the applicable statutory law.  *See, e.g.*, Okla. Stat. tit. 23, §§ 9.1, § 61.2.

**ONE HUNDRED FOURTH**.  Plaintiff's nuisance claims fail because McKesson's activities fall under Oklahoma law's statutory safe harbor for nuisance claims, which forecloses liability for federally authorized activities.  *See* Okla. Stat. tit. 50, § 4.

**ONE HUNDRED FIFTH**.  Plaintiff's nuisance claims fail because Oklahoma law does not authorize Plaintiff to recover the costs of remedying the consequences of any nuisance.

**ONE HUNDRED SIXTH**.  Plaintiff's nuisance claims fail because it has failed to separate the damage caused by its own conduct from the damage allegedly caused by McKesson.

**ONE HUNDRED SEVENTH**.  Plaintiff's statutory nuisance claim is barred, because the statutes upon which Plaintiff relies, including Okla. Stat. tit. 50, §§ 1 *et seq*., are unconstitutionally vague.

**ONE HUNDRED EIGHTH**. McKesson's alleged misconduct in this case concerns a discrete event or discrete emergency of the sort a political subdivision would reasonably expect to occur and is part of the normal and expected costs of a local government's existence.

**ONE HUNDRED NINTH.**  Because Plaintiff is a federally recognized tribe, it lacks standing to pursue any claims under the federal Controlled Substances Act through its Attorney General.  *See, e.g.*, *McKesson Corp. v. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 340042 (N.D. Okla. Jan. 9, 2018).

**ONE HUNDRED TENTH.**  Plaintiff is a federally recognized tribe that has failed to assert a cognizable quasi-sovereign interest and lacks the authority to invoke the *parens patriae* doctrine in this case.

**ONE HUNDRED ELEVENTH.**  Plaintiff is a federally recognized tribe that lacks organizational standing to bring the claims in this case.

**ONE HUNDRED TWELFTH.**  Plaintiff's claims are barred because as a federally recognized tribe, Plaintiff and/or its Attorney General does not have standing or authority to pursue its asserted claims, and has failed to allege the type of injury that is recoverable under those asserted claims.

**ONE HUNDRED THIRTEETH.**  Plaintiff lacks jurisdiction over any injuries occurring beyond the exterior boundaries of the Muscogee (Creek) Nation Reservation.

**ONE HUNDRED FOURTEENTH.**  Plaintiff may not be awarded damages for services provided to non-tribal members or members living outside the boundaries of the Muscogee (Creek) Nation Reservation.

**ONE HUNDRED FIFTEENTH.**  Any damages claimed by Plaintiff must be reduced by the amount of funding received for healthcare and other services from the Federal government or other non-tribal sources.

**ONE HUNDRED SIXTEENTH.**  Plaintiff may not be awarded punitive or exemplary damages because any award of punitive or exemplary damages would constitute imposition of a penalty equivalent to a criminal sanction by a tribe against a nonmember, and therefore violates the U.S. Constitution.

**ONE HUNDRED SEVENTEENTH.**  Plaintiff's claims for relief in the Petition are barred, in whole or in part, based on the principles of equity.  Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to McKesson's good faith reliance on state and federal guidance, the absence of any intentionally unlawful conduct, and the course of Plaintiff's investigation and pursuit of these claims.

**ONE HUNDRED EIGHTEENTH.**  To the extent any agents, employees, or contractors of McKesson caused any of the damages alleged by the State, such agents, employees, or contractors were acting outside the scope of agency employment, or contract with McKesson, and any recovery against McKesson must be reduced by the proportionate fault of such agents, employees, or contractors.

**ONE HUNDRED NINETEENTH**.  Plaintiff's civil conspiracy claims are barred because Plaintiff has not identified any illicit agreement between Defendant and any other person

and because Plaintiff has not identified that Defendant has used any unlawful means to affect any alleged conspiracy.

**ONE HUNDRED TWENTIETH**.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

**ONE HUNDRED TWENTY-FIRST**.  Plaintiff is barred from recovery against Defendants, because Defendants have complied with all applicable federal, Oklahoma, or other applicable rules and regulations related to distribution of the subject prescription medications.

**ONE HUNDRED TWENTY-SECOND**.  If Defendant is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), the facts will show that Defendant caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss.  Okla. Stat. tit. 23, §§ 13–15.

**ONE HUNDRED TWENTY-THIRD**.  If Defendant is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), then Plaintiff is entitled only to several liability against Defendant.  Okla. Stat. tit. 23, § 15.

**ONE HUNDRED TWENTY-FOURTH**.  Plaintiff's claims are barred, in whole or in part, because their remedies are limited to and by 25 U.S.C. § 1621e, or otherwise because of Plaintiff's participation in the Indian Self-Determination and Education Assistance Act and related compacts.

**ONE HUNDRED TWENTY-FIFTH**.  To the extent McKesson followed orders from or performed under contracts with the United States Department of Veterans Affairs or any other governmental body, McKesson is immune from suit.

**ONE HUNDRED TWENTY-SIXTH**. Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and constitutional constraints on the exercise of police powers or other jurisdiction by an Indian tribe.

## DEFENSES RESERVED

McKesson hereby gives notice that it reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves its right to amend its Answer and to assert any such defenses.

\*\*\*

**WHEREFORE**, McKesson respectfully requests judgment dismissing Plaintiff's Complaint herein in its entirety, together with costs and disbursements of this action, and together with such other and further relief as this Court deems just and proper.

## DEMAND FOR BIFURCATED TRIAL

If the Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable.

Dated:  July 26, 2019

Respectfully submitted,

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the

Court's ECF system to all counsel of record.

/s/ Geoffrey E. Hobart
Geoffrey E. Hobart