## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Case No. 1:17-md-2804 |
| *The Blackfeet Tribe of the Blackfeet Indian Reservation v. AmerisourceBergen Drug Corporation, et al.* Case No. 1:18-op-45749 | ) ) ) ) ) | Judge Dan Aaron Polster JURY TRIAL DEMANDED |

## DEFENDANT ADVANTAGE LOGISTICS MIDWEST, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT

Defendant Advantage Logistics LLC ("Advantage Logistics"), by its undersigned attorneys, respectfully submits this Answer and Affirmative Defenses to Plaintiff's Corrected First Amended Complaint. Any allegations that are not expressly admitted are hereby denied.

1. Paragraph 1, which summarizes Plaintiff's claims, does not require a response. To the extent a response is required, Advantage Logistics denies that Plaintiff is entitled to relief on the claims asserted against Advantage Logistics. Advantage Logistics also denies the remaining allegations to the extent they are directed at Advantage Logistics. To the extent the allegations in Paragraph 1 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations pursuant to Fed. R. Civ. P. 8(b)(5).

## INTRODUCTION

2. Advantage Logistics admits only that opioids are pain-reducing medications and that the Centers for Disease Control has declared the problem of prescription drug abuse a public health epidemic. Advantage Logistics denies the remaining allegations in Paragraph 2.

1

3.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 3 and therefore denies them. To the extent the remaining allegations in Paragraph 3 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the remaining allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

4.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and therefore denies the allegations.

5.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and therefore denies the allegations.

6.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and therefore denies the allegations.

7.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and therefore denies the allegations.

8.      Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and therefore denies the allegations.

9.      To the extent the allegations in Paragraph 9 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

10.      The allegations in Paragraph 10 pertain to other Defendants, specifically Defendants that Plaintiff refers to as the "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market

opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraph 10 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

11.     The allegations in Paragraph 11 pertain to other Defendants, specifically Defendants that Plaintiff refers to as the "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraph 11 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

12.     The allegations in Paragraph 12 pertain to other Defendants, specifically Defendants that Plaintiff refers to as the "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraph 12 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

13.     The allegations in Paragraph 13 pertain to other Defendants, specifically Defendants that Plaintiff refers to as the "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the

allegations. To the extent any allegations in Paragraph 13 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

14.     To the extent the allegations in Paragraph 14 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

15.     To the extent the allegations in Paragraph 15 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

16.     Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding "pill mills" and therefore denies the same. To the extent the remaining allegations in Paragraph 16 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

17.     Advantage Logistics admits only that the Centers for Disease Control has declared the problem of prescription drug abuse a public health epidemic. To the extent the remaining allegations in Paragraph 17 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the remaining allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

18.     In response to the allegations in Paragraph 18, **Advantage Logistics** denies that any act or omission by Advantage Logistics has caused harm to patients or Plaintiff as alleged or at all. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Advantage Logistics denies that the statements attributable to the CDC director appear in the source materials cited by Plaintiff and is otherwise without sufficient knowledge or information to form a belief as to the truth of comments made by the CDC director in 2014, and therefore denies the same.

19.     In response to the allegations in Paragraph 19, Advantage Logistics admits only that the Centers for Disease Control has declared the problem of prescription drug abuse a public health epidemic. To the extent the allegations this paragraph are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the allegations are directed at other Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged damages, and therefore denies the same.

20.     To the extent the allegations in Paragraph 20 are directed at Advantage Logistics, Advantage Logistics denies such allegations. To the extent the allegations are directed at other **Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged damages, and therefore denies the same.

21.     To the extent the allegations in Paragraph 21 are directed at Advantage Logistics, Advantage Logistics denies such allegations. Specifically, Advantage Logistics denies that it has ever engaged in any misconduct that has "fuel[ed]the crisis." To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

22.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies the allegations.

23.     To the extent the allegations in Paragraph 23 explain why Plaintiff brought the instant suit, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies the allegations. Advantage Logistics denies that any act or omission of Advantage Logistics has caused any crisis, as alleged or at all. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## JURISDICTION AND VENUE

24.     The allegations in Paragraph 24 state legal conclusions to which no response is required.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics lacks knowledge or information sufficient to form a belief about the citizenship of the remaining defendants and therefore denies the allegations.

26.     Advantage Logistics admits only that it previously conducted business in Montana, but denies the remaining allegations in Paragraph 26 as they pertain to Advantage Logistics. To

the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required. **To the extent a response is required, Advantage Logistics denies the allegations in Paragraph 27.**

28.      The allegations in Paragraph 28 state legal conclusions to which no response is required. **To the extent a response is required, Advantage Logistics denies the allegations in Paragraph 28.**

29.     The allegations in Paragraph 29 state legal conclusions to which no response is required. **To the extent a response is required, Advantage Logistics admits only that Plaintiff seeks relief on behalf of the Blackfeet Nation as that term is defined by Plaintiff.**

**PARTIES**

I.     **PLAINTIFF**

30.     **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies the allegations.

31.     **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies the allegations.

32.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies the allegations.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, **Advantage Logistics** lacks

7

knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the allegations.

34.     **In response to the allegations in Paragraph 34,** Advantage Logistics denies that any act or omission of Advantage Logistics has caused Plaintiff to suffer damages, as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the allegations.

35.     **In response to the allegations in Paragraph 35,** Advantage Logistics denies that any act or omission of Advantage Logistics has caused Plaintiff to suffer damages, as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the allegations.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. Responding further, Advantage Logistics denies that any act or omission of Advantage Logistics has caused Plaintiff to suffer damages, as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the allegations.

## II.     DEFENDANTS

### A.     Marketing Defendants

37-80.  The allegations in Paragraph 37 through 80 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

### B.     Distributor Defendants

81.     To the extent the allegations in Paragraph 81 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that "[a]t all times relevant to this Complaint, [it] distributed, sold and placed into the stream of commerce the prescription opioids without fulfilling the fundamental duty of wholesale drug distributors to detect and warn of diversion of diversion of dangerous drugs for non-medical purposes." Rather, Advantage Logistics had an internal self-distribution network for a short period of time which supplied certain prescription opioids exclusively to pharmacies owned and operated by Advantage Logistics' parent company. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

82.     The allegations in Paragraph 82 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

83.     The allegations in Paragraph 83 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

84.     The allegations in Paragraph 84 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

85.     The allegations in Paragraph 85 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

86.     The allegations in Paragraph 86 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

87.     The allegations in Paragraph 87 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

88.     The allegations in Paragraph 88 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

89.     Advantage Logistics admits only that it has a facility located in Oglesby, Illinois. Advantage Logistics denies the remaining allegations contained in Paragraph 89. Specifically, Advantage Logistics denies that "[a]t all times relevant to this Complaint, Advantage Logistics distributed prescription opioids in the State and Plaintiff's Community specifically."

90.     The allegations in Paragraph 90 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

91.     The allegations in Paragraph 91 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

92.     The allegations in Paragraph 92 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

93.     The allegations in Paragraph 93 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

94.     The allegations in Paragraph 94 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

95.     The allegations in Paragraph 95 purport to define "National Retail Pharmacies" for purposes of the Corrected First Amended Complaint to which no response is required. To the extent a response is required, Advantage Logistics is not included in Plaintiff's definition of "National Retail Pharmacies" and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

96.     The allegations in Paragraph 96 purport to define "Distributor Defendants" and "RICO Supply Chain Defendants" for purposes of the Corrected First Amended Complaint to which no response is required. To the extent a response is required, Advantage Logistics admits only that Plaintiff refers to Advantage Logistics as a "Distributor Defendant." Advantage Logistics is not included in Plaintiff's definition of "RICO Supply Chain Defendants" and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the

allegations. Further, to the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. Advantage Logistics also denies the allegations in this paragraph to the extent they impute the behavior of other defendants to Advantage Logistics.

