## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The Blackfeet Tribe of the Blackfeet Indian Reservation v. Amerisourcebergen Drug Corporation et al.*<br><br>Case No. 1:18-op-45749-DAP | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Hon. Dan Aaron Polster** |

## ANSWER AND AFFIRMATIVE DEFENSES OF

## CEPHALON, INC.

Defendant CEPHALON, INC. (hereinafter "Defendant" or "Cephalon"),[1] by and through

its undersigned counsel, hereby submits its Answer, Defenses, and Affirmative Defenses

responding, by corresponding paragraph numbers, to each of the numbered paragraphs in the

Corrected First Amended Complaint ("Complaint") of Plaintiff Blackfeet Tribe of the Blackfeet

Indian Reservation.  For convenience only, Defendant uses the same headings and sub-headings

used by Plaintiff in the Complaint.

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into Cephalon's response to each

paragraph of the Complaint.

---

[1]     Cephalon's indirect parent corporation, Defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), is an Israeli corporation that is not subject to personal jurisdiction in the United States for the reasons explained in its pending motion to dismiss for lack of personal jurisdiction in the Track 1 cases. (ECF No.  1264).  Teva Ltd. has not been served in this case, nor has it received a waiver of service request from Plaintiff.  If Teva Ltd. is served and required to answer at a later date (after motion to dismiss briefing and a determination by the Court of whether it is subject to personal jurisdiction in this case), it will do so.

A.      Cephalon submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself. Where allegations are made against "Defendants" as a group, however described, Cephalon's responses only apply to itself.

B.      The Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These third-party publications and statements should be considered, if at all, in context and in unmodified form, and Cephalon hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.      Except as otherwise expressly stated herein, Cephalon expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, subparagraphs, headings, subheadings, table of contents, footnotes, and exhibits of the Complaint, and specifically denies any liability to Plaintiff. To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to Cephalon, they are, unless otherwise admitted, denied.

D.      Cephalon reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ADMISSIONS AND DENIALS

1.      The allegations in Paragraph 1 and footnote 1 state argument and conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1 and footnote 1.

2.      The allegations in Paragraph 2 and footnote 2 state argument and conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 2 and footnote 2.

3.      The allegations in Paragraph 3 state argument and conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in

Paragraph 3.  To the extent that allegations in Paragraph 3 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies that remaining allegations of Paragraph 3.  Cephalon denies the remaining allegations of Paragraph 3.

4.      Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and footnote 3 and therefore denies the same.

5.      To the extent that allegations in Paragraph 5 and footnotes 4 and 5 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 5 and footnotes 4 and 5.

6.      To the extent that allegations in Paragraph 6 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 6.

7.      To the extent that allegations in Paragraph 7 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 7.

8.      The allegations in Paragraph 8 are based on and quote from documents and/or speeches that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies the same.

9.      To the extent that allegations in Paragraph 9 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 9.

10.     To the extent that allegations in Paragraph 10 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 10.

11.     To the extent that allegations in Paragraph 11 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 11.

12.     To the extent that allegations in Paragraph 12 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 12.

13.     Cephalon denies the allegations of Paragraph 13. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore denies the same. To the extent that allegations in Paragraph 13 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

14.     To the extent that allegations in Paragraph 14 relate to Defendants and other unidentified "drug companies" other than Cephalon, Cephalon is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 14.

15.     To the extent that allegations in Paragraph 15 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 15.

16.     To the extent that allegations in Paragraph 16 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 16.

17.     To the extent that Paragraph 17 and footnote 6 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.  To the extent that allegations in Paragraph 17 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 17.

18.     To the extent that Paragraph 18 and footnote 7 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that allegations in Paragraph 18 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 18.

19.     To the extent that allegations in Paragraph 19 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 19.

20.     To the extent that allegations in Paragraph 20 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 20.

21.     To the extent that allegations in Paragraph 21 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 21.

22.     To the extent that allegations in Paragraph 22 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies the same.

23.     To the extent that allegations in Paragraph 23 relate to Defendants other than Cephalon and purport to explain why Plaintiffs brought the lawsuit, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 23, including that it is "responsible" for any "crisis."

24.     Paragraph 24 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 24.

25.     Paragraph 25 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 25.

26.     Paragraph 26 states conclusions of law to which no response is required. Cephalon denies that personal jurisdiction exists over Teva Pharmaceutical Industries Ltd ("Teva Ltd."). To the extent that allegations in Paragraph 26 relate to Defendants other than Cephalon and Teva Ltd., Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 states conclusions of law to which no response is required. Cephalon denies that personal jurisdiction exists over Teva Pharmaceutical Industries Ltd ("Teva Ltd."). To the extent that allegations in Paragraph 27 relate to Defendants other than Cephalon and Teva Ltd., Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 27.

28.     Paragraph 28 states conclusions of law to which no response is required. To the extent that allegations in Paragraph 28 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent a response is required, Cephalon denies the remaining allegations in Paragraph 28.

29.     The Complaint speaks for itself and any attempt to characterize Plaintiff's allegations or what they "seek" are denied. Paragraph 29 also states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 29. To the extent that allegations in Paragraph 29 relate to Defendants other than

Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

30.     Cephalon admits that Plaintiff is an Indian tribe. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and therefore denies the same.

31.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies the same.

32.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.  Paragraph 32 also states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 32.

33.     Paragraph 33 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 33.

34.     Paragraph 34 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 34.

35.     Cephalon denies that it "created" the "epidemic." To the extent that allegations in Paragraph 35 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

36.     Paragraph 36 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 36.

37.     Cephalon admits only that it has "manufactured and sold prescription opioids." To the extent that allegations in Paragraph 37 relate to Defendants other than Cephalon, Cephalon is

8

without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 37.

38.     The allegations of Paragraph 38 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39.     The allegations of Paragraph 39 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.

40.     The allegations of Paragraph 40 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies the same.

41.     The allegations of Paragraph 41 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same.

42.     The allegations of Paragraph 42 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies the same. To the extent that the allegations in

Paragraph 42 and footnote 8 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

43.     The allegations of Paragraph 43 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies the same.

44.     The allegations of Paragraph 44 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies the same.

45.     The allegations of Paragraph 45 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies the same.

46.     The allegations of Paragraph 46 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies the same. To the extent that the allegations in Paragraph 46 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

47.     Cephalon admits that Teva USA is an indirect wholly owned subsidiary of Teva Ltd.; that Teva Ltd. is an Israeli Corporation with its principal place of business in Petah Tikva, Israel; that Teva USA is a Delaware corporation with its principal place of business in North

Wales, Pennsylvania; and that Teva USA has sold generic opioids, including, at various times, a generic form of OxyContin. Cephalon denies the remaining allegations of Paragraph 47, including that any personal jurisdiction exists over Teva Ltd.

48.     Cephalon admits that it is a Delaware Corporation with its principal place of business in Frazer, Pennsylvania. Cephalon denies the remaining allegations of Paragraph 48. Further answering, Cephalon states that in 2011 it was acquired by Cupric Holding, Co. which is 100% owned by Teva Ltd.

49.     Cephalon admits that it has been in the business of manufacturing and selling Actiq and Fentora to various customers at various times. Cephalon further answers that Actiq was approved in 1998 and Fentora was approved in 2006. Cephalon denies that it has ever been in the business of selling generic opioids. Cephalon denies any remaining allegations in this paragraph.

50.     Cephalon denies the allegations in Paragraph 50 of the Complaint.

51.     The allegations of Paragraph 51 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies the same.

52.     The allegations of Paragraph 52 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the same.

53.     The allegations of Paragraph 53 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies the same.

54.     The allegations of Paragraph 54 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies the same.

55.     The allegations of Paragraph 55 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies the same.

56.     The allegations of Paragraph 56 and footnote 9 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies the same.

57.     The allegations of Paragraph 57 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies the same.

58.     The allegations of Paragraph 58 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies the same.

59.     The allegations of Paragraph 59 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies the same.

60.     The allegations of Paragraph 60 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies the same.

61.     The allegations of Paragraph 61 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies the same.

62.     The allegations of Paragraph 62 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies the same.

63.     The allegations of Paragraph 63 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies the same.

64.     The allegations of Paragraph 64 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.

65. The allegations of Paragraph 65 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies the same.

66. The allegations of Paragraph 66 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.

67. The allegations of Paragraph 67 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies the same.

68. The allegations of Paragraph 68 and footnote 10 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies the same.

69. The allegations of Paragraph 69 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies the same.

70.     The allegations of Paragraph 70 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.

71.     The allegations of Paragraph 71 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.

72.     The allegations of Paragraph 72 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same.

73.     The allegations of Paragraph 73 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.

74.     The allegations of Paragraph 74 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies the same.

75.     The allegations of Paragraph 75 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies the same.

76.     The allegations of Paragraph 76 and footnote 11 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies the same.

77.     The allegations of Paragraph 77 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies the same.

78.     The allegations of Paragraph 78 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies the same.

79.     The allegations of Paragraph 79 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies the same.

80.     Cephalon admits that Plaintiffs refer to Purdue, Actavis, Cephalon, Janssen, Endo, Insys, and Mallinckrodt as "Marketing Defendants." The remaining allegations of Paragraph 80 and footnote 12 state conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 80 and footnote 12.

81.     The allegations of Paragraph 81 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies the same.

82.     The allegations of Paragraph 82 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies the same.

83.     The allegations of Paragraph 83 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore denies the same.

84.     The allegations of Paragraph 84 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and therefore denies the same.

85.     The allegations of Paragraph 85 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies the same.

86.     The allegations of Paragraph 86 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies the same.

87.     The allegations of Paragraph 87 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies the same.

88.     The allegations of Paragraph 88 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore denies the same.

89.     The allegations of Paragraph 89 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies the same.

90.     The allegations of Paragraph 90 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies the same.

91.     The allegations of Paragraph 91 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies the same.

92.     The allegations of Paragraph 92 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies the same.

93.     The allegations of Paragraph 93 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies the same.

94.     The allegations of Paragraph 94 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore denies the same.

95.     The allegations of Paragraph 95 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies the same.

96.     The allegations of Paragraph 96 and footnote 13 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and footnote 13 and therefore denies the same.

97.     Paragraph 97 of the Complaint states conclusions of law, to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 97.

98.     Cephalon denies the allegations in Paragraph 98 of the Complaint. To the extent that Paragraph 98 states conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 98.

99.     Cephalon admits that opioids bind to receptors in the brain, include natural, synthetic, and semi-synthetic opioids, and can produce multiple effects on the human body. Cephalon further admits that prescription opioids can be written for and used by patients to treat pain when lawfully prescribed. Cephalon denies the remaining allegations in Paragraph 99.

100.    Cephalon admits that the "potential for abuse and addiction" of opioids have long been recognized. The remaining allegations are the subject of expert testimony and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and therefore denies the same.

101.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and therefore denies the same. Further, to the extent Paragraph 101 and footnote 15 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

102.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore denies the same.

103.    Cephalon denies that there is "little difference between [the illicit drugs heroin and opium] and prescription opioids." Cephalon admits that prescription opioids are narcotics that bind to receptors in the brain and body. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 and therefore denies the same.

104.    Cephalon admits that some prescription opioids have been regulated "as Schedule II controlled substances by the U.S. Drug Enforcement Administration ("DEA") since 1970." Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 104 and therefore denies the same.

105.     Cephalon admits that Percodan, Percocet, and Vicodin are prescription opioids. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 and therefore denies the same.

106.    The allegations of Paragraph 106 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and therefore denies the same.

107.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore denies the same. Further, to the extent Paragraph 107 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

108.    Paragraph 108 purports to be based on documents that speak for themselves and all characterizations thereof are denied. To the extent the allegations of Paragraph 108 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and therefore denies the same.

109.    The allegations of Paragraph 109 regarding what is "misleading" are conclusions of law to which no response is required and they are therefore denied. The remaining allegations are directed to parties other than Cephalon and therefore do not require any response from

Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and therefore denies the same.

110.     Cephalon admits fentanyl is a synthetic opioid. Cephalon denies the remaining allegations in Paragraph 110 of the Complaint.

111.     Cephalon admits that the indications and known risks related to Cephalon's opioid products are disclosed and addressed in the FDA-approved full prescribing information ("FPI"), as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that allegations in Paragraph 111 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 111 of the Complaint.

112.     Cephalon admits that tolerance can occur in certain patient populations and that is a known risk that is disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Cephalon further admits that opioids depress respiration and respiratory depression can occur even when opioids are taken as recommended and that is a known risk that is disclosed and addressed in the FPIs of its opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that the allegations in Paragraph 112 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 112.

113.     Cephalon admits that opioid analgesics may cause physical dependence and that physical dependence can result in withdrawal symptoms in patients who abruptly discontinue the use of opioids. Cephalon further admits that dependence and withdrawal are known risks which are disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 113.

114.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and therefore denies the same. Further, to the extent Paragraph 114 purports to be based on unidentified documents and/or speeches, those documents and speeches speak for themselves and all characterizations thereof are denied.

115.     Cephalon denies the allegations in Paragraph 115 of the Complaint.

116.     The allegations of Paragraph 116 and footnote 16 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and therefore denies the same.

117.     The allegations of Paragraph 117 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and therefore denies the same.

118.     The allegations of Paragraph 118 and footnote 17 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 118 and therefore denies the same. Further, to the extent Paragraph 118 and footnote 17 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

119.     The allegations of Paragraph 119 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and therefore denies the same. Further, to the extent Paragraph 119 and footnotes 18 and 19 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

120.     The allegations of Paragraph 120 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies the same. Further, to the extent Paragraph 120 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

121.     The allegations of Paragraph 121 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies the same. Further, to the extent Paragraph 121 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

122.     The allegations of Paragraph 122 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is

required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies the same. Further, to the extent Paragraph 122 and footnote 20 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

123.    The allegations of Paragraph 123 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies the same. Further, to the extent Paragraph 123 and footnote 21 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

124.    The allegations of Paragraph 124 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies the same. Further, to the extent Paragraph 124 and footnote 22 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

125.    The allegations of Paragraph 125 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and therefore denies the same. Further, to the extent Paragraph 125 and footnote 23 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

126.    The allegations of Paragraph 126 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and therefore denies the same. Further, to the extent Paragraph 126 and footnote 24 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

127.    The allegations of Paragraph 127 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and therefore denies the same. Further, to the extent Paragraph 127 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

128.    The allegations of Paragraph 128 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 and therefore denies the same. Further, to the extent Paragraph 128 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

129.    The allegations of Paragraph 129 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 and therefore denies the same. Further, to the extent Paragraph 129

purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

130.    The allegations of Paragraph 130 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and therefore denies the same. Further, to the extent Paragraph 130 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

131.    The allegations of Paragraph 131 are directed to parties and individuals other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and therefore denies the same. Further, to the extent Paragraph 131 and footnote 25 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

132.    The allegations of Paragraph 132 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and therefore denies the same. Further, to the extent Paragraph 132 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

133.    Cephalon denies the allegations in Paragraph 133 of the Complaint. Further to the extent that the allegations of Paragraph 133 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and therefore denies the same.

134.    The allegations of Paragraph 134 are directed to other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and therefore denies the same. Further, to the extent Paragraph 134 and footnotes 26 and 27 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

135.    The allegations of Paragraph 135 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and therefore denies the same.

136.    The allegations of Paragraph 136 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and therefore denies the same.

137.    The allegations of Paragraph 137 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and therefore denies the same. Further, to the extent Paragraph 137 and footnotes 28 and 29 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

138.     The allegations of Paragraph 138 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and therefore denies the same. Further, to the extent Paragraph 138 and footnote 30 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

139.     The allegations of Paragraph 139 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and therefore denies the same.

140.     The allegations of Paragraph 140 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and therefore denies the same.

141.     The allegations in Paragraph 141 of the Complaint state conclusions of law, to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 141.

142.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Complaint and therefore denies the same. Further to the extent the allegations in Paragraph 142 state conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 142.

143.     Cephalon admits only that known risks are disclosed and addressed in the FPIs of their opioid products, as required and approved by the FDA. Those FPIs are documents that speak for themselves, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that the allegations in Paragraph 143 of the Complaint purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 and therefore denies the same. Further to the extent the allegations in Paragraph 143 state conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 143. Cephalon denies the remaining allegations of Paragraph 143.

