**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION** | ) | **MDL No. 2804** |
| **OPIATE LITIGATION** | ) | |
| | ) | **Case No. 1:17-md-2804** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | **Hon. Dan Aaron Polster** |
| | ) | |
| *The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.,* | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Case No. 1:18-op-45459-DAP** | ) | |

**DEFENDANT AMNEAL PHARMACEUTICALS LLC'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendant Amneal Pharmaceuticals LLC ("Amneal"), by and through undersigned counsel, hereby submits its Answer responding, by corresponding paragraph numbers, to each of the numbered paragraphs in Plaintiff's First Amended Complaint. For convenience only, Amneal uses the same headings and sub-headings used by plaintiff in the First Amended Complaint; however, by restating those headings, Amneal does not admit and, to the extent necessary, expressly denies any allegations intended or deemed to be made in those headings.

**PRELIMINARY STATEMENT**

A.    Amneal submits this Answer only on behalf of itself. Where allegations are made against "Defendants" as a group, however described, Amneal's responses apply only to itself.

B.    The First Amended Complaint contains purported references to several documents and third-party publications and statements that have often been excerpted, paraphrased,

characterized, and otherwise taken out of context.  These third-party publications and statements should be considered, if at all, in context and in unmodified form, Amneal hereby respectfully refers the Court to the respective third-party publications and statements for their complete contents.

C.      Except as otherwise expressly stated herein, Amneal expressly denies each and every allegation  in the First Amended Complaint, including without limitation any allegations  in its table of contents, preamble, unnumbered paragraphs, subparagraphs, headings, subheadings, table of contents, footnotes, and exhibits to the First Amended Complaint, and specifically denies any liability to Plaintiff.  To the extent the table of contents, titles, headings, subheadings, paragraphs, and footnotes of the First Amended Complaint are intended to be allegations directed to Amneal, they are, unless otherwise admitted, denied.

D.      Amneal reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## **INTRODUCTION**

1.      Amneal denies that paragraph 1 of the First Amended Complaint fairly or accurately characterizes the prescribing information for prescription opioid medications. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 1 of the First Amended Complaint, and therefore denies the same.

2.      The allegations in paragraph 2 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 2 of the First Amended Complaint, and therefore denies the same.

3.     To the extent the allegations in paragraph 3 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 3 of the First Amended Complaint.

4.     To the extent the allegations in paragraph 4 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 4 of the First Amended Complaint.

5.     The allegations in paragraph 5 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, to the extent the allegations in paragraph 5 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 5 of the First Amended Complaint.

6.     The allegations in paragraph 6 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.     The allegations in paragraph 7 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.      Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.      To the extent the allegations in paragraph 9 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 9 of the First Amended Complaint.

10.     To the extent the allegations in paragraph 10 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 10 of the First Amended Complaint.

11.     To the extent the allegations in paragraph 11 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 11 of the First Amended Complaint.

12.     To the extent the allegations in paragraph 12 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 12 of the First Amended Complaint.

13.     The allegations in paragraph 13 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. To the extent the allegations in paragraph 13 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 13 of the First Amended Complaint.

14.     The allegations in paragraph 14 of the First Amended Complaint state argument and conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 14 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 14 of the First Amended Complaint.

15.     To the extent the allegations in paragraph 15 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 15 of the First Amended Complaint.

16.     The allegations in paragraph 16 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.     The allegations in paragraph 17 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.     The allegations in paragraph 18 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.

Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 18 of the First Amended Complaint, and therefore denies the same.

19. The allegations in paragraph 19 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 19 of the First Amended Complaint, and therefore denies the same.

20. To the extent the allegations in paragraph 20 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 20 of the First Amended Complaint.

21. Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 21 of the First Amended Complaint, and therefore denies the same.

22. To the extent the allegations in paragraph 22 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 22 of the First Amended Complaint.

23. Amneal admits that plaintiff has attempted to assert the claims listed in paragraph 23 of the First Amended Complaint, but denies that, as alleged, the First Amended Complaint states any viable claims against Amneal. Amneal further denies that it is liable to plaintiff for any claim, or that plaintiff is entitled to any damages whatsoever from Amneal. Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the First Amended Complaint and therefore denies the same.

24.    Amneal admits that plaintiff has attempted to seek the damages and other relief listed in paragraph 24 of the First Amended Complaint, but denies that, as alleged, the First Amended Complaint states any viable claims against Amneal.  Amneal further denies that it is liable to plaintiff for any claim, or that plaintiff is entitled to any damages whatsoever from Amneal.  Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the First Amended Complaint and therefore denies the same.

## PARTIES

### I.    PLAINTIFF

25.    Amneal admits that Plaintiff is a federally recognized Indian tribe, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the First Amended Complaint and therefore denies the same.

26.    The allegations in paragraph 26 of the First Amended Complaint appear to be based on statutory provisions that speak for themselves, and all characterizations thereof are denied. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.    Amneal admits that plaintiff has attempted to assert claims in this lawsuit, but denies that, as alleged, the First Amended Complaint states any viable claims against Amneal. Amneal further denies that it is liable to plaintiff for any claim, or that plaintiff is entitled to any damages whatsoever from Amneal.  Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the First Amended Complaint and therefore denies the same.

## II.     DEFENDANTS

### A.     Marketing Manufacturer Defendants

28.     The allegations in paragraph 28 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint and therefore denies the same.

29.     The allegations in paragraph 29 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Complaint and therefore denies the same.

30.     The allegations in paragraph 30 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint and therefore denies the same.

31.     The allegations in paragraph 31 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint and therefore denies the same.

32.     The allegations in paragraph 32 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint and therefore denies the same.

33.     The allegations in paragraph 33 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Complaint and therefore denies the same.

34.     The allegations in paragraph 34 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint and therefore denies the same.

35.     The allegations in paragraph 35 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint and therefore denies the same.

36.     The allegations in paragraph 36 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 36 of the First Amended Complaint and therefore denies the same.

37.  The allegations in paragraph 37 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Complaint and therefore denies the same.

38.  Amneal Pharmaceuticals, Inc. ("API") is no longer a party to this lawsuit by operation of the Court's Order dated April 12, 2019 [Doc. No. 110].  API is a separate and distinct entity from Amneal.  Amneal objects to its inclusion in this lawsuit by way of substitution and preserves the objections stated in Doc. No. 88.  To the extent the allegations in paragraph 38 of the First Amended Complaint are now intended to address Amneal's states of organization and principal place of business, Amneal states that it is a limited liability company organized under the laws of the State of Delaware, with its principle place of business in New Jersey and that it is authorized to conduct business in the United States, including in the State of Oklahoma.  Answering further, Amneal states that it has been in the business of manufacturing certain generic opioid-containing products, but has never manufactured, marketed or sold "branded" opioid-containing products.  Amneal denies the remaining allegations in paragraph 38 of the First Amended Complaint.

39.  The allegations in paragraph 39 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 39 of the First Amended Complaint and therefore denies the same.

40.     To the extent the allegations in paragraph 40 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 40 of the First Amended Complaint, and denies that it is appropriate to include Amneal within the term "Marketing Manufacturer Defendant" as that term has been defined in the First Amended Complaint.

### B.     Diversion Manufacturer Defendants

41.     Amneal Pharmaceuticals, Inc. ("API") is no longer a party to this lawsuit by operation of the Court's Order dated April 12, 2019 [Doc. No. 110].  API is a separate and distinct entity from Amneal.  Amneal objects to its inclusion in this lawsuit by way of substitution and preserves the objections stated in Doc. No. 88.  To the extent the allegations in paragraph 41 of the First Amended Complaint are now intended to address Amneal's states of organization and principal place of business, Amneal states that it is a limited liability company organized under the laws of the State of Delaware, with its principle place of business in New Jersey and that it is authorized to conduct business in the United States, including in the State of Oklahoma. Answering further, Amneal states that it has been in the business of manufacturing certain generic opioid-containing products, but has never manufactured, marketed or sold "branded" opioid-containing products.  Amneal denies the remaining allegations in paragraph 41 of the First Amended Complaint.

42.     The allegations in paragraph 42 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent

11

a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Complaint and therefore denies the same.

43.    To the extent the allegations in paragraph 43 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 43 of the First Amended Complaint, and denies that it is appropriate to include Amneal within the term "Diversion Manufacturer Defendant" as that term has been defined in the First Amended Complaint.

### C.    Distributor Defendants

44.    The allegations in paragraph 44 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the First Amended Complaint and therefore denies the same.

45.    The allegations in paragraph 45 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint and therefore denies the same.

46.    The allegations in paragraph 46 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 46 of the First Amended Complaint and therefore denies the same.

47.     The allegations in paragraph 47 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the First Amended Complaint and therefore denies the same.

48.     The allegations in paragraph 48 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint and therefore denies the same.

49.     The allegations in paragraph 49 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint and therefore denies the same.

50.     The allegations in paragraph 50 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint and therefore denies the same.

13

51.     The allegations in paragraph 51 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint and therefore denies the same.

52.     The allegations in paragraph 52 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Complaint and therefore denies the same.

53.     The allegations in paragraph 53 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Complaint and therefore denies the same.

54.     The allegations in paragraph 54 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint and therefore denies the same.

55.     The allegations in paragraph 55 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 55 of the First Amended Complaint and therefore denies the same.

56.     The allegations in paragraph 56 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the First Amended Complaint and therefore denies the same.

57.     The allegations in paragraph 57 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Complaint and therefore denies the same.

58.     The allegations in paragraph 58 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the First Amended Complaint and therefore denies the same.

59.     The allegations in paragraph 59 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the First Amended Complaint and therefore denies the same.

60.    The allegations in paragraph 60 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint and therefore denies the same.

61.    The allegations in paragraph 61 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Complaint and therefore denies the same.

