# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | CASE NO. 1:17-MD-2804<br><br>JUDGE DAN A. POLSTER<br><br>MAGISTRATE JUDGE DAVID A. RUIZ<br><br>POSITION OF MEDIA INTERVENORS ON 2013-2014 ARCOS DATA AND SUSPICIOUS ORDER REPORTS<br><br>FILED ON BEHALF OF HD MEDIA COMPANY, LLC, *dba* CHARLESTON GAZETTE-MAIL, AND THE W.P. COMPANY, LLC, *dba* THE WASHINGTON POST |

HD MEDIA COMPANY, LLC, *dba* Charleston Gazette-Mail, and THE W.P. COMPANY, LLC, *dba* The Washington Post ("Media Intervenors"), submit the following statement pertaining to the "meet and confer" requirement of the Court in its July 15, 2019, Order. (Doc. #1845.)

Counsel for Media Intervenors met and conferred with counsel for the Department of Justice/Drug Enforcement Administration ("DEA"), Plaintiffs Executive Committee ("PEC"), and some representatives of the Pharmaceutical Defendants. After more than three hours of discussion over July 22, 24 and 25, and electronic communications between the parties on July 26, 2019, Media Intervenors and DEA have agreed on the submission to the Court of a "PROPOSED AGREED ORDER DE-DESIGNATING DEA SUSPICIOUS ORDER REPORTS." Otherwise, the parties and Intervenors could not reach agreement on a proposed modified Protective Order. Each agreed to submit its own statement identifying "areas of

1

agreement and their positions on areas of disagreement." (Doc. #1845.) Therefore, Media Intervenors respectfully submit the following:

I. The 2013-2014 ARCOS Data and the Suspicious Order Reports (SORs) should be disclosed unless the party seeking to withhold information makes a particularized specific showing of good cause in accord with the Sixth Circuit's June 20, 2019, opinion. *See In re: Nat'l Prescrip. Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019).

II. The Protective Order pertaining to the 2013-2014 ARCOS Data should be lifted in its entirety. DEA contends that the redaction of selective pieces of information in the database would highlight who is missing and tip off the entity under investigation. Therefore, it is preferable to disclose the entire database without redactions. As this Court is aware, the database is so voluminous full disclosure would not tip off any specific entity.

III. The Media Intervenors' position is that in addition to de-designated DEA Suspicious Order Reports that are the subject of the Proposed Agreed Order identified above, all SORS produced in discovery by any party and in the possession of Plaintiffs should be publicly disclosed and not be subject to a Protective Order.

        Respectfully submitted,

        THE LEFTON GROUP, LLC

        */S/ Karen C. Lefton*
        KAREN C. LEFTON (0024522)
        TIMOTHY D. SMITH (0007636)
        3480 W. Market Street, Suite 304
        Akron, Ohio 44333
        330-864-2003 - office
        330-606-8299 - cell

Karen@theleftongroup.com
tdsmith@kent.edu

*Attorneys for The W.P. Company, LLC,* dba *The Washington Post*

*/s/ Patrick McGinley*
PATRICK McGINLEY
SUZANNE WEISE
737 South Hills Drive
Morgantown, WV 26501
304-552-2631 – cell
pmcginley@igc.org
suzweise@yahoo.com

*Attorneys for HD Media Company, LLC,* dba *Charleston Gazette-Mail*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2019, a copy of the foregoing was electronically filed and served on all counsel of record for this case through the Court's electronic filing system.

*/s/ Patrick C. McGinley*
PATRICK C. MCGINLEY

*Attorney for Attorneys for HD Media Company, LLC,* dba *Charleston Gazette-Mail*