## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Muscogee (Creek) Nation v. Purdue Pharma L.P.*, et al.<br><br>Case No. 1:18-op-45459-DAP | MDL NO. 2804<br><br>Master Docket No: 1:17-MD-02804-DAP<br><br>Case No. 1:18-op-45459-DAP<br><br>Judge Dan Aaron Polster<br><br>JURY TRIAL DEMANDED |

### DEFENDANT OLYMPIA PHARMACY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Olympia Pharmacy ("Olympia") hereby answers the First Amended Complaint ("Complaint") filed by The Muscogee (Creek) Nation.

Unless expressly stated otherwise, Olympia denies each and every allegation contained in the Complaint, include any allegations contained in the preamble, unnumbered and numbered paragraphs, titles, headings, subheadings, table of contents, footnotes, exhibits, characterization of documents, and stricken paragraphs, and specifically deny any liability to Plaintiffs. To the extent not expressly denied, all allegations for which Olympia denies possessing knowledge or information sufficient to form a belief are denied. Olympia reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

1.      Paragraph 1 states argument, to which no response is required. To the extent a response is deemed to be required, Olympia acknowledges that prescription opioid medications can reduce pain and help certain patients manage their pain. Olympia further admits that the use of prescription opioid medications, like the use of any medications, can pose the risk of negative medical outcomes, including those identified in this paragraph, but Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2;

1

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

2.      While Olympia is aware of reports regarding drug overdose, Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

3.      Olympia denies the allegations contained in Paragraph 3 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 3 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

4.      The allegations contained in Paragraph 4 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 4 is deemed to contain allegations against Olympia, Olympia denies such allegations.

5.      The allegations contained in Paragraph 5 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 5 is deemed to contain allegations against Olympia, Olympia denies such allegations.

6.      Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

7.     Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

8.     Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

9.     Olympia admits that it has dispensed controlled opioid medications to consumers, but only pursuant to a prescription from a licensed health care provider, and always pursuant to law. Olympia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

10.     The allegations contained in Paragraph 10 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 10 is deemed to contain allegations against Olympia, Olympia denies such allegations.

11.     The allegations contained in Paragraph 11 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 11 is deemed to contain allegations against Olympia, Olympia denies such allegations.

12.     Olympia denies the allegations contained in Paragraph 12 as they apply to Olympia.

Further, the remaining allegations contained in Paragraph 12 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

13.     Paragraph 13 states argument, to which no response is required. To the extent a response is deemed to be required, Olympia acknowledges this paragraph refers to certain unidentified "studies" and to DEA data, which speak for themselves and require no response and Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

14.     Olympia denies the allegations contained in Paragraph 14 as they apply to Olympia and this paragraph states legal conclusions as to which no response is required. Further, the remaining allegations contained in Paragraph 14 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

15.     Olympia denies the allegations contained in Paragraph 15 as they apply to Olympia and this paragraph states legal conclusions as to which no response is required. Further, the remaining allegations contained in Paragraph 15 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

16.     Paragraph 16 refers to two published studies, which speak for themselves to which no response is required. Olympia is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 16; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

17.     Paragraph 17 refers to a published study, which speaks for itself to which no response is required. To the extent a response is deemed to be required, Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

18.     Paragraph 18 refers to two published studies, which speak for themselves to which no response is required. Olympia denies the allegations contained in Paragraph 18 as they apply to Olympia.

19.     Paragraph 19 refers to a published study, which speaks for itself to which no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 19 is deemed to contain allegations against Olympia, Olympia denies such allegations.

20.     Olympia denies the allegations contained in Paragraph 20 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 20 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

21.     The allegations contained in Paragraph 21 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 21 is deemed to contain allegations against Olympia, Olympia denies such

allegations.

22.     Paragraph 22 states legal conclusions as to which no response is required. Olympia denies the allegations contained in Paragraph 22 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 22 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

23.     Olympia admits that the Plaintiff brings this action with the stated claims, denies that the Plaintiff has any basis for its claims against Olympia and denies the allegations contained in Paragraph 23 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 23 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

24.     Paragraph 24 summarizes Plaintiff's claims and does not require a response. To the extent a response required, Olympia denies that Plaintiffs are entitled to relief on the claims asserted against Olympia. Further, Olympia denies the remaining allegations contained in Paragraph 24 as they apply to Olympia. Moreover, the remaining allegations contained in Paragraph 24 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

25.     The allegations contained in Paragraph 25 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 25 is deemed to contain allegations against Olympia, Olympia denies such allegations. Olympia specifically denies any allegation that Plaintiff has any governmental authority over Olympia.

26.     Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

27.     Paragraph 27, which summarizes Plaintiff's claims, does not require a response. To the extent a response is required, Olympia denies that Plaintiffs are entitled to relief on the claims asserted against Olympia. Further, Olympia denies the remaining allegations contained in Paragraph 27 as they apply to Olympia. Moreover, the remaining allegations contained in Paragraph 27 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

28.     The allegations contained in Paragraph 28 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 28 is deemed to contain allegations against Olympia, Olympia denies such allegations.

29.     The allegations contained in Paragraph 29 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 29 is deemed to contain allegations against Olympia, Olympia denies such allegations.

30.     The allegations contained in Paragraph 30 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 30 is deemed to contain allegations against Olympia, Olympia denies such allegations.

31.     The allegations contained in Paragraph 31 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 31 is deemed to contain allegations against Olympia, Olympia denies such allegations.

32.     The allegations contained in Paragraph 32 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 32 is deemed to contain allegations against Olympia, Olympia denies such allegations.

33.     The allegations contained in Paragraph 33 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 33 is deemed to contain allegations against Olympia, Olympia denies such allegations.

34.     The allegations contained in Paragraph 34 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 34 is deemed to contain allegations against Olympia, Olympia denies such allegations.

35.     The allegations contained in Paragraph 35 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 35 is deemed to contain allegations against Olympia, Olympia denies such allegations.

36.     The allegations contained in Paragraph 36 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 36 is deemed to contain allegations against Olympia, Olympia denies such allegations.

37.     The allegations contained in Paragraph 37 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 37 is deemed to contain allegations against Olympia, Olympia denies such allegations.

38.     The allegations contained in Paragraph 38 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 38 is deemed to contain allegations against Olympia, Olympia denies such allegations.

39.     The allegations contained in Paragraph 39 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 39 is deemed to contain allegations against Olympia, Olympia denies such allegations.

40.     The allegations contained in Paragraph 40 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 40 is deemed to contain allegations against Olympia, Olympia denies such allegations.

41.     The allegations contained in Paragraph 41 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 41 is deemed to contain allegations against Olympia, Olympia denies such allegations.

42.     The allegations contained in Paragraph 42 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 42 is deemed to contain allegations against Olympia, Olympia denies such allegations.

43.     The allegations contained in Paragraph 43 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 43 is deemed to contain allegations against Olympia, Olympia denies such allegations.

44.     The allegations contained in Paragraph 44 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 44 is deemed to contain allegations against Olympia, Olympia denies such allegations.

45.     The allegations contained in Paragraph 45 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

11

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 45 is deemed to contain allegations against Olympia, Olympia denies such allegations.

46.     The allegations contained in Paragraph 46 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 46 is deemed to contain allegations against Olympia, Olympia denies such allegations.

47.     The allegations contained in Paragraph 47 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 47 is deemed to contain allegations against Olympia, Olympia denies such allegations.

48.     The allegations contained in Paragraph 48 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 48 is deemed to contain allegations against Olympia, Olympia denies such allegations.

49.     The allegations contained in Paragraph 49 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 49 is deemed to contain allegations against Olympia, Olympia denies such allegations.

50.      The allegations contained in Paragraph 50 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 50 is deemed to contain allegations against Olympia, Olympia denies such allegations.

51.      The allegations contained in Paragraph 51 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 51 is deemed to contain allegations against Olympia, Olympia denies such allegations.

52.      The allegations contained in Paragraph 52 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 52 is deemed to contain allegations against Olympia, Olympia denies such allegations.

