**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>*The Muscogee (Creek) Nation v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45459-DAP | MDL No. 2804<br><br>Case No. 1:17-md-02804-DAP<br><br>Hon. Dan Aaron Polster |

**<u>PHARMACY BUYING ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND</u>**

Defendant Pharmacy Buying Associates ("PBA"), by and through its undersigned attorney, hereby answers the allegations in the First Amended Complaint and Jury Demand (Case No. 17-md-2804 (N.D. Ohio), ECF 731) ("the Complaint") by Plaintiff, the Muscogee (Creek) Nation ("Muscogee Nation") in *The Muscogee (Creek) Nation v. Purdue Pharma L.P.*

**<u>PRELIMINARY STATEMENT</u>**

The following matters are incorporated by reference into PBA's responses to each paragraph of the Complaint:

A.　　To the extent that allegations are made against all Defendants, or against any subset of defendants including PBA, PBA only answers for itself and does not purport to answer for any other defendant or entity. "PBA" is construed to refer exclusively to Pharmacy Buying Associates, and no other entities. Where allegations are made against "Defendants" as a group, however described, the responses of PBA applies only to PBA.

B.　　Most of the allegations in the Complaint are not directed at PBA and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.      The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and PBA respectfully refers the Court to the respective materials for their complete contents.

D.      This Court has consolidated this action with the Blackfeet Tribe Nation, however, PBA is a named Defendants only in the Muscogee Nation case. The responses in this Answer therefore pertain only to the claims brought by the Muscogee Nation Plaintiffs.

E.      Except as otherwise expressly stated herein, PBA denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, and illustrations of the Complaint, and specifically denies liability to Plaintiffs. To the extent not expressly denied, all allegations for which PBA denies possessing knowledge or information sufficient to form a belief are denied.

F.      PBA reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

PBA admits that the Muscogee Nation are Plaintiffs to this action. PBA denies any liability and further denies the Plaintiffs are entitled to any relief. To the extent any further response is required, PBA denies the allegations in the Preamble.

## INTRODUCTION

1.      While PBA admits that prescription opioids are pain-reducing medications, PBA is without sufficient knowledge or information to form a belief about the truth of the remaining

allegations in Paragraph 1. To the extent any further response is required, PBA denies the allegations.

2.      While PBA admits that individuals have suffered from opioid addiction, abuse, and overdose, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

3.      The allegations in Paragraph 3 state a legal conclusion to which no response is required. To the extent any further answer is required, PBA denies the allegations.

4.      The allegations in Paragraph 4 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4, and therefore denies the allegations.

5.      The allegations in Paragraph 5 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

6.      While PBA admits that individuals have suffered from opioid addiction, abuse, and overdose, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6, and respectfully refers the Court to any cited statutes,

regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

7.      PBA admits that some citizens of the Muscogee Nation reside in Oklahoma, but denies that Muscogee Nation has suffered an injury different in kind that the general public. PBA is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 7, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

8.      PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8, and therefore denies the allegations.

9.      PBA admits that Manufacturers, Distributors, and Pharmacies participate in the legitimate supply chain for prescription opioids, but PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and therefore denies the allegations.

10.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the allegations

12.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12. To the extent and therefore denies the allegations.

13.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13, and respectfully refers the Court to any cited statutes,

regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent any further answer is required, PBA denies the allegations in Paragraph 14 insofar as they pertain to PBA's conduct. PBA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 14 pertaining to other Defendants and, on that basis, denies the allegations.

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent any further answer is required, PBA denies the allegations in Paragraph 15 insofar as they pertain to PBA's conduct. PBA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15 pertaining to other Defendants and, on that basis, denies the allegations.

16.     While PBA admits that individuals have suffered from opioid addiction, abuse, and overdose, but PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

17.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent any further answer is required, PBA denies the allegations in Paragraph 18 insofar as they pertain to PBA's conduct and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. Further, PBA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 pertaining to other Defendants and, on that basis, denies the allegations.

19.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent any further answer is required, PBA denies the allegations in Paragraph 20 insofar as they pertain to PBA's conduct. PBA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 20 pertaining to other Defendants and, on that basis, denies the allegations.

21.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21, and therefore denies the allegations.

22.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22, and therefore denies the allegations.

23.     The allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent any further answer is required, PBA admits that the Muscogee Nation are Plaintiffs to this Action, but PBA denies the remaining allegations in Paragraph 23 insofar as

they pertain to PBA's conduct. PBA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 pertaining to other Defendants and, on that basis, denies the allegations.

24.     PBA admits that the Muscogee Nation is seeking injunctive and monetary relief in this case, but denies any liability and further denies the Plaintiff is entitled to any relief. To the extent any further response is required, PBA denies the allegations in Paragraph 24 insofar as they pertain to PBA's conduct and PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24 pertaining to the other Defendants, and therefore denies the allegations.

**PARTIES**

**I.     PLAINTIFF**

25.     PBA admits the Nation is a federally recognized Indian tribe, but PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25, and therefore denies the allegations.

26.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26, and respectfully refer the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

27.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27, and therefore denies the allegations.

## II. DEFENDANTS

### A. Marketing Manufacturer Defendants

28-40. Paragraphs 28-40 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 28-40, and therefore denies the allegations.

### B. Diversion Manufacturer Defendants

41-43. Paragraphs 41-43 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 41-43, and therefore denies the allegations.

### C. Distributor Defendants

44-59. Paragraphs 44-59 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 44-59, and therefore denies the allegations.

