# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| THE MUSCOGEE (CREEK) NATION, | ) | MDL No. 2804 |
| Plaintiff, | ) | Master Docket No.: 1:17-MD-02804-DAP |
| vs. | ) | Case No. 1:18-op-45459 |
| PURDUE PHARMA L.P., et al., | ) | Judge Dan Aaron Polster |
| Defendants. | ) | **ANSWER OF MIS-NAMED DEFENDANT CITYPLEX PHARMACY, OTHERWISE KNOWN AS SOUTHWESTERN REGIONAL MEDICAL CENTER, INC. DBA CITYPLEX PLARMACY** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **(JURY DEMAND ENDORSED HEREON)** |

Mis-named Defendant CityPlex Pharmacy, otherwise known as Southwestern Regional Medical Center, Inc. dba CityPlex Pharmacy ("**CityPlex**"), hereby submits its Answer to the First Amended Complaint ("**FAC**") (Doc. No. 19):

1.      Answering Paragraph 1 of the FAC, CityPlex admits that prescription opioid medications can reduce pain and help certain patients manage their pain. CityPlex further admits that the use of prescription opioid medications, like the use of any medications, can pose the risk of negative medical outcomes, including those identified in Paragraph 1 of the FAC.

2.      While CityPlex is aware of reports of opioid abuse and overdoses, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

3.      CityPlex denies the allegations contained in Paragraph 3 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth

1

of the remaining allegations contained in Paragraph 3 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

4.     The allegations contained in Paragraph 4 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).  To the extent Paragraph 4 is deemed to contain allegations against CityPlex, CityPlex denies such allegations.

5.     While CityPlex is aware of reports of deaths from prescription opioids, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

6.     Paragraph 6 of the FAC cites various studies, which speak for themselves and therefore no response is required. To the extent a response required, CityPlex denies the allegations to the extent they are inconsistent with the studies cited.

7.     The allegations contained in the first and fourth sentences of Paragraph 7 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations. The second and thirds sentences of the paragraph refer to studies by two federal government agencies, which speak for themselves and therefore no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with the studies cited.

8.      CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

9.      Answering Paragraph 9 of the FAC, CityPlex admits that certain companies manufacture opioid medications, and then transfer those medications to other companies that act as distributors, which then transfer the opioid medications to pharmacies and other entities, which then dispense such medications to patients.

10.     The allegations contained in Paragraph 10 of the FAC are too vague to require a response. To the extent a response is required, CityPlex denies the allegations.

11.     The allegations contained in Paragraph 11 of the FAC are too vague to require a response. To the extent a response is required, CityPlex denies the allegations.

12.     The allegations contained in Paragraph 12 of the FAC are too vague to require a response. To the extent a response is required, CityPlex denies the allegations.

13.     Paragraph 13 of the FAC refers to certain studies and to DEA data, which speak for themselves and therefore no response is required. To the extent a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the studies and DEA data cited.

14.     The allegations contained in Paragraph 14 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies that it has violated any legal obligation applicable to CityPlex.  The remaining allegations contained in Paragraph 14 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

15.     The allegations contained in Paragraph 15 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 15 of the FAC as they apply to CitiPlex. The remaining allegations contained in Paragraph 15 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

16.     Paragraph 16 of the FAC refers to two published studies, which speak for themselves and therefore no response is required. To the extent a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the studies cited.

17.     Paragraph 17 of the FAC refers to a published study, which speaks for itself and therefore no response is required. To the extent that a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the study cited.

18.     Paragraph 18 of the FAC refers to two published studies, which speak for themselves and therefore no response is required. To the extent that a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the studies cited.

19.     Paragraph 19 of the FAC refers to a published study, which speaks for itself and therefore no response is required. To the extent that a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the study cited.

20.     CityPlex denies the allegations contained in Paragraph 20 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

21.     CityPlex denies the allegations contained in Paragraph 21 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

22.     The allegations contained in Paragraph 22 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies that it has caused the Nation any damages.

23.     Paragraph 23, which summarizes Plaintiff's claims, does not require a response. To the extent a response is required, CityPlex denies that Plaintiff is entitled to relief on the claims asserted against CityPlex.  CityPlex denies the remaining allegations contained in Paragraph 23 of the FAC as they apply to CityPlex.

24.     Paragraph 24, which summarizes the relief Plaintiff seeks, does not require a response.  To the extent a response is required, CityPlex denies that Plaintiff is entitled to relief on the claims asserted against CityPlex.  CityPlex denies the remaining allegations contained in Paragraph 24 of the FAC as they apply to CityPlex.

25.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

26.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

27.     Paragraph 27, which summarizes the relief Plaintiff seeks, does not require a response.  To the extent a response is required, CityPlex denies that Plaintiff is entitled to relief on the claims asserted against CityPlex.  CityPlex denies the remaining allegations contained in Paragraph 27 of the FAC as they apply to CityPlex.

28.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

29.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

30.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

31.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

32.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

33.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

34.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

35.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

36.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

37.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

38.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

39.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

40.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

41.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

42.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

43.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

44.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

45.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

46.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

47.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

48.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

49.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

50.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

51.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

52.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

53.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

54.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

55.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

56.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

57.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

58.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

59.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

60.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

61.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

62.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

63.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

64.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

65.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

66.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

67.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

68.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

69.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

70.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

71.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

72.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

73.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

74.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

75.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

76.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

77.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

78.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

79.     CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

80.     Answering Paragraph 80 of the FAC, CityPlex admits Southwestern Regional Medical Center, Inc. dba CityPlex Pharmacy is an Oklahoma business entity with its principal place of business in Oklahoma, and is authorized to conduct business in Oklahoma.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

81. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

82. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

83. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

84. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

85. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

86. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

87. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

88.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

89.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

90.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

91.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

92.    CityPlex denies the allegations contained in Paragraph 92 of the FAC as to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

93.    The allegations contained in Paragraph 93 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex does not contest the Court's subject matter jurisdiction.

