**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The Blackfeet Tribe of the Blackfeet Indian Reservation v. AmerisourceBergen Drug Corp., et al.*<br>Case No. 18-op-45749 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

<u>**JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICALS, INC.'S**</u>
<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**</u>
<u>**CORRECTED FIRST AMENDED COMPLAINT AND JURY DEMAND**</u>

Defendant Janssen Pharmaceuticals, Inc., its predecessor companies Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. (jointly, "Janssen"), and its parent company Johnson & Johnson ("J&J") hereby respond to the First Amended Complaint ("1AC") filed by Blackfeet Tribe ("Plaintiff") as follows, expressly reserving the right to seek to amend and/or supplement this Answer as may be necessary:

## GENERAL DENIAL

Except as expressly addressed below, J&J and Janssen deny each and every allegation in the 1AC (including, without limitation, any allegations contained in the preamble or headings or subheadings of the 1AC) and specifically deny any liability to Plaintiff. Fed. R. Civ. P. 8(b)(3). J&J and Janssen expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.      The allegations contained in Paragraph 1 and Footnote 1 to Paragraph 1 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the reference to "Defendants" in Paragraph 1 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 1's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 1. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

2.      No response is necessary to Paragraph 2 or Footnote 2 to Paragraph 2 of the 1AC as they contain no allegation against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegation in Paragraph 2 is so vague and

ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 and, on that basis, deny the allegation.

3.      To the extent the references to "Manufacturers" in Paragraph 3 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 3's references to "Manufacturers" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 3. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

4.      No response is necessary to Paragraph 4 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. J&J and Janssen aver that the document referenced in Footnote 3 to Paragraph 4 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 4 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, deny those allegations.

5.      To the extent the references to "opioids" in Paragraph 5 of the 1AC pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Footnotes 4 and 5 to Paragraph 5 speak for themselves and deny any characterizations of the documents that are inconsistent with their meaning when the documents are read in their entirety

and in context. To the extent Paragraph 5's references to "opioids" pertain to Duragesic, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic is an opioid product that has been approved by the FDA for the treatment of long-term chronic pain. J&J and Janssen further admit that Duragesic exposes users to risks of overdose and addiction, as disclosed in the drug's FDA-approved labeling. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 5 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, deny those allegations.

6.     No response is necessary to Paragraph 6 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 6 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, deny those allegations.

7.     No response is necessary to Paragraph 7 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 7 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny those allegations.

8.     No response is necessary to Paragraph 8 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 8 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, deny those allegations. To the extent Paragraph 8 references

statements from Robert Anderson and the President, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

9.    No response is necessary to Paragraph 9 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen deny the allegations in Paragraph 9. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

10.    To the extent the references to "Marketing Defendants" in Paragraph 10 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 10's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

11.    To the extent the reference to "Defendants" in Paragraph 11 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 11's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 11's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit FDA has approved

Duragesic and Nucynta ER as safe and effective for pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate. J&J and Janssen further admit FDA has approved Nucynta (also known as Nucynta IR) as safe and effective for the management of moderate to severe acute pain in adults. J&J and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, and misuse, as disclosed in these drugs' FDA-approved labeling. Except as expressly admitted, J&J and Janssen deny the allegations contained in Paragraph 11.

12.    To the extent the references to "manufacturers" and "Marketing Defendants" in Paragraph 12 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 12's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 12's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 12. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

13.    To the extent the references to "Marketing Defendants" in Paragraph 13 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, deny those allegations. To the extent Paragraph 13's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 13 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny the allegations.

14.     To the extent the reference to "Defendants" in Paragraph 14 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, deny those allegations. To the extent Paragraph 14's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 14 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny those allegations.

15.     To the extent the references to "Defendants" in Paragraph 15 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 15's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny those allegations.

16.     To the extent the reference to "Defendants" in Paragraph 16 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 16's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny those allegations.

17.     To the extent the reference to "Defendants" in Paragraph 17 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Footnote 6 to Paragraph 17 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context. To the extent Paragraph 17's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny those allegations.

18.     To the extent the reference to "Defendants" in Paragraph 18 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Footnote 7 to Paragraph 18 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context. To the extent Paragraph 18's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny those allegations. To the extent Paragraph 18 references statements from the "then CDC [sic] director," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

19.     To the extent the reference to "Defendants" in Paragraph 19 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 19's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

20.     To the extent the reference to "Defendants" in Paragraph 20 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 20's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, deny those allegations.

21.     To the extent the reference to "Defendants" in Paragraph 21 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 21's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation.

22.     To the extent the reference to "manufacturers" in Paragraph 22 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 22's reference to "manufacturers" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 22 and, on that basis, deny the allegation.

23.     To the extent the reference to "Defendants" in Paragraph 23 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 23's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 and, on that basis, deny the allegation.

24.     The allegations contained in Paragraph 24 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and, on that basis, deny the allegations

25.     The allegations in Paragraph 25 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 25's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 25.

26.     The allegations in Paragraph 26 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 26's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 26.

27.     The allegations in Paragraph 27 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 27's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 27.

28.     The allegations in Paragraph 28 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and

Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and, on that basis, deny the allegations.

29.     The allegations in Paragraph 29 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and, on that basis, deny the allegations.

30.     No response is necessary to Paragraph 30 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and, on that basis, deny the allegations.

31.     No response is necessary to Paragraph 31 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and, on that basis, deny the allegations.

32.     No response is necessary to Paragraph 32 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. Furthermore, the allegations in Paragraph 32 consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and, on that basis, deny the allegations.

33.     The allegations in Paragraph 33 consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and, on that basis, deny the allegations.

34.     The allegations in Paragraph 34 consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 59's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 34.

35.     The allegations in Paragraph 35 consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 35's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 35.

36.     The allegations in Paragraph 36 consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 36's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 36.

37.     To the extent the references to "Marketing Defendants" in Paragraph 37 of the 1AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, deny those allegations. To the extent the references to "Marketing Defendants" in Paragraph 37 of the 1AC pertain to J&J and Janssen or that Paragraph's reference to "opioids" pertains to Duragesic, Nucynta, and/or Nucynta ER, J&J and Janssen admit that Janssen lawfully promoted and marketed prescription opioid medicines in the United States. J&J and Janssen further admit that Janssen lawfully sold prescription opioid medicines to certain distributors of pharmaceutical products, who in turn distributed and sold

11

those products. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 37 of the 1AC.

38.     No response is necessary to Paragraph 38 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

39.     No response is necessary to Paragraph 39 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

40.     No response is necessary to Paragraph 40 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

41.     No response is necessary to Paragraph 41 or Footnote 8 of the 1AC as they contain no allegations against J&J or Janssen and also consist of argument and legal conclusions to which no response is required. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

42.     No response is necessary to Paragraph 42 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

43.    No response is necessary to Paragraph 43 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

44.    No response is necessary to Paragraph 44 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

45.    No response is necessary to Paragraph 45 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

46.    No response is necessary to Paragraph 46 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

47.    No response is necessary to Paragraph 47 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

48.     No response is necessary to Paragraph 48 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

49.     No response is necessary to Paragraph 49 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

50.     No response is necessary to Paragraph 50 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

51.     J&J and Janssen admit the allegations contained in Paragraph 51.

52.     J&J and Janssen admit the allegations contained in Paragraph 52.

53.     No response is necessary to the allegations in Paragraph 53 of the 1AC pertaining to Noramco's headquarters. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties. J&J and Janssen admit the remaining allegations contained in Paragraph 53.

54.     J&J and Janssen admit the allegations contained in Paragraph 54.

55.     J&J and Janssen admit the allegation contained in Paragraph 55.

56.     With respect to Paragraph 56 and footnote 9, J&J and Janssen admit that Janssen lawfully promoted and marketed prescription opioid medicines in the United States, including in the State of Montana. J&J and Janssen further admit that Janssen lawfully sold prescription opioid medicines to certain distributors of pharmaceutical products, who in turn distributed and

sold those products in Montana and elsewhere. J&J and Janssen further admit that among the drugs Janssen manufactures or manufactured are Duragesic (fentanyl), Nucynta (tapentadol hydrochloride), and Nucynta ER (tapentadol hydrochloride, extended release) and that those drugs are Schedule II opioids. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 83. J&J and Janssen aver that Janssen no longer actively promotes Duragesic, and it stopped doing so no later than April 2008. J&J and Janssen further aver that Janssen no longer promotes, advertises, or otherwise markets Nucynta or Nucynta ER, and it stopped doing so by approximately April 2015, when Janssen divested the Nucynta franchise to Depomed, Inc.

57.     With respect to Paragraph 57, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, including through sales representatives, physician speakers, and print advertisements. J&J and Janssen further admit that Janssen lawfully promoted prescription opioid medicines including through physician speakers; and admit that Janssen made certain payments to and for certain of these physicians. With respect to the remaining allegations in Paragraph 57 of the 1AC, J&J and Janssen aver that these allegations appear to refer to figures available from certain publicly available documents. J&J and Janssen aver that these documents speak for themselves and deny any characterization of their contents that it is inconsistent with their meaning when they are read in their entirety and in context. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 84 and specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids

58.     With respect to Paragraph 58, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines including through physician speakers; and admit that

15

Janssen made certain payments to and for certain of these physicians. With respect to the remaining allegations in Paragraph 58 of the 1AC, J&J and Janssen aver that these allegations appear to refer to certain publicly available documents. J&J and Janssen aver that these documents speak for themselves and deny any characterization of their contents that it is inconsistent with their meaning when they are read in their entirety and in context. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 58 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

59.     The allegations in Paragraph 59 of the 1AC pertaining to J&J's control of the development and marketing of Janssen's opioids products consist of argument and legal conclusions to which no response is required. To the extent that a response is required, J&J and Janssen aver that the documents and websites referenced in Paragraph 59 speak for themselves, and deny any characterization of those documents and websites that are inconsistent with their meaning when they are read in their entirety and in context.

60.     The allegations in Paragraph 60 of the 1AC pertaining to J&J's control of the marketing of Janssen's opioid products consist of argument and legal conclusions to which no response is required. J&J and Janssen aver that the documents and websites referenced in Paragraph 60 of the 1AC speak for themselves, and deny any characterization of those documents and websites that are inconsistent with their meaning when they are read in their entirety and in context.

61.     With respect to Paragraph 61 of the 1AC, J&J and Janssen admit that Janssen lawfully promoted prescription opioid medicines in the United States, including through physician speakers; and admit that Janssen made certain payments to and for certain of these physicians.

16

Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 88 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

62.     No response is necessary to Paragraph 62 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

63.     No response is necessary to Paragraph 63 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

64.     No response is necessary to Paragraph 64 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

65.     No response is necessary to Paragraph 65 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

66.     No response is necessary to Paragraph 66 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

67.     No response is necessary to Paragraph 67 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

68.     No response is necessary to Paragraph 68 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 10 to Paragraph 68 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

69.     No response is necessary to Paragraph 69 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

70.     No response is necessary to Paragraph 70 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

71.     No response is necessary to Paragraph 71 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

72.     No response is necessary to Paragraph 72 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

73.     No response is necessary to Paragraph 73 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

74.     No response is necessary to Paragraph 74 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

75.     No response is necessary to Paragraph 75 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

76.     No response is necessary to Paragraph 76 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 11 to Paragraph 76 speaks for itself and

deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

77.     No response is necessary to Paragraph 77 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

78.     No response is necessary to Paragraph 78 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

79.     No response is necessary to Paragraph 79 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

80.     No response is necessary to Paragraph 80 or Footnote 12 of the 1AC as they contain no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

81.     No response is necessary to Paragraph 81 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

82. No response is necessary to Paragraph 82 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

83. No response is necessary to Paragraph 83 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

84. No response is necessary to Paragraph 121 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

85. No response is necessary to Paragraph 85 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

86. No response is necessary to Paragraph 86 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations

87. No response is necessary to Paragraph 87 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning

other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

88.     No response is necessary to Paragraph 88 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

89.     No response is necessary to Paragraph 89 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

90.     No response is necessary to Paragraph 90 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

91.     No response is necessary to Paragraph 91 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

92.     No response is necessary to Paragraph 92 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

93.     No response is necessary to Paragraph 93 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

94.     No response is necessary to Paragraph 94 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

95.     No response is necessary to Paragraph 94 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

96.     No response is necessary to Paragraph 96 or Footnote 13 of the 1AC as they contain no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

97.     No response is necessary to Paragraph 97 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

98.     The allegations in Paragraph 98 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 98's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 98.

99.     No response is necessary to Paragraph 99 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, and to the extent the references to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen admit that the FDA recognizes that Duragesic's active molecule, Fentanyl, is an opioid analgesic that interacts predominantly with the opioid mu-receptor. J&J and Janssen further admit that the FDA recognizes that Nucynta's and Nucynta ER's active molecule, Tapentadol, has an unknown mechanism of action, but that preclinical studies indicate that the molecule is a mu-opioid receptor agonist and a norepinephrine reuptake inhibitor. J&J and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks, such as addiction and respiratory depression—as disclosed in these drugs' FDA-approved labeling. Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and, on that basis, deny those allegations.

100.     No response is necessary to Paragraph 100 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 131 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, deny those allegations.

101.     No response is necessary to Paragraph 101 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 101 and, on that basis, deny those allegations. To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 101 and Footnote 15 to Paragraph 101 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen further aver that the allegations in Paragraph 101 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

102.    No response is necessary to Paragraph 102 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, deny those allegations. J&J and Janssen further aver that the allegations in Paragraph 102 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

103.    To the extent the references to "prescription opioids" in Paragraph 103 of the 1AC pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, on that basis, deny those allegations. To the extent Paragraph 103's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta are narcotics and regulated as controlled substances. J&J and Janssen further admit that the FDA recognizes that Duragesic's active molecule, Fentanyl, is an opioid analgesic that interacts predominantly with the opioid mu-receptor. J&J and Janssen further admit that the FDA

recognizes that Nucynta's and Nucynta ER's active molecule, Tapentadol, has an unknown mechanism of action, but that preclinical studies indicate that the molecule is a mu-opioid receptor agonist and a norepinephrine reuptake inhibitor. With respect to the remaining allegations in Paragraph 103, J&J and Janssen aver that these are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 103.

104.    No response is necessary to Paragraph 104 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary and the reference to "prescription opioids" in Paragraph 104 pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta are narcotics and regulated as Schedule II controlled substances by the DEA. J&J and Janssen further admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, as disclosed in these drugs' FDA-approved labeling. With respect to the remaining allegations in Paragraph 104, J&J and Janssen aver that these are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

105.    No response is necessary to Paragraph 105 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, deny those allegations.

106.     No response is necessary to Paragraph 106 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

107.     No response is necessary to Paragraph 107 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 107 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

108.     No response is necessary to Paragraph 108 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

109.     No response is necessary to Paragraph 109 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the allegations in Paragraph 109 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

110.    To the extent the reference to "Marketing Defendants" in Paragraph 110 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" or "fentanyl" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, on that basis, deny those allegations. To the extent Paragraph 110's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 110's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 110's are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 110. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

111.    With respect to Paragraph 111 of the 1AC, J&J and Janssen aver that the allegations in that Paragraph are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations. In particular, J&J and Janssen lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of the phrase "effects of opioids." To the extent a response is required, and 1AC to the extent that the reference to "Marketing Defendants" pertains to J&J and/or Janssen or the references to "opioids" pertain to Duragesic, Nucynta ER, or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Nucynta ER and Duragesic are long-acting prescription opioid medicines, but deny that Paragraph 111 of the 1AC fully and accurately characterizes how long-acting opioids or short-acting opioids are "designed," the therapeutic benefits such drugs provide, or what the FDA-approved dosing recommendations

are for those products, among other things. J&J and Janssen also specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

112.    No response is necessary to Paragraph 112 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, and to the extent Paragraph 112's references to "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucytna ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling. J&J and Janssen aver that the remaining allegations in Paragraph 112 (including the term "euphoric effects") are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and on that basis, deny those allegations.

113.    No response is necessary to Paragraph 113 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, deny those allegations.

114.    No response is necessary to Paragraph 114 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that Paragraph 114 appears to quote from certain publicly available documents. J&J and Janssen further aver that the document speaks for itself and deny

any characterization of that document that is inconsistent with its meaning when it is read in its entirety.

115.    To the extent the reference to "Marketing Defendants" in Paragraph 115 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 115 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 115 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

116.    No response is necessary to Paragraph 116 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 116 and Footnote 16 to Paragraph 116 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

117.    No response is necessary to Paragraph 117 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

118.    No response is necessary to Paragraph 118 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 118 and Footnote 17 to Paragraph 118 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

119.    No response is necessary to Paragraph 119 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Footnotes 18 and 19 to Paragraph 119 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when those documents are read in their entirety and in context.

120.    To the extent the reference to "Marketing Defendants" in Paragraph 120 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, on that basis, deny the allegations. To the extent Paragraph 120's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 120.

121.    No response is necessary to Paragraph 121 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

122.    No response is necessary to Paragraph 122 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 20 to Paragraph 122 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

123.    No response is necessary to Paragraph 123 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 123 and Footnote 21 to Paragraph 123 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

124.    No response is necessary to Paragraph 124 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations. J&J and Janssen aver that the document referenced in Paragraph 124 and Footnote 22 to Paragraph 124 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

125. No response is necessary to Paragraph 125 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 23 to Paragraph 125 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

126. No response is necessary to the allegations in Paragraph 126 of the 1AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent Paragraph 126's allegations reference Janssen and Duragesic, J&J and Janssen aver that the document referenced in Paragraph 126 and Footnote 24 to Paragraph 126 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

127. No response is necessary to Paragraph 127 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 127 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, deny those allegations.

128.    No response is necessary to Paragraph 128 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

129.    No response is necessary to Paragraph 129 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

130.    No response is necessary to Paragraph 130 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

131.    No response is necessary to Paragraph 131 of the 1AC as it contains no allegations against J&J and Janssen. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 131 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 131 and Footnote 25 to Paragraph 131 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

132.     No response is necessary to Paragraph 132 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

133.     To the extent the reference to "Marketing Defendants" in Paragraph 133 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 133 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 164 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

134.     No response is necessary to Paragraph 134 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 134 and Footnotes 26-27 to Paragraph 134 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

135. No response is necessary to Paragraph 135 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

136. No response is necessary to Paragraph 136 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

137. To the extent Paragraph 137 of the 1AC references parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, on that basis, deny the allegations. To the extent Paragraph 137 of the 1AC references Janssen, J&J and Janssen aver that the documents referenced in 137 and Footnotes 28-29 to Paragraph 137 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

138. To the extent Paragraph 138 of the 1AC references parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, on that basis, deny the allegations. To the extent Paragraph 138 of the 1AC references Janssen, J&J and Janssen aver that the documents referenced in 138 and Footnote 30 to Paragraph 138 of the 1AC speaks for itself and deny any

characterization of that document that is inconsistent with its meaning when it is read in its entirety and in context.

139.    J&J and Janssen aver that Janssen developed tapentadol prior to its FDA approval in 2008 and marketed Nucynta (also known as Nucynta IR) for the treatment of moderate to severe *acute* pain, but otherwise admit the allegations contained in Paragraph 169 of the 1AC.

140.    To the extent the reference to "Marketing Defendants" in Paragraph 140 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, on that basis, deny the allegations. To the extent Paragraph 140's reference to "Marketing Defendants" pertains to J&J and Janssen and to the extent Paragraph 140 references Janssen and Duragesic, J&J and Janssen aver that Paragraph 140 appears to refer to certain publicly available documents. J&J and Janssen further aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety. J&J and Janssen further aver that the allegations in Paragraph 140 are so vague and overboard that they lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 140.

141.    The allegations contained in Paragraph 141 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 141's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 141.

