# EXHIBIT 13



ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

March 11, 2019

Andrew J. O'Connor
T +1 617 235 4650
andrew.o'connor@ropesgray.com

**BY E-MAIL**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113

Re:   *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
      Jurisdictional Discovery on Mallinckrodt plc

Dear Special Master Cohen:

Mallinckrodt plc respectfully submits this letter to join in full the legal arguments advanced in Teva Pharmaceuticals Industries, Ltd.'s reply letter to you, dated March 11, 2019, regarding Plaintiffs' request to take jurisdictional discovery on foreign entities. We write separately to offer two additional observations specific to Mallinckrodt plc.

First, Plaintiffs argue the that Mallinckrodt plc is subject to the Court's specific jurisdiction because it "sells opioids in the United States." *See* Pls. Ltr. at 11. Not true. As made clear in the Alasdair Fenlon affidavit, Mallinckrodt plc does not sell opioids in the United States—period. Although Plaintiffs cite Forms 10-K that refer generally to the parent and subsidiaries as "we," none of those allegations is made in the Complaint. Nor would such allegations establish a *prima facie* case of personal jurisdiction. In fact, the Sixth Circuit has held that "vague pronouncements" and loose references in financial filings or public statements—just like those cited by Plaintiffs—are not sufficient to exercise personal jurisdiction over a parent company based on the conduct of its subsidiary. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274-75 (6th Cir. 1998). Where a plaintiff offers no "factual basis for its allegations," the Court should deny its request for jurisdictional discovery. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *Cent. States, Se.& Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or *prima facie* showing of personal jurisdiction before discovery should be permitted.").

Second, Plaintiffs insist that Mallinckrodt plc "has so disregarded the corporate form of its U.S. subsidiary, Mallinckrodt LLC, that the two companies should be treated as one," but again provide no meaningful support for their assertion. *See* Pls. Ltr. at 11. Plaintiffs do not plead this theory in their Complaint, and even now, do not cite a single case in which a court has held that there was

2

personal jurisdiction over a parent corporation in the circumstances presented here.  Indeed, nothing in the Complaint or in Plaintiffs' letter brief undermines the *undisputed facts* set forth in the affidavit of Alasdair Fenlon: Mallinckrodt plc has no employees, offices, or registered agents in Ohio, and it is not a DEA registrant authorized to manufacture, market, or sell opioids in Ohio, the United States or elsewhere.  In short, it has no relevant contacts with the forum—that is, Ohio—whatsoever.

Accordingly, Mallinckrodt plc respectfully submits that Plaintiffs are not entitled to jurisdictional discovery before a decision on the pending motion to dismiss.  In the spirit of cooperation and to avoid burdening you with further disputes, Mallinckrodt plc provided responses to Plaintiffs' discovery requests regarding certain jurisdiction-related issues only on March 8, 2019, and respectfully submits that no further responses should be required.

Sincerely,

*/s/Andrew O'Connor*

Andrew J. O'Connor