# EXHIBIT 18

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| INVESTORS ASSET ACQUISITION, LLC, a Delaware limited liability company, et al., ACR ACQUISITION, LLC, a Delaware limited liability company, et al., | CASE NO. 2014CA004618XXXXMB AD *(consolidated with Case 2014CA005592XXXXMB AD)* |
| Plaintiffs, | |
| v. | |
| ANGELO S. SCARDINA, CHARLES M. SCARDINA, CHERYL SCARDINA, MITCHELL A. SHERMAN and THE SHERMAN LAW GROUP, | |
| Defendants. | |
| _____/ | |
| CIVIC DEVELOPMENT, GROUP, LLC, a Florida limited liability company, PRINCIPAL DEVELOPMENT GROUP, LLC, a Florida limited liability company, et al, | CASE NO. 2014CA005592XXXXMB AD *(consolidated with Case 2014CA004618XXXXMB AD)* |
| Plaintiffs, | |
| v. | |
| RAMZI AKEL and CATERINA AKEL, | |
| Defendants. | |
| _____/ | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALEX FAHEY'S EXPERT TESTIMONY

**THIS CAUSE** came for hearing before the Court on Plaintiffs' Motion in Limine to Exclude Alex Fahey's Expert Testimony [DE #476]. The Court has reviewed and considered the Motion and Responses, all memorandum of law and citations of legal authority, argument of counsel, and is otherwise fully advised in the premises.

Mr. Fahey has been proffered by the Scardinas as a Certified Public Accountant ("CPA") expert to opine as to damages allegedly sustained as a result of disputes regarding ownership and

*Investors Asset v Scardina*
*Case No. 2014CA4618 and 2014CA5592*
*Order on Plaintiff's Motion in Limine on Alex Fahey*
Page 2 of 7

management of various entities. Plaintiffs' Motion seeks to exclude portions of Mr. Fahey's testimony.

At the time of hearing on this Motion, the deposition of the Scardinas' CPA expert, Alex Fahey, had not been taken. The Court was not provided Mr. Fahey's Curriculum Vitae or any details of his education, training, experience or licensing in any particular area of expertise to evaluate his qualifications to give any opinions, other than an indication Mr. Fahey is a certified public accountant. The Court was not provided a signed report of Mr. Fahey, or answers to interrogatories under oath, that detail his opinions. The parties all requested the court to evaluate this Motion in Limine to Exclude Alex Fahey's Expert Testimony based upon the July 6, 2016 Summary of his Opinions. Because of the lack of specific sworn testimony to evaluate, the Court is not able to make many specific rulings on discrete testimony, opinions and issues that may be offered or presented at trial by Mr. Fahey. However, based upon the legal authority, argument and record presented at the Hearing, the Court does hereby,

**ORDER AND ADJUDGE** as follows:

1. The Court will rely upon traditional contract construction in evaluating the evidence presented regarding any claim for net profits under the Consulting Agreement. The Court will not re-write the parties contract(s) to substitute "fair market value" of properties for "net profit" within contract(s). If the unambiguous, express terms of the contract call for net profits, then that is the measure of damages that must be proven if liability is found. This applies to Mr. Fahey's opinions regarding loss of net profits under the Consulting Agreement at issue.

*Investors Asset v Scardina*
*Case No. 2014CA4618 and 2014CA5592*
*Order on Plaintiff's Motion in Limine on Alex Fahey*
*Page 3 of 7*

2. The Court finds that Mr. Fahey's contention that his opinions are stated "within a reasonable degree of accounting probability" is not sufficient to supply a reliable methodology. An expert witness may testify only if his or her testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and reliably applies those principles and methods to the facts of the case. Florida Statute §90.702. Appellate courts have found that the generally accepted accounting and auditing standards for CPAs in this country are promulgated by the American Institute of Certified Public Accountants ("AICPA") or other legally recognized entities for specific accounting standards, tax laws, or similar regulations regarding accounting standards and practices. See for one example, United States v. Arthur Young & Co., 465 U.S. 805, n. 6-8 (1984).

The Court does not find Mr. Fahey, or any CPA's, expert opinions to "a reasonable degree of accounting probability", *standing alone*, as an acceptable standard for opinions in this case at trial. The only legal authority offered for "reasonable degree of accounting probability" as an acceptable standard is in a footnote reference to testimony without an expressed decision on the acceptability of that standard in U.S. v. Everglades College, 2014 W.L. 5139301 (U.S. Dist. Court, S.D. Florida August 14, 2014). Mr. Fahey's opinions regarding the propriety of tax returns, entries on tax returns, the significance and meaning of information in tax returns, the proper preparation of tax returns given financial facts, treatment of certain tax items, resulting tax liabilities, and other testimony within a CPA's area of practice must be grounded on acceptable accounting standards recognized in the law. The

*Investors Asset v Scardina*
Case No. *2014CA4618* and *2014CA5592*
Order on Plaintiff's Motion in Limine on Alex Fahey
Page 4 of 7

Court recognizes that Mr. Fahey wants to offer opinions on the measurement of "Net Profits of the Business Options". *If* Mr. Fahey is permitted to give those opinions at trial, such opinions must be given to a reasonable degree of accounting probability *based upon* Mr. Fahey applying acceptable accounting standards recognized in the law.

