UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| *County of Summit, et al. v. Purdue Pharma L.P., et al.*; Case No. 1:18-op-45090[1] | |

# PLAINTIFFS' CORRECTED OPPOSITION TO MALLINCKRODT PLC'S MOTION TO STRIKE DECLARATION OF ALEC FAHEY

July 27, 2019

---

[1] While Mallinckrodt plc's original Motion (Dkt. No. 1266) was brought against only Summit, now this motion has been extended to apply to all of Track 1.

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................... 1

II.    ARGUMENT .................................................................................................... 4

    A.    Mr. Fahey's Declaration Provides Important and Admissible Information. ......... 4

    B.    Mr. Fahey's Declaration is Timely. .................................................................. 5

    C.    Defendant Has Failed to Establish any Undue Prejudice ..................................... 7

    D.    Mr. Fahey is Qualified to Submit a Declaration. ................................................ 11

    E.    Mr. Fahey's Declaration is Accurate ................................................................ 12

    F.    Fahey's Declaration Should Not Be Excluded Under *Daubert* or Fed. R. Civ. P. 37(c). ................................................................................................... 14

    G.    The Cases Mallinckrodt Cites Do Not Warrant Striking Mr. Fahey's Declaration. ...................................................................................................... 17

III.   CONCLUSION ................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bd. of Trs., Sheet Metal Workers' Nat'l  Pension Fund v. Palladium Equity Partners, LLC,*
  722 F. Supp. 2d 845(E.D. Mich. 2010) ................................................................................ 16

*Beaudette v. Louisville Ladder, Inc.,*
  462 F.3d 22 (1st Cir. 2006) ................................................................................................... 8

*Carrier Corp. v. Outokumpu Oyj,*
  673 F.3d 430 (6th Cir. 2012) ............................................................................................... 13

*Chicago Ins. Co. v. Capwill,*
  No. 3:01 CV 2588, 2009 WL 3063351 (N.D. Ohio, Sept. 21, 2009) ..................................... 17

*David E. Watson, P.C. v. United States,*
  668 F.3d 1008 (8th Cir. 2012) ............................................................................................. 14

*Davis v. Combustion Eng'g, Inc.,*
  742 F.2d 916 (6th Cir. 1984) ............................................................................................... 15

*Deal v. Hamilton Cty. Bd. of Educ.,*
  392 F.3d 840 (6th Cir. 2004) ............................................................................................... 14

*Esposito v. Home Depot U.S.A., Inc.,*
  590 F.3d 72 (1st Cir. 2009) ................................................................................................... 7

*FTC v. BurnLounge, Inc.,*
  753 F.3d 878 (9th Cir. 2014) ............................................................................................... 14

*Gould v. JPDI,*
  No.: 83-10899 CA 32, (Fl. Cir. Ct. Mar. 9, 2006) ................................................................ 4

*Grayiel v. AIO Holdings LLC,*
  2019 WL 2372901 (W.D. Ky. 2019) .................................................................................... 15

*Howe v. City of Akron,*
  801 F.3d 718 (6th Cir. 2015) ................................................................................................. 8

*In re Commercial Money Ctr., Inc.,*
  737 F. Supp. 2d 815 (N.D. Ohio 2010) ................................................................................ 14

*Keats v. United States,*
  865 F.2d 86 (6th Cir. 1988) ................................................................................................. 15

*Kerry Steel, Inc. v. Paragon Indu., Inc.,*
  106 F.3d 147 (6th Cir. 1997) ............................................................................................... 13

*Lim v. Miller Parking Co.,*
  526 B.R. 202 (E.D. Mich. 2015) .......................................................................................... 15

*MAG IAS Holdings, Inc. v. Schmückle,*
  854 F.3d 894 (6th Cir. 2017 ................................................................................................. 13

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Michigan Nat'l Bank v. Quality Dinette, Inc.*,
    888 F.2d 462 (6th Cir. 1989) ........................................................................ 14

*Morel v. Daimler-Chrysler Corp.*,
    259 F.R.D. 17 (D.P.R. 2009) ........................................................................ 8

*Reliance Ins. Co. v. La. Land & Expl. Co.*,
    110 F.3d 253 (5th Cir. 1997) ........................................................................ 8

*Roberts ex rel. Johnson v. Galen of Va., Inc.*,
    325 F.3d 776 (6th Cir.2003) ........................................................................ 8

*Roper v. Sec'y of Health and Human Servs.*,
    769 F. Supp. 243 (N.D. Ohio 1990)............................................................ 15

*Serras v. First Tennessee Bank Nat. Ass'n.*,
    875 F.2d 1212 (6th Cir.1989) ...................................................................... 9

*Shough v. Mgmt. & Training Corp.*,
    No. 3:16 CV 53, 2018 WL 295576 (N.D. Ohio, Jan. 3, 2018), ................... 18

*Smith v. Comm'r of Internal Revenue.*,
    937 F.2d 1089 (6th Cir. 1991) .................................................................... 15

*Smith v. Holston Medical Group, P.C.*,
    595 Fed. App'x 474 (6th Cir. 2014) ............................................................. 8

*SmithKline Beecham Corp. v. Apotex Corp.*,
    247 F. Supp. 2d 1011 (N.D. Ill. 2003) ...................................................... 14

*Tharo Sys. Inc. v. Cab Produkttechnik GMBH*,
    196 Fed. App'x 366 (6th Cir. 2006) ........................................................... 15

