# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## MALLINCKRODT'S RESPONSE POSITION PAPER REGARDING DOCUMENTS PREVIOUSLY REDACTED OR FILED UNDER SEAL

Mallinckrodt LLC, SpecGx LLC, and Mallinckrodt plc[1] ("Mallinckrodt") write in accordance with the Court's June 24, 2019 Order Regarding ARCOS Data[2] and Documents Previously Filed Under Seal, ECF No. 1725 (the "Order"), to respond to Plaintiffs' July 15, 2019 Position Paper filed pursuant to that Order ("Plaintiffs' Position Paper"). *See* ECF No. 1841. Plaintiffs' Position Paper addresses two docket entries, ECF Nos. 1812 and 1682, containing Mallinckrodt's confidential information. For the reasons stated below, Mallinckrodt respectfully submits that limited portions of those documents should remain under seal.

### I.   ECF NO. 1812

As disclosed in Plaintiffs' Position Paper, Plaintiffs filed ECF No. 1812 (Plaintiffs' Opposition to Mallinckrodt plc's Motion to Dismiss for Lack of Personal Jurisdiction and accompanying exhibits) with "a small number of redactions" agreed upon following a meet and confer process that Special Master Cohen directed the parties to undertake, as laid out in the

---

[1] Mallinckrodt plc is an Irish company that is not subject to and contests personal jurisdiction for the reasons explained in its pending motion to dismiss for lack of personal jurisdiction; it is specially appearing for this Response Position Paper, and, thus, it does not waive and expressly preserves its pending personal jurisdiction challenges.

[2] The Order directs relevant entities to submit position papers addressing: (1) the Protective Orders regarding ARCOS data and Suspicious Order Reports and (2) any documents previously filed with redactions or under seal. Mallinckrodt's position regarding ARCOS data and Suspicious Order Reports is set forth in ECF No. 1807, the Defendants' "Position Paper" Regarding ARCOS and Suspicious Order Reports Protective Order. *See also* ECF No. 1832. Thus, documents redacted or filed under seal containing ARCOS data and Suspicious Order Reports are not addressed in this Response Position Paper, which addresses Mallinckrodt's confidential information.

Directions Regarding Filing of Briefs Under Seal. *See* ECF Nos. 1719, 1813. Plaintiffs agree that these redactions are appropriate,[3] and accordingly Mallinckrodt requests that these redactions remain under seal.

## II.   ECF NO. 1682

Mallinckrodt similarly requests that limited portions of paragraph 1003 in ECF No. 1682 (Joint and Third Amended Complaint filed by Cabell County Commission and City of Huntington) remain under seal. These portions contain specific details regarding Mallinckrodt's suspicious order monitoring algorithm, details which do not merely "reveal 'competitively-sensitive financial and negotiating information,'" but rather reveal bona fide trade secrets that Mallinckrodt has developed and tested through years of effort. *See Kondash v. Kia Motors America, Inc.*, 767 Fed. Appx. 635, 639 (6th Cir. 2019) (citation omitted). If those details were revealed, Mallinckrodt would suffer a serious injury to its suspicious order monitoring program, which could potentially be weakened if these closely-held algorithm details were publicly disclosed. Maintaining this information under seal is furthermore in the public's interest, as revealing details concerning Mallinckrodt's suspicious order monitoring algorithm could potentially enable unscrupulous actors to evade anti-diversion controls.[4]

Mallinckrodt's proposed redactions are "narrowly tailored" to conceal only a handful of words in one paragraph that would harm Mallinckrodt – and, potentially, the public – if unsealed, i.e. the numerical algorithm component of Mallinckrodt's suspicious order monitoring program, while leaving the remainder of the 1603-paragraph complaint unredacted. A redacted version of

---

[3] Specifically, Mallinckrodt's compelling reason for the redactions is to protect the confidentiality of material non-public information regarding Mallinckrodt's recent strategic business decisions, and to comply with the Court's orders regarding ARCOS data.

[4] Revealing this information also contradicts Plaintiffs' own purported reasons for bringing these lawsuits. Mallinckrodt is puzzled as to why Plaintiffs are fighting to unseal information that could potentially increase the risk of diversion.

ECF No. 1682 would thus still allow the public insight into Plaintiffs' claims and allegations, for example, regarding the alleged deficiencies of Mallinckrodt's suspicious order monitoring program.

## CONCLUSION

For the foregoing reasons, Mallinckrodt respectfully requests that the Court maintain the limited redactions in ECF No. 1812, as agreed upon with Plaintiffs at Special Master Cohen's direction, and allow limited portions of ECF No. 1682 to remain under seal.

Dated: July 29, 2019

Respectfully submitted,

/s/ *Brien T. O'Connor*
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Counsel for Defendants Mallinckrodt LLC and SpecGx LLC, and specially appearing Defendant Mallinckrodt plc*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF System.

/s/ *Brien T. O'Connor*
Brien T. O'Connor