# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | |
| This document relates to: | CASE NO.1:17-MD-2804 |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* Case No. 18-op-45090 | Hon. Dan Aaron Polster |
| *The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.* Case No. 17-op-45004 | |

## PHARMACY DEFENDANTS' RESPONSE TO POSITION PAPERS REGARDING PLEADINGS PREVIOUSLY FILED WITH REDACTIONS OR UNDER SEAL

Pursuant to this Court's order, ECF No. 1725, the Pharmacy Defendants[1] submit this response to the position papers filed by other parties on July 15, 2019.[2] As explained below, for several legal and practical reasons, this Court and the parties should maintain the status quo regarding pleadings filed under seal or with redactions until the mandate from the Sixth Circuit issues.

*First*, it is Defendants' position that this Court is without jurisdiction to take any action with respect to the protective, sealing, or redaction orders that were the subject of the Sixth Circuit's decision. *See, e.g.*, ECF No. 1990. The government takes the same position. ECF No.

---

[1] For purposes of this position paper, the Pharmacy Defendants are CVS Rx Services, Inc., CVS Indiana, LLC, Rite Aid of Maryland, Inc., Walgreen Co., Walgreen Eastern Co., Inc., Walmart Inc, and HBC Service Company.

[2] In accordance with the Court's July 5 Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal (ECF No. 1813), the Pharmacy Defendants will be addressing the *Daubert* and summary judgment motions separately through the procedure ordered by this Court.

2040. There is a petition for a writ of mandamus pending that will address this issue. *See* ECF No. 1990 at 5-6.

*Second*, this Court should ensure that it is applying the correct standard to decisions about unsealing and/or redacting pleadings. At least some of the Defendants will file a petition for rehearing and suggestion for rehearing en banc within the time allowed for the Federal Rules of Appellate Procedure. ECF No. 1990. The government may do so as well. ECF No. 2040. The Defendants' petition will address *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), which was issued two days after the Sixth Circuit's opinion. In *Food Marketing Institute*, the Supreme Court rejected the "competitive harm" test the Sixth Circuit applied to its decision in this case. *Id.* at 2363; *see also, e.g.*, ECF No. 1990. Accordingly, by maintaining the status quo pending a decision on Defendants' (and possibly the government's) petition, this Court will protect Defendants' appellate rights, allow the Sixth Circuit's to revisit its opinion in light of new Supreme Court precedent, and guarantee that the right standard is applied to any decision to unseal or remove redactions from pleadings.[3]

*Third*, as the parties, Special Master Cohen, and this Court have learned in addressing the summary judgment and *Daubert* pleadings, the filing of pleadings under seal and with revised redactions is a difficult, time-consuming, and resource-intensive process for the parties, Special Master Cohen, and the Clerk's office. The parties, the public, and this Court will be better served by proceeding in a manner that will result in one refiling of any pleading at issue. By maintaining

---

[3] The Pharmacy Defendants recognize that this Court has rejected Defendants view of *Food Marketing Institute*, but respectfully submit that arguments will be presented to the Sixth Circuit, which has jurisdiction to consider them, and that neither this Court nor the public will be harmed by the brief delay required for it to do so. Indeed, the Sixth Circuit's original decision was the catalyst for revisiting the sealing and redaction of pleadings, and it should be afforded the opportunity to address whether, in light of *Food Marketing Institute*, its analysis articulated the correct confidentiality standard.

the status quo until the Sixth Circuit issues its mandate returning jurisdiction of the issues before it to this Court and setting the standard for confidentiality, this Court will help ensure an orderly and efficient process.

In the event that this Court determines that it will not wait until the Sixth Circuit issues its mandate, the Pharmacy Defendants respectfully request that (1) they afforded the opportunity to meet-and-confer with plaintiffs for a brief period of time regarding redaction requests, both to narrow any disagreements and to ensure that nothing is filed on the public docket that should be redacted;[4] (2) where disagreements continue to exist, they be allowed to fully brief the question of whether specific pleadings (or parts of pleadings) should be unsealed or publicly redacted, and to present to the Court evidence of harms that would flow from disclosure, and (3) the Court stay any disclosure order for at least seven days to provide Pharmacy Defendants with the opportunity to consider whether to seek a stay from the Sixth Circuit pending issuance of the mandate.

Dated: July 29, 2019                        Respectfully submitted,

/s/   Kaspar J. Stoffelmayr                  /s/   Eric R. Delinsky
Kaspar J. Stoffelmayr                        Eric R. Delinsky
BARTLIT BECK LLP                             Alexandra W. Miller
54 West Hubbard Street                       Zuckerman Spaeder LLP
Chicago, IL 60654                            1800 M Street, NW, Suite 1000
Phone: (312) 494-4400                        Washington, DC  20036
Fax: (312) 494-4440                          Phone: (202) 778-1800
E-mail: kaspar.stoffelmayr@bartlitbeck.com   Fax: (202) 822-8106
                                             E-mail: edelinsky@zuckerman.com
*Counsel for Walgreen Co. and Walgreen*      E-mail: smiller@zuckerman.com
*Eastern Co.*
                                             *Counsel for CVS Rx Services, Inc. and CVS*
                                             *Indiana, L.L.C.*

---

[4] For example, a number of the pleadings that plaintiffs propose to publicly file contain ARCOS data from 2013 and 2014, and aggregate data that includes ARCOS data from those time periods that should remain redacted.

/s/    Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center*

/s/    Robert M. Barnes
Robert M. Barnes
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA  15219
Phone:  (412) 471-3490
Fax:  (412) 391-8758
E-mail: rbarnes@marcus-shapira.com
E-mail: kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

/s/    Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF SERVICE**

I, Eric R. Delinsky, hereby certify that the foregoing document as served via the Court's

ECF system to all counsel of record.


/s/ Eric R. Delinsky _____
Eric R. Delinsky