# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO ALL CASES* | Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster |

**PLAINTIFFS' RESPONSE POSITION PAPER PURSUANT TO THE COURT'S JUNE 24, 2019 ORDER REGARDING ARCOS DATA AND DOCUMENTS PREVIOUSLY FILED UNDER SEAL**

Plaintiffs' Executive Committee ("PEC" or "Plaintiffs") submit this response position paper in compliance with the June 24, 2019 "Order Regarding ARCOS Data and Documents Previously Filed Under Seal" (ECF No. 1725) ("Order"). This response adopts and incorporates by reference Plaintiffs' prior filings relative to this matter, including those filings addressing disclosure of ARCOS data.[1]

Through their respective July 15, 2019 position papers, the Pharmacy Defendants, Distributor Defendants, and the DEA claim that certain of their prior filings should remain redacted and/or under seal. Plaintiffs hereby address those prior filings to which no continued redaction and/or sealing should remain.

> ECF 1839: Pharmacy Defendants claim that their Objections to Discovery Rulings No. 2 and No. 3 – which were filed with redactions, ECF No. 785, and under seal, ECF No. 839 are proper and should be maintained.
>
> ECF 1842: Distributor Defendants claim that their redactions to ECF Nos. 1122 and 1123 (Partial Objection of Distributor Defendants and Pharmacy Defendants to Discovery Ruling No. 7), as well as exhibit E attached thereto, are proper and should be maintained.
>
> ECF 1844: DEA claims that its redactions to ECF Nos. 662, 663 and 717 are proper and should be maintained.

---

[1] *See* Doc. Nos. 1798, 1831, 1841 & 1849.

1

Plaintiffs disagree with these specific claims, as said filings do not meet the high standards for withholding from the public information in the judicial record. Relative to the above listed filings, Defendants and the DEA have not proven a "compelling interest" in maintaining the redactions/sealing, and regardless, have not proven that any such interest outweighs the public's interest in accessing the records – particularly considering the facts and circumstances of this matter – all as detailed in Plaintiffs' July 15, 2019 Position Paper. *See* Doc. #: 1841 at pp. 1-5.

Dated: July 29, 2019                                Respectfully submitted,


/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com
*Plaintiffs' Co-Lead Counsel*

Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com
*Plaintiffs' Co-Lead Counsel*

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
pweinberger@spanglaw.com
*Plaintiffs' Co-Liaison Counsel*

Anthony D. Irpino
Pearl A. Robertson
IRPINO AVIN HAWKINS
2216 Magazine Street
New Orleans, LA 70130
(504) 525-1500
(504) 525-1501
airpino@irpinolaw.com
probertson@irpinolaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July, 2019, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Peter H. Weinberger
Peter H. Weinberger
*Plaintiffs' Co-Liaison Counsel*