# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

## DISTRIBUTOR DEFENDANTS' RESPONSE TO POSITION PAPER REGARDING DOCUMENTS PREVIOUSLY FILED UNDER SEAL

Pursuant to this Court's Order dated June 24, 2019 (Dkt. 1725), AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively, "Distributor Defendants") offer this Position Paper in response to Plaintiffs' Position Paper (Dkt. 1841). Contrary to Plaintiffs' contention that no portion of any documents that Plaintiffs previously filed under seal should remain under seal, some of Plaintiffs' documents contain post-2012 ARCOS data that is subject to redaction under this courts' orders, and a few others contain other information, redaction of which is justified by "compelling reasons."

To the extent the Special Master or Court rules that other categories of redactions are appropriate based on submissions of other parties or modification of the Court's standards for redaction, Distributor Defendants preserve and do not waive all rights to request that the same redactions be applied to any documents or submissions containing such categories of information related to Distributor Defendants.

Furthermore, it is Distributor Defendants' position that this Court is without jurisdiction to take any action with respect to the protective, sealing, or redaction orders that were the subject of the Sixth Circuit's decision. *See, e.g.*, ECF No. 1990. The government takes the same position. ECF No. 2040. There is a petition for a writ of mandamus pending that will address this issue. *See* ECF No. 1990 at 5-6.

**I.     Complaints Filed Under Seal or with Redactions**

The Distributor Defendants have identified 32 complaints filed either under seal or with redactions. Of these, five (Dkt. 304, 385, 511, 512, and 760) contain no Distributor Defendant-related post-2012 ARCOS data (or any other information for which "compelling reasons" justify redaction), and therefore Distributor Defendants' position is that they can be made publicly available without redaction.

For the remaining 28 complaints, Distributor Defendants' position is that these

1

complaints need not be filed under seal, but that certain paragraphs and footnotes need to be redacted for the reasons set forth below:

- Category 1:  Information covered by the Consolidated ARCOS Protective Order. Distributor Defendants request redactions to information derived from the DEA's ARCOS database that post-dates December 31, 2012.  All of this information is confidential and must be redacted under seal pursuant to the Court's April 12, 2019 Consolidated ARCOS Protective Order, Dkt. 1545, as modified by the Court's July 15, 2019 Order Regarding ARCOS Data Protective Order, Dkt. 1845.  Distributor Defendants' redactions to Category 1 information are set forth below.

- Category 2:  Personal information.  Distributor Defendants propose redactions to private or sensitive personal information about individuals.  Distributor Defendants request the redaction of this private information to protect the identity, safety, and security of individuals whose addresses, personal histories, or other private information may be included in these proposed redactions.  The high profile nature of this case weighs in favor of protecting the privacy of the witnesses against potential unwanted contact by strangers to the litigation.  *Concerned Pastors for Soc. Action v. Khouri*, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016).  This information includes, for example, home addresses and sensitive information regarding personal or family medical histories.  This information also includes names of Distributor Defendants' customers, to the extent that these redactions reflect information that Plaintiffs previously agreed was confidential.  *See, e.g.*, Attachment A to Nov. 27, 2018 PEC Challenges to Deposition Testimony Designations.  Distributor Defendants' redactions to Category 2 information are set forth below.

The following paragraphs and footnotes of the following complaints contain information requiring redaction:

| Date Filed | Dkt. | Docket Text | Reason for Redaction | Paragraphs[1] |
|---|---|---|---|---|
| 4/25/2018 | 293 | **SEALED Document**: Broward County, FL First Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) | 1 | 665-67 |
| 4/25/2018 | 294 | **SEALED Document**: *Amended Complaint* filed by All Plaintiffs. Related document(s) 262, 293. (Gallucci, Frank) | 1 | 699-706 |
| 4/25/2018 | 296 | **SEALED Document**: City of Cleveland's First Amended Complaint filed by City of Cleveland. Related document(s) 262. (Weinberger, Peter) | 1 | 699-703 |
| 4/25/2018 | 298 | **SEALED Document**: County of Monroe Michigan First Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) | 1 | 638-39 |
| 4/25/2018 | 301 | **SEALED Document**: County of Summit, Ohio, et al, Amended Complaint filed by Plaintiffs' Liaison Counsel. Related document(s) 262. (Weinberger, Peter) | 1 | 673-77 |
| 4/25/2018 | 302 | **SEALED Document**: First Amended Complaint filed by Cabell County Commission. Related document(s) 262. (Majestro, Anthony) | 1 | 671-72, 674-78 |
| 5/10/2018 | 411 | **SEALED Document**: First Amended Complaint filed by City of Chicago. Related document(s) 409. (Singer, Linda) | 1 | 188-91 |
| 5/18/2018 | 475 | **Second SEALED Document**: Amended Complaint filed by City of Cleveland. Related document(s) 471. (Mougey, Peter) | 1 | 700-06 |

