# Exhibit 4

**From:** Knapp, Timothy <tknapp@kirkland.com>
**Sent:** Sunday, June 16, 2019 12:06 PM
**To:** Tom Egler <TomE@rgrdlaw.com>; Welch, Donna M. <dwelch@kirkland.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; 'Hillyer, Rebecca J.' <rebecca.hillyer@morganlewis.com>; 'Maier, Jonathan E.' <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; 'sskikos@skikos.com' <sskikos@skikos.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Paul Geller <pgeller@rgrdlaw.com>
**Subject:** [EXT] RE: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

External E-mail

Special Master Cohen,

This discussion has now devolved into what is more appropriate for a meet and confer that does not need to include you or the hundreds of attorneys on the distribution lists.  We will schedule a call with Mr. Egler as soon as possible to discuss the columns in the ledger.  Allergan plc will also turn over the two outstanding pieces of jurisdictional discovery--the ledger from 2013-2015 and any prior Allergan plc accounting policies--as promptly as possible.

For the record, however, Mr. Egler's insistence that we explain each and every cell in a database with thousands of rows and over a dozen columns goes far beyond what is required by your Ruling or the Federal Rules.  As I noted below, we created a pivot table to identify the information Plaintiffs claimed to need for purposes of jurisdictional discovery.  Mr. Egler appears to be attempting to conduct yet-more merits-based discovery through counsel to make up for the fact that Plaintiffs chose to depose Allergan plc's corporate representative much earlier in the process.  This is part of a recent pattern of Plaintiffs demanding that Allergan's attorneys share our work product with them, including at least a half dozen demands that we create and then turn over work product on the IQVIA database that does not exist.  Nevertheless, we will gather information about the columns that Mr. Egler flagged and be prepared to discuss them as appropriate during a meet and confer.

Regards,
Tim

**Timothy W. Knapp**
―――――――――――――――――――
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7426
**F** +1 312 862 2200
―――――――――――――――――――
timothy.knapp@kirkland.com

**From:** Tom Egler <TomE@rgrdlaw.com>
**Sent:** Saturday, June 15, 2019 5:28 PM
**To:** Welch, Donna M. <dwelch@kirkland.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; 'Hillyer, Rebecca J.' <rebecca.hillyer@morganlewis.com>; 'Maier, Jonathan E.' <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; 'sskikos@skikos.com' <sskikos@skikos.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Paul Geller <pgeller@rgrdlaw.com>
**Subject:** [EXT] Re: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

External E-mail

Special Master Cohen:

Plaintiffs seek only (a) the production of materials Allergan PLC has already been ordered to or agreed to produce, and (b) production in a time frame that allows Plaintiffs to adequately respond to Allergan's motion to dismiss.  Allergan's personal attacks and complaints of harassment are not justified.

Donna Welch's Friday night e-mail leaves out that the discovery at issue was the result of the jurisdictional motion Allergan itself filed. It also leaves out that Allergan PLC has been ordered to (or previously agreed to) produce the two groups of documents and the three interrogatory responses at issue, and that it chose, and then missed, the deadline for the production.

Allergan's delays on this issue have now pushed plaintiffs' response to the time the Court set aside for summary judgment, thus prejudicing plaintiffs.  If Allergan cannot, or will not, produce the discovery it has been ordered to, the Court should strike the motion.

Allergan produced the first part of its general ledger on Thursday of this week.  One of the two files it produced is attached, providing information April 2016 to December 2018.  As the Court is aware the key Actavis subsidiaries were sold in 2016 so the most critical information for the earlier timeframe has still not been produced. Moreover, as the attached document shows, the codes in columns C ("Cost Ctr"),  G ("Tr. Prt."), and M ("Type") all lack any type of explanation.  Further, the column R (noted "text") contains references to various accounts and procedures that are encoded.  For example, one of the largest transactions, a $1.03 billion movement of cash is described as follows:  "Step 9A - T1327 Distributes Dividend To T1300."  These items cannot be understood without further explanation, which plaintiffs asked for even before the document was produced.

