**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| *THIS DOCUMENT RELATES TO:* *ALL CASES* | **Case No. 17-md-2804** |
|  | **Hon. Dan Aaron Polster** |

<u>**CERTAIN DEFENDANTS'[1] OBJECTION TO**
**PROPOSED ORDER DE-DESIGNATING DEA SUSPICIOUS ORDER REPORTS**
**AND MEDIA INTERVENORS' POSITION PAPER**</u>

On July 26, 2019, the DEA and the Media Intervenors notified the Court that they had

reached an agreement under which certain highly sensitive materials that Defendants provided to

DEA and that DEA produced in discovery in this case would be "de-designated" as confidential

under the ARCOS Protective Order. ECF 2040. The DEA and the Media Intervenors agreed

that the "electronic [Suspicious Order Reports ('SORS')] data, which are defined as those SORS

that registrants sent to DEA headquarters pursuant to a memorandum of agreement, produced by

the DEA to the parties shall be de-designated confidential and its possession, use, and disclosure

would no longer be restricted by the Protective Order." *Id.* at 6. DEA further agreed to the

possibility of de-designating "remaining SORS data," including "submissions by registrants to

DEA field offices" and "DEA-6 reports prepared by the DEA from SORS data." *Id.* at 6 & n.1.

---

[1] AmerisourceBergen Drug Corporation, Anda, Inc., Cardinal Health, Inc., Discount Drug Mart, Inc., CVS Rx Services, Inc. and CVS Indiana, L.L.C., HBC Service Company, H. D. Smith, LLC f/k/a H. D. Smith Wholesale Drug Company, H. D. Smith Holdings, LLC and H. D. Smith Holding Company, Henry Schein, Inc. and Henry Schein Medical Systems, Inc., McKesson Corporation, Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Walgreen Co. and Walgreen Eastern Co., Walmart Inc., and Prescription Supply Inc.

The request to enter the proposed order should be denied by the Court for two reasons.

First, as Defendants have previously explained, *see, e.g.*, ECF 1990, the time permitted for petitioning the Sixth Circuit for a panel or en banc rehearing of its decision in *In re: Nat'l Prescription Opiate Litigation*, 2019 WL 2529050 (6th Cir. June 20, 2019), does not expire until August 5, 2019, *see* Fed. R. App. P. 40(a)(1). Unless and until that mandate issues, this Court lacks jurisdiction to address the subject matter of the Sixth Circuit's decision, including whether material designated "confidential" under the ARCOS Protective Order—which covers the SORS produced by DEA—should be de-designated.

Second, even if this Court had jurisdiction to consider these questions, it should reject Plaintiffs' and the Media Intervenors' request to make these confidential and highly sensitive materials public. As explained below, the materials that DEA and the Media Intervenors seek to release were provided to the DEA under an assumption of confidentiality, were marked confidential by DEA when they were produced in this litigation, and—to the best of Defendants' knowledge—have not been filed as an exhibit to any motion filed with the Court.[2] These materials are raw discovery and do not constitute "judicial records" to which the Media Intervenors have any possible right of access. Accordingly, the Court should deny DEA and the Media Intervenors' request to de-designate SORS produced by DEA in this litigation.

In addition, the Media Intervenors assert in their position paper that "all SORS produced in discovery *by any party* and in the possession of Plaintiffs should be publicly disclosed." ECF 2050 at 2 (emphasis added). The Court should dismiss this suggestion out of hand. The

---

[2] In the time available to file this objection, Defendants have not been able to thoroughly check the entire docket. We have, however, affirmatively determined that none of the material proposed to be designated has been filed as an exhibit to any of the pending summary judgment or *Daubert* motions. In any event, the burden of demonstrating that a document is a judicial record should rest with the proponent of disclosure.

proposition that the public has a right of access to raw discovery that is not part of the record has been rejected by the Supreme Court. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

In the event that the Court determines that (a) it does have jurisdiction to lift or modify the Protective Orders in this case, and (b) is inclined to grant any of the relief requested by DEA or the Media Intervenors, Defendants respectfully request that (1) they be afforded the opportunity to fully brief the question of whether any further disclosure of information presently subject to a protective order is warranted, and to present to the Court evidence of the harms that would flow from further disclosure, and (2) the Court stay any disclosure order for seven (7) days to provide Defendants with the opportunity to seek a stay from the Sixth Circuit pending issuance of the mandate.

