# EXHIBIT 2

# Morgan Lewis

**Rebecca J. Hillyer**
Partner
+1.215.963.5160
rebecca.hillyer@morganlewis.com

March 21, 2019

**VIA E-MAIL**

Special Master David Cohen
Email: David@SpecialMaster.Law

Re: In re National Prescription Opiate Litigation, MDL No. 2804
    Personal Jurisdiction Discovery re: Teva Ltd.

Dear Special Master Cohen:

On behalf of the Teva Defendants, we write in response to Plaintiffs' March 18, 2019 letter concerning Agenda Item 171. Plaintiffs' letter mischaracterizes our position concerning the bounds of potential jurisdictional discovery, and also reflects an inappropriate effort to circumvent the negotiation process in which you have ordered the parties to engage.

First, Plaintiffs' letter does not accurately reflect our position concerning jurisdictional discovery, in the event that you allow Plaintiffs to conduct such discovery over Teva Ltd.'s objection. We articulated our position in our March 17, 2019 correspondence to Plaintiffs. This correspondence was submitted to you March 18, 2019, and we have yet to receive a response from Plaintiffs.

Second, Plaintiffs never proposed taking the deposition of an Executive Vice President when we met-and-conferred, nor have they ever served a notice for that deposition. That they proposed doing so for the first time in their letter to you is pure gamesmanship. There is no basis to take the deposition of a pinnacle witness on the straightforward issue of personal jurisdiction, and Plaintiffs' backdoor attempt to insert him here—presumably hoping that you will rule in their favor without the benefit of any response or analysis—is entirely inappropriate.

Third, there is no basis for Plaintiffs to insist on a "fact witness" with personal knowledge about topics relating to personal jurisdiction over Teva Ltd., an Israeli corporation, when Teva Ltd. has offered—in the event any jurisdictional discovery is ordered over objection—a Rule 30(b)(6) witness who will be prepared to testify on the factors that the 6th Circuit has held are relevant when, as here, a plaintiff seeks to assert jurisdiction over a foreign corporation based upon the alleged conduct of its domestic subsidiaries. These are the same factors that Plaintiffs themselves identified in their letter as the relevant factors. As our (unanswered) written proposal makes clear, if you were to order jurisdictional discovery over Teva Ltd.'s objection, the Rule 30(b)(6) deposition would not be limited to just "corporate formalities."

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921          +1.215.963.5000
United States                          +1.215.963.5001

Special Master Cohen
March 21, 2019
Page 2

    Finally, we did not represent that Mr. Herman would be the Rule 30(b)(6) witness. We explained that he was a possible witness, but that the ultimate choice would hinge on the topics that Plaintiffs proposed. In fact, we expressly reserved the possibility that more than one Rule 30(b)(6) witness would be designated. Still, even assuming that Mr. Herman is chosen as the Rule 30(b)(6) witness, Plaintiffs' assertion that he does not have sufficiently broad personal knowledge is irrelevant.

    We remain available to discuss this matter further with you.

Sincerely,

/s/ Rebecca J. Hillyer

Rebecca J. Hillyer


cc: All counsel (via email)