### *In re National Prescription Opiate Litigation*: MDL 2804
### Summary Sheet of Concise Issues Raised

**Opposition Name:**   Plaintiffs' *Daubert* Roadmap Brief

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga County

Plaintiffs here provide a "roadmap" in response to Defendants' Roadmap Brief.

Plaintiffs are separately responding to each of the Defendants' 13 *Daubert* motions, providing individualized explanations and analysis of the work of each challenged expert and showing how and why Defendants' challenges are without merit. Separate and apart from their 13 motions, Defendants filed a "roadmap" brief, which purports to set forth the legal standards applicable to their motions and to provide the Court an overview of Plaintiffs' experts and their opinions. But Defendants' discussion of *Daubert* standards is incomplete and provides a misleading picture of the state of the law and the nature of the inquiry permitted by the Supreme Court and the Sixth Circuit.

Plaintiffs here provide the Court with several *Daubert* concepts omitted from the Defendants' brief, and provide the framework for assessing all of the Defendants' motions to exclude expert testimony. These concepts include: (1) the court's gatekeeping role is not intended to replace the jury in the adversary system; (2) the *Daubert* inquiry is focused on methodology, not conclusions; (3) facts on which an expert bases his or her opinion need not be in the record; (4) the rejection of expert testimony is the exception rather than the rule; (5) expert testimony that synthesizes voluminous and technical materials may assist the trier of fact; (6) statistical analysis may assist the trier of fact and is not excluded merely because it assesses data other than directly involved in the case; and (7) the district court has broad discretion in determining the admissibility of expert testimony.

Defendants' overview of Plaintiffs' experts is also incomplete and misleading. Defendants dismiss Plaintiffs' experts as advocates lacking true expertise or specialized knowledge. In fact, Plaintiffs have assembled a team of world-class, highly-credentialed academics and professionals; included among them are professors at some of the most prestigious universities in the country (indeed, the world) who have made their reputations in the fields in which they now offer expert opinions. Many of Plaintiffs' experts conducted research into the opioid epidemic long before they were retained as experts, and in several instances published those conclusions before being retained. These experts were retained because of their unparalleled expertise and knowledge about the opioid crisis, or in the methodologies necessary to carry out their analysis. In the roadmap, Plaintiffs provide an overview of each of their experts and his or her work, so that the Court may understand how the opinions of Plaintiffs' various experts fit together and judge for itself the extent to which the opinions of these highly qualified individuals will assist the trier of fact.

**Filing Date:**       June 28, 2019
**Response Date:**  July 31, 2019
**Reply Date:**       August 16, 2019