### In re National Prescription Opiate Litigation MDL 2804
### Summary Sheet of Concise Issues Raised

**Opposition Name:**   Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motions (Dkt. #s 1872, 1892) for Partial Summary Judgment on Statute of Limitations Grounds

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga County

Defendants have filed two motions for partial summary judgment on statute of limitations grounds, arguing that Plaintiffs' claims for damages incurred prior to 2012 (and other dates depending upon the claim) should be denied as a matter of law.  The motions do not challenge damages incurred within the statutory time periods.

For three of the claims, Defendants have misapplied the law on accrual.  First, the statute of limitations does not run for Plaintiffs' equitable public nuisance claim for abatement. Second, for unjust enrichment, Ohio applies a "last rendition of services" test under which such a claim does not accrue until the last point in time that the plaintiff conferred, and a defendant unjustly received a benefit. Defendants are continuing to unjustly receive a benefit as Plaintiffs continue to pay for the costs for their continuing unlawful conduct. Third, Plaintiffs' Ohio Corrupt Practices Act (OCPA) claims "may be commenced at any time within five years after the unlawful conduct terminates." And since the unlawful conduct had not terminated, the claim is timely filed.

As to Plaintiffs' other claims, Negligence, Injury Through Criminal Acts, Civil Conspiracy, and federal RICO, Defendants argue that the claims are partially barred under the "discovery rule." But this argument involves a factual question of when Plaintiffs knew, or should have known, of their compensable injury in order to bring a claim.  That is a jury question.  Additionally, application of the statutes of limitations should be equitably tolled because: 1) Plaintiffs could not obtain ARCOS data that would have provided a wealth of information and allowed them to file sooner; and 2) Defendants engaged in multiple acts of fraudulent concealment.  All of the questions concerning application of statutes of limitations to these remaining claims: accrual, equitable tolling and fraudulent concealment, involve fact questions that are more appropriately decided, in the first instance, by the jury.

Finally, Defendants' motions will not have the intended effect of shortening the presentations at trial since their commission of unlawful acts will be admissible evidence in any event.

**Filing Date:**  June 17 and June 19, 2019

**Response Date**: July 31, 2019

Reply Date: _____

1