*In re National Prescription Opiate Litigation*:  MDL 2804
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**   Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Preemption Summary Judgment Motions (Dkt. #s 1754, 1760, 1772)

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga County

*Issue 1*:   Are Plaintiffs' state law claims preempted?

*Answer*:   No. Plaintiffs assert various state law claims based on the Defendants' fraudulent and misleading marketing of opioid medications, and the failure of Defendants to comply with state law duties in connection with their sale and distribution of dangerous controlled substances. Plaintiffs' claims do not conflict with the Controlled Substances Act (CSA), which specifically contemplates the states' traditional enforcement of tort law to supplement the federal enforcement scheme.

The Supreme Court has long "regarded state law as a complimentary form of drug regulation" and "state law offers an additional, and important, layer of consumer protection that complements [federal] regulation." *Wyeth v. Levine*, 555 U.S. 555, 579-80 (2009). Even though some of the Defendants' misconduct violated the CSA, the CSA is not the only source of the Defendants' legal duty. Nor do Plaintiffs' claims run afoul of *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), because their claims do not exist solely by virtue of federal law, but are predicated on violations of state common and statutory law and regulations that are consistent with and parallel to federal obligations.

Plaintiffs' claims are also based on the Defendants' tortious conduct in failing to stop shipments of suspicious opioid orders. Even if the Defendants' conduct *also* violates obligations under the CSA, that does not preclude Plaintiffs from asserting their state law claims.

Plaintiffs do not challenge the FDA-approved labeling of any of the Manufacturers' products, but rather their false and misleading promotion of those drugs. Federal law did not *require* the Manufacturers to promote their products—let alone to promote them misleadingly, through falsehoods and omissions. Nor have the Manufacturers shown that Plaintiffs' fraudulent marketing claims conflict in any way with the regulatory actions taken by the FDA.

*Issue 2*:   Are Plaintiffs' RICO claims precluded?

*Answer*:   No. Because Plaintiffs' state law claims are not preempted, their RICO claims are likewise not precluded.

Filing Date:  June 28, 2019

Response Date:  July 31, 2019

Reply Date:  August 16, 2019