**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| *Track One Cases* | Hon. Dan Aaron Polster |

**RESPONSE OF SPECIALLY APPEARING DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES LTD. TO DEFENDANTS ALLERGAN PLC, ALLERGAN FINANCE, LLC, ALLERGAN SALES, LLC, AND ALLERGAN USA, INC.'S INDIVIDUAL MOTION FOR SUMMARY JUDGMENT**

Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), specially appears for the limited purpose of responding to a narrow issue raised in Defendants Allergan plc, Allergan Finance, LLC, Allergan Sales, LLC, and Allergan USA, Inc.'s (collectively "Allergan['s]") Individual Motion for Summary Judgment (ECF No. 1775) and Memorandum in Support ("Allergan's SJ Br.") (ECF No. 1775-3).[1]

In its summary judgment motion, Allergan cites the July 26, 2015 master purchase agreement ("MPA") and subsequent January 31, 2018 settlement agreement and mutual release ("Settlement Agreement") (collectively, the "Agreements") between Teva Ltd. and Allergan plc. Allergan argues in support of its motion that it "cannot be held liable for the alleged actions of the Actavis Generic Entities" because Teva Ltd. "*assumed* all liability . . . for any generics-related conduct" under the Agreements.  (Allergan's SJ Br. 2 (emphasis in original).)  The rights and

---

[1]     As set forth in its pending motion to dismiss for lack of personal jurisdiction (ECF No. 1264) and its reply brief in support of that motion (ECF No. 2081), Teva Ltd. is not subject to personal jurisdiction in this Court in this action.  By specially appearing for the limited purpose of addressing the discrete issue raised herein, Teva Ltd. does not waive, and expressly preserves, its jurisdictional objection.

- 2 -

obligations of Teva Ltd. vis-a-vis Allergan plc under the Agreements implicate questions of contract construction and enforceability, which are not ripe for a determination by the Court in the context of this motion and on the present record. Moreover, the Settlement Agreement contains a specific, agreed to dispute resolution process with a mandatory arbitration clause, and the MPA contains a forum selection clause identifying New York state or federal court as the place where any action or proceeding between the parties must be brought. Thus, the Court need not and should not decide those questions in addressing the instant motion. Teva Ltd. reserves all rights with respect to the Agreements and the issues addressed herein.

[*Signature Page Follows*]

Dated:  July 31, 2019

/s/ Steven A. Reed
Steven A. Reed
Eric Sitarchuk
Rebecca Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Nancy Patterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel: (713) 890-5000
nancy.patterson@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL  33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Counsel for Specially Appearing Defendant
Teva Pharmaceutical Industries Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/ *Steven A. Reed*</u>
Steven A. Reed
