*In re National Prescription Opiate Litigation*: MDL 2804
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**    Plaintiffs' Memorandum in Opposition to Distributor Defendants'
Motion for Summary Judgment on Plaintiffs' Negligence Per Se
Claims

**Opposing Parties:**    Plaintiffs Summit County and Cuyahoga County

****************

*Issue 1:*        Have Plaintiffs established that they are intended beneficiaries of the federal
Controlled Substances Act ("CSA")?

*Answer:*        Yes.  Defendants assert that the Court's order dismissing the negligence per
se claims of the Muscogee (Creek) Nation and The Blackfeet Tribe of the Blackfeet Indian
Nation (Dkt. No. 1680) applies with equal force to Plaintiffs.  But Ohio counties are not the
same as sovereign tribes, and the Court's analysis of the tribal negligence per se claims did
not address public entities that, like Plaintiffs, conduct law enforcement activities.  Congress
expressly stated that one of its primary goals in enacting the CSA was to strengthen law
enforcement in order to protect communities from drug abuse.  Testimony and documents
produced in the course of discovery confirm that Plaintiffs expend considerable resources in
investigating and prosecuting drug crimes, including crimes involving prescription opioids.
This evidence establishes that Plaintiffs are intended beneficiaries of the CSA by virtue of
their efforts to enforce drug laws for the safety of their communities.

Moreover, even assuming the Court were to conclude that Congress did not intend
for the CSA to benefit Plaintiffs, evidence of Defendants' statutory and regulatory violations
is still admissible in support of Plaintiffs' common law negligence claims.  The Ohio
Supreme Court declared that such violations may always be used as evidence of negligence,
even where the standard for negligence per se is not met.  As a result, granting Defendants'
motion will not streamline the trial or impact the nature of evidence heard by the jury.

**Filing Date:**      June 28, 2019
**Response Date:**    July 31, 2019
**Reply Date:**       August 16, 2019