**In re National Prescription Opiate Litigation: MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**   Plaintiffs' Memorandum in Opposition to Manufacturer Defendants' Motion for Summary Judgment on Plaintiffs' Public Nuisance Claims (Dkt. # 1942)

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga Counties

*****************

*Issue 1:*   Have Plaintiffs appropriately defined a public nuisance?

*Answer:*   Yes. The Court has already determined that Plaintiffs' public nuisance claims "fit" within Ohio law. *See* Dkt. # 1203 at 39. Thus, as a matter of law, Plaintiffs have appropriately defined an actionable public nuisance.

*Issue 2:*   Did the Manufacturer Defendants sustain their burden of showing entitlement to summary judgment dismissal of Plaintiffs' absolute public nuisance claims?

*Answer:*   No. The Manufacturer Defendants have failed to show the absence of trial issues of fact as to the requisite elements of an absolute public nuisance claim, to wit: (1) the existence of a public nuisance; (2) intentional or unlawful conduct by the Manufacturer Defendants; and (3) proximate cause. As to the existence of a public nuisance, a "public nuisance is defined as an unreasonable interference with a right common to the general public." Restatement (Second) of Torts, § 821B(1) (1979). Ohio law recognizes that public nuisances include "a significant interference with the public health . . . ." *City of Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1142 (Ohio 2002). As shown in Plaintiffs' Motion for Partial Summary Adjudication of Their Equitable Claims for Abatement of an Absolute Public Nuisance (Dkt. # 1880) incorporated herein, the epidemic of opioid availability and use has interfered with a "public right," *e.g.* public health, and constitutes a public nuisance. As to intentional and unlawful conduct, the record is replete with evidence of the Manufacturer Defendants' intentional conduct, including deliberate, false and misleading marketing strategies that served to distort the needs, wants and demand for opioids, and unlawful conduct in the violation of the Controlled Substances Act ("CSA"). As to causation, the legal challenges concerning proximate cause have already been addressed by this Court. *See* Dkt. # 1203 at 7-10. As to factual challenges, Plaintiffs incorporate their Consolidated Memorandum in Opposition to Defendants' Motions for Summary Judgment on Proof of Causation, which shows each Manufacturer Defendant, through a deceptive and illegal marketing campaign and a failure to prevent diversion of its prescription opioids, caused the opioid crisis in Summit and Cuyahoga Counties.

*Issue 3*:   Can Plaintiffs prove a predicate violation to support their statutory nuisance claim?

*Answer:*   Yes. Plaintiffs can show a predicate violation to support their statutory public nuisance claim, including, but not limited to, violation of the CSA by each of the Manufacturer Defendants. *See* Plaintiffs' Motion for Summary Judgment on Violations Under CSA at pp. 25-68 (Dkt. # 1924).

Filing Date: June 28, 2019

Response Date: July 31, 2019

Reply Date: August 16, 2019