*In re National Prescription Opiate Litigation*: **MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**  Plaintiffs' Opposition To "Generic Manufacturers'" Motion For Partial Summary Judgment (PSJ8 – Generic's Opp)

**Opposing Parties:**  Plaintiffs Summit County and Cuyahoga County

Movants Mallinckrodt, Teva, Allergan, and Endo, collectively manufactured more than 68 billion opioid pills between 2006-2012 - primarily generics - accounting for more than 88 percent of the opioids sold in the U.S. during that period. To achieve these startling numbers, Defendants engaged in aggressive and misleading marketing, among other wrongful conduct. Nevertheless, Defendants have moved for partial summary judgment, arguing that no claim relating to their opioids marketing can proceed to trial because (1) they didn't do it; and (2) federal law preempts any state law claim arising from marketing conduct.

Defendants' first argument is wrong: as detailed in Plaintiffs' brief, Defendants and other members of their corporate families engaged in a coordinated, aggressive, and misleading marketing scheme. Their misconduct included misleading "unbranded" marketing (i.e. marketing of opioids generally without reference to a specific opioid product), as well misleading specific marketing of branded and generic opioids. Defendants marketed opioids to physicians, patients, pharmacists, and other participants in the supply chain through direct marketing, paying KOLs, secretly funding front groups, and other means. These efforts worked; they shifted prescribers' and patients' historically negative perceptions of opioids, vastly expanding the U.S. and Ohio market for branded and generic opioids.

Defendants' preemption argument is also without merit: This Court has already ruled that such marketing claims are viable against these Defendants.[1] Moreover, contrary to Defendants' mischaracterization of Plaintiffs' claims, Plaintiffs do not contend that these Defendants should have changed the product labeling, which claims might be preempted by federal law. Instead, Plaintiffs' claims arise from Defendants' myriad other aggressive and misleading marketing tactics, to which the preemption doctrine and the cases Defendants rely on have no application.

Finally, Defendants' motion fails to move the litigation meaningfully towards resolution. Even read broadly, Defendants' motion would have no impact on the bulk of Plaintiffs' claims, including under RICO and arising from Defendants' failure to satisfy their duties as DEA registrants to stop diversion and to monitor for suspicious orders. Instead, the motion would, at best for Defendants, pick off small subsets of claims—or, more precisely, parts of claims

In short, Defendants' sold billions of opioids pills, including hundreds of millions to residents of Cuyahoga and Summit counties, for billions of dollars in profit. Their misleading and aggressive conduct is actionable. Defendants' have failed to establish their entitlement to summary judgment. The Court should deny Defendants' motion.

---

[1] R. & R. at 42, Apr. 1, 2019, Dkt. # 1499 (Dkt. #*Muscogee (Creek) Nation v. Purdue L.P.*) (noting that "preemption does not bar any of Plaintiff's state law claims to the extent that they are founded upon allegations that the Generic Manufacturers engaged in aggressive and misleading marketing"); *see also* R. & R. at 12-13, Apr. 1, 2019, Dkt. # 1500 (*Blackfeet Nation v. AmerisourceBergen Drug Corp.*) (adopting ruling in *Muscogee Nation* order).

**Filing Date:**     June 28, 2019
**Response Date:**   July 31, 2019
**Reply Date:**      August 16, 2019