# ATTACHMENT 1

## *In re National Prescription Opiate Litigation*:  MDL 2804
## Summary Sheet of Concise Issues Raised

**Opposition Name:**     Plaintiffs' Memorandum in Opposition to Allergan Defendants' Motion for Summary Judgment

**Opposing Parties:**     Plaintiffs Summit County and Cuyahoga County

*Issue 1*: Have the Allergan Defendants shown there is no triable issue of fact as to the moving entities' involvement in the alleged false marketing and SOMS violations?

*Answer*: No.  Consistent with prior motion practice, movants attempt to use their corporate history of mergers, acquisitions, and tax inversions to slough off liability.  But the evidence shows that movants and their direct predecessors created and managed the deficient SOM protocols that enabled the distribution of 26.5 billion opioid pills nationally from 2006-2012. The evidence supports that Allergan deliberately failed to heed the warnings of the DEA who, according to Allergan employees, treated them like "street dealers" when criticizing their astronomical distribution of movants' opioids which substantially impacted Ohio. The evidence also shows that the movants here were engaged in the false marketing.  Allergan used its branded sales force, who were trained with false and misleading messaging regarding opioids, not only to market its branded drugs but also to market its generics.

*Issue 2*: Do Plaintiffs need to pierce the corporate veil to reach movants?

*Answer*: No.  It is wholly unnecessary to pierce the corporate veil here because the evidence shows that the movants themselves, including the Irish parent corporation Allergan plc, were involved in the alleged misconduct.  If piercing were required (which it is not), the evidence supports a showing of the inseparability of the parent corporation with its subsidiaries and their mutual control over one another as well as their failure to abide by the necessary corporate formalities. The evidence also shows that it was the parent corporation that received the $33.75 billion in cash plus stock for the sale of the generic entities, and yet the Allergan Defendants have concealed the flow of these funds throughout the company.  Moreover, summary judgment on this basis would be improper because the Allergan Defendants have not responded to highly probative discovery served.

*Issue 3*: Did Teva assume liability for movants' alleged wrongdoing related to generic opioids?

*Answer*: No.  First, it is clear Teva did not assume liability for the movants' own misconduct related to generic opioids discussed above.  Second, the extent to which Teva assumed liability for the transferred generic entities' actions appears subject to dispute between Teva and Allergan.  Plaintiffs should not bear responsibility for resolving that apparent dispute.[1]

**Filing Date:**  June 28, 2019

**Response Date:**  July 31, 2019

**Reply Date:**  August 16, 2019

---

[1]  The remaining issues – whether Plaintiffs can show causation or conspiracy, and whether Plaintiffs claims against movants are time barred – are addressed primarily in other briefs filed by Plaintiffs.