***In re National Prescription Opiate Litigation*, MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**   Plaintiffs' Memorandum in Opposition to Defendants CVS Indiana, L.L.C. and CVS Rx Services, Inc.'s Motion for Summary Judgment

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga County

*Issue 1:*   Did CVS have compliant and effective suspicious order monitoring systems ("SOMs) in place, even after early 2014?

No. Plaintiffs set out the factual background of CVS's failure to implement a compliant SOMs going back to 2006. Although the program changed over time, it never complied with CVS's obligations under the CSA, nor was it effective in preventing the shipment of suspicious orders. Plaintiffs present evidence that the deficiencies continued in CVS's revised 2014 SOMs program, up through the time that CVS stopped distributing opioids to its pharmacies.

*Issue 2:*   Are Plaintiffs' claims time-barred?

No. Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment on Statute of Limitations Grounds, which is incorporated by reference, makes clear Plaintiffs' claims are not time barred. Because Plaintiffs do contest the adequacy of CVS's 2014 SOMs program, their tortious conduct unquestionably continued into the limitations period.

*Issue 3:*   Have Plaintiffs produced evidence of causation?

Yes. By distributing hydrocodone combination products ("HCPs") into Plaintiffs' jurisdictions without an appropriate suspicious order monitoring program over a prolonged period of time, CVS caused or contributed to Plaintiffs' injuries. Plaintiffs incorporate by reference their arguments in Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motion for Summary Judgment on Proof of Causation.

**Filing Date:**        June 28, 2019
**Response Date:**   July 31, 2019
**Reply Date:**        August 16, 2019