# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**MOTION TO SEVER DEFENDANTS AND TO EXTEND THE DEADLINE TO RESPOND TO NORAMCO, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**

Pursuant to the Court's request that "in order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial," ECF No. 1598 at 1-2, Plaintiffs respectfully submit this Motion to Sever Defendants Anda, Inc.; Discount Drug Mart, Inc.; HBC Service Company; H.D. Smith, LLC; Noramco, Inc. ("Noramco"); Prescription Supply, Inc.; Rite Aid Corporation; and Walmart Inc. fka Wal-Mart Stores, Inc. (the "Proposed Severed Defendants") and to Extend the Deadline to Respond Noramco's Motion for Judgment on the Pleadings Or, In the Alternative, Summary Judgment (ECF No. 1751).

## INTRODUCTION

Plaintiffs believe that severing the above Defendants would achieve the Court's objective that the trial proceed in as efficient manner as possible. Accordingly, Plaintiffs respectfully request that the Court sever the Proposed Severed Defendants from the action. In addition, Plaintiffs respectfully request that the Court stay the deadline for Plaintiffs to respond to Defendant Noramco's Motion for Judgment on the Pleadings Or, In the Alternative, Summary Judgment until a date agreed to by Plaintiffs and Noramco, or a date set by the Court.

## ARGUMENT

Rule 21 provides the Court with broad discretion to sever claims. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."). "Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits." *Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015).[1] The

---

[1] In determining whether to sever claims, "the district court does not need to determine the merit of the second claim. As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). By severing Plaintiffs' claims against the Proposed Severed Defendants from those against the other Track One defendants, the court would "create[] two separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). The action against Proposed Severed Defendants would proceed "as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.*

1

"permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Johnson v. Advanced Bionics, LLC*, 2011 U.S. Dist. LEXIS 36289, at *20 (W.D. Tenn. Apr. 4, 2011). In determining whether to sever, courts consider several factors, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Productive MD, LLC v. Aetna Health & Aetna Life Ins. Co.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013) (citing *Six L's Packing Co, Inc. v. Beale*, 2012 U.S. Dist. LEXIS 36364, at *5 (M.D. Tenn. Mar. 15, 2012)). Plaintiffs readily satisfy these criteria.

*First*, while Plaintiffs' claims against Proposed Severed Defendants arise from the opioids crisis generally, Plaintiffs will be required to prove their claims against each individual defendant based on each defendant's alleged wrongdoing.

*Second*, while there are common questions of law or fact in both Plaintiffs' claims against the Proposed Severed Defendants and the other Track One defendants, there are certain differences in Plaintiffs' claims. For example, as Noramco acknowledges, "Noramco is in a different line of business than the defendants who marketed or distributed finished drug products. Noramco instead manufactures chemicals that are active pharmaceutical ingredients ('ingredients') used by other companies that manufacture and market finished drug products." ECF No. 1751-3 at 3. In addition, different evidence is required for each defendant. *See Johnson*, 2011 U.S. Dist. LEXIS 36289, at *16 (severing claims where, among other things, the presentation of different evidence and for different claims would "confuse the issues and risk prejudicing [defendant]").

*Third*, severance would facilitate judicial economy by significantly reducing the number of defendants and claims to be tried. *See* Dkt. No. 1598 at 1-2 ("[I]n order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial.").

2

Absent severance, there is a risk that the jury will be overwhelmed by the inclusion of the Proposed Severed Defendants. *See Alvion Props., Inc. v. Weber*, 2009 U.S. Dist. LEXIS 87436, at *24-25 (M.D. Tenn. Sept. 23, 2009) (severance is appropriate "where failure to sever would place an undue burden on the parties, impose unnecessary expense, or would risk jury confusion at trial."); *TCYK, LLC v. Does*, 2013 U.S. Dist. LEXIS 179654, at *10-11 (E.D. Tenn. Nov. 18, 2013) (finding severance appropriate to avoid case management being "inefficient, chaotic, and expensive" where each defendant would likely have different defenses).

*Fourth*, the Proposed Severed Defendants would not be prejudiced by severance. Given trial is still more than two months away and the parties are currently involved in briefing summary judgment, the Proposed Severed Defendants have likely expended little effort or expense in preparation for trial (as opposed to litigating the case generally). Noramci has likely expended very little effort or expense at all. *See* ECF No. 1751-3 at 1 ("No discovery whatsoever has been taken of Noramco in this MDL."). Moreover, because severance would delay any trial against the Proposed Severed Defendants, it is more likely (with guidance from the first bellwether trial, but by no means certain) that the parties will have reached a settlement before the Proposed Severed Defendants have to defend themselves at trial, thus reducing the Proposed Severed Defendants' expected litigation costs.

*Finally*, while there may be some overlap of witnesses in any subsequent trial action against the Proposed Severed Defendants, the parties would still be required to produce different witnesses and documentary proof related to their claims and defenses. Notwithstanding, any duplication of testimony or documentation would likely be offset by the reduced length and complexity of the trial against the remaining Track One defendants.

Similarly, because discovery against Noramco has been limited, Plaintiffs should not have to respond to Noramco's Motion for Judgment on the Pleadings Or, In the Alternative, Summary

Judgment until after discovery is complete. *See Webb v. Bunch*, 1994 WL 36854, at *2 (6th Cir. Feb. 8, 1994) (pending motion "should have alerted the district judge that discovery was incomplete and that consideration of the summary judgment motion should have been delayed until the completion of discovery."); *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."); *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985) ("Grants of summary judgment on an incomplete record are generally disfavored.").

## CONCLUSION

Severing the Proposed Severed Defendants under Rule 21 would effectuate the Court's directive that this action proceed to trial with a minimal number of defendants and claims.  Plaintiffs' motion represents Plaintiffs' good faith efforts to comply with the Court's directive to streamline the trial of this action.  Accordingly, Plaintiffs request that the Court sever their claims relating to the Proposed Severed Defendants and stay the deadline for Plaintiffs to respond to Noramco's Motion for Judgment on the Pleadings Or, In the Alternative, Summary Judgment to a time to be agreed by Plaintiffs and Noramco or at the Court's convenience.

Dated:  July 31, 2019                                  Respectfully submitted,

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

4

(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY 10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

5