## *In re National Prescription Opiate Litigation*, MDL 2804
## Summary Sheet of Concise Issues Raised

**Opposition Name:** Plaintiffs' Memorandum in Opposition to Defendant Discount Drug Mart, Inc.'s Motion for Summary Judgment

**Opposing Parties:** Plaintiffs Summit County and Cuyahoga Counties

*Issue 1:* Are Plaintiffs' claims time-barred?

*Answer:* No. Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment on Statute of Limitations Grounds, which is incorporated by reference, makes clear Plaintiffs' claims are not time barred.

*Issue 2:* Have Plaintiffs produced evidence of causation?

*Answer:* Yes. Under the Controlled Substances Act ("CSA"), Discount Drug Mart, Inc. ("DDM") was required to maintain effective controls against diversion. By distributing hydrocodone combination products ("HCPs") into Plaintiffs' jurisdictions without an appropriate suspicious order monitoring program over a prolonged period of time, DDM caused or contributed to Plaintiffs' injuries.

*Issue 3:* Has DDM sustained its burden of showing entitlement to summary judgment dismissal of Plaintiffs' public nuisance claims?

*Answer:* No. DDM has failed to demonstrate the absence of trial issues of fact as to the requisite elements of Plaintiffs' public nuisance claim. As shown in Plaintiffs' Motion for Partial Summary Adjudication of Their Equitable Claims for Abatement of an Absolute Public Nuisance (Dkt. # 1880), incorporated here by reference, the epidemic of opioid availability and use has interfered with a "public right," e.g., public health, and constitutes a public nuisance. The record is replete with evidence that DDM distributed significant amounts of HCPs into Plaintiffs' jurisdictions without an effective suspicious order monitoring program required to meet its obligations under the CSA.

*Issue 4:* Have Plaintiffs produced evidence of DDM's negligence?

*Answer:* Yes. The Court already has held that "Plaintiffs have stated a plausible claim that it was reasonably foreseeable that they would be forced to bear the public costs of increased harm from the over-prescription and oversupply of opioids in their communities **if Defendants failed to implement and/or follow adequate controls in their marketing, sales, distribution, and dispensing of opioids**." R. & R., *In re Nat'l Prescription Opiate Litig.*, 2018 WL 4895856, at *37 (N.D. Ohio Oct. 5, 2018) (emphasis added). The record demonstrates that DDM was negligent in failing to implement a suspicious order monitoring system in accordance with its duties under the CSA.

*Issue 5:* Have Plaintiffs produced evidence that DDM was unjustly enriched?

*Answer:* Yes. The record demonstrates that Plaintiffs paid for the externalities associated with DDM's shipments of HCPs into Plaintiffs' jurisdictions.

**Filing Date:** June 28, 2019
**Response Date:** July 31, 2019
**Reply Date:** August 16, 2019