# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 1:18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al*.<br>Case No. 1:17-op-45004 (N.D. Ohio) | **MDL No. 2804**<br>**Case No. 17-md-2804**<br>**Judge Dan Aaron Polster** |

**SUMMARY SHEET FOR PHARMACY DEFENDANTS' RESPONSE TO
PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON
<u>ABATEMENT OF AN ABSOLUTE PUBLIC NUISANCE</u>**

In addition to the reasons set forth in the primary response, Plaintiffs' motion for summary judgment should be denied with respect to the Pharmacy Defendants because under Ohio law the "nuisance" is the conduct that is alleged to interfere with the public health. Whatever Plaintiffs many mean by the vague phrase "opioid epidemic," they have only alleged that the opioid epidemic is the effect of Defendants' conduct and not the conduct itself.

Nor have Plaintiffs shown entitlement to joint and several liability for abatement. Abatement would, at most, permit eliminating or reducing the conduct prospectively. But Pharmacy Defendants already ceased the allegedly wrongful conduct when they ceased distributing opioids. Nor have Plaintiffs shown, as Ohio law requires, that Pharmacy Defendants have control of the nuisance through ongoing acts. And in any event, joint and several liability would not be available because apportionment is possible. Plaintiffs' motion seeking joint and several liability for abatement should be denied.