## *In re National Prescription Opiate Litigation*, MDL 2804
## Summary Sheet of Concise Issues Raised

**Opposition Name:** Plaintiffs' Memorandum in Opposition to Defendant HBC's Motion for Summary Judgment

**Opposing Parties:** Plaintiffs Summit County and Cuyahoga Counties

*Issue 1:* Have Plaintiffs shown that HBC Service Co. ("HBC") did not comply with the Controlled Substances Act ("CSA")?

*Answer:* Yes.  Plaintiffs have shown that HBC did not design, implement, or operate a system to identify suspicious orders of controlled substances and did not stop or report suspicious orders to the DEA.

*Issue 2*: Have Plaintiffs demonstrated evidence of HBC's negligence?

*Answer*: Yes.  Plaintiffs have produced documents and fact and expert witness testimony that shows HBC failed to comply with its obligations under the CSA.  HBC's argument that Plaintiffs are required to – but did not – produce expert evidence to support their negligence claims fails because expert evidence is not required when, as here, the alleged negligence is recognizable to the layman.  *See Jones v. Hawkes Hosp. of Mt. Carmel*, 175 Ohio St. 503, 503, 196 N.E.2d 592, 593 (1964) ("Expert-opinion evidence is not required or necessary where the subject of the inquiry is within the common, ordinary and general experience and knowledge of mankind.").  Furthermore, contrary to HBC's arguments, Plaintiffs have demonstrated the prescriptions filled by Giant Eagle pharmacies were diverted.  *See United States v. Eppinger*, 2012 WL 6930580, at ¶¶ 114, 116, 119 (N.D. Ohio Mar. 13, 2012) (listing fraudulent prescriptions filled at Giant Eagle pharmacies in Garfield Heights, Ohio).

*Issue 3:* Have Plaintiffs put forward evidence to support their public nuisance, injury through criminal acts, unjust enrichment, and punitive damages claims?

*Answer:* Yes.  Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Adjudication that Defendants Did Not Comply with Their Duties Under the Federal Controlled Substances Act to Report Suspicious Opioid Orders and Not Ship Them, Dkt. # 1924, incorporated herein, shows that HBC engaged in wrongdoing sufficient to satisfy these claims.  HBC's contention that it is entitled to summary judgment based on the amount of hydrocodone combination products it shipped into Plaintiffs' jurisdictions is contradicted by the record and is a question of fact for the jury.  Finally, Plaintiffs have produced evidence to show HBC's criminal misconduct under the plain language of Ohio R.C. § 2925.02.  *See In re Nat'l Prescription Opiate Litig.*, 2018 WL 4895856, at *34 (N.D. Ohio Oct. 5, 2018) (upholding Plaintiffs' claims for injuries through criminal acts).

**Filing Date:** June 28, 2019
**Response Date:** July 31, 2019
**Reply Date:** August 16, 2019