*In re National Prescription Opiate Litigation*: **MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**  Plaintiffs' Opposition to Defendant Janssen Pharmaceutical Inc.'s Motion for Summary Judgment (DKT 1776-3)

**Opposing Parties:**  Plaintiffs Summit County and Cuyahoga County

*Issue 1:*  Has Janssen sustained its burden of showing entitlement to summary judgment dismissal of Plaintiffs' marketing claims?

*Answer:*  No. Plaintiffs offer considerable evidence of Janssen's fraudulent marketing of its branded opioids, Duragesic and Nucynta. Additionally, from 1997 through 2012, Janssen paid massive sums of money to pain advocacy organizations and to doctors to promote opioid use throughout America, and in Plaintiffs' counties. Janssen promoted the falsehood of "under-treatment of pain" in America and fomented the notion that opioids were associated with a low abuse potential. Janssen's argument that unbranded marketing after 2008 came too late to be a cause of Ohio's opioid crisis is absurd: Janssen's marketing certainly contributed to the continuation and growth of that crisis. Further, Janssen actively targeted Ohio with its false branded and unbranded marketing messages resulting in increased prescribing of opioids generally, and the increased incidences of addiction, overdose and death that followed.

*Issue 2:*  Has Janssen sustained its burden of showing that it is entitled to summary judgment dismissal because it utilized third party marketing messages and opioid treatment guidelines that are purportedly protected by the First Amendment?

*Answer:*  No. It is well settled law that, "[u]ntruthful speech, commercial or otherwise, has never been protected for its own sake." *Va. State Bd. Of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976).

*Issue 3:*  Has Janssen sustained its burden of showing that it is entitled to summary judgment dismissal of Plaintiffs' Controlled Substance Act claims?

*Answer:*  No. Plaintiffs have offered considerable evidence that its SOMs system fell far short of meeting its obligations under the CSA. The fact that the DEA did not cite Janssen for violations of its SOMs duties during inspections, is not evidence of compliance. *Masters Pharm., Inc. v. Drug Enforcement Admin.*, 861 F.3d 206, 224-25 (D.C. Cir. 2017).

**Filing Date:**       June 28, 2019
**Response Date:**  July 31, 2019
**Reply Date:**        August 16, 2019