## *In re National Prescription Opiate Litigation*:  MDL 2804
### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MALLINCKRODT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## Summary Sheet of Concise Issues Raised

**Motion Name:**  Mallinckrodt's Motion for Partial Summary Judgment (Dkt. # 1778-1)

**Concise Description of Issues:**  Mallinckrodt seeks partial summary judgment on the grounds that there is "no evidence" that: Mallinckrodt (a) promoted its generic products in a false and misleading manner; or (b) shipped a suspicious order to any customer or that Mallinckrodt's anti-diversion program was in any way deficient after 2012. As the evidence is sufficient to raise issues of fact on each of these points, summary judgment must be denied.

The record contains substantial evidence that Mallinckrodt promoted its generic products in a false and misleading manner, including to pharmacists and distributors through chronic pain brochures and pain "pocketcards" containing multiple misrepresentations about the safety and efficacy of chronic opioid use. Mallinckrodt also promoted opioid use overall through misleading unbranded marketing to physicians and patients. The dichotomy Mallinckrodt draws between "branded" and "generic" promotion is false. Mallinckrodt's misrepresentations were not specific to a particular opioid, generic or branded, but instead increased acceptance of widespread opioid use across the board—and, as a result, demand for generic opioids.

The record also contains substantial evidence that Mallinckrodt: (a) shipped massive volumes of opioids into Plaintiffs' jurisdictions and neighboring Ohio counties, including to pill mills and problem pharmacies; (b) relied on conflicted sales personnel—including a national account manager who compared opioid pills to Doritos chips—to help determine whether to ship suspicious orders; (c) shipped millions of opioids to wholesalers and downstream customers up until the time they were shut down by the DEA, (d) was aware that opioids shipped to Florida were being trafficked up I-75 to Ohio and other states, and (e) was aware of problems with abuse and diversion in Ohio yet continued with business as usual.  In fact, Mallinckrodt is the only manufacturer Defendant to have been investigated by the DEA and that entered into an agreement admitting that certain aspects of its system to monitor and detect suspicious orders did not meet the standards outlined in guidance letters from the DEA.  Even after 2012, Mallinckrodt continued to release suspicious orders based on flimsy representations from sales personnel, with the result that only a *de minimis* number of suspicious orders were stopped and reported to the DEA.  Mallinckrodt also continued to ship significant volumes of opioids to distributors that were violating the law.

**Filing Date:**  June 28, 2019
**Response Date:**  July 31, 2019
**Reply Date:**  August 16, 2019