# ATTACHMENT 1

## *In re National Prescription Opiate Litigation*: MDL 2804
## Summary Sheet of Concise Issues Raised

**Opposition Name:**  Plaintiffs' Opposition to Teva and Actavis Generic Defendants' Motion for Summary Judgment

**Opposing Parties:**  Plaintiffs Summit County and Cuyahoga County

*Issue 1*: Have the Teva Defendants established there is no triable issue of fact regarding the Plaintiffs' false marketing claims?

*Answer*: No.

Plaintiffs have set forth evidence demonstrating that the Teva Defendants have marketed and sold two extremely powerful fentanyl-based brand opioids (Actiq and Fentora) as well as many generic opioids. They have already pled guilty to criminal acts taken in the 2000's when creating the market for Actiq, their fentanyl-based lollipop, and were required to pay $425 million to settle civil claims. In the criminal plea, the Teva Defendants admitted they knowingly failed to disclose the true risks of the drug to patients and prescribers.

The Teva Defendants continued the fraud in a campaign to shift demand from Actiq to Fentora which was approved only for "breakthrough ***cancer*** pain" in "opioid tolerant" patients, but was widely marketed for all "breakthrough pain." Like Actiq, Fentora was a huge success. The Teva Defendants created the market for Fentora using a variety of false statements disseminated through branded and unbranded marketing strategies. Defendants still sell a wide swath of opioids today, and still benefit from the fraudulent statements that made and maintained the broad market for these drugs. Specifically, the Teva Defendants have funded various "front groups," outsourcing their false marketing to seemingly neutral entities funded by big pharma.

*Issue 2*: Have the Teva Defendants established there is no triable issue of fact regarding the Plaintiffs' Suspicious Order Monitoring ("SOM") claims?

*Answer*: No.

Plaintiffs have set forth evidence demonstrating that Teva's DEA-required SOM systems were, and are, woefully insufficient. Internal documents and witness testimony support that the bare-bones system Teva and its predecessors had in place utterly failed to detect and halt suspicious orders. Teva offers no defense of any of its systems, and has put forth no expert to support them.

Defendants also argue summarily that no issue of fact exists regarding proximate causation, public nuisance, conspiracy, the opioid supply chain enterprise and statute of limitations. Each of these arguments lacks merit for reasons explained in Plaintiffs' opposition and in numerous other summary judgment briefs, affirmative and in opposition, filed by Plaintiffs and incorporated herein by reference. Summary judgment should be denied.

**Filing Date:**  June 28, 2019

**Response Date:**  July 31, 2019

**Reply Date:**  August 16, 2019

4814-7007-4270.v1