**In re National Prescription Opiate Litigation: MDL 2804**
**PLAINTIFFS' OPPOSITION TO DEFENDANT WALGREENS'S MOTION FOR SUMMARY JUDGMENT**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:** Plaintiffs' Opposition to Walgreens's Motion for Summary Judgment (Dkt. #1764)
**Opposing Parties:** Walgreens Co. and Walgreen Eastern Co.
**Concise Description of the Issues:**

*Issue*: Is Walgreens entitled to summary judgment on the basis of causation?
*Answer*: No.

Walgreens's motion is premised on a straw man causation standard not supported by Ohio law. As more fully addressed in Plaintiffs' Opposition to Defendants' Motions for Summary Judgment on Causation (PSJ2), Plaintiffs have met their causation burden. Both Plaintiffs' experts and Walgreens's own documents sufficiently support a causal relationship between the Walgreens's breach of its legal duties, the excess supply of prescription opioids, and the opioid epidemic now plaguing Plaintiffs' community.

Through 2014, Walgreens funneled millions of doses of prescription opioids into Plaintiffs' community, including by distributing opioids to its own pharmacies without complying with its legal duties to maintain effective controls against diversion or to report and halt suspicious orders. After paying a record $80 million fine for opioid related violations of the Controlled Substances Act ("CSA") and related laws and regulations, Walgreens ceased self-distribution of opioids and continued to work with co-defendants, including related party AmerisourceBergen, to ensure the flow of opioids through Walgreens pharmacies was not interrupted. The evidence obtained by Plaintiffs in this litigation demonstrates the causal link between Walgreens's admitted CSA violations, Walgreens's excess supply of opioids, and the resulting opioid epidemic in Plaintiffs' community and Ohio.

Filing Date:  June 28, 2019
Response Date:  July 31, 2019
Reply Date:  August 16, 2019