*In re National Prescription Opiate Litigation*: **MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**  Plaintiffs' Memorandum in Opposition to Defendant Walmart's Motion for Summary Judgment

**Opposing Parties:**  Plaintiffs Summit County and Cuyahoga Counties

****************

*Issue 1:*  May Walmart be enjoined from future illegal conduct?

*Answer:*  Yes.  Unlike other Defendants who no longer distribute opioids, Walmart only stopped its wrongful conduct after plaintiffs filed suit, and it has not made any attempt to carry its "formidable burden of showing" that it will not distribute opioids in Cuyahoga or Summit Counties in the future.

*Issue 2:*  Did Walmart proximately cause Plaintiffs' injuries?

*Answer:*  Yes.  The counties' harms are the harms one would expect to flow from Walmart's nonexistent (later inadequate) SOMs systems. Plaintiffs demonstrate this causal connection through rigorous statistical analysis by experts in public health economics.

*Issue 4*:  Is Walmart's misconduct sufficient to raise a genuine issue of material fact?

*Answer*:  Yes.  Despite its status as the country's largest private employer, Walmart did not assign even one employee to design or operate a system to detect suspicious orders for years. **Absolute nuisance:** The evidence shows that Walmart deliberately chose not to create any reporting system at all until 2011, chose not to report any orders to the DEA, chose to cut and ship large orders without reporting same to the DEA, chose not to stop the shipment of *any* orders, and, for the overwhelming majority of the time, never even investigated an order. **Negligence:** It is foreseeable that wholly failing to monitor its distribution of dangerous controlled substances would help create a black market for those substances. **ORC § 2307.60:** Walmart knowingly furnished opioids to others, causing serious harm.  Walmart intentionally chose not to implement *any* system for monitoring opioid distribution for years, contributing to the opioid crisis. **Unjust enrichment:**  Walmart's wrongful conduct resulted in, among other things, increased healthcare services and addiction treatment for opioid users.  These costs *should* be paid by Walmart (and other Defendants), who caused them.

*Issue 5*:  Could a jury properly award punitive damages given Walmart's egregrious conduct?

*Answer*:  Yes. Before 2011, Walmart had *no system in place at all* to monitor opioid distribution. And the ostensible system that it ultimately put in place was so wildly deficient that Walmart has *never* identified, investigated, or reported even a single order of controlled substances in Cuyahoga or Summit Counties.  A jury could properly conclude that there is a simple reason for this: Walmart had absolutely no desire to uncover such orders, thereby demonstrating a "conscious disregard for the rights and safety of other persons . . ." *Morgan*, 559 F.3d at 440.

Filing Date:  June 28, 2019

Response Date:  July 31, 2019

Reply Date:  August 16, 2019