*In re National Prescription Opiate Litigation*:  MDL 2804

**Summary Sheet of Concise Issues Raised**

**Opposition Name:** Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude "Marketing Causation" Opinions of Drs. Schumacher, Lembke, and Keyes

**Opposing Parties:** Plaintiffs Summit County and Cuyahoga County

*Issue:* Are the opinions of Drs. Schumacher, Lembke and Keyes, that Defendants' false and misleading marketing of prescription opioids was a cause of the opioid epidemic, admissible under *Daubert* and Fed. R. Evid. 702?

*Answer:* Yes. Defendants move to exclude what they call "marketing causation" opinions offered by Drs. Mark Schumacher, Anna Lembke, and Katherine Keyes, arguing that these witnesses are not qualified to offer opinions about marketing.  The motion should be denied in its entirety, because Drs. Schumacher, Lembke, and Keyes are exceedingly well-qualified to opine (a) that Defendants' representations about opioids falsely downplayed the risk of addiction while exaggerating purported benefits; (b) that these misrepresentations and omissions caused doctors to prescribe opioids without proper awareness of the enormous risks and lack of benefits; and (c) that the misconceptions about opioids promoted by the Defendants were a cause of the opioid epidemic. This testimony falls squarely within the expertise of Dr. Lembke, an addiction medicine physician who performed extensive research into the opioid epidemic long before she was engaged as an expert; Dr. Schumacher, a physician who was one of 18 renowned medical and scientific experts selected by the National Academies of Sciences, Engineering and Medicine (NASEM) to assess the opioid epidemic and its causes; and Dr. Keyes, a professor of epidemiology who specializes in the epidemiology of substance use and substance use disorders. These doctors have the expertise to assess the truth, falsity, and completeness of what Defendants said about opioids; the effects on the medical profession and on prescribing of those statements; and the causes of the opioid epidemic that followed.

Defendants' brief ignores Plaintiffs' experts' pre-litigation research and published opinions. In 2017, Dr. Schumacher and the NASEM Committee stated that "heavy promotion of opioid prescribing by drug manufacturers (including misleading claims by some) and substantially increased prescribing by physicians were key contributors to the increase in misuse, OUD, and accompanying harms." In 2016, Dr. Lembke researched and published a book finding that "doctors were duped" into overprescribing by the false messages that Defendants promoted. In 2013, Dr. Keyes wrote a peer-reviewed article stating that "aggressive marketing" contributed to the opioid epidemic. All of these opinions were stated before Plaintiffs' experts had any connection to the litigation. *See Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007) ("That an expert testifies based on research he has conducted independent of the litigation provides important, objective proof that the research comports with the dictates of good science").

The opinions of these experts are supported by a substantial body of independent research. For example, a 2018 article concluded that "overwhelming evidence of misinformation and misdeeds" by drug manufacturers and distributors were among the causes of the opioid epidemic; a 2009 article found that Defendants had overstated the benefits of the drugs while falsely claiming that the risk of addiction was extremely small (Pl. Opp. Br. at 7-9).  The review of scientific literature is a sound methodology. *In re Gadolinium-Based Contrast Agents Products Liab. Litig.*, No. 1:08 GD 50000, 2010 WL 1796334, *mod. on recon.*, 2010 WL 5173568, *aff'd sub nom. Decker v. GE Healthcare Inc.*, 770 F.3d 378 (6th Cir. 2014) (finding expert testimony based on review of scientific literature

1815563.1

***In re National Prescription Opiate Litigation*:  MDL 2804**

**Summary Sheet of Concise Issues Raised**

admissible); *see also*, *In re Heparin Prods. Liab. Litig.*, 803 F. Supp. 2d 712738 (N.D. Ohio 2011) ("Courts have admitted expert testimony as reliable where experts extrapolate their opinions from their knowledge and experience combined with a review of the relevant scientific literature.")

The proposed testimony of Drs. Lembke, Schumacher, and Keyes applies reliable methodology, including reliance on their own pre-litigation research and peer-reviewed scientific literature. Their opinions will assist the trier of fact and should not be excluded.

**Filing Date:**  June 28, 2019

**Response Date:**  July 31, 2019

**Reply Date:**  August 16, 2019

1815563.1