*In re National Prescription Opiate Litigation*:  MDL 2804

**Summary Sheet of Concise Issues Raised**

**Opposition Name:** Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Meredith Rosenthal's Opinions and Proposed Testimony

**Opposing Parties:** Plaintiffs Summit County and Cuyahoga County

**Concise Description of Issues:**

***Issue*** **#1.** Are the opinions of Professor Rosenthal admissible under *Daubert* and FED. R. EVID. 702?

  ***Answer:*** Yes.  Professor Rosenthal is unquestionably well-qualified as an expert, and courts have repeatedly admitted her testimony concerning causation in cases involving pharmaceutical marketing.  She will offer opinions on a core issue in this case – the extent to which Defendants' marketing campaign caused an increase in prescription opioid sales over the relevant time period.  To measure this, she performed a regression analysis, a methodology that courts have accepted in countless cases as a reliable means of measuring causation, and used data whose reliability Defendants do not challenge.

  Defendants' primary argument in support of exclusion is that Professor Rosenthal's opinions do not "fit" Plaintiffs' theory of liability.  This argument misconstrues and mischaracterizes Plaintiffs' theory of liability.  Plaintiffs have alleged a nationwide campaign that was intended to and did increase the demand for prescription opioids.  Because Plaintiffs have alleged, and will prove, that Defendants' marketing campaign polluted the entire prescribing ecosystem, Plaintiffs do not need to identify specific prescriptions written because of specific detailing visits, and an analysis of causation should not seek to isolate and disaggregate specific providers, but instead should be focused, as Professor Rosenthal's was, on the class of drugs at issue.  Professor Rosenthal developed an aggregate model that captured the spillover effects across manufacturers and across drugs that Plaintiffs will show at trial.  Professor Rosenthal developed her model to match what Plaintiffs alleged and will prove, rather than the case as framed by Defendants.  Her assessment of causation will be helpful to the factfinder in assessing Plaintiffs' claims as they will actually be presented.

  Defendants' arguments concerning the reliability of Professor Rosenthal's methodology fall similarly flat.  Their criticisms of her aggregate model identify nothing that even remotely calls into question its reliability.  Instead, they assert criticisms about her choice of variables that reflect a misunderstanding of the purpose of her model, or at best, go to the weight and not admissibility of her testimony, and are properly the subject of cross-examination. Professor Rosenthal's methodology is squarely within the mainstream of her field, and she provides ample support for each step that she took to develop the model and assess causation.

**Filing Date:**  June 28, 2019

**Response Date:**  July 31, 2019

**Reply Date:**  August 16, 2019

1815558.1