## *In re National Prescription Opiate Litigation*:  MDL 2804

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE DAVID CUTLER'S OPINIONS AND PROPOSED TESTIMONY

### Summary Sheet of Concise Issues Raised

**Motion Name:**    Defendants' Motion to Exclude David Cutler's Opinions and Proposed Testimony (Dkt #1758)

**Concise Description of Issues:**

Dr. David Cutler—a professor of Applied Economics at Harvard—is widely regarded as one of the nation's preeminent health economists, a view shared by Defendants' own economist experts. Drawing upon his vast expertise in analyzing the economics of health care and addictive behaviors, Prof. Cutler used a variety of different analyses to assess the link between increased prescription opioid shipments and opioid-related harms, including harms from illicit opioids, in the Bellwether Counties. He found that increased shipments caused increased harms and that other factors could not, alone, explain the increase in harms.  He also quantified the extent of to which increased shipments led to increased harms.

In connection with this analysis, Prof. Cutler used a three-step framework rooted in well-recognized economic and econometric methodologies that specifically (1) quantified the share of harms in the Bellwether Counties attributable to opioids, (2) quantified the share of all opioid-related harms, including illicit harms, attributable to prescription opioid shipments, and (3) quantified the share of shipment-related harms attributable to Defendants' misconduct. Prof. Cutler used a comprehensive series of data sets at the national, state, and Bellwether County level over the past 20 years to support his conclusions.

Prof. Cutler's analysis is the middle step (of three) of Plaintiffs' causation and damage model. In the first step, Professor Meredith Rosenthal assesses how Defendants' promotional efforts increased prescriptions sales and Dr. Craig McCann analyzes how many opioid orders would have been flagged by a variety of methodologies.  In performing his analysis, Prof. Cutler uses percentages from Prof. Rosenthal and Dr. McCann to determine the percentage of increased harms attributable to Defendant's misconduct.  In the third step, Professor Thomas McGuire assesses the costs the Bellwether Counties incurred as a result of the opioid epidemic, and uses Prof. Cutler's percentages to quantify the percentage of those costs that resulted from Defendants' misconduct.

Defendants' attacks on Prof. Cutler's opinions are meritless. His analysis properly relies on data from 400 counties across the United States and properly considers appropriate variables in reaching his conclusions.  Defendants' disagreements with the particulars of how Prof. Cutler carried out his analysis may be grounds for cross-examination, but provide no basis for excluding Prof. Cutler's methodologically-sound and powerfully relevant opinions regarding the impact of Defendants' misconduct on harms in the Bellwether Counties.

**Filing Date:** June 28, 2019

**Response Date:** July 31, 2019

**Reply Date:** August 16, 2019