### *In re National Prescription Opiate Litigation*: MDL 2804
### Summary Sheet of Concise Issues Raised

**Opposition Name:** Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Exclude Testimony of Thomas McGuire Concerning Damages

**Opposing Parties:** Plaintiffs Summit County and Cuyahoga County

Defendants challenge the opinions offered by Dr. Thomas G. McGuire quantifying the economic damages suffered by the Bellwether Counties as a result of the opioid epidemic. Their challenges lack merit. Professor McGuire, a renowned professor of health economics in the Department of Health Care Policy at Harvard Medical School with decades of experience researching, publishing, and teaching health economics and health policy, applied standard economic methods to determine the costs incurred by the Counties in responding to the epidemic. After analyzing the economics of local government budgeting, Prof. McGuire identified nine divisions in Cuyahoga County and ten divisions in Summit County affected by the opioid epidemic. Professor McGuire then estimated the specific past expenditures incurred by affected divisions in responding to the opioid crisis following a systematic review of county expenditures. Finally, Professor McGuire applied the estimates of the percent of harms attributable to defendants' misconduct, as presented in the expert report of Dr. David Cutler, to the identified affected costs in each division yielding an estimate of the damages for which Defendants are liable.

Because of the nature of the governmental budgeting process, Prof. McGuire's analysis incorporates the concept of "opportunity costs," and Defendants' motion to exclude is based primarily on McGuire's consideration of such costs. Economists uniformly recognize "opportunity costs" as representing true costs; both Ohio and federal case law permit the recovery of such costs. *See, e.g., Illuminating Co. v. Wiser*, 2018-Ohio-2248, ¶ 30, 114 N.E.3d 240, 246; *Complete Gen. Constr. Co. v. Ohio Dep't of Transp.*, 2002-Ohio-59, 94 Ohio St. 3d 54; *Cincinnati Bell, Inc. v. Hinterlong*, 70 Ohio Misc. 38, 44 (Mun. 1981); *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008); *U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 409 (4th Cir. 2013); *S. California Hous. Rights Ctr. v. Krug*, 564 F. Supp. 2d 1138, 1152 (C.D. Cal. 2007). Defendants' misconduct caused the Counties to divert their resources into responding to the epidemic, rather than providing the ordinary range of governmental services. This represented a genuine cost to the Counties, which they are permitted to recover. Defendants' arguments that the Counties are precluded from recovering these costs if they did not raise taxes to immediately increase their budgets, or if they cannot show that they are perfectly efficient in their use of their resources are entirely lacking in support. Defendants' quibbles with Dr. McGuire's methodology are similarly baseless and should be rejected.

**Filing Date:**     June 28, 2019
**Response Date:**   July 31, 2019
**Reply Date:**      August 16, 2019