# NOTICE OF SERVICE: ATTACHMENT 1

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY PURPORTING TO RELATE TO ABATEMENT COSTS AND EFFORTS

# SUMMARY SHEET

## *In re National Prescription Opiate Litigation*:  MDL 2804

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY PURPORTING TO RELATE TO ABATEMENT COSTS AND EFFORTS**

### Summary Sheet of Concise Issues Raised

**Opposition Name:**  Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony Purporting to Relate to Abatement Costs and Efforts

**Opposing Parties:**  Plaintiffs Summit County and Cuyahoga County

**Concise Description of Issues:**

*Issue 1:*  Are the abatement-related expert opinions of Dr. Jeffrey Liebman, Ph.D., and Dr. G. Caleb Alexander, M.D., M.S., admissible under *Daubert* and FED. R. EVID. 702?

*Answer*:  Yes.  Defendants challenge Dr. Liebman's and Dr. Alexander's opinions on relevance and reliability grounds; Defendants do not challenge their qualifications. Both Dr. Liebman and Dr. Alexander offer testimony regarding the reasonable programs and services that should be implemented to address the opioid epidemic. They further offer testimony regarding how to calculate the costs associated with these programs and services.  This testimony is directly relevant to Plaintiffs' public nuisance claim and will aid the Court in understanding the scope and cost of an abatement plan that would effectively abate the public nuisance that Defendants have created in Cuyahoga and Summit Counties.  Additionally, the opinions of Dr. Liebman and Dr. Alexander are supported by sufficient data and are the product of reliable principles and methods reliably applied to the facts of the case.  Defendants' motion to exclude the abatement opinions of Dr. Liebman and Dr. Alexander should be denied.

*Issue 2:*  Are the abatement-related expert opinions of Dr. Katherine Keyes, Ph.D., admissible under *Daubert* and FED. R. EVID.  702?

*Answer*:  Yes.  Defendants challenge Dr. Keyes' opinions on relevance and reliability grounds; they do not challenge her qualifications.  Dr. Keyes offers testimony regarding certain reasonable programs and services that should be implemented to address the opioid epidemic.  This testimony is directly relevant to Plaintiffs' public nuisance claim and will aid the Court in understanding the scope of an abatement plan that would effectively abate the public nuisance that Defendants have created in Cuyahoga and Summit Counties.  Additionally, Dr. Keyes' opinions are supported by sufficient data and are the product of reliable principles and methods reliably applied to the facts of the case.  Defendants' motion to exclude the abatement opinions of Dr. Keyes should be denied.

*Issue 3:*  Are the abatement-related expert opinions of Dr. Scott Wexelblatt, M.D., admissible under *Daubert* and FED. R. EVID. 702?

*Answer*: Yes. Defendants challenge Dr. Wexelblatt's opinions on relevance grounds; they do not challenge his qualifications or the reliability of his opinions. Dr. Wexelblatt offers testimony regarding certain reasonable programs and services that should be implemented to address the opioid epidemic's impact on opioid-exposed pregnant mothers and infants. This testimony is directly relevant to Plaintiffs' public nuisance claim and will aid the Court in understanding the scope of an abatement plan that would effectively abate the public nuisance that Defendants have created in Cuyahoga and Summit Counties. Defendants' motion to exclude the abatement opinions of Dr. Wexelblatt should be denied.

*Issue 4:*  Are the abatement-related expert opinions of Dr. Nancy Young, Ph.D., admissible under *Daubert* and FED. R. EVID. 702?

*Answer*: Yes. Defendants challenge Dr. Young's opinions on relevance grounds; they do not challenge her qualifications or the reliability of her opinions. Dr. Young offers testimony regarding the reasonable programs and services that should be implemented to address the opioid epidemic's impact on child welfare systems and related agencies, including recovery courts. This testimony is directly relevant to Plaintiffs' public nuisance claim and will aid the Court in understanding the scope of an abatement plan that would effectively abate the public nuisance that Defendants have created in Cuyahoga and Summit Counties. Defendants' motion to exclude the abatement opinions of Dr. Young should be denied.

*Issue 5:* Does Dr. Thomas McGuire, Ph.D. offer any opinions regarding abatement?

*Answer*: No. Dr. McGuire does not opine about abatement. Defendants' motion to exclude his abatement opinions should be denied as moot.

**Filing Date:** June 28, 2019
**Response Date:** July 31, 2019
**Reply Date:** August 16, 2019