*In re National Prescription Opiate Litigation*: MDL 2804
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**   Defendants' Motion to Exclude David Egilman's Opinions and Proposed Testimony (**Egilman Opp.**)

**Opposing Parties:**   Plaintiffs Summit County and Cuyahoga County

David Egilman, MD, is a renowned and recognized expert in numerous areas of medicine who has often assisted the trier-of-fact with understanding complex medical, pharmaceutical and regulatory issues. Dr. Egilman has published extensively, taught for decades and performed research in the areas in which he offers testimony. He undertook a detailed review of Defendants' documents in this case to arrive at the opinions he provided in his Report. These opinions focus primarily on fraudulent marketing, inadequate warnings, addiction, and pain, including with respect to Defendants' suspicious order monitoring ("SOM") systems.

Dr. Egilman is qualified to offer these opinions. He has expertise in each of the areas in which he offers opinions. Over more than two decades he has offered testimony in more than 300 trials.

Dr. Egilman's opinions, based on his extensive qualifications, are reliable. In forming his opinions, he applied his knowledge, expertise, and experience as a medical doctor, epidemiologist, researcher, and academic with specific expertise in medical warnings, regulations, and corporate conduct to the issues in this case and documents produced by Defendants. The methodological approaches used by Dr. Egilman in formulating his opinions – the grounded theory and evidence-based medicine methods – are thoroughly explained and well-supported by citation in his Report. Moreover, Dr. Egilman was subject to a two-day deposition during which Defendants had ample opportunity to explore and challenge his methodologies and conclusions.

Relying on his methodological approaches, Dr. Egilman reviewed significant numbers of Defendants' own documents in reaching his opinions. Thus, his opinions are based on information Defendants actually had in their possession or should have known based upon available medical information. He is not offering speculative testimony about Defendants' motives, intentions or subjective state of mind. Moreover, he is not offering improper legal or ethical conclusions, but opinions about regulatory matters or public health issues that he is fully qualified to offer.

Dr. Egilman's testimony will assist the trier of fact in numerous complex areas, in particular because he is able to summarize and explain voluminous materials. To the extent Defendants' claims with respect to Dr. Egilman's qualifications, methodology or bias have any substance, which Plaintiffs dispute, then such claims can be subject to cross-examination at trial, as they go to the weight, and not the admissibility, of Dr. Egilman's testimony.

**Filing Date:**      June 28, 2019
**Response Date:**   July 31, 2019
**Reply Date:**       August 16, 2019

1815442.1