*In re National Prescription Opiate Litigation*: MDL 2804
**Summary Sheet of Concise Issues Raised**

**Opposition Name:**     Plaintiffs' Memorandum in Opposition to Defendants' Motion to
Exclude the Testimony of David Kessler, MD and Matthew Perri

**Opposing Parties:**     Plaintiffs Summit County and Cuyahoga County

Defendants' motion to exclude the testimony of Dr. David Kessler and Professor Matthew Perri is wholly lacking in merit and should be denied.  The testimony at issue is well-grounded in Dr. Kessler and Prof. Perri's expertise, helpful to the factfinder, and admissible in its entirety.

First, contrary to Defendants' arguments, Dr. Kessler's and Dr. Perri's use of corporate documents is appropriate and does not constitute improper narrative or invade the province of the jury. Not only are these types of documents commonly relied upon by experts, but it is well-established that Courts regularly allow experts to discuss documents that form the basis of their opinions. Second, Dr. Kessler's and Prof. Perri's opinions do not speculate about the knowledge, intent, motivation, or state of mind of the manufacturers. Experts like Dr. Kessler and Prof. Perri are free to testify as to a defendant's knowledge when that knowledge is demonstrated in the record.

Defendants' challenge to Prof. Perri's methodology misconstrues Prof. Perri's work and expert opinions. Prof. Perri's case study methodology and his application of the principles of marketing fit the facts and law of this case and give rise to admissible opinions. Defendants are likewise mistaken that Dr. Kessler offers improper legal opinions. Courts allow a qualified expert to offer testimony on whether a party complied with FDA regulations, as well as the relevant duty of care under state law. Plaintiffs anticipate offering Dr. Kessler to address areas about which Dr. Kessler has been routinely permitted to testify.

Finally, Dr. Kessler does not seek to offer undisclosed opinions regarding Johnson & Johnson/Janssen subsidiaries' Noramco and Tasmanian Alkaloids role in supplying oxycodone. Dr. Kessler's testimony shows that he was responding to questions with facts he was aware of from his review of internal company documents, which are cited on his list of reliance materials.

**Filing Date:**      June 28, 2019
**Response Date:**    July 31, 2019
**Reply Date:**       August 16, 2019