UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>All Cases | MDL 2804<br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFFS' RESPONSE TO CERTAIN DEFENDANTS' OBJECTION TO THE PROPOSED ORDER DE-DESIGNATING SUSPICIOUS ORDER REPORTS AND THE MEDIA INTERVENORS' POSITION PAPER**

Plaintiffs request that "certain" defendants' objection be overruled. Plaintiffs incorporate herein documents #789 and #1989 as their response to the objections.

The Court has recognized repeatedly that the ARCOS data and the Suspicious Order Reports (SORs) are at the heart of this litigation. Indeed, these documents permeate nearly every cause of action which the Plaintiffs have brought against the defendants in this MDL.

The responses filed by the Media Intervenors distinguish between public records and judicial records and argue that the ARCOS data for 2013 and 2014 and the SORs are public records. Plaintiffs do not challenge this. However, because these documents have now been utilized and referenced in court documents, the documents are also now judicial records. The public's right to see those records is therefore governed by the standards set forth in the 6th Circuit opinion. (For example, James

Rafalski, plaintiffs' compliance expert, refers repeatedly to the SORs in his expert report.  This document was filed as an exhibit to Plaintiffs' Motion for Partial Summary Adjudication that Defendants Did Not Comply with Their Duties Under the Federal Controlled Substances Act to Report Suspicious Opioid Orders and Not Ship Them. (Dkt. No. 1910)

The Court has previously ruled that despite no mandate having been issued by the 6th Circuit Court of Appeals, it retains jurisdiction to modify its prior protective order. The 6th Circuit Opinion never dealt with nor specifically mentions SORs sent to the DEA by the defendants.  As to the SORs reports, any law enforcement concern with the reports is alleviated by the DEA's willingness to de-designate these records.  And because the defendants have not demonstrated any privacy or trade secret concerns with these records, the Court should enter the proposed order de-designating these SORs.  And the Court should remove the protective order relating to the 2013-2014 ARCOS data.

        Respectfully submitted,

        *s/Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        **SPANGENBERG SHIBLEY & LIBER**
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        Phone: 216) 696-3232
        Fax: (216) 696-3924
        pweinberger@spanglaw.com
        *Plaintiffs' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

      s/*Peter H. Weinberger*
      Peter H. Weinberger

      *Plaintiffs' Co-Liaison Counsel*