# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *County of Summit, et al. v. Purdue Pharma L.P., et al*, Case No. 1:18-op-45090 | ) |
| | ) **OPINION & ORDER** |

Before the Court are five motions: Defendant Allergan plc's Motion to Dismiss for Lack of Jurisdiction ("**Allergan plc's Motion**"), **Doc #: 1258**, Defendant Teva Pharmaceutical Industries Ltd.'s ("**Teva Ltd.**") Motion to Dismiss for Lack of Jurisdiction ("**Teva Ltd.'s Motion**"), **Doc #: 1264**, Defendant Mallinckrodt plc's Motion by Special Appearance to Dismiss the Corrected Second Amended Complaint for Lack of Personal Jurisdiction ("**Mallinckrodt plc's Motion**"), **Doc #: 1266**, Mallinckrodt plc's Motion to Strike the Expert Report of Alec Fahey ("**Mallinckrodt plc's Motion to Strike**"), **Doc #: 1836**, and Teva Ltd.'s Motion to Strike the Expert Report of Alec Fahey ("**Teva Ltd.'s Motion to Strike**"), **Doc #: 2082**. For the following reasons, Mallinckrodt plc's Motion to Strike and Teva Ltd.'s Motion to Strike are **GRANTED**. All three motions to dismiss are hereby **DENIED WITHOUT PREJUDICE**.

I. **Background**

Plaintiffs retained CPA Alec Fahey on January 2, 2019 to provide forensic accounting services to "determine whether Mallinckrodt plc [] controls and dominates its subsidiaries" and "whether [Teva Ltd.] controls and dominates its subsidiaries[.]" *See* Doc #: 1717-3; 1815-2. On January 15, 2019, Allergan plc, Teva Ltd., and Mallinckrodt plc all filed the instant motions to dismiss. Doc #: 1258, 1264, and 1266. The Court granted Mallinckrodt plc's Motion for Leave to file its motion on January 17, 2019. Doc #: 1279. On January 25, 2019, Plaintiffs served Mallinckrodt plc with forty-two Requests for

Production and twenty-six Interrogatories—all relating to personal jurisdiction. *See* Doc #: 1836-5 and 1836-6. On February 13, 2019, Plaintiffs filed a Motion for Extension of Time to respond to the three motions to dismiss "in light of Special Master Cohen's oral ruling on February 12, 2019, ordering Defendants to respond to discovery on the specific topic of personal jurisdiction." Doc #: 1365. Plaintiffs requested that they be permitted to respond to the motions once they completed jurisdictional discovery. *Id.* The Court granted Plaintiffs' Motion for Extension of Time on February 15, 2019 and directed the parties to meet and confer with Special Master Cohen to determine to what extent personal jurisdiction discovery needed to be taken. Doc #: 1372.

On March 25, 2019, Plaintiffs disclosed and submitted reports for their Track One experts, as required by Case Management Order ("CMO") 8, Doc #: 1306. Plaintiffs did not disclose Fahey as an expert. On April 3, 2019, Special Master Cohen issued a Ruling requiring the parties to conduct the "agreed-upon jurisdictional discovery." Doc #: 1512 at 6. The Ruling set Plaintiffs' Response deadline for all three motions for June 5, 2019. *Id.* at 10. On June 6, 2019, the parties filed a Stipulated Motion for Extension of Deadlines, requesting that Plaintiffs' Response deadline for Mallinckrodt plc's Motion and Allergan plc's Motion be extended to June 21, 2019 and Plaintiffs Response deadline for Teva Ltd.'s Motion be extended to July 5, 2019. Doc #: 1660. The parties also requested that Mallinckrodt plc and Allergan plc's Reply deadline be extended to July 12, 2019 and Teva Ltd.'s be extended to July 19, 2019. *Id.* The Court granted this second motion for extension. Doc #: 1661. Plaintiffs filed their Response to Mallinckrodt plc's Motion on June 21, 2019 with the Affidavit of Alec Fahey attached as Exhibit 3. Doc #: 1717. On June 27, 2019, the Court granted Plaintiffs and Allergan plc another extension of time, setting Plaintiffs' Response deadline for July 9, 2019 and Allergan plc's Reply deadline for July 30, 2019. Doc #: 1744. The parties filed Letter Briefs on July 2, 2019, in compliance with the Court's request for a short summary of the basis for the Motion. *See* Doc #: 1836-8. In

