# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) ) ) | |
| This document relates to: | ) | |
| *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.* | ) ) | MDL No. 2804 |
| Case No. 18-op-45090 | ) ) | Hon. Judge Dan A. Polster |
| and | ) ) | |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al.* | ) ) | |
| Case No. 1:18-op-45004 | ) ) | |

_____

## DEFENDANTS' MOTION FOR ADDITIONAL TRIAL TIME AND FOR TIMELY ELECTION BY PLAINTIFFS OF CLAIMS AND DEFENDANTS THEY SEEK TO PURSUE AT TRIAL

Defendants[1] object to the current trial schedule and seek additional time to adequately

present the first MDL trial before this Court. In the event these cases are not resolved on

---

[1] Moving Defendants are AmerisourceBergen Drug Corp., Cardinal Health, Inc., CVS Indiana, L.L.C., CVS Rx Services Inc., Henry Schein, Inc., Henry Schein Medical Systems, Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Mallinckrodt, plc, Mallinckrodt LLC, SpecGx LLC, McKesson Corporation, Teva Pharmaceuticals USA, Inc, Cephalon, Inc., Allergan Sales, LLC, Allergan USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida, Endo Pharmaceuticals Inc., Endo Health Solutions Inc., Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc., Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Walgreen Co., and Walgreen Eastern Co. Teva Pharmaceutical Industries Ltd., Allergan plc, and Mallinckrodt plc are respectively an Israeli corporation, Irish holding company, and an Irish company that are not subject to and contest

summary judgment, the Court has reserved seven weeks for trial.  Respectfully, if any portion of this case remains after summary judgment, that is not enough time for a fair presentation of the evidence.  As the Court recently recognized, this litigation is arguably the "most complex constellation of cases that have ever been filed," June 25, 2019 Tr., pt. 1, at 4:12–13 (Dkt. 1732), presenting new and untested theories of liability, involving claims against over 20 sets of differently situated Defendants (and more than 45 total Defendant companies), and seeking over $8 billion in damages for two Ohio counties.  Defendants therefore seek sufficient time to ensure that each Defendant in the Track One cases has a fair opportunity to fully present its defenses.  Due process requires no less.

While the Court previously articulated its reasons for limiting the Track One trial to seven weeks, and Defendants noted their objections to such a truncated trial, the Court has made clear that it expects the case to be significantly narrowed before trial.  Plaintiffs also have acknowledged several times that this case is not manageable in its current form and repeatedly and expressly committed to streamline the case.  Yet they have not done so, instead refusing to narrow the scope of their claims,[2] or the number of their claims beyond stating that their

---

personal jurisdiction for the reasons explained in their motions to dismiss for lack of personal jurisdiction, they are specially appearing to join this motion, and, thus, they do not waive and expressly preserve their personal jurisdiction challenges.  In the event that the Motion to Sever (Dkt. 2099) is not granted, the following additional defendants also join in this Motion: Anda, Inc., Discount Drug Mart, Inc., HBC Service Company, H. D. Smith, LLC f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith Holdings, LLC, H. D. Smith Holding Company, Prescription Supply Inc., Rite Aid of Maryland, Inc. d/b/a Rite-Aid Mid Atlantic Customer Support Center, Inc., and Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc.

[2] For example, despite clear time bars on certain of their allegations, *see* Dkt. 1874, 1896, Plaintiffs seek to try the most expansive case possible in terms of the time periods at issue.  Had they reasonably narrowed the relevant time periods, as the statute of limitations requires, the trial would be more administrable.

common law fraud claim has been "subsumed" into other counts.[3]  And their only proposal regarding the sprawling number of parties is to seek to sever a subset of defendants (still leaving at least 40 distinct defendants, and 13 sets of Defendants) into a second trial involving mostly duplicative claims and issues.  Even if the motion to sever is granted, that would not streamline the first trial set for October enough to make it manageable or feasible to complete fairly within seven weeks.[4]

Because the present trial length is insufficient, Defendants seek additional time for any trial of any claims remaining after summary judgment.  They further ask the Court to compel Plaintiffs to make an election by no later than August 16, 2019 as to those claims and parties they will pursue at the October trial.  That election will allow the Court and the parties to make an informed assessment of the appropriate length and structure of any trial.

