# EXHIBIT 1

# SPANGENBERG
## SHIBLEY & LIBER
### TRIAL LAWYERS

—— COMMITMENT. INTEGRITY. RESULTS. ——

PETER H. WEINBERGER, OF COUNSEL
WILLIAM HAWAL
PETER J. BRODHEAD, OF COUNSEL
DENNIS R. LANSDOWNE
STUART E. SCOTT
NICHOLAS A. DICELLO
JEREMY A. TOR
DUSTIN B. HERMAN
KEVIN C. HULICK
JERADON Z. MURA

CRAIG SPANGENBERG
(1914-1998)

NORMAN W. SHIBLEY
(1921-1992)

JOHN D. LIBER
(1938-2013)

July 29, 2019

**Via email only at david@specialmaster.law**
Special Master David Cohen
U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113

**RE:  Plaintiffs' Reply in Support of Plaintiffs' Motion to Allow Live Trial Testimony via Contemporaneous Transmission**

Dear Special Master Cohen:

Plaintiffs offer the following Reply in Support of Plaintiffs' Motion to Allow Live Trial Testimony via Contemporaneous Transmission. Plaintiffs take this opportunity to address several additional points raised in Defendants' Response.

### I. Plaintiffs' Request Is Fully Consistent with the Territorial Limitations of Rule 45

Defendants begin their response by erroneously contending that Plaintiffs are attempting to circumvent the territorial limitations on subpoenas. Essentially, Defendants argue that Rule 45's language of "attend a trial" means "in the courtroom where the trial is occurring." Defendants' reading, which they boldly proclaim to be "common-sense," is flawed, as it incorrectly reads Rule 45 in a vacuum. As Judge Doherty from the Western District of Louisiana, rejecting identical arguments aptly held in the *Actos* MDL:

> Nothing in Rule 45, itself, indicates the Rule must be read in the vacuum Defendants argue; to the contrary, Rule 45 must be read *in tandem with* Rule 43 and as a part of an harmonious whole that is the Federal Rules of Civil Procedure. . . . . Thus, the Defendants' argument is both myopic and flawed. A fair reading of the definition in Rule 43 of an appearance 'IN OPEN COURT" "at trial," specifically includes an appearance via live transmission, together with a fair reading of the scope of activities permitted to be ordered by subpoena under Rule 45 (specifically, a person may be ordered to "attend a trial"), establishes that <u>the two Rules embrace and address the concept of appearance at "trial" to include contemporaneous live transmission from another location at the location of the Court.</u>

*In re Actos,* 2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) (underlined emphasis added).

As articulated in Plaintiffs' motion, Judge Doherty is hardly alone, and so it is strange that Defendants characterize Plaintiffs' representations as "bald" and "perplexing." Indeed, aside from *Actos* (which Defendants failed to even cursorily address), several other notable MDL courts have decided contrary to what Defendants proclaim to be "common sense." Most recently, Judge Herndon from *DePuy* found similarly, under very similar facts. 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016). And despite Defendants' argument that a one-sentence concurrence from the Fifth-Circuit suggests that the case is "not on secure footing," the Fifth Circuit in fact unanimously denied defendants' mandamus petition challenging the district court's transmission order. And, Judge Herndon himself denied a motion to reconsider, despite defendants' arguments based on the concurrence. *See In re DePuy*, 3:15-cv-03484-K, Dkt. 171 (October 3, 2016). Other federal MDL courts are in accord. *See, e.g., Hall v. Bos. Sci. Corp.*, 2015 U.S. Dist. LEXIS 120031 (W.D. Wis. Sep. 9, 2015); *In re San Juan DuPont*, 129 F.R.D. 424 (D.P.R. 1990); *In re Washington*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988).

Defendants' cases are either unpersuasive or support Plaintiffs' position. Defendants cite, for example, *Ping-Kuo Lin v. Horan Capital* Mgmt., 2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014). There, however, the court itself implicitly agreed with the reasoning in *Actos*, but distinguished it on the basis that, *"[in Actos], the bellwether trial was sought and agreed to by defendants, who thereby subjected their employees to the court's subpoena power." Id.* at *2. (emphasis added). Based on the reasoning in *Lin*, Defendants here have also subjected their employees to the Court's subpoena power. And, for the same reason, Defendants' remaining non-MDL cases are similarly inapposite. *See also Actos,* 2014 WL 107153, at *10 (addressing many cases Defendants cite here, and finding them unpersuasive because they do not "involve[] a bellwether trial, within the context of a multi-district litigation."). And, in the single MDL case Defendants rely upon, *MTBE Prod. Liab. Litig.*, 2009 WL 1840882 (S.D.N.Y. 2009), the court's treatment of the Rule 43 issue was cursory and did not address (or evidence any awareness of) the cases which existed at that time which permitted remote transmission of testimony by witnesses properly compelled by subpoena (*e.g., Washington, San Juan*).

