# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio);<br>*County of Cuyahoga v. Purdue Pharma L.P.*, Case No. 17-OP-45004 (N.D. Ohio) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## DEFENDANT NORAMCO, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO SEVER DEFENDANTS AND TO EXTEND THE DEADLINE TO RESPOND TO NORAMCO, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT

Defendant Noramco, Inc. ("Noramco") submits this response to Plaintiffs' Motion to Sever Defendants and to Extend the Deadline to Respond to Noramco, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment ("Plaintiffs' Motion").  Dkt. 2099.

## **INTRODUCTION**

Plaintiffs' Motion is a brazen attempt to fix a problem that Plaintiffs themselves created. Despite naming Noramco as a defendant in April 2018 in the Track One cases, *see* Dkts. 294, 301, Plaintiffs have made no attempt since that time to refine their allegations against Noramco or to adduce any evidence to support any claim against Noramco.  Indeed, during the nine-plus months that this Court permitted discovery in the Track One cases, Plaintiffs did not request that Noramco answer a single interrogatory, produce a single document, or make a single witness available for deposition testimony.

Now, over seven months after the discovery period closed and as the parties begin their preparations for Track One trial, Plaintiffs ask this Court to fix their mistake by reopening discovery as to Noramco and by severing it from the Track One trial.  Said differently, Plaintiffs made a deliberate choice not to prosecute their claims against Noramco and now seek to avoid the consequences of that choice.

But equity aids the vigilant, not the indolent, so Plaintiffs cannot avoid the consequences of their choice.  Indeed, granting Plaintiffs' Motion would be contrary to law and result in tremendous prejudice to Noramco.  It would also be antithetical to basic notions of due process, fundamental fairness, and the interests of judicial economy.  For all of these reasons, and in accordance with the Court's admonition that, "in order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial," Dkt. 1598 at 1-2, the Court should deny Plaintiffs' Motion in its entirety and grant Noramco the remedy to

which it is entitled.  To wit, Noramco respectfully requests that the Court deny Plaintiffs' Motion, grant Noramco's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment ("Noramco's Dispositive Motion"), enter judgment in favor of Noramco and against Plaintiffs on all claims in the Track One cases, and dismiss all of Plaintiffs' claims against Noramco with prejudice.

## ARGUMENT

### I.  PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL TIME TO RESPOND TO NORAMCO'S DISPOSITIVE MOTION.

The only justification that Plaintiffs offer in support of their request for extended time to respond to Noramco's Dispositive Motion is that "discovery against Noramco has been limited." Dkt. 2099 at 3.  Point of fact, there has been no discovery whatsoever against Noramco in the federal MDL, as explained in the Introduction above.  Plaintiffs' false statement about the "limited" nature of discovery conveniently omits the key fact that Plaintiffs had ample time and opportunity to conduct discovery regarding Noramco and simply chose not to do so.  Incredibly, Plaintiffs also suggest that they should not be required to respond to Noramco's Dispositive Motion "until after discovery is complete," insinuating that the discovery period is still open or that the discovery period should be reopened to allow additional discovery regarding Noramco. *Id.* at 3-4.  This suggestion is patently inconsistent with the Court's orders and governing law, which establish without question that fact discovery closed over six months ago and cannot be reopened.

### A.  Plaintiffs Had Ample Time to Take Discovery From Noramco But Chose Not To Do So.

Discovery in the Track One cases commenced on April 11, 2018 with the entry of Case Management Order One.  Dkt. 232 at 6.  In that same Order, the Court set August 31, 2018 as the

date for all fact discovery to close in the Track One cases.  *Id.* at 7.  In Case Management Order No. 7, the Court extended the fact discovery deadline to January 25, 2019, giving Plaintiffs an additional five months to develop evidence in support of their claims against Noramco.  Dkt. 876 at 2.

