# Exhibit C

MotleyRice LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct:  202.849.4962
dackerman@motleyrice.com

February 2, 2019

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Mark Cheffo, Esq.<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>mark.cheffo@dechert.com | Carol Rendon, Esq.<br>BAKER HOSTETLER<br>Key Tower, 127 Public Square<br>Cleveland, OH 44114<br>crendon@bakerlaw.com |
| Geoffrey E. Hobart, Esq.<br>COVINGTON & BURLING<br>One City Center<br>850 Tenth Street, N.W.<br>Washington, DC 20001<br>ghobart@cov.com | Shannon McClure, Esq.<br>REEDSMITH<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>smcclure@reedsmith.com |
| Enu Mainigi, Esq.<br>WILLIAMS & CONNOLLY<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>emainigi@wc.com | Kaspar Stoffelmayr, Esq.<br>BARTLIT BECK<br>54 West Hubbard Street, Suite 300<br>Chicago, IL 60654<br>Kaspar.stoffelmayr@bartlit-beck.com |
| Tina Tabacchi, Esq.<br>JONES DAY<br>77 West Wacker Drive<br>Chicago, IL 60601<br>tmtabacchi@jonesday.com | Tyler Tarney, Esq.<br>GORDON & REES<br>41 South High Street, Suite 2495<br>Columbus, OH 43215<br>ttarney@grsm.com |

RE: *In Re National Prescription Opioid Litigation*; Case No. 17-md-2804
Late-Served Discovery

Counsel:

Case Management Order No. 7 extended the fact discovery deadline in the Track One jurisdictions to January 25, 2019.  Notwithstanding this deadline, Defendants have continued to serve discovery requests and subpoenas that require responses after that deadline, including:

- A January 17, 2019 Subpoena to Deloitte & Touche purporting to require production of documents on February 4, 2019

Defendants' Liaison Counsel
February 2, 2019
Re: Late-Served Discovery
Page 2

- Manufacturer Defendants Fourth Set of Interrogatories to Bellwether Plaintiffs, served January 19, 2019

- A January 22, 2019 Subpoena to the Centers for Disease Control & Prevention purporting to require production of documents on January 25, 2019[1]

- Subpoenas issued January 24, 2019 to five practitioners located in Summit County purporting to require production of documents and deposition testimony on various dates after January 25, 2019

- Subpoenas issued January 25, 2019 to **thirty** separate entities located within the Track One jurisdictions purporting to require production of documents on February 22, 2019

- Subpoenas issued January 30, 2019 to New Choice Pharmacy (located in Cuyahoga Falls, OH), purporting to require production of documents on February 13, 2019 and a deposition on February 15, 2019

- Subpoenas issued February 1, 2019 to three pharmacies in Summit County and four pharmacies in Cuyahoga County purporting to require production of documents and deposition testimony on various dates after January 25, 2019

The Manufacturer Interrogatories and subpoenas listed above all relate solely to discovery in the Track One jurisdictions, yet all of these requests require responses to be served after the fact discovery deadline. Consequently, the requests are untimely. *See, e.g., Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (Table), 1998 WL 777998, at *4 (6th Cir. 1998); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003); *Appalachian Reg'l Healthcare, Inc. v. U.S. Nursing Corp.*, 2017 WL 9690401, at *4-*5 (E.D. Ky. Sep. 1, 2017); *Arnott v. Ashland Hosp. Corp.*, 2016 WL 7974071, at *1 (E.D. Ky. Apr. 14, 2016); *Carson v. Patterson Dental Supply, Inc.*, 2009 WL 3127755, at *5 (S.D. Ohio Sep. 25, 2009).

Defendants' conduct stands in stark contrast to its complaints to Special Master Cohen regarding Plaintiffs' service of subpoenas. On January 24, 2019, Shannon McClure wrote to Special Master Cohen seeking "emergency relief" with respect to a subpoena served on third party FTI Consulting Inc. on the basis that AmeriSourceBergen Drug Corporation "object[ed] to this untimely Subpoena being issued **at all** at this late stage of discovery in Track One."[2] (emphasis in original). Plaintiffs ultimately withdrew the subpoena at issue; yet Defendants have served **more than 40** third party subpoenas **after** Ms. McClure's objection.

