# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| )<br>)<br>**IN RE: NATIONAL PRESCRIPTION<br>OPIATE LITIGATION**   )<br>)<br>)<br>This document relates to:   )<br>*The County of Summit, Ohio, et al. v. Purdue*   )<br>*Pharma L.P., et al.*   )<br>Case No. 18-op-45090   )<br>)<br>and   )<br>)<br>*The County of Cuyahoga v. Purdue Pharma*   )<br>*L.P., et al.*   )<br>Case No. 1:18-op-45004   )<br>) | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

---

## <u>CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SEVER</u>

Certain Defendants[1] oppose Plaintiffs' motion to sever a minority of Defendants from the

upcoming trial.  Plaintiffs' proposed severance fails to meet the Court's directive that Plaintiffs

narrow their claims for trial.[2]  While Plaintiffs' motion recognizes that the current trial is

unworkable in the time allotted, their proposed solution would not make the trial more

manageable.  It would instead create the need for two lengthy trials instead of one, requiring

---

[1] Moving Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

[2] In bringing this motion, Defendants do not concede that the claims against them should proceed to trial; indeed, those claims are defective for the many reasons stated in the Defendants' pending summary judgment motions.  Furthermore, by making this objection Defendants do not concede or waive any argument that the Track One trial cannot be tried in the currently allotted seven-week timeframe without violating Defendants' due process rights.  *See* Dkt. 2133.  While the Track One trial's current timeframe gives rise to serious due process issues, severance will not resolve those issues.

duplication in evidence and placing additional burden on the Court's resources, as well as creating a significant risk of inconsistent verdicts. As the Court ruled with respect to a similar motion from Mallinckrodt, this Motion should be denied. *See* Text Only Order, Aug. 6, 2019.

Should any claims proceed to trial, moving Defendants believe that a single trial with all Defendants (save any who are dismissed) is necessary. Plaintiffs bring claims of civil conspiracy and public nuisance against all Defendants, including the subset proposed for severance. Severance of these claims, as to which Plaintiffs assert (incorrectly) that all Defendants are jointly and severally liable, would create unmanageable risks of inconsistent verdicts and result in different juries deciding key questions such as the existence of a conspiracy, the responsibility for an alleged nuisance in Cuyahoga and Summit counties, and the allocation of damages (if any) across both named and severed Defendants. Furthermore, Ohio's rules on presentation of evidence regarding non-party fault will result in evidence against the severed parties being presented in this case, and again in subsequent cases against the severed Defendants.

The Court should reject Plaintiffs' motion to sever a minority of Defendants from the Track One trial, so long as Plaintiffs continue to assert common claims against these Defendants and seek common damages from them.

## LEGAL STANDARD

While Federal Rule of Civil Procedure 21 provides for the severance of claims or parties, courts have recognized that "Rule 21 discretion should be exercised sparingly." *Carmine v. Poffenbarger*, 154 F. Supp. 3d 309, 320 (E.D. Va. 2015). Severance is appropriate only where it "will serve the ends of justice and further the prompt and efficient disposition of litigation." *Levine v. Fed. Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D. Conn. 1991). In deciding whether a claim is severable, Courts look to the following factors:

> (1) Whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15 CV 397, 2016 WL 3090951, at *3 (N.D. Ohio June 2, 2016) (quoting *Productive MD, LLC v. Aetna Health, Inc.*, 969 F.2d 901, 940 (M.D. Tenn. 2013)); *see also In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003).

## ARGUMENT

Plaintiffs' proposal neither serves the ends of justice nor provides an efficient plan for the resolution of the pending litigation.  Severance would prejudice Defendants, risk providing information that is not representative for purposes of aiding the parties in evaluating their positions with respect to resolution, make the MDL less administrable, and result in duplicative and time-consuming burdens on the Court and the parties.  Plaintiffs' motion should be denied.

## I.  Severance Would Not Make Trial More Administrable.

Courts routinely deny motions to sever that would result in Plaintiffs trying their case against some defendants only to later "repeat the bulk of [their] claims against [other defendants]."  *Levine*, 136 F.R.D. at 550.  This sort of "duplicitous litigation" is contrary to the purposes of Rule 21 as it does not support judicial economy or the efficient resolution of claims. *Id.*; *see also Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 811–12 (S.D. Ohio 2008) (denying a motion for severance where the court found a "likelihood of overlapping proof and testimony").

