UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track One Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**CERTAIN MANUFACTURER DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SEVER DEFENDANTS**

In accordance with this Court's Order of August 2, 2019, certain of the Manufacturer Defendants[1] hereby respond to Plaintiffs' Motion to Sever Defendants and to Extend the Deadline to Respond to Noramco, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, Dkt. 2099.

There should be no trial in this case, for all the reasons stated in Defendants' motions for summary judgment. But if there were to be a trial, in no event should it be structured as Plaintiffs propose in their Motion to Sever: with their claims against more than a dozen assorted manufacturers, distributors, and retail sellers of opioid medications tried first, and their claims against seven other distributors, retail sellers, and a raw material supplier put on ice and saved for a later day. Plaintiffs' proposal is arbitrary and unprincipled, and highlights the need for a deeper

---

[1] For purposes of this Motion "Manufacturers" refers to Purdue Pharma, L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc. (incorrectly named as "Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.), Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc., Johnson & Johnson, Allergan plc f/k/a Actavis plc, Allergan Finance, LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc., Allergan Sales, LLC, Allergan USA, Inc., Mallinckrodt, plc, Mallinckrodt LLC, SpecGx LLC, Allergan Sales, LLC, and Allergan USA, Inc.

discussion about the appropriate structure of any trial.

As Plaintiffs concede, they "will be required to prove their claims against each individual defendant based on each defendant's alleged wrongdoing." Dkt. 2099 (Motion to Sever), at 2. Thus, "different evidence is required for each defendant," and the parties would "be required to produce different witnesses and documentary proof related to their claims and defenses." *Id*. at 2, 3. Plaintiffs further acknowledge that lumping together evidence against multiple defendants in one trial risks overwhelming a jury. *Id*. at 2-3. The reasons Plaintiffs give for wanting to sever their claims against eight Defendants would apply just as much to their claims against the more than a dozen Defendants they propose to try first. Plaintiffs' own logic would dictate that each Defendant receive its own separate trial.

At the same time, Plaintiffs claim that each Defendant contributed to the same alleged harm: as Plaintiffs put it, "the opioids crisis generally." *Id*. at 2. And they seek to hold all Defendants—both those they propose to sever and those that would remain—jointly and severally liable for damages and for abating that alleged harm. *E.g.*, Dkt. 1890 (Plts' Mot. for Partial Adjudication re Public Nuisance), at 22. This is patently improper because plaintiffs seek recovery for past and future economic damages and are therefore directly subject to the apportionment statement codified in Ohio Rev. Code Ann. section 2307.011(C)(2). And regardless of the applicability of section 2307.011, Ohio courts and the Sixth Circuit repeatedly have confirmed that absolute common law public nuisance claims are governed by the common law rules set forth in the Restatement that require plaintiffs first to prove they suffered an indivisible harm proximately caused by multiple defendants' unlawful conduct, at which point defendants are entitled to prove any harm suffered is capable of apportionment. *E.g.*, Defs' Opp'n to Plts' Mot. for Partial Adjudication re Public Nuisance, at 9-14. Therefore, any trial may address each and every

Defendant's alleged contribution to that harm, and whether that harm is indivisible or capable of apportionment.

Plaintiffs' Motion to Sever thus reveals the need for a reasoned discussion between the parties and the Court about the appropriate structure of any trial.  Manufacturers submit that this discussion is best held after the Court resolves the pending summary judgment motions. Depending on how the Court rules on the pending motions, it could be that there is no need for a trial at all, or that each Defendant should be tried separately, or that some subset of Defendants should be tried together.  The parties' motions raise serious issues that go to the heart of how any trial should be structured.  It makes no sense to rush toward a potential trial date without thoughtful and serious consideration of the appropriate trial structure based on the particular claims, if any, that remain after summary judgment.

In the meantime, Plaintiffs' current proposal must be rejected as arbitrary and unprincipled. In no event would it be appropriate to try Plaintiffs' claims against more than a dozen assorted manufacturers, distributors, and retail sellers while setting aside their claims against others for a later trial.

Dated: August 7, 2019                     Respectfully submitted,

                                                 By: */s/ Carole S. Rendon*
                                                 Carole S. Rendon
                                                 BAKER & HOSTETLER LLP
                                                 Key Tower
                                                 127 Public Square, Suite 2000
                                                 Cleveland, OH 44114-1214
                                                 Tel: (216) 621-0200
                                                 crendon@bakerlaw.com

                                                 Jonathan L. Stern
                                                 ARNOLD & PORTER KAYE SCHOLER LLP
                                                 601 Massachusetts Ave. NW
                                                 Washington, DC 20001
                                                 Tel: (202) 942-5000

jonathan.stern@arnoldporter.com

Sean O. Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Tel: (213) 243-4000
sean.morris@arnoldporter.com

*Attorneys for Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.*


By: /s/ *Mark S. Cheffo* (consent)
Mark S. Cheffo
Sheila L. Birnbaum
Hayden A. Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Mark.Cheffo@dechert.com
Sheila.Birnbaum@dechert.com
Hayden.Coleman@dechert.com

*Attorneys for Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company*


By: /s/ *Charles C. Lifland* (consent)
Charles C. Lifland
Sabrina H. Strong
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
clifland@omm.com
sstrong@omm.com

Daniel M. Petrocelli
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067-6035

4

Tel: (310) 553-6700
dpetrocelli@omm.com

*Attorneys for Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*


By: */s/ Brien T. O'Connor* (consent)
Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC and specially appearing for Mallinckrodt plc*


By: */s/ Donna M. Welch* (consent)
Donna M. Welch, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Tel: (312) 862-2000
donna.welch@kirkland.com

*Attorney for Defendants Allergan Finance, LLC f/k/a/ Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; and specially appearing Defendant Allergan plc f/k/a Actavis plc*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 7, 2019, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, and will be served via the Court's CM/ECF filing system on all attorneys of record.

DATED: August 7, 2019                                         */s/ Carole S. Rendon*
                                                                              Carole S. Rendon