UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The County of Summit, Ohio*, et al. v. *Purdue Pharma L.P.*, et al., Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. v. *Purdue Pharma L.P.*, et al., Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**WALGREENS' RESPONSE TO PLAINTIFFS'
MOTION TO SEVER**

Defendants Walgreen Co. and Walgreen Eastern Co., Inc. ("Walgreens") take no position on the proposed severance of eight defendants, but submit this response to plaintiffs' motion to sever to highlight the ways in which it does not, by any stretch of the imagination, satisfy plaintiffs' commitment to the Court that they would reduce the number of parties and claims sufficiently to permit this case to be tried in the seven weeks the Court has allotted.

Even if the proposed modest reduction in the number of parties is allowed, it still leaves an entirely unmanageable and untriable case before the Court.  The trial would still include such disparately situated defendants as branded pharmaceutical manufacturers who actively marketed novel opioid medications, generic manufacturers who did not, major pharmaceutical distributors who acted as wholesalers for a large variety of retail pharmacy customers, and retail pharmacy chains who distributed only to their own stores.  Each defendant will need to present its own fact witnesses and expert testimony on topics unique to itself—for example, the adequacy of its own

suspicious order monitoring systems and the absence of any causal link between its alleged misconduct and the injuries for which Plaintiffs seek recovery.  And of course two separate plaintiff counties will need to prove up not just their liability theories, but will also each need to provide evidence on an individual basis of causation as to their own communities and of their damages.[1]

Moreover, evidence regarding a severed defendant would not necessarily become irrelevant at a trial of plaintiffs' claims against the remaining defendants simply because it is no longer a party for purposes of that trial.  Among other things, plaintiffs' claims include an alleged conspiracy involving all defendants, they seek recovery for a nuisance to which all defendants allegedly contributed, and the jury must consider the conduct of pertinent non-parties under the Ohio's non-party fault statute.

The Court has set aside 38 trial days (October 21 through December 13, including two days off for the Thanksgiving holiday).  Even if only 12 defendants remain for trial and are given only three days each to put on their entire defense cases, the defense portion of the trial would consume 36 trial days—leaving just two days for openings and closing by 14 parties and all of plaintiffs' evidence.  Of course, three days is not nearly enough time for any defendant to mount a fair defense in a lawsuit presenting such a broad range of novel and complex claims and seeking many billions of dollars in damages through a trial that, according to plaintiffs' counsel,

---

[1] In addition to all of this, the Court recently indicated (Doc. # 2131) that the time allotted for trial will also be used to consider evidence relevant to personal jurisdiction over the foreign corporate parents of three manufacturer defendants.

seeks nothing less than to use a Cleveland jury to bankrupt an important segment of the American healthcare system.[2]

For all of these reasons, while severing eight defendants for a separate trial may be a small step in right direction, it falls far short of accomplishing the necessary task of narrowing the Track One trial to a subset of defendants and claims that could be fairly tried in seven weeks. That will require—by Court order if plaintiffs will not do so voluntarily despite their promises to the Court—*dismissing* (not severing) a much larger number of defendants (for example, those with complete and case-dispositive limitations, causation, and other defenses) and also both dismissing some claims and narrowing others against the remaining defendants.

Dated:  August 7, 2019  Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Bartlit Beck LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for the Walgreens Defendants*

---

[2] Michael Moore, plaintiffs' counsel's "unofficial commanding officer," had this to say on national television about the Track One trial: "If we try the Ohio case, if we win a verdict against these manufacturers and distributors there, it could bankrupt them.  It'd put them outta business." https://www.cbsnews.com/news/opioid-crisis-attorney-mike-moore-takes-on-manufacturers-and-distributors-at-the-center-of-the-epidemic-60-minutes/

3

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 7th day of August, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr

*Counsel for the Walgreens Defendants*