**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# PLAINTIFFS' MOTION TO SEVER DEFENDANTS CVS INDIANA, L.L.C. AND CVS RX SERVICES, INC.

August 7, 2019

Pursuant to the Court's request that "in order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial," ECF No. 1598 at 1-2, Plaintiffs respectfully submit this Motion to Sever Defendants CVS Indiana, L.L.C. and CVS RX Services, Inc. (collectively, the "CVS Defendants").

## INTRODUCTION

Plaintiffs believe that severing the CVS Defendants would achieve the Court's objective that the trial proceed in as efficient a manner as possible. Accordingly, Plaintiffs respectfully request that the Court sever the CVS Defendants from the action.

## ARGUMENT

Rule 21 provides the Court with broad discretion to sever claims. *See* Fed. R. Civ. P. 21 ("The Court may also sever any claim against a party."). "Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits." *Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015).[1] The "permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Johnson v. Advanced Bionics, LLC*, 2011 U.S. Dist. LEXIS 36289, at *20 (W.D. Tenn. Apr. 4, 2011). In determining whether to sever, courts consider several factors, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

---

[1] In determining whether to sever claims, "the district court does not need to determine the merit of the second claim. As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). By severing Plaintiffs' claims against the CVS Defendants from those against the other Track One Defendants, the Court would "create[] two separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). The action against the CVS Defendants would proceed "as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.*

1

*Productive MD, LLC v. Aetna Health & Aetna Life Ins. Co.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013) (citing *Six L's Packing Co, Inc. v. Beale*, 2012 U.S. Dist. LEXIS 36364, at *5 (M.D. Tenn. Mar. 15, 2012)). Plaintiffs readily satisfy these criteria.

*First*, while Plaintiffs' claims against the CVS Defendants arise from the opioids crisis generally, Plaintiffs will be required to prove their claims against each individual defendant based on each defendant's alleged wrongdoing.

*Second*, while there are common questions of law or fact in both Plaintiffs' claims against the CVS Defendants and the other Track One Defendants, there are certain differences in Plaintiffs' claims.  In addition, distinct evidence may be required for each Defendant.  *See generally Johnson*, 2011 U.S. Dist. LEXIS 36289, at *16 (severing claims where, among other things, the presentation of different evidence and for different claims would "confuse the issues and risk prejudicing [defendant]").

*Third*, severance would facilitate judicial economy by significantly reducing the number of defendants and claims to be tried.  *See* ECF No. 1598 at 1-2 ("[I]n order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial."). Absent severance, there is a risk that the jury will be overwhelmed by the inclusion of the CVS Defendants.  *See Alvion Props., Inc. v. Weber*, 2009 U.S. Dist. LEXIS 87436, at *24-25 (M.D. Tenn. Sept. 23, 2009) (severance is appropriate "where failure to sever would place an undue burden on the parties, impose unnecessary expense, or would risk jury confusion at trial."); *TCYK, LLC v. DOES 1-98*, 2013 U.S. DIst. LEXIS 179564, at *10-11 (E.D. Tenn. Nov. 18, 2013) (finding severance appropriate to avoid case management being "inefficient, chaotic, and expensive" where each defendant would likely have different defenses).

*Fourth*, the CVS Defendants would not be prejudiced by severance.  Given trial is still more than two months away and the parties are currently involved in briefing summary judgment, the CVS

2

Defendants have likely expended little effort or expense in preparation for trial (as opposed to litigating the case generally). Moreover, because severance would delay any trial against the CVS Defendants, it is more likely (with guidance from the first bellwether trial, but by no means certain) that the parties will have reached a settlement before the CVS Defendants have to defend themselves at trial, thus reducing the CVS Defendants' expected litigation costs.

*Finally*, while there may be some overlap of witnesses in any subsequent trial action against the CVS Defendants, the parties would still be required to produce different witnesses and documentary proof related to their claims and defenses. Notwithstanding, any duplication of testimony or documentation would likely be offset by the reduced length and complexity of the trial against the remaining Track One Defendants.

## CONCLUSION

Severing the CVS Defendants under Rule 21 would effectuate the Court's directive that this action proceed to trial with a minimal number of Defendants and claims. Plaintiffs' motion represents Plaintiffs' good faith efforts to comply with the Court's directive to streamline the trial of this action. Accordingly, Plaintiffs' request that the Court sever their claims relating to the CVS Defendants should be granted.

Dated: August 7, 2019    Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC

3

28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701
(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*


/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*


Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*


Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626

4

(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

5