**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

This document relates to:

*Track One Cases.*

---

### ALLERGAN DEFENDANTS' MOTION TO STRIKE THE
### EXPERT REPORT OF MARC STEINBERG

Similar to the expert report of Alec Fahey stricken by this Court just days ago, *see* Dkt. 2131 at 4, Plaintiffs again submit an untimely expert report, Ex. 1 "Expert Witness Report of Marc I. Steinberg" ("Steinberg Report"), on similar topics addressed by the Fahey Report (corporate separateness). While Plaintiffs submitted the stricken Fahey Report on June 21, 2019, Plaintiffs waited even longer to disclose Professor Steinberg as an expert on July 31, 2019. Ex. 2, Pl. Supp. Disc. The Steinberg Report is untimely under Federal Rule of Civil Procedure 26 and the Case Management Order ("CMO"), which required Plaintiffs to disclose and submit expert reports by March 25, 2019. Dkt. No. 1306. What's more, Plaintiffs submit Professor Steinberg's report as a "respon[se] to Allergan Defense expert Jonathan R. Macey." *See* Ex. 2, Pl. Supp. Disc. But, the Allergan Defendants[1] disclosed Professor Macey's report, *in accordance with the CMO*, on May 10, 2019. Plaintiffs waited nearly three months to serve this untimely and impermissible rebuttal report, in direct contravention of the CMO and Federal Rule of Civil Procedure 26. This Court should not countenance such tactics.

---

[1] The Allergan Defendants are Allergan plc, Allergan Finance, LLC, Allergan USA, Inc., and Allergan Sales, LLC.

Accordingly, Allergan respectfully requests that the Court grant its Motion to Strike the Expert Report of Marc I. Steinberg.

## I.    BACKGROUND

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose its testifying witnesses "at the time and in the sequence that the court orders."  FED. R. CIV. P 26(a)(2)(A); FED. R. CIV. P 26(a)(2)(D).  This case has been kept on an extraordinarily tight schedule, with a Court-ordered expert disclosure deadline of March 25, 2019, and April 15, 2019 for limited other opinions.[2]  *See* Dkt. 1306.  As Plaintiffs themselves argued in opposing Defendants' requests for relief from the current schedule, CMO 8 was highly negotiated by the parties.  *E.g.*, Dkt. No. 1557, Plaintiff's Opposition to Defendants' Emergency Motion to Reconsider Orders Setting Expert Discovery Schedule, at 3; *see also* Dkt. No. 1560, Order, at 2 (referring to the "the parties' jointly proposed date[s]" in CMO 8).  CMO 8 did not allow for rebuttal expert reports.  Yet Plaintiffs never requested the ability to submit a "rebuttal" to the Macey report, and instead opted for self-help despite the fact that they were not permitted one under the Court's orders.  *See* Dkt. 232 at 18 ("All parties' experts whose opinions may be submitted at trial shall be subject to deposition as directed in Fed. R. Civ. P. 26(b)(4)(A) prior to the close of expert discovery."); *id* ("No other documents relating to expert reports will be produced"); *see also* Dkt. 1540 at 2 ("The Court makes this ruling with the understanding that it will not extend the deadlines set by the Court's current scheduling order, CMO-8, Doc. #: 1306.").

---

[2] *See* Ex. 3, 2019-03-19 SM Cohen Email ("Plaintiffs may file their expert reports related to the issue of SOMS and anti-diversion compliance—no more than 4 such expert reports—on or before April 15, 2019. All other expert reports remain due on March 25, 2019.").

## II.   THE COURT SHOULD STRIKE THE STEINBERG REPORT AS UNTIMELY, UNAUTHORIZED AND INADMISSIBLE

### A.   The Steinberg Report is Untimely Under CMO 8

As an initial matter, the Steinberg Report should be struck because it violates CMO 8, which required Plaintiffs to disclose their experts by March 25, 2019.  Dkt. 1306.  Courts in the Sixth Circuit regularly "exclud[e] an expert witness's testimony for failure to comply with the court's expert disclosure deadline." *Adams v. Farbota*, 306 F.R.D. 563, 572 (M.D. Tenn. 2015); *see also*, *Gentry v. Hershey Co.*, 687 F. Supp. 2d 711, 725 (M.D. Tenn. 2010) (finding expert report "should not be considered" because party "wait[ed] until the end of discovery and attempt[ed] to supplement an expert report in opposition to a motion for summary judgment"); *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) ("District courts have broad discretion to exclude untimely disclosed expert-witness testimony."); *Shannon v. State Farm Ins.*, No. 14-cv-14153, 2016 U.S. Dist. LEXIS 69661, at *7 (E.D. Mich. May 27, 2016) (listing Sixth Circuit decisions upholding district court orders striking experts as a result of discovery violations).

