**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>Track One Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEVER DEFENDANTS

August 9, 2019

Plaintiffs submit this Reply Memorandum in support of their Motion to Sever Defendants[1] (ECF No. 2099) and in response to Defendants' Responses and Oppositions (ECF No. 2141-2145).

## ARGUMENT

Plaintiffs moved to sever pursuant to the Court's guidance in the Civil Jury Trial Order (ECF No. 1598) that "in order to hold a manageable trial, the number of claims and Defendants must be substantially reduced before the beginning of trial." *Id.* at 1-2.  Most of the remaining Defendants hypocritically oppose Plaintiffs' severance motion, even though they have repeatedly complained that "the current trial is unworkable" in its present form. Certain [Distributor] Defendants' Opposition (ECF No. 2143) at 1.[2] Indeed, many of the opposing Defendants have also filed a separate Motion for Additional Trial Time (ECF No. 2133) in which they contend both that "[i]t is simply not possible to try [the current] case fairly in seven weeks," *id.* at 3, and also that "[m]aterially narrowing claims and parties is essential as a matter of simple pretrial logistics," *id.* at 8, which makes their opposition to the Court's instruction and Plaintiffs' motion to reduce the number of defendants at trial both ironic and somewhat baffling.

Plaintiffs' proposed severance does not merely address concerns expressed in this Court's Order. Severance will also further the goals of the upcoming bellwether trial.  The purpose of an MDL bellwether trial is to provide the parties information regarding (1) the manner in which opposing parties will try the case, (2) "how certain arguments and evidence will 'play' before the trier of fact," (3) the logistical issues that can plague parties in complex litigation, (4) "how well or poorly the parties'

---

[1]  The Proposed Severed Defendants are Anda, Inc.; Discount Drug Mart, Inc.; HBC Service Company; H.D. Smith, LLC; Noramco, Inc.; Prescription Supply, Inc.; Rite Aid Corporation; and Walmart Inc. fka Wal-Mart Stores, Inc. Plaintiffs have subsequently filed a separate motion to sever two additional Defendants: CVS Indiana, LLC, and CVS Rx Services, Inc. (ECF No. 2148).

[2] *See also* Certain Manufacturer Defendants' Opposition (ECF No. 2144) at 1-2 ("Plaintiffs' proposal . . . highlights the need for a deeper discussion about the appropriate structure of any trial."); Walgreens' Response (ECF No. 2145) at 1 (arguing that even after severing nearly a third of Defendant groups, "it still leaves an entirely unmanageable and untriable case before the Court.").

1

fact and expert witnesses perform in a trial setting," and (5) the court's "decisions on key legal issues and the admissibility of key evidence." ELDON E. FALLON, JEREMY T. GRABILL AND ROBERT PITARD WYNNE, *Bellwether Trials in Multidistrict Litig.*, 82 TUL. L. REV. 2323, 2337–38 (2008); *see also In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1208, 1208 n.5 (10th Cir. 2016) ("[T]he whole purpose of bellwether litigation . . . is to enable other litigants to learn from the experience and reassess their tactics and strategy (and, hopefully, settle)."); Manual for Complex Litigation, Fourth § 22.315 at 360 (purpose of a bellwether trial is to "produce a sufficient number of representative verdicts . . . to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis, and what range of values the cases may have if resolution is attempted on a group basis"); *In re E.I du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 204 F. Supp. 3d 962, 968 (S.D. Ohio 2016) ("[T]he Court and the parties focused upon the selection of cases to be utilized as bellwether trials . . . for a special purpose that all parties and this Court recognized—information gathering that would facilitate valuation of cases to assist in global settlement."); *In re Welding Fume Prods. Liab. Litig.*, 2007 U.S. Dist. LEXIS 41681, at *19 n.3 (N.D. Ohio June 6, 2007) (quoting Manual for Complex Litigation, *supra*). Information gleaned from the upcoming bellwether trial—as contemplated by Plaintiffs' motion—will aid settlement and promote efficiency in future trials if they are necessary.

