**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br>Case No. 18-op-45459<br><br>THE MUSCOGEE (CREEK) NATION,<br>　　　　　Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC.; ALLERGAN FINANCE LLC; WATSON LABORATORIES, INC.; TEVA PHARMACEUTICALS USA, INC.; AMNEAL PHARMACEUTICALS, INC.; KVK-TECH, INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; MORRIS & DICKSON CO., LLC; WALGREENS BOOTS ALLIANCE, INC.; WALGREEN CO.; WAL-MART STORES, INC.; SAJ DISTRIBUTORS; GCP PHARMA LLC; ANDA PHARMACEUTICALS, INC.; ANDA, INC.; OMNICARE DISTRIBUTION CENTER LLC; SMITH DRUG COMPANY; THE HARVARD DRUG GROUP, LLC; PHARMACY BUYING ASSOCIATION; H.D. SMITH, LLC; CVS HEALTH CORPORATION; CVS PHARMACY INC.; OKLAHOMA CVS PHARMACY, LLC; THE DRUG WAREHOUSE; MAY'S DRUG STORE; REASOR'S LLC; MED-X CORPORATION; ECONOMY DISCOUNT PHARMACY; ECONOMY PHARMACY, INC.; ECONOMY PHARMACY EXPRESS; | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

| CITY DRUG CO.; CITY DRUG OF COWETA, INC.; SPOON DRUGS, INC.; CAREFIRST PHARMACY, INC.; CITYPLEX PHARMACY; COUCH PHARMACY ON SHERIDAN; ERNIE'S PHARMACY & WELLNESS CENTER, INC.; FREELAND BROWN PHARMACY, INC.; GADDY DISCOUNT DRUG, INC.; GETMANAPOTHECARY SHOPPE, INC.; LANGSAM HEALTH SERVICES, LLC; M & D STAR DRUG, INC.; MED-ECON DRUG, INC.; OLYMPIA PHARMACY; PIPPENGER PHARMACIES LLC; AND ROGERS DRUG CO. INC., | |
|---|---|
| Defendants. | |

## CORRECTED ANSWER AND AFFIRMATIVE DEFENSES OF CARDINAL HEALTH, INC., AND CARDINAL HEALTH 110, LLC

Defendants Cardinal Health, Inc., and Cardinal Health 110, LLC ("Cardinal Health" or "Defendant") hereby submit their Answer and Affirmative Defenses to the First Amended Complaint ("Complaint"). Cardinal Health hereby denies each and every allegation in the Complaint except those expressly admitted below.

Cardinal Health admits that the Plaintiff has filed an action as set forth in the preamble to the Complaint, but denies any liability and further denies that the Plaintiff is entitled to any relief whatsoever.  To the extent that the preamble purports to make additional allegations against Cardinal Health, Cardinal Health denies the allegations in the preamble to the Complaint.

## INTRODUCTION[1]

1.      Cardinal Health admits that that even patients who take FDA-approved opioids pursuant to a prescription from a licensed healthcare provider that is filled by a licensed and registered pharmacy are at risk of addiction.  Cardinal Health also admits that prescription opioids

---

[1] Headings are included for organizational purposes only, and Cardinal Health does not admit anything contained therein.

may properly be used to manage pain in certain patients. As to the remaining allegations of Paragraph 1 of the Complaint, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations of the Complaint and, therefore, denies the allegations.

2.        Cardinal Health admits that there is a problem with the misuse, abuse, and over-prescription of opioids. Further answering, Cardinal Health admits that Paragraph 2 of the Complaint purports to contain statistics from the CDC, which speak for themselves, but denies any attempt by Plaintiff to paraphrase or characterize these statistics. As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies the allegations.

3.        Cardinal Health denies the allegations in Paragraph 3 of the Complaint as alleged against Defendant Cardinal Health. As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations of the Complaint and, therefore, denies the allegations.

4.        The allegations of Paragraph 4 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

5.        Cardinal Health admits that Paragraph 5 of the Complaint purports to contain information from academic articles, which speak for themselves, but denies any attempt by Plaintiff to paraphrase or characterize the articles. Further answering, the allegations of Paragraph 5 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

6.        Cardinal Health admits only that Paragraph 6 purports to contain information from the HHS and SAMSHA, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this information. As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies the allegations.

7.     Cardinal Health admits only that Paragraph 7 purports to contain information from the HHS and SAMSHA, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this information.  Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the allegations.

8.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the allegations.

9.     Cardinal Health admits that, through its DEA-registrant subsidiaries, it purchases controlled substances, including opioids, from manufacturers.  Cardinal Health further admits that, through its DEA-registrant subsidiaries, it sells controlled substances, including opioids, to DEA and state registered pharmacies.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the allegations.

10.     Cardinal Health denies the allegations in Paragraph 10 of the Complaint as alleged against Defendant Cardinal Health.

11.     Cardinal Health denies the allegations in Paragraph 11 of the Complaint as alleged against Defendant Cardinal Health.

12.     The allegations of Paragraph 12 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

13.     Cardinal Health admits only that Paragraph 13 purports to contain information from the DEA and an academic article, which speak for themselves, but denies any attempt by Plaintiff to paraphrase or characterize these sources.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14.     Cardinal Health denies the allegations in Paragraph 14 of the Complaint as alleged

against Defendant Cardinal Health.

15.     Cardinal Health admits only that Paragraph 15 purports to contain information from the National Congress of American Indians Policy Research Center, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this information.  As to any remaining allegations, Cardinal Health denies the allegations in Paragraph 15 of the Complaint as alleged against Defendant Cardinal Health.

16.     Cardinal Health admits only that Paragraph 16 purports to contain information from two articles, which speak for themselves, but denies any attempt by Plaintiff to paraphrase or characterize these sources.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the allegations.

17.     Cardinal Health admits only that Paragraph 17 purports to contain information from CDC and NIH, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this information.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the allegations.

18.     Cardinal Health admits only that Paragraph 18 purports to contain information from CDC and NIH, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this information.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the allegations.

19.     Cardinal Health admits only that Paragraph 19 purports to contain information from an article, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this source.  As to any remaining allegations, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and,

therefore, denies the allegations.

20.     Cardinal Health denies the allegations in Paragraph 20 of the Complaint as alleged against Defendant Cardinal Health.

21.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the allegations.

22.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the allegations.

23.     Cardinal Health admits that the Plaintiff has filed an action as set forth in Paragraph 23 of the Complaint, but denies any liability and further denies that the Plaintiff is entitled to any relief whatsoever.  To the extent that Paragraph 23 purports to make additional allegations against Cardinal Health, Cardinal Health denies the allegations Paragraph 23 of the Complaint.

24.     Cardinal Health admits that the Plaintiff seeks the relief described in Paragraph 24 of the Complaint, but denies any liability and further denies that the Plaintiff is entitled to any relief whatsoever.  To the extent that Paragraph 24 purports to make additional allegations against Cardinal Health, Cardinal Health denies the allegations Paragraph 24 of the Complaint.

**PARTIES**

**I.    PLAINTIFF**

25.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies the allegations.

26.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies the allegations

27.     Cardinal Health admits that the Plaintiff has filed an action as set forth in Paragraph 27 of the Complaint, but denies any liability and further denies that the Plaintiff is

entitled to any relief whatsoever.  To the extent that Paragraph 27 purports to make additional allegations against Cardinal Health, Cardinal Health denies the allegations Paragraph 27 of the Complaint.

## II.    DEFENDANTS

### A.    Marketing Manufacturer Defendants

28.    The allegations of Paragraph 28 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

29.    The allegations of Paragraph 29 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

30.    The allegations of Paragraph 30 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

31.    The allegations of Paragraph 31 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

32.    The allegations of Paragraph 32 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

33.    The allegations of Paragraph 33 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

34.    The allegations of Paragraph 34 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

35.    The allegations of Paragraph 35 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

36.    The allegations of Paragraph 36 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

37.    The allegations of Paragraph 37 do not relate to Cardinal Health.  To the extent any

response is required, Cardinal Health denies the allegations.

38.     The allegations of Paragraph 38 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

39.     The allegations of Paragraph 39 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

40.     The allegations of Paragraph 40 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**B.      Diversion Manufacturer Defendants**

41.     The allegations of Paragraph 41 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

42.     The allegations of Paragraph 42 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

43.     The allegations of Paragraph 43 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**C.      Distributor Defendants**

44.     The allegations of Paragraph 44 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

45.     Cardinal Health admits that Cardinal Health Inc. is an Ohio Corporation with its principal place of business in Ohio.  Cardinal Health admits that, through its DEA-registrant subsidiaries, it distributes prescription medications, including opioids, in Oklahoma and the United States.  Cardinal Health admits that Cardinal Health 110, LLC is licensed to conduct business in Oklahoma.  Cardinal Health denies any remaining allegations in Paragraph 45 of the Complaint.

