# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | Judge Dan Aaron Polster |
| Case No. 17-OP-45004 (N.D. Ohio) | |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S  RESPONSES AND OBJECTIONS TO MANUFACTURER DEFENDANTS' SECOND SET OF INTERROGATORIES |
| Plaintiffs, | |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CORPORATION, AMERISOURCEBERGEN
CORPORATION, HEALTH MART
SYSTEMS, INC., H. D. SMITH, LLC d/b/a
HD SMITH, f/k/a H.D. SMITH
WHOLESALE DRUG CO., H. D. SMITH
HOLDINGS, LLC, H. D. SMITH HOLDING
COMPANY, CVS HEALTH
CORPORATION, WALGREENS BOOTS
ALLIANCE, INC. a/k/a WALGREEN CO.,
and WAL-MART INC. f/k/a WAL-MART
STORES, INC.,

Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case

Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232),

The County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga

County, Michael C. O'Malley, ("Plaintiff") hereby responds to Manufacturer Defendants'[1] First Set

of Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific

objections are cited in response to an individual Interrogatory, those specific objections are provided

because they are applicable to that specific Interrogatory and are not a waiver of the objections

applicable to information falling within the scope of such Interrogatory.

1.     Plaintiff objects to each Interrogatory to the extent they are overly broad, vague,

unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks

---

[1] The Manufacturer Defendants are Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Insys Therapeutics, Inc.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.     Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3.     These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4.     The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.     Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.     Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Manufacturers as easily from other sources as from Plaintiff.

7.     Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

8.      Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9.      Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10.      Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11.      Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12.      Any response stating that Plaintiff will produce information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13.      Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14.      Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

15.     Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16.     Plaintiff intends to complete its production by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 11:**

Identify all individuals with knowledge concerning the subject matter of the Complaint in the above-captioned matter, including individuals who are likely to have discoverable information. For each, describe the subjects on which they have knowledge or information.

**Response to Interrogatory No. 11:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome in that seeks "all individuals with knowledge concerning the subject matter of the Complaint in the above-captioned, including individuals who are likely to have discoverable information." Read literally, this Interrogatory could include every employee and citizen of Cuyahoga County, every employee of the Manufacturer Defendants, and numerous third-parties around the country.

Plaintiff further objects in that this interrogatory asks for witness lists in advance of the completion of fact discovery that is underway, expert discovery that is upcoming and deadlines set pursuant to Case Management Order No. 1, paragraphs 3(e)(ii), 3(f), 3(h), and 3(i).  Plaintiff objects based on undue burden to the extent this interrogatory seeks the disclosure and discovery of fact and expert witnesses prior to the express provisions of Case Management Order No. 1.  Plaintiff objects in that this interrogatory seeks to require Plaintiff to disclose witnesses contrary to the discovery procedures set forth in Case Management Order No. 1, paragraph 9(b).  Plaintiff objects to the extent this interrogatory asks for persons already identified in Plaintiff's prior discovery responses.

