# **EXHIBIT 19**



Office of the Attorney General

Washington, D. C. 20530

November 16, 2017

MEMORANDUM FOR ALL COMPONENTS

FROM: THE ATTORNEY GENERAL

SUBJECT: Prohibition on Improper Guidance Documents

    The Department of Justice has the duty to uphold the laws of the United States and to ensure the fair and impartial administration of justice. Therefore, when the Department engages in regulatory activity, it should model the lawful exercise of regulatory power.

    In promulgating regulations, the Department must abide by constitutional principles and follow the rules imposed by Congress and the President. These principles and rules include the fundamental requirement that agencies regulate only within the authority delegated to them by Congress. They also include the Administrative Procedure Act's requirement to use, in most cases, notice-and-comment rulemaking when purporting to create rights or obligations binding on members of the public or the agency. Not only is notice-and-comment rulemaking generally required by law, but it has the benefit of availing agencies of more complete information about a proposed rule's effects than the agency could ascertain on its own, and therefore results in better decision making by regulators.

    Not every agency action is required to undergo notice-and-comment rulemaking. For example, agencies may use guidance and similar documents to educate regulated parties through plain-language restatements of existing legal requirements or provide non-binding advice on technical issues through examples or practices to guide the application or interpretation of statutes and regulations. But guidance may not be used as a substitute for rulemaking and may not be used to impose new requirements on entities outside the Executive Branch. Nor should guidance create binding standards by which the Department will determine compliance with existing regulatory or statutory requirements.

    It has come to my attention that the Department has in the past published guidance documents—or similar instruments of future effect by other names, such as letters to regulated entities—that effectively bind private parties without undergoing the rulemaking process.

    The Department will no longer engage in this practice. Effective immediately, Department components may not issue guidance documents that purport to create rights or obligations binding on persons or entities outside the Executive Branch (including state, local,

Memorandum for the Attorney General
Subject: Improper Guidance Documents                                                                 Page 2

and tribal governments).  To avoid circumventing the rulemaking process, Department components should adhere to the following principles when issuing guidance documents:

- Guidance documents should identify themselves as guidance, disclaim any force or effect of law, and avoid language suggesting that the public has obligations that go beyond those set forth in the applicable statutes or legislative rules.

- Guidance documents should clearly state that they are not final agency actions, have no legally binding effect on persons or entities outside the federal government, and may be rescinded or modified in the Department's complete discretion.

- Guidance documents should not be used for the purpose of coercing persons or entities outside the federal government into taking any action or refraining from taking any action beyond what is required by the terms of the applicable statute or regulation.

- Guidance documents should not use mandatory language such as "shall," "must," "required," or "requirement" to direct parties outside the federal government to take or refrain from taking action, except when restating—with citations to statutes, regulations, or binding judicial precedent—clear mandates contained in a statute or regulation.  In all cases, guidance documents should clearly identify the underlying law that they are explaining.

- To the extent guidance documents set out voluntary standards (e.g., recommended practices), they should clearly state that compliance with those standards is voluntary and that noncompliance will not, in itself, result in any enforcement action.

All components shall implement these principles immediately with respect to all future guidance documents, in consultation with the Office of Legal Policy.  Components should also implement these principles consistent with policies issued by the Office of Management and Budget, including its Final Bulletin for Agency Good Guidance Practices, 72 Fed. Reg. 3432 (Jan. 25, 2007).  Furthermore, I direct the Associate Attorney General, as Chair of the Department's Regulatory Reform Task Force, to work with components to identify existing guidance documents that should be repealed, replaced, or modified in light of these principles.

For purposes of this memorandum, guidance documents include any Department statements of general applicability and future effect, whether styled as guidance or otherwise that are designed to advise parties outside the federal Executive Branch about legal rights and obligations falling within the Department's regulatory or enforcement authority.  This memorandum does not apply to adjudicatory actions that do not have the aim or effect of binding anyone beyond the parties involved, and it does not address documents informing the public of the Department's enforcement priorities or factors the Department considers in exercising its prosecutorial discretion.  Nor does it address internal directives, memoranda, or training materials for

Memorandum for the Attorney General  
Subject: Improper Guidance Documents                                                           Page 3

Department personnel directing them on how to carry out their duties, positions taken by the Department in litigation, or advice provided by the Attorney General or the Office of Legal Counsel.  This memorandum is an internal Department of Justice policy directed at Department components and employees.  As such, it is not intended to, does not, and may not be relied upon to, create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.