# PSJ16 – Rite Aid Opp Br to Defs Dkt # 1779

# Exhibit 1

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Track One Cases | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**RITE AID OF MARYLAND, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO NATIONAL RETAIL PHARMACY DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center ("Rite Aid of Maryland") objects and responds to Plaintiffs' First Set of Combined Discovery Requests (the "Combined Requests"), as set out below.

**PRELIMINARY STATEMENT**

1. These Objections and Responses are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility of information or documents produced in response to the Combined Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Combined Requests at any hearing or trial; (iii) the right to object on any ground at any time to a request for further responses to the Combined Requests; or (iv) the right to revise, correct, add to, supplement, or clarify any of the objections contained herein.

2. Rite Aid of Maryland reserves the right to modify or supplement these Objections and Responses as necessary.

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

3. The information and documents provided in response to the Combined Requests are for use in the Track One jurisdictions only and for no other purpose. Any production of documents in response to the Combined Requests is subject to the Protective Order (Dkt. No. 441).

4. Rite Aid of Maryland's responses are issued pursuant to and in compliance with Judge Polster's November 21, 2018 Order (Dkt. 1,147).

## GENERAL OBJECTIONS

1. Rite Aid of Maryland incorporates its General Objections and Objections to Instructions and Definitions in its First Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents (served on September 25, 2018) and General Objections and Objections to Instructions and Definitions in its Amended Objections and Responses to Plaintiffs' First Set of Interrogatories (served on September 21, 2018).

2. Rite Aid of Maryland objects to the Combined Requests to the extent they seek information not relevant to any claim or defense in the Track One jurisdictions. Pursuant to Case Management Order No. 1 (Dkt. No. 232), discovery is permitted only in the Track One jurisdictions. In answering the Combined Requests, Rite Aid of Maryland will provide information only to the extent that it is relevant to the claims, allegations, and defenses in the Track One jurisdictions.

3. Rite Aid of Maryland objects to the Combined Requests because they are individually and collectively overly broad and unduly burdensome and not proportional to the needs of the case. Plaintiffs' Combined Requests seek information, in at least one case, for a period spanning almost 30 years without any limits on custodians or non-custodial sources.

4. Rite Aid of Maryland objects to the Combined Requests to the extent that they exceed the total number of Requests and/or Interrogatories permitted by the Court for the Track One jurisdictions.

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

5. Rite Aid of Maryland further objects to the use of the term "Suspicious Order" in the Combined Requests because it is vague and ambiguous, and inconsistent with any definition or interpretation of "Suspicious Order" used by the DEA. Rite Aid of Maryland construes the terms "Suspicious Order" to mean any order of Schedule II Opioids required to be reported to DEA.

6. Rite Aid of Maryland objects to the Combined Requests to the extent they seek information regarding any Opioid Products other than Schedule III hydrocodone combination products. The only Opioid Products that Rite Aid of Maryland distributed were hydrocodone combination products when these products were classified as Schedule III controlled substances.

**OBJECTIONS AND RESPONSES**

Rite Aid of Maryland objects and responds to Combined Request Nos. 2-7 as follows:

**COMBINED REQUEST NO. 2:** Please produce each of your *Suspicious Order Monitoring System (SOMS)* policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect.

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

The Bates ranges and effective dates for Rite Aid of Maryland's Suspicious Order Monitoring System policies and procedures from 2006 to 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products (and all other controlled substances), are included in the table below.

| Bates Range | Effective Date |
|---|---|
| Rite_Aid_OMDL_046082 | January 2005 |
| Rite_Aid_OMDL_0016717 | September 2005 |
| Rite_Aid_OMDL_046158 | September 2006 |

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| Rite_Aid_OMDL_0016522 | August 2007 |
| Rite_Aid_OMDL_0012974 | February 2008 |
| Rite_Aid_OMDL_0015079 | February 2010 |
| Rite_Aid_OMDL_0030099 | February 2011 |
| Rite_Aid_OMDL_0014804 | September 2013 |

Rite Aid of Maryland further responds that it has produced additional documents related to controls and monitoring of orders, including documents related to a proprietary Pharmacy Replenishment System (*see, e.g.*, Rite_Aid_OMDL_046321); Above Average Controlled Drug Purchases Checklists, which were modified over time and later became known as Above Average Controlled Drug Purchases Reports (*see, e.g.*, Rite_Aid_OMDL_046228); and Threshold Logs (*see, e.g.*, Rite_Aid_OMDL_0013151; Rite_Aid_OMDL_0013988; Rite_Aid_OMDL_0013972).

