# PSJ18 WALGREENS Opp Exh 26

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

IN RE: ADMINISTRATIVE SUBPOENA          Miscellaneous Action No: 1:12mc43

### [PROPOSED] ORDER COMPELLING RETURN OF PRIVILEGED MATERIAL

This matter having been fully briefed and heard in oral argument on October 19, 2012, and the Court being fully apprised of the facts and law in this matter,

IT IS HEREBY ORDERED:

The Drug Enforcement Administration ("DEA") is hereby ORDERED to promptly return, halt any use of, sequester, and/or destroy any and all material over which Walgreen Co. ("Walgreens") has asserted privilege (the "Privileged Material").  DEA is further ORDERED to promptly take reasonable steps to retrieve any information contained in the Privileged Material that it disclosed prior to receiving Walgreens' notification of privilege.

Date: October __, 2012                    _____
                                          Judge, United State District Court
                                          Eastern District of Virginia

CAH_MDL2804_01431069

```
Court Name: United States District Court
Division: 1
Receipt Number: 14683031426
Cashier ID: sbrown
Transaction Date: 10/03/2012
Payer Name: LATHAM WATKINS
-----------------------------------
REGISTRATION OF FOREIGN JUDGMT
 For: LATHAM WATKINS
 Amount:        $46.00
-----------------------------------
CHECK
 Remitter: LATHAM WATKINS
 Check/Money Order Num: 326691
 Amt Tendered: $46.00
-----------------------------------
Total Due:     $46.00
Total Tendered: $46.00
Change Amt:    $0.00

MISC FILING FEE
112MC43
```

CAH_MDL2804_01431070

FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2012 OCT -3 P 12: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **IN RE: ADMINISTRATIVE SUBPOENA** | Miscellaneous Action No: *1:12mc 43 JCC/IDD* |

## MOTION TO COMPEL RETURN OF PRIVILEGED MATERIAL

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Walgreen Co. ("Walgreens") hereby moves the Court to compel the Drug Enforcement Administration ("DEA") to return and halt any use of certain identified privileged documents (the "Privileged Material") inadvertently produced in response to a DEA Administrative Subpoena issued on March 19, 2012. In support of its Motion, Walgreens has filed a Memorandum of Points and Authorities, with supporting declarations, demonstrating that (1) this Court has jurisdiction over this matter and venue is proper in the Eastern District of Virginia; (2) the Privileged Material is subject to the attorney-client privilege; and (3) DEA is obligated to return the Privileged Material pursuant to Fed. R. Civ. P. 26(b)(5)(B).

Dated:  October 3, 2012

Respectfully submitted,

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
LATHAM & WATKINS
555 Eleventh Street, NW
Suite 1000
Washington, D.C.  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

CAH_MDL2804_01431071

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Walgreen Co.'s Motion to Compel Return of Privileged Material and the accompanying Memorandum of Points and Authorities in Support was served this 3rd day of October, 2012, on the following in the manner indicated:

### By Hand

Scott Lawson
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Scott.Lawson@usdoj.gov

Jonathan Novak
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Jonathan.P.Novak@usdoj.gov

### By Federal Express

David S. Weinstein
Clarke Silverglate P.A.
799 Brickell Plaza
Suite 900
Miami, FL 33131
Dweinstein@cspalaw.com

Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorney for Movant Walgreen Co.

CAH_MDL2804_01431072

# EXHIBIT A

CAH_MDL2804_01431073

# U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: GS-12-2012
Subpoena No. GS-12-476915

TO: Walgreens Corporation (W004)
Walgreen Co
AT: 15998 Walgreens Drive
Jupiter, FL 33478

PHONE:

FAX:

### Please EXPEDITE this request.

GREETING: By the service of this subpoena upon you by DI Janice R. Barnes who is authorized to serve it, you are hereby commanded and required to appear before DI Janice R. Barnes , an officer of the Drug Enforcement Administration to give testimony and to bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. 801 et seq., you are to provide all SOPs regarding the handling of controlled substances by Walgreens distribution center located in Jupiter, Florida and the Walgreens pharmacies serviced by this distribution center. In addition, please provide details of any and all incentive programs, awards, bonuses, or additional compensation given to Pharmacists, Pharmacy Managers, and/or Store Managers regarding the filling of prescriptions. You are also to provide all emails and correspondence regarding controlled substances between Walgreens Management (including corporate, regional and district), and all Walgreens stores serviced by this distribution center for the time period April 1, 2010 to the present. You are also to provide customer files, including due diligence, on the following Walgreens stores: Walgreens #04727, Walgreens #04391, Walgreens #03836, Walgreens #03629, Walgreens #06997, Walgreens #03099, Walgreens #07875, Walgreens #05806, Walgreens #04093, Walgreens #04327, Walgreens #01779, Walgreens #12302, Walgreens #06832, and Walgreens #05465.

This is an administrative subpoena issued by the Drug Enforcement Administration (DEA), a federal law enforcement agency, for records that may include protected health information. DEA is authorized by 21 U.S.C. § 876 to issue an administrative subpoena and is permitted by 45 C.F.R. § 164.512(f) to request protected health information. The information sought is relevant and material to a legitimate law enforcement inquiry; the subpoena is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and de-identified information cannot reasonably be used.

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to DI Janice R. Barnes, 954-489-1780.

Place and time for appearance: At 1475 W. Cypress Creek Rd., #301, Fort Lauderdale, FL 33309 on the 18th day of April, 2012 at 09:00 AM. In lieu of personal appearance, please email records to Janice.R.Barnes@usdoj.gov or fax to 954-489-1903.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug
Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)
**ATTESTED COPY**

Signature: _John Mc Kenna_

John McKenna

Issued this 19th day of Mar 2012

FORM DEA-79

CAH_MDL2804_01431074

**Public Law 513-91st Congress**
**2nd Session**
**H.R. 18583**
**AN ACT**

SEC. 506 (a) In any investigation relating to his functions under this title with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and require the production any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation. The attendance of witnesses and the production of records may be required from any State or in any territory or other place subject to the jurisdiction of the United States at any designated place of hearing; except that a witness shall not be required to appear at any hearing more than 500 miles distant from the place where he was served with a subpoena. Witnesses summoned under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States.

(b) A subpoena issued under this section may be served by the person designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

(c) In the case of contumacy by or refusal to obey a subpoena to any person, the Attorney General may invoke the aid of any court in the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found.

CAH_MDL2804_01431075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc. No. 12-8125-AEV

In the Matter of the
Administrative Inspection of:

WALGREENS CORPORATION (W004)
WALGREEN CO.
15998 WALGREENS DRIVE
JUPITER, FL 33478

## WARRANT FOR INSPECTION

TO: Donna Richards, Diversion Investigator, and any other authorized Diversion Investigator
or Special Agent of the Drug Enforcement Administration of the United States
Department of Justice

Application having been made, and probable cause as defined by 21 U.S.C. § 880(d)(1)

having been shown by the affidavit of Diversion Investigator Donna Richards, United States

Drug Enforcement Administration, for an inspection of all controlled premises of Walgreens

Corporation (W004), Walgreen Company, 15998 Walgreens Drive, Jupiter, Florida 33478, with

DEA number RW0277752, it appears that said inspection is appropriate under Title 21, United

States Code Section 880.

Therefore, pursuant Title 21, United States Code Section 880, you are hereby authorized,

within ten (10) days, to enter the above-described premises during ordinary business hours for

the following purposes:

a) To inspect and copy records, reports, files, official order forms, prescriptions, and
other documents required to be made, kept and maintained under the provisions of
the Controlled Substances Act ("the Act"), 21 U.S.C. § 801 et seq., for the
purpose of verifying that said records, reports, files, official order forms,
prescriptions, other documents and controlled substances are properly kept and
maintained;

CAH_MDL2804_01431076

b) To inspect, in a reasonable manner and to a reasonable extent, including the collection of samples if necessary, all pertinent equipment, finished and unfinished controlled substances, containers, and labeling found therein;

c) To inspect all records, files, papers, processes, controlled and facilities appropriate of verification of the records, reports and documents required to be kept under the provisions of the Act and regulations promulgated thereunder; and

d) To inventory any stock of controlled substances and to obtain samples of any such substances.

You are hereby further authorized to seize from the above-described controlled premises such of the following records, reports, documents, files and inventories, as are appropriate and necessary to the effective accomplishment of the inspection, and for the purpose of copying or verifying their correctness, or that are used or intended to be used in violation of the Controlled Substances Act.

a) All physical inventories of controlled substances;

b) All executed Official Order Forms, DEA Form-222;

c) All records showing the receipt of controlled substances;

d) All prescriptions and other records including computerized records, which refer to or relate to the dispensation, administration, or distribution of controlled substances;

e) Any and all copies of DEA Form-41, Registrant's Inventory of Drugs Surrendered and DEA Form-106, Report of Theft or Loss of Controlled Substances; and such other reports or records that document the dispensation, administration, disposal or distribution of controlled substances.

CAH_MDL2804_01431077

A prompt return shall be made by the inspecting officers to the undersigned Magistrate Judge showing that the inspection has been completed, and accounting for all property seized pursuant to the warrant, no later than ten (10) days from the date of issuance, to allow for detailed inventory and copying of documents.

Signed this 3 day of April 2012, in West Palm Beach, Florida

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

CAH_MDL2804_01431078

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I,_____, attest under penalties of perjury (or criminal punishment for false statement or false attestation) that I am employed by _____ (business), and that my official title is _____. I am a custodian of records for such business entity. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of _____ (name of business from which documents are produced), and that I am the custodian of the attached records consisting of _____ pages.

I further state that:

A. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

B. such records were kept in the course of a regularly conducted business activity of _____ (business); and

C. such records were made by _____ (business) as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the FEDERAL RULES OF EVIDENCE.

Date                              Signature

_____        _____

CAH_MDL2804_01431079



The Pharmacy America Trusts • Since 1901™

## CONFIDENTIAL FACSIMILIE TRANSMITTAL COVER SHEET

TO:   Dwayne Pinon

COMPANY:

FROM:  Candice Gaudinier, Jupiter DCM Assistant

DATE:  4/4/12

NUMBER OF PAGES, INCLUDING COVER:  7

RE:    DEA Inspection at Jupiter DC

FAX NUMBER:  847.315.4660

### NOTES/COMMENTS:

Attached is a 3 page Warrant for Inspection and a 3 page Subpoena per Rob Varno.

WALGREENS JUPITER DISTRIBUTION CENTER
15998 WALGREENS DRIVE
JUPITER, FLORIDA 33478
PHONE: (561) 493-7702        FAX: (561) 493-7753

CAH_MDL2804_01431080

# EXHIBIT B

CAH_MDL2804_01431081

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| IN RE: ADMINISTRATIVE SUBPOENA | Miscellaneous Action No: 1:12mc43 |

### DECLARATION OF DAVID S. WEINSTEIN IN SUPPORT OF WALGREENS'
### MOTION TO COMPEL RETURN OF PRIVILEGED MATERIAL

I, David S. Weinstein, am an adult over the age of eighteen.  If called to testify in this matter, I could and would testify as follows:

1.  I am a member of the Bar of the State of Florida, and am a Partner with the law firm of Clarke Silverglate P.A.  I represent Walgreen Co. ("Walgreens") on a variety of matters. I make this Declaration in support of Walgreens' Motion to Compel.

### A. Walgreens Responds to the Administrative Subpoena

2.  On or about April 4, 2012, agents with the federal Drug Enforcement Administration ("DEA") served inspection warrants on six Walgreens pharmacies located in Florida. The DEA also served an Administrative Subpoena on a Walgreens Distribution Center located in Jupiter, Florida.

3.  Pursuant to the Administrative Subpoena, Walgreens was required to produce certain information and documents to DEA.  Specifically, the Administrative Subpoena directed Walgreens to provide:  (1) "all SOPs regarding the handling of controlled substances by Walgreens distribution center located in Jupiter, Florida and the Walgreens pharmacies serviced by this distribution center;" (2) "details of any and all incentive programs, awards, bonuses, or additional compensation given to Pharmacists, Pharmacy Managers, and/or Store Managers regarding the filling of prescriptions;" (3) "all emails and correspondence regarding controlled substances between Walgreens Management, (including corporate, regional and district), and all Walgreens stores serviced by this distribution center for the time period April 1, 2010 to the present;" and (4) "customer files, including due diligence, on the following Walgreens stores: Walgreens #04727, Walgreens #04391, Walgreens #03836, Walgreens #03629, Walgreens #06997, Walgreens #03099, Walgreens #07875, Walgreens #05806, Walgreens #04093, Walgreens #04327, Walgreens #01779, Walgreens #12302, Walgreens #06832, and Walgreens #05465."  The scope of activity required to comply with these requests was

CAH_MDL2804_01431082

very significant because it involved collecting, reviewing, and producing large amounts of diverse data, to include email communications from more than 50 different Walgreens employees, including in-house attorneys.

4.   On or about May 3, 2012, I spoke with Ms. Susan Langston (Acting Diversion Program Manager, Miami Division, DEA) about producing the data, communications and documents requested by DEA in its Administrative Subpoena. Ms. Langston agreed to a rolling production of the data, communications, and documents.

**B. Walgreens' Production of Documents Commences**

5.   Beginning on or about May 4, 2012, I began the rolling production of information responsive to DEA's Administrative Subpoena with a production of approximately 18 megabytes ("MB") of data.

6.   In the weeks that followed, I worked with Walgreens to collect, review, and produce substantially greater volumes of information, totaling more than 70 additional MB of data. Three attorneys, including myself, were involved in reviewing collected documents prior to producing materials to DEA. Two members of the Walgreens Litigation and Regulatory Law Department, Mr. Dwayne Pinon and Ms. Patricia Zagami, manually reviewed collected materials for responsiveness. Prior to producing this data to DEA, I manually reviewed each individual document (including emails) to determine if the document was responsive to the requests made by DEA in its Administrative Subpoena. I also manually reviewed each document (or email) to determine if it was subject to any claim of privilege. I note that certain emails were often duplicated several times because Walgreens collected materials from different employee custodians, several of whom were copied on particular email chains. In some cases, emails that appeared to be identical actually contained additional sentences that were added by a subsequent recipient. Accordingly, this manual review was a highly time-consuming and deliberative process. The "Document Production Statement" I attached to my June 8, 2012 letter to DEA describes the process that was followed in reviewing and producing documents to DEA. A true and accurate copy of this letter is attached as Exhibit 1 to my declaration.

7.   When I reviewed documents that contained communications involving in-house attorneys for potential privilege protection, I withheld documents that I determined involved a request for, or provision of, legal advice. However, on occasions when I determined that such documents – to include communications involving Mr. Pinon – did not involve any such legal advice, I produced those documents if they were responsive to the requests made by DEA in the Administrative Subpoena.

**C. DEA Sets a Deadline for Completion of the Document Production**

8.   On or about May 21, 2012, I received an email from Mr. Scott Lawson (Senior Attorney, Diversion and Regulatory Litigation Section, Office of Chief Counsel, DEA) inquiring as to when Walgreens would complete its delivery of documents and emails responsive to the Administrative Subpoena.

2

CAH_MDL2804_01431083

9.   On or about May 21, 2012, I produced the second set of materials responsive to DEA's Administrative Subpoena.

10.  On or about May 22, 2012, I produced the third set of materials responsive to DEA's Administrative Subpoena.

11.  On or about May 24, 2012, I produced the fourth set of materials responsive to DEA's Administrative Subpoena.

12.  On or about May 25, 2012, I produced the fifth set of materials responsive to DEA's Administrative Subpoena.

13.  On or about May 31, 2012, I received a letter from Mr. Lawson addressing the pace of Walgreens' production of data responsive to the requests made by DEA in the Administrative Subpoena. In his letter, Mr. Lawson set a deadline of June 8, 2012, for Walgreens to comply with the requests made by DEA in the Administrative Subpoena.

14.  On or about June 1, June 4, June 6, and June 8, 2012, I received additional potentially responsive material from the Walgreens Litigation and Regulatory Law Department, which I manually reviewed.

15.  On or about June 8, 2012, I produced the sixth and final set of materials responsive to DEA's Administrative Subpoena.

16.  In total, I reviewed approximately 88 MB of documents and data and produced information equivalent to several thousands of pages of documentation from approximately May 4, 2012 through June 8, 2012.

**D. Walgreens Has Ongoing Discussions with DEA Regarding the Investigation**

17.  After the delivery of the final set of documents on June 8, 2012, I was involved in a number of communications with DEA regarding its investigation, as set forth in more detail below. I met with DEA on more than two occasions and facilitated multiple witness interviews of Walgreens employees by DEA. Also during this timeframe, DEA's investigation expanded, and DEA requested new and additional documents to be produced for different elements of Walgreens' business. Ultimately, DEA issued an additional administrative subpoena to Walgreens that required additional time-consuming document review and related activities.

18.  On or about July 17, 2012, I attended a meeting in Washington, D.C., to meet with Mr. Lawson and Mr. Jonathon Novak, another DEA Diversion and Regulatory Litigation Section attorney. After this meeting, I exchanged emails and phone calls with Mr. Lawson where we discussed the scheduling of interviews by DEA of personnel from the Jupiter Distribution Center, as well as from two pharmacies located in Florida.

3

CAH_MDL2804_01431084

**E. DEA Requests a Privilege Log, and Walgreens Analyzes Privilege Issues While Complying With Additional DEA Requests**

19.    On or about August 9, 2012, I received a letter from Mr. Lawson requesting a privilege log for Walgreens' response to DEA's Administrative Subpoena.  The letter also queried whether Walgreens planned to assert any privilege over any of the materials already produced to DEA, including emails sent to or from Mr. Pinon.  A true and accurate copy of this letter is attached as Exhibit 2 to my declaration.

20.    On or about August 10, 2012, counsel for Walgreens sent a letter to Mr. Lawson addressing, among other topics, his August 9, 2012 letter.  In this letter, we informed him that counsel for Walgreens was reviewing the privilege issues he had raised in his August 9, 2012 letter and would contact DEA regarding these issues as soon as possible.  A true and accurate copy of this letter is attached as Exhibit 3 to my declaration

21.    After receiving Mr. Lawson's letter, I began to perform a second review of Walgreens' document production for any potentially privileged materials.  Along with Walgreens' other counsel, I communicated to Mr. Lawson that we intended to respond to his questions regarding the document production.  At the same time, I was engaged in discussions regarding new and additional DEA document requests.  As mentioned, at this same time, Walgreens received an additional Administrative Subpoena from DEA (the "Second Administrative Subpoena").  This Second Administrative Subpoena requested data and documentation from the Walgreens Central Pharmacy Operation in Orlando, Florida.

22.    While I continued to review Walgreens' document production for privilege issues and began to coordinate Walgreens' response to the Second Administrative Subpoena, a computer search tool was used – with assistance from Walgreens' other counsel – to identify and segregate for review documents containing communications involving Mr. Pinon.  The computer search identified approximately 61 documents meeting this criterion.

23.    Around August 20, 2012, a smaller number of emails from within this group of 61 documents were identified as a potential inadvertent production.  Over the ensuing week, I carefully assessed these documents, consulted with my client regarding the facts and circumstances surrounding these documents, and determined that two of the emails were indeed privileged and had been inadvertently produced (the "Privileged Material").  The two documents were confidential email exchanges between in-house counsel and select Walgreens personnel relating to regulatory and compliance issues. The contents of the correspondence involved either the request for, or the provision of, legal advice regarding the Controlled Substances Act and DEA guidelines.

24.    In both cases, the privileged documents were contained within a larger non-privileged set of communications and should have been redacted prior to production.  In my efforts to produce these materials under the tight DEA deadline, I did not initially identify these particular communications.  Specifically, these documents were contained in the sixth and final document production to DEA that occurred on or about June 8, 2012.  As

4

CAH_MDL2804_01431085

mentioned, during the approximate one week time period between when DEA set the deadline for completion of the document production and that June 8, 2012, deadline, I received four additional installments of data from Walgreens that had to be reviewed in a matter of days.

25.   One of the privileged emails is a duplicate document, the other copies of which I reviewed, determined were privileged, withheld under a claim of privilege, and included on Walgreens' privilege log. The other privileged email contains a privileged communication from Mr. Pinon on the fifth page of a seven page email chain that involves several non-lawyers.

26.   On or about August 21, 2012, I traveled from Miami, Florida, to West Palm Beach, Florida, and met with certain Walgreens employees to help prepare them to be interviewed by DEA personnel.

27.   On or about August 22-23, 2012, I attended interviews of Walgreens employees that were conducted by DEA personnel in Port St. Lucie, Florida.

28.   From approximately August 27, 2012 to August 31, 2012, I traveled to Boston, Massachusetts, with my wife and daughter to move our daughter into her dormitory for her freshman year of college.

29.   During this time, I continued to prepare the response due to DEA in connection with the Second Administrative Subpoena. DEA did not offer or agree to grant additional time for response to this additional subpoena.

30.   On or about September 10, 2012, I prepared a letter addressed to Mr. Lawson requesting the return of the Privileged Material. I sent this letter to Mr. Lawson via US mail on September 11, 2012. A true and accurate copy of this letter is attached as Exhibit 4 to my declaration. During this time, I was also arranging for further DEA witness interviews and otherwise attempting to comply with DEA requests. Given the ongoing investigation and continuing dialogue with DEA, I had no warning that they were intending to take enforcement action against Walgreens, or that they would refuse to return the Privileged Material. I believed I was diligently responding, in a reasonable time period, to claw back the privileged documents.

31.   On September 14, 2012, I received an email from Mr. Lawson informing me that DEA had initiated an administrative enforcement action against Walgreens.

32.   On September 27, 2012, I submitted a privilege log to DEA for Walgreens' response to DEA's Administrative Subpoena.

CAH_MDL2804_01431086

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____.

David S. Weinstein

CAH_MDL2804_01431087

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/27/2012

David S. Weinstein

6

CAH_MDL2804_01431088

# EXHIBIT 1

CAH_MDL2804_01431089



Clarke Silverglate
**A T T O R N E Y S   A T   L A W**

Writer's e-mail: dweinstein@cspalaw.com
Writer's Direct Telephone: 305-347-1559

June 8, 2012

**VIA HAND DELIVERY**
Susan C. Langston
Acting Diversion Program Manager
Drug Enforcement Administration
2100 N. Commerce Parkway
Weston, FL  33326

Scott Lawson, Esq.
Senior Attorney
Diversion and Regulatory Litigation Section
Office of Chief Counsel
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152

RE:   **In the matter of the investigation of Case No: GS-12-2012**
      **Administrative Subpoena No. GS-12-476915**
      **Served Upon Walgreen Co. on or about April 4, 2012**

Dear Ms. Langston and Mr. Lawson:

Enclosed with this letter, please find the final DVD Disc containing the documents that have been requested pursuant to the above referenced Subpoena. Included on this Disc are the earlier versions of Walgreens policy statement regarding Suspicious Order Reporting, as well as information related to the due diligence conducted by Walgreens at both the Distribution Center in Jupiter and the retail pharmacy locations serviced by the Distribution Center. In addition, pursuant to the request made by Mr. Lawson in his letter dated May 31, 2012, I have enclosed a statement regarding the completion of the document production. There are certain documents which may fall within the categories requested which we contend are privileged and are not being produced. We will prepare a privilege log in due course.

To date we have produced a total of five (5) Discs. One disc contained all SOPs regarding the handling of controlled substances by Walgreens distribution center located in Jupiter, Florida and the Walgreens pharmacies serviced by the distribution center, and details of any and all incentive programs, awards, bonuses, or additional compensation given to Pharmacists, Pharmacy Managers, and/or Store Managers regarding the filling of prescriptions. The other four discs contained a portion of all emails and correspondence regarding controlled substances between either Walgreens Management (including

CAH_MDL2804_01431090

In re Administrative Subpoena No. GS-12-476915
June 8, 2012
Page 2

corporate, regional and district), or between Walgreens Management and all Walgreens stores serviced by this distribution center for the time period April 1, 2010 to the present (April 4, 2012, the date of the service of the Subpoena), as well as what you have referred to in the Subpoena as "Customer files, including due diligence," on fourteen (14) specific Walgreens stores.

We appreciate the time that you have given us to comply with the requests contained in your Subpoena. The information that has been processed was voluminous and it required a significant amount of time to deliver these items to you. You should not infer from the length of time that was required to provide these documents that our efforts were anything other than what was necessary to conduct a good faith search to produce responsive materials. We remain committed to fully cooperating with your investigation and providing you with the information that will allow you to make a fair and accurate assessment of Walgreens' approach to the prescription drug abuse problem that exists throughout the United States.

Nevertheless, documents alone do not chronicle the various processes undertaken by the Walgreens Company to distribute and dispense controlled substances. You will need more than just documents to fully understand the system and that is why we have been requesting that we meet to explain the significance of the documents. Now that we have completed the production of documents, we look forward to sitting down with you at a mutually agreeable location to resolve this matter. My office remains available to hold such a meeting.

Finally, as you conduct your own analysis, we want to make you aware that we are continuing to review and revise the various compliance processes and programs that have been put in place to ensure that the lawful dispensing of controlled substances is occurring at all Walgreens Pharmacies nationwide.

As always, if you have any questions, or need any further information, please feel free to contact me directly.

Sincerely,

David S. Weinstein

Encl – 1 DVD Disc
Document Production Statement

CAH_MDL2804_01431091

## DOCUMENT PRODUCTION STATEMENT

On April 4, 2012, U.S. Department of Justice/Drug Enforcement Administration Subpoena Number GS-12-476915, issued on March 19, 2012, was served on a representative of Walgreen Co. at the Jupiter Distribution Center, located at 15998 Walgreens Drive, Jupiter, Florida.

After receipt of the above described Subpoena, a good faith search, as described below, was undertaken in order to produce non-privileged, responsive materials:

1. A Legal Hold Notice was issued to the 14 Walgreens Pharmacies listed in the Subpoena, all District and Market Leadership serviced by the Jupiter Distribution Center, Employees at the Jupiter Distribution Center and Walgreens Management in the Deerfield, Illinois Headquarters Office.
2. The Legal Hold Notice required all persons with knowledge to keep and preserve any and all information related to the four (4) categories of requests set forth in Subpoena Number GS-12-476915.
3. All Lotus Notes users with emails and correspondence regarding controlled substances then independently delivered these materials to a designated representative of the Walgreens Litigation and Regulatory Law Department. All Outlook users with emails and correspondence regarding controlled substances independently placed these materials in a file folder and such file folder was pulled by IT and delivered to a designated representative of the Walgreens Litigation and Regulatory Law Department.
4. All other documents responsive to Subpoena Number GS-12-476915 were collected from persons with knowledge by fax, email, mail or hand delivery.
5. Two members of the Walgreens Litigation and Regulatory Law Department examined the collected materials to make certain that the materials were non-privileged and responsive to the four (4) categories of requests set forth in Subpoena Number GS-12-476915.
6. These materials were then provided to outside counsel who conducted a final review to verify that the materials were non-privileged and responsive to the four (4) categories of requests set forth in Subpoena Number GS-12-476915.

As of this date, to the best of my knowledge and information, the production is complete and accurate based on information provided to me by others.

| | |
|---|---|
| 6/8/12 | _(signature)_ |
| Date | Signature |
| 6/8/12 | _(signature)_ |
| Date | Signature |
| 6/8/12 | _(signature)_ |
| Date | Signature |

CAH_MDL2804_01431092

# EXHIBIT 2

CAH_MDL2804_01431093



**U. S. Department of Justice**

Drug Enforcement Administration

Office of the Chief Counsel
Diversion & Regulatory Litigation Section
8901 Morrissette Dr.
Springfield, VA 22151

*www.dea.gov*

August 9, 2012

<u>Via Email & U.S. Mail</u>

David S. Weinstein
Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131

Alice S. Fisher
Latham & Watkins LLP
555 Eleventh St., N.W., Suite 1000
Washington, D.C. 20004-1304

Subject:  <u>Privilege Log, DEA Case No. GS-12-2012, Subpoena No. GS-12-476915</u>:

Dear Counsel:

I am writing to request that you produce a privilege log concerning the response to the above-referenced subpoena that you have made on behalf of the Walgreen Corporation. Your letter of June 8, 2012 transmitting the most recent CD of responsive material notes on several occasions that the materials you have produced were screened for privileged matter. Accordingly, DEA is asking that you provide a log identifying any material withheld on the basis of privilege. Such log should include the document type, date, author, addressees, description of the document, and the type of privilege asserted for the document.

On a related matter, the same letter states that the documents you have provided in response to the subpoena were reviewed by two members of Walgreens Litigation and Regulatory Law Department to make certain that the materials were not privileged. This review was then verified by outside counsel who "conducted a final review to verify that the materials were non-privileged." Given the extent of this pre-disclosure review by at least three attorneys, I am assuming that Walgreens is not asserting any privilege over the materials you have provided, to include emails sent to or from Dwayne Pinon.

Finally, I would like to follow-up on our telephone conversation yesterday, in which we discussed whether or not Walgreens would make any employees available for interviews. As you know, DEA would like to conduct, or in some cases, complete, interviews of Walgreens employees at the Jupiter Distribution Center and several of the pharmacies that were the subject of the administrative inspection warrants. Several of those interviews were initiated on April 4, 2012 but

CAH_MDL2804_01431094

cut short when the employees were directed not to speak to DEA.  While you have previously indicated that you would permit such interviews to take place with counsel present, you did not commit to such yesterday and did not indicate when you would decide whether or not Walgreens would cooperate with this request.   Please advise as soon as possible if you will permit these interviews and if so, when we can schedule them.

    Thank you.


                                    Sincerely,


                                    Scott Lawson
                                    Senior Attorney
                                    Diversion and Regulatory Litigation Section

CAH_MDL2804_01431095

# EXHIBIT 3

CAH_MDL2804_01431096

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

August 10, 2012

**CONFIDENTIAL**

Scott Lawson, Esq.
Senior Attorney
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152

Re:   In the matter of the investigation of Case No. GS-12-2012,
Administrative Subpoena No. GS-12-476915 and Connected
Administrative Inspection Warrants

Dear Mr. Lawson:

On behalf of our client Walgreen Co. ("Walgreens"), I am writing to thank you for your August 9, 2012 letter and for speaking with me via telephone earlier this week. Walgreens intends to continue to cooperate with your investigation and address your ongoing concerns.

To that end, we will make Walgreens employees available for voluntary interviews. As I mentioned during our telephone conversation, we are checking the availability of individuals at the Jupiter Distribution Center for such interviews. We understand that you would like to begin these interviews shortly, and accordingly we propose August 21st – 24th as possible dates.

As to your questions regarding the privilege log and related privilege issues that you raised in your letter, we are currently processing this information and will send you a privilege log, along with any qualifying information, as soon as possible.

Also, enclosed with this letter, please find copies of the Walgreens organizational charts you requested. (*See* Attachments 1 – 6.) We request that you please keep these documents confidential.

CAH_MDL2804_01431097

**August 10, 2012**
**Page 2**

**LATHAM&WATKINS**LLP

       If you have any questions or need further information, please do not hesitate to contact me at (202) 637-2232, Philip Perry at (202) 637-2244, or David Weinstein at (305) 347-1559.

          Sincerely,

Alice S. Fisher
Philip J. Perry
of LATHAM & WATKINS LLP

David Weinstein
of CLARKE SILVERGLATE, P.A.

CAH_MDL2804_01431098

# EXHIBIT 4

CAH_MDL2804_01431099



Writer's e-mail: dweinstein@cspalaw.com
Writer's Direct Telephone: 305.347.1559

September 10, 2012

**CONFIDENTIAL**

Scott Lawson, Esq.
Senior Attorney
Diversion and Regulatory Litigation Section
Office of Chief Counsel
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152

RE:    **In the matter of the investigation of Case No: GS-12-2012,**
           **Administrative Subpoena No. GS-12-476915 and**
           **Connected Administrative Inspection Warrants**
           <u>**Served Upon Walgreen Co. on or about April 4, 2012**</u>

Dear Mr. Lawson:

While reviewing the documents that were previously provided to you by Walgreens in response to the above referenced Administrative Subpoena, we have determined that two (2) documents for which Walgreens claims an attorney client privilege were inadvertently and erroneously included in the production package.

Both of these documents were email messages that were contained on the DVD Disc entitled "Walgreens 5[th] Response to DEA Subpoena No. GS-12-476915" and delivered to DEA on June 8, 2012.

The first document is titled "Re Florida CII Focus on Profit" and is an Outlook message. The second document is included is titled "_FW_DEA issue at 6094 with attachment" and is in PDF format. Our claim of privilege also extends to the attachment to this second email.

At this time we would request that these documents be removed from the documents that are being reviewed by DEA in connection with this matter and returned to me.

Sincerely,

David S. Weinstein

Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 cspalaw.com

CAH_MDL2804_01431100

# EXHIBIT C

CAH_MDL2804_01431101

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| IN RE: ADMINISTRATIVE SUBPOENA | Miscellaneous Action No: 1:12mc43 |

### DECLARATION OF PHILIP J. PERRY IN SUPPORT OF WALGREENS' MOTION TO COMPEL RETURN OF PRIVILEGED MATERIAL

I, Philip J. Perry, am an adult over the age of eighteen. If called to testify in this matter, I could and would testify as follows:

1.  I am an active member of the Bars of the State of California and the District of Columbia, and an inactive member of the Illinois Bar. I am a Partner with the law firm of Latham & Watkins LLP. Along with other counsel, I represent Walgreen Co. ("Walgreens") in connection with an investigation by the federal Drug Enforcement Administration ("DEA"). I make this Declaration in support of Walgreens' Motion to Compel.

2.  I was copied on a claw back letter sent by Walgreens' Florida counsel to DEA, dated September 10, 2012. The letter requested immediate return of two privileged Walgreens documents (the "Privileged Material"). On multiple occasions from September 14, 2012 through the present, counsel for Walgreens communicated with DEA and repeated the requests initially made by that letter, specifying that DEA was required to return those documents to Walgreens and refrain from using or relying on those documents in its regulatory or enforcement actions. A true and accurate copy of the written email communications with DEA – including the agency's responses – is attached as Exhibit 1 to my declaration.

3.  To the best of my knowledge, the DEA's administrative enforcement action against Walgreens was initiated from its office in Springfield, Virginia.

4.  To the best of my knowledge, the attorneys representing DEA in this enforcement action and supervising the investigation of Walgreens, Mr. Scott Lawson and Mr. Jonathan Novak, maintain offices in Springfield, Virginia.

5.  It is my understanding that copies of the Privileged Material inadvertently produced by Walgreens are maintained at DEA's Springfield, Virginia offices.

CAH_MDL2804_01431102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
Philip J. Perry

2

CAH_MDL2804_01431103

# EXHIBIT 1

CAH_MDL2804_01431104

| From: | Lawson, Scott |
|---|---|
| To: | Perry, Philip (DC); Fisher, Alice (DC); DWeinstein@cspalaw.com |
| Cc: | Novak, Jonathan P. |
| Subject: | Response to Question about Release of ISO |
| Date: | Monday, September 24, 2012 11:45:31 AM |

Phil,

    With regard to your question about disclosure of the ISO, DEA does not, in the usual course, voluntarily release show cause orders and we will not do so in this matter.  In cases of interest to the public, we do occasionally get requests for these and related documents, and if we were to get such a request, it would be handled pursuant to the FOIA process.  Please be advised however, that we do not control the protections, if any, accorded the document when it is the subject of U.S. District Court litigation, as opposed to the administrative process.

    Please let me know if you have any further questions.

Scott

**From:** Phil.Perry@lw.com [mailto:Phil.Perry@lw.com]
**Sent:** Thursday, September 20, 2012 1:29 PM
**To:** Novak, Jonathan P.; Alice.Fisher@lw.com; DWeinstein@cspalaw.com
**Cc:** Lawson, Scott
**Subject:** RE:

Also, to avoid any possible confusion, we understand that DEA will continue to treat the text of the ISO as confidential.  This is particularly important as we continue address Walgreens' privilege assertion regarding the document in question.   If for any reason that is not the case, please let us know immediately.

**From:** Perry, Philip (DC)
**Sent:** Thursday, September 20, 2012 1:22 PM
**To:** 'Novak, Jonathan P.'; Fisher, Alice (DC); DWeinstein@cspalaw.com
**Cc:** Lawson, Scott; Bland, Carrie A.
**Subject:** RE:

Thanks again for your email, Jon.   We understood and intended our prior request to withdraw the ISO as a formal request for DEA to do so.   We would appreciate very much if you could now treat it as such (if you have not already done so).

**From:** Novak, Jonathan P. [mailto:Jonathan.P.Novak@usdoj.gov]
**Sent:** Wednesday, September 19, 2012 12:44 PM
**To:** Perry, Philip (DC); Fisher, Alice (DC); DWeinstein@cspalaw.com
**Cc:** Lawson, Scott; Bland, Carrie A.
**Subject:** RE:

Phil, Alice and David:

In response to your email regarding the outstanding privilege issue in the ongoing Walgreens administrative matter, it is our understanding that you wish to speak with the agency about the possibility of withdrawing the ISO due to it containing material that you believed to be protected and privileged. It is imperative that we reiterate that as the attorneys representing

CAH_MDL2804_01431105

DEA, we are not involved in any decision the Administrator might make regarding this proposal. The Administrator issued the ISO, and only the Administrator may make the determination to withdraw the ISO.

Based on our substantive review of the ethical and legal issues involved in this matter, it would be our position that we will not recommend the withdrawal of the ISO.

If you would like to submit a formal request for the Administrator to withdraw the ISO on these grounds, we would be happy to receive such a request and pass it along.

That being said, we are open to discussion of any other issues or matters involved here.


Regards,
Jonathan P. Novak


**From:** Phil.Perry@lw.com [mailto:Phil.Perry@lw.com]
**Sent:** Wednesday, September 19, 2012 8:15 AM
**To:** Novak, Jonathan P.; Alice.Fisher@lw.com
**Cc:** DWeinstein@cspalaw.com; Bland, Carrie A.; Lawson, Scott
**Subject:** RE:

Jonathan:

Thank you for your emails.  As you know, we would like to resolve this issue as soon as possible. Can you pls contact Alice (202-637-2232) or me (202-637-2244) on this matter.   Thanks again.

**From:** Novak, Jonathan P. [mailto:Jonathan.P.Novak@usdoj.gov]
**Sent:** Monday, September 17, 2012 2:14 PM
**To:** Perry, Philip (DC); Fisher, Alice (DC)
**Cc:** DWeinstein@cspalaw.com; Bland, Carrie A.; Lawson, Scott
**Subject:** RE:

Alice and Phil,

I wanted to get back to you regarding Alice's email of this morning.  As you know, Scott Lawson is currently out of the office on military leave.  Additionally, members of our team are out of the office for Rosh Hashanah.  We are happy to entertain any views that you have regarding the privilege issue.  Once we've had a chance to touch base with necessary folks, let's see if we can set up a call.

Regards,
Jonathan P. Novak

**From:** Phil.Perry@lw.com [mailto:Phil.Perry@lw.com]
**Sent:** Monday, September 17, 2012 10:32 AM
**To:** Novak, Jonathan P.
**Cc:** Alice.Fisher@lw.com
**Subject:** RE:

Good morning, Jonathan.

It appears that Scott is out this week and we would like to follow-up on the email below.   Alice and I can call you this morning.    Could you let us know what time we can reach you, and what number we should call?

Thanks very much.

**From:** Fisher, Alice (DC)
**Sent:** Monday, September 17, 2012 8:03 AM
**To:** Lawson, Scott; Novak, Jonathan P.
**Cc:** 'DWeinstein@cspalaw.com'; Perry, Philip (DC)
**Subject:**

Scott-

I left you a message but I understand you may be out of the office.  As we discussed by phone on Friday, the ISO issued by DEA regarding the Walgreens Jupiter distribution center references and relies (at paragraphs 18, 23, and 24) on a document inadvertently produced to you that is subject to the attorney-client privilege.  By letter dated September 10, 2012, David Weinstein informed you of Walgreens' claim of privilege and requested that the document be "removed from the documents that are being reviewed by DEA in connection with this matter" and returned.  Although you informed me that you had not received this letter by the time the ISO was signed, the document should be returned and not relied upon. *See* Va. Legal Ethics Comm. Opn.1702 ("it is not ethically permissible for a lawyer to keep and use documents inadvertently transmitted to him by opposing counsel").  As you know,  according to federal statute, an "attorney for the Government shall be subject to State laws and rules ... governing attorneys in each State where such attorney engages in that attorney's duties."  Moreover, the document is subject to the claw back provisions of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(5)(B).

In light of these issues, we respectfully request that DEA withdraw the ISO and, if the agency is inclined to reissue it, to do so without reference to the previously identified privileged material. I would be happy to discuss this issue with you at your earliest convenience.

All the best, Alice


**Alice S. Fisher**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Direct Dial: +1.202.637.2232
Fax: +1.202.637.2201
Email: alice.fisher@lw.com
http://www.lw.com

*************************************************************************

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties

imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any
transaction or matter addressed herein.

For more information please go to  http://www.lw.com/docs/irs.pdf
*************************************************************************

This email may contain material that is confidential, privileged and/or attorney work product for

the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding
without express permission is strictly prohibited.  If you are not the intended recipient, please
contact the sender and delete all copies.

Latham & Watkins LLP

CAH_MDL2804_01431108

| | |
|---|---|
| **From:** | Perry, Philip (DC) |
| **To:** | Lawson, Scott; Novak, Jonathan P. |
| **Cc:** | Fisher, Alice (DC); David S. Weinstein (DWeinstein@csgalaw.com); Qureshi, Abid (DC) |
| **Subject:** | Privilege Issues |
| **Date:** | Wednesday, September 26, 2012 10:30:16 AM |

Dear Scott and Jon —

Thank you for your email regarding confidentiality. We appreciate your response and trust you understand Walgreens' desire to preserve the attorney-client privilege of materials that were inadvertently produced to DEA by Florida counsel pursuant to the March 12, 2012 administrative subpoena.

Walgreens previously notified you that certain documents were inadvertently produced that were specifically-identified as privileged. In order to maintain its claim of privilege, Walgreens, through counsel, requested the prompt return of these documents. Upon receiving this request, DEA was obligated to "promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B). In addition, DEA was prohibited from using or disclosing the privileged information and was further obligated to "take reasonable steps to retrieve the information" if it had disclosed it prior to receiving Walgreens' notification of privilege. *Id.* These obligations apply not only to attorneys — but also to the parties they represent. *Id.*

If DEA disputes the assertion of privilege, such a dispute does not relieve DEA of its obligations under the Federal Rules. In fact, these rules contemplate that any action to evaluate privilege will occur after the disputed materials are returned to the producing party. Despite Walgreens' repeated requests, you have indicated that at this time DEA does not intend to return the privileged documents and otherwise comply with its obligations under the aforementioned Federal Rule. The rules require that you do so immediately.

Walgreens intends to pursue all available means to preserve the attorney-client privilege in accordance with Fed. R. Civ. P. 26(b)(5)(B), including, the initiation of an action to compel DEA to return the identified documents. Please contact us as soon as possible so we may discuss this issue and perhaps avoid the need for judicial intervention.

We look forward to hearing from you.

CAH_MDL2804_01431109

| | |
|---|---|
| **From:** | Lawson, Scott |
| **To:** | Fisher, Alice (DC); Perry, Philip (DC); David S. Weinstein |
| **Cc:** | Novak, Jonathan P. |
| **Subject:** | Your privilege questions |
| **Date:** | Thursday, September 27, 2012 4:51:57 PM |

Alice, Phil, David,

   I wanted to let you know the agency is not ignoring you on the privilege issue.  We are working on it and will get you a response as soon as possible.  Thanks.

Scott

Scott Lawson
Senior Attorney
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
U.S. Department of Justice
(202) 307-8038

CAH_MDL2804_01431110

| From: | Perry, Philip (DC) |
|---|---|
| To: | Lawson, Scott; Fisher, Alice (DC); David S. Weinstein |
| Cc: | Novak, Jonathan P. |
| Subject: | RE: Your privilege questions |
| Date: | Friday, September 28, 2012 2:37:05 PM |

Dear Scott –

Thank you very much for your message and your continued courtesies in this matter. I understand that – pursuant to our earlier requests – the DEA Administrator is now formally evaluating our demand for the return of privileged documents. We await your response and appreciate your urgent attention to this issue.

We think it is again important to note, that, even while the Administrator is reviewing these privilege issues, DEA is obligated by law (including Fed. R. Civ. P. 26(b)(5)(B), 81) to immediately return the two privileged documents inadvertently produced by Walgreens' Florida counsel and to take other reasonable steps to retrieve privileged information previously disclosed. I assure you that Walgreens will, upon return of the documents, preserve these materials if DEA subsequently seeks to challenge their privileged status.

**From:** Lawson, Scott [mailto:Scott.Lawson@usdoj.gov]
**Sent:** Thursday, September 27, 2012 4:52 PM
**To:** Fisher, Alice (DC); Perry, Philip (DC); David S. Weinstein
**Cc:** Novak, Jonathan P.
**Subject:** Your privilege questions

Alice, Phil, David,

I wanted to let you know the agency is not ignoring you on the privilege issue. We are working on it and will get you a response as soon as possible. Thanks.

Scott

Scott Lawson
Senior Attorney
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
U.S. Department of Justice
(202) 307-8038

CAH_MDL2804_01431111

FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2012 OCT -3 P 12: 23

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE: ADMINISTRATIVE SUBPOENA

Miscellaneous Action No. 1:12mc2700043

**WALGREEN CO.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL RETURN OF PRIVILEGED MATERIAL**

LATHAM & WATKINS

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
555 Eleventh Street, NW
Suite 1000
Washington, D.C.  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

CAH_MDL2804_01431112

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Walgreen Co. ("Walgreens") hereby submits this Memorandum of Points and Authorities in Support of its Motion to Compel the Drug Enforcement Administration ("DEA") to return certain identified privileged documents (the "Privileged Material") inadvertently produced in response to a DEA Administrative Subpoena issued to Walgreens on March 19, 2012.

## I.  FACTUAL BACKGROUND

DEA issued an Administrative Subpoena to Walgreens on March 19, 2012.  (U.S. Department of Justice/Drug Enforcement Administration Subpoena, attached hereto as Exhibit A.)  The subpoena required Walgreens to produce certain information and documents to DEA. (Declaration of David S. Weinstein ("Weinstein Decl.") ¶ 3, attached hereto as Exhibit B.) Through its Florida counsel, Walgreens complied with the subpoena by producing documents to DEA on various dates between May 4, 2012 and  June 8, 2012. (*Id.* ¶¶ 5-15.)

On August 9, 2012, Walgreens received a letter from DEA requesting a privilege log and inquiring whether Walgreens planned to assert privilege over any materials already produced to DEA, including communications sent to or from Mr. Dwayne Pinon, Senior Attorney, Litigation & Regulatory Law for Walgreens.[1] (*Id.* ¶ 19 and Ex. 2 to Weinstein Decl.)  The next day, on August 10, 2012, Walgreens responded to DEA, indicating that it was evaluating the privilege issues raised by DEA. (Weinstein Decl. ¶ 20 and Ex. 3 to Weinstein Decl.)  Walgreens also indicated that it would respond to DEA regarding these issues as soon as possible. (*Id.*)

Subsequently, Walgreens' counsel conducted a manual re-review of the several thousands of pages it produced to identify all communications involving Mr. Pinon. (*Id.* ¶¶ 16, 21.)  After identifying sixty-one (61) such communications, Walgreens considered whether any

---

[1] Walgreens produced a privilege log to DEA on September 27, 2012. (Weinstein Decl. ¶ 32.)

CAH_MDL2804_01431113

of these documents were privileged and inadvertently produced. (*Id.* ¶¶ 22-23.) As a result of this analysis, Walgreens identified two privileged emails it had inadvertently produced (the "Privileged Material"). (*Id.* ¶ 23.) On September 11, 2012, Walgreens sent a letter (dated September 10) to DEA by U.S. first-class mail requesting the return of the Privileged Material. (*Id.* ¶ 29 and  Ex. 3 to the Weinstein Decl.; Declaration of Philip Perry ("Perry Decl.") ¶ 2, attached hereto as Exhibit C.)  On Friday, September 14, 2012, DEA took action against Walgreens, relying at least in part (in a confidential document provided to Walgreens) on allegations based upon the Privileged Material. (Weinstein Decl. ¶ 31.)

The following Monday, September 17th, Walgreens reiterated its demand for the return of the Privileged Material.  (Perry Decl. ¶ 2 and Exhibit 1 to Perry Decl.) DEA, through its counsel, acknowledged Walgreens' demand but did not return the Privileged Material. (*Id.*) Pursuant to Local Rule 37(E), over the following weeks, Walgreens continued to seek the return of the Privileged Material and attempted to meet and confer with DEA to secure the return of the documents. (*Id.*) To date, DEA has failed to return the documents and the dialogue between the parties has failed to resolve the dispute. (*Id.*)

## II.   ARGUMENT

The Court should compel DEA to promptly return, sequester, or destroy any and all Privileged Material in its possession, and to promptly take all reasonable steps to retrieve any information contained in the Privileged Material that it disclosed or relied upon prior to receiving Walgreens' notification of privilege.  The Court has authority to compel DEA because federal courts are the appropriate forum for and the fundamental check on administrative subpoenas. The Court has jurisdiction over this miscellaneous action and venue is proper.  DEA should be compelled to return, sequester, halt reliance upon and/or destroy the Privileged Material because

CAH_MDL2804_01431114

it is subject to the attorney-client privilege and DEA is obligated to do so under Fed. R. Civ. P. 26(b)(5)(B).

### A.  This Court Has Authority to Compel DEA to Return Privileged Material Inadvertently Produced in Response to an Administrative Subpoena

District Courts have authority to protect recipients of administrative subpoenas from undue burden, harassment, or unreasonable conduct. *See generally In re Subpoena Duces Tecum*, 228 F.3d 341, 348 (4th Cir. 2000) (distinguishing an administrative subpoena from an investigative warrant by noting that the subpoena "commences an adversary process during which the person served with the subpoena may challenge it in court") (relying on *See v. City of Seattle*, 387 U.S. 541, 544-45 (1967) (noting that an administrative subpoena "may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply") and *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 (1946) ("Persons from whom [an agency] seeks relevant information are not required to submit to [the agency's] demand, if in any respect it is unreasonable . . . . To it they may make 'appropriate defence' [*sic*] surrounded by every safeguard of judicial restraint")); *see also NLRB v. Interbake Foods, LLC*, No. RDB 09-2081, 2009 WL 3103819, at *2 (D. Md. Sept. 22, 2009) ("It is well established that federal courts are the appropriate forum for assessing privilege claims in response to federal agency subpoenas.") (citing *Upjohn Co. v. United States*, 449 U.S. 383 (1981)). Judicial supervision of administrative subpoenas by District Courts is a fundamental check on executive fact-finding powers. *In re Subpoena Duces Tecum*, 228 F.3d at 349 ("The value of constraining governmental power . . . is . . . recognized in the judicial supervision of subpoenas."). Indeed, the "persistent theme running through the [Supreme] Court's decisions . . . [is] that an administrative summons can be challenged 'on any appropriate ground.'" *S.E.C. v. Wheeling-*

3

CAH_MDL2804_01431115

*Pittsburgh Steel Corp.*, 648 F.2d 118, 124 (3d Cir. 1981) (en banc) (quoting *Reisman v. Caplin*, 375 U.S. 440 (1964)).

The Court has jurisdiction over this miscellaneous action.  28 U.S.C. § 1346(a)(2). Venue is also proper in this Division.  28 U.S.C. §§ 1391(b)(2), 1391(e)(1).  DEA took action against Walgreens from its administrative office in Springfield, Virginia. (Perry Decl. ¶ 3.)  The government attorneys representing DEA are members of the Virginia Bar and their offices are located in Virginia.  (*Id.* ¶ 4.)  In addition, Walgreens understands that copies of the Privileged Material are maintained in DEA's Springfield, Virginia offices.  (*Id.* ¶ 5.)  There is no action or proceeding related to the Administrative Subpoena currently pending in any court.  Accordingly, this Court may exercise authority over Walgreens' request for relief.

**B.     The Privileged Material is Subject to the Attorney-Client Privilege**

The Privileged Material that Walgreens inadvertently produced to DEA is protected by the attorney-client privilege.  The attorney-client privilege applies if:  "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir. 2011) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (quoting *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950))).

4

CAH_MDL2804_01431116

The two documents Walgreens characterizes as Privileged Material clearly meet this standard. The two documents were confidential email exchanges between in-house counsel and select Walgreens personnel relating to regulatory and compliance issues. (Weinstein Decl. ¶ 23.) The contents of the correspondence involved either the request for, or the provision of, legal advice regarding the Controlled Substances Act and DEA guidelines.[2] (*Id.*)

### C.     Inadvertent Production of the Privileged Material Does Not Constitute Waiver

The     inadvertent disclosure of Privileged Material to DEA in response to the Administrative Subpoena does not waive the attorney-client privilege.  Under Federal Rule of Evidence 502(b), disclosure made to a federal agency does not operate as waiver if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b).  Courts have held reasonable steps were taken to prevent disclosure where only a small proportion of the overall production constituted privileged documents that were inadvertently produced. *See, e.g., Heriot v. Byrne*, 257 F.R.D. 645, 658-59 (N.D. Ill. 2009) (finding no waiver where production totaled 7,000 pages and 5 percent of those were privileged documents that were inadvertently produced); *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 698 (N.D. Ga. 2009) (finding no waiver where only four pages out of a more than 2,000 page production were privileged documents inadvertently produced).  Courts have also considered the thoroughness of attorney review in finding no waiver under Rule 502(b). *See Edelen*, 265 F.R.D. at 698 (finding no waiver where three different attorneys checked documents prior to production).

---

[2] Upon request, Walgreens is prepared to submit the Privileged Material to the Court for an *in camera* inspection.

5

Walgreens took reasonable steps to prevent inadvertent disclosure of privileged materials. For example, two in-house attorneys at Walgreens reviewed collected materials for responsiveness, and a third outside attorney performed a second review for both responsiveness and privilege.  (Weinstein Decl. ¶ 6.)  Furthermore, only two documents out of a several thousand page production were privileged documents that were inadvertently produced.  (*Id.* ¶¶ 16, 23.)   When, despite these efforts, counsel realized that two privileged documents were inadvertently produced to DEA, he took reasonable steps to rectify the error with DEA.  (*Id.* ¶¶ 23-25, 30.)

**D.     DEA is Obligated to Return and Cease any Use of the Privileged Material**

Regardless of whether the Privileged Material is, in fact, protected by privilege, DEA must return documents subject to a claim of privilege.  As discussed in further detail below, it is Walgreens' *claim* of privilege that triggers DEA's obligations under the Federal Rules of Civil Procedure, *not* a determination by this Court that the materials are, in fact, protected by privilege. *See* Fed. R. Civ. P. 26(b)(5)(B) ("If information produced . . . is subject to a *claim* of privilege . . . , the party making the *claim* may notify any party that received the information of the *claim* and the basis for it." (emphasis added)).  Upon receiving Walgreens' request to return the Privileged Material, DEA was obligated to "promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B).[3]  In addition, DEA was

---

[3] Federal Rule of Civil Procedure 26 binds DEA as it does any other party, and the Rule applies in the context of an administrative subpoena.  Fed. R. Civ. P. 81(a)(5); *see also Upjohn Co. v. United* States, 449 U.S. 383, 398 (1981) (applying the common law work product doctrine as incorporated in Fed. R. Civ. P. 26(b) to an Internal Revenue Service summons); *F.T.C. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, --- F.R.D. ---, 2012 WL 4464490, at *3 (D.D.C. Sept. 27, 2012) ("When the subpoenaed party is not challenging enforcement of the [administrative] subpoena itself, but rather objecting to the disclosure of specific documents under a claim of privilege, the principles of the attorney-client privilege and the protection of work product privilege, derived from the common law and Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, apply.") (citing *U.S. v. Cal. Rural Legal Assistance, Inc.*, 824 F. Supp. 2d 31, 43-44 (D.D.C. 2011)); *New Orleans Pub. Serv., Inc. v. Brown*, 369 F. Supp. 702,

CAH_MDL2804_01431118

prohibited from using or disclosing the privileged information and is further obligated to "take reasonable steps to retrieve the information" if it had disclosed it prior to receiving Walgreens' notification of privilege. *Id.*; Fed. R. Evid. 1101(c) (explaining that privileged information is protected from disclosure at all stages of all actions, cases, and proceedings).

*     *     *     *

DEA's refusal to return the Privileged Material is in direct violation of its obligation under the Federal Rules of Civil Procedure. Accordingly, Walgreens respectfully requests the Court to compel DEA to promptly return the Privileged Material and take all reasonable steps to retrieve information based on the Privileged Material it disclosed prior to receiving notification.

Dated:  October 3, 2012

Respectfully submitted,

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
LATHAM & WATKINS
555 Eleventh Street, NW
Suite 1000
Washington, D.C.  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

---

704 (E.D. La. 1974) (applying Fed. R. Civ. P. 81 in proceedings following plaintiff's motion to quash an administrative subpoena), *rev'd on other grounds by* 507 F.2d 160, 165 (5th Cir. 1975) ("No different standards should be applied to the handling of this [administrative] subpoena than is ordinarily the rule under Rule 45(b) Federal Rules of Civil Procedure . . . .").

7

CAH_MDL2804_01431119

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Walgreen Co.'s Motion to Compel Return of Privileged Material and the accompanying Memorandum of Points and Authorities in Support was served this 3rd day of October, 2012, on the following in the manner indicated:

### By Hand

Scott Lawson
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Scott.Lawson@usdoj.gov

Jonathan Novak
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Jonathan.P.Novak@usdoj.gov

### By Federal Express

David S. Weinstein
Clarke Silverglate P.A.
799 Brickell Plaza
Suite 900
Miami, FL 33131
Dweinstein@cspalaw.com

Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorney for Movant Walgreen Co.

CAH_MDL2804_01431120

FILED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2012 OCT -3  P 12: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Miscellaneous Action No: *1-12 mc43*

IN RE: ADMINISTRATIVE SUBPOENA

### NOTICE OF HEARING

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, Walgreen Co., by counsel, will present oral argument in support of its Motion to Compel Return of Privileged Material.

Dated: October 3, 2012

Respectfully submitted,

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
LATHAM & WATKINS
555 Eleventh Street, NW
Suite 1000
Washington, D.C.  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Walgreen Co.'s Notice of

Hearing was served this 3rd day of October, 2012, on the following in the manner indicated:

### By Hand

Scott Lawson
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Scott.Lawson@usdoj.gov

Jonathan Novak
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Jonathan.P.Novak@usdoj.gov

### By Federal Express

David S. Weinstein
Clarke Silverglate P.A.
799 Brickell Plaza
Suite 900
Miami, FL 33131
Dweinstein@cspalaw.com

Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorney for Movant Walgreen Co.

FILED

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

2012 OCT -3 P 12: 19

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | |
|---|---|
| **IN RE: ADMINISTRATIVE SUBPOENA** | Miscellaneous Action No: *1: 12 m C 43* |

### WALGREEN CO.'S FINANCIAL INTEREST DISCLOSURE STATEMENT

Pursuant to Local Civil Rule 7.1 of the Eastern District of Virginia, and to enable judges and magistrate judges to evaluate possible disqualifications for recusal, the undersigned counsel for Movant Walgreen Co. ("Walgreens") certifies that there is nothing to report under Local Civil Rule 7.1(A)(1)(a) and (b).

Dated: October 3, 2012

Respectfully submitted,

Abid R. Qureshi (VSB No. 41814)
Susan A. Ebersole (DC No. 1000456)
LATHAM & WATKINS
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorneys for Movant Walgreen Co.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Walgreen Co.'s Financial Interest Disclosure Statement was served this 3rd day of October, 2012, on the following in the manner indicated:

<u>By Hand</u>

Scott Lawson
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Scott.Lawson@usdoj.gov

Jonathan Novak
Diversion and Regulatory Litigation Section
Office of the Chief Counsel
Drug Enforcement Administration
8901 Morrissette Drive
Springfield, VA 22151
Jonathan.P.Novak@usdoj.gov

<u>By Federal Express</u>

David S. Weinstein
Clarke Silverglate P.A.
799 Brickell Plaza
Suite 900
Miami, FL 33131
Dweinstein@cspalaw.com

Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004
(202) 637-2240 (T)
(202) 637-2201 (F)
abid.qureshi@lw.com

Attorney for Movant Walgreen Co.

CAH_MDL2804_01431124