# PSJ4 SOL Opp Exh 23

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.,* Case No. 17-OP-45004 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## CUYAHOGA COUNTY'S
## AMENDED SUPPLEMENTAL RESPONSE AND OBJECTIONS TO
## PHARMACY DEFENDANTS' INTERROGATORY No. 6

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232), Cuyahoga County ("Plaintiff") hereby provide its supplemental response and objections to Pharmacy Defendants' Interrogatory No. 6, as follows:

## OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the other objections applicable to information falling within the scope of such Interrogatory.

1. Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Rules of Civil Procedure, the ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2. Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Further, any response made by Plaintiff to the Interrogatories is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information produced or identified.

3. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

4. No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5. Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6. Plaintiff objects to each Interrogatory to the extent they purport to require Plaintiff to produce documents that are in the public domain or otherwise available to Distributors as easily from other sources as from Plaintiff.

7. Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

8. Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9. Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10. Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11. Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its general and specific objections and without waiver of any objection.

12. Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13. Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14. Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

15. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

16. Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatories. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

17. Plaintiff objects to the Distributors' instruction that: "Each Plaintiff must individually respond to each of these Interrogatories." No federal rule prevents Plaintiff from submitting collective answers to Distributors' collective Interrogatories. Where the responses and objections to these Interrogatories are the same for each Plaintiff, a collective response herein will in no way prejudice Defendants. In each instance where the answers are not the same for each Plaintiff, any differences have been set forth herein with particularity.

## **NON-WAIVER**

1. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2. If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3. Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

4. Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses. Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Interrogatory No. 6:**

Identify each person employed by or associated with You, or whom You compensated, who possessed an account with OARRS, or otherwise had access to information on OARRS, during the Relevant Time Period. This includes but is not limited to all OARRS Supervisors and OARRS Officers for each of Your agencies that had access to OARRS. For each such person, state when access was first obtained and, if applicable, discontinued.

**Response to Interrogatory No. 6:**

Plaintiff objects to this Interrogatory as to the vast over breadth of "each person employed by or associated with You," or "whom You compensated," "who possessed an account with OARRS," "who otherwise had access to information on OARRS," when obtained and when/if discontinued. Plaintiff further objects in that the requested information is in the possession of a third party.

Subject to and without waiving all objections, Plaintiff answers as follows: The Automated Rx Reporting System (OARRS) is governed by section 4729.80 of the Ohio Revised Code. This statute provides specific and strict criteria for when someone may access OARRS information; access to OARRS for a particular and specific reason does not give the individual unfettered use of the database. For example, (1) a law enforcement officer may request an Rx history report on an individual only if there is an active investigation of the individual and the investigation involves a drug abuse offense as defined in O.R.C. Section 2925.01; (2) a medical examiner may be authorized

5

to obtain information in conducting a death investigation on a particular individual, but he or she is not permitted to run a report on any anyone who may be associated with the investigation (such as a family member, friend, etc.); (3) a physician/prescriber may be authorized to request an OARRS report on a current patient who has made an appointment for an initial visit and has been referred to the practice; and (4) a probation or parole officer may be authorized to request an OARRS report on an individual only if the officer is currently investigating (pre-sentence) or the officer is monitoring the individual in relation to a drug abuse offense. Accordingly, the fact that a physician, examiner, or law enforcement officer has an account and access to OARRS cannot be construed to insinuate that the individual has unfettered access to the OARRS database or is free to use the information outside its statutorily defined purpose because Ohio law strictly prohibits the use of the OARRS database outside the statute's criteria. The use and dissemination of an OARRS report is strictly protected because it contains confidential protected health information and violations of OARRS policies and guidelines may carry criminal and/or civil penalties. The information provided to OARRS and access to OARRS has evolved over the years.

Subject to and without waiving the foregoing objections, below is the list of individuals who possessed an account with OARRS or otherwise had access to information on OARRS during the Relevant Time Period:

| First Name | Last Name | Date Conditional Access First Obtained |
|---|---|---|
| Renee | Allison | February 15, 2019 |
| Jessica | Amos | October 7, 2009 |
| | | Discontinued on August 8, 2013 |
| Mikki | Anderson | February 2, 2018 |
| Erica | Barnhill | March 14, 2018 |
| Manreet | Bhullar | June 22, 2018 |
| Gary | Bolinger | October 7, 2009 |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| First Name | Last Name | Date Conditional Access First Obtained |
|---|---|---|
| Miguel | Caraballo | September 19, 2012 |
| | | Discontinued on April 9, 2013 |
| Camille | Croft | November 19, 2018 |
| Robert | DeSimone | November 28, 2006 |
| Marcus | Effner | March 17, 2017 |
| Brian | Ely | November 3, 2009 |
| | | Discontinued on January 31, 2013 |
| William | Evans | July 24, 2015 |
| Omer | Farhat | August 29, 2018 |
| Rachel | Fettinger | September 25, 2017 |
| Alexandra | Gatz | June 16, 2015 |
| Stephanie | Gilliasd | July 17, 2017 |
| Thomas | Gilson | May 24, 2013 |
| John | Gioitta | March 9, 2018 |
| Celeste | Hodous | June 6, 2013 |
| Michael | Jackson | April 18, 2017 |
| | | Discontinued on March 11, 2013 |
| Lydia | Johnston | April 25, 2019 |
| Claire | Kaspar | June 5, 2013 |
| Bill | Kavourias | February 8, 2018 |
| | | Discontinued on August 8, 2018 |
| Molly | Krueger | July 27, 2015 |
| Amanda | LaBanc | September 16, 2014 |
| David | Lisy | April 18, 2017 |
| Darlene | Louth | July 15, 2011 |
| | | Discontinued on September 13, 2016 |
| Carrianne | Mahoney | May 2, 2017 |
| Marisa | Mastrangelo | March 20, 2017 |
| Wendy | McWilliam | February 25, 2019 |
| Jennifer | Moody-Davis | August 5, 2013 |
| | | Discontinued on March 16, 2017 |
| Elizabeth | Mooney | March 22, 2017 |
| Katherine | Noahr | May 5, 2016 |
| Colin | O'Connor | August 8, 2018 |
| Cheryl | Parker | August 15, 2017 |
| | | Discontinued on February 15, 2018 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| First Name | Last Name | Date Conditional Access First Obtained |
|---|---|---|
| Julie | Piotrowski | April 20, 2017 |
| Anna | Rokhlina | November 5, 2012 |
| Lyndsy | Roser | October 7, 2009 |
| Louis | Scibelli | January 29, 2013 |
| Hugh | Shannon | August 25, 2014 |
| Kelli | Summers | March 7, 2017 |
| Kerrie | Tiller | September 9, 2016 |

Plaintiff reserves the right to supplement, modify or amend this response.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Dated: July 26, 2019

Respectfully submitted,
Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com
Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Salvatore C. Badala, certify that on this 26th day of July 2019, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*s/ Salvatore C. Badala*