# PSJ4 SOL Opp Exh 25

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL No. 2804** |
| | **Case No. 17-md-2804** |
| This document relates to: | **Judge Dan Aaron Polster** |
| Case No. 17-OP-45004 (N.D. Ohio) | |
| THE COUNTY OF CUYAHOGA, OHIO, and STATE OF OHIO EX REL., PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY, | **PLAINTIFFS THE COUNTY OF CUYAHOGA, OHIO AND THE STATE OF OHIO *EX REL.* PROSECUTING ATTORNEY OF CUYAHOGA COUNTY, MICHAEL C. O'MALLEY'S FIRST AMENDED RESPONSES AND OBJECTIONS TO DISTRIBUTOR DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| Plaintiffs, | |
| vs. | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., THE PURDUE FREDERICK COMPANY, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., NORAMCO, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., ALLERGAN PLC f/k/a ACTAVIS PLC, ALLERGAN FINANCE LLC, f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC., INSYS THERAPEUTICS, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CARDINAL HEALTH, INC., McKESSON | |

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CORPORATION, AMERISOURCEBERGEN
CORPORATION, HEALTH MART
SYSTEMS, INC., H. D. SMITH, LLC d/b/a
HD SMITH, f/k/a H.D. SMITH
WHOLESALE DRUG CO., H. D. SMITH
HOLDINGS, LLC, H. D. SMITH HOLDING
COMPANY, CVS HEALTH
CORPORATION, WALGREENS BOOTS
ALLIANCE, INC. a/k/a WALGREEN CO.,
and WAL-MART INC. f/k/a WAL-MART
STORES, INC.,

                      Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case
Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 232),
The County of Cuyahoga, Ohio and the State of Ohio *Ex Rel.* Prosecuting Attorney of Cuyahoga
County, Michael C. O'Malley, ("Plaintiff") hereby responds to Distributor Defendants[1] First Set of
Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## **OBJECTIONS**

The following objections apply to each Interrogatory.  To the extent that certain specific
objections are cited in response to an individual Interrogatory, those specific objections are provided
because they are applicable to that specific Interrogatory and are not a waiver of the objections
applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent they are overly broad, vague,
unduly burdensome, seek information that is not relevant to any party's claim or defense, or seeks to
impose obligations or require actions beyond those required by the Rules of Civil Procedure, the

---

[1] The Distributor Defendants are Amerisource Drug Corporation, Cardinal Health, and McKesson
Corporation (collectively, "Distributors").

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ESI Protocol entered in this matter or the Local Rules of the United States District Court of the Northern District of Ohio.

2.  Plaintiff objects to each Interrogatory to the extent they seek information restricted from dissemination pursuant to court order, statute or regulation, without the entry of an appropriate Protective Order. Further, Plaintiff's responses to the Interrogatories are not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency or relevance of the information identified.

3.  These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained provided herein. All such objections and the grounds therefore are hereby reserved.

4.  No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

5.  Plaintiff objects to each Request to the extent Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

6.  Plaintiff objects to each Interrogatories to the extent they purport to require Plaintiff to provide information that is in the public domain or otherwise available to Distributors as easily from other sources as from Plaintiff.

7.  Plaintiff objects to each Interrogatory to the extent they purport to state facts, assumptions, or characterizations that are disputed.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

8. Plaintiff objects to each Interrogatory to the extent they seek information more appropriately obtained through other methods of discovery.

9. Plaintiff objects to each Interrogatory to the extent that they seek information that is proprietary or confidential or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

10. Plaintiff objects to each Interrogatory to the extent they seek confidential investigative, personal, or health information in Plaintiff's possession, custody, or control (collectively, "Confidential Information").

11. Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by its objections and without waiver of any objection.

12. Any response stating that Plaintiff will provide information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

13. Plaintiff objects to each Interrogatory to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

14. Plaintiff objects to each Interrogatory to the extent they seek information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff.

15. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

16.     Plaintiff intends to complete its responses by the time agreed upon by the parties for the completion of discovery, or by the date ordered by the Court. Upon request by the requesting party, Plaintiff is willing to meet and confer regarding its responses to the Interrogatory. All final decisions regarding whether any information will be withheld pursuant to any objection shall be made, and notice thereof provided, before the completion of written discovery.

## NON-WAIVER

1.     Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.     If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of the objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.     Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.     Plaintiff responds herein based upon information it has been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

State the years during which you claim each Distributor Defendant engaged in conduct for which You seek damages.

**Response to Interrogatory No. 1:**

Plaintiff objects that this Interrogatory contains a reference to an ambiguous phrase, "conduct." Subject to and without waiving all objections, Plaintiff incorporates the allegations in its second amended complaint.  In addition, Plaintiff's investigation of its damages caused by the Defendants is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.  Subject to and without waiving any objections, Plaintiff responds that every year a given Distributor Defendant distributed opioids is relevant.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 2:**

Identify each pharmacy within Your geographical boundaries that placed Suspicious Orders for Prescription Opioids for each year of the Timeframe.

**Response to Interrogatory No. 2:**

Plaintiff objects that this Interrogatory is vague as to "Suspicious Orders."  Plaintiff further objects to this request in that it calls for information in the Distributors' possession or control, or just as available to Distributors from its own business dealings or third-party sources as may be available to Plaintiff, and thus places an undue burden on Plaintiff to gather.

Subject to and without waiving all objections, Plaintiff responds as follows:

As outlined in the Second Amended Complaint, a "suspicious order" is defined by federal law as orders of an unusual size, orders deviating substantially from a normal pattern and orders of unusual frequency. Plaintiff recently received the ARCOS data from the Department of Justice, to which the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Distributor Defendants objected, which reveals the orders placed by pharmacies with the Distributor Defendants dating back to 2006. Hence, once Plaintiff's analysis of the ARCOS data is complete, this response will be limited to this timeframe until Plaintiff is able to conduct discovery. Moreover, the Distributor Defendants owe a duty under federal law to report suspicious orders to the DEA. So far, the Distributor Defendants have refused to disclose this information.

Finally, Plaintiff is aware each Distributor Defendant uses its own set of metrics to define a suspicious order. These metrics have been requested in discovery. As soon as practicable, Plaintiff intends to define a suspicious order using the Distributor Defendants' own metrics as well as national, regional and local metrics from the data available.

As Plaintiff continues its investigation and analyzes the ARCOS data, this response will be supplemented as appropriate, and may include expert opinions in accordance with CMO No. 1 and the Federal Rules of Civil Procedure.

Further, Plaintiff identifies the highest dispensing opioid pharmacies in Cuyahoga County, which include but are not limited to:

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Ohio CVS Stores, L.L.C. | 2007 Brookpark Road | Cleveland |
| Rite Aid Of Ohio, Inc. | 3402 Clark Avenue | Cleveland |
| Walgreen Co. | 5400 Pearl Road | Parma |
| Walgreen Co. | 16803 Lorain Ave | Cleveland |
| Walgreen Co. | 3415 Clark Avenue | Cleveland |
| Walgreen Co. | 11701 Detroit Ave | Lakewood |
| Ohio CVS Stores, L.L.C. | 11223 Granger Rd. | Garfield |
| Ohio CVS Stores, L.L.C. | 212 West Bagley Road | Berea |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Walgreen Co. | 4265 State Rd. | Cleveland |
| Walgreen Co. | 22401 Lake Shore Blvd | Euclid |
| Ohio CVS Stores, L.L.C. | 3171 West Blvd. | Cleveland |
| Ohio CVS Stores, L.L.C. | 23351 Lorain Road | North Olmstead |
| Walgreen Co. | 6300 Pearl Rd. | Parma Heights |
| Ohio CVS Stores, L.L.C. | 13777 Pearl Rd. | Strongsville |
| Discount Drug Mart | 6476 York Road | Parma Heights |
| Ohio CVS Stores, L.L.C. | 10022 Madison Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 8000 Euclid Ave. | Cleveland |
| Ohio CVS Stores, L.L.C. | 22001 Lakeshore Blvd | Euclid |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Pharmacy | Pharmacy Address | City |
| --- | --- | --- |
| Rite Aid Of Ohio, Inc. | 5795 State Road | Parma |
| Walgreen Co. | 6410 Broadway Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 11706 Clifton Boulevard | Lakewood |
| Walgreen Co. | 12777 Rockside Road | Garfield Heights |
| Walgreen Co. | 7260 Pearl Road | Middleburg Heights |
| Rite Aid Of Ohio, Inc. | 7109 Harvard Avenue | Cleveland |
| Ohio CVS Stores, L.L.C. | 6301 Harvard Avenue | Cleveland |
| Walgreen Co. | 15609 Lake Shore Blv | Cleveland |
| Discount Drug Mart #31 | Kevin M Ryan, Rph | Euclid |
| Ohio CVS Stores, L.L.C. | 14372 Snow Rd | Brook Park |
| Walgreen Co. | 20485 Euclid Ave | Euclid |
| Walgreen Co. | 520 Broadway Ave | Bedford |
| Walgreen Co. | 127 E Pleasant Valley Rd | Seven Hills |
| Ohio CVS Stores, L.L.C. | 4240 Pearl Rd | Cleveland |
| Discount Drug Mart Inc. #5 | 15412 Detroit Ave | Lakewood |
| Rite Aid Of Ohio, Inc. | 6512 Franklin Boulevard | Cleveland |
| Rite Aid Of Ohio, Inc. | 15149 Snow Road | Brook Park |
| Walgreen Co. | 14525 Euclid | East Cleveland |
| Discount Drug Mart #28 | 8191 Columbia Road | Parma Heights |
| Discount Drug Mart #41 | 13123 Detroit Avenue | Lakewood |
| Discount Drug Mart Inc. #15 | 17815 Puritas Avenue | Cleveland |
| Discount Drug Mart Inc. #17 | 4170 Fulton Road | Cleveland |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Pharmacy | Pharmacy Address | City |
|---|---|---|
| Discount Drug Mart Inc. #8 | 24485 Lorain Rd | North Olmsted |
| Discount Drug Mart Inc. #10 | 27300 Detroit Rd | Westlake |
| Discount Drug Mart #18 | 6160 Brecksville Road | Independence |
| Discount Drug Mart | 6148 Dunham Road | Maple Heights |
| Discount Drug Mart | 5500 Wallings Road | North Royalton |
| Discount Drug Mart Inc. #21 | Store #21 | 3889 East 71st Street |
| Discount Drug Mart, Inc. | 13919 Prospect Rd | Strongsville |
| Discount Drug Mart #82 | 765 Alpha Dr | Highland Heights |

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 3:**

Identify each pharmacy within Your geographical boundaries that diverted or wrongfully dispensed Prescription Opioids for each year of the Timeframe.

**Response to Interrogatory No. 3:**

Subject to and without waiving all objections, Plaintiff further responds: *See* Response to

Interrogatory No. 2.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 4:**

Identify Your past or present employees or representatives, for each year of the Timeframe, with knowledge regarding the wrongful abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of (a) Prescription Opioids or (b) other opioids.

**Response to Interrogatory No. 4:**

Plaintiff objects that this Interrogatory is vague, overly broad and unduly burdensome to the

extent it requests Plaintiff to identify each past or present employees or representatives. Further

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

objecting, the Interrogatory contains a reference to several ambiguous phrases, namely, "wrongful abuse," "misuse," "diversion," and "other opioids."

Subject to and without waiving all objections, Plaintiff responds as follows: Plaintiff identifies, the following individuals, which includes but is not limited to:

| Name | Department |
|---|---|
| Thomas P. Gilson, M.D. | County Medical Examiner |
| Clifford Pinkey | County Sheriff |
| Ken Mills | County Sheriff's Department Director of Regional Corrections |
| James Gutierrez | County Prosecutor's Office |
| Hon. John J. Russo | County Administrative Judge; Common Pleas Court |
| Scott S. Osiecki | ADAMHS Board Executive Director |
| Walter Parfejewiec | Director Health and Human Services |
| David Merriman | Assistant Director Health and Human Services |
| Hugh Shannon | Administrator of the Medical Examiner's Office |
| Terry Allan, MPH | County Board of Health Commissioner |
| Vince Caraffi | Chair of County Opiate Task Force |

Further, Plaintiff has produced organizational charts and a custodian list that identifies such employees or representatives. In addition, the table provided below identifies document custodians, employees, or representatives who are likely to have the subject knowledge.

| Department | Custodian | Title |
|---|---|---|
| Health and Human Services | Dave Merriman | Assistant Director |
| Health and Human Services | Walter Parfejewiec | Director |
| Economic Opportunity and Growth | Matt Carroll | Chief Economic Opportunity and Growth Officer |
| Office of Early Childhood | Rebekah Dorman | Director |
| Health and Human Services – Family Services | Cynthia Weiskittel | Director |
| Office of Homeless Services | Ruth Gillette | Director |
| Office of Child Support | Deborah Watkins | Director |
| Benefits and Compensation | Holly Woods | Director |
| Justice – Medical Examiner | Hugh Shannon | Administrator |
| Justice – Public Safety and Justice Services | Brandy Carney | Director |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Department | Custodian | Title |
|---|---|---|
| Justice – Public Safety and Justice Services | Melinda (Lindy) Burt | Deputy Director |
| Operations – Fiscal Office | Maggie Keenan | Director |
| Operations – Fiscal Office | Wendy Feinn | Budget Analyst |
| Operations – Treasurer | Patricia Cooney | Deputy Treasurer |
| Operations – OBM | Maggie Kennan | Director |
| Drug Court | Molly Lechler | Drug Court Coordinator |
| Corrections Planning Board | Martin Murphy | Assistant Director |
| Corrections | Brian Ely | Substance Abuse Case Manager |
| Drug Lab | Shannon Gray | Lab Manager |
| County Medical Examiner | Thomas Gilson, M.D. | Medical Examiner |
| County Opiate Task Force | Vince Caraffi | Supervisor |
| Corrections | Ken Mills | Director |

Plaintiff reserves the right to supplement and amend this response upon further investigation. In addition, discovery is ongoing and will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with CMO 1 and the Federal Rules of Civil Procedure.

**RFP No. 5:**

Identify all persons in Your government entity for each year of the Timeframe, who held the position of mayor, city councilmember, county commissioner, county supervisor, county executive, chief health officer, county auditor, county recorder, county sheriff, county coroner or medical examiner, county treasurer, chief accountant, chief financial officer, police chief, correctional facility supervisor, warden, deputy warden, fire chief, or the equivalent of such titles. Include as part of your response each person's name, position, and period of time during which he or she held the position.

**Response to Interrogatory No. 5:**

Plaintiff objects that this Interrogatory is vague, overly broad and unduly burdensome to the extent it requests Plaintiff to identify all persons who held the position of  mayor, city council member, county commissioner, county supervisor, county executive, chief health officer, county auditor, county recorder, county sheriff, county coroner or medical examiner, county treasurer, chief accountant, chief financial officer, police chief, correctional facility supervisor, warden, deputy warden, fire chief, or the equivalent of such titles. Plaintiff further objects to this Interrogatory to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the extent that the requested information is available to the public and to the Distributors through internet sources, and thus responding to the Interrogatory imposes an undue burden on Plaintiff.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff has produced organizational charts for each Plaintiff jurisdiction that respond to this Interrogatory and refer Distributors to publicly available information on each plaintiff's website as referenced in response to Interrogatory No. 9.

Further, Plaintiff identifies the following:

| Name | Position | Period of Time Position Held |
|------|----------|------------------------------|
| Armond D. Budish | County Executive | 2015 - Present |
| Ed FitzGerald | County Executive | 2011 - 2015 |
| Laura Roche | Executive Assistant to County Exec. | 1998 - Present |
| Earl Leiken | Chief of Staff to County Exec. | 2018 - Present |
| Sharon Sobol Jordan | Chief of Staff to County Exec. | 2014 - 2018 |
| Sharon Cole | Deputy Chief of Staff to County Exec. | 2010 - 2014 |
| Nailah Byrd | Clerk of Courts | 2015 – Present |
| Nailah Byrd | Inspector General | 2011 - 2014 |
| Andrea Rocco | Clerk of Courts | 2013 - 2015 |
| Gerald Fuerst | Clerk of Courts | 1976 - 2012 |
| Nora Hurley | Deputy Chief Director of Law | 2011 - Present |
| Robert Triozzi | Law Director | 2015 - Present |
| Majeed Maklhouf | Law Director | 2011 - 2015 |
| Ben Chojnacki | Assistant Law Director | 2016 - Present |
| Michael O'Malley | County Prosecutor | 2017 - Present |
| Timothy McGinty | County Prosecutor | 2012 - 2016 |
| Bill Mason | County Prosecutor | 1999 - 2012 |
| Nan Baker | City Council Member; District 1 | 2017 - Present |
| David Greenspan | City Council Member; District 1 | 2011 - 2017 |
| Dale Miller | City Council Member; District 2 | 2011 - Present |
| Dan Brady | President; City Council Member; District 3 | 2011 - Present |
| Scott Tuma | City Council Member; District 4 | 2017 - Present |
| Chuck Germana | City Council Member; District 4 | 2011 - 2017 |
| Michael J. Gallagher | City Council Member; District 5 | 2011 - Present |
| Jack Schron | City Council Member; District 6 | 2011 - Present |
| Yvonne M. Conwell | City Council Member; District 7 | 2011 - Present |
| Pernel Jones Jr | VP; City Council Member; District 8 | 2011 - Present |
| Shontel Brown | City Council Member; District 9 | 2015 - Present |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Position | Period of Time Position Held |
|---|---|---|
| Ellen Connolly | City Council Member; District 9 | 2011 - 2014 |
| Michael J. Houser | City Council Member; District 10 | 2018 – Present |
| Michael J. Houser | Special Assistant to the Chief of Staff | 2015 - 2017 |
| Anthony Hairston | City Council Member; District 10 | 2014 - 2017 |
| Julian Rogers | City Council Member; District 10 | 2011 - 2013 |
| Sunny M. Simon | City Council Member; District 11 | 2011 - Present |
| Matt Carroll | Interim Director of Health and Human Services | 2018 - Present |
| Matt Carroll | Chief Economic Growth and Opportunity Officer | 2016 – Present |
| Matt Carroll | Chief of Staff to County Executive | 2011 - 2014 |
| Thomas Pristow | Director of Health and Human Services | 2016 - 2017 |
| Rick Werner | Interim Director of Health and Human Services | 2015 - 2016 |
| Pat Rideout | Director of Health and Human Services | 2011 - 2015 |
| Cory A. Swaisgood | Director of Internal Auditing | 2016 – Present |
| Cory A. Swaisgood | Internal Audit Manager | 2014-2016 |
| Cory A. Swaisgood | Staff Auditor | 2013- 2014 |
| Valerie J. Harry | Director of Internal Auditing | 2012 - 2015 |
| Rose Karam | Internal Audit Manager | 2017 - Present |
| Brian O'Malley | County Recorder | Present |
| Clifford Pinkney | County Sheriff | 2015 – Present |
| Clifford Pinkney | Chief Deputy Cuyahoga County Sheriff's Office | 2013 – 2015 |
| Clifford Pinkney | Lieutenant Cuyahoga County Sheriff's Office | 1991 - 2013 |
| Frank Bova | Interim County Sheriff | 2013 – 2015 |
| Bob Reid | County Sheriff | 2009 - 2013 |
| Gerald McFaul | County Sheriff | 1977 - 2009 |
| Dr. Thomas Gilson | Medical Examiner | 2011 - Present |
| Mark Griffin | Inspector General | 2015 - Present |
| Chris Murray | County Treasurer | 2015 – Present |
| Chris Murray | Director of Budget and Management of Cuyahoga County | 2014 - 2015 |
| William Sheehan | Interim County Treasurer | 2014-2015 |
| William Sheehan | Senior Financial Reporting Administrator of Cuyahoga county Office of Budget and Management | 2008 - 2014 |
| Richard Sensenbrenner | County Treasurer | 2011 - 2012 |
| Eliza Wing | Chief Communications Officer | 2015 - Present |
| Mary Louise Madigan | Interim Communications Director | 2015 |
| Mary Louise Madigan | Director of Communications | 2015 - Present |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Name | Position | Period of Time Position Held |
|------|----------|------------------------------|
| Dennis G. Kennedy | County Fiscal Officer | 2015 - Present |
| Mark Perks | County Fiscal Officer | 2013 – 2015 |
| Mark Perks | County Treasurer | 2012 – 2013 |
| Mark Perks | Chief Fiscal Officer, Director of Special Projects | 2011 - 2012 |
| Wade Steen | County Fiscal Officer | 2011- 2013 |
| Michael Dever | Director of Public Works | 2015 – Present |
| Michael Dever | Maintenance Administrator | 2011 - 2015 |
| Bonnie Teeuwen | Director of Public Works | 2011 - 2015 |
| Kenneth V. Mills | Director of Regional Corrections and Justice Services | 2014 - Present |
| Eric J. Ivey | Associate Warden | 2017 - Present |
| Bob Perko | Fire Chief of Cuyahoga County Fire Chief's Association | 2018 - Present |
| Doug Zook | Interim  Fire Chief of Cuyahoga County Fire Chief's Association | 2014 - 2017 |

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 6:**

Identify all Your residents, for each year of the Timeframe, who experienced drug overdose(s), separately identifying those drug overdoses caused by (a) Prescription Opioids (b) other opioids, or (c) other drugs. Include as part of your response whether each drug overdose was fatal.

**Response to Interrogatory No. 6:**

Plaintiff objects to this Interrogatory to the extent that it calls for disclosure of Privileged and

Confidential Information. Also, the Interrogatory is overly broad and unduly burdensome and seeks

information beyond Plaintiff's possession, custody, and control.

Plaintiff objects to the extent this Interrogatory calls for Confidential Information not in the

Plaintiff's possession and/or protected by privacy laws, including but not limited to, the federal

Health Insurance Portability and Accountability Act ("HIPAA"). These objections were set forth in

the June 11, 2018 letter from David Ackerman and this topic was addressed in Special Master

Cohen's June 11, 2018 Discovery Ruling No. 1. Therefore, Plaintiff declines to produce this

information pursuant to this Interrogatory. Plaintiff will supplement this response once the issue of

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

confidentiality is resolved and will produce documents related to non-confidential public health statistics as set forth in Plaintiff's written responses to document requests in this litigation.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff directs Distributors to the Cuyahoga County Medical Examiner's Office 2016 Final Drug Deaths Report which was previously produced in this litigation and identifies date related to drug overdoses which is responsive to this Interrogatory. For example, the Cuyahoga County Medical Examiner's Office 2016 Final Drug Deaths Report includes the following:



Source: Cuyahoga County Medical Examiner's Office revised 5-25-17

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 7:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Identify all Your residents who became addicted to a Prescription Opioid during the Timeframe.

**Response to Interrogatory No. 7:**

Subject to and without waiving all objections, Plaintiff further responds: *See* Response to Interrogatory No. 6.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 8:**

Identify all persons who wrongfully manufactured, sold, possessed, used, distributed, prescribed, or dispensed Prescription Opioids within Your geographical boundaries during the Timeframe.

**Response to Interrogatory No. 8:**

Plaintiff objects to this Interrogatory because some information responsive to this request is publicly available to Distributors, and thus it would impose an undue burden on Plaintiff to gather and disclose it to Distributors.

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff incorporates its responses to Interrogatory Nos. 2 and 3. Further, Plaintiff incorporates the allegations in its Second Amended Complaint. To the extent this Interrogatory requests identification of potential tortfeasors, Plaintiff refers to the Defendants to the Second Amended Complaint.

Also, Plaintiff refers Defendants to the indictments produced in this litigation: CUYAH_000020854 - CUYAH_000088895 and CUYAH_000097414, which identifies charges brought by the Cuyahoga County Prosecutor's Office.

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 9:**

Identify Your efforts during each year of the Timeframe to address public health and safety hazards that You attribute to the wrongful conduct of Distributor Defendants. Include as part of your response information concerning Your expenditure of taxpayer dollars to fund these efforts.

**Response to Interrogatory No. 9:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control. Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "safety hazards" and "wrongful conduct."

Subject to and without waiving all objections, Plaintiff answers as follows: Plaintiff's investigation of this matter is ongoing, but at this time identifies the following departments and programs, which include but are not limited to:

- Cuyahoga County Opiate Task Force;

- ADAMHS Board of Cuyahoga County;

- Cuyahoga County Opiate Collaborative/Project DAWN

- Cuyahoga County Heroin Initiative;

- Cuyahoga County Drug Court;

- Cuyahoga County Prosecutor's Office;

- Cuyahoga County Homeless Services;

- Cuyahoga County Foster Care Services;

- Cuyahoga County Emergency Medical Services;

- Cuyahoga County Sherriff's Offices;

- Cuyahoga County Health Department;

- Cuyahoga County Medical Examiner's Office;

- Cuyahoga County Health and Human Services/Children and Family Services; and

- Cuyahoga County Jail/Regional Corrections.

Also, Plaintiff has already produced budget information identifying such expenditure, such as:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000000001- CUYAH_000000064

CUYAH_000000065 - CUYAH_000000132

CUYAH_000000133 - CUYAH_000000199

CUYAH_000000200 - CUYAH_000000718

CUYAH_000000719 - CUYAH_000000747

CUYAH_000000748 - CUYAH_000000819

CUYAH_000000820 - CUYAH_000001135

CUYAH_000001136 - CUYAH_000001646

CUYAH_000001647 - CUYAH_000001730

CUYAH_000001731 - CUYAH_000001811

CUYAH_000001812 - CUYAH_000001874

CUYAH_000001875 - CUYAH_000001931

CUYAH_000001932 - CUYAH_000002439

CUYAH_000002440 - CUYAH_000002502

CUYAH_000002503 - CUYAH_000002563

CUYAH_000002564 - CUYAH_000003072

CUYAH_000003073 - CUYAH_000003099

CUYAH_000003100 - CUYAH_000003172

CUYAH_000003173 - CUYAH_000003436

CUYAH_000003437 - CUYAH_000003508

CUYAH_000003509 - CUYAH_000004006

CUYAH_000004007 - CUYAH_000004036

CUYAH_000004037 - CUYAH_000004294

CUYAH_000004295 - CUYAH_000004374

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CUYAH_000004375 - CUYAH_000004523

CUYAH_000004524 - CUYAH_000004552

CUYAH_000004553 - CUYAH_000004798

CUYAH_000004799 - CUYAH_000004968

CUYAH_000004969 - CUYAH_000005145

CUYAH_000005146 - CUYAH_000005327

CUYAH_000005328 - CUYAH_000005496

CUYAH_000005497 - CUYAH_000005739

CUYAH_000005740 - CUYAH_000006329

CUYAH_000006330 - CUYAH_000006573

CUYAH_000006574 - CUYAH_000006844

CUYAH_000006845 - CUYAH_000006986

CUYAH_000006987 - CUYAH_000007216

CUYAH_000007217 - CUYAH_000007427

CUYAH_000007428 - CUYAH_000007466

CUYAH_000007467 - CUYAH_000007687

CUYAH_000007688 - CUYAH_000007711

CUYAH_000007712 - CUYAH_000007929

CUYAH_000007930 - CUYAH_000008002

CUYAH_000008003 - CUYAH_000008640

CUYAH_000008641 - CUYAH_000008680

CUYAH_000008681 - CUYAH_000008907

CUYAH_000008908 - CUYAH_000009206

CUYAH_000009207 - CUYAH_000009269

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000009270 - CUYAH_000009290

CUYAH_000009291 - CUYAH_000009316

CUYAH_000009317 - CUYAH_000009326

CUYAH_000009327 - CUYAH_000009345

CUYAH_000009346 - CUYAH_000009367

CUYAH_000009368 - CUYAH_000009613

CUYAH_000009614 - CUYAH_000009831

CUYAH_000010261 - CUYAH_000010288

CUYAH_000012351 - CUYAH_000014730

CUYAH_000010320 - CUYAH_000010329

CUYAH_000010330 - CUYAH_000010367

CUYAH_000010368 - CUYAH_000010423

CUYAH_000010424 - CUYAH_000010826

CUYAH_000010827 - CUYAH_000010845

CUYAH_000010846 - CUYAH_000010896

CUYAH_000010897 - CUYAH_000010909

CUYAH_000010910 - CUYAH_000011080

CUYAH_000011081 - CUYAH_000011251

CUYAH_000011252 - CUYAH_000011262

CUYAH_000011263 - CUYAH_000011318

CUYAH_000011319 - CUYAH_000011347

CUYAH_000017939 - CUYAH_000018600

CUYAH_000011403 - CUYAH_000011443

CUYAH_000011444 - CUYAH_000011492

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000011493 - CUYAH_000011525

CUYAH_000011526 - CUYAH_000011570

CUYAH_000011596 - CUYAH_000011615

CUYAH_000011616 - CUYAH_000011623

CUYAH_000011642 - CUYAH_000011797

CUYAH_000011799 - CUYAH_000011884

CUYAH_000011885 - CUYAH_000011982

CUYAH_000011997 - CUYAH_000012044

CUYAH_000012351 - CUYAH_000012362

CUYAH_000012363 - CUYAH_000012370

CUYAH_000012371 - CUYAH_000012382

CUYAH_000012383 - CUYAH_000012396

CUYAH_000012397 - CUYAH_000012408

CUYAH_000012409 - CUYAH_000012420

CUYAH_000012421 - CUYAH_000012432

CUYAH_000012433 - CUYAH_000012444

CUYAH_000012445 - CUYAH_000012456

CUYAH_000012457 - CUYAH_000012480

CUYAH_000012481 - CUYAH_000012496

CUYAH_000012497 - CUYAH_000012512

CUYAH_000012513 - CUYAH_000012528

CUYAH_000012529 - CUYAH_000012544

CUYAH_000012545 - CUYAH_000012560

CUYAH_000012561 - CUYAH_000012576

CUYAH_000012577 - CUYAH_000012592

CUYAH_000012593 - CUYAH_000012594

CUYAH_000012595 - CUYAH_000012943

CUYAH_000013464 - CUYAH_000013479

CUYAH_000013806 - CUYAH_000013812

CUYAH_000013813 - CUYAH_000013817

CUYAH_000013818 - CUYAH_000013820

CUYAH_000018030 - CUYAH_000018037

CUYAH_000018038 - CUYAH_000018066

CUYAH_000018067 - CUYAH_000018072

CUYAH_000018073 - CUYAH_000018075

CUYAH_000018076 - CUYAH_000018078

CUYAH_000018079 - CUYAH_000018115

CUYAH_000018116 - CUYAH_000018118

CUYAH_000018119 - CUYAH_000018141

CUYAH_000018142 - CUYAH_000018154

CUYAH_000018155 - CUYAH_000018161

CUYAH_000018162 - CUYAH_000018174

CUYAH_000018175 - CUYAH_000018177

CUYAH_000018178 - CUYAH_000018178

CUYAH_000018179 - CUYAH_000018179

CUYAH_000018180 - CUYAH_000018199

CUYAH_000018200 - CUYAH_000018219

CUYAH_000018220 - CUYAH_000018232

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CUYAH_000018233 - CUYAH_000018248

CUYAH_000018249 - CUYAH_000018264

CUYAH_000018265 - CUYAH_000018277

CUYAH_000018278 - CUYAH_000018281

CUYAH_000018282 - CUYAH_000018294

CUYAH_000018295 - CUYAH_000018322

CUYAH_000018323 - CUYAH_000018327

CUYAH_000018328 - CUYAH_000018355

CUYAH_000018356 - CUYAH_000018360

CUYAH_000018361 - CUYAH_000018488

CUYAH_000018489 - CUYAH_000018509

CUYAH_000018510 - CUYAH_000018533

CUYAH_000018534 - CUYAH_000018549

CUYAH_000018550 - CUYAH_000018577

CUYAH_000018578 - CUYAH_000018582

CUYAH_000018613 - CUYAH_000018627

CUYAH_000018676 - CUYAH_000018726

CUYAH_000020380 - CUYAH_000020439

Plaintiff reserves the right to supplement and amend this response upon further investigation.

**Interrogatory No. 10:**

Identify each instance for each year of the Timeframe in which You notified a state or federal official or agency (including but not limited to the United Stated Drug Enforcement Agency, a United States Attorney or representative thereof, Ohio Department of Medicaid and its constituent providers, Ohio Department of Public Safety, Ohio Automated Rx Reporting System, State of Ohio Board of Pharmacy, and State Medical Board of Ohio), insurer, third party payer, or pharmacy benefit manager of suspected diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response to Interrogatory No. 10:**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control. Further objecting, the Interrogatory contains a reference to several undefined terms and phrases, namely, "excessive dispensing" and "improper prescribing."

Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will produce documents that identify such instances.

**RFP No. 11:**

Identify each investigation, arrest, or prosecution within Your geographical boundaries for each year of the Timeframe that involved (a) a Prescription Opioid or (b) other opioids. Include as part of your response any information or evidence that connects each investigation, arrest, or prosecution to a Prescription Opioid distributed by Distributor Defendants.

**Response to RFP No. 11:**

Plaintiff objects that this Interrogatory is overly broad and unduly burdensome and seeks information beyond Plaintiff's possession, custody, and control. Subject to and without waiving all objections, Subject to and without waiving all objections, Plaintiff further responds: *See* Response to Interrogatory No. 8

Dated:  June 20, 2018

Respectfully submitted,

Plevin & Gallucci

*/s Frank Gallucci*
Frank Gallucci (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
fgallucci@pglawyer.com
Phone: (216) 861-0804

Napoli Shkolnik PLLC

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik (admitted *pro hac vice*)
Salvatore C. Badala (admitted *pro hac vice*)
Joseph L. Ciaccio (admitted *pro hac vice*)
360 Lexington Avenue
New York, New York 10017
hunter@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com
Phone: (212) 397-1000

Scott Elliot Smith L.P.A.

*/s Scott Elliot Smith*
Scott Elliot Smith (0003749)
5003 Horizons Dr., Suite 200
Columbus, Ohio 43220
Phone: (614) 846-1700
ses@sestriallaw.com

Thrasher Dinsmore & Dolan L.P.A.

*/s Leo M. Spellacy, Jr.*
Leo M. Spellacy, Jr. (0067304)
1111 Superior Avenue
Suite 412
Cleveland, Ohio 44114
Phone: (216) 255-5450

## <u>CERTIFICATE OF SERVICE</u>

I, Salvatore C. Badala, certify that on this 20th day of June 2018, I caused the foregoing to be served via electronic mail on Defendant's Liaison Counsel pursuant to the Case Management Order. *See* Dkt. No. 232.

*<u>s/ Salvatore C. Badala</u>*