# PSJ17 Exh 51

I - 2, 3, 4
D - 1, 2, 5, 6, 7, 14

n_002235

Exhibit A

**TO:** David Brennan
**FROM:** Carl A. Savini
**DATE:** February 12, 2004
**SUBJECT:** Termination of Employment

---

This memo will confirm the agreement concerning your termination of employment with Cephalon, Inc., effective on February 12, 2004. The details of your severance package are as follows:

You will receive a lump sum severance payment equal to 100% of your current salary rate, less customary deductions, for the period commencing February 12, 2004 and ending on June 15, 2004. To assist you in your job search, we are providing you with outplacement assistance. A representative of Manchester will provide you with additional details of this program. You will not receive any payment until at least eight (8) days after you execute the attached Separation of Employment Agreement and General Release in order to allow for the seven (7) day revocation period of that agreement.

In addition to the above, this severance package is conditional upon the following:

1. You will execute the attached Separation of Employment Agreement and General Release Statement.

2. You will comply with your obligations as set forth in the Employee Confidentiality Agreement signed at the commencement of your employment, a copy of which is attached hereto and which is reaffirmed today, and otherwise preserve the confidential nature of all trade secrets and other proprietary information of the Company; immediately deliver to the Company all documents and other materials acquired during the course of your employment; and keep confidential any information or documents concerning or relating to the Company that you have acquired to date for your own or anyone else's benefit, without the prior written consent of the Company. You will also comply with the Company's memorandum regarding certain restrictions on purchases, sales, and other transactions in the securities of Cephalon, Inc. under the Federal Securities Laws (attached).

3. To the best of your ability and upon reasonable request, you will cooperate with Cephalon, and you will answer for Cephalon, any questions regarding matters in your area of expertise as long as you continue to receive payments from the Company. In addition, you will not say or do anything, which is in anyway detrimental to Cephalon.

Brennan_002236

4.  You will surrender immediately all company property including files, memos, and primary data to your supervisor. This includes copies of these data and materials. You are also advised that these data and materials are the intellectual property of Cephalon, Inc. and may not be used in any manner without written permission.

5.  During the severance period, if necessary you will answer Cephalon's questions concerning your previous duties, upon Cephalon's reasonable request. You will not receive any additional compensation for such services, other than the salary continuation described above.

You may continue the medical, dental, and employee assistance program (EAP) benefits currently provided by the Company. The Company will cover you until the earlier of (a) June 15, 2004 or (b) your commencement of full-time employment or other engagement as full-time independent contractor at which time you will be eligible for continuation of coverage through COBRA. Your participation in all other Company benefits, including the 401(k) and stock option program will cease February 12, 2004. You will receive information on the Life and LTD Insurances under separate cover.

If I can be of any assistance to you now, or during the Severance Period, please do not hesitate to contact me.

Carl A. Savini
Sr. Vice President, Human Resources


Agreed to and Accepted:

_____
David Brennan


_____
Date

Attachment