PSJ17 Exh 118

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | **MDL No. 2804** |
| | **Case No. 17-md-2804** |
| **This document relates to:** | **Judge Dan Aaron Polster** |
| *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al., Case No. 18-OP-45090 (N.D. Ohio)* | |
| *The County of Cuyahoga v. Purdue Pharma L.P., et al., Case No. 17-OP-45004 (N.D. Ohio); and* | |
| *City of Cleveland v. AmerisourceBergen Drug Corp., et al., Case No. 18-OP-45132 (N.D. Ohio).* | |

## RESPONSES AND OBJECTIONS OF DEFENDANTS CEPHALON, INC., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., ACTAVIS LLC, ACTAVIS PHARMA, INC., AND WATSON LABORATORIES, INC. TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Case Management Order One (Dkt. No. 232), Defendants Cephalon, Inc. and Teva Pharmaceuticals USA, Inc. ("Teva"),  Defendants Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., and Watson Laboratories, Inc. ("the Teva-Acquired Actavis Entities") (Teva and the Teva-Acquired Actavis Entities are referred to collectively as the "Domestic Teva Defendants"), and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (the Domestic Teva Defendants and Teva Ltd. are referred to collectively as the "Teva Defendants")[1] by and through their undersigned counsel,

---

[1] The Interrogatories served by Plaintiffs on the Teva-Acquired Actavis Entities improperly grouped them with entities not affiliated with the Teva Defendants.  These Responses are made on behalf of the Teva Defendants.

hereby provide the following Responses and Objections ("Responses") to Plaintiffs' Third Set of Interrogatories ("Interrogatories") and state as follows:

## PRELIMINARY STATEMENT

1.     The Responses are made solely for the purposes of the three cases designated in "Track One" of Case Management Order One ("CMO 1") and are not to be used in connection with any other action except as expressly provided in the Protective Order entered on May 15, 2018, as Case Management Order No. 2 (Dkt. 441).

2.     The Responses are based on diligent investigation conducted by the Teva Defendants and their counsel to date, documents and information available to the Teva Defendants at this time, and reflect the Teva Defendants' knowledge, information, and belief as of the date of the Responses.  The Responses are true and correct to the Teva Defendants' best knowledge as of this date.

3.     The Teva Defendants may engage in further investigation, discovery, and analysis, which may lead to changes in the Teva Defendants' Responses herein.  Such investigation and discovery are continuing, and the Responses are given without prejudice to the Teva Defendants' right to produce evidence of any subsequently-discovered facts, documents, or interpretations thereof, or to supplement, modify, change, or amend the Responses, and to correct for errors, mistakes, or omissions.  Reference in the Responses to a preceding or subsequent response incorporates both the information and the objections set forth in the referred-to response.

4.     The Teva Defendants will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as the Teva Defendants understand and interpret the Interrogatory.  In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of the Teva Defendants, the Teva

Defendants reserve the right to amend and/or supplement their Response, but undertake no obligation to do so.

5.      In responding to the Interrogatories, the Teva Defendants do not waive, and hereby expressly reserve: (a) their right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information produced in response to the Interrogatories; (b) their right to object on any ground to the use of the information produced in response to the Interrogatories at any hearing, trial, or other point during the litigation; and (c) their right to object on any ground at any time to a demand for further responses to the Interrogatories.

6.      No incidental or implied admissions are intended in these Responses.  That the Teva Defendants have responded to all or any part of an Interrogatory should not be taken as, and indeed does not constitute, an admission that the Teva Defendants accept or admit the existence of any fact set forth or assumed by the Interrogatory or that the Teva Defendants' Responses constitute admissible or relevant evidence.  That the Teva Defendants have responded to all or any part of an Interrogatory also is not intended to be, and indeed does not constitute, a waiver by the Teva Defendants of all or any part of its objection(s) to the Interrogatory.

7.      The following Objections to Definitions and Instructions apply to each and every one of the Interrogatories, and should be considered part of the Teva Defendants' response to each and every one of the Interrogatories.  Any specific objections provided below are made in addition to the Objections to Definitions and Instructions, and failure to reiterate an Objection to Definitions and Instructions below does not constitute a waiver or limitation of that or any other objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Teva Defendants hereby assert the following Objections to Definitions and Instructions, which are hereby incorporated into each of the specific responses and objections to the Interrogatories set forth below.

1.      The Teva Defendants object to Plaintiffs' definition of "You" and "Your" as vague and/or ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, and thus outside the scope of permissible discovery because it purports to encompass, without limitation, "officers, directors, employees, partners, representatives, agents, corporate parent, subsidiaries, affiliates, divisions, predecessors, or successors-in-interest, and other persons or entities acting on [their] behalf or controlled by" the Teva Defendants.  The Teva Defendants will only produce documents in the possession, custody, or control of Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., or Watson Laboratories, Inc.

2.      The Teva Defendants interpret the terms "You" and "Your" as used in these Interrogatories to refer only to Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Watson Laboratories, Inc., and Teva Pharmaceutical Industries Ltd.  Defendants expressly exclude other respective subsidiaries or affiliates from the terms "You" and "Your" and no response herein should be interpreted to include such other entities.

3.      The Teva Defendants object to Plaintiffs' definition of "You" and "Your" as overly broad, unduly burdensome, and not proportional to the needs of the case, and thus outside the scope of permissible discovery, because it purports to encompass, without limitation, Teva Pharmaceutical Industries Ltd.  Teva Pharmaceutical Industries Ltd. is not subject to personal jurisdiction in this action.  Teva Pharmaceutical Industries Ltd. is a public limited company

incorporated under the laws of Israel and headquartered in Petah Tikva, Israel.  It has no office, property, employees, or registered agent in the United States and does not transact business in the United States.  At no time has Teva Pharmaceutical Industries Ltd. manufactured, promoted, or sold opioid prescription medicines in the United States.  For the Track One discovery cases, none of the Complaints contain any specific allegations concerning promotion by Teva Pharmaceutical Industries Ltd., nor do they allege any wrongful conduct by Teva Pharmaceutical Industries Ltd. that could serve as a basis for any claim against it.  Therefore, any non-privileged information that is responsive to these Interrogatories related to Teva Pharmaceutical Industries Ltd., if any exists, is not relevant to this litigation, and would be unduly burdensome to collect and would not be proportionate to any legitimate need by Plaintiffs.

4.      The Teva Defendants object to Plaintiffs' definition of "You" and "Your" as overly broad, unduly burdensome, and not proportional to the needs of the case, and thus outside the scope of permissible discovery, because it purports to encompass, without limitation, "Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc."  The Teva-Acquired Actavis Entities, which did not become affiliated with any Teva entity until 2016, only sell generic opioid drugs and do not sell, market, or otherwise distribute any branded opioid product.  For the Track One discovery cases, none of the Complaints contain any specific allegations concerning promotion by the Teva-Acquired Actavis Entities concerning their generic opioids, nor do they allege any wrongful conduct by those Entities that could serve as a basis for any claim against them.  Therefore, any non-privileged information that is responsive to these Interrogatories, if any exists, is not relevant to this litigation, and would be unduly burdensome to collect and would not be proportionate to any legitimate need by Plaintiffs.  Nevertheless, the Teva

5

Defendants will provide substantive responses in response to these Interrogatories as set forth in the individual Responses below.

5.     The Teva Defendants object to Plaintiffs' definition of "Opioid" to the extent that it means opioids "used to control pain, including, but not limited to, the drugs referenced in Plaintiffs' Complaint in the above-referenced matter" as vague, ambiguous, and overbroad.  The Teva Defendants will provide information relating to their Schedule II opioid products, including ACTIQ® (fentanyl citrate) oral transmucosal lozenge CII and FENTORA® (fentanyl buccal tablet) CII.  ACTIQ® and FENTORA® are each FDA-approved opioid agonists indicated for the management of breakthrough pain in adult cancer patients who are already receiving and who are tolerant to around-the-clock opioid therapy for their underlying persistent cancer pain.  Patients considered opioid tolerant are those who are taking, for one week or longer, around-the-clock medicine consisting of at least 60 mg of oral morphine per day, at least 25 mcg of transdermal fentanyl per hour, at least 30 mg of oral oxycodone per day, at least 8 mg of oral hydromorphone per day, at least 25 mg of oral oxymorphone per day, at least 60 mg of oral hydrocodone per day, or an equianalgesic dose of another opioid daily for a week or longer.  Patients must remain on around-the-clock opioids while taking ACTIQ® or FENTORA®.

6.     Any information provided by the Teva Defendants in response to requests for information about "Opioids" does not mean that these products were promoted for or "used to control pain" or any other use beyond that which has expressly been approved by the FDA, nor does it suggest that the Teva Defendants ever promoted, marketed, or sold any opioids in the jurisdictions at issue.  The Teva Defendants also object to any implication or presupposition that they can or do control or know how any opioid product is "used" once prescribed.

7.      The Teva Defendants object to the definition of "Opioid Products" to the extent it incorporates the defined term "Opioid," for the reasons stated above with respect to that defined term.

8.      The Teva Defendants object to the definition of "Communication" as calling for the search and collection of sources like "MySpace," "Twitter," and "shared applications from cell phones" that would be unduly burdensome, overbroad, and not proportional to the needs of the case.

9.      The Teva Defendants object to the definition of "Document" as overly broad and unduly burdensome to the extent it purports to impose upon the Teva Defendants any obligation inconsistent with the Federal Rules of Civil Procedure.

10.     The Teva Defendants object to the use of the phrase "above-captioned matter" to the extent it purports to reference cases other than the three cases included in Track One of the Court's CMO 1.

11.     The Teva Defendants object to the definition of "Defendants" to the extent it purports to name Defendants who are not named in the three cases included in Track One of the Court's CMO 1.

12.     The Teva Defendants object to the definition of "Plaintiffs" to the extent it purports to name Plaintiffs who are not named in the three cases included in Track One of the Court's CMO 1.

13.     The Teva Defendants object to the definition of "Person" to the extent it purports to impose obligations to produce information outside of the Teva Defendants' knowledge, possession, custody, and control.

14. The Teva Defendants object to the definition of "Identify" when used with respect to persons, on the ground that it seeks irrelevant information, is overly broad and unduly burdensome, and purports to require the Teva Defendants to produce information outside the possession, custody, or control of the Teva Defendants. In particular, the Teva Defendants object to the definition of "Identify" to the extent it purports to require the Teva Defendants to provide any person's present or last known address and present or last known place of employment.

15. The Teva Defendants object to the definition of "Identify" when used with respect to communications, on the ground that it seeks irrelevant information, is overly broad and unduly burdensome, and purports to require the Teva Defendants to produce information outside the possession, custody, or control of the Teva Defendants.

16. The Teva Defendants object to the definition of "Identify" when used with respect to an Order, on the ground that it seeks irrelevant information, is overly broad and unduly burdensome, and purports to require the Teva Defendants to produce information outside the possession, custody, or control of the Teva Defendants.

17. The Teva Defendants object to the definition of "Suspicious Orders" to the extent it purports to impose upon the Teva Defendants any obligation beyond the scope of the Controlled Substances Act, 21 U.S.C. § 811 et al. ("CSA") and/or 21 CFR 1301.74(b). The Teva Defendants further object to the definition to the extent that it requires the Teva Defendants to have knowledge of Mallinckrodt's internal suspicious order monitoring program.

18. The Teva Defendants object to the definition of "Direct Customer" to the extent it means "other customer" as vague, ambiguous, and overly broad.

19. The Teva Defendants object to the definition of "Downstream Customer" to the extent it means "customer of the Direct Customer that purchased opioids from the Direct

Customer" as vague, ambiguous, and overly broad.  The Teva Defendants further object on the ground that this definition purports to require the Teva Defendants to produce information outside the knowledge, possession, custody, or control of the Teva Defendants.

20.     The Teva Defendants object to the "Instructions" of the Interrogatories as covering the time period "one year prior to the launch of each relevant Opioid Product through the date of your response" as overly broad and unduly burdensome because it requires them to produce documents that are outside the relevant statute(s) of limitations, are not relevant to the claims in the Complaints, and are not proportional to the needs of the case.  Nevertheless, the Teva Defendants will provide information in response to these Interrogatories as set forth in the individual Responses below and in accordance with the Court's Discovery Ruling No. 2 (Dkt. No. 693).

21.     The Teva Defendants further object to the "Instructions" of the Interrogatories as not proportional to the needs of the case to the extent that the Interrogatories seek information from the Teva Defendants that was previously obtained, is in the possession of the Plaintiffs, and/or has been deemed produced pursuant to CMO 1.

## **INTERROGATORIES**

## **INTERROGATORY NO. 32:**

Identify each order identified by you (by algorithm or otherwise) as an Order that was of interest, peculiar, actually or potentially a Suspicious Order, or otherwise warranting additional review or investigation to determine whether the Order was a Suspicious Order ("Identified Orders"), and for each such Identified Order: (1) state the reason the order was so identified (e.g., Order of excessive size, unusual frequency, etc.), (2) state whether you reported the order to the DEA; (3) describe any investigation review or due diligence performed by or on behalf of You concerning the Identified Order after it was identified, including whether the Identified Order was

a Suspicious Order or whether the Direct or Downstream Customer or other customer that placed the Order was engaged in or facilitating diversion, abuse, or misuse of any Opioid Product; (4) state whether the Identified Order was filled as placed, modified and filled, rejected, or cancelled and the reason(s) contemporaneously cited or provided for any such action; and (5) identify by bates-stamp all documents and communications regarding the order.

**RESPONSE TO INTERROGATORY NO. 32:**

The Teva Defendants incorporate their Preliminary Statement and Objections to Definitions and Instructions.  The Teva Defendants object to Interrogatory No. 32 on the ground that it is overly broad, unduly burdensome, vague, and ambiguous in that it requires the Teva Defendants to identify "each Order" no matter how tangential the relation to the claims and/or defenses.  The Teva Defendants further object to Interrogatory No. 23 on the ground that it is overly broad, unduly burdensome, vague and ambiguous in that requires the Teva Defendants to identify orders that were "of interest, peculiar, actually or potentially a Suspicious Order, or otherwise warranting additional review or investigation to determine whether the Order was a Suspicious Order" which is an undefined phrase and not included in the definition of "Suspicious Order."  The Teva Defendants further object to Interrogatory No. 32 to the extent it purports to encompass orders outside the scope of the CSA, 21 U.S.C. § 811 et al. and/or 21 CFR 1301.74(b). The Teva Defendants further object to Interrogatory No. 32 on the ground that it is not reasonably limited in time or scope.  The Teva defendants further object to Interrogatory No. 32 to the extent it seeks information about orders for non-Opioid drugs.

Subject to and without waiver of the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), the Domestic Teva Defendants refer Plaintiffs to business records that the Teva Defendants have already produced in this litigation.  Those documents contain the

information sought by Interrogatory No. 32 and the burden of ascertaining the requested information from those documents is the same for both parties.  The Domestic Teva Defendants state that, based on their reasonable investigation to date, they have produced the following documents responsive to Interrogatory No. 32:

- Two SORDS and DefOPS pended order reports: TEVA_MDL_13583538 and TEVA_MDL_13583539;

- All Suspicious Order Reports: Appendix A; and

- Investigation documents related to Publix, Kroger, McKesson, Rochester Drug Cooperative, and Rickie's Pharmacal: Appendix B.

The Domestic Teva Defendants further respond that they have produced their Suspicious Order Monitoring Shared Folders as well as the custodial files of Joe Tomkiewicz and Colleen McGinn with respect to Teva and Tom Napoli, Rachelle Galant, and Nancy Baran with respect to the Teva-Acquired Actavis entities. These files include any investigation materials related to suspicious orders including: new customer due diligence, existing customer due diligence, correspondence with customers regarding pended orders, and internal documents regarding investigations of pended orders.  The produced files can be found as follows:

- Suspicious Order Monitoring Shared Folders: TEVA_MDL_A_00694812— TEVA_MDL_A_04205785;

- Joe Tomkiewicz: Teva Production Volumes 9, 15, 18, 19, 20, 22, 23, 24, 29, 30, 31, 31, 37;

- Colleen McGinn: Teva Production Volumes 1, 8, 9, 15, 18, 19, 20, 22, 23, 24, 29, 30, 31, 32, 35, 38, 39, 42;

- Tom Napoli:  Acquired Actavis Production Volumes 2, 3, 5, 7, 11, 16;

11

- Rachelle Galant: Acquired Actavis Production Volumes 1, 2, 3, 5, 7, 8, 11;

- Nancy Baran: Acquired Actavis Production Volumes 5, 7, 8, 11, 13, 15; and Teva Production Volumes 43, 46.

Teva Ltd. responds that it is a public limited company incorporated under the laws of Israel and headquartered in Petah Tikva, Israel. Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States. At no time has Teva Ltd. manufactured, promoted, or sold opioid prescription medicines in the United States. Teva Ltd. is not subject to personal jurisdiction in this action and has no information responsive to Interrogatory No. 32.

**INTERROGATORY NO. 33:**

For each Opioid Product (branded or generic) You manufactured, marketed, promoted, sold or distributed in the United States, provide an annual summary, including for each Opioid Product (1) the product name; (2) the NDC Code(s) for that Opioid Product; (3) the NDC Code(s) holder for that Opioid Product; (4) your role with regard to the product (manufacturer, marketer, seller, distributor, etc.); (5) annual sales by script volume for that Opioid Product; (7) annual sales volume by number of SKU units/bottles for that Opioid Product; (8) annual gross dollar sales for that Opioid Product; and (9) the Documents relied upon to generate the summary.

The summary shall include all currently distributed Opioid Products as well as discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the summary shall include the Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on Your behalf or controlled by You.

**RESPONSE TO INTERROGATORY NO. 33:**

The Teva Defendants incorporate their Preliminary Statement and Objections to Definitions and Instructions.  The Teva Defendants object to Interrogatory No. 33 on the ground that it is vague, ambiguous, and overly broad because the definition of "Opioid" is opioids that are "used to control pain."   ACTIQ® and FENTORA® are each FDA-approved opioid agonists indicated for the management of breakthrough pain in adult cancer patients who are already receiving and who are tolerant to around-the-clock opioid therapy for their underlying persistent cancer pain.  The Teva Defendants further object to Interrogatory No. 33 on the ground that it is not reasonably limited in time or scope.  The Teva Defendants further object to Interrogatory No. 33 on the ground that Plaintiffs request the Teva Defendants to develop Plaintiff's affirmative case. The Teva Defendants further object to Interrogatory No. 33 on the ground that the information sought is not relevant to the claims in the Complaints and is therefore not proportional to the needs of the Track One cases.

Subject to and without waiver of the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), the Domestic Teva Defendants refer Plaintiffs to business records that the Teva Defendants have already produced in this litigation.   Those documents contain the information sought by Interrogatory No. 33 and the burden of ascertaining the requested information from those documents is the same for both parties.  The Domestic Teva Defendants state that, based upon their reasonable investigation to date, they have identified documents that contain the following information related to ACTIQ® and FENTORA® responsive to Interrogatory No. 33:

- Profit data for ACTIQ® and FENTORA® from 2006 through the first quarter of 2012;

- Chargeback data for ACTIQ® and FENTORA® from 2011 through April, 2018;

- National monthly sales for ACTIQ® and FENTORA® from April, 2012 through March, 2018;

- All Accounts Receivable Transactional Data for ACTIQ® and FENTORA® from April, 2012 through April, 2018;

- Budgets and actuals of units sold, and sales and marketing expenses for FENTORA® from 2013 through 2016; and

- Cephalon sales and related reporting data from 2002 through 2006.

The Domestic Teva Defendants further state that, based upon their reasonable investigation to date, they have identified documents that contain the following information related to generic opioid products responsive to Interrogatory No. 33:

- Annual Generics Total Unit Sales, Sales Doses, and Total Net Sales from fiscal year 2011 through fiscal year 2017;

- Net Sales, Units, Cost of Goods, Royalties, and Gross Margin for Teva Pharmaceuticals USA by quarter from 2012 through 2015;

- Net Sales, Units, Cost of Goods, Royalties, and Gross Margin for Teva-Acquired Actavis entities by quarter from 2014 through 2015;

- Net Sales, Units, Cost of Goods, Royalties, and Gross Margin for Teva Pharmaceuticals USA and Teva-Acquired Actavis entities by quarter from 2016 through 2017;

- All Accounts Receivable Transactional Data for Teva Pharmaceuticals USA from 2008 through June, 2018; and

- All Accounts Receivable Transactional Data for Teva-Acquired Actavis entities from the first quarter of 2013 through June, 2018.

The Domestic Teva Defendants further state that, based upon their reasonable investigation to date, they have identified documents that contain the following information related to both ACTIQ® and FENTORA® and generic opioid products responsive to Interrogatory No. 33:

- Sales data by contract from the Domestic Teva Defendants; and

- Indirect and direct sales data from Teva-Acquired Actavis entities and Watson Laboratories Inc.

The Bates numbers of the responsive documents are listed in Appendix C. Further, the requested sales and related reporting data from Cephalon for 2002 through 2006 can be found at TEVA_MDL_A_06673768 -- TEVA_MDL_A_06744894.

Teva Ltd. responds that it is a public limited company incorporated under the laws of Israel and headquartered in Petah Tikva, Israel. Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States.  At no time has Teva Ltd. manufactured, promoted, or sold opioid prescription medicines in the United States.  Teva Ltd. is not subject to personal jurisdiction in this action and has no information responsive to Interrogatory No. 33.

**<u>INTERROGATORY NO. 34:</u>**

Provide an annual sales summary for Your name-brand and generic Opioid Products You manufactured, marketed, promoted, sold or distributed in the United States including for each year (1) Your total sales volume for those Opioid Products; (2) the total market volume for those Opioid Products; (3) Your market share for those Opioid Products; and (4) Your total annual dollar sales for those Opioid Products; and (5) the Documents relied upon to generate the summary.

The summary shall include all currently distributed Opioid Products as well as discontinued Opioid Products. As set forth in the definition of "You" and "Your" herein, the

summary shall include the Opioid Products manufactured, marketed, promoted, sold or distributed by You or Your corporate parent, subsidiaries, affiliates, divisions, predecessors or successors-in-interest, and other persons or entities acting on Your behalf or controlled by You.

**RESPONSE TO INTERROGATORY NO. 34:**

The Teva Defendants incorporate their Preliminary Statement and Objections to Definitions and Instructions. The Teva Defendants object to Interrogatory No. 34 on the ground that it is vague, ambiguous, and overly broad because the definition of "Opioid" is opioids that are "used to control pain." ACTIQ® and FENTORA® are each FDA-approved opioid agonists indicated for the management of breakthrough pain in adult cancer patients who are already receiving and who are tolerant to around-the-clock opioid therapy for their underlying persistent cancer pain. The Teva Defendants further object to Interrogatory No. 34 on the ground that it is not reasonably limited in time or scope. The Teva Defendants further object to Interrogatory No. 34 on the ground that Plaintiffs request the Teva Defendants to develop Plaintiff's affirmative case. The Teva Defendants further object to Interrogatory No. 34 on the ground that the information sought is not relevant to the claims in the Complaints and is therefore not proportional to the needs of the Track One cases. The Teva Defendants further object to Interrogatory No. 34 on the ground that parts one and four are duplicative of information requested in Interrogatory No. 33.

Subject to and without waiver of the foregoing objections, the Teva Defendants incorporate their response to Interrogatory No. 33. Subject to and without waiver of the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), the Domestic Teva Defendants further refer Plaintiffs to business records that the Teva Defendants have already produced in this litigation. Those documents contain the information sought by Interrogatory No. 34 and the burden of ascertaining the requested information from those documents is the same for both parties. The

Domestic Teva Defendants state that, based upon their reasonable investigation to date, they have identified the following documents that contain information related to the market share and market volume of their opioid products. The produced files can be found as follows:

- Teva's total domestic market share from 2012 through 2016 at TEVA_MDL_A_00455086;

- Documents related to FENTORA® market research beginning in 2013 at TEVA_MDL_A_06494509 -- TEVA_MDL_A_06521881; and

- Documents that contain market share and market volume for all Domestic Teva Defendant products, including products manufactured by acquired entities, from 2000 through 2018: TEVA_MDL_A_07937357 -- TEVA_MDL_A_07954472.

Teva Ltd. responds that it is a public limited company incorporated under the laws of Israel and headquartered in Petah Tikva, Israel. Teva Ltd. has no office, property, employees, or registered agent in the United States and does not transact business in the United States. At no time has Teva Ltd. manufactured, promoted, or sold opioid prescription medicines in the United States. Teva Ltd. is not subject to personal jurisdiction in this action and has no information responsive to Interrogatory No. 34.

Dated: January 7, 2019

Respectfully submitted,

/s/ *Steven A. Reed*
Steven A. Reed
Rebecca Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5000
Fax: (215) 963-5001
Email: steven.reed@morganlewis.com
Email: rebecca.hillyer@morganlewis.com

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219-6401
Phone: (412) 560-7455
Fax: (412) 560-7001
Email: wendy.feinstein@morganlewis.com

*Attorneys for Defendants Cephalon, Inc.,
Teva Pharmaceuticals USA, Inc., Actavis
LLC, Actavis Pharma, Inc. f/k/a Watson
Pharma, Inc., and Watson Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January 2019, the foregoing has been served via email only to the following liaison counsel:

*Liaison Counsel for Plaintiffs:*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114-1149
(216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
(415) 546-7300
sskikos@skikoscrawford.com

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
(805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants:*

Mark Cheffo, Esq.
Quinn Emanuel
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carol Rendon, Esq.
Baker Hostetler
Key Tower, 127 Public Square
Cleveland, OH 44114
crendon@bakerlaw.com

Enu Mainigi, Esq.
Williams & Connolly
725 Twelfth Street, NW.
Washington, DC 20005
emainigi@wc.com

Shannon McClure, Esq.
ReedSmith
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
smcclure@reedsmith.com

Geoffrey E. Hobart, Esq.
Covington & Burling
One CityCenter
850 Tenth Street, NW.
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr, Esq.
Bartlit Beck
54 West Hubbard Street, Ste 300
Chicago, IL 60654
Kaspar.stoffelmayr@bartlit-beck.com

Tina Tabacchi, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
Gordon & Rees
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ *Wendy West Feinstein*
Wendy West Feinstein

**APPENDIX A**

| Bates Numbers |
| --- |
| TEVA_MDL_A_02342525 |
| TEVA_MDL_A_02342526 |
| TEVA_MDL_A_02063701 |
| TEVA_MDL_A_06532584 |
| TEVA_MDL_A_02342529 |
| TEVA_MDL_A_01061035 |
| TEVA_MDL_A_02342527 |
| TEVA_MDL_A_01056173 |
| TEVA_MDL_A_01056175 |
| TEVA_MDL_A_01056177 |
| TEVA_MDL_A_01047432 |
| TEVA_MDL_A_02342528 |
| TEVA_MDL_A_02479933 |
| TEVA_MDL_A_02479934 |
| TEVA_MDL_A_02479935 |
| TEVA_MDL_A_02479936 |
| TEVA_MDL_A_02479937 |
| TEVA_MDL_A_02345901 |
| TEVA_MDL_A_02345902 |
| TEVA_MDL_A_02345903 |
| TEVA_MDL_A_02345904 |
| TEVA_MDL_A_02345905 |
| TEVA_MDL_A_02924242 |
| TEVA_MDL_A_02924243 |
| TEVA_MDL_A_01061036 |
| TEVA_MDL_A_01058233 |
| TEVA_MDL_A_01058231 |
| TEVA_MDL_A_01058101 |
| TEVA_MDL_A_01061046 |
| TEVA_MDL_A_01058098 |
| TEVA_MDL_A_01061039 |
| TEVA_MDL_A_01061038 |
| TEVA_MDL_A_02248780 |
| TEVA_MDL_A_02248777 |
| TEVA_MDL_A_01058228 |
| TEVA_MDL_A_01058103 |
| TEVA_MDL_A_01061041 |
| TEVA_MDL_A_02248786 |
| TEVA_MDL_A_02248782 |
| TEVA_MDL_A_02248788 |
| TEVA_MDL_A_04205312 |
| TEVA_MDL_A_04205314 |

| Bates Numbers |
| --- |
| TEVA_MDL_A_04205295 |
| TEVA_MDL_A_04205782 |
| TEVA_MDL_A_04205293 |
| TEVA_MDL_A_04205784 |
| TEVA_MDL_A_02248790 |
| TEVA_MDL_A_02248792 |
| TEVA_MDL_A_02248800 |
| TEVA_MDL_A_02248798 |
| TEVA_MDL_A_02248796 |
| TEVA_MDL_A_02924759 |
| TEVA_MDL_A_02924761 |
| TEVA_MDL_A_02924763 |
| TEVA_MDL_A_02248803 |
| TEVA_MDL_A_02248805 |
| TEVA_MDL_A_02248804 |
| TEVA_MDL_A_02248089 |
| TEVA_MDL_A_02248090 |
| TEVA_MDL_A_02248091 |
| TEVA_MDL_A_02248092 |
| TEVA_MDL_A_02248093 |
| TEVA_MDL_A_01061043 |
| TEVA_MDL_A_01057274 |
| TEVA_MDL_A_01057277 |
| TEVA_MDL_A_01057584 |
| TEVA_MDL_A_01057586 |
| TEVA_MDL_A_01057589 |
| TEVA_MDL_A_01057590 |
| TEVA_MDL_A_01057593 |
| TEVA_MDL_A_01057596 |
| TEVA_MDL_A_01057598 |
| TEVA_MDL_A_01057601 |
| TEVA_MDL_A_01057602 |
| TEVA_MDL_A_01057604 |
| TEVA_MDL_A_01057606 |
| TEVA_MDL_A_01057608 |
| TEVA_MDL_A_01057610 |
| TEVA_MDL_A_01057612 |
| TEVA_MDL_A_01057613 |
| TEVA_MDL_A_01049461 |
| TEVA_MDL_A_01049463 |
| TEVA_MDL_A_01057194 |
| TEVA_MDL_A_01061044 |

**APPENDIX B**

| Bates Ranges |
| --- |
| TEVA_MDL_A_00694812 - TEVA_MDL_A_00694904 |
| TEVA_MDL_A_01037238 - TEVA_MDL_A_01061046 |
| TEVA_MDL_A_01457914 - TEVA_MDL_A_01523919 |
| TEVA_MDL_A_02004944 - TEVA_MDL_A_02064191 |
| TEVA_MDL_A_02248089 - TEVA_MDL_A_02249000 |
| TEVA_MDL_A_02332330 - TEVA_MDL_A_02342553 |
| TEVA_MDL_A_02473998 - TEVA_MDL_A_02546025 |
| TEVA_MDL_A_02660740 - TEVA_MDL_A_02665209 |
| TEVA_MDL_A_02915381 - TEVA_MDL_A_02925681 |
| TEVA_MDL_A_03160095 - TEVA_MDL_A_03160098 |
| TEVA_MDL_A_03413868 - TEVA_MDL_A_03486105 |
| TEVA_MDL_A_04204900 - TEVA_MDL_A_04205784 |
| TEVA_MDL_A_04321882 - TEVA_MDL_A_04322496 |
| TEVA_MDL_A_06531642 - TEVA_MDL_A_06533129 |
| TEVA_MDL_A_06618575 - TEVA_MDL_A_06620156 |
| TEVA_MDL_A_06858568 - TEVA_MDL_A_06860516 |
| TEVA_MDL_A_06926270 - TEVA_MDL_A_06927447 |
| TEVA_MDL_A_07150380 - TEVA_MDL_A_07151104 |
| TEVA_MDL_A_08077268 - TEVA_MDL_A_08077306 |
| TEVA_MDL_A_08834972 - TEVA_MDL_A_08835484 |

**APPENDIX C**

| Bates Numbers |
| --- |
| TEVA_MDL_A_00455085 |
| TEVA_MDL_A_02401117 |
| TEVA_MDL_A_02401118 |
| TEVA_MDL_A_02401119 |
| TEVA_MDL_A_02416208 |
| TEVA_MDL_A_02419958 |
| TEVA_MDL_A_02419961 |
| TEVA_MDL_A_02419959 |
| TEVA_MDL_A_02419966 |
| TEVA_MDL_A_02419967 |
| TEVA_MDL_A_02419969 |
| TEVA_MDL_A_02419968 |
| TEVA_MDL_A_02419963 |
| TEVA_MDL_A_02419960 |
| TEVA_MDL_A_02419964 |
| TEVA_MDL_A_02419965 |
| TEVA_MDL_A_02419962 |
| TEVA_MDL_A_02416192 |
| TEVA_MDL_A_02416194 |
| TEVA_MDL_A_02416195 |
| TEVA_MDL_A_02416196 |
| TEVA_MDL_A_02416197 |
| TEVA_MDL_A_02416198 |
| TEVA_MDL_A_02416199 |
| TEVA_MDL_A_02416200 |
| TEVA_MDL_A_02416201 |
| TEVA_MDL_A_02416202 |

| Bates Numbers |
| --- |
| TEVA_MDL_A_02416203 |
| TEVA_MDL_A_02416204 |
| TEVA_MDL_A_02416193 |
| TEVA_MDL_A_02416205 |
| TEVA_MDL_A_02416206 |
| TEVA_MDL_A_07869902 |
| TEVA_MDL_A_07876854 |
| TEVA_MDL_A_07880643 |
| TEVA_MDL_A_07885150 |
| TEVA_MDL_A_07889185 |
| TEVA_MDL_A_07889289 |
| TEVA_MDL_A_07901020 |
| TEVA_MDL_A_07907289 |
| TEVA_MDL_A_07914958 |
| TEVA_MDL_A_07921677 |
| TEVA_MDL_A_07921926 |
| TEVA_MDL_A_07921927 |
| TEVA_MDL_A_07921928 |
| TEVA_MDL_A_07928169 |
| TEVA_MDL_A_08637278 |
| TEVA_MDL_A_08637279 |
| TEVA_MDL_A_08637273 |
| TEVA_MDL_A_08637274 |
| TEVA_MDL_A_08637275 |
| TEVA_MDL_A_08637276 |
| TEVA_MDL_A_08637277 |