PD4 Exh 17

Highly Confidential - Subject to Further Confidentiality Review

Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL | ) | |
| PRESCRIPTION | ) | MDL No. 2804 |
| OPIATE LITIGATION | ) | |
| _____ | ) | Case No. |
| | ) | 1:17-MD-2804 |
| | ) | |
| THIS DOCUMENT RELATES | ) | Hon. Dan A. |
| TO ALL CASES | ) | Polster |

FRIDAY, JUNE 28, 2019

HIGHLY CONFIDENTIAL – SUBJECT TO FURTHER
CONFIDENTIALITY REVIEW

- - -

Videotaped deposition of Ronald

W. Buzzeo, R.Ph., held at the offices of Williams

Mullen, 200 South 10th Street, Suite 1600,

Richmond, Virginia, commencing at 9:08 a.m.,

on the above date, before Carrie A. Campbell,

Registered Diplomate Reporter and Certified

Realtime Reporter.

- - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Highly Confidential - Subject to Further Confidentiality Review

---

Page 2

```
 1
 2        A P P E A R A N C E S :
 3    KELLER ROHRBACK LLP
      BY:  DEREK W. LOESER
 4         dloeser@kellerrohrback.com
           DAVID J. KO
 5         dko@kellerrohrback.com
           DEAN KAWAMOTO
 6         dkawamoto@kellerrohrback.com
      1201 Third Avenue, Suite 3200
      Seattle, Washington 98101
 7    (206) 623-1900
 8
      SIMMONS HANLY CONROY LLC
 9    BY:  JAYNE CONROY
           jconroy@simmonsfirm.com
10         LAURA FITZPATRICK
           lfitzpatrick@simmonsfirm.com
11         (VIA REALTIME STREAM)
           SANFORD SMOKLER
12         (VIA REALTIME STREAM)
      112 Madison Avenue, Seventh Floor
13    New York, New York 10016
      (212) 784-6400
14
15    WEISMAN KENNEDY & BERRIS CO., L.P.A.
      BY:  DANIEL P. GOETZ
16         dgoetz@weismanlaw.com
           (VIA REALTIME STREAM)
17    101 West Prospect Avenue
      Cleveland, Ohio 44115
18    (216) 781-1111
      Counsel for Plaintiffs
19
20    NAPOLI SHKOLNIK, PLLC
      BY:  HUNTER J. SHKOLNIK
21         hunter@napolilaw.com
           (VIA TELECONFERENCE)
22    360 Lexington Avenue, 11th Floor
      New York, New York 10017
23    (212) 397-1000
      Counsel for Cuyahoga County
24
25
```

Page 4

```
 1    KIRKLAND & ELLIS LLP
      BY:  CATIE VENTURA
 2         catie.ventura@kirkland.com
      1301 Pennsylvania Avenue, N.W.
 3    Washington, DC 20004
      (202) 389-5000
 4    Counsel for Allergan Finance, LLC
 5
      O'MELVENY & MYERS LLP
 6    BY:  ZHAO LIU
           zliu@omm.com
 7    1625 Eye Street, NW
      Washington, DC 20006
 8    (202) 383-5300
      Counsel for Johnson & Johnson and
 9    Janssen
10
      LOCKE LORD LLP
11    BY:  BRANDAN MONTMINY
           brandan.montminy@lockelord.com
12    2200 Ross Avenue, Suite 2800
      Dallas, Texas 75201
13    (214) 740-8445
      Counsel for Henry Schein, Inc., and
14    Henry Schein Medical Systems, Inc.
15
16    JONES DAY
      BY:  TARA A. FUMERTON
17         tfumerton@jonesday.com
           (VIA TELECONFERENCE)
18    77 West Wacker
      Chicago, Illinois 60601-1692
19    (312) 782-3939
      Counsel for Walmart
20
      COVINGTON & BURLING LLP
21    BY:  ALISON DICIURCIO
           (VIA TELECONFERENCE)
22         ALEXANDRIA WIDAS
           awidas@cov.com
23         (VIA REALTIME STREAM)
      850 Tenth Street, NW
24    Washington, DC 20001-4956
      (202) 662-6000
25    Counsel for McKesson Corporation
```

---

Page 3

```
 1    ROPES & GRAY LLP
      BY:  WILLIAM DAVISON
 2         william.davison@ropesgray.com
           ANDREW O'CONNOR
 3         andrew.o'connor@ropesgray.com
           CASSANDRA A. LARUSSA
 4         cassandra.larussa@ropesgray.com
      800 Boylston Street
 5    Boston, Massachusetts 02199-3600
      (617) 951-7000
 6    Counsel for Mallinckrodt & SpecGx
 7
 8    WILLIAMS & CONNOLLY LLP
      BY:  JENNIFER G. WICHT
 9         jwicht@wc.com
      725 Twelfth Street, N.W.
10    Washington, DC 20005
      (202) 434-5331
11    Counsel for Cardinal Health, Inc.
12    DECHERT LLP
      BY:  ERIK W. SNAPP
13         erik.sapp@dechert.com
      35 West Wacker Drive, Suite 3400
14    Chicago, Illinois 60601
      (312) 646-5800
15    Counsel for Purdue Pharma
16
17    ZUCKERMAN SPAEDER LLP
      BY:  PAUL B. HYNES, JR.
18         phynes@zuckerman.com
      1800 M Street NW, Suite 1000
19    Washington, DC 20036-5807
      (202) 778-1800
20    Counsel for CVS Indiana, LLC, and
      CVS RX Services, Inc.
21
22    MARCUS & SHAPIRA LLP
      BY:  DARLENE M. NOWAK
23         nowak@Marcus-Shapira.com
      301 Grant Street, 35th Floor
24    Pittsburgh, Pennsylvania 15219-6401
      (412) 338-4690
25    Counsel for HBC
```

Page 5

```
 1    MORGAN, LEWIS & BOCKIUS LLP
      BY:  MAUREEN K. BARBER
 2         maureen.barber@morganlewis.com
           (VIA TELECONFERENCE)
 3    One Oxford Centre, 32nd Floor
      Pittsburgh, Pennsylvania 15219-6401
 4    (412) 560-7463
      Counsel for Teva Pharmaceuticals
 5    USA, Inc.; Cephalon, Inc., Watson
      Laboratories, Inc., Actavis LLC,
 6    Actavis Pharma, Inc., f/k/a Watson
      Pharma, Inc.
 7
 8    MORGAN, LEWIS & BOCKIUS LLP
      BY:  JOHN P. LAVELLE, JR.
 9         john.lavelle@morganlewis.com
           (VIA TELECONFERENCE)
10    1701 Market Street
      Philadelphia, Pennsylvania 19103-2921
11    (215) 963-5000
      Counsel for Rite Aid
12
13    FOLEY & LARDNER LLP
      BY:  GREGORY N. HEINEN
14         gheinen@foley.com
           (VIA TELECONFERENCE)
15    777 East Wisconsin Avenue
      Milwaukee, WI 53202-5306
16    (414) 271-2400
      Counsel for Anda
17
18    FOX ROTHSCHILD LLP
      BY:  ZACHARY MARTIN
19         Zmartin@foxrothschild.com
           (VIA TELECONFERENCE)
20    2700 Kelly Road, Suite 300
      Warrington, Pennsylvania 18976-3624
21    (215) 345-7500
      Counsel for Prescription Supply, Inc.
22
23
24
25
```

Highly Confidential - Subject to Further Confidentiality Review

Page 6

```
1      BARNES & THORNBURG LLP
2        BY: ALYSSA C. HUGHES
           ahughes@btlaw.com
3          (VIA TELECONFERENCE)
         11 South Meridian Street
4        Indianapolis, Indiana 46204-3535
         (317) 236-1313
5        Counsel for HD Smith

6      BAILEY WYANT PLLC
         BY: JOHN FULLER
7          jfuller@baileywyant.com
           (VIA REALTIME STREAM)
8        500 Virginia Street East, Suite 600
         Charleston, West Virginia 25301
9        (304) 345-4222
         Counsel for West Virginia Board of
10       Pharmacy
11
12     VIDEOGRAPHER:
         DEVYN MULHOLLAND,
13       Golkow Litigation Services
14           ---
15
16
17
18
19
20
21
22
23
24
25
```

Page 7

```
1                 INDEX
2                        PAGE
3      APPEARANCES...................................  2
4      EXAMINATIONS
5        BY MR. LOESER.............................  11
6        BY MR. DAVISON.......................... 455
7
8              EXHIBITS
9      No.   Description               Page
10     Buzzeo 1  Plaintiffs' Notice of Oral      14
                 Videotaped Expert Deposition of
11               Ronald Buzzeo
12     Buzzeo 2  Mallinckrodt's Anti-Diversion   15
                 Program: Selected Highlights
13
       Buzzeo 3  Ronald Buzzeo invoice          16
14
       Buzzeo 4  Expert Report of Ronald W.     69
15               Buzzeo, R.Ph. May 31, 2019
16     Buzzeo 5  Ronald W. Buzzeo, R.Ph.        72
                 Curriculum vitae
17
18
19
20
21
22
23
24
25
```

Page 8

```
1           VIDEOGRAPHER:  We are now on
2      the record.
3           My name is Devyn Mulholland.
4      I'm a videographer with Golkow
5      Litigation Services.
6           Today's date is June 28, 2019.
7      The time is 9:08 a.m.
8           This video deposition is being
9      held in Richmond, Virginia in the
10     matter of National Prescription Opiate
11     Litigation.
12          The deponent is Ronald Buzzeo.
13          Counsel, please identify
14     yourselves for the record.
15          MR. LOESER:  Derek Loeser for
16     the plaintiffs.
17          MR. KAWAMOTO:  Dean Kawamoto
18     for the plaintiffs.
19          MR. KO:  David Ko, also on
20     behalf of the plaintiffs.
21          MS. CONROY:  Jayne Conroy,
22     plaintiffs.
23          MR. LIU:  Zhao Liu, O'Melveny &
24     Myers on behalf of Johnson & Johnson
25     and Janssen.
```

Page 9

```
1           MS. NOWAK:  Darlene Nowak,
2      Marcus & Shapira, on behalf of HBC
3      Services.
4           MR. MONTMINY:  Brandan Montminy
5      on behalf of Henry Schein defendant.
6           MR. SNAPP:  Erik Snapp on
7      behalf of the Purdue defendants.
8           MR. HYNES:  Paul Hynes on
9      behalf of CVS, Indiana LLC and CVS RX
10     Services, Inc.
11          MS. WICHT:  Jennifer Wicht on
12     behalf of Cardinal Health.
13          MS. VENTURA:  Catie Ventura on
14     behalf of the Allergan defendants.
15          MR. O'CONNOR:  Andrew O'Connor
16     on behalf of Mallinckrodt LLC and
17     SpecGx.
18          MS. LARUSSA:  Cassandra LaRussa
19     on behalf of Mallinckrodt and SpecGx.
20          MR. DAVISON:  William Davison
21     on behalf of Mallinckrodt LLC and
22     SpecGx.
23          THE WITNESS:  I'm Ron Buzzeo.
24          VIDEOGRAPHER:  The court
25     reporter is Carrie Campbell, who will
```

3 (Pages 6 to 9)

Highly Confidential - Subject to Further Confidentiality Review

Page 434

1   they had a system in place, and they reported
2   suspicious orders.
3        Q.    And the system was effective.
4   Does that mean that it reported all of the
5   suspicious orders?
6        A.    It means they reported --
7        MR. DAVISON:  Objection.
8        Go ahead.
9        THE WITNESS:  It means they
10   reported suspicious orders.
11   QUESTIONS BY MR. LOESER:
12        Q.    So maybe they reported some
13   suspicious orders?
14        A.    I didn't say that.  You said
15   that.
16        MR. DAVISON:  Objection.
17   QUESTIONS BY MR. LOESER:
18        Q.    Well, is that your opinion?
19        A.    My opinion is they reported
20   suspicious orders.
21        Q.    So you don't know whether they
22   reported some or all of the orders?
23        MR. DAVISON:  Objection.
24        THE WITNESS:  I do know, based
25   upon what I said here.  I don't know

Page 435

1   what else to say.  They reported
2   suspicious orders.
3   QUESTIONS BY MR. LOESER:
4        Q.    It seems like a simple
5   question.  Did they report all of them or
6   some of them?
7        MR. DAVISON:  Objection.  He's
8   answered your question.
9        THE WITNESS:  It is my opinion
10   that Mallinckrodt's suspicious order
11   monitoring system was sufficient and
12   effective, sufficient and effective,
13   to detect and report suspicious orders
14   to the DEA in the 2010-2011 time
15   period.
16   QUESTIONS BY MR. LOESER:
17        Q.    In forming this opinion, did
18   you evaluate the orders received and shipped
19   by Mallinckrodt during this time period?
20        A.    I evaluated the documents that
21   you're aware of, the depositions, the
22   operating procedures I looked at, reports I
23   looked at, and I came to my decision that
24   Mallinckrodt's program met the regulatory
25   requirements.

Page 436

1        Q.    And so, sir, you did not review
2   the actual orders that Mallinckrodt received
3   in this time period; is that correct?
4        A.    No, I did -- not the orders.  I
5   looked at the process.
6        Q.    And, sir, if you look at
7   paragraph 147 of your report, you state, "It
8   is my opinion that Mallinckrodt's suspicious
9   order monitoring system was sufficient and
10   effective to detect and report suspicious
11   orders to DEA from 2012 through 2018."
12        A.    Correct.
13        Q.    So are you saying, sir, that
14   Mallinckrodt reported all the suspicious
15   orders that it received in that time period?
16        A.    Mallinckrodt's suspicious order
17   monitoring system was sufficient to detect --
18   was effective to detect and report suspicious
19   orders.  They reported the suspicious orders
20   that they identified.
21        Q.    Did they report all of the
22   orders?
23        MR. DAVISON:  Objection.
24        THE WITNESS:  They reported
25   every suspicious order.

Page 437

1   QUESTIONS BY MR. LOESER:
2        Q.    Okay.  And how do you define
3   sufficient?
4        A.    Based upon my evaluation, the
5   program was able to detect and report
6   excessive orders.
7        Q.    And how do you define
8   effective?
9        A.    That they were reporting
10   suspicious orders.
11        Q.    And in forming this opinion for
12   the 2012 through 2018 time period, did you
13   review any of the orders that Mallinckrodt
14   actually received and shipped?
15        A.    When you're looking at the
16   process and the material, you don't have to
17   actually look at orders.  Because looking at
18   an individual order or a thousand orders or
19   something is not really going to tell you
20   whether something is suspicious or not.
21        So you're looking at the
22   process.  You have the process in place to
23   look at the orders to make a determination.
24        That's what I looked at.  I
25   looked at the regulation.  I looked at the

110  (Pages 434 to 437)

Highly Confidential - Subject to Further Confidentiality Review

Page 438

1   guidance letters, industry experience, my
2   experience, to make that determination.
3       Q.    If you could turn to
4   paragraph 153 of your report.
5       A.    153, yes.
6       Q.    This is your opinion with
7   regard to the McCann and Keller
8   methodologies.
9           Do you see that?
10      A.    Yes.
11      Q.    And why don't you take a
12  second -- or a minute to review that, and
13  I'll ask you a few questions about that
14  paragraph.
15      A.    Yes.
16      Q.    Have you had a chance to review
17  that paragraph?
18      A.    Yes.  Yes.  Thank you.
19      Q.    In paragraph 153, you claim
20  that the five methodologies utilized by
21  McCann and Keller are pulled from
22  Mr. Rafalski's expert report, and no reason
23  is given as to why any of these methodologies
24  would be appropriate for any particular
25  defendant; is that right?

Page 439

1       A.    Correct.
2       Q.    And you've reviewed each of
3   these methodologies in detail?
4       A.    I reviewed the reports.
5       Q.    And your testimony is that
6   Mr. Rafalski does not identify why it would
7   be appropriate to utilize any of these
8   methodologies?
9       A.    Correct.
10      Q.    You also state in paragraph 154
11  that Mr. Rafalski, without any analysis,
12  simply adopts the analyses of both Dr. McCann
13  and Ms. Keller and contends that each of the
14  flagged orders is, in fact, suspicious; is
15  that correct?
16      A.    Where are you?  Let me read
17  154.
18      Q.    Okay.
19      A.    Okay.
20          MR. LOESER:  So could you read
21  the question back, please?
22          (Court Reporter read back
23  question.)
24          THE WITNESS:  You want me to
25  respond to her question or...

Page 440

1   QUESTIONS BY MR. LOESER:
2       Q.    Her question is my question.
3       A.    Okay.  Yeah.  I'm saying -- I
4   was waiting if you were going to say anything
5   else.
6           Yes, what I state here.
7       Q.    And you've read the Rafalski
8   report?
9       A.    Yes.
10      Q.    Did you read the entire report?
11      A.    Yes.
12      Q.    And you read the entire McCann
13  report?
14      A.    Yes.
15      Q.    And you read the entire Keller
16  report?
17      A.    Yes.
18      Q.    And you specifically --
19  according to the footnotes here, you
20  specifically reviewed certain portions of the
21  Rafalski report which you identify as -- in
22  footnotes 199 and 200; is that correct?
23          MR. DAVISON:  Objection.
24          THE WITNESS:  Yeah, I read the
25          Rafalski report.

Page 441

1   QUESTIONS BY MR. LOESER:
2       Q.    Okay.  And so the references to
3   page 40 and 41, what are you saying, that you
4   in fact read the entire report?
5       A.    I -- that report I read.
6       Q.    And is your opinion about the
7   Rafalski report based upon pages 40 and 41 of
8   his report?
9           MR. DAVISON:  Objection.
10          THE WITNESS:  Yes.
11  QUESTIONS BY MR. LOESER:
12      Q.    Okay.  Is it based on any other
13  part of his report?
14      A.    I looked at the rest of the
15  report.  I don't recall now whether I used
16  some of that or not, but I did read the
17  entire report.  And out of that, I pulled out
18  what I thought was important.
19      Q.    And you also cite portions of
20  the Keller report and the McCann report; is
21  that correct?
22      A.    Yes.
23      Q.    And you provide particular page
24  citations for the portions that support your
25  opinion?

111  (Pages 438 to 441)