PSJ10 Exh 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) | No. 1:17-md-2804 |
| | ) | Judge Dan A. Polster |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) | |
| | ) | |

ALLERGAN PLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES  TO ALLERGAN PLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Ohio, and the Court's Case Management Order One (Dkt. No. 232) ("CMO 1"), Defendant Allergan plc hereby responds to Plaintiffs' First Set of Interrogatories to Allergan plc (the "Interrogatories").[1]

## I.      PRELIMINARY STATEMENT

1.      Allergan plc is an Irish holding company that has never marketed, manufactured, or disputed opioids in the United States or anywhere else.  It did not and could not engage in any alleged conduct relating to the manufacture or sale of opioids in the United States because it does not hold and has never held a U.S. Drug Enforcement Administration registration. Ohio law, Sixth Circuit law, and the Court's November 9, 2018 Order (Dkt. No. 1108) make clear that "a foreign subsidiary or parent that has not sold or distributed prescription opiates in the United States during the relevant time period" is not a proper party to the coordinated lawsuits. Allergan plc objects to engaging in costly and burdensome discovery prior to the Court's ruling on Allergan plc's motion to dismiss.

2.      Subject to these objections, and to preserve its objections to Plaintiffs' Interrogatories, Allergan plc provides the below Responses.

3.      The Responses are made solely for the purposes of the above-captioned cases designated in "Track One" of CMO 1 and are not to be used in connection with any other action except as expressly provided in Case Management Order 2 (Dkt. No. 441).

---

[1]  Allergan plc is an Irish holding company that exists for the purpose of holding shares of other companies.  Allergan plc does not now and has never conducted any business operations in the United States.  As such, Allergan plc, specially appearing, filed a motion to dismiss for lack of personal jurisdiction on January 15, 2019 [Dkt. 1258]. Allergan plc maintains that it is not subject to personal jurisdiction in this litigation, and it expressly reserves all defenses and objections, including without limitation those regarding personal jurisdiction.

4.      The Responses are based on diligent investigation conducted by Allergan plc and its counsel to date, and documents and information available to Allergan plc at this time. The Responses are true and correct to Allergan plc's best knowledge as of this date.

5.      By responding with reference to any documents in response to a particular Interrogatory, Allergan plc does not assert that it has responsive materials or that such materials exist, but instead indicates only that Allergan plc will produce responsive, non-privileged documents (if any) within its possession, custody, or control that it identifies after a reasonable search. No objections made herein, or lack thereof, constitute an admission by Allergan plc as to the existence or non-existence of any documents.

6.      Allergan plc's Responses shall not be deemed to constitute admissions that any statement or characterization in the Interrogatory is accurate or complete. That Allergan plc has responded to all or any part of an Interrogatory does not constitute a waiver by Allergan plc of all or any part of its objection(s) to the Interrogatory.

7.      Allergan plc provides these Responses without waiver of or prejudice to its rights, at any later time, to raise objections to (a) any further demand or discovery involving or relating to the matters raised in the Interrogatories, or (b) the relevance, materiality, or admissibility of (i) the Interrogatories or any part thereof, (ii) the statements made in these Responses or any part thereof, or (iii) any documents produced pursuant to these Responses, including but not limited to those related to personal jurisdiction.

8.      Allergan plc objects to the Interrogatories to the extent they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.      Allergan plc objects to the Interrogatories to the extent they seek information for which the burden or expense of the proposed discovery outweighs any likely benefit in resolving the issues in these actions.

10.      Allergan plc objects to the Interrogatories to the extent they seek information that is in Plaintiffs' possession or is in the public domain and is therefore equally available or accessible to Plaintiffs as it is to Allergan plc.

11.      Allergan plc objects to the Interrogatories to the extent they purport to vary the meaning of any term from its usual and customary meaning in ordinary usage or to vary impermissibly from the definition of such term under the Federal Rules of Civil Procedure or the Local Rules of this Court. Except as otherwise stated, Allergan plc will interpret any such term based on the understanding of the term's usage, if any, by Allergan plc and/or within the industry.

12.      Allergan plc objects to the Interrogatories to the extent they call for confidential or proprietary information or information that Allergan plc is otherwise restricted by law or by contract from disclosing, including, but not limited to, information subject to a confidentiality agreement, except to the extent such information is protected pursuant to the Protective Order entered by the Court. See Dkt. No. 441 (Case Management Order No. 2).

13.      Allergan plc objects to the Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule, or restriction. The inadvertent disclosure or revelation of privileged or otherwise protected information shall not be deemed to waive the privilege or protection with respect to such information, and Allergan plc expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.

14.     Allergan plc objects to the Interrogatories to the extent that they are redundant, duplicative, or cumulative of other (i) Interrogatories or (ii) Plaintiffs' Interrogatories to any other party in the Track One cases.

15.     Allergan plc objects to the Interrogatories to the extent they seek information not created or maintained in the ordinary course of business.

16.     Allergan plc objects to the Interrogatories to the extent they purport to seek information not in Allergan plc's possession, custody, or control.

17.     Allergan plc objects to the Interrogatories to the extent they impose any obligations on Allergan plc beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

18.     Allergan plc objects to the Interrogatories to the extent they call for information that is appropriately the subject of expert testimony.

19.     Allergan plc's Responses herein are given without prejudice to Allergan plc's right to amend or supplement in accordance with Fed. R. Civ. P. 26(e) and the Local Rules of this Court. Further, Allergan plc's objections are based on Allergan's good faith interpretation of the Interrogatories and are subject to correction for any errors or omissions.

20.     Allergan plc hereby joins the objections made by other Defendants to the corresponding Interrogatories served on them in accordance with the Court's CMO 1 and incorporates such objections by reference herein.

21.     The following Objections to Definitions and Instructions are incorporated in Allergan plc's Response to each of the Interrogatories. Any specific objections provided below are made in addition to the Objections to Definitions and Instructions, and failure to reiterate an

Objection to Definitions and Instructions below does not constitute a waiver or limitation of that or any other objection.

## II.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Allergan plc hereby asserts the following Objections to Definitions and Instructions, which are hereby incorporated into each of the specific responses and objections to the Interrogatories set forth below.

1.     Allergan plc objects to the use of the phrase "above-captioned matter" to the extent it purports to reference cases other than the two cases included in Track One of the Court's CMO 1.

2.     Allergan plc objects to the definition of "You" and "Your" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.  Allergan plc further objects to the definition of "You" and "Your" to the extent that it seeks to include any outside counsel retained by Allergan plc in connection with the above-named lawsuits or any other matters. Allergan plc further objects to the definition of "You" and "Your" to the extent that it seeks the discovery of information or documents that are in the possession, custody, or control of Allergan plc's alleged "officers, directors, partners, representatives, agents, divisions, predecessors, or successors-in-interest, and other persons or entities acting on its behalf or controlled by it." Allergan plc will limit its responses to information and/or documents in the possession, custody or control of Allergan plc.

3.     Allergan plc objects to the definition of "Communication" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case to the extent it calls for a search of sources such as "messages on 'social networking' sites (including . . . MySpace, Instagram, Snapchat, and Twitter)" and "shared applications from cells phones."

4.      Allergan plc objects to the definition of "Opioid" as "that class of drugs . . . used to control pain" as overly broad, unduly burdensome, vague, ambiguous, not relevant to any party's claim or defense, and not proportional to the needs of the case because, among other things, such a definition would encompass a wide variety of potential medications wholly unrelated to Plaintiffs' allegations. Subject to and without waiving the foregoing objections, Allergan plc will interpret "Opioid(s)" to refer to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a person's brain or body to produce an analgesic effect.

5.      Allergan plc further objects to Plaintiffs' definition of "Opioid" to the extent it is not limited to Opioid Products classified as Schedule II under the Controlled Substances Act. Any information provided by Allergan plc regarding Opioids in response to these Interrogatories does not mean that Allergan plc ever marketed, promoted, sold, manufactured, or distributed Opioids in the Track One jurisdictions. Indeed, Allergan plc did not and could not sell, manufacture, or distribute Opioid Products because it has never held a license with the U.S. Drug Enforcement Administration to do so.

6.      Allergan plc objects to the definition of "Identity" and "Identify" with respect to persons as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent these terms purport to require Allergan plc to provide a person's "present or last known address."

7.      Allergan plc objects to the definition of "Order" due to its incorporation of the defined term "Opioid Products." Allergan plc had never manufactured, distributed, or sold Opioid Products and therefore has never received an order relating to the purchase of any Opioid Products from it.

8.      Allergan plc objects to the proposed time period covered by the Interrogatories due to its incorporation of the defined term "Opioid Products." Allergan plc has never manufactured,

distributed, or sold Opioid Products and therefore no Allergan plc Opioid Products, much less "relevant Opioid Product[s]," exist. Allergan plc further objects to Plaintiffs' proposed time period to the extent it encompasses alleged conduct dating beyond the applicable statutes of limitation and is therefore time-barred.

9.     Allergan plc further objects to the Instructions to the extent they call for the production of information or documents that are subject to the attorney-client privilege, work product privilege, or any other applicable privilege.

10.     Allergan plc further objects to the Instructions as not proportional to the needs of the case to the extent that the Interrogatories seek information from Allergan plc that was previously obtained, and/or is in the possession of the Plaintiffs.

## III.     INTERROGATORIES[2]

INTERROGATORY NO. 2:

Identify all Your subsidiaries (including direct and indirect subsidiaries) involved in the development, testing, regulatory approval, manufacture, branding, marketing, sale, promotion, distribution, Suspicious Order monitoring or pharmacovigilance relating to Your generic and name-brand pharmaceutical drug products, including Opioid Products, and Your corporate relationship to those subsidiaries.

RESPONSE TO INTERROGATORY NO. 2:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement

---

[2]     Allergan plc responds only to those interrogatories identified in Special Master Cohen's April  3, 2019 Ruling Regarding Jurisdictional Discovery on Defendants Allergan, Teva and Mallinckrodt. [Dkt No. 1512].

Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc identifies the following indirect subsidiaries that sell the Allergan Opioids Products identified in the Complaints in the United States:

- Allergan Sales, LLC

- Allergan USA, Inc.

INTERROGATORY NO. 3:

For each subsidiary identified in Your response to Interrogatory No. 2, identify the role and operations of each entity with regard to the development, testing, regulatory approval, manufacture, branding, marketing, sale, promotion, distribution, Suspicious Order monitoring or pharmacovigilance relating to Your generic and name-brand pharmaceutical drug products, including Opioid Products.

RESPONSE TO INTERROGATORY NO. 3:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio,

the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc further objects to the extent this interrogatory is not limited to the Allergan opioids identified in the Complaint as irrelevant, overly broad, and unduly burdensome.

Subject to and without waiving its objections, no Allergan plc subsidiaries are involved in the manufacture or distribution of Schedule II opioid products.  Allergan USA, Inc. books revenue related to the sales of Kadian® and Norco®.  Allergan Sales, LLC employs the pharmacovigilance and regulatory group that oversees Kadian® and Norco®.

INTERROGATORY NO. 4:

Identify Your employees in the United States who are involved in the development, testing, approval, manufacture, marketing, sale, promotion, distribution, Suspicious Order monitoring or pharmacovigilance relating to Your generic and name-brand pharmaceutical drug products, including Opioid Products.

RESPONSE TO INTERROGATORY NO. 4:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons,

Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to employees involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, based on a reasonable good faith investigation, Allergan plc states that it does not have and has never had any employees.

INTERROGATORY NO. 5:

Identify all employees hired and terminated in the United States as a result of decisions by You to hire and terminate those employees, including, but not limited to, the employees of Your direct and indirect subsidiaries.

RESPONSE TO INTERROGATORY NO. 5:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not

proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to employees involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, based on its current investigation, Allergan plc is not aware of any employees hired and terminated in the United States as a result of decisions by Allergan plc.  Allergan plc was and is a holding company whose assets consisted of equity positions in various operating companies.  Allergan plc did not hire or terminate employees.  The direct and indirect subsidiaries that were operating companies were responsible for the hiring and firing of their own employees.

INTERROGATORY NO. 8:

Identify all Persons who were involved in conducting any due diligence with regard to Your business combination with Warner Chilcott in 2013 and the creation of Actavis plc for the purpose of facilitating that business combination, including Your employees, vendors and other third parties that conducted or assisted in conducting the due diligence.

RESPONSE TO INTERROGATORY NO. 8:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss

12

for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc further objects to the extent this interrogatory seeks information regarding third parties or persons not employed by Allergan plc.  Allergan plc objects to the extent that this Interrogatory is not limited to the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc was incorporated in Ireland on May 16, 2013, in conjunction with the Warner Chilcott plc business combination entered into on May 19, 2013.  Because it was created just three days before the deal closed, Allergan plc was not involved in the due diligence with regard to the Warner Chilcott business combination.

INTERROGATORY NO. 11:

Identify Persons on Your Board of Directors ("Board") and the Identity, composition and responsibilities of any Board committees, task forces or working groups comprised of Board members related to Your generic and name-brand pharmaceutical drug products, including Opioid Products.

RESPONSE TO INTERROGATORY NO. 11:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons,

Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to employees involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc's Board of Directors includes:

- Nesli Basgoz, M.D.
- Joseph H. Boccuzi
- Christopher W. Bodine
- Adriane M. Brown
- Christopher J. Coughlin
- Carol Anthony (John) Davidson
- Thomas C. Freyman
- Michael E. Greenberg, PhD
- Robert J. Hugin
- Catherine M. Klema
- Peter J. McDonnell, M.D.

Allergan plc does not have any board committees, task forces, or working groups comprised of Board members, specifically related to opioids. In the ordinary course of its business as a holding company, Allergan plc does engage in appropriate high level oversight of all of the operations of its subsidiaries as consistent with best corporate governance practices.

<u>INTERROGATORY NO. 12</u>:

Identify all of Your databases that in any way contain data with regard to clinical research or testing, marketing, sales, pharmacovigilance, finance, accounting, and revenues and profits from the sale of Opioid Products in the United States.

RESPONSE TO INTERROGATORY NO. 12:

      Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland. Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

      Allergan plc further objects to the extent this interrogatory is not limited to the Allergan opioids identified in the complaint. Allergan plc objects to the phrase "in any way contain data" as vague and overly broad.

      Subject to and without waiving its objections, Allergan plc is a holding company, which exists for the purpose of holding shares of other companies. In the interest of efficiency, and consistent with standard practice in corporate groups, Allergan plc and affiliates store email and other documents on common, shared servers. Because of the way Allergan plc and its affiliates store documents and the fact that documents in this litigation were collected from shared servers, there is no practical way for Allergan plc to identify for any document or database which specific corporate entity it was produced by or for. Based on its investigation to date, Allergan plc has not identified any databases that are owned by Allergan plc.

INTERROGATORY NO. 13:

Identify all of Your current or former employees or consultants, or anyone else working on Your behalf, who were responsible for testing the safety and efficacy of Opioid Products for long-term use or for chronic pain, or who received reports, test results, studies or any other documentation regarding the testing of the safety and efficacy of Opioid Products for long-term use, chronic pain or long-term use and the results of any such testing.

RESPONSE TO INTERROGATORY NO. 13:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to employees involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.  Allergan plc objects to the extent this interrogatory seeks information about entities or persons outside of Allergan plc's control.

Subject to and without waiving its objections, Allergan plc is a holding company, which exists for the purpose of holding shares of other companies. Based on a reasonable good faith investigation, Allergan plc states that it does not have and has never had any employees.

INTERROGATORY NO. 19:

Identify all reports or the like that were given to the Board regarding Your generic or name brand pharmaceutical drug products, including Opioid Products, for the United States, including, but not limited to, reports regarding:
a) Sales;
b) Lobbying efforts;
c) Safety and efficacy of Opioids or Your Opioid Products;
d) Submissions to the U.S. Food and Drug Administration ("FDA") or Drug Enforcement Administration ("DEA");
e) Documents, studies, reports, data or other information that You did not submit to the FDA or DEA;
f) Abuse potential for Opioids or Your Opioid Products;
g) Reports of abuse, misuse, diversion, addiction or dependence regarding Opioids or Your Opioid Products;
h) Government investigations regarding Opioids or Your Opioid Products; and
i) Sales and marketing of Opioids or Your Opioid Products.

RESPONSE TO INTERROGATORY NO. 19:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not

proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc further objects to the extent this interrogatory seeks reports beyond those regarding the Allergan opioids identified in the complaint as irrelevant, unduly broad, and not proportional to the needs of the case.  Special Master Cohen's April 3, 2019, ruling specifically limited this interrogatory solely to Allergan's Opioid Products.

Subject to and without waiving its objections, Allergan plc has already responded to this Request in its November 15, 2018 Written Response to Topic No. 23., and incorporates that response here.

INTERROGATORY NO. 22:

Identify Your office locations in the United States.

RESPONSE TO INTERROGATORY NO. 22:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be

required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this Interrogatory is not limited to offices involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc has no office locations in the United States.

INTERROGATORY NO. 24:

Identify all lawsuits filed by You in the United States in the past five years, including the case name, court, case number, date filed and disposition status.

RESPONSE TO INTERROGATORY NO. 24:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Subject to and without waiving its objections, Allergan plc is a holding company, which exists for the purpose of holding shares of other companies.  Based on its investigation to date, Allergan plc has not filed a lawsuit in the United States in the past 5 years.

INTERROGATORY NO. 25:

Identify all Your current or former employees working in Ireland and the departments, groups or divisions in which they work.

RESPONSE TO INTERROGATORY NO. 25:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this interrogatory is not limited to employees involved with the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc is a holding company, which exists for the purpose of holding shares of other companies. Based on a reasonable good faith investigation, Allergan plc states that it does not have and has never had any employees.

INTERROGATORY NO. 26:

Describe the cash management systems and procedures employed by You and each of Your direct and indirect subsidiaries since May 16, 2013, and include in the description a description of all procedures and mechanisms in place to segregate the cash of each of You and any of Your direct or indirect subsidiaries to otherwise prevent the commingling of such cash.

RESPONSE TO INTERROGATORY NO. 26:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland.  Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent this interrogatory is not limited to Allergan plc's subsidiaries involved with Allergan's opioid products in the United States as irrelevant, unduly broad, and not proportional to the needs of the case.

21

Subject to and without waiving its objections, Allergan plc states that it does not have any bank accounts. Several of its direct or indirect subsidiaries have their own bank accounts. Cash from those accounts is swept into a general account at the end of every day. However, each subsidiary maintains separate books, records, and balance sheets that reflect the cash that is owned by each respective subsidiary. Consistent with best corporate practices, funds transferred from a subsidiary's account to a centralized cash management account are recorded as credits to the subsidiary. These funds remain assets on the balance sheets of the relevant subsidiary and such funds are returned to the subsidiary on request.

INTERROGATORY NO. 27:

Describe all actions taken by Your Board or any committee thereof since May 16, 2013, to oversee: (i) the making and selling of pharmaceutical products, such as Opioids; (ii) the making of complex judgments associated with managing risks associated with operating Your business; or (iii) the ensuring of compliance with laws and regulations in the operation of Your business.

RESPONSE TO INTERROGATORY NO. 27:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland. Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio, the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be

required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this interrogatory is not limited to the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case. Allergan plc objects to the request for a description of "all actions" as overbroad and vague. Allergan plc objects to the phrase "making of complex judgments associated with managing risks" as vague, overbroad, and not proportional to the needs of the case.

Allergan plc objects to subparts (ii) and (iii) of this Interrogatory as overbroad, irrelevant, and unduly burdensome and does not respond to those subparts.

Subject to and without waiving its objections, Allergan plc is a holding company, which exists for the purpose of holding shares of other companies. It has taken no specific actions responsive to subpart (i) of this Interrogatory beyond the normal oversight duties provided by the Board with respect to the operations of the company generally. Documents containing information responsive to this request have already been produced at ALLERGAN_MDL_03363459 to ALLERGAN_MDL_03365956.

INTERROGATORY NO. 28:

Identify the location where each member of Your executive team maintains his or her primary office.

RESPONSE TO INTERROGATORY NO. 28:

Allergan plc incorporates its Preliminary Statement and Objections to Definitions and Instructions. Allergan plc objects to this Interrogatory on the grounds that Allergan plc is an Irish holding company headquartered in the Dublin, Ireland. Allergan plc has no office, property, employees, or registered agent in Ohio and does not and cannot transact or solicit any business in Ohio. At no time has Allergan plc marketed, sold, manufactured, or distributed prescription opiates in Ohio,

the United States, or anywhere else, nor has it ever been registered with the U.S. Drug Enforcement Administration to manufacture or sell Opioids in the United States. For these and other reasons, Allergan plc is not subject to personal jurisdiction in these actions and has filed a motion to dismiss for lack of personal jurisdiction, which is currently pending before the Court. Accordingly, the time and preparation it would take to prepare a response to this Interrogatory is unduly burdensome and not proportional to the needs of the case. Allergan plc should not be required to respond unless and until the Court determines it has personal jurisdiction over Allergan plc.

Allergan plc objects to the extent that this interrogatory is not limited to the Allergan opioids identified in the Complaint as irrelevant, unduly broad, and not proportional to the needs of the case.

Subject to and without waiving its objections, Allergan plc's Executive Leadership Team maintain primary offices in Madison, New Jersey.

DATED: May 11, 2019

Respectfully Submitted,

/s/ Timothy W. Knapp
Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Specially Appearing Attorneys for Allergan
plc*