PSJ10 Exh 74

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## OHIO EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | |
| OPIATE LITIGATION | ) | |
| | ) | MDL No. 2804 |
| This document relates to: | ) | |
| | ) | Case No. 17-md-2804 |
| *All Cases* | ) | |
| | ) | |
| | ) | Hon. Dan Aaron Polster |
| | ) | |
| | ) | |

## ALLERGAN FINANCE, LLC'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) AND DOCUMENT REQUEST PURSUANT TO RULE 30(B)(2) AND RULE 34

Pursuant to Federal Rules of Civil Procedure 26, 30 and 34 as well as Case Management Order One (Dkt. No. 232) as well as the Order Establishing Deposition Protocol (Dkt. No. 643) in *In re: National Prescription Opiate Litigation*, Defendant Allergan Finance, LLC (f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.) ("Allergan Finance")[1] hereby provides amended responses and

---

[1]    In addition to Allergan Finance, Plaintiffs' Requests are directed to "Watson Laboratories, Inc."; "Actavis LLC"; and "Actavis Pharma, Inc. f/k/a Watson Pharma, Inc." These entities are no longer affiliated with Allergan Finance. Rather, they were sold to Teva Pharmaceutical Industries Ltd. ("Teva") in August 2016. Allergan Finance is not responding to Plaintiffs' interrogatories on behalf of these other entities. The Requests were also served on Allergan plc f/k/a Actavis plc. Allergan plc is an Irish entity that is not subject to jurisdiction in the United States and has not been served with process in this case.  Plaintiffs have agreed that Allergan plc f/k/a Actavis plc has no obligation to respond to these Requests at this time. See May 19, 2018 email of Plaintiffs' counsel Jayne Conroy (stating that Plaintiffs "agree that Allergan PLC is not subject to the discovery deadlines set forth in CMO One at this time.").  The Requests also purport to have been served on "Allergan Pharmaceuticals Inc." and "Allergan Health Solutions Inc." We have not been able to identify any entity named "Allergan Pharmaceuticals Inc." or "Allergan Health Solutions Inc." In any case, neither is a named Defendant in any of the Track 1 cases. Accordingly, there will be no testimony on behalf of either of these entities pursuant to Plaintiffs' Notice. Notwithstanding these objections, Allergan Finance states that in responding to these discovery requests and conducting its discovery investigation, Allergan Finance has searched custodial and non-custodial sources regardless of whether those documents or information are owned by Allergan Finance or another Allergan affiliate. Allergan Finance has not limited its searches to Allergan Finance or employees who are Allergan Finance employees. Indeed, many of the custodians from whom documents and information are being produced were never employed by Allergan Finance. Further, Allergan Finance is not withholding responsive, non-privileged documents or information from affiliated entities or employees working for affiliated entities, including Allergan plc. Rather, Allergan Finance sought documents and information from

1

objections to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6) and Document Request Pursuant to Rule 30(b)(2) and Rule 34 (the "Requests").[2]

## PRELIMINARY STATEMENT

Allergan Finance responds to these Requests to preserve its rights and objections. By answering these Requests, Allergan Finance does not concede but rather specifically denies that the operative Complaints are adequately pled or state a legally sufficient claim for relief. Allergan Finance does not waive or otherwise relinquish in any way its right to move to dismiss the claims asserted against it. Moreover, Allergan Finance's investigation is ongoing. Allergan Finance specifically reserves the right to further supplement and amend these Responses and Objections to the extent appropriate.

Allergan Finance objects to all of the below topics to the extent they seek information regarding any opioids other than Kadian®, and for any time-period prior to December 2007, a full year before Kadian® was acquired. Due to the length of time that has passed since Allergan Finance promoted any other Schedule II opioid, detailed information about products other than Kadian® may no longer be reasonably available, and even if available, will take time to collect and review. However, Allergan Finance will prepare a witness to testify about Kadian® and Norco® in response to Topics 3-6, 8-16, 19, 21, 27, 29, 30, 32-33, 35-36, 37-40, 42, 44, and 47, subject to its objections. Based on its agreement with Plaintiffs, Allergan Finance will prepare a written response to Requests 1, 2, 7, 17-18, 20, 22-26, 28, 31, 34, 41, 43, 45-46 and 48, subject to its objections.

---

custodial and non-custodial sources currently available to it that are believed to have potentially relevant information and has, or is in the process of, providing all such information through written or oral testimony.

[2] Plaintiffs have served a "Notice of Deposition Pursuant to Rule 30(b)(6)" and two "Amended Notices of Deposition Pursuant to Rule 30(b)(6)" on Allergan Finance, one on June 5, 2018 and another on June 29, 2018. Allergan Finance responds here to the latest Amended Notice served on June 29, 2018, which supplants and replaces the Notice served on June 4, 2018 and the Amended Notice served on June 5, 2018.

Additionally, Allergan is not able to prepare a witness to testify about each of the requested topics with respect to generic opioids because the documents, databases, and employees that are needed to prepare a witness to testify about generic opioids are no longer in Allergan's possession given the sale of the entire generics business to Teva in 2016.  In addition, as provided under the Master Purchase Agreement for this transaction and a related 2018 Settlement Agreement, Teva has the sole right and obligation to defend against all claims relating to generic opioids.  Nonetheless, based on its agreement with Plaintiffs, Allergan Finance will prepare a written response to Topic 43, subject to its objections, regarding the sale of generic opioids to Teva.

## OBJECTIONS TO INSTRUCTIONS

1.      Allergan Finance asserts the following Objections to the Instructions.  These Objections are incorporated by reference in the specific responses set forth below and are neither waived nor limited by the specific responses.

2.      Allergan Finance objects to the time and place of the deposition set forth in the Notice.  Allergan Finance will produce one or more witnesses at a time and place to be mutually agreed upon by the parties.

3.      Allergan Finance objects to Plaintiffs' "request that Allergan produce at each deposition a copy of the designated representative's current curriculum vitae or resume for the purposes of inspection and/or photocopying" as not permitted by the Federal Rules of Civil Procedure or the Court's Case Management Order One.  *See* Dkt. No. 232 at § 9(a) ("No party may conduct any discovery of another party in this MDL proceeding not expressly authorized by this Order absent further Order of this Court or express agreement of the parties.").  Nonetheless, Allergan Finance's designated witness or witnesses will provide CVs to the extent they exist; witnesses will not create a CV for the purpose of this deposition.

3

4.      Allergan Finance objects to Plaintiffs' instructions regarding the "Duty to Designate," "Duty to Substitute," and "Duty to Prepare" to the extent those instructions purport to impose obligations that are inconsistent with the Federal Rules of Civil Procedure, including Rule 30, or any other applicable rule, law or order of this Court.  In particular, Allergan Finance objects on this basis to Plaintiffs' statement that "[a]n inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear." Allergan Finance will fully comply with its obligations under applicable rules and law and will prepare a witness or witnesses to testify about information known or reasonably available to Allergan Finance.

5.      Allergan Finance objects to Plaintiffs' definition of the "Relevant Time Period" as "1999 to the present, inclusive" as overly broad, unduly burdensome, as seeking irrelevant information, and as not proportional to the needs of this case.  Nonetheless, in light of Special Master Cohen's June 30, 2018 order, Allergan Finance will use all reasonably available means to prepare a witness to offer testimony for the timeframe requested.  Allergan Finance specifically notes that it is significantly prejudiced in trying to do so on the timing required by the Court and Plaintiffs.

6.      Allergan Finance objects to Plaintiffs' assertion that its Requests are the "minimum to which a witness must be prepared to testify" as inconsistent with Federal Rule of Civil Procedure 30(b)(6), which requires that a notice "must describe with reasonable particularity the matters for examination." Allergan Finance's designated witness or witnesses will be prepared to testify to the topics on which the parties agree and will not be prepared to and will not testify regarding any other topics.

7.      Allergan Finance objects to the instruction that "Allergan shall designate and produce a representative or representatives, as may be required, who are knowledgeable and prepared to testify fully on behalf of Purdue . . ."  Allergan Finance will designate a representative or representatives to testify on behalf of Allergan Finance consistent with Federal Rule of Civil Procedure 30.

## OBJECTIONS TO DEFINITIONS

1.      Allergan Finance asserts the following Objections to the Definitions.  These Objections are incorporated by reference in the specific responses set forth below and are neither waived nor limited by the specific responses.

2.      Allergan Finance objects to the definition of the term "Communication" to the extent it purports to call for "with respect to oral communications," "any document evidencing such oral communications," as vague, ambiguous, overly broad and unduly burdensome.  Allergan Finance will interpret the term "Communication" in accordance with its common meaning.

3.      Allergan Finance objects to the term "Complaint" as the "most recently filed complaint in this Action," because Action is separately defined as "*In re National Prescription Opiate Litigation*, No. 18-OP-45332-DAP (N.D. Ohio)," which has many hundreds of complaints. Allergan Finance will interpret the term "Complaint" to refer to the operative Complaints in the three Track One cases.

4.      Allergan Finance objects to the definition of the term "Marketing" to the extent the definition refers to the mere "selling" or "providing information" about products as vague, ambiguous, overly broad and unduly burdensome as well as inconsistent with its common meaning.  Allergan Finance will interpret the term "Marketing" in accordance with its common meaning.

5

5.      Allergan Finance objects to the definition of the terms "Opioid(s)" and "Opioid Products" to the extent they purport to require Allergan Finance to provide information and responses regarding any other opioids aside from Kadian®.  Nonetheless, in light of Special Master Cohen's June 30, 2018 order, Allergan Finance will use all reasonably available means to prepare a witness to offer testimony regarding all of Allergan Finance's Kadian® and Norco®.  Allergan Finance specifically notes that it is significantly prejudiced in trying to do so on the timing required by the Court and Plaintiffs.

6.      Allergan Finance objects to the definition of the terms "You," "Your" and "Allergan" as including not only Allergan Finance but also other entities and individuals as vague, ambiguous, overly broad, and unduly burdensome.  Allergan Finance will respond on behalf of itself only and only using information that is known or reasonably available to Allergan Finance. In particular, Allergan Finance objects to Plaintiffs' inclusion of "Allergan Pharmaceuticals Inc." and "Allergan Health Solutions Inc." in its definition of these terms as vague and ambiguous, as it is not clear to which organizations or entities Plaintiffs are referring.

7.      Allergan Finance objects to Plaintiffs' definition of "capitalized terms used but not defined herein" as "hav[ing] the same meaning assigned to them in the Complaint if any such meaning was provide therein." Allergan Finance will interpret any undefined terms in accordance with their common meaning.

8.      Allergan Finance objects to the term "CSA" as "inclusive of all regulations adopted thereunder." Allergan Finance will interpret the term "CSA" to refer to the Comprehensive Drug Abuse Prevention and Control Act of 1970.

## GENERAL OBJECTIONS

1.      Allergan Finance asserts the following General Objections to the Requests. These General Objections are incorporated by reference in the specific responses set forth below and are neither waived nor limited by the specific responses.

2.      Any response indicating that information will be provided is not a representation that Allergan Finance has knowledge of the subject matter set forth in the Request. The objections and responses herein are based on Allergan Finance's present knowledge, information and belief, and based upon information reasonably available to Allergan Finance at this time. Allergan Finance reserves the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.

3.      Allergan Finance objects to each Request to the extent it fails to comply with, or seeks to impose obligations in excess of, the Federal Rules of Civil Procedure, the Local Rules of this Court, the Case Management Orders entered by the Court in this case, or any other applicable law or rule. In particular, Allergan Finance objects to the extent that the Notice purports to impose burdens on Allergan Finance beyond the requirements of Federal Rule of Civil Procedure 30(b)(6).

4.      Allergan Finance objects to each Request to the extent it calls for information that is not known or reasonably available to it.

5.      Allergan Finance objects to each Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or does not describe the matters for examination with reasonable particularity.

6.      Allergan Finance objects to each Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, protection, or doctrine, including the joint defense or

common interest privilege.  Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

7.      Allergan Finance objects to each Request to the extent it seeks information that is not within Allergan Finance's possession, custody, or control, or that is in Plaintiffs' possession, or publicly available, or available from another source that is less burdensome and more convenient.

8.      In providing objections herein and/or through producing any witness at any deposition on Allergan Finance's behalf, Allergan Finance does not waive any objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided.  Allergan Finance reserves the right to object on any ground to the use of any information provided.  Allergan Finance reserves the right to object on any ground to the use of any information furnished in response to the Notice during this litigation.

9.      Allergan Finance objects to the Requests to the extent that they seek premature expert testimony or disclosures.  Allergan Finance expressly reserves the right to supplement these responses and its testimony as necessary.

10.     Allergan Finance objects to the Requests to the extent that they seek to limit the documents or information that Allergan Finance may rely upon at trial in this litigation.  Allergan Finance's fact investigation, discovery, and trial preparation in connection with the case are continuing, and Allergan Finance's responses as well as any information provided are limited to information obtained and reviewed to date.  As a result, Allergan Finance's responses are given without prejudice to Allergan Finance's right to amend, modify or supplement its responses as well as any information provided after considering information obtained or reviewed through

further discovery or investigation, and Allergan Finance reserves the right to provide and rely on additional information in response to these Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 1:** The Persons holding executive level positions in Your sales, Marketing, research and development, compliance, budgeting, and finance divisions. This includes the identity of the Persons who lead Your divisions (or other organizational unit) in the following areas or positions (or title equivalent to the following categories):

(a)     Chief Executive Officer;

(b)     Chief Financial Officer;

(c)     Chief Operating Officer;

(d)     General Counsel;

(e)     Sales;

(f)     Marketing;

(g)     Compliance;

(h)     Sales or Marketing Training;

(i)     Government Affairs;

(j)     Medical Director; and

(k)     Research and Development.

**AMENDED RESPONSE TO TOPIC NO. 1:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

9

Subject to and without waiving its objections, Allergan Finance will provide a written response identifying the primary executives at Allergan Finance to the extent this information is reasonably available.

**TOPIC NO. 2:** The identity of Your Board of Directors and the composition and responsibilities of any Board committees, task forces, or working groups comprised of Board members related to Opioids or Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 2:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will provide a written response identifying the Board of Directors at Allergan Finance, as well as a general description of any committee or other such subdivision focused on opioids, to the extent this information is reasonably available.

**TOPIC NO. 3:** The structure of Your sales and/or Marketing departments for Opioid Products, including the job responsibilities for each position in Your sales and Marketing departments, the lines of direct or indirect reporting for each position, and whether the position's compensation is based in whole or in part on levels of sales of Controlled Substances or Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 3:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony

10

regarding a number of broadly worded topics over two decades, including detailed information regarding "job responsibilities for each position in Your sales and Marketing departments," "the lines of direct or indirect reporting for each position," and whether the position's compensation is based in whole or in part on levels of sales of Controlled Substances or Opioid Products."  Finally, Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will designate a witness to provide testimony regarding a general description of (i) the sales and marketing departments for Allergan Finance with respect to Kadian® and Norco®, (ii) the roles of employees in these departments, and (iii) the lines of reporting for these departments, to the extent this information is reasonably available.

**TOPIC NO. 4:**        The identities of all Persons in Your sales department whose responsibilities included the Branded or Unbranded Marketing or sales of Opioids or Opioid Products, including the job responsibilities for each Person, their direct or indirect reports, the existence and location of their performance reviews (annual or otherwise) and the existence and location of records of any employment decisions (*e.g.*, the basis for any promotions, demotions, raises, admonitions, disciplinary decisions, hiring, or firing) and for each position, whether their compensation is based, in whole or in part, on levels of sales of Controlled Substances or Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 4:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

11

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identity and a general description of the primary individuals in the sales and marketing departments for Allergan Finance whose responsibilities include(d) the marketing or sales of Kadian® and Norco®, to the extent this information is reasonably available.  For each individual, Allergan Finance agrees to identify, to the extent reasonably available, each individual's job title, whether a personnel file exists that contains performance reviews and employment decisions, and whether the individual's compensation was based on the sale of Kadian® and Norco®.

**TOPIC NO. 5:**        Identification of Your policies and procedures Concerning Your duties under the CSA or state and local laws and regulations Concerning the Diversion of Opioids as well as any Persons or committees tasked with detecting Diversion of Opioids, or Suspicious Orders and whether the position's compensation was based, in whole or in part, on levels of sales of Controlled Substances or Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 5:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Further, Allergan Finance objects to this Request to the extent it assumes that Allergan Finance currently has any such "duties." Allergan Finance further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding a number of discrete topics, including detailed information regarding "policies and procedures," "any Persons or committees tasked with detecting Diversion of Opioids, or Suspicious Orders," and individuals' compensation.  Finally, Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

12

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identity of policies and procedures related to Allergan Finance's suspicious order monitoring programs, to the extent reasonably available.  Allergan Finance further agrees to identify the primary persons involved with these suspicious order monitoring programs and whether their compensation was based, in whole or in part, on sales of Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 6:**      Identification of Your policies and procedures for, and the identities of all Persons responsible for, monitoring Suspicious Orders or potential Diversion of Opioids or Opioid Products or for auditing or investigating Suspicious Orders or potential Diversion of Opioids or Opioid Products and (a) identification of Your system(s) or processes to disclose Suspicious Orders of Opioids or report potential Diversion of Opioids or Opioid Products; and (b) identification of Your system(s) or processes to report or halt sales to those involved in any Suspicious Orders of Opioids or Opioid Products or potential Diversion of Opioids or Opioid Products.  This Topic also seeks information regarding any and all third parties, including UPS or any other third party, who performed these functions on Your behalf as well as all Persons who interacted with UPS or any other third party.

**AMENDED RESPONSE TO TOPIC NO. 6:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding a number of discrete topics, including "[i]dentification" of "policies and procedures," "Persons responsible for," and "identification of Your system(s) or processes."

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identification of Allergan Finance's policies and procedures regarding the

13

monitoring of suspicious orders of Kadian® and Norco®, as well as the identities and a general description of the roles of individuals and/or third parties involved with the monitoring of suspicious orders, to the extent reasonably available.

**TOPIC NO. 7:**  The identity of all Persons who were responsible for testing the safety and efficacy of Opioid Products for long-term use or for chronic pain, or who received reports, test results, studies or any other documentation regarding the testing of the safety and efficacy of Opioid Products for long-term use or for chronic pain.

**AMENDED RESPONSE TO TOPIC NO. 7:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will provide a written response identifying the primary individuals involved with efforts regarding the safety and efficacy of Kadian® and Norco® since Allergan Finance owned these opioids.  For clarity, Allergan Finance does not agree to provide information about testing regarding safety or efficacy that were completed prior to the date Allergan Finance's predecessors acquired Kadian®, and does not agree to provide information about testing regarding safety or efficacy of branded versions of generic opioids owned by Allergan Finance's predecessors.

**TOPIC NO. 8:**  The identity of the Persons responsible for developing or implementing training for Your sales and Marketing departments, including for developing or implementing any written materials or instructions to Your Marketing or sales people regarding promoting or selling Opioids or Opioid Products or for developing or implementing any training on

14

identifying, reporting, or investigating the possible Diversion of Opioids or Opioid Products or identifying, investigating, or reporting Suspicious Orders.

**AMENDED RESPONSE TO TOPIC NO. 8:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identity of the primary individuals who provided training to (i) individuals who promoted Kadian® and Norco® (to the extent there were any) and (ii) individuals who were involved in the suspicious order monitoring program for Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 9:**        The identity of all Persons responsible for setting compensation for Your sales force and the components of that compensation for each year.

**AMENDED RESPONSE TO TOPIC NO. 9:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identity of the primary Persons involved with setting compensation for individuals who promoted Kadian® and Norco® (to the extent there were any) and the components of that compensation, to the extent reasonably available.

**TOPIC NO. 10:**        Identification of Your policies and procedures for, and the identity of all Persons responsible for, interacting with the U.S. Food and Drug Administration ("FDA"), the DEA, the U.S. Department of Justice, or other state and federal government agencies.

**AMENDED RESPONSE TO TOPIC NO. 10:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance also objects to the extent this Topic calls for information, including that regarding "interacting with . . . the U.S. Department of Justice" as well as numerous other "state and federal government agencies" that is irrelevant to Plaintiffs' claims.  Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance will designate a witness to identify current written policies and procedures regarding Allergan Finance's interaction with the FDA and the DEA relating to Kadian® and Norco® as well as the identity of the primary individuals involved with Allergan Finance's interaction with the FDA and the DEA relating to Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 11:**        Your relationship with, compensation paid by You to, and  the identity of the Persons who interacted with, the following Person(s)/entity(s) regarding Opioids or Opioid Products:

(a)        American Academy of Pain Medicine;

(b)        American Pain Society;

(c)        American Pain Foundation;

(d)        American Geriatrics Society;

(e)        American Chronic Pain Association;

16

(f)  American Society of Pain Educators;

(g)  The National Pain Foundation;

(h)  Pain and Policy Studies Group;

(i)  Federation of State Medical Boards;

(j)  American Society of Pain Management Nursing;

(k)  Academy of Integrative Pain Management;

(l)  U.S. Pain Foundation;

(m)  Cancer Action Network;

(n)  Washington Legal Foundation;

(o)  The Center for Practical Bioethics;

(p)  The Joint Commission;

(q)  Pain Care Forum;

(r)  Russell Portenoy, M.D.;

(s)  Perry Fine, M.D.;

(t)  Scott Fishman, M.D.;

(u)  Lynn Webster, M.D.;

(v)  Mitchell Max, M.D.;

(w)  J. David Haddox, M.D.;

(x)  Barry Cole, M.D.;

(y)  Joseph Pergolizzi, M.D.;

(z)  Willem Scholten; and

(aa)  Alan Spanos, M.D.

**AMENDED RESPONSE TO TOPIC NO. 11:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding a general description of its relationship with the listed individuals and entities (to the extent a relationship exists) for the purpose of promoting Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 12:**    The identity of any Person or entity, including any third party or any Defendant in this Action, who provided You with sales, distribution or prescribing data about Opioids or Opioid Products and the Person(s) who were the point of contact for each entity and the type of data provided by each.

**AMENDED RESPONSE TO TOPIC NO. 12:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "any" such individual or entity; Allergan Finance agrees to provide information regarding the primary such entities or individuals.  Further, Allergan Finance objects to the phrase "sales, distribution, or prescribing data" as vague and ambiguous in this context; Allergan Finance interprets these terms to refer to data regarding prescriptions of Kadian® and Norco®.

Subject to and without waiving its objections, Allergan Finance will designate a witness to identify any Person or entity, including any third party or any Defendant in this Action, who provided Allergan Finance with sales, distribution or prescribing data about Kadian® and Norco® and the Person(s) who were the point of contact for each entity and the type of data provided by each, to the extent reasonably available.

**TOPIC NO. 13:**    The identity of all Persons who received, reviewed, analyzed, or prepared reports for You using sales, distribution or prescribing data about Opioids or Opioid Products, from the following entities:  IQVIA Holdings, Inc.; IMS Health; QuintilesIMS; IQVIA;

18

Pharmaceutical Data Services; Source Healthcare Analytics; NDS Health Information Services; Verispan; Quintiles; SDI Health; ArcLight; Scriptline; Wolters Kluwer; and/or PRA Health Science, and all of their predecessor or successor companies, subsidiaries, or affiliates.

**AMENDED RESPONSE TO TOPIC NO. 13:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "all" such "Persons" who "received, reviewed, analyzed or prepared reports" using data from a large number of sources.

Subject to and without waiving its objections, Allergan Finance will designate a witness to identify Persons who received, reviewed, analyzed, or prepared reports for Allergan Finance using sales, distribution or prescribing data about Kadian® and Norco® from the entities identified in this topic, to the extent reasonably available.

**TOPIC NO. 14:** The identity of any Defendants or third parties to whom You provided sales, distribution, or prescribing data about Opioids or Opioid Products, the Person(s) who provided that information to Defendants and third parties, and the Person(s) who was the point(s) of contact for each of those Defendants or third parties.

**AMENDED RESPONSE TO TOPIC NO. 14:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to the term Defendants, in this context, as vague and ambiguous, because Allergan Finance was previously affiliated with several Defendants with which it is no longer affiliated; accordingly, Allergan Finance will interpret the term "Defendants" in this context to include only entities with whom Allergan Finance has never been affiliated. Allergan Finance objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "any" such

"Defendants or third parties" as well as the "Person(s) who was the point(s) of contact for each of those entities."

Subject to and without waiving its objections, Allergan Finance will designate a witness to identify Defendants or third parties to whom Allergan Finance provided sales, distribution, or prescribing data about Kadian® and Norco®, the Person(s) who provided that information to Defendants and third parties, and the Person(s) who was the point(s) of contact for each of those Defendants or third parties, to the extent reasonably available.

**TOPIC NO. 15:**        The identity of any data vendors, miners, or providers that You had or have a relationship with Concerning Controlled Substances, Opioids, or Opioid Products and identification of the services or data vendor, miner, or provider provided to You or You provided to the data vendor, miner, or provider.

**AMENDED RESPONSE TO TOPIC NO. 15:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance further objects to this Request, particularly the terms "data vendors, miners, or providers," as vague and ambiguous in this context.

Subject to and without waiving its objections, Allergan Finance is interpreting this request as seeking testimony regarding the entities who do or have provided Allergan Finance with data about Kadian® and Norco®.  Allergan Finance agrees to designate a witness to identify the entities who do or have provided Allergan Finance with data about Kadian® and Norco®.

**TOPIC NO. 16:**        The identity of all Persons who were responsible for representing You or who participated in, or were responsible for coordinating, managing, or directing Your participation in, the Healthcare Distribution Management Alliance ("HDMA," now known as the

Healthcare Distribution Alliance, "HAD").  This includes the identity of Persons who attended HDMA meetings on Your behalf.

**AMENDED RESPONSE TO TOPIC NO. 16:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to the phrases "responsible for representing You or who participated in," "were responsible for coordinating, managing or directing Your participation in," and "attended HDMA meetings on Your behalf" as assuming facts not in evidence.

Subject to and without waiving its objections, Allergan Finance will designate a witness to identify the Persons who were responsible for representing Allergan Finance or who participated in, or were responsible for coordinating, managing, or directing Allergan Finance's participation in the Healthcare Distribution Management Alliance, to the extent reasonably available.

**TOPIC NO. 17:**  Identification of any databases, lists, or Documents containing information about members of the FDA or U.S. Congress who have been lobbied by or were the subject of any Lobbying efforts and/or governmental affairs activities undertaken by You and the type of information found in the database(s), the network(s), and/or computer system(s) which holds the database(s), the software used to create and maintain the database(s), and the identity of the Persons responsible for maintaining the records or database(s).

**AMENDED RESPONSE TO TOPIC NO. 17:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance further objects to this Request as calling for information that is not relevant to Plaintiffs' claims against Allergan Finance.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying any database or list containing information about members of the FDA or U.S.

Congress who have been lobbied by Allergan Finance related to Kadian® and Norco® as well as a description of the database and how it operates, to the extent reasonably available.

**TOPIC NO. 18:**       All donations or payments Concerning Opioids or Opioid Products to: (a) Lobbyists; (b) Persons or entities named in the Complaint; or (c) Persons who disseminated information about prescription Opioids to prescribers or the public on Your behalf and the identity of all Persons responsible for such donations or payments.

**AMENDED RESPONSE TO TOPIC NO. 18:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic to the extent it requests information regarding "[l]obbyists" as irrelevant to Plaintiffs' claims and allegations as to Allergan Finance and as not proportional to the needs of this case.  Allergan Finance objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding "all" such "donations or payments" as well as all "Persons or entities" named in the "Complaint" (which, by Plaintiffs' definition, appears to includes hundreds of complaints).  Allergan Finance further objects to this Topic as vague and ambiguous.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying (i) donations and payments made to Lobbyists concerning Kadian® and Norco®, to the extent reasonably available; (ii) donations and payments made to Persons or entities named in the Complaint regarding the promotion of Kadian® and Norco®, to the extent reasonably available, and (iii) donations and payments to Persons who disseminated information about Kadian® and Norco® to prescribers or the public on Allergan Finance's behalf, to the extent reasonably available.

**TOPIC NO. 19:**       The surveys, focus groups, market research, or other  similar research or investigation that You performed, had performed on Your behalf, or that you received or reviewed,

22

regarding physician or public perceptions of the safety, efficacy, and/or addictive nature of Your Opioid Products, other Opioid Products, or Opioids and Your use of focus groups, research, or investigations in developing a sales and Marketing strategy and/or a strategy on how to effect, change, or influence those perceptions.

**AMENDED RESPONSE TO TOPIC NO. 19:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance agrees to provide testimony regarding surveys, focus groups, and market research  Allergan Finance performed, had performed on its behalf, or that Allergan Finance received or reviewed, regarding physician or public perceptions of the safety, efficacy, and/or addictive nature of Kadian® and Norco®, and Allergan Finance's use of focus groups, research, or investigations in developing a sales and Marketing strategy and/or a strategy on how to effect, change, or influence those perceptions, to the extent reasonably available.

**TOPIC NO. 20:**        The studies, Scientific Research, tests, patents, patent  applications, trials, or analysis of the safety and efficacy or each Opioid Product, including all such information regarding:

(a)        the long-term efficacy of Opioids or use of Your Opioid Products for the treatment of chronic pain or long-term use (more than 90 days);

(b)        continual release mechanisms or delivery systems;

(c)        the ability of patients to stop using Opioids or Your Opioid Products;

(d)        the development of dependence, tolerance, abuse, pseudoaddiction, addiction, or incidence of overdose;

(e)        the abuse-deterrent properties of Your or other manufacturers' Opioid Products;

(f)        risk of addiction from chronic Opioid therapy;

(g)        Opioid withdrawal;

23

(h)     whether Opioid doses can be increased without limit or greater risks;

(i)     long-term opioid use and function; and

(j)     alternative forms of pain relief posing greater risks than opioids.

**AMENDED RESPONSE TO TOPIC NO. 20:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Request as overly broad and unduly burdensome, in that it purports to call for detailed testimony regarding "studies, Scientific Research, tests, patents, patent applications, trials, or analysis" as well as "all such information regarding" 10 discrete Topics. Finally, Allergan Finance objects that this Request calls for expert testimony regarding scientific studies related to Opioids.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying studies, scientific research and other such analyses regarding Kadian® and Norco®, including those involving subtopics (a) through (j), to the extent they exist and are reasonably available.

**TOPIC NO. 21:**     The role of wholesalers, distributors, and pharmacies, including, but not limited to, Defendants, in the supply chain for Your Opioid Products and the responsibilities of each with respect to Marketing, sales, supply, Suspicious Order monitoring, and potential diversion.

**AMENDED RESPONSE TO TOPIC NO. 21:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to testify regarding the general roles and responsibilities of wholesalers, distributors, UPS, and pharmacies in the supply chain for Kadian® and Norco®, to the extent reasonably available.

24

**TOPIC NO. 22:** All financial and business arrangements with any of the Defendants in this matter including any contractual relationships between You and any of the Defendants in this matter.

**AMENDED RESPONSE TO TOPIC NO. 22:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Topic as vague and ambiguous.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response regarding its relationships with other Defendants named in the Track One cases relating to Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 23:** All reports that were given to the Board of Directors regarding Opioids or Your Opioid Products, including, but not limited to, reports regarding:

(a) sales;

(b) Lobbying efforts related to Opioids or Opioid Products;

(c) safety and efficacy of Your Opioid Products;

(d) submissions to the FDA or DEA;

(e) Documents, studies, reports, data, or other information that You did not submit to FDA or DEA;

(f) abuse potential for Your Opioid Products;

(g) reports of abuse, misuse, diversion, addiction, or dependence regarding Opioids or Your Opioid Products;

(h) government investigations regarding Opioids or Your Opioid Products; and

(i) Marketing of Your Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 23:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Request as overly broad and unduly burdensome in that it calls for information

25

that is available from more appropriate sources.  Also, Allergan Finance objects to this Request to the extent it calls for information regarding a number of discrete subparts.  In addition, Allergan Finance objects to this Request, to the extent it calls for information regarding "Lobbying efforts related to Opioids or Opioid Products," as irrelevant to Plaintiffs' claims against Allergan Finance and not proportional to the needs of this case.  Finally, Allergan Finance objects to the extent this Request seeks privileged information.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response that identifies reports, if any, given to Allergan Finance's Board of Directors regarding Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 24**:      The nature and scope of Your Opioid-related Lobbying efforts governmental affairs activities (including personnel and third parties involved in such efforts or activities) and donations or payments made in connection with such efforts or activities, including, but not limited to, any efforts to influence or have input on the content of the following:

(a)      DSM V;

(b)      Pain as the 5th Vital Sign;

(c)      REMS for Opioids or Opioid Products;

(d)      the rescheduling of Opioids or Your Opioid Products from a Schedule III narcotic to a Schedule II narcotic;

(e)      Joint Commission on Accreditation of Healthcare Organizations (JCAHO) regarding its pain standards for hospital accreditation;

(f)      Medicare Modernization Act of 2003;

(g)      direct to consumer advertising regulations;

(h)      regulations allowing the prescription of 90-day supplies of Opioids or Schedule II narcotics; and

(i)      Opioid or pain medication prescribing guidelines.

26

**AMENDED RESPONSE TO TOPIC NO. 24:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Also, Allergan Finance objects to this Request to the extent it calls for information regarding a number of discrete subparts.  In addition, Allergan Finance objects to this Request as irrelevant to Plaintiffs' claims against Allergan Finance and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response regarding the general nature and scope of its Lobbying efforts, if any, regarding Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 25:**  Your Communications, meetings, Lobbying, and/or government affairs activities with the Center for Medicaid Services ("CMS") between 1999-2006, or Communications made by a third party on Your behalf, related to the development, design, approval, and implementation of the Medicare Prescription Drug Benefit Program (Part D).

**AMENDED RESPONSE TO TOPIC NO. 25:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Request as irrelevant to Plaintiffs' claims against Allergan Finance and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response regarding the general nature and scope of its Lobbying efforts with the Center for Medicaid Services between 1999 and 2006 regarding the development, design, approval, and implementation of the Medicare Prescription Drug Benefit Program (Part D) related to Kadian® and/or Norco®, if any, to the extent reasonably available.

27

**TOPIC NO. 26:**     Your analysis or calculations concerning the potential increase in sales resulting from reduction in prices of Opioids with the passage of Medicare Prescription Drug Benefit Program (Part D).

**AMENDED RESPONSE TO TOPIC NO. 26:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Request as irrelevant to Plaintiffs' claims against Allergan Finance and not proportional to the needs of this case.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response generally describing any analysis or calculation Allergan Finance conducted concerning the impact on sales of Kadian® and Norco®, if any, resulting from the passage of Medicare Prescription Drug Benefit Program (Part D).

**TOPIC NO. 27:**     Any formal or informal investigations, inquiries, or enforcement actions conducted by any federal or state law enforcement or regulatory authority, and any remedial measures or actions taken by You as a result of such investigations, inquiries, or enforcement actions (including any settlements, deferred prosecution agreements, consent decrees, or other resolutions), Concerning Your Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 27:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance further objects to this Topic as calling for information that is protected by the attorney work product doctrine and attorney-client privilege.  In addition, Allergan objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent it does not specify the "formal or informal investigations, inquiries, or enforcement actions conducted by any federal or state law enforcement or regulatory authority, and any remedial measures or actions taken by You as a result."

28

Allergan Finance objects to this Request to the extent it seeks information more appropriately sought through written interrogatories, document requests, or other forms of discovery that are less burdensome and more appropriate vehicles for the information sought.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to identify governmental investigations regarding Kadian® and Norco® of which Allergan Finance is aware.  Allergan Finance further agrees to designate a witness to identify any settlements, deferred prosecution agreements, or consent decrees with governmental entities related to Kadian® and Norco® of which Allergan Finance is aware.  In addition, and in response to this Topic as well as Topic No. 29, Allergan Finance agrees to designate a witness to testify regarding the FDA Warning Letter received by Allergan Finance's predecessor in February 2010, as well as written responses to that letter and corrective action performed in response to that letter, to the extent reasonably available.

**TOPIC NO. 28**:  Your knowledge regarding abuse, misuse, dependence, or addiction potential for Your Opioid Products, including, but not limited to, reports of death, overdoses, abuse, or misuse of Your Opioid Products prior to Allergan's purchase of Kadian®.

**AMENDED RESPONSE TO TOPIC NO. 28**:  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance also objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to call for all "knowledge" regarding several broad subject areas.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying RiskMap reports in its possession related to Kadian® and Norco®, if any, to the extent reasonably available.

**TOPIC NO. 29**:    Warning letters sent to You by the FDA and the DEA regarding Your Marketing of Your Opioid Products, Your response to the these letters, all subsequent actions you took in response to those Communications, and all budgets for any such actions, by year.

**AMENDED RESPONSE TO TOPIC NO. 29**:  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  Allergan Finance further objects to this Request as vague and ambiguous to the extent it does not specify what "[w]arning letters" it is referring to.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to testify regarding the FDA warning letter received by Allergan Finance's predecessor in February 2010 regarding Kadian® as well as written responses to that letter and corrective action performed in response to that letter, to the extent reasonably available.

**TOPIC NO. 30**:    Whether, from 2007 onward, You or anyone on Your behalf or any trade organization, group, or professional association of which You were a member, made any of the following representations through either Branded or Unbranded Marketing and, if the answer is yes, the specific basis for those representations:

(a)    The risk of addiction from chronic opioid therapy is low;

(b)    To the extent there is a risk of addiction, it can be easily identified and managed;

(c)    Signs of addictive behavior are 'pseudoaddiction,' requiring more Opioids;

(d)    Opioid withdrawal can be avoided by tapering;

(e)    Opioid doses can be increased without limit or greater risks;

(f)    Long-term Opioid use improves functioning;

(g)    Alternative forms of pain relief pose greater risks than Opioids; or

(h)    New formulations of certain Opioids successfully deter abuse.

30

**AMENDED RESPONSE TO TOPIC NO. 30**: Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to the extent this Request purports to call for information regarding a number of discrete subparts. In addition, Allergan Finance objects to this Request to the extent it purports to call for information regarding statements made by "any trade organization, group, or professional association of which [Allergan Finance was] a member," regardless of whether those representations were made on Allergan Finance's behalf or with Allergan Finance's knowledge, as vague, ambiguous, unduly burdensome and overly broad.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to provide testimony regarding statements of the type listed in (a) through (h) that Allergan Finance or its representatives disseminated on Allergan Finance's behalf in connection with the promotion of Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 31**: After the Centers for Disease Control and Preventions ("CDC") declared an opioid epidemic in 2011 and introduced guidelines to help reduce Opioid prescribing how did You take steps to reduce the amount of Opioid prescribing, reduce supply of Opioids to the market, or reeducate prescribing physicians and the public about the dangers of Opioids and the Opioid epidemic declared by the CDC and the budgets for any such efforts, by year, from 2011 to the present.

**AMENDED RESPONSE TO TOPIC NO. 31**: Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan Finance objects to this Request as vague and ambiguous and as assuming facts not in evidence.

31

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying the annual number of prescriptions for Kadian® and Norco®, nationally and in Ohio, since 2011.

**TOPIC NO. 32:**        Your Marketing budget, by year, for Your Opioid Products from 2007 to the present and the categories of expenditures contained in that budget.

**AMENDED RESPONSE TO TOPIC NO. 32:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Request as overly broad and unduly burdensome to the extent it purports to call for detailed information over more than a 10-year period.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to provide testimony regarding its budget for the promotion of Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 33:**        Your annual sales of each Opioid Product from 2007 to present and what percentage of Your annual sales revenue those sales numbers accounted for.

**AMENDED RESPONSE TO TOPIC NO. 33:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to provide testimony regarding its annual sales for Kadian® and Norco®, as well as an approximation of the percentage of Allergan Finance's overall revenue for which those sales accounted, to the extent reasonably available.

**TOPIC NO. 34:**        Your coordination or Communications with any Defendant in this Action, including, but not limited to, Your participation in any industry groups or professional societies where any Defendant in this matter is a member, Relating or Referring To:  (a) pain care;

32

the sale of Opioids; (c) the Marketing or promotion of Opioids; (d) regulations, rules, or laws affecting the sale, promotion, and Marketing of Opioids; and (e) the potential for abuse and Diversion of Opioids.

**AMENDED RESPONSE TO TOPIC NO. 34:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Request as vague, ambiguous, overly broad and unduly burdensome, including because Plaintiffs have not specified what "industry groups or professional societies" they are referring.  Finally, Allergan Finance objects to this Request to the extent it seeks information protected by the common interest privilege.

Subject to and without waiving these objections, Allergan Finance agrees to provide a written response that generally describes its participation in the ER/LA REMs program.

**TOPIC NO. 35:**        Your analysis of the effectiveness of Your Marketing, promotions, and advertising related to Your Opioid Products, your return on investment ("ROI") of Marketing activities related to Your Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 35:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to provide testimony regarding analysis Allergan Finance undertook, if any, of the effectiveness of promotional activities related to the promotion of Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 36:**        Your analysis and use of data from any database in connection with the sale, marketing, or distribution of Opioid Products, including the identity of any periodic reports generated for use by You, the analysis done with those reports, and who received those reports or

33

analysis, including, but not limited to, data from the following entities:  IQVIA Holdings, Inc.; IMS Health; QuintilesIMS; IQVIA; Pharmaceutical Data Services; Source Healthcare Analytics; NDS Health Information Services; Verispan; Quintiles; SDI Health; ArcLight; Scriptline; Wolters Kluwer; and/or PRA Health Science, and all of their predecessor or successor companies, subsidiaries, or affiliates.

**AMENDED RESPONSE TO TOPIC NO. 36:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Request to the extent it purports to call for detailed information regarding "analysis and use of data from any database" as overly broad and unduly burdensome.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to provide testimony regarding a general description of analysis and use of data, in connection with the promotion or sales of Kadian® and Norco®, obtained from the listed entities, if any, to the extent reasonably available.

**TOPIC NO. 37:**      The process used to determine which medical professionals or offices Your sales representatives (including contracted sales representatives) would individually contact (in-person or otherwise) with respect to Your Opioid Products, including any database or other sources of information You used to direct or suggest medical professionals or offices to contact, directions or guidelines to sales representatives Concerning which medical professionals or offices to contact, and databases, reports, or other information made available to Your sales representatives Concerning prescribing histories or propensities of medical professionals.

**AMENDED RESPONSE TO TOPIC NO. 37:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the process used to determine which medical professionals or offices Allergan Finance's sales representatives (including contracted sales representatives) would individually contact (in-person or otherwise) with respect to Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 38:**     Compensation for members of Your sales department (including sales representatives, district-level managers, regional-level managers, and national-level managers, regardless of title), including any formula or methods used to determine compensation, the extent to which any such compensation was based in whole or in part on levels of sales of one or more Opioid Products, the personnel involved in determining compensation, and the records of the compensation determination process.

**AMENDED RESPONSE TO TOPIC NO. 38:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic to the extent it purports to call for information regarding "[c]ompensation" for individuals beyond sales representatives as overly broad, unduly burdensome and as calling for information that is not proportional to the needs of this case.  Finally, Allergan Finance objects to this Topic as duplicative of Topic 9 and refers Plaintiffs to the testimony offered in response to Topic 9.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the identity of the primary Persons involved with setting compensation for individuals who promoted Kadian® and Norco® (to the extent there were any) and the components of that compensation, to the extent reasonably available.

**TOPIC NO. 39:**       The process used to distribute Marketing Communications throughout the nation, and specifically in the State of Ohio and the Marketing distributed into Ohio through this process.  This topic includes the steps that occur from the time a Marketing plan, program, or campaign is initiated to the step evaluating its effectiveness in the State of Ohio.

**AMENDED RESPONSE TO TOPIC NO. 39:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding the process   used   to   distribute   Marketing   Communications regarding  Kadian®  and  Norco®  throughout  the  nation  and  in  Ohio,  to  the  extent  reasonably available.

**TOPIC NO. 40:**       The process for determining the accuracy, completeness, and legality of any sales, Marketing, promotional, or educational information You made available to medical professional, patients, or the public concerning any one or more Opioid Products in any format, including  printed  materials,  videos,  websites,  and  in-person  messaging  or  "detailing"  by  sales representatives.

**AMENDED RESPONSE TO TOPIC NO. 40:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to the extent this Topic purports to call for information protected by the attorney work product doctrine or attorney-client privilege.  By agreeing to present a witness on this topic Allergan Finance does not waive any attorney-client privilege or work product protection over such information.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding its Promotional Review Committee for Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 41:**     The identity of any and all information (including scientific data) supporting any statements You made to the FDA, medical professionals, patients, or the public concerning any of the following with respect to any Opioid Product (including Opioids as a class):

(a)     Addictiveness;

(b)     Propensity for abuse;

(c)     Efficacy;

(d)     Safety for use longer than 90 days;

(e)     Comparisons to non-Opioid analgesics;

(f)     Standards of care;

(g)     Screening of patients; and

(h)     Monitoring of patients.

**AMENDED RESPONSE TO TOPIC NO. 41:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic as overly broad and unduly burdensome to the extent it purports to call for "[t]he identity of and all information (including scientific data) supporting any statements" made to a number of discrete individuals and entities regarding a number of discrete subject matters over a nearly 20-year time period.  Also, Allergan Finance objects to this Topic as vague and ambiguous to the extent it fails to identify the "statements" to which it is referring.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response identifying medical and scientific research supporting the NDAs or ANDAs for Kadian®

37

and Norco® as well as the medical and scientific authorities cited in promotional materials for Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 42:**        Marketing or educational messages that You distributed or caused to be distributed in Ohio, including those distributed into Cuyahoga and Summit Counties and the Cities of Cleveland and Akron, regarding Your Opioid Products and the dates of distribution of those messages, including whether the following messages or similar messages were contained in Marketing or educational materials or sales detailing in the State of Ohio:

(a)     The risk of addiction from chronic Opioid therapy is low;

(b)     To the extent there is a risk of addiction, it can be easily identified and managed;

(c)     Signs of addictive behavior are 'pseudoaddiction,' requiring more Opioids;

(d)     Opioid withdrawal can be avoided by tapering;

(e)     Opioid doses can be increased without limit or greater risks;

(f)     Long-term Opioid use improves functioning;

(g)     Alternative forms of pain relief pose greater risks than Opioids; or

(h)     New formulations of certain Opioids successfully deter abuse.

**AMENDED RESPONSE TO TOPIC NO. 42:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan Finance objects to this Topic to the extent it purports to call for detailed information regarding a number of discrete subject areas.

Subject to and without waiving its objections, Allergan Finance will designate a witness to testify regarding a general description of promotional activities Allergan Finance directed to Cuyahoga and Summit Counties as well as the Cities of Cleveland and Akron relating to Kadian® and Norco®, to the extent reasonably available.

**TOPIC NO. 43:**    To the extent not encompassed within the other topics, Your Marketing, promotion, sales, distribution, Diversion, and Suspicious Order monitoring, compliance, pharmacovigilance Concerning Your generic Opioid Products.

**AMENDED RESPONSE TO TOPIC NO. 43:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic as unduly burdensome and overly broad to the extent it seeks information about generic opioids unrelated to Plaintiffs' alleged distribution allegations in any Track One Complaint.  Finally, Allergan Finance objects that it is not able to prepare a witness to testify about generic opioids because all of the documents, databases, and employees that are needed to prepare a witness to testify about generic opioids are no longer in Allergan's possession.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response containing a general description of the sale of its generic Schedule II opioids business to Teva Pharmaceutical Industries Ltd.

**TOPIC NO. 44:**    Whether the Marketing and educational materials produced by You in this matter, or materials containing similar messages, were distributed into the State of Ohio.

**AMENDED RESPONSE TO TOPIC NO. 44:**  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic as vague, ambiguous, unduly burdensome and overly broad.  Among other reasons, this Topic fails to specify about which "Marketing and educational materials" it is requesting testimony.  Finally, Allergan Finance objects to this Topic as duplicative of Topic 42 and refers Plaintiffs to the testimony offered in response to Topic 42.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to testify regarding whether the Marketing and educational materials produced by Allergan Finance

39

in this matter related to Kadian® and Norco®, or materials containing similar messages, were distributed into the State of Ohio.

**TOPIC NO. 45:** Identification of all databases regarding your Marketing activities, including, but not limited to, databases reflecting all Your Marketing, promotional, and advertising costs and expenditures, databases reflecting Your ROI of Marketing activities, databases containing Your prescriber profiles and practices, and databases reflecting Your analysis of third party data (including from IQVIA Holdings, Inc.; IMS Health; QuintilesIMS; IQVIA; Pharmaceutical Data Services; Source Healthcare Analytics; NDS Health Information Services; Verispan; Quintiles; SDI Health; ArcLight; Scriptline; Wolters Kluwer; and/or PRA Health Science, and all of their predecessor or successor companies, subsidiaries, or affiliates).

**AMENDED RESPONSE TO TOPIC NO. 45:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic to the extent it purports to call for information regarding several broad subject matters.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response containing a general description of the databases from which Allergan Finance is collecting and producing data.

**TOPIC NO. 46:** Identify the process and methodology You utilized in analyzing any third party data from IQVIA Holdings, Inc.; IMS Health; QuintilesIMS; IQVIA; Pharmaceutical Data Services; Source Healthcare Analytics; NDS Health Information Services; Verispan; Quintiles; SDI Health; ArcLight; Scriptline; Wolters Kluwer; and/or PRA Health Science, and all of their predecessor or successor companies, subsidiaries, or affiliates.

**AMENDED RESPONSE TO TOPIC NO. 46**:  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.  In addition, Allergan Finance objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it purports to call for the "process and methodology" used to "analyz[e]" data from a number of disparate data sources.  Finally, Allergan Finance objects to this Topic as duplicative of Topic 36 and refers Plaintiffs to the testimony offered in response to Topic 36.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response generally describing the process and methodology Allergan Finance utilized to analyze data relating to Kadian® and Norco® obtained from the third parties listed in this Topic, to the extent reasonably available.

**TOPIC NO. 47**:        Identification of all financial and accounting information you maintain in the ordinary course of Your business regarding Your Marketing, promotional, and advertising expenditures, and all financial and accounting regarding the effectiveness of Your Marketing, promotion, and advertising expenditures.

**AMENDED RESPONSE TO TOPIC NO. 47**:  Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions.

Subject to and without waiving its objections, Allergan Finance agrees to designate a witness to testify regarding a general description of the types of financial and accounting information relating to Kadian® and Norco® that Allergan Finance currently maintains.

**TOPIC NO. 48**:        Identify the process and methodology You utilized in analyzing any and all financial and accounting information you maintain in the ordinary course of Your business regarding Your Marketing, promotional, and advertising expenditures, and the process and

methodology you utilized in analyzing any and all financial and accounting regarding the effectiveness of Your Marketing, promotion, and advertising expenditures.

**AMENDED RESPONSE TO TOPIC NO. 48:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. In addition, Allergan Finance objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it purports to call for the "process and methodology" used to "analyz[e]" information in a wide variety of areas.

Subject to and without waiving its objections, Allergan Finance agrees to provide a written response generally describing the process and methodology Allergan Finance uses to evaluate the financial and accounting information relating to Kadian® and Norco® that Allergan Finance currently maintains.

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST

**DOCUMENT REQUEST NO. 1:**[3] All documents which deponent has consulted or reviewed or plans to consult in preparation for his or her deposition and has relied upon or will rely upon for testimony on the above deposition topics.

**DOCUMENT REQUEST NO. 1:** Allergan Finance incorporates by reference the General Objections, Objections to Instructions and Objections to Definitions. Allergan Finance further objects to this Request to the extent it seeks materials that are protected by the attorney-client privilege or attorney work product doctrine. Further, Allergan Finance objects to Plaintiffs' demand that Allergan Finance "shall produce all documents identified in Schedule B, for the purposes of inspection and/or photocopying by seven days prior to the deposition" as contrary to Rule 34(b)(2),

---

[3]     Although Plaintiffs' Notice labels this Rule 34 Request as Request 1, Plaintiffs have served 33 prior requests under Rule 34 on Allergan Finance. Accordingly, for purposes of the limit on Requests for Production outlined in the Court's Case Management Order One, this is Plaintiffs' Request for Production No. 34. *See* Dkt. No. 232 at § 9(l)(i).

which provides that parties shall have 30 days after service to respond in writing to Requests under Rule 34.  *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 479 (6th Cir. 2010) ("[R]equests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition to permit objections to the document request.").

Subject to and without waiving its objections, Allergan Finance states that it will provide, at or prior to the deposition or depositions at a time to be agreed by the parties, copies of documents on which the designated witness or witnesses will rely during the deposition to provide corporate representative testimony.

Date:   October 22, 2018

Respectfully submitted,

/s/ *Timothy W. Knapp*

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200
jennifer.levy@kirkland.com

Donna Welch, P.C.
Martin L. Roth
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
donna.welch@kirkland.com
rothm@kirkland.com
tknapp@kirkland.com

*Attorneys for Defendant Allergan Finance, LLC
f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals,
Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, the foregoing was sent by electronic mail to counsel for the Plaintiffs and Defendants as follows:

*Liaison Counsel for Plaintiffs*

Peter Henry Weinberger
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East Suite 1700
Cleveland, OH 44114-1149
Telephone:  (216) 696-3232
pweinberger@spanglaw.com

Steven J. Skikos
SKIKOS CRAWFORD SKIKOS & JOSEPH
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone:  (415) 546-7300

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFERTY & PROCTOR PA
316 S. Baylen Street Suite 600
Penascola, FL 32502
Telephone:  (805) 435-7000
trafferty@levinlaw.com

*Liaison Counsel for Defendants*

Mark Cheffo, Esq.
QUINN EMANUEL
51 Madison Avenue
New York, NY 10010
markcheffo@quinnemanuel.com

Carole S. Rendon
BAKER & HOSTETLER LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone:  (216) 621-0200
Fax:  (216) 696-0740
crendon@bakerlaw.com

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100

Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax:  (215) 851-1420
smcclure@reedsmith.com

Enu Mainigi
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, DC 20005
emainigi@wc.com

Geoffrey E. Hobart
COVINGTON & BURLING
One City Center
850 Tenth Street, NW
Washington, DC 20001
ghobart@cov.com

Kaspar Stoffelmayr
BARTLIT BECK
54 West Hubbard Street, Ste 300
Chicago, IL 60654
kaspar.soffelmayr@bartlit-beck.com

Tina Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
tmtabacchi@jonesday.com

Tyler Tarney, Esq.
GORDON & REES
41 S. High Street, Suite 2495
Columbus, OH 43215
ttarney@grsm.com

/s/ *Timothy W. Knapp*
Timothy W. Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
tknapp@kirkland.com

*Attorney for Defendant Allergan*
*Finance, LLC f/k/a Actavis, Inc. f/k/a*
*Watson Pharmaceuticals, Inc.*