# PSJ9 Exh 28

Case: 1:17-md-02804-DAP Doc #: 2306-27 Filed: 08/14/19 2 of 11. PageID #: 364219

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

- - -

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | : | HON. DAN A. POLSTER |
| | : | |
| APPLIES TO ALL CASES | : | NO. 1:17-MD-2804 |
| | : | |

- HIGHLY CONFIDENTIAL -

SUBJECT TO FURTHER CONFIDENTIALITY REVIEW

- - -

February 19, 2019

- - -

Videotaped deposition of MICHAEL DiBELLO, taken pursuant to notice, was held at the offices of Locke Lord, LLP, 200 Vesey Street, New York, New York, beginning at 10:29 a.m., on the above date, before Michelle L. Gray, a Registered Professional Reporter, Certified Shorthand Reporter, Certified Realtime Reporter, and Notary Public.

- - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Q. Okay. Her fourth finding, "Orders that are highlighted as suspicious are all investigated. Those that are cleared from suspicious status are released. Those that are not are canceled. At the end of each month, two reports are submitted to the appropriate field office of the DEA. The first report includes those pended orders that were cleared from suspicious status. The second report reflects those orders that were deemed suspicious and canceled."

Did you understand that that was the practice through 2005 for pended and suspicious orders?

A. Yes.

Q. Did you understand though in that practice, that she recommended that suspicious orders be reported immediately and not at the end of the month. By reporting them on a monthly basis at the end of the month was inconsistent with the Controlled Substances Act requirements.

MR. McDONALD: Object to the form.

THE WITNESS: In 2005, I don't recall if that was inconsistent with the act.

BY MR. MIGLIORI:

Q. She finds -- she documents here the requirement, "The registrant shall inform the field division office of the administration in this area of suspicious orders when discovered by the registrant."

Her recommendation she writes, "While HSI has been using the current reporting process for several years, it is recommended consideration to

Case: 1:17-md-02804-DAP Doc #: 2306-27 Filed: 08/14/19 5 of 11. PageID #: 364222
Highly Confidential - Subject to Further Confidentiality Review

be given to filing the suspicious order for those orders not released from suspicious status to the DEA immediately."

Do you understand that that was the recommendation then, that reporting them at month's end was not consistent with the requirements of the Controlled Substances Act?

A. That was her recommendation.

Golkow Litigation Services Page 159

Q. Well, we just went through -- I don't want to go through them again. But we just went through Buzzeo's findings in 2005, and it wasn't picking up that it needed -- there needed to be a new review of how to check orders





Q. So in 2011, when an order -- I'll go back to Page 2 for a second. When an order is pended, because of a deviation in size, frequency or pattern, by this procedure the DEA isn't notified immediately as of February of 2011?

A. The order is -- is pended here. It's not deemed to be suspicious.

Q. All right. But what we saw in the early documents that a suspicious order is one that is a deviation in size, frequency, and pattern.

A. Right.

Q. And that once pended, it needs to be reported, as Buzzeo stated in 2005, it needs to be reported

immediately, correct?

MR. McDONALD: Object to the form. Mischaracterizes the document.

BY MR. MIGLIORI:

Q. Not -- not at the end of the month, correct?

MR. McDONALD: Object to the form. Mischaracterizes the document and the testimony. That is not what the document said.

THE WITNESS: The order is pended here. That doesn't mean it's suspicious. There's a whole review process here, we just went through.

BY MR. MIGLIORI:

Q. I'm going to -- let me give you a hypothetical so we're not confusing.

If an order is a deviation in size, it is a pended order in Henry Schein's system, correct?

A. If it's a deviation in size.

Q. Yes?
A. Yes.
Q. An order that is a deviation in size, by definition under the CSA, is suspicious, correct?
MR. McDONALD: Object to the form.
THE WITNESS: Not necessarily.
BY MR. MIGLIORI:
Q. All right. Well, you actually had a document where you said exactly that, that we just referred to earlier.
You're saying that a deviation in size is not a suspicious order?
A. Potential, potentially. Potential. It could be. That's the review process that we're doing here.
Q. So in Schein's system, in February of 2011, Schein is not reporting immediately a deviation in size of order from prior purchasing history to the DEA

Highly Confidential - Subject to Further Confidentiality Review

```
 1   upon discovery.  Is that true?
 2        A.    We were reporting suspicious
 3   orders.
 4              Our definition of a
 5   suspicious order, after the review is
 6   conducted and deemed to be suspicious,
 7   that's when it was reported immediately.
 8        Q.    So this flowchart is
 9   accurate, that you would not have told
10   DEA about this until you got to this last
11   step here of it being --
12        A.    Deemed suspicious.
```

[remainder of page redacted]