PSJ3

Exhibit 99

## SPONSORSHIP AGREEMENT

This Agreement (the "Agreement") is made and entered into as of this _____ of _____ 2008 (the "Effective Date") by and between CONRAD & ASSOCIATES LLC, a corporation "CONRAD" and PriCara, a unit of Ortho McNeil, Inc.., a New Jersey corporation ("SPONSOR"). CONRAD and SPONSOR are sometimes individually referred to herein as the "PARTY" and collectively as the "PARTIES".

WHEREAS, CONRAD plans to produce, in collaboration with the American Academy of Pain Medicine and the American Geriatrics Society; a videotape (the "Videotape") and guidebook (the "Guidebook") program on state of the art treatment and management of pain (the "Program"); and

WHEREAS, the PARTIES wish to articulate the terms and conditions under which the sponsorship of the Program shall be made;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth below, the PARTIES agree as follows:

1. <u>The Program</u>.  The Program is a videotape and guidebook program called Managing Pain.  The program is in collaboration with the American Academy of Pain Medicine and the American Geriatrics Society.

2. <u>SPONSOR Benefits</u>.  As part of the Program SPONSOR shall receive the following Sponsor Benefits:

    (a) Sole Corporate Sponsor of the Program
    (b) The Company name shall be prominently placed on all materials of the Program including but not limited to the Videotape and the Guidebook
    (c) Sponsor shall have full use of the Program and other activities related to the Program including but not limited to public relations releases
    (d) Sponsor shall be fully authorized to use the name of the Program and reference the Sponsorship of the Program in Sponsor's advertising and promotional materials

3. <u>CONRAD's Responsibilities</u>.  <u>As part of the Program, CONRAD shall fulfill the following responsibilities</u>:
    (a) CONRAD shall provide SPONSOR with ample opportunity to review and comment on the final drafts of the script for the Videotape and the Guidebook prior to final production.
    (b) CONRAD shall place the Videotape on CBS Network Affiliates in Washington DC, Atlanta, Detroit, Miami and St. Louis.  The viewings shall be scheduled when the Program is completed, and will be aired on either a Saturday or Sunday during the day.
    (c) CONRAD represents that it holds all rights to the Program, including copyrights, and will use good-faith efforts to produce, market and distribute the Program.  The Program shall be of broadcast quality in all respects.
    (d) CONRAD shall provide ten thousand (10,000) copies of the Program, including but not limited to the Videotape and the Guidebook to SPONSOR.

Confidential                                                                                     JAN-MS-00474423

4. <u>SPONSOR's Responsibilities</u>.  In addition to the provision of the Sponsorship Fee set forth below in Section 5, as part of the Program SPONSOR shall fulfill the following responsibilities:

    (a) SPONSOR shall provide the Company name to CONRAD for placement on materials in connection with the Program

    (b) SPONSOR reserves the right to provide editorial input during the development and production of the Videotape and the Guidebook.  SPONSOR shall have final approval rights over the Videotape and Guidebook.  Such approval not to be unreasonably withheld or delayed.

5.    <u>Sponsorship Fee</u>.  As consideration for the above rights and benefits, SPONSOR shall provide CONRAD as follows, subject to the terms and conditions of this Agreement:

    a.    SPONSOR shall pay CONRAD a sponsorship fee of  Three Hundred and Ninety Thousand Dollars ($390,000) on the following schedule:

        i.    CONRAD shall send an invoice for 50% of fee equaling One Hundred and Ninety-Five Thousand Five Hundred Dollars ($195,000) due upon execution of agreement;

        ii.    CONRAD shall send an invoice for 25% of fee equaling Ninety-Seven Thousand Five Hundred Dollars ($97,500) upon approval of the Guidebook;

        iii.    CONRAD shall send an invoice for 25% of fee equaling Ninety-Seven Thousand Five Hundred Dollars ($97,500) upon completion of the Videotape.

    b.    Invoicing and Payment Process:

        i.    SPONSOR will open a Purchase Order for CONRAD.

        ii.    CONRAD's invoice will include the following:

            A.    PO Number

            B.    CONRAD's remit to name, address, tax ID

            C.    Bill to name and address

            D.    Invoice Number

            E.    Invoice Date

            F.    Detailed description of services that matches the description of services on the Purchase Order CONRAD received from SPONSOR

            G.    Total Amount due, breaking out tax and freight, if applicable

        iii.    By not complying with this policy, invoice processing and payment could be delayed.

        iv.    All invoices have 45 day pay terms (45 days from the date of the invoice). CONRAD will send invoice directly to Accounts Payable at:  PriCara

        v.    CONRAD is encouraged to check the Accounts Payable Website at: www.ap.jnj.com to check on payment status.

6.    <u>Term</u>.  The term of this Agreement shall commence as of the Effective Date and expire the 31st day of December, 2009 (the "Term"), unless earlier terminated as provided herein.

7.    <u>Termination</u>.  This Agreement may be terminated at any time during the Term as follows:

Confidential                       JAN-MS-00474424

a.    By SPONSOR without cause upon providing CONRAD with at least thirty (30) days prior written notice of its intent to terminate this Agreement; or

b.    Immediately by either PARTY upon providing written notice to the other if the other PARTY should fail in any material respect to comply with the terms of this Agreement, and such failure continues for a period of thirty (30) days after written notice thereof has been given by the non-defaulting PARTY.

c.    The provisions and obligations set forth in Sections 8, 9 and 10 shall survive and be binding on the PARTIES after termination of expiration of this Agreement for any reason (i) for a period of three (3) years in the case of Section 8 and (ii) forever in the case of Sections 9 and 10.

8.    <u>Confidentiality</u>.  Unless otherwise required by law, the specific terms and conditions of this Agreement are to be considered to be confidential and proprietary and will not be disclosed by either PARTY to any third PARTY without the prior written consent of the other PARTY hereto.

9.    <u>Marks</u>.  CONRAD and SPONSOR recognize that each owns certain names, logos and marks ("Marks") used in connection with its organization or operation, whether registered or not.  It is agreed neither PARTY will do anything inconsistent with the other PARTY's ownership of its Marks.  Each PARTY agrees that it will not use the Marks of the other without the prior written approval of the other, which approval shall not be unreasonably withheld.  Upon the effective date of termination of this Agreement, each PARTY will immediately cease creating and placing Marks of the other PARTY in any manner suggesting that an ongoing relationship continues to exist.

10.    <u>Indemnification</u>.

a.    CONRAD shall and hereby does indemnify, defend and hold harmless SPONSOR, its Affiliates, and their respective shareholders, directors, officers, agents, independent contractors and employees, from and against all claims, demands, liabilities, losses, damages, costs and expenses, including, without limitation, reasonable attorneys' fees (collectively, "Losses"), resulting in any manner, directly or indirectly, from (i) the breach by CONRAD of any of its representations, warranties, covenants or agreements made under this Agreement, (ii) any third party claim for infringement of any third party patent, trademark, copyright or other intellectual property with respect to the work product delivered to SPONSOR by CONRAD or CONRAD Representatives in connection with the Services or (iii) the gross negligence or willful misconduct of CONRAD, its representative(s), any of their respective Affiliates or any of their respective shareholders, directors, officers, agents, independent contractors or employees in connection with the Program or any other act or omission on the part of any such person in the performance of any duty or obligation required to be performed by it or them as contemplated in this Agreement, except, in each case, to the extent that CONRAD would be entitled to indemnification by SPONSOR pursuant to Section 10.b.  For the purposes of this Section 10, an "**Affiliate**" of a specified entity shall mean any person or entity that directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with, such entity.

Confidential
JAN-MS-00474425

b.       SPONSOR shall and hereby does indemnify, defend and hold harmless CONRAD and its Affiliates, and their respective shareholders, directors, officers, agents, independent contractors and employees, from and against all Losses resulting in any manner, directly or indirectly, from the (i) breach by SPONSOR of any of its representations, warranties, covenants or agreements made under this Agreement or (ii) the gross negligence or willful misconduct of SPONSOR in connection with its performance of any of the obligations required to be performed by it as contemplated in this Agreement, except, in each case, to the extent that SPONSOR would be entitled to indemnification by CONRAD pursuant to Section 10.a.

c.       Except as may be limited by applicable law, each of the PARTIES hereto shall promptly notify the other of, and reasonably cooperate in responding to or defending any inquiry, investigation, claim, suit or other cause of action instituted, asserted or threatened against either PARTY hereto or any of their respective Affiliates, shareholders, directors, officers, agents, independent contractors or employees and arising out of or relating to either PARTY's obligations under this Agreement or any other matter contemplated hereby.

11.    <u>Insurance</u>.  The PARTIES agree to the following insurance requirements:

a.       Each PARTY to this Agreement will have and keep in force, at its own expense, for as long as necessary to fulfill its indemnity obligations set forth herein, comprehensive general liability insurance covering such indemnity obligations, with coverage limits set forth below. Upon request, each PARTY will furnish to the other PARTY completed certificate(s) of insurance reflecting the required coverage and that such policy will not be changed or cancelled by the insurer without at least thirty (30) days prior written notice to the other PARTY.

b.       The minimum amounts of insurance required by each PARTY are as follows:
*Bodily Injury Liability:*          *$1,000,000, each occurrence*
*Property Damage Liability:*   *$ 250,000, each occurrence*

12.    <u>Independent Contractors</u>.  CONRAD and SPONSOR intend to act and perform as independent contractors and the provisions hereof are not intended to create any partnership, joint venture, agency or employment relationship between the PARTIES or between a PARTY and the employees, agents or independent contractors of the other PARTY.  Each of the PARTIES is and will remain responsible for its respective employees and will make no claim against the other for compensation, vacation pay, sick leave, retirement benefits, social security benefits, workers' compensation, disability or unemployment insurance benefits or employee benefits of any kind.

13.    <u>Notice.</u>  Any notice delivered to a PARTY pursuant to this Agreement must be in writing and delivered personally or will be deemed to be delivered within three (3) Business Days following being deposited in the U.S. Mail, postage prepaid, registered or certified mail, return receipt requested, addressed to the PARTY at the address indicated below, or at such other address that may have been specified by written notice delivered in accordance with this provision.

If to SPONSOR:        PriCara, a unit of Ortho-McNeil, Inc.
                                Atten:  David Moore
                                Product Director – Pain Franchise
                                1000 Route 202, P.O. Box 300

Confidential                                                                                           JAN-MS-00474426

Raritan, NJ  08869-0602

Confidential

JAN-MS-00474427

If to CONRAD:      Conrad & Associates LLC
10415 Stapleford Hall Drive
Potomac, MD 20854
Attn:  Thomas Conrad, President

14.    <u>Waiver</u>.  The waiver by any PARTY of a breach of any provision of this Agreement will not be construed as a waiver of a subsequent breach of the same provision by that PARTY or the breach of any other provision of this Agreement.  The delay or failure of a PARTY to exercise any right or remedy under this Agreement will not constitute a waiver by that PARTY of any breach of this Agreement.  Any waiver of any breach under this Agreement must be in writing.

15.    <u>Governing Law</u>.  This Agreement will be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflict of law principles.

16.    <u>Dispute Resolution</u>.  Any controversy or claim arising out of or relating to this Agreement shall be resolved by arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then pertaining (available at www.adr.org), except where those rules conflict with this provision, in which case this provision controls.  Any court with jurisdiction shall enforce this clause and enter judgment on any award. The arbitrator shall be selected within twenty (20) business days from commencement of the arbitration from the AAA's National Roster of Arbitrators pursuant to agreement or through selection procedures administered by the AAA.  Within forty-five (45) days of initiation of arbitration, the PARTIES shall reach agreement upon and thereafter follow procedures, including limits on discovery, assuring that the arbitration will be concluded and the award rendered within no more than eight (8) months from selection of the arbitrator or, failing agreement, procedures meeting such time limits will be designed by the AAA and adhered to by the PARTIES. The arbitration shall be held in Raritan, New Jersey and the arbitrator shall apply the substantive law of New Jersey, except that the interpretation and enforcement of this arbitration provision shall be governed by the Federal Arbitration Act. Prior to commencement of arbitration, emergency relief is available from any court to avoid irreparable harm. THE ARBITRATOR SHALL NOT AWARD EITHER PARTY PUNITIVE, EXEMPLARY, MULTIPLIED OR CONSEQUENTIAL DAMAGES, OR ATTORNEYS FEES OR COSTS.

Prior to commencement of arbitration, the PARTIES must attempt to mediate their dispute using a professional mediator from AAA, the Center for Public Resources (CPR) Institute for Dispute Resolution, or like organization selected by agreement or, absent agreement, through selection procedures administered by the AAA.  Within a period of forty-five (45) days after the request for mediation, the PARTIES agree to convene with the mediator, with business representatives present, for at least one session to attempt to resolve the matter. In no event will mediation delay commencement of the arbitration for more than forty-five (45) days absent agreement of the PARTIES or interfere with the availability of emergency relief.

17.    <u>Entire Agreement</u>.  This Agreement is the entire understanding of the PARTIES, and supersedes all prior agreements or understandings, whether written or oral, with respect to this subject matter.  No terms, conditions, or warranties, other than those written in this Agreement, and no amendments or modifications of this Agreement will be binding on the PARTIES unless in writing and signed by the PARTIES.

Confidential    JAN-MS-00474428

18.     <u>Assignment</u>.  This Agreement may not be assigned without the prior written consent of the other PARTY; provided that SPONSOR may at any time assign this Agreement, in whole or in part, to any of its Affiliates.   This Agreement shall be binding upon and inure to the benefit of the PARTIES hereto and their respective successors and permitted assigns.

19.     <u>Force Majeure</u>.  If either PARTY is delayed or prevented from fulfilling its respective obligations under this Agreement by any cause beyond its reasonable control, then that PARTY will not be liable under this Agreement for that delay or failure.

20.     <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which will be considered an original, but which together will constitute one and the same agreement.

21.     <u>Headings</u>.  The Section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the PARTIES hereto have caused their duly authorized representatives to execute this Agreement as of the day and year indicated above.


**AGREED & ACKNOWLEDGED:**

**CONRAD & ASSOCIATES, LLC**            **PRICARA, UNIT OF ORTHO MCNEIL**


By: _____            By: _____

Name: _____            Name: _____

Title: _____            Title: _____

Date: _____            Date: _____

Confidential                    JAN-MS-00474429