PSJ3

Exhibit 427

Message

| | |
|---|---|
| **From**: | Rosen, Burt [Burt.Rosen@pharma.com] |
| **Sent**: | 8/22/2015 9:09:24 AM |
| **To**: | Must, Alan [Alan.Must@pharma.com]; Giacalone, Robert [/O=CAH/OU=Cardinal Health/cn=Recipients/cn=Robert.Giacalone] |
| **Subject**: | Fwd: Feedback from DEA/DOJ on S. 483 |

FYI. Look forward to talking on Monday Bob.

Begin forwarded message:

> **From:** "Rosen, Burt" <Burt.Rosen@pharma.com>
> **Date:** August 22, 2015 at 5:05:53 AM EDT
> **To:** Tom O'Donnell <TOdonnell@NACDS.org>
> **Cc:** Brian Munroe <munroe.brian@endo.com>
> **Subject: Re: Feedback from DEA/DOJ on S. 483**
>
> Thanks Tom. We would welcome the opportunity. It has always been our goal to find language that is satisfactory to all. We support what you are doing and only want to clarify the "foreseeable" issue raised by counsel.
> Before 10 or after 11 works for me. I have cc Brian from Endo and Pete Mather who is our outside counsel.
> Regards
> Burt
>
>
> On Aug 21, 2015, at 11:11 PM, Tom O'Donnell <TOdonnell@NACDS.org> wrote:
>
>> Burt -
>>
>> I talked to HDMA and I think there is a desire to get everyone on the phone to talk through the proposed language, our thoughts on it and what we are all trying to achieve as an end goal. I think we are looking at getting our counsel on the phone and HDMA would do the same.
>>
>> Would you be available Tuesday for a call? Most of the nacds crowd is at our trade show in Denver so Tuesday looks like the best day for us. Who do you think we be the most appropriate person to reach out to over at Endo?
>>
>> Thanks
>>
>> Tom
>>
>>
>> Tom O'Donnell
>>
>> -------- Original message --------
>> From: "Rosen, Burt" <Burt.Rosen@pharma.com>

Date: 08/20/2015 5:27 PM (GMT-05:00)
To: Tom O'Donnell <TOdonnell@NACDS.org>
Subject: RE: Feedback from DEA/DOJ on S. 483

Thanks Tom. Glad to talk anytime.
All the best
Burt

---

**From:** Tom O'Donnell [mailto:TOdonnell@NACDS.org]
**Sent:** Thursday, August 20, 2015 5:26 PM
**To:** Rosen, Burt
**Subject:** RE: Feedback from DEA/DOJ on S. 483

Burt –

I will get back to you about a potential call. Working through a few channels here and then I'll be back in touch.

Thanks

Tom

---

TOM O'DONNELL
Vice President, Federal Government Affairs
todonnell@nacds.org
P: (703) 837.4216
C: (703) 859.1787
National Association of Chain Drug Stores (NACDS)
1776 Wilson Blvd, Suite 200 Arlington, VA 22209

www.nacds.org
www.facebook.com/NACDS.org
www.twitter.com/@NACDS

---

**From:** Rosen, Burt [mailto:Burt.Rosen@pharma.com]
**Sent:** Wednesday, August 19, 2015 3:43 PM
**To:** Tom O'Donnell; Kevin Nicholson; Mathers, Peter
**Cc:** Carol Kelly
**Subject:** RE: Feedback from DEA/DOJ on S. 483

Maybe we could set up a call.
For us the way "imminent danger" was defined, the "forseeable risk" language was troubling. Mainly because we all can forsee adverse risks and diversion but cannot do anything to prevent it if out of our direct control.
Would you like to schedule a call? I am cc Pete Mather who is our outside counsel.
Many thanks
Burt

---

**From:** Tom O'Donnell [mailto:TOdonnell@NACDS.org]
**Sent:** Wednesday, August 19, 2015 3:33 PM
**To:** Rosen, Burt; Kevin Nicholson

CONFIDENTIAL
CAH_MDL2804_02471085

**Cc:** Carol Kelly
**Subject:** RE: Feedback from DEA/DOJ on S. 483

Burt —

Just looked at it and its going to be a huge problem for us. It appears to us that this more or less codifies DEA's current approach to immediate suspensions rather than provide a clear standard for its use. I would think you all would have many of the same issues here. Would love to hear your thoughts on this.

Tom

---

TOM O'DONNELL
Vice President, Federal Government Affairs
todonnell@nacds.org
P: (703) 837.4216
C: (703) 859.1787
National Association of Chain Drug Stores (NACDS)
1776 Wilson Blvd. Suite 200 Arlington, VA 22209

www.nacds.org
www.facebook.com/NACDS.org
www.twitter.com/@NACDS

---

**From:** Rosen, Burt [mailto:Burt.Rosen@pharma.com]
**Sent:** Wednesday, August 19, 2015 3:26 PM
**To:** Tom O'Donnell; Kevin Nicholson
**Subject:** FW: Feedback from DEA/DOJ on S. 483

Tom and Kevin,
Have you reviewed the new language? And is NACDS ok with this recommended change?
If so, we would like to have all of us join in together and try to get the bill passed.
Many thanks
Burt

(o) 202-508-0750
(c) 202-494-0437

---

**From:** Rosen, Burt
**Sent:** Wednesday, August 19, 2015 3:24 PM
**To:** Jewelyn Wellborn Cosgrove; aducca@hdmanet.org
**Subject:** FW: Feedback from DEA/DOJ on S. 483

Hi Jewelyn and Anita,
I know Jewelyn is out on maternity leave. Hope all is going well for you.
The Senate Committee has gotten back with the suggested changes coming from DEA.
Purdue and the other companies seem to be fine with this suggested change.
Have you reviewed it, and is it acceptable to you and your constituency? If so, let's move forward together and if not, can it be tweaked further?

CONFIDENTIAL
CAH_MDL2804_02471086

Also Anita, who will be reviewing if Jewelyn is out of touch?
Glad to discuss with you or others.
Many thanks
Burt

(o) 202-508-0750
(c) 202-494-0437

**From:** Richardson, Matthew (Hatch) [mailto:Matthew_Richardson@hatch.senate.gov]
**Sent:** Tuesday, August 18, 2015 4:03 PM
**To:** Chris Bowlin <cbowlin@caphillgrp.com>
**Cc:** Bates, Christopher (Judiciary-Rep) <Christopher_Bates@judiciary-rep.senate.gov>; Quint, Lara (Judiciary-Dem) <Lara_Quint@judiciary-dem.senate.gov>
**Subject:** Feedback from DEA/DOJ on S. 483

Hello, Chris,

We've connected with DEA and DOJ on the suggested edits to the definition of "imminent danger" in S. 483. Let me sum up their concerns as they told us on the phone. They expressed a concern it would be possible for our language to be read such that DEA would be restricted to taking action only where the registrant was the one doing the diversion/improper dispensing. They would like the language to be clear that if a registrant is not the one actually diverting the controlled substance but does know of specific diversion happening down the chain, DEA would be able to take action against the registrant. They do not want to restrict their ability to use immediate suspension orders as a tool where appropriate.

Based on our conversation on what we intend to accomplish with this part of the bill, they have suggested an alternative to the definition of imminent danger in (B)(2). It would read:

DEA Proposed:
"In this subsection, the phrase 'Imminent danger to the public health or safety' means that, due to the failure of the registrant to maintain effective controls against diversion or otherwise comply with the obligations of a registrant under this subchapter or subchapter II of this title, there is a substantial likelihood of an immediate threat that controlled substances will be diverted for use other than legitimate medical, scientific, or industrial purposes."

"Effective controls" would be the same standard found in 21 USC 823 (b), (d), (e), and (f). "Legitimate medical, scientific, or industrial purposes" is similar to the phrase "medical, scientific, or other legitimate needs" found in 21 USC 952.

Existing:

"(2) In this subsection, the phrase 'imminent danger to the public health or safety' means that, in the absence of an immediate suspension order, controlled substances will continue to be distributed or dispensed by a registrant who knows or should know through fulfilling the obligations of the registrant under this Act—

"(A) the dispensing is outside the usual course of professional practice;

"(B) the distribution or dispensing poses a present or foreseeable risk of adverse health consequences or death due to the abuse or misuse of the controlled substances; or

"(C) the controlled substances will continue to be diverted outside of legitimate distribution channels.".

We would appreciate your feedback on this proposed edit!  Please don't hesitate to reach out with questions or issues.

Best,
~Matthew

*Matthew Richardson*

Legislative Assistant
Office of Senator Orrin G. Hatch
(P) 202.224.5251
(F) 202.224.6331