# PSJ3
# Exhibit 549

IN THE CIRCUIT COURT OF PUTNAM COUNTY
WEST VIRGINIA

--------------------------------x

MICHAEL MC CALLISTER, WILLIAM DUFFIELD, and WILLIAM PETE JONES, II, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs. Civil Action No. 01-C-238

Date: August 27, 2004

PURDUE PHARMA L.P., a Delaware corporation, et al.,

Defendants.

--------------------------------x

DEPOSITION OF KATHLEEN FOLEY, M.D.

The deposition of Kathleen Foley, M.D. was taken on August 27, 2004, at the law offices of Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, New York before Susan Wandzilak, Registered Professional Reporter and Notary Public in the State of Connecticut.

DEL VECCHIO REPORTING SERVICES, LLC
PROFESSIONAL SHORTHAND REPORTERS
117 RANDI DRIVE
MADISON, CONNECTICUT 06443

MADISON, CT 06443 HARTFORD, CT 06106
203-245-9583 800-839-6867



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL.,
CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

A. No, never.

Q. Have you ever been employed by any pharmaceutical company in any capacity?

A. No, I have not.

Q. Have you ever testified by way of deposition or trial testimony prior to today?

A. I think I did and I can't remember the exact details. It was in the eighties and it was a case related to the drug hydromorphone and a discussion of whether it should be available for any company to make. But I don't, you know, I don't remember all the details of it. I am not sure if it was a deposition or just I appeared in court once. And that's all that I can say about it.

Q. And, that was back in the eighties?

A. It was in the eighties, yeah.

Q. Since that time, you can't recall any time when you have actually testified in court or in deposition for any reason?

A. No.

Q. Have you ever been provided any monetary grants or funding from any drug company to do research work or any other work?

A. Yes, I have. I have been on the



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL., CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

speakers bureaus of various drug companies over the years including Purdue and Abbott and Noel and Janssen. And I have -- I have not directly received grants from these companies but my institution has.

Q. Sloan-Kettering?

A. Yes.

Q. And, can you give me an idea of some of the types of grants Sloan-Kettering might receive from drug companies?

A. In the, again, in the early eighties, we were involved in extending a slow release morphine preparation. Subsequent to that, I have not been involved in studying any of their drugs so I have not received them.

Q. You say in the early eighties there was some involvement with slow release morphine?

A. Right.

Q. And, tell me more about that?

A. The -- our particular analgesic group is well-known for studying opiate analgesics and we care for a large number of patients with pain and cancer. And we had a large national cancer institute grant to study these drugs. And so within that framework of a large study group, we



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL.,
CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

A. Yes, I do. I still believe it now.
Q. Then it says psychological, social and economic factors also play a part. Do you see that?
A. Yes.
Q. And, you believed that in 1985; is that correct?
A. That is correct.
Q. And, you believe that today, is that correct?
A. I do, yes.
Q. And, psychological dependence as used in that sentence is synonymous with addiction; is that correct?
A. Yes, that is correct.
Q. I would like to show you another article or paper that I believe that you authored with Russ Portenoy, if you could take a look at that?
A. Um-uh.
Q. This article looks to be around 1985. Is that true?
A. Yes, um-uh.
Q. And, this article is titled chronic use of opioid analgesics in non-malignant pain, a report of 38 cases?



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL.,
CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

A. Right.

MR. HOFFMANN: Excuse me, Mark, you haven't been marking any of these exhibits to the deposition.

MR. COLANTONIO: I haven't.

MR. HOFFMANN: I would like to have them marked. So can we go back and mark the article that she talked to just a minute ago as Exhibit 1 and then this one as 2?

MR. COLANTONIO: We will mark a clean copy up to 47, how's that?

MR. HOFFMANN: That's fine.

(Whereupon, Plaintiff's Exhibits 1 and 2 were marked for identification.)

MR. COLANTONIO: He has about three minutes left on the tape.

MR. HOFFMANN: So why don't we take a break.

MR. COLANTONIO: Yeah, let's do that.

THE VIDEOGRAPHER: Going off the record, 9:25, end of tape number one.

(Whereupon, a brief recess was taken.)

THE VIDEOGRAPHER: Returning to the record, 9:40 a.m., beginning of tape number two.



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL.,
CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

BY MR. COLANTONIO:

Q. If you can look at the article in front of you now, we will mark that as Exhibit 2. That's the -- the title is chronic use of opiate analgesics in non-malignant pain, report of 38 cases. Do you see that?

A. Yes.

Q. And, you were a co-author of that article; is that correct?

A. That is correct.

Q. And, this was back in 1985; is that true?

A. Yes.

Q. This is while you were at Sloan-Kettering; is that right?

A. Right. I have only been at Sloan-Kettering.

Q. That's probably a poor way to phrase the question. If you would look back at page 183, there is a section that talks about guidelines. Do you see that?

A. Yes. Well, guidelines, okay.

Q. Do you see that?

A. Yes.

Q. As I read this, this appears to me to be



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL., CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)

sort of a summary of guidelines that were proposed by you for the use of opioid maintenance therapy at that time. Is that a fair reading of that or --

A. Well, this is a paper of individual cases in which we then said we were proposing how you might think about developing guidelines, you know. I don't think two doctors can develop guidelines, necessarily.

Q. But, you were proposing some guidelines, I presume?

A. That is correct, yes.

Q. Based upon your experience with patients?

A. That is correct.

Q. All right; the first sentence under guidelines says, opioid maintenance therapy should be considered only after all reasonable attempts at pain control have failed and persistent pain is the major impediment to improve function?

A. Um-uh.

Q. And, that was true in 1985. That was your thought in 1985; is that true?

A. That was what we thought in 1985.



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
IN COMMONWEALTH OF KENTUCKY, EX REL. JACK CONWAY, ATTORNEY GENERAL v. PURDUE PHARMA L.P., ET AL., CIVIL ACTION NO. 07-CI-OI 303 (PIKE COUNTY CIRCUIT COURT)