# EXHIBIT 39


1701 Pennsylvania Avenue, NW  
Suite 700  
Washington, District of Columbia 20006-5805  
202.372.9600  
Fax 202.372.9599  
www.quarles.com

Attorneys at Law in  
Chicago  
Indianapolis  
Madison  
Milwaukee  
Naples  
Phoenix  
Scottsdale  
Tampa  
Tucson  
Washington, D.C.

Writer's Direct Dial: 202.372.9524  
E-Mail: larry.cote@quarles.com

June 1, 2018

Thomas W. Prevoznik  
Diversion Control Division  
Associate Section Chief,  
 Pharmaceutical Investigations Section  
8701 Morrissette Drive  
Springfield, Virginia 22152

Dear Mr. Prevoznik:

This letter responds to your email of May 18, 2018 relating to Cardinal Health. I've copied below the questions posed in your email with answers to the same. We'd like the opportunity to meet with DEA to discuss this matter in greater detail following your review of the information below.

> 1. Identify the time period or time periods during which the above noted reporting failures occurred.

The vast majority occurred during the time period 2012-2015. Only 23 have occurred since January 1, 2017. None of the orders from any time period shipped.

> 2. Identify with as much specificity as possible the number of orders your client failed to report, broken down by Cardinal registration number(s) by calendar year. If you have orders for which your client cannot provide the requested information, please provide the most specific approximation that you can, as well as an explanation of how you arrived at this approximation.

Of 220,488 controlled substances orders that exceeded our internal threshold limits and were not cleared to ship from May 2012 to January 2017, 206,360 were reported to DEA as suspicious. That leaves 14,128 instances where orders exceeded our internal threshold limits and were not cleared to ship but were not reported to DEA. None of the 14,128 orders shipped. Many of the 14,128 orders exceed internal threshold limits related to Cardinal Health's use of sub-base codes as an additional basis for suspicious order reporting, an issue we'd like to discuss in more detail with DEA at the appropriate time.

Thomas W. Prevoznik
June 1, 2018
Page 2

The breakdown of orders by Cardinal Health DEA registration number is as follows:

| DC DEA # | DC Name | DC Address | Orders |
|---|---|---|---|
| RK0416900 | Kinray | 152-35 10TH AVENUE WHITESTONE, NY 11357 | 908 |
| RW0191813 | Seattle | 801 C STREET NW, SUITE B AUBURN, WA 98001 | 227 |
| RW0269654 | Swedesboro | 1120 COMMERCE BLVD SWEDESBORO, NJ 8085 | 1160 |
| RW0191419 | Salt Lake City | 955 WEST 3100 SOUTH SOUTH SALT LAKE CITY, UT 84119 | 356 |
| RC0221236 | Jackson | 1240 GLUCKSTADT ROAD MADISON, MS 39110 | 2009 |
| RW0263056 | Phoenix | 600 N 83RD AVE TOLLESON, AZ 85353 | 1093 |
| RC0501014 | Memphis | 5960 E. SHELBY DRIVE STE 100 MEMPHIS, TN 38141 | 266 |
| RC0229965 | SPS - LaVergne | SERVICES 15 INGRAM BLVD LA VERGNE, TN 37086 | 3 |
| RO0153609 | Wheeling | 71 MIL-ACRES DR WHEELING, WV 26003 | 887 |
| RC0333524 | Houston | 13651 DUBLIN CT STAFFORD, TX 77477 | 114 |
| RW0243725 | Hudson | 2901 ENLOE ST HUDSON, WI 54016 | 15 |
| RW0243903 | Greensboro | 4 CARDINAL HEALTH CT. GREENSBORO, NC 27407 | 541 |
| RW0283452 | St. Louis | 2840 ELM POINT INDUSTRIAL DR. ST CHARLES, MO 63301 | 514 |
| RD0108200 | Boston | 11 CENTENNIAL DRIVE PEABODY, MA 1960 | 197 |
| RW0236009 | Sacramento | 3238 DWIGHT RD ELK GROVE, CA 95758 | 784 |
| PC0003044 | Syracuse | 6012 EAST MOLLOY RD SYRACUSE, NY 13211 | 223 |
| RW0279996 | Dallas | 851 HENRIETTA CREEK ROAD ROANOKE, TX 76262 | 303 |
| RC0238104 | Knoxville | 2512 WESTCOTT BLVD KNOXVILLE, TN 37931 | 1166 |
| RP0337370 | ParMed | 4220 HYDE PARK BLVD NIAGARA FALLS, NY 14305 | 44 |

CONFIDENTIAL

Thomas W. Prevoznik
June 1, 2018
Page 3

| DC DEA # | DC Name | DC Address | Orders |
|---|---|---|---|
| RW0231908 | Aurora | 2353 PROSPECT DR<br>AURORA, IL 60502 | 712 |
| RW0191926 | Kansas City | 7601 N.E. GARDNER AVENUE<br>KANSAS CITY, MO 64120 | 158 |
| RB0374683 | Puerto Rico | CENTRO INTERNACIONAL DE<br>DISTRIBUCION CARR 165 KM 2.4<br>EDIFICIO 10 LOCAL A<br>GUAYNABO, PR 965 | 215 |
| RC0182080 | Lakeland | 2045 INTERSTATE DRIVE<br>LAKELAND, FL 33805 | 217 |
| RW0216449 | Valencia | 27680 AVENUE MENTRY<br>VALENCIA, CA 91355 | 1767 |
| RW0263549 | Denver | 4875 FLORENCE STREET<br>DENVER, CO 80238 | 249 |

3. How was Cardinal able to successfully submit some suspicious orders reported to DEA during this period while these were not?

Based on the figures identified above, Cardinal Health's system has been overwhelmingly successful in properly reporting to DEA orders that exceeded our internal threshold levels and were not shipped. The inadvertently unreported orders represent only a small percentage. And most importantly, even when reporting errors occurred, the orders were not shipped.

4. Are these non-reported SORS in addition to the non-reported SORS that were part of the December 2016 Settlement Agreement? If so, how were these SORS missed by Cardinal's system, but yet Cardinal nonetheless "blocked" them from being shipped as you claim?

As part of the 2016 Settlement Agreement, DEA did not provide Cardinal Health with a comprehensive list of the orders upon which DEA allegations were based. Thus, we cannot definitely answer this question. The covered conduct and scope of the release in the Settlement Agreement speak for themselves. Even though these 14,128 orders were not reported to DEA, they nevertheless did not ship because the error occurred in the system responsible for reporting out to DEA unshipped orders that are potentially suspicious; there was no error in the system that is responsible for blocking the orders from shipping once they are identified as "suspicious".

CONFIDENTIAL
CAH_MDL2804_02101805

Thomas W. Prevoznik
June 1, 2018
Page 4

     5.     Please identify, with as much specificity and detail as possible, any and all failure(s) that occurred in Cardinal Health's due diligence system that led to the above-noted reporting failures.

Cardinal Health does not believe there was inadequate due diligence on its customers. Cardinal Health's anti-diversion program incorporates knowledge of its customers (what we believe you are referring to as "due diligence") into its robust anti-diversion program. Cardinal Health has provided extensive presentations to DEA on its anti-diversion program and received no indication that its program was inadequate. In relation to the unreported orders, Cardinal Health's anti-diversion program functioned properly: orders that exceeded Cardinal Health's internal threshold limits were flagged, evaluated by the anti-diversion team, and blocked from shipment. Unfortunately, notwithstanding these effective anti-diversion efforts, issues arose in two environments within Cardinal Health's information technology system that prevented the automated reporting of the overwhelming majority of the unreported orders described above. But, as noted, the orders did not ship.

     6.     What, in Cardinal's view, was the root cause or cause of these failures? In your response, please note whether any failures/deficiencies are attributable to Cardinal's due diligence operations specific to a given registration or registration, or, instead, whether any failures/deficiencies are attributable to Cardinal's due diligence operation as a whole.

After Cardinal Health identified the orders as in excess of Cardinal Health's internally established thresholds and blocked them from shipping, our anti-diversion team flagged them in our suspicious order monitoring system to be reported to DEA. Unfortunately, anomalies arose in Cardinal Health's IT system that prevented these particular unshipped orders from being reported to DEA, even though hundreds of thousands of other unshipped orders were reported. Cardinal Health has remediated the IT issues.

     7.     What steps has Cardinal Health taken to ensure that such a failure does not occur in the future, and when were those steps taken?

The IT anomaly responsible for the vast majority of unshipped but unreported orders was remediated through a system upgrade in 2015. Further IT enhancements have been made since that time, and Cardinal Health believes that all IT issues have been appropriately addressed. Cardinal Health is also implementing enhanced procedures to better prevent such instances going forward.

CONFIDENTIAL

Thomas W. Prevoznik
June 1, 2018
Page 5

        8.      Given your representation that most of the unreported orders were from the 2012-2015 time frame, why, in April 2018, did your client "recently become aware" of these orders?

Cardinal Health became aware of the issue in 2018 as a result of data pulls for production to state attorneys general.

Cardinal Health is prepared to transmit data regarding these orders, as requested. Please provide information on how to access to the portal link referenced in your email.

Cardinal Health takes very seriously its obligations under the Controlled Substances Act. It has continually enhanced its suspicious order reporting system and will remain vigilant in doing so. I reiterate our request to meet with DEA to discuss these matters.

                                  Very truly yours,

                                  QUARLES & BRADY LLP

                                  Larry P. Cote

LCOTE:mlg

CONFIDENTIAL                                                                             CAH_MDL2804_02101807