# EXHIBIT 173

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (CMO NO. 2)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document related to:<br><br>*Track One Cases.* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**CVS'S WRITTEN RESPONSES TO TOPICS 8, 9, 12, 13, AND 14 OF PLAINTIFFS' AMENDED SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

Defendants CVS Indiana, L.L.C. and CVS Rx Services, Inc. ("CVS") provide below their written responses to Topics 8, 9, 12, 13, and 14 of Plaintiffs' Amended Second Notice of Deposition Pursuant to Rule 30(b)(6).

**OBJECTIONS**

CVS makes these responses subject to and without waiving its General Objections, Objections to Plaintiffs' Assertions of CVS's Duty to Prepare, Objections to Definitions, Objections to the Relevant Time Period, and specific Objections to Topics 8, 9, 12, 13, and 14 set forth in CVS's July 25, 2018 Objections to Plaintiffs' Amended Second Rule 30(b)(6) Notice.

**WRITTEN RESPONSES**

8. **The source and type of data known to be available to You and that You obtained about pharmacies in CT1 jurisdictions from internal sources or external sources (e.g., IMS Health, QuintilesIMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, PRA Health Science, Value Centric and/or data miner vendor) related to Your distribution of HCPs and/or investigation of potentially suspicious orders of HCPs. (As redrafted in Dan Goetz's October 22, 2018 Letter to Eric Delinsky and Paul Hynes.)**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (CMO NO. 2)**

shipment, which may or may not reflect the price CVS paid for the items at the time it purchased them from a manufacturer or wholesaler.

The "price of … resale" for items distributed from CVS to CVS retail pharmacies is the same as the price that a manufacturer or wholesaler would charge CVS for the item at the time it was shipped to a CVS retail pharmacy. Money does not change hands between CVS and a CVS retail pharmacy to which it ships items. The transaction is reflected in a book entry in the mainframe.

**14.    Each suspicious order You received between January 1, 1995 to the present arising out of the CT1 jurisdictions and whether each was declined, shipped and/or reported as well as the due diligence performed arising out of each suspicious order reported to the DEA.**

The only opioids within Discovery Ruling Nos. 2 and 3 that CVS distributed were hydrocodone combination products (HCPs). CVS only distributed HCPs to CVS pharmacies, and CVS only did so during the time when DEA classified HCPs as Schedule III controlled substances. CVS therefore has not distributed HCPs since September 2014.

To date, CVS has not located information indicating that it identified a suspicious order for an HCP arising out of the Track One jurisdictions during the relevant time period.

When CVS determines that an order for a controlled substance is suspicious, its policy is and has been to decline to ship the order and to report the order to the DEA.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (CMO NO. 2)**

| | |
|---|---|
| Dated:  November 15, 2018 | Respectfully submitted, |

<div style="margin-left:3in">

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
202-778-1800
202-822-8106 (fax)
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com

*Counsel for CVS Indiana, L.L.C., and CVS Rx Services, Inc.*

</div>