# **EXHIBIT 179**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*The County of Summit, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 18-op-45090<br><br>*The County of Cuyahoga, Ohio*, et al. *v. Purdue Pharma L.P.*, et al., Case No. 17-op-45004 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### DECLARATION OF PAUL B. HYNES, JR.

Pursuant to 28 U.S.C. § 1746, I, Paul B. Hynes, Jr., hereby declare as follows:

1. I am a Partner in the Washington, D.C. office of Zuckerman Spaeder LLP, counsel for CVS Indiana, L.L.C. and CVS Rx Services, Inc. (together, "CVS") in the above-captioned cases. I submit this declaration in support of CVS's Opposition to Plaintiffs' Motion for Partial Summary Adjudication.

2. Plaintiffs contend that a "[r]eview of the IRR Recap Reports shows that few orders actually received additional investigation" beyond an examination of the IRR.[1] The IRR Recap Reports cited by Plaintiffs contain data from January 2011 to June 2012, February 2013 to December 2013, and January 2014 to February 2014. According to those reports, 5,431 orders received additional investigation during that 30-month period.

3. Plaintiffs allege that "for one half of the country over a period covering twelve days ranging from June 14, 2012 to September 6, 2012, CVS investigated a total of seven control

---
[1] ECF 1910-1 at 125.

substance orders."[2] Plaintiffs cite an exhibit created by one of its attorneys during a deposition but do not attach it to their summary judgment papers.[3] The exhibit concerns time sheets prepared by one of CVS's SOM analysts (the "Analyst") that addressed, among other things, his review of Item Review Reports ("IRRs") dated June 14, 15, 17, and 19, 2012; July 3, 4, 6, 8, 11, and 17, 2012; August 21, 2012; and September 6, 2012.

4. For the IRRs in June, July, and August 2012, documents show that the Analyst reviewed orders for five of CVS's eleven distribution centers: the distribution centers in Chemung, New York; Ennis, Texas; Indianapolis, Indiana; Lumberton, New Jersey; and Paterson, California.[4] These IRRs did not contain any hydrocodone combination product orders for the five distribution centers.[5] CVS had two SOM analysts during this period of time.[6]

5. For the IRR dated September 6, 2012, documents show that the Analyst reviewed orders for all of CVS's distribution centers.[7] That IRR, however, did not contain any hydrocodone combination product orders for any distribution center.[8]

---

[2] ECF 1910-1 at 125.

[3] A. Burtner Deposition, Ex. 500.

[4] A. Burtner Deposition Tr. 329:22-330:5; CVS-MDLT1-000109874, 123534, 123596, 123622, 123660, 123706, 123734, 123810, 123912, 124012, 124142, 127120, 127517.

[5] CVS-MDLT1-000123536, 123598, 123624, 123662, 123690, 123708, 123736, 123812, 123828, 123843, 123861, 123914, 123971, 124014, 127122, 127519.

[6] A. Burtner Deposition Tr. 76:6-17, 265:19-266:7, Jan. 17, 2019.

[7] CVS-MDLT1-000123487.

[8] CVS-MDLT1-000123488, 123512, 123520.

2

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 29th day of July, 2019.

Paul B. Hynes, Jr.
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800

3