# EXHIBIT 190

Confidential – Subject to Protective Order

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: *Track One Cases* | ) ) ) ) ) | Case No. 1:17-md-2804 Judge Dan A. Polster |

**HBC SERVICE COMPANY'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO HBC SERVICE COMPANY**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant HBC Service Company ("HBC") serves these Supplemental Answers to Plaintiffs' First Set of Interrogatories.

**RESERVATION OF RIGHTS**

1. HBC's investigation and discovery are ongoing as to all matters referred to in these Answers. HBC's Answers reflect its investigation to date. HBC reserves the right to modify and supplement its Answers as appropriate.

2. These Answers are provided without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to these Interrogatories and Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Interrogatories; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

3. The information and documents provided in response to these Interrogatories are for use in this litigation and for no other purpose. Any production of documents will be subject to the Protective Order (Dkt. No. 441).

A1321932.15

1

Confidential – Subject to Protective Order

Schedule II Opioids, as defined above, they utilized internal reporting provided by a warehouse management system. Giant Eagle also analyzed Pharmacy Business Intelligence ("PBI") data provided by IQVIA and its predecessors. HBC has produced all of its analyses of the data it obtained from the PBI database at HBC_MDL00133247-HBC_MDL00133626.

**Interrogatory No. 7:** Please identify all pharmaceutical industry associations or organizations that provided education, information, services or had any involvement with the use, safety, efficacy, production, marketing, sale, dispensing or distribution of Opioid and/or Opioid Products that You are or were a member of, or to which You provided financial or other support, from 1995 to present. Additionally, identify what if any positions Your employees, officers or directors have held with any such organization from January 1, 1995 to present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response. HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional. HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases. HBC also objects to the terms "other organizations," "education," "information," "services," "any involvement," and "any support" as overly broad, vague, and ambiguous. HBC further objects to the terms "Opioid" and "Opioid Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases. HBC interprets the terms "Opioid" and "Opioid Products" to mean the Schedule II Opioids as defined above. HBC objects to the time period of 1995 to the present as overly broad, unduly burdensome, not proportional, not relevant to any claim or defense in the Track One cases, and inapplicable to HBC, which was not licensed as a distributor of controlled substances until October 2009 (and per its DEA Registration, was always strictly limited to Schedule III, IIIN, IV, and V controlled substances); did not distribute any relevant Schedule III opioids (i.e. those that were later reclassified as Schedule II) until November 2009; stopped distributing relevant Schedule III

Confidential – Subject to Protective Order

opioids in October 2014; and stopped distributing all opioid products in January 2016.  To the extent HBC provides a response to this Interrogatory, its response relates only to the Subject Period.

Subject to and without waiving the foregoing objections, HBC responds that though it distributed Schedule III opioids that were reclassified as Schedule II opioids in 2014, it only distributed such opioids during the period that they were classified as Schedule III opioids.  HBC further responds that neither HBC nor GERXDC is or was a member of any pharmaceutical industry associations or organizations.  During the Subject Period, Giant Eagle has been a member of the National Association of Chain Drug Stores, the National Council for Prescription Drug Programs, the Pennsylvania Association of Chain Drug Stores, and the Ohio Retail Merchant Association.

**Interrogatory No. 8:**  Please identify any Customer, including any Defendant in this case, to whom You provided (by sale or otherwise) data regarding the distribution and/or dispensing of Opioids or Opioid Products, and describe in detail the data You provided and the date that You provided the data.  Plaintiffs limit this request to the state of Ohio from January 1, 1995 to present.

**SUPPLEMENTAL RESPONSE:**

HBC incorporates its General Objections and Objections to the Definitions and Instructions in their entirety into this response.  HBC objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional.  HBC also objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in the Track One cases.  HBC further objects to the terms "Opioids" and "Opioids Products" as vague and ambiguous, overly broad, unduly burdensome, not proportional, and not relevant to any claim or defense in the Track One cases.  HBC interprets the terms "Opioids" and "Opioid Products" to mean the Schedule II Opioids as defined above.  HBC further object to this Interrogatory because it seeks Customer histories and trends for the entire state of Ohio, rather Cuyahoga County, Ohio and Summit County,

A1321932.15    21