NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0426n.06

No. 19-3682

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 15, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION.<br>_____<br><br>AMERISOURCEBERGEN DRUG CORPORATION; MCKESSON CORPORATION,<br><br>Petitioners. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO<br><br><br><br>O R D E R |

**BEFORE:** GUY, CLAY, and GRIFFIN, Circuit Judges.

After this Court issued our Opinion vacating the district court's Protective Order in Case Nos. 18-3839/3860, but before the mandate issued in that appeal, the district court ordered that "the Protective Order is hereby lifted as to ARCOS data dated on or before December 31, 2012." (Case No. 1:17-md-02804-DAP, R. 1845, Page ID# 57487–88.)  Two of the "Opioid Distributor" Defendants involved in the multidistrict litigation filed an Emergency Petition for Writ of Mandamus asking this Court to order the district court to vacate its order and to "take no further action to implement this Court's decision" until the mandate issues.  (Petition at 1.)

This matter initially came before us as an appeal by Intervenors HD Media Company, LLC and The W.P. Company, LLC, d/b/a the Washington Post, of the district court's Opinion and Order rejecting Intervenors' arguments that the court's Protective Order was unsupported by good cause. We agreed with Intervenors that the Protective Order was not supported by good cause and accordingly vacated the Protective Order and remanded the case to permit the district court to consider entering a modified order in an Opinion dated June 20, 2019.  The Opinion also vacated

No. 19-3682, *In re Nat'l Prescription Opiate Litig.*

the district court's orders permitting the filing of court records under seal or with redactions and remanded the case for the district court to consider entering modified orders.[1]

After receiving the Emergency Petition for Writ of Mandamus, this Court invited the district court to respond to the Petition pursuant to Federal Rule of Appellate Procedure 21(b)(4), which the district court did in a letter dated August 8, 2019.  On August 12, 2019, Petitioners moved this Court for leave to file a Reply to the district court's letter and tendered the Reply that they wished to file.  We **GRANT** Petitioners' Motion for Leave to File Reply in Support of Emergency Petition for Writ of Mandamus; however, for the reasons below, we **DENY** the Emergency Petition for Writ of Mandamus.

This Court has emphasized that "[t]he writ of mandamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes'" and that "[m]andamus should issue only in 'exceptional circumstances' involving a 'judicial usurpation of power' or a 'clear abuse of discretion.'"  *In re United States*, 817 F.3d 953, 959–60 (6th Cir. 2016) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)).

Petitioners have not demonstrated the sort of "exceptional circumstances" that would justify our use of this "drastic and extraordinary remedy."  *Id.* (quoting *Cheney*, 542 U.S. at 380). In its letter, the district court assured this Court that it would not further modify the Protective Order to release more information before the mandate issues, and that "[t]here is no danger that the media (or any other entity not already authorized under the existing Protective Order) will obtain additional, newer ARCOS data before the Sixth Circuit issues its mandate."  (Letter at 2.) These assurances from the district court remove the threat of a "judicial usurpation of power" in this case.  *In re United States*, 817 F.3d at 960 (quoting *Cheney*, 542 U.S. at 380).  To the extent

---

[1] Judge Guy concurred in the decision to vacate the district court's orders concerning the filing of court records under seal or with redactions but dissented from the decision to vacate the Protective Order.

No. 19-3682, *In re Nat'l Prescription Opiate Litig.*

Petitioners argue that the district court's assurances are not entitled to our respect because the district court has been deceptive or duplicitous in promising not to release information before changing course and doing so (*see* Reply at 2), this is a very serious allegation and we find no merit in it.

Petitioners have also failed to demonstrate that the district court's modification of the Protective Order constituted a "clear abuse of discretion" that would justify the use of mandamus. *In re United States*, 817 F.3d at 960 (quoting *Cheney*, 542 U.S. at 380). As the district court notes in its letter, there is a general presumption that a district court possesses "substantial latitude in deciding whether to modify protective orders." (Letter at 2 (quoting 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed.).) The district court's order modifying the Protective Order did not purport to implement this Court's June 20, 2019 Opinion, and because the only issue on appeal before this Court in Case Nos. 18-3839/3860 was whether the district court's Protective Order was *permissible*—not whether the Protective Order was *required*—it does not appear that any disposition of the appeal would have left the district court unable to modify its Protective Order. Petitioners have therefore failed to demonstrate that the district court's action constituted a "clear abuse of discretion." *In re United States*, 817 F.3d at 960 (quoting *Cheney*, 542 U.S. at 380).

In sum, Petitioners have not shown "exceptional circumstances" that would warrant our use of the "drastic and extraordinary remedy" of mandamus in this case. *Id.* at 959–60 (quoting *Cheney*, 542 U.S. at 380). Accordingly, we **GRANT** the Motion for Leave to File Reply in Support of Emergency Motion for Writ of Mandamus but **DENY** the Emergency Petition for Writ of Mandamus.

IT IS SO ORDERED.

No. 19-3682, *In re Nat'l Prescription Opiate Litig.*

                                          ENTERED BY ORDER OF THE COURT

                                          Deborah S. Hunt, Clerk