# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Dan Aaron Polster |
| *Track One Cases* ) | |
| ) | ***NUNC PRO TUNC*** |
| ) | **OPINION AND ORDER**[1] |

Before the Court is *Track One* Plaintiffs' Motion to Sever Defendants and to Extend the Deadline to Respond to Noramco, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment ("Severance Motion"). **Doc. #: 2099**. Plaintiffs ask the Court to sever several Defendants[2] and to extend the deadline for responding to Noramco's Motion for Judgment on the Pleadings, etc. ("MSJ") **Doc. #: 1902**. The Court issued an order directing any defendant opposing this motion to file a response by August 7, 2019 and directing Plaintiffs to file a reply by August 9, 2019. Various *Track One* Defendants filed response briefs objecting to the proposed severance. *See* Doc. #: 2141 (Noramco); Doc. #: 2142 (the Proposed Severed Defendants other than Noramco); Doc. #: 2143 (Distributors); Doc. #: 2144 (Manufacturers); and Doc. #: 2145 (Walgreens). *Track One* Plaintiffs filed a reply. Doc. #: 2158. *Track One* Plaintiffs' also filed a separate motion to sever two CVS entities.[3] ("CVS Motion") **Doc. #: 2148**. Walgreens

---

[1] This *nunc pro tunc* order is issued to correct a party name. "Rite Aid Corporation" has been replaced with "Rite Aid of Maryland, Inc."
[2] Anda, Inc.; Discount Drug Mart, Inc.; HBC Service Company; H.D. Smith, LLC; Noramco, Inc.; Prescription Supply, Inc.; Rite Aid of Maryland, Inc.; and Walmart Inc. f/k/a Wal-Mart Stores, Inc.
[3] CVS Indiana, L.L.C. and CVS RX Services, Inc. Collectively herein, Anda, Inc.; Discount Drug Mart, Inc.; HBC Service Company; H.D. Smith, LLC; Prescription Supply, Inc.; Rite Aid of Maryland, Inc.; Walmart Inc. f/k/a Wal-

also filed a response brief objecting to Plaintiffs' CVS Motion. Doc. #: 2160 (reiterating the same arguments). Having carefully considered the parties' briefs, the Court **GRANTS-IN-PART** Plaintiffs' Severance Motion and **GRANTS** Plaintiffs' CVS Motion.

Rule 21 of the Federal Rules of Civil Procedure permits the district court broad discretion in determining whether or not claims or actions should be severed. *See Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citations omitted). *See also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (upholding severance decision where "the district court plainly had sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable").

> Courts consider a number of factors when determining whether to sever claims, including:
> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted;
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman.*, 896 F.3d at 733 (citing *Productive MD, LLC v. Aetna Health, Inc.*, 969 F.Supp.2d 901, 940 (M.D. Tenn. 2013)).

At the same time, "the whole purpose of bellwether litigation . . . is to enable other litigants to learn from the experience and reassess their tactics and strategy (and, hopefully, settle)." *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1208 (10th Cir. 2016) (citing Eldon E. Fallon, Jeremy T. Grabill and Robert Pitard Wynne, Bellwether Trials in Multidistrict Litig., 82 Tul. L. Rev. 2323 (2008)); *see also In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 204 F.Supp.3d 962, 968 (S.D. Ohio 2016) (bellwether cases were

---

Mart Stores, Inc.; CVS Indiana, L.L.C.; CVS RX Services, Inc.; and Noramco, Inc. are referred to as "Severed Defendants."

specifically chosen for the purpose of "information gathering that would facilitate valuation of cases to assist in global settlement.")

The Court, having reviewed the briefs and the record and considering all parties' positions, concludes that severance will serve to 1) simplify the October trial and make it administratively manageable, 2) facilitate judicial economy and preserve judicial resources, and 3) encourage and assist in reaching a global resolution. Having fewer defendants in the first bellwether trial will allow Plaintiffs to provide a more coherent presentation of the specific issues involved in the opioid crisis. Severing these defendants will allow the Court to focus its attention on the Parties' remaining summary judgment and *Daubert* motions. This in turn will undoubtedly help facilitate settlement with the remaining defendants in the remaining cases.

The Court also notes that while the Court was considering Plaintiffs' Severance Motion, Defendants filed a motion entitled "Defendants' Motion for Additional Trial Time and for *Timely Election by Plaintiffs of Claims and Defendants* They Seek to Pursue at Trial" where they assert that ""[m]aterially narrowing claims and parties is essential as a matter of simple pretrial logistics," Doc. #: 2133 at 8 (emphasis added). As Plaintiffs note, Defendants' opposition is "both ironic and somewhat baffling." Doc. #: 2158 at 2.

Accordingly, the Court **GRANTS** *Track One* Plaintiffs' motions to sever the claims against Defendants Anda, Inc., Discount Drug Mart, Inc., HBC Service Company, H.D. Smith, LLC, Prescription Supply, Inc., Rite Aid of Maryland, Inc., Walmart Inc. f/k/a Wal-Mart Stores, Inc., CVS Indiana, L.L.C., and CVS RX Services, Inc. The claims against these defendants will be tried in a subsequent trial with a date to be determined. Any currently pending summary judgment motion filed by any of these defendants will be addressed by the Court prior to trial.

Noramco, however, is unique among the defendants in that it alone is not a manufacturer, distributor, or retail pharmacy seller of prescription opioids. Rather, it is a supplier of the active pharmaceutical ingredient used in the manufacture of prescription opioid drugs. Plaintiffs' Severance Motion appears to imply that were the Court to extend or stay the deadline for Plaintiffs to respond to Noramco's MSJ, that Plaintiffs would be able to take more discovery of Noramco. *See* Doc. #: 2099 at 4-5 ("because discovery against Noramco has been limited, Plaintiffs should not have to respond to Noramco's Motion . . . until after discovery is complete."). To the extent discovery has been limited, it was limited because Plaintiffs made a tactical decision not to pursue discovery against Noramco. *Track One* discovery is complete, and Plaintiffs' choice not to pursue discovery against Noramco is one they will have to live with. For these reasons, the Court concludes that including Noramco in the subsequent trial while allowing or even attempting to allow Plaintiffs' to seek additional discovery would unnecessarily delay a subsequent trial. This would be manifestly unfair to both Noramco and the other severed defendants.

However, as Plaintiffs point out, Noramco's "presence in a bellwether trial would distract from the trial's primary focus on issues of more general relevance." Doc. #: 2158 at 5. Therefore, although the Court also hereby **GRANTS** *Track One* Plaintiffs' motion to sever the claims against Noramco, it does not intend to include Noramco in the subsequent trial with the other severed defendants. Noramco's MSJ, Doc. #: 1902, is therefore **DENIED AS MOOT**. And, *Track One* Plaintiffs' motion to extend the deadline to respond to Noramco's MSJ is likewise **DENIED AS MOOT**.

Accordingly, *Track One* Plaintiffs' Motion to Sever Defendants and to Extend the Deadline to Respond to Noramco, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, **Doc. #: 2099**, is **GRANTED** with respect to severance of the Severed

Defendants and **DENIED AS MOOT** with respect to extending the deadline to respond to Noramco's MSJ. Plaintiffs' Motion to Sever Defendants CVS Indiana, L.L.C. and CVS RX Services, Inc. is **GRANTED**. Noramco's Motion for Judgment on the Pleadings, etc., **Doc. #: 1902**, is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

                                                **/s/ Dan Aaron Polster** *August 15, 2019*
                                                **DAN AARON POLSTER**
                                                **UNITED STATES DISTRICT JUDGE**