UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090<br><br>*The County of Cuyahoga, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**EXHIBIT A**
**SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF THOMAS McGUIRE CONCERNING DAMAGES**

**SUMMARY SHEET FOR REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF THOMAS McGUIRE CONCERNING DAMAGES**

Plaintiffs' Opposition fails to grapple with the central flaw of their damages expert's opinion. Thomas McGuire does not consider whether Defendants' conduct caused the Counties to spend a single dollar more on opioid-related public services. He does not consider whether Defendants caused the Counties to hire one more person or pay a single additional hour of overtime.

McGuire's damages opinion does not "fit" the issue of damages under Ohio law. Under settled Ohio law, the government does not suffer an injury—much less incur cognizable damages—when it pays no more than it would have paid absent defendants' alleged misconduct. Plaintiffs mischaracterize Defendants as arguing that the Counties suffer no damages unless their overall expenditures increase. What Ohio law requires Plaintiffs to prove is that Defendants' alleged misconduct caused the Counties to increase spending on some line item in the budget—e.g., hiring a new sheriff's deputy (or paying existing sheriff's deputies overtime) to address opioid-related harms. McGuire's analysis ignores this requirement. Instead, he opines that if existing sheriff's deputies reallocate time to addressing opioid-related harms, that share of their time is "damages," even though the Counties spend no more on the existing deputies' salaries and hire no new deputies to deal with the changed workload. McGuire's "damages" calculations therefore bear no relation to damages under Ohio law.

McGuire's damages opinion does not "fit" the issue of RICO damages. This Court has already held that, under RICO, Plaintiffs "cannot recover ordinary costs of services" and may recover only "costs greatly in excess of the norm." Plaintiffs resist that holding, but the cases they cite are inapposite. Because McGuire cannot point to any increased costs, he offers no opinion that Plaintiffs' costs go beyond the ordinary provision of services, and therefore fails to offer a valid opinion on RICO damages.

McGuire fails to tie damages to Defendants' misconduct.
- As to Manufacturers: Defendants' opening brief argued that McGuire's damages calculations rely on analyses that fail to distinguish between lawful and unlawful manufacturer conduct. Plaintiffs' only response is to say that McGuire can rely on other experts' data and conclusions. But that does not mean McGuire can rely, in calculating damages, on analyses that fail to distinguish between lawful and unlawful conduct.
- As to Distributors and Pharmacy Defendants: Defendants' opening brief also argued that McGuire failed to offer any opinion as to what damages are attributable to the alleged misconduct of the Distributors and Pharmacy Defendants. The Opposition does not appear to contest this point. Instead, it says that McGuire has described how damages "could be" applied to Distributors. But a statement of what "could be" is not a valid expert opinion.

McGuire's opinion is untestable and therefore unreliable. Plaintiffs do not contend that McGuire's methods are testable; instead, they assert they need not be testable. But the Sixth Circuit has said that "the key question" when evaluating the admissibility of a damages expert's opinion "is whether it can be (and has been) tested." McGuire cannot rely solely on his subjective, non-replicable "judgment" in identifying "affected costs." McGuire's failure to provide any objective criteria guiding his determinations requires exclusion of his damages opinion.