97.     To the extent Paragraph 97 contains allegations directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

98.     The allegations in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## FACTUAL ALLEGATIONS

99.     Advantage Logistics admits that the term "opioid" refers to a class of drugs that medical professionals may prescribe to treat pain. Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 99 and therefore denies the allegations.

100.     Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies the allegations.

101.     Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies the allegations.

102.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies the allegations.

103.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies the allegations.

104.    Advantage Logistics admits that the U.S. Drug Enforcement Administration ("DEA") regulates Schedule II controlled substances. Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies the allegations.

105.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies the allegations.

106.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies the allegations.

107.    Advantage Logistics admits that medical professionals describe the strength of various opioids in terms of morphine milligram equivalents ("MME"). Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and therefore denies the allegations.

108.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies the allegations.

109.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies the allegations.

110.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies the allegations.

13

111.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies the allegations.

112.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies the allegations.

113.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies the allegations.

114.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies the allegations.

115.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies the allegations.

116-132.    The allegations in Paragraphs 116 to 132 pertain to other Defendants or third parties, namely the Purdue entities and members of the Sackler family. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent any allegations in Paragraphs 116 to 132 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

133-140.    The allegations in Paragraphs 133 to 140 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraphs 133 to 140 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

141.    In response to the allegations in Paragraph 141, Advantage Logistics denies that any act or omission of Advantage Logistics created a public health crisis or public nuisance, as

14

alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

142.     The allegations in Paragraph 142 referring to the "opioid epidemic" as a "public nuisance" state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that any act or omission of Advantage Logistics created, perpetuated or maintained any public nuisance, as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 142 and therefore denies the allegations.

143.     The allegations in Paragraph 143 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

144-468.   The allegations in Paragraphs 144 to 468 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to parties other than Advantage Logistics and therefore denies the allegations. To the extent any allegations in Paragraphs 144 to 468 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

15

469.    To the extent any allegations in Paragraph 469 are directed at Advantage Logistics as a "Distributor Defendant," Advantage Logistics denies the allegations. To the extent the allegations in Paragraph 469 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

470.    The allegations in Paragraph 470 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

471.    The allegations in Paragraph 471 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

472.    The allegations in Paragraph 472 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

473.    To the extent any allegations in Paragraph 473 are directed at Advantage Logistics as a "Distributor Defendant," Advantage Logistics denies the allegations. To the extent the allegations in Paragraph 473 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

474.    To the extent any allegations in Paragraph 474 are directed at Advantage Logistics as a "Distributor Defendant," Advantage Logistics denies the allegations. To the extent the allegations in Paragraph 474 are directed at other Defendants, Advantage Logistics lacks

knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

475.    To the extent any allegations in Paragraph 475 are directed at Advantage Logistics as a "Distributor Defendant," Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it "worked together in an illicit enterprise" with other named Defendants, denies that it and other Defendants had "national policies, coordination, plans and procedures" regarding the distribution of opioids, and denies that it used any data "to further their distribution scheme to ensure the largest possible financial return. To the extent the allegations in Paragraph 475 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

476.    To the extent the allegations in Paragraph 476 seek to establish Defendant's duties, such allegations constitute legal conclusions to which no answer is required. To the extent an answer is required, Advantage Logistics denies the allegation. To the extent any remaining allegations in Paragraph 476 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in Paragraph 476 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

477.    The allegations in Paragraph 477 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

478.    The allegations in Paragraph 478 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. Advantage Logistics

17

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 478 and therefore denies the allegations.

479. Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 479 and therefore denies the allegations.

480. The allegations in Paragraph 480 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

481. The allegations in Paragraph 481 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it "flood[ed] Montana and Plaintiff's Community with more opioids than could be used for legitimate medical purposes" or that it "fill[ed] and fail[ed] to report orders that [it] knew or should have realized were likely being diverted for illicit uses." To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

482. The allegations in Paragraph 482 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it ever spoke publicly about opioids or its efforts to combat diversion. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

483. The allegations in Paragraph 483 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

484.    The allegations in Paragraph 484 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

485.    Advantage Logistics admits only that the Controlled Substance Act ("CSA") was enacted in 1970. To the extent the allegations in Paragraph 485 seek to define the requirements of the CSA or its implementing regulations, Advantage Logistics states that those allegations state a legal conclusion to which no response is required. To the extent an answer is required, Advantage Logistics denies those allegations. Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 485 and therefore denies the allegations.

486.    The allegations in Paragraph 486 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

487.    The allegations in Paragraph 487 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations. Further, the allegations describe an unidentified "directive" and Advantage Logistics denies Plaintiff's characterization thereof.

488.    The allegations in Paragraph 488 state legal conclusions to which no response is required. Further, the allegations in Paragraph 488 pertain to the manufacture of controlled substances like prescription opioids, and Advantage Logistics has never manufactured opioids. To the extent a response is required, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

489.    The allegations in Paragraph 489 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

19

490.    The allegations in Paragraph 490 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

491.    The allegations in Paragraph 491 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

492.    The allegations in Paragraph 492 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

493.    The allegations in Paragraph 493 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

494.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 494 pertaining to the FTC and therefore denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. To the extent the allegations are directed at Advantage Logistics, Advantage Logistics denies such allegations. Specifically, Advantage Logistics denies Plaintiff's characterization of its business as Advantage Logistics only has an internal self-distribution network which provides certain prescription opioids exclusively to pharmacies owned and operated by Advantage Logistics' parent company. Answering further, Advantage Logistics specifically denies ever "acquiring businesses that are related to the distribution of pharmaceutical products and health care supplies."

495.    The allegations in Paragraph 495 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

496.    The allegations in Paragraph 496 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

497.    In response to the allegations in Paragraph 497, Advantage Logistics denies that it breached any duty through any act or omission as alleged or at all. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

498.    The allegations in Paragraph 498 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics. Specifically, Advantage Logistics denies Plaintiff's characterization of its business as Advantage Logistics only has an internal self-distribution network which distributes certain prescription opioids exclusively to pharmacies owned and operated by Advantage Logistics' parent company. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

499.    Advantage Logistics denies that it failed to comply with any obligations, as alleged or at all, and denies the remaining allegations in Paragraph 499.  To the extent the allegations in

Paragraph 499 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

500.     The allegations in Paragraph 500 pertain to another Defendant. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent this paragraph is deemed to contain allegations against Advantage Logistics, Advantage Logistics denies the allegations.

501.     To the extent the allegations in Paragraph 501 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it has ever belonged to the "Healthcare Distribution Management Association ('HDMA')" now known as the "Healthcare Distribution Alliance ('HDA')." To the extent the allegations in this paragraph are directed at other Defendants and the HDMA or HDA, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

502.     To the extent the allegations in Paragraph 502 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

503.     In response to the allegations in Paragraph 503, Advantage Logistics denies the allegations in Paragraph 503. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

22

504.     In response to the allegations in Paragraph 504, Advantage Logistics denies the allegations in Paragraph 504. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, the allegations in Paragraph 504 relating to *Southwood Pharmaceuticals, Inc.*, 72 Fed. Reg. 36,487-01 (July 3, 2007) contain legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

505-512.     The allegations in Paragraphs 505 to 512 pertain to another Defendant and conduct of another Defendant, namely the alleged creation of a presentation by Defendant McKesson Corporation. Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

513.     To the extent any allegations in Paragraph 513 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

514.     To the extent any allegations in Paragraph 514 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

515.     To the extent any allegations in Paragraph 515 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it ever received any "financial incentives" from the Marketing Defendants to distribute higher volumes of prescription opioids or to refrain from reporting or declining to fill suspicious orders. To the

extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

516.    Advantage Logistics admits only that in distributing certain prescription opioids exclusively to pharmacies owned and operated by Advantage Logistics' parent company, it maintains "security protocols" and "storage facilities" for the distribution of prescription opioids. Answering further, Advantage Logistics denies the remaining allegations in Paragraph 516 to the extent the remaining allegations are directed at Advantage Logistics. To the extent the remaining allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

517.    To the extent any allegations in Paragraph 517 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it ever belonged to the Pain Care Forum, the Healthcare Distribution Alliance, or any other similar "trade or other organization" identified in Paragraph 517. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

518-532.    The allegations in Paragraphs 518 to 532 relate to other Defendants' participation in the Pain Care Forum, the Healthcare Distribution Alliance or other similar, unnamed organizations. Again, Advantage Logistics denies that it ever belonged to the Pain Care Forum, the Healthcare Distribution Alliance, or any other similar organization to which Plaintiff may refer. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 518 to 532 and therefore denies them. To

the extent any allegations in Paragraphs 518 to 532 are directed at Advantage Logistics, Advantage Logistics denies the allegations. For any remaining allegations in Paragraphs 518 to 532 not addressed by the proceeding responses, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

533.     To the extent any allegations in Paragraph 533 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

534.     Advantage Logistics denies that it ever belonged to the Pain Care Forum, the Healthcare Distribution Alliance, or any other similar organization to which Plaintiff may refer. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 534 and therefore denies them. To the extent any allegations in Paragraph 534 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

535.     To the extent any allegations in Paragraph 535 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

536.     The allegations in Paragraph 536 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

537.     To the extent any allegations in Paragraph 537 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are

directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

538.    To the extent any allegations in Paragraph 538 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

539.    Advantage Logistics admits only that the DEA maintains an ARCOS database and that ARCOS is an automated, comprehensive drug reporting system which monitors the flow of DEA controlled substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level.  To the extent any remaining allegations in Paragraph 539 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

540.    To the extent any allegations in Paragraph 540 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

541.    Advantage Logistics generally denies any allegations not explicitly addressed by the following responses to the subparagraphs of Paragraph 541:

> (a)    Regarding the allegations in subparagraph (a), to the extent any allegations are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent any allegations in subparagraph (a) are directed at

other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

(b)    Regarding the allegations in subparagraph (b), the allegations pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

(c)    Regarding the allegations in subparagraph (c), to the extent any allegations are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent any allegations in subparagraph (c) are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

(d)    Regarding the allegations in subparagraph (d), Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to the Distributor Defendants' collective revenues and therefore denies the allegations. To the extent any allegations are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent any allegations in subparagraph (d) are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

(e)    Regarding the allegations in subparagraph (e), the allegations are directed at "Marketing Defendants." By Plaintiff's own definition, Advantage

27

Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

542.    To the extent any allegations in Paragraph 542 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

543.     To the extent any allegations in Paragraph 543 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

544.    To the extent any allegations in Paragraph 544 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

545.    To the extent any allegations in Paragraph 545 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to

form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

546.     To the extent any allegations in Paragraph 546 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

547.     To the extent any allegations in Paragraph 547 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

548.     To the extent any allegations in Paragraph 548 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to documents and court decisions that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

549.     The allegations in Paragraph 549 state legal conclusions to which no response is required. **To the extent a response is required,** Advantage Logistics denies the allegations directed

at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

550.     To the extent any allegations in Paragraph 550 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

551.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 551 and therefore denies the allegations. As a distributor that only supplied prescription drugs to its own pharmacies, Advantage Logistics did not employ "sales representatives" with respect to prescription opioids.  Further, Paragraph 551 refers to an unsourced "public forum" post; this written post speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

552.     To the extent any allegations in Paragraph 552 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, to the extent Plaintiff's allegations directed at "Defendants" are directed at Advantage Logistics, Advantage Logistics denies that it ever provided any form of "sales incentives" whatsoever relating to the sale or distribution of opioids. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

553.     The allegations in Paragraph 553 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent any allegations in this paragraph are directed at

30

Advantage Logistics, Advantage Logistics denies the allegations. Further, this paragraph refers to documents that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

554.    The allegations in Paragraph 554 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent any allegations in this paragraph are directed at Advantage Logistics, Advantage Logistics denies the allegations. Further, this paragraph refers to documents that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

555.    To the extent the allegations in Paragraph 555 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

556.    To the extent the allegations in Paragraph 556 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

557.    To the extent the allegations in Paragraph 557 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

558.    To the extent the allegations in Paragraph 558 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other

Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

559.    To the extent the allegations in Paragraph 559 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

560.    To the extent the allegations in Paragraph 560 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

561.    To the extent the allegations in Paragraph 561 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

562.    To the extent the allegations in Paragraph 562 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

563.    To the extent the allegations in Paragraph 563 are directed at Advantage Logistics, Advantage Logistics denies those allegations.  To the extent those allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations.

564.    To the extent the allegations in Paragraph 564 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

565.    To the extent any allegations in Paragraph 565 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

566.    The allegations in Paragraph 566 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

567.    The allegations in Paragraph 567 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

568.    The allegations in Paragraph 568 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

569.    The allegations in Paragraph 569 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

570.    The allegations in Paragraph 570 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

571.    The allegations in Paragraph 571 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

572.    To the extent any allegations in Paragraph 572 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

573.    To the extent any allegations in Paragraph 573 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

574.    Advantage Logistics denies that it has failed to comply with obligations at its facilities, as alleged or at all, and denies the allegations in Paragraph 574 to the extent they are directed at Advantage Logistics. The remaining allegations in Paragraph 574 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

575.    Advantage Logistics denies that it made any public portrayals regarding prescription opioids and therefore denies the allegations in Paragraph 575 to the extent they are directed at Advantage Logistics. The remaining allegations in Paragraph 575 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

576.    The allegations in Paragraph 576 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

577.    The allegations in Paragraph 577 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. To the extent any allegations in this paragraph are directed at Advantage Logistics, Advantage Logistics denies the allegations.

578.    To the extent the allegations in the first sentence of Paragraph 578 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it was ever a member of the trade associations HDMA or NACDS. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, this paragraph refers to court filings that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

579.    To the extent the allegations in the first sentence of Paragraph 579 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it was ever a member of the trade associations identified by Plaintiff. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

580.    The allegations in Paragraph 580 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

581.     The allegations in Paragraph 581 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

582.     The allegations in Paragraph 582 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

583.     The allegations in Paragraph 583 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

584.     The allegations in Paragraph 584 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

585.     To the extent the allegations in the first sentence of Paragraph 585 are directed at Advantage Logistics, Advantage Logistics denies the allegations. Specifically, Advantage Logistics denies that it made public statements regarding prescription opioids. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

586-635.     The allegations in Paragraphs 586 through 635 pertain to the "National Retail Pharmacies," as defined by Plaintiff in the Corrected First Amended Complaint.  Plaintiff's Corrected First Amended Complaint does not include Advantage Logistics within the definition of "National Retail Pharmacy." As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to other Defendants and

therefore denies the allegations. To the extent any allegations in these paragraphs are directed at Advantage Logistics, Advantage Logistics denies the allegations.

636.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 636 and therefore denies the allegations.

637.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 637 and therefore denies the allegations.

638.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 638 and therefore denies the allegations.

639.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 639 and therefore denies the allegations. Further, this paragraph refers to court filings that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

640.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 640 and therefore denies the allegations. Further, this paragraph refers to court filings that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

641.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 641 and therefore denies the allegations. Further, this paragraph refers to documents that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

642.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 642 and therefore denies the allegations. Further,

this paragraph refers to court filings that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

643.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 643 and therefore denies the allegations. Further, this paragraph refers to a court decision that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

644.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 644 and therefore denies the allegations. Further, this paragraph refers to a book that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

645.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 645 and therefore denies the allegations. Further, this paragraph refers to a video that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

646.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 646 and therefore denies the allegations. Further, this paragraph refers to documents that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

647.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 647 and therefore denies the allegations. Further, this paragraph refers to a document that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

648.    To the extent any allegations in Paragraph 648 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

649.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 649 and therefore denies the allegations.

650.    To the extent any allegations in Paragraph 650 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the remaining allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

651.    To the extent the allegations in Paragraph 651 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in Paragraph 651 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

652.    The allegations in Paragraph 652 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics admits only that the Montana Board of Pharmacy requires that drug wholesalers of controlled substances register with the Montana Board of Pharmacy. Advantage Logistics denies the remaining allegations.

653.    The allegations in Paragraph 653 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

654.    To the extent the allegations in Paragraph 654 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other

Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

655.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 655 and therefore denies the allegations.

656.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 656 and therefore denies the allegations. Further, this paragraph refers to certain materials that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

657.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 657 and therefore denies the allegations. Further, this paragraph refers to certain materials that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

658.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 658 and therefore denies the allegations. **To the extent the allegations are directed at Advantage Logistics, Advantage Logistics denies the allegations.**

659.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 659 and therefore denies the allegations. Further, this paragraph refers to certain materials that speak for themselves, and Advantage Logistics denies Plaintiff's characterizations thereof.

660.    Advantage Logistics denies that any act or omission of Advantage Logistics caused any alleged increase in opioid use, as alleged or at all, and denies the allegations in Paragraph 660 to the extent they are directed at Advantage Logistics. **To the extent the allegations in Paragraph**

40

660 are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Further, the second sentence of this paragraph refers to testimony provided by Dr. Nora Volkow that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

661.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 661 and therefore denies the allegations. Further, this paragraph refers to a letter that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

662.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 662 and therefore denies the allegations. Further, this paragraph refers to a study that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

663.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 663 and therefore denies the allegations. Further, this paragraph refers to a document that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

664.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 664 and therefore denies the allegations. Further, this paragraph refers to a report that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

665.    To the extent the allegations in Paragraph 665 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other

Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

666.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 666 and therefore denies the allegations.

667.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 667 and therefore denies the allegations.

668.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 668 and therefore denies the allegations.

669.     Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 669 and therefore denies the allegations.

670.     To the extent the allegations in Paragraph 670 are directed at Advantage Logistics, Advantage Logistics denies the allegations.  To the extent the remaining allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

671.     To the extent the remaining allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.  To the extent the remaining allegations in Paragraph 671 seek to define Advantage Logistics duties, those allegations set forth legal conclusions to which no response is required.  If a response is required, Advantage Logistics denies the allegations.

672.     To the extent the allegations in Paragraph 672 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other

42

Defendants, **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

673. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 673 and therefore denies the allegations.

674. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 674 and therefore denies the allegations.

675. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 675 and therefore denies the allegations.

676. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 676 and therefore denies the allegations.

677. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 677 and therefore denies the allegations. Further, this paragraph refers to an unidentified "recent analysis" that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

678. In response to the allegations in Paragraph 678, Advantage Logistics denies that any act or omission by Advantage Logistics has caused or created an opioid epidemic, as alleged or at all. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 678 regarding Plaintiff's alleged damages and therefore denies the allegations.

679. **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 679 regarding Plaintiff's alleged damages and therefore denies the allegations.

43

680.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 680 and therefore denies the allegations.

681-693.     The allegations in Paragraphs 681 through 693 describe "Plaintiff's Community." Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 681-693 regarding Plaintiff's Community and therefore denies the allegations. Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other Defendants and therefore denies the allegations.

694.    To the extent the allegations in Paragraph 694 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

695.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 695 and therefore denies the allegations.

696.    To the extent the allegations in Paragraph 696 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

697.    The allegations in Paragraph 697 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

698.    In response to the allegations in Paragraph 698, Advantage Logistics admits only that the DEA maintains an ARCOS database and that ARCOS is an automated, comprehensive

drug reporting system which monitors the flow of DEA controlled substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level.  To the extent the allegations in Paragraph 698 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

699.    Advantage Logistics lacks knowledge or information sufficient sufficient to form a belief as to the truth of the allegations in Paragraph 699 and therefore denies the allegations.

700.    Advantage Logistics denies that it engaged in "excessive and wrongful distribution" of opioids, as alleged or at all and denies the remaining allegations in Paragraph 700 to the extent they are directed at Advantage Logistics. To the extent these allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

701-713.    The allegations in Paragraphs 701 to 713 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraphs 701 to 713 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

714.    To the extent the allegations in Paragraph 714 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

715.     To the extent the allegations in Paragraph 715 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

716.     To the extent the allegations in Paragraph 716 are directed at Advantage Logistics, Advantage Logistics denies them. Specifically, Advantage Logistics denies that it was ever a member of the HDA.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

717.     To the extent the allegations in Paragraph 717 are directed at Advantage Logistics, Advantage Logistics denies them. Specifically, Advantage Logistics denies that it was ever a member of the HDA. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

718.     To the extent the allegations in Paragraph 718 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

719.     To the extent the allegations in Paragraph 719 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

720.     To the extent the allegations in Paragraph 720 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

721.     In response to the allegations in Paragraph 721, Advantage Logistics denies that it has engaged in any unlawful actions or that Plaintiff has suffered or continues to suffer any harm due to any alleged act or omission of Advantage Logistics, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

722.     To the extent the allegations in Paragraph 722 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

723.     To the extent the allegations in Paragraph 723 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

724.     To the extent the allegations in Paragraph 724 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

725.    The allegations in Paragraph 725 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

726.    To the extent the allegations in Paragraph 726 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in and therefore denies the allegations.

727.    Advantage Logistics denies the allegations in Paragraph 727.

728.    The allegations in Paragraph 728 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent any allegations in Paragraph 728 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

729.    To the extent the allegations in Paragraph 729 are directed at Advantage Logistics, Advantage Logistics denies them.  In particular, Advantage Logistics was not a party to any opioid-related lawsuit in April 2018.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. Further, the allegations in Paragraph 729 refer to this Court's April 11, 2018 Order that speaks for itself, and Advantage Logistics denies Plaintiff's characterizations thereof.

730.    Advantage Logistics denies the allegations in Paragraph 730.

731.    Advantage Logistics denies the allegations in Paragraph 731.

732.    To the extent any allegations in Paragraph 732 are directed at Advantage Logistics, Advantage Logistics denies them.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

733.    To the extent the allegations in Paragraph 733 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

734.    To the extent the allegations in Paragraph 734 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

735.    To the extent the allegations in Paragraph 735 are directed at Advantage Logistics, Advantage Logistics denies them   To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

736-746.    The allegations in Paragraphs 736 to 746 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the Marketing Defendants referred to in Paragraphs 736 to 746 and therefore denies the allegations. To the extent

any allegations in Paragraphs 736 to 746 are directed at Advantage Logistics, Advantage Logistics denies the allegations.

747.    To the extent the allegations in Paragraph 747 are directed at Advantage Logistics, Advantage Logistics denies them. In particular, Advantage Logistics denies that it has ever been admonished or fined by regulatory authorities pertaining to the sale or distribution of opioids, as alleged or at all.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

748.    Advantage Logistics lack sufficient knowledge or information to form a belief as to the accuracy of the alleged comments by former DEA agent Joe Rannazzisi as alleged in Paragraph 748, but denies that the alleged comments were directed at Advantage Logistics. Further, this paragraph refers to a *60 Minutes* interview that speaks for itself, and Advantage Logistics denies any of Plaintiff's characterizations thereof that are inconsistent therewith.

749.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 749 pertaining to alleged comments of an undisclosed "DEA veteran," but denies that such alleged comments pertain to Advantage Logistics.

750-763.    The allegations in Paragraphs 750 to 763 pertain to other Defendants. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent any allegations in these paragraphs referring generally to "Defendants" are directed at Advantage Logistics, Advantage Logistics denies the allegations. Further, these paragraphs refer to various agreements, settlements,

and news reports that speak for themselves, and Advantage Logistics denies any characterizations that are inconsistent therewith.

764-798.     The allegations in Paragraphs 764 to 798 pertain to the "RICO Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "RICO Marketing Defendant," nor is it a member of the alleged "Opioid Marketing Enterprise." As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the RICO Marketing Defendants or the Opioid Marketing Enterprise referred to in Paragraphs 764 to 798 and therefore denies the allegations.

799-827.     The allegations in Paragraphs 799 to 827 pertain to the "RICO Supply Chain Defendants." By Plaintiff's own definition, Advantage Logistics is not a "RICO Supply Chain Defendant," nor is it a member of the alleged "Opioid Supply Chain Enterprise." As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the RICO Supply Chain Defendants or the Opioid Supply Chain Enterprise referred to in Paragraphs 799 to 827 and therefore denies the allegations.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Marketing Enterprise
### (Against Defendants Purdue, Cephalon, Janssen, Endo, and Mallinckrodt (the "RICO Marketing Defendants"))

828-855.     The allegations in Paragraphs 828 to 855 pertain to the "RICO Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "RICO Marketing Defendant." As such, no response to these allegations is required.  To the extent a response is required, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## SECOND CLAIM FOR RELIEF

**Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Supply Chain Enterprise
(Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal,
and AmerisourceBergen (the "RICO Supply Chain Defendants"))**

856-887.    The allegations in Paragraphs 856 to 887 pertain to the "RICO Supply Chain Defendants." By Plaintiff's own definition, Advantage Logistics is not a "RICO Supply Chain Defendant." As such, no response to these allegations is required.  To the extent a response is required, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## THIRD CLAIM FOR RELIEF

**Public Nuisance
Federal Common Law
(Against All Defendants)**

888-912.    Paragraphs 888 to 912 relate to a claim that has been dismissed pursuant to the Court's June 13, 2019 Order, and as such, no response is required. To the extent a response is required, Advantage Logistics generally denies the allegations contained in Paragraphs 888 to 912.

## FOURTH CLAIM FOR RELIEF

**State Common Law Public Nuisance
(Against All Defendants)**

913.    The allegations in Paragraph 913 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations directed at Advantage Logistics.

914.    In response to Paragraph 914, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

915.    To the extent the allegations in Paragraph 915 are directed at Advantage Logistics, Advantage Logistics denies them.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

916.    The allegations in Paragraph 916 state a legal conclusion to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.

917.    Advantage Logistics denies that it has created or maintained any public nuisance, as alleged in Paragraph 917 or at all.  The allegations regarding Plaintiff's legal rights set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

918.    The allegations in Paragraph 918 regarding Plaintiff's legal rights set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.  Advantage Logistics denies that any act or omission of Advantage Logistics has injuriously affected any public rights, as alleged or at all.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

919.    The allegations in Paragraph 919 set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.

920.    The allegations in Paragraph 920 set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.

921.    The allegations in Paragraph 921 set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations.

922.    The allegations in Paragraph 922 set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations. Advantage Logistics further denies that any conduct of Advantage Logistics created a nuisance and denies the remaining allegations therein. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

923.    The allegations in Paragraph 923 set forth legal conclusions to which no response is required.  To the extent a response is required, Advantage Logistics denies the allegations. Advantage Logistics further denies that it was negligent or that it carelessly created an unreasonable risk of harm, as alleged or at all.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

924.    To the extent the allegations in Paragraph 924 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

925.    To the extent the allegations in Paragraph 925 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

926.    To the extent the allegations in Paragraph 926 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

927.    Advantage Logistics denies that it has engaged in any act or omission that has created a public nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 927.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

928.    Advantage Logistics denies that it has engaged in any act or omission that has interfered with any common rights of the general public, as alleged or at all, and denies the remaining allegations in Paragraph 928.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

929.    To the extent the allegations in Paragraph 929 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

930.    To the extent the allegations in Paragraph 930 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

931.    To the extent the allegations in Paragraph 931 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

932.    Advantage Logistics denies that it engaged in any act or omission that created a nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 932. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

933.    Advantage Logistics denies that it engaged in any act or omission that created a nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 933.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

934.    To the extent the allegations in Paragraph 934 are directed at Advantage Logistics, Advantage Logistics denies them.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

935-937.    The allegations in Paragraphs 935 to 937 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the Marketing Defendants referred to in Paragraphs 935 to 937 and therefore denies the allegations.

938.    In response to the allegations in Paragraph 938, Advantage Logistics admits that a portion of its business is to dispense controlled substances pursuant to prescriptions issued for

legitimate medical purposes, to customers of its parent company's in-house pharmacies. Advantage Logistics denies the remaining allegations in Paragraph 938 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

939.    Advantage Logistics denies that it marketed or "pushed as many opioids onto the market as possible" and denies the remaining allegations in Paragraph 939 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

940.    In response to the allegations in Paragraph 940, Advantage Logistics admits that it had control over its own conduct but denies that any conduct of Advantage Logistics has had an adverse effect on rights common to the general public, as alleged or at all. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

941.    Advantage Logistics denies that any act or omission of Advantage Logistics caused a public nuisance or harm to the Plaintiff, as alleged or at all and denies the remaining allegations in Paragraph 941 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

942.     To the extent the allegations in Paragraph 942 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

943.     Advantage Logistics denies that any act or omission by Advantage Logistics created a public nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 943 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

944.     Advantage Logistics denies that any act or omission by Advantage Logistics created a public nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 944 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

945.     Advantage Logistics denies that it committed any tortious conduct or created a public nuisance that caused any harm to Plaintiff, as alleged or at all, and denies the remaining allegations in Paragraph 945 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

946.     Advantage Logistics denies that it committed any tortious conduct or created a public nuisance that caused any harm to Plaintiff, as alleged or at all, and denies the remaining allegations in Paragraph 946 to the extent they are directed at Advantage Logistics. To the extent

the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

947.    Advantage Logistics denies that it created any public nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 947 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

948.    Advantage Logistics denies that created any public nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 948 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

949.    Advantage Logistics denies that it committed any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 949 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

950.    Advantage Logistics denies that it committed any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 950 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

59

951.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 951 and therefore denies the allegations.

952.    Advantage Logistics denies that it committed any acts or omissions that created a nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 952 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

953.    Advantage Logistics denies the allegations in Paragraph 953.

954.    Advantage Logistics denies the allegations in Paragraph 954.

955.    To the extent the allegations in Paragraph 955 are directed at Advantage Logistics, Advantage Logistics denies the allegations. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

956.    To the extent the allegations in Paragraph 956 are directed at Advantage Logistics, Advantage Logistics denies the allegations. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

957.    Advantage Logistics denies that it committed any acts or omissions that resulted in tortious conduct, and denies the remaining allegations in Paragraph 957 to the extent they are directed at Advantage Logistics. **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

958.    To the extent the allegations in Paragraph 958 are directed at Advantage Logistics, Advantage Logistics denies the allegations.  **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

959.    To the extent the allegations in Paragraph 959 are directed at Advantage Logistics, Advantage Logistics denies the allegations.  **To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

960.    In response to the allegations in Paragraph 960, Advantage Logistics denies that Plaintiff is entitled to legal and equitable relief, as alleged or at all.

## FIFTH CLAIM FOR RELIEF

### Statutory Public Nuisance
### (Against All Defendants)

961.    In response to the allegations in Paragraph 961, **Advantage Logistics denies that it is liable to Plaintiff under the applicable State statutory law of public nuisance**.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

962.    In response to the allegations in Paragraph 962, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

963.    The allegations in Paragraph 963 state legal conclusions to which no response is required. **To the extent a response is required,** Advantage Logistics denies the allegations.

964.    The allegations in Paragraph 964 state legal conclusions to which no response is required. **To the extent a response is required,** Advantage Logistics denies the allegations.

965.    The allegations in Paragraph 965 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

966.    Advantage Logistics denies that it engaged in any conduct that created a nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 966 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

967.    Advantage Logistics denies that it engaged in any conduct that exceeded its statutory authority or was in violation of any statute or regulation, as alleged or at all, and denies the remaining allegations in Paragraph 967 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

968.    Advantage Logistics denies that it engaged in any conduct that created a nuisance, as alleged or at all, and denies the remaining allegations in Paragraph 968 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

969.    Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 969 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

970.    Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 970 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

971.    Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 971 and therefore denies the allegations.

972.    Advantage Logistics denies that it engaged in any conduct that was unlawful, as alleged or at all, and denies the remaining allegations in Paragraph 972 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

973.    Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 973 regarding Plaintiff's claims for damages or injunctive relief and therefore denies the same.

974.    In response to the allegations in Paragraph 974, Advantage Logistics denies that Plaintiff is entitled to legal and equitable relief against Advantage Logistics.

## SIXTH CLAIM FOR RELIEF

### Negligence and Negligent Misrepresentation
### (Against All Defendants)

In his June 13, 2019 Opinion and Order in this action (Dkt. 67), Judge Polster dismissed Plaintiff's negligence *per se* claim, concluding that none of the statutes cited by Plaintiff are intended to protect Plaintiff from the harm it alleges. To the extent that Plaintiff's Sixth Claim for

Relief continues to assert a negligence *per se* claim, no answer is required, and Advantage Logistics generally denies any and all allegations that purport to assert such a claim.

975.    In response to Paragraph 975, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

976.    In response to Paragraph 976, Advantage Logistics denies that it engaged in any act or omission that was unlawful or that would entitle Plaintiff to economic damages.

977-982.      The allegations in Paragraphs 977 to 983 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

983.    Advantage Logistics denies the allegations in Paragraph 983.

984.    The allegations in Paragraph 984 state legal conclusions to which no response is required. Further, the allegations in Paragraph 984 pertain to other Defendants. Specifically, Advantage Logistics has never manufactured opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations. To the extent the allegations in this paragraph are directed at Advantage Logistics, Advantage Logistics denies the allegations.

985.    Advantage Logistics denies that it was "repeatedly warned by law enforcement" of any unlawfulness of any act or omission of Advantage Logistics, as alleged or at all, and denies the remaining allegations of Paragraph 985. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

986.    To the extent the allegations in Paragraph 986 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are

directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

987.    To the extent the allegations in Paragraph 987 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

988.    Advantage Logistics denies that it engaged in any act or omission that breached any duty of Advantage Logistics to Plaintiff, as alleged or at all, and denies the remaining allegations in Paragraph 988. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

989-991.    The allegations in Paragraphs 989 to 991 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

992.    To the extent the allegations in Paragraph 992 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

993.    To the extent the allegations in Paragraph 993 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are

directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

994. To the extent the allegations in Paragraph 994 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

995. To the extent the allegations in Paragraph 995 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

996. Advantage Logistics denies the allegations in Paragraph 996.

997. Advantage Logistics denies that it engaged in any act or omission that resulted in harm to the Plaintiff and denies the remaining allegations in Paragraph 997. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

998. Advantage Logistics admits that it had control over its own actions, but denies the remaining allegations in Paragraph 998 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

999. The allegations in Paragraph 999 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture

or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations. To the extent the allegations in Paragraph 999 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1000.   To the extent the allegations in Paragraph 1000 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1001.   To the extent the allegations in Paragraph 1001 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1002.   To the extent the allegations in Paragraph 1002 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1003.   In response to the allegations in Paragraph 1003, Advantage Logistics admits that a portion of its business is to dispense controlled substances pursuant to prescriptions issued for legitimate medical purposes, to customers of its parent company's in-house pharmacies. Advantage Logistics denies the remaining allegations in Paragraph 1003 to the extent they are directed at Advantage Logistics.  To the extent the allegations in this paragraph are directed at

other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1004. Advantage Logistics denies that it breached any duties or misrepresented its duties or compliance with any duties, as alleged or at all and denies the remaining allegations in Paragraph 1004. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1005. Advantage Logistics denies that it engaged in any wrongful conduct that led to a public nuisance or harm to Plaintiff, as alleged or at all, and denies the remaining allegations of Paragraph 1005. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1006. Advantage Logistics denies the allegations in Paragraph 1006.

1007. To the extent the allegations in Paragraph 1007 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1008-1027. Paragraphs 1008 to 1027 relate to a negligence *per se* theory that has been barred pursuant to the Court's June 13, 2019 Order, and as such, no response is required. To the extent a response is required, Advantage Logistics generally denies the allegations contained in Paragraphs 1008 to 1027 to the extent the allegations are directed at Advantage Logistics. To the extent the allegations in these paragraphs are directed at other Defendants, Advantage Logistics

lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1028.   Advantage Logistics denies that it was negligent, as alleged or at all, and denies the remaining allegations of Paragraph 1028 to the extent they are directed at Advantage Logistics. To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1029.   Advantage Logistics denies that it engaged in any "culpable act," as alleged or at all, and denies the remaining allegations of Paragraph 1029 to the extent they are directed at Advantage Logistics.   To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1030-1031.   Paragraphs 1030 to 1031 relate to a negligence *per se* theory that has been barred pursuant to the Court's June 13, 2019 Order, and as such, no response is required. To the extent a response is required, Advantage Logistics generally denies the allegations.

1032-1033.   To the extent the allegations in Paragraphs 1032-33 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in these paragraphs are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1034.   Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1034 and therefore denies the allegations.

1035.   Advantage Logistics denies that it engaged in any tortious conduct, as alleged or at all, and denies the remaining allegations of Paragraph 1035 to the extent they are directed at Advantage Logistics.   To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1036.   Advantage Logistics denies that it engaged in any tortious conduct, as alleged or at all, and denies the remaining allegations of Paragraph 1036 to the extent they are directed at Advantage Logistics.   To the extent the allegations in this paragraph are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

1037.   The allegations in Paragraph 1037 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

1038. The allegations in Paragraph 1038 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

1039-1050.     To the extent the allegations in Paragraphs 1039-1050 are directed at Advantage Logistics, Advantage Logistics denies the allegations. To the extent the allegations in these paragraphs are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## SEVENTH CLAIM FOR RELIEF

### Common Law Fraud
### (Against the Marketing Defendants)

1051-1069.    The allegations in Paragraphs 1051 to 1069 pertain to other Defendants, namely the "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, no response is required.   To the extent a response is required, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment
### (Against All Defendants)

1070.   In response to Paragraph 1070, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

1071.   To the extent the allegations in Paragraph 1071 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1072.   To the extent the allegations in Paragraph 1072 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1073.   The allegations in Paragraph 1073 state legal conclusions to which no response is required. To the extent a response is required, Advantage Logistics denies the allegations.

1074-1075.    **Advantage Logistics** lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1074 to 1075 and therefore denies the allegations.

1076.    To the extent the allegations in Paragraph 1076 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1077.    To the extent the allegations in Paragraph 1077 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1078.    To the extent the allegations in Paragraph 1078 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1079.    To the extent the allegations in Paragraph 1079 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1080.    To the extent the allegations in Paragraph 1080 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1081.   To the extent the allegations in Paragraph 1081 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1082.   To the extent the allegations in Paragraph 1082 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1083.   Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 1083. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1084.   Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 1084. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1085.   Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1085 and therefore denies the allegations.

1086.   In response to the allegations in Paragraph 1086, Advantage Logistics denies that Plaintiff is entitled to any relief against Advantage Logistics, as alleged or at all.

## NINTH CLAIM FOR RELIEF

### Civil Conspiracy
### (Against All Defendants)

1087.  In response to Paragraph 1087, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

1088.  To the extent the allegations in Paragraph 1088 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1089.  To the extent the allegations in Paragraph 1089 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1090.  The allegations in Paragraph 1090 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

1091.  To the extent the allegations in Paragraph 1091 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1092.  To the extent the allegations in Paragraph 1092 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants,

74

Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1093.   To the extent the allegations in Paragraph 1093 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1094.   The allegations in Paragraph 1094 pertain to "Marketing Defendants." By Plaintiff's own definition, Advantage Logistics is not a "Marketing Defendant," nor did it ever manufacture or market opioids. As such, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Marketing Defendants and therefore denies the allegations.

1095.   To the extent the allegations in Paragraph 1095 are directed at Advantage Logistics, Advantage Logistics denies them. In particular, Plaintiff has not made any allegations as to Advantage Logistics in Plaintiff's Count for RICO violations. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1096.   To the extent the allegations in Paragraph 1096 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1097.   To the extent the allegations in Paragraph 1097 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants,

Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1098.   To the extent the allegations in Paragraph 1098 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1099.   To the extent the allegations in Paragraph 1099 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1100.   To the extent the allegations in Paragraph 1100 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1101.   To the extent the allegations in Paragraph 1101 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1102.   Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegation in Paragraph 1102. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1103.   Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegation in Paragraph 1103.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1104.   Advantage Logistics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1104 and therefore denies the allegations.

1105.   In response to the allegations in Paragraph 1105, Advantage Logistics denies that Plaintiff is entitled to recovery of any alleged economic losses as a result of any act or omission by Advantage Logistics.

1106.   In response to the allegations in Paragraph 1106, Advantage Logistics denies that Plaintiff is entitled to legal or equitable relief against Advantage Logistics, as alleged or at all.

## TENTH CLAIM FOR RELIEF

### Violations of Montana Unfair Trade Practices and Consumer Protection Act, MCA § 30-14-101, et seq.
### (Against All Defendants)

1107-1119.     Paragraphs 1107 to 1119 relate to a claim that has been dismissed pursuant to the Court's June 13, 2019 Order, and as such, no response is required. To the extent a response is required, Advantage Logistics generally denies the allegations contained in Paragraphs 1107 to 1119.

## PUNITIVE DAMAGES

1120.   In response to Paragraph 1120, Advantage Logistics incorporates by reference all other paragraphs of its Answer as if fully set forth herein.

1121.   To the extent the allegations in Paragraph 1121 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants,

Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1122.   To the extent the allegations in Paragraph 1122 are directed at Advantage Logistics, Advantage Logistics denies them. To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

1123.   Advantage Logistics denies that it engaged in any misconduct, as alleged or at all, and denies the remaining allegations in Paragraph 1123 to the extent they are directed at Advantage Logistics.  To the extent the allegations are directed at other Defendants, Advantage Logistics lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

## PRAYER FOR RELIEF

1124.   Advantage Logistics denies that Plaintiff is entitled to any relief set forth in Paragraph 1124 of its Corrected First Amended Complaint.

## GENERAL DENIAL

1125.   Advantage Logistics denies all allegations not specifically admitted in its Answer.

## RESERVATION OF RIGHTS

1126.   Advantage Logistics reserves the right to amend its Answer to the Complaint, and to raise additional defenses it may discover during the course of this litigation and its ongoing factual investigation.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of Plaintiff's Corrected First Amended Complaint, and having denied any liability whatsoever, Advantage Logistics further denies any allegations that

have not been expressly admitted and sets forth below in its defenses. By setting forth these defenses, Advantage Logistics does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, Advantage Logistics does not intend these defenses to be, nor shall they be construed as, an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Advantage Logistics does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense. Upon completion of discovery, if the facts warrant, Advantage Logistics may withdraw any of these defenses as may be appropriate. Advantage Logistics reserves the right (i) to rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action, (ii) to rely on any other defenses that may become apparent during fact or expert discovery in this matter, and (iii) to amend its Answer to assert any such defenses.

## FIRST DEFENSE

The Corrected First Amended Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff lacks standing to bring all or some of its claims.

79

## SIXTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its Tribe's members and claims brought as *parens patriae*.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## NINTH DEFENSE

Plaintiff's claims are not ripe and/or have been mooted.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers.

## ELEVENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by the political question and separation of powers doctrine and because its state-law claims implicate issues of statewide importance that are reserved for state regulation.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural prerequisites.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

### SIXTEENTH DEFENSE

Venue is not proper in this Court and this Court is not a convenient forum for the adjudication of this action.

### SEVENTEENTH DEFENSE

Plaintiff has failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff allege engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred because this Court lacks personal jurisdiction over Advantage Logistics.

### NINETEENTH DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by Advantage Logistics of which Advantage Logistics provided notice of all material facts.

### TWENTIETH DEFENSE

Plaintiff's claims against Advantage Logistics do not arise out of the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent they relate to Advantage Logistics alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to

81

the Constitution of the United States or by the Constitution of the State of Montana or that of any other state whose laws may apply.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they violate the Due Process or Ex Post Facto clauses of the United States or Montana constitutions.

## TWENTY-THIRD DEFENSE

Advantage Logistics rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they violate the Dormant Commerce Clause of the United States Constitution.

## TWENTY-FIFTH DEFENSE

Advantage Logistics denies all types of causation, including without limitation, cause in fact, proximate cause and producing cause, with respect to the claims asserted against Advantage Logistics.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Advantage Logistics did not proximately cause the damages complained of, and because the acts of other persons (including

individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between Advantage Logistics acts and Plaintiff's harms. Advantage Logistics had no legal duty to protect Plaintiff from the intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

## TWENTY-SEVENTH DEFENSE

The injuries and damages claimed by Plaintiff resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Advantage Logistics was not the proximate and/or competent producing cause of such alleged injuries and damages.

## TWENTY-EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were due to misuse, illicit use, or abuse of the medications at issue on the part of the medication users, for which Advantage Logistics is not liable.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent any alleged injuries and/or damages sustained by Plaintiff were caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Advantage Logistics had no control or right of control and for whom it is not responsible.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable and uncontrollable forces over which Advantage Logistics had no control and for which Advantage Logistics is not responsible, including without limitation pre-existing or unrelated medical conditions.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any and all damages alleged by Plaintiff were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom Advantage Logistics had no control, for whom Advantage Logistics are not responsible, and that operated as superseding causes that extinguish any liability.

### THIRTY-SECOND DEFENSE

Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by Advantage Logistics.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf Tribe members to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent Advantage Logistics has valid defenses that bar recovery by those persons on whose behalf Plaintiff purportedly seek recovery.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seek to recover.

## THIRTY-SEVENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## THIRTY-EIGHTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Advantage Logistics that harmed patients and should not have been prescribed or distributed, that Advantage Logistics caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

## FORTIETH DEFENSE

Any recovery by Plaintiff may be barred, in whole or in part, by the principle of comparative or contributory fault.

### FORTY-FIRST DEFENSE

Any recovery against Advantage Logistics is barred or limited under the principles of assumption of the risk and/or informed consent.

### FORTY-SECOND DEFENSE

Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Advantage Logistics, and in the event that Advantage Logistics is found to be liable to Plaintiff, Advantage Logistics will be entitled to indemnification, contribution, and/or apportionment.

### FORTY-THIRD DEFENSE

Advantage Logistics asserts its right to a proportionate reduction of any damages found against Advantage Logistics based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

### FORTY-FOURTH DEFENSE

In the event of liability against Advantage Logistics (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to (i) Plaintiff, (ii) other parties from whom Plaintiff seeks recovery, and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in import, distribution, and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers. Mont. Code Ann. § 27-1-702.

## FORTY-FIFTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

## FORTY-SIXTH DEFENSE

If Advantage Logistics is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), the facts will show that any recovery by Plaintiff must be reduced pursuant to Mont. Code Ann. § 27-1-702 to account for the acts or omissions attributable to Plaintiff.

## FORTY-SEVENTH DEFENSE

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Mont. Code Ann. § 27-1-220(3).

## FORTY-EIGHTH DEFENSE

Any damages that Plaintiff may recover against Advantage Logistics must be reduced to the extent Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject drugs, or damages recovered or recoverable by other actual or potential Plaintiffs. Any damages that Plaintiff may recover against Advantage Logistics must be reduced to the extent they unjustly enrich Plaintiff.

## FORTY-NINTH DEFENSE

Plaintiff's claims against Advantage Logistics are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

87

## FIFTIETH DEFENSE

Plaintiff's claims against Advantage Logistics are barred or limited by the economic loss rule.

## FIFTY-FIRST DEFENSE

Plaintiff is barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

## FIFTY-SECOND DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

## FIFTY-THIRD DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FIFTY-FIFTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

**FIFTY-SIXTH DEFENSE**

The conduct of Advantage Logistics conformed with the FDCA and the requirements of the Food and Drug Administration ("FDA"), and the activities of Advantage Logistics alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

**FIFTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

**FIFTY-EIGHTH DEFENSE**

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

**FIFTY-NINTH DEFENSE**

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm'n*, 531 U.S. 341 (2001).

**SIXTIETH DEFENSE**

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the Drug Enforcement Administration" with respect to

Advantage Logistics compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm'n,* 531 U.S. 341 (2001).

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## SIXTY-SECOND DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, Advantage Logistics is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## SIXTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs developed

by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## SIXTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

## SIXTY-FIFTH DEFENSE

Advantage Logistics did not owe or breach any statutory or common law duty to Plaintiff.

## SIXTY-SIXTH DEFENSE

Advantage Logistics appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTY-SEVENTH  DEFENSE

Plaintiff's claims are barred, in whole or in part, because Advantage Logistics complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-EIGHTH DEFENSE

To the extent Plaintiff relies on letters or other informal guidance from the DEA to establish Advantage Logistics regulatory duties, such informal guidance cannot enlarge Advantage Logistics regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

## SIXTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Advantage Logistics.

### SEVENTIETH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

### SEVENTY-FIRST DEFENSE

To the extent Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### SEVENTY-SECOND DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Advantage Logistics.

### SEVENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of Advantage Logistics was misleading, unfair, or deceptive.

### SEVENTY-FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because neither the users nor their prescribers of the medications distributed by Advantage Logistics, nor Plaintiff itself, relied to their detriment upon any statement by Advantage Logistics in determining to use the medications at issue.

### SEVENTY-FIFTH DEFENSE

Advantage Logistics is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

## SEVENTY-SIXTH DEFENSE

Plaintiff's nuisance claims are barred to the extent they lack the statutory authority to bring a nuisance claim under Montana law.

## SEVENTY-SEVENTIETH DEFENSE

Plaintiff's common law and statutory public nuisance claims are barred or limited to the extent they have been abrogated or otherwise curtailed by the Montana Products Liability Act, Mont. Code Ann. § 27-1-719, *et seq*.

## SEVENTY-EIGHTH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of Advantage Logistics involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Advantage Logistics is too remote from the alleged injury as a matter of law and due process.

## SEVENTY-NINTH DEFENSE

Plaintiff's claim for unjust enrichment is barred or limited because Advantage Logistics did not receive and retain any alleged benefit from Plaintiff.

## EIGHTIETH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Montana statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## EIGHTY-FIRST DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent Advantage Logistics is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

## EIGHTY-SECOND DEFENSE

Advantage Logistics liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Advantage Logistics is entitled to complete indemnity, express or implied, by other parties.

## EIGHTY-THIRD DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process Clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth Amendment to the United States Constitution, and applicable provisions of the Constitution of Ohio or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent, without limitation, it:

(1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any;

(2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties;

(3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff;

(4) permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence;

(5) permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Advantage Logistics;

(6) permits the imposition of punitive damages without any predetermined limit on any such award;

(7) permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s);

(8) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any;

(9) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants;

(10) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

95

(11) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties;

(12) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and

(13) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## EIGHTY-FOURTH DEFENSE

To the extent Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## EIGHTY-FIFTH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that Advantage Logistics was grossly negligent and Advantage Logistics has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

## EIGHTY-SIXTH DEFENSE

To the extent Plaintiff seeks to recover medical costs funded by a compact (or contract) under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301 *et seq.*, any possible recovery by Plaintiff is barred by the Federal Medical Care Recovery Act, 42 U.S.C. § 2641 *et seq*.

## EIGHTY-SEVENTH DEFENSE

The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Advantage Logistics to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

## EIGHTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Advantage Logistics in determining to use or prescribe the subject prescription medications

## EIGHTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## NINETIETH DEFENSE

Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

## NINETY-FIRST DEFENSE

Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to

97

fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

## NINETY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

## NINETY-THIRD DEFENSE

Advantage Logistics is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of Montana or any other state whose substantive law might control the action.

## NINETY-FOURTH DEFENSE

Advantage Logistics asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Montana Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

## NINETY-FIFTH DEFENSE

To the extent they are not otherwise incorporated herein, Advantage Logistics incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants in this case.

## NINETY-SIXTH DEFENSE

Advantage Logistics adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## JURY DEMAND

Advantage Logistics hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Advantage Logistics prays for relief from judgment from Plaintiff as follows:

1.      Plaintiff take nothing by reason of this Complaint;

2.      Advantage Logistics recovers its costs and attorneys' fees incurred herein; and

3.      For such further and other relief as the Court deems proper.

Dated:   July 26, 2019                              Respectfully Submitted,

By: */s/ Francis A. Citera*
One of Defendant's Attorneys

Francis A. Citera
Gretchen N. Miller
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL  60601
Tel: (312) 456-8400
Fax: (312) 456-8435
citeraf@gtlaw.com
millerg@gtlaw.com

*Counsel for Advantage Logistics Midwest, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I, Francis A. Citera, an attorney, certify that I caused a copy of the foregoing Answer to

Plaintiff's Corrected First Amended Complaint to be served upon the parties of record using the

CM/ECF system which will send notification of such filing on this 26th Day of July, 2019.


*/s/ Francis A. Citera*
Francis A. Citera