144.     To the extent the allegations of Paragraph 144 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 144.

145.     To the extent the allegations of Paragraph 145 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 145.

146.     Cephalon denies the allegations in Paragraph 146 of the Complaint that Cephalon was part of a "marketing scheme." To the extent the allegations of Paragraph 146 of the Complaint are directed to parties other than Cephalon, no response from Cephalon is required. To the extent

a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 146.

147.    Paragraph 147 of the Complaint, including all sub-parts, states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 147. To the extent that allegations in Paragraph 147 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

148.    Paragraph 148 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 148. To the extent that allegations in Paragraph 148 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

149.    Paragraph 149 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 149. To the extent that allegations in Paragraph 149 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

150.    To the extent that allegations in Paragraph 150 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 150 of the Complaint.

151.    To the extent that allegations in Paragraph 151 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 151 of the Complaint.

152.    To the extent that allegations in Paragraph 152 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 152 purports to be based on documents, including those referenced in footnotes 31, 32, and 33, those documents speak for themselves, and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 152 of the Complaint.

153.    The allegations in Paragraph 153 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 153 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

154.    The allegations in Paragraph 154 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 154 and footnote 34 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

155.    To the extent that allegations in Paragraph 155 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph

155 and footnote 35 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 155.

156.     To the extent that allegations in Paragraph 156 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 156 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 156.

157.     The allegations in Paragraph 157 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 157 and footnotes 37 and 38 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

158.     To the extent that allegations in Paragraph 158 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 158 and footnote 39 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 158.

159.     To the extent that allegations in Paragraph 159 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 159 and footnote 40 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 159.

160.    The allegations in Paragraph 160 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 160 and footnote 41 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

161.    The allegations in Paragraph 161 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 161 and footnote 42 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

162.    The allegations in Paragraph 162 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 162 and footnote 43 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

163.    The allegations in Paragraph 163 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 163 and footnotes 44, 45, and 46 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

164.    The allegations in Paragraph 164 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 164 and footnote

47 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

165.    The allegations in Paragraph 165 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 165 and footnote 48 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

166.    The allegations in Paragraph 166 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

167.    The allegations in Paragraph 167 relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 167 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

168.    The allegations in Paragraph 168 relate to Defendants and individuals other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 168 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

169.    The allegations in Paragraph 169 relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 169

35

purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

170.     The allegations in Paragraph 170 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 170 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

171.     The allegations in Paragraph 171 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 171 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

172.     The allegations in Paragraph 172 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 172 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

173.     The allegations in Paragraph 173 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

174.     The allegations in Paragraph 174 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 174

purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

175.    The allegations in Paragraph 175 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further, to the extent that Paragraph 175, and footnote 49, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

176.    The allegations in Paragraph 176 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 176 and footnote 50 purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

177.    The allegations in Paragraph 177 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 177 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

178.    The allegations in Paragraph 178 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 178 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

179. The allegations in Paragraph 179 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 179, and footnote 51, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

180. The allegations in Paragraph 180 of the Complaint relate to Defendants and entities other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 180 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

181. The allegations in Paragraph 181 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 181 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

182. The allegations in Paragraph 182 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 182 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

183. The allegations in Paragraph 183 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 183,

and footnote 52, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

184.    The allegations in Paragraph 184 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 184 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

185.    The allegations in Paragraph 185 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 185 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

186.    The allegations in Paragraph 186 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 186, and footnote 53, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

187.    The allegations in Paragraph 187 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 187, and footnote 54, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

188.    The allegations in Paragraph 188 of the Complaint relate to Defendants and individuals other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 188, and footnote 55, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

189.    The allegations in Paragraph 189 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 189, and footnote 56, purport to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

190.    Cephalon admits that it sponsored and collaborated in the development of a publication entitled, "*Opioid Medications and REMS: A Patient's Guide*." Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)." To the extent that Paragraph 190 purports to be based on documents, those document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 190.

191.    Cephalon admits that it sponsored, through an unrestricted education grant, the CME presentation titled "*Pharmacologic Management of Breakthrough or Incident Pain.*" Paragraph 191 and footnote 57 purport to be based on a document that speaks for itself and any characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 191.

192.    Paragraph 192 and footnote 58 purport to be based on a document that speaks for itself and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 192.

193.    The allegations of Paragraph 193 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 and therefore denies the same. Further, to the extent that Paragraph 193 and footnote 59 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

194.    The allegations of Paragraph 194 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194 and therefore denies the same. Further, to the extent that Paragraph 194, and footnote 60, purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

195.    The allegations of Paragraph 195 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195 and therefore denies the same. Further, to the extent that Paragraph 195, and footnotes 61 and 62, purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

196.    The allegations of Paragraph 196 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 and therefore denies the same. Further, to the extent that Paragraph 196 purports to

be based on a document, that document speaks for itself, and all characterizations thereof are denied.

197. The allegations of Paragraph 197 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 and therefore denies the same. Further, to the extent that Paragraph 197 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

198. The allegations of Paragraph 198 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 and therefore denies the same. Further, to the extent that Paragraph 198 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

199. The allegations of Paragraph 199 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 and therefore denies the same. Further, to the extent that Paragraph 199 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

200. The allegations of Paragraph 200 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 200 and therefore denies the same. Further, to the extent that Paragraph 200 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

201.     To the extent that the allegations of Paragraph 201 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 and therefore denies the same. Further, to the extent that Paragraph 201 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 201.

202.     To the extent that the allegations of Paragraph 202 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 and therefore denies the same. Further, to the extent that Paragraph 202 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 202.

203.     The allegations of Paragraph 203 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 and therefore denies the same. Further, to the extent that Paragraph 203, and footnotes 63, 64, and 65, purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

204.     Cephalon admits that the APF published *Treatment Options: A Guide for People Living with Pain* in 2007. Cephalon further admits that *Treatment Options* was funded, in part, by

an unrestricted educational grant from Cephalon. To the extent that allegations in Paragraph 204 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. To the extent that Paragraph 204 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 204 and therefore denies the same.

205.    The allegations of Paragraph 205 are directed to parties and individuals other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 205 and therefore denies the same. Further, to the extent that Paragraph 205 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

206.    The allegations of Paragraph 206 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206 and therefore denies the same. Further, to the extent that Paragraph 206 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

207.    The allegations of Paragraph 207 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207 and therefore denies the same. Further, to the extent that Paragraph 207 purports to

be based on a document, that document speaks for itself, and all characterizations thereof are denied.

208.    The allegations of Paragraph 208 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208 and therefore denies the same. Further, to the extent that Paragraph 208 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

209.    Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 209.

210.    To the extent that Paragraph 210 purports to be based on documents, including the documents referenced in footnote 66, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 210 are related to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 210.

211.    To the extent that the allegations in Paragraph 211 are related to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 211.

212.    To the extent that Paragraph 212 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 212 are related to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 212.

213.    The allegations in Paragraph 213 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 213 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

214.    The allegations in Paragraph 214 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 214 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

215.    The allegations in Paragraph 215 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 215 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

216.    The allegations in Paragraph 216 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 216, and footnote 67, purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

217.    The allegations in Paragraph 217 are related to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore denies the same. In addition, the allegations in Paragraph 217 and footnote 68 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

218. The allegations in Paragraph 218 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 218 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

219. The allegations in Paragraph 219 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 219 purport to be based on documents, including those referenced in footnote 69, that speak for themselves, and all characterizations thereof are denied.

220. The allegations in Paragraph 220 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 220 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

221. Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 221.

222. The allegations in Paragraph 222 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same. In addition, the allegations in Paragraph 222 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

223. The allegations in Paragraph 223 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 223 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

224. Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 224.

225. Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. Cephalon denies the remaining allegations of Paragraph 225.

226. Cephalon denies the allegations in Paragraph 226 of the Complaint.

227. The allegations in Paragraph 227 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 227 purport to be based on documents that speak for themselves, including those referenced in footnote 70, and all characterizations thereof are denied.

228. To the extent that Paragraph 228 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 228 are related to other Defendants, Cephalon is without knowledge

or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 228.

229.    To the extent that Paragraph 229 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 229.

230.    The allegations in Paragraph 230 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 230 purport to be based on documents that speak for themselves, including those referenced in footnote 71, and all characterizations thereof are denied.

231.    The allegations in Paragraph 231 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 231 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

232.    The allegations in Paragraph 232 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 232 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

233.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)." To the extent that the allegations in Paragraph 233 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 233 purport to be based on documents

that speak for themselves, including those referenced in footnote 73, and all characterizations thereof are denied.

234.    The allegations in Paragraph 234 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 234 purport to be based on documents that speak for themselves, including those referenced in footnote 72, and all characterizations thereof are denied.

235.    The allegations in Paragraph 235 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 235 and footnote 73 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

236.    To the extent that Paragraph 236 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 236 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 236.

237.    To the extent that the allegations in Paragraph 237 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 237.

238.    The allegations in Paragraph 238 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same. In addition, the allegations in Paragraph 238 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

239.    The allegations in Paragraph 239 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 239 purport to be based on documents that speak for themselves, including those referenced in footnote 74, and all characterizations thereof are denied.

240.    The allegations in Paragraph 240 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 240 purport to be based on documents that speak for themselves, including those referenced in footnote 75, and all characterizations thereof are denied.

241.    The allegations in Paragraph 241 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 241 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

242.    The allegations in Paragraph 242 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 242 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

243.    The allegations in Paragraph 243 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same. In addition, the allegations in Paragraph 243 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

244.    To the extent that Paragraph 244 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 244 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 244.

245.    The allegations in Paragraph 245 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 245 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

246.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)." To the extent that the allegations in Paragraph 246 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 246 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

247.    The allegations in Paragraph 247 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 247 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

248.    The allegations in Paragraph 248 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same. In addition, the allegations in Paragraph 248 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

249.    The allegations in Paragraph 249 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 249 purport to be based on documents that speak for themselves, including those referenced in footnote 76, and all characterizations thereof are denied.

250.    To the extent that Paragraph 250 purports to be based on documents, including the documents referenced in footnotes 77 and 78, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 250 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 250.

251.    To the extent that Paragraph 251 purports to be based on documents, including the document referenced in footnote 79, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 251 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 251.

252.    To the extent that Paragraph 252 purports to be based on documents, including the documents referenced in footnotes 80 and 81, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 252 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as

to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 252.

253.    To the extent that Paragraph 253 purports to be based on documents, including the documents referenced in footnotes 82, 83, and 84, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 253 are related to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 253.

254.    To the extent that the allegations in Paragraph 254 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 254.

255.    Cephalon admits that known risks related to its opioid products are disclosed and addressed in the FPIs, as required and approved by the FDA. Those FPIs are documents that speak for themselves, for those products, and any characterizations that are different than or inconsistent with the FPIs are denied. To the extent that Paragraph 255 purports to be based on documents, including the documents referenced in footnotes 85, 86, 87, and 88, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 255 are related to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 255.

256.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)." To the extent

the allegations in Paragraph 256 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 256 and footnote 89 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

257. The allegations in Paragraph 257 are directed to Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257 and therefore denies the same. Further, to the extent Paragraph 257 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

258. The allegations in Paragraph 258 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 258 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

259. The allegations in Paragraph 259 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 259 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

260. The allegations in Paragraph 260 are related to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 260 purport to be based on documents, including the documents referenced in footnotes 90 and 91, those documents speak for themselves, and all characterizations thereof are denied.

261.    The allegations in Paragraph 261 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 261 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

262.    The allegations in Paragraph 262 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 262 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

263.    To the extent that Paragraph 263 and footnote 92 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 263 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 263.

264.    The allegations in Paragraph 264 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

265.    The allegations in Paragraph 265 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

266.    The allegations in Paragraph 266 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

267.    The allegations in Paragraph 267 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

268.    The allegations in Paragraph 268 are related to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 268 purport to be based on documents that speak for themselves, including those referenced in footnote 93, and all characterizations thereof are denied.

269.    The allegations in Paragraph 269 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, Paragraph 269 purports to be based on documents that speak for themselves, and all characterizations thereof are denied.

270.    The allegations in Paragraph 270 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denied the same. In addition, Paragraph 270 purports to be based on documents that speak for themselves, and all characterization thereof are denied.

271.    The allegations in Paragraph 271 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denied the same. In addition, the allegations in Paragraph 271 and footnote 94 purport to be based on documents that speak for themselves, and all characterization thereof are denied.

272.    The allegations in Paragraph 272 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same.  In addition, the allegations in Paragraph 272 and footnote 95 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

273.    The allegations in Paragraph 273 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

274.    The allegations in Paragraph 274 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  In addition, the allegations in Paragraph 274 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

275.    The allegations in Paragraph 275 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

276.    To the extent that the allegations in Paragraph 276 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 276 and therefore denies the same.

277.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 and therefore denies the same. In addition, the allegations in Paragraph 277 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

278.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 and therefore denies the same. In addition, to the extent

58

that the allegations in Paragraph 278 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

279.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 and therefore denies the same.

280.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and therefore denies the same.

281.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 and therefore denies the same.

282.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and therefore denies the same.

283.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 and therefore denies the same.

284.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 and therefore denies the same.

285.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 and therefore denies the same.

286.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and therefore denies the same.

287.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 and therefore denies the same.

288.    The allegations in Paragraph 288 are related to other Defendants, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies the same.  In addition, the allegations in Paragraph 288 and footnote 96 purport to be based on documents that speak for themselves, and all characterizations thereof are denied.

289.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 and therefore denies the same.

290.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 and footnote 97 and therefore denies the same.

291.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and therefore denies the same.

292.    The allegations in Paragraph 292 and footnote 98 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

293.    The allegations in Paragraph 293 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

294.    The allegations in Paragraph 294 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 294 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

295.    The allegations in Paragraph 295 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 295

purports to be based on documents, including the documents referenced in footnotes 99, 100, and 101, those document speaks for themselves, and all characterizations thereof are denied.

296.    The allegations in Paragraph 296 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 296 purports to be based on documents, those document speaks for themselves, and all characterizations thereof are denied.

297.    The allegations in Paragraph 297 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent that Paragraph 297 purports to be based on documents, including the documents referenced in footnote 102, those document speaks for themselves, and all characterizations thereof are denied.

298.    The allegations in Paragraph 298 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

299.    The allegations in Paragraph 299, and footnotes 103 and 104, purport to be based on documents that speak for themselves, and all characterizations thereof are denied. In addition, the allegations in Paragraph 299 of the Complaint relate to Defendants other than Cephalon, and Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

300.    The allegations in Paragraph 300 and footnote 105 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. In addition, the allegations in Paragraph 300 of the Complaint relate to Defendants other than Cephalon, and

Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

301.    To the extent that Paragraph 301 and footnote 106 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 301 and therefore denies the same.

302.    The allegations of Paragraph 302 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 302 and therefore denies the same.

303.    The allegations of Paragraph 303 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 303 and therefore denies the same.

304.    The allegations of Paragraph 304 and footnote 107 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304 and therefore denies the same. In addition, to the extent the allegations in Paragraph 304 are based on documents, they speak for themselves, and all characterizations thereof are denied.

305.    The allegations of Paragraph 305 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 305 and therefore denies the same.

306.    The allegations of Paragraph 306 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 306 and therefore denies the same.

307.    The allegations of Paragraph 307 and footnote 108 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 307 and therefore denies the same.

308.    The allegations of Paragraph 308 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 308 and therefore denies the same.

309.    The allegations of Paragraph 309 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 309 and therefore denies the same. In addition, to the extent the allegations in Paragraph 309 are based on documents, they speak for themselves, and all characterizations thereof are denied.

310.    The allegations of Paragraph 310 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 310 and therefore denies the same. In addition, to the extent the allegations in Paragraph 310 are based on documents, they speak for themselves, and all characterizations thereof are denied.

311.    The allegations of Paragraph 311 and footnote 109 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 311 and therefore denies the same.

312.    The allegations of Paragraph 312, and footnotes 110 and 111, are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 312 and therefore denies the same.

313.    The allegations of Paragraph 313 and footnote 112 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 313 and therefore denies the same.

314.    The allegations of Paragraph 314 and footnotes 113 and 114 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314 and therefore denies the same. To the extent that Paragraph 314 and footnotes 113 and 114 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

315.    The allegations of Paragraph 315 and footnotes 115 and 116 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a

response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315 and therefore denies the same. To the extent that Paragraph 315 and footnotes 115 and 116 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

316.    Paragraph 316 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 316 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 316 and therefore denies the same. Cephalon specifically denies that it promoted "patented technology as the solution to opioid abuse and addiction" or that it made statements that gave "the misleading impression" that reformulated opioids can be prescribed safely.

317.    Paragraph 317 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 317 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 317.

318.    Paragraph 318 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 318 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required,

Cephalon denies the allegations in Paragraph 318. Cephalon specifically denies that it engaged in a "false marketing campaign."

319.    To the extent that the allegations in Paragraph 319 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 319 and therefore denies the same. Cephalon specifically denies that it engaged in a "marketing scheme of targeting the medical community and patients with deceptive information about opioids."

320.    Paragraph 320 states conclusions of law to which no response is required and is denied. To the extent that Paragraph 320 and footnote 117 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 320 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 320. Cephalon specifically denies that it "exerted influence and effective control" over patient advocacy groups and professional associations. Cephalon also specifically denies that it "funded these Front Groups in order to ensure supportive messages" from these groups.

321.    To the extent that the allegations in Paragraph 321 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 321. Further, to the extent that Paragraph 321 and

footnotes 118-122 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

322.     To the extent that Paragraph 322 and footnote 123 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 322 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 322.

323.     To the extent that Paragraph 323 and footnotes 124 and 125 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 323 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 323.

324.     Paragraph 324 states conclusions of law to which no response is required and is denied. To the extent that the allegations in Paragraph 324 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 324. Cephalon specifically denies that it "took an active role in guiding, reviewing, and approving" any statements issued by the "Front Groups." Cephalon also specifically denies that it was "consistently in control" of the content disseminated by the Front Groups. Cephalon also specifically denies that it "acted in concert with the Front Groups."

325.    To the extent that the allegations in Paragraph 325 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 325.  Cephalon denies the remaining allegations in Paragraph 325.

326.    Cephalon admits that it sponsored, through an unrestricted education grant, the APF publication titled "*Treatment Options: A Guide for People Living with Pain* (2007)."  To the extent the allegations in Paragraph 326 purport to be based on that document, that document speaks for itself, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 326 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 326.

327.    To the extent that the allegations in Paragraph 327 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 327.

328.    To the extent that the allegations in Paragraph 328 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 328.

329.    To the extent that the allegations in Paragraph 329 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 329.

330.    To the extent that the allegations in Paragraph 330 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 330.

331.    To the extent that the allegations in Paragraph 331 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 331.

332.    To the extent that the allegations in Paragraph 332 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 332.

333.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 and footnote 126 and therefore denies the same.

334.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 and therefore denies the same.

335.    To the extent that Paragraph 335 and footnote 127 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 335 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations

and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 335.

336.   To the extent that the allegations in Paragraph 336 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 336.

337.   To the extent that the allegations in Paragraph 337 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 337.

338.   To the extent that the allegations in Paragraph 338 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 338.

339.   Cephalon admits that "AAPM and APS issued their own guidelines in 2009" and that some of the panel members disclosed funding from Cephalon.  To the extent that the allegations in Paragraph 339 purport to be based on that document, the document speaks for itself, and all characterizations thereof are denied.  To the extent that the allegations in Paragraph 339 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 339.

340.   Cephalon admits only that Dr. Joel Saper is a Clinical Professor of Neurology at Michigan State University. Further, Cephalon is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 340 concerning statements made by Dr. Saper and therefore denies the same. To the extent that the allegations in Paragraph 340 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 340.

341.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 and therefore denies the same. Further, to the extent that the allegations in Paragraph 341 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

342.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 and therefore denies the same. Further, to the extent that the allegations in Paragraph 342 concern the characterization of documents, including the documents referenced in footnote 128, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

343.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 and therefore denies the same.

344.    To the extent that the allegations in Paragraph 344 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 344. Further, to the extent that the allegations in Paragraph 344 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

345.    Cephalon admits that the Federation of State Medical Boards ("FSMB") is an organization that purports to represent the various state medical boards in the United States. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 345 and therefore denies the same.

346.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 346 and therefore denies the same.

347.    Cephalon admits that the FSMB has been developing the Model Guidelines for the Use of Controlled Substances for the Treatment of Pain since 1998. To the extent that allegations in Paragraph 347 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. To the extent that Paragraph 347 purports to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 347 and therefore denies the same.

348.    To the extent that Paragraph 348 purports to be based on documents, those documents speak for themselves. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 348 and therefore denies the same.

349.    To the extent that Paragraph 349 and footnote 129 purport to be based on documents, those documents speak for themselves. To the extent that allegations in Paragraph 349 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 349 and therefore denies the same.

350.    To the extent that the allegations in Paragraph 350 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 350. Further, to the extent that the allegations in Paragraph 350 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

351.    To the extent that the allegations in Paragraph 351 and footnotes 130 and 131 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 351. Further, to the extent that the allegations in Paragraph 351 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

352.    To the extent that the allegations in Paragraph 352 and footnotes 132 and 133 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further the allegations in Paragraph 352, including the website referenced in footnote 132, are based on documents and websites, and all characterizations thereof are denied.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 352.

353.    The allegations in Paragraph 353 are based on documents that speak for themselves, including the documents referenced in footnotes 134 and 135, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 353 and therefore denies the same.

354.     The allegations in Paragraph 354 are based on documents that speak for themselves, including the documents referenced in footnote 136, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 354 and therefore denies the same.

355.     The allegations in Paragraph 355 are based on documents that speak for themselves, including the documents referenced in footnote 137, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 355 and therefore denies the same.

356.     The allegations in Paragraph 356 are based on documents that speak for themselves, including the documents referenced in footnote 138, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 356 and therefore denies the same.

357.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 357 and footnote 139 and therefore denies the same.

358.     To the extent the allegations in Paragraph 358 purport to be based on documents, including the documents referenced in footnotes 140 and 141, those documents speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 358 and therefore denies the same.

359.     To the extent that the allegations in Paragraph 359 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 359 purport to be based on documents, including the documents referenced in footnotes 142 and 143,

those documents speak for themselves, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 359.

360.    To the extent that the allegations in Paragraph 360 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 360 purport to be based on documents, including the documents referenced in footnotes 144 and 145, those documents speak for themselves, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 360.

361.    The allegations in Paragraph 361 are based on documents that speak for themselves, including those referenced in footnote 146, and all characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 361. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 361 and therefore denies the same.

362.    To the extent that the allegations in Paragraph 362 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 362.

363.    To the extent that the allegations in Paragraph 363 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 363.

364.    To the extent that the allegations in Paragraph 364 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth

of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 364.

365.    To the extent that the allegations in Paragraph 365 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 365.

366.    To the extent that the allegations in Paragraph 366 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 366. Cephalon specifically denies that it engaged in a "false marketing scheme."

367.    To the extent that the allegations in Paragraph 367 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 367. Cephalon specifically denies that it "exert[ed] control" over the modalities through which doctors receive information.

368.    To the extent that the allegations in Paragraph 368 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 368.

369.    To the extent that the allegations in Paragraph 369 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required,

Cephalon denies the allegations in Paragraph 369. Cephalon specifically denies that it had a "deceptive message."

370.    To the extent that the allegations in Paragraph 370 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 370.

371.    Paragraph 371 states conclusions of law to which no response is required. To the extent that the allegations in Paragraph 371 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 371.

372.    Cephalon admits only that Dr. Portenoy is the former Chairman of the Department of Pain Medicine and Palliative Care at Beth Israel Medical Center in New York. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 concerning statements made by Dr. Portenoy and therefore denies the same. To the extent that the allegations in Paragraph 372 purport to be based on documents, including the document referenced in footnote 147, those documents speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 372 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the remaining allegations in Paragraph 372.

373.    The allegations in Paragraph 373 are based on documents that speak for themselves, including the document referenced in footnotes 148-49, and all characterizations thereof are

denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 373 and therefore denies the same.

374.     To the extent that the allegations in Paragraph 374 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 374 are based on documents that speak for themselves, including the document referenced in footnote 150, all characterizations thereof are denied. To the extent a response is required, Cephalon denies the allegations in Paragraph 374. In addition, to the extent the allegations in Paragraph 374 are based on documents that speak for themselves, including the document referenced in footnote 150, all characterizations thereof are denied.

375.     The allegations in Paragraph 375 are based on documents that speak for themselves, including those referenced in footnote 151, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 375 and therefore denies the same.

376.     Cephalon admits only that Dr. Portenoy was on the Board of Directors of the APF and that he was the President of the APS. To the extent that a response is required, Cephalon denies the allegations in Paragraph 376. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 376 and therefore denies the same.

377.     The allegations in Paragraph 377 purport to be based on documents that speak for themselves, including the document referenced in footnotes 152-54, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 377 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the

78

truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 377.

378.    The allegations in Paragraph 378 purport to be based on documents that speak for themselves, including the document referenced in footnote 155, and all characterizations thereof are denied. By way of further answer, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 378 and therefore denies the same.

379.    The allegations in Paragraph 379 purport to be based on documents that speak for themselves, including the document referenced in footnote 156, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 379 and therefore denies the same.

380.    Cephalon admits that Dr. Webster was a co-founder and Chief Medical Director of Lifetree Clinical Research and is a Senior Editor of Pain Medicine. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 380 and therefore denies the same.

381.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 381 and therefore denies the same.

382.    To the extent the allegations in Paragraph 382 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 382 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 382.

383.    The presentation agenda referenced in Paragraph 383 is a document that speaks for itself and all characterizations thereof are denied. Cephalon specifically denies that this CME

"effectively amounted to off-label promotion of Cephalon's opioids[.]" Cephalon denies the remaining allegations of Paragraph 383.

384.    Cephalon admits that it "sponsored a CME written by Dr. Webster, Optimizing Opioid Treatment for Breakthrough Pain, offered by Medscape, LLC" through an independent educational grant. The CME referenced in Paragraph 384 is a document that speaks for itself and all characterizations thereof are denied. Cephalon denies the remaining allegations of Paragraph 384.

385.    To the extent that the allegations in Paragraph 385 purport to be based on documents that speak for themselves, including the document referenced in footnote 157, all characterizations thereof are denied. To the extent the allegations in Paragraph 385 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 385 and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 385.

386.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 386 and therefore denies the same.

387.    The allegations in Paragraph 387 purport to be based on documents, including the document referenced in footnote 158, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 387 and therefore denies the same.

388.    The allegations in Paragraph 388 purport to be based on documents, including the document referenced in footnote 159, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 388 and therefore denies the same.

389.     The allegations in Paragraph 389 purport to be based on documents, including the document referenced in footnotes 160 and 161, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 389 and therefore denies the same.

390.     The allegations in Paragraph 390 purport to be based on documents, including the document referenced in footnote 162, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 390 and therefore denies the same.

391.     The allegations in Paragraph 391 purport to be based on documents, including the document referenced in footnotes 163 and 164, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 391 and therefore denies the same.

392.     Cephalon admits only that Dr. Fishman served as an APF board member and as president of the AAPM. To the extent the allegations in Paragraph 392 relate to other Defendants and third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 392 and therefore denies the same. To the extent that the allegations in Paragraph 392 purport to be based on documents that speak for themselves, including the document referenced in footnote 165, all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 392.

393.     Cephalon admits only that Dr. Fishman authored "Responsible Opioid Prescribing." The allegations in Paragraph 393 are based on a document that speaks for itself and any characterizations thereof are denied.

394.     The allegations in Paragraph 394 purport to be based on documents, including the document referenced in footnote 166, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 394 relate to third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 394 and therefore denies the same.

395.     The allegations in Paragraph 395 are based on documents, including the document referenced in footnote 167, that speak for themselves, and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 395 and therefore denies the same.

396.     The allegations in Paragraph 396 are based on documents, including the document referenced in footnote 168, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 396 relate to third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 396 and therefore denies the same.

397.     To the extent that the allegations in Paragraph 397 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 397. Cephalon specifically denies that it had a "false marketing message."

398.     To the extent that the allegations in Paragraph 398 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required,

Cephalon denies the allegations in Paragraph 398. Cephalon specifically denies that it had a message that was "false."

399.     Cephalon admits only that CMEs are ongoing professional education programs provided to doctors and that doctors are required to attend a certain number of CME programs each year as a condition of their licensure. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 399 and therefore denies the same.

400.     To the extent that the allegations in Paragraph 400 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 400.

401.     To the extent that the allegations in Paragraph 401 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 401.

402.     Cephalon admits only that it has sponsored CME programs through unrestricted or independent education grants.  Cephalon specifically denies that it "disseminated false and misleading information to physicians across the country."

403.     Cephalon admits that it sponsored the "CME presentation titled *Breakthrough Pain: Treatment Rationale with Opioids*" through an independent education grant. The allegations in Paragraph 403 are based on documents that speak for themselves, including the document referenced in footnote 169, and all characterizations thereof are denied. Further, to the extent that the allegations in Paragraph 403 relate to third-parties other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 403.

404. Cephalon admits that it sponsored *Opioid-Based Management of Persistent and Breakthrough Pain* through an independent medical educational grant. Cephalon denies that "Teva" sponsored this CME. To the extent that the allegations in Paragraph 404 purport to be based on that document, the document speaks for itself, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 404 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 404.

405. The allegations in Paragraph 405 are based on documents that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 405 and therefore denies the same. Further, To the extent that the allegations in Paragraph 405 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

406. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 406 and therefore denies the same.

407. The allegations in Paragraph 407 are based on documents, including those referenced in footnote 170, that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 407 and therefore denies the same. Further, to the extent that the allegations in Paragraph 407 relate to Defendants other than Cephalon, Cephalon is without

84

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

408.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 408 and therefore denies the same.

409.    Paragraph 409 states conclusions of law to which no response is required and is denied. Further, to the extent that the allegations in Paragraph 409 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 409.

410.    To the extent that the allegations in Paragraph 410 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 410.

411.    To the extent that the allegations in Paragraph 411 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 411 purport to be based on documents that speak for themselves, including the document referenced in footnote 171,-72 all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 411.

412.    To the extent that the allegations in Paragraph 412 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 412.

413.     To the extent that the allegations in Paragraph 413 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 413.

414.     Cephalon denies the allegations in Paragraph 414.

415.     Cephalon denies the allegations in Paragraph 415. To the extent that allegations in Paragraph 415 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

416.     Cephalon denies the allegations in Paragraph 416. To the extent that allegations in Paragraph 416 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

417.     Cephalon denies the allegations in Paragraph 417. To the extent that allegations in Paragraph 417 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

418.     Cephalon denies the allegations in Paragraph 418. To the extent that allegations in Paragraph 418 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

419.     Cephalon admits only that is sponsored the publication listed in Paragraph 419 and footnote 173.  The allegations in Paragraph 419 are based on documents that speak for themselves

and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 419 and therefore denies the same. Further, To the extent that the allegations in Paragraph 419 relate to other Defendants or third-parties, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

420.     Cephalon denies the allegations in Paragraph 420. To the extent that the allegations in Paragraph 420 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

421.     Cephalon denies the allegations in Paragraph 421. To the extent that the allegations in Paragraph 421 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

422.     Cephalon denies the allegations in Paragraph 422. To the extent that the allegations in Paragraph 422 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

423.     To the extent that the allegations in Paragraph 423 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations of Paragraph 423.

424.     To the extent that Paragraph 424 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.  Cephalon admits

that Cephalon's quarterly spending varied between 2000 and 2014.  Cephalon denies the remaining allegations in Paragraph 424.

425.    The allegations of Paragraph 425 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 425.

426.    The allegations of Paragraph 426 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 426.

427.    The allegations of Paragraph 427 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 427.

428.    Cephalon denies the allegations in Paragraph 428.

429.    Cephalon admits that it sponsored speaking programs in the past regarding Fentora, that some doctors attended these programs, and that doctors exercised their independent medical judgment in deciding whether to write prescriptions of Fentora. To the extent the allegations in Paragraph 429 purport to be based on documents that speak for themselves, including the document referenced in footnote 175, all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 429, including any suggestion that any false or misleading statement was made by Cephalon at a speaker program.

430.    Cephalon admits only that independent doctors served as speakers and consultants for its products in the past and received a payment for doing so.  Cephalon denies the remaining allegations in Paragraph 430.

431.    The allegations of Paragraph 431 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 431.

432.    The allegations of Paragraph 432 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 432.

433.    Paragraph 433 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 433 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

434.    Paragraph 434 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 434 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

435.    Paragraph 435 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 435 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

436.    Paragraph 436 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 436 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

437.    Cephalon denies the allegations in Paragraph 437. To the extent that the allegations in Paragraph 437 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

438.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438 and therefore denies the same.

439.    To the extent the allegations in Paragraph 439 are based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 439 and therefore denies the same. Further, to the extent that the allegations in Paragraph 439 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 439.

440.    The allegations of Paragraph 440 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that the allegations of Paragraph 440 purport to be based on documents that speak for themselves, including the document referenced in footnote 176, characterizations thereof are denied. To the extent that a response is required, Cephalon denies the allegations in Paragraph 440.

441.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 441 and therefore denies the same. To the extent that the allegations in Paragraph 441 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

442.     Cephalon denies the allegations in Paragraph 442. To the extent that the allegations in Paragraph 442 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 442 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 442.

443.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 443 and therefore denies the same.

444.     The allegations of Paragraph 444 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 444.

445.     Cephalon admits only that the FDA instituted a Risk Evaluation and Mitigation Strategy for TIRF products. To the extent the allegations in Paragraph 445 are based on documents, including those referenced in footnote 177, those documents speak for themselves and all characterizations thereof are denied. To the extent the allegations in Paragraph 445 relate to other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 445 and therefore denies the same.

446.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 446 and therefore denies the same.

447.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 447 and therefore denies the same.

448.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 448 and therefore denies the same.

449.    The allegations of Paragraph 449 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 449.

450.    The allegations of Paragraph 450 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 450.

451.    The allegations of Paragraph 451 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 451. To the extent that the allegations of Paragraph 451 purport to be based on documents that speak for themselves, including the document referenced in footnote 179, all characterizations thereof are denied.

452.    The allegations of Paragraph 452 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 452.

453.    The allegations of Paragraph 453 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 453.

454.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 454 and therefore denies the same.

455.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 455 and therefore denies the same.

456.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 456 and therefore denies the same.

457.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 457 and therefore denies the same.

458.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 458 and therefore denies the same. To the extent that the allegations of Paragraph 458 purport to be based on documents that speak for themselves, including the document referenced in footnote 181-82, all characterizations thereof are denied.

459.     Cephalon denies the allegations of Paragraph 459. To the extent that the allegations in Paragraph 459 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

460.     The allegations of Paragraph 460 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 460.

461.     Cephalon admits that in 2000, worldwide Actiq sales were approximately $15 million.  Cephalon further admits that in 2006, worldwide Actiq sales exceeded $500 million.  To the extent the allegations in Paragraph 461 are based on documents, including the documents referenced in footnotes 183-85, those documents speak for themselves and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 461.

462.     Cephalon denies the allegations in Paragraph 462. To the extent that the allegations in Paragraph 462 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

463.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 463 and therefore denies the same. To the extent that the allegations of Paragraph 463 purport to be based on documents, including the documents referenced in footnote 186, those documents speak for themselves and all characterizations thereof are denied.

464.    Cephalon denies the allegations in Paragraph 464. To the extent that the allegations in Paragraph 464 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 464 purport to be based on documents, including the document referenced in footnote 187, those documents speak for themselves and all characterizations thereof are denied. Cephalon specifically denies that it engaged in a "fraudulent marketing campaign."

465.    Cephalon denies the allegations in Paragraph 465. To the extent that the allegations in Paragraph 465 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

466.    The allegations in Paragraph 466 appear to be based on documents that speak for themselves, including those referenced in footnote 188, and all characterizations thereof are denied.  To the extent that allegations in Paragraph 466 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations of Paragraph 466.

467.    The allegations in Paragraph 467 appear to be based on documents that speak for themselves, including those referenced in footnote 189, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 467 and therefore denies the same.

468.    The allegations in Paragraph 468 appear to be based on documents that speak for themselves, and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 468 and therefore denies the same.

469.    The allegations of Paragraph 469 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 469.

470.    The allegations of Paragraph 470 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 470.

471.    The allegations of Paragraph 471 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 471.

472.    The allegations of Paragraph 472 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 472.

473.    The allegations of Paragraph 473 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 473.

474.     Paragraph 474 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 474 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Cephalon denies the remaining allegations in Paragraph 474.

475.     Paragraph 475 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 475 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 475.

476.     Paragraph 476 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 476 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Cephalon denies the remaining allegations in Paragraph 476.

477.     Paragraph 477 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 477 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

478.     Paragraph 478 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 478 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

479.     Paragraph 479 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 479 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 479 purport to be based on documents, including the document referenced in footnotes 194-95, those documents speak for themselves and all characterizations thereof are denied. Cephalon denies the remaining allegations in Paragraph 479.

480.     Paragraph 480 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 480 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

481.     Paragraph 481 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 481 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

482.     Paragraph 482 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 482 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

483.     Paragraph 483 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 483 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

484.     Paragraph 484 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 484 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

485.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 485 and therefore denies the same.

486.     Paragraph 486 states conclusions of law to which no response is required and they are denied.

487.     Paragraph 487 states conclusions of law to which no response is required and they are denied.

488.     Paragraph 488 states conclusions of law to which no response is required and they are denied.

489.     Paragraph 489 states conclusions of law to which no response is required and they are denied.  In addition, the federal regulations referenced in Paragraph 489 speak for themselves and any characterization is denied.

490.     Paragraph 490 states conclusions of law to which no response is required and they are denied.

491.     Paragraph 491 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 491 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

492.     Paragraph 492 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 492 relate to Defendants other

than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

493.     Paragraph 493 states conclusions of law to which no response is required and they are denied.  In addition, the "laws and industry guidelines" referenced in Paragraph 493 speak for themselves and any characterization is denied.  Further, to the extent that the allegations in Paragraph 493 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

494.     The allegations in Paragraph 494 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 494.

495.     Cephalon denies the allegations in Paragraph 495. To the extent that the allegations in Paragraph 495 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

496.     Paragraph 496 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 496 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 496.

497.     Paragraph 497 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 497 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 497.

498.    Paragraph 498 states conclusions of law to which no response is required and they are denied.

499.    Paragraph 499 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 499 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 499.

500.    The allegations in Paragraph 500 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. In addition, the "settlement" referenced in Paragraph 500 speaks for itself and any characterization is denied.

501.    Cephalon denies the allegations in Paragraph 501. To the extent that the allegations in Paragraph 501 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

502.    Cephalon denies the allegations in Paragraph 502. To the extent that the allegations in Paragraph 502 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

503.    The allegations in Paragraph 503 are based upon a letter that speaks for itself and any characterization thereof is denied.  To the extent that the allegations in Paragraph 503 relate

to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

504.     The allegations in Paragraph 504 are based upon a letter and registration that speak for themselves and any characterization thereof is denied.

505.     The allegations in Paragraph 505 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 505 purport to be based on documents, including the document referenced in footnote 196, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 505 and therefore denies the same.

506.     The allegations in Paragraph 506 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 506 purport to be based on documents, including the document referenced in footnote 197, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 506 and therefore denies the same.

507.     The allegations in Paragraph 507 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 507 purport to be based on documents, including the document referenced in footnote 198, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 507 and therefore denies the same.

508.     The allegations in Paragraph 508 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 508 purport to be based on documents, including the document referenced in footnote 199, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 508 and therefore denies the same.

509.     The allegations in Paragraph 509 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 509 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 509 and therefore denies the same.

510.     The allegations in Paragraph 510 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 510 purport to be based on documents, including the document referenced in footnote 200, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 510 and therefore denies the same.

511.     The allegations in Paragraph 511 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 511 purport to be based on documents, including the document referenced in footnote 201, those documents speak for themselves and all characterizations thereof are denied. To the

extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 511 and therefore denies the same.

512. The allegations in Paragraph 512 are directed at Defendants other than Cephalon and therefore do not require any response from Cephalon. To the extent the allegations in Paragraph 512 purport to be based on documents, including the document referenced in footnote 202, those documents speak for themselves and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 512 and therefore denies the same.

513. Paragraph 513 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 513 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 513.

514. Cephalon denies the allegations in Paragraph 514. To the extent that the allegations in Paragraph 514 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

515. Cephalon denies the allegations in Paragraph 515. To the extent that the allegations in Paragraph 515 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

516. Cephalon denies the allegations in Paragraph 516. To the extent that the allegations in Paragraph 516 relate to Defendants other than Cephalon, Cephalon is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

517.     Cephalon denies the allegations in Paragraph 517. To the extent that the allegations in Paragraph 517 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

518.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 518 and therefore denies the same.

519.     The allegations in Paragraph 519 purport to be based on documents, including the document referenced in footnotes 203 and 204, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 519 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 519.

520.     Cephalon denies the allegations in Paragraph 520. To the extent that the allegations in Paragraph 520 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 520 purport to be based on documents that speak for themselves, including the document referenced in footnote 205, all characterizations thereof are denied.

521.     Cephalon denies the allegations in Paragraph 521. To the extent that the allegations in Paragraph 521 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the

same. To the extent that the allegations in Paragraph 521 purport to be based on documents that speak for themselves, including the document referenced in footnote 206, all characterizations thereof are denied.

522.     Cephalon denies the allegations in Paragraph 522. To the extent that the allegations in Paragraph 522 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 522 purport to be based on documents that speak for themselves, including the document referenced in footnote 207, all characterizations thereof are denied.

523.     The allegations in Paragraph 523 purport to be based on documents, including the document referenced in footnote 208, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 523 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 523.

524.     The allegations in Paragraph 524 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 524 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 524.

525.     Cephalon denies the allegations in Paragraph 525. To the extent that the allegations in Paragraph 525 relate to Defendants other than Cephalon, Cephalon is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

526.    The allegations in Paragraph 526 purport to be based on documents, including the document referenced in footnotes 209-210, that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 526 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 526.

527.    The allegations in Paragraph 527 are based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 527 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 527.

528.    Cephalon denies the allegations in Paragraph 528. To the extent that the allegations in Paragraph 528 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 528 purport to be based on documents, including the document referenced in footnote 212, those documents speak for themselves and all characterizations thereof are denied.

529.    Paragraph 529 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 529 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required,

Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 529 and therefore denies the same. Cephalon specifically denies that it engaged in "the unlawful sale of prescription opioids."

530.    Cephalon denies the allegations in Paragraph 530. To the extent that the allegations in Paragraph 530 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

531.    The allegations in Paragraph 531 purport to be based on documents that speak for themselves, and all characterizations thereof are denied. To the extent that the allegations in Paragraph 531 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon denies the allegations in Paragraph 531.

532.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532 and therefore denies the same.

533.    Cephalon denies the allegations in Paragraph 533. To the extent that the allegations in Paragraph 533 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

534.    Cephalon denies the allegations in Paragraph 534. To the extent that the allegations in Paragraph 534 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

535.    Cephalon denies the allegations in Paragraph 535. To the extent that the allegations in Paragraph 535 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

536.    Paragraph 536 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 536 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 536 and therefore denies the same.

537.    Paragraph 537 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 537 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 537 and therefore denies the same.

538.    Cephalon denies the allegations in Paragraph 538. To the extent that the allegations in Paragraph 538 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

539.    Cephalon denies the allegations in Paragraph 539. To the extent that the allegations in Paragraph 539 relate to Defendants other than Cephalon, Cephalon is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

540.    Paragraph 540 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 540 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 540 and therefore denies the same.

541.    Cephalon denies the allegations in Paragraph 541. To the extent that the allegations in Paragraph 541 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

542.    Paragraph 542 states conclusions of law to which no response is required and they are denied.  Further, to the extent that the allegations in Paragraph 542 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 542 and therefore denies the same.

543.    Cephalon denies the allegations in Paragraph 543. To the extent that the allegations in Paragraph 543 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

544.     Cephalon denies the allegations in Paragraph 544. To the extent that the allegations in Paragraph 544 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 544 purport to be based on documents, including the documents referenced in footnote 213, those documents speak for themselves and all characterizations thereof are denied.

545.     Cephalon denies the allegations in Paragraph 545. To the extent that the allegations in Paragraph 545 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 545 purport to be based on documents, including the document referenced in footnote 214, those documents speak for themselves and all allegations thereof are denied.

546.     Cephalon denies the allegations in Paragraph 546. To the extent that the allegations in Paragraph 546 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 546 purport to be based on documents, including the document referenced in footnote 215, those documents speak for themselves and all allegations thereof are denied.

547.     Cephalon denies the allegations in Paragraph 547. To the extent that the allegations in Paragraph 547 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 547 purport to be based on documents,

including the document referenced in footnote 216, those documents speak for themselves and all characterizations thereof are denied.

548.     Cephalon denies the allegations in Paragraph 548. To the extent that the allegations in Paragraph 548 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 548 purport to be based on documents, including the document referenced in footnote 217, those documents speak for themselves and all characterizations thereof are denied.

549.     Paragraph 549 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 549 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 549 and therefore denies the same.

550.     Paragraph 550 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 550 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 550 purport to be based on documents, including the document referenced in footnotes 218-19, those documents speak for themselves and all characterizations thereof are denied. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 550 and therefore denies the same.

551. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 551 and therefore denies the same.

552. Cephalon denies the allegations in Paragraph 552. To the extent that the allegations in Paragraph 552 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 552 purport to be based on documents, including the document referenced in footnotes 220-21, those documents speak for themselves and all characterizations thereof are denied.

553. The allegations of Paragraph 553 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 553. To the extent the allegations in Paragraph 553 purport to be based on documents, including the document referenced in footnotes 222-23, those documents speak for themselves and all characterizations thereof are denied.

554. The allegations of Paragraph 554 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 554. To the extent the allegations in Paragraph 554 purport to be based on documents, including the document referenced in footnotes 224-25, those documents speak for themselves and all characterizations thereof are denied.

555. Cephalon denies the allegations in Paragraph 555. To the extent that the allegations in Paragraph 555 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

556.    Cephalon denies the allegations in Paragraph 556. To the extent that the allegations in Paragraph 556 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

557.    The allegations of Paragraph 557 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 557. To the extent that the allegations of Paragraph 557 purport to be based on documents, including the document referenced in footnote 226, those documents speak for themselves and all characterizations thereof are denied.

558.    Cephalon denies the allegations in Paragraph 558. To the extent that the allegations in Paragraph 558 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations of Paragraph 558 purport to be based on documents, including the document referenced in footnote 227, those documents speak for themselves and all characterizations thereof are denied.

559.    Cephalon denies the allegations in Paragraph 559. To the extent that the allegations in Paragraph 559 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

560.    Cephalon denies the allegations in Paragraph 560. To the extent that the allegations in Paragraph 560 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 560 purport to be based on documents,

including the document referenced in footnote 228, those documents speak for themselves and all characterizations thereof are denied.

561.    Cephalon denies the allegations in Paragraph 561. To the extent that the allegations in Paragraph 561 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

562.    The allegations of Paragraph 562 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 562.

563.    Cephalon denies the allegations in Paragraph 563. To the extent that the allegations in Paragraph 563 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

564.    Paragraph 564 states conclusions of law to which no response is required. Further, to the extent that the allegations in Paragraph 564 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 564 and therefore denies the same.

565.    Paragraph 565 states conclusions of law to which no response is required. Further, to the extent that the allegations in Paragraph 565 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is

without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 565 and therefore denies the same.

566.    The allegations of Paragraph 566 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 566.

567.    The allegations of Paragraph 567 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 567.

568.    The allegations of Paragraph 568 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 568.

569.    The allegations of Paragraph 569 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 569.

570.    The allegations of Paragraph 570 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 570.

571.    The allegations of Paragraph 571 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent that a response is required, Cephalon denies the allegations in Paragraph 571.

572.    Paragraph 572 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 572 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 572 and therefore denies the same.

573. Paragraph 573 states conclusions of law to which no response is required and they are denied. Further, to the extent that the allegations in Paragraph 573 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that a response is required, Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 573 and therefore denies the same.

574. The allegations of Paragraph 574 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 574.

575. The allegations of Paragraph 575 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 575.

576. The allegations of Paragraph 576 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 576.

577. The allegations of Paragraph 577 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent that a response is required, Cephalon denies the allegations in Paragraph 577.

578. Cephalon denies the allegations in Paragraph 578. To the extent that the allegations in Paragraph 578 relate to Defendants other than Cephalon, Cephalon is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent the allegations in Paragraph 578 purport to be based on documents, including the document referenced in footnote 229, those documents speak for themselves and all characterizations thereof are denied.

579.    Cephalon denies the allegations in Paragraph 579. To the extent that the allegations in Paragraph 579 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

580.    The allegations of Paragraph 580 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 580 and therefore denies the same.

581.    The allegations of Paragraph 581 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 581 and footnote 230 and therefore denies the same. To the extent that the allegations in Paragraph 581 and footnote 230 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

582.    The allegations of Paragraph 582 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 582 and therefore denies the same.

583.     The allegations of Paragraph 583 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  The allegations in Paragraph 583 also purport to be based on a website that speaks for itself and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 583 for footnotes 231–33 and therefore denies the same.

584.     The allegations of Paragraph 584 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 584 and therefore denies the same.

585.     Cephalon denies the allegations in Paragraph 585, including all conclusions of law. To the extent that allegations in Paragraph 585 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

586.     The allegations of Paragraph 586 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 586 and footnote 234 and therefore denies the same.

587.     The allegations of Paragraph 587 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 587 and therefore denies the same.

588.     The allegations of Paragraph 588 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 588 and therefore denies the same.

589.     The allegations of Paragraph 589 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 589 and therefore denies the same.

590.     The allegations of Paragraph 590 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 590 and therefore denies the same.

591.     The allegations of Paragraph 591 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  In addition, Paragraph 591 states conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 591 are based on a federal regulation that speaks for itself and all characterizations thereof are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 591 and therefore denies the same.

592.     The allegations of Paragraph 592 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 592 are based on guidance that speaks for itself and all characterizations

are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 592 and therefore denies the same.

593.    The allegations in Paragraph 593 are conclusions of law to which no response is required and they are denied.

594.    The allegations in Paragraph 594 are conclusions of law to which no response is required and they are denied.

595.    The allegations in Paragraph 595 are conclusions of law to which no response is required and they are denied.

596.    The allegations of Paragraph 596 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 596 are conclusions of law to which no response is required and they are denied.

597.    The allegations of Paragraph 597 are directed to parties other than Cephalon and therefore do not require any response from Cephalon.  To the extent a response is required, the allegations in Paragraph 597 are based on "standards" that speak for themselves and all characterizations thereof are denied.  The allegations in Paragraph 597 are also conclusions of law to which no response is required and they are denied.

598.    The allegations of Paragraph 598 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 598 are conclusions of law to which no response is required and they are denied.

599.    The allegations of Paragraph 599 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 599 and therefore denies the same.

600. The allegations of Paragraph 600 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 600 and therefore denies the same.

601. The allegations of Paragraph 601 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 601 and therefore denies the same.

602. The allegations of Paragraph 602 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 602 and therefore denies the same.

603. The allegations of Paragraph 603 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 603 and therefore denies the same.

604. The allegations of Paragraph 604 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 604 and therefore denies the same.

605.    The allegations of Paragraph 605 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 605 are conclusions of law to which no response is required and they are denied.

606.    The allegations of Paragraph 606 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 606 are conclusions of law to which no response is required and they are denied.

607.    The allegations of Paragraph 607 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 607 and therefore denies the same.

608.    The allegations of Paragraph 608 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 608 and therefore denies the same.

609.    The allegations of Paragraph 609 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 609 and footnote 235 are based on a document that speaks for itself and all characterizations are denied.  Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 609 and therefore denies the same.

610.    The allegations of Paragraph 610 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 610 and therefore denies the same.

611.    The allegations of Paragraph 611 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 611 and therefore denies the same. To the extent the allegations of Paragraph 611 purport to be based on documents, including the document referenced in footnote 236, those documents speak for themselves and all characterizations thereof are denied.

612.    The allegations of Paragraph 612 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 612 and therefore denies the same. To the extent that the allegations in Paragraph 612 purport to be based on documents, including the document referenced in footnote 237, those documents speak for themselves and all characterizations thereof are denied.

613.    The allegations of Paragraph 613 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 613 and therefore denies the same. To the extent that the allegations of Paragraph 613 purport to be based on documents, including the document referenced in footnote 238, those documents speak for themselves and all characterizations thereof are denied.

614.    The allegations of Paragraph 614 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 614 and therefore denies the same. To the extent the allegations of Paragraph 614 purport to be based on documents, including the document referenced in footnote 239, those documents speak for themselves and all characterizations thereof are denied.

615. The allegations of Paragraph 615 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 615 are based on a settlement document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 615 and therefore denies the same.

616. The allegations of Paragraph 616 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 616 are based on a document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 616 and therefore denies the same.

617. The allegations of Paragraph 617 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 617 and therefore denies the same. To the extent the allegations of Paragraph 617 purport to be based on documents, including the document referenced in footnote 242, those documents speak for themselves and all characterizations thereof are denied.

618. The allegations of Paragraph 618 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 618 and therefore denies the same. To the extent the allegations of Paragraph 618 purport to be based on documents, including the document referenced in footnote 243, those documents speak for themselves and all allegations thereof are denied.

619.    The allegations of Paragraph 619 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 619 are conclusions of law to which no response is required and they are denied. To the extent the allegations of paragraph 619 purport to be based on documents, including the document referenced in footnote 244, those documents speak for themselves and all allegations thereof are denied.

620.    The allegations of Paragraph 620 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 620 are based on a website that speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 620 and therefore denies the same.

621.    The allegations of Paragraph 621 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 621 and therefore denies the same. To the extent the allegations in Paragraph 621 purport to be based on documents, including the document referenced in footnote 245, those documents speak for themselves and all allegations thereof are denied.

622.    The allegations of Paragraph 622 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required,

Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 622 and therefore denies the same.

623.    The allegations of Paragraph 623 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 623 and therefore denies the same. To the extent the allegations of Paragraph 623 purport to be based on documents, including the document referenced in footnote 246, those documents speak for themselves and all characterizations thereof are denied.

624.    The allegations of Paragraph 624 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 624 and therefore denies the same. To the extent the allegations of Paragraph 624 purport to be based on documents, including the document referenced in footnote 247, those documents speak for themselves and all characterizations thereof are denied.

625.    The allegations of Paragraph 625 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 625 are based on a document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 625 and therefore denies the same.

626.    The allegations of Paragraph 626 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 626 and therefore denies the same. To the extent the allegations of Paragraph 626 purport to be based on documents, including the document referenced in footnote 625, those documents speak for themselves and all characterizations thereof are denied.

627. The allegations of Paragraph 627 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 627 are based on an investigation document which speaks for itself and all characterizations thereof are denied. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 627 and therefore denies the same.

628. The allegations of Paragraph 628 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 628 are based on an investigation document which speaks for itself and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 628 and therefore denies the same.

629. The allegations of Paragraph 629 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 629 and therefore denies the same.

630. The allegations of Paragraph 630 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 630 are conclusions of law to which no response is required and they are denied.

631.     The allegations of Paragraph 631 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 631 are conclusions of law to which no response is required and they are denied.

632.     The allegations of Paragraph 632 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 632 are conclusions of law to which no response is required and they are denied.

633.     The allegations of Paragraph 633 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 633 are conclusions of law to which no response is required and they are denied.

634.     The allegations of Paragraph 634 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 634 are conclusions of law to which no response is required and they are denied.

635.     The allegations of Paragraph 635 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, the allegations in Paragraph 635 are conclusions of law to which no response is required and they are denied.

636.     Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 636 and therefore denies the same.

637.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 637 and therefore denies the same.

638.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 638 and therefore denies the same.

639.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 639 and therefore denies the same. To the extent that the allegations in Paragraph 639 and footnote 251-52 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

640.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 640 and therefore denies the same. To the extent that the allegations in Paragraph 640 and footnotes 253-54 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

641.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 641 and therefore denies the same. To the extent that the allegations in Paragraph 641 and footnotes 255–57 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

642.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 642 and therefore denies the same. To the extent that the allegations in Paragraph 642 and footnotes 258-59 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

643.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 643 and therefore denies the same. To the extent that the

allegations in Paragraph 643 footnotes 260–261 concern the characterization of documents, the documents speak for themselves and Plaintiffs' characterizations of same are denied.

644.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 644 and therefore denies the same. To the extent that the allegations in Paragraph 644 and footnotes 262-65 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

645.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 645 and therefore denies the same. To the extent that the allegations in Paragraph 645 and footnote 266 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

646.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 646 and therefore denies the same. To the extent that the allegations in Paragraph 646 and footnotes 267-68 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

647.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 647 and therefore denies the same. To the extent that the allegations in Paragraph 647 and footnotes 269-71 concern the characterization of documents, the documents speak for themselves and Plaintiff's characterizations of same are denied.

648.    The allegations in Paragraph 648 are conclusions of law to which no response is required and they are denied. Cephalon denies the remaining allegations in Paragraph 648.

649.    The allegations in Paragraph 649 are conclusions of law to which no response is required and they are denied. Cephalon denies the remaining allegations in Paragraph 649.

650. The allegations in Paragraph 650 are conclusions of law to which no response is required and they are denied. Cephalon denies the remaining allegations in Paragraph 650.

651. Cephalon admits only that it sold certain opioid medications in Montana. The remaining allegations in Paragraph 651 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 651 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

652. The allegations in Paragraph 652 are conclusions of law to which no response is required and they are denied. Further, to the extent the allegations in Paragraph 652 purport to be based on statutes, those statutes speak for themselves, and all characterizations thereof are denied.

653. The allegations in Paragraph 653 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 653 purport to be based on statutes, those statutes speak for themselves, and all characterizations thereof are denied.

654. The allegations in Paragraph 654 are conclusions of law to which no response is required and they are denied. Cephalon denies the remaining allegations in Paragraph 654.

655. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 655 and therefore denies the same. To the extent the allegations in Paragraph 655 purport to be based on documents, including the documents referenced in footnotes 272-73, those documents speak for themselves and all characterizations thereof are denied.

656. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 656 and therefore denies the same. To the extent the allegations in Paragraph 656 purport to be based on documents, including the documents

referenced in footnotes 274-75, those documents speak for themselves and all characterizations thereof are denied.

657.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 657 and therefore denies the same. To the extent the allegations in Paragraph 657 purport to be based on documents, including the documents referenced in footnotes 276-77, those documents speak for themselves and all characterizations thereof are denied.

658.    The allegations in Paragraph 658 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 658 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 658 and therefore denies the same.

659.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 659 and therefore denies the same. To the extent the allegations in Paragraph 659 purport to be based on documents, including the documents referenced in footnotes 278-79, those documents speak for themselves and all characterizations thereof are denied.

660.    The allegations in Paragraph 660 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 660 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 660 and therefore denies the same.

661. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 661 and therefore denies the same. To the extent the allegations in Paragraph 661 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

662. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 662 and therefore denies the same. To the extent the allegations in Paragraph 662 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

663. The allegations in Paragraph 663 are conclusions of law to which no response is required and they are denied. To the extent the allegations in Paragraph 663 purport to be based on documents, including the document referenced in footnote 280, those documents speak for themselves and all characterizations thereof are denied.

664. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 664 and therefore denies the same. To the extent the allegations in Paragraph 664 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

665. The allegations in Paragraph 665 are conclusions of law to which no response is required and they are denied.

666. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 666 and therefore denies the same. To the extent the allegations in Paragraph 666 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

667. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 667 and therefore denies the same. To the extent the allegations in Paragraph 667 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

668. The allegations in Paragraph 668 are conclusions of law to which no response is required and they are denied.

669. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 669 and therefore denies the same. To the extent the allegations in Paragraph 669 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

670. The allegations in Paragraph 670 are conclusions of law to which no response is required and they are denied.

671. The allegations in Paragraph 671 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 671.

672. The allegations in Paragraph 672 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 672.

673. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 673 and therefore denies the same.

674. To the extent the allegations in Paragraph 674 are conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 674. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 674 and therefore denies the same.

675.    To the extent the allegations in Paragraph 675 are conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 675. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 675 and therefore denies the same.

676.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 676 and therefore denies the same. To the extent the allegations in Paragraph 676 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

677.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 677 and therefore denies the same. To the extent the allegations in Paragraph 677 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

678.    To the extent the allegations in Paragraph 678 are conclusions of law, no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 678. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 678 and therefore denies the same.

679.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 679 and therefore denies the same.

680.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 680 and therefore denies the same.

681.    The allegations in Paragraph 681 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 681.

682.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 682 and therefore denies the same. To the extent the allegations in Paragraph 682 purport to be based on documents, including the document referenced in footnote 281, those documents speak for themselves and all characterizations thereof are denied.

683.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 683 and therefore denies the same. To the extent the allegations in Paragraph 683 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

684.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 684 and therefore denies the same. To the extent the allegations in Paragraph 684 purport to be based on documents, including the documents referenced in footnote 283, those documents speak for themselves and all characterizations thereof are denied.

685.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 685 and therefore denies the same. To the extent the allegations in Paragraph 685 purport to be based on documents, including the documents referenced in footnote 284, those documents speak for themselves and all characterizations are denied.

686.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 686 and therefore denies the same. To the extent the allegations in Paragraph 686 purport to be based on documents, including the documents referenced in footnote 285-87, those documents speak for themselves and all characterizations are denied.

687. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 687 and therefore denies the same. To the extent the allegations in Paragraph 687 purport to be based on documents, including the document referenced in footnote 288, those documents speak for themselves and all characterizations are denied.

688. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 688 and therefore denies the same. To the extent the allegations in Paragraph 688 purport to be based on documents, including the document referenced in footnote 289, those documents speak for themselves and all characterizations are denied.

689. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 689 and therefore denies the same. To the extent the allegations in Paragraph 689 purport to be based on documents, including the document referenced in footnote 290, those documents speak for themselves and all characterizations are denied.

690. The allegations in Paragraph 690 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 690.

691. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 691 and therefore denies the same. To the extent the allegations in Paragraph 691 purport to be based on documents, including the documents referenced in footnotes 291-92, those documents speak for themselves and all characterizations are denied.

692. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 692 and therefore denies the same.

693. Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 693 and therefore denies the same. To the extent the

allegations in Paragraph 693 purport to be based on documents, including the document referenced in footnote 293, those documents speak for themselves and all characterizations are denied.

694.    The allegations in Paragraph 694 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 694.

695.    Cephalon is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 695 and therefore denies the same.

696.    The allegations of Paragraph 696 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 696 and therefore denies the same. To the extent the allegations of Paragraph 696 purport to be based on documents, including the documents referenced in footnotes 294-95, those documents speak for themselves and all characterizations thereof are denied.

697.    The allegations of Paragraph 697 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 697 and therefore denies the same. To the extent the allegations of Paragraph 697 purport to be based on documents, including the documents referenced in footnotes 296-97, those documents speak for themselves and all characterizations thereof are denied.

698.    The allegations of Paragraph 698 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 698 and therefore denies the same. To the extent the allegations of

Paragraph 698 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

699. The allegations of Paragraph 699 are directed to parties other than Cephalon and therefore do not require any response from Cephalon. The allegations of Paragraph 699 are conclusions of law to which no response is required. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 699 and therefore denies the same. To the extent the allegations of Paragraph 699 purport to be based on documents, those documents speak for themselves and all characterizations thereof are denied.

700. The allegations of Paragraph 700 are conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 700.

701. Cephalon denies the allegations of Paragraph 701.

702. Cephalon denies the allegations of Paragraph 702. To the extent the allegations in Paragraph 702 are directed at other Defendants or "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. To the extent Paragraph 702 purports to be based on documents that speak for themselves and all characterizations thereof are denied.

703. Cephalon denies the allegations of Paragraph 703.

704. Cephalon denies the allegations of Paragraph 704.

705. Cephalon denies the allegations of Paragraph 705.

706. Cephalon denies the allegations of Paragraph 706.

707. Cephalon denies the allegations of Paragraph 707.

708.     Cephalon denies the allegations of Paragraph 708. To the extent the allegations in Paragraph 708 are directed at other Defendants or "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

709.     Cephalon denies the allegations of Paragraph 709.

710.     Cephalon denies the allegations of Paragraph 710.

711.     Cephalon denies the allegations of Paragraph 711. To the extent that Paragraph 711 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

712.     Cephalon denies the allegations of Paragraph 712.

713.     Cephalon denies the allegations of Paragraph 713. To the extent that Paragraph 713 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

714.     Cephalon denies the allegations of Paragraph 714.

715.     Cephalon denies the allegations of Paragraph 715.

716.     Cephalon denies the allegations of Paragraph 716.

717.     Cephalon denies the allegations of Paragraph 717.

718.     Cephalon denies the allegations of Paragraph 718.

719.     Cephalon denies the allegations of Paragraph 719.

720.     Cephalon denies the allegations of Paragraph 720.

721.     Paragraph 721 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 721.

722.    Paragraph 722 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 722.

723.    Paragraph 723 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations of Paragraph 723.

724.    Cephalon denies the allegations of Paragraph 724.

725.    Cephalon denies the allegations of Paragraph 725.

726.    Cephalon denies the allegations of Paragraph 726.

727.    Cephalon denies the allegations of Paragraph 727.

728.    Cephalon denies the allegations of Paragraph 728.

729.    Cephalon denies the allegations of Paragraph 729. To the extent that Paragraph 729 purports to be based on an Order, that document speak for itself, and all characterizations thereof are denied.

730.    Cephalon denies the allegations of Paragraph 730.

731.    Paragraph 731 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 731.

732.    Cephalon denies the allegations of Paragraph 732.

733.    Cephalon denies the allegations of Paragraph 733.

734.    Cephalon denies the allegations of Paragraph 734.

735.    Cephalon denies the allegations of Paragraph 735.

736.    Cephalon denies the allegations of Paragraph 736.

737.    The allegations of Paragraph 737 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 737 and therefore denies the same. Further, to the extent that Paragraph 737 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

738.    The allegations of Paragraph 738 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 738 and therefore denies the same. Further, to the extent that Paragraph 738 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

739.    The allegations of Paragraph 739 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 739 and therefore denies the same. Further, to the extent that Paragraph 739 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

740.    Cephalon admits only that it entered into a corporate integrity agreement in September 2008. Cephalon denies all remaining allegations in Paragraph 740. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 740 and therefore denies the same. To the extent that Paragraph 740 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

741.    Cephalon denies the allegations in Paragraph 741.

742.    Cephalon admits only that the FDA issued a public health advisory in September 2007 and that Cephalon submitted a supplemental application for the medication Fentora to the FDA, which was not granted. Cephalon denies all remaining allegations in Paragraph 742. To the extent that Paragraph 742 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

743.    Cephalon admits only that the FDA sent a letter to Cephalon regarding the advertising of Fentora on March 26, 2009. Cephalon denies the remaining allegations in Paragraph 743. To the extent that Paragraph 743 purports to be based on a letter, that letter speaks for itself, and all characterizations thereof are denied.

744.    Cephalon admits only that it published an insert titled "An Integrated Risk Evaluation and Mitigation Strategy (REMS) for FENTORA (Fentanyl Buccal Tablet) and ACTIQ (Oral Transmucosal Fentanyl Citrate)" on January 13, 2012. Cephalon denies all remaining allegations in Paragraph 744. To the extent that Paragraph 744 purports to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

745.    The allegations of Paragraph 745 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 745 and therefore denies the same.

746.    The allegations of Paragraph 746 are directed to parties other than Cephalon and therefore does not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 746 and therefore denies the same.

747.     Cephalon denies the allegations of Paragraph 747. To the extent the allegations in Paragraph 747 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

748.     Cephalon denies the allegations of Paragraph 748. To the extent that Paragraph 748 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

749.     Cephalon denies the allegations of Paragraph 749. To the extent that Paragraph 749 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

750.     The allegations of Paragraph 750 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 750 and therefore denies the same. Further, to the extent that Paragraph 750 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

751.     The allegations of Paragraph 751 are directed to parties other than Cephalon, they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 751 and therefore denies the same. Further, to the extent that Paragraph 751 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

752.     The allegations of Paragraph 752 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 752 and therefore denies the same.

753.    The allegations of Paragraph 753 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 753 and therefore denies the same. Further, to the extent that Paragraph 753 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

754.    The allegations of Paragraph 754 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 754 and therefore denies the same. Further, to the extent that Paragraph 754 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

755.    The allegations of Paragraph 755 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 755 and therefore denies the same. Further, to the extent that Paragraph 755 purports to be based on an interview, that interview speaks for itself, and all characterizations thereof are denied.

756.    The allegations of Paragraph 756 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 756 and therefore denies the same. Further, to the extent that Paragraph 756 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

757.    The allegations of Paragraph 757 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 757 and therefore denies the same. Further, to the extent that Paragraph 757 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

758.    The allegations of Paragraph 758 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 758 and therefore denies the same.

759.    The allegations of Paragraph 759 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 759 and therefore denies the same. Further, to the extent that Paragraph 759 purports to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

760.    The allegations of Paragraph 760 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 760 and therefore denies the same.

146

761. The allegations of Paragraph 761 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 761 and therefore denies the same.

762. The allegations of Paragraph 762 are directed to parties other than Cephalon, and they do not require any response from Cephalon. To the extent a response is required, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 762 and therefore denies the same.

763. Cephalon denies the allegations of Paragraph 763.

764. Cephalon denies the allegations of Paragraph 764 and footnote 299.

765. Cephalon denies the allegations of Paragraph 765.

766. Cephalon denies the allegations of Paragraph 766.

767. Cephalon denies the allegations of Paragraph 767.

768. Cephalon denies the allegations of Paragraph 768.

769. Cephalon denies the allegations of Paragraph 769. To the extent the allegations in Paragraph 769 are directed at other Defendants or "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

770. Cephalon denies the allegations of Paragraph 770. To the extent the allegations in Paragraph 770 are directed at other Defendants or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

771.     Cephalon denies the allegations of Paragraph 771. To the extent the allegations in Paragraph 771 are directed at other Defendants, "Front Groups," or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

772.     Cephalon denies the allegations of Paragraph 772.

773.     Cephalon denies the allegations of Paragraph 773.

774.     Paragraph 774 purports to be based on documents that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 774 and therefore denies the same.

775.     Paragraph 775 purports to be based on documents that speak for themselves and all characterizations thereof are denied. Cephalon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 775 and therefore denies the same.

776.     Cephalon denies the allegations of Paragraph 776.

777.     Cephalon denies the allegations of Paragraph 777.

778.     Cephalon denies the allegations of Paragraph 778.

779.     Cephalon denies the allegations of Paragraph 779.

780.     Cephalon denies the allegations of Paragraph 780.

781.     Cephalon denies the allegations of Paragraph 781. To the extent the allegations in Paragraph 781 are directed at other Defendants and "Front Groups," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 781 and therefore denies the same.

782.     Cephalon denies the allegations of Paragraph 782. To the extent the allegations in Paragraph 782 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 782 and therefore denies the same. Further, to the extent that Paragraph 782 and footnotes 301-02 purport to be based on documents, those document speak for themselves, and all characterizations thereof are denied.

783.     Cephalon denies the allegations of Paragraph 783. To the extent the allegations in Paragraph 783 are directed at other Defendants or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 783 and therefore denies the same.

784.     Cephalon denies the allegations of Paragraph 784.

785.     Cephalon denies the allegations of Paragraph 785.

786.     Cephalon denies the allegations of Paragraph 786.

787.     Cephalon denies the allegations of Paragraph 787.

788.     Cephalon denies the allegations of Paragraph 788.

789.     Cephalon denies the allegations of Paragraph 789.

790.     Cephalon denies the allegations of Paragraph 790.

791.     Cephalon denies the allegations of Paragraph 791.

792.     Cephalon denies the allegations of Paragraph 792.

793.     Cephalon denies the allegations of Paragraph 793.

794.     Cephalon denies the allegations of Paragraph 794. To the extent the allegations in Paragraph 794 are directed at other Defendants, "Front Groups" or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 794 and therefore denies the same.

795.     Cephalon denies the allegations of Paragraph 795. To the extent the allegations in Paragraph 795 are directed at other Defendants, "Front Groups," or "KOLs," Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 795 and therefore denies the same.

796.     Cephalon denies the allegations of Paragraph 796. To the extent the allegations in Paragraph 796 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 796 and therefore denies the same.

797.     Cephalon denies the allegations of Paragraph 797. To the extent the allegations in Paragraph 797 are directed at other Defendants, Cephalon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 797 and therefore denies the same.

798.     Cephalon denies the allegations of Paragraph 798.

799.     Cephalon denies the allegations of Paragraph 799. To the extent that the allegations in Paragraph 799 and footnote 303 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

800.     Cephalon denies the allegations of Paragraph 800. To the extent that the allegations in Paragraph 800 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

801.     Cephalon denies the allegations of Paragraph 801. To the extent that the allegations in Paragraph 801 and footnote 304 purport to be based on a statute or regulation, that statute or regulation speaks for itself, and all characterizations thereof are denied.

802.     Cephalon denies the allegations of Paragraph 802. To the extent that the allegations in Paragraph 802 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

803.     Cephalon denies the allegations of Paragraph 803. To the extent that the allegations in Paragraph 803 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

804.     Cephalon denies the allegations of Paragraph 804.

805.     Cephalon denies the allegations of Paragraph 805.

806.     Cephalon denies the allegations of Paragraph 806.

807.     Cephalon denies the allegations of Paragraph 807. To the extent that the allegations in Paragraph 807 and footnote 305 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

808.     Cephalon denies the allegations of Paragraph 808. To the extent that the allegations in Paragraph 808 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

809.     Cephalon denies the allegations of Paragraph 809.

810.     Cephalon denies the allegations of Paragraph 810.

811.     Cephalon denies the allegations of Paragraph 811.

812.     Cephalon denies the allegations of Paragraph 812.

813.     Cephalon denies the allegations of Paragraph 813. To the extent that the allegations in Paragraph 813 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

814.     Cephalon admits only that it manufactures and sells Actiq and Fentora. Cephalon denies all remaining allegations in Paragraph 814. To the extent that allegations in Paragraph 814 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

815.     Cephalon admits only that it manufactures and sells Actiq and Fentora Cephalon denies all remaining allegations in Paragraph 815. To the extent that allegations in Paragraph 815 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

816.     Cephalon denies the allegations of Paragraph 816.

817.     Cephalon denies the allegations of Paragraph 817.

818.     Cephalon denies the allegations of Paragraph 818.

819.     Cephalon denies the allegations of Paragraph 819.

820.     Cephalon denies the allegations of Paragraph 820.

821.     Cephalon denies the allegations of Paragraph 821.

822.     Cephalon denies the allegations of Paragraph 822.

823.     Cephalon denies the allegations of Paragraph 823.

824.     Cephalon denies the allegations of Paragraph 824.

825.     Cephalon denies the allegations of Paragraph 825. To the extent that the allegations in Paragraph 825 and footnote 306 purport to be based on a statute or regulation, those statutes and regulations speaks for themselves, and all characterizations thereof are denied.

826.     Cephalon denies the allegations of Paragraph 826.

827.     Cephalon denies the allegations of Paragraph 827.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
Violation of RICO, 18 U.S.C. § 1961 et seq.—Opioid Marketing Enterprise
(Against Purdue, Cephalon, Janssen, Endo, and Mallinckrodt
(the "RICO Marketing Defendants"))

828.    Cephalon reasserts its responses to Paragraphs 1 through 827 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

829.    Paragraph 829 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 829. To the extent that allegations in Paragraph 829 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

830.    Paragraph 830 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 830. To the extent that allegations in Paragraph 830 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

831.    Paragraph 831 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 831. To the extent that allegations in Paragraph 831 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

832.    Paragraph 832 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 832. To the extent that allegations in Paragraph 832 relate to Defendants other than Cephalon, it is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

833.     Paragraph 833 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 833. To the extent that allegations in Paragraph 833 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

834.     Paragraph 834 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 834. To the extent that allegations in Paragraph 834 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

835.     Paragraph 835 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 835. To the extent that allegations in Paragraph 835 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

836.     Paragraph 836 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 836. To the extent that allegations in Paragraph 836 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

837.     Paragraph 837 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 837. To the extent that allegations in Paragraph 837 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

838.     Paragraph 838 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 838. To the extent that allegations in Paragraph 838 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

839.     Paragraph 839 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 839. To the extent that allegations in Paragraph 839 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

840.     Paragraph 840 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 840. To the extent that allegations in Paragraph 840 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

841.     Paragraph 841 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 841. To the extent that allegations in Paragraph 841 relate to Defendants other than Cephalon, it is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

842.    Paragraph 842 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 842. To the extent that allegations in Paragraph 842 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

843.    Paragraph 843 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 843. To the extent that allegations in Paragraph 843 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

844.    Paragraph 844 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 844. To the extent that allegations in Paragraph 844 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

845.    Paragraph 845 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 845. To the extent that allegations in Paragraph 845 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

846.     Paragraph 846 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 846. To the extent that allegations in Paragraph 846 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

847.     Paragraph 847 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 847. To the extent that allegations in Paragraph 847 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

848.     Paragraph 848 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 848. To the extent that allegations in Paragraph 848 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

849.     Paragraph 849 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 849. To the extent that allegations in Paragraph 849 relate to Defendants other than Cephalon, it is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

850.     Paragraph 850 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 850. To the extent that allegations in Paragraph 850 relate to Defendants other than Cephalon, it is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Further, to the extent the allegations in Paragraph 850 and footnotes 307-08 purport to be based on documents, those documents speak for themselves, and all characterizations thereof are denied.

851.    Paragraph 851 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 851. To the extent that allegations in Paragraph 851 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

852.    Paragraph 852 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 852. To the extent that allegations in Paragraph 852 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

853.    Paragraph 853 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 853. To the extent that allegations in Paragraph 853 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

854.    Paragraph 854 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 854. To the extent that allegations in Paragraph 854 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

855.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## SECOND CLAIM FOR RELIEF
Violation of RICO, 18 U.S.C. § 1961 *et seq.*—Opioid Supply Chain Enterprise
(Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis,
McKesson, Cardinal, and AmerisourceBergen—"RICO Supply Chain
Defendants")

856.    Cephalon reasserts its responses to Paragraphs 1 through 855 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

857.    Paragraph 857 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 857. To the extent that allegations in Paragraph 857 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

858.    Paragraph 858 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 858. To the extent that allegations in Paragraph 858 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

859. Paragraph 859 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 859. To the extent that allegations in Paragraph 859 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

860. Paragraph 860 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 860. To the extent that allegations in Paragraph 860 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

861. Paragraph 861 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 861. To the extent that allegations in Paragraph 861 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

862. Paragraph 862 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 862. To the extent that allegations in Paragraph 862 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

863. Paragraph 863 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 863. To the extent that allegations in Paragraph 863 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

864. Paragraph 864 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 864. To the extent that allegations in Paragraph 864 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

865. Paragraph 865 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 865. To the extent that allegations in Paragraph 865 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

866. Paragraph 866 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 866. To the extent that allegations in Paragraph 866 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

867. Paragraph 867 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 867. To the extent that allegations in Paragraph 867 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

868. Paragraph 868 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 868. To the extent that allegations in Paragraph 868 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

869. Paragraph 869 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 869. To the extent that allegations in Paragraph 869 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

870. Paragraph 870 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 870. To the extent that allegations in Paragraph 870 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

871. Paragraph 871 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 871. To the extent that allegations in Paragraph 871 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

872. Paragraph 872 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 872. To the extent that allegations in Paragraph 872 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

873.    Paragraph 873 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 873. To the extent that allegations in Paragraph 873 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

874.    Paragraph 874 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 874. To the extent that allegations in Paragraph 874 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

875.    Paragraph 875 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 875. To the extent that allegations in Paragraph 875 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

876.    Paragraph 876 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 876. To the extent that allegations in Paragraph 876 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

877.    Paragraph 877 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 877. To the extent that allegations in Paragraph 877 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

878.    Paragraph 878 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 878. To the extent that allegations in Paragraph 878 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

879.    Paragraph 879 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 879. To the extent that allegations in Paragraph 879 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

880.    Paragraph 880 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 880. To the extent that allegations in Paragraph 880 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

881.    Paragraph 881 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 881. To the extent that allegations in Paragraph 881 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

882.     Paragraph 882 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 882. To the extent that allegations in Paragraph 882 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

883.     Paragraph 883 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 883. To the extent that allegations in Paragraph 883 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

884.     Paragraph 884 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 884. To the extent that allegations in Paragraph 884 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

885.     Paragraph 885 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 885. To the extent that allegations in Paragraph 885 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

886. Paragraph 886 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 886. To the extent that allegations in Paragraph 886 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

887. The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### THIRD CLAIM FOR RELIEF
Public Nuisance
Federal Common Law
(Against All Defendants)

888. Cephalon reasserts its responses to Paragraphs 1 through 887 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

889. Paragraph 889 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 889. To the extent that allegations in Paragraph 889 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 889 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

890. Paragraph 890 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 890. To the extent that allegations in Paragraph 890 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 890 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

891.    Paragraph 891 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 891. To the extent that allegations in Paragraph 891 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 891 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

892.    Paragraph 892 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 892. To the extent that allegations in Paragraph 892 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

893.    Paragraph 893 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 893. To the extent that allegations in Paragraph 893 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

894.    Paragraph 894 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 894. To the extent that allegations in Paragraph 894 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

895. Paragraph 895 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 895. To the extent that allegations in Paragraph 895 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

896. Paragraph 896 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 896. To the extent that allegations in Paragraph 896 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

897. Paragraph 897 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 897. To the extent that allegations in Paragraph 897 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

898. Paragraph 898 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 898. To the extent that allegations in Paragraph 898 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

899.    Paragraph 899 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 899. To the extent that allegations in Paragraph 899 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

900.    Paragraph 900 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 900. To the extent that allegations in Paragraph 900 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

901.    Paragraph 901 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 901. To the extent that allegations in Paragraph 901 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

902.    Paragraph 902 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 902. To the extent that allegations in Paragraph 902 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

903.    Paragraph 903 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 903. To the extent that allegations in Paragraph 903 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

904.     Paragraph 904 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 904. To the extent that allegations in Paragraph 904 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

905.     Paragraph 905 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 905. To the extent that allegations in Paragraph 905 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

906.     Paragraph 906 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 906. To the extent that allegations in Paragraph 906 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

907.     Paragraph 907 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 907. To the extent that allegations in Paragraph 907 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

908.    Paragraph 908 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 908. To the extent that allegations in Paragraph 908 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

909.    Paragraph 909 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 909. To the extent that allegations in Paragraph 909 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

910.    Paragraph 910 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 910. To the extent that allegations in Paragraph 910 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

911.    Paragraph 911 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 911. To the extent that allegations in Paragraph 911 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

912.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed

to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

FOURTH CLAIM FOR RELIEF
State Common Law Public Nuisance
(Against All Defendants)

913.     Paragraph 913 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 913. To the extent that allegations in Paragraph 913 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

914.     Cephalon reasserts its responses to Paragraphs 1 through 913 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

915.     Paragraph 915 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 915. To the extent that allegations in Paragraph 915 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

916.     Paragraph 916 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 916. To the extent that allegations in Paragraph 916 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

917.     Paragraph 917 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 917. To the extent that

allegations in Paragraph 917 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

918.    Paragraph 918 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 918. To the extent that allegations in Paragraph 918 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

919.    Paragraph 919 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 919. To the extent that allegations in Paragraph 919 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

920.    Paragraph 920 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 920. To the extent that allegations in Paragraph 920 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 920 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

921.    Paragraph 921 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 921. To the extent that allegations in Paragraph 921 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and

therefore denies the same. To the extent that the allegations in Paragraph 921 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

922.    Paragraph 922 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 922. To the extent that allegations in Paragraph 922 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

923.    Paragraph 923 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 923. To the extent that allegations in Paragraph 923 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

924.    Paragraph 924 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 924. To the extent that allegations in Paragraph 924 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

925.    Paragraph 925 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 925. To the extent that allegations in Paragraph 925 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

926.     Paragraph 926 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 926. To the extent that allegations in Paragraph 926 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

927.     Paragraph 927 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 927. To the extent that allegations in Paragraph 927 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

928.     Paragraph 928 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 928. To the extent that allegations in Paragraph 928 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

929.     Paragraph 929 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 929. To the extent that allegations in Paragraph 929 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

930.     Paragraph 930 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 930. To the extent that allegations in Paragraph 930 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

931.    Paragraph 931 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 931. To the extent that allegations in Paragraph 931 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 931 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

932.    Paragraph 932 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 932. To the extent that allegations in Paragraph 932 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

933.    Paragraph 933 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 933. To the extent that allegations in Paragraph 933 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

934.    Paragraph 934 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 934. To the extent that allegations in Paragraph 934 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

935.     Paragraph 935 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 935. To the extent that allegations in Paragraph 935 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

936.     Paragraph 936 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 936. To the extent that allegations in Paragraph 936 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

937.     Paragraph 937 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 937. To the extent that allegations in Paragraph 937 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

938.     Paragraph 938 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 938. To the extent that allegations in Paragraph 938 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

939.     Paragraph 939 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 939. To the extent that allegations in Paragraph 939 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

940.    Paragraph 940 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 940. To the extent that allegations in Paragraph 940 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

941.    Paragraph 941 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 941. To the extent that allegations in Paragraph 941 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

942.    Paragraph 942 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 942. To the extent that allegations in Paragraph 942 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

943.    Paragraph 943 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 943. To the extent that allegations in Paragraph 943 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

944.     Paragraph 944 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 944. To the extent that allegations in Paragraph 944 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

945.     Paragraph 945 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 945. To the extent that allegations in Paragraph 945 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

946.     Paragraph 946 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 946. To the extent that allegations in Paragraph 946 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

947.     Paragraph 947 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 947. To the extent that allegations in Paragraph 947 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

948.     Paragraph 948 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 948. To the extent that allegations in Paragraph 948 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

949.    Paragraph 949 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 949. To the extent that allegations in Paragraph 949 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

950.    Paragraph 950 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 950. To the extent that allegations in Paragraph 950 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

951.    Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

952.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint. Paragraph 952 also states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 952. To the extent that allegations in Paragraph 952 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

953.     Paragraph 953 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 953. To the extent that allegations in Paragraph 953 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

954.     Paragraph 954 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 954. To the extent that allegations in Paragraph 954 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

955.     Paragraph 955 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 955. To the extent that allegations in Paragraph 955 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

956.     Paragraph 956 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 956. To the extent that allegations in Paragraph 956 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

957.     Paragraph 957 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 957. To the extent that allegations in Paragraph 957 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

958.    Paragraph 958 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 958. To the extent that allegations in Paragraph 958 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

959.    Paragraph 959 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 959. To the extent that allegations in Paragraph 959 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

960.    The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

FIFTH CLAIM FOR RELIEF
Statutory Public Nuisance
(Against All Defendants)

961.    Paragraph 961 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 961. To the extent that allegations in Paragraph 961 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

182

962. Cephalon reasserts its responses to Paragraphs 1 through 961 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

963. Paragraph 963 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 963. To the extent that allegations in Paragraph 963 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 963 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

964. Paragraph 964 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 964. To the extent that allegations in Paragraph 964 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 964 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

965. Paragraph 965 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 965. To the extent that allegations in Paragraph 965 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 965 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

966. Paragraph 966 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 966. To the extent that

allegations in Paragraph 966 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

967. Paragraph 967 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 967. To the extent that allegations in Paragraph 967 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

968. Paragraph 968 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 968. To the extent that allegations in Paragraph 968 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

969. Paragraph 969 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 969. To the extent that allegations in Paragraph 969 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

970. Paragraph 970 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 970. To the extent that allegations in Paragraph 970 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

971.     Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

972.     Paragraph 972 states conclusions of law to which no response is required. To the ex-tent a response is required, Cephalon denies the allegations in Paragraph 972. To the extent that allegations in Paragraph 972 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

973.     The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint. Paragraph 973 also states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 973.

974.     The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

SIXTH CLAIM FOR RELIEF
Negligence and Negligent Misrepresentation
(Against All Defendants)

975.     Cephalon reasserts its responses to Paragraphs 1 through 974 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

976.     Paragraph 976 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 976. To the extent that allegations in Paragraph 976 relate to Defendants other than Cephalon, Cephalon is without

185

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

977. Paragraph 977 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 977. To the extent that allegations in Paragraph 977 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

978. Paragraph 978 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 978. To the extent that allegations in Paragraph 978 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

979. Paragraph 979 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 979. To the extent that allegations in Paragraph 979 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

980. Paragraph 980 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 980. To the extent that allegations in Paragraph 980 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

981.     Paragraph 981 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 981. To the extent that allegations in Paragraph 981 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

982.     Paragraph 982 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 982. To the extent that allegations in Paragraph 982 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

983.     Paragraph 983 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 983. To the extent that allegations in Paragraph 983 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

984.     Paragraph 984 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 984. To the extent that allegations in Paragraph 984 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

985.     Paragraph 985 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 985. To the extent that allegations in Paragraph 985 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

986.     Paragraph 986 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 986. To the extent that allegations in Paragraph 986 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

987.     Paragraph 987 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 987. To the extent that allegations in Paragraph 987 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

988.     Paragraph 988 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 988. To the extent that allegations in Paragraph 988 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

989.     Paragraph 989 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 989. To the extent that allegations in Paragraph 989 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

990.     Paragraph 990 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 990. To the extent that allegations in Paragraph 990 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

991.     Paragraph 991 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 991. To the extent that allegations in Paragraph 991 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

992.     Paragraph 992 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 992. To the extent that allegations in Paragraph 992 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

993.     Paragraph 993 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 993. To the extent that allegations in Paragraph 993 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

994.     Paragraph 994 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 994. To the extent that allegations in Paragraph 994 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

995.    Paragraph 995 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 995. To the extent that allegations in Paragraph 995 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

996.    Paragraph 996 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 996. To the extent that allegations in Paragraph 996 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

997.    Paragraph 997 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 997. To the extent that allegations in Paragraph 997 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

998.    Paragraph 998 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 998. To the extent that allegations in Paragraph 998 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

999.    Paragraph 999 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 999. To the extent that allegations in Paragraph 999 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1000.   Paragraph 1000 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1000. To the extent that allegations in Paragraph 1000 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1001.   Paragraph 1001 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1001. To the extent that allegations in Paragraph 1001 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1002.   Paragraph 1002 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1002. To the extent that allegations in Paragraph 1002 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1003.   Paragraph 1003 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1003. To the extent that allegations in Paragraph 1003 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1004.   Paragraph 1004 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1004. To the extent that allegations in Paragraph 1004 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1005.   Paragraph 1005 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1005. To the extent that allegations in Paragraph 1005 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1006.   Paragraph 1006 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1006. To the extent that allegations in Paragraph 1006 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1007.   Paragraph 1007 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1007. To the extent that allegations in Paragraph 1007 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1008. Paragraph 1008 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1008. To the extent that allegations in Paragraph 1008 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1009. Paragraph 1009 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1009. To the extent that allegations in Paragraph 1009 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1010. Paragraph 1010 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1010. To the extent that allegations in Paragraph 1010 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 1010 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

1011. Paragraph 1011 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1011. To the extent that allegations in Paragraph 1011 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 1011 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

1012.   Paragraph 1012 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1012. To the extent that allegations in Paragraph 1012 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1013.   Paragraph 1013 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1013. To the extent that allegations in Paragraph 1013 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1014.   Paragraph 1014 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1014. To the extent that allegations in Paragraph 1014 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1015.   Paragraph 1015 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1015. To the extent that allegations in Paragraph 1015 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1016.   Paragraph 1016 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1016. To the extent that allegations in Paragraph 1016 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1017.   Paragraph 1017 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1017. To the extent that allegations in Paragraph 1017 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1018.   Paragraph 1018 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1018. To the extent that allegations in Paragraph 1018 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1019.   Paragraph 1019 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1019. To the extent that allegations in Paragraph 1019 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1020.   Paragraph 1020 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1020. To the extent that allegations in Paragraph 1020 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1021.   Paragraph 1021 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1021. To the extent that allegations in Paragraph 1021 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 1021 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

1022.   Paragraph 1022 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1022. To the extent that allegations in Paragraph 1022 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1023.   Paragraph 1023 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1023. To the extent that allegations in Paragraph 1023 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1024.   Paragraph 1024 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1024. To the extent that allegations in Paragraph 1024 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1025.   Paragraph 1025 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1025. To the extent

that allegations in Paragraph 1025 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1026. Paragraph 1026 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1026. To the extent that allegations in Paragraph 1026 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1027. Paragraph 1027 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1027. To the extent that allegations in Paragraph 1027 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1028. Paragraph 1028 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1028. To the extent that allegations in Paragraph 1028 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1029. Paragraph 1029 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1029. To the extent that allegations in Paragraph 1029 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1030.   Paragraph 1030 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1030. To the extent that allegations in Paragraph 1030 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1031.   Paragraph 1031 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1031. To the extent that allegations in Paragraph 1031 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1032.   Paragraph 1032 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1032. To the extent that allegations in Paragraph 1032 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1033.   Paragraph 1033 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1033. To the extent that allegations in Paragraph 1033 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1034.   Paragraph 1034 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1034. To the extent that allegations in Paragraph 1034 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1035. Paragraph 1035 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1035. To the extent that allegations in Paragraph 1035 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1036. Paragraph 1036 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1036. To the extent that allegations in Paragraph 1036 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1037. Paragraph 1037 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1037. To the extent that allegations in Paragraph 1037 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 1037 purport to be based on a document, that document speaks for itself, and all characterizations thereof are denied.

1038. Paragraph 1038 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1038. To the extent that allegations in Paragraph 1038 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1039.   Paragraph 1039 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1039. To the extent that allegations in Paragraph 1039 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1040.   Paragraph 1040 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1040. To the extent that allegations in Paragraph 1040 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1041.   Paragraph 1041 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1041. To the extent that allegations in Paragraph 1041 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1042.   Paragraph 1042 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1042. To the extent that allegations in Paragraph 1042 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1043.   Paragraph 1043 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1043. To the extent that allegations in Paragraph 1043 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1044.   Paragraph 1044 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1044. To the extent that allegations in Paragraph 1044 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1045.   Paragraph 1045 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1045. To the extent that allegations in Paragraph 1045 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1046.   Paragraph 1046 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1046. To the extent that allegations in Paragraph 1046 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1047.   Paragraph 1047 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1047. To the extent that allegations in Paragraph 1047 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1048.   Paragraph 1048 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1048. To the extent that allegations in Paragraph 1048 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1049.   Paragraph 1049 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1049. To the extent that allegations in Paragraph 1049 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1050.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

SEVENTH CLAIM FOR RELIEF
Common Law Fraud
(Against the Marketing Defendants)

1051.   Cephalon reasserts its responses to Paragraphs 1 through 1050 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1052.   Paragraph 1052 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1052. To the extent that allegations in Paragraph 1052 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1053.   Paragraph 1053 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1053. To the extent that allegations in Paragraph 1053 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1054.   Paragraph 1054 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1054. To the extent that allegations in Paragraph 1054 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1055.   Paragraph 1055 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1055. To the extent that allegations in Paragraph 1055 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1056.   Paragraph 1056 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1056. To the extent that allegations in Paragraph 1056 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1057.   Paragraph 1057 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1057. To the extent that allegations in Paragraph 1057 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1058.   Paragraph 1058 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1058. To the extent that allegations in Paragraph 1058 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1059.   Paragraph 1059 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1059. To the extent that allegations in Paragraph 1059 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1060.   Paragraph 1060 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1060. To the extent that allegations in Paragraph 1060 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1061.   Paragraph 1061 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1061. To the extent that allegations in Paragraph 1061 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1062.   Paragraph 1062 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1062. To the extent that allegations in Paragraph 1062 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1063.   Paragraph 1063 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1063. To the extent that allegations in Paragraph 1063 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1064.   Paragraph 1064 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1064. To the extent that allegations in Paragraph 1064 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1065.   Paragraph 1065 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1065. To the extent that allegations in Paragraph 1065 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1066.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1067.   Paragraph 1067 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1067. To the extent that allegations in Paragraph 1067 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1068.   Paragraph 1068 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1068. To the extent that allegations in Paragraph 1068 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1069.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

EIGHTH CLAIM FOR RELIEF
Unjust Enrichment
(Against All Defendants)

1070.   Cephalon reasserts its responses to Paragraphs 1 through 1069 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1071.   Paragraph 1071 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1071. To the extent

that allegations in Paragraph 1071 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1072.   Paragraph 1072 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1072. To the extent that allegations in Paragraph 1072 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1073.   Paragraph 1073 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1073. To the extent that allegations in Paragraph 1073 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1074.   Paragraph 1074 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1074. To the extent that allegations in Paragraph 1074 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1075.   Paragraph 1075 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1075. To the extent that allegations in Paragraph 1075 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1076.   Paragraph 1076 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1076. To the extent that allegations in Paragraph 1076 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1077.   Paragraph 1077 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1077. To the extent that allegations in Paragraph 1077 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1078.   Paragraph 1078 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1078. To the extent that allegations in Paragraph 1078 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1079.   Paragraph 1079 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1079. To the extent that allegations in Paragraph 1079 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1080.   Paragraph 1080 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1081. To the extent that allegations in Paragraph 1080 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1081.   Paragraph 1081 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1081. To the extent that allegations in Paragraph 1081 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1082.   Paragraph 1082 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1082. To the extent that allegations in Paragraph 1082 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1083.   Paragraph 1083 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1083. To the extent that allegations in Paragraph 1083 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1084.   Paragraph 1084 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1084. To the extent that allegations in Paragraph 1084 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1085.   Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1086.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## NINTH CLAIM FOR RELIEF
### Civil Conspiracy
(Against All Defendants)

1087.   Cephalon reasserts its responses to Paragraphs 1 through 1086 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1088.   Paragraph 1088 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1088. To the extent that allegations in Paragraph 1088 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1089.   Paragraph 1089 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1089. To the extent that allegations in Paragraph 1089 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1090.   Paragraph 1090 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1090. To the extent

that allegations in Paragraph 1090 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1091.   Paragraph 1091 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1091. To the extent that allegations in Paragraph 1091 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1092.   Paragraph 1092 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1092. To the extent that allegations in Paragraph 1092 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1093.   Paragraph 1093 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1093. To the extent that allegations in Paragraph 1093 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1094.   Paragraph 1094 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1094. To the extent that allegations in Paragraph 1094 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1095.   Paragraph 1095 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1095. To the extent that allegations in Paragraph 1095 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1096.   Paragraph 1096 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1096. To the extent that allegations in Paragraph 1096 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1097.   Paragraph 1097 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1097. To the extent that allegations in Paragraph 1097 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1098.   Paragraph 1098 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1098. To the extent that allegations in Paragraph 1098 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1099.   Paragraph 1099 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1099. To the extent that allegations in Paragraph 1099 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1100.   Paragraph 1100 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1100. To the extent that allegations in Paragraph 1100 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1101.   Paragraph 1101 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1101. To the extent that allegations in Paragraph 1101 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1102.   Paragraph 1102 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1102. To the extent that allegations in Paragraph 1102 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1103.   Paragraph 1103 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1103. To the extent that allegations in Paragraph 1103 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1104. Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations regarding Plaintiffs' expenditures and therefore denies the same.

1105. The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

1106. The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

TENTH CLAIM FOR RELIEF
Violations Of Montana Unfair Trade Practices and Consumer Protection Act,
MCA § 30-14-101, *et seq.* (Against All Defendants)

1107. Cephalon reasserts its responses to Paragraphs 1 through 1106 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1108. Paragraph 1108 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1108. To the extent that allegations in Paragraph 1108 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. To the extent that the allegations in Paragraph 1108 purport to be based on a statute, that statute speaks for itself, and all characterizations thereof are denied.

1109. Paragraph 1109 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1109. To the extent that allegations in Paragraph 1109 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1110.   Paragraph 1110 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1110. To the extent that allegations in Paragraph 1110 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1111.   Paragraph 1111 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1111. To the extent that allegations in Paragraph 1111 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1112.   Paragraph 1112 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1112. To the extent that allegations in Paragraph 1112 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1113.   Paragraph 1113 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1113. To the extent that allegations in Paragraph 1113 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1114.   Paragraph 1114 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1114. To the extent that allegations in Paragraph 1114 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1115.   Paragraph 1115 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1115. To the extent that allegations in Paragraph 1115 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1116.   Paragraph 1116 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1116. To the extent that allegations in Paragraph 1116 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1117.   Paragraph 1117 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1117. To the extent that allegations in Paragraph 1117 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1118.   Paragraph 1118 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1118. To the extent that allegations in Paragraph 1118 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1119.   The Complaint speaks for itself and any attempt to characterize Plaintiffs' allegations or what they "seek" are denied. Cephalon denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## PUNITIVE DAMAGES

1120.   Cephalon reasserts its responses to Paragraphs 1 through 1119 and incorporates by reference its responses to all other Paragraphs of the Complaint with the same legal force and effect as if fully set forth herein.

1121.   Paragraph 1121 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1121. To the extent that allegations in Paragraph 1121 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1122.   Paragraph 1122 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1122. To the extent that allegations in Paragraph 1122 relate to Defendants other than Cephalon, Cephalon is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

1123.   Paragraph 1123 states conclusions of law to which no response is required. To the extent a response is required, Cephalon denies the allegations in Paragraph 1123. To the extent that allegations in Paragraph 1123 relate to Defendants other than Cephalon, Cephalon is without

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

## PRAYER FOR RELIEF

1124.  Cephalon admits that Plaintiffs seek the relief listed in the Prayer for Relief paragraph and all of its subparts, but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Cephalon hereby asserts affirmative and other defenses to the allegations and claims in Plaintiff's Complaint.  By asserting the matters set forth below, Cephalon does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. Cephalon asserts as follows:

**FIRST.** The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead a legally cognizable injury.

**SECOND.** The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**THIRD.** The claims asserted in the Complaint are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act. Among other things, the Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, and the Supremacy Clause of the United States Constitution.

**FOURTH.** Any claims pertaining to generic medicines are preempted, as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing,* 564 U.S. 604 (2011) and *Mutual Pharmaceuticals Co. v. Bartlett*, 570 U.S. 472 (2013).

**FIFTH.** The claims asserted in the Complaint against Cephalon are barred, in whole or in part, by the FDA-approved TIRF REMS Program, including, but not limited to, the requirements imposed on prescribers of TIRF medicines and patients.

**SIXTH.** Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries who used their informed, independent medical judgment in making prescribing decisions for a given patient.

**SEVENTH.** Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

**EIGHTH.** Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**NINTH.** If Plaintiff has sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences, or conditions which were not reasonably foreseeable and in no way caused by Cephalon and for which Cephalon is not liable.

**TENTH.** The alleged injury asserted by Plaintiff is too remote from the alleged conduct of Cephalon to be a basis for liability as a matter of law and due process.

**ELEVENTH.** Plaintiff may not recover from Cephalon because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription

219

medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

**TWELFTH.** Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

**THIRTEENTH.** Plaintiff's claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel, and/or ratification.

**FOURTEENTH.** To the extent that Plaintiff's claims relate to Cephalon's advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Montana or that of any other state whose laws may apply, such claims are barred.

**FIFTEENTH.** Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any damages allegedly sustained.

**SIXTEENTH.** Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

**SEVENTEENTH.** Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already or will in the future indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, taxes, or employee benefit program.

**EIGHTEENTH.** Plaintiff's injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Cephalon had no control or authority. Indeed, Plaintiff's claims are barred, in whole or in part, because the injury Plaintiff

220

alleges was the result of one or more superseding and/or intervening criminal acts by third parties. Thus, any recovery should be reduced or barred by such parties' proportionate fault.

**NINETEENTH.** Plaintiff's claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

**TWENTIETH.** Plaintiff's claims are barred, in whole or in part, by any alteration, modification, or misuse of the prescribed medications by Plaintiff, prescribing providers, patients, or any other third parties, for which Cephalon cannot be held responsible.

**TWENTY-FIRST.** Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to Plaintiff; (4) unconstitutionally may permit recover of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount

of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Cephalon; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Cephalon the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Res., Inc.,* 509 U.S. 443 (1993); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *State Farm Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-SECOND.** Plaintiff's injuries and damages, if any, were due to illicit use, misuse or abuse of the prescription medications at issue by the users, for which Cephalon is not liable.

**TWENTY-THIRD.** Plaintiff's claims or damages are invalid and/or are barred, in whole or in part, because the users of the medications at issue used them after acknowledging and/or learning of their alleged risks.

**TWENTY-FOURTH.** To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

**TWENTY-FIFTH.** Cephalon's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Cephalon is entitled to complete indemnity, express or implied, by other parties.

**TWENTY-SIXTH.** Plaintiff's injuries and damages, if any, were due to preexisting conditions, idiosyncratic reactions, or other responses to the medications on the part of the medication users, for which Cephalon cannot be held responsible.  The opioid medications at issue were manufactured, distributed, and labeled, in accordance with the provisions of federal law, including the U.S. Food Drug and Cosmetics Act, and the regulations promulgated pursuant thereto.  Moreover, the activities alleged conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged.

**TWENTY-SEVENTH.** Should Cephalon be held liable to Plaintiff, which liability is specifically denied, Cephalon would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiff's Complaint.

**TWENTY-EIGHTH.** Plaintiffs lack standing to bring their claims and the relief they seek.

**TWENTY-NINTH.** Cephalon is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

**THIRTIETH.** Plaintiff's claims violate the Supremacy Clause of the United States Constitution.

**THIRTY-FIRST.** Each Plaintiff's claims may be barred, in whole or in part, because neither users nor prescribers relied to their detriment upon any statement made by Cephalon in determining to use the medications at issue, particularly given the TIRF REMS Access Program, required by the FDA, that mandates prescriber enrollment in order to prescribe TIRF medicines.

**THIRTY-SECOND.** Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

**THIRTY-THIRD.** To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Cephalon's disclosure of information related to the safety of its medications at issue, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

**THIRTY-FOURTH.** Plaintiff's claims are barred because the conduct of Cephalon conformed with the FDCA, the requirements of the FDA, the Controlled Substances Act, and the requirements of the DEA. Moreover, the activities of Cephalon alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Complaint.

**THIRTY-FIFTH.** Plaintiff fails to plead and cannot establish that they incurred any costs for any opioid-prescription promoted or sold by Cephalon and that was medically inappropriate or should not have been written, or that Cephalon's allegedly improper conduct caused any health care provider to write any unnecessary, ineffective or harmful opioid prescriptions.

**THIRTY-SIXTH.** Any statements in branded or unbranded materials that Plaintiff seeks to attribute to Cephalon comporting with FDA-approved uses are not misleading as a matter of law or otherwise actionable.

**THIRTY-SEVENTH.** Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Cephalon.

**THIRTY-EIGHTH.** Plaintiff fails to plead and cannot establish any duty owed to Plaintiff by Cephalon.

**THIRTY-NINTH.** Plaintiff's claims are barred because they violate procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Article II, §§ 2, 3, 10, 16, and 17 of the Constitution of Montana, and the right to be free from retroactive or ex post facto laws as guaranteed by Article I, §10 of the United States Constitution and Article II, § 10 of the Constitution of Montana.  Cephalon's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are further violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

**FORTIETH.** Plaintiff has failed to join one or more necessary and indispensable parties.

**FORTY-FIRST.** Plaintiff's claims against Cephalon are barred or limited by the economic loss rule.

**FORTY-SECOND.** The Montana public nuisance statute is unconstitutionally vague.

**FORTY-THIRD.** Plaintiff's claims against Cephalon are barred under the municipal cost recovery rule.

**FORTY-FOURTH.** To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has had an adequate remedy at law.

**FORTY-FIFTH.** Plaintiff's claim for unjust enrichment is barred or limited because Cephalon did not receive and retain any alleged benefit from Plaintiff.

**FORTY-SIXTH.** Plaintiff's claims are barred or limited by the separation of powers doctrine.

**FORTY-SEVENTH.** Plaintiff failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest.

**FORTY-EIGHTH.** Plaintiff seeks duplicate or double recovery on the same injury or damage, contrary to Montana law.

**FORTY-NINTH.** Any recovery against Cephalon is barred or limited under the principles of assumption of the risk and informed consent.

**FIFTIETH.** Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

**FIFTY-FIRST.** Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to Cephalon.

**FIFTY-SECOND.** As a matter of law, Plaintiff is not entitled to a declaratory judgment, injunction, or attorney's fees for these alleged claims.

**FIFTY-THIRD.** Plaintiff's claim of public nuisance is barred or limited because, among other reasons, no action of Cephalon involved interference with real property, illegal conduct perpetrated by third-parties involving the use of an otherwise legal product does not involve a public right against the manufacturer sufficient to state a claim for public nuisance, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged wrongful conduct of Cephalon is too remote from the alleged injury as a matter of law and due process.

**FIFTY-FOURTH.** To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue and its labeling were subject to and received pre-market approval by the FDA under 51 Stat. 1040, 21 U.S.C. § 301.

**FIFTY-FIFTH.** To the extent Plaintiff seeks to impose liability on Cephalon for broad, general statements regarding the value or quality of Cephalon's products that were made to and reasonably understood by providers as opinion, such statements cannot constitute false representations as a matter of law.

**FIFTY-SIXTH.** To the extent any agents, employees, or contractors of Cephalon caused any of the damages alleged by Plaintiff, such agents, employees, or contractors were acting outside the scope of the agency employment, or contract with Cephalon, and any recover against Cephalon must be reduced by the proportionate fault of such agents, employees, or contractors.

**FIFTY-SEVENTH.** To the extent Plaintiff's claims are based the alleged conduct of other Defendants, and Plaintiff seeks to impose liability on Cephalon only by virtue of Cephalon's ownership of another Defendant's shares, membership within another Defendant's unincorporated entity, or similar affiliation, Plaintiff has failed to plead allegations sufficient to support a claim to pierce the corporate veil, or to otherwise hold Cephalon liable merely by virtue of its corporate affiliation with other Defendants.

**FIFTY-EIGHTH.** Plaintiff's claims are barred and should be dismissed because Plaintiff has failed to identify any allegedly inappropriate, unnecessary, or otherwise improper opioid prescriptions that they contend are at issue and on which they base their claims.

**FIFTY-NINTH.** The representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

**SIXTIETH.** Plaintiff's claims are barred by the sophisticated user doctrine. Because of their training and experience, doctors who prescribe opioids know or reasonably should know of

the potential risks, and defendants had no duty to warn and cannot be held liable for failing to warn of risks and complications of which members of the relevant medical community knew or should have known.

**SIXTY-FIRST.** The doctrines of estoppel and/or waiver bar Plaintiff's claims. The imposition of injunctive relief and/or civil penalties would be inequitable, particularly in light of defendants' lawful and proper sale or products that are heavily regulated and include an FDA-approved and required warning.

**SIXTY-SECOND.** Plaintiff fails to identify any concerted action by Cephalon to participate in any conspiracy.

**SIXTY-THIRD.** Any defendant's liability must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law. Each defendant may only be severally liable for any injuries or expenses. Plaintiff's alleged damages are not indivisible but comprise separate and discrete costs.

**SIXTY-FOURTH.** Plaintiff's claims for punitive damages, statutory damages, civil penalties, and other relief are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article II, §§ 2, 3, 10, 16, 17, 22, 25 and 26 of the Constitution of Montana.

**SIXTY-FIFTH.** Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution, which no personal jurisdiction exists.

**SIXTY-SIXTH.** Cephalon's parent corporation, Teva Pharmaceutical Industries Ltd. is an Israeli corporation that does not conduct business in the United States and over which no personal jurisdiction exists.

228

**SIXTY-SEVENTH.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of derivative injury.

**SIXTY-EIGHTH.**  Plaintiff's claims against Cephalon and other Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as required for joinder of parties.  Plaintiff fails to connect any of the alleged marketing activities of Cephalon to those of other Defendants, nor could it.  Accordingly, the Court should sever or dismiss Plaintiff's claims against Cephalon.

**SIXTY-NINTH.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

**SEVENTIETH.**  Plaintiff is not entitled to attorneys' fees, costs, or pre-judgement interest.

**SEVENTY-FIRST.**  Plaintiff's claims are barred, in whole or in part, by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata, collateral estoppel, issue or claim preclusion, failure to fulfill conditions precedent, failure to provide requisite notice, accord and satisfaction, and compromise and settlement.

**SEVENTY-SECOND.**  Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/ or issue or claim preclusion.

## DEFENSES RESERVED

Cephalon hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defenses.

## DEMAND FOR JURY TRIAL

Cephalon hereby demands a jury trial by jury of all issues so triable.  Cephalon also hereby

reserves the right to remand each case to its original jurisdiction for trial.

WHEREFORE, Cephalon demands judgment dismissing Plaintiff's Complaint in its entirety, together with costs and disbursements.  Cephalon further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

WHEREFORE, Cephalon demands judgment dismissing Plaintiffs' Complaint in its entirety, together with costs and disbursements. Cephalon further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

Dated: July 26, 2019                                    Respectfully submitted,

                                                 *s/ Steven A. Reed*
                                                 Steven A. Reed
                                                 Eric W. Sitarchuk
                                                 Rebecca J. Hillyer
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 1701 Market Street
                                                 Philadelphia, PA  19103-2921
                                                 Telephone:  +1.215.963.5000
                                                 Facsimile:   +1.215.963.5001
                                                 steven.reed@morganlewis.com
                                                 eric.sitarchuk@morganlewis.com
                                                 rebecca.hillyer@morganlewis.com

                                                 Wendy West Feinstein
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 One Oxford Centre, Thirty-Second Floor
                                                 Pittsburgh, PA 15219-6401
                                                 Telephone:  +1.412.560.7455
                                                 Facsimile:   +1.412.560.7001
                                                 wendy.feinstein@morganlewis.com

                                                 Brian M. Ercole
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 200 S. Biscayne Blvd., Suite 5300
                                                 Miami, FL 33131-2339
                                                 Telephone:  +1.305.415.3000
                                                 Facsimile:   +1.305.415.3001
                                                 brian.ercole@morganlewis.com

                                                 *Attorneys for Cephalon, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of July, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


Dated:  July 26, 2019                    */s/ __Steven A. Reed*_____
                                                          Steven A. Reed