62.    The allegations in paragraph 62 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the First Amended Complaint and therefore denies the same.

**D.    Pharmacy Defendants**

63.    The allegations in paragraph 63 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the First Amended Complaint and therefore denies the same.

64.    The allegations in paragraph 64 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent

a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Complaint and therefore denies the same.

65.     The allegations in paragraph 65 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the First Amended Complaint and therefore denies the same.

66.     The allegations in paragraph 66 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the First Amended Complaint and therefore denies the same.

67.     The allegations in paragraph 67 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the First Amended Complaint and therefore denies the same.

68.     The allegations in paragraph 68 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the First Amended Complaint and therefore denies the same.

69.     The allegations in paragraph 69 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the First Amended Complaint and therefore denies the same.

70.     The allegations in paragraph 70 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the First Amended Complaint and therefore denies the same.

71.     The allegations in paragraph 71 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the First Amended Complaint and therefore denies the same.

72.     The allegations in paragraph 72 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the First Amended Complaint and therefore denies the same.

73.     The allegations in paragraph 73 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 73 of the First Amended Complaint and therefore denies the same.

74.    The allegations in paragraph 74 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Complaint and therefore denies the same.

75.    The allegations in paragraph 75 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Complaint and therefore denies the same.

76.    The allegations in paragraph 76 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Complaint and therefore denies the same.

77.    The allegations in paragraph 77 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the First Amended Complaint and therefore denies the same.

78.     The allegations in paragraph 78 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the First Amended Complaint and therefore denies the same.

79.     The allegations in paragraph 79 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the First Amended Complaint and therefore denies the same.

80.     The allegations in paragraph 80 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the First Amended Complaint and therefore denies the same.

81.     The allegations in paragraph 81 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the First Amended Complaint and therefore denies the same.

82.     The allegations in paragraph 82 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 82 of the First Amended Complaint and therefore denies the same.

83.     The allegations in paragraph 83 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the First Amended Complaint and therefore denies the same.

84.     The allegations in paragraph 84 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the First Amended Complaint and therefore denies the same.

85.     The allegations in paragraph 85 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the First Amended Complaint and therefore denies the same.

86.     The allegations in paragraph 86 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the First Amended Complaint and therefore denies the same.

87.     The allegations in paragraph 87 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the First Amended Complaint and therefore denies the same.

88.     The allegations in paragraph 88 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the First Amended Complaint and therefore denies the same.

89.     The allegations in paragraph 89 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the First Amended Complaint and therefore denies the same.

90.     The allegations in paragraph 90 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the First Amended Complaint and therefore denies the same.

91.     The allegations in paragraph 91 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 91 of the First Amended Complaint and therefore denies the same.

92.     The allegations in paragraph 92 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the First Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

93.     Paragraph 93 of the First Amended Complaint states conclusions of law to which no response is required.  To the extent a response is required, Amneal admits that this Court has subject matter jurisdiction over this lawsuit.  Amneal denies all remaining allegations in paragraph 93 of the First Amended Complaint.

94.     The allegations in paragraph 94 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 94 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 94 of the First Amended Complaint, and denies that it is properly joined as a defendant in this lawsuit.

95.     The allegations in paragraph 95 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 95 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph

95 of the First Amended Complaint, and denies that it is properly joined as a defendant in this lawsuit.

## FACTUAL BACKGROUND

### I. PRESCRIPTION OPIOIDS ARE HIGHLY DANGEROUS

96. The allegations in paragraph 96 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, Amneal admits that opioids bind to receptors in the brain, include natural, synthetic, and semi-synthetic opioids, and can produce multiple effects on the human body. Amneal further admits that prescription opioids can be written for and used by patients to treat pain when lawfully prescribed. Amneal denies the remaining allegations in paragraph 96 of the First Amended Complaint.

97. Amneal admits that opioids are regulated by Federal law, including the Federal Controlled Substances Act and the Federal Food, Drug and Cosmetic Act. Amneal further admits that opioids are also regulated by certain state laws, including certain statutes and regulations. Amneal denies the remaining allegations in paragraph 97 of the First Amended Complaint.

98. To the extent the allegations in paragraph 98 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 98 of the First Amended Complaint.

### II. MARKETING MANUFACTURING DEFENDANTS HAVE LEGAL DUTIES TO DISCLOSE ACCURATELY THE RISKS OF OPIOIDS

99. Paragraph 99 of the First Amended Complaint states conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 99 of the First Amended Complaint relate to Defendants other than Amneal, Amneal

24

lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 99 of the First Amended Complaint.

100. The allegations in paragraph 100 of the First Amended Complaint purport to be based on a statute or regulation that speaks for itself, and all characterizations thereof are denied. The portions of the statute that appear to be quoted are incomplete and, therefore, Amneal denies the allegations in paragraph 100 of the First Amended Complaint for that additional reason.

101. Paragraph 101 of the First Amended Complaint states conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 101 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 101 of the First Amended Complaint.

## III. MARKETING MANUFACTURER DEFENDANTS VIOLATED THEIR DUTIES

### A. Marketing Manufacturer Defendants Made Misleading Statements About the Risks of Prescribing Opioids to Treat Chronic Pain and Failed to State Accurately the Magnitude of Those Risks

102. To the extent the allegations in paragraph 102 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 102 of the First Amended Complaint.

103. To the extent the allegations in paragraph 103 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 103 of the First Amended Complaint.

### 1.  Marketing Manufacturer Defendants Misrepresented Risks of Addiction to Prescription Opioids

104.    The allegations in paragraph 104 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 104 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 104 of the First Amended Complaint.

105.    The allegations in paragraph 105 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 105 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 105 of the First Amended Complaint.

106.    The allegations in paragraph 106 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 106 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 106 of the First Amended Complaint.

107.    The allegations in paragraph 107 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 107 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information

26

sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 107 of the First Amended Complaint.

108.    The allegations in paragraph 108 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 108 are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies the same.

109.    The allegations in paragraph 109 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 109 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 109 of the First Amended Complaint.

110.    The allegations in paragraph 110 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 110 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 110 of the First Amended Complaint.

111.    The allegations in paragraph 111 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 111 of the First Amended

Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 111 of the First Amended Complaint.

112.    The allegations in paragraph 112 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  To the extent the allegations in paragraph 112 of the First Amended Complaint are directed to any purported conduct by Amneal, Amneal denies those allegations.  Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of the First Amended Complaint and therefore denies the same.

113.    The allegations in paragraph 113 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 113 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 113 of the First Amended Complaint.

114.    The allegations in paragraph 114 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 114 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 114 of the First Amended Complaint.

115.    The allegations in paragraph 115 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied.  To the extent the allegations in paragraph 115 of the First Amended Complaint are directed to any purported conduct by Amneal, Amneal denies those allegations.  Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 of the First Amended Complaint and therefore denies the same.

**2.  Marketing Manufacturer Defendants Misleadingly Claimed that Patients Who Were Showing Signs of Addiction Were Not Actually Addicted**

116.     To the extent the allegations in paragraph 116 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 116 of the First Amended Complaint.

117.     The allegations in paragraph 117 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the First Amended Complaint and therefore denies the same.

118.     The allegations in paragraph 118 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 118 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 118 of the First Amended Complaint.

119.     The allegations in paragraph 119 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  To the extent the allegations in paragraph 119 of the First Amended Complaint are directed

to any purported conduct by Amneal, Amneal denies those allegations.  Amneal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the First Amended Complaint and therefore denies the same.

> **3.      Marketing Manufacturer Defendants Falsely Claimed There Was No Risk in Increasing Opioid Dosages to Treat Chronic Pain**

120.      To the extent the allegations in paragraph 120 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 120 of the First Amended Complaint.

121.      The allegations in paragraph 121 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further, the allegations in paragraph 121 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the First Amended Complaint and therefore denies the same.

122.      The allegations in paragraph 122 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the First Amended Complaint and therefore denies the same.

123.      The allegations in paragraph 123 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 123 of the First Amended Complaint and therefore denies the same.

124.    The allegations in paragraph 124 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 124 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 124 of the First Amended Complaint.

125.    To the extent the allegations in paragraph 125 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 125 of the First Amended Complaint.

**B.    Marketing Manufacturer Defendants' Misleading Statements Were Designed for Maximum Effect and Targeted to Specific Audiences**

126.    To the extent the allegations in paragraph 126 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 126 of the First Amended Complaint.

127.    To the extent the allegations in paragraph 127 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 127 of the First Amended Complaint.

128.    The allegations in paragraph 128 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied.  Further answering, to the extent the allegations in paragraph 128 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 128 of the First Amended Complaint.

129.    The allegations in paragraph 129 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 129 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 129 of the First Amended Complaint.

130.    To the extent the allegations in paragraph 130 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 130 of the First Amended Complaint.

131.    The allegations in paragraph 131 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 131 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 131 of the First Amended Complaint.

132.    The allegations in paragraph 132 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent the allegations in paragraph 132 of the First Amended

Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 132 of the First Amended Complaint.

133.    The allegations in paragraph 133 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 133 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the First Amended Complaint and therefore denies the same.

134.    The allegations in paragraph 134 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 134 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 134 of the First Amended Complaint.

135.    To the extent the allegations in paragraph 135 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 135 of the First Amended Complaint.

136.    The allegations in paragraph 136 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 136 of the First Amended

Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 136 of the First Amended Complaint.

137.     The allegations in paragraph 137 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 137 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 137 of the First Amended Complaint.

**C.     Marketing Manufacturer Defendants Knew or Should Have Known That Their Statements Were Misleading**

138.     To the extent the allegations in paragraph 138 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 138 of the First Amended Complaint.

139.     The allegations in paragraph 139 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 139 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the First Amended Complaint and therefore denies the same.

140.     The allegations in paragraph 140 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied. Further answering, the allegations in paragraph 140 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the First Amended Complaint and therefore denies the same.

141.    The allegations in paragraph 141 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 141 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the First Amended Complaint and therefore denies the same.

142.    The allegations in paragraph 142 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 142 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the First Amended Complaint and therefore denies the same.

143.    The allegations in paragraph 143 of the First Amended Complaint, including subparagraphs a-c thereto, appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 143 of the First Amended Complaint, including subparagraphs a-c thereto, relate to

Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 143 of the First Amended Complaint, including subparagraphs a-c thereto.

144.    The allegations in paragraph 144 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 144 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 144 of the First Amended Complaint.

145.    The allegations in paragraph 145 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 145 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the First Amended Complaint and therefore denies the same.

146.    The allegations in paragraph 146 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 146 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the First Amended Complaint and therefore denies the same.

147. The allegations in paragraph 147 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 147 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the First Amended Complaint and therefore denies the same.

148. The allegations in paragraph 148 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 148 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 148 of the First Amended Complaint.

**D.      Marketing Manufacturer Defendants' Conduct Violated Their Duties**

149. To the extent the allegations in paragraph 149 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 149 of the First Amended Complaint.

150. To the extent the allegations in paragraph 150 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 150 of the First Amended Complaint.

151. To the extent the allegations in paragraph 151 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form

a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 151 of the First Amended Complaint.

> **E.     The Nation Was Harmed by Marketing Manufacturer Defendants' Name-Brand Prescription Opioids and Their Generic Equivalents as a Result of Defendants' Wrongful Marketing Conduct**

152.    To the extent the allegations in paragraph 152 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 152 of the First Amended Complaint.

153.    The allegations in paragraph 153 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Answering further, the allegations in paragraph 153 of the First Amended Complaint constitute legal conclusions to which no response is required.  To the extent a is response required, and to the extent the allegations in paragraph 153 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 153 of the First Amended Complaint.

154.    To the extent the allegations in paragraph 154 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 154 of the First Amended Complaint.

155.    To the extent the allegations in paragraph 155 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 155 of the First Amended Complaint.

156.    To the extent the allegations in paragraph 156 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 156 of the First Amended Complaint.

**F.      Generic Marketing Manufacturer Defendants Failed to Effectively Communicate with Physicians and Patients about Their Products**

157.    The allegations in paragraph 157 of the First Amended Complaint include legal conclusions to which no response is required.  To the extent a response is required, Amneal admits only that it manufactures certain generic prescription opioid-containing products.  Answering further, to the extent the allegations in paragraph 157 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 157 of the First Amended Complaint.

158.    The allegations in paragraph 158 of the First Amended Complaint include legal conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations in paragraph 158 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 158 of the First Amended Complaint.

159.    To the extent the allegations in paragraph 159 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 159 of the First Amended Complaint.

160.    The allegations in paragraph 160 of the First Amended Complaint include legal conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations in paragraph 160 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 160 of the First Amended Complaint.

161.    To the extent the allegations in paragraph 161 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 161 of the First Amended Complaint.

## IV.    DIVERSION DEFENDANTS HAVE LEGAL DUTIES TO PREVENT OPIOID DIVERSION

162.    The allegations in paragraph 162 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 162 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 162 of the First Amended Complaint.

163.    The allegations in paragraph 163 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 163 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws

and regulations, but denies the remaining allegations in paragraph 163 of the First Amended Complaint as stated.

164.     The allegations in paragraph 164 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent any remaining allegations in paragraph 164 of the First Amended Complaint require a response, Amneal denies those allegations as stated.

165.     The allegations in paragraph 165 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 165 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 165 of the First Amended Complaint.

**A.     Federal Law Sets a Standard of Care That Diversion Defendants Must Follow**

**1.     Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Federal Law**

166.     The allegations in paragraph 166 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 166 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 166 of the First Amended Complaint as stated.

167.     The allegations in paragraph 167 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 167 of the First Amended Complaint relate to Defendants other than

41

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 167 of the First Amended Complaint as stated.

168.     The allegations in paragraph 168 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 166 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 168 of the First Amended Complaint as stated.

169.     The allegations in paragraph 169 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 169 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 169 of the First Amended Complaint as stated.

**2.     Pharmacy Defendants' Standard of Care Under Federal Law**

170.     The allegations in paragraph 170 of the First Amended Complaint state conclusions of law to which no response is required. Answering further, the allegations in paragraph 170 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or

42

information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the First Amended Complaint and therefore denies the same.

171. The allegations in paragraph 171 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 171 of the First Amended Complaint appear to be based on statutes and/or regulations that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 171 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the First Amended Complaint and therefore denies the same.

172. The allegations in paragraph 172 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 172 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the First Amended Complaint and therefore denies the same.

173. The allegations in paragraph 173 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 173 of the First Amended Complaint appear to be based on statutes and/or regulations that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 173 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the First Amended Complaint and therefore denies the same.

174.    The allegations in paragraph 174 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 174 of the First Amended Complaint appear to be based on statutes and/or regulations that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 174 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the First Amended Complaint and therefore denies the same.

175.    The allegations in paragraph 175 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 175 of the First Amended Complaint appear to be based on statutes and/or regulations that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 175 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the First Amended Complaint and therefore denies the same.

176.    The allegations in paragraph 176 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the First Amended Complaint and therefore denies the same.

177.     The allegations in paragraph 177 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 177 of the First Amended Complaint appear to be based on statutes and/or regulations that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 177 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the First Amended Complaint and therefore denies the same.

**B.      Oklahoma Law Sets a Standard of Care That Diversion Defendants Must Follow**

**1.      Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Oklahoma Law**

178.     The allegations in paragraph 178 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 178 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 178 of the First Amended Complaint as stated.

179.     The allegations in paragraph 179 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 179 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws

and regulations, but denies the remaining allegations in paragraph 179 of the First Amended Complaint as stated.

180.    The allegations in paragraph 180 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 180 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 180 of the First Amended Complaint as stated.

181.    The allegations in paragraph 181 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 181 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 181 of the First Amended Complaint as stated.

182.    The allegations in paragraph 182 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 182 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 182 of the First Amended Complaint as stated.

183.     The allegations in paragraph 183 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 183 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 183 of the First Amended Complaint as stated.

184.     The allegations in paragraph 184 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 184 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 184 of the First Amended Complaint as stated.

185.     The allegations in paragraph 185 of the First Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations in paragraph 185 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal admits only that it is subject to certain laws and regulations, but denies the remaining allegations in paragraph 185 of the First Amended Complaint as stated.

### 2.     Pharmacy Defendants' Standard of Care Under Oklahoma Law

186.     The allegations in paragraph 186 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 186 of

47

the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the First Amended Complaint and therefore denies the same.

187.    The allegations in paragraph 187 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 187 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the First Amended Complaint and therefore denies the same.

188.    The allegations in paragraph 188 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 188 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the First Amended Complaint and therefore denies the same.

189.    The allegations in paragraph 189 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 189 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the First Amended Complaint and therefore denies the same.

190.    The allegations in paragraph 190 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 190 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the First Amended Complaint and therefore denies the same.

191.    The allegations in paragraph 191 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 191 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the First Amended Complaint and therefore denies the same.

192.    The allegations in paragraph 192 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the First Amended Complaint and therefore denies the same.

193.    The allegations in paragraph 193 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the First Amended Complaint and therefore denies the same.

194.    The allegations in paragraph 194 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the First Amended Complaint and therefore denies the same.

195.    The allegations in paragraph 195 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the First Amended Complaint and therefore denies the same.

196.    The allegations in paragraph 196 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 196 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the First Amended Complaint and therefore denies the same.

197.    The allegations in paragraph 197 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 of the First Amended Complaint and therefore denies the same.

198.    The allegations in paragraph 198 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent

50

a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the First Amended Complaint and therefore denies the same.

199.    The allegations in paragraph 199 of the First Amended Complaint state conclusions of law to which no response is required.  Answering further, the allegations in paragraph 199 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the First Amended Complaint and therefore denies the same.

## V.    DIVERSION DEFENDANTS HAVE FAILED TO FULFILL THEIR DUTIES

### A.    Diversion Manufacturer Defendants and Distributor Defendants Understood Their Duties and Violated Them Anyway

#### 1.    Diversion Manufacturer Defendants and Distributor Defendants Understood and Acknowledged Their Duties

200.    To the extent the allegations in paragraph 200 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further answering, to the extent the allegations in paragraph 200 of the First Amended Complaint relate to Amneal, Amneal denies that Plaintiff has fairly or accurately characterized the content of any alleged instructions for identifying and minimizing the risk of prescription opioid diversion.

201.    The allegations in paragraph 201 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent a response is required and to the extent the allegations in paragraph 201 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

therefore denies the same. Further answering, to the extent the allegations in paragraph 201 of the First Amended Complaint relate to Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

202.    To the extent the allegations in paragraph 202 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Further answering, to the extent the allegations in paragraph 202 of the First Amended Complaint relate to Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

203.    The allegations in paragraph 203 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, to the extent a response is required and to the extent the allegations in paragraph 203 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  To the extent the allegations in paragraph 203 of the First Amended Complaint relate to Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

204.    As to the allegations in paragraph 204 of the First Amended Complaint, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

205.    The allegations in paragraph 205 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 205 of the First Amended Complaint and therefore denies the same.

206.    The allegations in paragraph 206 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 206 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 of the First Amended Complaint and therefore denies the same.

207.    The allegations in paragraph 207 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 207 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the First Amended Complaint and therefore denies the same.

208.    The allegations in paragraph 208 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 of the First Amended Complaint and therefore denies the same.

209.    The allegations in paragraph 209 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied.  Further answering, the allegations in paragraph 209 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the First Amended Complaint and therefore denies the same.

210.    The allegations in paragraph 210 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 210 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the First Amended Complaint and therefore denies the same.

211.    The allegations in paragraph 211 of the First Amended Complaint contain legal conclusions and are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the First Amended Complaint and therefore denies the same.

## 2.    Prior Regulatory Actions Against Distributor Defendants for Failing to Prevent Diversion

212.    The allegations in paragraph 212 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 of the First Amended Complaint and therefore denies the same.

### a.    Cardinal

213.    The allegations in paragraph 213 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 of the First Amended Complaint and therefore denies the same.

214.    The allegations in paragraph 214 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 214 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 of the First Amended Complaint and therefore denies the same.

215.    The allegations in paragraph 215 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 215 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 of the First Amended Complaint and therefore denies the same.

216.    The allegations in paragraph 216 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 216 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To

the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 of the First Amended Complaint and therefore denies the same.

217. The allegations in paragraph 217 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 217 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the First Amended Complaint and therefore denies the same.

### b. McKesson

218. The allegations in paragraph 218 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the First Amended Complaint and therefore denies the same.

219. The allegations in paragraph 219 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 219 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 of the First Amended Complaint and therefore denies the same.

220.    The allegations in paragraph 220 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 220 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the First Amended Complaint and therefore denies the same.

c.      **AmerisourceBergen**

221.    The allegations in paragraph 221 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221 of the First Amended Complaint and therefore denies the same.

222.    The allegations in paragraph 222 of the First Amended Complaint of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 222 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 of the First Amended Complaint and therefore denies the same.

223.    The allegations in paragraph 223 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 223 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To

the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 of the First Amended Complaint and therefore denies the same.

### 3. Diversion Manufacturer Defendants Violated Their Duties in Oklahoma

224. Amneal denies the allegations in paragraph 224 of the First Amended Complaint.

225. To the extent the allegations in paragraph 225 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 225 of the First Amended Complaint.

226. To the extent the allegations in paragraph 226 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 226 of the First Amended Complaint.

227. To the extent the allegations in paragraph 227 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 227 of the First Amended Complaint.

228. To the extent the allegations in paragraph 228 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 228 of the First Amended Complaint.

229. To the extent the allegations in paragraph 229 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form

a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 229 of the First Amended Complaint.

> ### 4. Despite Prior Regulatory Actions, Distributor Defendants Violated Their Duties in Oklahoma

230.   The allegations in paragraph 230 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 of the First Amended Complaint and therefore denies the same.

231.   The allegations in paragraph 231 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 of the First Amended Complaint and therefore denies the same.

232.   The allegations in paragraph 232 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232 of the First Amended Complaint and therefore denies the same.

233.   The allegations in paragraph 233 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 of the First Amended Complaint and therefore denies the same.

234.    The allegations in paragraph 234 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the First Amended Complaint and therefore denies the same.

235.    The allegations in paragraph 235 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 of the First Amended Complaint and therefore denies the same.

236.    The allegations in paragraph 236 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 of the First Amended Complaint and therefore denies the same.

## B.    Pharmacy Defendants Understood Their Duties and Violated Them Anyway

### 1.    Pharmacy Defendants Understood and Acknowledged Their Duties

237.    The allegations in paragraph 237 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 of the First Amended Complaint and therefore denies the same.

238.    The allegations in paragraph 238 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied. Further answering, the allegations in paragraph 238 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 of the First Amended Complaint and therefore denies the same.

239.    The allegations in paragraph 239 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 239 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239 of the First Amended Complaint and therefore denies the same.

240.    The allegations in paragraph 240 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240 of the First Amended Complaint and therefore denies the same.

241.    The allegations in paragraph 241 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 241 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 241 of the First Amended Complaint and therefore denies the same.

242.     The allegations in paragraph 242 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 242 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 of the First Amended Complaint and therefore denies the same.

243.     The allegations in paragraph 243 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 243 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 of the First Amended Complaint and therefore denies the same.

244.     The allegations in paragraph 244 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244 of the First Amended Complaint and therefore denies the same.

### 2.      Prior Regulatory Actions Against Pharmacy Defendants for Failing to Prevent Diversion

245.      The allegations in paragraph 245 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 of the First Amended Complaint and therefore denies the same.

246.      The allegations in paragraph 246 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 of the First Amended Complaint and therefore denies the same.

### a.      CVS

247.      The allegations in paragraph 247 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 of the First Amended Complaint and therefore denies the same.

248.      The allegations in paragraph 248 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 248 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 248 of the First Amended Complaint and therefore denies the same.

249.    The allegations in paragraph 249 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 249 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 of the First Amended Complaint and therefore denies the same.

250.    The allegations in paragraph 250 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 250 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the First Amended Complaint and therefore denies the same.

251.    The allegations in paragraph 251 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 251 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 of the First Amended Complaint and therefore denies the same.

252.     The allegations in paragraph 252 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 252 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 of the First Amended Complaint and therefore denies the same.

### b.     Walgreens

253.     The allegations in paragraph 253 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 253 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253 of the First Amended Complaint and therefore denies the same.

254.     The allegations in paragraph 254 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 254 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 of the First Amended Complaint and therefore denies the same.

255.     The allegations in paragraph 255 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied.  Further answering, the allegations in paragraph 255 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255 of the First Amended Complaint and therefore denies the same.

<strong>c.      Walmart</strong>

256.    The allegations in paragraph 256 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  Further answering, the allegations in paragraph 256 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 of the First Amended Complaint and therefore denies the same.

<strong>3.      Despite Prior Regulatory Actions, Pharmacy Defendants Continue to Violate Their Duties</strong>

257.    The allegations in paragraph 257 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257 of the First Amended Complaint and therefore denies the same.

258.    The allegations in paragraph 258 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal.  To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 258 of the First Amended Complaint and therefore denies the same.

259.    The allegations in paragraph 259 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the First Amended Complaint and therefore denies the same.

260.    The allegations in paragraph 260 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 of the First Amended Complaint and therefore denies the same.

261.    The allegations in paragraph 261 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 of the First Amended Complaint and therefore denies the same.

262.    The allegations in paragraph 262 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 of the First Amended Complaint and therefore denies the same.

## VI.    DEFENDANTS' MISCONDUCT HAS INJURED AND CONTINUES TO INJURE THE NATION AND ITS CITIZENS

263.     To the extent the allegations in paragraph 263 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 263 of the First Amended Complaint.

### A.      Marketing Manufacturer Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens

264.     The allegations in paragraph 264 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 264 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 264 of the First Amended Complaint.

265.     The allegations in paragraph 265 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  To the extent a further response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the First Amended Complaint and therefore denies the same.

266.     The allegations in paragraph 266 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied.  To the extent a further response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the First Amended Complaint and therefore denies the same.

267.     The allegations in paragraph 267 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are

denied.  To the extent a further response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 of the First Amended Complaint and therefore denies the same.

268.    The allegations in paragraph 268 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 268 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 268 of the First Amended Complaint.

269.    The allegations in paragraph 269 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 269 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 269 of the First Amended Complaint.

270.    To the extent the allegations in paragraph 270 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 270 of the First Amended Complaint.

271.    To the extent the allegations in paragraph 271 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 271 of the First Amended Complaint.

272.     To the extent the allegations in paragraph 272 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 272 of the First Amended Complaint.

273.     To the extent the allegations in paragraph 273 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 273 of the First Amended Complaint.

**B.      Diversion Manufacturer Defendants' and Distributor Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens**

274.     The allegations in paragraph 274 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 274 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 274 of the First Amended Complaint.

275.     The allegations in paragraph 275 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 275 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 275 of the First Amended Complaint.

276.     To the extent the allegations in paragraph 276 of the First Amended Complaint of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge

or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 276 of the First Amended Complaint.

277.    To the extent the allegations in paragraph 277 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 277 of the First Amended Complaint.

278.    To the extent the allegations in paragraph 278 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 278 of the First Amended Complaint.

279.    To the extent the allegations in paragraph 279 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 279 of the First Amended Complaint.

280.    To the extent the allegations in paragraph 280 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 280 of the First Amended Complaint.

281.    To the extent the allegations in paragraph 281 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 281 of the First Amended Complaint.

282.    To the extent the allegations in paragraph 282 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 282 of the First Amended Complaint.

283.    The allegations in paragraph 283 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 283 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 283 of the First Amended Complaint.

284.    The allegations in paragraph 284 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 284 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 284 of the First Amended Complaint.

### C.    Pharmacy Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens

285.    The allegations in paragraph 285 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 285 are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 of the First Amended Complaint and therefore denies the same.

286.    The allegations in paragraph 286 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 286 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286 of the First Amended Complaint and therefore denies the same.

287.    The allegations in paragraph 287 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 of the First Amended Complaint and therefore denies the same.

288.    The allegations in paragraph 288 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288 of the First Amended Complaint and therefore denies the same.

289.    The allegations in paragraph 289 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 of the First Amended Complaint and therefore denies the same.

290.    The allegations in paragraph 290 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent

a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290 of the First Amended Complaint and therefore denies the same.

291.    The allegations in paragraph 291 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 of the First Amended Complaint and therefore denies the same.

292.    The allegations in paragraph 292 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 292 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292 of the First Amended Complaint and therefore denies the same.

293.    The allegations in paragraph 293 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 293 of the First Amended Complaint are directed to parties other than Amneal and therefore do not require any response from Amneal. To the extent a response is required, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293 of the First Amended Complaint and therefore denies the same.

**D.    Defendants' Misconduct Has Damaged the Nation and Its Citizens**

294.    To the extent the allegations in paragraph 294 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form

a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 294 of the First Amended Complaint.

## VII.    FACTS PERTAINING TO CLAIMS UNDER RICO

295.    To the extent the allegations in paragraph 295 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 295 of the First Amended Complaint.

### A.    The Opioid Marketing Enterprise

#### 1.    The Common Purpose and Scheme of the Opioid Marketing Enterprise

296.    The allegations in paragraph 296 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 296 of the First Amended Complaint of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 296 of the First Amended Complaint.

297.    The allegations in paragraph 297 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 297 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 297 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 297 of the First Amended Complaint.

298.     To the extent the allegations in paragraph 298 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 298 of the First Amended Complaint.

299.     The allegations in paragraph 299 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 299 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 299 of the First Amended Complaint.

300.     To the extent the allegations in paragraph 300 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 300 of the First Amended Complaint.

301.     To the extent the allegations in paragraph 301 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 301 of the First Amended Complaint.

302.     To the extent the allegations in paragraph 302 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 302 of the First Amended Complaint.

303.    To the extent the allegations in paragraph 303 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 303 of the First Amended Complaint.

### 2.    The Conduct of the Opioid Marketing Enterprise

304.    The allegations in paragraph 304 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 304 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 304 of the First Amended Complaint.

305.    The allegations in paragraph 305 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 305 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 305 of the First Amended Complaint.

306.    The allegations in paragraph 306 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 306 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 306 of the First Amended Complaint.

307.    The allegations in paragraph 307 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, to the extent the allegations in paragraph 307 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 307 of the First Amended Complaint.

308.    To the extent the allegations in paragraph 308 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 308 of the First Amended Complaint.

309.    To the extent the allegations in paragraph 309 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 309 of the First Amended Complaint.

310.    To the extent the allegations in paragraph 310 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 310 of the First Amended Complaint.

311.    To the extent the allegations in paragraph 311 of the First Amended Complaint, including subparagraphs a-l thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 311 of the First Amended Complaint, including subparagraphs a-l thereto.

312.     To the extent the allegations in paragraph 312 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 312 of the First Amended Complaint.

313.     To the extent the allegations in paragraph 313 of the First Amended Complaint, including subparagraphs a-l thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 313 of the First Amended Complaint, including subparagraphs a-l thereto.

314.     To the extent the allegations in paragraph 314 of the First Amended Complaint, including subparagraphs a-l thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 314 of the First Amended Complaint, including subparagraphs a-l thereto.

315.     The allegations in paragraph 315 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 315 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 315 of the First Amended Complaint.

316.     To the extent the allegations in paragraph 316 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form

a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 316 of the First Amended Complaint.

317.    To the extent the allegations in paragraph 317 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 317 of the First Amended Complaint.

318.    To the extent the allegations in paragraph 318 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 318 of the First Amended Complaint.

### 3.        The Pattern of Racketeering Activity

319.    To the extent the allegations in paragraph 319 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 319 of the First Amended Complaint.

320.    To the extent the allegations in paragraph 320 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 320 of the First Amended Complaint.

321.    The allegations in paragraph 321 state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 321 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

therefore denies the same. Amneal denies the remaining allegations in paragraph 321 of the First Amended Complaint.

322.    The allegations in paragraph 322 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 322 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 322 of the First Amended Complaint.

323.    The allegations in paragraph 323 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 323 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 323 of the First Amended Complaint.

324.    The allegations in paragraph 324 of the First Amended Complaint, including subparagraphs a-i thereto, state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 324 of the First Amended Complaint, including subparagraphs a-i thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 324 of the First Amended Complaint, including subparagraphs a-i thereto.

325.    The allegations in paragraph 325 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and

to the extent the allegations in paragraph 325 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 325 of the First Amended Complaint.

326. The allegations in paragraph 326 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 326 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 326 of the First Amended Complaint.

327. The allegations in paragraph 327 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 327 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 327 of the First Amended Complaint.

328. The allegations in paragraph 328 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 328 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 328 of the First Amended Complaint.

B.    **The Opioid Supply Chain Enterprise**

1.    **The Common Purpose and Scheme of the Opioid Supply Chain Enterprise**

329.    The allegations in paragraph 329 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 329 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 329 of the First Amended Complaint.

330.    The allegations in paragraph 330 of the First Amended Complaint appear to be based on documents and/or data that speak for themselves, and all characterizations thereof are denied. Further answering, the allegations in paragraph 330 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 330 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 330 of the First Amended Complaint.

331.    The allegations in paragraph 331 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 331 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 331 of the First Amended Complaint.

332.    The allegations in paragraph 332 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 332 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 332 of the First Amended Complaint.

### 2.      The Conduct of the Opioid Supply Chain Enterprise

333.    The allegations in paragraph 333 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 333 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 333 of the First Amended Complaint.

334.    To the extent the allegations in paragraph 334 of the First Amended Complaint, including subparagraphs a-b thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 334 of the First Amended Complaint, including subparagraphs a-b thereto.

335.    The allegations in paragraph 335 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 335 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 335 of the First Amended Complaint.

336. The allegations in paragraph 336 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 336 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 336 of the First Amended Complaint.

### 3. The Pattern of Racketeering Activity

337. To the extent the allegations in paragraph 337 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 337 of the First Amended Complaint.

338. The allegations in paragraph 338 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 338 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 338 of the First Amended Complaint.

339. The allegations in paragraph 339 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 339 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 339 of the First Amended Complaint.

340.    The allegations in paragraph 340 of the First Amended Complaint, including subparagraphs a-n thereto, state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 340 of the First Amended Complaint, including subparagraphs a-n thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 340 of the First Amended Complaint, including subparagraphs a-n thereto.

341.    The allegations in paragraph 341 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 341 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 341 of the First Amended Complaint.

342.    The allegations in paragraph 342 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 342 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 342 of the First Amended Complaint.

343.    The allegations in paragraph 343 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 343 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 343 of the First Amended Complaint.

344.    The allegations in paragraph 344 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 344 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 344 of the First Amended Complaint.

345.    The allegations in paragraph 345 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 345 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 345 of the First Amended Complaint.

346.    The allegations in paragraph 346 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 346 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 346 of the First Amended Complaint.

347.    The allegations in paragraph 347 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 347 of the First Amended Complaint relate to Defendants

other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 347 of the First Amended Complaint.

348.    The allegations in paragraph 348 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 348 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 348 of the First Amended Complaint.

349.    The allegations in paragraph 349 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 349 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 349 of the First Amended Complaint.

C.    **Effects of the Opioid Marketing Enterprise and the Opioid Supply Chain Enterprise**

350.    The allegations in paragraph 350 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 350 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 350 of the First Amended Complaint.

351.    The allegations in paragraph 351 state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 351 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 351 of the First Amended Complaint.

352.    The allegations in paragraph 352 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 352 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 352 of the First Amended Complaint.

## CLAIMS FOR RELIEF

## COUNT I

**VIOLATION OF RICO, 18 U.S.C. § 1961 *et seq.***
**OPIOID MARKETING ENTERPRISE**
**(Against Marketing Manufacturer Defendants)**

353.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 352 of the First Amended Complaint.

354.    The allegations in paragraph 354 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 354 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 354 of the First Amended Complaint.

355.     The allegations in paragraph 355 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 355 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 355 of the First Amended Complaint.

356.     The allegations in paragraph 356 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 356 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 356 of the First Amended Complaint.

357.     The allegations in paragraph 357 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 357 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 357 of the First Amended Complaint.

358.     The allegations in paragraph 358 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 358 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 358 of the First Amended Complaint.

359.    The allegations in paragraph 359 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 359 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 359 of the First Amended Complaint.

360.    The allegations in paragraph 360 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 360 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 360 of the First Amended Complaint.

361.    To the extent the allegations in paragraph 361 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 361 of the First Amended Complaint.

362.    To the extent the allegations in paragraph 362 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 362 of the First Amended Complaint.

363.    To the extent the allegations in paragraph 363 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 363 of the First Amended Complaint.

364.    The allegations in paragraph 364 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Amneal denies the allegations in paragraph 364. To the extent the allegations in paragraph 364 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

365.    To the extent the allegations in paragraph 365 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 365 of the First Amended Complaint.

366.    To the extent the allegations in paragraph 366 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 366 of the First Amended Complaint.

367.    To the extent the allegations in paragraph 367 including subparagraphs a and b thereto,  of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 367 of the First Amended Complaint.

368.    The allegations in paragraph 368 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 368 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 368 of the First Amended Complaint.

369.    The allegations in paragraph 369 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 369 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 369 of the First Amended Complaint.

370.    The allegations in paragraph 370 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 370 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 370 of the First Amended Complaint.

371.    The allegations in paragraph 371 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 371 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 371 of the First Amended Complaint.

372.    The allegations in paragraph 372 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 372 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 372 of the First Amended Complaint.

373.    The allegations in paragraph 373 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 373 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 373 of the First Amended Complaint.

374.    The allegations in paragraph 374 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 374 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 374 of the First Amended Complaint.

375.    The allegations in paragraph 375 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 375 of the First Amended Complaint relate to Defendants other than

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 375 of the First Amended Complaint.

376.    The allegations in paragraph 376 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 376 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 376 of the First Amended Complaint.

377.    The allegations in paragraph 377 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 377 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 377 of the First Amended Complaint.

378.    The allegations in paragraph 378 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 378 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 378 of the First Amended Complaint.

379.    The allegations in paragraph 379 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the

allegations in paragraph 379 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 379 of the First Amended Complaint.

## COUNT II

### VIOLATION OF RICO, 18 U.S.C. § 1961 *et seq*.
### OPIOID SUPPLY CHAIN ENTERPRISE
### (Against All Defendants)

380.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 379 of the First Amended Complaint.

381.    The allegations in paragraph 381 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 381 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.  Amneal denies the remaining allegations in paragraph 381 of the First Amended Complaint.

382.    The allegations in paragraph 382 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 382 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 382 of the First Amended Complaint.

383.    The allegations in paragraph 383 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 383 of the First Amended Complaint relate to Defendants other than

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 383 of the First Amended Complaint.

384. The allegations in paragraph 384 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 384 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 384 of the First Amended Complaint.

385. The allegations in paragraph 385 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 385 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 385 of the First Amended Complaint.

386. The allegations in paragraph 386 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 386 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 386 of the First Amended Complaint.

387. The allegations in paragraph 387 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the

allegations in paragraph 387 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 387 of the First Amended Complaint.

388.    The allegations in paragraph 388 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 388 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 388 of the First Amended Complaint.

389.    The allegations in paragraph 389 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 389 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 389 of the First Amended Complaint.

390.    The allegations in paragraph 390 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 390 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 390 of the First Amended Complaint.

391.     To the extent the allegations in paragraph 391 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 391 of the First Amended Complaint.

392.     The allegations in paragraph 392 of the First Amended Complaint, including subparagraphs a-d thereto, state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 392 of the First Amended Complaint, including subparagraphs a-d thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 392 of the First Amended Complaint.

393.     The allegations in paragraph 393 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 393 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 393 of the First Amended Complaint.

394.     To the extent the allegations in paragraph 394 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 394 of the First Amended Complaint.

395.     The allegations in paragraph 395 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the

allegations in paragraph 395 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 395 of the First Amended Complaint.

396.    The allegations in paragraph 396 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 396 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 396 of the First Amended Complaint.

397.    The allegations in paragraph 397 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 397 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 397 of the First Amended Complaint.

398.    The allegations in paragraph 398 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 398 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 398 of the First Amended Complaint.

399.    The allegations in paragraph 399 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 399 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 399 of the First Amended Complaint.

400.    The allegations in paragraph 400 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 400 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 400 of the First Amended Complaint.

401.    The allegations in paragraph 401 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 401 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 401 of the First Amended Complaint.

402.    The allegations in paragraph 402 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 402 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 402 of the First Amended Complaint.

403.     The allegations in paragraph 403 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 403 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 403 of the First Amended Complaint.

404.     The allegations in paragraph 404 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 404 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 404 of the First Amended Complaint.

405.     The allegations in paragraph 405 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 405 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 405 of the First Amended Complaint.

406.     The allegations in paragraph 406 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 406 of the First Amended Complaint relate to Defendants other than

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 406 of the First Amended Complaint.

407.    The allegations in paragraph 407 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 407 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 407 of the First Amended Complaint.

408.    To the extent the allegations in paragraph 408 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 408 of the First Amended Complaint.

## COUNT III

### LANHAM ACT
### (Against All Defendants)

409.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 408 of the First Amended Complaint.

410.    Amneal responds that no response is necessary to paragraph 410 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 410 of the First Amended Complaint.

411.   Amneal responds that no response is necessary to paragraph 411 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 411 of the First Amended Complaint.

412.   Amneal responds that no response is necessary to paragraph 412 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 412 of the First Amended Complaint.

413.   Amneal responds that no response is necessary to paragraph 413 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 413 of the First Amended Complaint.

414.   Amneal responds that no response is necessary to paragraph 414 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 414 of the First Amended Complaint.

415.   Amneal responds that no response is necessary to paragraph 415 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc.

No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 415 of the First Amended Complaint.

416.    Amneal responds that no response is necessary to paragraph 416 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].   Amneal denies any remaining allegations in paragraph 416 of the First Amended Complaint.

417.    Amneal responds that no response is necessary to paragraph 417 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].   Amneal denies any remaining allegations in paragraph 417 of the First Amended Complaint.

418.    Amneal responds that no response is necessary to paragraph 418 of the First Amended Complaint. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing Lanham Act claim) [Doc. No. 109, pp. 47-50]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 47-50] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies any remaining allegations in paragraph 418 of the First Amended Complaint.

## COUNT IV

### NUISANCE
### (Against Marketing Manufacturer Defendants)

419.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 418 of the First Amended Complaint.

420.    To the extent the allegations in paragraph 420 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form

a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 420 of the First Amended Complaint.

421.    To the extent the allegations in paragraph 421 of the First Amended Complaint, including subparagraphs a-f thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 421 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 421 of the First Amended Complaint.

422.    To the extent the allegations in paragraph 422 of the First Amended Complaint, including subparagraphs a-e thereto,  relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 422 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No.

106

1680]. Amneal denies the remaining allegations in paragraph 422 of the First Amended Complaint.

423.    The allegations in paragraph 423 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 423 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 423 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 423 of the First Amended Complaint.

424.    The allegations in paragraph 424 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 424 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 424 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See*

Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 424 of the First Amended Complaint.

425.     The allegations in paragraph 425 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to  the extent the allegations in paragraph 425 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 425 of the First Amended Complaint.

426.     To the extent the allegations in paragraph 426 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 426 of the First Amended Complaint.

427.     To the extent the allegations in paragraph 427 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 427 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such

allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies the remaining allegations in paragraph 427 of the First Amended Complaint.

428.    The allegations in paragraph 428 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 428 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 428 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 428 of the First Amended Complaint.

429.    To the extent the allegations in paragraph 429 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 429 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R

(dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies the remaining allegations in paragraph 429 of the First Amended Complaint.

430.    To the extent the allegations in paragraph 430 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 430 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal denies the remaining allegations in paragraph 430 of the First Amended Complaint.

431.    To the extent the allegations in paragraph 431 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 431 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such

allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 431 of the First Amended Complaint.

432.    To the extent the allegations in paragraph 432 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 432 of the First Amended Complaint.

## COUNT V

**NEGLIGENCE AND NEGLIGENCE PER SE**
**(Against Marketing Manufacturer Defendants)**

433.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 432 of the First Amended Complaint.

434.    The allegations in paragraph 434 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 434 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 434 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 434

of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 23-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 434 of the First Amended Complaint.

435.    The allegations in paragraph 435 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 435 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 435 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 435 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 435 of the First Amended Complaint.

436.    To the extent the allegations in paragraph 436 of the First Amended Complaint, including subparagraphs a-f thereto, relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

112

therefore denies the same. Amneal further responds that no response is necessary to paragraph 436 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 436 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 436 of the First Amended Complaint.

437.    The allegations in paragraph 437 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 437 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 437 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019

Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 437 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 437 of the First Amended Complaint.

438.    To the extent the allegations in paragraph 438 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 438 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 438 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 438 of the First Amended Complaint.

439.    The allegations in paragraph 439 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 439 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 439 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 439 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 439 of the First Amended Complaint.

440.    To the extent the allegations in paragraph 440 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 440 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 440 of the First Amended Complaint to the extent it purports to assert a

claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 440 of the First Amended Complaint.

441.    The allegations in paragraph 441 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 441 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 441 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 441 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 441 of the First Amended Complaint.

442.    The allegations in paragraph 442 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in 442 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those

116

allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 442 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 442 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 442 of the First Amended Complaint.

443. To the extent the allegations in paragraph 443 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 443 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 443 of the First Amended Complaint to the extent it purports to assert a

117

claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 443 of the First Amended Complaint.

444.    Amneal denies the allegations in paragraph 444 of the First Amended Complaint. Amneal further responds that no response is necessary to paragraph 444 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 444 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].

445.    The allegations in paragraph 445 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 445 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 445 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims

based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 445 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 445 of the First Amended Complaint.

### COUNT VI

**UNJUST ENRICHMENT**
**(Against Marketing Manufacturer Defendants)**

446.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 445 of the First Amended Complaint.

447.    To the extent the allegations in paragraph 447 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 447 of the First Amended Complaint.

448.    To the extent the allegations in paragraph 448 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 448 of the First Amended Complaint.

449.    To the extent the allegations in paragraph 449 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 449 of the First Amended Complaint.

450.     To the extent the allegations in paragraph 450 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 450 of the First Amended Complaint.

<u>**COUNT VII**</u>

**NUISANCE**
**(Against Diversion Defendants)**

451.     Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 450 of the First Amended Complaint.

452.     The allegations in paragraph 452 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 452 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 452 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 452 of the First Amended Complaint.

453.     The allegations in paragraph 453 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the

allegations in paragraph 453 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 453 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 453 of the First Amended Complaint.

454.    The allegations in paragraph 454 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 454 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 454 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019

Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 454 of the First Amended Complaint.

455.    The allegations in paragraph 455 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 455 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 455 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 455 of the First Amended Complaint.

456.    The allegations in paragraph 456 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 456 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 456 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See*

Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 456 of the First Amended Complaint.

457.     The allegations in paragraph 457 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 457 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 457 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 457 of the First Amended Complaint.

458.     The allegations in paragraph 458 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 458 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response

is necessary to paragraph 458 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 458 of the First Amended Complaint.

459.    The allegations in paragraph 459 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 459 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 459 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 459 of the First Amended Complaint.

460.    The allegations in paragraph 460 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the

allegations in paragraph 460 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 460 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 460 of the First Amended Complaint.

461.    The allegations in paragraph 461 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 461 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 461 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019

Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 461 of the First Amended Complaint.

462. The allegations in paragraph 462 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 462 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 462 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 462 of the First Amended Complaint.

463. The allegations in paragraph 463 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 463 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 463 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See*

Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 463 of the First Amended Complaint.

464.    The allegations in paragraph 464 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 464 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 464 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal denies the remaining allegations in paragraph 464 of the First Amended Complaint.

## COUNT VIII

### NEGLIGENCE AND NEGLIGENCE PER SE
### (Against Diversion Defendants)

465.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 464 of the First Amended Complaint.

466.    The allegations in paragraph 466 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 466 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 466 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 466 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 466 of the First Amended Complaint.

467.    The allegations in paragraph 467 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 467 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 467 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged

misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 467 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 467 of the First Amended Complaint.

468.     The allegations in paragraph 468 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 468 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 468 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 468 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122,

pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 468 of the First Amended Complaint.

469.    The allegations in paragraph 469 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 469 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 469 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 469 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 469 of the First Amended Complaint.

470.    The allegations in paragraph 470 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 470 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary

to paragraph 470 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 470 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 470 of the First Amended Complaint.

471.    The allegations in paragraph 471 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 471 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 471 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 47 of

the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 471 of the First Amended Complaint.

472.     The allegations in paragraph 472 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 472 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 472 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 472 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 472 of the First Amended Complaint.

473.     The allegations in paragraph 473 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 473 of the First Amended Complaint relate to Defendants other than

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 473 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 473 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 473 of the First Amended Complaint.

474.    The allegations in paragraph 474 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 474 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 474 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp.

133

34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 474 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 474 of the First Amended Complaint.

475.    The allegations in paragraph 475 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 475 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 475 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 475 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 475 of the First Amended Complaint.

476.    The allegations in paragraph 476 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 476 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 476 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 476 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 476 of the First Amended Complaint.

477.    The allegations in paragraph 477 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 477 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 477 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged

misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 477 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 477 of the First Amended Complaint.

478.    The allegations in paragraph 478 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 478 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 478 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 478 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122,

136

pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 478 of the First Amended Complaint.

**COUNT IX**

**UNJUST ENRICHMENT**
**(Against Diversion Defendants)**

479.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 478 of the First Amended Complaint.

480.    The allegations in paragraph 480 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 480 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480 of the First Amended Complaint and therefore denies the same.

481.    The allegations in paragraph 481 of the First Amended Complaint state argument and conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 481 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Answering further, Amneal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481 of the First Amended Complaint and therefore denies the same.

482.    The allegations in paragraph 482 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 482 of the First Amended Complaint relate to Defendants other than

Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 482 of the First Amended Complaint.

483.    The allegations in paragraph 483 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 483 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 483 of the First Amended Complaint.

484.    The allegations in paragraph 484 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 484 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal denies the remaining allegations in paragraph 484 of the First Amended Complaint.

## COUNT X

### CIVIL CONSPIRACY
### (Against All Defendants)

485.    Amneal incorporates by reference its responses to the allegations in paragraphs 1 through 484 of the First Amended Complaint.

486.    To the extent the allegations in paragraph 486 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 486 of the First Amended Complaint to the extent it

138

purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 486 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 486 of the First Amended Complaint.

487. The allegations in paragraph 487 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 487 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 487 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 487 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per

se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 487 of the First Amended Complaint.

488.    To the extent the allegations in paragraph 488 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 488 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 488 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 488 of the First Amended Complaint.

489.    To the extent the allegations in paragraph 489 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 489 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name

manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 489 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 489 of the First Amended Complaint.

490.    To the extent the allegations in paragraph 490 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 490 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 490 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 490 of the First Amended Complaint.

491.     The allegations in paragraph 491 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 491 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 491 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680].  Amneal further responds that no response is necessary to paragraph 491 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109].  Amneal denies the remaining allegations in paragraph 491 of the First Amended Complaint.

492.     To the extent the allegations in paragraph 492 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 492 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R

(dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 492 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 492 of the First Amended Complaint.

493.    The allegations in paragraph 493 of the First Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, and to the extent the allegations in paragraph 493 of the First Amended Complaint relate to Defendants other than Amneal, Amneal lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Amneal further responds that no response is necessary to paragraph 493 of the First Amended Complaint to the extent it purports to assert a claim that a generic manufacturer should have corrected a brand-name manufacturers' alleged misrepresentation or communicated a warning that brand-name manufacturers had not sent. *See* Court's Order dated June 13, 2019 [Doc. No. 122] adopting R&R (dismissing state law claims based on federal preemption to the extent they depend on any such allegation) [Doc. No. 109, pp. 34-42]; *see also* 1:17-md-02804, R&R [Doc. No. 1499, pp. 34-42] and Court's June 13, 2019 Order [Doc. No. 1680]. Amneal further responds that no response is necessary to paragraph 493 of the First Amended Complaint to the extent it purports to assert a claim based on negligence per se. *See* Court's Order dated June 13, 2019 (dismissing negligence per se claims) [Doc. No. 122, pp. 22-25] overruling R&R [Doc. No. 109]. Amneal denies the remaining allegations in paragraph 493 of the First Amended Complaint.

## PRAYER FOR RELIEF

494.     Amneal admits that plaintiff seeks the relief requested in the Prayer for Relief paragraph and all of it subparts, but denies that its conduct contributed to plaintiff's alleged injuries and denies that it is liable to plaintiff for damages or any other relief sought in the First Amended Complaint.

495.     Amneal denies each and every allegation in the First Amended Complaint unless expressly admitted in this Answer.

## DEFENSES

1.     The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a valid cause of action, and fails to plead a legally cognizable injury.

2.     The claims asserted in the Fist Amended Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Fist Amended Complaint.

3.     The claims asserted in the First Amended Complaint are barred because venue is improper and the First Amended Complaint should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

4.     This Court lacks personal jurisdiction over Amneal and the First Amended Complaint should therefore be dismissed against all these defendants under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

5.     The claims asserted in the First Amended Complaint are preempted, in whole or in part, by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act. Among other things, each of plaintiff's claims is preempted insofar as it conflicts with Congress's purposes and objectives in enacting relevant federal

legislation and authorizing regulations, and the Supremacy Clause of the United States Constitution.

6. Any claims pertaining to generic medications are preempted, as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mutual Pharmaceuticals Co. v. Bartlett*, 570 U.S. 472 (2013).

7. The claims asserted in the First Amended Complaint against Amneal are barred, in whole or in part, by the FDA-approved TIRF REMS Program, including, but not limited to, the requirements imposed on prescribers of TIRF medicines and patients.

8. Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine because adequate warnings were given to learned intermediaries who used their informed, independent medical judgment in making prescribing decisions for a given patient.

9. Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

10. Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

11. If plaintiffs has sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and in no way caused by Amneal and for which Amneal is not liable.

12. The alleged injury asserted by plaintiff is too remote from the alleged conduct of Amneal to be a basis for liability as a matter of law and due process.

13.  Plaintiff may not recover from Amneal because the methods, standards, or techniques of designing, manufacturing, labeling and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

14.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

15.  Plaintiff's claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel, and/or ratification.

16.  To the extent the plaintiff's claims relate to Amneal's advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply, such claims are barred.

17.  Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate any damages allegedly sustained.

18.  Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

19.  Any verdict or judgment that might be recovered by plaintiff must be reduced by those amounts that have already or will in the future indemnify plaintiff in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance, social security, workers' compensation, taxes, or employee benefit program.

20.  Plaintiff's injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Amneal had no control or authority. Indeed, plaintiff's claims are barred, in whole or in part, because the injury plaintiff

alleges was the result of one or more superseding and/or intervening criminal acts by third parties. Thus, any recovery should be reduced or barred by such parties' proportionate fault.

21.   Plaintiff's claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

22.   Plaintiff's claims are barred, in whole or in part, by any alteration, modification, or misuse of the prescribed medications by plaintiff, prescribing providers, patients, or any other third parties, for which Amneal cannot be held responsible.

23.   Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if

any, to plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Amneal; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Amneal the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Insurance. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Res., Inc.*, 509 U.S. 443 (1993); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *State Farm Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

24.  Plaintiff's injuries and damages, if any, were due to illicit use, misuse or abuse of the prescription medications at issue by the users, for which Amneal is not liable.

25.  Plaintiff's claims or damages are invalid and/or are barred, in whole or in part, because the users of the medications at issue used them after acknowledging and/or learning of their alleged risks.

26.  To the extent the plaintiff is alleging fraud, fraudulent concealment, or similar conduct, plaintiff has failed to plead fraud with sufficient particularity.

27.  Amneal's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Amneal is entitled to complete indemnity, express or implied, by other parties.

28. Plaintiff's alleged injuries and damages, if any, were due to preexisting conditions, idiosyncratic reactions, or other responses to the medications on the part of the medication users, for which Amneal cannot be held responsible. The opioid medications at issue were manufactured, distributed, and labeled, in accordance with the provisions of federal law, including the U.S. Food Drug and Cosmetics Act, and the regulations promulgated pursuant thereto. Moreover, the activities alleged conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged.

29. Should Amneal be held liable to plaintiff, which liability is specifically denied, Amneal would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in the First Amended Complaint.

30. Plaintiff lacks standing to bring its claims and the relief it seeks.

31. Amneal is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

32. Plaintiff's claims violate the Supremacy Clause of the United States Constitution.

33. Plaintiff's claims may be barred, in whole or in part, because neither users nor prescribers relied to their detriment upon any statement by Amneal in determining to use the medications at issue, particularly given the TIRF REMS Access Program, required by the FDA, that mandates prescriber enrollment in order to prescribe TIRF medicines.

34. Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

35. To the extent plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Amneal's disclosure of

information related to the safety of its medications at issue, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

36.  Plaintiff's claims are barred because the conduct of Amneal conformed with the FDCA, the requirements of the FDA, the Controlled Substances Act, and the requirements of the DEA. Moreover, the activities of Amneal alleged in the First Amended Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the First Amended Complaint.

37.  Plaintiff fails to plead and cannot establish that it incurred any costs for any opioid prescription promoted or sold by Amneal and that was medically inappropriate or should not have been written, or that Amneal's allegedly improper conduct caused any health care provider to write any unnecessary, ineffective or harmful opioid prescriptions.

38.  Any statements in branded or unbranded materials that plaintiff seeks to attribute to Amneal comporting with FDA-approved uses are not misleading as a matter of law or otherwise actionable.

39.  Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Amneal.

40.  Plaintiff fails to plead and cannot establish any duty owed to plaintiff by Amneal.

41.  Plaintiff's claims are barred because they violate procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I, § § 1, 2, 16, and 19 of the Constitution of Ohio, and corresponding provisions of the Oklahoma Constitution, and the right to be free from retroactive or ex post facto laws as guaranteed by Article I, § 10 of the United States Constitution and Article II, § 28 of the Constitution of Ohio, and corresponding provisions of the Oklahoma Constitution. Amneal New York's rights under the

Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are further violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by plaintiff's use of a contingency fee contract with private counsel.

42.  Plaintiff has failed to join one or more necessary and indispensable parties.

43.  Plaintiff's claims against Amneal are barred or limited by the economic loss rule.

44.  Plaintiff's claims against Amneal are barred under the municipal cost recovery rule.

45.  To the extent plaintiff attempts to seek equitable relief, plaintiff is not entitled to such relief because plaintiff has an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

46.  Plaintiff's claims for unjust enrichment are barred or limited because Amneal did not receive and retain any alleged benefit from Plaintiff.

47.  Plaintiff's claims are barred or limited by the separation of powers doctrine.

48.  Plaintiff has failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest.

49.  Plaintiff seeks duplicate or double recovery on the same injury or damage, contrary to applicable law.

50.  Any recovery against Amneal is barred or limited under the principles of assumption of the risk and informed consent.

51.  Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

52.  Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to Amneal.

53.  As a matter of law, plaintiff is not entitled to a declaratory judgment, injunction, or attorney's fees for these alleged claims.

54.  Plaintiff's claim of public nuisance is barred or limited because, among other reasons, no action of Amneal involved interference with real property, illegal conduct perpetrated by third-parties involving the use of an otherwise legal product does not involve a public right against the manufacturer sufficient to state a claim for public nuisance, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged wrongful conduct of Amneal is too remote from the alleged injury as a matter of law and due process.

55.  To the extent plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the products at issue, and their labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

56.  To the extent plaintiff seeks to impose liability on Amneal for broad, general statements regarding the value or quality of Amneal's products that were made to and reasonably understood by providers as opinion, such statements cannot constitute false representations as a matter of law.

57.  To the extent any agents, employees, or contractors of Amneal caused any of the damages alleged by plaintiff, such agents, employees, or contractors were acting outside the

scope of the agency employment, or contract with Amneal, and any recovery against Amneal must be reduced by the proportionate fault of such agents, employees, or contractors.

58.  To the extent each of plaintiff's claims are based the alleged conduct of other Defendants, and plaintiff seeks to impose liability on Amneal only by virtue of Amneal's ownership of another Defendant's shares, membership within another Defendant's unincorporated entity, or similar affiliation, plaintiff has failed to plead—and cannot prove—any allegations sufficient to support a claim to pierce the corporate veil or to otherwise hold Amneal liable merely by virtue of its corporate affiliation with any other Defendant.

59.  Plaintiff's claims are barred and should be dismissed under Fed. R. Civ. P. 41(b) and any other applicable rules because plaintiff has refused to comply with the Court's case management orders, including CMO-1, and because plaintiff has refused to identify the allegedly inappropriate, unnecessary, or otherwise improper opioid prescriptions that it contends are at issue and on which it bases its claims.

60.  The representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

61.  Plaintiff's claims are barred by the sophisticated user doctrine. Because of their training and experience, doctors who prescribe opioids know or reasonably should know of the potential risks, and defendants had no duty to warn and cannot be held liable for failing to warn of risks and complications of which members of the relevant medical community knew or should have known.

62.  The doctrines of estoppel and/or waiver bar plaintiff's claims. The imposition of injunctive relief and/or civil penalties would be inequitable, particularly in light of defendants'

lawful and proper sale of products that are heavily regulated and include an FDA-approved and required warning.

63.   Plaintiff's alleged injury through criminal acts claims fail because there has been no relevant criminal conviction.

64.   Plaintiff fails to identify any concerted action by Amneal to participate in any conspiracy.

65.   Any defendant's liability must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law. Each defendant may only be severally liable for any injuries or expenses. Plaintiff's alleged damages are not indivisible but comprise separate and discrete costs.

66.   Plaintiff's claims for punitive damages, statutory damages, civil penalties, and other relief are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, §§ 1, 2, 9, 10, 16, and 19 of the Constitution of Ohio, and corresponding provisions of the Oklahoma Constitution.

67.   Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution.

68.   The Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or statue(s) of repose, including, but not limited to, 12 Okla. Statute § 95(A) and 63 Okla. Stat. § 5053.6.  Under Oklahoma law, a cause of action accrues when the Plaintiff knew or reasonably should have known of a wrongly caused injury to itself or to its Members. Here, the Plaintiff alleges wrongfully caused injuries that occurred over an unspecified period of time. *See generally* First Amended Complaint. The Plaintiff and/or its Members would have known of, or reasonably should have known of, at least some of these purported injuries outside

of the relevant limitations period.  To the extent that the Plaintiff knew or should have known of any wrongfully caused injuries outside the applicable limitations period, Plaintiffs claims are time-barred.

69.  The rights of Amneal under the Due Process Clause of the U.S. Constitution and Art. II, § 7 of the Oklahoma Constitution are violated by any financial or other arrangement that might distort the Nation's Attorney General's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding. See, e.g., *Marshall v. Jerrico, Inc*., 446 U.S. 238 (1980).  Any contingency fee arrangement between the Plaintiff and any third party in connection with this litigation gives that third party a financial interest in the outcome of this proceeding and violates the due process rights of Amneal.

70.  The Plaintiff's claims against Amneal and other Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as required by 12 Okla. Stat. § 2020 for joinder of parties.  Plaintiff fails to connect any of the alleged marketing activities of Amneal to those of other Defendants, nor could it.  Accordingly, the Court should sever or dismiss the Plaintiff's claims against Amneal pursuant to 12 Okla. Stat. §§ 2020 and 2021.

71.  The Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation, if any, was caused in whole or in part by the Plaintiff's ratification of Amneal's or other Defendants' allegedly deceptive or misleading conduct. Such ratification would include, for example, the Plaintiff's continuing reimbursement of opioid prescriptions after it had concluded such prescriptions were ineffective or harmful to its Members, medically unnecessary, or otherwise ineligible for payment by the Plaintiff.

72.  Plaintiff is not entitled to attorneys' fees, costs, pre-judgment interest, or post judgment interest.

73.  Plaintiff's damages, if any, are limited to reasonable damages, and exclude unconscionable and grossly oppressive damages contrary to substantial justice.  *See* 23 Okla. Stat. § 97. Further, the Plaintiff cannot recover damages in excess of those allowed by the applicable statutory law.

74.  Plaintiff fails to plead that it reimbursed any prescriptions written for an opioid product promoted, sold, or manufactured by Amneal that harmed patients and should not have been written, or that Amneal's allegedly improper conduct caused any provider to write any ineffective or harmful opioid prescriptions.  To the extent the Plaintiff's claims seek to impose liability on Amneal solely on the basis of its proportionate participation in Oklahoma's market for opioid products, and without establishing a causative link between Amneal's specific conduct and the Plaintiff's alleged injuries, such claims are barred under Oklahoma law.  *See Case v. Fibreboard*, 743 P.2d 1062, 1064-67 (Okla. 1987).

75.  The products alleged to be manufactured and/or distributed by Amneal were subsequently modified, altered or changed by others over whom this Defendant had no control.

76.  Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or issue or claim preclusion.

77.  Plaintiff's claims are barred, in whole or in part, by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata, collateral estoppel, issue or claim preclusion, failure to fulfill conditions precedent, failure to provide requisite notice, accord and satisfaction, and compromise and settlement.

78.  To the extent the Plaintiff seeks relief for Amneal's alleged conduct occurring before the enactment date of any statutes under which it brings a claim, such claims fail because the statutes do not apply retroactively.

79. The laws of the State of Oklahoma may not be applicable to some or all of the Plaintiff's legal claims and/or damages, including, but not limited to, Plaintiff's claim of joint liability being contrary to Oklahoma law, including under 12 Okla. Stat. § 13-832, and/or Plaintiff's claims are limited or barred by Oklahoma law related to successor liability.

80. Plaintiff's claim of joint liability is contrary to Oklahoma law as any liability attributed to Defendants should be based on each individual Defendant's proportional market share.

81. Amneal hereby incorporates all defenses asserted by any other defendant in this lawsuit.

82. Amneal hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defenses.

## DEMAND FOR JURY TRIAL

Amneal hereby demands a trial by jury of all issues so triable.  Amneal also hereby reserves the right to have each case transferred back to its original jurisdiction for trial.

WHEREFORE, Amneal demands judgment dismissing Plaintiff's First Amended Complaint in its entirety, together with costs and disbursements. Amneal further demands such other relief, both general and specific, at law or in equity, to which they are justly entitled.

Respectfully submitted,

*/s/ Sarah M. Benoit*
Paul J. Cosgrove (0073160)
Jeffrey F. Peck (0007943)
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email:  pcosgrove@ulmer.com
jpeck@ulmer.com


Joshua A. Klarfeld (0079833)
**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
Phone: (216) 583-7000
Fax: (216) 583-7001
Email: jklarfeld@ulmer.com

Sarah M. Benoit (0086616)
**ULMER & BERNE LLP**
65 East State Street, Suite 1100
Columbus, Ohio 43215
Phone: (614) 229-0000
Fax: (614) 229-0001
Email: sbenoit@ulmer.com

*Attorneys for Amneal Pharmaceuticals LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


*/s/ Sarah M. Benoit*