53.      The allegations contained in Paragraph 53 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 53 is deemed to contain allegations against Olympia, Olympia denies such allegations.

54.     The allegations contained in Paragraph 54 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 54 is deemed to contain allegations against Olympia, Olympia denies such allegations.

55.     The allegations contained in Paragraph 55 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 55 is deemed to contain allegations against Olympia, Olympia denies such allegations.

56.     The allegations contained in Paragraph 56 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 56 is deemed to contain allegations against Olympia, Olympia denies such allegations.

57.     The allegations contained in Paragraph 57 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 57 is deemed to contain allegations against Olympia, Olympia denies such allegations.

58.     The allegations contained in Paragraph 58 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 58 is deemed to contain allegations against Olympia, Olympia denies such allegations.

59.     The allegations contained in Paragraph 59 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 59 is deemed to contain allegations against Olympia, Olympia denies such allegations.

60.     The allegations contained in Paragraph 60 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 60 is deemed to contain allegations against Olympia, Olympia denies such allegations.

61.     The allegations contained in Paragraph 61 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

15

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 61 is deemed to contain allegations against Olympia, Olympia denies such allegations.

62.     The allegations contained in Paragraph 62 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 62 is deemed to contain allegations against Olympia, Olympia denies such allegations.

63.     The allegations contained in Paragraph 63 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 63 is deemed to contain allegations against Olympia, Olympia denies such allegations.

64.     The allegations contained in Paragraph 64 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 64 is deemed to contain allegations against Olympia, Olympia denies such allegations.

65.     The allegations contained in Paragraph 65 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

16

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 65 is deemed to contain allegations against Olympia, Olympia denies such allegations.

66.     The allegations contained in Paragraph 66 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 66 is deemed to contain allegations against Olympia, Olympia denies such allegations.

67.     The allegations contained in Paragraph 67 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 67 is deemed to contain allegations against Olympia, Olympia denies such allegations.

68.     The allegations contained in Paragraph 68 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 68 is deemed to contain allegations against Olympia, Olympia denies such allegations.

69.     The allegations contained in Paragraph 69 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

17

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 69 is deemed to contain allegations against Olympia, Olympia denies such allegations.

70.     The allegations contained in Paragraph 70 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 70 is deemed to contain allegations against Olympia, Olympia denies such allegations.

71.     The allegations contained in Paragraph 71 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 71 is deemed to contain allegations against Olympia, Olympia denies such allegations.

72.     The allegations contained in Paragraph 72 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 72 is deemed to contain allegations against Olympia, Olympia denies such allegations.

73.     The allegations contained in Paragraph 73 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 73 is deemed to contain allegations against Olympia, Olympia denies such allegations.

74.     The allegations contained in Paragraph 74 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 74 is deemed to contain allegations against Olympia, Olympia denies such allegations.

75.     The allegations contained in Paragraph 75 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 75 is deemed to contain allegations against Olympia, Olympia denies such allegations.

76.     The allegations contained in Paragraph 76 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 76 is deemed to contain allegations against Olympia, Olympia denies such allegations.

77.     The allegations contained in Paragraph 77 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 77 is deemed to contain allegations against Olympia, Olympia denies such allegations.

78.     The allegations contained in Paragraph 78 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 78 is deemed to contain allegations against Olympia, Olympia denies such allegations.

79.     The allegations contained in Paragraph 79 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 79 is deemed to contain allegations against Olympia, Olympia denies such allegations.

80.     The allegations contained in Paragraph 80 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 80 is deemed to contain allegations against Olympia, Olympia denies such allegations.

81.     The allegations contained in Paragraph 81 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 81 is deemed to contain allegations against Olympia, Olympia denies such allegations.

82.     The allegations contained in Paragraph 82 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 82 is deemed to contain allegations against Olympia, Olympia denies such allegations.

83.     The allegations contained in Paragraph 83 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 83 is deemed to contain allegations against Olympia, Olympia denies such allegations.

84.     The allegations contained in Paragraph 84 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 84 is deemed to contain allegations against Olympia, Olympia denies such allegations.

85.     The allegations contained in Paragraph 85 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 85 is deemed to contain allegations against Olympia, Olympia denies such allegations.

86.     The allegations contained in Paragraph 86 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 86 is deemed to contain allegations against Olympia, Olympia denies such allegations.

87.     The allegations contained in Paragraph 87 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 87 is deemed to contain allegations against Olympia, Olympia denies such allegations.

88.     The allegations contained in Paragraph 88 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 88 is deemed to contain allegations against Olympia, Olympia denies such allegations.

89.     Olympia admits it is an Oklahoma Business entity, with its principal place of business in Oklahoma, and is authorized to conduct business in Oklahoma. Olympia admits that it

has sold, and continues to sell, prescription opioids at its single pharmacy location in Oklahoma. Olympia is unaware of any Plaintiff owned hospitals, clinics, and health care facilities located near the single Defendant owned pharmacy location.  As to the remaining allegations in Paragraph 89, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

90.     The allegations contained in Paragraph 90 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 90 is deemed to contain allegations against Olympia, Olympia denies such allegations.

91.     The allegations contained in Paragraph 91 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 91 is deemed to contain allegations against Olympia, Olympia denies such allegations.

92.     Olympia denies the allegations contained in Paragraph 92 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 92 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

93.     Olympia objects to the court's subject matter jurisdiction as alleged in Paragraph 93.

94.     Olympia objects to the court's personal jurisdiction as alleged in Paragraph 94.

95.     Olympia objects to venue in this court as alleged in Paragraph 95.

96.     Olympia admits opioids are a class of substances that include legal, prescription medication such as pain relievers. Olympia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

97.     Olympia admits that the marketing, distribution, and sale of prescription opioid medications are heavily regulated by federal and state law. Moreover, to the extent Paragraph 97 is deemed to contain allegations against Olympia, Olympia denies such allegations.

98.     Olympia denies the allegations contained in Paragraph 98 as they apply to Olympia. Further, the remaining allegations contained in Paragraph 98 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

99.     The allegations contained in Paragraph 99 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 99 is deemed to contain allegations against Olympia, Olympia denies such allegations.

100.    The allegations contained in Paragraph 100 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 100 is deemed to contain allegations against Olympia, Olympia denies such allegations.

101.    The allegations contained in Paragraph 101 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 101 is deemed to contain allegations against Olympia, Olympia denies such allegations.

102.    The allegations contained in Paragraph 102 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 102 is deemed to contain allegations against Olympia, Olympia denies such allegations.

103.    The allegations contained in Paragraph 103 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 103 is deemed to contain allegations against Olympia, Olympia denies such allegations.

104.    The allegations contained in Paragraph 104 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 104 is deemed to contain allegations against Olympia, Olympia denies such allegations.

105.    The allegations contained in Paragraph 105 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 105 is deemed to contain allegations against Olympia, Olympia denies such allegations.

106.    The allegations contained in Paragraph 106 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 106 is deemed to contain allegations against Olympia, Olympia denies such allegations.

107.    The allegations contained in Paragraph 107 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 107 is deemed to contain allegations against Olympia, Olympia denies such allegations.

108.    The allegations contained in Paragraph 108 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 108 is deemed to contain allegations against Olympia, Olympia denies such allegations.

109.     The allegations contained in Paragraph 109 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 109 is deemed to contain allegations against Olympia, Olympia denies such allegations.

110.     The allegations contained in Paragraph 110 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 110 is deemed to contain allegations against Olympia, Olympia denies such allegations.

111.     The allegations contained in Paragraph 111 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 111 is deemed to contain allegations against Olympia, Olympia denies such allegations.

112.     The allegations contained in Paragraph 112 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 112 is deemed to contain allegations against Olympia, Olympia denies such allegations.

113.     The allegations contained in Paragraph 113 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 113 is deemed to contain allegations against Olympia, Olympia denies such allegations.

114.     The allegations contained in Paragraph 114 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 114 is deemed to contain allegations against Olympia, Olympia denies such allegations.

115.     The allegations contained in Paragraph 115 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 115 is deemed to contain allegations against Olympia, Olympia denies such allegations.

116.     The allegations contained in Paragraph 116 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 116 is deemed to contain allegations against Olympia, Olympia denies such allegations.

117.    The allegations contained in Paragraph 117 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 117 is deemed to contain allegations against Olympia, Olympia denies such allegations.

118.    The allegations contained in Paragraph 118 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 118 is deemed to contain allegations against Olympia, Olympia denies such allegations.

119.    The allegations contained in Paragraph 119 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 119 is deemed to contain allegations against Olympia, Olympia denies such allegations.

120.    The allegations contained in Paragraph 120 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 120 is deemed to contain allegations against Olympia, Olympia denies such allegations.

121.     The allegations contained in Paragraph 121 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 121 is deemed to contain allegations against Olympia, Olympia denies such allegations.

122.     The allegations contained in Paragraph 122 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 122 is deemed to contain allegations against Olympia, Olympia denies such allegations.

123.     The allegations contained in Paragraph 123 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 123 is deemed to contain allegations against Olympia, Olympia denies such allegations.

124.     The allegations contained in Paragraph 124 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 124 is deemed to contain allegations against Olympia, Olympia denies such allegations.

125.     The allegations contained in Paragraph 125 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 125 is deemed to contain allegations against Olympia, Olympia denies such allegations.

126.     The allegations contained in Paragraph 126 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 126 is deemed to contain allegations against Olympia, Olympia denies such allegations.

127.     The allegations contained in Paragraph 127 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 127 is deemed to contain allegations against Olympia, Olympia denies such allegations.

128.     The allegations contained in Paragraph 128 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 128 is deemed to contain allegations against Olympia, Olympia denies such allegations.

129.     The allegations contained in Paragraph 129 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 129 is deemed to contain allegations against Olympia, Olympia denies such allegations.

130.     The allegations contained in Paragraph 130 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 130 is deemed to contain allegations against Olympia, Olympia denies such allegations.

131.     The allegations contained in Paragraph 131 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 131 is deemed to contain allegations against Olympia, Olympia denies such allegations.

132.     The allegations contained in Paragraph 132 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 132 is deemed to contain allegations against Olympia, Olympia denies such allegations.

133.    The allegations contained in Paragraph 133 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 133 is deemed to contain allegations against Olympia, Olympia denies such allegations.

134.    The allegations contained in Paragraph 134 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 134 is deemed to contain allegations against Olympia, Olympia denies such allegations.

135.    The allegations contained in Paragraph 135 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 135 is deemed to contain allegations against Olympia, Olympia denies such allegations.

136.    The allegations contained in Paragraph 136 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 136 is deemed to contain allegations against Olympia, Olympia denies such allegations.

137.    The allegations contained in Paragraph 137 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 137 is deemed to contain allegations against Olympia, Olympia denies such allegations.

138.    The allegations contained in Paragraph 138 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 138 is deemed to contain allegations against Olympia, Olympia denies such allegations.

139.    The allegations contained in Paragraph 139 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 139 is deemed to contain allegations against Olympia, Olympia denies such allegations.

140.    The allegations contained in Paragraph 140 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 140 is deemed to contain allegations against Olympia, Olympia denies such allegations.

141.    The allegations contained in Paragraph 141 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 141 is deemed to contain allegations against Olympia, Olympia denies such allegations.

142.    The allegations contained in Paragraph 142 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 142 is deemed to contain allegations against Olympia, Olympia denies such allegations.

143.    The allegations contained in Paragraph 143 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 143 is deemed to contain allegations against Olympia, Olympia denies such allegations.

144.    The allegations contained in Paragraph 144 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 144 is deemed to contain allegations against Olympia, Olympia denies such allegations.

145. The allegations contained in Paragraph 145 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 145 is deemed to contain allegations against Olympia, Olympia denies such allegations.

146. The allegations contained in Paragraph 146 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 146 is deemed to contain allegations against Olympia, Olympia denies such allegations.

147. The allegations contained in Paragraph 147 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 147 is deemed to contain allegations against Olympia, Olympia denies such allegations.

148. The allegations contained in Paragraph 148 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 148 is deemed to contain allegations against Olympia, Olympia denies such allegations.

149.      The allegations contained in Paragraph 149 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 149 is deemed to contain allegations against Olympia, Olympia denies such allegations.

150.      The allegations contained in Paragraph 150 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 150 is deemed to contain allegations against Olympia, Olympia denies such allegations.

151.      The allegations contained in Paragraph 151 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 151 is deemed to contain allegations against Olympia, Olympia denies such allegations.

152.      The allegations contained in Paragraph 152 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 152 is deemed to contain allegations against Olympia, Olympia denies such allegations.

153.    The allegations contained in Paragraph 153 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 153 is deemed to contain allegations against Olympia, Olympia denies such allegations.

154.    The allegations contained in Paragraph 154 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 154 is deemed to contain allegations against Olympia, Olympia denies such allegations.

155.    The allegations contained in Paragraph 155 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 155 is deemed to contain allegations against Olympia, Olympia denies such allegations.

156.    The allegations contained in Paragraph 156 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 156 is deemed to contain allegations against Olympia, Olympia denies such allegations.

157.    The allegations contained in Paragraph 157 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 157 is deemed to contain allegations against Olympia, Olympia denies such allegations.

158.    The allegations contained in Paragraph 158 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 158 is deemed to contain allegations against Olympia, Olympia denies such allegations.

159.    The allegations contained in Paragraph 159 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 159 is deemed to contain allegations against Olympia, Olympia denies such allegations.

160.    The allegations contained in Paragraph 160 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 160 is deemed to contain allegations against Olympia, Olympia denies such allegations.

161.     The allegations contained in Paragraph 161 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 161 is deemed to contain allegations against Olympia, Olympia denies such allegations.

162.     Paragraph 162 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 162 is deemed to contain allegations against Olympia, Olympia denies such allegations to the extent they are inconsistent with governing law.

163.     Paragraph 163 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 163 is deemed to contain allegations against Olympia, Olympia denies such allegations to the extent they are inconsistent with governing law.

164.     Paragraph 164 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 164 is deemed to contain allegations

against Olympia, Olympia denies such allegations to the extent they are inconsistent with governing law.

165.    Paragraph 165 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia denies the allegations.

166.    The allegations contained in Paragraph 166 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 166 is deemed to contain allegations against Olympia, Olympia denies such allegations.

167.    The allegations contained in Paragraph 167 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 167 is deemed to contain allegations against Olympia, Olympia denies such allegations.

168.    The allegations contained in Paragraph 168 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 168 is deemed to contain allegations against Olympia, Olympia denies such allegations.

169.    The allegations contained in Paragraph 169 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 169 is deemed to contain allegations against Olympia, Olympia denies such allegations.

170.   Paragraph 170 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia denies the allegations to the extent they are inconsistent with FCSA.

171.   Paragraph 171 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia denies the allegations to the extent they are inconsistent with 21 C.F.R. § 1301.71(a) and 21 C.F.R. § 1306.04(a).

172.   Paragraph 172 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia denies the allegations to the extent they are inconsistent with governing law.

173.   Paragraph 173 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Paragraph 173 refers to a document published by DEA, which speaks for itself and Olympia denies the allegations to the extent they are inconsistent with the DEA document and governing law.

174.   The allegations of Paragraph 174 are too vague to require a response. To the extent a response to such allegations is required, Olympia denies the allegations.

175.   The allegations of Paragraph 175 are too vague to require a response. To the extent a response to such allegations is required, Olympia denies the allegations.

176.   The allegations of Paragraph 176 are too vague to require a response. To the extent a response to such allegations is required, Olympia denies the allegations.

177.   Olympia admits that DEA issues identification numbers to prescribers. The second,

third, and fourth sentences of Paragraph 177 appear to refer to requirements of unidentified alleged "industry standards." Because Olympia does not know what alleged "industry standards" Plaintiff is referring to, Olympia denies the allegations

178.     The allegations contained in Paragraph 178 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 178 is deemed to contain allegations against Olympia, Olympia denies such allegations.

179.     The allegations contained in Paragraph 179 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 179 is deemed to contain allegations against Olympia, Olympia denies such allegations.

180.     Paragraph 180 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

181.     The allegations contained in Paragraph 181 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 181 is deemed to contain allegations against Olympia, Olympia denies such allegations.

182.     Paragraph 182 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

183.     Paragraph 183 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

184.     Paragraph 184 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

185.     Paragraph 185 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

186.     Paragraph 186 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with federal and Oklahoma law.

187.     Paragraph 187 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with federal and Oklahoma law.

188.     Paragraph 188 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

189.     Paragraph 189 does not state allegations of fact, but instead characterizes Plaintiff's

claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

190.    Paragraph 190 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

191.    Paragraph 191 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with Oklahoma law.

192.    The allegations of Paragraph 192 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

193.    The allegations of Paragraph 193 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

194.    The allegations of Paragraph 194 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

195.    The allegations of Paragraph 195 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

196.    Paragraph 196 states legal conclusions as to which no response is required. To the extent a response to such allegations is required, Olympia denies the allegations.

197.    The allegations of Paragraph 197 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

198.    The allegations of Paragraph 198 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

199.    Paragraph 199 states legal conclusions as to which no response is required. To the extent that a response is found to be required, Olympia denies the allegations of sentences one and

two to the extent they are inconsistent with Oklahoma law, and denies the allegations of sentence three of Paragraph 199 to the extent it is intended to refer to Olympia.

200. The allegations contained in Paragraph 200 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 200 is deemed to contain allegations against Olympia, Olympia denies such allegations.

201. The allegations contained in Paragraph 201 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 201 is deemed to contain allegations against Olympia, Olympia denies such allegations.

202. The allegations contained in Paragraph 202 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 202 is deemed to contain allegations against Olympia, Olympia denies such allegations.

203. The allegations contained in Paragraph 203 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 203 is deemed to contain allegations against Olympia, Olympia denies such allegations.

204.     The allegations contained in Paragraph 204 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 204 is deemed to contain allegations against Olympia, Olympia denies such allegations.

205.     The allegations contained in Paragraph 205 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 205 is deemed to contain allegations against Olympia, Olympia denies such allegations.

206.     The allegations contained in Paragraph 206 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 206 is deemed to contain allegations against Olympia, Olympia denies such allegations.

207.     The allegations contained in Paragraph 207 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

47

extent Paragraph 207 is deemed to contain allegations against Olympia, Olympia denies such allegations.

208.    The allegations contained in Paragraph 208 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 208 is deemed to contain allegations against Olympia, Olympia denies such allegations.

209.    The allegations contained in Paragraph 209 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 209 is deemed to contain allegations against Olympia, Olympia denies such allegations.

210.    The allegations contained in Paragraph 210 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 210 is deemed to contain allegations against Olympia, Olympia denies such allegations.

211.    The allegations contained in Paragraph 211 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 211 is deemed to contain allegations against Olympia, Olympia denies such allegations.

212.    The allegations contained in Paragraph 212 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 212 is deemed to contain allegations against Olympia, Olympia denies such allegations.

213.    The allegations contained in Paragraph 213 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 213 is deemed to contain allegations against Olympia, Olympia denies such allegations.

214.    The allegations contained in Paragraph 214 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 214 is deemed to contain allegations against Olympia, Olympia denies such allegations.

215.    The allegations contained in Paragraph 215 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 215 is deemed to contain allegations against Olympia, Olympia denies such allegations.

216.     The allegations contained in Paragraph 216 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 216 is deemed to contain allegations against Olympia, Olympia denies such allegations.

217.     The allegations contained in Paragraph 217 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 217 is deemed to contain allegations against Olympia, Olympia denies such allegations.

218.     The allegations contained in Paragraph 218 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 218 is deemed to contain allegations against Olympia, Olympia denies such allegations.

219.     The allegations contained in Paragraph 219 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 219 is deemed to contain allegations against Olympia, Olympia denies such allegations.

220.     The allegations contained in Paragraph 220 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 220 is deemed to contain allegations against Olympia, Olympia denies such allegations.

221.     The allegations contained in Paragraph 221 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 221 is deemed to contain allegations against Olympia, Olympia denies such allegations.

222.     The allegations contained in Paragraph 222 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 222 is deemed to contain allegations against Olympia, Olympia denies such allegations.

223.     The allegations contained in Paragraph 223 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 223 is deemed to contain allegations against Olympia, Olympia denies such allegations.

224.     The allegations contained in Paragraph 224 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 224 is deemed to contain allegations against Olympia, Olympia denies such allegations.

225.     The allegations contained in Paragraph 225 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 225 is deemed to contain allegations against Olympia, Olympia denies such allegations.

226.     The allegations contained in Paragraph 226 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 226 is deemed to contain allegations against Olympia, Olympia denies such allegations.

227.     The allegations contained in Paragraph 227 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 227 is deemed to contain allegations against Olympia, Olympia denies such allegations.

228.     The allegations contained in Paragraph 228 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 228 is deemed to contain allegations against Olympia, Olympia denies such allegations.

229.     The allegations contained in Paragraph 229 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 229 is deemed to contain allegations against Olympia, Olympia denies such allegations.

230.     The allegations contained in Paragraph 230 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 230 is deemed to contain allegations against Olympia, Olympia denies such allegations.

231.     The allegations contained in Paragraph 231 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 231 is deemed to contain allegations against Olympia, Olympia denies such allegations.

232.     The allegations contained in Paragraph 232 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 232 is deemed to contain allegations against Olympia, Olympia denies such allegations.

233.     The allegations contained in Paragraph 233 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 233 is deemed to contain allegations against Olympia, Olympia denies such allegations.

234.     The allegations contained in Paragraph 234 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 234 is deemed to contain allegations against Olympia, Olympia denies such allegations.

235.     The allegations contained in Paragraph 235 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 235 is deemed to contain allegations against Olympia, Olympia denies such allegations.

236.    The allegations contained in Paragraph 236 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 236 is deemed to contain allegations against Olympia, Olympia denies such allegations.

237.    The allegations of Paragraph 237 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

238.    Paragraph 238 refers to various sources of alleged guidance provided to pharmacists, which speak for themselves. Olympia denies the allegations of the paragraph to the extent they are inconsistent with the cited sources of guidance.

239.    Paragraph 239 refers to guidance allegedly provided to pharmacists by the Florida Board of Pharmacy, which speaks for itself, is inapplicable to Oklahoma pharmacies, and therefore no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

240.    The allegations of Paragraph 240 are too vague to require a response. To the extent that a response is found to be required, Olympia denies the allegations.

241.    The allegations contained in the first sentence Paragraph 241 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations contained in sentence one of Paragraph 241 is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore

deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, sentence two of Paragraph 241 does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions as to which no response is required. To the extent a response is required, Olympia denies the allegations to the extent they are inconsistent with federal and Oklahoma law.

242.    The allegations contained in Paragraph 242 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 242 is deemed to contain allegations against Olympia, Olympia denies such allegations.

243.    The allegations contained in Paragraph 243 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 243 is deemed to contain allegations against Olympia, Olympia denies such allegations.

244.    Paragraph 244 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

245.    Paragraph 245 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

246.    Paragraph 246 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

247.    The allegations contained in Paragraph 247 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 247 is deemed to contain allegations against Olympia, Olympia denies such allegations.

248.    The allegations contained in Paragraph 248 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 248 is deemed to contain allegations against Olympia, Olympia denies such allegations.

249.    The allegations contained in Paragraph 249 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 249 is deemed to contain allegations against Olympia, Olympia denies such allegations.

250.    The allegations contained in Paragraph 250 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 250 is deemed to contain allegations against Olympia, Olympia denies such allegations.

251.    The allegations contained in Paragraph 251 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 251 is deemed to contain allegations against Olympia, Olympia denies such allegations.

252.    The allegations contained in Paragraph 252 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 252 is deemed to contain allegations against Olympia, Olympia denies such allegations.

253.    The allegations contained in Paragraph 253 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 253 is deemed to contain allegations against Olympia, Olympia denies such allegations.

254.     The allegations contained in Paragraph 254 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 254 is deemed to contain allegations against Olympia, Olympia denies such allegations.

255.     The allegations contained in Paragraph 255 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 255 is deemed to contain allegations against Olympia, Olympia denies such allegations.

256.     The allegations contained in Paragraph 256 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 256 is deemed to contain allegations against Olympia, Olympia denies such allegations.

257.     Paragraph 257 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

258.     Paragraph 258 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

259.     Paragraph 259 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

260.     Paragraph 260 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

261.     Paragraph 261 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

262.    Olympia denies the allegations in sentence one of Paragraph 262 to the extent the allegations are meant to refer to Olympia. To the extent the allegations are meant to refer to other Defendants, and a response is found to be required from Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

263.    Paragraph 263 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

264.    The allegations contained in Paragraph 264 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 264 is deemed to contain allegations against Olympia, Olympia denies such allegations.

265.    Paragraph 265 refers to a study published by the Substance Abuse and Mental Health Services Administration, which speaks for itself and no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

266.    Paragraph 266 refers to DEA data, which speaks for itself and no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

267.    Paragraph 267 refers to various statements and articles, which speaks for themselves and no response is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

268.    The allegations contained in Paragraph 268 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 268 is deemed to contain allegations against Olympia, Olympia denies such allegations.

269.    The allegations contained in Paragraph 269 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 269 is deemed to contain allegations against Olympia, Olympia denies such allegations.

270.    The allegations contained in Paragraph 270 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 270 is deemed to contain allegations against Olympia, Olympia denies such allegations.

271.    The allegations contained in Paragraph 271 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 271 is deemed to contain allegations against Olympia, Olympia denies such allegations.

272.    The allegations contained in Paragraph 272 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 272 is deemed to contain allegations against Olympia, Olympia denies such allegations.

273.    The allegations contained in Paragraph 273 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 273 is deemed to contain allegations against Olympia, Olympia denies such allegations.

274.    The allegations contained in Paragraph 274 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 274 is deemed to contain allegations against Olympia, Olympia denies such allegations.

275.    The allegations contained in Paragraph 275 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 275 is deemed to contain allegations against Olympia, Olympia denies such allegations.

276.    The allegations contained in Paragraph 276 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 276 is deemed to contain allegations against Olympia, Olympia denies such allegations.

277.    The allegations contained in Paragraph 277 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 277 is deemed to contain allegations against Olympia, Olympia denies such allegations.

278.    The allegations contained in Paragraph 278 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 278 is deemed to contain allegations against Olympia, Olympia denies such allegations.

279.    The allegations contained in Paragraph 279 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 279 is deemed to contain allegations against Olympia, Olympia denies such allegations.

280.    The allegations contained in Paragraph 280 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 280 is deemed to contain allegations against Olympia, Olympia denies such allegations.

281.    The allegations contained in Paragraph 281 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 281 is deemed to contain allegations against Olympia, Olympia denies such allegations.

282.    The allegations contained in Paragraph 282 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 282 is deemed to contain allegations against Olympia, Olympia denies such allegations.

283. The allegations contained in Paragraph 283 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 283 is deemed to contain allegations against Olympia, Olympia denies such allegations.

284. The allegations contained in Paragraph 284 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 284 is deemed to contain allegations against Olympia, Olympia denies such allegations.

285. Paragraph 285 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

286. Paragraph 286 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

287.    Paragraph 287 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

288.    Paragraph 288 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

289.    Paragraph 289 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

290.    Paragraph 290 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

291.    Paragraph 291 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

292.    Paragraph 292 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

293.    Paragraph 293 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

294.    Paragraph 294 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

295.     Paragraph 295 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

296.     The allegations contained in Paragraph 296 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 296 is deemed to contain allegations against Olympia, Olympia denies such allegations.

297.     The allegations contained in Paragraph 297 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 297 is deemed to contain allegations against Olympia, Olympia denies such allegations.

298.     The allegations contained in Paragraph 298 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 298 is deemed to contain allegations against Olympia, Olympia denies such allegations.

299.     The allegations contained in Paragraph 299 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 299 is deemed to contain allegations against Olympia, Olympia denies such allegations.

300.     The allegations contained in Paragraph 300 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 300 is deemed to contain allegations against Olympia, Olympia denies such allegations.

301.     The allegations contained in Paragraph 301 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 301 is deemed to contain allegations against Olympia, Olympia denies such allegations.

302.     The allegations contained in Paragraph 302 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 302 is deemed to contain allegations against Olympia, Olympia denies such allegations.

303.     The allegations contained in Paragraph 303 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 303 is deemed to contain allegations against Olympia, Olympia denies such allegations.

304.     The allegations contained in Paragraph 304 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 304 is deemed to contain allegations against Olympia, Olympia denies such allegations.

305.     The allegations contained in Paragraph 305 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 305 is deemed to contain allegations against Olympia, Olympia denies such allegations.

306.     The allegations contained in Paragraph 306 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 306 is deemed to contain allegations against Olympia, Olympia denies such allegations.

307.    The allegations contained in Paragraph 307 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 307 is deemed to contain allegations against Olympia, Olympia denies such allegations.

308.    The allegations contained in Paragraph 308 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 308 is deemed to contain allegations against Olympia, Olympia denies such allegations.

309.    The allegations contained in Paragraph 309 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 309 is deemed to contain allegations against Olympia, Olympia denies such allegations.

310.    The allegations contained in Paragraph 310 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 310 is deemed to contain allegations against Olympia, Olympia denies such allegations.

311.    The allegations contained in Paragraph 311 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 311 is deemed to contain allegations against Olympia, Olympia denies such allegations.

312.    The allegations contained in Paragraph 312 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 312 is deemed to contain allegations against Olympia, Olympia denies such allegations.

313.    The allegations contained in Paragraph 313 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 313 is deemed to contain allegations against Olympia, Olympia denies such allegations.

314.    The allegations contained in Paragraph 314 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 314 is deemed to contain allegations against Olympia, Olympia denies such allegations.

315.    The allegations contained in Paragraph 315 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 315 is deemed to contain allegations against Olympia, Olympia denies such allegations.

316.    The allegations contained in Paragraph 316 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 316 is deemed to contain allegations against Olympia, Olympia denies such allegations.

317.    The allegations contained in Paragraph 317 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 317 is deemed to contain allegations against Olympia, Olympia denies such allegations.

318.    The allegations contained in Paragraph 318 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 318 is deemed to contain allegations against Olympia, Olympia denies such allegations.

319.    The allegations contained in Paragraph 319 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 319 is deemed to contain allegations against Olympia, Olympia denies such allegations.

320.    The allegations contained in Paragraph 320 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 320 is deemed to contain allegations against Olympia, Olympia denies such allegations.

321.    The allegations contained in Paragraph 321 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 321 is deemed to contain allegations against Olympia, Olympia denies such allegations.

322.    The allegations contained in Paragraph 322 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 322 is deemed to contain allegations against Olympia, Olympia denies such allegations.

323.    The allegations contained in Paragraph 323 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 323 is deemed to contain allegations against Olympia, Olympia denies such allegations.

324.    The allegations contained in Paragraph 324 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 324 is deemed to contain allegations against Olympia, Olympia denies such allegations.

325.    The allegations contained in Paragraph 325 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 325 is deemed to contain allegations against Olympia, Olympia denies such allegations.

326.    The allegations contained in Paragraph 326 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is

required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 326 is deemed to contain allegations against Olympia, Olympia denies such allegations.

327.    The allegations contained in Paragraph 327 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 327 is deemed to contain allegations against Olympia, Olympia denies such allegations.

328.    The allegations contained in Paragraph 328 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 328 is deemed to contain allegations against Olympia, Olympia denies such allegations.

329.    Paragraph 329 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

330.    To the extent Paragraph 330 is deemed to contain allegations against Olympia, Olympia denies such allegations. To the extent the allegations are meant to refer to other Defendants

and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

331.     Paragraph 331 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

332.     Paragraph 332 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

333.     Paragraph 333 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

334.     Paragraph 334 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

335.     Paragraph 335 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

336.     Paragraph 336 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

337.     Paragraph 337 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

338.     Paragraph 338 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

339.     The allegations contained in Paragraph 339 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 339 is deemed to contain allegations against Olympia, Olympia denies such allegations.

340.     Paragraph 340 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

341.     Paragraph 341 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

342.     Paragraph 342 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

343.    Paragraph 343 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

344.    Paragraph 344 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

345.    Paragraph 345 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

346.    Paragraph 346 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

347.     Paragraph 347 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

348.     Paragraph 348 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

349.     Paragraph 349 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

350.     Paragraph 350, which summarizes Plaintiff's claims, does not require a response. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required,

and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

351.    Paragraph 351, which summarizes Plaintiff's claims, does not require a response. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

352.    Paragraph 352, which summarizes Plaintiff's claims, does not require a response. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

353.    The allegations contained in Paragraph 353 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 353 is deemed to contain allegations against Olympia, Olympia denies such allegations.

354.    The allegations contained in Paragraph 354 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 354 is deemed to contain allegations against Olympia, Olympia denies such allegations.

355.    The allegations contained in Paragraph 355 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 355 is deemed to contain allegations against Olympia, Olympia denies such allegations.

356.    The allegations contained in Paragraph 356 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 356 is deemed to contain allegations against Olympia, Olympia denies such allegations.

357.    The allegations contained in Paragraph 357 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 357 is deemed to contain allegations against Olympia, Olympia denies such allegations.

358.    The allegations contained in Paragraph 358 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 358 is deemed to contain allegations against Olympia, Olympia denies such allegations.

359.     The allegations contained in Paragraph 359 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 359 is deemed to contain allegations against Olympia, Olympia denies such allegations.

360.     The allegations contained in Paragraph 360 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 360 is deemed to contain allegations against Olympia, Olympia denies such allegations.

361.     The allegations contained in Paragraph 361 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 361 is deemed to contain allegations against Olympia, Olympia denies such allegations.

362.     The allegations contained in Paragraph 362 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 362 is deemed to contain allegations against Olympia, Olympia denies such allegations.

363.    The allegations contained in Paragraph 363 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 363 is deemed to contain allegations against Olympia, Olympia denies such allegations.

364.    The allegations contained in Paragraph 364 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 364 is deemed to contain allegations against Olympia, Olympia denies such allegations.

365.    The allegations contained in Paragraph 365 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 365 is deemed to contain allegations against Olympia, Olympia denies such allegations.

366.    The allegations contained in Paragraph 366 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 366 is deemed to contain allegations against Olympia, Olympia denies such allegations.

367.    The allegations contained in Paragraph 367 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 367 is deemed to contain allegations against Olympia, Olympia denies such allegations.

368.    The allegations contained in Paragraph 368 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 368 is deemed to contain allegations against Olympia, Olympia denies such allegations.

369.    The allegations contained in Paragraph 369 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 369 is deemed to contain allegations against Olympia, Olympia denies such allegations.

370.    The allegations contained in Paragraph 370 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 370 is deemed to contain allegations against Olympia, Olympia denies such allegations.

371.    The allegations contained in Paragraph 371 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 371 is deemed to contain allegations against Olympia, Olympia denies such allegations.

372.    The allegations contained in Paragraph 372 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 372 is deemed to contain allegations against Olympia, Olympia denies such allegations.

373.    The allegations contained in Paragraph 373 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 373 is deemed to contain allegations against Olympia, Olympia denies such allegations.

374.    The allegations contained in Paragraph 374 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 374 is deemed to contain allegations against Olympia, Olympia denies such allegations.

375.    The allegations contained in Paragraph 375 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 375 is deemed to contain allegations against Olympia, Olympia denies such allegations.

376.    The allegations contained in Paragraph 376 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 376 is deemed to contain allegations against Olympia, Olympia denies such allegations.

377.    The allegations contained in Paragraph 377 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 377 is deemed to contain allegations against Olympia, Olympia denies such allegations.

378.    The allegations contained in Paragraph 378 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 378 is deemed to contain allegations against Olympia, Olympia denies such allegations.

379.    The allegations contained in Paragraph 379 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

380.    Olympia repeats its responses to each of the foregoing paragraphs.

381.    Paragraph 381 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

382.    Paragraph 382 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

383.    Paragraph 383 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

384.    Paragraph 384 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Olympia denies that it has been a member, participant, or sponsor of HDA.

385.    Paragraph 385 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

386.    Paragraph 386 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

387.    Paragraph 387 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

388.    Paragraph 388 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

389.    Paragraph 389 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

390.    Paragraph 390 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

391.    Paragraph 391 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

392.     Paragraph 392 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

393.     Paragraph 393 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

394.     Paragraph 394 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

395.     Paragraph 395 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

396.    Paragraph 396 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

397.    Paragraph 397 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

398.    Paragraph 398 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

399.    Paragraph 399 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

400.    Paragraph 400 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

401.    Paragraph 401 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

402.    Paragraph 402 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

403.    Paragraph 403 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

404.     Paragraph 404 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

405.     Paragraph 405 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

406.     Paragraph 406 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

407.     Paragraph 407 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to

96

the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

408.    Paragraph 408 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

409.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Olympia repeats its responses to each of the foregoing paragraphs.

410.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 410 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

411.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 411 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants,

Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

412.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 412 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

413.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, The allegations contained in Paragraph 413 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

414.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 414 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

415.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 415 states legal conclusions as to which

no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

416.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, Paragraph 416 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

417.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, To the extent Paragraph 417 is deemed to contain allegations against Olympia, Olympia denies such allegations. To the extent the allegations are meant to refer to other Defendants and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

418.    Plaintiff's Lanham Act claim has been previously dismissed by the Court, and therefore no response is required. Additionally, To the extent Paragraph 418 is deemed to contain allegations against Olympia, Olympia denies such allegations. To the extent the allegations are meant to refer to other Defendants and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

419.    Olympia repeats its responses to each of the foregoing paragraphs.

420.    The allegations contained in Paragraph 420 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 420 is deemed to contain allegations against Olympia, Olympia denies such allegations.

421.    The allegations contained in Paragraph 421 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 421 is deemed to contain allegations against Olympia, Olympia denies such allegations.

422.    The allegations contained in Paragraph 422 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 422 is deemed to contain allegations against Olympia, Olympia denies such allegations.

423.    The allegations contained in Paragraph 423 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 423 is deemed to contain allegations against Olympia, Olympia denies such

allegations.

424.     The allegations contained in Paragraph 424 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 424 is deemed to contain allegations against Olympia, Olympia denies such allegations.

425.     The allegations contained in Paragraph 425 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 425 is deemed to contain allegations against Olympia, Olympia denies such allegations.

426.     The allegations contained in Paragraph 426 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 426 is deemed to contain allegations against Olympia, Olympia denies such allegations.

427.     The allegations contained in Paragraph 427 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 427 is deemed to contain allegations against Olympia, Olympia denies such

allegations.

428.     The allegations contained in Paragraph 428 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 428 is deemed to contain allegations against Olympia, Olympia denies such allegations.

429.     The allegations contained in Paragraph 429 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 429 is deemed to contain allegations against Olympia, Olympia denies such allegations.

430.     The allegations contained in Paragraph 430 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 430 is deemed to contain allegations against Olympia, Olympia denies such allegations.

431.     The allegations contained in Paragraph 431 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 431 is deemed to contain allegations against Olympia, Olympia denies such

allegations.

432. The allegations contained in Paragraph 432 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 432 is deemed to contain allegations against Olympia, Olympia denies such allegations.

433. Olympia repeats its responses to each of the foregoing paragraphs.

434. The allegations contained in Paragraph 434 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 434 is deemed to contain allegations against Olympia, Olympia denies such allegations.

435. The allegations contained in Paragraph 435 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 435 is deemed to contain allegations against Olympia, Olympia denies such allegations.

436. The allegations contained in Paragraph 436 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 436 is deemed to contain allegations against Olympia, Olympia denies such allegations.

437.    The allegations contained in Paragraph 437 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 437 is deemed to contain allegations against Olympia, Olympia denies such allegations.

438.    The allegations contained in Paragraph 438 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 438 is deemed to contain allegations against Olympia, Olympia denies such allegations.

439.    The allegations contained in Paragraph 439 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 439 is deemed to contain allegations against Olympia, Olympia denies such allegations.

440.    The allegations contained in Paragraph 440 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 440 is deemed to contain allegations against Olympia, Olympia denies such allegations.

441.    The allegations contained in Paragraph 441 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 441 is deemed to contain allegations against Olympia, Olympia denies such allegations.

442.    The allegations contained in Paragraph 442 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 442 is deemed to contain allegations against Olympia, Olympia denies such allegations.

443.    The allegations contained in Paragraph 443 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 443 is deemed to contain allegations against Olympia, Olympia denies such allegations.

444.    The allegations contained in Paragraph 444 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 444 is deemed to contain allegations against Olympia, Olympia denies such allegations.

445.    The allegations contained in Paragraph 445 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 445 is deemed to contain allegations against Olympia, Olympia denies such allegations.

446.    Olympia repeats its responses to each of the foregoing paragraphs.

447.    The allegations contained in Paragraph 447 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 447 is deemed to contain allegations against Olympia, Olympia denies such allegations.

448.    The allegations contained in Paragraph 448 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 448 is deemed to contain allegations against Olympia, Olympia denies such allegations.

449.    The allegations contained in Paragraph 449 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth;

such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 449 is deemed to contain allegations against Olympia, Olympia denies such allegations.

450.    The allegations contained in Paragraph 450 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 450 is deemed to contain allegations against Olympia, Olympia denies such allegations.

451.    Olympia repeats its responses to each of the foregoing paragraphs.

452.    Paragraph 452 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

453.    Paragraph 453 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

454.    Paragraph 454 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to

Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

455.     Paragraph 455 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

456.     Paragraph 456 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

457.     Paragraph 457 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

458.     Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 458; such allegations are therefore deemed to be denied under

Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 458 is deemed to contain allegations against Olympia, Olympia denies such allegations.

459. Paragraph 459 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

460. Paragraph 460 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

461. Paragraph 461 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

462. Paragraph 462 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

463.    Paragraph 463 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

464.    Paragraph 464 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

465.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Olympia repeats its responses to each of the foregoing paragraphs.

466.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 466 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required,

110

and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

467.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 467 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

468.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 468 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

469.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is

required. Additionally, Paragraph 469 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

470.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 470 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

471.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 471 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

472.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 472 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

473.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 473 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

474.     Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 474 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required,

and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

475.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 475 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

476.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 476 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

477.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is

required. Additionally, Paragraph 477 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

478.    Plaintiff's Negligence Per Se claim related to the Oklahoma Uniform Controlled Dangerous Substance Act; the federal Controlled Dangerous Substance Act; and the Federal Food, Drug, and Cosmetic Act, have previously been dismissed by the Court, therefore no response is required. Additionally, Paragraph 478 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

479.    Olympia repeats its responses to each of the foregoing paragraphs.

480.    Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

481.    Paragraph 481 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be

115

denied under Fed. R. Civ. P. 8(b)(5).

482.    Paragraph 482 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

483.    Paragraph 483 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

484.    Paragraph 484 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

485.    Olympia repeats its responses to each of the foregoing paragraphs.

486.    The allegations contained in Paragraph 486 are not directed toward Olympia and therefore no response from Olympia is required. To the extent a response to such allegations is required, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 486 is deemed to contain allegations against Olympia, Olympia denies such allegations.

487.    To the extent the allegations in Paragraph 487 are meant to refer to Olympia, Olympia denies the allegations. To the extent the allegations are meant to refer to other Defendants and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

488.    To the extent the allegations in Paragraph 488 are meant to refer to Olympia, Olympia denies the allegations. To the extent the allegations are meant to refer to other Defendants and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

489.    To the extent the allegations in Paragraph 489 are meant to refer to Olympia, Olympia denies the allegations. To the extent the allegations are meant to refer to other Defendants and a response is found to be required of Olympia, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

490.    Paragraph 490 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

491.    Paragraph 491 states legal conclusions as to which no response is required. To the

117

extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

492.    Paragraph 92 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

493.    Paragraph 493 states legal conclusions as to which no response is required. To the extent that a response is found to be required, and to the extent the allegations are meant to refer to Olympia, Olympia denies the allegations. To the extent a response is found to be required, and to the extent the allegations are meant to refer to other Defendants, Olympia is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO PRAYER FOR RELIEF

Olympia admits that Plaintiff seeks the identified relief, but denies that Plaintiff has any legal entitlement to the relief sought from Olympia.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Olympia further denies any allegations that have not been expressly admitted

118

and sets forth below its defenses. By setting forth these defenses, Olympia does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, Olympia does not intend these defenses to be, nor shall they be construed as, an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Olympia does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense. Upon completion of discovery, if the facts warrant, Olympia may withdraw any of these defenses as may be appropriate. Olympia reserves the right to (i) rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action, (ii) rely on any other defenses that may become apparent during fact or expert discovery in this matter, and (iii) to amend its Answer to assert any such defenses.

1.      The First Amended Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

2.      Plaintiff's claims are barred by the applicable statutes of limitation.

3.      Plaintiff's claims are barred by the doctrine of laches.

4.      Plaintiff's claims are barred by the applicable statutes of repose.

5.      Plaintiff's claims are barred or limited for lack of standing.

6.      Plaintiff's claims are barred by the doctrine of primary jurisdiction.

7.      Plaintiff's claims are barred by the voluntary payment doctrine.

8.      Plaintiff's claims are barred by the doctrine of unclean hands.

9.      Plaintiff's claims are barred by the doctrine of *in pari delicto*.

10.     Venue may be improper and/or inconvenient in this Court.

11.     Plaintiff's claims are not ripe and/or have been mooted.

12.     Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers.

13.     Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its state law claims implicate issues of statewide importance that are reserved for state regulation.

14.     Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Olympia.

15.     Plaintiff's claims are barred because Plaintiff is not the real parties in interest.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims maintained, even indirectly, on behalf of its members and/or claims brought as *parens patriae*.

17.     Plaintiff's claims are barred to the extent Olympia has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

18.     Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

19.     Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

20.     Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Olympia that harmed patients and should not have been written, that Olympia' alleged improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any prescription was unauthorized, medically unnecessary, ineffective, harmful, or caused any of the injuries or harms for which Plaintiff seeks recovery.

21.     Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

22.     Plaintiff's claims against Olympia do not arise from the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

23.     Plaintiff failed to join all necessary and indispensable parties, including without limitation the DEA, health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in or contributed to the prescription, dispensing, diversion, or use of opioids.

24.     Olympia denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against Olympia.

25.     Plaintiff's claims are barred, in whole or in part, because Olympia did not proximately cause the Plaintiff's alleged damages, and because the acts of other persons, including without limitation individuals engaged in the illegal sale and/or use of opioids, intervened between Olympia' acts and Plaintiff's alleged harms.

26.     Plaintiff's claims are barred to the extent they are based on the intentional criminal acts of third parties, which Olympia had no duty to control or prevent and which act as superseding and/or intervening causes that extinguish any liability.

27.     Plaintiff's claims are barred because its alleged injuries and damages resulted from intervening and/or superseding causes, and any act or omission by Olympia was not the proximate and/or producing cause of Plaintiff's alleged injuries and damages.

28.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages, if any, were due to illicit use or abuse of the medications at issue by the medication users.

29.     Plaintiff's claims are barred to the extent its alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties over whom Olympia had no control and for whom it is not responsible.

121

30.     Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its members to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

31.     The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Olympia to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

32.     Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

33.     Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by Olympia.

34.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which Olympia had no control, including without limitation pre-existing or unrelated medical conditions.

35.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, by the alteration, modification, or criminal misuse of medications, and/or the improper prescription of medications by third parties over whom Olympia had no control.

36.     Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by Olympia in determining to use or prescribe the subject prescription medications.

37.     Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

38.     Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

39.     Any recovery by Plaintiffs may be barred or limited by the principle of comparative or contributory fault.

40.     Any recovery by Plaintiffs may be barred or limited by the principles of informed consent and/or assumption of the risk, whether primary, express, or implied.

41.     Olympia asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or plaintiff, of any damages found against Olympia.

42.     Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, or hypothetical.

43.     Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than Olympia, and in the event Olympia is found liable to Plaintiff, Olympia will be entitled to indemnification, contribution and/or apportionment.

44.     Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

45.     In the event of liability against Olympia (which liability is specifically denied), a percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) the Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited to opioid prescribers, their associates, and employers, including hospitals; non-party manufacturers of prescription opioids;

123

non-party distributors of prescription opioids; non-party pharmacies and pharmacists employed or formerly employed by those pharmacies; other individuals or entities involved in the manufacture, import, distribution, diversion, procurement, sale, dispensing, use, misuse, or abuse of prescription opioids and/or other medications or illegal drugs; delivery services; federal, state, and local government entities; health insurers and pharmacy benefit managers; and any other individuals or entities identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss.  *See* Okla. Stat. tit. 23 §§ 13-14.

46.     In the event of liability against Olympia (which liability is specifically denied), the facts will show that any recovery must be reduced pursuant to Okla. Stat. tit. 23 §§ 13-14 to account for the acts and omissions attributed to Plaintiff.

47.     Plaintiff failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made.  Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

48.     Plaintiff's claims are barred or limited by the economic loss rule.

49.     Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrine.

50.     Plaintiff's claims are barred to the extent they relate to Olympia' or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Oklahoma or that of any other state whose laws may apply.

51.     The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Okla. Stat. tit. 23 § 9.1.

52.     Any damages that Plaintiffs may recover against Olympia must be reduced to the extent that Plaintiffs are seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiffs may recover against Olympia must be reduced to the extent they unjustly enrich Plaintiffs.

53.     Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

54.     To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

55.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Oklahoma constitutions.

56.     Defendants' rights under the Due Process Clause of the U.S. Constitution and applicable state constitutions or statutes are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

57.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

58.     Plaintiff's claims are preempted by federal law, including without limitation the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

59.     Olympia' conduct conformed with the FDCA and the requirements of the FDA, and the activities of Olympia alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

60.     Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013).

61.     Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

62.     To the extent Plaintiffs assert claims that depend on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

63.     To the extent Plaintiffs assert claims that depend on violations of federal law, including any claims of "fraud on the DEA" with respect to Olympia' compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

64.     Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

65.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

66.     If Plaintiffs incurred the damages alleged, which is expressly denied, Olympia is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the

126

generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

67.     Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

68.     Olympia did not owe or breach any statutory or common law duty to Plaintiff.

69.     Olympia appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

70.     Plaintiff's claims are barred, in whole or in part, because Olympia complied at all relevant times with all applicable laws, including all legal and regulatory duties.

71.     To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Olympia' regulatory duties, such informal guidance cannot enlarge Olympia' regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

72.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

73.     Plaintiff's claims are barred, in whole or in part, by the RESTATEMENT (SECOND) OF TORTS § 402A, cmts. j and k, and RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6.

74.     Olympia is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

75.     Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Oklahoma Product Liability Act.

76.     Plaintiff's nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Oklahoma law.

77.     Plaintiff's nuisance claims are barred or limited to the extent that they have been abrogated by Okla. Stat. tit. 76 § 57.2(G).

78.     Plaintiff's claim of public nuisance is barred or limited because no action of Olympia involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Olympia is too remote from the alleged injury as a matter of law and due process.

79.     Plaintiff's claim for unjust enrichment is barred or limited because Olympia did not receive and retain any alleged benefit from Plaintiff.

80.     Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Oklahoma statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

81.     Plaintiff's claims are barred, reduced, and/or limited to the extent that Olympia is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

82.     To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

128

83. Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Olympia.

84. Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

85. Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

86. Plaintiff's claims are barred in whole or in part because no conduct of Olympia was misleading, unfair, or deceptive.

87. Plaintiff's claims may be barred because neither the users, nor the prescribers of the medications distributed by Olympia, nor Plaintiff itself, relied to their detriment upon any statement by Olympia in determining to use the medications at issue.

88. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

89. Olympia' liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Olympia is entitled to complete indemnity, express or implied, by other parties.

90. In the event of a finding of liability against Economy Pharmacy (which liability is specifically denied), its liability for damages is several only, and it can only be liable for the amount of damages allocated to it. 23 O.S. §15.

91. Plaintiff's claims are barred or limited by the Indian Healthcare Improvement Act, the Indian Self-Determination and Education Assistance Act, and/or the Federal Medical Care Recovery Act.

92.     This Court lacks subject matter jurisdiction.

93.     This Court lacks personal jurisdiction.

94.     Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth  Amendment to the United States Constitution, and applicable provisions of the Constitution of Oklahoma or that of any other state whose laws may apply.  Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it:

(1)     lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any;

(2)     is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties;

(3)     unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs;

(4)     permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence;

(5)      permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Defendants;

(6)      permits the imposition of punitive damages without any predetermined limit on any such award;

(7)      permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s);

(8)      unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any;

(9)      unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants;

(10)    lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

(11)    lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties;

(12)    would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, Oklahoma, and any other state whose laws may apply; and

(13)    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996);

*State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

95.     To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

96.     Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that Olympia was grossly negligent and Olympia has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

97.     Plaintiff cannot obtain relief on its claims based on actions undertaken by Olympia of which Olympia provided notice of all material facts.

98.     Plaintiff's RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise" for the purposes of RICO liability.

99.     Plaintiff's RICO claims are barred, in whole or in part, by the absence of an "association" between Defendant and any other defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

100.    Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not participate in any enterprise.

101.    Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not engage in a pattern of racketeering activity under RICO.

102.    Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

103.    Plaintiff's claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

104.    Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.23.

105.    Plaintiff's RICO claims are barred, in whole or in part, because there are no allegations that Defendant adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

106.    The federal RICO statute is unconstitutionally vague.

107.    Plaintiff's alleged damages do not constitute injury to business or property interests cognizable under RICO.

108.    Plaintiff's RICO claims are barred, in whole or in part, because the alleged predicate acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

109.    Olympia is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of Oklahoma or any other state whose substantive law might control the action.

110.    Olympia asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Okla. Stat. tit. 12 § 2012, as investigation and discovery proceeds.

111.    Olympia reserves the right to assert any other defense available under Oklahoma statutes, Oklahoma common law, the Oklahoma Constitution, and/or any other state constitution, statute, or regulation that may apply.

112.    To the extent they are not otherwise incorporated herein, Olympia incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants in this case.

113.    Olympia adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

## JURY DEMAND

Olympia hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Olympia prays for relief from judgment from Plaintiff as follows:

1.    Plaintiff take nothing by reason of this Complaint;

2.    Olympia recovers its costs and attorneys' fees incurred herein; and

3.    For such further and other relief as the Court deems proper.

Dated:  July 26, 2019

Respectfully submitted,

*/s/ Jim C. McGough*
Jim C. McGough, OBA #21285
Welsh & McGough, PLLC
Midway Building
2727 East 21st Street, Suite 600
Tulsa, OK 74114
(918) 585-8600 – telephone
(918) 794-4411 – facsimile
jim@tulsafirm.com
Counsel    for    Defendant    Olympia
Pharmacy

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Jim C. McGough*
Jim C. McGough