60.    PBA admits that PBA is a Missouri business entity with its principal place of business in Missouri. PBA denies all remaining allegations in Paragraph 60.

61-62. Paragraphs 61-62 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 61-62, and therefore denies the allegations.

**D.**     **Pharmacy Defendants**

63-92.  Paragraphs 63-92 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 63-92, and therefore denies the allegations.

## JURISDICTION AND VENUE

93.     The allegations in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is required, PBA admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1362, but denies the remaining allegations in Paragraph 93.

94.     The allegations in Paragraph 94 state legal conclusions to which no response is required. To the extent a response is required, PBA admits that this Court has personal jurisdiction over PBA, but PBA is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 94 and therefore denies the allegations.

95.     The allegations in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is required, PBA admits that venue is appropriate in Oklahoma where this case was originally filed, but is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and therefore denies the allegations.

## FACTUAL BACKGROUND

**I.**     **PRESCRIPTION OPIOIDS ARE HIGHLY DANGEROUS**

96.     While PBA admits that when used properly, prescription opioids are pain-reducing medications, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 96, and therefore denies the allegations.

97.     The allegations in Paragraph 97 state legal conclusions as to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 97, and respectfully refer the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

98.     The allegations in Paragraph 98 state legal conclusions as to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 98 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98.

## II.     MARKETING MANUFACTURER DEFENDANTS HAVE LEGAL DUTIES TO DISCLOSE ACCURATELY THE RISKS OF OPIOIDS

99-101.     The allegations in Paragraphs 99-101 are not asserted against PBA and thus no response is required. Moreover, Paragraphs 99-101 state legal conclusions to which no response is required. To the extent a response is required, PBA respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents and denies the allegations in Paragraphs 99-101.

## III.     MARKETING MANUFACTURER DEFENDANTS VIOLATED THEIR DUTIES

102-161.     The allegations in Paragraphs 102-161 are not asserted against PBA and thus no response is required. Moreover, Paragraphs 102-161 state legal conclusions to which no response is required. To the extent a response is required, PBA respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents and denies the allegations in Paragraphs 102-161.

## IV.    DIVERSION DEFENDANTS HAVE LEGAL DUTIES TO PREVENT OPIOID DIVERSION

162.    The allegations in Paragraph 162 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 162 insofar as they pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 162 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

163.    The allegations in Paragraph 163 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 163 insofar as they pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 163 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

164.    The allegations in Paragraph 164 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 164 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 164 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

165.    The allegations in Paragraph 165 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations.

A. **Federal Law Sets a Standard of Care That Diversion Defendants Must Follow**

1. **Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Federal Law**

166.    The allegations in Paragraph 166 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 166 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 166 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

167.    The allegations in Paragraph 167 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 167 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 167 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

168.    The allegations in Paragraph 168 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 168 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 168 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

169.    The allegations in Paragraph 169 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 169 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations,

or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 169 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

### 2. Pharmacy Defendants' Standard of Care Under Federal Law

170-177.    The allegations in Paragraphs 170-177 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 170-177, and therefore denies the allegations.

### B. Oklahoma Law Sets a Standard of Care That Diversion Defendants Must Follow

### 1. Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Oklahoma Law

178.    The allegations in Paragraph 178 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 178 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 178 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

179.    The allegations in Paragraph 179 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 179 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 179 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

180.     The allegations in Paragraph 180 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 180 insofar as they pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 180 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

181.     The allegations in Paragraph 181 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 181 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 181 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

182.     The allegations in Paragraph 182 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 182 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 182 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

183.     The allegations in Paragraph 183 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 183 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 183 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

184.     The allegations in Paragraph 184 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 184 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 184 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

185.     The allegations in Paragraph 185 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 185 insofar as they pertain to PBA and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 185 insofar as they pertain to other Defendants, and, on that basis, denies the allegations.

### 2. Pharmacy Defendants' Standard of Care Under Oklahoma Law

186-199.     Paragraphs 186-199 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 186-199, and therefore denies the allegations.

## V. DIVERSION DEFENDANTS HAVE FAILED TO FULFILL THEIR DUTIES

### A. Diversion Manufacturer Defendants and Distributor Defendants Understood Their Duties and Violated Them Anyway

#### 1. Diversion Manufacturer Defendants and Distributor Defendants Understood and Acknowledged Their Duties

200.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 200, and therefore denies the allegations.

- 15 -

201.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 201, and therefore denies the allegations.

202.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 202, and therefore denies the allegations.

203.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 203, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

204.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 204, and therefore denies the allegations.

205.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 205, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

206.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 206, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

207.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

208.     PBA denies the allegations in Paragraph 208 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 208 insofar as it pertains to other Defendants and therefore, denies the allegations.

209.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 209, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

210.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 210, and thus, denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

211.     The allegations in Paragraph 211 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations.

### 2.     Prior Regulatory Actions Against Distributor Defendants for Failing to Prevent Diversion

212.     The allegations in Paragraph 212 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations.

213-223     Paragraphs 213-223 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 213-223, and therefore denies the allegations.

### 3.     Diversion Manufacturer Defendants Violated Their Duties in Oklahoma

224.     The allegations in Paragraph 224 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains

to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 224 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

225.    The allegations in Paragraph 225 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 225 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

226.    The allegations in Paragraph 226 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 226 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

227.    The allegations in Paragraph 227 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 227 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

228.    The allegations in Paragraph 228 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 228 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

229.     The allegations in Paragraph 229 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 229 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

### 4.     Despite Prior Regulatory Actions, Distributor Defendants Violated Their Duties in Oklahoma.

230.     PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 230 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

231.     The allegations in Paragraph 231 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 231 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

232.     The allegations in Paragraph 232 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 232 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

233.     The allegations in Paragraph 233 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 233 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

234.     The allegations in Paragraph 234 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 234 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

235.     PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 235, and thus, PBA denies the allegations.

236.     The allegations in Paragraph 236 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 236 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

**B.     Pharmacy Defendants Understood Their Duties and Violated Them Anyway**

**1.     Pharmacy Defendants Understood and Acknowledged Their Duties**

237-262.     The allegations in Paragraphs 237-262 are not asserted against PBA and thus no response is required. Moreover, Paragraphs 237-262 state legal conclusions to which no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 237-262, and therefore denies the allegations.

## VI.     DEFENDANTS' MISCONDUCT HAS INJURED AND CONTINUES TO INJURE THE NATION AND ITS CITIZENS

263.    The allegations in Paragraph 263 state legal conclusions as to which no response is required. To the extent a response is required, PBA denies the allegations insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 263 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

### A.     Marketing Manufacturer Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens

264.    The allegations in Paragraphs 264 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 264, and therefore denies the allegations.

265.    PBA admits that individuals have suffered from opioid addiction, abuse, and overdoses, but PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 265, and therefore denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

266.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 266, and therefore denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

267.    PBA admits that individuals have suffered from opioid addiction, abuse, and overdoses, but PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 267, and therefore denies the allegations. PBA also

respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

268.    The allegations in Paragraphs 268 are not asserted against PBA and thus no response is required. Moreover, Paragraph 268 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 268.

269.    The allegations in Paragraphs 269 are not asserted against PBA and thus no response is required. Moreover, Paragraph 269 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 269.

270.    The allegations in Paragraphs 270 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 270, and therefore denies the allegations.

271.    The allegations in Paragraphs 271 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 271, and therefore denies the allegations.

272.    The allegations in Paragraphs 272 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 272, and therefore denies the allegations.

273.    The allegations in Paragraphs 273 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge

or information to form a belief about the truth of the allegations in Paragraph 273, and therefore denies the allegations.

**B.    Diversion Manufacturer Defendants' and Distributor Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens**

274.    Paragraph 274 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 274 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 274 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

275.    Paragraph 275 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 275 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 275 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

276.    Paragraph 276 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 276 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 276 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

277.    Paragraph 277 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 277 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 277 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

278.    Paragraph 278 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 278 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 278 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

279.    Paragraph 279 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 279 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 279 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

280.    Paragraph 280 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 280 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 280 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

281.    Paragraph 281 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 281 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 281 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

282.    Paragraph 282 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 282 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 282 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

283.    Paragraph 283 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 283 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 283 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

284.    Paragraph 284 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 284 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 284 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

### C.    Pharmacy Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens

285-293.        The allegations in Paragraphs 285-293 are not asserted against PBA and thus no response is required. To the extent a response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 285-293, and therefore denies the allegations.

### D.    Defendants' Misconduct Has Damages the Nation and Its Citizens

294.    Paragraph 294 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 294 insofar as they pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 294, and, on that basis, denies the allegations.

## VII.   FACTS PERTAINING TO CLAIMS UNDER RICO

295.   The allegations in Paragraph 295 state a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 295, and thus denies the allegations.

### A.   The Opioid Marketing Enterprise

#### 1.   The Common Purpose and Scheme of the Opioid Marketing Enterprise

296.   The allegations in Paragraphs 296 are not asserted against PBA and thus no response is required. Moreover, Paragraph 296 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 296**.**

297.   The allegations in Paragraphs 297 are not asserted against PBA and thus no response is required. Moreover, Paragraph 297 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 297**.**

298.   The allegations in Paragraphs 298 are not asserted against PBA and thus no response is required. Moreover, Paragraph 298 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 298**.**

299.   The allegations in Paragraphs 299 are not asserted against PBA and thus no response is required. Moreover, Paragraph 299 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 298**.**

300.   The allegations in Paragraphs 300 are not asserted against PBA and thus no response is required. Moreover, Paragraph 300 a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 300**.**

301.    The allegations in Paragraphs 301 are not asserted against PBA and thus no response is required. Moreover, Paragraph 301 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 301.

302.    The allegations in Paragraphs 302 are not asserted against PBA and thus no response is required. Moreover, Paragraph 302 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 298.

303.    The allegations in Paragraphs 303 are not asserted against PBA and thus no response is required. Moreover, Paragraph 303 asserts a legal conclusion to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 303.

### 2.    The Conduct of the Opioid Marketing Enterprise

304.    Paragraph 304 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 304. To the extent any further response is required, PBA denies the allegations.

305.    Paragraph 305 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 305. To the extent any further response is required, PBA denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

306.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 306. To the extent any further response is required, PBA denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

307. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 307. To the extent any further response is required, PBA denies the allegations. PBA also respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents.

308. Paragraph 308 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 308. To the extent any further response is required, PBA denies the allegations.

309. Paragraph 309 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 309. To the extent any further response is required, PBA denies the allegations.

310. Paragraph 310 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 310. To the extent any further response is required, PBA denies the allegations.

311. Paragraph 311 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 311. To the extent any further response is required, PBA denies the allegations.

312. Paragraph 312 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to

form a belief about the truth of the allegations in Paragraph 312. To the extent any further response is required, PBA denies the allegations.

313.    Paragraph 313 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 313. To the extent any further response is required, PBA denies the allegations.

314.    Paragraph 314 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 314. To the extent any further response is required, PBA denies the allegations.

315.    Paragraph 315 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 315. To the extent any further response is required, PBA denies the allegations.

316.    Paragraph 316 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 316. To the extent any further response is required, PBA denies the allegations.

317.    Paragraph 317 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 317. To the extent any further response is required, PBA denies the allegations.

318.     Paragraph 318 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 318. To the extent any further response is required, PBA denies the allegations.

### 3.     The Pattern of Racketeering Activity

319.     Paragraph 319 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 319. To the extent any further response is required, PBA denies the allegations.

320.     Paragraph 320 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 320. To the extent any further response is required, PBA denies the allegations.

321.     Paragraph 321 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 321. To the extent any further response is required, PBA denies the allegations.

322.     Paragraph 322 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 322. To the extent any further response is required, PBA denies the allegations.

323.     Paragraph 323 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to

form a belief about the truth of the allegations in Paragraph 323. To the extent any further response is required, PBA denies the allegations.

324.    Paragraph 324 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 324. To the extent any further response is required, PBA denies the allegations.

325.    Paragraph 325 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 325. To the extent any further response is required, PBA denies the allegations.

326.    Paragraph 326 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 326. To the extent any further response is required, PBA denies the allegations.

327.    Paragraph 327 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 327. To the extent any further response is required, PBA denies the allegations.

328.    Paragraph 328 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 328. To the extent any further response is required, PBA denies the allegations.

B.       **The Opioid Supply Chain Enterprise**

1. **The Common Purpose and Scheme of the Opioid Supply Chain Enterprise**

329.       Paragraph 329 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 329 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 329 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

330.       Paragraph 330 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 330 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 330 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

331.       Paragraph 331 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 331 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 331 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

332.       Paragraph 332 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 332 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 332 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

## 2. The Conduct of the Opioid Supply Chain Enterprise

333. Paragraph 333 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 333 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 333 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

334. Paragraph 334 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 334 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 334 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

335. Paragraph 335 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 335 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 335 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

336. Paragraph 336 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 336 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 336 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

## 3. The Pattern of Racketeering Activity

337. Paragraph 337 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 337 insofar as it

pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 337 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

338.     Paragraph 338 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 338 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 338 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

339.     Paragraph 339 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 339 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 339 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

340.     Paragraph 340 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 340 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 340 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

341.     Paragraph 341 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 341 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 341 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

342. Paragraph 342 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 342 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 342 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

343. Paragraph 343 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 343 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 343 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

344. Paragraph 344 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 344 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 344 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

345. Paragraph 345 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 345 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 345 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

346. Paragraph 346 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 346 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the

truth of the allegations in Paragraph 346 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

347.     Paragraph 347 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 347 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 347 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

348.     Paragraph 348 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 348 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 348 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

349.     Paragraph 349 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 349 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 349 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

### C.     Effects of the Opioid Marketing Enterprise and the Opioid Supply Chain Enterprise

350.     Paragraph 350 asserts a legal conclusion to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 350 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 350 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

351.     The allegations in Paragraph 351 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 351 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 351 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

352.     The allegations in Paragraph 352 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 352 insofar as it pertains to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 352 insofar as it pertains to other Defendants, and thus, on that basis, PBA denies the allegations.

## CLAIMS FOR RELIEF

## ANSWER TO COUNT I

353-379.     The allegations in Paragraphs 353-379 are not asserted against PBA and thus no response by PBA is required. Moreover, the allegations in paragraphs 353-379 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations.

## ANSWER TO COUNT II

380.     In response to Paragraph 380, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

381.     The allegations in Paragraph 381 state legal conclusions to which no response is required. PBA denies the allegations in Paragraph 381 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the

allegations in Paragraph 381 as it pertains to the other Defendants, and, on that basis, denies the allegations.

382.    The allegations in Paragraph 382 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations in Paragraph 382 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 382 as it pertains to the other Defendants, and, on that basis, denies the allegations.

383.    The allegations in Paragraph 383 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 383 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 383 as it pertains to the other Defendants, and, on that basis, denies the allegations.

384.    The allegations in Paragraph 384 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 384 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 384 as it pertains to the other Defendants, and, on that basis, denies the allegations.

385.    The allegations in Paragraph 385 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 385 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 385 as it pertains to the other Defendants, and, on that basis, denies the allegations.

386.     The allegations in Paragraph 386 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 386 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 386 as it pertains to the other Defendants, and, on that basis, denies the allegations.

387.     The allegations in Paragraph 387 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 387 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 387 as it pertains to the other Defendants, and, on that basis, denies the allegations.

388.     The allegations in Paragraph 388 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 388 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 388 as it pertains to the other Defendants, and, on that basis, denies the allegations.

389.     The allegations in Paragraph 389 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 389 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 389 as it pertains to the other Defendants, and, on that basis, denies the allegations.

390.     The allegations in Paragraph 390 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 390 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 390 as it pertains to the other Defendants, and, on that basis, denies the allegations.

391.    The allegations in Paragraph 391 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 391 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 391 as it pertains to the other Defendants, and, on that basis, denies the allegations.

392.    The allegations in Paragraph 392 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 392 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 392 as it pertains to the other Defendants, and, on that basis, denies the allegations.

393.    The allegations in Paragraph 393 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 393 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 393 as it pertains to the other Defendants, and, on that basis, denies the allegations.

394.    The allegations in Paragraph 394 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 394 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 394 as it pertains to the other Defendants, and, on that basis, denies the allegations.

395.    The allegations in Paragraph 395 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 395 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 395 as it pertains to the other Defendants, and, on that basis, denies the allegations.

396.    The allegations in Paragraph 396 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 396 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 396 as it pertains to the other Defendants, and, on that basis, denies the allegations.

397.    The allegations in Paragraph 397 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 397 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 397 as it pertains to the other Defendants, and, on that basis, denies the allegations.

398.    The allegations in Paragraph 398 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 398 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 398 as it pertains to the other Defendants, and, on that basis, denies the allegations.

399.    The allegations in Paragraph 399 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 399 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 399 as it pertains to the other Defendants, and, on that basis, denies the allegations.

400.    The allegations in Paragraph 400 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 400 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 400 as it pertains to the other Defendants, and, on that basis, denies the allegations.

401.    The allegations in Paragraph 401 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 401 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 401 as it pertains to the other Defendants, and, on that basis, denies the allegations.

402.    The allegations in Paragraph 402 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 402 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 402 as it pertains to the other Defendants, and, on that basis, denies the allegations.

403.    The allegations in Paragraph 403 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 403 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 403 as it pertains to the other Defendants, and, on that basis, denies the allegations.

404.    The allegations in Paragraph 404 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 404 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 404 as it pertains to the other Defendants, and, on that basis, denies the allegations.

405.    The allegations in Paragraph 405 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 405 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 405 as it pertains to the other Defendants, and, on that basis, denies the allegations.

406.    The allegations in Paragraph 406 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 406 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 406 as it pertains to the other Defendants, and, on that basis, denies the allegations.

407.    The allegations in Paragraph 407 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 407 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 407 as it pertains to the other Defendants, and, on that basis, denies the allegations.

408.    The allegations in Paragraph 408 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 408 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 408 as it pertains to the other Defendants, and, on that basis, denies the allegations.

## ANSWER TO COUNT III

409.    In response to Paragraph 409, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

410.    PBA admits the Lanham Act is partially quoted by Plaintiff, and respectfully refers the Court to any cited statutes, regulations, or documents for their true and correct contents. To the extent any further response is required, PBA denies the allegations.

411.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 411 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 411 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 411 as it pertains to the other Defendants, and, on that basis, denies the allegations.

412.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 412 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 412 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 412 as it pertains to the other Defendants, and, on that basis, denies the allegations.

413.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 413 state legal

conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 413 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 413 as it pertains to the other Defendants, and, on that basis, denies the allegations.

414.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 414 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 414 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 414 as it pertains to the other Defendants, and, on that basis, denies the allegations.

415.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 415 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 415 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 415 as it pertains to the other Defendants, and, on that basis, denies the allegations.

416.    Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 416 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 416 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 416 as it pertains to the other Defendants, and, on that basis, denies the allegations.

417.     Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 417 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 417 to the extent the allegations pertain to PBA, and is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 417 as it pertains to the other Defendants, and, on that basis, denies the allegations.

418.     Plaintiff's Lanham Act claim has been dismissed (Doc. 1499), thus no response is required. To the extent a response is required, the allegations in Paragraph 418 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 418.

## ANSWER TO COUNT IV

419-432.     Paragraphs 419-432 are not asserted against PBA and thus no response by PBA is required. Moreover, the allegations in paragraphs 419-432 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations.

## ANSWER TO COUNT V

433-445.     Paragraphs 433-445 are not asserted against PBA and thus no response is required. Moreover, the allegations in paragraphs 433-445 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations.

## ANSWER TO COUNT VI

446-450.     Paragraphs 446-450 are not asserted against PBA and thus no response is required. Moreover, the allegations in paragraphs 446-450 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations.

## ANSWER TO COUNT VII

451.     In response to Paragraph 451, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs of this Answer as if fully set forth herein.

452.     The allegations in Paragraph 452 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 452 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 452 as it pertains to the other Defendants, and, on that basis, denies the allegations.

453.     The allegations in Paragraph 453 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 453 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 453 as it pertains to the other Defendants, and, on that basis, denies the allegations.

454.     The allegations in Paragraph 454 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 454 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 454 as it pertains to the other Defendants, and, on that basis, denies the allegations.

455.     The allegations in Paragraph 455 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 455 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 455 as it pertains to the other Defendants, and, on that basis, denies the allegations.

456. The allegations in Paragraph 456 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 456 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 456 as it pertains to the other Defendants, and, on that basis, denies the allegations.

457. The allegations in Paragraph 457 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

458. The allegations in Paragraph 458 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

459. The allegations in Paragraph 459 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 459 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 459 as it pertains to the other Defendants, and, on that basis, denies the allegations.

460. The allegations in Paragraph 460 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 460 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 460 as it pertains to the other Defendants, and, on that basis, denies the allegations.

461. The allegations in Paragraph 461 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 461 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 461 as it pertains to the other Defendants, and, on that basis, denies the allegations.

462.     The allegations in Paragraph 462 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 462 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 462 as it pertains to the other Defendants, and, on that basis, denies the allegations.

463.     The allegations in Paragraph 463 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

464.     The allegations in Paragraph 464 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 464 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 464 as it pertains to the other Defendants, and, on that basis, denies the allegations.

## ANSWER TO COUNT VIII

465.     In response to Paragraph 465, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

466.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 466 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 466 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief

about the truth of the allegations in Paragraph 466 as it pertains to the other Defendants, and, on that basis, denies the allegations.

467.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 467 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 467 to the extent the allegations pertain to PBA. BA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 467 as it pertains to the other Defendants, and, on that basis, denies the allegations.

468.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 468 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 468 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 468 as it pertains to the other Defendants, and, on that basis, denies the allegations.

469.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 469 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 469 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 469 as it pertains to the other Defendants, and, on that basis, denies the allegations.

470.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 470 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 470 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 470 as it pertains to the other Defendants, and, on that basis, denies the allegations.

471.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 471 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 471 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 471 as it pertains to the other Defendants, and, on that basis, denies the allegations.

472.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 472 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 472 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 472 as it pertains to the other Defendants, and, on that basis, denies the allegations.

473.     Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any

response is required, the allegations in Paragraph 473 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 473 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 473 as it pertains to the other Defendants, and, on that basis, denies the allegations**.**

474.    Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 474 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 474 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 474 as it pertains to the other Defendants, and, on that basis, denies the allegations**.**

475.    Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 475 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 475 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 475 as it pertains to the other Defendants, and, on that basis, denies the allegations**.**

476.    Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 476 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 476 to the extent the

allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 476 as it pertains to the other Defendants, and, on that basis, denies the allegations.

477.    Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 477 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 477.

478.    Plaintiff's negligence claim has been dismissed to the extent it is based upon the theory of negligence per se (Doc. 1680), and thus no response is required. To the extent any response is required, the allegations in Paragraph 478 state legal conclusions to which no response is required. Further, PBA denies the allegations in Paragraph 478.

## ANSWER TO COUNT IX

479.    In response to Paragraph 479, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

480.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 480, and therefore, denies the allegations.

481.    PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 481, and therefore, denies the allegations.

482.    The allegations in Paragraph 482 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

483.    The allegations in Paragraph 483 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

484. The allegations in Paragraph 484 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

## ANSWER TO COUNT X

485. In response to Paragraph 485, PBA incorporates by reference and realleges their responses to the allegations within all prior paragraphs within the Complaint as if fully set forth herein.

486. The allegations in Paragraph 486 are not asserted against PBA and thus no response by PBA is required. Moreover, the allegations in paragraph 486 state legal conclusions to which no response is required. To the extent a response is required, PBA denies the allegations.

487. The allegations in paragraph 487 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 487 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 487 as it pertains to the other Defendants, and, on that basis, denies the allegations.

488. The allegations in paragraph 488 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 488 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 488 as it pertains to the other Defendants, and, on that basis, denies the allegations.

489. The allegations in paragraph 489 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 489 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 489 as it pertains to the other Defendants, and, on that basis, denies the allegations.

490. The allegations in paragraph 490 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 490 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 490 as it pertains to the other Defendants, and, on that basis, denies the allegations.

491. The allegations in paragraph 491 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations in Paragraph 491 to the extent the allegations pertain to PBA. PBA is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 491 as it pertains to the other Defendants, and, on that basis, denies the allegations.

492. The allegations in paragraph 492 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

493. The allegations in paragraph 493 state legal conclusions to which no response is required. To the extent any further response is required, PBA denies the allegations.

## ANSWER TO PRAYER FOR RELIEF

PBA admits that Plaintiff appears to seek the relief in sections (1-j) of the Prayer for Relief, but denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

PBA asserts the following affirmative defenses to the Complaint. These affirmative defenses do not constitute an admission that Defendants is liable, that Plaintiff has been or will be damaged, or that Plaintiff is entitled to any relief. By designating the following defenses as

affirmative defenses, PBA does not concede that they bear the burden of proof and/or the burden of persuasion as to any such defense. PBA reserves the right and gives notice that it intends to rely on any other applicable defenses that may become apparent during fact or expert discovery and any other applicable defenses set forth in any answer or list of affirmative defenses filed or submitted by any other Defendant in this action. PBA also reserves the right to amend this document and/or its answer to assert any such defenses.

### FIRST DEFENSE

The Complaint and each claim therein fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury. Further, Plaintiff fails to plead facts supporting that the Muscogee Nation suffered an injury different in kind than the general population.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

### FIFTH DEFENSE

Plaintiff's claims are barred or limited for lack of standing. This includes but is not limited to (1) Plaintiff, a federally recognized tribe, lacks standing to pursue any claims under the federal Controlled Substances Act through its Attorney General. *See, e.g., McKesson Corp. v. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 340042 (N.D. Okla. Jan. 9, 2018), (2) Plaintiff, a federally recognized tribe, lacks organizational standing to bring the claims in this case.

**SIXTH DEFENSE**

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Plaintiffs' injuries and damages, if any, were due to preexisting conditions or idiosyncratic reaction to the medications on the part of the medication users, for which PBA cannot be held responsible

**NINTH DEFENSE**

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by an Indian Tribe.

**TENTH DEFENSE**

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because their claims implicate issues of statewide importance that are reserved for state regulation.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring their claims.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent PBA has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

## FOURTEENTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

## FIFTEENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## SIXTEENTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by PBA that harmed patients and should not have been written, or that the PBA's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## EIGHTEENTH DEFENSE

Plaintiff's claims against PBA do not arise from the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

### NINETEENTH DEFENSE

Plaintiff failed to join all necessary parties, including without limitation prescribers, patients, and other third parties whom Plaintiff alleged engaged in the unauthorized, improper or illicit prescription, dispensing, diversion, or use of opioids.

### TWENTIETH DEFENSE

PBA denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against PBA.

### TWENTY-FIRST DEFENSE

If Plaintiffs have sustained cognizable injuries or damages, they were the results of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and not cause by PBA and for which PBA is not liable.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because PBA has no legal duty to protect Plaintiff from the intentional criminal acts of third persons. Such criminal acts are superseding causes that extinguish any liability.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were due to illicit use or abuse of medications.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent its alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff and/or third parties over whom PBA had no control and for whom PBA is not responsible.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bars Plaintiff from recovering payments that it allegedly made on behalf of their residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by PBA.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which PBA had no control, including without limitation pre-existing medical conditions.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, and/or by the alteration, modification, or criminal misuse of medications prescribed by third parties over whom PBA had no control and for whom PBA is not responsible.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by PBA in determining to use or prescribe the subject prescription medications.

## THIRTIETH DEFENSE

Any injuries and/or damages sustained by Plaintiff was caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

## THIRTY-FIRST DEFENSE

Any recovery by Plaintiff is barred or limited by the principle of contributory or comparative negligence and contributory or comparative fault.

## THIRTY-SECOND DEFENSE

Any recovery by Plaintiff may be barred or limited by the principles of informed consent and assumption of the risk, whether primary, express, or implied.

## THIRTY-THIRD DEFENSE

PBA asserts their right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff, of any damages found against PBA.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent their alleged damages are speculative, uncertain, or hypothetical.

## THIRTY-FIFTH DEFENSE

In the event of liability against PBA (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) the Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited to prescribers of opioids, their associates, and employers, including hospitals; nonparty manufacturers of

prescription opioids; non-party distributors of prescription opioids; pharmacies; individuals and entities involved in the distribution and/or sale of illegal opioids; individuals involved in procuring diverted prescription opioids and/or illegal drugs; delivery services; federal, state, and local government entities; and any other person identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss. Ohio Revised Code §§ 2307.22-.23; id. §§ 2315.32-.35.

### THIRTY-SIXTH DEFENSE

In the event of liability against PBA (which liability is specifically denied), the facts will show that they caused fifty percent or less of the conduct that proximately caused Plaintiff's alleged injuries or loss, and PBA is therefore liable only for their proportionate share of damages that represent economic loss. See Ohio Revised Code §§ 2307.22-.23. Any recovery by Plaintiff must be reduced pursuant to Ohio Rev. Code §§ 2315.32-35 and 2307.23 to account for the acts or omissions attributable to Plaintiff.

### THIRTY-SEVENTH DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred or limited by the economic loss rule.

**THIRTY-NINTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

**FORTIETH DEFENSE**

Plaintiff's claims are barred to the extent they relate to PBA's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply.

**FORTY-FIRST DEFENSE**

The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

**FORTY-SECOND DEFENSE**

Any damages that Plaintiff may recover against PBA must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.

**FORTY-THIRD DEFENSE**

Plaintiff's claims are barred to the extent it relies, explicitly or implicitly, on a theory of market-share liability.

**FORTY-FOURTH DEFENSE**

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## FORTY-FIFTH DEFENSE

To the extent that Plaintiffs seek relief for PBA's conduct occurring before enactment of the applicable statutes or regulations, Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Ohio constitutions to the extent Plaintiff seeks to impose liability retroactively. for conduct that was not actionable at the time it occurred.

## FORTY-SIXTH DEFENSE

PBA's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FORTY-NINTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

### FIFTIETH DEFENSE

PBA's conduct conformed with the FDCA, Controlled Substances Act, and the requirements and regulations of the FDA and DEA, and the activities of PBA alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

### FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

### FIFTY-SECOND DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. See *Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

### FIFTY-THIRD DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed. S*ee Buckman Co. v. Plaintiffs' Legal Comm*., 531 U.S. 341 (2001).

### FIFTY-FOURTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to PBA's compliance with statutes or

regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTH-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FIFTY-SEVENTH DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, PBA is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in monographs

developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

## SIXTIETH DEFENSE

PBA did not owe or breach any statutory or common law duty to Plaintiff.

## SIXTY-FIRST DEFENSE

PBA appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because PBA complied at all relevant times with all applicable laws, including all legal and regulatory duties.

## SIXTY-THIRD DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish PBA's regulatory duties, such informal guidance cannot enlarge PBA's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

## SIXTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

## SIXTY-FIFTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SIXTY-SIXTH DEFENSE

PBA is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

## SIXTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Ohio Product Liability Act, Ohio Revised Code § 2307.71, et seq.

## SIXTY-EIGHTH DEFENSE

Plaintiff's nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Ohio law or their own applicable county or municipal codes or regulations.

## SIXTY-NINTH DEFENSE

Plaintiff's common law and statutory public nuisance claims are barred or limited by the Ohio Products Liability Act.

## SEVENTIETH DEFENSE

Plaintiff's claim of public nuisance is barred or limited because no action of PBA involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible

extraterritorial reach; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

## SEVENTY-FIRST DEFENSE

Plaintiff's claim for unjust enrichment is barred or limited because PBA did not receive and retain any alleged benefit from Plaintiff.

## SEVENTY-SECOND DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## SEVENTY-THIRD DEFENSE

Plaintiffs' claims are barred, reduced, and/or limited to the extent that PBA are entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

## SEVENTY-FOURTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

## SEVENTY-FIFTH DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to PBA.

## SEVENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of PBA was misleading, unfair, or deceptive.

## SEVENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither the users, nor their prescribers of the medications distributed by PBA, nor Plaintiffs themselves, relied to their detriment upon any statement by PBA in determining to use the medications at issue.

## SEVENTY-EIGHTH DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6)

lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## SEVENTY-NINTH DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## EIGHTIETH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff's cannot prove by clear and convincing evidence that PBA was grossly negligent and PBA has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages. Further, Plaintiff cannot demonstrate that such damages are appropriate under 23 Okla. Stat. § 9.1 as limited by Federal constitutional protections. *See Moody v. Ford Motor Co.,* 506 F. Supp. 2d 823, 849 n.14 (N.D. Okla. 2007). Plaintiff's damages, if any, are limited to reasonable damages, and exclude unconscionable and grossly oppressive damages contrary to substantial justice.

## EIGHTY-FIRST DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by PBA of which PBA provided notice of all reasonable and material facts.

## EIGHT-SECOND DEFENSE

PBA is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## EIGHTY-THIRD DEFENSE

PBA asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

## EIGHTY-FOURTH DEFENSE

Should PBA be held liable to Plaintiffs, which liability is specifically denied, PBA would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiff's Complaint.

## EIGHTY-FIFTH DEFENSE

Plaintiffs' claims or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

## EIGHTY-SIXTH DEFENSE

Plaintiffs have no capacity, authority or right to assert their claims, including claims brought indirectly on behalf of their citizens or claims brought as *parens patriae*.

### EIGHTY-SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on PBA.

### EIGHTY-EIGHTH DEFENSE

PBA is not liable for any injury allegedly caused to Plaintiffs by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

### EIGHTY-NINTH DEFENSE

Plaintiff would be unjustly enriched if allowed to recover on any of their claims.

### NINETIETH DEFENSE

Plaintiffs' RICO claims are barred, in whole or in part, (1) by the absence of an "association" between PBA and any other Defendants or entity alleged to be party of an "enterprise" for purposes of RICO, (2) because PBA did not engage in a pattern of racketeering activity under RICO, (3) because PBA did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise, (4) because PBA did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962, (5) because there are no allegations that PBA adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability, (6) because the alleged predicated acts, namely failure to report and half suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO, (7) the federal

RICO statute is unconstitutionally vague, and/or (8) because Plaintiff is not a "person" entitled to bring a RICO claim .

## NINETY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

## NINETY-SECOND DEFENSE

Plaintiffs' alleged damages do not constitute injury to business or property interests cognizable under RICO.

## NINETY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because its remedies are limited to and by 25 U.S.C. 1621(e), or otherwise because of Plaintiff's participation in the Indian Self-Determination and Education Assistance Act and related compacts.

## NINETY-FOURTH DEFENSE

Plaintiff's claims for relief in the Complaint are barred, in whole or in part, based on the principles of equity. Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to Defendant's good faith reliance on state and federal guidance and the absence of any intentionally unlawful conduct.

## NINETY-FIFTH DEFENSE

If Defendant is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), then Plaintiff is entitled only to several liability against Defendant. 23 Okla. Stat. § 15.

## NINETY-FIFTH DEFENSE

Plaintiff's Lanham Act claim has been dismissed and is barred because Plaintiff has not suffered competitive or reputational injury from any act of PBA. (Doc. 1499)

## NINETY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent they rely on *negligence per se* as a theory because Plaintiff is not a member of any class of persons to whom PBA owes a statutory duty. (Doc. 1680)

## NINETY-SEVENTH DEFENSE

Plaintiff's negligence claims are barred because Plaintiff's claims do not meet the elements of a negligence claim against a non-manufacturing seller under 76 Okla. Stat. § 57.2(G).

## NINETY-EIGHTH DEFENSE

Plaintiff and/or its Attorney General lacks authority under tribal or federal common law to assert the claims contained in the Complaint, to seek the relief sought therein, or to act in the capacity of *parens patriae*.

## NINETY-NINTH DEFENSE

Plaintiff lacks jurisdiction over any injuries occurring beyond the exterior boundaries of the Muscogee Nation Reservation and Plaintiff may not be awarded damages for services provided to non-tribal members living outside the boundaries of the Muscogee Nation Reservation.

## ONE HUNDREDTH DEFENSE

Plaintiff may not be awarded punitive or exemplary damages because any award of punitive or exemplary damages would constitute imposition of a penalty equivalent to a criminal sanction by a tribe against a non-member, and therefore violates the U.S. Constitution.

## ONE HUNDRED FIRST DEFENSE

Plaintiff lacks criminal jurisdiction over non-Indians, including PBA.

## DEFENSES RESERVED

To the extent they are not otherwise incorporated herein, PBA incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Manufacturer Defendants, Diversion Distributor Defendants, Distributor Defendants, and Pharmacy Defendants in this case. Further, PBA adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

PBA hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

**WHEREFORE,** PBA prays that judgment be entered dismissing Plaintiff's Complaint herein in its entirety with prejudice, together with costs and disbursements of this action, together with such other relief as it deems just and appropriate including reasonable attorney's fees.

Dated: July 26, 2019

Respectfully submitted,

LATHROP GAGE LLP

By:   */s/ Brian C. Fries*

    Brian C. Fries (MO # 40830)
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri  64108-2618
    Telephone:   (816) 292-2000
    Telecopier:  (816) 292-2001
    bfries@lathropgage.com

    ATTORNEY FOR DEFENDANT
    *Pharmacy Buying Association*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of July 2019, the foregoing Defendant, PBA's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was served on all counsel of record via the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Brian C. Fries*
Brian C. Fries (MO # 40830)
An Attorney for Defendant
Pharmacy Buying Association