94.    The allegations contained in Paragraph 94 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex does not contest the personal jurisdiction in this Court.

95.     The allegations contained in Paragraph 95 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex does not contest venue in this Court.

96.     Answering Paragraph 96 of the FAC, CityPlex admits that prescription opioid medications can reduce pain; can come in various forms; and can both provide benefits and pose risks. The allegations in the third sentence of this paragraph are too vague to require a response. To the extent a response is required, CityPlex admits that in some situations the use, misuse, or abuse of prescription opioid medications can increase the risk of negative medical outcomes. This paragraph cites a study, which speaks for itself and therefore no response is required. To the extent a response is required, CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the study cited.

97.     Answering Paragraph 97 of the FAC, CityPlex admits the marketing, distribution and sale of opioids are regulated by state and federal law.

98.     CityPlex denies the allegations contained in Paragraph 98 of the FAC as they apply to CitiPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

99.     The allegations contained in Paragraph 99 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

100.    The allegations contained in Paragraph 100 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with the FDCA.

101.    The allegations contained in Paragraph 101 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

102.    The allegations contained in Paragraph 102 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

103.    The allegations contained in Paragraph 103 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

104.    The allegations contained in Paragraph 104 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

105.    The allegations contained in Paragraph 105 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

106.    The allegations contained in Paragraph 106 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

107.    The allegations contained in Paragraph 107 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

108.    The allegations contained in Paragraph 108 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

109.    The allegations contained in Paragraph 109 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 109 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

110.    The allegations contained in Paragraph 110 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

111.    The allegations contained in Paragraph 111 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

112.    The allegations contained in Paragraph 112 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

113.    The allegations contained in Paragraph 113 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

114. The allegations contained in Paragraph 114 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

115. The allegations contained in Paragraph 115 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

116. The allegations contained in Paragraph 116 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

117. The allegations contained in Paragraph 117 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

118. The allegations contained in Paragraph 118 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 118 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

119.     The allegations contained in Paragraph 119 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

120.     The allegations contained in Paragraph 120 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

121.     The allegations contained in Paragraph 121 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

122.     The allegations contained in Paragraph 122 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

123.     The allegations contained in Paragraph 123 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

124.     The allegations contained in Paragraph 124 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

125.     The allegations contained in Paragraph 125 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

126.     The allegations contained in Paragraph 126 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

127.     The allegations contained in Paragraph 127 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 127 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

128.     The allegations contained in Paragraph 128 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

129.     The allegations contained in Paragraph 129 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

130.     The allegations contained in Paragraph 130 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

131.     The allegations contained in Paragraph 131 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

132.    The allegations contained in Paragraph 132 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

133.    The allegations contained in Paragraph 133 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

134.    The allegations contained in Paragraph 134 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

135.    The allegations contained in Paragraph 135 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

136.    The allegations contained in Paragraph 136 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 136 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

137.    The allegations contained in Paragraph 137 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

138.    The allegations contained in Paragraph 138 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

139.    The allegations contained in Paragraph 139 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

140.    The allegations contained in Paragraph 140 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

141.     The allegations contained in Paragraph 141 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

142.     The allegations contained in Paragraph 142 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

143.     The allegations contained in Paragraph 143 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

144.     The allegations contained in Paragraph 144 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

145.     The allegations contained in Paragraph 145 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 145 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

146.    The allegations contained in Paragraph 146 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

147.    The allegations contained in Paragraph 147 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

148.    The allegations contained in Paragraph 148 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

149.    The allegations contained in Paragraph 149 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

150.    The allegations contained in Paragraph 150 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

151.    The allegations contained in Paragraph 151 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

152.    The allegations contained in Paragraph 152 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

153.    The allegations contained in Paragraph 153 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

154.    The allegations contained in Paragraph 154 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 154 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

155.    The allegations contained in Paragraph 155 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

156.    The allegations contained in Paragraph 156 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

157.    The allegations contained in Paragraph 157 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

158.    The allegations contained in Paragraph 158 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

159.    The allegations contained in Paragraph 159 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

160.    The allegations contained in Paragraph 160 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

161.    The allegations contained in Paragraph 161 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

162.    The allegations contained in Paragraph 162 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

163.    The allegations contained in Paragraph 163 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

164. The allegations contained in Paragraph 164 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

165. The allegations contained in Paragraph 165 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations.

166. The allegations contained in Paragraph 166 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with the FCSA.

167. The allegations contained in Paragraph 167 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with 21 U.S.C. § 827.

168. The allegations contained in Paragraph 168 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with 21 C.F.R. § 1301.74(b).

169. The allegations contained in Paragraph 169 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with 21 C.F.R. § 1304.33.

170. The allegations contained in Paragraph 170 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with the FCSA.

171. The allegations contained in Paragraph 171 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the

allegations to the extent they are inconsistent with 21 C.F.R. § 1301.71(a) and 21 C.F.R. § 1306.04(a).

172.    The allegations contained in Paragraph 172 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

173.    The allegations contained in Paragraph 173 of the FAC constitute a legal conclusion to which no response is required. To the extent a response is required, the paragraph refers to a document published by DEA, which speaks for itself and CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the DEA document and governing law.

174.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

175.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

176.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

177.    Answering Paragraph 177 of the FAC, CityPlex admits the DEA issues identification numbers to prescribers.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

178.     The first sentence of Paragraph 178 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations of the sentence to the extent they are inconsistent with the statute. CityPlex denies the second sentence of Paragraph 178.

179.     The first sentence of Paragraph 179 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations of the sentence to the extent they are inconsistent with the statute. The second sentence of Paragraph 179 states a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations.

180.     Paragraph 180 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

181.     Paragraph 181 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

182.     Paragraph 182 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

183.     Paragraph 183 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To

the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

184.    Paragraph 184 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

185.    Paragraph 185 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

186.    The allegations contained in Paragraph 186 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with federal and Oklahoma law.

187.    Paragraph 187 of the FAC does not state allegations of fact, but instead characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with federal and Oklahoma law.

188.    The allegations contained in Paragraph 188 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

189.    The allegations contained in Paragraph 189 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

190.    The allegations contained in Paragraph 190 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

191.    The allegations contained in Paragraph 191 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with Oklahoma law.

192.    The allegations contained in Paragraph 192 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

193.    The allegations contained in Paragraph 193 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

194.    The allegations contained in Paragraph 194 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

195.    The allegations contained in Paragraph 195 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

196.    Paragraph 196 of the FAC states legal conclusions as to which no response is required. To the extent that a response is required, CityPlex denies the allegations.

197.    The allegations contained in Paragraph 197 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

198.    The allegations contained in Paragraph 198 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

199.    Paragraph 199 of the FAC states legal conclusions to which no response is required. To the extent a response is required, CityPlex denies the allegations of the first two sentences to

the extent they are inconsistent with Oklahoma law and denies the allegations of the final sentence of the paragraph as they apply to CityPlex.

200.    The allegations contained in Paragraph 200 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

201.    The allegations contained in Paragraph 201 state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations to the extent they are inconsistent with governing law.

202.    Answering Paragraph 202 of the FAC, CityPlex admits that since 2006 DEA has held meetings with certain manufacturers and distributors. CityPlex denies the remaining allegations contained in Paragraph 202 of the FAC.

203.    The allegations contained in Paragraph 203 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

204.    The allegations contained in Paragraph 204 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

205.    The allegations contained in Paragraph 205 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

206.    The allegations contained in Paragraph 206 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

207.    The allegations contained in Paragraph 207 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

208.    The allegations contained in Paragraph 208 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

209.    The allegations contained in Paragraph 209 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

210.    The allegations contained in Paragraph 210 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

211.    The allegations contained in Paragraph 211 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

212.    The allegations contained in Paragraph 212 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

213.    The allegations contained in Paragraph 213 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

214.    The allegations contained in Paragraph 214 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 214 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

215.    The allegations contained in Paragraph 215 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

216.    The allegations contained in Paragraph 216 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

217.    The allegations contained in Paragraph 217 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

218.    The allegations contained in Paragraph 218 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

219.    The allegations contained in Paragraph 219 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

220.    The allegations contained in Paragraph 220 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

221.    The allegations contained in Paragraph 221 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

222.    The allegations contained in Paragraph 222 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

223.    The allegations contained in Paragraph 223 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 223 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

224.    The allegations contained in Paragraph 224 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

225.    The allegations contained in Paragraph 225 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

226.    The allegations contained in Paragraph 226 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

227.    The allegations contained in Paragraph 227 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

228.    The allegations contained in Paragraph 228 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

229.    The allegations contained in Paragraph 229 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

230.    The allegations contained in Paragraph 230 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

231.    The allegations contained in Paragraph 231 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

232.    The allegations contained in Paragraph 232 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 232 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

233.    The allegations contained in Paragraph 233 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

234.    The allegations contained in Paragraph 234 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

235.    The allegations contained in Paragraph 235 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

236.    The allegations contained in Paragraph 236 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

237.    The allegations contained in Paragraph 237 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

238.    Paragraph 238 of the FAC refers to various sources of alleged guidance provided to pharmacists, which speak for themselves.  CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the cited sources of guidance.

239.    Paragraph 239 of the FAC refers to guidance allegedly provided to pharmacists by the Florida Board of Pharmacy, which speaks for itself. CityPlex denies the allegations of the paragraph to the extent they are inconsistent with the cited source of guidance.

240.    The allegations contained in Paragraph 240 of the FAC are too vague to require a response.  To the extent a response is required, CityPlex denies the allegations.

241.    The allegations contained in Paragraph 241 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

242.    The allegations contained in Paragraph 242 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

243.    The allegations contained in Paragraph 243 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 243 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

244.    CityPlex denies the allegations contained in Paragraph 244 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

245.    The allegations contained in Paragraph 245 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 245 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 245 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

246.    The allegations contained in Paragraph 246 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 245 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 245 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

247.    The allegations contained in Paragraph 247 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

248.    The allegations contained in Paragraph 248 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

249.    The allegations contained in Paragraph 249 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

250.    The allegations contained in Paragraph 250 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

251.    The allegations contained in Paragraph 251 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

252.    The allegations contained in Paragraph 252 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 252 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

253.    The allegations contained in Paragraph 253 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

254.    The allegations contained in Paragraph 254 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

255.    The allegations contained in Paragraph 255 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

256.    The allegations contained in Paragraph 256 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

257.    The allegations contained in Paragraph 257 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 257 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 257 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

258.    The allegations contained in Paragraph 258 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 258 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 258 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

259.    The allegations contained in Paragraph 259 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 259 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 259 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

260.    The allegations contained in Paragraph 260 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 260 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 260 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

261.    The allegations contained in Paragraph 261 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 261 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 261 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

262.    CityPlex denies the allegations contained in Paragraph 262 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 262 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

263.    The allegations contained in Paragraph 263 of the FAC state legal conclusions to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 263 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 263 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

264.    The allegations contained in Paragraph 264 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

265.     Paragraph 265 of the FAC refers to a study published by the Substance Abuse and Mental Health Services Administration, which speaks for itself and therefore no response is required. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

266.     Paragraph 266 of the FAC refers to DEA data, which speaks for itself and therefore no response is required.  To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

267.     Paragraph 267 of the FAC refers to various statements and articles, which speak for themselves and therefore no response is required. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

268.     The allegations contained in Paragraph 268 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

269.     The allegations contained in Paragraph 269 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 269 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

270. The allegations contained in Paragraph 270 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

271. The allegations contained in Paragraph 271 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

272. The allegations contained in Paragraph 272 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 272 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

273. The allegations contained in Paragraph 273 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

274.     The allegations contained in Paragraph 274 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

275.     The allegations contained in Paragraph 275 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

276.     The allegations contained in Paragraph 276 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

277.     The allegations contained in Paragraph 277 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

278.     The allegations contained in Paragraph 278 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 278 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

279.    The allegations contained in Paragraph 279 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

280.    The allegations contained in Paragraph 280 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

281.    The allegations contained in Paragraph 281 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

282.    The allegations contained in Paragraph 282 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

283.     The allegations contained in Paragraph 283 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

284.     The allegations contained in Paragraph 284 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

285.     The allegations contained in Paragraph 285 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 285 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 285 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

286.     The allegations contained in Paragraph 286 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 286 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 286 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

287.    The allegations contained in Paragraph 287 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 287 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 287 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

288.    The allegations contained in Paragraph 288 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 288 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 288 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

289.    The allegations contained in Paragraph 289 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 289 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 289 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

290.    The allegations contained in Paragraph 290 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 290 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 290 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

291.    The allegations contained in Paragraph 291 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 291 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 291 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

292.    The allegations contained in Paragraph 292 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 292 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 292 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

293.    The allegations contained in Paragraph 293 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 293 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 293 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

294.    The allegations contained in Paragraph 294 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 294 of the FAC as they apply to CityPlex.   CityPlex is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 294 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

295. The allegations contained in Paragraph 295 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 295 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 295 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

296. The allegations contained in Paragraph 296 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

297. The allegations contained in Paragraph 297 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

298. The allegations contained in Paragraph 298 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 298 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

299.    The allegations contained in Paragraph 299 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

300.    The allegations contained in Paragraph 300 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

301.    The allegations contained in Paragraph 301 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

302.    The allegations contained in Paragraph 302 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

303.     The allegations contained in Paragraph 303 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

304.     The allegations contained in Paragraph 304 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

305.     The allegations contained in Paragraph 305 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

306.     The allegations contained in Paragraph 306 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

307.     The allegations contained in Paragraph 307 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 307 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

308.    The allegations contained in Paragraph 308 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

309.    The allegations contained in Paragraph 309 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

310.    The allegations contained in Paragraph 310 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 310 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

311.    The allegations contained in Paragraph 311 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

312.    The allegations contained in Paragraph 312 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 312 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

313.    The allegations contained in Paragraph 313 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

314.    The allegations contained in Paragraph 314 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 314 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

315.    The allegations contained in Paragraph 315 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 315 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

316.    The allegations contained in Paragraph 316 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 316 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

317.    The allegations contained in Paragraph 317 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

318.    The allegations contained in Paragraph 318 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

319.    The allegations contained in Paragraph 319 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

320.    The allegations contained in Paragraph 320 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 320 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

321.     The allegations contained in Paragraph 321 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

322.     The allegations contained in Paragraph 322 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

323.     The allegations contained in Paragraph 323 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

324.     The allegations contained in Paragraph 324 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 324 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

325.     The allegations contained in Paragraph 325 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 325 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

326.     The allegations contained in Paragraph 326 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 326 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

327.     The allegations contained in Paragraph 327 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 327 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

328.     The allegations contained in Paragraph 328 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

329.     The allegations contained in Paragraph 329 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 329 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 329 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

330. CityPlex denies the allegations contained in Paragraph 330 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 330 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

331. The allegations contained in Paragraph 331 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 331 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 331 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

332. The allegations contained in Paragraph 332 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 332 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 332 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

333. The allegations contained in Paragraph 333 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 333 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 333 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

334. The allegations contained in Paragraph 334 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 334 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 334 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

335. The allegations contained in Paragraph 335 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 335 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 335 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

336. The allegations contained in Paragraph 336 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 336 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 336 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

337. The allegations contained in Paragraph 337 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 337 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 337 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

338.     The allegations contained in Paragraph 338 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 338 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 338 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

339.     The allegations contained in Paragraph 339 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 339 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 339 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

340.     The allegations contained in Paragraph 340 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 340 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 340 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

341.     The allegations contained in Paragraph 341 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 341 of the FAC as they apply to CityPlex.   CityPlex is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 341 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

342.    The allegations contained in Paragraph 342 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 342 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 342 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

343.    The allegations contained in Paragraph 343 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 343 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 343 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

344.    The allegations contained in Paragraph 344 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 344 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 344 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

345.    The allegations contained in Paragraph 345 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations

contained in Paragraph 345 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 345 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

346.    The allegations contained in Paragraph 346 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 346 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 346 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

347.    The allegations contained in Paragraph 347 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 347 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 347 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

348.    The allegations contained in Paragraph 348 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 348 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 348 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

349.    The allegations contained in Paragraph 349 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 349 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 349 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

350.    The allegations contained in Paragraph 350 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 350 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 350 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

351.    The allegations contained in Paragraph 351 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 351 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 351 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

352.    The allegations contained in Paragraph 352 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 352 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 352 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

<div align="center">

**COUNT ONE**
**VIOLATION OF RICO, 18 U.S.C. § 1961** *et seq.*
**OPIOID MARKETING ENTERPRISE**
**(Against the Marketing Manufacturer Defendants)**

</div>

353.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

354.    The allegations contained in Paragraph 354 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 354 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

355.    The allegations contained in Paragraph 355 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 355 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

356.    The allegations contained in Paragraph 356 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 356 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

357.    The allegations contained in Paragraph 357 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 357 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

358.    The allegations contained in Paragraph 358 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 358 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

359.    The allegations contained in Paragraph 359 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 359 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

360.    The allegations contained in Paragraph 360 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 360 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

361.    The allegations contained in Paragraph 361 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 361 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

362.     The allegations contained in Paragraph 362 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 362 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

363.     The allegations contained in Paragraph 363 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 363 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

364.     The allegations contained in Paragraph 364 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 364 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

365.     The allegations contained in Paragraph 365 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 365 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

366.     The allegations contained in Paragraph 366 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 366 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

367.    The allegations contained in Paragraph 367 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

368.    The allegations contained in Paragraph 368 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

369.    The allegations contained in Paragraph 369 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

370.    The allegations contained in Paragraph 370 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

371. The allegations contained in Paragraph 371 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 371 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

372. The allegations contained in Paragraph 372 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

373. The allegations contained in Paragraph 373 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 373 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

374. The allegations contained in Paragraph 374 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

375. The allegations contained in Paragraph 375 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 375 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

376.    The allegations contained in Paragraph 376 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 376 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

377.    The allegations contained in Paragraph 377 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

378.    The allegations contained in Paragraph 378 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 378 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

379.    The allegations contained in Paragraph 379 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 379 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT II
### VIOLATION OF RICO, 18 U.S.C. § 1961 *et seq.*
### OPIOID SUPPLY CHAIN ENTERPRISE
### (Against All Defendants)

380.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

381.    The allegations contained in Paragraph 381 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations as to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 381 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

382.    The allegations contained in Paragraph 382 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations as to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 382 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

383.    The allegations contained in Paragraph 383 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations as to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 383 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

384.    The allegations contained in Paragraph 384 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations as to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 384 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

385.    The allegations contained in Paragraph 385 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 385 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 385 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

386.    The allegations contained in Paragraph 386 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 386 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 386 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

387.    The allegations contained in Paragraph 387 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 387 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 387 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

388.    The allegations contained in Paragraph 388 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 388 of the FAC as they apply to CityPlex.   CityPlex is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 388 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

389.    The allegations contained in Paragraph 389 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 389 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 389 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

390.    The allegations contained in Paragraph 390 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 390 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 390 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

391.    The allegations contained in Paragraph 391 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 391 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 391 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

392.    The allegations contained in Paragraph 392 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations

contained in Paragraph 392 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 392 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

393.    The allegations contained in Paragraph 393 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 393 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 393 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

394.    The allegations contained in Paragraph 394 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 394 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 394 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

395.    The allegations contained in Paragraph 395 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 395 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 395 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

396.    The allegations contained in Paragraph 396 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 396 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 396 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

397.    The allegations contained in Paragraph 397 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 397 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 397 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

398.    The allegations contained in Paragraph 398 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 398 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 398 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

399.    The allegations contained in Paragraph 399 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 399 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 399 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

400.    The allegations contained in Paragraph 400 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 400 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 400 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

401.    The allegations contained in Paragraph 401 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 401 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 401 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

402.    The allegations contained in Paragraph 402 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 402 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 402 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

403.    The allegations contained in Paragraph 403 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 403 of the FAC as they apply to CityPlex.   CityPlex is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 403 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

404.    The allegations contained in Paragraph 404 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 404 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 404 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

405.    The allegations contained in Paragraph 405 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 405 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 405 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

406.    The allegations contained in Paragraph 406 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 406 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 406 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

407.    The allegations contained in Paragraph 407 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations

contained in Paragraph 407 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 407 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

408.    The allegations contained in Paragraph 408 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 408 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 408 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

**COUNT III**
**LANHAM ACT**
**(Against All Defendants)**

409.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

410.    The allegations contained in Paragraph 410 of the FAC state legal conclusions, to which no response is required.  To the extent a response is required, CityPlex denies the allegations.

411.    The allegations contained in Paragraph 411 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 411 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 411 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

412.    The allegations contained in Paragraph 412 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 412 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 412 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

413.    The allegations contained in Paragraph 413 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 413 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 413 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

414.    The allegations contained in Paragraph 414 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 414 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 414 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

415.    The allegations contained in Paragraph 415 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 415 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 415 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

416.    The allegations contained in Paragraph 416 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 416 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 416 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

417.    The allegations contained in Paragraph 417 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 417 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 417 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

418.    The allegations contained in Paragraph 418 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 418 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 418 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT IV
## NUISANCE
### (Against Marketing Manufacturer Defendants)

419.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

420.    The allegations contained in Paragraph 420 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 420 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

421.    The allegations contained in Paragraph 421 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 421 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

422.    The allegations contained in Paragraph 422 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 422 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

423.    The allegations contained in Paragraph 423 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 423 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

424.     The allegations contained in Paragraph 424 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 424 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

425.     The allegations contained in Paragraph 425 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 425 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

426.     The allegations contained in Paragraph 426 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 426 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

427.     The allegations contained in Paragraph 427 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 427 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

428.     The allegations contained in Paragraph 428 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 428 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

429.     The allegations contained in Paragraph 429 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 429 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

430.     The allegations contained in Paragraph 430 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 430 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

431.     The allegations contained in Paragraph 431 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 431 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

432.     The allegations contained in Paragraph 432 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 432 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

**COUNT V**
**NEGLIGENCE AND NEGLIGENCE PER SE**
**(Against Marketing Manufacturer Defendants)**

433.   CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

434.   The allegations contained in Paragraph 434 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 434 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

435.   The allegations contained in Paragraph 435 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 435 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

436.   The allegations contained in Paragraph 436 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 436 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

437.   The allegations contained in Paragraph 437 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 437 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

438.    The allegations contained in Paragraph 438 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 438 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

439.    The allegations contained in Paragraph 439 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

440.    The allegations contained in Paragraph 440 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 440 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

441.    The allegations contained in Paragraph 441 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 441 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

442.    The allegations contained in Paragraph 442 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 442 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

443.    The allegations contained in Paragraph 443 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 443 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

444.    The allegations contained in Paragraph 444 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 444 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

445.    The allegations contained in Paragraph 445 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 445 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT VI
## UNJUST ENRICHMENT
### (Against Marketing Manufacturer Defendants)

446.     CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

447.     The allegations contained in Paragraph 447 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 447 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

448.     The allegations contained in Paragraph 448 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 448 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

449.     The allegations contained in Paragraph 449 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 449 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

450.     The allegations contained in Paragraph 450 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 450 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT VII
### NUISANCE
### (Against Diversion Defendants)

451.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

452.    The allegations contained in Paragraph 452 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 452 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 452 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

453.    The allegations contained in Paragraph 453 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 453 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 453 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

454.    The allegations contained in Paragraph 454 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 454 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 454 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

455.    The allegations contained in Paragraph 455 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 455 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 455 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

456.    The allegations contained in Paragraph 456 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 456 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 456 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

457.    The allegations contained in Paragraph 457 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 457 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 457 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

458.    CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 458 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

459.    The allegations contained in Paragraph 459 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 459 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 459 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

460.    The allegations contained in Paragraph 460 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 460 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 460 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

461.    The allegations contained in Paragraph 461 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 461 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 461 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

462.    The allegations contained in Paragraph 462 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 462 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 462 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

463.    The allegations contained in Paragraph 463 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 463 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 463 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

464.    The allegations contained in Paragraph 464 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 464 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 464 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT VIII
## NEGLIGENCE AND NEGLIGENCE PER SE
### (Against Diversion Defendants)

465.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

466.    The allegations contained in Paragraph 466 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 464 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 466 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

467.    The allegations contained in Paragraph 467 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 467 as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 467 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

468.    The allegations contained in Paragraph 468 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 468 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 468 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

469.    The allegations contained in Paragraph 469 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 469 of the FAC as they apply to CityPlex.  CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 469 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

470.    The allegations contained in Paragraph 470 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 470 of the FAC as they apply to CityPlex.  CityPlex is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 470 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

471.     The allegations contained in Paragraph 471 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 471 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 471 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

472.     The allegations contained in Paragraph 472 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 472 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 472 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

473.     The allegations contained in Paragraph 473 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 473 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 473 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

474.     The allegations contained in Paragraph 474 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations

contained in Paragraph 474 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 474 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

475.    The allegations contained in Paragraph 475 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 475 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 475 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

476.    The allegations contained in Paragraph 476 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 476 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 476 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

477.    The allegations contained in Paragraph 477 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 477 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 477 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

478. The allegations contained in Paragraph 478 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 478 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 478 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

<div align="center">

**COUNT IX**
**UNJUST ENRICHMENT**
**(Against Diversion Defendants)**

</div>

479. CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

480. The allegations contained in Paragraph 480 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 480 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 480 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

481. The allegations contained in Paragraph 481 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 481 of the FAC as they apply to CityPlex. CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 481 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

482.    The allegations contained in Paragraph 482 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 482 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 482 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

483.    The allegations contained in Paragraph 483 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 483 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 483 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

484.    The allegations contained in Paragraph 484 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, CityPlex denies the allegations contained in Paragraph 484 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 484 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## COUNT X
## CIVIL CONSPIRACY
### (Against All Defendants)

485.    CityPlex incorporates by reference all other paragraphs of its Answer as if fully re-written herein.

486.     The allegations contained in Paragraph 486 of the FAC are not directed at CityPlex and therefore no response is required from CityPlex. To the extent a response is required, CityPlex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 486 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

487.     CityPlex denies the allegations contained in Paragraph 487 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 487 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

488.     CityPlex denies the allegations contained in Paragraph 488 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 488 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

489.     CityPlex denies the allegations contained in Paragraph 489 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 489 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

490.     The allegations contained in Paragraph 490 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 490 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 490 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

491.    The allegations contained in Paragraph 491 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 491 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 491 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

492.    The allegations contained in Paragraph 492 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 492 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 492 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

493.    The allegations contained in Paragraph 493 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, CityPlex denies the allegations contained in Paragraph 493 of the FAC as they apply to CityPlex.   CityPlex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 493 of the FAC; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## **PRAYER FOR RELIEF**

CityPlex admits that Plaintiff seeks the identified relief, but denies that Plaintiff has any legal entitlement to the relief sought from CityPlex.

## **AFFIRMATIVE DEFENSES**

1.     The FAC fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

2.     Plaintiff's claims are barred by the applicable statutes of limitation.

3.     Plaintiff's claims are barred by the doctrine of laches.

4.     Plaintiff's claims are barred by the applicable statutes of repose.

5.     Plaintiff's claims are barred or limited for lack of standing.

6.     Plaintiff's claims are barred by the doctrine of primary jurisdiction.

7.     Plaintiff's claims are barred by the voluntary payment doctrine.

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

9.     Plaintiff's claims are barred by the doctrine of *in pari delicto*.

10.     Venue may be improper and/or inconvenient in this Court.

11.     Plaintiff's claims are not ripe and/or have been mooted.

12.     Plaintiff has failed to sue the correct legal entity/has failed to name the real party in interest with respect to CityPlex.

13.     Plaintiff's claims against CityPlex are barred and/or limited by CityPlex's *de minimis* status.

14.     Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers.

15.     Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its state law claims implicate issues of statewide importance that are reserved for state regulation.

16.     Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on CityPlex.

17.     Plaintiff's claims are barred because Plaintiff is not the real parties in interest.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims maintained, even indirectly, on behalf of its members and/or claims brought as *parens patriae*.

19.     Plaintiff's claims are barred to the extent CityPlex has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

20.     Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

21.     Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

22.     Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by CityPlex that harmed patients and should not have been written, that CityPlex's alleged improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any prescription was unauthorized, medically unnecessary, ineffective, harmful, or caused any of the injuries or harms for which Plaintiff seeks recovery.

23.     Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

24.     Plaintiff's claims against CityPlex do not arise from the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

25.     Plaintiff failed to join all necessary and indispensable parties, including without limitation the DEA, health care providers, prescribers, patients, and other third parties whom

Plaintiff alleges engaged in or contributed to the prescription, dispensing, diversion, or use of opioids.

26.     Plaintiff failed to identify any specific distribution chain involving CityPlex, the specific opioids dispensed by CityPlex, and the specific manufacturer(s) of the opioids dispensed by CityPlex.

27.     CityPlex denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against CityPlex.

28.     Plaintiff's claims are barred, in whole or in part, because CityPlex did not proximately cause the Plaintiff's alleged damages, and because the acts of other persons, including without limitation individuals engaged in the illegal sale and/or use of opioids, intervened between CityPlex' acts and Plaintiff's alleged harms.

29.     Plaintiff's claims are barred to the extent they are based on the intentional criminal acts of third parties, which CityPlex had no duty to control or prevent and which act as superseding and/or intervening causes that extinguish any liability.

30.     Plaintiff's claims are barred because its alleged injuries and damages resulted from intervening and/or superseding causes, and any act or omission by CityPlex was not the proximate and/or producing cause of Plaintiff's alleged injuries and damages.

31.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages, if any, were due to illicit use or abuse of the medications at issue by the medication users.

32.     Plaintiff's claims are barred to the extent its alleged injuries and damages were caused or contributed to by the negligence or conduct of Plaintiff, Plaintiff's members and/or third parties over whom CityPlex had no control and for whom it is not responsible.

33.     Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its members to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

34.     The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of CityPlex to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

35.     Plaintiff would be unjustly enriched if allowed to recover on any of its claims.

36.     Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by CityPlex.

37.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which CityPlex had no control, including without limitation pre-existing or unrelated medical conditions.

38.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, by the alteration, modification, or criminal misuse of medications, and/or the improper prescription of medications by third parties over whom CityPlex had no control.

39.     Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers relied to their detriment upon any statement by CityPlex in determining to use or prescribe the subject prescription medications.

40.     Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

41.     Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

42.     Any recovery by Plaintiff is barred or limited by the principle of comparative or contributory fault.

43.     Any recovery by Plaintiff is barred or limited by the principles of informed consent and/or assumption of the risk, whether primary, express, or implied.

44.     CityPlex asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or plaintiff, of any damages found against CityPlex.

45.     Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, or hypothetical.

46.     Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than CityPlex, and in the event CityPlex is found liable to Plaintiff, CityPlex will be entitled to indemnification, contribution and/or apportionment.

47.     Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

48.     In the event of liability against CityPlex (which liability is specifically denied), a percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to (1) the Plaintiff or Plaintiff's members; (2) other parties from whom Plaintiff seeks recovery; and (3) persons from whom Plaintiff does not seek recovery in this action, including but not limited

to opioid prescribers, their associates, and employers, including hospitals; non-party manufacturers of prescription opioids; non-party distributors of prescription opioids; non-party pharmacies and pharmacists employed or formerly employed by those pharmacies; other individuals or entities involved in the manufacture, import, distribution, diversion, procurement, sale, dispensing, use, misuse, or abuse of prescription opioids and/or other medications or illegal drugs; delivery services; federal, state, and local government entities; health insurers and pharmacy benefit managers; and any other individuals or entities identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss. *See* Okla. Stat. tit. 23 §§ 13-14.

49.     In the event of liability against CityPlex (which liability is specifically denied), the facts will show that any recovery must be reduced pursuant to Okla. Stat. tit. 23 §§ 13-14 to account for the acts and omissions attributed to Plaintiff or Plaintiff's members.

50.     Plaintiff failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

51.     Plaintiff's claims are barred or limited by the economic loss rule.

52.     Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrine.

53.     Plaintiff's claims are barred to the extent they relate to CityPlex' or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply.

54.     The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Okla. Stat. tit. 23 § 9.1.

55.     Any damages that Plaintiff may recover against CityPlex must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against CityPlex must be reduced to the extent they unjustly enrich Plaintiff.

56.     Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

57.     To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

58.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Oklahoma constitutions.

59.     CityPlex's rights under the Due Process Clause of the U.S. Constitution and applicable state constitutions or statutes are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

60.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

61.     Plaintiff's claims are preempted by federal law, including without limitation the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

111

62.     CityPlex' conduct conformed with the FDCA and the requirements of the FDA, and the activities of CityPlex alleged in the FAC conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the FAC.

63.     Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013).

64.     Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

65.     To the extent Plaintiff asserts claims that depend on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

66.     To the extent Plaintiff asserts claims that depend on violations of federal law, including any claims of "fraud on the DEA" with respect to CityPlex's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

67.     Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

112

68.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

69.     If Plaintiff incurred the damages alleged, which is expressly denied, CityPlex is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

70.     Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

71.     CityPlex did not owe or breach any statutory or common law duty to Plaintiff.

72.     CityPlex appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the FAC.

73.     Plaintiff's claims are barred, in whole or in part, because CityPlex complied at all relevant times with all applicable laws, including all legal and regulatory duties.

74.     To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish CityPlex's regulatory duties, such informal guidance cannot enlarge CityPlex's

regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

75.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

76.     Plaintiff's claims are barred, in whole or in part, by the RESTATEMENT (SECOND) OF TORTS § 402A, cmts. j and k, and RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6.

77.     CityPlex is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

78.     Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Oklahoma Product Liability Act.

79.     Plaintiff's nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Oklahoma law.

80.     Plaintiff's nuisance claims are barred or limited to the extent that they have been abrogated by Okla. Stat. tit. 76 § 57.2(G).

81.     Plaintiff's claim of public nuisance is barred or limited because no action of CityPlex involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of CityPlex is too remote from the alleged injury as a matter of law and due process.

82.     Plaintiff's claim for unjust enrichment is barred or limited because CityPlex did not receive and retain any alleged benefit from Plaintiff.

83.    Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Oklahoma statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

84.    Plaintiff's claims are barred, reduced, and/or limited to the extent that CityPlex is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

85.    To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

86.    Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to CityPlex.

87.    Plaintiff is barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the FAC.

88.    Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

89.    Plaintiff's claims are barred in whole or in part because no conduct of CityPlex was misleading, unfair, or deceptive.

90.    Plaintiff's claims are barred because neither the users, nor the prescribers of the medications distributed by CityPlex, nor Plaintiff itself, relied to their detriment upon any statement by CityPlex in determining to use the medications at issue.

91.    Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

92.     CityPlex's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus CityPlex is entitled to complete indemnity, express or implied, by other parties.

93.     Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth  Amendment to the United States Constitution, and applicable provisions of the Constitution of Oklahoma or that of any other state whose laws may apply.  Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it:

(1)     lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any;

(2)     is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties;

(3)     unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff;

(4)     permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence;

116

(5)     permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of CityPlex;

(6)     permits the imposition of punitive damages without any predetermined limit on any such award;

(7)     permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s);

(8)     unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any;

(9)     unconstitutionally may permit jury consideration of net worth or other financial information relating to CityPlex;

(10)     lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

(11)     lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties;

(12)     would unconstitutionally impose a penalty, criminal in nature, without according to CityPlex the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, Oklahoma, and any other state whose laws may apply; and

(13)     otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996);

117

*State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

94.     To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

95.     Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that CityPlex was grossly negligent and CityPlex has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

96.     Plaintiff cannot obtain relief on its claims based on actions undertaken by CityPlex of which CityPlex provided notice of all material facts.

97.     CityPlex is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of Oklahoma or any other state whose substantive law might control the action.

98.     CityPlex asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Okla. Stat. tit. 12 § 2012, as investigation and discovery proceeds.

99.     CityPlex reserves the right to assert any other defense available under Oklahoma statutes, Oklahoma common law, the Oklahoma Constitution, and/or any other state constitution, statute, or regulation that may apply.

100.    To the extent they are not otherwise incorporated herein, CityPlex incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants in this case.

101.    CityPlex adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

WHEREFORE, CityPlex respectfully requests that the First Amended Complaint be dismissed with prejudice at Plaintiff's costs; that judgment be rendered in favor of CityPlex; that CityPlex be awarded its attorneys' fees and costs of suit incurred in the defense of this action; and that this Court grant such other and further relief as may be deemed just and appropriate.

Respectfully submitted,

*/s/ Ralph Streza*
Ralph Streza (Ohio S. Ct. #0017694)
Kimberly L. Hall (Ohio S. Ct. #0090677)
CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.
4996 Foote Road
Medina, OH 44256
Telephone: 330.723.6404
Facsimile: 330.721.7644
Email: Streza@ccj.com; khall@ccj.com

*Counsel for mis-named Defendant CityPlex Pharmacy, otherwise known as Southwestern Regional Medical Center, Inc. dba CityPlex Pharmacy*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), mis-named Defendant CityPlex Pharmacy, otherwise known as Southwestern Regional Medical Center, Inc. dba CityPlex Pharmacy hereby demands trial by jury on all issues herein properly triable by a jury.

*/s/ Ralph Streza*
Ralph Streza (Ohio S. Ct. #0017694)
*Counsel for mis-named Defendant CityPlex Pharmacy, otherwise known as Southwestern Regional Medical Center, Inc. dba CityPlex Pharmacy*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on the 26th day of July, 2019, I caused the foregoing to be filed via the ECF System for the United States District Court for the Northern District of Ohio, Eastern Division, and that the Notice will be served upon all counsel of record via the Court's electronic filing system.

<div style="margin-left: 40%;">

_____/s/ Ralph Streza_____
Ralph Streza (Ohio S. Ct. #0017694)
*Counsel for mis-named Defendant CityPlex*
*Pharmacy, otherwise known as Southwestern Regional*
*Medical Center, Inc. dba CityPlex Pharmacy*

</div>