142.    The allegations contained in Paragraph 142 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required and to the extent the reference to "Defendants" in Paragraph 142 pertains to parties other than J&J and

Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, on that basis, deny those allegations. To the extent a response is required, and to the extent Paragraph 142's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 142's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 142. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

143.    The allegations contained in Paragraph 143 of the 1AC consist of argument and legal conclusions to which no response is required. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent a response is required, and to the extent Paragraph 143's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 143 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

144.    To the extent the references to "Marketing Defendants" in Paragraph 144 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, on that basis, deny those allegations. To the extent Paragraph

144's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 144's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations in Paragraph 144. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

145.    To the extent the references to "Marketing Defendants" in Paragraph 145 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, on that basis, deny those allegations. To the extent Paragraph 145's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 145's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 145 regarding the risks of long-term opioid use, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling. J&J and Janssen aver that the remaining allegations in Paragraph 145 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 145. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

146.    The allegations contained in Paragraph 146 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to

the extent the reference to "Marketing Defendants" in Paragraph 146 of the 1AC pertains to parties other than J&J and Janssen or the reference to "opioid prescriptions" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, on that basis, deny those allegations. To the extent Paragraph 146's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 146's reference to "opioid prescriptions" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

147.    The allegations contained in Paragraph 147 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the reference to "Marketing Defendants" in Paragraph 147 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, on that basis, deny those allegations. To the extent Paragraph 147's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 147. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

148.    The allegations contained in Paragraph 148 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to

the extent the reference to "Marketing Defendants" in Paragraph 148 of the 1AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, on that basis, deny those allegations. To the extent Paragraph 148's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 148. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

149.    The allegations contained in Paragraph 149 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the references to "Marketing Defendants" in Paragraph 149 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, on that basis, deny those allegations. To the extent Paragraph 149's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 149. J&J and Janssen further aver that the allegations in Paragraph 149 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 149. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

150.     To the extent the references to "Marketing Defendants" in Paragraph 150 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, on that basis, deny those allegations. To the extent Paragraph 180's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 180's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 150 regarding the risks of opioid addiction, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling. J&J and Janssen aver that the remaining allegations in Paragraph 150 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 150. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

151.     To the extent the references to "Marketing Defendants" in Paragraph 151 of the 1AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, on that basis, deny those allegations. To the extent Paragraph 151's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 151's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: With respect to the allegations in Paragraph 151 regarding the risks of opioid

addiction, J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling. J&J and Janssen aver that the remaining allegations in Paragraph 151 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 151. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

152.    No response is necessary to Paragraph 152 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, and to the extent Paragraph 152's references to "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, misuse, and respiratory depression, which may lead to death—as disclosed in these drugs' FDA-approved labeling. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the remaining allegations in Paragraph 152 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 152. J&J and Janssen further aver that the documents referenced in Paragraph 152 and Footnotes 31-33 to Paragraph 152 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

153.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Defendants" in Paragraph 153 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, on that basis, deny the allegations. To the extent Paragraph 153's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 153 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referred to in Paragraph 153 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids

154.    No response is necessary to Paragraph 154 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, deny those allegations. To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 154 and Footnote 34 to Paragraph 154 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

155.    No response is necessary to Paragraph 155 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 155 and, on that basis, deny those allegations. To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 155 and Footnote 35 to Paragraph 155 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

156.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 156 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, on that basis, deny the allegations. To the extent Paragraph 156's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 156 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen further aver that the document referred to in Paragraph 156 and Footnote 36 to Paragraph 156 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

157.    No response is necessary to Paragraph 157 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Footnotes 37-38 to Paragraph 157 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

158.    To the extent the references to "Defendants" in Paragraph 158 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, on that basis, deny those allegations. To the extent Paragraph 158's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 158 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 158. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen further aver that the document referred to in Paragraph 158 and Footnote 39 to Paragraph 158 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

159.    No response is necessary to Paragraph 159 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, deny those allegations. To the extent a response is necessary, J&J and Janssen aver that the document referred to in Paragraph 159 and Footnote 40 to Paragraph 159 speaks for itself and deny any

characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context

160.    No response is necessary to Paragraph 160 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referred to in Paragraph 160 and Footnote 41 to Paragraph 160 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

161.    No response is necessary to Paragraph 161 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referred to in Paragraph 161 and Footnote 42 to Paragraph 161 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

162.    No response is necessary to Paragraph 162 or Footnote 43 of the 1AC as they contain no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

163.    No response is necessary to Paragraph 163 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referred to in Paragraph 163 and Footnotes 44-46 to Paragraph 193 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

164.    No response is necessary to Paragraph 164 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referred to in Paragraph 164 and Footnote 47 to Paragraph 164 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

165.    No response is necessary to Paragraph 165 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referred to in Paragraph 165 and Footnote 48 to Paragraph 165 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

166.    No response is necessary to Paragraph 166 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

167.    No response is necessary to Paragraph 167 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

168.    No response is necessary to Paragraph 168 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

169.    No response is necessary to Paragraph 169 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

170.    No response is necessary to Paragraph 170 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

171.     No response is necessary to Paragraph 171 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

172.     No response is necessary to Paragraph 172 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

173.     No response is necessary to Paragraph 173 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

174.     No response is necessary to Paragraph 174 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

175.     No response is necessary to Paragraph 175 or Footnote 49 to Paragraph 175 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or

Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

176.     No response is necessary to Paragraph 176 or Footnote 50 to Paragraph 176 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

177.     No response is necessary to Paragraph 177 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

178.     No response is necessary to Paragraph 178 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

179.     No response is necessary to Paragraph 179 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referred to in Paragraph 179 and Footnote

51 to Paragraph 179 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

180.    No response is necessary to Paragraph 180 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

181.    With respect to the allegations in Paragraph 181 of the 1AC, J&J and Janssen admit that Janssen developed and co-sponsored the *Let's Talk Pain* website but aver that the *Let's Talk Pain* website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

182.    With respect to the allegations in Paragraph 182 of the 1AC, J&J and Janssen admit that Janssen developed and co-sponsored the *Let's Talk Pain* website but aver that the *Let's Talk Pain* website and August 2009 review of the website manuscript referenced in Paragraph 182 speak for themselves and deny any characterization of the referenced website or document that is inconsistent with their meaning when they are reviewed in their entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

183.    With respect to the allegations in Paragraph 183 of the 1AC, J&J and Janssen admit that Janssen published and maintained *Prescriberesponsibly.com* but aver that the website referenced in Paragraph 183 and Footnote 52 to Paragraph 183 speaks for itself and deny any

characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

184.    With respect to the allegations in Paragraph 184 of the 1AC, J&J and Janssen aver that the document referenced in Paragraph 184 of the 1AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

185.    With respect to the allegations in Paragraph 185 of the 1AC, J&J and Janssen aver that the unspecified Janssen "website for Duragesic" referenced in Paragraph 185 of the 1AC speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

186.    With respect to the allegations in Paragraph 186 of the 1AC, J&J and Janssen deny that Janssen trained any representatives to make statements that were false or misleading in any respect. J&J and Janssen further deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referenced by Footnote 53 of Paragraph 186 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety and in context.

187.    J&J and Janssen aver that the document referenced by Footnote 54 of Paragraph 187 speaks for itself and deny any characterization of the document that is inconsistent with its

meaning when it is read in its entirety and in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

188.    J&J and Janssen aver that the document referenced by Footnote 55 of Paragraph 188 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety and in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

189.    With respect to the allegations in Paragraph 189 of the 1AC, J&J and Janssen deny the allegations contained in Paragraph 189 of the 1AC. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referenced by Footnote 56 of Paragraph 189 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety and in context.

190.    No response is necessary to Paragraph 190 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

191.    No response is necessary to Paragraph 191 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations. J&J and Janssen further aver that the document referenced in Footnote 57 to Paragraph 191 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

192.     No response is necessary to Paragraph 192 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Footnote 58 to Paragraph 192 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

193.     No response is necessary to Paragraph 193 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Footnote 59 to Paragraph 193 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

194.     No response is necessary to Paragraph 194 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Footnote 60 to

Paragraph 194 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

195.    No response is necessary to Paragraph 195 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Footnotes 61-62 to Paragraph 195 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

196.    No response is necessary to Paragraph 227 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

197.    No response is necessary to Paragraph 197 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations

198.    No response is necessary to Paragraph 198 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

199.    No response is necessary to Paragraph 199 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

200.    No response is necessary to Paragraph 200 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

201.    The allegations contained in Paragraph 201 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the reference to "Marketing Defendants" in Paragraph 201 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, on that basis, deny those allegations. To the extent Paragraph 201's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 201's references to "opioid prescriptions" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 201 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny

the allegations in Paragraph 201. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

202.    To the extent the references to "Defendants" in Paragraph 202 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and, on that basis, deny those allegations. To the extent Paragraph 202's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 202's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 202 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 202. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

203.    To the extent Paragraph 203 of the 1AC references parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, on that basis, deny the allegations. To the extent Paragraph 203 of the 1AC references Janssen, J&J and Janssen admit that Janssen published and maintained *Prescriberesponsibly.com* but aver that this website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen further aver that the documents and websites referenced by Footnotes 63-65 of Paragraph 203 speak for themselves and deny any characterization of the

documents that is inconsistent with their meaning when they are read in their entirety and in context.

204.    No response is necessary to Paragraph 204 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

205.    No response is necessary to Paragraph 205 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

206.    No response is necessary to Paragraph 206 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

207.    No response is necessary to Paragraph 207 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

208.    The allegation contained in Paragraph 208 of the 1AC that the "Opioid Risk Tool… created by Dr. Webster" was "linked to Janssen" is vague and overbroad; J&J and Janssen lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of that phrase and, on that basis, deny the allegation to which it relates. No response is necessary for the remaining allegations in Paragraph 208 as they do not pertain to J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

209.    To the extent the reference to "Marketing Defendants" in Paragraph 209 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 209 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 209 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

210.    To the extent the reference to "Marketing Defendants" in Paragraph 210 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 and, on that basis, deny the allegations. To the extent Paragraph 210's  reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 210 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis,

deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referred to in Paragraph 210 and Footnote 66 to Paragraph 210 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

211.    The allegations contained in Paragraph 211 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 211's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 211. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

212.    No response is necessary to Paragraph 212 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

213.    No response is necessary to Paragraph 213 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

214.    No response is necessary to Paragraph 214 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

215.    No response is necessary to Paragraph 215 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

216.    No response is necessary to Paragraph 216 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced by Footnote 67 of Paragraph 216 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety and in context.

217.    No response is necessary to Paragraph 217 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 217 and Footnote 68 to Paragraph 217 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

218.    With respect to the allegations in Paragraph 218 of the 1AC, J&J and Janssen admit that Janssen developed and co-sponsored the *Let's Talk Pain* website but aver that this website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

219.    With respect to the allegations in Paragraph 219 of the 1AC, J&J and Janssen admit that Janssen published and maintained *Prescriberesponsibly.com* but aver that this website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen further aver that the document referred to in Paragraph 219 and Footnote 69 to Paragraph 219 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

220.    No response is necessary to Paragraph 220 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referred to in Paragraph 220 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

221.    To the extent the references to "Defendants" in Paragraph 221 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to

drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 and, on that basis, deny those allegations. To the extent Paragraph 221's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 221's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 221 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 221. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

222.    No response is necessary to Paragraph 222 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

223.    No response is necessary to Paragraph 223 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

224.    To the extent the reference to "Marketing Defendants" in Paragraph 224 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 224 and, on that basis, deny those allegations. To the extent Paragraph 224's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 224. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

225.    To the extent the references to "Marketing Defendants" in Paragraph 225 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 and, on that basis, deny those allegations. To the extent the references to "Marketing Defendants" in Paragraph 225 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 225 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

226.    To the extent the reference to "Marketing Defendants" in Paragraph 226 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 226 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 226 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any

third party—made any false or misleading statements or in any way deceptively marketed opioids.

227. No response is necessary to Paragraph 227 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 227 and Footnote 70 to Paragraph 227 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

228. No response is necessary to Paragraph 228 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

229. No response is necessary to the allegations contained in Paragraph 229 of the 1AC as it contains no allegations against J&J or Janssen or any other Defendant. To the extent a response is required, J&J and Janssen aver that the allegations contained in Paragraph 229 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

230. No response is necessary to Paragraph 230 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 230 and Footnote 71 to Paragraph 230 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

231.    No response is necessary to Paragraph 231 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

232.    No response is necessary to Paragraph 232 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

233.    No response is necessary to Paragraph 233 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

234.    With respect to the allegations in Paragraph 234 of the 1AC, J&J and Janssen deny that Janssen trained any representatives to make statements that were false or misleading in any respect. J&J and Janssen further deny that they—either directly or through any third party—

made any false or misleading statements or in any way deceptively marketed opioids. To the extent that Paragraph 234 purports to describe the contents of unidentified "internal documents," J&J and Janssen aver that any such document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety. J&J and Janssen further aver that the document referenced in Paragraph 234 and Footnote 72 to Paragraph 234 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

235.    With respect to Paragraph 235 of the 1AC, J&J and Janssen aver that the allegations in Paragraph 235 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations. J&J and Janssen specifically deny that Janssen trained any representatives to make statements that were false or misleading in any respect, or that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. To the extent that Paragraph 235 purports to describe an unidentified "study" or the statements of unidentified "doctors who participated in the study," J&J and Janssen aver that any such document or statements speak for themselves and deny any characterization of the document or statements that is inconsistent with its meaning when the document or statements are read in their entirety. J&J and Janssen further aver that the document referenced in Paragraph 235 and Footnote 73 to Paragraph 235 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

236.    To the extent the reference to "Marketing Defendants" in Paragraph 236 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that

paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen

aver that they lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 236 and, on that basis, deny those allegations. To the extent

Paragraph 236's reference to "Marketing Defendants" pertain to J&J and/or Janssen and

Paragraph 236's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J

and Janssen aver that the allegations in Paragraph 236 are so vague and overbroad that they lack

knowledge or information sufficient to form a belief as to the truth of those allegations and, on

that basis, deny the allegations in Paragraph 236. J&J and Janssen specifically deny that they—

either directly or through any third party—made any false or misleading statements or in any

way deceptively marketed opioids.

236.    To the extent the reference to "Marketing Defendants" in Paragraph 237 of the

1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that

paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen

aver that they lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 237 and, on that basis, deny those allegations. To the extent

Paragraph 237's reference to "Marketing Defendants" pertains to J&J and/or Janssen and

Paragraph 237's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J

and Janssen deny the allegations contained in Paragraph 237. J&J and Janssen specifically deny

that they—either directly or through any third party—made any false or misleading statements or

in any way deceptively marketed opioids.

238.    J&J and Janssen admit that Janssen lawfully promoted Duragesic in the United

States, and that Janssen stopped all active promotion of the product no later than April 2008. To

the extent the allegations in Paragraph 238 refer to unidentified documents, J&J and Janssen aver

that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

239.    J&J and Janssen do not respond to Plaintiff's allegations in Paragraph 239 of the 1AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 74 and quoted in Paragraph 239 of the 1AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

240.    No response is necessary to Paragraph 240 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 240 and Footnote 75 to Paragraph 240 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

241.    No response is necessary to Paragraph 241 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

242.    No response is necessary to Paragraph 242 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

243.    No response is necessary to Paragraph 243 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

244.    With respect to the allegations in Paragraph 244 of the 1AC, J&J and Janssen aver that the documents referenced in Paragraph 244 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are reviewed in their entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

245.    With respect to the allegations in Paragraph 245 of the 1AC, J&J and Janssen aver that the *Let's Talk Pain* website speaks for itself and deny any characterization of that website that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

246.    No response is necessary to Paragraph 246 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

71

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

247.    No response is necessary to Paragraph 247 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

248.    No response is necessary to Paragraph 248 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

249.    No response is necessary to Paragraph 249 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 249 and Footnote 76 to Paragraph 249 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

250.    To the extent the references to "Defendants" and "opioids" in Paragraph 250 pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

contained in that paragraph and, on that basis, deny those allegations. To the extent Paragraph 250's references to "Defendants" pertain to J&J and/or Janssen and Paragraph 250's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the documents referred to in Paragraph 250 and Footnotes 77-78 to Paragraph 250 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen further aver that the remaining allegations in Paragraph 250 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 250. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading

251.     No response is necessary to Paragraph 251 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, and to the extent Paragraph 251's references to "opioid drugs" or "opioids" pertain to Duragesic, Nucytna ER, and/or Nucynta, J&J and Janssen aver that the documents referenced in Paragraph 251 and Footnote 79 to Paragraph 251 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 251 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 251.

252.     No response is necessary to Paragraph 252 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, and to the extent Paragraph 252's references to "opioids" pertain to Duragesic, Nucytna ER, and/or

Nucynta, J&J and Janssen admit that long-term use of Duragesic, Nucynta ER, and Nucynta expose users to risks of addiction, abuse, and misuse, as disclosed in these drugs' FDA-approved labeling. J&J and Janssen aver that the documents referenced in Paragraph 283 and Footnotes 80-81 to Paragraph 252 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context. J&J and Janssen further aver that, except as specifically admitted, the remaining allegations in Paragraph 252 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 252.

253. No response is necessary to Paragraph 253 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is necessary, J&J and Janssen aver that the documents referenced in Paragraph 253 and Footnotes 82-84 to Paragraph 253 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

254. To the extent the reference to "Marketing Defendants" in Paragraph 254 of the 1AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 and, on that basis, deny those allegations. To the extent Paragraph 254's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 254's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 254. J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

255.    To the extent the reference to "Marketing Defendants" in Paragraph 255 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 and, on that basis, deny those allegations. To the extent Paragraph 255's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the documents referenced in Paragraph 255 and Footnotes 86-88 to Paragraph 255 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context. J&J and Janssen aver that the remaining allegations in Paragraph 255 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations in Paragraph 255. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

256.    No response is necessary to Paragraph 256 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 256 and Footnote 89 to Paragraph 235 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

257.    With respect to the allegations in Paragraph 257 of the 1AC, J&J and Janssen aver that the document referenced in Paragraph 257 of the 1AC speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

258.    No response is necessary to Paragraph 258 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

259.    No response is necessary to Paragraph 259 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

260.    No response is necessary to Paragraph 260 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 260 and Footnotes 90-91 to Paragraph 260 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

261.    No response is necessary to Paragraph 261 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

262.    No response is necessary to Paragraph 262 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

263.    To the extent the reference to "Marketing Defendants" in Paragraph 263 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph and Footnote 92 pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 and Footnote 92 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen further aver that the document referenced in Paragraph 263 and Footnote 92 to Paragraph 263 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

264.    No response is necessary to Paragraph 264 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

266.    No response is necessary to Paragraph 265 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

266.    No response is necessary to Paragraph 266 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

267.    No response is necessary to Paragraph 267 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

268.    No response is necessary to Paragraph 268 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 268 and

Footnote 93 to Paragraph 268 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

269.    No response is necessary to Paragraph 269 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

270.    No response is necessary to Paragraph 270 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

271.    No response is necessary to Paragraph 271 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 271 and Footnote 94 to Paragraph 271 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

272.    No response is necessary to Paragraph 272 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations. J&J and Janssen further aver that the document referenced in Paragraph 272 and Footnote 95 to Paragraph 272 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

273.    No response is necessary to Paragraph 273 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

274.    No response is necessary to Paragraph 274 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

275.    No response is necessary to Paragraph 275 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

276.    To the extent the references to "Marketing Defendants" in Paragraph 276 of the 1AC pertain to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 and, on that basis, deny those allegations. To the extent Paragraph

276's reference to "other Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 276's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 276. J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

277.    No response is necessary to Paragraph 277 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the document and third-party statements referred to in Paragraph 277 speak for themselves and deny any characterization of the document or statements that is inconsistent with their meaning when they are read in their entirety or in context.

278.    No response is necessary to Paragraph 278 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

279.    No response is necessary to Paragraph 279 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

280.    No response is necessary to Paragraph 280 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

281.    No response is necessary to Paragraph 281 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

282.    No response is necessary to Paragraph 282 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

283.    No response is necessary to Paragraph 283 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

284.    No response is necessary to Paragraph 284 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

285.    No response is necessary to Paragraph 285 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

286.    No response is necessary to Paragraph 286 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

287.    No response is necessary to Paragraph 287 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

288.    No response is necessary to Paragraph 288 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 288 and Footnote 96 to Paragraph 288 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

289.    No response is necessary to Paragraph 289 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

290.    No response is necessary to Paragraph 290 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Footnote 97 to Paragraph 290 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

291.    No response is necessary to Paragraph 291 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

292.    No response is necessary to Paragraph 292 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 292 and Footnote

98 to Paragraph 292 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

293.    No response is necessary to Paragraph 293 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

294.    No response is necessary to Paragraph 294 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

295.    No response is necessary to Paragraph 295 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 295 and Footnotes 99-101 to Paragraph 295 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

296.    No response is necessary to Paragraph 296 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

297.    No response is necessary to Paragraph 297 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 297 and Footnote 102 to Paragraph 297 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

298.    No response is necessary to Paragraph 298 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

299.    No response is necessary to Paragraph 299 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 299 and Footnotes 103-104 to Paragraph 299 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

300.    No response is necessary to Paragraph 300 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 300 and Footnote 105 to Paragraph 300 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

301.    No response is necessary to Paragraph 301 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 301 and Footnote 106 to Paragraph 301 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

302.    No response is necessary to Paragraph 302 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

303.    No response is necessary to Paragraph 303 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

304.     No response is necessary to Paragraph 304 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 304 and Footnote 107 to Paragraph 304 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

305.     No response is necessary to Paragraph 305 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

306.     No response is necessary to Paragraph 306 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

307.     No response is necessary to Paragraph 307 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those

allegations. J&J and Janssen further aver that the document referenced in Paragraph 307 and Footnote 108 to Paragraph 307 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

308.    No response is necessary to Paragraph 308 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

309.    No response is necessary to Paragraph 309 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

310.    No response is necessary to Paragraph 310 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

311.    No response is necessary to Paragraph 311 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 311 and

Footnote 109 to Paragraph 311 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

312.    No response is necessary to Paragraph 312 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Paragraph 312 and Footnotes 110-111 to Paragraph 312 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

313.    No response is necessary to Paragraph 313 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 313 and Footnote 112 to Paragraph 313 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

314.    No response is necessary to Paragraph 314 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 314 and Footnotes 113-114 to Paragraph 314 speak for themselves and deny any characterization of those

documents that is inconsistent with their meaning when they are read in their entirety and in context.

315.     No response is necessary to Paragraph 315 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 315 and Footnotes 115-116 to Paragraph 315 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

316.     To the extent the reference to "Marketing Defendants" in Paragraph 316 of the 1AC pertains to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 316 and, on that basis, deny those allegations. To the extent Paragraph 316's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 316's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 316. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

317.     The allegations contained in Paragraph 317 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 317's reference to "Marketing Defendants" pertains to J&J and/or Janssen,

J&J and Janssen deny the allegations contained in Paragraph 317. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

318.    To the extent the reference to "Marketing Defendants" in Paragraph 318 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318 and, on that basis, deny those allegations. To the extent Paragraph 318's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 318. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

319.    To the extent the references to "Marketing Defendants" in Paragraph 319 of the 1AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319 and, on that basis, deny those allegations. To the extent Paragraph 319's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 319's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen deny the allegations contained in Paragraph 319. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

320.    To the extent the references to "Marketing Defendants" in Paragraph 320 of the 1AC pertain to parties other than J&J and Janssen or the reference to "opioids" in that paragraph

pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 320 and, on that basis, deny those allegations. To the extent Paragraph 320's references to "Marketing Defendants" pertain to J&J and/or Janssen and Paragraph 320's reference to "opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen has sponsored certain third-party educational materials, provided funds to certain third parties who have created such materials, and worked with certain third-party organizations to create such materials. J&J and Janssen aver that the remaining allegations in Paragraph 320 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis deny the allegations in Paragraph 320. J&J and Janssen further aver that the document referenced in Paragraph 320 and Footnote 117 to Paragraph 320 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

321.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 321 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321 and, on that basis, deny the allegations. To the extent Paragraph 321's reference to "Marketing Defendants" pertains to J&J

and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 321 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 321 and Footnotes 121-122 to Paragraph 321 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

322.    To the extent the reference to "Marketing Defendants" in Paragraph 322 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322 and, on that basis, deny those allegations. To the extent Paragraph 322's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 322 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 322 and Footnote 123 to Paragraph 322 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

323.    No response is necessary to Paragraph 323 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 and, on that basis, deny those allegations. To the extent a response is necessary, J&J and Janssen aver that the documents

referenced in Paragraph 323 and Footnotes 124-125 to Paragraph 323 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen further aver that the allegations in Paragraph 323 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

324.    The allegations contained in Paragraph 324 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 324 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 324. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

325.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "defendants" and "opioid manufacturers" in Paragraph 325 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 325 and, on that basis, deny those allegations. To the extent Paragraph 325's references to "defendants" or "opioid manufacturers" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that they lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 325 and, on that basis, deny those allegations.

326.    No response is necessary to Paragraph 326 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

327.    No response is necessary to Paragraph 327 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

328.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in Paragraph 328 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328 and, on that basis, deny those allegations. To the extent Paragraph 328's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiff's Amended Notice of Deposition Pursuant to Rule 30(b)(6),

dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the remaining allegations regarding APF's activities are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and, on that basis, deny those allegations.

329.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Defendants" in Paragraph 329 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 329 and, on that basis, deny those allegations. To the extent Paragraph 329's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the remaining allegations regarding APF's activities are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and, on that basis, deny those allegations.

330.    No response is necessary to Paragraph 330 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

331.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" or "Defendants" in Paragraph 331 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 331 and, on that basis, deny those allegations. To the extent Paragraph 331's references to "Marketing Defendants" or "Defendants" pertain to J&J and/or Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of APF between 2004 to 2005 and from 2009 to 2012 and provided funding to APF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 331 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 and, on that basis, deny those allegations.

332.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 332 of the 1AC, which purport to describe APF's and the Senate Finance Committee's activities and, on that basis, deny the allegations.

333.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the

reference to "Defendants" in Paragraph 333 of the 1AC pertains to parties other than J&J and Janssen or the references to "opioids" in that paragraph pertain to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 333 and, on that basis, deny those allegations. To the extent Paragraph 333's reference to "Defendants" pertains to J&J and/or Janssen and Paragraph 333's references to "opioids" pertain to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen respond as follows: J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996 and 2013 and provided funding to AAPM as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. J&J and Janssen further admit that Janssen was a corporate member of APS between 1994 and 2014 and provided funding to APS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the document referenced in Paragraph 333 and Footnote 126 to Paragraph 333 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen further aver that the remaining allegations in Paragraph 333 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 and, on that basis, deny those allegations.

334.    No response is necessary to Paragraph 334 of the 1AC as it contains no allegations against J&J and Janssen. To the extent a response is necessary, and to the extent Paragraph 334's reference to "other pharmaceutical companies" pertains to J&J and/or Janssen,

J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996 and 2013.
Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph
334 are so vague and overbroad that they lack knowledge or information sufficient to form a
belief as to the truth of the allegations in Paragraph 334, including Plaintiff's meaning of the
phrase "corporate council" and, on that basis, deny those allegations.

335.     To the extent the reference to "Marketing Defendants" in Paragraph 335 of the
1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack
knowledge or information sufficient to form a belief as to the truth of the allegations contained in
Paragraph 335 and, on that basis, deny those allegations. To the extent Paragraph 335's reference
to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the
allegations in Paragraph 335 are so vague and overbroad that they lack knowledge or information
sufficient to form a belief as to the truth of the allegations in Paragraph 335 and, on that basis,
deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph
335 and Footnote 127 to Paragraph 335 speaks for itself and deny any characterization of that
document that is inconsistent with its meaning when it is read in its entirety or in context.

336.     To the extent the reference to "opioid manufacturers" in Paragraph 336 of the
1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack
knowledge or information sufficient to form a belief as to the truth of the allegations contained in
Paragraph 336 and, on that basis, deny those allegations.. To the extent a response is necessary,
and to the extent Paragraph 336's reference to "opioid manufacturers" pertains to J&J and/or
Janssen, J&J and Janssen admit that Janssen was a corporate member of AAPM between 1996
and 2013 and provided funding to AAPM as disclosed in Appendix A to J&J and Janssen's
Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of

Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 336, including Plaintiff's meaning of the phrase "corporate council", and, on that basis, deny the allegations.

337.    No response is necessary to Paragraph 337 of the 1AC as it contains no allegations against J&J and Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 337 of the 1AC, which purport to describe AAPM's funding and activities, and, on that basis, deny the allegations.

338.    To the extent the reference to "Defendants" in Paragraph 338 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 338 and, on that basis, deny those allegations. To the extent Paragraph 338's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 338 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 including those related to the understanding of AAPM's employees and the alleged influence that manufacturers allegedly have over such organizations, and, on that basis, deny the allegations.

339.    To the extent the reference to "Defendants" in Paragraph 339 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 339 and, on that basis, deny those allegations. To the extent the reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen provided funding to AAPM

as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. J&J and Janssen aver that the document referenced in Paragraph 339 of the 1AC speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety. J&J and Janssen further aver that the remaining allegations in Paragraph 339, including those that refer to unidentified "panel members" receiving unspecified "support" from Janssen and other Defendants, are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

340.    To the extent the allegations in Paragraph 340 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 340 and, on that basis, deny those allegations. To the extent the allegations in Paragraph 3 pertain to Janssen, J&J and Janssen admit that Janssen provided funding to AAPM as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 340 of the 1AC including those concerning Dr. Joel Saper, and, on that basis, deny the allegations.

341.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 341 of the 1AC including those concerning Dr. Gilbert Fanciullo, and, on that basis, deny the allegations.

342.     To the extent the reference to "Marketing Defendants" in Paragraph 342 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 342 and, on that basis, deny those allegations. To the extent Paragraph 342's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 342 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342. J&J and Janssen further aver that the documents referenced in Paragraph 342 and Footnote 128 to Paragraph 342 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

343.     No response is necessary to Paragraph 343 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 343 including those concerning the "2009 Guidelines," and, on that basis, deny the allegations.

344.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 344 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 344 and, on

that basis, deny those allegations. To the extent Paragraph 344's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 344 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 344 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

345.     No response is necessary to Paragraph 345 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 345, which purport to describe FSMB's practices, and, on that basis, deny the allegations.

346.     To the extent the reference to "Defendants" in Paragraph 346 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 346 and, on that basis, deny those allegations. To the extent Paragraph 346's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations purporting to describe FSMB's practices are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346 and, on that basis, deny those allegations.

347.     No response is necessary to Paragraph 347 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 347, which purport to describe FSMB's practices, and, on that basis, deny the allegations. J&J and Janssen aver that the document referenced in Paragraph 347 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

348.     No response is necessary to Paragraph 348 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348, which purport to describe FSMB's Guidelines, and, on that basis, deny the allegations. J&J and Janssen aver that the documents referenced in Paragraph 348 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

349.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the remaining allegations in Paragraph 349 of the 1AC are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349 and, on that basis, deny those allegations. J&J and Janssen further aver that the document and website referenced in Paragraph 349 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in

their entirety or in context. J&J and Janssen further aver that the documents referenced in Paragraph 349 and Footnote 129 to Paragraph 349 of the 1AC speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety and in context.

350.    To the extent the reference to "Marketing Defendants" in Paragraph 350 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 350 and, on that basis, deny those allegations. To the extent Paragraph 350's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 350 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 350 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

351.    J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 351 of the 1AC, which purport to describe APA's funding and activities, and, on that basis, deny the allegations. J&J and Janssen aver that the documents referenced in Paragraph 351 and Footnotes 130-131 to Paragraph 351 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

352.    No response is necessary to Paragraph 352 of the 1AC as it contains no allegations against J&J and Janssen. To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 352 of the 1AC including those concerning APA's funding, Dr. Srinivas Nalamachu, Dr. Robert A. Yapundich, Dr. Jack D. Schim, Dr. Howard Hoffberg, and Dr. Robin K. Dore, and, on that basis, deny the allegations. J&J and Janssen aver that the document and website referenced in Paragraph 352 and Footnote 132-133 to Paragraph 352 speak for themselves and deny any characterization of the document and website that is inconsistent with their meaning when the document and website are read in its entirety or in context.

353.    No response is necessary to Paragraph 353 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 353, which purport to describe APA's activities, and, on that basis, deny the allegations. J&J and Janssen aver that the document referenced in Paragraph 353 and Footnotes 134-135 to Paragraph 353 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

354.    No response is necessary to Paragraph 354 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 386 and Footnote 136 to Paragraph 354 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

355.     No response is necessary to Paragraph 355 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 355 and Footnote 137 to Paragraph 355 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

356.     No response is necessary to Paragraph 356 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 356 and Footnote 138 to Paragraph 356 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

357.     No response is necessary to Paragraph 357 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 357, which purport to describe APA's activities, and, on that basis, deny the allegations. J&J and Janssen further aver that the document referenced in Paragraph 357 and Footnote 139 to Paragraph 357 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

358.     No response is necessary to Paragraph 358 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 358, which purport to describe APA's activities, and, on that basis, deny the allegations.

359.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in Paragraph 359 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 359 and, on that basis, deny those allegations. To the extent Paragraph 359 refers to Janssen and Paragraph 359's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of USPF from 2013 to 2014 and provided funding to USPF as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 359 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 359 and Footnote 143 to Paragraph 359 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

360.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in Paragraph 360 of the 1AC pertain to parties

other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 360 and, on that basis, deny those allegations. To the extent Paragraph 360 refers to Janssen and Paragraph 360's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 360 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 360 and Footnotes 144-145 to Paragraph 360 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

361.    No response is necessary to Paragraph 361 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 361 and Footnote 146 to Paragraph 361 of the 1AC speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

362.    To the extent the reference to "Marketing Defendants" in Paragraph 362 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 362 and, on that basis, deny those allegations. To the extent Paragraph 362's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 362 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 and, on that basis, deny those allegations.

363.    To the extent the reference to "Marketing Defendants" in Paragraph 363 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 363 and, on that basis, deny those allegations. To the extent Paragraph 363's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen was a corporate member of AGS in 2011 and provided funding to AGS as disclosed in Appendix A to J&J and Janssen's Objections and Written Responses to Certain Topics Identified in Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6), dated January 7, 2019. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 363 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and, on that basis, deny those allegations.

364.    To the extent the references to "Marketing Defendants" in Paragraph 364 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 364 and, on that basis, deny those allegations. To the extent Paragraph 364's

111

references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 364. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

365.    To the extent the reference to "Marketing Defendants" in Paragraph 365 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 365 and, on that basis, deny those allegations. To the extent Paragraph 365's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 365. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

366.    To the extent the reference to "Marketing Defendants" in Paragraph 366 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 366 and, on that basis, deny those allegations. To the extent Paragraph 366's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 366 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

367.    The allegations contained in Paragraph 367 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 367 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 367 fully and accurately characterize their marketing practices.

368.    To the extent the reference to "Marketing Defendants" in Paragraph 368 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 and, on that basis, deny those allegations. To the extent Paragraph 368 refers to Janssen and Paragraph 368's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Dr. Perry Fine has worked with Janssen periodically since 2001 and that Janssen has compensated him for consulting on the Duragesic and Nucynta advisory boards, consulting on medical educational programs, and conducting speaking engagements. J&J and Janssen deny, however, Plaintiffs' mischaracterization of that work and compensation. J&J and Janssen aver that the remaining allegations in Paragraph 368 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

369.    To the extent the references to "Marketing Defendants" in Paragraph 369 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 and, on that basis, deny those allegations. To the extent Paragraph 369's

113

references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 369 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

370.    To the extent the references to "Marketing Defendants" in Paragraph 370 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 and, on that basis, deny those allegations. To the extent Paragraph 370's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 370 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

371.    The allegations contained in Paragraph 371 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 371 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 371.

372.    No response is necessary to Paragraph 372 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 372 and Footnote 147 to Paragraph 372 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

373.    No response is necessary to Paragraph 373 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 373 of the 1AC and Footnotes 148-149 to Paragraph 373 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

374.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 374 of the 1AC pertains to parties other than J&J and Janssen or the reference to "prescription opioids" in that paragraph pertains to drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 and, on that basis, deny those allegations. To the extent Paragraph 374's reference to "Marketing Defendants" pertains to J&J and/or Janssen and Paragraph 374's reference to "prescription opioids" pertains to Duragesic, Nucynta ER, and Nucynta, J&J and Janssen aver that the allegations in Paragraph 374 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in

Paragraph 374 and Footnote 150 to Paragraph 150 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

375.     No response is necessary to Paragraph 375 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 375 and Footnote 151 to Paragraph 375 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

376.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 376 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 376 and, on that basis, deny those allegations. To the extent Paragraph 376's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 376 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and, on that basis, deny those allegations.

377.     To the extent the reference to "Marketing Defendants" in Paragraph 377 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377 and, on that basis, deny those allegations. To the extent Paragraph 377's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 377 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 377 and Footnotes 152-154 to Paragraph 377 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

378.    No response is necessary to Paragraph 378 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 378 of the 1AC and Footnote 155 to Paragraph 378 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

379.    No response is necessary to Paragraph 379 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 379 of the 1AC and Footnote 156 to Paragraph 379 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

380.    No response is necessary to Paragraph 380 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

381.    J&J and Janssen aver that the "websites run by . . . Janssen" referenced in Paragraph 381 of the 1AC speak for themselves and deny any characterization of those websites that is inconsistent with their meaning when they are read in their entirety. No response is necessary as to the remaining allegations in Paragraph 381 of 1AC, which do not pertain to J&J or Janssen. To the extent a response is required for those allegations, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations; and aver that the "Opioid Risk Tool" speaks for itself and deny any characterization of the "Opioid Risk Tool" that is inconsistent with its meaning when it is considered in its entirety and in context.

382.    To the extent the reference to "Marketing Defendants" in Paragraph 382 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382 and, on that basis, deny those allegations. To the extent Paragraph 382's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny Plaintiff's characterization of Janssen's "promotional messages." J&J and Janssen further aver that the documents referenced in Paragraph 382 and Footnotes 114-116 to Paragraph 382 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context. J&J and Janssen specifically deny that

118

they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

383. No response is necessary to Paragraph 383 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

384. No response is necessary to Paragraph 384 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

385. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 385 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385 and, on that basis, deny those allegations. To the extent Paragraph 385's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Dr. Perry Fine provided consulting for Janssen's Duragesic and Nucynta advisory boards and medical educational programs. Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 385 are so vague and overbroad that they lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 385 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 385 and Footnote 157 to Paragraph 385 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

386.    No response is necessary to Paragraph 386 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

387.    With respect to the allegations in Paragraph 387 of the 1AC, J&J and Janssen aver that the J&J website referenced in Paragraph 387 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is reviewed in its entirety. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. No response is necessary for the remaining allegations in Paragraph 387 as they do not pertain to J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 387 and Footnote 158 to Paragraph 387 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

388.    No response is necessary to Paragraph 388 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that response is necessary, J&J and Janssen aver

that the document referenced in Paragraph 388 of the 1AC and Footnote 159 to Paragraph 388 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

389.    No response is necessary to Paragraph 389 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 389 and Footnotes 160-161 to Paragraph 389 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

390.    No response is necessary to Paragraph 390 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 390 of the 1AC and Footnote 162 to Paragraph 390 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

391.    No response is necessary to Paragraph 391 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the documents and videos referenced in Paragraph 391 of the 1AC and Footnotes 163-164 to Paragraph 391 speak for themselves and deny any characterization of those documents and videos that is inconsistent with their meaning when they are read or viewed in their entirety or in context.

392.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 392 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 392 and, on that basis, deny those allegations. To the extent Paragraph 392's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 392 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 392 and Footnote 165 to Paragraph 392 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

393.     No response is necessary to Paragraph 393 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 393 of the 1AC speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

394.     No response is necessary to Paragraph 394 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 394 of the 1AC and Footnote 166 to Paragraph 394 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

395.    No response is necessary to Paragraph 395 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 395 of the 1AC and Footnote 167 to Paragraph 395 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

396.    No response is necessary to Paragraph 396 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is necessary, J&J and Janssen aver that the document referenced in Paragraph 396 of the 1AC and Footnote 168 to Paragraph 396 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

397.    To the extent the reference to "Marketing Defendants" in Paragraph 397 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 397 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 397 pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 397. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

398.    To the extent the reference to "Marketing Defendants" in Paragraph 398 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 398 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 398 pertains to J&J and/or Janssen, J&J and Janssen deny

the allegations contained in Paragraph 398. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

399.     No response is necessary to Paragraph 399 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is required, J&J and Janssen admit that CMEs are ongoing professional education programs provided to doctors, but deny that Paragraph 399 fully and accurately characterizes CME requirements and programs (which vary by jurisdiction). J&J and Janssen further aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 399, including those related to the influence CMEs have over unidentified doctors and unidentified doctors' reliance on CMEs and, on that basis, deny those allegations.

400.     To the extent the references to "Defendants" in Paragraph 400 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400 and, on that basis, deny the allegations. To the extent the references to "Defendants" in Paragraph 400 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 400 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

401.     To the extent the reference to "Marketing Defendants" in Paragraph 401 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

401 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 401 pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 401. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

402.    No response is necessary to Paragraph 402 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

403.    No response is necessary to Paragraph 403 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 403 and Footnote 169 to Paragraph 403 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

404.    No response is necessary to Paragraph 404 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 404 speaks

for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

405.    No response is necessary to Paragraph 405 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 405 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

406.    No response is necessary to Paragraph 406 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 406, and, on that basis, deny the allegations.

407.    No response is necessary to Paragraph 407 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 407, and, on that basis, deny the allegations. J&J and Janssen further aver that the document referenced in Paragraph 407 and Footnote 170 to Paragraph 407 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

408.    To the extent the reference to "Marketing Defendants" in Paragraph 408 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 408 and, on that basis, deny the allegations. To the extent the reference to "Marketing Defendants" in Paragraph 408 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 408 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

409.    To the extent the references to "Marketing Defendants" in Paragraph 409 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 409 and, on that basis, deny the allegations. To the extent the references to "Marketing Defendants" in Paragraph 409 pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 409. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

410.    With respect to the allegations in Paragraph 410 of the 1AC, J&J and Janssen aver that the documents referenced in Paragraph 410 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety. J&J and Janssen do not respond to Plaintiff's allegations regarding the marketing budgets of other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in the remaining allegations of Paragraph 410 pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the

allegations and, on that basis, deny them. To the extent the references to "Marketing Defendants" in those allegations pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States through branded marketing,

411.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in Paragraph 411 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 411 and, on that basis, deny those allegations. To the extent Paragraph 411's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States and distributed certain educational materials. Except as specifically admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 411. J&J and Janssen aver that the document referenced in Paragraph 411 and Footnotes 171-172 to Paragraph 441 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

412.    To the extent the reference to "Marketing Defendants" in Paragraph 412 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 412 and, on that basis, deny those allegations. To the extent Paragraph 412's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed opioid medicines in the United States through branded marketing and admit that Janssen developed and/or distributed certain unbranded materials discussing opioids and

128

other pain treatment options. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 412 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

413.     J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 413 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 413 and, on that basis, deny those allegations. To the extent Paragraph 413's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen developed and/or distributed, or facilitated the distribution of, certain unbranded materials. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 413 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

414.     To the extent the reference to "Marketing Defendants" in Paragraph 414 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 414 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 414 pertains to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 414. J&J and Janssen specifically deny that they—either

directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

415.    To the extent the reference to "Marketing Defendants" in Paragraph 415 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 415 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 415 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 415 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

416.    To the extent the references to "Marketing Defendants" in Paragraph 416 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 416 and, on that basis, deny the allegations. To the extent Paragraph 416's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 416 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party— made any false or misleading statements or in any way deceptively marketed opioids.

417.    To the extent the references to "Marketing Defendants" in Paragraph 417 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

417 and, on that basis, deny the allegations. To the extent Paragraph 417's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 417 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

418.    To the extent the reference to "Marketing Defendants" in Paragraph 418 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 418 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 418 pertains to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 418. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

419.    No response is necessary to Paragraph 419 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 419 and Footnotes 173-174 to Paragraph 419 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

420.    To the extent the references to "Marketing Defendants" in Paragraph 420 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 420 and, on that basis, deny the allegations. To the extent Paragraph 420's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 420. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

421. To the extent the references to "Marketing Defendants" in Paragraph 421 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 421 and, on that basis, deny those allegations. To the extent Paragraph 421's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed opioid medicines through sales representatives who spoke directly with healthcare providers. Except as expressly admitted, J&J and Janssen deny the remaining allegations contained in Paragraph 421. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

422. To the extent the reference to "Marketing Defendants" in Paragraph 422 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 422 and, on that basis, deny those allegations. To the extent the reference to "Marketing Defendants" in Paragraph 422 pertains to J&J and/or Janssen, J&J and Janssen admit that Janssen purchased sales data from companies like IMS Health. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 422 are so vague and overbroad that J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

423.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in the remaining allegations of Paragraph 423 pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations. To the extent the references to "Marketing Defendants" in those allegations pertain to J&J and/or Janssen, J&J and Janssen aver that Plaintiff appears to be referring to unidentified documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety. The remaining allegations in Paragraph 423 are so vague and overly broad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

424.    No response is necessary to Paragraph 424 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

425.    No response is necessary to Paragraph 425 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

426.    With respect to the allegations in Paragraph 426 of the 1AC purporting to describe "Janssen's quarterly spending," J&J and Janssen aver that Plaintiff appears to be referring to unidentified documents; J&J and Janssen further aver that such documents speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when they are read in their entirety.

427.    No response is necessary to Paragraph 427 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

428.    No response is necessary to Paragraph 428 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

429.    No response is necessary to Paragraph 429 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 429 and Footnote 175 to Paragraph 429 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

430.    J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the references to "Marketing Defendants" in Paragraph 430 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 430 and, on that basis, deny those allegations. To the extent Paragraph 430 refers to Janssen and Paragraph 430's references to "Marketing Defendants" in Paragraph 430 pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, including through sales representatives and speakers; admit that Janssen recruited doctors to serve as speakers; and admit that Janssen made certain payments to and for certain of these speakers. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 430 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

431.    No response is necessary to Paragraph 431 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

432.    No response is necessary to Paragraph 432 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

433.    The allegations contained in Paragraph 433 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 433's reference to "Marketing Defendants" and "Defendants" pertains to J&J and Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that pharmaceutical manufacturers have certain legal duties to provide instructions and warnings about their pharmaceutical products to healthcare providers, including, among others, complying with FDA regulations on the content and formatting of product labeling and FDA "fair balance" regulations for product-specific advertising. J&J and Janssen deny the remaining allegations contained in Paragraph 433.

434.    The allegations contained in Paragraph 434 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 434's references to "Marketing Defendants" and "Defendants" pertain to J&J and Janssen, J&J and Janssen respond as follows: J&J and Janssen admit that pharmaceutical manufacturers have certain legal duties to provide instructions and warnings about their pharmaceutical products to healthcare providers, including, among others, complying with FDA regulations on the content and formatting of product labeling and FDA "fair balance"

regulations for product-specific advertising. J&J and Janssen deny the remaining allegations contained in Paragraph 434.

435.    The allegations contained in Paragraph 435 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 435's references to "Marketing Defendants" and "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 435, and specifically deny that J&J and Janssen breached any of their legal duties.

436.    The allegations contained in Paragraph 436 of the 1AC consist of argument and legal conclusions to which no response is required. Furthermore, no response is necessary to the allegations contained in Paragraph 436 as J&J and Janssen are not among the referenced "Marketing Defendants who manufactured, marketed and sold generic opioid products." J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

437.    To the extent the reference to "Marketing Defendants" in Paragraph 437 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 437 and, on that basis, deny the allegations. To the extent Paragraph 437's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 437 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

438.     J&J and Janssen aver that the allegations in Paragraph 438 of the 1AC purporting to describe risks of opioid use for elderly patients do not fully and accurately characterize those risks and, on that basis, deny those allegations.

439.     With respect to Paragraph 439 of the 1AC, J&J and Janssen aver that the documents referenced in Paragraph 439 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety; aver that they lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of the phrase "publicizing" and, on that basis, deny the allegation to which that phrase relates; and deny the remaining allegations contained in Paragraph 439. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

440.     No response is necessary to Paragraph 440 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 440 and Footnote 176 to Paragraph 440 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

441.     No response is necessary to Paragraph 441 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 441 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 441 and, on that basis, deny those allegations. J&J and Janssen

further aver that the documents referenced in Paragraph 441 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

442.    With respect to the allegations in Paragraph 442 of the 1AC referencing Janssen, J&J and Janssen aver that the document referenced and quoted in Paragraph 442 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety; and aver that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 442 and, on that basis, deny the allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

443.    No response is necessary to Paragraph 443 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 443 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443 and, on that basis, deny those allegations.

444.    No response is necessary to Paragraph 444 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

445.    No response is necessary to Paragraph 445 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

139

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 445 and Footnote 177 to Paragraph 445 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

446.    No response is necessary to Paragraph 446 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

447.    No response is necessary to Paragraph 447 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 447 and Footnote 178 to Paragraph 447 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

448.    No response is necessary to Paragraph 448 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

449.    No response is necessary to Paragraph 449 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

450.    No response is necessary to Paragraph 450 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

451.    No response is necessary to Paragraph 451 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 451 and Footnote 179 to Paragraph 451 speaks for itself 451 deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

452.    No response is necessary to Paragraph 452 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 452 and Footnote 180 to Paragraph 452 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

453.    No response is necessary to Paragraph 453 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

454.    No response is necessary to Paragraph 454 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

455.    No response is necessary to Paragraph 455 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

456.    No response is necessary to Paragraph 456 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

457.    No response is necessary to Paragraph 457 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

458.     No response is necessary to Paragraph 458 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 458 and Footnotes 181-182 to Paragraph 458 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

459.     To the extent the reference to "Marketing Defendants" in Paragraph 459 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 459 and, on that basis, deny the allegations. To the extent Paragraph 459's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 459. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

460.     No response is necessary to Paragraph 460 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

461.    No response is necessary to Paragraph 461 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 461 and Footnotes 183-185 to Paragraph 461 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

462.    To the extent the references to "Marketing Defendants" in Paragraph 462 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 462 and, on that basis, deny the allegations. To the extent Paragraph 462's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States. Except as expressly admitted, J&J and Janssen aver that the remaining allegations in Paragraph 462 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

463.    No response is necessary to Paragraph 463 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 463 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 463 and, on that basis, deny those allegations. J&J and Janssen further aver that the unspecified "studies" referenced in Paragraph 463 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when they are read in their entirety or in context.

464.    To the extent the references to "Marketing Defendants" in Paragraph 464 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 464 and, on that basis, deny the allegations. To the extent Paragraph 464's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 464 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the survey referenced in Paragraph 465 and Footnote 187 to Paragraph 465 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

465.    To the extent the reference to "Marketing Defendants" in Paragraph 465 of the 1AC pertains to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 465 and, on that basis, deny the allegations. To the extent Paragraph 465's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen aver that the

allegations in Paragraph 465 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

466.    No response is necessary to Paragraph 466 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 466 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 466 and Footnote 188 to Paragraph 466 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

467.    No response is necessary to Paragraph 467 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 467 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 467 and Footnote 189 to Paragraph 467 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

468.    No response is necessary to Paragraph 468 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 468 and, on that basis, deny those allegations. To the extent the allegations in Paragraph 468 refer to an unidentified CDC "report," J&J and Janssen aver that the cited report speaks for itself and deny any characterization of the report that is inconsistent with its meaning when read in its entirety and in context.

469.    No response is necessary to Paragraph 469 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

470.    No response is necessary to Paragraph 470 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 470 and Footnote 190 to Paragraph 470 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

471.    No response is necessary to Paragraph 471 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 471 and Footnote 191 to Paragraph 471 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

472.     No response is necessary to Paragraph 472 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen further aver that the document referenced in Paragraph 472 and Footnote 192 to Paragraph 472 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

473.     J&J and Janssen aver that the document referenced in Paragraph 473 and Footnote 193 to Paragraph 473 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context. To the extent the reference to "Marketing Defendants" in Paragraph 473 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegations contained in Paragraph 473 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

474.     The allegations contained in Paragraph 474 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 474's references to "Marketing Defendants" and "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 474 and aver that they have, at all times, complied with all applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

475.     To the extent the references to "Defendants" in Paragraph 475 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 475 and, on that basis,

deny the allegations. To the extent Paragraph 475's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations in Paragraph 475. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids and specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

476.    The allegations contained in Paragraph 476 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required and to the extent Paragraph 476's references to "Marketing Defendants" and "all Defendants" pertain to J&J and Janssen, J&J and Janssen admit that various federal and state laws impose reporting duties for manufacturers and distributors of Schedule II controlled substances. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 476.

477.    The allegations in paragraph 477 consist of arguments and legal conclusions to which no response is required.

478.    To the extent the references to "Marketing Defendants" in Paragraph 478 of the 1AC pertain to parties other than J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 478 and, on that basis, deny the allegations. To the extent Paragraph 478's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States. Except as expressly admitted, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

479.    No response is necessary to Paragraph 479 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen further aver that the document referenced in

Paragraph 479 and Footnotes 194-195 to Paragraph 479 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

480.     The allegation contained in Paragraph 480 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the allegations in Paragraph 480 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegation.

481.     The allegations contained in Paragraph 481 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations in Paragraph 481 and aver that they have, at all times, complied with all applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

482.     The allegation contained in Paragraph 482 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegation in Paragraph 482. J&J and Janssen specifically deny that they— either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

483.     The allegation contained in Paragraph 483 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen specifically deny that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

484.    The allegation contained in Paragraph 484 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the allegation in Paragraph 484 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation.

485.    No response is necessary to Paragraph 485 of the 1AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

486.    No response is necessary to Paragraph 486 of the 1AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

487.    No response is necessary to Paragraph 487 of the 1AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

488.    No response is necessary to Paragraph 488 of the 1AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

489.    No response is necessary to Paragraph 489 of the 1AC as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

490.    No response is necessary to Paragraph 490 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

491.    The allegations contained in Paragraph 491 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 491 of the 1AC that they failed to comply with any such laws and regulations.

492.    The allegations contained in Paragraph 492 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the state and federal statutes and regulations referred to in Paragraph 492 speak for themselves and deny any characterization of those laws that is inconsistent with their meaning when they are read in their entirety and in context with applicable law. J&J and Janssen specifically deny that they failed to comply with applicable laws and regulations.

493.    The allegation contained in Paragraph 493 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the laws and industry guidelines referred to in Paragraph 493 speak for themselves and deny any characterization of those laws and industry guidelines that is inconsistent with their meaning when they are read in their entirety and in context with applicable law. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

494.    No response is necessary to Paragraph 494 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

495.    To the extent the references to "Marketing Defendants" in Paragraph 495 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 495's references to "Marketing Defendants" pertain to J&J and Janssen J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and purchased sales data from companies like IMS Health. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 495 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen also specifically deny any allegation or suggestion in Paragraph 495 of the 1AC that they failed to comply with applicable laws and regulations.

496.    The allegation contained in Paragraph 496 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the allegations in Paragraph 496 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to those allegations and, on that basis, deny the allegations. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

497.    The allegations contained in Paragraph 497 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 497's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 497. J&J and Janssen specifically deny any allegation or suggestions that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

498.    No response is necessary to Paragraph 498 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 498 and, on that basis, deny those allegations.

499.    The allegation contained in Paragraph 499 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 499's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation in Paragraph 499.

500.    No response is necessary to Paragraph 500 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

501.    J&J and Janssen do not respond to the allegations in Paragraph 501 of the 1AC pertaining to other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Defendants" in Paragraph 501 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent that Paragraph 501's reference to "Defendants" and "trade organizations to which Defendants belong" pertains to J&J and Janssen, J&J and Janssen aver that the allegation is so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 501 and, on that basis, deny the allegation. To the extent the allegations in Paragraph 501 refer to HDA Guidelines, J&J and Janssen aver

that the cited Guidelines speak for themselves and deny any characterization of the Guidelines that is inconsistent with their meaning when read in their entirety and in context.

502.     To the extent the reference to "Defendants" and "Distributor Defendants" in Paragraph 502 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent that Paragraph 502's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502 and, on that basis, deny those allegations.

503.     No response is necessary to Paragraph 503 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 503 and, on that basis, deny those allegations. To the extent the allegations in Paragraph 503 refer to a DEA letter, J&J and Janssen aver that the cited letter speaks for itself and deny any characterization of the letter that is inconsistent with its meaning when read in its entirety and in context.

504.     To the extent the reference to "Defendants" in Paragraph 504 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent that Paragraph 504's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the DEA letter referenced in Paragraph 504 speaks for itself and deny any characterization of the letter that is inconsistent with its meaning when read in its entirety and in context.

505.    No response is necessary to Paragraph 505 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 505 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 505 and Footnote 196 to Paragraph 505 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

506.    No response is necessary to Paragraph 506 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 506 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 506 and Footnote 197 to Paragraph 506 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

507.    No response is necessary to Paragraph 507 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 507 and Footnote 198 to Paragraph 507 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

508.    No response is necessary to Paragraph 508 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver

that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 508 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 508 and Footnote 199 to Paragraph 508 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

509.    No response is necessary to Paragraph 509 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509 and, on that basis, deny those allegations.

510.    No response is necessary to Paragraph 510 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 510 and Footnote 200 to Paragraph 500 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

511.    No response is necessary to Paragraph 511 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 511 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 511 and Footnote 201 to Paragraph 511 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

512.     No response is necessary to Paragraph 512 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 512 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 512 and Footnote 202 to Paragraph 512 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

513.     To the extent the reference to "Defendants" in Paragraph 513 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 513's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 513. J&J and Janssen specifically deny that they failed to comply with laws governing the sale of opioids.

514.     To the extent the references to "Distributor Defendants" or "Marketing Defendants" in Paragraph 514 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 514's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 514 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 514 and, on that basis, deny those allegations.

515.     To the extent the references to "Distributor Defendants" or "Marketing Defendants" in Paragraph 515 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations

and, on that basis, deny those allegations. To the extent Paragraph 515's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen engaged in the practice of paying rebates and/or chargebacks to pharmaceutical distributors, and that Janssen purchased certain sales data. J&J and Janssen aver that the remaining allegations in Paragraph 515 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of the allegations in Paragraph 515 and, on that basis, deny those allegations. To the extent the allegations in Paragraph 515 refer to an unidentified *Washington Post* article and a settlement agreement between the DEA and Mallinckrodt, J&J and Janssen aver that the cited documents speak for themselves and deny any characterization of these documents that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

516.     To the extent the references to "Defendants," "Distributor Defendants," or "Marketing Defendants" in Paragraph 516 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 516's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 516. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

517.     To the extent the reference to "Defendants" in Paragraph 517 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 517's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit

159

that Janssen has been a member or participating organization in the Pain Care Forum from 2005 to at least 2017, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the remaining allegations in Paragraph 517 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 517 and, on that basis, deny the allegations.

518.    No response is necessary to Paragraph 518 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 518 and, on that basis, deny those allegations.

519.    No response is necessary to Paragraph 519 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 519 and, on that basis, deny those allegations. J&J and Janssen aver that the article referenced in Paragraph 519 and Footnote 204 to Paragraph 519 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

520.    To the extent the references to "Defendants," "Marketing Defendants," and "Distributor Defendants" in Paragraph 520 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 520's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen has been a member or participating organization in the Pain Care Forum from 2005 to at least 2017. Except as expressly admitted, J&J and Janssen aver that the

160

remaining allegations in Paragraph 520 and Footnote 205 to Paragraph 520 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of allegations in Paragraph 520 and Footnote 205 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 521 and Footnote 205 to Paragraph 521 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

521.    To the extent the references to "Defendants," "Marketing Defendants," and "Distributor Defendants" in Paragraph 521 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 521's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. To the extent the allegations in Paragraph 521 refer to an HDA website, J&J and Janssen aver that the website referenced in Paragraph 521 and in Footnote 206 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when read in its entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 521 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

522.    To the extent the allegations in Paragraph 522 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 522's references to "Defendants" or "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. J&J and

Janssen aver that the document referenced in Paragraph 522 and Footnote 207 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 522 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

523. To the extent the allegations in Paragraph 523 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 523's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. To the extent the allegations in Paragraph 523 refer to the document referenced in Footnote 208, J&J and Janssen aver that the document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 523 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

524. To the extent the allegations in Paragraph 524 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 524's reference to "Manufacturer members" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. To the extent the allegations in Paragraph 524 refer to the "HDA application," J&J and Janssen aver that the document speaks for itself and deny any characterization of the document that is inconsistent with its meaning

when read in its entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 524 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

525. To the extent the allegations in Paragraph 525 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 525's reference to "Marketing Defendnats" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. To the extent a response is required, and to the extent Paragraph 525's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 525.

526. To the extent the allegations in Paragraph 526 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 526's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. To the extent the allegations in Paragraph 526 refer to an HDA website, J&J and Janssen aver that the websites referenced in Paragraph 526 and in Footnotes 209-211 speaks for themselves and deny any characterization of the websites that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 526 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations.

527.    To the extent the allegations in Paragraph 527 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 527's references to "Defendants" and "manufacturer members" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. J&J and Janssen further aver that they lack information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny the allegations.

528.    To the extent the allegations in Paragraph 528 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 528's reference to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. J&J and Janssen further aver that the remaining allegations in Paragraph 528 are so vague and ambiguous that J&J and Janssen lack information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations. J&J and Janssen aver that the document referenced in Paragraph 528 and Footnote 212 to Paragraph 528 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

529.    The allegations contained in Paragraph 529 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 529's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 529.

530.     The allegations contained in Paragraph 530 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 530's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen participated in the Pain Care Forum, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 530.

531.     The allegations contained in Paragraph 531 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 531's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen participated in the Pain Care Forum, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 531.

532.     The allegations contained in Paragraph 532 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 532's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that J&J or Janssen were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the "Industry Compliance Guidelines" document speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 532. J&J and Janssen specifically deny any allegations or suggestion that they failed to comply with applicable laws and regulations.

533.     The allegations contained in Paragraph 533 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to

the extent Paragraph 533's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 533.

534. The allegations contained in Paragraph 534 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 534's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen has been a member or participating organization in the Pain Care Forum from 2005 to at least 2017, but deny that J&J or Janssen were members of the Healthcare Distribution Alliance. Except as expressly admitted, J&J and Janssen deny the allegations in Paragraph 534.

535. The allegations contained in Paragraph 535 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 535's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 535.

536. The allegations contained in Paragraph 536 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen aver that the federal statute referred to in Paragraph 536 speaks for itself and deny any characterization of that law that is inconsistent with its meaning when it is read in its entirety and in context with applicable law.

537. The allegations contained in Paragraph 537 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 537's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 537.

538.     The allegations contained in Paragraph 538 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 538's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 538.

539.     To the extent the allegations in Paragraph 539 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 539's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 539 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, deny them.

540.     The allegations contained in Paragraph 540 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 540's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 540. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

541.     To the extent the references to "Distributor Defendants" and "Marketing Defendants" in Paragraph 541 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 541's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States. Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 541 are so vague and ambiguous that

J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

542.    The allegations contained in Paragraph 542 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 542's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 542.

543.    To the extent the reference to "Defendants" in Paragraph 543 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 543's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health, Verispan, and Wolters Kluwer. Except as specifically admitted, J&J and Janssen aver that the remaining allegations in Paragraph 543 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

544.    To the extent the references to "Distributor Defendants" and "Defendants" in Paragraph 544 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 544's references to "Defendants" pertain to

J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Distributor Defendants' activities and their purported intent and purpose, and, on that basis, deny the allegations. J&J and Janssen aver that the "Know Your Customer" questionnaire and files referenced in Footnote 213 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when read in their entirety and in context.

545. To the extent the references to "Defendants" in Paragraph 545 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 545's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health, Verispan, and Wolters Kluwer. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 545 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen aver that the document referenced in Paragraph 545 and Footnote 214 to Paragraph 545 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

546. To the extent the reference to "Defendants" in Paragraph 546 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 546's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and

purchased or acquired sales data from companies including IMS Health. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 546 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen further aver that the document referenced in Paragraph 546 and Footnote 215 to Paragraph 546 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

547.    To the extent the reference to "Defendants" in Paragraph 547 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 547's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and purchased or acquired sales data from companies including Wolters Kluwer. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 547 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen aver that the document referenced in Paragraph 457 and Footnote 2166 to Paragraph 547 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

548.    To the extent the reference to "Defendants" in Paragraph 548 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 548's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen

aver that Data Vendor expert's statements and the document referenced in Paragraph 548 and Footnote 217 speak for themselves and deny any characterization of the statements or documents that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen aver that the remaining allegations in Paragraph 548 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 548 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion that they failed to comply with applicable laws and regulations.

549.    The allegation contained in Paragraph 549 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 549's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegation in Paragraph 549.

550.    The allegations contained in Paragraph 550 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 550's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 550. J&J and Janssen further aver that the document referenced in Paragraph 550 and Footnotes 218-219 to Paragraph 550 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

551.    No response is necessary to Paragraph 551 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the unidentified sales representative's statement referenced in Paragraph 551 speak for themselves and deny any characterization of the statement that is

inconsistent with their meaning when read in their entirety and in context. J&J and Janssen further aver that the remaining allegations in Paragraph 551 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 551 and, on that basis, deny those allegations.

552.    The allegations contained in Paragraph 552 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 552's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 552. J&J and Janssen aver that the Purdue statement referenced in Footnotes 220-221 speaks for itself and deny any characterization of the statement that is inconsistent with its meaning when read in its entirety and in context.

553.    No response is necessary to Paragraph 553 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 553 and Footnotes 222-223 to Paragraph 553 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

554.    No response is necessary to Paragraph 554 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 554 and Footnotes

224-225 to Paragraph 554 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

555. The allegations contained in Paragraph 555 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 555's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 555.

556. To the extent the reference to "Defendants" in Paragraph 556 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 556's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, and purchased or acquired sales data from companies including IMS Health. Except as specifically admitted, J&J and Janssen aver that the allegations in Paragraph 556 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

557. No response is necessary to Paragraph 557 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 557 and Footnote

226 to Paragraph 557 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

558.    J&J and Janssen do not respond to the allegations in Paragraph 558 of the 1AC concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the reference to "Defendants" in Paragraph 558 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 558's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 558. J&J and Janssen further aver that the document referenced in Paragraph 558 and Footnote 227 to Paragraph 558 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

559.    The allegations contained in Paragraph 559 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 559's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 559.

560.    To the extent the allegations in Paragraph 560 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 560's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 560 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on

that basis, deny them. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referenced in Paragraph 560 and Footnote 228 to Paragraph 560 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

561.    To the extent the allegations in Paragraph 561 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 561's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen purchased or acquired sales data from companies including IMS Health. Except as specifically admitted, J&J and Janssen deny the allegations in Paragraph 561.

562.    No response is necessary to Paragraph 562 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

563.    The allegations contained in Paragraph 563 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 563's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 563.

564.    The allegations contained in Paragraph 564 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to

the extent Paragraph 564's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 564.

565.    The allegations contained in Paragraph 565 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 565's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 565.

566.    No response is necessary to Paragraph 566 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

567.    No response is necessary to Paragraph 567 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

568.    No response is necessary to Paragraph 568 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

569.    No response is necessary to Paragraph 569 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

570.    No response is necessary to Paragraph 570 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

571.    No response is necessary to Paragraph 571 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

572.    The allegations contained in Paragraph 572 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 572's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 572.

573.    No response is necessary to Paragraph 573 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 573 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 573 and, on that basis, deny those allegations.

574. No response is necessary to Paragraph 574 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

575. No response is necessary to Paragraph 575 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

576. No response is necessary to Paragraph 576 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

577. No response is necessary to Paragraph 577 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

578. The allegations contained in Paragraph 578 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 578's reference to "Defendants" pertains to J&J and Janssen, J&J and

Janssen deny that J&J or Janssen were members of the Healthcare Distribution Management Association (n/k/a Healthcare Distribution Alliance) or the National Association of Chain Drug Stores. J&J and Janssen aver that the amicus brief referenced in Footnote 229 to Paragraph 578 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when it is read in its entirety or in context.

579.    The allegations contained in Paragraph 579 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 579's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 579.

580.    No response is necessary to Paragraph 580 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

581.    The allegations contained in Paragraph 581 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 581's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 581. J&J and Janssen aver that the document referenced in Paragraph 581 and Footnote 230 to Paragraph 581 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

582.    No response is necessary to Paragraph 582 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

583.    No response is necessary to Paragraph 583 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Paragraph 583 and Footnotes 231-233 to Paragraph 583 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

584.    No response is necessary to Paragraph 584 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

585.    The allegations contained in Paragraph 585 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 585's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 585. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 585 of the 1AC that they failed to comply with any applicable laws and regulations.

586.    No response is necessary to Paragraph 586 or Footnote 234 to Paragraph 586 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to

Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documenst referenced in Paragraph 586 and Footnote 234 to Paragraph 586 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

587.    No response is necessary to Paragraph 587 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

588.    No response is necessary to Paragraph 588 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

589.    To the extent Paragraph 589's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations (including the term "data") in Paragraph 589 are so vague and ambiguous that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 589 and, on that basis, deny those allegations. J&J and Janssen lack knowledge or information regarding the conduct of National Retail Pharmacies.

590.    The allegations contained in Paragraph 590 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to

the extent Paragraph 590's reference to "participant in the supply chain" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 590.

591.    No response is necessary to Paragraph 591 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen.

592.    No response is necessary to Paragraph 592 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

593.    No response is necessary to Paragraph 593 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

594.    No response is necessary to Paragraph 594 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

595.    No response is necessary to Paragraph 595 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

596.    No response is necessary to Paragraph 596 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

597.    No response is necessary to Paragraph 597 as it contains argument and legal conclusions to which no response is required and, moreover, it contains no allegations against J&J or Janssen, or any other Defendant.

598.    No response is necessary to Paragraph 598 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

599.    No response is necessary to Paragraph 599 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

600.    No response is necessary to Paragraph 600 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

601.    No response is necessary to Paragraph 601 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

602.    No response is necessary to Paragraph 602 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

603.    No response is necessary to Paragraph 603 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

604.    No response is necessary to Paragraph 604 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

605.    No response is necessary to Paragraph 605 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

606.    No response is necessary to Paragraph 606 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

607.    No response is necessary to Paragraph 607 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

608.    No response is necessary to Paragraph 608 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

609.    No response is necessary to Paragraph 609 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 609 and Footnote 235 to Paragraph 609 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

610.    No response is necessary to Paragraph 610 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

611.    No response is necessary to Paragraph 611 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 611 and Footnote 236 to Paragraph 611 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

612.    No response is necessary to Paragraph 612 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 612 and Footnote 237 to Paragraph 612 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

613.    No response is necessary to Paragraph 613 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 613 and Footnote 238 to Paragraph 613 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

614.     No response is necessary to Paragraph 614 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 614 and Footnote 239 to Paragraph 614 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

615.     No response is necessary to Paragraph 615 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 615 and Footnote 240 to Paragraph 615 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

616.     No response is necessary to Paragraph 616 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 616 and Footnote 241 to Paragraph 616 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

617.     No response is necessary to Paragraph 617 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 617 and Footnote 242 to Paragraph 617 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

618.     No response is necessary to Paragraph 618 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 618 and Footnote 243 to Paragraph 618 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

619.     No response is necessary to Paragraph 619 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 619 and Footnote 244 to Paragraph 619 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

620.     No response is necessary to Paragraph 620 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

621.     No response is necessary to Paragraph 621 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 621 and Footnote 245 to Paragraph 621 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

622.     No response is necessary to Paragraph 622 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

623.     No response is necessary to Paragraph 623 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 623 and Footnote 246 to Paragraph 623 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

624.     No response is necessary to Paragraph 624 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 624 and Footnote 247 to Paragraph 624 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

625.    No response is necessary to Paragraph 625 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 625 and Footnote 248 to Paragraph 625 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

626.    No response is necessary to Paragraph 626 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 626 and Footnote 249 to Paragraph 626 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

627.    No response is necessary to Paragraph 627 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

628.     No response is necessary to Paragraph 628 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 628 and Footnote 250 to Paragraph 628 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

629.     No response is necessary to Paragraph 629 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

630.     No response is necessary to Paragraph 630 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

631.     No response is necessary to Paragraph 631 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and

Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

632.     No response is necessary to Paragraph 632 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

633.     No response is necessary to Paragraph 633 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

634.     No response is necessary to Paragraph 634 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

635.     No response is necessary to Paragraph 635 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties or drugs other than Duragesic, Nucynta ER, or Nucynta, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

636.     No response is necessary to Paragraph 636 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 636 and, on that basis, deny those allegations.

637.     No response is necessary to Paragraph 637 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 637 and, on that basis, deny those allegations.

638.     No response is necessary to Paragraph 638 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 638 and, on that basis, deny those allegations.

639.     No response is necessary to Paragraph 639 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 639 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 639 and Footnotes 251-252 to Paragraph 639 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

640.     No response is necessary to Paragraph 640 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 640 and, on that basis, deny those allegations. J&J and Janssen aver that

the document referenced in Paragraph 640 and Footnotes 253-254 to Paragraph 640 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

641.    No response is necessary to Paragraph 641 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 641 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 641 and Footnotes 255-257 to Paragraph 641 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

642.    No response is necessary to Paragraph 642 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 642 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 642 and Footnote 258-259 to Paragraph 642 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

643.    No response is necessary to Paragraph 643 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 643 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 643 and Footnotes 260-261 to Paragraph 643 speaks for

itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

644.    No response is necessary to Paragraph 644 as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 644 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 644 and Footnote 262-265 to Paragraph 644 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

645.    No response is necessary to Paragraph 645 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 645 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 645 and Footnote 266 to Paragraph 645 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

646.    No response is necessary to Paragraph 646 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 646 and Footnotes 267-268 to Paragraph 646 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

647.     No response is necessary to Paragraph 647 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 647 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 647 and Footnote 271 to Paragraph 647 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

648.     The allegations contained in Paragraph 648 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 648's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 648.

649.     No response is necessary to Paragraph 649 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 649 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 649 and, on that basis, deny those allegations.

650.     The allegations contained in Paragraph 650 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is necessary and Paragraph 650's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack information sufficient to form a belief as to the truth of the allegations in Paragraph 650 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 650 of the 1AC that they failed to comply with any applicable laws and regulations.

651.    The allegations contained in Paragraph 651 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 651's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States. Except as specifically admitted, J&J and Janssen deny the allegations in Paragraph 651. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

652.    No response is necessary to Paragraph 652 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 652 and, on that basis, deny those allegations.

653.    The allegations contained in Paragraph 653 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen specifically deny any allegation or suggestion in Paragraph 653 of the 1AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention. J&J and Janssen aver that they have, at all times, complied with all applicable laws and regulations.

654.    The allegations contained in Paragraph 654 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required and the references to "Marketing Defendants" or "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 654 of the 1AC are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 654 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 654 of the 1AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

655.    No response is necessary to Paragraph 655 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 655 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 655 and, on that basis, deny those allegations. J&J and Janssen aver that the documents referenced in Paragraph 655 and Footnotes 272-273 to Paragraph 655 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in their entirety and in context.

656.    No response is necessary to Paragraph 656 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 656 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 656 and, on that basis, deny those allegations. J&J and Janssen aver that the document referenced in Paragraph 656 and Footnotes  274-275 to Paragraph 656 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

657.    No response is necessary to Paragraph 657 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 657 and, on that basis, deny those allegations. J&J and

Janssen aver that the documents referenced in Paragraph 657 and Footnote 276-277 to Paragraph

657 speak for themselves and deny any characterization of the documents that is inconsistent

with their meaning when the documents are read in their entirety and in context.

658.    The allegations contained in Paragraph 648 of the 1AC consist of argument and

legal conclusions to which no response is required. To the extent a response is required and the

reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they

lack knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 658 and, on that basis, deny those allegations. J&J and Janssen specifically deny that

they—either directly or through any third party—made any false or misleading statements or in

any way deceptively marketed opioids.

659.    No response is necessary to Paragraph 659 of the 1AC as it contains no

allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary,

J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 659 and, on that basis, deny those allegations. J&J and

Janssen aver that the documents referenced in Paragraph 659 and Footnotes 278-279 to

Paragraph 659 speak for themselves and deny any characterization of the documents that is

inconsistent with their meaning when the documents are read in their entirety and in context.

660.    No response is necessary to Paragraph 660 of the 1AC as it contains no

allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary,

and to the extent that the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen

aver that the allegations in Paragraph 660 are so vague and ambiguous that J&J and Janssen lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 660 and, on that basis, deny those allegations.

661.    No response is necessary to Paragraph 661 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661. J&J and Janssen further aver that the "open letter" referenced in Paragraph 661 speaks for itself and deny any characterization of the letter that is inconsistent with its meaning when read in its entirety and in context.

662.    No response is necessary to Paragraph 662 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661. J&J and Janssen further aver that the unidentified "2007 study" referenced in Paragraph 662 speaks for itself and deny any characterization of the study that is inconsistent with its meaning when read in its entirety and in context.

663.    No response is necessary to Paragraph 663 of the 1AC as it contains no allegations against J&J and Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 663 are so vague and overbroad that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 663 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 663 and Footnote 280 to Paragraph 663 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when it is read in its entirety or in context.

664.    No response is necessary to Paragraph 664 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 664 and, on that basis, deny those allegations. To the extent the allegations in Paragraph 664 refer to an unidentified CDC "report," J&J and Janssen aver that the cited report speaks for itself and deny any characterization of the report that is inconsistent with its meaning when read in its entirety and in context.

665.    To the extent the references to "Defendants" or "manufacturers" pertain to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 665 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 665 of the 1AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

666.    No response is necessary to Paragraph 666 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 666 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 666 and, on that basis, deny those allegations.

667.    No response is necessary to Paragraph 667 as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 667 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667 and, on that basis, deny those allegations.

668.     No response is necessary to Paragraph 668 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 668 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 and, on that basis, deny those allegations.

669.     No response is necessary to Paragraph 669 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 669 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667 and, on that basis, deny those allegations.

670.     The allegations contained in Paragraph 670 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

671.     The allegations contained in Paragraph 671 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the references to "Marketing Defendants" or "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 671 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 671 and, on that basis, deny those allegations. J&J and Janssen

specifically deny any allegation or suggestion in Paragraph 671 of the 1AC that they failed to comply with applicable laws and regulations.

672.    The allegations contained in Paragraph 672 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 672 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 672 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

673.    No response is necessary to Paragraph 673 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 673 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 673 and, on that basis, deny those allegations.

674.    No response is necessary to Paragraph 674 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 674 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 674 and, on that basis, deny those allegations.

675.    No response is necessary to Paragraph 675 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 675 are so vague and ambiguous that J&J

and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 675 and, on that basis, deny those allegations.

676.    No response is necessary to Paragraph 676 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 676 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 676 and, on that basis, deny those allegations.

677.    No response is necessary to Paragraph 677 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 677 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 677 and, on that basis, deny those allegations.

678.    The allegations contained in Paragraph 678 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 678 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 678 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

679.    No response is necessary to Paragraph 679 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary,

J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 679 and, on that basis, deny those allegations.

680.    No response is necessary to Paragraph 680 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 680 and, on that basis, deny those allegations.

681.    No response is necessary to Paragraph 681 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 681 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 681 and, on that basis, deny those allegations.

682.    No response is necessary to Paragraph 682 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 682 and, on that basis, deny those allegations. J&J and Janssen further aver that the study referenced in Paragraph 682 and in Footnote 281 to Paragraph 682 speaks for itself and deny any characterization of the study that is inconsistent with its meaning when read in its entirety and in context.

683.    No response is necessary to Paragraph 683 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 683 and, on that basis, deny those allegations. J&J and Janssen further aver that the unidentified "CDC report[]" referenced in Paragraph 683 speaks for

itself and deny any characterization of the report that is inconsistent with its meaning when read in its entirety and in context.

684. No response is necessary to Paragraph 684 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 684 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 684 and in Footnotes 282-283 to Paragraph 684 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. J&J and Janssen aver that the graphic in Paragraph 684 speaks for itself and deny any characterization of the graphic that is inconsistent with its meaning when read in its entirety and in context.

685. No response is necessary to Paragraph 685 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 685 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 685 and in Footnote 284 to Paragraph 685 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

686. No response is necessary to Paragraph 686 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 686 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 686 and in Footnotes 285-287 to

Paragraph 686 speak for themselves and deny any characterization of those documents that are inconsistent with their meaning when read in their entirety and in context.

687.　　No response is necessary to Paragraph 687 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 687 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 687 and in Footnote 288 to Paragraph 687 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

688.　　No response is necessary to Paragraph 688 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 688 and, on that basis, deny those allegations. J&J and Janssen further aver that the website referenced in Paragraph 688 and in Footnote 289 to Paragraph 688 speaks for itself and deny any characterization of the website that is inconsistent with its meaning when read in its entirety and in context.

689.　　No response is necessary to Paragraph 689 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 689 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 689 and in Footnote 290 to Paragraph 689 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

690.    No response is necessary to Paragraph 690 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 690 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 690 and, on that basis, deny those allegations.

691.    No response is necessary to Paragraph 691 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 691 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 691 and, on that basis, deny those allegations. J&J and Janssen further aver that the documents referenced in Paragraph 691 and in Footnotes 291-292 to Paragraph 691 speak for themselves and deny any characterization of those documents that are inconsistent with their meaning when read in their entirety and in context.

692.    No response is necessary to Paragraph 692 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 692 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 692 and, on that basis, deny those allegations.

693.    No response is necessary to Paragraph 693 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 693 and, on that basis, deny those allegations. J&J and Janssen further aver that the document referenced in Paragraph 693 and in Footnote 293 to

Paragraph 693 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

694.    The allegations contained in Paragraph 694 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that "opioid manufacturers and distributors" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 694.

695.    No response is necessary to Paragraph 695 of the 1AC as it contains no allegations against J&J or Janssen, or any other Defendant. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 695 and, on that basis, deny those allegations.

696.    No response is necessary to Paragraph 696 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is required, and to the extent the reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 696 and, on that basis, deny those allegations. J&J and Janssen further aver that the ARCOS data referenced in Paragraph 696 and Footnotes 294-295 to Paragraph 696 speak for themselves and deny any characterization of those data that is inconsistent with their meaning when read in their entirety and in context.

697.    No response is necessary to Paragraph 697 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is required, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 697 and, on that basis, deny those allegations. J&J and Janssen further aver that the ARCOS data referenced in Paragraph 697 and Footnotes 296-297 to Paragraph 697

speak for themselves and deny any characterization of those data that is inconsistent with their meaning when read in their entirety and in context.

698.    No response is necessary to Paragraph 698 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is required, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 698 and, on that basis, deny those allegations. J&J and Janssen further aver that the graphic referenced in Paragraph 698 speaks for itself and deny any characterization of the graphic that is inconsistent with its meaning when read in its entirety and in context.

699.    No response is necessary to Paragraph 699 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is required, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 699 and, on that basis, deny those allegations.

700.    No response is necessary to Paragraph 700 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is required, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 700 and, on that basis, deny those allegations.

701.    To the extent the reference to "Marketing Defendants" in Paragraph 701 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 701's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 701. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

702.     To the extent the references to "Marketing Defendants" in Paragraph 702 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 702's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 702. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

703.     To the extent the reference to "Marketing Defendants" in Paragraph 703 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 703's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 703. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

704.     To the extent the reference to "Marketing Defendants" in Paragraph 704 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 704's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 704. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

705.     To the extent the reference to "Marketing Defendants" in Paragraph 705 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 705's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 705. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

706.    To the extent the references to "Marketing Defendants" in Paragraph 706 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 706's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 706. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

707.    To the extent the reference to "Marketing Defendants" in Paragraph 707 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 707's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 707. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

708.    To the extent the references to "Marketing Defendants" in Paragraph 708 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 708's references to "Marketing Defendants" pertain to J&J

and Janssen, J&J and Janssen deny the allegations in Paragraph 708. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

709.    To the extent the reference to "Marketing Defendants" in Paragraph 709 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 709's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 709. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

710.    To the extent the references to "Marketing Defendants" in Paragraph 710 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 710's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 710. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

711.    To the extent the reference to "Marketing Defendants" in Paragraph 711 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 711's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 711 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 711, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the Porter and Jick Letter referenced in Paragraph 711 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

712.    To the extent the references to "Marketing Defendants" in Paragraph 712 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 712's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 712. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

713.    The allegations contained in Paragraph 713 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the references to "Marketing Defendants" in Paragraph 713 pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 713 and, on that basis, deny those allegations. To the extent Paragraph 713's references to "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 713. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen further aver that the "Porter & Jick Letter" and the "letter published in the NEJM on June 1, 2017" referenced

in Paragraph 713 and the statements therein speak for themselves and deny any characterizations of the letters or the statements therein that are inconsistent with their meaning when read in their entirety and in context.

714.    To the extent the references to "Defendants" in Paragraph 714 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 714's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny every allegation in Paragraph 714.

715.    To the extent the references to "Defendants" and "Marketing Defendants" in Paragraph 715 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 715's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 715 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 715 and, on that basis, deny those allegations.

716.    To the extent the reference to "Defendants" in Paragraph 716 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 716's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the remaining allegations in Paragraph 716 are so vague and ambiguous that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 716 and, on that basis, deny those allegations.

717.    To the extent the reference to "Defendants" in Paragraph 717 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 717's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny that they were members of the Healthcare Distribution Alliance. J&J and Janssen aver that the remaining allegations in Paragraph 717 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 717 and, on that basis, deny those allegations.

718.    To the extent the references to "Defendants" in Paragraph 718 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 718's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 718 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 718 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 718 that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

719.    To the extent the references to "Defendants" in Paragraph 719 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 719's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen

aver that the allegations in Paragraph 719 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 719 and, on that basis, deny those allegations. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 719 that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

720.    The allegation contained in Paragraph 720 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent the reference to "Defendants" in Paragraph 720 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 720's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 720 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 720 and, on that basis, deny the allegation.

721.    The allegation contained in Paragraph 721 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegation in Paragraph 721 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 721 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 721 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

722.     The allegations contained in Paragraph 722 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 722 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 722 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 722 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

723.     The allegations contained in Paragraph 723 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 723 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 723 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 723 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

724.     The allegations contained in Paragraph 724 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 724 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 724 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 724 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly

or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

725.     The allegations contained in Paragraph 725 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 725 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 725 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 725 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

726.     The allegations contained in Paragraph 726 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 726 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 726 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 726 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

727.     The allegations contained in Paragraph 727 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 727 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 727 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 727 and,

on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

728.     The allegation contained in Paragraph 728 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegation in Paragraph 728 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 728 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 728 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

729.     The allegations contained in Paragraph 729 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 729 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 729 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 729 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, to the extent Paragraph 729 references statements from the Court, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

220

730.     The allegations contained in Paragraph 730 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 730 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 730 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 730 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

731.     The allegation contained in Paragraph 731 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegation in Paragraph 731 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 731 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 731 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

732.     The allegation contained in Paragraph 732 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required and the references to "Defendants" and "Marketing Defendants" in Paragraph 732 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 732's references to "Defendants" and "Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 732. J&J and Janssen

specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

733.    The allegation contained in Paragraph 733 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required and the references to "Defendants" in Paragraph 733 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 733's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 733. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

734.    The allegation contained in Paragraph 734 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required and the references to "Defendants" in Paragraph 734 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 734's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 734. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

735.    The allegation contained in Paragraph 735 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required and the references to "Defendants" in Paragraph 735 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 735's

references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 735. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

736.     To the extent the reference to "Marketing Defendants" in Paragraph 736 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegations. To the extent Paragraph 736's reference to "Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 736 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 736 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

737.     J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen trained its sales representatives and provided them with Janssen-approved materials. Further, to the extent Paragraph 737 references statements from the February 15, 2000 and March 30, 2000 FDA letters, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 737 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

738.     J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen

trained its sales representatives and provided them with Janssen-approved materials. Further, to the extent Paragraph 738 references statements from the September 2, 2004 FDA letter, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 738 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

739.    J&J and Janssen admit that Janssen lawfully marketed prescription opioid medicines in the United States, including through sales representatives; and admit that Janssen trained its sales representatives and provided them with Janssen-approved materials. Further, to the extent Paragraph 739 references statements from the July 15, 2005 FDA public health advisory, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context. Except as expressly admitted, J&J and Janssen aver that the allegations in Paragraph 739 are so vague and overbroad that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

740.    No response is necessary to Paragraph 740 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 740 and, on that basis, deny those allegations.

741.    No response is necessary to Paragraph 741 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen they lack

knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 741 and, on that basis, deny the allegation.

742.     No response is necessary to Paragraph 742 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 788 and, on that basis, deny those allegations.

743.     No response is necessary to Paragraph 743 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 743 and, on that basis, deny those allegations.

744.     No response is necessary to Paragraph 744 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 744 and, on that basis, deny those allegations.

745.     No response is necessary to Paragraph 745 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 745 and, on that basis, deny those allegations.

746.     No response is necessary to Paragraph 746 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 746 and, on that basis, deny those allegations.

747.     To the extent the reference to "Defendants" in Paragraph 747 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 747's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 747.

748.     To the extent the reference to "Defendants" in Paragraph 748 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 748's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. Further, to the extent Paragraph 748 references statements from former DEA agent Joe Rannazzisi, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

749.     No response is necessary to Paragraph 749 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 749 and, on that basis, deny those allegations. Further, to the extent Paragraph 749 references statements from "[a]nother DEA veteran," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

750.     To the extent the reference to "Defendants" in Paragraph 750 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 750's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations.

751.    No response is necessary to the Paragraph 751 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 751 and, on that basis, deny those allegations.

752.    No response is necessary to Paragraph 752 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 752 and, on that basis, deny those allegations.

753.    No response is necessary to Paragraph 753 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 753 and, on that basis, deny those allegations. Further, to the extent Paragraph 753 references statements from McKesson's 2017 agreement with the DEA, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

754.    No response is necessary to Paragraph 754 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 754 and, on that basis, deny those allegations. Further, to the extent Paragraph 754

references statements from "[a] DEA memo," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

755.    No response is necessary to Paragraph 755 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 755 and, on that basis, deny those allegations. Further, J&J and Janssen aver that the document quoted in Paragraph 755 and referenced in Footnote 298 to Paragraph 755 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when read in its entirety and in context.

756.    No response is necessary to Paragraph 756 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 756 and, on that basis, deny those allegations. Further, to the extent Paragraph 756 references statements from a McKesson internal audit, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

757.    No response is necessary to Paragraph 757 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 757 and, on that basis, deny those allegations. Further, to the extent Paragraph 757 references certain unidentified statements "reported in the *Washington Post*" from the "DEA investigators, agents, and supervisors," J&J and Janssen aver that those statements speak for

themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

758.    No response is necessary to Paragraph 758 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 758 and, on that basis, deny those allegations.

759.    No response is necessary to Paragraph 759 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 759 and, on that basis, deny those allegations. Further, to the extent Paragraph 759 references unidentified statements from Purdue's former senior compliance officer reported in an "interview with the *Los Angeles Time*," J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

760.    No response is necessary to Paragraph 760 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 760 and, on that basis, deny those allegations. Further, to the extent Paragraph 760 references statements from a Purdue district manager, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

761.    No response is necessary to Paragraph 761 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 761 and, on that basis, deny those allegations.

762.    No response is necessary to Paragraph 762 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 762 and, on that basis, deny those allegations.

763.    To the extent the reference to "Marketing Defendants" and references to "Defendants" in Paragraph 763 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegations. To the extent Paragraph 763's reference to "Marketing Defendants" and references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 763. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

764.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 764 of the 1AC and Footnote 299 to Paragraph 764 pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 764 and Footnote 299's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 764. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

765.    To the extent the references to "RICO Marketing Defendants" in Paragraph 765 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 765's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 765 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 765 and, on that basis, deny those allegations. Further, J&J and Janssen aver that the document referenced in Paragraph 765 and Footnote 300 to Paragraph 765 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

766.    To the extent the references to "RICO Marketing Defendants" in Paragraph 766 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 766's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 766. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

767.    To the extent the references to "RICO Marketing Defendants"" in Paragraph 767 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 767's references to "RICO Marketing Defendants"

pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 767. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

768.    To the extent the references to "RICO Marketing Defendants" in Paragraph 768 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 768's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 768 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 768 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

769.    To the extent the references to "RICO Marketing Defendants" in Paragraph 769 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 769's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 769. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

770.    To the extent the references to "RICO Marketing Defendants" in Paragraph 770 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 770's references to "RICO Marketing Defendants"

pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 770. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

771.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 771 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 771's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 771. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

772.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 772 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 772's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 772. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

773.    To the extent the reference to "Members of the Opioid Marketing Enterprise" in Paragraph 773 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 773's reference to "Members of the Opioid Marketing Enterprise" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 773 are so vague and ambiguous that they lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 773 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, J&J and Janssen aver that the document referenced in Paragraph 773 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.

774.     No response is necessary to Paragraph 774 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 774 and, on that basis, deny the allegation.

775.     No response is necessary to Paragraph 775 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 775 and, on that basis, deny the allegation.

776.     To the extent the references to "RICO Marketing Defendants" in Paragraph 776 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 776's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 776 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 776 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

777.    No response is necessary to Paragraph 777 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 777 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

778.    The allegations contained in Paragraph 778 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent the reference to "RICO Marketing Defendants" in Paragraph 778 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 778's reference to "Opioid Marketing Enterprise" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 778 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 828 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

779.    To the extent the references to "RICO Marketing Defendants" in Paragraph 779 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 779's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 779. J&J and

Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

780.    To the extent the references to "RICO Marketing Defendants" in Paragraph 780 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 780's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 780 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 780 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

781.    To the extent the references to "RICO Marketing Defendants" in Paragraph 781 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 781's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 781 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 781 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

782.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 782 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny

the allegations. To the extent Paragraph 782's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 782 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 782 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further J&J and Janssen aver that the documents in Footnotes 301-302 to Paragraph 782 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.

783.    To the extent the references to "RICO Marketing Defendants" in Paragraph 783 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 783's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 783 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 783 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

784.    The allegation contained in Paragraph 784 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the references to "RICO Marketing Defendants" in Paragraph 784 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 784's references to

"RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 784 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 784 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

785.    To the extent the references to "RICO Marketing Defendants" in Paragraph 785 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 785's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 785 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 785 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

786.    To the extent the reference to "RICO Marketing Defendants" in Paragraph 786 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 786's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 786 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 786 and, on that basis, deny the allegation. J&J and Janssen

specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

787.    To the extent the references to "RICO Marketing Defendants" in Paragraph 787 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 787's references to "RICO Marketing Defendants" Enterprise" pertain to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 787 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 787 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

788.    The allegation contained in Paragraph 788 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the reference to "RICO Marketing Defendants" in Paragraph 788 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 788's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 788 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 788 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

789.     To the extent the references to "RICO Marketing Defendants" in Paragraph 789 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 789's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 789 . J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

790.     The allegation contained in Paragraph 790 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the reference to "RICO Marketing Defendants" in Paragraph 790 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 790's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegation in Paragraph 790 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 790 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

791.     The allegation contained in Paragraph 791 of the 1AC consists of argument and legal conclusions to which no response is required. The allegation contained in Paragraph 791 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the references to "RICO Marketing Defendants" in Paragraph 791 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 791's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 791. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

792.     The allegation contained in Paragraph 792 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the reference to "RICO Marketing Defendants" in Paragraph 792 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny the allegation. To the extent Paragraph 792's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 792. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

793.     To the extent the references to "RICO Marketing Defendants" in Paragraph 793 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 793's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 793. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

794.     To the extent the reference to "RICO Marketing Defendants" in Paragraph 794 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 794's reference to "RICO Marketing Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 794 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 794 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

795.     To the extent the references to "RICO Marketing Defendants" in Paragraph 795 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 795's references to "RICO Marketing Defendants" and pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 795. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

796.     The allegations contained in Paragraph 796 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the references to "RICO Marketing Defendants" in Paragraph 796 pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 796's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 796. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

797.     To the extent the references to "RICO Marketing Defendants" in Paragraph 797 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 797's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 797 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 797 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

798.     To the extent the references to "RICO Marketing Defendants" in Paragraph 798 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 798's references to "RICO Marketing Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 798 J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

799.     To the extent the references to "Defendants" in Paragraph 799 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 799's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 799. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, J&J and Janssen aver that the document in Footnote 303

to Paragraph 799 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when read in its entirety and in context.

800.     To the extent the reference to "Defendants" in Paragraph 800 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 800's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen deny the allegations in Paragraph 800. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, to the extent Paragraph 800 reference provisions of the Controlled Substance Act, J&J and Janssen aver that those provisions speak for themselves and deny any characterization of those provisions that is inconsistent with their meaning when read in their entirety and in context.

801.     The allegation contained in Paragraph 801 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent the references to "Defendants" in Paragraph 801 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent Paragraph 801's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 801 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 801 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. J&J and Janssen aver that the document referenced in Paragraph 801 and Footnote 304 to Paragraph 801 speaks for itself and

deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

802.    No response is necessary to Paragraph 802 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 802 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

803.    No response is necessary to Paragraph 803 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 803 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, to the extent Paragraph 803 references statements from the President and CEO of the HDA, J&J and Janssen aver that those statements speak for themselves and deny any characterization of those statements that is inconsistent with their meaning when read in their entirety and in context.

804.    No response is necessary to Paragraph 804 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 804 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

805. No response is necessary to Paragraph 805 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 805 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

806. No response is necessary to Paragraph 806 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 806 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

807. No response is necessary to Paragraph 807 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 807 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids. Further, J&J and Janssen aver that the documents in Footnote 305 to Paragraph 807 speaks for themselves and deny any characterization of the documents that is inconsistent with their meaning when read in their entirety and in context.

808. The allegations contained in Paragraph 808 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent that a response is required, and to the extent that the allegations in Paragraph 808 pertain to J&J and/or Janssen, J&J and Janssen

aver that the allegations in Paragraph 808 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 808 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

809.     No response is necessary to Paragraph 809 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is required, and to the extent that the allegations in Paragraph 809 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 809 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

810.     No response is necessary to Paragraph 810 of the 1AC as it contains no allegations against J&J or Janssen. To the extent that a response is required, and to the extent that the allegations in Paragraph 810 pertain to J&J and/or Janssen, J&J and Janssen aver that the allegations in Paragraph 810 are so vague and ambiguous that J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 810 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

811.     The allegation contained in Paragraph 811 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent that a response is required, and

to the extent that the allegation in Paragraph 811 pertains to J&J and/or Janssen, J&J and Janssen aver that the allegation in Paragraph 811 is so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 811 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

812.    The allegations contained in Paragraph 812 of the 1AC consist of argument and legal conclusions to which no response is required. Further, no response is necessary to Paragraph 812 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 812 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

813.    No response is necessary to Paragraph 813 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 813 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

814.    No response is necessary to Paragraph 814 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 814 and, on that basis, deny those allegations. Further, J&J and Janssen aver that the

graphic in Paragraph 814 speaks for itself and deny any characterization of the graphic that is

inconsistent with its meaning when read in its entirety and in context.

**Defendant Group Name**
**Company Names**
**Drugs**

**Drug Name**
**Chemical Name**
**CSA Schedule**

**Purdue**
(1) Purdue Pharma, LP,
(2) Purdue Pharma, Inc.,
(3) The Purdue Frederick Company
OxyContin
Oxycodone hydrochloride extended release
Schedule II

MS Contin
Morphine sulfate extended release
Schedule II

Dilaudid
Hydromorphone hydrochloride
Schedule II

Dilaudid-HP
Hydromorphone hydrochloride
Schedule II

Butrans
Buprenorphine
Schedule II

Hysinga ER
Hydrocodone bitrate
Schedule II

Targiniq ER
Oxycodone hydrochloride
Schedule II

Defendant Group Name
Company Names
Drugs
**Cephalon**
(1) Cephalon, Inc.,
(2) Teva Pharmaceutical Industries, Ltd.,
(3) Teva Pharmaceuticals USA, Inc.
Actiq
Fentanyl citrate
Schedule II

Fentora

Fentanyl citrate
Schedule II

Generic OxyContin
Oxycodone hydrochloride
Schedule II
**Endo**
(1) Endo Health Solutions, Inc.,
(2) Endo Pharmaceuticals Inc.,
(3) Qualitest Pharmaceuticals, Inc. (*wholly-owned subsidiary of Endo*)
Opana ER
Oxymorphone hydrochloride extended release
Schedule II

Opana
Oxymorphone hydrochloride
Schedule II

Percodan
Oxymorphone hydrochloride and aspirin
Schedule II

Percocet
Oxymorphone hydrochloride and acetaminophen
Schedule II

Generic oxycodone
Schedule II

Generic oxymorphone
Schedule II

Generic hydromorphone
Schedule II

Generic hydrocodone
Schedule II
**Mallinckrodt**
(1) Mallinckrodt PLC,
(2) Mallinckrodt LLC (*wholly-owned subsidiary of Mallinckrodt PLC*)
Exalgo
Hydromorphone hydrochloride
Schedule II

Roxicodone
Oxycodone hydrochloride
Schedule II
**Actavis**
(1) Allergan Plc,
(2) Actavis LLC,
(3) Actavis Pharma, Inc.,
(4) Actavis Plc,
(5) Actavis, Inc.,
(6) Watson Pharmaceuticals, Inc.,
Watson Pharma, Inc.
Kadian

Morphine Sulfate
Schedule II

Norco (Generic of Kadian)
Hydrocodone and acetaminophen
Schedule II

Generic Duragesic
Fentanyl
Schedule II

Generic Opana
Oxymorphone hydrochloride
Schedule II

815.    No response is necessary to Paragraph 815 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 815 and, on that basis, deny the allegation.

816.    No response is necessary to Paragraph 816 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 816 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

817.    No response is necessary to Paragraph 817 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 817 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

818.    No response is necessary to Paragraph 818 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or

information sufficient to form a belief as to the truth of the allegation in Paragraph 818 and, on that basis, deny the allegation.

819.    No response is necessary to Paragraph 819 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 819 and, on that basis, deny the allegation.

820.    No response is necessary to Paragraph 820 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 820 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

821.    To the extent the references to "Defendants" in Paragraph 821 of the 1AC pertain to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 821's references to "Defendants" pertain to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 821 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 821 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

822.    To the extent the reference to "Defendants" in Paragraph 822 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to

form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 822's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen aver that the allegations in Paragraph 822 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 822 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

823.    No response is necessary to Paragraph 823 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen aver that the allegations in Paragraph 823 are so vague and ambiguous that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 823 and, on that basis, deny those allegations.

824.    To the extent the reference to "Defendants" in Paragraph 824 of the 1AC pertains to parties other than J&J or Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny those allegations. To the extent Paragraph 824's reference to "Defendants" pertains to J&J and Janssen, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 824 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

825.    No response is necessary to Paragraph 825 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 825 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

826.     No response is necessary to Paragraph 826 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 826 and, on that basis, deny those allegations. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

827.     The allegation contained in Paragraph 827 of the 1AC consists of argument and legal conclusions to which no response is required. Further, no response is necessary to Paragraph 827 of the 1AC as it contains no allegation against J&J or Janssen. To the extent a response is necessary, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 827 and, on that basis, deny the allegation. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

828.     With respect to the allegations contained in Paragraph 828 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 827 of this Answer with the same force and effect as though set forth in full here.

829.     The allegations in Paragraph 829 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 829's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 829.

830.    The allegations in Paragraph 830 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 830's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 830.

831.    The allegations in Paragraph 831 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 831's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 831.

832.    The allegations in Paragraph 832 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 832's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 832.

833.    The allegations in Paragraph 833 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 833's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 833.

834.    The allegations in Paragraph 834 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 834's references to "RICO Marketing Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 834 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

835.    The allegations in Paragraph 835 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 835's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 835.

836.    The allegations in Paragraph 836 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 836's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 836.

837.    The allegations in Paragraph 837 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 837's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 837.

838.    The allegations in Paragraph 838 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 838's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 838.

839.    The allegations in Paragraph 839 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 839's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 839.

840.    The allegations in Paragraph 840 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 840's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 840.

841.    The allegations in Paragraph 841 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 841's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 841.

842.    The allegations in Paragraph 842 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 842's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny every allegation contained in Paragraph 842 and specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

843.    The allegations in Paragraph 843 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 843's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 843.

844.    The allegations in Paragraph 844 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 844's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 844.

845.    The allegations in Paragraph 845 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 845.

846. The allegations in Paragraph 846 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 846's references to "RICO Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 846.

847. The allegations in Paragraph 847 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 847's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 847.

848. The allegations in Paragraph 848 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 848's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 848.

849. No response is necessary to Paragraph 849 of the 1AC as it contains no allegations against J&J or Janssen. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 849.

850. The allegations in Paragraph 850 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 850's references to "RICO Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 850. J&J and Janssen aver that the document referenced in Paragraph 850 and Footnote 308-309 to Paragraph 850 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

851.     The allegations in Paragraph 851 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 851's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 851. J&J and Janssen aver that the document referenced in Paragraph 256 and Footnote 89 to Paragraph 235 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

852.     The allegations in Paragraph 852 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 852's reference to "RICO Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 852.

853.     The allegations in Paragraph 853 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 853's references to "RICO Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 853.

854.     The allegations in Paragraph 854 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 854.

855.     The allegations in Paragraph 855 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 855.

856.    With respect to the allegations contained in Paragraph 856 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 855 of this Answer with the same force and effect as though set forth in full here.

857.    No response is necessary to Paragraph 857 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

858.    No response is necessary to Paragraph 858 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

859.    No response is necessary to Paragraph 859 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the document referenced in Paragraph 859 and Footnote 310 to Paragraph 859 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when the document is read in its entirety and in context.

860.    No response is necessary to Paragraph 860 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

861.    No response is necessary to Paragraph 861 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

862.    No response is necessary to Paragraph 862 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

863.    No response is necessary to Paragraph 863 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

864.    No response is necessary to Paragraph 864 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

865.    No response is necessary to Paragraph 865 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

866.    No response is necessary to Paragraph 866 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

867.    No response is necessary to Paragraph 867 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

868.    No response is necessary to Paragraph 868 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

869.    No response is necessary to Paragraph 869 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

870.    No response is necessary to Paragraph 870 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

871.    No response is necessary to Paragraph 871 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

872.    No response is necessary to Paragraph 872 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

873.    No response is necessary to Paragraph 873 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

874.    No response is necessary to Paragraph 874 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

875.    No response is necessary to Paragraph 875 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

876.    No response is necessary to Paragraph 876 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

877.    No response is necessary to Paragraph 877 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

878. No response is necessary to Paragraph 878 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

879. No response is necessary to Paragraph 879 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

880. No response is necessary to Paragraph 880 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

881. No response is necessary to Paragraph 881 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations. J&J and Janssen aver that the documents referenced in Paragraph 881 and Footnotes 311-312 to Paragraph 881 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when the documents are read in its entirety and in context.

882. No response is necessary to Paragraph 882 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations

concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

883.    No response is necessary to Paragraph 883 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

884.    No response is necessary to Paragraph 884 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

885.    No response is necessary to Paragraph 885 of the 1AC as it contains no allegations against J&J or Janssen. J&J and Janssen do not respond to Plaintiff's allegations concerning other parties, as J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of those allegations.

886.    The allegations in Paragraph 886 consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 886 and, on that basis, deny the allegations.

887.    The allegations in Paragraph 887 consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 887 and, on that basis, deny the allegations.

888.     With respect to the allegations contained in Paragraph 888 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 887 of this Answer with the same force and effect as though set forth in full here.

889.     No response is required to any allegations in Paragraph 889 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

890.     No response is required to any allegations in Paragraph 890 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

891.     No response is required to any allegations in Paragraph 891 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

892.     No response is required to any allegations in Paragraph 892 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

893.     No response is required to any allegations in Paragraph 893 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

894.     No response is required to any allegations in Paragraph 894 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

895. No response is required to any allegations in Paragraph 895 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

896. No response is required to any allegations in Paragraph 896 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

897. No response is required to any allegations in Paragraph 897 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

898. No response is required to any allegations in Paragraph 898 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

899. No response is required to any allegations in Paragraph 899 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

900. No response is required to any allegations in Paragraph 900 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

901. No response is required to any allegations in Paragraph 901 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

269 of 328

902.     No response is required to any allegations in Paragraph 902 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

903.     No response is required to any allegations in Paragraph 903 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

904.     No response is required to any allegations in Paragraph 904 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

905.     No response is required to any allegations in Paragraph 905 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

906.     No response is required to any allegations in Paragraph 906 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

907.     No response is required to any allegations in Paragraph 907 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

908.     No response is required to any allegations in Paragraph 908 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

909.    No response is required to any allegations in Paragraph 909 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

910.    No response is required to any allegations in Paragraph 910 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

911.    No response is required to any allegations in Paragraph 911 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

912.    No response is required to any allegations in Paragraph 912 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Third Claim for Relief asserting public nuisance under federal common law was dismissed.

913.    The allegation in Paragraph 913 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 913's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegation contained in Paragraph 913.

914.    With respect to the allegations contained in Paragraph 914 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 913 of this Answer with the same force and effect as though set forth in full here.

915.    The allegations in Paragraph 915 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 915's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 915.

916.     No response is necessary to Paragraph 916 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant.

917.     The allegations in Paragraph 917 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 917's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 917.

918.     The allegations in Paragraph 918 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 918's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 918.

919.     No response is necessary to Paragraph 919 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant.

920.     No response is necessary to Paragraph 920 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant.

921.     No response is necessary to Paragraph 921 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant.

922.     The allegations in Paragraph 922 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 922's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 922.

923.     The allegations in Paragraph 923 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 923's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 923.

924.    The allegations in Paragraph 924 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 924's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 924. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

925.    The allegations in Paragraph 925 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 925's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 925. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

926.    The allegations in Paragraph 926 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 926's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 926.

927.    The allegations in Paragraph 927 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 927's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 927.

928.     The allegations in Paragraph 928 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 928.

929.     The allegations in Paragraph 929 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 929's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 929.

930.     The allegations in Paragraph 930 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 930's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 930.

931.     The allegations in Paragraph 931 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 931's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 931.

932.     The allegations in Paragraph 932 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 932's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 932.

933.     The allegations in Paragraph 933 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 933's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 933.

934.     The allegations in Paragraph 934 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 934's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 934.

935.     The allegations in Paragraph 935 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 935's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 935. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

936.     The allegations in Paragraph 936 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 936's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 936. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

937.     The allegations in Paragraph 937 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 937's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 937. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

938.    The allegations in Paragraph 938 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 938's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 938.

939.    The allegations in Paragraph 939 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 939's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 939. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

940.    The allegations in Paragraph 940 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 940's references to "Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 940. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

941.    The allegations in Paragraph 941 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 941's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 941. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

942. The allegations in Paragraph 942 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 942's references to "Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 942. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

943. The allegations in Paragraph 943 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 943's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 943.

944. The allegations in Paragraph 944 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 944's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 944.

945. The allegations in Paragraph 945 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 945's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 945.

946. The allegations in Paragraph 946 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 946's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 946.

947.     The allegations in Paragraph 947 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 947's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 947.

948.     The allegations in Paragraph 948 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 948's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 948.

949.     The allegations in Paragraph 949 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 949's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 949.

950.     The allegations in Paragraph 950 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 950's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 950.

951.     The allegations in Paragraph 951 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 951's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 951.

952.     The allegations in Paragraph 952 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 952's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 952.

953.    The allegations in Paragraph 953 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 953.

954.    The allegations in Paragraph 954 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 954.

955.    The allegations in Paragraph 955 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 955's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 955.

956.    The allegations in Paragraph 956 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 956's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 956.

957.    The allegations in Paragraph 957 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 957's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 957.

958.    The allegations in Paragraph 958 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 958's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 958.

959.    The allegations in Paragraph 959 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 959's references to "Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 959. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

960.    No response is necessary to Paragraph 960 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 960 and, on that basis, deny the allegations.

961.    The allegation in Paragraph 961 of the 1AC consists of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 961's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegation contained in Paragraph 961.

962.    With respect to the allegations contained in Paragraph 962 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 961 of this Answer with the same force and effect as though set forth in full here.

963.    The allegations in Paragraph 963 of the 1AC consist of argument and legal conclusions to which no response is required.

964.    The allegations in Paragraph 964 of the 1AC consist of argument and legal conclusions to which no response is required.

965.    The allegations in Paragraph 965 of the 1AC consist of argument and legal conclusions to which no response is required.

966.    The allegations in Paragraph 966 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 966's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 966 and, on that basis, deny the allegations.

967.    The allegations in Paragraph 967 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 967's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 967.

968.    The allegation in Paragraph 968 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 968's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 968.

969.    The allegation in Paragraph 969 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 969's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegation contained in Paragraph 969.

970.    The allegations in Paragraph 970 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 970's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 970.

971.    The allegations in Paragraph 971 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 971 and, on that basis, deny the allegations.

972.    The allegations in Paragraph 972 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 972's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 972.

973.    No response is necessary to Paragraph 973 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 973 and, on that basis, deny the allegations.

974.    No response is necessary to Paragraph 974 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extent a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 974 and, on that basis, deny the allegations.

975.    With respect to the allegations contained in Paragraph 975 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 974 of this Answer with the same force and effect as though set forth in full here.

976.    The allegations in Paragraph 976 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 976's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 976.

977.    No response is necessary to Paragraph 977 of the 1AC as it contains no allegations against J&J, Janssen, or any Defendant. To the extant a response is required, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 977 and, on that basis, deny those allegations.

978.    The allegations in Paragraph 978 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 978's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 978.

979.    The allegations in Paragraph 979 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 979's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 979. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

980.    The allegations in Paragraph 980 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 980's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 980.

981.    The allegations in Paragraph 981 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 981's references to "each Defendant" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 981.

982.    The allegations in Paragraph 982 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 982's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 982.

983.    The allegations in Paragraph 983 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 983.

984.    The allegations in Paragraph 984 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 984.

985.    The allegations in Paragraph 985 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 985.

986.    The allegations in Paragraph 986 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 986.

987.    The allegations in Paragraph 987 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 987's reference to "each Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 987.

988.    The allegations in Paragraph 988 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 988's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 988.

989.    The allegations in Paragraph 989 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 989's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 989. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

990.    The allegations in Paragraph 990 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 990's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 990. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

991.    The allegations in Paragraph 991 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 991's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 991. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

992.    The allegations in Paragraph 992 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 992's references to "each Defendant" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 992.

993.    The allegations in Paragraph 993 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 993's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 993.

994.    The allegations in Paragraph 994 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 994's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 994. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

995.    The allegations in Paragraph 995 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 995's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 995. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

996.    The allegations in Paragraph 996 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 996.

997.    The allegations in Paragraph 997 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 997's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 997.

998. The allegations in Paragraph 998 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 998's references to "Defendants" and "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 998.

999. The allegations in Paragraph 999 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 999's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 999. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1000. The allegations in Paragraph 1000 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1000's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1000. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1001. The allegations in Paragraph 1001 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1001's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1001.

1002.   The allegations in Paragraph 1002 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1002's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1002.

1003.   The allegations in Paragraph 1003 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1003's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1003.

1004.   The allegations in Paragraph 1004 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1004's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1004. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 1004 of the 1AC that they failed to comply with applicable laws and regulations governing suspicious order monitoring and reporting, and diversion prevention.

1005.   The allegations in Paragraph 1005 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1005's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1005. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1006.   The allegations in Paragraph 1006 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1006's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1006.

1007.   No response is required to any allegations in Paragraph 1007 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1008.   No response is required to any allegations in Paragraph 1008 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1009.   No response is required to any allegations in Paragraph 1009 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1010.   No response is required to any allegations in Paragraph 1010 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1011.   No response is required to any allegations in Paragraph 1011 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1012.   No response is required to any allegations in Paragraph 1012 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1013.   No response is required to any allegations in Paragraph 1013 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1014.   No response is required to any allegations in Paragraph 1014 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1015.   No response is required to any allegations in Paragraph 1015 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1016.   No response is required to any allegations in Paragraph 1016 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1017.   No response is required to any allegations in Paragraph 1017 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1018.   No response is required to any allegations in Paragraph 1018 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1019.   No response is required to any allegations in Paragraph 1019 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1020.   No response is required to any allegations in Paragraph 1020 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1021.   No response is required to any allegations in Paragraph 1021 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the negligence per se claims were dismissed.

1022.   The allegations in Paragraph 1022 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1022's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1022.

1023.   The allegations in Paragraph 1023 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1023's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1023.

1024.   The allegations in Paragraph 1024 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1024's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1024.

1025.   The allegations in Paragraph 1025 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1025's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1025.

1026.   The allegations in Paragraph 1026 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1026's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1026.

1027.   To the extent that the allegations in Paragraph 1027 of the 1AC pertain to claims under negligence per se, no response is required because the Plaintiff's claims for negligence per se have been dismissed pursuant to the Court's order dated July 13, 2019, Doc. 1680. The remaining allegations of Paragraph 1027 consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent that Paragraph 1027's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the remaining allegations contained in Paragraph 1027.

1028.   To the extent that the allegations in Paragraph 1028 of the 1AC pertain to claims under negligence per se, no response is required because the Plaintiff's claims for negligence per se have been dismissed pursuant to the Court's order dated July 13, 2019, Doc. 1680. The remaining allegations of Paragraph 1028 consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent that Paragraph 1028's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the remaining allegations contained in Paragraph 1028.

1029.   The allegations in Paragraph 1029 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1029's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1029.

1030.   The allegations in Paragraph 1030 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1030's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1030.

1031.   The allegations in Paragraph 1031 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1031's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1031.

1032.   The allegations in Paragraph 1032 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1032's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1032.

1033.   The allegations in Paragraph 1033 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1033's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1033.

1034.   The allegations in Paragraph 1034 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1034.

1035.   The allegations in Paragraph 1035 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1035.

1036.   The allegations in Paragraph 1036 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1036's reference to "Defendant" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1036.

1037.   The allegations in Paragraph 1037 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1037.

1038.   The allegations in Paragraph 1038 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1038's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1038. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1039.   The allegations in Paragraph 1039 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1039's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1039. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 1039 that they failed to comply with applicable laws and regulations.

1040.   The allegations in Paragraph 1040 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1040's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1040. J&J and Janssen specifically deny any allegation or suggestion in Paragraph 1040 that they failed to comply with applicable laws and regulations.

1041.   The allegations in Paragraph 1041 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1041's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1041. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids and further specifically deny any allegation or suggestion in Paragraph 1041 that they failed to comply with applicable laws and regulations.

1042. The allegations in Paragraph 1042 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1042's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1042.

1043. The allegations in Paragraph 1043 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1043's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1043. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1044. The allegations in Paragraph 1044 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1044's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1044. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1045. The allegations in Paragraph 1045 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1045's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1045. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1046.   The allegations in Paragraph 1046 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1046's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1046. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1047.   The allegations in Paragraph 1047 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1047's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1047. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1048.   The allegations in Paragraph 1048 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1048's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1048.

1049.   The allegations in Paragraph 1049 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1049's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1049.

1050.   The allegations in Paragraph 1050 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1050's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1050.

1051.   With respect to the allegations contained in Paragraph 1051 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1050 of this Answer with the same force and effect as though set forth in full here.

1052.   The allegations in Paragraph 1052 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1052's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1052.

1053.   The allegations in Paragraph 1053 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1053's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1053. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1054.   The allegations in Paragraph 1054 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1054 of the 1AC pertains to parties other than J&J and Janssen or drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information

295

sufficient to form a belief as to the truth of the allegations contained in Paragraph 1054 and, on that basis, deny those allegations. To the extent Paragraph 1054's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1054. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1055.   The allegations in Paragraph 1055 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1055 of the 1AC pertains to parties other than J&J and Janssen or drugs other than Duragesic, Nucynta ER, and Nucynta, J&J and Janssen lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1055 and, on that basis, deny those allegations. To the extent Paragraph 1055's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1055. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1056.   The allegations in Paragraph 1056 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1056's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1056. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1057.   The allegations in Paragraph 1057 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1057's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1057. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1058.   The allegations in Paragraph 1058 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1058's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1058. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1059.   The allegations in Paragraph 1059 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1059's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1059. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1060.   The allegations in Paragraph 1060 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1060's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1060. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1061.   The allegations in Paragraph 1061 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1061's references to "Marketing Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1061. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1062.   The allegations in Paragraph 1062 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1062's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1062. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1063.   The allegations in Paragraph 1063 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1063's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1063. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1064.   The allegations in Paragraph 1064 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1064's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1064.

1065.   The allegations in Paragraph 1065 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1065's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1065.

1066.   The allegations in Paragraph 1066 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1066.

1067.   The allegations in Paragraph 1067 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1067's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1067.

1068.   The allegations in Paragraph 1068 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1068's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1068.

1069.   The allegations in Paragraph 1069 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 1069 and, on that basis, deny the allegations.

1070.   With respect to the allegations contained in Paragraph 1070 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1069 of this Answer with the same force and effect as though set forth in full here.

1071.   The allegations in Paragraph 1071 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1071's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1071.

1072.   The allegations in Paragraph 1072 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1072's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1072.

1073.   The allegations in Paragraph 1073 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1073.

1074.   The allegations in Paragraph 1074 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1074's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1074.

1075.   The allegations in Paragraph 1075 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1075.

1076.   The allegations in Paragraph 1076 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1076's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1076.

1077.   The allegations in Paragraph 1077 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1077's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1077.

1078.   The allegations in Paragraph 1078 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1078's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1078.

1079.   The allegations in Paragraph 1079 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1079's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1079.

1080.   The allegations in Paragraph 1080 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1080's references to "Marketing Defendants" and "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1080. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1081.   The allegations in Paragraph 1081 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1081's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1081.

1082.   The allegations in Paragraph 1082 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1082's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1082.

1083.   The allegations in Paragraph 1083 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1083's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1083.

1084.   The allegations in Paragraph 1084 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1084's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1084.

1085.   The allegations in Paragraph 1085 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1085.

1086.   The allegations in Paragraph 1086 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 1086 and, on that basis, deny the allegations.

1087.   With respect to the allegations contained in Paragraph 1087 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1086 of this Answer with the same force and effect as though set forth in full here.

1088.   The allegations in Paragraph 1088 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1088's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1088. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1089.   The allegations in Paragraph 1089 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1089's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1089. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1090.   The allegations in Paragraph 1090 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1090's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1090. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1091.   The allegations in Paragraph 1091 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1091's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1091.

1092.   The allegations in Paragraph 1092 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1092's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1092. J&J and Janssen specifically deny that they—either directly or through any third party—made any false or misleading statements or in any way deceptively marketed opioids.

1093.   The allegations in Paragraph 1093 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1093's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1093.

1094.   The allegations in Paragraph 1094 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1094's reference to "Marketing Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1094.

1095.   The allegations in Paragraph 1095 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1095's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1095.

1096.   The allegations in Paragraph 1096 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1096's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1096.

1097.   The allegations in Paragraph 1097 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1097's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1097.

1098.   The allegations in Paragraph 1098 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1098's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1098.

1099.   The allegations in Paragraph 1099 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1099's references to "Defendants" and "each Defendant" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1099.

1100.   The allegations in Paragraph 1100 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1100's references to "Defendants" pertain to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1100.

1101.   The allegations in Paragraph 1101 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the extent Paragraph 1101's reference to "Defendants" pertains to J&J and/or Janssen, J&J and Janssen deny the allegations contained in Paragraph 1101.

1102.   The allegations in Paragraph 1102 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1102's reference to "Defendants" pertains to J&J and/or Janssen, J&J and

Janssen deny the allegations contained in Paragraph 1102.

1103.   The allegations in Paragraph 1103 of the 1AC consist of argument and legal

conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1103's reference to "Defendants" pertains to J&J and/or Janssen, J&J and

Janssen deny the allegations contained in Paragraph 1103.

1104.   The allegations in Paragraph 1104 of the 1AC consist of argument and legal

conclusions to which no response is required. To the extent a response is required, J&J and

Janssen deny the allegations contained in Paragraph 1104.

1105.   The allegations in Paragraph 1105 of the 1AC consist of argument and legal

conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1105's reference to "Defendants" pertains to J&J and/or Janssen, J&J and

Janssen deny the allegations contained in Paragraph 1105.

1106.   The allegations in Paragraph 1106 of the 1AC consist of argument and legal

conclusions to which no response is required. To the extent a response is required, and to the

extent Paragraph 1106's reference to "Defendants" pertains to J&J and/or Janssen, J&J and

Janssen deny the allegations contained in Paragraph 1106.

1107.   With respect to the allegations contained in Paragraph 1107 of the 1AC, J&J and

Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1

through 1106 of this Answer with the same force and effect as though set forth in full here.

1108.   No response is required to any allegations in Paragraph 1108 of the 1AC because,

pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief

asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1109.   No response is required to any allegations in Paragraph 1109 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1110.   No response is required to any allegations in Paragraph 1110 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1111.   No response is required to any allegations in Paragraph 1111 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1112.   No response is required to any allegations in Paragraph 1112 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1113.   No response is required to any allegations in Paragraph 1113 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1114.   No response is required to any allegations in Paragraph 1114 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1115.   No response is required to any allegations in Paragraph 1115 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1116.   No response is required to any allegations in Paragraph 1116 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1117.   No response is required to any allegations in Paragraph 1117 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1118.   No response is required to any allegations in Paragraph 1118 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1119.   No response is required to any allegations in Paragraph 1119 of the 1AC because, pursuant to the Court's order dated June 13, 2019, Doc. 1680, the Tenth Claim for Relief

asserting violations of the Montana Unfair Trade Practices and Consumer Protection Act was dismissed.

1120.   With respect to the allegations contained in Paragraph 1120 of the 1AC, J&J and Janssen repeat and reallege every admission, denial, averment, and statement in Paragraphs 1 through 1119 of this Answer with the same force and effect as though set forth in full here.

1121.   The allegations in Paragraph 1121 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1121.

1122.   The allegations in Paragraph 1122 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1122.

1123.   The allegations in Paragraph 1123 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1123.

1124.   The allegations in Paragraph 1124 of the 1AC consist of argument and legal conclusions to which no response is required. To the extent a response is required, J&J and Janssen deny the allegations contained in Paragraph 1124.

### J&J AND JANSSEN'S AFFIRMATIVE DEFENSES

J&J and Janssen hereby assert the following separate and additional affirmative defenses to the allegations and claims in the 1AC. Without assuming any burden of proof that they would not otherwise bear, J&J and Janssen plead all of the following defenses in the alternative and none constitutes an admission that J&J and Janssen are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. J&J and Janssen further incorporate by reference any defenses applicable to

them that are asserted by any other Defendants in the above-captioned action as if fully set forth herein. J&J and Janssen have insufficient knowledge or information upon which to form a belief as to whether either or both of them have additional, as yet unstated, separate defenses available. Therefore, J&J and Janssen expressly reserve the right to assert additional separate defenses as this action proceeds and in the event that discovery indicates that such defenses would be appropriate. Subject to these reservations, and as a defense to the 1AC and each and every allegation contained therein, J&J and Janssen state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's 1AC fails to state a claim upon which relief can be granted. Among other deficiencies:

- Plaintiff fails to plead any direct wrongdoing by J&J and Janssen.

- Plaintiff fails to plead any alleged fraud by J&J and Janssen with the particularity required by Fed. R. Civ. P. 9(b).

- Plaintiff does not distinguish J&J and Janssen from one another or from other Defendants, their drugs, their drugs' labels, their promotional techniques, and the time periods relevant to each Defendant, nor do they detail which Defendant allegedly did or said what, when, where, or to whom. See, e.g., Compl. ¶¶ 10-23, 141-52, 202, 210-11, 221, 236-37, 250, 254-44, 263, 316-24, 329, 331-38, 344, 350, 364-71, 397-422, 433, 459, 462-99, 501-519, 525-45, 548-50, 555-56, 564-65, 573-85.

- Plaintiff fails to adequately allege that it suffered any ascertainable loss, or a causal connection between any such loss and J&J's and Janssen's alleged misconduct.

- Plaintiff's unjust enrichment claims fail because Plaintiff does not allege that J&J or Janssen wrongfully obtained a benefit from Plaintiff.

- Plaintiff's public nuisance claims fail because Plaintiff does not allege that J&J's or Janssen's actions resulted in an unreasonable interference with a right common to the general public.

- Plaintiff's RICO claims fail because it lacks standing to bring civil RICO claims against J&J and Janssen and because it failed to plead key elements of those RICO claims.

- Plaintiff may not recover the costs of medical care provided directly by the Indian Health Service because Plaintiff lacks standing to seek such damages as it has suffered no injury. The costs for any such care were borne by the United States, not the Tribes, and, therefore, only the United States has standing to recover the cost of any direct expenditures by IHS. *See Acoma Pueblo v. Am. Tobacco Co.*, slip op. at 8–9, No. 99-CV-1049 (D.N.M. July 30, 2001).

- Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to J&J or Janssen. For example, the alleged misrepresentations comported with FDA-approved uses, and J&J and Janssen widely disseminated the allegedly concealed risk information. *See City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 676 (6th Cir. 2005) ("It makes logical sense that a claim based on the alleged withholding from the public of information that contradicts information publicly stated is defeated by a demonstration that the allegedly withheld information was in fact disclosed to the public."); *Standard Life & Acc. Ins. Co. v. Dewberry & Davis, LLC*, 210 F. App'x 330, 334-35 (4th Cir. 2006) (affirming dismissal since defendant disclosed information).

- Plaintiff may not recover from J&J or Janssen because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the opioid medications Janssen sold complied with, and were in conformity with, all applicable

governmental regulations and the generally recognized state of the art at the time those products were designed, manufactured, labeled and distributed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or statutes of repose, including but not limited to, the four-year statute of limitations for civil RICO claims, the two-year statute of limitations for claims based on fraud, and the three-year statute of limitations for claims of negligence, unjust enrichment, civil conspiracy (other than based on fraud), and nuisance damages. See, e.g., M.R. Civ. P. 8(C); *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987) (civil RICO); *Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 348–49 (2003) (fraud); *Bennet v. Dow Chem. Co.*, 220 Mont. 117, 120 (1986) (torts).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter to FDA, in whole or in part, pursuant to the doctrine of primary jurisdiction. An agency has primary jurisdiction over issues that, via a regulatory scheme, have been placed in that agency's special competence such that there is a paramount need for specialized agency fact-finding expertise. Plaintiff's claims are premised on the allegation that J&J and Janssen falsely represented that the opioid products they promoted for long-term treatment of chronic non-cancer pain were safe and effective for that indication. Plaintiff's allegations necessarily implicate medical and scientific issues that are outside the conventional experience of judges and particularly within FDA's expertise, discretion, and regulatory authority. Also, because FDA is actively examining the issue of whether opioids are safe and effective for the long-term treatment of chronic, non-cancer pain, there is a danger of the Court issuing rulings on Plaintiff's claims inconsistent with FDA's forthcoming findings.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law. Plaintiff's claims are premised on the allegation that J&J and Janssen falsely represented that the opioid products they promoted for long-term treatment of chronic, non-cancer pain were safe and effective for that indication. But FDA has approved these products as safe and effective for that use and separately has rejected a citizen's petition to exclude long-term use for chronic, non-cancer pain from the labeling of such products. Further, federal law authorized J&J and Janssen to promote opioid products for their FDA-approved indications. To the extent Plaintiff's claims seek to hold J&J and Janssen liable for promoting opioid products for their FDA-approved uses, the claims are preempted. Granting such relief would impede, impair, frustrate, or burden the effectiveness of federal law, including the Federal Food, Drug, and Cosmetic Act, and would violate the Supremacy Clause of the United States Constitution. Additionally, to the extent that Plaintiff's claims are based on alleged misrepresentations made to FDA, or otherwise assert that incorrect, incomplete or inaccurate information was provided to FDA, the claims are preempted by federal law. *See, e.g.*, *Mut. Pharm. Co. v. Barlett*, 570 U.S. 472 (2013); *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341 (2001); *Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff's claims are, according to the 1AC, based on conduct from as early as the 1990s. Plaintiff knew or reasonably should have known of the facts underlying its claims years ago and failed to file suit for years thereafter. J&J and Janssen have been prejudiced by Plaintiff's unreasonable delay. As a result, Plaintiff's claims are barred by laches. *See, e.g.*, Mont. Code Ann. 1-3-218; *Filler v. Richland County*, 247 Mont. 285, 290–91 (1991).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of waiver. Plaintiff's claims are, according to the 1AC, based on conduct from as early as the 1990s. Plaintiff knew or reasonably should have known of the facts underlying its claims years ago and failed to file suit for years thereafter. Plaintiff voluntarily relinquished and/or abandoned these claims and are barred from asserting them here. M.R. Civ. P. 8(C).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief in the 1AC are barred, in whole or in part, based on principles of equity. Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to J&J's and Janssen's good faith reliance on and interpretation of clinical data and medical literature, the absence of any intentional unlawful conduct, the course of Plaintiff's investigation and pursuit of these claims, and J&J and Janssen's good faith reliance on guidance for product communications published by FDA.

### EIGHTH AFFIRMATIVE DEFENSE

Any representations or statements alleged to have been made by J&J and Janssen were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all of J&J and Janssen's conduct was lawful. Facts showing J&J and Janssen's good faith, reasonable belief in the accuracy of their representations or statements include, but are not limited to, J&J's and Janssen's good faith reliance on and interpretation of clinical data, medical literature, and guidance for product communications published by FDA. J&J and Janssen's good faith and reasonable belief should be considered as a mitigating factor when assessing the amount of any civil penalties, in the event that any civil penalties are awarded.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering, in whole or in part, by the doctrine of unclean hands. Should discovery show that Plaintiff and its agents acted inequitably in responding to its alleged harms, during the course of its investigation or during this litigation, such conduct should be taken into account in assessing Plaintiff's claims and whether, and to what extent, Plaintiff is entitled to relief in this action. *See, e.g.*, *Kauffman-Harmon v. Kauffman*, 307 Mont. 45 (2001).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of estoppel. Montana institutions or agencies use and/or reimburse Janssen's opioids and are or should be aware of the risks of these opioid medications. Plaintiff knew or should have known of the facts underlying its allegations here. As a result of these actions, and other actions, statements, and conduct, Plaintiff has taken a position that is contrary to its position here, and should be equitably estopped from asserting their claims. M.R. Civ. P. 8(C).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine. The learned intermediary doctrine provides that, with respect to claims attacking the adequacy of prescription drug warnings, the duty to warn runs only from the manufacturer to healthcare professionals involved in patient treatment and making decisions related to the patient's care. Under the doctrine, there is no liability for a failure to warn patients about potential risks or complications, because the duty to warn does not run from a manufacturer of a prescription-only product to patients. A manufacturer fulfills its duty to warn when it provides an adequate warning to treating healthcare professionals, who then engage in informed consent discussions of risks and benefits with their patients. Here, J&J and Janssen provided extensive warnings to treating healthcare professionals regarding the risks and benefits of opioids. Those healthcare

professionals, in turn, had a duty to then engage in informed consent discussions with their patients. *See, e.g.*, *Stevens v. Novartis Pharm. Corp.*, 358 Mont. 474, 491–96 (2010); *Hill v. Squibb & Sons, E.R.*, 181 Mont. 199, 206–07 (1979).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sophisticated or knowledgeable user doctrine. Because of their training and experience, doctors who prescribe opioids know or reasonably should know of the potential risks. Under the sophisticated or knowledgeable user doctrine, J&J and Janssen have no duty to warn—and thus cannot be held liable for failing to warn—of risks and complications of which members of the relevant medical community knew or should have known. *Jacobson v. Colo. Fuel & Iron Corp.*, 409 F.2d 1263, 1273 (9th Cir. 1969).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by patients' informed consent. J&J and Janssen are entitled to rely on doctors to fulfill their duties to inform patients of the alleged risks of the medications at issue, and aver that patients who used the products were fully informed of the risks of using opioid medications. *Negaard v. Feda's Estate*, 152 Mont. 47, 54–56 (1968), *overruled on other grounds by Burlingham v. Mintz*, 270 Mont. 277, 280 (1995).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against J&J and Janssen are barred, in whole or in part, by the alteration, modification, misuse, illicit use, or abuse by Plaintiff or third parties of any Janssen opioid medications at issue. *See, e.g.*, Mont. Code Ann. 27-1-719(2)(b); *see also Barich v. Ottenstor*, 170 Mont. 38, 43 (1976).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more necessary and indispensable parties, including without limitation health care providers, prescribers, patients, manufacturers, distributors,

pharmacies, payors, government entities and other third parties whom Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products in Montana. These third parties have a legal interest in the subject matter of the litigation to the extent they facilitated and/or participated in the opioid misuse, abuse, and related misconduct alleged in the 1AC. Plaintiff has failed to name any such third parties as defendants, however, nor has Plaintiff alleged how, if at all, it would be infeasible to join one or more indispensable but absent parties consistent with Section 19 of the Montana Rules of Civil Procedure. Accordingly, Plaintiff's claims should be dismissed pursuant to Sections 12(h) and 19(a) of the Montana Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation, if any, was caused in whole or in part by Plaintiff's ratification of J&J's and Janssen's allegedly deceptive or misleading conduct. Facts demonstrating such ratification include, but are not limited to, Plaintiff's or its institutions' and agencies' use and/or reimbursement of Janssen's opioids despite being aware of the risks of these opioid medications.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any imposition of liability, damages, penalties or other relief against J&J or Janssen for the negligent, intentional, malicious, criminal, and/or other acts or omissions of parties or third parties not subject to J&J's and Janssen's control or authority, including but not limited to health care providers, prescribers, patients, manufacturers, distributors, pharmacies, payors, government entities and other parties and third parties, would violate J&J and Janssen's procedural and substantive due process rights under the Fourteenth Amendment to the Constitution of the United States and Article II, Sections 1, 3, 4, 17, and 29 of the Montana Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims relate to J&J and Janssen's advertising, public statements, lobbying, or other activities (including purported targeted marketing or targeting of vulnerable groups) protected by the First Amendment to the Constitution of the United States, Article II, Sections 6 and 7 of the Montana Constitution or that of any other state whose laws may apply, which protect J&J's and Janssen's rights to freedom of speech, association, and petition, such claims are barred. J&J and Janssen's participation in public discussion of any risks regarding opioid medications constitutes non-commercial speech that is fully protected under the Constitution, and for which it may not be punished. J&J and Janssen's exercise of commercial speech through marketing, advertising, and sale of the products at issue in the State of Montana is also constitutionally protected activity. J&J and Janssen's participation in or association with various scientific and health-related research programs constitutes an exercise of their constitutionally protected right of association. Finally, Plaintiff's claims are barred by the First Amendment to the United States Constitution, Article II, Sections 6 and 7 of the Montana Constitution, and the *Noerr-Pennington* doctrine to the extent they are premised on lobbying by J&J and Janssen, alleged statements or conduct by J&J and Janssen in any judicial, legislative, or administrative proceedings, of any kind or at any level of government. *See, e.g.*, *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137-38 (1961); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1183 (9th Cir. 2005).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims or, at a minimum, Plaintiff's requests for relief are barred because J&J's and Janssen's alleged misrepresentations and prescription opioid medications were not the legal or proximate cause of the purported nuisance or the alleged injuries or damages incurred by Plaintiff. Absent such causation, Plaintiff's claims cannot be sustained as a matter of law under

the laws and common law of Montana and would also violate J&J and Janssen's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Sections 1, 3, 4, 17, and 29 of the Montana Constitution. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *see also Paroline v. United States*, 572 U.S. 434, 454–55 (2014); Restatement (Second) of Torts § 430 (1965). The requisite causal connection is absent here because, in prescribing Janssen's opioid products, healthcare professionals relied on a variety of materials, information, and factors separate from J&J's and Janssen's alleged misrepresentations, if they relied upon J&J's and Janssen's marketing at all. For example, health care professionals who prescribed Janssen's opioid products had access to many sources of information about those products, including the products' FDA-approved labeling, which informed physicians of the risks and benefits of these products. Many other independent and superseding causes and/or intervening events similarly broke any causal chain and/or alone caused the claimed nuisance, injuries, or damages, including, among others, individual patients' preferences, patients' decision to fill a prescription, patients' decision whether and how to use the medication, Plaintiff's decisions whether and when to cover the drug for the particular indication and reimburse for the particular prescription, diversion of prescription opioids by independent third parties, and third-party criminal conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were the result of intervening or superseding events or conditions, including third-party conduct, which were not reasonably foreseeable and for which J&J and Janssen are not liable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the direct result of pre-existing medical conditions and/or occurred by operation of nature or as a result of circumstances over which J&J and

Janssen had and continue to have no control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against J&J and Janssen are barred or limited by the economic loss doctrine, municipal cost recovery rule, and free public services doctrine. Plaintiff alleges purely economic losses in the form of increased spending on opioid prescriptions allegedly resulting from J&J's and Janssen's challenged conduct. Plaintiff nonetheless seeks to recover these losses in tort. The economic loss rule bars any such recovery. Likewise, the municipal cost recovery rule bars Plaintiff from recovering the costs of public expenditures made in performance of government functions, including for example, the costs of addressing criminal conduct or reimbursing opioid prescriptions. Plaintiff's claims are thus barred to the extent they seek to recover costs such as these.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiff, J&J and Janssen are entitled to a credit or offset for any and all sums that Plaintiff has received, or may hereafter receive, by way of any and all settlements arising from Plaintiff's claims and cause of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained any injuries or incurred any expenses as alleged in the 1AC, Plaintiff and/or parties or entities other than J&J or Janssen, whether named or unnamed in Plaintiff's 1AC, over whom J&J and Janssen have no supervision or control and for whose actions and omissions J&J and Janssen have no legal responsibility, are responsible for 51% or more of the relevant tortious conduct. As such, at most, J&J and Janssen may only be severally liable for Plaintiff's economic and non-economic injuries or expenses. Mont. Code Ann. §§ 27-1-703, 27-1-705.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained any injuries or incurred any expenses as alleged in the 1AC, such damages, if any, shall be diminished in the proportion to which culpable conduct attributable to Plaintiff caused the damages. Mont. Code Ann. § 27-1-702.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate any damages allegedly sustained due to any purported finding that there were funds disbursed or costs paid for opioids or injuries related to opioid medications that would not have allegedly otherwise occurred. Among other things, while aware of the risks of opioid medications, Plaintiff failed to take adequate steps to monitor or limit any alleged wrongful opioid prescribing or use.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for J&J and Janssen's conduct that was not actionable at the time it occurred, Plaintiff's claims are barred because they violate J&J and Janssen's procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution and Article II, Sections 1, 3, 4, 17, and 29 of the Montana Constitution and J&J and Janssen's right to be free from retroactive or ex post facto laws as guaranteed by Article I, Section 10 of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

J&J and Janssen's rights under the Due Process Clause of the United States Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by any use by Plaintiff of a private contingency fee counsel in this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims as set forth in the 1AC are barred in whole or in part because the application of Montana law to conduct in other states or countries would violate the Dormant Commerce Clause of the United States Constitution. Such laws, facially and as applied to the alleged conduct at issue, would impose a burden on interstate commerce that is clearly excessive in relation to the putative local benefits. *See, e.g.*, *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 615 (9th Cir. 2018).

## THIRTIETH AFFIRMATIVE DEFENSE

The imposition of civil monetary penalties in this action would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article II, Section 22 of the Montana Constitution. The civil penalties sought by Plaintiff are grossly disproportional to the gravity of J&J and Janssen's purported conduct and thereby unconstitutional. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The imposition of civil monetary penalties or punitive damages in this action would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution or Article II, Section 22 of the Montana Constitution. Due process requires that J&J and Janssen have fair notice that specific conduct may subject them to substantial penalties of punitive damages awards. Given the malleable nature of Plaintiff's claims, the scope of the allegations, and the indeterminate and ad hoc nature of some of its theories of liability, any award of civil penalties or punitive damages would violate due process. Moreover, to the extent liability is based on the supposed inapplicability of the learned intermediary doctrine, due process bars Plaintiff's claims because J&J and Janssen are entitled to reasonable reliance on the law as it stands.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiff, any punitive damages award may only be awarded after consideration of any and all punitive damages awards in other cases involving the same acts or course of conduct. Mont. Code Ann. § 27-1-221.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiff, any punitive damages award may not exceed the lesser of $10 million or 3% of the J&J's or Janssen's net worth. Mont. Code Ann. § 27-1-220.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

In the unlikely event that J&J or Janssen are found liable to Plaintiff, any damages must be set off against the benefits to Plaintiff as a result of J&J and Janssen's lawful activity and the net benefits bar any claims against J&J and Janssen.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the 1AC are barred and/or reduced under the doctrines of assumption of risk, contributory or comparative negligence, contributory or comparative fault, proportionate responsibility, and coming to the nuisance.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify or otherwise reimburse Plaintiff from a collateral source for any part of any economic loss, or by any portion of the asserted damages that were in fact borne by third parties. Mont. Code Ann. §§ 27-1-306, 27-1-307.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

J&J and Janssen's liability, if any, will not result from their conduct but is solely the

result of an obligation imposed by law, and thus J&J and Janssen are entitled to complete indemnity, express or implied, by other parties.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a state county or municipality.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of standing; Plaintiff has no *parens patriae* or other authority to bring the claims alleged.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are too speculative and remote to serve as a legal basis for any recovery.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery of attorney's fees under any applicable provisions of law, including but not limited to Section 25-10-301 of the Montana Rules of Civil Procedure.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to comply with the requirement that it identify each patient in whose claim(s) Plaintiff has a subrogation interest.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the constitutional principles of separation of powers.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The legal rules underlying Plaintiff's claims, including but not limited to the Montana public nuisance standard and the Racketeering Influenced and Corrupt Organizations Act, are unconstitutionally vague. *See, e.g.*, *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012).

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Any claim that J&J and Janssen failed to sufficiently warn consumers of risks associated with the products at issue is barred on the grounds that such a risk was well-known and readily apparent to prescribing physicians. *See, e.g.*, Mont. Code Ann. 27-1-719; *Jackson v. Coast Paint & Lacquer Co.*, 499 F.2d 809, 811–12 (9th Cir. 1974); Restatement (Second) of Torts § 402A, Comment j.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because J&J and Janssen used standards, methods, and techniques that conformed to the generally recognized state of the art at the time the products at issue were designed, manufactured, labeled, and distributed.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred, in whole or in part, by the unavoidable risk rule of Restatement (Second) of Torts § 402A, Comment k.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of derivative injury and the remoteness doctrine.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's public nuisance claims are barred because the alleged public nuisances have

impermissibly extraterritorial reach.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's misrepresentation claims are barred, in whole or in part, because J&J and Janssen cannot be held liable for opinion statements.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages are subject to applicable statutory and common law limitations. *See, e.g.*, Mont. Code Ann. § 27-1-302.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

J&J and Janssen have insufficient knowledge or information upon which to form a belief as to whether either or both of them have additional, as yet unstated, separate defenses available. Therefore, J&J and Janssen expressly reserve the right to assert additional separate defenses in the event that discovery indicate that such defenses would be appropriate.

### <u>DEMAND FOR JURY TRIAL</u>

J&J and Janssen hereby demand a trial by jury of all issues so triable.

Dated: July 26, 2019                         Respectfully submitted,

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, a copy of the foregoing **JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICALS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT AND JURY DEMAND** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: July 26, 2019

Respectfully submitted,

/s/ Charles C. Lifland
_____
Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*