3. Mr. Fahey's July 6, 2016 Report with his Summary of Opinions purports to calculate sums allegedly owing to Angelo Scardina under the theory that Angelo Scardina received no consideration for the transfer of his interests in certain entities. Mr. Fahey appears to calculate these sums by determining the alleged fair market value of the entities at roughly the present time, or at other randomly selected times. This portion of Mr. Fahey's testimony fails to apply a reliable methodology, because Mr. Fahey failed to determine the fair market value at the time of the alleged transfer, loss or breach in relation to those entities, as is required under Florida law. Damages for loss of an interest in a company should be measured at the time of the transfer, loss or breach at issue. If the time of the transfer, loss or breach is a disputed issue of the case, then a jury may have to determine that date, and any opinion as to damages measured as of that date determined by the jury. *See* In re Corbin's Estate, 391 So. 2d 731, 733 (Fla. 3d DCA 1980); Lake Region Paradise Island, Inc. v. Graviss, 355 So.2d 341 (Fla. 2nd DCA 1976).

4. The parties have agreed that Mr. Fahey is qualified to give some of the opinions before the jury as outlined in his July 6, 2016 Summary of Opinions, even if the parties do not agree with those opinions. However, the Court is not deciding herein

*Investors Asset v Scardina*
*Case No. 2014CA4618 and 2014CA5592*
*Order on Plaintiff's Motion in Limine on Alex Fahey*
*Page 5 of 7*

whether Mr. Fahey is qualified as a CPA to render any of the other opinions not agreed upon, such as the value of real property or value of a real estate development business, price of land, or loss of future profits from a residential community development. The Court is also not deciding whether Mr. Fahey is qualified to render opinions regarding the underlying "facts" that were reported on any tax returns (although he may be qualified to testify on the impact of an item reported on a tax return, if any, if relevant), what percentage of shares any individual holds in any entity, the validity of any contract or agreement.

An expert cannot simply be a conduit for opinions of other experts. If relying on another experts' opinion, Mr. Fahey must use that other experts' opinion as a basis for an acceptable opinion of Mr. Fahey within his area of expertise.

An expert must provide opinion testimony to the trier of fact that would assist the trier of fact in understanding complex or unfamiliar concepts or documents that may apply in this case. Mr. Fahey may have the required expertise to assist the trier of fact regarding financial information from tax returns, financial statements, bank records or any other sources *if* extracting this financial information requires some degree of expertise from a CPA or individual with Mr. Fahey's qualifications. This lawsuit does involve complex financial transactions through many corporations that could lend itself to expert testimony from Mr. Fahey or other similarly qualified experts on certain issues presented to the trier of fact. However, Mr. Fahey's expert opinions must be relevant to an issue raised in the pleadings that is not within the normal understanding and experience of lay persons, that would assist the jury in

*Investors Asset v Scardina*
*Case No. 2014CA4618 and 2014CA5592*
*Order on Plaintiff's Motion in Limine on Alex Fahey*
Page 6 of 7

organizing and identifying relevant facts, and the meaning of the facts within financial documents and tax returns, without the expert testifying what are the underlying "facts" where the expert does not have personal knowledge. If another party attempts to rely upon the tax return or other financial document as relevant to a fact or issue to be tried, then that may open the door to allow Mr. Fahey or a similarly qualified expert to testify in response or rebuttal within his area of expertise.

5. It appears that many of Mr. Fahey's opinions in the July 6, 2016, Summary of Opinions may be relevant only after the trier of fact has decided preliminary issues, such as regarding rescission, and percentage of ownership of shares by the Defendants in various entities. Mr. Fahey's qualifications to give these proposed damage opinions, and how these proposed damage opinions based upon several contingencies will be presented to the jury, must be determined at the time of trial.

Therefore, the Akel party's Motion in Limine to Exclude Alex Fahey's Expert Testimony is GRANTED in part and DENIED in part as outlined above.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida this 27 day of January, 2017.

_____
GREGORY M. KEYSER, Circuit Judge

Copies furnished:

Robert S. Hackleman, Esq.
Hackleman, Olive & Judd, P.A.
2426 E. Las Olas Boulevard
Fort Lauderdale, FL 33301
rhackleman@hojlaw.com

Steven M. Katzman, Esq.
Katzman, Wasserman, Bennardini,&
 Rubinstein, P.A.
7900 Glades Road, Suite 140
Boca Raton, FL 33434

*Investors Asset v Scardina*
*Case No. 2014CA4618 and 2014CA5592*
*Order on Plaintiff's Motion in Limine on Alex Fahey*
*Page 7 of 7*

hbardunias@hojlaw.com
mdaugherty@hojlaw.com

smk@kwblaw.com
car@kwblaw.com
mrm@kwblaw.com

Gerald F. Richman, Esq.
Richman Greer, P.A.
One Clearlake Centre, Ste. 1504
250 Australian Avenue South
West Palm Beach, FL 33402
grichman@richmangreer.com
gbetensky@richmangreer.com
lmetz@richmangreer.com
cfeld@richmangreer.com
lsabatino@richmangreer.com

Isaac Mitrani, Esq.
Mitrani, Rynor, Adamsky & Toland, P.A.
301 Arthur Godfrey Road
Penthouse Suite
Miami Beach, FL 33140
imitrani@mitrani.com
ctenn@mitrani.com
pchamberlin@mitrani.com
bdelatorre@mitrani.com