*Theunissen v. Matthews*,
    935 F.2d 1454 (6th Cir. 1991) ...................................................................... 9

*United States v. Bray*,
    139 F.3d 1104 (6th Cir. 1998) ................................................................. 2, 5

*United States v. Brown*,
    415 F.3d 1257 (11th Cir. 2005) ................................................................. 14

*United States v. Distler*,
    671 F.2d 954 (6th Cir. 1981) ...................................................................... 16

*United States v. Flores*,
    901 F.3d 1150 (9th Cir. 2018) .................................................................... 14

*Vance v. United States*,
    No. 98–5488, 1999 WL 455435 (6th Cir. June 25, 1999) ............................ 8

*Welsh v. Gibbs*,
    631 F.2d 436 (6th Cir.1980) ...................................................................... 10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Rules**

Fed. R. Civ. P. 37(c). .................................................................................................................... 8

**Other Authorities**

*Drilling Into the DEA's Pain Pill Database,*
   Wash. Post. (July 21, 2019) ...................................................................................................... 1

Meg Tirrell, *One Opioid Drugmaker's Solution to Billions of Potential Liabilities: Spin*
   *Them Out into New Company*, CNBC (July 23, 2019 6:00 A.M),
   https://www.cnbc.com/2019/07/22/one-opioid-drugmakers-solution-to-potential-
   liabilities-spin-them-out.html......................................................................................................... 1

# I.    INTRODUCTION

Mallinckrodt plc, though its U.S. opioids businesses, manufactured more than 1.7 billion opioids pills that were sold in Ohio between 2006 and 2012 alone,[2] more than two times the amount of the next-most-prolific manufacturer. During that same six-year period, more than 200 million Mallinckrodt opioids pills were sold in Summit and Cuyahoga Counties, far more than any other manufacturer.[3] Mallinckrodt plc's ("Mallinckrodt's") own documents establish that it took more than $18 billion from the proceeds of sales of opioids in the U.S.[4] Despite taking billions of dollars from their opioids sales in the U.S., Mallinckrodt is now attempting to create a new entity that would be saddled with the legal liabilities related to its opioids business,[5] all while Mallinckrodt is attempting to persuade this Court that Mallinckrodt is not subject to personal jurisdiction in Ohio.

In the face of substantial evidence—far more than the required *prima facie* case— establishing that this court has jurisdiction over it, Mallinckrodt is asking the Court to strike the Declaration of Plaintiffs' forensic accounting witness, Alec Fahey, with the apparent hope that

---

[2] *Drilling Into the DEA's Pain Pill Database,* Wash. Post. (July 21, 2019), https://www.washingtonpost.com/graphics/2019/investigations/dea-pain-pill-database/?utm_term=.647b76beb86e.

[3] *See* data for Summit and Cuyahoga Counties from *supra* note 2, attached as Ex. 1.

[4]  Declaration of Alec Fahey, CPA ("Fahey Dec.") (Dkt. No. 1812-19), at 14.

[5] *See* Mallinckrodt Inc., Amendment No. 2 to Annual Report (Form 10-K), at 121-122 (June 27, 2019). Ex. 2 Under the contemplated transaction, Mallinckrodt's generics business would be moved to a new subsidiary and then spun off as a publicly traded company. Mallinckrodt has publicly asserted that through this transaction it can insulate the vast bulk of its assets (the non-generics business) from opioid-related liabilities. *See* Meg Tirrell, *One Opioid Drugmaker's Solution to Billions of Potential Liabilities: Spin Them Out into New Company*, CNBC (July 23, 2019 6:00 A.M), https://www.cnbc.com/2019/07/22/one-opioid-drugmakers-solution-to-potential-liabilities-spin-them-out.html. Ex. 3. But these liabilities – which include liabilities expressly assumed by Mallinckrodt in its 2013 transaction with Covidien PLC – cannot be sequestered through a corporate restructuring.  Mallinckrodt's opioids-related liability today attaches to all of its assets, and that will continue to be the case after the contemplated spinoff, notwithstanding Mallinckrodt's attempts to avoid it.

doing so would undercut the case for jurisdiction over it. Defendant is wrong. The allegations in the relevant Complaints, along with the factual evidence filed in support of Plaintiffs' Opposition to Mallinckrodt's Motion to Dismiss for Lack of Personal Jurisdiction, more than satisfy Plaintiffs' slight burden at this stage of the proceedings, and would meet any standard including plausibility and preponderance of the evidence.[6]

Mr. Fahey's Declaration (Dkt. 1812-19) marshals facts set forth in Defendant's documents and from other publicly available sources, and it attaches those primary documents as exhibits. In addition, Mr. Fahey's Declaration includes four charts, which summarize voluminous data. Such charts are admissible as substantive evidence under Federal Rule of Evidence 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."); *see also United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998) ("In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder."). None of these portions of Mr. Fahey's Declaration are subject to any disclosure deadlines and Defendant has failed to set forth any basis for excluding them.

With respect to the opinions set forth in Mr. Fahey's Declaration, which are few, Defendant has failed to carry its burden for striking them on timeliness, undue prejudice, or *Daubert* grounds. First, as detailed below, Mr. Fahey's Declaration was timely filed given the circumstances particular to this Defendant, which refused to accept service of complaints until January 2019 and refused to provide a single document in discovery until April 2019—well after the expert disclosure deadlines for Case Track One ("CT1") cases.  Second, the Court accepting Mr. Fahey's Declaration works no undue prejudice to Mallinckrodt. Mr. Fahey's testimony is

---

[6] For a more fulsome discussion of why this Court has personal jurisdiction over Mallinckrodt plc, see Plaintiffs' Opp. to Mallinckrodt plc's Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. no.1717 (refiled as Dkt. No. 1812 per Order of Court Dkt. No. 1819).

based entirely on facts well-known to Mallinckrodt. Moreover, Mallinckrodt's primary complaints about prejudice are that they have not been permitted yet to take Mr. Fahey's deposition or to rebut his Declaration. As the Court noted, on this threshold motion, discovery is limited. Mallinckrodt has refused to answer any interrogatories and failed to make any witnesses available for deposition. It has provided only limited documents in a handful of categories—far less than what Plaintiffs requested and would otherwise be entitled to receive. In addition, Defendant made the strategic decision not to ask Plaintiffs to make Mr. Fahey available for deposition. Instead, Plaintiffs learned for the first time that Mallinckrodt wanted to take Mr. Fahey's deposition when Mallinckrodt complained to the Court on July 2, 2019. O'Connor Decl., Ex. F (Dkt. No. 1836-8).

Moreover, Mallinckrodt has had ample opportunity to rebut statements in Mr. Fahey's declaration and has, in fact, submitted three affidavits of rebuttal witnesses, none of whom have been made available for Plaintiffs to depose. All of these witnesses hold positions with more than one Mallinckrodt entity and two of whom are officers of both Mallinckrodt plc and Mallinckrodt's U.S. opioids businesses, Mallinckrodt LLC and SpecGx LLC.[7] *See* Dec. of John Einwalter (Dkt. No. 1835-5) (currently serving simultaneously as "Vice President and Treasurer of Mallinckrodt plc, Mallinckrodt LLC, and SpecGx LLC") and Dec. of Stephanie D. Miller (Dkt. No. 1835-7) (currently serving simultaneously as "Vice President and Corporate Secretary for Mallinckrodt LLC, SpecGx LLC, and numerous other Mallinckrodt Pharmaceutical corporate entities").

Finally, Mallinckrodt's *Daubert* argument is that Mr. Fahey's Declaration infringes the fact finder's province. It does not. Mr. Fahey provides context and guidance through complex

---

[7] These affidavits further support this Court exerting personal jurisdiction over Mallinckrodt: common officers are a key point for establishing alter ego relationship.

and sometimes opaque financial relationships and transactions, which context would assist the Court in making determinations relevant to the Motion to Dismiss.

In short, Mallinckrodt has failed to carry its burden to establish a basis for its Motion to Strike Mr. Fahey's Declaration and the motion should be denied.

## II.    ARGUMENT

### A.    Mr. Fahey's Declaration Provides Important and Admissible Information.

Mr. Fahey is a Certified Public Accountant, a Certified Fraud Examiner, and Certified in Financial Forensics. Fahey Dec. at 2. He was over 26 years of experience in forensic accounting, including financial and accounting investigations. *Id*. Mr. Fahey has conducted financial investigations outside of litigation and in connection with litigation, including relating to issues of alter ego, sham transactions, corporate schemes, tax fraud, and other fraudulent transactions. *Id*. He has testified in trial as an expert regarding issues of corporate alter ego, corporate interdependence, and dominance and control of a corporation. *See, e.g.*, *Gould v. JPDI*, No.: 83-10899 CA 32, Order on Proceedings Supplementary to Execution, (Fl. Cir. Ct. Mar. 9, 2006) at 4-5, attached as Ex 4.

Mr. Fahey's Declaration marshals facts derived from multiple categories of documents, almost all of which are Mallinckrodt documents, including Mallinckrodt's filings with the Securities and Exchange Commission, general ledger, tax returns, deposition transcripts, secretary of state filings, and other internal Mallinckrodt documents. Many of the documents cited in Mr. Fahey's Declaration are attached, in whole or in relevant part, as exhibits to his Declaration. The facts set forth relate to Mallinckrodt's corporate history, management structure, organizations structure, common officers and employees, shared facilities, and the flow of money within the Mallinckrodt businesses. Every fact set forth in the Declaration is well-known to Mallinckrodt and was well-known to it long before Mr. Fahey's Declaration was filed.

-4-

Mr. Fahey's Declaration also includes four charts: Cash Flows from the U.S. Opioids Business; Disposition of Cash Controlled by Mallinckrodt plc, Mallinckrodt plc Sources of Cash October 2013 through December 2018, and Mallinckrodt plc Uses of Cash, October 2013 Through 2018. These charts summarize voluminous data, which is cited in the Declaration and is from Mallinckrodt's own documents. These charts are the type that are admissible under Federal Rule of Evidence 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."). Moreover, this type of chart would be admissible as substantive evidence. *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998) ("In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder.").

The facts, documents, and summary charts presented in Mr. Fahey's Declaration are relevant to the Court's determination of Mallinckrodt's Motion to Dismiss.

### B.    Mr. Fahey's Declaration is Timely.

To assess the timeliness of the filing of Mr. Fahey's Declaration, it is instructive to consider the relevant background and timing. Due in large part to Mallinckrodt's attempts to evade service and refusal to provide discovery, the case against Mallinckrodt has been significantly delayed.

| Date | Event |
|---|---|
| April 11, 2018 | Court issued Order staying service on foreign defendants ("Service on a foreign corporation is suspended until further order of the Court." Paragraph 6.d of CMO #1, Dkt. No. 232). |
| May 18, 2018 | CT1 Plaintiffs sued Mallinckrodt plc. |
| July 3, 2018 | Plaintiffs requested that Mallinckrodt plc accept service of a group of federal complaints, not including CT1 plaintiffs, Ex.5. |

| Date | Event |
|---|---|
| **August 2, 2018** | Mallinckrodt plc refused to accept service of these complaints, Ex.6. |
| **October 15, 2018** | Plaintiffs again requested that Mallinckrodt plc accept service, including CT1 cases, Ex.7. |
| **October 18, 2018** | Mallinckrodt (again) refused to accept service, Ex. 8. |
| **October 25, 2018** | Initial deadline for CT1 fact discovery. |
| **January 11, 2019** | Mallinckrodt plc agreed to accept service of CT1 complaints, Ex.9. |
| **January 17, 2019** | Mallinckrodt plc moved to dismiss CT1 complaints (Dkt. No. 1266). |
| **January 25, 2019** | Plaintiffs propound personal jurisdictional discovery, Ex.10. |
| **January 25, 2019** | Deadline for CT1 30(b)(6) and fact depositions (per CMO 7). |
| **March 4, 2019** | Mallinckrodt plc refused to respond to personal jurisdiction discovery, Ex.11. |
| **March 8, 2019** | Mallinckrodt objections to discovery, Ex.12. |
| **March 11, 2019** | Mallinckrodt plc refused to respond to personal jurisdiction discovery, Ex.13. |
| **March 25, 2019** | Deadline for Plaintiffs' expert disclosures in CT1 cases. |
| **April 5, 2019** | After intervention by Special Master Cohen and an agreement of the parties, Mallinckrodt plc begins to produce limited jurisdictional discovery, Ex.14. |
| **May 10, 2019** | Mallinckrodt plc purportedly completes limited personal jurisdiction document production, Ex.15. |
| **June 21, 2019** | Plaintiffs timely filed their opposition to Mallinckrodt plc's Motion to Dismiss, including Alec Fahey's Declaration and other supporting materials (Dkt. No. 1717). |

| Date | Event |
|------|-------|
| **July 2, 2019** | Without requesting Mr. Fahey's deposition, in one-page letter to court, Defendants complain to Court that they haven't deposed Mr. Fahey. O'Connor Decl., Ex. F. |
| **July 3, 2019** | Court says "at this time the parties have received all the discovery and extension of time they are going to get." O'Connor Decl., Ex. A. |
| **July 12, 2019** | Defendants filed motion to strike Mr. Fahey's Declaration in full.[8] |

In short, Mallinckrodt's persistent refusal to accept service of the complaints in this litigation caused substantial delays beyond the CT1 deadlines[9] for discovery and motion practice, including, necessarily, the filing of Plaintiffs' Opposition to Mallinckrodt's Motion to Dismiss and Mr. Fahey's Declaration. To the extent that delay causes any inconvenience to Mallinckrodt, it is a delay of Mallinckrodt's own making. Mallinckrodt should not now be permitted to use that delay as a basis for striking a Declaration that weighs heavily against Mallinckrodt's attempts to avoid accountability for the harm it caused.

### C.  Defendant Has Failed to Establish any Undue Prejudice

A movant making a claim of undue prejudice must support that claim with evidence. *See e.g.*, *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009); *Reliance Ins. Co. v.*

---

[8] It should also be noted that Mallinckrodt LLC, a company Mallinckrodt controls, purports to have completed its document production on July 19, 2019, well after the deadline for disclosure of Plaintiffs' experts. Moreover, due to delays in discovery, Plaintiffs disclosed an expert as late as April 15, 2019 and defendants disclosed an expert as late as June 6, 2019, and Milton Tyrrell was disclosed by the Schein Defendants on July 12, 2019.

[9] Following the resolution of the Motion to Dismiss, Plaintiffs respectfully request that the Court order the parties to meet and confer regarding a proposed schedule for preparing the claims against Mallinckrodt plc for trial in October 2019, including for disclosure of any experts, including any defense experts, and for finishing any additional necessary fact discovery. These tasks can certainly be accomplished prior to the CT1 trials in October 2019 and would not cause any delays to the trial date.

1814113.8

*La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Beaudette v. Louisville Ladder, Inc.*, 462 F.3d 22, 27 (1st Cir. 2006); *Smith v. Holston Medical Group, P.C.*, 595 Fed. App'x 474, 478 (6th Cir. 2014). Mallinckrodt has failed to do so here.

As an initial matter, although for reasons stated above, Mr. Fahey's Declaration was filed timely, it is well within the district court's discretion to allow late expert disclosures and courts routinely permit them. *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (citation and internal quotation marks omitted)("A noncompliant party may avoid sanction if there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."); *Vance v. United States*, No. 98–5488, 1999 WL 455435, at *4 (6th Cir. June 25, 1999) (noting that Rule 37(c)(1) is mandatory, but that "the rule somewhat tempers this mandate by permitting courts to excuse failures to disclose to some degree (i.e., to impose other sanctions 'in lieu of [excluding entirely]')"); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety."); *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 21–23 (D.P.R. 2009) ("The Court has discretion to admit tardily proffered expert evidence without sanctions upon a finding of substantial justification or harmlessness").

Here, Defendant complained that it is unduly prejudiced in two ways: by not being permitted to take Mr. Fahey's deposition and by not being permitted to submit a rebuttal expert report. First, Mallinckrodt never asked Plaintiffs to make Mr. Fahey available for deposition. They instead chose to wait until asked by the Court to file a summary document related to the motion and therein complain that they had not taken Mr. Fahey's deposition. O'Connor Decl., Ex. F.

Second, Mallinckrodt's complaint that it has not been permitted to rebut Mr. Fahey's assertions is not supported by the record. Along with its Reply brief, Mallinckrodt filed three affidavits[10] specifically to rebut Mr. Fahey's assertions:

- John Einwalter – Vice President and Treasurer of Mallinckrodt plc, Mallinckrodt LLC, and SpecGx, LLC (*Cf*. Fahey Dec. at 5 ("John Einwalter, Director, Vice President and Treasurer of both the Parent & various subsidiaries including Mallinckrodt LLC."));

- Alasdair John Fenlon[11] – Former Director of Finance for Mallinckrodt plc and current Director of Accounting with Mallinckrodt Pharma IP Trading DAC, whose "remit as Director of Accounting includes Mallinckrodt plc;" and

- Stephanie Miller – Vice President, Corporate Secretary & General Counsel, International for Mallinckrodt plc and Vice President and Corporate Secretary for Mallinckrodt LLC, SpecGx LLC and numerous other Mallinckrodt Pharmaceutical corporate entities. *Cf*. Fahey Dec. at 5 ("Company Secretary and Director of both the Parent & Mallinckrodt LLC").

While these affidavits are primarily focused on the margins of the evidence set forth in Mr. Fahey's Declaration, they are clearly intended to rebut Mr. Fahey's Declaration. As an initial matter, none of Defendant's quibbling should matter here because on a motion to dismiss, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n.,* 875 F.2d 1212, 1214 (6th Cir.1989); *Welsh v. Gibbs*, 631 F.2d

---

[10] Plaintiffs have not had the opportunity to take depositions of any of Mallinckrodt's affiants.

[11] This is the second affidavit of Mr. Fenlon's that Mallinckrodt has filed. The first was filed in support of its Motion to Dismiss (Dkt. No. 1266 (Ex. A-2)). Due to Mallinckrodt's blanket refusal to make any witness available for deposition, Plaintiffs have not had the opportunity to take Mr. Fenlon's deposition.

436, 439 (6th Cir.1980)). Courts have adopted this rule "in order to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts. . .." *Id.*

Several examples of this quibbling are in the Affidavit of Stephanie Miller: With respect to the slew of common officers among Mallinckrodt plc and its U.S. opioids business, Ms. Miller confirms that Marvin Haselhorst served as the Vice President of Global Tax for Mallinckrodt plc and Vice President of Mallinckrodt LLC and SpecGx LLC. Ms. Miller goes on to state that Mr. Haselhorst "has never served as a director of Mallinckrodt plc" – purporting to rebut an assertion Plaintiffs have not made. Miller Dec., Dkt. No. 1835-7 at ¶ 4. Similarly, Ms. Miller confirms that Kathleen Schaefer is the current Senior Vice President, Finance and Corporate Controller of Mallinckrodt plc, as well as President of Mallinckrodt LLC and SpecGx LLC, but also states that Ms. Schaefer "has never served as a Director of Mallinckrodt plc" – again purporting to rebut an assertion Plaintiffs have not made. *Id.* at ¶ 3.

Moreover, while primarily confirming the basic facts set forth in Mr. Fahey's Declaration, Mallinckrodt's rebuttal affidavits also include opinions. For example, Mr. Einwalter's Affidavit confirms facts set forth in Mr. Fahey's Declaration that the Mallinckrodt entities participate in centralized cash pooling, which further supports that Mallinckrodt Plc operates as a single economic entity and manages the risks of its subsidiaries' operations. But Mr. Einwalter goes further and includes his accounting opinions. For example, Mr. Einwalter opines: "The use of cash pooling is a common corporate practice that allows for efficient investment of cash at more favorable interest rates and better risk management that collectively benefits all participants in the pool." Einwalter Dec., Dkt. No. 1835-5 at ¶ 18. Mallinckrodt has not disclosed Mr. Einwalter as an expert witness.

-10-

Put simply, Mallinckrodt has had ample opportunity to rebut Mr. Fahey's Declaration with witness affidavits that include statements of (alleged) fact and opinions. Accordingly, Mallinckrodt has failed to establish any undue prejudice warranting striking Mr. Fahey's Declaration in its entirety.

In any event, prior to trial, Plaintiffs are willing to make Mr. Fahey available for deposition at the appropriate time and Plaintiffs do not oppose Mallinckrodt being permitted to disclose an expert to rebut Mr. Fahey's assertions. These tasks can certainly be accomplished well prior to the first trials set in October 2019.

>    **D.    Mr. Fahey is Qualified to Submit a Declaration.**

Mallinckrodt's claim that there is "evidence that calls into question [Mr. Fahey's] qualifications" is completely without merit. As one basis for this statement, Mallinckrodt cites a "Letter of Warning" from North Carolina's Board of Accounting from 10 years ago, implying that Mr. Fahey engaged in questionable conduct. This is untrue. As apparent from the source that Defendant cites, the "Letter of Warning" was nothing more than a letter sent to Mr. Fahey and more than 200 of his fellow North Carolina CPAs who fell behind in accumulating all of the required Continuing Professional Education hours before the 2007 year-end deadline. As also apparent from the document Defendant cites, Mr. Fahey and the other 200 North Carolina CPAs cured the deficiency and accumulated the required hours during the first six months of the 2008. *See* North Carolina State Board of CPA Examiners, Public Session Minutes dated Sept. 22, 2008, Ex. 16.; 21 NCAC 08G.0406 "Compliance with CPE Requirements."  Ex. 17.

As the sole additional basis for their attack on Mr. Fahey's qualifications, Mallinckrodt cited a 2017 Florida state court opinion that Mallinckrodt implied questioned his credentials.  It did not.  Ex. 18. In what due to the procedural context amounts to a pre-trial advisory opinion, the Florida state court specifically reserved for trial rulings regarding Mr. Fahey's qualifications

and the permissible scope of his testimony at trial. *Id.* at ¶ 4 ("The Court is not deciding herein whether Mr. Fahey is qualified as a CPA to render any of the other opinions not agreed upon, such as the value of real property or value of real estate development business, price of land, or loss of future profits from a residential community development.").  The court did take issue with one of the plaintiff's damages theory under Florida state law, specifically regarding when the fair market value of entities at issue should be measured.  The court held that Florida law required that the value should be measured at the time of the "transfer, loss or breach at issue," which time might require a jury finding, rather than at the present time as initially measured by Mr. Fahey.  *Id.* at ¶ 3. This ruling has nothing to do with Mr. Fahey's credentials and certainly does not "call[] into question his qualifications" as Defendant claims.

### E.      Mr. Fahey's Declaration is Accurate

Defendant incorrectly states that "Mr. Fahey's factual narrative is littered with inaccuracies and omissions." To buttress this argument, in its companion motion Mallinckrodt cites as an example of an alleged inaccuracy Mr. Fahey's assertion that Michael-Bryant Hicks serves as the Senior Vice President and General Counsel of both Mallinckrodt plc and Mallinckrodt LLC. Mallinckrodt stated, "[t]his is simply false."[12] Mallinckrodt goes on to say that Mr. Hicks "has never been an officer or employee of Mallinckrodt LLC." *Id.* Mallinckrodt's statement, however, contradicts the record evidence.

In 2017, to settle federal allegations that it "knew about the diversion and sold excessive amounts of the most highly abused form of oxycodone," and failed to notify the DEA of suspicious orders, Mallinckrodt plc and Mallinckrodt LLC agreed to change their conduct and to pay a fine of $35 million. The settlement was memorialized in an Administrative Memorandum of Agreement between Mallinckrodt plc, Mallinckrodt LLC, and the Drug Enforcement Agency.

---

[12] Mallinckrodt's Reply in Supp. of Mot to Dismiss at 7 (Dkt. No. 1836).

Fahey Ex. 7 (Dkt. No. 1812-26). Mr. Hicks, an attorney, signed the agreement as Senior Vice President and General Counsel of <u>both</u> Mallinckrodt plc and Mallinckrodt LLC.

> federal court of competent jurisdiction. This provision, however, shall not be construed as a waiver of the jurisdictional provisions of the Controlled Substances Act, as amended.
>
> IN WITNESS WHEREOF, the Parties hereto have duly executed this Administrative Memorandum of Agreement.
>
> On Behalf of Mallinckrodt:
>
> MICHAEL-BRYANT HICKS
> Senior Vice President and General Counsel
> Mallinckrodt, LLC
>
> Dated:
>
> MICHAEL-BRYANT HICKS
> Senior Vice President and General Counsel
> Mallinckrodt, plc
>
> On Behalf of the United States Department of Justice, Drug Enforcement Administration:
>
> DEMETRA ASHLEY
> Acting Assistant Administrator
> Diversion Control Division
> Drug Enforcement Administration
>
> Dated: 7/10/17

*Id.* at 13.

Perhaps Mallinckrodt plans to put Mr. Hicks on the witness stand at trial to explain why he represented to the federal government that he was Senior Vice President and General Counsel of Mallinckrodt LLC, despite Mallinckrodt's present denial. But on a motion to dismiss, assessing Mr. Hick's credibility would not be appropriate, particularly when the Court is deciding the motions without holding an evidentiary hearing. *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017); *accord Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)); *Kerry Steel, Inc. v. Paragon Indu., Inc*., 106 F.3d 147, 149 (6th Cir. 1997).

1814113.8

This is but one example of the nit-picking around the margins that Mallinckrodt engages in, which, in addition to being incorrect, also ignores the core of Mr. Fahey's assertions. In short, Mr. Fahey's Declaration is accurate and Defendant's arguments to the contrary are unsupported.

### F.   Fahey's Declaration Should Not Be Excluded Under *Daubert* or Fed. R. Civ. P. 37(c).

As an initial matter, Mr. Fahey's Declaration is not being presented to the jury at this point,[13] so the concern that his Declaration invades the province of the jury is misplaced.  *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."); *see also FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion . . . ."); *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018)(collecting cases saying same); *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (quoting *United States v. Brown,* 415 F.3d 1257, 1269 (11th Cir. 2005) (("*Daubert* is meant to protect *juries* from being swayed by dubious scientific testimony. When the district court sits as the finder of fact, '[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." (emphasis in original)(internal quotations omitted)); *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003)(noting *Daubert* standard did not need to be followed "rigidly" when case was proceeding only before a judge) (J. Posner sitting by designation).

Second, experts on complex financial issues are routinely admitted by courts.  *In re Commercial Money Ctr., Inc.*, 737 F. Supp. 2d 815, 835 (N.D. Ohio 2010) (accountant expert

---

[13] The facts related to a motion to dismiss are decided by the Court, and not the jury. *See, e.g., Michigan Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir. 1989) (citing *Serras,* 875 F.2d 1215).

permitted to testify with no limitations because the "report presents a logical and technical analysis of the financial statements [] during the [relevant] time period, and explains how those statements should have been interpreted by a knowledgeable and diligent reviewer. Given the special expertise required to properly interpret the [] financial statements, the Court believes that [expert's] testimony will be helpful to the jury in understanding the information that was in [party's] possession"); *Tharo Sys. Inc. v. Cab Produkttechnik GMBH*, 196 Fed. App'x 366, 375 (6th Cir. 2006) (approval of admissibility of testimony of "certified public accountant who has testified in nearly 100 trials"); *Keats v. United States*, 865 F.2d 86, 87 (6th Cir. 1988) (noting both sides "submitted affidavits from experts in commodities transactions in support of their respective positions"); *Roper v. Sec'y of Health and Human Servs.*, 769 F. Supp. 243, 248–49 (N.D. Ohio 1990) (noting the defendant had ample time to "obtain[] tax, accounting, or financial expertise" in support of allegation the corporations were a sham or had "hidden" earnings). Third, Mr. Fahey is not offering legal opinions here: he is providing context and explaining the significance of certain facts related to Mallinckrodt's corporate structure, transactions, and its (lack of) conformance with standard corporate governance practices. To the extent his Declaration includes opinions, they are based on his expertise and analysis as a forensic accountant.[14] *Grayiel v. AIO Holdings LLC*, 2019 WL 2372901, at *2 (W.D. Ky. 2019) (recommending denial of a motion to strike certified public accountant testimony about whether corporation was an alter ego of another and whether there was fraud); *Smith v. Comm'r of*

---

[14] The case Defendant relies heavily on for the argument that the Declaration should be struck under *Daubert* because it contains impermissible legal conclusions, *Torres v. City of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985), does not dictate the extreme step of striking a declaration that contains legal conclusions.  In that case, the court found "admission of question and answer at trial about whether plaintiff had been discriminated against because of her national origin, while calling for an improper legal conclusion, was harmless error." *Id.*; *see also Davis v. Combustion Eng'g, Inc.*, 742 F.2d 916, 920 (6th Cir. 1984) (finding a similar error as to that in *Torres* harmless).

*Internal Revenue.*, 937 F.2d 1089, 1096 (6th Cir. 1991) (permitting expert testimony regarding financial analysis of whether an investment was a sham for tax purposes); *Lim v. Miller Parking Co.*, 526 B.R. 202, 217 (E.D. Mich. 2015) ("[Expert t]estimony about the significance of certain transactions and their conformance (or lack of conformance) with prudent and customary practices of corporate governance is permissible."); *United States v. Distler*, 671 F.2d 954, 963 (6th Cir. 1981) ("substantial amount of convincing expert testimony" along with other testimony adequately supported guilty verdict of alter ego defendant); *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 845, 852 (E.D. Mich. 2010) (permitting expert testimony regarding "issues of structure and function of the defendants compared to comparable practices in the industry" to assist "determination whether the relationship constitutes a sham in connection with the *alter ego* [] analysis").

Here, there are multiple complex issues involving the movement of billions of dollars overseas, along with complex issues of corporate structure, management, corporate interdependence, control, domination, accounting, and financing. Defendant's own document that it filed in support of its motion to dismiss underscores why it is necessary to have a witness like Mr. Fahey provide assistance in digesting these complex financial relationships and transactions. *See* Ex. C to Mallinckrodt's Reply Mem. in Supp. of Mot. to Dismiss (Dkt. No. 1835-4).



Ex. C at 3.

### G. The Cases Mallinckrodt Cites Do Not Warrant Striking Mr. Fahey's Declaration.

The two cases Defendant primarily relies on in support of its motion to strike in its entirety Mr. Fahey's Declaration do not support its arguments. First, Mallinckrodt cites a single case, *Chicago Ins. Co. v. Capwill*, No. 3:01 CV 2588, 2009 WL 3063351, at *8 (N.D. Ohio, Sept. 21, 2009), for the broad proposition that "courts in this district have granted motions to strike expert reports in analogous facts." Mem. in Supp. at 7. The facts are, however, not analogous. *Capwill* involved an insurance coverage dispute where in the plaintiff-insurance company filed a motion for summary judgment. The court denied plaintiff's summary judgment motion. The court, however, granted plaintiff's motion to strike the report of defendant's late-

produced expert, but Mallinckrodt failed to include in its brief that the court struck the report in part because it found that the report was not "relevant to the issues presented by the summary judgment motion." *Capwill,* 2009 WL 3063351, at *8. The court also denied as premature plaintiff's motion to exclude the expert's testimony at trial.

The second case Mallinckrodt relies on, *Shough v. Mgmt. & Training Corp.*, No. 3:16 CV 53, 2018 WL 295576, at *4 (N.D. Ohio, Jan. 3, 2018), similarly does not support its request to strike Mr. Fahey's Declaration in its entirety. In its brief, Mallinckrodt again left out a key point from the case: there, plaintiff moved to strike two expert reports. While the court struck one, the court declined to strike the second in its entirety, despite there being no opposition filed to the motion to strike. *Id.* at *4. Instead, the court struck only the portions of the report that were opinion testimony and declined to strike the portions of the report setting forth facts and attaching incident reports and other records. *Id.*

Mallinckrodt's primary cases are distinguishable and do not support striking Mr. Fahey's Declaration.

## III.   CONCLUSION

As detailed above, Alec Fahey's Declaration contains important and relevant information that would assist the Court in making determinations regarding Mallinckrodt's pending Motion to Dismiss. Mr. Fahey's Declaration was timely given the unique circumstances created in large part by Mallinckrodt's intransigence. Moreover, Mr. Fahey's Declaration contains pertinent facts and admissible summaries of voluminous data, as well as analysis that would assist the Court in assessing complex financial transactions and complicated corporate interdependence. Defendant has failed to establish undue prejudice or otherwise carry its burden. Accordingly, Plaintiffs respectfully request that the Court deny Mallinckrodt's Motion to Strike the Declaration of Alec Fahey.

1814113.8

Respectfully Submitted:

DATED:  July 27, 2019

*Co-Lead Counsel*

By:  ___/s/ Paul J. Hanly, Jr._____
     Paul J. Hanly, Jr.

SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016
Tel:  212-784-6401
Fax:  212-213-5949

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd. 17th Floor
Mount Pleasant, SC 29464
Tel:   843-216-9000
Fax:   843-216-9450
Email: jrice@motleyrice.com

Paul T. Farrell Jr.
GREENE KETCHUM, FARRELL, BAILEY & TWEEL,
LLP
419 Eleventh Street
Huntington, WV 25701
Tel:   304-525-9115
Fax:   304-529-3284
Email: paul@greeneketchum.com

*Plaintiffs' Liaison Counsel*

By:  ___/s/ Peter Weinberger_____
     Peter Weinberger

SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue, E, Ste. 1700
Cleveland, OH 44114
Tel:   216-696-3232
Fax:   216-696-3924
Email: pweinberger@spanglaw.com

1814113.8

Steve Skikos
SKIKOS, CRAWFORD, SKIKOS AND JOSEPH
1 Sansome Street Ste. 2830
San Francisco, CA 94104
Tel:     415-546-7300
Fax:     415-546-7301
Email: sskikos@skikos.com

Troy Rafferty
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
  RAFFERTY AND PROCTOR
316 South Baylen Street Ste. 600
Pensacola, FL 32502
Tel:     850-435-7163
Fax:     850-436-6163
Email: trafferty@levinlaw.com

*Plaintiffs' Executive Committee*


By:     /s/ Elizabeth J. Cabraser
            Elizabeth J. Cabraser

Elizabeth J. Cabraser
Mark P. Chalos
Paulina do Amaral
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Flr.
San Francisco, CA 94111
Tel:     415-956-1000
Fax:     415-956-1008
Email: ecabraser@lchb.com
mchalos@lchb.com
pdoamaral@lchb.com

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY &
  AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Tel:     973-994-1700
Fax:     973-994-1744
Email: jcecchi@carellabyrne.com

-20-

1814113.8

Erin K. Dickinson
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Whitefish Bay, WI 53202
Tel:     414-210-3767
Email: ekd@cruegerdickinson.com

James R. Dugan, II
THE DUGAN LAW FIRM, APLC
365 Canal Street Ste. 1000
New Orleans, LA 70130
Tel:     504-648-0180
Fax:     504-648-0181
Email: jdugan@dugan-lawfirm.com

Paul J. Geller
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road Ste. 500
Boca Raton, FL 33432
Tel:     561-750-3000
Fax:     561-750-3364
Email: pgeller@rgrdlaw.com

Michael J. Fuller
MCHUGH FULLER LAW GROUP
97 Elias Whiddon Road
Hattiesburg, MS 39402
Tel:     601-261-2220
Fax:     601-261-2481
Email: mike@mchughfuller.com

R. Eric Kennedy
WEISMAN KENNEDY & BERRIS CO., LPA
1600 Midland Bldg.
101 Prospect Avenue, W
Cleveland, OH 44115
Tel:     216-781-1111
Fax:     216-781-6747
Email: ekennedy@weismanlaw.com

W. Mark Lanier
LANIER LAW FIRM
6810 FM 1960 West
Houston, TX 77069
Tel:     713-659-5200

Peter J. Mougey
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY &
 PROCTOR, PA
316 South Baylen Street Ste. 600
Pensacola, FL 32502
Tel:    850-435-7068
Fax:    850-436-6068
Email: pmougey@levinlaw.com

Ellen Relkin
WEITZ & LUXENBERG, P.C.
700 Broadway 5th Floor
New York, NY 10003
Tel:    212-558-5715
Fax:    212-344-5461
Email: erelkin@weitzlux.com

Lynn Sarko
KELLER ROHRBACK
1201 Third Avenue Ste. 3200
Seattle, WA 98101
Tel:    206-623-1900
Fax:    206-623-3384
Email: lsarko@kellerrohrback.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road Ste. 305
Melville, NY 11747
Tel:    212-397-1000
Fax:    646-843-7603
Email: hunter@napolilaw.com

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
Tel:    973-639-9100
Fax:    973-639-9393
Email: cseeger@seegerweiss.com

-22-

Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Blvd. Ste. 1600
Los Angeles, CA 91436
Tel:    818-839-2333
Fax:    818-986-9698
Email: rtellis@baronbudd.com

James D. Young
MORGAN & MORGAN
76 South Laura Street Ste. 1100
Jacksonville, FL 32202
Tel:    904-361-0012
Fax:    904-366-7677
Email: jyoung@forthepeople.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Copies will be served upon counsel of record  by, and may be obtained through, the Court CM/ECF Systems.

DATED: July 27, 2019                             */s/  Elizabeth J. Cabraser*
                                                            Elizabeth J. Cabraser

-24-

1814113.8