---

[1] Distributors request redaction of all post-2012 ARCOS data in footnotes in the identified paragraphs.

| Date Filed | Dkt. | Docket Text | Reason for Redaction | Paragraphs[1] |
|---|---|---|---|---|
| 5/18/2018 | 476 | **Second SEALED Document**: Amended Complaint filed by County of Cuyahoga. Related document(s) 471. (Gallucci, Frank) | 1 | 701-09 |
| 5/18/2018 | 477 | **SEALED Document**: Second Amended Complaint filed by County of Summit, Ohio. Related document(s) 471. (Singer, Linda) | 1 | 692-96 |
| 5/29/2018 | 508 | Second **Amended complaint** *redacted* against All Defendants. Filed by City of Cleveland. (Weinberger, Peter) Modified on 5/30/2018 (P,R). | 1 | 702-06, 708, 710 |
| 5/29/2018 | 509 | **SEALED Document**: Second Amended Corrected Complaint filed by City of Cleveland. Related document(s) 262. (Weinberger, Peter) (Entered: 05/29/2018) | 1 | 702-706 |
| 5/29/2018 | 513 | Second **Amended complaint** (*redacted*) filed by County of Summit, Ohio. (Singer, Linda). | 1 | 692-96, 703 |
| 5/29/2018 | 514 | **SEALED Document**: Second Amended Complaint (corrected) filed by County of Summit, Ohio. Related document(s) 471. (Singer, Linda) | 1 | 692-96, 703 |
| 5/30/2018 | 517 | **SEALED Document**: Second Amended Complaint filed by Cabell County Commission. Related document(s) 516. (Majestro, Anthony) | 1 | 676-80 |
| 5/30/2018 | 518 | Second **Amended complaint** [redacted] against All Defendants and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc, f/k/a Watson Pharmaceuticals, Inc.; SpecGX LLC; and Rite Aid Corporation. Filed by Cabell County Commission. (Majestro, Anthony) | 1 | 676-80 |
| 5/30/2018 | 519 | **SEALED Document**: SECOND AMENDED COMPLAINT filed by County of Monroe. Related document(s) 516. (Geller, Paul) | 1 | 639-40 |

4

| Date Filed | Dkt. | Docket Text | Reason for Redaction | Paragraphs[1] |
|---|---|---|---|---|
| 5/30/2018 | 520 | **SEALED Document**: Second Amended Complaint filed by Broward County, Florida. Related document(s) 516. (Cabraser, Elizabeth) | 1 | 665-67 |
| 5/30/2018 | 521 | Second **Amended complaint** (*corrected*) [redacted]against Actavis LLC, Actavis Pharma, Inc., Actavis plc, Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan PLC, AmerisourceBergen Corporation, CVS Health Corporation, Cardinal Health, Inc., Cephalon, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., H. D. Smith Holding Company, H. D. Smith Holdings, LLC, H.D. Smith Wholesale Drug Co., HealthMart Systems, Inc., Insys Therapeutics, Inc., Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Mallinckrodt LLC, Mallinckrodt PLC, McKesson Corporation, Noramco, Inc., Ortho- McNeil-Janssen Pharmaceuticals, Inc., Purdue Frederick Company, Inc., Purdue Pharma Inc., Purdue Pharma L.P., Rite Aid Corporation, Rite Aid of Maryland, Inc., Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Wal-Mart, Inc., Walgreen Co., Walgreens Boots Alliance Inc., Watson Laboratories, Inc., Watson Pharmaceuticals, Inc.. Filed by County of Cuyahoga. (Gallucci, Frank) | 1 | 701-08 |

| Date Filed | Dkt. | Docket Text | Reason for Redaction | Paragraphs[1] |
|---|---|---|---|---|
| 5/30/2018 | 522 | Second **Amended complaint** (*redacted*) against Actavis LLC, Actavis Pharma, Inc., Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc., Allergan PLC, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, CVS Health Corporation, Cardinal Health, Inc., Cephalon, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., Insys Therapeutics, Inc., Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Kroger Company, The, Mallinckrodt LLC, Mallinckrodt PLC, McKesson Corporation, Noramco, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Purdue Frederick Company, Inc., Purdue Pharma Inc., Purdue Pharma L.P., Rite Aid Corporation, Rite Aid of Maryland, Inc., SpecGX LLC, Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Walgreens Boots Alliance Inc., Walmart, Inc., Watson Laboratories, Inc. and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc, f/k/a Watson Pharmaceuticals, Inc.; SpecGX LLC; and Rite Aid Corporation. Filed by County of Monroe. (Geller, Paul) | 1 | 639-40 |
| 5/30/2018 | 523 | Second **SEALED Document**: *Second Amended Complaint (corrected)* filed by County of Cuyahoga. Related document(s) 471, 521, 476. (Gallucci, Frank) | 1 | 701-08 |
| 5/30/2018 | 525 | Second **Amended complaint** (*redacted*) against All Defendants and adding new party defendant(s) Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Allergan Finance LLC f/k/a Actavis Inc., f/k/a Watson Pharmaceuticals, Inc.; and SpecGx LLC. Filed by Broward County, Florida. (Cabraser, Elizabeth) Modified on 6/1/2018 (P,R) | 1 | 665-67 |

6

| Date Filed | Dkt. | Docket Text | Reason for Redaction | Paragraphs[1] |
|---|---|---|---|---|
| 6/18/2018 | 635 | **SEALED Document**: First Amended Complaint filed by Cleveland Bakers and Teamsters Health & Welfare Fund. Related document(s) 634. (Weinberger, Peter) | 1 | 656-57, 659-63, 665-67 |
| 3/21/2019 | 1465 | **SEALED Document**: *Third Amended Complaint and Jury Demand* filed by County of Summit, Ohio. Related document(s) 1377, 1464. (Singer, Linda) | 1 | 693-97, 704 |
| 3/21/2019 | 1466 | Third **Amended complaint** [redacted] against All Defendants and adding new party defendant(s) Allergan Sales, LLC; Allergan USA, Inc.; Warner Chilcott Company, LLC; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida. Filed by County of Summit, Ohio. (Singer, Linda) | 1 | 693-97, 704 |
| 5/10/2019 | 1630 | **SEALED Document**: Third Amended Complaint and Jury Demand filed by County of Cuyahoga. Related document(s) 1629. (Badala, Salvatore) | 1 | 715-22 |
| 6/13/2019 | 1682 | **SEALED Document:** Joint and Third Amended Complaint filed by Cabell County Commission, City of Huntington. Related document(s) 1668. (Farrell, Paul) | 1 | 4, 31, 34, 131, 137, 144, 805, 823, 828, 862 |
| 6/13/2019 | 1682 | **SEALED Document:** Joint and Third Amended Complaint filed by Cabell County Commission, City of Huntington. Related document(s) 1668. (Farrell, Paul) | 2 | 807-10 |

The paragraphs and footnotes identified above as requiring redaction under Category 1 contain ARCOS data for transactions that occurred after 2012 or information derived from post-2012 ARCOS data. However, full redaction of the identified paragraphs is not required.

7

Distributor Defendants' position is that only the parts of these paragraphs and footnotes referencing post-2012 ARCOS data need be redacted, ensuring that as much of the filing as possible will be placed on the public docket.

### A.  Dkt. 1413: Exhibits to Plaintiffs' Reply to Cardinal Health's Objection to Amendment to Discovery Ruling No. 14, Part I

Based on the recent orders by Judge Polster and Special Master Cohen regarding the standards and bases for sealing information, Cardinal Health agrees to permit these exhibits to be filed on the public docket without redaction.

### B.  Dkt. 1547: Plaintiffs' Reply to Cardinal Health's Objection to Amendment to Discovery Ruling No. 14, Part I and Exhibits

This docket entry comprises thirteen (13) documents.  Based on the recent orders by Judge Polster and Special Master Cohen regarding the standards and bases for sealing information, Cardinal Health takes the following positions on each of the documents.

- Plaintiffs' Reply Brief.  Cardinal Health agrees to permit this document to be filed on the public docket without redaction.

- Exhibits 1–4: The (i) employment and cellular telephone numbers, and (ii) email addresses of individuals, including Cardinal Health employees, should be redacted for privacy concerns.

Cardinal Health requests the redaction of this private information to protect the safety and security of individuals.  The high profile nature of this case weighs in favor of protecting the privacy of the witnesses against potential unwanted contact by strangers to the litigation.  *Concerned Pastors for Soc. Action v. Khouri*, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016).  There is no legitimate public interest in the disclosure of an individual's contact information.  This information is not relevant to this litigation and has no bearing on the claims and defenses in this case.

- Exhibit 5:  Cardinal Health agrees to permit this document to be filed on the public docket without redaction.
- Exhibit 6.  Cardinal Health believes that information related to its current anti-diversion should be redacted as a trade secret.  Those descriptions appear on pages 14-15 of Exhibit 6.

This information describes the processes and procedures by which Cardinal Health currently monitors for suspicious orders, which is a trade secret.

Trade secrets include "all types of . . . business information . . . if . . . (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3); *see also Kondash v. Kia Motors America, Inc.*, 767 F. App'x. 635 (6th Cir. 2019).  Additionally, courts have recognized the need to prevent disclosure of compliance manuals and other materials intended to guard against illegal activity. See, e.g., *Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447, 449 (S.D.N.Y. 2001) (giving confidentiality protection to "anti-money laundering compliance policies and procedures" and "documents that deal with bank-to-bank wire transfer security procedures, with respect both to proprietary and nonproprietary electronic banking systems").  *See also Food Marketing Institute v. Argus Leader Media*, -- S.Ct.---, 2019 WL 2570624 at *7 (June 24, 2019) ("At least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of [FOIA] Exemption 4.").

9

Information about Cardinal Health's current anti-diversion program is a trade secret because this information is kept secret by Cardinal Health, and its disclosure would "work a clearly defined and serious injury." *Shane Group*, 825 F.3d at 307. The confidentiality of this information is essential to ensuring the effectiveness of Cardinal Health's anti-diversion program; if the nature of Cardinal Health's suspicious order monitoring process became public, it is possible that would-be diverters would exploit the information in order to divert controlled substances. For example, a would-be diverter could use information such as what activities Cardinal Health considers indicators of diversion in order to circumvent Cardinal Health's suspicious order monitoring system. The release of this information, typically kept secret by Cardinal Health, could enable bad actors to alter their behavior to avoid detection. Additionally, release of information concerning Cardinal Health's anti-diversion program would not only harm anti-diversion efforts, but would disclose proprietary information about the programs not known to its competitors. Indeed, the Court has already upheld the confidentiality of this type of information. *See* Discovery Ruling No. 20, Doc. No. 1650.

- Exhibit 7: Cardinal Health agrees to permit this document to be filed on the public docket without redaction.
- Exhibit 8: The (i) employment and cellular telephone numbers, and (ii) email addresses of individuals, including Cardinal Health employees, should be redacted for privacy concerns. There is no legitimate public interest in the disclosure of an individual's contact information. This information is not relevant to this litigation and has no bearing on the claims and defenses in this case. *See supra*.

- Exhibit 9: Cegedim's banking information (account and routing numbers) should be redacted for privacy concerns.

Banking information could be used improperly to conduct transactions harmful to Cegedim and/or the bank. There is no legitimate public interest in the disclosure of this information, which is widely recognized as sensitive and private information. This information is not relevant to this litigation and has no bearing on the claims and defenses in this case.

- Exhibit 10: Cardinal Health agrees to permit this document to be filed on the public docket without redaction.

- Exhibit 10(a): Cardinal Health agrees to permit this document to be filed on the public docket without redaction.

- Exhibit 11: The (i) employment and cellular telephone numbers, and (ii) email addresses of individuals, including Cardinal Health employees, should be redacted for privacy concerns. There is no legitimate public interest in the disclosure of an individual's contact information. This information is not relevant to this litigation and has no bearing on the claims and defenses in this case. *See supra*.

## CONCLUSION

For the reasons set forth above, Distributor Defendants believe that Dkt. 304, 385, 511, 512, and 760 can be made publicly available without redaction, and that only the limited portions of the documents identified herein should be redacted.

Dated: July 29, 2019

/s/ *Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*


/s/ *Enu Mainigi*
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

Respectfully submitted,

/s/ *Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

## CERTIFICATE OF SERVICE

      I, Ashley W. Hardin, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Ashley W. Hardin*
Ashley W. Hardin