NOTE:  Allergan has noted the attached document as "Highly Confidential" under the protective order – Plaintiffs have modified the file name to reflect that designation.

As to the accounting policies, Allergan produced them only after plaintiffs sought relief from you on the issue, and even then produced only some 2018 and 2019 policies.  Obviously, the earlier policies are relevant.  Also, they are described in Allergan's filings with the SEC, and they are subject to review by

Allergan's financial auditors.  The policies, including those not yet produced, should not be difficult to find or burdensome to produce.

Plaintiffs will meet and confer with Allergan's counsel regarding the general ledger
abbreviations.  However, we ask that you order Allergan to produce all previously-ordered discovery by this Friday, and extend the time by which plaintiffs' response needs to be filed as requested given we are now responding during the period of summary judgment motions.

Respectfully submitted,

Tom Egler

---

**From:** Welch, Donna M. <dwelch@kirkland.com>
**Sent:** Friday, June 14, 2019 8:10 PM
**To:** Tom Egler; David R. Cohen (David@SpecialMaster.Law); Levy, Jennifer; Ventura, Catie; 'Hillyer, Rebecca J.'; 'Maier, Jonathan E.'
**Cc:** Aelish Baig; Matthew Melamed; Mark Dearman; Carissa Dolan; Dory Antullis; Henry Rosen; 'Mark Crawford'; Kelli Black; Paul Geller; 'sskikos@skikos.com'; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; '2804 Discovery, MDL'; Paul Geller
**Subject:** RE: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Special Master Cohen,

I'm attaching the letter we sent to Mr. Egler this evening (the day he asked for a response) regarding these issues.  A few points warrant emphasis.  First, as we have told Mr. Egler for weeks now, following your ruling on May 27 which clarified for the first time that Allergan plc was obligated to produce its general ledger, we have worked tirelessly to try to collect Allergan plc's general ledger.   This has required collecting multiple different files from archives in Ireland.  We produced the files for 2016-2019 yesterday and will produce the remaining three years as soon as we possibly can.  With respect to the allegedly missing "codes," it's unclear what codes Mr. Egler claims are "indecipherable."  The general ledger includes a plain English "text" description of each transaction (e.g, Payment Made To Boardvantage) and a text description of the offsetting account (e.g., Allergan Sales LLC).  To make it even easier to "decipher," we created a pivot table on the "US Entities" and then replicated a separate tab showing only those transactions involving US entities and Allergan plc, the very information plaintiffs have claimed they need for jurisdictional discovery.  If Mr. Egler continues to have trouble deciphering the files, we are happy to discuss with him.  However, until he emailed you, he had not raised his inability to understand the files with us.

Second, as noted in the attached letter, we've responded on the issues below three separate times (today, in the attached 5/31 letter, and in our interrogatory responses).  Mr. Egler continues to follow-up on issues based on his mischaracterization of testimony or documents and in ways that ignore the responses we've provided, many of which explain that the documents or information he is repeatedly requesting simply do not exist.  The suggestion that we declined to produce accounting policies is simply false; we produced them as soon as we located them.  Further, many of the issues Mr. Egler continues to raise have no relevance to the sole question at hand: whether Allergan plc has sufficient contacts with Ohio related to the marketing and distribution of FDA-approved prescription opioids to warrant the exercise of personal jurisdiction. Plaintiffs' continued letter-writing campaign on these irrelevant and/or settled factual issues suggests they are more interested in harassing Allergan plc or obtaining far-too-late merits discovery than litigating the discrete issue of whether the Court has personal jurisdiction over Allergan plc.

Finally, Mr. Egler provides no explanation why Plaintiffs need a 3-week extension to respond to Allergan plc's jurisdictional motion based on a slight delay in the production of a small fraction of the total discovery Allergan plc has produced in this matter.  Indeed, Allergan plc has been participating and providing discovery, over its objection and pursuant to this Court's rulings, since last year, which is clearly stated in every discovery response. Any claim of prejudice is not the result of a lack of information, let alone information that goes to the relevant issue of Allergan plc's contacts (if any) with Ohio.  Nevertheless, Allergan plc does not oppose the extension (Mr. Egler never bothered to ask us), but it does oppose Mr. Egler's continued, harassing emails and letters that ignore or mischaracterize the information and documents actually provided and Allergan plc's good faith efforts to respond to these discovery requests on an expedited basis.

Regards, Donna

**Donna Welch, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2425  **M** +1 773 550 1743
**F** +1 312 862 2200

donna.welch@kirkland.com

---

**From:** Tom Egler <TomE@rgrdlaw.com>
**Sent:** Friday, June 14, 2019 6:21 PM
**To:** Welch, Donna M. <dwelch@kirkland.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; 'Hillyer, Rebecca J.' <rebecca.hillyer@morganlewis.com>; 'Maier, Jonathan E.' <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; 'sskikos@skikos.com' <sskikos@skikos.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Paul Geller <pgeller@rgrdlaw.com>
**Subject:** [EXT] RE: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Special Master Cohen –

Plaintiffs' opposition to Allergan PLC's motion to dismiss on jurisdiction grounds is currently due next Friday, June 21.  Allergan, however, still has not complied with your April 3, 2019 order setting the scope of production. ECF No. 1512.  Plaintiffs ask that you order Allergan to produce all relevant documents and information by the end of next week (June 21, 2019) and extend the time by which plaintiffs' opposition to the Allergan motion is due until July 12, 2019.

On May 29 Counsel for Allergan PLC stated in the email below that it would produce the company's general ledger by June 7, "and sooner if we are able."  Allergan produced nothing on June 7.  Instead, yesterday evening  (June 13) it produced what is apparently four of seven years of  relevant records.  The produced records, however, are indecipherable because Allergan has refused to produce the key for the codes used throughout the documents.  Separately, until last week Allergan PLC took the position that it had no "accounting policies" to produce under your April 3, 2019 order.  Then, on June 8 it produced an incomplete set of policies from 2019, and none from any earlier years.  See attached correspondence at 2-3.  Allergan admits that it is required to produce the accounting policies.  It just has declined to produce them, and declined to agree to a date by which they will be produced.

Allergan's refusal to produce documents and information extends the jurisdictional interrogatories as well.  For example, it continues to make time frame and scope objections already rejected by the Court, and makes arguments directly contradicted by its 30(b)(6) witnesses regarding Interrogatories 2, 5,  and 8.  See attached correspondence at 2-3. The April 3, 2019 Order makes clear that Allergan PLC agreed to respond to these interrogatories.  ECF 1512 (noting

"Allergan and Plaintiffs have agreed that Allergan will respond to Plaintiffs' Interrogatories Nos. 2-5, 8, 11-13, 22, 24-28).  Allergan now just refuses to produce the information.

Allergan's refusal to comply with the Court's prior orders and its own agreements now forces plaintiffs to respond to this motion at the same time they will need to respond to the summary judgment and other motions due at the end of the month.  The Court issued a straightforward order on these issues on April 3, 2019, and Allergan has still not complied.

Plaintiffs ask that Allergan PLC be ordered to produce the discovery due plaintiffs on these issues by June 21, 2019, and plaintiffs ask for an extension until July 12, 2019 to respond to Allergan's motion to dismiss on jurisdictional grounds.

Respectfully submitted,

Tom Egler

---

**From:** Welch, Donna M. <dwelch@kirkland.com>
**Sent:** Wednesday, May 29, 2019 8:11 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Tom Egler <TomE@rgrdlaw.com>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; 'Hillyer, Rebecca J.' <rebecca.hillyer@morganlewis.com>; 'Maier, Jonathan E.' <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; 'sskikos@skikos.com' <sskikos@skikos.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Paul Geller <pgeller@rgrdlaw.com>
**Subject:** RE: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Special Master Cohen -

Allergan intends to make the requested production.  We are working with our client to determine timing and anticipate making a production by the end of next week (and sooner if we are able).  We have no objection to the 2 week extension requested by Plaintiffs below.

Regards, Donna

**Donna Welch, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2425  **M** +1 773 550 1743
**F** +1 312 862 2200

donna.welch@kirkland.com

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, May 29, 2019 7:15 PM
**To:** Tom Egler <TomE@rgrdlaw.com>; Welch, Donna M. <dwelch@kirkland.com>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; 'Hillyer, Rebecca J.' <rebecca.hillyer@morganlewis.com>; 'Maier, Jonathan E.' <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul

Geller <pgeller@rgrdlaw.com>; 'sskikos@skikos.com' <sskikos@skikos.com>; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Paul Geller <pgeller@rgrdlaw.com>
**Subject:** [EXT] Re: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

I need a prompt response from Allergan.  I don't have a problem with extensions of time, preferably agreed-to.
-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Tom Egler <TomE@rgrdlaw.com>
**Sent:** Wednesday, May 29, 2019 7:57 PM
**To:** Welch, Donna M.; 'Levy, Jennifer'; 'Ventura, Catie'; 'Hillyer, Rebecca J.'; 'Maier, Jonathan E.'; David Cohen
**Cc:** Aelish Baig; Matthew Melamed; Mark Dearman; Carissa Dolan; Dory Antullis; Henry Rosen; 'Mark Crawford'; Kelli Black; Paul Geller; 'sskikos@skikos.com'; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; '2804 Discovery, MDL'; Paul Geller
**Subject:** Re: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Special Master Cohen -

On Monday you confirmed that your April 3, 2019 order was meant to require all defendants who filed motions to dismiss on jurisdictional grounds (Mallinckrodt, Teva and Allergan/Actavis) to produce their parent entity's "general ledger and additional materials sufficient to reflect inter-company transfers to or from" its US subsidiaries.  (Email attached below).  We had always understood the order to require such production, but we still have not received the materials.

Plaintiffs' responses to Allergan's and Mallinckrodt's motions to dismiss are currently due a week from today (June 5, 2019).

After your Monday ruling, we asked counsel for Allergan to let us know by close of business Tuesday (yesterday) whether their clients would make such production by the end of this week.  (Email attached below).

It is now close of business Wednesday, and Allergan's counsel has still not responded.

We ask that you direct the Allergan defendants to produce the general ledger and other materials encompassed by your order for all relevant years by this Friday (May 31, 2019).

Plaintiffs also will seek an extension of the due date for responses to the Allergan and Mallinckrodt jurisdictional motions to dismiss (likely for two weeks until June 19, 2019) to allow plaintiffs adequate time to analyze the materials, and will accommodate any reasonable request for extra time from defendants.  Counsel for plaintiffs will seek agreement on that issue with counsel for Allergan and Mallinckrodt in the next few days.

Respectfully Submitted

Tom Egler

---

**From:** Tom Egler
**Sent:** Monday, May 27, 2019 3:25 PM
**To:** Welch, Donna M. <dwelch@kirkland.com>; Levy, Jennifer <jlevy@kirkland.com>; Ventura, Catie <catie.ventura@kirkland.com>; Hillyer, Rebecca J. <rebecca.hillyer@morganlewis.com>; Maier, Jonathan E. <jonathan.maier@morganlewis.com>
**Cc:** Aelish Baig <AelishB@rgrdlaw.com>; Matthew Melamed <MMelamed@rgrdlaw.com>; Mark Dearman <MDearman@rgrdlaw.com>; Carissa Dolan <CDolan@rgrdlaw.com>; Dory Antullis <DAntullis@rgrdlaw.com>; Henry Rosen <HenryR@rgrdlaw.com>; 'Mark Crawford' <mcrawford@skikos.com>; Kelli Black <KBlack@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; sskikos@skikos.com
**Subject:** FW: EXTERNAL-Re: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Counsellors –

On May 27, 2019, Special Master Cohen clarified his April 3, 2019 order, making clear that all parties subject to the order must provide "the foreign parent's 'general ledger and additional materials sufficient to reflect inter-company transfers to or from' its US subsidiaries 'and/or otherwise related to the opioids business,'" just as Mallinckrodt agreed to provide.

Please affirm by close of business Tuesday, May 28, 2019 that the Allergan defendants will provide these documents and data by close of business May 31, 2019. If you decline to do so, we will be forced to seek relief from the Court.

Thank you.

Tom Egler

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Monday, May 27, 2019 8:46:12 PM
**To:** Crawford, Mark
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL; Maier, Jonathan E.; Hillyer, Rebecca J.; Gay, Josh
**Subject:** EXTERNAL-Re: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Hi. Sorry I did not get to this sooner. I do not need Teva to supply me with a response regarding what I meant in my own prior order. Plaintiffs ask me to clarify whether I
" intended to include Item 8 from the second page of the Mallinckrodt agreement letter in the Teva and Allergan productions."
The answer is yes.
-David
========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122

216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Mark Crawford <mcrawford@skikos.com>
**Sent:** Monday, May 27, 2019 3:52 PM
**To:** David R. Cohen (David@SpecialMaster.Law)
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; mdl2804discovery@motleyrice.com; Maier, Jonathan E.; Hillyer, Rebecca J.; Josh Gay
**Subject:** RE: Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Dear Special Master Cohen: In follow up, we note the parties have met and conferred on this issue and have reached an impasse, and expect that Teva will be providing a response.

**Mark Crawford** | Partner
**SKIKOS CRAWFORD SKIKOS & JOSEPH**
One Sansome Street, 28th Floor, San Francisco, CA 94104
Telephone: 415.546.7300 | Fax: 415.546.7301 |
Cell: 415.760.0663
mcrawford@skikos.com

---

**From:** Mark Crawford
**Sent:** Monday, May 27, 2019 12:43 PM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; mdl2804discovery@motleyrice.com; Maier, Jonathan E. <jonathan.maier@morganlewis.com>; Hillyer, Rebecca J. <rebecca.hillyer@morganlewis.com>; Josh Gay <jgay@levinlaw.com>
**Subject:** Seeking Clarification of 4/3 Ruling re Personal Jurisdiction Discovery

Dear Special Master Cohen:

We are writing to seek clarification of your April 3 order requiring Teva and Allergan to produce certain categories of documents related to their personal jurisdiction claims. Your April 3 ruling appears to find that Allergan and Teva should produce what Mallinckrodt had agreed with Plaintiffs to produce in their March 29 letter: "The undersigned finds that the scope of Mallinckrodt's agreement with Plaintiffs is reasonable and *equally* relevant to Allergan's motion to dismiss." (4/3 Ruling, pages 6-7, emphasis added (Mallinckrodt and Allergan) and page 9 (Teva)). Copies of the Mallinckrodt letter and your ruling are attached.

You had ordered 6 of 7 items produced from the first page of the Mallinckrodt letter agreement (Item 4, the Mallinckrodt/Covidien separation agreement, was particular to Mallinckrodt and so excluded). Item 8 is on the second page of the Mallinckrodt agreement, and included the foreign parent's "general ledger and additional materials sufficient to reflect inter-company transfers to or from" its US subsidiaries, which would appear to be equally relevant to Teva and Allergan's Motions to Dismiss. Two other items on that second page (Items 9 and 10) are specific to Mallinckrodt's circumstances.

We ask that you please clarify whether you intended to include Item 8 from the second page of the Mallinckrodt agreement letter in the Teva and Allergan productions. Plaintiffs are deposing Teva Ltd. in Israel on June 20, and so ideally seek clarification with sufficient time for production and to consider those materials as the parties prepare for that deposition.

**Mark Crawford** | Partner

**SKIKOS CRAWFORD SKIKOS & JOSEPH**
One Sansome Street, 28th Floor, San Francisco, CA 94104
Telephone: 415.546.7300 | Fax: 415.546.7301 |
Cell: 415.760.0663
mcrawford@skikos.com

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distr bution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

10