## ARGUMENT

I.      **Until the Sixth Circuit's Mandate Issues, This Court Lacks Jurisdiction to Release Any SORS Produced In This Case.**

As both Defendants and DEA have explained, ECF 1990, ECF 2040, until the Sixth Circuit issues its mandate, the subject matter of that appeal—which includes the Protective Order that governs the SORS that DEA produced in this case—remains within the exclusive jurisdiction of the appellate court. On March 6, 2018, this Court entered a Protective Order governing the use and disclosure of ARCOS data that various companies, including Defendants, had provided to DEA. ECF 167. Under the Protective Order, the ARCOS data would remain confidential and disclosure of the data could be made only to governmental plaintiffs and State Attorneys General "for this litigation and/or law enforcement purposes." ECF 167 at 1; ECF 233 at 22. On May 8, 2018, the Court extended the Protective Order to cover SORS produced in the litigation. ECF 397; *see also* ECF 1545 at 2. It is this same Protective Order that is the subject of the ongoing appeal in the Sixth Circuit. Accordingly, this Court would exceed its jurisdiction

if it were to release any of the SORS produced in this litigation unless and until the Sixth Circuit issues its mandate.

## II.     The DEA-Produced SORS Are Not Subject To A Presumption Of Public Access.

None of the materials proposed to be de-designated have been cited in public filings and none are court records.  Accordingly, even if this Court had jurisdiction to revisit its prior rulings regarding SORS, it should not modify those rulings to allow SORS produced by DEA during discovery to be made public.

It is well-established that only "court records" are subject to a presumption of public access.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  As the Supreme Court has explained, "[p]retrial depositions and interrogatories are not public components of a civil trial … and, in general, they are conducted in private as a matter of modern practice."  *Seattle Times*, 467 U.S. at 33.  Discovery "merely exchanged between the parties" does not qualify as "information contained in the court record."  *Shane Grp.*, 825 F.3d at 305; *In re Carpenter Co.*, 2014 WL 12809636, at *3 (6th Cir. Sep. 29, 2014) ("Briefs filed with the court are public records.") (quoting 6th Cir. Rule 28(d)); *Howes v. Ashland Oil, Inc.*, 1991 WL 73251, at *7 (6th Cir. May 6, 1991) ("Private documents collected during discovery are not judicial records."); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994) ("If [the document] is not [filed], it is not a 'judicial record.'").  Filing a document with the Court is therefore a baseline prerequisite for the presumption of public access to attach.  *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  Thus, discovery material that is not attached to any court filing—such as the DEA-produced SORS—simply is not a judicial record that should be disclosed to the public.

Nor should discovery materials produced by DEA be made public simply by virtue of the current stage or status of the case.  Instead, the presumption of public access only attaches when

the specific "material enters the judicial record." *Shane Grp.*, 825 F.3d at 305. A case's procedural transition from discovery to dispositive motions practice does not instantaneously transform all material exchanged between the parties into "court records." *Cf. id.* Indeed, even documents filed with the court are not automatically considered to be a "judicial document subject to the right of free access." *Amodeo*, 44 F.3d at 145. Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* Here, the DEA-produced SORS do not meet this standard.

As Defendants have previously explained, the SORS that DEA and the Media Intervenors seek to release were provided to the DEA under an assumption of confidentiality, were marked confidential by DEA when they were produced in this litigation, and are maintained by Defendants as confidential business data that is not shared with the public. *See* ECF 1807 at 9. Accordingly, these materials indisputably meet the "confidentiality" test described in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), and therefore should not be disclosed. *See id.* at 2366 ("At least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of [FOIA] Exemption 4."). These reports also implicate the privacy interests of third parties identified in the reports. *See Seattle Times*, 467 U.S. at 30, 35 (discovery "often allow[s] extensive intrusion into the affairs of both litigants and third parties" and "may seriously implicate privacy interests of litigants and third parties").

**III.    The Media Intervenors' Request for SORS "Produced in Discovery by Any Party" Should Be Rejected.**

For the reasons stated above, the Media Intervenors' suggestion that "all SORS produced in discovery by any party and in the possession of Plaintiffs" be publicly disclosed, *see* ECF 2050 at 2, is without any basis in law.  Indeed, the Supreme Court thoroughly rejected the proposition that the public has access to raw discovery that has not become a judicial record.  *See Seattle Times*, 467 U.S. at 33.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny DEA's and the Media Intervenors' request to lift the Protective Order governing disclosure of the SORS produced by DEA in this case, and reject Media Intervenors' request that all SORS data produced by any party be publicly disclosed.  In the event that the Court determines that (a) it does have jurisdiction to lift or modify the Protective Orders in this case, and (b) is inclined to grant any of the relief requested by DEA or the Media Intervenors, Defendants respectfully request that (1) they be afforded the opportunity to fully brief the question of whether any further disclosure of information presently subject to a protective order is warranted, and to present to the Court evidence of the harms to Defendants and third parties that would flow from further disclosure, and (2) the Court stay any disclosure order for seven (7) days to provide Defendants with the opportunity to seek a stay from the Sixth Circuit pending issuance of the mandate.

Dated: July 30, 2019                                                  Respectfully submitted,

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:     617.342.4000
Fax:     617.342.4001
Email:  jmatthews@foley.com
            kkoski@foley.com
            kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

/s/ Shannon E. McClure
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen
Drug Corporation*

/s/Timothy D. Johnson
Timothy D. Johnson (0006686)
Cavitch, Familo & Durkin Co. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
Telephone: 216-621-7860
DD: 216-472-4611
Facsimile: 216-621-3415
E-mail: tjohnson@cavitch.com

*Counsel for Defendant Discount
Drug Mart, Inc.*

/s/ Geoffrey Hobart
Geoffrey E. Hobart
Mark Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*

/s/ William E. Padgett
William E. Padgett
Kathleen L. Matsoukas
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel:     (317) 236-1313
Fax:     (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC
f/k/a H. D. Smith Wholesale Drug
Company, H. D. Smith Holdings, LLC and
H. D. Smith Holding Company*

/s/ Eni Mainigi
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal Health, Inc.*

/s/ John J. Haggerty
John J. Haggerty
James C. Clark
Stephan A. Cornell
FOX ROTHSCHILD LLP
2700 Kelly Road,
Warrington, PA 18976
(215) 345-7500
(215) 345-7507
jhaggerty@foxrothschild.com
jclark@foxrothschild.com
scornell@foxrothschild.com

*Counsel for Defendant Prescription Supply Inc.*

/s/ John P. McDonald
John P. McDonald (TX Bar # 13549090)
C. Scott Jones (TX Bar # 24012922)
Lauren M. Fincher (TX Bar # 24069718)
Brandan J. Montminy (TX Bar # 24088080)
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel:  (214) 740-8445
Fax:  (214) 756-8110
jpmcdonald@lockelord.com
sjones@lockelord.com
lfincher@lockelord.com
brandan.montminy@lockelord.com

*Counsel for Defendants Henry Schein, Inc. and Henry Schein Medical Systems, Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co.*

/s/ Robert M. Barnes
Robert M. Barnes
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Rx Services, Inc. and CVS Indiana, L.L.C.*

Fax: (412) 391-8758
rbarnes@marcus-shapira.com
kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

/s/ Kelly A. Moore
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center*

_/s/ Tina M. Tabacchi_
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was served via the Court's

ECF system to all counsel of record on July 30, 2019.

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*