Mallinckrodt plc's Letter Brief, it requested additional jurisdictional discovery, including taking Fahey's deposition. *Id.*

On July 3, 2019, the Court issued a Non-Document Order denying any further requests for additional jurisdictional discovery and directing the parties to comply with the current briefing schedule. That same day, the Court granted Plaintiffs and Teva Ltd. another extension of time, setting Plaintiffs' Response deadline for July 9, 2019 and Teva Ltd.'s Reply deadline for July 30, 2019. Doc #: 1804. On July 5, 2019, Mallinckrodt plc filed a Motion to Clarify the Court's July 3, 2019 Order. Doc #: 1814. Also on July 5, 2019, Plaintiffs filed their Response to Teva Ltd.'s Motion. Doc #: 1815. The Court issued another Non-Document Order on July 8, 2019, clarifying that its order was not meant to prohibit Mallinckrodt plc from filing a motion to strike Fahey's Affidavit. On July 9, 2019, Plaintiffs filed their Response to Allergan plc's Motion. Doc #: 1823. On July 12, 2019, Mallinckrodt plc filed its Reply brief, Doc #: 1835, and a Motion to Strike the Expert Report of Alec Fahey, Doc #: 1836. Plaintiffs filed a Response brief to Mallinckrodt plc's Motion to Strike, Doc #: 2065, on July 27, 2019. Allergan plc filed its Reply on July 30, 2019. Doc #: 2079. So did Teva Ltd. Doc #: 2081. Teva Ltd. also filed its motion to strike on July 30, 2019. Doc #: 2082.

Now, over six months after these motions to dismiss were filed and three extensions of time later, these motions are fully briefed before the Court.

## II. Analysis

### A. Motion to Strike

As recited in § I(A), Plaintiffs retained CPA Alec Fahey on January 2, 2019 to provide forensic accounting services to "determine whether Mallinckrodt plc [] controls and dominates its subsidiaries" and "whether [Teva Ltd.] controls and dominates its subsidiaries[.]" *See* Doc #: 1717-3; 1815-2. On January 29, 2019, the Court issued its Case Management Order No. 8, setting Plaintiffs' deadline to serve their expert reports for March 25, 2019. Doc #: 1306 at 1. Plaintiffs' expert report disclosures did not

3

include Alec Fahey. Plaintiffs did not disclose Fahey's Affidavits until they filed their Response briefs on June 21, 2019 and July 15, 2019. *See* Doc #: 1717-3; 1815-2. Thus, Mallinckrodt plc and Teva Ltd. moved to strike the Fahey Affidavit as untimely. *See* Doc #: 1836; 2082.

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose its testifying witnesses "at the time and in the sequence that the court orders." FED. R. CIV. P 26(a)(2)(A); FED. R. CIV. P 26(a)(2)(D). In this case, the Court-ordered disclosure deadline was March 25, 2019. "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). The Court finds excluding an expert witness's untimely testimony especially appropriate where, as in this case, Plaintiffs retained the expert months before the expert report deadline. Plaintiffs argue in their Response to Mallinckrodt's Motion to Strike that any delays in disclosing Fahey's Affidavit were caused by Mallinckrodt's persistent refusal to accept service of the complaints in the litigation. Mot. to Strike Opp. at 7. However, Plaintiffs retained Fahey on January 2, 2019—over two months before the expert disclosure deadline on March 25, 2019. Plaintiffs provide no explanation for why they did not disclose Fahey before the expert disclosure deadline. Thus, the Court agrees with Mallinckrodt plc and Teva Ltd. that Fahey's Affidavits should be stricken. The Court will only consider those Exhibits to Fahey's Affidavits that have not been created by Fahey. Accordingly, Mallinckrodt plc's Motion to Strike, Doc #: 1836, and Teva Ltd.'s Motion to Strike, Doc #: 2082, are hereby **GRANTED**.

### B.  Motions to Dismiss for Lack of Personal Jurisdiction

#### 1.  Standard

"To survive a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), a plaintiff must prove that jurisdiction is proper over each defendant individually." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355–56 (6th Cir. 2014) (citation omitted). In ruling upon a motion to dismiss for lack of personal jurisdiction, the district court has three procedural alternatives:

"[it] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *SFS Check, LLC v. First Bank of Delaware*, 990 F. Supp. 2d 762, 769 (E.D. Mich. 2013). "When, as here, the district court allows discovery on the motion, the court should consider the facts offered by both parties and rule according to the preponderance of the evidence." *Id.* at 356 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989)). Additionally, an evidentiary hearing may be conducted "if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution[.]" *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988). Judicial resources may be more efficiently deployed if the court holds but one hearing on the contested facts. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1215 (6th Cir. 1989) (citation omitted). Thus, a court may combine a personal jurisdiction evidentiary hearing with the trial on the merits. *Sledge v. Indico Sys. Res., Inc.*, 68 F. Supp. 3d 834, 839 (W.D. Tenn. 2014). However, "[t]he decision to exercise personal jurisdiction is a question of law based on the Due Process Clause of the Constitution." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003) (internal quotation omitted). As such, personal jurisdiction is a question to be determined by the Court, not by a jury.

Plaintiffs argue that Allergan plc, Mallinckrodt plc, and Teva Ltd. are subject to jurisdiction in this Court pursuant to two legal theories: alter ego liability and successor jurisdiction.[1] The Court will address these theories in turn.

### 2. Alter Ego Liability

Each of the three defendants are foreign corporations. Mallinckrodt plc and Allergan plc are Irish corporations. Teva Ltd. is an Israeli corporation. No defendant has disputed that they each have subsidiaries who are subject to personal jurisdiction in Ohio and that such jurisdiction comports with

---

[1] Plaintiffs do not argue that Allergan plc should be subject to personal jurisdiction in this Court pursuant to the alter ego theory of liability. Thus, the Court only addresses alter ego liability as to Mallinckrodt plc and Teva Ltd.

5

due process. These subsidiary entities are all defendants in the Track One cases set for trial on October 21, 2019. Likewise, Plaintiffs are not contending that any of the three foreign defendants has independent contacts with the State of Ohio. Plaintiffs do contend that Mallinckrodt plc and Teva Ltd. are the "alter egos" of their subsidiaries. The Sixth Circuit has held that "[t]he alter-ego theory provides for personal jurisdiction 'if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction.'" *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017) (citation omitted). In determining whether a subsidiary is an alter ego of the parent corporation, Ohio courts consider factors such as whether (1) corporate formalities are observed, (2) corporate records are kept, and (3) the corporation is financially independent. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362–63 (6th Cir. 2008) (citing *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, No. 4:05 CV 2205, 2006 WL 2225821, *6 (N.D. Ohio Aug. 2, 2006)).

Courts in the Sixth Circuit also consider additional factors such as (1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets; (5) completing the same jobs; (6) not maintaining separate books, tax returns and financial statements; and (7) exerting control over the daily affairs of another corporation. *See id.* None of the Sixth Circuit or Ohio factors are alone sufficient to establish alter ego liability. Plaintiffs only address the Sixth Circuit factors in their Mallinckrodt plc and Teva Ltd. Response briefs. Other courts in the Sixth Circuit have relied solely on these Sixth Circuit factors so the Court finds that addressing the Sixth Circuit factors is sufficient for the alter ego analysis. *See e.g.*, *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362–63 (6th Cir. 2008) (citing *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, No. 4:05 CV 2205, 2006 WL 2225821, *6 (N.D. Ohio Aug. 2, 2006)).

### a. Mallinckrodt plc

Mallinckrodt plc is an Irish public limited company headquartered in the United Kingdom. Doc #: 1266; Fenlon Aff. ¶ 2. Mallinckrodt plc is a holding company and the ultimate parent company of Mallinckrodt LLC and SpecGx LLC. *Id.* Mallinckrodt LLC and SpecGx LLC are both Delaware limited liability companies headquartered in St. Louis, Missouri. *Id.* at ¶¶ 10-11. Mallinckrodt LLC and SpecGx LLC both have sold opioids in the United States; Mallinckrodt plc has not. *Id.* at ¶ 3. Mallinckrodt plc does not dispute that Mallinckrodt LLC and SpecGx LLC are subject to personal jurisdiction in the Track One cases. Rather, Mallinckrodt plc asserts that this Court does not have jurisdiction over it as an indirect parent company with no contacts with the United States. However, Plaintiffs assert that Mallinckrodt LLC and/or SpecGx LLC are the alter-egos of Mallinckrodt plc. Thus, the Court must consider the facts of the alter-ego analysis. Plaintiffs do not argue that two of the alter ego factors—having the same address and phones lines, and completing the same jobs—are satisfied. Plaintiffs only address the remaining five Sixth Circuit factors so the Court will only consider these.

Plaintiffs first assert that Mallinckrodt LLC and/or SpecGx LLC are the alter-egos of Mallinckrodt plc because they share the same employees and corporate officers. Mallinckrodt Opp. at 11. For example, Plaintiffs argue that Michael-Bryant Hicks serves as Senior Vice President & General Counsel for both Mallinckrodt LLC and Mallinckrodt plc. *Id.* Plaintiffs rely on a 2017 DOJ/DEA settlement agreement that they allege Hicks signed on behalf of both entities. *See id.*; Fahey Ex. 7 at 14. However, Mallinckrodt plc's current Vice President, Corporate Secretary, and General Counsel Stephanie Miller signed a sworn affidavit that Hicks has never served as an officer of Mallinckrodt LLC and only signed the settlement agreement in his capacity as Senior Vice President & General Counsel of Mallinckrodt plc, pursuant to a delegation of authority. Miller Aff. ¶ 8. Plaintiffs allege that both SpecGx LLC and Mallinckrodt LLC have several other common officers with Mallinckrodt plc but Plaintiffs fail to cite specific documentation other than Fahey's Affidavit to support their assertions.

Plaintiffs also allege that Mallinckrodt plc, SpecGx LLC, and Mallinckrodt LLC engage in the same business enterprise. Mallinckrodt Opp. at 12-13. However, Mallinckrodt plc has never marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else. Doc #: 1266; Fenlon Aff. at ¶ 3. Nor is Mallinckrodt plc registered with the United States Drug Enforcement Administration to manufacture or sell opioid drugs. *Id.* However, the Mallinckrodt family of companies appears to file its securities information as a global enterprise. *See* Mallinckrodt Opp at 13-14. As far as using the same assets, Plaintiffs allege that Mallinckrodt plc does use the same assets as its subsidiaries and Mallinckrodt plc disputes this. The parties also dispute the extent that Mallinckrodt plc and its subsidiaries maintain separate books, tax returns, and financial statements, and whether this is normal corporate practice or evidence of the Mallinckrodt entities acting together as one. Lastly, the parties dispute the extent to which Mallinckrodt plc controls the daily affairs of Mallinckrodt LLC and/or SpecGx LLC. Plaintiffs allege that Mallinckrodt plc controls its subsidiaries' marketing and sales strategies, promotional efforts, intellectual property rights and enforcement thereof, etc. *See* Mallinckrodt Opp. at 16; Fahey Ex. 16 at 9. Mallinckrodt plc argues that any evidence Plaintiffs claim shows its control over its subsidiaries' daily affairs is consistent with normal managerial oversight that all corporate parents and majority shareholders provide to their subsidiaries. *See* Mallinckrodt Reply at 12. Thus, the parties dispute and offer conflicting evidence for each of the five alter ego factors Plaintiffs addressed. Ultimately, the Court finds that the issue of whether SpecGx LLC and/or Mallinckrodt LLC are alter-egos of Mallinckrodt plc should be litigated in the Track One trial.

### b. Teva Ltd.

Teva Ltd. is a public limited company incorporated under the laws of Israel and headquartered in Petah Tikva, Israel. Doc #: 1264-2; West Dec. ¶ 2. Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States. *Id.* Teva USA, a subsidiary of Teva Ltd., is a Delaware corporation with its principal place of business in North Wales,

Pennsylvania. Doc #: 1465; Third Amended Complaint ("**TAC**") ¶ 68. Teva USA sold opioids in the United States from 2005-2009. *Id.* Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. *Id.* at ¶ 69. In 2011, Teva Ltd. acquired Cephalon, Inc. *Id.* Cephalon, Inc. is also in the business of manufacturing, distributing, and selling opioids in the United States. *Id.* at ¶ 70. Plaintiffs argue that Cephalon, Inc. and Teva USA are alter egos of Teva Ltd.

Plaintiffs assert that Teva Ltd. and Teva USA share the same employees and corporate officers. Teva Opp. at 7. For example, Debra Barrett, as Teva USA employee, coordinated and directed advocacy, lobbying, and policy development across the entire Teva group of companies. *Id.* at 8. Teva Ltd. counters that any sharing of employees or corporate officers between it and Teva USA or Cephalon, Inc. is through arms-length agreements. Teva Reply at 11. Plaintiffs also argue that Teva Ltd. and Teva USA engage in the same business enterprise because Teva Ltd. controls the operations of its subsidiaries through an integrated management team via Global Divisions. Teva Opp. at 8. Plaintiffs further contend that Teva Ltd. and Teva USA use the same assets, in part because they file consolidated financial results with the Securities & Exchange Commission. *Id.* at 9. Teva Ltd. responds that its SEC filings comport with the SEC's regulatory specifications and is common practice among parent-subsidiary relationships. Teva Reply at 13. Finally, Plaintiffs maintain that Teva Ltd. controls the daily activities of Teva USA. Teva Opp. at 12. Plaintiffs state that Teva Ltd.'s CEO has to ultimately approve whether or not Teva USA launches an opioid product in the United States. *Id.* at 13. Teva Ltd. claims that what Plaintiffs state are daily activities are really examples of high-level oversight. Teva Reply at 19. Given these significant factual disputes, the Court defers deciding whether Teva USA and/or Cephalon, Inc. are alter egos of Teva Ltd until after the Track One trial.

### 3. Successor Liability

Plaintiffs argue that Allergan plc, Teva Ltd., and Mallinckrodt plc are also all subject to personal jurisdiction under successor liability. The Sixth Circuit has explained that "it is compatible with due

process for a court to exercise personal jurisdiction over ... an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008). The parties agree that Ohio law dictates the rules of successor liability in this case. In Ohio, "[t]he well-recognized general rule of successor liability provides that the purchaser of a corporation's assets is not liable for the debts and obligations of the seller corporation." *Welco Indus., Inc. v. Applied Cos.*, 617 N.E.2d 1129, 1132 (1993) (citation omitted). The Ohio Supreme Court has identified four discrete exceptions to the general rule when: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Id.* at 1133.

### a. Allergan plc

Allergan plc was originally incorporated under the name Actavis plc in Ireland on May 16, 2013. Doc #: 1258-2; Arecca Aff. ¶ 5. In June 2015, Actavis plc changed its corporate name to Allergan plc. *Id*. Allergan plc is a corporation incorporated under the laws of the Republic of Ireland. *Id.* at ¶ 4. Allergan plc's headquarters are in Dublin, Ireland and it maintains administrative headquarters in Madison, New Jersey. Doc #: 2079-1; Arecca Aff. ¶ 3. Allergan Finance, LLC (formerly Actavis, Inc.) is a limited liability company incorporated in Nevada and headquartered in Madison, New Jersey. Doc #: 1465; TAC ¶ 51. Allergan Finance, LLC is a subsidiary of Allergan plc and a defendant in the Track One cases. *Id.* Allergan plc "was established for the purpose of facilitating the business combination between Allergan Finance, LLC and Warner Chilcott plc." Allergan Reply at 10. A stock transaction occurred where all shares of Allergan Finance, LLC were cancelled and coverted into the right to receive shares in Allergan plc on a one-to-one basis. *Id.* Plaintiffs argue that Allergan plc is the successor of Allergan Finance, LLC and therefore this Court has jurisdiction pursuant to the successor jurisdiction theory. Allergan Opp. at 8. Allergan plc claims that successor jurisdiction cannot apply here because

Allergan Finance LLC still exists as an ongoing concern and Allergan Finance, LLC and Allergan plc did not engage in an asset sale. Allergan Reply at 6.

"A de facto merger is a transaction that results in the dissolution of the predecessor corporation and is in the nature of a total absorption of the previous business into the successor." *Welco Indus., Inc. v. Applied Cos.*, 617 N.E.2d 1129, 1134 (Ohio 1993). A de facto merger is a merger in fact without an official declaration of such. *Id.* "The hallmarks of a de facto merger include (1) the continuation of the previous business activity and corporate personnel, (2) a continuity of shareholders resulting from a sale of assets in exchange for stock, (3) the immediate or rapid dissolution of the predecessor corporation, and (4) the assumption by the purchasing corporation of all liabilities and obligations ordinarily necessary to continue the predecessor's business operations." *Id*. "The Supreme Court of Ohio has never stated that it is an absolute requirement that all of the 'hallmarks' of a de facto merger be present before concluding that a particular transaction is in fact a de facto merger." *Cytec Indus., Inc. v. B.F. Goodrich Co.*, 196 F. Supp. 2d 644, 658 (S.D. Ohio 2002).

Plaintiffs and Allergan plc dispute whether any of these factors are satisfied in this case. For example, Plaintiff asserts that Allergan plc holds itself out as engaging in the same business of distributing, manufacturing, and selling opioids that Allergan Finance, LLC did before the stock transaction. Allergan Opp. at 9. Allergan plc responds by arguing that merely publishing the general description of the business of its consolidated subsidiaries does not transform Allergan plc from a holding company into an operating one. Allergan Reply at 13. Given these factual disputes between the parties, whether Plaintiffs can establish a de facto merger should be determined after the Court and the parties have the benefit of a full trial record.

### b. Mallinckrodt plc

Plaintiffs argue that Mallinckrodt plc expressly assumed the liabilities of Covidien plc, its predecessor in its separation agreement. Mallinckrodt Opp. at 19-20. Mallinckrodt plc does not dispute

that Covidien plc sold opioids in Ohio but rather argue that Plaintiffs fail to cite to any section of a separation agreement that specifically identifies any liability related to the manufacture, distribution, and/or sale of opioids in Ohio. Mallinckrodt Reply at 15. Plaintiffs do not cite to or attach any separation agreement between Covidien and Mallinckrodt plc; but neither has Mallinckrodt. Further, the parties dispute what significance a separation agreement would have on Plaintiffs' successor liability theory. The Court will reserve ruling on this issue until trial because neither party has presented the separation agreement or addressed any specific provision regarding liability.

### c. Teva Ltd.

Plaintiffs maintain that Teva Ltd. is also subject to successor jurisdiction in this Court as the successor to Ivax, Barr, Cephalon, and the Actavis generic entities. Teva Opp. at 17. Teva Ltd. first argues that successorship liability, even where established, cannot establish personal jurisdiction. Teva Reply at 21-22. The Court disagrees. The Sixth Circuit has consistently acknowledged that a corporation that may not ordinarily be subject to personal jurisdiction, may be subject to personal jurisdiction when that corporation is the successor of a corporation that would be subject to personal jurisdiction. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008). Next, Teva Ltd. argues that Plaintiffs' successor arguments regarding Ivax and Barr have no merit because Ivax and Barr are not parties in this litigation. However, Ivax and Barr need not be parties to this litigation, especially where, as in this case, Plaintiffs argue that Teva Ltd. is their successor and therefore responsible for any harms caused by them. Plaintiffs allege that Ivax and Barr sold opioids throughout the United States, including Ohio. Teva Opp. at 1. Teva Ltd. further contends that Plaintiffs' successorship arguments fail because they have not provided the underlying transaction documents. Teva Opp. at 24. But as previously discussed, de facto mergers are sufficient for personal jurisdiction purposes without needing to show an actual merger. Plaintiffs argue that de facto mergers existed because Teva Ltd.'s press releases called its acquisition of these subsidiaries "mergers" and Teva Ltd.

12

continued the businesses of these entities. Teva Opp. at 18. Plaintiffs further argue that de facto mergers existed because Teva Ltd. has stepped in and assumed liabilities for its subsidiaries for misconduct related to their pharmaceutical sales. *Id.* at 19. Teva Ltd. argues that making a settlement payment for the conduct of a subsidiary cannot subject a foreign entity to personal jurisdiction. Teva Reply at 24. The Court finds that there still exist disputes of fact as to whether Teva Ltd. is the successor of Ivax, Barr, Cephalon, and/or the Actavis generic entities. Accordingly, the Court reserves ruling on this issue until after the Track One trial.

### III. Conclusion

For the foregoing reasons, the Court determines that there are significant issues of disputed fact which must be resolved before the Court can determine if it has personal jurisdiction over these foreign defendants. An evidentiary hearing is necessary, and the Court finds it is most efficient to combine the evidentiary hearing on these personal jurisdiction issues with the Track One trial. Accordingly, Mallinckrodt plc's Motion to Strike, **Doc #: 1836**, and Teva Ltd.'s Motion to Strike, **Doc #: 2082**, are **GRANTED.** Allergan plc's Motion, **Doc #: 1258**, Teva Ltd.'s Motion, **Doc #: 1264**, and Mallinckrodt plc's Motion, **Doc #: 1266**, are hereby **DENIED WITHOUT PREJUDICE**. Plaintiffs bear the burden by a preponderance of the evidence to show at trial that this Court has personal jurisdiction over these three defendants. Allergan plc, Mallinckrodt plc, and Teva Ltd. may renew their motions to dismiss at the conclusion of trial.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  Aug. 5, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**