## I.     Additional Time Is Needed to Conduct the Track One Trial.

It is simply not possible to try this case fairly in seven weeks.  It is by no means unusual to try far simpler cases involving a single plaintiff and a single defendant in a comparable

---

[3] Plaintiffs' counsel previously informed defense counsel that Plaintiffs intend to focus on public nuisance and RICO claims.  Even if these claims survive summary judgment, they cannot be fairly tried in seven weeks.  But Plaintiffs have not yet followed through on even this reduction, instead providing only the vague assurance that "[a]nything else that we are looking at would be subsumed within those, and so the defendants by and large can focus on those causes of action at this point in time."  May 21, 2019 Tr. at 23:16–19 (Dkt. 1643).  In a July 31 opposition brief, Plaintiffs claim to have "dropped" their common law fraud claim (despite the absence of any formal dismissal to date), but Plaintiffs have previously stated that they "believe the activities of fraud . . . are subsumed into other actions."  June 25, 2019 Tr., pt. 2, at 4:15–22 (Dkt. 1738).  This position makes clear that Plaintiffs' "dropping" of their fraud claim is no more than an empty nod to the Court's directive to streamline their claims, and it will not actually serve to reduce the time needed to fairly try this case in any practicable way.

[4] In bringing this motion, Defendants do not concede that the claims against them should proceed to trial; indeed, those claims are defective for the many reasons stated in the Defendants' pending summary judgment motions.

amount of time.  This includes the opioids context.  In a bench trial involving only one claim[5] against one set of defendant companies (Janssen and Johnson & Johnson), *State of Oklahoma v. Purdue Pharma, et al.,* No. CJ-2017-816 (Okla. Dist.), the State of Oklahoma presented 27 witnesses, and a total of 46 witnesses ultimately testified over the course of a seven-week trial. That trial—which did not involve multiple plaintiffs, multiple defendants, multiple claims, or a jury—took the *entire time period* currently allotted to try the claims of two Plaintiffs against many Defendants, illustrating the unworkable nature of the current trial schedule.

This MDL is unusually complex and challenging.  Unless narrowed by summary judgment, the first trial will involve numerous novel and disparate theories of liability, complicated theories of causation, dozens of defendants, two distinct plaintiffs, and claims for massive damages and "abatement."  Pretrial discovery illustrates the large-scale nature of this case.  Nearly 600 depositions of over 500 witnesses have now been completed.  Plaintiffs have identified approximately 20 expert witnesses whom they may call, and Defendants have identified approximately 85 expert witnesses whom they may call.

Additional complexity arises from the great variety among Defendants.  The more than 45 total Defendants (and over 20 sets of Defendants) in MDL Track One present disparate facts on foundational questions involving their specific actions and whether there is any causal link between those actions and the blame for the opioid abuse crisis with which Plaintiffs seek to charge them.  There is wide variation in the factual and legal defenses not only between Defendant industry groups (distributors, manufacturers, and pharmacies), but also among the many disparate Defendants within each industry group.  For example, certain manufacturers

---

[5] In the Oklahoma litigation, the plaintiff voluntarily dismissed (not severed) all but its public nuisance claim.

make only generic products, while others make medicines under patent with resulting differences in marketing strategy.  Some have not marketed *any* opioid medications in years, and some never marketed opioid medications at all.  Distributors and pharmacies are likewise unique.  For example, the pharmacies only ever distributed controlled substances to their own stores, some never distributed Schedule II drugs, and the various pharmacies stopped distributing different relevant products at different points in time.  While Plaintiffs may assert overlapping claims (as to some Defendants), many of the claims against each Defendant—and certainly against each Defendant industry group—involve and arise out of different factual circumstances.

In addition, the two Track One counties who will be part of this trial present overlapping but distinct sets of facts on core questions such as damages and Plaintiffs' knowledge and actions regarding opioid diversion.  To fairly try this case, Defendants must have time to present facts regarding numerous distinct issues for each County, such as when County officials became aware of opioid abuse and misuse in the County, the nature and timing of specific activities (if any) undertaken by each County to combat abuse and misuse, and the costs of those activities. For example, there are sharp factual disputes over Plaintiffs' alleged damages and "abatement costs," and these disputes over complex calculations will require substantial time to present at trial.  Moreover, each Defendant must be allotted sufficient time to present facts as to that individual Defendant and to respond to Plaintiffs' assertions about that individual Defendant's alleged conduct.  These fact-specific inquiries cannot be collapsed or combined into a single, aggregate offer of proof by either Plaintiffs or Defendants.  As Plaintiffs acknowledged, they require individualized proof—and sufficient time to present that proof at trial as to "each individual defendant based upon each defendant's alleged wrongdoing."  Dkt. 2099, at 2.

5

Defendants cannot be forced to sacrifice key elements of their defenses in order to accommodate an unreasonable seven-week timeframe, particularly when facing claims that Plaintiffs' experts have valued in the billions of dollars.  The issues involved in this trial will be so complex that Defendants could not obtain a fair presentation of evidence in that timeframe. Defendants recognize that the Court has broad authority to manage its docket, but that authority must be balanced by "respect for the requirements necessary to achieve a fair trial."  *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996).  Unreasonably truncating the time for trial would fundamentally impair Defendants' right to due process and a fair trial because, among other things, it would limit the evidence they could present and improperly suggest that individualized proof regarding each Defendant is not required.[6]  *See id.* ("When the manner of the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible then the essence of the trial itself has been destroyed.").

Plaintiffs' recent motion to sever concedes the unworkable nature of this trial but does not fix the problem.  The motion does not limit the range of claims, and its reduction of parties by 8 (with at least 40 individual defendants remaining) does not cure the fundamental lack of time needed to present the jury with a full factual record regarding the range of Defendants that would be involved in the first trial—a group which would still include numerous manufacturers, distributors, and retailers engaged in widely varied business practices and presenting unique facts and defenses.

---

[6] Excluding "probative, non-cumulative evidence" in this way "may be an abuse of the trial court's discretion[,]" and "any time limits formulated in advance of trial must be fashioned with this in mind."  *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987).

## II.    Plaintiffs Should be Obligated to Materially Narrow the Claims and Defendants for the Track One Trial.

The Court has recognized that Plaintiffs need to "streamline this case."  May 21, 2019 Tr.
at 18:5–7 (Dkt. 1643).  And Plaintiffs have repeatedly promised that they will narrow the number
of claims they will present at trial.  *Id.* at 5:6–8 ("[W]e are going to be able to keep our
commitment to you that come October 21st, we will try this case and we will have it down to
something manageable.").  Yet, apart from a motion to sever just a few Defendants that does not
come close to solving the due process or fairness problems, Plaintiffs have not taken a single
meaningful step toward keeping their promise.

It is clear that any trial of this case cannot proceed in the allotted time against even the
Plaintiffs' proposed set of Defendants.  The parties are now potentially less than three months
from one of the most complicated trials in legal history.  But Plaintiffs just days ago submitted a
letter brief to the Court making clear that they have no intent to voluntarily narrow the claims
and parties in the Track One trial.  *See* Exhibit 1 (Pls.' Reply in Support of Pls.' Motion to Allow
Live Trial Testimony via Contemporaneous Transmission), at 4 (stating that it is "impossible" to
name the defense witnesses Plaintiffs seek to call at trial because "Plaintiffs *have no idea which
of the many Defendants will be remaining in the litigation at the time of trial*." (emphasis
added)).  This was further confirmed on July 31 when Plaintiffs refused to abandon any claims or
parties in their responses to Defendants' summary judgment motions.[7]  *See* Dkt. 1653
(requesting that Plaintiffs "immediately notify the Court and the Special Masters" of any

---

[7] Plaintiffs opposed all but one summary judgment motion.  Plaintiffs moved to stay the due date
for their opposition to Noramco, Inc.'s summary judgment motion on the basis that they wished
to take discovery against Noramco Inc., despite fact discovery ending months ago.

summary judgment motions that need not be resolved because parties are "dismissed" or "claims … dropped").

Unless and until the issues in the Track One trial are sufficiently narrowed and the time for trial is significantly extended, Defendants cannot fairly prepare for any trial.  The identity and number of Defendants and claims will substantially affect what evidence will be presented, the order and manner of that presentation, and which Defendants present it.  Plaintiffs, of course, may have decided how they plan to streamline their case, but for tactical reasons are playing their cards close to their chests until closer to trial.  But an "October surprise" (or even a "September surprise") would be grossly unfair to Defendants.  Indeed, Courts have recognized the impropriety of last-minute dismissals that cause another party to "needlessly expend significant resources" before trial.  *See, e.g.*, *Taltech Ltd. v. Esquel Enterprises Ltd.*, 609 F. Supp. 2d 1195, 1210 (W.D. Wash. 2009) (granting attorneys' fees because, among other reasons, plaintiffs dismissed their damages claim "shortly before trial" and "defendants' efforts in preparing for a jury trial proved for naught when, just weeks before trial, plaintiffs waived their right to a jury"), *aff'd in relevant part*, *rev'd in part on other grounds*, 604 F.3d 1324 (Fed. Cir. 2010).

Materially narrowing claims and parties is essential as a matter of simple pretrial logistics.  The practical ability to work through basic questions, such as how depositions will be designated, and what agreements will be reached on admissibility, will be dramatically affected by the number and identity of the parties at trial.  It is impractical for Defendants to coordinate effectively on trial approach—as the Court has asked—when it is unclear which parties and claims Plaintiffs actually intend to pursue.  Last-minute narrowing risks delay and inefficiencies at trial, as the parties will have to scramble with last-minute changes to exhibit lists and

scheduling difficulties caused by the inability to reasonably forecast which witnesses may need to testify and when.  And it will also have a substantial impact on the Court and waste its limited resources, forcing the Court to decide scores of summary judgment, *in limine*, and *Daubert* motions that may ultimately prove to be irrelevant and unnecessary.

Given Plaintiffs' refusal meaningfully to cull their case, as they acknowledged needed to be done and committed to do, the Court should enter an order mandating that Plaintiffs must promptly notify the Court and Defendants of a materially narrowed set of claims and parties they intend to pursue at trial.  Only after Plaintiffs have actually streamlined the case can the Court and the parties make a reasoned judgment about the time necessary for a fair trial.  *See Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995) ("[A] district court should impose time limits only when necessary, after making an informed analysis based on a review" of the scope of the parties' intended evidence).

If Plaintiffs do not provide sufficient narrowing by August 16, 2019, at which point the Court and parties can determine what length of trial is appropriate, the trial date should be continued into the new year.  Defendants request that they be provided at least three months' notice from Plaintiffs prior to the commencement of any trial as to which claims and Defendants they seek to pursue at trial.  To do otherwise, or to try a case of the current size on an entirely untenable seven-week schedule, would be unreasonable and unfair in every respect at the expense of Defendants' due process rights.

Dated:     August 5, 2019               Respectfully Submitted,

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:    617.342.4000
Fax:   617.342.4001
Email:  jmatthews@foley.com
        kkoski@foley.com
        kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

*/s/ Shannon E. McClure*
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen Drug Corporation*

*/s/ Donna M. Welch*
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
edelinsky@zuckerman.com
smiller@zuckerman.com

*Counsel for CVS Rx Services, Inc. and CVS Indiana, L.L.C.*

/s/ Geoffrey Hobart
Geoffrey E. Hobart
Mark Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*

/s/Timothy D. Johnson
Timothy D. Johnson (0006686)
Cavitch, Familo & Durkin Co. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
Telephone: 216-621-7860
DD: 216-472-4611
Facsimile: 216-621-3415
E-mail: tjohnson@cavitch.com

*Counsel for Defendant Discount
Drug Mart, Inc.*

/s/ Carole S. Rendon
Carole S. Rendon
BAKER HOSTETLER
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
crendon@bakerlaw.com

Jonathan L. Stern
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
ARNOLD & PORTER KAYE
SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Endo Health Solutions Inc.,
Endo Pharmaceuticals Inc., Par
Pharmaceutical, Inc. and Par Pharmaceutical
Companies, Inc.*

/s/ John P. McDonald
John P. McDonald
Texas Bar No. 13549090
jpmcdonald@lockelord.com
C. Scott Jones
Texas Bar No. 24012922
sjones@lockelord.com
Lauren M. Fincher
Texas Bar No. 24069718
lfincher@lockelord.com
Brandan J. Montminy
Texas Bar No. 24088080
brandan.montminy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
T: 214-740-8445
F: 214-756-8110

*Attorneys for Henry Schein, Inc. and Henry
Schein Medical Systems, Inc.*

11

/s/ Robert M. Barnes
Robert M. Barnes
Joshua A. Kobrin
MARCUS & SHAPIRA LLP
35th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758
rbarnes@marcus-shapira.com
kobrin@marchus-shapira.com

*Counsel for HBC Service Company*

/s/ Brien T. O'Connor
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC
and SpecGx LLC and specially appearing for
Mallinckrodt plc*

/s/ William E. Padgett
William E. Padgett
Kathleen L. Matsoukas
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel:    (317) 236-1313
Fax:    (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for Defendants H. D. Smith, LLC f/k/a
H. D. Smith Wholesale Drug Company, H. D.
Smith Holdings, LLC and H. D. Smith Holding
Company*

/s/ Charles C. Lifland
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor Los
Angeles, CA 90067-6035
Tel: (310) 553-6700
dpetrocelli@omm.com

*Attorneys for Janssen Pharmaceuticals, Inc.,
Johnson & Johnson, Janssen Pharmaceutica,
Inc. n/k/a Janssen Pharmaceuticals, Inc., and
Ortho- McNeil-Janssen Pharmaceuticals, Inc.
n/k/a Janssen Pharmaceuticals, Inc.*

*/s/ Eni Mainigi*
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal
Health, Inc.*

*/s/ Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5917
Fax: (215) 963-5001
elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc., d/b/a
Rite Aid Mid-Atlantic Customer Support
Center*

*/s/ John J. Haggerty*
John J. Haggerty
James C. Clark
Stephan A. Cornell
FOX ROTHSCHILD LLP
2700 Kelly Road,
Warrington, PA 18976
(215) 345-7500
(215) 345-7507
jhaggerty@foxrothschild.com
jclark@foxrothschild.com
scornell@foxrothschild.com

*Counsel for Defendant Prescription
Supply Inc.*

*/s/ Mark S. Cheffo*
Mark S. Cheffo
Sheila L. Birnbaum
Hayden A. Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com
Sheila.Birnbaum@dechert.com
Hayden.Coleman@dechert.com

*Attorneys for Purdue Pharma L.P.,
Purdue Pharma Inc., and The Purdue
Frederick Company*

13

/s/ Steven A. Reed
Steven A. Reed
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
steven.reed@morganlewis.com
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3000
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA,
Inc., Cephalon, Inc., Watson Laboratories,
Inc., Actavis LLC, and Actavis Pharma, Inc.
f/k/a Watson Pharma, Inc.*


/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen
Eastern Co.*

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

14

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document was served via the Court's

ECF system to all counsel of record on August 5, 2019.

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*