Finally, Defendants' reliance on *Balsley v. LFP, Inc.*, 2010 WL 11561883 (N.D. Ohio 2010) is also misplaced, as the case did not arise in the MDL context. Even if the court were inclined to find that the unreported case was factually on point, it should not feel so compelled to follow its reasoning. *See Waldron v. Jackson*, 348 F. Supp. 2d 877, 886 n. 4 (N.D. Ohio 2004) ("because [a Sixth Circuit opinion] was [an] unreported decision, it [did] not constitute binding precedent within the Sixth Circuit.")

### II.  Plaintiffs Have Demonstrated Rule 43's Requirement of Good Cause and Compelling Circumstances

As explained in detail in their motion, Plaintiffs have adequately demonstrated good cause and compelling circumstances. Videoconferencing is preferable to deposition testimony because it "simulates in-person trial testimony more closely than would a deposition." *Ohio A. Philip Randolph*

*Inst. v. Householder,* 2019 U.S. Dist. LEXIS 29086, *7 (S.D. Ohio Feb. 25, 2019); *see also* FED. R. CIV. P. 43 Advisory Committee Note (1996 amendment) ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."). Defendants argue that Rule 43 may typically be used only when a witness's unavailability is "unexpected," but no such limitation appears in the rule – it is only one consideration. *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (permitting videoconferencing without inquiry as to whether the circumstances were unexpected). Defendants also fail to recognize that videoconferencing technology has advanced significantly since 1996, and now more closely approximates the benefits of live testimony than ever before. *See In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (Fallon, J.).

Defendants complain that Plaintiffs belabor the point of the nature of the MDL process and its significance to the current dispute. This argument, however, is not of Plaintiffs' own invention. MDL courts have routinely observed that contemporaneous transmission is especially appropriate in the MDL context because "the verdict in the bellwether trials . . . will be used in this representative manner, and therefore . . . should present the testimonial evidence of both sides as fairly and completely as possible." *Actos,* 2014 WL 107153 at *6. Indeed, contemporaneous transmission is preferable in an MDL because "an MDL case by its very nature is complex, and flexibility is required to manage a nationwide docket consisting of over 8,000 cases." *DePuy*, 2016 WL 9776572, at *2; *see also Vioxx*, 439 F. Supp. 2d 640 at 643 (allowing contemporaneous transmission in light of the "bellwether trial for a MDL involving thousands of lawsuits over the damage allegedly caused by a drug prescribed to millions of patients in every state of the nation."). Simply put, contemporaneous transmission is an "inevitable[] approach to management of multidistrict litigation . . ." *In re Washington*, 1988 WL 525314, at *2.

Finally, Defendants argue that Plaintiffs have failed to identify the individuals they seek to call. This, however, is necessarily impossible given that Plaintiffs have no idea which of the many Defendants will be remaining in the litigation at the time of trial. Plaintiffs intend to call, at most, two or three witnesses on the limited topics of corporate behavior and internal documents, and will notify Defendants with ample time to prepare. *See Actos,* 2014 WL 107153, at *1 (allowing video testimony even though plaintiffs had not yet identified witnesses, topics, or purpose of testimony). Defendants' arguments that these individuals may have already been deposed is also unavailing. Courts have rejected similar arguments on the grounds that trial testimony is preferable to deposition testimony. *Hall,* 2015 U.S. Dist. LEXIS 120031 (video testimony appropriate even though "witnesses already have provided deposition testimony multiple times"); *Chapman v. Tristar Prod., Inc.,* 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017) (finding same, observing "Fisher is Tristar's COO and Plaintiffs have already deposed him. Tristar should not be surprised by, or unprepared for, Fisher's answers.").

Ultimately, the October bellwether trial is intended to provide guidance in thousands of cases pending in this multi-district litigation, and should therefore present the testimonial evidence of both sides as fairly and completely as possible. As Judge Polster has repeatedly advised the parties, these matters should move toward resolution as judiciously and expeditiously as possible. The benefits of live testimony over deposition testimony satisfy these objectives and Defendants have not identified a persuasive reason for denying Plaintiffs' request. Plaintiffs respectfully ask that this Court grant their motion to allow contemporaneous video transmission at trial.

OVER SIXTY-FIVE YEARS OF TRIAL PRACTICE

Respectfully,

*[signature: Peter H. Weinberger]*

Peter H. Weinberger
*pweinberger@spanglaw.com*

PHW/ss

cc: Xalldefendants-mdl2804-Service@arnoldporter.com
MDL2804discovery@motleyrice.com

SPANGENBERG SHIBLEY & LIBER