Plaintiffs served no discovery on Noramco over this extended period of time despite being aware as early as April 2018 that Noramco was a separate entity and that it was not represented by the Janssen Defendants' attorneys.  Specifically, on April 25, 2018, Noramco filed a Notice in the docket designating the undersigned counsel to receive service-waiver requests on behalf of Noramco.  Dkt. 303.  In May 2018, Plaintiffs confirmed that awareness by seeking service waivers from undersigned counsel, on behalf of Noramco, in both of the Track One cases.  *See* May 11, 2018 Email from Joseph Ciaccio (requesting waiver of service of the Cuyahoga County amended complaint); May 17, 2018 Email from Jenna Forster (requesting waiver of service of the Summit County amended complaint) (collectively attached hereto as Exhibit A).

Plaintiffs were also aware as early as October 2018 that, if they wanted to request documents from Noramco, they needed to request them from Noramco directly, and not through the Janssen Defendants.  Notably, in October 2018, Plaintiffs requested documents from the Janssen Defendants concerning Noramco's "manufacturing . . . and sales of opioid products."  *See* October 8, 2018 Letter to Plaintiffs' Counsel (attached hereto as Exhibit B).  In response, the Janssen Defendants' counsel reminded Plaintiffs that "Noramco is a wholly separate and unaffiliated company, represented by different attorneys in this litigation," and provided contact information for Noramco's counsel.  *Id.*  Thus, even though Plaintiffs were clearly aware of Noramco's role as a defendant and knew how to request discovery concerning Noramco, Plaintiffs

never propounded a single request on Noramco for written discovery, documents, or depositions. Dkt. 1902-2 ¶ 15.

Plaintiffs repeatedly emphasized in their own correspondence with the Court and the parties that Track One discovery ended on January 25, 2019 and that the parties had ample time to conduct discovery before that deadline.[1]  February 2, 2019 Letter from David Ackerman (requesting withdrawal of discovery served after the January 25 deadline); February 4, 2019 Email from David Ackerman ("The deadline for fact discovery has passed."); February 26, 2019 Email from David Ackerman ("Fact discovery closed on January 25 per the Court's order.  Defendants should have sought leave from the Court" before seeking discovery beyond this deadline); February 27, 2019 Letter from David Ackerman (before the discovery deadline, the parties had "Ample Opportunity To Conduct Discovery If They So Desire[d]") (collectively attached hereto as Exhibit C).  That they did not use this ample time to pursue their case against Noramco (as they concede) is their own fault.  *See* Dkt. 2099 at 4 ("No discovery whatsoever has been taken of Noramco in this MDL.").

### B.    Plaintiffs Are Not Entitled to Additional Time for Discovery or to Respond to Noramco's Dispositive Motion.

Unsurprisingly, Plaintiffs cite no legal authority to support their request for additional time to take discovery because none exists.  Moreover, to the extent Plaintiffs' request is an ill-crafted attempt to seek more time to respond to Noramco's Dispositive Motion under Rule 56(d) of the Federal Rules of Civil Procedure, that request is also without merit.

---

[1] Although the Court allowed some discovery to continue after the January 25, 2019 deadline, it was limited to narrow issues relating to discovery that already began before the January 25 deadline or on which the parties agreed that continued discovery was appropriate.  *See* February 2, 2019 Letter from David Ackerman; Transcript of February 8, 2019 Discovery Telephonic Conference at 31:18-25 (excerpt attached hereto as Exhibit D) (directing the parties to agree on the limited discovery that would be allowed beyond the January 25, 2019 deadline).  Plaintiffs never sought discovery from Noramco at all before the January 25 deadline.  None of the limited discovery allowed to proceed beyond that deadline pertained to Noramco.

**1.    Plaintiffs Fail to Show That They Are Entitled to Additional Discovery.**

This Court has broad discretion to deny a request for additional discovery in the late stages of litigation.  *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006).  When considering whether to grant such additional time, the Court should consider:  (1) when the moving party learned about the issue about which it seeks discovery; (2) how obtaining discovery would affect the ruling to which it pertains; (3) the length of the discovery period; and (4) whether the party seeking additional discovery was dilatory.  *Id.*; *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989) (a request for additional discovery is insufficient where it lacks "any details" or "specificity").

Here, all the relevant factors weigh heavily against Plaintiffs' request for additional time to conduct discovery.  Plaintiffs knew from the start of discovery (on April 11, 2018) that Noramco was a separate defendant and learned two weeks later (when the company identified undersigned counsel in its April 25, 2018 service-waiver Notice) to whom it should direct such discovery. Plaintiffs were not just dilatory but failed altogether to obtain information from Noramco over the course of the nine-month discovery period.  Courts in the Sixth Circuit have denied extensions in far less egregious circumstances. *See Audi*, 469 F.3d at 541 (party not entitled to additional discovery because it knew about the issue more than two months before the end of discovery); *Plott v. General Motors Corp.*, 71 F.3d 1190, 1197 (6th Cir. 1995) (plaintiff not entitled to additional discovery because he learned about the pertinent issue three weeks before the close of discovery).  In addition, Plaintiffs have not identified any specific discovery that they seek and thus cannot show how additional discovery would affect the outcome of Noramco's dispositive motion. *See Audi*, 469 F.3d at 541; *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (a party is not entitled to additional discovery where he "makes only generally and conclusory statements [] regarding the need for more discovery").

5

Because Plaintiffs have not met a single factor which would entitle them to additional discovery, the Court should deny their request for the same.

> ### 2. Plaintiffs Cannot Delay or Defer Ruling on Noramco's Dispositive Motion Under Rule 56(d).

In their request for additional time to respond to Noramco's Dispositive Motion, Plaintiffs cite several cases applying the Rule 56(d) procedure for deferring premature motions for summary judgment.  *See* Dkt. 2099 at 4.  To the extent Plaintiffs' citation of these cases could be construed as an attempt to invoke the Rule 56(d) procedure, such a request is procedurally and substantively deficient and the referenced case law is inapposite.

Under Rule 56(d), the Court can defer ruling on a motion for summary judgment and allow additional time for discovery or other factual development. Fed. R. Civ. P. 56(d).  But to properly invoke that procedure, the nonmovant must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition."  *Id.*  Plaintiffs did none of these things. Instead, they merely argued in their Motion that "discovery against Noramco has been limited." Because Plaintiffs (1) failed to provide a "specified reason" why they "cannot present facts" in opposition to Noramco's Dispositive Motion,  *see id.*; *Unan v. Lyon*, 853 F.3d 279, 292-93 (6th Cir. 2017) (nonmovant must explain why it was unable to previously discover the specific information requested), and (2) failed to submit the required affidavit, *see id.* at 292 ("[A]n affidavit that complies with Rule 56(d) is essential."); *Shavrnoch v. Clark Oil & Refining Corp.*, 726 F.2d 291, 294 (6th Cir. 1984) ("In the absence of such an affidavit, the district court had no reason to delay entry of judgment based upon the evidence before it."), Plaintiffs' request is procedurally deficient.

Even if Plaintiffs' request was not procedurally deficient, it is still substantively deficient because Rule 56(d) does not apply under the circumstances at issue here.  Specifically, to be

entitled to additional time to obtain discovery and respond to Noramco's Dispositive Motion, Plaintiffs must show that they did not receive "a full opportunity to conduct discovery to be able to successfully defeat" Noramco's Dispositive Motion. *LaQuinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 334 (6th Cir. 2010). Said differently, Rule 56(d) only applies where the requesting party is "prematurely foreclosed from conducting discovery," not where "it was simply dilatory in its discovery requests." *Id.* at 334-35. Plaintiffs here had at least nine months to conduct discovery and they did nothing. That they were dilatory is a profound understatement.

Indeed, that Plaintiffs are not entitled to additional time for discovery is confirmed by their own cited case law. In *Webb v. Bunch*, for example, the Sixth Circuit determined that it was appropriate to delay consideration of the defendant's summary judgment motion because, unlike in this case, it was unclear whether discovery was formally closed, the plaintiff was denied information that he specifically requested through the formal discovery process, and the plaintiff showed why he required the missing information to adequately respond to the motion for summary judgment. No. 93-5258, 1994 U.S. App. LEXIS 2331, at *2 (6th Cir. Feb. 8, 1994); *see also Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985) (discovery was incomplete and ruling on motion for summary judgment was premature because, unlike here, the court improperly limited nonmovant's review of documents and examination of a witness and thus denied an adequate opportunity for discovery).

Here, by stark contrast, Plaintiffs did not request any information or documents from Noramco at all during the lengthy discovery period, so they cannot argue that they were denied access to information they requested. Moreover, Plaintiffs have not and cannot provide any explanation why they cannot present facts necessary to respond to Noramco's Dispositive Motion. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (the court should not grant relief under

Rule 56(d) unless the nonmovant "specifies what particular information [] is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained"); *id.* (citing *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("We believe that a part[y] taking the position that nine months is an inadequate period in which to obtain [necessary evidence to respond to a motion for summary judgment] has an obligation to provide the court with a record which affirmatively demonstrates, with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts.")).

In sum, Plaintiffs cannot avoid responding to Noramco's properly-supported Dispositive Motion solely because of their own dilatory discovery conduct and desire to engage in a fishing expedition after the formal close of discovery. Accordingly, this Court should deny Plaintiffs' untimely, procedurally improper, and substantively deficient request for additional time for discovery and for additional time to respond to Noramco's Dispositive Motion.  It should also grant Noramco's Dispositive Motion for these reasons and the reasons explained below.

## II.     NORAMCO IS ENTITLED TO JUDGMENT AS MATTER OF LAW ON ALL CLAIMS BECAUSE PLAINTIFFS CANNOT MEET THEIR BURDEN TO ALLEGE SUFFICIENT FACTS OR PRODUCE SUFFICIENT EVIDENCE IN RESPONSE TO NORAMCO'S DISPOSITIVE MOTION.

By stating that they have not developed sufficient facts to respond to Noramco's Dispositive Motion, Plaintiffs implicitly concede that they cannot meet their burden to overcome that Motion.  Although they contend that discovery regarding Noramco has been "limited," the truth is that discovery against Noramco has not occurred at all.  Plaintiffs did not even plead sufficient facts to state a plausible claim against Noramco, much less adduce any evidence sufficient to overcome summary judgment.  For these reasons, instead of allowing Plaintiffs to avoid the consequences of (and even benefit from) their dilatory discovery conduct, the Court should grant Noramco's Dispositive Motion and dismiss all claims against it with prejudice.  Doing

so is not only appropriate in light of Plaintiffs' failure to develop their claims against Noramco but is also the most effective way—and the only fair way—to carry out the Court's direction that "the number of claims and Defendants must be substantially reduced before the beginning of trial." Dkt. 1598 at 1-2.

      **A.**     **Noramco is Entitled to Judgment on the Pleadings Because Plaintiffs' Collective Allegations Against Noramco are Insufficient to Overcome Noramco's Dispositive Motion.**

Under Rule 12(c) of the Federal Rules of Civil Procedure, to survive Noramco's motion for judgment on the pleadings, Plaintiffs must plead sufficient facts to "support the reasonable inference that [Noramco] is liable for the misconduct alleged*." HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  Plaintiffs must do more than merely allege that all defendants engaged in general misconduct; to state a plausible claim, Plaintiffs must allege sufficient facts— specific to Noramco—to put Noramco on fair notice of the factual grounds for Plaintiffs' claims against it. *See In re Darvocet, Darvon, and Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 932 (6th Cir. 2014).

Plaintiffs' only allegations against Noramco are that it is a former wholly-owned subsidiary of Johnson & Johnson and that it manufactures active pharmaceutical ingredients.  *See* Dkt. 1902- 1 at 13.  The remaining allegations that Plaintiffs purportedly directed at Noramco are unspecified contentions about undifferentiated wrongdoing allegedly committed by numerous defendants, such as the "Marketing Defendants" or all "Defendants" collectively.  *See id.*  Essentially Plaintiffs lump Noramco together with all of the other Defendants and maintain that their alleged improper conduct related to finished drug products somehow applies to Noramco, an active pharmaceutical ingredient supplier.  *See id.* at 2-5.

The Court need not look further than Plaintiffs' own Motion to appreciate the absurdity and tenuous nature of these allegations against Noramco.  Indeed, in their Motion, Plaintiffs concede that Noramco did not engage in the same conduct as the manufacturers and distributors of finished drug products with whom Noramco is improperly lumped together in Plaintiffs' complaints.  They further acknowledge that they "will be required to prove their claims against each individual defendant based on each defendant's alleged wrongdoing."  Dkt 2099 at 2.  Finally, Plaintiffs recognize that, because Noramco is a mere active pharmaceutical ingredient supplier that did not manufacture or market finished drug products, Plaintiffs' claims against it are different from their claims against the other defendants.  *Id.*

By acknowledging that Noramco is conceptually distinct from the other defendants and that they are required to prove their claims against Noramco specifically, Plaintiffs concede that they failed to plead sufficient facts against Noramco.  *See HDC*, 675 F.3d at 611; *In re Darvocet*, 756 F.3d at 932.  As a result of Plaintiffs' inadequate allegations, now less than three months before trial, Noramco still has no idea what specific Noramco conduct forms the basis of Plaintiffs' claims against it.  For this reason, and for the additional reasons set forth in Noramco's Dispositive Motion, Noramco is entitled to judgment on the pleadings.  *See* Dkt. 1902-1 at 12-14.

**B.    Alternatively, Noramco is Entitled to Summary Judgment Because Plaintiffs Cannot Produce Evidence to Carry Their Burden in Response to Noramco's Dispositive Motion.**

Because Noramco showed in its Dispositive Motion that there is no evidence in the record to support Plaintiffs' claims against it, Plaintiffs now bear the burden of producing sufficient evidence "such that a jury could reasonably find" in their favor on their claims against Noramco. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 499 (6th Cir. 2006); *Michigan Protection & Advocacy Serv. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).  By stating in their Motion

10

that "[n]o discovery whatsoever has been taken of Noramco" during the nine-month discovery period, Dkt. 2099 at 3, Plaintiffs acknowledge that they cannot meet their burden.  *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477-80 (6th Cir. 2010); *Whitehead v. Bowen*, 301 F. App'x 484, 485, 489 (6th Cir. 2008); *Jones v. City of Akron*, No. 5:16-cv-2587, 2019 U.S. Dist. LEXIS 33940, at *21-26 (N.D. Ohio Mar. 4, 2019).  Denying Noramco summary judgment under these circumstances would be patently unfair and contrary to the spirit of Rule 56.  Accordingly, for these reasons, the reasons stated in Noramco's Dispositive Motion, *see* Dkt. 1902-1 at 8-17, and the reasoning provided by this Court ("the number of claims and Defendants must be substantially reduced before the beginning of trial"), the Court should grant Noramco's Dispositive Motion.

## III.  BECAUSE NORAMCO IS ENTITLED TO JUDGMENT AS A MATTER OF LAW PURSUANT TO ITS DISPOSITIVE MOTION, PLAINTIFFS' CLAIMS AGAINST NORAMCO IN THE TRACK ONE CASES SHOULD BE DISMISSED IN THEIR ENTIRETY, AND NOT MERELY SEVERED.

For the reasons set forth above, Noramco is entitled to judgment in its favor and dismissal of all claims against it with prejudice.[2]  The facts and circumstances surrounding Noramco in this litigation are unique and distinct from the other proposed severed defendants, especially in light of the fact that Plaintiffs took no discovery from Noramco whatsoever.  Plaintiffs' failure to pursue discovery against Noramco should not be condoned or rewarded by granting Plaintiffs' motion to sever and permitting them to pursue claims against Noramco at this late stage.  There is no

---

[2] Noramco maintains that it should not be part of the Track One trial at all or a subsequent severed trial because it is entitled to judgment in its favor and dismissal of all claims against it.  If the Court determines that dismissal is not appropriate and also determines that severance is not appropriate such that Noramco will be forced to defend itself during the Track One trial scheduled to begin October 21, 2019, Noramco objects on the grounds that a seven-week trial is insufficient in length.  As the Court has recognized, this case is unprecedented in its complexity and breadth, and seven weeks is inadequate, as a matter of due process, to allow full and clear presentation of Noramco's defense. *See, e.g., Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995); *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987).

legitimate, legal justification for severance as to Noramco and, therefore, the Court should grant Noramco's dispositive motion and deny Plaintiffs' request to sever their claims against it.[3]

## **CONCLUSION**

Accordingly, Noramco respectfully requests that the Court deny Plaintiffs' Motion in its entirety, grant Noramco's Dispositive Motion, enter judgment in favor of Noramco and against Plaintiffs on all claims in the Track One cases, and dismiss all of Plaintiffs' claims against Noramco.


Dated:  August 7, 2019                              Respectfully submitted,

                                                    _/s/ Daniel G. Jarcho_
                                                    Daniel G. Jarcho
                                                    D.C. Bar No. 391837
                                                    ALSTON & BIRD LLP
                                                    950 F Street NW
                                                    Washington, DC 20004
                                                    Telephone: (202) 239-3254
                                                    Facsimile: (202) 239-333
                                                    E-mail: daniel.jarcho@alston.com

                                                    Cari K. Dawson
                                                    Georgia Bar No. 213490
                                                    Jenny A. Hergenrother
                                                    Georgia Bar No. 447183
                                                    ALSTON & BIRD LLP
                                                    1201 West Peachtree Street NW
                                                    Atlanta, GA 30309
                                                    Tel.: (404) 881-7000
                                                    Fax: (404) 881-7777
                                                    cari.dawson@alston.com
                                                    jenny.hergenrother@alston.com

---

[3] Should the Court allow severance of Plaintiffs' claims against Noramco, Noramco reserves the right to request all necessary and appropriate procedural safeguards to avoid prejudice in connection with any severance.

## **LOCAL RULE 7.1(F) CERTIFICATION**

I certify that these cases have been assigned to the Track One litigation track and that this

Memorandum adheres to the page limitations set by the Court in Case Management Order One,

Dkt. 232 at 4-5, and Local Rule 7.1(f).


 Dated:  August 7, 2019                          */s/ Daniel G. Jarcho*
                                                 Daniel G. Jarcho
                                                 D.C. Bar No. 391837
                                                 ALSTON & BIRD LLP
                                                 950 F Street NW
                                                 Washington, DC 20004
                                                 Telephone: (202) 239-3254
                                                 Facsimile: (202) 239-333
                                                 E-mail: daniel.jarcho@alston.com

                                                 Cari K. Dawson
                                                 Georgia Bar No. 213490
                                                 Jenny A. Hergonrother
                                                 Georgia Bar No. 447183
                                                 ALSTON & BIRD LLP
                                                 1201 West Peachtree Street NW
                                                 Atlanta, GA 30309
                                                 Tel.: (404) 881-7000
                                                 Fax: (404) 881-7777
                                                 cari.dawson@alston.com
                                                 jenny.hergenrother@alston.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:  August 7, 2019

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho
D.C. Bar No. 391837
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
E-mail: daniel.jarcho@alston.com

Cari K. Dawson
Georgia Bar No. 213490
Jenny A. Hergenrother
Georgia Bar No. 447183
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com