We are not aware of any circumstances with respect to these subpoenas and discovery requests that prevented their issuance until the waning days of discovery. To the contrary, many, if not all, of these topics were well known to Defendants months ago. The Second Amended Complaint references the CDC Guidelines numerous times. The five practitioners that Defendants subpoenaed on January 24 were identified in Summit County and Akron's Interrogatory Responses served in May 2018. Despite your claims to the contrary, nothing in Discovery Ruling 7 (which didn't issue until months later) precluded Defendants from issuing these subpoenas, which seek, among other things, documents concerning communications with the parties to

---

[1] This subpoena indicates on its face that it "relates to the . . . Track One cases in the MDL."
[2] Interestingly, Ms. McClure's letter did not advise the Special Master that Defendants had served a subpoena on the Centers for Disease Control on the same day as the FTI subpoena with the same return date.

Defendants' Liaison Counsel
February 2, 2019
Re: Late-Served Discovery
Page 3

this litigation.  The remaining entities similarly were or should have been known to Defendants well before the discovery cutoff.

We have not objected to continued discovery after January 25 where the parties have agreed that such discovery was appropriate (for example, with respect to witnesses who were unavailable for deposition prior to January 25) or where such discovery is based upon documents which should have already been produced (e.g., documents improperly withheld from disclosure).  As Mr. LaFata stated in his February 1 letter to the Special Master, "the goal of this brief additional window of discovery is for the parties to resolve existing issues and narrow the disputes that have to be resolved in the short time between now and when expert reports are due—not to open entirely new discovery requests."

Plaintiffs therefore demand that Defendants withdraw the subpoenas and discovery requests listed above.  If Defendants contend that the discovery requests and subpoenas are timely, please specify the basis for that contention.

If we do not receive a response by February 5, 2018, we will raise this issue with the Special Master.  Please contact me with any questions regarding this letter.

                                        Sincerely,

                                        */s/ David I. Ackerman*

                                        David I. Ackerman

cc:     Counsel for Plaintiffs
        Counsel for Defendants

| | |
|---|---|
| **From:** | Ackerman, David <dackerman@motleyrice.com> |
| **Sent:** | Monday, February 4, 2019 1:02 PM |
| **To:** | sschiavone@porterwright.com |
| **Cc:** | 2804 Discovery, MDL; 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com' |
| **Subject:** | RE: EXTERNAL-Opiate Litigation MDL- Cardinal Health Notice of Service of Subpoena |
| **Attachments:** | 2018-02-02 Letter to Liaison re Late Served Discovery.pdf |

Sara,

On Saturday, I sent the attached letter to Liaison counsel concerning late-served discovery.  The deadline for fact discovery has passed.  Please be advised that Plaintiffs object to these subpoenas on that basis.

If there some circumstance that Defendants contend justifies service of these subpoenas at this time, please let us know.  Otherwise, as with the subpoenas referenced in my attached letter, we request that Defendants withdraw these subpoenas.

David

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004
o. 202.849.4962 x5962 | f. 202.386.9622 | dackerman@motleyrice.com

| | |
|---|---|
| **From:** | Ackerman, David <dackerman@motleyrice.com> |
| **Sent:** | Tuesday, February 26, 2019 10:08 AM |
| **To:** | Pyser, Steven; Roitman, Sara; David R. Cohen |
| **Cc:** | Singer, Linda; Peter Weinberger (phw@spanglaw.com) (phw@spanglaw.com); 'xALLDEFENDANTS-MDL2804-Service@arnoldporter.com'; 2804 Discovery, MDL; Scullion, Jennifer; Flowers, Jodi; Conroy, Jayne |
| **Subject:** | RE: FW: EXTERNAL-Follow up from Feb 12 Meeting |

Special Master Cohen,

Late Sunday evening, Manufacturer Defendants advised they would take 10 depositions of third-party prescribers and "issue 5 subpoenas" to ADMHS Board providers (it is unclear whether the 5 subpoenas will entail depositions).  On Monday morning, Distributor Defendants advised they "will collectively require twenty-four (24) depositions" from pharmacies* before April 1.  Thus, Defendants anticipate completing at least 34 and as many as 39 depositions in the 24 business days between now and April 1.  To our knowledge, none of these depositions has been scheduled.  Nor have Defendants identified the actual targets they intend to depose/subpoena.

Plaintiffs repeat their opposition to this extended deposition period.  Defendants have taken advantage of the opportunity you provided to request an unworkable number of depositions, which are unnecessary, cannot be taken in the time permitted, and will unfairly disadvantage Plaintiffs with respect to expert reports.  (Defendants will have 5 weeks from the extended close of fact discovery to prepare expert reports; discovery will still be underway when Plaintiffs' reports are due.  Therefore, Plaintiffs reserve the right to supplement their reports to address any discovery taken in the two weeks prior to their expert report deadlines.)  The prescriber discovery Manufacturer Defendants seek was available to them throughout the discovery period.  As previously noted, Summit County identified all the prescribers Defendants subpoenaed in discovery responses served in May and August.  Similarly, the claims against the Distributor Defendants hinge on their failure to conduct adequate due diligence _before_ filling suspicious orders.  The relevant information therefore is located in their own due diligence files.  Instead, Distributor Defendants now seek to conduct due diligence by deposition, in the hopes of discovering information to justify their initial failures to adequately investigate the orders Plaintiffs identified.

To the extent you permit this discovery to go forward, Plaintiffs intend to take an equal number of depositions, consistent with your prior ruling.  Plaintiffs' deponents will include:  (i) doctors identified by Defendants as intervening causes (including in interrogatory supplements Defendants have yet to provide); (ii) the sales representatives who visited those doctors (regardless of whether the sales representatives are current or former employees of the Defendants); (iii) the pharmacies that filled prescriptions written by these doctors; (iv) any doctors identified in the IQVIA production received on Friday; and (v) third party vendors identified in Defendants' productions.  Plaintiffs will identify their initial targets on Friday, March 1 with a subsequent set of individuals or entities to be identified after the parties supplement interrogatories on March 4.

Distributor Defendants also asked you to reconsider your decision permitting reciprocal depositions, apparently seeking an exclusive discovery period during which only Defendants would be permitted to take depositions.  Such a request ignores the foundational principle at the heart of your ruling – Plaintiffs should not be penalized for playing by the rules.  Fact discovery closed on January 25 per the Court's order.  Defendants should have sought leave from the Court before serving their untimely subpoenas, but they did not.  Instead, Defendants refused to consent to permitting Plaintiffs to serve a subpoena requiring production of documents after the fact deadline, but then served more than 40

1

such subpoenas without acknowledging their own like behavior.  Plaintiffs should not be penalized for playing by the rules that Defendants ignored.

Please contact us if you have any questions regarding this request.

Respectfully,
David Ackerman


\* Curiously, the Chain Pharmacy Defendants served a response that apparently disavowed the need for any additional depositions, save for those noticed by others.  This appears to be calculated to position themselves to object to the potential designation of certain chain pharmacies for counter-designation by Plaintiffs.

**David Ackerman** | Attorney at Law | Motley Rice LLC
401 9th St. NW, Suite 1001 | Washington, DC 20004
o. 202.849.4962 x5962 | f. 202.386.9622 | dackerman@motleyrice.com

MotleyRice LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct: 202.849.4962
dackerman@motleyrice.com

February 27, 2019

**VIA EMAIL**

Special Master David Cohen
2400 Chagrin Boulevard, Suite 300
Cleveland, OH 44122
david@specialmaster.law

Re:   *In re National Prescription Opioid Litigation*, Case No. 17-md-2804
        Former Employee Declarations Produced on December 20, 2019

Dear Special Master Cohen,

We write in response to Defendants' continued efforts to exclude declarations of 17 former employees of Defendants that Plaintiffs produced to Defendants on December 20, 2019—well before the close of fact discovery—and concerning which Plaintiffs have agreed to permit Defendants take additional discovery if they so desire.

Defendants concede that Plaintiffs produced the declarations in December. But they ignore their own failure to review the production and instead request that you exclude the declarations on procedural grounds. To that end, Ms. Roitman's February 11 correspondence concerning this topic (1) incorrectly characterizes your comments as a "ruling" that Defendants request you "formalize;" (2) falsely suggests that Plaintiffs did not identify the declarations for Defendants at the time they were produced; and (3) conveniently ignores that Defendant Mallinckrodt produced three declarations (two of them undated) on or after the close of discovery.

As with their service of third-party subpoenas, one Defendants' counsel complains to you regarding the conduct of Plaintiffs' counsel, while another counsel for a different Defendant engages the very conduct they are complaining about. Nonetheless, in an effort to resolve this dispute, Plaintiffs offer the following compromise: Plaintiffs will agree not to call any of the declarants as witnesses at trial and will only use their declarations on summary judgment. Plaintiffs also will not oppose efforts to take discovery, including deposition testimony, from these former employees.

**Background**

As has been previously explained, Plaintiffs sought to contact former employees who confirmed they were not represented by Defendants in connection with this litigation. In certain instances, Plaintiffs obtained declarations from these individuals. Specifically, Plaintiffs obtained 18 declarations from former witnesses between May 29, 2018 and December 17, 2018. The declarants—largely former sales representatives—provided information concerning Defendants' marketing of their opioid drugs. All but one of the declarants (Lisa McDougall) was located outside of the CT1 jurisdictions.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | NEW YORK, NY | WASHINGTON, DC
MORGANTOWN, WV | CHARLESTON, WV | NEW ORLEANS, LA | KANSAS CITY, MO

Special Master David Cohen
February 27, 2019
Re: Former Employee Declarations Produced on December 20, 2019
Page 2

On December 20, 2018, following an internal review, Plaintiffs produced all of these declarations.

Defendants' attempt to characterize that production as somehow surreptitious or "concerning"[1] reveals their own failure to review the status reports that Plaintiffs provided or the documents actually produced to them. As it had done every other week, Summit County's December 21, 2018 weekly status report[2] identified the declarations as having been produced, in the excerpt copied below:

Defense Liaison Counsel
Re:  Summit/Akron Weekly Status Report
December 21, 2018
Page 2

| December 20, 2018 | AKRON_001815040 – AKRON_001817671 <br><br> SUMMIT_002053751 – SUMMIT_002053821 | Documents identified in the deposition of Jeff Sturmi; miscellaneous declarations. |
|---|---|---|

(Exhibit A, attached hereto at p. 2.)

On January 21, 2019, Defendants raised this issue with you and you directed the parties to confer. During those conferences, I asked for confirmation that Defendants did not have any similar declarations. I never received that confirmation.

Instead, on January 25, 2019, Mallinckrodt conveniently produced an undated "Declaration of Mark W. Parrino," who identifies himself as the "President of the American Association for the Treatment of Opioid Dependence, Inc." Five days later—after fact discovery closed—Mallinckrodt produced two more declarations: an undated "Declaration of Charles Cichon" and a "Declaration of General Arthur T. Dean" dated January 25, 2019. (Mallinckrodt Declarations attached as Exhibit B.) Mallinckrodt did not disclose these individuals in response to prior discovery requests, but rather provided supplemental responses on

---

[1] Defendants also cite out-of-context Ms. Singer's statement at the January 9, 2019 in-person discovery conference. During a discussion regarding the deposition of Evan Horowitz, Ms. Singer stated: "**in terms of the protocol itself** I don't think we've had another instance where a witness was effectively a whistle blower and said I want to come forward." (Roitman Letter, Exh. E at 120:24-121:2 (emphasis added).) Ms. Singer was not addressing declarations but rather the separate question of whether Plaintiffs were required to contact Purdue in order to arrange for Mr. Horowitz's deposition. The situations are not comparable and Ms. Singer's statement has no relevance to this dispute.

[2] Defendants contend that "[i]t was not until January 17, 2019 that Defendants learned of these declarations—and not from Plaintiffs, but from a plaintiff witness." (Roitman Letter, p. 2.) But Plaintiffs should not be blamed for Defendants' admitted failure to read the weekly status report or to review documents already produced to them.

Special Master David Cohen
February 27, 2019
Re: Former Employee Declarations Produced on December 20, 2019
Page 3

January 30 identifying the declarants.  Their declarations clearly were produced at or after the close of discovery in order to prevent Plaintiffs from inquiring into the subject matter of their written testimony.

### You Have Not Issued A Ruling On This Topic

Defendants' letter incorrectly asserts that you "ruled" that Plaintiffs were precluded from using these declarations.  The discovery call transcript confirms that you issued you no such ruling.  Rather, a review of the entire discussion of this topic (more than the two-page excerpt Defendants provided) reveals that Defendants specifically asked you **not to rule** on this issue because Defendants were "preparing a full summary for you" and wanted to "get all the information in front of you so you can have a complete record, and then we'll take this up again at your convenience."  (Exh. C at 70:22-71:7.)  In response, you confirmed that you were not prepared to rule on the declarations:

> I don't know the details about when the declarations were obtained and the extent to which they are important, and to the extent to which, if plaintiffs are assuming that they're going to rely on them, I'll simply say no, you're not.  **That all needs to be keyed up formally in a way that we can't address it right now on the phone.  So, I'll wait for you all to continue to talk about that and make it [ripe] for me.**

(Exh. C at 73:1-9 (emphasis added).)  Defendants have not initiated any further discussions regarding this topic.  Instead, they simply asked you to "formalize" a ruling that never issued.

### Defendants Have Had And Continue To Have Ample Opportunity To Conduct Discovery If They So Desire

As noted above, Plaintiffs produced the declarations on December 20 and identified the declarations in their December 21 status report.  Nothing has stopped Defendants from conducting discovery regarding those declarants in the preceding two months.  And, as noted above and previously stated, Plaintiffs already have agreed to grant Defendants additional time if they seek to conduct such discovery in the future.  In fact, your recent decision to extend certain aspects of Track One discovery until April 1 merely reinforces their ability to conduct such discovery if they wish.

This additional discovery period remedies any "prejudice" Defendants complain of based upon past interrogatory answers.  Indeed, Defendants already subpoenaed the former sales representative declarant with responsibility for the CT1 jurisdictions.  But Defendants do not wish to take discovery from these individuals, instead they seek to exclude their testimony on procedural grounds.

Despite Defendants' protestations, the declarants' statements are relevant and admissible in this litigation. Discovery Ruling Nos. 2 and 3 confirmed that the subject matter of these declarations, specifically "documents related to marketing and promotion," "sales training and sales bulletins, prescriber education materials," "advocacy groups, speakers bureau programs, [and] continuing medical education" all were subject to discovery "on a national basis."  Therefore, the declarants' statements on these topics are useful and admissible information to show that Defendants systematically misrepresented the addictive nature and other features of their opioids and failed to properly monitor suspicious prescribing.  As you held, "[t]he

Special Master David Cohen
February 27, 2019
Re: Former Employee Declarations Produced on December 20, 2019
Page 4

defendants' policies and actions regarding all of these subjects are (and were) primarily centralized and over-arching, applying broadly to their opioid products." (Discovery Ruling No. 2 at 4; Discovery Ruling No. 3 at 2-4.)  Such testimony likely will be highly relevant to anticipated summary judgment arguments.

Nonetheless, Plaintiffs recognize that the trial must be focused on conduct within Summit and Cuyahoga Counties.  Therefore, in an effort to reach compromise regarding this topic, Plaintiffs will not seek to present at the CT1 trial written or live testimony from the declarants who did not have direct responsibility for the CT1 jurisdictions.  Plaintiffs remain willing to permit Defendants the opportunity to take discovery from any of the declarants if they wish.

Respectfully,

*/s/ David I. Ackerman*

David I. Ackerman

cc:  Plaintiffs' Counsel
     Defendants' Counsel