While Plaintiffs have recognized the need to narrow their claims to "something manageable" for trial in October, *see* May 21, 2019 Tr. at 5:6–8 (Dkt. 1643), their motion to

sever does not achieve this goal.  Tellingly, Plaintiffs make no attempt to actually engage with the factors governing Rule 21 severance.  For example, Plaintiffs do not argue that the claims against the severed parties arise out of separate transactions.  Instead, Plaintiffs merely state that they "will be required to prove their claims against each individual defendant based on each defendant's alleged wrongdoing."  Dkt. 2099 at 3.[3]  This argument is a strawman.  Plaintiffs in every case are required to prove their claims against every named defendant.  If that was all that was required for severance, no multi-defendant trial would ever proceed.  Plaintiffs' non sequitur aside, Plaintiffs do not—and based on the nature and content of their pleadings cannot— seriously deny that their civil conspiracy and public nuisance claims against the parties they seek to sever are inextricably intertwined with their claims against the parties that would remain in the first Track One trial.  *See, e.g.*, *infra* Pt. III–IV.  While each Defendant is unique and will require the introduction of Defendant-specific evidence at trial, "the mere presence" of some "different factual or legal questions" does not support severance when weighed against these inherently common questions.  *Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp. 2d 427, 435 (E.D. Pa. 2010).

Moreover, Plaintiffs suggest that severance would "reduc[e]" the number of defendants and claims to be tried."  Dkt. 2099 at 3.  But severance does not offer finality to any party, and Plaintiffs' plan of merely "***delay***[***ing***] any trial against the Proposed Severed Defendants," Dkt. 2099 at 4 (emphasis added), would not reduce the claims or parties to be tried, but create a second lengthy trial in Track One, as opposed to one.[4]  Judicial economy is not served by merely

---

[3] All citations to Dkt. 2099 refer to the pagination from the ECF header, due to an error in the internal page numbering as filed.

[4] In addition, a third trial on contribution claims could also be required.

splitting one trial into two, and Plaintiffs' proposal does not shorten the time needed for trial; it doubles it.[5]  *See Levine*, 136 F.R.D. at 550.  In the process, severance would expend additional court resources and burden a second jury.  *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 458 (E.D. Tex. 2004) (denying severance in part to avoid "duplicative use of scarce judicial resources"); *see also In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d at 862 (rejecting severance where "there is … a substantial body of witnesses and other evidence that is part of the case against all Defendants").

## II.  Severance Would Not Provide Representative Information.

The purpose of a bellwether trial is to test the validity of claims and defenses to "provide a basis for enhancing prospects of settlement or for resolving common issues or claims."  *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).  There are many parties, small and large, manufacturers, distributors and pharmacies that are part of this MDL proceeding. Artificially excluding certain parties or types of parties from the bellwether case makes the bellwether case a less reliable gauge of what the parties may expect when all legal issues are addressed, the case has been narrowed through the crucible of motions to dismiss and summary judgment, experts have been evaluated by the Court, and all admissible evidence is presented. Removing certain Defendants, who together represent a significant role in the supply chain, lowers the efficacy of the bellwether process.

## III.  Severance Would Not Streamline the Presentation of Evidence.

Courts also reject severance where "overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the

---

[5] Efficiency favors simply granting more time for the Track One trial to proceed, *see* Dkt. 2133, not splintering Plaintiffs' claims into multiple duplicative trial settings.

parties and to the court."  *Evans*, 574 F. Supp. 2d at 811 (quoting Wright, Miller & Kane, 7 Fed. Pract. & Proc., Civ. 3rd § 1653 at 411–12 (2001)).  Severance undoubtedly is inappropriate here, where Plaintiffs seek to hold Defendants jointly and severally liable for alleged government costs "aris[ing] from the opioids crisis."  Dkt. 2099 at 3.  While Plaintiffs now try to pivot to suggest these claims can be cleanly severed and tried in two separate trials, all of their prior briefing—including Plaintiffs' recent oppositions to summary judgment—shows the opposite.

Most acutely, Plaintiffs have claimed the existence of a single civil conspiracy between the Defendants to be severed and the Defendants that would remain in the Track One trial.  *See, e.g.*, Dkt. 2090 (Plaintiffs' opposition to summary judgment motion arguing that certain parties not subject to severance conspired with parties that would be severed).  The evidence of the alleged common conspiracy amongst all Defendants will be common to all Defendants, and thus there is no efficiency to be gained from holding two trials in which that same evidence and legal argument will be presented.  *See DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 632 (D. Kan. 2004) (refusing to sever claims where plaintiffs would "seek[] redress under identical legal theories against each of the defendants in each case"); *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1327 (S.D. Fla. 2014) (noting that a claim for civil conspiracy indicates a connection between defendants that makes severance inappropriate).  Plaintiffs must either dismiss their conspiracy claims or accept the necessity of a single trial of an appropriate length.

Finally, as the Defendants' affirmative defenses make clear, Ohio's non-party fault statute requires apportionment of fault to all responsible parties, regardless whether they are

6

parties to the case.  Ohio Revised Code § 2307.23.[6]  Accordingly, evidence of severed parties

may come in during both trials, causing the same witnesses to testify at two trials instead of one.

## IV.      Severance Risks Inconsistent Verdicts.

Courts consistently recognize that severance is inappropriate where it creates a risk of

inconsistent jury verdicts.  *E.g.*, *Janvey v. Alguire*, No. 3:09-CV-0724-N, 2015 WL 13723897, at

*1 (N.D. Tex. Sept. 30, 2015) ("[A] court should not grant a motion to sever if it would ' …

increase the likelihood of inconsistent verdicts.'"); *Kirk v. Metro. Transp. Auth.*, No. 99 CIV.

3787 (RWS), 2001 WL 25703, at *2 (S.D.N.Y. Jan. 10, 2001) ("[C]ourts generally abstain from

severing claims where separate trials risk inconsistent jury verdicts.").

If Plaintiffs' proposed severance motion were granted, the result would be two

duplicative trials against different subsets of Defendants, but based, at least in part, on the same

evidence, making the risk of inconsistent verdicts unavoidable on critical issues such as the

existence of a conspiracy, the existence of and those responsible for the creation of the alleged

public nuisance, and damages apportionment.  For example, Plaintiffs' proposal could result in

plainly inconsistent holdings, such as the first jury finding that a named Defendant had conspired

with a severed Defendant, only for the second jury to find an absence of any evidence of the

*exact same* alleged conspiracy.  Similarly, for Plaintiffs' nuisance claim, whether fault is

allocated or joint and several, that claim cannot reasonably be tried multiple times against

different subsets of allegedly responsible Defendants with different juries entering potentially

inconsistent verdicts on both liability and damages.  This and other complex issues of non-party

---

[6] *See, e.g.*, Answer of AmerisourceBergen, Dkt. 1251 at 311 (citing Ohio Revised Code § 2307.23); Answer of Cardinal Health, Dkt. 1256 at 136 (citing Ohio Revised Code § 2307.23); Answer of McKesson Corp., Dkt. 1257 at 85–86 (citing Ohio Revised Code § 2307.23); Answer of CVS, Dkt. 1250 at 186 (citing Ohio Revised Code § 2307.23); Answer of Mallinckrodt LLC., Dkt. 1268 at 162, 165.

fault and attribution of damages makes severance unworkable, as the trials could easily result in differing judgments about the percentage of fault attributable to Defendants, the contributory fault of the Counties, and ultimately the amount of damages.  The Court should reject Plaintiffs' proposal to sever a subset of parties in order to protect the Track One trial from such "intolerably anomalous results."  *See, e.g.*, *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-CV-1990-L-BN, 2017 WL 5889715, at *5 (N.D. Tex. Nov. 29, 2017) (finding severance inappropriate where it would result in "two juries … pass[ing] on an issue involving the same factual and legal elements").

## CONCLUSION

The Defendants request that the Court deny Plaintiffs' motion to sever a minority of Defendants from the upcoming trial.  If Plaintiffs determine not to pursue claims against these Defendants in the Track One trial, the Court should dismiss with prejudice (not sever) the Defendants and claims that implicate these Defendants, and require Plaintiffs to reduce their damages calculations accordingly.

Dated: August 7, 2019

Respectfully Submitted,

 */s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson
Corporation*

 */s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for Defendant AmerisourceBergen
Drug Corporation*

 */s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
George A. Borden
Ashley W. Hardin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
gborden@wc.com
ahardin@wc.com

*Counsel for Defendant Cardinal
Health, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's

ECF system to all counsel of record on August 7, 2019.

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*