Indeed, "Federal Rule of Civil Procedure 37(c)(1) requires ***absolute compliance*** with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016) (internal citations omitted).  Thus, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial," unless the party proves that the failure was substantially justified or is harmless.[3] Fed. R. Civ. P. 37(c)(1).

---

[3]   *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x. 627, 636 (6th Cir. 2007) ("Plaintiffs, as the sanctioned party, bear the burden of proving that their noncompliance with the rules and scheduling order was harmless.").

Plaintiffs' failure to timely disclose Professor Steinberg was neither substantially justified nor harmless.  Plaintiffs did not disclose to the Court or Allergan when they retained Professor Steinberg, but Plaintiffs and Allergan have briefed and discussed the issue of corporate separateness addressed in the Steinberg Report extensively since Allergan plc filed its Motion to Dismiss for lack of Personal Jurisdiction in January 2019, almost three months prior to the CMO expert disclosure deadline and over six months prior to disclosure of the Steinberg Report. Plaintiffs were well aware of the issue and could have disclosed an expert on this issue by the CMO 8 expert disclosure deadline, just as Allergan did.  There is no possible justification for Plaintiffs' late submission.  Calling it a "rebuttal report" does not suffice.  Even assuming the CMO permitted rebuttal reports (and it does not), as of that date, Plaintiffs and Professor Steinberg had everything they needed to evaluate and rebut Professor Macey's report when it was filed on May 10, 2019.  Indeed, the majority of Professor Steinberg's report is an academic discussion pushing back on Professor Macey's assertions regarding corporate structuring and operations.

In Plaintiffs' Supplemental Disclosure, they reference discovery produced on June 13 and June 18, 2019 as justification for the late disclosure.  That would not justify this untimely report even if Plaintiffs had sought leave to file it, which they did not.  First, the bates ranges Allergan produced on those dates were ALLERGAN_MDL_04451816-1817 and ALLERGAN_MDL_04451818-2225.  No documents in those bates ranges are on Professor Steinberg's Materials Reviewed list.  *See* Ex. 1, Annex C, "Materials Reviewed."  Second, even assuming the later date of June 18, 2019 provided good cause to submit a rebuttal report, which it does not as Professor Steinberg did not even cite such documents, the Steinberg Report is still untimely, as it was submitted more than 30-days after June 18.  *See* Section II(B), *infra*.  Third, the July 30, 2019 production referenced by Plaintiffs in their disclosure, which Plaintiffs concede

they "have yet to review," consisted of revising and supplementing written discovery on issues unrelated to the Steinberg Report.  Plaintiffs' failure to timely disclose Professor Steinberg is neither substantially justified nor harmless.

In *Bradford v. Bracken County*, the district court struck an expert report filed nearly three months after the court's deadline and eight days after defendants filed their summary judgment motions.  No. 09-115, 2012 WL 2178994, at *6 (E.D. Ky. June 13, 2012).  As here, plaintiffs' untimely disclosure was "a calculated decision" based on plaintiffs' review of the motions and "[could] not be considered harmless."  *Id.* at *7.  The court reasoned that defendants would be "strongly prejudiced" if it allowed the report because defendants had no notice of the report's contents or "opportunity to depose" the expert.  *Id.* at *8; *see also Hodges v. Salvanalle, Inc.*, No. 1:12-cv-2851, 2014 WL 584756, at *3 (N.D. Ohio Feb. 12, 2014) (striking expert report filed in opposition to plaintiffs' summary judgment motion where "[d]efendants ha[d] not sought leave for, or even acknowledged, their untimely disclosure").  So too here.

**B.    The Steinberg Report is Untimely Under Federal Rule of Civil Procedure 26**

The CMO does not permit rebuttal expert reports and Plaintiffs never formally requested the ability to do so.  *See* Dkt. 232 at 18 ("All parties' experts whose opinions may be submitted at trial shall be subject to deposition as directed in Fed. R. Civ. P. 26(b)(4)(A) prior to the close of expert discovery."); *id* ("No other documents relating to expert reports will be produced").  Plaintiffs' late submission of a rebuttal report undermines the negotiated case management schedule entered by the Court.  If rebuttal reports were allowed and contemplated by the parties, the CMO would have said so.  Instead the CMO says all "experts whose opinions may be submitted at trial shall be subject to deposition … prior to the close of expert discovery," and, "[n]o other documents relating to expert reports will be produced."  *See* Dkt. 232 at 18

Even if Plaintiffs claim that the CMO somehow allows for rebuttal reports, a contention that flies in the face of the tight case schedule carefully setting forth all expert submission dates, this rebuttal report is still untimely.  "[C]ourts in this Circuit have uniformly concluded that when, as here, a scheduling order does not address rebuttal reports, Rule 26(a)(2)(D)'s 30-day rule applies."  *Lincoln Elec. Co. v. Travelers Cas. & Sur. Co.,* No. 1:11CV2253, 2013 WL 12131876, at *1 (N.D. Ohio June 26, 2013). Thirty days after Professor Macey's report was June 9, 2019. Plaintiffs surpassed even that date by nearly two months, and the Court should strike this untimely report. *See Cason–Merenda v. Detroit Med. Ctr.*, 2010 WL 1286410, at *1 (E.D. Mich. 2010) (refusing to consider expert rebuttal reports incorporated into dispositive motions and filed five days after the Rule 26(a)(2)(D)(ii) 30–day deadline in a case in which a scheduling order provided for orderly filing of one round of expert reports).

## III.    IF THE COURT DOES NOT STRIKE THE STEINBERG REPORT, ALLERGAN WILL SUFFER PREJUDICE BECAUSE IT CANNOT TAKE APPROPRIATE RECIPROCAL DISCOVERY

Critically, because rebuttal expert reports were not contemplated by the CMO, and Plaintiffs failed to timely disclose their expert, Allergan had no opportunity to depose Professor Steinberg, to seek discovery of Professor Steinberg in connection with the report, or to submit a rebuttal report. *See Shough v. Mgmt. & Training Corp.*, No. 3:16 CV 53, 2018 WL 295576, at *4 (N.D. Ohio Jan. 3, 2018) (finding failure to disclose not harmless and granting motion to strike where party had no prior knowledge of expert's testimony and did not have a chance to cross-examine him).  The prejudice resulting from such one-sided "discovery" is itself sufficient to justify striking the Steinberg Report.

As it stands, however, the gross inaccuracies in the Steinberg Report will not be tested through deposition or by a counter-balancing defendant expert report. Because Plaintiffs' Opposition turns on these inaccuracies, permitting the Steinberg Report to stand would contravene

not only *Daubert*'s gatekeeping directive, but also the demands of due process. *Georgel v. Preece*, No. 0:13-57, 2014 U.S. Dist. LEXIS 194562, at *4 (E.D. Ky. Dec. 10, 2014) (finding it "inequitable" if one party "was allowed to surprise [the other] with an expert witness not subject to attack by rebuttal expert testimony"); *Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117, 2013 U.S. Dist. LEXIS 127340, at *8 (D. Nev. Sept. 5, 2013) (allowing a party to depose an opposing party's expert witness and submit a rebuttal report "comport[s] with due process").

## IV.   CONCLUSION

Plaintiffs have insisted on strict compliance with the schedule laid out in CMO 8 over Defendants' objection.  They cannot have it both ways.  Allergan respectfully requests that the Court strike the Steinberg report as untimely under the CMO 8 and the Federal Rules.


Dated: August 8, 2019                                          Respectfully submitted,

                                                               */s/ Donna Welch*
                                                               Donna Welch, P.C.
                                                               KIRKLAND & ELLIS LLP
                                                               300 North LaSalle
                                                               Chicago, IL 60654
                                                               *Counsel for Allergan Finance, LLC*

## **CERTIFICATE OF SERVICE**

I, Donna M. Welch, hereby certify that the foregoing document was served via the email consistent with the Court's order to all counsel of record.

_/s/ Donna M. Welch_
Donna M. Welch
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
donna.welch@kirkland.com