Defendants largely ignore these purposes of a bellwether trial, arguing instead as though the Summit and Cuyahoga County suits existed in a vacuum unrelated to any other opioids lawsuit, as if the sole purpose of the upcoming trial were to determine all Defendants' liability to these two particular Plaintiffs. *See, e.g.*, Distributors' Opp. at 2 ("Severance of these claims, as to which Plaintiffs assert (incorrectly) that all Defendants are jointly and severally liable, would create unmanageable risks of inconsistent verdicts and result in different juries deciding key questions . . . ."); Manufacturers' Opp. at 2-3 ("[A]ny trial may address each and every Defendants' alleged

contribution to that harm and whether that harm is indivisible or capable of apportionment."). However correct those arguments would otherwise be in the context of a trial of a single, independent lawsuit against multiple defendants, they do not support denial of Plaintiffs' motion given the very different representational and educational purposes of a bellwether trial in an MDL such as this.

As this Court well-recognized in its Civil Jury Trial Order, in order to most effectively serve the purposes of a bellwether trial, the number of Defendants and claims must be reduced to render the trial manageable. And severance is a valuable tool available to this Court that provides a "legitimate and feasible means of efficiently conducting . . . unwieldy litigation." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003). The Court therefore should reject Defendants' arguments and instead should exercise its broad discretion to sever by granting Plaintiffs' motion. *See, e.g., Parchman v. SLM Corp.*, 896 F.3d 726, 333 (6th Cir. 2018) (district court has "broad discretion" to sever parties and/or claims); *see also Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (district court had discretion to sever claims for "sound administrative reasons" in case that was becoming "increasingly unmanageable").

Finally, the Court also should reject the arguments in Defendant Noramco, Inc.'s separately filed response. Noramco argues, in a nutshell, that it should not be severed from the trial, but rather should be dismissed from the case altogether because Plaintiffs did not take discovery against it. *See* Noramco, Inc.'s Response (ECF No. 2141) at 1-2. The absence of discovery, however, may be found to weigh against a grant of summary judgment. *See, e.g., Shelton v. Bledsoe*, 775 F.3d 554, 558 (3d Cir. 2015); *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985). Moreover, severance from trial rather than dismissal of claims is particularly appropriate here because Noramco is unique among the Defendants in that it alone is not a manufacturer, distributor, or retail pharmacy seller of prescription opioids; rather, it is a supplier to manufacturers of the active pharmaceutical

3

ingredient used in prescription opioid drugs. Thus, its presence in a bellwether trial would distract from the trial's primary focus on issues of more general relevance to the main categories of Defendants in this MDL, whether participating in or severed from that bellwether trial. For each of these reasons, the Court should sever rather than dismiss Plaintiffs' claims against Noramco.

## CONCLUSION

Severing the proposed Defendants under Rule 21 would effectuate the Court's instruction that this action should proceed to trial with a streamlined number of Defendants and claims. Plaintiffs' motion represents an important, initial step in their good faith effort to comply with the Court's directive, and will advance the purposes of the first bellwether trial in this MDL. Accordingly, Plaintiffs' request that the Court sever their claims relating to the Proposed Severed Defendants should be granted.

Dated:  August 9, 2019  Respectfully submitted,

/s/Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

/s/ Joseph F. Rice
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
GREENE KETCHUM, LLP
419 Eleventh Street
Huntington, WV 25701

(304) 525-9115
(800) 479-0053
(304) 529-3284 (Fax)
paul@greeneketchum.com

*Plaintiffs' Co-Lead Counsel*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Hunter J. Shkolnik
NAPOLI SHKOLNIK
360 Lexington Ave., 11th Floor
New York, NY  10017
(212) 397-1000
(646) 843-7603 (Fax)
hunter@napolilaw.com

*Counsel for Plaintiff Cuyahoga County, Ohio*

Linda Singer
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
(202) 386-9626 x5626
(202) 386-9622 (Fax)
lsinger@motleyrice.com

*Counsel for Plaintiff Summit County, Ohio*

5