46.     Cardinal Health admits that Cardinal Health 110, LLC is a Delaware LLC with its

principal place of business in Ohio.  Cardinal Health admits that Cardinal Health 110, LLC is licensed to conduct business in Oklahoma.  Cardinal Health admits that Cardinal Health 110, LLC, is a DEA-registered entity that distributes prescription medications, including opioids, in Oklahoma and the United States.  Cardinal Health denies any remaining allegations in Paragraph 46 of the Complaint.

47.     The allegations of Paragraph 47 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

48.     The allegations of Paragraph 48 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

49.     The allegations of Paragraph 49 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

50.     The allegations of Paragraph 50 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

51.     The allegations of Paragraph 51 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

52.     The allegations of Paragraph 52 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

53.     The allegations of Paragraph 53 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

54.     The allegations of Paragraph 54 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

55.     The allegations of Paragraph 55 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

56.     The allegations of Paragraph 56 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

57.    The allegations of Paragraph 57 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

58.    The allegations of Paragraph 58 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

59.    The allegations of Paragraph 59 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

60.    The allegations of Paragraph 60 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

61.    The allegations of Paragraph 61 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

62.    Cardinal Health denies the allegations in Paragraph 62 of the Complaint as alleged against Defendant Cardinal Health.

**D.    Pharmacy Defendants**

63.    The allegations of Paragraph 63 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

64.    The allegations of Paragraph 64 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

65.    The allegations of Paragraph 65 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

66.    The allegations of Paragraph 66 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

67.    The allegations of Paragraph 67 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

68.    The allegations of Paragraph 68 do not relate to Cardinal Health.  To the extent any

response is required, Cardinal Health denies the allegations.

69.     The allegations of Paragraph 69 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

70.     The allegations of Paragraph 70 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

71.     The allegations of Paragraph 71 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

72.     The allegations of Paragraph 72 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

73.     The allegations of Paragraph 73 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

74.     The allegations of Paragraph 74 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

75.     The allegations of Paragraph 75 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

76.     The allegations of Paragraph 76 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

77.     The allegations of Paragraph 77 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

78.     The allegations of Paragraph 78 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

79.     The allegations of Paragraph 79 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

80.     The allegations of Paragraph 80 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

81.     The allegations of Paragraph 81 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

82.     The allegations of Paragraph 82 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

83.     The allegations of Paragraph 83 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

84.     The allegations of Paragraph 84 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

85.     The allegations of Paragraph 85 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

86.     The allegations of Paragraph 86 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

87.     The allegations of Paragraph 87 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

88.     The allegations of Paragraph 88 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

89.     The allegations of Paragraph 89 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

90.     The allegations of Paragraph 90 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

91.     The allegations of Paragraph 91 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

92.     The allegations of Paragraph 92 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

## JURISDICTION AND VENUE

93.     The allegations in Paragraph 93 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 93 of the Complaint as alleged against Defendant Cardinal Health.

94.     The allegations in Paragraph 94 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 94 of the Complaint as alleged against Defendant Cardinal Health.

95.     The allegations in Paragraph 95 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 95 of the Complaint as alleged against Defendant Cardinal Health.

## FACTUAL BACKGROUND

### I.     PRESCRIPTION OPIOIDS ARE HIGHLY DANGEROUS

96.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and, therefore, denies the allegations.

97.     To the extent that Paragraph 97 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and, therefore, denies the allegations.

98.      Cardinal Health denies the allegations in Paragraph 98 of the Complaint as alleged against Cardinal Health.

### II.    MARKETING MANUFACTURER DEFENDANTS HAVE LEGAL DUTIES TO DISCLOSE ACCURATELY THE RISKS OF OPIOIDS

99.     The allegations of Paragraph 99 do not relate to Cardinal Health.  To the extent any

response is required, Cardinal Health denies the allegations.

100.    The allegations of Paragraph 100 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

101.    The allegations of Paragraph 101 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**III.    MARKETING MANUFACTURER DEFENDANTS VIOLATED THEIR DUTIES**

      **A.    Marketing Manufacturer Defendants Made Misleading Statements About the Risks of Prescribing Opioids to Treat Chronic Pain and Failed to State Accurately the Magnitude of Those Risks**

102.    The allegations of Paragraph 102 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

103.    The allegations of Paragraph 103 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

           **1.    Marketing Manufacturer Defendants Misrepresented the Risks of Addiction to Prescription Opioids**

104.    The allegations of Paragraph 104 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

105.    The allegations of Paragraph 105 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

106.    The allegations of Paragraph 106 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

107.    The allegations of Paragraph 107 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

108.    The allegations of Paragraph 108 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

109.    The allegations of Paragraph 109 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

110.    The allegations of Paragraph 110 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

111.    The allegations of Paragraph 111 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

112.    The allegations of Paragraph 112 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

113.    The allegations of Paragraph 113 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

114.    The allegations of Paragraph 114 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

115.    The allegations of Paragraph 115 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**2.    Marketing Manufacturer Defendants Misleadingly Claimed that Patients Who Were Showing Signs of Addiction Were Not Actually Addicted**

116.    The allegations of Paragraph 116 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

117.    The allegations of Paragraph 117 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

118.    The allegations of Paragraph 118 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

119.    The allegations of Paragraph 119 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**3.    Marketing Manufacturer Defendants Falsely Claimed There Was No Risk in Increasing Opioid Dosages to Treat Chronic Pain**

120.     The allegations of Paragraph 120 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

121.     The allegations of Paragraph 121 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

122.     The allegations of Paragraph 122 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

123.     The allegations of Paragraph 123 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

124.     The allegations of Paragraph 124 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

125.     The allegations of Paragraph 125 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**B.     Marketing Manufacturer Defendants' Misleading Statements Were Designed for Maximum Effect and Targeted to Specific Audiences**

126.     The allegations of Paragraph 126 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

127.     The allegations of Paragraph 127 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

128.     The allegations of Paragraph 128 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

129.     The allegations of Paragraph 129 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

130.     The allegations of Paragraph 130 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

131.     The allegations of Paragraph 131 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

132.    The allegations of Paragraph 132 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

133.    The allegations of Paragraph 133 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

134.    The allegations of Paragraph 134 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

135.    The allegations of Paragraph 135 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

136.    The allegations of Paragraph 136 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

137.    The allegations of Paragraph 137 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**C.    Marketing Manufacturer Defendants Knew or Should Have Known That Their Statements Were Misleading**

138.    The allegations of Paragraph 138 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

139.    The allegations of Paragraph 139 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

140.    The allegations of Paragraph 140 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

141.    The allegations of Paragraph 141 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

142.    The allegations of Paragraph 142 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

143.    The allegations of Paragraph 143 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

144.    The allegations of Paragraph 144 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

145.    The allegations of Paragraph 145 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

146.    The allegations of Paragraph 146 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

147.    The allegations of Paragraph 147 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

148.    The allegations of Paragraph 148 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**D.      Marketing Manufacturer Defendants' Conduct Violated Their Duties**

149.    The allegations of Paragraph 149 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

150.    The allegations of Paragraph 150 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

151.    The allegations of Paragraph 151 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**E.      The Nation Was Harmed by Marketing Manufacturer Defendants' Name-Brand Prescription Opioids and Their Generic Equivalents as a Result of Defendants' Wrongful Marketing Conduct**

152.    The allegations of Paragraph 152 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

153.    The allegations of Paragraph 153 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

154.    The allegations of Paragraph 154 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

155.    The allegations of Paragraph 155 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

156.    The allegations of Paragraph 156 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### F.    Generic Marketing Manufacturer Defendants Failed to Effectively Communicate with Physicians and Patients about Their Products

157.    The allegations of Paragraph 157 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

158.    The allegations of Paragraph 158 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

159.    The allegations of Paragraph 159 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

160.    The allegations of Paragraph 160 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

161.    The allegations of Paragraph 161 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### IV.    DIVERSION DEFENDANTS HAVE LEGAL DUTIES TO PREVENT OPIOID DIVERSION

162.    The allegations in Paragraph 162 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 162 of the Complaint as alleged against Defendant Cardinal Health.

163.    The allegations in Paragraph 163 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 163 of the Complaint as alleged against Defendant Cardinal Health.

164.    To the extent that Paragraph 164 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 164 of the Complaint as alleged against Defendant Cardinal Health.

165.    Cardinal Health denies the allegations in Paragraph 165 of the Complaint as alleged against Defendant Cardinal Health.

**A.    Federal Law Sets a Standard of Care That Diversion Defendants Must Follow**

      **1.    Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Federal Law**

166.    The allegations in Paragraph 166 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 166 of the Complaint as alleged against Defendant Cardinal Health.

167.    Cardinal Health admits only that Paragraph 167 of the Complaint purports to characterize the provisions of the Fedearl Controlled Substances Act, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.  To the extent that Paragraph 167 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 167 of the Complaint as alleged against Defendant Cardinal Health.

168.    Cardinal Health admits that the Federal Controlled Substances Act's regulations require registrants to "design and operate a system to disclose to the registrant suspicious orders of controlled substances," and that "[t]he registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." 21 C.F.R. § 1301.74(b).  Cardinal Health denies Plaintiff's attempt to characterize, paraphrase, or add to these regulations, which speak for themselves.  To the extent that Paragraph 168 purports to define the

legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 168 of the Complaint as alleged against Defendant Cardinal Health.

169.     Cardinal Health admits only that Paragraph 169 of the Complaint purports to characterize the provisions of DEA's regulations, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.  To the extent that Paragraph 169 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 169 of the Complaint as alleged against Defendant Cardinal Health.

### 2.     Pharmacy Defendants' Standard of Care Under Federal Law

170.     The allegations of Paragraph 170 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

171.     The allegations of Paragraph 171 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

172.     The allegations of Paragraph 172 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

173.     The allegations of Paragraph 173 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

174.     The allegations of Paragraph 174 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

175.     The allegations of Paragraph 175 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

176.     The allegations of Paragraph 176 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

177.    The allegations of Paragraph 177 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

**B.    Oklahoma Law Sets a Standard of Care That Diversion Defendants Must Follow**

**1.    Diversion Manufacturer Defendants' and Distributor Defendants' Standard of Care Under Oklahoma Law**

178.    To the extent that Paragraph 178 purports to define the legal duties of distributors,

including Cardinal Health, those allegations state legal conclusions to which no response is

required.  Cardinal Health denies the remaining allegations in Paragraph 178 of the Complaint as

alleged against Defendant Cardinal Health.

179.    Cardinal Health denies the allegations in Paragraph 179 of the Complaint as

alleged against Defendant Cardinal Health.

180.    Cardinal Health admits only that Paragraph 180 of the Complaint purports to

characterize the provisions of the Oklahoma Controlled Substances Act, which speak for

themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.

To the extent that Paragraph 180 purports to define the legal duties of distributors, including

Cardinal Health, those allegations state legal conclusions to which no response is required.  To the

extent a further response is required, Cardinal Health denies the allegations in Paragraph 180 of

the Complaint as alleged against Defendant Cardinal Health.

181.    Cardinal Health admits only that Paragraph 181 of the Complaint purports to

characterize the provisions of the Oklahoma Controlled Substances Act and implementing

regulations, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase,

or add to those provisions.  To the extent that Paragraph 181 purports to define the legal duties of

distributors, including Cardinal Health, those allegations state legal conclusions to which no

response is required.  To the extent a further response is required, Cardinal Health denies the

allegations in Paragraph 181 of the Complaint as alleged against Defendant Cardinal Health.

182.     Cardinal Health admits only that Paragraph 182 of the Complaint purports to characterize the provisions of the Oklahoma Controlled Substances Act, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions. To the extent that Paragraph 182 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 182 of the Complaint as alleged against Defendant Cardinal Health.

183.     Cardinal Health admits only that Paragraph 183 of the Complaint purports to characterize certain, unidentified provisions of the Oklahoma administrative code, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.  To the extent that Paragraph 183 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 183 of the Complaint as alleged against Defendant Cardinal Health.

184.     Cardinal Health admits only that Paragraph 184 of the Complaint purports to characterize certain, unidentified provisions of the Oklahoma administrative code, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.  To the extent that Paragraph 184 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required.  To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 184 of the Complaint as alleged against Defendant Cardinal Health.

185.     Cardinal Health admits only that Paragraph 185 of the Complaint purports to characterize certain, unidentified provisions of Oklahoma law, which speak for themselves, but denies Plaintiff's attempt to characterize, paraphrase, or add to those provisions.  To the extent

that Paragraph 185 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required. To the extent a further response is required, Cardinal Health denies the allegations in Paragraph 185 of the Complaint as alleged against Defendant Cardinal Health.

### 2. Pharmacy Defendants' Standard of Care Under Oklahoma Law

186. The allegations of Paragraph 186 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

187. The allegations of Paragraph 187 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

188. The allegations of Paragraph 188 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

189. The allegations of Paragraph 189 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

190. The allegations of Paragraph 190 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

191. The allegations of Paragraph 191 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

192. The allegations of Paragraph 192 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

193. The allegations of Paragraph 193 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

194. The allegations of Paragraph 194 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

195. The allegations of Paragraph 195 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

196.    The allegations of Paragraph 196 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

197.    The allegations of Paragraph 197 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

198.    The allegations of Paragraph 198 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

199.    The allegations of Paragraph 199 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

## V.    DIVERSION DEFENDANTS HAVE FAILED TO FULFILL THEIR DUTIES

### A.    Diversion Manufacturer Defendants and Distributor Defendants Understood Their Duties and Violated Them Anyway

#### 1.    Diversion Manufacturer Defendants and Distributor Defendants Understood and Acknowledged Their Duties

200.    Cardinal Health denies the allegations in Paragraph 200 as alleged against Cardinal Health.

201.    Cardinal Health admits that the Federal Controlled Substances Act's regulations require registrants to "design and operate a system to disclose to the registrant suspicious orders of controlled substances," and that "[t]he registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." 21 C.F.R. § 1301.74(b). Cardinal Health denies all remaining allegations in Paragraph 201 as alleged against Cardinal Health.

202.    Cardinal Health admits that the DEA has provided briefings related to the distribution of controlled substances, but denies Plaintiff's characterization of these events in Paragraph 202. Cardinal Health denies all remaining allegations in Paragraph 202 as alleged against Cardinal Health.

203.    Cardinal Health admits that the DEA has conducted conferences related to the

distribution of controlled substances at which representatives of Cardinal Health may have been present, but denies Plaintiff's characterization of these events in Paragraph 203. Cardinal Health denies all remaining allegations in Paragraph 203 as alleged against Cardinal Health.

204.     Cardinal Health admits that the DEA has conducted conferences related to the distribution of controlled substances, but denies Plaintiff's characterization of these events in Paragraph 204.  Cardinal Health further admits that the Federal Controlled Substances Act's regulations require registrants to "design and operate a system to disclose to the registrant suspicious orders of controlled substances," and that "[t]he registrant shall inform the Field Division Office of the Administration in his area of suspicious orders when discovered by the registrant." 21 C.F.R. § 1301.74(b). Cardinal Health denies that the Federal Controlled Substances Act imparts on distributors an obligation to decline to fill suspicious orders, or to conduct due diligence regarding suspicious orders. Cardinal Health further denies Plaintiff's characterization of these events in Paragraph 204. Cardinal Health denies all remaining allegations in Paragraph 204 of the Complaint as alleged against Cardinal Health.

205.     Cardinal Health admits that the DEA sent correspondence to Cardinal Health, thorough its DEA-registered subsidiaries, in letters dated September 27, 2006 and December 27, 2007.  The letters speak for themselves, and Cardinal Health respectfully refers the Court to them for their true and correct contents.  Cardinal Health further denies Plaintiff's characterization of the documents referenced in Paragraph 205.  To the extent any further response is required, Cardinal Health denies all remaining allegations in Paragraph 205 as alleged against Cardinal Health.

206.     Cardinal Health admits that it is a member of the Healthcare Distribution Alliance.  The document referenced in Paragraph 206 speaks for itself, and Cardinal Health respectfully refers the Court to it for its true and correct contents.  Cardinal Health further denies Plaintiff's characterization of the document referenced in Paragraph 206.  To the extent any

further response is required, Cardinal Health denies all remaining allegations in Paragraph 206 as alleged against Cardinal Health.

207.     The allegations in Paragraph 207 purport to quote from the document referenced in Paragraph 206, which speaks for itself, and Cardinal Health denies any attempts by Plaintiff to characterize or paraphrase the document.  To the extent any further response is required, Cardinal Health denies the allegations in Paragraph 207 as alleged against Cardinal Health.

208.     Cardinal Health admits that there is a problem with the misuse, abuse, and over-prescription of opioids.  Cardinal Health denies any remaining allegations in Paragraph 208.

209.     Cardinal Health admits that it employs an advanced anti-diversion program as part of its compliance with the Federal Controlled Substances Act. Cardinal Health admits that the Washington Post reported that Cardinal Health employee Brett Ludwig said, in a statement to the Post, that Cardinal Health deploys "advanced analytics, technology, and teams of anti-diversion specialists and investigators who are embedded in our supply chain. This ensures that we are as effective and efficient as possible in constantly monitoring, identifying, and eliminating any outside criminal activity." The article speaks for itself, and Cardinal Health denies any attempt by Plaintiff to selectively quote, paraphrase or characterize that information.

210.     The allegations of Paragraph 210 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

211.     To the extent that Paragraph 211 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required. Cardinal Health denies the remaining allegations in Paragraph 211 as alleged against Cardinal Health.

> **2.     Prior Regulatory Actions Against Distributor Defendants for Failing to Prevent Diversion**

212.     Cardinal Health denies the allegations in Paragraph 212 as alleged against

Cardinal Health.

### a. Cardinal

213. Cardinal Health admits that it and its subsidiaries have reached settlement agreements in multiple DEA and state actions regarding the distribution of opioid medications, but denies Plaintiff's characterizations. Cardinal Health denies all other allegations in Paragraph 213.

214. Cardinal Health admits that it reached a $34 million settlement agreement with the Department of Justice in 2008. The settlement agreement speaks for itself, and Cardinal Health denies any attempt by Plaintiff to characterize it. Cardinal Health denies all other allegations in Paragraph 214.

215. Cardinal Health admits that it reached a settlement agreement with the Department of Justice in 2012. The settlement agreement speaks for itself, and Cardinal Health denies any attempt by Plaintiff to characterize it. Cardinal Health denies all other allegations in Paragraph 215.

216. Cardinal Health admits that it and its subsidiaries reached settlement agreements in 2016 under which Cardinal Health paid $44 million. The settlement agreement speaks for itself, and Cardinal Health denies any attempt by Plaintiff to characterize it. Cardinal Health denies all other allegations in Paragraph 216.

217. Cardinal Health admits that it reached a $20 million settlement agreement with the State of West Virginia in 2017. The settlement agreement speaks for itself, and Cardinal Health denies any attempt by Plaintiff to characterize it. Cardinal Health denies all other allegations in Paragraph 217.

### b. McKesson

218. The allegations of Paragraph 218 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

219. The allegations of Paragraph 219 do not relate to Cardinal Health. To the extent

any response is required, Cardinal Health denies the allegations.

220.    The allegations of Paragraph 220 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

### c.    AmerisourceBergen

221.    The allegations of Paragraph 221 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

222.    The allegations of Paragraph 222 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

223.    The allegations of Paragraph 223 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

### 3.    Diversion Manufacturer Defendants Violated Their Duties in Oklahoma

224.    The allegations of Paragraph 224 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

225.    The allegations of Paragraph 225 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

226.    The allegations of Paragraph 226 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

227.    The allegations of Paragraph 227 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

228.    The allegations of Paragraph 228 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

229.    The allegations of Paragraph 229 do not relate to Cardinal Health. To the extent any response is required, Cardinal Health denies the allegations.

### 4.    Despite Prior Regulatory Actions, Distributor Defendants Violated Their Duties in Oklahoma

230.     Cardinal Health denies the allegations in Paragraph 230 as alleged against Cardinal Health.

231.     Cardinal Health denies the allegations in Paragraph 231 as alleged against Cardinal Health.

232.     Cardinal Health denies the allegations in Paragraph 232 as alleged against Cardinal Health.

233.     Cardinal Health denies the allegations in Paragraph 233 as alleged against Cardinal Health.

234.     To the extent that Paragraph 234 purports to define the legal duties of distributors, including Cardinal Health, those allegations state legal conclusions to which no response is required. Cardinal Health denies the remaining allegations in Paragraph 234 as alleged against Cardinal Health.

235.     Cardinal Health denies the allegations in Paragraph 235 as alleged against Cardinal Health.

236.     Cardinal Health denies the allegations in Paragraph 236 as alleged against Cardinal Health.

**B.     Pharmacy Defendants Understood Their Duties and Violated Them Anyway**

**1.     Pharmacy Defendants Understood and Acknowledged Their Duties**

237.     The allegations of Paragraph 237 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

238.     The allegations of Paragraph 238 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

239.     The allegations of Paragraph 239 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

240.     The allegations of Paragraph 240 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

241.    The allegations of Paragraph 241 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

242.    The allegations of Paragraph 242 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

243.    The allegations of Paragraph 243 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

244.    The allegations of Paragraph 244 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### 2.    Prior Regulatory Actions Against Pharmacy Defendants for Failing to Prevent Diversion

245.    The allegations of Paragraph 245 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

246.    The allegations of Paragraph 246 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### a.    CVS

247.    The allegations of Paragraph 247 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

248.    The allegations of Paragraph 248 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

249.    The allegations of Paragraph 249 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

250.    The allegations of Paragraph 250 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

251.    The allegations of Paragraph 251 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

252.     The allegations of Paragraph 252 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### b.     Walgreens

253.     The allegations of Paragraph 253 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

254.     The allegations of Paragraph 254 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

255.     The allegations of Paragraph 255 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### c.     Walmart

256.     The allegations of Paragraph 256 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### 3.     Despite Prior Regulatory Actions, Pharmacy Defendants Continue to Violate Their Duties

257.     The allegations of Paragraph 257 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

258.     The allegations of Paragraph 258 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

259.     The allegations of Paragraph 259 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

260.     The allegations of Paragraph 260 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

261.     The allegations of Paragraph 261 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

262.     The allegations of Paragraph 262 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

## VI.     DEFENDANTS' MISCONDUCT HAS INJURED AND CONTINUES TO INJURE THE NATION AND ITS CITIZENS

263.     Cardinal Health denies the allegations in paragraph 263 as alleged against Cardinal Health.

### A.     Marketing Manufacturer Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens

264.     The allegations of Paragraph 264 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

265.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 265 of the Complaint and, therefore, denies the allegations.

266.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 266 of the Complaint and, therefore, denies the allegations.

267.     Cardinal Health lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Complaint and, therefore, denies the allegations.

268.     The allegations of Paragraph 268 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

269.     The allegations of Paragraph 269 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

270.     The allegations of Paragraph 270 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

271.     The allegations of Paragraph 271 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

272.     The allegations of Paragraph 272 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

273.     The allegations of Paragraph 273 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**B.     Diversion Manufacturer Defendants' and Distributor Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens**

274.     Cardinal Health denies the allegations in paragraph 274 as alleged against Cardinal Health.

275.     Cardinal Health denies the allegations in paragraph 275 as alleged against Cardinal Health.

276.     Cardinal Health denies the allegations in paragraph 276 as alleged against Cardinal Health.

277.     Cardinal Health denies the allegations in paragraph 277 as alleged against Cardinal Health.

278.     Cardinal Health denies the allegations in paragraph 278 as alleged against Cardinal Health.

279.     Cardinal Health denies the allegations in paragraph 279 as alleged against Cardinal Health.

280.     Cardinal Health denies the allegations in paragraph 280 as alleged against Cardinal Health.

281.     Cardinal Health denies the allegations in paragraph 281 as alleged against Cardinal Health.

282.     Cardinal Health denies the allegations in paragraph 282 as alleged against Cardinal Health.

283.     Cardinal Health denies the allegations in paragraph 283 as alleged against Cardinal Health.

284.     Cardinal Health denies the allegations in paragraph 284 as alleged against

Cardinal Health.

**C.      Pharmacy Defendants' Misconduct Has Injured and Continues to Injure the Nation and Its Citizens**

285.    The allegations of Paragraph 285 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

286.    The allegations of Paragraph 286 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

287.    The allegations of Paragraph 287 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

288.    The allegations of Paragraph 288 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

289.    The allegations of Paragraph 289 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

290.    The allegations of Paragraph 290 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

291.    The allegations of Paragraph 291 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

292.    The allegations of Paragraph 292 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

293.    The allegations of Paragraph 293 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**D.      Defendants' Misconduct Has Damaged the Nation and Its Citizens**

294.    Cardinal Health denies the allegations in paragraph 294 as alleged against Cardinal Health.

## VII.  FACTS PERTAINING TO CLAIMS UNDER RICO

295.     Cardinal Health denies the allegations in paragraph 295 as alleged against Cardinal Health.

### A.     The Opioid Marketing Enterprise

#### 1.     The Common Purpose and Scheme of the Opioid Marketing Enterprise

296.     The allegations of Paragraph 296 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

297.     The allegations of Paragraph 297 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

298.     The allegations of Paragraph 298 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

299.     The allegations of Paragraph 299 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

300.     The allegations of Paragraph 300 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

301.     The allegations of Paragraph 301 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

302.     The allegations of Paragraph 302 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

303.     The allegations of Paragraph 303 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

#### 2.     The Conduct of the Opioid Marketing Enterprise

304.     The allegations of Paragraph 304 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

305.     The allegations of Paragraph 305 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

306.     The allegations of Paragraph 306 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

307.     The allegations of Paragraph 307 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

308.     The allegations of Paragraph 308 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

309.     The allegations of Paragraph 309 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

310.     The allegations of Paragraph 310 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

311.     The allegations of Paragraph 311 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

312.     The allegations of Paragraph 312 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

313.     The allegations of Paragraph 313 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

314.     The allegations of Paragraph 314 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

315.     The allegations of Paragraph 315 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

316.     The allegations of Paragraph 316 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

317.     The allegations of Paragraph 317 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

318.      The allegations of Paragraph 318 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

### 3.      The Pattern of Racketeering Activity

319.      The allegations of Paragraph 319 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

320.      The allegations of Paragraph 320 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

321.      The allegations of Paragraph 321 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

322.      The allegations of Paragraph 322 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

323.      The allegations of Paragraph 323 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

324.      The allegations of Paragraph 324 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

325.      The allegations of Paragraph 325 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

326.      The allegations of Paragraph 326 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

327.      The allegations of Paragraph 327 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

328.      The allegations of Paragraph 328 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

**B.**     **The Opioid Supply Chain Enterprise**

      **1.**     **The Common Purpose and Scheme of the Opioid Supply Chain Enterprise**

329.     Cardinal Health denies the allegations in paragraph 329 as alleged against Cardinal Health.

330.     Cardinal Health admits that it is a member of HDA.  Cardinal Health further admits that Paragraph 330 purports to quote Congressional testimony of John Gray, which speaks for itself, but denies any attempt by Plaintiff to paraphrase or characterize this testimony.  Otherwise, Cardinal Health denies the allegations in Paragraph 330 as alleged against Cardinal Health.

331.     Cardinal Health denies the allegations in paragraph 331 as alleged against Cardinal Health.

332.     Cardinal Health denies the allegations in paragraph 332 as alleged against Cardinal Health.

      **2.**     **The Conduct of the Opioid Supply Chain Enterprise**

333.     Cardinal Health denies the allegations in paragraph 333 as alleged against Cardinal Health.

334.     Cardinal Health denies the allegations in paragraph 334 as alleged against Cardinal Health.

335.     Cardinal Health denies the allegations in paragraph 335 as alleged against Cardinal Health.

336.     Cardinal Health denies the allegations in paragraph 336 as alleged against Cardinal Health.

      **3.**     **The Pattern of Racketeering Activity**

337.     Cardinal Health denies the allegations in paragraph 337 as alleged against Cardinal Health.

338.     Cardinal Health denies the allegations in paragraph 338 as alleged against Cardinal Health.

339.     Cardinal Health denies the allegations in paragraph 339 as alleged against Cardinal Health.

340.     Cardinal Health denies the allegations in paragraph 340 as alleged against Cardinal Health.

341.     Cardinal Health denies the allegations in paragraph 341 as alleged against Cardinal Health.

342.     Cardinal Health denies the allegations in paragraph 342 as alleged against Cardinal Health.

343.     Cardinal Health denies the allegations in paragraph 343 as alleged against Cardinal Health.

344.     Cardinal Health denies the allegations in paragraph 344 as alleged against Cardinal Health.

345.     Cardinal Health denies the allegations in paragraph 345 as alleged against Cardinal Health.

346.     Cardinal Health denies the allegations in paragraph 346 as alleged against Cardinal Health.

347.     Cardinal Health denies the allegations in paragraph 347 as alleged against Cardinal Health.

348.     Cardinal Health denies the allegations in paragraph 348 as alleged against Cardinal Health.

349.     Cardinal Health denies the allegations in paragraph 349 as alleged against Cardinal Health.

C.     **Effects of the Opioid Marketing Enterprise and the Opioid Supply Chain Enterprise**

350.     Cardinal Health denies the allegations in paragraph 350 as alleged against Cardinal Health.

351.     Cardinal Health denies the allegations in paragraph 351 as alleged against Cardinal Health.

352.     Cardinal Health denies the allegations in paragraph 352 as alleged against Cardinal Health.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF RICO, 18 U.S.C. § 1961 *et seq*.**

**OPIOID MARKETING ENTERPRISE**

**(Against the Marketing Manufacturer Defendants)**

353.     In response to Paragraph 353 of the Complaint, as alleged against Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein.

354.     The allegations in Paragraph 354 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

355.     The allegations in Paragraph 355 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

356.     The allegations in Paragraph 356 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

357.     The allegations in Paragraph 357 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

358.     The allegations in Paragraph 358 do not relate to Cardinal Health.  To the extent

any response is required, Cardinal Health denies the allegations.

359.    The allegations in Paragraph 359 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

360.    The allegations in Paragraph 360 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

361.    The allegations in Paragraph 361 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

362.    The allegations in Paragraph 362 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

363.    The allegations in Paragraph 363 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

364.    The allegations in Paragraph 364 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

365.    The allegations in Paragraph 365 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

366.    The allegations in Paragraph 366 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

367.    The allegations in Paragraph 367 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

368.    The allegations in Paragraph 368 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

369.    The allegations in Paragraph 369 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

370.    The allegations in Paragraph 370 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

371.     The allegations in Paragraph 371 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

372.     The allegations in Paragraph 372 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

373.     The allegations in Paragraph 373 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

374.     The allegations in Paragraph 374 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

375.     The allegations in Paragraph 375 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

376.     The allegations in Paragraph 376 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

377.     The allegations in Paragraph 377 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

378.     The allegations in Paragraph 378 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

379.     The allegations in Paragraph 379 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

## COUNT II

## VIOLATION OF RICO, 18 U.S.C. § 1961 *et seq*.

## OPIOID SUPPLY CHAIN ENTERPRISE

### (Against All Defendants)

380.     In response to Paragraph 380 of the Complaint, as alleged against Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or

information sufficient to form a belief as to their truth.

381.    The allegations in Paragraph 381 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 889 of the Complaint as alleged against Defendant Cardinal Health.

382.    The allegations in Paragraph 382 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, and with respect to the other allegations in Paragraph 382 of the Complaint Cardinal Health denies the allegations in Paragraph 382 of the Complaint as alleged against Defendant Cardinal Health.

383.    Cardinal Health denies the allegations in Paragraph 383 of the Complaint as alleged against Defendant Cardinal Health.

384.    Cardinal Health admits that it is a member of HDA.  Otherwise, Cardinal Health denies the allegations in Paragraph 384 as alleged against Defendant Cardinal Health.

385.    Cardinal Health denies the allegations in Paragraph 385 of the Complaint as alleged against Defendant Cardinal Health.

386.    Cardinal Health denies the allegations in Paragraph 386 of the Complaint as alleged against Defendant Cardinal Health.

387.    Cardinal Health denies the allegations in Paragraph 387 of the Complaint as alleged against Defendant Cardinal Health.

388.    The allegations in Paragraph 388 of the Complaint purport to paraphrase and interpret provisions of the United States Code, and Cardinal Health denies any attempt by Plaintiff to characterize or paraphrase the cited statutes.  To the extent any further response is required, Cardinal Health denies the allegations in Paragraph 388 of the Complaint as alleged against Defendant Cardinal Health.

389.    Cardinal Health denies the allegations in Paragraph 389 of the Complaint as alleged against Defendant Cardinal Health.

390.     Cardinal Health denies the allegations in Paragraph 390 of the Complaint as alleged against Defendant Cardinal Health.

391.     Cardinal Health denies the allegations in Paragraph 391 of the Complaint as alleged against Defendant Cardinal Health.

392.     Cardinal Health admits that, on December 6, 2017, the district court for Cleveland County, Oklahoma, dismissed the state of Oklahoma's claim against opioid manufacturers under the Consumer Protection Act.  Otherwise, Cardinal Health denies the allegations in Paragraph 392 of the Complaint as alleged against Defendant Cardinal Health.

393.     Cardinal Health denies the allegations in Paragraph 393 of the Complaint as alleged against Defendant Cardinal Health.

394.     Cardinal Health denies the allegations in Paragraph 394 of the Complaint as alleged against Defendant Cardinal Health.

395.     Cardinal Health denies the allegations in Paragraph 395 of the Complaint as alleged against Defendant Cardinal Health.

396.     Cardinal Health denies the allegations in Paragraph 396 of the Complaint as alleged against Defendant Cardinal Health.

397.     Cardinal Health denies the allegations in Paragraph 397 of the Complaint as alleged against Defendant Cardinal Health.

398.     Cardinal Health denies the allegations in Paragraph 398 of the Complaint as alleged against Defendant Cardinal Health.

399.     Cardinal Health denies the allegations in Paragraph 399 of the Complaint as alleged against Defendant Cardinal Health.

400.     Cardinal Health denies the allegations in Paragraph 400 of the Complaint as alleged against Defendant Cardinal Health.

401.     Cardinal Health denies the allegations in Paragraph 401 of the Complaint as

alleged against Defendant Cardinal Health.

402.     Cardinal Health denies the allegations in Paragraph 402 of the Complaint as alleged against Defendant Cardinal Health.

403.     Cardinal Health denies the allegations in Paragraph 403 of the Complaint as alleged against Defendant Cardinal Health.

404.     Cardinal Health denies the allegations in Paragraph 404 of the Complaint as alleged against Defendant Cardinal Health.

405.     Cardinal Health denies the allegations in Paragraph 405 of the Complaint as alleged against Defendant Cardinal Health.

406.     Cardinal Health denies the allegations in Paragraph 406 of the Complaint as alleged against Defendant Cardinal Health.

407.     Cardinal Health denies the allegations in Paragraph 407 of the Complaint as alleged against Defendant Cardinal Health.

408.     Cardinal Health denies the allegations in Paragraph 408 of the Complaint as alleged against Defendant Cardinal Health.

## COUNT III

## LANHAM ACT

### (Against All Defendants)

409.     In response to Paragraph 409 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.  Further answering, Cardinal Health states that Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, and therefore no response is required.

410.     Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no

response is required. To the extent a response is required, the allegations in Paragraph 410 of the Complaint purport to quote and interpret the text of the Lanham Act, which speaks for itself, and Cardinal Health denies any attempt by Plaintiff to characterize or paraphrase the quoted material. To the extent any further response is required, Cardinal Health denies the allegations in Paragraph 410 of the Complaint as alleged against Defendant Cardinal Health.

411. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 411 of the Complaint as alleged against Defendant Cardinal Health.

412. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 412 of the Complaint as alleged against Defendant Cardinal Health.

413. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 413 of the Complaint as alleged against Defendant Cardinal Health.

414. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 414 of the Complaint as alleged against Defendant Cardinal Health.

415. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 415 of the Complaint as alleged against Defendant Cardinal Health.

416. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations in Paragraph 416 of the Complaint as alleged against Defendant Cardinal Health.

417. Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required. To the extent a response is required, Cardinal Health denies the allegations

in Paragraph 417 of the Complaint as alleged against Defendant Cardinal Health.

418.     Because Plaintiff's Lanham Act claim has been dismissed, *see* Dkt. 1499, no response is required.  To the extent a response is required, Cardinal Health admits that Plaintiff purports to seek the relief identified in Paragraph 418 of the Complaint, but denies that Plaintiff is entitled to any relief.

## COUNT IV

## NUISANCE

### (Against Marketing Manufacturer Defendants)

419.     In response to Paragraph 419 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.

420.     The allegations of Paragraph 420 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

421.     The allegations of Paragraph 421 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

422.     The allegations of Paragraph 422 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

423.     The allegations of Paragraph 423 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

424.     The allegations of Paragraph 424 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

425.     Cardinal Health denies the allegations in Paragraph 425 of the Complaint as alleged against Defendant Cardinal Health.

426.     Cardinal Health denies the allegations in Paragraph 426 of the Complaint as

alleged against Defendant Cardinal Health.

427.    The allegations of Paragraph 427 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

428.    The allegations of Paragraph 428 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

429.    The allegations of Paragraph 429 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

430.    The allegations of Paragraph 430 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

431.    The allegations of Paragraph 431 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

432.    Cardinal Health denies the allegations in Paragraph 432 of the Complaint as alleged against Defendant Cardinal Health.

## COUNT V

## NEGLIGENCE AND NEGLIGENCE PER SE

### (Against Marketing Manufacturer Defendants)

433.    In response to Paragraph 433 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.

434.    The allegations of Paragraph 434 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

435.    The allegations of Paragraph 435 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

436.    The allegations of Paragraph 436 of the Complaint do not relate to Cardinal

Health.  To the extent any response is required, Cardinal Health denies the allegations.

437.    The allegations of Paragraph 437 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

438.    The allegations of Paragraph 438 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

439.    The allegations of Paragraph 439 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

440.    The allegations of Paragraph 440 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

441.    The allegations of Paragraph 441 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

442.    The allegations of Paragraph 442 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

443.    The allegations of Paragraph 443 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

444.    The allegations of Paragraph 444 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

445.    Cardinal Health admits that Plaintiff purports to seek the relief identified in Paragraph 445 of the Complaint, but denies that Plaintiff is entitled to any relief.

## COUNT VI

## UNJUST ENRICHMENT

### (Against Marketing Manufacturer Defendants)

446.    In response to Paragraph 446 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing

knowledge or information sufficient to form a belief as to their truth.

447.     The allegations of Paragraph 447 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

448.     The allegations of Paragraph 448 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

449.     The allegations of Paragraph 449 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

450.     The allegations of Paragraph 450 of the Complaint do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

## COUNT VII

## NUISANCE

### (Against Diversion Defendants)

451.     In response to Paragraph 451 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.

452.     Cardinal Health denies the allegations in Paragraph 452 of the Complaint as alleged against Defendant Cardinal Health.

453.     Cardinal Health denies the allegations in Paragraph 453 of the Complaint as alleged against Defendant Cardinal Health.

454.     Cardinal Health denies the allegations in Paragraph 454 of the Complaint as alleged against Defendant Cardinal Health.

455.     Cardinal Health denies the allegations in Paragraph 455 of the Complaint as alleged against Defendant Cardinal Health.

456.     Cardinal Health denies the allegations in Paragraph 456 of the Complaint as

alleged against Defendant Cardinal Health.

457.     Cardinal Health denies the allegations in Paragraph 457 of the Complaint as alleged against Defendant Cardinal Health.

458.     Cardinal Health denies the allegations in Paragraph 458 of the Complaint as alleged against Defendant Cardinal Health.

459.     Cardinal Health denies the allegations in Paragraph 459 of the Complaint as alleged against Defendant Cardinal Health.

460.     Cardinal Health denies the allegations in Paragraph 460 of the Complaint as alleged against Defendant Cardinal Health.

461.     Cardinal Health denies the allegations in Paragraph 461 of the Complaint as alleged against Defendant Cardinal Health.

462.     Cardinal Health denies the allegations in Paragraph 462 of the Complaint as alleged against Defendant Cardinal Health.

463.     Cardinal Health denies the allegations in Paragraph 463 of the Complaint as alleged against Defendant Cardinal Health.

464.     Cardinal Health denies the allegations in Paragraph 464 of the Complaint as alleged against Defendant Cardinal Health.

## COUNT VIII

## NEGLIGENCE AND NEGLIGENCE PER SE

### (Against Diversion Defendants)

465.     In response to Paragraph 465 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.  Further answering, Cardinal Health states that Plaintiff's negligence claim has been dismissed to the extent it is based upon a

theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.

466.      Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 466 of the Complaint as alleged against Defendant Cardinal Health.

467.      Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, the allegations in Paragraph 467 of the Complaint purport to summarize and interpret Federal and Oklahoma law, which speak for themselves, and Cardinal Health denies any attempt by Plaintiff to characterize, paraphrase or interpret the referenced law. To the extent any further response is required, Cardinal Health denies the allegations in Paragraph 467 of the Complaint as alleged against Cardinal Health.

468.      Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 468 of the Complaint as alleged against Defendant Cardinal Health.

469.      Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 469 of the Complaint as alleged against Defendant Cardinal Health.

470.      Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health admits that, through its DEA-registered subsidiaries, it distributed FDA-approved medications to licensed pharmacies, including name-branded products and their generic equivalents.  Otherwise, Cardinal Health denies the allegations

in Paragraph 470 of the Complaint as alleged against Defendant Cardinal Health.

471.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 471 of the Complaint as alleged against Defendant Cardinal Health.

472.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 472 of the Complaint as alleged against Defendant Cardinal Health.

473.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 473 of the Complaint as alleged against Defendant Cardinal Health.

474.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 474 of the Complaint as alleged against Defendant Cardinal Health.

475.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 475 of the Complaint as alleged against Defendant Cardinal Health.

476.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 476 of the Complaint as alleged against Defendant Cardinal Health.

477.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 477 of the Complaint as alleged against Defendant Cardinal Health.

478.    Plaintiff's negligence claim has been dismissed to the extent it is based upon a theory of negligence per se, *see* Dkt. 1680, and to this extent no response is required.  To the extent a response is required, Cardinal Health denies the allegations in Paragraph 478 of the Complaint as alleged against Defendant Cardinal Health.

**COUNT IX**

**UNJUST ENRICHMENT**

**(Against Diversion Defendants)**

479.    In response to Paragraph 479 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.

480.    Cardinal Health denies the allegations in Paragraph 480 of the Complaint as alleged against Defendant Cardinal Health.

481.    Cardinal Health denies the allegations in Paragraph 481 of the Complaint as alleged against Defendant Cardinal Health

482.    Cardinal Health denies the allegations in Paragraph 482 of the Complaint as alleged against Defendant Cardinal Health.

483.    Cardinal Health denies the allegations in Paragraph 483 of the Complaint as alleged against Defendant Cardinal Health.

484.    Cardinal Health denies the allegations in Paragraph 484 of the Complaint as alleged against Defendant Cardinal Health.

## COUNT X

## CIVIL CONSPIRACY

### (Against All Defendants)

485.     In response to Paragraph 485 of the Complaint, as alleged against Defendant Cardinal Health, Cardinal Health repeats and realleges its responses to the allegations within all prior Paragraphs within the Complaint as if fully set forth herein, and otherwise denies possessing knowledge or information sufficient to form a belief as to their truth.

486.     The allegations in Paragraph 486 do not relate to Cardinal Health.  To the extent any response is required, Cardinal Health denies the allegations.

487.     Cardinal Health denies the allegations in Paragraph 487 of the Complaint as alleged against Defendant Cardinal Health.

488.     Cardinal Health denies the allegations in Paragraph 488 of the Complaint as alleged against Defendant Cardinal Health.

489.     Cardinal Health denies the allegations in Paragraph 489 of the Complaint as alleged against Defendant Cardinal Health.

490.     Cardinal Health denies the allegations in Paragraph 490 of the Complaint as alleged against Defendant Cardinal Health.

491.     Cardinal Health denies the allegations in Paragraph 491 of the Complaint as alleged against Defendant Cardinal Health.

492.     Cardinal Health denies the allegations in Paragraph 492 of the Complaint as alleged against Defendant Cardinal Health.

493.     Cardinal Health denies the allegations in Paragraph 493 of the Complaint as alleged against Defendant Cardinal Health.

## PRAYER FOR RELIEF

Cardinal Health admits that Plaintiff purports to seek the relief identified in sections a–j  of the Prayer for Relief, including subsections, but denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Cardinal Health asserts the following defenses to the Complaint.  Cardinal Health does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense.  All of the following defenses are pled in the alternative and none constitutes an admission that Defendant is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.  Defendant reserves the right to (i) rely upon any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Defendant in this Action, (ii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iii) to amend this document and/or its Answer to assert any such defenses.

## FIRST DEFENSE

The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

## SECOND DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statute of repose.

## FOURTH DEFENSE

Plaintiff may be barred by the doctrine of laches from all forms of relief sought in the Complaint.

## FIFTH DEFENSE

Venue may be improper and/or inconvenient in this Court.

## SIXTH DEFENSE

Plaintiff's claims are barred or limited for lack of standing.

## SEVENTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its members and claims brought as *parens patriae*.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not the real party in interest.

## NINTH DEFENSE

Plaintiff's claims are not ripe and/or have been mooted.

## TENTH DEFENSE

Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and federal constitutional constraints on the exercise of police powers by an Indian tribe.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its remedies are limited to and by 25 U.S.C. § 1621e, or otherwise because of Plaintiff's participation in the Indian Self-Determination and Education Assistance Act and related compacts.

## TWELFTH DEFENSE

Plaintiff may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

**FOURTEENTH DEFENSE**

Plaintiff may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

**FIFTEENTH DEFENSE**

Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**EIGHTEENTH DEFENSE**

To the extent that Plaintiff's claims relate to Defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Oklahoma or that of any other state or sovereign whose laws may apply, such claims are barred.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto protections of the United States or Oklahoma constitutions.

## TWENTIETH DEFENSE

Defendant denies all types of causation, including without limitation, cause in fact, proximate cause and producing cause, with respect to the claims asserted against Defendant.

## TWENTY-FIRST DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant did not proximately cause the damages complained of, and because the acts of other persons (including individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between Defendant's acts and Plaintiff's harms.  Defendant had no legal duty to protect Plaintiff from the intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

## TWENTY-SECOND DEFENSE

Any injuries or damages alleged in the Complaint may have been caused by unforeseeable and uncontrollable circumstances and/or other forces over which Defendant had no control and for which Defendant is not responsible, including pre-existing medical conditions.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injuries or damages as a result of any action by Defendant.

## TWENTY-FOURTH DEFENSE

The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf its members to reimburse any expenses for health care, pharmaceutical care, and other public services.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant has valid defenses that bar recovery by those persons on whose behalf Plaintiff purportedly seeks recovery.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

## TWENTY-SEVENTH DEFENSE

Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

## TWENTY-EIGHTH DEFENSE

Plaintiff fails to plead that it reimbursed any prescriptions for any opioid distributed by Defendant that harmed patients and should not have been written, or that Defendant's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

## THIRTIETH DEFENSE

Any injuries and/or damages sustained by Plaintiff were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

## THIRTY-FIRST DEFENSE

Any recovery against Defendant is barred or limited under the principles of assumption of the risk and informed consent.

## THIRTY-SECOND DEFENSE

Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is

found to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution, and/or apportionment.

## THIRTY-THIRD DEFENSE

Defendant asserts its right to a proportionate reduction of any damages found against Defendant based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims for damages, if any, must be reduced under Oklahoma law because a specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to (i) each Plaintiff, (ii) other parties from whom Plaintiff seeks recovery, and (iii) persons from whom Plaintiff does not seek recovery in this action, including, but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers.

## THIRTY-FIFTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

## THIRTY-SIXTH DEFENSE

If Defendant is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), the facts will show that Defendant caused fifty percent or less of the conduct

that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss.  23 Okla. Stat. § 13.

### THIRTY-SEVENTH DEFENSE

To the extent any agents, employees, or contractors of Defendant caused any of the damages alleged by the Plaintiff, such agents, employees, or contractors were acting outside the scope of agency employment, or contract with Defendant, and any recovery against Defendant must be reduced by the proportionate fault of such agents, employees, or contractors.

### THIRTY-EIGHTH DEFENSE

If Defendant is found liable for Plaintiff's alleged injuries and losses (which liability is specifically denied), then Plaintiff is entitled only to several liability against Defendant.  23 Okla. Stat. § 15.

### THIRTY-NINTH DEFENSE

Any damages that Plaintiff may recover against Defendant must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against Defendant must be reduced to the extent they unjustly enrich Plaintiff.

### FORTIETH DEFENSE

Plaintiff's claims against Defendant are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

### FORTY-FIRST DEFENSE

Plaintiff's claims against Defendant are barred or limited by the economic loss rule.

### FORTY-SECOND DEFENSE

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented

by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

### FORTY-THIRD DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### FORTY-FOURTH DEFENSE

Plaintiff's claims for relief in the Petition are barred, in whole or in part, based on the principles of equity.  Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to Defendant's good faith reliance on state and federal guidance and the absence of any intentionally unlawful conduct.

### FORTY-FIFTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

### FORTY-SEVENTH DEFENSE

The conduct of Defendant conformed with the FDCA and the requirements of the FDA, and the activities of Defendant alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## FORTY-NINTH DEFENSE

Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FIFTIETH DEFENSE

To the extent Plaintiff claims that Defendant misled or defrauded FDA or any other federal agency with respect to the Manufacturer Defendants' disclosure of information related to the safety of their medications at issue, such claims are preempted by federal law.  *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## FIFTY-FIRST DEFENSE

To the extent Plaintiff claims that Defendant misled or defrauded DEA or any federal agency by failing to report suspicious pharmacy orders or other information, such claims are preempted by federal law.  *See Buckman v. Plaintiffs' Legal Comm'n,* 531 U.S. 341 (2001).

## FIFTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## FIFTY-THIRD DEFENSE

If Plaintiff incurred the damages alleged, which is expressly denied, Defendant is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

**FIFTY-FOURTH DEFENSE**

Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

**FIFTY-FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

**FIFTY-SIXTH DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, by the absence of the existence of an "enterprise" for the purposes of RICO liability.

**FIFTY-SEVENTH DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, by the absence of an "association" between Defendant and any other defendant or entity alleged to be part of an "enterprise" for purposes of RICO.

**FIFTY-EIGHTH DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not participate in any "enterprise" as defined by law.

**FIFTY-NINTH DEFENSE**

Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not engage in a pattern of racketeering activity under RICO.

## SIXTIETH DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not knowingly agree to facilitate any schemes that includes the operation or management of a RICO enterprise.

## SIXTY-FIRST DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, by the absence of a conspiracy, including a lack of agreement to commit any unlawful predicate acts, necessary to establish a valid RICO claim under 18 U.S.C. § 1962(d).

## SIXTY-SECOND DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, because Defendant did not commit any predicate acts that may give rise to liability under 18 U.S.C. § 1962.

## SIXTY-THIRD DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, because there are no allegations that Defendant adopted the goal of furthering or facilitating any criminal endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

## SIXTY-FOURTH DEFENSE

The federal RICO statute is unconstitutionally vague.

## SIXTY-FIFTH DEFENSE

Plaintiff's alleged damages do not constitute injury to business or property interests cognizable under RICO.

## SIXTY-SIXTH DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, because Plaintiff is not a "person" entitled to bring a RICO claim.

### SIXTY-SEVENTH DEFENSE

Plaintiff's RICO claims are barred, in whole or in part, because the alleged predicated acts, namely failure to report and halt suspicious orders under the Controlled Substances Act, do not qualify as racketeering activity for purposes of RICO.

### SIXTY-EIGHTH DEFENSE

Plaintiff's Lanham Act claim has been dismissed and is barred because Plaintiff has not suffered competitive or reputational injury from any act of Defendant.  *See* Dkt. 1499.

### SIXTY-NINTH DEFENSE

Defendant did not owe or breach any statutory or common law duty to Plaintiff.

### SEVENTIETH DEFENSE

Plaintiff's claims are barred to the extent they rely on a theory of negligence *per se* because Plaintiff is not a member of any class of persons to whom Defendant owes a statutory duty.  *See* Dkt. 1680.

### SEVENTY-FIRST DEFENSE

Plaintiff's negligence claims are barred because Plaintiff's claims do not meet the elements of a negligence claim against a non-manufacturing seller under 76 Okla. Stat. § 57.2(G).

### SEVENTY-SECOND DEFENSE

Defendant appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### SEVENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant complied at all relevant times with all applicable laws, including all legal and regulatory duties.

### SEVENTY-FOURTH DEFENSE

To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Defendant's regulatory duties, such informal guidance cannot enlarge Defendant's

regulatory duties in the absence of compliance by DEA with the requirements by the

Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

## SEVENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent they are based on alleged violations of industry

customs because purported industry customs do not create legal duties on Defendant.

## SEVENTY-SIXTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement

(Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products

Liability § 6.

## SEVENTY-SEVENTH DEFENSE

To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct,

Plaintiff has failed to plead fraud with sufficient particularity.

## SEVENTY-EIGHTH DEFENSE

Plaintiff fails to plead any actionable misrepresentation or omission made by or

attributable to Defendant.

## SEVENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because no conduct of Defendant was

misleading, unfair, or deceptive.

## EIGHTIETH DEFENSE

Plaintiff's civil conspiracy claims are barred because Plaintiff has not identified any illicit

agreement between Defendant and any other person and because Plaintiff has not identified that

Defendant has used any unlawful means to affect any alleged conspiracy.

**EIGHTY-FIRST DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because neither the users nor their prescribers of the medications distributed by Defendant, nor Plaintiff itself, relied to their detriment upon any statement by Defendant in determining to use the medications at issue.

**EIGHTY-SECOND DEFENSE**

Defendant is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

**EIGHTY-THIRD DEFENSE**

Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under Oklahoma law.

**EIGHTY-FOURTH DEFENSE**

Plaintiff's nuisance claims fail because McKesson's activities fall under Oklahoma law's statutory safe harbor for nuisance claims, which forecloses liability for federally-authorized activities.  *See* 50 Okla. Stat. § 4.

**EIGHTY-FIFTH DEFENSE**

Plaintiff's claim of public nuisance is barred or limited because no action of Defendant involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; Defendant did not control the instrumentality of the alleged nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Defendant is too remote from the alleged injury as a matter of law and due process.

**EIGHTY-SIXTH DEFENSE**

Plaintiff's claim for unjust enrichment is barred or limited because Defendant did not receive and retain any alleged benefit from Plaintiff.

### EIGHTY-SEVENTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Oklahoma statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### EIGHTY-EIGHTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited to the extent that Defendant is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

### EIGHTY-NINTH DEFENSES

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

### NINETIETH DEFENSE

Defendant's liability, if any, will not result from their conduct but is solely the result of an obligation imposed by law, and thus Defendant is entitled to complete indemnity, express or implied, by other parties.

### NINETY-FIRST DEFENSE

Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Oklahoma or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in

punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## NINETY-SECOND DEFENSE

To the extent that Plaintiff seeks punitive damages, Plaintiff cannot demonstrate that such damages are appropriate under 23 Okla. Stat. § 9.1 as limited by Federal constitutional protections. *See Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 849 n.14 (N.D. Okla. 2007).

## NINETY-THIRD DEFENSE

To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETY-FOURTH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that Defendant was grossly negligent and Defendant has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.  Plaintiff's damages, if any, are limited to reasonable damages, and exclude unconscionable and grossly oppressive damages contrary to substantial justice.  *See* 23 Okla. Stat. § 97.  Further, Plaintiff cannot recover damages in excess of those allowed by the applicable statutory law.

### NINETY-FIFTH DEFENSE

Plaintiff cannot obtain relief on its claims based on actions undertaken by Defendant of which Defendant provided notice of all material facts.

### NINETY-SIXTH DEFENSE

Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

### NINETY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### NINETY-EIGHTH DEFENSE

Defendant asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or 12 Okla. Stat. § 2008 and § 2012, as investigation and discovery proceeds.

### NINETY-NINTH DEFENSE

To the extent they are not otherwise incorporated herein, Defendant incorporates as a defense the defenses and arguments raised in the motions to dismiss of any defendant in this case.

## ONE HUNDREDTH DEFENSE

Defendant adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## ONE HUNDRED FIRST DEFENSE

Plaintiff and/or its Attorney General lacks authority under tribal or federal common law to assert the claims contained in the Complaint, to seek the relief sought therein, or to act in the capacity of *parens patriae*.

## ONE HUNDRED SECOND DEFENSE

Because Plaintiff is a federally recognized tribe, it lacks standing to pursue any claims under the federal Controlled Substances Act through its Attorney General.  *See, e.g.*, *McKesson Corp. v. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 340042 (N.D. Okla. Jan. 9, 2018).

## ONE HUNDRED THIRD DEFENSE

Plaintiff is a federally recognized tribe that lacks organizational standing to bring the claims in this case.

## ONE HUNDRED FOURTH DEFENSE

Plaintiff lacks jurisdiction over any injuries occurring beyond the exterior boundaries of the Muscogee (Creek) Nation Reservation.

## ONE HUNDRED FIFTH DEFENSE

Plaintiff may not be awarded damages for services provided to non-tribal members living outside the boundaries of the Muscogee (Creek) Nation Reservation.

## ONE HUNDRED SIXTH DEFENSE

Any damages claimed by Plaintiff must be reduced by the amount of funding received for healthcare and other services from the Federal government or other non-tribal sources.

**ONE HUNDRED SEVENTH DEFENSE**

Plaintiff may not be awarded punitive or exemplary damages because any award of punitive or exemplary damages would constitute imposition of a penalty equivalent to a criminal sanction by a tribe against a nonmember, and therefore violates the U.S. Constitution.

**ONE HUNDRED EIGHTH DEFENSE**

Plaintiff lacks criminal jurisdiction over non-Indians, including Defendant.

**DEMAND FOR BIFURCATED TRIAL**

If any Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury of all issues so triable.

**WHEREFORE**, Defendants Cardinal Health, Inc., and Cardinal Health 110, LLC demand judgment dismissing Plaintiff's Complaint herein in its entirety, together with costs and disbursements of this action, and together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Enu Mainigi* _____
Enu Mainigi
F. Lane Heard
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com
*Attorneys for*
*Defendants Cardinal Health, Inc. and Cardinal Health 110, LLC*