Subject to and without waiving all objections, Plaintiff responds as follows: the table provided below identifies document custodians, employees, or representatives who are likely to have discoverable information.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Health and Human Services | Dave Merriman | Assistant Director | Knowledge of the impact of the opioid crisis on Cuyahoga County Health and Human Services |
| Health and Human Services | Walter Parfejewiec | Director | Knowledge of the impact of the opioid crisis on Cuyahoga County Health and Human Services |
| Economic Opportunity and Growth | Matt Carroll | Chief Economic Opportunity and Growth Officer | Knowledge of the impact of the opioid crisis on Cuyahoga County |
| Office of Early Childhood | Rebekah Dorman | Director | Knowledge of the impact of the opioid crisis on the Office of Early Childhood |
| Health and Human Services – Family Services | Cynthia Weiskittel | Director | Knowledge of the impact of the opioid crisis on the Office of Health and Human Services – Family Services |
| Office of Homeless Services | Ruth Gillette | Director | Knowledge of the impact of the opioid crisis on the Office of Homeless Services |
| Office of Child Support | Deborah Watkins | Director | Knowledge of the impact of the opioid crisis on the Office of Child Support |
| Benefits and Compensation | Holly Woods | Director | Knowledge of the impact of the opioid crisis on the Office of Benefits and Compensation |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Justice – Medical Examiner | Hugh Shannon | Administrator | Knowledge of the impact of the opioid crisis on the Office of the Medical Examiner |
| Justice – Public Safety and Justice Services | Brandy Carney | Director | Knowledge of the impact of the opioid crisis on the Office of Public Safety and Justice Services |
| Justice – Public Safety and Justice Services | Melinda (Lindy) Burt | Deputy Director | Knowledge of the impact of the opioid crisis on the Office of Public Safety and Justice Services |
| Operations – Fiscal Office | Maggie Keenan | Director | Knowledge of the impact of the opioid crisis on the Fiscal Office |
| Operations – Fiscal Office | Wendy Feinn | Budget Analyst | Knowledge of the impact of the opioid crisis on the Fiscal Office |
| Operations – Treasurer | Patricia Cooney | Deputy Treasurer | Knowledge of the impact of the opioid crisis on the Office of the Treasurer |
| Operations – OBM | Maggie Kennan | Director | Knowledge of the impact of the opioid crisis on the Office of OBM |
| Drug Court | Molly Lechler | Drug Court Coordinator | Knowledge of the impact of the opioid crisis on the Drug Court |
| Corrections Planning Board | Martin Murphy | Assistant Director | Knowledge of the impact of the opioid crisis on the Office of Corrections |
| Corrections | Brian Ely | Substance Abuse Case Manager | Knowledge of the impact of the opioid crisis on the Office of Corrections |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title | Subject Matter |
|---|---|---|---|
| Drug Lab | Shannon Gray | Lab Manager | Knowledge of the impact of the opioid crisis on the Drug Lab |
| County Medical Examiner | Thomas Gilson, M.D. | Medical Examiner | Knowledge of the impact of the opioid crisis on the Office of the Medical Examiner |
| County Opiate Task Force | Vince Caraffi | Supervisor | Knowledge of the impact of the opioid crisis on the Opiate Task Force |
| Corrections | Ken Mills | Director | Knowledge of the impact of the opioid crisis on the Office of Corrections |

Also, Plaintiff identifies the following individuals:

| Name | Department | Subject Matter |
|---|---|---|
| Scott S. Osiecki | ADAMHS Board Executive Director | Knowledge of the impact of the opioid crisis on ADAMHS |
| Terry Allan, MPH | County Board of Health Commissioner | Knowledge of the impact of the opioid crisis on the Board of Health |
| Michael C. O'Malley | Cuyahoga County Office of the Prosecutor | Knowledge of the impact of the opioid crisis on the Cuyahoga County Office of the Prosecutor |

Plaintiff reserves the right to supplement and amend this response upon further investigation. In addition, discovery is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 12:**

Identify all medical or scientific research, data, information, literature or other documents or communications that Plaintiff believes or maintains supports, underlies, and/or forms the basis for Plaintiff's claims in this litigation.

**Response to Interrogatory No. 12:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" medical or scientific research, data, information, literature or other documents or communications that Plaintiff believes or maintains supports, underlies, and/or forms the basis for Plaintiff's claims. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

Plaintiff objects to this Interrogatory as vague, ambiguous and calling for speculation in seeking information about the beliefs of individual third parties. Plaintiff notes that there is a vast amount of peer-reviewed and other literature, testimony before public entities, and on-line information in the public domain, equally available to Defendants, which may provide the answer, at least in large part, to Defendants' Interrogatory. Lastly, discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

Subject to and without waiving all objections, Plaintiff responds as follows: Plaintiff incorporates the allegations in its Second Amended Complaint, which specifically identified medical or scientific research, data, information, literature or other documents or communications.

Plaintiff reserves the right to supplement, modify or amend this response upon further investigation and discovery. In addition, discovery is ongoing, and this topic may be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 13:**

Identify and describe all disciplinary matters, investigations, complaints, arrests, indictments, prosecutions, or attempts by Plaintiff, or anyone acting on Plaintiff's behalf, to identify drug abusers, health care providers, or others involved in unlawful activity or prescribing practices related to opioids.

**Response to Interrogatory No. 13:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" disciplinary matters, investigations, complaints, arrests, indictments, prosecutions, or attempts by Plaintiff, or anyone acting on Plaintiff's behalf, to identify drug abusers, health care providers, or others involved in unlawful activity or prescribing practices related to opioids.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff incorporates the allegations in its Second Amended Complaint. To the extent this Interrogatory requests identification of potential tortfeasors, Plaintiff incorporates the allegations in its Second Amended Complaint.

Also, Plaintiff refers Defendants to the indictments produced in this litigation: CUYAH_000020854 - CUYAH_000088895 and CUYAH_000097414, which identifies charges brought by the Cuyahoga County Prosecutor's Office.

Plaintiff reserves the right to supplement and amend this response upon further investigation and as fact discovery continues.

**Interrogatory No. 14:**

Identify all actions taken by the Cuyahoga County Council or the Cuyahoga County Executive before filing this litigation to reduce the number of prescription opioids prescribed in Cuyahoga

11

County. Please include and specifically note in your identifications any specific efforts to prohibit or otherwise restrict the prescribing of prescription opioids for chronic non-cancer pain, including but not limited to any communications or petitions from Plaintiff or anyone acting on Plaintiff's behalf to insurance companies, pharmacy benefit managers, the Food and Drug Administration, any other federal agency, or the Governor or legislature of the State of Ohio.

**Response to Interrogatory No. 14:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" actions taken by the Cuyahoga County Council or the Cuyahoga County Executive before filing this litigation to reduce the number of prescription opioids prescribed in Cuyahoga County.

Subject to and without waiving all objections, Plaintiff incorporates the allegations in Plaintiff's Second Amended Complaint.  Plaintiff is currently investigating this issue as part of its case preparation and in response to the Defendant's document requests and will supplement this response with additional details.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 15:**

Identify all communications prior to the filing of Plaintiff's initial Complaint between Plaintiff or anyone acting on Plaintiff's behalf and any Manufacturer Defendant. Please include in your identification any communications in which, in words or substance, Plaintiff or anyone acting on Plaintiff's behalf requested information from such Manufacturer Defendant related to opioids or communicated complaints or concerns about such Defendant's acts or omissions related to opioids. For each Manufacturer Defendant for which you cannot identify any communications between Plaintiff and that Manufacturer Defendant, please so state.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 15:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" communications prior to the filing of Plaintiff's initial Complaint between Plaintiff or anyone acting on Plaintiff's behalf and any Manufacturer Defendant. Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants.

Subject to and without waiving all objections, Plaintiff's response to this Interrogatory is subject to the completion of its investigation in this case and its responses to Defendants document requests including the request for all communications with Defendants. Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify such communications.

**Interrogatory No. 16:**

State whether Plaintiff or anyone acting on Plaintiff's behalf has, since Plaintiff filed its initial Complaint, continued to reimburse or pay for prescriptions of prescription opioids for chronic non-cancer pain and identify any changes Plaintiff or anyone acting on Plaintiff's behalf has made to its policies and procedures for the reimbursement of prescription opioids at any time.

**Response to Interrogatory No. 16:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "any" changes.

Subject to and without waiving all objections, Plaintiff's response to this Interrogatory is subject to the completion of its investigation in this case and its responses to Defendants document requests including the requests related to Plaintiff's health claims information. Plaintiff will conduct

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify such communications and/or changes.

**Interrogatory No. 17:**

Identify all persons formerly and currently employed, affiliated with or consulted by Plaintiff (including any third party individual or entities) who are or were involved in deciding whether and on what terms to provide coverage or payment for prescription opioids.

**Response to Interrogatory No. 17:**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" persons formerly and currently employed, affiliated with or consulted by Plaintiff (including any third party individual or entities). Plaintiff further objects to this Interrogatory as seeking the names of third parties of which Plaintiff may not be aware, such as employees at County health plans.

Subject to and without waiving all objections, Plaintiff produced organizational charts. Also, Plaintiff states that its Human Resources department works in conjunction with Oswald Companies and its outside providers on all health benefit coverage issues. Also, with regard to workers' compensation, Plaintiff's Human Resources department works in conjunction with Matrix, their third-party administrator, CompManagement, their MCO and the Ohio Bureau of Workers' Compensation for processing and adjudication of their workers' compensation claims and the related benefits. Plaintiff is unable to provide specific names of individuals and will supplement this response if it is able to do so based on its further investigation and the completion of its document production.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 18:**

Identify all persons or individuals formerly and currently employed or consulted by Plaintiff (including any third party entities or individuals) who participated in developing and implementing the policies and practices used by Plaintiff or its insurance programs when adjudicating claims seeking reimbursement for prescriptions of opioids.

**Response to Interrogatory No. 18**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" persons formerly and currently employed, affiliated with or consulted by Plaintiff (including any third party individual or entities). Plaintiff further objects to this Interrogatory as seeking the names of third parties of which Plaintiff may not be aware, such as employees at County health plans.

Subject to and without waiving all objections, Plaintiff produced organizational charts. Also, Plaintiff states that its Human Resources department works in conjunction with Oswald Companies and its outside providers on all health benefit coverage issues. Also, with regard to workers' compensation, Plaintiff's Human Resources department works in conjunction with Matrix, their third-party administrator, CompManagement, their MCO and the Ohio Bureau of Workers' Compensation for processing and adjudication of their workers' compensation claims and the related benefits. Plaintiff is unable to provide specific names of individuals and will supplement this response if it is able to do so based on its further investigation and the completion of its document production.

**Interrogatory No. 19:**

Describe the policies Plaintiff implemented and each specific action it or individuals or entities acting on its behalf took to process and adjudicate claims submitted for payment of opioids

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

dispensed to patients insured by Plaintiff. Include in your descriptions (i) the person(s) most knowledgeable about opioid claims adjudication and approval; (ii) the method(s), criteria, information, or persons consulted and on which Plaintiff or anyone acting on Plaintiff's behalf relied to determine whether such claims involved a prescription that was medically necessary or otherwise eligible for payment, including all formulary limitations and restrictions; and (iii) any course of action considered or pursued prior to commencing the present action to ensure that health care providers did not recommend, prescribe, or dispense opioids for uses Plaintiff considers unwarranted or otherwise write medically unnecessary prescriptions to patients.

**Response to Interrogatory No. 19**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests Plaintiff to "describe the policies" and "each specific action". Plaintiff further objects to this Interrogatory as seeking the names of third parties of which Plaintiff may not be aware, such as employees at County health plans.

Subject to and without waiving all objections, Plaintiff produced organizational charts. Also, Plaintiff states that its Human Resources department works in conjunction with Oswald Companies and its outside providers on all health benefit coverage issues. Plaintiff is unable to provide specific names of individuals and will supplement this response if it is able to do so based on its further investigation and the completion of its document production.

**Interrogatory No. 20:**

For each Manufacturer Defendant's opioid(s), state whether plaintiff or anyone acting on Plaintiff's behalf has ever denied payment or reimbursement for a prescription as medically unnecessary or inappropriate. If yes, for each Manufacturer Defendant list each instance and

describe the incident by date, claim number, prescriber or health care provider, patient identity, amount, and the reason(s) given. If no for any manufacturer Defendant's opioid(s), please so state.

### Response to Interrogatory No. 20

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome, as it seeks each individual denial of payment. Plaintiff further objects to this Interrogatory to the extent it seeks information in the possession of third parties over which Plaintiff does not exercise control, such as insurance companies or health care providers. Plaintiff further objects to this Interrogatory to the extent it seeks private, HIPAA-protected information such as the patient identity.

Subject to and without waiving all objections, Plaintiff will produce information in accordance with Special Master Cohen's July 3, 2018 Order.

### Interrogatory No. 21

Identify all "pill mills" (as that term is sued in Plaintiff's Second Amended Corrected Complaint) that exist or existed in Plaintiff's jurisdiction. For each identification, state (i) which, if any, of the Manufacturer Defendant's opioids that are or were prescribed at that "pill mill" in excessive quantities or inappropriately in any other way; (ii) other opioids not associated with any Manufacturer Defendant that are or were prescribed at that "pill mill" in excessive quantities or inappropriately in any other way; (iii) when Plaintiff first learned of the existence of each "pill mill," (iv) all actions Plaintiff or those acting on Plaintiff's behalf has taken to restrict, shut down, curtail, or otherwise reduce the harmful effects of that "pill mill", and (v) whether the "pill mill" is currently operating in any form.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## Response to Interrogatory No. 21

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" pill mills. Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants and third parties.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff r incorporates the allegations in its Second Amended Complaint and ¶¶ 690; 699.

Plaintiff is currently investigating this issue as part of its case preparation and in response to the Defendant's document requests and will supplement this response with additional details. Specifically, Plaintiff continues to analyze the ARCOS database produced in this litigation and will provide liability expert reports in accordance with CMO 1 and the Federal Rules of Procedure.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

## Interrogatory No. 22

For each opioid-containing product of each Manufacturer Defendant that you maintain or allege is at issue in this case, describe any risk that Plaintiff alleges is not adequately disclosed in such opioid-containing product's operative FDA-approved prescribing information. For each opioid-containing product for which you cannot identify any such risks, please so state. For each opioid-containing product for which you maintain or allege there are such inadequately disclosed risks, please include in your description (i) the risk; (ii) the medical or scientific support for your assertion, if any; (iii) any communications between Plaintiff or anyone acting on Plaintiff's behalf and the Manufacturer Defendant in which Plaintiff or anyone acting on Plaintiff's behalf alerted, discussed or disclosed such risk to the manufacturer Defendant or other third party prior to filing this litigation; and (iv) any communications between Plaintiff or anyone acting on Plaintiff's behalf and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the FDA in which Plaintiff or anyone acting on Plaintiff's behalf alerted, discussed or disclosed such risk to the FDA prior to filing this litigation.

**Response to Interrogatory No. 22**

Plaintiff objects to this Interrogatory as vague, ambiguous in seeking "FDA-approved prescribing information." Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "any communications." Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants and third parties.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff incorporates the allegations in its Second Amended Complaint. Further responding, this topic will be addressed in Plaintiff's expert report(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Procedure.

Plaintiff reserves the right to supplement and amend this response upon further investigation. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

**Interrogatory No. 23**

Identify and describe all efforts, including the specific dollar amount expended on each, in which Plaintiff has engaged to date to "abate" the "opioid epidemic" in any way, including but not limited to "educating prescribers (especially primary care physicians and the most prolific prescribers of opioids) and patients regarding the true risks and benefits of opioid, including the risk of addiction," "providing addiction treatment to patients who are already addicted to opioids," and "making naloxone widely available so that overdoses are less frequently fatal," as those terms are used in Paragraph 141 of Plaintiff's Second Amended Corrected Complaint.

19

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 23**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" efforts, including the specific dollar amount expended on each, in which Plaintiff has engaged to date to "abate" the "opioid epidemic" in any way, including but not limited to "educating prescribers (especially primary care physicians and the most prolific prescribers of opioids) and patients regarding the true risks and benefits of opioid, including the risk of addiction," "providing addiction treatment to patients who are already addicted to opioids," and "making naloxone widely available so that overdoses are less frequently fatal,".

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff incorporates the allegations in its Second Amended Complaint.

Also, Plaintiff has already produced budget information identifying such expenditure, such as:

CUYAH_000000001- CUYAH_000000064

CUYAH_000000065 - CUYAH_000000132

CUYAH_000000133 - CUYAH_000000199

CUYAH_000000200 - CUYAH_000000718

CUYAH_000000719 - CUYAH_000000747

CUYAH_000000748 - CUYAH_000000819

CUYAH_000000820 - CUYAH_000001135

CUYAH_000001136 - CUYAH_000001646

CUYAH_000001647 - CUYAH_000001730

CUYAH_000001731 - CUYAH_000001811

CUYAH_000001812 - CUYAH_000001874

CUYAH_000001875 - CUYAH_000001931

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000001932 - CUYAH_000002439

CUYAH_000002440 - CUYAH_000002502

CUYAH_000002503 - CUYAH_000002563

CUYAH_000002564 - CUYAH_000003072

CUYAH_000003073 - CUYAH_000003099

CUYAH_000003100 - CUYAH_000003172

CUYAH_000003173 - CUYAH_000003436

CUYAH_000003437 - CUYAH_000003508

CUYAH_000003509 - CUYAH_000004006

CUYAH_000004007 - CUYAH_000004036

CUYAH_000004037 - CUYAH_000004294

CUYAH_000004295 - CUYAH_000004374

CUYAH_000004375 - CUYAH_000004523

CUYAH_000004524 - CUYAH_000004552

CUYAH_000004553 - CUYAH_000004798

CUYAH_000004799 - CUYAH_000004968

CUYAH_000004969 - CUYAH_000005145

CUYAH_000005146 - CUYAH_000005327

CUYAH_000005328 - CUYAH_000005496

CUYAH_000005497 - CUYAH_000005739

CUYAH_000005740 - CUYAH_000006329

CUYAH_000006330 - CUYAH_000006573

CUYAH_000006574 - CUYAH_000006844

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000006845 - CUYAH_000006986

CUYAH_000006987 - CUYAH_000007216

CUYAH_000007217 - CUYAH_000007427

CUYAH_000007428 - CUYAH_000007466

CUYAH_000007467 - CUYAH_000007687

CUYAH_000007688 - CUYAH_000007711

CUYAH_000007712 - CUYAH_000007929

CUYAH_000007930 - CUYAH_000008002

CUYAH_000008003 - CUYAH_000008640

CUYAH_000008641 - CUYAH_000008680

CUYAH_000008681 - CUYAH_000008907

CUYAH_000008908 - CUYAH_000009206

CUYAH_000009207 - CUYAH_000009269

CUYAH_000009270 - CUYAH_000009290

CUYAH_000009291 - CUYAH_000009316

CUYAH_000009317 - CUYAH_000009326

CUYAH_000009327 - CUYAH_000009345

CUYAH_000009346 - CUYAH_000009367

CUYAH_000009368 - CUYAH_000009613

CUYAH_000009614 - CUYAH_000009831

CUYAH_000010261 - CUYAH_000010288

CUYAH_000012351 - CUYAH_000014730

CUYAH_000010320 - CUYAH_000010329

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000010330 - CUYAH_000010367

CUYAH_000010368 - CUYAH_000010423

CUYAH_000010424 - CUYAH_000010826

CUYAH_000010827 - CUYAH_000010845

CUYAH_000010846 - CUYAH_000010896

CUYAH_000010897 - CUYAH_000010909

CUYAH_000010910 - CUYAH_000011080

CUYAH_000011081 - CUYAH_000011251

CUYAH_000011252 - CUYAH_000011262

CUYAH_000011263 - CUYAH_000011318

CUYAH_000011319 - CUYAH_000011347

CUYAH_000017939 - CUYAH_000018600

CUYAH_000011403 - CUYAH_000011443

CUYAH_000011444 - CUYAH_000011492

CUYAH_000011493 - CUYAH_000011525

CUYAH_000011526 - CUYAH_000011570

CUYAH_000011596 - CUYAH_000011615

CUYAH_000011616 - CUYAH_000011623

CUYAH_000011642 - CUYAH_000011797

CUYAH_000011799 - CUYAH_000011884

CUYAH_000011885 - CUYAH_000011982

CUYAH_000011997 - CUYAH_000012044

CUYAH_000012351 - CUYAH_000012362

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000012363 - CUYAH_000012370

CUYAH_000012371 - CUYAH_000012382

CUYAH_000012383 - CUYAH_000012396

CUYAH_000012397 - CUYAH_000012408

CUYAH_000012409 - CUYAH_000012420

CUYAH_000012421 - CUYAH_000012432

CUYAH_000012433 - CUYAH_000012444

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012481 - CUYAH_000012496

CUYAH_000012497 - CUYAH_000012512

CUYAH_000012513 - CUYAH_000012528

CUYAH_000012529 - CUYAH_000012544

CUYAH_000012545 - CUYAH_000012560

CUYAH_000012561 - CUYAH_000012576

CUYAH_000012577 - CUYAH_000012592

CUYAH_000012593 - CUYAH_000012594

CUYAH_000012595 - CUYAH_000012943

CUYAH_000013464 - CUYAH_000013479

CUYAH_000013806 - CUYAH_000013812

CUYAH_000013813 - CUYAH_000013817

CUYAH_000013818 - CUYAH_000013820

CUYAH_000018030 - CUYAH_000018037

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000018038 - CUYAH_000018066

CUYAH_000018067 - CUYAH_000018072

CUYAH_000018073 - CUYAH_000018075

CUYAH_000018076 - CUYAH_000018078

CUYAH_000018079 - CUYAH_000018115

CUYAH_000018116 - CUYAH_000018118

CUYAH_000018119 - CUYAH_000018141

CUYAH_000018142 - CUYAH_000018154

CUYAH_000018155 - CUYAH_000018161

CUYAH_000018162 - CUYAH_000018174

CUYAH_000018175 - CUYAH_000018177

CUYAH_000018178 - CUYAH_000018178

CUYAH_000018179 - CUYAH_000018179

CUYAH_000018180 - CUYAH_000018199

CUYAH_000018200 - CUYAH_000018219

CUYAH_000018220 - CUYAH_000018232

CUYAH_000018233 - CUYAH_000018248

CUYAH_000018249 - CUYAH_000018264

CUYAH_000018265 - CUYAH_000018277

CUYAH_000018278 - CUYAH_000018281

CUYAH_000018282 - CUYAH_000018294

CUYAH_000018295 - CUYAH_000018322

CUYAH_000018323 - CUYAH_000018327

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000018328 - CUYAH_000018355

CUYAH_000018356 - CUYAH_000018360

CUYAH_000018361 - CUYAH_000018488

CUYAH_000018489 - CUYAH_000018509

CUYAH_000018510 - CUYAH_000018533

CUYAH_000018534 - CUYAH_000018549

CUYAH_000018550 - CUYAH_000018577

CUYAH_000018578 - CUYAH_000018582

CUYAH_000018613 - CUYAH_000018627

CUYAH_000018676 - CUYAH_000018726

CUYAH_000020380 - CUYAH_000020439

Plaintiff's damages in this matter are expected to include at least the following:

- Losses caused by the decrease in funding available for Plaintiff's public services for which funding was lost because it was diverted to other public services designed to address the opioid epidemic;

- Costs for providing healthcare and medical care for patients suffering from opioid-related addiction or disease, including overdoses and deaths;

- Costs of training emergency and/or first responders in the proper treatment of drug overdoses;

- Costs associated with providing naloxone – an opioid antagonist used to block the deadly effects of opioids in the context of overdose;

- Costs associated with the Sherriff's Office's responses to opioid overdoses;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Costs for providing mental-health services, treatment, counseling, rehabilitation services, and social services to victims of the opioid epidemic and their families;

- Costs associated with law enforcement and public safety relating to the opioid epidemic, including but not limited to attempts to stop the flow of opioids into local communities, to arrest and prosecute street-level dealers, to prevent the current opioid epidemic from spreading and worsening, and to deal with the increased levels of crimes that have directly resulted from the increased homeless and drug-addicted population;

- Costs associated with various public safety and health initiatives related to the opioid epidemic;

- Costs associated with increased burden on Plaintiff's drug court;

- Costs associated with clean-up of public parks, spaces and facilities of needles and other debris and detritus of opioid addiction;

- Loss of tax revenue due to the decreased efficiency and size of the working population in Plaintiff's community and due to other impacts on property values and other tax generators for Plaintiff;

- Losses caused by decreased business investment and tax revenue;

- Plaintiff's contributions to the Alcohol, Drug Addiction, and Mental Health Services (ADAMHS) board;

- Increased public safety services, including but not limited to, training, investigations, staffing, jail expenses, dispatch services, task force as a result of the opioid epidemic;

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Plaintiff's Health Department costs related to the opioid epidemic;

- Costs associated with impact of opioid epidemic on Plaintiff's vehicle fleet; and

- Costs for Plaintiff to properly and adequately abate the nuisance created by the opioid epidemic.

In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure. Plaintiff also incorporates its responses and objections to Interrogatory No. 4 of Plaintiff's First Amended Responses and Objections To Manufacturer Defendants' First Set of Interrogatories and Interrogatory No. 9 of Plaintiff's First Amended Responses and Objections To Distributor Defendants' First Set of Interrogatories.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

## Interrogatory No. 24

Identify all former employees, contractors, or consultants of each Manufacturer Defendant with whom Plaintiff or those acting on Plaintiff's behalf have communicated regarding this lawsuit or the subject matter of this lawsuit. For each identification, include: (i) the date of such communication; (ii) the medium and location of such communication; (iii) for oral communications, the location as well as those present in person, by phone or otherwise; (iv) any document or communication reflecting, memorializing or relating to such communication; and (v) a description of such communication.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 24**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" former employees, contractors, or consultants of each Manufacturer Defendant with whom Plaintiff or those acting on Plaintiff's behalf have communicated regarding this lawsuit or the subject matter of this lawsuit. Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants.

Plaintiff objects to this Interrogatory as seeking information protected by the attorney client and work product privileges. This issue is currently being analyzed by Plaintiff's experts whose reports and opinions will be disclosed in accordance with CMO 1 and the Federal Rules of Procedure. Plaintiff further responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

**Interrogatory No. 25**

Does Plaintiff allege, maintain, or contend that opioid-containing products are always medically inappropriate for and should never be prescribed for the treatment of chronic non-cancer pain? If so, identify all medical or scientific data, information, literature or analysis that supports Plaintiff's view. If not, identify all circumstances under which Plaintiff maintains or believes that opioid-containing products may be medically appropriate for the treatment of chronic non-cancer pain.

**Response to Interrogatory No. 25**

Plaintiff objects to this Interrogatory as vague to the extent it uses the undefined terms "opioid-containing products," "chronic," and "medically inappropriate."

This issue is currently being analyzed by Plaintiff's experts whose reports and opinions will be disclosed in accordance with CMO 1 and the Federal Rules of Procedure. Further answering, this

29

Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

**Interrogatory No. 26**

Does Plaintiff allege, maintain, or contend that opioid-containing products are always medically inappropriate for and should never be prescribed for the treatment of acute or breakthrough non-cancer pain? If so, identify all medical or scientific data, information, literature or analysis that supports Plaintiff's view. If not, identify all circumstances under which Plaintiff maintains or believes that opioid-containing products may be medically appropriate for the treatment of acute or breakthrough non-cancer pain.

**Response to Interrogatory No. 26**

Plaintiff objects to this Interrogatory as vague to the extent it uses the undefined terms "opioid-containing products," "acute," "breakthrough," and "medically inappropriate."

These issues are being analyzed by Plaintiff's experts whose reports and opinions will be disclosed in accordance with CMO 1 and the Federal Rules of Procedure. Further answering, this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

**Interrogatory No. 27**

Identify all entities and individuals besides the Defendants named in Plaintiff's Second Amended Corrected Complaint who Plaintiff contends caused or contributed in any way to the alleged "public nuisance" or "health crisis" (as those terms are used in Plaintiff's Second Amended Corrected Complaint, including in paragraphs 20 and 140)). Include in your identification for each entity or individual: (i) their role in helping to cause or contributing in any way to the "public nuisance" or "health crisis" (as those terms are used in Plaintiff's Second Amended Corrected Complaint,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

including in paragraphs 20 and 140); and (ii) the specific actions or efforts, if any, Plaintiff has undertaken to mitigate the effects of those third parties' actions or omissions.

**Response to Interrogatory No. 27**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "all" entities and individuals besides the Defendants named in Plaintiff's Second Amended Corrected Complaint who Plaintiff contends caused or contributed in any way to the alleged "public nuisance" or "health crisis" (as those terms are used in Plaintiff's Second Amended Corrected Complaint, including in paragraphs 20 and 140).

Plaintiff responds discovery continues and Plaintiff will produce a trial witness list and expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure. Plaintiff further objects that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

**Interrogatory No. 28**

For each Manufacturer Defendant, identify and describe each "suspicious order[]" of opioids that each Manufacturer Defendant was under a "duty to report" and "not ship" ( as those terms are used in Plaintiff's Second Amended Corrected Complaint, including in paragraph 471). For each such identification and description, include (i) the date(s); (ii) the opioid-containing product or products involved; (iii) the destination of the shipment; (iv) whether the manufacturer reported or shipped the order; and (v) Plaintiff's basis for its contention that such shipment should have been "report[ed]" and not ship[ped]" (as those terms are used in Plaintiff's Second Amended Corrected Complaint, including in paragraph 471). For each Manufacturer Defendant for which Plaintiff can identify no such order, please so state.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 28**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "each" "suspicious order[]" of opioids that each Manufacturer Defendant was under a "duty to report" and "not ship" (as those terms are used in Plaintiff's Second Amended Corrected Complaint, including in paragraph 471). Plaintiff further objects that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2). Additionally, Plaintiff states that it continues to analyze the ARCOS database produced in this litigation and will provide liability expert report(s) in accordance with CMO 1 and the Federal Rules of Procedure.

**Interrogatory No. 29**

Identify and describe any specific efforts or activities on behalf of each Manufacturer Defendant to "work[] together to inflate the quotas of opioids" (as those terms are used in Plaintiff's Second Amended Corrected Complaint in the heading above paragraph 496). For each manufacturer Defendant for which plaintiff can identify no such specific effort or activity, please so state.

**Response to Interrogatory No. 29**

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "any" specific efforts or activities on behalf of each Manufacturer Defendant to "work[] together to inflate the quotas of opioids" (as those terms are used in Plaintiff's Second Amended Corrected Complaint in the heading above paragraph 496). Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants.

Subject to and without waiving all objections, Plaintiff responds as follows: Plaintiff refers Defendants to Plaintiff's Second Amended Corrected Complaint. Plaintiff further responds that this

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* FRCP 33(a)(2).

Plaintiff responds discovery continues and Plaintiff will produce a trial witness list and liability expert reports pursuant to CMO No. 1 and the Federal Rules of Civil Procedure.

## Interrogatory No. 30

Identify any specific "payments" each Manufacturer Defendant made to "physicians," including for "participating on speakers' bureaus, providing consulting services, and other services" (as those terms are used in Plaintiff's Second Amended Corrected Complaint in paragraph 431). For each such identification, include (i) the Manufacturer Defendant who made it; (ii) when it was made; (iii) to whom it was made; (iv) where it was made; and (v) any evidence Plaintiff has that such "payment" was for an allegedly inappropriate purpose. For each Manufacturer Defendant for which you are not able to identify any such "payment," please so state.

## Response to Interrogatory No. 30

Plaintiff objects to this Interrogatory as vague, overly broad and unduly burdensome to the extent it requests "any" specific "payments" each Manufacturer Defendant made to "physicians," including for "participating on speakers' bureaus, providing consulting services, and other services" (as those terms are used in Plaintiff's Second Amended Corrected Complaint in paragraph 431). Plaintiff further objects to this Interrogatory in that it seeks information already in the possession of the Manufacturer Defendants.

Subject to and without waiving all objections, Plaintiff responds as follows: Plaintiff incorporates its responses and objections to Interrogatory No. 1 of Plaintiff's First Amended Responses and Objections to Manufacturer Defendants' First Set of Interrogatories. Further responding, Plaintiff states that Plaintiff's investigation of Defendants' misconduct is ongoing and subject to Defendants'

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

discovery responses, and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated: July 5, 2018

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804
Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Salvatore C. Badala, certify that on this 5th day of July 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*s/ Salvatore C. Badala*