As set forth in the policies and procedures, Rite Aid of Maryland maintained thresholds on controlled substance orders, and orders above the threshold were shorted and shipped at the threshold amount, unless the pharmacy requested and received prior approval from the Government Affairs office at Rite Aid Hqtrs. Corp. to place orders above the threshold. Upon such a request, the Government Affairs office analyzed various reports (e.g., purchase records through pharmacy order history reports generated by a Pharmacy Replenishment System Reports (*see, e.g.*, Rite_Aid_OMDL_0015302-03; Rite_Aid_OMDL_0023658; Rite_Aid_OMDL_0036812-14), dispensing records in the form of Drug Utilization Reports ("DUR Reports") (*see, e.g.*, Rite_Aid_OMDL_0015304; Rite_Aid_OMDL_0023642; Rite_Aid_OMDL_0023659; Rite_Aid_OMDL_0036811), and Rite Aid Prescriber Activity Reports for the requesting pharmacy) and spoke to the Pharmacy District Manager to make a

4

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

determination of whether a threshold increase was warranted. Approvals for threshold increases were reviewed regularly to confirm that they were still warranted.

Rite Aid of Maryland has also provided documents related to reports, reviews, and analysis conducted by Loss Prevention/Asset Protection analysts related to order monitoring (including those generated by the NaviScript and Access systems) and resulting investigations. *See, e.g.*, Rite_Aid_OMDL_0044562-64; Rite_Aid_OMDL_0044734-36; Rite_Aid_OMDL_0037225-28; Rite_Aid_OMDL_0044221.

Rite Aid of Maryland has also produced documents related to DEA audits. *See, e.g.*, Rite_Aid_OMDL_0012547.[1]

**COMBINED REQUEST NO. 3:** Please identify and describe each *suspicious order* your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

Rite Aid of Maryland has not located information indicating that it identified any suspicious orders for a hydrocodone combination product arising out of the Track One jurisdictions for the relevant time period (2006 to late 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products).

---

[1] Additional documents that may be responsive to Combined Request No. 2 can be found in Rite Aid of Maryland's Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth productions in bates ranges Rite_Aid_OMDL_0002921 – Rite_Aid_OMDL_0003815, Rite_Aid_OMDL_0009660 – Rite_Aid_OMDL_0014287, and Rite_Aid_OMDL_0014304 – Rite_Aid_OMDL_0046080.

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

**COMBINED REQUEST NO. 4**: Please identify each suspicious order you *reported* to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

Rite Aid of Maryland has not located information indicating that it identified any suspicious orders for a hydrocodone combination product arising out of the Track One jurisdictions for the relevant time period (2006 to late 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products).

**COMBINED REQUEST NO. 5**: For each suspicious order you identified but did not report to the DEA since January 1, 2006, please describe in as much detail as possible the reasons and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

Rite Aid of Maryland has not located information indicating that it identified any suspicious orders for a hydrocodone combination product arising out of the Track One jurisdictions for the relevant time period (2006 to late 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products).

**COMBINED REQUEST NO. 6**: For each suspicious order you reported to the DEA since January 1, 2006, please identify whether you *declined* the order or *shipped* the order and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One*.

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Rite Aid of Maryland has not located information indicating that it identified any suspicious orders for a hydrocodone combination product arising out of the Track One jurisdictions for the relevant time period (2006 to late 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products).

**COMBINED REQUEST NO. 7:** **For each suspicious order you reported and then shipped since January 1, 2006, please produce all documents related to your "due diligence" for each; please identify the Bates stamp range for each related to *Case Track One*.**

**RESPONSE:** Rite Aid of Maryland incorporates its General Objections in their entirety to this answer. Subject to and without waiving the foregoing objections, Rite Aid of Maryland responds as follows:

Rite Aid of Maryland has not located information indicating that it identified any suspicious orders for a hydrocodone combination product arising out of the Track One jurisdictions for the relevant time period (2006 to late 2014, when Rite Aid of Maryland stopped distributing hydrocodone combination products).

Dated: November 30, 2018      */s/ Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Phone: (212) 309-6612
Fax: (212) 309-6001
E-mail: kelly.moore@morganlewis.com

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5917
Fax: (215) 963-5001
E-mail: elisa.mcenroe@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc.*

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on November 30, 2018, the foregoing was served via email to the following defense and plaintiffs' liaison counsel:

Mark Cheffo
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
mark.cheffo@dechert.com

Carol Rendon
Baker Hostetler
Key Tower, 127 Public Square
Cleveland, OH 44114
crendon@bakerlaw.com

Enu Mainigi
Williams & Connolly
725 Twelfth Street, NW.
Washington, DC 20005
emainigi@wc.com

Shannon McClure,
ReedSmith
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart
Covington & Burling
One CityCenter
850 Tenth Street, NW.
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
Bartlit Beck
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
Kaspar.stoffelmayr@bartlit-beck.com

Tina Tabacchi
Jones Day

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

Peter H. Weinberger
Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
pweinberger@spanglaw.com

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe